CKR LAW LLP
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-8200
Gilbert R. Saydah Jr., Esq.

*Counsel to Bradshaw Westwood Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:                                                          :    Chapter 11
                                                                :
SEARS HOLDINGS CORPORATION, *et al.*,                           :    Case No. 18-23538-rdd
                                                                :    (Jointly Administered)
                        Debtors.                                :
----------------------------------------------------------------x    Re: Docket No. 1774, 2299, 3298

**SUPPLEMENTAL OBJECTION OF BRADSHAW WESTWOOD TRUST TO
(1) DEBTORS' PROPOSED CURE AMOUNT AND POSSIBLE
ASSUMPTION AND ASSIGNMENT OF LEASE, AND (2) NOTICE OF
ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES,
AND SUPPLEMENTAL DEMAND FOR SECURITY PURSUANT TO 11 U.S.C. 365(L)**

Bradshaw Westwood Trust ("Landlord") by and through its undersigned counsel, CKR Law LLP, hereby files this supplemental objection (the "Supplemental Objection") to (1) the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (Docket No. 1774) (the "Cure Notice"), (2) the *Notice Of Assumption And Assignment Of Additional Designatable Leases* (Docket No. 3298) (the "Supplemental Notice"), and makes a supplemental demand for security pursuant to 11 U.S.C. 365(l). In support of this Supplemental Objection, the Landlord respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On January 31, 2019, Landlord filed its *Objection Of Bradshaw Westwood Trust To Debtors' Proposed Cure Amount And Possible Assumption And Assignment Of Lease,*

*And Demand For Security Pursuant To 11 U.S.C. 365(L)* (Docket No. 2299)(the "Cure Objection").[1] As set forth in the Supplemental Notice, Landlord hereby supplements its original Cure Objection and specifies the form of additional security that it is demanding pursuant to section 365(l) of the Bankruptcy Code.

## **OBJECTION**

### I.   THE DEBTORS' PROPOSED CURE AMOUNT IS INCORRECT

2. The Landlord disputes the Debtors' Proposed Cure Amount. The correct and updated cure amount for the Lease is set forth on Exhibit A attached hereto, in the column titled "Landlord Cure Amount," which includes an estimate of attorneys' fees incurred to date and expected to be incurred in connection with a hearing on the proposed cures and assignment of the Lease. A partial breakdown of the calculation of the Landlord Cure Amount is also reflected on Exhibit A. The Landlord reserves the right to amend its cure amount to include additional fees and expenses which continue to accrue and any other obligations that arise, become liquidated, and/or become known to the Landlord prior to assumption or assumption and assignment of the Lease.

3. Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, insurance, and/or other obligations. Prior to assumption of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels*

---

[1] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Cure Objection.

*Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990).

4. Attorneys' fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlord's pecuniary losses, it is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

5. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserves the right to amend the Landlord Cure Amount to reflect such additional amounts or to account for year-end adjustments and other reconciliations, including, without limitation, adjustments for 2017, 2018 and 2019 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease.

## II. THE LEASE MUST BE ASSUMED AND ASSIGNED *CUM ONERE*

6. Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003). As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 175 n.3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. See Douglas

3

> G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach.").

7. The Debtors are not entitled to the benefits and protections of section 365(k) unless the Leases are assumed and assigned *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999). Accordingly, as adequate assurance of future performance under the Lease, the Buyer must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Lease.

8. The Debtors must also be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption or assumption and assignment but which were not known to the Landlord as of the date of the assumption or assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the

Leased Premises or property by the Debtors or their agents, and (iii) environmental damage or clean-up.

9. To cure possible pre-assumption and assignment non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) the Buyer must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Buyer must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlords are joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

10. Additionally, the debtor must either escrow funds to pay the 2019 year-end reconciliation that relates to the period prior to an assignment but would come due after the effective date of assignment of the lease. Alternatively, the proposed purchaser must agree to assume responsibility for all such obligations, regardless of whether they related to the pre- or post-assignment period.

### III. THE PURCHASER MUST DEMONSTRATE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

11. In mid-February 2019, Landlord received from the purchaser its information purporting to demonstrate adequate assurance of future performance. Landlord has reviewed this information, and believes that this information, absent the additional security

demanded herein being provided by the proposed assignee, does not demonstrate adequate assurance of future performance.

12. Having received insufficient demonstration of adequate assurance of future performance, the Landlord objects to any proposed assignment of its Lease.

**IV.  DEMAND FOR SECURITY PURSUANT TO 11 U.S.C. 365(L)**

13. Section 365(l) of the Bankruptcy Code provides, in pertinent part:

> If an unexpired lease under which the debtor is the lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

14. In connection with leasing to a particular tenant (or assessing an assignment of a lease to such tenant), the Landlord may require a security deposit, letter of credit, or guarantee based upon the financial information and history of the proposed tenant. In connection with this proposed assumption and assignment of the Lease to the purchaser, particularly an assignment to a newco in connection with the proposed global sale transaction to a purchaser which essentially operated the Debtors prior to the commencement of these bankruptcy cases, the Landlord hereby demands pursuant to section 365(l) of the Bankruptcy Code a security deposit to be held by the Landlord until the end of the term of the Lease (including any extensions thereof) of $421,419.87, which is equal to nine months of rent and other lease obligations due under the Lease.

## RESERVATION OF RIGHTS

15. The Landlord reserves the right to amend and/or supplement this Objection, including, without limitation, to add or supplement objections to the Debtors' Proposed Cure Amounts, including any future or supplemental cure notices, increase the Landlord Cure Amount, and to raise any additional objections to the potential assumption or assumption and assignment of the Lease.

## JOINDER IN OBJECTIONS OF SIMILARLY SITUATED PARTIES

16. To the extent not inconsistent with this Objection, the Landlord joins in the objections of other landlords and contract counterparties to the Debtors' proposed global sale transaction, assumption or assumption and assignment of leases.

## CONCLUSION

WHEREFORE, the Landlord requests that the Court enter an order: (i) conditioning the assumption or assumption and assignment of the Lease on the Debtors and/or the Buyer promptly paying the Landlord Cure Amount (as it may be amended and increased); (ii) requiring the Debtors or any proposed assignee to continue to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the ordinary course of business; (iii) requiring the proposed assignee to provide security to the Landlord in the amount and form set forth herein, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: May 3, 2019
      New York, New York

**CKR LAW LLP**

*/s/ Gilbert R. Saydah Jr.*
Gilbert R. Saydah Jr.
1330 Avenue of the Americas, 14th Floor
New York, NY  10019
T: (212) 259-7300
F: (212) 259-8200
E: gsaydah@ckrlaw.com

*Counsel to Bradshaw Westwood Trust*

# EXHIBIT A

| Store No. | Store No. | Location | Debtor Counterparty | Contract Title | Contract Expiration Date | Contract Number | Debtors' Cure Amount | **Landlord Cure Amount** |
|---|---|---|---|---|---|---|---|---|
| 378 | 8851 | 349 University Ave. Westwood, MA | Innovel Solutions, Inc. | Master Lease | 01/31/2020 | S8851-48-A | $14,302.28 | **$136,190.11** |

BREAKDOWN OF LANDLORD CURE AMOUNT
(includes obligations due post-petition)

| | |
|---|---|
| Rent Oct. 1 -14 | $ 14,302.28 |
| 2017 Year-End Adjustment | $ 3,321.82 |
| 2018 Year-End Adjustment | $ 8,635.36 |
| 2019 Year-End Adjustment | $ TBD* |
| Utilities (through mid-Dec. 2018) | $ 15,552.87 |
| January expense shortfall | $ 1,131.02 |
| Insurance Due 1/25/19 | $ 6,637.00 |
| February expense shortfall | $ 1,131.02 |
| Insurance Due 2/25/19 | $ 17,791.81 |
| March expense shortfall | $ 1,131.02 |
| Utilities (mid-Dec. 2018 through mid-Feb. 2019) | $ 2,515.28 |
| Utilities (mid-Feb. 2019 (through mid-March 2019) | $ 2,380.73 |
| April expense shortfall | $ 1,131.02 |
| Utilities (mid-March 2019 (through mid-April 2019) | $ 1,204.45 |
| May rent and expenses | $ 46,824.43 |
| Attorney Fees Estimate | $ 12,500.00** |
| **Landlord Cure Amount** | **$ 136,190.11**** |

\*   An amount sufficient to cover the 2019 year-end reconciliation (to be determined, but not less than $10,000) must be escrowed by the debtors to assure payment in 2020, or the entire obligation must be assumed by assignee (regardless of whether the payment relates to the pre-assignment period).

\*\*   Subject to increase

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Supplemental Objection Of Bradshaw Westwood Trust To (1) Debtors' Proposed Cure Amount And Possible Assumption And Assignment Of Lease, And (2) Notice Of Assumption And Assignment Of Additional Designatable Leases, And Supplemental Demand For Security Pursuant To 11 U.S.C. 365(L)* has been filed and served on May 3, 2019 upon all parties requesting service via ECF notification.

/s/ Gilbert R. Saydah Jr.
Gilbert R. Saydah Jr.
1330 Avenue of the Americas, 14th Floor
New York, NY  10019
T: (212) 259-7300
F: (212) 259-8200
E: gsaydah@ckrlaw.com

*Counsel to Bradshaw Westwood Trust*