Law Office of Thomas A. Farinella, P.C.
*Attorney for Stockton Mariposa LLC*
260 Madison Avenue, Suite 8090
New York, New York 10016
(917) 319-8579
Thomas A. Farinella

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et. al., | Case No. 18-23538-rdd |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------X

**STOCKTON MARIPOSA, LLC'S SUPPLEMENTAL OBJECTION
AND RESERVATION OF RIGHTS TO NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTIONOF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Stockton Mariposa, LLC, LLC ("Landlord"), through counsel, hereby submits this supplemental objection and reservation of rights (the "Objection") to the Debtors' Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Cure Notice"), and respectfully represents as follows:

**I.    BACKROUND FACTS**

1. On October 15, 2018, the above captioned Sears Holding Corporation, and its affiliated co-debtors (collectively the "Debtors") filed a petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On January 18, 2019, the Debtors filed their Cure Notice [Docket No. 1731] ("Cure Notice"). Per the Cure Notice, the Debtors indicated the contracts and leases to be potentially assumed and assigned and the corresponding cure costs associated with each. The amount set forth

in the Cure Notice does not reflect all outstanding balances owing to the Landlord under the Lease, and the proposed amount does not include accrued but unbilled charges which may be due in the future under the Lease.

3.  On January 26, 2019, Stockton Mariposa, LLC timely filed its Objection of to Proposed Cure Amount and Potential Assumption and Assignment of Unexpired Lease in Connection with Global Sale Transaction (ECF No. 1903) ("the Original Objection").

4.  On February 8, 2019, the Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief (the "Sale Order") [Docket No. 2507] was entered by the Court, approving the sale to the Buyer.

5.  On April 19, 2019, the Buyer filed its Notice of Assumption and Assignment of Additional Designatable Leases (the "Second Cure Notice") [Docket No. 3298], in which the Landlord was identified at Line No. 213 of Exhibit A, and pursuant to which the Buyer listed the cure amount as N/A despite Landlords timely objection.

6.  Pursuant to the Designation Notice, the Cure amount is N/A and requires this Revised Objection to be filed by May 3, 2019, at 11:30 a.m. This Revised Objection is therefore timely filed.

## II. OBJECTION
### A. The Legal Standard For Assumption of a Lease

7.      In order to assume a Lease, Section 365(b)(1) of the Bankruptcy Code, requires a debtor to cure, or provide adequate assurance of a prompt cure, all outstanding defaults under any lease. 11 U.S.C. § 365(b)(1).  Moreover, a lease must be assumed in its entirety. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits.").

8.      Pursuant to Section 365(f)(2) of the Bankruptcy Code, a lease is only assignable if it has been assumed in accordance with Section 365(b)(1) and the moving party has provided "adequate assurance of future performance" with respect to leases. In assessing adequate assurance of future performance, "the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met." *In re Embers 86th Street, Inc.,* 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995). In performing this analysis, courts "look for evidence of profitability . . . a plan that would earmark money exclusively for the landlord...or the willingness of debtor or debtor's assignee to fund the cure payments." *Id*.

9.      The Debtors and/or proposed assignee bear the burden on adequate assurance issues. 11 U.S.C. § 365(b)(1)(C), (f)(2); *In re Bygaph, Inc.*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) ("[T]he lessor must be given adequate assurance of future performance so that it will be protected from having to take on the burden of a tenant who may be likely to default on his lease obligations . . . "); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991).

**B. The Debtors Have Failed to Provide for an Adequate Cure or for Adequate Assurance of Performance of the Terms of the Lease**

10.     Here, despite repeated requests from the Landlord to both the Debtors and the Buyer for cure and/or adequate assurance of cure, neither the Debtors nor the Buyer have provided any cure or adequate assurance for both pre-petition and post-petition rent and taxes, inter alia.

11.     The Proposed Cure Amounts asserted by the Debtors are inaccurate and fail to include, without limitation: (i) maintenance costs; (ii) proof that real estate taxes have been paid current; (iii) proof that the Property is adequately insured; (iv) the Debtors have abandoned the property and it has accrued multiple violations (See Exhibit A); and (iv) attorneys' fees. Attorneys' fees have increased since the time of the First Objection and are currently in the approximate amount of $20,000, and they continue to increase as a direct result of the Buyer's failure to substantively respond to any cure issues or to provide appropriate adequate assurance.

12.     Section 14 of the Lease provides that "Tenant, , shall keep the premises in good state of repair."

13.     This Property is in disrepair and the owner has incurred cost to employ private security. The structures on the Property are boarded up and appear to be in dangerous condition. The Property is a magnet for the homeless, and the Landlord is concerned that the structures on the Property may constitute a safety hazard, as well as potentially a fire hazard. The Lease permits the lessee to use the property for any "lawful purpose", but it appears that the Debtors – and now the Buyer – have permitted the Property to fall into such disrepair that there The City Stockton has pursued code enforcement remedies for the abandoned Property, which could include obtaining a

contractor to remediate the property and to bill the Stockton Mariposa, LLS if the Property (the Landlord), for costs and fees. *See* Exhibit A.

14. Photographs recently taken of the Property demonstrate that the location has been closed and has fallen into serious disrepair as a consequence of the Debtors' neglect.

15. Stockton objects to the Revised Proposed Cure Amount. As an initial matter, the Revised Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Revised Proposed Cure Amount. The current estimate of the costs of repairing and correcting the maintenance items on the property including the roof is approximately $1,000,000,00.

16. Further, Landlord objects to Revised Proposed Cure Amount as it does not provide for a cure of Tenant's non-rent-related defaults under the Lease (collectively, the "Non-Rent Default"), as discussed above and as in the filed proof of claim.

## Reservation of Rights and Joinder

17. The filing of this objection is not a waiver of any of Stockton's rights to seek administrative expense treatment of the current defaults and to seek additional amounts for damages if the Lease is ultimately rejected.

18.   The Landlord reserves any and all rights to supplement or amend this Objection and expressly reserve the right to object to any additional relief sought by the Debtors in connection with the Leases.

19.   The Landlord joins in any objections filed by the Debtors' other landlords with respect to the Cure Notice to the extent that such objections are not inconsistent with this Objection.

20.   To the extent that rent, attorneys' fee or other charges continue to accrue either before or after a potential assignment, or Landlord suffers other pecuniary losses under its Lease, Landlord reserves its right to amend its cure amounts for such amounts or for any other reasons.

21. Landlord reserves all rights to contest the assumption and assignment of its Lease.

WHEREFORE, Landlord respectfully requests that the Court deny the relief requested in the Cure Notice as to the Lease in accordance with this Objection and grant the Landlord any additional and further relief the Courts deems just and proper

Dated:  New York, New York
        May 3, 2019, 2019

**Law Office of Thomas A. Farinella**
*Attorney Stockton Mariposa, LLC*

By:    */s/ Thomas A. Farinella*
       Thomas A. Farinella, Esq.
       260 Madison Avenue, Suite 8090
       New York, New York 10016
       (917) 319-8579

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, a copy of the foregoing CURE COSTS AND ADEQUATE ASSURANCE OBJECTION OF STOCKTON MARIPOSA, LLC TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION was served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures (Docket No. 405) and the Order Approving Global Bidding Procedures (Docket No. 816) on the following parties: (i) all parties listed on the Master Service List maintained by the Debtors' claims and noticing agent; (ii) all parties entitled to receive electronic service in these cases through the Court's CM/ECF System; and (iii) the Objection Recipients.

/s/ Thomas A. Farinella
Thomas A. Farinella, Esq.