Darrell W. Clark, Esq.
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Email: darrell.clark@stinson.com
Tel: 202-785-9100
Fax: 202-572-9991

*Counsel for the Subsidiaries of Verizon Communications Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Joint Administration Requested) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CELLCO COMMUNICATIONS D/B/A VERIZON WIRELESS TO SEVENTH SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Cellco Communications d/b/a Verizon Wireless ("Verizon Wireless") by and through its undersigned counsel submits this Limited Objection and Reservation of Rights ("**Objection**") to the *Seventh Supplemental Notice of Cure Costs and Potential Assumption and Assignment of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

CORE/0048629.1078/152323743.1

*Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* ("**Seventh Notice**")[Docket No. 3330] and respectfully states as follows:

1.  This Objection pertains to the Verizon Wireless National Account Agreement including certain amendments ("Agreement") by and between certain debtor entites[2] and Verizon Wireless.

2.  Verizon Wireless Objects to the Seventh Notice for two primary reasons. First, the cure amount listed in the Seventh Notice is incorrect, as it fails to include all amounts due post-petition. Second, in order to provide for clear terms of agreement on services to be provided, Verizon Wireless needs the assignee to execute an amendment to the Account Agreement in addition to the boiler plate form used in other assignments in this case.

3.  As noted above, the Seventh Notice states an incorrect cure amount for the Agreement. The correct cure amount for the Agreement through April 25, 2019 is approximately $480,000, but the Seventh Notice mistakenly identifies the cure amount as $116,376.42. In addition, because Verizon Wireless bills its customers, in part, in arrears, some third party services take several weeks to bill. Consequently, the total amount due (the "Correct Cure Amount") will not be known until the Debtors' June billing cycle. The Correct Cure Amount must be paid by or before the effective date of any assignment.

**Cure Objection**

4.  Pursuant to section 365(b)(1) of the Bankruptcy Code, the potential assumption and assignment of the Agreement may not be consummated unless all defaults under the Agreement have been cured as of the effective date of the assignment. The Debtor must also assume and assign

---

[2] The Seventh Supplemental Notice indicates that the debtor counterparty is Sears Holdings Management Corporation.

the Leases in their entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.").

5. Here, the Debtor and/or the ultimate assignee of the Agreement must satisfy the entire Correct Cure Amount, plus any other amounts which accrue under the Agreement after April 25, 2019, in addition to any other yet to be discovered amounts which may be due and owing under the Agreement.

6. Importantly, Verizon Wireless does not dispute the prepetition amounts due, it is simply that the proposed cure of $116,376.42 would not satisfy the post-petition past due and other amounts that are expected to be due and required to be paid as of the effective date.

**Additional Objections**

7. The second objection is one that likely could have been worked out between the parties had the objection deadline not run. Verizon Wireless appreciates that the Debtors and Transform have arrived upon a uniform and streamlined approach to address thousands of executory agreements. Likewise, Verizon Wireless, as an entity that boasts 117.9 million wireless connections,[3] requires a uniform and streamlined approach to meet the needs of its substantial customer base. Verizon Wireless simply requires the assignee to sign certain supplemental agreement(s) as part of the assignment process. That requirement is not designed to change terms

---

[3] SEC Form 10-Q, Quarterly Report, April 26, 2019.

of service to the Debtors or the assignee, it is merely intended maintain the scope and terms of services previously provided while allowing for cure in a separate agreement consistent with Transform's desire for an amendment addressing future payment terms. To date, Transform has been understandably focused on keeping its processes as streamlined as possible.

### Objection is Late

8.    It is noted herein that this Limited Objection was due on May 1, 2019 and not on May 3, 2019. The 48 hour delay here, however, should be deemed excusable. The undersigned has been communicating with Transform as counsel for Verizon Wireless since April 24, 2019. Despite being known as counsel for Verizon, no one sent a copy of the Seventh Supplemental Notice to counsel. And, when asked for a copy of the notices used in the case for cure, a notice with a May 3 deadline was sent to counsel. Communications were made with Transform on April 24, 26, 29, 30, and May 2. In no email or telephone call was the May 1 deadline mentioned.

9.    For these reasons, Transform has been on notice of Verizon's concerns since April 24, 2019.

### Reservation of Rights

10.    Verizon reserves all of its right, remedies, claims and causes of action under the Agreement to make other objections as may be appropriate and reserves the right to supplement, amend or revise this Objection.

CORE/0048629.1078/152323743.1

**WHEREFORE**, Verizon Wireless requests that this Court (i) sustain this Objection, and (ii) grant Verizon Wireless such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

Dated: May 3, 2019                    /s/ Darrell W. Clark
                                      Darrell W. Clark, Esq.
                                      STINSON LLP
                                      1775 Pennsylvania Ave., NW, Suite 800
                                      Washington, DC 20006
                                      Email: darrell.clark@stinson.com
                                      Tel: 202-785-9100
                                      Fax: 202-572-9991

                                      *Counsel for the Subsidiaries of*
                                      *Verizon Communications Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify, pursuant to 28 U.S.C. §1746, that on May 3, 2019, I caused a true and correct copy of the foregoing Cure Objection to be sent to each persons named on the attached Service List, by email (unless otherwise stated).

Dated:  May 3, 2019

/s/ Darrell W. Clark
Darrell W. Clark, Esq.
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Email: darrell.clark@stinson.com
Tel: 202-785-9100
Fax: 202-572-9991

*Counsel for the Subsidiaries of
Verizon Communications Inc.*

CORE/0048629.1078/152323743.1

# SERVICE LIST

I. Bid Notice Parties

    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com

    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil.com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq. garrett.fail@weil.com
        Sunny Singh, Esq.: sunny.singh@weil.com

    c. Debtors' investment banker: project.blue.rx@lazard.com

II. Buyer Parties

    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com

    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com

III. Consultation Parties

    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Elberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com

    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimard@choate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

    c. Committee
        Ira S. Dizengoff, Esq.: idizengoff@akingump.com
        Philip C. Dublin, Esq.: pdublin@akingump.com
        Abid Qureshi, Esq.: aqureshi@akingunw.com
        Sara L. Brauner, Esq.: sbrauner@kingump.com

**[CONTINUED ON NEXT PAGE]**

**[CONTINUED FROM PREVIOUS PAGE]**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
*Via First Class Mail*

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179
*Via First Class Mail*

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153
*Via First Class Mail*

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006
*Via First Class Mail*

CORE/0048629.1078/152323743.1