Benesch, Friedlander, Coplan & Aronoff LLP
39 Broadway, 25th Floor
New York, New York 10006
(302) 442-7010
Michael J. Barrie (No. 5057450)
Kevin M. Capuzzi (admitted pro hac vice)

*Counsel for MIDAMCO*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: <br><br> SEARS HOLDINGS CORPORATION, *et al.*, <br><br> Debtors. | CHAPTER 11 <br><br> CASE NO. 18-23538-RDD <br><br> **(Jointly Administered)** |

**OBJECTION AND RESERVATION OF RIGHTS OF MIDAMCO TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES (DOCKET NO. 3298)**

MIDAMCO, an Ohio limited partnership ("Ground Lessor"), the owner of certain real property identified herein leased to debtor Sears, Roebuck and Co., one of the debtors herein (the "Debtor" and together with the other debtors herein, collectively, the "Debtors") pursuant to a Ground Lease dated December 3, 1998 (as supplemented and amended, the "Ground Lease"), by its undersigned counsel, hereby objects (this "Objection") to the *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298) filed on April 19, 2019 (the "Designation Notice") by Transform Holdco LLC (the "Buyer").

In support of this Objection, the Ground Lessor respectfully states as follows:

**PRELIMINARY STATEMENT**

Pursuant to the Ground Lease, the Ground Lessor leases a parcel of real property to Debtor located in the City of Piqua, Ohio (the "Premises") and constituting part of a shopping

center, that is improved by a retail store building (the "Building") owned and formerly operated by Debtor. In early January 2019, Debtor ceased operating the Building, which has remained closed and virtually vacant.

By means of the Designation Notice issued pursuant to prior orders of this Court, Buyer purports to effect the Debtor's assignment of the Ground Lease to an affiliate of Buyer "free and clear" of Restrictive Covenants (as defined in the Designation Notice). Such Restrictive Covenants would purportedly include the Debtor's covenant and obligation under the Ground Lease to continuously operate a retail department store on the Premises (Section 12 of the Ground Lease).

Such an assignment purportedly free and clear of Restrictive Covenants violates Sections 365(b)(3). 365(b)(3)(C) and 365(f)(2) of the Bankruptcy Code. Any Court authorized assignment of the Ground Lease to Buyer (or its affiliate) cannot modify the explicit business and other terms and conditions of the Ground Lease or the Ground Lessor's rights under the explicit terms of the Ground Lease. Any such assignment of the Ground Lease must specifically order that Buyer (and its assignee) continue to be bound by all existing terms and conditions of the Ground Lease, including specifically the Restrictive Covenants. Moreover, given that the Ground Lease is a lease of real property that is part of a shopping center, any assignment of the Ground Lease must, under Section 365(b)(3)(C) of the Bankruptcy Code, require that such an assignment is subject to all provisions of the Ground Lease, including the Restrictive Covenants. In particular, the Ground Lease's operating covenant. Anything less does not satisfy the

12294984 v1

requirement that Debtor and Buyer (or its assignee) provide the Ground Lessor adequate assurance of Buyer's (or its assignee's) future performance of the Ground Lease.

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. The Ground Lessor is the owner of real property Premises, as identified in the unexpired Ground Lease, a copy of which is annexed as Exhibit A, which Premises is improved by the Building in which Debtor holds an ownership interest and which was formerly operated as one of Debtors' retail department stores.

3. The Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code.

4. On February 8, 2019, this Court entered its *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith (and) (IV) Granting Related Relief* (Docket No. 2507) which, among other things, approved the Sale (the "Sale Order"). In Paragraph 3 of the Sale Order, all assumption and assignment objections to non-Initial Assigned Agreements, including the Sale Objection, were continued and the rights of objecting parties were fully reserved. Based on information and belief, the Sale closed on February 11, 2019.

5. On April 2, 2019, this Court entered its *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (Docket

3

No. 3008) (the "Assumption and Assignment Order"). The Assumption and Assignment Order established procedures for, among other things, assuming and assigning leases and contracts to Buyer. As provided in paragraph 26 of the Assumption and Assignment Order:

> "To the extent that the Debtors or any other party seek to assume and assign any real estate leases to which a Debtor is a party free and clear of any interests, covenants, or rights applicable to such real estate assets that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "Restrictive Covenants"), *the applicable Designated Lease Notice shall describe the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish* and any non- Debtor counterparty to a restrictive covenant will have fourteen (14) calendar days from the filing and service of the Designated Lease Notice to file and serve an objection thereto…."

6. On April 19, 2019, Buyer filed its Designation Notice, which schedules the Ground Lease associated with the Building for assumption and assignment to Buyer's affiliate, Transform Leaseco LLC (the "Assignee").

7. Furthermore, paragraph 18 of the Designation Notice provides:

> "In accordance with paragraph 59 of the Sale Order and paragraph 26 of the Assumption and Assignment Order, Buyer intends to designate the Additional Designatable Leases for assumption and assignment free and clear of any interests, covenants, or rights applicable to such real estate leases to the extent the same limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "Restrictive Covenants") that are executory and do not run with the land. Counterparties to the Additional Designatable Leases shall file and serve any objections with respect to the immediately preceding sentence (a "Restrictive Covenant Objection") in accordance with Amended Case Management Procedures so as to be filed and received no later than the Objection Deadline.

4

## OBJECTION AND RESERVATION OF RIGHTS

8.  The Designation Notice purports to assign the Ground Lease to Assignee "free and clear" of Restrictive Covenants.  The Ground Lessor hereby Objects to such purported assignment free and clear of Restrictive Covenants contained in the Ground Lease, inasmuch as any such purported assignment violates Sections 365(b)(3) and 365(f)(2) of the Bankruptcy Code.  Any authorized assignment of the Ground Lease to Assignee must not obviate the Ground Lessor's rights under the Ground Lease, and specifically must require that Assignee continue to be bound by all terms and conditions of the Ground Lease, including specifically the Restrictive Covenants contained in the Ground Lease.  Such a requirement is the only means by which the Ground Lessor can be provided must adequate assurance of Assignee's future performance under the Ground Lease.

9.  The Ground Lessor reserves its rights to supplement this Revised Objection at or prior to the hearing on the Objection.

## NOTICE

Notice of this Objection will be provided via electronic mail to: (i) the Debtors, c/o Sears Holdings Corporation, Attn: Rob Riecker (rob.riecker@searshc.com), Luke Valentino (luke.valentino@searshc.com), and Mohsin Meghji (mmeghji@miiipartners.com); (ii) counsel to the Debtors, Weil Gotshal & Manges, Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com), Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com), Garrett A. Fail, Esq. (garrett.fail@weil.com), and Sunny Singh, Esq. (sunny.singh@weil.com); (iii) the Debtors' investment banker, Lazard Frères & Co., LLC, Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com); (iv) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Paul D. Leake, Esq. (Paul.Leake@skadden.com), Shana A. Elberg,

12294984 v1

Esq. (Shana.Elberg@skadden.com), and George R. Howard, Esq. (George.Howard@skadden.com); (v) counsel to Wells Fargo Bank, National Association, Choate, Hall and Stewart LLP, Attn: Kevin J. Simard (ksimard@choate.com), Jonathan D. Marshall (jmarshall@choate.com); (vi) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, Attn: Philip C. Dublin, Esq. (pdublin@akingump.com), Ira Dizengoff, Esq. (idizengoff@akingump.com), Abid Qureshi (aqureshi@akingump.com) and Sara Lynne Brauner, Esq. (sbrauner@akingump.com); (vii) counsel to Buyer, Cleary, Gottlieb, Steen & Hamilton, Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com), James L. Bromley (jbromley@cgsh.com), Andrew Weaver (aweaver@cgsh.com), Rahul Mukhi (rmukhi@cgsh.com), and Jennifer Kennedy Park (jkpark@cgsh.com).

WHEREFORE, the Ground Lessor respectfully requests that: (i) the assumption and assignment of the Ground Lease to Buyer's Assignee be subject to all terms and conditions thereof, (ii) such assignment be conditioned upon Buyer and Assignee being bound by and required to comply with all Restrictive Covenants contained in the Ground Lease, (iii) Buyer and Assignee provide adequate assurance of future performance of the Ground Lease terms; and (iv) the Court grant the Ground Lessor such other and further relief as the Court deems just and proper.

Dated: May 3, 2019

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:    */s/ Michael J. Barrie*
     Michael J. Barrie (No. 5057450)
     Kevin M. Capuzzi (admitted *pro hac vice*)
     39 Broadway, 25th Floor
     New York, NY 10006
     (302) 442-7010
     mbarrie@beneschlaw.com
     kcapuzzi@beneschlaw.com

*Counsel for MIDAMCO*

12294984 v1