IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDINGS CORPORATION,** *et al.***,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF URBAN EDGE PROPERTIES LP FOR LEAVE TO FILE UNDER SEAL URBAN EDGE PROPERTIES LP'S OBJECTION AND SUPPORTING DECLARATION TO TRANSFORM HOLDCO LLC'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Upon the motion, dated May 3, 2019 (the "Sealing Motion") of Urban Edge Properties LP ("Urban Edge") for entry of an order (this "Order") authorizing Urban Edge to file the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration under seal and to file on the docket of this case redacted versions of such documents as disclosed to the Court; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that this is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in that the redacted information comprises commercial information properly protected under 11 U.S.C. § 107(b)(1); and no additional notice being required under Fed. R. Bankr. P. 9018,

IT IS HEREBY ORDERED THAT:

    1.    The Sealing Motion is granted as set forth herein.

    2.    Urban Edge is authorized to (a) file the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration under seal (the "Sealed Documents"), by providing them to the Clerk's Office at 300 Quarropas Street, White Plains, New York in an enveloped marked "TO BE FILED UNDER SEAL" along with a copy of this Order, and (b) to file the redacted versions thereof on the public docket of this case; provided, that Urban Edge redact only the Confidential Buyer Information, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

    3.    Except upon further order of the Court after notice to Urban Edge, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the Consent of the Buyer, with the exception that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, and (c) any other party as may be ordered by the Court or agreed to by the Buyer, in each case under appropriate confidentiality agreements reasonably satisfactory to the Buyer. Each party to whom disclosure is made shall keep the Sealed Documents confidential subject to further order of the Court.

    4.    Urban Edge is authorized to take all actions necessary to effectuate the ruling set

forth in this Order.

5.   This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6.   Counsel for Urban Edge shall contact the Clerk's Office regarding the return or destruction of the Sealed Documents within 10 days after resolution of the Objection.  Upon Urban Edge's failure to do so, the Clerk of the Court is authorized to destroy the Sealed Documents.

7.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 3, 2019
       White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE