# <u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | | |
|---|---|---|---|---|
| ☐ Sears Holdings Corporation (18-23538) | ☐ Kmart Corporation (18-23549) | ☐ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☐ MyGofer LLC (18-23573) | ☐ Kmart.com LLC (18-23585) |
| ☐ Sears, Roebuck and Co. (18-23537) | ☐ MaxServ, Inc. (18-23550) | ☐ SYW Relay LLC (18-23562) | ☐ Sears Brands Business Unit Corporation (18-23574) | ☐ Sears Brands Management Corporation (18-23586) |
| ☐ Kmart Holding Corporation (18-23539) | ☐ Private Brands, Ltd. (18-23551) | ☐ Wally Labs LLC (18-23563) | ☐ Sears Holdings Publishing Company, LLC (18-23575) | ☐ SHC Licensed Business LLC (18-23616) |
| ☐ Kmart Operations LLC (18-23540) | ☐ Sears Development Co. (18-23552) | ☐ Big Beaver of Florida Development, LLC (18-23564) | ☐ Kmart of Michigan, Inc. (18-23576) | ☐ SHC Promotions LLC (18-23630) |
| ☐ Sears Operations LLC (18-23541) | ☐ Sears Holdings Management Corporation (18-23553) | ☐ California Builder Appliances, Inc. (18-23565) | ☐ SHC Desert Springs, LLC (18-23577) | ☐ SRe Holding Corporation (19-22301) |
| ☐ ServiceLive, Inc. (18-23542) | ☐ Sears Home & Business Franchises, Inc. (18-23554) | ☐ Florida Builder Appliances, Inc. (18-23566) | ☐ SOE, Inc. (18-23578) | |
| ☐ A&E Factory Service, LLC (18-23543) | ☐ Sears Home Improvement Products, Inc. (18-23555) | ☐ KBL Holding Inc. (18-23567) | ☐ StarWest, LLC (18-23579) | |
| ☐ A&E Home Delivery, LLC (18-23544) | ☐ Sears Insurance Services, L.L.C. (18-23556) | ☐ KLC, Inc. (18-23568) | ☐ STI Merchandising, Inc. (18-23580) | |
| ☐ A&E Lawn & Garden, LLC (18-23545) | ☐ Sears Procurement Services, Inc. (18-23557) | ☐ Sears Protection Company (Florida), L.L.C. (18-23581) | ☐ Troy Coolidge No. 13, LLC (18-23581) | |
| ☐ A&E Signature Service, LLC (18-23546) | ☐ Sears Protection Company (18-23558) | ☐ Kmart of Washington LLC (18-23570) | ☐ BlueLight.com, Inc. (18-23582) | |
| ☐ FBA Holdings Inc. (18-23547) | ☐ Sears Protection Company (PR) Inc. (18-23559) | ☐ Kmart Stores of Illinois LLC (18-23571) | ☐ Sears Brands, L.L.C. (18-23583) | |
| ☒ Innovel Solutions, Inc. (18-23548) | ☐ Sears Roebuck Acceptance Corp. (18-23560) | ☐ Kmart Stores of Texas LLC (18-23572) | ☐ Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim

**04/16**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Icon Owner Pool 1 SF Non-Business Parks, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Contact phone (212) 972-3000 | Contact phone (312) 940-5300 |
| Contact email ssouthard@klestadt.com | Contact email kkohn@glprop.com |

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____  Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

**Claim Number: 16162**

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:    9    0    8    3

---

**7. How much is the claim?**    $ 9,456.93                    . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:    Security Deposit

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $

**Amount of the claim that is secured:**    $

**Amount of the claim that is unsecured:**    $                    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.**    $

---

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes. Identify the property:    Security Deposit

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.

$_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**

$_____

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Lauren C. Kiss*
Lauren C. Kiss (Apr 9, 2019)

**Email:** lkiss@klestadt.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Lauren C. Kiss | | |
| | First name | Middle name | Last name |
| Title | Attorney for claimant (and agent) | | |
| Company | Klestadt Winters Jureller Southard & Stevens, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 200 West 41st Street, 17th Floor | | |
| | Number    Street | | |
| | New York | NY | 10036 |
| | City | State | ZIP Code |
| Contact phone | (212) 972-3000 | Email | lkiss@klestadt.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **have supporting documentation.**
  **(attach below)**          ☐ **do <u>not</u> have supporting documentation.**

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                      12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                    :
                                                         :        Chapter 11
                                                         :
SEARS HOLDINGS CORPORATION, *et al.*,   :
                                                         :        Case No. 18-23538 (RDD)
                          Debtors.                       :
                                                         :        (Jointly Administered)
                                                         :
------------------------------------------------------------x

## RIDER TO PROOF OF CLAIM

Icon Owner Pool 1 SF Non-Business Parks, LLC (the "Claimant"), creditor of Innovel

Solutions, Inc. (the "Debtor") hereby files its proof of claim (the "Proof of Claim") in the above-

captioned jointly administered Chapter 11 cases (the "Chapter 11 Case").

1. **Amount of Claim**.  As of the Petition Date (defined herein), no amount was then

outstanding and unpaid to Claimant by the Debtor.  As of the date of this filing, Claimant asserts

a claim (the "Claim") against the Debtor of not less than $9,456.93, plus interest, costs and fees.

2. **Basis of Claim**. The Claimant is landlord for the property located at 521 Stone Road,

Benicia, California (the "Premises") which the Debtor occupied pursuant to certain lease

agreements, as amended and extended, with term ending August 31, 2021 (the "Lease").  The

Claimant is successor in interest under the Lease to Walton CWCA Benicia Warehouse 21, L.L.C.,

which entity was successor in interest to CalWest Industrial Holdings, LLC, which entity was

successor in interest to Spieker Properties, L.P. A copy of the Fifth Amendment to Lease between

the Debtor and Claimant is annexed hereto as **Exhibit A**.

3. The Debtor and other affiliates (collectively, the "Debtors") filed bankruptcy cases on

October 15, 2018 (the "Petition Date").  On November 19, 2018, the Court entered the *Order

Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816), which

1

contemplated a process for the assumption of executory contracts and unexpired leases.  On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (ECF No. 1730), stating that Transform Holdco, LLC, established by ESL Investments, LLC (the "Purchaser"), was the successful bidder for the Global Assets (as defined therein).  On January 18, 2019, the Debtors also filed *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*  (ECF No. 1731) (the "Initial Notice") and on January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*  (ECF No. 1774) (the "Supplemental Notice" and together with the Initial Notice, the "Assumption Notice"), which lists a number of purported executory contracts and leases that the Debtors claim are subject to possible assumption and assignment to the Purchaser in connection with the sale.  On January 31, 2019, Claimant filed a limited objection to the Assumption Notice (ECF No. 2288).

4.  As of the date of this filing, the Claimant has not yet been provided with formal notice concerning whether the Lease will be assumed and assigned to Purchaser pursuant to section 365 of the Bankruptcy Code.

5.  For the avoidance of doubt, this Claim is subject to further adjustment until the Debtor determines whether to assume or reject the Lease and/or surrenders possession of the Premises. Claimant asserts an unliquidated claim for, among other things, potential damages to the Premises that may have been caused by the Debtor during the term of the Lease.

6.  After applying all credits and offsets, Claimant believes that $9,456.93 is presently due on account of unpaid Combined Operating RET Expenses under the Lease as a result of 2018 year end reconciliation.

7.   Copies of all the applicable documents, including agreements, invoices and calculations supporting this Claim are voluminous and are not attached hereto, but are believed to be in possession of the Debtor and are otherwise available from the Claimant upon reasonable request.

8.   **Priority and Security**.  Claimant is holding a security deposit in the amount of $75,412.24 (the "Security Deposit") associated with this Lease.  As such, the Claim is secured by the Security Deposit and Claimant is entitled to use the Security Deposit pursuant to the terms of the Lease and applicable law.  In addition, the Claimant believes that some or all of the Claim may be entitled to treatment as an administrative expense in the Chapter 11 Case under section 503(b) of the Bankruptcy Code and reserves all rights in this regard.

9.   **Reservation of Rights/Amendments**. Claimant reserves the right to withdraw, amend, clarify, modify, or supplement this Claim to assert additional claims or additional grounds for its Claim.  Claimant also reserves all rights accruing to it against the Debtor and its estate, and the filing of this Claim is not intended to be and shall not be construed as (a) an election of remedy; (b) a waiver or limitation of any rights of Claimant; or (c) a waiver or release of any rights of Claimant in any person or property in which Claimant has an interest including any interest held in constructive trust in favor of Claimant.  In addition, Claimant reserves the right to supplement this Claim with relevant documents to the extent necessary.  Furthermore, Claimant expressly reserves all rights to modify the descriptions and/or increase the amount of its Claim as set forth herein.  Claimant expressly reserves all rights to assert any claims accruing after the Petition Date, including without limitation, claims for interest, costs and fees.  Claimant further reserves all rights to assert any claims to the extent the same are presently unidentifiable.  The Claim asserted herein against the Debtor shall in no way limit any other claims possessed by the Claimant against any entity, including the Debtor.

3

10. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver of any right to arbitrate; (b) a waiver or release of Claimant's rights against any person, entity, or property; (c) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (d) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in the Chapter 11 Case against or otherwise involving Claimant; or (h) an election of remedies.

11. In executing and filing this Proof of Claim, Claimant does not submit to the jurisdiction of the Court for any purpose other than with respect to this Claim against the Debtor and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, its assignee, guarantor or otherwise.

# **Exhibit A**

## FIFTH AMENDMENT TO LEASE

THIS FIFTH AMENDMENT TO LEASE (this "**Amendment**") is made this *25th* day of May, 2018, by and between ICON OWNER POOL 1 SF NON-BUSINESS PARKS, LLC, a Delaware limited liability company ("**Landlord**"), and INNOVEL SOLUTIONS, INC., a Delaware corporation ("**Tenant**").

## WITNESSETH:

WHEREAS, Landlord (successor in interest to Walton CWCA Benicia Warehouse 21, L.L.C., successor in interest to CalWest Industrial Holdings, successor in interest to Spieker Properties, L.P.), and Tenant (formerly known as Sears Logistics Services, Inc.) are parties to that certain Lease, dated as of June 13, 1996 (the "Original Lease"), as amended by that certain First Amendment, dated as of June ___ [sic] 2006, that certain Second Amendment to Lease, dated as of April 9, 2009, that certain Third Amendment to Lease, dated as of May 25, 2012, and that certain Fourth Amendment to Lease, dated and of July 10, 2015 (collectively, the "**Lease**"), pursuant to which Landlord leases to Tenant certain premises consisting of approximately 49,920 rentable square feet (as more particularly described in the Lease, the "**Demised Premises**") with a common address of 521 Stone Road, Benicia, California in the project commonly known as Benicia Warehouse.

WHEREAS, the Term is currently scheduled to expire on August 31, 2018 and Landlord and Tenant desire to extend the Term for an additional thirty-six (36) full calendar months from such expiration date and to amend the terms and conditions of the Lease as hereinafter provided.

## AGREEMENT:

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, the parties hereto agree as follows:

1.      **Extension of Term.**   The Term is hereby extended for a period of thirty-six (36) full calendar months, commencing as of September 1, 2018 (the "**Fifth Extension Date**") and expiring on August 31, 2021 (the "**Fifth Extended Termination Date**") (which period is referred to herein as the "**Fifth Extended Term**"), unless sooner terminated in accordance with the terms of the Lease. From and after the date hereof, the "**Term**" shall be deemed to include the Fifth Extended Term.  Tenant's lease of the Demised Premises during the Fifth Extended Term shall be subject to all the terms and conditions of the Lease, except as expressly modified herein, and except that Tenant shall not be entitled to receive any allowances, abatements, or other financial concession granted in connection with entering into the Lease unless such concessions are expressly provided for herein with respect to the Fifth Extended Term.

2.      **Rent Schedule.**  Effective as of the Fifth Extension Date the Rent for the Demised Premises payable by Tenant to Landlord during the Fifth Extended Term is as follows:

| From: | To: | Rent (per month) |
|---|---|---|
| 9/1/2018 | 8/31/2019 | $28,953.60 |
| 9/1/2019 | 8/31/2020 | $29,822.21 |
| 9/1/2020 | 8/31/2021 | $30,716.88 |

Except as otherwise set forth in this Amendment, all other terms and conditions with respect to the payment of Rent shall remain as set forth in the Lease.

3.      **Basic Operating Costs.**  For the period commencing on the Fifth Extension Date and continuing through the Fifth Extended Termination Date, Tenant shall pay for Tenant's Proportionate Share of Basic Operating Costs in accordance with the terms of the Lease.

4.      **Security Deposit.**  Upon Tenant's execution hereof, Tenant shall pay Landlord the sum of $57,912.24, which is added to and becomes a part of the Security Deposit, if any, held by Landlord as provided under the Lease as security for payment of rent and the performance of the other terms and conditions of the Lease by Tenant.  Accordingly, simultaneously with the execution hereof, the Security Deposit is increased from $17,500 to $75,412.24.

5.      **Condition of the Demised Premises.**  Tenant hereby acknowledges and agrees that it has accepted the Demised Demised Premises as of the date hereof, and will accept the Demised Premises as of the Fifth Extension Date, in AS-IS, WHERE-IS condition without any representation or warranty of any kind made by Landlord in favor of Tenant.  For the avoidance of doubt, Tenant acknowledges and agrees that any and all of Landlord's obligations with respect to any build-out of the Demised Premises set forth in the Lease, have been satisfied in full.

6.      **OFAC.**  Tenant hereby represents and warrants that, to the best of its knowledge, neither Tenant, nor any persons or entities holding any legal or beneficial interest whatsoever in Tenant, are (i) the target of any sanctions program that is established by Executive Order of the President or published by the Office of Foreign Assets Control, U.S. Department of the Treasury ("OFAC"); (ii) designated by the President or OFAC pursuant to the Trading with the Enemy Act, 50 U.S.C. App. § 5, the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-06, the Patriot Act, Public Law 107-56, Executive Order 13224 (September 23, 2001) or any Executive Order of the President issued pursuant to such statutes; or (iii) named on the following list that is published by OFAC: "List of Specially Designated Nationals and Blocked Persons."  If the foregoing representation is untrue at any time during the Term, an Event of Default will be deemed to have occurred, without the necessity of notice to the defaulting party.

7.      **Tenant's Broker.**  Tenant represents and warrants that it has dealt with no broker, agent or other person in connection with this transaction, other than Colliers.  Tenant agrees to indemnify and hold Landlord and the Landlord Entities harmless from and against any claims by any other broker, agent or other person claiming a commission or other form of compensation by virtue of having dealt with Tenant with regard to this leasing transaction.

8.      **Delivery of Amendment.**  Submission of this Amendment by Landlord is not an offer to enter into this Amendment, but rather is a solicitation for such an offer by Tenant.  Landlord shall not be bound by this Amendment until Landlord and Tenant have fully executed and delivered this Amendment.  To Landlord's actual knowledge, the Demised Premises has not undergone an inspection by a certified access specialist.  For purposes of this Section, Landlord's actual knowledge shall mean and be limited to the actual knowledge of the person who is Landlord's asset manager (not the Building's property manager) on the date this Amendment is executed by Landlord, without any duty of inquiry or investigation, and such asset manager shall have no personal liability if such representation is untrue.

9.      **Authority.**  Tenant represents and warrants to Landlord that if Tenant is not a natural person, Tenant has been and is qualified to do business in the state in which the Demised Premises is located, Tenant has full right and authority to enter into this Amendment, and that all persons signing on behalf of Tenant were authorized to do so by appropriate actions.

10.      **Severability.**  If any clause or provision of this Amendment is illegal, invalid or unenforceable under present or future laws, then and in that event, it is the intention of the parties hereto that the remainder of this Amendment shall not be affected thereby.  It is also the intention of the parties to this Amendment that in lieu of each clause or provision of this Amendment that is illegal, invalid or unenforceable, there be added, as a part of this Amendment, a clause or provision as similar in terms to such illegal, invalid or unenforceable clause or provision as may be possible and be legal, valid and enforceable.

11.      **Counterparts and Delivery.**  This Amendment may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of such counterparts shall constitute one Amendment.  Execution copies of this Amendment may be delivered by facsimile or email, and the parties hereto agree to accept and be bound by facsimile signatures or scanned signatures transmitted via email hereto, which signatures shall be considered as original signatures with the transmitted Amendment having the binding effect as an original signature

2

on an original document.  Notwithstanding the foregoing, Tenant shall, upon Landlord's request, deliver original copies of this Amendment to Landlord at the address set forth in such request.  Neither party may raise the use of a facsimile machine or scanned document or the fact that any signature was transmitted through the use of a facsimile machine or email as a defense to the enforcement of this Amendment.

12.    **Conflict; Ratification; Integration.**    Insofar as the specific terms and provisions of this Amendment purport to amend or modify or are in conflict with the specific terms, provisions and exhibits of the Lease, the terms and provisions of this Amendment shall govern and control.  Landlord and Tenant hereby agree that (a) this Amendment is incorporated into and made a part of the Lease, (b) any and all references to the Lease hereinafter shall include this Amendment, and (c) the Lease, and all terms, conditions and provisions of the Lease, are in full force and effect as of the date hereof, except as expressly modified and amended hereinabove.    The recitals set forth herein are incorporated by reference.  Capitalized terms used in this Amendment shall have the same definitions as set forth in the Lease to the extent that such capitalized terms are defined therein and not redefined in this Amendment.  This Amendment and any attached exhibits and addenda set forth the entire agreement between the parties with respect to the matters set forth herein.

13.    **California.**  To allow for compliance with building performance benchmarking and disclosure laws and regulations (including, but not limited to, compliance with California Public Resources Code §25402.10 and similar or successor laws), Tenant, promptly upon request, shall deliver to Landlord (or, at Landlord's option, execute and deliver to Landlord an instrument enabling Landlord to obtain from such provider) reasonable data about Tenant's utility consumption.  To Landlord's actual knowledge, the Demised Premises has not undergone an inspection by a certified access specialist.  For purposes of the preceding sentence, Landlord's actual knowledge shall mean and be limited to the actual knowledge of the person who is Landlord's asset manager (not the Building's property manager) on the date this Amendment is executed by Landlord, without any duty of inquiry or investigation, and such asset manager shall have no personal liability if such representation is untrue.  California Civil Code Section 1938 provides in relevant part as follows: "A Certified Access Specialist (CASp) can inspect the subject premises and determine whether the subject premises comply with all of the applicable construction-related accessibility standards under state law. Although state law does not require a CASp inspection of the subject premises, the commercial property owner or lessor may not prohibit the lessee or tenant from obtaining a CASp inspection of the subject premises for the occupancy or potential occupancy of the lessee or tenant, if requested by the lessee or tenant. The parties shall mutually agree on the arrangements for the time and manner of the CASp inspection, the payment of the fee for the CASp inspection, and the cost of making any repairs necessary to correct violations of construction-related accessibility standards within the premises."  Nothing in this paragraph or California Civil Code Section 1938 shall relieve or modify Tenant's obligations with respect to (i) compliance with applicable governmental laws, ordinances and regulations, including without limitation, construction-related accessibility standards, as set forth in the Lease, or (ii) payment of Expenses as may be set forth in the Lease.  Tenant hereby agrees that any Tenant-initiated CASp inspection (i) shall be at Tenant's sole cost and expense, and (ii) shall take place during normal business hours following reasonable prior written notice to Landlord. Any information contained in a CASp report shall be maintained as confidential.

**[Signature Page Follows]**

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly authorized, executed and delivered as of the day and year first set forth above.

LANDLORD:

ICON OWNER POOL 1 SF NON-BUSINESS PARKS, LLC, a Delaware limited liability company

By:    GLP US Management LLC,
       a Delaware limited liability company
       as agent for Landlord

By: _____
Name: **Michael R. Mercier**
Title: **SVP-Operations**

Dated: _____ *May 25*, 20 *18*

TENANT:

INNOVEL SOLUTIONS, INC.,
a Delaware corporation

By: _____
Name: Robert A. Riecker
Title: Vice President

Dated: May 18, 20 18

# Electronic Proof of Claim

Final Audit Report                                                                2019-04-09

| | |
|---|---|
| Created: | 2019-04-09 |
| By: | Sears Claims (searsclaims@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAKC1FTHge_hDmoT4gbRhoJtwFkDPtpGTL |

## "Electronic Proof of Claim" History

Widget created by Sears Claims (searsclaims@primeclerk.com)

2019-04-09 - 9:07:36 PM GMT

Lauren C. Kiss (lkiss@klestadt.com) uploaded the following supporting documents:

Attachment

2019-04-09 - 9:16:07 PM GMT

Widget filled in by Lauren C. Kiss (lkiss@klestadt.com)

2019-04-09 - 9:16:07 PM GMT- IP address: 64.61.2.210

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64)
AppleWebKit/537.36 (KHTML, like Gecko) Chrome/64.0.3282.140 Safari/537.36 Edge/17.17134)

2019-04-09 - 9:16:10 PM GMT- IP address: 64.61.2.210

Signed document emailed to Lauren C. Kiss (lkiss@klestadt.com) and Sears Claims
(searsclaims@primeclerk.com)

2019-04-09 - 9:16:10 PM GMT