**Presentment Date and Time: May 8, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: May 7, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): May 8, 2019 at 10:00 a.m. (Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

In re                                              :
                                                   :          **Chapter 11**
SEARS HOLDINGS CORPORATION, *et al.*,  :
                                                   :          **Case No. 18-23538 (RDD)**
                                                   :
        Debtors.[1]                                :          **(Jointly Administered)**

-------------------------------------------------------------- x

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND LANDLORD MIDWOOD MANAGEMENT CORPORATION (I) EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR REJECTION OF LEASE OF NONRESIDENTIAL REAL PROPERTY AND (II) SETTING BRIEFING SCHEDULE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "Buyer") will present the *Stipulation and Order by and among Sellers, Buyer, and Midwest Management Corporation Extending Time Under 11 U.S.C. § 365(d)(4) For Lease of Nonresidential Real Property and Setting Briefing Schedule* (the "Stipulation") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **May 8, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Bankruptcy Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **May 7, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served

with respect to the Stipulation, a hearing (the "**Hearing**") will be held to consider such objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on May 8, 2019 at 10:00 a.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: May 3, 2019
New York, New York

/s/ Luke A. Barefoot_____
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

## Exhibit A

**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
------

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[2] | : | **(Jointly Administered)** |

----------------------------------------------------------- x


### STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND LANDLORD MIDWOOD MANAGEMENT CORPORATION (I) EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR REJECTION OF LEASE OF NONRESIDENTIAL REAL PROPERTY  AND (II) SETTING BRIEFING SCHEDULE

This Stipulation and Order (the Stipulation and Order") is made as of May 3, 2019, by and

between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as

Buyer (the "Buyer") and Midwood Management Corporation as agent for Expressway Plaza I,

LLC and Farmingville Associates Phase I, LLC (the "Landlord" and together with the Debtors

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

### Recitals

A.        Landlord and Debtor Kmart Corporation are parties to that certain lease dated as of December 20, 1991 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises" ) at 2280 North Ocean Avenue, Farmingville, New York (Store # 4871).

B.        On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.        On November 29, 2018, the Landlord filed a *Notice of Hearing of Motion for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease* (ECF No. 932) (the "Landlord Stay Motion") seeking an order from the Bankruptcy Court finding the automatic stay under Bankruptcy Code section 362(a) inapplicable to the Lease.

D.        On January 18, 2019, the Debtors filed and served on the applicable counterparties the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 1731) (the "Initial Notice"), which notice included the Lease.

E.        On January 25, 2019, the Landlord filed the *Objection of Midwood Management Corp. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1957) (the "Initial Objection").

F.        On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and*

*Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV)*
*Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy
Court, approving the sale of certain assets of the Debtors to Buyer.

G.        On February 19, 2019, the Bankruptcy Court entered the *Order Denying Motion*
*for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease (2280*
*North Ocean Avenue, Farmingville, New York)* (ECF No. 2649) (the "Stay Motion Denial
Order"), denying the Landlord Stay Motion.

H.        On March 5, 2019, Landlord, as Appellant, filed a notice of appeal of the Stay
Motion Denial Order (ECF No. 2747) and on March 19, 2019, Appellant Landlord filed the
*Designation of Record and Statement of Issues on Appeal* (ECF No. 2890).

I.        In accordance with the terms of the Sale Order, Buyer was permitted to designate
Additional Contracts and Designatable Leases (collectively, the "Additional Assigned
Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date
(the "Designation Rights Period"), which occurred on February 11, 2019.  The Debtors and
Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the
Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain
Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights
Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019
for Additional Contracts.

J.        On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing*
*Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting*
*Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

K.    On April 19, 2019, Buyer filed the *Statement/Notice of Assumption of Additional Designatable Leases*, designating the Lease as subject to assumption by the Buyer pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice").

L.    On April 26, 2019, the Bankruptcy Court entered the *Stipulation and Order Extending Deadline to File Counterdesignation of Appeal Record Items* (ECF No. 3375) extending the Appellee's deadline to file and serve their Counter Designation to and including June 28, 2019.

M.    The Debtors, the Buyer and the Landlord have consensually agreed to a briefing schedule for the Debtors' proposed assumption and assignment of the Lease and have also agreed to a consensual extension of the deadline for the Debtors to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code (the "Section 365(d)(4) Period").

N. The parties have agreed to an extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

WHEREAS, Landlord hereby consents to a further extension of the Section 365(d)(4) Period to and including June 28, 2019; and

WHEREAS, the Parties desire to memorialize their agreement in this Stipulation and Order.

1.    This Stipulation and Order shall not be effective unless and until it is approved by the Bankruptcy Court.

2.    Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including June 28, 2019.  For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

3.      This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

4.      Each of the Buyer, Debtors and Landlord have consented to the Briefing Schedule set forth below and resolution of the Briefing Issues at the June 20, 2019 hearing (or such other hearing date as the Bankruptcy Court shall establish):

| Date | Filing |
|---|---|
| May 20, 2019 | Landlord's Supplemental Objection (and together with the Initial Objection, the "<u>Landlord Objections</u>") to Assumption Notice due. |
| May 31, 2019 | Buyer Response to Supplemental Objection due. |
| June 14, 2019 | Landlord Reply to Buyer Response due. |
| June 20, 2019 | Hearing to resolve Landlord Objections. |

5.      In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order.

6.      The Debtors, the Buyer and the Landlord have agreed that the following issues shall be briefed in accordance with the Briefing Schedule and determined at the June 20, 2019 hearing (collectively, the "<u>Briefing Issues</u>"):

(1)  any defaults to be cured and amounts required to be paid as Cure Amounts under the Lease prior to assumption and assignment of the Lease to the Buyer; and

(2)  whether the Lease has been terminated pursuant to its terms and therefore cannot be assumed.

7.      Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to such time with respect to the Lease as the Debtors have obtained an effective date of (a) rejection of the such Lease, (b) assumption of such Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order, or (c) an order determining that the Lease has been terminated.

8.      This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension beyond June 28, 2019 of the Section 365(d)(4) Period.

9.      This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

10.     This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

11.     Pending approval of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

12.     The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[Remainder of Page Left Intentionally Blank]

Dated:  May 3, 2019

Dated:  May 3, 2019

**WEIL, GOTSHAL & MANGES LLP**

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By:  /s/ Jacqueline Marcus_____

By:  /s/ Luke A. Barefoot_____

767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus, Esq.

One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
Facsimile: (212) 225-3999
Luke A. Barefoot, Esq.

*Counsel for the Debtors and Debtors-in-Possession*

*Counsel for the Buyer*

**FARRELL FRITZ, P.C.**

By: /s/ Patrick Collins_____

400 RXR PLAZA
Uniondale, New York 11556
Telephone: (516) 227-0700
Facsimile: (516) 227-0777
Patrick Collins, Esq.

*Counsel for the Landlord*

**IT IS SO ORDERED.**

Dated: New York, New York
       May___, 2019

_____
UNITED STATES BANKRUPTCY JUDGE