**Presentment Date &Time: May 14, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: May 13, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date & Time (Only if Objection Filed):  To be Scheduled**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.[1]** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT
OF STIPULATION AND ORDER
GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that on **May 14, 2019 at 10:00 a.m. (Eastern Time)**,

the attached Stipulation and Order Granting Limited Relief from the Automatic Stay

(the "**Stipulation**") will be presented to the Honorable Robert D. Drain, in the United States

Bankruptcy Court for the Southern District of New York, located at 300 Quarropas Street, White

Plains, New York 10601 (the "**Bankruptcy Court**") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections

("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court,

including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-

ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to

Chambers), in accordance with the customary practices of the Bankruptcy Court and General

Order M-399, to the extent applicable, and shall be served in accordance with General Order M-

399 and the *Amended Order Implementing Certain Notice and Case Management Procedures*,

dated October 17, 2018 (ECF No. 405), so as to be so filed and received no later than

**May 13, 2019** at **4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written Objection is timely filed

and served, a hearing (the "**Hearing**") will be held to consider the Stipulation before the Honorable

Robert D. Drain in the Bankruptcy Court on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Stipulation is

not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the

relief sought without further notice.


Dated: May 6, 2019
      New York, New York

                                      */s/* Garrett A. Fail
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007
                                      Ray C. Schrock, P.C.
                                      Jacqueline Marcus
                                      Garrett A. Fail
                                      Sunny Singh

                                      *Attorneys for Debtors and*
                                      *Debtors in Possession*

Presentment Date & Time: May 14, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: May 13, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date & Time (Only if Objection Filed):  To be Scheduled

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

--------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Innovel Solutions, Inc. (the "**Innovel"**), R&A Deliveries LLC, Rodriguez Movers Transportation LLC, Costco Wholesale Corporation, and NRX Logistics (the "**Non-Debtor Defendants**"), and Martha Jane Moyers, Frank DeCoteau and the DeCoteau-Moyers Family Revocable Trust (collectively, the "**Claimants**").  Innovel and the Claimants collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**."  The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.    WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Innovel and certain of its affiliates (collectively, the "**Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B.    WHEREAS, on September 11, 2018, the Claimants commenced an action against Innovel and the Non-Debtor Defendants, with the caption *The Decoteau-Moyers Family Revocable Trust v. Costco Wholesale Corporation*, Case No. 2018-CV-30878, that is pending in the District Court for Boulder County, Colorado (the "**Prepetition Action**").   The Prepetition Action involves claims asserted by the Claimants for alleged property damage that occurred during the delivery and installation of a refrigerator at the home of Martha Jane Moyers and Frank Decoteau.

C.    WHEREAS, on November 15, 2018, the Parties entered into a settlement agreement and release (the "**Settlement Agreement**") in order to provide for payment in full by two of the Non-Debtor Defendants, settlement, and discharge of all claims related to or arising under the Prepetition Action.  A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

D.    WHEREAS, the Parties have agreed, subject to Bankruptcy Court approval, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code and the Stay Procedures for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Parties to execute the terms of the Settlement Agreement solely to the extent necessary for the Claimants to obtain recovery under the Settlement Agreement from the insurance proceeds of the Non-Debtor Defendants' insurer, to the extent such insurance proceeds are available, and to take such other actions as are necessary and appropriate to carry out the terms of Settlement Agreement; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against Innovel or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect; provided further, that notwithstanding anything to the contrary in the Settlement Agreement, neither Innovel nor the other Debtors shall be liable in any way in the event the Non-Debtor Defendants or the Claimants fail to comply with any of their respective obligations under the Settlement Agreement.

3.      As of the Effective Date, the Claimants agree to waive any right to recovery in the Prepetition Action against Innovel and Debtors and any other party that may assert indemnification claims against the Debtors, including any prepetition claims, and shall exclusively be limited to obtaining any recovery in the Prepetition Action from the proceeds of the Non-Debtor Defendants' insurance policy, as provided in Paragraph 2 herein.

4.      All rights under Section 1542 of the California Civil Code, or any analogous state

or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims,

injuries, or damages described in this Stipulation.  Section 1542 of the California Civil Code reads

as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR."**

5.      Nothing contained herein shall be construed as a waiver by the Debtors of their

right to object to any and all proofs of claim relating to the Prepetition Action or any other pending

prepetition action to which the Debtors are a party that may be filed by the Claimants or any other

party in the Debtors' chapter 11 cases.

6.      The limited relief set forth herein shall not be construed as an admission of liability

by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising

from or in relation to the Prepetition Action or any other matter.

7.      This Stipulation shall constitute the entire agreement and understanding of the

Parties relating to the subject matter hereof and supersedes all prior agreements and understandings

relating to the subject matter hereof.

8.      The undersigned who executes this Stipulation by or on behalf of each respective

Party represents and warrants that he or she has been duly authorized and empowered to execute

and deliver this Stipulation on behalf of such Party.

9.      This Stipulation may be executed  in counterparts, each of which shall be deemed

an original, but all of which together shall constitute one and the same instrument, and it shall

constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10.    This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11.    Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

12.    This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

13.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day

and year first below written.

Dated:  May 6, 2019                                    Dated:  May 6, 2019

By:    */s/* Garrett A. Fail                           By:    */s/* Richard L. Merpi
    Ray C. Schrock, P.C.                               Dan McCune
    Jacqueline Marcus                                  Richard L. Merpi II
    Garrett A. Fail                                    CHILDS McCUNE LLC
    Sunny Singh                                        821 17th Street #500
    WEIL, GOTSHAL & MANGES LLP                         Denver, CO 80202
    767 Fifth Avenue                                   Telephone:  (303) 296 7300
    New York, NY 10153
    Telephone:  (212) 310-8000                     *Attorneys for Non-Debtor Defendant*
    Facsimile:  (212) 310-8007                     *Costco Wholesale Corporation*

*Attorneys for Debtors*
*and Debtors in Possession*

Dated:  May 6, 2019

By:    */s/* Tasha Power
    George Berg
    Tasha Power
    BERG    HILL    GREENLEAF
    RUSCITTI LLP
    1712 Pearl Street
    Boulder, CO 80302
    Telephone: (303) 402-1600
    Facsimile: (303) 402-1601

*Attorney for the Claimants*

Dated:  _____, 2019
    White Plains, New York

                          _____
                          THE HONORABLE ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**
**Settlement Agreement**

WEIL:\96791100\6\73217.0004

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by Martha Jane Moyers, Frank Decoteau and The Decoteau-Moyers Family Revocable Trust Dated May 16, 2014 ("Plaintiffs"), and R&A Deliveries LLC, Rodriguez Movers Transportation LLC, Innovel Solutions, Inc., Costco Wholesale Corporation, and NRX Logistics ("Defendants").

## RECITALS

A.    Plaintiffs filed a First Amended Complaint against Defendants in the Boulder County District Court (Civil Action No.: 2018CV030878). In the Complaint, Plaintiffs alleged damages resulting from the delivery of a refrigerator to 802 Cypress Drive, Boulder, CO 80303 on or about December 23, 2017 (the "Incident").

B.    The parties desire to enter into this Settlement Agreement in order to provide for payment in full settlement and discharge of all claims which are or might have been the subject of the Amended Complaint, upon the terms and conditions set forth herein.

## AGREEMENT

The parties agree as follows:

1.    Release and Discharge. In consideration of the payment called for herein, Plaintiffs, on their own behalf and on behalf of their past, present and future heirs, successors, assigns, personal representatives, administrators, agents, servants, partners, predecessors, successors in interests and assigns, trustees, attorneys, insurers, agents, officers, directors, shareholders, managers, members, employees, subcontractors, attorneys, insurers, and parent, subsidiary, or affiliated corporations ("Releasors"), completely release and forever discharge Defendants and their successors, assigns, agents, officers, directors, shareholders, managers, members, employees, subcontractors, attorneys, insurers, and parent, subsidiary, or affiliated corporations ("Releasees"), of and from any and all past, present or future claims, demands, obligations, actions, causes of action, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which Releasors now have, or which may hereafter accrue or otherwise be acquired on account of, or in any way growing out of, or which are the subject of the Amended Complaint and all related pleadings, including, without limitation, any and all known or unknown claims for damages to Plaintiffs which have resulted or may result from the Incident.

2.    Mutual Release. For and in consideration of the covenants, promises and mutual releases set forth below, Releasees intend to release and do release, acquit and forever discharge each other of and from any and all liability, rights, claims, demands, including but not limited to damages, costs, expenses, attorney's fees, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown, without exception

1

or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in the Amended Complaint, on account of and in any manner arising out of or related to the Incident.

3.  Release. This Release shall be a fully binding and complete settlement between Releasors and Releasees, save only the executory provisions of the Settlement Agreement.

4.  Payments. In consideration of the Releases set forth above, Defendants R&A Deliveries LLC and Rodriguez Movers Transportation LLC, through their insurer agree to pay to Plaintiffs the total sum of $13,242.01 (THIRTEEN THOUSAND TWO HUNDRED FORTY-TWO AND ONE CENT). Subject to Paragraph 6 below and following execution of this Settlement Agreement, payment in this amount will be delivered to Plaintiffs' counsel.

5.  General Release. Releasors hereby acknowledge and agree that the Settlement Agreement sets forth a general release, and further expressly waive and assume the risk of any and all claims for damages which exist as of this date but of which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect Releasors' decision to enter into this Settlement Agreement. Releasors further agree that they have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact and assume the risk that the facts or law may be otherwise than Releasors believe. It is understood and agreed by the parties that this settlement is a compromise of a doubtful and disputed claim and the payments are not to be construed as an admission of liability on the part of Releasees by whom liability is expressly denied.

6.  Liens. Plaintiffs represent that there are no liens or reimbursement rights enforceable against the proceeds of this settlement or against Releasees. If any lien or reimbursement right is asserted against the proceeds herein or against Releasees, Releasors, in consideration of the payment made herein, covenant to pay and satisfy any such asserted lien or reimbursement right, or to satisfy the same on a compromise basis, and to obtain in any event a release of Releasees, and to indemnify and hold harmless said parties from any costs, expenses, attorney fees, claims, actions, judgments, or settlements resulting from the assertion or enforcement of such lien or reimbursement right by any entity having such lien or reimbursement right.

7.  Delivery of Dismissal with Prejudice. After receiving the settlement check, counsel for Plaintiffs will deliver to counsel for Defendants an executed Stipulation for Dismissal with Prejudice of the civil action described in Recital A above, with each of the parties to bear their own attorneys' fees and costs.

8.  Warranty of Capacity to Execute Agreement. Plaintiffs represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement except as otherwise set forth herein and that Plaintiffs have the sole right and exclusive authority to execute this Settlement Agreement and receive the sum specified in it; and that Plaintiffs have not sold, assigned, transferred,

2

conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

9.    <u>Entire Agreement and Successors in Interest.</u>   This Settlement Agreement contains the entire agreement between Plaintiffs and Defendants with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

10.    <u>Representation of Comprehension of Document.</u>   In entering into this Settlement Agreement, Plaintiffs represent that they have relied upon the legal advice of their attorneys, who are the attorneys of Plaintiffs' own choice, and that the terms of this Settlement Agreement have been completely read by Plaintiffs, and that those terms are fully understood and voluntarily accepted by Plaintiffs.

11.    <u>Governing Law.</u>   This Settlement Agreement is made pursuant to and shall be construed and governed by the substantive law of the State of Colorado without regard to choice of law principles.

12.    <u>Fraud Language.</u>   It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company.   Penalties may include imprisonment, fines, denial of insurance and civil damages.   Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

13.    <u>Additional Documents</u>.  All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

14.    <u>Effectiveness</u>.   This Settlement Agreement shall become effective following execution.

3

Executed at _Boulder, CO_ , this _15th_ day of November, 2018.

_Martha Jane Moyers_

Representative of The Decoteau-Moyers Family
Revocable Trust Dated May 16, 201

STATE OF COLORADO                    )
                                     ) ss.
COUNTY OF _BOULDER_                  )

Subscribed and sworn to before me this _15th_ day of November, 2018, by
_Martha Jane Moyers_

Witness my hand and seal.

My commission expires: _12/2/2020_

DEBORAH A. OSTERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924016639
MY COMMISSION EXPIRES 12/02/2020

_Deborah A. Osterman_
Notary Public

Executed at _Boulder, CO_ , this _15th_ day of November, 2018.

_Martha Jane Moyers_
Martha Jane Moyers

STATE OF COLORADO                    )
                                     ) ss.
COUNTY OF _Boulder_                  )

Subscribed and sworn to before me this _15th_ day of November, 2018, by Martha
Jane Moyers.

Witness my hand and seal.

My commission expires: _12/2/2020_

DEBORAH A. OSTERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924016639
MY COMMISSION EXPIRES 12/02/2020

_Deborah A. Osterman_
Notary Public

Executed at _Boulder, Co_, this _15th_ day of November, 2018.

_____
Frank Decoteau

STATE OF COLORADO       )
                        ) ss.
COUNTY OF _BOULDER_     )

Subscribed and sworn to before me this _15th_ day of November, 2018, by Frank Decoteau.

Witness my hand and seal.

My commission expires:
_12/2/2020_

DEBORAH A. OSTERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924016639
MY COMMISSION EXPIRES 12/02/2020

_____
Notary Public

I, George V. Berg, Jr., certify that I have personally reviewed this Settlement Agreement and Release with Martha Jane Moyers, Frank Decoteau and a representative of The Decoteau-Moyers Family Revocable Trust Dated May 16, 2014 and have explained its contents.

BERG HILL GREENLEAF RUSCITTI LLP

_____
George V. Berg, Jr. #22556
Attorneys for Plaintiff