**THOMPSON HINE LLP**
Curtis L. Tuggle
Jonathan S. Hawkins
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Phone: 212.344.5680
Fax: 212.344.6101

*Counsel for Virginia Surety Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Hearing Date**: TBD
**Hearing Time**: TBD
**Objection Deadline**: May 6, 2019

|  |  |  |
|---|---|---|
| IN RE: | : | Chapter 11 |
|  | : |  |
| SEARS HOLDINGS CORP., *et al.*,[1] | : | Case No. 18-23538 |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

**SUPPLEMENTAL LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
VIRGINIA SURETY COMPANY, INC. TO DEBTORS' NOTICE OF ASSUMPTION
AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS**

Virginia Surety Company, Inc. ("VSC"), by and through counsel, hereby files this limited

objection and reservation of rights to the Debtors' *Notice of Assumption and Assignment of*

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626).

*Additional Executory Contracts* (Dkt. No. 3397; the "Notice"), in supplementation to VSC's

previously filed *Limited Objection and Reservation of Rights of Virginia Surety Company, Inc. to*

*Debtors' Motion for Approval of Global Asset Sale Transaction* (Dkt. No. 2027; the "Original

Objection") in which VSC, despite being unlisted on the contemporaneous assumption notices

(*See* Dkt. Nos. 1730, and 1731), or any other such notices until the Notice, expressly reserved:

> all rights as they pertain to any default that may arise under any Indemnity
> Agreement (as that term is defined below), notwithstanding any provision in the
> sale order in the form Debtors presently propose (Dkt. No. 1730, Ex. B; as
> proposed or ultimately adopted, the "Sale Order"). . . . Specifically, whether listed
> on an executory contract schedule or not, the Policies [as defined below] may not
> be assumed and assigned and, in any event, assumed and assigned without the
> rights VSC has under the Indemnity Agreement [as defined below] remaining
> intact.

*Original Objection*, Introduction & ¶ 7.

## BACKGROUND

1.      Debtors filed their voluntary petitions for relief on October 15, 2018 (the "Petition

Date").  On November 1, 2018, the Debtors filed a Motion for the Approval of Global Bidding

Procedures (Dkt. No. 429) which the Court approved on November 16, 2018.

2.       On January 18, 2019, the Debtors filed their Notice of Successful Bidder and

Sale Hearing (Dkt. No. 1730), designating Transform Holdco, LLC ("Buyer") as the buyer for

substantially all of Debtors' assets pursuant to a certain asset purchase agreement.

3.      VSC provides contractual liability insurance policies for debtors, Sears Protection

Company, Sears Protection Company (Florida) ("Protection Company Debtors") in connection

with certain designated service contracts that Protection Company Debtors may, from time to

time, sell to its customers for the service and repair of Debtors' products (collectively, the

"Policies").  The Policies cover "Claims" for the performance of such designated service

contracts.

2

4.      The Policies are integrated with a concordant Indemnity Agreement dated December 6, 2004 (as thereafter restated and amended, the "Indemnity Agreement", a redacted copy of which, excluding its schedules, is attached hereto as **Exhibit A**) between VSC and the Protection Company Debtors.  The Indemnity Agreement provides that in the event VSC suffers "Losses" in connection with the Policies, the Protection Company Debtors shall reimburse VSC. Such Losses include "all losses . . . of whatsoever nature incurred or suffered by [VSC] in connection with the Policies [including]… attorneys fees…" *Indemnity Agreement*, ¶ 4.  The obligations that the Protection Company Debtors may owe VSC by virtue of the Indemnity Agreement are secured with a letter of credit in favor of VSC.

5.      In the Original Objection, VSC argued that (a) the Policies and Indemnity Agreement must be construed as a single, integrated contract, such that assumption of the Policies alone ought not to be permitted; and (b) as contracts for insurance, the Policies may not be assigned.

6.      On April 26, 2019, Debtors filed the Notice, identifying the Policies.  Although the Notice states that the Policies were "listed on an Assumption and Assignment Notice that was previously filed with the Bankruptcy Court," VSC has been unable to locate such a filing. *Notice*, ¶ 14.  In any event, the issues related to the Original Objection have been communicated to counsel for Buyer since at least January 2019 but were not resolved prior to the filing of the Notice.

7.      The Notice states that VSC has asserted nothing need be paid to cure prior defaults or cover amounts otherwise outstanding under the Policies.  *Id*., Ex. 1, Nos. 187-89. Likewise, the amounts Debtors state are needed to cure defaults under the Policies is shown as $0.00.  *Id*.  VSC does not agree with these statements.  Rather, VSC has not been compensated

for the attorney fees it has incurred, and for which the Protection Company Debtors are liable, under the Indemnity Agreement.  A summary of the legal fees and expenses incurred through April 30, 2019, in the amount of $30,078.40 is attached hereto as **Exhibit B**.  Other liabilities on the underlying service contracts may have accrued against Buyer in favor of its customers of which VSC is unaware but, with the passage of time, may become the basis for a claim under the Indemnity Agreement.  The purpose of identifying the amounts presently due is not intended to limit or abridge VSC's entitlement to collect such sums or resort to VSC's security for that purpose, even if the underlying liability under a designated contract has already accrued. Finally, the Policies renew annually, but a premium for the most recent period has not been paid. Assuming no change in coverage, the premium outstanding is $735,000.00.

8.      Since the filing of the Notice, Buyer and VSC have discussed resolution of the Original Objection with respect to the assignability of the Policies and the non-severability of the Indemnity Agreement.  The Buyer, though counsel, has indicated that it construes the Indemnity Agreement to be an "applicable supplement[], amendment[] and/or addenda" to the Policies, which shall be deemed included as a part of the Policies by operation of the Notice and Sale Order.  *Id*. ¶ 14.  VSC is willing to consent to the assignment of the Policies, but, as of the date of this filing, the parties have not reduced their understanding to a signed agreement.  Nor have the parties reached consensus on the total amount required to bring the Indemnity Agreement current.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

9.      Based on the foregoing, and until such time as the parties are able to reduce their agreement to writing, out of an abundance of caution, VSC hereby (a) reiterates and incorporates

(as if fully re-written here) its Original Objection; and (b) states the appropriate amount to bring the Indemnity Agreement current is $765,078.40.

## CONCLUSION

10.    For the reasons set forth herein, VSC hereby submits this limited objection and reservation of rights.

Dated: May 6, 2019

/s/ Jonathan S. Hawkins
Curtis L. Tuggle
Jonathan S. Hawkins
**THOMPSON HINE LLP**
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Phone: 212.344.5680
Fax: 212.344.6101

*Counsel for Virginia Surety Company, Inc.*