**EXHIBIT A**

## AMENDED AND RESTATED INDEMNITY AGREEMENT

This Amended and Restated Indemnity Agreement ("Agreement") is made effective as of 12:01 A.M. local standard time on June 1, 2011 ("Effective Date") between Sears Protection Company, an Illinois corporation ("SPC"), Sears Protection Company (Florida) LLC, a Floridalimited liability company ("SPCF") (hereinafter, SPC and SPCF may be collectively referred to as "Sears") and Virginia Surety Company, Inc., an Illinois corporation ("VSC").

### RECITALS

**WHEREAS,** Sears and VSC entered into an Agreement and Amendment dated December 6, 2004 ("Previous Indemnity Agreement"); and

**WHEREAS,** Sears and VSC desire to amend and restate the Previous Indemnity Agreement for existing and new service contracts issued by Sears.

**NOW, THEREFORE,** for good and valuable consideration, the parties amend and restate the Previous Indemnity Agreement in its entirety to read as follows:

1. Definitions. The following terms are defined as follows:

   1.1 **Approved Issuer (s):** A commercial bank organized under the laws of, or having a branch office located in, the United States of America that is approved by VSC to issue the Letter(s) of Credit.

   1.2 **Designated Contracts:** Those service contracts issued by Sears in any of the states listed in Schedule 1 and insured under a Policy. The list of states may be changed from time to time by VSC.

   1.3 **Policy(ies):** Policy #2709 and Policy #2722 attached as Schedule 2.

   1.4 **Insurance Premium:** The annual Insurance Premium for each Policy is calculated by multiplying Sears' annual projected Florida (Policy # 2722) and Wisconsin (Policy # 2709) warranty revenue (which is the retail price of the Designated Contracts sold) by ████████

   1.5 **Premium Tax Fund:** The annual premium tax fund is calculated by multiplying the Florida Insurance Premium by ████ and the Wisconsin Insurance Premium by ████

   1.6 **Letter(s) of Credit:** As described in Section 5 of this Agreement.

   1.7 **Required Amount:** ██████████████████ as of the Effective Date.

2. **Payment of Insurance Premium and Premium Tax Fund.** Sears shall pay the Insurance Premium plus the Premium Tax Fund on or before February 15 of each year the Policies are in

effect, except that for the Policy year beginning in 2011 the remaining Insurance Premium and Premium Tax Fund will be due on June 15, 2011. Sears shall pay a minimum Insurance Premium combined for both Policies of ███████ for 2011; ███████ for 2012; and ███████ for 2013. These amounts include the Premium Tax Fund.

**3. Cancellation of Policies.** If the Florida Department of Insurance requires VSC to record the full retail service contract fees paid for Designated Contracts issued to residents of Florida and covered by Policy No. 2722 as premium and losses, VSC may cancel Policy #2722 upon sixty (60) days prior written notice to SPCF.

**4 . Hold Harmless.** (a) Effective as of the date hereof and indefinitely thereafter, Sears itself and on behalf of its successors and assigns jointly and severally shall hold harmless and fully indemnify VSC and its successors and assigns (the "Indemnified Person(s)") for all losses, costs, expenses, liabilities or obligations ("Losses") of whatsoever nature incurred or suffered by the Indemnified Persons in connection with the Policies (the "Business"). Losses includes, but is not limited to,  all amounts actually incurred by an Indemnified Person for losses, costs, expenses, liabilities, and obligations whether known or unknown, reported or unreported, and whether currently existing or arising in the future, attorneys fees, all claims, debts, demands, allegations, actions, causes of action, suits, duties, dues, sums of money, bills, accounts, bonds, indemnities, covenants, contracts, controversies, agreements, promises, omissions, trespasses, variances, damages, judgments, interest on judgments, costs (including costs of administering the Business if Sears fails to do so), losses in excess of policy limits and extra-contractual obligations, unearned premium refunds to holders of Designated Contracts made by VSC with respect to the Business, Losses incurred by any Indemnified Persons in connection with any coverage disputes brought by third persons regarding the Business including any arbitration, declaratory judgment or other legal actions brought by third persons to determine VSC's obligations attributable to the Business. Notwithstanding the foregoing, Sears will not be obligated to any Indemnified Person pursuant to this hold harmless provision to the extent any Indemnified Person is reimbursed or held harmless for anything covered by this hold harmless provision including, but not limited to, any recovery under a reinsurance agreement.

(b) Sears shall, at its own cost and expense, defend all Indemnified Person(s) from and against all Losses  provided that the Indemnified Person (s) provides Sears with prompt notice of any such potential Loss and the exclusive ability to defend such against that Loss (with the reasonable cooperation of VSC) or settle any such Loss. Any Indemnified Person shall not settle any Loss without the prior written consent of Sears.

**5. Letters of Credit.** (a) At the time of execution of this Agreement and from time to time thereafter as required by VSC, Sears shall deliver to VSC and maintain at all times during which Designated Contracts remain in effect, one or more irrevocable standby Letters of Credit issued to VSC as beneficiary by one or more Approved Issuer(s), which Letters of Credit shall be in an aggregate undrawn amount not less than the Required Amount. VSC may require a change to the Required Amount at any time during the term of the Policies if VSC determines that its risk exceeds the amount originally projected by VSC. Any change in the amount of the Letter of Credit requested by VSC shall be made by Sears within thirty (30) days after receiving notice from VSC. Each Letter of Credit shall have a term of not less than one (1) year from the date of

5.20.11 Final

issuance and be automatically renewable for additional one (1) year periods. Sears shall provide replacement Letters of Credit at least thirty (30) days prior to the expiry date of any then outstanding Letter of Credit for which notice has been given by the Approved Issuer that it will not be extended. The Letters of Credit shall be in a form approved by VSC. Sears agrees that the reimbursement obligations to each Approved Issuer which issues a Letter of Credit shall be, and at all times shall remain, unsecured obligations.

(b) VSC has the right by presentation of a certificate of drawing signed solely by VSC to make one or more drawings on any Letter of Credit provided that the aggregate amount of drawings which can be made under all Letters of Credit outstanding at any time cannot exceed One Hundred Percent (100%) of the Required Amount then in effect. Drawings can be made by VSC for any one or more of the following reasons (collectively "Claims"): (i) Sears fails to indemnify and defend an Indemnified Person in accordance with Section 4 above within thirty (30) days after an Indemnified Person has requested Sears in writing to indemnify and defend it; (ii) Sears becomes insolvent or admits its inability to pay its debts as they mature, makes an assignment for the benefit of creditors, or applies for or consents to the appointment of a bankruptcy trustee or receiver, or if bankruptcy, reorganization, arrangement, insolvency, or liquidation proceedings or other proceedings for relief under the bankruptcy law or similar law for relief of debtors are instituted against Sears and, in the case of any such proceeding instituted against Sears (but not instituted by it), either such proceeding shall remain undismissed or unstayed for a period of 90 days, or any of the actions sought in such proceeding (including the entry of an order for relief against, or the appointment of a receiver or trustee or other similar official for, it or for any substantial part of its property) shall occur; or Sears shall take any corporate action to authorize any of the actions set forth above in this clause (ii); (iii) Sears defaults in the observance or performance of any material covenant, condition, agreement or provision of this Agreement and does not cure such default within fifteen (15) days after VSC has notified Sears in writing specifying the default; (iv) this Agreement is assigned by Sears other than with the consent of VSC; (v) a replacement Letter of Credit is not provided as required herein at least thirty (30) days prior to the expiry date of any then outstanding Letter of Credit; (vi) Sears ceases any operations which are material to the performance of this Agreement; (vii) Sears is suspended from conducting business or any of its certificates of authority or any similar licenses are suspended or revoked by any regulatory authority and such suspension or revocation may materially impair the effective performance of Sears under this Agreement or is otherwise material to the business or operations of Sears; (viii) Sears becomes subject to any injunction, decree, order or judgment (whether or not final or appealable) which may materially impair its effective performance under this Agreement; or (ix) Sears fails to comply with any applicable statutory net worth requirement. VSC shall never be required to accept payment of the amount equal to One Hundred Percent (100%) of the Required Amount from Sears by any means other than through a draw under the Letters of Credit.



(f)  Instead of providing Letters of Credit, VSC may agree to accept cash to be held as agreed to provide VSC with security for Sears' obligations under this Agreement; provided that the sum of the undrawn amounts under the Letters of Credit and cash must always equal or exceed the Required Amount.

6.  **Information for Administration.**  On or before April 1 and October 1 of each year, Sears shall provide all reasonable claims and sales data/information requested by VSC to monitor the Required Amount and to permit VSC to administer the Designated Contracts.  If Sears defaults in its obligations with respect to some or all of the Designated Contracts or if any of the events described in Section 5(b) have occurred, VSC in its discretion may assume administration of some or all of the claims services under some or all of the Designated Contracts.  All information provided by Sears to VSC shall be subject to the Mutual Confidentiality Agreement dated April 9, 2004 between Sears and VSC.

7.  **Notices.**  Any notice or other communication required or permitted under this Agreement shall be in writing and shall be deemed to have been duly provided if delivered by hand delivery, by certified or registered first class mail, postage prepaid, return receipt requested, by recognized overnight courier service, or by facsimile or other means of electronic transmission (with reasonable evidence of receipt) addressed as follows:

(a)  If to VSC:
Virginia Surety Company, Inc.
Attention: Mike Frosch
175 W Jackson Blvd
Chicago, Illinois 60604

With a copy to General Counsel at the same address

(b)  If to Sears:
Sears Protection Company
Attention: Warranty Division President
3333 Beverly Road
Hoffman Estates, Illinois 60179

With a copy to:
Sears Protection Company
Attention: Deputy General Counsel
3333 Beverly Road

5.20.11 Final

Hoffman Estates, Illinois 60179

or to such other address or addresses as such party may from time to time designate for itself by like notice. Notices shall be effective upon receipt.

**8. Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of each party and its respective successors and permitted assigns, but shall not be assignable or delegable in whole or in part by any party without the prior written consent of the other party and shall conform with all applicable statutes. Any purported assignment without such consent will be void.

**9. Entire Agreement.** This Agreement (together with the Policies and Schedules hereto) supersedes any other agreement, written or oral, that may have been made or entered into by the parties hereto (or by any director, officer or representative of any such party) relating to the matters contemplated hereby. This Agreement (together with the Policies and Schedules hereto) constitutes the entire agreement by and between the parties with respect to the subject matter hereof and there are no agreements or commitments except as expressly set forth herein.

**10. Amendments and Modifications.** This Agreement may be amended or supplemented at any time only by additional written agreements executed by both parties.

**11. Compliance with Law.** Each party in its performance hereunder shall comply with all applicable laws and regulations. Each party agrees to defend, indemnify and hold the other party harmless from liability to the extent the indemnifying party fails to so comply with applicable laws and regulations.

**12. Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

**IN WITNESS WHEREOF,** the parties have caused this Amended and Restated Indemnity Agreement to be executed by their duly authorized officers.

ATTEST                                    SEARS PROTECTION COMPANY

_____  7/14/11        By _____  7/2/11
Asst Secretary                               Gary Mitzner, Vice President

ATTEST                                    SEARS PROTECTION COMPANY (FLORIDA) LLC

_____  7/14/11        By _____  7/12/11
Secretary                                    Gary Mitzner, Vice President

Asst ATTEST                               VIRGINIA SURETY COMPANY, INC.

5.20.11 Final                             - 5 -

Ash Corp    Secretary _____

By _____ PRESIDENT    8/3/4
(Name)    (Title)    (Date)

5.20.11 Final

- 6 -