**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) ) ) | Case No. 18-23538 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE
TO FILE UNDER SEAL TRANSFORM HOLDCO LLC'S OMNIBUS REPLY IN
SUPPORT OF ASSUMPTION AND ASSIGNMENT OF DESIGNATABLE LEASES**

Transform Holdco LLC (the "Buyer" and together with its affiliates, "Transform"), the Buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019 (as may be amended, restated, supplemented or modified from time to time, the "APA")[2], by and among the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* (ECF No. 2507), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* (ECF No. 2599) (the "Notice of Filing of Amendment No. 1 to the APA"). Capitalized terms used but not defined herein have the meanings ascribed to them in the APA.

Buyer, Sears Holdings Corporation ("SHC"), and each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively with respect to SHC's chapter 11 affiliates, the "Debtors," and together with Transform, the "Parties"), by and through its undersigned counsel, respectfully submits this motion (this "Motion") for entry of an order (the "Order") authorizing Transform to file under seal certain portions of *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designatable Leases* (the "Reply Brief"); the *Declaration of Robert A. Riecker in Support of Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designatable Leases* (the "Riecker Declaration") and the exhibits thereto. Transform seeks entry of an order, substantially in the format attached hereto as **Exhibit 1** (the "Proposed Order"), determining that the commercially sensitive, confidential and non-public information in the Reply Brief and the Riecker Declaration and its exhibits thereto related to Transform's ability to demonstrate adequate assurance of future performance be withheld from public view. In further support of this Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

**BACKGROUND**

4.  On October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

5.  On November 1, 2018, the Debtors filed a motion (ECF No. 429) (the "Sale Motion") seeking, among other things, the entry of an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9007 and 9008 of the Bankruptcy Rules, and Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules, authorizing and approving procedures for the sale of the Debtors' assets and for the assumption and assignment of executory contracts and/or unexpired non-residential real property leases of the Debtors.

6.  On November 19, 2018, the Bankruptcy Court entered an order (ECF No. 816) (the "Bidding Procedures Order") approving the global bidding and sale procedures for the sale of the Debtors' assets. The Bidding Procedures Order recognized the sensitivity of information provided to demonstrate an assignee's ability and willingness to perform assumed executory contracts and leases ("Adequate Assurance Information") pursuant to section 365 of the Bankruptcy Code. In particular, the order stated that Adequate Assurance Information was to be provided to applicable counterparties "on a strictly confidential basis" and that objections to adequate assurance which "disclose[] confidential, non-public information included in the Adequate Assurance Information, which shall be expressly identified as non-public and confidential therein, ***must be filed with the***

3

***Court with such confidential, non-public information redacted*** . . . ." Bidding Procedures Order at ¶ 37 (emphasis added).

7. On January 14, 2019, the Debtors commenced an auction for the sale of substantially all of its assets. On January 16, 2019, Transform, having been formed by ESL Investments Inc. and its affiliates as a vehicle to acquire these and certain non-debtor assets, was declared the successful bidder at the auction, and on January 18, 2019, the Debtors filed a notice to this effect (ECF No. 1730).

8. On January 18, 2019, Debtors also filed and served on applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice"), which included proposed cure amounts for leases subject to assumption and assignment as part of the sale of substantially all of the Debtors' assets.

9. On January 23, 2019, the Debtors filed and served on applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "Supplemental Notice"). On January 31, 2019, the Debtors filed and served on applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice"). Thereafter, on March 5, 2019, March 29, 2019, April 9, 2019, April 11, 2019 and April 23, 2019 respectively, the Debtors filed and served on applicable counterparties a third (ECF No. 2753), fourth (ECF No. 2995), fifth (ECF No. 3097), sixth (ECF No. 3152), and seventh (ECF No. 3330) supplemental notice (collectively

with the Initial Notice, Supplemental Notice and Second Supplemental Notice, the "Assumption Notices").

10. On February 8, 2019, the Bankruptcy Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507). Under the terms of the Sale Order, Transform is permitted to designate Additional Contracts and Designatable Leases (together, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date, or February 11, 2019. The Debtors' and Transform agreed to extend this period and, on April 12, 2019, the Debtors filed a *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (ECF No. 3171), extending the period to designate the Designatable Leases to May 3, 2019, and the Additional Contracts to May 13, 2019.

11. On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008). The Assumption and

Assignment Order established, among other things, a noticing procedure for the assumption and assignment of Additional Assigned Agreements.

12. In accordance with the Sale Order and the Assumption and Assignment Order, Transform has designated certain leases for assumption and assignment (the "Designated Leases").

13. Between the filing of the Initial Notice and May 3, 2019, a number of objections to the Assumption Notices were filed by counterparties to the Designated Leases.

14. On May 3, 2019, the Court entered an order granting the motion of Urban Edge Properties LP to file an objection and related declarations and exhibits under seal (ECF No. 3610). Notably, Urban Edge Properties LP's objection contained redacted references to information contained in the Reply Brief and the Riecker Declaration and the exhibits thereto. See ECF No. 3560.

15. The Reply Brief and the Riecker Declaration and the exhibits thereto include confidential, non-public and commercially sensitive Adequate Assurance Information, including Transform's cash availability and insurance coverage, which would be harmful to Transform's business interests if publicly released. In addition (along with the above, the "Confidential Information"), the Reply Brief and Riecker Declaration and the exhibits thereto contain further confidential, non-public and sensitive commercial information concerning Transform's financing arrangements and capital structure.

16. The Bidding Procedures Order do not specifically address the use of confidential, non-public and commercially sensitive Adequate Assurance Information identified in a reply to an objection to adequate assurance. However, the Bidding Procedures Order do require any objection identifying such Adequate Assurance Information be filed under seal, therefore it is a logical extension of the Bidding Procedures Order to have that same Adequate Assurance Information

6

filed under seal when identified in a reply. Accordingly, Transform respectfully requests that the Court grant the present Motion and permit Transform to file the Confidential Information under seal. Transform further notes for the Court that to the extent testimony is called for at the hearing to be held on Wednesday, May 8, 2019 which would concern, quote or otherwise reference the confidential, non-public and commercially sensitive information referred to herein, Transform will seek sealing of the courtroom as necessary.

## **RELIEF REQUESTED**

17. By this Motion, Transform seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Reply Brief and the Riecker Declaration and the exhibits thereto under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## **BASIS FOR RELIEF**

18. The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

19. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

7

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

20. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

21. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

22. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." Id. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. at 27. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). In re Glob. Crossing, Ltd., 295 B.R. at 724; see also Fed. R. Bankr. P. 9018.

23. Here, the Reply Brief and the Riecker Declaration and the exhibits thereto contain confidential, non-public and sensitive business information, including details of Transform's financial condition and projected performance, Transform's current real estate spend, the terms of Debtors' and Transform's financing arrangements, and details about Transform's recently-obtained insurance policies, which policies are attached as exhibits to the Riecker Declaration. This information falls squarely within the category of confidential commercial information in section 107(b)(1) of the Bankruptcy Code.

24. Moreover, the Reply Brief and the Riecker Declaration and the exhibits thereto summarize and attach correspondence between Transform and certain counterparties to executory contracts and leases to be assumed and assigned. The Reply Brief and the Reicker Declaration specifically cite to language in that attached correspondence regarding Transform's capital structure, cash availability, and payment obligations for various loan facilities. This information likewise falls squarely within the protected category of confidential commercial information under section 107(b)(1) of the Bankruptcy Code.

25. In addition, attached as exhibits to the Riecker Declaration, and summarized in both the Riecker Declaration and the Reply Brief, are two insurance policies that Transform recently acquired. The Reply Brief, Riecker Declaration, and the insurance policies themselves outline the extent of Transform's coverage, which could impact the amount of damages a third party could try to recover in any litigation where the policy is implicated, and therefore fall within the protected category of confidential commercial information under section 107(b)(1) of the Bankruptcy Code.

26. Finally, Transform notes that Transform is a private company with no obligation to furnish financial statements to the public.

27. The Proposed Order that Transform submits is narrowly tailored to restrict access only to commercially sensitive and confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

## NOTICE

28. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405). Transform respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Reply Brief and the Riecker Declaration and the exhibits thereto under seal and further relief deemed just, proper, and equitable.

Dated: May 6, 2019
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

 */s/ Luke A. Barefoot*
Luke A. Barefoot
Sean A. O'Neal

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[3] | ) ) ) | Case No. 18-23538 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

**PROPOSED ORDER GRANTING MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL TRANSFORM HOLDCO LLC'S OMNIBUS REPLY IN SUPPORT OF ASSUMPTION AND ASSIGNMENT OF DESIGNATABLE LEASES**

Upon the motion (the "Motion")[4] of Transform Holdco LLC (the "Buyer", together with its affiliates, "Transform") for entry of an order (this "Order") authorizing Transform to file the Reply Brief and the Riecker Declaration and the exhibits thereto under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the Bidding Procedures Order on November 19, 2018; and the Court having found that Transform provided appropriate notice of the Motion and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Transform is authorized to file the Reply Brief and the Riecker Declaration and the exhibits thereto under seal (the "Sealed Documents"), redacting only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors (on a confidential and "professional eyes only" basis), (d) counterparties to executory contracts and leases proposed to be assumed and assigned that timely objected on the basis of adequate assurance and (e) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the assumption and assignment or rejection of all relevant executory contracts and leases.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE