CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Andrew Weaver, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------- x

### TRANSFORM HOLDCO LLC'S OMNIBUS REPLY IN SUPPORT
### OF ASSUMPTION AND ASSIGNMENT OF DESIGNATED LEASES

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Transform Holdco, LLC ("Transform" or the "Buyer") as Buyer pursuant to the *Order (I)*
*Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of*
*Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances, (III)*
*Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in*
*Connection Therewith and (IV) Granting Related Relief* (the "Sale Order") approving the sale of
certain of the assets of the above-captioned debtors and debtors-in-possession (collectively, the
"Debtors") hereby submits this omnibus reply (the "Reply") in further support of the Sale Order,
the Court's *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts*
*and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF
No. 3008)  and in response to the objections to the Designated Lease Notices (as defined herein)
filed by the Buyer pursuant to the Assumption and Assignment Order (the "Objections" and the
objecting parties, the "Objecting Parties").  In support of the Reply, the Debtors respectfully state
as follows:

## PRELIMINARY STATEMENT[1]

The Debtors and Transform seek to assign and assume leases that are critical to
the Buyer's plan to save Sears.  The real estate footprint underlying the Buyer's business plan
cannot be revised or reduced without meaningful impact on Transform and its stakeholders.  To
deny the assumption and assignment of the leases underpinning the retail and distribution
ecosystem would end any hope of saving an American retail icon and the accompanying tens of
thousands of jobs.  For almost seven months, the Debtors and Buyer have taken extraordinary
measures to develop a plan for a go-forward Sears.  The Parties agreed to a sale price and the

---

[1]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Revised
Assumption and Assignment Order attached hereto as Exhibit A.

terms of an asset purchase agreement, and the Buyer secured sufficient financing, employed a

significant majority of the old Sears workforce and has now operated the business for the past

three months.  The assignment and assumption of the Designated Leases is the final chapter of

this incredible story of a new Sears emerging from bankruptcy.  Granting the order to assume

and assign the Designated Leases is the only way to fully fulfill the promise of the Court's Sale

Order entered on February 8, 2019.

A number of landlords have raised a series of objections to the notices of

assignment and assumption, including, among others, as to cure amounts, the transfer free and

clear of use restrictions and Buyer's adequate assurances.  The Buyer has worked tirelessly to

either resolve or adjourn as many objections as possible in the limited amount of time afforded

under the schedule prior to the hearing on the motion which nearly abuts the deemed rejection

deadline under Bankruptcy Code Section 365(d)(4).  While the Buyer has successfully resolved

or adjourned a significant number of objections, a massive undertaking in light of the number of

Designated Leases, Buyer believes there are certain objections still outstanding.  To that end, in

this Reply, Transform has made a number of concessions and proposals that should resolve all

legitimate concerns and pave the way for assumption and assignment with appropriate

protections for all parties.  To the extent there are remaining objections, the Court should

overrule them and order the Designated Leases to be assumed and assigned on the terms of the

Revised Assumption and Assignment Order.

A material number of the objections relate to the Proposed Cure Amounts set

forth in the Designated Lease Notices.  The Buyer does not dispute that it must pay valid  and

timely asserted valid Cure Amounts promptly following assignment of a Designated Lease.

Accordingly, the Buyer will pay all valid, non-disputed Cure Amounts within five Business Days

of entry of the Revised Assumption and Assignment Order including a large number of cure

objections that have been resolved.  In the situations where there is a dispute as to the amount of

a Cure Amount, Buyer will employ a standard disputed cure procedures (contemplated by the

Sale Order), whereby it will escrow all Disputed Cure Amounts for the Designated Leases and

adjourn the objection, permitting the landlords and Buyer to continue efforts to reach a

consensual resolution while effectuating the assignment of the Lease prior to the Section

365(d)(4) deadline.  These landlords will fully reserve their cure objections and defenses and

retain their right to have the Court adjudicate the Disputed Care Amount associated with their

particular Designated Lease if no agreement is reached.

Particularly with the additional credit enhancements provided to landlords under

the Revised Assumption and Assignment Order, Transform has indisputably provided adequate

assurance of future performance under the Designated Leases.  As an initial matter, the Court

already held, as part of the Sale Hearing and based upon the arranged financing, asset values and

projected business plan for Transform, that for the Initial Assigned Agreements, "[a]ll of the

requirements of sections 365(b) and 365(f), including, without limitation, the demonstration of

adequate assurance of future performance and Cure Costs required by the Bankruptcy Code have

been satisfied . . . ."  Sale Order, ¶ 31.  The Court further noted that Transform "has presented

sufficient evidence regarding [its] business plan and demonstrated it is sufficiently capitalized to

comply with the necessary obligations" under these agreements.  *Id.*  While the landlords

expressly reserved their rights at the time of the Sale Order to raise objections as to adequate

assurance of future performance once additional assigned leases were identified, no facts have

changed that should change the Court's conclusion.  Indeed, following the recent close of a new

real estate loan, the majority of which was funded by third-party lenders, the Buyer's capital

structure has become more cost effective and flexible, allowing it to continue to grow and invest in operations.

███████████████████████████████████████████████████

███████████████████████████████████████ Additionally, for each landlord who timely raised an adequate assurance objection, pursuant to the Revised Assumption and Assignment Order, Buyer will provide a guarantee from a Transform entity with a balance sheet that represents the consolidated balance sheet for the entire organization, eliminating any question as to the capitalization of individual assignees and providing further adequate assurance of future performance.

Contrary to certain of the remaining objections, it is black letter law that the Court may approve the sale of assets, such as leases, free and clear of encumbrances and restrictive covenants, including anti-assignment restrictions.  For example, established authority in this district precludes landlords from blocking a debtor's assignment based on a right of first refusal, right of first offer, or similar restriction.  *See In re Adelphia Commc'ns Corp.*, 359 B.R. 65 (Bankr. S.D.N.Y. 2007).  To permit enforcement of such encumbrances or restrictions would materially impact a bankrupt estate's ability to maximize value of the estate for the benefit of all creditors.  While certain landlords object to Transform's efforts to assume leases free of non-monetary encumbrances, including easements that run with the land, such objections are moot, as the Buyer only seeks to acquire a sub-set of the Designated Leases free of such encumbrances, none of which involve objecting landlords.

While some landlords may seek leverage to evict Sears from their properties in hopes of profiting from higher rents, none of the remaining objections can survive legal scrutiny. The Court should utilize its authority to approve the assumption and assignment of the

Designated Leases and give full effect to the Sale Order entered three months ago.  Particularly

with the deemed rejection deadline under Section 365(d)(4), it is not too much to say that the

future of new Sears and the thousands of men and women it employs depends on it.

## BACKGROUND

1.      On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and

certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under title

11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The

Debtors' chapter 11 cases are being jointly administered before the Bankruptcy Court as Case

No. 18-23538.

2.      The Debtors filed a motion on November 1, 2018 (ECF No. 429) (the "Sale

Motion") seeking, among other things, the entry of an order pursuant to sections 105, 363 and

365 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9007 and 9008 of the Federal Rules of

Bankruptcy Procedure, and Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules for

the Bankruptcy Court, authorizing and approving procedures for the sale of the Debtors' assets

and for the assumption and assignment of executory contracts or unexpired non-residential real

property leases of the Debtors.

3.      On November 19, 2018, the Bankruptcy Court entered an order (ECF No. 816)

(the "Bidding Procedures Order") approving the global bidding and sale procedures for the sale

of Debtors' assets.

4.      On January 14, 2019, the Debtors commenced an auction for the sale of

substantially all of its assets.  On January 16, 2019, Transform, an entity formed by ESL

Investments Inc. and its affiliates ("ESL") as a vehicle to acquire these and certain non-debtor

assets, was declared the successful bidder at the auction, and on January 18, 2019, the Debtors

filed a notice to this effect (ECF No. 1730).

5.      On January 18, 2019, Debtors also filed and served on applicable counterparties

the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and

Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial

Notice"), which included proposed cure amounts for leases subject to assumption and

assignment as part of the sale of substantially all of Debtors' assets.

6.      On January 23, 2019, the Debtors filed and served on applicable counterparties

the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory

Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774)

(the "Supplemental Notice").  On January 31, 2019, the Debtors filed and served on the

applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential

Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with

Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice").  Thereafter, on

March 5, 2019, March 29, 2019, April 9, 2019, April 11, 2019 and April 23, 2019, the Debtors

filed and served on applicable counterparties a third (ECF No. 2753), fourth (ECF No. 2995),

fifth (ECF No. 3097), sixth (ECF No. 3152) and seventh (ECF No. 3330) supplemental notice,

respectively (collectively with the Initial Notice, Supplemental Notice and Second Supplemental

Notice, the "Cure Notices").

7.      Pursuant to the Bidding Procedures Order, each of the Cure Notices required the

applicable counterparties to file and serve, within 8 days, any objections, including as to

Proposed Cure Amounts.  The Bidding Procedures Order and each of the Cure Notices made

clear that failure to do so would bar the applicable counterparty from contesting the Proposed Cure Amounts.

8.      On February 8, 2019, the Bankruptcy Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order").[2]  Under the terms of the Sale Order, Transform is permitted to designate Additional Contracts and Designatable Leases (together, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date, which occurred on February 11, 2019.  The Debtors' and Transform agreed to extend this period and, on April 12, 2019, the Debtors filed a *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (ECF No. 3171) (the "Extension Notice"), extending the period to designate the Designatable Leases to May 3, 2019, and the Additional Contracts to May 13, 2019.

9.      While the Sale Order reserved the rights of landlords whose leases were not yet assigned, the Court made findings that Transform had provided adequate assurance of future performance. Sale Order ¶ 31 ("[a]ll of the requirements of sections 365(b) and 365(f), including, without limitation, the demonstration of adequate assurance of future performance and Cure Costs required by the Bankruptcy Code have been satisfied . . . .").  The Sale Order also included

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Order.

a mechanism for assumption and assignment akin to the Disputed Cure Procedures set forth in the Revised Assumption and Assignment Order. Sale Order ¶ 29.

10.     On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (ECF No. 3008) (the "Assumption and Assignment Order"). The Assumption and Assignment Order established, among other things, a noticing procedure for the assumption and assignment of Additional Assigned Agreements.

11.     In accordance with the Sale Order and the Assumption and Assignment Order, Transform has designated certain leases for assumption and assignment (the "Designated Leases") by filing notices of assumption and assignment of Designatable Leases (collectively, the "Designated Lease Notices").[3]

12.     Between the filing of the Initial Notice and May 3, 2019, a number of objections (collectively, the "Objections") to the Cure Notices and to the Designated Lease Notices were filed by counterparties to the Designated Leases (the "Objecting Parties"). Attached as Annex 1 is a summary chart of the Objections filed to date (the "Objection Chart"), including a brief description of the Objection, whether such objection has been adjourned or resolved and, for those Objections not adjourned or consensually resolved, the category of objection that should be overruled for the reasons set forth in this Reply.

13.     As summarized on the Objection Chart and for the reasons set forth herein, the Objections not otherwise consensually adjourned or resolved should be overruled and the

---

[3]     The Debtors or Buyer have filed Designated Lease Notices with respect to Designated Leases on the following dates and with the following ECF numbers: March 15, 2019 (ECF No. 2854), April 2, 2019 (ECF Nos. 3017, 3023), April 4, 2019 (ECF No. 3034), April 5, 2019 (ECF Nos. 3057, 3068), April 8, 2019 (ECF No. 3088), April 15, 2019 (ECF Nos. 3211, 3214), April 18, 2019 (ECF No. 3290), April 19, 2019 (ECF Nos. 3297, 3298, 3299), April 23, 2019 (ECF No. 3329), April 24, 2019 (ECF No. 3331), April 25, 2019 (ECF No. 3369), April 26, 2019 (ECF No. 3395), April 29, 2019 (ECF No. 3416), April 30, 2019 (ECF No. 3448), and May 1, 2019 (ECF No. 3462).

Bankruptcy Court should enter the Revised Assumption and Assignment Order attached hereto as <u>Exhibit A</u> authorizing the Debtor to assume and assign the Designated Leases in accordance with the APA, Sale Order and Revised Assumption and Assignment Order.

### A. Objections Resolved or Adjourned

14.     As summarized in the Objection Chart, to date the Buyer has resolved or adjourned more than 80 Objections.  Those Objections have been resolved or adjourned  as set forth below:

### 1. Stipulated Extensions

15.     By agreement between the Buyer and certain counterparties to Designated Leases, the Buyer, Debtors and applicable counterparties have agreed to extend the deadline to assume or reject such Designated Lease and the applicable Bankruptcy Code Section 365(d)(4) deadline with respect to such Designated Lease (the "Extended Designated Leases").  The Extended Designated Leases are categorized as "extended" on the Objection Chart and the Buyer continues to work with the Extended Designated Lease counterparties to resolve any outstanding objections.  To the extent not consensually resolved, the Buyer will schedule such objections for hearing prior to expiration of the extended period under Section 365(d)(4).[4]

### 2. Order Clarification Objections

16.     Certain Objecting Parties have requested that the Buyer include specific clarifying language in the Revised Assumption and Assignment Order (the "Clarifying Objecting Parties").  The Buyer has agreed to include certain language in the Revised Assumption and Assignment

---

[4]        While the vast majority of these extensions have been documented in stipulations that have been filed on notice of presentment, certain of the extensions are still in the process of being documented and will be filed prior to the Hearing.

Order and the Buyer believes such language in the proposed Revised Assumption and Assignment Order should resolve all Objections of the Clarifying Objecting Parties.

    3.    <u>Cure Objections</u>

17.    The Buyer has agreed to pay undisputed Cure Amounts as set forth in the applicable Designated Lease Notices or agreed between the parties ("<u>Undisputed Cure Amount</u>"), thereby resolving certain Objections to the applicable Proposed Cure Amounts with respect to a majority of the Objecting Parties asserting cure objections.  For any landlords that timely filed and served an Objection asserting a Cure Amount in excess of an Undisputed Cure Amount ("<u>Disputed Cure Amount</u>") the Buyer seeks to employ the proposed disputed cure procedures as set forth in the Proposed Revised Order (the "<u>Disputed Cure Procedures</u>"), whereby the Buyer will escrow the full value of any Disputed Cure Amounts pending an agreement among the Buyer and the relevant Objector or further order of the Court.  The Disputed Cure Procedures provide adequate assurance of payment of all valid Cure Amounts as required by Bankruptcy Code Section 365(b).   The Buyer has agreed to adjourn each unresolved Disputed Cure Objection pursuant to the proposed Disputed Cure Procedures.  For the avoidance of doubt, the Buyer does not contemplate an evidentiary hearing on any cure issues or resolution of such issues other than approval of the Disputed Cure Procedures at the May 8th Hearing.

    4.    <u>Indemnification Obligation Objections</u>

18.    Several Objecting Parties assert in their respective Objections that the Buyer cannot assume their respective Designated Lease without assuming all indemnification obligations of the tenant with respect to such Designated Lease, including potential indemnification obligations for the pre-Closing Date period.   To resolve these Objections, the Buyer has agreed to and will assume all valid indemnification obligations for each Objecting

Party asserting indemnification obligations for such Objecting Party's Designated Lease(s) that are not presently known and that thus could not be included in a cure objection and has included revised language in the Revised Assumption and Assignment Order to reflect this agreement. Notwithstanding the foregoing, the Buyer reserves its rights to seek indemnification from the Debtors for any indemnification claims asserted by any such Objecting Party against the Buyer attributable to the pre-assignment period in accordance with the terms of the APA and Sale Order.[5]

### B. Transform Has Provided Adequate Assurance Of Future Performance

19.     Transform has sufficiently demonstrated adequate assurance of future performance under Section 365(f)(2) of the Bankruptcy Code and, if demonstrated to be applicable, Section 365(b)(3) of the Bankruptcy Code.  As set forth in the *Notice of Hearing on Assumption and Assignment and Cure Notices of Transform Holdco LLC* (ECF No. 3461), any landlord was able to contact Transform and receive, on a confidential basis, financial information relevant to assessing adequate assurance.[6]  To the extent any landlord still objects on the basis of adequate assurance, the objections should be overruled, as the objectors are attempting to impose a higher burden of certainty than is legally required.

20.     Analyzing whether adequate assurance has been provided requires an evaluation of the facts and circumstances of the case at hand.  *See Androse Assocs. of Allaire, LLC v. Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 472 B.R. 666, 674-75 (S.D.N.Y. 2012)

---

[5]     APA § 2.5 ("For the avoidance of doubt, notwithstanding anything to the contrary set forth in this Agreement, neither Buyer nor any Assignee shall have any obligations in respect of any portion of any year-end (or other) adjustment (including for royalties, rents, utilities, Taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under any of the Acquired Leases or any other Assigned Agreements for the calendar year in which the  applicable Lease Assignment occurs that is attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y)  any previous calendar year, and Sellers shall fully indemnify and hold harmless Buyer and the applicable Assignee with respect thereto").

[6]     This information is being filed, subject to redactions and under seal, simultaneously herewith.

(making clear that "[w]hether adequate assurance of future performance has been provided [in

the context of § 365] is determined by the facts and circumstances of each case") (first alteration

in original) (internal quotation marks omitted); *see also In re Rock 49th Rest. Corp.,* No. 09-

14557(ALG), 2010 WL 1418863, at *10 (Bankr. S.D.N.Y. Apr. 7, 2010) ("To determine whether

a debtor has provided adequate assurance, a court must look at the facts and circumstances of

each case.").  To prove adequate assurance, Transform need not demonstrate an absolute

guarantee that it will thrive and make a profit.  *See In re Natco Indus., Inc.*, 54 B.R. 436, 440

(Bankr. S.D.N.Y. 1985) (noting that the standard does not require a debtor to prove that it "will

thrive and make a profit," but rather that it "appears that the rent will be paid and other

obligations thereunder met"); *see also In re Peterson's Ltd.*, 31 B.R. 524, 527-28 (Bankr.

S.D.N.Y. 1983) (noting that "assurance does not require a 100% guarantee that the lease will be

performed.  It merely requires 'adequate' assurance and that has been provided").  While the

Bankruptcy Code's adequate assurance provisions do protect landlords and lessors, "Congress

intended to favor assumption and assignment of leases as a means of realizing value for the

estate and aiding in its progress toward rehabilitation."  *In re Bygaph, Inc.*, 56 B.R. 596, 605

(Bankr. S.D.N.Y. 1986).

21.    Instead of focusing on whether a business will thrive, the analysis involves an

assessment of the general financial wherewithal of Transform and its affiliates to satisfy its lease

obligations.  *See In re Bygaph, Inc.*, 56 B.R. at 605–06 (holding that a proposed assignee's

personal financial resources, willingness to fund the new business for a strong likelihood of

success combined with the assignee's experience in running restaurants demonstrated adequate

assurance).  The adequate assurance of future performance provided should be measured against

commercial standards.  *See In re Lafayette Radio Elecs. Corp.*, 9 B.R. 993, 1000 (Bankr. E.D.N.Y. 1981).

22.    Moreover, the fact that the rent under a lease to be assumed is significantly below market could itself serve as adequate assurance of future performance.  *In re M. Fine Lumber Co.*, 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008).  Courts have found adequate assurance of future performance where a lease is below market rate because it is unlikely that a landlord would be unable to find a tenant at such a rate.  *See In re Sapolin Paints, Inc.*, 5 B.R. 412, 421 (Bankr. E.D.N.Y. 1980).  Because of the lack of a vacancy risk, allowing assumption and assignment prevents landlords from using legislative concerns about their protection to attain a windfall in the form of higher rents.  *Id.*  "[T]he assumption and assignment process is not designed to afford a landlord with a benefit in addition to that which he originally bargained for under the original lease." *In re Bygaph, Inc.*, 56 B.R. at 605.

1.    Transform Provided Adequate Assurance Prior to the Closing Date

23.    Prior to the Closing Date, Transform and its affiliates sought to assume certain contracts and leases that were assigned as of the Closing Date (the "Initial Assigned Agreements").  To address any concerns as to future performance at that time, on January 18, 2019, Transform made available a letter the counterparties of the Initial Assigned Agreements who sought adequate assurance, providing key information regarding Transform and its affiliates ability to perform under the relevant agreements (the "January 18 Letter").  Riecker Decl. Ex. A.

24.    As set forth in the January 18 Letter, Transform intended to continue operating Sears with a smaller footprint of 425 stores, with a goal of leveraging a synergistic network and interdependent ecosystem across numerous business segments.  In addition to the footprint,

Transform would own related real estate interests and significant lines of businesses.  Riecker Decl. Ex. A at 2.

25.      In the January 18 Letter, Transform set out details on its ability to consummate the global sale transaction.  Specifically, Transform established that it had sufficient capital to purchase the assets and to perform under the applicable assumed contracts and leases on a go-forward basis, and intended to perform under such contracts and leases.  Transform further noted that the transaction would be financed in part through ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████  Riecker Decl. Ex. A at 2.

26.   ████████████████████████████████████████

████████████████████████████████  Transform also said that, with input from management from SHC, it had identified significant cost savings that are expected to materially reduce corporate selling , general and administrative ("SG&A") and supply expenses during the course of 2019.  Riecker Declaration Ex. A at 2.

27.      Based upon this information, the Bankruptcy Court explicitly found that, for the Initial Assigned Agreements, "[a]ll of the requirements of sections 365(b) and 365(f), including, without limitation, the demonstration of adequate assurance of future performance and Cure Costs required under the Bankruptcy Code have been satisfied."  Sale Order ¶ 31.  The Bankruptcy Court further noted that Transform "has presented sufficient evidence regarding [its]

business plan and demonstrated it is sufficiently capitalized to comply with the necessary

obligations" under these agreements.  *Id.*

### 2.  Transform Provided Further Adequate Assurance Of Future Performance

28.    Following the close of the global sale transaction, Transform made its decisions

as to which locations would be part of the go-forward store footprint, and noticed the applicable

leases and sub-leases for assumption and assignment.  In connection with these designations,

again in response to concerns raised about adequate assurance, on April 26, 2019, Transform

made available another letter to counterparties to additional contracts and leases setting forth

important information about Transform's ability to perform under the contracts and leases going

forward, (the "April 26 Letter").  The April 26 Letter tracked the information provided in the

January 18 Letter – although it reflected an improved capital structure for Transform – that the

Bankruptcy Court found sufficient to satisfy adequate assurance of future performance when the

Court approved the sale of assets to Transform.  Riecker Decl. Ex. B.

29.    Transform again noted in the April 26 Letter that it intends to continue to operate

Sears with a smaller footprint of approximately 425 stores, with a goal of leveraging a

synergistic network and interdependent ecosystems across numerous business segments.  In

addition to the footprint, Transform owns related real estate interests and significant lines of

businesses.  Riecker Decl. Ex. B at 2.

30.    Transform and its affiliates have sufficient capital to perform under the applicable

assumed contracts and leases on a go-forward basis, and intends to perform under such contracts

and leases.  The sale transaction was financed in part by ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████  Riecker Decl. Ex. B at 2-3.

31.    ██████████████████████████████████████████

███████████████████████████████████  And Transform, with

input from management from SHC, identified significant cost savings that it expects to

materially reduce corporate SG&A and supply expenses during the course of 2019.  Riecker

Decl. Ex. B at 3.

32.    In addition to the assurances the Bankruptcy Court already found sufficient as of

the Sale Hearing, Transform's has further improved its capital structure.  █████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████  Riecker Decl. Ex. B at 3.

33.    ███████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

34.    ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

35.    This recent financing transaction underscores the willingness of outside lenders to transact with Transform on terms favorable to it, further strengthening its ability to perform under the assumed contracts and leases.  In short, the New Real Estate Loan provides market-tested validation of the conclusion made by the Court at the time of the Sale Hearing: Transform has an continues to perform.

36.    Further, the approximately 425 go-forward stores were selected because they are collectively EBITDA positive and comprise some of Sears' best performing stores historically. As a result of this right-sized and improved footprint, ████████████████████████████, and new initiatives spearheaded by experienced management, ████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ Riecker Decl. Ex. B at 7.

─────────────────────

██  ███████████████████████████████████████████████████
████████████████████████████

### 3.    Transform's Management Has Extensive Experience in the Retail Sector

37.    Transform has at its disposal the institutional knowledge of members of

management, who together possess decades of experience in the retail sector.  For example, the

Office of the Chief Executive is comprised of three executives – Leena Munjal, Greg Ladley,

and Rob Riecker.  Together, they have over 55 years of experience in the retail sector and

approximately 32 years working with Sears in particular.

38.    Leena Munjal, the Chief Digital Officer since January 2018, has been with Sears

since 2003.  Greg Ladley, who has been with Sears since 2017, spent 26 years at another major

clothing brand, giving him almost 30 years of experience in the retail industry.  Rob Riecker

joined Sears in 2005, and prior to joining Sears, he gained extensive experience in advising

businesses in financial matters through working as a director of Transaction Advisory Services at

PricewaterhouseCoopers.

39.    Moreover, Transform's management team is significantly the same as the former

Sears' management team.  Thus, even though Transform is a new entity, it has the benefit of the

experience of management intimately familiar with the contours of the business and the industry

and is ready to meet the challenges ahead as it executes on its business plan.

40.    Together, management has used its experience and industry familiarity to begin

adjusting to Transform's smaller footprint approach in a way that will stimulate growth.

Transform continues to reduce SG&A expenditures and invest in new technology initiatives to

reduce costs and improve efficiencies within the operations.

4.  <u>Transform Has Obtained New Insurance Coverage</u>

41.      Transform recently bound two new insurance policies that are relevant to all

property owners.

42.      

5.  <u>The Bankruptcy Court Should Again Find Adequate Assurance</u>

43.      Based upon the information available at the time of the Sale Hearing, as reflected

in the January 18 Letter, the Bankruptcy Court explicitly found that, for the Initial Assigned

Agreements, "[a]ll of the requirements of sections 365(b) and 365(f), including, without

limitation, the demonstration of adequate assurance of future performance and Cure Costs

required under the Bankruptcy Code have been satisfied."  Sale Order ¶ 31.  Transform's capital

structure has only improved.

44.      While the landlords expressly reserved their rights at the time of the Sale Order to

raise objections as to adequate assurance of future performance once additional assigned leases

were identified, no facts have changed that should change the Bankruptcy Court's conclusion.

Indeed, new facts, such as the improved capital structure following from the New Real Estate

Loan and Transform's new insurance coverage make the Bankruptcy Court's holding all the

more true today than it was at the time of the Sale Order.  Accordingly, the remaining objections

raised as to Transform's adequate assurance as to future performance are unfounded and should

be overruled.

45. 

Riecker Decl. Ex. E.

46. ⬛ Transform's

consolidated balance sheet reflects the assets and liabilities of the entire organization. ⬛

47. Certain landlords have timely raised an adequate assurance objection and argued

that the lack of segregated financials impacts the Bankruptcy Court's ability to properly assess

the assurances provided by Transform. To address these objections, for those landlords who

timely raised such an objection, as reflected in Exhibit B to the Revised Assumption and

Assignment Order, MidCo shall provide a guarantee in substantial form to <u>Exhibit B</u> to the

Revised Assumption and Assignment Order within fifteen (15) days of entry of an order

approving the assignment and assumption of those leases.  This guarantee from MidCo eliminates the need for any inquiry into the separate financials of the proposed assignee and further supports the Bankruptcy Court again concluding that Transform and its affiliates have provided adequate assurance of future performance to those landlords who have so objected. *Matter of U.L. Radio Corp.*, 19 B.R. 537, 542-43 (Bankr. S.D.N.Y. 1982) (finding adequate assurance of future performance satisfied in part because the president of the assignee executed a personal guarantee of rental obligations for the first two years of assignment).

48.    While the Bankruptcy Court need not determine whether Transform will thrive, based on an assessment of its general financial wherewithal, Transform and its affiliates, ███ █████████████████████████████████████████████████████████████████, has met its burden to provide adequate assurance that it will be able to satisfy the lease obligations. *See In re Bygaph, Inc.*, 56 B.R. at 605–06.

49.    Certain landlords seek to invoke Section 365(b)(3) of the Bankruptcy Code, which establishes a more rigorous adequate assurance standard for shopping center leases than ordinarily applies under Section 365(f).  However, the landlord bears the burden of demonstrating that a particular lease is a shopping center lease for purposes of Section 363(b)(3). *In re Great Atlantic & Pacific Tea Co., Inc.*, No. 10-24549 (Bankr. S.D.N.Y. Jul. 7, 2011) ECF 2283 at 98 (Drain, J.) (citing *In re Ames Stores, Inc.*, 121 B.R. 160, 163 (Bankr. S.D.N.Y. 1990)).  The objecting landlords claiming to qualify as shopping centers have not met that burden here and, in fact, many of them entirely failed to discuss any of the relevant fact-intensive factors to this analysis. [8]  Of those remaining Objecting Parties, that raise shopping center issues,

---

[8]    To determine whether a property is a shopping center, courts look to the following non-exhaustive list of fourteen factors: (1) whether there is a combination of leases; (2) whether all leases are held by a single landlord; (3) whether all tenants engaged in the commercial retail distribution of goods; (4) the presence of a common parking area; (5) the purposeful development of the premises as a shopping center; (6) the existence of a master lease; (7) the

those that mention the necessary factors fail to engage with them and, instead, simply make

blanket statements regarding the status of these leases as a shopping center leases.

      C.    **Transform Will Pay All Valid Cure Amounts and the Disputed Cure Procedures Provide Designated Lease Counterparties with Adequate Assurance that all Valid Cure Amounts Will be Paid**

    50.     As set forth on the Objection Chart, a significant number of the Objections to the

assumption of the Designated Leases relate to a dispute regarding the Proposed Cure Amounts

set forth on the Designation Notices. The Buyer does not dispute that valid Cure Amounts for

each Designated Lease are required to be paid pursuant to Bankruptcy Code § 365(b)(1).

Accordingly, the Buyer will pay all Undisputed Cure Amounts within 5 Business Days of entry

of the Revised Assumption and Assignment Order. Subject to Court approval, the Buyer will

escrow all Disputed Cure Amounts pending an agreement among the Buyer and the relevant

Objecting Party or further order of this Court establishing the valid Cure Amount for such

Designated Lease.

    51.     The Buyer has worked diligently since the Closing Date and the dates of filing of

the Designated Lease Notices with both the Debtors and the Objecting Parties to resolve as many

Objections with respect to the Proposed Cure Amounts as possible. Since the Closing Date, the

Buyer has reached resolution with respect to the appropriate Cure Amount with dozens of

counterparties and also resolved numerous informal objections. The Buyer continues to work

---

existence of fixed hours during which all stores are open; (8) the existence of joint advertising; (9) contractual interdependence of the tenants as evidenced by restrictive use provisions in their leases; (10) the existence of percentage rent provisions in the leases; (11) the right of the tenants to terminate their leases if the anchor tenant terminates its lease; (12) joint participation by the tenants in trash removal and other maintenance; (13) the existence of a tenant mix; and (14) the contiguity of the stores. *In re Ames Dept. Stores, Inc.*, 348 B.R. 91, 95 (Bankr. S.D.N.Y. 2006). The most important of these factors are: (1) whether there is a combination of leases which are (2) all held by a single landlord and (3) leased to a commercial retail distributor of goods with (4) the presence of a common parking area. *See In re Ames Dept. Stores, Inc.*, 348 B.R. at 95 (citing *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1087-88 (3d Cir. 1990).

diligently to resolve the remaining objections to the Proposed Cure Amounts and expects to resolve a significant number of disputes in the coming days.

52.    Notwithstanding the Buyer's and Debtors' efforts to resolve outstanding disputes with respect to the Proposed Cure Amounts, given the number of Designated Leases reflected on the Designated Lease Notices and the limited amount of time between the Closing Date and the end of the Designation Rights Period and the deadline under Section 365(d)(4), the Buyer has not been able to resolve all outstanding objections with respect to the Cure Amounts.  As such, the Buyer and the Debtor have proposed Disputed Cure Procedures, substantially similar to the disputed cure procedures approved through the Sale Order, to resolve all remaining disputes with respect to the Proposed Cure Amounts.  *See* Sale Order, ¶29 (providing for payment of undisputed Cure Costs and requiring Buyer to establish cash reserve for disputed Cure Amounts).

53.    As set forth in the Revised Assumption and Assignment Order, the Disputed Cure Procedures require the Buyer to (1) pay the Undisputed Cure Amounts to the applicable counterparty for all Designated Leases within 5 Business Days of entry of the Revised Assumption and Assignment Order and (2) escrow the full amount of all Disputed Cure Amounts for the Designated Leases.

54.    Bankruptcy courts routinely approve disputed cure procedures substantially similar to the proposed Disputed Cure Procedures.  Bankruptcy Code § 365(b)(1) requires that the trustee cure or provide adequate assurance that it will promptly cure any monetary default prior to assumption of any unexpired lease of real property. 11 U.S.C. § 365(b)(1).  Bankruptcy Courts have routinely permitted debtors and trustees to discharge this burden through processes that mirror the Disputed Cure Procedures.  *See, e.g.*, *In re Steve & Barry's Manhattan LLC*, No.

08-12579 (ALG), 2008 WL 8168312 (Bankr. S.D.N.Y. Aug. 5, 2008) (approving assignment of

contracts with disputed cure amounts including procedures for debtors to escrow reasonably

disputed cure amount pending agreement of the parties to the cure amount or further order of the

court); *In re Delphi Corp.*, No. 05-44481 (RDD), 2009 WL 2482146, at *29 (Bankr. S.D.N.Y.

July 30, 2009) ("To the extent the disputed Cure amounts have not been resolved prior to the

Effective Date, each Purchasing Entity shall establish an escrow account funded with Cash

sufficient to pay the face amount of the disputed Cure asserted with respect to any Other

Executory Contract or Other Unexpired Lease to be assigned to such Purchasing Entity pursuant

to the MDA Documents."); *In re G+G Retail, Inc.*, No. 06-10152 (RDD) (Bankr. S.D.N.Y. Aug.

22, 2006), ECF. No. 684 (order approving cure dispute procedures contemplating payment of

undisputed cure amounts within 10 business days of entry of order and brief reconciliation

period).    This Court has also expressly approved procedures whereby the debtor or trustee may

assume and assign contracts with outstanding cure disputes, so long as the debtor or trustee

agrees to pay any undisputed cure amount and escrow the remaining disputed cure amount.   *See*,

*e.g.*, *In re Mrs. John L. Strong & Co.*, No. 09-14820 (MG), 2009 WL 7262797, at *3 (Bankr.

S.D.N.Y. Sept. 9, 2009) ("The pendency of a dispute relating to cure amounts will not prevent or

delay the assumption or assumption and assignment of any Contracts. . . .   [I]f the parties are

unable to resolve their dispute, . . . the Debtors shall pay the undisputed cure amount and escrow

any reasonably disputed cure amount . . . .")

55.    Here, the Buyer has agreed to resolve all cure disputes with this same format.

Upon entry of the Revised Assumption and Assignment Order, the Buyer shall pay the full

amount of the Undisputed Cure Amounts for each Designated Lease, as set forth on Schedule 1

to the Revised Assumption and Assignment Order.   The current estimated amount of the

payment of the Undisputed Cure Amounts is $8 million.[9]  In addition, the Buyer shall escrow the

full amount of the Disputed Cure Amounts, which amounts shall be available to satisfy all valid

Cure Amounts upon consensual resolution of the valid Cure Amount between the Buyer and the

applicable counterparty or upon entry of an order of the Bankruptcy Court determining the valid

Cure Amount.  As of the current date, the Buyer expects that it will escrow approximately $8

million in the aggregate for Disputed Cure Amounts, as set forth on Schedule 1 to the Revised

Assumption and Assignment Order.[10]

56.     In addition, the Disputed Cure Procedures comply with Bankruptcy Code §

365(b)(1)(A) with respect to cure of any non-monetary defaults under any Designatable Lease.

Bankruptcy Code § 365(b)(1)(A) does not require that the Debtor or assignee cure any non-

monetary default under a unexpired lease of real property, but only that the assignee comply with

non-monetary obligations under the lease on a prospective basis and satisfy any pecuniary loss

suffered by a landlord as a result of a pre-petition non-monetary default. 11 U.S.C. § 365(b)(1).

Subject to the APA, Sale Order and the Revised Assumption and Assignment Order, Buyer will

comply with all non-monetary obligations under the Designated Leases on a prospective basis

and the Disputed Cure Procedures ensure that all monetary Cure Amounts will be paid.  All

objections with respect to purported pre-Petition Date non-monetary defaults, including the Rent

Report Objection (as defined *infra*), under the Designated Leases should therefore be overruled.

D.     The Court May Order that the Buyer Not be Required to Pay Any Additional Deposit Pursuant to 365(l) or Otherwise

57.     Certain landlords have objected to language in the Sale Order stating that the

Buyer is not required to pay additional deposits as a condition of receiving assignment of leases

---

[9]     The Buyer will present a further revised schedule at the Hearing to reflect any additional resolved Cure Amounts.

[10]    As adjournments are formalized and cure objections are resolved, this number is also subject to revision in advance of the Hearing.

that have been assumed by the Debtors.  To the extent such landlords baldly assert entitlement to a security deposit as adequate assurance of future performance by the Buyer under the relevant leases, the landlords rely on a fundamental misunderstanding of Bankruptcy Code subsection 365(l).

58.    First, that subsection states, in part, that in the event of an assignment of a lease to a third party, the landlord "may require a deposit or other security."  The concept of a deposit is offered simply as an example of a type of security, as a variety of forms of security can effectively assure a landlord of a tenant's creditworthiness.  Other types of security, as commonly understood, can include evidence of the tenant's access to capital, of which Transform has shown substantial evidence, or of a guaranty of payment from another creditworthy entity, which Transform has also committed to provide under the Revised Proposed Order.  Particularly where the relevant landlords may not have taken into account these alternative credit enhancements, the complete adequate protection picture already provides adequate assurance without any security deposit.  Second, the relevant objections fail to provide the requisite evidentiary showing to substantiate any entitlement under Section 365(l).  Specifically, section 365(l) provides that security, in the form of a deposit or otherwise, may be required "substantially the same *as would have been required by the landlord* upon the initial leasing to a *similar* tenant."   Any entitlement under this provision calls for a particular set of facts, which are entirely absent from the relevant objections.  In particular, a landlord must demonstrate that a certain quantity of security deposit is routinely required of tenants in a certain tier of creditworthiness, in order to invoke the statutory hook of Section 365(l), as compared to a naked grab unconnected from the landlord's practices or an analysis of the assignee's credit relative to the landlord's existing tenant base.  This necessarily requires a factual showing by

such landlord of <u>both</u> its routine practice and of the characteristics of tenants to whom that

practice is applied.  None of the objectors here have asserted anything of the sort.  What section

365(l) manifestly does not say is that assignment of an unexpired lease to a non-Debtor entity

can function as an excuse for a landlord to require substantially straitened lease terms to its new

tenant regardless of the tenant's creditworthiness, the landlord's practices with tenants of that

credit quality, or demonstrated ability to perform its obligations under the lease.  To the extent

the relevant objectors have not made the relevant factual showings, or attempt to use the

assumption and assignment process opportunistically to extract a benefit, any argument as to

entitlement to security deposit under 365(l) should be denied.

>    E.    The Court May Approve of the Sale of Assets Free and Clear of Liens,
>          <u>Encumbrances and Restrictive Covenants</u>

59.    To the extent that lease counterparties object to the Designated Lease Notices on

the basis that they contemplate a sale free and clear of certain liens and encumbrances, such

objections should be dismissed.  Subject to certain limitations, Section 363 of the Bankruptcy

Code, provides for exactly that relief and permits the Debtors to sell property free and clear of

any interest in such property.  *See* 11 U.S.C. § 363(f).

>    1.    The Debtors are Permitted to Assume and Assign Designated Leases to the
>          Buyer Notwithstanding Anti-Assignment Provisions or Rights of First Refusal
>          <u>Included in Designated Leases</u>

60.    The various objections seeking to block assumption and assignment of the

Designated Leases on the basis of rights of first refusal, use restrictions and other clauses that

impermissibly limit the assignability of the unexpired lease are without merit and should be

dismissed.  Pursuant to section 365(f), anti-assignment provisions in leases are unenforceable

with respect to the assignment of such lease from a debtor to a third party.  *See* 11 U.S.C.

§ 365(f).  Courts generally apply this provision broadly and similarly do not enforce de facto

anti-assignment provisions such as rights of first refusal, use restrictions, change in control

provisions and even certain profit-sharing agreements.  *See In re Adelphia Commc'ns Corp.*, 359

B.R. 65, 85-86 (Bankr. S.D.N.Y. 2007) (holding that the asserted rights of first refusal were

unenforceable under Section 365(f) of the Bankruptcy Code); *Ramco-Gershenson Props., L.P. v.

Serv. Merch. Co.*, 293 B.R. 169, 174 (M.D. Tenn. 2003) (finding a right of first refusal in a

shopping center lease unenforceable); *In re U. L. Radio Corp.*, 19 B.R. 537, 544 (Bankr.

S.D.N.Y. 1982) ("To prevent an assignment of an unexpired lease by demanding strict

enforcement of a use clause . . . contradict[s] clear Congressional policy . . . ."); *In re Rickel

Home Ctrs., Inc.*, 240 B.R. 826, 831 (D. Del. 1998) ("In interpreting Section 356(f), courts and

commentators alike have construed the terms to not only render unenforceable lease provisions

which prohibit assignment outright, but also lease provisions that are so restrictive that they

constitute de facto anti-assignment provisions."); *In re Jamesway Corp.*, 201 B.R. 73 (Bankr.

S.D.N.Y. 1996) (finding that a profit sharing on assignment of a lease constituted a de facto anti-

assignment provision); *Crow Winthrop Dev. Ltd. P'ship v. Jamboree LLC (In re Crow Winthrop

Operating P'Ship)*, 241 F.3d 1121 (9th Cir. 2001) (declining to apply a change in control

provision).

61.     Anti-assignment provisions and *de facto* anti-assignment provisions restrict

contract assignment, thereby materially impairing an estate's ability to realize value and

"thwart[ing] the fundamental policy of maximizing estate assets for the benefit of all creditors."

*In re Adelphia Commc'ns. Corp.*, 359 B.R. at 86-87 (holding that the asserted rights of first

refusal were unenforceable under Section 365(f) of the Bankruptcy Code).  As such, courts have

routinely found anti-assignment provisions included in leases unenforceable for purposes of

assumption and assignment by a debtor-in-possession or trustee pursuant to the express language

of Bankruptcy Code Section 365(f)(1).  11 U.S.C. § 365(f)(1); It is fundamental that a debtor

may assign its leases notwithstanding contractual anti-assignment provisions.  *In re Bradlees*

*Stores, Inc.*, No. 00-16033, 2001 WL 34809984, at *7 (Bankr. S.D.N.Y. Mar. 28,

2001), aff'd, No. 00-16033 (BRL), 2001 WL 1112308 (S.D.N.Y. Sept. 20, 2001) ("It is

fundamental that the debtor may assign its leases notwithstanding contractual anti-assignment

provisions").

62.     Furthermore, with respect to rights of first refusal, rights of first offer and similar

contractual provisions, courts in this district have observed that in multi-asset sales, such rights,

which apply to only a subset of the total executory contracts and unexpired leases to be assumed

and assigned are particularly likely to destroy value and have a chilling effect on future

bankruptcy auctions. *See In re Adelphia Commc'ns. Corp.*, 359 B.R. at 87.  This is precisely the

case here where the Revised Assumption and Assignment Order contemplates the assignment

and assumption and hundreds of leases and only a small subset of counterparties are seeking to

enforce these provisions.

### 2. The Debtors are Permitted to Assume and Assign Designated Lease to the Buyer Notwithstanding Certain Use Restrictions and Easements

63.     While certain Designated Leases counterparties assert objections on the basis of

use restrictions, the Buyers have tailored the relief sought so that the proposed Revised

Assumption and Assignment Order has no impact on restrictive covenants for Objecting Parties.

As a starting point, the Assumption and Assignment Order permits the Buyer to assume contracts

free and clear of specified restrictive covenants so long as they are identified in a particular

Designated Lease Notice. *Notice of Assumption and Assignment of Additional Designatable*

*Leases* (ECF No. 3298).  This is consistent with authorities that permit the Court to grant this

relief. *See In re Metroplex on the Atl., LLC*, 545 B.R. 786, 795 (Bankr. E.D.N.Y. 2016) ("Several

cases support the proposition that property may be sold free and clear of an easement, like any

other in interest in property, under all the prongs of § 363(f), including subsection (f)(5).”); *see

also In re Arena Media Networks LLC*, , No. 10-10667 (BRL) 2010 WL 2881346 (Bankr.

S.D.N.Y. Mar. 22, 2010) (court order permitting sale of property free and clear of encumbrances

including easements).

64.     While certain landlords object to this relief, the Buyer has resolved these

objections through limiting the scope of relief sought.  Specifically , the Debtors only seek to

apply paragraph 25 of the Revised Assumption and Assignment Order to a sub-set of the

Designated Leases and none of the properties subject to these objections are included on that

schedule and, therefore, these objections have been resolved.

F.     Notice Objections

65.     Certain Objecting Parties assert that certain Designated Leases cannot be assumed

and assigned to Buyer, on the basis that such parties did not receive notice of the Buyer's

applicable Assignment Notice.  As set forth in detail on the Objection Chart, the Buyer provided

proper notice, in accordance with the terms of the Assumption and Assignment Order, to each

party asserting such an objection.  Such notice is evidenced by affidavits of service, which were

filed publicly and promptly after service of each Assignment Notice.  When service of process is

properly effectuated by U.S. mail, “[c]ourts uniformly presume that an addressee receives a

properly mailed item when the sender presents proof that it properly addressed, stamped, and

deposited the item in the mail.” In re Dana Corp., 2007 WL 1577763, at *4 (Bankr.S.D.N.Y.

May 30, 2007) (noting that the presumption is very strong).  A bald assertion that process was

never received is not credited unless supported by evidence of non-receipt.  Such presumption

extends, logically, to email service properly effectuated pursuant to the relevant case

management procedures, which was the case with respect to some parties here.  No Objecting

Party has asserted sufficient evidence of non-receipt to rebut the strong presumption that service

was proper.

66.    Furthermore, to the extent an Objecting Party attempts to argue that notice was

not received, such argument is belied by the fact of such party's objection itself.  Entry of an

objection necessarily implies receipt of actual notice, obviating the due process concerns held up

as straw men by the applicable Objecting Parties.  Finally, with respect to certain Objecting

Parties who assert that entities were incorrectly named in an Assignment Notice, such entities

also received actual notice, as evidenced by their objections.  Any asserted errors in the names of

landlord entities have been corrected in the Revised Assumption and Assignment Order.

G. Objections to Sale Transaction

67.    Certain Objecting Parties have asserted Objections containing assertions that the

sale transaction should not be approved.  As set forth in the Sale Order, the Court has already

approved the sale transaction to Buyer and any objections to the approval of the sale transaction

are barred and should be overruled.

H. Individual Objections

68.    In addition to the summary of objections set forth in this Reply and on the

Objection Chart, certain Objections that raise individual issues should be overruled as set forth

below.

1.    The North K I-29, 2004 LLC Objection

69.    Objecting Party North K I-29 2004, LLC (the "North K I-29 Landlord") asserts in

paragraph 3 of the *Supplemental Objection of North K I-29 2004, LLC to Debtor's Notice of*

*Cure Cost and Objection to Assumption and Assignment of Lease* (ECF No. 3512) that the

ground lease for the property known as Store No. 3239, dated September 30, 1974, between
North K I-29 2004, LLC, as the current landlord, and Kmart Corporation, the current tenant (as
successor in interest to Troy Coolidge No. 18, LLC) (the "Store 3239 Ground Lease") cannot be
assumed and assigned by the Debtors, because a Debtor is not currently a tenant under the Store
3239 Ground Lease.  While in making this argument, the North K I-29 Landlord was
understandably relying on the information reflected in its records, the Store 3239 Ground Lease
is in fact held by a Debtor.   Specifically, the Store 3239 Ground Lease was assigned to Kmart
Corporation, a Debtor, as of March 14, 2019, prior to the entry of the Assumption and
Assignment Order and prior to the designation of the Store 3239 Ground Lease for assumption
and assignment.  See Declaration of Kimberly Black. Ex. A.   The assignment of the Store 3239
Ground Lease from Troy Coolidge No. 18, LLC to Kmart Corporation is permitted under the
express terms of Section 12 of the lease, which states that "[the tenant] may assign this Lease or
sublet the whole or any part of the demised premises."

70.    Therefore, pursuant to such assignment, Kmart Corporation, a Debtor, has a
recognizable interest in the Store 3239 Ground Lease, and the Store 3239 Ground Lease is part
of the Debtors' bankruptcy estate.  Following receipt of its supplemental objection, the Buyer
recently provided counsel to the North K I-29 Landlord with evidence of such assignment and to
the extent it remains outstanding, the North K I-29 Landlord's objection on these grounds should
be denied.[11]

---

[11]    The North K I-29 Landlord has also sought access to the relevant premises in an apparent effort to assert or
preserve additional cure objections.  The Buyer has agreed to permit such access, but reserves all its rights.

2.    <u>The City of Minneapolis Objection</u>

71.    The City of Minneapolis asserts in paragraph 9 of its O*bjection of the City of Minneapolis to (A) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction; and (B) The Global Asset Sale Transaction* (ECF No. 1954) that the ground lease for the property known as Store No. 3405, dated February 23, 1978, between the City of Minneapolis, as the current landlord, and Kmart Corporation, the current tenant (as successor in interest to Troy Coolidge No. 42, LLC) (the "<u>Store 3405 Ground Lease</u>") cannot be assumed and assigned by the Debtors, because a Debtor is not currently a party to the Store 3405 Ground Lease.  However, the Store 3405 Ground Lease was assigned to Kmart Corporation, a Debtor, as of February 7, 2019, prior to the entry of the Assumption and Assignment Order and prior to the designation of the Store 3405 Ground Lease for assumption and assignment.  Black Decl. Ex. B.  The assignment of the Store 3405 Ground Lease from Troy Coolidge No. 42, LLC to Kmart Corporation is permitted under the terms the Store 3405 Ground Lease.

72.    Therefore, pursuant to such assignment, Kmart Corporation, a Debtor, is a party to the Store 3405 Ground Lease, and the Store 3405 Ground Lease is part of the Debtors' bankruptcy estate.  The City of Minneapolis' argument that the a Debtor cannot assume and assign the Store 3405 Ground Lease because a Debtor is not party to the Store 3405 Ground Lease is factually inaccurate and moot, and City of Minneapolis objection on these grounds should be denied.

3.    <u>Rent Report Objection</u>

73.    Objecting Party John C. Adams and Kennylugenia Adams have asserted that the Debtors have failed to provide Subtenant Rent Reports since 2008 in accordance with the terms

of the applicable lease (the "<u>Rent Report Objection</u>") (ECF No. 1830). The requirement to provide subtenant rent reports pursuant to the lease, to the degree it would qualify as a default under the lease, would constitute a non-monetary default that the Debtor or Buyer need not cure prior to assumption of the Designated Lease. *See* 11 U.S.C. 365(b)(1)(A). Moreover, to the extent that the Rent Report Objection asserts damages arising from Debtors' past alleged conduct, such claims are subject to the Disputed Cure Procedures, and need not be decided at this time.[12]

### 4.   <u>McDonald's Corporation Objection</u>

74.    The Buyer seeks entry of the Revised Assignment and Assumption Order overruling the limited objections of McDonald's Corporation's with respect to the Debtors' and Transform's proposed cure amounts with respect to certain McDonald's leases and easements. (ECF No s. 1878, 2365, 2872 and 3551). Since January 25, 2019, McDonald's has complained that it does not have sufficient information to evaluate whether the Debtors' proposed cure amounts of $0 for certain leases were accurate, and since March 8, 2019, McDonald's has asserted that it needs additional time to undergo an estoppel process to assess the $0 proposed cure amount with respect to certain leases. Because McDonald's has had ample time to assess the proposed cure amounts, and was fully advised that it was required to assert any proposed additional cure amounts by the cure objection deadlines or it would be forever barred from doing so, Transform urges the Court to deny McDonald's request for additional time to conduct an estoppel process, and to preclude McDonald's from seeking to impose additional cure amounts in the future.

---

[12]    To the extent that the Rent Report Objection appears to suggest that the Debtors failed to deliver subtenant reports purportedly due under the terms of the relevant for more than ten years, the Buyer reserves all of its rights and defense, including without limitation, on the basis of laches.

75.     On January 18, 2019, the Debtors filed and served the Initial Notice. The Initial

Notice identified three McDonald's contracts, nos. 4750, 4751, and 4752, with cure amounts of

$0.00 (the "Proposed McDonald's Cure Amount"). *Id.* The Initial Notice also expressly

provided the following warning about the impending objection deadline:

> IF A COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND
> SERVE ON THE OBJECTION RECIPIENTS A TIMELY CURE OBJECTION, THE
> COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY
> OBJECTION WITH REGARD TO THE AMOUNT TO CURE ANY DEFAULT
> UNDER THE APPLICABLE CONTRACT OR LEASE. THE CURE COSTS SET
> FORTH ON EXHIBIT A AND EXHIBIT B HERETO SHALL BE CONTROLLING
> AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING
> DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE UNDER
> BANKRUPTCY CODE SECTION 365(B), NOTWITHSTANDING ANYTHING TO
> THE CONTRARY IN THE CONTRACT OR LEASE, OR ANY OTHER DOCUMENT,
> AND THE APPLICABLE COUNTERPARTY SHALL BE FOREVER BARRED
> FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH
> RESPECT TO SUCH CONTRACT OR LEASE AGAINST THE DEBTORS, ANY
> SUCCESSFUL BIDDER, OR THE PROPERTY OF ANY OF THEM.

(ECF No. 1731 at 4-5) (the "Notice of Bar on Untimely Cure Objections").

76.     On January 25, 2019, McDonald's filed a *Limited Objection of McDonald's

Corporation to Notice of Cure Costs and Potential Assumption and Assignment of Executory

Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "First

McDonald's Limited Objection"), contending that Debtors failed to provide sufficient

information relating to the contracts, making it impossible to verify the Proposed Cure amounts,

but identifying no alternative proposed cure amounts. (ECF No. 1878). On February 1, 2019,

McDonald's filed a *Supplement to the First McDonald's Limited Objection* (ECF No. No. 2365),

in which it continued to assert that the Debtors had not provided sufficient information as to

which leases were to be assumed and assigned, but at the same time identified a list of 51 leases

between the Debtors and McDonald's.  (ECF No. 2365, Ex. A).  McDonald's did not identify

any alternative cure amounts for any of these leases.

77.    On March 5, 2019, the Debtors filed a Third Supplemental Notice of Cure Costs

and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In

Connection With Global Sale Transaction (the "Third Supplemental Cure Notice") (ECF No.

2753) listing a sublease with McDonald's for Store No. 36, located at 23222 W. Valencia Blvd,

Valencia, CA 91355 (the "Valencia Sublease"), and a proposed cure amount of $0.  The

Valencia Sublease was contained on the list of 51 leases McDonald's had identified in the

Supplement to the First McDonald's Limited Objection on February 1, 2019, and thus

McDonald's had been well aware of the lease for over a month.  (ECF No. 2365, Ex. A).  The

Third Supplemental Cure Notice also contained a prominent Notice of Bar on Untimely Cure

Objections.  (ECF No. 2753 at 5).

78.    On March 8, 2019, McDonald's filed a *Limited Objection and Reservation of*

*Rights of McDonald's Corporation to Third Supplemental Notice of Cure Costs and Potential*

*Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

*Global Sale Transaction* (the "Second McDonald's Limited Objection") (ECF No. 2872).  In the

Second McDonald's Limited Objection, McDonald's noted that it was conducting an estoppel

process to determine whether there were any amounts owed or additional obligations under the

Valencia Sublease, and indicated that this process could take up to two weeks to complete.

Accordingly, McDonald's sought additional time to complete the estoppel process and assess the

proposed cure amount.  McDonald's also incorporated its prior objections to the First

McDonald's Limited Objection and the Supplement to the First McDonald's Limited Objection.

79.     On April 19, 2019, counsel for Transform filed a *Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3298) (the "April 19 Notice of Assumption and Assignment"), which provided, among other things, a list of additional contracts and leases to be assumed, including the Valencia Sublease and two other leases at 2625 State Street, Bismark, North Dakota, with a proposed cure amount of $0.  Notably, the Valencia Sublease and a lease for property at 2631 State Street, Bismark, North Dakota, which is adjacent to 2625 State Street, Bismark, North Dakota, and in the same shopping complex, was on the list McDonald's provided with the Supplement to the First McDonald's Limited Objection on February 1, 2019, demonstrating that McDonald's was well aware of these leases for months. The April 19 Notice of Assumption and Assignment also contained a Notice of Bar on Untimely Cure Objections.

80.     On May 3, 2019, the cure objection deadline, McDonald's filed a *Limited Objection and Reservation of Rights of McDonald's Corporation to Notice of Assumption and Assignment of Additional Designatable Leases* (the "Third McDonald's Limited Objection") (ECF No. 3551).   In the Third McDonald's Limited Objection, McDonald's again noted that it was undertaking an estoppel process that could take up to two weeks to complete and was unable to verify the proposed cure amounts for the subleases identified in the Notice of Assumption of Assignment by the objection deadline.  Accordingly, McDonald's again sought additional time to complete the estoppel process, and to assess the accuracy of any cure amounts.

81.     Tranform further emphasizes that McDonald's continued delay in completing the estoppel process is particularly problematic for Transform, as Transform specifically reserved the right to withdraw any assumption notice through the Assumption and Assignment Order because it needed clarity on cure amounts and the magnitude of potential cure with respect to

contracts that it initially designated for assumption.  Assumption and Assignment Order ¶ 17.
McDonald's continued delay runs contrary to the Assumption and Assignment Order, which was
intended to give the Buyer flexibility to assess the amount of potential cure before making a
final, irrevocable decision to assume a contract or lease.  To permit McDonald's to assert that it
will conduct an estoppel in the future and force the Buyer to assume or reject the McDonald's
contracts with completely unknown potential cure amounts vitiates the protections set forth in
the assumption and assignment procedures approved by the Court through the Assumption and
Assignment Order.

83.    Because McDonald's has still failed to identify any additional cure amounts
owed under any of the leases or easements identified by the Debtors or Transform within the
objection deadline, despite having ample time to do so, and despite multiple notices that
McDonald's would be barred from asserting any untimely additional cure amounts, Transform
respectfully requests that this Court deny McDonald's request to have additional time to
complete an estoppel process, and preclude McDonald's from asserting any additional cure
amounts in the future.

## **CONCLUSION**

83.    Insofar as each of the Objections has not been otherwise adjourned or resolved as
set forth herein and on the Objection Chart attached as <u>Annex 1</u>, the Buyer requests that the
Court overrule each pending Objection and enter the proposed Revised Assumption and
Assignment Order attached as <u>Exhibit A</u>.

Dated: May 6, 2019
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP


*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

GELBER AND SANTILLO PLLC


*/s/ Kristin Santillo*
Kristin Santillo

347 West 36th Street, Suite 805
New York, New York 10018
Telephone: (212) 227-4743
Facsimile: (212) 227-7371

*Conflicts Counsel Transform Holdco LLC With Respect to McDonalds Corporation*

**Annex 1**
**Objection Reply Chart**

**Objection Responses**

| | Objecting Party | Summary | Response | Status |
|---|---|---|---|---|
| 1. | PR North Dartmouth LLC (Docket 1747) | 1. Termination: This objection asserts that the applicable lease for store 2373 cannot be assumed and assigned because it will terminate on August 31, 2019 pursuant to a termination agreement. | 1. Objector states that the lease terminates in August 2019 and therefore, admits that the lease has not yet expired. Debtor is, therefore, entitled to assume and assign to the Buyer. | Pending. |
| 2. | West Orange Plaza, LLC (Docket 1810, 3378, 3509) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Pending. |
| 3. | Levcom Wall Plaza Associates (Docket 1813, 3387) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |

| | | | | |
|---|---|---|---|---|
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 4. | RD Management, LLC (Docket 1817, 2222, 3442) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 5. | K-Bay Plaza, LLC (Docket 1824 and 3487) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Insurance: This objection asserts that the insurance coverage is inadequate. | 3. Buyer has obtained new insurance and is prepared to provide proof of such insurance.  Any default on the lease due to inadequate insurance has therefore been cured. | Resolved. |
| 6. | John C. Adams and Kennylugenia Adams (Docket 1830) | 1. Cure Dispute: This objection disputes a proposed cure amount for store 7602. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in | Adjourned. |

2

[AM_ACTIVE 401291453_7]

| | | | | |
|---|---|---|---|---|
| | | | accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | |
| 7. | Colonial Properties, LLC (Docket 1947) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 8. | MCS Hemet Valley Center (Docket 1870) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants. This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Resolved. |
| | | 4. Lease Obligations: This objection asserts that assumption and assignment must be | 4. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations | Pending. |

3

| | | | | |
|---|---|---|---|---|
| | | made subject to any liabilities under the Designated Leases. | that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | |
| 9. | QKC Maui Owner LLC (Docket 1874 and 3482) | 1. Cure Dispute: This objection disputes a proposed cure amount. | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants. This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law.. | Resolved. |
| 10. | Primark US Corp. (Docket 1923, 3187, 3411) | 1. Notice: The objector asserts that the Cure Notice does not clearly identify whether its leases or subleases for stores 1354 and 1283 are included in the notice.<br><br>2. Cure Dispute: This objection requests nonmonetary cures with respect to a sublease agreement and a lease agreement.<br><br>3. Sale Transaction: Primark objects to approval of the sale if it would permit (i) the sale or assignment of the Debtors' | 1. Objecting party received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298) and *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3068), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319).<br><br>2. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer | Resolved. |

4

| | | | | |
|---|---|---|---|---|
| | | interests in property underlying the Primark leases without assuming the Primark leases or (ii) the sale or assignment of the Debtors' interests in the property underlying the Primark leases free and clear of the Primark leases. | and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>3. To the extent this objection relates to the Asset Purchase Agreement, it is now moot as that agreement has previously been approved by the Court. | |
| 11. | Landlord, Fringe Area (II), S.E.<br>(Docket 1927, 3535) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br><br><br>2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Adjourned.<br><br><br><br><br><br>Pending. |
| 12. | HomeGoods, Inc.<br>(Docket 1946) | 1. Notice: The objector asserts that the Cure Notice failed to identify its sublease. | 1. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298) and *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3068), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319); *Affidavit of Service* (Docket 3122). | Resolved. |
| 13. | The Kroger Co.<br>(Docket 1948 and 3578) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |

5

[AM_ACTIVE 401291453_7]

| | | | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
|---|---|---|---|---|
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | | |
| 14. | City of Minneapolis (Docket 1954) | 1. Non-Debtor Party: Objector asserts that none of the Debtors are party to the relevant lease. | 1. The relevant lease was appropriately transferred to a Debtor entity. | Resolved. |
| 15. | Landlord, Plaza del Caribe, S.E. (Docket 1961) | 1. Cure Dispute: This objection disputes a proposed cure amount for stores 1905 and 7842. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 16. | Landlord, Plaza del Caribe, S.E. (Docket 1970 and 3532) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and | Pending. |

[AM_ACTIVE 401291453_7]

| | | | | |
|---|---|---|---|---|
| | | | Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | |
| 17. | Cheddars Casual Café, Inc., Rare Hospitality International Inc., and Rare Hospitality Management (the "Darden Parties") (Docket 1973) | 1. Notice: Darden Parties assert that the Cure Notice does not clearly identify which leases may be assumed and assigned.<br><br>2. Adequate Assurance: Reservation of rights with respect to adequate assurance. | 1. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3068), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3122).<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br>Pending. |
| 18. | LBG Hilltop, LLC (Docket 1975) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br><br><br><br>2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br><br>Pending. |
| 19. | CAPREF Burbank LLC (Docket 1983, 3382) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br><br><br><br>2. Notice: This landlord objection contends that the Cure Notice incorrectly identifies | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298, which sufficiently | Adjourned.<br><br><br><br><br><br>Resolved. |

| | | | | |
|---|---|---|---|---|
| | | the lessor under the lease as an entity other than the objector. | identified these stores. *See Affidavit of Service* (Docket 3319). Exhibit A to the Revised Proposed Assumption and Assignment Order correctly lists the counterparty name as CAPREF Burbank LLC. | |
| | | 3. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 3. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| | | 4. Right of First Refusal: This objection asserts that the lease is subject to rights of first refusal or similar provisions. | 4. Rights of first refusal and similar provisions in unexpired leases are unenforceable anti-assignment provisions. *See* paragraph [] in the Revised Proposed Assumption and Assignment Order. | Pending. |
| 20. | Westfield LLC (Docket 1991 and 3511) | 1. Cure Dispute: This objection disputes a proposed cure amount for stores 1725, 1007, 1424, 1139, 1758, 1968, 2798, 1404 and 2741. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This objection asserts that reciprocal easement agreements run with the land and cannot be rejected. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Pending.

Resolved. |
| | | 3. Sale Order Clarification. This landlord requests that any order approving the sale of designation rights provide that the landlord's rights are reserved to object to | 3. To the extent this objection relates to the Sale Order, it is now moot as the Sale Order already been entered by the Court. | |

8

| | | | | |
|---|---|---|---|---|
| | | subsequently proposed assumption and assignment on any grounds. | | |
| 21. | Concord Mall LP (Docket 1993) | 1. Restrictive Covenants: This objection asserts that reciprocal easement agreements run with the land and cannot be rejected. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Resolved. |
| | | 2. Notice: This landlord objection argues that the objector is unable to determine conclusively whether the Debtors' owned real property associated with store 1853 is among the assets intended to be sold pursuant to the APA and whether the REA and amendments are among the Permitted Pre-Closing Encumbrances which are left undisturbed by the Asset Purchase Agreement. | 2. To the extent this objection relates to the Asset Purchase Agreement, it is now moot as that agreement has previously been approved by the Court. | Resolved. |
| 22. | CBL & Associates Management, Inc. (Docket 1832) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This objection requests that language be inserted into the proposed order which states that the transfer is subject to any rights or restrictions attached to the land, including easements and covenants, and that the Debtors must pay the cure amounts due and assume and assign the relevant executory contracts that run with the land | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Resolved. |
| 23. | CBL & Associates Management, Inc. | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted | Adjourned. |

[AM_ACTIVE 401291453_7]

| | | | | |
|---|---|---|---|---|
| | (Docket 1833) | | by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | |
| | | 2. Notice: CBL asserts that the cure notice did not provide sufficient detail for it to identify which cure costs are intended to correspond to which CBL premises and therefore had to file a blanket objection. | 2. The schedules to the Buyer's and Debtors' assumption and assignment notices provided sufficient store and lease (or sub-lease) detail. To the extent any of Objector's leases are being assumed and assigned, the objector received sufficient notice of assumption and assignment. | Resolved. |
| 24. | Interprop Bedford, LLC (Docket 2107, 3526) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 25. | Vornado Realty L.P. (Docket 2109 and 3529) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |

10

| | | | | |
|---|---|---|---|---|
| | | 3. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 3. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 26. | Federal Construction, Inc. (Docket 2126) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Order Clarification. Objector requests that any order assuming and assigning its lease make clear that the Early Termination provision still applies | 3. Nothing in the Revised Proposed Assumption and Assignment Order, the Sale Order or any other relevant filing seeks to modify any early termination provision in this lease. | Resolved. |
| 27. | Drayton Plains (MI) (Docket 2140) | 1. Cure Dispute: This objection disputes a proposed cure amount for store | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | | | Pending. |

11

| | | | | |
|---|---|---|---|---|
| | | 2. Lease Obligations: The landlord proposes that the sale must require the assumption of all monetary obligations under the lease. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | |
| | | 3. Real Tax Liabilities Cap. The landlord objects to the cap on real estate tax liabilities in the APA, asserting that it fails to comply with the requirement of full cure under the Bankruptcy Code. | 3. To the extent this objection relates to the Asset Purchase Agreement, it is now moot as the Asset Purchase Agreement has already been entered by the Court. | Resolved. |
| 28. | Shidler/West Finance Partners V L.P. (Docket 2155) | 1. Cure Dispute: This objection disputes the proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Notice: Shidler states that it did not receive proper notice of the Debtors' intent to assume and assign the lease because the Cure Notice misspelled its name. | 2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298), which sufficiently identified this store. *See Affidavit of Service* (Docket No. 3319). | Resolved. |
| 29. | DART Warehouse Corporation (Docket 2168) | 1. Cure Dispute: This objection disputes the proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |

[AM_ACTIVE 401291453_7]

| 30. | Taubman Landlords (Docket 2179) | [Joinder to ECF 2069] | See responses to Docket 2069. | |
|---|---|---|---|---|
| 31. | SWZ, LLC (Docket 2192) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 32. | CenterPoint Properties Trust (Docket 2193) | Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 33. | MOAC Mall Holding LLC ("MOAC") (Docket 2199 and 3501) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment | Resolved. |

13

| | | | | |
|---|---|---|---|---|
| | | | Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | |
| | | 4. Right of First Refusal: This objection asserts that the lease is subject to rights of first refusal or similar provisions. | 4. Rights of first refusal and similar provisions in unexpired leases are unenforceable anti-assignment provisions. See paragraph [] in the Revised Proposed Assumption and Assignment Order. | Pending. |
| 34. | A.R.E Investment Co. (Docket 2205) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 35. | El Centro Mall, Ltd. and GC Columbia, LLC (Docket 2244) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |

14

| | | | | |
|---|---|---|---|---|
| 36. | Camegaran LLC (Docket 2268) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Notice: This objection claims the notice improperly identified the landlord. | 3. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3290), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3326). | Resolved. |
| 37. | Groveport Lynx, LLC (Docket 2285) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 38. | Lawrence Mart, LLC (Docket 2287) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |

15

|  |  | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
|---|---|---|---|---|
| 39. | Bradshaw Westwood Trust (Docket 2299 and 3579) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
|  |  | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
|  |  | 3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
|  |  | 4. Section 365(l): This objection asserts that the objecting party is entitled to additional security pursuant to section 365(l) of the Bankruptcy Code. | 4. Buyer is not required to provide any additional deposit or security with respect to any Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors. | Pending. |
| 40. | MCG Landlords (Docket 2375) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in | Adjourned. |
|  |  | 2. Adequate Assurance: This |  |  |

16

| | | | | |
|---|---|---|---|---|
| | | objection asserts that the adequate assurance of future performance was not provided or insufficient. | accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | |
| | | 3. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 4. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| | | | 4. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 41. | Centennial Real Estate Co. and The Macerich Company (Docket 2551) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Lease Obligations: This objection requested that any final sale order state that the Debtors will assume the lease obligations, including indemnification obligations. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and | Pending. |

17

| | | | | |
|---|---|---|---|---|
| | | | Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | |
| 42. | KTR Ohio LLC (Docket 2806) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Notice: This objection asserts that the Debtors' Third Supplemental Cure Notice incorrectly identifies the tenant for store 30962. | 2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319). | Resolved. |
| 43. | Living Spaces Furniture, LLC (Docket 2807) | 1. Notice: This objection contends that the Debtors' Third Supplemental Cure Notice does not identify the Recognition Agreements associated with its leases. | 1. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3369). *See Affidavit of Service* (Docket 3437). | Resolved. |
| 44. | North K I-29 2004, LLC (Docket 2810, 3512, 3515) | 1. Cure Dispute: This objection disputes a proposed cure amount. 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. 3. Non-Debtor Entity: This objection contends that the lease cannot be assumed and assigned because the tenant under the lease is a non-debtor entity. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned. Pending. |

18

| | | | | |
|---|---|---|---|---|
| | | | 3. The relevant lease was appropriately transferred to a Debtor entity prior to entry of the Assumption and Assignment Order and service of the *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298). | Resolved. |
| 45. | Loyal Holdings DE LLC (Docket 3388) | 1. Cure Dispute: This party disputes a proposed cure amount.

2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.

3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.

2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law.

3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.

Resolved.

Pending. |
| 46. | Baker-Properties Limited Partnership (Docket 3390) | 1. Cure Dispute: This party disputes a proposed cure amount.

2. Lease Obligations: This party asserts that any order providing for the assumption and assignment of the lease must include the obligation, as of May 1, 2019, to take on an additional 31,500 square feet of rentable space at the Building. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.

2. Buyer intends to comply with the terms of the lease and reserves all rights and defenses thereunder. | Adjourned.

Resolved. |
| 47. | Pennsee, LLC (Docket 3392) | 1. Cure Dispute: This party disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer | Adjourned. |

19

| | | | | |
|---|---|---|---|---|
| | | 2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.<br><br>3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law.<br><br>3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Resolved.<br><br>Pending. |
| 48. | Manco Florida Associates, LLC<br>(Docket 2128, 3405) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Notice: This party asserts that the Notice of Assumption listed the incorrect landlord. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298, which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319). Exhibit A to the Revised Proposed Assumption and Assignment Order correctly lists the counterparty name as Manco Florida Associates, LLC. | Adjourned.<br><br>Resolved. |
| 49. | Santa Rosa Mall, LLC<br>(Docket 2283, 3408) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |

20

| | | | | |
|---|---|---|---|---|
| | | applicable Restrictive Covenants. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | 3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 4. Notice: This party argues that the Designation Notice is ambiguous because it believes details regarding the lease at issue are incorrectly listed. | 4. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3369), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3437).  The square footage and RE ID information was additional identifying information that is reflected in the Buyer's records. To the extent they are inaccurate, it does not make notice insufficient. | Resolved. |
| 50. | The Taubman Landlords ("Taubman") (Docket 1879, 2179, 3410) | 1. Cure Dispute: This party disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | 3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer | Pending. |
| | | 4. Lease Obligations: This objection asserts that assumption and assignment must be | | |

21

| | | | | |
|---|---|---|---|---|
| | | made subject to any liabilities under the Designated Leases. | has provided adequate assurance of future performance in accordance with the Bankruptcy Code.<br><br>4. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 51. | Biltmore Commercial Properties I, LLC (Docket 2284, 3413) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.<br><br>3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law.<br><br>3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br>Resolved.<br><br><br><br><br><br>Pending. |
| 52. | MCS Hemet Valley Center (Docket 3420 and 3366) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |

[AM_ACTIVE 401291453_7]

| | | | | |
|---|---|---|---|---|
| | | applicable Restrictive Covenants.<br><br>3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 53. | SWZ, LLC<br>(Docket 3427) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.<br><br>3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 54. | Oster Yorktown Properties, LLC ("Oster")<br>(Docket 1853 and 3454) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in | Adjourned. |

23

| | | | | |
|---|---|---|---|---|
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 55. | KBTS-Tamiami, Ltd. c/o Federal Construction, Inc. ("Federal Construction") (Docket 3456) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br><br><br><br>Pending. |
| 56. | RREEF America REIT II Portfolio L.P. (Docket 3463) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Adjourned.<br><br><br><br><br><br><br><br>Pending. |

24

| | | | | |
|---|---|---|---|---|
| 57. | Auburndale Properties, Inc. ("Auburndale") (Docket 3503) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 58. | Auburndale Properties, Inc. ("Auburndale") (Docket 3504) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on | Resolved. |

25

| | | | | |
|---|---|---|---|---|
| | | modifications to the lease or reciprocal easement agreement. | Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | |
| 59. | Crossroads Mall, LLC (Docket 3506) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient.<br><br>3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code.<br><br>3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Adjourned.<br><br>Pending.<br><br>Resolved. |
| 60. | Lakewood Shopping Center, LLC (Docket 1845 and 3524) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer | Adjourned.<br><br>Pending. |

[AM_ACTIVE 401291453_7]

| | | | | |
|---|---|---|---|---|
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | has provided adequate assurance of future performance in accordance with the Bankruptcy Code.<br><br>3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | 4. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 4. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 61. | Plaza las Americas, Inc. (Docket 3531) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |

27

| | | | | |
|---|---|---|---|---|
| 62. | A.R.E. Investment Co. (Docket 3537) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 63. | EMA Investments San Diego, LLC (Docket 3545) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | 3. Right of First Refusal: This objection asserts that the lease is subject to rights of first refusal or similar provisions. | 3. Rights of first refusal and similar provisions in unexpired leases are unenforceable anti-assignment provisions. See paragraph [] in the Revised Proposed Assumption and Assignment Order. | Pending. |
| 64. | Univest-BTC S&R, LLC (Docket 3549) | 1. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |

| | | | | |
|---|---|---|---|---|
| 65. | Saker ShopRites, Inc. (Docket 3565) | 1. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 66. | M. Holtzman Realty, LLC (Docket 3569) | 1. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 67. | Lawrence Mart, LLC (Docket 3574) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br><br>Pending. |
| 68. | California Drive In Theaters, Inc. (Docket 3575) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set | Adjourned.<br><br><br><br><br><br>Pending. |

29

| | | | forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | |
|---|---|---|---|---|
| 69. | Ravenswood Station, LLC (Docket 3584) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 70. | Stockton Mariposa (Docket 2026 and 3585) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |

[AM_ACTIVE 401291453_7]

| | | | | |
|---|---|---|---|---|
| | | 1. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 71. | MIDAMCO (Docket 3600) | 2. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |

31

**Objections to Cure Only**

|  | Party | Objection Docket | Response | Status |
|---|---|---|---|---|
| 1. | Mac Dade Mall Associates, L.P. | 1733 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 2. | Sherthal, LLC | 1769 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 3. | Union Center Realty | 1771 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 4. | BT Granite Run, LP | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 5. | PR Financing Limited Partnership | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 6. | PR Capital City Limited Partnership | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 7. | Capital Enterprises, Inc. | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_7]

| 8. | WashREIT Frederick County Square LLC | 1829 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 9. | Seven Springs Limited Partnership | 1840 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 10. | Urschel Development Corporation | 1844 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 11. | JW Mitchell Company, LLC | 1848, 3399 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 12. | The Davis Companies | 1854 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 13. | Saul Subsidiary I Limited Partnership | 1855 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 14. | Tutu Park Limited | 1867 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 15. | The Joe and Frances McCann Family Limited Partnership | 1887 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

33

| 16. | Greenhorn Ventures LLC | 1891 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 17. | Team Design Lighting & Construction, LLC | 1901 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 18. | Church Street, LLC | 1928 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 19. | Avenel Realty Associates, LLC | 1937 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 20. | Jackson Shopping Village, LLLP | 1941, 3533 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 21. | Macy's West Stores, Inc. | 1949 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 22. | Norton Mailman Associates | 2049 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 23. | Tri-County Mall ("TCM") | 2054 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_7]

| 24. | Ciuffo Family Trust/Trust A | 2181 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|-----|------|------|------|------|
| 25. | GFI-Glendale Investments Limited Partnership ("GFI-Glendale") | 2224 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 26. | CIVF V-OH1M03, LLC ("Cabot") | 2212 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 27. | Elm Creek Real Estate, LLC | 2827 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 28. | Retail Contractors of Puerto Rico, Inc. | 3077 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 29. | Realty Income Corporation | 3188 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 30. | CBL & Associates Management, Inc. | 3306 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 31. | Seven Springs Limited Partnership | 3344 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_7]

| 32. | Sayville Menlo, LLC | 3345 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 33. | Sherthal, LLC | 3348 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 34. | CIVF V-OH1M03, LLC ("Cabot") | 3425 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 35. | WashREIT Frederick County Square LLC | 3438 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 36. | Lockhart Realty Inc. ("LRI") | 3444 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 37. | Tutu Park Limited | 3445 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 38. | Union Center Realty, LLC ("Union Center") | 3447 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 39. | Garlly Associates, LP ("Garlly") | 3450 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_7]

| 40. | 266 Route 125, LLC | 3466 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 41. | Urschel Development Corporation | 3494 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 42. | Greenhorn Ventures LLC | 3500 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 43. | Saul Subsidiary I Limited Partnership ("Saul Sub I") | 3508 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 44. | The Macerich Company | 3548 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 45. | Platte Valley Investment, LLC | 3576 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 46. | Geodis Logistics LLC | 3586 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 47. | Tupart II, LLC | 3599 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_7]

| 48. | Icon Owner Pool 1 SF Non-Business Parks, LLC | 3613 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

38

**Resolved Objections**

| | Objecting Party | ECF No. | Status of Resolution |
|---|---|---|---|
| 1. | Plaza Juana Diaz Inc. | 2174 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 2. | SVAP II Stones | 2197 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 3. | Lessors of Store No. 8768 | 2354, 3429, 3431 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 4. | Crossroads Joint Venture, LLC ("Crossroads") | 3455, 3460 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 5. | Wolf Family Series ("Wolf") | 1889, 2286, 3472 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 6. | Izek Shomof and Aline Shomof Irrevocable Children's Trust Dated February 11, 1999, Vegas Group, LLC, and East River Group, LLC | 3477, 3478 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 7. | Butterfield Tech Center, LLC and Foodtown Development, LLC | 3556 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 8. | 4th Street South II, LLC | 1850, 3492 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 9. | Izek Shomof and Aline Shomof Irrevocable Children's Trust Dated February 11, 1999, Vegas Group, LLC, and East River Group, LLC | 1837 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 10. | Starboard Platform Brighton JV LLC | 2213 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 11. | Sunshine Shopping Center | 1929, 2215 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 12. | Alatex-Tenn, Ltd | 1883 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 13. | Walters Investments, LP | 1895 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 14. | Wal-Go Associates LLC | 1905 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 15. | Midwood Management Corp. | 1957 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 16. | Brooks Shopping Center Partners, LLC | 1990 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |

39

| 17. | PREP Hanover Real Estate LLC | 1903, 3552 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
|---|---|---|---|
| 18. | KDI Rivergate Mall, LLC | 3544 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 19. | The Bruce Trusts | 3421 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 20. | Kimco Realty Corporation | 1839, 2297, 3607 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 21. | Simon Property Group, L.P. | 2080 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 22. | Simon Property Group, L.P. | 2082 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 23. | Simon Property Group, L.P., (Supplemental Objection) | 2214 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 24. | Simon Property Group, L.P. | 3316, 3317, 3318 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 25. | First Real Estate Investment Trust of New Jersey | 1815, 3374 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 26. | SVAP Pompano Citi Centre II, L.P. | 2197 | Store 120 lease was not assumed for assignment and assumption. |
| 27. | Yoder-17th Street Properties, LLC ("Yoder") | 2226 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 28. | National Distribution Centers, LLC | 1864 | Objections, other than potential remaining cure objections, have been resolved. |
| 29. | Greensboro Lease Management, L.L.C. ("Greensboro") | 2232 | Objections, other than potential remaining cure objections, have been resolved. |
| 30. | National Distribution Centers, LLC ("NDC") | 2376 | Objections, other than potential remaining cure objections, have been resolved. |
| 31. | The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC (supplemental objection to 2063) | 2346 | The lease subject to this objection has been rejected. This objection is now moot. |
| 32. | Westfall Town Center JV | 2262 | The lease subject to this objection has been rejected. This objection is now moot. |
| 33. | BT Pleasant Hills LP | 1806 | The lease subject to this objection has been rejected. This objection is now moot. |
| 34. | Mauldin at Butler, LLC | 1934 | The lease subject to this objection has been rejected. This objection is now moot. |

40

| 35. | Caparra Center Associates | 1938 | The lease subject to this objection has been rejected. This objection is now moot. |
| 36. | Liberty Property Limited Partnership | 2074 | The lease subject to this objection has been rejected. This objection is now moot. |
| 37. | Richards Canal Street Property, LLC | 2115 | The lease subject to this objection has been rejected. This objection is now moot. |
| 38. | AmCap Wilson II, LLC and Wilson Norridge, LLC | 2151 | The lease subject to this objection has been rejected. This objection is now moot. |
| 39. | Shaler Zamagias Limited Partnership | 2157 | The lease subject to this objection has been rejected. This objection is now moot. |
| 40. | Wangard Partners, Inc. | 2184 | The lease subject to this objection has been rejected. This objection is now moot. |
| 41. | Grand Central Plaza, LLC | 2189 | The lease subject to this objection has been rejected. This objection is now moot. |
| 42. | Phillips Edison & Company | 2190 | The lease subject to this objection has been rejected. This objection is now moot. |
| 43. | North Plaza I, LLC, North Plaza II, LLC, and North Plaza III, LLC | 2200 | The lease subject to this objection has been rejected. This objection is now moot. |
| 44. | Great Eastern Corporation d/b/a North River Village GEC, LLC | 2211 | The lease subject to this objection has been rejected. This objection is now moot. |
| 45. | WSSR | 2236, 2863 | The lease subject to this objection has been rejected. This objection is now moot. |
| 46. | Broad Street Station, LLC c/o Collett ("BSS") | 2238 | The lease subject to this objection has been rejected. This objection is now moot. |
| 47. | Berkeley Mall, LLC ("Berkeley") | 2239 | The lease subject to this objection has been rejected. This objection is now moot. |
| 48. | Berkshire Mall LP, as successor in interest to Berkshire Mall LLC | 2254 | The lease subject to this objection has been rejected. This objection is now moot. |
| 49. | Manlaw Investment Company, Ltd. | 2259 | The lease subject to this objection has been rejected. This objection is now moot. |
| 50. | Libby Dial Enterprises, LLC | 2291 | The lease subject to this objection has been rejected. This objection is now moot. |
| 51. | OND Property | 2811 | The lease subject to this objection has been rejected. This objection is now moot. |
| 52. | Forbes/Cohen Florida Properties, L.P. | 1932, 3484 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 53. | Washington Prime Group Inc. | 1945, 3192, 3389, 3559 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |

41

| | | | |
|---|---|---|---|
| 54. | NW Gaithersburg | 2056, 3505 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 55. | Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, Graziadio Investment Company, the Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., and Weingarten Realty Investors | 2063, 2069, 3553, 3558 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 56. | Cape Town Plaza LLC New Westgate Mall LLC | 2075 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 57. | Weingarten Realty Investors | 2093 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 58. | Acadia Realty Limited Partnership, Brixmor Operating Partnership, L.P., C.E. John Company, Inc., Cedar – Valley Plaza, LLC, Centennial Real Estate Co., CenterCal Properties, LLC, Federal Realty Investment Trust, GS Pacific ER, LLC, Hart I-55 Industrial LLC, Heidenberg Properties LLC, Starwood Retail Partners LLC, The Macerich Company, Vintage Real Estate, LLC, Center, and White Plains Galleria Limited Partnership | 2147, 3446 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 59. | Acadia Realty Limited Partnership, Brixmor Operating Partnership, L.P., C.E. John Company, Inc., Cedar – Valley Plaza, LLC, Centennial Real Estate Co., CenterCal Properties, LLC, Federal Realty Investment Trust, GS Pacific ER, LLC, Hart I-55 Industrial LLC, Heidenberg Properties LLC, Starwood Retail Partners LLC, The Macerich Company, Vintage Real Estate, LLC, Center, and White Plains Galleria Limited Partnership | 2153 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 60. | NW Landlords | 2230 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 61. | Kin Properties, Aleff LLC, Arcolo Limited Partnership, Cansan Company, LLC, Fairsan Company, LLC, Floreff LLC, Fundamentals Co | 1930, 2261, 2809, 3381, 3384 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |

42

| | | | |
|---|---|---|---|
| | LLC, Hareff LLC, Hillsborough Associates, Pasan Trust, Mantkin LLC, Musue LLC, Nathan Alison LLC, Sugencole LLC, Sugengran LLC, and Sugensteve LLC ("Kin Landlords") | | |
| 62. | Urban Edge Properties LP on behalf of UE Bruckner Plaza LLC, UE Montehiedra Acquisition LP, Urban Edge Caguas LP and EU 839 New York Ave LLC | 2265 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 63. | Landlords affiliates with LBA Realty LLC | 2264 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 64. | JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC<br><br>Salmon Rum Shopping Center, S&R Company of West Seneca NewCo, LLC | 2241, 2293, 2253, 2246 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 65. | JPMG Manassas Mall Owner LLC, Store 2395<br><br>Poughkeepsie Galleria LLC, Store 1333 | 2241, 2253 (with corrected exhibit to 2241), 2293 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 66. | Salmon Run Shopping Center, L.L.C., Store 2683<br><br>S&R Company of West Seneca NewCo LLC, Store 9392 | 2246, 2293 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 67. | Brookfield Property REIT Inc., Store 2092 | 3315 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 68. | Brookfield Property REIT Inc. | 3321 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 69. | SVAP II Stones River, LLC | 3485 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 70. | JPMG Manassas Mall Owner LLC | 3497, 3519, 3523 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 71. | DGI LS, LLC, Store 8835 | 2247, 2294, 3499, 3514, 3516 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |

[AM_ACTIVE 401291453_7]

| 72. | Shillington Plaza, LLC, Store 3136 | 2248, 2251, 2294, 3498, 3507, 3510 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
|---|---|---|---|
| 73. | Light 125 James West LLC, Store 24564 | 2248, 2251, 2294 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 74. | Prologis, L.P., KTR Ohio LLC, KTR LV Loan LLC, Distribution Funding II, LLC, and Prologis-A4 CA IV, LP ("Prologis Entities") | 2277, 3520 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 75. | Dedeaux Inland Empire Properties | 3541 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 76. | Sphear Investments, LLC | 3547 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 77. | Urban Edge Properties LP | 3560 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 78. | LBA Realty | 3577 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 79. | 5330 Crosswind, LLC ("Crosswind") | 2223, 3561 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 80. | Seritage SRC Finance LLC and Seritage KMT Finance LLC | 2308 | The lease subject to this objection has been rejected. This objection is now moot. |
| 81. | Retail Opportunity Investments Corp. | 2305 | The lease subject to this objection has been rejected. This objection is now moot. |

44