**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
In re:                                                         :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,[1]                       :
:    Case No. 18-23538-rdd
Debtors.                                                       :
:    (Jointly Administered)
:
---------------------------------------------------------------X

### DECLARATION OF KIMBERLY BLACK IN SUPPORT OF TRANSFORM HOLDCO LLC'S OMNIBUS REPLY IN SUPPORT OF ASSUMPTION AND ASSIGNMENT

I, Kimberly Black, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to practice in the State of New York, and I am an associate of the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for Transform Holdco LLC and certain of its affiliates (collectively "Transform" or the "Buyer"). I respectfully submit this declaration in connection with *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designatable Leases*.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.  Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Assignment and Assumption of Lease, dated as of March 14, 2019 by and between Troy Coolidge No. 18, LLC and Kmart Corporation, which effectuated the assignment of the Assumed Lease (as defined therein) from Troy Coolidge No. 18 LLC to Kmart Corporation.

3.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Assignment and Assumption of Lease, dated as of February 7, 2019 by and between Troy Coolidge No. 42, LLC and Kmart Corporation, which effectuated the assignment of the Assumed Lease (as defined therein) from Troy Coolidge No. 42 LLC to Kmart Corporation.

Executed on May 6, 2019 in New York, New York.

Respectfully submitted,

*/s/ Kimberly Black*
Kimberly Black

**Exhibit A**

**Exhibit A**

## ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION OF LEASE (the "Assignment") is made effective as of this 14th day of March, 2019 ("Effective Date"), by and between Troy Coolidge No. 18, LLC, a Delaware limited liability company, ("Assignor") and Kmart Corporation, a Michigan corporation ("Assignee" and together with Assignor, individually a "Party" and collectively, the "Parties").

### RECITALS

WHEREAS, Assignor and Assignee are direct or indirect subsidiaries of Sears Holdings Corporation, a Delaware corporation ("Sears");

WHEREAS, Assignor, as tenant, is a party to that certain lease described in **Exhibit A** attached hereto and incorporated herein by reference (the "Assumed Lease");

WHEREAS, pursuant to the Assumed Lease, Assignor leases certain space from a third party within certain premises (the "Demised Premises"), as more particularly described in the Assumed Lease;

WHEREAS, Assignor has agreed that Assignor shall assign the Assumed Lease and all liabilities arising thereunder, to the extent such liabilities arise or accrue on or after the date hereof (the "Assumed Lease Liabilities"), and Assignee has agreed that Assignee shall assume the Assumed Lease Liabilities;

WHEREAS, Assignor shall retain and remain responsible for all liabilities arising under the Assumed Lease, solely to the extent such liabilities arise or accrue prior to the date hereof (the "Excluded Lease Liabilities"); and

WHEREAS, pursuant to this Assignment, Assignee shall assume and become responsible for the Assumed Lease and the Assumed Lease Liabilities.

NOW, THEREFORE, in consideration of the Demised Premises and covenants hereinafter contained, in consideration of the representations, warranties and covenants contained in the Purchase Agreement, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties hereto desire to enter into this Assignment on the terms set forth herein.

Intending to be legally bound, the Parties hereto agree as follows:

1. The recitals set forth above are accurate, represent the intent of the parties hereto and are incorporated herein by reference.

2. Effective as of the date hereof, Assignor does hereby irrevocably grant, bargain, sell, assign, transfer and set over unto Assignee and Assignee hereby purchases, acquires, and accepts from Assignor, all of Assignor's right, title and interest in and to and its obligations under the Assumed Lease. Effective as of the date hereof, Assignee hereby assumes and becomes responsible for all of the Assumed Lease Liabilities, but not the Excluded Lease

1

        Liabilities, and does hereby assume and agree to perform all of the obligations of landlord under the Assumed Lease.

3. Assignor and the Assignee shall, and shall cause their respective affiliates to execute, acknowledge and deliver all further conveyances, notices, assumptions, releases, consents, assurances, powers of attorney and such other instruments, and shall take such further actions, as may reasonably be necessary or appropriate to assure fully to the Assignee and its respective successors or permitted assigns, all of the Assignor's rights, titles and interests in, to and under, the Assumed Lease, and to assure fully to Assignor and its affiliates and their respective successors and permitted assigns, the assumption of the Assumed Lease Liabilities and to otherwise make effective and carry out the purpose and intent of this Assignment.

4. This Assignment shall be binding upon and inure to the benefit of the Assignee and Assignor and their respective successors and permitted assigns.

5. Each party hereto represents and warrants that it has full authority to enter into and perform this Assignment without the consent or approval of any other person or entity and it has the full and complete authority to bind such party.

6. This Assignment may be executed in counterparts, each of which shall be deemed to be an original and all of which, collectively, shall be deemed to constitute one and the same Assignment.  This Assignment may also be executed by.pdf file transmission via electronic mail, and .pdf file signatures shall have the same force and effect as originals, provided however, any party delivering a .pdf file signature will, upon request by the receiving party, deliver an original signature.

7. No modification, waiver, amendment, discharge or change of this Assignment shall be valid unless the same is in writing and signed by the party against which enforcement of such modification, waiver, amendment, discharge or change is or may be sought.

8. This Assignment is executed and delivered pursuant to the Purchase Agreement.  In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

9. This Assignment shall be governed by the Laws of the state in which the Demised Premises are located, except to the extent that the Laws of such state are superseded by the Bankruptcy Code.

*The remainder of this page is intentionally left blank; Signature Page Follows]*

IN WITNESS WHEREOF, the parties have executed this Assignment as of the date set forth above.

**ASSIGNOR:**

**TROY COOLIDGE NO. 18, LLC**
By: Kmart Corporation, a Michigan corporation, as debtor in possession, as its sole member

By: ___/s/ Luke Valentino___
Name: Luke Valentino
Title:  Assistant Secretary

[SIGNATURE PAGE TO ASSIGNMENT OF LEASE: STORE #3239]

IN WITNESS WHEREOF, the parties have executed this Assignment as of the date set forth above.

**ASSIGNEE:**

**KMART CORPORATION,** a Michigan corporation, as debtor in possession

By: *[signature: Luke Valentino]*
Name: Luke Valentino
Title: Assistant Secretary

[SIGNATURE PAGE TO ASSIGNMENT OF LEASE: STORE #3239]

# EXHIBIT A

## The Assumed Lease

Lease dated October 15, 1973, by and between Malan Construction Company, as landlord, and S.S. Kresge Company, as tenant.

Memorandum of Lease dated October 15, 1973, by and between Malan Construction Company, as landlord, and S.S. Kresge Company, as tenant.

Ground Lease dated September 30, 1974, by and between Allen B. Kipper, Raymond E. Grove, Audrey F. Grove, as landlord, and Malan Construction Company, as developer.

Attornment Agreement dated September 30, 1974, by and between Allen B. Kipper, Raymond E. Grove, Audrey F. Grove, and Malan Construction Company, as tenant, and S.S. Kresge Company, as subtenant.

First Amendment to Lease dated November 2, 1976, by and between Platte County KMP, as landlord, and S.S. Kresge Company, as tenant.

Second Amendment to Lease dated September 9, 1977, by and between Platte County KMP, as landlord, and Kmart Corporation, as tenant.

Amendment to Lease and Memorandum of Lease re: Lease Term and Option to Extend dated October 8, 1991, by and between Quebec limited partnership, as landlord, and Kmart Corporation, as tenant.

First Amendment to Ground Lease dated December 24, 1994, by and between Audrey F. Grove, Karen G. Wescott, Anna G. Stone and Steven D. Stone, as landlord, and Malan Realty Investors, Inc., as developer.

Assignment of Ground Lease dated August 6, 2002, by and between Malan Mortgagor, Inc., as assignor, and Malan Standby LLC, as assignee.

General Warranty Deed dated March 31, 2004, by and between Audrey F. Grove, as party of the first part, and North K I-29 2004 LLC, as party of the second part.

Assignment of Lease dated March 2004, by and between Karen G. Wescott, David A. Wescott, Anna G. Stone, and Steven D. Stone, as assignors, and Audrey F. Grove, as assignee.

Assignment of Lease dated March 2004, by and between Audrey F. Grove, as assignor, and North K I-29 2004 LLC, as assignee.

Assignment of Lease dated March 9, 2009, by and between DLSS, Corp., as grantor, and Hans Management of Missouri, LLC.

Lease Renewal Letter dated November 20, 2009, prepared by Kmart Corporation.

Ground Lease Renewal Letter dated October 15, 2014, prepared by Kmart Corporation.

A-1

Lease Renewal Letter dated April 11, 2017, prepared by MOD Enterprises Inc.

2

**Exhibit B**

## ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION OF LEASE (the "Assignment") is made effective as of this 7th day of February, 2019 ("Effective Date"), by and between Troy Coolidge No. 42, LLC, a Delaware limited liability company, ("Assignor") and Kmart Corporation, a Michigan corporation ("Assignee" and together with Assignor, individually a "Party" and collectively, the "Parties").

### RECITALS

WHEREAS, Assignor and Assignee are direct or indirect subsidiaries of Sears Holdings Corporation, a Delaware corporation ("Sears");

WHEREAS, Assignor, as tenant, is a party to that certain lease described in **Exhibit A** attached hereto and incorporated herein by reference (the "Assumed Lease");

WHEREAS, pursuant to the Assumed Lease, Assignor leases certain space from a third party within certain premises (the "Demised Premises"), as more particularly described in the Assumed Lease;

WHEREAS, Assignor has agreed that Assignor shall assign the Assumed Lease and all liabilities arising thereunder, to the extent such liabilities arise or accrue on or after the date hereof (the "Assumed Lease Liabilities"), and Assignee has agreed that Assignee shall assume the Assumed Lease Liabilities;

WHEREAS, Assignor shall retain and remain responsible for all liabilities arising under the Assumed Lease, solely to the extent such liabilities arise or accrue prior to the date hereof (the "Excluded Lease Liabilities"); and

WHEREAS, pursuant to this Assignment, Assignee shall assume and become responsible for the Assumed Lease and the Assumed Lease Liabilities.

NOW, THEREFORE, in consideration of the Demised Premises and covenants hereinafter contained, in consideration of the representations, warranties and covenants contained in the Purchase Agreement, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties hereto desire to enter into this Assignment on the terms set forth herein.

Intending to be legally bound, the Parties hereto agree as follows:

1. The recitals set forth above are accurate, represent the intent of the parties hereto and are incorporated herein by reference.

2. Effective as of the date hereof, Assignor does hereby irrevocably grant, bargain, sell, assign, transfer and set over unto Assignee and Assignee hereby purchases, acquires, and accepts from Assignor, all of Assignor's right, title and interest in and to and its obligations under the Assumed Lease. Effective as of the date hereof, Assignee hereby assumes and becomes responsible for all of the Assumed Lease Liabilities, but not the Excluded Lease

Liabilities, and does hereby assume and agree to perform all of the obligations of landlord under the Assumed Lease.

3. Assignor and the Assignee shall, and shall cause their respective affiliates to execute, acknowledge and deliver all further conveyances, notices, assumptions, releases, consents, assurances, powers of attorney and such other instruments, and shall take such further actions, as may reasonably be necessary or appropriate to assure fully to the Assignee and its respective successors or permitted assigns, all of the Assignor's rights, titles and interests in, to and under, the Assumed Lease, and to assure fully to Assignor and its affiliates and their respective successors and permitted assigns, the assumption of the Assumed Lease Liabilities and to otherwise make effective and carry out the purpose and intent of this Assignment.

4. This Assignment shall be binding upon and inure to the benefit of the Assignee and Assignor and their respective successors and permitted assigns.

5. Each party hereto represents and warrants that it has full authority to enter into and perform this Assignment without the consent or approval of any other person or entity and it has the full and complete authority to bind such party.

6. This Assignment may be executed in counterparts, each of which shall be deemed to be an original and all of which, collectively, shall be deemed to constitute one and the same Assignment. This Assignment may also be executed by.pdf file transmission via electronic mail, and .pdf file signatures shall have the same force and effect as originals, provided however, any party delivering a .pdf file signature will, upon request by the receiving party, deliver an original signature.

7. No modification, waiver, amendment, discharge or change of this Assignment shall be valid unless the same is in writing and signed by the party against which enforcement of such modification, waiver, amendment, discharge or change is or may be sought.

8. This Assignment is executed and delivered pursuant to the Purchase Agreement. In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Purchase Agreement, the terms and conditions of the Purchase Agreement shall govern, supersede and prevail.

9. This Assignment shall be governed by the Laws of the state in which the Demised Premises are located, except to the extent that the Laws of such state are superseded by the Bankruptcy Code.

*[The remainder of this page is intentionally left blank; Signature Page Follows]*

**TROY COOLIDGE NO. 42, LLC**, a
Michigan limited liability company

By: Kmart Corporation, its sole member, as debtor in possession

By: */s/ Luke Valentino*
Name: Luke J. Valentino
Title: Assistant Secretary

[SIGNATURE PAGE TO ASSIGNMENT OF LEASE: STORE #3405]

**KMART CORPORATION**, a Michigan corporation

By: _____*Luke Valentino*_____
Name: Luke J. Valentino
Title: Assistant Secretary

[SIGNATURE PAGE TO ASSIGNMENT OF LEASE: STORE #3405]

# EXHIBIT A

## The Assumed Lease

Lease Agreement dated June 4, 1976, by and between Financial Properties, Inc., and S.S. Kresge Company.

Second Amendment to Lease dated June 8, 1978, by and between Financial Properties, Inc., and Kmart Corporation.

Third Amendment to Lease dated December 7, 1978, by and between Financial Properties, Inc., and Kmart Corporation.

Lease Renewal to Troy Coolidge No. 42, LLC dated September 15, 2007.