**ARCHER**
ATTORNEYS AT LAW

Allen G. Kadish
akadish@archerlaw.com

Archer & Greiner, P.C.
630 Third Avenue
New York, NY 10017
212-682-4940
www.archerlaw.com

May 3, 2019

Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

      Re:    Sears Holdings Corporation, et al., Debtors
               Chapter 11 Case No. 18-23538 (RDD) (Jt. Admin)
               *Community Unit School District 300*

Dear Judge Drain:

      Community Unit School District 300 (the "School District"), the Village of Hoffman Estates (the "Village") and Sears Holdings Corporation, et al. (collectively, the "Debtors") could not come to an agreement on the second order related to the Turnover Motion filed by the Debtors [Docket No. 2715] (the "Turnover Motion"). This letter will provide an explanation of the disagreement.

      The Court might recall that the Village is holding approximately $9.6 million in a Special Tax Allocation Fund which will be turned over to the Debtors if they have complied with the prerequisites of the Illinois EDA Act and Economic Development Agreement. If the Debtors have not complied with that Act and Agreement then, depending on when that default occurred, all or some portion of the Special Tax Allocation Funds currently held by the Village will be redistributed to the relevant taxing districts, which includes the Village, the School District and other taxing districts, the latter which have not appeared in this case (the "Other Taxing Districts"). As noted during the April 18, 2019 hearing on the Turnover Motion and the School District's motion to modify the automatic stay, or in the alternative, to abstain, if the Special Tax Allocation Funds are redistributed, approximately sixty percent would go to the School District. As noted in Michael Schein's draft of the proposed "Distribution Order" that exact amount is 59.14%, or $5,714,352.75.

      The premise behind this second order, *i.e.*, the currently disputed Distribution Order, is that because the Other Taxing Districts did not appear or file an objection to the Turnover Motion, and because the School District's recapture rights were limited to 60% of the Special Tax Allocation Fund, that the School District would be adequately protected if that 60% (again, actually 59.14%) were retained by the Village pending a ruling in the Illinois Action on how the Illinois EDA Act should be interpreted. As a result, it was suggested that $2,508,660.33, representing the portion of the Special Tax Allocation Funds the Other Taxing Districts would potentially have been entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds, was directed to be turned over to the Debtors.

Haddonfield, NJ | Hackensack, NJ | Princeton, NJ | Philadelphia, PA | Red Bank, NJ | New York, NY | Wilmington, DE

18-23538-shl    Doc 3657    Filed 05/07/19    Entered 05/07/19 10:46:14    Main Document
                                         Pg 2 of 2

Honorable Robert D. Drain
United States Bankruptcy Court
May 3, 2019
Page 2

    However, during discussions involving this order, the Village stated that the Other Taxing Districts might be able to seek recapture of their 40% (or a pro rata portion thereof) from the 59.14% held on behalf of the School District, or the Village itself may distribute this reduced amount (*i.e.,* the 59.14%) among all of the taxing districts. This would obviously significantly dilute the funds otherwise available to the School District, a prejudice we think neither the Court, nor the other parties participating in the April 18, 2019 hearing, contemplated.

    The Village compounds this problem by seeking to be released from claims the taxing districts might have against the Village for making the distribution, essentially absolving the Village from electing not to take a position with respect to the Turnover Motion. The School District, of course, would not care about the release for the Village if it were fully protected with the 59.14% held back by the Village. But allowing the Other Taxing Districts to seek their recovery from this limited fund (rather than the gross fund but for the distribution to Sears) does prejudice School District.

    Therefore, we respectfully counter-propose the attached order.

                                                        Respectfully,

                                                        Allen G. Kadish

Encls.

Cc:    Michael Schein, Esq.
        Jared Friedmann, Esq.
        Matthew Gensburg, Esq.

216360262v1