UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                        )
In re:                                  )    Chapter 11
                                        )
SEARS HOLDINGS CORPORATION, *et al.*,   )    Case No. 18-23538 (RDD)
                                        )    (Jointly Administered)
                   Debtors.             )
_____)

**ORDER DIRECTING PARTIAL DISTRIBUTION OF EDA FUNDS
TO DEBTORS AND RESERVING BALANCE PENDING COURT ORDER**

Upon the (i) *Motion of Debtors to Compel Turnover of Estate Property* [Docket No. 2715] (the "**Turnover Motion**"),[1] (ii) *Community Unit School District 300 's (I) Objection to Debtors' Motion to Compel Turnover of Estate Property, and (II) Reply to Debtors' Objection to Motion of Community Unit School District 300 for Relief from the Automatic Stay or, in the Alternative, Abstention* [Docket No. 2996], (iii) *Reply in Support of Debtors' Motion to Compel Turnover of Estate Property* [Docket No. 3161], and (iv) *Supplemental Objection to Debtors' Motion to Compel Turnover of Estate Property* [Docket No. 3247] (collectively, (ii), (iii) and (iv) are the "**Responses**"); and the Court having jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and venue being proper before the Court pursuant to 28 U.S.C. §1408; and due and proper notice of the relief requested in the Turnover Motion having been provided; such notice having been adequate and appropriate under the circumstances; it appearing that no other and further notice need be provided; and the Court having held a hearing on April 18, 2019 to consider the relief requested in the Turnover Motion and to address the arguments raised in the Responses (the "**Hearing**"); and the Court having been advised that the Village is holding the approximate

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Turnover Motion.

1

sum of $9,600,000 in a Special Tax Allocation Fund (the "**EDA Funds**"), and other than the School District and the Village, no other taxing district within the EDA (the "**Other Taxing Districts**") filed an objection to or otherwise reserved rights in connection with the Turnover Motion; and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Village is ordered and directed to disburse to Debtor Sears, Roebuck and Co. ("**Sears**"), as the developer, EDA Funds in the amount of $2,508,660.33 (25.97%) currently held in the Special Tax Allocation Fund, which EDA Funds constitute the portion of the EDA Funds the Other Taxing Districts would potentially have been entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds.

2. The Village is ordered and directed to hold and retain on the Village's behalf EDA Funds in the amount of $1,438,964.25 (14.89%) currently held in the Special Tax Allocation Fund pending further order of the Court, which EDA Funds constitute the portion of the EDA Funds the Village would potentially be entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds.

3. The Village is ordered and directed to hold and retain on the School District's behalf EDA Funds in the amount of $5,714,352.75 (59.14%) currently held in the Special Tax Allocation Fund pending further order of the Court, which EDA Funds constitute the portion of the EDA Funds the School District would potentially be entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds, and the Other Taxing Districts and the Village have waived any rights to any portion of this amount.

4. The Village is authorized to take all actions necessary to effectuate the relief granted in this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order, and this Order shall be served on the Other Taxing Districts following entry thereof.

6. Notwithstanding anything to the contrary contained herein, with respect to those EDA Funds referenced in Paragraph 1 of this Order, the School District reserves to said funds, including all rights related to any setoff or recoupment claims including any right the School District might have to assert a claim under section 507(b) of the Bankruptcy Code, or other claim or right arising from its loss of those funds and/or setoff or recoupment claims, if any, shall be preserved, and nothing herein shall waive, modify, prejudice, limit or otherwise impair any such rights, or claims, as well as any defenses, or objection thereto, as the case may be, or be deemed a determination as to the validity of any such claim and all parties' rights with respect thereto are also expressly reserved.

7. ~~Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, attorneys and other professionals are hereby released from any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, arising from, out of or in any way related to the Village's compliance with this Order.~~

[Formatted: Indent: Left: 0.5", First line: 0"]

Dated:_____, 2019
      White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4