AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
WITH RESPECT TO THE MOTION OF DEBTORS PURSUANT TO SECTION 1121(d)
OF THE BANKRUPTCY CODE TO FURTHER EXTEND EXCLUSIVE PERIODS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365) ); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby files this statement (the "Statement") with respect to the *Motion of Debtors Pursuant to Section 1121(d) of the Bankruptcy Code to Further Extend Exclusive Periods* [ECF No. 3183] (the "Motion").[2]  In support of this Statement, the Creditors' Committee respectfully states as follows.

## STATEMENT

1.      By the Motion, the Debtors request a second 60-day extension of their Exclusive Periods "in furtherance of their fiduciary duties and to continue to try to broker a consensual chapter 11 plan among their various stakeholders."  Motion ¶ 1.[3]  The Debtors filed the Plan and related disclosure statement [ECF No. 3276] (the "Disclosure Statement") on April 17, 2019, and the Debtors intend to seek approval of the Disclosure Statement at the hearing scheduled for May 16, 2019.  As of the filing of this Statement, the Debtors do not have the support of the Creditors' Committee for the proposed Plan.  While the Creditors' Committee is hopeful that efforts to resolve open issues with respect to the Plan will be successful, it files this Statement to register certain of its concerns with the trajectory of these Chapter 11 Cases.  The Creditors' Committee will expand upon these concerns in its forthcoming objection to the Disclosure Statement in the

---

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated April 17, 2019 [ECF No. 3275] (the "Plan"), as applicable.

[3] The Debtors seek an extension of the Exclusive Filing Period through and including June 12, 2019 and the Exclusive Solicitation Period through and including August 13, 2019.

event the Creditors' Committee and the Debtors are unable to resolve their open issues prior to the deadline for filing objections thereto.[4]

2.   The Creditors' Committee has continued to express its view to the Debtors that the Plan, as drafted, may not be viable and, therefore, the Debtors' determination to proceed with approval of the Disclosure Statement is premature, at best.  The Creditors' Committee's most significant concerns with respect to the Plan relate to: (i) whether the Debtors are, individually or on a consolidated basis, administratively solvent; (ii) the proposed governance of and funding for the Liquidating Trust that will be formed under the Plan; and (iii) the proposed treatment of certain claims under the Plan.

3.   The Debtors' ability to satisfy their administrative claims in accordance with the requirements of Bankruptcy Code section 1129 is subject to substantial risk and unresolved contingencies, including: (x) the ongoing post-closing disagreements over the extent of Transform's obligations to the Debtors under the Asset Purchase Agreement, which could result in hundreds of millions of offsetting claims depleting the estates; (y) the potential allowance of sizable claims under Bankruptcy Code sections 503(b)(9) and 507(b) in excess of the Debtors' assumptions; and (z) the disputes with Wilmington Trust over the Debtors' use of cash collateral. These risks are compounded by the current lack of a bar date with respect to all Administrative Expense Claims.  Absent resolution of each of these issues in the Debtors' favor, which resolutions will involve significant and costly litigation, the Debtors likely will be unable as a matter of law to confirm the Plan.

---

[4] Objections to the Disclosure Statement currently are due on May 9, 2019.  The Debtors previously provided the Creditors' Committee with an extension of the deadline to respond to the Exclusivity Motion to the date hereof, but were unwilling to extend such deadline to be contemporaneous with the deadline to file objections to the Disclosure Statement.  Accordingly, the Creditors' Committee files this Statement in order to be heard on matters pertaining to the Debtors' request to extend their Exclusive Periods.

4.  The outcome of these issues also will have a material impact on the funding available to administer the Liquidating Trust and pursue the myriad causes of action against ESL and other parties. As drafted, the Plan will require the Liquidating Trust to reconcile at least ten years' worth of prepetition intercompany claims and approximately $80 billion in proofs of claim filed against the Debtors' estates.

5.  To date, the Debtors and the Creditors' Committee also have yet to reach agreement with respect to the governance of the Liquidating Trust. The Creditors' Committee, consistent with substantial precedent in this District and others, believes that the governance of the Liquidating Trust should be determined by the Creditors' Committee. Indeed, the Creditors' Committee's constituency—unsecured creditors—will be the primary (if not sole) beneficiary of the causes of action to be pursued by the Liquidating Trust and, therefore, will be most focused on maximizing the value of such actions while appropriately minimizing the size of the unsecured claims pool. The inability to resolve this issue, which the Creditors' Committee submits should be non-controversial, has caused great consternation among the members of the Creditors' Committee regarding whether the Debtors are using their Exclusive Periods inappropriately to put undue pressure on unsecured creditors. *In Matter of Excel Mar. Carriers Ltd.*, No. 13-23060, 2013 WL 5155040, at *2 (RDD) (Bankr. S.D.N.Y. Sept. 13, 2013) ("[I]t's long been held that exclusivity should not be used simply to pressure a creditor to accede to the debtor's point of view on a critical issue . . . ."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006), *clarified on denial of reconsideration*, No. 02-41729, 2006 WL 2927222 (Bankr. S.D.N.Y. Oct. 10, 2006) (articulating the factors courts consider in determining whether to grant a request to extend exclusivity, including "whether the debtor is seeking an

extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands").

6. In addition to the foregoing, the Creditors' Committee continues to have concerns with respect to numerous other provisions of the Plan that impact the rights of unsecured creditors and raise issues regarding the propriety of any additional extensions of the Exclusive Periods beyond those requested by the Motion. These concerns, include, without limitation:

- the scope and extent of proposed releases for certain of the Debtors' directors and officers who were directly involved in approval of the prepetition transactions underlying the Preserved Causes of Action;

- the allowance and treatment of the PBGC Claims;

- the ability of the Plan to satisfy the best interests of creditors test; and

- consent rights for the Creditors' Committee with respect to the Plan, the Liquidating Trust Agreement and related documentation.

7. The Creditors' Committee favors a consensual resolution of the issues it has raised regarding the Plan and, at this juncture, does not object to the Debtors' request for a further extension of the Exclusive Periods. In the event, however, that (i) the Debtors fail to work constructively with the Creditors' Committee on these outstanding issues and it appears instead that the Debtors are using the Exclusive Periods to pressure the Creditors' Committee and other parties in interest into acceding to the Debtors' views or (ii) the Creditors' Committee determines that the Debtors are not employing or considering all appropriate efforts to maximize the value of the estates' assets for the benefit of the Debtors' unsecured creditors, the Creditors' Committee will have no choice but to seek all available remedies from this Court, which may include a request to convert these cases.

8. Accordingly, the Creditors' Committee expressly reserves all of its rights including, without limitation, the Creditors' Committee's rights under Bankruptcy Code section

1121(d) to seek early termination of the Exclusive Periods and oppose any further extension thereof.

| | |
|---|---|
| New York, New York<br>Dated: May 7, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/ *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>           pdublin@akingump.com<br>           sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |