**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket Nos. 3297, 3624<br><br>Objection Deadline: May 7, 2019, at 4:00 p.m. (ET) |

**OBJECTION OF UR HOLDING, LLC TO STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, GCCFC 2007-GG9 S. BOULEVARD PROPERTIES, LLC, WNY OPPORTUNITY ZONE FUND, LLC, AND COMM 2006-C8 SHAW AVENUE CLOVIS, LLC EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR REJECTION OF LEASES OF NONRESIDENTIAL REAL PROPERTY**

UR Holding, LLC (the "Assignee") by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Stipulation and Order by and Among Sellers, Buyer, GCCFC 2007-GG9 S. Boulevard Properties, LLC, WNY Opportunity Zone Fund, LLC, and Comm 2006-C8 Shaw Avenue Clovis, LLC Extending Time Under 11 U.S.C. § 365(d)(4) for*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Assumption or Rejection of Leases of Nonresidential Real Property* (the "Stipulation and Order").[2] In support of this Objection, the Assignee respectfully states as follows:

## OBJECTION

1. On April 12, 2019, the Assignee and Transform Holdco LLC ("Transform") entered into an Assignment and Assumption of Lease Agreement (the "Assignment Agreement"). Pursuant to the Assignment Agreement, Transform designated the Assignee as the assignee of Sears, Roebuck and Co.'s (the "Debtor") interest in the lease (the "Lease") between the Debtor and GCCFC 2007-GG9 Niagara Falls Boulevard, LLC (the "Landlord").

2. The Assignment Agreement provided that assignment of the Lease would become effective after the expiration of the objection period, or upon resolution of objections, if any, in accordance with the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assignment Order").[3] The Assignee has deposited the purchase price with the title insurance company as part of the Assignment Agreement.

3. On April 19, 2019, Transform filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (the "Assignment Notice"),[4] which provided that Transform designated the Lease for assumption and assignment to the Assignee. Consistent with the Assignment Order, the Assignment Notice provided that, to the extent the Landlord previously filed a cure objection, and to the extent the Landlord was entitled to assert an additional objection to cure costs or assumption or assignment that could not have been raised in its prior

---

[2] Docket No. 3624.
[3] Docket No. 3008.
[4] Docket No. 3297.

2

objection, the Landlord had until May 3, 2019, at 11:30 a.m. (ET) (the "Objection Deadline") to file an objection.

4.      The Assignment Order provides that if no objections are timely filed in advance of the Objection Deadline, (a) the Lease shall be *deemed to constitute* an Additional Assigned Agreement (as defined in the Assignment Order), (b) *no further order of the Court shall be required* with respect to such Additional Assigned Agreement, and (c) the date of the Objection Deadline *shall be deemed the effective date of the assumption and assignment* (the "Assumption Effective Date").[5]

5.      The Objection Deadline passed without objection. As a result, the Assumption Effective Date occurred on May 3, 2019.

6.      On May 4, 2019, after the Objection Deadline passed, Transform filed the Stipulation and Order.[6] The Stipulation and Order (a) extends the objection deadline to the Assignment Notice to May 24, 2019 and (b) extends the deadline to assume or reject the Lease under section 365(d)(4) of the Bankruptcy Code to June 28, 2019.

7.      The Assignee objects to entry of the Stipulation and Order because the Lease was assigned to the Assignee on May 3, 2019, consistent with the terms of the Assignment Order.

8.      The Landlord has slept on its rights and should not be prevented another opportunity to assert its limited rights. The Landlord did not file an objection to the cure costs set forth on the January 18, 2019 *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*[7] and,

---

[5]     *See* Assignment Order ¶ 27.

[6]     The Stipulation and Order provides that Transform desires additional time to determine whether to designate the Lease for assumption and assignment which is troubling to Assignee given Transform's obligations under the Assignment Agreement. *See* Stipulation and Order ¶ K.

[7]     Docket No. 1731.

according to the Assignment Order, the Landlord is barred from asserting additional cure costs. The Assignee timely provided evidence of adequate assurance and the Landlord had until the Objection Deadline to contest the Assignee's ability to perform under the Lease.

9. The Landlord did not file any objection by the Objection Deadline and, under the Assignment Order, the Lease was deemed assigned to the Assignee on May 3, 2019, without the need for further court order. Therefore, the Court should deny entry of the Stipulation and Order because the Landlord no longer has the right to challenge the assignment of the Lease.

**WHEREFORE**, the Assignee requests that the Court deny entry of the Stipulation and Order and grant such other and further relief as is just and proper.

Dated: New York, New York
May 4, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *Robert L. LeHane*
Robert L. LeHane
Maeghan J. McLoughlin
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: rlehane@kelleydrye.com
mmcloughlin@kelleydrye.com

*Attorneys for UR Holding, LLC*