UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.,* | ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER DIRECTING PARTIAL TURNOVER OF EDA FUNDS
TO DEBTORS AND RESERVING BALANCE PENDING COURT ORDER**

Upon the (i) *Motion of Debtors to Compel Turnover of Estate Property* [Docket No. 2715] (the "**Turnover Motion**") under 11 U.S.C. § 542,[1] (ii) *Community Unit School District 300's (I) Objection to Debtors' Motion to Compel Turnover of Estate Property, and (II) Reply to Debtors' Objection to Motion of Community Unit School District 300 for Relief from the Automatic Stay or, in the Alternative, Abstention* [Docket No. 2996], (iii) *Reply in Support of Debtors' Motion to Compel Turnover of Estate Property* [Docket No. 3161], and (iv) *Supplemental Objection to Debtors' Motion to Compel Turnover of Estate Property* [Docket No. 3247] (collectively, (ii), (iii) and (iv) are the "**Responses**") by Community Unite School District 300 (as defined in the Turnover Motion, the "**School District**"); and the Court having core jurisdiction over the Turnover Motion to the extent decided hereby, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(a) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), which it can decide by a final order under the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and due and proper notice of the relief requested in the Turnover Motion having been provided, such notice having been adequate and appropriate under the circumstances; it appearing that no other and further notice need be provided; and the Court having

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Turnover Motion.

1

held a hearing on April 18, 2019 to consider the relief requested in the Turnover Motion and to address the arguments raised in the Responses (the "**Hearing**"); and the Court having been advised that the Village is holding the approximate sum of $9,600,000 in a Special Tax Allocation Fund (the "**EDA Funds**"), and with the exception of the School District and the Village no other taxing district within the EDA (the "**Other Taxing Districts**") filed an objection to or otherwise reserved rights in connection with the Turnover Motion; and upon the record of the Hearing and all of the pleadings and proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Village is ordered and directed to disburse to Debtor Sears, Roebuck and Co. ("**Sears**"), as the developer, EDA Funds in the amount of $2,508,660.33 (25.97%) currently held in the Special Tax Allocation Fund, which EDA Funds constitute the portion of the EDA Funds the Other Taxing Districts would potentially have been entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds and such Districts had objected to the Turnover Motion.

2. The Village is ordered and directed to hold and retain on the Village's behalf EDA Funds in the amount of $1,438,964.25 (14.89%) currently held in the Special Tax Allocation Fund pending further order of the Court, which EDA Funds constitute the portion of the EDA Funds the Village would potentially be entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds.

3. The Village is ordered and directed to hold and retain on the School District's behalf EDA Funds in the amount of $5,714,352.75 (59.14%) currently held in the Special Tax Allocation Fund pending further order of the Court, which EDA Funds constitute the portion of

the EDA Funds the School District would potentially be entitled to receive under the EDA Act in the event Sears is found not to be entitled to receive any of the EDA Funds, and the Other Taxing Districts and the Village have waived any rights to any portion of this amount.

4. Any EDA Funds in excess of the amounts specifically referenced in paragraphs 1-3 hereof shall be turned over or held and retained, as the case may be, in the respective percentages provided in such paragraphs.

5. The Village is authorized to take all actions necessary to effectuate the relief granted in this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order, and this Order shall be served on the Other Taxing Districts following entry thereof.

7. Notwithstanding anything to the contrary contained herein, with respect to those EDA Funds referenced in paragraph 1 of this Order, the School District reserves to said funds, including all rights related to any setoff or recoupment claims including any right the School District might have to assert a claim under section 507(b) of the Bankruptcy Code, or other claim or right arising from its loss of those funds and/or setoff or recoupment claims, if any, shall be preserved, and nothing herein shall waive, modify, prejudice, limit or otherwise impair any such rights, or claims, as well as any defenses, or objection thereto, as the case may be, or be deemed a determination as to the validity of any such claim and all parties' rights with respect thereto are also expressly reserved; and the Debtors, the Village, and the School District also fully reserve all rights with respect to the EDA funds held and retained under paragraphs 2-3 of this Order.

Dated: May 6, 2019
    White Plains, New York        /s/Robert D. Drain
                                              HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE