UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :

In re                                     :            Chapter 11
                                          :

**SEARS HOLDINGS CORPORATION,** *et al.*,   :            Case No. 18-23538 (RDD)
                                          :

                      Debtors.[1]               :            (Jointly Administered)
                                          :
------------------------------------------------------------x

## ORDER DENYING APPLICATION OF MAULDIN AT BUTLER, LLC (STORE NO. 7274) FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Mauldin at Butler, LLC ("**Mauldin**") having filed an application on February 26, 2019 [ECF No. 2690] (the "**Application**"),[2] seeking allowance and payment of real estate taxes component of rent as an administrative expense, pursuant to sections 530(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code, all as more fully described in the Application; and the Debtors having filed an objection to the Application on April 12, 2019 [ECF No. 3163] (the "**Objection**"); and Mauldin having filed a reply to the Objection on April 16, 2019 [ECF No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

3225]; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on the Application on April 18, 2019 (the "**Hearing**") and all of the pleadings herein; and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that Mauldin has not established a sufficient factual or legal basis for the requested relief, it is hereby

**ORDERED THAT**

1. The Application is denied.

2. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 3, 2019
      White Plains, New York

    /s/Robert D. Drain
    THE HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE