**Hearing Date and Time: May 21, 2019 at 10:00 am (Eastern)**
**Objection Deadline: May 14, 2019 at 4:00 pm (Eastern)**

**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, New York 10019-6102
(212) 440-4400
Christopher P. Schueller, Esq. (christopher.schueller@bipc.com)
Tanya Bosi, Esq. (tanya.bosi@bipc.com)
*Attorneys for Gokaldas Exports Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*[1], | Case No. 18-23538 (RDD) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON MOTION OF GOKALDAS EXPORTS LTD. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b)**

**PLEASE TAKE NOTICE** that a hearing on the attached motion (the "Motion") of Gokaldas Exports Ltd. ("Gokaldas") to allow and compel payment of administrative expense

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

claim under 11 U.S.C. § 503(b) for goods delivered to Sears, Roebuck & Co., and Kmart Corporation, debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors"), as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court") on **May 21, 2019 at 10:00 a.m.** (Eastern Time) (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objection ("Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **May 14, 2019 at 4:00 p.m.** (Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Gokaldas may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Date:   New York, NY
       May 7, 2019

**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, New York 10019-6102
(212) 440-4400
Christopher P. Schueller, Esq. (christopher.schueller@bipc.com)
Tanya Bosi, Esq. (tanya.bosi@bipc.com)
*Attorneys for Gokaldas Exports Ltd.*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>In re:<br><br>SEARS HOLDING CORPORATION, *et al.*,[1]<br><br>                                            Debtors.<br>-------------------------------------------------------X | **Hearing Date and Time**<br>May 21, 2019 at 10:00 a.m.<br><br>Objection Deadline:<br>May 14, 2019 at 4:00 p.m. (ET)<br><br>Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

## MOTION BY GOKALDAS EXPORTS LTD. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Gokaldas Exports Ltd. ("Gokaldas"), by its attorneys, Buchanan Ingersoll & Rooney PC, submits this motion (the "Motion") for allowance and payment of administrative expense claims pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9); directing immediate payment of Gokaldas's administrative expense claims; and such other and further relief as this Court deems appropriate; and, in support thereof, Gokaldas represents and states as follows:

## I.     Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 11 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## II.     Background

4. The above-captioned debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 15, 2018 (the "Petition Date"), which cases are pending before this Court.

5. As of the Petition Date, Gokaldas was one of the debtors and debtors-in-possession Sears, Roebuck & Co. and Kmart Corporation's (the "Debtors") Indian vendors, supplying the Debtors with apparel goods.

6. Gokaldas has §503(b)(9) claims[2] and §503(b)(1)(A) claims[3] involving facts substantially similar to those presented in other creditors' motions.[4]

---

[2] Gokaldas filed proofs of claim against Kmart Holding Corporation (Claim No. 4184) and Sears, Roebuck and Co. (Claim No. 4197) for $183,317.25 and $421,551.87, respectively, the majority of which were designated as claims eligible under 11 U.S.C. § 503(b)(1)(A) for administrative expense priority; and the remainder of which were designated as claims eligible under 11 U.S.C. § 503(b)(9) for administrative expense priority.

[3] Gokaldas has claims under 11 U.S.C. § 503(b)(1)(A) in connection with pre-petition purchase orders where goods were delivered post-petition, as well as new post-petition transactions (purchase orders re-issued post-petition).

[4] *See Motion for Payment of Administrative Expenses Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims* (Docket No. 1386) (the "Winners Motion"); and *Motion to Allow*

### III.     Gokaldas is Entitled to Prompt Payment of its 503(b)(1)(A) Claims

7.     Gokaldas has 503(b)(1)(A) claims on account of: (a) goods shipped and delivered to the Debtors' warehouses after the Petition Date on account of pre-Petition Date purchase orders; and (b) goods shipped and delivered post-Petition Date on account of re-issued post-Petition Date purchase orders (*i.e.*, fresh, post-petition transactions).

8.     On the Petition Date, the Debtors filed the *Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Post-petition, and Satisfy Such Obligations in the Ordinary Course of Business* (Docket No. 14) (the "First Day Motion").

#### A. *Section 503(b)(1)(A) Claims Relating to Pre-Petition Purchase Orders*

9.     Section 503(b)(1)(A) of the Bankruptcy Code provides that administrative expenses shall be paid for "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. 503(b)(1)(A).

10.    Pursuant to the First Day Motion, the Debtors sought entry of an order "granting administrative priority status to all undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the post-petition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business."  First Day Motion, ¶ 5.  With respect to this request, the Debtors represented to the Court as follows:

---

*and Compel Payment of Administrative Expense Claim under 11 U.S.C. Section 503(B) for Jaclyn Smith Branded and Private Label Goods Delivered to the Debtor Post-Petition* (Docket No. 3323) (the "Mien Motion).

3

> Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the post-petition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate post-petition. 11 U.S.C. § 503(b)(1)(A); see *In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d Cir. 1993) (holding that an obligation arising from the post-petition performance relating to a prepetition transaction is entitled to administrative expense priority) *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503 a claimant must provide a post-petition benefit to the estate). Additionally, under section 363 of the Bankruptcy Code, the Debtors can continue to operate in the ordinary course of business including **honoring post-petition obligations under Prepetition Orders without prior court approval.**
>
> Accordingly, granting the relief sought herein with respect to the Prepetition Orders will not provide the Vendors with any greater priority than they would otherwise be entitled to, and will not prejudice any part [sic] in interest. Absent such relief, the Debtors may be required to expend substantial time and effort reissuing the Prepetition Orders to provide their vendors with assurance of administrative priority. This disruption to the continuous flow of goods and services to the Debtors would seriously impact the Debtors' ability to operate their business. Without the support of their vendors, the Debtors will incur significant costs and lose valuable business relationships to the detriment of all parties in interest. **Therefore, the obligations owed under the Prepetition Orders relating to goods delivered post-petition should be explicitly granted administrative expense status.**

First Day Motion, ¶¶ 34-35 (emphasis added).

11. On November 20, 2018, the Court entered the *Final Order Authorizing Debtors to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Post-petition, and Satisfy Such Obligations in the Ordinary Course of Business* [Docket No. 843] (the "Final Order"). The Final Order provides, in relevant part, as follows:

> All undisputed obligations of the Debtors arising from the post-petition delivery or shipment by [sic] of goods under the

4

>   Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

Final Order, ¶ 8.

12. The amounts owing to Gokaldas for goods shipped and delivered to the Debtors' warehouses after the Petition Date are undisputed obligations of the Debtors, arising from the post-petition delivery of pre-petition and post-petition purchase orders. As such, these amounts are entitled to administrative expense priority status pursuant to the Final Order and section 503(b)(1)(A) of the Bankruptcy Code.

13. Gokaldas has filed proofs of claim against Kmart Corporation (Claim No. 4184) and Sears, Roebuck & Co. (Claim No. 4197) (collectively, the "Kmart and Sears POCs").

14. The Kmart and Sears POCs detail Gokaldas's claims in the amount of approximately $375,770.27 against Sears, Roebuck & Co. and $170,608.05 against Kmart Corporation for goods delivered to the Debtors post-petition for pre-petition purchase orders. The Kmart and Sears POCs are hereby incorporated by reference. These goods have been granted administrative expense priority status under 11 U.S.C. § 503(b)(1)(A) by virtue of the Final Order at Docket No. 843.

### B. Section 503(b)(1)(A) Claims Relating to Post-Petition Purchase Orders

15. In addition to the above, Gokaldas honored completely new post-petition transactions with the Debtors. As set forth in the Declaration of Sivaramakrishnan Ganapathi, Managing Director of Gokaldas (the "Ganapathi Declaration"), Gokaldas shipped $853,615.11

5

worth of goods[5] in December 2018 on account of re-issued, post-petition purchase orders, which goods were delivered to the Debtors on or about January 29, 2019.  Payment for such goods came due on or about March 18, 2019 (the "Invoices Due March 2019"), and to date, Gokaldas remains unpaid. (Ganapathi Declaration ¶¶ 10-13).  These amounts are entitled to administrative expense priority status, as they constitute post-petition transactions entered into by the Debtors; and the Debtors and their estates have, to date, obtained the benefit of the delivered goods without payment to Gokaldas.

16.  Gokaldas's counsel has reached out to the Debtors' counsel, Weil, Gotshal & Manges multiple times since the Invoices Due March 2019 became overdue, and in response, Debtors' counsel has indicated that it is the Debtors' position that Transform/ESL is responsible for paying certain post-petition open accounts payable, including Gokaldas's Invoices Due March 2019.

17.  Gokaldas, in response, has reached out to Transform/ESL on numerous occasions and has been told just the inverse – that Transform/ESL has checked and confirmed that Gokaldas's Invoices Due March 2019 are the responsibility of the Debtors. (Ganapathi Declaration ¶¶ 12-13).

18.  Gokaldas appears to be suffering the same fate as other vendors – being caught in the middle of, and being prejudiced by, a contractual dispute as between the Debtors and Transform/ESL arising out of the asset purchase agreement.[6]

19.  The Debtors have defaulted on their post-petition obligations to Gokaldas, and Gokaldas respectfully requests that the Court compel prompt payment by the Debtors of all

---

[5]  Of this amount, $461,137.77 is attributable to Sears, Roebuck & Co. and $392,477.34 is attributable to Kmart Corporation.

[6]  *See* Mien Motion, ¶ 9.

6

amounts due to Gokaldas which are eligible for administrative expense priority status under 11 U.S.C. § 503(b)(1)(A) on account of goods delivered to the Debtors post-Petition Date, in the aggregate amount of $1,399,993.43 (of which $836,908.04 is attributable to Sears, Roebuck & Co. and $563,085.39 is attributable to Kmart Corporation).

### IV.     Gokaldas is Entitled to Allowance and Prompt Payment of its 503(b)(9) Claims

20.    Gokaldas has also asserted administrative expense priority claims pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to the Debtors in the 20-day window preceding the Petition Date, evidenced by the Kmart and Sears POCs.[7]

21.    As set forth in the Kmart and Sears POCs, Gokaldas has 503(b)(9) claims in the aggregate amount of approximately $58,490.80 (of which $45,781.60 is attributable to Sears, Roebuck & Co. and $12,709.20 of which is attributable to Kmart Corporation).

### V.     Summary of Requested Relief

22.    A summary of Gokaldas's administrative expense claims is set forth in the below table, which derives from the Ganapathi Declaration:

[Remainder of page intentionally left blank]

---

[7]    Gokaldas joins the Winners Motion and the reply filed in connection therewith in further support of its legal position regarding the proper date for determining 503(b)(9) claims.

7

| Relevant Code Section | Description of Goods | Value of Goods (USD) | | Total (by category) |
|---|---|---|---|---|
| | | Sears (Claim No. 4197) | Kmart (Claim No. 4184) | |
| 503(b)(9) | Shipments dispatched on account of pre-petition purchase orders delivered to Debtors in the 20 days preceding October 15, 2018, for which payment is overdue: | $45,781.60 | $12,709.20 | $58,490.80 |
| 503(b)(1)(A) | Shipments dispatched on account of pre-petition purchase orders delivered to Debtors *after* October 15, 2018, for which payment is overdue: | $375,770.27 | $170,608.05 | $546,378.32 |
| 503(b)(1)(A) | Shipments dispatched after October 15, 2018 and delivered to Debtors before February 11, 2019, for which payment is overdue: | $461,137.77 | $392,477.34 | $853,615.11 |
| | **Total (by Debtor):** | $882,689.64 | $575,794.59 | **$1,458,484.23** |

WHEREFORE, for the reasons set forth above and as set forth in the Ganapathi Declaration, Gokaldas respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, (i) granting Gokaldas allowed administrative expense claims under 11 U.S.C. § 503(b)(1)(A) in the amount of $563,085.39 with respect to Kmart Corporation and $836,908.04 with respect to Sears, Roebuck & Co., on account of post-petition goods delivered evidenced by, among other things, the Invoices Due March 2019, and requiring the Debtors to promptly pay such administrative expense claims; (ii) granting Gokaldas allowed

8

administrative expense claims under 11 U.S.C. § 503(b)(9) in the amount of $12,709.20 with respect to Kmart Corporation and $45,781.60 with respect to Sears, Roebuck & Co. on account of goods delivered within 20 days of the Petition Date, as set forth in Gokaldas's Kmart and Sears POCs; (iii) and requiring the Debtors to promptly pay such administrative expense claims; and (b) grant such other and further relief to Gokaldas as the Court deems just and proper.[8]

Dated: May 7, 2019
New York, New York

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Christopher P. Schueller*
Christopher P. Schueller
Tanya Bosi
640 5th Avenue, 9th Floor
New York, New York 10019-6102
(212) 440-4400
christopher.schueller@bipc.com
tanya.bosi@bipc.com
*Attorneys for Gokaldas Exports Ltd.*

---

[8] Gokaldas reserves all rights to amend the Kmart and Sears POCs and this Motion, including, without limitation, the amounts claimed owing to Gokaldas, should new or more accurate information become available.