**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, New York 10019-6102
(212) 440-4400
Christopher P. Schueller, Esq. (christopher.schueller@bipc.com)
Tanya Bosi, Esq. (tanya.bosi@bipc.com)
*Attorneys for Gokaldas Exports Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

SEARS HOLDING CORPORATION, *et al.*,

                                       Debtors.
------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

## DECLARATION OF SIVARAMAKRISHNAN GANAPATHI IN SUPPORT OF MOTION BY GOKALDAS EXPORTS LTD. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

I, Sivaramakrishnan Ganapathi, make this declaration under 28 U.S.C. § 1746:

1. I am a Managing Director of Gokaldas Exports Ltd. ("Gokaldas").

2. I submit this Declaration, based upon information and belief and on Gokaldas's business records, in support of Gokaldas's Motion to Allow and Compel Payment of Administrative Expense Claims (the "Motion").

3. Gokaldas is an Indian manufacturer of apparel, and a vendor of Kmart Corporation ("Kmart") and Sears, Roebuck & Co. ("Sears"), two of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors").

4. Gokaldas has timely filed proofs of claim against the Debtors. Specifically, Gokaldas filed Claim No. 4184 against Kmart in the amount of $183,317.25; and filed Claim No. 4197 against Sears in the amount of $421,551.87 (the "POCs"). As set forth in the below summary regarding administrative claims evidenced by the POCs, the aggregate amount of

18-23538-shl    Doc 3671    Filed 05/07/19    Entered 05/07/19 14:12:33    Main Document
Pg 2 of 5

$546,378.32 of the POCs is due on account of goods delivered post-petition, for which Gokaldas seeks administrative priority expense status pursuant to 11 U.S.C. § 503(b)(1); and the aggregate amount of $58,490.80 of the POCs is due on account of goods delivered in the 20 days preceding the Petition Date (defined below), for which Gokaldas seeks administrative priority expense status pursuant to 11 U.S.C. § 503(b)(9):

| Description of Goods | Value of Goods (USD) | | Total (by category) |
|---|---|---|---|
| | Sears (Claim No. 4197) | Kmart (Claim No. 4184) | |
| Shipments dispatched on account of pre-petition purchase orders delivered to Debtors in the 20 days preceding October 15, 2018, for which payment is overdue: | $45,781.60 | $12,709.20 | $58,490.80 |
| Shipments dispatched on account of pre-petition purchase orders delivered to Debtors *after* October 15, 2018, for which payment is overdue: | $375,770.27 | $170,608.05 | $546,378.32 |

5. As set forth in the above summary table, the majority of the amounts set forth in the POCs as owing to Gokaldas are on account of goods delivered to the Debtors *after* October 15, 2018, the date on which these chapter 11 cases were filed (the "Petition Date").

6. The Debtors have, to date, not made any payment to Gokaldas on account of the amounts evidenced in the POCs. (*See* **Exhibit A** hereto containing emails from representatives of the Debtors regarding assurances of payment for goods delivered in this timeframe).

7. Following the Petition Date, the Debtors re-issued a number of purchase orders to Gokaldas, changing certain specifications in the respective orders, including, without limitation, the quantity of goods desired.

8. On or about December 31, 2018, shipments of goods *ordered* post-Petition Date were dispatched on board with UPS Supply Chain Services. True and correct copies of the relevant invoices, purchase orders and shipping confirmation documentation with respect to these post-Petition Date orders[1] are attached as **Exhibit B** with respect to Kmart and **Exhibit C** with respect to Sears (collectively, the "Post-Petition Orders").

9. On January 23, 2019, during a meeting I attended with the Debtors' representatives in Hong Kong at 8 Argyle Street 49/F-54/F & 56/F, Office Tower, Langham Place, Mongkok, Kowloon, it was represented to me by the Debtors that timely payment would be forthcoming in connection with Gokaldas's performance of post-Petition Date purchase orders.

10. Payment to Gokaldas in connection with the Post-Petition Orders came due in the total amount of $853,615.11 on or about March 18, 2019[2] as set forth below:

| **Description of Goods** | **Value of Goods (USD)** | | **Total** |
| --- | --- | --- | --- |
|  | **Sears** | **Kmart** |  |
| Shipments dispatched after October 15, 2018 and delivered to Debtors before February 11, 2019, for which payment is overdue: | $461,137.77 | $392,477.34 | $853,615.11 |

---

[1] Subsequent post-petition purchase orders relating to goods delivered after February 11, 2019 are not the subject of dispute at this time.

[2] Gokaldas's records reflect a due date of March 9, 2019 but the Debtors asserted a due date of approximately March 18, 2019. Gokaldas reserves all rights with respect to the proper due date, but believes it is an immaterial discrepancy for purposes of the Motion at this time.

11. The goods ordered under the Post-Petition Orders were delivered to the Debtors in January 2019.

12. By email dated March 14, 2019, Gokaldas's purchasing contacts informed Gokaldas for the first time that "[t]he estate of Sears Holdings Corporation is responsible for all outstanding invoices for goods received or services rendered prior to February 11th" and that Gokaldas's regular business contacts would be able to offer no avail with respect to Gokaldas obtaining payment for the Post-Petition Orders. *See* March 14, 2019 email from Sunaina Kapoor, attached hereto as **Exhibit D**.

13. By email dated April 16, 2019, Gokaldas was informed again by its purchasing contacts at a Sears affiliate, that the "Transformco" team confirmed that the payables in connection with the Post-Petition Orders have been assigned to the Debtors' estates.

14. To date, Gokaldas has received no payment on account of the Post-Petition Orders.

15. It is my understanding that the failure of Gokaldas to be paid for post-petition transactions relates to a dispute between the Debtors and the buyer(s) that purchased substantial assets of the Debtors in a sale approved by the Bankruptcy Court, which sale closed on February 11, 2019.

16. I reserve the right to revise this Declaration, including, without limitation, all amounts claimed due to Gokaldas, should new and/or more accurate information become available.

17. Based on the foregoing, I respectfully request that the Court grant the Motion and compel the Debtors to promptly pay Gokaldas all amounts due which are afforded administrative expense priority status.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 7th May, 2019

By: _____
Name: Sivaramakrishnan Ganapathi