| | |
|---|---|
| BALLON STOLL BADER & NADLER, P.C. | Hearing date: May 21, 2019 |
| 729 Seventh Avenue | Hearing time: 10:00 AM |
| New York, NY 10019 | Objection Deadline: May 14, 2019, 4:00 PM |
| Telephone: (212) 575-7900 | |
| Facsimile: (212) 764-5060 | |
| Vincent J. Roldan | |
| vroldan@ballonstoll.com | |

*Attorneys for Hain Capital Investors Master Fund, Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

*In re:*                                                    Chapter 11

SEARS HOLDINGS CORPORATION, et al.[1]       Case No. 18-23538 (RDD)

                Debtors.                         (Jointly Administered)

--------------------------------------------------------x

**MOTION OF HAIN CAPITAL INVESTORS MASTER FUND, LTD., AS ASSIGNEE OF BLUE STAR FASHION NY INC. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b) FOR GOODS DELIVERED TO THE DEBTORS POST-PETITION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Hain Capital Investors Master Fund, Ltd. ("Hain"), as Assignee of Blue Star Fashion NY Inc., ("Blue Star"), by its counsel Ballon Stoll Bader and Nadler, P.C., submits this Motion (the "Motion") To Allow And Compel Payment Of Administrative Expense Claim Under 11 U.S.C. § 503(b) For Goods Delivered To The Debtors Post-Petition, and respectfully represents as follows:

## PRELIMINARY STATEMENT

In January 2019 (after the Petition Date), the Debtors ordered various goods from Blue Star, and were invoiced $363,803.75. All of these goods were received by the Debtors in January or February 2019. The underlying invoices all required payment net 20 days and were due between February 9, 2019-February 27, 2019 but they all remain unpaid.

Hain is the assignee to Blue Star.[2] Hain therefore files the instant Motion to request allowance of an administrative expense claim for $363,803.75, and immediate payment.

## JUDISCICTION AND VENUE

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     The statutory predicate for the relief requested herein is section 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

---

[2] A copy of Hain's Notice of Transfer of Claim filed on May 2, 2019 [Docket No. 3490] is attached hereto as Exhibit A.

**RELEVANT BACKGROUND**

3.      On October 15, 2018 (the "Petition Date"), Sears, Roebuck & Co., a debtor and debtor in possession in the above-captioned chapter 11 cases, (the "Debtor" and, with the other debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.      In January 2019, the Debtors ordered various goods—mens' and womens' apparel—from Blue Star.  Based on related bills of lading, the goods were all received by the Debtors in January or February 2019.  The underlying invoices all had net 20 day payment terms, and payment was due between February 9, 2019-February 27, 2019.  Copies of the relevant invoices and bills of lading are attached hereto as Exhibit B.[3]

5.      The invoices total $363,803.75 and remain unpaid.

6.      Blue Star transferred its claim to Hain on or about April 29, 2019.  Hain filed a Notice of Transfer of Claim on May 2, 2019 [Docket No. 3490]. See Exhibit A.

**RELIEF REQUESTED**

7.      Hain, as assignee to Blue Star, requests entry of an order, substantially in the form attached hereto as Exhibit C, (i) granting Hain an allowed administrative expense claim in the amount of $363,803.75 under section 503(b)(1)(A) of the Bankruptcy Code for goods delivered

---

[3] The goods were delivered to "Kmart/ Sears" at 1475 Nitterhouse Dr in Chambersburg, PA, or "Western Regional Specialty DC" in 3100 Milliken Ave, Mira Loma, CA.  Both addresses appear to be distribution centers for the Debtors, but the identity of the precise debtor it is not clear.  Out of an abundance of caution, Hain files this Motion against the debtor in the main case, Sears Holdings Corporation, but reserves the right to amend this motion to the extent necessary to reflect the correct debtor entity.

3

to the Debtors post-petition, and (ii) requiring the Debtors to immediately pay such allowed administrative expense claim.

## BASIS FOR RELIEF

**A. Hain Is Entitled To An Administrative Expense Claim Under Section 503(b)(1)(A) Of The Bankruptcy Code.**

8. The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate …." 11 U.S.C. § 503(b)(1)(A)."

9. Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)).

10. Here, Hain, as assignee to Blue Star is asserting $363,803.75 for goods that were both ordered and delivered to the Debtors after the Petition Date. Moreover, the Debtors and their estates are already benefiting from the goods delivered as they have been available for sale in the Debtors' stores. The Debtors' post-petition obligations to Blue Star are undisputed. Accordingly, they are entitled to administrative expense priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

11. In addition, as set forth below, Hain is entitled to immediate payment of its $363,803.75 administrative expense claim.

4

**B. Hain Is Entitled To Immediate Payment.**

12.     With respect to timing of payment of an allowed administrative claim, courts have discretion as to whether to provide for immediate payment of such a claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id.* Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

13.     As set forth above, the Debtors ordered goods from Blue Star after the Petition Date, and the Debtors received the goods. The invoices and bills of lading are not disputed. Presumably, the Debtors have been paying other administrative creditors in the ordinary course of business. It would be patently unfair, and without legal basis, for the Debtors to pay some administrative expense claimants who supply goods to the Debtors postpetition in the ordinary course of business and not pay others, such as Blue Star. See, e.g., 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the fact, have agreed to subordinate their

5

claims.") (citation omitted). Accordingly, Hain, as assignee of Blue Star, requests immediate payment of its allowed administrative expense claim.

## NOTICE

14. Notice of this Motion will be served on the Debtors and the "Master Service List" as those terms are defined in that certain Order Implementing Certain Notice and Case Management Procedures dated October 17, 2018 [Docket No. 139] (the "Procedures Order"), and in the manner provided therein. Hain submits that no other or further notice need be provided.

15. No previous motion or application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

For the foregoing reasons, Hain respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit C, (i) granting Hain, as assignee to Blue Star, an allowed administrative expense claim in the amount of $363,803.75 on account of goods shipped and delivered to the Debtors after the Petition Date, and (ii) requiring the Debtors to immediately pay such allowed administrative expense claim, and (b) grant such other and further relief to Hain as the Court deems just and proper

Dated:  May 7, 2019
      New York, New York

                                 Respectfully submitted,

                                 BALLON STOLL BADER & NADLER, P.C.

                                 By:_____/s/ Vincent J. Roldan_____
                                    Vincent J. Roldan (VR-7450)
                                 *Attorneys for Hain Capital Investors Master Fund, Ltd.*
                                 729 Seventh Avenue – 17th Floor
                                 New York, NY 10019

212.575-7900
Fax 212.764-5060
www.ballonstoll.com