CKR LAW LLP
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-8200
Gilbert R. Saydah Jr., Esq.

*Counsel to Bradshaw Westwood Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, *et al.*,   :    Case No. 18-23538-rdd
                                        :    (Jointly Administered)
                Debtors.                :
                                        :    Re: Docket Nos. 1774, 2299
                                        :    3298, 3579
------------------------------------------------------------x

**DECLARATION OF MARK KISIEL IN SUPPORT OF
SUPPLEMENTAL OBJECTION OF BRADSHAW WESTWOOD TRUST TO
(1) DEBTORS' PROPOSED CURE AMOUNT AND POSSIBLE
ASSUMPTION AND ASSIGNMENT OF LEASE, AND (2) NOTICE OF
ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES,
AND SUPPLEMENTAL DEMAND FOR SECURITY PURSUANT TO 11 U.S.C. 365(L)**

I, Mark Kisiel, in my capacity as trustee of the Bradshaw Westwood Trust ("Trustee"), hereby declare as follows:

1. I am the Trustee of the Bradshaw Westwood Trust ("Landlord") and as Trustee, I am responsible for making financial and other decisions on behalf of Landlord. Landlord leases non-residential real property located at 349 University Ave., Westwood, MA (the "Leased Premises") to debtor Innovel Solutions, Inc.[1] pursuant to a written lease (as it may have been amended, the "Lease"). If called upon to testify in this proceeding as to the matters set forth in

---

[1] The Sears entity which entered into the Lease was Sears Logistics Services, Inc. I do not know if this entity changed its name to Innovel Solutions, Inc., or if the Lease was purportedly assigned from Sears Logistics Services Inc. to Innovel Solutions, Inc.

this declaration, I could and would competently testify thereto, as the facts herein are personally known to me.

2.  On January 23, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1774) (the "Cure Notice").

3.  On January 31, 2019, Landlord filed its *Objection Of Bradshaw Westwood Trust To Debtors' Proposed Cure Amount And Possible Assumption And Assignment Of Lease, And Demand For Security Pursuant To 11 U.S.C. 365(L)* (Docket No. 2299)(the "Original Objection and Demand").

4.  On or about February 13, 2019, I received from my counsel information provided by counsel to the purchaser of the Debtors' assets, Transform Holdco LLC ("Purchaser"), dated January 24, 2019 and purporting to demonstrate adequate assurance of future performance under the Lease (the "Purchaser AA Information"). Included with the Purchaser AA Information was the *Declaration of Kunal S. Kamlani in Support of ESL's Omnibus Response in Support of the Going Concern Sale Transaction* (Docket No. 2356) (the "Kamlani Declaration").

5.  On April 19, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298) (the "Supplemental Notice") seeking to assign the Lease to Transform Innovel Properties LLC ("Innovel Newco") and reiterating the original cure amount asserted.

6.  On May 3, 2019, Landlord filed its *Supplemental Objection of Bradshaw Westwood Trust to (1) Debtors' Proposed Cure Amount and Possible Assumption and Assignment of Lease, and (2) Notice of Assumption and Assignment of Additional Designatable Leases, and Supplemental Demand For Security Pursuant To 11 U.S.C. 365(L)* (Docket No. 3579) (the

"Supplemental Objection and Demand") objecting again to the proposed cure amount, objecting to the proposed assignment of the Lease to Innovel Newco, and demanding security from Innovel Newco in the form of a security deposit equal to nine months of obligations due under the Lease ($421,419.87).

7.  I have reviewed the Original Objection and Demand, and the Supplemental Objection and Demand, and believe, subject to the clarification below, that the information contained in those pleadings was true and correct as of when they were filed with this Court. Since they were filed, certain amounts requested in those pleadings may have been paid by the Debtors, and it has come to my attention that certain of the utility amounts listed in the Original Objection and Demand may inadvertently have been duplicated. This issue was corrected in the Supplemental Objection and Demand.

8.  In my capacity as Trustee of the Landlord, I have reviewed the Purchaser AA Information provided by counsel for the Purchaser, and very briefly reviewed the Kamlani Declaration. While the Purchaser AA Information provided information regarding the "Purchaser" Transform Holdco LLC, the Purchaser AA Information did not provide any information regarding the actual proposed assignee/tenant, Innovel Newco, or explain the financial relationship between Purchaser and Innovel Newco, and Purchaser's legal obligations, if any, to fund Innovel Newco. Based on my review of those documents, I ascertained that, if Innovel Newco was a new tenant requesting to start a new lease for the Leased Premises, that given the executive, operational, and financial history of Innovel Newco (based on the past performance of the Debtors operating the same and similar assets), that the Landlord would require from Innovel Newco a security deposit equal to nine months of rent and other charges due under such lease. As such, pursuant to 11 U.S.C. 365(l), in the Supplemental Objection and Demand, the Landlord demanded from Innovel

3

Newco a security deposit of $421,419.87 (which is equal to nine months of rent and other periodic obligations due the Lease).

9. Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 7, 2019
      Boston, Massachusetts

                                      */s/ Mark Kisiel*
                                      Mark Kisiel

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Declaration of Mark Kisiel in Support of the Supplemental Objection Of Bradshaw Westwood Trust To (1) Debtors' Proposed Cure Amount And Possible Assumption And Assignment Of Lease, And (2) Notice Of Assumption And Assignment Of Additional Designatable Leases, And Supplemental Demand For Security Pursuant To 11 U.S.C. 365(L)* has been filed and served on May 7, 2019 upon all parties requesting service via ECF notification.

*/s/ Gilbert R. Saydah Jr.*
Gilbert R. Saydah Jr.
1330 Avenue of the Americas, 14th Floor
New York, NY  10019
T: (212) 259-7300
F: (212) 259-8200
E: gsaydah@ckrlaw.com

*Counsel to Bradshaw Westwood Trust*