HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Telephone: (313) 465-7590
Facsimile: (313) 465-7591
Lawrence A. Lichtman (MI Bar #P35403)
*Admitted Pro Hac Vice*
*Attorneys for QKC Maui Owner, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------x

**QKC MAUI OWNER, LLC'S SUPPLEMENTAL OBJECTION IN RESPONSE TO TRANSFORM HOLDCO LLC'S OMNIBUS REPLY IN SUPPORT OF ASSUMPTION AND ASSIGNMENT OF DESIGNATED LEASES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

QKC Maui Owner, LLC ("QKC"), by its undersigned counsel, in response to Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases (the "Omnibus Reply") [Docket No. 3654] and the proposed Revised Assumption and Assignment Order defined in the Omnibus Reply and attached thereto as Exhibit A, hereby files this Supplement to QKC's May 2, 2019 Omnibus Objection [Docket No. 3482] (collectively, the "Objection") in response to the April 19, 2019 *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] (the "Assumption/Assignment Notice") and which supplemented QKC's previously filed Limited Objection [Docket No. 1874] (the "Limited Objection") to (i) the Debtors' January 18, 2019 *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* [Docket No. 1731] (the "Cure Notice"), and (ii) the Global Asset Sale Transaction as described and defined in the Debtors' January 18, 2019 *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] (the "Successful Bidder Notice")[2], and states:

## I. BACKGROUND

1. QKC is a creditor and the landlord of Debtor Sears, Roebuck and Co. (the "Debtor"), with respect to that certain unexpired ground lease of non-residential real property for the purposes of space in a shopping center, being the Debtor's Store No. 2148, which is located at Queen Ka'ahumanu Center, 275 West Ka'ahumanu Avenue, Kahului, Hawaii 96732 (the "Leased Premises").

2. QKC, as Landlord, leases to Debtor, as Tenant, the above-referenced Leased Premises, pursuant to that certain Sublease, dated January 27, 1972, which was amended by First Agreement Supplementing Lease, dated February 16, 1973, First Amendment of Lease and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Cure Notice, the Successful Bidder Notice, the Assumption/Assignment Notice and/or the Omnibus Reply, respectively.

2

30992806.2

Amendment of Reciprocal Easement Agreement, dated April 5, 1979, and Second Amendment to Sublease, dated December 16, 1980, which agreements were amended and restated as Third Amendment to and Restatement of Ground Lease, dated October 18, 1993 (the "Lease"), which Lease is subject to and modified by that certain Amended and Restated Reciprocal Easement Agreement, dated October 15, 1993, recorded at State of Hawaii Bureau of Conveyances Registrar of Conveyances, recorded on October 18, 1993, as Document Nos. 93-171353 through 93-171360, as amended by First Amendment to Amended and Restated Reciprocal Easement Agreement, dated October 23, 1999 (the "REA"). The present Lease Term of the Lease expires on October 17, 2023. Upon information and belief, copies of the Lease and the REA are in the possession of the Debtors, the Buyer (as defined below) and Transform Operating Stores LLC, the proposed assignee of the Debtor's interest under the Lease (the "Assignee").

3.      The Lease is a lease "of real property in a shopping center", within the meaning of Bankruptcy Code § 365(b)(3).

4.      The Debtors' Cure Notice, at Exhibit B, Cure Costs Schedule-Leases for Retail Stores, listed the Lease as an unexpired ground lease subject to potential assumption and assignment and alleged a cure amount of $3,245. The Cure Notice did not provide for the payment of any attorneys' fees to QKC as part of properly satisfying QKC's cure claim.

5.      On January 25, 2019, QKC timely filed and served its Limited Objection. In pertinent part, QKC's Limited Objection objected to the proposed cure amount on multiple grounds, including, without limitation, inaccuracy and substantial understatement of the cure amount, and further objected with respect to the necessity of any potential assumption and assignment by the Debtor of the Lease being subject to adequate assurance of future performance

and also being subject to the REA, which is a reciprocal and restrictive land covenant that is a property interest running with the land, as to which 11 U.S.C. § 365 is inapplicable.

6. On April 19, 2019, the Buyer filed its Assumption/Assignment Notice designating QKC's Lease for proposed assumption and assignment to the Assignee as an Additional Designated Lease. *See* Assumption/Assignment Notice, p. 7, Item 149.

7. In pertinent part, the Assumption/Assignment Notice, like the original Cure Notice, alleges that the cure amount owed to QKC is $3,245.00.

8. On May 2, 2019, QKC filed its Objection, to supplement QKC's previously filed Limited Objection, which Objection, among other things, in pertinent part, (a) renewed and updated QKC's prior objection to the proposed cure amount, and (b) renewed QKC's Restrictive Covenants objection.

9. QKC, out of an abundance of caution, files this Supplement to respond and object to certain ambiguities and internal inconsistencies in the Omnibus Reply and the proposed Revised Assumption and Assignment Order, as more fully described below.

## II.  OBJECTION TO PROPOSED CURE AMOUNT

10. The Buyer's Omnibus Reply, in the Objection Chart that is <u>Annex 1</u> thereto, indicates that the cure dispute as to QKC is "Adjourned" and that "Buyer will pay any undisputed portion of the cure costs, and reserve the disputed portion" for subsequent consensual resolution or determination by the Court in accordance with the procedures proposed in the proposed Revised Assumption and Assignment Order.

11. However, in Paragraph 3 of the proposed Revised Assumption and Assignment Order, in pertinent part, Buyer states that "any timely filed cure objections *that have not already been resolved as reflect [sic] on Schedule 1* shall be reserved in accordance with paragraph 11 of the Revised Assumption and Assignment Order." *Id.* (emphasis added) Buyer has listed QKC on

4

30992806.2

Schedule 1 to the proposed Revised Assumption and Assignment Order, with a Proposed Cure Amount of $3,245.00, thereby creating an ambiguity as to whether (a) Buyer contends that such $3,245.00 represents only the *undisputed* portion of QKC's asserted cure amount, or (b) Buyer is alleging that QKC's cure amount has been resolved in such amount.

12. QKC's cure amount has *not* been resolved. As further detailed in QKC's May 2, 2019 Objection, as of April 22, 2019 (together with additional amounts accruing and/or being chargeable under the Lease, from and after April 22, 2019), the accurate cure amount owed to QKC is not less than $190,363.87. Thus, if the Revised Assumption and Assignment Order is entered, QKC should be paid the undisputed amount of $3,245.00 and the disputed portion of not less than $187,118.87 should be reserved, pursuant to the otherwise Court approved cure procedures.

### III.    RESTRICTIVE COVENANTS OBJECTION

13. The Objection Chart to Buyer's Omnibus Reply also indicates that QKC's Restrictive Covenants objection has been "Resolved", in that Buyer has agreed not to seek relief with respect to any Restrictive Covenants, and QKC's store is not listed on Schedule 3 of the proposed Revised Assumption and Assignment Order, etc.

14. Paragraph 25 of the proposed Revised Assumption and Assignment Order in pertinent part states that "[f]or the avoidance of doubt, this paragraph 25 shall not apply to any Designated Leases not included on Schedule 3 and nothing herein, in the Asset Purchase Agreement or any related document shall authorize the sale or assumption and assignment of any Designated Lease not included on Schedule 3 free and clear of (and shall not extinguish or otherwise diminish) any Restrictive Covenant applicable thereto." *Id.*

15. Notwithstanding the foregoing, Paragraph 7 of the proposed Revised Assumption and Assignment Order does not appear to contain a carve-out excepting from its provisions any

5

Restrictive Covenants, like QKC's REA, that are intended to be protected by paragraph 25 of the proposed Revised Assumption and Assignment Order and otherwise unaffected by any entry of the proposed Revised Assumption and Assignment Order. While perhaps unintended, paragraph 7 of the proposed Revised Assumption and Assignment Order, if not modified, might result in the filing with a recording office, such as a registrar or recorder of deeds, or otherwise in the applicable land records, of the Revised Assumption and Assignment Order, or some other document, that might purport to extinguish or impair the REA.

### IV.  JOINDER

16. In addition to the foregoing, QKC joins in any supplemental objections filed by any of the Debtors' other landlords to the extent that such objections have a sound factual and legal basis, and address issues of cure, adequate assurance and preserving existing lease requirements, and/or the continuing effect and enforceability of non-executory restrictive covenants that run with the land, and that are not inconsistent with this Supplement to QKC's Objection.

### V.  RESERVATION OF RIGHTS

17. This Supplement to QKC's Objection is also intended to apply to any proposed assumption and assignment of the QKC Lease to any entity other than the Assignee, in the event that the Debtors propose the assumption and assignment of the QKC Lease to any entity other than the Assignee.

### VI.  CONCLUSION

WHEREFORE, for the foregoing reasons, QKC respectfully requests that this Court:

(A) Condition any entry of the Revised Assumption and Assignment Order on its modification to resolve the above supplemental objections in favor of QKC; and

6

30992806.2

   (B) Grant to QKC such other and further relief as may be just and appropriate in the circumstances.

         HONIGMAN LLP

         Attorneys for QKC Maui Owner, LLC

         By: /s/ Lawrence A. Lichtman
           Lawrence A. Lichtman (MI Bar No. P35403)
           *Admitted Pro Hac Vice*
          2290 First National Building
          660 Woodward Avenue
          Detroit, MI 48226-3583
          Telephone: (313) 465-7590
          Facsimile: (313) 465-7591

Dated: May 7, 2019      llichtman@honigman.com

**HONIGMAN LLP**
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Telephone: (313) 465-7590
Facsimile: (313) 465-7591
Lawrence A. Lichtman (MI Bar #P35403)
Admitted *Pro Hac Vice*
Attorneys for QKC Maui Owner, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re:

SEARS HOLDING CORPORATION, *et al.*,[1]

    Debtors.

------------------------------------------------------------- x

Chapter 11
Case No. 18-23538 (RDD)
(Jointly Administered)

## **CERTIFICATE OF SERVICE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

    The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

30992806.2

I hereby certify that, on May 7, 2019, I caused the foregoing papers to be filed electronically with the Clerk of the Court using the ECF system and served as follows:

(i) on the parties requesting ECF notifications via the Court's CM/ECF case notification system;

(ii) via overnight courier (priority overnight delivery) upon the parties on the attached **Service List A**; and

(iii) via electronic mail upon the parties on the attached **Service List B**.

By: /s/ Lawrence A. Lichtman
Lawrence A. Lichtman

2

30992806.2

# SERVICE LIST A

**Chambers Copy**
Chambers of the Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY 10601

**Debtors**
Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179
Attn: Stephen Sitley Esq.
Luke J. Valentino, Esq.

**Office of the United States Trustee**
Office of the United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, NY 10014
Attn: Paul Schwartzberg, Esq.

## **SERVICE LIST B**

**Debtors**
Rob Riecker - rob.riecker@searshc.com
Luke Valentino - luke.valentino@searshc.com
Mohsin Meghji - mmeghji@miiipartners.com

**Debtors' Counsel**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Ray C. Schrock, P.C.
Jacqueline Marcus, Esq.
Garret A. Fail, Esq.
Sunny Singh, Esq.
ray.schrock@weil.com
garrett.fail@weil.com
jacqueline.marcus@weil.com
sunny.singh@weil.com

**Attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent**
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
Attn: Paul D. Leake, Esq.
Shana A. Elberg, Esq.
George R. Howard, Esq.
paul.leake@skadden.com
shana.elberg@skadden.com
george.howard@skadden.com

**Attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility**
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Marshall S. Huebner, Esq.
Eli J. Vonnegut, Esq.
marshall.huebner@davispolk.com
eli.vonnegut@davispolk.com

30992806.2

**Attorneys for JPP, LLC, as agent under the
Second Lien Credit Facility, IP/Ground Lease Term Loan Facility,
and the Consolidated Secured Loan Facility**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: Sean A. O'Neal, Esq.
Christopher E. Austin, Esq.
Benet J. O'Reilly, Esq.
soneal@cgsh.com
caustin@cgsh.com
boreilly@cgsh.com

**Attorneys for Computershare Trust Company, N.A.,
as trustee for the Second Lien PIK Notes, the Holdings
Unsecured PIK Notes, and the Holdings Unsecured Notes**
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Attn: Eric R. Wilson, Esq.
Benjamin D. Feder, Esq.
T. Charlie Liu, Esq.
ewilson@kelleydrye.com
bfeder@kelleydrye.com
cliu@kelleydrye.com

**Attorneys for Wilmington Trust, National Association,
as indenture trustee for the Second Lien Notes**
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Attn: Edward M. Fox, Esq.
emfox@seyfarth.com

**Attorneys for The Bank of New York Mellon Trust Company,
as successor trustee for the SRAC Unsecured PIK Notes,
SRAC Unsecured Notes, and the SRAC Medium Term Notes**
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10015
Attn: James Gadsden, Esq.
gadsden@clm.com

30992806.2

**Attorneys for the Pension Benefit Guaranty Corporation**
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Attn: Brian A. Raynor, Esq.
braynor@lockelord.com

**Attorneys for the Official Committee of Unsecured Creditors**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Attn: Philip C. Dublin, Esq.
Ira Dizengoff, Esq.
Sara Lynne Brauner, Esq.
pdublin@akingump.com
idizengoff@akingump.com
sbrauner@akingump.com

**Attorneys to Wells Fargo Bank, National Association**
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
ksimard@choate.com
jmarshall@choate.com

**Debtors' Investment Banker**
Lazard Frères & Co., LLC
30 Rockefeller Plaza,
New York, New York 10112
Attn: Brandon Aebersold
Levi Quaintance
project.blue.rx@lazard.com

**Buyer**
Transform Holdco LLC
c/o ESL Partners, Inc..
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
Attention: Kunal S. Kamlani and Harold Talisman
kunal@eslinvest.com
harold@eslinvest.com

**Attorneys for Buyer**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attention: Sean O'Neal
Lewis J. Liman
Abena A. Mainoo, and
Luke A. Barefoot
liman@cgsh.com
amainoo@cgsh.com
lbarefoot@cgsh.com
soneal@cgsh.com

30992806.2