Vincent J. Marriott III*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 864-8236
Fax: (215) 864-9762

and

Tobey M. Daluz*
Laurel D. Roglen
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4465
Fax: (302) 252-4466

(*Pro Hac Vice admission pending)

*Proposed Counsel to Fee Examiner*

Hearing Date: May 21, 2019 at 10:00 a.m. (ET)
Objection Deadline: May 14, 2019 at 4:00 p.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

-------------------------------------------------------------x

**APPLICATION OF FEE EXAMINER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BALLARD SPAHR LLP AS COUNSEL TO THE FEE EXAMINER, *NUNC PRO TUNC* TO THE APPOINTMENT DATE**

Paul E. Harner, the appointed fee examiner (the "Fee Examiner") in the above-captioned chapter 11 cases of Sears Holdings Corporation, et al. (collectively, the "Debtors"), hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and consistent with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustees (the "U.S. Trustee Guidelines"), authorizing the retention and employment of Ballard Spahr LLP ("Ballard Spahr") as counsel, effective *nunc pro tunc* as of the Appointment Date (as defined below). In support of this Application, the Fee Examiner (i) has contemporaneously filed (a) the *Declaration of Vincent J. Marriott, III in Support of the Application of Fee Examiner, Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rules 2014-1 and 2016-1, for the Entry of an Order Authorizing the Retention and Employment of Ballard Spahr LLP as Counsel to the Fee Examiner, Nunc Pro Tunc to the Appointment Date* (the "Marriott Declaration"), attached hereto as Exhibit B; and (b) the *Declaration of Paul E. Harner in Support of the Application of Fee Examiner, Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rules 2014-1 and 2016-1, for the Entry of an Order Authorizing the Retention and*

2

*Employment of Ballard Spahr LLP as Counsel to the Fee Examiner, Nunc Pro Tunc to the Appointment Date* (the "Fee Examiner Declaration"), attached hereto as Exhibit C; and (ii) further respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On October 15, 2018 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner (other than the Fee Examiner as hereinafter set forth) has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. On April 22, 2019, the Court entered its *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327*

3

[Docket No. 3307] (the "Fee Examiner Order"). The Fee Examiner Order directed the U.S. Trustee to appoint Paul E. Harner to serve as the Fee Examiner in these cases.

5. On April 22, 2019 (the "Appointment Date"), pursuant to the Fee Examiner Order, the U.S. Trustee appointed Paul E. Harner as the Fee Examiner [Docket No. 3308].

## RELIEF REQUESTED

6. By this Application, the Fee Examiner respectfully requests the entry of an order authorizing him to retain and employ Ballard Spahr as counsel, effective *nunc pro tunc* as of the Appointment Date.

## BASIS FOR RELIEF REQUESTED

7. As required by Bankruptcy Rule 2014(a), this Application, along with the Marriott Declaration and the Fee Examiner Declaration, set forth, among other things: (a) the specific facts showing the necessity for Ballard Spahr's retention and employment in these chapter 11 cases; (b) the reasons for the selection of Ballard Spahr; (c) the professional services to be rendered by Ballard Spahr; (d) the proposed arrangement for Ballard Spahr's compensation; and (e) Ballard Spahr's connections, if any, to known creditors and parties in interest in these chapter 11 cases.

8. The Fee Examiner respectfully submits that it is necessary and appropriate to retain and employ Ballard Spahr to enable him to fulfill and faithfully perform his duties, and that such employment is in the best interests of the Fee Examiner, the Debtors' estates, and their creditors.

4

### A. Ballard Spahr's Qualifications

9. The Fee Examiner believes that, based upon Ballard Spahr's expertise in cases such as these, it would be cost effective for the Fee Examiner to retain Ballard Spahr as his counsel in this matter, and that Ballard Spahr is well qualified to represent him generally, including, without limitation, in these proceedings. Ballard Spahr has extensive experience and knowledge in the field of debtors' and creditors' rights, sale transactions, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code.

10. Ballard Spahr's extensive experience with and knowledge of debtor's and creditor's rights, sale transactions, business reorganizations, restructuring, and liquidations in chapter 11 cases provides a sound basis to conclude that Ballard Spahr is well qualified and uniquely able to serve as the Fee Examiner's counsel in these chapter 11 cases in an efficient and timely manner.

### B. Payment of Fees and Expenses

11. Ballard Spahr has advised the Fee Examiner that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any interim compensation order entered in, or otherwise applicable to, these cases.

12. The principal attorneys and paralegal presently anticipated to represent the Fee Examiner, and their current standard hourly rates and primary offices by location, are set forth in the following chart:

5

| Name | Primary Office Location | Position | Billing Rate in Effect as of the Appointment Date |
|---|---|---|---|
| Vincent J. Marriott, III | Philadelphia, PA | Partner | $985 / hour |
| Tobey M. Daluz | Wilmington, DE | Partner | $895 / hour |
| Laurel D. Roglen | Wilmington, DE | Associate | $490 / hour |
| Chantelle D. McClamb | Wilmington, DE | Associate | $445 / hour |
| Michael G. Greenfield | Philadelphia, PA | Associate | $445 / hour |
| Allison H. In | Washington D.C. | Associate | $440 / hour |
| Maya Salah | Minneapolis, MN | Associate | $345 / hour |
| Brian Kearney | Philadelphia, PA | Associate | $335 / hour |
| Chad P. Jimenez | Denver, CO | Associate | $320 / hour |
| Chris Lano | Wilmington, DE | Paralegal | $270 / hour |

13.     Other attorneys and paralegals from Ballard Spahr may from time to time also assist the Fee Examiner in connection with the matters described herein, with ordinary and customary rates ranging from $335 to $1,395 per hour for attorneys and $160 to $395 per hour for paralegals and other para-professionals. Ballard Spahr's hourly fees are comparable to those typically charged by attorneys of similar experience and expertise for engagements of the scope and complexity of these chapter 11 cases. The hourly rates set forth above are Ballard Spahr's hourly rates for work of this nature and are the ordinary and customary hourly rates that Ballard Spahr typically charges to both bankruptcy and non-bankruptcy clients. These rates are set at a level designed to compensate Ballard Spahr fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Ballard Spahr's hourly rates are reasonable and favorable to the Fee Examiner and the estates. The hourly rates charged by Ballard Spahr

6

professionals differ based on, among other things, the professional's level of experience and the rates charged in the specific office in which the professional is resident. Ballard Spahr does not charge different billing rates based on the geographic location of the bankruptcy case.

14. Similar to many law firms, Ballard Spahr typically increases the hourly billing rates of attorneys and paralegals annually in the ordinary course of business on the basis of advancing seniority and promotion. These increases are typically effective January 1. The Fee Examiner has agreed to Ballard Spahr's practice of periodically adjusting its billing rates in the Engagement Agreement (defined below), and the Fee Examiner has agreed to pay these annually modified rates pursuant to the Engagement Agreement.[2]

15. Ballard Spahr will maintain detailed, contemporaneous time records in six minute intervals.

16. Consistent with Ballard Spahr's policy with respect to its other clients, Ballard Spahr will charge the Fee Examiner for all charges and disbursements incurred in rendering services to the Fee Examiner. These customary charges include, without limitation, telephone and facsimile, toll and other charges, mail and express mail charges, special or hand delivery charges, documentation processing, photocopying charges, travel expenses, business meals, witness fees and other fees related to trials and hearings, computerized research, and transcription costs, as well as any non-ordinary overhead expenses such as secretarial and other overtime. Ballard Spahr will charge the Fee Examiner for these expenses in a manner and at rates consistent with charges made generally to Ballard Spahr's bankruptcy and non-bankruptcy

---

[2] In addition to the annual increases typically effectuated effective January 1 of each year, Ballard Spahr's hourly billing rates also are subject to review and periodic adjustment to reflect economic and other conditions. Prior to any increase in the rates other than those resulting from advancing seniority or promotion typically effective January 1, Ballard Spahr will file a supplemental affidavit (a "Supplemental Affidavit") with the Court and provide the U.S. Trustee and the Creditors' Committee with notice of any increase. Any Supplemental Affidavit will explain the basis for the requested rate increase.

7

clients, and consistent with any Local Rule and the U.S. Trustee Guidelines. Ballard Spahr believes that it is fairer to charge these expenses to the clients incurring them than to increase overall hourly rates and spread case-specific expenses among all clients.

17. Subject to final Court approval, compensation will be payable to Ballard Spahr on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm, in accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796].

18. As set forth in the Marriott Declaration, Ballard Spahr has not shared or agreed to share any of its compensation to be received for services rendered in or in connection with these cases with any other person, other than as permitted by section 504 of the Bankruptcy Code.

C. **Services to be Provided**

19. The Fee Examiner has retained Ballard Spahr pursuant to an engagement agreement, dated May 7, 2019 (the "Engagement Agreement"), attached hereto as Exhibit D, to represent the Fee Examiner as his counsel during the course of all aspects of these chapter 11 cases.

20. The professional services that Ballard Spahr will render to the Fee Examiner include, but shall not be limited to, the following:

(a) reviewing with the Fee Examiner fee applications and related invoices for compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules and Orders of the Court;

(b) assisting the Fee Examiner in any hearings or other proceedings before the Court to consider fee applications, including, without limitation, advocating positions asserted in the reports filed by the Fee Examiner;

8

        (c)      assisting the Fee Examiner with legal issues raised by inquiries to and from the professionals retained or proposed to be retained in these cases and related adversary proceedings by the Debtors or the Creditors' Committee, or otherwise retained with Court approval (collectively, the "Retained Professionals") and any other professional services provider retained by the Fee Examiner;

        (d)      where necessary, attending meetings between the Fee Examiner and Retained Professionals;

        (e)      assisting the Fee Examiner with the preparation of preliminary and final reports regarding professional fees and expenses;

        (f)      assisting the Fee Examiner in developing protocols and making reports and recommendations;

        (g)      assisting the Fee Examiner in conducting such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of the Court;

        (h)      assisting the Fee Examiner in communicating concerns regarding any application to the Retained Professionals to whom such application pertains and to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; and

        (i)      providing such other services as the Fee Examiner may request.

21.    Ballard Spahr will not duplicate the work performed by the Fee Examiner or any other professionals retained by him.

22.    The employment of Ballard Spahr is in the best interests of the Debtors' estates and of these cases as a whole because it will aid in the Fee Examiner's analysis of fees and expenses, provide another point of contact for the Retained Professionals, and augment the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests within appropriate time frames. For the period from the Petition Date through February 28, 2019, the Retained Professionals have already submitted applications for fees and expenses totaling in excess of $140 million.

23. The Fee Examiner believes that Ballard Spahr will materially aid in reviewing these and future fee and expense requests, and that Ballard Spahr's bankruptcy experience in this area will enable the Debtors' estates to achieve substantial benefits by maximizing cost control and efficiency.

**D.  Ballard Spahr is Disinterested and Does Not Hold or Represent Any Interest Adverse to the Debtors' Estates**

24. The Fee Examiner is a partner of Ballard Spahr. To the best of the Fee Examiner's knowledge, information and belief, and except as disclosed herein and in the Marriott Declaration, Ballard Spahr has not represented the Debtors, their creditors, equity security holders, or any other parties-in-interest, or their respective attorneys, in any matters relating to the Debtors or their estates.

25. Ballard Spahr is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that Ballard Spahr, its partners, counsel, and associates:

(a) are not creditors, equity security holders, or insiders of the Debtors;

(b) are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtors; and

(c) do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

26. Ballard Spahr did not receive a retainer with respect to this representation.

27. For the above reasons, the Fee Examiner submits and is satisfied that Ballard Spahr's employment is necessary, appropriate and in the best interests of the Fee Examiner, the Debtors, and their estates.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

28.     Ballard Spahr intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, including but not limited to sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any interim compensation order entered in, or otherwise applicable to, these cases.

29.     The following information is provided in response to the request for additional information set forth in section D.1 of the U.S. Trustee Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No. The hourly rates set forth above are Ballard Spahr's hourly rates for work of this nature and are the ordinary and customary hourly rates that Ballard Spahr typically charges to both bankruptcy and non-bankruptcy clients for hourly fee based engagements. The rates and rate structure is not significantly different from the rates of other comparably skilled professionals for similar engagements.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: Ballard Spahr represents the Fee Examiner in his capacity as the duly appointed Chapter 11 Trustee in the bankruptcy cases of Molycorp Minerals, LLC, *et al.*, Consolidated Case No. 15-11371 (CSS), in the United States Bankruptcy Court for the District of Delaware. The only modifications to Ballard Spahr's billing rates and material financial terms are the customary annual rate increases discussed above.

**Question**: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

11

Response: The Fee Examiner and Ballard Spahr expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that the course of these large chapter 11 cases, there may be unforeseeable fees and expenses that will need to be addressed by the Fee Examiner and Ballard Spahr.

## NOTICE

30. Notice of this Application been provided to: (a) the Debtors; (b) the U.S. Trustee; (c) the Creditors' Committee; (d) the Internal Revenue Service, and (e) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Fee Examiner submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

31. No previous request for the relief sought herein has been made by the Fee Examiner to this or any other court.

**WHEREFORE,** the Fee Examiner respectfully requests that the Court enter an order: (a) authorizing the Fee Examiner to retain and employ Ballard Spahr LLP, *nunc pro tunc* to the Appointment Date, as counsel; (b) requiring that Ballard Spahr be paid such compensation as may be allowed by this Court; and (c) granting such other and further relief as the Court may deem just and proper.

Dated: May 7, 2019

*/s/ Paul E. Harner*
Paul E. Harner
c/o Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, New York 10019
Tel: (646) 346-8020
Fax: (212) 223-1942
Email: harnerp@ballardspahr.com

*Fee Examiner*