# EXHIBIT B

## MARRIOTT DECLARATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                               :        Chapter 11
                                                    :
SEARS HOLDINGS CORPORATION, *et al.*,               :        Case No. 18-23538 (RDD)
                                                    :
                                                    :        (Jointly Administered)
                        Debtors.[1]                 :
-------------------------------------------------------------x

### DECLARATION OF VINCENT J. MARRIOTT, III IN SUPPORT OF APPLICATION OF FEE EEXAMINER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BALLARD SPAHR LLP AS COUNSEL TO THE FEE EXAMINER, *NUNC PRO TUNC* TO THE APPOINTMENT DATE

I, Vincent J. Marriott, III, declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury that:

1.      I am a partner in the law firm of Ballard Spahr LLP ("Ballard Spahr" or

the "Firm").  My principal office is located at 1735 Market Street, 51st Floor, Philadelphia, PA

19103.  As a partner of Ballard Spahr, I am duly authorized to execute this Declaration.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.      I am an attorney at law, duly admitted to practice law in the Commonwealth of Pennsylvania, the State of Georgia, the United States Court of Appeals for the First Circuit, the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Ninth Circuit, the United States District Court for the Northern District of Georgia, the United States District Court for the Western District of Wisconsin, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the Eastern District of Michigan.  I have submitted a *pro hac vice* motion to represent the Fee Examiner before this Court in the above-captioned cases.  I am older than 21 years of age, I suffer no legal disability, and I am competent to make this declaration.

3.      I submit this Declaration in support of the *Application of Fee Examiner, Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rules 2014-1 and 2016-1, for the Entry of an Order Authorizing the Retention and Employment of Ballard Spahr LLP as Counsel to the Fee Examiner, Nunc Pro Tunc to the Appointment Date* (the "Application").

4.      Unless otherwise noted, this Declaration is based on personal knowledge and will be timely amended as previously unknown or undisclosed and relevant information comes to my attention.

5.      Ballard Spahr has conducted a computerized conflicts check in accordance with Ballard Spahr's standard conflicts protocol.  In preparing this Declaration, and in support of the declarations in this Declaration, I have reviewed the results of this computerized conflict search conducted as to:

a) the Debtors;

b) the members of the Creditors' Committee as reflected on the Notice of Appointment of the Creditors' Committee attached as <u>Exhibit 1</u>; and

c) the list of all professionals retained or proposed to be retained in these cases and related adversary proceedings by the Debtors or the Creditors' Committee, or otherwise retained with Court approval (collectively, the "<u>Retained Professionals</u>"), together with the professionals listed in the Debtors' motion to employ ordinary course professionals and any amendments thereto (collectively, the "<u>Ordinary Course Professionals</u>", which professionals listed on the attached <u>Exhibit 2</u>.

6.      Ballard Spahr has not been engaged in connection with this proceeding by any of the Retained Professionals or Ordinary Course Professionals, nor is Ballard Spahr presently engaged by or connected with any of Retained Professionals or Ordinary Course Professionals in any matter unrelated to this proceeding, other than as set forth on the attached <u>Exhibit 3</u>. I am able to review and comment on or object to the fee applications submitted by all Retained Professionals, as well as any and all Ordinary Course Professionals who may in the future become Retained Professionals and thereby become required to submit fee applications under applicable orders of the Court.

7.      That conflict check further confirmed that Ballard Spahr has never represented any of the above-captioned Debtors.

8.      Ballard Spahr currently represents the following entities and their affiliates in their capacity as creditors or landlords that lease non-residential real property to the Debtors in the Debtors' bankruptcy cases:

a) Acadia Realty Limited Partnership;

b) Brixmor Operating Partnership LP;

c) C.E. John Company, Inc.;

d) Cedar Realty Trust;

e) Centennial Real Estate Co.;

f) Centercal Properties, LLC;

g) C.J. Segerstrom & Sons;

h) GS Pacific ER, LLC;

i) GEM Realty Capital, Inc.;

j) Gemini Alto Centerville Partners, LLC;

k) Federal Realty Investment Trust;

l) Heitman Capital Management;

m) Kravco Company;

n) PGIM Real Estate;

o) Primestor Development, Inc.;

p) Heidenberg Properties LLC;

q) Starwood Retail Partners, LLC;

r) The Macerich Company;

s) Vintage Real Estate LLC;

t) WBCMT 2007-C33 Independence Center LLC;

u) Weitzman; and

v) White Plains Galleria Limited Partnership.

9.      Brixmor Operating Partnership LP, one of the landlords and creditors that Ballard Spahr represents in the Debtors' bankruptcy cases, also serves as a member of the Creditors' Committee appointed in the Debtors' bankruptcy cases, and attorneys at Ballard Spahr participate in meetings and communications of the Creditors' Committee. Ballard Spahr also

represents Willis Towers Watson PLC and its affiliates as creditors and counterparties to

contracts with the Debtors in the Debtors' bankruptcy cases.

10.    Except as described above, the conflict check did not reveal that Ballard

Spahr or I represent any other creditors or parties in interest in connection with the Debtors'

bankruptcy cases. Therefore, on information and belief, the following statements are true:

> a) To the best of my knowledge, Ballard Spahr and its partners, counsel,
> and associates are "disinterested persons" under section 101(14) and 327
> of the Bankruptcy Code and sections 101(14) and 1104(d) of the
> Bankruptcy Code, respectively;
>
> b) To the best of my knowledge:
>
>> i. Ballard Spahr is not a creditor, equity security holder or insider
>> of the Debtors;
>>
>> ii. Ballard Spahr and its partners, counsel, and associates have not,
>> within the two years before the date of the filing of the Debtors'
>> petitions, served as a director, officer, or employee of any of the
>> Debtors; and
>>
>> iii. Ballard Spahr and its partners, counsel, and associates do not
>> have an interest materially adverse to the interests of the Debtors'
>> estates or to any class of creditors or equity security holders, by
>> reason of any direct or indirect relationship to, connection with, or
>> interest in, the Debtors, or for any other reason.
>
> c) Except as otherwise disclosed herein, Ballard Spahr and its partners,
> counsel, and associates do not (i) hold or represent an adverse interest in
> connection to the Debtors' cases; (ii) hold or represent an interest adverse
> to the interests of the Debtors' estates; or (iii) have any other connection
> with the Debtors, the Debtors' bankruptcy cases or the Retained
> Professionals.

11.    Ballard Spahr does not represent and has not represented any other

identified significant parties in connection with these chapter 11 cases, except as described

above.  Ballard Spahr may currently represent and in the past may have represented clients in

matters adverse to the parties listed in the above paragraphs or their affiliates, but such

representations are unrelated to the Debtors or their bankruptcy cases.  I believe there is no conflict of interest or an inherent potential for a conflict of interest.  Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude Ballard Spahr's retention as counsel to the Fee Examiner in the Debtors' bankruptcy cases as described herein.

12.    In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Ballard Spahr, is a relative of any United States Bankruptcy Judge to be assigned to these chapter 11 cases, and Ballard Spahr does not have a connection with any United States Bankruptcy Judge, that would render Ballard Spahr's retention in these chapter 11 cases improper.  The Fee Examiner is a partner of Ballard Spahr and the Fee Examiner's wife, Michelle M. Harner, is a United States Bankruptcy Judge in the District of Maryland.

13.    On numerous prior occasions, Ballard Spahr and its partners, counsel, and associates have worked with the United States Trustee, employees of the Office of the United States Trustee, and partners and employees of the Retained Professionals and Ordinary Course Professionals, in certain instances with clients that were adverse to my clients, in bankruptcy cases, litigation, transactions or other matters unrelated to the Debtors or their affiliates. Except as set forth herein, Ballard Spahr and its partners, counsel, and associates do not have any connection with the Office of the United States Trustee or any persons employed by such office.

14.    Except as set forth above, Ballard Spahr does not have any "connections," as contemplated within Bankruptcy Rule 2014(a), with any of the Debtors, their creditors, or any other party in interest, their respective attorneys and accountants.

15.     Ballard Spahr and I are continuing, and will continue, to review potential conflicts.  If I learn of additional relationships with the Debtors, the Debtors' bankruptcy cases, or any of the Retained Professionals or Ordinary Course Professionals, I will promptly supplement this Declaration and notify the U.S. Trustee.

16.     If an actual conflict arises between the Fee Examiner, the Debtors, or their creditors, and an existing client of Ballard Spahr with respect to a particular matter in these cases, and no waiver is obtained from such existing client, Ballard Spahr will not represent or render legal advice or services to the Fee Examiner in connection with such matter, and the Fee Examiner will engage conflicts counsel for the purpose of handling such matter.

17.     Ballard Spahr intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code including sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any interim compensation order entered in or otherwise applicable to these cases, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Ballard Spahr.  The principal attorneys and paralegal presently designated to represent the Fee Examiner, and their current standard hourly rates and their principal offices by location, are:

| Name | Primary Office Location | Position | Billing Rate in Effect as of the Appointment Date |
|---|---|---|---|
| Vincent J. Marriott, III | Philadelphia, PA | Partner | $985 / hour |
| Tobey M. Daluz | Wilmington, DE | Partner | $895 / hour |
| Laurel D. Roglen | Wilmington, DE | Associate | $490 / hour |
| Chantelle D. McClamb | Wilmington, DE | Associate | $445 / hour |

| Michael G. Greenfield | Philadelphia, PA | Associate | $445 / hour |
| Allison H. In | Washington D.C. | Associate | $440 / hour |
| Maya Salah | Minneapolis, MN | Associate | $345 / hour |
| Brian Kearney | Philadelphia, PA | Associate | $335 / hour |
| Chad P. Jimenez | Denver, CO | Associate | $320 / hour |
| Chris Lano | Wilmington, DE | Paralegal | $270 / hour |

18.     Other attorneys and paralegals from Ballard Spahr may from time to time also assist the Fee Examiner in connection with the matters described herein, with ordinary and customary rates ranging from $335 to $1,395 per hour for attorneys and $160 to $395 per hour for paralegals and other para-professionals.  Ballard Spahr's hourly fees are comparable to those typically charged by attorneys of similar experience and expertise for engagements of the scope and complexity of these chapter 11 cases.  The hourly rates set forth above are Ballard Spahr's hourly rates for work of this nature and are the ordinary and customary hourly rates that Ballard Spahr typically charges to both bankruptcy and non-bankruptcy clients.  These rates are set at a level designed to compensate Ballard Spahr fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Ballard Spahr's hourly rates are reasonable and favorable to the Fee Examiner and the estates.  The hourly rates charged by Ballard Spahr professionals differ based on, among other things, the professional's level of experience and the rates charged in the specific office in which the professional is resident.  Ballard Spahr does not charge different billing rates based on the geographic location of the bankruptcy case.

19.     Similar to many law firms, Ballard Spahr typically increases the hourly billing rates of attorneys and paralegals annually in the ordinary course of business on the basis of advancing seniority and promotion.  These increases are typically effective January 1.  The

Fee Examiner has agreed to Ballard Spahr's practice of periodically adjusting its billing rates in the Engagement Agreement (defined below), and the Fee Examiner has agreed to pay these annually modified rates pursuant to the Engagement Agreement.[2]

20.    Ballard Spahr will maintain detailed, contemporaneous time records in six minute intervals.

21.    Consistent with Ballard Spahr's policy with respect to its other clients, Ballard Spahr will charge the Fee Examiner for all charges and disbursements incurred in rendering services to the Fee Examiner.  These customary charges include, without limitation, telephone and facsimile, toll and other charges, mail and express mail charges, special or hand delivery charges, documentation processing, photocopying charges, travel expenses, business meals, witness fees and other fees related to trials and hearings, computerized research, and transcription costs, as well as any non-ordinary overhead expenses such as secretarial and other overtime.  Ballard Spahr will charge the Fee Examiner for these expenses in a manner and at rates consistent with charges made generally to Ballard Spahr's bankruptcy and non-bankruptcy clients, and consistent with any Local Rule and the U.S. Trustee Guidelines.  Ballard Spahr believes that it is fairer to charge these expenses to the clients incurring them than to increase overall hourly rates and spread case-specific expenses among all clients

---

[2] In addition to the annual increases typically effectuated effective January 1 of each year, Ballard Spahr's hourly billing rates also are subject to review and periodic adjustment to reflect economic and other conditions.  Prior to any increase in the rates other than those resulting from advancing seniority or promotion typically effective January 1, Ballard Spahr will file a supplemental affidavit (a "Supplemental Affidavit") with the Court and provide the U.S. Trustee and the Creditors' Committee with notice of any increase.  Any Supplemental Affidavit will explain the basis for the requested rate increase.

22.     Subject to final Court approval, compensation will be payable to Ballard Spahr on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

23.     The Fee Examiner has retained Ballard Spahr pursuant to an engagement agreement, dated May 7, 2019 (the "Engagement Agreement"), attached as Exhibit D to the Application, to represent the Fee Examiner as his counsel during the course of all aspects of these chapter 11 cases.

24.     The professional services that Ballard Spahr will render to the Fee Examiner include, but shall not be limited to, the following:

(a)     reviewing with the Fee Examiner fee applications and related invoices for compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules and Orders of the Court;

(b)     assisting the Fee Examiner in any hearings or other proceedings before the Court to consider fee applications, including, without limitation, advocating positions asserted in the reports filed by the Fee Examiner;

(c)     assisting the Fee Examiner with legal issues raised by inquiries to and from the Retained Professionals and any other professional services provider retained by the Fee Examiner;

(d)     where necessary, attending meetings between the Fee Examiner and Retained Professionals;

(e)     assisting the Fee Examiner with the preparation of preliminary and final reports regarding professional fees and expenses;

(f)     assisting the Fee Examiner in developing protocols and making reports and recommendations;

(g)     assisting the Fee Examiner in conducting such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of the Court;

(h)     assisting the Fee Examiner in communicating concerns regarding any application to the Retained Professionals to whom such application pertains and to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; and

(i)     providing such other services as the Fee Examiner may request.

25.    Ballard Spahr will not duplicate the work performed by the Fee Examiner or any other professionals retained by him.

26.    No promises have been received by Ballard Spahr, nor by any partner, counsel or associate thereof, to share any compensation or reimbursement received in connection with the Debtors' cases with another person, except with partners of Ballard Spahr as expressly authorized by 11 U.S.C. § 504(b)(1).

27.    Ballard Spahr did not receive a retainer with respect to this representation.

28.    Ballard Spahr intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Ballard Spahr in these chapter 11 cases.  The following information is provided in response to the request for additional information set forth in section D.1 of the U.S. Trustee Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    No.  The hourly rates set forth above are Ballard Spahr's hourly rates for work of this nature and are the ordinary and customary hourly rates that Ballard Spahr typically charges to both bankruptcy and non-bankruptcy clients for hourly fee based engagements.  The rates and rate structure is not significantly different from the rates of other comparably skilled professionals for similar engagements.

**Question**:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    Ballard Spahr represents the Fee Examiner in his capacity as the duly appointed Chapter 11 Trustee in the bankruptcy cases of Molycorp Minerals, LLC, *et al.*, Consolidated Case No. 15-11371 (CSS), in the United States Bankruptcy Court for the District of Delaware.  The only modifications to Ballard Spahr's billing rates and material financial terms are the customary annual rate increases discussed above.

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response:    The Fee Examiner and Ballard Spahr expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that the course of these large chapter 11 cases, there may be unforeseeable fees and expenses that will need to be addressed by the Fee Examiner and Ballard Spahr.

29.    The facts set forth in this Declaration are true and correct to the best of my knowledge, information and belief.

30.    By reason of the foregoing, I believe that Ballard Spahr is eligible for employment and retention by the Fee Examiner pursuant to 11 U.S.C. § 327(a), Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of May, 2019
Philadelphia, Pennsylvania


*/s/ Vincent J. Marriott, III*
Vincent J. Marriott, III

## **EXHIBIT 1**

**NOTICE OF APPOINTMENT OF CREDITORS' COMMITTEE**

18-23538-rdd    Doc 276    Filed 10/24/18    Entered 10/24/18 15:29:42    Main Document
Pg 1 of 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                            :        Case No. 18-23538 (RDD)
                                                 :
Sears Holdings Corporation, *et al.*,            :        Jointly Administered
                                                 :
                              Debtors.           :
-----------------------------------------------------------x

## NOTICE OF APPOINTMENT OF OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS

William K. Harrington, United States Trustee for Region 2, pursuant to

Section 1102(a) of title 11, United States Code, hereby appoints the following

unsecured creditors that are willing to serve on the Official Committee of

Unsecured Creditors of the Sears Holdings Corporation, and its affiliated debtors-

in-possession.


    1.       Pension Benefit Guaranty Corporation
               1200 K Street N.W.
               Washington, D.C. 20005-4026
               Attention:  Adi Berger, Director
               Telephone:  (202) 326-4000

    2.       Oswaldo Cruz
               23002 Dolores Street
               Carson, California 90747
               (310) 809-6610

    3.       Winiadaewoo Electronics America, Inc.
               65 Challenger Road, #360
               Ridgefield Park, New Jersey 07660
               Attention:  Minje Kim, President
               Telephone:  (201) 552-4950

4.    Apex Tool Group, LLC
       13620 Reese Boulevard East, Suite 410
       Huntersville, North Carolina 28078
       Attention:  David E. Sturgess, Senior Vice President, General Counsel
       Telephone:  (980) 441-4097

5.    Computershare Trust Company, N.A.
       2950 Express Drive South, Suite 210
       Islandia, New York 11749
       Attention:  Michael A. Smith, Vice President
       Telephone:  (631) 233-6330

6.    The Bank of New York Mellon Trust Company
       601 Travis – 16th Floor
       Houston, Texas 77002
       Attention:  Dennis Roemlein, Vice President
       Telephone:  (713) 483-6531

7.    Basil Vasiliou
       800 S. Pointe Drive – Apt. 2001
       Miami Beach, Florida 33139
       Telephone:  (305) 608-0807

8.    Simon Property Group, L.P.
       225 W. Washington Street
       Indianapolis, Indiana 46204
       Attention:  Ronald M. Tucker, Vice President/Bankruptcy Counsel
       Telephone:  (317) 263-2346

9.    Brixmor Operating Partnership, L.P.
       450 Lexington Avenue – 13th Floor
       New York, New York 10017
       Attention:  Patrick Bennison, Vice President
       Telephone:  (212) 869-3000


Dated: New York, New York
       October 24, 2018

                          WILLIAM K. HARRINGTON
                          UNITED STATES TRUSTEE


            By:    _/s/ Paul K. Schwartzberg__
                   Paul K. Schwartzberg, Trial Attorney
                   Office of the United States Trustee
                   201 Varick Street, Room 1006
                   New York, NY 10014
                   Tel. (212) 510-0500

**EXHIBIT 2**

**LIST OF RETAINED PROFESSIONALS AND ORDINARY COURSE PROFESSIONALS**

A&G Realty Partners, LLC
Alvarez & Marsal North America, LLC
Akin Gump Strauss Hauer & Feld LLP
Deloitte Transactions and Business Analytics LLP
Deloitte Tax LLP
Deloitte & Touche LLP
Evercore Group L.L.C.
FTI Consulting, Inc.
Herrick, Feinstein LLP
Houlihan Lokey Capital, Inc.
JLL Valuation & Advisory Services, LLC
Jones Lang Lasalle Americas, Inc.
Lazard Freres & Co. LLC
M-III Advisory Partners, LP
McAndrews, Held & Malloy, Ltd.
Paul Weiss Rifkind Wharton & Garrison LLP
Prime Clerk LLC
Stout Risius Ross, LLC
Wachtell, Lipton, Rosen & Katz
Weil, Gotshal & Manges LLP
Young Conaway Stargatt & Taylor, LLP
Baker & Hostetler LLP
Baker & McKenzie LLP
Baute Crochetiere & Hartley LLP
Cheng Cohen LLC
Constantine Cannon, LLP
Conyers Dill & Pearman
Dentons US LLP
Dickie, McCamey & Chilcote, P.C.
DLA Piper LLP (US)
Eversheds Sutherland LLP
Guberman Benson & Calise, LLC
Jackson Lewis P.C.
King & Spalding, LLP
Lenczer Slaght Royce Smith Griffin LLP
McConnell Valdes LLC
Morgan Lewis & Bockius, LLP
Morrison & Foerster LLP
Novack and Macey LLP
O'Neill & Borges, LLC

Pettit Kohn Ingrassia & Lutz PC
Polsinelli, P.C.
Quarles & Brady LLP
Reed Smith, LLP
Richman Greer, P.A.
Sandles, Travis & Rosenberg, P.A.
Saul Ewing Arnstein & Lehr, LLP
Schuster Aguilo LLC
Steptoe & Johnson, LLP
Venable LLP
Akerman LLP
Alston & Bird, LLP
Atkin, Winner and Sherrod
Baker Sterchi Cowden and Rice LLC
Barclay Damon, LLP
Birch, de Jongh & Hindels, PLLC
Bonner Kiernan Trebach & Crociata LLP
Brown & Brown, LLC
Brown & James, PC
Brown Law Firm, PC
Camacho Calvo Law Group LLC
Campbell Woods, PLLC
Carr, Allison, Pugh, Howard, Oliver and Sisson, P.C.
Cavaretta, Katona and Leighner, PLLC
Civerolo, Gralow & Hill, A Professional Association
Clapp Moroney Bellagamba Vucinich Beeman & Scheley, A Professional Corporation
Cohen and Lombarco, P.C.
Collinson, Daehnke, Inlow & Greco, Attorneys at Law
Colon & Colon, P.S.C.
Corneille Law Group, LLC
Craig Terrill, Hale & Grantham LLP
Davenport, Evans, Hurwitz & Smith, LLP
DeLaskment & MArchand, P.C.
Dinse, Knapp & McAndrew, P.C.
Dykema Gossett, PLLC
Eaton Law Office, P.C.
Eckert Seamans Cherin & Mellott, LLC (Pittsburgh)
Fitzpatrick Lentz & Bubba, P.C.
Freeman Mathis & Gary LLP
Frilot LLC
Gibley and McWilliams, PC
Godin and Baity LLC
Goodin Abernathy, LLP
Gruvman, Giordano & Glaws, LLP
Hack, Piro, O'Day, Merklinger, Wallace & McKenna, P.A.

Harman, Claytor, Corrigan and Wellman, P.C
Hawley Troxell Ennis & Hawley
Haynes, Studnicka, Kahan, O'Neill & Poulakidas, LLC
Henson & Talley, LLP
Higgins, Cavanagh and Cooney
Hill Knotts & Goldman, LLC
Horwood Marcus & Berk
Hughes, White Colbo, Wilcox & Tervooren LLC
Hunt Suedhoff, Kalamaros, LLP
Hunter and Foster PA
Ice Miller LLP
Jenkins Fenstermaker PLLC
Johnson & Bell, Ltd.
Kalbaugh, Pfund & Messersmith, PC
Kean Miller LLP
Kemp Smith, LLP
Law Office of Brian J. Donegan, LLC
Law Office of David F. Szewczyk
Leitner, Williams, Dooley and Napolitan, PLLC
Litchfield Cavo LLP
Lynch Dallas, P.C.
Magnani & Buck, Ltd.
Maire & Deedon
Marlow Connell Abrams Adler Newman & Lewis
Mayer Brown LLP
Mazanec, Raskin & Ryder Co., L.P.A
Minino Abogados, S.R.L.
Moffett, Vitu, Lascoe, Packus and Sims
Moore & Biser PLLC
Murane & Bostwick, LLC
Murphy & Landon, P.A
Nelson Mullins Riley & Scarborough LLP
O'Hagan Spencer, LLP
O'Meara, Leer, Wagner & Kohl, P.A
Orr & Reno P.A
Pansing, Hogan, Ernst & Bachman LLP
Perrier & Lacoste, LLC
Pitzer Snodgrass, P.C
Pond North LLP
Posternak Blankstein & Lund LLP
Ranalli Zaniel Fowler & Moran, LLC
Rhodes Hieronymus Jones Tucker & Gable, PLLC
Rumberger, Kirk and Caldwell
Sánchez-Betances, Sifre & Muñoz-Noya, P.S.C.
Schneider and Onofry, P.C.

Schutte, Terhoeve, Richardson, Eversberg, Cronin, Judice & Boudreaux, L.L.P.
Schwabe, Williamson and Wyatt P.C
Seeley, Savidge, Ebert & Gourash, LPA
Serkland Law Firm
Simmons Jannace DeLuca, LLP
Sisselman & Schwartz, LLP
Smith Cohen & Horan PLC
SmithAmundsen LLC
Snow, Christensen and Martineau
Sobel Pevzner, LLC fka Lynch Rowin
Strawinski and Stout, P.C.
Sugarman, Rogers, Barshak and Cohen, P.C. 1
Swanson, Martin & Bell, LLP
Thomas, Thomas & Hafer, LLP
Thompson Brody & Kaplan, LLP
Thompson, Coe, Cousins & Irons, LLP
Trotta, Trotta & Trotta LLC
Upton, Mickits and Heymann, LLP
Van De Poel, Levy, Arneal & Serot, LLP
Vidaurri, Lyde, Rodriguez & Haynes, LLP
Wagner Saenz Dority, L.LP.
Wanger Jones Helsley PC
Ward, Hocker & Thornton, PLLC
Wells, Marble, and Hurst, PLLC
Wilbraham, Lawler & Buba
Willenken Wilson Loh & Delgado LLP
Williams Kastner & Gibbs, PLLC
Womble Bond Dickinson (US) LLP
Yoshimoto Law Group LLLC

## **EXHIBIT 3**

Ballard Spahr currently serves, previously has served or in the future may serve in co-counsel or other similar relationships with certain of the Retained Professionals or Ordinary Course Professionals.  In no such instance, however, does Ballard Spahr have an attorney-client relationship with any such professionals.  In addition, Ballard Spahr has previously referred matters to, or accepted referrals from, certain of the Retained Professionals or Ordinary Course Professionals.  Likewise, in no such instance has Ballard Spahr entered into an attorney-client relationship with any such professionals.