# **EXHIBIT C**

# **FEE EXAMINER DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,                          :    Case No. 18-23538 (RDD)
                                                               :
                                                               :    (Jointly Administered)
         Debtors.[1]                                           :
---------------------------------------------------------------x

**DECLARATION OF PAUL E. HARNER IN SUPPORT OF THE APPLICATION OF FEE EXAMINER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BALLARD SPAHR LLP AS COUNSEL TO THE FEE EXAMINER, *NUNC PRO TUNC* TO THE APPOINTMENT DATE**

Pursuant to Section D of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustees (the "U.S. Trustee Guidelines"), I, Paul E. Harner, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1. On April 22, 2019 (the "Appointment Date"), pursuant to the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"), I was appointed by the United States Trustee as the fee examiner in the above captioned cases.

2. I am a partner in the law firm of Ballard Spahr LLP ("Ballard Spahr" or the "Firm"), 1675 Broadway, 19th Floor, New York, NY 10019. I am older than 21 years of age and suffer no legal disability. I am competent to make this declaration.

3. I am an attorney at law, duly admitted to practice law in the States of New York and Illinois, and the United States District Court for the Southern District of New York.

4. I submit this Declaration in support of the *Application of Fee Examiner, Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rules 2014-1 and 2016-1, for the Entry of an Order Authorizing the Retention and Employment of Ballard Spahr LLP as Counsel to the Fee Examiner, Nunc Pro Tunc to the Appointment Date* (the "Application").

5. My testimony herein is based upon my personal knowledge, except for those matters based upon information and belief, and as to those, I believe them to be true. If called as a witness, I could and would competently testify to the truth of such facts.

6. I recognize the importance of selecting and managing counsel in chapter 11 cases to ensure that bankruptcy professionals are subject to the same market forces, scrutiny and accountability as professionals in non-bankruptcy matters.

7. In March 2019, prior to my appointment as Fee Examiner, I commenced a process of learning about the Debtors' cases.

8. Upon my appointment, I decided to engage Ballard Spahr as my counsel in connection with these cases. This decision was made based upon Ballard Spahr's extensive experience and knowledge in the field of debtors' and creditors' rights, sale transactions, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, as well as the geographic scope of Ballard Spahr's national footprint of offices. Ballard Spahr's extensive experience and knowledge of debtor's and creditor's rights, sale transactions, business reorganizations, restructuring, and liquidations in chapter 11 cases provides a sound basis to conclude that Ballard Spahr is well qualified and uniquely able to represent me in connection with these chapter 11 cases in an efficient and timely manner.

9. Ballard Spahr's hourly rates and material terms for this engagement are comparable to Ballard Spahr's billing rates and terms for typical other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals. Having substantial large firm experience, and experience in reviewing invoices from various law firms, I can verify that the rates being charged by Ballard Spahr in connection with this representation are within the range typically changed by similar firms in complex matters.

10. Pursuant to the Engagement Agreement (as defined in the Application), I will receive monthly invoices. Upon receiving such invoices, I will review in a reasonably timely period and raise any applicable issues within a timely period.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of May, 2019
New York, New York

*/s/ Paul E. Harner*
Paul E. Harner, Fee Examiner