**Presentment Date and Time: May 8, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: May 7, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): May 8, 2019 at 10:00 a.m. (Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :   **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :
                                                             :   Case No. 18-23538 (RDD)
                                                             :
               Debtors.¹                                     :   (Jointly Administered)
------------------------------------------------------------ x

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND
AMONG SELLERS, BUYER, AND WRI GOLDEN STATE, LLC EXTENDING
TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR
<u>REJECTION OF CERTAIN LEASE OF NONRESIDENTIAL REAL PROPERTY</u>**

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "**Buyer**") will present the *Stipulation and Order by and among Sellers, Buyer, and WRI Golden State, LLC Extending Time Under 11 U.S.C. § 365(d)(4) For Assumption or Rejection of Certain Leases of Nonresidential Real Property* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **May 8, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Bankruptcy Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **May 7, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served

with respect to the Stipulation, a hearing (the "**Hearing**") will be held to consider such objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on May 8, 2019 at 10:00 a.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: May 7, 2019
New York, New York

/s/ Luke A. Barefoot
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**<u>Exhibit A</u>**

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                           :
                                                                :  Chapter 11
**SEARS HOLDINGS CORPORATION**, *et al.*,                       :
                                                                :  Case No. 18-23538 (RDD)
                                                                :
Debtors.[2]                                                     :  (Jointly Administered)
---------------------------------------------------------------- x

**STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND WRI GOLDEN STATE, LLC EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR REJECTION OF LEASE OF <u>NONRESIDENTIAL REAL PROPERTY</u>**

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made as of May 7, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), Transform Holdco LLC, as Buyer (the "<u>Buyer</u>") and WRI Golden State, LLC (the "<u>Landlord</u>" and together with the Debtors and the Buyer, the "<u>Parties</u>"), through their respective and duly authorized counsel of record.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Recitals**

A.  WRI Golden State, LLC and Kmart Corporation are parties to that certain lease (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") at 3968-A Missouri Flat Road, Placerville, CA (Store # 7471).

B.  On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.  On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice").  The Lease was among the leases identified in the Initial Notice.

D.  On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to the Buyer.

E.  In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019.  The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement Extending Certain*

*Deadlines* (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019 for Additional Contracts.

　　　F.　On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

　　　G.　On April 19, 2019, the Buyer filed the *Notice of Assumption and Assignment of Additional Designatable Leases*, designating the Lease for assumption and assignment to the Buyer or Buyer affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice"), subject to the Bankruptcy Court's approval and the right of counterparties to object as set forth in the Assumption Notice and the Assumption and Assignment Order.

　　　H.　On May 3, 2019, Weingarten Realty Investors, an affiliate of the Landlord, filed the *Cure Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties REIT, Inc., Gray Enterprises, LP, Graziadio Investment Company, Gregory Greenfield & Associates, Ltd., LBA Realty LLC, LF2 Rock Creek LP, Nassimi Realty LLC, Regency Centers L.P., Site Centers Corp., Spigel Properties, The Woodmont Company, and Weingarten Realty Investors Relating to the Debtors' Notices of Assumption and Assignment of Additional Designatable Leases in Connection with Global Sale Transaction* (ECF No. 3553) and the *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Property REIT Inc., Gray Enterprises, LP, Graziadio Investment Company, Gregory Greenfield & Ascsociates, Ltd., LF2 Rock Creek LP, LBA Realty, LLC, Nassimi Realty LLC, Realty Income Corp., Regency Centers Corp., Site Centers Corp., Spigel Properties, The Woodmont Company, and Weingarten*

*Realty Investors to Notices of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3558).

I. The deadline for the Debtors to assume or reject the leases pursuant to section 365(d)(4) of the Bankruptcy Code, including the Lease, is currently May 13, 2019 (the "Section 365(d)(4) Period").

J. The Buyer desires additional time to determine whether to designate the Lease for assumption and assignment.

K. The Parties have agreed to an extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1. The Landlord hereby consents to a further extension of the Section 365(d)(4) Period to and including May 31, 2019.

2. The Parties desire to memorialize their agreement in this Stipulation and Order.

3. This Stipulation and Order shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

4. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including May 31, 2019.  For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

5. This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

6. In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order. In the event of nonpayment during the Section 365(d)(4) Period, this Stipulation and Order is without prejudice to the Landlord's rights and remedies under Bankruptcy Code section 365(d)(3) and Debtors' rights and remedies under the Asset Purchase Agreement.

7. A Bankruptcy Court hearing on any dispute regarding the Assumption Notice shall occur at the omnibus hearing set for May 21, 2019, unless the Parties agree in writing to further adjourn such hearing or the Bankruptcy Court orders that such dispute shall be heard on another date after May 21, 2019.

8. All objections of the Landlord to the Assumption Notice, including those relating to cure and adequate assurance of future performance, and any response by the Debtors and/or the Buyer thereto, are reserved for such adjourned hearing date.

9. Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to the effective date of (a) rejection of the Lease or (b) assumption of the Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order.

10. This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond May 31, 2019.

11. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

12. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

13. Pending entry of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

14. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[The remainder of this page is intentionally left blank.]

Dated: May 7, 2019

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Jacqueline Marcus

767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtors and Debtors in Possession*

Dated: May 7, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/ Luke A. Barefoot

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Buyer*

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

By: /s/ Ivan M. Gold
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515

*Counsel for the Landlord*

**IT IS SO ORDERED.**

Dated: New York, New York
       May__, 2019

_____
UNITED STATES BANKRUPTCY JUDGE