**Objection Responses**

| | Objecting Party | Summary | Response | Status |
|---|---|---|---|---|
| 1. | PR North Dartmouth LLC (Docket 1747) | 1. Termination: This objection asserts that the applicable lease for store 2373 cannot be assumed and assigned because it will terminate on August 31, 2019 pursuant to a termination agreement. | 1. Objector states that the lease terminates in August 2019 and therefore, admits that the lease has not yet expired. Debtor is, therefore, entitled to assume and assign to the Buyer. | Pending. |
| 2. | Levcom Wall Plaza Associates (Docket 1813, 3387) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 3. | RD Management, LLC (Docket 1817, 2222, 3442) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 4. | K-Bay Plaza, LLC (Docket 1824 and 3487) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted | Adjourned. |

| | | | | |
|---|---|---|---|---|
| | | | by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Insurance: This objection asserts that the insurance coverage is inadequate. | 3. Buyer has obtained new insurance and is prepared to provide proof of such insurance. Any default on the lease due to inadequate insurance has therefore been cured. | Resolved. |
| 5. | John C. Adams and Kennylugenia Adams (Docket 1830) | 1. Cure Dispute: This objection disputes a proposed cure amount for store 7602. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| 6. | Colonial Properties, LLC (Docket 1947) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 7. | MCS Hemet Valley Center (Docket 1870) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in | Adjourned. |

2

| | | | | |
|---|---|---|---|---|
| | | 2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending.<br><br><br><br><br>Resolved. |
| | | 3. Restrictive Covenants. This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | |
| | | 4. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 4. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 8. | Landlord, Fringe Area (II), S.E.<br>(Docket 1927, 3535) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and | Pending. |

3

| | | | Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | |
|---|---|---|---|---|
| 9. | HomeGoods, Inc. (Docket 1946) | 1. Notice: The objector asserts that the Cure Notice failed to identify its sublease. | 1. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298) and *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3068), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319); *Affidavit of Service* (Docket 3122). | Resolved. |
| 10. | The Kroger Co. (Docket 1948 and 3578) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 11. | City of Minneapolis (Docket 1954) | 1. Non-Debtor Party: Objector asserts that none of the Debtors are party to the relevant lease. | 1. The relevant lease was appropriately transferred to a Debtor entity. | Resolved. |
| 12. | Landlord, Plaza del Caribe, S.E. (Docket 1961) | 1. Cure Dispute: This objection disputes a proposed cure amount for stores 1905 and 7842. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |

[AM_ACTIVE 401291453_8]

| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
|---|---|---|---|---|
| 13. | Landlord, Plaza del Caribe, S.E. (Docket 1970 and 3532) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 14. | Cheddars Casual Café, Inc., Rare Hospitality International Inc., and Rare Hospitality Management (the "Darden Parties") (Docket 1973) | 1. Notice: Darden Parties assert that the Cure Notice does not clearly identify which leases may be assumed and assigned. | 1. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3068), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3122). | Adjourned. |
| | | 2. Adequate Assurance: Reservation of rights with respect to adequate assurance. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 15. | LBG Hilltop, LLC (Docket 1975) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the | Adjourned. |

5

| | | | Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | |
|---|---|---|---|---|
| | | 2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 16. | CAPREF Burbank LLC (Docket 1983, 3382) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Notice: This landlord objection contends that the Cure Notice incorrectly identifies the lessor under the lease as an entity other than the objector. | 2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298, which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319). Exhibit A to the Revised Proposed Assumption and Assignment Order correctly lists the counterparty name as CAPREF Burbank LLC. | Resolved. |
| | | 3. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 3. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| | | 4. Right of First Refusal: This objection asserts that the lease is subject to rights of first refusal or similar provisions. | 4. Rights of first refusal and similar provisions in unexpired leases are unenforceable anti-assignment provisions. *See* | Pending. |

6

| | | | paragraph [] in the Revised Proposed Assumption and Assignment Order. | |
|---|---|---|---|---|
| 17. | Westfield LLC (Docket 1991 and 3511) | 1. Cure Dispute: This objection disputes a proposed cure amount for stores 1725, 1007, 1424, 1139, 1758, 1968, 2798, 1404 and 2741. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This objection asserts that reciprocal easement agreements run with the land and cannot be rejected. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Pending. |
| | | 3. Sale Order Clarification. This landlord requests that any order approving the sale of designation rights provide that the landlord's rights are reserved to object to subsequently proposed assumption and assignment on any grounds. | 3. To the extent this objection relates to the Sale Order, it is now moot as the Sale Order already been entered by the Court. | Resolved. |
| 18. | Concord Mall LP (Docket 1993) | 1. Restrictive Covenants: This objection asserts that reciprocal easement agreements run with the land and cannot be rejected. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Resolved. |
| | | 2. Notice: This landlord objection argues that the objector is unable to determine conclusively whether the Debtors' owned real property associated with store 1853 is | 2. To the extent this objection relates to the Asset Purchase Agreement, it is now moot as that agreement has previously been approved by the Court. | Resolved. |

7

| | | | | |
|---|---|---|---|---|
| | | among the assets intended to be sold pursuant to the APA and whether the REA and amendments are among the Permitted Pre-Closing Encumbrances which are left undisturbed by the Asset Purchase Agreement. | | |
| 19. | CBL & Associates Management, Inc. (Docket 1832) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This objection requests that language be inserted into the proposed order which states that the transfer is subject to any rights or restrictions attached to the land, including easements and covenants, and that the Debtors must pay the cure amounts due and assume and assign the relevant executory contracts that run with the land | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in anyway not permitted under applicable law. | Resolved. |
| 20. | CBL & Associates Management, Inc. (Docket 1833) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Notice: CBL asserts that the cure notice did not provide sufficient detail for it to identify which cure costs are intended to correspond to which CBL premises and therefore had to file a blanket objection. | 2. The schedules to the Buyer's and Debtors' assumption and assignment notices provided sufficient store and lease (or sub-lease) detail. To the extent any of Objector's leases are being assumed and assigned, the objector received sufficient notice of assumption and assignment. | Resolved. |
| 21. | Interprop Bedford, LLC (Docket 2107, 3526) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in | Adjourned. |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| | | | accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 22. | Federal Construction, Inc. (Docket 2126) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Order Clarification. Objector requests that any order assuming and assigning its lease make clear that the Early Termination provision still applies | 3. Nothing in the Revised Proposed Assumption and Assignment Order, the Sale Order or any other relevant filing seeks to modify any early termination provision in this lease. | Resolved. |
| 23. | Drayton Plains (MI) (Docket 2140) | 1. Cure Dispute: This objection disputes a proposed cure amount for store | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | | | Pending. |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | 2. Lease Obligations: The landlord proposes that the sale must require the assumption of all monetary obligations under the lease. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. |  |
|  |  | 3. Real Tax Liabilities Cap. The landlord objects to the cap on real estate tax liabilities in the APA, asserting that it fails to comply with the requirement of full cure under the Bankruptcy Code. | 3. To the extent this objection relates to the Asset Purchase Agreement, it is now moot as the Asset Purchase Agreement has already been entered by the Court. | Resolved. |
| 24. | Shidler/West Finance Partners V L.P. (Docket 2155) | 1. Cure Dispute: This objection disputes the proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
|  |  | 2. Notice: Shidler states that it did not receive proper notice of the Debtors' intent to assume and assign the lease because the Cure Notice misspelled its name. | 2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298), which sufficiently identified this store. *See Affidavit of Service* (Docket No. 3319). | Resolved. |
| 25. | SWZ, LLC (Docket 2192) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
|  |  | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| 26. | CenterPoint Properties Trust (Docket 2193) | <u>Adequate Assurance</u>: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 27. | A.R.E Investment Co. (Docket 2205) | 1. <u>Cure Dispute</u>: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. <u>Adequate Assurance</u>: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 28. | Camegaran LLC (Docket 2268) | 1. <u>Cure Dispute</u>: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. <u>Adequate Assurance</u>: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. <u>Notice</u>: This objection claims the notice improperly identified the landlord. | 3. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3290), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3326). | Resolved. |

11

| | | | | |
|---|---|---|---|---|
| 29. | Groveport Lynx, LLC (Docket 2285) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 30. | Bradshaw Westwood Trust (Docket 2299 and 3579) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| | | 3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 4. Section 365(l): This objection asserts that the objecting party is entitled to additional security pursuant to section 365(l) of the Bankruptcy Code. | 4. Buyer is not required to provide any additional deposit or security with respect to any Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors. | Pending. |

12

| | | | | |
|---|---|---|---|---|
| 31. | Centennial Real Estate Co. and The Macerich Company (Docket 2551) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Lease Obligations: This objection requested that any final sale order state that the Debtors will assume the lease obligations, including indemnification obligations. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Adjourned.<br><br><br><br><br>Pending. |
| 32. | KTR Ohio LLC (Docket 2806) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br><br><br>2. Notice: This objection asserts that the Debtors' Third Supplemental Cure Notice incorrectly identifies the tenant for store 30962. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319). | Adjourned.<br><br><br><br><br>Resolved. |
| 33. | Living Spaces Furniture, LLC (Docket 2807) | 1. Notice: This objection contends that the Debtors' Third Supplemental Cure Notice does not identify the Recognition Agreements associated with its leases. | 1.  Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3369). *See Affidavit of Service* (Docket 3437). | |

13

| | | | | Resolved. |
|---|---|---|---|---|
| 34. | Loyal Holdings DE LLC (Docket 3388) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.<br><br>3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law.<br><br>3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br>Resolved.<br><br><br><br><br><br><br>Pending. |
| 35. | Baker-Properties Limited Partnership (Docket 3390) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Lease Obligations: This party asserts that any order providing for the assumption and assignment of the lease must include the obligation, as of May 1, 2019, to take on an additional 31,500 square feet of rentable space at the Building. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer intends to comply with the terms of the lease and reserves all rights and defenses thereunder. | Adjourned.<br><br><br><br><br><br>Resolved. |
| 36. | Pennsee, LLC (Docket 3392) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in | Adjourned. |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| | | applicable Restrictive Covenants.<br><br>3. <u>Adequate Assurance</u>: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law.<br><br>3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Resolved.<br><br><br><br><br><br>Pending. |
| 37. | Manco Florida Associates, LLC<br>(Docket 2128, 3405) | 1. <u>Cure Dispute</u>: This party disputes a proposed cure amount.<br><br>2. <u>Notice</u>: This party asserts that the Notice of Assumption listed the incorrect landlord. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3298, which sufficiently identified these stores. *See Affidavit of Service* (Docket 3319). Exhibit A to the Revised Proposed Assumption and Assignment Order correctly lists the counterparty name as Manco Florida Associates, LLC. | Adjourned.<br><br><br><br><br><br>Resolved. |
| 38. | Santa Rosa Mall, LLC<br>(Docket 2283, 3408) | 1. <u>Cure Dispute</u>: This party disputes a proposed cure amount.<br><br>2. <u>Restrictive Covenants</u>: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned.<br><br><br><br><br><br>Resolved. |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| | | 3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Pending. |
| | | 4. Notice: This party argues that the Designation Notice is ambiguous because it believes details regarding the lease at issue are incorrectly listed. | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Resolved. |
| | | | 4. Objector received sufficient notice of assumption and assignment pursuant to *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3369), which sufficiently identified these stores. *See Affidavit of Service* (Docket 3437).  The square footage and RE ID information was additional identifying information that is reflected in the Buyer's records. To the extent they are inaccurate, it does not make notice insufficient. | |
| 39. | MCS Hemet Valley Center (Docket 3420 and 3366) | 1. Cure Dispute: This party disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants. | 2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | 3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For | Pending. |

[AM_ACTIVE 401291453_8]

|  |  |  | the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. |  |
|---|---|---|---|---|
| 40. | SWZ, LLC (Docket 3427) | 1. Cure Dispute: This party disputes a proposed cure amount.<br><br>2. Restrictive Covenants: This party argues that any assignment of its lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.<br><br>3. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law.<br><br>3. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br>Resolved.<br><br><br>Pending. |
| 41. | Oster Yorktown Properties, LLC ("Oster") (Docket 1853 and 3454) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br>Pending. |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| 42. | KBTS-Tamiami, Ltd. c/o Federal Construction, Inc. ("Federal Construction") (Docket 3456) | <u>1. Cure Dispute</u>: This objection disputes a proposed cure amount.<br><br><u>2. Adequate Assurance</u>: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br>Pending. |
| 43. | RREEF America REIT II Portfolio L.P. (Docket 3463) | <u>1. Cure Dispute</u>: This objection disputes a proposed cure amount.<br><br><u>2. Lease Obligations</u>: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order.<br><br>2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Adjourned.<br><br><br><br>Pending. |
| 44. | Auburndale Properties, Inc. ("Auburndale") (Docket 3503) | <u>1. Cure Dispute</u>: This objection disputes a proposed cure amount.<br><br><u>2. Adequate Assurance</u>: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |

18

| | | | | |
|---|---|---|---|---|
| | | 3. Restricted Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code.

3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Pending.

Resolved. |
| 45. | Auburndale Properties, Inc. ("Auburndale") (Docket 3504) | 1. Cure Dispute: This objection disputes a proposed cure amount.

2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient.

3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.

2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code.

3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Adjourned.

Pending.

Resolved. |
| 46. | Lakewood Shopping Center, LLC (Docket 1845 and 3524) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the Buyer and the objecting party or determination by the Court in | Adjourned. |

| | | | | |
|---|---|---|---|---|
| | | | accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | |
| | | 2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| | | 4. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 4. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations that subsequently become known or liquidated subsequent to the date of assignment.  As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | Pending. |
| 47. | Plaza las Americas, Inc. (Docket 3531) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order. | Adjourned. |
| | | 2. Lease Obligations: This objection asserts that assumption and assignment must be made subject to any liabilities under the Designated Leases. | 2. The Revised Proposed Assumption and Assignment Order clarifies that Transform will take on indemnification obligations | Pending. |

[AM_ACTIVE 401291453_8]

| | | | that subsequently become known or liquidated subsequent to the date of assignment. As to remaining potential adjustments, the relief provided in the Revised Proposed Assumption and Assignment Order is consistent with the Sale Order entered by the Court and the APA approved by the Court. | |
|---|---|---|---|---|
| 48. | A.R.E. Investment Co. (Docket 3537) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned. |
| | | 2. Adequate Assurance This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 49. | Saker ShopRites, Inc. (Docket 3565) | 1. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 50. | M. Holtzman Realty, LLC (Docket 3569) | 1. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 51. | Lawrence Mart, LLC (Docket 3574) | 1. Cure Dispute: This objection disputes a proposed cure amount. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted | Adjourned. |

21

| | | | | |
|---|---|---|---|---|
| | | 2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Pending. |
| 52. | California Drive In Theaters, Inc. (Docket 3575) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br>Pending. |
| 53. | Ravenswood Station, LLC (Docket 3584) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information. For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br>Pending. |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| | | 3. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 3. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Resolved. |
| 54. | Stockton Mariposa (Docket 2026 and 3585) | 1. Cure Dispute: This objection disputes a proposed cure amount.<br><br>2. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient. | 1. Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Proposed Revised Assumption and Assignment Order.<br><br>2. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code. | Adjourned.<br><br><br><br><br><br>Pending. |
| 55. | MIDAMCO (Docket 3600) | 1. Adequate Assurance: This objection asserts that the adequate assurance of future performance was not provided or insufficient.<br><br>2. Restrictive Covenants: This objection asserts that restrictive easement agreements are not executory and cannot be assumed or rejected and further objects to any provision of the sale order or otherwise that permits modifications to the lease or reciprocal easement agreement. | 1. Buyer provided adequate assurance information and instructions for obtaining adequate assurance information.  For the reasons set forth in the Omnibus Reply and supporting declarations, the Buyer has provided adequate assurance of future performance in accordance with the Bankruptcy Code.<br><br>2. Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer does not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. | Pending.<br><br><br><br><br><br>Resolved. |

[AM_ACTIVE 401291453_8]

[AM_ACTIVE 401291453_8]

**Objections to Cure Only**

|  | Party | Objection Docket | Response | Status |
|---|---|---|---|---|
| 1. | Mac Dade Mall Associates, L.P. | 1733 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 2. | Sherthal, LLC | 1769 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 3. | Union Center Realty | 1771 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 4. | BT Granite Run, LP | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 5. | PR Financing Limited Partnership | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 6. | PR Capital City Limited Partnership | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 7. | Capital Enterprises, Inc. | 1806 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| 8. | WashREIT Frederick County Square LLC | 1829 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 9. | Seven Springs Limited Partnership | 1840 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 10. | Urschel Development Corporation | 1844 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 11. | JW Mitchell Company, LLC | 1848, 3399 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 12. | The Davis Companies | 1854 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 13. | Saul Subsidiary I Limited Partnership | 1855 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 14. | Tutu Park Limited | 1867 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 15. | The Joe and Frances McCann Family Limited Partnership | 1887 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_8]

| | | | | |
|---|---|---|---|---|
| 16. | Greenhorn Ventures LLC | 1891 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 17. | Team Design Lighting & Construction, LLC | 1901 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 18. | Church Street, LLC | 1928 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 19. | Avenel Realty Associates, LLC | 1937 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 20. | Jackson Shopping Village, LLLP | 1941, 3533 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 21. | Macy's West Stores, Inc. | 1949 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 22. | Norton Mailman Associates | 2049 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 23. | Tri-County Mall ("TCM") | 2054 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_8]

| 24. | Ciuffo Family Trust/Trust A | 2181 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 25. | GFI-Glendale Investments Limited Partnership ("GFI-Glendale") | 2224 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 26. | CIVF V-OH1M03, LLC ("Cabot") | 2212 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 27. | Elm Creek Real Estate, LLC | 2827 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 28. | Retail Contractors of Puerto Rico, Inc. | 3077 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 29. | Realty Income Corporation | 3188 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 30. | CBL & Associates Management, Inc. | 3306 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 31. | Seven Springs Limited Partnership | 3344 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_8]

| 32. | Sayville Menlo, LLC | 3345 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 33. | Sherthal, LLC | 3348 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 34. | CIVF V-OH1M03, LLC ("Cabot") | 3425 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 35. | WashREIT Frederick County Square LLC | 3438 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 36. | Lockhart Realty Inc. ("LRI") | 3444 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 37. | Tutu Park Limited | 3445 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 38. | Union Center Realty, LLC ("Union Center") | 3447 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 39. | Garlly Associates, LP ("Garlly") | 3450 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_8]

| 40. | Urschel Development Corporation | 3494 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
|---|---|---|---|---|
| 41. | Greenhorn Ventures LLC | 3500 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 42. | Saul Subsidiary I Limited Partnership ("Saul Sub I") | 3508 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 43. | The Macerich Company | 3548 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 44. | Platte Valley Investment, LLC | 3576 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 45. | Geodis Logistics LLC | 3586 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |
| 46. | Icon Owner Pool 1 SF Non-Business Parks, LLC | 3613 | Buyer will pay any undisputed portion of the Cure Costs, and reserve the disputed portion of the cure costs that timely asserted by the objecting party pending consensual resolution by the Buyer and the objecting party or determination by the Court in accordance with the procedures proposed in the Revised Proposed Assumption and Assignment Order. | Adjourned |

[AM_ACTIVE 401291453_8]

**Resolved Objections**

|  | Objecting Party | ECF No. | Status of Resolution |
|---|---|---|---|
| 1. | Plaza Juana Diaz Inc. | 2174 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 2. | SVAP II Stones | 2197 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 3. | Lessors of Store No. 8768 | 2354, 3429, 3431 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 4. | Crossroads Joint Venture, LLC ("Crossroads") | 3455, 3460 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 5. | Izek Shomof and Aline Shomof Irrevocable Children's Trust Dated February 11, 1999, Vegas Group, LLC, and East River Group, LLC | 3477, 3478 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 6. | MOAC Mall Holding LLC ("MOAC") | 2199 3501 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 7. | Graziadio Investment Company | 3553, 3558 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 8. | 4th Street South II, LLC | 1850, 3492 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 9. | Vornado Realty L.P. | 2109 3529 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 10. | El Centro Mall, Ltd. and GC Columbia, LLC | 2244 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 11. | Izek Shomof and Aline Shomof Irrevocable Children's Trust Dated February 11, 1999, Vegas Group, LLC, and East River Group, LLC | 1837 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 12. | Starboard Platform Brighton JV LLC | 2213 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 13. | Sunshine Shopping Center | 1929, 2215 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 14. | Alatex-Tenn, Ltd | 1883 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 15. | DART Warehouse Corporation | 2168 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 16. | Walters Investments, LP | 1895 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |

[AM_ACTIVE 401291453_8]

| 17. | Wal-Go Associates LLC | 1905 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
|-----|------------------------|------|------------------------------------------------------------------------|
| 18. | Midwood Management Corp. | 1957 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 19. | Brooks Shopping Center Partners, LLC | 1990 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 20. | PREP Hanover Real Estate LLC | 1903, 3552 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 21. | KDI Rivergate Mall, LLC | 3544 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 22. | The Bruce Trusts | 3421 | [Adjourned. Party has agreed to extension of the 364(d)(4) time period.] |
| 23. | QKC Maui Owner LLC | 1874 3482 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 24. | Dedeaux Inland Empire Properties | 3541 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 25. | West Orange Plaza, LLC | 1810, 3378, 3509 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 26. | Kimco Realty Corporation | 1839, 2297, 3607 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 27. | Simon Property Group, L.P. | 2080 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 28. | Simon Property Group, L.P. | 2082 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 29. | Simon Property Group, L.P., (Supplemental Objection) | 2214 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 30. | Simon Property Group, L.P. | 3316, 3317, 3318 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 31. | First Real Estate Investment Trust of New Jersey | 1815, 3374 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 32. | SVAP Pompano Citi Centre II, L.P. | 2197 | Store 120 lease was not assumed for assignment and assumption. |
| 33. | Yoder-17th Street Properties, LLC ("Yoder") | 2226 | Objections, other than potential remaining cure objections, have been resolved and objections withdrawn. |
| 34. | National Distribution Centers, LLC | 1864 | Objections, other than potential remaining cure objections, have been resolved. |

[AM_ACTIVE 401291453_8]

| 35. | Greensboro Lease Management, L.L.C. ("Greensboro") | 2232 | Objections, other than potential remaining cure objections, have been resolved. |
|---|---|---|---|
| 36. | National Distribution Centers, LLC ("NDC") | 2376 | Objections, other than potential remaining cure objections, have been resolved. |
| 37. | The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC (supplemental objection to 2063) | 2346 | The lease subject to this objection has been rejected. This objection is now moot. |
| 38. | Westfall Town Center JV | 2262 | The lease subject to this objection has been rejected. This objection is now moot. |
| 39. | BT Pleasant Hills LP | 1806 | The lease subject to this objection has been rejected. This objection is now moot. |
| 40. | Mauldin at Butler, LLC | 1934 | The lease subject to this objection has been rejected. This objection is now moot. |
| 41. | Caparra Center Associates | 1938 | The lease subject to this objection has been rejected. This objection is now moot. |
| 42. | Liberty Property Limited Partnership | 2074 | The lease subject to this objection has been rejected. This objection is now moot. |
| 43. | Richards Canal Street Property, LLC | 2115 | The lease subject to this objection has been rejected. This objection is now moot. |
| 44. | AmCap Wilson II, LLC and Wilson Norridge, LLC | 2151 | The lease subject to this objection has been rejected. This objection is now moot. |
| 45. | Shaler Zamagias Limited Partnership | 2157 | The lease subject to this objection has been rejected. This objection is now moot. |
| 46. | Wangard Partners, Inc. | 2184 | The lease subject to this objection has been rejected. This objection is now moot. |
| 47. | Grand Central Plaza, LLC | 2189 | The lease subject to this objection has been rejected. This objection is now moot. |
| 48. | Phillips Edison & Company | 2190 | The lease subject to this objection has been rejected. This objection is now moot. |
| 49. | North Plaza I, LLC, North Plaza II, LLC, and North Plaza III, LLC | 2200 | The lease subject to this objection has been rejected. This objection is now moot. |
| 50. | Great Eastern Corporation d/b/a North River Village GEC, LLC | 2211 | The lease subject to this objection has been rejected. This objection is now moot. |
| 51. | WSSR | 2236, 2863 | The lease subject to this objection has been rejected. This objection is now moot. |
| 52. | Broad Street Station, LLC c/o Collett ("BSS") | 2238 | The lease subject to this objection has been rejected. This objection is now moot. |
| 53. | Berkeley Mall, LLC ("Berkeley") | 2239 | The lease subject to this objection has been rejected. This objection is now moot. |

[AM_ACTIVE 401291453_8]

| 54. | Berkshire Mall LP, as successor in interest to Berkshire Mall LLC | 2254 | The lease subject to this objection has been rejected. This objection is now moot. |
|---|---|---|---|
| 55. | Manlaw Investment Company, Ltd. | 2259 | The lease subject to this objection has been rejected. This objection is now moot. |
| 56. | Libby Dial Enterprises, LLC | 2291 | The lease subject to this objection has been rejected. This objection is now moot. |
| 57. | OND Property | 2811 | The lease subject to this objection has been rejected. This objection is now moot. |
| 58. | Forbes/Cohen Florida Properties, L.P. | 1932, 3484 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 59. | Washington Prime Group Inc. | 1945, 3192, 3389, 3559 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 60. | NW Gaithersburg | 2056, 3505 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 61. | The Taubman Landlords ("Taubman") | 1879, 2179, 3410 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 62. | Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., , the Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., and Shopcore Properties, L.P., Site Centers Corp. | 2063, 2069, 3553, 3558 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 63. | Gray Enterprises, LP, Graziadio Investment Company, Brookfield Properties Retail Group, | 2063, 2069, 3553, 3558 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 64. | Cape Town Plaza LLC New Westgate Mall LLC | 2075 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 65. | Weingarten Realty Investors | 2093 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 66. | Acadia Realty Limited Partnership, Brixmor Operating Partnership, L.P., C.E. John Company, Inc., Cedar – Valley Plaza, LLC, Centennial Real Estate Co., CenterCal Properties, LLC, Federal Realty Investment Trust, GS Pacific ER, LLC, Hart I-55 Industrial LLC, Heidenberg Properties LLC, Starwood Retail Partners LLC, The Macerich Company, Vintage | 2147, 3446 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |

34

| | | | |
|---|---|---|---|
| | Real Estate, LLC, Center, and White Plains Galleria Limited Partnership | | |
| 67. | Acadia Realty Limited Partnership, Brixmor Operating Partnership, L.P., C.E. John Company, Inc., Cedar – Valley Plaza, LLC, Centennial Real Estate Co., CenterCal Properties, LLC, Federal Realty Investment Trust, GS Pacific ER, LLC, Hart I-55 Industrial LLC, Heidenberg Properties LLC, Starwood Retail Partners LLC, The Macerich Company, Vintage Real Estate, LLC, Center, and White Plains Galleria Limited Partnership | 2153 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 68. | NW Landlords | 2230 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 69. | Kin Properties, Aleff LLC, Arcolo Limited Partnership, Cansan Company, LLC, Fairsan Company, LLC, Floreff LLC, Fundamentals Co LLC, Hareff LLC, Hillsborough Associates, Pasan Trust, Mantkin LLC, Musue LLC, Nathan Alison LLC, Sugencole LLC, Sugengran LLC, and Sugensteve LLC ("Kin Landlords") | 1930, 2261, 2809, 3381, 3384 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 70. | Urban Edge Properties LP on behalf of UE Bruckner Plaza LLC, UE Montehiedra Acquisition LP, Urban Edge Caguas LP and EU 839 New York Ave LLC | 2265 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 71. | Landlords affiliates with LBA Realty LLC | 2264 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 72. | JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC<br><br>Salmon Rum Shopping Center, S&R Company of West Seneca NewCo, LLC | 2241, 2293, 2253, 2246 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 73. | JPMG Manassas Mall Owner LLC, Store 2395<br><br>Poughkeepsie Galleria LLC, Store 1333 | 2241, 2253 (with corrected exhibit to 2241), 2293 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |

[AM_ACTIVE 401291453_8]

| 74. | Brookfield Property REIT Inc., Store 2092 | 3315 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
|-----|-------------------------------------------|------|-----------------------------------------------------------------------------------------------------------|
| 75. | Brookfield Property REIT Inc. | 3321 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 76. | SVAP II Stones River, LLC | 3485 | Adjourned. Party has agreed to extension of the 364(d)(4) time period. |
| 77. | JPMG Manassas Mall Owner LLC Poughkeepsie NY | 3497, 3519, 3523 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 78. | DGI LS, LLC, Store 8835 | 2247, 2294, 3499, 3514, 3516 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 79. | Shillington Plaza, LLC, Store 3136 | 2248, 2251, 2294, 3498, 3507, 3510 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 80. | Prologis, L.P., KTR Ohio LLC, KTR LV Loan LLC, Distribution Funding II, LLC, and Prologis-A4 CA IV, LP ("Prologis Entities") | 2277, 3520 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 81. | Sphear Investments, LLC | 3547 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 82. | Urban Edge Properties LP | 3560 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 83. | LBA Realty | 3577 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 84. | 5330 Crosswind, LLC ("Crosswind") | 2223, 3561 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 85. | Seritage SRC Finance LLC and Seritage KMT Finance LLC | 2308 | The lease subject to this objection has been rejected. This objection is now moot. |
| 86. | MCG Landlords | 2375 | The lease subject to this objection has been rejected. This objection is now moot. |
| 87. | Retail Opportunity Investments Corp. | 2305 | The lease subject to this objection has been rejected. This objection is now moot. |
| 88. | Salmon Run Shopping Center, L.L.C., Store 2683

S&R Company of West Seneca NewCo LLC, Store 9392 | 2246, 2293 | The lease subject to this objection has been rejected. This objection is now moot |
| 89. | Wolf Family Series ("Wolf") | 1889, 2286, 3472 | Pursuant to the *Notice of Withdrawal of Certain Designatable Leases From the Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3732) and *Notice of Withdrawal of Certain Designatable Leases From the Notice of Assumption and Assignment of Additional Designatable* |

[AM_ACTIVE 401291453_8]

| | | | |
|---|---|---|---|
| | | | *Leases* (Docket 3734), the Buyer is no longer proposing to direct the Debtors to assume and assign the leases subject to this objection. This objection is now moot. |
| 90. | North K I-29 2004, LLC | 2810 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 91. | Tupart II, LLC | 3599 | Objection withdrawn pursuant to Docket No. 3674. |
| 92. | Primark US Corp | 1923, 3187, 3411 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 93. | Butterfield Tech Center, LLC and Foodtown Development, LLC | 3556 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 94. | Lawrence Mart, LLC | 2287 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 95. | Crossroads Mall, LLC | 3506 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 96. | 266 Route 125, LLC | 3466 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 97. | EMA Investments San Diego, LLC | 3545 | Objections, other than potential remaining cure objections, have been resolved pending final documentation. |
| 98. | Biltmore Commercial Properties I, LLC | 2284, 3413 | Pursuant to the *Notice of Withdrawal of Certain Designatable Leases From the Notice of Assumption and Assignment of Additional Designatable Leases* (Docket 3732), the Buyer is no longer proposing to direct the Debtors to assume and assign the lease subject to this objection. This objection is now moot. |
| 99. | Univest-BTC S&R, LLC | 3549 | Buyer has agreed not to seek relief with respect to any Restrictive Covenants (as defined in the Revised Proposed Assumption and Assignment Order) and this store is not listed on Schedule 3 of the Revised Proposed Assumption and Assignment Order. Buyer dodoes not seek to alter any restrictive easement agreement or modify the lease in any way not permitted under applicable law. |

37