**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*, : Case No. 18-23538 (RDD)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------x

# ORDER ENFORCING ASSET PURCHASE AGREEMENT
# AGAINST TRANSFORM HOLDCO LLC

Upon the motion, dated March 11, 2019 (ECF No. 2796), and as set forth in supplemental supporting memoranda of law (ECF Nos. 2919, 3079) and supporting declarations (collectively, the "**Motion to Enforce**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Debtors' Supplemental Memorandum of Law in Further Support of Their Motion to Enforce the Automatic Stay* (ECF No. 3079).

"**Debtors**"), for entry of an order (the "**Order**") enforcing the Sale Order and automatic stay and compelling turnover of Estate funds pursuant to sections 105, 362, 541, and 542 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and upon the objection (ECF No. 2864) of Transform Holdco LLC ("**Transform**"), along with Transform's supplemental memorandums of law (ECF Nos. 3011, 3156) and supporting declarations (collectively, the "**Objection**"), which was the sole objection to the Motion to Enforce; and upon the joinder (ECF No. 2808) (the "**Joinder**") to the Motion to Enforce filed by the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"); and the Court having jurisdiction to decide the Motion to Enforce and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Enforce and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Enforce having been provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances, no other or further notice being required; and the Court having held hearings to consider the relief requested in the Motion to Enforce on March 21, 2019 and on April 18, 2019 (together, the "**Hearings**"); and upon the record of the Hearings and all of the proceedings had before the Court; and, after due deliberation and for the reasons stated by the Court in its bench ruling and the April 18, 2019 Hearing, the Court having determined that the legal and factual bases set forth in the Motion to Enforce establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the Court's consideration of

the parties' proposed orders and accompanying correspondence submitted to the Court dated April 29, 2019, April 30, 2019 and May 1, 2019; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Enforce is granted to the extent set forth in this Order.

2. Based upon the plain and unambiguous language of the Asset Purchase Agreement, dated as of January 17, 2019, as amended by Amendment No. 1 thereto, dated February 11, 2019 (the "**APA**"), by and among Transform and the Debtors:

    a. The proceeds of pre-Closing credit card transactions held in reserve accounts by the Credit Card Payment Processors[3] pursuant to the Processing Agreements (the "**Reserve Accounts**") are Credit Card Accounts Receivable as that term is defined in Section 1.1 of the APA.

    b. The Debtors were entitled to, and did, deliver the Reserve Accounts to Transform at Closing to satisfy in part their obligation under Section 10.9 of the APA to deliver at least $1.657 billion, in the aggregate, of Acquired Inventory (excluding any Pending Inventory), Credit Card Accounts Receivable, and Pharmacy Receivables.

    c. The Debtors delivered an aggregate threshold excess of $14,639,618.38 to Transform, less any amounts drawn from the Reserve Accounts held by the respective Credit Card Payment Processors pursuant to the Processing Agreements to satisfy liabilities owed by the Debtors to the Credit Card Payment Processors as of the Closing Date (the amounts drawn from the $14,639,618.38 as of such date to be referred to as the "**Reserve Draw**").

3. Accordingly, pursuant to Section 10.9 of the APA, the Debtors are entitled to retain as an Excluded Asset (as that term is defined in the APA) the oldest Credit Card Accounts Receivable in an amount of $14,639,618.38, which comprises (a) $13.3 million held in the Reserve Account by First Data as detailed in the letters to the Court from Abena A. Mainoo,

---

[3] The Credit Card Payment Processors are First Data Merchant Services Corporation ("**First Data**"), DFS Services LLC, and American Express Travel Related Services Company, Inc. ("**American Express**").

Esq. dated April 29, 2019 and May 1, 2019, and (b) $1,339,618.38 held in the Reserve Account by American Express, as also detailed in the foregoing letters from Abena A. Mainoo, Esq.—less the respective Reserve Draw amounts, if any (the "**Adjusted Excess Amounts**").

4. The Debtors are authorized to take the steps necessary to effectuate a transfer of the respective Adjusted Excess Amounts from First Data and American Express to the Debtors. Without limiting the foregoing, upon entry of this Order, Transform shall be obligated to deliver to the Debtors the Adjusted Excess Amounts no later than two business days after any release of such Amounts by the Credit Card Payment Processors to Transform, should the Credit Card Payment Processors release any such amounts to Transform instead of the Debtors.

5. Transform is directed to cooperate in good faith and promptly provide information to First Data or American Express in response to any reasonable request from First Data or American Express in connection with securing the release and/or transfer to the Debtors of an amount from the oldest Credit Card Accounts Receivable equal to the Adjusted Excess Amounts pursuant to paragraphs 3 and 4 of this Order. Upon the transfer of the Adjusted Excess Amounts to the Debtors as contemplated in paragraphs 3 and 4 of this Order, the Debtors will have no other right, title, or interest in the Reserve Accounts.

6. The Debtors' request for additional relief relating to Transform's alleged violation of the automatic stay with respect to Credit Card Accounts Receivable during the period preceding this Order is denied.

7. The remaining relief requested in the Motion to Enforce shall be continued until further determination by the Court.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: May 8, 2019
      White Plains, New York

/s/Robert D. Drain  
THE HONORABLE ROBERT D. DRAIN  
UNITED STATES BANKRUPTCY JUDGE