Hearing Date: May 16, 2019 at 10:00 A.M.<br>Objection Deadline: May 9, 2019 at 4:00 P.M.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

In re:

SEARS HOLDINGS CORPORATION, *et al*,          Chapter 11

                                              Case No. 18-23538 (RDD)

             Debtors.                         (Jointly Administered)

----------------------------------------------------------------X

**SECRETARY OF LABOR'S LIMITED OBJECTION TO THE DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

The Secretary (the "Secretary") of the United States Department of Labor (the "DOL") as its limited objection to the Disclosure Statement (the "Disclosure Statement") for the Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (collectively, the "Debtors") respectfully represents:

1. The Disclosure Statement appropriately provides some description of the Debtors' treatment of its retiree benefit plans. However, its description falls short in not addressing the legal contradictions evident in the facts it describes.

2. The Debtors disclose that their Board of Directors approved the termination of the Sears Retiree Group Life Insurance Plan (the "Retiree Life Insurance Plan") on March 7, 2019, effective only one week later on March 15, 2019.

3. "Section 1114 [of the Bankruptcy Code] provides that a debtor may not modify retiree benefits unless it meets a series of requirements, including but not limited to

demonstrating that the modifications are necessary to permit the reorganization of the debtor." In re AMR Corp., 508 B.R. 296, 311(Bankr. S.D.N.Y. 2014).

4. No approval for the termination of the Retiree Life Insurance Plan under Section 1114 was sought, because the Debtors apparently relied upon the assumption that "[t]he terms of the Retiree Plan provide that the plan may be amended or terminated by the Debtors at any time." Disclosure Statement at 33. Under this Court's analysis in In re Delphi Corp., 2009 WL 637315 (Bankr. S.D.N.Y. Mar. 10, 2009) (J. Drain) and its progeny, e.g., In re Chemtura Corp., 2011 WL 1344573 (Bankr. S.D.N.Y. Apr. 8, 2011), that unilateral right would obviate the need for Court approval of the termination because none of the rights of retirees for life insurance benefits would have vested.

5. The Debtors, however, end their discussion of the Retiree Life Insurance Plan in the Disclosure Statement with an additional paragraph which notes that under a 2001 court settlement Sears Roebuck "agreed that it would not reduce or terminate the applicable retiree coverage." Disclosure Statement at 34. This statement is a clear admission by the Debtors that the rights of at least certain of the retirees under the Retiree Life Insurance Plan have vested.

6. A copy of what the Secretary believes is the Stipulation of Settlement which reflects that agreement is annexed hereto as Exhibit A. It states in pertinent part:

> Sears agrees that any language preserving Sears' right to amend, modify, cancel or terminate the terms of the Plan, both now and in the future, shall not include the right to amend, modify, cancel or terminate any right conferred upon to Class Members by the terms of this Stipulation of Settlement, or to diminish the value of the benefit conferred to Class Members and Approved Claimants in this Stipulation.

In re: Sears Retiree Group Life Insurance Litigation, Civil Action No. 97 C 7453, Stipulation of Settlement at 14-15.

7. This vesting language in the Stipulation of Settlement, which was estimated to cover a class initially totaling 80,000 retirees, id. at 7, and the Debtors' description of the

settlement in the Disclosure Statement are obviously not reconcilable with the actions of the Debtors in unilaterally terminating the Retiree Life Insurance Plan based upon an assumed unfettered right to take such action.

8. The Debtors have failed to disclose in the Disclosure Statement what they intend to do in light of this conflict. Is the Retiree Life Insurance Plan to be restored? Is the process for modifying retiree benefits that is mandated under Section 1114 of the Bankruptcy Code to be commenced? How will 11 U.S.C. §1129(a)(13)'s requirement that a Chapter 11 plan provide for the continuation of retiree benefits after a plan's effective date be satisfied?

9. Furthermore, the estimated amount of administrative expense claims is recognized as a topic which should be addressed in a Disclosure Statement. 7 Collier on Bankruptcy §1125.02[2] (16th ed.). Section 1114(e)(2) states that "[a]ny payment for retiree benefits required to be made before a plan [is] confirmed . . . has the status of an allowed administrative expense." 11 U.S.C. §1129(e)(2). This administrative expense priority extends to pre-petition claims. In re A.C.E. Elevator Co., 347 B.R. 473, 484-86 (Bankr. S.D.N.Y. 2006) (J.Drain); In re Lyondell Chemical Co. 445 B.R. 296, 299 (Bankr. S.D.N.Y. 2011). Consequently, will the amount of claims by vested retirees under the Retiree Life Insurance Plan alter the Disclosure Statement's estimate of administrative expenses?

10. Rather than allowing the inherent contradictions in their discussion of the Retiree Life Insurance Plan to remain, these questions need to be addressed.

11. In addition to augmenting the discussion of the Retiree Life Insurance Plan in the Disclosure Statement, this Court's opinion in Delphi provides a road map of what likely should be done in this case. Although this Court ruled in Delphi that Section 1114 approval was inapplicable because the debtor had a unilateral right to terminate retiree benefits outside of

bankruptcy, the court in <u>Delphi</u> also appointed a retiree committee to determine whether certain of the employees' rights to benefits were vested, thereby triggering the Section 1114 process. This Court wrote:

> I view the [Section 1114] burden to be so serious . . . that I should exercise my authority under Section 1114(d) to appoint a committee of retirees to act as a representative. . . .  I believe that it would be appropriate, given the importance of the factual issues and the timing of this motion, to give that committee a specific charge, which is to review the factual record to determine whether . . . there is any group of beneficiaries of these plans, any retirees, who would have vested rights, notwithstanding the language of the plan documents.

<u>Delphi</u> at *8.

12. The appointment of a retiree committee in these cases also is required to protect the interests of the Debtors' retirees.

Dated: May 8, 2019
Washington, D.C.

               KATE S. O'SCANNLAIN
               Solicitor of Labor

               G. WILLIAM SCOTT
               Associate Solicitor Plan Benefits Security

               JOANNE ROSKEY
               Deputy Associate Solicitor Plan Benefits Security

               <u>s/Leonard H. Gerson</u>
               LEONARD H. GERSON
               Trial Attorney
               U.S. Department of Labor
               Office of the Solicitor
               Plan Benefits Security
               200 Constitution Ave. N.W.
               Room N-4611
               Washington, D.C. 20210
               (202) 693-5615
               gerson.leonard@dol.gov

## **EXHIBIT A**

Stipulation of Settlement

Certificate of Service

I hereby certify that on the 8th day of May, 2019, I caused a copy of the foregoing pleading to be served through the Court's ECF system.

s/Leonard H. Gerson