UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, et al., | CASE NO.: 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

### OBJECTION OF LINDA J. GONYO TO THE DISCLOSURE STATEMENT

Linda J. Gonyo, ("Gonyo"), as creditor, and as a party in interest, by and through the undersigned, hereby files this objection to the submitted *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors*, [Dkt. No. 3276] ("Disclosure Statement") and the *Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors*, [Dkt. No. 3276] ("Plan"). As discussed below, Gonyo objects to the Disclosure Statement because the Disclosure Statement fails to provide adequate information as that term is defined in 11 U.S.C. §1125(a)(1), as such, the Disclosure Statement is not capable of being confirmed.

### Pertinent Procedural History

1. On or about April 17, 2019, the Trustee filed the Disclosure Statement commenced their bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. The Court set a hearing date to consider the adequacy of the Disclosure Statement for May 16, 2019 at 10:00 a.m.

3. The Trustee identifies Gonyo as a having a General Unsecured Claim under Class 4 and shall receive a *pro rata* share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests. *See* Article V, §C(4)(b) of the Disclosure Statement; Article IV §4.4(b) of the Plan.




STAFFORD • OWENS
PILLER MURNANE KELLEHER & TROMBLEY, PLLC

**Gonyo's Objection to the Disclosure Statement**

4. Having reviewed the Disclosure Statement and Plan, Gonyo submits that the Court should not approve the Disclosure Statement because it does not contain adequate information as that term is defined in Section 1125(a)(1) of the Bankruptcy Code.

I. **The Court should not approve a Disclosure Statement where it fails to provide adequate information under Section 1125 of the Bankruptcy Code.**

5. The pertinent part of Section 1125(b) of the Bankruptcy Code states:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

6. Section 1125(a) of the Bankruptcy Code further defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, … and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to the creditors and other parties in interest, and the cost of providing additional information . . .

7. Section 1125(a) further defines an "investor typical of holders of claims or interests of the relevant class", which means an investor having (i) a claim or interest of the relevant class, (ii) a relationship with the debtor as the holder of the claim or interest of the relevant class generally have, and (iii) the ability to obtain information from sources other than the disclosure statement as the holder of the claim or interest of the relevant class.

2

8. The standard to determine the adequacy of the information provided in the Disclosure Statement determined by the United States Bankruptcy Court for the Southern District of New York is whether the information provided is enough for a "hypothetical reasonable investor typical of holders of claims or interests of relevant class itself distinguishes the inconsequential from the significant." *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) (citing 11 U.S.C. §1125(a)(1)).

9. This standard must be met by the Disclosure Statement as "there is little, if any, room for harmless error." *Id.* The Court's determination if this standard is met on a case-by-case basis. *In re Radco Properties, Inc.*, 402 B.R. 666, 683 (Bankr. N.D.N.C. 2009).

A. *Factual Support for Establishment of Liquidating Trust*

10. Creditors are unable to ascertain the meaning of the General Unsecured Liquidating Trust Interest and the Specified Unsecured Liquidating Trust Interest and, thus, cannot know the meaning of the Liquidating Trust within the Disclosure Statement and Plan.

11. Gonyo, and other like Creditors, holds a General Unsecured Claim pursuant to the Disclosure Statement and Plan. Under the Disclosure Statement, General Unsecured Claims will take a *pro rata* share of the (i) General Unsecured Liquidating Trust Interest, and (ii) Specified Unsecured Liquidating Trust Interest. Article V, §C(4)(b) of the Disclosure Statement.

12. Under the Plan, a "General Unsecured Liquidating Trust Interest" means a beneficial interest in the Liquidating Trust granted to holders of "*Allowed* General Unsecured Claims". Article I, §1.65 of the Plan (emphasis added).

13. Under the Plan, a "Specified Unsecured Liquidating Trust Interest" means a

3

"non-certificated beneficial interest" in the Liquidating Trust granted to holders of "*Allowed* General Unsecured Claims". Article I, §1.127 of the Plan (emphasis added).

14. First, the General Unsecured Liquidating Trust Interest and the Specified Unsecured Liquidating Trust Interest valuation relies entirely on the construction of the Liquidating Trust. *See* Article VI of the Plan. Despite this reliance of the Liquidating Trust in the Disclosure Statement and Plan, the assets that will make up the same are left largely undescribed, if not unmentioned.

15. Article VI of the Plan generally describes the Liquidating Trust. However, Article VI, §6.3 of the Plan, relating to Liquidating Trust Assets, fails to describe the assets, in any manner, that will be transferred into the Liquidating Trust. This leaves Gonyo, and others in like position, without knowledge as to what assets would be transferred into the Liquidating Trust.

16. Additionally, the Plan also describes the Liquidating Trust as the "Wind Down Account" which will hold up to $240 million in a deposit account at Bank of America, N.A. Article I, §1.143 of the Plan.

17. Creditors can infer that substantial deposits will be made into the Wind Down Account and, thus, the Liquidating Trust. This does not, however, provide Creditors with a means to discern whether holding a claim under a certain designation is of value under the Plan. In other words, a Creditor has no true means to ascertain whether their claim is significant or inconsequential because it does not know how or if the Wind Down Account and Liquidating Trust will be adequately funded.

18. Rather, the Creditor is required to rely on conjecture that its claims will be

4

satisfied by some means, yet to be substantiated by the Disclosure Statement or Plan.

19. Without adequate information of the assets or types of assets to be placed in Trusts described above, there are no accurate means to discern the value of the Interests.

20. Therefore, Creditors have no means to ascertain the value of the account as it pertains to the Creditor's General Unsecured Claim.

21. Secondly, the Disclosure Statement and Plan provide a subtle, yet significant, change in language.

22. As discussed above, the Disclosure Statement and Plan indicate that Creditors with General Unsecured Claims are entitled to receive their *pro rata* share of the General Unsecured Liquidating Trust Interest, and Specified Unsecured Liquidating Trust Interest.

23. The Disclosure Statement and Plan, however, will only pay the *pro rata* share to "*Allowed* General Unsecured Claims." Article V. §(C)(4)(b) of the Disclosure Statement (emphasis added). This term is undefined, yet used throughout the Disclosure Statement and Plan.

24. Although Creditors may be able to infer what the term means, Bankruptcy Court's have preferred unmistakable language in the Disclosure Statement so as to meet the required standard. *See In re Radco Properties, Inc.*, 402 B.R. at 683; *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279 at 300.

25. Therefore, Gonyo, and others in like position, are left with uncertainty of what they current General Unsecured Claim is and will be valued.

### Conclusion

In light of the above, the Disclosure Statement does not provide adequate

5

information to provide inform a hypothetical party in the class to weigh the creditability and merits of the Plan and to make an informed judgment how to act on the Plan. Therefore, Linda J. Gonyo, respectfully requests that the Court Deny approval of the Disclosure Statement.

Dated this 8th day of May 2019.

>                    **STAFFORD, OWENS, PILLER, MURNANE, KELLEHER & TROMBLEY, PLLC**
>
>                    By: _____
>                    William L. Owens, Esq.
>                    *Attorneys for Creditor*
>                    One Cumberland Avenue
>                    Post Office Box 2947
>                    Plattsburgh, New York, 12901
>                    (518) 561-4400
>                    (518) 561-4848



**STAFFORD • OWENS**
PILLER • MURNANE • KELLEHER & TROMBLEY, PLLC

*Attorneys & Counselors at Law*

One Cumberland Avenue
PO Box 2947
Plattsburgh, NY 12901
P 518.561.4400
F 518.561.4848
staffordowens.com

William L. Owens
Edward J. Trombley
Susanna S. Piller
Thomas M. Murnane
Jacqueline M. Kelleher
Jessica L. Miller
Justin R. Meyer
Brendan P. Owens
Meghan E. Zedick

Maxwell C. Radley

May 8, 2019

Hon. Judge Robert D. Drain
United States Bankruptcy Court for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    RE:    In re Sears Holdings Corporation, et al.
             Case No.: 18-23538

Dear Judge Drain:

    Enclosed please find the Objections to Disclosure Statement regarding the above matter.

    If you have any questions, please do not hesitate to contact our office.

                        Respectfully yours,

                        STAFFORD, OWENS, PILLER, MURNANE,
                        KELLEHER & TROMBLEY, PLLC

                        By: _____
                             William L. Owens, Esq.
                             Congressman (Ret.)

WLO/kmm
Enclosure

cc:    Ray C. Schrock and Jacqueline Marchus (with enclosure)
        Paul K. Scwartzberg (with enclosure)
        Ira Dizengoff (with enclosure)

Ronald B. Stafford
(1935-2005)