CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
```
In re                                                  :
                                                       :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,    :
                                                       :    **Case No. 18-23538 (RDD)**
                                                       :
            Debtors.[1]                                :    **(Jointly Administered)**
```
------------------------------------------------------- x
```

### CERTIFICATE OF NO OBJECTION REGARDING STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, NDC, GDP, GLDP AND LANDLORD

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

      Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), the undersigned hereby certifies as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1.      Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

2.      On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"), approving the Sale Transaction[2] and the Asset Purchase Agreement Dated as of January 17, 2019 By and Among Transform Holdco, LLC (the "APA").

3.      On May 2, Transform filed the *Notice of Presentment of Stipulation and Order By and Among Sellers, Buyer, NDC, GDP, GLDP and Landlord* (ECF No. 3488) (the "Notice") attaching the proposed *Stipulation and Order By and Among Sellers, Buyer, NDC, GDP, GLDP and Landlord* (the "Proposed Stipulation and Order").

4.      The Notice established a deadline of May 8, 2019 at 11:30 a.m. (prevailing Eastern Time) for parties to object to the Motion (the "Objection Deadline"). The Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Order") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

---

[2]      Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Sale Order or, if not defined in the Sale Order, the APA.

5.      The Objection Deadline has passed and, to the best of my knowledge, no objection or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to Transform in accordance with the Amended Case Management Order.

6.      The Proposed Stipulation and Order is annexed hereto as **Exhibit A**.

7.      Accordingly, Transform respectfully requests that the Proposed Stipulation and Order be entered in accordance with the Amended Case Management Order.  I declare that the foregoing is true and correct.


Dated: May 9, 2019
New York, New York

/s/  Luke A. Barefoot
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

## **Exhibit A**

**Proposed Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
                                                  :
In re                                             :
                                                  :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,               :
                                                  :        Case No. 18-23538 (RDD)
                                                  :
         Debtors.¹                                :        (Jointly Administered)
                                                  :
------------------------------------------------------------ x
```

## STIPULATION AND ORDER
## BY AND AMONG SELLERS, BUYER, NDC, GDP, GLDP AND LANDLORD

This Stipulation and Order is entered into by and among Transform Holdco LLC

("Buyer"), the Sellers ("Sellers") party to that certain Asset Purchase Agreement dated as of

January 17, 2019 (as may be amended, restated, or amended and restated from time to time, by the

parties thereto) by and between the Sellers and the Buyer party thereto, the "APA") [2] National

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [Docket No. 2599] (the "Notice of Filing of Amendment No. 1 to the APA").

Distribution Centers, LLC ("NDC"), Greensboro Distribution Partners, LLC ("GDP"), Greensboro Land Development Partners OZ LLC ("GLDP") and Drake Pacer Penry Acquisition, LLC ("Landlord"), together with Sellers, Buyer, NDC, GDP and GLDP, the "Parties"), subject to Bankruptcy Court approval:

## RECITALS

A.    On February 26, 2016, NDC entered into a sublease (the "Warehouse Sublease") with Kmart Corporation to lease a certain warehouse and distribution facility from Kmart Corporation on Penry Road in Greensboro, North Carolina (the "Greensboro Facility"). Kmart Corporation leased the Greensboro Facility from Greensboro Lease Management LLC, a Delaware limited liability company (the "Initial Landlord") pursuant to a master lease dated March 25, 1997 (the "Warehouse Lease").

B.    On February 26, 2016, NDC also leased (the "Parking Lot Lease") from Kmart Corporation a 64.5 acre partially improved land parcel located in the City of Greensboro, Gilmer Township, Guilford County, North Carolina, designated as property 30961 (the "Parking Lot Parcel").

C.    On October 15, 2018 (the "Petition Date"), each of the above-referenced debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Since the Petition Date, the Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

D.    On November 1, 2018, the Debtors filed the *Debtors' Motion for Approval of Global Bidding Procedures* (the "Sale Motion") (ECF No. 429).

E.       On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (the "Sale Notice") (ECF No. 1730), which identified the Buyer as the successful bidder.

F.       On January 25, 2019, NDC filed a *Limited Objection of National Distribution Centers, LLC to the Global Asset Sale Transaction and Cure Notice* (the "NDC Limited Objection") (ECF No. 1864) arguing, *inter alia*, that NDC has a right of first refusal under the Parking Lot Lease, that the roof at the Greensboro Facility was in need of repair and that NDC has rights under Section 365(h) of the Bankruptcy Code.

G.       On February 3, 2019, NDC filed a *Supplement to Limited Objection of National Distribution Centers, LLC to the Global Asset Sale Transaction and Cure Notice* (the "NDC Supplemental Objection", and together with the NDC Limited Objection, the "NDC Objections") requesting, *inter alia*, that the Parking Lot Parcel and the Parking Lot Lease be carved out of the proposed court order approving the sale to Buyer and addressed at a future hearing.

H.       On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"), approving the Sale Transaction[3] and the APA.

I.       In light of the pending NDC Objections, the Debtors and the Buyer agreed to incorporate language into the Sale Order adjourning the issues with respect to the Parking Lot

---

[3] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Sale Order or, if not defined in the Sale Order, the APA.

Parcel and the Parking Lot Lease as well as the Warehouse Sublease and Warehouse Lease. Sale Order ¶ 65.

J.    The APA and the Sale Order permit the Buyer to designate Designatable Leases, including the Warehouse Lease, the Warehouse Sublease, and the Parking Lot Lease for assumption and assignment to Buyer's Assignee.

K.    Paragraphs 26 and 27 of that certain *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (Docket No 3008) (the "Assumption and Assignment Order") permit the Debtors or the Buyer to file a notice designating leases or contracts for assumption and assignment and establish the Assumption Effective Date for such contracts or leases.

L.    The Warehouse Lease and the Warehouse Sublease will be designated for assumption and assignment to GDP and the Parking Lot Lease shall be designated for assumption and assignment to GLDP, each in accordance with the process set forth in the Assumption and Assignment Order pursuant to the notice attached hereto as Exhibit 1.

M.    The Initial Landlord under the Warehouse Lease filed the (i) *Objection of Greensboro Lease Management, L.L.C. to the Debtors' Motion for Approval of Global Bidding Procedures [ECF No. 429]* (Docket No. 542), (ii) *Limited Objection and Reservation of Rights of Greensboro Lease Management, L.L.C. to the Debtors' Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and to the Global Sale Transaction* (Docket No. 2232), and (iii) *Joinder of Greensboro Lease Management, L.L.C. in Objection of Various Landlords to Notices of Filing of Revised Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and*

4

*Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief* (Docket No. 2405) ((i), (ii) and (iii), collectively, the "<u>Landlord's Objections</u>"), in which the Landlord objected to the assumption and assignment of (a) the Warehouse Lease to the Buyer or any designee, unless all defaults were promptly cured and the proposed assignee provided adequate assurance of future performance as required under the Bankruptcy Code and (b) the Warehouse Sublease prior to the Warehouse Lease.

N.      On March 5, 2019, the Initial Landlord conveyed all of its right, title and interest in and to the Warehouse Lease and the premises described therein to Landlord.

O.      Any default that is required to be cured in connection with the assumption and assignment of the Warehouse Lease, the Warehouse Sublease, and/or the Parking Lot Lease shall be cured by the Buyer, GLDP or GDP in accordance with the agreements memorializing the transaction generally described in recital Q below, and the Debtors and the Landlord shall have no liability for such amounts.

P.      The Debtors are not aware of any modifications, amendments, riders or addendums having been made to the Warehouse Lease since it was entered into on March 25, 1997.

Q.      The Parties have entered into this Stipulation and Order to effectuate (i) the assumption and assignment of the Warehouse Lease and the Warehouse Sublease to GDP conditioned upon the requirements set forth in Paragraphs 1(c) and 1(d) of this Stipulation and Order, (ii) the assumption and assignment of the Parking Lot Lease to GLDP and (iii) the transfer of the Parking Lot Parcel to the Buyer in a manner consistent with the Sale Order and the APA.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY**

5

**STIPULATED AND AGREED, AND UPON COURT APPROVAL, IT SHALL BE
ORDERED, AS FOLLOWS**:

## ORDER

1.      <u>Stipulation and Order Effective Date</u>.  The effective date of this Stipulation and

Order (the "<u>Effective Date</u>") shall be the first day on which each of the following has occurred: (i)

this Stipulation and Order is "so ordered" by the Bankruptcy Court and (ii) the assumption and

assignment of (x) the Warehouse Lease and the Warehouse Sublease to GDP and (y) the Parking

Lot Lease to GLDP becomes effective in accordance with the following sentence.

Notwithstanding anything to the contrary in the APA, the Sale Order, the Assumption and

Assignment Order, including, without limitation, paragraph 27 of the Assumption and Assignment

Order, or otherwise, the assumption and assignment of the Warehouse Lease and the Warehouse

Sublease to GDP, and the Parking Lot Lease to GLDP shall not be effective until a joint notice of

effectiveness (in the form attached hereto as <u>Exhibit 2</u>) is filed by Buyer, GDP, GLDP and

Landlord with the Bankruptcy Court following (a) the Stipulation and Order having been "so

ordered" by the Bankruptcy Court, (b) the settlement and withdrawal of, or the entry of a final

order of the Court disposing of any objection to the assignments timely filed by any party in interest

(c) (i) the execution and delivery by GDP and National Distribution Centers, LLC ("<u>Guarantor</u>")

to Landlord of the First Amendment to Lease between GDP as tenant and Landlord as landlord in

a form, including exhibits, acceptable to Landlord (the "<u>First Amendment</u>"), (ii) the execution and

delivery by GDP to Landlord of the Tenant Estoppel Certificate in the form attached to the First

Amendment (the "<u>Tenant Estoppel Certificate</u>"), and (iii) the execution and delivery by Guarantor

to Landlord of the Guaranty in the form attached to the First Amendment (the "<u>Guaranty</u>"), and

(d) receipt on or before May 1, 2019 by Landlord from Buyer or its affiliates of $335,585.74 in

immediately available funds, which amount reflects the base rent due May 1, 2019 pursuant to the Warehouse Lease.  If the Effective Date does not occur on or before May 13, 2019, the undertakings in this Stipulation and Order shall be deemed null and void as to all Parties hereto and of no further force and effect, and all Parties' rights and defenses with respect to any matters in the Stipulation and Order shall be reserved.

2.    Withdrawal of NDC and Landlord's Objections.  As of the Effective Date, the NDC Objections and the Landlord's Objections shall be deemed withdrawn and all potential arguments set forth therein shall be deemed resolved.

3.    Additional Acquired Asset.  On the Effective Date, the Parking Lot Parcel shall be deemed an Acquired Asset, but it shall remain subject in all respects to the Parking Lot Lease.

4.    Findings of Fact and Conclusions.  Subject to the occurrence of the Effective Date, (i) the Court's findings of fact and conclusions of law in the Sale Order, and the record of the hearing with respect to the Sale Order are incorporated with respect to the Parking Lot Parcel, the Warehouse Lease, and the Parking Lot Lease herein by reference, and (ii) all findings of fact and conclusions of law in the Sale Order with respect to the Acquired Assets, shall apply to the Parking Lot Parcel, the Warehouse Lease, and the Parking Lot Lease with full force and effect, and as the buyer of the Parking Lot Parcel, the Buyer is entitled to all of the protections set forth in the Sale Order with respect to the Acquired Assets.

5.    Enforcement of Stipulation and Order.  From and after the Effective Date, the Parties shall have the right to enforce this Stipulation and Order in accordance with its terms.  The terms and provisions of this Stipulation and Order shall be immediately effective and enforceable upon the Effective Date.

6.      <u>Entire Agreement</u>.  This Stipulation and Order, together with Sale Order, the APA, the Assumption and Assignment Order, the underlying agreements assuming and assigning the Warehouse Lease, the Warehouse Sublease and the Parking Lot Lease, the First Amendment, the Tenant Estoppel Certificate and the Guaranty, constitute the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Stipulation and Order may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties or by further order of the Bankruptcy Court.

7.      <u>Representations by the Parties</u>.  The Parties acknowledge that they are entering into this Stipulation and Order knowingly, freely and voluntarily.   The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Stipulation and Order and the subject matter hereof.

8.      <u>Successors and Assigns</u>.  All rights of each Party hereunder shall inure to the benefit of their respective successors including any successor trustees, including any chapter 7 trustees, and assigns, and all obligations of each Party hereunder shall bind the successors, including any successor trustees, including any chapter 7 trustees, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

9.      <u>Authority of Signatories</u>.  Each person executing this Stipulation and Order on behalf of a Party hereby represents and warrants that he or she has the requisite power and authority to do so and to bind the Party for which he or she is so executing.

10.     <u>Governing Law</u>.  This Stipulation and Order shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to the principles of conflicts of law that would require the application of laws of another jurisdiction.

11.     <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to implement, enforce, and resolve any disputes or controversies arising from this Stipulation and Order.

12.     <u>Counterparts</u>.    This Stipulation and Order may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

[*SIGNATURE PAGE FOLLOWS*]

9

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as of the day and year first below written.

Date: May 1, 2019

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Jacqueline Marcus*
Ray C. Schrock, P.C.
Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Sunny Singh, Esq.
767 Fifth Avenue
New York, NY 10153

*Attorneys for the Debtors and Debtors in Possession*

Date: May 1, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Luke A. Barefoot*
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
One Liberty Plaza
New York, NY 10006

*Attorneys for Transform Holdco LLC*

Date: May 1, 2019

**COZEN O'CONNOR**

*/s/ Mark E. Felger*
Mark E. Felger, Esq.
Frederick (Erik) Schmidt, Esq.
277 Park Avenue
New York, NY 10172

*Attorneys for National Distribution Centers, LLC, Greensboro Distribution Partners, LLC and Greensboro Land Development Partners OZ LLC*

Date: May 1, 2019

**MORRIS JAMES LLP**

*/s/ Stephen M. Miller*
Stephen M Miller, Esq.
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

*Attorney for Drake Pacer Penry Acquisition, LLC*

**SO ORDERED:**

Dated: _____, 2019
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------- x

### AMENDED NOTICE OF ASSUMPTION
### AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, Inc. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1.    Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed a motion, dated November 1, 2018 (ECF No. 429) (the "Sale Motion") seeking, among other things, the entry of an order pursuant to sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith.

2.    On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice").

3.    On January 23, 2019, the Debtors filed and served on the applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "Supplemental Notice").

4.    On January 31, 2019, the Debtors filed and served on the applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice").

5.    On March 5, 2019, the Debtors filed and served on the applicable counterparties the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2753) (the "Third Supplemental Notice").

6.    On March 29, 2019, the Debtors filed and served on the applicable counterparties the *Fourth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No.   2995) (the "Fourth Supplemental Notice").

7.    On April 9, 2019, the Debtors filed and served on the applicable counterparties the *Fifth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3097) (the "Fifth Supplemental Notice").

8.    On April 11, 2019, the Debtors filed and served on the applicable counterparties the *Sixth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3152) (the "Sixth Supplemental Notice")

9.    On April 23, 2019, the Debtors filed and served on the applicable counterparties the *Seventh Supplemental Notice of Cure Costs and Potential Assumption and Assignment of*

*Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3330) (the "Seventh Supplemental Notice" and together with the Initial Notice, the Supplemental Notice, the Second Supplemental Notice, the Third Supplemental Notice, the Fourth Supplemental Notice, the Fifth Supplemental Notice, and the Sixth Supplemental Notice, the "Assumption and Assignment Notices").

10. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507)[2] was entered by the Court.

11. In accordance with the terms of the Sale Order, Buyer may designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019. The Debtors and Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases and to May 13, 2019 for Additional Contracts.

12. On April 2, 2019, the Court entered its the *Order (I) Authorizing Assumption and Assignment of Certain Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

13. Paragraphs 26 and 27 of the Assumption and Assignment Order establish a noticing procedure for assumption and assignment of Additional Assigned Agreements.

14. In accordance with the Sale Order and the Assumption and Assignment Order, Buyer has designated for assumption and assignment certain Additional Assigned Agreements, which are listed on **Exhibit 1** hereto (the "Additional Designatable Leases").

15. Each of the Additional Designatable Leases listed on **Exhibit 1** was listed on an Assumption and Assignment Notice that was previously filed with the Bankruptcy Court and served on the applicable Counterparty, and all objection periods related to such Assumption and Assignment Notice have expired. All Additional Designatable Leases listed in **Exhibit 1** shall be deemed to include any and all applicable supplements, amendments, and/or addenda. With respect to Additional Designatable Leases that are among two or more Debtors, if any, this notice shall serve as notice of the assumption and assignment of the interests of each such Debtor (as lessee or lessor, as applicable) in such Additional Designatable Lease.

16. To the extent a counterparty to an Additional Designatable Lease properly filed and served a Cure Objection, and to the extent such counterparty is entitled to assert an additional objection to cure costs or assumption and assignment that could not have been raised in its prior objection, in accordance with paragraph 34 of the Sale Order and paragraph 26 of the Assumption and Assignment Order, such counterparty shall file and serve such objection (a "Supplemental

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Order.

Objection") in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405) so as to be filed and received no later than May 10, 2019 at 11:30 a.m. (Eastern Time) (the "Supplemental Objection Deadline").

17. If a Cure Objection or a Supplemental Objection has been timely filed and served with respect to an Additional Designatable Lease listed on **Exhibit 1**, the lease that is the subject of the Cure Objection or Supplemental Cure Objection may be removed from the list of Additional Designatable Leases listed on **Exhibit 1** at any time prior to the Assumption Effective Date for such Additional Designatable Lease as determined in accordance with paragraph 27 of the Assumption and Assignment Order, or to the extent it remains unresolved, such Cure Objection or Supplemental Objection shall be set for a hearing (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court") on a date to be announced.

Dated: May 2, 2019
New York, New York

*/s/ Luke A. Barefoot* _____

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**Exhibit 1**

18-23538-rdd    Doc 3400    Filed 05/09/19    Entered 05/09/19 15:04:31    Main Document
Pg 7 of 7

| Store # | RE ID | Property Group | City | State/ Province | Store Address | Counterparty | Building Size | Contract Name | Proposed Cure Amount | Counterparty's Asserted Cure Amount | Disputed Amount | Assignee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30961 | 3096100 | Non-retail | Greensboro | North Carolina | 300 Penry Rd | Drake Pacer Penry Acquisition, LLC | 1,546,815 SF | Lease | $- | $7,734,075.00[1] | $7,734,075.00 | Greensboro Distribution Partners, LLC |
| 30961 | -- | Open Store (Sublease) | Greensboro | North Carolina | 300 Penry Rd | National Distribution Centers, LLC | 1,546,815 SF | Sublease | $- | N/A | N/A | Greensboro Distribution Partners, LLC |
| 30961 | -- | Open Store (Sublease) | Greensboro | North Carolina | 300 Penry Rd | National Distribution Centers, LLC | Parking Lot | Lease | $- | N/A | N/A | Greensboro Land Development Partners OZ LLC |

[1] For estimated cost of roof repairs.

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------- x
In re                                                        :
                                                             :         Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                          :
                                                             :         Case No. 18-23538 (RDD)
                                                             :
                    Debtors.¹                                :         (Jointly Administered)
----------------------------------------------------------- x
```

## JOINT NOTICE OF EFFECTIVENESS

Transform Holdco LLC, Greensboro Distribution Partners, LLC, Greensboro Land

Development Partners OZ LLC and Drake Pacer Penry Acquisition, LLC, in connection with

and pursuant to that certain Stipulation And Order By And Among, Sellers, Buyer, NDC, GDP,

GLDP And Landlord dated May ___, 2019 (ECF No. _____) (the "Stipulation and Order"),

hereby give notice of effectiveness with the Bankruptcy Court[2] as contemplated by the

Stipulation and Order and that the Effective Date is the date of the entry of this notice on the

Bankruptcy Court's docket, which is today's date of May ___, 2019.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Terms used, and not otherwise defined, herein have the meaning ascribed to them in the Stipulation and Order.

IN WITNESS WHEREOF, this Joint Notice of Effectiveness has been executed and delivered as of the day and year first below written.

Date:  May ____, 2019

**COZEN O'CONNOR**

_____
Mark E. Felger, Esq.
Frederick (Erik) Schmidt, Esq.
277 Park Avenue
New York, NY 10172

*Attorneys for National Distribution Centers, LLC, Greensboro Distribution Partners, LLC and Greensboro Land Development Partners OZ LLC*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

_____
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
One Liberty Plaza
New York, NY 10006

*Attorneys for Transform Holdco LLC*

**MORRIS JAMES LLP**

_____
Stephen M Miller, Esq.
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

*Attorney for Drake Pacer Penry Acquisition, LLC*