**McKool Smith, P.C.**
One Bryant Park
47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
H. Jeffrey Schwartz
James H. Smith

-and-

600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Benjamin W. Hugon

*Counsel for Winners Industry Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **SEARS HOLDINGS CORPORATION, et al.** | ) Chapter 11 |
| | ) |
| **Debtors**[1] | ) Case No. 18-23538 (RDD) |
| | ) Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**LIMITED OBJECTION OF WINNERS INDUSTRY CO., LTD. TO DEBTORS'
MOTION FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT;
(II) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE PLAN; (III) APPROVING SOLICITATION PACKAGES
AND PROCEDURES FOR DISTRIBUTION THEREOF; (IV) APPROVING THE
FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON
THE PLAN; AND (V) GRANTING RELATED RELIEF**

Winners Industry Co., Ltd. ("Winners"), an administrative expense claimant and a creditor herein, files this Limited Objection (the "Limited Objection") to *Debtors' Motion For An Order (I) Approving Disclosure Statement; (II) Establishing Notice and Objection Procedures for Confirmation of the Plan; (III) Approving Solicitation Packages and Procedures for Distribution Thereof; (IV) Approving the Forms of Ballots and Establishing Procedures for Voting On the Plan; and (V) Granting Related Relief* (Dkt. No. 3277) (the "DS Motion"), and the related *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (Dkt. No. 3276) (the "Disclosure Statement"), and respectfully represents as follows:

**I.     PRELIMINARY STATEMENT**

1. The Debtors' administrative solvency, and thus their ability to confirm a plan in compliance with section 1129, is in open doubt.

2. The Disclosure Statement provides estimates of Administrative Expense Claims against the Debtors' estates but fails to address how those amounts were calculated. *See* DISCL. STMT. § IV(Q). Specifically, the Debtors fail to explain the method behind the calculation of their exposure to 503(b)(9) claims (currently estimated by the Debtors to be $181 million) as well as to section 503(b)(1)(A) vendor claims.

3. Vendors are entitled to 503(b)(9) administrative priority claims for the value of any goods received by the debtor within 20 days of filing bankruptcy. *See* 11 U.S.C. § 503(b)(9). A threshold legal issue is the interpretation of "received" as used in section

2

503(b)(9). In other words, which is the determinative date for section 503(b)(9) administrative priority—the date on which debtors take physical possession of goods or the date on which goods are shipped by common carrier? In the only circuit court decision on point, *In re World Imports, Ltd.*,[2] the Third Circuit held receipt for section 503(b)(9) purposes occurs when debtors take physical possession of goods and expressly rejected the concept of "constructive possession" asserted by the Debtors herein.

4. The decision on what constitutes "received" under section 503(b)(9) also increases the amount of vendors' section 503(b)(1)(A) claims, as these two subsections must be interpreted consistently and so as to avoid the absurd results. Goods ordered prepetition but delivered to the Debtors postpetition need be entitled to section 503(b)(1)(A) administrative expense distributive priority so as to avoid the absurd result where goods shipped several weeks before the petition date result in administrative expense claims under section 503(b)(9), while goods shipped the day before the petition date but received after the petition date result in general unsecured claims. It is a preposterous outcome.

5. Adequate Information requires that Debtors disclose whether the calculation of their section 503(b)(9) exposure was based on following the *World Imports* decision. If not, the Debtors should disclose a calculation of their aggregate incremental subsection 503(b)(1)(A) and subsection 503(b)(9) administrative liabilities in the event this Court, or an appellate tribunal, follows *World Imports* (as urged by Winners for the reasons set forth in the *Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims* (Dkt. No. 1386) (the "AEC Motion") and the *Initial Reply to Debtors' Objection to Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims* (Dkt. No. 3229)).

---

[2] 862 F.3d 338 (3d Cir. 2017).

4812-1882-7926

6. Correspondingly, Adequate Information requires that the Debtors disclose whether an escrow arrangement would be established under the plan of reorganization to fund in full the aggregate incremental administrative liabilities set forth in the preceding paragraph pending the entry of a final, non-appealable order determining the AEC Motion contested matter.[3]

7. As the Disclosure Statement does not include this necessary information, it fails to contain adequate information requirement under section 1125 and should not be approved.

## II.    BACKGROUND

8. Winners, a Chinese vendor, was among the Debtors' largest suppliers of custom ordered artificial Christmas trees and wreaths. During the 2018 Christmas season, Winners sold goods on credit to the Debtors (specifically, Kmart Corporation and Sears, Roebuck and Co.) via 21 separate shipments. The goods were shipped from China by common carrier and were ultimately delivered to the Debtors in the United States. For certain shipments, the Debtors took physical possession of the goods within twenty days prior to the Petition Date, while for other shipments the Debtors took physical possession of the goods following the Petition Date. To date, Winners has received no payment for any of those goods.[4]

9. On December 21, 2018, Winners filed the AEC Motion requesting, among other things, allowance of administrative expense claims under both section 503(b)(1)(A) and section 503(b)(9). The AEC Motion was originally set for hearing on January 18, 2019.

10. On March 15, 2019, the Debtors filed their *Objection to Winners Industry Co., Ltd's Motion for Allowance and Payment of Administrative Claim* (Dkt. No. 2839).

---

[3] Winners reached out to Debtors' counsel regarding these questions but has not yet heard back.
[4] Additional factual background regarding the present contested matter is set forth in the AEC Motion.

4812-1882-7926

11. On March 19, 2019, Winners filed its *Reservation of Rights of Winners Industry Co., Ltd.* (Dkt. No. 2889), preserving (among other things) the right to file a reply to the AEC Objection and in support of the AEC Motion.

12. On April 17, 2019, the Debtors filed the Disclosure Statement and the related DS Motion.

### III. LIMITED OBJECTION

13. Winners objects to the DS Motion and approval of the Debtors' current Disclosure Statement because it fails to provide "adequate information," which is defined in pertinent part as follows:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, . . . .

11 U.S.C. § 1125(a)(1); *see also In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994); *Hall v. Vance,* 887 F.2d 1041, 1043 (10th Cir. 1989). Section 1125(b) of the Bankruptcy Code requires that in order to solicit votes on a plan of reorganization, concurrent with the solicitation, "a written disclosure statement approved . . . by the court as containing adequate information" must have been transmitted to the holders of claims and interests. 11 U.S.C. § 1125(b).

14. Adequate information includes estimates of all administrative expenses. *See in re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991). This point is of crucial significance given that Congress has determined that a chapter 11 plan cannot be confirmed unless (absent an agreement otherwise) debtors pay administrative expense claims in full. *See* 11 U.S.C. § 1129(a)(9)(A).

15.     As set forth above, the Debtors estimate of Administrative Expense Claims (including, specifically, 503(b)(1)(A) & (b)(9) vendor Administrative Expense Claims) does not disclose the calculation method.  It appears that the Disclosure Statement estimate of the vendor Administrative Expense Claims assumes this Court will refuse to follow the Third Circuit's *World Imports* decision, setting up a circuit split between the Second and Third Circuits.

16.     The difference in calculation method is far from trivial. It may cause further doubt on the Debtors' administrative solvency, and thus their ability to confirm a plan, as the Official Committee of Unsecured Creditors has noted.[5]  Although only one of many vendor administrative claimants so situated, the impact on the size of Winners' administrative expense claims alone is well in excess of $2 million. Moreover, the Debtors must disclose whether an escrow or other surety device would be established under the plan to fund any such incremental vendor Administrative Expense Claims pending the resolution of the AEC Motion by final, non-appealable order.

## IV.    RESERVATION OF RIGHTS

17.     Winners reserves all rights including, without limitation, the right to file additional objections to the Disclosure Statement and/or DS Motion, to take discovery, and to object to confirmation of the Debtors' proposed plan of reorganization.

---

[5] *See Statement of the Official Committee of Unsecured Creditors with Respect to the Motion of Debtors Pursuant to Section 1121(d) of the Bankruptcy Code to Further Extend Exclusive Periods* (Dkt. No. 3661), ¶ 3 ("The Debtors' ability to satisfy their administrative claims in accordance with the requirements of Bankruptcy Code section 1129 is subject to substantial risk and unresolved contingencies, including: . . . (y) the potential allowance of sizable claims under Bankruptcy Code sections 503(b)(9) and 507(b) in excess of the Debtors' assumptions.").

4812-1882-7926

## V. CONCLUSION

For the reasons set forth above, Winners respectfully requests the Court: (i) deny the DS Motion; and (ii) grant Winners any other relief, whether at law or in equity, to which Winners may be entitled.

Dated:  May 9, 2019

        Respectfully submitted,

        */s/   H. Jeffrey Schwartz*
        **McKool Smith, P.C.**
        One Bryant Park
        47th Floor
        New York, NY 10036
        Telephone: (212) 402-9400
        Facsimile: (212) 402-9444
        H. Jeffrey Schwartz
        hjschwartz@McKoolSmith.com
        James H. Smith
        jsmith@McKoolSmith.com

        -and-

        600 Travis Street, Suite 7000
        Houston, TX  77002
        Telephone: (713) 485-7300
        Facsimile: (713) 485-7344
        Benjamin W. Hugon
        bhugon@McKoolSmith.com

        *Counsel for Winners Industry Co., Ltd.*

4812-1882-7926