UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SUPPLEMENTAL LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DIRECT ENERGY BUSINESS, LLC TO THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Direct Energy Business, LLC ("**Direct Energy**"), by and through their undersigned counsel, hereby files this supplemental limited objection and reservation of rights ("**Supplemental Objection and Reservation**") to the above-captioned debtors' ("**Debtors**"): (i) *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) ("**First Notice**"); and (ii) *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) ("**Second Notice**"); and (iii) *Notice of Assumption and Assignment of Additional Executory Contracts* ("**Third Notice**" and, together with the First Notice and Second Notice, the "**Notices**"). In support of this Supplemental Objection and Reservation of Rights, Direct Energy respectfully states:

1. On October 15, 2018 (the "**Petition Date**"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

2. Debtors continued to operate their business as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.[1]

3. Direct Energy is in the business of buying electricity and natural gas on the wholesale, open markets and selling the same to residential, commercial and industrial customers on a forward-contract basis. The advantage to a customer of entering into a forward contract with Direct Energy—as opposed to being continually serviced by their utility—is that the customer can manage its exposure to natural gas and/or electricity commodity risk by "locking" in the rate that it will pay for such items over a period of time.

4. Direct Energy and Debtors are parties to certain PowerSupply Coordination® Service Agreements (the "**Contracts**") entered into on April 6, 2011 and December 12, 2012, together with periodic amendments, setting forth terms for the purchase and sale of natural gas and/or electricity.

5. Direct Energy has and is continuing to serve the Debtors through the pendency of their Bankruptcy Case.

6. On January 18, 2019 and January 23, 2019, Debtors filed their First Notice and Second Notice, respectively, proposing a cure amount of $92,133 existing under all proposed assumed contracts with Direct Energy ("**Proposed Cure Amounts**").

7. Direct Energy agreed to the proposed assumption and assignment of its Contracts as described in the Notices; however Direct Energy disputed the Proposed Cure Amounts in the Notices in its *Limited Objection and Reservation of Rights of Direct Energy Business, LLC to the Proposed Assumption and Assignment of Contracts in Connection with the Global Asset Sale Transaction* (ECF No. 2235).

---

[1] Reference to the "Debtors" herein includes both the pre-petition Debtors and post-petition Debtors in Possession.

8. On May 2, 2019, Debtors filed their Third Notice asserting that the cure amount was resolved. Direct Energy objects to the Debtors' assertion that the cure amount has been resolved.

8. Direct Energy continues to have no objection to the assumption of its Contracts provided that all pre- and post-petition accrued amounts are cured in full.

9. In this case, Debtors continue to accrue post-petition charges through usage of electricity and/or natural gas, and will continue to accrue such charges until such time that the Contracts are assumed and assigned.

9. As of the date of this Supplemental Limited Objection and Reservation, the Debtor has accrued unpaid post-petition amounts under the Contract in the amount of $278,086.64. A true and correct copy of the most recent current unpaid post-petition invoices are attached hereto as **Exhibit A**.[2] As a result, under 11 U.S.C. § 365(b)(1)(A), in order to assume the Contracts, Debtors must receive a cure payment of at least $278,086.64 in addition to any post-petition accrued amounts that have not yet been billed as of the date of this Objection ("**Full Cure Amount**").[3] Otherwise, the Contracts cannot be assumed pursuant to Section 365.

10. As a result, Direct Energy expressly reserves its right to amend or supplement the Full Cure Amount until the time that the Contracts are assumed and assigned, and requests the Debtors remain liable for (a) post-petition charges accrued under the Contracts in the unpaid amount of $278,086.64; and (b) post-petition charges that continue to accrue through the date of

---

[2] Due to the short objection period provided in the Notice, Direct Energy has provided in **Exhibit A** the most recent bills showing the current balance owed on each account, including the unpaid balance forward. Direct Energy has requested invoices going back further to the Petition Date; however, such request will not be fully processed until after the time to object to the proposed cure amount has passed. Upon Debtors' request, Direct Energy agrees to supplement with additional invoices once they are available.

[3] All pre-petition amounts previously owed to Direct Energy have now been paid in full.

assumption and assignment. Direct Energy requests the Debtors be required to pay the Full Cure Amount in order to assume and assign its Contracts in accordance with 11 U.S.C. § 365.

WHEREFORE PREMISES CONSIDERED, Direct Energy respectfully files this Supplemental Limited Objection and Reservation of Rights to the Notices and requests this Court include language in any order approving assumption and assignment of the Contracts: (i) requiring the Debtors to pay all post-petition charges accrued under the Contracts as of the date which assumption and assignment of the Contracts is effective; and (2) requiring the Debtors to pay pre-petition unpaid amounts of $278,086.64, in order to assume and assign the Contracts as proposed.

Dated: May 10, 2019

Respectfully submitted,

McDowell Hetherington LLP

By: /s/ Megan Young-John
Megan Young-John*
Texas Bar No. 24088700
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Megan.John@mhllp.com
* *Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

      I hereby certify, pursuant to 28 U.S.C. §1746, that on May 10, 2019, I caused a true and correct copy of the foregoing Supplemental Limited Objection to be sent to each of the persons named on the attached Service List, by email (unless otherwise stated).

DATED: May 10, 2019

                                                  */s/ Megan Young-John*
                                                  Megan Young-John

# SERVICE LIST

**BID NOTICE PARTIES**

**Debtors**
- Rob Riecker: rob.riecker@searshc.com
- Luke Valentino: luke.valentino@searshc.com
- Mohsin Meghji: mmeghji@miiipartners.com
- General Counsel: counsel@searshc.com

**Debtors' counsel**
- Ray Schrock, Esq.: ray.schrock@weil.com
- Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
- Garrett A. Fail, Esq: garrett.fail@weil.com
- Sunny Singh, Esq.: sunny.singh@weil.com
- Debtors' investment banker: project.blue.rx@lazard.com

**BUYER PARTIES**

**Buyer**
- Kunal S. Kamlani: kunal@eslinvest.com
- Harold Talisman: harold@eslinvest.com

**Counsel**
- Christopher E. Austin, Esq.: caustin@cgsh.com
- Benet J. O'Reilly, Esq.: boreilly@cgsh.com
- Sean A. O'Neal, Esq.: soneal@cgsh.com

**CONSULTATION PARTIES**

**Bank of America**
- Paul Leake, Esq.: Paul.Leake@skadden.com
- Shana Elberg, Esq.: Shana.Elberg@skadden.com
- George Howard, Esq.: George.Howard@skadden.com

**Wells Fargo Bank**
- Kevin J. Simard, Esq.: ksimard@choate.com
- Jonathan D. Marshall, Esq.: jmarshall@choate.com

**COMMITTEE**
- Ira S. Dizengoff, Esq.: idizengoff@akingump.com
- Philip C. Dublin, Esq.: pdublin@akingump.com
- Abid Qureshi, Esq.: aqureshi@akingump.com
- Sara L. Brauner, Esq.: sbrauner@akingump.com

**[CONTINUED FROM PREVIOUS PAGE]**

| | |
|---|---|
| Transform Holdco, LLC<br>c/o ESL Partners, Inc.<br>Attention: Kunal S. Kamlani and Harold Talisman<br>1170 Kane Concourse, Suite 200<br>Bay Harbor Islands, FL 33154 | Via First Class Mail |
| Sears Holdings Corporation<br>Attn: General Counsel<br>3333 Beverly Road Hoffman Estates, IL 60179 | Via First Class Mail |
| Weil, Gotshal & Manges LLP<br>Attention: Ray C. Schrock, P.C.<br>Ellen J. Odoner, Gavin Westerman, and Sunny Singh<br>767 Fifth Avenue<br>New York, New York 10153 | Via First Class Mail |
| Cleary Gottlieb Steen & Hamilton LLP<br>Attention: Christopher E. Austin,<br>Benet J. O'Reilly and Sean A. O'Neal<br>One Liberty Plaza<br>New York, New York 10006 | Via First Class Mail |