UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :

In re                                     :          Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,   :          Case No. 18-23538 (RDD)

Debtors.[1]                           :          (Jointly Administered)

------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FURTHER EXTENDING THE EXCLUSIVE PERIODS

Upon the motion, dated April 12, 2019 (ECF No. 3183) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) extending the Debtors' exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**"), and (ii) granting related relief, all as more

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the Motion; and upon all of the proceedings had before the Court; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period in which to file a chapter 11 plan is extended through and including June 12, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period in which to solicit acceptances of their chapter 11 plan is extended through and including August 13, 2019.

4. The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: May 10, 2019
      White Plains, New York

    /s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97027353\2\73217.0004