Melissa S. Hayward
  Texas Bar No. 24044908, (*pro hac vice* admission pending)
  MHayward@HaywardFirm.com
**HAYWARD & ASSOCIATES PLLC**
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
972-755-7100 (Tel.)
972-755-7110 (Fax)

*Counsel for Elm Creek Real Estate LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** <br><br> **SEARS HOLDINGS CORPORATION,** *et al.***,** <br><br> **Debtors.** | **Chapter 11** <br><br> **Case No. 18-23538 (RDD)** <br><br> **(Jointly Administered)** |

**ELM CREEK REAL ESTATE, LLC'S OBJECTION TO**
**DEBTORS' NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY IN**
**CONNECTION THEREWITH [DKT. 3449]**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Elm Creek Real Estate, LLC ("Elm") and files its *Objection to Debtor's Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith [Dkt. 3449]* (the "Objections"), in support of which it would respectfully show as follows:

1. On April 30, 2019, Elm received notice of Sears Holdings Corporation, et al.'s (the "Debtors" or "Sears") *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* [Dkt. 3449] (the "Notice of Rejection").

2. The overarching transaction between Debtors and Elm began under the April 6, 2018 Real Estate Sale Contract (the "PSA") between SRC Real Estate (TX), LLC, as seller (the

"Seller") and Elm as purchaser pursuant to which Seller agreed to sell and Elm agreed to purchase certain real property located at 1501 Kings Road, 3 Kings Road, and 1602 Kings Road in addition to numbers other obligations. The PSA also included lease agreements, property transfer documents, and a parking lot license agreement, all of which were contemplated as part of the overall transaction.

3. Contemporaneously with Elm's purchase of the parking lot located at 1602 Kings Road ("Parking Lot") and two commercial industrial warehouses located at 1501 Kings Road and 3 Kings Road (collectively, the "Buildings", and collectively with the Parking Lot, the "Properties") from Sears, Elm immediately leased all of the Properties back to Sears, Roebuck and Co. ("Sears") and also entered into a license agreement for the parking lot (the "License Agreement") as part of one single integrated transaction.

4. Sears now attempts to assume the lease for the Parking Lot while rejecting the other intertwined lease agreements for the Buildings under the PSA.[1] Specifically, Sears attempts to reject the real property leases for 1501 Kings Road and 3 Kings Road. A true and correct copy of the real property leases (the "Leases") and the License Agreement are included as supporting evidence in Elm's timely filed proof of claim.

5. Elm hereby objects to Sears's attempt to reject a portion of the overarching transaction by splitting the assumption and rejection of the Lease for the Parking Lot and the Leases for the Buildings as if they were unrelated, wholly separate transactions. The Leases are not separate transactions—they are from a single intertwined transaction under the PSA and as such, individual sections of the PSA may not be assumed and rejected as if they are unrelated contracts.

---

[1] Sears also attempts to assume the lease for 2850 Marquis Road. This is not a property owned by Elm.

6.     Multiple agreements may constitute a single transaction for purposes of application of certain provisions of the Code.[2]  "When interpreting contracts, it is accepted that separate agreements executed contemporaneously and that are part of a single transaction are to be read together."[3] "[W]hen interpreting a contract or multiple contracts in a transaction, we strive to give effect to all of the terms of the relevant documents, reading them together."[4] "[I]t is both good sense and good law that these closely integrated and nearly contemporaneous documents be construed together."[5] "Under general principles of contract law, separate agreements executed contemporaneously by the same parties, for the same purposes, and as part of the same transaction, are to be construed together."[6]

7.     Here, the parties to the Parking Lot Lease and the Buildings Lease are the same, the Properties and the Parking Lot are contiguous and adjacent, and the PSA, Leases, and License Agreement were all entered into contemporaneously.  From a purely practical perspective, the Properties are not useful without the Parking Lot Lease to accommodate use of the Properties. Moreover, Elm purchased the Properties for the purpose of eventually developing all of the Properties into a plan that employs their highest and best use. Elm was willing to defer the development plan knowing that all three properties were being leased, as this helped to

---

[2] *See In re Karfakis,* 162 B.R. 719, 725 (Bankr.E.D.Pa.1993)("The court is persuaded ... that the parties intended the two separate contracts ... to constitute a single, contractual agreement."); *In re Plum Run Serv. Corp.,* 159 B.R. 496, 499 (Bankr.S.D.Ohio 1993) ("[I]t is the determination of this Court that the parties intended to consider the BOS Contract as a single, interdependent contract, not as eleven divisible contracts."); *In re Ritchey,* 84 B.R. 474, 478 (Bankr.N.D.Ohio 1988) ("[I]t appears to this Court that the parties intended the sale of the business to be a single transaction. The entire business was offered as a whole, and not as separate individual transactions for land, inventory, equipment, and good will.").

[3] *Production Resource Group, L.L.C. v. Martin Professional, A/S,* 907 F.Supp.2d 401, 413 (S.D.N.Y.2012) citing *This Is Me, Inc. v. Taylor,* 157 F.3d 139, 143 (2d Cir.1998) (applying New York law).

[4] *Kelso Enters. Ltd. v. A.P. Moller–Maersk A/S,* 375 Fed.Appx. 48, 49 (2d Cir.2010) (summary order).

[5] *Gordon v. Vincent Youmans, Inc.,* 358 F.2d 261, 263 (2d Cir.1965).

[6] *In re Genco Shipping & Trading Ltd.,* No. 14-11108 (SHL), 2015 WL 2444152, at *4 (Bankr. S.D.N.Y. May 21, 2015) citing to *Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir.1990).

reduce Elm's cost basis and make it economically viable. Sears's attempt to reject the Buildings Lease while assuming the Parking Lot Lease changes the economics to which Elm and Sears originally agreed and will prevent Elm from being able to move forward with its greater planned development opportunity.

8. As such, the Leases are all part of a single transaction and are not distinct agreements that can be assumed or rejected on their own. Just as indicated in similar situational case law, the "agreements at issue were executed at substantially the same time, related to the same subject-matter, [and] were contemporaneous writings and [therefore] must be read together as one."[7]

9. Assumption of the Leases under the entire overarching transaction of the PSA is imperative, and Sears cannot reject the Buildings Leases while assuming and assigning the Parking Lot Lease. If Sears wishes to assume one of the Leases, it must assume them all and pay all required cure costs and amounts owed, including the outstanding ad valorem taxes as asserted in Elm's *Objection to Debtor's Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* [Dkt. 2827].

WHEREFORE, CONSIDERING THE FOREGOING, Elm respectfully requests that the Court require Sears to assume and assign both the Parking Lot Lease and the Buildings Lease, provide for appropriate cure and payment of outstanding ad valorem taxes under the Leases, and provide Elm any such other relief to which it is entitled.

Dated May 10, 2019                     Respectfully submitted,

                                       /s/ *Melissa S. Hayward*
                                       Melissa S. Hayward

---

[7] *Nau v. Vulcan Rail & Constr. Co.,* 286 N.Y. 188, 197 (N.Y.1941).

18-23538-shl    Doc 3806    Filed 05/10/19    Entered 05/10/19 22:37:38    Main Document
Pg 5 of 5

Texas Bar No. 24044908
MHayward@HaywardFirm.com
**HAYWARD & ASSOCIATES PLLC**
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
972-755-7100 (Tel.)
972-755-7110 (Fax)

*Counsel for Elm Creek Real Estate, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties entitled to CM/ECF notice on May 10, 2019. A copy of the foregoing was also emailed to the following counsel to the Debtors:

**sunny.singh@weil.com**
**Olga.Peshko@weil.com**
**Philip.DiDonato@weil.com**
**Angeline.Hwang@weil.com**
**Candace.Arthur@weil.com**

/s/ *Melissa S. Hayward*
Melissa S. Hayward

ELM CREEK REAL ESTATE, LLC'S OBJECTION TO DEBTOR'S NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH [DKT. 3449]
PAGE **5** OF **5**