**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                                          :
                                                                                   :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,         :
                                                                                   :        Case No. 18-23538 (RDD)
                                                                                   :
              Debtors.[1]                                                 :        (Jointly Administered)
---------------------------------------------------------------- x

**STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER,
AND BROOKS SHOPPING CENTER PARTNERS, LLC EXTENDING
TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR
REJECTION OF LEASE OF NONRESIDENTIAL
REAL PROPERTY OF BROOKS SHOPPING CENTER PARTNERS, LLC**

This Stipulation and Order (the "Stipulation and Order") is made as of May 12, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as Buyer (the "Buyer") and Brooks Shopping Center Partners, LLC (the "Landlord" and together with the Debtors and the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**Recitals**

A.    Brooks Shopping Center Partners, LLC and one of the Debtors are parties to that certain lease dated as of March 17, 1995 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") at the Cross County Shopping Center located in Farmingvale, New York (Store # 1733).

B.    On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.    On January 18, 2019, the Debtors filed and served on the applicable counterparties the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 1731) (the "Initial Notice"), which notice included the Lease.

D.    On January 26, 2019, the Landlord filed its *Cure and Adequate Assurance Objection By Brooks Shopping Center Partners, LLC to Debtors' Proposed Assumption and Assignment of A Certain Unexpired Lease of Non-Residential Real Property* (ECF No. 1990) (the "Landlord Cure and Adequate Assurance Objection") objecting to the Assumption and Assignment Notices with respect to the Cure Amount and Adequate Assurance for the Lease.

E.    On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to Buyer.

F.    In accordance with the terms of the Sale Order, Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019. The Debtors and Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019 for Additional Contracts.

G.    On April 2, 2019, the Court entered its the Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief (the "Assumption and Assignment Order") (ECF No. 3008).

H.    The deadline for the Debtors to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code, including the Lease, is currently May 13, 2019 (the "Section 365(d)(4) Period").

I.    The Buyer desires additional time to determine whether to designate the Lease for assumption and assignment.

J.    The Parties have agreed to an extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

WHEREAS, Brooks Shopping Center Partners, LLC hereby consents to a further extension of the Section 365(d)(4) Period to and including August 12, 2019; and

WHEREAS, the Parties desire to memorialize their agreement in this Stipulation and Order.

1.  This Stipulation shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

2.  Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including August 12, 2019. For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

3.  This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Brooks Shopping Center Partners, LLC shall be required.

4.  In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order.

5.  In exchange for the Landlord providing its consent to an extension of the Bankruptcy Code section 365(d)(4) deadline, each of the Buyer and Debtors, as applicable, have consented to the following conditions (the "Assumption Conditions") and the Debtors shall not be permitted to assume and assign the Lease to the Buyer or any third party unless the following Assumption Conditions are met or ordered to be met promptly

pursuant to the agreed form of order approving the assumption and assignment of the Lease or the Landlord waives, in a signed writing, any applicable Assumption Condition:

(a) The Buyer (or Debtors, only if the Lease is assigned to an entity other than the Buyer) shall have paid the Landlord the sum of $66,594.00 for all amounts owing for post-petition rent obligations from the Petition Date through the date of execution of this Stipulation;

(b) The Buyer shall have paid any other valid rent obligation in accordance with the terms of the Lease for the period between the date of the execution of this Stipulation and the date of the assumption of the Lease that would qualify as an administrative expense pursuant to Bankruptcy Code section 365(d)(3);

(c) The Buyer or any third-party assignee shall agree to pay any year-end adjustments or reconciliation in accordance with the terms of the Lease; and

(d) The Buyer or any third-party assignee shall commence immediately (or as soon as is reasonably practical if immediate commencement is not possible) and promptly complete all repairs and deferred maintenance items, including all such matters identified in the Landlord Cure and Adequate Assurance Objection and the November 29, 2018 letter annexed thereto (i.e. replacement of the roof, painting, repair or replacement of sidewalks, stairs and curbing, and the repaving of those parking areas located on top of portions of the Premises), and all in accordance with and to the standards required under the terms of the Lease.

5

6. Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect (a) up to the effective date of the rejection of the Lease or (b) up to and thereafter following the assumption of the Lease pursuant to section 365 of the Bankruptcy Code.

7. This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond August 12, 2019.

8. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

9. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

10. Pending entry of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

11. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

| | |
|---|---|
| Dated: May 12, 2019 | Dated: May 12, 2019 |
| **WEIL, GOTSHAL & MANGES LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| By: /s/ Jacqueline Marcus | By: /s/ Luke A. Barefoot |
| 767 Fifth Avenue<br>New York, New York 10153<br>Telephone (212) 310-8000<br>Facsimile: (212) 310-8007<br>Jacqueline Marcus, Esq | One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br>Luke A. Barefoot, Esq. |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel for the Buyer* |
| | **LECLAIRRYAN** |
| | By: /s/ Niclas A. Ferland |
| | 545 Long Wharf Drive<br>New Haven, CT 06511<br>Telephone: (203) 672-3211<br>Facsimile: (203) 672-3232<br>Niclas A. Ferland, Esq. |

**IT IS SO ORDERED.**

Dated: White Plains, New York
     May 13, 2019

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE