**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-----------------------------------------------------------------x

## ORDER (I) AUTHORIZING ASSUMPTION AND
## ASSIGNMENT OF CERTAIN LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed

by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]   Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith; and the Court having entered this Court's prior order, dated November 19, 2018 (Docket No. 816) including the schedule as revised by the *Global Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (Docket No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding procedures for the Acquired Assets and granting certain related relief; and Transform Holdco LLC (the "Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing on the Sale Motion, which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") on February 8, 2019 (Docket No. 2507); the Court having entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") on April 2, 2019 (Docket No. 3008), pursuant to which the Debtors may assume and assign certain executory contracts or unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be amended, restated, amended and restated from time to time, including pursuant to that certain

Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the

Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer and the Debtors, having

filed certain notices of assumption and assignment (collectively, the "Designated Lease Notices"),[3]

pursuant to which the Debtors seek to assume and assign certain Designated Leases in accordance

with the Assumption and Assignment Order; and numerous counterparties to the agreements listed

in the Designated Lease Notices having filed responses and objections; and the Buyer having filed

*Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated*

*Leases* on May 6, 2019 (the "Buyer's Reply"); and the Court having reviewed the Riecker

Declaration filed in support of the Buyer's Reply and adequate assurance information set forth

therein; and the Court having conducted an evidentiary hearing on the assumption and assignment

of certain unexpired leases (the "Assumption and Assignment Hearing"), which commenced on

May 8, 2019, at which time all interested parties were offered an opportunity to be heard with

respect to the Assumption and Assignment Notices and their objections and responses thereto; and

due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, and the Assumption

and Assignment Order, the Designated Lease Notices, the Assumption and Assignment Hearing

and this proposed order (the "Revised Assumption and Assignment Order") having been provided;

and, except as otherwise provided for herein, all objections with respect to the leases listed on

---

[3] *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3017);  *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases*  (Docket No. 3034); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3057); *Notice of Assumption and Assignment of additional Designatable Leases* (Docket No. 3068) (as amended by *Notice of Corrected Exhibit to Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3088)); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3211); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3214); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3290); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3297); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3299); *Amended Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3331); *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3369).

**Exhibit A** (the "Designated Leases") hereto having been withdrawn, resolved, adjourned or overruled as provided in this Revised Assumption and Assignment Order or in related stipulations filed with the Court;[4] and it appearing that the relief granted herein is in the best interests of the

---

[4] *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Capri Urban Baldwin, LLC Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3650);  *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and SVAP II Stones River, LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule* (Docket No. 3648);  *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Prep Hannover Real Estate LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule* (Docket No. 3647); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Certain Landlords Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3630); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Crossroads Joint Venture, LLC Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3629); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Certain Landlords Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3627); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Fourth Street South, LLC  Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3626); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Vegas Group, LLC and East River Group LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule* (Docket No. 3625);  *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and GCCFC 2007-GG9 S. Boulevard Properties, LLC, WNY Opportunity Zone Fund, LLC and COMM 2006 C8 Shaw Avenue Clovis LLC Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3624); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Loki Investments LLC  (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule* (Docket No. 3621); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Starboard Platform Brighton JV LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule* (Docket No. 3620); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Midwood Management Corporation (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule* (Docket No. 3617); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Brookfield Property REIT Inc. Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3728); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Dedeaux Inland Empire Properties and Dart Warehouse Corp. Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3727) *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer WRI Golden State LLC Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3712); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and WRI/Raleigh, L.P. Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3711); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Graziadio Investment Company Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3707); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and El Centro Mall Ltd. Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3705); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Vornado Realty L.P.  Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3704); *Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Interprop Bedford LLC Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (Docket No. 3700); *Notice of Presentment and*

Debtors, their estates and creditors and all parties in interest in these chapter 11 cases and warranted under the facts and applicable law; and upon the record of the Assumption and Assignment Hearing and these chapter 11 cases; and after due deliberation and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.      **Fed. R. Bankr. P. 7052**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Assumption and Assignment Hearing.  This Revised Assumption

---

*Stipulation and Order by and Among Sellers, Buyer and West Orange Plaza (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule (Docket No. 3691); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and MOAC Mall Holding LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule (Docket No. 3686); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and QKC Maui Owner, LLC Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property (Docket No. 3731); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Gray Enterprises, LP Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property (Docket No. 3730); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Auburndale Properties, Inc. (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule (Docket No. 3737); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Levcom Wall Plaza Associates (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule (Docket No. 3738); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Bruce Trusts (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property and (II) Setting Briefing Schedule (Docket No. 3740); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Loyal Holdings DE, LLC. Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property (Docket No. 3746); Notice of Presentment and Stipulation and Order by and Among Sellers, Buyer and Pennsee, LLC  Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property  (Docket No. 3752).*

and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.    **Jurisdiction and Venue**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Designated Leases listed on **Exhibit A** consistent with the Sale Order and the Adequate Assurance Order.  Buyer shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d), for cause, and this Order shall be effective immediately upon its entry.

D.    **Vested Title**.  The Designated Leases listed on **Exhibit A** constitute property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.    **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the Designated Leases has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and Assumption and Assignment Order, Designated Lease Notices with respect to the Designated Leases listed on **Exhibit A** were properly served and the counterparties thereto were afforded timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the

Sale Order and no further notice need be given with respect to the assumption and assignment of the Designated Leases on **Exhibit A**.

F.    **Cure Notice**.  As evidenced by the certificates of service filed with the Court, the Debtors have served, prior to the Assumption and Assignment Hearing, the Assumption and Assignment Notices (as defined in the Bidding Procedures Order) on each counterparty to a Designated Leases, dated January 18, 2019, January 23, 2019, January 31, 2019, March 5, 2019, March 29, 2019, April 9, 2019, April 11, 2019 and April 23, 2019 which provided notice of the Debtors' intent to assume and assign such Designated Leases  and notice of the related proposed Cure Costs upon each non-debtor counterparty to such Potential Transferred Agreements.  The service of the Assumption and Assignment Notices was timely, good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Designated Leases.  *See Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"); *see also Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1774) (the "First Supplemental Cure Notice"); *see also Affidavits of Service* (Docket Nos. 1969, 2132, 2162, 3649); *see also Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction; see also Affidavit of Service* (Docket No. 2314) (the "Second Supplemental Cure Notice"); *see also Affidavit of Service* (Docket No. 2417); *see also Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 2753) (the "Third Supplemental Cure Notice"); *see also*

*Affidavit of Service* (Docket No. 2787); *see also Fourth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 2995) (the "<u>Fourth Supplemental Cure Notice</u>"); *see also Affidavit of Service* (Docket No. 3030); *see also Supplemental Affidavit of Service* (Docket No. 3160) *see also Fifth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 3097) (the "<u>Fifth Supplemental Cure Notice</u>"); *see also Affidavit of Service* (Docket No. 3159); *Sixth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3152) (the "<u>Sixth Supplemental Cure Notice</u>"); *see also Affidavit of Service* (Docket No. 3245); *see also Seventh Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3330) (the "<u>Seventh Supplemental Cure Notice</u>" and together with the Cure Notice, the First Supplemental Cure Notice, the Second Supplemental Cure Notice, the Third Supplemental Cure Notice, the Fourth Supplemental Cure Notice, the Fifth Supplemental Cure Notice and the Sixth Supplemental Cure Notice, the "<u>Cure Notices</u>"); *see also Affidavit of Service* (Docket No. 3412).    All non-debtor parties to the Designated Leases listed on Exhibit A have had a reasonable opportunity to object both to the Cure Costs listed on the applicable Designated Lease Notice and, to the assumption and assignment of the Designated Leases to the Buyer or an Assignee, if applicable, in accordance with the Bidding Procedures Order and the Assumption and Assignment Order.

G.    **<u>Assignment or Transfer Agreement</u>**.  Each applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "<u>Assignment or</u>

Transfer Agreement") with respect to any applicable Designated Lease listed on Exhibit A was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion. Neither the Debtors, the Buyer nor the Buyer's Assignee (if applicable) have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant to the Assignment or Transfer Agreement and this Revised Assumption and Assignment Order, to be avoided under 363(n) of the Bankruptcy Code.

H.    **Assumption and Assignment of Designated Leases**. The assumption and assignment of the Designated Leases on Exhibit A are integral to the Asset Purchase Agreement, are in the best interests of the Debtors and their estates, and represent the valid and reasonable exercise of the Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**. The assumption and assignment of the Designated Leases listed on Exhibit A hereto must be approved and consummated promptly in order to preserve the value of the Acquired Assets particularly given the May 13, 2019 deadline under section 365(d)(4) of the Bankruptcy Code. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Designated Leases listed on Exhibit A hereto in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is cause to waive the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Revised Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.     **Motion is Granted**.  The Sale Motion and the relief requested therein to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order is granted and approved solely to the extent set forth herein.

2.     **Findings of Fact and Conclusions**.  The Court's findings of fact and conclusions of law in the Sale Order, and the record of the hearing with respect to the Sale Order are incorporated herein by reference, solely with respect to the Designated Leases listed on **Exhibit A**. The Designated Leases listed on **Exhibit A** constitute Acquired Assets.  Accordingly, all findings of fact and conclusions of law in the Sale Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements shall apply to the Designated Leases listed in **Exhibit A** with full force and effect, and as the Buyer or Assignee of such Designated Leases, Buyer and any Assignee are entitled to all of the protections set forth in the Sale Order with respect to Acquired Assets.

3.     **Objections Overruled**.  All objections to the assumption and assignment or designation of the Designated Leases listed on **Exhibit A** hereof that have not been withdrawn, waived, settled, or otherwise resolved as announced to the Court at the Assumption and Assignment Hearing (if any) to consider entry of this Order or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits and with prejudice; *provided* that any timely filed cure objections that have not already been resolved as reflect on Schedule 1 shall be reserved in accordance with paragraph 11 of this Revised Assumption and Assignment Order.

4.     **Notice**. Notice of the proposed assumption and assignment of the Designated Leases was adequate, appropriate, fair and equitable under the circumstances and complied in all

respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.    **Assumption and Assignment**.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Designated Leases pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this Revised Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Designated Leases.

6.    **Transfer of the Designated Leases Free and Clear**.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Designated Leases listed on **Exhibit A** in accordance with the terms of the Asset Purchase Agreement and the Sale Order.  The Designated Leases listed on **Exhibit A** shall be transferred to the Buyer or the Buyer's Assignee, if applicable, in accordance with the terms of the Asset Purchase Agreement, the Sale Order, and the Assumption and Assignment Order and such transfer shall: (i) be valid, legal, binding and effective, (ii) vest the Buyer or the Buyer's Assignee, if applicable, with all right, title and interest of the Debtors in the Designated Leases, and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.    This Revised Assumption and Assignment Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated as to the Designated Leases listed on **Exhibit A**, and that the conveyances and

transfers described herein have been effected, and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of such Designated Leases free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").  All Recording Officers are authorized and specifically directed to strike recorded Claims against the Designated Leases listed on **Exhibit A** recorded prior to the date of this Revised Assumption and Assignment Order.  A certified copy of this Revised Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Designated Leases recorded prior to the date of this Revised Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement; *provided* however that nothing in this paragraph 7 or paragraph 9 shall authorize any Recording Officers to take any action with respect to Restrictive Covenants (as defined below) except with respect to those Designated Leases listed in Schedule 3.

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's or Buyer's Assignee's, if applicable, title to or use and enjoyment of the Designated Leases listed on **Exhibit A** or the premises governed by such Designated Leases based on or related

to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.    If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the Designated Leases listed on **Exhibit A** shall not have delivered to the Debtors as of the time of entry of this Revised Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors or such Designated Leases or otherwise, then with regard to such Designated Leases: (i) the Debtors are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to such Designated Leases, (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Revised Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against such Designated Leases, and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to such Designated Leases; provided that, notwithstanding anything in this Revised Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Revised Assumption and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Revised Assumption and Assignment Order.  This Revised Assumption and Assignment

Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.

10.    Subject to the terms of this Revised Assumption and Assignment Order, this Revised Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Designated Leases on **Exhibit A** acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to such Designated Leases to the Buyer or Buyer's Assignee, if applicable.

11.    **<u>Assumption and Assignment of Designated Leases</u>**.  The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Designated Leases on **Exhibit A** to the Buyer or the Buyer's Assignee, if applicable, free and clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment Order and this Revised Assumption and Assignment Order, to execute and deliver to the Buyer or the Buyer's Assignee, if applicable, such documents or other instruments as may be necessary to assign and transfer such Designated Leases to the Buyer or the Buyer's Assignee, if applicable, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights, title, and interests in such Designated Leases to the Buyer or the Buyer's Assignee, if applicable.  With respect to Designated Leases on **Exhibit A**, all Cure Costs that have not been waived by, or as to which an objection has been timely filed by, or that have not been otherwise addressed in an alternate arrangement with, any non-debtor party to an Designated Lease shall be: (i) with respect to the undisputed amounts set forth on **Exhibit A**, be paid in cash by the Buyer, within five business days of entry of this Revised Assumption and

Assignment Order and (ii) with respect to any disputed amounts asserted in timely filed objections, the Buyer shall establish a cash reserve within five business days of entry of this Revised Assumption and Assignment Order and the Buyer shall pay or release such amounts promptly upon resolution of any such disputed Cure Cost.  The Buyer and Designated Lease counterparties shall work in good faith to reconcile any disputes with respect to Cure Amounts, provided, however, that if either party believes, following good faith discussions, that an impasse has been reached with respect to any Cure Amounts, such party shall give written notice the other, and within five days after such notice, in the absence of an agreement, such party may seek a hearing before the Bankruptcy Court in accordance with the Assumption and Assignment Order.  All parties' rights and defenses with respect to cure costs disputes that were timely raised and filed in accordance with the Bidding Procedures Order, the Sale Order and the Assumption and Assignment Order are fully reserved pending any such hearing and determination by the Bankruptcy Court.  Payment of Cure Costs (a) with respect to the resolved cure objections and undisputed cure amounts on Schedule 1 or (b) with respect to disputed cure amounts as subsequently agreed by the parties or determined by the Court, shall (i) be in full satisfaction and cure of any and all defaults under these Designated Leases, whether monetary or non-monetary, (ii) compensate the non-Debtor counterparty for any actual pecuniary loss resulting from such defaults, and (iii) shall be made solely by the Buyer and the Debtors shall have no liability therefor.

12.    With respect to the Designated Leases on **Exhibit A**, the Buyer, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Designated Leases in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the non-

debtor counterparties to such Designated Leases.  Upon entry of this Revised Assumption and

Assignment Order (or such earlier date as applies with respect to Designated Leases for which no

timely objection was filed pursuant to the Assumption and Assignment Order) with respect to a

Designated Lease on **Exhibit A**, the Buyer or Buyer's Assignee, if applicable, shall be fully and

irrevocably vested with all rights, title and interest of the Debtors under such Designated Lease

and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any

further liability with respect to breach of such Designated Lease occurring after such assumption

and assignment.  As between the Debtors and the Buyer, the Buyer shall be solely responsible for

any liability arising and owed pursuant to the terms of the Designated Leases listed on **Exhibit A**

after the Closing.  Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from

and after the entry of this Revised Assumption and Assignment Order (or such earlier date as

applies with respect to Designated Leases for which no timely objection was filed pursuant to the

Assumption and Assignment Order), with respect to a Designated Lease on **Exhibit A**, in

accordance with this Revised Assumption and Assignment Order, it shall comply with the terms

of each of such Designated Lease in its entirety (provided that with respect to Designated Leases

on schedule 3 such compliance will take account of modifications effectuated pursuant to this

Revised Assumption and Assignment Order), including any indemnification obligations expressly

contained in such Designated Lease (including with respect to events that occurred prior to the

entry of this Revised Assumption and Assignment Order, for which cure costs were not known,

liquidated or due and owing as such date), as to which the Buyer continues to reserve its rights

against the Debtors for indemnification to the extent provided in the Asset Purchase Agreement

and the Debtors reserve their respective rights and defenses with respect to any claims therefor.

The assumption by the Debtors and assignment to the Buyer or Buyer's Assignee, if applicable, of

any Designated Lease on **Exhibit A** shall not be a default under such Designated Lease.  Subject

to the payment of the cure costs set forth on Schedule 1, each non-Buyer party to an Designated

Lease listed on Schedule 1 is forever barred, estopped and permanently enjoined from asserting

against the Debtors or the Buyer, their affiliates, successors or assigns or the property of any of

them, any default existing as of the date of entry of this Revised Assumption and Assignment

Order (or such earlier date as applies with respect to Designated Leases for which no timely

objection was filed pursuant to the Assumption and Assignment Order) or that any additional cure

amounts are owed as a condition to assumption and assignment.

13.    All of the requirements of sections 365(b) and 365(f), including without limitation,

the demonstration of adequate assurance of future performance and payment of Cure Costs

required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the

Debtors, and the assignment by the Debtors to the Buyer or its designated Assignee, with respect

to the Designated Leases on **Exhibit A**.  Pursuant to the Sale Order, if the proposed Assignee for

an Designated Lease is not the Buyer, the Buyer has delivered to the applicable Designated Lease

counterparty (and delivered by email or facsimile to counsel for the applicable Designated Lease

counterparty, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence

of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy

Code with respect to the applicable Designated Lease that is proposed to be assumed and assigned

to such Assignee.

14.    The Buyer and each of its designated Assignees have satisfied their adequate

assurance of future performance requirements with respect to the applicable Designated Leases on

**Exhibit A** and in connection therewith have presented sufficient evidence regarding their business

plan, the experience and expertise of their management, and demonstrated they are sufficiently

capitalized to comply with the necessary obligations under such Designated Leases.  With respect to Designated Leases listed in Schedule 2, which represent all counterparties that timely raised objections on adequate assurance grounds, the Buyer shall, as further adequate assurance, within fifteen days after entry of this Revised Assumption and Assignment Order, execute and deliver guaranty agreements substantially in the form annexed hereto as **Exhibit B** (the "Form of Guaranty").

15.      The assumption of any liabilities under the Designated Leases on **Exhibit A**, shall constitute a legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee identified on Exhibit A and, following payment of all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Revised Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Designated Lease for any breach of such Designated Lease occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.      Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, within five business days after entry of this Revised Assumption and Assignment Order, pay to the applicable Designated Lease counterparty all undisputed Cure Costs set forth in **Exhibit A** and other such undisputed amounts required with respect to such Designated Lease.  Upon assumption and assignment of any Designated Lease, the Debtors and their estates shall be relieved of any liability for breach of such Designated Lease after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and

percentage rent) arising under any of the Designated Leases on **Exhibit A** attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses with respect to any claims therefor.  For the avoidance of doubt, the Buyer will perform under and in accordance with the terms of each applicable Designated Lease from and after entry of this Revised Assumption and Assignment Order (provided that with respect to Designated Leases on schedule 3, such compliance will take account of modifications effectuated pursuant to this Revised Assumption and Assignment Order).

17.    Solely in connection with the Designated Leases and the proposed transfer set forth in **Exhibit A** upon the applicable Assumption Effective Date, any provision in any such Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and all such Designated Leases shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with such Designated Leases and the proposed transfer set forth in Exhibit A, no sections or provisions of any such Designated Leases, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Designated Lease (including, but not limited to, the conditioning of such assignment on the consent of any non-debtor party to such Designated Lease), (ii) provide for the cancellation, or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances, (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Designated Lease upon

assignment thereof, or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Revised Assumption and Assignment Order, and the Asset Purchase Agreement and assignments of Designated Leases by the Debtors in accordance therewith and herewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code.  Upon assumption and assignment of any Designated Lease pursuant hereto, the Buyer or Buyer's applicable Assignee shall enjoy all of the rights and benefits, under each such Designated Lease as of the applicable Assumption Effective Date and shall assume all obligations as of the Closing Date.

18.    Solely in connection with the Designated Leases on **Exhibit A** and notwithstanding anything to the contrary in paragraph 12 or 16 hereof, upon the applicable Assumption Effective Date, except as otherwise expressly agreed by the Buyer and the applicable Designated Lease Counterparty, notwithstanding any provision in any Designated Lease that purports to prohibit, restrict or condition such action, (x) the Buyer or the applicable Assignee shall be authorized to: (i) use the applicable Lease Premises, subject to section 365(b)(3) of the Bankruptcy Code, as a retail store or distribution center (and related goods and services); (ii) operate such Lease Premises under the Buyer's trade name or any other trade name which the Buyer owns or is authorized to use (including any of the Debtors' trade names); (iii) subject to the provisions of the applicable Designated Lease, make such alterations and modifications to the applicable Lease Premises

(including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including panels on all pylons, monuments, directional and other ground and off-premises signs where Sellers are currently represented) deemed necessary by the Buyer or such Assignee (subject to all applicable laws including all applicable municipal codes) as are necessary or desirable for the Buyer or such Assignee to conform such Lease Premises to the prototypical retail store or distribution center, as applicable (or such Assignee's typical retail store or distribution center, as applicable); (iv) solely with respect to Lease Premises that are currently "dark," remain "dark" (including partially or fully un-occupied) with respect to such Lease Premises after such assumption and assignment until the date that is necessary to permit the Buyer or such Assignee to take occupancy, remodel, restock, re-fixture, change signage and/or until completion of the work described in clause (iii) above (so long as such date is not more than one hundred fifty (150) days after the entry of this Revised Assumption and Assignment Order) or such later date as may be reasonably required for the restoration of the such Lease Premises following any applicable Casualty / Condemnation Event; and (v) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under such Designated Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Designated Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name)  and (y) neither the Buyer nor the applicable Assignee shall have any responsibility or liability for any Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

19.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or in the Asset Purchase Agreement, the Designated Leases on **Exhibit A** shall

be transferred to, and remain in full force and effect for the benefit of, the Buyer or, for applicable Designated Leases, the Assignee in accordance with their respective terms, including all obligations of the Buyer or, for applicable Designated Leases, the Assignee as the assignee of the Designated Leases, notwithstanding any provision in any such Designated Leases (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  There shall be no, and all non-Debtor parties to any such Designated Leases are forever barred and permanently enjoined from raising or asserting against the Debtors, the Buyer, or, for applicable Designated Leases, the Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Buyer, for applicable Designated Leases, the Assignee, or the Debtors as a result of the assumption or assignment of the Designated Leases pursuant to this Revised Assumption and Assignment Order.

20.    Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Designated Leases on **Exhibit A** to the Buyer or Buyer's Assignee, if applicable, under the provisions of this Revised Assumption and Assignment Order and full payment of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under any such Designated Leases, and no counterparty to any such Designated Leases shall be permitted to declare a default by any Debtor, the Buyer or, for applicable Designated Leases, the Assignee, or otherwise take action against the Buyer or any applicable Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of the Debtors' obligations under the relevant Designated Lease.  Any provision in such a Designated Lease that prohibits or conditions the assignment of such Designated Lease or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew,

or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Revised Assumption and Assignment Order.  The failure of the Debtors, the Buyer or, for applicable Designated Leases, the Assignee, to enforce at any time one or more terms or conditions of any Designated Lease shall not be a waiver of such terms or conditions, or of the Debtors', the Buyer's or, for applicable Designated Leases, the Assignee's, rights to enforce every term and condition of the Designated Lease.

21.    To the extent that any of the Designated Leases is designated to an Assignee, the transaction and the Assignment or Transfer Agreement is undertaken by Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal.  By virtue of the transaction contemplated by the Assignment or Transfer Agreement, Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

22.    **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Revised Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Designated Leases in connection with

the Court approved Sale Transaction.  Any party objecting to this Revised Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Revised Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

23.    **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms of this Revised Assumption and Assignment Order, Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, or any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, this Revised Assumption and Assignment Order and the Assumption and Assignment Order and any documents executed in connection therewith shall govern, in that order.  Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Sale Order or the terms of this Revised Assumption and Assignment Order.

24.    **Lease Deposits and Security**.  The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to any Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors.

24

25.    **Restrictive Covenants**. As set forth in the Designation Notices and pursuant to the Assumption and Assignment Order, Buyer intends to designate the Designated Leases listed on Schedule 3 for assumption and assignment free and clear of any interests, covenants, or rights applicable to such real estate leases to the extent the same limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "Restrictive Covenants") that are executory and do not run with the land.  For the avoidance of doubt, this paragraph 25 shall not apply to any Designated Leases not included on Schedule 3 and nothing herein, in the Asset Purchase Agreement, Sale Order, Assumption and Assignment Order, any Designated Lease Notices, or any related document shall authorize the sale or assumption and assignment of any Designated Lease not included on Schedule 3 free and clear of (and shall not extinguish or otherwise diminish) any Restrictive Covenant applicable thereto.

26.    **Automatic Stay**.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Revised Assumption and Assignment Order.

27.    **Retention of Jurisdiction**.  This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Revised Assumption and Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Revised Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

28.    **Settlement Agreements**. Notwithstanding anything to the contrary in this Revised Assumption and Assignment Order, the Asset Purchase Agreement, Sale Order, Assumption and Assignment Order or any Designated Lease Notices, in the event that the Buyer (and/or its direct or indirect affiliates or subsidiaries) (the "Buyer Parties") entered into a settlement or other applicable agreement that by its terms governs the terms of assumption and assignment in connection with the above-captioned proceedings of any Designated Lease on **Exhibit A** (a "Landlord Agreement") with a counterparty to any such Designated Lease (including any landlord or other applicable party) (a "Counterparty"), the relationship of the applicable Buyer Parties and applicable Counterparty shall be governed and determined by the terms and conditions of the applicable Landlord Agreement, which shall supersede and control any inconsistent terms or provisions of this Order or any other prior Order relating to the assumption and/or assignment of any Designated Lease on **Exhibit A**; provided, however, that nothing in the applicable Landlord Agreement may alter the provisions of this Order relating to the Debtors' or the Sellers' obligations.

29.    **Insurance Obligations**.  To the extent required by the express terms of any Designated Lease listed on Exhibit A, within thirty days hereof, the Buyer shall provide the counterparty to such Designated Lease with any evidence or certificates of insurance that may be required.

Dated:  May 13, 2019
          White Plains, New York

                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit A:**
**All Designated Leases Noticed for Assumption and Assignment**

**Exhibit B**
**Form of Guaranty**

**Schedule 1:**
**Undisputed or Resolved Cure Amounts**

**Schedule 2**
**Guaranty Parties**

**Schedule 3**
**Designated Leases Subject to the Restrictive Covenant Language of Paragraph 26**