Lauren Macksoud
Arthur H. Ruegger
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax: (212) 768-6800
*Attorney for Landlord/Creditor*
*Starboard Platform Brighton JV LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDING CORPORATION,** *et al.*, | Case No. 18-23538 (RDD) |
| **Debtors** | (Joint Administration Requested) |

**SUPPLEMENTAL <u>OBJECTIONS</u> TO CURE AMOUNT, ADEQUATE ASSURANCE
INFORMATION, AND RESTRICTIVE COVENANT CONDITIONS OF LANDLORD
STARBOARD PLATFORM BRIGHTON JV LLC IN RESPONSE TO NOTICE OF
ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Landlord/Creditor Starboard Platform Brighton JV LLC ("<u>Landlord</u>"), by its undersigned counsel, hereby submits its supplemental objections to the cure amount (the "<u>Supplemental Cure Objection</u>") and adequate assurance information (the "<u>Adequate Assurance Objection</u>"), as well as objection to sale free and clear of restrictive covenants (the "<u>Restrictive Covenant Objection</u>" and collectively with the Supplemental Cure Objection and Adequate Assurance Objection, the "<u>Objections</u>") in response to the *Notice of Assumption and Assignment of Additional Designatable Leases* [ECF No. 3298] (the "<u>Assumption Notice</u>") filed by Transform Holdco LLC (the "<u>Buyer</u>"). In support of the Objections, Landlord respectfully states:

1.    On October 15, 2018, the above-captioned debtors and debtors-in-possession ("<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("<u>Bankruptcy Code</u>").

2.    Landlord, as the successor-in-interest to Brighton Lease Management, L.L.C., is the landlord relating to an unexpired lease dated March 25, 1997 (the "<u>Brighton Lease</u>") of

nonresidential real property located in Brighton, Colorado, commonly known as Kmart Unit #8290 (the "Brighton Property").

3.      On January 23, 2019, Debtors filed a *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1774] (the "Supplemental Cure Notice"). The Supplemental Cure Notice listed the Brighton Lease as a lease that Debtors proposed to assume and assign and listed a proposed cure amount of $0.00.

4.      Pursuant to the Supplemental Cure Notice, the Debtors indicated that they propose to assume and assign certain of their executory contracts and unexpired leases to Transform Holdco, LLC ("Buyer"), including potentially the Brighton Lease, pursuant to the *Order Approving Global Procedures and Granting Related Relief* filed November 19, 2018 [ECF No. 816] (the "Global Bidding Procedures").

5.      On January 31, 2019, Landlord timely filed its *Objections to Cure Amount and Adequate Assurance Information of Landlord Starboard Platform Brighton JV LLC in Response to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with  Global Sale Transaction* [ECF No. 2213] (the "Initial Cure and Adequate Protection Objections").

6.      In addition, on April 10, 2019, Landlord timely filed a Proof of Claim.

7.      On April 19, 2019, the Buyer filed the Assumption Notice.  The Assumption Notice listed the Brighton Lease as a lease that Debtors proposed to assume and assign and listed a proposed cure amount of $0.00 ("Proposed Cure Amount").

## CURE OBJECTION AND BASIS THEREFOR

8.      Section 365 of the Bankruptcy Code obligates the Debtors to promptly cure all existing defaults before assuming any unexpired lease of non-residential real property. See 11 U.S.C. § 365(b)(1)(A) and (B); *Agri Star Meat & Poultry, LLC v. Nevel Props. Corp. (In re Nevel Props. Corp.)*, 765 F.3d 846, 849 (8th Cir. 2014) (stating that a lease cannot be assumed unless a cure has been effected); *In re Alipat, Inc.*, 36 B.R. 274, 276 (Bankr. E.D. Mo. 1984) ("[I]f there has been a default in an executory contract or unexpired lease, the trustee may not assume such

2

contract or lease unless he or she cures the default, compensates the other party, and provides adequate assurance of future performance...").

9.      Landlord objects to the Proposed Cure Amount as set forth in the Assumption Notice because the correct cure amount due and owing under the Brighton Lease is $11,807,351.96 (the "Correct Cure Amount"),[1] including base rent: $140,849.80 (from May 1 to May 13, 2019); 2018 property taxes: $386,325.09 (second half due June 15, 2019); 2019 property taxes (estimate): $329,093.38 ($903,151.00 estimated 2019 total, prorated to May 13, 2019); unpaid utilities invoices, if any; notice of intent to file mechanic's lien: $79,322.69 (through December 28, 2018, plus interest at 18%, relating to mechanic's lien recorded by Sunstate Equipment Co., LLC); roof replacement: $10,871,761.00 (confidential third-party bid dated December 19, 2018); attorneys' fees: $33,000.00 (through April 30, 2019).

10.      Pursuant to Section 12.1 of the Brighton Lease, Kmart is obligated to pay all taxes, assessments and other impositions relating to the Brighton Property.  Landlord objects that the Proposed Cure Amount does not identify Debtors' obligations in this regard, and such amount is more appropriately identified in the Correct Cure Amount, plus amounts relating to after February 4, 2019.

11.      Pursuant to Section 11 of the Brighton Lease, Kmart is obligated to pay for all utility charges, including unpaid water invoices, relating to the Brighton Property.  Landlord objects that the Proposed Cure Amount does not identify Debtors' obligations in this regard for water and other utility accruals through the date of an assumption or assumption and assignment.

12.      Pursuant to Section 9.1 of the Brighton Lease, Kmart must promptly pay all costs and expenses and discharge all liens arising from alterations, replacement or additions made by Kmart at the Brighton Property, and pursuant to Section 14 of the Brighton Lease, Kmart is obligated to discharge any lien relating to the Brighton Property.  Landlord objects that the Proposed Cure Amount does not identify Debtors' obligations in this regard, and such amount is more appropriately identified in the Correct Cure Amount, as reflected in a mechanics' lien

---

[1] Landlord reserves the right to add such additional cure amounts that accrue under the Brighton Lease that are not identified herein up through the date of any order approving an assumption or assumption and assignment of the Brighton Lease.  To the extent possible, the subparts of the Correct Cure Amount are identified as accrued through May 13, 2019.

recorded against the Brighton Property, plus such other amounts that may be owed to potential mechanic's lien holders relating the Brighton Property, but currently unknown to Landlord.

13.    Pursuant to Section 8 of the Brighton Lease, Kmart must keep the Brighton Property in good repair and make all necessary and appropriate repairs, which repairs must be at least equivalent in quality to the original work.  Kmart has failed to make all necessary repairs to the roof of the Brighton Property, and the Brighton Property's roof must be replaced in order to be at least equivalent in quality to the original work.  Landlord objects that the Proposed Cure Amount does not identify Debtors' obligations in this regard, and such amount is more appropriately identified in the Correct Cure Amount.

14.    Pursuant to Section 19.1 Brighton Lease, Landlord is also entitled to attorneys' fees and costs.  Landlord objects that the Proposed Cure Amount does not identify Debtors' obligations in this regard, and such amount is more appropriately identified in the Correct Cure Amount, plus accruals after April 30, 2019.

15.    Pursuant to the terms of the Brighton Lease and 11 U.S.C. § 365(b), the Court should award the Landlord's interest and a reasonable amount for attorneys' fees actually incurred as a result of the Debtors' bankruptcy cases, including proceedings that specifically related to or may have impacted the Brighton Lease or the Landlord's rights thereunder (e.g., the motion to approve global procedures for assets sales and assumption and rejection of leases and the implementation of such procedures as the relate (or have the potential to relate to) the Brighton Lease.  *See, e.g., Travelers Cas. & Su. Co. of Am. v. Pacific Gas and El. Co.,* 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); *In re East 44th Realty, LLC*, No. 07 Civ. 8799, 2008 U.S. Dist. LEXIS 7337 (S.D.N.Y. 2008) (affirming bankruptcy court's finding that a $1.7 million settlement of attorneys' fees to a landlord was reasonable); *In re Beltway Medical, Inc.,* 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation"); *In re Entertainment, Inc.,* 223 B.R. 141, 152-

154 (Bankr. E.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease).

16.     Landlord further objects to the Proposed Cure Amount in that it does not take into consideration the passage of time between the filing of the Assignment Notice and the effective date of any assumption and assignment of the Brighton Lease by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Brighton Lease must require that the Debtors (i) comply with all obligations under the Brighton Lease pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and assignment of the Brighton Lease, and (ii) cure any additional defaults that may occur under the Brighton Lease between the date of this Cure Objection and the effective date of any assumption and assignment by the Debtors. *See* 11 U.S.C. § 365(b)(1).

17.     Landlord further objects to the Proposed Cure Amount since it does not include amounts that may become due under the Brighton Lease after the lease is assumed, but which may relate to the pre-assumption period (i.e., real estate taxes, rent, utility usage, etc.). Any order establishing the cure amount in connection with the assumption of the Brighton Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Brighton Lease, notwithstanding the Proposed Cure Amount.

18.     Landlord further objects in that the Brighton Lease provides, in Sections 22 and 27, that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption of the lease (i.e., environmental claims, accident claims, damage caused to the Brighton Property, etc.).  Any order approving the assumption of the Brighton Lease must therefore provide that the assumption is pursuant to the terms of the Brighton Lease, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

## ADEQUATE ASSURANCE OBJECTIONS AND BASIS THEREFORE

19.     The information provided in relating to Buyer is very limited and, therefore, the Landlord objects to the proposed assumption and assignment of the Brighton Lease for lack of adequate assurance of future performance.

20.    Under 11 U.S.C. § 365(b)(1) and 11 U.S.C. § 365(f)(2)(B), the Landlord is entitled to "adequate assurance" of future performance by the Buyer and any Potential Assignee. *In re Ionosphere Clubs, Inc.,* 85 F.3d 992, 999 (2d Cir. 1996) (section 365(b) is designed to ensure that parties receive the benefit bargained for if a lease or contact is assumed); *c.f., In re Embers 86th Street, Inc.,* 184 B.R. 892, 900-01 (Bankr. S.D.N.Y. 1995) (adequate assurance of payment of cure did not exist where plan was to "meet its projections by reducing staff (and thereby affording customers fewer services) while simultaneously offering smaller food portions at increased prices"); *Matter of World Skating Center, Inc.,* 100 B.R. 147, 148-49 (Bankr. D. Conn.1989) ("[a]dequate assurance requires a foundation that is nonspeculative and sufficiently substantive so as to assure the landlord that it will receive the amount of the default"); *In re Future Growth Enterprises, Inc.*, 61 B.R. 469 (Bankr. E.D. Pa. 1986) (lease could not be assumed where operating profit was too narrow to provide adequate assurance that arrearages could be cured).

21.    The Landlord further objects to any attempts by the Debtors, Buyer or any Potential Assignee to modify the Brighton Lease or any of the Landlord's rights thereunder. The Brighton Lease must be assumed and assigned without modification, with all of their benefits and burdens. *See Thompson v. Texas Mexican Railway Co*., 328 U.S. 134 (1946*); In re Jamesway Corp*., 201 B.R.73, 76 (Bankr. S.D.N.Y. 1996); *Rockland Center Assoc. v. TSW Stores of Nanuet, Inc. (In re TSW Stores of Nanuet, Inc*.), 34 B.R. 299, 304 (Bankr. S.D.N.Y. 1985).

## RESTRICTIVE COVENANT OBJECTION

22.    Paragraph 18 of the Assumption Notice provides that Buyer "intends to designate the [Brighton Lease] for assumption free and clear" of Restrictive Covenants, but fails to describe the Restrictive Covenants that the Buyer is seeking to extinguish or diminish.

23.    Landlord objects to the assignment of the Brighton Lease free and clear of the Restrictive Covenants; any transfer of the Brighton Lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.

6

**RESERVATION OF RIGHTS AND JOINDER**

24.     Landlord reserves its right to assert any and all other claims against the Debtors arising out of or related to the Brighton Lease, including without limitation, claims for (a) the costs of any repair that may be necessary after further inspection of the Brighton Property; (b) post-petition rent, property taxes and other charges accruing under the Brighton Lease from and after the filing of the Assumption Notice, that Landlord has yet to discover; (c) pecuniary losses suffered by Landlord as a result of any defaults by Debtors under the Brighton Lease, including, but not limited to, attorneys' fees and costs incurred as a direct result of any further defaults; and (d) non-monetary defaults of which Landlord does not have knowledge at this time.

25.     To the extent not inconsistent herewith, the Landlord hereby joins in the objections raised by other landlords.

**CONCLUSION**

26.     Landlord respectively submits that: (a) the Correct Cure Amount should be allowed (subject to adjustment by the Landlord); (b) any order approving the assumption and assignment of Brighton Lease be subject to and conditioned upon the Buyer providing adequate assurance of future performance; and (c) the Court should grant such other relief that the Court finds just and proper.

DATED: May 13, 2019                              DENTONS US LLP

                                                 /s/     *Lauren Macksoud*
                                                 Lauren Macksoud
                                                 Arthur H. Ruegger
                                                 1221 Avenue of the Americas
                                                 New York, New York 10020
                                                 Tel:  (212) 768-6700
                                                 Fax: (212) 768-6800

                                                 *Attorney for Landlord/Creditor Starboard*
                                                 *Platform Brighton JV LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, pursuant to 28 U.S.C. §1746, that on May 13, 2019, I caused a true and correct copy of the foregoing Cure Objection to be sent to each of the persons named on the attached Service List, by email (unless otherwise stated).


DATED: May 13, 2019

/s/   *Lauren Macksoud*
Lauren Macksoud

## SERVICE LIST

I.    Bid Notice Parties
      a.    Debtors
            Rob Riecker: rob.riecker@searshc.com
            Luke Valentino: luke.valentino@searshc.com
            Mohsin Meghji: mmeghji@miiipartners.com
            General Counsel: counsel@searshc.com

      b.    Debtors' counsel
            Ray Schrock, Esq.: ray.schrock@weil.com
            Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
            Garrett A. Fail, Esq. garrett.fail@weil.com
            Sunny Singh, Esq. sunny.singh@weil.com

      c.    Debtors' investment banker: project.blue.rx@lazard.com

II.   Buyer Parties
      a.    Buyer
            Kunal S. Kamlani: kunal@eslinvest.com
            Harold Talisman: harold@eslinvest.com

      b.    Counsel
            Christopher E. Austin, Esq.:
            caustin@cgsh.com Benet J. O'Reilly, Esq.:
            boreilly@cgsh.com  Sean A. O'Neal, Esq.:
            soneal@cgsh.com

III.  Consultation Parties
      a.    Bank of America
            Paul Leake, Esq.: Paul.Leake@skadden.com
            Shana Elberg, Esq.: Shana.Elberg@skadden.com
            George Howard, Esq.: George.Howard@skadden.com

      b.    Wells Fargo Bank
            Kevin J. Simard, Esq.: ksimard@choate.com
            Jonathan D. Marshall, Esq.: jmarshall@choate.com

      c.    Committee
            Ira S. Dizengoff, Esq. :
            idizengoff@akingump.com Philip C. Dublin,
            Esq.: pdublin@akingump.com Abid Qureshi,
            Esq.: aqureshi@akingump.com Sara L.
            Brauner, Esq.: sbrauner@akingump.com

**[CONTINUED ON NEXT PAGE]**

**[CONTINUED FROM PREVIOUS PAGE]**

Transform Holdco, LLC                                          Via First Class Mail
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation                                    Via First Class Mail
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP                                    Via First Class Mail
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP                          Via First Class Mail
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, New York 10006