Presentment Date and Time: May 22, 2019 at 12:00 p.m.(Eastern Time)
Objection Deadline: May 21, 2019 at 11:30 a.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Announced

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re                                                      :
                                                           :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                  :
                                                           :        **Case No. 18-23538 (RDD)**
                                                           :
                        Debtors.[1]                        :        **(Jointly Administered)**
---------------------------------------------------------- x

# NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND AMONG TRANSFORM HOLDCO LLC AND DISCOVER

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "Buyer") will present the *Stipulation and Order by and among Transform Holdco LLC and Discover* (the "Stipulation") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **May 6, 2019 at 12:00 p.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text- searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief*, entered on April 2, 2019 (ECF No. 3008) (the "**Second Assumption and Assignment Order**") permits the Debtor to assume and assign certain executory contracts and unexpired leases upon notice to the relevant counterparties.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **May 21, 2019 at 11:30 a.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Stipulation, a hearing (the "Hearing") will be held to consider such objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: May 14, 2019
New York, New York

/s/ Luke A. Barefoot
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

# Exhibit A

**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                              :
                                                   :    **Chapter 11**
SEARS HOLDINGS CORPORATION, *et al.*,  :
                                                   :    **Case No. 18-23538 (RDD)**
                                                   :
            Debtors.[1]                            :    **(Jointly Administered)**
------------------------------------------------------------ x

## STIPULATION AND ORDER BY AND AMONG
## TRANSFORM HOLDCO LLC AND DISCOVER

This Stipulation and Order is entered into by and among Transform Holdco LLC ("Buyer"), and DFS Services LLC ("Discover,"[2] and together with the Buyer, the "Parties"), subject to Bankruptcy Court approval:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Discover refers to DFS Services LLC and all of its predecessor entities and names including, but not limited to, Novus Services, Inc., Discover Financial Services, Inc., Discover Card Services, Inc., and Discover Financial Services LLC.

1

## **FINDINGS**

A.     On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Since the Petition Date, the Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

B.     Discover is a party to certain contracts with the Debtors listed on Exhibit 1 hereto (the "Discover Agreements"). The Discover Agreements also include certain documents not set forth in Exhibit 1 such as Pricing Letters, Operating Regulations, other Program Documents and amendments to the Operating Regulations and Program Documents that are part of the Discover Agreements pursuant to the terms of the Discover Agreements[3].

C.     Discover operates the Discover Global Network which supports and services merchants in connection with the acceptance by merchants of Discover Global Network Cards as payment for purchases of goods and services by cardholders. Discover maintains Merchant Services Agreements with Sears, Roebuck & Co. ("Sears") and Kmart Corporation ("Kmart") that govern card acceptance by Sears, Kmart, their subsidiaries and affiliates. Both Sears and Kmart entered into Merchant Services Agreements with Discover, which have been amended from time to time. Card acceptance and related services provided by Discover to Sears and Kmart include card acceptance and related services provided to Sears Home Improvement Products, Inc. ("SHIP").

D.     The Merchant Services Agreement entered into by Discover with Sears, as amended from time to time, together with certain documents incorporated therein by reference

---

[3] Capitalized terms not otherwise defined herein shall be defined as set forth in the Discover Agreements.

2

including Operating Regulations, Dispute Rules and Technical Specifications (collectively, the "Discover/Sears Agreement") provides the terms and conditions governing the acceptance by Sears, its subsidiaries and affiliates, and by SHIP of cards, as defined therein, as payment for purchases of goods and services by cardholders. The Merchant Services Agreement entered into by Discover with Kmart, as amended from time to time, together with documents incorporated therein by reference including Operating Regulations, Dispute Rules and Technical Specifications (collectively, the "Discover/Kmart Agreement") provides the terms and conditions governing the acceptance by Kmart, its subsidiaries and affiliates, of cards, as defined therein, as payment for purchases of goods and services by cardholders.

E.    Discover entered into a Merchant Services Agreement with Sears, Roebuck & Co. (the "Sears MSA") on June 1, 1995. Ten amendments to the Sears MSA were agreed to by Discover and Sears between 1996 - 2017. In addition, a Letter Agreement was entered into amending the Sears MSA on December 7, 2000. The Sears MSA was also amended by supplemental agreement entered on August 15, 2003, a Letter Agreement dated September 8, 2004 and an amendment dated October 15, 2006.

F.    Discover and Kmart Corporation entered into a Merchant Service Agreement on November 15, 1987 (the "Kmart MSA"). The Kmart MSA was amended by three Addenda agreed to between November 1, 1988 and August 1, 1995. The Kmart MSA was also amended by a supplemental agreement entered on August 15, 2003, a Letter Agreement dated September 8, 2004 and an amendment dated October 15, 2006.

G.    When customers who used cards to make purchases of goods or services either return merchandise to a merchant or dispute charges with respect to the merchant, the merchant may be obligated to refund the purchase price of the returned merchandise or refund the disputed

charges to Discover. Such disputes are referred to as chargebacks. Generally, returns and chargebacks are satisfied by netting such refunds owed by the merchant to Discover against pending and future settlement payments owed by Discover to the merchant. Customer returns and disputes may not occur until several months after a purchase and settlement by Discover with a merchant for the underlying card sale. Returns and chargebacks are not offset from pending and future settlement payments until such returns or disputes arise. Discover's right to net such refunds and chargebacks against pending and future settlement payments to the merchant is an important fundamental right of Discover under both the Discover/Sears Agreement and the Discover/Kmart Agreement.

H. On November 1, 2018, the Debtors filed the *Debtors' Motion for Approval of Global Bidding Procedures* (the "Sale Motion") (ECF No. 429).

I. On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (the "Sale Notice") (ECF No. 1730), which identified the Buyer as the successful bidder and included a copy of the applicable Asset Purchase Agreement dated as of January 17, 2019 (as may be amended, restated, or amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement dated February 11, 2019, by the parties thereto) by and between Sears Holdings Corporation and certain of its subsidiaries (together, "Sellers") and Buyer, the "APA").

J. On January 31, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Cure Notice").

4

K.    While the Initial Cure Notice indicates the proposed cure cost for the Discover Agreements as $0,[4] the proposed cure cost does not include any contingent liabilities relating to pre-closing purchases including, without limitation, Chargebacks, Returns, Credits, Adjustments and Fees (collectively "Chargebacks")[5].

L.    On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"), approving the Sale Transaction.[6]

M.    DFS Services LLC timely asserted a Filed Objection (the "DFS Objection") (ECF No. 2024).

N.    On April 2, 2019, the Court entered its the *Order (I) Authorizing Assumption and Assignment of Certain Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008). Paragraphs 26 and 27 of the Assumption and Assignment Order establish a noticing procedure for assumption and assignment of Additional Assigned Agreements (as defined in the Assumption and Assignment Order).

---

[4] Exhibit A of the Initial Cure Notice lists the agreements with Discover in lines 2226, 2227 and 2228 (Kmart Corporation with Discover Financial Services, Inc.) and 5286, 5287 and 5288 (Sears Roebuck & Co. with Novus Services, Inc.).

[5] Chargebacks, Returns, Credits, Adjustments and Fees shall have the respective meanings ascribed to such terms in the Discover Agreements and Kmart Agreements.

[6] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the APA or the Sale Order, as applicable.

O.   On April 2, 2019, the *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases* (the "Assumption and Assignment Notice") (ECF No. 3023) was filed. The Discover Agreements were included on Exhibit 1 to the Assumption and Assignment Notice.

P.   The Parties have entered into this Stipulation and Order to memorialize their understanding as to certain terms of the Discover Agreements.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties each hereby consent to the relief set forth below.

## ORDER

1.   Stipulation and Order Effective Date. The effective date of this Stipulation and Order shall be the date on which it is "so ordered" by the Bankruptcy Court (the "Effective Date").

2.   Withdrawal of Objection. As of the Effective Date, the DFS Objection shall be deemed withdrawn and all potential arguments set forth therein shall be deemed resolved; provided, however, that as set forth in the DFS Objection, any valid contractual rights to Chargebacks shall continue to exist under the Discover Agreements, as assumed.

3.   No Objection. Discover shall not object to the Assumption and Assignment Notice.

4.   Findings of Fact and Conclusions. Pursuant to paragraph 27 of the Assumption and Assignment Order, following notice provided in accordance with such paragraph, all findings of fact and conclusions of law in the Sale Order, and the record of the hearing with respect to the Sale Order are incorporated herein by reference. The Discover Agreements constitute Acquired Assets. Accordingly, all findings of fact and conclusions of law in the Sale Order with respect to the Acquired Assets, shall apply to the Discover Agreements with full force and effect, and as the

Buyer of the Discover Agreements, Buyer is entitled to all of the protections set forth in the Sale Order with respect to Acquired Assets.

5. <u>Enforcement of Stipulation and Order</u>. From and after the Effective Date, the Parties shall have the right to enforce this Stipulation and Order in accordance with its terms.

6. <u>Entire Agreement</u>. This Stipulation and Order, together with the Discover Agreements, constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Stipulation and Order may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

7. <u>Representations by the Parties</u>. The Parties acknowledge that they are entering into this Stipulation and Order knowingly, freely and voluntarily. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Stipulation and Order and the subject matter hereof.

8. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

9. <u>Authority of Signatories</u>. Each person executing this Stipulation and Order on behalf of a Party hereby represents and warrants that he has the requisite power and authority to do so and to bind the Party for which he is so executing.

10. <u>Governing Law</u>. This Stipulation and Order shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to the conflict of laws of the State of New York.

11. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to implement and enforce this Stipulation and Order.

12. <u>Counterparts</u>. This Stipulation and Order may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as of the day and year first below written.

Date: April 25, 2019

**LOCKE LORD LLP**

_____
Ira S. Greene, Esq.
Brookfield Place
200 Vesey Street
New York, NY 10281

*Attorneys for DFS Services LLC*

Date: April 25, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

/s/ Luke A. Barefoot
_____
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
One Liberty Plaza
New York, NY 10006

*Attorneys for Transform Holdco LLC*

**SO ORDERED:**

Dated: _____, 2019
          New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

9

# Exhibit I

| | Debtor | Contract Counterparty | Contract Title | Contract No. | Docket No. of Counterparty's Objection | Debtors' Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|
| 1. | Sears, Roebuck And Co. | Novus Services, Inc. | Merchant Services Agreement, effective date 6/1/1995 | N/A | 2024 | $00.00 | |
| 2. | Sears, Roebuck And Co. | DFS Services LLC formerly Novus Services, Inc. | Second Amendment To Merchant Services Agreement, effective date 6/1/1995 | N/A | 2024 | $00.00 | |
| 3. | Sears, Roebuck And Co. | Novus Services, Inc. | First Amendment To Merchant Services Agreement, effective date 10/1/1996 | N/A | 2024 | $00.00 | |
| 4. | Sears, Roebuck And Co. | Novus Services, Inc. | Amendment To Merchant Services Agreement, effective date 8/20/1997 | N/A | 2024 | $00.00 | |
| 5. | Sears Roebuck And Co. | Discover Financial Services, Inc. | (Pricing Letter dated 12/7/2000. States that letter amends | | | | |

71273987v.3

| | Debtor | Contract Counterparty | Contract Title | Contract No. | Docket No. of Counterparty's Objection | Debtors' Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|
| | | | MSA)[7], effective date 1/1/2001 | | | | |
| 6. | Sears, Roebuck And Co. | DFS Services LLC formerly Novus Services, Inc. | Third Amendment To Merchant Services Agreement, effective date 11/15/2012 | N/A | 2024 | $00.00 | |
| 7. | Sears, Roebuck And Co. | DFS Services LLC formerly Novus Services, Inc. | Fourth Amendment To Merchant Services Agreement, effective date 12/18/2012 | N/A | 2024 | $00.00 | |
| 8. | Sears Roebuck And Co. | DFS Services LLC | [GC-614] Sears/Kmart Pricing letter (submitted 6/6/2017)[8] | | | | |
| 9. | Sears, Roebuck And Co. | DFS Services LLC | Tenth Amendment To Merchant Services Agreement, | N/A | 2024 | $00.00 | |

---

[7] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

[8] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

| | Debtor | Contract Counterparty | Contract Title | Contract No. | Docket No. of Counterparty's Objection | Debtors' Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|
| | | | effective date 11/9/2017 | | | | |
| 10. | Kmart Corporation | Discover Card Services, Inc. | Merchant Services Agreement, effective date 11/15/1987 | | | | |
| 11. | Kmart Corporation | Discover Financial Services, Inc. | ADDENDUM NUMBER TWO[9], effective date 11/1/1988 | | | | |
| 12. | Kmart Corporation | Discover Financial Services, Inc. | ADDENDUM NUMBER ONE[10], effective date 12/31/1988 | | | | |
| 13. | Kmart Corporation | Discover Financial Services, Inc. | ADDENDUM NUMBER THREE, effective date 8/1/1995 | | | | |
| 14. | Kmart Corporation | Discover Financial Services, Inc. | SUPPLEMENTAL AGREEMENT[11], effective date 8/13/2003 | | | | |

---

[9] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

[10] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

[11] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

| | Debtor | Contract Counterparty | Contract Title | Contract No. | Docket No. of Counterparty's Objection | Debtors' Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|
| 15. | Kmart Corporation | Discover Financial Services, Inc. | SUPPLEMENTAL AGREEMENT[12], effective date 8/13/2003 | | | | |
| 16. | Kmart Corporation | Discover Financial Services, Inc. | (Pricing letter dated September 8, 2004/ States letter amends MSA)[13], effective date 8/1/2004 | | | | |
| 17. | Kmart Corporation | Discover Financial Services, Inc. | Amendment to Merchant Services Agreement (SHARP (f/k/a KPAS) Disaster Recovery Third Party Authorizers)[14], effective date 10/15/2006 | | | | |
| 18. | Kmart Corporation | DFS Services LLC | (Pricing letter dated November 9, | | | | |

---

[12] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.
[13] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.
[14] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

| | Debtor | Contract Counterparty | Contract Title | Contract No. | Docket No. of Counterparty's Objection | Debtors' Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|
| | | | 2017/States letter amends MSA), effective date 12/1/2017 | | | | |
| 19. | Sears Holdings Management Corporation, Sears, Roebuck And Co., Kmart Corporation | PULSE Network LLC | Sears – Pulse Amended and Restated Agreement, effective date 7/1/16 | | | | |
| 20. | Sears Holdings Management Corporation, Sears, Roebuck And Co., Kmart Corporation | PULSE Network LLC | Sears Holdco – Amendment to Letter Agreement, effective date 3/1/17 | | | | |
| 21. | Sears Holdings Management Corporation | PULSE Network LLC | Letter Agreement[15] dated July 24, 2018 | CW2423870 | | | |

---

[15] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

| | Debtor | Contract Counterparty | Contract Title | Contract No. | Docket No. of Counterparty's Objection | Debtors' Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|
| 22. | Sears, Roebuck and Co. | DFS Services, LLC, formerly NOVUS Services, Inc. | Notice of Termination of Card Account Cash Payment Acceptance[16] dated March 26, 2014 | | | | |
| 23. | Sears, Roebuck and Co., | DFS Services, LLC, formerly NOVUS Services, Inc. | Notice of Termination of Card Account Payments[17] dated July 9, 2015 | | | | |

---

[16] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.

[17] Reference to this agreement appears was inadvertently omitted from the Debtors' cure notices. This agreement nonetheless constitutes an Initial Assigned Agreement as the non-Debtor party thereto consents to the assumption and assignment to Transform.