AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|   |   |   |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, et al., | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------

**QUALIFIED JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' OBJECTION TO MOTION FOR RELIEF
FROM THE AUTOMATIC STAY FOR THE PURPOSE OF JOINING
SEARS HOLDINGS CORPORATION AS A DEFENDANT IN EXISTING
LITIGATION PENDING BEFORE THE ONTARIO SUPERIOR COURT
OF JUSTICE (COMMERCIAL LIST) AND TO LIQUIDATE CLAIMS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears

Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),

by and through its undersigned counsel, hereby files this qualified joinder (the "Qualified

Joinder") to the *Objection of Debtors to Motion for Relief from the Automatic Stay for the

Purpose of Joining Sears Holdings Corporation as a Defendant in Existing Litigation Pending

Before the Ontario Superior Court of Justice (Commercial List) and to Liquidate Claims* [ECF

No. 3865] (the "Objection" and the underlying motion, the "Lift Stay Motion"),[2] and in support

thereof, respectfully states as follows.

1.      By the Lift Stay Motion, the Canadian Plaintiffs seek to lift the stay to (1) join

Sears Holdings as a defendant in each action comprising the Dividend Litigation pending in

Canada in which Sears Holdings is not currently a named defendant, (2) allow the Dividend

Litigation to be prosecuted in the CCAA Proceedings with Sears Holdings as a defendant and (3)

allow the Canadian Court to determine the amounts of the Canadian Plaintiffs' claims against

Sears Holdings or, effectively, to liquidate the Proofs of Claim.  *See* Lift Stay Motion ¶ 32;

Objection ¶ 19.  The Creditors' Committee agrees with the Debtors' view  that the Canadian

Plaintiffs have failed to establish the requisite cause for such relief under Bankruptcy Code

section 362(d)(1) because, on balance, the factors articulated in *Sonnax Industries, Inc. v. Tri-

Component Prods. Corp (In re Sonnax Industries., Inc.)*, 907 F.2d 1280 (2d Cir. 1990) (the

"*Sonnax* Factors") militate against lifting the automatic stay.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Objection.

2.      For example, allowing the Canadian Plaintiffs to prosecute their claims against

Sears Holdings in the Dividend Litigation will by no means "obviate all consideration of issues

related to the Dividend Litigation," as the facts and circumstances underlying the Dividend

Litigation necessarily will be evaluated in connection with the Adversary Proceeding[3] and

related litigation in the United States stemming from certain prepetition transactions.  Objection

¶ 28 (*Sonnax* Factor One).  Further, the Canadian Court does not constitute a specialized tribunal

under applicable legal standards such that it should be preferred with respect to the adjudication

of the Canadian Plaintiffs' claims, and, moreover, this Court has the jurisdiction and is qualified

to evaluate questions of Canadian law.  *See id.* ¶¶ 44-50 (*Sonnax* Factor Three); *see also United*

*Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 214-215, 220-

224 (S.D.N.Y. 2002) (applying Canadian law to fraudulent conveyance and veil-piercing

claims).  Issues related to insurance coverage for the Debtors' defense costs similarly are

irrelevant here, as no such coverage is available.  *See* Objection ¶ 51 (*Sonnax* Factor Five) (citing

*In re SquareTwo Fin. Servs. Corp.*, No. 17-10659 (JLG), 2017 WL 4012818, at *6 (Bankr.

S.D.N.Y. Sept. 11, 2017)) ("Because no insurer has assumed responsibility for defending [the

action], application of the fifth *Sonnax* Factor cuts against granting [relief from the automatic

stay].").  In addition, the Canadian Plaintiffs have not—and cannot—demonstrate that their

request to lift the stay would not prejudice other creditors.  Indeed, as the Debtors explain,

"unlike in these [C]hapter 11 [C]ases, where the creditors of Sears Holdings will have the

opportunity to participate in the Debtors' claims reconciliation process, including resolution of

---

[3] On May 3, 2019, the Creditors' Committee made a demand on the Debtors to amend the complaint filed in the
Adversary Proceeding to include certain additional defendants and causes of action and, in connection therewith,
shared an amended version of the Complaint implementing these changes.  To date, the Debtors have refused to file
an amended version of the complaint consistent with the Creditors' Committee's revisions.  The Creditors'
Committee reserves all rights with respect to such demand.

the Proofs of Claim, if the stay is lifted, the Debtors' creditors will not be able to participate in

the Dividend Litigation, through the Creditors' Committee or otherwise, and would therefore be

prejudiced." *Id*. ¶ 59 (*Sonnax* Factor Seven).

3.      By the Objection, the Debtors also make several arguments related to the Debtors'

desired path for these Chapter 11 Cases and the impact defending the Dividend Litigation might

have on their ability to confirm a plan expeditiously.  Specifically, the Debtors emphasize,

among other things, the significant costs to the Debtors' estates, and the attendant prejudice to

other creditors, of vigorously defending the Dividend Litigation in Canada to the extent the Lift

Stay Motion is granted while simultaneously pursuing the Adversary Proceeding and working to

confirm a plan.  *See e.g.*, Objection ¶¶ 39, 63, 79.

4.      The Creditors' Committee has raised significant concerns regarding whether the

plan of liquidation filed by the Debtors on April 17 [ECF No. 3275] (the "Plan") is viable and/or

whether pursuit thereof is likely to maximize value for stakeholders.  Therefore, the Creditors'

Committee takes issue with certain of the Debtors' characterizations in the Objection regarding

the appropriate path for these Chapter 11 Cases.  Specifically, the Creditors' Committee has

raised concerns regarding, among other things: (i) whether the Debtors are, individually or on a

consolidated basis, administratively solvent; (ii) the proposed governance of and funding for the

liquidating trust contemplated by the Plan; (iii) the proposed treatment of certain claims under

the Plan, including the factual and legal justifications for the preferential interest proposed to be

granted to Pension Benefit Guaranty Corporation ("PBGC"); (iv) the scope and extent of

proposed releases for certain of the Debtors' directors and officers who were directly involved in

approval of the prepetition transactions underlying the Adversary Proceeding and other

preserved causes of action; (v) the treatment of prepetition and postpetition intercompany claims under the Plan and (vi) the ability of the Plan to satisfy the best interests of creditors test.[4]

5.      Notwithstanding the numerous open questions as to whether creditor recoveries will be maximized through a plan of liquidation or through alternative means, however, it is undeniable that the Debtors' primary focus should be on maximizing the value of their estates, not using scant resources to defend claims that will be entitled to little, if any, recovery.

6.      Moreover, and as set forth in the Objection, even "if the Court is inclined to grant the Canadian Plaintiffs relief from the automatic stay at some point, any such relief should be deferred until the Debtors, with input from the Creditors' Committee, are better able to assess the benefits to the Debtors and their other creditors of vigorously defending and participating in the Dividend Litigation."  Objection ¶ 63.  Indeed, granting the Canadian Plaintiffs' Lift Stay Motion is premature—if not entirely futile—because in any scenario where they are entitled to allowed claims at Sears Holdings, the recovery on such claims is likely to be *de minimis* at best. As such, the cost to defend any litigation on behalf of Sears Holdings likely would be a waste of paltry estate resources.  Accordingly, the Creditors Committee submits that the relief requested by the Lift Stay Motion should be denied.

7.      The Creditors' Committee expressly reserves all rights with respect to the Objection and the Lift Stay Motion, including the right to amend or supplement this Qualified Joinder, submit additional briefing, participate in any discovery and be heard at any hearing or trial related to the Objection or the Lift Stay Motion.  Nothing contained herein shall constitute a

---

[4] Upon information and belief, the Debtors are working on a modified plan, the terms of which make confirmation of any chapter 11 plan in these cases even less likely to occur.  The Creditors' Committee reserves all rights with respect to the filed Plan and any modified chapter 11 plan that the Debtors may file.

waiver of any of the rights or remedies of the Creditors' Committee, each of which is expressly

reserved.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Creditors' Committee respectfully requests that this Court deny the

Lift Stay Motion and grant such other relief as the Court deems just, proper and equitable.

New York, New York                              AKIN GUMP STRAUSS HAUER & FELD LLP
Dated:  May 14, 2019

                                                /s/  *Ira S. Dizengoff*
                                                Ira S. Dizengoff
                                                Philip C. Dublin
                                                Abid Qureshi
                                                Sara L. Brauner
                                                One Bryant Park
                                                New York, New York 10036
                                                Telephone: (212) 872-1000
                                                Facsimile: (212) 872-1002
                                                E-mail: idizengoff@akingump.com
                                                        pdublin@akingump.com
                                                        aqureshi@akingump.com
                                                        sbrauner@akingump.com

                                                *Counsel to the Official Committee of Unsecured*
                                                *Creditors of Sears Holdings Corporation, et al.*