WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DEBTORS' RESPONSE AND RESERVATION
OF RIGHTS REGARDING MOTION TO COMPEL
ASSUMPTION OR REJECTION OF GRAND CENTRAL
PLAZA LEASE AGREEMENT AND FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PAYMENTS**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this response and reservation of rights (the "**Response**") to the *Notice of Hearing on Motion to Compel Debtor, K Mart Corporation, to Assume or Reject a Grand Central Plaza Lease Agreement and to Allow an Administrative Expense Claim for Post-Petition Payments*, dated April 5, 2019 (ECF No. 3053) (the "**Notice of Motion**") and the Declaration of Glenn M. Fjermedal in support thereof (the "**Fjermedal Declaration**" and, together with the Notice of Motion, the "**Motion**" )[2]:

**The Motion**

1.      Pursuant to the Motion, Grand Central Plaza, Inc. (the "**Landlord**") seeks an order: (i) compelling the Debtors to immediately assume or reject the Lease (as defined below); (ii) allowing an administrative expense claim in the amount of $55,546.27[3] for postpetition real estate tax payments due under the Lease; (iii) compelling immediate payment of cure costs if the Lease is assumed; and (iv) allowing the Landlord to take immediate possession of the Premises (as defined below) if the Lease is rejected.  *See* Fjermedal Dec'l, ¶ 7.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Fjermedal Declaration.

[3] As discussed more fully below, subsequent to filing the Motion, the Landlord has adjusted its approximate administrative expense claim to $39,800.23.

2

2.      Given that the Lease has been rejected as of April 19, 2019, and that the

Debtors have surrendered possession of the premises, most of the relief requested by the

Landlord has been rendered moot.  The only portion of the Motion that is at all relevant is the

Landlord's request for allowance of an administrative expense claim for postpetition real estate

taxes.[4]  The Debtors submit that such relief is premature at this juncture and should be denied.

### **Background**

3.      The Landlord is the owner of certain nonresidential real property located

at 1020 Center Street, Horseheads, New York (the "**Premises**").  Pursuant to a lease dated

January 31, 1975 (together with any amendments, modifications, renewals and guaranties, the

"**Lease**"), a portion of the Premises were leased to Debtor Kmart Corporation.

4.      Beginning on October 15, 2018 (the "**Commencement Date**") and

continuing thereafter, each of the Debtors commenced with this Court a voluntary case under

chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their

business and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

5.      On the Commencement Date, the Debtors filed a motion seeking to

establish procedures for rejecting certain burdensome, unexpired nonresidential real property

leases and related subleases that were not needed for their restructuring efforts (ECF No. 24) (the

"**Lease Rejection Procedures Motion**" and, the procedures set forth therein, the "**Lease**

**Rejection Procedures**").  An order granting the Lease Rejection Procedures Motion was entered

on November 16, 2018 (ECF No. 800).

---

[4] Although the Motion only requests the allowance of an administrative expense claim, the Landlord has informed
the Debtors that it seeks immediate payment of such claim as well.

3

6.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all of their assets to Transform Holdco LLC (the "**Buyer**").

8.      The sale to the Buyer closed on February 11, 2019.  Pursuant to the Asset Purchase Agreement, dated as of January 17, 2019 (as amended, the "**APA**"), the Buyer purchased the exclusive right to select, identify, and designate many of the Debtors' leases for assumption and assignment (the rights, the "**Designation Rights**" and, the leases subject to the Designation Rights, the "**Designatable Leases**").  The Lease was a Designatable Lease.  The Buyer's Designation Rights terminated on April 12, 2019 with respect to the Lease (the "**Designation Period**").

9.      Under the APA, the Buyer has the obligation to pay occupancy costs from the closing of the APA until the fifth business day following the date upon which the Buyer notifies the Debtors of its intent to reject the pertinent lease.  *See* APA, §§ 2.3(d), 5.3(b).

10.      The Landlord filed the Motion on April 5, 2019, before the Buyer's Designation Rights Period had expired and before the Buyer had notified the Debtors of its intentions with respect to the Lease.  On April 15, 2019, the Buyer formally notified the Debtors via e-mail of its desire to reject the Lease.

4

11.     Pursuant to the Lease Rejection Procedures and in accordance with the APA, on April 19, 2019, the Debtors filed a notice of rejection of, among others, the Lease (ECF No. 3300) (the "**Lease Rejection Notice**").  Contemporaneously therewith, on April 19, 2019, the Debtors sent the Landlord a surrender notice (the "**Surrender Notice**") via e-mail notifying the Landlord, in relevant part, that (i) the Debtors filed the Lease Rejection Notice and (ii) the Debtors surrender possession of the Premises.  A copy of the Surrender Notice is annexed hereto as **Exhibit A**.

12.     On May 8, 2019, the Bankruptcy Court entered the *Order Approving the Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* approving the rejection of the Lease (the "**Rejection Order**") (ECF No. 3756).  The Lease was one of the leases whose rejection was effected by the Rejection Order.

## The Relief Requested Should be Denied

13.     Since the filing of the Motion and the entry of the Rejection Order, the Debtors and the Landlord have engaged in discussions to resolve the remaining issues raised in the Motion in advance of the hearing to be held on May 21, 2019 (the "**May Omnibus Hearing**").  In light of the fact that the Debtors have rejected the Lease and surrendered the Premises to the Landlord, as requested in the Motion, the Debtors requested that the Landlord withdraw the Motion.  The Landlord has refused to withdraw the Motion until its administrative expense claim has been resolved.

14.     Exhibit B of Fjermedal Declaration sets forth the Landlord's initial administrative expense claim of $55,546.27, which includes both prepetition and postpetition real estate taxes.  The Landlord has removed certain prepetition real estate tax amounts and added additional postpetition amounts to its calculation of the postpetition amounts due under the

5

Lease. As a result, the Landlord now asserts an estimated administrative expense claim purportedly totaling approximately $39,800.23

15.    The Debtors have not had a sufficient opportunity to thoroughly review the Landlord's purported administrative expense claim. Since the closing of the Debtors' sale to the Buyer, the Debtors have been focused on transitioning the business and employees to the Buyer, identifying numerous unexpired leases and executory contracts for assumption or rejection, and preparing a plan of liquidation to wind down the Debtors' estates and close these chapter 11 cases.

16.    Under the terms of the APA, the Buyer is required to bear all the occupancy costs relating to Designatable Leases during the Designation Period. Consequently, the Debtors believe that a significant portion of the postpetition amounts claimed by the Landlord are obligations of the Buyer under the APA. *See* APA, §§ 2.3(b), 5.3(b). As a result, the Debtors are not currently in a position to conclude that the Landlord's asserted administrative expense claim in the amount of $39,800.23 is the correct calculation of the amount due or is entitled to administrative priority, in full or in part.

17.    The Debtors believe that an adjournment of the Motion to the omnibus hearing scheduled for June 20, 2019 (the "**June Omnibus Hearing**") is appropriate and they suggested such an adjournment to Landlord's counsel to allow more time to review the amounts due and reach a consensual agreement. The Landlord rejected the Debtors' request for an adjournment. The Debtors intend to continue discussions with the Landlord and the Buyer to consensually reconcile the correct amounts owed. However, as of the date hereof, the parties have not yet reached a resolution.

6

18.    Given the prospect of a consensual resolution of this three party dispute, it would be a waste of the resources of the Court and the Debtors' estates to prepare a substantive response to the Motion at the present time.

### **Reservation of Rights**

19.    The Debtors believe that the relief sought in the Motion may be rendered moot by the May Omnibus Hearing.  Nevertheless, the Debtors reserve their right to supplement this Response if the parties are unable to reach an agreement in advance of the May Omnibus Hearing.

### **Conclusion**

20.    For the foregoing reasons, the Debtors request that the Court adjourn the Motion to the June Omnibus Hearing or deny the relief requested in the Motion.

Dated: May 14, 2019
       New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

7

## <u>Exhibit A</u>

**Surrender Notice**

**Schwartz, Cheryl**

| | |
|---|---|
| **From:** | Schwartz, Cheryl |
| **Sent:** | Friday, April 19, 2019 3:27 PM |
| **To:** | byunis@yunisinc.com |
| **Cc:** | Schwartz, Cheryl |
| **Subject:** | Lease for property KM#7065 - Horseheads, NY |

- As you may be aware, on October 15, 2018 (the "Petition Date"), the Debtor and certain of its affiliates commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The cases are being jointly administered under chapter 11 case number 18-23538 (RDD).
- As you may also be aware, on November 16, 2018, the Bankruptcy Court entered the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (the procedures approved therein, the "Lease Rejection Procedures").
- In accordance with the Lease Rejection Procedures, the Debtors hereby unequivocally surrender possession of the premises as of 4/19/2019 by providing the lockbox and alarm codes below.

Lockbox code         Burg code 

Cheryl Schwartz
Real Estate Manager
Acquisitions and Dispositions
Sears Holdings Corporation
3333 Beverly Road, BC-152A
Hoffman Estates, IL  60179
847-286-1696 (office)
847-286-7946 (fax)

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. This message is confidential and may contain attorney work product and/or proprietary information intended only for the use of the addressee(s) named above and/or may contain information that is legally privileged. If you are not the intended addressee, or the person responsible for delivering it to the intended addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message and any copies immediately thereafter.

Except where an express statement to the contrary is contained in this communication, (a) nothing in this communication is to be regarded or construed as an electronic signature, nor is this communication intended to be "signed," (b) nothing in this communication is to be regarded as an offer, an acceptance, or an undertaking to negotiate, and (c) any agreement, commitment, representation, warranty, undertaking, or waiver binding Sears or any affiliate may only be evidenced by a separate signed writing by an authorized signatory.

Thank you.