**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**BLEUS & ASSOCIATES, LLC**
Attorneys for Taylor Sorensen
2633 Dakota NE
Albuquerque, New Mexico 87110          Hearing: May 21, 2019
Office: (505)884-9300
Fax: (505)884-9305
George Anthony Bleus
bleusandassociates@gmail.com
Admission *pro hac vice*- Pending

---

In re:

SEARS HOLDING CORPORATION, and           Chapter 11
K-MART CORPORATION, et al.,              Case No. 18-23538 (RDD)
                                         (Jointly administered)
        Debtors.

---

**MOTION OF TAYLOR SORENSENS, PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF JONATHAN SORENSEN, FOR AN ORDER
FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
SECTION 362(d) OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

Taylor Sorensen ("Movant"), by his counsel herein, BLEUS & ASSOCIATES, LLC (George Anthony Bleus, Esq.), moves pursuant to Section 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an Order granting his relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code, as follows:

**PRELIMINARY STATEMENT**

1.      Movant seeks relief from the automatic stay to prosecute his wrongful death personal

1

injury action ("Wrongful Death State Court Action") against KMart Operations, LLC and KMart Corporation (together referred to as the "KMart Defendants") in addition to other individual Defendants in New Mexico State Court for the County of Santa Fe, First Judicial District Court (the "New Mexico State Court").

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Motion is a 'core' proceeding pursuant to 28 U.S.C. § 157(b).

3.  The Wrongful Death State Court Action was filed in New Mexico State Court on April 24, 2019, within the statute of limitations for such actions based on New Mexico State law, and the KMart Defendants were served on or around May 3, 2019. [A copy of the Complaint is annexed hereto as **Exhibit A**.]

4.  Counsel for Creditor Taylor Sorensen filed the action in New Mexico State Court without actual or constructive knowledge of the Kmart bankruptcy court proceedings herein (see discussion below regarding why this creditor should have received notice). Following receipt of the Summons and Complaint, Creditor Taylor Sorensen received correspondence, transmitted to his counsel of record, George Anthony Bleus, Esq., **BLEUS & ASSOCIATES, LLC,** dated **May 6, 2019**, from Stacey Leinheiser, Esq., with Sears Holdings Management Corporation, informing Mr. Sorensen of the bankruptcy proceedings. [*See,* Letter from Leinheiser, May 6, 2019, annexed hereto as **Exhibit B.**]

5.  On **October 15, 2018**, Sears along with certain of its affiliates, including KMart Operations, LLC and KMart Corporation, filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), staying actions such as the kind of state court action that Mr. Sorensen seeks to bring with his Wrongful Death State Court Action.

6.  Stay relief to permit the Wrongful Death State Court Action to be prosecuted is warranted

2

and necessary because (a) Decedent, Jonathan Sorensen was killed in a KMart Store by KMart loss prevention and other employees, (b) it is believed that the Debtors have insurance in place that would cover part of the damages incurred by the Estate of Jonathan Sorensen, and (c) the continued prosecution of the State Court Actions is necessary to resolve and liquidate Movant's claim. [A copy of the Complaint for Wrongful Death filed in the State Court Action is annexed hereto as **Exhibit A** and is incorporated herein by reference.]

7. Upon information and belief, there is available insurance coverage to cover part or all of the claims of the Movant against the KMart Defendants and the individual employee Defendants named in the Wrongful Death State Court Action. Any proceeds payable to Creditor Taylor Sorensen under Defendants-Debtors' liability insurance policy(ies) are not the property of the bankruptcy estate.

### FACTUAL BACKGROUND AND RELIEF SOUGHT BY MOVANT

8. As set forth in the Wrongful Death Complaint, on May 3, 2016, the twenty-five (25) year old Decedent, Jonathan Sorensen, walked into the KMart Store located at 2100 Carlisle Blvd., Albuquerque, New Mexico (the "KMart Store") and was subsequently accosted by several employees of the KMart Store, at least some of whom are believed to have been "loss prevention" personnel. The KMart employees (some of whom are named defendants in this case and some of whom are designated as John and Jane Does) detained Mr. Sorensen, violently restrained him, battered him, pushed him to the floor upon his stomach, cuffed him behind his back, and four of the KMart employees sat upon, kneeled upon, or laid across Mr. Sorensen's person causing his death by positional asphyxiation. The details and manner of Jonathan Sorensen's wrongful death are set forth in Movant's Complaint, annexed hereto as **Exhibit A**, and incorporated by reference.

3

9. Movant Taylor Sorensen is the brother of Jonathan Sorensen, and has been formally appointed and recognized by the New Mexico State Court for the First Judicial District, Santa Fe County, as the Personal Representative of Jonathan Sorensen's estate, and he brings this action in that capacity.

10. As set forth in the Wrongful Death Complaint, Jonathan Sorensen suffered severe pain and suffering, emotional distress, humiliation, and an agonizing death that occurred slowly over a protracted period of time (some estimates are that the employees restrained Mr. Sorensen by having multiple employees sitting on top of Mr. Sorensen and laying across him for up to a half hour) at the hands of the KMart Defendants and the KMart employee-defendants, all as a direct and proximate result of the Defendants' negligent actions and reckless conduct.

11. On **May 5, 2016**, two days after Jonathan Sorensen was killed, counsel herein, on behalf of Mr. Sorensen's estate, formally placed KMart on notice of this incident and asked KMart to preserve evidence connected to this matter from spoliation. A second letter from counsel herein, a "Letter of Representation", was sent to KMart by certified mail on **May 12, 2016**. In response, on **May 24, 2016**, KMart retained local New Mexico counsel (the Eaton Law Office, P.C.) and acknowledged the claim and legal representation. [*See,* Copies of the **May 5, 2016** letter, the **May 12, 2016** letter and the **May 24, 2016** letters are annexed hereto as **Exhibits C, D, and E**, respectively.]

12. On **May 26, 2016**, counsel herein placed KMart on formal "Notice of Wrongful Death Lawsuit" indicating that a lawsuit would be filed within the New Mexico statute of limitations for such causes of action. [See **Exhibit F**, annexed hereto.] During the ensuing period of time, counsel awaited conclusion of the formal criminal investigation being conducted by the Albuquerque Police Department and the District Attorney for the County of Bernalillo, State of

New Mexico. During that time period, the first formally appointed Personal Representative for the Estate of Jonathan Sorensen passed away, and on **November 8, 2018** Karen Norling, deceased, was formally discharged as Personal Representative. Subsequently, on **January 11, 2019**, Taylor Sorensen was formally appointed as Personal Representative of the Estate of Jonathan Sorensen (his brother).

13. Despite <u>providing ample formal notice regarding this claim</u>, and despite acknowledgement of the claim by local counsel for KMart, Debtor(s) failed to list the Estate of Jonathan Sorensen as a creditor in the bankruptcy proceedings, and also failed to provide notice of the bankruptcy proceedings to the Estate of Jonathan Sorensen, which has been represented by counsel herein for the entire relevant period of time.

14. Unaware of the bankruptcy proceedings, Movant filed the Complaint for Wrongful Death on April 24, 2019 (within the New Mexico Statute of Limitations) and served the KMart Defendants on or about May 3, 2019. Movant is in the process of serving the individually named defendant-former employees.

15. By this Motion, Movant seeks relief from the automatic stay for the limited purpose of prosecuting the Wrongful Death State Court Action to liquidate Movant's claims so that Movant may (i) recover such damages as may be available and covered by insurance proceeds, and/or (ii) participate as a creditor with liquidated claims against KMart and its estate in bankruptcy.

## APPLICABLE LAW

### CAUSE EXISTS TO LIFT THE AUTOMATIC STAY TO ALLOW MOVANT TO PURSUE THE STATE COURT ACTION TO ADJUDICATE HIS CLAIMS

16. This Motion is brought pursuant to section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1 of this Court for entry of an Order granting Movant relief

from the automatic stay to allow Movant to prosecute the Wrongful Death State Court Action for damages.

17. As set forth in the legislative history of Section 362(d), it is often more appropriate to allow litigation to proceed in the claimant's chosen forum when there is no prejudice to the bankruptcy estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." In re Tribune Co., 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted). Courts in the Second Circuit frequently grant motions to lift a bankruptcy stay to permit an adjudication on the merits in another forum.

18. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause…". 11 U.S.C. § 362(d).

19. "'[C]ause' is a flexible concept that must be determined on a case-by-case basis. Spencer v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 110 (2nd Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999))." In re Mildred Deli Grocery, Inc., 2018 Bankr. LEXIS 546 (Bankr. S.D.N.Y. 2018). The movant bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the debtor to show an absence of "cause." In re Breitburn Energy Partners LP, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

20. In Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit adopted twelve factors which are weighed to consider in determining whether sufficient cause exists to grant relief from the automatic stay.

6

These factors are: (i) whether relief would result in a partial or complete resolution of the issues, (ii) lack of any connection with or interference with the bankruptcy case, (iii) whether the other proceeding involves the debtor as a fiduciary, (iv) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (v) whether the debtor's insurer has assumed full responsibility for defending it, (vi) whether the action primarily involves third parties, (vii) whether litigation in another forum would prejudice the interests of other creditors, (viii) whether the judgment claim arising from the other action is subject to equitable subordination, (ix) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor, (x) the interests of judicial economy and the expeditious and economical resolution of litigation, (xi) whether the parties are ready for trial in the other proceeding, and (xii) impact of the stay on the parties and the balance of harms. Sonnax Indus., Inc., 907 F.2d at 1286.

21.     Not all of the factors are relevant in every case. In re Mazzeo, 167 F.3d at 143; *see* In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). Further, the court need not assign equal weight to each factor. In re Keene Corp., 171 B.R. 180, 183 (S.D.N.Y. 1994); In re Touloumis, 170 B.R. at 828; and In re N.Y. Med. Group, P.C., 265 B.R. 408 (Bankr. S.D.N.Y. 2001). "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

22.     Here, the factors weigh heavily in Movant's favor.

## APPLICATION OF *SONNAX* FACTORS

*Sonnax* Factor 1:     *Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

23. The New Mexico State Court Wrongful Death Action would completely determine the only issue between the KMart Defendants (Debtors, herein) and Movant: Whether, and the extent to which, Kmart is liable to Movant. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* Factor 2:    *Lack of Any Connection With or Interference With the Bankruptcy Case*

*24.* The fact that the resolution of another action may affect the distributions paid out in a bankruptcy plan does not mean that the litigation "interferes with" the bankruptcy case in the context of the second *Sonnax* factor. *See, e.g.*, In re N.Y. Med. Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Moreover, some delay caused by a second action does not amount to interference with the bankruptcy proceeding. In re Cicale, 2007 Bankr. Lexis at *10-11. Indeed, where a second action may actually aid in the resolution of the issues in the bankruptcy proceeding, this factor should weigh in favor of lifting the stay. *Id.*

25. Here, the State Court Action will aid in resolving the issue of the Kmart Defendants' liability to Movant. Accordingly, the second *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* Factor 3:    *Whether the Other Proceeding Involves the Debtor as a Fiduciary*

26. Movant is not aware of any traditional fiduciary relationship between the Decedent or the Movant (although Decedent was a customer and visitor to the KMart Store) in the State Court Action. Accordingly, this *Sonnax* factor weighs in favor of lifting the stay.

*Sonnax* Factor 4:    *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action*

27. While the New Mexico State Court is not a specialized tribunal *per se*, it is the most appropriate forum in which to litigate claims based on New Mexico state statutory and common law and it has jurisdiction over the KMart Defendants as well as the individual Defendants, who, upon information and belief, all live in

8

New Mexico. Additionally, almost all of the witnesses will be from New Mexico as officers with the Albuquerque Police Department and the Albuquerque Fire and Rescue Department, employees of the KMart Store and customers that were present on the scene when Jonathan Sorensen was killed, are eye witnesses to the events surrounding Jonathan Sorensen's death. Even a forum that is not a "specialized tribunal" *per se*, have been held to weigh in favor of the lifting of a stay under the fourth *Sonnax* factor. See, e.g., Cont'l Casualty Co. v. Pfizer, Inc. *(*In re Quigley Co.*),* 361 B.R. 723, 744 (Bankr. S.D.N.Y. 2007) (finding that the probability that an arbitrator would have experience with specialized knowledge weighed in favor of stay relief).

28. Furthermore, the issues in the Wrongful Death Action primarily involve New Mexico state law (*see, e.g.,* NMSA 1978, §§ 41-2-1 –3, New Mexico's Wrongful Death Statute) that should be decided by a New Mexico State Court. Courts have lifted the automatic stay to allow state court actions to proceed where state law was at issue. *See,* e.g*.,* In re Project Orange Associates, LLC, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010); Metz v. Poughkeepsie Sav. Bank, FSB (In re Metz), 165 B.R. 769 (Bankr. E.D.N.Y. 1994).

29. Moreover, the Bankruptcy Court does not have jurisdiction to hear and decide personal injury claims. *See* 28 U.S.C. § 157(b)(2)(B).

*Sonnax* Factor 5:   *Whether the Debtor Defendants' Insurer Has Assumed Full Responsibility for Defending It*

30. Upon information and belief, the KMart Defendants may be self-insured up to $5,000,000, and likely have excess insurance for claims over and above that amount. In his Amended Proof of Claim, Movant Sorensen has alleged that the damages, including punitive damages, sought for the wrongful death of Jonathan Sorensen (who was 25 at the time of his wrongful death) will exceed the amount of insurance provided by the primary policy, which may be self-insured coverage, and will reach amounts for which there may be available third-party

insurance coverage (excess insurance) to cover the claims of the Movant against the Debtors, and allowing the State Court Action to proceed will cause no harm to the KMart Defendants or their bankruptcy estates (if necessary to proceed, Movant is willing to waive claim to amounts of coverage provided by any self-insurance that may be unavailable because of the bankruptcy proceedings). Claimant Sorensen attests that he will seek only such amounts in recovery as are available from non-bankruptcy estate assets, such as a third-party excess insurance coverage policy.

31.    Where the creditor must prove the liability of the debtor for the limited purpose of recovering from a debtor, case law supports the proposition that relief from an automatic stay should be granted. *See, e.g.,* Green v. Welsh, 956 F.2d 30 (2d Cir. 1992, and Terwilliger v. Terwilliger, 206 F.3d 240, 247-48 (2d Cir. 2000). In pursuing his personal injury claim Creditor will attempt to prove Debtors' liability solely to recover from available insurance proceeds. Upon information and belief, Debtors' liability insurance carriers will bear all of the costs required to defend against Creditor's wrongful death lawsuit.

32.    Additionally, "[t]he cost of defending litigation, by itself, has not been regarded as constituting great prejudice, precluding relief from the automatic stay." In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992); and In re Unioil, 54 B.R. 192 (Bankr. D.Colo. 1985).

33.    Upon information and belief, under said general liability policy, the insolvency or bankruptcy of the debtors-insureds, or the insolvency of their estate(s) in bankruptcy shall not release the insurance company or excess insurance company or risk retention from the payment of damages for injuries sustained during the term of the policy and within coverage of said policy. (The Wrongful Death alleged in Creditor's Complaint occurred on May 3, 2016, and

Debtors filed their bankruptcy petition on October 15, 2018.)

34. Based upon the above, this factor weighs in favor of granting the requested relief, and lifting the stay so that this lawsuit may proceed.

*Sonnax* Factor 6:    *Whether the Action Primarily Involves Third Parties*

35. The Wrongful Death State Court Action names several individual Defendants in addition to the KMart Defendants and asserts that all of the defendants are liable in this Wrongful Death Action. The additional individual Defendants are all former employees of Therefore, it is unclear whether the State Court Action can be said to "primarily" involve third parties, so this *Sonnax* factor should not be given great weight one way or the other.

*Sonnax* Factor 7:    *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors*

36. The State Court Action provides a ready forum for the expeditious resolution of the Debtor Defendants' liability to Movant. The other creditors in this bankruptcy case would suffer no prejudice if the Court were to grant this Motion, because, upon information and belief, insurance proceeds are available to cover any judgment that may be rendered in the Wrongful Death Action.

*Sonnax* Factor 8:    *Whether the Judgment Claim Arising from the Other Action is Subject to Equitable Subordination*

37. Movant has not engaged in any conduct that would subject his claims to equitable subordination, and no such allegation has been made by the KMart Defendants (Debtors) or by any other person or entity. This factor, therefore, weighs in favor of the lifting of the stay.

*Sonnax* Factor 9:    *Whether Movant's Success in the Other Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Defendants*

38. Movant's success in the State Court Action would not result in a judicial lien avoidable by the KMart Defendants or the other Debtors. Accordingly, this *Sonnax* factor weighs in favor

11

of granting the relief requested.

*Sonnax* Factor 10:    *The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

39.    Courts have found that allowing a creditor to prosecute a claim in a pending action in another forum to fix the amount of a claim promotes the interests of judicial economy. See, e.g., *In re Fishgold,* 206 B.R. 50, 54 (Bankr. W.D.N.Y. 1997) (holding "in the interests of judicial economy, the determination of whether and in what amount [Plaintiffs] may have a valid [ ] claim can best be made by the [State] Court in that Action"). The New Mexico State Court is best suited to interpret New Mexico state law and try this matter.

40.    Moreover, as discussed above in connection with the second *Sonnax* factor, the State Court Action will resolve the issue of the KMart Defendants' liability to Movant. Accordingly, the tenth *Sonnax* factor weighs in favor of lifting the stay.

*Sonnax* Factor 11:    *Whether the Parties Are Ready for Trial in the Other Proceeding*

41.    Movant is prepared to move ahead with the State Court Action expeditiously. Accordingly, this *Sonnax* factor should not be given great weight one way or the other.

*Sonnax* Factor 12:    *Impact of the Stay on the Parties and the Balance of Harms*

42.    The stay currently prevents Movant from trying his claims against all of the defendants in one forum. As stated in In re Bock Laundry Machine Co., 37 B.R. 564, 566-567 (Bankr. N.D. Oh. 1984).

> Of predominant importance [is] the hardships to the plaintiff of protracted litigation and the expense of time and money to the Debtor-In-Possession in defending these actions. A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. The opinions reflect that the Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding. …

> The Courts have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel. … This position has been sustained despite the fact that the debtor was uninsured and was required to assume the costs of his own defense.

<u>Id.</u> If this Court denies this Motion, Movant will have no choice but to proceed against the other non-debtor defendants in New Mexico while claims against the KMart Defendants are adjudicated elsewhere. That duplicative litigation would substantially burden Movant and waste judicial resources.

43. Conversely, prosecution of all of Movant's claims in the State Court Action will not prejudice the KMart Defendants (Debtors).

44. "The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets. … A lifting of the stay to allow a plaintiff-creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of a claim which already has been made against the estate. In this respect, a relief from the stay will not violate the purpose for which it was imposed." <u>Bock Laundry Machine Co.</u>, <u>supra</u>, 37 B.R. at 567.

## THE NEW MEXICO STATE DISTRICT COURT IS THE PROPER VENUE AND JURISDICTION FOR CREDITOR'S WRONGFUL DEATH ACT CLAIM

45. Pursuant to Section 157(b)(2)(8) of Title 28 of the United States Code, the liquidation or estimation of a non-liquidated personal injury tort claim is a 'non-core' matter. A Bankruptcy Court lacks jurisdiction to liquidate non-core matters such as a personal injury claim. *See* <u>In re United States Lines, Inc.</u>, 1998 U.S. Dist. LEXIS 10135 (S.D.N.Y. July 9, 1998), *aff'd,* 216 F.3d 228 (2d Cir. 2000). Regarding non-core matters, a Bankruptcy Court may only submit proposed

findings of fact and conclusions of law to the District Judge who then may enter a final judgment. 28 U.S.C. § 157(c)(1).

46.    Here, Creditor Taylor Sorensen's wrongful death claim is based on the New Mexico Wrongful Death Statute, NMSA 1978, §§ 41-2-1 – 3. The additional causes of action set forth in the Complaint are all based on New Mexico case law. These claims are more efficiently and effectively decided in the First Judicial District Court (County of Santa Fe) for the State of New Mexico. Hearing of a Creditor's personal injury claim by the Bankruptcy Court will not be in the interests of the expeditious and economical resolution of litigation because it will unnecessarily expend resources of the bankruptcy proceeding. Upon information and belief, all of the eye witnesses and law enforcement investigators involved with this wrongful death are located in New Mexico. Any further delay, caused by the continued imposition of the Stay will create the danger of stale evidence and may adversely impact the memories of witnesses, and will unduly prejudice the rights of the Creditor.

## RESERVATION OF RIGHTS

47.    Movant hereby reserves all objections and does not consent to venue and jurisdiction of this Court to adjudicate any matters affecting his wrongful death personal injury claims, as well as any constitutional or other objections arising or within the scope of Stern v. Marshall, 564 U.S. 2 (2011). See 28 U.S.C. 157(b)(2)(B). Movant does not consent to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Movant hereby demands a trial by jury.

## NO REQUIREMENT FOR SEPARATE MEMORANDUM OF LAW

48.    Because the rules and statutory provisions upon which the Motion is predicated and the

legal authorities that support the requested relief are set forth herein, Movant respectfully submits that this Motion satisfies the requirement of Local Rule 9013-1(a).

## NO PRIOR REQUEST

49. No previous request for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, for all the foregoing reasons, Movant respectfully requests the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movant to proceed with his claims for wrongful death and personal injury against Debtors, and to seek recovery from any and all insurance policies to the extent possible, maintained by or available to the Debtors; and that the recovery shall be limited to the available insurance coverage; and that the Creditor shall not seek recoveries from Debtors, their estates in bankruptcy, or their successors, there being good and sufficient cause for the waiver of the Stay set forth in the Bankruptcy. Rule 4001(a)(3); together with such other relief as the Court may deem just and proper.

Dated: May 14, 2019          **BLEUS & ASSOCIATES, LLC**

**By:** */s/ George Anthony Bleus, Esq.*
George Anthony Bleus, Esq.
Admission *pro hac vice- Pending*
Attorney for Movant Taylor Sorensen
2633 Dakota NE
Albuquerque, New Mexico 87110
Office: (505) 884-9300
Fax: (505) 884-9305
bleusandassociates@gmail.com

15