# SEARS HOLDINGS

Stacey Leinheiser, Esq.
Assistant General Counsel

Sears Holdings Management Corporation
3333 Beverly Road B6-347A
Hoffman Estates, IL 60179
Email: Stacey.Leinheiser@searshc.com

05/06/19

**BY MAIL – USPS Tracking #9114 9014 9645 1830 3096 61**

George Anthony Bleus

2633 Dakota Street, NE
Albuquerque, NM 87110

**Re: In re Sears Holdings Corporation, Inc., *et al.*,
Chapter 11 Case No. 18-23538 (RDD) (jointly administered)**

Dear George Anthony Bleus:

    I write to inform you that on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, including Kmart Corporation and Kmart Operations LLC (collectively the "**Debtors**"), each filed a voluntary petition seeking bankruptcy protection under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). These bankruptcy cases have been assigned Case No. 18-23538 (RDD).

    Your attention is directed to section 362(a)(1) of the Bankruptcy Code, entitled "Automatic Stay." Pursuant to section 362(a) of the Bankruptcy Code, the filing of the petition "operates as a stay, applicable to all entities, of … the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title…" 11 U.S.C. § 362(a). Accordingly, an automatic stay went into effect on the Commencement Date, prohibiting the commencement or continuation of any action or proceedings against Kmart Corporation concerning a cause of action which arose prior to the filing of the bankruptcy petitions.

    Your client commenced an action, *Sorensen, Jonathan, a/p/r Taylor Sorensen v. Kmart Operations LLC d/b/a Kmart Store #4136; Kmart Corporation; Jonathan Pendley; Edward Fleming; Josephine Waldrep; Darren Roybal; and Unidentified John and Jane Does 1-10*, (the

05/06/19

"**Action**") against Kmart Corporation after the Commencement Date and in contravention of the automatic stay imposed by section 362 of the Bankruptcy Code.

Absent relief from the automatic stay extant under section 362 of the Bankruptcy Code, judicial actions and proceedings commenced against a debtor are "*void ab initio.*" *Maritime Elec. Co., Inv. V. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991). Filing of the Action is a violation of the automatic stay and is "*void ab initio.*" The continued prosecution of the Action against the Debtors would be a further violation of the automatic stay.

Please be advised that, pursuant to established case law, parties may be held in contempt of court for violating the automatic stay and, furthermore, may be liable for costs and attorneys' fees. *See Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976); *Colon v. Hart (In re Colon)*, 114 B.R. 890, 896 (Bankr. E.D. Pa. 1990) ("Many courts have held . . . that a willful violation of the statutory stay provision constitutes civil contempt and may be addressed as such.").

Please provide confirmation by email to legalint@searshc.com that you will dismiss the Action without prejudice **by 05/20/19.** Following dismissal, please provide another confirmation and a copy of the order to the same address.

Absent confirmation from you, we will be forced to seek appropriate relief in the Bankruptcy Court. To the extent that you are concerned about any applicable statute of limitations, I refer you to 11 U.S.C. § 108(c).

The Bankruptcy Court has established an April 10, 2019 deadline to file proofs of claim for claims that arose prior to the Commencement Date. Additional information regarding the Debtors' chapter 11 cases can be found at www.primeclerk.com/sears.

Very truly yours,

*Stacey Leinheiser*

Stacey Leinheiser
Assistant General Counsel

SL/ds