**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                :
                                                   :        Case No. 18-23538 (RDD)
                                                   :
        Debtors.[1]                                :        (Jointly Administered)
------------------------------------------------------------x
```

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Innovel Solutions, Inc. (the "**Innovel**"), R&A Deliveries LLC, Rodriguez Movers Transportation LLC, Costco Wholesale Corporation, and NRX Logistics (the "**Non-Debtor Defendants**"), and Martha Jane Moyers, Frank DeCoteau and the DeCoteau-Moyers Family Revocable Trust (collectively, the "**Claimants**"). Innovel and the Claimants collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Innovel and certain of its affiliates (collectively, the "**Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. WHEREAS, on September 11, 2018, the Claimants commenced an action against Innovel and the Non-Debtor Defendants, with the caption *The Decoteau-Moyers Family Revocable Trust v. Costco Wholesale Corporation*, Case No. 2018-CV-30878, that is pending in the District Court for Boulder County, Colorado (the "**Prepetition Action**"). The Prepetition Action involves claims asserted by the Claimants for alleged property damage that occurred during the delivery and installation of a refrigerator at the home of Martha Jane Moyers and Frank Decoteau.

C. WHEREAS, on November 15, 2018, the Parties entered into a settlement agreement and release (the "**Settlement Agreement**") in order to provide for payment in full by two of the Non-Debtor Defendants, settlement, and discharge of all claims related to or arising under the Prepetition Action. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

D. WHEREAS, the Parties have agreed, subject to Bankruptcy Court approval, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code and the Stay Procedures for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Parties to execute the terms of the Settlement Agreement solely to the extent necessary for the Claimants to obtain recovery under the Settlement Agreement from the insurance proceeds of the Non-Debtor Defendants' insurer, to the extent such insurance proceeds are available, and to take such other actions as are necessary and appropriate to carry out the terms of Settlement Agreement; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against Innovel or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect; provided further, that notwithstanding anything to the contrary in the Settlement Agreement, neither Innovel nor the other Debtors shall be liable in any way in the event the Non-Debtor Defendants or the Claimants fail to comply with any of their respective obligations under the Settlement Agreement.

3. As of the Effective Date, the Claimants agree to waive any right to recovery in the Prepetition Action against Innovel and Debtors and any other party that may assert indemnification claims against the Debtors, including any prepetition claims, and shall exclusively be limited to obtaining any recovery in the Prepetition Action from the proceeds of the Non-Debtor Defendants' insurance policy, as provided in Paragraph 2 herein.

4. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

5. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors are a party that may be filed by the Claimants or any other party in the Debtors' chapter 11 cases.

6. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall

constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

12. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

13. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: May 6, 2019

By: */s/* Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: May 6, 2019

By: */s/* Richard L. Merpi
Dan McCune
Richard L. Merpi II
CHILDS McCUNE LLC
821 17th Street #500
Denver, CO 80202
Telephone: (303) 296 7300

*Attorneys for Non-Debtor Defendant*
*Costco Wholesale Corporation*

Dated: May 6, 2019

By: */s/* Tasha Power
George Berg
Tasha Power
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
Telephone: (303) 402-1600
Facsimile: (303) 402-1601

*Attorney for the Claimants*

IT IS SO ORDERED

Dated: May 15, 2019
       White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

6