### Exhibit A
**Settlement Agreement**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by Martha Jane Moyers, Frank Decoteau and The Decoteau-Moyers Family Revocable Trust Dated May 16, 2014 ("Plaintiffs"), and R&A Deliveries LLC, Rodriguez Movers Transportation LLC, Innovel Solutions, Inc., Costco Wholesale Corporation, and NRX Logistics ("Defendants").

### RECITALS

A.    Plaintiffs filed a First Amended Complaint against Defendants in the Boulder County District Court (Civil Action No.: 2018CV030878).  In the Complaint, Plaintiffs alleged damages resulting from the delivery of a refrigerator to 802 Cypress Drive, Boulder, CO 80303 on or about December 23, 2017 (the "Incident").

B.    The parties desire to enter into this Settlement Agreement in order to provide for payment in full settlement and discharge of all claims which are or might have been the subject of the Amended Complaint, upon the terms and conditions set forth herein.

### AGREEMENT

The parties agree as follows:

1.    <u>Release and Discharge</u>.  In consideration of the payment called for herein, Plaintiffs, on their own behalf and on behalf of their past, present and future heirs, successors, assigns, personal representatives, administrators, agents, servants, partners, predecessors, successors in interests and assigns, trustees, attorneys, insurers, agents, officers, directors, shareholders, managers, members, employees, subcontractors, attorneys, insurers, and parent, subsidiary, or affiliated corporations ("Releasors"), completely release and forever discharge Defendants and their successors, assigns, agents, officers, directors, shareholders, managers, members, employees, subcontractors, attorneys, insurers, and parent, subsidiary, or affiliated corporations ("Releasees"), of and from any and all past, present or future claims, demands, obligations, actions, causes of action, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which Releasors now have, or which may hereafter accrue or otherwise be acquired on account of, or in any way growing out of, or which are the subject of the Amended Complaint and all related pleadings, including, without limitation, any and all known or unknown claims for damages to Plaintiffs which have resulted or may result from the Incident.

2.    <u>Mutual Release</u>. For and in consideration of the covenants, promises and mutual releases set forth below, Releasees intend to release and do release, acquit and forever discharge each other of and from any and all liability, rights, claims, demands, including but not limited to damages, costs, expenses, attorney's fees, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown, without exception

or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in the Amended Complaint, on account of and in any manner arising out of or related to the Incident.

3.    <u>Release</u>.  This Release shall be a fully binding and complete settlement between Releasors and Releasees, save only the executory provisions of the Settlement Agreement.

4.    <u>Payments</u>.  In consideration of the Releases set forth above, Defendants R&A Deliveries LLC and Rodriguez Movers Transportation LLC, through their insurer agree to pay to Plaintiffs the total sum of $13,242.01 (THIRTEEN THOUSAND TWO HUNDRED FORTY-TWO AND ONE CENT).  Subject to Paragraph 6 below and following execution of this Settlement Agreement, payment in this amount will be delivered to Plaintiffs' counsel.

5.    <u>General Release</u>.  Releasors hereby acknowledge and agree that the Settlement Agreement sets forth a general release, and further expressly waive and assume the risk of any and all claims for damages which exist as of this date but of which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect Releasors' decision to enter into this Settlement Agreement. Releasors further agree that they have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact and assume the risk that the facts or law may be otherwise than Releasors believe.  It is understood and agreed by the parties that this settlement is a compromise of a doubtful and disputed claim and the payments are not to be construed as an admission of liability on the part of Releasees by whom liability is expressly denied.

6.    <u>Liens</u>.  Plaintiffs represent that there are no liens or reimbursement rights enforceable against the proceeds of this settlement or against Releasees.  If any lien or reimbursement right is asserted against the proceeds herein or against Releasees, Releasors, in consideration of the payment made herein, covenant to pay and satisfy any such asserted lien or reimbursement right, or to satisfy the same on a compromise basis, and to obtain in any event a release of Releasees, and to indemnify and hold harmless said parties from any costs, expenses, attorney fees, claims, actions, judgments, or settlements resulting from the assertion or enforcement of such lien or reimbursement right by any entity having such lien or reimbursement right.

7.    <u>Delivery of Dismissal with Prejudice</u>.  After receiving the settlement check, counsel for Plaintiffs will deliver to counsel for Defendants an executed Stipulation for Dismissal with Prejudice of the civil action described in Recital A above, with each of the parties to bear their own attorneys' fees and costs.

8.    <u>Warranty of Capacity to Execute Agreement</u>.  Plaintiffs represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement except as otherwise set forth herein and that Plaintiffs have the sole right and exclusive authority to execute this Settlement Agreement and receive the sum specified in it; that Plaintiffs have not sold, assigned, transferred,

conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

9.     <u>Entire Agreement and Successors in Interest.</u>   This Settlement Agreement contains the entire agreement between Plaintiffs and Defendants with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

10.     <u>Representation of Comprehension of Document.</u>   In entering into this Settlement Agreement, Plaintiffs represent that they have relied upon the legal advice of their attorneys, who are the attorneys of Plaintiffs' own choice, and that the terms of this Settlement Agreement have been completely read by Plaintiffs, and that those terms are fully understood and voluntarily accepted by Plaintiffs.

11.     <u>Governing Law.</u>   This Settlement Agreement is made pursuant to and shall be construed and governed by the substantive law of the State of Colorado without regard to choice of law principles.

12.     <u>Fraud Language.</u>   It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company.   Penalties may include imprisonment, fines, denial of insurance and civil damages.   Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies.

13.     <u>Additional Documents.</u>   All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

14.     <u>Effectiveness.</u>   This Settlement Agreement shall become effective following execution.

Executed at _Boulder, CO_ , this _15th_ day of November, 2018.

_Martha Jane Moyers_

Representative of The Decoteau-Moyers Family
Revocable Trust Dated May 16, 201

STATE OF COLORADO                    )
                                     ) ss.
COUNTY OF _BOULDER_                  )

Subscribed and sworn to before me this _15th_ day of November, 2018, by
_Martha Jane Moyers_

Witness my hand and seal.

```
DEBORAH A. OSTERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924016639
MY COMMISSION EXPIRES 12/02/2020
```

My commission expires: _12/2/2020_

_Deborah A. Osterman_
Notary Public

Executed at _Boulder, CO_ , this _15th_ day of November, 2018.

_Martha Jane Moyers_
Martha Jane Moyers

STATE OF COLORADO                    )
                                     ) ss.
COUNTY OF _BOULDER_                  )

Subscribed and sworn to before me this _15th_ day of November, 2018, by Martha
Jane Moyers.

Witness my hand and seal.

My commission expires: _12/2/2020_

```
DEBORAH A. OSTERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924016639
MY COMMISSION EXPIRES 12/02/2020
```

_Deborah A. Osterman_
Notary Public

Executed at _Boulder, Co_, this _15th_ day of November, 2018.

_____
Frank Decoteau

STATE OF COLORADO                          )
                                           ) ss.
COUNTY OF _BOULDER_                        )

Subscribed and sworn to before me this _15th_ day of November, 2018, by Frank Decoteau.

Witness my hand and seal.

My commission expires:

_12/2/2020_

DEBORAH A. OSTERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19924016639
MY COMMISSION EXPIRES 12/02/2020

_____
Notary Public

I, George V. Berg, Jr., certify that I have personally reviewed this Settlement Agreement and Release with Martha Jane Moyers, Frank Decoteau and a representative of The Decoteau-Moyers Family Revocable Trust Dated May 16, 2014 and have explained its contents.

BERG HILL GREENLEAF RUSCITTI LLP

_____
George V. Berg, Jr. #22556
Attorneys for Plaintiff