# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :     Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,                          :     Case No. 18-23538 (RDD)
                                                               :
                                                               :     (Jointly Administered)
Debtors.[1]                                                    :
---------------------------------------------------------------x    **Related Docket No. 3682**

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BALLARD SPAHR LLP AS COUNSEL TO THE FEE EXAMINER, <u>*NUNC PRO TUNC*</u> TO THE APPOINTMENT DATE

Upon the application (the "Application")[2] of Paul E. Harner, the appointed fee examiner (the "Fee Examiner") in the above-captioned chapter 11 cases of Sears Holdings Corporation, et al. (collectively, the "Debtors"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Ballard Spahr LLP ("Ballard Spahr" or the "Firm") as counsel to the Fee Examiner, effective as of the Appointment Date, as more fully described in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Application.

the Application; and upon consideration of the Marriott Declaration and the Fee Examiner Declaration; and it appearing that the relief requested is in the best interests of the Fee Examiner, the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court finding that Ballard Spahr is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (a) Ballard Spahr has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the United States Trustee or any of its employees, except as set forth in the Marriott Declaration, (b) Ballard Spahr is not a creditor, equity security holder, or insider of the Debtors, (c) none of Ballard Spahr's attorneys or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors, and (d) Ballard Spahr does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.    The Application is granted and approved.

2. In accordance with section 327(a) of the Bankruptcy Code, the Fee Examiner is hereby authorized to retain and employ the firm of Ballard Spahr as his counsel on the terms set forth in the Application, the Marriott Declaration, the Fee Examiner Declaration and the Engagement Agreement effective, *nunc pro tunc*, as of the Appointment Date.

3. Ballard Spahr shall apply for compensation and reimbursement in accordance with the procedures set forth in the applicable sections of the Bankruptcy Code including sections 330 and 331, applicable provisions of the Bankruptcy Rules, the Local Rules, any fee and expense guidelines of this Court, and any order entered by the Court with respect to interim compensation procedures.

4. Prior to any increase in the rates charged by Ballard Spahr professionals other than those resulting from advancing seniority or promotion typically effective January 1, Ballard Spahr shall file a supplemental affidavit (a "Supplemental Affidavit") with the Court and provide the U.S. Trustee and the Creditors' Committee with notice of any increase. Any Supplemental Affidavit shall explain the basis for the requested rate increase.

5. The Fee Examiner and Ballard Spahr are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application, the Marriott Declaration, and the Fee Examiner Declaration.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2019          _____
White Plains, New York                                    The Honorable Robert D. Drain
                                                                          United States Bankruptcy Judge