UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*Return Date: June 20, 2019*

In re:

Sears Holdings Corporation, *et al.*

Debtors.[1]

Chapter 11

Case No. 18-BK-23538 (RDD)

Jointly Administered

## MOTION BY QBE INSURANCE CORPORATION FOR RELIEF FROM AUTOMATIC STAY FOR THE PUROSES OF FILING DECLARATORY LITIGATION IN THE UNITED STATES DISTRICT COURT AGAINST FORMER DIRECTORS OF SEARS CANADA, INC.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn &Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc.(7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co.(6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

QBE Insurance Corporation ("QBE") by and through the undersigned counsel, move pursuant to 11 U.S.C. §362(d) and Fed.R.Bankr.P. 4001 for an Order:[2] (1) finding the automatic stay does not prohibit QBE from proceeding with the filing of a Declaratory Judgment action in the United States District Court for the Northern District of Illinois against certain former directors of Sears Canada, Inc. under Excess Liability Policy No. QPL0045025 (the "Excess Policy")[3], or (2) alternatively, granting relief from the automatic stay to allow the filing of a Declaratory Judgment action in the United States District Court for the Northern District of Illinois against certain former directors of Sears Canada, Inc. under the Excess Liability.

**PRELIMINARY STATEMENT**

1. Klaudio Leshnjani, William R. Harker, William C. Crowley, Donald C. Ross, James McBurney, Ephraim J. Bird, Calvin R. McDonald, Ronald Boire, Deidra C. Merriwether, Douglas Campbell, Raja Khanna and Deborah Rosati are former directors of Sears Canada, Inc. (collectively the "Former Directors"). The Former Directors have been named as defendants in numerous matters filed in the context of a Companies' Creditors Arrangement Act Proceeding initiated by Sears Canada, Inc. on June 22, 2017 (the "CCAA Proceedings"). The Former Directors have allegedly incurred and will continue to incur defense costs in connection with matters arising out of the CCAA Proceedings.

2. The Former Directors have provided notice that claims may soon be made under the Excess Policy in connection with the CCAA Proceedings. In written correspondence, QBE has informed counsel for the Former Directors that QBE intends to commence a judicial proceeding in the United States District Court for the Northern District of Illinois in which QBE

---

[2] A copy of the proposed Order is attached as Exhibit "A" hereto.
[3] A copy of the Policy is attached as Exhibit "B" hereto.

will request a judicial declaration that is has no obligation to provide coverage to the Former Directors in connection with the claims asserted against them in the CCAA Proceedings.

3. QBE intends to name as defendants in its declaratory judgment action each of the Former Directors solely for the purposes of determining the availability of insurance coverage for the Former Directors under the Excess Policy. The declaratory action to be filed by QBE will not involve questions of liability of the Former Directors in the claims filed against them in the CCAA Proceedings.

4. The Excess Policy provides coverage for claims made during the policy period May 15, 2015 to May 15, 2016, would afford coverage only to the Former Directors in their capacity as current or former officers and directors of Sears Holdings Corporation ("Sears Holdings") and its subsidiaries. There is no entity coverage, whether for indemnification claims or otherwise, under the Excess Policy. Accordingly, the proceeds of the Excess Policy are not property of Sears Holdings and its debtor affiliates (collectively, the "Debtors") bankruptcy estate, and adjudication of coverage for the Former Directors does not implicate the automatic stay.

5. Nevertheless, in an abundance of caution and in the event that this Court determines that the automatic stay is applicable to the adjudication of coverage for the Former Directors' claims under the Excess Policy, QBE requests that this Court enter an order lifting the stay for the purpose of permitting QBE to proceed to file a declaratory judgment action in the United States District Court for the Northern District of Illinois seeking a determination of coverage as it pertains to the Excess Policy.

## JURISDICTION

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §157. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). Venue is proper in this

Court pursuant to 28 U.S.C. §1408.

## BACKGROUND

7.   On October 15, 2018 (the "Petition Date"), Debtors commenced voluntary cases under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York under Case No. 18-23538 (RDD).

8.   Upon the filing of the Chapter 11 cases, the automatic stay set forth in Section 362(a) of the Bankruptcy Code (the "Automatic Stay") was triggered. Any new or further actions against the Debtors are automatically stayed pursuant to section 362(a) of the Bankruptcy Code, which provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3).

9.   As of the date of the Petition Date, the Former Directors had incurred and will continue to incur defense costs in connection with matters arising out of the CCAA Proceedings.

10.  Sears Holdings has denied an obligation to indemnify a number of the Former Directors. For certain of the Former Directors, Sears Holdings has stated that its indemnification obligation as to them are very limited and unlikely to relate to the claims set forth in the CCAA Proceedings. Nonetheless, given that Sears Holdings and certain of its affiliates have initiated Chapter 11 cases, Sears Holdings is unable to provide indemnification to the Former Directors as

of the Petition Date.

11. The Debtors purchased a Side A Policy, Policy No. ELU139030-15, issued by XL Specialty Insurance Company ("XL") to Sears Holding for the Policy Period of May 15, 2015 to May 15, 2016 (the "XL Policy").[4] The XL Policy provides coverage for policy period for Wrongful Acts allegedly committed by directors and officers in their capacity as current or former directors or officers of Sears Holdings and/or its subsidiaries.

12. Section IV. (P) of the XL Policy provides:

> In the event that a liquidation or reorganization proceeding is commenced by or against the Company pursuant to the United States Bankruptcy Code, as amended, or any similar state or local law, the Insured Persons and the Company hereby (1) waive and release any automatic stay or injunction which may apply in such proceeding in connection with this Policy or its proceeds under such Bankruptcy Code or law; and (2) agree not to oppose or object to any efforts by the Insurer or any Insured Person or the Company to obtain relief from any such stay or injunction.

13. QBE issued Excess Insurance Policy No. QPL0045025 to Sears Holdings for the Policy Period of May 15, 2015 to May 15, 2016 (the "Policy Period"). The Excess Policy, subject to its own additional or differing terms, follows the terms, conditions and limitations of the XL Policy.

14. Section IV. (P) of the XL Policy is incorporated into the Excess Policy. By operation Section IV. (P) of the XL Policy, Sears Holding, Sears Canada and the Former Directors have agreed to a release of the Automatic Stay in this matter and have agreed to not oppose or object to any efforts by QBE to obtain relief from the stay.

**REQUESTED RELIEF**

15. QBE believes that the Automatic Stay does not apply to the proposed declaratory

---

[4] A copy of the XL Policy is attached as Exhibit "C" hereto.

5

judgment action seeking adjudication of coverage available to the Former Directors under the Excess Policy. Nevertheless, QBE seeks the entry of an order granting relief from the automatic stay provided for in Section 362(a) of the Bankruptcy Code, to the extent that it applies, to allow the proposed Declaratory Judgment action to proceed, or in the alternative to lift the automatic stay for the purposes of filing the Declaratory Judgment action.

**ARGUMENT**

**The Proceeds of the Policy Are Not Property of Debtors' Estate**

16.     While insurance policies may generally be considered property of the estate, where a policy provides for payment only to a third party, such as payments to officers and directors, or where the debtor has a right of coverage or indemnification, but such right is speculative, courts have held that the proceeds of such a policy are not property of the bankruptcy estate. *See, e.g., In re Adelphia Communications Corp.*, 298 B.R. 49 (S.D.N.Y. 2003) (holding that insurance proceeds were not property of the estate where it had not been suggested that debtors had made any payment for which they may be entitled to indemnification under policy or that any such payments were then contemplated); *In re First Cent. Fin. Corp.*, 238 B.R. 9 (Bankr. E.D.N.Y. 1999) (proceeds of director and officer policies are not assets of the estate and belong to directors and officers as beneficiaries); *In re World Health Alternatives, Inc.*, 369 B.R. 805 (Bankr. D. Del. 2007) (when proceeds of a policy are payable to the directors and officers and not the estate, the proceeds are not property of the estate); *In re Allied Digital Techs., Corp.*, 306 B.R. 505 (Bankr. D. Del. 2004) (holding that proceeds of D&O insurance policy were not property of the estate where debtor's indemnification right under the policy was speculative and direct coverage of debtor under policy was hypothetical); *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir. 1987) (holding that proceeds of a D&O policy belonged only to the officers and directors and,

therefore, were not property of the estate); *In re Pintlar Corp.*, 124 F.3d 1310 (9th Cir. 1997) (directors' and officers' liability coverage was not property of the estate).

17. Here, the Excess Policy only potentially provides coverage to certain directors and officers, including the Former Directors. The disputed coverage would not provide the Debtors with coverage for indemnification claims made by officers and directors or other entity coverage and does not protect any asset of the estate. The disputed proceeds of the Excess Policy are therefore not property of the Debtors' estate.

18. Finally, by operation of Section IV. (P) of the XL Policy, Sears Holding, Sears Canada and the Former Directors have agreed to a release of the Automatic Stay in this matter and have agreed not to oppose or object to any efforts by QBE to obtain relief from the Automatic Stay. See Exhibit C, page 66.

## CONCLUSION

For all the foregoing reasons, QBE respectfully requests that the Court grant QBE's motion for relief pursuant to 11 U.S.C. §362(d).

Respectfully Submitted,

MELITO & ADOLFSON P.C.

By: *[signature]*

Michael F. Panayotou
233 Broadway
New York, NY 10279
Phone: 212-238-8900
Facsimile: 212-238-8999
Email: mfp@melitoadolfsen.com

-and-

Christopher T. Conrad (to apply for admission *pro hac vice*)
David A. Wilford (to apply for admission *pro hac vice*)
WILFORD CONRAD LLP
18 East Dundee Road
Building 6, Suite 150
Barrington, Illinois 60010
Tel: (224) 848-4721
Email: cconrad@wilfordconrad.com
Email: dwilford@wilfordconrad.com
*Attorneys for QBE Insurance Corporation*