# Exhibit B

**QBE® Insurance Corporation**
A Stock Company



# Excess Liability Policy

___

**Home Office:**

c/o CT Corporation System
116 Pine Street, Suite 320
Harrisburg, Pennsylvania  17101

**Administrative Office:**

Wall Street Plaza
 88 Pine Street
New York, New York  10005
 1-877-772-6771

QBE and the links logo are registered service marks of QBE Insurance Group Limited.

02

**This policy consists of:**   Declarations
One or more coverage parts.
A coverage part consists of:
— One or more coverage forms
— Applicable forms and endorsements

**QBE Insurance Corporation**

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

Robert V. James
President

Jose Ramon Gonzalez, Jr.
Secretary

POLICY NUMBER:   QPL0045025

QBEX-3001 (01-14)



**QBE Insurance Corporation**
Wall Street Plaza, 88 Pine Street, New York, New York 10005

Home Office:  c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania  17101

# EXCESS INSURANCE POLICY DECLARATIONS

**THIS POLICY IS A CLAIMS MADE POLICY AND COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD.  THE LIMIT OF LIABILITY TO PAY JUDGMENTS OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE EXHAUSTED BY PAYMENT OF DEFENSE COSTS.  PLEASE READ THIS POLICY CAREFULLY.**

| | | |
|---|---|---|
| **Item 1**: | Named Insured: | Sears Holdings Corporation |
| | Mailing Address: | 3333 Beverly Road<br>Hoffman Estates, IL 60179 |
| **Item 2**: | Policy Period | From:  May 15, 2015   To:  May 15, 2016<br>At 12:01 A.M. Standard Time at the mailing address stated in Item 1 |
| **Item 3**: | Limit of Liability | $15,000,000 excess of $15,000,000 |

        A.   100% of $ 15,000,000 any one Claim
        B.   100% of $ 15,000,000 in the aggregate

**Item 4**:   A.  Followed Policy
        Insurer:              XL Specialty Insurance Company
        Policy Number:   ELU139030-15
        Limit of Liability:  $15,000,000
        Policy Period:     May 15, 2015 To:  May 15, 2016

       B.  Underlying Insurance: Not Applicable

**Item 5**:   Premium and Applicable Charges

       Premium:   [REDACTED]

**Item 6**:   A. Notice to Insurer of a Claim or circumstance:     B. All Other Notices to Insurer:

| | |
|---|---|
| QBE Insurance Corporation<br>Attn: The Claims Manager<br>Wall Street Plaza<br>88 Pine Street, 18th Floor<br>New York, New York 10005<br>Telephone: (877) 772-6771<br>Email: professional.liability.claims@us.qbe.com | QBE Insurance Corporation<br>Attn: Underwriting<br>Wall Street Plaza<br>88 Pine Street, 18th Floor<br>New York, New York 10005<br>Telephone: (877) 772-6771<br>Email: MLPLadmin@us.qbe.com |

QBEX-3001 (01-14)                                                                                                                                        Page 1 of 1

QBE and the links logo are registered service marks of QBE Insurance Group Limited

03

In witness whereof, the Insurer has caused this Policy to be executed, but it shall not be valid unless also signed by a duly authorized representative of the Insurer.

| | |
|---|---|
| Robert V. James<br>President | Jose Ramon Gonzalez, Jr.<br>Secretary |

June 3, 2015
Date

**POLICY NUMBER:   QPL0045025**                                                                                         **QBEX-1000 (01-14)**



# EXCESS INSURANCE POLICY

**I. INSURING CLAUSE**
The Insurer shall provide insurance coverage in accordance with the same terms, conditions and limitations of the **Followed Policy**, including those involving policy termination, representations and severability, notice and extended reporting period, and in accordance with the terms and conditions set forth herein.

**II. GENERAL CONDITIONS**
The conditions set forth in this Section **II. GENERAL CONDITIONS** are in addition to those set forth in the **Followed Policy**, and are specific to the coverage provided by this Policy.

(a) Coverage under this Policy shall attach only after exhaustion of the limits of liability of the **Underlying Insurance**. The Insurer shall recognize monetary contribution by or on behalf of an Insured to such exhaustion of the limits of liability of the **Underlying Insurance**.

(b) The limits of liability set forth in Item 3 of the Declarations represent the maximum amount payable under this Policy during the Policy Period for any one Claim and in the aggregate.

(c) If the limits of liability of the **Underlying Insurance** are reduced, this Policy shall continue in force as excess insurance for the remaining amount of the limits of liability of the **Underlying Insurance.**  If the limits of liability of the **Underlying Insurance** are exhausted, this Policy shall continue in force as primary insurance, subject to any applicable retention.

(d) The Policy does not provide excess insurance above any sub-limit of liability available under any **Underlying Insurance**, unless the Insurer has agreed to provide such excess coverage by separate endorsement to this Policy. However, where payment of amounts subject to a sublimit erode or reduce the limits of liability of the **Underlying Insurance**, this Policy shall recognize such erosion or reduction of the limits of liability of the **Underlying Insurance**.

(e) All notices to the Insurer shall be sent to the applicable address set forth in Item 6 of the Declarations.

(f) The Insurer may elect to effectively associate in the investigation, settlement or defense of any claim reasonably likely to be covered under this Policy.

(g) Any change in or modification to **Underlying Insurance** or this Policy or assignment of interest under this Policy must be agreed to in writing by Insurer, and in no event shall any such change, modification or assignment affect this Policy's excess position or attachment point.

**III. EXCESS POLICY DEFINITIONS**
Any term used in this Policy that is defined in the **Followed Policy** shall have the same meaning as assigned to such term in the **Followed Policy**.

(a) **Followed Policy** means the insurance policy set forth in Item 4A. of the Declarations.
(b) **Underlying Insurance** means the **Followed Policy** and any other insurance policies set forth in Item 4B. of the Declarations.

**QBEX-1000 (01-14)**                                                                                                                    Page 1

05

POLICY NUMBER: QPL0045025

Endorsement Effective Date: May 15, 2015

QBEX-2005 (01-14)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# INSURER RATING DOWNGRADE ENDORSEMENT

It is hereby agreed that the Named Insured may cancel this Policy immediately upon written notice to the Insurer if the Insurer's financial strength rating for AM Best falls below "A-". If cancelled pursuant to such ratings downgrade, the Insurer shall retain the pro rata proportion of the premium.

All other terms and conditions of this Policy remain unchanged.

**POLICY NUMBER:   QPL0045025**

**Endorsement Effective Date: May 15, 2015**                                                                QBEX-2006 (01-14)

# THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# LIMITS EXHAUSTION BY OTHER PARTY PAYMENTS ENDORSEMENT

It is hereby agreed that Section **II. General Conditions**, paragraph (a), of this Policy is replaced by the following:

(a) Coverage under this Policy shall attach only after exhaustion of the limits of liability of the **Underlying Insurance**. The Insurer shall recognize monetary contribution by an Insured or any other party to such exhaustion of the limits of liability of the **Underlying Insurance**.

All other terms and conditions of this policy remain unchanged.

QBEX-2006 (01-14)                                                                                          Page 1 of 1

**POLICY NUMBER:   QPL0045025**
**Endorsement Effective Date: May 15, 2015**                                                            QBEX-2002M (05-15)

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# DIC ENDORSEMENT

It is hereby agreed that:

I.  Section **II. General Conditions**, paragraph (a), is replaced by the following:

(a) Coverage under this Policy shall attach only after exhaustion of the limits of liability of the **Followed Policy**. The Insurer shall recognize exhaustion of the limits of liability of the **Followed Policy** due to: (1) monetary contribution by or on behalf of an Insured; or (2) a **DIC Event**.  This Policy shall recognize a reduction or exhaustion in the limits of liability as result of a **DIC Event** without prejudice to its excess position, but shall only attach in the event of a **DIC Event** in the absence of any other valid and collectible **Followed Policy**.

II. For the purposes of this endorsement, **DIC Event** means  when the insurer of the **Followed Policy**:

1. wrongfully refuses to pay **Loss** as required by the terms and conditions of the **Followed Policy**; or

2. fails or refuses to pay **Loss** due to (a) the appointment by any state or federal official, agency or court of a receiver, conservator, liquidator, trustee, rehabilitator or similar official to take control of, supervise, manage or liquidate an entity; (b) the entity becoming a debtor-in-possession pursuant to United States bankruptcy law; or (c) the equivalent status of (a) or (b) outside the United States.

All other terms and conditions of this policy remain unchanged.



# Notice to Policyholders
# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")

**NO COVERAGE IS PROVIDED BY THIS POLICYHOLDER NOTICE NOR CAN IT BE CONSTRUED TO REPLACE ANY PROVISIONS OF YOUR POLICY. YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGES YOU ARE PROVIDED.**

**THIS NOTICE PROVIDES INFORMATION CONCERNING POSSIBLE IMPACT ON YOUR INSURANCE COVERAGE DUE TO DIRECTIVES ISSUED BY OFAC.**

**PLEASE READ THIS NOTICE CAREFULLY**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

As "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site - http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.