Presentment Date and Time: May 27, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: May 24, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                    :
In re                               :    Chapter 11
                                    :
**SEARS HOLDINGS CORPORATION,** *et al.*,    :    Case No. 18-23538 (RDD)
                                    :
Debtors.[1]                         :    (Jointly Administered)
                                    :
------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement And Order Granting Limited Relief From The Automatic Stay* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **May 27, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **May 24, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be determined.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: May 17, 2019
New York, New York

      /s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit 1

**Stipulation**

WEIL:\96991838\4\73217.0004

Presentment Date and Time: **May 27, 2019 at 10:00 a.m. (Eastern Time)**
Objection Deadline: **May 24, 2019 at 4:00 p.m. (Eastern Time)**
Hearing Date and Time (Only if Objections Filed):  **To Be Determined**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                        :
                                                                                   :       Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,       :
                                                                                   :       Case No. 18-23538 (RDD)
                                                                                   :
          Debtors.[1]                                                     :       (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears, Roebuck and Co. (the "**Debtor**") and Erica Natasha Moore ("**Movant**").  The Debtor and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**."  The Parties hereby stipulate and agree as follows:

### RECITALS

A.  WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtor and certain of its affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, on August 10, 2012, Movant commenced an action styled as *Erica Natasha Moore v. Sears, Roebuck and Co., and Cleaning Services Group, Inc. (CSG)* (the "**State Court Action**") in the Superior Court of Lowndes County, State of Georgia (the "**Georgia State Court**") against the Debtor. The State Court Action involves claims asserted by Movant arising out of certain alleged injury that occurred at 1709 Baytree Road, Valdosta, Georgia on December 19, 2010.

C. WHEREAS, a Dismissal Without Prejudice was filed on September 12, 2018. This Dismissal was not based on the merits and was filed by Movant to enable Movant to conduct some further discovery and medical depositions.

D. WHEREAS, on January 24, 2019, Movant served and filed the *Motion of Erica Natasha Moore for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [ECF No. 1777] (the "**Motion**"),[2] seeking relief from the Automatic Stay for the limited of re-filing and prosecuting the State Court Action to liquidate Movant's claims so that Movant may (i) recover her liquidated claims from *Cleaning Services Group, Inc. (CSG)* and/or CSG of Florida, or any applicable provider of insurance, and/or (ii) participate as a creditor with liquidated claims against the Chapter 11 Entities.

E. WHEREAS, due to a deadline that existed for the refiling of the State Court Action in the Georgia State Court, the parties agreed neither the Debtor nor the other Chapter 11 Entities

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

6

would object to Movant's immediately refiling the State Court Action against the Debtor and *Cleaning Services Group, Inc. (CSG)*, and serve said Action, upon the condition that Movant would not proceed or take any further or take any other action in the State Court Action against the Debtor, while the Debtor and the Chapter 11 Entities sought to confirm that the Debtor would be indemnified ("**Confirmation Investigation**").

F. WHEREAS, on February 25, 2019, Movant refiled the complaint in the State Court Action against the Debtor and *Cleaning Services Group, Inc. (CSG)* and thereafter served the Debtor and *Cleaning Services Group, Inc. (CSG)* with the State Court Action and the summons, and as otherwise required under Georgia law.

G. WHEREAS, the Debtor completed its Confirmation Investigation and has confirmed that the Debtor would be indemnified.

H. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to (i) permit Movant to proceed with the State Court Action against the Debtor and *Cleaning Services Group, Inc. (CSG)*, and prosecute said action to attempt to establish Sears' and/or *Cleaning Services Group, Inc. (CSG)*'s liability to Movant (and the amount of such liability) against each and both of them, so that the indemnification agreement between Sears and *Cleaning*

*Services Group, Inc. (CSG)* and/or CSG of Florida (under which Sears is to be indemnified by *Cleaning Services Group, Inc. (CSG)* and/or CSG of Florida for all damages) shall come into full force and effect, and (ii) collect upon any judgment rendered in the State Court Action only from CSG and/or non-Debtor property or sources, and not against the Debtors, their estates, or their successors, provided however that Movant may collect from the Debtors only if and to the extent that the Debtors will be and are indemnified by any contract(s) of indemnity issued by CSG.

3.     All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtor or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date other than as expressly set forth herein, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

4.     Subject to paragraph 3 above, on the Effective Date, the PI Claimant hereby agrees to waive any right to recovery in the State Court Action against the Debtors, as well as any prepetition claim (as defined in section 101(5) of the Bankruptcy Code).

5.     Movant agrees and acknowledges that (1) any recovery arising from the Prepetition Action (whether by mediation, arbitration, trial, or otherwise) with respect to the Debtors, their estates, or their successors will be limited to funds made available from *Cleaning Services Group, Inc. (CSG)* and/or CSG of Florida and/or other non-debtor defendants, non-debtor sources, or indemnity agreement(s), if any, and not from the Debtors, their estates, or their successors and (2) to the extent that an applicable insurance policy and/or indemnity agreement(s), if any, or amounts due from *Cleaning Services Group, Inc. (CSG)* and/or CSG of Florida and/or any other non-debtor defendant or non-debtor source do not satisfy a judgment, settlement, or other disposition with

8

respect to the Prepetition Action, for any reason, neither the Debtors, their estates, or their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in the Bankruptcy Cases, and the Movants shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, or their successors.

6. For the avoidance of doubt, the Debtors, their estates, or their successors do not stipulate, agree, represent, or warrant that they are liable for and shall not be required to fund costs associated with any (1) self-insured retention or deductible, (2) any obligation to post any security or deposit with any non-debtor defendants or any insurer pursuant to the terms of an applicable insurance policy, if any, or (3) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurers' claims based on indemnification obligations or any applicable insurance policies, respectively, against the Debtors, their estates, or their successors in connection with the Prepetition Action.

7. Movant further agrees that any other claims or proofs of claim that were or could have been filed by Movant in connection with the Prepetition Action against the Debtors, their estates, or their successors in their chapter 11 cases, if any, are, by the entry of this Stipulation, deemed disallowed. The Movants shall not be entitled to any recovery against the Debtors' or their successors' assets or their property (except to the extent that an indemnity agreements and/or their proceeds constitute their property), and except to the extent of applicable insurance policies and/or indemnification obligations, hereby fully, finally, and forever releases and discharges the Debtors, their estates, and their property, or their successors, of and from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs (including out-of-pocket expenses, court costs, expert witness fees, etc.), and any other liabilities of any nature whatsoever, whether sounding in contract, tort or otherwise, whether matured or unmatured,

WEIL:\96991838\4\73217.0004

accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter, including for the avoidance of doubt, the claims that the Movants have asserted or could have asserted against the Debtors, their estates, their property or their successors. These agreed upon terms shall be reflected as such on the Bankruptcy Court's official claims register.

8. Upon the Effective Date, the Motion shall be deemed withdrawn.

9. As of the Effective Date, Movant agrees to waive any right to recovery related to the State Court Action against any party (whether or not currently named as a defendant in the State Court Action) who may assert indemnification claims against the Chapter 11 Entities.

10. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

11. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim relating to the State Court Action or any other pending prepetition action to which the Debtor or any of the other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

12. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the State Court Action or any other matter.

10

13. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

14. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

15. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

16. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

17. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

18. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

19. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

WEIL:\96991838\4\73217.0004

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated:                                                                 Dated:

By:   */s/ Garrett A. Fail*                     By:   */s/ Neil H. Ackerman*

Ray C. Schrock, P.C.                          Neil H. Ackerman
Jacqueline Marcus                             Kamini Fox
Garrett A. Fail                                     ACKERMAN FOX, LLP
Sunny Singh                                        90 Merrick Ave., Suite 400
WEIL, GOTSHAL & MANGES LLP       East Meadow, NY 11554
767 Fifth Avenue                                Telephone: (516) 493-9920
New York, NY 10153                       Facsimile: (516) 228-3396
Telephone: (212) 310-8000
Facsimile: (212) 310-8007                   *Attorneys for Movant*

*Attorneys for Debtors
and Debtors in Possession*

Dated: _____, 2019
       New York, New York

                                               THE HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE

13