**Hearing Date and Time: May 21, 2019 at 10:00 am (Eastern)**

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDING CORPORATION, *et al.*[1],** | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**MIEN CO. LTD. JOINDER IN RESPONSE TO DEBTORS' OMNIBUS
OBJECTION TO VENDORS' MOTIONS FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Mien Co. Ltd. ("Mien"), by its attorneys, The Sarachek Law Firm, joins in the Responses to the Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Expense Claims filed by creditors Gokaldas Exports Ltd. [Dkt. 3918] and Apex Tool Group, LLC [Dkt. 3921], and, in addition, represents as follows:

1.      The Debtors cannot confirm a Chapter 11 Plan without paying administrative creditors in full.  11 U.S.C. § 1129.  While the instant matter before the Court is the Debtors' Objection to various motions to compel payment of administrative expenses, it is really a pre-cursor to the Debtors' plan.  For some time now, the Debtors have been making contradictory arguments about paying post-petition administrative claims. On the one hand, the Debtors have told vendors that they will be paid either through the estate or through Transform Holdco, LLC ("Transform") as part of the sale agreement with the Debtors.   Now that the sale has been approved and the Debtors are trying to move toward confirmation, the Debtors have pivoted and are taking the position that various creditors who provided goods post-petition are not entitled to administrative status under Section 503(b)(1).  Simply put, vendors who provided goods to the Debtors are entitled to be paid; similar to lawyers who provide services to Debtors.  As this Court acknowledged at the sale hearing, employees and vendors are the life blood or any company, and deserve to be protected.

2.      A second issue which has arisen as a result of the Debtors conduct is that Mien, and other vendors, do not have faith in the Debtors' ability to timely reconcile claims and pay them.  Under the agreement between the Debtors and Transform, vendors are supposed to receive in aggregate of $139,000,000 by June 1, 2019 to cover 503(b)(9) administrative claims.  Yet, it appears no work has been completed by the Debtors to establish whether such claims are valid and to whom the money should be paid.  The analysis of whether the Debtors received

2

goods within 20 days prior to the October 15, 2018 is simply not that difficult to accomplish.  On

several occasions Debtors' counsel has represented that the Debtors do not have the information

within their database to perform this analysis.  For a company the size of Sears, this does not

seem plausible.  Completing this analysis needs to be a priority of this estate because vendors

need the funds, and the Debtors cannot confirm a plan without this information.

3.      As Mien has represented in previous filings and argued to this Court, it is

imperative that the Court establish a process for getting these claims paid that is orderly and

transparent. [Dkts. 890, 1202, 2318, 2835, 3323].  Based on the Debtors' filings, it does not

appear that the Debtors are capable of this task.  Mien respectfully requests that the Court

appoint an independent party to timely reconcile administrative claims in accordance with the

case law as set forth in *In re World Imports, Ltd., 862 F.3d 338* (3d Cir. 2017).

Date:   New York, NY
        May 17, 2019


                                        Respectfully submitted,


                                        THE SARACHEK LAW FIRM


                                         /s/ Joseph E. Sarachek__
                                        Joseph E. Sarachek
                                        101 Park Avenue – 27th Floor New York, NY.
                                        10178 Telephone: (646) 517-5420
                                        Facsimile: (646) 861-4950
                                        joe@saracheklawfirm.com