UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 11
SEARS HOLDING,Corp.                                         Case No: 18-23538
                Debtor.
-------------------------------------------------------X

## WILLIAM JUIRIS'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

William Juiris, ("Juiris"), by and through his attorneys, hereby replies to the Third Omnibus Objection of Debtors to Motions for Relief from Stay ("Omnibus Objection") [ECF No. 3877] as it relates to Juiris's Motion to Modify the Automatic Stay [ECF No. 2745] as follows:

### ARGUMENT

Juiris is entitled to relief from stay. There is no harm to the estate if the stay is granted and great harm to Juiris if it is denied. Juiris has direct claims against a third party surety and is not subject to the alleged exhaustion of Debtor's liability coverage. The Debtor misstates in its Omnibus Objection that "Debtors are without coverage to defend or satisfy claims arising out of the applicable Actions" which would presumably include the Juiris matter. *See* Omnibus Objection, par. 24. That is false. As set forth in Exhibit A hereto, Argonaut Insurance Company provided its surety bond in the amount of $130,050.00 to secure the satisfaction of the judgment entered in favor of Juiris on appeal. Thus, Debtor's reference to the exhaustion of general liability and umbrella policies has no bearing on Juiris's appeal and Debtor has no grounds to delay stay relief here.

Unable to claim that the Juiris claim lacks insurance coverage, Debtor's only argument is grounded in its newly found aversion to incurring legal fees. In the Juiris matter, the estate would

incur legal fees in prosecuting an appeal that it filed and for which a third party is liable if the Debtor loses the appeal. The problem for the Debtor is that such an argument will always be true. This estate will incur costs whether litigating the Juiris claim in bankruptcy or litigating the appeal.[1] Courts have held that "the cost of defending litigation by itself, has not been regarded as constituting 'great prejudice,' precluding relief from the automatic stay." *In re Deep*, 279 B.R. 653, 659 (Bankr. N.D.N.Y. 2002) (citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992) (quoting In re Unioil, 54 B.R. 192, 195 (Bankr. D. Colo. 1985)). Here, the estate is not even defending litigation - it is prosecuting litigation that it brought and may voluntarily dismiss.

Indeed, should the estate choose to fight Juiris instead of letting Juiris receive payment from a third party and alleviate the estate of fees in administering the Juiris claim, the estate will still incur substantial legal costs whether those of the Weil Gotshal firm in this Court or outside counsel in the appeal before the Illinois Appellate Court. At this time, the Debtors have sold their assets and their lawyers are presumably dealing with non-operational issues such as litigation and preparing for litigation. Freezing the Juiris matter for an indefinite time period only harms Juiris and does nothing to help this estate.

The appeal of the Juiris claim will never be heard in this Court. This Court lacks jurisdiction to resolve the appeal of the Illinois Court under the *Rooker-Feldman* doctrine and the only way that the appeal will ever be resolved is through the estate hiring outside counsel to prosecute the appeal. *See e.g., In re Zurn*, 290 F.3d 861, 863 (7th Cir. 2002) ("The Rooker-Feldman doctrine instantiates the principle that only the Supreme Court of the United States may

---

[1] Counsel for Juiris has discussed this matter with numerous lawyers at Weil Gotshal and such lawyers have presumably incurred significant legal fees in reviewing documents and drafting the Omnibus Objection to delay the Juiris appeal. The legal fees already incurred by the estate are probably substantial and will continue to grow. It should not be lost on anyone that the amount at stake here is only involves a claim for $92,000.

modify a judgment entered by a state court in civil litigation.").[2] The estate will be required to prosecute or drop the appeal and that will be true for an indefinite period of time. In the meantime, Mr. Juiris will be permanently denied access to the only court that may finally adjudicate his claim. "Where the continuation of the stay deprives the judgment creditor of the opportunity to collect the judgment from a third party—and no other sources of collection exist—a court will generally lift the stay to permit the litigation to continue." *In re Keene Corp.*, 171 B.R. 180, 184 (Bankr. S.D.N.Y. 1984).

WHEREFORE, William Juiris requests that this Court modify the automatic stay in this case to permit the Debtor's appeal to go forward, waiving the provision of Fed. R. Bankr. P. 4001(a)(3), and granting him such other and further relief as the Court deems just and proper.

Respectfully submitted,
William Juiris

By: /s/   Lawrence W. Byrne
        One of his attorneys

---

[2] The Debtor states that Juiris filed a proof of claim suggesting that the claim will be resolved in this proceeding. However, the claim is a contingent claim in the event that the bond is insufficient or the appeal results in a reversal of the state court judgment. The claim states that "Claimant asserts a contingent claim against this estate in the event that the bond is insufficient to cover the cost of the judgment or in the event that the matter is reversed and remanded by the Illinois Appellate Court." Juiris also reserved his "right to dispute the jurisdiction of this Court to hear any proceeding, motion or matter related to this Proof of Claim." Thus, Juiris has not agreed to allow litigation over the appeal in this Court.

# EXHIBIT A

FIRM ID NO. 90747

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| IN RE THE MARRIAGE OF: | |
| WILLIAM STEVEN JUIRIS, | |
| Petitioner, | |
| v. | Case No. 13 D 10549 |
| HEIDI LYNN JUIRIS, | Judge David Haracz |
| Respondent. | |
| SEARS HOLDING CORP. | |
| Third-Party Respondent. | |

### AGREED ORDER REGARDING APPEAL BOND

This matter coming before the Court on Third-Party Respondent Sears Holding Corp.'s request for the Court to approve the form of Appeal Bond pursuant to Supreme Court Rule 305(a), and the pertinent parties in agreement, IT IS HEREBY ORDERED:

1. The form of Appeal Bond proposed by Sears Holding Corp. is attached;

2. The parties agreed that the form of Appeal Bond is acceptable and in conformance with Supreme Court Rule 305(a); and

3. The Court hereby approves the form of Appeal Bond as indicated by its Approval on the attached Appeal Bond.

ENTERED:

Associate Judge
E. Haracz
APR 19 2018
Circuit Court – 1878

Dated: April 19, 2018

45846060v.1

*Agreed as to form:*

_____     _____
Larry Byrne, counsel for Petitioner          Louis S. Chronowski, counsel for Sears
                                                                Holding Corp.


Order Prepared By:

Attorney No. 90747
Louis S. Chronowski
Seyfarth Shaw LLP
Atty. for Sears Holding Corp.
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
312-460-5368

2

45846060v.1

Bond No. SUR0045228

**3316 Appeal Bond** (Rev. 9/11/02) CCA 0016

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

County _____ DEPARTMENT Domestic Relations Div.
(County) (Municipal)  (Division) (District)

William Steven Juiris, Petitioner

v.  No. 13-D-10549

Heidi Lynn Juiris, Respondent; Sears Holding Corp., Third-Party Respondent

## APPEAL BOND

On March 22, 2018, judgment for $ 86,700.00
and costs was entered for William Steven Juiris
against Third-Party Respondent Sears Holding Corp.
from which Third-Party Respondent Sears Holding Corp.
has appealed to the First District Appellate Court of Illinois.

We jointly and severally agree to pay to the above judgment creditor any part of the judgment which is not reversed, and interest, damages and costs.

The obligation of this bond is limited to $ 130,050.00.

Sears Holding Corp.

Approved:

Associate Judge
David E. Haracz
APR 1 9 2018
Circuit Court 1878

_____ As principal
Judge

Argonaut Insurance Company

_____ As surety
Susan A. Welsh, Attorney-in-Fact

Atty. No.: 90747
Name: Louis S. Chronowski
Atty. for: Third-Party Respondent Sears Holding Corp.
Address: 233 S. Wacker Drive, Suite 8000
City/State/Zip: Chicago, Illinois 60606
Telephone: 312-460-5000

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## ACKNOWLEDGEMENT BY SURETY

STATE OF ILLINOIS
COUNTY OF COOK

On this 22nd day of March, 2018, before me, Nicholas Pantazis, a Notary Public, within and for said County and State, personally appeared Susan A. Welsh to me personally known to be the Attorney-in-Fact of and for Argonaut Insurance Company and acknowledged that s/he executed the said instrument as the free act and deed of said Company.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the aforesaid County, the day and year in this certificate first above written.

_____
Notary Public in the State of Illinois
County of Cook

OFFICIAL SEAL
NICHOLAS PANTAZIS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/18/2021

**Argonaut Insurance Company**     AS-0093642
**Deliveries Only: 225 W. Washington, 24th Floor**
**Chicago, IL 60606**
**United States Postal Service: P.O. Box 469011, San Antonio, TX 78246**

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That the Argonaut Insurance Company, a Corporation duly organized and existing under the laws of the State of Illinois and having its principal office in the County of Cook, Illinois does hereby nominate, constitute and appoint:

Linda M. Napolillo, Marcia K. Cesafsky, Sandra M. Winsted, Susan A. Welsh, Michelle D. Krebs, Judith A. Lucky-Eftimov, Sandra M. Nowak, Derek J. Elston, Christina L. Sandoval, Ann Mullins, Anna A. Formhals

Their true and lawful agent(s) and attorney(s)-in-fact, each in their separate capacity if more than one is named above, to make, execute, seal and deliver for and on its behalf as surety, and as its act and deed any and all bonds, contracts, agreements of indemnity and other undertakings in suretyship provided, however, that the penal sum of any one such instrument executed hereunder shall not exceed the sum of:

$39,000,000.00

This Power of Attorney is granted and is signed and sealed under and by the authority of the following Resolution adopted by the Board of Directors of Argonaut Insurance Company:

"RESOLVED, That the President, Senior Vice President, Vice President, Assistant Vice President, Secretary, Treasurer and each of them hereby is authorized to execute powers of attorney, and such authority can be executed by use of facsimile signature, which may be attested or acknowledged by any officer or attorney, of the Company, qualifying the attorney or attorneys named in the given power of attorney, to execute in behalf of, and acknowledge as the act and deed of the Argonaut Insurance Company, all bond undertakings and contracts of suretyship, and to affix the corporate seal thereto."

IN WITNESS WHEREOF, Argonaut Insurance Company has caused its official seal to be hereunto affixed and these presents to be signed by its duly authorized officer on the 18th day of July, 2013.

Argonaut Insurance Company

by: _____
Joshua C. Betz, Senior Vice President

STATE OF TEXAS
COUNTY OF HARRIS SS:

On this 18th day of July, 2013 A.D. before me, a Notary Public of the State of Texas, in and for the County of Harris, duly commissioned and qualified, came THE ABOVE OFFICER OF THE COMPANY, to me personally known to be the individual and officer described in, and who executed the preceding instrument, and he acknowledged the execution of same, and being by me duly sworn, deposed and said that he is the officer of the said Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and the said Corporate Seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said corporation, and that Resolution adopted by the Board of Directors of said Company, referred to in the preceding instrument is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand, and affixed my Official Seal at the County of Harris, the day and year first above written.

KATHLEEN M MEEKS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 07-15-2017

Kathleen M. Meeks
(Notary Public)

I, the undersigned Officer of the Argonaut Insurance Company, Illinois Corporation, do hereby certify that the original POWER OF ATTORNEY of which the foregoing is a full, true and correct copy is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand, and affixed the Seal of said Company, on the 22nd day of March, 2018.

Sarah Heineman, VP-Underwriting Surety

THIS DOCUMENT IS NOT VALID UNLESS THE WORDS ARGO POWER OF ATTORNEY AND THE SERIAL NUMBER IN THE UPPER RIGHT HAND CORNER ARE IN BLUE, AND THE DOCUMENT IS ISSUED ON WATERMARKED PAPER. IF YOU HAVE QUESTIONS ON AUTHENTICITY OF THIS DOCUMENT CALL (210) 321-8400.



Fill in this information to identify the case:

Debtor 1  Sears Holdings Corporation

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York

Case number  18-23538



Official Form 410

# Proof of Claim

Claim No. 12025
Initials ___/__

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
William S. Juiris
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ___

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? ___

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o John S. Delnero
Name

161 N. Clark, Ste 2700
Number    Street

Chicago          Il        60601
City             State     ZIP Code

Contact phone  3122612185

Contact email  jdelnero@pedersenhoupt.com

Where should payments to the creditor be sent? (If different)

Name

Number    Street

City    State    ZIP Code

Contact phone ___

Contact email ___

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ — ___ ___ ___ — ___ ___ ___ — ___ ___ ___

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) ___    Filed on ___ / ___ / ___
                                                                      MM   DD   YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? ___

Official Form 410                         Proof of Claim                         page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
|---|---|
| 7. How much is the claim? | $ 92,900.00 . Does this amount include interest or other charges? <br> ☐ No <br> ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as health care information. <br> **see attached** |
| 9. Is all or part of the claim secured? | ☐ No <br> ☑ Yes. The claim is secured by a lien on property. <br> **Nature of property:** <br> ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*. <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> Value of property: $ _____ <br> Amount of the claim that is secured: $ _____ <br> Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> Amount necessary to cure any default as of the date of the petition: $ _____ <br><br> Annual Interest Rate (when case was filed) _____ % <br> ☐ Fixed <br> ☐ Variable |
| 10. Is this claim based on a lease? | ☑ No <br> ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No <br> ☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/22/2019
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name         John Steven Delnero
             First name        Middle name        Last name

Title        _____

Company      _____
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      161 N. Clark, Ste 2700
             Number        Street
             Chicago                                    Il          60565
             City                                       State       ZIP Code

Contact phone  312 261 2185                    Email  jdelnero@pedersenhoupt.com

Official Form 410                    Proof of Claim                    page 3

## STATEMENT IN SUPPORT OF PROOF OF CLAIM

William Juiris (hereinafter "Claimant") hereby files this Proof of Claim based on the claims presented herein (the "Claims").

### RESERVATION OF RIGHTS

1. Claimant expressly reserves her right to amend or supplement this Proof of Claim at any time for whatever reason, including, without limitation, for the purpose of filing additional claims and requests for payment. By virtue of filing this Proof of Claim, Claimant does not waive and hereby expressly reserves his right to pursue claims and requests for payment (including, but not limited to, the Claims) against Debtor based upon alternative legal theories. Claimant does not waive his right to a jury trial or his right to dispute the jurisdiction of this Court to hear any proceeding, motion or matter related to this Proof of Claim.

### BASIS OF RECOVERY

2. Claimant asserts a contingent claim in the principal amount of $92,900.00 plus post judgment interest pursuant to a judgment entered against Debtor by the Circuit Court of Cook County, Illinois on March 21, 2018. A copy of the judgment is attached hereto as Exhibit A. The Debtor appealed the judgment to the Illinois Appellate Court and the matter is currently stayed. The Debtor has posted a bond to secure its obligations to Claimant and Claimant asserts a contingent claim against this estate in the event that the bond is insufficient to cover the cost of the judgment or in the event that the matter is reversed and remanded by the Illinois Appellate Court.

### GENERAL PROVISIONS APPLICABLE TO CLAIM

3. To the extent that, Debtor asserts claims against Claimant. of any kind, Claimant reserves the right to assert that such claims by the Debtor are subject to rights of setoff and/or

recoupment (the "Setoff Rights"), which rights are treated as secured claims under the United States Bankruptcy Code, 11 U. S. C. 101, *et. seq.* as amended (the "Bankruptcy Code").

4.    The Claims described in the preceding paragraph are set forth only to preserve any and all Setoff Rights and other entitlements Claimant may have as hereinbefore asserted, and nothing set forth herein shall be construed as an admission that Debtor has any valid claims or causes of action against Claimant.

Order                                                                                    (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

William S. Jivris
            v.
Heidi L. Jivris

No. 13 D 10544
Page 1 of 2

Sears Holding Corp,
                    3rd Party
### ORDER

For Reasons stated on Record
This cause coming to be heard for
Ruling on William's Two Count Motion for
(1) Rule to Show cause against Sears for
failure to withhold income pursuant to a
Valid Court order and (2) a Violation of the
Withholding Act. The Court Making findings
on the Record It is hereby ordered
as follows:
(1) The Court grants William's Petition on
Both Counts.

Attorney No.: 07779
Name: Pedersen & Haupt
Atty. for: William Jivris
Address: 161 N. Clark #2700
City/State/Zip: Chicago IL 60601
Telephone: (312) 261-2155

ENTERED:

Dated: _____

_____
Judge             Judge's No.

Order                                                              (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

William Juris
v.
Heidi Juris
and
To: Sears Holding Corp.
3rd Party

No. 13 D 10544

Page 2 of 2

ORDER

(2) A Judgment is made in favor of William and against Sears in the sum of $92,900.00 Payable within 30 days for a Violation of the Withholding Act

(3) There is no just reason to delay Appeal or Enforcement of Paragraph 2 of this order.

(4) William is Granted leave to file a Petition for Fees Pursuant to 750 ILCS 5/508 (4)

Attorney No.: 71117
Name: Roderick E. Huff
Atty. for: William Juris
Address: 161 N. Clark #2700
City/State/Zip: Chicago, IL 60601
Telephone: (312) 261-2155

ENTERED:
Associate Judge
David E. Haracz
MAR 21 2018
Circuit Court – 1878

Dated: _____

_____
Judge                Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**