**Presentment Date and Time: May 21, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: May 20, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): May 21, 2019 at 10:00 a.m. (Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | |
|---|---|
| In re | : |
| | :   **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : |
| | :   **Case No. 18-23538 (RDD)** |
| | : |
| Debtors.[1] | :   **(Jointly Administered)** |

--------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER (I) AUTHORIZING**
**ASSUMPTION AND ASSIGNMENT OF LEASE OF NON-RESIDENTIAL**
**REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "Buyer") will present the *Order (I) Authorizing Assumption and Assignment of Lease of Non-Residential Real Property and (II) Granting Related Relief* (the "Order") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **May 21, 2019 at 10:00 a.m. (Eastern Time)**.  A copy of the Order is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief*, entered on April 2, 2019 (ECF No. 3008) permits the Debtor to assume and assign certain executory contracts and unexpired leases upon notice to the relevant counterparties.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by

**May 20, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Order, and the Order may be signed and entered by the Court.

PLEASE TAKE FURTHER NOTICE that, if an objection is timely filed and served with respect to the Stipulation, a hearing (the "Hearing") will be held to consider such objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

PLEASE TAKE FURTHER NOTICE that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated:  May 17, 2019

/s/  Luke A. Barefoot
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

## Exhibit A

**Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                            :        Chapter 11
                                                 :
SEARS HOLDINGS CORPORATION, *et al.*,            :        Case No. 18-23538 (RDD)
                                                 :
                                                 :
        Debtors.[2]                              :        (Jointly Administered)

------------------------------------------------------------x

### ORDER (I) AUTHORIZING ASSUMPTION AND
### ASSIGNMENT OF LEASE OF NON-RESIDENTIAL
### REAL PROPERTY AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (ECF No. 429) (the "Sale Motion"),[3] filed by

the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart
Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774);
SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205);
A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel
Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears
Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises,
Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears
Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.
(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC
(1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC
(None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc.
(1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of
Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit
Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida),
L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising,
Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears
Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe
Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman
Estates, Illinois 60179.

[3]    Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase
Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in
the Sale Order (as defined below).

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), authorizing and approving the sale of the

Acquired Assets and the assumption and assignment of certain executory contracts and unexpired

leases of the Debtors in connection therewith; and the Court having entered this Court's prior

order, dated November 19, 2018 (ECF No. 816) including the schedule as revised by the *Global*

*Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (ECF

No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding procedures

for the Acquired Assets and granting certain related relief; and Transform Holdco LLC (the

"Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected

in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing

on the Sale Motion, which commenced on February 4, 2019, at which time all interested parties

were offered an opportunity to be heard with respect to the Sale Motion; and the Court having

entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II)*

*Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests*

*and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory*

*Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale

Order") on February 8, 2019 (ECF No. 2507); the Court having entered the *Order (I) Authorizing*

*Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related*

*Relief* (the "Assumption and Assignment Order") on April 2, 2019 (ECF No. 3008), pursuant to

which the Debtors may assume and assign certain executory contracts or unexpired leases to Buyer

or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17,

2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain

other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be amended, restated,

amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer having filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3297) (the "Designated Lease Notice"), pursuant to which the Debtors seek to assume and assign the lease listed on **Exhibit A** hereto (the "Designated Lease") in accordance with the Assumption and Assignment Order to assignee UR Holding, LLC ("UR Holding" or "Buyer's Assignee"); and the Buyer having filed the *Notice of Presentment of  Stipulation and Order By and Among Sellers, Buyer, GCCFC 2007- GG9 S. Boulevard Properties, LLC, WNY Opportunity Zone Fund, LLC, and Comm 2006-C8 Shaw Avenue Clovis, LLC Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (ECF No. 3624) (the "Extension Stipulation") and UR Holding having filed a limited objection to the 365(d)(4) Extension Stipulation (ECF No. 3665) and the Court having entered the *Stipulation and Order By and Among Sellers, Buyer, GCCFC 2007- GG9 S. Boulevard Properties, LLC, WNY Opportunity Zone Fund, LLC, and Comm 2006-C8 Shaw Avenue Clovis, LLC Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (ECF No. 3811) (the "365(d)(4) Order"); and the Buyer having filed *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* on May 6, 2019 (ECF No. 3654) (the "Buyer's Reply"); and the Court having conducted an evidentiary hearing on the assumption and assignment of certain unexpired leases not including the Designated Lease (the "Assumption and Assignment Hearing"), which commenced on May 8, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Assumption and Assignment Notices that were not adjourned and were before the Court at that hearing and their objections and responses thereto; and the Court having

entered the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (ECF No. 3850) (the "Revised Assumption and Assignment Order"), pursuant to which the Debtors assumed and assigned certain unexpired leases to the Buyer not including the Designated Lease; and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, the Designated Lease Notice, the Revised Assumption and Assignment Order, the Assumption and Assignment Hearing and this proposed order (the "Supplementary Assumption and Assignment Order") having been provided; and, except as otherwise provided for herein, all objections with respect to the Designated Lease hereto having been withdrawn, resolved, adjourned or overruled as provided in this Supplementary Assumption and Assignment Order; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the Assumption and Assignment Hearing, to the extent applicable, and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

## FOUND AND DETERMINED THAT:

A.    **Fed. R. Bankr. P. 7052**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Assumption and Assignment Hearing.  This Supplementary

Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.      **Jurisdiction and Venue**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Designated Lease consistent with the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order.  Buyer, shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.      **Vested Title**.  The Designated Lease constitutes property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.      **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the Designated Lease has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and Assumption and Assignment Order, the Designated Lease Notice was properly served and the counterparties thereto were afforded timely, good, appropriate and sufficient notice and an

opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Designated Lease.

F. **Cure Notice**. As evidenced by the certificate of service filed with the Court, the Debtors have served, prior to the Assumption and Assignment Hearing, the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Cure Notice"), dated January 18, 2019, on the counterparty to the Designated Lease, which provided notice of the Debtors' intent to assume and assign such Designated Lease and notice of the related proposed Cure Costs upon such non-debtor counterparty to such Designated Lease. The service of the Cure Notice was timely, good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Designated Lease. *See Affidavit of Service* (ECF No. 1969). All non-debtor parties to the Designated Lease have had a reasonable opportunity to object both to the Cure Costs listed on the Cure Notice and Designated Lease Notice and, to the assumption and assignment of the Designated Lease to the Buyer's Assignee in accordance with the Bidding Procedures Order and the Assumption and Assignment Order. The final required Cure Costs with respect to the Designated Lease are as set forth on **Exhibit A**.

G. **Assignment or Transfer Agreement**. The assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to the Designated Lease was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion. Neither the Debtors, the Buyer nor the Buyer's Assignee have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Buyer or an assignee pursuant to the Assignment or Transfer Agreement and this

Supplementary Assumption and Assignment Order, to be avoided under 363(n) of the Bankruptcy Code.

H.    **Assumption and Assignment of Designated Lease**.    The assumption and assignment of the Designated Lease is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates, and represents the valid and reasonable exercise of the Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.    The assumption and assignment of the Designated Lease must be approved and consummated promptly in order to preserve the value of the Acquired Assets particularly given the June 30, 2019 deadline pursuant to the Extension Stipulation.    The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Designated Lease in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Supplementary Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    **Motion is Granted**.    The Sale Motion and the relief requested therein with respect to the Designated Lease to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order and Revised Assumption and Assignment Order is granted and approved solely to the extent set forth herein.

2.    **Findings of Fact and Conclusions**.    The Court's findings of fact and conclusions of law in the Sale Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order, and the record of the hearing with respect to the Sale Order and the Assumption

and Assignment Hearing, to the extent applicable, are incorporated herein by reference, solely with respect to the Designated Lease. The Designated Lease constitutes an Acquired Asset. Accordingly, all findings of fact and conclusions of law in the Sale Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements, shall apply to the Designated Lease with full force and effect to the extent applicable and except as otherwise provided herein, and as the Buyer or Assignee of such Designated Lease, Buyer and Buyer's Assignee are entitled to all of the protections set forth in the Sale Order, the Assumption and Assignment Order and the Revised Assumption and Assignment Order with respect to Acquired Assets to the extent applicable and except as otherwise provided herein.

3.    **Objections Overruled**.    All objections to the assumption and assignment or designation of the Designated Lease that have not been withdrawn, waived, settled, or otherwise resolved as announced to the Court at the Assumption and Assignment Hearing (if any) to consider entry of this Order or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits and with prejudice.

4.    **Notice**. Notice of the proposed assumption and assignment of the Designated Lease was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.    **Assumption and Assignment**.    Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Designated Lease pursuant to and in accordance with the terms

and conditions of the Asset Purchase Agreement, the Sale Order, and this Supplementary Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Designated Lease.

6.    **Transfer of the Designated Lease Free and Clear**.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Designated Lease in accordance with the terms of the Asset Purchase Agreement and the Sale Order.  The Designated Lease shall be transferred to the Buyer's Assignee in accordance with the terms of the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, the Revised Assumption and Assignment Order and this Supplementary Assumption and Assignment Order and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Buyer's Assignee with all right, title and interest of the Debtors in the Designated Lease; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code, provided that notwithstanding anything to the contrary set forth in the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order or the Revised Assumption and Assignment Order, the Designated Lease shall be assumed and assigned to the Buyer's Assignee with all applicable restrictive covenants as set forth in the Designated Lease or that may otherwise apply to Buyer's Assignee under other agreement or applicable law applicable or related to the Designated Lease.

7.    This Supplementary Assumption and Assignment Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated as to the Designated Lease, and that the conveyances and transfers described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons,

including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer or the Buyer's Assignee is the assignee and owner of such Designated Lease free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").   All Recording Officers are authorized and specifically directed to strike recorded Claims against the Designated Lease recorded prior to the date of this Supplementary Assumption and Assignment Order.   A certified copy of this Supplementary Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Designated Lease recorded prior to the date of this Supplementary Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

8.    No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's Assignee's title to or use and enjoyment of the Designated Lease or the premises governed by such Designated Lease based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.    If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the Designated Lease shall not have delivered to the Debtors as of the time of entry of this Supplementary Assumption and Assignment Order, in proper form for filing and executed by the

appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases

of all Claims the Person has with respect to the Debtors or such Designated Lease or otherwise,

then with regard to such Designated Lease: (i) the Debtors are hereby authorized and directed to,

and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and

other documents on behalf of the person with respect to such Designated Lease; (ii) the Buyer is

hereby authorized to file, register or otherwise record a certified copy of this Supplementary

Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall

constitute conclusive evidence of the release of all Claims against such Designated Lease; and (iii)

the Buyer may seek in this Court or any other court to compel appropriate persons to execute

termination statements, instruments of satisfaction, and releases of all Claims with respect to such

Designated Lease; provided that, notwithstanding anything in this Supplementary Assumption and

Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions

of this Supplementary Assumption and Assignment Order shall be self-executing, and neither the

Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments,

consents, or other instruments in order to effectuate, consummate, and implement the provisions

of this Supplementary Assumption and Assignment Order.  This Supplementary Assumption and

Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or

recording system of each and every federal, state, county or local government agency, department

or office.

   10.    Subject to the terms of this Supplementary Assumption and Assignment Order, this

Supplementary Assumption and Assignment Order shall be considered and constitute for any and

all purposes a full and complete general assignment, conveyance and transfer by the Debtors of

the Designated Lease acquired under the Asset Purchase Agreement or a bill of sale or assignment

transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to such Designated Lease to the Buyer's Assignee.

11.    **Assumption and Assignment of Designated Lease**.  The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Designated Lease to the Buyer's Assignee free and clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment Order, the Revised Assumption and Assignment Order and this Supplementary Assumption and Assignment Order, to execute and deliver to the Buyer's Assignee such documents or other instruments as may be necessary to assign and transfer such Designated Lease to the Buyer's Assignee, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights, title, and interests in such Designated Lease to the Buyer's Assignee.  With respect to the Designated Lease, the Cure Cost listed on **Exhibit A** shall be paid by Buyer prior to entry of this Supplementary Assumption and Assignment Order or within five (5) Business Days after entry of this Supplementary Assumption and Assignment Order.  Payment of Cure Costs shall: (i) be in full satisfaction and cure of any and all defaults under the Designated Lease, whether monetary or non-monetary; (ii) compensate the non-Debtor counterparty for any actual pecuniary loss resulting from such defaults and (iii) shall be made solely by the Buyer and the Debtors shall have no liability therefor.

12.    With respect to the Designated Lease, the Buyer's Assignee, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Designated Lease in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the non-debtor counterparties to such Designated Lease.  Upon entry of this Supplementary Assumption and Assignment Order with respect to the Designated Lease, the Buyer's Assignee shall be fully

and irrevocably vested with all rights, title and interest of the Debtors under such Designated Lease and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Designated Lease occurring after such assumption and assignment. Buyer's Assignee acknowledges and agrees that from and after the entry of this Supplementary Assumption and Assignment Order, with respect to the Designated Lease, in accordance with this Supplementary Assumption and Assignment Order, it shall comply with the terms of the Designated Lease in its entirety. The assumption by the Debtors and assignment to the Buyer's Assignee of the Designated Lease shall not be a default under such Designated Lease. Subject to the payment of the Cure Costs set forth in **Exhibit A**, a non-Debtor party to the Designated Lease is forever barred, estopped, permanently enjoined from asserting against the Debtors or the Buyer, their affiliates, successors or assigns or the property of any of them, any default existing as of the date of entry of this Supplementary Assumption and Assignment Order or that any additional cure amounts are owed as a condition to assumption and assignment.

13.     All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer's Assignee, with respect to the Designated Lease. Pursuant to the Sale Order, the Buyer has delivered to the applicable Designated Lease counterparty (and delivered by email or facsimile to counsel for the applicable Designated Lease counterparty, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the applicable Designated Lease that is proposed to be assumed and assigned to such Assignee.

14.     The Buyer's Assignee has satisfied their adequate assurance of future performance requirements with respect to the Designated Lease.

15.     The assumption of any liabilities under the Designated Lease shall constitute a legal, valid and effective delegation of all liabilities thereunder to the Buyer's Assignee identified on **Exhibit A** and, following payment of the Cure Costs by the Buyer, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Supplementary Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Designated Lease for any breach of such Designated Lease occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.     Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer has paid or will promptly pay all Cure Costs set forth in **Exhibit A**.  For the avoidance of doubt, the Buyer's Assignee will perform under and in accordance with the terms of the Designated Lease from and after entry of this Supplementary Assumption and Assignment Order.

17.     Solely in connection with the Designated Lease and the proposed transfer set forth upon the entry of this Supplementary Assumption and Assignment Order, any provision in the Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Designated Lease shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with the Designated Lease and the proposed transfer, no sections or provisions of the Designated Lease, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Designated Lease (including, but not limited to, the conditioning of such assignment on the consent of any non-debtor party to such Designated Lease); (ii) provide for the cancellation, or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the

financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Designated Lease upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Supplementary Assumption and Assignment Order, and the Asset Purchase Agreement and assignments of Designated Leases by the Debtors in accordance therewith and herewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code.  Upon assumption and assignment of the Designated Lease pursuant hereto, the Buyer's Assignee shall enjoy all of the rights and benefits, and shall assume all obligations that accrue under the Designated Lease from and after the date of the entry of this Supplementary Assumption and Assignment Order.

18.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or in the Asset Purchase Agreement, the Designated Lease shall be transferred to, and remain in full force and effect for the benefit of, the Buyer's Assignee in accordance with its terms, including all obligations of the Buyer's Assignee notwithstanding any provision in the Designated Lease (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer. There shall be no, and all non-Debtor parties to the Designated Lease are forever barred and

permanently enjoined from raising or asserting against the Debtors, the Buyer, or, for the Designated Lease, the Buyer's Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Buyer, for the Designated Lease, the Buyer's Assignee, or the Debtors as a result of the assumption or assignment of the Designated Lease pursuant to this Supplementary Assumption and Assignment Order.

19.     Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Designated Lease to the Buyer's Assignee, under the provisions of this Supplementary Assumption and Assignment Order and full payment by Buyer of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under the Designated Lease, and no counterparty to the Designated Lease shall be permitted to declare a default by any Debtor, the Buyer or, the Buyer's Assignee, or otherwise take action against the Buyer or the Buyer's Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of the Debtors' obligations under the Designated Lease.  Any provision in the Designated Lease that prohibits or conditions the assignment of such Designated Lease or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Supplementary Assumption and Assignment Order.  The failure of the Debtors, the Buyer or the Buyer's Assignee, to enforce at any time one or more terms or conditions of any Designated Lease shall not be a waiver of such terms or conditions, or of the Debtors', the Buyer's or, the Buyer's Assignee's, rights to enforce every term and condition of the Designated Lease.

20.    The transaction and the Assignment or Transfer Agreement of the Designated Lease to the Buyer's Assignee is undertaken by Buyer's Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal.   By virtue of the transaction contemplated by the Assignment or Transfer Agreement, Buyer's Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

21.    **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Supplementary Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Designated Lease in connection with the Court approved Sale Transaction.  Any party objecting to this Supplementary Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Supplementary Assumption and Assignment Order constitutes a final order upon which the Debtors, the Buyer and the Buyer's Assignee are entitled to rely.

22.    **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms of this Supplementary Assumption and Assignment Order, Assumption and Assignment Order, Revised Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, or

any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order and any documents executed in connection therewith shall govern, in that order. Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Revised Assumption and Assignment Order, the Sale Order or the terms of this Supplementary Assumption and Assignment Order.

23.    **Lease Deposits and Security**.    The Buyer or Buyer's Assignee shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to the Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors.

24.    **Automatic Stay**.    The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Supplementary Assumption and Assignment Order.

25.    **Retention of Jurisdiction**.    This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Supplementary Assumption and Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed

in connection therewith), to adjudicate disputes related to the Sale Order, this Supplementary

Assumption and Assignment Order or the Asset Purchase Agreement (and such other related

agreements, documents or other instruments) and to enforce the injunctions set forth herein.

26.     **Assumption Effective Date**.  Unless otherwise agreed to in writing by each of the

Debtors, the Buyer, the Buyer's Assignee, and the counterparty to the Designated Lease, the

Assumption Effective Date of the Designated Lease shall be the date of entry of this Order.

Dated:  May ____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A:**
**Designated Lease**

| Store # | RE ID | Address | Buyer's Assignee | Counterparty | Cure Cost |
|---|---|---|---|---|---|
| 26741 | 2674100 | 1261 Niagara Falls, Blvd., Amherst, NY | UR Holding, LLC | GCCFC 2007-GG9 S. Boulevard Properties, LLC | $8,991.09 |