WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                           :
                                                :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,       :
                                                :    **Case No. 18-23538 (RDD)**
                                                :
Debtors.[1]                                     :    **(Jointly Administered)**
                                                :
---------------------------------------------------------------x

# OBJECTION OF DEBTORS TO MOTION OF
# NINA AND GERALD GREENE TO EXTEND APPLICATION OF
# FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

**OBJECTION**

1. Prepetition, Nina and Gerald Green (the "**Movants**"), as purported representatives of two classes of similarly situated creditors (the "**Classes**"), commenced an action currently pending in the United States District Court for the Northern District of Illinois, styled *Green v. Sears Protection Company, et al.*, Case No. 1:15-cv-02546 (the "**Class Action**"). The Class Action remains stayed pursuant to the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code.

2. On April 5, 2019, Movants filed three proofs of claim against certain of the Debtors. *See* Claim Nos. 14323, 14256, and 14252 (collectively, the "**Class Proofs of Claim**"). The Class Proofs of Claim represent three of 19,593 proofs of claim filed in these cases.

3. On April 12, 2019, Movants filed the *Class Representatives Motion to Extend Application of Federal Rule of Civil Procedure 23 to Class Proofs of Claim* (ECF No. 3170) (the "**Motion**"). By the Motion, Movants seek entry of an order, pursuant to Bankruptcy Rule 9014, authorizing application of Bankruptcy Rule 7023 and Rule 23 of the Federal Rules of Civil Procedure to the Class Proofs of Claim.

4. For the reasons set forth herein, the Motion should not be granted at this time. The Debtors request the Court deny or adjourn the Motion to allow the facts and circumstances to be properly evaluated during the general unsecured claims reconciliation process. Given the imposition of the automatic stay, there is no need for a ruling now rather than later.

**The Court Has Discretion**

5. Whether class proofs of claim may be allowed is within the discretion of the Bankruptcy Court. *See In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bank. S.D.N.Y. 1997).

6. Critically, courts within the Second Circuit have observed that, "bankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action and . . . class certification may be less desirable in bankruptcy than in ordinary civil litigation." *In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (internal quotations omitted). The Court's decision thus requires a fact-based inquiry.

**The Motion Should Not be Granted**

7. Prepetition certification of the Classes by the Illinois District Court is one factor to consider but is not determinative.

8. Movants did not object to the Debtors' motion seeking approval of the bar date, or to the notice provided for in the Court's order approving notice of the bar date as sufficient to reach all potential creditors. They did not suggest alternative or additional notice procedures. Movants filed their Class Claims just days before the bar date and waited until after the bar date to file their Motion. They did not suggest in the Motion how they will provide more notice of these highly-publicized cases than the notice and publicity that attracted more than 19,500 proofs of claim (in addition to all of the creditors scheduled by the Debtors). They did not suggest in the Motion a means to register claims more easily than accessing the website maintained by the Debtors' claims and noticing agent. They did not disclose the amount of each individual Class members' purported claim or the estimated aggregate amount sought in the Class Action or Class Claims.

9. The Debtors have not fully reviewed the thousands of claims filed in these cases. Among other things, neither the Movants, the Debtors, nor the Court know whether other members of the class are represented among the approximately 19,500 of proofs of claim that have been filed. This is a key factor that the Court should evaluate before granting the Motion. *See In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).

10. Accordingly, the Debtors ask that the Court deny or adjourn the Motion to allow the facts and circumstances to be properly evaluated during the claims reconciliation process for general unsecured claims. At this critical time in these cases, the Debtors are prioritizing their review of the large number of proofs of claim that assert administrative and other priorities.

11. Denial or adjournment of the Motion will not prejudice Movants or any party in interest, because the Class Action is currently stayed. On the other hand, permitting the filing of class proofs of claim could dilute the recoveries of other unsecured creditors. Accordingly, the balance of harms favors denying or adjourning the Motion at this time.

## **Conclusion**

12. For the foregoing reasons, the Motion should not be granted. The Debtors reserve all rights to supplement this objection and to object to the Class Claims as necessary at a later date.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court deny the Motion.

Dated: May 20, 2019
      New York, New York

    /s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*