AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**QUALIFIED JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' OMNIBUS OBJECTION TO VENDORS' MOTIONS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby files this qualified joinder (the "Qualified Joinder") to the *Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Expense Claims* [ECF No. 3883] (the "Objection"),[2] and in support thereof, respectfully states as follows.

1. By the Motions, certain creditors seek the allowance and prompt payment of claims they assert are entitled to administrative priority. While the Creditors' Committee is sympathetic to the requests and all creditors' desire to be repaid what they are owed, based on the continued uncertainty regarding the ultimate path these cases will follow, the Creditors' Committee agrees with the Debtors' position that the movants cannot not be permitted have their claims, if allowable, paid at this time. Indeed, in light of the significant potential for many—if not all—of the Debtors to be administratively insolvent, granting the relief requested by the Motions likely would permit the movants "to leap ahead of thousands of other creditors in both priority of payment and priority of allowance[.]" Objection ¶ 1. Therefore, affording priority treatment to certain administrative expense claims merely based on the timing of requests for payment would unfairly prejudice the Debtors' others creditors, including administrative creditors, whose claims will be reconciled at a later point in time, but may not be entitled to payment in full. *Id*. ¶¶ 19-23.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

2.      The Creditors' Committee also agrees that the movants have not satisfied their burden of establishing a right to priority treatment.  Specifically, the movants have failed to demonstrate as a matter of law that postpetition physical delivery of goods to the Debtors is sufficient to establish entitlement to an administrative expense claim under Bankruptcy Code section 503(b)(1).  *Id*. ¶¶ 3-9.[3]  Similarly, the Creditors' Committee supports the Debtors' position that efforts by the movants to establish administrative priority and an immediate right to payment on their claims under Bankruptcy Code section 503(b)(9) is premature in light of the procedures established by this Court for the reconciliation of such claims and the administrative insolvency of a majority of the Debtors.

3.      The Creditors' Committee expressly reserves all rights with respect to the Objection and the Motions, including the right to amend or supplement this Qualified Joinder, submit additional briefing, participate in any discovery and be heard at any hearing or trial related to the Objection or the Motions.  Nothing contained herein shall constitute a waiver of any of the rights or remedies of the Creditors' Committee, each of which is expressly reserved.

*[The remainder of this page has been left blank intentionally.]*

---

[3] With respect to the argument set forth by certain of the movants that they were "induced" by postpetition conduct by the Debtors, the Creditors' Committee agrees that the Court documents on which the movants purport to rely are insufficient to establish entitlement to an administrative claim as such documents expressly preclude such reliance and, moreover, the movants otherwise have failed to offer adequate factual support for their assertions. *Id*. ¶¶ 12-18.

WHEREFORE, the Creditors' Committee respectfully requests that this Court deny the Motions and grant such other relief as the Court deems just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated:  May 20, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>          pdublin@akingump.com<br>          sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |