**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF TATA CONSULTANCY SERVICES LTD. TO ALLOW AND
COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER
11 U.S.C. § 503(b)(1)(A) FOR SERVICES PERFORMED POST-PETITION**

Tata Consultancy Services Ltd. ("TCS"), by and through its undersigned counsel, hereby requests that this Court grant its motion (the "Motion") to allow its administrative expense claim in an amount no less than $1,568,397.68 (the "Administrative Claim") pursuant to section 503(b)(1)(A) of the Bankruptcy Code and compel the immediate payment of such claim to the extent it is allowed under section 503(b)(1)(A). In support of this Motion, TCS states as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising pursuant to 28 U.S.C § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested in the Motion is 11 U.S.C. § 503(b)(1)(A).

**Background**

3. On January 9, 2012, Tata America International Corporation ("TAIC") and Sears Holding Management Corporation ("SHMC"), one of the above-captioned debtors (the "Debtors"), entered into a Master Outsourced Services Agreement ("MOSA"). TAIC provided services to SHMC under various statements of work (the "SOWs") issued pursuant to and governed by the MOSA. Pursuant to the MOSA and SOWs, TCS provided various IT consulting services.

4. On August 10, 2016, TAIC and SHMC entered into the ignio™ License Agreement (the "License Agreement," together with the MOSA and all SOWs, the "TCS Contracts")[3] pursuant to which TCS licensed proprietary software to SHMC.

5. On March 31, 2018, TAIC assigned the TCS Contracts to TCS.

6. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

---

[3] The TCS Contracts contain confidential information and they are not attached to this Motion. They will be provided upon written request to TCS's counsel and execution of a confidentiality agreement.

7.   On February 8, 2019, this Court entered an order approving the sale of substantially all of the Debtors' assets to Transform Holdco LLC ("Transform") pursuant to an asset purchase agreement (as amended, the "APA"). The transactions under the APA closed (the "Closing") on February 11, 2019.

8.   Pursuant to the APA, Transform is responsible for all post-closing expenses for agreements that are ultimately rejected, to the extent that Transform received a benefit under such contract. If the Debtors and Transform both benefit from such contract, the parties are authorized to allocate payment of the expenses.

9.   On April 17, 2019, the Debtors filed a notice rejecting the TCS Contracts effective as of April 17, 2019 (the "Rejection Date").

10.  TCS provided services under the TCS Contracts through the Rejection Date.

11.  In particular, from March 1, 2019 – March 30, 2019, TCS provided services totaling $1,020,688.33. These amounts were invoiced on April 2, 2019 and were due on April 23, 2019. Despite requests, neither the Debtors nor Transform have paid TCS for its services provided during the month of March 2019.

12.  Further, from April 1, 2019 through the Rejection Date, TCS provided services totaling $547,709.35. These amounts were invoiced on April 22, 2019 and were due on May 13, 2019. Neither the Debtors nor Transform have paid TCS for its services provided during the month of April 2019 through the Rejection Date.

**Argument**

13.  Section 503(b)(1) provides "after notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A); *see, e.g.*, *In re Hostess Brand, Inc.*, 499 B.R. 406, 411 (S.D.N.Y. 2013). An expense is afforded administrative expense priority if "it arises out of a transaction

between the creditor and the bankrupt's trustee or debtor in possession and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007), *citing Trustees of Amalgamated Ins. Fund v. Mc Farlin's*, 789 F.2d 98, 101 (2d Cir. 1986).

14.     Following the Closing, the Debtors continued to utilize TCS's services for their operations and such services benefited the estates by allowing the Debtors to continue to operate and transition their business to Transform while pursuing their restructuring efforts. The Debtors and/or Transform requested that TCS perform these services and TCS performed such services with the expectation that it would receive payment under the TCS Contracts.

15.     Pursuant to the APA, Transform is responsible for all post-Closing expenses to the extent it received a benefit under the TCS Contracts, and the Debtors and the Transform are obligated to allocate the expenses to the extent both received a benefit. TCS submits that its services allowed the Debtors to operate and transition its business to Transform following the Closing, and both the Debtors and Transform benefitted from TCS's continued services. Thus, the fees owed to TCS are actual and necessary costs of preserving the Debtors' estates while it continued to restructure its operations.

16.     TCS is willing to accept payment from either Transform or the Debtors. Regardless of which entity makes payment, TCS is entitled to an order allowing the Administrative Claim and directing that the Administrative Claim be paid to it as an administrative expense.

**WHEREFORE**, for the foregoing reasons, TCS respectfully request that the Court enter an order (i) allowing the Administrative Claim as an administrative claim under 11 U.S.C. § 503(b)(1)(A), (ii) directing the immediate payment of the Administrative Claim, and (iii) granting such other relief as the Court deems just and proper.

Dated: New York, New York
       May 20, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *James S. Carr*
    James S. Carr
    Maeghan J. McLoughlin
    101 Park Avenue
    New York, New York 10178
    Telephone: (212) 808-7800
    Facsimile:  (212) 808-7897
    Email: jcarr@kelleydrye.com
           mmcloughlin@kelleydrye.com

*Attorneys for Tata Consultancy Services Ltd.*

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[4]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

**ORDER GRANTING THE MOTION OF TATA CONSULTANCY SERVICES LTD. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)(A) FOR SERVICES PERFORMED POST-PETITION**

Upon the motion (the "Motion")[5] for an order allowing the administrative expense claims of TCS and compelling immediate payment of all amounts allowed pursuant to section 503(b)(1)(A); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and due and adequate

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion having been given under the circumstances, and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      TCS is hereby granted an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code in an amount equal to $1,568,397.68.

3.      The Debtors are directed to immediately pay TCS the Administrative Claim within three (3) days of the entry of this Order.

4.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:_____, 2019
White Plains, NY

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# **<u>March Invoices</u>**

| | | | | **March Invoices** | | | $ 1,020,688.33 | |
|---|---|---|---|---|---|---|---|---|
| 1 | Mar'19 | IS | MUFA220000002 | Service Desk Services -Mexico | Mexico | $ | 42,371.85 | 1-Apr-19 |
| 2 | Mar'19 | IS | MUFA220000001 | Desktop Engineering and Support - Mexico | Mexico | $ | 78,159.85 | 1-Apr-19 |
| 3 | Mar'19 | IS | USFA220000004 | Network Services - Offshore | Offshore | $ | 143,515.51 | 1-Apr-19 |
| 4 | Mar'19 | IS | USFA220000005 | Datacenter Services - Offshore | Offshore | $ | 36,889.58 | 1-Apr-19 |
| 5 | Mar'19 | IS | USFA220000002. | Server Management - Offshore | Offshore | $ | 105,992.32 | 1-Apr-19 |
| 6 | Mar'19 | IS | USFA220000003. | Storage and Support - Offshore | Offshore | $ | 17,421.76 | 1-Apr-19 |
| 8 | Mar'19 | IS | USFA220000009 | Ignio - Capability Usage - Software - Offshore | Offshore | $ | 19,765.00 | 1-Apr-19 |
| 9 | Mar'19 | IS | USFA220000007 | T & M SHI Offshore | Offshore | $ | 25,031.66 | 1-Apr-19 |
| 10 | Mar'19 | IS | USNA220000006. | Cross functional and Service Management - Onshore | Onshore | $ | 28,325.80 | 1-Apr-19 |
| 11 | Mar'19 | IS | USNA220000007 | Cross functional and Service Management - Onshore | Onshore | $ | 36,716.35 | 1-Apr-19 |
| 12 | Mar'19 | IS | USFA220000006 | Cross functional and Service Management - Offshore | Offshore | $ | 11,119.51 | 1-Apr-19 |
| 13 | Mar'19 | IS | USFA220000008 | Cross functional and Service Management - Offshore | Offshore | $ | 37,513.63 | 1-Apr-19 |
| 14 | Mar'19 | IS | MUFA220000003 | Cross functional and Service Management - Mexico | Mexico | $ | 24,549.80 | 1-Apr-19 |
| 15 | Mar'19 | IS | USNA220000002 | Server Management - Onshore | Onshore | $ | 154,817.68 | 1-Apr-19 |
| 16 | Mar'19 | IS | USNA220000003 | Desktop Engineering and Support - Onshore | Onshore | $ | 47,213.61 | 1-Apr-19 |
| 17 | Mar'19 | IS | USNA220000004 | Storage and Support - Onshore | Onshore | $ | 27,874.82 | 1-Apr-19 |
| 18 | Mar'19 | IS | USNA220000005 | Datacenter Services - Onshore | Onshore | $ | 147,558.32 | 1-Apr-19 |
| 19 | Mar'19 | IS | USNA220000009 | SysID- Migration project | Onshore | $ | 12,000.00 | 1-Apr-19 |
| 20 | Mar'19 | IS | USFA220000001 | Pool Hours_Offshore | Offshore | $ | 23,851.28 | 1-Apr-19 |
| | | | | **Total** | | $ | **1,020,688.33** | |

# **April Invoices**

**April Invoices**

| S.No | Invoice -Month | Advance Invoice# | Tower | Location | Invoice Amount | Invoice Date |
|---|---|---|---|---|---|---|
| 1 | Apr'19 | MUFA220000010 | Service Desk Services -Mexico | Mexico | $24,205.50 | 22-Apr-19 |
| 2 | Apr'19 | MUFA220000009 | Desktop Engineering and Support - Mexico | Mexico | $40,746.59 | 22-Apr-19 |
| 3 | Apr'19 | USFA220000063. | Network Services - Offshore | Offshore | $76,768.33 | 22-Apr-19 |
| 4 | Apr'19 | USFA220000064 | Datacenter Services - Offshore | Offshore | $18,444.79 | 22-Apr-19 |
| 5 | Apr'19 | USFA220000061 | Server Management - Offshore | Offshore | $59,670.02 | 22-Apr-19 |
| 6 | Apr'19 | USFA220000062 | Storage and Support - Offshore | Offshore | $13,937.41 | 22-Apr-19 |
| 8 | Apr'19 | USFA220000068 | Ignio - Capability Usage - Software - Offshore | Offshore | $11,200.17 | 22-Apr-19 |
| 10 | Apr'19 | USNA220000081 | Cross functional and Service Management - Onshore | Onshore | $16,051.29 | 22-Apr-19 |
| 11 | Apr'19 | USNA220000082 | Cross functional and Service Management - Onshore | Onshore | $20,805.93 | 22-Apr-19 |
| 12 | Apr'19 | USFA220000065 | Cross functional and Service Management - Offshore | Offshore | $6,301.06 | 22-Apr-19 |
| 9 | Apr'19 | USFA220000066 | T & M SHI Offshore | Offshore | $15,198.00 | 22-Apr-19 |
| 13 | Apr'19 | USFA220000067 | Cross functional and Service Management - Offshore | Offshore | $21,257.72 | 22-Apr-19 |
| 14 | Apr'19 | MUFA220000011 | Cross functional and Service Management - Mexico | Mexico | $13,911.55 | 22-Apr-19 |
| 15 | Apr'19 | USNA220000077 | Server Management - Onshore | Onshore | $88,563.59 | 22-Apr-19 |
| 16 | Apr'19 | USNA220000078 | Desktop Engineering and Support - Onshore | Onshore | $26,930.83 | 22-Apr-19 |
| 17 | Apr'19 | USNA220000079 | Storage and Support - Onshore | Onshore | $13,937.41 | 22-Apr-19 |
| 18 | Apr'19 | USNA220000080 | Datacenter Services - Onshore | Onshore | $73,779.16 | 22-Apr-19 |
| 19 | Apr'19 | USNA220000083 | SysID- Migration project | Onshore | $6,000.00 | 22-Apr-19 |
| | | | **Total** | | **$547,709.35** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail on this 20th day of May, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153


Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC

c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY, 10017
Attn: Marshall S. Huebner, Esq. (marshall.huebner@davispolk.com)
Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com)

Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Attn:Edward M. Fox, Esq. (emfox@seyfarth.com)

Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10015
Attn:James Gadsden, Esq. (gadsden@clm.com)

Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Attn: BrianA. Raynor, Esq. (braynor@lockelord.com)

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014


*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin