UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
In re                                                            :     Chapter 11
                                                                 :
SEARS HOLDINGS CORPORATION, *et al.*                             :     Case No. 18-23538 (RDD)
                                                                 :
Debtors.¹                                                        :     (Joint Administration)
                                                                 :
---------------------------------------------------------------- x

### ORDER AUTHORIZING AND APPROVING (I) SETTLEMENT BETWEEN DEBTORS AND THE CHUBB COMPANIES, (II) DEBTORS' ENTRY INTO THE TRANSACTION DOCUMENTS, AND (III) RELATED RELIEF

Upon the Motion, dated May 3, 2019 (ECF No. 3614) (the "**Motion**")² for entry of an order granting (A) authorization to enter into and approval of (i) the Settlement and (ii) the Transaction Documents, and (B) authority to perform all obligations under the Transaction Documents and take any actions necessary to consummate the transaction contemplated by the

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

² Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion and/or the Transaction Documents, as applicable.

Settlement, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on May 21, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Pursuant to Bankruptcy Rule 9019, the Settlement is approved.

3. The Insured Parties' Releases and the SRC Releases are integral and necessary to the purchase and issuance of the CIP, supported by reasonable consideration, permitted by the Bankruptcy Code, and shall be effective immediately and automatically and have full force and effect upon the Chubb Companies' issuance of the CIP:

4. The Debtors are authorized to terminate and commute the SRC Deductible Buyback Policies and their respective interests therein and liabilities and obligations thereunder pursuant to the Deductible Buyback Policies Commutation Agreement.

5. The Debtors are authorized to take any actions necessary to transfer any claims handling services from Sedgwick to ESIS as contemplated by the Transaction Documents.

6. The Debtors are authorized, pursuant to sections 105, 362 and 363 of the Bankruptcy Code, to enter into the Transaction Documents, to execute and deliver all related documents and agreements or amendments thereto and to perform its obligations hereunder and thereunder, including the payment of all amounts due thereunder, including effectuation of the Transaction Payment, in the ordinary course without notice, hearing or further order of the Court.

7. The Debtors, Sears Re, and the Chubb Companies are hereby authorized, to the extent such authorization is required, to effectuate the Transaction Payment, including, if necessary, any setoff related thereto in payment of the CIP Premium, and, if and to the extent necessary, the automatic stay of section 362(a) of the Bankruptcy Code is hereby lifted to permit same.

8. The Chubb Companies may enforce their rights and remedies under the Transaction Documents without further order of the Court, and for this purpose, the automatic stay pursuant to section 362(a) of the Bankruptcy Code (if and to the extent applicable) is hereby lifted.

9. In accordance with the terms of the Transaction Documents, neither the Debtors nor Sears Re shall owe any further financial obligations to the Chubb Companies with respect to the Sears Policies.

10. This Order shall be immediately effective and enforceable upon its entry and the fourteen-day stay set forth in Rules 4001(a)(3) and 6004(h) of the Bankruptcy Rules shall be, and hereby is, waived.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: May 21, 2019
      White Plains, New York

                                          /s/Robert D. Drain
                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE