UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

In re

SEARS HOLDINGS CORPORATION, *et al.*,

Debtors.[1]

--------------------------------------------------------- x

:    Chapter 11

:    Case No. 18-23538 (RDD)

:    (Jointly Administered)

## STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND LANDLORDS AFFILIATED WITH BROOKFIELD PROPERTY REIT INC. EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR LEASES OF NONRESIDENTIAL REAL PROPERTY

This Stipulation and Order (the Stipulation and Order") is made as of May 16, 2019, by and

between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as

Buyer (the "Buyer") and Brookfield Property REIT, Inc., as the owner, affiliate, or managing

agent for the owners of certain properties (collectively, the "Landlords" and together with the

Debtors and the Buyer, the "Parties"), through their respective and duly authorized counsel of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

record.

## Recitals

A.  The Landlords and the Debtors are parties to those certain leases (as amended and/or modified, the "Leases") of nonresidential real property (the "Premises") located at Animas Valley Mall in Farmington, NM (Store No. 2597), Bayshore Mall in Eureka, CA (Store No. 2628), Chesterfield Towne Center in Richmond, VA (Store No. 1274), Governors Square in Tallahassee, FL (Store No. 1585), Pembroke Lakes in Pembroke Pines, FL (Store No. 1775), Prince Kuhio Plaza in Hilo (Sur), HI (2388), Shoppes at Carlsbad in Carlsbad, CA (Store No. 1678), Southland Mall in Hayward, CA (Store No. 1248), Staten Island Mall in Staten Island, NY (Store No. 1624), Tucson Mall in Tucson, AZ (Store No. 1728), West Valley Mall in Tracy, CA (Store No. 2059), Woodbridge Center in Woodbridge, NJ (Store No. 1684), Fox River Mall in Appleton, WI (Store No. 2092), Kapiolani Retail in Honolulu, HI (Store No. 1681), Northridge Fashion Center GSPH  in Northridge, CA (Store No. 1508), Willowbrook NJ GSPH 2017 in Wayne, NJ (Store No. 1434), and Mall of St. Vincent in Shrevesport, LA (Store No. 1077).

B.  On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.  On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Notice"). On January 23, 2019, the Debtors filed and served on applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "First Supplemental Notice".  On January 31, 2019, the Debtors filed and served on the applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice" and together with the Notice and the First Supplemental Notice, the "Notices").  The Leases were among the leases identified in the Notices.

D.  On January 28, 2019, the Landlords timely filed the *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, Graziadio Investment Company, the Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., and Weingarten Realty Investors to Debtors' Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (ECF No. 2063) (the "Landlord Cure Objection") objecting to the Notices with respect to the cure amounts and adequate assurance of future performance of the proposed assignee.

E.  On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to the Buyer.

F.  In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019.  The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Leases and to May 13, 2019 for Additional Contracts.

G.  On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

H.  On April 19, 2019, the Buyer filed the *Notice of Assumption of Additional Designatable Leases*, designating the Leases for assumption and assignment to the Buyer or Buyer affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice"), subject to the Bankruptcy Court's approval and the right of counterparties to object as set forth in the Assumption Notice and the Assumption and Assignment Order.

I.  On May 3, 2019, the Landlords timely filed the *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Property REIT Inc., Gray Enterprises, LP, Graziadio Investment Company, Gregory Greenfield & Associates, Ltd., LF2 Rock Creek, LP, LBA Realty, LLC, Nassimi Realty LLC, Realty Income Corp., Regency Centers Corp., Site Centers Corp.,*

*Spigel Properties, The Woodmont Company, and Weingarten to Notices of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3558).

J.      On May 7, 2019, Buyer, Debtor and Landlords filed a stipulation on notice of presentment, which was so ordered by the Court on May 13, 2019, extending the deadline for the Debtors to assume or reject the Leases pursuant to section 365(d)(4) of the Bankruptcy Code to May 31, 2019 (the "Section 365(d)(4) Period"), and setting a hearing date on any remaining disputes for May 21, 2019 (ECF No. 3836) (the "Extension Stipulation").

K.      On May 13, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (the "May 13 Order"), pursuant to which certain leases were ordered designated for assignment and assumption (ECF No. 3850). Exhibit A to the May 13 Order included leases for stores located at Chesterfield Towne Center in Richmond, VA (Store No. 1274), Pembroke Lakes in Pembroke Pines, FL (Store No. 1775), Prince Kuhio Plaza in Hilo (Sur), HI (2388), Southland Mall in Hayward, CA (Store No. 1248), Staten Island Mall in Staten Island, NY (Store No. 1624), Woodbridge Center in Woodbridge, NJ (Store No. 1684), Fox River Mall in Appleton, WI (Store No. 2092), Northridge Fashion Center GSPH  in Northridge, CA (Store No. 1508), for which the deadline for designation had been extended as part of the Extension Stipulation, and which should have been removed from Exhibit A, but were included as part of the May 13 Order in error ("Erroneously Designated Leases").

L.     The Buyer, Debtor, and Landlords wish to clarify that, notwithstanding anything to the contrary in the May 13 Order, the Buyer, Debtor and Landlords have agreed to provide additional time to determine whether the Leases should be designated for assumption and assignment.

M.  The Parties have agreed to an extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      The Parties desire to memorialize their agreement in this Stipulation and Order.

2.      This Stipulation shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

3.      This Stipulation shall supersede the May 13 Order solely with respect to the Erroneously Designated Leases, and, notwithstanding anything in the May 13 Order, the Erroneously Designated Leases have not been assumed or assigned.

4.      The Extension Stipulation constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlords shall be required.

5.      In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to be responsible for all occupancy costs relating to the Leases during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by the Extension Stipulation.  In the event of nonpayment during the Section 365(d)(4) Period, this Stipulation is without prejudice to Landlords' rights and remedies under Bankruptcy Code section 365(d)(3) and Debtors' rights and remedies under the Asset Purchase Agreement.

6.      Pursuant to section 365(d)(4) of the Bankruptcy Code and the Extension Stipulation, the Section 365(d)(4) Period was extended to and including May 31, 2019 as it applies to all Leases, including the Erroneously Designated Leases.  For the avoidance of doubt,

and notwithstanding anything in the May 13 Order, such date shall remain the applicable date by which assumption or rejection of the Leases shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

7.      A Bankruptcy Court hearing on any remaining dispute regarding the Assumption Notice shall occur at a hearing set for May 29, 2019.

8.      All objections of Landlord to the Assumption Notice, including those relating to cure and adequate assurance of future performance, and any response by Debtors and/or Buyer thereto, are reserved for such adjourned hearing date.

9.      Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Leases, and such terms shall continue in full force and effect up to the effective date of (a) rejection of the Leases or (b) assumption of the Leases pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order.

10.     This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond May 31, 2019.

11.     This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

12.     This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

13.     Pending entry of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed

by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

14.    The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

Dated:  May 16, 2019

**WEIL, GOTSHAL & MANGES LLP**


By:  _/s/ Jacqueline Marcus_____
Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007


*Counsel for the Debtors and Debtors-in-Possession*

Dated:  May 16, 2019

**GELBER & SANTILLO PLLC**

By:  _/s/ R. Zachary Gelber_
R. Zachary Gelber
Kristen Santillo
347 W. 36th Street, Suite 805
New York, NY 10018
Telephone:  (212) 227-4743
Facsimile: (212) 227-7371


*Conflicts Counsel for the Buyer*



**KELLEY DRYE & WARREN LLP**

By:  __/s/ Robert Lehane_____
Robert Lehane
101 Park Avenue
New York, NY
Telephone: (212) 808-7800


*Counsel for the Landlords*

**IT IS SO ORDERED.**

Dated: White Plains, New York
         May 21, 2019

/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE