UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                        :
                                                             :     Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :     Case No. 18-23538 (RDD)
                                                             :
                    Debtors.[1]                              :     (Jointly Administered)
------------------------------------------------------------ x

### ORDER PURSUANT TO SECTIONS 363, 365(a), 365(f), AND 365(k) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion, dated April 26, 2019 (ECF No. 3376), (the "**Initial Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365(a) and 365(f) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to assume and assign certain unexpired nonresidential real property leases identified on **Exhibit 1** hereto (the "**Riverside Leases**"); and 7200 Arlington Associates

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and Supplement.

LLC (the "**Landlord**") having filed an objection to the Initial Motion, dated May 3, 2019 (ECF No. 3595) (the "**Objection**"); and the Debtors having filed a supplement to the Initial Motion, dated May 17, 2019 (ECF No. 3940) (the "**Supplement**" and, collectively with the Initial Motion, the "**Motion**") that reflects an agreement with the Landlord for the assumption of the Riverside Leases by the Debtors and assignment of the Riverside Leases to the Landlord's designee; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held by the Court on May 21, 2019 and all of the proceedings herein; and the Court having found and determined that the relief granted hereby is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and is a proper exercise of the Debtors' business judgment, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Objection is hereby deemed resolved.

3.     The assumption of the Riverside Leases by the Debtors and assignment of the Riverside Leases to 7200 Arlington Partner LLC, or another designee of Landlord (the "**Assignee**") in accordance with the Assignment and Assumption Agreement annexed to the Supplement as **Exhibit A** (the "**Assignment Agreement**") is authorized and approved pursuant to section 365(a) of the Bankruptcy Code.

4.     Pursuant to the Assignment Agreement, within five (5) business days of the date of the entry of this Order, the Assignee shall pay to the Debtors in cash, the balance of the purchase price owing pursuant to the Assignment Agreement in the amount of one million, one hundred and fifty-five thousand dollars ($1,155,000.00), which remaining balance is the total purchase price of one million, two hundred and sixty-five thousand dollars ($1,265,000.00) in cash, less one hundred ten thousand dollars ($110,000.00) previously paid by the Landlord to the Debtors as an earnest money deposit.

5.     The Landlord hereby waives any and all cure amounts owed under the Riverside Leases.

6.     Following the payment of the amount provided for in paragraph 4 of this Order, the Landlord or the Assignee shall have no further claims against the Debtors for any amounts owed under the Riverside Leases, whether prior or subsequent to the Commencement Date, under section 365 of the Bankruptcy Code or otherwise; provided, however, Assignee does not waive or release Debtors from any indemnification obligations arising from third party claims asserted with respect to or arising from Debtors' use and occupancy of the Leased Premises prior to the effective date of the assignment (the "**Effective Date**") for which Debtors had a duty to indemnify Assignee pursuant to the Riverside Leases, and which expressly survive the Effective Date (but only to the extent that such claims are covered by Debtors' insurance

policies, if any, and on the condition that Assignee only seeks recovery from the insurer and only up to the insured amount).

7. Pursuant to section 363(b) of the Bankruptcy Code, within five (5) business days after the closing under the Assignment Agreement, the Debtors are authorized and directed to pay Brixton thirty thousand dollars ($30,000) for attorneys' fees incurred in relation to the Riverside Leases.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: May 21, 2019
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Riverside Leases

WEIL:\97044217\1\73217.0004

| Unexpired Lease | Counterparty | Property Address | Description of Unexpired Lease |
|---|---|---|---|
| 1. Lease | 7200 Arlington Associates LLC | 7200 Arlington Ave, Riverside, CA 92503 | Lease dated October 16, 1972 between George R. Smith, as predecessor in interest to 7200 Arlington Associates, as landlord, and K-Mart Corporation, as tenant, as same may have been modified, amended, and/or extended. |
| 2. Ground Lease | Great American Chicken Corp., Inc. | 6221 Van Buren Blvd, Riverside, CA 92503 | Ground Lease dated May 29, 1986 between K-Mart Corporation, as sublandlord, and KFC National Management Company, as predecessor in interest to Great American Chicken Corp., Inc., as subtenant, as same may have been modified, amended, and/or extended. |
| 3. Sublease | Riverside's Complete Automotive Repair Inc. | 7200 Arlington Dr., Riverside, CA 92503 | Sublease dated September 21, 2010 between K-Mart Corporation, as sublandlord, and Riverside's Complete Automotive Repair Inc., as subtenant, as same may have been modified, amended, and/or extended. |