Hearing Date: May 29, 2019 at 1:30 p.m. (Eastern)
Objection Deadline: May 22, 2019 at 4:00 p.m. (Eastern)

LANGLEY LLP
Keith A. Langley
Brandon K. Bains
1301 Solana Blvd.,
Bldg. 1, Suite 1545
Westlake, Texas 76262
klangley@l-llp.com
mlangley@l-llp.com

Attorneys for Liberty Mutual
Insurance Company
*Pro Hac Vice*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
*In re:*                                              :    **Chapter 11**
                                                      :
                                                      :    **Case No. 18-23538-RDD**
**SEARS HOLDINGS CORPORATION,** *et al.*              :
                                                      :    **(Jointly Administered)**
                       Debtors.                       :    **Honorable Robert D. Drain**
                                                      :
------------------------------------------------------------ x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
LIBERTY MUTUAL INSURANCE COMPANY TO JOINT
CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

Liberty Mutual Insurance Company ("Liberty"), a surety company that issued bonds on behalf of some of the Debtors, respectfully submits this Limited Objection and Reservation of Rights to the *Amended Joint Chapter 11 Plan* [Dkt. 3894], and to the extent necessary, the *Amended Disclosure Statement* of the Debtors [Dkt. 3895]. In support of this Objection, Liberty respectfully states as follows:

**LIMITED OBJECTION OF LIBERTY MUTUAL TO AMENDED PLAN**                                Page 1

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).

## BACKGROUND

3. On October 15, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the Court.

4. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

5. On April 17, 2019, the Debtors filed the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Dkt. 3275] and a proposed Disclosure Statement [Dkt. 3276].

6. The Debtors filed an *Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Dkt. 3894] (hereinafter referred to as the "Plan") and an Amended Disclosure Statement [Dkt. 3895] on May 16, 2019.

## LIMITED OBJECTION

7. The Plan is silent as to the surety bond program of the Debtors, including the continuation of the Debtors' indemnity obligations to Liberty for all costs, fees and expenses incurred in connection with the bonds; the obligations of the Debtors under the bonds issued by Liberty; the collateral pledged by the Debtors to Liberty; future premiums to be paid by the Debtors; Liberty's right to refuse to issue new bonds or renewals of existing bonds; or Liberty's continued rights of equitable subrogation.

8. In addition, certain provisions of the Plan as it relates to settlement, release and injunction could be argued to negatively impact Liberty's rights under its indemnity agreements, bonds, collateral, and the common law of suretyship.

9. On May 1, 2019, counsel for Liberty contacted counsel for the Debtors to discuss these issues and attempt to reach an agreement on modifications needed to the Plan. Liberty has continued to try and have discussions since that time. As of this filing, counsel for the Debtors have not indicated an agreement with the language proposed by Liberty for inclusion in any future plan and/or confirmation order.

## RESERVATION OF RIGHTS

10. Liberty reserves its right to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, further objections to the Plan.

11. Liberty joins in the objections, if any, of other sureties of the Debtors, to the extent not inconsistent herewith.

## REQUEST FOR RELIEF

**WHEREFORE**, Liberty respectfully request that the Court enter an Order consistent with this Objection as modeled in language attached as Appendix A, and grant Liberty any additional and further relief the Court deems just and proper.

Dated: May 22, 2019 Respectfully submitted,

**Langley LLP**

By: */s/ Brandon K. Bains*
Keith A. Langley
Brandon K. Bains
1301 Solana Blvd.,
Bldg. 1, Suite 1545
Westlake, Texas 76262
214-722-7160 Telephone
klangley@l-llp.com
mlangley@l-llp.com

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

Certificate of Service I hereby certify that on the 22nd day of May, 2019, I caused a copy of the foregoing pleading to be served through the Court's ECF system.

: */s/ Brandon K. Bains*
Brandon K. Bains

**Appendix A**

Notwithstanding any other provision of the Plan or the Confirmation Order, on the Effective Date, (1) all of the Debtors' obligations and commitments to its sureties, including Liberty Mutual Insurance Company (collectively, the "Sureties"), including, without limitation, obligations under any prepetition or postpetition surety bonds issued by the Sureties on behalf of the Debtors, their non-Debtor affiliates, or otherwise (the "Surety Bonds") or any indemnity agreements, and/or any related agreements, contracts or documents executed by the Debtors, any of the Debtor's non-Debtor affiliates, or any other indemnitor of the Sureties (collectively, the "Surety Indemnity Agreements"), shall be deemed assumed and reaffirmed, with the Sureties' consent, and shall be continuing obligations of the Debtors and unaffected by the entry of the Confirmation Order, regardless of whether such Surety Bonds and Surety Indemnity Agreements were executed prior to or after the Petition Date; (2) all bonded obligations of the Debtors for which such Surety Bonds secure performance by the Debtors shall be assumed by the Debtors, shall be unimpaired by the Plan or Confirmation Order, and shall not be released, discharged, precluded, or enjoined by the Plan or the Confirmation Order and shall remain obligations of the applicable Debtor as of the Effective Date; (3) to the extent any of the obligations and commitments set forth in this provision are secured by letters of credit or any other collateral, such letters of credit and any other collateral shall remain in place to secure the obligations of any of the Sureties' indemnitors regardless of when the obligations arise, and the Sureties' rights and priorities in such collateral will remain unimpaired under the Plan. On the Effective Date, all premiums and loss adjustment expenses, including attorneys' fees, that are due to a Surety as of the Effective Date shall be paid to the applicable Surety.

Nothing herein or in the Plan shall be deemed to (a) modify the rights of the Sureties under the Surety Bonds, the Surety Indemnity Agreements, or applicable law; (2) require the Sureties to issue any new surety bonds or extensions or renewals of the Surety Bonds; or (3) affect the Sureties' respective rights (only to the extent such rights exist in any applicable Surety Indemnity Agreements or under applicable law) to require the Debtors or any other of the Sureties' respective indemnitors to execute and deliver to the Sureties new indemnity agreements containing such new or additional terms as the Sureties may require in their discretion. In furtherance thereof, nothing in the settlement, release and injunction provisions of the Plan or any document or agreement relating to the Plan shall be deemed to bar, impair, alter, diminish or enlarge any of the rights of the Sureties against any of the Sureties' indemnitors or prevent or otherwise limit the Sureties from exercising their rights under any of the Surety Bonds, the Surety Indemnity Agreements, letters of credit or other collateral, or the common law of suretyship.