**Presentment Date and Time: May 30, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: May 29, 2019 at 9:30 a.m. (Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                            :
                                                 :   **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,        :
                                                 :   **Case No. 18-23538 (RDD)**
                                                 :
Debtors.[1]                                      :   **(Jointly Administered)**
------------------------------------------------------------ x

### NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND AMONG BUYER AND REALTY INCOME CORPORATION CLARIFYING CURE AMOUNTS FOR LEASE OF NONRESIDENTIAL REAL PROPERTY

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "Buyer") will present

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the *Stipulation and Order by and among Buyer and Realty Income Corporation Clarifying Cure Amounts for Lease of Nonresidential Real Property* (the "Stipulation") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **May 30, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **May 29, 2019 at 9:30 a.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Stipulation, a hearing (the "Hearing") will be held to consider such objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the

United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: May 22, 2019
New York, New York

*/s/ Luke A. Barefoot*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

# Exhibit A

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re : | |
| : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, : | |
| : | **Case No. 18-23538 (RDD)** |
| : | |
| Debtors.[2] : | **(Jointly Administered)** |

------------------------------------------------------------ x

**STIPULATION AND ORDER BY AND AMONG**
**BUYER AND REALTY INCOME CORPORATION CLARIFYING CURE**
**AMOUNTS FOR LEASE OF NONRESIDENTIAL REAL PROPERTY**

This Stipulation and Order (the "Stipulation and Order") is made as of May 22, 2019, by and between Transform Holdco LLC, as Buyer (the "Buyer") and Realty Income Corporation, as the holder of a beneficial interest in a trust which owns the property subject to the Designated Lease (as defined below) ("Realty Income" and together with the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Recitals**

A.  Realty Income and the Debtors are parties to that certain lease of nonresidential real property (the "Premises") identified as store number 62538 and located at 2505 El Camino Real, Tustin California (as amended and/or modified, the "Designated Lease").

B.  On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.  On January 23, 2019, the Debtors filed and served on applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "First Supplemental Notice"). The Designated Lease was among the leases identified in the Notices.

D.  On January 28, 2019, the Realty Income timely filed the *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, Graziadio Investment Company, the Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., and Weingarten Realty Investors to Debtors' Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (ECF No. 2063) (the "Landlord Cure Objection") objecting to the First Supplemental Notice with respect to the cure amount and adequate assurance for the Designated Lease.

E. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to the Buyer.

F. In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019. The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Leases and to May 13, 2019 for Additional Contracts.

G. On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

H. On April 5, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3057) (the "Assumption Notice"), which restated the Debtors' proposed cure amount for the Designated Lease and designated the Designated Lease for assumption and assignment to the Buyer or Buyer's affiliate pursuant to the terms of the Assumption and Assignment Order.

I.  On April 15, 2019, Realty Income filed the *Supplemental Objection of Realty Income Corporation to the Debtors' Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3188) (the "Second Landlord Objection" and together with the Landlord Cure Objection, the "Landlord Objections").

J.  On May 13, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (the "May 13 Order"), pursuant to which certain leases were ordered to be assumed and assigned to the Buyer or its Assignee, including the Designated Lease (ECF No. 3850). The May 13 Order also established certain procedures to address disputed cure amounts (the "Disputed Cure Procedures") and contained a schedule of leases for which cure amounts had been established (such schedule attached to the May 13 Order as Schedule 1, the "Resolved Cure Schedule").

K.  The Buyer and Realty Income wish to clarify that, notwithstanding anything to the contrary in the May 13 Order, the Buyer and Realty Income have agreed that the cure amounts with respect to the Designated Lease have not been agreed to and are subject to the Disputed Cure Procedures.

L.  The Parties have agreed to a stipulation laying out this understanding based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.  The Parties desire to memorialize their agreement in this Stipulation and Order.

2.  This Stipulation shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

3. This Stipulation shall supersede the May 13 Order solely with respect to the Disputed Cure Procedures' application to the Designated Lease. Notwithstanding anything in the May 13 Order, the cure costs, if any, for the Designated Lease have not been resolved or agreed to by the Parties. For the avoidance of doubt, and notwithstanding anything in the May 13 Order, the Landlord Objections, solely with respect to cure costs, are preserved, and the disputed cure costs shall be subject to the Disputed Cure Procedures.

4. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

5. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

6. Pending entry of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

7. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

Dated: May 22, 2019

**KELLEY DRYE & WARREN LLP**

By: _/s/ Maeghan J. McLoughlin_
Maeghan J. McLoughlin
101 Park Avenue
New York, NY
Telephone: (212) 808-7800

*Counsel for Realty Income Corporation*

Dated: May 22, 2019

**CLEARY, GOTTLIEB, STEEN & HAMILTON**

By: _/s/ Luke A. Barefoot_

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Counsel for the Buyer*

**IT IS SO ORDERED.**

Dated: New York, New York
    May__, 2019

                      UNITED STATES BANKRUPTCY JUDGE