FERRAIUOLI, LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Attorneys for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION TO AMENDED DISCLOSURE STATEMENT**
(Related Docket No. 3895)

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("Santa Rosa Mall"), by and through its undersigned counsel, and hereby objects to the *Disclosure Statement for Amended Joint Chapter 11 Plan []* (Docket No. 3895), filed by the Debtors as follows:

Background

1.	Sears Holding Corporation and its affiliated co-debtors (collectively the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 15, 2018 (Docket No. 1).

2.	On April 10, 2019, Santa Rosa Mall filed Proof of Claim No. 17454 in the amount of $16,500,000.00.  The claim arises from the damages caused to Store No. 1915 by Hurricanes Irma and Maria back in September 2017, for which Insurance Policy No. PTNAM1701557 was

intended to provide coverage. Since October 2017, Santa Rosa Mall has requested Debtors information as to the status of the insurance proceeds (including its claims, adjustment negotiations and ultimate settlement payment) related to Store No. 1915, *i.e.*, Insurance Policy No. PTNAM1701557. See the *Motion for Entry of Order for the Debtor to [] Disclose Status of Insurance Claim []* (Docket No. 1240).

3. On April 17, 2019, the Debtors filed a *Disclosure Statement* (Docket No. 3276) subsequently supplemented by the exhibits filed on May 3, 2019 (Docket No. 3618).

4. On May 1, 2019, Santa Rosa Mall filed a *Motion for Relief from the Automatic Stay and Memorandum in Support Thereof and/or to Declare that the Insurance Proceeds are not part of the Bankruptcy Estate* (the "*Motion for Relief from Stay*", Docket No. 3475). Santa Rosa Mall sustains that it is included among the insured in the *Contract of Insurance* (the "*Contract of Insurance*") for Policy No. PTNAM1701557 (the "*Insurance Policy*") for the period of June 1, 2017 to June 1, 2018, which provides coverage for the damages caused by Hurricanes Irma and Maria back in September 2017 up to the limit of $50,000,000. As named insured, Santa Rosa Mall sustains the insurance proceeds are not part of the bankruptcy estate. See *Motion for Relief from Stay*, Docket No. 3475. This matter is presently *sub judice*.

5. On May 8, 2019, Santa Rosa Mall filed an *Objection to Disclosure Statement and Joinder in the US Trustee's Objection* (the "*Objection to Disclosure Statement*", Docket No. 3771). Santa Rosa Mall adopted the *US Trustee's Objection* and reserved its rights with regard to the insurance monies due under Insurance Policy No. PTNAM1701557, to the extent they are not part of the bankruptcy estate and to the extent of its interest on account of the damages caused by Hurricanes Irma and Maria to Store No. 1915.

6. On May 16, 2019, the Debtors filed the *Disclosure Statement for Amended Joint Chapter 11 Plan []* (the "*Amended Disclosure Statement*", Docket No. 3895).

7. The hearing to consider the *Amended Disclosure Statement* is scheduled for May 29, 2019. See *Notice of Adjournment of Disclosure Statement Objection Deadline*, Docket No. 3899. The foregoing objection is timely pursuant to the deadline established by the Court in such *Notice* (id.).

Applicable Law and Discussion

8. Santa Rosa Mall fully incorporates its *Objection to Disclosure Statement* as if fully transcribed herein. See Docket No. 3771.

9. "The Bankruptcy Code requires a debtor to engage in 'full and fair disclosure' during the reorganization process." In re PC Liquidation Corp., 383 B.R. 856, 865 (E.D.N.Y. 2008), citing In re Momentum Manufacturing Corp., 25 F.3d 1132, 1136 (2nd Cir. 1994). Consequently, Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the Court containing "adequate information" and a summary of the plan prior to any post-petition solicitation of votes for or against the plan. See 11 U.S.C. § 1125(b); In re Momentum Mfg. Corp., 25 at 1136.

10. Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, … that would enable [a creditor] of the relevant class to make a judgment about the plan…". 11 U.S.C. § 1125(a)(1). See also In re PC Liquidation Corp., 383 B.R. at 865 (defining "adequate protection"); In re El Comandante Mgmt. Co., LLC, 359 B.R. at 414 (same).

11. The *Amended Disclosure Statement* and/or its supplement exhibits do(es) not afford any information whatsoever as to the existence, status or whereabouts of Insurance Policy No. PTNAM1701557 and/or its proceeds, claims, adjustments, settlement payments or related information.

12. Neither does the *Amended Disclosure Statement* disclose and/or take into account Santa Rosa Mall's proposed scenario in which the Insurance Proceeds for the damages caused by Hurricanes Irma and Maria in September 2017 for Store No. 1915 are not part of the bankruptcy estate and/or part of the general fund available for distribution to all creditors, which is a matter pending resolution by the Court. Santa Rosa Mall further reserves all rights to that extent. See *Motion for Relief from Stay*, Docket No. 3475.

13. In addition, the *Amended Disclosure Statement* does not afford adequate information on the following matters: (a) the possession and itemization of the insurance settlements for rejected leases; (b) whether the insurance proceeds from rejected leases were transferred to Buyer or remain in the bankruptcy estate, and if so, in which amounts and for what considerations; and (c) the amounts of insurance proceeds that remain with the bankruptcy estate and how they have been identified, quantified, separated and/or earmarked from the rest of the estate.

14. "[P]olicy proceeds are not available to all creditors, … [although] they may be available to a class of creditors whose claims are covered by insurance." 3 Collier on Bankruptcy ¶ 362.03[5][b] (16th ed. 2019). Also see In re OGA Charters, L.L.C., 901 F.3d 599, 604 (5th Cir. 2018) (same); Tringali v. Hathaway Mach. Co., Inc., 796 F.2d 553, 560 (1st Cir. 1986) ("[A debtor's] interest in liability insurance . . . [is] the debtor's right to have the insurance company pay money to satisfy one kind of debt"); In re Mahoney Hawkes, LLP, 289 B.R. 285, 295 (Bankr. D. Mass. 2002) (finding that insurance proceeds were not available for distribution to creditors other than those whose claims are covered by such policies).

15. The *Amended Disclosure Statement* omits information that would enable Santa Rosa Mall to make a reasonable evaluation of the proposed plan and/or the proposed distribution of insurance monies.

<u>Prayer for Relief</u>

WHEREFORE, Santa Rosa Mall moves the Court to take notice of the foregoing and deny the Debtors' *Amended Disclosure Statement* (Docket No. 3895) on the foregoing grounds, and grant such other relief it deems just and proper.

Respectfully submitted.
Dated: May 22, 2019.

**Ferraiuoli** LLC
221 Ponce de León Avenue
5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Sonia E. Colon Colon*
Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
NY State Bar No. 929147
USDC-PR No. 224205
gchico@ferraiuoli.com
Attorneys for
*Santa Rosa Mall, LLC*