FOX ROTHSCHILD LLP
Kathleen M. Aiello
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900

*Attorneys for Aspen Marketing Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                              :

                                                   :    Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,[1]            :

                                                   :    Case No. 18-23538 (RDD)

                              Debtors.             :

                                                   :    (Jointly Administered)

------------------------------------------------------------x

## MOTION OF ASPEN MARKETING SERVICES, INC. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b) FOR SERVICES PROVIDED TO THE DEBTOR POST-PETITION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Aspen Marketing, Inc. ("Aspen Marketing"), by and through its undersigned counsel,

submits this motion (the "Motion") to Allow and Compel Payment of Administrative Expense

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Claim Under 11 U.S.C. § 503(b) for Services Provided to the Debtor Post-Petition. In support of the Motion, Aspen Marketing respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. The statutory predicate for the relief requested herein is Section 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtor" and, with the other debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors"), commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. In December 2018 and January 2019, Aspen Marketing provided certain marketing services to the Debtor relating to Sears Auto Center. Aspen Marketing issued two invoices to the Debtor in connection with these services. The first invoice, invoice no. EPU0000103838, dated January 24, 2019, was for services rendered by Aspen Marketing in December 2018 and totaled $101,120.47 (the "December Invoice"). The second invoice, invoice no. EPU0000105605, dated February 22, 2019, was for services rendered by Aspen Marketing in January 2019 and totaled $92,816.11 (the "January Invoice" and together with the December Invoice, the "Invoices"). Both the December Invoice and the January Invoice have net 30 day payment terms and payment was

2

due on February 23, 2019 and March 24, 2019, respectively. The Invoices are attached hereto as **Exhibit A**.

5.    The Invoices total $193,936.58 and remain unpaid.

## RELIEF REQUESTED

6.    Aspen Marketing requests entry of an order, substantially in the form attached hereto as **Exhibit B**: (i) granting Aspen Marketing an allowed administrative expense claim in the amount of $193,936.58 under section 503(b)(1)(A) of the Bankruptcy Code for services rendered to the Debtor post-petition, and (ii) requiring the Debtor to immediately pay such allowed administrative expense claim.

## BASIS FOR RELIEF

7.    The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1)(A)."

8.    Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)).

9.    Here, Aspen Marketing is asserting $193,936.58 for services rendered to the Debtor after the Petition Date. Moreover, the Debtor has already benefited from the marketing services

Active\95222575.v2-5/22/19

rendered by Aspen Marketing. Accordingly, Aspen Marketing is entitled to administrative expense priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

10.    In addition, Aspen Marketing is also entitled to immediate payment of its $193,936.58 administrative expense claim.

11.    With respect to timing of payment of an allowed administrative claim, courts have discretion as to whether to provide for immediate payment of such a claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id.* Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

12.    As set forth above, at the Debtor's request, Aspen Marketing rendered marketing services on behalf of the Debtor after the Petition Date. The Debtor has not disputed the Invoices. Presumably, the Debtors have been paying other administrative creditors in the ordinary course of business. It would be patently unfair, and without legal basis, for the Debtors to pay some administrative expense claimants who supply goods and services to the Debtors post-petition in

4

the ordinary course of business and not pay others. See, e.g., 11 U.S.C. §§ 507, 1122(a),

1123(a)(4); *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1356 n. 22 (9th Cir.

1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of

course, some creditors, with full knowledge of the fact, have agreed to subordinate their claims.")

(citation omitted). Accordingly, Aspen Marketing requests immediate payment of its allowed

administrative expense claim.

## NOTICE

13.    Notice of this Motion will be served on the Debtors and the "Master Service List"

as those terms are defined in the Procedures Order, and in the manner provided therein. Aspen

Marketing submits that no other or further notice need be provided.

14.    No previous motion or application for the relief sought herein has been made to this

or any other Court.

## CONCLUSION

15.    For the foregoing reasons, Aspen Marketing respectfully requests that the Court (a)

enter an order, substantially in the form attached hereto as Exhibit B, (i) granting Aspen Marketing

an allowed administrative expense claim in the amount of $193,936.58 on account of services

rendered to the Debtor Sears Holdings Corporation after the Petition Date, and (ii) requiring the

Debtor to immediately pay such allowed administrative expense claim; and (b) grant such other

and further relief to Aspen Marketing as the Court deems just and proper.

5

Dated:   New York, New York
       May 22, 2019

FOX ROTHSCHILD LLP

By:   */s/ Kathleen M. Aiello*
      Kathleen M. Aiello
      101 Park Avenue, 17th Floor
      New York, New York 10178
      (212) 878-7900

*Attorneys for Aspen Marketing, Inc.*

6