**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY FOR THE PURPOSE OF JOINING SEARS**
**HOLDINGS CORPORATION AS A DEFENDANT IN EXISTING LITIGATION**
**PENDING BEFORE THE ONTARIO SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST) AND TO LIQUIDATE CERTAIN CLAIMS AGAINST**
**SEARS HOLDINGS CORPORATION IN SUCH EXISTING LITIGATION**

Upon the *Motion for Relief from the Automatic Stay for the Purpose of Joining Sears Holdings Corporation as a Defendant in Existing Litigation Pending before the Ontario Superior Court of Justice (Commercial List) and to Liquidate Certain Claims against Sears Holdings Corporation in such Existing Litigation* [Docket No. 3237] (the "Motion")[1] filed by the Canadian Plaintiffs for entry of an order pursuant to 11 U.S.C. § 362(d)(1) lifting the automatic stay imposed by 11 U.S.C. § 362(a) for the purpose set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the notice of and the opportunity for a hearing on the Motion was due and sufficient under the circumstances; and upon the objection to the Motion filed by the Debtors and the statement related thereto filed by the official creditors committee, as well as the Canadian Plaintiffs' reply; and upon the record of

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the hearing held by the Court on the Motion on May 21, 2019 (the "Hearing"); and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the legal and factual bases set forth in the pleadings and at the Hearing establish good and sufficient cause for the relief granted herein; now, therefore, it is hereby

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that all objections to the Motion and joinders thereto, except to the extent resolved hereby, are overruled; and it is further

**ORDERED** that the automatic stay under 11 U.S.C. § 3629a) is modified pursuant to 11 U.S.C. § 362(d)(1) to permit each of the Canadian Plaintiffs, as applicable, to (i) name Debtor Sears Holdings as a defendant in the Canadian Litigation and (ii) pursue the entry of a judgment in respect of Sears Holdings in the Canadian Litigation for the purpose of liquidating the Canadian Plaintiffs' respective claims against Sears Holdings, and to permit Sears Holdings to defend and otherwise participate in the Canadian Litigation; provided, however, that the Canadian Plaintiffs shall not seek an award of punitive or exemplary damages or the imposition of a constructive trust as against Sears Holdings; and provided further that, to the extent judgment is entered against Sears Holdings in the Canadian Litigation, the Canadian Plaintiffs shall not take any action to enforce such judgment against Sears Holdings; and it is further

**ORDERED** that, except to the extent provided herein, all other provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to October 15, 2018 from the Debtors' estates and/or their property shall remain in full force and effect; and it is further

**ORDERED** that entry of this Order does not preclude the Court in proper circumstances from estimating under 11 U.S.C. § 502(c) any claim against Sears Holdings asserted in the Canadian Litigation and in this Court; and it is further

**ORDERED** that the parties are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient; and it is further

**ORDERED** that the 14-day stay of this Order under Fed. R. Bankr. 4001(a)(3) is waived, for cause, and this Order effective and enforceable upon its entry; and it is further

**ORDERED** that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 23, 2019
       White Plains, New York

                                        /s/Robert D. Drain
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE