Hearing Date: May 29, 2019
Hearing Time:  1:30 P.M.

Alan D. Halperin, Esq.
Walter Benzija, Esq.
Donna H. Lieberman, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
wbenzija@halperinlaw.net
dlieberman@halperinlaw.net

*Counsel to Relator Carl Ireland*,
*Administrator of the Estate of James Garbe*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            |
In re:                                                      |    Chapter 11
                                                            |    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,                       |
                                                            |    (Jointly Administered)
                              Debtors.                      |
                                                            |
------------------------------------------------------------x

**OBJECTION OF RELATOR CARL IRELAND, ADMINISTRATOR OF THE
ESTATE OF JAMES GARBE, TO THE DISCLOSURE STATEMENT FOR
AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS
CORPORATION AND ITS AFFILIATED DEBTORS**

Carl Ireland, Administrator of the Estate of James Garbe ("Relator"), by and
through his counsel, files this objection (the "Objection") to the Disclosure Statement for
Amended Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors (the
"Amended Disclosure Statement" and the related amended plan being the "Plan") [D.N. 3895,
3894] which was filed by the above-captioned debtors and debtors in possession (the "Debtors").
In support of his Objection, Relator respectfully states as follows:

**Preliminary Statement**

1.      Relator and his co-mortgagee, the United States of America (the "Mortgagees"),

hold unique claims in these Chapter 11 cases. As of the October 15, 2018 bankruptcy

commencement date, they held perfected first mortgage liens on property owned by the Debtors

in Puerto Rico, as well as the proceeds of that property.  Relator timely objected to the Debtors'

proposed final orders relating to senior and junior DIP financing, and as a result, the first priority

liens and security interests of the Mortgagees in their collateral were preserved, and not diluted

or subordinated in any manner.  D.N. 955, ¶ 65; D.N. 1436, ¶ 64.  (the "Final DIP Orders").

2.      The Mortgagees' collateral was included in what is generally referred to as the

"global sale" of the Debtors' assets, and Relator also timely objected to the sale of its collateral.

As a result of that objection, the following language was added to the Sale Order:

> **Mortgage Adequate Protection**. Notwithstanding anything to the contrary contained
> herein or in the Asset Purchase Agreement or related documents, upon the closing of the
> Sale Transaction, **Relator Carl Ireland, as Administrator of the Estate of James
> Garbe, and the United States (the "Mortgagees") as holders of liens on the real
> property known as Location #8975, Cupey Bajo, San Juan, Puerto Rico (the
> "Property") shall be entitled to a lien against the sale proceeds of the Property in the
> same order of priority as existing on the date of entry of this Sale Order and a
> superpriority administrative expense claim against the Debtors as adequate
> protection pursuant to sections 361, 363(e), and 507(b) of the Bankruptcy Code
> arising from the sale of such Property to satisfy any diminution of the value of such
> replacement lien post-Closing.** All parties' rights to object to the priority, validity,
> amount, and extent of such asserted liens and superpriority claim or the obligations
> relating thereto are preserved. The Debtors' and Mortgagees' rights as to the amount of
> the allocation of proceeds from the Sale Transaction to the Property and any valuation of
> the Property are preserved and any disputes shall be determined by the Bankruptcy Court,
> upon motion by any of the Debtors or the Mortgagees.

Sale Order, D.N. 2507, ¶ 71 (*emphasis added*).

3.      The Amended Disclosure Statement does not adequately disclose the unique

rights of the Mortgagees, and the Debtors' proposed treatment of the Mortgagees, as set forth in

the Amended Disclosure Statement and the Plan is not consistent with the rights of the

Mortgagees as delineated in the Sale Order.  Relator has proposed language to the Debtors to

address the shortcomings of the documents, and is advised that some of that language will be included in a further amended disclosure statement and plan.  However, inadequacies remain and need to be addressed.  Absent such modifications, the Amended Disclosure Statement fails to provide adequate or wholly accurate information.

<u>**Objection to the Adequacy of the Disclosure Statement**</u>

4.        Bankruptcy Code § 1125(a)(1), (b) and (f)(3)(B) requires a debtor to provide adequate information to each holder of a claim or interest, meaning information of a kind, and in sufficient detail, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, depending on the complexity of the case, the benefit of additional information to creditors and other factors.

5.        Pursuant to 11 U.S.C. § 1125(b), the Debtors must provide adequate information in sufficient detail "as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical creditor of the relevant class to make an informed judgment about the plan." 11 U.S.C. 1125(a)(1).  It is implicit in the requirements of section 1125 that the information provided in the disclosure statement be accurate to the best of the Debtors' knowledge.

6.        The Mortgagees have both liens and a superpriority administrative expense claim pursuant to the terms of the Sale Order, which are not adequately addressed or accurately described in the Amended Disclosure Statement and Plan.  Relator therefore proposed language to the Debtors: (i) briefly describing the position of the Mortgagees; (ii) making it clear that the Mortgagees' liens are included in "Other Secured Claims:" and (iii) addressing the Mortgagees' superpriority claims, which are of course different from the "ESL 507(b) Priority Claims" but do

not neatly fit within "Other 507(b) Priority Claims."[1]

**(i)  Agreed Language Changes**

7.      Prior to the filing of this Objection, Relator provided language that he asked be added to the last paragraph of section N of the Amended Disclosure Statement (which follows the chart summarizing the terms of the asset purchase agreement), and the Debtors largely agreed to the addition of such language.  The last paragraph of section N presently states that: "On February 8, 2019, the Bankruptcy Court entered the Sale Order approving the Sale Transaction and Asset Purchase Agreement."  The Debtors and Relator have agreed to the addition of the following language after that sentence, as well as the addition of the footnote shown:

> The Sale Order contains language reflecting the Court's resolution of the objection of Relator Carl Ireland, as Administrator of the Estate of James Garbe ("Relator"). Relator, as well as his co-mortgagee, the United States (together, the "Mortgagees") held a first mortgage on certain of the Debtors' real estate, and did not consent to the sale of such collateral.*  The Sale Order provides that the Mortgagees "shall be entitled to a lien against the sale proceeds of the Property in the same order of priority as existing on the date of entry of this Sale Order and a superpriority administrative expense claim against the Debtors as adequate protection pursuant to sections 361, 363(e), and 507(b) of the Bankruptcy Code arising from the sale of such Property to satisfy any diminution of the value of such replacement lien post-Closing."

> The Mortgagees' secured claim under the Sale Order is an "Other Secured Claim" under the Plan.

The footnote would provide:

> Relator had previously filed limited objections to the proposed final DIP Orders, and pursuant to those Orders, the Mortgagees' liens were not primed and no *pari passu* liens were granted.

**(ii)  The Remaining Disclosure Issue**

8.      The Amended Disclosure Statement and the Plan do not accurately reflect the

---

[1] The Debtors agreed to extend Relator's time in which to object to the Amended Disclosure Statement to and including May 23, 2019.

Mortgagees' rights with respect to their superpriority administrative claims. Unlike the superpriority claims of the other creditors who may assert "Other 507(b) Priority Claims," the Mortgagees' rights do not arise under the Final DIP Orders and are not subject to the restrictions set forth in those Orders with respect to superpriority claims and recovery sources for the same.

9. Relator proposes that the corrections shown below in italics be made to the Amended Disclosure Statement and mirrored in the Plan, as follows:

**Amended Disclosure Statement**

> **Page 4,** Claim and Recovery Chart. Other 507(b) Priority Claims. The recovery description should state: "Satisfied in full in Cash from the Net Proceeds of Total Assets, *or in the case of the 507(b) Priority Claims of Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States, from the Net Proceeds of Total Assets, and if such proceeds are insufficient, from the Wind Down Account.*

> **Page 58,** Section V (A)(5). Treatment of Other 507(b) Priority Claims**.** The last paragraph of this section should state: "Notwithstanding the foregoing, in accordance with the DIP Order, the Other 507(b) Priority Claims, shall not be entitled to any Cash proceeds of the Wind Down Account *except for the 507(b) Priority Claims of Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States. To the extent that Relator Carl Ireland, as Administrator of the Estate of James Garbe and the United States have an Allowed Other 507(b) Claim that is not paid from the Net Proceeds of Total Assets, such Allowed Claim shall be paid from the Wind Down Account.*"

**Plan**

> **Section 1.75** "General Unsecured Trust Recovery"

> (b) proceeds of the Wind Down Account, subject to the full satisfaction of all Allowed Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax *Claims and the Other 507(b) Priority Claims of Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States* …

> **Section 1.96** "Other 507(b) Priority Claim" means *(i)* a superpriority claim under section 507(b) of the Bankruptcy Code and the DIP Order asserted by the holder of such Claim (other than ESL Parties), against the Debtors, excluding any ESL 507(b) Claim, *or (ii) the superpriority claim granted to Relator Carl Ireland, as Administrator of the Estate of James Garbe and the United States under section 507(b) of the Bankruptcy Code pursuant to the Sale Order.*

> **Section 2.5** Other 507(b) Priority Claims (last paragraph)

Notwithstanding the foregoing, in accordance with the DIP Order, the Other 507(b) Priority Claims, shall not be entitled to any Cash proceeds of the Wind Down Account *except for the 507(b) Priority Claims of Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States. To the extent that Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States have an Allowed Other 507(b) Claim that is not fully paid from the Net Proceeds of Total Assets, such Allowed Claim shall be paid from the Wind Down Account.*

### Reservation of Rights

10.     Relator expressly reserves his rights to supplement and amend this objection and to object to the Plan and/or the confirmation of the Plan on any grounds as may be appropriate.

### Conclusion

**WHEREFORE**, Relator respectfully requests that the Court deny approval of the Amended Disclosure Statement unless the modifications set forth above are made, and grant Relator such other relief as may be just and proper.

Dated:  New York, New York
        May 23, 2019

**HALPERIN BATTAGLIA BENZIJA, LLP**

By:     /s/__Alan D. Halperin
        Alan D. Halperin, Esq.
        Walter Benzija, Esq.
        Donna H., Lieberman, Esq.
        40 Wall Street
        New York, New York 10005
        Telephone: (212) 765-9100
        ahalperin@halperinlaw.net
        wbenzija@halperinlaw.net
        dlieberman@halperinlaw.net

*Counsel to Relator Carl Ireland,*
*Administrator of the Estate of James Garbe*

.