Eric R. Goodman
Adam L. Fletcher
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio  44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

*Counsel to Plus Mark LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
In re:                                                  :
                                                        :   Chapter 11
SEARS HOLDINGS CORPORATION,                             :
*et al.*,                                               :   Case No. 18-23538 (RDD)
                                                        :
                        Debtors.                        :
                                                        :
------------------------------------------------------- x

**LIMTED JOINDER OF PLUS MARK LLC IN OBJECTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR AN
ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING NOTICE
AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (III)
APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR
DISTRIBUTION THEREOF; (IV) APPROVING FORMS OF BALLOTS AND
ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; AND (V) GRANTING
RELATED RELIEF**

Plus Mark LLC ("Plus Mark") hereby files this limited joinder in the *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for an Order (I) Approving Disclosure Statement; (II) Establishing Notice and Objection Procedures for Confirmation of the Plan; (III) Approving Solicitation Packages and Procedures for Distribution Thereof; (IV) Approving Forms of Ballots and Establishing Procedures for Voting on the Plan; and (V) Granting Related Relief* (Dkt. No. 3995, the "UCC Objection"), and states as follows:

1.	Plus Mark holds filed claims in the amount of $293,621.82 against debtor Kmart Corporation ("Kmart") for goods sold to Kmart prior to the petition date, of which $208,172.22 is a general unsecured claim. *See* Claim No. 14535.

2.	Plus Mark hereby joins in the arguments made in paragraphs 5 through 6, 9, 16, 26 through 32, 77 through 78, and 87 of the UCC Objection (the "Joined Paragraphs").

3.	The debtors' Initial Liquidation Analysis[1] estimated a recovery of 10% to general unsecured creditors of Kmart under the debtors' Initial Plan. The debtors' Amended Liquidation Analysis now estimates a recovery of only 2.5% to general unsecured creditors of Kmart under the Amended Plan because of the debtors' newly proposed substantive consolidation of all the debtors' estates.

4.	As aptly explained in the UCC Objection, the Amended Disclosure Statement fails to provide adequate information regarding the legal and factual bases to support the debtors' proposed substantive consolidation of Kmart's estate with the estates of the other debtors, particularly those debtors that are or appear to be administratively insolvent. Instead, the Amended Plan appears to be an effort to gut the recoveries of Kmart's general unsecured creditors solely for the benefit of the creditors of other, administratively insolvent debtors.

5.	As the UCC Objection makes apparent, the Amended Plan appears to fail the best interests of creditors test, at least with regard to general unsecured creditors of Kmart, given other alternatives (whether a stand-alone plan for Kmart or a chapter 7 liquidation) under which it appears that Kmart's general unsecured creditors would fair far better. It is incumbent upon the debtors to provide adequate legal and factual information in the Amended Disclosure

---

[1]	Capitalized terms not otherwise defined herein have the meaning ascribed to them in the UCC Objection.

Statement to enable creditors of Kmart to fairly evaluate those alternatives against the anticipated results under the Amended Plan, and to demonstrate that the Amended Plan is confirmable.  The debtors have failed to do so in the Amended Disclosure Statement.

## **CONCLUSION**

6. Thus, for the reasons stated in the Joined Paragraphs of the UCC Objection, the Disclosure Statement Motion should be denied.

Dated: May 23, 2019    Respectfully submitted,

/s/ Eric R. Goodman
Eric R. Goodman
Adam L. Fletcher
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio  44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740
Email: egoodman@bakerlaw.com
          afletcher@bakerlaw.com

*Counsel to Plus Mark LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2019, a true and correct copy of the foregoing *Limited Joinder of Plus Mark LLC in Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for an Order (I) Approving Disclosure Statement; (II) Establishing Notice and Objection Procedures for Confirmation of the Plan; (III) Approving Solicitation Packages and Procedures for Distribution Thereof; (IV) Approving Forms of Ballots and Establishing Procedures for Voting on the Plan; and (V) Granting Related Relief* was electronically mailed to the parties registered or otherwise entitled to receive electronic notice in these cases pursuant to the Electronic Filing Procedure in this District.

                                          */s/ Eric R. Goodman*
                                          Eric R. Goodman