# *EXHIBIT B*

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212 225 2550
lliman@cgsh.com

VICTOR I. LEWKOW
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
YARON Z. REICH
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW

FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE

DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
    RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
    RESIDENT COUNSEL

LOUISE M. PARENT
    OF COUNSEL

May 20, 2019

BY E-MAIL

Sunny Singh, Esq.
Jared Friedman, Esq.
Paul Genender, Esq.
Jennifer Brooks Crozier, Esq.
Weil, Gotshal & Manges LLP

Re:     APA Disputes

Dear Sunny, Jared, Paul and Jennifer:

   I am writing on behalf of Transform Holdco LLC ("Transform") to reiterate our repeated offers for a meeting with Debtors to attempt to resolve disputed issues under the APA without recourse to litigation.  Transform has made written offers to hold a meeting on these issues on April 15, April 19, May 3, and May 13, 2019.

   We continue to believe that the parties should first meet to attempt to resolve the APA-related disputes before burdening the Court with these matters.  Transform's representatives are available on the afternoon of Wednesday, May 22, or Thursday, May 23, 2019.  We intend to address the following outstanding issues, which have been previously detailed in letters dated February 21, February 25, and March 26, 2019, as well as Transform's *Motion to Assign Matter to Mediation* [D.I. 2766] and *Reservation of Rights in Response to Debtor's Notice of Presentment of Stipulation and Order Permitting Pension Benefit Guaranty Corporation to File Consolidated Proofs of Claim Under a Single Case Number* [D.I. 2940].

- **Prepaid Inventory**:  Under Section 2.1(x) the APA, Debtors agreed to sell to Transform Prepaid Inventory, defined as "all Inventory that has been paid for by Sellers prior to the Closing Date but as to which Sellers have not taken title or delivery as of the Closing Date."  The Parties agreed under Section 2.3(k)(ix) that in the event that the Prepaid Inventory Shortfall Amount—defined as an amount

equal to $147,000,000 less the amount of the Prepaid Inventory as of the Closing Date—was a positive number, Transform's obligations to assume the Severance Reimbursement Obligations and the Assumed 503(b)(9) Claims would be reduced dollar for dollar. At most, Debtors delivered only approximately $75 million in Prepaid Inventory at Closing, causing a Prepaid Inventory Shortfall Amount of $72 million, and further consequential damages.

- **Specified Receivables**: Under Section 2.1(d) of the APA, Debtors agreed to sell Transform the $255.2 million in Specified Receivables listed by specific name and amount in Annex 11. The Parties agreed under Section 2.3(k)(vii) that in the event that the Specified Receivables Shortfall Amount—defined as "an amount equal to $255,200,000 less the amount of the Specified Receivables delivered to Buyer at Closing"—was a positive number, Buyer's obligations to assume the Severance Reimbursement Obligations and the Assumed 503(b)(9) Claims would be reduced dollar for dollar. More than $150 million of the purported receivables that Debtors delivered at Closing to satisfy their obligation to deliver the Specified Receivables do not appear to be receivables at all, but rather are accounting entries that either simply track CIA Inventory or are erroneous entries that do not correspond to any actual claim against a third-party. Furthermore, Debtors have purported to meet their obligation to deliver the Specified Receivables by over-delivering substitute accounts receivable with a dramatically lower recovery value than the receivables that were due to Transform under Annex 11. Debtors have caused a Specified Receivables Shortfall Amount in excess of $150 million.

- **Purported PBGC Lien**: Under Sections 2.1(r), 6.5(b), and 8.1(b)(i) of the APA, Debtors agreed to sell Transform the KCD Notes and deliver them free from encumbrances. In contravention of these contractual obligations to Transform, Debtors entered into an agreement with PBGC that purports to terminate the Sears Pension Plans as of January 31, 2019, and trigger PBGC's right to impose a lien against the KCD Notes. Despite the termination not having been approved by the Court, PBGC nevertheless has sought to file an illegitimate lien against the Sears Re assets, including the KCD Notes.

- **Hoffman Estates**: Under Section 2.1(c) of the APA, Debtors agreed to sell to Transform all Owned Real Property, which includes Debtors' corporate headquarters at Hoffman Estates. The complete Hoffman Estates property is listed in Schedule 1.1(p) ("Operating Owned Properties") as store number "490," located in the city of "Hoffman Est." in the state of "IL." Debtors have nonetheless delivered only three of the 16 parcels of land that make up Hoffman Estates.

- **Other Payables**: Under Section 2.3(k) of the APA, Transform agreed to assume Other Payables with respect to Ordered Inventory up to $166 million. Under Section 2.4 of the APA, all other liabilities of Debtors were to remain with Debtors. Debtors, however, have repudiated the terms of the APA and demanded

Singh, Friedman, Genender, Crozier p. 3

that Transform satisfy payables of Debtors other than those related to the Ordered Inventory. As a consequence, and in order to avoid further harm to its vendors and business, Transform has been compelled to satisfy over $120 million of payables outstanding at Closing unrelated to Ordered Inventory that should have been borne by Debtors. Even if Transform were obligated to assume these payables, Debtors grossly inflated the amount of payables outstanding at Closing through conduct outside the Ordinary Course in breach of their obligations under the APA.

In addition to the foregoing matters, two more issues have recently been brought to Transform's attention which should also be addressed at the meeting:

- **Adequate Assurance Deposit**: Under the *Order Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers* [D.I. 431], Debtors were authorized to establish the Adequate Assurance Deposit to provide security to Utility Providers, ensuring the continued supply of utility services to Debtors' properties. Prior to Closing, Debtors described these services as essential to the operation of Debtors' properties. Pursuant to the APA, Transform has acquired many of the properties whose continued operation is dependent on the utility services secured by the Adequate Assurance Deposit. Under Section 2.1(o), Transform is entitled to the portion of the Adequate Assurance Deposit corresponding to these Acquired Assets, as they are Security Deposits related to (and in fact essential to the continued operation of) an Acquired Asset.

- **Hoffman Estates Tax Credit**: Under Section 2.1(p) of the Amended APA, Debtors agreed to sell to Transform any Claims against parties to commercial relationships of the business. Debtors have been engaged in litigation with the Village of Hoffman Estates and local school district over the business's entitlement to a tax credit pursuant to an Economic Development Agreement. Under the APA, Transform acquired these Claims, and is entitled to approximately $2.5 million ordered to be disbursed under the Court's *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving Balance Pending Court Order* [D.I. 3678], as well as any further proceeds from these Claims.

Please revert back to us at the earliest possibility so that we can ensure that whatever time works for you, also works for us.

Sincerely,

/s/ *Lewis J. Liman*

Lewis J. Liman