# *EXHIBIT F*

**From:** Chris Good
**Sent:** Thursday, March 7, 2019 5:41 PM
**To:** Linnane, William <William.Linnane@searshc.com>; Brian Griffith <bgriffith@miiipartners.com>
**Cc:** Phelan, Robert <Robert.Phelan@searshc.com>; rob.riecker <rob.riecker@searshc.com>; Butz, Jeff <Jeff.Butz@searshc.com>
**Subject:** RE: AP at 02/11 - Vendor process draft proposal

William – can we get the list of invoices outstanding at close and what's paid and what's not? The issue is the public dispute going on regarding how much AP NewCo is assuming. We also would propose that we just pay NewCo cash for the overage on whatever the assumed amount is and have NewCo process through its normal batch funding process. Would that work?

Unfortunately though, we can drill down a process but it won't matter until both sides agree on the AP number.

Thanks,
Chris

_____
Christopher A. Good
M-III Partners
130 West 42nd Street, 17th Floor
New York, New York 10036
O:  212.716.1497
M: 252.714.2092
cgood@miiipartners.com

**From:** Linnane, William [mailto:William.Linnane@searshc.com]
**Sent:** Thursday, March 7, 2019 5:36 PM
**To:** Brian Griffith <bgriffith@miiipartners.com>

**Cc:** Chris Good <cgood@miiipartners.com>; Phelan, Robert <Robert.Phelan@searshc.com>; rob.riecker <rob.riecker@searshc.com>; Butz, Jeff <Jeff.Butz@searshc.com>
**Subject:** RE: AP at 02/11 - Vendor process draft proposal

Hi Brian,

Wanted to follow up here.

Given the resource issue that you are referring to, let us know what you want us to do, on your behalf and behalf of the Estate, to move this along.

Thanks for your help,

William

---

**From:** Linnane, William
**Sent:** Friday, March 01, 2019 10:21 AM
**To:** Butz, Jeff <Jeff.Butz@searshc.com>; bgriffith@miiipartners.com
**Cc:** cgood@miiipartners.com; Phelan, Robert <Robert.Phelan@searshc.com>; Riecker, Rob <Rob.Riecker@searshc.com>
**Subject:** Re: AP at 02/11 - Vendor process draft proposal

Hi Brian,

I don't think there is much administration as such. Probably requires per day sending 20-30 emails that say the same thing: thanks for your email, we acknowledge receipt, please complete this form and send it back. New Sears will have access to the mailbox, so we can track what is coming in, what forms come in, etc.

We can track what is paid versus outstanding as well. As Jeff said below, we have all the information at Vendor invoice level.

If it was done at the end of each day, I think it no more than 30 minutes work. Probably good to check in between both the Estate and NewCo teams once per week as well. Maybe 3 hours work per week for first 3-4 weeks. Less work after that.

Best regards,

William


On Feb 28, 2019, at 1:06 PM, Butz, Jeff <Jeff.Butz@searshc.com> wrote:

There are currently 996 vendors on the list.

From the AP side, there is nothing to reconcile.  We have the list of invoices by vendor that we are holding.


Jeff Butz
Sr. Director Acctg Services
(847) 286-6503
Jeff.Butz@searshc.com
3333 Beverly Rd  B5-248A
Hoffman Estates, IL  60179

---

**From:** Brian Griffith [mailto:bgriffith@miiipartners.com]
**Sent:** Thursday, February 28, 2019 12:59 PM
**To:** Linnane, William <William.Linnane@searshc.com>; cgood@miiipartners.com
**Cc:** Phelan, Robert <Robert.Phelan@searshc.com>; Riecker, Rob <Rob.Riecker@searshc.com>; Butz, Jeff <Jeff.Butz@searshc.com>
**Subject:** RE: AP at 02/11 - Vendor process draft proposal

**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

---

How many vendors would you estimate would be in the outstanding AP?  I am not sure M-III would have the capacity to effectively administer this in an appropriate time period if we are talking about more than a hundred vendors.  I would almost think the AP team should remain the main point of contact (with M-III in the loop) as part of the transition services agreement for the estate.  Once the claim is reconciled, then M-III and NewCo could engage in discussion about how best to proceed with payment.


Brian J. Griffith
M-III Partners, LP
212-716-1494

---

**From:** Linnane, William <William.Linnane@searshc.com>
**Sent:** Thursday, February 28, 2019 11:58 AM
**To:** Brian Griffith <bgriffith@miiipartners.com>; Chris Good <cgood@miiipartners.com>
**Cc:** Phelan, Robert <Robert.Phelan@searshc.com>; rob.riecker <rob.riecker@searshc.com>; Butz, Jeff <Jeff.Butz@searshc.com>

**Subject:** AP at 02/11 - Vendor process draft proposal

Hi Brian, Chris,

Following up the discussion earlier today, the high process proposed would look like below. I am assuming both Miii and NewCo teams both have access to the a vendorassistance@searsestate.com

Proposed Process for Estate AP:
- Step 1: Vendor gets a letter stating: "If you have questions about invoices for goods received or services rendered prior to February 11th that remain outstanding, please contact: vendorassistance@searsestate.com"
- Step 2: Vendor emails this email address.
- Step 3: Vendor receives an email from a person at Miii or a standard email address at Miii (for example, MiiiSearsEstate@miiipartners.com). This email explains that Miii are working on behalf of Sears Holdings Corporation / the Estate. It requests that the Vendor completes a form to capture all the information needed to match this Post petition AP claim to the Payables.
- Step 4: Vendor completes form and sends to Miii address. Miii acknowledges with a standard response.
- Step 5: In the background, Miii pass forms or a collated summary of forms 3 times per week to NewCo. NewCo matches the information. If a query is generated because the data does not match the AP system, it goes back via Miii to Vendor until resolved. We can iron who does what here.
- Step 6: AP is paid by agreement between Miii and NewCo to first $xm. After $Xm a further discussion required.

Next Steps:
- Feedback on above
- Agree information on the form

Let me know your thoughts.

Best regards,

William

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

**This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.**

**This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.**

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

**This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.**

**This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.**