WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :        Case No. 18-23538 (RDD)
                                          :
            Debtors.                      :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

### DECLARATION OF WILLIAM C. GALLAGHER IN SUPPORT OF THE DEBTORS' SUPPLEMENTAL MOTION TO ENFORCE THE ASSET PURCHASE AGREEMENT[1]

Pursuant to 28 U.S.C. § 1746, I, William "Bill" C. Gallagher, hereby declare as follows:

1.      I submit this Declaration in support of the Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement (ECF No. 4029) (the "**Motion**").

2.      I am a Managing Director at M-III Partners, LP ("**M-III**"), the financial advisor to Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Sears**").

---

[1]  Capitalized terms used in this Declaration but not otherwise defined herein will have the meanings set forth in the Motion or in the APA, as applicable.  The APA is attached as <u>Exhibit B</u> to the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**").

3.      I began my tenure at M-III in October 2018 and immediately thereafter began working for and on behalf of Sears and the Debtors.  Over the last seven months, I have gained an extensive knowledge of the companies' real-estate assets.  Specifically, I have worked to manage and monetize the companies' real-estate assets in connection with these chapter 11 cases.  Inclusive of my time at M-III, I have almost forty years of experience in the financial industry, principally in the arenas of credit risk management, real-estate financing, mergers and acquisitions, and financial advisory services.  In addition, I have approximately ten years of experience in restructuring, having been retained by a large real-estate finance company in 2009 to manage the restructuring of the company's assets.

4.      Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge of the Debtors' operations and finances gleaned during the course of my engagement with the Debtors, my discussions with the Debtors' senior management, other members of the M-III team, and the Debtors' other advisors, and my review of relevant documents and/or my opinion based upon my experience.  If called to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, and/or opinion.

**Hoffman Estates Real Estate**

5.      In the parties' negotiations of real property to be delivered to Buyer at the Closing of the APA, the list of Operating Owned Property in Schedule 1.1(p) was prepared solely by the Buyer, at its insistence and provided to the Debtors on a "take it or leave it" basis.

6.      In the period between the signing and Closing, the Buyer received a set of deeds for the property acquired at Closing in Schedule 1.1(p).  The Buyer approved those deeds and Closing occurred on February 11, 2019.  After Closing, the Debtors then delivered the deeds and the Buyer recorded the conveyances.

2

7.      One of the Operating Owned Properties the Buyer included on Schedule 1.1(p) is Store No. 490 in Hoffman Estates, Illinois ("**Site 490**"), which is where Sears's corporate headquarters sits.

| 490 | Hoffman Est | IL |
|-----|-------------|-----|

8.      Site 490 comprised three of sixteen subdivided lots in the Hoffman Estates Development: lots 1A, 2, and 3.  The other thirteen lots in the Hoffman Estates Development are unrelated to the operation of the company.  The only properties to be included on Schedule 1.1(p) were those, like 1A, 2, and 3, relating to Sears's operations.

9.      On March 18, 2019, the Buyer recorded the deeds to lots 1A, 2, and 3 and no other lots with the Cook County Recorder of Deeds.  *See* Unofficial Copy of Quit Claim Deed for Lots 1A, 2, and 3, dated March 18, 2019; a true and correct copy of which is attached to this Declaration as **Exhibit A**.  The same day, the Buyer paid a real estate transfer tax, or "stamp tax," as to lots 1A, 2, and 3 and no other lots.  *See* Real Estate Transfer Tax, Village of Hoffman Estates, dated March 18, 2019; a true and correct copy of which is attached to this Declaration as **Exhibit B**.  Only after the deeds were recorded and taxes paid did the Buyer raise any objection to deal it negotiated in the APA.  Specifically, the Buyer now claims it should have received 13 additional, undeveloped lots in Hoffman Estates for which it did not receive deeds (the "**Estates' Lots**").

10.     The Buyer was intimately familiar with the Estates' Lots because it owned the properties—where its headquarters sat—for over a decade pre-petition.  When developing the preliminary and final schedules, the Buyer never sought to include any of the Estates' Lots.  Further, Site 490 was clearly identified in the documents disclosed in the Intralinks database, including without limitation in surveys and title commitments, as only being subdivided lots 1A,

3

2, and 3.  A DLA Piper ordered zoning report for Site 490, also included in Intralinks, was also only for lots 1A, 2 and 3.  Further, a Sears 490 survey in Intralinks as of December 7, 2018 clearly shows that other property in the Hoffman Estates Development outside of Lots 1A, 2 and 3, including the Estates' Lots, were not included in the properties to be conveyed to the Buyer.  *See* ALTA/NSPS Land Title Survey, Sears 490, conducted March 27, 2018; a true and correct copy of which is attached to this Declaration as **Exhibit C**.

11.     On March 26, the Buyer sent the Debtors a letter claiming that it is the true owner of the Estates' Lots (the "**March 26 Letter**").  *See* March 26, 2019 letter from Cleary to Weil; a true and correct copy of which is attached to this Declaration as **Exhibit D**.  This assertion of ownership and reservation of rights have placed a cloud on the title to the Estates' Lots, making it impossible for a potential purchaser to obtain financing and costing the Debtors potentially millions of dollars from the sale of such properties.

### Conclusion

12.     For the reasons set forth herein and in the *Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement*, I believe that the Motion should be granted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  May 24, 2019
        New York, New York

/s/ *William C. Gallagher*
William C. Gallagher
Managing Partner
M-III Advisory Partners, LP

4