UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) ) | Case No. 18-23538 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER AMONG THE
DEBTORS, BUYER, TRANSFORM AND WHIRLPOOL CORPORATION
FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**

The above-captioned debtors-in-possession (the "**Debtors**"), Whirlpool Corporation ("**Whirlpool**"), Transform Holdco LLC (the "**Buyer**"), Transform SR LLC, Transform KM LLC (with Transform SR LLC, "**Transform**" and, with the other parties hereto, the "**Stipulating Parties**") hereby enter into this Stipulation and Agreed Order (the "**Stipulated Order**").

**RECITALS**

A.  Debtor Sears, Roebuck & Co. ("**SRC**"), Debtor Kmart Corporation ("**Kmart**" and, with SRC, "**Sears**"), and Whirlpool are parties to an Alliance Agreement for Home Appliances, dated November 3, 2008, as amended (the "**Alliance Agreement**").

B.  On October 15, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

(collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). Since the petition date, the Debtors have continued to manage their business and operate their properties as debtors-in-possession pursuant to § § 1107 and 1108 of the Bankruptcy Code.

C.   On October 25, 2018 Whirlpool filed a notice of reclamation (the "**Notice of Reclamation**") in the Chapter 11 Cases [Doc. No. 326].

D.   On November 19, 2018, this Court entered an Order Approving Global Bidding Procedures and Granting Related Relief (the "**Bidding Procedures Order**") [Doc. No. 816].

E.   On January 14, 2019, in accordance with the Bidding Procedures Order, the Debtors commenced an auction to determine the highest and best offer for their assets.

F.   On January 18, 2019, the Debtors filed a Notice of Successful Bidder and Sale Hearing (the "**Sales Notice**") [Doc. No. 1730]. The Sales Notice attached as an exhibit a copy of the executed asset purchase agreement between the Debtors and the Buyer for the purchase of the Acquired Assets (as defined in the APA), dated January 17, 2019 (the "**Asset Purchase Agreement**" or "**APA**").

G.   On January 18, 2019, the Debtors filed a *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [Doc. No. 1731] ("**Notice of Cure**").

H.   On January 23, 2019, the Debtors filed the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction [Doc. No. 1774] ("**Supplemental Notice of Cure**").

I.   On February 1, 2019, Whirlpool filed an Objection and Reservation of Rights to Debtors' Assumption and Assignment and Proposed Cure Amount [Doc. 2368] (the "**Whirlpool Objection**"), which objected to the assumption and assignment of the Alliance Agreement to Buyer on the grounds that (1) Whirlpool had not received adequate assurance of future performance as required by Section 365(f)(2) of the Bankruptcy Code; and (2) the Supplemental Notice of Cure proposed an inadequate cure amount for the Alliance Agreement.

2

J. On February 8, 2019, this Court entered an order approving the APA (the "**Sales Order**").

K. On March 11, 2019, Whirlpool filed a proof of claim against SRC and Kmart in the amount of $6,121,432.60 for goods shipped to SRC under the Alliance Agreement before the Petition Date (the "**Whirlpool Claim**"), which amount reflects a credit of $7,656,959.44 of subsidies owed to Sears (the "**Subsidy Receivable**"). Sears and Whirlpool acknowledge that the Whirlpool Claim represents (i) the amount needed to cure all outstanding pre- or post-petition defaults under the Alliance Agreement as required by Section 365(b)(1)(B) of the Bankruptcy Code (the "**Cure Amount**"); (ii) the entirety of Whirlpool's remaining prepetition claim against the Debtors.

L. On May 13, 2019, the Buyer designated the Alliance Agreement as an Additional Contract for assumption and assignment pursuant to Section 33 of the Sales Order and Section 2.7 of the APA.

M. The Parties have engaged in good faith discussions regarding the terms under which Whirlpool will consent to the assumption and assignment of the Alliance Agreement and to withdraw the Whirlpool Objection and Notice of Reclamation.

N. The Parties have agreed to the assumption and assignment of the Alliance Agreement, with such assumption and assignment to become effective upon the satisfaction of the following conditions: (1) payment in full of Cure Amount; (2) the entry of this Stipulated Order; and (3) execution of an amendment to the Alliance Agreement (the "**Amended Agreement**") among Whirlpool and Transform.

**STIPULATION AND ORDER**

NOW, THEREFORE, EACH OF THE STIPULATING PARTIES HEREBY STIPULATES AND AGREES AS FOLLOWS:

1. The Alliance Agreement is an executory contract subject to Section 365 of the Bankruptcy Code.

2. Sears is currently in monetary default under the Alliance Agreement in the amount of $6,121,432.60. The Cure Amount shall not be due until five business days following the entry of this Stipulated Order.

3. The Buyer acquired the Subsidy Receivable from Sears under the APA.

4. The Alliance Agreement is assumed by Sears and assigned to Transform pursuant to Section 365(f)(2) of the Bankruptcy Code, effective upon satisfaction of each of the following conditions: (a) entry of this Stipulated Order; (b) a payment to Whirlpool of the Cure Amount by Transform; and (c) execution of the Amended Agreement.

5. Subject to the satisfaction of the conditions for assumption and assignment of the Alliance Agreement, the Whirlpool Objection and the Reclamation Notice shall be deemed withdrawn and the Whirlpool Claim shall be deemed withdrawn without prejudice.

6. Following entry of this Stipulated Order, no Stipulating Party shall take any action that would impair the effectiveness of the assumption of the Alliance Agreement.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulated Order.

8. This Stipulated Order is subject to the approval of the Court. If this Stipulated Order is not approved by the Court, this Stipulated Order will be deemed null and void, provided that the Designation Deadline defined in Section 2.9 of the Asset Purchase Agreement, and referenced in paragraph 26 of the Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief [Doc. No. 3008], shall be deemed satisfied with respect to the Alliance Agreement, subject to the Whirlpool Objection.

9. The Stipulating Parties represent and warrant to each other that the signatories to this Stipulated Order have full power and authority to enter into this Stipulated Order.

10. This Stipulated Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulated Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail.

11. This Stipulated Order shall not be altered, amended, or modified, and the rights hereunder may not be waived, except by a writing duly signed by each of the Stipulating Parties, and the Court entering an order approving such change.

IN WITNESS WHEREOF, this Stipulation, agreement, and order has been executed and delivered as of the day and year first written.

| | |
|---|---|
| Dated: May 17, 2019 | Dated: May 17, 2019 |
| By: /s/Garrett Fail | By: /s/Thomas B. Walper |
| WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br><br>*Attorneys for the Debtors and Debtors in Possession* | MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213)-683-9237<br>Facsimile: (213)-683-4036<br>Thomas B. Walper<br>Bradley Schneider<br><br>*Attorneys for Whirlpool Corporation* |

Dated: May 17, 2019

By: /s/R. Zachary Gelber

GELBER & SANTILLO PLLC
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

Facsimile: (212) 225-3999
R. Zachary Gelber
Kristen Santillo
*Attorneys for Transform Hold Co. LLC, Transform SR LLC, and Transform KM LLC*

**SO ORDERED**

Dated: May 28, 2019               /s/Robert D. Drain
       White Plains, New York      THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE