UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                  :

In re                                         :                 Chapter 11
                                                :

**SEARS HOLDINGS CORPORATION,** *et al.,*   :                Case No. 18-23538 (RDD)
                                                :
                 Debtors.[1]                     :                (Jointly Administered)
                                                  :
---------------------------------------------------------------x

**ORDER DENYING MOTIONS OF (1) LIBERTY INSURANCE CORPORATION
AND (2) ROSA MELGAR FOR RELIEF FROM THE AUTOMATIC STAY**

Upon (1) the *Notice of Motion for Relief from the Automatic Stay* filed by Rosa Melgar on February 19, 2019 and entered on March 26, 2019 (ECF No. 2960) (the "**Melgar Motion**") and (2) *Liberty Insurance Corporation's Motion for Relief from Automatic Stay*, filed April 19, 2019 (ECF No. 3294) (the "**Liberty Insurance Motion**," and together with the Melgar Motion, the "**Motions**"), pursuant to section 362(d)(1) of title 11 of the United States Code requesting relief from the automatic stay under section 362(a) of the Bankruptcy Code, all as more fully set forth in the Motions; and upon the Debtors' objection to the Motions, dated May 14, 2019

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(ECF No. 3877); and the Court having jurisdiction to decide the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), consideration of the Motions and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on the Motions on May 21, 2019 (the "**Hearing**"); and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the movants have not set forth sufficient cause for the requested relief, it is hereby

### ORDERED THAT:

1. The Melgar Motion is denied, without prejudice to the movant's right to seek such relief upon materially different circumstances.

2. The Liberty Insurance Motion is denied, without prejudice to the movant's right to seek such relief upon materially different circumstances.

3. This Order is deemed a separate order with respect to each Motion.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: May 28, 2019
      White Plains, New York

                                              /s/Robert D. Drain
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE