Brittany M. Michael (NY Bar No. 5678552)
STINSON LLP
1325 Avenue of the Americas, 27th Floor
New York, NY 10019

Edwin H. Caldie (MN Bar No. 0388930)
Kevin P. Kitchen (MN Bar No. 0399297)
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota, 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

*Counsel for Level 3 Communications, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

### SUPPLEMENTAL OBJECTION OF LEVEL 3 COMMUNICATIONS, LLC
### TO PROPOSED CURE AMOUNT

Level 3 Communications, LLC ("Level 3") supplements its previous objection and objects to the cure amounts set forth in the Notice of Assumption and Assignment of Additional Executory Contracts [ECF No. 3950], the Ninth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF No. 3972], and the Notice of Assumption and Assignment of Additional Executory Contracts [ECF No. 3973] (collectively the "Cure Notice") and states as follows:

## INTRODUCTION

Level 3 delivers telecommunications solutions to the Debtors (the "Accounts"). The Debtors previously proposed an inadequate amount to cure the Accounts. Level 3 and the Debtors continue to negotiate a cure amount, but no final amount has been determined. In the Cure Notice, the Debtors claim the cure amount for the Accounts has been resolved. Although Level 3 does not generally oppose assumption and assignment of the Accounts, it objects to such assumption and assignment to the extent that the proposed cure amounts fail to satisfy all existing defaults under all of the Accounts in accordance with 11 U.S.C. § 365(b).

## FACTS

1. On October 15, 2018, the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

2. The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. The Debtors sent Level 3 a proposed cure included in its Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF No. 1731].

4. Level 3 filed a timely objection to the original proposed cure notice on January 25, 2019 [ECF No. 1963] ("Cure Objection").

5. The Cure Notice includes the Accounts and notes "Cure Amount Resolved" in place for the proposed cure amount.

6. While the parties are continuing to negotiate a cure amount for the Accounts, a final amount has not been determined and the cure amount has not been "resolved."

## LIMITED OBJECTION

7.     Level 3 does not oppose the assumption and assignment of the Accounts provided it receives the proper cure required by 11 U.S.C. § 365.

8.     As Level 3 previously asserted in the Cure Objection, the Debtors currently owe $654,631.27 for outstanding pre-petition services due and owing to Level 3.

9.     11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10.    A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). Accordingly, unless and until the Debtors cure the balance owed Level 3 in full for all of the Accounts, the Debtors cannot assume and assign all of the Accounts.

11.    Level 3 does not seek more than the amounts due under the relevant invoices as a cure. Level 3 reserves the right to amend the cure amount demanded, and intends to work with the Debtors to reach an agreement as to the amounts necessary to fully cure the Accounts.

WHEREFORE, Level 3 respectfully requests that this Court enter an Order: (i) conditioning the assumption and assignment of all of the Accounts upon the payment of the

CORE/0807628.0097/152729648.1

cure amount described herein; and (ii) granting such other and further relief as this Court deems equitable and proper.

Dated: May 28, 2019

Respectfully submitted,

STINSON LLP

*/s/    Brittany M. Michael*
Brittany M. Michael (NY Bar No. 5678552)
STINSON LLP
1325 Avenue of the Americas, 27th Floor
New York, NY 10019

Edwin H. Caldie (MN Bar No. 0388930)
Kevin P. Kitchen (MN Bar No. 0399297)
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel. (612) 335-1500 / Fax. (612) 335-1657

*Counsel for Level 3 Communications, LLC*