Hearing Date: June 20, 2019
Objection Deadline: June 13, 2019

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor
Cassandra Postighone
   - and -
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: 312-263-0272
Michael M. Mulder*
Elena N. Liveris*
*Pro hac application pending

*Attorneys for Richard Bruce and Ronald Olbrysh*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al*,<br><br>Debtors. | Case No: 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

**NOTICE OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 1114(d) OF THE BANKRUPTCY CODE DIRECTING THE
APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES**

**PLEASE TAKE NOTICE** that on **June 20, 2019, at 10:00 a.m. (New York City time)**,

or as soon thereafter as counsel may be heard, a hearing on the motion (the "Motion") of the

Sears Roebuck retirees, Richard Bruce ("Bruce") and Ronald Olbrysh ("Olbrysh" and together

with Bruce, the "Retirees"), for entry of an order, substantially in the form attached to the

Motion as Exhibit "A" (the "Order"), will be held before the Honorable Robert D. Drain, United

States Bankruptcy Judge, at the United State Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York 10061-4140 (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that the Retirees shall also rely on the accompanying Declaration of Michael M. Mulder, as well as all documents and pleadings on file in the Debtors' chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court, set forth the legal and factual basis therefore and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a CD-ROM, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and be served in accordance with General Order M-399, to the extent applicable, and the *Amended Order Implementing Certain Notice And Case Management Procedures*, entered on November 1, 2018 (ECF 405), so as to be received no later than **June 13, 2019, at 4:00 p.m. (New York City time) (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that parties prosecuting the Motion or any objection thereto are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that, in the event that no objection to the Motion has been properly filed and served by the Objection Deadline, the Bankruptcy Court may enter the Order without a hearing.

New York, New York
May 28, 2019

                         Respectfully submitted,

                         By: */s/ James N. Lawlor*
                                James N. Lawlor
                                Cassandra Postighone

                         WOLLMUTH MAHER & DEUTSCH LLP
                         500 Fifth Avenue
                         New York, New York 10110
                         P: 212-382-3300
                         F: 973-741-2398
                         Telephone: (212) 382-3300
                         Facsimile: (212) 382-0050

                         - and -

                         Michael M. Mulder*
                         Elena N. Liveris*
                         THE LAW OFFICES OF MICHAEL M. MULDER
                         1603 Orrington Avenue, Suite 600
                         Evanston, Illinois 60201
                         Telephone: 312-263-0272

                         Attorneys for Richard Bruce and Ronald Olbrysh
                         **Pro hac application pending*

3

Hearing Date: June 20, 2019
Objection Deadline: June 13, 2019

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**MOTION OF RETIREES PURSUANT TO SECTION 1114(d) OF
THE BANKRUPTCY CODE DIRECTING THE APPOINTMENT OF
A COMMITTEE OF RETIRED EMPLOYEES**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

JURISDICTION ...................................................................................................................2

BACKGROUND ..................................................................................................................2

    A.  The Sears Retiree Insurance Litigation.................................................................2

    B.  The Disclosure Statement Filings by Sears ........................................................4

RELIEF REQUESTED AND REASONS THEREFOR .....................................................5

NOTICE, PRIOR APPLICATIONS AND WAIVER OF BRIEF ......................................9

CONCLUSION....................................................................................................................10

18-23538-shl    Doc 4054    Filed 05/28/19    Entered 05/28/19 18:54:32    Main Document
Pg 6 of 20


# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                    **Page(s)**

*AMR Corp.*,
  508 B.R. 296 (Bankr. S.D.N.Y. 2014) ................................................................................... 5

*Chesapeake Energy Corp. v. Bank of N.Y. Mellon Trust Co., N.A.*,
  773 F.3d 110 (2d Cir. 2014) ..................................................................................................... 6

*Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*,
  716 F.3d 302 (2d Cir. 2013) ..................................................................................................... 6

*In re Delphi Corp.*,
  2009 WL 637315 (Bankr. S.D.N.Y. Mar. 10, 2009) ........................................................... 5, 7

*Jimmo v. Burwell*,
  2016 WL 4401371 (D. Vt. Aug. 17, 2016) ............................................................................. 6

*Red Ball Interior Demolition Corp. v. Palmadessa*,
  173 F.3d 481 (2d Cir. 1999) ..................................................................................................... 6

**Statutes**

11 U.S.C. §§ 101-1532 ...................................................................................................................... 2

11 U.S.C. §§ 105 ................................................................................................................................ 2

11 U.S.C. Section 1107 ...................................................................................................................... 2

1 U.S.C. Section 1108 ........................................................................................................................ 2

11 U.S.C. Section 1114 ............................................................................................................... passim

11 U.S.C. Section 1114(d) ................................................................................................................. 5

28 U.S.C. § 157(b) ............................................................................................................................. 2

28 U.S.C. § 1334 ................................................................................................................................ 2

28 U.S.C. §§ 1408 .............................................................................................................................. 2

28 U.S.C. §§ 1409 ..................................................................................................................2

**Rules**

Fed R. Bankr. P. 1015(b) ....................................................................................................... 2

Fed R. Bankr. P. 2002 ............................................................................................................ 9

**TO:   THE HONORABLE ROBERT D. DRAIN**
**      UNITED STATES BANKRUPTCY JUDGE**

Sears Roebuck retirees, Richard Bruce ("Bruce") and Ronald Olbrysh ("Olbrysh" and together with Bruce, the "Retirees"), by and through their undersigned counsel, respectfully move the Court for appointment of a retiree committee under 11 U.S.C. Section 1114, for the above captioned chapter 11 debtors, and in support, they represent as follows:

### PRELIMINARY STATEMENT

1. The Retirees are just two (2) of tens of thousands of retirees of Sears Roebuck that are entitled to a life insurance benefit under a benefit plan that had been in place for decades. In 1997, after Sears' attempt to terminate the plan, a class action was brought to prevent modification or termination of the plan, which provides a very modest life insurance benefit to Sears retirees. In 2001, Sears entered into a settlement and agreed to never modify or terminate the life insurance plan, vesting the benefit rights permanently.

2. The Retirees have come to learn that Sears is no longer honoring its promise of non-termination. The debtors have stopped paying premiums during the course of these bankruptcy cases and purportedly terminated the plan without adequate notice to the retirees and in violation of the settlement. Now, despite just "learning" of the settlement's requirements, Sears has stated its clear intention to ignore its obligations to the retirees under the settlement and under the Bankruptcy Code. As the Bankruptcy Code authorizes retirees to intervene and protect their benefits and also permits the appointment of a committee of retirees to represent them, the Retirees request that the Court direct the appointment of a committee to advocate for the thousands of retirees unjustly and illegally losing their benefits.

**JURISDICTION**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105 and 1114 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**BACKGROUND**

4.      On October 15, 2018 (the "Petition Date"), Sears and certain subsidiaries and affiliates (collectively, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their assets and business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      An official committee of unsecured creditors (the "Committee") was appointed on October 24, 2018. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Rules").

**A.    The Sears Retiree Insurance Litigation.**

6.      Sears retiree Bruce was a class representative in the matter known as *In re: Sears Retiree Group Life Insurance Litigation*, Civil Action No. 97 C 7453 (D. Ill.) ("Sears Life Insurance Litigation"), which resulted in a Stipulation of Settlement with vested retiree life insurance benefits (the "Stipulation of Settlement"), as set forth in the accompanying Declaration of Michael M. Mulder, Class Counsel for plaintiffs and the class (the "Mulder Decl."). (Mulder Decl., ¶ 5.) Bruce is presently on the Board of Directors and is the Director of Benefits of the

National Association of Retired Sears Employees ("NARSE"). (Mulder Decl. ¶ 6.) NARSE is a national retiree organization and represents the interests of Sears retirees nationwide. (Mulder Decl. ¶ 30.)

7. Sears retiree Olbrysh was a class member in the Sears Life Insurance Litigation, and he is presently the Chairman of the Board of Directors of NARSE. (Mulder Decl. ¶¶ 5-6.)

8. A final approval hearing on the settlement of Sears Life Insurance Litigation was conducted on March 5, 2002, by United States District Judge Moran, who approved the Stipulation of Settlement. *See* Minute Order, Sears Life Insurance Litigation, attached as Exhibit 1 to Mulder Declaration (Case No. 97 C 7453, Doc. 191).

9. The Stipulation of Settlement expressly waived the right to modify or terminate retiree benefits for class members:

> Sears agrees that any language preserving Sears' right to amend, modify, cancel or terminate the terms of the Plan, both now and in the future, shall not include the right to amend, modify, cancel or terminate any right conferred upon to Class Members by the terms of this Stipulation of Settlement, or to diminish the value of the benefit conferred to Class Members and Approved Claimants in this Stipulation.

*Id.*, Ex. 1 at 14-15.

10. On March 11, 2019, three days prior to the March 15, 2019 effective date of the termination of the retiree life insurance benefits, Sears Holdings Chief Human Resources officer, Robert Weber, sent retiree Olbrysh an email mentioning the "'heads up' regarding retiree life coverage in the voicemail." (Mulder Decl. ¶ 40.)

11. On March 12, 2019, retiree Olbrysh wrote back explaining the retiree life insurance was subject to the Sears Life Insurance Litigation. He further pointed out that the life insurance amount under the Stipulation of Settlement could not be reduced and took the position

3

that "Sears cannot arbitrarily cancel such insurance as long as the company is still in existence. I suggest you bring this immediately to the attention of your General Counsel." (Mulder Decl. ¶ 41.)

**B.    The Disclosure Statement Filings by Sears.**

12.    On or about April 17, 2019, the Debtors filed their Disclosure Statement For Joint Chapter 11 Plan of Sears Holdings Corporation And Its Affiliated Debtors (the "Disclosure Statement"), where it noted it had sponsored a "Retiree Plan," but that it had failed to make premium payments during the course of the Chapter 11 Cases and had unilaterally terminated the Retiree Plan benefits. (Dkt. 3276, at 33). The Debtors claimed the Retiree Plan allowed amendment or termination at any time, notwithstanding the Stipulation of Settlement.

13.    On May 8, 2019, the Department of Labor ("DOL") filed a Limited Objection to the Disclosure Statement For Joint Chapter 11 Plan of Sears Holdings Corporation And Its Affiliated Debtors (the "DOL Objection") suggesting this Court exercise its discretion to appoint a retiree committee in these cases under Section 1114 of the Bankruptcy Code to protect the interests of the Debtors' retirees. The DOL supported its objection by attaching as Exhibit A the Stipulation of Settlement from the Sears Life Insurance Litigation and quoting its vesting language from pages 14-15. (Dkt. 3759, ¶ 6; Dkt. 3759-1, ¶ 3.4.)

14.    After the DOL Objection was filed, the Debtors filed on May 16, 2019, an amended Disclosure Statement (the "Amended Disclosure Statement"), in which they allege that "[a]fter termination of the Retiree Plan, the Debtors were advised that, in 2001, Sears Roebuck had entered into a Stipulation of Settlement" (referencing *In Re: Sears Retiree Group Life Insurance Litigation Civil Action*, No. 97 C 7453). (Dkt. 3896, Ex. B – Comparison of Disclosure Statement, p. 37.)

4

15. The Debtors state further that they are now aware that under the Stipulation of Settlement, "Sears Roebuck agreed that it would not reduce or terminate the retiree coverage subject to the Stipulation [of Settlement] and would amend the applicable plan consistent with such limitation." (Dkt. 3896, Ex. B – Comparison of Disclosure Statement, p. 37.)

16. Notwithstanding the Stipulation of Settlement, the Debtors now state:

> Further, that based on a review of its files, the Debtors are not aware of any such amendment having been made to the Retiree Plan that was terminated by Debtors. The Retiree Plan documents in the possession of the Debtors reserve the right of the Debtors to unilaterally amend or terminate the Plan at any time. Consequently, the Debtors believe they are authorized to terminate the Retiree Plan without seeking Bankruptcy Court approval pursuant to section 1114 of the Bankruptcy Code. See *In re Delphi Corp.*, 2009 WL 637315 (Bankr. S.D.N.Y. Mar. 10, 2009) (Drain, J.)

(Dkt. 3896, Ex. B – Comparison of Disclosure Statement, p. 37.)

## RELIEF REQUESTED AND REASONS THEREFOR

17. By this Motion, the Retirees seek an order, pursuant to section 1114(d) of the Bankruptcy Code, directing the appointment of an official committee of retired employees to act as the authorized representative of those persons who are entitled to receive "retiree benefits" within the meaning of section 1114(a) of the Bankruptcy Code, and who are not being represented in these Chapter 11 Cases.

18. The retirees need a committee to protect their vested life insurance benefits because, contrary to Section 1114, the Debtors have unilaterally terminated the Retirees' life insurance benefits without involving this Court or meeting the other legal requirements, including but not limited to demonstrating the modifications are necessary to permit the reorganization of the Debtors. *See In re AMR Corp.*, 508 B.R. 296, 311 (Bankr. S.D.N.Y. 2014).

5

19.     The Debtors' position in the Amended Disclosure Statements suggests that they believe the Stipulation of Settlement is unenforceable, did not amend the Retiree Plan or Sears simply failed to formally amend the Retiree Plan to eliminate the right to unilaterally modify or terminate the plan.  The Retirees believe that the Stipulation of Settlement did, in fact, irreversibly modify the Retiree Plan to bar the Debtors' modification and termination.

20.     Whether or not one or more of the Debtors performed the ministerial act required by the Stipulation of Settlement of amending the Retiree Life Insurance Plan to eliminate its reservation of rights clause to terminate the Plan is of no consequence here.  The Stipulation of Settlement is clear on its face and should be enforced accordingly.  "[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Jimmo v. Burwell*, 2016 WL 4401371, at *6 (D. Vt. Aug. 17, 2016) (citing *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).  "When interpreting a contract [under New York law], the intention of the parties should control, and the best evidence of intent is the contract itself." *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 313 (2d Cir. 2013).  A contract is unambiguous if its "language has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion." *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Trust Co., N.A.*, 773 F.3d 110, 114 (2d Cir. 2014).  Given the clear and unambiguous language of the Stipulation of Settlement, it cannot be reasonably disputed that the Debtors agreed to the elimination of the modification and termination provisions.

21.     The Stipulation of Settlement not only applied to Sears Roebuck, but also further provided that as to successors: "This Stipulation shall be binding upon and inure to the benefit of the successors, assigns, heirs, and agents of the parties hereto." (Dkt. 3759-1, ¶ 25.)

6

22.     The fact that the Debtors are taking a position to the contrary confirms that absent active opposition, they will simply not follow the requirements of Section 1114. (Dkt. 3759-1, ¶ 3.4.) Consequently, a retiree committee should be formed, as the DOL suggested, to protect the retirees' vested life insurance benefits.

23.     *In re Delphi Corp.*, 2009 WL 637315 (Bankr. S.D.N.Y. Mar. 10, 2009) also supports the appointment of a retiree committee as suggested in the DOL's objection. (Dkt. 3759, ¶ 11.) In *In re Delphi Corp.*, this Court appointed a committee even though the benefits at issue had not vested. 2009 WL 637315 at *8. Here, the Stipulation of Settlement is proof of the vested nature of the retiree life insurance benefits, even further confirming the appropriateness of a committee.

24.     A retiree committee should also be formed because the Debtors state they "do not currently have information with respect to the identities of the retirees that were covered by the Stipulation" (Dkt. 3896, Ex. B – Comparison of Disclosure Statement, p. 37.), and the retiree committee can provide information with respect to the identities of the members of the class who were covered by the Stipulation of Settlement.

25.     NARSE regularly communicates with thousands of Sears' retirees including through a newsletter, website at www.narse.org, and email network to keep its membership informed about breaking news about Sears Holding Corp. NARSE's latest e-mail went out to retirees shortly after the March 15, 2019 notice informing retirees that Sears terminated their life insurance. As a result of the life insurance cancelation, Olbrysh received an average of twenty phone calls per day from retirees concerning the termination. (Mulder Decl. ¶¶ 34-36.)

26.     NARSE has monthly meetings with its members and other Sears retirees. All of the monthly meetings include a toll-free conference call that NARSE members across the

7

country can access. NARSE has members in each of the country's fifty states. (Mulder Decl. ¶ 38.)

27. NARSE has a close relationship with Sears retiree clubs all over the country and has contact from time to time with the leadership of those clubs. (Mulder Decl. ¶¶ 38-39.)

28. The Retirees believe there are members of the Sears Life Insurance Litigation class who have recently passed away and whose beneficiaries have been deprived of their deceased spouse's life insurance payment due to the Debtors' unilateral termination of the policies. (Mulder Decl. ¶ 42.)

29. For example, one Sears retiree who is believed to be a former member of the class in the Sears Life Insurance Litigation passed away on May 6, 2019. Because his death came 21 days after the Debtors unilaterally imposed termination of his vested benefit of April 15, 2019, his life insurance policy will not be paid by Securian, the life insurance company providing coverage for Sears' retirees under the Stipulation of Settlement prior to the Debtor's unilateral termination of the policy. (Mulder Decl. ¶ 43.)

30. If the Court directs a retiree committee to be formed, one of the important issues it can assist the Court in addressing is how to identify those beneficiaries of deceased retirees, and the filing of their administrative claims for payment in light of Sears Holdings' actions to terminate vested retiree life insurance without this Court's approval. (Mulder Decl. ¶ 44.)

31. Appointment of a retiree committee at this time will allow the beneficiaries of the deceased Sears' retirees who were class members in the Sears Life Insurance Litigation to seek appropriate remedies in this Court including payment of those administrative claims, at least until the Debtors follow the procedures required by Section 1114 of the Bankruptcy Code to modify those vested benefits.

32. Finally, appointment of a retiree committee will allow Debtors to proceed with negotiations over any modifications to their obligation to provide retiree life insurance benefits as required by the Stipulation of Settlement.

33. The Retirees seek appointment of the retiree committee as soon as possible in light of these developments mentioned herein.

### NOTICE, PRIOR APPLICATIONS AND WAIVER OF BRIEF

34. No trustee, examiner or creditors' committee has been appointed in these cases. Notice of this Motion has been given in accordance with the Court's Amended Case Management Order (Dkt. 405) including to (i) the United States Trustee, (ii) the Creditor's Committee; (iii) the Debtors; and (iv) all parties having filed a notice of appearance pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Retirees submit that this constitutes sufficient notice and that no other notice is necessary.

35. The Retirees have not made any prior application for the relief requested herein to this or any other court.

36. The Retirees do not believe that the Motion presents any novel issues of law requiring the citation to any authority other than cited above, and submits that no brief is necessary.

**CONCLUSION**

WHEREFORE, the Retirees respectfully request that the Court (a) enter an order substantially in the form of Exhibit A, attached hereto, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem proper.

Dated:  May 28, 2019
        New York, New York

                                        Respectfully submitted,


                                        By:  /s/ James N. Lawlor
                                                James N. Lawlor
                                                Cassandra Postighone

                                        WOLLMUTH MAHER & DEUTSCH LLP
                                        500 Fifth Avenue
                                        New York, New York 10110
                                        P: 212-382-3300
                                        F: 973-741-2398
                                        Telephone: (212) 382-3300
                                        Facsimile:  (212) 382-0050

                                        - and -

                                        Michael M. Mulder*
                                        Elena N. Liveris*
                                        THE LAW OFFICES OF MICHAEL M. MULDER
                                        1603 Orrington Avenue, Suite 600
                                        Evanston, Illinois 60201
                                        Telephone:  312-263-0272

                                        Attorneys for Richard Bruce and Ronald Olbrysh
                                        *Pro hac application forthcoming

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING MOTION OF RETIREES PURSUANT TO**
**SECTION 1114(d) OF THE BANKRUPTCY CODE TO APPOINT**
**OF A COMMITTEE OF RETIRED EMPLOYEES**

Upon the motion (the "***Motion***")[1] of _____ for an entry of an order pursuant to section 1114(d) of the Bankruptcy Code, all as more fully set forth in the Motion and the accompanying Declaration of Michael M. Mulder; and the Court having jurisdiction to consider the Motion and the relief requested therein; and it appearing that the relief requested by the Motion is necessary and in the best interests of the Retirees, Debtors, their estates, and creditors; and due notice of the Motion having been served; and after due deliberation and sufficient cause appearing therefore,

IT IS, ORDERED that:

1. The Motion shall be and is hereby granted in its entirety.

2. The United States Trustee shall appoint official committee of retired employees to act as the authorized representative of those persons who are entitled to receive retiree benefits within the meaning of section 1114(a) of the Bankruptcy Code.

3. To the extent necessary to contact the Debtors' retirees entitled to the benefits, the United States Trustee may ask the assistance of the Retirees and NARSE.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

2

4. No further or additional notice of the Motion is required.

Dated: New York, New York
_____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE