**Hearing Date and Time: June 20, 2019 at 10:00 a.m.**
**Objection Date and Time: June 13, 2019 at 4:00 p.m.**

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
(206) 223-7046
ekbergc@lanepowell.com
brunnquellw@lanepowell.com
Charles R. Ekberg
Will J. Brunnquell

Attorneys for Angela Kelly and Janyce L. MacKenzie

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al*., | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF ANGELA KELLY AND JANYCE L.
MACKENZIE FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THEM
TO CONTINUE TO PROSECUTE A PERSONAL INJURY ACTION AGAINST SEARS,
ROEBUCK & CO. IN KING COUNTY SUPERIOR COURT IN THE STATE
OF WASHINGTON, AND TO LIQUIDATE THEIR CLAIMS IN SUCH ACTION**

PLEASE TAKE NOTICE that a hearing on the motion dated May 28, 2019 (the

"**Motion**") of Angela Kelly and Janyce L. MacKenzie (collectively, the "**Plaintiffs**"), who are

plaintiffs in a personal injury action against Sears, Roebuck & Co. and others, pending in King

County Superior Court in the State of Washington, styled *Angela Kelly and Janyce L. MacKenzie*

*v. Cooper Tire & Rubber Company, et al.*, No. 18-2-17249-7 (SEA) (the "**Action**"), for the entry

of an order, substantially in the form annexed to the Motion as Exhibit "A", granting (i) Plaintiffs

relief from the automatic stay (or to the extent a plan is confirmed, to modify any discharge or

plan injunction), to permit them to continue to prosecute the Action and to liquidate their claims

in such Action and (ii) for such other and further relief as is just and proper, will be held before

the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White

Plains, New York 10601-4140 on June 20, 2019 at 10:00 a.m. (the "**Hearing**"), or as soon

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the

"**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-

searchable portable document format (PDF), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in

accordance with the Amended Order Implementing Certain Notice and Case Management

Procedures, entered on November 1, 2018 [ECF No. 405], so as to be filed and received no later

than June 13, 2019 at 4:00 p.m. (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and

served with respect to the Motion, the Plaintiffs may, on or after the Objection Deadline, submit

to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: Tarrytown, New York
        May 28, 2019

                                    WHITEFORD, TAYLOR & PRESTON LLP


                                    By: /s/ Kenneth M. Lewis
                                        Kenneth M. Lewis

                                    220 White Plains Road, Second Floor
                                    Tarrytown, NY 10591
                                    (914) 761-8400
                                    klewis@wtplaw.com

                                    LANE POWELL PC
                                    Charles R. Ekberg
                                    Will J. Brunnquell
                                    1420 Fifth Avenue, Suite 4200
                                    Seattle, WA 98101
                                    (206) 223-7046
                                    ekbergc@lanepowell.com
                                    brunnquellw@lanepowell.com

                                    Attorneys for Angela Kelly and Janyce L.
                                    MacKenzie

**Hearing Date and Time: June 20, 2019 at 10:00 a.m.**
**Objection Date and Time: June 13, 2019 at 4:00 p.m.**

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
(206) 223-7046
ekbergc@lanepowell.com
brunnquellw@lanepowell.com
Charles R. Ekberg
Will J. Brunnquell

Attorneys for Angela Kelly and Janyce L. MacKenzie

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re

SEARS HOLDINGS CORPORATION, *et al.*,

                            Debtors.

---------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

**MOTION OF ANGELA KELLY AND JANYCE L. MACKENZIE FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THEM TO CONTINUE TO PROSECUTE A PERSONAL INJURY ACTION AGAINST SEARS, ROEBUCK & CO. IN KING COUNTY SUPERIOR COURT IN THE STATE OF WASHINGTON, AND TO LIQUIDATE THEIR CLAIMS IN SUCH ACTION**

Angela Kelly and Janyce L. MacKenzie (collectively, the "**Plaintiffs**"), by their

attorneys, Whiteford, Taylor & Preston LLP and Lane Powell PC, respectfully represent:

**PRELIMINARY STATEMENT**

1.      The Plaintiffs' motion seeks the entry of an order, pursuant to section

362(d) of the Bankruptcy Code and in the form annexed as **Exhibit A**, granting them relief from

the automatic stay (or to the extent a plan is confirmed, to modify any discharge or plan

injunction) to permit them to continue to prosecute an action against Sears, Roebuck & Co.

("**Sears, Roebuck**") and others, pending in King County Superior Court in the State of

Washington (the "**Washington State Court**"), styled *Angela Kelly and Janyce L. MacKenzie v.*

*Cooper Tire & Rubber Company, et al.*, No. 18-2-17249-7 (SEA) (the "**Action**"), and to

liquidate their claims in the Action.

2.      Plaintiffs are not seeking to enforce any judgment obtained in the Action

against Sears, Roebuck.  Rather, Plaintiffs are merely seeking to establish Sears, Roebuck's

liability to enable them to both liquidate their unsecured claims against Sears, Roebuck, and to

preserve their ability to collect any such damages against any applicable insurance policies, and

to collect such damages, jointly and severally, against the other defendants in the Action.  Absent

stay relief, Plaintiffs would forfeit the ability to recover such damages against any insurance

policies and the non-debtor defendants.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §

157(b).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

## BACKGROUND

4.      On October 15, 2018, Sears Holdings Corporation and its affiliates,

including Sears, Roebuck (collectively, the "**Debtors**"), each commenced in this Court a

voluntary case under chapter 11 of the Bankruptcy Code.

5.      On July 12, 2018, the Plaintiffs commenced the Action by filing a

Complaint in the Washington State Court.  On July 20, 2018, the Plaintiffs filed their First

Amended Complaint, asserting claims for damages against the defendants, including Sears,

Roebuck, Cooper Tire, TBC, and Meineke Car Care, LLC, jointly and severally.  A copy of the

Amended Complaint is attached as **Exhibit B**.

        6.      The claims relate to injuries sustained when the tread of the left rear tire of

the vehicle Plaintiffs were traveling in separated, causing the vehicle to roll over.  Prior to the

accident, the vehicle was serviced at a Sears, Roebuck service center, as well as a Meineke

franchisee.

## ARGUMENT

        7.      Section 362(d) of the Bankruptcy Code, addressing relief from the

automatic stay, provides:

> On request of a party in interest and after notice and a hearing,
> the court shall grant relief from the stay provided under subsection
> (a) of this section, such as by terminating, annulling, modifying, or
> conditioning such stay —
>
> (1)    for cause, including the lack of adequate protection of an
> interest in property of such party in interest . . .

11 U.S.C. § 362(d).

        8.      The Second Circuit has observed that "[n]either the statute nor the

legislative history defines the term 'for cause.'"  Sonnax Indus., Inc. v. Tri Component Prods.

Corp (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990).

        9.      In determining whether the stay should be modified or terminated for

cause, courts in this Circuit either (1) analyze the twelve factors enumerated by the Second

Circuit in Sonnax, or (2) engage in fact-intensive inquiries which appear to be loosely based on

the Sonnax factors, mainly attempting to maintain the status.  See In re Project Orange

Associates, LLC, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010).

> 10.    These factors are:
>
> (1) whether relief would result in a partial or complete resolution
> of the issues; (2) lack of any connection with or interference with
> the bankruptcy case; (3) whether the other proceeding involves the
> debtor as a fiduciary; (4) whether a specialized tribunal with the
> necessary expertise has been established to hear the cause of
> action; (5) whether the debtor's insurer has assumed full
> responsibility for defending it; (6) whether the action primarily
> involves third parties; (7) whether litigation in another forum
> would prejudice the interests of other creditors; (8) whether the
> judgment claim arising from the other action is subject to equitable
> subordination; (9) whether movant's success in the other
> proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and
> economical resolution of litigation; (11) whether the parties are
> ready for trial in the other proceeding; and (12) impact of the stay
> on the parties and the balance of the harms.

Sonnax, 907 F.2d at 1286.

11.    Here, the stay should be lifted to allow Plaintiffs to continue to prosecute the Action against Sears, Roebuck in Washington State Court, and to liquidate their claims in the Action.

12.    First, modifying the stay would result in the complete resolution of the claims asserted in the Action.  There is no question that the Washington State Court is the appropriate forum to resolve these claims.

13.    Lifting the stay will assist this Court in liquidating Plaintiffs' claims in Sears, Roebuck's bankruptcy case, not interfere with it.  The resolution of Plaintiffs' claims involve application of Washington State personal injury law, to activities that occurred in Washington, involving parties primarily located in Washington, which is best resolved by the Washington State Court.  There is no need to call upon this Court to estimate these claims, which would only result in inefficiencies of judicial and legal resources, at a significantly greater cost to

all of the parties.

14.     As for the impact on the parties and the balance of the harms, if the stay is lifted, Sears, Roebuck would not suffer any prejudice, as Plaintiffs would not seek to enforce any judgment against it, as any liability assessed against Sears, Roebuck would merely result in a distribution on account of the Plaintiffs' unsecured claims.

15.     In contrast, if the stay is not lifted, the Plaintiffs would be severely prejudiced as they would lose the ability to assert joint and several liability against the other defendants for damages otherwise assessed against Sears, Roebuck.

16.     In Anderson v. Seattle, 123 Wash.2d 847, 873 P.2d 489 (1994), the Supreme Court of Washington, interpreting Washington's prior percentage of fault provision for multiple tortfeasors, RCW 4.22.070(1),[1] concluded that joint and several liability as to the remaining defendant in a lawsuit was no longer available when a chapter 7 debtor, who was also found liable, was dismissed from the lawsuit.

---

[1] While RCW 4.22.070 was amended in 1993, the applicable provisions concerning joint and several liability were not amended.  Under RCW 4.22.070(1), joint and several liability applies when a fault-free plaintiff is injured:

(1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent. The entities whose fault shall be determined include the claimant or person suffering personal injury or incurring property damage, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but shall not include those entities immune from liability to the claimant under Title 51 RCW. Judgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages. The liability of each defendant shall be several only and shall not be joint except: . . .

(b) If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [claimant's] total damages.

17.    In Anderson, Jo Carrie Benedict (now Wilson), an uninsured driver, struck and killed a small child with her car.  Wilson later filed for bankruptcy and received a discharge. The estate of the deceased child brought an action naming Wilson and the City of Seattle as defendants, without seeking to modify Wilson's bankruptcy discharge in order to proceed with litigation.  Instead, the parties agreed to Wilson's dismissal, understanding that the bankruptcy discharge precluded recovery against Wilson.  At trial, the jury found that the small child was fault free, and allocated 99% of the fault to Wilson, and 1% to the City of Seattle.  The trial court concluded that despite the plaintiff being fault free, the City of Seattle was only severally liable for its 1% portion of the judgment, as judgment had not been entered against Wilson.

18.    On appeal, the Washington Supreme Court affirmed the decision, holding that RCW 4.22.070(1)(b) requires that two or more defendants have a judgment entered against them in order to create joint and several liability.  The court reasoned that when final judgment is only entered against one defendant, that defendant is severally liable for its proportionate amount of the judgment, regardless of the fault apportioned among other entities.

19.    Thus, if there is no stay relief, Plaintiffs may lose the right to recover damages otherwise attributable to Sears, Roebuck against the other defendants.

20.    Moreover, modifying the stay is consistent with the rulings of many courts that have permitted litigation to continue against a debtor to allow a creditor to obtain a right of recovery against a third party.  See In re Keene Corp., 171 B.R. 180, 184 (Bankr. S.D.N.Y. 1994) ("Where the continuation of the stay deprives the judgment creditor of the opportunity to collect the judgment from a third party - - and no other sources of collection exist - - a court will generally lift the stay to permit the litigation to continue."); Green v. Welsh, 956 F.2d 30, 35 (2d Cir. 1992) (plaintiff could proceed with litigation against discharged debtor to pursue recovery

6

against third party insurer); In re Jet Florida Systems Inc., 883 F.2d 970 (11th Cir. 1989) (same);

In re Domer, 125 B.R. 198 (Bankr. N.D. Ohio 1991) (discharge injunction modified to allow

debtor to be named as a third party defendant to provide for apportionment of liability under

Ohio law); In re Harris, 85 B.R. 858 (Bankr. D. Colo. 1988) (stay modified to allow creditor to

proceed with civil action against debtor, to enable it to recover damages from Colorado Real

Estate Recovery Fund); In re Steffens Farm Supply Inc., 35 B.R. 73 (Bankr. N.D. Iowa 1983)

(creditor, which sold feed and grain to debtor that was transferred to third party, permitted to

pursue action against debtor, as Uniform Commercial Code required creditor to obtain  judgment

against debtor to pursue its remedies against third party); In re McGraw, 18 B.R. 140 (Bankr.

W.D. Wis. 1982) (plaintiff permitted to continue lawsuit against debtor as debtor's presence was

required to establish vicarious liability of employer; if debtor was not a party, plaintiff could not

satisfy comparative negligence requirements under Wisconsin law).

21.     While the Debtors have advised the Plaintiffs that there is allegedly no

longer any insurance coverage (as they exhausted their $5 million commercial general liability

coverage), Plaintiffs will not seek to enforce any judgment against Sears, Roebuck.

22.     As for legal fees defending the Action, courts have held that the debtor's

cost of defending a lawsuit is not by itself "great prejudice" which would bar modifying the stay.

See In re Keene Corp., 171 B.R. at 185 (increased litigation costs do not rise to the level of

"great prejudice"); In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y 1992) (cost of defending

litigation, by itself, has not been regarded as constituting "great prejudice" precluding relief from

the stay); In re Rabin, 53 B.R. 529, 531-32 (Bankr. D. N.J. 1985) (debtor failed to show that

liquidation of tort claim, which would have to occur in any event, would be more expensive in

state court, or so prejudicial, as to require continuance of the stay); In re Domer, 125 B.R. at 202;

In re Peterson, 116 B.R. 247, 250 (D. Colo. 1990); In re Harris, 85 B.R. at 860; In In re McGraw, 18 B.R. at 142.

23.     Moreover, assuming the Debtors' contentions regarding insurance are correct, Plaintiffs should not be forced to forfeit their ability to recover damages against non-debtor defendants due to the Debtors failure to maintain adequate general liability insurance coverage.

24.     In accordance with the Order Approving Procedures for Modification of the Automatic Stay Under Certain Circumstances, entered on March 1, 2019 [ECF No. 2720], the Plaintiffs previously requested that the Debtors enter into a stipulation to modify the automatic stay.  The Debtors have refused to stipulate to stay relief.

25.     No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, Angela Kelly and Janyce L. MacKenzie respectfully request that this Court enter an order, substantially in the form annexed as **Exhibit A**, modifying the automatic stay (or to the extent a plan is confirmed, to modify any discharge or plan injunction) to permit them to continue to prosecute the Action, and to liquidate their claims in the Action, and grant them such other and further relief as is just and proper.

Dated: Tarrytown, New York
     May 28, 2019

WHITEFORD, TAYLOR & PRESTON LLP


By: /s Kenneth M. Lewis
    Kenneth M. Lewis

220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com

8

LANE POWELL PC
Charles R. Ekberg
Will J. Brunnquell
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
(206) 223-7046
ekbergc@lanepowell.com
brunnquellw@lanepowell.com

Attorneys for Angela Kelly and Janyce L.
MacKenzie