UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------x

**ORDER, PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE, GRANTING ANGELA KELLY AND JANYCE L. MACKENZIE RELIEF FROM THE AUTOMATIC STAY TO PERMIT THEM TO CONTINUE TO PROSECUTE A PERSONAL INJURY ACTION AGAINST SEARS, ROEBUCK & CO. IN KING COUNTY SUPERIOR COURT IN THE STATE OF WASHINGTON, AND TO LIQUIDATE THEIR CLAIMS IN SUCH ACTION**

Upon the motion dated May 28, 2019 (the "**Motion**") of Angela Kelly and Janyce L. MacKenzie (collectively, the "**Plaintiffs**"), who are plaintiffs in a personal injury action against Sears, Roebuck & Co. ("**Sears, Roebuck**") and others, pending in King County Superior Court in the State of Washington, styled *Angela Kelly and Janyce L. MacKenzie v. Cooper Tire & Rubber Company, et al.*, No. 18-2-17249-7 (SEA) (the "**Action**"), for the entry of an order, substantially in the form annexed to the Motion as Exhibit "A", granting (i) Plaintiffs relief from the automatic stay (or to the extent a plan is confirmed, to modify any discharge or plan injunction) to permit them to continue to prosecute the Action and to liquidate their claims in the Action and (ii) for such other and further relief as is just and proper; and it appearing from the certificate of service filed with the Court that due notice of the Motion and the hearing thereon has been given; and the Court, by notice of motion dated May 28, 2019, having convened a hearing on the Motion on June 20, 2019 (the "**Hearing**"); and upon the record of the Hearing held before me; and it having been

FOUND: that

**EXHIBIT A**

(1) This Court has jurisdiction to hear and determine the Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334;

(2) Proper, timely, and sufficient notice of the Motion was provided pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 [ECF No. 405]; and

(3) The legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is

NOW, on motion of Whiteford, Taylor & Preston LLP and Lane Powell PC, attorneys for the Plaintiffs,

ORDERED, that the Motion is granted to the extent provided herein; and it is further

ORDERED, that, pursuant to section 362(d) of the Bankruptcy Code, the automatic stay imposed under section 362(a) of the Bankruptcy Code is hereby modified and vacated as to the Plaintiffs to permit the Plaintiffs to prosecute and liquidate their claims in the Action through and including entry of any judgment; provided, however, that Plaintiffs will not seek to enforce any such judgment against Sears, Roebuck, except as against any applicable insurance proceeds and to the extent of any distributions on account of their unsecured claims against Sears, Roebuck, and it is further

ORDERED, that, to the extent a plan is confirmed, any discharge or plan injunction is modified to allow Plaintiffs to prosecute and liquidate their claims in the Action through and including entry of any judgment; provided, however, that Plaintiffs will not seek to enforce any such judgment against Sears, Roebuck, except as against any applicable insurance

proceeds and to the extent of any distributions on account of their unsecured claims against Sears, Roebuck, and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: White Plains, New York
      June __, 2019

                                                UNITED STATES BANKRUPTCY JUDGE