# EXHIBIT "B"

Honorable Mary E. Roberts

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ANGELA KELLY; and JANYCE L. MACKENZIE,

    Plaintiffs,

v.

COOPER TIRE & RUBBER COMPANY, a Delaware corporation; TBC CORPORATION, a Delaware corporation; MEINEKE CAR CARE CENTERS, LLC, a North Carolina corporation; MCCC 4333, INC. d/b/a MEINEKE CAR CARE CENTER #4333, a Washington corporation; and SEARS, ROEBUCK AND CO., d/b/a SEARS® AUTO CENTER and/or SEARS, ROEBUCK AND CO. #2049, a New York corporation,

    Defendants.

NO. 18-2-17249-7 SEA

**FIRST AMENDED COMPLAINT FOR DAMAGES**

PLAINTIFFS ALLEGE AS FOLLOWS:

### I.    <u>PARTIES</u>

1. Plaintiff Angela Kelly at all times material hereto was a resident of Seattle, King County, Washington.

2. Plaintiff Janyce L. MacKenzie at all times materials hereto was a resident of

FIRST AMENDED COMPLAINT FOR DAMAGES – 1

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

Everett, Snohomish County, Washington.

3.      Defendant Cooper Tire & Rubber Company ("Cooper Tire") is a Delaware corporation with its principal place of business located at 701 Lima Avenue, Findlay, Ohio 45840. At all times material Defendant Cooper Tire was authorized to do, and was doing, business in the State of Washington, and was engaged in the business of designing, testing, assembling, manufacturing, developing, producing, marketing, distributing, selling, servicing, inspecting, maintaining, and/or repairing tires through its distributors, retailers, suppliers, and/or servicing companies within the State of Washington, and more specifically within King County, Washington. Defendant Cooper Tire has an agent for service of process at C T Corporation System, 711 Capitol Way S., Suite 204, Olympia, Washington 98501.

4.      Defendant TBC Corporation ("TBC") is a Delaware corporation with its principal place of business located at 4300 TBC Way, Palm Beach Gardens, Florida 33410. At all times material Defendant TBC was authorized to do, and was doing, business in the State of Washington, and was engaged in the business of marketing, distributing, and/or selling tires within the State of Washington, and more specifically within King County, Washington, through its distributors, retailers, and/or suppliers, including wholesale suppliers, throughout the United States, including Washington State. Upon information, TBC marketed, distributed, and/or sold the tire at issue under a brand name, Wild Country Radial XTX Sport, owned by it.

5.      Defendant Meineke Car Care Centers, LLC ("Meineke") is a North Carolina corporation with its principal place of business located at 440 S. Church Street, Suite 700, Charlotte, NC 28202. At all times material Defendant Meineke was authorized to do, and was doing, business in the State of Washington, and was engaged in the business of providing auto care

FIRST AMENDED COMPLAINT FOR DAMAGES – 2

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

1  services, including, but not limited to, servicing, inspecting, maintaining, repairing and/or
2  replacing tires within the State of Washington, and more specifically within King County,
3  Washington, through its franchisees and/or agents throughout the United States, including
4  Washington State. Defendant Meineke has an agent for service of process at National Registered
5  Agents, Inc., 711 Capitol Way S., Suite 204, Olympia, Washington 98501. Meineke is liable for
6  the acts and/or omissions of its franchisee and/or agents under the doctrine of *Respondeat Superior*.

7  6.  Defendant MCCC 4333, Inc. ("MCCC") is a Washington corporation with its
8  principal place of business located at 9424 Evergreen Way, Everett, Washington 98104, and at all
9  times material was doing business as Meineke Car Care Center #4333 and was engaged in the
10 business of providing auto care services, including, but not limited to, servicing, inspecting,
11 maintaining, repairing and/or replacing tires as a franchisee of Defendant Meineke.

12 7.  Defendant Sears, Roebuck and Co. ("Sears") is a New York corporation with its
13 principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179. At all
14 times material Defendant Sears was doing business as Sears® Auto Center and/or Sears, Roebuck
15 and Co. #2049, was authorized to do, and was doing, business in the State of Washington, and was
16 engaged in the business of providing auto care services, including, but not limited to, servicing,
17 inspecting, maintaining, repairing and/or replacing tires through its nationwide stores throughout
18 the United States, including King County, Washington.

19                **II.    JURISDICTION AND VENUE**

20 8.  The Superior Court of King County, State of Washington, has subject matter
21 jurisdiction over this action pursuant to RCW 2.08.010.

22 9.  Jurisdiction is proper in the State of Washington because the cause of action as
23

FIRST AMENDED COMPLAINT FOR DAMAGES – 3

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

alleged herein arose out of activities (to wit, the transaction of business within this state by marketing, distributing, selling, servicing, inspecting, maintaining, and/or repairing automobiles and their parts, including tires) within the State of Washington. RCW 4.28.185.

10. Venue is proper in King County pursuant to RCW 4.12.025(1) because Defendants Cooper Tire, TBC, Meineke, MCCC and Sears transact business in King County, Washington.

11. This Court has specific personal jurisdiction over the parties to this civil action because the episode-in-suit occurred in this forum, and Defendants Cooper Tire, TBC, Meineke and Sears have purposefully availed themselves of the privileges and benefits of doing business in Washington.

12. Defendants Cooper Tire, TBC, Meineke and Sears are personally subject to specific jurisdiction in this Court

   a. Because Defendants Cooper Tire, TBC, Meineke and Sears are subject to the Washington long-arm statute by doing business in Washington, by contracting with Washington residents, by performing such contracts in part in Washington, and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Washington;

   b. Because the episode-in-suit which serves as the basis of the claims against Defendants Cooper Tire, TBC, Meineke and Sears in this case is related to Defendants' conduct;

   c. Because Defendants Cooper Tire and TBC participated in placing their tires, including the Subject Tire, into the stream of commerce by marketing, advertising, distributing, servicing, inspecting, maintaining, and/or repairing their tires;

FIRST AMENDED COMPLAINT FOR DAMAGES – 4

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

    d. Because Defendants Meineke and Sears participated in marketing, advertising, distributing, servicing, inspecting, maintaining, and/or repairing tires through their local stores, distributors, retailers, suppliers, franchisees, and/or agents in Washington;

    e. Because Defendants Cooper Tire, TBC, Meineke and Sears expected and intended that their tires, including the Subject Tire, would be sold, used, serviced, inspected, maintained, and/or repaired in Washington;

    f. Because key elements of the episode-in-suit occurred in Washington;

    g. Because Defendants Cooper Tire, TBC, Meineke and Sears have purposefully availed themselves of the benefits of doing business in Washington;

    h. Because Defendants Cooper Tire and TBC's contacts with Washington principally relate to the placement of tires into the stream of commerce, and all of the conduct, including, but not limited to sales, distribution, service, inspection, maintenance, and repair, associated with placing tires into the stream of commerce in Washington and associated with this civil action is related to and connected with the placement of their tires into the stream of commerce;

    i. Because Defendants Meineke and Sears' contacts with Washington associated with this civil action are related to their auto care services, including, but not limited to, servicing, inspecting, maintaining and/or repairing tires, were performed through their local stores, distributors, retailers, suppliers, franchisees and/or agents located in Washington;

    j. Because due process and fair play and substantial justice are honored by this civil

FIRST AMENDED COMPLAINT FOR DAMAGES – 5

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Phone: 206/621-8525; Fax: 206/223-8224

1       action going forward in this Washington Court;

2     k. Because there is little or no burden on Defendants Cooper Tire, TBC, Meineke and
3       Sears litigating this case in this Washington Court;

4     l. Because it would be a tremendous burden and great inefficiency and unnecessary
5       delay imposed on Plaintiffs to litigate this case in another forum;

6     m. Because Washington has an interest in overseeing this litigation which involves
7       injuries to Washington residents and tortious transactions which occurred in
8       Washington and defective products sold in Washington;

9     n. Because public policy favors resolution of this dispute in this Washington Court;
10       and

11     o. Because Defendants Cooper Tire, TBC, Meineke and Sears' conduct and
12       connection with Washington are such that Defendants should reasonably anticipate
13       being hailed into court in Washington.

### III. THE PRODUCT

15     13. The subject of this Complaint is the Cooper Tire 235/75R15, DOT 3D1T T5C 4607
16 Wild Country Radial XTX Sport ("Subject Tire") that was mounted on the left-rear of a 1998 Ford
17 Explorer (VIN # 1FMZU35P2WZC21912) ("Subject Vehicle") owned by Plaintiff Janyce
18 MacKenzie and in which Plaintiff Angela Kelly was a passenger at the time of the accident.

19     14. Based on the DOT number, the Subject Tire was manufactured in the 46th week of
20 2007, making it approximately nine years old in 2016.

### IV. FACTS

22     15. On or about January 22, 2016, the Subject Vehicle was taken to Defendant Sears
23

FIRST AMENDED COMPLAINT FOR DAMAGES – 6

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

1  located at 1302 SE Everett Mall Way, Everett, Washington 98208 for maintenance. Defendant

2  Sears changed the battery of the Subject Vehicle and purported to perform an undercar courtesy

3  check.

4        16. On or about April 22, 2016, the Subject Vehicle was taken to Defendant MCCC,

5  Meineke's franchisee (collectively "Meineke Defendants"), located at 9424 Evergreen Way,

6  Everett, Washington 98204 for maintenance. In addition to addressing concerns with coolant

7  leaking and vehicle overheating, Meineke Defendants purported to perform a free tire rotation

8  including a visual brake inspection.

9        17. On or about August 2, 2016, the Subject Vehicle was taken to Meineke Defendants

10 for additional maintenance. In addition to an oil change, Meineke Defendants purported to

11 perform a 23 point vehicle inspection, a tire pressure check, and a visual inspection of the brakes.

12       18. On August 4, 2016, at approximately 8:50 a.m., Plaintiff Janyce MacKenzie was

13 driving the Subject Vehicle on Interstate 90 at mile marker 93.1 Eastbound outside the city limits

14 of Missoula, Montana. Plaintiff Angela Kelly was a passenger in the Subject Vehicle at this time.

15       19. At that time and place, as the Subject Vehicle was travelling along the dry

16 pavement, a tread suddenly and without warning separated from the Subject Tire, causing the

17 Subject Vehicle to lose control and consequently roll over. As a direct and proximate result of the

18 tread belt separation and resulting accident, Plaintiffs were seriously injured.

### V. FIRST CAUSE OF ACTION

**VIOLATIONS OF THE WASHINGTON PRODUCT LIABILITY ACT
RCW 7.72 ET SEQ.
AGAINST DEFENDANTS COOPER TIRE AND TBC**

22       20. Plaintiffs refer to each and every preceding paragraph and incorporates those

23

FIRST AMENDED COMPLAINT FOR DAMAGES – 7

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Phone: 206/621-8525; Fax: 206/223-8224

paragraphs as though set forth in full herein.

21. At all times material to this action, Defendant Cooper Tire was in the business of designing, testing, assembling, manufacturing, developing, producing, marketing, distributing, selling, servicing, inspecting, maintaining, and/or repairing consumer automobile products, including the Subject Tire, for use in Washington and elsewhere throughout the United States.

22. In violation of the Washington Product Liability Act, RCW 7.72, et seq., at the time the Subject Tire left the control of Defendant Cooper Tire, the Subject Tire was not reasonably safe in its design, manufacturing, and assembly, including, but not limited to, the following:

   a. The Subject Tire was inadequate to reasonably and adequately protect Plaintiffs because a tread belt suddenly and without warning separated from the Subject Tire, causing the Subject Vehicle to lose control and consequently roll over;

   b. The Subject Tire was not reasonably safe because adequate warnings or instructions about the risks, dangers, and harms presented by it were not provided;

   c. The Subject Tire was not reasonably safe because adequate warnings were not provided after the Subject Tire was manufactured when Defendant Cooper Tire learned or should have learned about the dangers connected with it;

   d. The Subject Tire, including all of its components, design and geometry of the system, was unreasonably dangerous and was defective in design, construction, and/or assembly, was not properly tested, and was not fit for the purpose it was intended as a result of the tread belt separation, which caused the Subject Vehicle to lose control and consequently roll over;

   e. The Subject Tire was not reasonably safe to protect vehicle occupants where it

FIRST AMENDED COMPLAINT FOR DAMAGES – 8

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

1  subjected vehicle occupants to an unreasonable risk of serious injury; and

2      f.    The Subject Tire's design, construction, and/or assembly was unreasonably dangerous because a tread belt suddenly and without warning separated from the Subject Tire, causing the Subject Vehicle to lose control and consequently roll over.

23. As a direct and proximate result of the defective design, construction, manufacture, and/or assembly of the Subject Tire, including its component parts, a tread belt separated from the Subject Tire, causing the Subject Vehicle to lose control and consequently roll over and cause severe injuries to Plaintiffs.

24. Defendant Cooper Tire is strictly liable for Plaintiffs' injuries and damages because at the time of manufacture, and at the time the Subject Tire left its control, the likelihood that the Subject Tire would cause injury or damage similar to that suffered by Plaintiffs, and the seriousness of such injury or damage, outweighed the burden on Defendant Cooper Tire to design products that would have prevented Plaintiffs' serious injuries and outweighed the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the Subject Tire.

25. The likelihood that the Subject Tire would cause injuries similar to Plaintiffs' injuries and the seriousness of those injuries rendered the warnings or instructions of the manufacturer inadequate, and the manufacturer could have provided adequate warnings or instructions.

26. Defendant Cooper Tire is strictly liable to Plaintiffs for damages because the Subject Tire was unsafe to an extent beyond that which would be contemplated by an ordinary user.

27. The Subject Tire was not reasonably safe because it did not conform to Defendant

FIRST AMENDED COMPLAINT FOR DAMAGES – 9

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Phone: 206/621-8525; Fax: 206/223-8224

Cooper Tire's express warranties or to the implied warranties under Title 62A RCW.

28. Defendant TBC is strictly liable under RCW 7.72.040(2) to the extent discovery reveals that it is subject to any of the circumstances set forth in subsections (a) through (e) of RCW 7.72.040(2).

## VI.    SECOND CAUSE OF ACTION

### NEGLIGENCE
### AGAINST TBC, MEINEKE, MCCC AND SEARS

29. Plaintiffs refer to each and every preceding paragraph and incorporates those paragraphs as though set forth in full herein.

30. As a distributor/seller of the Subject Tire to the public, Defendant TBC had a duty to use reasonable care in providing warnings and instructions to its users regarding dangers associated with the use of the Subject Tire of which Defendant was aware, or should have been aware, in the exercise of reasonable care.

31. Defendant TBC had a duty to use reasonable care to provide products which would be safe when used.

32. Defendant TBC knew, or should have known that its tires would be purchased and used by consumers who expected the products to be safe.

33. Defendant TBC was negligent in failing to provide adequate warnings and instructions to users of the dangers associated with the use of the Subject Tire.

34. Defendant TBC was negligent in providing the Subject Tire to consumers. In the exercise of reasonable care, Defendant TBC knew or should have known the risk of serious injury or death to consumers.

35. Meineke Defendants and Defendant Sears owed a duty to Plaintiffs to inspect the

FIRST AMENDED COMPLAINT FOR DAMAGES – 10

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Phone: 206/621-8525; Fax: 206/223-8224

condition of the Subject Tire for defects and dangerous conditions when they assumed the inspection of the tires that Defendants could have, and should have, discovered through the exercise of reasonable care, and to replace the Subject Tire and to warn of the defects and dangers that existed while operating the Subject Vehicle with a tire that contained an imminent and foreseeable tread separation.

36. At the time Meineke Defendants and Defendant Sears serviced the Subject Vehicle and its components, including the Subject Tire, they knew or should have known that the Subject Tire required replacement because it was in a condition such that separation of the tread was imminent, and Defendants knew or should have known that these conditions posed an unreasonable risk of harm to users, including Plaintiffs, during ordinary and foreseeable driving maneuvers.

37. The Subject Tire was not reasonably safe to foreseeable users, including Plaintiffs, who used the Subject Tire in an ordinary and foreseeable manner.

38. At the time Meineke Defendants and Defendant Sears serviced the Subject Vehicle, they breached their duty of care in one or more of the following ways:

    a. Negligently inspecting or failing to inspect the Subject Tire so that the defects and dangerous conditions would be discovered;

    b. Negligently failing to warn of the dangers and hazards of the Subject Tire of which Meineke Defendants and Defendant Sears either knew or should have known existed;

    c. Negligently failing to recommend that the Subject Tire be replaced with a new tire;

    d. Negligently failing to replace the Subject Tire with a non-defective tire;

FIRST AMENDED COMPLAINT FOR DAMAGES – 11

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

  e. Negligently warning or failing to warn of the signs of tread belt separation and the consequences thereof; and

  f. Negligently failing to warn that the Subject Tire was an improper fitment for the Subject Vehicle.

39. Plaintiffs' injuries were caused by the negligence of franchisor Meineke, its agents, servants, and/or employees, as follows:

  a. In that it failed to ensure that its franchisee possessed the requisite qualifications to competently operate a Meineke franchise which offered tire inspection and maintenance services;

  b. In that it failed to ensure that its franchisee hired mechanics with the requisite qualifications to competently operate a Meineke franchise which offered tire inspection and maintenance services;

  c. In that it failed to monitor its Meineke franchise at a time of transition from primarily muffler services to a time of offering a broader spectrum of services including tire services and to ensure that the franchise was competently equipped and had personnel qualified to the tasks; and/or

  d. In that it failed to conduct adequate inspection of its franchisee to ensure that its employees were competent to offer tire services.

40. The negligence of Defendants TBC, Meineke, MCCC and Sears described above directly and proximately caused the incident and catastrophic injuries sustained by Plaintiffs in that it directly and in natural and continuous sequence produced or contributed substantially to Plaintiffs' injuries.

FIRST AMENDED COMPLAINT FOR DAMAGES – 12

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

### VII.    PROXIMATE CAUSE/DAMAGES

41. As a direct and proximate result of the tortious conduct of Defendants as set forth above, Plaintiffs sustained catastrophic, ongoing, and permanent injuries.

42. As a further direct and proximate result of the conduct of the Defendants as set forth above, the injuries sustained by Plaintiffs are painful, permanent, and disabling, and have necessitated extensive medical care in the past and will continue to require such care in the future.

43. As a further direct and proximate result of their injuries, Plaintiffs have sustained medical expenses, lost earnings, out of pocket expenses, and costs. With reasonable probability, Plaintiffs will continue to sustain medical expenses, future life care costs and expenses, an impairment of earning capacity, and other out-of- pocket costs and expenses as a result of their serious injuries.

44. As a further direct and proximate result of their injuries, Plaintiffs have suffered loss of enjoyment of life, pain and suffering, disability and disfigurement, and with reasonable probability will continue to suffer loss of enjoyment of life, pain and suffering, disability and disfigurement in the future.

### VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, as follows:

1. For past and future general damages as shall be determined at the time of trial;
2. For past and future special damages to be shown at the time of trial;
3. For costs of suit incurred herein;
4. For pre-judgment interest as provided by law; and

FIRST AMENDED COMPLAINT FOR DAMAGES  – 13

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Phone: 206/621-8525; Fax: 206/223-8224

1   5.   For such other and further relief as the Court may deem just and proper.

DATED this 20th day of July, 2018.

| LAW OFFICES OF JAMES S. ROGERS | LAW OFFICES OF STEVEN B. HAY & ASSOCIATES |
|---|---|
| /s/ James S. Rogers<br>James S. Rogers, WSBA #5335<br>Heather Cover, WSBA #52146 | /s/ Steven B. Hay<br>Steven B. Hay, WSBA # 15781 |
| Attorneys for Plaintiff Angela Kelly | Attorneys for Plaintiff Angela Kelly |
| 1500 Fourth Avenue, Suite 500<br>Seattle, WA 98101<br>Telephone: (206) 621-8525<br>Fax: (206) 223-8224<br>E-mail: jsr@jsrogerslaw.com<br>E-mail: heather@jsrogerslaw.com | 1813 115th Ave. NE<br>Bellevue, WA 98004-3002<br>Telephone: (425) 576-5599<br>Fax: (425) 457-7776<br>E-mail: steveh@haylaw.com |

LAWRENCE KAHN LAW GROUP PS

/s/ Lawrence M. Kahn
Lawrence M. Kahn, WSBA # 29639

Attorney for Plaintiff Janyce L. MacKenzie

135 Lake Street S., Suite 265
Kirkland, WA 98033-6487
Telephone: (425) 453-5679
Fax: (425) 453-5685
E-mail: LMK@lklegal.com
E-mail: staff@lklegal.com

FIRST AMENDED COMPLAINT FOR DAMAGES – 14

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Phone: 206/621-8525; Fax: 206/223-8224