ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
Roy G. Dixon
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
Kimberly.Kodis@ropesgray.com
Roy.Dixon@ropesgray.com

*Counsel to Icon DE Holdings LLC*
*and Icon NY Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*,[1] | : | Case No. 18-23538 (RDD) |
| Debtors. | : | (Jointly Administered) |

# LIMITED OBJECTION OF ICON DE HOLDINGS LLC AND ICON NY HOLDINGS LLC TO THE DEBTORS' NOTICE OF REJECTION OF EXECUTORY CONTRACTS

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Icon DE Holdings LLC ("Icon DE") and Icon NY Holdings LLC ("Icon NY," and together with Icon DE, "Iconix"), parties in interest in the above-captioned chapter 11 cases, by and through their undersigned counsel, hereby file this objection (the "Objection") to the *Notice of Rejection of Executory Contracts* [Docket No. 3915] (the "Rejection Notice"). In support of its Objection, Iconix respectfully states as follows:

**BACKGROUND**

1. Iconix is a brand management company, with a portfolio of global consumer brands. Iconix licenses its brands to facilitate the manufacture, import, market, and sale of licensed products in retail locations. Iconix is a party to license agreements with Kmart Corporation ("Kmart") and Sears, Roebuck and Co. ("Sears Roebuck," and together with Kmart, the "Debtor Counterparties," and each, individually, a "Debtor Counterparty"). These consist of the following:

a. License Agreement, dated as of September 26, 2006, by and between Icon DE (as successor to IP Holdings LLC), as licensor, and Kmart, as licensee, as amended by the First Amendment to License Agreement, dated August 1, 2015, and extended by letter dated June 29, 2010 (collectively, the "Joe Boxer License Agreement");

b. License Agreement, dated February 8, 2010, by and between Icon DE (as successor to IP Holdings LLC), as licensor, and Sears Roebuck (as assignee from Kmart), as licensee, as amended by the First Amendment to License Agreement, dated August 1, 2015 and the Second Amendment to License Agreement, dated January 23, 2018 (collectively, the "Bongo License Agreement"); and

c. License Agreement, dated as of February 20, 2008, by and between Icon NY (as successor to and assignee from Official Pillowtex LLC), as licensor, and Kmart, as licensee, as extended by letter dated August 29, 2013 (collectively, the "Cannon License Agreement," and together with the Joe Boxer License Agreement and the Bongo License Agreement, the "License Agreements," and, each, individually, a "License Agreement").

2. Under the License Agreements, Icon DE and Icon NY, as applicable, granted one or more of the Debtor Counterparties a license to the trademarks detailed in each License

Agreement. Each Debtor Counterparty agreed to pay a quarterly royalty payment equal to a defined percentage of net sales of licensed products, based on reporting by the Debtor Counterparties provided to Iconix. Additionally, under the Joe Boxer License Agreement and the Cannon License Agreement, Kmart was required to pay a defined minimum royalty amount each year.

3. On October 15, 2018 (the "Petition Date"), each of the above-captioned debtors and debtors in possession, including the Debtor Counterparties (the "Debtors"), filed voluntary petitions for relief under chapter 11, of Title 11, of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. On May 16, 2019, the Debtors filed the Rejection Notice, whereby the Debtors gave notice of their intent to reject the License Agreements, effective as of May 16, 2019 (the "Proposed Rejection Date").[2]

5. The Debtor Counterparties have been and continue to be in default of their monetary obligations to pay royalties, including minimum royalty payments for the post-petition period, to Iconix.

## OBJECTION

6. Iconix objects to the Debtor Counterparties' proposed *nunc pro tunc* rejection of the License Agreements sought in the Rejection Notice.

7. The rejection of executory contracts and unexpired leases as of a date prior to entry of the order authorizing such rejection is appropriate only when in certain circumstances. In

[2] Iconix understands the Rejection Notice to include the Joe Boxer License Agreement, the Bongo License Agreement, and the Cannon License Agreement, each in their entirety and including any and all amendments. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) (stating that executory contracts that are assumed under section 365 of the Bankruptcy Code are assumed in full, including both benefits and burdens). Iconix sought confirmation from the Debtors' counsel prior to filing this pleading. The Debtors' counsel acknowledged receipt of Iconix's inquiry, but otherwise has not confirmed that the Debtor Counterparties seek to reject each of the License Agreements in their entirety.

considering such relief, courts look to a number of equitable factors, including whether the debtor provided unequivocal notice of its intent to reject, excess payments that a debtor would be required to make absent a retroactive rejection effective date, and whether the debtor received any benefits from the contract or lease after the proposed rejection effective date. *See Adelphia Bus. Solutions, Inc. v. Abnos,* 482 F.3d 602, 608-09 (2d Cir. 2007) (affirming the retroactive rejection effective date where, among other factors, the debtor had abandoned the leased property to the lessor); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 CIV. 6419 (NRB), 2002 WL 31548723, at *6 (S.D.N.Y. Nov. 15, 2002) (considering the costs and benefits to the debtor and advance notice when approving a retroactive rejection effective date); *In re NAMCO Cybertainment, Inc.*, Case No. 98-173(PJW), Hr'g Tr. Apr. 15, 1998 at 34:15–36:8 (retroactive rejection appropriate where (a) the premises subject to a lease were surrendered with an unequivocal statement of intent to do so; (b) the motion was filed and served on the landlord, (c) the official committee consented to the relief requested in the motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing).

8. The Debtors have made no attempt to demonstrate that the equities weigh in favor of permitting their rejection of the License Agreements as of the Proposed Rejection Date, and given the Debtors failure to pay any administrative costs, even those they cannot reasonably contest, granting such relief would be improper.

9. During the course of the Debtors' chapter 11 case, the Debtor Counterparties have received significant financial benefits from being able to sell the Iconix licensed products, and may continue to receive benefits even after the Proposed Rejection Date. Nonetheless, the Debtors now seek equitable retroactive relief. Given the Debtors' failure to pay even their ordinary undisputed administrative expenses pursuant to Bankruptcy Code section 503(b)(1), the Court should not

grant them the equitable relief they request absent their first paying accrued and unpaid undisputed administrative expenses.

10. Accordingly, while Iconix does not object to the rejection of the License Agreements, any order approving the Debtor Counterparties' rejection of the License Agreements (the "Rejection Order") should expressly provide that (i) rejection of the License Agreements be effective as of the date of the entry of the Court's order granting a motion to reject the License Agreements, (ii) all undisputed post-petition amounts due and payable as of the date of entry of such order be paid within twenty-one (21) days following entry of the Rejection Order, and (iii) the Debtors shall pay any amount that becomes due and payable under the License Agreement after entry of the Rejection Order on or before the 30th day following entry of the Rejection Order.

**RESERVATION OF RIGHTS**

11. This Objection is filed with a full reservation of rights, including the right to supplement, modify or amend this Objection and make such other and further objections to the Notice. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defense. In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of Iconix against the Debtors.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Iconix respectfully requests that the Court deny the Debtors' request insofar as it seeks retroactive relief and that the Rejection Order (i) provide that all amounts due and payable as of the date of entry of such order be paid within twenty-one (21) days following entry of such order; (ii) provide that the Debtors shall pay any amount that becomes due and payable under the License Agreement after entry of such an order in accordance

with the terms and conditions of the License Agreement; (iii) require the Debtors to confirm that rejection of the Joe Boxer License Agreement, the Bongo License Agreement, and the Cannon License Agreement includes any and all amendments or modifications; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: May 29, 2019
New York, New York

*/s/ Gregg M. Galardi*

ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
Roy G. Dixon
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Gregg.Galardi@ropesgray.com
Kimberly.Kodis@ropesgray.com
Roy.Dixon@ropesgray.com

*Counsel to Icon DE Holdings LLC and Icon NY Holdings LLC*