**Presentment Date and Time: June 6, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: June 5, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): June 20, 2019, at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    **Case No. 18-23538 (RDD)**
                                                            :
        Debtors.[1]                                         :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# STIPULATION, AGREEMENT, AND ORDER APPROVING LEASE
# TERMINATION AGREEMENT (416 SE F AVENUE, LAWTON, OKLAHOMA)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the attached stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **June 6, 2019 at 10:00 a.m (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement, and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain so as to be received by **June 5, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Stipulation, Agreement, and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Stipulation, Agreement, and Order on **June 20, 2019 at 10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: May 29, 2019
      New York, New York

    /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                              :    Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*,          :    Case No. 18-23538 (RDD)
:
Debtors.[1]                                        :    (Jointly Administered)
:
------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND**
**ORDER APPROVING LEASE TERMINATION**
**AGREEMENT (416 SE F AVENUE, LAWTON, OKLAHOMA)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and between Sears, Roebuck and Co. ("**Sears**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, and IQ9-200 SW C AVE, LLC, a Delaware limited liability company (the "**Landlord**").  Sears and the Landlord are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**."  The Parties hereby stipulate and agree and follows:

## RECITALS

A.    The Landlord is the owner of a warehouse consisting of approximately 15,000 square feet situated at 416 SE F Avenue, Lawton, Oklahoma (the "**Leased Premises**").

B.    On August 17, 1978, Sears and the Landlord's predecessor entered into that certain lease agreement for the Leased Premises (together with any amendments, modifications, renewals and guaranties, the "**Lease**"), which in accordance with its terms, is scheduled to expire on or about September 2, 2053 (the "**Lease Expiration Date**").

C.    Upon information and belief, several years ago, Sears vacated and ceased using the Leased Premises.  Since such time, and through and including February 2019, Sears has paid fixed annual rent in the amount of $20,000 payable in equal monthly installments of $1,666.67.

D.    On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, Sears and its debtor affiliates (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E. The Parties have agreed, subject to approval by the Bankruptcy Court, to enter into a lease termination agreement (the "**Lease Termination Agreement**") which provides for, *inter alia*, the termination of the Lease and waiver by the Landlord of Sears' obligations and liabilities under the Lease, including any postpetition obligations. A copy of the Lease Termination Agreement is attached hereto as **Exhibit A**.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THAT:**

**AGREEMENT**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Termination Date**").

2. Upon the Termination Date, the Lease Termination Agreement shall be deemed approved and shall become binding upon and enforceable against the Parties.

3. As of the Termination Date, the Landlord shall release Sears from any and all obligations and liabilities under the Lease and all claims of whatever nature arising under the Lease, including, without limitation, the Landlord's claim for rent or other charges for the period subsequent to the Commencement Date. For the avoidance of doubt, nothing contained in this Stipulation, Agreement, and Order affects the Landlord's rights concerning the Sears store (the "**Sears Lawton Store**") in Lawton, Oklahoma and the separate lease relating to the Sears Lawton Store.

4. This Stipulation, Agreement, and Order shall be filed and become part of the record in the Debtors' chapter 11 cases.

5. Each person who executes this Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

3

6. This Stipulation, Agreement, and Order and the Lease Termination Agreement contain the entire agreement between the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

7. This Stipulation, Agreement, and Order may be executed simultaneously in one or more counterparts, and by the parties hereto in separate counterparts, and with facsimile or pdf signatures being deemed originals, each of which when executed shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

8. This Stipulation, Agreement, and Order and the Lease Termination Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their respective successors and assigns, and shall not be modified, altered, amended or vacated without the written consent of all parties hereto or further order of the Bankruptcy Court.

9. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

*[Remainder of page left intentionally blank]*

WEIL:\97009392\9\73217.0004

| | |
|---|---|
| Dated: May 29, 2019<br>**WEIL GOTSHAL & MANGES LLP**<br>*Attorneys for Debtors and Debtors*<br>*in Possession*<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br><br>By: \_\_/s/ Jacqueline Marcus_____<br>    Jacqueline Marcus, Esq. | Dated: May 29, 2019<br>**ARONAUER & YUDELL, LLP**<br>Attorneys for *IQ9-200 SW C AVE, LLC*<br>One Grand Central Place<br>60 East 42nd Street, Suite 1420<br>(212) 755-6000<br><br><br>By: \_\_/s/ Joseph Aronauer_____<br>    Joseph Aronauer, Esq. |

**SO ORDERED:**

Dated: _____, 2019

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Lease Termination Agreement

WEIL:\97009392\9\73217.0004

## LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT (this "**Agreement**") is made as of May 24, 2019, by and between IQ9-200 SW C AVE LLC, a Delaware limited liability company, with an address of c/o C-III Asset Management, 5221 N. O'Connor Blvd., Suite 800, Irving, Texas 75039 Attention: REO Department (**"Landlord"**), and Sears, Roebuck & Co., a New York corporation, as debtor and debtor-in-possession, with an address of 3333 Beverly Road, Hoffman Estates. IL 60179 ("**Tenant**").

WHEREAS, Landlord's predecessor and Tenant entered into a certain lease dated August 17, 1978 (as the same may have been amended from time to time, and together with any and all other agreements affecting the subject premises, the "**Lease**"), covering certain warehouse premises commonly known as 416 SE F Avenue, Lawton, OK 73501 (the "**Premises**");

WHEREAS, Tenant and certain of its affiliates each commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). These cases are jointly administered under *In re Sears Holdings Corporation, et al.*, Case No. 18-23538 (RDD); and

WHEREAS, subject to the condition set forth herein, the parties desire to terminate the Lease effective as of the date the Bankruptcy Court approves this Agreement (the "**Termination Date**").

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, Landlord and Tenant hereby agree as follows:

1. Termination and Surrender.

(a) As of the Termination Date, Tenant will surrender the Premises to Landlord and at such time give, grant and unequivocally surrender unto Landlord all of Tenant's right, title and interest in and to the Premises, including, without limitation, all of Tenant's right, title and interest in, to and under the Lease, and Landlord hereby agrees to accept such surrender. Tenant shall not be obligated to do any work or alter, restore, repair or develop the Premises, and has no obligation to remove its exterior signs, inventory, trade fixtures, equipment and other personal property, if any (the "**Personal Property**"). Any Personal Property left in the Premises after the Termination Date shall be deemed abandoned by Tenant and Tenant shall have no liability with respect thereto and Landlord may dispose of and/or demolish any such Personal Property, without compensation to Tenant; in this regard, Tenant hereby waives any statutory or common law rights that would prevent Landlord from demolishing or removing any such Personal Property from the Premises after the Termination

Date. The Lease is hereby agreed to be terminated and of no further force and effect as of the Termination Date just as if the Termination Date were the expiration date of the term of the Lease. In addition, any and all rights and obligations of the parties that may have arisen in connection with the Premises shall be deemed to have expired and terminated as of the Termination Date and shall not survive the Termination Date.

(b)     As of the Termination Date, Landlord irrevocably releases and forever discharges Tenant from any obligations and liabilities (financial or otherwise) under the Lease, and all claims (whether known or unknown, asserted or unasserted, fixed or contingent, liquidated or unliquidated) of any kind or nature whatsoever, whether direct or derivative, that Landlord may have against Tenant arising under or relating to the Lease, including, but not limited to, (i) any claim for damages resulting from termination of the Lease under sections 365 and 502(b)(6) of the Bankruptcy Code, and (ii) any claim for rent, including any rent for the period subsequent to October 15, 2018. Without limiting the foregoing, Landlord acknowledges that no monies shall be due from the Tenant for rent, costs, taxes, damages, amounts or any other item regarding, arising out of or related to the Premises. For the avoidance of doubt, nothing contained in this provision affects the Landlord's rights concerning the Sears store (the "**Sears Lawton Store**") in Lawton, Oklahoma and the separate lease relating to the Sears Lawton Store.

(c)     To the extent Landlord has filed or files any proof of claims with respect to the Lease or the Premises, Landlord waives and releases any such claims and consents to the expungement of such claims, with prejudice. Nothing contained in this Agreement affects the Landlord's rights concerning (i) the Sears Lawton Store; (ii) the separate lease relating to the Sears Lawton Store; and (iii) the proof of claim filed by the Landlord concerning the Sears Lawton Store and the separate lease relating to the Sears Lawton Store.

2.     Further Assurances. At any time and from time to time after the date hereof, without further consideration, (a) at the request of Landlord, Tenant shall execute and deliver such other instruments of sale, transfer, conveyance and termination or consents and take such other action as Landlord may reasonably request as necessary or desirable in order to more effectively transfer, convey and surrender to Landlord all of Tenant's rights to the Premises and under the Lease, and (b) at the request of Tenant, Landlord shall execute and deliver such other instruments of assumption and confirmation and take such other action as Tenant may reasonably request as necessary or desirable in order to more effectively evidence Landlord's acceptance of Tenant's surrender of the Lease; *provided that*, in no event shall Tenant be obligated to take any action that results in costs borne or to be borne by Tenant.

3.     **"AS IS, WHERE IS" TRANSACTION. LANDLORD HEREBY ACKNOWLEDGES AND AGREES THAT TENANT MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, WITH RESPECT TO ANY MATTER RELATING TO THE PREMISES OR THE LEASE. ACCORDINGLY, LANDLORD ACCEPTS THE PREMISES "AS IS" AND "WHERE IS."**

2

4. Condition to Termination of Lease. The parties' obligation to consummate the transaction contemplated by this Agreement is subject to entry by the Bankruptcy Court of an order, in form and substance acceptable to Tenant, in its sole discretion, that authorizes Tenant to terminate the Lease.

5. Miscellaneous.

(a) Subject to paragraph 4 above, this Agreement is binding upon and shall inure to the benefit of Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under chapter 7 or chapter 11 of the Bankruptcy Code, and is binding upon and shall inure to the benefit of Landlord's successors and assigns.

(b) This Agreement will be governed by and construed in accordance with the laws of the State of New York, without regard to conflicts of law principles thereof. EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENTS TO SUBMIT TO THE JURISDICTION OF THE BANKRUPTCY COURT FOR ANY AND ALL DISPUTES ARISING OUT OF OR OTHERWISE RELATING TO THIS AGREEMENT. SHOULD THE BANKRUPTCY COURT ABSTAIN FROM EXERCISING ITS JURISDICTION OR BE FOUND NOT TO HAVE JURISDICTION OVER A MATTER RELATING TO THIS AGREEMENT, SUCH MATTER SHALL BE ADJUDICATED IN EITHER A FEDERAL DISTRICT COURT IN THE STATE OF NEW YORK OR THE SUPREME COURT OF THE STATE OF NEW YORK LOCATED IN NEW YORK COUNTY, NEW YORK. Without limiting other means of service of process permissible under applicable law, Landlord and Tenant agree that service of any process, summons, notice or document by U.S. registered mail to the addresses set forth on the first page of this Agreement shall be effective service of process for any suit or proceeding in connection with this Agreement or the transactions contemplated hereby.

(c) This Agreement and any additional agreements delivered in connection herewith together contain the entire agreement between the parties hereto, and except as otherwise specifically set forth herein, supersede all prior agreements and undertakings between the parties hereto relating to the subject matter hereof.

(d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument, and presentation of any copy of this Agreement, whether original or facsimile (including in portable document format (pdf)), signed by Tenant and Landlord shall constitute sufficient proof of this Agreement.

(e) Any and all sales, transfer and recording taxes, stamp taxes or similar taxes or fees, if any, relating to the termination of the Lease shall be the sole responsibility of Landlord and shall be paid, if applicable, to the proper governing body on the Termination Date.

(f) This Agreement may not be amended orally but rather may be amended only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the date first written above.

**TENANT:**

**Sears, Roebuck & Co.,**
a New York corporation,
as Debtor and Debtor-in-Possession

By: *[signature]*
Name: Jane Borden
Title: President, Real Estate


**LANDLORD:**

**IQ9-200 SW C AVE, LLC,**
a Delaware limited liability company,

By: C-III Asset Management LLC, its Manager

By: *[signature]*
Name: Michele Ray
Title: Servicing Officer

4