**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
SEARS HOLDING CORPORATION, *et al.*,                            :    Case No. 18-23538 (RDD)
                                                                :
                                                                :    (Jointly Administered)
                                                                :
              Debtors.[1]                                       :    **RELATED DOC. NOS. 1774, 2281, 2507, 3008, 3298,**
                                                                :    **3421, 3868, 3870**
---------------------------------------------------------------- x

**DECLARATION OF PAUL BRUCE IN SUPPORT OF THE BRUCE TRUSTS' (I) DESIGNATABLE CONTRACT ASSUMPTION AND ASSIGNMENT OBJECTION, AND (II) RESERVATION OF RIGHTS**

I, Paul Bruce, declare as follows:

1. I am the custodian of documents and records for the Steven Bruce Revocable Trust, Cara Bruce Irrevocable Trust, and Allison Bruce Irrevocable Trust (collectively the "Fee Owners") with respect to the Fee Owners' ownership interests in certain real property located at 1001 Patton Avenue, Asheville, North Carolina (the "Shopping Center"). I took over the role of custodian shortly before or upon the death of my mother in 1994 for the Fee Owners or their predecessors in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

39037203v6

title. I have received, kept and maintained these documents in the ordinary course of business on behalf of the Fee Owners or their predecessors in title. However, as explained below, some of the records were only sent to me in late 2017 or in connection with this dispute.

2. All facts stated herein are based on either my personal knowledge, the recorded title documents or the unrecorded records attached hereto.

3. I submit this Declaration on behalf of the Fee Owners and in support of the *Designatable Contract Assumption and Assignment Objection* (the "Objection").[2]

**Deeds, Leases, and Assignments Concerning 1001 Patton Ave., Asheville, N.C.**

4. On December 18, 1964, Patton Avenue Development Corp. ("PADC") as landlord entered into a lease (the "Kmart Lease") with S. S. Kresge Company ("S. S. Kresge") as tenant for certain premises located at the Shopping Center. Attached as Exhibit 1 is a true and correct copy of the Kmart Lease.

5. The Kmart Lease was for the premises now known as Kmart Store # 4112.

6. On March 22, 1965, a Memorandum of Lease, dated December 18, 1964 (the "Kmart Lease Memorandum"), was filed with the Office of the Register of Deeds of Buncombe County, North Carolina (the "Registry"), in Book 918 at Page 279. Attached as Exhibit 2 is a true and correct copy of the Kmart Lease Memorandum.

7. On or about August 27, 1965, the parties to the Kmart Lease executed a document, titled, "Amendment to Lease" (hereinafter, the "First Kmart Amendment"). Attached as Exhibit 3 is a copy the First Kmart Amendment, which, upon information and belief, was never filed in the Registry.

---

[2] Before making this Declaration, I reviewed Transform Holdco LLC's response (the "Response") to the Objection.

2

8. When PADC and S. S. Kresge entered into the Kmart Lease, PADC was the fee simple owner of the Shopping Center.

9. By deed dated February 1, 1966, PADC conveyed its fee simple interest in the Shopping Center to G-K, Inc.

10. By deed dated February 1, 1966, G-K, Inc. conveyed its fee simple interest in the Shopping Center to Martin Bruce and Sylvia Bruce (together in their personal capacities, the "Bruces"). Attached as Exhibit 4 is a true and correct copy of that deed, which was filed on February 1, 1966, in the Registry in Book 935 at Page 1.

11. Immediately after becoming the owners of the Shopping Center, the Bruces as landlords entered into a ground lease (as later amended, the "Ground Lease") of the Shopping Center with Patton Plaza Associates ("PPA") as tenant. Attached as Exhibit 5 is a true and correct copy of the Ground Lease.

12. On February 1, 1966, a Memorandum of Lease (the "Original Ground Lease Memorandum") executed on February 1, 1966 was filed in the Registry in Book 934 at Page 649. Attached as Exhibit 6 is a true and correct copy of the Original Ground Lease Memorandum.

13. By agreement dated November 5, 1969 (the "First Ground Lease Amendment"), the Ground Lease was amended. Attached as Exhibit 7 is a true and correct copy of the First Ground Lease Amendment. Upon information and belief, the First Ground Lease Amendment was not recorded.

14. By assignment executed on November 6, 1969 (the "First Ground Lease Assignment"), PPA assigned its interest under the Ground Lease to Nineteenth Asheville Corp. ("NAC"). Attached as Exhibit 8 is a true and correct copy of the First Ground Lease Assignment.

15. On November 7, 1969, the First Ground Lease Assignment was filed in the Registry in Book 1009 at Page 487. *See* Ex. 8.

16. By agreements dated July 11, 1972 and July 27, 1973 (the "Second Ground Lease Amendment" and "Third Ground Lease Amendment," respectively), the Ground Lease was further amended. Attached as Exhibits 9 and 10 are a true and correct copies of the Second Ground Lease Amendment and Third Ground Lease Amendment, respectively.

17. By assignment executed on December 17, 1975 (the "Second Ground Lease Assignment"), NAC assigned its interest in the Ground Lease to Asheville K-M Associates ("Asheville K-M"). Attached as Exhibit 11 is a true and correct copy of the Second Ground Lease Assignment.

18. On December 23, 1975, the Second Ground Lease Assignment was filed in the Registry in Book 1133 at Page 376.

19. By sublease dated December 23, 1975 (the "Sandwich Lease"), Asheville K-M as landlord subleased the Shopping Center back to NAC as tenant. Attached as Exhibit 12 is a true and correct copy of the Sandwich Lease.

20. A Memorandum of Lease (the "Sandwich Lease Memorandum") was filed on January 13, 1976 in the Registry in Book 1134 at Page 438 and re-recorded in Book 1135 at Page 162. Attached as Exhibit 13 is a true and correct copy of the Sandwich Lease Memorandum.

21. By assignment executed on January 29, 1976 (the "First Sandwich Lease Assignment"), NAC assigned 50% of its interest in the Sandwich Lease to Walter R. Samuels. Attached as Exhibit 14 is a true and correct copy of the First Sandwich Lease Assignment.

22. By assignment also executed on January 29, 1976 (the "Second Sandwich Lease Assignment"), NAC assigned its remaining 50% interest in the Sandwich Lease to Frank &

4

Company Real Estate, Inc. ("Frank & Co."). Attached as Exhibit 15 is a true and correct copy of the Second Sandwich Lease Assignment.

23. On February 24, 1976, the First Sandwich Lease Assignment was filed in the Registry in Book 1137 at Page 3 and, on February 24, 1976, the Second Sandwich Lease Assignment was filed in the Registry in Book 1137 at Page 9. *See* Exs. 14 & 15.

24. By assignment executed on January 30, 1976 (the "Third Sandwich Lease Assignment"), Frank and Co. assigned its entire 50% interest in the Sandwich Lease to Marilyn Joy Samuels. Attached as Exhibit 16 is a true and correct copy of the Third Sandwich Lease Assignment.

25. On February 24, 1976, the Third Sandwich Lease Assignment was filed in the Registry in Book 1137 at Page 16. *See* Ex. 16.

26. On April 5, 1988, the Bruces conveyed their fee simple ownership of the Shopping Center as follows: An undivided 50% interest to Martin Bruce, as Trustee of the Martin Bruce Revocable Trust, and an undivided 50% interest to Sylvia Bruce, as Trustee of the Sylvia Bruce Revocable Trust. Attached as Exhibit 17 and 18 are true and correct copies of these deeds, which were filed on April 12, 1988 in the Registry in Book 1515 at Pages 258 and 269, respectively.

27. By letter dated June 28, 1995, Asheville K-M exercised its first option under the Ground Lease to renew for a 23-year term starting on February 1, 1996 and ending on January 31, 2019. Attached as Exhibit 19 is a true and correct copy of this letter.

28. On or about December 31, 1999, Asheville K-M assigned the Ground Lease to Asheville K-M Associates, LLC.[3] Attached as Exhibit 20 is a true and correct copy of this Assignment.

---

[3] For ease of reference, I am using the name "Asheville K-M" to refer to either Asheville K-M or Asheville K-M Associates, LLC, as applicable.

5

29. On October 5, 2001, an Amended and Restated Memorandum of Lease for the Ground Lease (the "Amended Ground Lease Memorandum") was filed in the Registry in Book 2601 at Page 846. Attached as Exhibit 21 is a true and correct copy of the Amended Ground Lease Memorandum.

30. Through a series of recorded deeds, fee ownership of the Shopping Center was conveyed such that currently, the Steven Bruce Revocable Trust holds a 50% ownership interest in the Shopping Center, and the Cara Bruce Irrevocable Trust and Allison Bruce Irrevocable Trust each holds a 25% ownership interest.

### Alleged Assignments of Leases and Alleged Kmart Lease Amendments

31. I am aware that Transform Holdco LLC ("Transform") submitted various documents in support of its Response.

32. Among them are:

   a) an unrecorded "Assignment of Lease" dated December 23, 1975 between NAC and Asheville K-M, attached as Exhibit J to the Declaration of Samuel Levander in support of the Response (which I cite in here as the "Levander Declr.");

   b) an unrecorded "Second Amendment to Lease" dated March 3, 1992 between Nineteenth Asheville Properties ("NAP") and Kmart Corporation ("Kmart"), *see* Levander Declr. Ex. O; and

   c) an unrecorded "Third Amendment to Lease" dated May 23, 2017 between NAP and Kmart, *see* Levander Declr. Ex S.

33. I can find no record indicating that the Fee Owners or their predecessors in title received a copy of Exhibit J to the Levander Declaration.

6

34. Neither the Fee Owners nor, to the best of my knowledge as custodian, their predecessors in title were parties to the Second Amendment to Lease or the Third Amendment to Lease (together, the "Kmart Amendments"). Neither the Fee Owners nor, to the best of my knowledge as custodian, their predecessors consented to the Kmart Amendments. I can find no record that the Fee Owners or their predecessors in title ever consented to these amendments.

35. I can find no record indicating that the Fee Owners received copies of the Kmart Amendments prior to December 2017. In December 2017, I called Erica Cohen with J & W Management Corp. ("J & W") and asked her to send me subleases for the Shopping Center. It was at that time that I received copies of the Kmart Amendments.

36. Recently, I obtained a copy of a Memorandum dated May 8, 2017 (the "Memo") to Julie Jenkins, of Kmart, from Glenn S. Howarth, General Counsel to J & W. J & W serves as agent for NAP, the Estate of Walter R. Samuels, and Marilyn Joy Samuels. Attached as Exhibit 22 is what I believe to be a true and correct copy of the Memo, which I received from J & W.

37. In the Memo, J & W stated that any "Kmart lease amendment should recognize that the current leasehold interest of Kmart's Landlord expires on January 31, 2019 and that no representation is made that the terms of either its lease with Asheville K-M Associates [the Sandwich Lease] or the lease between Asheville K-M Associates and the fee owners [the Ground Lease] will be extended beyond such date." *See* Ex. 22.

38. Any rental increases in any of the Kmart Amendments did not affect the rent that the Fee Owners or, to the best of my knowledge as custodian, their predecessors in title received under the Ground Lease. Upon information and belief, the monthly base rent has always been $9,885 since the Ground Lease was executed. *See* Exs. 5, 7, 9, & 10. Notwithstanding the Kmart Amendments, Asheville K-M continued to pay the Fee Owners $9,885 (apportioned *pro rata*

7

among the Fee Owners) until the Ground Lease expired. Attached as <u>Exhibit 23</u> are true and correct copies of cover letters dated January 1, 2018 and September 1, 2018 enclosing monthly rent checks, payable to the Steven Bruce Revocable Trust, in the amount of $4,942.50 each.

## Golden Corral Sublease Negotiations

39. I can find no record that Kmart ever entered into a non-disturbance agreement with the Fee Owners or their predecessors in title, as applicable.

40. In 2014, Kmart tried to negotiate a sublease with GCP Real XVI ("<u>GCP</u>") to operate a Golden Corral restaurant (the "<u>Proposed Golden Corral Sublease</u>"). Attached as <u>Exhibit 24</u> is a true and correct copy of the Proposed Golden Corral Sublease.

41. GCP required that all other parties with interests in the Shopping Center, including Kmart and the Fee Owners, execute a Non-Disturbance, Consent and Attornment Agreement (the "<u>NDCA</u>"). Attached as <u>Exhibit 25</u> is a true and correct copy of a letter dated April 23, 2014 from J & W to Asheville K-M and me with enclosures.

42. Ultimately, however, the Proposed Golden Corral Sublease and NDCA were never executed.

## Failed Efforts to Extend the Kmart Lease

43. By letter dated February 1, 2018, Asheville K-M, through its agent, P&A Green Holdings LLC, informed me that it would not exercise the option to renew the Ground Lease. Attached as <u>Exhibit 26</u> is a true and correct copy of this letter.

44. In a letter dated July 20, 2018, Kmart stated that it elected to extend the Kmart Lease for an additional term of three years and ten months, starting on February 1, 2019 through and including November 30, 2022. Attached as <u>Exhibit 27</u> is a true and correct copy of this letter.

45. In response:

8

    a) J & W sent a letter on behalf of NAP, the Estate of Walter R. Samuels, and Marilyn Joy Samuels to Kmart stating that the Ground Lease and Sandwich Lease would expire on January 31, 2019 and that neither lease had been renewed; and

    b) Steven Bruce, on behalf of the Steven Bruce Revocable Trust, sent an email to Kmart (among others) declining and rejecting the request to extend the Kmart Lease.

Attached as Exhibits 28 and 29 are true and correct copies of the foregoing letter and email, respectively.

46. On or about August 6, 2018, the Fee Owners sent a letter reiterating their rejection of Kmart's request to extend the Kmart Lease and demanded possession of Store # 4112. Attached as Exhibit 30 is a true and correct copy of this letter.

47. By letter dated August 15, 2018, Elizabeth Williams, Associate General Counsel for Sears Holdings Management Corporation, informed the Fee Owners that Kmart refused to vacate the premises because Kmart believed that it validly exercised a renewal option extending the Kmart Lease to November 30, 2022. Attached as Exhibit 31 is a true and correct copy of this letter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2019              /s/ Paul Bruce
                                                                          Paul Bruce