# EXHIBIT 7

AGREEMENT made this 5th day of November , 1969 between MARTIN BRUCE and SYLVIA BRUCE, both of 9 Lake Road, Lake Success, New York, hereinafter referred to as "Landlord", and PATTON PLAZA ASSOCIATES, a partnership consisting of ROBERT SIEGEL of 40 Schenck Avenue, Great Neck, New York, and BERNARD L. NUSSINOW of 24 Elm Street, Woodbury, New York, hereinafter referred to as "Tenant".

W I T N E S S E T H:

In consideration of the mutual promises, conditions and terms herein, the parties hereby agree as follows:

(1) Section 3.01 of Article 3 of the lease between the parties dated February 1, 1966, in respect to premises located at Patton Avenue and Louisiana Avenue in Asheville, North Carolina, be and the same hereby is amended as follows:



"SECTION 3.01. The initial term of this Lease shall be for a period of thirty (30) years and shall commence on February 1, 1966, and shall terminate on January 31, 1996 unless sooner terminated pursuant to Article 9 or Article 17 hereof.".

(2) Article 9 of said lease is in its entirety is hereby amended to read as follows:

"ARTICLE 9

Tenant's Obligation to Construct Addition

SECTION 9.01. Tenant covenants at its sole cost and expense to erect and construct an addition to the building on the demised premises as of June 1, 1969, occupied by Kresge Company and Eckard Drug Company, which addition

shall have a frontage of at least fifty (50) lineal feet with a depth of no less than sixty (60) feet, suitable for use as retail stores of the same general design and quality of construction as said existing Building to which said addition shall be annexed. Tenant covenants to complete said addition in its entirety no later than June 30, 1972, and that time is of the essence in respect to this obligation.

In the event that said addition is not completed in its entirety on or before June 30, 1972, this Lease and the term and estate hereby granted shall expire as of June 30, 1972, at the option of the Landlord, with the same force and effect as if June 30, 1972 were the date specified in ARTICLE "3" hereof fixed for the expiration of the term of this Lease, and all rights of Tenant under this Lease shall expire and terminate, but Tenant shall remain liable for damages as provided in ARTICLE "17" of this Lease.

SECTION 9.02. Before commencing construction of said addition, Tenant shall deliver to Landlord:

    (a) The written consent of the holder of the fee mortgage to which this Lease shall then be subordinate if the same be required under the terms of said mortgage;

    (b) Copies of all required governmental permits and authorizations;

    (c) Copies of policies of insurance covering Workmen's Compensation covering all persons employed in the work, Comprehensive Public

-2-

Liability Insurance (including owned and non-owned vehicles)-covering contractor, Protective Public Liability (including owned and non-owned vehicles)-covering contractor, Tenant and Landlord, Property damage-covering contractor, Protective Property Damage-covering contractor, Tenant and Landlord, Automobile Property Damage (including owned and non-owned vehicles)-covering contractor, all of said insurance in limits no less than the amounts provided in ARTICLE "14" of this Lease;

(d) An executed counterpart of a contract between Tenant and a reputable and responsible general contractor containing a provision waiving said general contractor's right to lien the Demised Premises, and providing for the completion of such addition for a fixed amount;

(e) Surety company performance and payment bonds guarantying completion by the contractor enforceable by the Tenant or the Landlord as the Tenant's assignee conditioned solely on the payment of the contract amount;

(f) An assignment of said contract between Tenant and its general contractor duly executed and acknowledged by Tenant by its terms to be effective upon termination of this Lease prior to the complete performance of such contract. Such assignment shall also include the benefit of payments made on account of said contract including payments made prior to the effective date of said assignment.

-3-

SECTION 9.03. The addition to the existing Building to be constructed by Tenant pursuant to the Terms of this Article shall be and remain the property of the Tenant and shall not be deemed to be part of the Demised Premises so long as Tenant is not in default of any of the terms or conditions of this Lease.

In the event, however, that this Lease is terminated, or the Demised Premises are repossessed by the Landlord by or as a result of Tenant's default of any of the terms or conditions of this Lease, said Building as defined herein to include equipment, machinery, fixtures and appurtenances therein and thereto and all personal property of the Tenant of any kind or description affixed or attached to, or used in connection therewith shall be made and remain the property of the Landlord, and title thereto in such event shall pass to the Landlord without the necessity for the execution of any further documents, and Landlord shall be entitled to recover possession thereof together with possession of the Demised Land.

The Buildings as defined herein shall be and remain free and clear of all liens and encumbrances, and the Landlord's right to repossess same as part of the Demised Premises in the event of Tenant's default shall in no way be impaired by the Tenant. Nothing contained herein shall be construed to prevent the Tenant from mortgaging or assigning its leasehold and the Building together therewith, pursuant to ARTICLE "13", provided the leasehold and the

-4-

Building shall be and remain inseparable from one another and subject to the terms and conditions hereof."

(3) In all other respects said Lease between the parties is hereby ratified and confirmed.

IN WITNESS WHEREOF, the Landlord and Tenant have respectively signed and sealed these presents the day and year first above written.

In Presence Of:

*Martin Bruce* — Martin Bruce -Landlord

*Sylvia Bruce* — Sylvia Bruce - Landlord

PATTON PLAZA ASSOCIATES

by: _____ Robert Siegel - Partner

_____ Bernard L. Nussinow-Partner

STATE OF NEW YORK )
) SS.:
COUNTY OF NASSAU )

On this 6th day of Nov, 1969, before me personally came MARTIN BRUCE and SYLVIA BRUCE, to me known and known to me to be the individuals described in and who executed the foregoing instrument and acknowledged to me that they executed the same.

_____ Notary

JULES MARTIN
NOTARY PUBLIC, State of New York
No. 30-2558425
Qualified in Nassau County
Commission Expires March 30, 1971

-5-

STATE OF New York )
) SS.:
COUNTY OF New York )

On the 6 day of November, 1969, before me personally came ROBERT SIEGEL and BERNARD L. NUSSINOW, to me known and known to me to be members of the co-partnership firm of PATTON PLAZA ASSOCIATES, and known to me to be the individuals described in and who executed the foregoing instrument in the said co-partnership firm name and they duly acknowledged to me that they executed the foregoing instrument for and on behalf of said co-partnership firm.

_____
Notary

ALBERT A. COHEN
Notary Public, State of New York
No. 30-0679110
Qualified in Nassau County
Commission Expires March 30, 1971

-6-