# EXHIBIT 17

BK 515 PG 258

REGISTERED

'88 APR 12 P3:11

| Excise Tax - 0 - | Recording Time, Book and Page |

Tax Lot No. ........................................................ Parcel Identifier No. ........................................

Verified by ............................................. County on the ............... day of ............................., 19...........

by ...........................................................................................................................................

Mail after recording to   ALFRED G. ADAMS,  VAN WINKLE, BUCK, WALL, STARNES, & DAVIS, P.A.

POST OFFICE BOX 7376, ASHEVILLE, NC  28802

This instrument was prepared by   ALFRED G. ADAMS

Brief description for the Index

# NORTH CAROLINA SPECIAL WARRANTY DEED

THIS DEED made this .05....... day of ~~MARCH~~ A.P.R.I.L. ........................, 19.88...., by and between

| GRANTOR | GRANTEE |
|---|---|
| MARTIN BRUCE AND<br>WIFE, SYLVIA BRUCE | MARTIN BRUCE, TRUSTEE OF THE<br>MARTIN BRUCE REVOCABLE TRUST<br>DATED THE 21ST OF JANUARY 1988<br><br><br>**A 50% UNDIVIDED INTEREST |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.q. corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of ASHEVILLE ................................, ................................ Township, BUNCOMBE ........................... County, North Carolina and more particularly described as follows:

SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF AS IF SET FORTH HEREIN VERBATIM.

THIS DEED IS BEING MADE SIMULTANEOUSLY WITH A LIKE DEED BY SYLVIA BRUCE TO SYLVIA BRUCE AS TRUSTEE UNDER TRUST INDENTURE DATED JANUARY 21, 1988 WITH THE INTENDED RESULT THAT THE GRANTEE HEREIN, AS TRUSTEE HEREINABOVE DESCRIBED, SHALL OWN 50% INTEREST AS TENANT-IN-COMMON WITH SYLVIA BRUCE AS SUCH TRUSTEE OF THE REMAINING 50% INTEREST AS TENANT-IN-COMMON, IN THE PREMISES ABOVE DESCRIBED.

A MEMORANDUM OF TRUST AGREEMENT ALLOWING THE TRUSTEE TO SELL, CONVEY, OR MORTGAGE THE ABOVE DESCRIBED PROPERTY SUBJECT TO THE TRUSTEE'S SOLE DISCRETION IS ATTACHED HERETO AS EXHIBIT B.

BK 1515 PG 259

EXHIBIT A

TRACT ONE

BEGINNING at a concrete monument in the northern margin of the right-of-way
line of dual U. S. Highway #19-23, known as Patton Avenue, at the southeast
corner of the lands of Wachovia Bank and Trust Company and running thence with
the line of said Bank, North 12 deg. 52 min. West 227 feet to a concrete monu-
ment; thence South 89 deg. 45 min. West 119.3 feet to a concrete monument in
the right-of-way line of Louisiana Avenue; thence North 36 deg. 57 min. West
221.5 feet to an iron in the eastern margin of Louisiana Avenue; thence with
the eastern margin of Louisiana Avenue, North 28 deg. 51 min. West 63.5 feet to
an iron pipe; the Joyner corner; thence with Joyner, South 81 deg. 17 min. East
234.57 feet to an iron pipe; thence still with Joyner, North 3 deg. 7 min. East
161.69 feet to a concrete monument, the Joyner northeast corner; thence with
Joyner, North 78 deg. 27 min. West 353.92 feet to an iron in the eastern margin
of Louisiana Avenue; thence with the eastern margin of Louisiana Avenue, North
19 deg. 26 min. West 87.85 feet; thence still with said Avenue, North 5 deg.
22 min. West 100 feet; thence South 86 deg. 10 min. 30 sec. East 114.09 feet to
an iron pipe; thence North 7 deg. 20 min. East 52.86 feet, corner with Hargus;
thence with Hargus, South 76 deg. 10 min. 30 sec. East 124.63 feet; thence
North 7 deg. 34 min. 30 sec. East 93.99 feet; thence North 5 deg. 50 min. East
181.17 feet; thence South 70 deg. 45 min. East 312 feet to an iron; thence
North 37 deg. 24 min. East 148.93 feet to an iron; thence South 70 deg. 11 min.
East 573.02 feet to an iron in Hawkins Lane; thence with Hawkins Lane, South
27 deg. 56 min. West 386.4 feet to a concrete monument; thence North 82 deg.
15 min. West 113.79 feet to an iron; thence South 32 deg. 53 min. 30 sec. West
193.5 feet to a concrete monument; thence South 23 deg. 27 min. West 165.86 feet
to a concrete monument; thence South 85 deg. 57 min. 30 sec. East 17.59 feet to
a dogwood tree; thence South 20 deg. 50 min. 30 sec. East 290.35 feet to an
existing spike in the northern margin of Patton Avenue; thence with the northern
margin of Patton Avenue, South 85 deg. 26 min. 30 sec. West 350.45 feet to a
concrete monument; thence still with the northern margin of Patton Avenue,
South 87 deg. 34 min. West 25 feet to the point of BEGINNING. Subject, however,
to right-of-way for the widening of Hawkins Lane and the right-of-way for the
widening of Louisiana Avenue, and together with and subject to rights of ingress,
egress, and regress in, over and through that tract of land fronting 50 feet on
Patton Avenue and running North 12 deg. 52 min. West 35 feet, the center line of
which is the first call in the foregoing description.
LESS AND EXCEPTING THAT property conveyed to the Trustees of the Temple
Baptist Church as recorded in Deed Book 1085, at Page 359, of the Buncombe
County, N.C. Register's Office.
The above described property being the same property conveyed to Martin
Bruce and wife, Sylvia Bruce as recorded in Deed Book 935, at Page 1, of
the Buncombe County, N.C. Register's Office.

TRACT TWO

BEGINNING at an iron pipe in the eastern margin of Louisiana Avenue, Wells'
northwest corner, and running thence with the Wells' line, South 81 deg. 17 min.
East 234.57 feet to an iron in the line of the land of G-K, Inc.; thence with
said line, North 3 deg. 7 min. East 161.69 feet to a monument at a 24-inch
pin, corner with Shelton; thence with the Shelton line, North 78 deg. 27 min.
West 353.92 feet to an iron pipe in the eastern margin of Louisiana Avenue;
thence with the eastern margin of Louisiana Avenue, South 19 deg. 26 min. East
12.15 feet and South 28 deg. 51 min. East 211.64 feet to the point of BEGINNING.
The above described property being the same property conveyed to Martin
Bruce and wife, Sylvia Bruce as Tenants in Common as recorded in Deed Book
1105, at Page 708, of the Buncombe County, N.C. Register's Office.

BK 1515 PG 260

EXHIBIT B

## SYLVIA BRUCE REVOCABLE TRUST

### DECLARATION OF TRUST

I, Sylvia Bruce, as Settlor, of Dade County, Florida, have transferred to myself, as Trustee, the property listed on the attached Schedule "A" and I declare that I hold such property in trust according to the terms and conditions of the instrument.

### **WITNESSETH**

WHEREAS, the Settlor is desirous of creating a revocable trust primarily for the benefit of herself, her husband and children; and

WHEREAS, the Settlor desires to create such trust with property described in Schedule "A" annexed hereto and made a part hereof; and such other property, real, personal or mixed, as she or others may hereafter contribute to said trust, all of which property shall hereinafter be referred to as the "Trust Estate";

NOW, THEREFORE, in consideration of the premises and of the mutual covenants herein contained, the Trust Estate shall be held and administered IN TRUST upon the terms and conditions and for the uses and purposes as hereinafter follow:

### ARTICLE I

### NAME OF TRUST

This trust shall, for convenience, be known as the SYLVIA BRUCE REVOCABLE TRUST dated the *7/18* day of January, 1988, and it

- 3 -

BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS, FL 33154 - (305) 868-7800

BK 1515 PG 261

(b)   Any Trustees may settle his or her account at any time by agreement with the beneficiaries or judicially.  Any such agreement shall be made with those beneficiaries who are subject to no legal disability and who, at the time are, or would be, entitled to income or principal if the same were then distributable.   Such an agreement shall bind all persons, whether or not then in being or of legal capacity; then or thereafter entitled to any income or principal and such an agreement shall release and discharge said Trustee for the acts and proceedings embraced in the account as effectively as a judicial settlement. The Trustee shall pay the costs and expenses of any such action or proceeding out of the principal or income or both of the trust concerned including the compensation and expenses of attorneys or guardians who may be necessary.

6.   <u>Compensation of Trustees</u>.

Any individual trustee acting hereunder shall be entitled to, but may waive, reasonable compensation for his or her services rendered hereunder.  Any corporate trustee acting hereunder shall be entitled to compensation based on its published fee schedule from time to time, provided such fees are reasonable for the services rendered.

## ARTICLE X

### TRUSTEE'S POWERS

The Trustees and their respective successors are hereby authorized and empowered by this Trust Agreement, to exercise from time to time in their absolute discretion, and without prior

- 17 -

BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS. FL 33154 - (305) 868-7800

BK 1515 PG 262

authority of any court, in respect of any property forming part
of any trust created pursuant to this Trust Agreement, all powers
conferred by law upon them, or expressed in this Trust Agreement,
and it is intended that such powers including the following be
construed in the broadest possible manner:

1.   To retain any such property as an investment without
regard to the proportion which such property or property of a
similar character so held may bear to the entire value of the
trust in which such property is held, whether or not such prop-
erty is of the class in which Trustees are authorized by law to
invest trust funds.

2.   To invest and reinvest in and to acquire by exchange or
otherwise property of any character including stocks of any
classification, obligations or other property, real or personal,
whether or not of the same kind, and participations in any common
trust fund, without regard to diversification and without being
limited to the investments authorized by law for the investment
of trust funds.

3.   To sell at public or private sale, grant options on,
exchange or otherwise dispose of all or any part of such property
or any interest therein at such times and upon such terms and
conditions, including credit, as shall seem proper and to give
good and sufficient instruments of transfer thereof and to re-
ceive the proceeds of any such disposition.

4.   To register and carry any security or property in their
own names or in the name of their nominee or to hold it unregis-
tered but without thereby increasing or decreasing their lia-
bility as fiduciaries.

5.   To employ as custodian or agent a bank or trust company
located within or without the United States, and to acquire,
hold, register or dispose of property in the name of such cus-
todian or agent or a nominee thereof without designation of fidu-
ciary capacity, and to pay out of principal or income, or both,
the charges and expenses of any such custodian or agent.

6.   To deposit funds in the savings department of any Corpo-
rate Trustee or of any other bank without limitation as to dura-
tion or amount.

7.   To exercise or sell all conversion, substitution and
other rights, options, powers and privileges, to vote at any
corporate meetings; to delegate discretionary voting power to one
or more proxies, or to trustees of a voting trust for any period
of time.

- 18 -

BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS, FL 33154 - (305) 868-7800

BK 1515 PG 263

8. To hold, manage and invest property constituting separate shares of any of the trusts or separate trusts hereunder, in solido, for convenience of investment and administration.

9. To merge any trust created herein that will continue after the death of Settlor and Settlor's spouse with any continuing testamentary or inter-vivos trust created by Settlor's spouse upon the death of the survivor of the Settlor and the Settlor's spouse; provided, however, that the terms for the retention, administration and distribution of each trust before any such merger shall govern the principal and income of each trust after such merger.

10. To consent to, or otherwise participate in any voting trust, merger, consolidation, reorganization, dissolution, liquidation, sale, exchange, lease, mortgage, pledge or other change affecting any corporate security or other property held by any trust herein created.

11. To organize corporations under the laws of this or any other state and to transfer all or any part of a business or other assets held in any trust herein created, and to receive in exchange therefor such stocks, bonds, promissory notes and other securities as they may deem advisable.

12. To sell, exchange, lease, mortgage, alter, improve or otherwise dispose of, any real property forming part of any trust herein created, upon such terms as they shall deem proper, and to execute and deliver deeds, leases, mortgages and other instruments relating thereto. Any lease may be made for such periods (even though the same exceed the maximum terms specifically authorized by law) as they shall deem proper, and shall contain such covenants, including covenants of renewal, as may be desirable to effect any such leasing.

13. To make a just and equitable division or partition of any such property, to allocate particular assets or portions thereof or undivided interests therein to the several beneficiaries or trusts as hereinabove provided and to make distribution in cash or in kind, or partly in each.

14. To permit any person having an interest in the income of any trust hereby created to occupy any real property forming part of such trust upon such terms as my trustees shall deem proper, whether rent free, or in consideration of the payment of taxes, insurance, maintenance and ordinary repairs, or otherwise.

15. To borrow in the name of any Trust (including on margin or other credit terms) herein created such sums for such periods and upon such terms as they shall deem necessary or convenient in the administration of such Trust, and to secure any such loan by mortgage or pledge. No lender shall be bound to see to or be liable for the application of the proceeds, and no Trustees shall

- 19 -

BK I 5 I 5 PG 2 6 4

be personally liable, but each such loan shall be payable only out of assets of such Trust.

16.   To extend the time of payment of any note, bond or other obligation, and mortgage held by them, or of any installment of principal or interest or to hold such note, bond, or other obligation, and mortgage after maturity as past due; to consent to the alteration or modification of any terms thereof, waive defaults in the performance of the terms thereof; to foreclose any such mortgage or compromise or settle claims thereunder; to take over, take title to or manage the property or any part thereof affected by any such mortgage, either temporarily or permanently, and in partial or complete satisfaction of any claim thereunder; to protect such property against or redeem it from, foreclosure for nonpayment of taxes, assessments or other liens; to insure, protect, maintain and repair such property; and generally, without limiting the foregoing specification, to exercise with respect to such note, bond or other obligation and mortgage or such property, all rights and powers as may be exercised by a person owning similar property in his own right.

17.   To compromise, settle, submit to arbitration, or release, upon such terms as to them may seem proper, any claim or obligation of or against any Trust.

18.   To apportion between principal and income stock dividends or distributions by a corporation or association in the shares of its own stock, whether in the form of a stock split or a stock dividend.

19.   To charge to principal such sums as they shall determine to be the net loss incurred in operating or carrying any parcel of real property which in their opinion is not producing net income.

20.   To determine whether or not to amortize from income either in whole or in part, the premium at which any property may be purchased, or depreciation on, or any expenses in connection with, any property, real or personal; to discontinue any sinking fund at any time and distribute the same as income, in whole or in part; to pay from principal or income, or partly from each, any deficit from the operation of any improved or unimproved property.

21.   To employ and compensate, out of the principal or income of the Trust Estate, as the Trustees shall deem proper, agents, accountants, brokers, attorneys in fact, attorneys at law, specialists, investment counsel and other assistants and advisors deemed by them to be necessary for the proper settlement and administration of the trusts created herein, notwithstanding the fact that such persons or any of them may be interested in this trust as a fiduciary or beneficiary; and to pay to such persons in whole or in part, compensation for services whether such persons are serving alone, or with another fiduciary, with-

- 20 -

BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS, FL 33154 - (305) 868-7800

BK 1515 PG 265

out prior application to court and in advance of the settlement of the account of the Trustees. The Trustees shall be without any liability for the misconduct or the default of any such agent or attorney provided he was selected and retained with reasonable care.

22. To reimburse themselves from any trust herein created for all reasonable expenses incurred in the administration thereof.

23. To make distributions in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash or partly in such property.

24. With respect to any life insurance policies constituting an asset of any trust herein created, to pay premiums; to apply dividends in reduction of such premiums; to borrow against the cash values of such policies, and to use the proceeds therefrom either to pay premiums or for any other reason deemed advisable; to pledge such policies; to surrender such policies and receive the cash values thereof; to convert such policies into other forms of insurance, including paid-up insurance; to exercise any settlement options provided in any such policies; to receive the proceeds of any policy upon its maturity and to administer such proceeds as a part of the principal of the trust and, in general, to exercise all other options, benefits, rights and privileges under such policies; provided, however, that any Trustee who is also an insured under any life insurance policy constituting an asset of any trust herein created, is specifically prohibited from exercising any options, benefits, rights and privileges under such policies and is further prohibited from dealing in any manner whatsoever with such policies.

25. To receive additional property from any person, by Will or otherwise, and to treat such property in the same manner as all other property.

26. No person dealing with the Trustees shall be required to inquire into the necessity or propriety of any transaction entered into with them or into the application of any money or property paid or delivered to them.

27. The neuter gender hereunder shall be deemed to include the masculine and feminine wherein necessary or appropriate, the masculine to include the feminine, the feminine to include the masculine, the singular to include the plural, and the plural to include the singular.

28. Any of the named Trustees shall have the power to change the situs of any trust created hereunder to the state of his or her residence; or, if there be two Trustees named hereunder, then by a unanimous vote of both Trustees; or, if there be more than two Trustees named hereunder, then by decision of a majority vote of such Trustees.

- 21 -
BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS, FL 33154 - (305) 866-7800

BK 1515 PG 266

29.    To terminate and distribute to the persons then en-
titled to receive or have the benefit therefrom, in the sole
discretion of the Trustees, the balance of the Trust Estate, at
such time as the principal of such trust created hereunder is
less than Twenty-Five Thousand Dollars ($25,000).  This power
shall not be exercisable, however, by a beneficiary who is also a
Trustee of the Trust sought to be terminated.

30.    To delegate any or all of the powers, duties and dis-
cretion of a Trustee to any Co-Trustee (with the consent of such
Co-Trustee) by an instrument. in writing, which delegation may be
revoked, at will, in the same manner.

31.    To exercise all tax-related elections, options and
choices in such manner as will achieve, in such fiduciaries' sole
judgment, the overall minimum in total combined present and
reasonably anticipated future taxes of all kinds, upon not only
Settlor's estate, but also its beneficiaries, any trusts here-
under, and their beneficiaries.  Without limiting the generality
of the foregoing, the aforesaid direction to minimize taxes shall
include the following particular matters:

(a)    Exclusion from, or inclusion in, Settlor's
gross estate of any assets, and all matters of valuation for
federal and state estate tax purposes;

(b)    Election as to alternate valuation dates for
federal and state estate tax purposes;

(c)    Allocation of such charges and costs of ad-
ministration as are available as deductions for reduction of
either estate or income taxes;

(d)    Distribution of assets having different in-
come tax bases among the beneficiaries;

(e)    Election to file, or not file, any permitted
joint tax return with Settlor's spouse and to pay all or such
ratable share of any taxes due thereon as they shall deem proper;

(f)    Election to consent, or not consent, to hav-
ing any gifts made by Settlor's spouse treated as having been
made one-half by Settlor for gift tax purposes;

(g)    Election to continue, revoke, or make any
consent to any election under Subchapter S of the Internal Rev-
enue Code;

(h)    Selection of any appropriate income tax fis-
cal year, timing of distributions and of payment of deductible
expenses, etc.; and

(i)    Retaining of competent tax counsel for ad-
vice, the preparation of returns, tax controversies, etc.

- 22 -

BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS, FL 33154 - (305) 868-7800

BK 1515 PG 267

Settlor's fiduciaries shall not be accountable to any person interested in Settlor's estate or any trust created herein for the manner in which they shall carry out this direction to minimize overall taxes; and, even though their decisions in this regard may result in increased tax or decreased distributions to such estate or trust, or to one or more beneficiaries, they shall not be required to make any compensating adjustments or reimbursements among said estate, trust or beneficiaries by reason of the manner in which my fiduciaries carry out this direction.

32.   When required to make a distribution or transfer of all or part of the assets of Settlor's estate or of any trust created hereunder, Settlor's fiduciaries may retain therefrom assets sufficient in their judgment to cover any liability which may then or later be imposed upon them, including but not limited to their liability for estate, income or other taxes, until such liability shall have been finally determined.

33.   If any beneficiary of a Trust created hereunder shall be subject to income tax on all or a portion of the Trust's taxable income because of a power over said Trust held by the beneficiary and the amount taxable has not actually been distributed to such beneficiary, then the Trustees are authorized to distribute to such beneficiary an amount sufficient to offset any income tax burden imposed on such beneficiary because of the existence of such power.

34.   All powers granted herein shall be construed and exercised in a manner permitting the intended operation of any marital deduction gift, in trust or otherwise, to accomplish its intended purpose and effect. Any power not complying with the applicable provisions of the Internal Revenue Code, as may from time to time exist, allowing said marital deduction, shall not be exercised by the Trustees with respect to any marital deduction gift made herein.

35.   To do all such acts and exercise all such rights and privileges, although not specifically mentioned hereunder, with regard to any such property as if the absolute owner thereof.

## ARTICLE XI

### GOVERNING LAW

The construction of this instrument, the validity of the interests created hereby, the administration of the Trust Estate, and the trusts herein created shall be governed by the laws of the State of Florida.

- 23 -

BARASH & ASSOCIATES, P. A.
KANE CONCOURSE EXECUTIVE BUILDING - 1140 KANE CONCOURSE - BAY HARBOR ISLANDS, FL 33154 - (305) 866-7800

BK 1515 PG 268

The property hereinabove described was acquired by Grantor by instrument recorded in ...........................................................

DEED BOOK 1105, AT PAGE 708 AND DEED BOOK 935, AT PAGE 1

A map showing the above described property is recorded in Plat Book ...................... page ...................,

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.**

And the Grantor covenants with the Grantee, that Grantor has done nothing to impair such title as Grantor received, and Grantor will warrant and defend the title against the lawful claims of all persons claiming by, under or through Grantor, except for the exceptions hereinafter stated.
Title to the property hereinabove described is subject to the following exceptions:

SUBJECT to   mortgages, leases, easements, agreement and encumbrances of record.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

-------------------------------------------------- (Corporate Name)

By: ...........................................................................

......................................................President

ATTEST:

...........................................................................

......................................Secretary (Corporate Seal)

**USE BLACK INK ONLY**

Martin Bruce _____(SEAL)
MARTIN BRUCE

Sylvia Bruce _____(SEAL)
SYLVIA BRUCE

_____(SEAL)

_____(SEAL)

SEAL - STAMP

FLORIDA                DADE
~~NORTH CAROLINA~~, .................................................County.

I, a Notary Public of the County and State aforesaid, certify that ...........................................

MARTIN BRUCE AND WIFE, SYLVIA BRUCE .......................................... Grantor,

personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my

hand and official stamp or seal, this 5th day of ...APRIL...................., 1988

NOTARY PUBLIC, STATE OF FLORIDA.
MY COMMISSION EXPIRES: JULY 26, 1991.
My commission ~~BONDED THRU NOTARY PUBLIC UNDERWRITERS~~.              Rochelle R. Hayes ...........Notary Public

SEAL - STAMP

NORTH CAROLINA, -------------------------------------County.

I, a Notary Public of the County and State aforesaid, certify that ........................................,

personally came before me this day and acknowledged that ..... he is ................................ Secretary of

........................................................ a North Carolina corporation, and that by authority duly

given and as the act of the corporation, the foregoing instrument was signed in its name by its ....................

President, sealed with its corporate seal and attested by .............. as its ................................Secretary.

Witness my hand and official stamp or seal, this ...... day of ........................, 19.......

My commission expires: ...............................     ...........................................Notary Public

The foregoing Certificate(s) of ................................................................................

...........................................Rochelle L. Hayes...............................................................

...........................................................................................................................

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the

first page hereof.

Otto W. DeBruhl ..........................................REGISTER OF DEEDS FOR Buncombe.......... COUNTY

By Sharon C. Taylor ..................................Deputy/~~Assistant~~ Register of Deeds.

N. C. Bar Assoc. Form No. 6 © 1977 — James Williams & Co., Inc., Box 127, Yadkinville, N. C. 27055
Printed by Agreement with the N. C. Bar Assoc. — 1981