**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                          )
In re:                                                                  )        Chapter 11
                                                                          )
SEARS HOLDINGS CORPORATION, *et al.*,[1]   )        Case No. 18-23538 (RDD)
                                                                          )
Debtors.                                                             )        (Jointly Administered)
_____)


**MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO
FILE UNDER SEAL TRANSFORM HOLDCO LLC'S RESPONSE TO STARBOARD
PLATFORM BRIGHTON JV LLC'S SUPPLEMENTAL OBJECTIONS TO NOTICE
OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Transform Holdco LLC (the "Buyer" and together with its affiliates, "Transform"), the Buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019 (as may be amended, restated, supplemented or modified from time to time, the "APA")[2], by and among the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]   The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* (ECF No. 2507), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* (ECF No. 2599) (the "Notice of Filing of Amendment No. 1 to the APA"). Capitalized terms used but not defined herein have the meanings ascribed to them in the APA.

Buyer, Sears Holdings Corporation ("SHC"), and each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively with respect to SHC's chapter 11 affiliates, the "Debtors," and together with Transform, the "Parties"), by and through its undersigned counsel, respectfully submits this motion (this "Motion") for entry of an order (the "Order") authorizing Transform to file under seal certain portions of *Transform Holdco LLC's Response to Starboard Platform Brighton JV LLC's Supplemental Objections to Notice of Assumption and Assignment of Additional Designatable Leases* (the "Brighton Response") and the exhibits thereto. Transform seeks entry of an order, substantially in the format attached hereto as **Exhibit 1** (the "Proposed Order"), determining that the commercially sensitive, confidential and non-public information in the Brighton Response and its exhibits thereto related to estimates of certain repair costs be withheld from public view. In further support of this Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4. On October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the

Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

5. On November 1, 2018, the Debtors filed a motion (ECF No. 429) (the "Sale Motion") seeking, among other things, the entry of an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9007 and 9008 of the Bankruptcy Rules, and Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules, authorizing and approving procedures for the sale of the Debtors' assets and for the assumption and assignment of executory contracts and/or unexpired non-residential real property leases of the Debtors.

6. On January 14, 2019, the Debtors commenced an auction for the sale of substantially all of its assets. On January 16, 2019, Transform, having been formed by ESL Investments Inc. and its affiliates as a vehicle to acquire these and certain non-debtor assets, was declared the successful bidder at the auction, and on January 18, 2019, the Debtors filed a notice to this effect (ECF No. 1730).

7. On January 18, 2019, Debtors also filed and served on applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice"), which included proposed cure amounts for leases subject to assumption and assignment as part of the sale of substantially all of the Debtors' assets.

8. On January 23, 2019, the Debtors filed and served on applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "Supplemental Notice"). On January 31, 2019, the Debtors filed and served on applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and*

*Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice"). Thereafter, on March 5, 2019, March 29, 2019, April 9, 2019, April 11, 2019 and April 23, 2019 respectively, the Debtors filed and served on applicable counterparties a third (ECF No. 2753), fourth (ECF No. 2995), fifth (ECF No. 3097), sixth (ECF No. 3152), and seventh (ECF No. 3330) supplemental notice (collectively with the Initial Notice, Supplemental Notice and Second Supplemental Notice, the "Cure Notices").

9.    On January 31, Starboard Brighton JV LLC, the landlord for the property known as Store #8290 (the "Landlord"), filed the *Objections to Cure Amount and Adequate Assurance Information of Landlord Starboard Platform Brighton JV LLC in Response to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Cure Objection") (ECF No. 2213).

10.    On February 8, 2019, the Bankruptcy Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507). Under the terms of the Sale Order, Transform is permitted to designate Additional Contracts and Designatable Leases (together, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date, or February 11, 2019. The Debtors and Transform agreed to extend this period and, on April 12, 2019, the Debtors filed a *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (ECF No. 3171),

4

extending the period to designate the Designatable Leases to May 3, 2019, and the Additional Contracts to May 13, 2019.

11. On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008). The Assumption and Assignment Order established, among other things, a noticing procedure for the assumption and assignment of Additional Assigned Agreements. On April 19, 2019, Transform filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3298), which included the lease with the Landlord.

12. On May 3, 2019, Transform filed the *Stipulation and Order by and Between Sellers, Buyer, and Landlord Starboard Platform Brighton JV LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (ECF No. 3620), which extended the time under Bankruptcy Code section 365(d)(4) for assumption and assignment of the unexpired lease with the Landlord to June 30, 2019.

13. On May 13, 2019, the Landlord filed the *Supplemental Objections to Cure Amount, Adequate Assurance Information, and Restrictive Covenant Conditions of Landlord Starboard Platform Brighton JV LLC in Response to Notice of Assumption and Assignment of Additional Designatable Leases* (the "Supplemental Cure Objection" and together with the Cure Objection, the "Cure Objections")) (ECF No. 3851).

14. The Cure Objections both included an assertion of cure in part comprised of "confidential third-party bid dated December 19, 2018" in the amount of $10,871,761.00 for necessary roof repairs (the "Landlord Roof Estimate"). Documentation of the Landlord Roof Estimate was not included with Objections filed with the Bankruptcy Court, but such

5

documentation was provided on a confidential basis to Transform and its counsel. With the consent of the Landlord, Transform has attached the report documenting the Landlord Roof Estimate to the Brighton Response as Exhibit C. Public release of the details contained therein could raise security and other concerns for the Debtors, Transform, and/or the Landlord.

15. Transform has conducted its own estimate of the needed repairs on the roof, documentation of which is attached to the Brighton Response as Exhibit B. Transform proposes to file such information under seal in the interest of safety and confidentiality at the premises under lease with the Landlord.

## RELIEF REQUESTED

16. By this Motion, Transform seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Brighton Response and the exhibits thereto under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## BASIS FOR RELIEF

17. The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

18. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

19. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

20. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

21. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." Id. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the

7

application." Id. at 27.  Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires").  In re Glob. Crossing, Ltd., 295 B.R. at 724; see also Fed. R. Bankr. P. 9018.

22.     Here, the Brighton Response and the exhibits thereto contain confidential, non-public and sensitive business information, including details of the state of the roof at its distribution center in Brighton, Colorado, repairs that may be required thereto, and the price of such repairs.  Disclosure of such information would be detrimental to both Transform and the Landlord, who, if the lease is assumed and assigned, will be seeking to run competitive processes to obtain the most attractive bids for the repairs to be completed at the facility.  This information falls squarely within the category of confidential commercial information in section 107(b)(1) of the Bankruptcy Code.

23.     The Proposed Order that Transform submits is narrowly tailored to restrict access only to commercially sensitive and confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

## NOTICE

24.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405).  Transform respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Brighton Response and the exhibits thereto under seal and further relief deemed just, proper, and equitable.

Dated: June 4, 2019
     New York, New York

                             CLEARY GOTTLIEB STEEN & HAMILTON LLP

                             */s/ Luke A. Barefoot*
                             Luke A. Barefoot

                             One Liberty Plaza
                             New York, New York 10006
                             Telephone: (212) 225-2000
                             Facsimile: (212) 225-3999

                             *Attorneys for Transform Holdco LLC*

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                              )
In re                                                        )    Chapter 11
                                                              )
SEARS HOLDINGS CORPORATION, *et al.*,[3]    )    Case No. 18-23538 (RDD)
                                                              )
Debtors.                                                )    (Jointly Administered)
_____)

**PROPOSED ORDER GRANTING
MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO
FILE UNDER SEAL TRANSFORM HOLDCO LLC'S RESPONSE TO STARBOARD
PLATFORM BRIGHTON JV LLC'S SUPPLEMENTAL OBJECTIONS TO NOTICE
OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Upon the motion (the "Motion")[4] of Transform Holdco LLC (the "Buyer", together with its affiliates, "Transform") for entry of an order (this "Order") authorizing Transform to file the Brighton Response and the exhibits thereto under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the Bidding Procedures Order on November 19, 2018; and the Court having found that Transform provided appropriate notice of the Motion and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.      The Motion is granted as set forth herein.

    2.      Transform is authorized to file unredacted copies of Brighton Response and the exhibits thereto under seal (the "<u>Sealed Documents</u>"), along with a publicly accessible copy that redacts only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

    3.      Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors (on a confidential and "professional eyes only" basis), (d) counterparties to executory contracts and leases proposed to be assumed and assigned that timely objected on the basis of adequate assurance and (e) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality

agreements satisfactory to Transform.  Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the assumption and assignment or rejection of all relevant executory contracts and leases.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                                  _____
                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE