**Hearing Date and Time: June 20, 2019 at 10:00 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
)
In re:                                                          )               Chapter 11
)
SEARS HOLDINGS CORPORATION, *et al.*,[1]    )     Case No. 18-23538 (RDD)
)
Debtors.                                                      )     (Jointly Administered)
_____)


### TRANSFORM HOLDCO LLC'S RESPONSE TO STARBOARD PLATFORM BRIGHTON JV LLC'S SUPPLEMENTAL OBJECTIONS TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES

Transform Holdco, LLC (together with its subsidiaries and affiliates, "<u>Transform</u>" or the

"<u>Buyer</u>") as Buyer pursuant to the *Order (I) Approving the Asset Purchase Agreement Among*

*Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of*

*Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of*

*Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related*

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816) .  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Relief* (the "Sale Order") (ECF No. 2507) approving the sale of certain of the assets of the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this

response (the "Response") in further support of the Sale Order, the Court's *Order (I) Authorizing*

*Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting*

*Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008) and the *Supplemental*

*Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases in Connection with Global Sale Transactions* (the "Supplemental Cure

Notice") (ECF No. 1774) and in response to Starboard Platform Brighton JV LLC's (the

"Landlord") *Objection to Cure Amount and Adequate Assurance Information of Landlord*

*Starboard Platform Brighton JV LLC in Response to Supplemental Notice of Cure Costs and*

*Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in*

*Connection with Global Sale Transaction* (the "Initial Objection") (ECF No. 2213) and the

*Supplemental Objections to Cure Amount, Adequate Assurance Information, And Restrictive*

*Covenant Conditions of Landlord Starboard Platform Brighton JV LLC in Response to Notice of*

*Assumption and Assignment of Additional Designatable Leases* (the "Supplemental Objection"

and together with the Initial Objection, the "Objections") (ECF No. 3851).

## PRELIMINARY STATEMENT

1.       While the amount of Cure Costs asserted by the Landlord through the Objections

is certainly inflated and an amount that Transform disputes, the disagreement between the

Objector and Transform with respect to the lease dated March 25, 1997 as between Brighton

Lease Management and Kmart Corporation for nonresidential real property located at 18875

Bromley Lane, Brighton CO (the "Lease") is a simple cure dispute that should not delay

assumption and assignment of the Lease to Transform.   As set forth on the record by Transform

at the May 8, 2019 hearing before the Court on the assumption and assignment of hundreds of leases to Transform (the "Assumption and Assignment Hearing") and subsequently approved by the Court through the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (ECF No. 3850) (the "Assumption and Assignment Order of May 13, 2019"), Transform has no intention of extinguishing or diminishing any restrictive covenant with respect to which an objection was raised by the relevant lease counterparty (including the Landlord). Furthermore, any objection as to adequate assurance of future performance under the Lease has been effectively addressed by the findings of fact stated on the record at the Assumption and Assignment Hearing and approved by the Court through the Assumption and Assignment Order. While the time to assume or reject the Lease and the hearing to resolve related disputes between Transform and the Landlord was adjourned, there is no reason this Court should reach any different conclusion here than it did with respect to the leases already assumed and assigned by operation of the Assumption and Assignment Order of May 13, 2019.

2.        Thus, the principal issue raised in the Objections that remains to be addressed is the dispute between the parties as to the cure of any existing defaults under the Lease. The Landlord argues in its Supplemental Objection that it is owed a total monetary cure of $11,807,351.96 (the "Cure Amount"), of which figure $10,871,761.00 is comprised of what it claims would be the cost to replace the roof of the premises subject to the Lease. Contrary to the assertions made by the Landlord in the Objections, under the terms of the Lease any necessary roof repairs would be required to be performed by Transform, not by the Landlord, and therefore any unperformed obligations, if any, would fall into the category of non-monetary defaults. Non-monetary defaults are not required to be remedied as a precondition to assumption. Furthermore, the cost of any repairs that may be required is irrelevant, as Transform would be

required to arrange and pay for them itself, and thus any dispute with the Landlord regarding cost
need not be determined by this Court.

3.       The Landlord further asserts a total of $935,590.96 in monetary cure amounts.
Transform believes that the majority of these asserted amounts are not due and owing and
instead will be paid by Transform as such amounts come due in the future.  In any event,
Transform proposes to employ the same cure cost resolution procedures that were approved by
this Court in the Assumption and Assignment Order of May 13, 2019, under which both parties'
rights will be reserved while they attempt a reconciliation.  On this basis, the Objections should
be overruled and the Lease assumed and assigned to Transform.

## BACKGROUND

### a.  Procedural History

#### i.  The Sears Bankruptcy

4.       On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and
certain of its affiliates, including Kmart Corporation (collectively, the "Debtors") filed voluntary
petitions for relief under Chapter 11 of the United States Bankruptcy Code.

5.       The Debtors filed a motion on November 1, 2018 (the "Sale Motion") (ECF No.
429), seeking, *inter alia*, the entry of an order pursuant to sections 105, 363, and 365 of the
Bankruptcy Code, Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy
Procedure, and Rules 6004-1, 6005-1, and 6006-1 of the Local Bankruptcy Rules for the
Bankruptcy Court, authorizing and approving procedures for the sale of the Debtors' assets and
for the assumption and assignment of executory contracts or unexpired non-residential real
property leases of the Debtors.

6.      On November 19, 2018, the Bankruptcy Court entered an order which approved the global bidding and sale procedures for the sale of Debtors' assets (the "Bidding Procedures Order") (ECF No. 816).

7.      On January 14, 2019, the Debtors commenced an auction for the sale of substantially all of its assets.  On January 16, 2019, Transform, an entity formed by ESL Investments Inc. and its affiliates as a vehicle to acquire these and certain non-debtor assets, was declared the highest and best bidder at the auction, and on January 18, 2019, the Debtors filed a notice to this effect (ECF No. 1730).

## ii.   Notices of Proposed Cure Amounts

8.      On January 18, 2019, Debtors also filed and served on applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Initial Notice") (ECF No. 1731), which included proposed cure amounts for leases subject to assumption and assignment as part of the sale of substantially all of Debtors' assets.

9.      On January 23, 2019, the Debtors filed and served on applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Supplemental Notice") (ECF No. 1774).  Debtors included the Lease for Store No. 8290 in the Supplemental Notice, and proposed a cure amount of $0.

## iii.   The Sale Order and Assumption and Assignment Order

10.      On February 8, 2019, the Bankruptcy Court entered the Sale Order, pursuant to which Transform is permitted to designate additional contracts and designatable leases for assumption and assignment for up to sixty (60) days after the date the sale closed – February 11, 2019.  The Debtors and Transform agreed to extend this period and, on April 12, 2019, the

Debtors filed a *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (ECF No. 3171), extending the period to designate certain designatable leases to May 13, 2019.

11.     On April 2, 2019, the Bankruptcy Court entered the Assumption and Assignment Order.  The Assumption and Assignment Order established, among other things, a noticing procedure for the assumption and assignment of additional assigned agreements.

12.     In accordance with the Sale Order and the Assumption and Assignment Order, Transform has designated certain leases for assumption and assignment by filing notices of assumption and assignment of certain designatable leases.  In particular, on April 19, 2019, Transform filed the *Notice of Assumption and Assignment of Additional Designatable Leases* ("Designated Lease Notice") (ECF No. 3298), which designated the Lease for assumption and assignment and included a revised cure amount for the Lease in the amount of $0.00.

13.     On May 3, 2019, the Landlord and Transform filed on the docket a *Stipulation and Order by and Among Sellers, Buyer, and Landlord Starboard Platform Brighton JV LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (the "Stipulation") (ECF No. 3620), extending the deadline for Debtors to assume or reject the Lease from May 13, 2019 to June 30, 2019.  The Bankruptcy Court so-ordered the Stipulation on May 13, 2019 (ECF No. 3821).

14.     On May 13, 2019, the Landlord filed the Supplemental Objection, asserting a total Cure Amount of $11,807,351.96 and objecting to assumption and assignment of the Lease to Transform on the basis that Transform's adequate assurance information was inadequate and its proposed treatment of restrictive covenants in the Lease was improper.

## ARGUMENT

### i. The Roof Repair Constitutes a Non-Monetary Default

15.     The Landlord's Objections mischaracterize the nature of the dispute regarding the roof repair.  The Lease does not provide or require that Transform pay or compensate the Landlord for repairs such that any repairs would require payment of cure costs to the Landlord. Instead, the Lease provides for Transform to make any such repairs at its own expense, such that the cost at which Transform can complete such repairs is irrelevant.  Specifically, Article VIII of the Lease provides that "Lessee at its expense will keep the Leased Property . . . in good order and repair . . . [and] make all necessary and appropriate repairs thereto."  Exhibit A at 9.  Such language clearly provides that any structural repairs are the sole responsibility of the Lessee, in this case Kmart Corporation or its potential assignee, Transform.  In other words, to the extent any roof repair is required and has yet to be completed, such default is properly classified as non-monetary cure.  The Landlord in its objection seems to acknowledge this when it asserts that "Kmart must keep the Brighton Property in good repair and make all necessary and appropriate repairs . . . and the Brighton Property's roof must be replaced . . ."  Supplemental Objection at ¶ 13.  This acknowledgement eliminates any doubt about any of Landlord's contrary assertions that the full cost of the repair must somehow be paid as monetary cure as a condition to the assumption of the Lease by the Debtors and assignment to Transform.

16.     Bankruptcy Courts have held that non-monetary defaults are not required to be cured as a precondition to assumption of a contract under 11 U.S.C. § 365(d).  Specifically, a non-monetary default only "precludes assumption of an executory contract under § 365 if it is both incurable and 'material in the sense that it goes to the very essence of the contract, i.e. the bargained for exchange.'"  *In re Empire Equities Capital Corp.*, 405 B.R. 687, 691 (Bankr. S.D.N.Y. 2009) (internal citations omitted).  Here, the purported default being asserted by the

7

Landlord is, at most, a repair that must be undertaken on a reasonable timetable, and does not rise to the level of a default that would preclude assumption.

17.     Transform is ready, willing, and able to conduct the necessary repairs to the roof pursuant to its obligations under the Lease, and will do so in consultation with the Landlord on a reasonable timetable.  Indeed, attached as <u>Exhibit B</u> is a report that Transform has commissioned that details such work.[2]  To the extent that the parties disagree on an estimate of the cost of that work, such disagreement is irrelevant to the assumption issue.  Instead, Transform's agreement to perform the repairs outlined in its report suffices.

### ii.  The Landlord's Cited Repair Cost is Dramatically Inflated

18.     Assuming, for the sake of argument, that the Landlord is correct that the full cost of the roof replacement is required to be paid by Transform as cure cost (which it is not), the figure cited by the Landlord is wildly inflated.  Pursuant to an independent inspection conducted by ███████████████████████, the full replacement cost for the roof at the premises subject to the Lease is ██████████.  <u>Exhibit B</u> at 26.  This figure is ███████████████ ███████████████████████████████████████████████.  <u>Exhibit C</u> at 45.  Such price discrepancy is, however, entirely irrelevant to the dispute.  It is the responsibility of Transform to cure the default under the Lease, which it will do by performing any necessary work up to and including a replacement of the roof in order to meet its obligations as outlined in Article VIII of the Lease.

---

[2]     The Landlord has consented to the filing under seal of the report created by its investigator and the report created by Transform's own investigator.  The reports are attached hereto as Exhibit B and Exhibit C.

### iii. The Landlord's Objections with Respect to Restrictive Covenants and Adequate Assurance Should be Resolved or Overruled on the Same Terms as in Prior Orders

19.     In its Objections, the Landlord cites certain arguments against the Debtors' and Transform's ability to assume and assign the Lease free of restrictive covenants, and to the adequate assurance information provided by Transform. Transform does not seek to strip the Lease of any restrictive covenants, consistent with its treatment of other leases with respect to which other landlords raised similar objections.[3] To the extent the Landlord objects to the adequate assurance of future performance provided by Transform, this Court's decision as articulated at the Assumption and Assignment Hearing and as documented in the Assumption and Assignment Order of May 13, 2019 should apply equally to the Lease at issue in this dispute. Indeed, based on the adequate assurance information provided to landlords and filed with *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* (ECF No. 3654), the court concluded that Transform had "demonstrated they are sufficiently capitalized to comply with the necessary obligations" under the leases assumed by operation of that same Court order. See Assumption and Assignment Order of May 13, 2019 at ¶ 14. The same conclusion applies to Transform's obligations under the Lease.

### iv. Transform Will Cure Any Monetary Defaults Under the Lease

20.     The Objections further cite certain alleged monetary defaults, including certain property tax and rent payments. To the extent that such payments are due and owing at the time of the assumption and assignment of the Lease, Transform will apply the procedures approved by this Court at the Assumption and Assignment Hearing and documented in the Assumption

---

[3]     Should a hearing on the Landlord's Objection become necessary, Transform will present a proposed order clarifying this on substantially identical terms as ordered by the Court in the Assumption and Assignment Order of May 13, 2019.

and Assignment Order of May 13, 2019, by which procedures it commits to segregate any

disputed amounts and promptly pay any non-disputed amounts.  See Hearing Tr. at 68:11-17,

May 8, 2019, 18-23538-rdd (describing cure resolution procedures as "eminently reasonable").

To the extent that certain amounts asserted in the Objections are not yet due and owing, such

amounts do not constitute cure; amounts that may come due at a later date will be paid at that

time.  Indeed, based on the adequate assurance information provided to landlords and filed with

the

### RESERVATION OF RIGHTS

21.     The Buyer reserves all rights to supplement this Response, including with respect

to the appropriate Cure Amount, if any.

### CONCLUSION

22.     Transform requests that the Court deny the Landlord's objections and grant

assumption and assignment of the Lease pursuant to 11 U.S.C. § 365.


Dated: June 4, 2019
       New York, New York


CLEARY GOTTLIEB STEEN & HAMILTON LLP


*/s/ Luke A. Barefoot*_____
Luke A. Barefoot

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

**Exhibit A**

**[Exhibit Filed Under Seal]**

**<u>Exhibit B</u>**

**[Exhibit Filed Under Seal]**

**Exhibit C**

**[Exhibit Filed Under Seal]**