Hearing Date and Time: June 20, 2019 at 10:00 AM (Eastern Time)
Objection Date and Time: June 13, 2019 at 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
David J. Lender
Paul R. Genender
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :    Case No. 18-23538 (RDD)
                                                            :
                Debtors.¹                                   :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); SHC Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); SHC Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**THE DEBTORS' MOTION TO (A) ENFORCE THE AUTOMATIC STAY AGAINST FIRST DATA MERCHANT SERVICES CORP. AND (B) COMPEL TURNOVER OF ESTATE PROPERTY**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (a) enforcing the automatic stay and this Court's May 8, 2019 *Order Enforcing Asset Purchase Agreement against Transform Holdco LLC* [ECF No. 3742] and (b) compelling turnover of estate property, as more fully set forth in the Motion, will be requested to be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **June 20, 2019 at 10:00 AM (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion will be requested to be in writing, conform to the Bankruptcy Rules and the Local Rules, be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405], so as to be filed and received no later than **June 13, 2019 at 4:00 PM (Eastern Time)** (the "**Objection Deadline**").

2

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated:  June 6, 2019
       New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
David J. Lender
Paul R. Genender
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

Hearing Date and Time: June 20, 2019 at 10:00 AM (Eastern Time)
Objection Date and Time: June 13, 2019 at 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
David J. Lender
Paul R. Genender
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :
                                               :    **Chapter 11**
**SEARS HOLDINGS CORPORATION, *et al.*,**     :
                                               :    **Case No. 18-23538 (RDD)**
                                               :
            Debtors.[1]                        :    **(Jointly Administered)**
                                               :
                                               :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); SHC Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); SHC Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**THE DEBTORS' MOTION TO (A) ENFORCE THE AUTOMATIC STAY
AGAINST FIRST DATA MERCHANT SERVICES CORP. AND
(B) COMPEL TURNOVER OF ESTATE PROPERTY**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion to enforce the automatic stay against First Data Merchant Services Corp. ("**First Data**") and to compel the immediate turnover of up to $13,300,000 of Estate funds being unlawfully withheld (the "**Motion to Enforce**").[2]

**PRELIMINARY STATEMENT**

1.  On May 8, 2019, the Court entered the *Order Enforcing Asset Purchase Agreement Against Transform Holdco, LLC* [ECF No. 3742] (the "**CCAR Order**," or "**Order**"), which among other things found that the Debtors were entitled, under Section 10.9 of the APA, to retain as Excluded Assets $14,639,618.38 of the oldest Credit Card Accounts Receivable. Despite being on notice of this Court's Order since at least May 10, 2019 and ongoing discussions with the Debtors since that time, First Data continues to withhold the Debtors' Estate property in fear of ongoing litigation with Transform. At this juncture, the Debtors find themselves with no choice but to expend limited Estate resources to compel First Data to turn over approximately

---

[2] Capitalized terms used in this Motion but not otherwise defined herein will have the meanings set forth in the *Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property, and (II) Response to Transform Holdco LLC's Motion to Assign Matter to Mediation* (ECF No. 2796) ("**First Motion to Enforce**"), the *Debtors' Supplemental Memorandum of Law in Further Support of their Motion to Enforce the Automatic Stay* (ECF No. 3079) ("**Brief ISO Motion to Enforce**"), or in the APA, as applicable. The APA is attached as <u>Exhibit B</u> to the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**").

2

$13.3 million of Estate property which First Data refuses to transfer to the Debtors notwithstanding this Court's Order and in violation of the automatic stay.

## BACKGROUND

2. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

4. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## FACTUAL BACKGROUND

5. The CCAR Order established, among other things, that because the Debtors delivered an aggregate threshold excess of $14,639,618.38 to the Buyer at Closing, less any amounts drawn from the Reserve Accounts by the Processors pursuant to the Processing Agreements to satisfy liabilities owed by the Debtors to the Credit Card Payment Processors[3] as of the Closing Date (the "**Reserve Draw**"), the Debtors were entitled, under Section 10.9 of the APA, to retain as Excluded Assets $14,639,618.38 of the oldest Credit Card Accounts Receivable. *See* CCAR Order ¶ 2. The Order further established that the $14,639,618.38 in oldest Credit Card

---

[3] The Processors are First Data, DFS Services LLC, and American Express Travel Related Services Company, Inc. ("**American Express**").

3

Accounts Receivable comprised "(a) ***$13.3 million held in the Reserve Account by First Data*** as detailed in the letters to the Court from [Transform's counsel], and (b) $1,339,618.38 held in the Reserve Account by American Express, as also detailed in the foregoing letters . . .—less the respective Reserve Draw amounts, if any (the "**Adjusted Excess Amounts**")." *Id.* ¶ 3 (emphases added). Finally, the Order authorized the Debtors "to take the steps necessary to effectuate a transfer of the respective Adjusted Excess Amounts from First Data and American Express to the Debtors." *Id.* ¶ 4 (emphasis added).

6. First Data's obligations in connection with the Court's Order are simple and straightforward. First Data continues to hold in a Reserve Account the oldest $13.3 million Credit Card Accounts Receivable that were retained by the Debtors as Excluded Assets pursuant to Section 10.9 of the APA. Whatever portion of those $13.3 million that has not been drawn from the Reserve Account as described above is Estate property, the continued control or possession of which is a violation of the automatic stay. *See id.* ¶ 2.

7. Despite being on notice since at least May 10, 2019 of this Court's Order finding that approximately $13.3 million in its Reserve Account is property of the Estate, First Data continues to withhold the approximately $13.3 million from the Debtors. First Data has advised the Debtors that it will not turn over the funds absent (i) "authorization" from Transform, or (ii) a Court order compelling First Data to do so. Transform, to no one's surprise, has rejected First Data's request for such "authorization."

8. Importantly, First Data has not contested its obligation to turn over these funds to the Debtors pursuant to this Court's Order and the automatic stay but rather claims to be between Scylla and Charybdis, fearing that compliance with this Court's Order will result in litigation with Transform. For that reason, First Data advised the Debtors that it preferred to have

4

this Motion to Enforce filed against it so that it could turn over the funds to the Debtors pursuant to a Court order. But that position is not without significant consequences to the Debtors; the Debtors continue to operate without approximately $13.3 million of duly owed amounts and are now required to expend limited Estate resources to compel turnover of property that indisputably belongs to the Estate.

9.  With a July 23, 2019 plan confirmation date approaching, the $13.3 million held by First Data is crucial to the Debtors' continued administrative solvency and integral to an efficient and timely confirmation of a proposed chapter 11 plan (the "**Plan**"). For these reasons and those set forth below, the Debtors respectfully request that the Court enter an order (i) enforcing the automatic stay and (ii) compelling First Data to turn over to the Debtors $13.3 million in funds—less any adjustments contemplated in the Order—being withheld by First Data in violation of Sections 362(a)(3) and 542 of the Bankruptcy Code and the CCAR Order.

10. The Debtors also expressly reserve the right to seek from First Data any and all fees and costs incurred by the Estate to recover Estate property withheld in violation of the automatic stay and to seek from Transform any and all fees and costs incurred by the Estate due to any interference caused by Transform with the Debtors' efforts to recover its Estate property from First Data.

**RELIEF REQUESTED**

11. For the foregoing reasons, the Debtors respectfully request that the Court issue an order (i) enforcing the automatic stay pursuant to 11 U.S.C. § 362(a)(3) and (ii) compelling First Data to turn over the Debtors' property.

12. A proposed form of order granting the relief requested in the Motion to Enforce is attached hereto as **Exhibit A** (the "**Proposed Order**").

## ARGUMENT

### I. First Data is Violating the Automatic Stay by Withholding Estate Assets.

13. The automatic stay is an injunction that prevents creditors from, among other things, taking "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "[P]roperty of the estate," in turn, is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case," and is comprised of such property "wherever located and by whomever held." 11 U.S.C. § 541(a).

14. "The scope of the stay is broad, encompassing 'almost any type of formal or informal action taken against the debtor or the property of the [bankruptcy estate].'" *In re Salov*, 510 B.R. 720, 725 (Bankr. S.D.N.Y. 2014) (quoting 3 COLLIER ON BANKRUPTCY ¶ 362.03 (16th ed. 2014) (alterations in original)). The automatic stay is self-executing: the Debtor is under no obligation to take any action to effectuate the return of Estate property, nor can the holder of the property place any condition on its return. *See Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 79 (2d Cir. 2013). The Bankruptcy Code further provides that a debtor "injured by any willful violation of a stay provided by [Section 362] ***shall recover*** actual damages, including costs and attorneys' fees." *Id.* at 76 (quoting 11 U.S.C. § 362(k)(1) (emphasis and alteration in original). Good faith is no defense. *Id.* at 83.

15. The CCAR Order is unequivocal. *First*, the amounts in the Reserve Accounts held by the Processors, including First Data, are Credit Card Accounts Receivable. *See* CCAR Order ¶ 2. *Second*, the Debtors delivered those Credit Card Accounts Receivable to Transform. *Id.* *Third*, such delivery, when considered in the context of the aggregate value delivered pursuant to Section 10.9, created an excess of $14,639,618.38. *Id.* *Fourth*, that excess is to be retained by the Debtors as an Excluded Asset. *Id.* *Fifth*, only the **Credit Card Payment**

6

*Processors* have any putative claim against those Excluded Assets in the form of "any amounts drawn from the Reserve Accounts . . . to satisfy liabilities owed by the Debtors to the Credit Card Payment Processors as of the Closing Date," i.e., the Reserve Draw amounts. *Id. Sixth, and finally*, the Debtors, after satisfying any such liabilities, are entitled to the Adjusted Excess Amounts— i.e., the remainder of the oldest (a) $13.3 million held by First Data and (b) the oldest $1,339,618.38 held by American Express. *See id.* ¶¶ 2–3.

16. The Order clearly defined the contours of the Estate property and explicitly provided the only basis upon which First Data could retain any portion of the funds: "to satisfy liabilities owed by the Debtors to the Credit Card Payment Processors as of the Closing Date." *See id.* ¶ 2. To date, First Data has not asserted that it is entitled to any adjustment against the amounts it possesses in Reserve Accounts as contemplated by the Order. The oldest $13.3 million held by First Data in the Reserve Account is, therefore, Estate property and its continued possession is a violation of the automatic stay.

17. Put simply, First Data may not condition the transfer of those funds upon authorization from Transform or some type of release. The law is clear: "any entity in possession of property of the estate must deliver it to the [debtor], ***without condition or any further action***." *In re Weber*, 719 F.3d at 79 (emphasis added).

18. Accordingly, the Debtors respectfully request that the Court enforce the automatic stay and compel First Data to turn over the Estate property immediately.

II. **This Court Should Compel First Data to Turn Over the Estate Property Belonging to the Debtors.**

19. Because the Adjusted Excess Amounts are Estate property as outlined in the CCAR Order, First Data should return those assets to the Debtors immediately. Independent of the automatic stay, the Bankruptcy Code provides various mechanisms to marshal the assets of an

7

estate. Turnover, pursuant to 11 U.S.C. § 542, is one such vehicle. *See Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013). "A turnover action's essence is in bringing the estate's property into its custody" by invoking "the court's most basic equitable powers to gather and manage property of the estate." *In re Pali Holdings, Inc.*, 488 B.R. at 851.

20. A party seeking turnover of estate property must show: "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [11 U.S.C. §] 363; and (3) the property has more than inconsequential value to the debtor's estate." *Kramer v. Mahia (In re Khan)*, No. 10-46901-ESS, 2014 WL 10474969, at *26 (E.D.N.Y. Dec. 24, 2014) (quoting *Zazzali v. Minert (In re DBSI, Inc.)*, 468 B.R. 663, 669 (Bankr. D. Del. 2011)). Further, Section 105 of the Bankruptcy Code allows courts to "enforce or implement" its earlier lawful orders—i.e., to "vindicate[] the interests of the court." *See NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004).

21. The Debtors satisfy all three requirements. No one can dispute that these Estate assets remain in First Data's possession and control. The Adjusted Excess Amounts in its Reserve Account are undeniably Estate property to be used in accordance with Section 363. *See supra* § I. Finally, with a July 23, 2019 Plan confirmation date approaching and no remaining significant sources of revenue, the Estate assets' value is highly consequential to the Debtors' Estate.

22. First Data has not asserted that any portion of the Reserve Accounts were drawn pursuant to the applicable Processing Agreement to satisfy liabilities owed to First Data as of the Closing Date. Accordingly, the Debtors respectfully request that the Court compel First

8

Data to immediately turn over the Adjusted Excess Amounts in its possession to effectuate the automatic stay and the CCAR Order.

## CONCLUSION

23. For the foregoing reasons, the Debtors respectfully request that the Court issue an order (i) enforcing the automatic stay pursuant to 11 U.S.C. § 362(a)(3) and (ii) compelling First Data to turn over the Debtor's property pursuant to the APA pursuant to 11 U.S.C. § 542(a).

## RESERVATION OF RIGHTS

24. The Debtors reserve all of their rights, claims, defenses, and remedies, including, without limitation, their rights to amend, modify, or supplement this Motion, to seek discovery, and introduce any evidence in any hearing with respect to this Motion. Further, the Debtors reserve all claims, causes of action, damages, rights, remedies, and/or defenses in connection with both First Data's violation of the automatic stay as well as Transform's violation with the automatic stay by interfering with the Debtors' efforts to collect property of the Estate.

## NOTICE

25. Notice of this Motion to Enforce will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405] (the "**Amended Case Management Order**"), including to First Data. The Debtors respectfully submit that no further notice is required.

26. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

*[Remainder of Page Intentionally Left Blank.]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: June 6, 2019
     New York, New York

                                        /s/ Sunny Singh
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007
                                        Ray C. Schrock, P.C.
                                        David J. Lender
                                        Paul R. Genender
                                        Jared R. Friedmann
                                        Sunny Singh

                                        *Attorneys for Debtors*
                                        *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :    Case No. 18-23538 (RDD)
                                                            :
           Debtors. [1]                                     :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

### ORDER ENFORCING AUTOMATIC STAY AGAINST FIRST DATA AND COMPELLING TURNOVER OF ESTATE PROPERTY

Upon the motion, dated June 6, 2019 [ECF No. [●]] (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (the "**Order**") enforcing the automatic stay and compelling turnover of estate funds, pursuant to Sections 105, 362, 541, and 542 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); SHC Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); SHC Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on _____, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. First Data is directed to turn over to the Debtors $13,300,000, less any amounts drawn from the Reserve Accounts held by First Data to satisfy liabilities owed by the Debtors to First Data as of the Closing Date (the "**Adjusted Excess Amount**"), being withheld by First Data within one (1) business day of the entry of this Order.

3. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE