UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
In re: : Chapter 11
: 
SEARS HOLDINGS CORPORATION, *et al.*,[1] :
: Case No. 18-23538-rdd
Debtors. :
: (Jointly Administered)
:
: **Re: Docket No. 4135**
------------------------------------------------------------X

### TRANSFORM HOLDCO LLC'S RESPONSE TO DEBTORS' MOTION TO (A) ENFORCE THE AUTOMATIC STAY AGAINST FIRST DATA MERCHANT SERVICES CORP. AND (B) COMPEL TURNOVER OF ESTATE PROPERTY

Transform Holdco LLC (the "Buyer" or "Transform"), the buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Sears Holdings Corporation ("SHC"), each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively with respect to SHC's chapter 11 affiliates, the "Debtors," and together with Transform, the "Parties") and Transform (as may be amended, restated, supplemented or modified from time to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

time, the "APA"),[2] by and through its undersigned counsel, submits this response to Debtors' Motion to (A) Enforce the Automatic Stay Against First Data Merchant Services Corp. and (B) Compel Turnover of Estate Property (the "Motion") [Docket No. 4135].

1.  Transform does *not* object to the Motion or entry of the requested order requiring First Data Merchant Services Corp. ("First Data") to transfer the Adjusted Excess Amount[3] to Debtors.

2.  Transform submits this response for the limited purpose of responding to the unfair and inaccurate insinuations against it.[4] Transform agrees with Debtors that the May 8, 2019 Order Enforcing Asset Purchase Agreement Against Transform Holdco LLC (the "Order") does *not* permit First Data to demand Transform's authorization as a condition of First Data's compliance with the Order. Transform has never refused any authorization, in any event. Nor has Transform threatened litigation against First Data or prevented it from complying with its obligations under the Order.

3.  In light of the Court's Order, Transform has taken the position with both Debtors and First Data that First Data *should* deliver to Debtors (directly or through Transform) such amount of the Adjusted Excess Amount to which First Data no longer claims an entitlement under the Processing Agreement.

---

[2] The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [Docket No. 2599] (the "Notice of Filing of Amendment No. 1 to the APA").

[3] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the May 8, 2019 Order Enforcing Asset Purchase Agreement Against Transform Holdco LLC [Docket No. 3742].

[4] Transform notes that while Debtors reserve the right to seek fees and costs in the future, they do not move for such relief nor does their proposed order grant it. Were Debtors to make such a motion, Transform would vigorously oppose it as meritless.

4. To that end, Transform has cooperated in good faith in connection with securing the release or transfer of the Adjusted Excess Amount to Debtors, pursuant to the Order. *See* Exhibit A to the Declaration of Abena A. Mainoo in Support of Transform Holdco LLC's Response to Debtors' Motion to (A) Enforce the Automatic Stay Against First Data Merchant Services Corp. and (B) Compel Turnover of Estate Property ("If First Data requires any information in order to determine whether First Data is entitled to retain such funds pursuant to the MSBA, please advise us promptly as to what information is required."); Mainoo Declaration, Exhibit B ("Should First Data or American Express release those funds to Transform, we stand ready to deliver them to debtors within two business days of the date of release.").

5. Debtors' unsupported insinuations that Transform has interfered with their efforts to recover Estate property and violated the automatic stay are meritless.

6. Debtors did not confer with Transform before filing this Motion. Had they done so, Transform would have been prepared to assist further with the objective of obtaining the release of any funds due to Debtors from the Reserve Account held by First Data.

## **CONCLUSION**

7. For the foregoing reasons, Transform respectfully requests that to the extent the Court determines that First Data is not entitled to hold the Adjusted Excess Amount, the Court enter the requested order forthwith.

| | |
|---|---|
| Dated: June 7, 2019<br>New York, New York | **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br><br>*/s/ Lewis J. Liman*<br>Lewis J. Liman<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Abena A. Mainoo<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for Transform Holdco LLC* |

4