FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Counsel for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**MOTION FOR LEAVE TO FILE UNDER SEAL**

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("Santa Rosa Mall"), by and through its undersigned counsel, hereby moves for entry of an order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018, and SDNY LBR 9018-1 to authorize Santa Rosa Mall to file an adversary proceeding and all exhibits in support thereto under seal, and in support thereof states as follows:

Factual and Procedural Background

1.  On October 15, 2018 Sears Holding Corporation (0798) and its affiliated co-debtors (collectively, the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2.  On December 7, 2018, the Court entered an *Amended Stipulated Protective Order* (the "*Amended Protective Order*", Docket No. 1084). The *Amended Protective Order* provides

for the protection of Confidential Material and Highly Confidential Material (collectively, "*Designated Material*").

3. Paragraph 13 of the *Amended Protective Order* provides as follows:

> Unless otherwise agreed by the Producing Party, **all Designated Material filed with the Court, and <u>all portions of pleadings</u>**, motions or other papers filed with the Court **that disclose Highly Confidential Material or Confidential Material, shall be filed under seal** in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.

<u>Id.</u>, p. 9, ¶ 13 (emphasis and underline added).

4. On February 1, 2019, Santa Rosa Mall served *a Subpoena Duces Tecum* (the "*Subpoena*") to the Debtors and to the care of Candance Arthur, Esq. ("C. Arthur" or "Debtors' counsel"), an attorney at Weil, Gotshal & Manges LLP (Debtors' counsel of record) to produce and permit the inspection and copying of certain documents.

5. On February 8, 2019, the undersigned counsel executed "Exhibit A" of the *Amended Protective Order* and hence became bound by the *Amended Protective Order*.

6. On February 11, 2019, the Debtors produced certain discovery material designated as "Confidential Material", as further defined in the *Amended Protective Order*.

7. Accordingly, pursuant to ¶ 13 of the *Amended Protective Order*, Sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018, and SDNY LBR 9018-1, Santa Rosa Mall respectfully requests leave to file an adversary proceeding under seal.

<div style="text-align:center">Applicable Law and Discussion</div>

8. Section 107(b) of the Bankruptcy Code provides in its relevant part as follows:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information…

11 U.S.C. § 107(b)(1).

9. "Section 107(b) of the Bankruptcy Code creates narrow statutory exceptions to the public access presumption, mandating that the court protect confidential information and defamatory or scandalous material upon request of a party in interest". In re Rivera, 524 B.R. 438, 442 (Bankr. D.P.R. 2015), citing 11 U.S.C. § 107(b); In re Anthracite Capital, Inc., 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013) (Morris, B.J.); In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994) ("if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application").

10. In order to ensure that confidential information is protected, Fed. R. Bankr. P. 9018 establishes the procedures to invoke Section 107(b) as follows:

> **Secret, Confidential, Scandalous, or Defamatory Matter**
>
> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018.

11. Under SDNY LBR 9018-1(b), motions to seal documents must include:

   1. the grounds for sealing;
   2. the identity of any parties other than the moving party who will have access to the documents to be sealed;
   3. the duration of the seal;
   4. the time when the movant will either unseal the documents or retrieve the documents at the conclusion of the matter;
   5. a redacted copy of the documents sought to be sealed with only those redactions necessary to preserve confidentiality, made in good faith; and
   6. a proposed order that contains language indicating the order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the documents, or any part thereof.

SDNY LBR 9018-1(b).

12.    Fed. R. Bankr. P. 9018 also provides that on motion "the court may make any order which justice requires… to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…". Fed. R. Bankr. P. 9018.

13.    The U.S. Court of Appeals for the Second Circuit has analyzed that Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. See In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994). Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in Section 107(b), the Court "is required to protect a requesting interested party and has no discretion to deny the application." Id.

14.    Bankruptcy Courts within the Second Circuit have held that a sealing order should be broad, specifically permitting "any order which justice requires." In re Global Crossing, Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). The court's authority to issue sealing orders "goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." Id.

15.    Also, the law of the instant case favors the sealing of confidential information. See the *Amended Protective Order*, Docket No. 1084. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Matthews, 643 F.3d 9, 12 (1st Cir. 2011), citing Arizona v. California, 460 U.S. 605, (1983) (internal quotation mark omitted) (emphasis added).

16.    The statements to be made in Santa Rosa Mall's adversary proceeding make reference, discuss, incorporate, quote, summarize and/or otherwise disclose certain agreements

and records related to the Debtors' business which contain sensitive and/or confidential information and/or information subject to non-disclosure agreements. The exhibits in support thereof further reference, incorporate and/or disclose *Designated Material*.

17. "Exhibit A" of the *Amended Protective Order* executed by the undersigned counsel preclude Santa Rosa Mall from, *inter alia*, disclosing any *Designated Material* produced by the Debtors unless filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules. The Debtors are party to and in possession of the agreement.

18. Accordingly, to protect confidential and commercially sensitive information and honor the *Amended Protective Order*, Santa Rosa Mall respectfully requests leave to file under seal pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Fed. R. Bankr. P. 9018, SDNY LBR 9018-1, and the individual practice rules of the Hon. Judge Robert D. Drain.

19. Pursuant to SDNY LBR 9018-1(5)-(6) and ¶ 13 of the *Amended Protective Order*, redacted copies of the documents sought to be sealed and a *Proposed Order* are attached hereto. The *Proposed Order* is narrowly tailored to restrict access only to *Designated Material*. Thus, any redactions are limited to disclosure of information expressly designated as *Designated Material* by the Debtors. See SDNY LBR 9018-1(6). Contemporaneously herewith, Santa Rosa Mall is submitting to Chambers a copy of the unredacted pleading and exhibits in support thereof.

### Notice

20. Notice of this *Motion for Leave to File Under Seal* will be provided in accordance with the procedures set forth in the *Amended [] Case Management Procedures Order* (Docket No. 405).

21. No previous request for the relief sought herein has been made by Santa Rosa Mall to this or any other Court.

WHEREFORE, the Parties respectfully request that the Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

<div style="display:flex;justify-content:space-between;">

Respectfully submitted.
Dated: June 7, 2019
Orlando, Florida

**Ferraiuoli** LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Phone: (407) 982-7310
Fax: (787) 766-7001
221 Ponce de León Avenue
5th Floor, San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Sonia E. Colon Colon*
By: Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
NY State Bar No. 929147
USDC-PR No. 224205
gchico@ferraiuoli.com

Attorneys for
*Santa Rosa Mall, LLC*

</div>