WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, et al.,     :        Case No. 18-23538 (RDD)
                                        :
          Debtors.¹                     :        (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

### NOTICE OF HEARING ON MOTION
### OF DEBTORS PURSUANT TO SECTION 1121(d) OF THE
### BANKRUPTCY CODE TO FURTHER EXTEND EXCLUSIVE PERIODS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a/ Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order to further extend the exclusive periods, as more fully set forth in the Motion, will be requested to be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **July 11, 2019 at 10:00 AM (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion will be requested to be in writing, conform to the Bankruptcy Rules and the Local Rules, be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405], so as to be filed and received no later than **June 17, 2019 at 4:00 PM (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

2

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: June 10, 2019
      New York, New York

                      /s/ Ray C. Schrock, P.C.
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York  10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007
                      Ray C. Schrock, P.C.
                      Jacqueline Marcus
                      Garrett A. Fail
                      Sunny Singh

                      *Attorneys for Debtors*
                      *and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
**In re**                                     :          **Chapter 11**
                                              :
**SEARS HOLDINGS CORPORATION**, *et al.*,     :          **Case No. 18-23538 (RDD)**
                                              :
        **Debtors.**[1]                       :          **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

## MOTION OF DEBTORS PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE TO FURTHER EXTEND EXCLUSIVE PERIODS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a/ Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Sears**" or the "**Company**"), file this motion (the "**Motion**") for entry of an order further extending the periods during which the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") and to solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**") by two (2) months through and including August 12, 2019 and October 14, 2019, respectively.  In support of the Motion, the Debtors respectfully represent as follows:

### Preliminary Statement

1.      The Debtors have filed the *Second Amended Chapter 11 Plan of Sears Holdings Corporation* (ECF No. 4041) (as may be amended, modified, or supplemented, the "**Plan**") and obtained approval of the accompanying Disclosure Statement on May 31, 2019 (subject to certain modifications).[2]  The Plan contemplates an orderly wind down of the Debtors' remaining assets following the sale of substantially all of the Debtors' assets (the "**Sale Transaction**") to Transform Holdco LLC ("**Transform**") and a distribution to creditors in accordance with the Plan Settlement.  The Plan represents the culmination of good faith negotiations and coordination among the Debtors and their key stakeholders, including the PBGC—the largest creditor in these chapter 11 cases at every Debtor and a member of the Creditors' Committee.  The Plan Settlement embodied in the Plan is an efficient and fair resolution of various inter-estate and inter-creditor issues, including the characterization of pre-

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration (defined herein) or the Plan, as applicable.  The Debtors will file a revised Plan and Disclosure Statement reflecting certain modifications discussed at the hearing to approve the Disclosure Statement prior to commencing solicitation.

2

and post-petition intercompany balances, allocation of costs and expenses of administration among the Debtors, whether the liabilities and assets of the Debtors should be substantively consolidated for Distribution purposes, and issues specifically related to disputes between the Debtors and the PBGC.

2.      Filing the Plan and obtaining approval of the Disclosure Statement represents significant progress in the Debtors' chapter 11 plan process.  The Debtors are seeking another modest extension of the Exclusive Periods to allow the chapter 11 plan process to continue without needless distraction as they solicit and prosecute the Plan.  In furtherance of their fiduciary duties, the Debtors are continuing to try to broker a consensual chapter 11 plan among their various stakeholders, including the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").

3.      If the Exclusive Periods are not extended and control of the administration of the Debtors' estates is improperly wrested away now, the Debtors' chapter 11 cases would be unnecessarily disrupted and could cause further administrative expense burn.  Such an outcome is contrary to the fundamental objectives of chapter 11 and should not be permitted.  Termination of the Exclusive Periods at this critical juncture in these chapter 11 cases would defeat the very purpose of section 1121 of the Bankruptcy Code—to afford the debtor a meaningful opportunity to propose a confirmable chapter 11 plan based on adequate information that maximizes value and that is fair and equitable to all of the Debtors' economic stakeholders.[3]  Accordingly, for the reasons set forth herein, the Debtors' request for an extension of the Exclusive Periods should be granted.

---

[3] To the extent the Court requires evidence in support of the Debtors' request, the Debtors intend to present declarations or offers of proof at or before the hearing on the Motion and will make any witnesses available for cross examination.

## Background

4.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

6.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform.

8.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

WEIL:\97054515\3\73217.0004

## Jurisdiction

9.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

10.     By this Motion, the Debtors request, pursuant to section 1121(d) of the Bankruptcy Code, a two-month extension of (a) the Exclusive Filing Period through and including August 12, 2019 and (b) the Exclusive Solicitation Period through and including October 14, 2019, in each case, without prejudice to the Debtors' right to seek additional extensions of such periods.[4]  A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

## The Relief Requested Should Be Granted

11.     Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause.  *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").  However, the 120-day period "may not be extended

---

[4] The Exclusive Filing Period is set to expire on June 12, 2019, but Local Rule 9006-2 of the Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") provides that if a motion to extend time to take an action is filed prior to the expiration of such period, with a return date that is no later than fourteen days after the date of the filing of the motion or, "if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court," the applicable deadline shall automatically be extended "until the Court resolves the motion to extend the time."  In addition, the Amended Case Management Order (defined herein) provides that "if a motion to extend the time to take any action is filed . . . before the expiration of the period prescribed by the Bankruptcy Code, . . . the time shall automatically be extended until the Court acts on the motion, without the necessity . . . of a bridge order."  (Amended Case Management Order, ¶ 25).  By filing this Motion prior to the expiration of the Exclusive Filing Period, Local Rule 9006-2 and the Amended Case Management Order automatically extend the Exclusive Filing Period until the Court resolves the Motion.

WEIL:\97054515\3\73217.0004

beyond a date that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date." *Id*. §§ 1121(d)(2)(A), (B).

12.    The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption that might be caused by the filing of multiple competing plans.  Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. Terminating the Exclusive Periods in these chapter 11 cases when the Debtors are about to commence solicitation on the Plan would defeat the very purpose of section 1121 of the Bankruptcy Code, *i.e.*, affording a debtor the full and fair opportunity to formulate and prosecute its proposed chapter 11 plan.

13.    As stated, section 1121(d) of the Bankruptcy Code empowers a Bankruptcy Court to extend the Exclusive Periods "for cause."  The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension.  The legislative history of section 1121 indicates that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

14.    In exercising its broad discretion to determine whether "cause" exists, the Bankruptcy Court should be guided by a variety of factors.  *See In re Borders Grp., Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is

WEIL:\97054515\3\73217.0004

a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity).  Those factors include, without limitation:

    i.  the size and complexity of the debtor's case;

    ii.  the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    iii.  the existence of good faith progress towards reorganization;

    iv.  the fact that the debtor is paying its bills as they become due;

    v.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    vi.  whether the debtor has made progress in negotiations with its creditors;

    vii.  the amount of time which has elapsed in the case;

    viii.  whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    ix.  whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity); *McLean Indus.*, 87 B.R. at 834; *accord In re Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed cause to extend

7

exclusive period based upon certain of the nine factors).  The above factors are not the exclusive

bases for the exercise of the Court's discretion to extend the Exclusive Periods.  *See Adelphia*

*Commc'ns*, 352 B.R. at 586-87.

15.     Application of the identified standards to the facts of these chapter 11

cases demonstrates that ample cause exists to grant the Debtors' requested extensions of the

Exclusive Periods.  The extensions are necessary and appropriate for the Debtors to have the

opportunity contemplated by the Bankruptcy Code to solicit acceptances of the Plan.

**A.  <u>These Chapter 11 Cases Are Large and Complex.</u>**

16.     It is well-established that the size and complexity of a debtor's case alone

may constitute cause to extend the Exclusive Periods.  *See In re Texaco Inc.*, 76 B.R. 322, 326

(Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in

formulating a plan of reorganization for a huge debtor with a complex financial structure are

important factors which generally constitute cause for extending the exclusivity periods.") (citing

*Gaines v. Perkins* (*In re Perkins*), 71 B.R. 294, 298 (W.D. Tenn. 1987); *In re Pine Run Trust*, 67

B.R. 432, 435 (Bankr. E.D. Pa. 1986); *In re United Press International, Inc.*, 60 B.R. 265, 270

(Bankr. D.C. 1986); *In re American Federation of Television and Radio Artists*, 30 B.R. 772, 774

(Bankr. S.D.N.Y. 1983)).

17.     The legislative history provides that "if an unusually large company were

to seek reorganization under chapter 11, the court would probably need to extend the time in

order to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595, at 232 (1978),

*reprinted in* 1978 U.S.C.C.A.N. 5963.  Similarly, this Court has stated: "The large size of a

debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex

8

financial structure are important factors which generally constitute cause for extending the exclusivity periods." *Texaco*, 76 B.R. at 326.

18.     The size and complexity of, and the legal issues involved in, these chapter 11 cases alone warrant the requested extension of the Exclusive Periods.   As of the Commencement Date, the Debtors operated a massively complex and interconnected enterprise. Not surprisingly, the Asset Purchase Agreement entered into with Transform is a multifaceted and complicated agreement.   Since approval of the Sale Transaction, the Debtors have been working cooperatively with Transform to transition the company from the Debtors' estates to Transform and on various post-closing matters, such as implementing the assumption and rejection of various contracts and leases identified by Transform.   This process has been complicated and time-consuming as the Debtors are working with Transform to ensure the least amount of disruption to the Debtors' employees and the business during this transition period.

19.     On May 25, 2019, the Debtors filed the *Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement* (ECF No. 4029) (the "**Supplemental Motion to Enforce**"), which raises all of the outstanding issues with Transform and is scheduled to be heard on June 20, 2019.  In addition, on May 26, 2019, the Debtors filed *The Debtors' Motion to Estimate Certain 507(b) Claims for Reserve Purposes* (ECF No. 4034) (the "**507(b) Estimation Motion**"), which is scheduled to be heard on July 11, 2019.  Both motions will be heard prior to the Confirmation Hearing, and the outcome of each dispute will impact the analysis underlying the Plan.

20.     The Debtors have more than $11 billion of total prepetition liabilities and have an immensely complex capital structure.  As of the Commencement Date, the Debtors were indebted under eleven (11) separate facilities with seven (7) different agents or trustees, certain

intercompany notes, and certain other loans, which, adding to the complexity, were secured by siloed collateral, with certain facilities secured by real estate assets and others secured by other assets, such as accounts receivable and inventory.  As a result, the administrative claims and intercompany analysis underpinning the Plan is complex and time consuming.  For example, there are over $100 billion in prepetition intercompany transactions and billions in postpetition transactions involving over 70,000 accounting entries to the Debtors' ledgers for the postpetition period.

21.    In addition, the Subcommittee and its advisors have continued to conduct its investigation into potential claims and causes of action relating to prepetition related party transactions.  On April 17, 2019 the Subcommittee, on behalf of certain of the Debtors, filed a complaint against ESL Investments, Inc., its affiliates, and certain of the Debtors' directors and officers (ECF No. 3278) (the "**Complaint**").  The Complaint seeks over $2 billion in damages arising from certain prepetition related party transactions.  The Subcommittee is prosecuting the Complaint.  To date, it has served document requests on all defendants, drafted third-party subpoenas, and conducted an initial discovery conference with counsel for all defendants as prescribed by Civil Procedure Rule 26(f).  The Subcommittee has also provided the defendants with almost three million pages from the investigation and the transcripts and exhibits from twelve interviews.  An initial pretrial conference with the Court is scheduled for June 20, 2019.  The outcome of the litigation, and any recovery from claims that may be pursued, will impact stakeholder recoveries under the Plan. The ongoing nature of the litigation and its effect on the Debtors' estates further supports the Debtors' request for a brief extension of the Exclusive Periods.

10

22.    In cases of the size and complexity of the Debtors, eight months to formulate, achieve consensus on, and prosecute a chapter 11 plan simply is inadequate.  Thus, as in other large and complex cases, the Debtors have not had remotely sufficient time to pursue the objectives of chapter 11.  The instant chapter 11 cases are indisputably of the size and complexity that Congress and courts have recognized warrant extensions of the Exclusive Periods as requested.

**B.  (i) There Has Not Been Sufficient Time to Permit the Debtors to Prosecute a Chapter 11 Plan and (ii) Substantial Good Faith Progress Has Been Made to Achieve the Objectives of Chapter 11.**

23.    This is the Debtors' third motion for extension of the Exclusive Periods— and each prior extension was only for two months.  The Debtors are requesting another modest extension of two months.  The Debtors are not even eight months into these chapter 11 cases, which is not enough time to formulate and prosecute a chapter 11 plan here considering the immense size and complexity of these cases as described above.  Notwithstanding the short duration of these cases thus far, as noted above, the Debtors have made substantial progress to date.  The Debtors have filed the Plan, obtained approval of the Disclosure Statement, and will soon commence solicitation of votes on the Plan.  In addition, the Debtors have continued to make other progress in their chapter 11 cases including, among other things, reconciling the claims asserted under section 503(b)(9) of the Bankruptcy Code following the applicable bar date on April 10, 2019.  Indeed, the Debtors are requesting only a two-month extension because they are confident that they will be able to present a confirmable Plan to the Court at the confirmation hearing currently scheduled for July 23, 2019.

24.    Notwithstanding the significant progress that has been made to date, the administration of these chapter 11 cases and the negotiation, filing, and prosecution of a chapter 11 plan necessarily will require additional time and effort.  Under these circumstances, the

WEIL:\97054515\3\73217.0004

requested extensions of the Exclusive Periods are necessary and appropriate to afford the

Debtors the opportunity to achieve the objectives of chapter 11 as contemplated by section 1121

of the Bankruptcy Code.

**C.  The Debtors have Demonstrated Reasonable Prospects for Confirming a Viable Plan.**

25.     As discussed above, the Debtors are about to commence solicitation on a

viable chapter 11 plan that is supported by certain of the Debtors' key stakeholders, including the

PBGC.  Accordingly, the Debtors have demonstrated substantial progress towards achieving

confirmation of the Plan and a successful conclusion to these chapter 11 cases.

**D.  The Debtors Are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands.**

26.     This is the Debtors' third request for a modest extension of the Exclusive

Periods of just two months.  The Debtors' conduct in these chapter 11 cases, including, in

particular, consultation with their key stakeholders virtually every step of the way, demonstrates

that the Debtors are acting in a prudent and transparent manner and are not seeking these

extensions to artificially delay the administration of these chapter 11 cases or to hold creditors

hostage to an unsatisfactory plan proposal.

27.     The Debtors' relationship with their key economic stakeholders, including

the Creditors' Committee and their professionals, is transparent, cooperative, and constructive.

The Debtors have held numerous meetings and negotiation sessions with their creditor

constituencies to discuss virtually every issue in these cases, including the sale process, the GOB

process, the DIP Financing, the sales of discrete assets, and the chapter 11 plan.  The request for

extending the Exclusive Periods is not a negotiation tactic, but rather reflects that the Debtors are

about to commence solicitation, which process should not be interrupted as the Debtors move to

obtain confirmation of the Plan.

28.     Finally, this Motion is without prejudice to any party seeking to shorten the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. *See* 11 U.S.C. § 1121(d).  As such, no party in interest will be prejudiced if the requested extensions are approved.

**E.    Important Contingencies Must be Resolved by the Debtors.**

29.     Courts have recognized the need to resolve important contingencies as justification for extending the Exclusive Periods. *See*, *e.g.*, *Borders*, 460 B.R. at 826; *Adelphia Commc'n*s, 352 B.R. at 587.  Notwithstanding the significant progress that has been made by the Debtors to date, in particular relating to the global sale process, open issues still remain.  The Debtors need additional time to (i) continue to negotiate with key stakeholders, including the Creditors' Committee, with respect to the terms of the Plan, (ii) resolve the outstanding disputes with respect to those asserting claims pursuant to section 507(b) of the Bankruptcy Code and with Transform with respect to the Asset Purchase Agreement, and (iii) permit the Subcommittee to continue prosecuting the Complaint.

30.     In addition, reconciling and resolving claims that have been, and will be, filed against the Debtors' estates will be a complicated, time-consuming process.  On January 18, 2019, the Debtors filed their respective schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "**Schedules**"), comprising approximately 23,000 pages.  As of April 10, 2019, over 17,000 proofs of claim were already on file.  The size and complexity of the Debtors' claims reconciliation process mirrors the size and complexity of similarly situated chapter 11 cases, and warrants a further extension of the Exclusive Periods.

WEIL:\97054515\3\73217.0004

31.     The extension of the Exclusive Periods as requested will not prejudice any party in interest, but rather will afford the Debtors a realistic opportunity to solicit votes and, hopefully, confirm the Plan.  Failure to extend the Exclusive Periods as requested herein would defeat the very purpose of section 1121 of the Bankruptcy Code, *i.e.*, to provide the Debtors with a meaningful and reasonable opportunity to propose a confirmable chapter 11 plan.  The termination of Exclusive Periods would lead to unnecessary adversarial situations and the litigation costs attendant therewith to the detriment of all parties in interest.

**F.   The Debtors Are Making Required Postpetition Administrative Expense.**

32.     Courts considering an extension of exclusivity also may assess a debtor's liquidity and ability to pay costs and expenses of administration.  *Adelphia Commc'ns*, 352 B.R. at 587; *Texaco*, 76 B.R. at 322.   Here, the Debtors have the liquidity, are paying their administrative expenses that are obligations of the Debtors' estates as they come due, and will continue to do so.  For all of the reasons set forth above, the facts and circumstances of this case demonstrate that sufficient cause exists to grant the requested relief at this time.

## Conclusion

33.     For the reasons stated herein, the requested extension of the Exclusive Periods is warranted and necessary to afford the Debtors a meaningful opportunity to commence soliciting votes and confirm the Plan, all as contemplated by section 1121 of the Bankruptcy Code.  Accordingly, the Debtors should be afforded a full, fair, and reasonable opportunity to propose, file, and solicit acceptances of a chapter 11 plan, and the Exclusive Periods should be extended as requested.

## Notice

34.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*,

14

entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The

Debtors respectfully submit that no further notice is required.

       35.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

      WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: June 10, 2019
     New York, New York

                /s/ Ray C. Schrock, P.C.
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:  (212) 310-8007
                Ray C. Schrock, P.C.
                Jacqueline Marcus
                Garrett A. Fail
                Sunny Singh

                *Attorneys for Debtors*
                *and Debtors in Possession*

WEIL:\97054515\3\73217.0004

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11**
                                              :
**SEARS HOLDINGS CORPORATION,** *et al.*,     :        **Case No. 18-23538 (RDD)**
                                              :
Debtors.[1]                                   :        **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 1121(d) OF THE
### BANKRUPTCY CODE FURTHER EXTENDING THE EXCLUSIVE PERIODS

Upon the motion, dated June 10, 2019 (ECF No. [__]) (the "**Motion**")[2] of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 1121(d) of title 11

of the United States Code (the "**Bankruptcy Code**"), for an order (i) extending the

Debtors' exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**")

and solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a/ Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Exclusive Filing Period, the "**Exclusive Periods**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; [and the Court having held a hearing to consider the relief requested in the Motion on July 11, 2019 (the "**Hearing**");] and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period in which to file a chapter 11 plan is extended through and including August 12, 2019.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period in which to solicit acceptances of their chapter 11 plan is extended through and including October 14, 2019.

2

4.      The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest.

5.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
          White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE