UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                      :
                                                           :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,    :
                                                           :    Case No. 18-23538 (RDD)
                                                           :
        Debtors.[1]                                        :    (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement and order (the "**Stipulation**") is entered into by and among Sears Holdings, Inc., Sears Roebuck and Company, and Sears Authorized Hometown Stores, Inc. (collectively, the "**Sears Defendants**"), and Crivello Carlson, S.C., the McCormick Law Firm, and McElroy, Deutsch, Mulvaney & Carpenter, LLP (collectively, the "**Law Firms**"). The Sears Defendants and the Law Firms collectively are referred to in this Stipulation as the "**Parties,**" and each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), the Sears Defendants, other than Sears Authorized Hometown Stores, Inc., and certain of their affiliates (collectively, the "**Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. An action is pending in the U.S. District Court, Middle District of Pennsylvania, Case No. 4:15-CV-00941-MWB, entitled *Daniel Fassett, et al. v. Sears Holdings, Inc., et al* (the "**Pennsylvania Action**"). The Law Firms are defending Briggs & Stratton, Briggs & Stratton Power Products Group, LLC, and Simplicity Manufacturing, Inc. (collectively, the "**Briggs Defendants**"), and the Sears Defendants in the Pennsylvania Action.

C. During the pendency of the Pennsylvania Action, a potential conflict has arisen between the Briggs Defendants and the Sears Defendants. The Law Firms currently cannot withdraw as counsel to the Sears Defendants due to the automatic stay. However, the tender of defense signed by the Sears Defendants requires the Law Firms to withdraw as counsel to the Sears Defendants once a conflict presents itself.

D. The Law Firms intend to bring a motion in the Pennsylvania Action to withdraw as counsel for the Sears Defendants upon the Bankruptcy Court's approval of this Stipulation.

E. In light of the foregoing, and to ensure that Law Firms are not prohibited from withdrawing as counsel to the Sears Defendants, the Parties have agreed, subject to

2

approval of the Bankruptcy Court, to modify the automatic stay (the "**Automatic Stay**") pursuant to section 362 of the Bankruptcy Code for the limited purpose of allowing the Law Firms to withdraw as counsel to the Sears Defendants and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Parties agree that, to the extent that the Automatic Stay applies, the Automatic Stay is modified solely to the extent necessary to permit the Law Firms to withdraw as counsel to the Sears Defendants in the Pennsylvania Action, <u>provided</u> that all other provisions of the Automatic Stay shall remain in full force and effect.

3. The Law Firms may take any steps necessary, including filing an agreed motion in the Pennsylvania Action, to withdraw as counsel to the Sears Defendants in the Pennsylvania Action.

4. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Pennsylvania Action or any other pending prepetition action to which any Debtor is a party that may be filed by the Claimants or any other party in the Debtors' chapter 11 cases.

5. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Pennsylvania Action or any other matter.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

11. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated this 30th day of May, 2019.

| | |
|---|---|
| Crivello Carlson, S.C. | McCormick Law Firm |
| By: */s/ Donald H. Carlson* | By: */s/ J. David Smith* |
| Weil Gotshal & Manges, LLP<br>*Counsel to the Sears Defendants* | McElroy, Deutsch, Mulvaney & Carpenter, LLP |
| By: */s/* Jacqueline Marcus | By: */s/ Nancy McDonald* |

**SO ORDERED**:

Dated: June 10, 2019
      White Plains, New York

      /s/Robert D. Drain
      THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BAKRUPTCY JUDGE