UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    :
                                                         :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                    :
                                                         :    Case No. 18-23538 (RDD)
                                                         :
          Debtors.[1]                                    :    (Jointly Administered)
------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among Sears, Roebuck and Company ("**SRC**") and Sears Holdings Corporation ("**SHC**," and together with SRC, "**Sears**"), Whirlpool Corporation ("**Whirlpool**") and Steve Chambers and fellow plaintiffs in the action captioned *Chambers, et al. v. Whirlpool Corp., et al.*, Case No. 8:11-cv-01733 (C.D. Cal.) (the "**Class Action**"), in their personal capacity and as the certified Class Representatives for all others similarly situated (the "**Claimants**"). Sears, Whirlpool, and the Claimants collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears and certain of its affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. WHEREAS, on November 9, 2011, the Claimants, as representatives of a certain class of plaintiffs, commenced the Class Action in the United States District Court, Central District of California (Southern Division – Santa Ana) (the "**District Court**"), against Sears and Whirlpool, which Class Action is currently pending on appeal in the Court of Appeals for the Ninth Circuit (the "**Ninth Circuit**"), Case Nos. 16-56666, 16-56684, 16-56688, and 16-56694 (9th Cir.) (the "**Ninth Circuit Appeal**"), and involves claims alleging that certain dishwashers manufactured by Whirlpool were defective. The dishwashers at issue were manufactured by Whirlpool and sold under Whirlpool's brand names, "Whirlpool" and "KitchenAid," and they were also sold under Sears' "Kenmore" brand name.

C. WHEREAS, on September 11, 2015, the Parties entered into a settlement (the "**Settlement Agreement**") pursuant to which Whirlpool agreed to provide certain relief and payments to the Claimants and class members, as well as attorney fees and costs, but without agreement as to the amount of attorneys' fees. The Settlement Agreement at section IX(A), makes clear that Whirlpool—not Sears—is responsible for payment of all relief to the Claimants and class counsel:

> As part of this Settlement, Defendants have agreed that, in addition to the amount of money **that Whirlpool (on behalf of Whirlpool and Sears)** has agreed to make available to pay Valid Claims submitted by Settlement Class Members and NewGen and Raptor owners, and the amount of money to be paid for work performed by the Settlement Administrator, **Whirlpool (on behalf of Whirlpool and Sears)** also will pay Class Counsel's reasonable attorneys' fees and costs awarded by the District

        Court (or, if the amount of the award is appealed, as affirmed or modified after the appeal) . . . .

(emphasis added).[2]

        D. WHEREAS, On October 11, 2016, the District Court approved the Settlement Agreement on a final basis and awarded Class Counsel attorneys' fees. *See Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 907 (C.D. Cal. 2016).

        E. WHEREAS, Whirlpool and Sears subsequently filed an appeal in the Ninth Circuit to contest the award of attorneys' fees. Certain other objectors also appealed the District Court's approval of the attorneys' fees and the Settlement Agreement itself, and all appeals have been consolidated. Consistent with its indemnification of Sears, Whirlpool procured on behalf of itself and Sears, and the District Court approved, a surety bond to secure the judgment entered in the *Chambers* Class Action. *See Undertaking on Appeal under Fed. R. Civ. P. 62(d); Certificate by Attorney*, Case No. 8:11-cv-01733 (C.D. Cal. Dec. 20, 2016), Dkt. Nos. 380, 383. The consolidated Ninth Circuit Appeals are briefed and awaiting an argument date, which is expected to be set after the Ninth Circuit soon renders its decision, sitting *en banc*, in *In re: Hyundai and Kia Fuel Economy Litig.*, Case Nos. 15-56014, 15-56025, 15-56059, 15-56061, 15-56064, and 15-56067 (9th Cir.).

        F. WHEREAS, on October 24, 2018, before the Ninth Circuit, Sears filed a form *Notice of Sears Defendants' Bankruptcy Filing and Imposition of Automatic Stay*, Case No. 16-56666 (9th Cir. Oct. 24, 2018), Dkt. No. 121 (the "**Sears Stay Notice**").

---

[2] The Settlement Agreement is available at https://www.dishwashersettlement.com/Documents/Settlement%20Agreement.pdf.

G. **WHEREAS**, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Stipulation Effective Date**").

2. Upon the Stipulation Effective Date, the Automatic Stay shall be modified to the extent necessary solely to allow the Ninth Circuit and all relevant parties to proceed with the Ninth Circuit Appeal; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect; provided further, that notwithstanding anything to the contrary in the Settlement Agreement, (i) Sears shall not be liable in any way in the event any other party fails to comply with any of their obligations under the Settlement Agreement and (ii) the Claimants hereby waive their respective rights to (x) enforce any rights to collect monetary payment from Sears and the other Debtors that may arise pursuant to the terms of the Settlement Agreement[3]

---

[3] Pursuant to the Settlement Agreement, the Settlement Administrator is required to search Whirlpool's and Sears' databases in connection with adjudicating claims. *See, e.g.*, Section IV.B.5. Nothing in this Stipulation shall limit the obligations of the Settlement Administrator.

and (y) assert, collect, assess, or recover any claim against Sears or the Debtors as a result of any other party's failure to comply with any of their respective obligations under the Settlement Agreement.

3.   As of the Stipulation Effective Date, the Claimants agree to waive any right to monetary recovery in the Class Action against Sears and the Debtors and any other party that may assert an indemnification claim against the Debtors, including any prepetition claim, and shall exclusively be limited to obtaining any recovery in the Class Action as provided in the Settlement Agreement and in accordance with Paragraph 2 herein.

4.   Nothing herein shall be deemed to alter or limit Whirlpool's indemnification obligations.

5.   All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6.   Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Class Action or any other pending prepetition action to which SRC, SHC, or any of the other Debtors are a party that may be filed by the Claimants or any other party in the Debtors' chapter 11 cases.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Class Action or any other matter.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Stipulation Effective Date.

13. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

WEIL:\97066928\1\73217.0004

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Signature page follows*]

WEIL:\97066928\1\73217.0004

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: May 30, 2019

By: */s/* Steven A. Schwartz
Steven A. Schwartz
Timothy N. Mathews
Russell C. Heller
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500

*Attorneys for Claimants*

Dated: May 30, 2019

By: */s/* Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: May 30, 2019

By: */s/* Bradley B. Schneider
Thomas B. Walper
Bradley B. Schneider
MUNGER TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Whirlpool*

Dated: June 10, 2019
   White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

8