**Wachtel Missry LLP**
885 Second Avenue
47th Floor
New York, NY 10017
Telephone: (212) 909-9535
Facsimile: (212) 909-9443
Steven J. Cohen
Jason L. Libou
cohen@wmllp.com
jlibou@wmllp.com
*Counsel for MaxColor, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Hearing Date: July 11, 2019, at 10:00 am (ET) |
| | Objection Deadline: July 3, 2019 at 4:00 pm (ET) |
| **SEARS HOLDINGS CORPORATION, et al.** | Chapter 11 |
| **Debtors**[1] | Case No. 18-23538 (RDD) |
| | Jointly Administered |

## NOTICE OF HEARING ON MOTION OF MAXCOLOR, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

002898-001/00193721-2

**PLEASE TAKE NOTICE** that a hearing on the annexed *Motion of MaxColor, LLC for Allowance and Payment of Administrative Expense Claims* (the "Motion") filed by MaxColor, LLC will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court"), on **July 11, 2019 at 10:00 am (ET)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, shall be filed with the Bankruptcy Court, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (Dkt. No. 405) (the "Amended Case Management Order"), so as to be filed and received no later than **July 3, 2019 at 4:00 pm (ET)** (the "Objection Deadline"). Movant respectfully asks that the relief requested be granted without a hearing if no Objection is timely filed and served in accordance with the Court's Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not filed and served by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing pursuant to the Amended Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

[*Remainder of page left blank intentionally*.]

Dated:  June 11, 2019

                Respectfully submitted,

                */s/   Jason L. Libou*____

                **Wachtel Missry LLP**
                885 Second Avenue
                47th Floor
                New York, NY 10017
                Telephone: (212) 909-9535
                Fax: (212) 909-9443
                *Counsel for MaxColor, LLC*

**Wachtel Missry LLP**
885 Second Avenue
47th Floor
New York, NY 10017
Telephone: (212) 909-9535
Facsimile: (212) 909-9443
Steven J. Cohen
Jason L. Libou
cohen@wmllp.com
jlibou@wmllp.com
*Counsel for MaxColor, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Hearing Date: July 11, 2019 at 10:00 am (ET) |
| | Objection Deadline: July 3, 2019 at 4:00 pm (ET) |
| **SEARS HOLDINGS CORPORATION, et al.** | Chapter 11 |
| **Debtors**[2] | Case No. 18-23538 (RDD) |
| | Jointly Administered |

**MOTION OF MAXCOLOR, LLC FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIMS**

1

MaxColor, LLC ("MaxColor") respectfully requests entry of an order: (i) allowing

MaxColor's administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(A) with respect to

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

002898-001/00193721-2

those goods received by one or more Debtors on or after October 15, 2018 (the "Petition Date"); (ii) allowing MaxColor's administrative expense claims pursuant to 11 U.S.C. § 503(b)(9) with respect to those goods received by one or more Debtors on or after September 25, 2018 but before the Petition Date; and, (iii) directing immediate payment of MaxColor's administrative expense claims. In support of this Motion, MaxColor respectfully: (i) submits the declaration of Pratik Shah, attached as **Exhibit A** hereto (the "Pratik Declaration"); and, (ii) represents as follows:

## I.  JURISDICTION AND VENUE

1. The United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and has properly referred this matter to the United States Bankruptcy Court for the Southern District of New York (the "Court") under 28 U.S.C. § 157(a) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). The Court has constitutional authority to enter final orders in this proceeding and MaxColor consents to entry of final orders by the Court.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.  BACKGROUND

### a. *Debtors' Bankruptcy Proceedings*

4. On October 15, 2018, all Debtors filed chapter 11 petitions with the Court with the exceptions of SHC Licensed Business LLC and SHC Promotions LLC, who filed chapter 11 petitions on October 18, 2018 and October 22, 2018, respectively. The Court has approved joint administration of the Debtors' chapter 11 cases. The Debtors continue in the management and operation of their businesses and properties as debtors-in-possession pursuant to sections 1107 and 1108.

5. Also, on October 15, 2018, the Debtors filed the *Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehouseman, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business* (Dkt. No. 14) ("Postpetition Deliveries Motion"), requesting authority to pay vendors in the ordinary course of business for goods ordered prepetition but delivered to the Debtors post-petition. The Court approved the Postpetition Deliveries Motion by final order entered November 20, 2018 (Dkt. No. 843).

6. Also, on October 15, 2018, the Debtors filed their *Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* (Dkt. No. 7), requesting approval to enter into the DIP ABL Facility and the Junior DIP Facility. The Debtors filed a *Supplemental Motion for Authority to (I) Obtain Junior Postpetition Financing and (II) Schedule Final Hearing* (Dkt. No. 872) on November 25, 2018 relating to the Junior DIP Facility.

7. The Court approved entry into the DIP ABL Facility on an interim basis by order entered October 16, 2018, and on a final basis by order entered November 30, 2018. *See Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* ("DIP ABL Facility Final Order") (Dkt. No. 955). Under the DIP ABL Facility, the Debtors have access to up to $300 million in new money.

8. The Court approved entry into the Junior DIP Facility on an interim basis by order entered November 30, 2018 (Dkt. No. 951), and on a final basis at a hearing on December 20, 2018. Under the Junior DIP Facility, Debtors have access to up to $350 million of new money.

9. On information and belief, the Debtors' estates (including the estates of Kmart Corporation and Sears, Roebuck and Co.) are administratively solvent. *See* DIP ABL Facility Final Order. Further, in response to an objection to the Junior DIP Facility based on whether the Debtors had demonstrated sufficient liquidity to cover section 503(b)(9) claims and post-petition trade claims, the Debtors represented to the Court that they "do not intend, nor have they ever intended to finance these chapter 11 cases on the backs of vendors." *See Debtors' Omnibus Reply to Objections to Junior Debtor-in-Possession Financing*, ¶ 6 (Dkt. No. 1297).

   b. *MaxColor's Relationship with the Debtors*

10. MaxColor is among the Debtors' manufacturers and suppliers of fine jewelry products and merchandise. MaxColor has supplied such goods to the Debtors since 2017. Over this period the value of the goods MaxColor sold to the Debtors per year has ranged from approximately $700,000 to $1,500,000. Ex. A, Pratik Decl. ¶ 4.

   c. *MaxColor is Entitled to Payment for Pre-Petition Goods as an Administrative Expense*

11. MaxColor sold goods on credit to the Debtors (specifically, Sears Holding Corporation and Kmart Holding Corporation) during the 2018 season. Some of these goods were delivered to one or more Debtors on or after September 25, 2018 but before the Petition Date (the "Pre-Petition Goods") and are to be treated as administrative expense claims pursuant to 11 U.S.C. § 503(b)(9).

12. The following table sets forth the amounts owed by Debtors for the Pre-Petition Goods:

| Name | Amount |
|---|---|
| Sears Holding Corporation | 4,922.18 |
| Kmart Holding Corporation | 12,592.67 |
| **Total** | **17,514.85** |

13. On January 10, 2019, MaxColor filed proofs of claim for the Pre-Petition Goods in the amount of $17,514.85 (the "Pre-Petition Administrative Claims"). Ex. A, Pratik Decl. ¶ 6. Copies of the Pre-Petition Administrative Claims are annexed hereto as **Exhibit B**.

14. MaxColor has not been paid for any of the Pre-Petition Goods. Ex. A, Pratik Decl. ¶¶ 6-9 & 13. As discussed in further detail below, MaxColor is entitled to payment of its Pre-Petition Administrative Expense Claims under Section 503(b)(9).

15. MaxColor sold these goods in the ordinary course of business and under the same payment and shipping terms the parties historically used. Ex. A, Pratik Decl. ¶ 7. It is not disputed that the Pre-Petition Goods were delivered to Debtors within 20 days before the Petition Date. *See* Ex. A, Pratik Decl. ¶ 9.

> d.  *MaxColor is Also Entitled to Payment for Goods Delivered to Debtors Post-Petition as an Administrative Expense*

16. The goods detailed in Invoice #57081 were ordered by and delivered to the Debtors <u>post-petition</u> for a purchase price of $32,355.01 (including a 10% discount for timely payment) post-petition (the "Post-Petition Goods"). A copy of Invoice #57081 is annexed hereto as **Exhibit C**. The Post-Petition Goods were invoiced on January 29, 2019 and were to be paid for by Debtors on or before February 11, 2019 (net 10 days). *See* Ex. A, Pratik Decl. ¶ 10

17. While Sears Holding Corporation purportedly issued a check for payment of the Post-Petition Goods on or about February 19, 2019 (Check No. E89139) in the amount of

$32,355.01, the check was never delivered to or deposited by MaxColor and allegedly became "stuck in transit" according to Debtors. *See* Ex. A, Pratik Decl. ¶ 11.

### III.   RELIEF REQUESTED

18. By this Motion, MaxColor seeks entry of an order: (i) allowing MaxColor's administrative expense claims pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9) against Sears Holding Corporation in an amount not less than $37,277.19; (ii) allowing MaxColor's administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) against Kmart Holding Corporation in an amount not less than $12,592.67; (iii) directing immediate payment of MaxColor's administrative expense claims; and, (iv) for such other and further relief as may be just and proper.

### IV.   BASIS FOR THE RELIEF REQUESTED

   a. *Administrative Expense Claims under Section 503(b)(9)*

19. Bankruptcy Code section 503(b)(9) provides that: "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including—(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

20. In other words, section 503(b)(9) provides for the allowance of an administrative expense claim where: "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were sold . . . in the ordinary course of business." *In re Worlds Imps., Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017) (quoting *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009)).

21. The fine jewelry products and merchandise that MaxColor sold to the Debtors constitute "goods." *See* N.Y. C.L.S. UCC § 2-105(1); *Hudson Energy Servs., LLC v. A&P (In re*

002898-001/00193721-2

*A&P)*, 498 B.R. 19, 22 (S.D.N.Y. 2013) (UCC provides operative definition of "goods" for section 503(b)(9)).

22.     The Debtors received the Pre-Petition Goods within twenty (20) days of the Petition Date.  *See* Ex. A, Pratik Decl. ¶ 9

23.     Finally, MaxColor sold the goods to the Debtors in the ordinary course of business. *See* Ex. A, Pratik Decl. ¶ 7 (goods sold using historical payment and shipping terms); *see also Official Committee of Unsecured Creditors of Cyberrebate.com, Inc. v. Gold Force Int'l Ltd. (In re Cyberrebate.com, Inc.)*, 296 B.R. 639, 643 (Bankr. E.D.N.Y. 2003) ("Courts considering whether a transaction is in the ordinary course of business have generally focused on whether the transactions were ordinary in relation to the prior course of dealings between the particular parties.").

24.     Thus, MaxColor has established entitlement pursuant to 11 U.S.C. § 503(b)(9) of allowed administrative expense claims against Sears Holding Corporation in at least the amount of $4,922.18 and against Kmart Holding Corporation in at least the amount of $12,592.67 for the Pre-Petition Goods that were delivered to one or more Debtors on or after September 25, 2018 but before the Petition Date,[3] as set forth in MaxColor's Pre-Petition Administrative Expense Claims. *See* Ex. B.

25.     In addition to allowing MaxColor's Pre-Petition Administrative Expense Claims under section 503(b)(9), the Court should compel immediate payment. The DIP ABL Facility and the Junior DIP Facility provide Debtors with the funds necessary to keep current with the administrative expenses incurred.

---

[3] The amount of the claim is the value of the goods (which is presumed to equal the invoiced purchase price). *See, e.g.*, *in re Semcrude, L.P.*, 416 B.R. 399, 405 (Bankr. Del. 2009); 4 Collier on Bankr. ¶ 502.16[1] (16th ed.) ("The invoice or purchase price is presumptively the value of the section 503(b)(9) claim.").
002898-001/00193721-2

> b. *MaxColor is Also Entitled To Payment for Goods Delivered to Debtors Post-Petition as Administrative Expense Claims Under Section 503(b)(1)(A)*

26. Bankruptcy Code section 503(b)(1) provides: "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1).

27. The goods detailed in Invoice #57081 were ordered by and delivered to the Debtors post-petition for a purchase price of $32,355.01 (including a 10% discount for timely payment) post-petition (the "Post-Petition Goods"). *See* Ex. C. The Post-Petition Goods were invoiced on January 29, 2019 and were to be paid for by Debtors on or before February 11, 2019 (net 10 days). *See* Ex. A, Pratik Decl. ¶ 10

28. While Sears Holding Corporation purportedly issued a check for payment of the Post-Petition Goods on or about February 19, 2019 (Check No. E89139) in the amount of $32,355.01, the check was never delivered to or deposited by MaxColor and allegedly became "stuck in transit" according to Debtors. *See* Ex. A, Pratik Decl. ¶ 11.

29. The Debtors previously noted that such claims for Post-Petition Goods are entitled to administrative priority under section 503(b)(1)(A) as actual, necessary costs and expenses of preserving the estate:

> Pursuant to section 503(b) of the Bankruptcy Code, **obligations that arise in connection with the postpetition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate postpetition**. 11 U.S.C. § 503(b)(1)(A); *see In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d. Cir. 1993) (holding that an obligation arising from the postpetition performance relating to a prepetition transaction is entitled to administrative expense priority) *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503 a claimant must provide a postpetition benefit to the estate).

POSTPETITION DELIVERIES MOT. ¶ 32 (emphasis supplied).

30.     It is not disputed that MaxColor delivered the Post-Petition Goods to one or more of the Debtors' in the ordinary course of business and that Debtors' estate benefitted from receipt of the Post-Petition Goods.

31.     In addition to allowing MaxColor's section 503(b)(1)(A) administrative expense claims for Post-Petition Goods, the Court should compel immediate payment. The DIP ABL Facility and the Junior DIP Facility provide Debtors with the funds necessary to keep current with the administrative expenses incurred. In addition, the Court has already entered a final order approving the Postpetition Deliveries Motion, which allows Debtors to make these payments in the ordinary course of business. Under the parties' historical payment terms, payment for the goods identified in Invoice #57081 was due by February 11, 2019 (net 10 days). *See* Ex. C. Any order approving this Motion would be entered after these dates.

c. *Summary Table of MaxColor's Allowed Administrative Expense Claims*

32.     Based on the above, MaxColor is entitled to administrative expense claims against the Sears Holding Corporation and Kmart Holding Corporation as set forth in the following table:

|  | *Max Color's Combined Administrative Expense Claims* | *Administrative Expense Claim Against Sears Holding Corp.* | *Administrative Expense Claims Against Kmart Holding Corp.* |
|---|---|---|---|
| 503(b)(9) | $17,514.85 | $4,922.18 | $12,592.67 |
| 503(b)(1)(A) | $32,355.01 | $32,355.01 | ------------- |
| **TOTAL** | **$49,869.86** | **$37,277.19** | **$12,592.67** |

V.     **CONCLUSION**

For the reasons set forth above, MaxColor respectfully requests that the Court enter an order: (i) allowing MaxColor's administrative expense claims pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9) against Sears Holding Corporation in an amount not less than $37,277.19; (iii) allowing MaxColor's administrative expense claim pursuant to 11 U.S.C. §

503(b)(9) against Kmart Holding Corporation in an amount not less than $12,592.67; (iii) directing immediate payment of MaxColor's administrative expense claims; and, (iv) for such other and further relief as may be just and proper.

Dated: June 11, 2019
New York, NY

                                      Respectfully submitted,

                                      */s/   Jason L. Libou*

                                      **Wachtel Missry LLP**
                                      885 Second Avenue
                                      47th Floor
                                      New York, NY 10017
                                      Telephone: (212) 909-9535
                                      Fax: (212) 909-9443
                                      *Counsel for MaxColor, LLC*