**WACHTEL MISSRY LLP**
885 Second Avenue, 47th Fl.
New York, NY 10017
Telephone: (212) 909-9500
Facsimile:(212)-909-9443
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, et al.

                  Debtors

------------------------------------------------------------x

Chapter 11
Case No. 18-23538 (RDD)
Jointly Administered

## DECLARATION OF PRATIK SHAH IN SUPPORT OF MAXCOLOR LLC'S MOTION TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

STATE OF ILLINOIS         )
                                          ) ss.:
COUNTY OF COOK         )

Pratik Shah hereby declares under penalty of perjury that the foregoing is true and correct:

1. I am the President of movant-creditor, MaxColor LLC ("MaxColor" or "Creditor"), in the above-captioned bankruptcy proceeding. I am over eighteen (18) years of age, of sound mind, and capable of making this Declaration. All the facts and statements contained herein are within my personal knowledge and are, in all things, true and correct to the best of my knowledge, information, and belief.

2. I make this Declaration in support of the motion to compel payment of administrative expense claims filed by MaxColor (the "Motion"), as Creditor of the Debtors' estate. All capitalized terms used herein, but not defined, shall have the meaning ascribed in the Motion.

3. In my role as President of MaxColor, I am familiar with MaxColor's business generally and MaxColor's business relationship with the Debtors specifically.

4. MaxColor manufactures fine consumer jewelry products and merchandise that it has supplied to Debtors for resale since 2017. Since 2017, the value of goods MaxColor sold to the Debtors per year has ranged from approximately $700,000 to $1,500,000.

5. MaxColor sold goods on credit to the Debtors (specifically, Sears Holding Corporation and Kmart Holding Corporation) during the 2018 season. Some of these goods were delivered to one or more Debtors on or after September 25, 2018 but before the Petition Date (the "Pre-Petition Goods") and are to be treated as administrative expense claims pursuant to 11 U.S.C. § 503(b)(9).

002898-001/00195436-1

6.  On January 10, 2019, MaxColor filed proofs of claim for the Pre-Petition Goods in the amount of $17,514.85 (the "Pre-Petition Administrative Claims"). Copies of the Pre-Petition Administrative Claims are annexed to the Motion as **Exhibit B**.

7.  MaxColor sold these goods to Debtors in the ordinary course of business and under the same payment and shipping terms that the parties historically used.

8.  Over the course of their business relationship, MaxColor has offered a 10% discount to Debtors if the invoice is paid in full within 10 days of issuance.

9.  It is not disputed that the Pre-Petition Goods were delivered to Debtors within the 20 days before the Petition Date.

10. Additionally, the goods set forth in MaxColor's Invoice #57081 were ordered by and delivered to the Debtors post-petition for a purchase price of $32,355.01 (including the 10% discount for timely payment). The Post-Petition Goods were invoiced on January 29, 2019 and were to be paid for by Debtors on or before February 11, 2019 (net 10 days). A copy of Invoice #57081 is annexed hereto as **Exhibit C**.

11. While Sears Holding Corporation purportedly issued a check for payment of the Post-Petition Goods on or about February 19, 2019 (Check No. E89139) in the amount of $32,355.01, the check was never delivered to or deposited by MaxColor and allegedly became "stuck in transit" according to Debtors.

12. It is not disputed that MaxColor delivered the Post-Petition Goods to one or more of the Debtors in the ordinary course of business and that Debtors' estate benefitted from receipt of the Post-Petition Goods.

13. Based on the foregoing, MaxColor is entitled to payment of its administrative expense claims against the Sears Holding Corporation and Kmart Holding Corporation for the Pre-Petition and Post-Petition Goods in an amount not less than $49,869.86. This amount should also

be increased by 10% as Debtors did not timely pay the invoices for these goods in full within 10 days of invoicing as required by the parties' agreement.

> JACLYN BEVERLY GAUGHAN
> Official Seal
> Notary Public - State of Illinois
> My Commission Expires Aug 21, 2022

_____
Pratik Shah
President, MaxColor LLC

Sworn to before me this
30 day of May, 2019

*Jaclyn Beverly Gaughan*

Commissions expires
August 21, 2022