**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING
MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO
FILE UNDER SEAL TRANSFORM HOLDCO LLC'S RESPONSE TO STARBOARD
PLATFORM BRIGHTON JV LLC'S SUPPLEMENTAL OBJECTIONS TO NOTICE
OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Upon the unopposed motion (the "Motion")[2] of Transform Holdco LLC (the "Buyer", together with its affiliates, "Transform") for entry of an order (this "Order") authorizing Transform to file the Brighton Response and the exhibits thereto under seal and to file a redacted form of the Response and exhibits on the public docket of this case; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the Bidding Procedures Order on November 19, 2018; and the Court having found that Transform provided appropriate notice of the Motion and that no other notice need be provided; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein in that the information to be redacted hereunder on the public docket of these cases contains commercial information properly protected under 11 U.S.C. § 107(b)(1); now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Transform is authorized to file unredacted copies of Brighton Response and the exhibits thereto under seal (the "Sealed Documents"), along with a publicly accessible copy on the public docket of this case that redacts only that information therein as described in the Motion that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1. Transform shall provide the Sealed Documents and a copy of this Order to the Clerk of the Court at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas St., White Plains, NY 10601 in an envelope prominently marked "TO BE FILED UNDER SEAL."

3. Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors

(on a confidential and "professional eyes only" basis), (d) counterparties to executory contracts and leases proposed to be assumed and assigned that timely objected on the basis of adequate assurance and (e) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

    4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

    5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

    6. Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the assumption and assignment or rejection of all relevant executory contracts and leases covered by the Response. Upon Transform's failure to do so within such time, the Clerk of the Court may destroy the Sealed Documents.

    7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 10, 2019
    White Plains, New York

                                        /s/Robert D. Drain_____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE