UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. BANKRUPTCY COURT

2019 MAY 28 ☐ 4: 50

S.D. OF N.Y.

In re:                                      :        CHAPTER 11
                                            :
                                            :        Case No. 18-23538 (RDD)
SEARS ROEBUCK & CO. et al.                  :
                                            :
                                            :        NOTICE OF MOTION
                                            :
            Debtors.                        :
                                            :

PLEASE TAKE NOTICE that upon the affirmation of Seth D. Carson, Esquire, and the

exhibits attached hereto, and upon all the papers and pleadings previously served and all

proceedings herein, Wedy Antoine hereby moves this Court to issue an ORDER that would allow

the bankruptcy stay to be lifted in the United States District Court for the Eastern District of

Pennsylvania; Civil Action caption: WEDY ANOINE v. SEARS ROEBUCK & CO et al. No.

2:18-cv-02308-GAM.

                              DEREK SMITH LAW GROUP, PLLC

                    BY: _____
                              Seth D. Carson
                              1835 Market Street, Suite 2950
                              Philadelphia, PA 19103
                              Phone: 215.391.4790
                              Email: seth@dereksmithlaw.com
                              *Counsel for Plaintiff*

DATED: May 23, 2019

TO:    Eric Janson, Esq.
       Haven L. Claytor, Esq.
       Seyfarth Shaw LLP
       975 F Street NW
       Washington, DC 20004
       Phone: 202.828.3532
       EJanson@seyfarth.com
       *Counsel for Defendants*

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007
       Ray C. Schrock, P.C.
       Jacqueline Marcus
       Garrett A. Fail
       Sunny Singh
       *Attorneys for Debtors*
       *and Debtors in possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
|  | : | Case No. 18-23538 (RDD) |
| SEARS ROEBUCK & CO. et al. | : |  |
|  | : |  |
|  | : | AFFIRMATION AND |
|  | : | MEMORANDUM OF LAW |
| Debtors. | : | IN SUPPORT OF MOTION |
|  | : | TO LIFT STAY |
|  | : |  |

**Seth D. Carson**, an attorney duly admitted to practice law in the Commonwealth of Pennsylvania, in the United States District Court for the Eastern District of Pennsylvania, affirms the following to be true to the best of his knowledge under the penalties of perjury:

## I. INTRODUCTION

1.   I am an Associate Attorney at the Derek Smith Law Group, PLLC.

2.   I represent Wedy Antoine in the case of <u>WEDY ANTOINE v. SEARS ROEBUCK & CO.</u>, et al, Case No. 2:18-cv-02308-GAM, in the United States District Court for the Eastern District of Pennsylvania.

3.   This Affirmation is submitted pursuant to 11 U.S.C.S § 362 (d), in support of an Order to lift the automatic stay in the case of <u>WEDY ANTOINE v. SEARS ROEBUCK & CO.</u>, et al, Case No. 2:18-cv-02308-GAM, in the United States District Court for the Eastern District of Pennsylvania.

## II. FACTS NECESSARY TO DECIDE THIS MOTION

4.   Wedy Antoine commenced a civil action lawsuit on June 1, 2018, in the United States District Court for the Eastern District of Pennsylvania, predicated upon allegations of

discrimination and harassment based upon race, color and national origin and retaliation by Wedy

Antoine's employers, arising out of the termination of employment which occurred on February

23, 2017.   Plaintiff, Wedy Antoine claims discrimination, harassment, and retaliation against

Defendants including Defendant, Sears Roebuck & Co., when Defendants refused to promote

Plaintiff because he is black.   Defendants then unlawfully terminated Plaintiff's employment.

When Plaintiff asked the reason he was not being considered for the promotion, his supervisor and

named Defendant, Nikole Vile stated, "because you're black."   A true and accurate copy of

Plaintiff's Civil Action Complaint is hereby attached and marked Plaintiff's Exhibit "A".

5.   There is evidence in Plaintiff's case that Debtor SEARS ROEBUCK & CO.,

discriminated against Plaintiff, Wedy Antoine on the basis of his race, color and national origin.

6.   Pursuant to Plaintiff, Wedy Antoine's termination, Plaintiff received several race, color

and national origin-based text messages which indicated Defendants unlawful conduct and

comments in this action.

7.   Defendant and Debtor, Sears Roebuck & Co., did not file an Answer to Plaintiff's

Complaint, however, co-Defendant and employee for Sears Roebuck & Co., Nikole Vile filed an

Answer September 19, 2018.

8.   Debtor, Sears Roebuck & Co.'s Answer was due October 23, 2018.   The Order placing

this matter in civil suspense pending outcoming of the bankruptcy was entered October 16, 2018.

9.   On October 16, 2018, the Honorable Gerald A. McHugh signed an ORDER placing the

case of WEDY ANTOINE v. SEARS ROEBUCK & CO., et al, Case No. 2:18-cv-02308-GAM, in

the United States District Court for the Eastern District of Pennsylvania in Civil Suspense pending

the outcome of the Bankruptcy. A true and correct copy of the Order placing this case in civil

suspense is attached and marked Exhibit "B".

2

10. Your Affirmant was subsequently notified that debtor SEARS ROEBUCK & CO., et al, was in bankruptcy upon receiving a "Notice of Bankruptcy Case Filing."

### III. AUTOMATIC STAY SHOULD BE LIFTED

11. Should the automatic stay in the above identified Civil Action be lifted, Plaintiff, WEDY ANTOINE will limit his monetary recovery to the limits of coverage provided for under any and all applicable insurance policies afforded to Defendants. Accordingly, Plaintiff will not seek any assets of any of the Debtors named in Bankruptcy Case No. 18-23538 (RDD). Plaintiff will therefore forgo his right to collect on any judgment against Defendants in excess of the insurance policy limits.

12. It is respectfully submitted that under the circumstances, and pursuant to 11 U.S.C.S. § 362 (d), this court should lift the automatic stay; as § 362(d), provides, in pertinent part that: "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay."

13. In determining whether to grant relief from stay for cause, the court must balance the potential prejudice to debtor against hardships that will be incurred by person seeking relief for stay if relief is denied. According to the court, factors to be considered include: (1) whether issues in pending litigation involve only state law, so that expertise of Bankruptcy Court is unnecessary; (2) whether modifying stay will promote judicial economy and whether there would be greater interference with bankruptcy case if stay were not lifted because matters would have to be litigated in Bankruptcy Court; and (3) whether estate can be protected properly by requirement that creditors seek enforcement of any judgment through Bankruptcy Court. In re Robbins, 1992, CA4 NC, 964 F.2d 342, 28 CBC2d 1279, CCH Bankr L Rptr P 74603.

3

14. Cause exists to lift automatic stay pursuant to 11 U.S.C.S.§ 362 (d) where claimant brought an action in state court against a debtor for injuries sustained in an accident, the bankruptcy case is a Chapter 7 case, and neither debtor nor bankruptcy estate will suffer pecuniary loss since claimant's recovery against debtor is limited to amount of insurance coverage. Egwineke v. Robertson, 2000, BC ND Ga, 244 BR 880.    According to the court, in fact, *the only party that stands to benefit if stay is not lifted is the insurer*, and debtor's "fresh start" will not be jeopardized by having to participate in state court litigation. Egwineke v. Robertson, 2000, BC ND Ga, 244 BR 880.

15.    There is insurance coverage available and applicable to Plaintiff, Wedy Antoine's District Court Action.    We do not have a copy of the policy; however, Plaintiff has reason to believe that Defendants maintained insurance applicable to Plaintiff, Wedy Antoine's claims in the Eastern District of Pennsylvania.

16.    Accordingly, Wedy Antoine respectfully requests this court lift the automatic stay and allow Plaintiff, Wedy Antoine to proceed to the extent of the insurance coverage available.

17.    No prior request has been made for the relief requested herein.

4

**WHEREFORE,** it is respectfully submitted that this Court enter an order allowing the automatic stay in the case of WEDY ANTOINE v. SEARS ROEBUCK & CO., et al, Case No. 2:18-cv-02308-GAM, in the United States District Court for the Eastern District of Pennsylvania, to be lifted, together with such other and further relief as this court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

BY: _____
Seth D. Carson
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com
*Counsel for Plaintiff Wedy Antoine*

DATED:   May 23, 2019

TO:        Eric Janson, Esq.
           Haven L. Claytor, Esq.
           Seyfarth Shaw LLP
           975 F Street NW
           Washington, DC 20004
           Phone: 202.828.3532
           EJanson@seyfarth.com
           *Counsel for Defendants*

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007
           Ray C. Schrock, P.C.
           Jacqueline Marcus
           Garrett A. Fail
           Sunny Singh
           *Attorneys for Debtors*
           *and Debtors in possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| | : | Case No. 18-23538 (RDD) |
| SEARS ROEBUCK & CO. et al. | : | |
| | : | |
| | : | NOTICE OF MOTION |
| | : | |
| Debtors. | : | |
| | : | |

## ORDER

**AND NOW** on this _____ day of _____, 2019,

upon consideration of the Affirmation of Seth D. Carson and Memorandum of Law submitted in

support Plaintiff, Wedy Antoine's Motion, it is hereby ORDERED AND DECREED that the

bankruptcy stay currently in effect in the United States District Court for the Eastern District of

Pennsylvania in the matter of <u>WEDY ANOINE v. SEARS ROEBUCK & CO</u> et al. No. 2:18-cv-

02308-GAM, may be lifted, only to the extent of available and applicable insurance coverage.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
**J.**

DATED:

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------------X
WEDY ANTOINE,

                                                            Civil Action No.:

                                    Plaintiff,

              -against-                                      **COMPLAINT**

                                                            Plaintiff Demands A
                                                            Trial by Jury

SEARS, ROEBUCK & CO.;
SEARS HOLDINGS CORPORATION;
NIKOLE VILE, *individually*.

                                    Defendants.
-----------------------------------------------------------------------X

Plaintiff, WEDY ANTOINE, as and for his complaint against the above Defendants respectfully

alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

   U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,

   Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. §1981, and to remedy violations of the

   Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and

   is seeking damages to redress the injuries he has suffered as a result of being discriminated

   against by his employer on the basis of his race, color, and national origin and retaliated

   against by his employer for complaining of harassment and discrimination.

## JURISDICTION AND VENUE

2.  Jurisdiction of this action is conferred upon this Court involves a Federal Question under
    Title VII of the Civil Rights Act of 1964. This Court also has supplemental jurisdiction
    over the State causes of action.

3.  Venue is proper in this district based upon the fact that the actions giving rise to this
    Complaint occurred within the County of Montgomery, in the Commonwealth of
    Pennsylvania, within the Eastern District of Pennsylvania.

4.  On or around April 7, 2017, Plaintiff filed charges with the Equal Employment
    Opportunity Commission ("EEOC") and the Pennsylvania Commission on Human
    Relations ("PCHR") against Defendants as set forth herein.

5.  On or around March 1, 2018, the EEOC issued Plaintiff a Right to Sue Letter.

6.  This action is being commenced within ninety (90) days of Plaintiff's receipt of the
    EEOC Right to Sue Letter.

## PARTIES

7.  At all times material, Plaintiff WEDY ANTOINE (hereinafter "Plaintiff or "ANTOINE")
    was and is a Black/African-American male individual residing in Collingdale within the
    Commonwealth of Pennsylvania.

8.  At all times material, Defendant SEARS, ROEBUCK & CO. was and is a foreign
    corporation authorized to do business in the Commonwealth of Pennsylvania.

9.  At all times material, Defendant SEARS HOLDINGS CORPORATION. was and is a
    foreign corporation that is the parent company of Defendant, SEARS, ROEBUCK & CO.

10. At all times material, Defendant SEARS, ROEBUCK & CO. operated and continues to operate a retail store located at the Montgomery Mall, 600 Montgomery Mall, North Wales, PA 19454 (hereinafter the "Montgomery Mall store").

11. At all times material, Defendant SEARS, ROEBUCK & CO. was and is "a leading integrated retailer providing merchandise and related services."

12. According to Defendant SEARS HOLDINGS CORPORATION's website, "At Sears Holdings Corporation, diversity is much more than a business practice. In fact, it's considered to be 'business as usual.' As one of America's iconic companies, SHC is proud that our people and our culture are representative of the diverse customers and communities we serve. We pride ourselves on being an Equal Opportunity Employer and do not discriminate in any aspect of employment on the basis of race, color, religion, gender, gender identity, age, national origin, disability, citizenship status, sexual orientation, veteran status, marital status, ancestry, pregnancy, ethnicity, or any other legally protected status in accordance with the requirements of federal, state and local law."

13. At all times material, Defendant SEARS, ROEBUCK & CO. and Defendant SEARS HOLDINGS CORPORATION (hereinafter collectively referred to as "Defendants") were Plaintiff's joint and/or sole employer.

14. At all times material, Defendants' employee ANDREW BUGIS ("BUGIS") was jointly employed by Defendants at their Montgomery Mall store.

15. BUGIS was employed as a manager for Defendants for around a three-month period during Plaintiff's employment with Defendants and held supervisory authority over Plaintiff. At all other times material, BUGIS was Plaintiff's co-worker.

16. At all times material, Defendant NIKOLE VILE ("NIKOLE") was jointly employed by Defendants as a Department Manager at their Montgomery Mall store.

17. At all times material, Defendant NIKOLE held supervisory authority over Plaintiff.

## MATERIAL FACTS

18. On or around July 1, 2013, Plaintiff began working for Defendants at the Montgomery Mall store as a Quality Maintenance Assistant.

19. From the beginning of Plaintiff's employment with Defendants, Plaintiff was regularly subjected to inappropriate jokes and comments based on his race (African-American) and color (Black).

20. Defendants' employees who subjected Plaintiff to such comments consisted of both co-workers and supervisors.

21. By means of example only, and by no means an exhaustive list, Plaintiff was forced to endure inappropriate remarks from his co-worker (and for about a three-month period, his manager), ANDREW BUGIS (a White male) such as: "Are you the only brother in the hood with a job?" and "Get a job with Uber; all the brothers in the hood are doing it."

22. On each occasion, Plaintiff was highly offended by the remarks, and did not find them to be either funny or appropriate in the workplace (nor at any other time or place). Plaintiff understood the phrase "in the hood" to refer to the stereotype that African-American/Black people live in low-income and/or dangerous areas, and was highly offended by the implication. Furthermore, BUGIS' remarks about whether Plaintiff was "the only brother in the hood with a job" referred to the stereotype that African American/Black people are lazy and do not work.

23. Plaintiff would typically respond to BUGIS' remarks by attempting to laugh the remarks off, but did not find the remarks to be funny. Plaintiff reacted in such a way because he feared that he would be retaliated against and possibly lose his job if he did not do so, as Plaintiff observed that BUGIS was favored by Defendants' management employees.

24. Furthermore, Plaintiff was hesitant to challenge BUGIS on his use of racially-charged comments because Plaintiff was concerned that BUGIS might react violently if he did so.

25. BUGIS' discriminatory comments were frequently made to Plaintiff in full view and earshot of Defendants' other employees, including managers and supervisors.

26. Despite being made aware of the discriminatory comments, Defendants failed to take any action to address the comments or to discipline employees who made such inappropriate comments to Plaintiff.

27. Plaintiff was also hesitant to report BUGIS' offensive comments made around and to him because he had observed BUGIS violate Defendants' code of conduct on numerous occasions, and had observed several of Defendants' supervisory employees fail to address and/or completely ignore BUGIS' actions.

28. Consequently, Plaintiff was led to believe that BUGIS would not be disciplined even if Claimant did report his actions.

29. Furthermore, BUGIS was actually *promoted* to interim manager by Defendants for a period of around three (3) months during Plaintiff's employment with Defendants, despite the constant racial harassment that he directed at Plaintiff.

30. During the period that he was employed as a manager, BUGIS was given access to Defendants' databases that were exclusive to supervisory employees. BUGIS also had supervisory authority over Plaintiff during this period.

31. Throughout his employment for Defendants, Plaintiff was forced to endure racially-charged and even threatening remarks by another co-worker, an African-American male named FREDDIE HARRIS ("HARRIS").

32. On numerous occasions, HARRIS remarked to Plaintiff, in words or substance, that HARRIS "was from the ghetto too" and "knew how to make people pay for playing with him."

33. Plaintiff was highly offended by HARRIS' insinuation that Plaintiff was "from the ghetto", and did not find the comment funny or appropriate for the workplace.

34. On at least one occasion, Plaintiff understood HARRIS' comments as threatening Plaintiff's life, and subsequently reported HARRIS' threatening comments to Defendants' Human Resources Department. Plaintiff met with Mimi Kilgores regarding this matter, but Plaintiff was told not to worry about the situation. Subsequently, no corrective action was taken.

35. At some point, soon after Plaintiff made the report about HARRIS' conduct, HARRIS approached Plaintiff and, while laughing, stated in words or substance: "what did you expect was going to happen?"

36. Plaintiff understood HARRIS' remark to him as an attempt to taunt Plaintiff about nothing happening in response to his report to Human Resources. Consequently, along with Plaintiff's observation of Defendants failing to discipline BUGIS for his discriminatory comments, Plaintiff became fearful of and discouraged from making any further reports to management or Human Resources.

37. Around mid-February 2017, Plaintiff approached another of Defendants' managers, a White female named NIKOLE (last name unknown) ("NIKOLE") and asked her if she

would consider hiring Plaintiff for the Lands' End Department that she managed at Defendants' Montgomery Mall store. In response, NIKOLE told Plaintiff that she would not.

38. When Plaintiff asked NIKOLE the reason for her declining to consider him for a position, NIKOLE was hesitant to respond. When Plaintiff persisted in asking, NIKOLE replied to Plaintiff in words or substance: "because you're Black."

39. Plaintiff was highly offended by NIKOLE's blatantly discriminatory comment. Plaintiff was so shocked and offended that he was unable to form a meaningful response.

40. Soon after his conversation with NIKOLE, Plaintiff overheard NIKOLE speaking to one of her co-workers, a Hispanic female named JAYLEE (last name unknown) ("JAYLEE"). In this conversation, Plaintiff heard NIKOLE laughing about his earlier request to her and boasting to JAYLEE that she had turned Plaintiff away because of his race and color.

41. Plaintiff was highly offended by NIKOLE's statements about her discriminatory treatment and comments towards him. Plaintiff was highly upset and disturbed by the fact that NIKOLE was bragging about discriminating against him.

42. On or around February 23, 2017, Defendants terminated Plaintiff.

43. After Plaintiff was terminated, BUGIS sent him a text message that stated in words or substance that "the sun is gonna [sic] shine less bright without you here. And my racial humor won't work with Charles hadad [sic]".

44. Plaintiff was highly offended by BUGIS' message to him, as the message indicated that BUGIS was proud of constantly making discriminatory comments to and about Plaintiff.

45. As Plaintiff was no longer employed by Defendants at this time, he did not report the offensive message to Defendants.

46. Defendants wrongfully discriminated against Plaintiff through their failure to address Plaintiff's complaints about race/color discrimination and their failure to prevent the continuous discrimination the Plaintiff endured while working for Defendants.

47. Defendants also wrongfully discriminated against Plaintiff by refusing to hire him in a different position because of his race (African-American) and color (Black).

48. Defendants wrongfully terminated Plaintiff on account of his race and color and in retaliation for his opposition to being discriminated against on account of his race and color.

49. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of Defendants' discriminatory treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

51. Plaintiff suffers from regular panic attacks and nightmares as a result of Defendants' conduct. Plaintiff has difficulty sleeping and eating.

52. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

54. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

55. Defendants have established a pattern and practice of discrimination through their actions.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW
### 42 U.S.C. § 1981

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

57. 42 USC § 1981 states in relevant part as follows:

    a. (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

58. Plaintiff, as a member of the Black and/or African-American race, was discriminated against by Defendants because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

59. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendants' unlawful employment practices.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

61. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

62. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his race, color and national origin.

## AS A THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

64. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

65. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his

employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

## AS A FORTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
### (Not Against Individual Defendants)

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

67. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

68. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, color and national origin.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

72. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

75. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: June 1, 2018
     Philadelphia, PA

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: _____
    Christopher Booth, Esq.
    1845 Walnut Street, Suite 1601
    Philadelphia, Pennsylvania 19103
    *(215) 391-4790*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDY ANTOINE** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-2308** |
| | : | |
| **SEARS, ROEBUCK & CO, ET AL.** | : | |

### ORDER

This 15th day of October, 2018, the Court being advised that a Suggestion of Bankruptcy

has been filed, it is hereby **ORDERED** that this case be placed in **CIVIL SUSPENSE** pending

the outcome of the bankruptcy. It is further **ORDERED** that Counsel for Defendant Sears,

Roebuck & Co. shall advise the Court every sixty (60) days as to the status of the bankruptcy.


       /s/ Gerald Austin McHugh
       United States District Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
|  | : | Case No. 18-23538 (RDD) |
| SEARS ROEBUCK & CO. et al. | : |  |
|  | : |  |
|  | : | AFFIRMATION AND |
|  | : | MEMORANDUM OF LAW |
| Debtors. | : | IN SUPPORT OF MOTION |
|  | : | TO LIFT STAY |
|  | : |  |

## CERTIFICATE OF SERVICE

I, Seth D. Carson, hereby certify that on this date the foregoing Affirmation and

Memorandum in support of Wedy Antoine's Motion to allow the automatic stay to be lifted has

been served upon the following counsel of record by electronic mail:

TO:       Eric Janson, Esq.
          Haven L. Claytor, Esq.
          Seyfarth Shaw LLP
          975 F Street NW
          Washington, DC 20004
          Phone: 202.828.3532
          EJanson@seyfarth.com
          Counsel for Defendants

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007
          Ray C. Schrock, P.C.
          Jacqueline Marcus
          Garrett A. Fail
          Sunny Singh
          Attorneys for Debtors
          and Debtors in possession

6

**DEREK SMITH LAW GROUP, PLLC**

**BY:** _____

Seth D. Carson, Esq.
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: May 23, 2019

7