Presentment Date and Time: June 21, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: June 20, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Determined.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

**In re**                           :        **Chapter 11**

                               :

**SEARS HOLDINGS CORPORATION, *et al.*,**   :        **Case No. 18-23538 (RDD)**

                               :

        **Debtors.**[1]           :        **(Jointly Administered)**

                               :

------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF AMENDED STIPULATION, AGREEMENT,
AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that on April 24, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), presented the *Stipulation, Agreement And Order Granting Limited Relief From The Automatic Stay* (the "**Proposed Stipulation**") (ECF No. 3346). Following the presentment of the Proposed Stipulation, certain amendments have been made to the Proposed Stipulation.

**PLEASE TAKE NOTICE** that the Debtors, will present the *Amended Stipulation, Agreement And Order Granting Limited Relief From The Automatic Stay* (the "**Proposed Amended Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **June 21, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Amended Stipulation is attached hereto as **Exhibit 1**. Attached hereto as **Exhibit 2** is a redline of the Proposed Amended Stipulation marked against the Proposed Stipulation.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Amended Stipulation is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **June 20, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Amended Stipulation, and the Proposed Amended Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Amended Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Amended Stipulation before the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains,

New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be determined.

    **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: June 13, 2019
   New York, New York

        _/s/ Jacqueline Marcus_
       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York  10153
       Telephone:  (212) 310-8000
       Facsimile:  (212) 310-8007
       Ray C. Schrock, P.C.
       Jacqueline Marcus
       Garrett A. Fail
       Sunny Singh

       *Attorneys for Debtors*
       *and Debtors in Possession*

## Exhibit 1

**Proposed Amended Stipulation**

WEIL:\96971250\6\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

----------------------------------------------------------------x

## AMENDED STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears Holdings Corporation, Sears Roebuck & Co (the "**Debtors**"), and Jerry Vosburg and Esther Vosburg ("**Movants**")  The Debtors and Movants collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**."  The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on September 7, 2008, Movants commenced an action that is pending in suit no. 2008-0568 in Fourth District Court, Morehouse Parish, Louisiana, (the "**Prepetition Action**") against certain Debtors and certain other defendants, in which Samsung Fire & Marine Insurance Co. Ltd., Samsung Electronics Co. Ltd. and/or Samsung Opto-Electronics America, Inc. is defending/indemnifying the Debtors for defense costs and damages.

WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

WHEREAS, Debtors have not agreed to indemnify Samsung Fire & Marine Insurance Co. Ltd., Samsung Electronics Co. Ltd. and/or Samsung Opto-Electronics America, Inc. relative to any claim(s) associated with the Prepetition Action.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by order of the Bankruptcy Court (the "**Effective Date**").

3

2.       The Stay is modified to permit the Movants to (i) continue the Prepetition Action

to final judgment against the Debtors  and as to non-debtor defendants, who the Debtors have not

agreed to indemnify whether same are presently named defendant(s) or subsequently named

defendant(s) via amendment(s) of the Prepetition Action and (ii) collect upon any judgment

rendered in the Prepetition Action only from non-Debtor defendants and/or non-Debtor property

or sources, including applicable insurance contracts (including those issued by ACE American

Insurance Company and Great American Insurance Company and/or indemnity agreement(s)

(solely to the extent applicable)), if any, and not against the Debtors, their estates, or their

successors, provided however that movant may collect from the Debtors only if and to the extent

that the Debtors will be indemnified by any contract(s) of indemnity issued by non-debtor

entity(ies), including without limitation, Samsung Opto-Electronics America, Inc., Samsung

Electronics America, Inc., Samsung Electronics America, Ltd.

3.       All other provisions of the Automatic Stay, including, without limitation, those

provisions prohibiting the commencement or continuation of any other judicial proceeding against

the Debtors or any of the other Chapter 11 Entities that was or could have been commenced prior

to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover

a claim that arose prior to the Commencement Date from the respective estates and/or assets or

property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code),

shall remain in full force and effect.

4.       The Stay is modified solely to the extent that any applicable indemnity

agreement(s), insurance policies which provide coverage and/or defense and that any amounts due

in connection with defense costs, including attorneys' fees and expenses, with respect to the

Prepetition Action and/or pursuant to a verdict, judgment, or settlement agreement in connection

4

with the Claims, including any related claims for equitable relief, in the Prepetition Action, are paid by other non-Debtor defendants, non-Debtor sources, or applicable insurer, if any, and not by the Debtors, their estates, or their successors.

5.      For the avoidance of doubt, the Debtors, their estates, or their successors do not stipulate, agree, represent, or warrant that they are liable for and shall not be required to fund costs associated with any (i) self-insured retention or deductible, (ii) any obligation to post any security or deposit with any non-debtor defendants or any insurer pursuant to the terms of an applicable insurance policy, if any, or (iii) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurers' claims based on indemnification obligations or any applicable insurance policies, respectively, against the Debtors, their estates, or their successors in connection with the Prepetition Action.

6.      The Movants agree and acknowledge that (i) any recovery arising from the Prepetition Action (whether by mediation, arbitration, trial, or otherwise) with respect to the Debtors, their estates, or their successors is limited to funds made available from other non-debtor defendants, non-debtor sources, applicable insurance policies and/or indemnity agreement(s), if any, and not from the Debtors, their estates, or their successors and (ii), to the extent that an applicable insurance policy and/or indemnity agreement(s), if any, or amounts due from any non-debtor defendant or non-debtor source do not satisfy a judgment, settlement, or other disposition with respect to the  Prepetition Action, for any reason, neither the Debtors, their estates, or their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in the Bankruptcy Cases, and the Movants shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, or their successors.

WEIL:\96971250\6\73217.0004

7.      The Movants further agree that any other claims or proofs of claim to be filed by the Movants in connection with the Prepetition Action against the Debtors, their estates, or their successors in their chapter 11 cases, if any, are, by the entry of this Stipulation, deemed disallowed. The Movants shall not be entitled to any recovery against the Debtors' or their successors' assets or their property (except to the extent that applicable insurance policies, indemnity agreements and/or their proceeds constitute their property), and except to the extent of applicable insurance policies and/or indemnification obligations, hereby fully, finally, and forever release and discharge the Debtors, their estates, and their property, or their successors, of and from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs (including out-of-pocket expenses, court costs, expert witness fees, etc.), and any other liabilities of any nature whatsoever, whether sounding in contract, tort or otherwise, whether matured or unmatured, accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter, including for the avoidance of doubt, the claims that the Movants have asserted or could have asserted against the Debtors, their estates, their property or their successors. These agreed upon terms shall be reflected as such on the Bankruptcy Court's official claims register.

8.      Upon the Effective Date, the Movant's motions (ECF No. 1255 and 1763) and any requests to produce documents shall be deemed withdrawn.

9.      Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by Movants against the Debtors or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the

6

existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movants' claims.

10.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

11.    However, nothing in this Stipulation and Order shall be interpreted to waive, limit or interfere with any right(s) either Movant has or may have under Louisiana law, including La. Civil Code Article 2044, to seek relief with respect to non-Debtors; provided however, that in no event shall any monetary or other relief be sought against the Debtors.

12.    Nothing contained herein shall be construed as a  waiver by the Chapter 11 Entities or any other party in interest of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors or any of the other Chapter 11 Entities are a party that may be filed by Movants in the chapter 11 cases of the Chapter 11 Entities.

13.    The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

WEIL:\96971250\6\73217.0004

14.     This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

15.     The undersigned who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

16.     This Stipulation, Agreement and Order may be executed  in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

17.     This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

18.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

19.     This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

WEIL:\96971250\6\73217.0004

20.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

21.     IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated: June 13, 2019

By:   /s/  Jacqueline Marcus
      Ray C. Schrock, P.C.
      Jacqueline Marcus
      Garrett A. Fail
      Sunny Singh
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, NY 10153
      Telephone:  (212) 310-8000
      Facsimile:  (212) 310-8007

      *Attorneys for Debtors
      and Debtors in Possession*

Dated: June 13, 2019

By:   /s/  Sedric E. Banks
      Sedric E. Banks LBN #2730
      Attorney at Law
      1038 North Ninth Street
      Monroe, La. 71201
      Telephone:  318-388-1655
      Facsimile:  318-388-0227

      *Attorney for Jerry and Esther Vosburg*

Dated: _____, 2019
       New York, New York

      _____
      THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

9

**<u>Exhibit 2</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                        :
                                             :           Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,        :
                                             :           Case No. 18-23538 (RDD)
                                             :
            Debtors.[1]                       :          (Jointly Administered)
-------------------------------------------------------------x

## **AMENDED STIPULATION, AGREEMENT AND ORDER**
## **GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears Holdings Corporation, Sears Roebuck & Co (the "**Debtors**"), and Jerry Vosburg and Esther Vosburg ("**Movants**")  The Debtors and Movants collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**."  The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, on September 7, 2008, Movants commenced an action that is pending in suit no. 2008-0568 in Fourth District Court, Morehouse Parish, Louisiana, (the "**Prepetition Action**") against certain Debtors and certain other defendants, in which Samsung Fire & Marine Insurance Co. Ltd. and, Samsung Electronics Co. Ltd. and/or Samsung Opto-Electronics America, Inc. is defending/indemnifying the Debtors for defense costs and damages.

C. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

WHEREAS, Debtors have not agreed to indemnify Samsung Fire & Marine Insurance Co. Ltd., Samsung Electronics Co. Ltd. and/or Samsung Opto-Electronics America, Inc. relative to any claim(s) associated with the Prepetition Action.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by order of the Bankruptcy Court (the "**Effective Date**").

3

2.      The Stay is modified to permit the Movants to (i) continue the Prepetition Action to final judgment against the Debtors  and as to non-debtor defendants, who the Debtors have not agreed to indemnify whether same are presently named defendant(s) or subsequently named defendant(s) via amendment(s) of the Prepetition Action and (ii) collect upon any judgment rendered in the Prepetition Action only from non-Debtor defendants and/or non-Debtor property or sources, including applicable insurance contracts (including those issued by ACE American Insurance Company and Great American Insurance Company and/or indemnity agreement(s) (solely to the extent applicable)), if any, and not against the Debtors, their estates, or their successors, provided however that movant may collect from the Debtors only if and to the extent that the Debtors will be indemnified by any contract(s) of indemnity issued by non-debtor entity(ies), including without limitation, Samsung Opto-Electronics America, Inc., Samsung Electronics America, Inc., Samsung Electronics America, Ltd.

3.      All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

4.      The Stay is modified solely to the extent that any applicable indemnity agreement(s), insurance policies which provide coverage and/or defense and that any amounts due in connection with defense costs, including attorneys' fees and expenses, with respect to the Prepetition Action and/or pursuant to a verdict, judgment, or settlement agreement in connection

4

with the Claims, including any related claims for equitable relief, in the Prepetition Action, are paid by other non-Debtor defendants, non-Debtor sources, or applicable insurer, if any, and not by the Debtors, their estates, or their successors.

5.     For the avoidance of doubt, the Debtors, their estates, or their successors do not stipulate, agree, represent, or warrant that they are liable for and shall not be required to fund costs associated with any (i) self-insured retention or deductible, (ii) any obligation to post any security or deposit with any non-debtor defendants or any insurer pursuant to the terms of an applicable insurance policy, if any, or (iii) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurers' claims based on indemnification obligations or any applicable insurance policies, respectively, against the Debtors, their estates, or their successors in connection with the Prepetition Action.

6.     The Movants agree and acknowledge that (i) any recovery arising from the Prepetition Action (whether by mediation, arbitration, trial, or otherwise) with respect to the Debtors, their estates, or their successors is limited to funds made available from other non-debtor defendants, non-debtor sources, applicable insurance policies and/or indemnity agreement(s), if any, and not from the Debtors, their estates, or their successors and (ii), to the extent that an applicable insurance policy and/or indemnity agreement(s), if any, or amounts due from any non-debtor defendant or non-debtor source do not satisfy a judgment, settlement, or other disposition with respect to the  Prepetition Action, for any reason, neither the Debtors, their estates, or their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in the Bankruptcy Cases, and the

WEIL:\96971250\5\73217.0004WEIL:\96971250\6\73217.0004

Movants shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, or their successors.

7.    The Movants further agree that any other claims or proofs of claim to be filed by the Movants in connection with the Prepetition Action against the Debtors, their estates, or their successors in their chapter 11 cases, if any, are, by the entry of this Stipulation, deemed disallowed. The Movants shall not be entitled to any recovery against the Debtors' or their successors' assets or their property (except to the extent that applicable insurance policies, indemnity agreements and/or their proceeds constitute their property), and except to the extent of applicable insurance policies and/or indemnification obligations, hereby fully, finally, and forever releases and discharges the Debtors, their estates, and their property, or their successors, of and from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs (including out-of-pocket expenses, court costs, expert witness fees, etc.), and any other liabilities of any nature whatsoever, whether sounding in contract, tort or otherwise, whether matured or unmatured, accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter, including for the avoidance of doubt, the claims that the Movants have asserted or could have asserted against the Debtors, their estates, their property or their successors. These agreed upon terms shall be reflected as such on the Bankruptcy Court's official claims register.

8.    Upon the Effective Date, the Movant's motions (ECF No. 1255 and 1763) and any requests to produce documents shall be deemed withdrawn.

9.    Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or

permits a direct right of action by Movants against the Debtors or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movants's' claims.

10.     All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

11.     However, nothing in this Stipulation and Order shall be interpreted to waive, limit or interfere with any right(s) either Movant has or may have under Louisiana law, including La. Civil Code Article 2044, to seek relief with respect to non-Debtors; provided however, that in no event shall any monetary or other relief be sought against the Debtors.

12.     Nothing contained herein shall be construed as a  waiver by the Chapter 11 Entities or any other party in interest of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors or any of the other Chapter 11 Entities are a party that may be filed by Movants in the chapter 11 cases of the Chapter 11 Entities.

WEIL:\96971250\5\73217.0004WEIL:\96971250\6\73217.0004

13.     The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

14.     This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

15.     The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respectivea Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

16.     This Stipulation, Agreement and Order may be executed  in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

17.     This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

18.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

19.     This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy

Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

20.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

9