AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, et al., | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**QUALIFIED JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE OBJECTION OF DEBTORS TO MOTION OF RETIREES PURSUANT TO SECTION 1114(d) OF THE BANKRUPTCY CODE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby files this qualified joinder (the "Qualified Joinder") to the *Objection of Debtors to Motion of Retirees Pursuant to Section 1114(d) of the Bankruptcy Code* [ECF No. 4238] (the "Objection" and the underlying motion, the "Motion"),[2] and in support thereof, respectfully states as follows.

1. By the Motion, two of the Debtors' former employees (the "Retirees") seek the appointment of a committee pursuant to Bankruptcy Code section 1114 (an "1114 Committee") to advocate for certain of the Debtors' employees who were eligible to receive life insurance benefits under the Sears Retiree Group Life Insurance Plan (the "Retiree Plan"). While the Creditors' Committee is sympathetic to the Retirees' concerns and desire to receive benefits to which they believe they are entitled under the Retiree Plan, the Creditors' Committee agrees with the Debtors' position that appointment of an 1114 Committee is inappropriate under the circumstances of these Chapter 11 Cases.

2. As this Court is aware, the Creditors' Committee continues to have concerns regarding the Debtors' financial position. Indeed, there remains a significant possibility that any plan confirmed in these cases will require concessions by the Debtors' administrative creditors. Accordingly, the Debtors' primary focus should be on maximizing the value of their estates and ensuring the fair and equitable treatment of all creditors. Moreover, given that the Debtors are liquidating their remaining assets and transferring estate causes of action to a liquidating trust,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

the Debtors clearly are not seeking to reorganize "on the back of retirees"—the key concern of Congress in enacting Bankruptcy Code section 1114 to ensure that viable companies emerging from chapter 11 did not unilaterally cut off retiree benefits. *See* Objection ¶ 29 (citing *In re Ionosphere Clubs, Inc.*, 134 B.R. 515, 522-23 (Bankr. S.D.N.Y. 1991) (finding that the "consistent premise underlying § 1114 is that a reorganization is in progress.")). Finally, appointment of an 1114 Committee at this stage, unfortunately, may be futile given the Debtors' lack of financial wherewithal to make an acceptable proposal to beneficiaries of the Retiree Plan.

3.  In view of the foregoing, the Creditors' Committee supports the Debtors' request that the Motion be denied. To the extent, however, that the Court is inclined to grant the Retirees' request for the appointment of an 1114 Committee, the Creditors' Committee urges the Court to strictly limit the mandate for, and the budget afforded to, any such committee to ensure that the Debtors' limited estate resources are preserved for the benefit of all creditors.

4.  The Creditors' Committee expressly reserves all rights with respect to the Objection and the Motion, including the right to amend or supplement this Qualified Joinder, submit additional briefing, participate in any discovery and be heard at any hearing or trial related to the Objection or the Motion. Nothing contained herein shall constitute a waiver of any of the rights or remedies of the Creditors' Committee, each of which is expressly reserved.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Creditors' Committee respectfully requests that this Court deny the Motion or, alternatively, limit the relief granted as set forth herein and grant such other relief as the Court deems just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated:  June 14, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>            pdublin@akingump.com<br>            aqureshi@akingump.com<br>            sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |