**CURE OBJECTION DEADLINE: June 17, 2019 at 4:00 p.m.**
**HEARING DATE: To Be Determined.**

Harlan M. Lazarus, Esq.
LAZARUS & LAZARUS, P.C.
240 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:  (212) 889-7400
Facsimile:  (212) 684-0314
E-mail:    hlazarus@lazarusandlazarus.com

*Attorneys for Flatbush Center Parking LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION., et al.[1] | Case No.: 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

----------------------------------------------------------------X

**OBJECTION TO CURE AMOUNT AND ADEQUATE ASSURANCE INFORMATION OF FLATBUSH CENTER PARKING LLC IN RESPONSE TO TENTH SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION (ECF NO. 4147) AND NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL CONTRACTS (ECF NO. 4148)**

Flatbush Center Parking LLC ("Flatbush") by and through its undersigned counsel, respectfully submits this Objection to Cure Amount and Adequate Assurance Information

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sear Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

(collectively the "Objection"), in response to the *Tenth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* filed June 7, 2019 [ECF No. 4147] and *Notice of Assumption and Assignment of Additional Executory Contracts* filed June 7, 2019 [ECF No. 4148] (collectively the "Notices").

## BACKGROUND

1. On or about July 15, 1997 Flatbush by its predecessor in interest, *inter alia,* and Debtors, as defined below, entered into a Development and Operating Agreement (the "DOA") pursuant to which Flatbush agreed to operate and maintain a unified parking facility for use by Sears customers and others (the "Parking Facility"). The DOA is annexed as *Exhibit A* to the Declaration as defined below.

2. Pursuant to the DOA, Debtors are responsible to pay to Flatbush a percentage of the expenses to operate and maintain the Parking Facility (the "Expenses"). The Expenses are defined in the DOA as the expenses of operating and maintaining all of the parking areas contained in the Parking Facility, including both the at-grade and roof top parking areas, At all relevant times, Debtors' percentage has been and remains 50%.

3. From and after the date Flatbush took over as operator of the Parking Facility, Debtors paid, as its base regular assessment under the DOA, $9,611 per month. This represented what both Flatbush and Debtors mistakenly believed at the time to be approximately 1/12 of Debtors share of the annual estimated Expenses for the coming year. Since the base Expenses varied little from year to year, Debtors simply continued to pay, $9,611 every month as the base regular assessment.

4. Following the completion of Flatbush's review of the amount of Expenses Debtors were

paying each year, Flatbush prepared revised annual statements, which, were amended to include Debtors' 50% portion of the Expenses for the roof deck as well as the at-grade parking areas. The revised statements, which together with all backup, were sent to Debtors and showed that Debtors underpaid Flatbush. The revised statements showed that Debtors underpaid approximately $3.7 million from August 2004 (the year Flatbush took over as operator of the Parking Facility) through September 2018.

5. On October 15, 2018, the above captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

6. Debtors have scheduled two (2) claims for Flatbush numbered 481887 and 481888.

7. At the date of Debtors filing of their voluntary bankruptcy petitions herein Flatbush had commenced an Arbitration proceeding wherein, *inter alia,* Flatbush sought to recover amounts due from Debtors for common area maintenance ("CAM") expenses payable by Debtors pursuant to the DOA (the "Arbitration") as more particularly stated in that certain Brief Description of Dispute annexed hereto as **Exhibit A**.

8. On or about October 2, 2018 Debtors counsel filed and served the Declaration of Joanna F. Wasick in Support of Respondent Sears Holdings Corp.'s Confidential Mediation Statement in response to the demand for arbitration filed by Flatbush (the "Declaration"). A copy of the Declaration is annexed hereto as **Exhibit B**.

9. At the date of the Debtors filing of their voluntary bankruptcy petitions the Arbitration commenced by Flatbush was in mediation as evidenced by the Declaration.

10. On or about October 16, 2018 Debtors' counsel filed a Notice of Bankruptcy and Imposition of Automatic Stay, staying the Arbitration (annexed hereto as **Exhibit C**).

11. On or about October 31, 2018 Flatbush filed an Official Form 410 Proof of Claim including

priority claim in the amount of $3,700,000.00 (the "Initial Proof of Claim"). The Initial Proof of Claim was received by Prime Clerk LLC, the Debtors' Claims Agent, on November 7, 2018 and filed as Claim Number 4101 in the claims register.

12. On November 19, 2018, the Court filed the *Order Approving Global Bidding Procedures and Granting Related Relief* [ECF No. 816] (the "Bidding Procedures Order").

13. On February 8, 2019, the Court filed the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [ECF No. 2507] (the "Sale Order").

14. On or about March 19, 2019 Flatbush filed an Amended Official Form 410 Proof of Claim including priority claim in the amount of $3,700,000.00 (the "First Amended Proof of Claim"). The First Amended Proof of Claim was received by Prime Clerk LLC, the Debtors' Claims Agent, on March 21, 2019 and filed as Claim Number 11700 in the claims register.

15. On or about June 6, 2019 Flatbush filed the Supplemental and Amended Official Form 410 Proof of Claim including Administrative Claim in the amount of $5,761,512.27 (the "Second Amended Proof of Claim"). The Second Amended Proof of Claim was received by Prime Clerk LLC, the Debtors' Claims Agent, on June 7, 2019 and filed as Claim Number 19683 in the claims register.

16. On June 7, 2019 the Debtors filed the Notices.

## CURE AMOUNT OBJECTION

17. Flatbush objects to the Cure Amount of $264,473.50 (the "Proposed Cure Amount") as set

forth in the Notices because the correct cure amount due and owing under the DOA is $5,761,512.27 as set forth in the statement annexed hereto as **Exhibit D** (the "Correct Cure Amount").

18. Flatbush further objects to the Debtors' Proposed Cure Amount in that it does not take into consideration the passage of time between the filing of the Notices and the effective date of any assumption and assignment of the DOA by the Debtors. Accordingly, any order that is entered establishing the cure amount with respect to the DOA must require that the Debtors (i) comply with all obligations under the DOA pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and assignment of the DOA, (ii) cure any additional defaults that may occur under the DOA between the date of this Objection and the effective date of any assumption and assignment by the Debtors [See 11 U.S.C. § 365(b)(1)] and (iii) pay amounts due Flatbush pursuant to the DOA as determined by Flatbush, in arbitration or settled through mediation.

19. Any order establishing the cure amount in connection with the assumption of the DOA must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the DOA, notwithstanding the Debtors' Proposed Cure Amount.

20. Pursuant to *Article 9.3 – Attorney Fees* of the DOA, Flatbush is also entitled to attorney's fees and costs. These amounts are currently unliquidated because as of the date hereof Flatbush cannot be certain whether the DOA will be assumed and when such assumption will occur. The Correct Cure Amount should therefore also include all of Flatbush's attorneys' fees and costs to which it is entitled under the DOA.

21. Prior to the DOA actually being assumed all other amounts that will become due and owing under the DOA, including attorneys' fees also need to be cured to the extent such amounts remain unpaid.

## ADEQUATE ASSURANCE OBJECTION

**22.** Before assuming a contract that is in default, a debtor must also, *inter* alia, provide adequate assurance of future performance to the counterparty to the contract.

**23.** Flatbush objects to the assumption and assignment of the DOA because Debtors have not demonstrated that they will pay the unpaid CAM expenses due to Flatbush going forward.

**24.** Flatbush further objects to the assumption and assignment of the DOA because Debtors have not demonstrated that they have acquired and or maintained the proper insurance coverage pursuant to *Article 7 – INSURANCE:CASUALTY* of the DOA.

**25.** Flatbush further objects to the assumption and assignment of the DOA because Debtors have not demonstrated that they are in compliance with *Article 9.3 – Attorney Fees* of the DOA.

## RESERVATION OF RIGHTS

**26.** Flatbush reserves its right to assert any and all other claims against the Debtors arising out of or relating to the DOA.

Dated: June 14, 2019         LAZARUS & LAZARUS, P.C.
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　/s/ Harlan M. Lazarus
　　　　　　　　　　　　　　　　　　　Harlan M. Lazarus, Esq.
　　　　　　　　　　　　　　　　　　　240 Madison Avenue, 8th Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　Telephone:  (212) 889-7400
　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 684-0314
　　　　　　　　　　　　　　　　　　　E-mail:  hlazarus@lazarusandlazarus.com