FLATBUSH CENTER PARKING LLC
Claimant
v.
SEARS HOLDINGS CORP.
Respondent

Case Number: 01-18-0001-6118

Brief Description of Dispute

Claimant Flatbush Center Parking LLC and/or affiliates ("Flatbush" or "Claimant") and Respondent Sears Holdings Corp. and/or affiliates ("Sears" or "Respondent") are parties to a certain Development and Operating Agreement made as of July 15, 1997 (the "DOA") pursuant to which Flatbush operates and maintains a certain unified parking facility described below, which is utilized by Sears customers and others.

This dispute arises out of the failure of Sears to pay to Flatbush amounts due from Sears for common area maintenance ("CAM") expenses payable by Sears pursuant the DOA.

Briefly, the original parties to the DOA consisted of four entities having varying interests in certain contiguous parcels of property in Brooklyn, New York, including both at-grade parcels and a rooftop parking deck. The City of New York was also a party, but only for the limited purpose of being bound by a particular section of the DOA.

The original parties desired to create and maintain a uniformly operated parking facility on the contiguous parcels referred to above (the "Parking Facility"). As set forth in the DOA, the purpose of the Parking Facility was to strengthen the retail area and mitigate traffic congestion. It was in furtherance of that objective that the original parties entered into the DOA.

The DOA provided, among other things, that the Parking Facility would be operated, managed, maintained, repaired and/or restored by an operator appointed by the parties (the

"Operator"). Through a series of transactions following the original execution of the DOA, in August 2004, Flatbush took over as the Operator.

Pursuant to the DOA, Sears is responsible to pay to the Operator a percentage of the expenses to operate and maintain the Parking Facility (the "Expenses"). The Expenses are defined in the DOA as the expenses of operating and maintaining all of the parking areas contained in the Parking Facility, including both the at-grade and roof top parking areas. At all relevant times, Sears' percentage has been and remains 50%.

From and after the date Flatbush took over as Operator, Sears paid, as its base regular assessment under the DOA, $9,611 per month. This represented what both Flatbush and Sears mistakenly believed at the time to be approximately 1/12 of Sears' share of the annual estimated Expenses for the coming year. Since the base Expenses varied little from year to year, Flatbush simply continued to bill, and Sears continued to pay, $9,611 every month as the base regular assessment.

Following the end of each year, Flatbush would prepare and send to Sears, together with all necessary back-up materials, a statement of the actual expenses for the preceding year. Based on the statement of actual expenses, with such changes as the parties may have agreed upon, Sears was billed, and paid, the shortfall.

Concerned that it seemed to be losing money in connection with the operation of the Parking Facility, in or about late 2013, Flatbush undertook a review (the "review") of the amount of Expenses Sears was paying each year. The review revealed that Sears was substantially underpaying its 50% portion of the Expenses.

This occurred for the following reason. As noted above, the Expenses are defined in the DOA as the expenses of operating and maintaining _all_ of the parking areas contained in the

Parking Facility, not just the at-grade parking area. However, the review revealed that Sears was inadvertently being charged for its percentage of the Expenses for maintaining only the at-grade portion of the Parking Facility, and not the roof deck. By reason of the parties' mutual mistake, Sears was not being charged for, and it did not pay, its percentage of the Expenses relating to the roof deck parking areas.

Following completion of the review, Flatbush prepared revised annual statements, which, unlike the original erroneous annual statements, included Sears' 50% proportion of the Expenses for the roof deck as well as the at-grade parking areas. The revised statements, which, together with all backup, were sent to Sears, showed that Sears underpaid, as a result of the mutual mistake discussed above, approximately $3.7 million from August 2004 (the year Flatbush took over as Operator) through September 2018.

Flatbush believes that Sears has concluded and will acknowledge, that the DOA requires Sears to pay 50% of the Expenses relating to the *entire* Parking Facility, not just the at-grade portion that Sears has ben paying. Given these indisputable facts, to conclude otherwise would constitute a clear case of unjust enrichment and would result in a windfall to Sears. Flatbush has suffered a loss of approximately $3.7 million, whereas Sears has not been prejudiced in any way, and should pay what undeniably it was obligated to pay – particularly in the absence of any claim or showing of prejudice on it part.

Flatbush has made numerous demands for payment – all to no avail.

Flatbush seeks compensatory damages in the amount of the unpaid shortfalls, interest at the rate of 12% per year as provided in the DOA, together with the reasonable costs of collection, including reasonable attorney fees, also per the DOA.