**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MOTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE AND COLLATERAL AGENT, FOR LEAVE TO FILE UNDER SEAL

Wilmington Trust, National Association ("Wilmington Trust"), as indenture trustee and collateral agent, by and through its undersigned counsel, respectfully submits this motion (the "Motion") pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 (ECF No. 1084) (the "Amended Stipulated Protective Order"), for an Order permitting the filing under seal of certain redacted portions of the papers submitted by Wilmington Trust (I) in Support of Motion Pursuant to Bankruptcy Rule 3012 for Determination of Amount of Secured Claim Pursuant to 11 U.S.C. § 506(a) and Amount of Claim Entitled to Priority Pursuant to 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

U.S.C. § 507(b) and (II) in Opposition to Debtors' Motion Pursuant to 11 U.S.C. § 506(c) (the

"Wilmington Trust Papers"). Wilmington Trust respectfully seeks entry of an order,

substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"). In further support

of this Motion, Wilmington Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order of Reference from the United States District Court for the

Southern District of New York, dated December 1, 2016.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4.      On October 15, 2018 (the "Petition Date") and continuing thereafter, Sears

Holdings Corporation and certain of its affiliates (collectively, "Sears" or the "Debtors") each filed

a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date,

the Debtors have been operating and managing their businesses as debtors-in-possession.

5.      On May 26, 2019, the Debtors filed their *Motion to Estimate Certain 507(b) Claims

for Reserve Purposes* (ECF No. 4034) (the "Motion to Estimate"). The Motion to Estimate

followed several months of dispute between the Debtors and Wilmington Trust, Cyrus Capital

Partners, L.P. ("Cyrus"), and ESL Investments, Inc. and certain of its affiliated entities (including

JPP, LLC and JPP II, LLC (collectively, "ESL")) (ESL, Wilmington Trust, and Cyrus, collectively,

the "Second Lien Parties") as to the Debtors' ongoing use of cash collateral, and seeks entry of an order declaring that the Second Lien Parties are not entitled to any adequate protection recovery.

6.     On June 2, 2019, the Debtors and the Second Lien Parties filed the *Stipulation and Order Concerning the Resolution of Certain Section 507(b) Claims* (ECF No. 4102) (the "507(b) Stipulation") agreeing to withdraw the Motion to Estimate and to resolve the 507(b) claim dispute pursuant to Bankruptcy Rule 3012.

7.     Pursuant to the 507(b) Stipulation, the Second Lien Parties will be filing with the Court a common memorandum of law, and Wilmington Trust will also submit a supplemental memorandum of law and expert report as part of the Wilmington Trust Papers.

8.     Because the Wilmington Trust Papers reference materials that the Debtors have designated as "Confidential" or "Highly Confidential," Wilmington Trust is complying with its obligations under the Amended Stipulated Protective Order to seek to file certain portions of the Wilmington Trust Papers under seal.  Wilmington Trust will promptly confer with the Debtors to determine whether agreement can be reached on publicly filing the Wilmington Trust Papers. Wilmington Trust will also file a redacted version of the Wilmington Trust Papers on the public docket as soon as reasonably practicable.

## **RELIEF REQUESTED**

9.     By this Motion, Wilmington Trust seeks entry of the attached Proposed Order, pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Wilmington Trust Papers under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## BASIS FOR RELIEF

10.     The Amended Stipulated Protective Order sets forth the procedures for designating discovery material as either Confidential or Highly Confidential and provides the terms for the limited use of such materials.  Moreover, the Amended Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court.  Specifically, the Amended Stipulated Protective Order requires that all portions of pleadings, motions or other papers filed with the Court that disclose Confidential or Highly Confidential materials be filed under seal.  *See* Amended Stipulated Protective Order ¶ 13.

11.     The Wilmington Trust Papers rely upon, describe, and cite to documents, testimony and information that have been designated under the Amended Stipulated Protective Order as Confidential or Highly Confidential.  Pursuant to the Amended Stipulated Protective Order, Wilmington Trust is required to file portions of the Wilmington Trust Papers under seal.

12.     In the interest of time and pursuant to its obligations under paragraph 13 of the Amended Stipulated Protective Order, counsel for Wilmington Trust will work with counsel to the Debtors to determine whether they will remove their confidentiality designations and to determine what portions of the Wilmington Trust Papers, if any, should be filed under seal.  In the interim, unredacted versions of the Wilmington Trust Papers will be provided to the Court, the Debtors and the other Second Lien Parties.

13.     Counsel for the Debtors has advised that the Debtors do not object to this Motion.

14.     The Proposed Order that Wilmington Trust submits is narrowly tailored to restrict access only to commercially sensitive and confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

15. Simultaneous to its discussions with the Debtors, Wilmington Trust intends to file a redacted version of the Wilmington Trust Papers on the public docket as soon as reasonably practicable.

## NOTICE

16. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405). Wilmington Trust respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Wilmington Trust respectfully requests that the Court authorize it to file the Wilmington Trust Papers under seal and further relief deemed just, proper, and equitable.

Dated: New York, New York
June 18, 2019

SEYFARTH SHAW LLP

By:    */s/ Edward M. Fox*
     Edward M. Fox
     Steven Paradise
     Owen Wolfe
*Attorneys for Wilmington Trust, National Association, as indenture trustee and collateral agent*
620 Eighth Avenue
New York, NY 10018
Direct Dial:  (212) 218-4646
Direct Fax:   (917) 344-1339
Email:  emfox@seyfarth.com

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————
                                 )

In re                                )          Chapter 11
                                 )

SEARS HOLDINGS CORPORATION, *et al.*,[1]   )          Case No. 18-23538 (RDD)
                                 )

Debtors.                          )          (Jointly Administered)
———————————————————————)

**PROPOSED ORDER GRANTING MOTION OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE
AND COLLATERAL AGENT, FOR LEAVE TO FILE UNDER SEAL**

Upon the motion (the "Motion")[2] of Wilmington Trust, National Association

("Wilmington Trust"), as indenture trustee and collateral agent, for entry of an order (the

"Order") authorizing Wilmington Trust to file the papers submitted by Wilmington Trust (I) in

Support of Motion Pursuant to Bankruptcy Rule 3012 for Determination of Amount of Secured

Claim Pursuant to 11 U.S.C. § 506(a) and Amount of Claim Entitled to Priority Pursuant to 11

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. § 507(b) and (II) in Opposition to Debtors' Motion Pursuant to 11 U.S.C. § 506(c) (the

"Wilmington Trust Papers") under seal; and the Court having found that it has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Court having found that Wilmington Trust provided appropriate notice of the Motion and no

other notice need be provided; and the Court having determined that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Wilmington Trust is authorized to file the Wilmington Trust Papers under seal (the

"Sealed Documents"), redacting only that information that is considered confidential and

commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code,

Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3.      Except upon further order of the Court after notice to Wilmington Trust, the Sealed

Documents shall remain under seal, and shall not be made available to anyone without the consent

of Wilmington Trust, except that unredacted copies of the Sealed Documents shall be provided to

(a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors (on a

confidential and "professional eyes only" basis), (d) counsel and financial advisors to the Second

Lien Parties (on a confidential and "professional eyes only" basis), and (e) any other party as may

be ordered by the Court or agreed to by Wilmington Trust and a counterparty to any such Sealed

Documents, in each case, under appropriate confidentiality agreements satisfactory to Wilmington Trust. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4.      Wilmington Trust is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5.      This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6.      Counsel for Wilmington Trust shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the final order determining of the amounts owed to the Second Lien Parties as adequate protection.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
            White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE