Proposed Hearing Date: July 18, 2019
Proposed Response Deadline: June 27, 2019

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| SEARS HOLDINGS CORPORATION, et al., | 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## ESL'S DEMAND FOR PAYMENT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR-Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc. (3626)); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DEMAND FOR PAYMENT**

ESL[2] hereby files this demand for payment (the "**Demand**") against each of Sears Holdings Corporation ("**Sears**") and certain Sears affiliates as obligors[3] (together, the "**Obligors**"). As described in the proofs of claim previously filed in this case, ESL holds claims against Sears Holdings Corporation and its affiliated debtors, on account of, *inter alia*, the obligations under the Prepetition Second Lien 2018 Indenture Documents[4] and the Prepetition Second Lien Credit Agreement Documents.[5]

Basis for Demand

1.      Pursuant to that certain *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (ECF No. 955) (the "**Final ABL DIP Order**") and that certain *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying*

---

[2]      As used herein, ESL shall mean, ESL Investments, Inc., JPP, LLC, JPP II, LLC, Eddie S. Lampert and any of their respective directors, officers, or employees, in such capacities and in their individual capacities.

[3]      The Obligors shall mean each of Sears Holdings Corporation, A&E Factory Service, LLC, A&E Home Delivery, LLC, A&E Lawn & Garden, LLC, A&E Signature Service, LLC, California Builder Appliances, Inc., Florida Builder Appliances, Inc., KLC, Inc., Kmart Corporation, Kmart Holding Corporation, Kmart of Michigan, Inc., Kmart of Washington LLC, Kmart Operations LLC, Kmart Stores of Illinois LLC, Kmart Stores of Texas LLC, Kmart.com LLC, MyGofer LLC, Private Brands, Ltd., Sears Brands Management Corporation, Sears Holdings Management Corporation, Sears Home Improvement Products, Inc., Sears Operations LLC, Sears Protection Company, Sears Protection Company (Florida), L.L.C., Sears Roebuck Acceptance Corp., Sears, Roebuck and Co., SR - Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.), SOE, Inc., StarWest, LLC and FBA Holdings Inc.

[4]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Final ABL DIP Order (as defined below).

[5]      For the avoidance of doubt, obligations under the Prepetition Second Lien 2018 Indenture Documents and the Prepetition Second Lien Credit Agreement Documents shall include all Prepetition Second Lien Obligations arising thereunder.

2

*the Automatic Stay; and (III) Granting Related Relief* (ECF No. 1436) (the "**Final Junior DIP Order**") ESL received protections on account of its prepetition interest in the collateral securing its claims on account of the Prepetition Second Lien Obligations.

2.     Specifically, pursuant to paragraph 17(d) of the Final ABL DIP Order, the Prepetition Second Lien Credit Parties were granted "valid and perfected replacement and additional security interest in, and liens on . . . all DIP ABL Collateral owned by the Prepetition Second Lien Loan Parties" to the extent of the aggregate net diminution in value resulting from the use, sale or lease of the Prepetition Second Lien Collateral or other decline in value to the extent permitted under the Bankruptcy Code, the imposition of the automatic stay, the priming of the liens securing the claims under the Prepetition Second Lien 2018 Indenture Documents or the Prepetition Second Lien Credit Agreement Documents  or the subordination to the Carve-Out (such aggregate net diminution in value, the "**Second Lien Diminution in Value**" and such replacement liens and security interests, the "**Second Lien Adequate Protection Liens**"). Moreover, pursuant to paragraph 17(d) of the Final ABL DIP Order, the Second Lien Adequate Protection Liens are:

> valid, binding, enforceable and fully perfected *nunc pro tunc* to the Petition Date . . . and shall (i) solely with respect to the Prepetition ABL Collateral, be subject and subordinate only to the Carve-Out, the Senior Permitted Liens, the DIP ABL Liens, the Prepetition ABL Facilities Adequate Protection Liens, the 2018 FILO Adequate Protection Liens, the Prepetition LC Facility Adequate Protection Liens the Prepetition ABL Liens, and the Post-Petition Intercompany Liens (ii) solely with respect to the Prepetition Encumbered Collateral, be subject to the Carve-Out, valid and perfected security interests in favor of third parties as of the Petition Date (including any Senior Permitted Liens), the DIP ABL Liens, the Junior DIP Liens, the Prepetition ABL Facilities Adequate Protection Liens, the 2018 FILO Adequate Protection Liens, the Prepetition LC Facility Adequate Protection Liens, and the Post-Petition Intercompany Liens (iii) solely with respect to Prepetition Unencumbered Collateral, subject to the Carve-Out, any Senior Permitted Liens, the DIP ABL Liens, the Junior DIP Liens, the Prepetition ABL Facilities Adequate Protection Liens, the 2018 FILO Adequate Protection Liens, the Prepetition LC Facility Adequate Protection Liens and the Post-Petition

Intercompany Liens and (iv) otherwise be senior to all other security interests in, liens on, or claims against any of the DIP ABL Collateral.

3. Additionally, pursuant to paragraph 18(d) of the Final ABL DIP Order the Prepetition Second Lien Credit Parties were granted an "allowed administrative claim against the Prepetition Second Lien Loan Parties' estates under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(a) and (b) of the Bankruptcy Code" to the extent of the Second Lien Diminution in Value to the extent that the Second Lien Adequate Protection Liens are not sufficient to protect the Prepetition Second Lien Credit Parties' interest in the Prepetition Second Lien Collateral (the "**Second Lien Adequate Protection Claims**"). Paragraph 18(d) of the Final ABL DIP Order provides that except as set forth therein, the Second Lien Adequate Protection Claims "shall have priority over all administrative expense claims and priority general unsecured claims against the Prepetition Second Lien Loan Parties or their estates, now existing or hereafter arising, to the fullest extent permitted under the Bankruptcy Code." Consistent with the relief granted to the Prepetition Second Lien Loan Parties in the Final ABL DIP Order, Section 507(b) of the Bankruptcy Code provides that "if the trustee . . . provides adequate protection" to a creditor, and despite such adequate protection the creditor still has an allowable claim under 507(a)(2), such a claim "shall have priority over every other claim allowable under such subsection." 11 U.S.C. § 507(b).

4. Paragraph 5 of the Final Junior DIP Order reiterates the adequate protection provided in the Final ABL DIP Order.

5. Subsequently, pursuant to Paragraph 7(b)-(c) of that certain *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in*

*Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**") the claims arising from the obligations under the Prepetition Second Lien 2018 Indenture Documents and the Prepetition Second Lien Credit Agreement Documents that are held by ESL were allowed for all purposes in the amounts set forth on Exhibit G to the asset purchase agreement that was approved pursuant to the Sale Order. The Sale Order did not determine the amount of the secured portion of these claims. The previously filed proofs of claim asserted that such claims are secured, and pursuant to this Demand, ESL asserts claims for the Second Lien Diminution in Value (the "**Claims**") as further described below.

Amount of Claims

6. ESL hereby asserts its Claims against the Obligors in respect of any and all amounts that constitute Second Lien Diminution in Value related to its claims based on obligations under the Prepetition Second Lien 2018 Indenture Documents or the Prepetition Second Lien Credit Agreement Documents, including, without limitation:

   a. a secured claim by virtue of the Second Lien Adequate Protection Liens in an amount to be determined;[6] and

---

[6] As further explained in the *Supplemental Memorandum of Law on Behalf of ESL Investments, Inc. in Support of its Requests to Determine the Amount of its Second Lien Secured Claims under Section 506(a) and its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and in Opposition to the Debtors' Motion to Surcharge its Collateral Pursuant to Section 506(c)* (the "**ESL Supplemental Brief**") filed contemporaneously herewith, the allowed amount of second lien debt owed to ESL, as set forth in the amended Exhibit G of the APA (as defined in the ESL Supplemental Brief), is $846,901,356.22 in total ($318,481,532.89 under the Prepetition Second Lien Credit Agreement Term Facility, $507,072,878.33 under the Prepetition Second Lien Credit Agreement Line of Credit Facility, and $21,346,945.00 under the Prepetition Second Lien Convertible Notes). ESL's Section 507(b) claim was calculated by subtracting its pro-rata share of the credit bid ($337,225,381) from its total allowed second lien debt. ESL does not have sufficient information to determine the value of its secured claims as of the plan effective date, but will provide an update to the Court with that information in advance of the July 18, 2019 hearing to the extent that the Debtors provide that necessary information. Any recovery on account of such secured claim would reduce the 507(b) claim amount. ESL reserves the right to assert additional claims for post-petition interest and all reasonable out-of-pocket expenses, including legal fees incurred by ESL by reason of the enforcement and protection of its rights in accordance with the applicable loan terms, plus any contingent and/or unliquidated claims not presently ascertainable.

5

  b. a superpriority claim pursuant to Section 507(b) of the Bankruptcy Code by virtue of the Second Lien Adequate Protection Claims of not less than $509,675,975.22.

7. The Claims are not subject to any known claims, counterclaims, setoffs or defenses by the Obligors.  ESL reserves any and all rights including, without limitation, all rights of setoff and recoupment, that ESL may have against the Obligors or their related entities.

Reservation of Rights

8. In filing this demand, ESL expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Obligors, and any rights and causes of action it may have under foreign law.  This description and classification of claims by ESL is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of ESL.

9. ESL reserves the right to withdraw, amend, clarify, modify, or supplement this Demand to assert additional claims or additional grounds for its Claims.  ESL also reserves all rights accruing to it against the Obligors and their respective estates, and the filing of this Demand is not intended to be and shall not be construed as (a) an election of remedy; (b) a waiver or limitation of any rights of ESL; or (c) a waiver or release of any rights of ESL in any person or property in which ESL has an interest including any interest held in constructive trust in favor of ESL.  In addition, ESL reserves the right to supplement this Demand with relevant documents to the extent necessary.  Furthermore, ESL reserves the right to withdraw this Demand for any reason whatsoever.

10. ESL expressly reserves its right to file any separate or additional claims with respect to the Demand set forth herein or otherwise (which claims, if so filed, shall not be

deemed to supersede this Demand unless expressly so stated therein), to amend or supplement this Demand in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file claims in respect of additional amounts or for any other reason.

Dated: New York, New York
       June 18, 2019

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By:   */s/ Thomas J. Moloney*
                      Thomas J. Moloney
                      Sean A. O'Neal
                      Andrew Weaver
                      Katherine R. Lynch
                      Chelsey Rosenbloom

                      *Attorneys for ESL*
                      One Liberty Plaza
                      New York, NY 10006
                      Telephone: (212) 225-2000
                      Facsimile: (212) 225-3999