**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] ) | Case No. 18-23538 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**MOTION OF ESL INVESTMENTS, INC. FOR LEAVE TO FILE UNDER SEAL EXPERT REPORT OF DAVID M. SCHULTE IN SUPPORT OF SUPPLEMENTAL MEMORANDUM OF LAW ON BEHALF OF ESL INVESTMENTS, INC. IN SUPPORT OF ITS REQUESTS TO DETERMINE THE AMOUNT OF ITS SECOND LIEN SECURED CLAIMS UNDER SECTION 506(a) AND ITS SECTION 507(b) ADMINISTRATIVE CLAIMS PURSUANT TO BANKRUPTCY RULE 3012; AND IN OPPOSITION TO THE DEBTORS' MOTION TO SURCHARGE ITS COLLATERAL PURSUANT TO SECTION 506(c)**

ESL Investments, Inc. and certain of its affiliated entities (including JPP, LLC and JPP II, LLC (collectively, "ESL")), in their capacities as creditors of Sears Holdings Corporation and certain of its affiliates (collectively, "Sears" or the "Debtors"), by and through its undersigned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

counsel, respectfully submits this motion (this "Motion") pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 (ECF No. 1084) (the "Amended Stipulated Protective Order"), requiring the filing under seal of certain redacted portions of the *Expert Report of David M. Schulte in Support of Supplemental Memorandum of Law on Behalf of ESL Investments, Inc. in Support of Its Requests to Determine the Amount of Its Second Lien Secured Claims Under Section 506(a) and Its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; And in Opposition to the Debtors' Motion to Surcharge Its Collateral Pursuant to Section 506(c)* (the "Expert Report"). ESL respectfully seeks entry of an order, substantially in the format attached hereto as **Exhibit 1** (the "Proposed Order"). In further support of this Motion, ESL respectfully states as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4.  On October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the

Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

5. On May 26, 2019, the Debtors filed their *Motion to Estimate Certain 507(b) Claims for Reserve Purposes* (ECF No. 4034) (the "Motion to Estimate"). The Motion to Estimate followed several months of dispute between the Debtors and ESL, Wilmington Trust National Association ("Wilmington Trust"), as Indenture Trustee and Collateral Agent, and Cyrus Capital Partners, L.P. ("Cyrus" (ESL, Wilmington Trust, and Cyrus, collectively, the "Second Lien Parties") as to the Debtors' ongoing use of cash collateral, and seeks entry of an order declaring that the Second Lien Parties are not entitled to any adequate protection recovery.

6. On June 2, 2019, the Debtors and the Second Lien Parties filed the *Stipulation and Order Concerning the Resolution of Certain Section 507(b) Claims* (ECF No. 4102) (the "507(b) Stipulation") agreeing to withdraw the Motion to Estimate and to resolve the 507(b) claim dispute pursuant to Bankruptcy Rule 3012.

7. Pursuant to the 507(b) Stipulation, the Second Lien Parties will be filing with the Court a common memorandum of law, and ESL will also submit a supplemental memorandum of law and the Expert Report.

8. As the Expert Report references materials that Debtors have designated as "Confidential" or "Highly Confidential," ESL is complying with its obligations under the Amended Stipulated Protective Order to seek to file certain portions of the Expert Report under seal. ESL will promptly confer with the Debtors to determine whether agreement can be reached on publicly filing the Expert Report. ESL will also file a redacted version of the Expert Report on the public docket as soon as reasonably practicable.

## RELIEF REQUESTED

9. By this Motion, ESL seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Expert Report under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## BASIS FOR RELIEF

10. The Amended Stipulated Protective Order sets forth the procedures for designating discovery material as either Confidential or Highly Confidential and provides the terms for the limited use of such materials. Moreover, the Amended Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court. Specifically, the Amended Stipulated Protective Order requires that all portions of pleadings, motions or other papers filed with the Court that disclose Confidential or Highly Confidential materials be filed under seal. See Amended Stipulated Protective Order ¶ 13.

11. The Expert Report relies upon, describes and cites to documents, testimony and information that have been designated under the Amended Stipulated Protective Order as Confidential or Highly Confidential. Pursuant to the Amended Stipulated Protective Order, ESL is required to file portions of the Expert Report under seal.

12. In the interest of time and pursuant to its obligations under paragraph 13 of the Amended Stipulated Protective Order, counsel to ESL will work with counsel to the Debtors to determine whether they will remove their confidentiality designations and to determine what

portions of the Expert Report, if any, should be filed under seal. In the interim, unredacted versions of the Expert Report will be provided to the Court, the Debtors and the other Second Lien Parties.

13. The Debtors have consented to the filing of the Expert Report under seal.

14. The Proposed Order that ESL submits is narrowly tailored to restrict access only to commercially sensitive and confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

15. Simultaneous to its discussions with the Debtors, ESL intends to file a redacted version of the Sealed Documents on the public docket as soon as reasonably practicable.

## NOTICE

16. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405). ESL respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, ESL respectfully requests that the Court authorize it to file the Expert Report under seal and further relief deemed just, proper, and equitable.

Dated: June 18, 2019
      New York, New York

                            CLEARY GOTTLIEB STEEN & HAMILTON LLP

                            */s/  Andrew Weaver*
                            Thomas J. Moloney
                            Sean A. O'Neal
                            Andrew Weaver

                            One Liberty Plaza
                            New York, New York 10006
                            Telephone: (212) 225-2000
                            Facsimile: (212) 225-3999

                            *Attorneys for ESL Investments Inc.*

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[2] ) | Case No. 18-23538 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**PROPOSED ORDER GRANTING MOTION OF ESL INVESTMENTS INC.
FOR LEAVE TO FILE UNDER SEAL THE EXPERT REPORT OF
DAVID M. SCHULTE IN SUPPORT OF SUPPLEMENTAL MEMORANDUM
OF LAW ON BEHALF OF ESL INVESTMENTS, INC.
IN SUPPORT OF ITS REQUESTS TO DETERMINE
THE AMOUNT OF ITS SECOND LIEN SECURED CLAIMS UNDER
SECTION 506(a) AND ITS SECTION 507(b) ADMINISTRATIVE CLAIMS
PURSUANT TO BANKRUPTCY RULE 3012;
AND IN OPPOSITION TO THE DEBTORS' MOTION
TO SURCHARGE ITS COLLATERAL PURSUANT TO SECTION 506(c)**

Upon the motion (the "Motion")[3] of ESL Investments, Inc. and certain of its affiliated entities (including JPP, LLC and JPP II, LLC (collectively, "ESL")) for entry of an order (this

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[3]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

"Order") authorizing ESL to file the *Expert Report of David M. Schulte in Support of Supplemental Memorandum of Law on Behalf of ESL Investments, Inc. in Support of Its Requests to Determine the Amount of Its Second Lien Secured Claims Under Section 506(a) and Its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; And in Opposition to the Debtors' Motion to Surcharge Its Collateral Pursuant to Section 506(c)* (the "Expert Report") under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that ESL provided appropriate notice of the Motion and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. ESL is authorized to file the Expert Report under seal (the "Sealed Document"), redacting only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to ESL, the Sealed Document shall remain under seal, and shall not be made available to anyone without the consent of ESL, except that unredacted copies of the Sealed Document shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors (on a confidential and

2

"professional eyes only" basis), (d) counsel and financial advisors to the Second Lien Parties (on a confidential and "professional eyes only" basis) (e) any other party as may be ordered by the Court or agreed to by ESL and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality agreements satisfactory to ESL. Each party to whom disclosure is made shall keep the Sealed Document confidential.

4. ESL is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Document or any part thereof.

6. Counsel for ESL shall contact the Clerk's Office regarding the return or disposition of the Sealed Document within 10 days after the final order determining of the amounts owed to the Second Lien Parties as adequate protection.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                                         _____
                                                         THE HONORABLE ROBERT D. DRAIN
                                                         UNITED STATES BANKRUPTCY JUDGE