Eric R. Reimer (admitted *pro hac vice*)
Thomas R. Kreller (admitted *pro hac vice*)
Robert J. Liubicic
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000

Brian Kinney
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel to Cyrus Capital Partners, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**REQUEST FOR PAYMENT**

Cyrus Capital Partners, L.P. ("Cyrus") hereby submits this Request, under Bankruptcy Rule 3012, for the (i) payment of its claim under section 507(b) of the Bankruptcy Code and (ii) determination of the amount of its secured claim under section 506(a) of the Bankruptcy Code.[1] In support of this Request, Cyrus respectfully represents as follows:

---

[1] Cyrus files this Request in conjunction with the *Common Memorandum Of Law On Behalf Of The Second Lien Parties In Support Of Their Requests To Determine The Amount Of Their Secured Claims Under Section 506(A) And Their Section 507(B) Administrative Claims Pursuant To Bankruptcy Rule 3012; And In Opposition To Debtors' Motion To Surcharge Their Collateral Pursuant To Section 506(C)*

**Basis for Request**

1. Pursuant to the Final ABL DIP Order and the Final Junior DIP Order, Cyrus, along with the other Prepetition Second Lien Credit Parties, received certain protections on account of its prepetition interest in the collateral securing the Prepetition Second Lien Obligations, including "valid and perfected replacement and additional security interest in, and liens on . . . all DIP ABL Collateral owned by the Prepetition Second Lien Loan Parties" to the extent of the aggregate net diminution in value resulting from the use, sale or lease of the Prepetition Second Lien Collateral or other decline in value to the extent permitted under the Bankruptcy Code, the imposition of the automatic stay, the priming of the liens securing the claims under the Prepetition Second Lien 2018 Indenture Documents or the Prepetition Second Lien Credit Agreement Documents asserted in the previously filed proofs of claim or the subordination to the Carve-Out (such aggregate net diminution in value, the "<u>Second Lien Diminution in Value</u>" and such replacement liens and security interests, the "<u>Second Lien Adequate Protection Liens</u>"). *See* Final ABL DIP Order ¶ 17(d), Nov. 30, 2018 [Docket No. 955].

2. In addition, Cyrus, along with the other Prepetition Second Lien Credit Parties, was granted an "allowed administrative claim against the Prepetition Second Lien Loan Parties' estates under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(a) and (b) of the Bankruptcy Code" to the extent of the Second Lien Diminution in Value to the extent that the Second Lien Adequate Protection Liens are not sufficient to protect the Prepetition Second Lien Credit Parties' interest in the Prepetition Second Lien Collateral (the "<u>Second Lien Adequate Protection Claims</u>"). *See* Final ABL DIP Order ¶ 18(d). Except as set forth in the Final ABL DIP Order, the Second Lien Adequate Protection Claims "shall have priority over all administrative expense claims and priority general unsecured claims against the

---

(the "<u>Common Brief</u>"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Common Brief.

2

Prepetition Second Lien Loan Parties or their estates, now existing or hereafter arising, to the fullest extent permitted under the Bankruptcy Code." *Id*.

3. Paragraph 5 of the Final Junior DIP Order reaffirms the adequate protection provided to the Prepetition Second Lien Credit Parties in the Final ABL DIP Order.

4. Subsequently, pursuant to Paragraph K of that certain *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (Docket No. 2507) the Prepetition Second Lien Claims (including those held by Cyrus) were allowed.

5. Cyrus hereby requests payment of its claim for the Second Lien Diminution in Value (the "Claim") as further described below.

## Amount of the 507 (b) Claim

6. As demonstrated in this Request, the Expert Report of Marti P. Murray (the "Murray Report"), the Common Brief, and Cyrus' Memorandum of Law (the "Cyrus Brief") in Support of this Request, on a conservative basis the Prepetition Second Lien Credit Parties' interest has been diminished by at least $491.6 million, of which $78.9 million is attributable to Cyrus' Claim—and those minimum amounts are subject to material upward adjustment based upon factors discussed in the Cyrus Brief and the Common Brief.

7. Accordingly, Cyrus hereby asserts a superpriority Claim pursuant to Section 507(b) of the Bankruptcy Code on account of any and all amounts that constitute Second Lien Diminution in Value of its interest in the Prepetition Second Lien Collateral against the Prepetition Second Lien Loan Parties of not less than $78.9 million.

8. The Claim is not subject to any known claims, counterclaims, setoffs or defenses, including, without limitation, any surcharge against the Prepetition Second Lien Collateral pursuant to section 506(c) of the Bankruptcy Code.

## Secured Status

9. The Claim asserted above assumes that the Debtors will, as of the effective date of their chapter 11 plan, hold no Prepetition Second Lien Collateral, proceeds thereof, or any collateral subject to the Second Lien Adequate Protection Liens. As such, Cyrus assumes that no portion of the Claim will be secured. To the extent, however, that any such collateral or its proceeds remains in the Debtors' possession, the Claim is secured to the extent of its ratable portion thereof (and the 507(b) portion of the Claim will be reduced on a dollar-for-dollar basis).

WHEREFORE, Cyrus respectfully requests that the Court (i) allow Cyrus' 507(b) Claim in an amount not less than $78.9 million, (ii) allow Cyrus' secured claim to the extent the Debtors retain any of the Prepetition Second Lien Collateral, collateral subject to the Second Lien Adequate Protection Liens, or proceeds of the foregoing, and (iii) grant such other relief as is just and proper.

Dated: June 18, 2019
New York, New York

**MILBANK LLP**

By: /s/ Thomas R. Kreller

Eric R. Reimer (admitted *pro hac vice*)
Thomas R. Kreller (admitted *pro hac vice*)
Robert J. Liubicic
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000

Brian Kinney
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel to Cyrus Capital Partners, L.P.*