BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

*Attorney for M & S Landscaping, Inc., Creditor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et. al., | Case No: 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors | |

-----------------------------------------------------------------x

**MOTION OF M & S LANDSCAPING INC. FOR AN ORDER PURSUANT TO 11 U.S.C. § 503 (i) GRANTING AN ADMINISTRATIVE CLAIM; (ii) COMPELLING THE IMMEDIATE PAYMENT OF THE ADMINISTRATIVE EXPENSE CLAIM FOR SERVICES RENDERED BY M&S LANDSCAPING INC. AND INCURRED BY THE DEBTOR POST-PETITION; AND (iii) FOR SUCH OTHER AND FURTHER RELIEF THE COURT DEEMS APPROPRIATE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

M&S LANDSCAPING INC. ("M&S"), an administrative creditor in the Chapter 11 bankruptcy case of SEARS HOLDINGS CORPORATION, et. al. (the "Debtors") by and through its undersigned counsel, submits this motion (the "Motion") to Allow and Compel Payment of Administrative Expense Claims Under 11 U.S.C. § 503(b) for services rendered as set forth herein incurred by the Debtors post-petition. In support of the Motion, M&S respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding pursuant to 28 U.S.C. §157(b).

2. The statutory predicate for the relief requested herein is Section 503 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. The Debtors filed for bankruptcy on October 15, 2018 (the "Petition Date")

4. M&S entered into a contract on or about December 1, 2019 with the Debtors to provide necessary post-petition services as set forth in the agreement attached hereto as "**Exhibit A**".

5. M&S provided necessary services on request of the Debtors in the normal course of business and provided the invoices attached as "**Exhibit B**".

6. Debtors have failed to make timely payment for the services rendered causing M&S financial difficulty in paying its own bills.

7. As of the date of this Motion, the Debtors owe M&S post-petition fees of $276,297.70.

## RELIEF REQUESTED

8. M&S requests entry of an order, substantially in the form attached hereto as "Exhibit C": (i) granting M&S an allowed administrative expense claim in the amount of $276,297.70 pursuant to Section 503(b)(1)(A) of the Bankruptcy Code for services rendered to the Debtor post-petition; and (ii) requiring the Debtor to immediately pay such allowed administrative expense claim.

## BASIS FOR RELIEF

9. The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. §

503(b)(1)(A)." Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)). "This priority is based on the premise that the operation of the business by a debtor-in possession benefits pre-petiton creditors; therefore, any claims that result from that operation are entitled to payment prior to payment to 'creditors for whose benefit the continued operation of the business was allowed.'" *Enron*, 279 B.R. at 704 (citing Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir. 1976).

10. Here, M&S asserts that the Debtors owe M&S $276,297.70 for services rendered to the Debtor post-petition which it is entitled to as an immediate payment.

11. With respect to timing of payment of an allowed administrative claim, courts have discretion as to whether to provide for immediate payment of such a claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id*. Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need

to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

12.     As set forth above, M&S was enticed into providing services to companies in bankruptcy on the promise of being paid currently since the obligations were post-petition administrative claims that were necessary for the operations of the Debtors. The services included necessary snow removal as well as critical contracting issues that are set out in the attached invoices. The Debtors never disputed the invoices of M&S during that post-petition period. Presumably, the Debtors continue to pay other administrative creditors in the ordinary course of business at the expense of M&S who the Debtors have not paid in several months and there has been no indication that Debtors will make payment without being compelled to do so. It would be patently unfair, and without legal basis, for the Debtor to pay some administrative expense claimants who supply goods and services to the Debtor post-petition in the ordinary course of business and not pay others. See, e.g., 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the fact, have agreed to subordinate their claims.") (citation omitted). Accordingly, M&S requests immediate payment of its allowed administrative expense claims.

### **NOTICE**

13.     This Motion will be served on counsel to the Debtors and the Unsecured Creditors Committee.

14.     Notice of this Motion will be served on all creditors and parties in interest.

15.     M&S submits that no other or further notice need be provided.

16.     No previous motion or application for the relief sought herein has been made to this

or any other Court.

## CONCLUSION

17.    For the foregoing reasons, M&S respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit C, (i) granting M&S an allowed administrative expense claim in the amount of $276,297.70 on account of services rendered to the Debtors after the Petition Date; and (ii) requiring the Debtors to immediately pay such allowed administrative expense claim; and (b) grant such other and further relief to GSI as the Court deems just and proper.

Dated:  Harrison, New York        BRONSON LAW OFFICES, P.C.
        June 19, 2019              *Attorneys for M&S Landscaping and Contracting*

                                      By:  */s/ H. Bruce Bronson*
                                            H. Bruce Bronson
                                            480 Mamaroneck Ave.
                                            Harrison, NY 10528