**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

## ORDER (I) AUTHORIZING ASSUMPTION AND
## ASSIGNMENT OF CERTAIN LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed

by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith; and the Court having entered this Court's prior order, dated November 19, 2018 (Docket No. 816) including the schedule as revised by the *Global Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (Docket No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding procedures for the Acquired Assets and granting certain related relief; and Transform Holdco LLC (the "Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing on the Sale Motion, which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") on February 8, 2019 (Docket No. 2507); the Court having entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") on April 2, 2019 (Docket No. 3008), pursuant to which the Debtors may assume and assign certain executory contracts or unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be amended, restated, amended and restated from time to time, including pursuant to that certain

Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer having filed the *Notice of Assumption and Assignment of Additional Designatable Leases* on April 19, 2019 (Docket No. 3298) (the "Designated Lease Notice"), pursuant to which the Debtors seek to assume and assign the lease for store number 9416, located at 399 Tarrytown Rd, White Plains NY (the "Designated Lease") in accordance with the Assumption and Assignment Order; and the counterparty to the Designated Lease, Crossroads Joint Venture, LLC (the "Landlord") having filed the *Objection of Crossroads Joint Venture, LLC to Debtors' Stated Cure Amount (ECF #3298)* (Docket No. 3455), and the *Objection of Crossroads Joint Venture, LLC to Debtors' Notice of Potential Assumption and Assignment of Additional Designatable Leases* (Docket No. 3460) (collectively, the "Landlord Objections"); and the Buyer having filed *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* on May 6, 2019 (Docket No. 3654) (the "Buyer's Reply"); and the Court having entered the *Stipulation and Order by and Among Sellers, Buyer, and Crossroads Joint Venture, LLC Extending Time under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Lease of Nonresidential Real Property* (the "Extension Stipulation") (Docket No. 3834); and the Court having entered the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (Docket No. 3850) (the "Revised Assumption and Assignment Order"), pursuant to which the Debtors assumed and assigned certain unexpired leases to the Buyer; and the Landlord having agreed to resolve the Landlord Objections on the terms of this proposed order (the "Supplementary Assumption and Assignment Order"); and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, and the Assumption and Assignment Order, the Designated Lease Notice, the Revised Assumption and Assignment Order, Assumption and Assignment Hearing, and this Supplementary Assumption

and Assignment Order having been provided; and, except as otherwise provided for herein, all objections with respect to the Designated Lease hereto having been withdrawn, resolved, adjourned or overruled as provided in this Supplementary Assumption and Assignment Order; and there being no objections, after due notice, to the notice of presentment of the form of this Order, dated June 10, 2019; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the Supplementary Assumption and Assignment Hearing and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    **<u>Fed. R. Bankr. P. 7052</u>**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Assumption and Assignment Hearing.  This Supplementary Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.    **<u>Jurisdiction and Venue</u>**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C.

§ 157.  Venue of these chapter 11 cases and the Sale Motion in this district is proper under
28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient, and sound business purpose and
justification for the immediate assumption and assignment of the Designated Lease consistent with
the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and
Assignment Order.  Buyer, shall not be subject to the stay provided by Bankruptcy Rules 6004(h)
and 6006(d).

D.      **Vested Title**.  The Designated Lease constitutes property of the Debtors' estates,
and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy
Code.

E.      **Notice and Opportunity to Object**.  Actual written notice of, and a fair and
reasonable opportunity to object to and to be heard with respect to the Designated Lease has been
given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset
Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and
Assumption and Assignment Order, the Designated Lease Notice was properly served and the
counterparty thereto were afforded timely, good, appropriate and sufficient notice and an
opportunity to object in accordance with the Sale Order and no further notice need be given with
respect to the assumption and assignment of the Designated Lease.

F.      **Cure Notice**.  As evidenced by the certificates of service filed with the Court, the
Debtors have served, prior to the Assumption and Assignment Hearing, the *Notice of Cure Costs
and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in
Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"), dated January
18, 2019, on the counterparty to the Designated Lease, which provided notice of the Debtors' intent

5

to assume and assign such Designated Lease and notice of  purported related Cure Costs upon the non-debtor counterparty to such Designated Lease.  The service of the Cure Notice was timely, good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Designated Lease.  *See Affidavit of Service* (Docket No. 1969).  All non-debtor parties to the Designated Lease have had a reasonable opportunity to object both to the Cure Costs listed on the Cure Notice and Designated Lease Notice and, to the assumption and assignment of the Designated Lease to the Buyer or an Assignee, if applicable, in accordance with the Bidding Procedures Order and the Assumption and Assignment Order.

G.    **Assignment or Transfer Agreement**.    Any applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to the Designated Lease was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion.  Neither the Debtors, the Buyer nor the Buyer's Assignee (if applicable) have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant to the Assignment or Transfer Agreement and this Supplementary Assumption and Assignment Order, to be avoided under 363(n) of the Bankruptcy Code.

H.    **Assumption and Assignment of Designated Lease**.  The assumption and assignment of the Designated Lease is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates, and represents the valid and reasonable exercise of the Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.  The assumption and assignment of the Designated Lease must be approved and consummated promptly in order to

preserve the value of the Acquired Assets particularly given the June 30, 2019 deadline pursuant

to the Extension Stipulation. The Debtors have demonstrated compelling circumstances and a

good, sufficient, and sound business purpose and justification for the immediate approval of the

assumption and assignment of the Designated Lease in connection with the Sale Transaction as

contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order.

Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d)

with regard to this Supplementary Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1. **Motion is Granted**. The Sale Motion and the relief requested therein to the

extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the

Assumption and Assignment Order and Revised Assumption and Assignment Order is granted and

approved solely to the extent set forth herein.

2. **Findings of Fact and Conclusions**. The Court's findings of fact and

conclusions of law in the Sale Order and Revised Assumption and Assignment Order, and the

record of the hearing with respect to the Sale Order and the Assumption and Assignment Hearing

are incorporated herein by reference, solely with respect to the Designated Lease. The Designated

Lease constitutes an Acquired Asset. Accordingly, all findings of fact and conclusions of law in

the Sale Order and the Revised Assumption and Assignment Order with respect to the Acquired

Assets, including any explicitly governing the Initial Assigned Agreements shall apply to the

Designated Lease with full force and effect, and as the Buyer or Assignee of such Designated

Lease, Buyer and any Assignee are entitled to all of the protections set forth in the Sale Order and

Revised Assumption and Assignment Order with respect to Acquired Assets.

3.      **Objections Resolved**.  All objections to the assumption and assignment or designation of the Designated Lease have been resolved; provided that any timely filed cure objections that have not already been resolved shall be reserved in accordance with paragraph 11 of this Supplementary Assumption and Assignment Order.

4.      **Notice**.  Notice of the proposed assumption and assignment of the Designated Lease was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.      **Assumption and Assignment**.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Designated Lease pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this Supplementary Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Designated Lease.

6.      **Transfer of the Designated Lease Free and Clear**.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Designated Lease in accordance with the terms of the Asset Purchase Agreement and the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order. The Designated Lease shall be transferred to the Buyer or the Buyer's Assignee, if applicable, in accordance with the terms of the Asset Purchase Agreement, the Sale

8

Orderand this Supplementary Assumption and Assignment Order and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Buyer or the Buyer's Assignee, if applicable, with all right, title and interest of the Debtors in the Designated Lease; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.    **This Supplementary Assumption and Assignment Order**: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated as to the Designated Lease, and that the conveyances and transfers described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer or the Buyer's Assignee, as applicable, is the assignee and owner of such Designated Lease free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").  All Recording Officers are authorized and specifically directed to strike recorded Claims against the Designated Lease recorded prior to the date of this Supplementary Assumption and Assignment Order.  A certified copy of this Supplementary Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Designated Lease recorded prior to the date of this Supplementary Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and

appropriate to consummate the transactions contemplated by the Asset Purchase Agreement; provided however that nothing in this paragraph 7 or paragraph 9 shall authorize any Recording Officers to take any action with respect to Restrictive Covenants (as defined in the Revised Assumption and Assignment Order).

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's or Buyer's Assignee's, if applicable, title to or use and enjoyment of the Designated Lease or the premises governed by such Designated Lease based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.      If any Person that has filed financing statements, mortgages, mechanic's liens, notices of lis pendens or other documents or agreements evidencing Claims against the Debtors or the Designated Lease shall not have delivered to the Debtors as of the time of entry of this Supplementary Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors or such Designated Lease or otherwise, then with regard to such Designated Lease: (i) the Debtors are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to such Designated Lease; (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Supplementary Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against such Designated Lease; and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to such Designated Lease; provided that, notwithstanding anything in this Supplementary

Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Supplementary Assumption and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Supplementary Assumption and Assignment Order. This Supplementary Assumption and Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.

10.    Subject to the terms of this Supplementary Assumption and Assignment Order, this Supplementary Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Designated Lease acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to such Designated Lease to the Buyer or Buyer's Assignee, if applicable.

11.    **Assumption and Assignment of Designated Lease**. The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Designated Lease to Transform Operating Stores, LLC ("TOS"), an indirect subsidiary of the Buyer, free and clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order, to execute and deliver to TOS such documents or other instruments as may be necessary to assign and transfer such Designated Lease to TOS, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights, title, and interests in such Designated Lease to TOS. With

respect to the Designated Lease, all Cure Costs that have not been waived by, or as to which an objection has been timely filed by, or that have not been otherwise addressed in an alternate arrangement with, any non-debtor party to the Designated Lease shall be: (i) with respect to the undisputed amounts, be paid in cash by the Buyer, within five business days of entry of this Supplementary Assumption and Assignment Order and (ii) with respect to any disputed amounts asserted in timely filed objections, the Buyer shall establish a cash reserve within five business days of entry of this Supplementary Assumption and Assignment Order and the Buyer shall pay or release such amounts promptly upon resolution of any such disputed Cure Cost. The Buyer and Landlord shall work in good faith to reconcile any disputes with respect to Cure Amounts, provided, however, that if either party believes, following good faith discussions, that an impasse has been reached with respect to any Cure Amounts, such party shall give written notice to the other, and within five days after such notice, in the absence of an agreement, such party may seek a hearing before the Bankruptcy Court in accordance with the Assumption and Assignment Order. All parties' rights and defenses with respect to cure costs disputes that were timely raised and filed in accordance with the Bidding Procedures Order, the Sale Order and the Assumption and Assignment Order are fully reserved pending any such hearing and determination by the Bankruptcy Court. Payment of Cure Costs (a) with respect to the undisputed cure amounts or (b) with respect to disputed cure amounts as subsequently agreed by the parties or determined by the Court, shall: (i) be in full satisfaction and cure of any and all defaults under this Designated Lease, whether monetary or non-monetary; (ii) compensate the non-Debtor counterparty for any actual pecuniary loss resulting from such defaults and (iii) shall be made solely by the Buyer, and the Debtors shall have no liability therefor.

12.    With respect to the Designated Lease, the Buyer, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Designated Lease in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the Landlord counterparty to such Designated Lease.    Upon entry of this Supplementary Assumption and Assignment Order with respect to the Designated Lease, TOS shall be fully and irrevocably vested with all rights, title and interest of the Debtors under such Designated Lease and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Designated Lease occurring after such assumption and assignment. As between the Debtors and the Buyer, the Buyer shall be solely responsible for any liability arising and owed pursuant to the terms of the Designated Lease after the Closing.    Buyer and TOS acknowledge and agree that from and after the entry of this Supplementary Assumption and Assignment Order, with respect to the Designated Lease, in accordance with this Supplementary Assumption and Assignment Order, TOS shall comply with the terms of the Designated Lease in its entirety, including any indemnification obligations expressly contained in such Designated Lease (including with respect to events that occurred prior to the entry of this Supplementary Assumption and Assignment Order, for which cure costs were not known, liquidated or due and owing as of such date), as to which the Buyer continues to reserve its rights against the Debtors for indemnification to the extent provided in the Asset Purchase Agreement, and the Debtors reserve their respective rights and defenses with respect to any claims therefor.    The assumption by the Debtors and assignment to TOS of the Designated Lease shall not be a default under such Designated Lease.    Subject to the payment of the undisputed Cure Costs and resolution of any disputed cure amounts as provided in paragraph 11, the Landlord counterparty to the Designated

Lease is forever barred, estopped and permanently enjoined from asserting against the Debtors or the buyer, their affiliates, successors or assigns of the property or any of them, any default existing as of the date of entry of this Supplementary Assumption and Assignment Order or that any additional cure amounts are owed as a condition to assumption and assignment.

13.      All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the Debtors, and the assignment by the Debtors to TOS, with respect to the Designated Lease. Pursuant to the Sale Order, TOS has delivered to the Landlord (and delivered by email or facsimile to counsel for the Landlord) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the applicable Designated Lease that is proposed to be assumed and assigned to TOS.

14.      The Buyer and TOS have satisfied their adequate assurance of future performance requirements with respect to the Designated Lease and in connection therewith have presented sufficient evidence regarding their business plan, the experience and expertise of their management, and demonstrated they are sufficiently capitalized to comply with the necessary obligations under such Designated Lease.  With respect to the Designated Lease, the Buyer shall, as further adequate assurance, within fifteen days after entry of this Supplementary Assumption and Assignment Order (unless the parties otherwise agree), execute and deliver a Lease Guaranty Agreement of Transform Midco LLC substantially in the form annexed to the Revised Assumption and Assignment Order as Exhibit B thereto (the "Form of Guaranty").

15.      The assumption of any liabilities under the Designated Lease shall constitute a legal, valid and effective delegation of all liabilities thereunder to TOS and, following payment of

all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Supplementary Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Designated Lease for any breach of such Designated Lease occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.    Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, within five business days after entry of this Supplementary Assumption and Assignment Order, pay to the Landlord all undisputed Cure Costs and other such undisputed amounts required with respect to such Designated Lease.  Upon assumption and assignment of the Designated Lease, the Debtors and their estates shall be relieved of any liability for breach of such Designated Lease after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer and TOS  shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under the Designated Lease attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements, and the Debtors reserve all their respective rights and defenses with respect to any claims therefor.  For the avoidance of doubt, the Buyer and/or TOS will perform under and in accordance with the terms of the Designated Lease from and after entry of this Supplementary Assumption and Assignment Order.

17.    Solely in connection with the Designated Lease and the proposed transfer set forth upon the entry of this Supplementary Assumption and Assignment Order, any provision in the

Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Designated Lease shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with the Designated Lease and the proposed transfer to TOS, no sections or provisions of the Designated Lease, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Designated Lease (including, but not limited to, the conditioning of such assignment on the consent of the Landlord counterparty to such Designated Lease); (ii) provide for the cancellation, or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the Landlord counterparty to such Designated Lease upon assignment thereof; or (iv) provide for any rights of first refusal on the Landlord's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of the Landlord, or any right of the Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the assignment of the Lease to TOS,.  Upon assumption and assignment of the Designated Lease pursuant hereto, TOS shall enjoy all of the rights and benefits, under the Designated Lease as of the date of the entry of this Supplementary Assumption and Assignment Order and shall assume all obligations as of the Closing Date.

18.     Solely in connection with the Designated Lease and notwithstanding anything to the contrary in paragraph 12 or 16 hereof, upon the entry of this Supplementary Assumption and Assignment Order, except as otherwise expressly agreed by the Buyer and the Landlord, notwithstanding any provision in any Designated Lease that purports to prohibit, restrict or condition such action, (x) the Buyer or TOS shall be authorized to: (i) use the applicable Lease

Premises, subject to section 365(b)(3) of the Bankruptcy Code, as a retail store; (ii) operate such Lease Premises under the Buyer's trade name or any other trade name which the Buyer owns or is authorized to use (including any of the Debtors' trade names); (iii) subject to the provisions of the Designated Lease, make such alterations and modifications to the applicable Lease Premises (including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including panels on all pylons, monuments, directional and other ground and off-premises signs where Sellers are currently represented) deemed necessary by TOS (subject to all applicable laws including all applicable municipal codes) as are necessary or desirable for TOS to conform such Lease Premises to the prototypical TOS retail store; (iv) solely with respect to Lease Premises that are currently "dark," remain "dark" (including partially or fully un-occupied) with respect to such Lease Premises after such assumption and assignment until the date that is necessary to permit the Buyer or TOS to take occupancy, remodel, restock, re-fixture, change signage and/or until completion of the work described in clause (iii) above (so long as such date is not more than one hundred fifty (150) days after the entry of this Supplementary Assumption and Assignment Order) or such later date as may be reasonably required for the restoration of the such Lease Premises following any applicable Casualty / Condemnation Event; and (v) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under the Designated Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Designated Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name) and (y) neither the Buyer nor the applicable Assignee shall have any responsibility or liability for any Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

19.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or in the Asset Purchase Agreement, the Designated Lease shall be transferred to, and remain in full force and effect for the benefit of, TOS in accordance with its terms, including all obligations of TOS as the assignee of the Designated Lease, notwithstanding any provision in such Designated Lease (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  There shall be no, and the Landlord counterparty to the Designated Lease is forever barred and permanently enjoined from raising or asserting against the Debtors, the Buyer, or, if applicable, TOS, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Buyer, if applicable, TOS, or the Debtors as a result of the assumption or assignment of the Designated Lease pursuant to this Supplementary Assumption and Assignment Order.

20.    Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Designated Lease to TOS, under the provisions of this Supplementary Assumption and Assignment Order and full payment of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under the Designated Lease, and the Landlord counterparty to the Designated Lease shall not be permitted to declare a default by any Debtor, the Buyer or, if applicable, TOS, or otherwise take action against the Buyer or TOS as a result of any Debtor's financial condition, bankruptcy or failure to perform any of the Debtors' obligations under the Designated Lease.  Any provision in the Designated Lease that prohibits or conditions the assignment of such Designated Lease or allows the Landlord to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is

void and of no force and effect solely in connection with the transfer thereof pursuant to this Supplementary Assumption and Assignment Order.  The failure of the Debtors, the Buyer or, TOS to enforce at any time one or more terms or conditions of any Designated Lease shall not be a waiver of such terms or conditions, or of the Debtors', the Buyer's or, if applicable, TOS's, rights to enforce every term and condition of the Designated Lease.

21.     To the extent that the Designated Lease is designated to TOS, the transaction and the Assignment or Transfer Agreement is undertaken by TOS without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal.  By virtue of the transaction contemplated by the Assignment or Transfer Agreement, TOS shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

22.     **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Supplementary Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Designated Lease in connection with the Court approved Sale Transaction.  Any party objecting to this Supplementary Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Supplementary

Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

23.    **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms of this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, or any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, this Supplementary Assumption and Assignment Order, and the Assumption and Assignment Order and any documents executed in connection therewith shall govern, in that order.  Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or deviate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Sale Order or the terms of this Supplementary Assumption and Assignment Order.

24.    **Lease Deposits and Security**.  The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to the Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors.

25.    **Automatic Stay**.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Supplementary Assumption and Assignment Order.

26.    **Retention of Jurisdiction**.  This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Supplementary Assumption and Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Supplementary Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

27.    **Settlement Agreements**.  Notwithstanding anything to the contrary in this Supplementary Assumption and Assignment Order, the Asset Purchase Agreement, Sale Order, Assumption and Assignment Order or any Designated Lease Notices, in the event that the Buyer (and/or its direct or indirect affiliates or subsidiaries) (the "Buyer Parties") entered into a settlement or other applicable agreement that by its terms governs the terms of assumption and assignment in connection with the above-captioned proceedings of the Designated Lease (a "Landlord Agreement") with the Landlord of such Designated Lease , the relationship of the applicable Buyer Parties and the Landlord shall be governed and determined by the terms and conditions of the Landlord Agreement, which shall supersede and control any inconsistent terms or provisions of this Supplementary Assumption and Assignment Order or any other prior Supplementary Assumption and Assignment Order relating to the assumption and/or assignment of the Designated Lease; provided, however, that nothing in the Landlord Agreement may alter the provisions of this Supplementary Assumption and Assignment Order relating to the Debtors' or the Sellers' obligations.

28.    **Insurance Obligations**.  To the extent required by the express terms of the Designated Lease, within thirty days hereof, the Buyer shall provide the Landlord counterparty to

the Designated Lease with any evidence or certificates of insurance that may be required.  Nothing

in this Supplementary Assumption and Assignment Order shall waive, withdraw, limit or impair

any claims that the Landlord may have against the Debtors, the Buyer or TOS with respect to

claims for indemnification for third parties' claims arising from or related to the use and occupancy

of the Designated Lease prior to the entry of this Supplementary Assumption and Assignment

Order solely to the extent of available occurrence-based insurance coverage that named the

Landlord as an additional insured; provided, for the avoidance of doubt, that the Landlord may

pursue such claims only against the insurer(s) that named the Landlord as an additional insured

and solely to the extent of such coverage.

Dated:   June 20, 2019
         White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE