**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                                  :        **Chapter 11**
                                                       :
**SEARS HOLDINGS CORPORATION**, *et al.*,              :        **Case No. 18-23538 (RDD)**
                                                       :
                                                       :
                    Debtors.[1]                        :        **(Jointly Administered)**
-------------------------------------------------------------x

## ORDER (I) AUTHORIZING ASSUMPTION AND
## ASSIGNMENT OF CERTAIN LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed

by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]   Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

Southern District of New York (the "Local Rules"), authorizing and approving the sale of the

Acquired Assets and the assumption and assignment of certain executory contracts and unexpired

leases of the Debtors in connection therewith; and the Court having entered this Court's prior

order, dated November 19, 2018 (Docket No. 816) including the schedule as revised by the *Global

Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018

(Docket No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding

procedures for the Acquired Assets and granting certain related relief; and Transform Holdco LLC

(the "Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as

reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a

hearing on the Sale Motion, which commenced on February 4, 2019, at which time all interested

parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court

having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer,

(II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims,

Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain

Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the

"Sale Order") on February 8, 2019 (Docket No. 2507); the Court having entered the *Order (I)

Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II)

Granting Related Relief* (the "Assumption and Assignment Order") on April 2, 2019 (Docket No.

3008), pursuant to which the Debtors may assume and assign certain executory contracts or

unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement,

dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each

Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be

amended, restated, amended and restated from time to time, including pursuant to that certain

Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer having filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298) (the "Designated Lease Notice"), pursuant to which the Debtors seek to assume and assign the lease for store number 3390, located at 1915 East Third St., Williamsport, PA (the "Designated Lease") in accordance with the Assumption and Assignment Order; and the counterparty to the Designated Lease having filed the *Objection to Notice of Assumption and Assignment of Additional Designatable Leases and to Proposed Cure Amount of Loyal Holdings DE LLC* (Docket No. 3388) (the "Landlord Objection"); and the Buyer having filed *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* on May 6, 2019 (Docket No. 3654) (the "Buyer's Reply"); and the Court having entered the *Stipulation and Order By and Among Sellers, Buyer, and Landlord Loyal Holdings DE LLC Extending Time Under Section 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property* (the "Extension Stipulation") (Docket No. 3849); and the Court having conducted an evidentiary hearing on the assumption and assignment of the Designated Lease (the "Assumption and Assignment Hearing"), which commenced on May 8, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Assumption and Assignment Notices and their objections and responses thereto; and the Court having entered the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (Docket No. 3850) (the "Revised Assumption and Assignment Order"), pursuant to which the Debtors assumed and assigned certain unexpired leases to the Buyer; and the Court having been advised that the Landlord Objections were resolved on the terms of this proposed order (the "Supplementary Assumption and Assignment Order"); and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, and the Assumption

and Assignment Order, the Designated Lease Notice, the Revised Assumption and Assignment Order, Assumption and Assignment Hearing, and this Supplementary Assumption and Assignment Order having been provided; and, except as otherwise provided for herein, all objections with respect to the Designated Lease hereto having been withdrawn, resolved, adjourned or overruled as provided in this Supplementary Assumption and Assignment Order; and there being no objections to the notice of presentment of this form of this Order, dated June 11, 2019; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the Supplementary Assumption and Assignment Hearing and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    **<u>Fed. R. Bankr. P. 7052</u>**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Assumption and Assignment Hearing.  This Supplementary Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.    **<u>Jurisdiction and Venue</u>**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431,

dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Designated Lease consistent with the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order.  Buyer, shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.      **Vested Title**.  The Designated Lease constitutes property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.      **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the Designated Lease has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and Assumption and Assignment Order, the Designated Lease Notice was properly served and the counterparty thereto was afforded timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Designated Lease.

F.      **Cure Notice**.  As evidenced by the certificates of service filed with the Court, the Debtors have served, prior to the Assumption and Assignment Hearing, the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"), dated January

18, 2019, on the counterparty to the Designated Lease, which provided notice of the Debtors' intent

to assume and assign such Designated Lease  and notice of the related proposed Cure Costs upon

the non-debtor counterparty to such Designated Lease.  The service of the Cure Notice was timely,

good, sufficient and appropriate under the circumstances and no further notice need be given with

respect to the Cure Costs for the assumption and assignment of the Designated Lease.  *See Affidavit

of Service* (Docket No. 1969).   All non-debtor parties to the Designated Lease have had a

reasonable opportunity to object both to the Cure Costs listed on the Cure Notice and Designated

Lease Notice and, to the assumption and assignment of the Designated Lease to the Buyer or an

Assignee, if applicable, in accordance with the Bidding Procedures Order and the Assumption and

Assignment Order.

        G.    **Assignment or Transfer Agreement**.    Any applicable assignment

agreement or any other agreement or instrument of assignment or transfer (an "Assignment or

Transfer Agreement") with respect to the Designated Lease was negotiated and proposed in good

faith, from arms'-length bargaining positions, and without collusion.  Neither the Debtors, the

Buyer nor the Buyer's Assignee (if applicable) have engaged in any conduct that would cause or

permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant to the

Assignment or Transfer Agreement and this Supplementary Assumption and Assignment Order,

to be avoided under 363(n) of the Bankruptcy Code.

        H.    **Assumption and Assignment of Designated Lease**.  The assumption and

assignment of the Designated Lease is integral to the Asset Purchase Agreement, is in the best

interests of the Debtors and their estates, and represents the valid and reasonable exercise of the

Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.  The assumption and assignment of the Designated Lease must be approved and consummated promptly in order to preserve the value of the Acquired Assets particularly given the June 30, 2019 deadline pursuant to the Extension Stipulation.  The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Designated Lease in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Supplementary Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    **Motion is Granted**.  The Sale Motion and the relief requested therein to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order and Revised Assumption and Assignment Order is granted and approved solely to the extent set forth herein.

2.    **Findings of Fact and Conclusions**.  The Court's findings of fact and conclusions of law in the Sale Order and Revised Assumption and Assignment Order, and the record of the hearing with respect to the Sale Order and the Assumption and Assignment Hearing are incorporated herein by reference, solely with respect to the Designated Lease. The Designated Lease constitutes an Acquired Asset.  Accordingly, all findings of fact and conclusions of law in the Sale Order and the Revised Assumption and Assignment Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements shall apply to the Designated Lease with full force and effect, and as the Buyer or Assignee of such Designated

Lease, Buyer and any Assignee are entitled to all of the protections set forth in the Sale Order and Revised Assumption and Assignment Order with respect to Acquired Assets.

3.      **Objections Resolved**.    All objections to the assumption and assignment or designation of the Designated Lease have been resolved; *provided* that any timely filed cure objections that have not already been resolved shall be reserved in accordance with paragraph 11 of this Supplementary Assumption and Assignment Order.

4.      **Notice**. Notice of the proposed assumption and assignment of the Designated Lease was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.      **Assumption and Assignment**.    Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Designated Lease pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this Supplementary Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Designated Lease.

6.      **Transfer of the Designated Lease Free and Clear**.    Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Designated Lease in accordance with the terms of the Asset Purchase Agreement and the Sale Order.   The Designated Lease shall be transferred to the Buyer or the Buyer's Assignee, if

applicable, in accordance with the terms of the Asset Purchase Agreement, the Sale Order, the

Assumption and Assignment Order, and this Supplementary Assumption and Assignment Order

and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Buyer or the Buyer's

Assignee, if applicable, with all right, title and interest of the Debtors in the Designated Lease; and

(iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental

Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.      This Supplementary Assumption and Assignment Order: (i) shall be effective as a

determination that, all Claims against the Debtors have been unconditionally released, discharged

and terminated as to the Designated Lease, and that the conveyances and transfers described herein

have been effected; and (ii) is and shall be binding upon and govern the acts of all persons,

including all filing agents, filing officers, title agents, title companies, recorders of mortgages,

recorders of deeds, registrars of deeds, administrative agencies, governmental departments,

secretaries of state, federal, state, county and local officials and all other persons who may be

required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments that reflect that the Buyer or the Buyer's

Assignee, as applicable, is the assignee and owner of such Designated Lease free and clear of all

Claims, or who may be required to report or insure any title or state of title in or to any lease (all

such entities being referred to as "Recording Officers").  All Recording Officers are authorized

and specifically directed to strike recorded Claims against the Designated Lease recorded prior to

the date of this Supplementary Assumption and Assignment Order.  A certified copy of this

Supplementary Assumption and Assignment Order may be filed with the appropriate Recording

Officers to evidence cancellation of any recorded Claims against the Designated Lease recorded

prior to the date of this Supplementary Assumption and Assignment Order.  All Recording Officers

are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement; *provided* however that nothing in this paragraph 7 or paragraph 9 shall authorize any Recording Officers to take any action with respect to Restrictive Covenants (as defined in the Revised Assumption and Assignment Order).

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's or Buyer's Assignee's, if applicable, title to or use and enjoyment of the Designated Lease or the premises governed by such Designated Lease based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.      If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the Designated Lease shall not have delivered to the Debtors as of the time of entry of this Supplementary Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors or such Designated Lease or otherwise, then with regard to such Designated Lease: (i) the Debtors are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to such Designated Lease; (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Supplementary Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against such Designated Lease; and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to such

Designated Lease; underline(provided that), notwithstanding anything in this Supplementary Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Supplementary Assumption and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Supplementary Assumption and Assignment Order.  This Supplementary Assumption and Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.

10.    Subject to the terms of this Supplementary Assumption and Assignment Order, this Supplementary Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Designated Lease acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to such Designated Lease to the Buyer or Buyer's Assignee, if applicable.

11.    **Assumption and Assignment of Designated Lease**.  The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Designated Lease to the Buyer or the Buyer's Assignee, if applicable, free and clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order, to execute and deliver to the Buyer or the Buyer's Assignee, if applicable, such documents or other instruments as may be necessary to assign and transfer such Designated Lease to the Buyer or the Buyer's Assignee, if applicable, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights, title, and

interests in such Designated Lease to the Buyer or the Buyer's Assignee, if applicable. With respect to the Designated Lease, all Cure Costs that have not been waived by, or as to which an objection has been timely filed by, or that have not been otherwise addressed in an alternate arrangement with, any non-debtor party to the Designated Lease shall be: (i) with respect to the undisputed amounts, be paid in cash by the Buyer, within five business days of entry of this Supplementary Assumption and Assignment Order and (ii) with respect to any disputed amounts asserted in timely filed objections, the Buyer shall establish a cash reserve within five business days of entry of this Supplementary Assumption and Assignment Order and the Buyer shall pay or release such amounts promptly upon resolution of any such disputed Cure Cost. The Buyer and Designated Lease counterparties shall work in good faith to reconcile any disputes with respect to Cure Amounts, provided, however, that if either party believes, following good faith discussions, that an impasse has been reached with respect to any Cure Amounts, such party shall give written notice the other, and within five days after such notice, in the absence of an agreement, such party may seek a hearing before the Bankruptcy Court in accordance with the Assumption and Assignment Order. All parties' rights and defenses with respect to cure costs disputes that were timely raised and filed in accordance with the Bidding Procedures Order, the Sale Order and the Assumption and Assignment Order are fully reserved pending any such hearing and determination by the Bankruptcy Court. Payment of Cure Costs (a) with respect to the undisputed cure amounts or (b) with respect to disputed cure amounts as subsequently agreed by the parties or determined by the Court, shall: (i) be in full satisfaction and cure of any and all defaults under these Designated Lease, whether monetary or non-monetary; (ii) compensate the non-Debtor counterparty for any actual pecuniary loss resulting from such defaults and (iii) shall be made solely by the Buyer and the Debtors shall have no liability therefor.

12.     With respect to the Designated Lease, the Buyer, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Designated Lease in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the non-debtor counterparties to such Designated Lease.  Upon entry of this Supplementary Assumption and Assignment Order with respect to the Designated Lease, the Buyer or Buyer's Assignee, if applicable, shall be fully and irrevocably vested with all rights, title and interest of the Debtors under such Designated Lease and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Designated Lease occurring after such assumption and assignment.  As between the Debtors and the Buyer, the Buyer shall be solely responsible for any liability arising and owed pursuant to the terms of the Designated Lease after the Closing.  Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from and after the entry of this Supplementary Assumption and Assignment Order, with respect to the Designated Lease, in accordance with this Supplementary Assumption and Assignment Order, it shall comply with the terms of the Designated Lease in its entirety, including any indemnification obligations expressly contained in such Designated Lease (including with respect to events that occurred prior to the entry of this Supplementary Assumption and Assignment Order, for which cure costs were not known, liquidated or due and owing as such date), as to which the Buyer continues to reserve its rights against the Debtors for indemnification to the extent provided in the Asset Purchase Agreement and the Debtors reserve their respective rights and defenses with respect to any claims therefor.  The assumption by the Debtors and assignment to the Buyer or Buyer's Assignee, if applicable, of the Designated Lease shall not be a default under such Designated Lease.  Subject to the payment of the undisputed Cure Costs and

resolution of any disputed cure amounts as provided in paragraph 11, the non-Debtor party to the Designated Lease is forever barred, estopped, permanently enjoined from asserting against the Debtors or the buyer, their affiliates, successors or assigns or the property of any of them, any default existing as of the date of entry of this Supplementary Assumption and Assignment Order or that any additional cure amounts are owed as a condition to assumption and assignment.

13.    All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer or its designated Assignee, with respect to the Designated Lease.  Pursuant to the Sale Order, if the proposed Assignee for a Designated Lease is not the Buyer, the Buyer has delivered to the applicable Designated Lease counterparty (and delivered by email or facsimile to counsel for the applicable Designated Lease counterparty, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the applicable Designated Lease that is proposed to be assumed and assigned to such Assignee.

14.    The Buyer and its designated Assignee have satisfied their adequate assurance of future performance requirements with respect to the Designated Lease and in connection therewith have presented sufficient evidence regarding their business plan, the experience and expertise of their management, and demonstrated they are sufficiently capitalized to comply with the necessary obligations under such Designated Lease.  With respect to the Designated Lease, the Buyer shall, as further adequate assurance, within fifteen days after entry of this Supplementary Assumption and Assignment Order (unless the parties otherwise agree), execute and deliver guaranty

agreements substantially in the form annexed to the Revised Assumption and Assignment Order as Exhibit B thereto (the "Form of Guaranty").

15.    The assumption of any liabilities under the Designated Lease shall constitute a legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee and, following payment of all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Supplementary Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Designated Lease for any breach of such Designated Lease occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.    Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, within five business days after entry of this Supplementary Assumption and Assignment Order, pay to the applicable Designated Lease counterparty all undisputed Cure Costs and other such undisputed amounts required with respect to such Designated Lease.  Upon assumption and assignment of the Designated Lease, the Debtors and their estates shall be relieved of any liability for breach of such Designated Lease after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under the Designated Lease attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses with respect to any claims therefor.  For the avoidance of doubt, the Buyer will

perform under and in accordance with the terms of the Designated Lease from and after entry of this Supplementary Assumption and Assignment Order.

17.     Solely in connection with the Designated Lease and the proposed transfer set forth upon the entry of this Supplementary Assumption and Assignment Order, any provision in the Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Designated Lease shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with the Designated Lease and the proposed transfer, no sections or provisions of the Designated Lease, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Designated Lease (including, but not limited to, the conditioning of such assignment on the consent of any non-debtor party to such Designated Lease); (ii) provide for the cancellation, or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Designated Lease upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Supplementary Assumption and Assignment Order, and the Asset Purchase Agreement and assignments of Designated Leases by the Debtors in accordance therewith and herewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy

Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. Upon assumption and assignment of the Designated Lease pursuant hereto, the Buyer or Buyer's applicable Assignee shall enjoy all of the rights and benefits, under the Designated Lease as of the date of the entry of this Supplementary Assumption and Assignment Order and shall assume all obligations as of the Closing Date.

18.    Solely in connection with the Designated Lease and notwithstanding anything to the contrary in paragraph 12 or 16 hereof, upon the entry of this Supplementary Assumption and Assignment Order, except as otherwise expressly agreed by the Buyer and the applicable Designated Lease Counterparty, notwithstanding any provision in any Designated Lease that purports to prohibit, restrict or condition such action, (x) the Buyer or the applicable Assignee shall be authorized to: (i) use the applicable Lease Premises, subject to section 365(b)(3) of the Bankruptcy Code, as a retail store or distribution center (and related goods and services); (ii) operate such Lease Premises under the Buyer's trade name or any other trade name which the Buyer owns or is authorized to use (including any of the Debtors' trade names); (iii) subject to the provisions of the applicable Designated Lease, make such alterations and modifications to the applicable Lease Premises (including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including panels on all pylons, monuments, directional and other ground and off-premises signs where Sellers are currently represented) deemed necessary by the Buyer or such Assignee (subject to all applicable laws including all applicable municipal codes) as are necessary or desirable for the Buyer or such Assignee to conform such Lease Premises to the prototypical retail store or distribution center, as applicable (or such Assignee's typical retail store or distribution center, as applicable); (iv) solely with respect to Lease Premises that are currently "dark," remain "dark" (including partially or fully un-

occupied) with respect to such Lease Premises after such assumption and assignment until the date

that is necessary to permit the Buyer or such Assignee to take occupancy, remodel, restock, re-

fixture, change signage and/or until completion of the work described in clause (iii) above (so long

as such date is not more than one hundred fifty (150) days after the entry of this Supplementary

Assumption and Assignment Order) or such later date as may be reasonably required for the

restoration of the such Lease Premises following any applicable Casualty / Condemnation Event;

and (v) exercise, utilize or take advantage of any renewal options and any other current or future

rights, benefits, privileges, and options granted or provided to the Debtors under the Designated

Lease (including all of the same which may be described or designated as, or purport to be,

"personal" to the Debtors or to a named entity in such Designated Lease or to be exercisable only

by the Debtors or by a named entity or an entity operating under a specific trade name)  and (y)

neither the Buyer nor the applicable Assignee shall have any responsibility or liability for any

Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

19.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by

order of this Court or in the Asset Purchase Agreement, the Designated Lease shall be transferred

to, and remain in full force and effect for the benefit of, the Buyer or, if applicable, the Assignee

in accordance with its terms, including all obligations of the Buyer or, if applicable, the

Assignee, as the assignee of the Designated Lease, notwithstanding any provision in such

Designated Lease (including, without limitation, those of the type described in sections 365(e)(1)

and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or

transfer.  There shall be no, and the non-Debtor party to the Designated Lease is forever barred

and permanently enjoined from raising or asserting against the Debtors, the Buyer, or, if

applicable, the Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations,

escalations, assignment fees, increases or any other fees charged to the Buyer, if applicable, the

Assignee, or the Debtors as a result of the assumption or assignment of the Designated Lease

pursuant to this Supplementary Assumption and Assignment Order.

20.     Except as otherwise specifically provided for by order of this Court, upon the

Debtors' assignment of the Designated Lease to the Buyer or Buyer's Assignee, if applicable,

under the provisions of this Supplementary Assumption and Assignment Order and full payment

of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist

under the Designated Lease, and no counterparty to the Designated Lease shall be permitted to

declare a default by any Debtor, the Buyer or, if applicable, the Assignee, or otherwise take action

against the Buyer or any applicable Assignee as a result of any Debtor's financial condition,

bankruptcy or failure to perform any of the Debtors' obligations under the Designated Lease.  Any

provision in the Designated Lease that prohibits or conditions the assignment of such Designated

Lease or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on

renewal or extension, refuse to renew, or modify any term or condition upon such assignment,

constitutes an unenforceable anti-assignment provision that is void and of no force and effect

solely in connection with the transfer thereof pursuant to this Supplementary Assumption and

Assignment Order.  The failure of the Debtors, the Buyer or, if applicable, the Assignee, to enforce

at any time one or more terms or conditions of any Designated Lease shall not be a waiver of such

terms or conditions, or of the Debtors', the Buyer's or, if applicable, the Assignee's, rights to

enforce every term and condition of the Designated Lease.

21.     To the extent that the Designated Lease is designated to an Assignee, the transaction

and the Assignment or Transfer Agreement is undertaken by Assignee without collusion and in

good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the

reversal or modification on appeal of the authorization provided herein shall not affect the validity

of such transaction, unless such authorization is duly stayed pending such appeal.  By virtue of the

transaction contemplated by the Assignment or Transfer Agreement, Assignee shall not be deemed

to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto

or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial

continuation of the Debtors or the enterprise or operations of the Debtors.

22.    **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the

provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the

Local Rules, this Supplementary Assumption and Assignment Order shall not be stayed after the

entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14)

day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall

not apply.  Time is of the essence in assuming and assigning the Designated Lease in connection

with the Court approved Sale Transaction.  Any party objecting to this Supplementary Assumption

and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within

the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Supplementary

Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer

are entitled to rely.

23.    **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms

of this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order,

the Sale Order, the Asset Purchase Agreement, or any documents executed in connection

therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, this

Supplementary Assumption and Assignment Order, and the Assumption and Assignment Order

and any documents executed in connection therewith shall govern, in that order.  Nothing

contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Sale Order or the terms of this Supplementary Assumption and Assignment Order.

24.    **Lease Deposits and Security**.  The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to the Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors.

25.    **Automatic Stay**.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Supplementary Assumption and Assignment Order.

26.    **Retention of Jurisdiction**.  This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Supplementary Assumption and Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Supplementary Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

27.    **Settlement Agreements**. Notwithstanding anything to the contrary in this Supplementary Assumption and Assignment Order, the Asset Purchase Agreement, Sale Order, Assumption and Assignment Order or any Designated Lease Notices, in the event that the Buyer (and/or its direct or indirect affiliates or subsidiaries) (the "Buyer Parties") entered into a settlement or other applicable agreement that by its terms governs the terms of assumption and assignment in connection with the above-captioned proceedings of the Designated Lease (a "Landlord Agreement") with the counterparty to such Designated Lease (including any landlord or other applicable party) (a "Counterparty"), the relationship of the applicable Buyer Parties and applicable Counterparty shall be governed and determined by the terms and conditions of the applicable Landlord Agreement, which shall supersede and control any inconsistent terms or provisions of this Supplementary Assumption and Assignment Order or any other prior Supplementary Assumption and Assignment Order relating to the assumption and/or assignment of the Designated Lease; *provided, however*, that nothing in the applicable Landlord Agreement may alter the provisions of this Supplementary Assumption and Assignment Order relating to the Debtors' or the Sellers' obligations.

28.    **Insurance Obligations**.  To the extent required by the express terms of any Designated Lease, within thirty days hereof, the Buyer shall provide the counterparty to such Designated Lease with any evidence or certificates of insurance that may be required.  Nothing in this Supplementary Assumption and Assignment Order shall waive, withdraw, limit or impair any claims that the Designated Lease counterparty may have against the Debtors, the Buyer or the Buyers' Assignee with respect to claims for indemnification for third parties' claims arising from or related to the use and occupancy of the Designated Lease prior to the entry of this Supplementary Assumption and Assignment Order solely to the extent of available occurrence-

based insurance coverage that named the Designated Lease counterparty as an additional insured; provided, for the avoidance of doubt, that the Designated Lease counterparty may pursue such claims only against the insurer(s) that named the Designated Lease counterparty as an additional insured and solely to the extent of such coverage.

Dated:  June 20, 2019
       White Plains, New York

                               /s/Robert D. Drain
                             THE HONORABLE ROBERT D. DRAIN
                             UNITED STATES BANKRUPTCY JUDGE