**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                              )
In re                                         )    Chapter 11
                                              )
SEARS HOLDINGS CORPORATION, *et al.*,[1]      )    Case No. 18-23538 (RDD)
                                              )
Debtors.                                      )    (Jointly Administered)
_____)

**ORDER GRANTING MOTION OF CYRUS CAPITAL PARTNERS, L.P. FOR LEAVE TO FILE UNDER SEAL (1) MEMORANDUM OF LAW IN SUPPORT OF CYRUS CAPITAL PARTNERS, L.P.'S MOTION TO DETERMINE THE AMOUNT OF SECURED CLAIMS UNDER BANKRUPTCY CODE SECTIONS 506(a) AND 507(b) PURSUANT TO BANKRUPTCY RULE 3012 AND IN OPPOSITION TO DEBTORS' REQUEST TO SURCHARGE COLLATERAL PURSUANT TO BANKRUPTCY CODE SECTION 506(c) AND (2) EXPERT REPORT OF MARTI P. MURRAY**

Upon the motion, dated June 18, 2019 (the "Motion")[2] of Cyrus Capital Partners, L.P. ("Cyrus") for entry of an order (this "Order") authorizing Cyrus to file the (1) *Memorandum of Law in Support of Cyrus Capital Partners, L.P. to Determine the Amount of Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012 and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*in Opposition to Debtors' Request to Surcharge Collateral Pursuant to Section 506(c)* (the "<u>Brief</u>") and (2) *Expert Report of Marti P. Murray* (the "<u>Expert Report</u>") under seal and to file a redacted form of the Brief and Expert Report on the public docket of this case; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein, in that the information proposed to be redacted on the public docket of this case is protected commercial information under section 107(b)(1) of the Bankruptcy Code, subject to the other terms of this Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Cyrus is authorized to file the Brief and the Expert Report under seal (the "<u>Sealed Documents</u>"), redacting only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.  Cyrus shall promptly seek a waiver from the Debtors and any other party subject to an applicable confidentiality agreement to enable the disclosure of any such redacted material on the public docket of this case. Cyrus shall provide a copy of this Order to the Clerk of the Court located at 300 Quarropas St., White Plains, NY along with the Sealed Documents in an envelope marked "TO BE FILED UNDER SEAL."

3. Except upon further order of the Court after notice to Cyrus, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Cyrus, except that unredacted copies of the Sealed Document shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors (on a confidential and "professional eyes only" basis), (d) counsel and financial advisors to the Second Lien Holders (on a confidential and "professional eyes only" basis) (e) any other party as may be ordered by the Court or agreed to by Cyrus and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality agreements satisfactory to Cyrus. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Cyrus is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Cyrus shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the final order determining the amounts owed, if any, to the Second Lien Holders as adequate protection.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 20, 2019
      White Plains, New York

                                                    /s/Robert D. Drain
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE