**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :   **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                    :
                                                             :   **Case No. 18-23538 (RDD)**
                                                             :
           Debtors.[1]                                       :   **(Jointly Administered)**
------------------------------------------------------------ x

**STIPULATION AND ORDER BY AND AMONG SELLERS,**
**BUYER, AND 4th STREET SOUTH II, LLC EXTENDING**
**TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR**
<u>**REJECTION OF LEASE OF NONRESIDENTIAL REAL PROPERTY**</u>

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made as of June 13, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), Transform Holdco LLC, as Buyer (the "<u>Buyer</u>") and 4th Street South II, LLC (the "<u>Landlord</u>" and together with the Debtors and the Buyer, the "<u>Parties</u>"), through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc). (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Recitals**

A. Landlord and Sears, Roebuck and Co. are parties to that certain lease dated as of December 29, 1953 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") at 3131 E. Michigan Avenue, Lansing, Michigan (Store # 1170).

B. On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C. On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice"). The Lease was among the leases identified in the Initial Notice.

D. On January 25, 2019, the Landlord filed the *4th Street South II, LLC's Cure Objection, Adequate Assurance Objection and Demand for Adequate Protection* (ECF No. 1850) objecting to the Assumption and Assignment Notices with respect to the Cure Amount and Adequate Assurance for the Lease.

E. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to the Buyer.

F. In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned

Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019. The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019 for Additional Contracts.

G. On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

H. On April 19, 2019, the Buyer filed the *Statement/Notice of Assumption and Assignment of Additional Designatable Leases*, designating the Lease for assumption and assignment to the Buyer or Buyer affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice"), subject to the Bankruptcy Court's approval and the right of counterparties to object as set forth in the Assumption Notice and the Assumption and Assignment Order.

I. On May 2, 2019, the Landlord filed *4th Street South II, LLC's Supplemental Cure Objection* (ECF No. 3492).

I. On May 4, 2019 the Buyer filed the *Notice of Presentment of Stipulation and Order by and Among Sellers, Buyer, and Landlord 4th Street South, LLC Extending Time Under 11 U.S.C. 365(d)(4) For Assumption or Rejection of Lease of Nonresidential Real Property* (ECF No. 3626).

K.  The deadline for the Debtors to assume or reject the leases pursuant to section 365(d)(4) of the Bankruptcy Code, including the Lease, was May 13, 2019 (the "Section 365(d)(4) Period").

L.  On May 13, 2019, the Court entered the *Stipulation and Order By and Among Sellers, Buyer, and Landlord 4th Street South II, LLC Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Lease of Nonresidential Real Property* (ECF No. 3837), extending the Section 365(d)(4) Period to June 30, 2019.

M.  The Buyer desires additional time to determine whether to designate the Lease for assumption and assignment.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.  The Landlord hereby consents to a further extension of the Section 365(d)(4) Period to and including July 31, 2019.

2.  This Stipulation and Order shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

3.  Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including July 31, 2019.  For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

4.  This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

5.  In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy

costs relating to the Lease during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order. In the event of nonpayment during the Section 365(d)(4) Period, the Landlord shall have the right to assert payment of all occupancy costs exclusively from the Buyer and shall not have the right to assert payment of occupancy costs from the Debtors (whether under Section 365(d)(3) or otherwise), and the Buyer reserves all rights to contest any such claims. Nothing herein shall waive, limit or modify any rights and remedies that the Landlord may have with respect to unpaid post-petition occupancy costs under the Lease for any period prior to the Section 365(d)(4) Period, and the Buyer and the Debtors reserve all rights to contest such claims.

6. A Bankruptcy Court hearing on any dispute regarding the Assumption Notice shall occur on July 11, 2019.

7. All objections of the Landlord to the Assumption Notice, including those relating to cure and adequate assurance of future performance, and any response by the Debtors and/or the Buyer thereto, are reserved for such adjourned hearing date.

8. Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to the effective date of (a) rejection of the Lease or (b) assumption of the Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order.

9. This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond July 31, 2019.

10. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

11. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

12. Pending entry of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

13. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[The remainder of this page is intentionally left blank.]

Dated: June 13, 2019

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Jacqueline Marcus

767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtors and Debtors in Possession*

Dated: June 13, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/ Andrew Weaver

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Buyer*

**WITTE LAW OFFICES, PLLC**

By: /s/ Norman C. Witte
Norman C. Witte
119 E. Kalamazoo St.
Lansing, Michigan 48933-2111

*Counsel for the Landlord*

**IT IS SO ORDERED.**

Dated: White Plains, New York
    June 21, 2019

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE