**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER ON MOTION OF TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP, D/B/A KAMEHAMEHA SCHOOLS, LLC TO COMPEL PAYMENT OF POST-PETITION RENT AND RELATED LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 105(a), 363(e), 365(d)(3) AND 503(b)(1)(A) ALLOWING AND AUTHORIZING PAYMENT OF POST-PETITION RENT AND REJECTION OF LEASE**

Upon the motion (the "**Motion**")[2] for an order compelling the payment of post-petition rent and related lease obligations pursuant to sections 105(a), 363(e), 365(d)(3), and 503(b)(1)(A) of the Bankruptcy Code, dated February 5, 2019 (ECF No. 2414); the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

*Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Rejection Procedures Order**"); the *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith*, filed by the above-captioned debtors (the "**Debtors**"), dated April 19, 2019 (the "**Rejection Notice**") (ECF No. 3300), seeking to reject that certain unexpired lease (the "**Lease**") between the Landlord and the Debtors for the premises in Kaneohe, Hawaii (the "**Leased Premises**") as of April 19, 2019, the objection of Transform Holdco LLC ("**Transform**"), dated March 14, 2019 (the "**Transform Objection**") (ECF No. 2832), the Debtors' response and reservation of rights with respect to the Motion, dated April 12, 2019 (the "**Debtors' Response**") (ECF No. 3169), and the Landlord's response to the Rejection Notice, dated May 2, 2019 (the "**Landlord's Response**") (ECF No. 3517); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and upon consideration of the Motion, the Transform Objection, the Debtors' Response, the Rejection Notice, and the Landlord's Response; and the relief requested in the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and the parties having agreed to resolve the Motion, on the terms set forth in this Order; and upon the record of the hearing held by the Court on June 20, 2019; and due and adequate notice of the Motion and the parties' settlement of the Motion as set forth herein having been given under the circumstances, and no other or further notice or hearing being required; and the Court having found and determined that the relief requested in the Motion, as revised by agreement among the Landlord, the Debtors, and Transform, is fair and reasonable, in the best interests of the Debtors, their estates, their creditors, and all parties in interest and a proper exercise of business judgment in light of the legal and factual issues resolved and the costs and delay of further litigation; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is settled and resolved as set forth herein, pursuant to Fed. R. Bankr. P. 9019.

2. The Lease is hereby rejected pursuant to 11 U.S.C. § 365, effective as of April 15, 2019 (the "**Rejection Date**"), notwithstanding the continued use and occupancy of the Leased Premises by Transform until May 31, 2019 (the "**Surrender Date**"), pursuant to a separate written agreement with the Landlord.

3. Any and all personal property remaining at the Leased Premises as of the Rejection Date shall be deemed abandoned pursuant to 11 U.S.C. § 554 upon the Rejection Date and as contemplated by the Rejection Procedures Order and herein without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

4. With respect to any assets abandoned at the Leased Premises, the Landlord or its designee shall be free, notwithstanding the automatic stay under 11 U.S.C. § 362(a), to dispose of such property without liability to any party (including any third parties) and without further notice or order of the Court; and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims, including the Debtors' rights to contend that Transform is liable for such claims.

5. The Debtors shall be obligated to pay $700,428 (the "**Post-Petition Arrears**") to the Landlord, representing the postpetition unpaid rent and related charges under the Lease accruing from October 15, 2018 (the "**Commencement Date**") through February 10, 2019, and of such sum are directed to pay the Landlord 80% of the Post-Petition Arrears, in the amount of $560,343, within five (5) days of the entry of this Order, which payment shall be made from the

account previously established for the benefit of the Landlord by prior agreement with the Debtors (the "**Adequate Protection Account**").

6. After the payment provided for in paragraph 5 above, the funds remaining in the Adequate Protection Account shall be available for use by the Debtors and shall no longer be segregated from the Debtors' other funds.

7. The Landlord shall have an allowed administrative priority claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code for the remaining 20% of the Post-Petition Arrears, in the amount of $140,085, plus attorneys' fees incurred by the Landlord of $58,964, which claim shall receive the same treatment under the Debtors' chapter 11 plan as all allowed claims of the same administrative priority.

8. Transform is directed to pay the Landlord the sum of $487,460 for postpetition rent and related charges under the Lease accruing from February 11, 2019 through the Rejection Date, plus attorneys' fees incurred by the Landlord of $41,036, within five (5) days of entry of this Order.

9. After the payment of the amounts provided for in paragraphs 5, 7, and 8 of this Order, the Landlord shall have no further claims against the Debtors or Transform for any amounts owed under the Lease from the Commencement Date through the Rejection Date.

10. <u>The Landlord shall submit a proof of claim for damages arising from the rejection of the Lease no later than thirty (30) days after the entry of this Order. If Landlord does not timely file a proof of claim in accordance with the terms of this Order, the Landlord shall forever be barred from asserting a claim arising from the rejection of the Lease, absent further order of this Court to the contrary.</u>

11. Nothing contained in this Order is intended to be or shall be construed as (i) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (ii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iii) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

12. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized, for cause, to take all actions necessary to effectuate the relief granted in this Order, and this Order is effective immediately upon its entry, notwithstanding any stay thereof that would apply under the Bankruptcy Rules.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: June 24, 2019
      White Plains, New York

                                              /s/Robert D. Drain
                                         HONORABLE ROBERT R. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE