WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                        :    **Chapter 11**
:
**SEARS HOLDINGS CORPORATION,** *et al.*,    :    **Case No. 18-23538 (RDD)**
:
Debtors.[1]                                  :    **(Jointly Administered)**
:
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION REGARDING**
**MOTION OF DEBTORS PURSUANT TO SECTION 1121(D)**
**OF THE BANKRUPTCY CODE TO FURTHER EXTEND EXCLUSIVE PERIODS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

2. On June 10, 2019, the Debtors filed the *Motion of Debtors Pursuant to Section 1121(d) of the Bankruptcy Code to Further Extend Exclusive Periods* (ECF No. 4171) (the "**Motion**"). The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 4231.

3. The Motion established a deadline for certain parties to object to the Motion of June 17, 2019 at 4:00 p.m. (prevailing Eastern Time), (the "**Objection Deadline**"). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

4. The Objection Deadline has passed and, to the best of my knowledge, no objection or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors in accordance with

2

the Amended Case Management Order.  To the best of my knowledge, no other responsive pleading has been filed with respect to the Motion.

5. The proposed order granting the relief requested in the Motion (the "**Proposed Order**") is annexed hereto as **Exhibit A**.

6. Accordingly, the Debtors respectfully request that the Proposed Order granting the relief requested in the Motion be entered in accordance with the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: June 24, 2019
      New York, New York

                                           /s/ Sunny Singh
                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York  10153
                                           Telephone:  (212) 310-8000
                                           Facsimile:  (212) 310-8007
                                           Ray C. Schrock, P.C.
                                           Jacqueline Marcus
                                           Garrett A. Fail
                                           Sunny Singh

                                           *Attorneys for Debtors*
                                           *and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :    Case No. 18-23538 (RDD)
                                                            :
        Debtors.¹                                           :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 1121(d) OF THE
### BANKRUPTCY CODE FURTHER EXTENDING THE EXCLUSIVE PERIODS

Upon the motion, dated June 10, 2019 (ECF No. 4171) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) extending the Debtors' exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a/ Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Filing Period, the "**Exclusive Periods**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period in which to file a chapter 11 plan is extended through and including August 12, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period in which to solicit acceptances of their chapter 11 plan is extended through and including October 14, 2019.

4. The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE