**DIAMOND MCCARTHY LLP**
*Counsel to Team Worldwide Corporation*
295 Madison Avenue, 27th Floor
New York, New York 10017
(212) 430-5400
Allan B. Diamond
Charles M. Rubio
Sheryl P. Giugliano
adiamond@diamondmccarthy.com
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              Chapter 11

 SEARS HOLDING CORPORATION, *et al*.                Case No. 18-23538 (RDD)

                                                    (Jointly Administered)
                         Debtors.[1]
------------------------------------------------------------x

# MOTION OF TEAM WORLDWIDE TO MODIFY
# AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362

Team Worldwide Corporation ("**Team Worldwide**"), a creditor of Sears Holdings

Corporation and Sears, Roebuck and Co. (together, the "**Infringing Debtors**"), by and through its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

undersigned counsel, hereby submits this motion (the "**Motion**") to modify the automatic stay pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). In support of this Motion, Team Worldwide states as follows:

## PRELIMINARY STATEMENT

1. Team Worldwide is a Taiwanese corporation which designs and manufactures inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds." Team Worldwide's products are sold under multiple brands in the United States, and Team Worldwide owns certain U.S. Patents (the "**Asserted Patents**").

2. Team Worldwide manufactures and sells air bed products that practice the Asserted Patents throughout the United States, including selling such products to the Debtors or on www.sears.com for resale to customers. In compliance with 35 U.S.C. § 287, Team Worldwide marks and requires the marking of its products covered by the Asserted Patents with the appropriate and corresponding patent numbers.

3. The Infringing Debtors import, have imported, sell, have sold, have offered for sale and/or offered for sale in the United States, air beds that include an internally housed (built-in) pump that are not manufactured or licensed by Team Worldwide which infringe the Asserted Patents (the "**Infringing Products**")[2]. As a result, Team Worldwide holds not only pre-petition

---

[2] The "Infringing Products" includes, without limitation: all non-Team Worldwide products referred to by the Infringing Debtors as "air bed," "airbed" "air mattress" "airmattress," "airbed mattress," "air bed mattress," "Airbed Mattress with Built-in Electric Pump," "Airbed with Built-in Electric Pump," "Airbed Mattress with Built-in Pump," "Airbed with Built-in Pump," "Airbed Mattress with Built-in Electric Pump," "Air bed Mattress with Built-in Electric Pump," "Air bed with Built-in Electric Pump," "Air bed Mattress with Built-in Pump," "Air bed with Built-in Pump," "Air bed Mattress with Built-in Electric Pump," "Airmattress with Built-in Electric Pump," "Airmattress with Built-in

2

claims against the Infringing Debtors in the amount of not less than $21 million, but also postpetition administrative expense claims for the Infringing Debtors' postpetition sales of the Infringing Products in an undetermined amount.

4.  On April 10, 2019, Team Worldwide filed two proofs of claim (the "**Proofs of Claim**") against the Infringing Debtors' estates arising from amounts owed to Team Worldwide as a result of damages incurred due to the Infringing Debtors' selling and/or offering to sell infringing products and committing patent infringement under the patent laws of the United States, Title 35 of the United States Code.

5.  Team Worldwide previously commenced a separate law suit asserting similar claims against Wal-Mart Stores, Inc. (the "**Wal-Mart Action**"), among others, Case No. 2-17-cv-00235 in the United States District Court for the Eastern District of Texas, Marshall Division (the "**District Court**"), in which the District Court entered a claim construction order regarding the Asserted Patents, and Walmart Inc., Wal-Mart Stores Texas, LLC, Walmart.com USA LLC, and Sam's West, Inc. d/b/a Sam's Club (collectively, "**Wal-Mart**"), Intex Recreation Corp. and Intex Trading Ltd. (together, "**Intex**"), The Coleman Company, Inc. ("**Coleman**"), and Bestway (USA) Inc. ("**Bestway**"), admitted that many of the accused products infringed.

6.  During the Wal-Mart Action, several manufacturers intervened in the case on the basis of indemnification agreements with Wal-Mart, noting that they have the same type of broad indemnification agreements with numerous other retailers around the United States. For example, Intex (the largest supplier) stated, "As with Walmart, Intex has agreed to indemnify its other customers against lawsuits related to the Accused Products, including claims of patent infringement. (*Id.* ¶ 19.) Intex expects its other customers would similarly request that Intex tender

---

Electric Pump," as well as all products that would be included as search results when any of these terms are used in the search bar at Sears.com or any internal database search at the Infringing Debtors.

3

indemnification if Plaintiff accused them of patent infringement." Wal-Mart Action, 8/29/17, Doc. 29, at 6. Other major manufacturers represented the same as to indemnification for retailers generally in the United States, including Coleman (Wal-Mart Action, Doc. 35, at 5) and Bestway (Wal-Mart Action, 10/5/17, Doc. 64, at 8-10).

7.    Team Worldwide believes that the Infringing Debtors are parties to certain similar agreements (the **"Sears Supply Agreements"**) pursuant to which the Infringing Products are sold to the Infringing Debtors, and that the Infringing Debtors have broad indemnification rights under those agreements.

8.    Team Worldwide is seeking to recover on its patent infringement claims for Infringing Debtors' sales of Infringing Products. On information and belief, the manufacturers who supply the Infringing Products are obligated to indemnify the Infringing Debtors in connection with Team Worldwide's claims.

9.    Team Worldwide is seeking to commence an action against the Infringing Debtors in the District Court to liquidate its infringement claims against the Infringing Debtors to judgment. Team Worldwide is willing to stipulate that it will not seek to enforce any judgment it obtains against the Infringing Debtors without further relief from this Court. Instead, Team Worldwide intends to seek recovery from the third-party manufacturers who have indemnified the Infringing Debtors for these claims through the indemnification provisions of the Sears Supply Agreements.

## JURISDICTION AND VENUE

10.   This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

11.   Venue is proper under 28 U.S.C. §§ 1408 and 1409.

12. The basis for the relief requested herein is Section 362 of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1.

## FACTUAL BACKGROUND

13. On October 15, 2018 (the "**Petition Date**"), the Debtors filed voluntary chapter 11 petitions with this Court.

14. On April 10, 2019, Team Worldwide filed the Proofs of Claim against the Infringing Debtors' estates.

15. On April 17, 2019, the Debtors filed their *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 3275) and *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 3276).

16. On May 16, 2019, the Debtors filed the *Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc No. 3894) and the *Disclosure Statement for Amended Joint Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 3895).

17. On May 28, 2019, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors* (ECF Doc. No. 4041) (the "**Amended Plan**"), and the *Disclosure Statement for the Second Amended Joint Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 4042) (the "**Amended Disclosure Statement**").

18. Team Worldwide and the Infringing Debtors, by and through their counsel, have been in communications for over a month to inquire about the existence of the Sears Supply Agreements, to obtain copies of them to understand the extent of the counterparties' indemnification obligations, and to reach a resolution in connection with the confirmation of the

5

Amended Plan. Specifically, Team Worldwide is asking the Infringing Debtors consent to modification of the stay and related plan injunctions to permit the Team Worldwide to sue the Infringing Debtors as nominal defendants in a patent infringement action. In exchange, Team Worldwide would agree to exclusively seek recovery on any judgment against the Infringing Debtors from the indemnifying manufacturers through the indemnification provisions of the Sears Supply Agreements and not from the Infringing Debtors. These discussions are ongoing. Team Worldwide is filing this Motion, however, because the confirmation hearing is rapidly approaching, and in order to comply with the Case Management Procedures Order so that it can be heard at the next scheduled Omnibus Hearing (July 11, 2019). Filing this Motion preserves Team Worldwide's rights in the event that the parties cannot reach a resolution on their own accord.

## RELIEF REQUESTED

19. Team Worldwide requests entry of an order modifying the stay in order to liquidate its prepetition and postpetition claims against the Infringing Debtors in the District Court, and obtain the benefit of what Team Worldwide believes are broad indemnification rights.[3] The District Court is a forum that is familiar with and is better equipped to handle the patent infringement issues involved with Team Worldwide's claims. Team Worldwide stipulates that it will only litigate its claims against the Infringing Debtors up to the point of judgment in the District Court.

## BASIS FOR RELIEF

20. Section 362(d) of the Bankruptcy Code provides, in relevant part, that on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay, such as by terminating, annulling, modifying, or conditioning such stay, "for cause". "Cause" is not

---

[3] Simultaneously with this Motion, also out of an abundance of caution, Team Worldwide is filing an application under Bankruptcy Rule 2004 to try to obtain information about and copies of the Sears Supply Agreements.

6

defined in the Bankruptcy Code, but rather is determined by the Court on a case by case basis. *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142-143 (2d Cir. 1999).

21. The Second Circuit Court of Appeals has adopted twelve factors for courts to consider when deciding whether to modify the automatic stay. *See Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). These twelve factors are: (i) relief results in partial or complete resolution of the issues; (ii) there is the lack of any connection or interference with the bankruptcy; (iii) the other proceeding involves the debtor as a fiduciary; (iv) a specialized tribunal with necessary expertise has been established to hear the cause of action; (v) the debtor's insurer has assumed full responsibility for defending it; (vi) the action primarily involves third parties; (vii) litigation in another forum would prejudice other creditors; (viii) the judgment claim arising from the other action is subject to equitable subordination; (ix) movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (x) judicial economy and an expeditious and economical resolution require a different forum; (xi) the parties are ready for trial in the other proceeding; and (xii) the effect of the stay on the parties and the balance of harms require an alternative forum (collectively, the "*Sonnax* factors"). Not all of the *Sonnax* factors need to be established to show cause exists. A movant instead must show that consideration of the factors applicable to the particular case weigh toward lifting the stay. *In re Sun Edison, Inc.*, 557 B.R. 303, 308 (Bankr. S.D.N.Y. 2016).

22. The *Sonnax* factors that are applicable to this motion are: (i) the lack of any connection with or interference with the bankruptcy case; (ii) whether the action primarily involves third parties; (iii) the debtor's insurer has assumed full responsibility for defending it; and (iv) the impact of the stay on the parties and the balance of harms.

7

### A. Lack of Any Connection With or Interference With the Bankruptcy Case

23. A classic example of "cause," to modify the automatic stay listed by the Senate Report, S. Rep. No. 989, 95th Cong., 2d Sess. 52, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5838, and reiterated by the Second Circuit in *Sonnax*, is "the lack of any connection with or interference with the pending bankruptcy case." 907 F.2d at 1285. Indeed, as Collier's treatise explains:

> Actions which are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum.... Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.

2 Collier on Bankruptcy ¶ 362.07(3).

24. Here, the claims are covered by indemnification obligations of the manufacturers who supplied the Infringing Products. Allowing Team Worldwide to seek to liquidate its claims to judgment and collect on its judgement against the Infringing Debtors from the indemnifying manufacturers will have no connection with, nor will it interfere with, the bankruptcy case. The Infringing Debtors would be nominal defendants in the litigation and Team Worldwide would ultimately seek recovery on its liquidated claim against the Infringing Debtors from the indemnifying manufacturers.

B.   **Whether the Action Involves Third Parties**

25.   It is well-established that the automatic stay should not be used to shield such responsible parties from satisfying their indemnification obligations. *In re Grace Industries, Inc.*, 341 B.R. 399 (Bankr. E.D.N.Y. 2006). Where, as here, the Team Worldwide has agreed that it will not seek any recovery from the debtors' estates' assets, there is no basis for continuing the automatic stay. *See Id.*

26.   Section 524(e) of the Bankruptcy Code further elucidates the correct outcome here. Section 524(e) permits a creditor to seek recovery from "any other entity" who may be liable on behalf of the debtor. In discussing the scope of section 524 of the Bankruptcy Code, Collier's makes this observation:

> the provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue a suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

Collier on Bankruptcy ¶ 524.01 at 524-16 (15th ed.1987).

27.   "[P]ursuant to section 524(e), a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another[.]" *In re Jet Fla. Sys., Inc.*, 883 F.2d 970, 976 (11th Cir. 1989). Even in situations such as this where the Infringing Debtors would be named as nominal defendants and could elect to defend the claims, courts have nonetheless permitted such suits to proceeds against debtors recognizing that "the practical and economic realities compel the [indemnifying party] to defend the underlying action." *Id.*; *see also Matter of Holtkamp*, 669 F.2d 505, 508-09 (7th Cir.1982).

### C. The Manufacturers, Like Insurers, Have or Will Assume All Obligations

28. Where the debtor's insurance carrier has assumed full responsibility for an obligation, the automatic stay will generally be lifted (*Sonnax* factor 5).

29. In these cases, this Court has authorized the Debtors to establish and implement certain "Stay Procedures" with respect to movants seeking to modify the automatic stay to pursue prepetition personal injury actions, in part because the applicable Debtors and their estates will not be financially responsible – their insurance carriers will be the amounts determined to be due to the claimants. *See Order Approving Procedures for Modification of the Automatic Stay Under Certain Circumstances* (ECF Doc. No. 2720).

30. The relief sought in this Motion is not significantly different. Although Team Worldwide does not yet have copies of the Sears Supply Agreements, Team Worldwide expects that they will be substantially similar to those described in paragraph 6 above.. To that end, Team Worldwide expects that the manufacturers will have agreed to indemnify the Infringing Debtors under the Sears Supply Agreements to the fullest extent. As a result, the manufacturers are akin to insurers who assume full responsibility for defending an action.

31. Moreover, here, the Proofs of Claim are based upon Team Worldwide's patent infringement claims, and they would be the trigger for indemnification under the Sears Supply Agreements. Thus, the Infringing Debtors would not be relinquishing any rights to recover under the Sears Supply Agreements and giving up an asset of their estates.

### D. The Impact of the Stay On the Parties and the Balance of Harms

32. The impact of the stay on the parties and the balance of harms militate overwhelmingly in favor of modifying the stay. Absent relief from the stay, Team Worldwide would be completely thwarted in its attempts from seeking a recovery from the indemnifying

manufacturers who are liable on behalf of the Infringing Debtors. "Where the continuation of the stay deprives the judgment creditor of the opportunity to collect the judgment from a third party – an no other sources of collection exist – a court will generally lift the stay to permit the litigation to continue." *In re Keene Corp.,* 171 B.R. 180, 184 (Bankr. S.D.N.Y. 1994) (holding balance of harm weighed in favor of lifting the automatic stay where the movant's rights depended upon her ability to obtain a judgment against the debtor, and "it [wa]s not likely that she could recover the balance of her claim from the estate") (citing *In re McGraw,* 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982); *Jesse v. Honosky (In re Honosky),* 6 B.R. , 667, 669 (S.D. Va. 1980)).

33.     Moreover, absent relief from the stay, the Infringing Debtors will have to spend their resources to liquidate the claims in this bankruptcy case rather than having the ability to shift this burden to the indemnifying manufacturers who have agreed to indemnify the Infringing Debtors and should be ultimately responsible for satisfying these claims.

34.     The sole beneficiaries of not modifying the automatic stay are the indemnifying manufacturers. It is well established that parties that are liable for these obligations should not receive a windfall from a debtor's automatic stay. *See e.g.*, *In re Jet Fla. Sys., Inc.*, 883 F.2d at 975; *In re Grace Industries, Inc.*, 341 B.R. 399.

## NOTICE

35.     Notices of this Application will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF Doc. No. 405). Team Worldwide respectfully submits that no further notice is required.

## NO PRIOR REQUEST

36.     No prior request of the relief sought in this Motion has been made to this Court or any other court.

**CONCLUSION**

For the foregoing reasons, Team Worldwide respectfully requests entry of an order modifying the automatic stay, substantially in the form attached hereto granting the relief requested herein and such other and further relief as the Court deems just, appropriate, and equitable under the circumstances.

Dated: New York, New York

June 24, 2019

**DIAMOND McCARTHY LLP**

By: _s/Sheryl P. Giugliano_
Allan B. Diamond
Charles M. Rubio
Sheryl P. Giugliano
295 Madison Avenue, 27th Floor
New York, New York 10017
(212) 430-5400

*Counsel to Team Worldwide Corporation*

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al*. | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors.[4] | |

------------------------------------------------------------x

## ORDER GRANTING MOTION OF TEAM WORLDWIDE TO MODIFY AUTOMATIC STAY  PURSUANT TO 11 U.S.C. §362

Upon the motion, dated June ___, 2019 (ECF No. __)] (the "**Motion**") of Team Worldwide Corporation ("**Team Worldwide**") for entry of an order modifying the automatic stay pursuant to Section 362 of the Bankruptcy, and in consideration of the Motion and any opposition thereto, the Court finds that based on the law and facts set forth in the Motion and the record in this case, the relief requested in the Motion is just and appropriate.

---

[4]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

IT IS HEREBY ORDERED THAT:

1.    Team Worldwide is granted relief from the automatic stay to prosecute its claims (including any appeal(s) thereto) against Sears Holdings Corporation and Sears, Roebuck and Co. (the "**Infringing Debtors**") arising from the infringement of Team Worldwide's patents.

2.    Team Worldwide shall be entitled to liquidate its claim to judgment, verdict, settlement, or other resolution.

3.    Team Worldwide may not enforce any judgment or otherwise seek to recovery on account of its claim against any Debtor without further relief from this Court.

4.    Team Worldwide may satisfy any judgment, verdict, settlement or other resolution that Team Worldwide may obtain from any party indemnifying such claim including any applicable manufacturer of any Infringing Product.

5.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated:_____ ____ , 2019
     White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE