**DIAMOND MCCARTHY LLP**
*Counsel to Team Worldwide Corporation*
295 Madison Avenue, 27th Floor
New York, New York 10017
(212) 430-5400
Allan B. Diamond
Charles M. Rubio
Sheryl P. Giugliano
adiamond@diamondmccarthy.com
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al*. | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

### APPLICATION OF TEAM WORLDWIDE CORPORATION, A CREDITOR, FOR ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUIRING THE PRODUCTION OF DOCUMENTS BY AND AN EXAMINATION OF THE DEBTORS

Team Worldwide Corporation ("**Team Worldwide**"), a creditor of Sears Holdings

Corporation and Sears, Roebuck and Co. (together, the "**Infringing Debtors**"), by and through its

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

undersigned counsel, respectfully submits this application (the "**Application**") for entry of an order requiring the production of certain documents by and an examination of the Infringing Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## PRELIMINARY STATEMENT

1.      By this Application, Team Worldwide seeks to take limited discovery of the Infringing Debtors relating to Team Worldwide's patent infringement claims and the third-parties which manufactured the Infringing Products (defined below).  On information and belief, the manufacturers of the Infringing Products are obligated to indemnify the Infringing Debtors in connection with Team Worldwide's claims.

2.      Team Worldwide is a Taiwanese corporation which designs and manufactures inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds."  Team Worldwide's products are sold under multiple brands in the United States, and Team Worldwide owns certain U.S. Patents (the "**Asserted Patents**").

3.      Team Worldwide manufactures and sells air bed products that practice the Asserted Patents throughout the United States, including selling such products to the Infringing Debtors or on www.sears.com for resale to customers.  In compliance with 35 U.S.C. § 287, Team Worldwide marks and requires the marking of its products covered by the Asserted Patents with the appropriate and corresponding patent numbers.

4.      The Infringing Debtors import, have imported, sell, have sold, have offered for sale and/or offered for sale in the United States, air beds that include an internally housed (built-in) pump that are not manufactured or licensed by Team Worldwide which infringe the Asserted

Patents (the "**Infringing Products**")[2].  As a result, Team Worldwide holds not only pre-petition claims against the Infringing Debtors in the amount of not less than $21 million, but also post-petition administrative expense claims for the Infringing Debtors' post-petition sales of the Infringing Products in an undetermined amount.

5.      On April 10, 2019, Team Worldwide filed two proofs of claim (the "**Proofs of Claim**") against the Infringing Debtors' estates arising from amounts owed to Team Worldwide as a result of damages incurred due to the Infringing Debtors' selling and/or offering to sell infringing products and committing patent infringement under the patent laws of the United States, Title 35 of the United States Code.

6.      Team Worldwide previously commenced a separate law suit asserting similar claims against Wal-Mart Stores, Inc., among others, Case No. 2-17-cv-00235 in the United States District Court for the Eastern District of Texas, Marshall Division (the "**Wal-Mart Action**"), in which the District Court entered a claim construction order regarding the Asserted Patents, and Wal-Mart Inc., Wal-Mart Stores Texas, LLC, Walmart.com USA LLC, and Sam's West, Inc. d/b/a Sam's Club (collectively, "**Wal-Mart**"), Intex Recreation Corp. and Intex Trading Ltd. (together, "**Intex**"), The Coleman Company, Inc. ("**Coleman**"), and Bestway (USA) Inc. ("**Bestway**") admitted that many of the accused products infringed.

7.    During the Wal-Mart Action, several manufacturers intervened in the case on the basis of indemnification agreements with Wal-Mart, noting that they have the same type of broad indemnification agreements with numerous other retailers around the United States.  For example,

---

[2] The "Infringing Products" includes, without limitation: all products referred to by the Infringing Debtors as "air bed," "airbed" "air mattress" "airmattress," "airbed mattress," "air bed mattress," "Airbed Mattress with Built-in Electric Pump," "Airbed with Built-in Electric Pump," "Airbed Mattress with Built-in Pump," "Airbed with Built-in Pump," "Airbed Mattress with Built-in Electric Pump," "Air bed Mattress with Built-in Electric Pump," "Air bed with Built-in Electric Pump," "Air bed Mattress with Built-in Pump," "Air bed with Built-in Pump," "Air bed Mattress with Built-in Electric Pump," "Airmattress with Built-in Electric Pump," "Airmattress with Built-in Electric Pump," as well as all products that would be included as search results when any of these terms are used in the search bar at Sears.com or any internal database search at the Infringing Debtors.

Intex (the largest supplier) stated, "As with Walmart, Intex has agreed to indemnify its other customers against lawsuits related to the Accused Products, including claims of patent infringement. (*Id.* ¶ 19.) Intex expects its other customers would similarly request that Intex tender indemnification if Plaintiff accused them of patent infringement." Wal-Mart Action, 8/29/17, Doc. 29, at 6. Other major suppliers represented the same as to indemnification for retailers generally in the United States, including Coleman (Wal-Mart Action, Doc. 35, at 5) and Bestway (Wal-Mart Action, 10/5/17, Doc. 64, at 8-10).

8.      Team Worldwide believes that the Infringing Debtors are parties to certain similar agreements (the **"Sears Supply Agreements"**) pursuant to which the Infringing Products are sold to the Infringing Debtors, and that the Infringing Debtors and/or the Buyer (defined below) have broad indemnification rights under those agreements.

9.      Without the limited discovery sought under this Application from the Infringing Debtors, Team Worldwide cannot determine (a) which third-parties manufactured (and continue to manufacture) the Infringing Products and sold them to the Infringing Debtors (and now may be selling them to the Buyer), (b) the amount of Infringing Products sold by Sears by pre-petition and post-petition, (c) the scope of the indemnification rights and obligations thereunder, and (d) which of those Sears Supply Agreements, if any (and the corresponding indemnification rights), were assumed and assigned to the Buyer.

10.     Team Worldwide requires this limited discovery immediately. The information learned from documents produced and the examination of a representative of the Infringing Debtors will likely establish that it is in the best interest of Team Worldwide and the Infringing Debtors to modify certain provisions in the Amended Plan (defined below) and proposed confirmation order to permit Team Worldwide to advance its claim where third parties are liable

4

on behalf of the Infringing Debtors' estates.  In addition, the discovery will likely establish that the Amended Plan must be modified to satisfy the plan confirmation requirements since the Amended Plan, as currently proposed, likely creates an impermissible third-party discharge of the manufacturers.

11.    Last, this Application represents what may be Team Worldwide's only opportunity to investigate these issues.  The Debtors have already filed the Amended Plan and Amended Disclosure Statement (defined below) and the confirmation hearing is scheduled for July 23, 2019. Moreover, Team Worldwide's counsel has attempted to obtain this information informally from the Infringing Debtors' counsel for the last month, to no avail.  Team Worldwide and its counsel remain hopeful that this information can be obtained through informal discovery, but cannot risk waiving Team Worldwide's rights or only opportunity to gain access to this imperative information.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

13.    Venue is proper under 28 U.S.C. §§ 1408 and 1409.

14.    The basis for the relief requested herein is Bankruptcy Rule 2004.

## FACTUAL BACKGROUND

15.    On October 15, 2018 (the "**Petition Date**"), the Debtors filed voluntary chapter 11 petitions with this Court.

16.    On November 1, 2018, the Debtors filed a motion (ECF Doc. No. 429) (the "**Sale Motion**") seeking, among other things, entry of an order authorizing and approving the sale of the

Acquired Assets (as defined therein) and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith.

17.    On February 8, 2019, this Court entered the Sale Order.

18.    Between January 18, 2019 and June 20, 2019, the Debtors and the Buyer filed certain notices (collectively, the "**Notices of Additional Assigned Contracts**"),[3] advising which executory contracts and unexpired leases would be assumed and assigned to the Buyer, in some cases withdrawing specific leases and/or contracts.  Team Worldwide has not been able to identify a single potential contract that could be a Sears Supply Agreement in any of the Notices of Additional Assigned Contracts.

19.    On April 10, 2019, Team Worldwide filed the Proofs of Claim against the Infringing Debtors' estates.

20.    On April 17, 2019, the Debtors filed their *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 3275) and *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 3276).

21.    On May 16, 2019, the Debtors filed the *Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc No. 3894) and the *Disclosure Statement for Amended Joint Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF Doc. No. 3895).

22.    On May 28, 2019, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors* (ECF Doc. No. 4041) (the "**Amended Plan**"), and the *Disclosure Statement for the Second Amended Joint Plan of Sears Holdings*

---

[3] *See* ECF Doc. Nos. 1731; 1774; 2314; 2753; 2854; 2995; 3023; 3034; 3097; 3116; 3123; 3152; 3172; 3248; 3312; 3330; 3352; 3356; 3397; 3422; 3453; 3539; 3761; 3789; 3805; 3859; 3934; 3950; 3964; 3965; 3971; 3979; 3984; 4215; and 4323.

*Corporation and Its Affiliated Debtors* (ECF Doc. No. 4042) (the "**Amended Disclosure Statement**").

23.     The hearing to consider confirmation of the Amended Plan is scheduled for July 23, 2019 at 10:00 a.m. E.S.T. (the "**Plan Confirmation Hearing**").

## RELIEF REQUESTED

24.     Team Worldwide respectfully requests entry of an order pursuant to Bankruptcy Rule 2004, substantially in the form annexed hereto as **Exhibit A**, authorizing Team Worldwide to (i) serve document requests and subpoenas on and (ii) take depositions of representatives of, the Infringing Debtors with knowledge of the following topics (collectively, the "**Rule 2004 Topics**"):

   a.   the Sears Supply Agreements;

   b.   the sales of the Infringing Products;

   c.   the Infringing Debtors' importation, use, and sale or offer for sale of the Infringing Products;

   d.   the Debtor's relationship with the manufacturers of the Infringing Products including, but not limited to, any licensing of the Infringing Products, and individuals involved with the design, development, use, manufacture, marketing, offer for sale, or sale of the Infringing Products; and

   e.   which, if any, of the Sears Supply Agreements were assigned to the Buyer.

## BASIS FOR RELIEF

**Bankruptcy Rule 2004**

25.     Bankruptcy Rule 2004(a) provides, in relevant part, that "[o]n motion of any party in interest, the court may order examination of any entity." Pursuant to Bankruptcy Rule 2004(b), a party in interest, such as a creditor with pre- and post-petition patent infringement claims in

excess of $21 million which requires information from the Infringing Debtors because Infringing

Debtors are likely fully indemnified by  non-debtor third parties, may request discovery related to

"acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any

matter which may affect the administration of the debtor's estate or to the debtor's right to a

discharge." Fed. R. Bankr. P. 2004(b).

26.    "The purpose of a Rule 2004 examination is 'to show the condition of the estate and

to enable the Court to discover its extent and whereabouts, and to come into possession of it, that

the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514

(Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States,* 231 U.S. 710, 717 (1914)).

27.    "The scope of a Rule 2004 examination is very broad and can be in the nature of a

fishing expedition." *Id.* (citing *Chereton v. United States,* 286 F.2d 409, 41 (6th Cir. 1961), *cert.*

*denied,* 366 U.S. 924 (1961); *In re Fearn,* 96 B.R. 135, 137 (Bankr. S.D. Ohio 1989); *In re*

*Vantage,* 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)).   *See also In re Madison Williams Co., LLC,*

No. 11-15896, 2014 WL 56070 at *3 (Bankr. S.D.N.Y. Jan. 7, 2014).   In fact, discovery provided

for under Bankruptcy Rule 2004 is "broader discovery than is available under the Federal Rules of

Civil Procedure." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard*

*Madoff),* 2014 WL 5486279, at *2 (citing *In re Recoton Corp.,* 307 B.R. 751, 755 (Bankr.

S.D.N.Y. 2004)).

28.    There are limits on the scope of a Bankruptcy Rule 2004 examination, including,

among others, that it "should only be used for the legitimate purpose of obtaining information

relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor or

8

to any matter which may affect the administration of the debtor's right to a discharge.'" *In re Coffee Cupboard, Inc.,* 128 B.R. at 514 (quoting Fed. R. Bankr. P. 2004(b)).[4]

29.     There is also a limit on the scope of Rule 2004 examinations with respect to not using such examinations "to obtain information for use in an unrelated case or proceeding pending before another tribunal." *In re Coffee Cupboard, Inc.,* 128 at 516. But, "[t]he mere fact that there is pending litigation against a person sought to be examined under Rule 2004 and possible use of such testimony in collateral litigation is not a sufficient reason for denying the examination." *Id.* (citing *In re Table Talk, Inc.,* 51 B.R. 143 (Bankr. D. Mass. 1985)).

**Team Worldwide Requires Discovery from the Infringing Debtors to Protect its Rights**

30.     By this Application, Team Worldwide is seeking information relating to the Infringing Products sold by the Infringing Debtors, which Team Worldwide believes were manufactured by international third parties pursuant to manufacturing agreements with broad indemnification obligations flowing to the Infringing Debtors.

31.     Without the requested discovery, Team Worldwide cannot investigate (a) which third-parties manufactured (and continue to manufacture) the Infringing Products and sold them to the Infringing Debtors, (b) the amount of Infringing Products sold by the Debtors, (c) the scope of the indemnification rights and obligations under the Supply Agreements, and (d) which of the Sears Supply Agreements, if any (and the corresponding indemnification rights), were assumed and assigned to the Buyer.

---

[4] There is also a limitation that "Rule 2004 examinations may not be used to annoy, embarrass or oppress the party being examined." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (citing *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)). Team Worldwide asserts that there is no such allegation that could be made with respect to this Application and, therefore, this limitation is not applicable here.

**The Information Sought Relates to the Liabilities of the Infringing Debtors**

32.     The information sought through this Application concerning the Rule 2004 Topics relates directly to the "acts, conduct, or property or to the liabilities and financial condition" of the Infringing Debtors and bears directly on Team Worldwide's pre-petition and post-petition claims against the Infringing Debtors' estates. *See* Fed. R. Bankr. P. 2004(b). Indeed, to the extent that any of the Sears Supply Agreements were assigned to the Buyer, this could reduce Team Worldwide's asserted post-petition administrative claim against the Infringing Debtors' estates.

33.     Team Worldwide has not commenced any litigation against the Infringing Debtors or the third-party manufacturers of the Infringing Products, so there is no concern that Team Worldwide is attempting to obtain discovery that it is not entitled to in a pending action or proceeding before another tribunal.

34.     The requested discovery will provide Team Worldwide with the information relevant to evaluate its patent infringement claims against the Infringing Debtors (in order to trigger the necessary indemnification obligations), and/or the Buyer (in order to trigger the necessary indemnification obligations), and what sources of recovery there are *e.g.,* the indemnification rights, on account of these claims other than the Infringing Debtors' estates.

35.     Team Worldwide respectfully submits that the Infringing Debtors and their estates would not be prejudiced by, or unduly burdened by, the limited discovery sought by this Application. First, Team Worldwide is seeking a specific set of documents concerning the Rule 2004 Topics which the Infringing Debtors should be able to easily locate and transmit. Second, Team Worldwide is seeking to examine a representative of the Infringing Debtors with knowledge of the Rule 2004 Topics.

36.    Last, Team Worldwide requires this limited discovery concerning the Rule 2004 Topics in the immediate future, because the information learned from documents produced and the examination conducted will likely suggest that it is in Team Worldwide's and the Debtors' best interests to request certain modifications to the Amended Plan and proposed order confirming the Amended Plan and it will likely establish that the Amended Plan must be modified to avoid an impermissible third-party discharge of the manufacturers.  The Confirmation Hearing and the deadline to object to the Amended Plan (something Team Worldwide would prefer to avoid) have been scheduled, so it is important that Team Worldwide be permitted to investigate the Rule 2004 Topics as soon as possible.

37.    Team Worldwide has, through its counsel, over the last month attempted to obtain informally access to the information requested herein, to no avail.  Team Worldwide remains interested in resolving this request amicably, in a way that is not burdensome to the Infringing Debtors' estates.  But, as stated above, the Confirmation Hearing is rapidly approaching, and Team Worldwide still does not have any indication of whether the Sears Supply Agreements exist, if so, how many, and what obligations exist thereunder. Accordingly, Team Worldwide was compelled to file this Application in order to preserve its rights while its counsel continues to attempt to obtain the information sought herein.[5]

38.    For the reasons set forth herein, the limited discovery sought by Team Worldwide before the hearing to consider confirmation of the Amended Plan is necessary and appropriate. Team Worldwide reserves all of its rights, claims, defenses and remedies, including, without limitation, the right to amend, modify, or supplement this Application, to seek additional

---

[5] Team Worldwide has also attempted to negotiate with the Infringing Debtors, through the parties' respective counsel, concerning relief from the automatic stay and modifications to the injunction language in the Amended Plan.  In light of the speed at which this case is moving, and in order to comply with the Amended Case Management Procedures Order (ECF Doc. No. 405) and protect its rights, Team Worldwide is simultaneously filing a motion for relief from the automatic stay and will, if necessary, file an objection to confirmation of the Amended Plan.

discovery, add additional parties or to raise additional grounds for granting this Application during

any hearing on the Application.

## NOTICE

39.     Notices of this Application will be provided in accordance with the procedures set

forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*

(ECF Doc. No. 405).  Team Worldwide respectfully submits that no further notice is required.

## NO PRIOR REQUEST

40.     No prior request of the relief sought in this Application has been made to this Court

or any other court.

## CONCLUSION

For the foregoing reasons, Team Worldwide respectfully requests entry of an order,

substantially in the form attached hereto granting the relief requested herein and such other and

further relief as the Court deems just, appropriate, and equitable under the circumstances.

Dated: New York, New York
      June 24, 2019

**DIAMOND McCARTHY LLP**

By:    *s/Sheryl P. Giugliano*
     Sheryl P. Giugliano
     Allan B. Diamond
     Charles Rubio
     295 Madison Avenue, 27th Floor
     New York, New York 10017
     (212) 430-5400

     *Counsel to Team Worldwide Corporation*

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                              Chapter 11

SEARS HOLDING CORPORATION, *et al.*         Case No. 18-23538 (RDD)

                                                    (Jointly Administered)

                         Debtors.[6]

------------------------------------------------------------x

## ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUIRING THE PRODUCTION OF DOCUMENTS BY AND AN EXAMINATION OF THE DEBTORS

Upon the application (the "**Application**")[7] of Team Worldwide Corporation ("**Team Worldwide**"), a creditor of Sears Holdings Corporation and Sears, Roebuck and Co. (together, the "**Infringing Debtors**"), for entry of an order pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 requiring the production of certain documents by and an examination of the Infringing Debtors in connection with the Rule 2004 Topics; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the venue of these chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[7] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §157(b); and upon the *Affidavit of Service* filed with the Court (ECF Doc. No. ___) evidencing good and sufficient notice of the Application; and, upon the hearing on the Application on July 11, 2019; and, after due deliberation, the Court having determined that the relief request in the Application is just and appropriate; and it appearing that proper and adequate notice of the Application and the hearing on the Application was given and that, except as otherwise ordered herein, no further notice is necessary; and good and sufficient cause appearing therefor; it is hereby ORDERED that:

1.      The Application is granted as set forth herein.

2.      Team Worldwide is authorized, pursuant to Bankruptcy Rule 2004, to conduct an oral examination of a representative of the Infringing Debtors concerning the Rule 2004 Topics.

3.      Team Worldwide is authorized, pursuant to Bankruptcy Rule 9016, to issue a subpoena for attendance for the foregoing examination (the "**Subpoena Ad Testificandum**").

4.      The Infringing Debtors are directed to produce a witness for such examination.

5.      Team Worldwide is authorized, pursuant to Bankruptcy Rule 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics (the "**Subpoena Deuces Tecum**" and together with the Subpoena Ad Testificandum, the "**Rule 2004 Subpoenas**").

6.      Pursuant to Bankruptcy Rule 9006, the deadline for providing written responses and objections to the Rule 2004 Subpoenas shall be seven (7) days from service.

7.      The Infringing Debtors shall substantially complete their production of documents (including electronically stored information) in their possession, custody or control referenced in the Subpoena Deuces Tecum not later than ten (10) days from the date of service, said production to be delivered to counsel for Team Worldwide.

2

8.    The time period covered by the Subpoena Deuces Tecum shall be the period from April 4, 2000 through the date hereof.

9.    To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

10.    The production and examination required hereby are subject to all applicable privileges; *provided* that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the recipient of the Subpoena Deuces Tecum (or other party asserting privilege with respect to such document) shall provide a privilege log to Team Worldwide's counsel at the time of document production.

11.    The Infringing Debtors shall inform Team Worldwide's counsel of their search terms and other search parameters when conducting an electronic search.  If necessary, the Infringing Debtors shall meet and confer with Team Worldwide's counsel to attempt to agree on appropriate search terms and other search parameters.

12.    All disputes concerning discovery pursuant to this Order, including objections thereto and disputes regarding the scope or timing of such production, that are not resolved by agreement of the parties may be raised by letter brief to the Court not exceeding five (5) pages, single-spaced (excluding attachments).  The other party shall file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single-spaced (excluding attachments).  Copies of such letter briefs shall also be emailed to Court's chambers.

3

13.     The Court retains jurisdiction with respect to all matters arising from or related to

implementation of this Order.


Dated:  White Plains, New York
        June __, 2019

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE