**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

### ORDER GRANTING MOTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE AND COLLATERAL AGENT, FOR LEAVE TO FILE UNDER SEAL

Upon the motion, dated June 18, 2019 (the "<u>Motion</u>")[2] of Wilmington Trust, National

Association ("<u>Wilmington Trust</u>"), as indenture trustee and collateral agent, for entry of an order

authorizing Wilmington Trust to file the papers submitted by Wilmington Trust (I) in Support of

Motion Pursuant to Bankruptcy Rule 3012 for Determination of Amount of Secured Claim

Pursuant to 11 U.S.C. § 506(a) and Amount of Claim Entitled to Priority Pursuant to 11 U.S.C.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§ 507(b) and (II) in Opposition to Debtors' Motion Pursuant to 11 U.S.C. § 506(c) (the

"Wilmington Trust Papers") under seal and filing a redacted version of the Wilmington Trust

Papers, as proposed to be redacted in the Motion, on the public docket of this case; and the Court

having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Wilmington Trust provided

appropriate notice of the Motion and no other notice need be provided; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein, in that the proposed redactions contain commercial information properly

protected under 11 U.S.C. § 107(b)(1); provided, that Wilmington Trust shall promptly engage

with the Debtors and any other party to a confidentiality agreement restricting the disclosure of

such information to seek to obtain a waiver of such confidentiality provisions and shall promptly

file a version of the Wilmington Trustee Papers on the public docket of this case to reflect any

such waivers; and good and sufficient cause appearing,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Wilmington Trust is authorized to file the Wilmington Trust Papers under seal (the

"Sealed Documents") and to file a redacted version of the Wilmington Trust Papers on the public

docket of this case redacting only that information that is considered confidential and

commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code,

Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.  Wilmington Trust shall provide a

copy of this Order and the Sealed Documents to the Clerk of the Court, 300 Quarropas St., White

Plains, NY in an envelope marked "TO BE FILED UNDER SEAL"

3.        Except upon further order of the Court after notice to Wilmington Trust, the Sealed

Documents shall remain under seal, and shall not be made available to anyone without the consent

of Wilmington Trust, except that unredacted copies of the Sealed Documents shall be provided to

(a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors, (d)

counsel and financial advisors to the Second Lien Parties, and (e) any other party as may be ordered

by the Court or agreed to by Wilmington Trust and a counterparty to any such Sealed Documents,

in each case, under appropriate confidentiality agreements reasonably satisfactory to Wilmington

Trust.  Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4.        Wilmington Trust is authorized to take all actions necessary to effectuate the ruling

set forth in this Order.

5.        This Order is without prejudice to the rights of any party in interest, including the

United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6.        Counsel for Wilmington Trust shall contact the Clerk's Office regarding the return

or disposition of the Sealed Documents within 10 days after the final order determining of the

issues with respect to which the Wilmington Trust Papers are submitted.

7.        This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

Dated: June 25, 2019
           White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE