Hearing Date: July 11, 2019 at 10:00 am (ET)
Objection Deadline: July 3, 2019 at 4:00 pm (ET)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

In re:

SEARS HOLDING CORPORATION, et *al.*,,

Debtors.[1]

------------------------------------------------------- X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

### MOTION OF SAKAR INTERNATIONAL INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(a) AND 503(b)(1)

**TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE**

Sakar International Inc. ("Sakar") respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), allowing Sakar's administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(A) and directing immediate payment of Sakar's administrative expense claims. In support of this Motion, Sakar respectfully submits the declaration of Jay Weinblatt, attached as Exhibit B hereto (the "Weinblatt Declaration"), and represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); Service Live Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.

1

## JURISDICTION AND VENUE

1. The United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and has properly referred this matter to the United States Bankruptcy Court for the Southern District of New York (the "Court") under 28 U.S.C. § 157(a) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b) (2) (A), (B), and (O). The Court has constitutional authority to enter final orders in this proceeding and Sakar consents to entry of final orders by the Court.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

4. The statutory predicates for the relief requested herein sections 105 and 503(a) and (b) of the Bankruptcy Code.

## BACKGROUND

5. On October 15, 2018 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") initiating the above-captioned cases.

**Sakar's Relationship with the Debtors**

6. Sakar is among the Debtors' manufacturer of certain licensed electronic goods sold by the Debtors. Sakar has manufactured and supplied electronic goods to the Debtors for nearly 15 years. Sakar has sold

7. goods to the Debtors on credit since the summer of 2004 and also sold certain goods to the Debtors on a consignment basis since 2014.

**Consignment**

8. Sakar and Sears Holding Management Corporation, as agent for Kmart Corporation and Sears, Roebuck & Co. (collectively, the "Subject Debtors"), are parties to that certain Scan-Based Trading and Consignment Agreement, of April 2014 (the "Consignment Agreement").

9. Pursuant to the Consignment Agreement, Sakar provided certain merchandise (the "SBT Merchandise") to the Subject Debtors on a consignment basis. The Consignment Agreement further provided that Sakar was entitled to be paid, by the Subject Debtors, the "SBT Merchandise Cost for inventory that was subject to shrinkage." Consignment Agreement, ¶ 5(c). Shrinkage is the "excess amount of inventory listed in the accounting records, but which no longer exists in the actual inventory."[2]

10. For the time period of October 16, 2018 through February 9, 2019, the Subject Debtors provided Sakar with their Inventory Shrinkage Report, which Sakar verified. Based on that verified report, the Subject Debtors owe Sakar $67,421.25 (the "Post-Petition Shrinkage").

11. As the Post-Petition Shrinkage occurred post-petition, prior to the closing of the sale of substantially all of the Debtors' assets (February 9, 2019), and was a necessary cost and expense of preserving the Debtors' estates, the Subject Debtors are responsible to pay such costs and expenses as administrative expense claims under section 503 of the Bankruptcy Code.

**Credit Terms**

12. Following the Petition Date, Sakar agreed to ship goods to the Debtors on agreed upon term of Net 15 Days (the "Agreed Upon Credit Terms").

13. While the Debtors generally paid Sakar post-petition on a timely basis, there remain three open post-petition invoices that the Debtors have failed to pay: (a) Invoice

---

[2] https://www.accountingtools.com/articles/what-is-inventory-shrinkage.html

BN1812270097, dated December 27, 2018 in the amount of $168.00; (b) Invoice BN1812310209, dated December 31, 2018 in the amount of $168.00; and (c) Invoice BN1812310225 dated December 31, 2018 in the amount of $630.08 (collectively, the "Unpaid Post-Petition Goods").

14.    Pursuant to the Agreed Upon Credit Terms, payment on account of the Unpaid Post-Petition Goods was due on or before January 15, 2019. Sakar has demanded payment from the Debtors, but no payment has been made.

**Administrative Expense Claims under Section 503(b) (1) (A)**

15.    Bankruptcy Code section 503(b)(1) provides: "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). *See, e.g., In re Hostess Brand, Inc.,* 499 B.R. 406, 411 (S.D.N.Y. 2013).

16.    An expense is afforded administrative expense priority if "it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *In re Bethlehem Steel Corp.,* 479 F.3d 167, 172 (2d Cir. 2007), citing *Trustees of Amalgamated Ins. Fund v. Mc Farlin's,* 789 F.2d 98, 101 *2. Cir. 1986)

17.    As the Post-Petition Shrinkage occurred post-petition, prior to the closing of the sale of substantially all of the Debtors' assets (February 9, 2019), and was a necessary cost and expense of preserving the Debtors' estates, the Subject Debtors are responsible to pay such costs and expenses as administrative expense claims under section 503 of the Bankruptcy Code.

18.    The Unpaid Post-Petition Goods were ordered by, and delivered to, the Debtors post-petition, and upon information and belief were either sold by the Debtors in the ordinary

course of business or included in the Global Sale Transaction, in either instance beneficial to the Debtors' estate. *See In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503 a claimant must provide a postpetition benefit to the estate).

19. Accordingly, Sakar is entitled pursuant to 11 U.S.C. § 503(b)(1)(A) to administrative expense claims against Kmart Corporation in the aggregate amount of $$67,421.25 for the Post-Petition Shrinkage and against Kmart Corporation and/or Sears Holding Corporation. in the aggregate amount of $$966.08 for the Unpaid Post-Petition Goods. In addition to allowing Sakar's section 503(b)(1)(A) administrative expense claims, the Court should compel immediate payment.

## **NO PRIOR REQUEST**

20. No previous application for the relief sought herein has been made to this or any other Court.

## **NOTICE**

21. Notice of this Motion will be provided to (a) all parties requesting service via ECF notification and (b) all parties identified in the Master Service List as of 6/17/2019 available at https://restructuring.primeclerk.com/sears/Home-Index. Sakar respectfully submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **CONCLUSION**

**WHEREFORE**, Sakar respectfully requests that the Court: (i) enter the Proposed Order attached as Exhibit A; (ii) allow Sakar's administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) against Kmart Corporation in at least the amount of $67,421.25 for the Post-Petition Shrinkage; (iii) allow Sakar's administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A)

5

against Kmart Corporation and/or Sears Holding Corporation in at least the amount of $966.08 (collectively (i) and (ii) the Sakar Administrative Expense Claims); (iii) direct immediate payment of Sakar's Administrative Expense Claims; and, (iv) for such other and further relief as may be just and proper.

Dated: June 25, 2019
      New York, New York

                               **MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

                               By:  */s/ Edward L. Schnitzer*
                                     Edward L. Schnitzer
                              437 Madison Avenue
                              New York, NY 10022
                              Telephone:  (212) 551-7781
                              Facsimile:  (212) 599-5085
                              Email:  eschnitzer@mmwr.com

                              *Counsel for Sakar International Inc.*

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X

In re:

SEARS HOLDING CORPORATION, et *al.*,,

Debtors.³

------------------------------------------------------------ X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

# ORDER GRANTING MOTION OF SAKAR INTERNATIONAL INC. FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(A) AND (B)(1)

Upon the *Motion of Sakar International Inc. for Allowance and Immediate Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(A) and (B)(1)* (the "Motion") [Dkt. No.    ]; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted; and it is further

---

³ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); Service Live Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.

8

**ORDERED** that Sakar International Inc. ("Sakar") is granted an allowed administrative expense claim in the amount of $68,387.33; and it is further

**ORDERED** that the Debtors shall pay $68,387.33 to Sakar within five (5) business days of entry of this Order; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July __, 2018
White Plains, New York

**PROPOSED**

_____
UNITED STATES BANKRUPTCY JUDGE