**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :
                                                                  :  **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                          :
                                                                  :  **Case No. 18-23538 (RDD)**
                                                                  :
Debtors.[1]                                                       :  **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ACUMEN RECOVERY SERVICES, LLC TO PROVIDE PREFERENCE ACTION RECOVERY AND ANALYSIS SERVICES TO THE DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO APRIL 1, 2019

Upon the application, dated June 6, 2019 (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") authorizing the Debtors under sections 327(a) and 328(a) of the Bankruptcy Code to retain and employ Acumen Recovery Services, LLC ("**Acumen**") to provide preference action recovery and analysis services to the Debtors *nunc pro tunc* to April 1, 2019, on the terms and conditions set forth herein and in the engagement agreement between Acumen and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used, but not otherwise defined herein, shall have their meanings ascribed to such terms in the Application.

Sears Holdings Corporation dated as of April 1, 2019, a copy of which is attached as **Exhibit 1** hereto (the "**Engagement Letter**") and granting related relief, all as more fully set forth in the Application; and upon the declaration of Michael A. Cohen, as Chief Executive Officer of Acumen, annexed to the Application as Exhibit **B** (the "**Cohen Declaration**") and the declaration of Mohsin Meghji, Chief Restructuring Officer of the Debtors, attached to the Application as Exhibit **C** (the "**Meghji Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Cohen Declaration, that Acumen is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Acumen neither represents nor holds any interest adverse to the Debtors or their Debtors' estates with respect to the matters upon which it is to be engaged; and it further appearing that the terms of Acumen's compensation as set forth in the Engagement letter and herein are reasonable for purposes of section 328(a) of the Bankruptcy Code; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Application and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and there being no objections to the relief granted herein; and it appearing that no other or further notice or a hearing is required; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish good and sufficient cause for

the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth in this Order *nunc pro tunc* to April 1, 2019.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to engage Acumen to provide preference action recovery services to the Debtors *nunc pro tunc* to April 1, 2019, pursuant to the terms of the Application and the Engagement Letter, annexed hereto as **Exhibit 1**, as modified hereby.

3. All of Acumen's compensation as set forth in the Engagement Letter including, without limitation, the Contingency Fee Schedule, the Expenses, and related obligations are approved pursuant to section 328(a) of the Bankruptcy Code and Acumen shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letter.

4. Acumen shall apply for allowance of compensation for Services rendered and reimbursement of Expenses incurred by filing (i) short-form quarterly statements that include the amount of fees paid based on the Contingency Fee Schedule and a reasonably detailed itemization of Expenses incurred and paid and (ii) upon the conclusion of its services, a final fee application for final allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court; *provided that*, Acumen shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a)

WEIL:\97075574\2\73217.0004

and that Acumen's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code; *provided further that*, such fees and expenses shall be paid by the Debtors as and when due as set forth in the Engagement Letter without the need to file monthly statements; *provided further that*, for the avoidance of doubt, such fees and expenses shall be subject to review and approval in any quarterly statements and final fee application.

5. Notwithstanding anything to the contrary herein, the Office of the United States Trustee for the Southern District of New York shall have the right to object to Acumen's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary, Acumen shall be excused from time-keeping reporting requirements in applying for allowance of compensation for Services authorized herein.

7. None of the fees payable to Acumen shall constitute a "bonus" or fee enhancement under applicable law.

8. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern. To the extent that there may be any inconsistency solely between the terms of the Application and the Engagement Letter, the terms of the Engagement Letter shall govern.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the chapter 11 cases, any trustee of a trust to which the Katten/Acumen Actions are assigned in connection with confirmation of a chapter 11 plan, or any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: June 26, 2019
      White Plains, New York

                        /s/ Robert D. Drain
                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE