**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

## MOTION OF THE BRUCE TRUSTS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

The Bruce Trusts[2] (collectively, "Landlord"), by and through their undersigned counsel, respectfully submit this motion (this "Motion") pursuant to the *Stipulated Protective Order* dated June 25, 2019 (the "Stipulated Protective Order"), requiring the filing under seal of certain redacted documents (the "Sealed Documents"). Landlord respectfully seeks entry of an order, substantially in the format attached hereto as **Exhibit 1** (the "Proposed Order"). In further support of this Motion, Landlord respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The "Bruce Trusts" consist of the Steven Bruce Revocable Trust, Cara Bruce Irrevocable Trust, and Allison Bruce Irrevocable Trust.

39293054v2

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

**BACKGROUND**

4. Landlord and the Debtors are or were parties to a lease (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") located at 1001 Patton Avenue, Asheville, North Carolina (store # 4112).[3]

5. On October 15, 2018 (the "Petition Date") and continuing thereafter, Sears Holding Corporation ("SHC" or "Sears") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

6. On January 18, 2019, the Debtors filed and served on the applicable counterparties the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory

---

[3] Landlord and Buyer (as later defined herein) dispute whether the Lease has expired and whether Landlord and Debtors are in privity with respect to any such Lease.

2

Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 1774) (the "Supplemental Notice").

7. On January 31, 2019, Landlord filed the Objection to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction and Notice of Expiration of Lease (ECF No. 2281) (the "Landlord Cure Objection") objecting to the Supplemental Notice.

8. On February 8, 2019, the Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to Transform Holdco LLC (the "Buyer" and together with its affiliates, "Transform").[4]

9. In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019. The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3,

---

[4] The Asset Purchase Agreement or "APA" was filed as Ex. B to the Sale Order, as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* (ECF No. 2599) (the "Notice of Filing of Amendment No. 1 to the APA"). Capitalized terms used but not defined herein have the meanings ascribed to them in the APA.

3

2019 for certain Designatable Leases, including the Lease, and to May 13, 2019 for Additional Contracts.

10. On April 2, 2019, the Bankruptcy Court entered the Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief (the "Assumption and Assignment Order") (ECF No. 3008).

11. On April 19, 2019, the Buyer filed the Statement/Notice of Assumption of Additional Designatable Leases, designating the Lease for assumption and assignment to the Buyer or Buyer affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice"), subject to the Bankruptcy Court's approval and the right of counterparties to object as set forth in the Assumption Notice and the Assumption and Assignment Order.

12. On April 30, 2019, Landlord filed The Bruce Trusts' (I) Designatable Contract Assumption and Assignment Objection, and (II) Reservation of Rights (ECF No. 3421).

13. The deadline for the Debtors to assume or reject the leases pursuant to section 365(d)(4) of the Bankruptcy Code, including the Lease, was May 13, 2019 (the "Section 365(d)(4) Period").

14. On May 8, 2019, the Buyer and Landlord (together, the "Parties") filed the Stipulation and Order By and Among Sellers, Buyer, and Landlord the Bruce Trusts (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting

Briefing Schedule (the "First Stipulation") (ECF No. 3740) agreeing to an extension of the Section 365(d)(4) Period to and including May 30, 2019 and setting a briefing schedule.

15. Pursuant to the briefing schedule set in the First Stipulation, on May 14, 2019, the Buyer filed Transform Holdco LLC's Response to the Bruce Trusts' (I) Designatable Contract Assumption and Assignment Objection, and (II) Reservation of Rights (ECF No. 3868).

16. On May 24, 2019, the Parties filed the Stipulation and Order By and Among Sellers, Buyer, and Landlord the Bruce Trusts (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting Briefing Schedule (the "Second Stipulation") (ECF No. 4028) agreeing to further extend the Section 365(d)(4) Period to and including July 8, 2019 and revising the briefing schedule.

17. Pursuant to the revised briefing schedule set in the Second Stipulation, on May 30, 2019, Landlord filed the Memorandum of Law in Support of The Bruce Trusts' (I) Designatable Contract Assumption and Assignment Objection, and (II) Reservation of Rights (ECF No. 4092). On May 31, 2019, Landlord filed a corrected version (ECF No. 4094).[5]

18. On June 13, 2019, the Buyer filed Transform Holdco LLC's Reply to the Bruce Trusts' (I) Designatable Contract Assumption and Assignment Objection, and (II) Reservation of Rights (ECF No. 4233).

19. Hearing on the above matter is scheduled for June 27, 2019 at 2:00 pm.

20. Prior the hearing, the Parties will be filing with the Court the Sealed Documents. As the Sealed Documents reference materials that Landlord has designated as "Highly Confidential" under the Parties' Stipulated Protective Order, the Landlord seeks to file the Sealed Documents under seal.

---

[5] The only change made to the Bruce Trusts' (I) Designatable Contract Assumption and Assignment Objection, and (II) Reservation of Rights was the insertion of page numbers.

## RELIEF REQUESTED

21.     By this Motion, Landlord seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Sealed Documents with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court, or as otherwise specified by the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge.

## BASIS FOR RELIEF

22.     The Stipulated Protective Order sets forth the procedures for designating discovery material as either Confidential or Highly Confidential and provides the terms for the limited use of such materials.  Moreover, the Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court.  Specifically, the Stipulated Protective Order requires that all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential materials be filed under seal.

23.     The Sealed Documents describe information that has been designated under the Stipulated Protective Order as Highly Confidential.  Pursuant to the Stipulated Protective Order, the Sealed Documents must be filed under seal.

24.     The Proposed Order that Landlord submits is narrowly tailored to restrict access only to commercially sensitive and confidential information, and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

## NOTICE

25.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered

39293054v2

on November 1, 2018 (ECF No. 405). Landlord respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court authorize it to file the Sealed Documents under seal and any further relief deemed just, proper, and equitable.

Dated: June 26, 2019
New York, New York

TROUTMAN SANDERS LLP

*/s/ Brett D. Goodman*
Brett D. Goodman
Alissa K. Piccione
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Brett.Goodman@troutman.com
Alissa.Piccione@troutman.com

Amy Pritchard Williams, Esq. (admitted *pro hac vice*)
301 South College Street, Suite 3400
Charlotte, NC 28202
Telephone: (704) 998-4102
amy.williams@troutman.com

*Attorneys for Steven Bruce Revocable Trust, Cara Bruce Irrevocable Trust, and Allison Bruce Irrevocable Trust*

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[6] | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**PROPOSED ORDER GRANTING MOTION OF THE BRUCE TRUSTS**
**FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Upon the motion (the "Motion")[7] of the Bruce Trusts ("Landlord") for entry of an order (this "Order") authorizing Landlord to file the Sealed Documents under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Landlord provided appropriate notice of the

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[7] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

39293054v2

Motion and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Landlord is authorized to file the Sealed Documents under seal in their entirety pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to Landlord, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Landlord, except that (i) unredacted copies of the Sealed Document shall be provided to the Court, and (ii) redacted copies shall be provided to counsel to the Debtors (on a confidential and "professional eyes only" basis) and any other party as may be ordered by the Court or agreed to by Landlord and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality agreements satisfactory to Landlord.  Each party to whom disclosure is made shall keep the Sealed Document confidential.

4. Landlord is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Document or any part thereof.

39293054v2

6. Counsel for Landlord shall contact the Clerk's Office regarding the return or disposition of the Sealed Document within 10 days after the final disposition of the underlying dispute.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

39293054v2