KOERNER LAW FIRM
1204 Jackson Avenue
New Orleans, Louisiana, 70130-5130
Telephone: (504) 581-9569
Facsimile: (504) 324-1798
Louis R. Koerner, Jr.

*Attorney for Claimants Lisa Francis and Earl Lee Francis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:                                                                        :        Chapter 11
                                                                                   :
SEARS HOLDINGS CORPORATION, *et al*              Case No: 18-23538
                                                                                   :
                                                                                   :        Debtors.[1]

---------------------------------------------------------------------x

## MOTION FOR PARTIAL RELIEF FROM THE AUTOMATIC STAY IN ORDER TO PURSUE PERSONAL INJURY TORT CLAIM AND INCORPORATED MEMORANDUM

Claimants, Lisa Francis and Earl Lee Francis, appearing through undersigned counsel,

respectfully move this Court for an order granting relief from the automatic stay pursuant to 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); ST! Merchandising, Inc. (0188); Troy Coolidge No. 13. LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

U.S.C. § 362(d)(1) for the sole purpose of adjudicating the pending petition for personal injury

No. 18-23538, filed in the 16th Judicial District Court for the Parish of Iberia, State of Louisiana

and liquidating the amount due in that Court, all subject to the further jurisdiction of this Court.

The grounds for this motion are as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2) and

§ 1334. However, liquidation of personal injury claims against the estate is not a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(B).

**BACKGROUND**

2.    On October 15, 2018, the debtor, Sears Holding Corporation and its debtor affiliates

and debtors in possession in the above caption filed a voluntary petition herein under Chapter 11

of the United States Bankruptcy Code.

3.    On or about November 19, 2016, Lisa Francis was a customer at Kmart located at

900 E. Admiral Doyle in New Iberia, Louisiana. Francis was returning an item to the cashier at

Customer Service where she remained for several minutes to complete the transaction. While

speaking to the cashier and unbeknown to Francis, a Kmart low boy cart was placed next to her on

her right side, in plain view of the cashier but out of her view, by a Kmart employee and/or a

customer. When Francis completed her transaction and turned to her right to leave, she tripped

over the low boy cart that had been improperly placed next to her, constituting a tripping hazard.

Francis struck the cart, injuring her ankle, knee, wrist, heel and back.

4.    As a result of tripping over the low boy cart that was improperly placed in plain

view of the cashier but outside of Francis' view and without Francis' knowledge, Francis has

undergone extensive medical treatment consisting of weeks of physical therapy, diagnostic

testing/MRIs, taking prescriptive medication for pain caused by the fall/injuries as well as surgeries to her left wrist and her right knee.

5.      Despite the accident having occurred in November 2016, this claim is still pending. Francis has received neither compensation nor any kind of payment in consideration for her injuries. Accordingly, there is some urgency in having the claim advanced to the point of liquidation as soon as possible. The automatic stay is causing a substantial hardship. Maintenance of the stay causes her to remain uncompensated for losses that have impacted her quality of life.

## RELIEF REQUESTED

6.      Pursuant to this motion, Francis seeks relief from the automatic stay for the sole purpose of liquidating her personal injury claim against the debtor.

7.      11 U.S.C. § 362(d)(1) provides, in pertinent part, as follows:

> On request of a party-in-interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

> (1)      for cause…."

8.      While neither Section 362(d)(1) nor its legislative history defines "cause," it is viewed as a broad and flexible concept. *In re M.J. & K. Co.*, Inc., 161 B.R. 586, 590 (Bkrtcy. S.D.N.Y. 1993). Moreover, the determination of whether sufficient cause exists to grant stay relief must be addressed on a case-by-case basis. *Id.* at 591. In determining whether such relief should be entered in order to proceed with litigation in another forum, courts have developed a balancing test whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff. *In re Bock Laundry Mach. Co.,* 37 B.R. 564, 566 (Bkrtcy. 1984). The factors that courts normally consider in the application of this balancing test include (1) whether only issues of state law are involved; (2) whether judicial economy will be promoted; (3) whether the litigation will interfere with the bankruptcy case; and (4) whether the estate can be protected by

requiring that any judgment obtained be enforced through the bankruptcy court. *In re Robbins,* 964 F. 2d 342,345 (4th Cir. 1992).

9.      Present in this case are factors normally considered by courts in determining whether to grant stay relief for the purpose of allowing litigation to proceed in another forum; such factors are weighing heavily in favor of stay relief, in light of following circumstances:

a)      Francis's personal injury tort claims should be liquidated.

b)      The issues surrounding mover's tort claims do not comprise a core proceeding under 28 U.S.C. § 157(b)(2) and would therefore best be decided by the 16th Judicial District Court for the Parish of Iberia.

c)      Judicial economy will be promoted because this matter has already been pending for more than two years in the 16th Judicial District Court for the Parish of Iberia.

d)      Francis will suffer economic hardship if she is unable to continue with the prosecution of her claims against her debtor.

e)      Lifting the automatic stay may result in the resolution of the Francis claims against the debtor and will certainly result in liquidation of the amount.

f)      The 16th Judicial District Court for the Parish of Iberia has the expertise for, jurisdiction over, and is fully capable of adjudicating Francis' claims against the debtor.

g)      Francis's claims, in any event, must be adjudicated in some forum. Litigation expenses that may be incurred by the debtor are insufficient to justify the enjoining of his litigation against the debtor. *In re Todd Shipyards Corp*, 92 B.R. at 603, citing *Matter of Nkongho*, 59 B.R. 85, 86 (Bankr.D.N.J. 1986).

WHEREFORE, Lisa Francis and Earl Lee Francis pray that, after notice and hearing, the Court enter an order modifying, terminating or annulling the automatic stay so as to allow movers to conduct discovery and to adjudicate their personal injury claims against the debtor.

Respectfully submitted,

KOERNER LAW FIRM
/s/ Louis R. Koerner, Jr.
Louis R. Koerner, Jr.
Louisiana Bar 7817
1204 Jackson Avenue
New Orleans, Louisiana 70130
New Orleans: 504-581-9569
Telecopier: 504-324-1798
(Cellular) 504-405-1411
e-mail: koerner@koerner-law.com
www.koerner-law.com

Kenneth W. Jacques
P. O. Box 791897
New Orleans, Louisiana 70179
Telephone: 504-524-1954
Attorneys for Lisa and Earl Lee Francis

**CERTIFICATE**

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on June 27, 2019.

/s/Louis R. Koerner, Jr.
Louis R. Koerner, Jr.