## Exhibit 1

**Engagement Letter**

**ask** LLP | ATTORNEYS AT LAW

Joseph L. Steinfeld, Jr., Esq.
Direct Line 651 289 3850 | Mobile 703 626 7387 | jsteinfeld@askllp.com
2600 Eagan Woods Drive, Suite 400 | St. Paul, Minnesota | 55121
phone 651 406 9665 | fax 651 406 9676 | www.askllp.com

# CONFIDENTIAL

April 1, 2019

<u>Via Email</u>

Mr. Mohsin Y. Meghji
Chief Restructuring Officer
Sears Holdings Corporation, *et al.*, Debtors
c/o M-III Partners, LP
130 West 42nd Street, 17th Fl.
New York, New York   10036

      Re:    *Sears Holdings Corporation, et al.*, Case No. 18-23538 (RDD)
             Engagement Agreement for the Litigation of Avoidance Claims

Dear Mr. Meghji:

This agreement sets forth the terms whereby ASK LLP ("<u>ASK</u>") will serve as special counsel for Sears Holdings Corporation and its affiliated debtors (the "<u>Debtors</u>") to analyze, prosecute and/or settle avoidance actions under chapter 5 of title 11 of the United States Code (the "<u>Avoidance Actions</u>") against non-insider non-affiliate transferees (the "<u>Transferees</u>") in the above captioned cases.

## Staffing of this Engagement

I will personally oversee the collection and litigation efforts undertaken by ASK and will be lead counsel along with my co-managing partner Edward Neiger and Kara Casteel, our case management partner in charge of Avoidance Action collections. We will utilize our staff of seasoned attorneys who have an average of ten years' experience working exclusively on avoidance actions. They in turn will be assisted by paralegals that have been collecting preferences and/or assisting in the litigation of preferences for more than fifteen years.

## Katten/Acumen

It is our understanding that the Debtors are also retaining Katten Muchin Rosenman LLP and Acumen Recovery Services, LLC (together, "<u>Katten/Acumen</u>") in connection with this matter. ASK's engagement is premised upon the Avoidance Actions being divided equally based on expected net recoveries, as determined by Katten/Acumen on the one hand, and ASK on the other hand in the manner directed by the Debtors. ASK and Katten/Acumen have, to date, provided the Restructuring Committee of the Board of Directors of Sears Holdings Corporation (the "<u>Restructuring Committee</u>") with information concerning the allocation of the first 1000 Transferees between ASK and Katten/Acumen and will provide the Restructuring Committee with all future allocations promptly upon their completion by ASK and Katten/Acumen, but in all events subject to approval of the Restructuring Committee. The Avoidance Actions being prosecuted by

ask | ATTORNEYS AT LAW

Dated as of April 1, 2019
Page 2

ASK shall hereinafter be referred to as the "ASK Actions" and the Avoidance Actions being prosecuted by Katten/Acumen shall be referred to as the "Katten/Acumen Actions."

**Deliverables**

A.     **Preference Analysis**

Provided the data is complete and transmitted to us in the format requested, we will produce a detailed preference analysis of all potential claims within 2-3 weeks of obtaining all of the data.

B.     **Client Reports**

We provide at no additional cost customized reports that can be accessed online or be sent by email. We also will customize our online database to allow access to our database that instantly displays the collection status of the preference portfolio as a whole, or the status of an individual case.

C.     **Recovery Work**

1.     **Pre-Suit**

ASK attempts to recover claims before an adversary proceeding is commenced and expenses are incurred. To procure settlements we send a demand package consisting of the following documents, all of which are to be pre-approved by you including the timing of the delivery of such demand packages:

- A multi-paged customized explanatory letter regarding the preference liability;
- A draft complaint; and
- A settlement offer and acceptance form.

Our professionals will attempt to make phone contact with every recipient of a preference demand to verify the package is in the right hands and to encourage the settlement option. As part of the settlement process we may share certain of our preference analysis reports.

2.     **Suit**

Once suit is authorized, we usually serve the following documents with the summons and complaint:

- Service cover letter; and
- Appropriate local forms such as a notice of dispute resolution alternatives.

Our professionals again attempt to make phone contact with every recipient of a lawsuit to verify the package is in the right hands and to encourage the settlement option.

ask | ATTORNEYS AT LAW

Dated as of April 1, 2019
Page 3

**D.      Fees and Expenses**- See Attached Addendum

**E.      Remittances and Reports**

All proceeds recovered by ASK ("ASK Gross Proceeds") will be deposited into a segregated attorney trust account. ASK will make monthly remittances, net of our fees and expenses, to the designated account. We will also make wire transfers to the chosen account. As part of the remittance, ASK will provide monthly reports to the Debtors, with a copy to counsel to the official committee of unsecured creditors ("Creditors' Committee Counsel"), summarizing settlements received and costs incurred in the prior month and its contingency fee percentage for each collection. Should ASK be required to remit in gross, then we expect payment of ASK's bill within 10 days of presentation, or as soon as practicable as allowed by the bankruptcy court. ASK will also send monthly status reports to the Debtors, with a copy to Creditors' Committee Counsel, detailing the status of all pending cases that remain open for collection. ASK will also provide the Debtors with weekly updates on the status of the Avoidance Actions.

**F.      Settlement Authority**

In order to assist the Debtors with the information necessary to make an informed decision, ASK will provide a settlement analysis spreadsheet and agrees to follow any instructions or settlement protocol that has been established.

**G.      Termination**

ASK may, in its sole discretion, terminate the engagement, in which case ASK shall be entitled to all fees and expenses earned as of the date of termination; provided, such fees and expenses shall be paid solely from the ASK Gross Proceeds. The Debtors may, in their sole discretion, terminate the engagement. If the Debtors (or any successor thereof) terminate the engagement without cause, including termination caused by conversion of any case or cases with material Avoidance Actions to chapter 7 or appointment of a chapter 11 trustee in any such case or cases (provided, that the Debtors will use their reasonable best efforts to cause the chapter 11 trustee to continue ASK's engagement in accordance with their respective engagement letters), ASK shall be entitled to all fees and expenses earned as of the date of termination and all fees derived from the ASK Gross Proceeds for a period extending twelve months after the date of termination ("Tail Compensation"); provided, that the Debtors may immediately terminate the engagement and ASK shall not be entitled to any such Tail Compensation if, after execution of this agreement: (i) a determination, rule, guideline, decree, or, order or other statement of similar formality is issued by any court (or by a government agency finding or recommending that ASK not be permitted to serve as a professional for or advisor to a debtor, official committee or trustee or other fiduciary in a bankruptcy case, (ii)

ask | ATTORNEYS AT LAW

Dated as of April 1, 2019
Page 4

the Restructuring Committee reasonably determines that ASK has generally failed to prosecute or has abandoned prosecution of the ASK Actions, or (iii) material harm to any Debtor results from ASK's gross negligence or willful misconduct. For the avoidance of doubt, Tail Compensation shall be determined using the same compensation fee structure as set forth below and in determining the amount of Tail Compensation to which ASK is entitled shall count all ASK Proceeds received prior to ASK's termination without cause.

*(remainder of page intentionally left blank)*

ask | ATTORNEYS AT LAW
Dated as of April 1, 2019
Page 5

Please review this letter and, if it meets with your approval, return a counter-signed copy of this letter via email.

We are grateful for your trust and confidence.

Very truly yours,

ASK LLP

*[signature]*

Joseph L. Steinfeld, Jr., Esq.

cc:  Brian Griffith (bgriffith@miiipartners.com)
     William Murphy (wmurphy@miiipartners.com)
     M-III Advisory Partners, LP
     Ray C. Schrock, Esq. (ray.schrock@weil.com)
     Sunny Singh, Esq. (sunny.singh@weil.com)
     Weil, Gotshal & Manges LLP

This letter and the Terms of Engagement are agreed to and effective as of the date first written above.

**SEARS HOLDINGS CORPORATION ON BEHALF OF ITSELF AND ITS DEBTOR AFFILIATES**

By: *[signature]*
Name:
Title:    MOHSIN Y. MEGHJI
          CHIEF RESTRUCTURING OFFICER

**ask** | ATTORNEYS AT LAW

Dated as of April 1, 2019
Page 6

## Addendum - Fees and Expenses

**Fees**

Our fee structure (including the success fee set forth below) is based on a contingency fee applied to the ASK Gross Proceeds. "Gross Proceeds" is defined as the total recovery obtained by ASK from a preference target in cash and claim waiver value before the deduction of any reimbursable expenses in connection with prosecution of an ASK Action. For the avoidance of doubt, the value of a claim waiver for purposes of counting toward ASK Gross Proceeds shall be limited to the amount that would—(i) be distributable to the claimant pursuant to an approved chapter 11 plan, or (ii) if no plan is approved, be the estimated recovery to the claimant pursuant to an approved plan disclosure statement—as if the waiver had not been obtained, not the gross amount of the claim; and further notwithstanding the inclusion of any non-cash recovery component used in calculating ASK Gross Proceeds, any payment to ASK shall be limited to the cash proceeds actually recovered from the ASK Actions.

Pre-Suit. ASK shall earn legal fees on a contingency basis of **7%** of the ASK Gross Proceeds obtained from a potential defendant of an Avoidance Action after ASK issues a demand letter but prior to initiating an Avoidance Action proceeding against such defendant.

Post Suit. ASK shall earn legal fees on a contingency basis of **10%** of the ASK Gross Proceeds obtained in connection with the settlement of any Avoidance Action after ASK initiates such Avoidance Action proceeding.

Success Fees. Once ASK recovers $25 million in ASK Gross Proceeds, ASK's Pre-Suit Fee shall be **retroactively** adjusted to **12%** of all past and future ASK Gross Proceeds and its Post Suit Fee shall be **retroactively** adjusted to **17%** all past and future ASK Gross Proceeds.

Once ASK recovers $50 million in ASK Gross Proceeds, ASK shall earn legal fees on a contingency basis of **20%** of the ASK Gross Proceeds above $50 million, provided, however, that this contingency fee applies only to ASK Gross Proceeds obtained within the first 18 months of the Bankruptcy Court's approval of ASK's engagement.

The Success fees will be paid by the Debtors immediately either by payment to ASK or by authorizing ASK to deduct these fees from any outstanding amounts currently in its attorney trust account waiting for distribution to the Debtors.

Subject to Bankruptcy Court approval, the Debtors (and any successor thereof, including a liquidating or litigation trustee or plan administrator) shall have the discretion to increase the contingency fee percentages set forth above and/or award a bonus to ASK.

ask | ATTORNEYS AT LAW

Dated as of April 1, 2019
Page 7

**Expenses**

**ASK will Advance Expenses and Only Be Reimbursed From Collections**

ASK will advance all fees and expenses and seek reimbursement only from collections. ASK will store all physical and electronic records without any charge.

**Reimbursed Expenses**

Reasonable out of pocket expense items include, but are not limited to: reasonable expenses related to the importation of data, including the hiring of computer consultants to assist in the extraction of data, shipping costs of records, adversary, appellate, and other court filing fees; mediation fees, deposition expenses; entity name/officer verifications at $10.00 per entity; service of process (for writs, etc.); travel expenses, photocopying at 10 cents per page, postage, and telephone charges; witness fees and costs, and fees and costs associated with the domestication and collection of judgments.  We will deduct our expenses and costs from the remittances at least once a month. In the event there are insufficient recoveries in a given month to cover the out of pocket expenses, ASK will record the deficiency and will deduct such deficiency from cash ASK Gross Proceeds obtained in the following month(s) to the extent available.  For the avoidance of doubt, ASK will not be reimbursed for any expenses and costs exceeding ASK Gross Proceeds.

ASK is not responsible for any expert witness fees and expenses. ASK will work cooperatively with other retained professionals in these cases to avoid duplicative and/or competing efforts and will defer to you with respect to the decision(s) as to the hiring of experts. Retained experts (including, but not limited to, experts necessary to prove insolvency and/or to rebut objective defense industry experts) are to be separately employed and paid for by the Debtors and are not considered part of this proposal.