**Hearing Date and Time: July 11, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: July 5, 2019 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re : | |
| : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, : | |
| : | **Case No. 18-23538 (RDD)** |
| : | |
| Debtors.[1] : | **(Jointly Administered)** |

------------------------------------------------------------ x

# NOTICE OF HEARING ON DEBTORS' MOTION FOR AUTHORITY TO ASSUME CONTRACT WITH MEGAN FOX KELLY ART ADVISORY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**), for entry of an order authorizing the Debtors to assume the Letter of Engagement, dated January 24, 2018, with Megan Fox Kelly Art Advisory, all as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **July 11, 2019 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **July 5, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

2

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: June 27, 2019
      New York, New York

    /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

Hearing Date and Time: July 11, 2019 at 10:00 a.m. (Eastern Time)
Objection Date and Time: July 5, 2019 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                              :
                                                   :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,          :
                                                   :    **Case No. 18-23538 (RDD)**
                                                   :
Debtors.[1]                                        :    **(Jointly Administered)**
------------------------------------------------------------ x

# DEBTORS' MOTION FOR AUTHORITY
# TO ASSUME CONTRACT WITH MEGAN FOX KELLY ART ADVISORY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Relief Requested

1. The Debtors request authorization, pursuant to section 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, to assume the Letter of Engagement, dated January 24, 2018, a copy of which is annexed hereto as **Exhibit A** (the "**MFK Contract**") with Megan Fox Kelly Art Advisory ("**MFK Advisory**"). A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

### Background

*The Debtors' Chapter 11 Cases*

2. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

4. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5. On February 8, 2019, the Bankruptcy Court entered the Order *(I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of*

2

*the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York, sworn on October 15, 2018 (ECF No. 3).

*The Illinois State Court Litigation*

7.    Starting in 2010, Sears Roebuck & Co. and Sears Holding Corporation (collectively, "**Sears**") and 233 S. Wacker, LLC ("**233**") have been engaged in litigation in Illinois state court over rights to ownership of an iconic, monumental, and multi-million-dollar sculpture created by Alexander Calder formerly installed in the Willis Tower in Chicago, Illinois (the "**Calder**") .

8.    In 2010, Sears and 233 became embroiled in a lawsuit in Illinois state court regarding Sears' right to purchase the Calder pursuant to an option agreement. That initial lawsuit was resolved pursuant to a settlement agreement between Sears and 233 in June 2013 (the "**Settlement Agreement**").

9.    In 2016, Sears filed an action in Illinois state court, Case No. 2016-CH-10308 (the "**State Court Action**"), seeking specific performance of its rights under the Settlement Agreement. 233 then filed a counterclaim.

10.    By Stipulation, Agreement and Order "so ordered" by the court on March 27, 2019 (ECF No. 3019), the Debtors agreed to provide 233 with relief from the automatic stay

3

to, *inter alia*, permit 233 to assert, prosecute, and liquidate its counterclaim in the State Court Action. The Debtors have retained Novack and Macey LLP ("**Novack**") to represent the Debtors in the State Court Action in accordance with the *Order Granting Motion Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Commencement Date* (ECF No. 794).

### Jurisdiction

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The MFK Contract

12. MFK Advisory is an art advisor providing curatorial and appraisal advice for museum-quality fine art. Pursuant to the MFK Contract, Sears retained MFK Advisory's services in connection with the State Court Action. Under the MFK Contract, MFK Advisory agreed, among other things, to prepare expert reports and testify at depositions and at trial, as requested by the Debtors.

13. In exchange for the services provided, MFK Advisory earns hourly fees, billed in quarter-hour increments, of $400/hour for Megan Fox Kelly's work, $100/hour for an associate's work, and $500/hour for in-Court testimony, plus reimbursement of expenses at cost. As of the Commencement Date, MFK Advisory was owed $10,253.57.

14. Given that the State Court Action is proceeding, the Debtors need the assistance of MFK Advisory. There is a Court-ordered deadline of July 31, 2019 to depose controlled experts, including Megan Fox Kelly, and a deadline of August 30, 2019 for the service of rebuttal expert disclosures. Given that the Sears chapter 11 petition was filed after Debtors'

disclosure of Megan Fox Kelly as their testifying expert (pursuant to a Court-ordered deadline), and that she has already submitted her initial expert report and given a deposition on same; it is highly unlikely that Debtors would be permitted to retain a different art expert in her stead. Further, Megan Fox Kelly is very familiar with the expert issues in the case, and Debtors believe that she and MFK Advisory are best qualified to do the necessary remaining work. Moreover, even were it possible to do so, switching to another expert at this juncture would not be cost effective and would delay the completion of the State Court Action. Accordingly, the Debtors seek authorization to assume the MFK Contract.

### Assumption and Assignment of MFK Contract Should Be Approved

15. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *COR Route 5 Co., LLC v. Penn. Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 378 (2d Cir. 2008). The Bankruptcy Code does not define the term "executory contract," but the Second Circuit has characterized an executory contract as one "on which performance remains due to some extent on both sides." *E. Air Lines, Inc. v. Ins. Co. of Pa. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992, 998-99 (2d Cir. 1996) (quoting *NLRB v. Bildisco & Bildisco*, 104 S.Ct. 1188, 1194 n.6 (1984)). Both MFK Advisory and Sears have performance obligations remaining under the MFK Contract; consequently, it is an executory contract within the scope of section 365(a).

16. The "business judgment" test is the standard courts use to decide whether to authorize a debtor's assumption of an executory contract. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993), *cert. dismissed*, 114 S. Ct. 1418 (1994). The "business judgment" test is not a strict standard, as it only requires a showing that assumption of an executory contract will benefit the debtor's estate. *See Old Carco*

5

*LLC,* 406 B.R. 180, 196 (Bankr. S.D.N.Y. 2009) (A debtor's decision to assume an executory contract is a proper exercise of its business judgment if it is "rational" and does not "demonstrate bad faith or whim or caprice"); *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y 1992) (quoting *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985)) *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993); *see also Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612 (Bankr. S.D.N.Y. 1986). Accordingly, courts generally defer to a debtor's business judgment in deciding whether to approve assumption of an executory contract. *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *Orion Pictures*, 4 F.3d at 1099; *In re Child World, Inc.*, 142 B.R. 87, 89-90 (Bankr. S.D.N.Y. 1992).

17. Here, assumption of the MFK Contract is well within the Debtors' exercise of their sound business judgment. Sears will need MFK Advisory to litigate the State Court Action effectively. Because initial expert reports and opinions already have been provided, the Debtors will need the services of MFK Advisory to provide appropriate supporting and rebuttal testimony and opinions, if necessary. Assumption of the MFK Contract will provide a clear benefit to the Debtors and their estates by aiding Novack in litigating the State Court Action on behalf of the Debtors. If the Debtors were not to assume the MFK Contract, on the other hand, the Debtors would need to hire a replacement art advisory expert, or run the risk of litigating without supporting testimony. Accordingly, the Debtors believe that assumption of the MFK Contract is an exercise of their sound business judgment and is in the best interests of their estates.

18. Pursuant to section 365(b) of the Bankruptcy Code, for a debtor to assume an executory contract, the debtor must cure any defaults under the contract or provide adequate assurance that it promptly will cure such defaults. *See* 11 U.S.C. § 365(b)(1)(A). If there has been

a default, the debtor also must provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1)(C). MFK Advisory is owed $10,253.57 (the "**Cure Amount**") that will be paid upon assumption of the MFK Contract in full and final satisfaction of all amounts that were payable under the MFK Contract as of the Commencement Date. MFK Advisory has consented to the assumption requested herein and, therefore, the Debtors do not have to provide adequate assurance of future performance.

### Notice

19. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

20. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated:  June 27, 2019
         New York, New York

           /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

7

## Exhibit A

**MFK Contract**

# MEGAN FOX KELLY
## ART ADVISORY

44 EAST 67TH STREET, 3D  
NEW YORK, NEW YORK 10065

212 505 3405

WWW.MEGANFOXKELLY.COM  
MEGAN@MEGANFOXKELLY.COM

Letter of Engagement

January 24, 2018

Courtney D. Tedrowe  
Novack and Macey LLP  
100 North Riverside Plaza  
Chicago, IL 60606

Dear Mr. Tedrowe:

This is a letter of engagement between Novack and Macey LLP, on behalf of Sears, Roebuck & Co. and Sears Holdings Management Corp. (together, "Sears"), and the undersigned on behalf of Megan Fox Kelly Art Advisory ("MFK Advisory"). Under this engagement, the scope of work will include consulting with Novack and Macey on issues related to the Alexander Calder sculpture entitled the "Universe." It may also include, among other things, preparing an expert report and possibly declarations or affidavits, testifying at depositions, and testifying at a trial, as requested by Sears through Novack and Macey LLP. MFK Advisory will maintain regular contact with Novack and Macey LLP and will not undertake any tasks until after we have discussed them.

## FEES AND PAYMENT

MFK Advisory's fees for this engagement will be billed at a rate of $400/hr. for Megan Fox Kelly's work and $100/hr. for an Associate's work plus reasonable expenses incurred for travel. Testimony in court will be billed at the rate of $500/hr. You will only billed for time and expenses spent on this assignment. Expenses will be billed at actual cost. An invoice of time and expenses will be sent to you on a monthly basis and will be billed in quarter-hour increments.

An initial retainer fee in the amount of $5,000 will be due upon execution of this agreement and will be applied against initial expenses and time charges.

MFK Advisory agrees, as a term of this engagement, that only Sears – and not Novack and Macey LLP – shall be responsible to pay MFK Advisory's invoices, and that it will look only to Sears for payment. As part of this agreement, Sears requests that MFK Advisory send its invoices to Novack and Macey LLP so that it may forward the invoices to Sears for payment.

## RIGHT OF WITHDRAWAL

You and Sears may withdraw from this engagement at any time without cause, should you desire to do so. MFK Advisory does request that you notify it in writing of your decision to withdraw. Should you elect to withdraw from this engagement, all fees and expenses incurred to the date of withdrawal and approved by both parties and Sears will be satisfied. Any portion of the retainer fee that has not been billed against will be refunded to you. All work product paid for by you shall be delivered to you, (unless previously delivered), upon withdrawal.

Mr. Courtney D. Tedrowe
January 24, 2018
Page 2

## CONFIDENTIALITY AND DISPUTE RESOLUTION

All work performed and materials and work product of any kind generated during this engagement will be deemed to be confidential material. MFK Advisory agrees and understands that its work under this agreement including, but not limited to, all communications, whether written or oral, between us is to the extent permitted by law covered by the attorney-client or attorney work-product privilege and other applicable privileges. MFK Advisory also agrees that it will not disclose its work or work-product hereunder (including, without limitation, all working papers and other documents prepared by or received by you pursuant to this engagement) unless otherwise required by law, regulations, or judicial or administrative process, or in accordance with applicable professional standards, or in connection with litigation arising hereunder. MFK Advisory further agrees to notify Novack and Macey LLP promptly of the happening of any one of the following events: (a) its receipt of a request to examine, inspect, or copy such documents; or (b) service of any court order, subpoena or summons upon it that purports to require the production of such documents. In connection with the occurrence of either (a) or (b) above, Novack and Macey LLP (or other counsel of Sears' choosing) will be responsible for defending the assertion of the attorney-client, attorney work-product or other applicable privilege. Moreover, MFK Advisory agrees to immediately return all documents, records and work papers to Novack and Macey LLP upon request.

A separate Protective Order has been executed between and among MFK Advisory, its Associate, and Novack and Macey LLP. The terms of that Protective Order shall continue to apply to this engagement, notwithstanding anything to the contrary set forth herein.

It is agreed that, in the event that any dispute arises concerning the subject matter of this letter agreement, such disputes shall be resolved by a single arbitrator in an arbitration administered in Chicago, Illinois, by JAMS under its Comprehensive Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

## ACKNOWLEDGMENT AND ACCEPTANCE

Please indicate your approval of the terms of this engagement by signing where indicated below. Should you have additional questions, please do not hesitate to call me.

Very truly yours,

*[signature: Megan Fox Kelly]*
Megan Fox Kelly
Art Advisory

Accepted by:

Novack and Macey LLP
*[signature]*
Courtney D. Tedrowe, Partner

Date: January 29, 2018

Mr. Courtney D. Tedrowe
January 24, 2018
Page 3

Sears, Roebuck & Co.

By: _____
    Signature

ANDREW JOHNSTONE, D.G.C.
_____
Printed Name and Title

Date: January 24, 2018

Sears Holdings Management Corp.

By: _____
    Signature

ANDREW JOHNSTONE  D.G.C.
_____
Printed Name and Title

Date: January 24, 2018

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                                        :
                                                                                   :     **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,        :
                                                                                   :     **Case No. 18-23538 (RDD)**
                                                                                   :
Debtors.[1]                                                             :     **(Jointly Administered)**
------------------------------------------------------------ x

**ORDER APPROVING DEBTORS' MOTION
FOR AUTHORITY TO ASSUME CONTRACT WITH MEGAN
FOX KELLY ART ADVISORY**

Upon the motion ("**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to assume the MFK Contract, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Assumption of the MFK Contract is authorized and approved pursuant to section 365(a) of the Bankruptcy Code, effective as of the date hereof.

3. Within five (5) business days of the date of entry of this Order, the Debtors shall pay $10,253.57 (the "**Cure Amount**") to MFK Advisory, which payment shall constitute full and final satisfaction of any and all defaults under the MFK Contract, including amounts required to be paid to cure the Debtors' defaults pursuant to Bankruptcy Code section 365(b), whether monetary or non-monetary.

4. Following the payment of the Cure Amount, MFK Advisory shall be forever barred, estopped, and permanently enjoined from asserting against the Debtors, their successors or assigns, or the property of any of them, any default existing under the MFK Contract as of the Commencement Date.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

6. This Order shall become effective immediately upon its entry.

7. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                                      _____
                                                      THE HONORABLE ROBERT D. DRAIN
                                                      UNITED STATES BANKRUPTCY JUDGE