AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Joseph L. Sorkin
Lacy M. Lawrence

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF AND EXHIBITS TO THE CREDITORS' COMMITTEE'S (I) QUALIFIED JOINDER TO THE DEBTORS' OBJECTION TO THE SECOND LIEN PARTIES' REQUESTS TO DETERMINE CLAIMS UNDER SECTION 506(A) AND SECTION 507(B) AND REPLY IN SUPPORT OF THE DEBTORS' RULE 3012 MOTION AND (II) SUPPLEMENTAL OBJECTION TO THE SECOND LIEN PARTIES' REQUEST TO DETERMINE CLAIMS UNDER SECTION 506(A) AND SECTION 507(B)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submit this motion (the "Sealing Motion") pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 [ECF No. 1084] (the "Amended Stipulated Protective Order") and the *Order Approving Global Bidding Procedures and Granting Related Relief* entered on November 19, 2018 [ECF No. 816] (the "Bidding Procedures Order"), both of which require the filing under seal of certain redacted portions of *The Creditors' Committee's (i) Qualified Joinder to the Debtors' Objection to the Second Lien Parties' Requests to Determine Claims Under Section 506(a) and Section 507(b) and Reply in Support of the Debtors' Rule 3012 Motion and (ii) Supplemental Objection to the Second Lien Parties' Request to Determine Claims Under Section 506(a) and Section 507(b)* (the "Joinder and Supplemental Objection") and certain exhibits attached thereto (collectively, the "Confidential Materials"). A proposed order is attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of Title 11 of the United States Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

**BACKGROUND**

4.      To facilitate the provision of confidential information to the Creditors' Committee throughout these cases in connection with formal discovery as well as informal consultations among the parties, the Debtors and the Creditors' Committee entered into a stipulated protective order, which was filed and so-ordered by the Court on November 9, 2018 [ECF No. 605]. The Debtors and the Creditors' Committee subsequently entered into the Amended Stipulated Protective Order on December 4, 2018 [ECF No. 1084].

5.      The Amended Stipulated Protective Order sets forth the procedures for designating discovery material as either Confidential or Highly Confidential and provides the terms for the limited use of such materials. Moreover, the Amended Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court. Specifically, the Amended Stipulated Protective Order requires that all portions of pleadings, motions or other papers filed with the Court that disclose Confidential or Highly Confidential materials be filed under seal. *See* Amended Stipulated Protective Order ¶ 13.

6.      In the *Debtors' Motion for Approval of Global Bidding Procedures* [ECF No. 429], the Debtors sought, among other things, an order approving certain procedures for soliciting bids for, conducting auctions of, and consummating sales of their assets (the "Global Bidding Procedures"). The Bidding Procedures Order approved the Global Bidding Procedures in their entirety.

7.      The Global Bidding Procedures establish the procedures by which the Debtors are to consult with the Creditors' Committee and certain other parties (collectively, the "Consultation Parties") regarding sales of the Debtors' assets and the process related to such sales. In particular, the Global Bidding Procedures state: "The Debtors shall promptly provide copies of all bids and

non-binding indications of interest received by the Debtors to the Consultation Parties, . . . ***provided that*** the Consultation Parties must treat such bids and any related information as confidential and shall not publicly disclose such information without the written consent of the Debtors and the applicable bidder." Global Bidding Procedures, at 33.

8. Simultaneously with this Motion, the Creditors' Committee is filing the Joinder and Supplemental Objection. The Joinder and Supplemental Objection relies upon, refers to, and cites the following communication that has been labeled confidential pursuant to the Amended Stipulated Protective Order:

- Letter from S. O'Neal (counsel to ESL Investments, Inc. ("ESL")) to Sears Holdings's board of directors, dated November 4, 2018[2]

9. The Joinder and Supplemental Objection also relies upon, refers to, and cites the following documents that are labeled confidential and/or appear to be Confidential pursuant to the Global Bidding Procedures:

- Exhibit A to the Project Transform Commitment Letter between ESL and Cyrus Capital Partners, LP ("Cyrus"), dated January 17, 2019 (the "Cyrus Commitment Letter")[3]
- Exhibit B to the Cyrus Commitment Letter[4]

These documents concern the purpose and terms of financing provided by ESL and Cyrus to Transform Holdco LLC ("Transform") in connection with the going-concern sale of substantially all of the Debtors' assets to Transform. While these documents are technically not "bids" or "indications of interest," the Debtors provided them to the Creditors' Committee in its capacity as a Consultation Party. Accordingly, the Creditors' Committee must treat these documents as

---

[2] Attached as Exhibit A to the Joinder and Supplemental Objection.
[3] Attached as Exhibit E to the Joinder and Supplemental Objection.
[4] Attached as Exhibit D to the Joinder and Supplemental Objection.

confidential pursuant to the Global Bidding Procedures and file them under seal to avoid any actual or apparent violation of the Bidding Procedures Order.

## BASIS FOR RELIEF

10. The Confidential Materials rely upon, describe, cite to, and/or constitute documents and information that have been designated under the Amended Stipulated Protective Order or the Bidding Procedures Order as Confidential or Highly Confidential. As such, the Creditors' Committee is complying with its obligations under the Amended Stipulated Protective Order and the Bidding Procedures Order to seek to file certain portions of the Joinder and Supplemental Objection under seal. Accordingly, the Creditors' Committee will redact portions of the Joinder and Supplemental Objection citing to or premised upon the Confidential Materials and will publicly file a redacted version. Additionally, the Creditors' Committee will file the Confidential Materials under seal.

11. Should the parties who designated the Confidential Materials as confidential under the Amended Stipulated Protective Order withdraw their designations and/or consent to the public filing of the Confidential Materials, the Creditors' Committee will publicly file its Joinder and Supplemental Objection and supporting exhibits in full.

## RESERVATION OF RIGHTS

12. The Creditors' Committee reserves its right to object to the designation of Confidential and Highly Confidential information, including the designation of the information contained in the Sealed Documents.

**NOTICE**

13. Notice of this Sealing Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405]. The Creditors' Committee respectfully submits that no further notice is required.

**CONCLUSION**

WHEREFORE, the Creditors' Committee respectfully requests that the Court authorize it to file a redacted version of its Joinder and Supplemental Objection and certain exhibits thereto under seal as well as any such other and further relief deemed just, proper, and equitable.

New York, New York
Dated: June 27, 2019

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *Ira S. Dizengoff*
Ira S. Dizengoff
Philip C. Dublin
Joseph L. Sorkin
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: idizengoff@akingump.com
         pdublin@akingump.com
         jsorkin@akingump.com

Lacy M. Lawrence (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
E-mail: llawrence@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] ) | Case No. 18-23538 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |

**ORDER ON MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF AND EXHIBITS TO THE CREDITORS' COMMITTEE'S (I) QUALIFIED JOINDER TO THE DEBTORS' OBJECTION TO THE SECOND LIEN PARTIES' REQUESTS TO DETERMINE CLAIMS UNDER SECTION 506(A) AND SECTION 507(B) AND REPLY IN SUPPORT OF THE DEBTORS' RULE 3012 MOTION AND (II) SUPPLEMENTAL OBJECTION TO THE SECOND LIEN PARTIES' REQUEST TO DETERMINE CLAIMS UNDER SECTION 506(A) AND SECTION 507(B)**

Upon the motion (the "<u>Sealing Motion</u>")[2] of the Creditors' Committee; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but not defined shall have the meanings given to them in the Sealing Motion.

the Sealing Motion is pursuant to the Amended Stipulated Protective Order [ECF No. 1084] and the Bidding Procedures Order [ECF No. 816]; and the Court having found that the Creditors' Committee provided appropriate notice of the Sealing Motion; and the Court having reviewed the Confidential Materials and determined that the Confidential Materials should be filed under seal; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Creditors' Committee is authorized to file (i) a redacted version of the Joinder and Supplemental Objection, and (ii) the Confidential Materials under seal.

2. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient, and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Creditors' Committee is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

 

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE