**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                                        :
                                                             :     Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                          :
                                                             :     Case No. 18-23538 (RDD)
                                                             :
            Debtors.¹                                        :     (Jointly Administered)
------------------------------------------------------------ x
```

**STIPULATION AND ORDER BY AND AMONG SELLERS,
BUYER, AND LANDLORD MIDWOOD MANAGEMENT CORPORATION
(I) EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION
OR REJECTION OF LEASE OF NONRESIDENTIAL
REAL PROPERTY  AND (II) SETTING BRIEFING SCHEDULE**

This Stipulation and Order (the "Stipulation and Order") is made as of May 3, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as Buyer (the "Buyer") and Midwood Management Corporation as agent for Expressway Plaza I, LLC and Farmingville Associates Phase I, LLC (the "Landlord" and together with the Debtors and the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**Recitals**

A.  Landlord and Debtor Kmart Corporation are parties to that certain lease dated as of December 20, 1991 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") at 2280 North Ocean Avenue, Farmingville, New York (Store # 4871).

B.  On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.  On November 29, 2018, the Landlord filed a *Notice of Hearing of Motion for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease* (ECF No. 932) (the "Landlord Stay Motion") seeking an order from the Bankruptcy Court finding the automatic stay under Bankruptcy Code section 362(a) inapplicable to the Lease.

D.  On January 18, 2019, the Debtors filed and served on the applicable counterparties the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 1731) (the "Initial Notice"), which notice included the Lease.

E.  On January 25, 2019, the Landlord filed the *Objection of Midwood Management Corp. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1957) (the "Initial Objection").

F.  On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV)*

2

*Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to Buyer.

G.  On February 19, 2019, the Bankruptcy Court entered the *Order Denying Motion for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease (2280 North Ocean Avenue, Farmingville, New York)* (ECF No. 2649) (the "Stay Motion Denial Order"), denying the Landlord Stay Motion.

H.  On March 5, 2019, Landlord, as Appellant, filed a notice of appeal of the Stay Motion Denial Order (ECF No. 2747) and on March 19, 2019, Appellant Landlord filed the *Designation of Record and Statement of Issues on Appeal* (ECF No. 2890).

I.  In accordance with the terms of the Sale Order, Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019. The Debtors and Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019 for Additional Contracts.

J.  On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

K.      On April 19, 2019, Buyer filed the *Statement/Notice of Assumption of Additional Designatable Leases*, designating the Lease as subject to assumption by the Buyer pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice").

L.      On April 26, 2019, the Bankruptcy Court entered the *Stipulation and Order Extending Deadline to File Counterdesignation of Appeal Record Items* (ECF No. 3375) extending the Appellee's deadline to file and serve their Counter Designation to and including June 28, 2019.

M.      On May 3, 2019, the Buyer filed the *Notice of Presentment of Stipulation and Order by and Among Sellers, Buyer, and Landlord Midwood Management Corporation (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (ECF No. 3617) (the "Initial 365(d)(4) Extension") and on May 13, 2019, the Court so ordered the Initial 365(d)(4) Extension (ECF No. 3824) (the "365(d)(4) Extension Order").

N.      The Debtors, the Buyer and the Landlord have consensually agreed to a revised briefing schedule for the Debtors' proposed assumption and assignment of the Lease and have also agreed to a consensual further extension of the deadline for the Debtors to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code (the "Section 365(d)(4) Period").

O.      The parties have agreed to an extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      The Landlord hereby consents to a further extension of the Section 365(d)(4) Period to and including July 31, 2019; and

2.  This Stipulation and Order shall not be effective unless and until it is approved by the Bankruptcy Court.

3.  Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including July 31, 2019. For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

4.  This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

5.  Each of the Buyer, Debtors and Landlord have consented to the Briefing Schedule set forth below and resolution of the Briefing Issues at the July 19, 2019 hearing (or such other hearing date as the Bankruptcy Court shall establish):

| Date | Filing |
| --- | --- |
| July 1, 2019 | Buyer Response to Supplemental Objection due. |
| July 15, 2019 | Landlord Reply to Buyer Response due. |
| July 19, 2019 | Hearing to resolve Landlord Objections. |

6.  In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the end of the Section 365(d)(4) Period, as extended by this Stipulation and Order. In the event of nonpayment or nonperformance of obligations arising from the date of this stipulation through the end of the Section 365(d)(4) Period, the Landlord's rights and remedies under Bankruptcy Code Section 365(d)(3) shall be limited to

rights to assert payment and performance from the Buyer, and the Buyer, subject to any applicable defenses, shall be liable to Landlord, for all such costs and obligations as if it were the Debtors for purposes of Section 365(d)(3) and the tenant under the Lease solely for this purpose and this Court retains jurisdiction to enforce such obligations of the Buyer to Landlord; provided further, however, that such limitation shall be without prejudice to the Landlord's right to (i) assert the unpaid or unperformed obligations as additional Cure Amounts that must be paid if the Lease is to be assumed and assigned and (ii) to assert claims for rejection damages (in addition to the claims asserted in the proof of claim filed by Landlord) against the Debtors' estates in the event of rejection of the Lease by the Debtors, and the Debtors reserve all of their respective rights and defenses in respect of any such claims.

7. The Debtors, the Buyer and the Landlord have agreed that the following issues shall be briefed in accordance with the Briefing Schedule and determined at the July 19, 2019 hearing (collectively, the "<u>Briefing Issues</u>"):

> (1) any defaults to be cured and amounts required to be paid as Cure Amounts under the Lease prior to assumption and assignment of the Lease to the Buyer; and
>
> (2) whether the Lease has been terminated pursuant to its terms and therefore cannot be assumed.

8. Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to such time with respect to the Lease as the Debtors have obtained an effective date of (a) rejection of the such Lease, (b) assumption of such Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order, or (c) an order determining that the Lease has been terminated.

9. This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension beyond July 31, 2019 of the Section 365(d)(4) Period.

10. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

11. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

12. Pending approval of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

13. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[Remainder of Page Left Intentionally Blank]

| | |
|---|---|
| Dated: June 19, 2019 | Dated: June 19, 2019 |
| **WEIL, GOTSHAL & MANGES LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| By: /s/ Jacqueline Marcus | By: /s/ Luke A. Barefoot |
| 767 Fifth Avenue<br>New York, New York 10153<br>Telephone (212) 310-8000<br>Facsimile: (212) 310-8007<br>Jacqueline Marcus, Esq. | One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br>Luke A. Barefoot, Esq. |
| *Counsel for the Debtors and Debtors-in-Possession* | *Counsel for the Buyer* |
| | **FARRELL FRITZ, P.C.** |
| | By: /s/ Patrick Collins |
| | 400 RXR PLAZA<br>Uniondale, New York 11556<br>Telephone: (516) 227-0700<br>Facsimile: (516) 227-0777<br>Patrick Collins, Esq. |
| | *Counsel for the Landlord* |

**IT IS SO ORDERED.**

Dated: White Plains, New York        /s/ Robert D. Drain
     June 28, 2019                    UNITED STATES BANKRUPTCY JUDGE