**Presentment Date and Time: July 9, 2019 at 12:00 p.m. (Eastern Time)**
**Objection Deadline: July 8, 2019 at 11:30 a.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): To Be Announced**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Chelsey Rosenbloom, Esq.

*Attorneys for Transform Holdco LLC and*
*Transform SR Holdings Management LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND AMONG**
**BUYER, TRANSFORM, AND BLUETARP FINANCIAL, INC.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "**Buyer**") will present the *Stipulation and Order By and Among Buyer, Transform and BlueTarp Financial, Inc.* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **July 9, 2019 at 12:00 p.m. (Eastern Time)**.  A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text- searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that the Order *(I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief*, entered on April 2, 2019 (ECF No. 3008) (the "**Assumption and Assignment Order**") permits the Debtors to assume and assign certain executory contracts and unexpired leases upon notice to the relevant counterparties.

**PLEASE TAKE FURTHER NOTICE** that, unless an Objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the

undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **July 8, 2019 at 11:30 a.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served with respect to the Stipulation, a hearing (the "**Hearing**") will be held to consider such Objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: June 28, 2019
New York, New York

*/s/ Luke A. Barefoot*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Chelsey Rosenbloom, Esq.

*Attorneys for Transform Holdco LLC and Transform SR Holdings Management LLC*

## Exhibit A

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND ORDER BY AND AMONG**
**BUYER, TRANFORM AND BLUETARP FINANCIAL, INC.**

This Stipulation and Order (the "**Stipulation and Order**") is made as of June 28, 2019, by and among Transform Holdco LLC (the "**Buyer**"), Transform SR Holdings Management LLC ("**Transform**") and BlueTarp Financial, Inc. ("**BlueTarp**" and together with the Buyer and Transform, the "**Parties**") through their respective and duly authorized counsel of record.

**Recitals**

A.  On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

B. On January 23, 2019, the Debtors filed and served on the applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "**Supplemental Cure Notice**"), which listed certain agreements that could potentially be assumed and assigned, including the Private Label Trade Credit Program Agreement, by and between Debtor Sears Holdings Management Corporation ("**SHMC**"), on behalf of itself and as agent for Sears, Roebuck Company and Kmart, Inc., and BlueTarp, effective as of April 20, 2011 (as amended, the "**Program Agreement**"), at line item number 78 thereof.

C. On January 31, 2019, the Debtors filed and served on the applicable counterparties the *Second Supplemental Notice Of Cure Costs And Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction* (ECF No. 2314) (the "**Second Supplemental Cure Notice**"), which included the Second Amendment to Private Label Trade Credit Marketing Agreement, by and between SHMC and BlueTarp (the "**Amendment**"), at line item number 51 thereof.

D. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) was entered by the Court (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets to Buyer.

E. In accordance with the terms of the Sale Order and the asset purchase agreement approved thereby (the "**APA**"), Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "**Additional Assigned Agreements**") for assumption and

assignment for up to sixty (60) days after the Closing Date (the "**Designation Rights Period**"), which occurred on February 11, 2019. The Debtors and Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (ECF No. 3171), which provided notice that the Debtors and the Buyer agreed to extend the Designation Rights Period to May 3, 2019 for certain Designatable Leases and to May 13, 2019 for Additional Contracts.

F.     On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "**Assumption and Assignment Order**") (ECF No. 3008).

G.     Paragraphs 26 and 27 of the Assumption and Assignment Order establish a noticing procedure for assumption and assignment of Additional Assigned Agreements.

H.     On April 3, 2019, by providing notice to the Debtors of its desire to assume the Amendment, Buyer designated the Amendment as an Additional Contract for assumption and assignment pursuant to the Assumption and Assignment Order and the APA.

I.     On April 10, 2019, Buyer filed the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3123) (the "**Assumption Notice**") notifying applicable counterparties that certain Additional Contracts listed on Exhibit 1 to the Assumption Notice (the "**Additional Assigned Agreements Exhibit**") had been designated by the Buyer for assumption and assignment, including the Amendment at line item number 151. The Assumption Notice inadvertently failed to specifically list the Program Agreement for assumption and assignment.

J.     Paragraph 12 of the Assumption Notice provides that "All Additional Assigned Agreements listed in [the Additional Assigned Agreements Exhibit] shall be deemed to include any and all applicable supplements, amendments, and/or addenda."

K. On April 18, 2019, BlueTarp filed *BlueTarp Financial Inc.'s Limited Objection And Reservation Of Rights to the Notice Of Assumption And Assignment Of Additional Contracts* (ECF No. 3280) (the "**BlueTarp Objection**"), arguing, *inter alia*, that the Program Agreement must be assumed and assigned together with the Amendment, and that the indemnification obligations under the Program Agreement must be assumed in the event of an assumption and assignment. Due to the filing of the BlueTarp Objection, the assumption and assignment of the Amendment has not yet become effective.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1. Notwithstanding that the Program Agreement was inadvertently excluded from the Assumption Notice, as of the Effective Date (as such term is defined herein) of this Stipulation and Order, the Program Agreement is hereby deemed to have been designated for assumption and assignment in accordance with the Assumption Notice.

2. As of the Effective Date, Transform and BlueTarp shall each perform their respective obligations under the Program Agreement and, for the avoidance of doubt, nothing in the Assumption Notice or this Stipulation and Order shall impair any claims that BlueTarp may have against Transform with respect to claims for indemnification for third parties' claims arising from or related to the Program Agreement prior to the entry of this Stipulation and Order, except with respect to amounts that are presently known, liquidated, and due and owing.

3. BlueTarp is forever barred, estopped, and permanently enjoined from asserting claims against the Debtors and their affiliates, successors or assigns with respect to the Program Agreement or any amendment thereto, including the Amendment, for any default or claim of any kind or character whatsoever existing as of the date of entry of this Stipulation and Order, whether

known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, or any additional cure amounts allegedly owed as a condition to assumption and assignment of the Program Agreement or Amendment.

4. BlueTarp is forever barred, estopped and permanently enjoined from asserting against the Buyer, the Buyer's Assignee or their affiliates, successors or assigns of the Program Agreement or Amendment of any of them, any default existing as of the date of entry of this Stipulation and Order, amounts that are presently known, liquidated and due and owing, or that any additional cure amounts are owed as a condition to assumption and assignment of the Program Agreement or Amendment.

5. This Stipulation and Order shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order (the "**Effective Date**").

6. Upon the Effective Date, the BlueTarp Objection shall be deemed withdrawn, and all arguments therein shall be deemed resolved.

7. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties, their successors and assigns.

8. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

9. Pending entry of this Stipulation and Order by the Court, the Parties shall not take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Court or is not executed by the Parties, (a) nothing

herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

10. The Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

| | |
|---|---|
| Dated: June 28, 2019 | Dated: June 28, 2019 |
| By: */s/ Garrett A. Fail* | By: */s/ Luke A. Barefoot* |
| WEIL GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br><br>*Attorneys for the Debtors and Debtors-in-Possession* | CLEARY GOTTLIEB STEEN & HAMILTON<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br>Sean A. O'Neal, Esq.<br>Luke A. Barefoot, Esq.<br>Chelsey Rosenbloom, Esq.<br><br>*Attorneys for Transform Holdco LLC and Transform SR Holdings Management LLC* |
| | Dated: June 28, 2019 |
| | By: */s/ Jacob A. Manheimer* |
| | PIERCE ATWOOD LLP<br>Merrill's Wharf<br>254 Commercial Street<br>Portland, ME 04101<br>Telephone: (207) 791-1100<br>Facsimile: (207) 791-1350<br>Email:<br>kcunningham@pierceatwood.com<br>jmanheimer@pierceatwood.com<br>Keith J. Cunningham, Esq.<br>Jacob A. Manheimer, Esq.<br><br>*Attorneys for BlueTarp Financial, Inc.* |

**SO ORDERED**

Dated: _____, 2019      _____
    White Plains, New York                    THE HONORABLE ROBERT D. DRAIN
                                                                        UNITED STATES BANKRUPTCY JUDGE