**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
In re                                                         :
                                                              :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                           :
                                                              :    Case No. 18-23538 (RDD)
                                                              :
              Debtors.¹                                       :    (Jointly Administered)
------------------------------------------------------------- x
```

**STIPULATION AND ORDER BY AND AMONG
SELLERS, BUYER, AND LANDLORDS AFFILIATED WITH BROOKFIELD
PROPERTY REIT INC. EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR
LEASES OF NONRESIDENTIAL REAL PROPERTY**

This Stipulation and Order (the "Stipulation and Order") is made as of June 21, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as Buyer (the "Buyer") and Brookfield Property REIT, Inc., as the owner, affiliate, or managing agent for the owners of certain properties (collectively, the "Landlords" and together with the Debtors and the Buyer, the "Parties"), through their respective and duly authorized counsel of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

record.

## Recitals

A.  The Landlords and the Debtors are parties to those certain leases of nonresidential real property set forth on Exhibit A hereto (as amended and/or modified, the "Leases").

B.  On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.  On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Notice"). On January 23, 2019, the Debtors filed and served on applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "First Supplemental Notice". On January 31, 2019, the Debtors filed and served on the applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice" and together with the Notice and the First Supplemental Notice, and all supplemental notices filed thereafter, the "Notices"). The Leases were among the leases identified in the Notices.

D.  On January 28, 2019, the Landlords filed the *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, Graziadio Investment Company, the Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC, Nassimi Realty LLC,*

2

*Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., and Weingarten Realty Investors to Debtors' Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (ECF No. 2063) (the "Landlord Cure Objection") objecting to the Assumption and Assignment Notices with respect to the Cure Amount and Adequate Assurance for the Leases.

E.  On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to the Buyer.

F.  In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019.  The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Leases and to May 13, 2019 for Additional Contracts.

G. On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

H. On April 19, 2019, the Buyer filed the *Notice of Assumption of Additional Designatable Leases*, designating the Leases for assumption and assignment to the Buyer or Buyer affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice"), subject to the Bankruptcy Court's approval and the right of counterparties to object as set forth in the Assumption Notice and the Assumption and Assignment Order.

I. On May 3, 2019, the Landlords filed the *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Property REIT Inc., Gray Enterprises, LP, Graziadio Investment Company, Gregory Greenfield & Associates, Ltd., LF2 Rock Creek, LP, LBA Realty, LLC, Nassimi Realty LLC, Realty Income Corp., Regency Centers Corp., Site Centers Corp., Spigel Properties, The Woodmont Company, and Weingarten to Notices of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3558).

J. On May 13, 2019, with the consent of the Landlords, the Court extended the deadline for the Debtors to assume or reject the Leases pursuant to section 365(d)(4) of the Bankruptcy Code to May 31, 2019(ECF 3836).

K. On May 31, 2019, with the consent of the Landlords, the Court extended the deadline for the Debtors to assume or reject the Leases pursuant to section 365(d)(4) of the Bankruptcy Code to June 30, 2019 (ECF 4107) (the "Section 365(d)(4) Period").

4

L. The Buyer desires additional time to determine whether to designate the Leases for assumption and assignment, and the Parties have agreed to an extension of the Section 365(d)(4) Period for the Leases, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1. Upon being so ordered, this Stipulation shall be deemed effective as of the date hereof.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including July 31, 2019 for the Leases. For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Leases shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

3. This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlords shall be required.

4. In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to be responsible for all occupancy costs relating to the Leases during the period from June 30, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order. In the event of nonpayment during this extension of the Section 365(d)(4) Period, the Landlord's rights and remedies under Bankruptcy Code section 365(d)(3) shall be limited to rights to assert payment from the Buyer, and the Buyer reserves all rights to contest any such claims.

5. A Bankruptcy Court hearing on any remaining dispute regarding the Assumption Notice shall occur at the hearing set for July 23, 2019, unless the parties agree in writing to further

adjourn such hearing or the Bankruptcy Court orders that such dispute shall be heard on another date after July 23, 2019 (the "Dispute Hearing").

7. 6. Any paper to be filed in connection with the Dispute Hearing, shall be filed on or before July 16, 2019, with any responses to be filed no later than July 19, 2019.

7. All objections of Landlord to the Assumption Notice, including those relating to cure and adequate assurance of future performance, and any response by Debtors and/or Buyer thereto, are reserved for such adjourned hearing date.

8. Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Leases, and such terms shall continue in full force and effect up to the effective date of (a) rejection of the Lease or (b) assumption of the Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order.

9. Notwithstanding anything herein to the contrary, unless the Parties agree otherwise in writing hereafter, any legal and financial obligations of Debtors and Buyer, as they relate to the Amended and Restated Master Lease and Sublease by and Among GS Portfolio Holdings LLC, as Landlord, and Sears, Roebuck, and Co., as Tenant, dated as of June 18, 2015 (as amended from time to time the "GS Master Lease"), are hereby deemed to have ceased no later than April 30, 2019 (or such earlier date as may otherwise be applicable under the operation of bankruptcy law or the order of this Court), as if the GS Master Lease had been rejected on April 30, 2019, except that the Buyer agrees to be responsible for any obligations after that date related to the Leases for Pembroke Lake in Pembroke Pines, FL (Store No. 1775) and Staten Island Mall in Staten Island, NY (Store 1624) (the "Two GS Master Lease Special Locations"), which shall continue in all respects through the Section 365(d)(4) Period. For the avoidance of doubt, neither the Debtors nor the Buyer shall have any obligations as it relates to the GS Master Lease accruing after April 30,

6

2019, except for the Buyer's obligations with respect to the Two GS Master Lease Special Locations.  This Stipulation and Order is without prejudice to any arguments that the Parties may have with respect to the severability of the GS Master Lease or any claim that may or may not arise under the GS Master Lease for the period prior to May 1, 2019.

10.     Notwithstanding anything herein to the contrary, unless the Parties agree otherwise in writing hereafter, any legal and financial obligations of Debtors and Buyer, as they relate to the Master Lease by and Among GS Portfolio Holdings (2017) LLC, as Landlord, and Sears Operations LLC, as Tenant, dated as of July 12, 2017 (as amended from time to time the "GS 2017 Master Lease"), were terminated on January 2, 2019 (the "Termination Date"), and are hereby deemed to have ceased no later than the Termination Date (or such earlier date as may otherwise be applicable under the operation of bankruptcy law or the order of this Court), as if the GS 2017 Master Lease had been rejected on January 2, 2019, except that the Buyer agrees to be responsible for any obligations after February 11, 2019, related to the Leases for Northridge Fashion Center GSPH in Northridge, CA (Store No. 1508) and Willowbrook NJ GSPH 2017 in Wayne, NJ (Store No. 1434) (the "Two GS 2017 Master Lease Special Locations"), which shall continue in all respects through the Section 365(d)(4) Period.  For the avoidance of doubt, neither the Debtors nor the Buyer shall have any obligations as it relates to the GS 2017 Master Lease accruing after the Termination Date, except for any obligations of the Debtors and Buyer with respect to the Two GS 2017 Master Lease Special Locations.  This Stipulation and Order is without prejudice to any arguments that the Parties may have with respect to the severability of the GS 2017 Master Lease, any claims that the Parties may have with respect to termination fees, rejection damages, and any claims that may or may not arise under the GS 2017 Master Lease for the period prior to the February 11, 2019.

11. This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond July 31, 2019.

12. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

13. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

14. Pending entry of this Stipulation and Order by the Bankruptcy Court, no party shall take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order other than the obligations of the Buyer and the waiver by the Landlords under paragraph 4 hereof shall be null and void, and with the exception of this paragraph and paragraph 4, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

15. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

Dated: June 21, 2019

**WEIL, GOTSHAL & MANGES LLP**

By: */s/*Jacqueline Marcus_____
Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for the Debtors and Debtors-in-Possession*

Dated: June 21, 2019

**GELBER & SANTILLO PLLC**

By: __/s/R. Zachary Gelber
R. Zachary Gelber
Kristen Santillo
347 West 36th Street, Suite 805
New York, NY 10018
Telephone: (212) 227-4743
Facsimile: (212) 227-7371
*Attorneys for the Buyer*

**KELLEY DRYE & WARREN LLP**

By: */s/Robert L. LeHane* _____
Robert L. LeHane
101 Park Avenue
New York, NY
Telephone: (212) 808-7800
*Attorneys for the Landlords*

**IT IS SO ORDERED.**

Dated: White Plains, New York
    June 28, 2019

/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

9

**EXHIBIT A**

**LEASES**

Animas Valley Mall in Farmington, NM (Store No. 2597)
Bayshore Mall in Eureka, CA (Store No. 2628)
Chesterfield Towne Center in Richmond, VA (Store No. 1274)
Governors Square in Tallahassee, FL (Store No. 1585)
Prince Kuhio Plaza in Hilo (Sur), HI (2388)
Shoppes at Carlsbad in Carlsbad, CA (Store No. 1678)
Southland Mall in Hayward, CA (Store No. 1248)
Tucson Mall in Tucson, AZ (Store No. 1728)
West Valley Mall in Tracy, CA (Store No. 2059)
Woodbridge Center in Woodbridge, NJ (Store No. 1684)
Fox River Mall in Appleton, WI (Store No. 2092)
Kapiolani Retail in Honolulu, HI (Store No. 1681)
Mall of St. Vincent in Shrevesport, LA (Store No. 1077)

GS Master Lease: 1) Pembroke Lake in Pembroke Pines, FL (Store No. 1775); and 2) Staten Island Mall in Staten Island, NY (Store 1624)

GS 2017 Master Lease: 1) Northridge Fashion Center GSPH 2017 in Northridge, CA (Store No. 1508); and 2) Willowbrook NJ GSPH 2017 in Wayne, NJ (Store No. 1434)