**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                            :
                                                 :      **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,        :
                                                 :      **Case No. 18-23538 (RDD)**
                                                 :
          Debtors.[1]                            :      **(Jointly Administered)**
------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears, Roebuck and Company ("**Sears**"), and Natalie Parker and Edward Parker (collectively, the "**Claimants**"). The Debtors and the Claimants collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears and certain of its affiliates (collectively, the "**Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

WHEREAS, on March 2, 2017, the Claimants commenced an action, with the caption *Natalie Parker & Edward Parker, H/W v. Sears, Roebuck and Co. & Kellermeyer Building Services, LLC, a Delaware Limited Liability Company & John Doe 1-10*, No. 16C-2419 (the "**Prepetition Action**"), that is pending in the Superior Court of New Jersey, Gloucester County, Docket No. GLO-L-274-17 (the "**State Court**"), against Sears, and later amended the complaint in the Prepetition Action to name Kellermeyer Building Services, LLC ("**KBS**") as a defendant. The Prepetition Action involves claims asserted by the Claimants for alleged injuries sustained as a result of falling while on the premises of a Sears store in Deptford, New Jersey.

WHEREAS, on August 7, 2017, Sears filed its *Answer to Amended Complaint, Cross Claim, Third Party Complaint, Jury Demand, Request for Statement of Damages Claims and Designation of Trial Counsel* (Docket No. GLO-L-274-17) in the Prepetition Action, demanding, among other things, full indemnity from KBS and its insurer.

WHEREAS, the insurance carrier for KBS, Zurich American Insurance Company ("**Zurich**"), accepted tender on August 8, 2017, subject to a reservation of rights.

WHEREAS, on January 30, 2019, the Claimants filed *Natalie and Edward Parker's Motion to Lift the Automatic Stay So That Their State Court Personal Injury Action Can Proceed to Trial* (ECF No. 2188) (the "**Motion**").

WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Claimants to continue the Prepetition Action against Sears and KBS to obtain recovery from the insurance proceeds of KBS's insurer, Zurich, to the extent such proceeds are available, and to the extent Zurich continues to defend Sears; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or the Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. As of the Effective Date, the Claimants hereby agree to waive any right to recovery in the Prepetition Action against Sears and the Debtors and any other party that may assert indemnification claims against the Debtors, with the exception of KBS and its insurance carrier, including any prepetition claims, and shall exclusively be limited to obtaining any

recovery in the Prepetition Action from the proceeds of KBS's insurance policy, as provided in Paragraph 2 herein.

4. Promptly after the Effective Date, the Claimants shall withdraw the Motion without prejudice.

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6. Nothing contained herein shall be construed as a waiver by any of the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors are a party that may be filed by any of the Claimants in the Debtors' chapter 11 cases.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors, or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

13. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Signature Page Follows*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the date first below written.

| | |
|---|---|
| Dated: June 18, 2019 | Dated: June 18, 2019 |
| By: */s/ Garrett A. Fail* <br> Ray C. Schrock, P.C. <br> Jacqueline Marcus <br> Garrett A. Fail <br> Sunny Singh <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br><br> *Attorneys for Debtors* <br> *and Debtors in Possession* | By: */s/ Eduardo J. Glas* <br> Eduardo J. Glas <br> Law Office of Eduardo Glas PC <br> 345 Seventh Avenue, 21st Floor <br> New York, New York 10001 <br> 917-864-1461 <br><br> *Attorney for Claimants* |

SO ORDERED

Dated: July 2, 2019
       White Plains, New York

                                      /s/ Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE