**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF TELEBRANDS, CORP. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO**
**11 U.S.C. §§ 503(a) AND 503(b)(1)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

TeleBrands, Corp. ("TeleBrands"), by and through its undersigned counsel, submits this motion (the "Motion") to Allow and Compel Payment of Administrative Expense Claim under 11 U.S.C. §§ 503(a) and 503(b). In support of the Motion, TeleBrands respectfully states as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business ·Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

-3-

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. The statutory predicates for the relief requested herein lies in sections 105 and 503(a) and (b) of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3. On October 15, 2018 (the "Petition Date"), all Debtors filed chapter 11 petitions with the Court with the exceptions of SHC Licensed Business LLC and SHC Promotions LLC, who filed chapter 11 petitions on October 18, 2018 and October 22, 2018, respectively. The Court has approved joint administration of the Debtors' chapter 11 cases. The Debtors continue in the management and operation of their businesses and properties as debtors-in-possession pursuant to sections 1107 and 1108.

4. On the Petition Date. the Debtors also filed a motion requesting authority to pay vendors in the ordinary course of business for goods ordered prepetition but delivered to the Debtors postpetition [Dkt. No. 14] (the "Postpetition Deliveries Motion"). The Court approved the Postpetition Deliveries Motion by final order entered November 20, 2018 [Dkt. No. 843].

5. Also on the Petition Date, the Debtors filed a motion requesting approval to enter into a debtor-in-possession asset-based lending facility ("DIP ABL Facility") and a junior debtor-in-possession facility ("Junior DIP Facility") [Dkt. 7].

6. The Debtors then filed a supplemental motion related to the Junior DIP Facility [Dkt. No. 872] on November 25, 2018.

7. The Court approved entry into the DIP ABL Facility on an interim basis by order entered October 16, 2018, and on a final basis by order entered November 30, 2018. *See* Final

Order Authorizing the Debtors to Obtain Postpetition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (ii) Granting Adequate Protection to the Prepetition Secured Parties; (iii) Modifying the Automatic Stay; and (iv) Granting Related Relief ("DIP ABL Facility Final Order") [Dkt. No. 955]. Under the DIP ABL Facility, the Debtors have access to up to $300 million in new money.

8. The Court also approved entry into the Junior DIP Facility on an interim basis by order entered November 30, 2018 [Dkt. No. 951], and on a final basis at a hearing on December 20, 2018. Under the Junior DIP Facility, Debtors have access to up to $350 million of new money.

9. On information and belief, the Debtors' estates (including the estates of Kmart Corporation and Sears Holdings Corp.) are administratively solvent. *See* DIP ABL Facility Final Order.

10. Further, the Debtors have represented to the Court that they "do not intend, nor have they ever intended to finance these chapter 11 cases on the backs of vendors." *See* Debtors' Omnibus Reply to Objections to Junior Debtor-in-Possession Financing, ¶ 6 [Dkt. No. 1297].

**A. TeleBrands's Relationship with the Debtors**

11. Telebrands is an American direct response marketing company, and the original creator of the "As Seen On TV" logo and category of trade.

12. TeleBrands has supplied the unique and specialty goods and products to the Debtors since 1992. TeleBrands has sold to the Debtors on credit since 2002.

**B. Credit Terms**

13. At various times after the Petition Date, the Debtors (specifically Debtors Sears Holding Corporation and Kmart Holding Corporation) ordered and TeleBrands shipped goods (the "Postpetition Goods") to the Debtors on agreed upon terms of *net 15 days* (the "Agreed Upon

Credit Terms). The Debtors' EDI purchase orders ("POs") are attached to the Affidavit of Robert Barnett ("Barnett Aff.") filed herewith as Exhibit A. The Debtors have not disputed receipt of the Postpetition Goods.

14. While the Debtors generally have paid TeleBrands postpetition on a timely basis, there are twenty-seven (27) postpetition invoices totaling $115,027.00 that the Debtors have not timely paid (the "Unpaid Invoices"). The Unpaid Invoices are attached to the Barnett Aff. as Exhibit B. Both the POs and the Unpaid Invoices clearly state the Agreed Upon Credit Terms. Despite TeleBrands' demand, the Debtors have failed and/or refused to pay the Unpaid Invoices.

**RELIEF REQUESTED**

15. TeleBrands requests entry of an order, substantially in the form attached hereto as Exhibit 1: (i) granting TeleBrands an allowed administrative expense claim (the "Administrative Claim") in the amount of $115,027.00 under section 503(b)(l)(A) of the Bankruptcy Code;(ii) requiring the Debtors to immediately pay such Administrative Claim, and (iii) for such other and further relief as may be just and proper.

**BASIS FOR RELIEF**

16. Bankruptcy Code section 503(b)(1) provides: "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). Under section 503(b)(l)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)).

17. The Postpetition Goods were ordered by and delivered to the Debtors postpetition for a purchase price of $115,027.00, and are subject to the Agreed Upon Credit Terms.

18. The Debtors previously acknowledged that claims for Postpetition Goods are entitled to administrative priority under section 503(b)(1)(A) as actual, necessary costs and expenses of preserving the estate:

> Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate postpetition. 11 U.S.C. § 503(b)(1)(A).

Postpetition Deliveries Motion, ¶ 32

19. It is undisputed that the Unpaid Postpetition Goods were ordered by, and delivered to, the Debtors postpetition, and upon information and belief, were sold by the Debtors in the ordinary course of business. The Debtors accepted the Agreed Upon Credit Terms when they placed the orders for the Unpaid Postpetition Goods.

20. It is further undisputed the sale of the Unpaid Postpetition Goods benefitted the Debtors' estate. Accordingly, TeleBrands is entitled to the Administrative Claim. *See In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503, a claimant must provide a postpetition benefit to the estate)

21. TeleBrands is likewise entitled to immediate payment of its $115,027.00 Administrative Claim.

22. It is well-settled that courts may order the immediate payment of an administrative claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006).

23. The DIP ABL Facility and the Junior DIP Facility provide Debtors with the funds necessary to keep current with the administrative expenses incurred. Indeed, the Debtors have timely paid Telebrands for other goods ordered and delivered postpetition. Presumably, the Debtors have been paying other administrative creditors in the ordinary course of business as well. It would be patently unfair, and without legal basis, for the Debtors to pay some administrative expense claimants who supply goods and services to the Debtors postpetition in the ordinary course of business and not pay others. *See, e.g.*, 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the fact, have agreed to subordinate their claims.")(citation omitted). Accordingly, in addition to allowing TeleBrands' the Administrative Claim, the Court should compel immediate payment.

## NOTICE

24. Notice of this Motion will be served on the Debtors and the "Master Service List" as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Dkt. 405], and in the manner provided therein. TeleBrands submits that no other or further notice need be provided.

25. No previous motion or application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

For the foregoing reasons, TeleBrands respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit 1, (i) granting TeleBrands an allowed administrative expense claim in the amount of $115,027.00 on account of goods sold to the Debtors

after the Petition Date, (ii) requiring the Debtors to immediately pay such allowed administrative expense claim in full; and (b) for such other and further relief as may be just and proper.

Dated: Roseland, New Jersey
July 2, 2019

**LOWENSTEIN SANDLER LLP**

By: /s/ Kenneth D. Rosen
Kenneth A. Rosen, Esq.
Terri Jane Freedman, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
tfreedman@lowenstein.com

Counsel to TeleBrands, Corp.