UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al.,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

I, Robert Barnett, being duly sworn, represents as follows:

1. I am the Vice-President of Finance of TeleBrands, Corp. ("TeleBrands"), a creditor in the above-captioned bankruptcy proceeding. I am over eighteen years old and am authorized to submit this Affidavit in support of TeleBrand's motion for entry of an order allowing and compelling immediate payment of TeleBrands' administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) (the "Motion").

2. All facts set forth in this Affidavit are based on my personal knowledge, information and belief, and are true and correct to the best of my knowledge, information and belief. If called to testify, I could and would testify competently to the facts set forth in this Affidavit.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3. Telebrands is an American direct response marketing company, and the original creator of the "As Seen On TV" logo and category of trade.

4. TeleBrands has supplied the unique and specialty goods and products to the Debtors since 1992. TeleBrands has sold to the Debtors on credit since 2002.

5. At various times after the Petition Date, the Debtors (specifically, Sears Holding Corporation and Kmart Holding Corporation) ordered and TeleBrands shipped goods (the "Postpetition Goods") to the Debtors on agreed upon terms of *net 15 days* (the "Agreed Upon Credit Terms). The Debtors' EDI purchase orders (the "POs") are attached as **Exhibit A**.

6. While the Debtors generally have paid TeleBrands postpetition on a timely basis, there are twenty-seven (27) postpetition invoices totaling $115,027.00 that the Debtors have not timely paid (the "Unpaid Invoices"). The Unpaid Invoices are attached as **Exhibit B**. Both the POs and the Unpaid Invoices clearly state the Agreed Upon Credit Terms. Despite TeleBrands' demand, the Debtors have failed and/or refused to pay the Unpaid Invoices.

7. It is not disputed that TeleBrands delivered the Postpetition Goods to one or more of the Debtors in the ordinary course of business and that the Debtors' estate benefitted from receipt of the Postpetition Goods.

8. Based on the forgoing, TeleBrands is entitled to payment of its Administrative Claim in the amount of $115, 027.00.

_____
Robert Barnett
Vice President of Finance, TeleBrands, Corp.

Sworn to before me this
2nd day of July, 2019

MARIA ANTONIETTA FERRAIOLO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/2/2020