**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) ) | Case No. 18-23538 (RDD) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER GRANTING MOTION OF TRANSFORM HOLDCO LLC
FOR LEAVE TO FILE UNDER SEAL
TRANSFORM HOLDCO LLC'S BRIEF AND DECLARATIONS
IN SUPPORT OF THE ADVERSARY COMPLAINT
AND IN OPPOSITION TO DEBTORS'
SUPPLEMENTAL MOTION TO ENFORCE THE ASSET PURCHASE AGREEMENT**

Upon the motion, dated June 26, 2019 (the "Motion")[2] of Transform Holdco LLC (the "Buyer" and together with its affiliates, "Transform") for entry of an order authorizing Transform to file *Transform Holdco LLC's Brief in Support of the Adversary Complaint and in Opposition to Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement* (the "APA Brief") and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

supporting declarations (together with the APA Brief, the "APA Papers") under seal and filing a redacted version of the APA Papers, as proposed to be redacted in the Motion, on the public docket of this case; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Transform provided appropriate notice of the Motion and that no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in that the proposed redactions contain commercial information properly protected under 11 U.S.C. § 107(b)(1); provided, that Transform shall promptly engage with the Debtors and any other party to a confidentiality agreement restricting the disclosure of such information to seek to obtain a waiver of such confidentiality provisions and shall promptly file a version of the APA Papers on the public docket of this case to reflect any such waivers; and good and sufficient cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Transform is authorized to file the APA Papers under seal (the "Sealed Documents"), and to file a redacted version of the APA Papers on the public docket of this case redacting only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, as described in the Motion.  Transform shall provide (i) a copy of this Order and (ii) the Sealed Documents to the Clerk of the Court, 300 Quarropas St., White Plains, NY, attn:  Mimi Correa, in an envelope or email marked "TO BE FILED UNDER SEAL."

3. Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors, and (d) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Sealed Documents, in each case, under appropriate confidentiality agreements reasonably satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, including the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the final order determining the issues with respect to which the APA Papers are submitted.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 2, 2019
      White Plains, New York

                                            /s/ Robert D. Drain_____
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE