WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11
: 
**SEARS HOLDINGS CORPORATION**, *et al.*, : Case No. 18-23538 (RDD)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------x

**OBJECTION TO APPLICATION OF TEAM WORLDWIDE CORPORATION**
**FOR ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUIRING THE**
**PRODUCTION OF DOCUMENTS BY AND AN EXAMINATION OF THE DEBTORS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR- Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in opposition to the *Application of Team Worldwide Corporation, a Creditor, For Entry of an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Requiring the Production of Documents by and an Examination of the Debtors* (ECF No. 4346) (the "**Application**"):

## Objection

1.  The discovery sought by Team Worldwide Corporation ("**Worldwide**") is not procedurally proper, is neither "limited" nor "require[d] … immediately," as Worldwide alleges, and is not otherwise appropriate. Worldwide appears to be a plaintiff in search of solvent defendants, but Worldwide is not entitled to pre-litigation discovery. Its Application should be denied.

2.  Worldwide filed a prepetition general unsecured claim against Sears Holdings Corporation and Sears, Roebuck & Co. *See* Claim Nos. 16553, 17138. There is no question that discovery regarding prepetition claims is stayed, and the Court has repeatedly acknowledged that the Debtors, rather than individual creditors, should control the process of efficiently reconciling and liquidating prepetition claims. Further, claims asserted against the Debtors will be allowed unless objected to; discovery in advance of an objection would be an inefficient use of the Debtors' limited resources, and any discovery required following an objection will be pursuant to the applicable rules of discovery rather than Federal Rule of Bankruptcy Procedure 2004 ("**Rule 2004**"). Worldwide is not entitled to pre-litigation discovery and cites no authority that would support it.

3. Worldwide alleges—but has not asserted—a postpetition claim against the Debtors. As it did with prepetition claims, this Court has repeatedly acknowledged that there will be a process for filing and reconciling administrative expense claims against the Debtors and that the Debtors should control the process of efficiently reconciling and liquidating such claims. Again, Worldwide is not entitled to pre-litigation discovery for an alleged postpetition claim.

4. Conceding that its litigation efforts cannot commence against the Debtors absent this Court's approval, Worldwide filed a separate motion seeking to lift the automatic stay (ECF No. 4344) (the "**Automatic Stay Motion**"). Through the Automatic Stay Motion, Worldwide seeks permission to commence claims against the Debtors—for the same actions alleged as prepetition and postpetition claims before this Court—in United States District Court for the Eastern District of Texas, rather than liquidate its claims through processes in this Court. Once again, Worldwide is not entitled to pre-litigation discovery for that proposed action.

5. Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405), the Automatic Stay Motion is not before the Court at the upcoming July omnibus hearing and will be heard at the next available omnibus hearing date. The Debtors reserve all rights with respect thereto. Nonetheless, Worldwide's request for Rule 2004 discovery should be denied if it is being sought in connection with that Automatic Stay Motion. The Debtors have informed Worldwide that it opposes the Automatic Stay Motion and that the Debtors will file a more complete objection prior to the appropriate hearing date; the Debtors hereby lodge their initial objection to the Automatic Stay Motion. Where there is a contested matter, a Rule 2004 examination is not appropriate. *See In re Transmar Commodity Grp.*, 2018 Bankr. LEXIS 2473, at *15 (Bankr. S.D.N.Y. Aug. 17, 2018) ("Courts routinely deny requests for Rule 2004 discovery when the matters at issue among the parties are the subject of

an adversary proceeding or contested matter.") (citations omitted); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("Courts have imposed limits on the use of Rule 2004 examinations . . . under the well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004."); *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) ("[O]nce an adversary proceeding or another contested matter has been initiated, parties must proceed with discovery for that litigation pursuant to the Federal Rules of Civil Procedure."); Collier on Bankruptcy ¶ 2004.01 (16th ed. 2014) ("[*I*]*f an adversary proceeding or contested matter is pending*, the discovery devices provided for in Rules 7026-7037 . . . apply and Rule 2004 should not be used.) (emphasis added).[2]

6.     For the same reason, Worldwide's purported basis requiring immediate Rule 2004 discovery is a further basis to deny the Application. Worldwide alleges that it requires discovery now so that it can prosecute an objection to confirmation of the Debtors' proposed chapter 11 plan. *See* Application ¶ 36. The Court established August 2, 2019 as the deadline to file objections to confirmation. *See* ECF No. 4392. Any discovery required in

---

[2] Bankruptcy Rule 9014 provides procedures with respect to certain contested matters. *See* Fed. R. Bankr. P. 9014(a) ("In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise."). Specifically, motions for relief from the automatic stay are governed by the procedures provided for in Bankruptcy Rule 9014. *See* Fed. R. Bankr. P. 4001(a) ("A motion for relief from an automatic stay provided by the Code . . . shall be made in accordance with Rule 9014 . . . ."). Further, "contested matter" has been defined in this District as "a dispute requiring a bankruptcy court determination other than a contested petition or adversary proceeding." *Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Dep't Stores, Inc.)*, 542 B.R. 121, 135 n.42 (Bankr. S.D.N.Y. Dec. 7, 2015). Accordingly, the filing of a motion for relief from the automatic stay initiates a "contested matter." Thus, even in the absence of an objection by the Debtors or any other party in interest, the Automatic Stay Motion created a contested matter precluding Rule 2004 discovery.

connection with confirmation will be governed by the Federal Rules of Civil Procedure and not Rule 2004.[3] The Debtors reserve all rights with respect to confirmation and the Plan.[4]

7. Rule 2004 is designed to assist a party in interest in determining the nature and extent of the bankruptcy estate. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("A Rule 2004 examination is . . . designed to assist the *trustee* in revealing the nature and extent of the estate, ascertaining assets, and discovering whether any wrongdoing has occurred.") (citing *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005)) (emphasis added); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) ("One of the original purposes of the 2004 examination (formerly 205) was to assist the *trustee* in this endeavor" (citing *Zydney v. New York Credit Men's Ass'n*, 113 F.2d 986 (2d Cir. 1940))) (emphasis added). This purpose is distinct from a creditor seeking to establish a claim and distinct from third-party discovery. "Despite the breadth of Bankruptcy Rule 2004, it must first be determined that the examination is proper." *In re Enron Corp.*, 281 B.R. at 842 (internal citations omitted). The decision whether to permit a creditor to seek discovery from a debtor pursuant to Rule 2004 rests within the Court's sound discretion. *See In re Gawker Media LLC*, 2017 WL 2804870, at *5 (Bankr. S.D.N.Y. 2017); Fed. R. Bankr. 2004(a) ("On motion of any party in interest, the court *may* order examination of any entity.") (emphasis added). As set forth above, pre-litigation discovery of the Debtor by a creditor in search of additional third-party

---

[3] The 1983 notes of the Advisory Committee to Rule 9014 provides that "[r]ule[] . . . 3020(b)(1) . . . , which govern[s] . . . objections to confirmation of a plan . . . specifically provide that litigation under [that] [] rule[] shall be as provided in Rule 9014.". *See* Committee Notes, Fed. R. Bankr. P. 9014. Moreover, Rule 9014 specifically provides that discovery shall be conducted, unless the court directs otherwise, pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 9014(c).

[4] The Debtors note that it appears that Worldwide's objection is without merit. Worldwide is not a secured creditor. It has no right or entitlement to any specific asset of the Debtors, including any indemnification policies or proceeds thereof.

WEIL:\97097121\5\73217.0004

defendants is not a proper use of Rule 2004. Worldwide has cited no authority for this purpose to the contrary.

8. Separately, Worldwide's *ipse dixit* aside, the discovery sought is not "limited" or reasonable. Without referring the Court to any applicable statutes of limitation or the impact of certain of the Debtors' prior bankruptcy filing, Worldwide seeks details of almost 20 years of the Debtors' businesses. Worldwide seeks to discover from the Debtors, among other things, extensive facts regarding any and all allegedly infringing air mattresses sold by the Debtors since April 2000, including the identity of all manufacturers of any such products, the amounts of any such products sold by the Debtors, all possible related supply agreements, information related to the sales, marketing, and import practices of the Debtors, and relationships with any yet-identified manufacturers. *See* Application ¶ 24. Worldwide seeks not only written discovery but also depositions. *Id.* Worldwide's proposed timeframe for responses is even more unreasonable: demanding written responses in one week's time and production of nearly 20 years of documents within 10 days. The Application can and should be denied on these grounds alone.[5]

9. Any discovery of the Debtors in these cases at this time will be incredibly burdensome and prejudicial to the many parties in interests in the Debtors' estates. On February 8, 2019, the Bankruptcy Court entered the Order *(I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and*

---

[5] Worldwide's emergency appears to be one of its own making. Worldwide alleges that it became aware of the potential for infringement claims against the Debtors more than one year prior to the commencement of the Debtors' chapter 11 cases. *See* Application ¶ 7. Worldwide offers no explanation for why it didn't commence litigation against the Debtors prior to their petition dates, why it waited approximately six months to file a prepetition proof of claim, or why it waited more than a month from that date to seek discovery.

6

*Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC. The sale closed on February 11, 2019. As the Court is aware, the Debtors' remaining monetary and human-resource resources are limited. The Debtors' access to the discovery sought by Worldwide is also limited and restricted by the terms of transition services agreements with Transform Holdco LLC, with whom the Debtors are engaged in active litigation. *See Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* (ECF No. 2599). The Debtors believe it would be counterproductive to the Debtors' other responsibilities and obligations in these chapter 11 cases, including, among other things, plan solicitation and confirmation and pending litigation against Transform Holdco LLC, to grant the relief requested. It would not benefit any known creditor to prioritize the search for, review, and production of the volume of prepetition documents sought by Worldwide at this time.

10. Rule 2004 examination "should not be so broad as to be more disruptive and costly to the debtor than beneficial to the creditor." *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987); *see also In re Brown*, 2018 Bankr. LEXIS 3138, at * 11 (Bankr. S.D.N.Y. Oct. 11, 2018); *In re Transmar Commodity Grp.*, 2018 Bankr. LEXIS at *12. Indeed, courts have denied Rule 2004 examinations where, as here, the requests failed to "place[] reasonable limits on the sources or types of information that the Debtors must search for and retrieve" and, instead, "generally ask for 'all documents and communications' that relate to the subject matter of the specific request." *Id.* at 251.

11. The balance of equities does not favor permitting Worldwide to seek the broad and expensive Rule 2004 discovery it has requested. The Debtors respectfully submit that the request be denied.

Dated: July 3, 2019
       New York, New York

    /s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*