# Friedmann

# *EXHIBIT E*

*IN RE: SEARS HOLDINGS CORPORATION, et al.*

*CHRISTOPHER GOOD*
*June 20, 2019*
*CONFIDENTIAL*



*Original File 275532.txt*
*Min-U-Script® with Word Index*

**CONFIDENTIAL**                                                                 1

```
 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK
     ------------------------------------X
 3   In Re:

 4   SEARS HOLDINGS CORPORATION, et al.,

 5                    Debtor.

 6   Chapter 11 - Case No.: 18-23538 (RDD)
     ------------------------------------X
 7
         *** C O N F I D E N T I A L ***
 8

 9                 450 Park Avenue
                   New York, New York
10
                   June 20, 2019
11                 2:12 P.m.

12

13       DEPOSITION of CHRISTOPHER GOOD,

14   before Melissa Gilmore, a Shorthand Reporter

15   and Notary Public of the State of New York.

16

17

18

19

20

21

22

23       ELLEN GRAUER COURT REPORTING CO., LLC
           126 East 56th Street, Fifth Floor
24              New York, New York 10022
                     212-750-6434
25                 REF:  275532
```

```
 1   A P P E A R A N C E S:
 2
 3   WEIL, GOTSHAL & MANGES, LLP
 4   Attorneys for Debtors and Debtors-in-Possession,
 5   Sears Holdings Corporation, et al.
 6        200 Crescent Court, Suite 300
 7        Dallas, Texas 75201-6950
 8   BY:  PAUL GENENDER, ESQ.
 9        JAKE RUTHERFORD, ESQ.
10        PHONE 214-746-7877
11        E-MAIL paul.genender@weil.com
12               jake.rutherford@weil.com
13
14   WEIL GOTSHAL & MANGES, LLP
15   Attorneys for Debtors and Debtors-in-Possession,
16   Sears Holdings Corporation, et al.
17        767 Fifth Avenue
18        New York, New York 10153
19   BY:  JARED R. FRIEDMANN, ESQ.
20        PHONE 212-310-8828
21        E-MAIL jared.friedmann@weil.com
22
23
24
25
```

```
 1   A P P E A R A N C E S:  (Cont'd)
 2
 3   CLEARY GOTTLIEB STEEN & HAMILTON LLP
 4   Attorneys for ESL Investments, Inc.
 5        One Liberty Plaza
 6        New York, New York 10006
 7   BY:  LEWIS J. LIMAN, ESQ.
 8        BRIAN P. GIUNTA, ESQ.
 9        PHONE 212-225-2550
10        E-MAIL lliman@cgsh.com
11               bgiunta@cgsh.com
12
13   AKIN GUMP STRAUSS HAUER & FELD LLP
14   Attorneys for Unsecured Creditors
15        One Bryant Park
16        New York, New York 10036-6745
17   BY:  JOHN P. KANE, ESQ.
18        PHONE 212-872-1006
19        E-MAIL jkane@akingump.com
20
21   ALSO PRESENT:
22        BRIAN GRIFFITH, M-III
23        JOSEPH FRANTZ, M-III
24        NICK WEBER, M-III
25        SARA WEISS, Weil Summer Associate
```

```
 1            ------------------ I N D E X ------------------
 2       WITNESS              EXAMINATION BY           PAGE
 3       CHRISTOPHER GOOD     MR. LIMAN                  7
 4
 5       MOTIONS:    PAGE 79
 6
 7
 8            ---------------- E X H I B I T S ----------------
 9       GOOD                 DESCRIPTION            FOR I.D.
10       Exhibit 1            E-Mail from Josh            20
11                            Gruenbaum to Chris Good,
12                            dated January 2, 2019
13       Exhibit 2            E-Mail from Chris Good to   30
14                            Cullen Murphy, dated
15                            January 7, 2019
16       Exhibit 3            E-Mail from Natasha         57
17                            Hwangpo, dated January 6,
18                            2019
19       Exhibit 4            Execution Version of the    73
20                            APA
21       Exhibit 5            E-Mail from Chris Good to   81
22                            Kunal Kamlani, dated
23                            January 8, 2019
24
25
```

```
 1       ----------- E X H I B I T S (Cont'd) -----------
 2    GOOD               DESCRIPTION                FOR I.D.
 3    Exhibit 6          E-Mail from Josh              96
 4                       Gruenbaum to Kunal
 5                       Kamlani, dated January 8,
 6                       2019
 7    Exhibit 7          E-Mail attaching Bid         103
 8                       Letter and the Revised
 9                       Asset Purchase Agreement
10                       that's submitted by
11                       Transform on January 9
12    Exhibit 8          E-Mail from Hayden           120
13                       Guthrie to Charles Allen,
14                       dated January 11, 2019
15    Exhibit 9          E-Mail from Charles Allen    121
16                       to Hayden Guthrie, dated
17                       January 14, 2019
18    Exhibit 10         E-Mail from Charles Allen    123
19                       to Hayden Guthrie, dated
20                       January 15, 2019
21    Exhibit 11         E-Mail from Cullen Murphy    124
22                       to Chris Good, dated
23                       January 16, 2019
24
25
```

```
 1       ----------- E X H I B I T S (Cont'd) -----------
 2       GOOD              DESCRIPTION                FOR I.D.
 3       Exhibit 12        E-Mail from Clayton            125
 4                         Stoker to Josh Gruenbaum,
 5                         dated January 16, 2019
 6       Exhibit 13        E-Mail from Josh               136
 7                         Gruenbaum, dated
 8                         January 16, 2019
 9       Exhibit 14        E-Mail from Josh               142
10                         Gruenbaum to Cullen
11                         Murphy, dated January 28,
12                         2019
13       Exhibit 15        E-Mail from Chris Good to      143
14                         Cullen Murphy, dated
15                         January 26, 2019
16
17
18             (EXHIBITS TO BE PRODUCED)
19
20
21
22
23
24
25
```

```
 1   C H R I S T O P H E R   G O O D,    called as
 2        a witness, having been duly sworn by a
 3        Notary Public, was examined and testified
 4        as follows:
 5
 6   EXAMINATION BY
 7   MR. LIMAN:
 8        Q.   Good afternoon, Mr. Good.  My name
 9   is, as I told you before, is Lewis Liman, and
10   I'm with the Cleary Gottlieb law firm.  I'm
11   joined by my colleague here, Brian Giunta.
12             Let me ask you first, have you ever
13   had your deposition taken?
14        A.   No.
15        Q.   So if it's okay, I'd like to go
16   through a couple of ground rules with you.
17             If at any time you don't understand
18   something that I'm saying, just in the ground
19   rules, just let me know.
20             Is that okay?
21        A.   Yes.  That's fine.
22        Q.   So the way this is going to proceed
23   is I will ask you questions.
24             Is that okay?
25        A.   Yes.
```

```
 1                    GOOD - CONFIDENTIAL
 2    exactly what Mr. Murphy or Transform were
 3    trying to do in this entire chain.
 4         Q.    Okay.  Did you have an understanding
 5    of what the question was about whether it was
 6    part of the 1553 at the time?
 7         A.    I thought this was a question about
 8    delivery of goods.
 9         Q.    Did you understand that what
10    Mr. Murphy was interested in is whether the
11    goods were already part of the stock ledger?
12              MR. GENENDER:  Objection, form.
13         A.    When I was pulling this information,
14    I was proposing to him potential solutions and
15    asking if they would work.  And I was more
16    concerned with trying to figure out what
17    percentage of goods were in transit for him.
18         Q.    You see further up it says, "You are
19    saying that the AP that is outstanding now will
20    be paid off by close, and the AP associated
21    with new goods ordered will be what we are
22    actually assuming."
23              Do you see that?
24         A.    Yes, I do.
25         Q.    Why don't you read into the record
```

```
 1                    GOOD - CONFIDENTIAL
 2     what Mr. Murphy says in his e-mail at
 3     10:46 a.m.?
 4          A.     "So you are saying that the AP that
 5     is outstanding now will be paid off by close
 6     and the AP associated with new goods ordered
 7     will be what we are actually assuming and,
 8     further, those goods will be delivered post
 9     close."
10          Q.     And what was your response to
11     Mr. Murphy?
12          A.     I think this is taken out of
13     context.
14          Q.     Just tell me what your response --
15     what you said.
16               MR. GENENDER:  Let him finish.
17          A.     I'm a little offended by the way
18     this was taken out of context.  I would like to
19     explain the e-mail and how I interpret it.
20          Q.     Your lawyer will give you plenty of
21     opportunity.
22               MR. GENENDER:  Answer it however you
23        want, Mr. Good.
24               MR. LIMAN:  No.
25          Q.     Would you answer my question?  Would
```

```
 1                GOOD - CONFIDENTIAL
 2      last question.
 3              MR. GENENDER:  I will let you ask
 4      your last -- your ultimate question.
 5   BY MR. LIMAN:
 6      Q.   Sir, what is your recollection of
 7   the conversation that you had with Cullen
 8   Murphy where you last discussed the issue of
 9   the merchandise accounts payable?
10              MR. GENENDER:  Objection, form.
11      A.   I don't recall when I last had a
12   conversation with Cullen about merchandise
13   payables the last time.  We had a multitude of
14   conversations regarding merchandise payables
15   and non-merchandise payables.
16              MR. LIMAN:  Okay.  I'm done.
17              MR. GENENDER:  We will reserve
18      questions.  Thank you.
19              MR. LIMAN:  No, I'm not going to
20      keep the deposition open.  If you've got
21      questions, you can ask them now.
22              MR. GENENDER:  Reserve questions
23      till the time of trial.
24              MR. LIMAN:  So the deposition is
25      over and you can ask questions at the time
```

```
 1              GOOD - CONFIDENTIAL
 2       of trial.
 3              MR. GENENDER:  That's what reserve
 4       questions till the time of trial means,
 5       yes.
 6              (Time noted:  5:37 p.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                A C K N O W L E D G M E N T
 2
 3     STATE OF                )
 4                             :ss
 5     COUNTY OF               )
 6
 7          I, CHRISTOPHER GOOD, hereby certify
 8     that I have read the transcript of my testimony
 9     taken under oath in my deposition; that the
10     transcript is a true, complete and correct
11     record of my testimony, and that the answers on
12     the record as given by me are true and correct.
13
14                      _____
15                           CHRISTOPHER GOOD
16
17
18     Signed and subscribed to before me
19     this _____ day of _____, ____.
20
21     _____
22     Notary Public, State of _____
23
24
25
```

```
 1                C E R T I F I C A T E
 2
 3   STATE OF NEW YORK   )
 4                       :ss
 5   COUNTY OF RICHMOND  )
 6
 7            I, MELISSA GILMORE, a Notary Public
 8   within and for the State of New York, do hereby
 9   certify:
10            That CHRISTOPHER GOOD, the witness
11   whose deposition is hereinbefore set forth, was
12   duly sworn by me and that such deposition is a
13   true record of the testimony given by such
14   witness.
15            I further certify that I am not
16   related to any of the parties to this action by
17   blood or marriage; and that I am in no way
18   interested in the outcome of this matter.
19            IN WITNESS WHEREOF, I have hereunto
20   set my hand this 21st day of June, 2019.
21
22
23   [signature: Melissa Gilmore]
24   _____
25   MELISSA GILMORE
```