# Friedmann

# *EXHIBIT F*

1

2           UNITED STATES BANKRUPTCY COURT

3             SOUTHERN DISTRICT OF NEW YORK

4    --------------------------------X

5    In re:                          Chapter 11

6    SEARS HOLDINGS                     Case No:

7    CORPORATION, et al.,         18-23538 (RDD)

8              Debtor.

9    --------------------------------X

10

11                AUCTION PROCEEDING

12              New York, New York

13               January 15, 2019

14

15

16

17   Reported by:

18   MARY F. BOWMAN, RPR, CRR

19   JOB NO. 154062

20

21

22

23

24

25

Page 37

1

2

3

4

5                              January 15, 2019

6                              10:05 a.m.

7

8

9              Proceedings, held at the offices

10    of Weil, Gotshal & Manges, LLP, 767 Fifth

11    Avenue, New York, New York, before Mary F.

12    Bowman, a Registered Professional Reporter,

13    Certified Realtime Reporter, and Notary

14    Public of the State of New Jersey.

15

16

17

18

19

20

21

22

23

24

25

1

2                    APPEARANCES (Speakers):

3

4    WEIL, GOTSHAL & MANGES

5    Attorneys for Debtors, and

6    Debtors-in-Possession:   Sears Holdings

7    Corporation, et al.,

8         767 Fifth Avenue

9         New York, New York 10153

10   BY:  RAY SCHROCK, ESQ.

11

12   AKIN GUMP STRAUSS HAUER & FELD

13   Attorneys for Unsecured Creditors:

14        One Bryant Park

15        Bank of America Tower

16        New York, New York 10036

17   BY:  PHILIP DUBLIN, ESQ.

18

19   PAUL, WEISS, RIFKIND, WHARTON & GARRISON

20   Attorneys for the Subcommittee of the

21   Board of Sears Holdings

22        1285 Avenue of the Americas

23        New York, NY 10019

24   BY:  PAUL BASTA, ESQ.

25

1

2                APPEARANCES (Speakers):

3

4   CLEARY GOTTLIEB STEEN & HAMILTON

5   Attorneys for Defendants

6        One Liberty Plaza

7        New York, NY 10006

8   BY:  SEAN O'NEAL, ESQ.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 40

1         Proceedings - 1/15/19

2         MR. SCHROCK:  Let's go back on

3    the record.  It is January 15, 2019 at

4    approximately 10:05 a.m.

5         First of all, thank you to

6    everyone for your patience and working

7    with the debtors yesterday.  There has

8    been a significant amount of

9    back-and-forth between ESL, as well as

10   with the debtors and their consultation

11   parties.  And we decided late last

12   night to allow ESL overnight to put

13   together a response to the proposal

14   from the debtors, and at this time, we

15   will have them put that proposal on the

16   record, after which time we are going

17   to take a break, go discuss it with the

18   restructuring committee and the

19   consultation parties.

20        We will go back on the record

21   with the debtors' decision as to

22   whether or not the offer is higher or

23   better or a successful bid, a/k/a

24   successful bid, and from that, we will

25   make a decision about whether or not

Page 50

1          Proceedings - 1/15/19

2          Good afternoon.  Again, Ray

3    Schrock, Weil Gotshal on behalf of the

4    debtors, attorneys for Sears.

5          It is January 15, approximately

6    1:12 p.m.  And I'm here to announce the

7    status of ESL's bid.

8          First, just a quick reminder

9    about the debtor's corporate governance

10   structure.  The role of the

11   restructuring committee is to review

12   affiliate transactions, among other

13   items.  The subcommittee is or the

14   restructuring committee is handling all

15   issues associated with credit bidding.

16         So with this announcement, I'm

17   going to ask Paul Basta on behalf of

18   the restructuring subcommittee to come

19   up here, and if the official committee

20   of unsecured creditors or other

21   consultation parties want to speak,

22   they are certainly free to do so.

23         At this time, unfortunately,

24   after consulting with the consultation

25   parties, the restructuring committee

Proceedings - 1/15/19

1

2  has determined that the ESL bid is not

3  executable and is not otherwise higher

4  or better when compared to the

5  company's alternatives.

6        There are a number of significant

7  problems that the company has with the

8  ESL bid and we have tried, and I want

9  to say, so very hard to get there with

10  this deal.  Everything depends on it.

11        This committee is put, you know,

12  in a very difficult position, one that

13  it accepts, to have to evaluate the

14  alternatives between a wind-down and

15  what's best for the stakeholders and a

16  going concern and we have been twisting

17  and turning and trying to find a way to

18  get the ESL bid done.

19        But when you have a negotiating

20  party that is buying all of the assets

21  and trying to ensure that you have

22  enough cash to get to the closing and,

23  you know, get past the close, it's an

24  extraordinarily difficult exercise.

25  And I think for both sides in fairness.

1        Proceedings - 1/15/19

2           But when we run the company's

3     numbers and we are talking about a

4     closing that would occur as quickly as

5     February 8, there is simply not enough

6     cash to get to the closing.   OK.   We --

7     even if we wanted to accept the

8     transaction, there is not enough cash

9     to get to the closing.   We're roughly,

10    at least 150 million dollars short.

11         There has been a lot of talk and

12    some hyperbole on the record about

13    goal-post moving.   This is a

14    multi-billion dollar corporation.   We

15    are talking about buying all of the

16    assets and then leaving the company

17    with basically a going concern, but

18    everything is gone and then to have the

19    estate be able to wind up

20    professionally, you know, allow the

21    parties and the stakeholders to have

22    what they have and get a plan

23    confirmed -- there is always going to

24    be movement on administrative claims in

25    a company of this size.   But when we

1          Proceedings - 1/15/19

2    premise for the advisors, for the board

3    in engaging in this exercise.

4          And so when you hear the

5    restructuring committee and the

6    professionals talk about administrative

7    solvency, we want to make sure that we

8    are taking care of the employees.  We

9    ant to make sure we are wrapping up the

10   case.  It is not about just confirming

11   a plan.

12         But we believe and continue to

13   believe that we have a path to do so

14   under the company's alternatives, and I

15   would note the company's other

16   alternatives are conservative in their

17   assumptions.  We will let the record

18   speak for itself on exactly how you

19   parse through that, but there is

20   certainly upside, we believe, in the

21   liquidation analysis and certainly

22   other alternatives that could be

23   pursued.

24         But unfortunately, ESL and the

25   debtors we have not been able to agree

Page 57

Proceedings - 1/15/19

2    on what it's going to take and be able

3    to keep the company on the right side

4    of administrative insolvency.

5         When we looked at the

6    consideration that was being provided

7    for unencumbered assets or -- as for

8    unencumbered assets, most of those

9    assets were being purchased by ESL for

10   relatively little consideration.  The

11   debtors already have indications of

12   interest for several hundred million

13   dollars on those assets, but we were

14   willing to try to find a way to bridge

15   the gap there on this.

16        But when you couple that with

17   having a party that's buying basically

18   all of the assets and we are left in

19   administratively insolvent position, we

20   believe that there was insufficient

21   consideration for the unencumbered

22   assets.

23        On the assumption of

24   administrative liabilities, I think we

25   made a lot of progress over the last

1                     Proceedings - 1/16/19

2       subject to full documentation and to be

3       agreed among the parties and also it

4       needs to be confirmed by the NewCo

5       financing sources which have been very

6       much involved in our discussions and we

7       anticipate occurring promptly.

8               Thank you.

9               MR. SCHROCK:  With that, we will

10      stand adjourned.

11              (Time noted:  2:26 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 83

1          Proceedings - 1/16/19

2

3               CERTIFICATE

4

5        I, MARY F. BOWMAN, a Registered

6    Professional Reporter, Certified

7    Realtime Reporter, and Notary Public do

8    hereby certify:

9        The foregoing is a true record of

10   the testimony given by in these

11   proceedings.

12       I further certify that I am not

13   related to any of the parties to this

14   action by blood or marriage and that I

15   am in no way interested in the outcome

16   of this matter.

17       In witness whereof, I have

18   hereunto set my hand this 16th day of

19   January, 2019.

20

21   _____

22        MARY F. BOWMAN, RPR, CRR

23

24

25