**DIAMOND MCCARTHY LLP**
*Counsel to Team Worldwide Corporation*
295 Madison Avenue, 27th Floor
New York, New York 10017
(212) 430-5400
Allan B. Diamond
Charles M. Rubio
Sheryl P. Giugliano
adiamond@diamondmccarthy.com
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                                        Chapter 11

SEARS HOLDING CORPORATION, *et al.*      Case No. 18-23538 (RDD)

                                                              (Jointly Administered)
                              Debtors.[1]
-------------------------------------------------------------x

## REPLY TO OBJECTION TO APPLICATION OF TEAM WORLDWIDE CORPORATION, A CREDITOR, FOR ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUIRING THE PRODUCTION OF DOCUMENTS BY AND AN EXAMINATION OF THE DEBTORS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Team Worldwide Corporation ("**Team Worldwide**"), a creditor of Sears Holdings Corporation and Sears, Roebuck and Co. (together, the "**Infringing Debtors**"), by and through its undersigned counsel, hereby submits this reply (the "**Reply**") to the objection [ECF 4429] of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**") to the application [ECF 4346] (the "**Application**")[2] of Team Worldwide for entry of an order requiring the production of certain documents by and an examination of the Infringing Debtors pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1.  In support of its Reply, Team Worldwide states as follows:

## REPLY

**A.     Team Worldwide is Seeking Discovery On The Debtors' Property and Rights; It is Not Seeking Impermissible Pre-Litigation Discovery.**

1.     Team Worldwide is seeking information on the manufacturers who supplied Infringing Products to the Debtors.  On information and belief, these manufacturers have agreed to indemnify the Infringing Debtors for claims Team Worldwide has against the Infringing Debtors related to the sale of the Infringing Products.

2.     Contrary to the Debtors' assertions, Team Worldwide did not file its Application in an effort to gain pre-litigation discovery in connection with its motion to lift the automatic stay, or its Proofs of Claim.  Rather, the indemnification provisions available under the Sears Supply Agreements are critical to understanding the property and rights of the Debtors' estates.  Except with respect to two purchase orders with Bestway Hong Kong International LTT and Intex Recreation Corp listed on Schedule G of Sears, Roebuck and Co., Team Worldwide does not know if any Sears Supply Agreements exist that relate to the Infringing Products.  As indicated in the Application, Team Worldwide has not seen any potential Sears Supply Agreements listed in the Notices of Additional Assigned Contracts filed with the Court.  Team Worldwide does not know

---

[2]    Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

if the Debtors consider some of the Sears Supply Agreements to be non-executory and this is why more are not listed on the Debtors' Schedules.

3. Using the Infringing Debtors' indemnification rights (which may be of zero value to the Infringing Debtors) to satisfy Team Worldwide's claims would benefit the Debtors and the Debtors' other creditors by reducing pre-petition and post-petition administrative claims against the Infringing Debtors' estates.

4. The Debtors are the only viable source of necessary information concerning (a) the Sears Supply Agreements; (b) the Infringing Products sold by the Infringing Debtors, and (c) the manufacturers which supplied the Infringing Products to the Infringing Debtors.

### B. The Amended Plan May Improperly Discharge the Manufacturers, and the Discovery Sought Will Contain the Answers.

5. The indemnification provisions which may be available under the Sears Supply Agreements are also critical to knowing if the Amended Plan improperly discharges the manufactures from their indemnification liabilities. Specifically, if the manufacturers have outstanding indemnification obligations to the Infringing Debtors under the Sears Supply Agreements for the Infringing Debtors sale of the Infringing Products, and the Amended Plan prevents Team Worldwide from recovering against the manufacturers by enjoining Team Worldwide from asserting its claims against the Infringing Debtors that would otherwise be covered by the indemnification rights, then the Amended Plan cannot be confirmed under Bankruptcy Code §1129(a)(1), because it violates Bankruptcy Code § 524(e). 11 U.S.C. § 524(e) ("[D]ischarge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."). Team Worldwide needs the discovery to determine whether the Amended Plan creates in impermissible discharge of the Manufacturers' indemnification obligations.

3

### C. The Debtors Delayed Providing Information – Team Worldwide Did Not Create This Emergency.

6. Team Worldwide objects to the Debtors' assertion that Team Worldwide somehow sat on its rights and waited until the last minute creating a self-made emergency – nothing could be further from the truth.

7. First, Team Worldwide filed the Proofs of Claim by the deadline set by this Court in the Debtors' cases, April 10, 2019. Team Worldwide is not seeking permission to file a late filed claim.

8. Second, Team Worldwide, through its counsel, contacted the Debtors, through their counsel, in April 2019 (just after the Debtors filed the initial version of the Amended Plan, and more than two months ago at this point) to (a) provide Debtors' counsel with general background concerning the Infringing Products and the manufacturers' indemnification obligations, and (b) request copies of the Sears Supply Agreements. At that time, Team Worldwide was attempting to work with the Debtors to obtain the requested, necessary information and documents in a manner that would be the least disruptive and inexpensive for their estates. Team Worldwide expressed to the Debtors, through counsel, that the urgency was created by the filing of the plan, and Team Worldwide's inability to determine (a) whether the Sears Supply Agreements exist, (b) what indemnification rights exist thereunder, and (c) whether the Sears Supply Agreements would be assumed and assigned to the Buyer.

9. Team Worldwide provided the Debtors with a list of 38 potential manufacturers to search. As of the date of this Reply, the Debtors have not provided a single document in response to Team Worldwide's request, and only last week advised that the Debtors have asked their advisors and consultants to search for the requested documents. Thus, it appears that it is more accurate to describe the "emergency" as one created by the Debtors. Furthermore, it seems odd to

4

characterize a search for a definite list of agreements as more burdensome and expensive for the Debtors' estates than contesting the Application.

10. Eventually, and only after following-up on Team Worldwide's informal discovery requests for several weeks and not having received a single document from the Debtors, Team Worldwide notified the Debtors that in light of the upcoming Plan Confirmation Hearing and objection deadline, Team Worldwide would have to seek formal discovery.

### D. The Balance of Equities Weighs in Favor of Granting the Discovery Requested

11. Under the circumstances, the balance of equities weighs in favor of granting Team Worldwide the discovery requested in the Application at least for the 2013-present timeframe, which is consistent with the statutory damages period in patent cases. Indeed, without the requested discovery, Team Worldwide does not know: (a) whether the Sears Supply Agreements exist and if so, with which manufacturers; (b) the terms of the indemnification provisions; (c) whether the manufacturers are obligated to pay the Infringing Debtors' defense costs related to potential indemnified claims; (d) if certain actions void the Infringing Debtors' indemnification rights; (e) whether the Infringing Debtors' purchase orders each constitute separate contracts; (f) if the indemnification rights are contained in executory contracts, and if so, what obligations remain outstanding under the executory contracts; and (g) the extent of the Infringing Debtors' pre-petition, post-petition pre-closing, and post-petition post-closing sales of the Infringing Products.

12. The Application merely permits discovery to go forward. All of the Debtors' substantive and procedural rights, including the Debtors' rights to object to the discovery requests are expressly reserved in the Application. See Application, Proposed Order ¶ 9. Accordingly, because of the critical nature of this information and in light of the fact that all of the Debtor's

substantive and procedural rights are preserved, the balance of the equities weighs heavily in favor of allowing the discovery to proceed.

### E. Discovery Under Bankruptcy Rule 2004 Is Appropriate

13. Rule 2004(b) of the Bankruptcy Rules provides in relevant part:

> The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In . . . a reorganization case under chapter 11 of the Code . . . the examination may also relate to . . . any other matter relevant to the case or to the formulation of a plan.

Fed R. Bankr. P 2004. Here, Team Worldwide's Application falls squarely within the purpose of Bankruptcy Rule 2004. Team Worldwide is seeking information on the Debtors' property – specifically, the Infringing Debtors' indemnification rights related to Team Worldwide's patent-infringement claims. The existence of these rights could save the Debtors' estates millions in administrative expense claims and tens of millions in pre-petition general unsecured claims by giving Team Worldwide an alternative way to recovery on its patent infringement claims.

14. Furthermore, the existence of these indemnification rights will directly impact the formulation of the Amended Plan. As drafted, the Amended Plan likely creates an impermissible discharge of the manufacturers' indemnification liabilities under the Sears Supply Agreements. Accordingly, the Plan likely needs to be modified to preserve these indemnification rights.[3]

15. Contrary to the Debtor's argument, and as noted above, Team Worldwide is not using Bankruptcy Rule 2004 for pre-litigation discovery. As Team Worldwide has already told the Debtors, obtaining the information on the indemnification rights will avoid the need to collect damages directly from the Infringing Debtors. Although Team Worldwide's claims for patent

---

[3] Team Woldwide, through its counsel, provided the Infringing Debtors, through their counsel, draft proposed language to modify the Amended Plan to solve these issues. The extent of the response received was that the Debtors' counsel would review and respond.

6

infringement would be against the Infringing Debtors, the Sears Supply Agreements likely include indemnification provisions that obligate the manufacturers to fully defend and indemnify Sears from any judgment of patent infringement.

16. The use of Bankruptcy Rule 2004 to obtain information on the Infringing Debtors' property rights and to determine whether the Infringing Debtors are entitled to the scope of the discharge they seek are proper basis for using Bankruptcy Rule 2004. *See In re Horgan*, 98 F. 414, 415 (2d Cir. 1899) ("The provisions of the bankruptcy act authorizing the examination of third persons as witnesses, and compelling the production of books and documents upon such examinations, are intended to enable creditors to discover transactions which may affect the right of the bankrupt to obtain a discharge, and to enable the trustee to ascertain whether any assets exist which should be collected and applied towards the payment of the bankrupt's debts.").

F. **Even If the Court Determines That Bankruptcy Rule 2004 Is Not An Appropriate Basis To Request the Discovery, the Debtors Should Still Be Ordered to Provide the Requested Discovery**

17. The Debtors argue that any discovery should proceed under the Federal Rules of Civil Procedure rather than Bankruptcy Rule 2004 on the grounds that the Debtors have stated their intentions of contesting Team Worldwide's motion to modify the stay and their intentions of contesting any objection Team Worldwide may have to the Amended Plan. Even if the Court determines that the discovery should proceed under the Federal Rules of Civil Procedure rather than Bankruptcy Rule 2004, the Court should still order the Debtors to turn over the requested discovery.

18. The *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF 405] (the "**Case Management Procedures Order**") provides in relevant part:

> Expedited discovery in contested matters in these chapter 11 cases is authorized without further Court order. This authorization is without prejudice to the rights of

>any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown. Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation. Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

Case Management Procedures Order, ¶ 41. Team Worldwide has been seeking discovery from the Debtors on an informal basis since mid-May. On June 4, 2019 and June 12, 2019, Team Worldwide, through its counsel, sent emails to the Debtors, through their counsel, requesting copies of a list of possible agreements between the Debtors and certain manufacturers. If this is to be treated as discovery in a contested matter, then the document requests made by email are permitted under the Case Management Procedures Order and the discovery is "authorized without further Court order."

19. The Debtors are putting form over substance. Other than suggesting that they have more important matters to deal with, the Debtors have not given Team Worldwide or this Court any legitimate reason for denying Team Worldwide the requested discovery.

## **CONCLUSION**

20. As noted above, without the requested discovery, Team Worldwide would be unduly prejudiced, because it would likely be completely thwarted in its attempts to realize a recovery on its patent-infringement claims; and the Debtors' estates would be burdened not only by the substantial administrative expense claims, but also by having to liquidate the Proofs of Claim. In addition, without the requested discovery, the manufacturers stand to realize a windfall by escaping their indemnification obligations. The equities clearly weigh in favor of requiring the Debtors to respond to Team Worldwide's discovery requests.

21. For the foregoing reasons, Team Worldwide respectfully requests the Court enter an order overruling the Debtors' objection, granting Team Worldwide the relief requested in the Application and granting such other relief that is just and proper.

Dated: New York, New York
July 9, 2019

                            **DIAMOND McCARTHY LLP**

                            */s/ Charles M. Rubio*
                            Allan B. Diamond
                            Charles M. Rubio
                            Sheryl P. Giugliano
                            295 Madison Avenue, 27th Floor
                            New York, New York 10017
                            (212) 430-5400

                            *Counsel to Team Worldwide Corporation*