UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :    **Chapter 11**
SEARS HOLDINGS CORPORATION, *et al.*,                          :
                                                               :    **Case No. 18-23538 (RDD)**
                                                               :
Debtors.[1]                                                    :    (Jointly Administered)
---------------------------------------------------------------x

### AFFIDAVIT AND SWORN STATEMENT OF ALAN J. CARR

STATE OF New York   )
                    ) s.s.:
COUNTY OF New York  )

Alan J. Carr, being duly sworn, upon his oath, deposes and says as follows:

1. I am a disinterested director of Sears Holdings Corporation ("**Sears**" and, together with its debtor subsidiaries and affiliates in the above-captioned chapter 11 cases, the "**Debtors**"). In that capacity, I serve on the Restructuring Committee and the Restructuring Sub-Committee of the board of directors of Sears Holdings Corporation.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. Pursuant to Section 10.6 of the *Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Debtor Affiliates* (ECF No. 4389) (as may be amended, modified, or supplemented, the "**Plan**"),[2] I have been appointed as an initial member of the Liquidating Trust Board.

3. I have not, and will not, enter into, am not and will not be a party to, and am not subject to or will be subject to any agreement or arrangement, formally or informally, regarding the Liquidating Trust Board's selection of advisors, including the Liquidating Trustee and the Primary Trust Litigation Counsel.

4. In the selection of the Liquidating Trustee and the Primary Trust Litigation Counsel, I represent that I shall take into consideration the following factors, among others, in determining whether the retention of such advisors is in the best interests of the Liquidating Trust and the Liquidating Trust Beneficiaries, as required by Section 10.7(a)(i) of the Plan:

   i. any substantial amounts and/or investments already made by the Debtors' Estates;
   ii. institutional knowledge;
   iii. prior experience; and
   iv. economics of the proposed engagement.

5. I represent that I have not, and will not, separately contact, outside the presence of the full Liquidating Trust Board, any proposed advisor or Liquidating Trustee regarding the terms of retention, including fee proposals before or after submission of proposed engagement terms.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

6. I do not hold or represent any interest materially adverse to the Debtors or their estates, and I am able to perform the duties required as a member of the Liquidating Trust Board.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on  July 1 , 2019, at 410 Park Ave Suite 900, NY, NY 10022.

_____
Alan J. Carr

SWORN TO AND SUBSCRIBED before
Me this 1st day of July , 2019

_____
Notary Public

> David Mack
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MA6387444
> Qualified in Kings County
> Commission Expires   February 11, 2023

3