**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
In re:                                      )        Chapter 11
                                            )
SEARS HOLDINGS CORPORATION, *et al.*,[1]    )        Case No. 18-23538 (RDD)
                                            )
Debtors.                                    )        (Jointly Administered)
_____)


**MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL (I) CERTAIN EXHIBITS TO THE DECLARATION OF JEFF BUTZ IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY BRIEF IN FURTHER SUPPORT OF THE ADVERSARY COMPLAINT AND (II) CERTAIN EXHIBITS TO THE DECLARATION OF ANDREW WEAVER IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY BRIEF IN FURTHER SUPPORT OF THE ADVERSARY COMPLAINT**

Transform Holdco LLC (the "Buyer" and together with its affiliates, "Transform"), the Buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019 (as may be amended, restated, supplemented or modified from time to time, the "APA")[2], by and through its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* (ECF No. 2507), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I)*

undersigned counsel, respectfully submits this motion (this "Motion") pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 (ECF No. 1084) (the "Amended Stipulated Protective Order"), requiring the filing under seal of certain redacted portions of Exhibits A, B and C to the *Declaration of Jeff Butz in Support of Transform Holdco LLC's Reply Brief in Further Support of the Adversary Complaint* and Exhibit D to the *Declaration of Andrew Weaver in Support of Transform Holdco LLC's Reply Brief in Further Support of the Adversary Complaint* (the "Declaration Exhibits").  Transform respectfully seeks entry of an order, substantially in the format attached hereto as **Exhibit 1** (the "Proposed Order").  In further support of this Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4. On October 15, 2018 (the "Petition Date") and continuing thereafter, Sears Holdings Corporation ("SHC" or "Sears") and its debtor affiliates, as debtors and debtors-in-

---

*Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* (ECF No. 2599) (the "Notice of Filing of Amendment No. 1 to the APA"). Capitalized terms used but not defined herein have the meanings ascribed to them in the APA.

2

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

5. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of Sears and its subsidiaries party thereto (together with Sears, the "Sellers") to the Buyer.

6. On May 24, 2019, the Debtors filed their *Supplemental Motion to Enforce the Asset Purchase Agreement* (ECF No. 4029) (the "Motion to Enforce"). The Motion to Enforce set a proposed objection date and time of May 31, 2019 at 4:00 p.m., and a proposed hearing date and time of June 20, 2019 at 10:00 a.m. (the "Proposed Deadlines").

7. A few hours after Debtors filed the Motion to Enforce, Transform filed an Adversary Complaint (ECF No. 4033) (Adversary Proceeding No. 19-08262) (the "Adversary Complaint") against the Sellers that are currently the Debtors in this Chapter 11 proceeding (the "Defendants") to address certain breaches of the APA.

8. On June 18, 2019, the *Stipulation and Order Concerning (I) Adjourning Pending Deadlines for Motion to Enforce and Adversary Complaint and (II) Setting Briefing Schedule* (the "Stipulation and Order") (ECF No. 4258) was entered by the Bankruptcy Court ordering adjournment of the Proposed Deadlines and setting a new briefing schedule, as agreed to by Sellers and Buyer, and as noticed in the *Notice of Presentment of Stipulation and Order Concerning (I)*

3

*Adjourning Pending Deadlines for Motion to Enforce and Adversary Complaint and (II) Setting Briefing Schedule* (ECF No. 4113).

9. On July 3, 2019, the Debtors filed *Debtors' Brief in Opposition to Transform Holdco LLC's Adversary Complaint and in Further Support of Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement* (ECF No. 4430) (the "Debtors' Opposition").

10. On July 8, 2019, Transform filed *Transform Holdco LLC's Brief in Support of the Adversary Complaint and in Opposition to Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement* (ECF No. 4464) ("Transform's Opening Brief") on the public docket.

11. Pursuant to the Stipulation and Order, Transform will be filing with the Court its reply to the Debtors' Opposition, along with accompanying declarations and exhibits thereto, by no later than Tuesday, July 9, 2019 at 4:00 p.m. As the Declaration Exhibits reference commercially sensitive materials, Transform seeks to file certain portions of the Declaration Exhibits under seal.

**RELIEF REQUESTED**

12. By this Motion, Transform seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Declaration Exhibits under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court, or as otherwise specified by the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge.

**BASIS FOR RELIEF**

13. The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

14. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

15. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

16. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)

(the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

17. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." Id. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. at 27. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). In re Glob. Crossing, Ltd., 295 B.R. at 724; see also Fed. R. Bankr. P. 9018.

18. Here, the Declaration Exhibits contain confidential, non-public and sensitive business information. Disclosure of such information would be detrimental to Transform's efforts to continue operating the Sears business as a going concern.

19. The Proposed Order that Transform submits is narrowly tailored to restrict access only to commercially sensitive and confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

## **NOTICE**

20. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405). Transform respectfully submits that no further notice is required.

## **CONCLUSION**

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Declaration Exhibits under seal and any further relief deemed just, proper, and equitable.

Dated: July 9, 2019
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

 */s/  Andrew Weaver*
Lewis J. Liman
Sean A. O'Neal
Abena A. Mainoo
Andrew Weaver

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
In re                                       )    Chapter 11
                                            )
SEARS HOLDINGS CORPORATION, *et al.*,[3]    )    Case No. 18-23538 (RDD)
                                            )
Debtors.                                    )    (Jointly Administered)
_____)


**PROPOSED ORDER GRANTING MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL (I) CERTAIN EXHIBITS TO THE DECLARATION OF JEFF BUTZ IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY BRIEF IN FURTHER SUPPORT OF THE ADVERSARY COMPLAINT AND (II) CERTAIN EXHIBITS TO THE DECLARATION OF ANDREW WEAVER IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY BRIEF IN FURTHER SUPPORT OF THE ADVERSARY COMPLAINT**

Upon the motion (the "Motion")[4] of Transform Holdco LLC (the "Buyer" and together with its affiliates, "Transform") for entry of an order (this "Order") authorizing Transform to file certain portions of Exhibits A, B and C to the *Declaration of Jeff Butz in Support of Transform*

---

[3]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[4]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Holdco LLC's Reply Brief in Further Support of the Adversary Complaint* and Exhibit D to the *Declaration of Andrew Weaver in Support of Transform Holdco LLC's Reply Brief in Further Support of the Adversary Complaint* (the "<u>Declaration Exhibits</u>") under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Transform provided appropriate notice of the Motion and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  Transform is authorized to file the Declaration Exhibits under seal (the "<u>Sealed Documents</u>"), redacting only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3.  Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Debtors (on a confidential and "professional eyes only" basis), (d) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Sealed Documents, in each case,

2

under appropriate confidentiality agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4.  Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5.  This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6.  Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the final disposition of the underlying dispute.

7.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE