WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                              :
                                                   :         Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                :
                                                   :         Case No. 18-23538 (RDD)
                                                   :
                     Debtors.¹                     :         (Jointly Administered)
------------------------------------------------------------ x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# NOTICE OF FILING OF
# (I) MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS AND
# (II) RELATED DISCLOSURE STATEMENT WITH CLARIFYING MODIFICATIONS

**PLEASE TAKE NOTICE** that on June 28, 2019, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the solicitation versions of the *Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4389) (the "**Solicitation Plan**"),[2] the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4390) (the "**Solicitation Disclosure Statement**") and the various exhibits attached thereto.

**PLEASE TAKE FURTHER NOTICE** that on July 9, 2019, the Debtors filed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (the "**Modified Plan**"), the *Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4478) (the "**Modified Disclosure Statement**") and the various exhibits attached thereto reflecting clarifying, non-substantive modifications.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a changed-pages only comparison of the Modified Plan against the Solicitation Plan.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Plan.

2

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a changed-pages only comparison of the Modified Disclosure Statement against the Solicitation Disclosure Statement.

Dated: July 9, 2019
      New York, New York

/s/ *Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

**Changed-Pages Only Comparison of Modified Plan**

WEIL:\97105645\2\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :
                                                             :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :    Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
------------------------------------------------------------ x

### MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Dated: ~~June 28~~July 9, 2019
       New York, New York

    (b)    *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim (other than a Guarantee Claim) agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim (other than a Guarantee Claim), each such holder thereof shall receive its *Pro Rata* share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

    (c)    *Voting:* Class 4(A) is Impaired and, thus, holders of General Unsecured Claims (other than Guarantee Claims) are entitled to vote to accept or reject the Plan.

5.5.    ***Guarantee Claims (Class 4(B))***.

    (a)    *Classification:* Class 4(B) consists of Kmart IL Guarantee Claims.

    (b)    *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed Guarantee Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed Guarantee Claim, each such holder thereof shall receive its *Pro Rata* share of: (i) Kmart IL Guarantee General Unsecured Liquidating Trust Interests; (ii) Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; and (iii~~)~~ ~~the General Unsecured Liquidating Trust Interests; (iv) the Specified Unsecured Liquidating Trust Interests; and (v~~) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart IL Guarantee General Unsecured Liquidating Trust Interests and Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

    (c)    *Voting:* Class 4(B) is Impaired and, thus, holders of Guarantee Claims are entitled to vote to accept or reject the Plan.

5.6.    ***ESL Unsecured Claims (Class 5)***.

    (a)    *Classification*: Class 5 consists of ESL Unsecured Claims.

    (b)    Treatment: Subject to the Plan Settlement as provided in Section 9.2 of this Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a holder of an Allowed ESL Unsecured Claim against Kmart Stores of Illinois LLC agrees with the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld) prior to the Effective Date, provided, that, prior to the Effective Date, the Creditors' Committee shall have consent rights with respect to the Allowance or settlement of any ESL Unsecured Claims that were not Allowed pursuant to the Sale Order, or the Liquidating Trust after the

35

  (d) *Voting*: Class 3 is Impaired and, thus, PBGC, as the holder of the PBGC Claims in Class 3, is entitled to vote to accept or reject the Plan.

6.4. ***General Unsecured Claims (other than Kmart WA Guarantee Claims) (Class 4(A)).***

  (a) *Classification:* Class 4(A) consists of General Unsecured Claims (other than Guarantee Claims).

  (b) *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim (other than a Guarantee Claim) agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim (other than a Guarantee Claim), each such holder thereof shall receive its *Pro Rata* share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

  (c) *Voting:* Class 4(A) is Impaired and, thus, holders of General Unsecured Claims (other than Guarantee Claims) are entitled to vote to accept or reject the Plan.

6.5. ***Guarantee Claims (Class 4(B)).***

  (a) *Classification:* Class 4(B) consists of Kmart WA Guarantee Claims.

  (b) *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed Guarantee Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed Guarantee Claim, each such holder thereof shall receive its *Pro Rata* share of: (i) Kmart WA Guarantee General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (ii) Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; and (iii~~) the General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (iv) the Specified Unsecured Liquidating Trust Interests; and (v~~) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart WA Guarantee General Unsecured Liquidating Trust Interests and Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

  (c) *Voting:* Class 4(B) is Impaired and, thus, holders of Guarantee Claims are entitled to vote to accept or reject the Plan.

Claim, and Allowed ESL Unsecured Claims against Kmart Corp.;

(2) 1.19% of Net Proceeds of General Assets for holders of Allowed Kmart IL Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC and Allowed ESL Unsecured Claims against Kmart Stores of Illinois LLC;

(3) 0.16% of Net Proceeds of General Assets for holders of Allowed Kmart WA Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart of Washington LLC, and Allowed ESL Unsecured Claims against Kmart of Washington LLC;

(4) 91.05% of Net Proceeds of General Assets for the following classes of claims: ~~(x)~~, against all Debtors: Allowed General Unsecured Claims, the Allowed PBGC Unsecured Claim, and Allowed ESL Unsecured Claims ~~against Kmart Corp., (y) Allowed Kmart IL Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC, and Allowed ESL Unsecured Claims against Kmart Stores of Illinois LLC, and (z) Allowed Kmart WA Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart of Washington LLC, and Allowed ESL Unsecured Claims against Kmart of Washington LLC;~~.

(5) 7.60% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for holders of Allowed General Unsecured Claims and the Allowed PBGC Unsecured Claim against Kmart Corp.;

(6) 1.19% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for holders of Allowed Kmart IL Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC;

(7) 0.16% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for holders of Allowed Kmart WA Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart of Washington LLC; and

(8) 91.05% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for the following classes of claims: ~~(x)~~, against all Debtors:  Allowed General Unsecured Claims and the Allowed PBGC Unsecured Claim ~~against Kmart Corp., (y) Allowed Kmart IL Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC, and (z) Allowed Kmart WA Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart of Washington LLC.~~.

(viii) PBGC will not participate in any Distributions of Excess PBGC Amounts, which shall be distributed to the applicable holders otherwise

50

       Sara L. Brauner
     Telephone:  (212) 872-1000
     Facsimile:  (212) 872-1002
     Email:  idizengoff@akingump.com
        pdublin@akingump.com
        sbrauner@akingump.com

  (c)  <u>If to the Liquidating Trust, Liquidating Trustee or Liquidating Trust Board</u>:

  [●].

  After the Effective Date, the Liquidating Trustee has authority to send a notice to Entities that to continue to receive documents pursuant to Bankruptcy Rule 2002, they must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Liquidating Trustee is authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to those Entities who have filed such renewed requests.

Dated: ~~June 28~~<u>July 9</u>, 2019
   New York, New York


            Respectfully submitted,


         By:  /s/ *Mohsin Meghji*_____
            Name:  Mohsin Meghji
            Title:    Chief Restructuring Officer

86

**Exhibit B**

**Changed-Pages Only Comparison of Modified Disclosure Statement**

**(without exhibits)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                       :        Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :        Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :        (Jointly Administered)
                                                            :
------------------------------------------------------------x

DISCLOSURE STATEMENT FOR
**MODIFIED** SECOND AMENDED JOINT CHAPTER 11 ~~PLAN~~
**PLAN** OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

               **WEIL, GOTSHAL & MANGES LLP**
               767 Fifth Avenue
               New York, New York  10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007
               Ray C. Schrock, P.C.
               Jacqueline Marcus
               Garrett A. Fail
               Sunny Singh

               *Attorneys for Debtors and*
               *Debtors in Possession*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Dated: ~~June 28~~July 9, 2019
New York, New York

DISCLOSURE STATEMENT, DATED ~~June 28~~July 9, 2019

Solicitation of Votes on the
Chapter 11 Plan of

SEARS HOLDINGS CORPORATION, *ET AL.*

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS 5:00 P.M., (PREVAILING EASTERN TIME), ON AUGUST 2, 2019, UNLESS EXTENDED BY THE DEBTORS. THE RECORD DATE FOR DETERMINING WHICH HOLDERS OF CLAIMS MAY VOTE ON THE PLAN IS MAY 9, 2019 (THE "*RECORD DATE*").**

> **RECOMMENDATION BY THE DEBTORS AND THE CREDITORS' COMMITTEE TO VOTE TO ACCEPT THE PLAN**
>
> It is the Debtors' and the Creditors' Committee's opinion that confirmation and implementation of the Plan is in the best interests of the Debtors' estates and creditors. Therefore, the Debtors and the Creditors' Committee recommend that all creditors whose votes are being solicited submit a ballot to **accept** the Plan. Included in the solicitation materials is a letter from the Creditors' Committee in support of the Plan and recommending that creditors vote to accept the Plan.

A HEARING TO CONSIDER CONFIRMATION OF THE PLAN (THE "*CONFIRMATION HEARING*") WILL BE HELD BEFORE THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE, IN COURTROOM 118 OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, 300 QUARROPAS STREET, WHITE PLAINS, NEW YORK 10601-4140, ON AUGUST 16, 2019 AT 10:00 A.M. (PREVAILING EASTERN TIME), OR AS SOON THEREAFTER AS COUNSEL MAY BE HEARD. THE BANKRUPTCY COURT HAS DIRECTED THAT ANY OBJECTIONS TO CONFIRMATION OF THE PLAN BE SERVED AND FILED ON OR BEFORE AUGUST 2, 2019 AT 4:00 P.M. (PREVAILING EASTERN TIME).

PLEASE READ THIS DISCLOSURE STATEMENT, INCLUDING THE PLAN, IN ITS ENTIRETY. A COPY OF THE PLAN IS ANNEXED HERETO AS **EXHIBIT A**. THE DISCLOSURE STATEMENT SUMMARIZES THE TERMS OF THE PLAN, BUT SUCH SUMMARY IS QUALIFIED IN ITS ENTIRETY BY THE ACTUAL PROVISIONS OF THE PLAN. ACCORDINGLY, IF THERE ARE ANY INCONSISTENCIES BETWEEN THE PLAN AND THIS DISCLOSURE STATEMENT, THE TERMS OF THE PLAN SHALL CONTROL.

**HOLDERS OF CLAIMS SHOULD NOT CONSTRUE THE CONTENTS OF THIS DISCLOSURE STATEMENT AS PROVIDING ANY LEGAL, BUSINESS, FINANCIAL, OR TAX ADVICE AND SHOULD CONSULT WITH THEIR OWN ADVISORS BEFORE CASTING A VOTE WITH RESPECT TO THE PLAN.**

# I.
# INTRODUCTION

### A.    Purpose

This is the amended disclosure statement (as may be further amended, modified, or supplemented the "**Disclosure Statement**") of Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates (each, a "**Debtor**," and collectively, the "**Debtors**," or "**Sears**"), in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Disclosure Statement has been filed pursuant to section 1125 of the Bankruptcy Code in connection with the solicitation of votes on the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated ~~June 28~~July 9, 2019 (as may be amended, modified, or supplemented, the "**Plan**"), a copy of which is annexed to this Disclosure Statement as **Exhibit A**.

The purpose of this Disclosure Statement is to provide holders of claims with adequate information regarding the (i) the Debtors' history, businesses and these chapter 11 cases, (ii) the Plan, (iii) the Plan Settlement, including the PBGC Settlement, (iv) rights of interested parties pursuant to the Plan, and (v) other information necessary to enable creditors entitled to vote on the Plan to make an informed judgment as to whether to vote to accept or reject and how to make elections with respect to the Plan.

### B.    Overview of the Plan[2]

The Debtors commenced these Chapter 11 Cases with the goal of selling substantially all of their assets (the "**Global Assets**") as a going concern.  As of the Commencement Date, approximately 400 of the Debtors' stores were four-wall EBITDA positive, and the Debtors understood that a successful sale of these viable stores as a going concern could save the businesses and the jobs of tens of thousands of employees that depend on the continued operation of the Debtors' stores.  However, the Debtors determined early on that: (i) the Debtors must continue to explore all available alternatives to seek the most value maximizing option; and (ii) to help finance the Chapter 11 Cases, maximize value, and, importantly, fund their hard-fought Wind Down Account (as defined below), the Debtors would need to market and sell certain of their non-core and unencumbered assets, such as the specialty businesses.  Importantly, at all times, the Debtors were aware that time was of the essence and they communicated that to all concerned, including communicating an aggressive timeline to conduct the Sale Process (defined below).  The Chapter 11 Cases had to progress with all deliberate speed to minimize the substantial operating losses that continued to decrease the value of the Debtors' estates.  To that end, on November 1, 2018, the Debtors filed the *Debtors' Motion for Approval of Global Bidding Procedures* (the "**Global Bidding Procedures Motion**") (ECF No. 429), and initiated a postpetition sale and marketing process for the Global Assets (the "**Sale Process**").

On November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "**Global Bidding Procedures Order**") (ECF No. 816), approving the relief requested in the Global Bidding Procedures Motion.  The Global Bidding Procedures Order, among

---

[2] **This overview is qualified in its entirety by reference to the Plan**.  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.  The treatment of Claims and Interests (as defined in the Plan) under the Plan is not intended to, and will not, waive, compromise or limit any rights, claims or causes of action if the Plan is not confirmed.  You should read the Plan in its entirety before voting to accept or reject the Plan.

|  | Claim ($) | Recoveries | | | | | | Plan Premium | |
|---|---|---|---|---|---|---|---|---|---|
|  |  | Plan Settlement | | Toggle | | Difference | | Risk Factor (%) | Implied Premium (%) |
|  |  | ($) | (%) | ($) | (%) | ($) | (%) |  |  |
| Kmart Corp General Unsecured Claims | $1,210 | $30.2 | 2.50% | $49 | 4.03% | $19 | 1.53% | 25% | 0.38% |
| Debt with Guarantee Claims[1] |  |  |  |  |  |  |  |  |  |
| Second Lien Term Loan | $5 | $0.1 | 2.50% | $0.1 | 4.35% | $0.1 | 1.85% | 25% | 0.46% |
| Second Lien Line of Credit | $65 | 1.6 | 2.50% | 2.7 | 4.35% | 1.2 | 1.85% | 25% | 0.46% |
| Second Lien Notes | $240 | 6.1 | 2.50% | 10.5 | 4.35% | 4.3 | 1.85% | 25% | 0.46% |
| SRAC Unsecured Notes (PIK) | 108 | 2.7 | 2.50% | 4.7 | 4.35% | 2.0 | 1.85% | 25% | 0.46% |
| Total | $417 | $10.4 | 2.50% | $18.1 | 4.35% | $7.7 | 1.85% |  |  |

(1) Those creditors have either debt or guarantee claims at Kmart Corp., Kmart IL, and Kmart WA. Recoveries in the chapter 11 toggle deconsolidated scenario for Debt with Guarantee Claims are the sum of recoveries across all entities. Only non-ESL claims shown. Where ESL has similar guarantee claims through ownership of these debt tranches, it is assumed ESL will receive an equivalent Plan Settlement Premium, but applied only to Net Proceeds of General Assets (i.e., excluding Specified Causes of Action and Credit Bid Release Consideration).

For example, Holders of General Unsecured Claims against Kmart Corp. recover 1.53% more in a chapter 11 deconsolidated scenario than in a chapter 11 substantively consolidated scenario. To this "delta" or "difference", the Debtors applied an estimated 75% risk of substantive consolidation to total the plan settlement premium (the "***Plan Settlement Premium***"). Following the same example, a 75% discount was applied to the 1.53% to produce a Plan Settlement Premium of 0.38%. Similar calculations were run for each Affected Creditor to calculate the appropriate Plan Settlement Premium; but, there was no "delta" for guarantee claims, the theory being, these creditors would have picked up these claims at the other entities, therefore the 75% discount was applied to the amount a guarantee creditor would have received in a Deconsolidated Chapter 11 scenario. The Debtors have calculated a Plan Settlement Premium for 0.07% for holders of guarantee claims against Kmart Stores of Illinois LLC and 0.01% for holders of guarantee claims against Kmart of Washington LLC. The Debtors believe this is an accurate and appropriate calculation of the "delta" and subsequently the Plan Settlement Premium utilizing the correct set of assumptions. The Creditors Committee's alleged 7.3% delta on account of Holders of General Unsecured Claims against Kmart Corp. is inflated and based on an incorrect set of assumptions.

After applying the appropriate Plan Settlement Premium to each Affected Creditors' recoveries, holders of Allowed PBGC Claims, General Unsecured Claims, Guarantee Claims, and ESL Unsecured Claims share in Total Assets (as applicable) as follows, in accordance with the Plan:

> i. 7.60% of Net Proceeds of Total Assets will be made available exclusively for distributions to holders of Allowed General Unsecured Claims and Allowed ESL Unsecured Claims ***against Kmart Corp.***,
>
> ii. 1.19% of Net Proceeds of Total Assets will be made available exclusively for distributions to holders of Allowed Kmart IL Guarantee Claims, the Allowed PBGC Claim against Kmart Stores of Illinois LLC, and Allowed ESL Unsecured Claims against Kmart Stores of Illinois LLC;
>
> iii. 0.16% of Net Proceeds of Total Assets will be made available exclusively for distributions to holders of Allowed Kmart WA Guarantee Claims, the Allowed PBGC Claim against Kmart of Washington LLC, and Allowed ESL Unsecured Claims against Kmart of Washington LLC; and
>
> iv. 91.05% of Net Proceeds of Total Assets will be made available for distributions to holders of Allowed ~~Claims *against any of the Debtors*, including holders of (x) Allowed~~ General Unsecured Claims, the Allowed PBGC Claim, and Allowed ESL Unsecured Claims ***against*** ~~Kmart Corp., (y) Kmart IL Guarantee Claims, the Allowed PBGC Claim against Kmart Stores of Illinois, LLC and Allowed~~

70

~~ESL Unsecured Claims against Kmart Stores of Illinois LLC, and (z) Allowed Kmart WA Guarantee Claims, the Allowed PBGC Claim against Kmart of Washington LLC, and Allowed ESL Unsecured Claims against Kmart of Washington LLC.~~*any of the Debtors*.

PBGC in support of the Plan Settlement and as part of the PBGC Settlement, has agreed to waive any recoveries on account of the Settlement Premium in excess of what they would have received in a deconsolidated Chapter 11 scenario.

### W.    Ongoing Dispute with Community Unit School District 300

Community Unit School District 300, an Illinois school district existing and operating pursuant to the Illinois School Code (the "*School District*"), has asserted one or more claims, against the Debtors pursuant to the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.* (the "*Illinois EDA Act*") and EDA Agreement.  The Illinois EDA Act and the EDA Agreement were designed to incentivize the Debtors to relocate their headquarters from downtown Chicago to undeveloped farmland in the Village.  Under the EDA Act, Sears Holdings, as the holder of notes issued under the Illinois EDA Act, is entitled to receive annual payments to reimburse it for obligations Sears Holdings incurred in developing the 788-acre Economic Development Area (the "*EDA*") located within the Village (the "*EDA Funds*").

The Illinois EDA Act and EDA Agreement, as amended in 2012, include a recapture provision that reduces, on a *pro rata* basis, the amount of the annual disbursement of EDA Funds otherwise due to Sears Holdings if Sears fails to meet the Illinois EDA Act's job requirement.  The School District alleges that Sears Holdings failed to meet the Illinois EDA Act's jobs requirement from at least 2015 thru 2018, and possibly as far back as 2012 and, as a result, the School District alleges that any taxes which were improperly rebated to Sears Holdings are subject to recapture.  Pursuant to the conditional order of the Bankruptcy Court abstaining from hearing issues that were the subject of a motion by the Debtors for turnover of EDA Funds levied and collected for the 2017 tax year and currently held by the Village in a special tax allocation fund (ECF No. 3362).  As a result, the dispute between the Debtors, the School District, and the Village as to how to interpret particular provisions of the Illinois EDA Act is now pending in the Circuit Court of Cook County, State of Illinois (the "*Circuit Court*"), in a matter styled,

4. **General Unsecured Claims (other than Kmart IL Guarantee Claims) (Class 4(A))**

   (a) *Classification:* Class 4(A) consists of General Unsecured Claims (other than Kmart IL Guarantee Claims).

   (b) *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of the Plan, except to the extent that a holder of an Allowed General Unsecured Claim (other than a Guarantee Claim) agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim (other than a Guarantee Claim), each such holder thereof shall receive its *Pro Rata* share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

   (c) *Voting:* Class 4(A) is Impaired and, thus, holders of General Unsecured Claims (other than Guarantee Claims) are entitled to vote to accept or reject the Plan.

5. **Guarantee Claims (Class 4(B))**

   (a) *Classification:* Class 4(B) consists of Kmart IL Guarantee Claims.

   (b) *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of the Plan, except to the extent that a holder of an Allowed Guarantee Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed Guarantee Claim, each such holder thereof shall receive its *Pro Rata* share of: (i) Kmart IL Guarantee General Unsecured Liquidating Trust Interests; (ii) Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; and (iii~~) the General Unsecured Liquidating Trust Interests; (iv) the Specified Unsecured Liquidating Trust Interests; and (v~~) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart IL Guarantee General Unsecured Liquidating Trust Interests and Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

   (c) *Voting:* Class 4(B) is Impaired and, thus, holders of Guarantee Claims are entitled to vote to accept or reject the Plan.

6. **ESL Unsecured Claims (Class 5)**

   (a) *Classification*: Class 5 consists of ESL Unsecured Claims.

   (b) Treatment: Subject to the Plan Settlement as provided in Section 9.2 of the Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a

87

settlement, release, and discharge of all PBGC Claims against Kmart of Washington LLC; provided, that for the avoidance of doubt, no Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

(d)  *Voting*: Class 3 is Impaired and, thus, PBGC, as the holder of the PBGC Claims in Class 3, is entitled to vote to accept or reject the Plan.

4. **General Unsecured Claims (other than Kmart WA Guarantee Claims) (Class 4(A))**

(a) *Classification:* Class 4(A) consists of General Unsecured Claims (other than Guarantee Claims).

(b) *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of the Plan, except to the extent that a holder of an Allowed General Unsecured Claim (other than a Guarantee Claim) agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim (other than a Guarantee Claim), each such holder thereof shall receive its *Pro Rata* share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims.

(c) *Voting:* Class 4(A) is Impaired and, thus, holders of General Unsecured Claims (other than Guarantee Claims) are entitled to vote to accept or reject the Plan.

5. **Guarantee Claims (Class 4(B))**

(a) *Classification:* Class 4(B) consists of Kmart WA Guarantee Claims.

(b) *Treatment*: Subject to the Plan Settlement as provided in Section 9.2 of the Plan, except to the extent that a holder of an Allowed Guarantee Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed Guarantee Claim, each such holder thereof shall receive its *Pro Rata* share of: (i) Kmart WA Guarantee General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (ii) Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; and (iii~~) the General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (iv) the Specified Unsecured Liquidating Trust Interests; and (v~~) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart WA Guarantee General Unsecured Liquidating Trust Interests and Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart WA Guarantee Specified Unsecured Liquidating

91

(1)     7.60% of Net Proceeds of General Assets for holders of Allowed General Unsecured Claims, the Allowed PBGC Unsecured Claim, and Allowed ESL Unsecured Claims against Kmart Corp.;

(2)     1.19% of Net Proceeds of General Assets for holders of Allowed Kmart IL Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC and Allowed ESL Unsecured Claims against Kmart Stores of Illinois LLC;

(3)     0.16% of Net Proceeds of General Assets for holders of Allowed Kmart WA Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart of Washington LLC, and Allowed ESL Unsecured Claims against Kmart of Washington LLC;

(4)     91.05% of Net Proceeds of General Assets for the following classes of claims: (x), against all Debtors: Allowed General Unsecured Claims, the Allowed PBGC Unsecured Claim, and Allowed ESL Unsecured Claims against Kmart Corp., (y) Allowed Kmart IL Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC, and Allowed ESL Unsecured Claims against Kmart Stores of Illinois LLC, and (z) Allowed Kmart WA Guarantee Claims, the Allowed PBGC Unsecured Claim against Kmart of Washington LLC, and Allowed ESL Unsecured Claims against Kmart of Washington LLC;.

(5)     7.60% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for holders of Allowed General Unsecured Claims and the Allowed PBGC Unsecured Claim against Kmart Corp.;

(6)     1.19% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for holders of Allowed Kmart IL Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC;

(7)     0.16% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for holders of Allowed Kmart WA Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart of Washington LLC; and

(8)     91.05% of Net Proceeds of Specified Causes of Action and the Credit Bid Release Consideration for the following classes of claims: (x), against all Debtors: Allowed General Unsecured Claims and the Allowed PBGC Unsecured Claim against Kmart Corp., (y) Allowed Kmart IL Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart Stores of Illinois LLC, and (z) Allowed Kmart WA Guarantee Claims and the Allowed PBGC Unsecured Claim against Kmart of Washington LLC..

# XII.
# CONCLUSION AND RECOMMENDATION

The Debtors believe the Plan is in the best interests of all stakeholders and urge the holders of the Secured Claims in Class 2, PBGC Claims in Class 3, General Unsecured Claims in Class 4/4(A) (Kmart Corp., Sears Holdings Corporation, and All other Debtors), Guarantee Claims in Class 4(B) (Kmart Stores of Illinois LLC and Kmart of Washington LLC), and ESL Unsecured Claims in Class 5 to vote in favor thereof.

Dated: ~~June 28~~July 9, 2019

Respectfully submitted,


By: /s/ *Mohsin Meghji*
Name:  Mohsin Meghji
Title:   Chief Restructuring Officer

*On Behalf of the Debtors and
Debtors in Possession*