Hearing Date and Time: July 11, 2019 at 10:00 am (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                                        :
                                                             :     Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                          :
                                                             :     Case No. 18-23538 (RDD)
                                                             :
                Debtors.¹                                    :     (Jointly Administered)
------------------------------------------------------------ x
```

**TRANSFORM HOLDCO LLC'S REPLY TO DEDEAUX INLAND EMPIRE PROPERTIES' OBJECTIONS TO CURE AND ADEQUATE ASSURANCE INFORMATION RE ONTARIO, CA LEASE**

Transform Holdco, LLC ("Transform" or the "Buyer") as Buyer pursuant to the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (the "Sale Order") approving the sale of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

1

certain of the assets of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this reply (the "Reply") in support of Buyer's *Notice of Assumption of Additional Contracts* (Docket No. 3172) "the "Assumption Notice") and in response to the *Objections to Cure and Adequate Assurance Information by Dedeaux Inland Empire Properties Re Ontario Warehouse Lease, Lease No, 347, Contract No. S8729-73-A* (Docket No. 2169) (the "Initial Objection") and *Objection (Supplemental) to Cure and Adequate Assurance Information by Dedeaux Inland Empire Properties Re Ontario, CA Lease (List No. 8729, Lease No, 872900) (Supplementing Previous Objection Filed January 29, 2010, Dkt.. 2169)* (Docket No. 3541) (the "Supplemental Objection" and together with the Initial Objections the "Objections") filed by Dedeaux Inland Empire Properties ("Dedeaux" or the "Landlord").[2] In support of the Reply, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

The issues presented by the Objections are not new to the Court: simply, whether the Buyer has provided for cure of any defaults and adequate assurance of future performance. The resolution of these issues should follow the existing orders entered by this Court. First, Transform has offered $24,069.49 in undisputed cure costs to the Landlord. Any remaining, disputed cure amounts will be held in escrow pending resolution. Indeed, the Landlord conceded in an email to Transform, dated June 18, 2019, that "there is not a cure issue" with regard to Lease. *See* Exhibit C. Furthermore, Transform has provided the Landlord with adequate assurance of future performance and there is no reasoned basis to treat this landlord's adequate assurance objections differently from the hundreds of other landlords'. Nonetheless, despite the Buyer's diligent efforts to reach agreement on a form of order, the Landlord has been unwilling

---

[2] Issues raised on identification of the correct parties to the Lease have been addressed and corrected in the proposed order.

2

to so consent, nor to articulate any principled basis on which to prevent assignment. Indeed, as explained below, it appears the Landlord intends to hold the assignment hostage as potential leverage on negotiating an unrelated and expired agreement.

Respectfully, the Court should overrule the Objections and enter the proposed order attached hereto as Exhibit A.

## BACKGROUND

1. On October 20, 1993, Dedeaux and the Debtors entered into a lease of nonresidential real property located at 5691 Philadelphia Avenue, Ontario, CA (store #8729) (as amended and/or modified, the "Lease").

2. On July 5, 2009, Dart Warehouse Corporation ("Dart") and the Debtors entered into a warehouse operating agreement (as amended and/or modified, the "Operating Agreement"), with an expiration date of January 31, 2019.

3. On January 23, 2019, Debtors filed and served the *Supplemental Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1774), identifying the Lease for potential assumption.

4. On January 29, 2019, Dedeaux filed the Initial Objection, objecting to the Assumption and Assignment Notices. The Initial Objection addresses only issues that are now familiar ground to this Court: whether adequate assurance had been provided and a reservation of rights on cure costs.

5. On January 31, 2019, the Operating Agreement expired by its terms.

6. On April 2, 2019, the Bankruptcy Court entered the Assumption and Assignment Order. The Assumption and Assignment Order established, among other things, a noticing procedure for the assumption and assignment of Additional Assigned Agreements.

7. On April 19, 2019, the Buyer filed the *Statement/Notice of Assumption of Additional Designatable Leases* (Docket No. 3298), which designated the Lease for assumption and assignment to the Buyer pursuant to the terms of the Assumption and Assignment Order (the "Assumption Notice"), subject to the Bankruptcy Court's approval.

8. On May 2, 2019, Dedeaux filed the Supplemental Objection. The Supplemental Objection provided further details concerning the alleged cure amounts, and went on to raise the Operating Agreement. While the Supplemental Objection concedes that the Operating Agreement expired pursuant to its terms (and was thus not executory) in light of negotiations concerning a potential new agreement, the Supplemental Objection only sought to avoid any implication that the assumption of the Lease would not somehow "revive" the Operating Agreement. Suppl. Obj. at 5. Notably, the Supplemental Objection does not (and could not) assert integration between the Lease and the Operating Agreement.

9. On May 6, 2019, the Buyer filed *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* on May 6, 2019 (Docket No. 3654) (the "Buyer's Omnibus Reply"), which attached a proposed order for assumption and assignment of certain leases, including the Lease.

10. On May 8, 2019, the Court conducted an evidentiary hearing with respect to the assumption and assignment of certain leases (the "Assumption and Assignment Hearing"). At the Assumption and Assignment Hearing, the Court found that Buyer's proposed cure resolution procedures were "eminently reasonable," and that "there is adequate assurance of future

performance and that Transform has met its burden under Section 365 to show that." Assumption and Assignment Hearing Tr., 37:17-19, 68:15. On May 13, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (Docket No. 3850) (the "May 13 Order"). *See id.* ¶¶ 12-14 (finding that Buyer "has provided adequate assurance of future performance . . . in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code").

11.     On May 13, 2019, the Court entered the *Stipulation and Order by and among Sellers, Buyer and Landlords Dedeaux Inland Empire Properties and DART Warehouse Corp. Extending Time Under 11 U.S.C. § 365(d)(4) for Leases of Nonresidential Real Property* (Docket No. 3833) (the "First Stipulation"), extending the 365(d)(4) deadline with respect to the lease to June 30, 2019.

12.     On June 28, 2019, the Court entered the *Stipulation and Order by and among Sellers, Buyer, and Landlord Dedeaux Inland Empire Properties Extending Time under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property* (Docket No. 4402) (the "Second Stipulation"), extending the 365(d)(4) deadline with respect to the lease to July 31, 2019.

## ARGUMENT

A.     Transform Will Pay All Valid Cure Amounts

13.     Under the Bankruptcy Code, if there has been a default under an unexpired lease, it cannot be assumed and assigned until such default is cured. *See* 11 U.S.C. § 365(b); *see also In re Harry C. Partridge, Jr. & Sons, Inc.*, 43 B.R. 669, 671 (Bankr. S.D.N.Y. 1984) ("The Debtor's right to assume an executory contract or unexpired lease where that has been a default is expressly conditioned under 11 U.S.C. § 365(b)(1)(A) upon the debtor's duty to cure the default or provide adequate assurance that the debtor will promptly cure such default.").

5

14. The Buyer does not dispute that valid Cure Amounts for each Designated Lease are required to be paid pursuant to Bankruptcy Code § 365(b)(1). The proposed order attached hereto as Exhibit A provides for certain cure procedures, which are identical to those approved by the Court in the Revised Assumption and Assignment Order and which the Court characterized as "eminently reasonable." Assumption and Assignment Hearing Tr., 68:15. *See* Exhibit A, ¶ 11. Specifically, the Buyer will pay all Undisputed Cure Amounts within five (5) Business Days of entry of the proposed order. *See id.* Subject to the Court's approval, the Buyer will escrow all Disputed Cure Amounts pending an agreement between the Buyer and the Landlord or further order of this Court establishing the valid Cure Amount. *See id.*

15. The Landlord has asserted certain cure objections based on payment of insurance premium reimbursements and the Buyer expects this remaining cure issue will be resolved quickly on the terms of the proposed order. Indeed, despite its refusal to consent to entry of an assignment order, the Landlord has conceded that there is "not a cure issue." Ex. C. Pending such a resolution, all parties' rights are reserved.[3]

B. <u>The Landlord's Objections to Adequate Assurance Should be Overruled and Requests for Additional Adequate Assurance Should be Denied</u>

16. Transform has sufficiently demonstrated adequate assurance of future performance under Section 365(f)(2) of the Bankruptcy Code. To the extent the Landlord still objects on the basis of adequate assurance, the Objections should be overruled, as the Landlord is attempting to impose a higher burden of certainty than is legally required.

17. Analyzing whether adequate assurance has been provided requires an evaluation of the facts and circumstances of the case at hand. *See Androse Assocs. of Allaire, LLC v. Great*

---

[3] As to the additional issues outlined in the Supplemental Objection on storm water and maintenance, the Landlord has conceded that agreements have been made to remediate these issues, and the work is underway and slated to be completed in the near future such that these issues are resolved.

*Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 472 B.R. 666, 674 (S.D.N.Y. 2012) (making clear that "[w]hether adequate assurance of future performance has been provided [in the context of § 365] is determined by the facts and circumstances of each case") (first alteration in original) (internal quotation marks omitted); *see also In re Rock 49th Rest. Corp.,* No. 09-14557(ALG), 2010 WL 1418863, at *10 (Bankr. S.D.N.Y. Apr. 7, 2010) ("To determine whether a debtor has provided adequate assurance, a court must look at the facts and circumstances of each case."). To prove adequate assurance, Transform need not demonstrate an absolute guarantee that it will thrive and make a profit. *See In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (noting that the standard does not require a debtor to prove that it "will thrive and make a profit," but rather that it "appears that the rent will be paid and other obligations thereunder met"); *see also In re Peterson's Ltd.*, 31 B.R. 524, 528 (Bankr. S.D.N.Y. 1983) (noting that "assurance does not require a 100% guarantee that the lease will be performed. It merely requires 'adequate' assurance and that has been provided"). While the Bankruptcy Code's adequate assurance provisions do protect landlords and lessors, "Congress intended to favor assumption and assignment of leases as a means of realizing value for the estate and aiding in its progress toward rehabilitation." *In re Bygaph, Inc.*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986).

18. As stated in more detail in its Omnibus Reply, Transform has provided the Landlord with the same details on various forms of adequate assurance information, including information on Transform's financing, business plan, management's experience and expertise, and insurance coverage. *See* Omnibus Reply, ¶¶ 19-49. Transform is also providing a guaranty

to the Landlord substantially in the form attached to the Revised Assumption and Assignment Order as Exhibit B.  *See* Exhibit A, Proposed Order, ¶ 14.

19.     At the Assumption and Assignment Hearing, the Court approved of Transform's adequate assurance information and found that it had met its statutory burden.  Assumption and Assignment Hearing Tr., 37:17-19.  The Court also made specific findings, including that Transform "has substantial available cash" and that the projections provided "show a prompt return to substantial positive EBITDA."  *Id.* at 38:1-11.  *See also* May 13 Order ¶¶ 12-14.

20.     The Court more recently reaffirmed these findings in the context of another landlord's objections.  *See Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* ¶12 (Docket No. 4444) ("[T]he Buyer, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Designated Lease"); Hearing Tr., 59:10-13; 67:3-15, June 27, 2019 (noting that the Court "didn't have a sense that there was an adequate assurance issue on the financial end" and overruling adequate assurance objection).  The Landlord here has made no additional requests or articulated any basis why a different result is justified with respect to its Lease as compared to the hundreds of other assigned contracts and unexpired leases.  The Court should again hold that adequate assurance of future performance has been provided and that the Landlord is not entitled to any additional forms of adequate assurance as requested in the Objections.

C.    <u>The Landlord's Adequate Assurance Objections Appear to Be a Pretextual Basis for Gaining Leverage Concerning the Expired Operating Agreement</u>

21.     The Landlord has articulated no principled basis in its Objections or otherwise to prevent entry of an order assigning the Lease, despite repeated good faith attempts by Buyer to present a consensual form of order.  Indeed, Buyer believes the Landlord's resistance to

assignment instead reflects an inappropriate attempt to assert leverage in discussions on potential replacement terms for the Operating Agreement.

22. To be clear, Landlord is not arguing that the Lease and Operating Agreement are integrated, but any such objection would clearly fail. The Operating Agreement expired by its terms on January 31, 2019 and therefore cannot be integrated to anything. "[T]he assumption and assignment process is not designed to afford a landlord with a benefit in addition to that which he originally bargained for under the original lease." *In re Bygaph, Inc.*, 56 B.R. at 605. The terms of the Lease were negotiated in good faith and agreed to by the Parties – the Landlord is not now entitled to re-negotiate the terms of its bargain or to link the assumption and assignment of the Lease to an agreement that is not integrated and has expired by its terms.

## CONCLUSION

23. Insofar as each of the Objections has not been otherwise adjourned or resolved as set forth herein, the Buyer requests that the Court overrule each of the pending Objections and enter the proposed order attached as Exhibit A.

Dated: July 9, 2019
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

 */s/ Luke A. Barefoot*
Luke A. Barefoot
Andrew W. Weaver

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*