# EXHIBIT B

FORM

# LEASE GUARANTY AGREEMENT

**THIS LEASE GUARANTY AGREEMENT** dated as of May [_], 2019 (as amended, restated, supplemented or otherwise modified from time to time in accordance with the provisions hereof, this "<u>Agreement</u>"), by TRANSFORM MIDCO LLC, a Delaware limited liability company ("<u>Guarantor</u>").

**W I T N E S S E T H:**

[ENTER LANDLORD NAME] ("<u>Landlord</u>") entered into a certain [ENTER TITLE OF DOCUMENT], dated as of [ENTER DATE OF LEASE], with [ENTER DEBTOR NAME] (the "<u>Debtor Tenant</u>") (as amended, restated, amended and restated, extended, supplemented or otherwise modified, the "<u>Lease</u>").

Sears Holdings Corporation and its debtor affiliates, including the Debtor Tenant, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), filed a motion, dated November 1, 2018 (ECF No. 429) seeking, among other things, the entry of an order pursuant to sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq., Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure, and Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, authorizing and approving the sale of the Acquired Assets (as defined therein) and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith.

On February 8, 2019, the Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief (the "<u>Sale Order</u>") (ECF No. 2507) was entered by the United States Bankruptcy Court Southern District of New York (the "<u>Court</u>").

On April 2, 2019, the Court entered its the Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief (the "<u>Assumption and Assignment Order</u>") (ECF No. 3008).

On [_], 2019 and pursuant to the terms of the Sale Order and the Assumption and Assignment Order, Buyer filed notice with the Court designating the Lease for assumption and assignment (the "<u>Assignment</u>") to [INSERT ASSIGNEE] (the "<u>Tenant</u>").

Guarantor is an affiliate of Tenant, will derive direct or indirect benefit from the Lease and is executing this Agreement in connection with the Assignment.

**NOW, THEREFORE,** in consideration of the premises, Guarantor agrees as follows:

1.      Guarantor hereby absolutely and unconditionally guarantees to the Landlord (i) the full and punctual payment of all monetary obligations (including, without limitation, the payment of all rent, maintenance charges and any and all other charges or assessments) payable under the

Lease by Tenant and (ii) the full and punctual performance by Tenant of all the terms, conditions, covenants and obligations to be performed by Tenant under the Lease, in the case of each of (i) and (ii), from and after the effective date of the Assignment (the "Obligations").

2. Guarantor hereby waives demand, protest, notice of any indulgences or extensions granted to the Tenant, any requirement of diligence or promptness on the part of the Landlord in the enforcement of the Lease and any notice thereof and any other notice whereby to charge Guarantor. Any payment or performance of the Obligations (as hereinafter defined) required to be made by Guarantor may be required by the Landlord on any number of occasions. Guarantor hereby waives any right to require Landlord to proceed against Tenant or any other person or pursue any other right or remedy for Guarantor' benefit. Guarantor agrees that Landlord may proceed against Guarantor with respect to the Obligations without taking any action against Tenant or any other person. Guarantor agrees that Landlord may unqualifiedly exercise, in its sole discretion, any or all rights and remedies available to it against Tenant or any other person, at any time either before, after, in conjunction with or independently of Landlord's assertion against Guarantor of any remedies. Such exercise of Landlord's rights and remedies against Tenant or any other person shall not impair any of Landlord's rights and remedies in enforcing this Agreement, under which the liabilities of Guarantor shall remain independent and unconditional.

3. The liability and obligations of Guarantor hereunder shall remain in full force and effect without regard to, and shall in no way be impaired or affected by, (a) the release or discharge of Tenant in any creditors', receivership or bankruptcy proceeding, including, without limitation rejection of some or all of the Obligations in a bankruptcy of Tenant; (b) any rescission, waiver, amendment, extension or modification of, or any release from, any of the terms or provisions of the Lease (whether or not separately consented to, acknowledged or confirmed by Guarantor); (c) any permitted sale, assignment, or sublease, pledge or mortgage of the rights of Tenant or Landlord under the Lease or any other agreement delivered or given in connection herewith or therewith; (d) the compromise, release or discharge of Tenant, consent, extension, indulgence or other action or inaction by Landlord in respect to any of the terms, conditions or provisions of the Lease; or (e) any application or release of any security or other guaranty given for the performance and observance of the covenants and conditions in the Lease on Tenant's part to be performed and observed.

4. The obligations of Guarantor hereunder shall not be subject to any reduction, limitation, impairment or termination for any reason (other than the payment and performance in full of the Obligations), including any claim of waiver, release, surrender, alteration or compromise of any of the Obligations, and shall not be subject to any defense or set-off, counterclaim, recoupment or termination whatsoever by reason of the invalidity, illegality or unenforceability of the Obligations or otherwise (other than the defense of payment and performance in full of the Obligations). Without limiting the generality of the foregoing, the obligations of Guarantor shall not be discharged or impaired or otherwise affected by the failure of the Landlord to assert any claim or demand or to enforce any remedy under this Agreement, the Lease or any other agreement delivered or given in connection herewith or therewith, by any waiver or modification of any provision of the Lease or any other agreement delivered or given in connection therewith, by any default, failure or delay, willful or otherwise, in the performance of the Obligations, or by any other act or omission that may or might in any manner or to any extent vary the risk of any Guarantor or that would otherwise operate as a discharge of any Guarantor as a matter of law or

2

equity (other than a written release of Guarantor from the Landlord in accordance with the terms of the Lease or the payment and performance in full of the Obligations).

5. Notwithstanding the provisions of Section 7, Guarantor agrees that its guarantee hereunder shall continue to be effective or be reinstated, as the case may be, if at any time payment, or any part thereof, of any Obligation is rescinded or must otherwise be restored or returned by the Landlord upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of either Tenant or Guarantor, or upon or as a result of the appointment of a receiver, intervenor or conservator of, or trustee or similar officer for, either Tenant or Guarantor or any substantial part of its property, or otherwise, all as though such payment had not been made.

6. Guarantor assumes all responsibility for being and keeping itself informed of Tenant's financial condition and assets, and of all other circumstances bearing upon the risk of nonpayment or nonperformance of the Obligations and the nature, scope and extent of the risks that Guarantor assumes and incurs hereunder, and agrees Landlord will have no duty to advise any of Guarantor of information known to it regarding such circumstances or risks.

7. This Agreement shall survive the expiration or termination of the term of the Lease (including all option periods or extensions) and shall not terminate until indefeasible payment and performance in full of all Obligations. Notwithstanding anything to the contrary contained herein, Guarantor hereby unconditionally and irrevocably waives, releases and abrogates, until such time as the Obligations shall have been indefeasibly paid and performed in full, any and all rights it may now or hereafter have under any agreement, at law or in equity (including any law subrogating Guarantor to the rights of Landlord), to assert any claim against or seek contribution, indemnification or any other form of reimbursement from Tenant or any other Person liable for payment or performance of any or all of the Obligations for any payment or performance made or undertaken by Guarantor under or in connection with this Agreement or otherwise.

8. Guarantor represents, as to itself, that it has the full legal right, power and authority to enter into this Agreement and perform the transactions contemplated hereby. This Agreement has been duly authorized and delivered by Guarantor and constitutes the legal, valid and binding agreement of Guarantor, enforceable against Guarantor in accordance with its terms, except as may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or other laws of general application relating to or affecting the enforcement of creditors' right and the application of equitable principles relating to the availability of remedies. Guarantor represents that its entry into and performance of this Agreement will not (i) violate or conflict with any provision of its formation and governance documents, (ii) violate any material legal requirement, regulation, order, writ, judgment, injunction, decree or permit applicable to it or (iii) except as would not reasonably be expected to result in a material adverse effect on Guarantor, violate or conflict with any contract to which it is bound. Guarantor represents, as to itself, that no consent, approval, authorization, order or filings of or with any court or Governmental Authority (as defined in the Lease) is required for the execution, delivery and performance by such Guarantor of, or compliance by Guarantor with, this Agreement or the consummation of the transactions contemplated hereunder, other than those that have been obtained by Guarantor.

9. By accepting delivery of this Agreement, Landlord agrees that this Agreement is for its confidential use only and that neither its existence nor the terms hereof will be disclosed by

3

it to any person.  Notwithstanding the foregoing, (i) Landlord may disclose this Agreement to its officers, directors, employees, affiliates, independent auditors, legal counsel and other advisors on a confidential and "need to know" basis in connection with the transactions contemplated hereby. (ii) Landlord may make such other public disclosures of the terms and conditions hereof as (and solely to the extent) Landlord is required by law to make and (iii) Landlord may disclose this Agreement in a lawsuit, action or proceeding commenced to enforce the terms of this Agreement against Guarantor.

10. This Agreement shall inure to the benefit of the Landlord and its successors and assigns and any assignee of the Landlord's interest in the Lease, and shall be binding upon Guarantor and its successors and assigns.

11. The whole of this Agreement is herein set forth and there is no verbal or other written agreement, and no understanding or custom affecting the terms hereof.  Wherever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

12. This Agreement may not be changed or terminated orally, but only by a written amendment hereto signed by Guarantor and Landlord.

13. This Agreement is a guarantee of payment and performance (not of mere collection). All remedies afforded to Landlord, or its successors or assigns, by reason of this Agreement are separate and cumulative remedies, and no one of such remedies, whether exercised by the Landlord or not, shall be deemed to be an exclusion of any other of the remedies available to the Landlord and shall in no way limit or prejudice any other legal or equitable remedies which the Landlord may have.

14. This Agreement and the rights and obligations of the parties hereunder shall be governed by and construed and enforced in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State, without giving effect to the principles of conflicts of law. Guarantor hereby irrevocably consents to and submits to the exclusive jurisdiction over Guarantor's person by any of the state or federal courts in the County of New York, State of New York.

15. This Agreement shall be binding upon Guarantor and Guarantor's legal representatives, the legal representatives of Guarantor's estate and Guarantor's heirs, successors and assigns. Guarantor may not assign its obligations hereunder without the prior written consent of the Landlord.

16. TO THE EXTENT PERMITTED BY LAW, GUARANTOR AND, BY ITS ACCEPTANCE HEREOF, LANDLORD, HEREBY IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM IN ANY WAY INVOLVING OR CONNECTED WITH THE LEASE OR THIS AGREEMENT.

17. This Agreement may be executed in any number of counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which

when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or other electronic imaging (including in .pdf format) means shall be effective as delivery of a manually executed counterpart of this Agreement.

18. Guarantor, and by its acceptance of this Agreement, the Landlord, hereby confirms that it is the intention of all such persons that this Agreement and the Obligations guaranteed by Guarantor hereunder not constitute a fraudulent transfer or conveyance for purposes of the United States Bankruptcy Code or any other federal, state or foreign bankruptcy, insolvency, receivership or similar law, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act or any similar foreign, federal or state law to the extent applicable to this Agreement and the obligations of Guarantor hereunder. To effectuate the foregoing intention, the Landlord and Guarantor hereby irrevocably agree that the Obligations for which Guarantor shall be liable under this Agreement at any time shall be limited to the maximum amount as will result in the obligations of Guarantor under this Agreement not constituting a fraudulent transfer or conveyance.

19. Any notice required hereunder to be sent to any Guarantor shall be sufficiently given by mailing certified or registered mail, postage prepaid, addressed as follows:

c/o ESL Investments, Inc.
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
Attention: Kunal Kamlani

With a copy to:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Attention: Joseph Lanzkron, Esq.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

**IN WITNESS WHEREOF,** Guarantor has duly executed this Agreement as of the day and year first above written.

                                              **TRANSFORM MIDCO LLC**

                                              By: _____
                                                    Name:
                                                    Title: