# EXHIBIT A

**Sears Store 1114 Brooklyn NY – Master Key**

**Survey Map:**



Key:

- 🟦 Ground lease
- 🟧 Owned in Fee
- 🟩 Owned by NYC (used by Store pursuant to EDA)

**Satellite Map:**



# EXHIBIT B

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |  2018050200091001003EA0F8 |

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 16 |
|---|---|---|
| Document ID: **2018050200091001** | Document Date: 04-10-2018 | Preparation Date: 05-18-2018 |
| Document Type: AGREEMENT | | |
| Document Page Count: 15 | | |

**PRESENTER:**
FIDELITY NATIONAL TITLE
1415 KELLUM PL. STE 202- KM
***PICK UP BY SUPERIOR DATA ***TITLE #200125
GARDEN CITY, NY 11530
516-741-5050
KAREN.MATHEWS@FNF.COM

**RETURN TO:**
MILBANK, TWEED, HADLEY & MCCLOY PPL
38 LIBERTY ST
NEW YORK, NY 10005

## PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5133 | 14 | Entire Lot | 2360 BEDFORD AVENUE |
| **Property Type:** COMMERCIAL REAL ESTATE | | | | |
| Borough | Block | Lot | Unit | Address |
| BROOKLYN | 5135 | 53 | Entire Lot | 2359 BEDFORD AVENUE |
| **Property Type:** COMMERCIAL REAL ESTATE | | | | |

## CROSS REFERENCE DATA

CRFN: 2018000144507

## PARTIES

**PARTY 1:**
SEARS, ROEBUCK AND CO.,
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 30179

**PARTY 2:**
JPP,. LLC
C/O ESL INVESTMENTS, INC 1170 KANE
CONCOURSE, SUITE 200
BAY HARBOR ISLANDS, FL 33154

## FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 34,400,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 114.00 | | | |
| Affidavit Fee: | $ | 8.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    05-22-2018 14:55
City Register File No.(CRFN):
**2018000171067**

*Annette M Hill*

*City Register Official Signature*

**SEARS, ROEBUCK AND CO.**,
a New York corporation, as mortgagor

(Mortgagor)

to

**JPP, LLC**, a Delaware limited liability company, and **JPP II, LLC**, a Delaware limited liability
company collectively, as mortgagee

(Mortgagee)

## FIRST AMENDMENT TO AMENDED AND RESTATED
## FEE AND LEASEHOLD MORTGAGE, ASSIGNMENT OF RENTS AND LEASES,
## COLLATERAL ASSIGNMENT OF PROPERTY AGREEMENTS, SECURITY
## AGREEMENT AND FIXTURE FILING

### (NEW YORK)

| | |
|---|---|
| Dated: | As of April 10, 2018 |
| Location: | 2307 Beverly Road,<br>Brooklyn, New York 11226 |
| County: | Kings |

PREPARED BY AND UPON
RECORDATION RETURN TO:

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty St.
New York, New York 10005
Attention: Jeremy Schonfeld, Esq.

EAST\152947547.3

## FIRST AMENDMENT TO AMENDED AND RESTATED
## FEE AND LEASEHOLD MORTGAGE, ASSIGNMENT OF RENTS AND LEASES,
## COLLATERAL ASSIGNMENT OF PROPERTY AGREEMENTS, SECURITY
## AGREEMENT AND FIXTURE FILING

This First Amendment to Amended and Restated Fee and Leasehold Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing (this "*Amendment*") is made as of April 10, 2018, by and between **SEARS, ROEBUCK AND CO.**, a New York corporation, having an address at 3333 Beverly Road, Hoffman Estates, Illinois 60179 as mortgagor ("*Mortgagor*"), **JPP, LLC**, a Delaware limited liability company, having an address at c/o ESL Investments, Inc., 1170 Kane Concourse, Suite 200, Bay Harbor Islands, Florida 3154 as agent on behalf of lender (in such capacity, together with its successors and assigns, "*Agent*") and each of **JPP, LLC**, and **JPP II, LLC**, each a Delaware limited liability company, having an address at c/o ESL Investments, Inc., 1170 Kane Concourse, Suite 200, Bay Harbor Islands, Florida 3154 as lender (individually, collectively, as the context may require, each in such capacity, together with their respective successors and assigns, "*Lender*"; Agent together with Lender, collectively, "*Mortgagee*"). Terms not otherwise defined in this Amendment shall have the meaning given to such terms in the Mortgage (defined below).

## WITNESSETH

WHEREAS, Mortgagor and Mortgagee are parties to that certain Term Loan Credit Agreement, dated as of January 4, 2018 (the "*Original Loan Agreement*") pursuant to which Mortgagee made a loan (the "*Original Loan*") in the principal sum of THREE HUNDRED MILLION AND NO/100 DOLLARS ($300,000,000.00) to Mortgagor and Borrower secured by, *inter alia*, that certain Amended and Restated Fee and Leasehold Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing, dated March 30, 2018, by Mortgagor in favor of Mortgagee and recorded on **May 1 8** , 2018 in the land records of Kings County, New York as instrument number **2018000144507** the "*Mortgage*") against the Property more particularly described on <u>Exhibit A</u> attached hereto and incorporated herein by this reference, which Mortgage secured a maximum principal indebtedness of THIRTY FOUR MILLION AND FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($34,400,000.00), and evidenced by that certain Promissory Note, dated as of January 4, 2018, in the original principal amount of THREE HUNDRED MILLION AND NO/100 DOLLARS ($300,000,000.00) (the "*Original Promissory Note*");

WHEREAS, to evidence the name correction of Mortgagee, Mortgagor and Mortgagee desire to amend certain provisions of the Mortgage and Mortgagor and Mortgagee have agreed in the manner hereinafter set forth to modify the terms of the Mortgage; and

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the parties hereto, intending to be legally bound, do hereby agree as follows:

1.    <u>Mortgagee</u>.  The first recital in the Mortgage is hereby deleted in its entirety and replaced with the following:

This Amended and Restated Fee and Leasehold Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing (as amended from time to time, this "<u>Mortgage</u>") is made, and is executed as of March 30, 2018, by Sears, Roebuck and Co., a New York corporation, (together with its permitted successors and permitted assigns, "<u>Mortgagor</u>") having an address at 3333 Beverly Road, Hoffman Estates, Illinois 60179, to JPP, LLC, a Delaware limited liability company, having an address at c/o ESL Investments, Inc., 1170 Kane Concourse, Suite 200, Bay Harbor Islands, Florida 3154 as agent on behalf of lender (in such capacity, together with its successors and assigns, "<u>Agent</u>") and each of JPP, LLC, and JPP II, LLC, each a Delaware limited liability company, having an address at c/o ESL Investments, Inc., 1170 Kane Concourse, Suite 200, Bay Harbor Islands, Florida 3154 as lender (individually, collectively, as the context may require, each in such capacity, together with their respective successors and assigns, "<u>Lender</u>"; Agent together with Lender, collectively, "<u>Mortgagee</u>").

2.    <u>Maximum Principal Indebtedness</u>.  The maximum principal indebtedness secured by the Mortgage as modified by this Amendment shall in no event exceed $34,400,000.00.

3.    <u>Novation</u>.  It is the intent of the Mortgagor and Mortgagee that this Amendment and the Loan Documents shall not constitute a novation and shall in no way adversely affect the first lien priority of the Mortgage, as modified by this Amendment.

4.    <u>Authority</u>.  Each party hereto hereby represents and warrants that such party (a) is authorized to enter into this Amendment and (b) has obtained all necessary consents, if any, needed to enter into this Amendment.

5.    <u>No Other Amendments</u>.  Except as expressly amended hereby the Loan Documents shall remain in full force and effect in accordance with their respective terms, without any waiver, amendment or modification of any provision thereof.

6.    <u>Counterparts</u>.  This Amendment may be executed in any number of counterparts, each of which, when executed and delivered, will be deemed an original and all of which taken together, will be deemed to be one and the same instrument.

7.    <u>Construction</u>.  The provisions contained in this Amendment shall not in any way be used to define, interpret, construct, expand or contract the provisions of any other documents evidencing any loan, other than the Loan, made by Mortgagee to Mortgagor.

8.    <u>Successors and Assigns</u>.  The terms and provisions of this Amendment shall be binding upon and inure to the benefit of the parties hereto and their respective successors, heirs and assigns.

9.    <u>**Applicable Law**</u>.  WITH RESPECT TO MATTERS RELATING TO THE CREATION, PERFECTION AND PROCEDURES RELATING TO THE ENFORCEMENT OF THIS AMENDMENT, THIS AMENDMENT SHALL BE GOVERNED BY, AND BE CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, IT BEING UNDERSTOOD THAT, EXCEPT AS EXPRESSLY SET FORTH ABOVE IN THIS PARAGRAPH AND TO THE FULLEST EXTENT PERMITTED BY THE LAW OF SUCH STATE, PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, THE LAW OF THE STATE OF NEW YORK SHALL GOVERN ALL MATTERS RELATING TO THIS AMENDMENT AND THE OTHER LOAN DOCUMENTS AND ALL OF THE INDEBTEDNESS OR OBLIGATIONS ARISING HEREUNDER OR THEREUNDER.  ALL PROVISIONS OF THE LOAN AGREEMENT INCORPORATED HEREIN BY REFERENCE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, AS SET FORTH IN THE GOVERNING LAW PROVISION OF THE LOAN AGREEMENT.

[SIGNATURE PAGE IMMEDIATELY FOLLOWS]

IN WITNESS WHEREOF, THIS AMENDMENT has been executed by Mortgagor as of the day and year first above written.

**MORTGAGOR**:

**SEARS, ROEBUCK AND CO.,**
a New York corporation

By: _____
    Name:  Robert A. Riecker
    Title:   Chief Financial Officer

# ACKNOWLEDGMENT

STATE OF _Illinois_      )
                                        ss.
COUNTY OF _Cook_      )

On the _10_ day of _April_ in the year 2018 before me, the undersigned, a Notary Public in and for said State, personally appeared _Robert A. Piecker_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Witness my hand and official seal.

_(signature)_
Notary Public

```
OFFICIAL SEAL
GWEN A SANDSTROM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/07/19
```

SEAL

**Site 1114 – Brooklyn, NY**
**Signature Page**

**AGENT**:

**JPP, LLC**, a Delaware limited liability company,
as agent

By: _____
    Name:  Edward S. Lampert
    Title:   Authorized Signatory

Site 1114 – Brooklyn, NY
Signature Page

# ACKNOWLEDGMENT

STATE OF ___FL___ )

COUNTY OF MIAMI-DADE) ss.

On the 10 day of APRIL in the year 2018 before me, the undersigned, a Notary Public in and for said State, personally appeared EDWARD S. CAMPBELL , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public



JULIE A MUNCH
Notary Public – State of Florida
Commission # GG 124934
My Comm. Expires Jul 17, 2021
Bonded through National Notary Assn.

SEAL

**Site 1114 – Brooklyn, NY**
**Signature Page**

**LENDER**:

**JPP, LLC**, a Delaware limited liability company, as a lender

By: _____

Name: Edward S. Lampert
Title:    Authorized Signatory

ACKNOWLEDGMENT

STATE OF _FL_____ )
                 ss.
COUNTY OF _MIAMI-DADE_ )

On the _10_ day of _APRIL___ in the year 2018 before me, the undersigned, a Notary Public in and for said State, personally appeared _EDWARD LAMPERT_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public



JULIE A MUNCH
Notary Public – State of Florida
Commission # GG 124934
My Comm. Expires Jul 17, 2021
Bonded through National Notary Assn.

SEAL

**Site 1114 – Brooklyn, NY**
**Signature Page**

**LENDER**:

**JPP II, LLC**, a Delaware limited liability company, as a lender

By: 
     Name:  Edward S. Lampert
     Title:  Authorized Signatory

**Site 1114 – Brooklyn, NY**
**Signature Page**

## ACKNOWLEDGMENT

STATE OF _FL_ )
                                    ss.
COUNTY OF _MIAMI DADE_ )

On the _10_ day of _APRIL_ in the year 2018 before me, the undersigned, a Notary Public in and for said State, personally appeared _EDWARD S. LAWFUL_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Witness my hand and official seal.

Notary Public

Site 1114 – Brooklyn, NY
Signature Page

## EXHIBIT A

## LEGAL DESCRIPTION

### PARCEL A – Leasehold

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York and described as follows:

BEGINNING at a point on the westerly side of Bedford Avenue, distant 158 feet 5 inches southerly from the corner formed by the intersection of the westerly side of Bedford Avenue with the southerly side of Tilden Avenue;

RUNNING THENCE westerly parallel with Tilden Avenue 217 feet 7-3/4 inches to the center line of the block between Eat Twenty-second and East Twenty-third Street, as said East 23rd Street existed prior to the closing thereof in 1933;

THENCE southerly along said center line of the block between East Twenty-second Street and East Twenty-third Street as said East 23rd Street existed prior to the closing thereof in 1933, 474 feet 1/4 of an inch to the northerly side of Beverly Road;

THENCE easterly along the northerly side of Beverly Road 360 feet to the corner formed by the intersection of the northerly side of Beverly Road and the Westerly side of Bedford Avenue;

THENCE northerly along the westerly side of Bedford Avenue 488 feet 10-5/8 inches to the point or place of BEGINNING.

### PARCEL B – Leasehold

BEGINNING at the corner formed by the intersection of the southerly side of Beverly Road with the easterly side of East Twenty-Second Street;

RUNNING THENCE easterly along the northerly side of Beverly Road 100 feet; THENCE northerly parallel with East Twenty-second Street 223.08 feet;

THENCE westerly in a straight line I00.04 feet to a point on the easterly side of East Twenty-second Street distant 225.96 feet northerly from the point of beginning measured along the easterly side of East Twenty-second Street;

THENCE southerly along the easterly side of East Twenty-second Street 225.96 feet to the corner, the point or place of BEGINNING.

**PARCEL C – Leasehold**

BEGINNING at a point on the easterly side of Bedford Avenue distant 158.41 feet southerly from the corner formed by the intersection of the easterly side of Bedford Avenue with the southerly side of Tilden Avenue;

RUNNING THENCE easterly parallel with Tilden Avenue 163.34 feet to the westerly side of land now or formerly of Stephen Schoomaker;

THENCE southerly along said land of Schoomaker, and along land now or formerly of E. Steale 250.70 feet to the northerly side of land formerly of Duryes;

THENCE westerly along land of Duryes in a straight line 67.66 feet to a point on the easterly side of Bedford Avenue
222.3 feet more or less, northerly measured along the easterly side of Bedford Avenue from the northeast corner of Bedford Avenue and Beverly Road;

THENCE northwesterly along the easterly side of Bedford Avenue 264.29 feet to the point or place of BEGINNING.

## FORMER TAX LOT 23 BLOCK 5155- FEE- SEARS

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York bounded and described as follows:

BEGINNING at a point on the westerly side of Lott Street distant 200 feet from the corner formed by the westerly side of Lott Street with the southerly side of Tilden Avenue;

RUNNING THENCE southerly along the westerly side of Lott Street 149.11 feet;

THENCE westerly 137.3 feet;

THENCE northerly 150 feet 5/8"

THENCE Easterly 130.6 feet to the westerly side of Lott Street the point or place of BEGINNING.

## FORMER TAX LOT 29 BLOCK 5135- FEE- SEARS

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York bounded and described as follows:

BEGINNING at a point on the westerly side of Lott Street, distant 350 feet southerly from the corner formed by the intersection of the westerly side of Lott Street with the southerly side of Tilden Avenue; which point of beginning is the southerly line of land now or formerly of William Conners;

RUNNING THENCE westerly along the said land of William Conner 137 feet 3 inches to land now or formerly of the Brooklyn City Railroad Company;

THENCE southerly along said land, 37 feet 1/2 inch;

THENCE easterly parallel with Tilden Avenue 138 feet 11 inches to the westerly side of Lott Street;

THENCE northerly along the westerly side of Lott Street 37 feet 1/8 inch to the point or place of BEGINNING.

## FORMER TAX LOT 21 BLOCK 5135- FEE- SEARS

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of Lott Street distant 130 feet southerly from the corner formed by the intersection of the westerly side of Lott Street and the southerly side of Tilden Avenue formerly Vernon Avenue;

RUNNING THENCE westerly parallel with Tilden Avenue 128 feet 3 inches to land formerly of Brooklyn City Railroad Co.;

THENCE southerly along the easterly side of the last mentioned land 50 feet 0 5/8 inches;

THENCE easterly parallel with Tilden Avenue 130 feet 6 inches to the westerly side of Lott Street;

THENCE northerly along the westerly side of Lott Street 50 feet to the point or place of BEGINNING.

## FORMER TAX LOT 58 BLOCK 5133- FEE- SEARS

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on a line drawn parallel with Tilden Avenue and distant 150 feet southerly therefrom, which point also distant 351 feet 4-3/4 inches easterly from the easterly side of Flatbush Avenue, which point of beginning is also on the easterly side of East 22nd Street;

RUNNING THENCE easterly parallel with Tilden Avenue 100 feet 1/2 inch to the center line of the block between East 22nd Street and East 23rd Street as said East 23rd Street existed prior to the closing thereof in 1933;

THENCE southerly parallel along said center line of the block 125 feet;

THENCE westerly parallel with Tilden Avenue 100 feet 1/2 inch to the easterly side of East 22nd Street;

THENCE northerly along the easterly side of East 22nd Street 125 feet to the point or place of BEGINNING.

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2018050200091001003S6E79

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2018050200091001**     Document Date: 04-10-2018     Preparation Date: 05-18-2018
**Document Type: AGREEMENT**

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT     3

**AFFIDAVIT PURSUANT TO**
**TAX LAW SECTION 255**

STATE OF _Illinois_ )
                             ) ss
COUNTY OF _Cook_ )

I, _Robert A. Riecker_ , being duly sworn, depose and say that I am the _Chief Financial Officer_ of **SEARS, ROEBUCK AND CO.**, a New York corporation ("Mortgagor"), and that I am familiar with the following facts:

1.    That the mortgage set forth on <u>EXHIBIT A</u> hereto securing the principal amount of $34,400,000.00 owned or held by **JPP, LLC**, a Delaware limited liability company, and **JPP II, LLC**, a Delaware limited liability company (collectively, "Mortgagee"), was duly recorded as set forth in <u>EXHIBIT A</u>, and that all mortgage recording tax payable thereon has been paid.

2.    That a First Amendment to Amended and Restated Fee and Leasehold Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing ("First Amendment to Mortgage") dated as of April 10 , 2018 by and between Mortgagor and Mortgagee is being tendered herewith for recording in the Office of the County Clerk of the County of Kings, State of New York and that no mortgage recording tax is payable thereon.

3.    That the First Amendment to Mortgage herewith submitted for recording does not create or secure any new or further indebtedness other than the principal indebtedness or obligation secured by, or which under any contingency may be secured by the mortgage described in Paragraph 1 hereof.

4.    That this affidavit is being made pursuant to Section 255 of the Tax Law of the State of New York for the purpose of claiming exemption from any additional tax on recording of the First Amendment to Mortgage being submitted herewith.

[Signature Page Follows]

EAST\152948173.1

Name: _____

Title: _Chief Financial Officer_

STATE OF _Illinois_                )

                                   ) ss

COUNTY OF _Cook_                   )

On this _10_ day of April, 2018, before me, the undersigned Notary Public, personally appeared _Robert A. Riecker_, who acknowledged himself/herself to be the _Chief Financial Officer_ of Sears, Roebuck and Co., a New York corporation, and that he/she, as such officer, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as such officer.

**In witness whereof I hereunto set my hand and official seal.**

_____

Notary Public

My Commission expires _8/7/19_ .

```
OFFICIAL SEAL
GWEN A SANDSTROM
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/07/19
```

SEAL

EAST\152948173.1

**EXHIBIT A**

**(Schedule of Mortgages)**

Amended and Restated Fee and Leasehold Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing, by and between Mortgagor and Mortgagee, dated as of March 30, 2018, and recorded in the office of the County Clerk of Kings County, State of New York on ~~MAY 1~~ , 2018, as instrument number ~~20180001449507~~ *Mtge Tax pd $16,800 —* In the amount of *$ 34,400,000⁰⁰*

*At this date the unpaid principal balance is $ 34,400,000⁰⁰*



# EXHIBIT C

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2734
jlanzkron@cgsh.com

THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO

FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE

DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

July 3, 2019

<u>VIA EMAIL</u>

Jacqueline Marcus
Weil, Gotshal & Manges LLP
767 5th Ave
New York, NY 10153

Re:  <u>Brooklyn Store #1114</u>

Dear Ms. Marcus:

I am writing on behalf of Transform Holdco LLC ("Transform") to reiterate our demand for the transfer by your client, Sears Holdings Corporation ("Sears"), of the deeds to the two fee-owned parcels (the "two parcels") relating to the Store #1114 in Brooklyn, New York (the "Brooklyn Store" or "Store").  Your client's refusal to date to turn over the deeds to those parcels is in violation of the Asset Purchase Agreement, dated as of January 17, 2019, by and among Sears, each of Sears' subsidiaries party thereto (together with Sears, the "Sellers"), and Transform (as may be amended, restated, supplemented or modified from time to time, the "APA").

Section 2.1 of the APA provides, among other things, that Sears will "sell, transfer, assign, convey and deliver" to Transform, "all assets, properties and rights Related to the Business other than the Excluded Assets." [1]  There can be no question that the Brooklyn Store is part of the Business that Transform acquired, that the two parcels are "Related to the Business", and that the two parcels are not Excluded Assets.  The term Business is defined under

---

[1]     Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to them in the APA.

Jacqueline Marcus, p. 2

the APA to refer to "the meaning set forth in the Recitals." The Recitals, in turn, define the Business to include "a national network of retail stores and pharmacies under the "Sears" and "Kmart" brands as conducted at the Operating Owned Properties and the Operating Leased Properties . . . and the supporting general and administrative functions related to such retail stores." And, under APA Schedule 1.1(o), the Brooklyn Store is one of those stores.

The two parcels also indisputably are Related to the Store. "Related" is defined in the APA, in relevant part, as "used" or "intended for use" "primarily in connection with . . . such business." *See* APA § 1. As the enclosed map and further facts would establish, the fee-owned parcels' primary, if not exclusive, use is parking for the Store. The two parcels are intermingled with, and indivisible from, the other parcels that together form two parking lots supporting the Store. Finally, the two parcels are not Excluded Assets. Excluded Assets is defined in Article I of the APA, in relevant part, as "any real property interest of any kind or nature that is not Related to Owned Real Property or the Assigned Leases." The two parcels are not excluded under this definition and, in fact, are Related to the lease associated with the Brooklyn Store.

In any event, even if the parcels comprising the Brooklyn Store property somehow were not properties "Related to the Business," Section 2.1 (cc) provides that Defendants shall sell and transfer to Transform "any proceeds from the sale or other disposition of the collateral pledged to secure the applicable debt obligations with respect to the credit bids set forth in Section 3.1(b) to which the holders of Claims secured by such collateral has attached." Section 3.1(b)(i) provides that the credit bid will include "all outstanding obligations held by Buyer and its Affiliates as of the Closing Date under the IP/Ground Lease Term Loan Facility." Schedule 1.1(d) lists the Brooklyn Store as an IP/Ground Lease Property. As you are well aware, as of April 10, 2018, the mortgage under the IP/Ground Lease Term Loan Facility was amended to explicitly include the two parcels. Therefore, under the APA, Sears could not benefit from the two parcels, as the proceeds from any sale of the property would need to be transferred to Transform.

On May 23, 2019, we raised this issue with you. We made a good faith effort to resolve this dispute amicably, but the estate has rejected those efforts. Thus, as of the date of this letter, Sears remains in violation of its obligations of specific performance under Section 13.14 of the APA.

Unless we hear from you before noon on Monday, July 8, 2019 that you will commit to deliver the deeds to the two parcels, we have asked our litigators to bring legal action and seek the specific performance, among other remedies, to ensure that the Court is aware of this dispute on a timely basis.

No delay or omission by Transform in the exercise of any right or power accruing to Transform shall impair any such right or power, or shall be construed to be a waiver or modification thereof or any acquiescence therein. Transform hereby reserves the right to exercise any and all additional rights, powers, privileges and/or remedies now or hereafter available to it at law or in equity, including under the APA.

Jacqueline Marcus, p. 3

Sincerely,

Joseph Lanzkron

Enclosure

**Sears Store 1114 Brooklyn NY – Master Key**

**Survey Map:**



Key:

■ Ground lease (blue)

■ Owned in Fee (orange)

■ Owned by NYC (used by Store pursuant to EDA) (green)

**Satellite Map:**



# EXHIBIT D

## Dahrouge, Adrienne

---

| | |
|---|---|
| **From:** | Marcus, Jacqueline  <jacqueline.marcus@weil.com> |
| **Sent:** | Monday, July 8, 2019 11:17 AM |
| **To:** | Lanzkron, Joseph |
| **Cc:** | Liman, Lewis J.; O'Reilly, Benet J.; O'Neal, Sean A.; Dahrouge, Adrienne; Bond, W. Michael; Seales, Jannelle; Singh, Sunny; Hwang, Angeline |
| **Subject:** | RE: Brooklyn Fee Property |

I don't think there is anything to discuss, but I'll let you know if that changes.



Jacqueline Marcus

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jacqueline.marcus@weil.com
+1 212 310 8130 Direct
+1 212 310 8007 Fax

---

**From:** Lanzkron, Joseph <jlanzkron@cgsh.com>
**Sent:** Sunday, July 7, 2019 8:23 AM
**To:** Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Liman, Lewis J. <lliman@cgsh.com>; O'Reilly, Benet J. <boreilly@cgsh.com>; O'Neal, Sean A. <soneal@cgsh.com>; Dahrouge, Adrienne <adahrouge@cgsh.com>
**Subject:** RE: Brooklyn Fee Property

Jackie,

Hope you are having a nice weekend. Just wanted to check in on the status of the letter we sent and whether you wanted to discuss.

Thanks,
Joe

---

**Joseph Lanzkron**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: nbremer@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2734
jlanzkron@cgsh.com │ clearygottlieb.com

---

**From:** Lanzkron, Joseph
**Sent:** Wednesday, July 3, 2019 2:54 PM
**To:** Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Liman, Lewis J. <lliman@cgsh.com>; O'Reilly, Benet J. <boreilly@cgsh.com>; O'Neal, Sean A. <soneal@cgsh.com>;

Dahrouge, Adrienne <adahrouge@cgsh.com>
**Subject:** Brooklyn Fee Property

Jackie,

Please see attached correspondence. Please let us know if you'd like to discuss.

Thanks,
Joe

_____

**Joseph Lanzkron**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: nbremer@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2734
jlanzkron@cgsh.com | clearygottlieb.com

_____

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.