WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                                   :    **Chapter 11**
:
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :    **Case No. 18-23538 (RDD)**
:
              Debtors.[1]                                   :    **(Jointly Administered)**
:
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**STIPULATION, AGREEMENT, AND ORDER
RESOLVING ADMINISTRATIVE EXPENSE CLAIM
OF GRAND CENTRAL PLAZA, INC.  (KMART STORE #7065)**

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and among Kmart Corporation ("**Kmart**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, Grand Central Plaza, Inc. (the "**Landlord**"), and Transform Holdco LLC ("**Transform**").  Kmart, Landlord, and Transform are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**."  The Parties hereby stipulate and agree as follows:

**RECITALS**

A. Beginning on October 15, 2018 (the "**Commencement Date**"), Kmart and its debtor affiliates (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all of their assets to Transform.  The sale to Transform closed on February 11, 2019 (the "**Closing Date**").  Pursuant to the Asset Purchase Agreement, dated as of

2

January 17, 2019 (as amended from time to time, the "**APA**"), Transform assumed, among other liabilities, the Occupancy Costs for Operating Leases during the Designation Rights Period.[2]

          C.          On April 5, 2019, the Landlord filed the *Notice of Hearing on Motion to Compel Debtor, K Mart Corporation, to Assume or Reject a Grand Central Plaza Lease Agreement and to Allow an Administrative Expense Claim for Post-petition Payments* (ECF No. 3053) (the "**Notice of Motion**") and the Declaration of Glenn M. Fjermedal in support thereof (the "**Fjermedal Declaration**" and, together with the Notice of Motion, the "**Motion**"), in which the Landlord asserted, *inter alia*, that the Debtors owed $55,546.27 in postpetition amounts due under the lease for the property located at 1020 Center Street Horseheads, NY 14845 (the "**Lease**"). The Lease was one of the Operating Leases subject to the Designation Rights Period.

          D.          On April 19, 2019, the Debtors filed the *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* (ECF No. 3300), which included the Lease. On May 8, 2019, the Court entered its order approving the rejection of the Lease, effective as of April 19, 2019 (ECF No. 3756) (such rejection date, the "**Rejection Effective Date**").

          E.          The Motion was adjourned to May 29, 2019 to give the Parties time to consensually resolve the Motion by determining the proper amount due under the Lease and the allocation of postpetition payments between Kmart and Transform in accordance with the APA.

          F.          The Parties have agreed, subject to approval by the Bankruptcy Court, to the terms set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the APA.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, AND UPON COURT APPROVAL, SHALL BE ORDERED THAT:**

## AGREEMENT

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Effective Date**").

2. The Parties acknowledge and agree that the Landlord is owed a total payment of $18,421.40 for postpetition amounts owed under the Lease for school taxes, county and town taxes, and insurance premiums (the "**Outstanding Lease Obligations**"). There are no postpetition amounts due under the lease for rent or other obligations.

3. The Parties acknowledge and agree that Kmart is responsible for the portion of the Outstanding Lease Obligations, for the period starting from the Commencement Date and ending on the day prior to the Closing Date, in the amount of $8,077.45 (the "**Kmart Portion**").

4. The Parties acknowledge and agree that Transform is responsible for the portion of the Outstanding Lease Obligations, for the period starting on the Closing Date and up to and including the Rejection Effective Date, in the amount of $10,343.95 (together with the Kmart Portion, the "**Agreed Administrative Expense Amount**").

5. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code and in accordance with the APA, the parties agree that the Landlord shall have an administrative expense claim equal to the Agreed Administrative Expense Amount.

6. Within five (5) business days following the Effective Date, Kmart and Transform shall each make or cause to be made a payment for its respective portion of the Agreed Administrative Expense Amount, in full and in cash, to the Landlord. Payment of the

Agreed Administrative Expense Amount shall be in full and final satisfaction of all administrative expense claims (as defined in the Bankruptcy Code) that have been or could have been asserted under or in connection with the Lease by the Landlord.

7. Upon the Effective Date, the Motion will be deemed withdrawn.

8. Each person who executes this Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

9. This Stipulation, Agreement, and Order contains the entire agreement among the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

10. This Stipulation, Agreement, and Order shall be filed and become part of the record in the Debtors' chapter 11 cases.

11. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

12. This Stipulation, Agreement, and Order shall not be modified, altered, amended or vacated without the written consent of all parties hereto or by further order of the Bankruptcy Court.

13. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, this Stipulation, Agreement, and Order has been executed and delivered as of the day and year first below written.

Dated: July 2, 2019                                    Dated: July 2, 2019

By: /s/ Jacqueline Marcus                              By: /s/ Luke Barefoot
Jacqueline Marcus                                      Luke Barefoot
WEIL, GOTSHAL & MANGES LLP                             CLEARY, GOTTLIEB, STEEN & HAMILTON
767 Fifth Avenue                                       LLP
New York, New York 10153                               One Liberty Plaza, 1 Liberty Pl
(212) 310-8000                                         New York, NY 10006
                                                       (212) 225-2829

*Attorneys for Debtors and*                            *Attorneys for Transform Holdco LLC*
*Debtors in Possession*

Dated: July 2, 2 019

By: /s/ Glenn Fjermedal
Glenn Fjermedal
DAVIDSON FINK
28 East Main Street
Suite 1700
Rochester, NY 14614
(585) 546-6448

*Attorneys for Grand Central Plaza, Inc.*

**SO ORDERED:**

Dated: July 10, 2019
       White Plains, New York

 /s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7