**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.***,**               :    Case No. 18-23538 (RDD)
                                                            :
      Debtors.[1]                                           :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY (109 DIVISION STREET, LITTLE EGG HARBOR TWP, NJ)

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into between Sears, Roebuck, and Company ("**Sears**") and Wilmington Savings Fund Society, FSB, as trustee of Southside NSP Trust 2017-1 ("**Wilmington Savings**"). Sears and Wilmington Savings collectively are referred to in this Stipulation, Agreement, and Order as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

A.  Beginning on October 15, 2018 (the "**Commencement Date**"), Sears, Sears Holdings Corporation, and their debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On April 10, 2019, Wilmington Savings filed a *Motion for Relief from the Automatic Stay* (ECF No. 3114) (the "**Motion**") asserting, among other things, that Wilmington Savings is the holder of a promissory note, dated as of July 21, 2005, in the amount of $201,832.00 and a mortgage, dated July 21, 2005, encumbering the property located at 109 Division Street, Little Egg Harbor Twp, NJ 08087 (the "**Property**"). The Motion further asserts that Sears is the holder of record of a lien on the Property in the amount of $2,481.74 (the "**Lien**"), and was named as a defendant in a foreclosure action in the Superior Court of the State of New Jersey, Ocean County (Civil Action No. F-64907-09).

C.  The Motion seeks entry of an order modifying the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") to allow Wilmington Savings to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure.

D.  The Debtors have determined that they have no interest in the Property because, either (i) the applicable statutory period for the Lien has expired, (ii) the claim with

respect to the Lien has been sold to a third party, or (iii) any remaining interest is nominal, and the value is less than the Debtors' costs to defend.

E. In light of the foregoing, and to ensure that Wilmington Savings is not prohibited from exercising its rights with respect to the Property, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Parties agree that, to the extent that the Automatic Stay applies, it shall be modified with respect to Wilmington Savings' interest in the Property, and Wilmington Savings shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. All other provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date of the Debtors' chapter 11 cases from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, except as provided in paragraph 2.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

6. Each of the undersigned who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

7. This Stipulation, Agreement, and Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

8. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

*[Remainder of page left intentionally blank]*

IN WITNESS WHEREOF, this Stipulation, Agreement, and Order has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: July 2, 2019 | Dated: July 2, 2019 |
| WEIL, GOTSHAL & MANGES LLP | SCHILLER, KNAPP, LEFKOWITZ & HERTZEL LLP |
| By: /s/ Jacqueline Marcus<br>Jacqueline Marcus<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000 | By: */s/* Lisa Milas<br>Lisa Milas, Esq.<br>950 New Loudon Road<br>Latham, New York 12110<br>(518) 786-9069 |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Wilmington Savings Fund Society, FSB* |

**SO ORDERED:**

Dated: July 10, 2019
      White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97026086\2\73217.0004