UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
In re                                 :        Chapter 11
                                      :
SEARS HOLDINGS CORPORATION, et al.,   :        Case No. 18-23538 (RDD)
                                      :
                                      :
             Debtors.¹                :        (Jointly Administered)
-----------------------------------------------------------------x
```

## ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF A CERTAIN AGREEMENT WITH FLATBUSH CENTER PARKING LLC AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]   Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith; and the Court having entered this Court's prior order, dated November 19, 2018 (Docket No. 816) including the schedule as revised by the *Global Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (Docket No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding procedures for the Acquired Assets and granting certain related relief; and Transform Holdco LLC (the "Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing on the Sale Motion, which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") on February 8, 2019 (Docket No. 2507); the Court having entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") on April 2, 2019 (Docket No. 3008), pursuant to which the Debtors may assume and assign certain executory contracts or unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be

amended, restated, amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer having filed the *Notice of Assumption and Assignment of Additional Executory Contracts* (Docket No. 4148) (the "Additional Contract Notice"), pursuant to which the Debtors seek to assume and assign that certain Development and Operating Agreement between Sears, Roebuck and Co. and Flatbush Center Parking LLC, dated July 15, 1997 (the "Additional Contract") in accordance with the Assumption and Assignment Order; and the counterparty to the Additional Contract, Flatbush Center Parking LLC ("Flatbush"), having filed the *Objection to Cure Amount and Adequate Assurance Information of Flatbush Center Parking LLC in Response to Tenth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 4147) and Notice of Assumption and Assignment of Additional Contracts (ECF No. 4148)* (Docket No. 4242) (the "Objection"); and the Court having been advised that the Objection is resolved on the terms set forth in this proposed order (the "Supplementary Assumption and Assignment Order"); and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, and the Assumption and Assignment Order, the Additional Contract Notice and this Supplementary Assumption and Assignment Order having been provided, including by the notice of presentment of the form of this Order, dated July 3, 2019; and, except as otherwise provided for herein, all objections with respect to the Additional Contract hereto having been withdrawn, resolved, adjourned or overruled as provided in this Supplementary Assumption and Assignment Order; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these

chapter 11 cases; and upon the record of these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:

A.      **<u>Fed. R. Bankr. P. 7052</u>**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. This Supplementary Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.      **<u>Jurisdiction and Venue</u>**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient and sound business purpose and justification for the immediate assumption and assignment of the Additional Contract consistent with the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order.  Buyer shall not be subject to the stay provided by Bankruptcy Rule 6006(d).

D.    **Vested Title**.  The Additional Contract constitutes property of the Debtors' estates and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.    **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the Additional Contract has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and Assumption and Assignment Order, the Additional Contract Notice was properly served and Flatbush was afforded timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Additional Contract.

F.    **Cure Notice**.  As evidenced by the certificates of service filed with the Court, the Debtors have served the *Tenth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 4147) (the "Cure Notice"), dated June 7, 2019, on Flatbush, which provided notice of the Debtors' intent to assume and assign such Additional Contract and notice of the related proposed Cure Costs upon Flatbush.  The service of the Cure Notice was timely, good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Additional Contract.  *See Affidavit of Service* (Docket No. 4208).  All non-Debtor parties to the Additional Contract have had a reasonable opportunity to object both to the Cure Costs listed on the Cure Notice and Additional Contract Notice and to the assumption and assignment of the Additional Contract to

the Buyer or an Assignee, if applicable, in accordance with the Bidding Procedures Order and the Assumption and Assignment Order.

G.    **Assignment or Transfer Agreement**.    Any applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to the Additional Contract was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion.  Neither the Debtors, the Buyer nor the Buyer's Assignee (if applicable) have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant to the Assignment or Transfer Agreement and this Supplementary Assumption and Assignment Order to be avoided under 363(n) of the Bankruptcy Code.

H.    **Assumption and Assignment of Additional Contract**.  The assumption and assignment of the Additional Contract is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates and represents the valid and reasonable exercise of the Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rule 6006(d)**.  The assumption and assignment of the Additional Contract must be approved and consummated promptly in order to preserve the value of the Acquired Assets.  The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the immediate approval of the assumption and assignment of the Additional Contract in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6006(d) with regard to this Supplementary Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      **Motion is Granted**.  The Sale Motion and the relief requested therein to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order is granted and approved solely to the extent set forth herein.

2.      **Findings of Fact and Conclusions**.  The Court's findings of fact and conclusions of law in the Sale Order and the record of the hearing with respect to the Sale Order are incorporated herein by reference, solely with respect to the Additional Contract.  The Additional Contract constitutes an Acquired Asset.  Accordingly, all findings of fact and conclusions of law in the Sale Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements, shall apply to the Additional Contract with full force and effect and, as the Buyer or Assignee of such Additional Contract, Buyer and any Assignee are entitled to all of the protections set forth in the Sale Order with respect to Acquired Assets.

3.      **Objections Resolved**.  All objections to the assumption and assignment or designation of the Additional Contract, including the Objection, have been resolved; provided that any timely filed cure objections that have not already been resolved shall be reserved in accordance with paragraph 11 of this Supplementary Assumption and Assignment Order.  Upon entry of this Supplementary Assumption and Assignment Order, the Objection is resolved on the terms of this Supplementary Assumption and Assignment Order.

4.      **Notice**. Notice of the proposed assumption and assignment of the Additional Contract was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6006 and the Amended Case Management Order.

5.      **Assumption and Assignment**.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to

take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Additional Contract pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order and this Supplementary Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Additional Contract.

6.     **Transfer of the Additional Contract Free and Clear**.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Additional Contract in accordance with the terms of the Asset Purchase Agreement and the Sale Order.  The Additional Contract shall be transferred to the Buyer or the Buyer's Assignee, if applicable, in accordance with the terms of the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Buyer or the Buyer's Assignee, if applicable, with all right, title and interest of the Debtors in the Additional Contract; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.     This Supplementary Assumption and Assignment Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated as to the Additional Contract and that the conveyances and transfers described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments,

secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer or the Buyer's Assignee, as applicable, is the assignee and owner of such Additional Contract free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").  All Recording Officers are authorized and specifically directed to strike recorded Claims against the Additional Contract recorded prior to the date of this Supplementary Assumption and Assignment Order.  A certified copy of this Supplementary Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Additional Contract recorded prior to the date of this Supplementary Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's or Buyer's Assignee's, if applicable, right, title or interest in and to the Additional Contract based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.      If any Person that has filed financing statements or other documents or agreements evidencing Claims against the Debtors or the Additional Contract shall not have delivered to the Debtors as of the time of entry of this Supplementary Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors or such Additional Contract or otherwise, then with regard to such Additional Contract: (i) the

Debtors are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to such Additional Contract; (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Supplementary Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against such Additional Contract; and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction and releases of all Claims with respect to such Additional Contract; provided that, notwithstanding anything in this Supplementary Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Supplementary Assumption and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Supplementary Assumption and Assignment Order.  This Supplementary Assumption and Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.

10.     Subject to the terms of this Supplementary Assumption and Assignment Order, this Supplementary Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Additional Contract acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title and interest in and to such Additional Contract to the Buyer or Buyer's Assignee, if applicable.

11.     **Assumption and Assignment of Additional Contract**.  The Debtors are

hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume

and assign the Additional Contract to the Buyer or the Buyer's Assignee, if applicable, free and

clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment

Order and this Supplementary Assumption and Assignment Order, to execute and deliver to the

Buyer or the Buyer's Assignee, if applicable, such documents or other instruments as may be

necessary to assign and transfer such Additional Contract to the Buyer or the Buyer's Assignee,

if applicable, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors'

rights, title and interests in such Additional Contract to the Buyer or the Buyer's Assignee, if

applicable.  With respect to the Additional Contract, all Cure Costs that have not been waived

by, or as to which an objection has been timely filed by, or that have not been otherwise

addressed in an alternate arrangement with Flatbush shall be treated in the following manner: (i)

with respect to the undisputed amounts, the Buyer shall pay such amounts in cash within five

business days of entry of this Supplementary Assumption and Assignment Order and (ii) with

respect to any disputed amounts asserted in the Objection, the Buyer shall pay such amounts

promptly upon resolution of any such disputed Cure Cost.  In order to resolve any such disputed

amounts, the Buyer and Flatbush agree to resume the mediation begun as part of arbitration

previously commenced by Flatbush (American Arbitration Association, Case Number 02-18-

00001-6118) and attempt to resolve said disputes by mediation.  If the mediation is unsuccessful,

the matter will be sent back to arbitration for resolution.  All parties' rights and defenses with

respect to cure cost disputes that were timely raised and filed in accordance with the Bidding

Procedures Order, the Sale Order and the Assumption and Assignment Order are fully reserved

pending any such determination in the arbitration.  Payment of Cure Costs (a) with respect to the

undisputed cure amounts and (b) with respect to disputed cure amounts, as subsequently agreed by the parties or determined in the arbitration, shall: (i) be in full satisfaction and cure of any and all defaults under the Additional Contract, whether monetary or non-monetary; (ii) compensate Flatbush for any actual pecuniary loss resulting from such defaults and (iii) shall be made solely by the Buyer and the Debtors shall have no liability therefor.

12.     With respect to the Additional Contract, the Buyer, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Additional Contract in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the non-Debtor counterparties to such Additional Contract. Upon entry of this Supplementary Assumption and Assignment Order with respect to the Additional Contract, the Buyer or Buyer's Assignee, if applicable, shall be fully and irrevocably vested with all rights, title and interest of the Debtors under such Additional Contract and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Additional Contract occurring after such assumption and assignment. As between the Debtors and the Buyer, the Buyer shall be solely responsible for any liability arising and owed pursuant to the terms of the Additional Contract after the Closing. Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from and after the entry of this Supplementary Assumption and Assignment Order, with respect to the Additional Contract, in accordance with this Supplementary Assumption and Assignment Order, it shall comply with the terms of the Additional Contract in its entirety, including any indemnification obligations expressly contained in such Additional Contract (including with respect to events that occurred prior to the entry of this Supplementary Assumption and Assignment Order, for which cure costs were not known, liquidated or due and owing as of

such date), as to which the Buyer continues to reserve its rights against the Debtors for indemnification to the extent provided in the Asset Purchase Agreement and the Debtors reserve their respective rights and defenses with respect to any claims therefor.  The assumption by the Debtors and assignment to the Buyer or Buyer's Assignee, if applicable, of the Additional Contract shall not be a default under such Additional Contract.   Subject to the payment of the undisputed Cure Costs and resolution of any disputed cure amounts as provided in paragraph 11, the non-Debtor party to the Additional Contract is forever barred, estopped, permanently enjoined from asserting against the Debtors or the buyer, their affiliates, successors or assigns or the property of any of them, any default existing as of the date of entry of this Supplementary Assumption and Assignment Order or that any additional cure amounts are owed as a condition to assumption and assignment.

13.    All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer or its designated Assignee, with respect to the Additional Contract.  Pursuant to the Sale Order, if the proposed Assignee for the Additional Contract is not the Buyer, the Buyer has delivered to Flatbush (and delivered by email or facsimile to counsel for Flatbush, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the Additional Contract that is proposed to be assumed and assigned to such Assignee.

14.    The Buyer and its designated Assignee have satisfied their adequate assurance of future performance requirements with respect to the Additional Contract and, in connection

therewith, have presented sufficient evidence regarding their business plan and the experience and

expertise of their management and demonstrated they are sufficiently capitalized to comply with

the necessary obligations under such Additional Contract.  With respect to the Additional Contract,

the Buyer shall, as further adequate assurance, within fifteen days after entry of this Supplementary

Assumption and Assignment Order (unless the parties otherwise agree), execute and deliver a

guaranty agreement substantially in the form annexed as Exhibit B to the *Order (I) Authorizing*

*Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (Docket No. 3850)

(the "Form of Guaranty").

15.     The assumption of any liabilities under the Additional Contract shall constitute a

legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee and,

following payment of all amounts required to be paid by agreement of the parties or an order of

the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or

this Supplementary Assumption and Assignment Order, shall divest the Debtors of all liability

with respect to such Additional Contract for any breach of such Additional Contract occurring

after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.     Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall,

within five business days after entry of this Supplementary Assumption and Assignment Order,

pay to Flatbush all undisputed Cure Costs and other such undisputed amounts required with respect

to such Additional Contract.  Upon assumption and assignment of the Additional Contract, the

Debtors and their estates shall be relieved of any liability for breach of such Additional Contract

after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy

Code and the Buyer shall be responsible for any costs or expenses arising under the Additional

Contract attributable to (x) the portion of such calendar year occurring prior to the Closing Date

or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses with respect to any claims therefor.  For the avoidance of doubt, the Buyer will perform under and in accordance with the terms of the Additional Contract from and after entry of this Supplementary Assumption and Assignment Order.

17.    Solely in connection with the Additional Contract and the proposed transfer set forth upon the entry of this Supplementary Assumption and Assignment Order, any provision in the Additional Contract that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Additional Contract shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with the Additional Contract and the proposed transfer, no sections or provisions of the Additional Contract that in any way purport to: (i) prohibit, restrict or condition the Debtors' assignment of such Additional Contract (including, but not limited to, the conditioning of such assignment on the consent of any non-Debtor party to such Additional Contract); (ii) provide for the cancellation or modification of the terms of the Additional Contract based on the filing of a bankruptcy case, the financial condition of the Debtors or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges or other financial accommodations in favor of the non-Debtor third party to such Additional Contract upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or

15

the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Supplementary Assumption and Assignment Order and the Asset Purchase Agreement and assignments of Additional Contracts by the Debtors in accordance therewith and herewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. Upon assumption and assignment of the Additional Contract pursuant to this Supplementary Assumption and Assignment Order, the Buyer or Buyer's applicable Assignee shall enjoy all of the rights and benefits under the Additional Contract as of the date of the entry of this Supplementary Assumption and Assignment Order and shall assume all obligations as of the Closing Date.

18.     Solely in connection with the Additional Contract and notwithstanding anything to the contrary in paragraph 12 or 16 hereof, upon the entry of this Supplementary Assumption and Assignment Order, except as otherwise expressly agreed by the Buyer and Flatbush, notwithstanding any provision in any Additional Contract that purports to prohibit, restrict or condition such action, (x) the Buyer or the applicable Assignee shall be authorized to exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges and options granted or provided to the Debtors under the Additional Contract (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Additional Contract or to be exercisable only by the Debtors, a named entity or an entity operating under a specific trade name) and (y) except to the extent otherwise provided in the Asset Purchase Agreement, neither the Buyer nor the applicable Assignee shall have any responsibility or liability for any Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

19.     ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or in the Asset Purchase Agreement, the Additional Contract shall be transferred to, and remain in full force and effect for the benefit of, the Buyer or, if applicable, the Assignee in accordance with its terms, including all obligations of the Buyer or, if applicable, the Assignee, as the assignee of the Additional Contract, notwithstanding any provision in such Additional Contract (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  There shall be no, and the non-Debtor party to the Additional Contract is forever barred and permanently enjoined from raising or asserting against the Debtors, the Buyer or, if applicable, the Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Debtors, the Buyer or, if applicable, the Assignee as a result of the assumption or assignment of the Additional Contract pursuant to this Supplementary Assumption and Assignment Order.

20.     Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Additional Contract to the Buyer or Buyer's Assignee, if applicable, under the provisions of this Supplementary Assumption and Assignment Order and full payment of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under the Additional Contract and Flatbush shall not be permitted to declare a default by any Debtor, the Buyer or, if applicable, the Assignee, or otherwise take action against the Buyer or any applicable Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of the Debtors' obligations under the Additional Contract.  Any provision in the Additional Contract that prohibits or conditions the assignment of such Additional Contract or allows Flatbush to terminate, recapture, impose any penalty, condition on renewal or extension,

refuse to renew or modify any term or condition upon such assignment constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer of the Additional Contract pursuant to this Supplementary Assumption and Assignment Order.  The failure of the Debtors, the Buyer or, if applicable, the Assignee to enforce at any time one or more terms or conditions of any Additional Contract shall not be a waiver of such terms or conditions or of the Debtors', the Buyer's or, if applicable, the Assignee's rights to enforce every term and condition of the Additional Contract.

21.     To the extent that the Additional Contract is designated to an Assignee, the transaction and the Assignment or Transfer Agreement is undertaken by Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal.  By virtue of the transaction contemplated by the Assignment or Transfer Agreement, Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

22.     **Waiver of Bankruptcy Rule 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6006(d) or 7062 or any applicable provisions of the Local Rules, this Supplementary Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rule 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Additional Contract in connection with the Court approved Sale

Transaction. Any party objecting to this Supplementary Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law or risk its appeal will be foreclosed as moot. This Supplementary Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

23.    **Conflicts; Precedence**. In the event that there is a direct conflict between the terms of this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement or any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order and any documents executed in connection therewith shall govern, in that order. Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Sale Order or this Supplementary Assumption and Assignment Order.

24.    **Automatic Stay**. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Supplementary Assumption and Assignment Order.

25.    **Retention of Jurisdiction**. This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Supplementary Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement and all amendments thereto and any waivers and consents thereunder (and of each of the agreements

executed in connection therewith), to adjudicate disputes related to the Sale Order, this Supplementary Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

26.    **Settlement Agreements**. Notwithstanding anything to the contrary in this Supplementary Assumption and Assignment Order, the Asset Purchase Agreement, Sale Order, Assumption and Assignment Order or any Additional Contract Notices, in the event that the Buyer (and/or its direct or indirect affiliates or subsidiaries) (the "Buyer Parties") entered into a settlement or other applicable agreement that by its terms governs the terms of assumption and assignment in connection with the above-captioned proceedings of the Additional Contract (a "Settlement Agreement") with Flatbush, the relationship of the applicable Buyer Parties and Flatbush shall be governed and determined by the terms and conditions of the applicable Settlement Agreement, which shall supersede and control any inconsistent terms or provisions of this Supplementary Assumption and Assignment Order or any other prior Supplementary Assumption and Assignment Order relating to the assumption and/or assignment of the Additional Contract; provided, however, that nothing in the applicable Settlement Agreement may alter the provisions of this Supplementary Assumption and Assignment Order relating to the Debtors' or the Sellers' obligations.

27.    **Insurance Obligations**.  To the extent required by the express terms of any Additional Contract, within thirty days of entry of this Supplementary Assumption and Assignment Order, the Buyer shall provide Flatbush with any evidence or certificates of insurance that may be required.  Nothing in this Supplementary Assumption and Assignment Order shall waive, withdraw, limit or impair any claims that Flatbush may have against the Debtors, the Buyer

or the Buyer's Assignee with respect to claims for indemnification for third parties' claims arising from or related to the Additional Contract prior to the entry of this Supplementary Assumption and Assignment Order solely to the extent of available occurrence-based insurance coverage that named Flatbush as an additional insured; <u>provided</u>, for the avoidance of doubt, that Flatbush may pursue such claims only against the insurer(s) that named Flatbush as an additional insured and solely to the extent of such coverage.

28. **<u>Assumption Effective Date</u>**. Unless otherwise agreed to in writing by each of the Debtors, the Buyer and Flatbush, the Assumption Effective Date of the Additional Contract shall be the date of entry of this Supplementary Assumption and Assignment Order.

Dated:  July 12, 2019
        White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE
