**Hearing Date:** TBD
**Objection Deadline:** TBD

FORMAN HOLT
Michael J. Connolly, Esq.
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Phone:  (201) 845-1000
Fax:      (201) 655-6650
Email:   mconnolly@formanlaw.com

Attorneys for Margaret and Michael Reheis

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                                    :
                                                                              : Chapter 11
SEARS HOLDINGS CORPORATION, et al.,          :
                                                                              : Case No. 18-23538 (RDD)
                                                                              :
           Debtors.  :                                                : (Jointly Administered)
                                                                              :
                                                                              :
---------------------------------------------------------------x

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Margaret Reheis and Michael Reheis (the "Movants"), respectfully represent as follows in support of this motion (the "Motion").

### Preliminary Statement

1.    This Motion seeks relief from the automatic stay provisions of section 362 of the United States Bankruptcy Code (11 U.S.C. §362) (the "Automatic Stay").  The Movants seek relief from the automatic stay as to the third-party Defendants to continue a personal injury action against the third-party defendants only in the Superior Court of New Jersey, Law Division, Essex County.  The Movants initially brought claims against Sears Roebuck & Co, but have agreed to dismiss those claims with prejudice and will only seek relief against third-party defendants.

F0057137 - 1

**Background**

2. On or about September 9. 2015, Movant Margaret Reheis was a business invitee of a strip mall parking lot at commercial property located in West Orange, New Jersey known as the West Orange Plaza. Sears Roebuck and Co. maintained a store at the property.

3. Movant Margaret Reheis sustained injuries in the West Orange Plaza parking lot.

4. Movant Margaret Reheis contends that her injuries were caused by the negligent and careless failure responsible parties, to inspect, supervise, control and maintain the parking lot.

5. Movant Michael Reheis, the spouse of Movant Margaret Reheis, contends that he lost the services, society and consortium of Movant Margaret Reheis due to the negligence and carelessness of the responsible parties.

6. On April 3, 2017, Movants filed a lawsuit against the Debtor Sears Roebuck and Co. and others in the Superior Court of New Jersey, Law Division, Essex County. <u>Reheis v. Sears Roebuck and Co., et al.</u>, Docket No. ESX-L-2426-17 (the "<u>Lawsuit</u>").

7. The Movants continued their prosecution of the Lawsuit and were engaged in discovery.

8. On October 15, 2018, the Debtor Sears Roebuck and Co. filed a voluntary petition under chapter 11 of the United States Bankruptcy Code in this Court. Because of the bankruptcy filing, the Movants were automatically stayed from continuing the Lawsuit against Debtor Sears Roebuck and Co. The automatic stay was subsequently extended to some of the other Defendants in the Lawsuit, but not as to others.

9. Movants have agreed to dismiss Sears Roebuck from the Lawsuit with prejudice and wish to continue the Lawsuit solely against the other Defendants.

**Legal Authority For The Relief Requested**

10. Upon the filing of a Bankruptcy petition, an automatic stay takes place giving the debtor "a short respite from creditors' demands, during which a debtor will have the opportunity to develop and implement plans to right his financial affairs." In re Bogdanovich, 292 F.3d 104, 110 (2d Cir. 2002). The Bankruptcy Code provides that relief from the automatic stay may be granted after notice and a hearing, "for cause." See 11 U.S.C. §362(d)(1).

11. The Bankruptcy Code does not define the meaning of the phrase "for cause." See Bogdanovich, 292 F.3d at 110. In determining whether there is cause to grant relief from the automatic stay, a Court in this circuit should examine the factors outlined in In re Sonmax Indus., Inc. 907 F.2d 1280, 1286 (2d Cir. 1990).

12. The factors to consider are as follows: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of harms. Id.

13. All twelve Sonmax factors will not be relevant in every case. See In re Masse, 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court in its discretion, need not grant equal weight

to each factor. See In re Burger Boys, Inc., 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); In re New York Medical Group, P.C., 265 B.R. 408. 413 (Bankr. S.D.N.Y. 2001). Additionally, the Bankruptcy Court has wide discretion to grant relief and lift the stay. See In re Laventhol & Horwath, 139 B.R. 109 (Bankr. S.D.N.Y. 1992); and Matter of Thomson McKinnon, Inc., 130 B.R. 721 (Bankr. S.D.N.Y. 1991).

14. In the instant matter, factors one, two, ten, eleven, and twelve are relevant and weight in Movants' favor in the instant application.

15. Under the first factor, granting relief will result in a complete resolution of the issues before this Court. The Movants will not seek recovery from the Debtors.

16. Under the second factor, Movants' claims will not interfere with Debtor's Chapter 11 efforts since Movants are only seeking recovery against non-Debtors.

17. As to factors ten and eleven, Movants are prepared and willing to actively prosecute the matter in the state court.

18. As to factor twelve, Movants have suffered delay and should, in the interests of justice, be given the opportunity to continue the action in state court. When balancing the interests between the Movants and the Debtors, it is readily apparent that the Movants harm greatly outweighs the Debtors' harm.

WHEREFORE, Movants respectfully requests that the Court grant the instant application for relief from the Bankruptcy Stay so that the matter may proceed to trial in State Court through trial and judgment, and, for such other and further relief as is just and proper.

Dated: July 11, 2019
Paramus, New Jersey

*/s/ Michael J. Connolly*
Michael J. Connolly, Esq.
FORMAN HOLT
365 West Passaic Street
Suite 400
Rochelle Park, NJ 07662
Phone:  (201) 845-1000
Fax:     (201) 655-6650
Email:   mconnolly@formanlaw.com
Attorneys for Margaret and Michael Reheis