**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | :    **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : |
| | :    **Case No. 18-23538 (RDD)** |
| | : |
| Debtors.[1] | :    **(Jointly Administered)** |

-------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Arnold A. Jaglal, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On July 11, 2019, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit A**:

- Notice of (I) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (II) Procedures and Deadline for Voting on the Plan, a copy of which is attached hereto as **Exhibit B**

*[Remainder of the page intentionally left blank]*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Dated July 16, 2019

_____
Arnold A. Jaglal

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on July 16, 2019, by Arnold A. Jaglal,
proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

CHANEL C PAGAN
Notary Public, State of New York
No. 01PA6339351
Qualified in Bronx County
Commission Expires March 28, 2020

SRF 34276

**<u>Exhibit A</u>**

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4233137 | BYRAM, KYLE | REDACTED | | | | |
| 4455954 | MARTYN, GRACE R | REDACTED | | | | |
| 4319341 | MASDEN, CARLA D | REDACTED | | | | |
| 4357320 | MASSEY-BANKS, TREANNA | REDACTED | | | | |
| 4446556 | MATHER, GREGORY T | REDACTED | | | | |
| 4447675 | MATHEWS, MOLLY A | REDACTED | | | | |
| 4354567 | MAWRI, FAIZ | REDACTED | | | | |
| 4520235 | MAYER, DOUGLAS | REDACTED | | | | |
| 4449235 | MAYES, SAMANTHA A | REDACTED | | | | |
| 4444944 | MAZZIE, JOSEPH M | REDACTED | | | | |
| 4452143 | MBOW, ELHADJ | REDACTED | | | | |
| 4318262 | MCCAULEY, JOSEPH | REDACTED | | | | |
| 4311535 | MCCOY, ANGELA | REDACTED | | | | |
| 4461371 | MCCOY, HAILEY D | REDACTED | | | | |
| 4376061 | MCCOY, KEYMONICA | REDACTED | | | | |
| 4320323 | MCCRACKEN, PATRICIA | REDACTED | | | | |
| 4316771 | MCDANIEL, JEFFREY | REDACTED | | | | |
| 4305908 | MCDONALD, JESSIKA L | REDACTED | | | | |
| 4453259 | MCELROY, MICHELE L | REDACTED | | | | |
| 4662004 | MCGARGILL, ZAC | REDACTED | | | | |
| 4650728 | MCGEE, LAVONNE | REDACTED | | | | |
| 4454492 | MCGILLVARY, STEPHANIE | REDACTED | | | | |
| 4311053 | MCGUINNESS, BRIAN | REDACTED | | | | |
| 4275280 | MCGUIRE, ALEX | REDACTED | | | | |
| 4360072 | MCKAIN, DONNA M | REDACTED | | | | |
| 4454107 | MCLAIN, PEYTON E | REDACTED | | | | |
| 4460575 | MCLAUGHLIN, ERIN | REDACTED | | | | |
| 4355579 | MCLEAN, EMILY | REDACTED | | | | |
| 4846854 | MCPOLAND DESIGN INSTALLATIONS | PO BOX 603764 | | CLEVELAND | OH | 44103-0764 |
| 4445911 | MEARS, DONALD | REDACTED | | | | |
| 4576221 | MEDINA, MARIAH R | REDACTED | | | | |
| 4361422 | MELANGTON, JOHN T | REDACTED | | | | |
| 4356771 | MELSON, JACOB | REDACTED | | | | |
| 4275147 | MENA, JEANINE | REDACTED | | | | |
| 4274553 | MERAZ, SKYLYND | REDACTED | | | | |
| 4361884 | MEREDITH, MITCHELL | REDACTED | | | | |
| 4522080 | MERRIWETHER, LAUREN | REDACTED | | | | |
| 4575334 | MESSMANN, TEHYA M | REDACTED | | | | |
| 4851202 | MG RENOVATIONS LLC | 539WZ7465 BROOKHILL DR | | WAUKESHA | WI | 53189-6406 |
| 4872997 | MIDWEST INSTALLATIONS | 455 MACK RD | | LAKEVILLE | MI | 48367-3515 |
| 5713222 | MIKE BENNETT | 313 W 2ND ST | | SPENCER | IA | 51301-4116 |
| 4884284 | MIKE-SELLS POTATO CHIP COMPANY | 333 LEO ST | | DAYTON | OH | 45404-1007 |
| 4514510 | NOONEY, MADELINE S | REDACTED | | | | |
| 4366875 | NORDTVEDT, LARRY L | REDACTED | | | | |
| 4450796 | NORMAN, KHIRY E | REDACTED | | | | |
| 4655189 | NORRIS, SHARON | REDACTED | | | | |
| 4446045 | NORTHRUP, JARED T | REDACTED | | | | |
| 4306242 | OBRIEN, THERESE | REDACTED | | | | |
| 4658587 | OEHLSCHLAEGER, PRISCILLA G. | REDACTED | | | | |
| 4319093 | OGBULU, JOI | REDACTED | | | | |
| 4573883 | OHERRIN, SEAN M | REDACTED | | | | |
| 4459338 | OHLER, ZACHARY P | REDACTED | | | | |
| 4273563 | OISTAD, BRADLEY J | REDACTED | | | | |
| 4622569 | ORR, MICHAEL | REDACTED | | | | |

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4458437 | ORR, TIFFANY N | REDACTED | | | | |
| 4353969 | ORTIZ, HEATHER A | REDACTED | | | | |
| 4354386 | OVERMYER, NATEARI M | REDACTED | | | | |
| 4458596 | OWENS, BRITTANY | REDACTED | | | | |
| 4449190 | OWENS, JAMAZIA L | REDACTED | | | | |
| 4353779 | PANTOJA SALTO, ALAN | REDACTED | | | | |
| 4459798 | PAPPAS, ALLISON | REDACTED | | | | |
| 4452757 | PARSONS, JOSHUA DAVID PARSONS D | REDACTED | | | | |
| 4448547 | PASQUALE, MICHAEL J | REDACTED | | | | |
| 4450443 | PATCHIN, ASHLIE M | REDACTED | | | | |
| 4699823 | PATNAIK, RAKESH | REDACTED | | | | |
| 4348755 | PATNODE, KAREN | REDACTED | | | | |
| 5735527 | PATRICK STODDARD | 515 N MAPLE GROVE AVE | | HUDSON | MI | 49247-1122 |
| 4797497 | PAUL DOUTHITT | DBA EXOTICSEEDS | 4094 W 900 N | MICHIGAN CITY | IN | 46360-9784 |
| 5736059 | PAUL KRIER | 1200 UNIVERSITY AVE STE 110 | | DES MOINES | IA | 50314-2355 |
| 4389861 | PAVLISH-EDMUNDSON, STEPHANIE | REDACTED | | | | |
| 4455808 | PAXTON, CHRISTINA F | REDACTED | | | | |
| 5737230 | PEGGY HAYDEN | REDACTED | | | | |
| 4454126 | PELFREY, JESSICA M | REDACTED | | | | |
| 4358082 | PENN, TODD | REDACTED | | | | |
| 4460558 | PERRY, MELISSA | REDACTED | | | | |
| 4711075 | PERSON, LEONTINE | REDACTED | | | | |
| 4356482 | PETERS, MICHAEL | REDACTED | | | | |
| 4377009 | PETERSON, COLE | REDACTED | | | | |
| 4461203 | PETRELLA, DOUGLAS | REDACTED | | | | |
| 4356891 | PETTWAY, TERESA L | REDACTED | | | | |
| 4514439 | PEYSAKHOVICH, KATHLEEN | REDACTED | | | | |
| 4299344 | PHASALKAR, RAGHAVENDRA A | REDACTED | | | | |
| 4604766 | PINSON, CHARLES | REDACTED | | | | |
| 4359814 | PIPKINS, STEFANI A | REDACTED | | | | |
| 4282210 | PISER, JOSEPH | REDACTED | | | | |
| 4517793 | PITTMAN, MICHAEL | REDACTED | | | | |
| 4355821 | PJETRI, XHULJA | REDACTED | | | | |
| 4445382 | PLACKE, COURTNEY E | REDACTED | | | | |
| 4449585 | PLETCHER, MORGAN | REDACTED | | | | |
| 4308483 | PLOTNER, JAYDEN | REDACTED | | | | |
| 4609290 | POINDEXTER, LAURRYCHA | REDACTED | | | | |
| 4876372 | PORTAGE COUNTY GAZETTE | GAZETTE PUBLISHING INC | 1024 MAIN ST | STEVENS POINT | WI | 54481-2859 |
| 4319596 | POTTINGER, GLORIA | REDACTED | | | | |
| 4320116 | POWELL, BRITTANY P | REDACTED | | | | |
| 4670059 | PRICE, DWIGHT | REDACTED | | | | |
| 4461486 | PRICE, LESLEY | REDACTED | | | | |
| 4604280 | PRICE, MONICA | REDACTED | | | | |
| 4276521 | PRICE, SANDRA | REDACTED | | | | |
| 4457861 | PRITCHARD, BRIELLE | REDACTED | | | | |
| 4311090 | PROPHET, KIMBERLY | REDACTED | | | | |
| 4310104 | PROTHERO, RACHAEL M. | REDACTED | | | | |
| 4305776 | PRUITT, BROOKE | REDACTED | | | | |
| 4454417 | PUGH, CHRISTIAN M | REDACTED | | | | |
| 4515135 | PUTMAN, CHARLES M | REDACTED | | | | |
| 4307702 | QUARLES, DARIANE M | REDACTED | | | | |
| 4307898 | QUILLEN, EMILY A | REDACTED | | | | |
| 4316869 | QUINCY, NIKITA | REDACTED | | | | |
| 4888841 | R&R DRAIN PRO LLC | TROY TANNER | 881 W CENTER ST STE A | MARION | OH | 43302-3476 |

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4458081 | RADEMACHER, ANGELA J | REDACTED | | | | |
| 4356118 | RADTKE, BARBARA | REDACTED | | | | |
| 4363852 | RAINVILLE, JOHN P | REDACTED | | | | |
| 4353958 | RAJENDRAN, VIDYA | REDACTED | | | | |
| 4390482 | RALSTON, TARA | REDACTED | | | | |
| 4310340 | RAMADAN, RAMI K | REDACTED | | | | |
| 4454970 | RAMSEY, MADISON T | REDACTED | | | | |
| 4273095 | RASMUSSEN, KENT | REDACTED | | | | |
| 4447039 | RASTETTER, JESSICA L | REDACTED | | | | |
| 4767448 | RAU, RUSSELL | REDACTED | | | | |
| 4317792 | RAY, COLLIN | REDACTED | | | | |
| 4316647 | RAY, GARY | REDACTED | | | | |
| 4447231 | REDMOND, RUSHIDA | REDACTED | | | | |
| 4390215 | REED, AMANDA | REDACTED | | | | |
| 4679957 | REED, FLOYD | REDACTED | | | | |
| 4448712 | REED, HANNA | REDACTED | | | | |
| 4678297 | REED, JUDIE | REDACTED | | | | |
| 4451370 | REED, KACEY | REDACTED | | | | |
| 4456737 | REEDER, LINDA F. | REDACTED | | | | |
| 4307297 | REESE, SCOTT A | REDACTED | | | | |
| 4452469 | REEVES, ADELYNN LOUISE | REDACTED | | | | |
| 4445952 | REINHART, DAKOTA | REDACTED | | | | |
| 4549094 | REMILY, EMMA L | REDACTED | | | | |
| 4724876 | REMOLE, BRIGITTA | REDACTED | | | | |
| 4718544 | RENCH, JESSE E | REDACTED | | | | |
| 4565484 | RENDON, KAYLEE | REDACTED | | | | |
| 4177496 | RENKERT, MONICA | REDACTED | | | | |
| 4594478 | RENNHACK, PAMELA J | REDACTED | | | | |
| 4809321 | RENO SPARKS CHAMBER OF COMMERCE | 449 S VIRGINIA ST # 300 | | RENO | NV | 89501-2108 |
| 4276878 | RENO, DAVID N | REDACTED | | | | |
| 4200403 | REQUENA, JOSE A | REDACTED | | | | |
| 4154306 | RESSA, SHEA | REDACTED | | | | |
| 4810614 | RETAIL ARCHITECTURAL DESIGN | 2925 NW 126TH AVE APT 106 | | SUNRISE | FL | 33323-6321 |
| 4800923 | REVANT LLC | 224 SE 2ND AVE | | PORTLAND | OR | 97214 |
| 5798474 | REVFLUENCE, INC | 550 MONTGOMERY ST FL 8 | | SAN FRANCISCO | CA | 94111-2538 |
| 4285447 | REY, SHAMICHA | REDACTED | | | | |
| 4197602 | REYES, BRIANNA | REDACTED | | | | |
| 4202674 | REYES, CELINA | REDACTED | | | | |
| 4155753 | REYES, LIANET | REDACTED | | | | |
| 4410373 | REYES, LOURDES | REDACTED | | | | |
| 4680920 | REYES, ROSANNA | REDACTED | | | | |
| 4389928 | REYES, VANESSA | REDACTED | | | | |
| 4187169 | REYES-MUNOZ, DANIEL | REDACTED | | | | |
| 4409953 | REYNA, CHARLES A | REDACTED | | | | |
| 4172243 | REYNA, ESTAFANA | REDACTED | | | | |
| 4160093 | REYNOLDS, CINCLAIRE | REDACTED | | | | |
| 4509045 | REYNOLDS, ERICA | REDACTED | | | | |
| 4315447 | REYNOLDS, JESSICA D | REDACTED | | | | |
| 4520520 | REYNOLDS, MICHAEL J | REDACTED | | | | |
| 4210588 | REYNOSO, ENRIQUE R | REDACTED | | | | |
| 4392537 | REZAC, KARSEN H | REDACTED | | | | |
| 4287206 | RHOADES, KALEB M | REDACTED | | | | |
| 4547767 | RHODES, BRIANA | REDACTED | | | | |
| 4197732 | RHODES, QWANISHA K | REDACTED | | | | |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4475830 | RICE, JOSHUA C | REDACTED | | | | |
| 4454307 | RICE, KRISTEN N | REDACTED | | | | |
| 4476673 | RICE, NATASHA | REDACTED | | | | |
| 4293696 | RICH, ALEXANDER R | REDACTED | | | | |
| 4623481 | RICH, EARL | REDACTED | | | | |
| 4847197 | RICHARD RODRIGUEZ | 9758 HARBOR MIST LN | | CONVERSE | TX | 78109-1836 |
| 4682492 | RICHARD, JENNIFER S | REDACTED | | | | |
| 4657354 | RICHARDS, BRENDA | REDACTED | | | | |
| 4274821 | RICHARDS, CAL | REDACTED | | | | |
| 4372847 | RICHARDS, KEELY | REDACTED | | | | |
| 4595358 | RICHARDS, REBECCA | REDACTED | | | | |
| 4337042 | RICHARDSON, ARIONNA M | REDACTED | | | | |
| 4484260 | RICHARDSON, EMANUEL | REDACTED | | | | |
| 4464161 | RICHARDSON, KIA | REDACTED | | | | |
| 4313724 | RICHARDSON, SUSAN | REDACTED | | | | |
| 4409720 | RICHEY, HAYLEE M | REDACTED | | | | |
| 4409363 | RICHEY, KAYLEE | REDACTED | | | | |
| 4341508 | RICHISON, AYSEN | REDACTED | | | | |
| 4842082 | RICHMAN, JEFF | REDACTED | | | | |
| 4459971 | RICHMOND, LINDSEY | REDACTED | | | | |
| 4284620 | RICHTEMEYER, SUE A | REDACTED | | | | |
| 4308646 | RIDDICK, MAYA N | REDACTED | | | | |
| 4409624 | RIDDLE, CASEY | REDACTED | | | | |
| 4369290 | RIDENHOWER, SARAH M | REDACTED | | | | |
| 4517372 | RIDENOUR, CHRISTIAN D | REDACTED | | | | |
| 4451441 | RIDER, HANNAH J | REDACTED | | | | |
| 4277293 | RIDER, MICHAEL J | REDACTED | | | | |
| 4379738 | RIDER, RAY A | REDACTED | | | | |
| 4392181 | RIEDMILLER, KIM L | REDACTED | | | | |
| 5486086 | RIGGI, SUSAN E. | REDACTED | | | | |
| 4312651 | RIGGS, NICOLE | REDACTED | | | | |
| 4240248 | RIGO, RICHARD G | REDACTED | | | | |
| 4709085 | RILEY, LATRINDA | REDACTED | | | | |
| 4293870 | RILEY, LINDA | REDACTED | | | | |
| 4646517 | RIOS, STEPHANIE | REDACTED | | | | |
| 4480433 | RITCHEY, DOUGLAS | REDACTED | | | | |
| 4757776 | RIVADENEIRA, DONNA | REDACTED | | | | |
| 4533483 | RIVERA, ADRIAN | REDACTED | | | | |
| 4288398 | RIVERA, AMANDA | REDACTED | | | | |
| 4442626 | RIVERA, ANTHONY W | REDACTED | | | | |
| 4197951 | RIVERA, CECELIA | REDACTED | | | | |
| 4208933 | RIVERA, DAVID | REDACTED | | | | |
| 4240934 | RIVERA, GLORIA | REDACTED | | | | |
| 4487345 | RIVERA, JALEEL | REDACTED | | | | |
| 4161043 | RIVERA, MARGARITA | REDACTED | | | | |
| 4762286 | RIVERA, RACHAEL | REDACTED | | | | |
| 4308782 | RIVERA, VICTORIA | REDACTED | | | | |
| 4376871 | RIVERA, ZACHARY L | REDACTED | | | | |
| 4429812 | RIVERA-LOPEZ, JENNIFER | REDACTED | | | | |
| 4427244 | RIVERS, BRIENNA L | REDACTED | | | | |
| 4858419 | RIVERSIDE CLEANING SERVICES INC | 333 17TH ST STE R | | VERO BEACH | FL | 32960-5687 |
| 4198173 | RIVONGKHAM, CHRISTINA | REDACTED | | | | |
| 4535615 | RIZCALLAH, CECILIA J | REDACTED | | | | |
| 4325089 | ROBAIR, SANDY | REDACTED | | | | |

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 4 of 20

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|-------|------|-----------|-----------|------|-------|-------------|
| 4668079 | ROBB, DAVE J | REDACTED | | | | |
| 4304311 | ROBBINS, CHELSEA | REDACTED | | | | |
| 4592367 | ROBBINS, EDWIN | REDACTED | | | | |
| 4553234 | ROBBINS, KRYSTAL | REDACTED | | | | |
| 4681587 | ROBERSON, GIZELLE | REDACTED | | | | |
| 4796220 | ROBERT K BANKS | DBA TEAM SPIRIT STORE | 2306 W MADISON AVE | BOISE | ID | 83702-4815 |
| 4842208 | ROBERT NESTOR | REDACTED | | | | |
| 4842219 | ROBERT RIONDA INTERIORS | REDACTED | | | | |
| 4350620 | ROBERTS, AARON D | REDACTED | | | | |
| 4856246 | ROBERTS, BRITTANY | REDACTED | | | | |
| 4227068 | ROBERTS, DONALD | REDACTED | | | | |
| 4671795 | ROBERTS, MARY | REDACTED | | | | |
| 4285964 | ROBERTS, MELISSA | REDACTED | | | | |
| 4388654 | ROBERTS, NORMAN E | REDACTED | | | | |
| 4322756 | ROBERTS, OCTAVIA | REDACTED | | | | |
| 4449549 | ROBERTS, TESSIE | REDACTED | | | | |
| 4314851 | ROBERTS, VICTORIA S | REDACTED | | | | |
| 4302206 | ROBERTSON, RACHEL J | REDACTED | | | | |
| 4549967 | ROBEY, ELIZABETH | REDACTED | | | | |
| 4275811 | ROBINSON, ALEIA N | REDACTED | | | | |
| 4152335 | ROBINSON, AMBER M | REDACTED | | | | |
| 4742739 | ROBINSON, ANNETTE | REDACTED | | | | |
| 4291202 | ROBINSON, JA'NIQUA | REDACTED | | | | |
| 4681859 | ROBINSON, JERRY | REDACTED | | | | |
| 4558605 | ROBINSON, KALA | REDACTED | | | | |
| 4384266 | ROBINSON, KAYASHA D | REDACTED | | | | |
| 4263090 | ROBINSON, MANDISA L | REDACTED | | | | |
| 4162227 | ROBINSON, MARKAISHA | REDACTED | | | | |
| 4371813 | ROBINSON, SHANTERRIA W | REDACTED | | | | |
| 4156123 | ROBLES III, ROBERT | REDACTED | | | | |
| 4482132 | ROBLES, BIANCA | REDACTED | | | | |
| 4275220 | ROBLEY, MIKE | REDACTED | | | | |
| 4302444 | ROBSON, BRAYDEN L | REDACTED | | | | |
| 4792913 | Robson, Christopher | REDACTED | | | | |
| 4527452 | ROCHE, COLLIN | REDACTED | | | | |
| 4190080 | RODARTE JR, RODRIGO | REDACTED | | | | |
| 4772061 | RODAS, VENNESSIA | REDACTED | | | | |
| 4180724 | RODDY, ANTIONETTE | REDACTED | | | | |
| 4172715 | RODDY, RODGRICK T | REDACTED | | | | |
| 4649168 | RODGERS, GREGORY | REDACTED | | | | |
| 4447509 | RODGERS, HEAVEN | REDACTED | | | | |
| 4257770 | RODGERS, WILLIAM T | REDACTED | | | | |
| 4385775 | RODRIGUEZ, ANAMARIE | REDACTED | | | | |
| 4723503 | RODRIGUEZ, CATHLEEN M | REDACTED | | | | |
| 4213867 | RODRIGUEZ, CHELSEA | REDACTED | | | | |
| 4186372 | RODRIGUEZ, FABIAN M | REDACTED | | | | |
| 4441064 | RODRIGUEZ, FABIOLA O | REDACTED | | | | |
| 4247429 | RODRIGUEZ, GRACE P | REDACTED | | | | |
| 4229147 | RODRIGUEZ, JENNIFER | REDACTED | | | | |
| 4744090 | RODRIGUEZ, JOAQUIN | REDACTED | | | | |
| 4526997 | RODRIGUEZ, JOSEPH | REDACTED | | | | |
| 4544545 | RODRIGUEZ, KRISTOPHER | REDACTED | | | | |
| 4535165 | RODRIGUEZ, LINDA J | REDACTED | | | | |
| 4602500 | RODRIGUEZ, MARY | REDACTED | | | | |

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4155426 | RODRIGUEZ, MELANIE | REDACTED | | | | |
| 4280944 | RODRIGUEZ, MODESTA | REDACTED | | | | |
| 4388279 | RODRIGUEZ, NOEL | REDACTED | | | | |
| 4243359 | RODRIGUEZ, NURIA M | REDACTED | | | | |
| 4545514 | RODRIGUEZ, PETER T | REDACTED | | | | |
| 4411564 | RODRIGUEZ, RACHAEL | REDACTED | | | | |
| 4842324 | RODRIGUEZ, RAFAEL | REDACTED | | | | |
| 4732260 | RODRIGUEZ, RICHARD | REDACTED | | | | |
| 4228135 | RODRIGUEZ, ROSA | REDACTED | | | | |
| 4727695 | RODRIGUEZ, ROSA M | REDACTED | | | | |
| 4236348 | RODRIGUEZ, ROXANA | REDACTED | | | | |
| 4326159 | RODRIGUEZ-MATOS, JESSICA | REDACTED | | | | |
| 4412133 | RODRIGUEZ-MONTIJO, TELMA | REDACTED | | | | |
| 4196391 | ROE, STEWART | REDACTED | | | | |
| 4414429 | ROEHR, NANCY L | REDACTED | | | | |
| 4602922 | ROGERS, AARON | REDACTED | | | | |
| 4565570 | ROGERS, CHRISTIAN | REDACTED | | | | |
| 4448641 | ROGERS, DARIUS | REDACTED | | | | |
| 4555146 | ROGERS, JASMINE S | REDACTED | | | | |
| 4361289 | ROGERS, LATICIA | REDACTED | | | | |
| 4285291 | ROJAS-CINEROS, MARIO | REDACTED | | | | |
| 4476154 | ROLLAND, CALVIN | REDACTED | | | | |
| 4683085 | ROLLER, CHRISTINE E. | REDACTED | | | | |
| 4205579 | ROMAN, NESTOR E | REDACTED | | | | |
| 4474089 | ROMAN, ROSEMARY | REDACTED | | | | |
| 4577936 | ROMINE, MICHAEL | REDACTED | | | | |
| 4421935 | ROOD, ASHLEY A | REDACTED | | | | |
| 4560268 | ROOTS, LATOYA | REDACTED | | | | |
| 4255152 | ROSADO, JOSEPH J | REDACTED | | | | |
| 4856640 | ROSALES, MELISSA | REDACTED | | | | |
| 4469587 | ROSBOROUGH, ZACHARY | REDACTED | | | | |
| 4829774 | ROSEVEAR,KEN | REDACTED | | | | |
| 4647632 | ROSS, KENNETH R | REDACTED | | | | |
| 4548815 | ROSSER, MALISSA | REDACTED | | | | |
| 4654138 | ROTH, CHERIE | REDACTED | | | | |
| 4744967 | ROTONDO, ROSEMARIE | REDACTED | | | | |
| 4524756 | ROUGEAU JR, JONATHAN | REDACTED | | | | |
| 4543790 | ROUGEAU, TONYA E | REDACTED | | | | |
| 4829792 | ROUNDS,DOUG | REDACTED | | | | |
| 4633575 | ROUNDTREE, PEARLY | REDACTED | | | | |
| 4388188 | ROUNTREE, CYNTHIA A | REDACTED | | | | |
| 4373975 | ROWE, ALEXIA | REDACTED | | | | |
| 4880196 | ROYAL CROWN BTLG CO | 21 LYNWOOD RD | | ASHEVILLE | NC | 28804-2602 |
| 4189480 | ROYAL, TINESHIA | REDACTED | | | | |
| 4391204 | ROYBALL, CHRIS | REDACTED | | | | |
| 4390698 | ROYBALL, TERESA | REDACTED | | | | |
| 4539142 | ROYS, DUSTIN D | REDACTED | | | | |
| 4640803 | ROZIER, EUGENIA LEE | REDACTED | | | | |
| 4165120 | RUBALCAVA, SAHARA J | REDACTED | | | | |
| 4286610 | RUDOLPH, WILLIAM P | REDACTED | | | | |
| 4434286 | RUDY, SHANNON | REDACTED | | | | |
| 4291941 | RUEFER, EMILY C | REDACTED | | | | |
| 4385896 | RUFFNER, JEFFERY | REDACTED | | | | |
| 4192299 | RUIZ SANTIAGO, IRVING E | REDACTED | | | | |

In re:  Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 6 of 20

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4553062 | RUIZ, BRYANT M | REDACTED | | | | |
| 4166685 | RUIZ, ZORAIDA | REDACTED | | | | |
| 4608723 | RUSHING, FLORENCE | REDACTED | | | | |
| 4829814 | RUSHING, MICHAEL | REDACTED | | | | |
| 4649073 | RUSK, DEAN M | REDACTED | | | | |
| 4315026 | RUSSELL, KEITH | REDACTED | | | | |
| 4569306 | RUSSELL, MEGUMI | REDACTED | | | | |
| 4760290 | RUSSELL, PHYLLIS | REDACTED | | | | |
| 4658970 | RUSSIAN, CHRIS | REDACTED | | | | |
| 4560364 | RUTH, AMANDA L | REDACTED | | | | |
| 4181076 | RUTKOWSKI, DAVID | REDACTED | | | | |
| 4343614 | RUTLEDGE, IMANI J | REDACTED | | | | |
| 4381153 | RUTSCH, HEATHER M | REDACTED | | | | |
| 4164113 | RYAN, BRANDON | REDACTED | | | | |
| 4586676 | RYAN, HOWARD M | REDACTED | | | | |
| 4442660 | RYAN, KEVIN T | REDACTED | | | | |
| 4569224 | RYAN, PRICE D | REDACTED | | | | |
| 4244598 | RYE, SANDRA R | REDACTED | | | | |
| 4617770 | RYKER, CAROLYN | REDACTED | | | | |
| 4474922 | RYLES, LABRIYAH | REDACTED | | | | |
| 4770132 | RYTHER, DANIAL | REDACTED | | | | |
| 4467665 | SABATINO, JANE B | REDACTED | | | | |
| 4520506 | SACKETT, KALEB A | REDACTED | | | | |
| 4302471 | SAENZ ROZAS, SANTIAGO | REDACTED | | | | |
| 4410277 | SAENZ, MANUEL D | REDACTED | | | | |
| 4149747 | SAFEEULLAH, ALYCE SHONTE | REDACTED | | | | |
| 4171549 | SAFFEL, BRANDON | REDACTED | | | | |
| 4286934 | SAGO, TIANYA | REDACTED | | | | |
| 4546870 | SAHAGUN, DIAMOND D | REDACTED | | | | |
| 4292114 | SAHTOUT, ALI | REDACTED | | | | |
| 4524573 | SAINI, SAMIA P | REDACTED | | | | |
| 4148244 | SAINVIL, JONAS | REDACTED | | | | |
| 4531927 | SAIZ, MICHAEL | REDACTED | | | | |
| 4762137 | SALAMANCA, JANETT | REDACTED | | | | |
| 4544925 | SALAS, CRYSTAL | REDACTED | | | | |
| 4534756 | SALAS, LEISHA J | REDACTED | | | | |
| 4176056 | SALAZAR III, FRANCISCO | REDACTED | | | | |
| 4411070 | SALAZAR, ANGEL C | REDACTED | | | | |
| 4410854 | SALAZAR, CRYSTAL ROSE | REDACTED | | | | |
| 4202609 | SALAZAR, JOHNNY | REDACTED | | | | |
| 4467062 | SALAZAR, LORRAINE | REDACTED | | | | |
| 4173835 | SALCEDO, LILIANA | REDACTED | | | | |
| 4594689 | SALEM, MAGDY | REDACTED | | | | |
| 4644395 | SALICRUP, JUAN | REDACTED | | | | |
| 4384270 | SALINAS, REBEKAH A | REDACTED | | | | |
| 4645424 | SALTARELLI, THOMAS | REDACTED | | | | |
| 4508450 | SALTERS, TANESHA C | REDACTED | | | | |
| 4231007 | SALYER, JAMES M | REDACTED | | | | |
| 4273432 | SALZGEBER, JACKIE L | REDACTED | | | | |
| 5765160 | SAMANTHA SHEARS | 3295 148TH ST W | | ROSEMOUNT | MN | 55068 |
| 4634241 | SAMPLES, MARY Y | REDACTED | | | | |
| 4383343 | SAMPSON, AJA | REDACTED | | | | |
| 4508111 | SAMUEL, AUQUILLA V | REDACTED | | | | |
| 4154020 | SAN NICOLAS, TRICIA M | REDACTED | | | | |

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 7 of 20

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4413026 | SANA, MAYDINE C | REDACTED | | | | |
| 4187857 | SANCHEZ MARTINEZ, JESSICA | REDACTED | | | | |
| 4232998 | SANCHEZ, ALBERTO V | REDACTED | | | | |
| 4293130 | SANCHEZ, ANDREA J | REDACTED | | | | |
| 4157065 | SANCHEZ, APRIL | REDACTED | | | | |
| 4209211 | SANCHEZ, CINDI | REDACTED | | | | |
| 4169449 | SANCHEZ, EMILIANO A | REDACTED | | | | |
| 4164517 | SANCHEZ, GRISELDA | REDACTED | | | | |
| 4357707 | SANCHEZ, LORETTA A | REDACTED | | | | |
| 4663333 | SANCHEZ, MARTHA | REDACTED | | | | |
| 4145696 | SANDERS, CHARLES | REDACTED | | | | |
| 4416933 | SANDOVAL, LILIANA | REDACTED | | | | |
| 4289096 | SANDSTROM, STUART E | REDACTED | | | | |
| 4445429 | SANFORD, HEATHER | REDACTED | | | | |
| 4464976 | SANSTRA, MARY | REDACTED | | | | |
| 4609096 | SANTIAGO, AMANDA | REDACTED | | | | |
| 4418004 | SANTIAGO, JASMINE A | REDACTED | | | | |
| 4251915 | SANTIAGO, JOSE A | REDACTED | | | | |
| 4487494 | SANTIAGO, ROSITA | REDACTED | | | | |
| 4446195 | SANTOS VALLIM, THALITA | REDACTED | | | | |
| 4364963 | SANTOS, ROSANNA | REDACTED | | | | |
| 4605966 | SANTOS, TUNISIA S | REDACTED | | | | |
| 4368832 | SAOFAIGAALII, ANGEL | REDACTED | | | | |
| 4427385 | SARACH, ZACHARY M | REDACTED | | | | |
| 4563212 | SARAZIN, ALLEN L | REDACTED | | | | |
| 4372034 | SARDESON, AMBER M | REDACTED | | | | |
| 4334057 | SARGENT, MARGARET | REDACTED | | | | |
| 4194736 | SARKAR, CHOMPA | REDACTED | | | | |
| 4255909 | SARNOSKI, JOHN W | REDACTED | | | | |
| 4467755 | SARVABUJI, JANA L | REDACTED | | | | |
| 4455369 | SATRE-WILLIAMS, RUTH | REDACTED | | | | |
| 4618854 | SAUCEDO, PAMELA | REDACTED | | | | |
| 4882193 | SAUDER PLUMBING COMPANY | 4459 FORDER RIDGE DR | | SAINT LOUIS | MO | 63129-7126 |
| 4274466 | SAULSBURY, KYLE | REDACTED | | | | |
| 4382289 | SAULTER, CHRISTOPHER | REDACTED | | | | |
| 4384056 | SAUNDERS, BETTY | REDACTED | | | | |
| 4229061 | SAUVEUR, FAIKA | REDACTED | | | | |
| 4302837 | SAVAGE, LAUREN A | REDACTED | | | | |
| 4704586 | SAVAGE, VALERIA | REDACTED | | | | |
| 4289913 | SAVAGE, WILLIAM H | REDACTED | | | | |
| 4862238 | SAVINO DEL BENE | 220 W SOUTH THORNDALE AVE | | BENSENVILLE | IL | 60106 |
| 4737441 | SAVIO, CHRISTOPHER | REDACTED | | | | |
| 4486012 | SAWYERS, MICHAEL J | REDACTED | | | | |
| 4214608 | SAYED, ALY | REDACTED | | | | |
| 4556495 | SAYED, SAYED O | REDACTED | | | | |
| 4286993 | SAYERS, AMY | REDACTED | | | | |
| 4303333 | SAYLOR, MONIQUE | REDACTED | | | | |
| 4414747 | SCAGGS, PATRICIA A | REDACTED | | | | |
| 4547637 | SCAIFE, ALYX | REDACTED | | | | |
| 4576989 | SCALES, BRITTANY G | REDACTED | | | | |
| 4366808 | SCANLON, ANNA L | REDACTED | | | | |
| 4257228 | SCAVARELLI II, GEORGE | REDACTED | | | | |
| 4470354 | SCEARS, JONATHAN L | REDACTED | | | | |
| 4282628 | SCHAAFSMA, LINDSEY M | REDACTED | | | | |

In re:  Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 8 of 20

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4573065 | SCHABEL, CHRISTOPHER W | REDACTED | | | | |
| 4514468 | SCHAEFER, MATTHEW P | REDACTED | | | | |
| 4218998 | SCHAFFNER, KIMBERLY R | REDACTED | | | | |
| 4565378 | SCHALLENKAMP, ERIN | REDACTED | | | | |
| 4280776 | SCHARTZ, TERA L | REDACTED | | | | |
| 4620486 | SCHEAR, SHANNON | REDACTED | | | | |
| 4556577 | SCHEWLAKOW, JORDAN M | REDACTED | | | | |
| 4277030 | SCHEXNAYDRE, AMANDA E | REDACTED | | | | |
| 4572158 | SCHICK, BRITTANY L | REDACTED | | | | |
| 4415450 | SCHILLER, ADDISON | REDACTED | | | | |
| 4538147 | SCHLAFFER PONTE, LILIANA M | REDACTED | | | | |
| 4389832 | SCHLITT, JACOB | REDACTED | | | | |
| 4358880 | SCHLOSSER, GREGORY | REDACTED | | | | |
| 4590000 | SCHMELTZER, DONALD E | REDACTED | | | | |
| 4446161 | SCHMIDLING, BERNARD | REDACTED | | | | |
| 4573605 | SCHMIDT, EMMA S | REDACTED | | | | |
| 4574088 | SCHMIDT, SCOTT | REDACTED | | | | |
| 4859516 | SCHNEIDER ELECTRIC IT MISSION | 3975 FAIR RIDGE DR STE 5210 | | FAIRFAX | VA | 22033-2930 |
| 4822363 | SCHNEIDER, VICTOR & TRAN | REDACTED | | | | |
| 4822366 | SCHNUCK, NATALIE | REDACTED | | | | |
| 4296314 | SCHOENFELD, JAY D | REDACTED | | | | |
| 4185178 | SCHOETTLER, DAVID G | REDACTED | | | | |
| 4391692 | SCHOUTTEET, AUSTIN R | REDACTED | | | | |
| 4668291 | SCHRANTZ, KARL | REDACTED | | | | |
| 4537515 | SCHREIBER, MORGAN | REDACTED | | | | |
| 4159752 | SCHRODER-EARLE, ROBIN | REDACTED | | | | |
| 4370079 | SCHRUM, SAVANNAH L | REDACTED | | | | |
| 4376314 | SCHUCHARD, SHELBY | REDACTED | | | | |
| 4822386 | SCHUCHTER , PAULA AND STEVE | REDACTED | | | | |
| 4338622 | SCHUERHOLZ, DAWN P | REDACTED | | | | |
| 4434760 | SCHUESSLER, SAMANTHA R | REDACTED | | | | |
| 4343122 | SCHULTZ, ALEXANDER V | REDACTED | | | | |
| 4491401 | SCHULTZ, DAWN | REDACTED | | | | |
| 4160164 | SCHULZ, KATHLEEN M | REDACTED | | | | |
| 4765713 | SCHWARTZ, GERALD | REDACTED | | | | |
| 4285479 | SCHWARTZ, JORDAN S | REDACTED | | | | |
| 4544177 | SCOTT, BRITTNEY | REDACTED | | | | |
| 4631160 | SCOTT, JAMES | REDACTED | | | | |
| 4145825 | SCOTT, KAYLA D | REDACTED | | | | |
| 4470248 | SCOTT, ROBIN | REDACTED | | | | |
| 4365097 | SCOTT, SAM | REDACTED | | | | |
| 4293671 | SCOTT, YOLANDA | REDACTED | | | | |
| 4509033 | SCOTT, ZECHARIAH | REDACTED | | | | |
| 4203983 | SCRUGGS, AUTUMN D | REDACTED | | | | |
| 4538703 | SCULLY, GREGORY M | REDACTED | | | | |
| 4555863 | SEABORNE, SYREETA | REDACTED | | | | |
| 4529125 | SEALS, THOMAS B | REDACTED | | | | |
| 4755345 | SEAMAN, JIM | REDACTED | | | | |
| 4625199 | SEARLE, STEPHEN | REDACTED | | | | |
| 4310125 | SEARLES, ANGELA | REDACTED | | | | |
| 4517964 | SEARS, ALMA V | REDACTED | | | | |
| 4306160 | SEARS, SHELBY A | REDACTED | | | | |
| 4761530 | SEDA, SHERRI | REDACTED | | | | |
| 4759700 | SEE, DONALD | REDACTED | | | | |

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 9 of 20

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4314061 | SEGURA, LILLIANNA M | REDACTED | | | | |
| 4198603 | SELF, HOLLY C | REDACTED | | | | |
| 4284716 | SELLAPPAN, SIVANESAN | REDACTED | | | | |
| 4524516 | SELLERS, RAVEN C | REDACTED | | | | |
| 4343317 | SELLMAN, MICHAEL W | REDACTED | | | | |
| 4359209 | SENFFTLEBEN, CARYN | REDACTED | | | | |
| 4623676 | SENKEL, BRANDI | REDACTED | | | | |
| 4681910 | SERAME, LORI | REDACTED | | | | |
| 4281010 | SERNA, EVELYN | REDACTED | | | | |
| 4164793 | SERRATOS, ALYSIA M | REDACTED | | | | |
| 4217002 | SERVIN, CHRISTOPHER J | REDACTED | | | | |
| 4558944 | SESLER, ABIGAIL | REDACTED | | | | |
| 4683549 | SESSION, JACOB | REDACTED | | | | |
| 4372554 | SETTLES, KAITLIN A | REDACTED | | | | |
| 4489526 | SEWELL, ANIYA | REDACTED | | | | |
| 4552441 | SEXTON, JIM C | REDACTED | | | | |
| 4574909 | SEXTON, MELISSA | REDACTED | | | | |
| 4842949 | SEYBERT, WILLIAM | REDACTED | | | | |
| 4754374 | SHADWICK, GEORGE | REDACTED | | | | |
| 4528914 | SHADWICK, MISTY | REDACTED | | | | |
| 4678234 | SHAH, SONIA | REDACTED | | | | |
| 4524009 | SHAHWAN, BARAKAT M | REDACTED | | | | |
| 4396790 | SHAMIL, YOUSIF M | REDACTED | | | | |
| 4513718 | SHANEYFELT, SAMANTHA | REDACTED | | | | |
| 4514563 | SHANEYFELT, SHELLY K | REDACTED | | | | |
| 4232248 | SHANK, DONNA | REDACTED | | | | |
| 4264695 | SHANNON, ALLISON | REDACTED | | | | |
| 4372463 | SHANNON, CHRISTOPHER | REDACTED | | | | |
| 4223991 | SHAPIRO, TARA S | REDACTED | | | | |
| 4566835 | SHAREEF, SHAHEDA | REDACTED | | | | |
| 4473086 | SHARKEY, TIMOTHY R | REDACTED | | | | |
| 4393226 | SHARMA, KOMAL | REDACTED | | | | |
| 4282634 | SHARMA, VARUN | REDACTED | | | | |
| 4863582 | SHARN ENTERPRISES INC | 540 ABERDEEN RD | | FRANKFORT | IL | 60423-9712 |
| 5773695 | SHARON LENZ | 3439 STATE ST APT D67 | | OMAHA | NE | 68112-1787 |
| 4469090 | SHARP, CHARLOTTE M | REDACTED | | | | |
| 4218187 | SHARP, JAKOB | REDACTED | | | | |
| 4298084 | SHARP, TANIESHA | REDACTED | | | | |
| 4515216 | SHARPLEY, TYMARIUS | REDACTED | | | | |
| 4450760 | SHAVERS, JORDAN R | REDACTED | | | | |
| 4517230 | SHAW, ALEXIS N | REDACTED | | | | |
| 4741668 | SHAW, ANITA | REDACTED | | | | |
| 4379952 | SHAW, ASHLEY | REDACTED | | | | |
| 4628746 | SHAW, BRAD | REDACTED | | | | |
| 4394220 | SHAW, DANA L | REDACTED | | | | |
| 4773278 | SHAW, MYRA | REDACTED | | | | |
| 4846185 | SHAWN HODSON | 4207 Mountain Peak Way | | Kingwood | TX | 77345-1015 |
| 4595298 | SHEA, GALEN E | REDACTED | | | | |
| 4546634 | SHEARN, REBECCA K | REDACTED | | | | |
| 4822578 | SHEBA DEVELOPMENT | REDACTED | | | | |
| 4282520 | SHELDRICK, RACHAEL | REDACTED | | | | |
| 4297816 | SHELLEY, PATRISHA | REDACTED | | | | |
| 4479817 | SHELTON, MARGRETTA | REDACTED | | | | |
| 4581064 | SHELTON-GRIMES, BRENDA M | REDACTED | | | | |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4190557 | SHELTON-MCDANIEL, JANIELLE | REDACTED | | | | |
| 5775583 | SHENTIA MITCHELL | PO BOX 52801 | | RIVERSIDE | CA | 92517-3801 |
| 4581267 | SHEPARD, JADIQUA SHEPARD S | REDACTED | | | | |
| 4453325 | SHEPHERD, TONYA | REDACTED | | | | |
| 4414920 | SHEPHERD, TRACY L | REDACTED | | | | |
| 4512770 | SHERMAN, BALIVIA | REDACTED | | | | |
| 4413793 | SHERMAN, BREYDON | REDACTED | | | | |
| 4529021 | SHERMAN, TIFFANY A | REDACTED | | | | |
| 4661467 | SHERRILL, WILLIAM | REDACTED | | | | |
| 4226668 | SHIELDS, KELLEY | REDACTED | | | | |
| 4595762 | SHIELDS, MORGAN | REDACTED | | | | |
| 4232907 | SHIMMIN, DAWN-MARIE | REDACTED | | | | |
| 4482671 | SHIPMAN, HEPSEY A | REDACTED | | | | |
| 4657984 | SHIPMAN, LARRY | REDACTED | | | | |
| 4467193 | SHIRAZI, ATA | REDACTED | | | | |
| 5776873 | SHIRLEY ROARK | 1267 SYNER RD | | ANNVILLE | PA | 17003-9149 |
| 4804896 | SHOE METRO | DBA APPARELSAVE | 4150 E 5TH AVE | COLUMBUS | OH | 43219-1802 |
| 4307732 | SHORT, CASSIE M | REDACTED | | | | |
| 4604407 | SHUTIOK, DEBBIE | REDACTED | | | | |
| 4344514 | SIMPSON, TARA M | REDACTED | | | | |
| 4569094 | SIMS, BREAUNA | REDACTED | | | | |
| 4406514 | SIMS, TERYNN | REDACTED | | | | |
| 4155627 | SINCLAIRE, STACIA | REDACTED | | | | |
| 4316428 | SINGLETON, ALLYSON J | REDACTED | | | | |
| 4432523 | SINGLETON, EBONY L | REDACTED | | | | |
| 4567929 | SITH, NARAT O | REDACTED | | | | |
| 4460033 | SKEENS, TARA L | REDACTED | | | | |
| 4475715 | SKIDMORE, BRADEN | REDACTED | | | | |
| 4422050 | SLEEZER, ASHLEY E | REDACTED | | | | |
| 4410780 | SMITH, ARIEL | REDACTED | | | | |
| 4317400 | SMITH, BRITTANY NICOLE | REDACTED | | | | |
| 4302884 | SMITH, CHELSEA D | REDACTED | | | | |
| 4400216 | SMITH, DATOINE | REDACTED | | | | |
| 4315177 | SMITH, JAMES F | REDACTED | | | | |
| 4568075 | SMITH, JARED | REDACTED | | | | |
| 4576710 | SMITH, JASMINE | REDACTED | | | | |
| 4188109 | SMITH, KENNETH C | REDACTED | | | | |
| 4163785 | SMITH, RONLISHIA | REDACTED | | | | |
| 4404885 | SMITH, SHYMONA | REDACTED | | | | |
| 4664830 | SNIDERMAN, DAN | REDACTED | | | | |
| 4260423 | SOBISCH, MELANIE | REDACTED | | | | |
| 4830219 | SOLANA OUTDOOR LIVING | REDACTED | | | | |
| 4567410 | SOLLAMI, EDWARD S | REDACTED | | | | |
| 4427310 | SOMERS, ANGELIQUE A | REDACTED | | | | |
| 4169431 | SORVETTI, DARREN | REDACTED | | | | |
| 4172766 | SOTELO, ALLISON | REDACTED | | | | |
| 4192528 | SOTO, FRANCES | REDACTED | | | | |
| 4270537 | SOUTER, JEANNE | REDACTED | | | | |
| 4811509 | SOUTHERN ARIZONA ARTS & CULTURAL ALLIANC | 4500 N ORACLE RD STE 421 | | TUCSON | AZ | 85705-8017 |
| 4315309 | SOWELL, COURTNEY | REDACTED | | | | |
| 4459709 | SPANGLER, JESSICA | REDACTED | | | | |
| 4570571 | SPENCER, CHRISTINA | REDACTED | | | | |
| 4446798 | SQUIRES, NICHOLAS J | REDACTED | | | | |
| 4574663 | SRINIVASAN, RAMADEVI | REDACTED | | | | |

In re:  Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 11 of 20

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4565935 | STAAT, LYNNDA C | REDACTED | | | | |
| 4456035 | STADELMYER, KALEB A | REDACTED | | | | |
| 4274187 | STEARNS, SHELBY L | REDACTED | | | | |
| 4407269 | STEINBRICK, DARREN M | REDACTED | | | | |
| 4566837 | STEPHENSON, CODY R | REDACTED | | | | |
| 4461374 | STEPHENSON, MADDISON N | REDACTED | | | | |
| 4853152 | STEVEN M MENDENHALL | 4210 Minnesota Ave | | Fair Oaks | CA | 95628-6913 |
| 4391734 | STEVENS, CHRISTOPHER J | REDACTED | | | | |
| 4484911 | STEVENSON, AMY L | REDACTED | | | | |
| 4364045 | STEWART, ARVIN D | REDACTED | | | | |
| 4438201 | STEWART, MANUEL | REDACTED | | | | |
| 4438439 | STEWART, MARQUILLA J | REDACTED | | | | |
| 4563407 | STOCKWELL, BROOKE | REDACTED | | | | |
| 4280004 | STOEHR, DYLAN | REDACTED | | | | |
| 4628206 | STOMBER, KATHY | REDACTED | | | | |
| 4843588 | STONE, EDWARD | REDACTED | | | | |
| 4550457 | STONE, JESSICA | REDACTED | | | | |
| 4568471 | STONE, VENITA | REDACTED | | | | |
| 4277441 | STONEBRAKER, DEVON | REDACTED | | | | |
| 4309187 | STONEKING, BRIAN | REDACTED | | | | |
| 4529980 | STOUT, DAMON | REDACTED | | | | |
| 4509830 | STRACHAN, PAULESHA | REDACTED | | | | |
| 4451820 | STRAHLER, APRIL D | REDACTED | | | | |
| 4667963 | STRAIGHT, JOSEPH | REDACTED | | | | |
| 4383248 | STRATTON, BRIANA F | REDACTED | | | | |
| 4646419 | STRIANESE, JOHN | REDACTED | | | | |
| 4565178 | STRINGER, LYNETTA | REDACTED | | | | |
| 4361810 | STRINGFELLOW, SYDNEY | REDACTED | | | | |
| 4482581 | STRINGHAM, CRAIG | REDACTED | | | | |
| 4664502 | STROTTER, LELA M | REDACTED | | | | |
| 4376286 | STROUD, SANDRA S | REDACTED | | | | |
| 4373346 | STUBBLEFIELD, JANET S | REDACTED | | | | |
| 4181165 | STUBBS JR, DEWAYNE | REDACTED | | | | |
| 4469556 | STUBBS, BRAD R | REDACTED | | | | |
| 4147538 | STUBBS, JALENCIA | REDACTED | | | | |
| 4471120 | STUCKEY, DANIEL | REDACTED | | | | |
| 4823197 | STUDIO SNAIDERO BAY AREA | REDACTED | | | | |
| 4472311 | STULL, NATHAN R | REDACTED | | | | |
| 4699251 | STUMP, PAMELA | REDACTED | | | | |
| 4613224 | STURDIVANT, ANNA | REDACTED | | | | |
| 4647259 | STURDIVANT, VERNELL | REDACTED | | | | |
| 4676058 | STUZIN, THEODORE | REDACTED | | | | |
| 4574584 | STVINCENT, CHRISTINE | REDACTED | | | | |
| 4800902 | STYLE J LLC | DBA STYLE J | 6751 LAS COLINAS LN | LAKE WORTH | FL | 33463-6564 |
| 4518342 | STYLES, CARLOTA H | REDACTED | | | | |
| 4771912 | STYMIEST, JENNIFER | REDACTED | | | | |
| 4648569 | SUARA, RAHAMAN O | REDACTED | | | | |
| 4174659 | SUAREZ, ZAIDE | REDACTED | | | | |
| 4679144 | SUBER, BARBARA | REDACTED | | | | |
| 4191961 | SUBHKARAM, JOSIAH J | REDACTED | | | | |
| 4492212 | SUDBURY, NICHOLAS A | REDACTED | | | | |
| 4349272 | SUDDUTH, DONALD | REDACTED | | | | |
| 5485203 | SUE ANN BUTCHER | 24240 COUNTY LINE RD | | COCHRANTON | PA | 16314-2706 |
| 4575030 | SUHAJDA, CHRISTINE | REDACTED | | | | |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4337405 | SULLIVAN, JOAN | REDACTED | | | | |
| 4687699 | SULLIVAN, LISA | REDACTED | | | | |
| 4568131 | SULTANA, ROKAYA | REDACTED | | | | |
| 4571496 | SUMANDIG, AKAIYASIA I | REDACTED | | | | |
| 4326257 | SUMBLER, JAYLON | REDACTED | | | | |
| 4797669 | SUMMERGURU INC | DBA URBANITY BOUTIQUE | 9180 W BAY HARBOR DR APT 6A | BAY HARBOR | FL | 33154-2784 |
| 4323160 | SUMMERS, VANESSA S | REDACTED | | | | |
| 4390926 | SUMNER, AMELIA R | REDACTED | | | | |
| 4421342 | SUMPTER, SHAUN | REDACTED | | | | |
| 4845633 | SUN HUI CHOI | 9625 BARREL HOUSE RD APT G | | LAUREL | MD | 20723-1522 |
| 4888268 | SUN PUBLISHING COMPANY INC | SUN NEWS EDUCATIONAL FOUNDATION | 914 FRONTAGE RD E | MYRTLE BEACH | SC | 29577-6700 |
| 4206992 | SUNDEEN, DESIREE | REDACTED | | | | |
| 4823258 | SUNIL KUMAR NELABHOTLA | REDACTED | | | | |
| 4858448 | SUPERIOR BLACKTOP SERVICES LLC | 694 GREYBACK RD | | SUMMERVILLE | SC | 29483-8126 |
| 4295080 | SURANA, RAHUL | REDACTED | | | | |
| 4285881 | SUSKAVCEVIC, IVANA | REDACTED | | | | |
| 4479359 | SUTTER, ALEXIS M | REDACTED | | | | |
| 4275383 | SUTTIE, THOMAS G | REDACTED | | | | |
| 4577772 | SUTTLE, JASON | REDACTED | | | | |
| 4602057 | SUTTON, ERIN | REDACTED | | | | |
| 4519778 | SWAFFORD, MIRANDA L | REDACTED | | | | |
| 4646341 | SWAIN, LASHAWN | REDACTED | | | | |
| 4381185 | SWAIN, VICKILYNN | REDACTED | | | | |
| 4282307 | SWAMY, KARTIK | REDACTED | | | | |
| 4571571 | SWANSON, PAMELA | REDACTED | | | | |
| 4670497 | SWARTS, HERBERT | REDACTED | | | | |
| 4277213 | SWARTZ, WARREN C | REDACTED | | | | |
| 4450818 | SWEANY, GLORIA | REDACTED | | | | |
| 4830453 | SWEENEY, BOB & HEIDI | REDACTED | | | | |
| 4304261 | SWEET, MAHAYLA | REDACTED | | | | |
| 4531083 | SWENSON, CAROLYN J | REDACTED | | | | |
| 4615662 | SWENSON, MARTHA | REDACTED | | | | |
| 4340081 | SWIFT, HEIDI V | REDACTED | | | | |
| 4339177 | SWIFT, REBECCA | REDACTED | | | | |
| 4313585 | SWIFT, SARAH J | REDACTED | | | | |
| 4287846 | SWIMS, COURTNEY A | REDACTED | | | | |
| 4278925 | SWINDLE, HAILEY R | REDACTED | | | | |
| 4388911 | SWINK, SANDRA E | REDACTED | | | | |
| 4579934 | SWISHER, SHELBY J | REDACTED | | | | |
| 4370482 | SWITZER, KENDRA | REDACTED | | | | |
| 4601924 | SYCKLE, DAWN | REDACTED | | | | |
| 4354385 | SYED, ASIA K | REDACTED | | | | |
| 4559644 | SYED, FOUZIA | REDACTED | | | | |
| 4559611 | SYED, GHOUSIA | REDACTED | | | | |
| 4549817 | SYED, SAMEERA S | REDACTED | | | | |
| 4365505 | SZKOTAK, TRAVIS | REDACTED | | | | |
| 4472089 | SZYMANSKI, ADAM W | REDACTED | | | | |
| 4171378 | TABOR, TOSHA N | REDACTED | | | | |
| 4160498 | TADDIE, ANGELINA M | REDACTED | | | | |
| 4203100 | TADESSE, BEZAWIT S | REDACTED | | | | |
| 4342222 | TADESSE, DESIRE S | REDACTED | | | | |
| 4706533 | TAFOYA, DAVID | REDACTED | | | | |
| 4387147 | TAFT, LASHUNDA | REDACTED | | | | |
| 4196203 | TAGAY, JORDAN D | REDACTED | | | | |

In re:  Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 13 of 20

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 5487573 | TAHLIA BURKS | 1763 REICHERT AVE | | CHICAGO HTS | IL | 60411 |
| 4298622 | TALABANI, AZAD | REDACTED | | | | |
| 4549766 | TALAMANTE, ARTHUR J | REDACTED | | | | |
| 4361607 | TALASKI, TRISTIN B | REDACTED | | | | |
| 4238610 | TALENT, DANIEL D | REDACTED | | | | |
| 4810667 | TALIAFERRO DESIGN LLC | 306 MOORINGS DR | | LANTANA | FL | 33462-8022 |
| 4687660 | TAMBARO, ARTHUR | REDACTED | | | | |
| 4289774 | TAN, GLENN C | REDACTED | | | | |
| 4590303 | TANAKA, EDWARD M | REDACTED | | | | |
| 4280669 | TANG, JIAHUI | REDACTED | | | | |
| 4596537 | TANNER, CAMILLE A | REDACTED | | | | |
| 4560908 | TANORI-MYERS, ACACIA | REDACTED | | | | |
| 4847806 | TANYA WILLIAMS | 359 TYMBER RUN | | ORMOND BEACH | FL | 32174-4891 |
| 4188728 | TAPIA, VERONICA | REDACTED | | | | |
| 4467261 | TARDIE, CHEYENNE | REDACTED | | | | |
| 4530467 | TARRAHI, MOHAMMADALI | REDACTED | | | | |
| 4364394 | TATE, ALEJANDRA | REDACTED | | | | |
| 4289346 | TATES, CHARLENE S | REDACTED | | | | |
| 4223517 | TAWIAH, MICHAEL | REDACTED | | | | |
| 4888393 | TAX COMPLIANCE | 13500 EVENING CREEK DR N STE 500 | | SAN DIEGO | CA | 92128-8125 |
| 5793524 | TAX COMPLIANCE INC. | SCOTT STRAUSS | 13500 EVENING CREEK DR N STE 500 | SAN DIEGO | CA | 92128-8125 |
| 4468548 | TAYLER, TRENTON | REDACTED | | | | |
| 4354322 | TAYLOR, ALICIA | REDACTED | | | | |
| 4372395 | TAYLOR, ANDREW M | REDACTED | | | | |
| 4384111 | TAYLOR, BELINDA M | REDACTED | | | | |
| 4720099 | TAYLOR, BEVERLY | REDACTED | | | | |
| 4458240 | TAYLOR, BROOKLYN M | REDACTED | | | | |
| 4384598 | TAYLOR, CARLY | REDACTED | | | | |
| 4291799 | TAYLOR, CHARLOTTE S | REDACTED | | | | |
| 4312557 | TAYLOR, CHRISTINA M | REDACTED | | | | |
| 4145815 | TAYLOR, CRYSTAL J | REDACTED | | | | |
| 4602383 | TAYLOR, DERRICK | REDACTED | | | | |
| 4391865 | TAYLOR, HAYLEE L | REDACTED | | | | |
| 4201828 | TAYLOR, JASMINE S | REDACTED | | | | |
| 4521171 | TAYLOR, LARRY | REDACTED | | | | |
| 4472515 | TAYLOR, LYNETTE D | REDACTED | | | | |
| 4554884 | TAYLOR, MEGHAN C | REDACTED | | | | |
| 4536522 | TAYLOR, PATRICIA A | REDACTED | | | | |
| 4322679 | TAYLOR, SHELBY M | REDACTED | | | | |
| 4693353 | TAYLOR, SPAULDING | REDACTED | | | | |
| 4868922 | TAYSE INTERNATIONAL TRADING INC | 501 RICHARDSON RD SE | | CALHOUN | GA | 30701-3620 |
| 4520792 | TCHEDRE, NINA-ESSO | REDACTED | | | | |
| 4383070 | TEACHEY, SHANIKA D | REDACTED | | | | |
| 4436818 | TEACHOUT, ASHLEY E | REDACTED | | | | |
| 4197236 | TECZON, JOEL | REDACTED | | | | |
| 4333749 | TEIXEIRA, DAISY M | REDACTED | | | | |
| 4198206 | TELLES, LISSETTE D | REDACTED | | | | |
| 4727080 | TENNIES, TOM | REDACTED | | | | |
| 4848668 | TERESA DENISE WILSON | 2000 FARRELL AVE APT 11 | | REDONDO BEACH | CA | 90278-1855 |
| 4292008 | TERLECKI, DANIEL | REDACTED | | | | |
| 4454975 | TERRELL, SINCERE | REDACTED | | | | |
| 4241854 | TERRITO, DAVID A | REDACTED | | | | |
| 4339316 | TERRY, JOSEPH K. | REDACTED | | | | |
| 4390987 | TESCHER, JACOB | REDACTED | | | | |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4357459 | TESSMAN, DEVIN A | REDACTED | | | | |
| 4589398 | THACKER JR, LARRY | REDACTED | | | | |
| 4558273 | THAGGARD, FRED | REDACTED | | | | |
| 4728082 | THAMES, JIMMY | REDACTED | | | | |
| 4799917 | THE FLOR STOR | 23182 ALCALDE DR STE G | | LAGUNA HILLS | CA | 92653-1450 |
| 4360786 | THELEN, ROXANNE | REDACTED | | | | |
| 4324219 | THIBODEAUX, ALPHIA | REDACTED | | | | |
| 4582080 | THIRIOT, KAYE | REDACTED | | | | |
| 4618492 | THOMAS, AARON | REDACTED | | | | |
| 4729139 | THOMAS, ALESHIA C | REDACTED | | | | |
| 4670701 | THOMAS, BRANDON C | REDACTED | | | | |
| 4538665 | THOMAS, CONESSA C | REDACTED | | | | |
| 4699925 | THOMAS, DANIEL | REDACTED | | | | |
| 4265250 | THOMAS, LONZIE | REDACTED | | | | |
| 4412246 | THOMAS, LUKE | REDACTED | | | | |
| 4296125 | THOMAS, MARKUETTE | REDACTED | | | | |
| 4285339 | THOMAS, RAKEYIA | REDACTED | | | | |
| 4290194 | THOMAS, SABRINA | REDACTED | | | | |
| 4414552 | THOMAS, SHAMEL L | REDACTED | | | | |
| 4343187 | THOMAS, SHELBY D | REDACTED | | | | |
| 4232840 | THOMAS, TORYA N | REDACTED | | | | |
| 4754705 | THOMAS, URABELL M | REDACTED | | | | |
| 4241314 | THOMAS, VERONICA | REDACTED | | | | |
| 4752478 | THOMAS, WILLIE | REDACTED | | | | |
| 4570964 | THOMPSON, CHANNELL | REDACTED | | | | |
| 4661679 | THOMPSON, DELORES | REDACTED | | | | |
| 4537717 | THOMPSON, DEVONTE L | REDACTED | | | | |
| 4653296 | THOMPSON, JUSTIN | REDACTED | | | | |
| 4521198 | THOMPSON, KATRINA | REDACTED | | | | |
| 4466580 | THOMPSON, KENNETH J | REDACTED | | | | |
| 4731776 | THOMPSON, LAMAR L | REDACTED | | | | |
| 4574339 | THOMPSON, MATTHEW | REDACTED | | | | |
| 4393014 | THOMPSON, MICHAEL | REDACTED | | | | |
| 4560889 | THOMPSON, NADIA | REDACTED | | | | |
| 4462591 | THOMPSON, NATHAN R | REDACTED | | | | |
| 4711613 | THOMPSON, PHILIP | REDACTED | | | | |
| 4164045 | THOMPSON, RUTH | REDACTED | | | | |
| 4312696 | THOMPSON, SIMON | REDACTED | | | | |
| 4669810 | THOMPSON, STACEY | REDACTED | | | | |
| 4389124 | THOMPSON, TANEICE | REDACTED | | | | |
| 4266423 | THOMPSON, ZACHARY | REDACTED | | | | |
| 4248000 | THOMSON, JAMES | REDACTED | | | | |
| 4182904 | THOMSON, KADEN | REDACTED | | | | |
| 4373614 | THORNTON, LEANN C | REDACTED | | | | |
| 4659503 | THRASHER, GARY | REDACTED | | | | |
| 4682716 | THREDGOLD, LYNNETTE | REDACTED | | | | |
| 4472057 | THUMMA, PAULA K | REDACTED | | | | |
| 4416398 | THUNDERSHIELD, ROXY | REDACTED | | | | |
| 4379316 | TIBBITTS, EDWARD T | REDACTED | | | | |
| 4204985 | TIEKAMP, DAVID L | REDACTED | | | | |
| 4823668 | TILLER,CHRIS | REDACTED | | | | |
| 4682054 | TILSON, WENDY D | REDACTED | | | | |
| 4466428 | TIMMERMAN, ANTHONY S | REDACTED | | | | |
| 4846400 | TIMOTHY VIGLIETTA | 9213 HINES RD | | DISPUTANTA | VA | 23842 |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4482024 | TIMSINA, BAL | REDACTED | | | | |
| 4573590 | TINAJERO, KARLA | REDACTED | | | | |
| 4380001 | TINKER, JOHN J | REDACTED | | | | |
| 4514166 | TIPTON, ALEXANDRIA | REDACTED | | | | |
| 4568851 | TITH, DALINA | REDACTED | | | | |
| 4463202 | TITONE, SAMUEL I | REDACTED | | | | |
| 4823714 | TOBIN, CHAD | REDACTED | | | | |
| 4237181 | TODD, ELIZABETH L | REDACTED | | | | |
| 4367442 | TODD, MARK | REDACTED | | | | |
| 4677707 | TOLIVER, JOHN | REDACTED | | | | |
| 4578189 | TOLLEY, STEPHANIE | REDACTED | | | | |
| 4572748 | TOLMAN, TYLER A | REDACTED | | | | |
| 4844193 | TOMANY, MIKE/ NATIONAL CAPITAL | REDACTED | | | | |
| 4217083 | TOMASSO, TIMOTHY | REDACTED | | | | |
| 4255012 | TOMASURA, NICOLE M | REDACTED | | | | |
| 4574532 | TOMCZAK, DONNA | REDACTED | | | | |
| 4192707 | TOMERLIN, MICHELLE | REDACTED | | | | |
| 4261639 | TOMLIN, JASMIN | REDACTED | | | | |
| 4472472 | TOMPKINS, JAMIE | REDACTED | | | | |
| 4448736 | TOMPKINS, KEITH | REDACTED | | | | |
| 4145472 | TOOLE, ANGELA R | REDACTED | | | | |
| 4878006 | TOP QUALITY REPAIR | KEITH SHELBY | 11900 SHADOW CREEK PKWY APT 1721 | PEARLAND | TX | 77584-5279 |
| 4155630 | TOPOREK, LOREN E | REDACTED | | | | |
| 4663565 | TORRALVA, ANGELITA L | REDACTED | | | | |
| 4243898 | TORRES, BRIANNA | REDACTED | | | | |
| 4537754 | TORRES, KATHERINE | REDACTED | | | | |
| 4298052 | TORRES, KAYLA I | REDACTED | | | | |
| 4465921 | TORRES, KIMBERLY A | REDACTED | | | | |
| 4278251 | TORRES, MICHELE E | REDACTED | | | | |
| 4252314 | TORRES, NATALIE | REDACTED | | | | |
| 4581304 | TOSE, ISAIAH | REDACTED | | | | |
| 4847469 | TOTAL BATH TRANSFORMATIONS LLC | 402 UNION CHURCH RD | | TOWNSEND | DE | 19734-9110 |
| 4582358 | TOTTEN, DON | REDACTED | | | | |
| 5498246 | TOUCHET TANNY L | 711 DAUTERIVE ST | | BREAUX BRIDGE | LA | 70517-5911 |
| 4823804 | TOUPIN, MATHIAS | REDACTED | | | | |
| 4410083 | TOVAR, ROBERTO | REDACTED | | | | |
| 4516302 | TOWERS, ALEXUS | REDACTED | | | | |
| 5787845 | TOWN OF LANTANA | 504 GREYNOLDS CIR | | LANTANA | FL | 33462-4544 |
| 4782537 | TOWN OF LANTANA | 504 GREYNOLDS CIR | | LANTANA | FL | 33462-4544 |
| 4781393 | TOWN OF LANTANA | OCC LICENSE SECTION | 504 GREYNOLDS CIR | LANTANA | FL | 33462-4544 |
| 4528264 | TOWNSEND, JALIL | REDACTED | | | | |
| 4728963 | TOWNSEND, JANICE | REDACTED | | | | |
| 4271398 | TRACY, NICOLE | REDACTED | | | | |
| 4480059 | TRAFKA, BRITTANY L | REDACTED | | | | |
| 4573316 | TRAN, TAI | REDACTED | | | | |
| 4298898 | TRANCYGIER, ANN M | REDACTED | | | | |
| 4802600 | TRANS COSMOS AMERICA INC | DBA VAIO | 879 W 190TH ST # 410 | GARDENA | CA | 90248-4220 |
| 4388240 | TRAU, MATTHEW | REDACTED | | | | |
| 4327233 | TREAUDO, KENDRIC O | REDACTED | | | | |
| 4596814 | TRELSTAD, MARGO A | REDACTED | | | | |
| 4559722 | TRETO, LUCIA | REDACTED | | | | |
| 4209174 | TREVINO, DAVID | REDACTED | | | | |
| 4544509 | TREVINO, ROBERT P | REDACTED | | | | |
| 4294402 | TRICARICO, KYLE | REDACTED | | | | |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|-------|------|-----------|-----------|------|-------|-------------|
| 4150839 | TRICE, PRINCESS S | REDACTED | | | | |
| 4616655 | TRIPLETT, EVELYNE | REDACTED | | | | |
| 4550604 | TROLSON, LOREN K | REDACTED | | | | |
| 4868173 | TRUE SCIENCE HOLDINGS LLC | 923 S BRIDGEWAY PL STE 100 | | EAGLE | ID | 83616-6862 |
| 4364806 | TRUESDELL, BRADY | REDACTED | | | | |
| 4178114 | TRUJILLO COBIAN, ISRAEL J | REDACTED | | | | |
| 4573872 | TRUMBLEY, ALEXANDRIA R | REDACTED | | | | |
| 4577528 | TRYON, FALLYN S | REDACTED | | | | |
| 4339861 | TSALA, TITE | REDACTED | | | | |
| 4595447 | TUCKER, CHERYL | REDACTED | | | | |
| 4320707 | TUCKER, RANDY L | REDACTED | | | | |
| 4800267 | TUCKER, SUSAN | REDACTED | | | | |
| 4412607 | TUDELA JR, PATRICK | REDACTED | | | | |
| 4272220 | TUNOA, JEANETTE | REDACTED | | | | |
| 4605250 | TURNER, JOHN | REDACTED | | | | |
| 4196196 | TURNER, RAVEN S | REDACTED | | | | |
| 4645806 | TURNER, SHAKIA | REDACTED | | | | |
| 4354529 | TURNER, TIARA A | REDACTED | | | | |
| 4410894 | TURRIETA, LACIE R | REDACTED | | | | |
| 4202257 | TUUHOLOAKI, OFA H | REDACTED | | | | |
| 4587934 | TYLER, SYLVIA | REDACTED | | | | |
| 4767483 | TYSON, KARLA | REDACTED | | | | |
| 4571467 | ULUILAKEPA, TUAPASI J | REDACTED | | | | |
| 4450876 | UNDERWOOD, MISTY | REDACTED | | | | |
| 4312160 | UPCHURCH, COLENISHA | REDACTED | | | | |
| 4567895 | VALENTINE, SANDRA E | REDACTED | | | | |
| 4679308 | VALENZUELA, EVELYN | REDACTED | | | | |
| 4175512 | VALLE, JOCELINE G | REDACTED | | | | |
| 4606673 | VANAUKEN, DAWN | REDACTED | | | | |
| 4586228 | VANAUKEN, MAGGIE | REDACTED | | | | |
| 4396601 | VANLEER, BREANNA R | REDACTED | | | | |
| 4612668 | VANLEEUWEN, MATTHEW | REDACTED | | | | |
| 4632197 | VANZANDT, LARRY | REDACTED | | | | |
| 4392447 | VARELA, TAMMY | REDACTED | | | | |
| 4567350 | VARGAS, ALI | REDACTED | | | | |
| 4687577 | VARGAS, NORMA | REDACTED | | | | |
| 4173751 | VARLEY, CHRISTINE ANGELA | REDACTED | | | | |
| 4413450 | VASQUEZ, CECILIA M | REDACTED | | | | |
| 4647383 | VAUGHN, TROY F | REDACTED | | | | |
| 4416579 | VEGA, KARLA | REDACTED | | | | |
| 4392109 | VEGA, MARIA A | REDACTED | | | | |
| 4626959 | VELASQUEZ, ROBERT | REDACTED | | | | |
| 4430050 | VELAZQUEZ, GUILLERMO | REDACTED | | | | |
| 4408347 | VELEZ, DESTINY | REDACTED | | | | |
| 4182491 | VERBRUGH, SHELBIE L | REDACTED | | | | |
| 4711573 | VERDICK, LEO | REDACTED | | | | |
| 4860833 | VERMONT RETAIL & GROCERS ASSOCIATIO | 963 PAINE TPKE U UNIT 3A | | BERLIN | VT | 05602-9102 |
| 5505442 | VERNICE MAEWEATHER | REDACTED | | | | |
| 4442892 | VERSTREATE, RUBY A | REDACTED | | | | |
| 4700317 | VEST, DESIREE A | REDACTED | | | | |
| 4192796 | VICENTE, DANIEL | REDACTED | | | | |
| 4830815 | VICTORSON, JOAN | REDACTED | | | | |
| 4412018 | VILLA, ANISSA N | REDACTED | | | | |
| 4186976 | VILLALOBOS, LYNETTE J | REDACTED | | | | |

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4180436 | VILLALON, VICTOR | REDACTED | | | | |
| 4169052 | VILLAREAL, VERONICA A | REDACTED | | | | |
| 4180208 | VILLASENOR, LUIS E | REDACTED | | | | |
| 4207548 | VILLEGAS JR, JOSE S | REDACTED | | | | |
| 4376184 | VINSON, MICHELLE | REDACTED | | | | |
| 4317348 | VINSON, SAMANTHA L | REDACTED | | | | |
| 4211760 | VITALES, WILLIAM S | REDACTED | | | | |
| 4795283 | VK VENTURES LLC | DBA SKYLARK | 1632 240TH ST | HARBOR CITY | CA | 90710-1311 |
| 4565727 | VOLKOVA, INNA | REDACTED | | | | |
| 4761124 | VOLPICELLI, ROBERT J | REDACTED | | | | |
| 4209223 | VOLQUEZ, JOEY X | REDACTED | | | | |
| 4290499 | VOORHIS, GABRIELLE | REDACTED | | | | |
| 4411595 | VORN, VICTORIA C | REDACTED | | | | |
| 4806168 | VPC FULLER BRUSH OPERATING CORP | 1 FULLER BRUSH | 150 N RIVERSIDE PLZ STE 5200 | CHICAGO | IL | 60606-1663 |
| 4285812 | WADE, NATHANIEL L | REDACTED | | | | |
| 4413114 | WAGNER, BOBBI | REDACTED | | | | |
| 4572011 | WAGNER, JESSICA | REDACTED | | | | |
| 4568960 | WAGNER, JOHN D | REDACTED | | | | |
| 4165675 | WAGNER, PATRICIA A | REDACTED | | | | |
| 4456515 | WAGNER, ROSANNE | REDACTED | | | | |
| 4212508 | WAHIB, MARK | REDACTED | | | | |
| 4400019 | WALDRON, ALEXANDER | REDACTED | | | | |
| 4476033 | WALKER, KYLIE | REDACTED | | | | |
| 4692735 | WALKER, MIRANDA | REDACTED | | | | |
| 4440260 | WALKER, TATIANA | REDACTED | | | | |
| 4335895 | WALLACE, ELIZABETH F | REDACTED | | | | |
| 4679216 | WALLITNER, MICHAEL | REDACTED | | | | |
| 4573469 | WALLS, JUNE | REDACTED | | | | |
| 4562959 | WALSH, TERENCE | REDACTED | | | | |
| 4181544 | WALSTROM, BONNIE E | REDACTED | | | | |
| 4623193 | WALTERS, JUANITA | REDACTED | | | | |
| 4575429 | WALTZ, APRIL D | REDACTED | | | | |
| 4321440 | WARD, ALISHA M | REDACTED | | | | |
| 4193101 | WARD, GREGORY | REDACTED | | | | |
| 4202849 | WARDRIP, JAMES | REDACTED | | | | |
| 4157744 | WARE, KASONDRA | REDACTED | | | | |
| 4392313 | WARFORD, TEANNA | REDACTED | | | | |
| 4391913 | WARFORD, TERESA | REDACTED | | | | |
| 4161751 | WARREN, TANYA | REDACTED | | | | |
| 4888606 | WATER WORLD | THUYEN VAN CAO | 2747 GOODWIN AVE | REDWOOD CITY | CA | 94061-2409 |
| 4749034 | WATERSON, ROBERT | REDACTED | | | | |
| 4799172 | WATKINS INVESTMENTS LP | ATTN LANCE WATKINS | PO Box 50116 | Sparks | NV | 89435-0116 |
| 4573003 | WATKINS, HANNAH E | REDACTED | | | | |
| 4574455 | WATKINS, KIERA S | REDACTED | | | | |
| 4427591 | WATKINS, MAKIYA L | REDACTED | | | | |
| 4457515 | WATSON, HEATHER | REDACTED | | | | |
| 4414564 | WATSON, JESSICA | REDACTED | | | | |
| 4457127 | WAUGH, CLINTON D | REDACTED | | | | |
| 4514092 | WAWRZYNKIEWICZ, DAVID A | REDACTED | | | | |
| 4865177 | WE IN J CORPORATION | 17209 Jeanette AVE | | Cerritos | CA | 90703-1218 |
| 4745334 | WEBB, SHIRLEY | REDACTED | | | | |
| 4565377 | WEBBER, JASON D | REDACTED | | | | |
| 4416880 | WEDEKIND, KAYLEE | REDACTED | | | | |
| 4575081 | WEE, DENISE A | REDACTED | | | | |

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 18 of 20

Exhibit A
Supplemental Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4447478 | WEEMS, ROBERT E | REDACTED | | | | |
| 4889294 | WEISENBACH RECYCLED PRODUCTS | WEISENBACH SPECIALTY PRINTING | 2929 CRESCENT DR | COLUMBUS | OH | 43204-2523 |
| 4788410 | Weiss, Dr. Jim | REDACTED | | | | |
| 4361379 | WELCH, AMBER L | REDACTED | | | | |
| 4513892 | WELCH, JAIME | REDACTED | | | | |
| 4678614 | WELLS, JENNA | REDACTED | | | | |
| 4270053 | WELLS, TERRY | REDACTED | | | | |
| 4568187 | WEST, ROBERT M | REDACTED | | | | |
| 4412527 | WESTBROOK, DENISE | REDACTED | | | | |
| 4804729 | WESTERN FIRST AID AND SAFETY LLC | DBA MY FIRST AID COMPANY | 17501 W 98TH ST SPC 2 | LENEXA | KS | 66219-1705 |
| 4752984 | WESTOVER, DOUGLAS | REDACTED | | | | |
| 4566297 | WHITEHOUSE, EMILYTHE | REDACTED | | | | |
| 4316941 | WIDENER, ROBIN | REDACTED | | | | |
| 4761846 | WILCOCKSON, SHERRY | REDACTED | | | | |
| 4221371 | WILCOX, WILLIAM H | REDACTED | | | | |
| 4447387 | WILHELMY, BRAD | REDACTED | | | | |
| 4648446 | WILKES, SHEILA | REDACTED | | | | |
| 4460857 | WILLBOND-MCLAURIN, STACEY L | REDACTED | | | | |
| 4169503 | WILLIAMS, ADELLA D | REDACTED | | | | |
| 4321395 | WILLIAMS, DANIEL A | REDACTED | | | | |
| 4729273 | WILLIAMS, DENISE | REDACTED | | | | |
| 4909799 | Williams, George | REDACTED | | | | |
| 4200694 | WILLIAMS, LEIF D | REDACTED | | | | |
| 4575826 | WILLIAMS, TIFFANY | REDACTED | | | | |
| 4409227 | WILLIE, JANIELLE N | REDACTED | | | | |
| 4270519 | WILSON, ANDREA A | REDACTED | | | | |
| 4207326 | WILSON, CANDACE | REDACTED | | | | |
| 4738517 | WILSON, ETTA | REDACTED | | | | |
| 4632234 | WILSON, JUDY  L. | REDACTED | | | | |
| 4303726 | WILSON, LEASHAWN | REDACTED | | | | |
| 4487399 | WILSON, NATASHA | REDACTED | | | | |
| 4448313 | WILSON, SAVAGHA | REDACTED | | | | |
| 4763320 | WIMAN, MICHELE R | REDACTED | | | | |
| 4314479 | WINGERTER, JACQUELINE L | REDACTED | | | | |
| 4215419 | WINTERSWOLF, JAMES W | REDACTED | | | | |
| 4653444 | WINTON, SAMANTHA-AMANDA | REDACTED | | | | |
| 4563800 | WITHROW, ERIK M | REDACTED | | | | |
| 4144146 | WITHROW, KELLY | REDACTED | | | | |
| 4565063 | WOFFORD-HALL, SAMANTHA | REDACTED | | | | |
| 4567062 | WOHLFEIL, JULIE A | REDACTED | | | | |
| 4633092 | WOLFE, CANDACE | REDACTED | | | | |
| 4568733 | WOLTERINK, ERIC | REDACTED | | | | |
| 4392756 | WOOD, JOSIE | REDACTED | | | | |
| 4563091 | WOODARD, SUE | REDACTED | | | | |
| 4664114 | WOODS BROOKS, BEVERLY | REDACTED | | | | |
| 4317313 | WOOTEN, AMBER L | REDACTED | | | | |
| 4415145 | WORKMAN, ELIZABETH R | REDACTED | | | | |
| 4564891 | WORTHINGTON, DEANNA M | REDACTED | | | | |
| 4460725 | WOYCHIK, DAVID F | REDACTED | | | | |
| 4633765 | WRIGHT, LATAVIA | REDACTED | | | | |
| 4157222 | WRUBEL, DYLAN J | REDACTED | | | | |
| 4455653 | WYLIE, KIMBERLY M | REDACTED | | | | |
| 4568253 | YANG, JOSEPH J | REDACTED | | | | |
| 4144681 | YANG, TOUJOWZOUAPON C | REDACTED | | | | |

In re:  Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

Page 19 of 20

Exhibit A

Supplemental Service List

Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 4637638 | YANNETTI, ROBERT | REDACTED | | | | |
| 4449805 | YANNIELLO, GABRIELLE | REDACTED | | | | |
| 4400514 | YANNOTTA, TRACY | REDACTED | | | | |
| 4408895 | YAZZIE, RHYAN | REDACTED | | | | |
| 4571625 | YEAGER, TONYA | REDACTED | | | | |
| 4205430 | YEE, PATRICK | REDACTED | | | | |
| 4573395 | YELLOWBANK, CHEYENNE | REDACTED | | | | |
| 4824683 | YEUNG, MICHELLE | REDACTED | | | | |
| 4413518 | YOSHINAGA, GARY | REDACTED | | | | |
| 4315076 | YOUNG, STEVEN | REDACTED | | | | |
| 4414799 | ZAMORA, BENITO | REDACTED | | | | |
| 4172441 | ZARAGOZA, MARLONE | REDACTED | | | | |
| 4461828 | ZEBBS, JHAUNE | REDACTED | | | | |
| 4365866 | ZEMPEL, BRENDA L | REDACTED | | | | |
| 4796316 | ZENAS SHOES INC | DBA SHOE PULSE | 6 COOPER ST | BURLINGTON | NJ | 08016-2002 |
| 4802699 | ZOOSCAPE LLC | 18 BOULDEN CIR STE 16 | | NEW CASTLE | DE | 19720-3494 |
| 4207953 | ZUBERI, TARIQ | REDACTED | | | | |

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11**
                                          :
**SEARS HOLDINGS CORPORATION**, *et al.*, :          **Case No. 18-23538 (RDD)**
                                          :
            Debtors.[1]                   :          **(Jointly Administered)**
                                          :
-----------------------------------------------------------------x

### NOTICE OF (I) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (II) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

**PLEASE TAKE NOTICE** that:

1.      **Approval of Disclosure Statement**.  By order dated June 28, 2019 (ECF No.4392) (the "**Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation  and Its Affiliated Debtors* dated June 28, 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") filed by Sears Holdings Corporation  and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") (ECF No. 4390).  The Bankruptcy Court authorized the Debtors to solicit votes with regard to the approval or rejection of the *Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated June 28, 2019 (as it may be amended, modified, and supplemented, the "**Plan**"),[2] annexed as **Exhibit A** to the Disclosure Statement.  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.    **Confirmation Hearing**.  A hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **August 16, 2019 at 10:00 a.m. (Prevailing Eastern Time),** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Courtroom 118 of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors at the Confirmation Hearing or any continued hearing or as indicated in any notice filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

3.    The Disclosure Statement and the Plan are on file with the Clerk of the Bankruptcy Court (the "**Clerk**") and may be examined during normal business hours at the office of the Clerk.  Copies of the Disclosure Statement and the Plan may also be obtained from the Court's electronic docket for the Debtors' chapter 11 cases, which can be found at http://www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).

4.    Copies of this Order, the motion to approve the Disclosure Statement (ECF No. 3277), the Disclosure Statement, and the Plan may be accessed free of charge by visiting the website maintained by the Debtors' voting agent, Prime Clerk, LLC ("**Prime Clerk**" or "**Voting Agent**"), at https://restructuring.primeclerk.com/sears, or obtained by written request as follows:

| **If by standard or overnight mail or hand delivery:** | **If by e-mail to:** |
| --- | --- |
| Sears Holdings Corporation Ballot Processing c/o Prime Clerk, LLC One Grand Central Place 60 East 42nd Street, Suite 1440 New York, NY 10165 | searsplandocuments@primeclerk.com  with a reference to "Sears" in the subject line |

**THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

5.    **Record Date for Voting Purposes**.  Only parties who are eligible to vote and hold Claims against the Debtors as of May 9, 2019 are entitled to vote on the Plan.

6.    **Parties in Interest Not Entitled to Vote**.  (a) The following holders of Claims and Interests are not entitled to vote on the Plan: (i) holders of unimpaired Claims or Interests that are presumed to accept the Plan (Class 1 – Priority Non-Tax Claims) (ii) holders of impaired Claims or Interests that are deemed to reject the Plan (Kmart Corp. Class 6 – Intercompany Claims, Kmart Corp. Class 7 – Intercompany Interests, Kmart Corp. Class 8 – Subordinated Securities Claims; Kmart IL  Class 6 – Intercompany Claims; Kmart IL Class 7 – Intercompany Interests, Kmart IL Class 8 – Subordinated Securities Claims; Kmart of Washington Class 6 – Intercompany Claims, Kmart of Washington Class 7 – Intercompany Interests, Kmart of Washington Class 8 – Subordinated Securities Claims; SHC Class 6 – Intercompany Claims, SHC Class 7 – Intercompany Interests, SHC Class 8 – Subordinated Securities Claims, SHC Class 9 – Existing SHC Equity Interests, for all other Debtors Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated Claims), and (iii) holders of Claims that are the subject of filed objections or requests for estimation.  (b) If you have timely filed a proof of Claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Rule 3018(a)**

**Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. (c) All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court at least five (5) days prior to the Voting Deadline or as the Bankruptcy Court may direct. Creditors may contact the Voting Agent at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international) to receive an appropriate ballot for any Claim for which a proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

7.    **Voting Deadline**. All votes to accept or reject the Plan must be actually received by Prime Clerk, LLC ("**Prime Clerk**"), the Debtors' voting agent (the "**Voting Agent**") by no later than **August 2, 2019** (the "**Voting Deadline**"), unless extended by the Debtors. Any failure to follow the voting instructions included with your ballot may disqualify your ballot and your vote.

8.    **Objections to Confirmation**. Responses and objections, if any, to confirmation of the Plan must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (c) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection, (d) conform to the Bankruptcy Rules and the Local Rules, (e) be filed with the Court together with proof of service by either (i) *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), or (ii) *Conventional Filing*: the filer must send the response or objection by mail, courier, or messenger to the Bankruptcy Court's clerk at the following address: United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; the hard copy of the response or objection should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF); and (iii) *All filers* – those filing electronically as well as those filing conventionally – must provide Bankruptcy Court Chambers with two separate, single-sided hard copies of the response or objection; any proposed order should be accompanied by a CD-ROM containing the response or objection in text searchable portable document format (PDF); and (f) be served upon the following parties in accordance with General Order M-399 so as to be received no later than **August 2, 2019 at 4:00 p.m. (Prevailing Eastern Time)**, and on the following parties:(i) the Chambers of the Honorable Judge Robert D. Drain ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601; (ii) Counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.); (iii) the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.); and (iv) Counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq., Philip Dublin, Esq., and Sara Brauner, Esq.).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

9.    **Parties Who Will Not Be Treated as Creditors**. Any holder of a Claim that (i) is scheduled in the Debtors' schedules of assets and liabilities at $0.00, or in an unknown amount, or as

disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court, or (ii) is not scheduled and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court, shall not be treated as a creditor with respect to such Claim for purposes of voting on the Plan.

10.    **Classification and Treatment. A chart summarizing the treatment provided by the Plan to each class of Claims and Interests is included in <u>Annex A</u>.  Annex A is qualified in its entirety by reference to the Plan**.

11.    **Releases.  Please be advised that under the Plan, the following holders are deemed to have granted the releases contained in Section 15.9 of the Plan, which is set forth for convenience on <u>Annex B</u> hereto: (i) the holders of all Claims or Interests who vote to accept the Plan; (ii) the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots; (iii) each of the Released Parties (other than the Debtors); and (iv) with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.**

**ELECTION TO WITHHOLD CONSENT TO THE RELEASES CONTAINED IN THE PLAN IS AT THE OPTION OF THE CLAIM OR INTEREST HOLDER.**

12.    **The Plan also contains other discharge, injunction, release, and exculpation provisions that may affect your rights such as those forth in <u>Annex B</u>.  Annex B is qualified in its entirety by reference to the Plan**.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

13.    **Executory Contracts and Unexpired Leases**.  On the Effective Date, except as otherwise provided in the Plan or Plan Supplement, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract; (2) is a contract, engagement letter that has been approved by an order of the Bankruptcy Court, release, or other agreement or document entered into in connection with the Plan; or (3) is a D&O Policy or an insurance policy.

14.    **Additional Information**.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting agent, Prime Clerk, at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international), or may view such documents by accessing the Debtors' website: https://restructuring.primeclerk.com/sears    or    the    Bankruptcy    Court's    website: http://www.nysb.uscourts.gov.  As previously noted above, a PACER (www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website

(http://www.nysb.uscourts.gov).    **PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

Dated: June 28, 2019
        New York, New York

                                    _/s/_ Sunny Singh
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007
                                    Ray C. Schrock, P.C.
                                    Jacqueline Marcus
                                    Garrett A. Fail
                                    Sunny Singh


                                    *Attorneys for Debtors*
                                    *and Debtors in Possession*

**Annex A**[1]

**Summary of Plan Classification and Treatment of Claims and Interests**

| | | Claims and Interests for Kmart Corp. | | |
|---|---|---|---|---|
| **Class** | **Claim or Interest** | **Treatment** | **Impaired or Unimpaired** | **Entitlement to Vote on the Plan**[2] |
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment of such Claim in full and final satisfaction, settlement, release, and discharge of such Allowed Priority Non-Tax Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or the Liquidating Trustee, each such holder shall receive from the respective Debtor or the Liquidating Trust, as applicable: (i) payment in full in Cash in an amount equal to such Claim, payable on the latest of (A) the Effective Date, (B) the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or (C) the next Distribution Date after such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, paid (x) first out of the Wind Down Account, subject to the payment in full of Administrative Expense Claims, and pro rata with any Priority Tax Claims; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, from the Net Proceeds of Total Assets; or (ii) such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired. | Unimpaired | No (Presumed to Accept) |

---

[1] **Annex A is qualified in its entirety by reference to the Plan**.

[2] The amounts set forth herein are estimates primarily based on the Debtors' books and records.  Actual Allowed amounts will depend upon, among other things, final reconciliation and resolution of all Claims.  Consequently, the actual Allowed Claim amounts may differ materially from these estimates.

| Claims and Interests for Kmart Corp. | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[2] |
| 2 | Secured Claims | Except to the extent that a holder of an Allowed Secured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to different treatment, on the latest of (x) the Effective Date, (y) the date that is ten (10) Business Days after the date such Secured Claim becomes an Allowed Claim, or (z) the next Distribution Date after such Secured Claim becomes an Allowed Secured Claim, each holder of an Allowed Secured Claim will receive from the Debtor against which its Secured Claim is Allowed, on account and in full satisfaction of such Allowed Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or Liquidating Trustee, as applicable: (i) Cash in an amount equal to the Allowed amount of such Secured Claim; (ii) transfer of the collateral securing such Secured Claim or the proceeds thereof in satisfaction of the Allowed amount of such Secured Claim; or (iii) such other treatment sufficient to render such holder's Allowed Secured Claim Unimpaired. | Impaired | Yes |
| 3 | PBGC Claims | In accordance with the PBGC Settlement, except to the extent otherwise expressly provided under the Plan Settlement as set forth in Section 9.2 of this Plan, PBGC shall receive from the Liquidating Trust, (i) the PBGC Liquidating Trust Priority Interest and (ii) in respect of the Allowed PBGC Unsecured Claims, subject to Section 9.2(a)(viii), PBGC's *Pro Rata* share of (w) the Kmart Corp. General Unsecured Liquidating Trust Interests; (x) Kmart Corp. Specified Unsecured Liquidating Trust Interests; (y) the General Unsecured Liquidating Trust Interests; and (z) the Specified Unsecured Liquidating Trust Interests, in full and final satisfaction, settlement, release, and discharge of all PBGC Claims against Kmart Corp; provided, that for the avoidance of doubt, no Kmart Corp. Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |

| Claims and Interests for Kmart Corp. | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[2] |
| 4 | General Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim agrees to less favorable treatment with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim, each such holder thereof shall receive its Pro Rata share of (i) the Kmart Corp. General Unsecured Liquidating Trust Interests; (ii) Kmart Corp. Specified Unsecured Liquidating Trust Interests; (iii) the General Unsecured Liquidating Trust Interests; (iv) the Specified Unsecured Liquidating Trust Interests; and (v) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart Corp. General Unsecured Liquidating Trust Interests and Kmart Corp. Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart Corp. Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 5 | ESL Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a holder of an Allowed ESL Unsecured Claim against Kmart Corp. agrees with the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld) prior to the Effective Date, provided, that, prior to the Effective Date, the Creditors' Committee shall have consent rights with respect to the Allowance or settlement of any ESL Unsecured Claims that were not Allowed pursuant to the Sale Order, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of such Allowed ESL Unsecured Claim, each such holder thereof shall receive its Pro Rata share of (i) the Kmart Corp. General Unsecured Liquidating Trust Interests; (ii) the General Unsecured Liquidating Trust Interests; and (iii) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart Corp. General Unsecured Liquidating Trust Interests | Impaired | Yes |
| 6 | Intercompany Claims | On the Effective Date, pursuant to the Plan Settlement as provided in Section 9.2 of this Plan, except as provided in Section 9.2(e), no separate distributions shall be made under the Plan on account of Intercompany Claims, and such Claims shall be extinguished by distribution, contribution, or otherwise, in the discretion of the Debtors (subject to the Creditors' Committee Notice Procedures) and in accordance with section 9.2(a) of the Asset Purchase Agreement | Impaired | No (Deemed to Reject) |

| | | Claims and Interests for Kmart Corp. | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[2] |
| 7 | Intercompany Interests | On or after the Effective Date, all Intercompany Interests shall be cancelled.  Each such holder thereof shall neither receive nor retain any property of the Estate or direct interest in property of the Estate of the Debtors on account of such Intercompany Interest | Impaired | No (Deemed to Reject) |
| 8 | Subordinated Securities Claims | Holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Subordinated Securities Claims.  On the Effective Date, all Subordinated Securities Claims shall be deemed cancelled without further action by or order of the Bankruptcy Court, and shall be of no further force and effect, whether surrendered for cancellation or otherwise | Impaired | No (Deemed to Reject) |

| Claims and Interests for Kmart Stores of Illinois LLC | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[3] |
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment of such Claim in full and final satisfaction, settlement, release, and discharge of such Allowed Priority Non-Tax Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or the Liquidating Trustee, each such holder shall receive from the respective Debtor or the Liquidating Trust, as applicable: (i) payment in full in Cash in an amount equal to such Claim, payable on the latest of (A) the Effective Date, (B) the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or (C) the next Distribution Date after such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, paid (x) first out of the Wind Down Account, subject to the payment in full of Administrative Expense Claims, and pro rata with any Priority Tax Claims; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, from the Net Proceeds of Total Assets; or (ii) such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired. | Unimpaired | No (Presumed to Accept) |
| 2 | Secured Claims | Except to the extent that a holder of an Allowed Secured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to different treatment, on the latest of (x) the Effective Date, (y) the date that is ten (10) Business Days after the date such Secured Claim becomes an Allowed Claim, or (z) the next Distribution Date after such Secured Claim becomes an Allowed Secured Claim, each holder of an Allowed Secured Claim will receive from the Debtor against which its Secured Claim is Allowed, on account and in full satisfaction of such Allowed Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or Liquidating Trustee, as applicable: (i) Cash in an amount equal to the Allowed amount of such Secured Claim; (ii) transfer of the collateral securing such Secured Claim or the proceeds thereof in satisfaction of the Allowed amount of such Secured Claim; or (iii) such other treatment sufficient to render such holder's Allowed Secured Claim Unimpaired. | Impaired | Yes |

---

[3] The amounts set forth herein are estimates primarily based on the Debtors' books and records. Actual Allowed amounts will depend upon, among other things, final reconciliation and resolution of all Claims. Consequently, the actual Allowed Claim amounts may differ materially from these estimates.

| Claims and Interests for Kmart Stores of Illinois LLC | | | | |
| --- | --- | --- | --- | --- |
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[3] |
| 3 | PBGC Claims | In accordance with the PBGC Settlement, except to the extent otherwise expressly provided under the Plan Settlement as set forth in Section 9.2 of this Plan, PBGC shall receive from the Liquidating Trust, (i) the PBGC Liquidating Trust Priority Interest and (ii) in respect of the Allowed PBGC Unsecured Claims, subject to Section 9.2(a)(viii), PBGC's *Pro Rata* share of (w) Kmart IL Guarantee General Unsecured Liquidating Trust Interests; (x) Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; (y) the General Unsecured Liquidating Trust Interests; and (z) the Specified Unsecured Liquidating Trust Interests, in full and final satisfaction, settlement, release, and discharge of all PBGC Claims against Kmart Stores of Illinois LLC; provided, that for the avoidance of doubt, no Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 4(A) | General Unsecured Claims (other than Kmart WA Guarantee Claims) | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim (other than a Guarantee Claim) agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim (other than a Guarantee Claim), each such holder thereof shall receive its Pro Rata share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |

| | | Claims and Interests for Kmart Stores of Illinois LLC | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[3] |
| 4(B) | Guarantee Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed Guarantee Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed Guarantee Claim, each such holder thereof shall receive its Pro Rata share of: (i) Kmart IL Guarantee General Unsecured Liquidating Trust Interests; (ii) Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; (iii) the General Unsecured Liquidating Trust Interests; (iv) the Specified Unsecured Liquidating Trust Interests; and (v) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart IL Guarantee General Unsecured Liquidating Trust Interests and Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart IL Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 5 | ESL Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a holder of an Allowed ESL Unsecured Claim against Kmart Stores of Illinois LLC agrees with the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld)  prior to the Effective Date, provided, that, prior to the Effective Date, the Creditors' Committee shall have consent rights with respect to the Allowance or settlement of any ESL Unsecured Claims that were not Allowed pursuant to the Sale Order, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of such Allowed ESL Unsecured Claim, each such holder thereof shall receive its Pro Rata share of:  (i) Kmart IL Guarantee General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (ii) the General Unsecured Liquidating Trust Interests; and (iii) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart IL Guarantee General Unsecured Liquidating Trust Interests | Impaired | Yes |
| 6 | Intercompany Claims | On the Effective Date, pursuant to the Plan Settlement as provided in Section 9.2 of this Plan, except as provided in Section 9.2(e), no separate distributions shall be made under the Plan on account of Intercompany Claims, and such Claims shall be extinguished by distribution, contribution, or otherwise, in the discretion of the Debtors (subject to the Creditors' Committee Notice Procedures) and in accordance with section 9.2(a) of the Asset Purchase Agreement. | Impaired | No (Deemed to Reject) |

| | Claims and Interests for Kmart Stores of Illinois LLC | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[3] |
| 7 | Intercompany Interests | On or after the Effective Date, all Intercompany Interests shall be cancelled. Each such holder thereof shall neither receive nor retain any property of the Estate or direct interest in property of the Estate of the Debtors on account of such Intercompany Interest | Impaired | No (Deemed to Reject) |
| 8 | Subordinated Securities Claims | Holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Subordinated Securities Claims. On the Effective Date, all Subordinated Securities Claims shall be deemed cancelled without further action by or order of the Bankruptcy Court, and shall be of no further force and effect, whether surrendered for cancellation or otherwise | Impaired | No (Deemed to Reject) |

| Claims and Interests for Kmart of Washington LLC | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[4] |
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment of such Claim in full and final satisfaction, settlement, release, and discharge of such Allowed Priority Non-Tax Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or the Liquidating Trustee, each such holder shall receive from the respective Debtor or the Liquidating Trust, as applicable: (i) payment in full in Cash in an amount equal to such Claim, payable on the latest of (A) the Effective Date, (B) the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or (C) the next Distribution Date after such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, paid (x) first out of the Wind Down Account, subject to the payment in full of Administrative Expense Claims, and pro rata with any Priority Tax Claims; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, from the Net Proceeds of Total Assets; or (ii) such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired. | Unimpaired | No (Presumed to Accept) |
| 2 | Secured Claims | Except to the extent that a holder of an Allowed Secured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to different treatment, on the latest of (x) the Effective Date, (y) the date that is ten (10) Business Days after the date such Secured Claim becomes an Allowed Claim, or (z) the next Distribution Date after such Secured Claim becomes an Allowed Secured Claim, each holder of an Allowed Secured Claim will receive from the Debtor against which its Secured Claim is Allowed, on account and in full satisfaction of such Allowed Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or Liquidating Trustee, as applicable: (i) Cash in an amount equal to the Allowed amount of such Secured Claim; (ii) transfer of the collateral securing such Secured Claim or the proceeds thereof in satisfaction of the Allowed amount of such Secured Claim; or (iii) such other treatment sufficient to render such holder's Allowed Secured Claim Unimpaired. | Impaired | Yes |

---

[4] The amounts set forth herein are estimates primarily based on the Debtors' books and records.  Actual Allowed amounts will depend upon, among other things, final reconciliation and resolution of all Claims.  Consequently, the actual Allowed Claim amounts may differ materially from these estimates.

| Claims and Interests for Kmart of Washington LLC | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[4] |
| 3 | PBGC Claims | In accordance with the PBGC Settlement, except to the extent otherwise expressly provided under the Plan Settlement as set forth in Section 9.2 of this Plan, PBGC shall receive from the Liquidating Trust, (i) the PBGC Liquidating Trust Priority Interest and (ii) in respect of the Allowed PBGC Unsecured Claims, subject to Section 9.2(a)(viii), PBGC's Pro Rata share of (w) Kmart WA Guarantee General Unsecured Liquidating Trust Interests; (x) Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; (y) the General Unsecured Liquidating Trust Interests; and (z) the Specified Unsecured Liquidating Trust Interests, in full and final satisfaction, settlement, release, and discharge of all PBGC Claims against Kmart of Washington LLC; provided, that for the avoidance of doubt, no Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 4(A) | General Unsecured Claims (other than Kmart WA Guarantee Claims) | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim (other than a Guarantee Claim) agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim (other than a Guarantee Claim), each such holder thereof shall receive its Pro Rata share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |

| Claims and Interests for Kmart of Washington LLC | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[4] |
| 4(B) | Guarantee Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed Guarantee Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed Guarantee Claim, each such holder thereof shall receive its Pro Rata share of: (i) Kmart WA Guarantee General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (ii) Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; (iii) the General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (iv) the Specified Unsecured Liquidating Trust Interests; and (v) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart WA Guarantee General Unsecured Liquidating Trust Interests and Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Kmart WA Guarantee Specified Unsecured Liquidating Trust Interests or Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 5 | ESL Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a holder of an Allowed ESL Unsecured Claim against Kmart of Washington LLC agrees with the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld) prior to the Effective Date, provided, that, prior to the Effective Date, the Creditors' Committee shall have consent rights with respect to the Allowance or settlement of any ESL Unsecured Claims that were not Allowed pursuant to the Sale Order, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of such Allowed ESL Unsecured Claim, each such holder thereof shall receive its Pro Rata share of: (i) Kmart WA Guarantee General Unsecured Liquidating Trust Interests, including any Excess PBGC Amounts; (ii) the General Unsecured Liquidating Trust Interests; and (iii) any Excess PBGC Amounts that would have been distributed to PBGC on account of Kmart WA Guarantee General Unsecured Liquidating Trust Interests | Impaired | Yes |
| 6 | Intercompany Claims | On the Effective Date, pursuant to the Plan Settlement as provided in Section 9.2 of this Plan, except as provided in Section 9.2(e), no separate distributions shall be made under the Plan on account of Intercompany Claims, and such Claims shall be extinguished by distribution, contribution, or otherwise, in the discretion of the Debtors (subject to the Creditors' Committee Notice Procedures) and in accordance with section 9.2(a) of the Asset Purchase Agreement | Impaired | No (Deemed to Reject) |

| Claims and Interests for Kmart of Washington LLC | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[4] |
| 7 | Intercompany Interests | On or after the Effective Date, all Intercompany Interests shall be cancelled.  Each such holder thereof shall neither receive nor retain any property of the Estate or direct interest in property of the Estate of the Debtors on account of such Intercompany Interest | Impaired | No (Deemed to Reject) |
| 8 | Subordinated Securities Claims | Holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Subordinated Securities Claims.  On the Effective Date, all Subordinated Securities Claims shall be deemed cancelled without further action by or order of the Bankruptcy Court, and shall be of no further force and effect, whether surrendered for cancellation or otherwise | Impaired | No (Deemed to Reject) |

| Claims and Interests for Sears Holdings Corporation | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[5] |
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment of such Claim in full and final satisfaction, settlement, release, and discharge of such Allowed Priority Non-Tax Claim, at the option of the Debtors (subject to the reasonable consent of the Creditors' Committee) or the Liquidating Trustee, each such holder shall receive from the respective Debtor or the Liquidating Trust, as applicable: (i) payment in full in Cash in an amount equal to such Claim, payable on the latest of (A) the Effective Date, (B) the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or (C) the next Distribution Date after such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, paid (x) first out of the Wind Down Account, subject to the payment in full of Administrative Expense Claims, and pro rata with any Priority Tax Claims; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, from the Net Proceeds of Total Assets; or (ii) such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired. | Unimpaired | No (Presumed to Accept) |
| 2 | Secured Claims | Except to the extent that a holder of an Allowed Secured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to different treatment, on the latest of (x) the Effective Date, (y) the date that is ten (10) Business Days after the date such Secured Claim becomes an Allowed Claim, or (z) the next Distribution Date after such Secured Claim becomes an Allowed Secured Claim, each holder of an Allowed Secured Claim will receive from the Debtor against which its Secured Claim is Allowed, on account and in full satisfaction of such Allowed Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or Liquidating Trustee, as applicable: (i) Cash in an amount equal to the Allowed amount of such Secured Claim; (ii) transfer of the collateral securing such Secured Claim or the proceeds thereof in satisfaction of the Allowed amount of such Secured Claim; or (iii) such other treatment sufficient to render such holder's Allowed Secured Claim Unimpaired. | Impaired | Yes |

---

[5] The amounts set forth herein are estimates primarily based on the Debtors' books and records.  Actual Allowed amounts will depend upon, among other things, final reconciliation and resolution of all Claims.  Consequently, the actual Allowed Claim amounts may differ materially from these estimates.

| Claims and Interests for Sears Holdings Corporation | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[5] |
| 3 | PBGC Claims | In accordance with the PBGC Settlement, except to the extent otherwise expressly provided under the Plan Settlement as set forth in Section 9.2 of this Plan, PBGC shall receive from the Liquidating Trust, (i) the PBGC Liquidating Trust Priority Interest and (ii) in respect of the Allowed PBGC Unsecured Claims, PBGC's Pro Rata share of (x) the General Unsecured Liquidating Trust Interests and (y) the Specified Unsecured Liquidating Trust Interests, in full and final satisfaction, settlement, release, and discharge of all PBGC Claims against Sears Holdings Corp. | Impaired | Yes |
| 4 | General Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim, each such holder thereof shall receive its Pro Rata share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 5 | ESL Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a holder of an Allowed ESL Unsecured Claim against Sears Holdings Corp. agrees with the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld) prior to the Effective Date, provided, that, prior to the Effective Date, the Creditors' Committee shall have consent rights with respect to the Allowance or settlement of any ESL Unsecured Claims that were not Allowed pursuant to the Sale Order, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of such Allowed ESL Unsecured Claim, each such holder thereof shall receive its Pro Rata share of the General Unsecured Liquidating Trust Interests. | Impaired | Yes |
| 6 | Intercompany Claims | On the Effective Date, pursuant to the Plan Settlement as provided in Section 9.2 of this Plan, except as provided in Section 9.2(e), no separate distributions shall be made under the Plan on account of Intercompany Claims, and such Claims shall be extinguished by distribution, contribution, or otherwise, in the discretion of the Debtors (subject to the Creditors' Committee Notice Procedures) and in accordance with section 9.2(a) of the Asset Purchase Agreement. | Impaired | No (Deemed to Reject) |

| Claims and Interests for Sears Holdings Corporation | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[5] |
| 7 | Intercompany Interests | On or after the Effective Date, all Intercompany Interests shall be cancelled.  Each such holder thereof shall neither receive nor retain any property of the Estate or direct interest in property of the Estate of the Debtors on account of such Intercompany Interest | Impaired | No (Deemed to Reject) |
| 8 | Subordinated Securities Claims | Holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Subordinated Securities Claims.  On the Effective Date, all Subordinated Securities Claims shall be deemed cancelled without further action by or order of the Bankruptcy Court, and shall be of no further force and effect, whether surrendered for cancellation or otherwise | Impaired | No (Deemed to Reject) |
| 9 | Existing SHC Equity Interests | On the Effective Date, all Existing SHC Equity Interests shall be cancelled.  Each such holder thereof shall neither receive nor retain any property of the Estate or direct interest in property of the Estate of SHC on account of such Existing SHC Equity Interest | Impaired | No (Deemed to Reject) |

| Claims and Interests for All Other Debtors | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[6] |
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment of such Claim in full and final satisfaction, settlement, release, and discharge of such Allowed Priority Non-Tax Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or the Liquidating Trustee, each such holder shall receive from the respective Debtor or the Liquidating Trust, as applicable: (i) payment in full in Cash in an amount equal to such Claim, payable on the latest of (A) the Effective Date, (B) the date that is ten (10) Business Days after the date on which such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, or (C) the next Distribution Date after such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, paid (x) first out of the Wind Down Account, subject to the payment in full of Administrative Expense Claims, and pro rata with any Priority Tax Claims; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, from the Net Proceeds of Total Assets; or (ii) such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired. | Unimpaired | No (Presumed to Accept) |
| 2 | Secured Claims | Except to the extent that a holder of an Allowed Secured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to different treatment, on the latest of (x) the Effective Date, (y) the date that is ten (10) Business Days after the date such Secured Claim becomes an Allowed Claim, or (z) the next Distribution Date after such Secured Claim becomes an Allowed Secured Claim, each holder of an Allowed Secured Claim will receive from the Debtor against which its Secured Claim is Allowed, on account and in full satisfaction of such Allowed Claim, at the option of the Debtors (subject to the Creditors' Committee Notice Procedures) or Liquidating Trustee, as applicable: (i) Cash in an amount equal to the Allowed amount of such Secured Claim; (ii) transfer of the collateral securing such Secured Claim or the proceeds thereof in satisfaction of the Allowed amount of such Secured Claim; or (iii) such other treatment sufficient to render such holder's Allowed Secured Claim Unimpaired. | Impaired | Yes |

---

[6] The amounts set forth herein are estimates primarily based on the Debtors' books and records. Actual Allowed amounts will depend upon, among other things, final reconciliation and resolution of all Claims. Consequently, the actual Allowed Claim amounts may differ materially from these estimates.

| Claims and Interests for All Other Debtors | | | | |
|---|---|---|---|---|
| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan[6] |
| 3 | PBGC Claims | In accordance with the PBGC Settlement, except to the extent otherwise expressly provided under the Plan Settlement as set forth in Section 9.2 of this Plan, PBGC shall receive from the Liquidating Trust, (i) the PBGC Liquidating Trust Priority Interest and (ii) in respect of the Allowed PBGC Unsecured Claims, PBGC's Pro Rata share of (x) the General Unsecured Liquidating Trust Interests and (y) the Specified Unsecured Liquidating Trust Interests, in full and final satisfaction, settlement, release, and discharge of all PBGC Claims against any Debtor (other than Kmart Corp., Kmart Stores of Illinois LLC, Kmart of Washington LLC, and Sears Holdings Corp.) for which the Plan is confirmed | Impaired | Yes |
| 4 | General Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan, except to the extent that a holder of an Allowed General Unsecured Claim agrees with the Debtors (subject to the Creditors' Committee Notice Procedures) prior to the Effective Date, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of an Allowed General Unsecured Claim, each such holder thereof shall receive its Pro Rata share of (i) the General Unsecured Liquidating Trust Interests and (ii) the Specified Unsecured Liquidating Trust Interests; provided, that for the avoidance of doubt, no Specified Unsecured Liquidating Trust Interests shall be granted to holders of Allowed ESL Unsecured Claims | Impaired | Yes |
| 5 | ESL Unsecured Claims | Subject to the Plan Settlement as provided in Section 9.2 of this Plan and section 9.13(c) of the Asset Purchase Agreement, except to the extent that a holder of an Allowed ESL Unsecured Claim against all Debtors other than (i) Kmart Corp., (ii) Kmart Stores of Illinois LLC, (iii) Kmart of Washington LLC, and (iv) Sears Holdings Corp., agrees with the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld) prior to the Effective Date, provided, that, prior to the Effective Date the Creditors' Committee shall have consent rights with respect to the Allowance or settlement of any ESL Unsecured Claims that were not Allowed pursuant to the Sale Order, or the Liquidating Trust after the Effective Date, to less favorable treatment, in full and final satisfaction, settlement, release, and discharge of such Allowed ESL Unsecured Claim, each such holder thereof shall receive its Pro Rata share of the General Unsecured Liquidating Trust Interests | Impaired | Yes |

| | | **Claims and Interests for All Other Debtors** | | |
|---|---|---|---|---|
| **Class** | **Claim or Interest** | **Treatment** | **Impaired or Unimpaired** | **Entitlement to Vote on the Plan**[6] |
| 6 | Intercompany Claims | On the Effective Date, pursuant to the Plan Settlement as provided in Section 9.2 of this Plan, except as provided in Section 9.2(e), no separate distributions shall be made under the Plan on account of Intercompany Claims, and such Claims shall be extinguished by distribution, contribution, or otherwise, in the discretion of the Debtors (subject to the Creditors' Committee Notice Procedures) and in accordance with section 9.2(a) of the Asset Purchase Agreement | Impaired | No (Deemed to Reject) |
| 7 | Intercompany Interests | On or after the Effective Date, all Intercompany Interests shall be cancelled. Each such holder thereof shall neither receive nor retain any property of the Estate or direct interest in property of the Estate of the Debtors on account of such Intercompany Interest | Impaired | No (Deemed to Reject) |
| 8 | Subordinated Securities Claims | Holders of Subordinated Securities Claims shall not receive or retain any property under the Plan on account of such Subordinated Securities Claims. On the Effective Date, all Subordinated Securities Claims shall be deemed cancelled without further action by or order of the Bankruptcy Court, and shall be of no further force and effect, whether surrendered for cancellation or otherwise | Impaired | No (Deemed to Reject) |

# Annex B[1]

# Select Plan Provisions

## Select Defined Terms

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members in their official capacity; (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan.  For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; (e) with respect to each of the foregoing entities in clauses (a) through (d), all Related Parties; provided, that, with respect to each of the foregoing entities in clause (c) and (d), each shall not be released for any post-Effective Date conduct;  provided, further, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 15.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

**Section 15.7 of the Plan: Term of Injunctions or Stays**: Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

**Section 15.8 of the Plan: Injunction**: (a) Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan; (b) Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan)

---

[1] **Annex B** is qualified in its entirety by reference to the Plan.

and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trust or the property of any of the Debtors or the Liquidating Trust, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trust or the property of any of the Debtors or the Liquidating Trust, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trust or the property of any of the Debtors or the Liquidating Trust, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trust or against property or interests in property of any of the Debtors or the Liquidating Trust; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (c) By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 15.8; (d) The injunctions in this Section 15.8 shall extend to any successors of the Debtors and their respective property and interests in property.

**Section 15.9 of the Plan: Releases**: (a) Debtor Release. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trust, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trust, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 15.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action. For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement. The foregoing releasing parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 15.9(a) against each of the Released Parties. (b) Third Party Releases. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "Releasing Parties"): (i) the holders of all Claims who vote to accept the Plan, (ii) the holders of Claims who reject the Plan or abstain from voting on the Plan and do not opt out of these releases on the Ballots, (iii) each of the Released Parties (other than the Debtors), and (iv) with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases; in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part,

2

the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 15.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 15.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action. The Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 15.9(b) against each of the Released Parties. For the avoidance of doubt, notwithstanding anything to the contrary herein, the releases set forth in Section 15.9(b) of the Plan shall not apply to any investor that does not qualify as an "Accredited Investor" (within the meaning of rule 501(a) of Regulation D of the Securities Act of 1933).

**Section 15.10 of the Plan: Exculpation**:  To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

**Section 15.11 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims**:  Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "D&O Insurance Coverage"). No party, including the Liquidating Trust, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers on account of any Preserved Cause of Action except to the extent necessary to trigger the D&O Insurance Coverage. In the event D&O Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.