**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :     **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                    :
                                                             :     **Case No. 18-23538 (RDD)**
                                                             :
           Debtors.[1]                                       :     **(Jointly Administered)**
------------------------------------------------------------ x

**ORDER APPROVING DEBTORS' MOTION FOR AUTHORITY**
**TO ASSUME CONTRACT WITH MEGAN FOX KELLY ART ADVISORY**

Upon the motion, dated June 27, 2019 (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to assume the MFK Contract, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and counsel for the Debtors having certified that there were no objections to the Motion; and it appearing that no other or further notice or a hearing on the Motion is required; and, after due deliberation the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in that (a) the non-Debtor party to the MFK Contract is not a professional required to be retained under 11 U.S.C. § 327 and (b) the assumption of the MFK Contract is a proper exercise of good business judgment; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Assumption of the MFK Contract is authorized and approved pursuant to section 365(a) of the Bankruptcy Code, effective as of the date hereof.

3. Within five (5) business days of the date of entry of this Order, the Debtors shall pay $10,253.57 (the "**Cure Amount**") to MFK Advisory, which payment shall constitute full and final satisfaction of any and all defaults under the MFK Contract, including amounts required to be paid to cure the Debtors' defaults pursuant to Bankruptcy Code section 365(b), whether monetary or non-monetary.

4. Following the payment of the Cure Amount, MFK Advisory shall be forever barred, estopped, and permanently enjoined from asserting against the Debtors, their successors or assigns, or the property of any of them, any default existing under the MFK Contract as of the Commencement Date.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

6. The 14-day stay of this Order under Fed. R. Bankr. P. 6006(d) is waived, for cause, and this Order shall become effective immediately upon its entry.

7. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July 16, 2019
      White Plains, New York

/s/Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE