## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>SEARS HOLDING CORPORATION, INC, ET AL.,<br><br>Debtors<br>---<br>DELIA TORRES CARRILLO<br><br>Movant<br><br>SEARS HOLDING CORPORATION and US TRUSTEE WILLIAM K. HARRINGTON as overseer.<br><br>Respondent (s) | FILED<br>U.S. BANKRUPTCY COURT<br><br>2019 JUL -1  P 4: 42<br><br>CASE NO. 18-23538 (RDD)<br>S.D. OF N.Y.<br><br>CHAPTER 11 |

**MOTION TO SET ASIDE AUTOMATIC STAY UNDER 11 USC 362(d)(1)**
**AND FOR FURTHER RELIEF**

**TO THE HONORABLE COURT:**

**COMES NOW, DELIA TORRES CARRILLO**, creditor and party in interest, through the undersigned counsel, and very respectfully STATES and PRAYS:

1. That Delia Torres Carrillo is a creditor and party in interest in the above captioned case, having filed a State Court civil case against debtor Kmart Operations, LLC, case number GB2019CV00355, *Delia Torres Carrillo v. Kmart Operations, LLC y otros*, Bayamón Superior Court of the Commonwealth of Puerto Rico, for torts.

2. Debtor-Respondent Sears Holdings Corporation, Inc., et al., has filed bankruptcy proceedings under case docket number 18-23538 (RDD).

1

3. That the civil case in the Bayamón Superior Court has been/will be stayed pending the outcome of the present bankruptcy proceedings.

4. That it is imperative that the civil State Court case be resolved in order to allow the State Court to issue a Judgment and determine the amount of Movant's claim against the estate in the instant bankruptcy case.

5. That in the event the Bankruptcy Court allows Movant to pursue her civil State Court case, the Bankruptcy Court will retain jurisdiction over the subject matter for any Judgment, Order, and/or Resolution issued by the Bayamón Superior Court of Puerto Rico or any other State Court where this matter may be litigated.

6. That Movant's cause of action arose before this bankruptcy case filing, and in that sense her claim is part of the estate. (See attach complaint in Bayamón Superior Court)

7. Movant herein prays for an order lifting the automatic stay under Section 362(d)(1) in order to allow movant to proceed with the State Court litigation, provided that the Bankruptcy Court will retain jurisdiction over the subject matter for any Judgment, Order, and/or Resolution issued by the Bayamón Superior Court of Puerto Rico or any other State Court where this matter may be litigated.

8. Movant respectfully submits that there are sufficient grounds to grant the lifting of the stay for "cause" based on the need to determine the amount of this claim in the instant case. The debtor will not be prejudiced with the lifting of the stay as herein requested since the Bankruptcy Court will retain subject matter jurisdiction as herein stated.

**WHEREFORE**, Movant respectfully prays for an order relieving her from the stay under Section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. §362(d)(1), authorizing movant to proceed with the State Court action, retaining the Bankruptcy Court jurisdiction over the subject matter for any Judgment entered in said State proceedings.

**CERTIFICATE OF SERVICE** that on this same date a copy of this motion was sent via email to Stacey Leinheiser, from Sears Holding at legalint@searshc.com

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this June 27th, 2019.

/s/MANUEL COBIAN ROIG
USDC NO. 220005
Attorney for Creditor
PO Box 177
Guaynabo, PR  00970
Phone (787) 402-6944
Mobile (787) 248-8933
E-mail: manuelcobianroig@gmail.com

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA DE SAN JUAN**

| | |
|---|---|
| DELIA TORRES CARRILLO<br><br>Demandante<br><br>Vs.<br><br>KMART OPERATIONS, LLC.;<br>ASEGURADORA DE NOMBRE<br>DESCONOCIDO; CORPORACIÓN X;<br>ASEGURADORAS "A, B Y C"; JOHN DOE;<br>JANE ROE;<br><br>Demandados | CIVIL NUM.<br><br>SOBRE:<br><br>DAÑOS Y PERJUICIOS |

## PRIMERA DEMANDA ENMENDADA

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, a través de su representación legal que suscribe, y ante este Honorable Tribunal muy respetuosamente **EXPONE, ALEGA** y **SOLICITA:**

1. La parte demandante, **DELIA TORES CARRILLO**, mayor de edad y vecina de Barrio Santa Rosa, 3 Calle Marta Ortiz #74 y con dirección postal; HC-5 Box 7541, Guaynabo P.R. 00971.

2. La parte demandada **KMART OPERATIONS, LLC** es una corporación o ente jurídico organizado y/o haciendo negocios de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandado, y es dueña y/o arrendatario con el control, operación y/o mantenimiento de la propiedad donde ocurrió el accidente, y es responsable por todos o parte de los daños sufridos por la parte demandante. Sus oficinas principales se encuentran en la jurisdicción de San Juan. Su agente residente en Puerto Rico es **HÉCTOR ZARAGOZA**. La dirección física y postal, respectivamente, de esta para los trámites legales correspondientes es: 9410 Los Romeros Ave., 2nd Floor Kmart, San Juan, Puerto Rico 00926; PO Box 3670302, San Juan, Puerto Rico 00936-7302. Teléfono: (939) 205-2029.

3. La co-demandada **ASEGURADORA DE NOMBRE DESCONOCIDO** es una corporación o ente jurídico organizado y/o haciendo negocios de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandados, y es la compañía aseguradora que tenía expedida una póliza de seguros a favor de la parte co-demandada **KMART OPERATIONS, LLC,** la cual estaba en vigor para la fecha de los hechos, por lo que cubre los daños alegados en la presente

Demanda, y es responsable por todos o parte de los daños sufridos por la parte Demandante. Se le denomina en este momento por nombre ficticio por desconocerse el verdadero y se hará la correspondiente sustitución de parte, una vez se conozca su verdadera identidad.

4. La **CORPORACIÓN "X"** es una entidad corporativa debidamente registrada a tenor con las leyes del Estado Libre Asociado de Puerto Rico con capacidad para demandar y ser demandada, al momento de los hechos era dueña y/o arrendatario y tiene control, operación y/o mantenimiento sobre la propiedad donde ocurrió el accidente y es responsable por todos o parte de los daños sufridos por la parte demandante. Se le denomina en este momento por nombre ficticio por desconocerse el verdadero y se hará la correspondiente sustitución de parte, una vez se conozca su verdadera identidad.

5. Las **ASEGURADORAS "A, B y C"** son las compañías aseguradoras de nombre desconocido que para la fecha de los hechos tenían expedidas pólizas a favor de cualesquiera de los co-demandados que cubren los hechos a los que se refiere la presente demanda y se hará la correspondiente sustitución de parte, una vez se conozcan sus verdaderas identidades.

6. **JOHN DOE y JANE ROE**, son cualesquiera personas naturales, jurídicas, agencias privadas o gubernamentales, municipios o entidades que pudiesen ser responsables a los aquí demandantes, o en alguna otra manera fuesen responsables ante los hechos que aquí se relatan, y se les denomina en este momento por nombres ficticios por desconocerse los verdaderos, los cuales se notificarán tan pronto se identifiquen.

7. El 7 de agosto de 2018, en horas de la tarde la demandante, Delia Torres Carrillo ("la demandante"), se encontraba visitando la tienda por departamento Kmart, en la demarcación territorial del Municipio de Guaynabo, específicamente en Plaza Guaynabo, para efectuar sus compras de artículos de primera necesidad. La dirección física de dicha tienda es, PR 20, Esmeralda, Guaynabo, P.R. 00970, con número telefónico (787) 287-9797.

8. Una vez la demandante pasea cuidadosamente por la tienda Kmart de Plaza Guaynabo y mientras efectuaba sus compras de sus artículos, se resbaló debido a un

2

líquido transparente y/o jabón líquido y/o aceite y/o sucio. Acto seguido, la demandante cae súbitamente al suelo, impactando su cabeza, espalda y cuello.

9. A raíz del incidente, la demandante tuvo que ser atendida en el lugar de los hechos y por ende, ser trasladada por su esposo, el señor Hernán Arroyo, a la Sala de Emergencias del Guaynabo Medical Mall (Provider), donde le hicieron todos los exámenes de rigor. La demandante sufrió traumas en su cuerpo, específicamente en toda la espalda, brazo derecho, cuello y cabeza, por lo que luego de ser dada de alta de Sala de Emergencias y tuvo que acudir a recibir tratamiento médico especializado, como terapias físicas. Hasta el día de hoy, la señora Torres Carrillo ha recibido un total de nueve (9) sesiones de terapias físicas directamente relacionadas con la dolorosa caída. Además, tendrá que seguir recibiendo tratamiento médico futuro debido al incidente que concierne esta Demanda.

10. A su vez, la demandante ha sufrido angustias mentales, pues a consecuencia de este accidente su estado de ánimo ha estado decaído y sus relaciones de familia, de trabajo, de pareja y, en general, su habilidad para disfrutar su vida, se han visto afectadas. Específicamente, al no poder realizar actividades cotidianas como antes por las constantes molestias en su cuerpo. Por ejemplo, su productividad ha disminuido, ya que no puede realizar los quehaceres del hogar con la misma facilidad, tiene dificultad al dormir, y no puede estar sentada ni parada por mucho tiempo. Además, vive angustiada al saber que sufrirá de alguna incapacidad o impedimento por el resto de su vida, aunque esto aún no ha sido calculado.

11. Como parte de su tratamiento, la parte demandante ha tenido que sufragar varios gastos médicos los cuales hasta el día de hoy siguen en aumento.

12. El accidente antes relatado se debió única y exclusivamente a la negligencia de la co-demandada, **KMART OPERATIONS, LLC** por la omisión y negligencia de sus funcionarios, oficiales, suplidores, contratistas independientes, arrendatarios y/o empleados, al no cumplir con su responsabilidad de proteger a sus clientes de daños, permitir que existiese una condición peligrosa mientras sabían o debían saber sobre la misma y por no cumplir con un estándar mínimo de cuidado al brindar el debido mantenimiento a los pasillos, específicamente al no percatarse y/o advertir del peligro que conllevaba que los pasillos se encontrasen mojados, sucios y/o extremadamente resbalosos, lo que causó que la demandante se resbalara, cayera al suelo y se

infligiera daños. Por todo lo anterior, debe responder por todos los daños de la parte demandante.

13. Los daños físicos y angustias mentales y emocionales sufridos por la demandante, Delia Torres Carrillo se estiman en una suma no menor de **CIENTO CINCUENTA MIL DÓLARES ($150,000.00)**, por los gastos médicos que la parte demandante ha tenido que incurrir hasta el día de hoy se reclama una suma no menor de **MIL DÓLARES ($1,000.00)**, para un total de **CIENTO CINCUENA Y UN MIL DÓLARES ($151,000.00)**, suma que no excluye y no da por renunciados los gastos médicos en que esta habrá de incurrir en el futuro a causa del accidente objeto de la presente causa de acción ni la pérdida de ingresos futuros que habrán de sufrir los demandantes a raíz de sus ausencias al trabajo para acudir a citas médicas.

**POR TODO LO CUAL**, muy respetuosamente solicitamos de este Honorable Tribunal, declare "Con Lugar" la presente Demanda, y en su consecuencia ordene a los co-demandados a pagar solidariamente a la parte demandante las sumas alegadas en la presente causa de acción, más una suma adicional por concepto de costas, gastos y honorarios de abogado; con cualquier pronunciamiento que en Derecho proceda.

En Guaynabo, Puerto Rico, hoy 1 de abril de 2019.

f/MANUEL COBIAN ROIG
*RUA Núm. 14,384*
PO Box 177, Guaynabo, PR 00970
Tel. (787) 402-6944
Cel. (787) 248-8933
e-mail: manuelcobianroig@gmail.com

4