UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                                            :
                                                                                    :     Chapter 11
**SEARS HOLDINGS CORPORATION**, *et al.*,   :
                                                                                    :     Case No. 18-23538 (RDD)
                                                                                    :
                    Debtors.[1]                                         :     (Jointly Administered)
------------------------------------------------------------ x

## ORDER APPROVING THE REJECTION OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH (3701 BROADWAY STREET, QUINCY ILLINOIS)

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Rejection Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**"), the Debtors having properly filed with this Court and served on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

Rejection Notice Parties a notice, dated April 30, 2019 (ECF No. 3449) (the "**Rejection Notice**") of the intent of Kmart Stores of Illinois LLC ("**Debtor Tenant**"), to reject the lease (the "**Lease**") with Certified Capital, LP ("**Certified**") for Store No. 4433 located at 3701 Broadway Street in Quincy, Illinois (the "**Property**") and to abandon any property remaining at the Property on the Rejection Date that the Debtor Tenant determines is too difficult to remove or expensive to store; and the Debtors' having filed the *Stipulation, Agreement and Order Authorizing the Debtor to Assume and Assign Unexpired Nonresidential Real Property Lease (3701 Broadway Street, Quincy Illinois)* (ECF No. 3970) providing for the assignment of the Lease from Debtor Tenant to Broadway and 36th GP (the "**Proposed New Tenant**"); and the Victor Reagan Family Trust (the "**Trust**"), master landlord for the master lease between the Trust as master landlord and Certified as master tenant for the Property having filed the *Objection to Stipulation, Agreement and Order Authorizing the Debtor to Assume and Assign Unexpired Nonresidential Real Property Lease (3701 Broadway Street, Quincy Illinois)* (the "**Objection**"); and Certified, the Proposed New Tenant, and the Trust having resolved the Objection by an agreement that includes the rejection and termination of the Lease; and the Debtor Tenant having no opposition to the rejection and termination of the Lease in accordance with the Rejection Procedures Order and the Rejection Notice; and the notice of the rejection of the Lease having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested is in the best interests of the Debtor Tenant, its estate, its creditors, and all parties in interest, and a proper exercise of business judgment; and after due deliberation and sufficient cause appearing therefor,

                    **IT IS HEREBY ORDERED THAT:**

1. The Lease is hereby rejected pursuant to 11 U.S.C. § 365 and as set forth herein, effective as of April 30, 2019 (the "**Rejection Date**").

2. Any and all personal property remaining at the Property as of the Rejection Date shall be deemed abandoned pursuant to 11 U.S.C. § 554 upon the Rejection Date and as contemplated by the Rejection Procedures Order and herein without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

3. With respect to any assets abandoned at the Property, Certified shall be free, notwithstanding the automatic stay, to dispose of such property without liability to any party (including any third parties) and without further notice or order of the Court; and Certified's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

4. To the extent applicable, relief from automatic stay in effect pursuant to 11 U.S.C. § 362 in the Debtor Tenant's case is granted solely for the purpose of terminating the Lease, and the Lease is hereby terminated effective as of April 30, 2019.

5. <u>If any affected non-Debtor party (each, a "**Counterparty**") to the Lease asserts a claim against the Debtors arising from the rejection of the Lease, the Counterparty shall submit a proof of claim on or before the date that is thirty (30) days after the entry of this Order. If a Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection of the Lease, absent further order of this Court to the contrary.</u>

6. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any

claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

8. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: July 17, 2019
      White Plains, New York

                                       /s/Robert D. Drain
                                       THE HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE