UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                               :
                                                    :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                 :
                                                    :        Case No. 18-23538 (RDD)
                                                    :
         Debtors.[1]                                :        (Jointly Administered)
---------------------------------------------------------------x

**ORDER APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS**

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish Procedures for Rejection of Executory Contracts* (ECF No. 3044) (the "**Rejection Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice, dated June 21, 2019 (the "**Rejection Notice**") of their intent to reject certain executory contracts identified on **Schedule 1** attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

hereto (the "**Contracts**") in accordance with the terms of the Rejection Procedures Order under 11 U.S.C. § 365; and such notice having been adequate and appropriate under the circumstances; and no timely objections having been filed to the Rejection Notice; and it appearing that no other or further notice or hearing is required; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that such rejection is a proper exercise of good business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Contracts set forth on **Schedule 1** attached hereto are hereby rejected pursuant to 11 U.S.C. § 365, effective as of the Rejection Date set forth on such Schedule.

2. <u>If any affected non-Debtor party (each, a "**Counterparty**") to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty shall submit a proof of claim on or prior to thirty (30) days after the entry of this Order. If a Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection of their Contract.</u>

3. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

5. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: July 17, 2019
     White Plains, New York

/s/ Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE