**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION TO SEAL PORTIONS OF THE DECLARATION OF
MICHAEL JERBICH IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY TO
MOAC MALL HOLDINGS LLC'S (I) OBJECTION TO SUPPLEMENTAL NOTICE OF
CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH
GLOBAL SALE TRANSACTION, (II) SECOND SUPPLEMENTAL AND AMENDED:
(A) OBJECTIONS TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF
ADDITIONAL DESIGNATABLE LEASES, AND (B) OBJECTION TO DEBTOR'S
STATED CURE AMOUNT, AND (III) THIRD SUPPLEMENTAL AND AMENDED
OBJECTIONS TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT
<u>OF ADDITIONAL DESIGNATABLE LEASES</u>**

Upon the motion, dated July 8, 2019 ("**Motion to Seal**")[2] of Transform Holdco LLC (the

"**Buyer**"), for itself and on behalf of its affiliate Transform Leaseco LLC, as buyer of substantially

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein have the meaning provided to them in the Motion to Seal.

all of the Debtors' assets under the Sale Order (ECF No. 2507),[3] for entry of an order authorizing

Buyer to file the Declaration under seal and to file the Declaration on the public docket of this case

with redactions indicated in the Motion; and the Court having found that it has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) as a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having found that Buyer provided appropriate notice of the

Motion to Seal and that no other notice or hearing is required; and, after due deliberation, the Court

having determined that proposed redacted information is properly protected commercial

information under 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. P. 9018 and Local Bankruptcy Rule

9018-1 and, therefore, that the legal and factual bases set forth in the Motion to Seal establish just

cause for the relief granted herein; now, therefore, it is hereby

ORDERED THAT:

    1.      The Motion to Seal is granted as set forth herein.

    2.      Buyer is authorized (a) to file the Declaration on the public docket of this case with

the redactions indicated in the Motion and (b) to file the unredacted Declaration under seal (the

"**Sealed Document**") pursuant to 11 U.S.C. § 107(b), Bankruptcy Rule 9018, and Local

Bankruptcy Rule 9018-1 by transmitting to the Clerk of the Court, by hard copy or email, in each

case labeled "TO BE FILED UNDER SEAL," (i) the Sealed Document and (ii) a copy of this

Order.

    3.      Except upon further order of the Court after notice to Buyer, the Sealed Document

shall remain under seal, and shall not be made available to anyone without the consent of Buyer,

---

[3]    The Sale Order, titled *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*, was entered on February 8, 2019.

except that unredacted copies of the Sealed Document shall be provided to (a) the Court, (b) the

Office of the United States Trustee for Region 2, (c) counsel and financial advisors to the Debtors

(on a confidential and "professional eyes only" basis), (d) MOAC and (e) any other party as may

be ordered by the Court or agreed to by Buyer, in each case, under appropriate confidentiality

agreements satisfactory to Buyer.  Each party to whom disclosure is made shall keep the Sealed

Document confidential.

4.      Buyer is authorized to take all actions it deems necessary to effectuate the ruling

set forth in this Order.

5.      This Order is without prejudice to the rights of any party in interest, including the

United States Trustee, to seek to unseal the Sealed Document or any part thereof.

6.      Counsel for Buyer shall contact the Clerk's Office regarding the return or

disposition of the Sealed Document within 10 days after the assumption and assignment or

rejection of all relevant executory contracts and leases.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: July 17, 2019
       White Plains, New York

                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

3