Presentment Date and Time: July 26, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: July 25, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Announced

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (646)-848-7179
Fredric Sosnick
Sara Coelho

*Attorneys for SHO*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| Debtors.[1] | : | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND
ORDER BY AND AMONG SEARS HOLDINGS CORPORATION, SEARS,
ROEBUCK AND CO., TRANSFORM HOLDCO, LLC, AND SEARS HOMETOWN
AND OUTLET STORES, INC. FOR APPROVAL OF DELIVERY OF DEED**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Sears Hometown and Outlet Stores, Inc. ("**SHO**") will present the attached stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **July 26, 2019 at 10:00 a.m (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement, and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain so as to be received by **July 25, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Stipulation, Agreement, and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Stipulation, Agreement, and Order at a time and date to be determined before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: July 18, 2019
      New York, New York

      /s/ *Fredric Sosnick*
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (646)-848-7179
Fredric Sosnick
Sara Coelho

*Attorneys for SHO*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
                                                            :    **(Jointly Administered)**
                Debtors.[1]                                 :
------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**BY AND AMONG SEARS HOLDINGS CORPORATION, SEARS,**
**ROEBUCK AND CO., TRANSFORM HOLDCO, LLC, AND SEARS HOMETOWN**
**AND OUTLET STORES, INC. FOR APPROVAL OF DELIVERY OF DEED**

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into between Sears Holdings Corporation ("**Sears Holdings**"), Sears, Roebuck and Co. ("**Sears Roebuck**"), Transform Holdco, LLC (the "**Buyer**") and Sears Hometown and Outlet Stores, Inc. ("**SHO**"). Sears Holdings, Sears Roebuck, the Buyer, and SHO are collectively referred to in this Stipulation, Agreement, and Order as the "Parties" and each as a "Party." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# RECITALS

A.    On August 8, 2012, SHO entered into that certain Separation Agreement with Sears Holdings (as amended, restated, supplemented or otherwise modified, the "**Separation Agreement**"), that provided a framework for the separation of both the Sears Hometown and Hardware business and the Sears Outlet business from Sears Holdings (the "**Separation**"). In October 2012, the Separation of SHO from Sears Holdings was completed via a rights offering. Since that time, SHO has operated its business independently of Sears Holdings.

B.    Pursuant to the terms of the Separation Agreement, Sears Holdings was obligated to, among other things, convey to SHO "via a quit-claim deed, title to the buildings, structures, and improvements (that includes all existing easements and development rights, to the extent they exist)" associated with ground leases for the property located in Norristown, Pennsylvania (the "**Norristown Property**") (Amendment No.1 to Separation Agreement, dated as of December 9, 2013). Pursuant to the terms of the Separation Agreement, after June 2015, Sears Roebuck was to assign to Sears Authorized Hometown Stores, LLC, an affiliate of SHO, Sears Roebuck's right to enter into a ground lease for the property.

C.    On or about June 16, 2015, Sears Roebuck provided the required quitclaim deed (the "**Norristown Deed**") to SHO, following which SHO attempted to record the Norristown Deed with the Montgomery County, Pennsylvania recorder's office. The Norristown Deed ultimately was rejected for filing by the recorder's office on technical grounds. The failure to record the Norristown Deed successfully in 2015 became apparent to SHO in March 2019, when SHO sought to close a transaction involving the Norristown Property with a third party (the "**SHO Norristown Transaction**").

D.    Beginning on October 15, 2018 and continuing thereafter, Sears Holdings and each of its debtor affiliates (collectively, the "**Debtors**") commenced with this Court a voluntary case

2

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E.    In January 2019, the Debtors and the Buyer entered into that certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Transform Holdco LLC, Sears Holdings Corporation and certain of its subsidiaries party thereto (as amended, restated, supplemented or otherwise modified, the "**APA**"). The Debtors' entry into, and performance under, the APA was authorized and approved pursuant to the Bankruptcy Court's *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief*, dated February 8, 2019 [ECF No. 2507] (the "**Sale Order**"). The Sale Order authorized and approved, among other things, the assumption and assignment of the Separation Agreement from the Debtors to the Buyer. On February 11, 2019, the Debtors and the Buyer closed the transactions contemplated by the APA.

F.    Notwithstanding the assumption and assignment of the Separation Agreement, SHO's counter-party to the SHO Norristown Transaction, as well as that party's title insurance company, have required (i) that SHO obtain a new Norristown Deed (the "**New Norristown Deed**") from Sears Roebuck, in the form annexed hereto as Exhibit 1; and (ii) evidence of the Bankruptcy Court's approval of the delivery of the New Norristown Deed to SHO and SHO's recordation of the same.

3

G.  In furtherance of the Buyer's obligations under the Separation Agreement, and Sears Roebuck's continued obligations under the APA, Sears Roebuck has agreed to deliver a New Norristown Deed to SHO in recordable form.

H.  In connection with the foregoing matter, the Parties have agreed, subject to approval of the Bankruptcy Court, to the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND, UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.  Upon the Effective Date, Sears Roebuck shall provide to SHO the New Norristown Deed, in the form annexed hereto as <u>Exhibit 1</u>, which covers title to the buildings, structures, and improvements (including all existing easements and development rights, to the extent they exist) associated with the Norristown Property. The New Norristown Deed shall be free of any claims or interests of the Debtors' estates, and no further order or relief from the Bankruptcy Court or any other act is necessary for SHO to hold and to exercise the rights derived from such title without restriction, including the rights to record the New Norristown Deed.

3.  Upon the Effective Date, all acts contemplated by this Stipulation, Agreement, and Order, including delivery of the New Norristown Deed from Sears Roebuck to SHO, and SHO's recordation of the same, are authorized and approved.

4.  Each of the undersigned who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

5. This Stipulation, Agreement, and Order contains the entire agreement among the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof, other than the Separation Agreement.

6. This Stipulation, Agreement, and Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

8. This Stipulation, Agreement, and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

9. In the event that this Stipulation, Agreement, and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall prejudice the rights of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation, Agreement, and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under their agreements and applicable law shall remain unaffected by this Stipulation, Agreement, and Order.

*[Remainder of page left intentionally blank.]*

Dated: July 17, 2019

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| By: /s/ *Jacqueline Marcus* | By: /s/ *Luke A. Barefoot* |
| 767 Fifth Avenue | One Liberty Plaza |
| New York, New York 10153 | New York, NY 10006 |
| Telephone (212) 310-8000 | Telephone: (212) 225-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 225-3999 |
| *Attorneys for the Debtors and Debtors-in-Possession* | *Attorneys for the Buyer* |
| | **SHEARMAN & STERLING LLP** |
| | By: /s/ *Fredric Sosnick* |
| | 599 Lexington Avenue |
| | New York, New York, 10022 |
| | Telephone: (212) 848-4000 |
| | Facsimile: (646)-848-7179 |
| | *Attorneys for SHO* |

SO ORDERED this_____day of July 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1
## QUITCLAIM DEED



*Above Space for Recorder's use only*

# QUIT CLAIM DEED

Parcel ID# 33-00-02063-00-1

**PREPARED BY:**

Dykema Gossett PLLC
Kyle R. Hauberg, Esq.
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
248-203-0871

**AFTER RECORDING MAIL TO:**

Dykema Gossett PLLC
Kyle R. Hauberg, Esq.
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304

THE GRANTOR, **SEARS, ROEBUCK AND CO.**, a New York corporation, having an address of 3333 Beverly Road, Hoffman Estates, Illinois 60179, for the consideration of Ten and no/100 DOLLARS ($10.00), CONVEYS and QUIT CLAIMS to **SEARS HOMETOWN AND OUTLET STORES, INC.**, a Delaware corporation, GRANTEE, whose principal address is 5500 Trillium Blvd., Suite 501, Hoffman Estates, Illinois 60192, the following:

> Fee title to all of the buildings, structures and other improvements on that certain tract or parcel of land lying and being in East Norriton Township, Montgomery County, Pennsylvania, as more particularly described in **Exhibit A** annexed hereto and by this reference made a part hereof (the "Land") and all equipment, machinery and other personal property (other than telephone equipment, signs, movable partitions, display racks, shelves and other trade fixtures) affixed thereto

WEIL:\97088676\1\73217.0004

or located therein and forming a part of such buildings, structures and other improvements (collectively, the "Improvements") located on the Land; BEING the same Improvements which Four Property Limited Partnership, a Delaware limited partnership, by Special Warranty Deed bearing date March 20, 2001 and recorded April 17, 2001 in the Montgomery County Commissioners Registry Deed Book Volume 5356, Pages 1266-1271 granted to the said Grantor.

**TOGETHER WITH** all access, common-areas, overflow-parking, sign-pylon, utility and other easements and rights of way appurtenant to and for the benefit of the Land and/or the Improvements, all rights to use parking spaces, exclusive rights of support and maintenance of the Improvements and all appurtenances of record.

**TOGETHER WITH** all and singular the improvements, ways, streets, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of Grantor in law as in equity, or otherwise howsoever, of, in, and to the same and every part thereof.

**TO HAVE AND TO HOLD** all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor to and for the use of the said Grantee, its successors and assigns forever.

**IN WITNESS WHEREOF**, the Grantor has hereunto set its hand and seal on the _____ day of June, 2019.

**SEARS, ROEBUCK AND CO.**,
a New York corporation

By: _____

Name: _____

Its: _____

Date: _____

STATE OF ILLINOIS        )
                                   ) SS.
COUNTY OF COOK          )

        The foregoing instrument was acknowledged before me this _____ day of _____, 2019 by _____, the _____ of Sears, Roebuck and Co., a New York corporation, on behalf of the corporation.


                                                                                                                                                                         Notary Public, _____ County, Illinois
                                                                             My Commission Expires: _____
                                                                             Acting in the County of Cook

## CERTIFICATE OF RESIDENCE

I hereby certify that the precise residence of the Grantee herein is: 5500 Trillium Blvd., Suite 501, Hoffman Estates, Illinois 60192.

**SEARS HOMETOWN AND OUTLET STORES, INC.**, a Delaware corporation

By: _____

Name: _____

Its: _____

**EXHIBIT A**

LEGAL DESCRIPTION OF THE LAND

ALL THAT CERTAIN, parcel or tract of land, situate in the Township of East Norriton, County of Montgomery and Commonwealth of Pennsylvania, bounded and described in accordance with a Subdivision plan of property of C.V. Strouse, and other dated 9/27/1984 and last revised 11/5/1984 and recorded with the recorder of Deeds Office, Montgomery County Courthouse, Norristown, Pennsylvania, in Plan Book A-46 page 27 and also described by ALTA/ACSM Survey made by Metz Engineers (Project Number M6749) dated 1/16/2001, more fully described as follows:
BEGINNING at a point on the Northwesterly side line of DeKalb Pike (U.S. TR 202), said side line being 36 feet Northwesterly from and parallel to the centerline, said point being at the distance of 137.78 feet measured South 45 degrees 14 minutes West along the said side line from a point of corner, said last mentioned point being at the distance of 4.00 feet measured South 44 degrees 46 minutes East from a point of corner on the Northwesterly side line of the said DeKalb Pike, the said side line at this point being 40 feet Northwesterly from and parallel to the centerline, the said last mentioned point being at the distance of 148.33 feet measured South 45 degrees 14 minutes West, along the said side line from its intersection with the Southwesterly side line of Germantown Pike (U.S. TR 422), the said side line being 48 feet from and parallel to the centerline; thence from said point of beginning, along the said side of DeKalb Pike, South 45 degrees 14 minutes West 112.72 feet to a point of corner; thence along the Northwesterly side of the said DeKalb Pike of various widths, the following seven courses and distances: (1) South 71 degrees 47 minutes 54 seconds West 8.94 feet to a point; (2) North 61 degrees 27 minutes 57 seconds West 20.88 feet to a point; (3) South 45 degrees 14 minutes West 18.00 feet to a point; (4) South 35 degrees 55 minutes 24 seconds West 61.81 feet to a point; (5) South 45 degrees 14 minutes West 50.00 feet to a point; (6) South 33 degrees 06 minutes 15 seconds West 116.60 feet to a point; (7) South 45 degrees 14 minutes West 38.84 feet to a point a corner, said side line at this point being 25.50 feet Northwesterly from and parallel to the centerline; thence along lands of the Montgomery County Hospital Authority, the following three courses and distances: (1) North 44 degrees 30 minutes West 612.66 feet to a concrete monument, found; (2) North 56 degrees 01 minute East 190.88 feet to a point a corner; (3) North 47 degrees 01 minute 30 seconds West 239.53 feet to a point a corner; thence along lands of Philadelphia Electric Company, North 17 degrees 38 minutes East 18.40 feet to a point a corner; thence still along the said lands of Philadelphia Electric Company, North 85 degrees 52 minutes East 424.46 feet to a point a corner; thence along Parcel 3 as shown on said plan, South 04 degrees 08 minutes East 31.92 feet to a point a corner on or near an existing creek as shown on said plan; thence still along Parcel 3, South 44 degrees 46 minutes East 263.67 feet to a point a corner; thence along Parcel 2 as shown on said plan, South 45 degrees 14 minutes West 90.00 feet to a point a corner; thence still along the said Parcel 2, South 44 degrees 46 minutes East 250.00 feet to the first mentioned point and place of beginning.

BEING Parcel #1 on the above Plan.

A-1

TOGETHER with the non-exclusive easements and rights of way for ingress and egress, utility and other purposes, together with all other rights and benefits created and granted by or pursuant to the following:

Declaration of Easements and Related Agreements among Norristown Properties, Inc., Wendy's Old Fashioned Hamburgers of New York, Inc. and Hechinger Company dated as of November 9, 1984 and recorded on November 16, 1984 in the Montgomery County Commissioner's Registry, Pennsylvania (the "Recorder's Office") in Deed Book 4752, page 2147 and Reciprocal Easement Agreement dated November 12, 1984 among Suburban General Hospital Montgomery County Higher Education and Health Authority, Hechinger Company, Wendy's Old Fashioned Hamburgers of New York, Inc. and Norristown Properties, Inc., and recorded November 29, 1984 in the Recorder's Office in Deed Book 4753, page 2070, as supplemented by Supplemental Declaration of Easements recorded in the Recorder's Office in Deed Book 4791, page 1198.

TOGETHER with non-exclusive (as to access and parking) and exclusive (as to support) Access, Parking and Support Easements as set forth in the Deed (of Improvements and Easements) by Hechinger Company of Pennsylvania, as Grantor, to The First National Bank of Boston and Paul D. Allen, acting not individually but solely as Trustees for FSL/GECC (New York) Associates II under a Trust Agreement dated December 30, 1986, as Improvements Grantee, which Deed was recorded in the Recorder's Office in Book 4826 page 1223, as amended by Corrective Deed (Of Term Estate, Improvements and Easements) recorded in the Recorder's Office in Book 4845 page 2126.

LESS AND EXCEPT any property conveyed in fee simple to the Commonwealth of Pennsylvania, Department of Transportation, pursuant to that certain Deed dated October 20, 2009 and recorded on February 4, 2010 in Deed Book 5758, Page 01233 with the Recorder of Deeds for Montgomery County, Pennsylvania.

Parcel ID# 33-00-02063-00-1

Common Address: 2811 Dekalb Pike