UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                              Chapter 11

SEARS HOLDING CORPORATION, *et al*.    Case No. 18-23538 (RDD)

                                                    (Jointly Administered)

                                                  Debtors.[1]

------------------------------------------------------------x

## ORDER GRANTING APPLICATION OF TEAM WORLDWIDE CORPORATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004

Upon the application, dated June 24, 2019 [ECF 4346] (the "**Application**")[2] of Team Worldwide Corporation ("**Team Worldwide**") for entry of an order pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding pursuant to 28 U.S.C. §157(b);and it appearing that the venue of is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the *Affidavit of Service* filed with the Court [ECF 4348] evidencing good and sufficient notice of the Application; and upon the objection of Sears Holdings Corporation and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

Sears, Roebuck and Co. (together with their affiliated debtors, the "**Debtors**") to the Application and all of the other pleadings related thereto; and upon the record of the hearing held by the Court on the Application on July 11, 2019; and, after due deliberation, the Court having determined for the reasons stated by the Court in its bench ruling at the hearing that Team Worldwide has established sufficient cause for the relief set forth herein and that such relief is not unduly burdensome to the Debtors; now, therefore, it is hereby ORDERED that:

1. The Application is granted to the extent set forth herein and otherwise denied.

2. Within twenty-one (21) days of July 11, 2019, the Debtors are directed to produce to Team Worldwide, through its counsel, any written agreements (including in electronic or digital form) in the Debtors' possession, custody or control with any of the following entities (the "**Subject Manufacturers**"):

1. Intex
2. Coleman
3. Aerobed
4. Bestway
5. Airtek
6. Air Cloud
7. Air Comfort
8. AirBedz
9. Altimair
10. Pittman
11. TexSport
12. Stansport
13. Sun Pleasure
14. SwissLux
15. Simmons
16. Boyd
17. Giantex
18. Fox
19. King koil
20. Canway
21. Topelek
22. Marnur
23. Airexpect
24. Bayka

       25. Gymax
       26. Zoetime
       27. Etekcity
       28. Missyee
       29. Nobel
       30. Sable
       31. Eslibai
       32. Mersuii
       33. Dasfond
       34. Enkeeo
       35. Lazery
       36. Airmattress.com
       37. BFULL
       38. Tuomico

3. The Debtors are not obligated to provide a witness for a deposition, or to provide any of the information requested in the Application, other than as set forth in paragraph 2.

4. Within three business days after entry of this Order, Team Worldwide shall serve a copy of this order on the Subject Manufacturers, to the extent Team Worldwide can identify the Subject Manufacturer's addresses from publicly available sources, and on counsel to Transform Holdco LLC. Team Worldwide shall thereafter file a certificate of service with this Court disclosing which Subject Manufacturers were served, the method of service and the addresses of service.

5. The production required hereby is subject to any applicable privilege or confidentiality restriction; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege or confidentiality restriction, the Debtors shall provide a proper privilege and/or confidentiality log to the Team Worldwide's counsel at the time of document production hereunder.

6. All disputes concerning the production of documents hereby shall be resolved in accordance with paragraph 42 of the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF 405].

7. The Court retains jurisdiction with respect to all matters arising from or related to implementation of this Order.

Dated: White Plains, New York
       July 19, 2019

                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE