**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re                            :

                                :       **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*  :

                                :       **Case No. 18-23538 (RDD)**

                                :

            Debtors.[1]        :       **(Jointly Administered)**

------------------------------------------------------------ x

### STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND LANDLORD QKC MAUI OWNER, LLC EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR LEASE OF NONRESIDENTIAL REAL PROPERTY

This Stipulation and Order (the "Stipulation and Order") is made as of July 9, 2019, by and among Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as Buyer (the "Buyer") and QKC Maui Owner, LLC (the "Landlord" and together with the Debtors and the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### Recitals

A.  The Landlord and the Debtors are parties to that certain lease expiring October 17, 2023 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") located at Queen Ka'ahumanu Center, 275 West Ka'ahumanu Avenue, Kahului, Hawaii 96732 (store #2148).

B.  On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.  On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice").  The Lease was among the leases identified in the Initial Notice.

D.  On January 25, 2019, the Landlord filed the *Limited Objection of QKC Maui Owner, LLC to Debtors' (I) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction; and (II) Global Asset Sale Transaction* (ECF No. 1874) (the "Landlord Cure Objection") objecting to the Assumption and Assignment Notices with respect to the Cure Amount and Adequate Assurance for the Lease and restrictive covenants.

E.  On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related*

*Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the

sale of certain assets of the Debtors to the Buyer.

F.  In accordance with the terms of the Sale Order, the Buyer was permitted to designate

Additional Contracts and Designatable Leases (collectively, the "Additional Assigned

Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date

(the "Designation Rights Period"), which occurred on February 11, 2019.  The Debtors and the

Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the

Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain

Deadlines (the "Extension Notice") (ECF No. 3171), which extended the Designation Rights

Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019

for Additional Contracts.

G.  On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption

and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the

"Assumption and Assignment Order") (ECF No. 3008).

H.  On April 19, 2019, the Buyer filed the Statement/Notice of Assumption of Additional

Designatable Leases, designating the Lease for assumption and assignment to the Buyer or Buyer

affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the

"Assumption Notice"), subject to the Bankruptcy Court's approval and the right of

counterparties to object as set forth in the Assumption Notice and the Assumption and

Assignment Order.

I. On May 2, 2019, the Landlord filed the *QKC Maui Owner, LLC's Omnibus (I)

Objection to Notice of Assumption and Assignment of Additional Designatable Leases, (II)

Supplemental Cure Objection, and (III) Restrictive Covenant Objection*  (ECF No. 3482), and on

May 7, 2019, the Landlord filed the *QKC Maui Owner, LLC's Supplemental Objection in Response to Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* (ECF No. 3679) (both, together with the Landlord Cure Objection, the "Landlord Objections").

J.   On May 7, 2019, the Buyer filed the *Notice of Presentment of Stipulation and Order by and among Sellers, Buyer, and Landlord QKC Maui Owner, LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) For Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (ECF No. 3731).

K.   The deadline for the Debtors to assume or reject the leases pursuant to section 365(d)(4) of the Bankruptcy Code, including the Lease, was May 13, 2019 (the "Section 365(d)(4) Period").

L.   On May 13, 2019, the Court entered the *Stipulation and Order by and among Sellers, Buyer, and Landlord QKC Maui Owner, LLC (I) Extending Time Under 11 U.S.C. 365(d)(4) For Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (ECF No. 3819) extending the 365(d)(4) Period to June 30, 2019.

M.   On June 28, 2019, the Court entered the *Stipulation and Order by and among Sellers, Buyer, and Landlord QKC Maui Owner, LLC  Extending Time Under 11 U.S.C. 365(d)(4) For Lease of Nonresidential Real Property* (ECF No. 4400) further extending the 365(d)(4) Period to July 31, 2019.

N.   The Buyer desires additional time to determine whether to designate the Lease for assumption and assignment.

O.   The Parties have agreed to a further extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      The Landlord hereby consents to a further extension of the Section 365(d)(4) Period to and including August 31, 2019.

2.      This Stipulation and Order shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

3.      Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including August 31, 2019.  For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

4.      This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

5.      In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order.  In the event of nonpayment during the Section 365(d)(4) Period, the Landlord's rights and remedies under Bankruptcy Code section 365(d)(3) shall be limited to rights to assert payment from the Buyer, and the Buyer reserves all rights to contest any such claims.

6.      The Bankruptcy Court omnibus hearing presently scheduled for July 11, 2019 (the "July 11 Hearing") to the extent scheduled to be a hearing on and with respect to the Lease, the Assumption Notice, the Landlord Objections and all disputes and matters related thereto is hereby

adjourned to the omnibus hearing scheduled to commence on August 22, 2019 before the Bankruptcy Court, or such other date as may be agreed to by and among the Parties.

7.      Notwithstanding the outcome of, or any ruling issued at the July 11 Hearing on the proposed assumption, or assumption and assignment of any lease (whether such outcome or ruling is made on July 11, 2019 or thereafter), the Bankruptcy Court's findings of facts and conclusions of law shall not apply, be binding upon, be the law of the case or operate to collaterally estop the Landlord with respect to any issue in connection with the proposed assumption and assignment of the Lease unless and until adopted by the Bankruptcy Court following reasonable notice to the Landlord and a hearing, and all of the objections raised in the Landlord Objections are hereby fully preserved and the Landlord and the Buyer mutually reserve all other rights and defenses under applicable law. In addition, the Landlord and its counsel shall not be required to attend or otherwise participate in the July 11 Hearing.

8.      This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond August 31, 2019.

9.      Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to the effective date of (a) rejection of the Lease or (b) assumption of the Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order and any supplementary order of the Bankruptcy Court with respect thereto.

10.     This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

11.     This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.   Any of the Parties may execute this

Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

12.     Pending entry of this Stipulation and Order by the Bankruptcy Court, none of the parties shall take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

13.     The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[Remainder of Page Left Intentionally Blank]

Dated:  July 10, 2019

**WEIL, GOTSHAL & MANGES LLP**


By: */s/  Jacqueline Marcus* _____

767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtors and Debtors-in-Possession*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**


By: */s/  Luke A. Barefoot* _____

One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Buyer*


**HONIGMAN LLP**

By: */s/   Lawrence A. Lichtman* ____
2290 First National Building
660 Woodward Avenue
Detroit Michigan
Telephone: (313) 465-7590
Facsimile: (313) 465-7591

*Counsel for the Landlord*


**IT IS SO ORDERED.**

Dated: White Plains, New York
        July 19, 2019

/s/Robert D. Drain _____
UNITED STATES BANKRUPTCY JUDGE