Hearing Date:  August 22, 2019 at 10:00 a.m. (ET)
Objection Deadline:  August 15, 2019 at 4:00 p.m. (ET)

Erin A. West, *pro hac vice*
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609
Email:  ewest@gklaw.com

*Counsel for Johnson Controls, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| **Debtors.** | (Jointly Administered) |

----------------------------------------------------------------

**NOTICE OF JOHNSON CONTROLS, INC.'S MOTION TO ALLOW**
**ADMINISTRATIVE EXPENSE AND REJECTION DAMAGES CLAIMS**
**RELATED TO HVAC CONTRACT**

**PLEASE TAKE NOTICE** that a hearing on the above-referenced motion dated July 19, 2019 of *Johnson Controls, Inc.'s to Allow Administrative Expense and Rejection Damages Claims Related to HVAC Contract* (the "Motion") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601, on **August 22 at 10:00 a.m. (ET)** (the "Hearing").

**PLEASE TAKE NOTICE** that any objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the

Bankruptcy Court, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [D.I. 405] (the "Amended Case Management Order"), so as to be filed and received **no later than August 15, 2019 at 4:00 p.m. (ET)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not filed and served by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing pursuant the Amended Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

DATED: July 19, 2019

GODFREY & KAHN, S.C.

By: /s/ *Erin A. West*
Erin A. West, admitted pro hac vice
Wisconsin State Bar No. 1075729
Attorneys for Johnson Controls, Inc.
One East Main Street, Suite 500
Madison, WI 53703
608-257-3911
ewest@gklaw.com

20670397.2

Hearing Date:  August 22, 2019 at 10:00 a.m. (ET)
Objection Deadline:  August 15, 2019 at 4:00 p.m. (ET)

Erin A. West, *pro hac vice*
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609
Email:  ewest@gklaw.com

*Counsel for Johnson Controls, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------- 

**JOHNSON CONTROLS, INC.'S MOTION TO ALLOW
ADMINISTRATIVE EXPENSE AND REJECTION DAMAGES CLAIMS
RELATED TO HVAC CONTRACT**

Johnson Controls, Inc. ("Johnson Controls" and, together with its affiliates, "JCI"), hereby submits this motion to allow administrative expense and rejection damages claims related only to the HVAC Contract (the "Motion") pursuant to the *Order Approving the Rejection of Certain Executory Contracts* [Docket No. 4289] (the "Rejection Order"). JCI seeks allowance of an administrative expense claim with respect to the HVAC Contract (as defined herein) only[1] in

---

[1] Johnson Controls and its affiliated entities have multiple executory contracts and associated administrative expense claims with one or more of the Debtors that are not among those identified in the Rejection Order and are not the subject of this Motion, including those at issue in the pending *Motion to Allow Administrative Expense and*

the amount of $161,136.00 pursuant to 11 U.S.C. § 503(b)(1) and a rejection damages claim in the same amount pursuant to 11 U.S.C. § 502(g)(1).  In support of this Motion, JCI states as follows:

**Background**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On October 15, 2018 (the "Filing Date"), the Debtors filed their petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

3.      Johnson Controls is a Wisconsin corporation that provides building control systems and services to certain of the above-referenced debtors (the "Debtors") at various locations, pursuant to certain executory contracts among others between JCI and the Debtors.

4.      JCI provided HVAC preventative maintenance and repair services to the Debtors, including Sears, Roebuck and Co., Kmart Corporation, Sears Roebuck de Puerto Rico, Inc., Sears Logistics Services, Inc., Sears Home Improvement Products, Inc., Sears Operations LLC and Kmart Operations LLC, pursuant to a Master HVAC Services Agreement dated as of February 1, 2014, as amended (the "HVAC Contract").

5.      On June 19, 2019, the Court entered the Rejection Order granting the Debtors' *Notice of Rejection of Executory Contracts* [Docket No. 3915] (the "Rejection Notice") and, pursuant to the *Order (A) Authorizing Rejection of Certain Executory Contracts, (B) Approving Procedures for Rejection of Executory Contracts, and (C) Granting Related Relief* [Docket No.

---

*Rejection Damages Claims Related to Sensormatic Software Maintenance Contract* at Docket No. 4026.  JCI reserves all rights and remedies for all executory contracts and associated administrative expense claims except for those specifically addressed herein.

4

3044] (the "Rejection Procedures Order"), establishing a deadline for the filing of rejection damages claims for 30 days after entry of the Rejection Order.

6. The Rejection Procedures Order provides that the effective date of the rejection of the HVAC Contract is the date of the filing of the Rejection Notice, May 16, 2019.

## ADMINISTRATIVE EXPENSE CLAIM

7. An administrative expense claim is "a claim, cause of action, right, or other liability, or the portion thereof, that is entitled to priority under Bankruptcy Code sections 503(b) and 507(a)(2), including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the bankruptcy estate and/or in connection with operating the Debtors' business (such as wages, salaries, or payments for goods and services); and (b) all fees and charges assessed against the Estates under 28 U.S.C. § 1930."

8. JCI is owed at least $392,573.02 arising from Debtors' post-petition obligations under the HVAC Contract, as itemized on the invoice attached as **Exhibit A**. Section 503(b)(1)(A) allows, as administrative expenses, "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. 503(b)(1).

9. Because JCI's $392,573.02 claim arises from post-petition obligations under an executory contract before such contract was assumed or rejected, JCI is entitled to an administrative expense claim. *See* 11 U.S.C. § 503(b)(1)(A); *In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 54-55 (Bankr. S.D.N.Y. 2004) (for an expense to be given administrative expense status, two elements must be satisfied: (1) expense must arise out of a transaction between the creditor and the bankruptcy's trustee or debtor-in-possession, and (2) the creditor's consideration for the expense must be both supplied to and beneficial for the debtor in possession in the operation of the business).

10. Moreover, because JCI's claim derives from the actual and necessary costs and expenses incurred after the Petition Date in connection with operating the Debtors' business, JCI is entitled to an administrative expense claim. *See* 11 U.S.C. § 503(b)(1)(A).

## REJECTION DAMAGES CLAIM

11. A party to an executory contract has a claim against the debtor when the debtor has rejected the contract. *See* 11 U.S.C. § 502(g).

12. Section 502(g)(1) provides that "a claim arising from the rejection, under section 365 of this title or a plan under chapter 9, 11, 12, or 13 of the title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the filing of the petition."

13. As set forth in the Rejection Order, the contract between JCI and the Debtors was deemed rejected. "Rejection gives rise to a remedy for breach of contract in the non-debtor party." *In re Genco Shipping & Trading Ltd.*, 550 B.R. 676, 680 (S.D.N.Y. 2015) (quoting *In re Lavigne,* 114 F.3d 379 (2d Cir. 1997). The HVAC Contract entitles JCI to an early termination charge as liquidated damages, which are owed by the Debtors, encompassed by the outstanding fees and charges for services rendered prior to the termination. The termination charges are included in the $1,679,616.02 owed and as itemized on the attached **Exhibit A**.

**WHEREFORE**, JCI requests that it be allowed an administrative expense claim related to the HVAC Contract in the amount of $392,573.02 and a rejection damages claim in the amount of $1,679,616.02 and for such other relief as is just and equitable.

                    GODFREY & KAHN, S.C.


                    By: /s/ *Erin A. West*
                       Erin A. West, admitted pro hac vice
                       Wisconsin State Bar No. 1075729
                       Attorneys for Johnson Controls, Inc.
                       One East Main Street, Suite 500
                       Madison, WI 53703
                       608-257-3911
                       ewest@gklaw.com

DATED:  July 19, 2019

20924881.1