**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

------------------------------------------------------------X
: Case No# 18-23538
: Chapter 11
:
: **Date:**   August 22nd, 2019
In Re: Sears Holdings Corporation,  : **Time:**   10:00 a.m.
      et al.  :
:
:
: **AFFIRMATION IN SUPPORT OF**
: **MOTION TO LIFT AUTOMATIC STAY**
:
Tax ID#:  :
------------------------------------------------------------X

    Daniel M. Silvershein, an attorney duly admitted before the Courts of the State of New York & the Southern District respectfully affirms as follows:

1. I am the attorney for creditor Vivian Hilken (hereinafter "Creditor" on the above-named debtor, Sears Holding Corporation., et al (hereinafter "Debtors").

2. This Court has subject matter jurisdiction over the preceeding pursuant to Title 28 of the United States Code Sections 1334(b) and 157(a). Venue is proper pursuant to Title 28 of the United States Code Sections 1408 and 1409.

3. By provision of 11 U.S.C. §362 all persons are enjoined and stayed from commencing or continuing any suit against debtor.

4. The Creditor acknowledged, by and through her attorney, Daniel M. Silvershein, hereby moves this Court to grant relief from the Automatic Stay, pursuant to 11 U.S.C. §362, allowing them to proceed with their claims for personal injury against Debtors in the

    Court to seek recovery from any and all insurance policies to the extent possible, maintained by or available to the Debtors.

5. The Movant seeks recovery and shall be limited to the available insurance coverage. As well as, the Creditor shall not seek recoveries from Debtors, their estates, or their successors.

## **FACTUAL BACKGROUND**

6. Due to the negligence of the Debtor, on June 7th, 2017, Creditor was severely injured in a trip and fall incident at a K-Mart in Bismarck, North Dakota and suffered a broken femur bone.

7. As a result of the trip and fall, Creditor suffered severe pain and was unable to get up. She was taken to the ER at Sanford Hospital and had surgery that day where a long rod and screw were put in place. Creditor was in the hospital for ten days.

8. Creditor also suffered from several unexplainable bleeds in the hip and buttock area and numerous hellacious pain attacks.

9. On August 30th, 2018, after fourteen months of relentless pain in the hip area, Creditor underwent surgery again to have the hardware removed.

10. Creditor continues to suffer from pain in her hip area and is now in a permanent state of weakness and vulnerability.

11. Creditor has lost her job of eighteen years as a result of this injury.

12. Upon information and belief, the debtor had general liability insurance at the time of the Creditor's injury.

13. Attached as Exhibit "A" is a copy of the complaint of the underlying personal injury action that has not been filed due to the instant Bankruptcy Proceeding.

# ARGUMENT

14. Section 362(d)(1) of the Bankruptcy Code provides in relevant part: "On request of a third party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause[.]" 11 U.S.C. § 362(d)(1). Courts have granted relief from the stay for case under this provision when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial. See, e.g., In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990) (stating that "[w]here a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial"); In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985) (affirming an order lifting the stay to permit a creditor to pursue a conversion and fraudulent conveyance action pending in the federal district court following a remand of the case by the appellate court for a retrial on the damages issues).

   **Obtaining Relief from the Stay**

15. To obtain relief from the automatic stay, the movant must first establish a prima facie case that "cause" exists for the relief under Section 362(d)(1). See In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. See 11 U.S.C. § 362(g)(2); In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990).

16. In <u>Tucson Estates</u>, the Ninth Circuit held that the bankruptcy court has abused its discretion by not abstaining and entirely lifting the stay to enable litigation to proceed. 912 F.2d 1162. In doing so, the Court found the following factors to all support abstention: (1) resolution of claims in state court would favorably affect the efficient administration of the estate; (2) state law issues predominated over bankruptcy issues; (3) the existence of prior litigation of those issues which had already begun in state court; (4) the lack of federal jurisdiction basis other than bankruptcy jurisdiction for the state claims; (5) the case was a related rather than core proceeding; (6) the ease of permitting completion of the state court litigation while reserving the judgment's enforcement to the bankruptcy court; and (7) the right to a jury trial in state court. <u>Id</u>. At 1169.

17. Finally, courts have further held that cause exists to lift the stay, and that "debtors-defendants will suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." <u>In re Fernstrom Storage and Van Co.</u>, 938 F.2d 731 (7th Cir. 1991); <u>see also</u> <u>In re Borbridge</u>, 81 B.R. 332 (E.D. Pa. 1988) (noting that "[t]he easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as an insurance or indemnity agreement").

### A. THE TWELVE FACTORS FOR LIFTING A STAY

18. Courts have identified twelve nonexclusive factors a bankruptcy court should weigh in determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum. Those twelve factors are:

   1. Whether relief will result in a partial or complete resolution of the issues;

   2. The lack of connection or interference with the bankruptcy case;

   3. Whether the foreign proceeding involves the debtor as a fiduciary;

   4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

   5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

   6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

   7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

   8. Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c);

   9. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

   10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

   11. Whether the other proceedings have progressed to the point where the parties are ready for trial; and

12. The impact of the stay on the parties and the "balance of hurt."

In re Sonnax Indus., Inc., 907 F.2d at 1285.

19. All twelve factors are not relevant or applicable in every case. Id. at 1286. Nor is a court required to give each factor equal weight when making its determination. In re Burger Boys, Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994).

### B. APPLICATION OF THE TWELVE FACTORS

20. As an initial matter, the third, fourth, sixth, eighth, ninth, tenth, and eleventh factors do not apply here. The remaining factors weigh heavily in favor of granting the Movant relief from the stay.

21. Under the first factor, allowing the Movant to proceed in the State Court Litigation will likely result in a complete resolution of the issues regarding the Movant's claim and status as a creditor. The Movant's creditor status derives from her personal injury claims in the State Court Litigation; once that lawsuit is resolved the only issue will be collection from insurance proceeds. There is a very high probability that the Movant will collect from insurance proceeds only, and any further action against the Debtor or Debtor's estate would be unnecessary.

22. Under the second factor, it does not appear that the State Court Litigation would interfere with or prolong the Debtor's Chapter 11 case. The State Court Litigation involves personal injury claims stemming from the Debtor's negligence.

23. The fifth factor is particularly relevant because Movant is seeking to recover insurance proceeds. It appears that the Debtor's insurance carrier has already assumed financial responsibility for defending the State Court Litigation. The Debtor's estate would incur little or no expense to proceed with the State Court Litigation.

24. The seventh factor is also favorable to lifting the stay because doing so would not prejudice the interests of other creditors or interested parties. Allowing the State Court Litigation to move forward to its conclusion will likely resolve the Movant's claim to the Debtor's estate, either by settlement or by reducing said claims to judgment, possibly eliminating the need to enforce the claims in bankruptcy if the insurance carrier pays the claims. Continuing the automatic stay, however, will result in in a duplication of effort and a waste of judicial resources as the Movant's claims would have to be adjudicated to a final resolution and liquidated in bankruptcy court.

25. Under the twelfth factor, the "balance of hurt" weighs heavily in favor of lifting the stay for the Movant. Lifting the stay would do little to no harm to the Debtor as it appears its insurance carrier is defending the litigation and covering any monetary damages that may flow therefrom. Continuing the stay would force the parties to relitigate state court issues and claims in a bankruptcy tribunal and would drastically increase expenses for all parties involved. The above-captioned bankruptcy case will likely involve dozens if not hundreds of creditors; **the Creditor would be substantially prejudiced if she was forced to litigate her personal injury claims in bankruptcy court.**

Based on the factors noted above, the Movant has established sufficient cause for relief from the stay. Failure to lift the stay in this case would result in a greatly unjust and unduly burden on the Movant and would be an inefficient use of judicial resources.

C. **REQUEST FOR WAIVER OF TEN-DAY PERIOD**

Rule 4001(a)(3) of the Federal Rules of Bankruptcy provides: "An order granting motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the

expiration of 10 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). The Movant requests that any order granting the Movant relief from the automatic stay be effective immediately.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests entry of an order as annexed thereto as Exhibit "A" or similar order granting this Motion, providing the Movant relief from the automatic stay to pursue the State Court Litigation, and to obtain such other and further relief as may be just and proper to allow the Movant to pursue her personal injury claims against the Debtor's insurance proceeds.

Dated: New York, NY
      July 23rd, 2019

                                              _____/s/_____
                                              Daniel M. Silvershein (dms-7669)
                                              Attorney for the Creditor Vivian Hilken
                                              262 West 38th Street, Ste. 1007
                                              New York, NY 10018