Hearing Date: August 22, 2019 at 10:00 a.m. (ET)<br>
Objection Deadline: August 15, 2019 at 4:00 p.m. (ET)

Ilana Volkov
MCGRAIL & BENSINGER LLP
888-C 8th Avenue #107
New York, New York 10019
Tel: (201) 931-6910
ivolkov@mcgrailbensinger.com

*Counsel for Verint Americas Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDINGS CORPORATION, et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

**MOTION OF VERINT AMERICAS INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF**

Verint Americas Inc. ("Verint"), hereby files this *Motion of Verint Americas Inc. for Allowance and Payment of Administrative Expense Claim and for Related Relief* seeking an order, substantially in the form submitted herewith (the "Proposed Order"): (i) allowing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Verint's administrative expense claim pursuant to 11 U.S.C. §503(b)(1)(A) with respect to services provided by Verint to or for the benefit of the Debtors on or after October 15, 2018; and (ii) directing immediate payment of Verint's administrative expense claim (the "Motion"). In support of the Motion, Verint represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## BACKGROUND

2. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, together with various affiliates (collectively, the "Debtors"), filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Verint provided hosted third-party services, ecommerce software and related services to or for the benefit of the Debtors including, but not limited to, Sears Holdings Management Corporation ("SHMC"), pursuant to a written Master Software and Services Agreement between the parties dated as of May 23, 2006, as subsequently amended (the "Agreement"). See Ex. A.[2]

4. In accordance with the terms of the Agreement, Verint submitted its January 8, 2019 invoice (the "January Invoice") to SHMC in the amount of $129,993.18. See Ex. B. The January Invoice covers services Verint provided to the Debtors for January 2019 at the contracted rate of $129,993.18 per month. The Debtors have failed and refused to pay the January Invoice.

5. By Order entered on the Court's docket on May 15, 2019, the Court authorized the

---

[2] References to Exhibits refer to those attached to the *Declaration of Paige Honeycutt in Support of the Motion of Verint Americas Inc. for Allowance and Payment of Administrative Expense Claim* submitted herewith.

2

Debtors' rejection of the Agreement pursuant to 11 U.S.C. §365 [Doc. No. 3887] effective as of the date set forth in the Notice of Rejection filed at Docket No. 3415.  Verint, however, provided services to the Debtors pursuant to, and in accordance with the terms of, the Agreement from and after the Petition Date without interruption through and including January 2019 (i.e., prior to the date of rejection).

## RELIEF REQUESTED AND BASIS THEREFOR

6. Section 503(b)(1) of the Bankruptcy Code provides that administrative expenses shall be allowed and paid for "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. §503(b)(1).  It is well established that "administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection." *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010); *BP Energy Co. v. Bethlehem Steel Corp.*, Civ. Act. No. 02-6419 (NRB), 2002 U.S. Dist. LEXIS 22052, *22 n.14 (S.D.N.Y Nov. 15, 2002) (a debtor is required to make post-petition payments under an executory contract pending assumption or rejection as an administrative expense to the extent it receives a benefit to its estate); *see also In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 54-55 (Bankr. S.D.N.Y. 2004); *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 93–94 (Bankr. S.D. Fla. 2000). Debtors are required to pay the "reasonable value of the services received," and "there is a presumption that the contract rate is reasonable."  *Smurfit*, 425 B.R. at 741; *see also In re Washington-St. Tammany Elec. Coop., Inc.*, 111 B.R 555, 559 (Bankr. E.D. La. 1989).

7. Here, it cannot be legitimately disputed that the Debtors benefited from the services rendered by Verint pursuant to the Agreement for the period covered by the January Invoice. Indeed, absent Verint's provision of services, the Debtors' ecommerce capabilities would have been severely compromised during a critical phase of their reorganization.

8. Verint's claim arises from the Debtors' post-petition obligations under an executory contract before such contract was rejected. Moreover, Verint's claim derives from the actual and necessary costs and expenses incurred after the Petition Date in connection with operating the Debtors' business. Accordingly, Verint is entitled to an administrative priority expense claim pursuant to 11 U.S.C. §503(b)(1) in the amount of $129,993.18 for the entire post-petition period during which the Debtors used and benefited from Verint's services under the Agreement (i.e., for the period covered by the January Invoice).

## CONCLUSION

9. For all the foregoing reasons and authorities, Verint respectfully requests that this Court enter an order (i) granting this Motion; (ii) allowing Verint's administrative expense claim in the amount of $129,993.18 pursuant to 11 U.S.C § 503(b)(1)(A); (iii) directing the Debtors to pay Verint the sum of $129,993.18 no later than the date of Debtors' earliest payment of any other allowed claim(s) under 11 U.S.C §503(b)(1)(A); and (iv) granting Verint such other and further relief as deemed just and necessary.

Dated: July 24, 2019

Respectfully submitted,

MCGRAIL & BENSINGER LLP

/s/ Ilana Volkov
Ilana Volkov
888-C 8th Avenue #107
New York, NY 10019
Tel: (201) 931-6910

4