

# ANSELL GRIMM & AARON PC
COUNSELORS AT LAW

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITEPLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY•
LAWRENCE H. SHAPIRO•
ROBERT A. HONECKER, JR. §
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE
ANDREA B. WHITE ••
EDWARD J. AHEARN

JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•
DOUGLAS A. DAVIE•
MARK M. WIECHNIK
ELYSA D. BERGENFELD
RICHARD B. LINDERMAN
KEVIN M. CLARK
KRISTINE M. BERGMAN
ROBERT I. AUFSEESER•
BREANNE M. DeRAPS*
JESSICA T. ZOLOTOROFE
MICHAEL H. ANSELL•
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
HON. RAYMOND A. HAYSER, J.T.C. (RET)
ROY W. HIBBERD
LISA GOLDWASSER•

RETIRED
DAVID K. ANSELL†
ROBERT I. ANSELL

IN MEMORIAM
LEON ANSEHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)

LICENSED ALSO IN:
Δ D.C. □ MASS. • N.Y. * WASH.
▫ PENN. ~ FLA. ∇ CALIF.

† FELLOW, AMERICAN
ACADEMY OF MATRIMONIAL
LAWYERS

‡ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A
MATRIMONIAL LAW ATTORNEY

**Reply to: Woodland Park**
**Direct Dial: (973) 925-7357**
**Fax: (973) 247-9199**
**E-mail: jb@ansellgrimm.com**

July 26, 2019

**Via ECF Filing**

The Honorable Robert D. Drain
U.S. Bankruptcy Court
 for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *In re Sears Holding Corp.*, 18-23538 (RDD)

Dear Judge Drain:

    We represent Sayville Menlo, LLC ("Creditor") in the above captioned matter. We write pursuant to Paragraph 11 of the May 13, 2019 Order Authorizing Assumption and Assignment of Certain Leases, to provide notice that an impasse exists as to Transform Holdco, LLC's ("Transform") obligation to make repairs pursuant to that certain Lease for store #3862 located at 5151 Sunrise Highway, Bohemia, New York (the "Property"), assumed pursuant to the May 13, 2019 Order, and to request that the Court confirm it does not retain jurisdiction to adjudicate the instant maintenance obligation dispute.[1]

---

[1]     Creditor gave notice to Transform of an impasse on June 4, 2019, and June 10, 2019.

The Honorable Robert D. Drain
July 26, 2019
Page 2 of 3

  By way of background, litigation is pending in New York Supreme Court, Westchester County, before the Honorable Linda Jamieson, J.S.C., bearing he caption *Sayville Menlo, LLC v. Sears Holdings Management Corporation*, Index No.: 65462/2017 ("State Action"). The State Action concerns that certain Lease Agreement between Creditor and Transform, dated January 1, 1969, as amended (the "Lease"). The State Action was commenced on September 29, 2017, asserting claims for breach of contract arising from the Debtor's failure to satisfy its Lease obligations to maintain the Property and to make certain repairs, including, but not limited to: (i) asphalt milling and overlaying of certain areas of the parking lot and service areas, including repairing the more severely deteriorated asphalt pavement; (ii) asphalt resealing and restriping of the parking lot and service areas; (iii) replacing or repairing all of the defective curbs at the Property; (iv) cleaning efflorescence from columns; (v) repainting the CMU facades throughout the Property exterior; (vi) repairing areas of water infiltration in the EIFS; (vii) replacing deteriorated doors and defective rubberized gaskets; (viii) repairing or replace defective concrete at several loading docks; and (ix) replacing the defective and leaking EPDM roof. Since the action was stayed by Debtor's filing of the Bankruptcy, the parking lot and roof have continued to deteriorate, requiring more extensive repair work than initially contemplated, creating a significant and ongoing public safety hazard.

  Following Transform's assumption of the Lease, Creditor sent correspondences to Transform and engaged in numerous telephone conferences seeking to compel it to comply with its current Lease obligations to make repairs to the Property. Unfortunately, Transform steadfastly refuses to make the significant, necessary repairs to the Property, instead engaging in wholly deficient stop-gap measures which do not properly maintain the Property and violate Transform's Lease obligations. Creditor now seeks a determination from this Court that it may assert its rights under the Lease to compel Transform to make the necessary repairs in the pending State Action by substituting Transform as the Defendant for the Debtor.

  Indeed, the instant dispute is not a "cure cost dispute" ordinarily applicable to non-payment of rent as contemplated in Paragraph 11 of the May 13, 2019 Order. Rather, Transform's obligations to maintain and make repairs to the Property is a continuing and current obligation which is entirely distinct from Debtor's **terminated** obligations under the Lease. For the avoidance of any doubt, Debtor listed the Lease for assignment in this action with no outstanding cure amount because Debtor was not delinquent in rent or additional rent at the time of filing. In other words, there is no "cure amount dispute" subject to adjudication in this forum. Simply stated, Creditor is under no obligation to seek relief from the this Court whenever Transform -- itself -- newly breaches the Lease wholly unrelated to any prior conduct by the Debtor. Indeed, if Plaintiff had not sued Sears prior to its filing for bankruptcy it could institute a new action against Transform **today** arising from Transform's own, distinct, current breaches of the Lease.

  Accordingly, on July 3, 2019, Creditor and Transform held a conference call with the Court in the State Action to discuss filing a Motion to substitute Transform for Debtor. However, the State Court requested that the parties first seek leave from this Court to permit the dispute to be adjudicated in that forum before the substitution could be effectuated.

069429.000625.62645732



The Honorable Robert D. Drain
July 26, 2019
Page 3 of 3

    In light of the pending litigation and substantial repair costs attendant to remedying the above described conditions, as well as the public safety hazard and perpetually deteriorating condition of the Property, Creditor requests that the Court issue an Order confirming that it did not retain jurisdiction pursuant to the May 13, 2019 Order to resolve disputes related to a continuing maintenance obligation which is no longer the Debtor's responsibility and does not involve a "cure amount dispute" permitting Creditor to pursue its rights in State Court.

    We are available to discuss this or any other matter at the Court's convenience.

                                    Very truly yours,

                                    Joshua S. Bauchner

JSB/cs
cc:    Luke Barefoot, Esq. (via e-mail)
       Marc Perel (via e-mail)