**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
**SEARS HOLDINGS CORPORATION,** *et al.***,**      :
                                                   :     Case No. 18-23538 (RDD)
                                                   :
                                                   :     **(Jointly Administered)**
              Debtors.[1]                          :
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BY AND AMONG SEARS HOLDINGS CORPORATION, SEARS, ROEBUCK AND CO., TRANSFORM HOLDCO, LLC, AND SEARS HOMETOWN AND OUTLET STORES, INC. FOR APPROVAL OF DELIVERY OF DEED

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into between Sears Holdings Corporation ("**Sears Holdings**"), Sears, Roebuck and Co. ("**Sears Roebuck**"), Transform Holdco, LLC (the "**Buyer**") and Sears Hometown and Outlet Stores, Inc. ("**SHO**"). Sears Holdings, Sears Roebuck, the Buyer, and SHO are collectively referred to in this Stipulation, Agreement, and Order as the "Parties" and each as a "Party." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

A.   On August 8, 2012, SHO entered into that certain Separation Agreement with Sears Holdings (as amended, restated, supplemented or otherwise modified, the "**Separation Agreement**"), that provided a framework for the separation of both the Sears Hometown and Hardware business and the Sears Outlet business from Sears Holdings (the "**Separation**"). In October 2012, the Separation of SHO from Sears Holdings was completed via a rights offering. Since that time, SHO has operated its business independently of Sears Holdings.

B.   Pursuant to the terms of the Separation Agreement, Sears Holdings was obligated to, among other things, convey to SHO "via a quit-claim deed, title to the buildings, structures, and improvements (that includes all existing easements and development rights, to the extent they exist)" associated with ground leases for the property located in Norristown, Pennsylvania (the "**Norristown Property**") (Amendment No.1 to Separation Agreement, dated as of December 9, 2013). Pursuant to the terms of the Separation Agreement, after June 2015, Sears Roebuck was to assign to Sears Authorized Hometown Stores, LLC, an affiliate of SHO, Sears Roebuck's right to enter into a ground lease for the property.

C.   On or about June 16, 2015, Sears Roebuck provided the required quitclaim deed (the "**Norristown Deed**") to SHO, following which SHO attempted to record the Norristown Deed with the Montgomery County, Pennsylvania recorder's office. The Norristown Deed ultimately was rejected for filing by the recorder's office on technical grounds. The failure to record the Norristown Deed successfully in 2015 became apparent to SHO in March 2019, when SHO sought to close a transaction involving the Norristown Property with a third party (the "**SHO Norristown Transaction**").

D.   Beginning on October 15, 2018 and continuing thereafter, Sears Holdings and each of its debtor affiliates (collectively, the "**Debtors**") commenced with this Court a voluntary case

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E.  In January 2019, the Debtors and the Buyer entered into that certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Transform Holdco LLC, Sears Holdings Corporation and certain of its subsidiaries party thereto (as amended, restated, supplemented or otherwise modified, the "**APA**"). The Debtors' entry into, and performance under, the APA was authorized and approved pursuant to the Bankruptcy Court's *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief*, dated February 8, 2019 [ECF No. 2507] (the "**Sale Order**"). The Sale Order authorized and approved, among other things, the assumption and assignment of the Separation Agreement from the Debtors to the Buyer. On February 11, 2019, the Debtors and the Buyer closed the transactions contemplated by the APA.

F.  Notwithstanding the assumption and assignment of the Separation Agreement, SHO's counter-party to the SHO Norristown Transaction, as well as that party's title insurance company, have required (i) that SHO obtain a new Norristown Deed (the "**New Norristown Deed**") from Sears Roebuck, in the form annexed hereto as <u>Exhibit 1</u>; and (ii) evidence of the Bankruptcy Court's approval of the delivery of the New Norristown Deed to SHO and SHO's recordation of the same.

3

G. In furtherance of the Buyer's obligations under the Separation Agreement, and Sears Roebuck's continued obligations under the APA, Sears Roebuck has agreed to deliver a New Norristown Deed to SHO in recordable form.

H. In connection with the foregoing matter, the Parties have agreed, subject to approval of the Bankruptcy Court, to the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND, UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, Sears Roebuck shall provide to SHO the New Norristown Deed, in the form annexed hereto as Exhibit 1, which covers title to the buildings, structures, and improvements (including all existing easements and development rights, to the extent they exist) associated with the Norristown Property. The New Norristown Deed shall be free of any claims or interests of the Debtors' estates, and no further order or relief from the Bankruptcy Court or any other act is necessary for SHO to hold and to exercise the rights derived from such title without restriction, including the rights to record the New Norristown Deed.

3. Upon the Effective Date, all acts contemplated by this Stipulation, Agreement, and Order, including delivery of the New Norristown Deed from Sears Roebuck to SHO, and SHO's recordation of the same, are authorized and approved.

4. Each of the undersigned who executes this Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

5. This Stipulation, Agreement, and Order contains the entire agreement among the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof, other than the Separation Agreement.

6. This Stipulation, Agreement, and Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

8. This Stipulation, Agreement, and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

9. In the event that this Stipulation, Agreement, and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall prejudice the rights of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation, Agreement, and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under their agreements and applicable law shall remain unaffected by this Stipulation, Agreement, and Order.

*[Remainder of page left intentionally blank.]*

Dated: July 17, 2019

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| By: /s/ *Jacqueline Marcus* | By: /s/ *Luke A. Barefoot* |
| 767 Fifth Avenue | One Liberty Plaza |
| New York, New York 10153 | New York, NY 10006 |
| Telephone (212) 310-8000 | Telephone: (212) 225-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 225-3999 |
| *Attorneys for the Debtors and Debtors-in-Possession* | *Attorneys for the Buyer* |
| | **SHEARMAN & STERLING LLP** |
| | By: /s/ *Fredric Sosnick* |
| | 599 Lexington Avenue |
| | New York, New York, 10022 |
| | Telephone: (212) 848-4000 |
| | Facsimile: (646)-848-7179 |
| | *Attorneys for SHO* |

SO ORDERED this 26th day of July 2019

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE