TARTER KRINSKY & DROGIN LLP
*Attorneys for Alpine Creations Ltd.*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                       :
                                                             :  Chapter 11
SEARS HOLDINGS CORPORATION, *et. al.*[1],                    :
                                                             :  Case No. 18-23538 (RDD)
                                            Debtors.         :  (Jointly Administered)
------------------------------------------------------------- x

# MOTION OF ALPINE CREATIONS LTD. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. §§ 503(b)(1) AND 503(b)(9)

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

Alpine Creations Ltd. ("Alpine"), by and through its undersigned counsel, submits this motion (the "Motion") to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. §§ 503(b)(1) and 503(b)(9). In support of the Motion, Alpine respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. The statutory predicate for the relief requested herein is Section 503(b)(1)(A) and (9) of Title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, a debtor and debtor in possession in the above-captioned chapter 11 cases and its affiliated debtors and debtors in possession (collectively, the "Debtors"), commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. In the twenty days prior to the Petition Date, Alpine provided apparel and related goods to the Debtors with a value of $677,681.72. Pursuant to section 503(b)(9) of the Bankruptcy Code, Alpine asserts that it maintains an allowed administrative claim for the value of such goods in the amount of $677,681.72 (the "§ 503(b)(9) Claim"). The invoices supporting the § 503(b)(9) Claim (the "§ 503(b)(9) Invoices") are annexed hereto as **Exhibit "A"**. Alpine filed timely proofs of claim in each of the Sears Holdings Corporation, Sears Roebuck & Co. and Kmart Corporation cases. A copy of the Sears Holdings Corporation proof of claim (Claim No. 15992) (without invoices) is annexed hereto as **Exhibit "B"**.[2]

---

[2] Alpine also filed separate proofs of claim against Sears Roebuck & Co. (Claim No. 15288) and Kmart Corporation (Claim Ni. 16006), which reflect, among other things, the 503(b)(9) Claim asserted against each of these Debtors: Sears Roebuck & Co. ($426,698.78) and Kmart Corporation ($250,982.94). Together, these amounts are $677,681.72.

{Client/085149/1/01879752.DOCX;1 }    2

5.  In January 2019, Alpine provided certain apparel and related goods to the Debtors. Alpine issued several invoices (the "Post-Petition Invoices") to the Debtors in connection with these goods with a value aggregating $202,286.89 (the "503(b)(1) Claim"). The Post-Petition Invoices are past due and remain unpaid. The Post-Petition Invoices are attached hereto as **Exhibit "C"**.

## RELIEF REQUESTED

6.  Alpine requests entry of an order, substantially in the form attached hereto as **Exhibit "D"**: (i) granting Alpine an allowed administrative expense claim in the amount of $202,286.89 under section 503(b)(1)(A) of the Bankruptcy Code for services rendered to the Debtors post-petition, (ii) granting Alpine an allowed administrative claim in the amount of $677,681.72 for goods provided to the Debtors in the twenty days prior to the Petition Date under section 503(b)(9) of the Bankruptcy Code,[3] and (iii) requiring the Debtors to immediately pay such allowed administrative expense claims and no later than the date the Court confirms the Debtors' plan.

## BASIS FOR RELIEF

7.  The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including — the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1)(A)."

8.  Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in

---

[3] While Alpine believes all of the goods set forth in the § 503(b)(9) Claim were received within the 20 days of the Petition Date, to the extent that any of the goods were instead deemed to have been received by the Debtors after the Petition Date, Alpine nonetheless asserts that such goods should, in that instance, be entitled to administrative claim status under section 503(b)(1) of the Bankruptcy Code.

possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.,* 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's,* 789 F.2d 98, 101 (2d Cir. 1986)).

9. Further, under section 503(b)(9), "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business" is entitled to administrative expense status. See 11 U.S.C. § 503(b)(9).

10. Here, Alpine is asserting a § 503(b)(1) Claim in the amount of $202,286.89 for goods provided to the Debtors after the Petition Date and a 503(b)(9) Claim in the amount of $677,681.72 for the value of the goods received by the Debtors in the twenty days before the Petition Date. Moreover, the Debtors have already benefited from the goods provided by Alpine and there has been no dispute to the Post-Petition Invoices or the § 503(b)(9) Invoices. Accordingly, Alpine is entitled to administrative expense priority pursuant to sections 503(b)(1)(A) and 503(b)(9) of the Bankruptcy Code.

11. In addition to allowance of the foregoing administrative claims, Alpine respectfully requests immediate payment of such administrative claims. With respect to timing of payment of an allowed administrative claim, courts have discretion to order the immediate payment of such a claim. *See In re HQ Global Holdings, Inc.,* 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.,* 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC,* 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution

among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id.* Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC,* 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King,* 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.,* 282 B.R. at 173).

12.     As set forth above, at the Debtors' request, Alpine provided goods to the Debtors after the Petition Date and prior to the Petition Date. The Debtors have not disputed the Post-Petition Invoices or the § 503(b)(9) Invoices. Upon information and belief, the Debtors are paying their legal professionals their ongoing fees in connection with the Court's monthly compensation order as well as other administrative claim holders in the ordinary course of business. The Debtors have stated on more than one occasion in these cases that these cases would not be run on the backs of vendors. See e.g., *Debtors' Reply to Objections to Junior Debtor-in-Possession Financing*, ¶ 6 [Dkt. No. 1297]. It would be patently unfair, and without legal basis for the Debtors to pay some administrative expense claimants who supply goods and services to the Debtors in the ordinary course of business and not pay other similarly situated creditors. See, e.g., 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *Hall v. Perry (In re Cochise College Parlc, Inc.),* 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the fact, have agreed to subordinate their claims.") (citation omitted).

13. Accordingly, Alpine requests that the Court direct the Debtors to make immediate payment of Alpine's allowed administrative expense claims set forth herein and certainly no later than the date the Court confirms the Debtors' plan, if it is indeed confirmed by the Court.

**NOTICE**

14. Notice of this Motion will be served on (i) counsel to the Debtors, (ii) Counsel to the Official Committee of Unsecured Creditors, (iii) the Office of the United States Trustee, Region 2, (iv) and all other parties entitled to receive notice under Bankruptcy Rule 2002 and under paragraph 5 of the *Amended Order Implementing Certain Notice and Case Management Procedures* [Dkt. No. 405]. Alpine submits that no other or further notice need be provided.

15. No previous motion or application for the relief sought herein has been made to this or any other Court.

**RESERVATION OF RIGHTS**

16. Alpine reserves the right to supplement or amend this Motion and make additional arguments at the hearing to consider the Motion. In addition, Alpine reserves the right to assert that all or part of the administrative claim are secured by its filed reclamation claim against the Debtors' estates. Alpine further reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Motion.

17. As indicated in this Motion, the Debtors have never disputed the Post-Petition Invoices or the § 503(b)(9) Invoices and there are no factual issues requiring an evidentiary hearing on the allowance and payment of Alpine's administrative claims. To the extent that the Debtors manufacture a factual issue in advance of the hearing, Alpine reserves the right to request that the Court hold an evidentiary hearing on August 22, 2019, the date of the hearing on this Motion, or

alternatively seek documents and testimony from the Debtors to the extent that the Court deems that the issues relevant to the allowance of the administrative claims requires an evidentiary record.

## CONCLUSION

18. For the foregoing reasons, Alpine respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit "D",** (i) granting Alpine an allowed administrative expense claim in the amount of **$202,286.89** on account of the § 503(b)(1) Claim, (ii) granting Alpine an allowed administrative claim in the amount of **$677,681.72** on account of the § 503(b)(9) Claim, and (iii) requiring the Debtors to immediately pay the § 503(b)(1) Claim and § 503(b)(9) Claim and no later than the date that the Court confirms the Debtors' plan (if it is confirmed); and (b) grant such other and further relief to Alpine as the Court deems just and proper.

Dated: New York, New York
      July 26, 2019

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP
*Attorneys for Alpine Creations Ltd.*

By:   /s/Rocco A. Cavaliere
      Rocco A. Cavaliere
      1350 Broadway, 11th Floor
      New York, New York 10018
      (212) 216-8000