**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

**In re:**

                                                     **Chapter 11**

**SEARS HOLDINGS CORPORATION, et al.,**    **Case No. 18-23538 (RDD)**

                                                     **(Jointly Administered)**

        **Debtors,**

----------------------------------------------------------x

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## MOTION FOR ABSTENTION

      COMES NOW Creditor Abel Santiago, through undersigned counsel, and moves this Court on the **22nd day of August, 2019 at 10:00 a.m. at the United States Bankruptcy Court, for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York 10601-4140, before the Honorable Robert D. Drain** to enter its Order lifting the automatic stay applicable to his Prepetition lawsuit in a New York State Court pursuant to New York State law which seeks damages for personal injuries and names Debtor K Mart Corporation as a party defendant. Creditor/Plaintiff Abel Santiago further moves this Court to enter its Order abstaining from exercising its transfer power, thereby allowing the Prepetition lawsuit to proceed in State Court.

      1.     A Prepetition Action brought by Creditor/Plaintiff Abel Santiago against Debtor K Mart Corporation, et.al. was initiated by the filing of a Complaint (Exhibit A) on February 23, 2014 in the Supreme Court of the State of New York, Bronx County, Index No. 20823/2014.

2. The Complaint alleges an action for money damages which arose on December 10, 2013 against Defendant K Mart Corporation and Alex Forrester, an employee of K Mart Corporation. The Complaint has been dismissed as against Defendant Alex Forrester.

3. K Mart Corporation is a debtor in the Bankruptcy Court proceeding at bar.

4. The Complaint Index No. 20823/2014 alleges that the Defendant K Mart Corporation knew, should have known, caused and/or allowed the store employee to negligently, carelessly, recklessly and without provocation physically attack Creditor/Plaintiff Abel Santiago at the K Mart Store located at 300 Baychester Avenue, Bronx, New York. The Complaint further alleges that Defendant K Mart Corporation negligently hired the store employee despite knowledge of prior violent behavior. Said personal injury claims of Creditor/Plaintiff Abel Santiago are made pursuant to New York State law.

5. Creditor/Plaintiff Abel Santiago's Second Verified Bill of Particulars (Exhibit B) sets forth, *inter alia*, the following injuries: multiple lumbar disc herniations resulting in surgery to the lumbar spine performed on November 26, 2014; multiple tears to the right shoulder resulting in surgery to the right shoulder performed on March 11, 2014; multiple tears to the right knee; multiple cervical disc bulges; and multiple lacerations and scarring to the facial and head area causally related to the December 10, 2013 incident.

6. Debtor K Mart Corporation's Verified Answer was filed on March 14, 2014 (Exhibit C).

7. Thereafter, discovery including several of the required depositions, and Creditor/Plaintiff Abel Santiago's defense physical examinations were completed.

8. On October 15, 2018, a Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy was filed on behalf of Defendant K Mart Corporation and other related entities in

United States Bankruptcy Court for the Southern District of New York No. 18-23538 (RDD). The lead debtor in such pending Bankruptcy Court action herein is Sears Holding Corporation. An automatic stay of proceedings against Defendant K Mart Corporation went into effect pursuant to 11 U.S.C. §362.

9. Upon receipt of notice related to the instant Bankruptcy Court proceeding, the Supreme Court, Bronx County marked the underlying personal injury action "Stayed".

10. Relief from the automatic stay herein may be granted for 'cause.' 11 U.S.C. § 362(d). 'cause' for lifting or otherwise modifying an automatic stay exists where the only detriment to a debtor if the stay is lifted would be that he would be required to appear and participate in an ongoing state court action and, if insured, the only entity profiting from such stay would be debtor's insurer. *See, In re Robertson*, 224 B.R. 880, 882 (N.D. Georgia). Cause for lifting an automatic stay can exist even when a legal claim for damages against a debtor exceeds insurance coverage limits. *In re Fowler*, 269 B.R. 856, 860-61 (E.D. Texas 2001). Cause for lifting an automatic stay also exists when the Prepetition litigation lacks connection to and will not interfere with the pending bankruptcy case. *In re Robertson*, 224 B.R. at 882.

11. If an automatic stay is lifted, a personal injury claim against a bankruptcy debtor cannot be tried in the United States Bankruptcy Court. Transfer of personal injury claims against a bankruptcy debtor to the United States District Court in the district in which the bankruptcy case pending is permissive, and allows abstention from such statutory powers. *In re Pan American Corp*, 950 F.2d 839, 844-45 (2d Cir. 1991); 28 U.S.C. §§ 157(b) (5), 1334(c) (1).

12. Three options exist for state law personal injury claims against a debtor in connection with a Bankruptcy Court proceeding:

    a. the personal injury claim can be transferred to and tried in the United States District Court in the district in which the bankruptcy case is pending;

      b.      the personal injury claim may be transferred to the United States District Court for the district in which the claim arose; or

      c.      the personal injury claim can be litigated in the applicable state court pursuant to abstention.

*Stokes v. Southeast Hotel Properties Ltd.*, 877 F.Supp. 986, 977-98 (W.D. North Carolina 1994). A bankruptcy judge has the power to enter orders as to abstention and remand. *In re Pacific Gas & Elec. Co.*, 279 B.R. 561, 566-67 (N.D. California 2002), citing, *Scherer v. Carroll*, 150 B.R. 549, 551-52 (D.Vt. 1993), *In re Dreis & Krump Manufacturing co.*, 1995 WL 41416 (N.D. Ill. 1995) at 3, *In re Schepps Food Stores, Inc.*, 169 B.R. 374, 378 n.5 (S.D. Texas 1994).

      13.      Relief of Creditor/Plaintiff Abel Santiago from the automatic stay currently applicable to his personal injury action against Debtor K Mart Corporation in Supreme Court, Bronx County, Index No. 20823/2014 is justified on the following factors:

      A.      Abstention from transferring the claim of Creditor/Plaintiff Abel Santiago against Debtor/Defendant K Mart Corporation will have no meaningful effect upon administration of the bankruptcy case;

      B.      The right to trial by jury exists in the Supreme Court, Bronx, County, Index No. 20823/2014, *Abel Santiago v. K Mart Corporation, et. al.*

      C.      The personal injury claim of Creditor/Plaintiff Abel Santiago against Debtor/Defendant K Mart Corporation has no meaningful relation to and will have no meaningful impact upon the main bankruptcy case;

      D.      Creditor/Plaintiff Abel Santiago's claim seeks proceeds from Debtor/Defendant K Mart Corporation's insurance policy or self-insurance reserves that cover premises liability. Creditor/Plaintiff is willing to enter a stipulation and/or agreement that he will only pursue the proceeds of any applicable policy of insurance/self-insured funds, if same exists;

      E.      In the event no such insurance/self-insurance funds exist, Creditor/Plaintiff is willing to enter a stipulation and/or agreement that he shall take no action to enforce any judgment entered against Debtor/Defendant K Mart Corporation without authorization pursuant to further Order of this Court;

F.  The interests of judicial economy will be furthered by expeditious resolution of the litigation in the state court action;

H.  Debtor/Defendant K Mart Corporation is not prejudiced by exposure to Creditor/Plaintiff Abel Santiago's personal injury claims because the debtor and its property are not subject to any risk and maintenance of Index No. 20823/2014 under proposed conditions A and B;

I.  Creditor/Plaintiff Abel Santiago is seeking to pursue liability only to the extent Debtor/Defendant K Mart Corporation's insurance would be financially responsible to pay the judgment against Debtor/Defendant K Mart Corporation.

14. The foregoing constitutes cause to terminate the automatic stay under Section 362(d) of the United States Bankruptcy Code as applicable to the New York State law action currently pending against Debtor K Mart Corporation in the Supreme Court, Bronx County, Index No. 20823/2014. Likewise, the foregoing constitutes cause to abstain from exercising transfer authority pursuant to 28 U.S.C. §§ 157(b) (5) and 1334(c) (1) thereby allowing the personal injury action to proceed in the Supreme Court, Bronx County, Index No. 20823/2014.

WHEREFORE, it is respectfully requested that this Court grant relief from the automatic stay as to Creditor/Plaintiff Abel Santiago's claims against Debtor K Mart Corporation, abstain from transferring the Prepetition personal injury litigation and allow Index No. 20823/2014 to proceed in its original venue, as well as for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of July, 2019.

THE FELICETTI LAW FIRM P.C.

_____
BY: SANDRA L. BONDER ESQ. (SB3492)
Attorneys for Plaintiff
ABEL SANTIAGO
557 Grand Concourse, Suite 159
Bronx, New York 10451
(718) 301-8233

TO:    See Attached Affirmation of Service