**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------X

ABEL SANTIAGO,

                               Plaintiff(s),

-against-

K MART CORPORATION and
ALEX FORRESTER,

                               Defendant(s).

---------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates Bronx
County as the place of trial.

The basis of the venue selected
is plaintiff's residence.

**SUMMONS**

Plaintiff resides at
530 St. Paul's Place, Apt.# 2E
Bronx, NY 10456

**COUNTY OF BRONX**

To the above named Defendant(s):

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
         January 17, 2014

Defendant's Address:
*Via Secretary of State*
K MART CORPORATION
c/o CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

ALEX FORRESTER
address currently unknown

Yours, etc.,

THE FELICETTI LAW FIRM P.C.

BY: SCOTT A. FELICETTI, ESQ.
Attorneys for Plaintiff
ABEL SANTIAGO
557 Grand Concourse, Suite 159
Bronx, NY 10451
(718) 301-8233

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------x

ABEL SANTIAGO,                                          Index Nº:              /2014E

                         Plaintiff(s),           **VERIFIED COMPLAINT**

   - against -

K MART CORPORATION and
ALEX FORRESTER,

                         Defendant(s).

----------------------------------------------------------------x

        Plaintiff(s), **ABEL SANTIAGO**, by his attorneys, THE FELICETTI LAW FIRM P.C., as and for his Verified Complaint, respectfully alleges, upon information and belief, as follows:

        1.    At all times hereinafter mentioned, plaintiff ABEL SANTIAGO (hereinafter "plaintiff") did and continues to reside in Bronx County, City and State of New York.

        2.    At all times hereinafter mentioned, defendant ALEX FORRESTER (hereinafter "defendant ALEX FORRESTER") is an individual defendant and his address is not presently know to this plaintiff or plaintiff's counsel.

        3.    At all times hereinafter mentioned, defendant K MART CORPORATION (hereinafter "defendant K MART") was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

        4.    At all times hereinafter mentioned, defendant K MART was and still is a foreign corporation authorized to do business within the State of New York.

5. At all times hereinafter mentioned, defendant K MART was and still is a partnership or other unincorporated entity doing business within the State of New York.

6. At all times hereinafter mentioned, defendant K MART's principal place of business was and still is located at 300 Baychester Ave., Bronx, New York 10475.

7. At all times hereinafter mentioned, defendant K MART's principal place of business was and still is located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS K MART AND ALEX FORRESTER

8. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

9. At all times hereinafter mentioned, defendant K MART, its agents, subsidiaries, servants and/or employees owned the store and premises located at 300 Baychester Avenue, Bronx, New York 10475 (hereinafter collectively "the premises").

10. At all times hereinafter mentioned, defendant K MART, its agents, subsidiaries, servants and/or employees, leased the premises.

11. At all times hereinafter mentioned, defendant K MART, its agents, subsidiaries, servants and/or employees, controlled the premises.

12. At all times hereinafter mentioned, defendant K MART, its agents, subsidiaries, servants and/or employees, maintained the premises.

13. At all times hereinafter mentioned, defendant K MART, its agents, subsidiaries, servants and/or employees, managed the premises.

14. At all times hereinafter mentioned, defendant K MART, its agents,

23. On or about the 10th day of December, 2013, while plaintiff was lawfully upon the premises, defendant ALEX FORRESTER, intentionally, willfully and without just cause or provocation, did strike, push, pull, grab and/or toss the plaintiff to the ground.

24. As a result of the foregoing, plaintiff was and continues to be rendered sick, sore, lame and disabled; suffered and continues to suffer severe, painful and permanent injuries to various parts of his body; received and will continue to receive hospital and medical treatment and attention for said injuries; and, was and continues to be unable to perform his usual activities.

25. That this action falls within one or more of the exemptions set forth in Section 1601 and/or 1602 of the Civil Practice Law and Rules (CPLR).

26. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

27. That by reason of the foregoing, plaintiff has been damaged in an amount to be determined upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS K MART AND ALEX FORRESTER

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

29. On or about the 10th day of December, 2013, defendant ALEX FORRESTER was the employee, agent and/or servant of defendant K MART, its agents, subsidiaries, servants and/or employees, and was acting within the scope of his employment and on behalf of his employer.

30. On or about the 10th day of December, 2013, while plaintiff was lawfully upon the premises, defendant ALEX FORRESTER, negligently, carelessly, recklessly, intentionally

and/or willfully, and without just cause or provocation, did strike, push, pull, grab and/or toss the plaintiff to the ground.

31. As a result of the foregoing, plaintiff was and continues to be rendered sick, sore, lame and disabled; suffered and continues to suffer severe, painful and permanent injuries to various parts of his body; received and will continue to receive hospital and medical treatment and attention for said injuries; and, was and continues to be unable to perform his usual activities.

32. That this action falls within one or more of the exemptions set forth in Section 1601 and/or 1602 of the Civil Practice Law and Rules (CPLR).

33. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

34. That by reason of the foregoing, plaintiff has been damaged in an amount to be determined upon the trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS K MART AND ALEX FORRESTER

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

36. Defendant K MART, its agents, subsidiaries, servants and/or employees, knew or should have known that defendant, ALEX FORRESTER, had threatened, assaulted and battered other persons without just cause or provocation.

37. Defendant K MART, its agents, subsidiaries, servants and/or employees, knew or should have known prior to and subsequent to the time they employed defendant, ALEX FORRESTER, that he was a person of mean and vicious temperament, with a propensity to be vicious and irrational, and that he had previously committed threats, assaults and batteries upon

5

other persons.

38. As a result of the foregoing, defendant K MART, its agents, subsidiaries, servants and/or employees, were negligent in hiring and keeping in its employ defendant ALEX FORRESTER.

39. As a result of the foregoing, plaintiff was and continues to be rendered sick, sore, lame and disabled; suffered and continues to suffer severe, painful and permanent injuries to various parts of his body; received and will continue to receive hospital and medical treatment and attention for said injuries; and, was and continues to be unable to perform his usual activities.

40. That this action falls within one or more of the exemptions set forth in Section 1601 and/or 1602 of the Civil Practice Law and Rules (CPLR).

41. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

42. That by reason of the foregoing, plaintiff has been damaged in an amount to be determined upon the trial of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANTS K MART AND ALEX FORRESTER

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

44. Defendant K MART, its agents, subsidiaries, servants and/or employees, were negligent in training, managing and supervising its employee, defendant ALEX FORRESTER.

45. As a result of the foregoing, plaintiff was and continues to be rendered sick, sore, lame and disabled; suffered and continues to suffer severe, painful and permanent injuries to various parts of his body; received and will continue to receive hospital and medical treatment and

attention for said injuries; and, was and continues to be unable to perform his usual activities.

46. That this action falls within one or more of the exemptions set forth in Section 1601 and/or 1602 of the Civil Practice Law and Rules (CPLR).

47. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

48. That by reason of the foregoing, plaintiff has been damaged in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANTS K MART AND ALEX FORRESTER

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

50. That the actions and conduct of defendants, ALEX FORRESTER and K MART, were so malicious, intentional, wanton, and with total disregard for plaintiff's well being that the imposition of punitive damages is warranted and permissible under the laws of the State of New York.

51. That this action falls within one or more of the exemptions set forth in Section 1601 and/or 1602 of the Civil Practice Law and Rules (CPLR).

52. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

53. That by reason of the foregoing, plaintiff has been damaged in an amount to be determined upon the trial of this action.

**WHEREFORE**, plaintiff ABEL SANTIAGO demands judgment on the First, Second, Third, Fourth, Fifth and Sixth Causes of Action against defendants, ALEX FORRESTER and K

MART CORPORATION, in an amount to be determined upon the trial of this action; together with the costs and disbursements of this action; and, any other and further relief as this Court deems just and proper.

Dated: January 17, 2014
      Bronx, New York

                                        Yours, etc.,

                                        THE FELICETTI LAW FIRM P.C.

BY: SCOTT A. FELICETTI, ESQ.
Attorney(s) for Plaintiff(s)
ABEL SANTIAGO
557 Grand Concourse, Suite 159
Bronx, NY 10451
(718) 301-8233

# VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF BRONX      )

I, ABEL SANTIAGO, being duly sworn, deposes and says:

I am the plaintiff herein; I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

_____
ABEL SANTIAGO

Sworn to before me this _17_ of
January of 2014

_____
Notary Public

CLAUDIA PILAR REYES
Notary Public, State of New York
No. 01RE6296801
Qualified in Bronx County
Commission Expires August 5, 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
                                                                                        INDEX NO.:
ABEL SANTIAGO,

                                                Plaintiff(s),

    -against-


K MART CORPORATION and
ALEX FORRESTER


                                                Defendant(s).

-----------------------------------------------------------------x


## SUMMONS AND VERIFIED COMPLAINT


### THE FELICETTI LAW FIRM P.C.
Attorneys for Plaintiff(s)
**ABEL SANTIAGO**
557 Grand Concourse, Suite 159
Bronx, NY 10451
(718) 301-8233