# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
ABEL SANTIAGO,                              INDEX NO.: 20823/2014E

                    Plaintiff,              **VERIFIED ANSWER**

       -against-

K MART CORPORATION and ALEX FORRESTER,

                    Defendants.
------------------------------------------X

       Defendants, Kmart Corporation i/s/h/a K Mart Corporation ("Kmart") and Alex Forrester, by their attorneys, SIMMONS JANNACE, LLP, as and for their verified answer to the verified complaint of plaintiff, respond as follows:

       1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the verified complaint.

       2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "2" of the verified complaint.

       3. Denies the allegations contained in numbered paragraph "3" of the verified complaint.

       4. Denies in the form alleged the allegations contained in numbered paragraph "4" of the verified complaint.

       5. Denies the allegations contained in numbered paragraph

"5" of the verified complaint.

6. Denies the allegations contained in numbered paragraph "6" of the verified complaint.

7. Denies in the form alleged the allegations contained in numbered paragraph "7" of the verified complaint.

8. Repeats and realleges the answers to paragraphs "1" to "7" as if fully set forth herein.

9. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "9" of the verified complaint and leaves all questions of law to the court.

10. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "10" of the verified complaint and leaves all questions of law to the court.

11. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "11" of the verified complaint and leaves all questions of law to the court.

12. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "12" of the verified complaint and leaves all questions of law to the court.

13. Denies in the form alleged knowledge or information

2

sufficient to form a belief as to the allegations contained in numbered paragraph "13" of the verified complaint and leaves all questions of law to the court.

14. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "14" of the verified complaint and leaves all questions of law to the court.

15. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "15" of the verified complaint.

16. Denies in the form alleged knowledge or information sufficient to form a belief as to the allegations contained in numbered paragraph "16" of the verified complaint.

17. Denies the allegations contained in numbered paragraph "17" of the verified complaint.

18. Denies the allegations contained in numbered paragraph "18" of the verified complaint.

19. Denies the allegations contained in numbered paragraph "19" of the verified complaint.

20. Denies the allegations contained in numbered paragraph "20" of the verified complaint.

21. Denies the allegations contained in numbered paragraph "21" of the verified complaint.

22. Repeats and realleges the answers to paragraphs "1" to

"21" as if fully set forth herein.

23. Denies the allegations contained in numbered paragraph "23" of the verified complaint.

24. Denies the allegations contained in numbered paragraph "24" of the verified complaint.

25. Denies the allegations contained in numbered paragraph "25" of the verified complaint.

26. Denies the allegations contained in numbered paragraph "26" of the verified complaint.

27. Denies the allegations contained in numbered paragraph "27" of the verified complaint.

28. Repeats and realleges the answers to paragraphs "1" to "27" as if fully set forth herein.

29. Denies the allegations contained in numbered paragraph "29" of the verified complaint.

30. Denies the allegations contained in numbered paragraph "30" of the verified complaint.

31. Denies the allegations contained in numbered paragraph "31" of the verified complaint.

32. Denies the allegations contained in numbered paragraph "32" of the verified complaint.

33. Denies the allegations contained in numbered paragraph "33" of the verified complaint.

34. Denies the allegations contained in numbered paragraph

"34" of the verified complaint.

35. Repeats and realleges the answers to paragraphs "1" to "34" as if fully set forth herein.

36. Denies the allegations contained in numbered paragraph "36" of the verified complaint.

37. Denies the allegations contained in numbered paragraph "37" of the verified complaint.

38. Denies the allegations contained in numbered paragraph "38" of the verified complaint.

39. Denies the allegations contained in numbered paragraph "39" of the verified complaint.

40. Denies the allegations contained in numbered paragraph "40" of the verified complaint.

41. Denies the allegations contained in numbered paragraph "41" of the verified complaint.

42. Denies the allegations contained in numbered paragraph "42" of the verified complaint.

43. Repeats and realleges the answers to paragraphs "1" to "42" as if fully set forth herein.

44. Denies the allegations contained in numbered paragraph "44" of the verified complaint.

45. Denies the allegations contained in numbered paragraph "45" of the verified complaint.

46. Denies the allegations contained in numbered paragraph

5

"46" of the verified complaint.

47. Denies the allegations contained in numbered paragraph "47" of the verified complaint.

48. Denies the allegations contained in numbered paragraph "48" of the verified complaint.

49. Repeats and realleges the answers to paragraphs "1" to "48" as if fully set forth herein.

50. Denies the allegations contained in numbered paragraph "50" of the verified complaint.

51. Denies the allegations contained in numbered paragraph "51" of the verified complaint.

52. Denies the allegations contained in numbered paragraph "52" of the verified complaint.

53. Denies the allegations contained in numbered paragraph "53" of the verified complaint.

54. Denies plaintiff is entitled to the relief requested in the "WHEREFORE Clause."

55. Defendants demand that liability, if any, be apportioned.

### AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's complaint fails to state a cause of action.

### AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, the injuries allegedly

6

sustained by plaintiff were not as a result of any culpable conduct by the defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injury.

### AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

3. Upon information and belief, plaintiff has not effectuated valid service, pursuant to the CPLR, and therefore, this Court lacks jurisdiction over the person of the defendants.

### AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

4. Upon information and belief, any damages sustained by plaintiff was caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

### AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

5. If plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief, any damages sustained by plaintiff were caused by plaintiff having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

### AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

6. These defendants will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint

7

and several liability.

### AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

7. Upon information and belief, defendants never received actual or constructive notice of any dangerous condition, and therefore, defendants cannot be liable for any alleged injuries suffered by plaintiff.

### AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

8. Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendants cannot be held liable, and defendants' conduct was in no way the proximate cause of such damages.

### AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

9. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

### AS AND FOR ITS TENTH AFFIRMATIVE DEFENSE

10. If plaintiff herein has received remuneration and/or compensation for some or all of his or her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, these defendants are entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

### AS AND FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants cannot be liable to plaintiff in that defendants at all times exercised ordinary care.

### AS AND FOR ITS TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff is guilty of assault, battery and threatening behavior. As such, plaintiff is not entitled to recover.

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested that plaintiff's Verified Complaint be dismissed in its entirety, and that defendants be awarded the costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:   Syosset, New York
         March 14, 2014

Simmons Jannace, LLP
Attorneys for Defendants
Kmart Corporation i/s/h/a K Mart
Corporation and Alex Forrester

BY: _____
    Lauren E. Marron
**Office & P.O. Address:**
115 Eileen Way, Suite 103
Syosset, New York  11791-5314
(516) 802-0630

TO:   Scott A. Felicetti, Esq.
      The Felicetti Law Firm P.C.
      Attorneys for Plaintiff
      **Office & P.O. Address:**
      557 Grand Concourse, Suite 159
      Bronx, New York  10451
      (718) 301-8233

9

## VERIFICATION

**RE: Abel Santiago v. K Mart Corporation and Alex Forrester**
**Supreme Court - Bronx County: Index No.: 20823/2014E**

I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state that I am the attorney of record for defendants in the within action. I have read the foregoing Verified Answer and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by defendants is because defendants are not located in this county.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: documents in my file and/or conversations with defendants' representatives.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:    Syosset, New York
         March 14, 2014

_____
Lauren E. Marron

10

# AFFIDAVIT OF SERVICE
## U.S. MAIL

Re: Abel Santiago v. K Mart Corporation and Alex Forrester
Docket No.: 20823/2114E

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

M. ALICE REBIMBAS, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside at East Meadow, New York.

On March 14, 2014, I served the within **VERIFIED ANSWER**, by depositing true copies thereof, enclosed in post-paid wrappers, into the exclusive care and custody of the U.S. Postal Service within New York State, addressed as shown below:

TO: Scott A. Felicetti, Esq.
The Felicetti Law Firm P.C.
Attorneys for Plaintiff
**Office & P.O. Address:**
557 Grand Concourse, Suite 159
Bronx, New York 10451
(718) 301-8233

_____
M. ALICE REBIMBAS

Sworn to before me this
14th day of March, 2014

_____
NOTARY PUBLIC

KRISTA MILLER
Notary Public, State of New York
No. 01MI6269717
Qualified in Suffolk County
Commission Expires October 1, 2016