**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x

ABEL SANTIAGO,

INDEX NO.: 20823/2014E

                                        Plaintiff(s),               **SECOND VERIFIED**
                                                                     **BILL OF PARTICULARS**

-against-

K MART CORPORATION and
ALEX FORRESTER,

                                        Defendant(s).

-----------------------------------------------------------x

**C O U N S E L O R (S):**

    PLEASE TAKE NOTICE, that pursuant to CPLR 3043(b), the following is plaintiff's Second Verified Bill of Particulars herein:

1. Plaintiff is currently 36 years of age. Due to concerns of identity theft, plaintiff's counsel no longer publishes clients' dates of birth in Bills of Particulars since they are likely to be filed in the public record along with other personal identifying information. Notwithstanding such objection, plaintiff was born in 1978 and his birth date is on authorizations previously provided under separate cover dated August 20, 2014. Plaintiff was born in the State of New York.

2. Plaintiff resided at 530 St. Pauls Place, Apt.#2E, Bronx, NY 10456 on the date of the incident and has resided there continuously to the present.

3. The occurrence happened on December 10, 2013 at approximately 9:55 PM.

4. Plaintiff, ABEL SANTIAGO, was struck, punched, kicked, pushed, grabbed, pulled, thrown into shelving, thrown into objects, and thrown to the ground without just cause or provocation by defendant, ALEX FORRESTER, inside the Kmart Store located at 300 Baychester Avenue, Bronx, New York. The incident lasted no longer than seven (7) minutes.

5. Plaintiff, ABEL SANTIAGO, was struck, punched, kicked, pushed, grabbed, pulled, thrown into shelving, thrown into objects, and thrown to the ground without just cause or provocation by defendant, ALEX FORRESTER, inside the Kmart Store located at 300 Baychester Avenue, Bronx, New York. The incident lasted no longer than seven (7) minutes.

6. The incident occurred in two locations inside the Kmart store located at 300 Baychester Avenue, Bronx, New York. The first location was in the toy aisle. The second location was at or near the main aisle at or near the bicycle rack.

7. The incident occurred in two locations inside the Kmart store located at 300 Baychester Avenue, Bronx, New York. The first location was in the toy aisle. The second location was at or near the main aisle at or near the bicycle rack.

8. Defendant, ALEX FORRESTER, struck, punched, kicked, pushed, grabbed, and pulled plaintiff, ABEL SANTIAGO, without just cause or provocation by plaintiff, ABEL SANTIAGO. Defendant, ALEX FORRESTER, also threw plaintiff, ABEL SANTIAGO, into shelving, into objects, and to the ground without just cause or provocation by plaintiff, ABEL SANTIAGO.

9. Defendant, ALEX FORRESTER, struck, punched, kicked, pushed, grabbed, and pulled plaintiff, ABEL SANTIAGO, without just cause or provocation by plaintiff, ABEL SANTIAGO. Defendant, ALEX FORRESTER, also threw plaintiff, ABEL SANTIAGO, into shelving, into objects, and to the ground without just cause or provocation by plaintiff, ABEL SANTIAGO.

10. Defendant, ALEX FORRESTER, struck, punched, kicked, pushed, grabbed, and pulled plaintiff, ABEL SANTIAGO, without just cause or provocation by plaintiff, ABEL SANTIAGO. Defendant, ALEX FORRESTER, also threw plaintiff, ABEL SANTIAGO, into shelving, into objects, and to the ground without just cause or provocation by plaintiff, ABEL SANTIAGO.

11. Plaintiff, ABEL SANTIAGO, was struck, punched, kicked, pushed, grabbed, pulled, thrown into shelving, thrown into objects, and thrown to the ground without just cause or provocation by defendant, ALEX FORRESTER.

12. Defendant ALEX FORRESTER (hereinafter " FORRESTER") was negligent in contacting, without just cause or provocation, the head, body and limbs of plaintiff ABEL SANTIAGO; in striking, pushing, grabbing, and pulling, without just cause or provocation, the head, body and limbs of plaintiff ABEL SANTIAGO; in punching, without just cause or provocation, the head, body and limbs of plaintiff ABEL SANTIAGO; and, in otherwise being negligent, careless and/or reckless.

Defendant, K MART CORPORATION (hereinafter "Kmart"), its agents, servants, employees and/or principals, were negligent in failing to supervise its

agents, servants and/or employees; in failing to properly supervise its agents, servants and/or employees; in failing to train its agents, servants and/or employees; in failing to properly train its agents, servants and/or employees; in failing to have manuals, rules, regulations and/or guidelines with regards to the proper supervision and/or training of its agents, servants and/or employees; in failing to enforce any rules, regulations and/or guidelines with regards to the proper supervision and/or training of its agents, servants and/or employees; in directing, causing, permitting and/or allowing its employee, defendant, FORRESTER, to negotiate, interact and/or communicate with its customers and/or patrons, when defendant Kmart knew or should have known of the vicious and dangerous propensities of defendant FORRESTER, and his unfitness to serve as an employee; in hiring defendant FORRESTER as an agent, servant and/or employee when defendant Kmart knew or should have known of the vicious and dangerous propensities of defendant FORRESTER; in keeping defendant FORRESTER as an agent, servant and/or employee when defendant Kmart knew or should have known of the vicious and dangerous propensities of defendant FORRESTER; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of herein; in failing to warn the general public and, more particularly, the plaintiff herein, of the vicious and dangerous propensities of its employee, defendant FORRESTER; in failing to properly warn the general public and, more particularly, the plaintiff herein, of the vicious and dangerous propensities of its employee, defendant FORRESTER; in failing to have manuals, rules, regulations and/or guidelines with regards to warning the general public and, more particularly, the plaintiff herein, of the vicious and dangerous propensities of its employee, defendant FORRESTER; in failing to enforce and/or properly enforce any rules, regulations and/or guidelines that were then existing with regards to warning the general public and, more particularly, the plaintiff herein, of the vicious and dangerous propensities of its employee, defendant FORRESTER; in failing to foresee and/or anticipate that persons and, more particularly, the plaintiff herein, could sustain serious physical injuries by virtue of the vicious and dangerous propensities of its employee, defendant FORRESTER; and, in otherwise being negligent, careless and/or reckless.

13. Plaintiff made no claim of a violation of a statute, ordinance or law in his complaint and therefore we are not required to respond to such a demand. Bouton v. County of Suffolk, 509 NYS2d 846. If violations of statutes, ordinances or laws are discovered in the future, then a further response to this demand will be made. The Court shall take judicial notice of all those statutes, rules, ordinances, codes, and/or regulations of the State of New York that were violated by the defendant(s), including but not limited to, Vehicle and Traffic Law Sections 1101, 1129 and 1180, as well as those violated based upon the evidence and testimony adduced at the time of the trial.

14. Plaintiff has never been arrested for any crime prior to the incident alleged in plaintiff's complaint.

15. Plaintiff has never been imprisoned for any crime prior to the incident alleged in plaintiff's complaint.

16. Plaintiff has never been convicted of any crime prior to the incident alleged in plaintiff's complaint.

17. No criminal charges were filed against the plaintiff as a result of the incident alleged in plaintiff's complaint.

18 (a). Actual notice is claimed in that defendant, Kmart, its agents, servants and/or employees, caused, created, permitted, allowed and/or were aware of the condition complained of herein; and, defendant, Kmart, its agents, servants, employees and/or principals knew of defendant, FORRESTER'S, dangerous propensities, lack of training, and lack of supervision at the time of the occurrence.

18 (b). Constructive notice is claimed in that the condition complained of existed for such a period of time that in the exercise of reasonable care, the defendant, Kmart, its agents, servants, employees and/or principals should have discovered and alleviated same; and, defendant, Kmart, its agents, servants, employees and/or principals should have known of defendant, FORRESTER'S, dangerous propensities, lack of training, and lack of supervision at the time of the occurrence.

19. Plaintiff sustained the following injuries:

- lacerations to head;

- lacerations to lips;

- scarring to head;

- scarring to lips;

- scarring to low back;

- headaches with dizziness;

- injury to neck;

- injury to cervical spine;

- neck pain with radiation down to the right upper extremity;

- C5-6 disc bulge with impingement upon the anterior thecal sac;

- C6-7 disc bulge with impingement upon the anterior thecal sac and bilateral neural foramina;

- straightening of the normal cervical lordosis;

- loss of range of motion of cervical spine;

- weakness in cervical spine;

- pain in cervical spine;

- injury to right shoulder;

- a full thickness tear of the supraspinatus tendon with retraction of the mid humeral head (right shoulder);

- a full thickness tear of the anterior fibers of the infraspinatus tendon (right shoulder);

- a partial thickness bursal surface tear of the distal subscapularis tendon (right shoulder);

- anterior and superior labral tear (right shoulder);

- injury to the rotator cuff interval, including the coracohumeral and superior glenohumeral ligaments (right shoulder);

- a large joint effusion (right shoulder);

- injury to the anterior joint capsule with edema underlying the anterior deltoid masculature (right shoulder);

- disruption of the anteroinferior glenohumeral ligament (right shoulder);

- partial thickness tear of the glendoid attachement of the posteroinferior glenohumeral ligament (right shoulder);

- surgical repair to right shoulder;

- loss of range of motion of right shoulder;

- weakness of right shoulder;

- pain in right shoulder;

- injury to low back;

- injury to lumbar spine;

- L4-5 foraminal herniation with right foraminal annular tear as well as left foraminal herniation. Bilateral foraminal impingment;

- L1-2 right paracentral disc herniation with impingement upon the right side of the thecal sac;

- surgery to the lumbar spine performed by Jeffrey Klein, M.D. at NYU Hospital for Joint Diseases, 380 Second Avenue, New York, New York on November 26, 2014;

- lumbar decompression/discectomy at L4/5;

- radiating pain to lower extremities from lumbar spine;

- loss of range of motion of lumbar spine;

- injury to right knee;

- linear tears in the articular cartilage of the prepatellar facet and patellar apex and marrow edema in this location (right knee);

- radial tear in the posterior horn of the medial meniscus (right knee);

- joint effusion (right knee);

- prepatellar edema reflecting soft tissue contusion (right knee);

- loss of range of motion of right knee;

- weakness in right knee;

- pain in right knee;

- anxiety, nervousness and depression;

Aforementioned injuries required plaintiff to undergo extensive and continuing physical therapy and epidural steroid injections.

All with ongoing pain and tenderness; limitation of movement; all with attendant continuing discomfort, tenderness, sensitivity and extreme limitation of use and function of the areas involved.

Severe anxiety, concern about possible further complications, depression,

humiliation, self-consciousness, feelings of helplessness, frustration, feelings of hopelessness, feelings of victimization and vulnerability, flashbacks, fear, anger, depression, distraction, decreased concentration, exasperation, sadness, melancholy, feelings of invasion, social inhibition and physical trauma.

All of the injuries mentioned herein, manifestations, resulting disabilities, and involvements, may, if they progress or fail to heal, require surgery, and are associated with further soft tissue injury to the areas traumatically affected; including tearing, derangement, involvement of and damage to the surrounding muscles and muscle groups, ligaments, tendons, blood vessels and blood supply, nerves and nerve tissue, epithelial tissue, body tissues and bone structures, all concomitant to the specific injuries and related to the various portions mentioned herein, with resultant pain, deformity, disability, stiffness, weakness, swelling, tenderness, edema, atrohy, echymosis, impairment, and will continue to be prevented the enjoyment of the normal fruits of life and its daily activities (including but not limited to physical, social, educationsl, recreational and economic) and the enjoyment of life has been permanently and substantially impaired, impeded, diminished and reduced.

The aforesaid injuries are permanent in nature.

Upon information and belief, these injuries aggravated, activated exacerbated and/or precipitated any underlying hypertrophic, degenerative, arthritic, circulatory, arterial, venous, and/or systemic condition or conditions, if any, which was or were asymptomatic prior to the accident complained of.

Upon information and belief, the effects of plaintiff's injuries, with the exception of those, if any, of a superficial nature, are considered to be permanent and/or long enduring, and same are continuing to cause diminution of integrity in the use and motion of the traumatized parts and structures.

In addition to all of the injuries mentioned, plaintiff will also claim all injuries indicated in any medical and/or hospital record(s) to which the defendants have had access by way of authorization, subpoena or otherwise, including but not limited to any injuries set forth in any report and/or records of any physician who may examine the said plaintiff on behalf of defendant herein.

20. See answer "19" above.

21. Plaintiff was confined to bed from December 10, 2013 through December 15, 2013 and intermittently thereafter. Plaintiff was again confined to his bed following surgery to his right shoulder from March 11, 2014 through March 17, 2014 and intermittently thereafter. Plaintiff was again confined to his bed following surgery to his lower back from November 26, 2014 to December 23, 2014 and intermittently thereafter. Plaintiff was substantially confined to his home from December 10, 2013 through December 15, 2013 and then again

from February 24, 2014 to the present and continuing.

22. Plaintiff was treated at Albert Einstein Hospital, 1825 Eastchester Road, Bronx, NY 10461 as an emergency room patient on December 10, 2013 into the following morning on December 11, 2013. He was discharged on December 11, 2013. Plaintiff was treated at Progressive Surgery Center, 340 Broad Hollow Road, Farmingdale, NY 11735 for surgery to his right shoulder on March 11, 2014. He was released the same day. Plaintiff was treated at NYU Hospital for Joint Diseases, 380 Second Avenue, New York, New York, 10010, for surgery to his lumbar spine on November 26, 2014.

23. Plaintiff was treated by the following physicians:

Barry Katzman, M.D., 3233 Westchester Ave., Bronx, NY 10461;
Doshi Diagnostic Imaging Services, 410 East 189th Street, Bronx, NY 10458;
Vijay Sidhwani, D.O., 675 Morris Avenue, Bronx, NY 10451;
Jeffrey D. Klein, M.D., 380 Second Avenue, Suite 1001, New York, New York 10010;
Physical Medicine and Rehabilitation of New York P.C., 675 Morris Avenue, Bronx, NY 10451.

24. Plaintiff is currently employed by Coca-Cola Refreshments located at 2000 Skyline Drive, Elmsford, New York and has remained an employee of Coca-Cola Refreshments since the date of the incident. Plaintiff was employed as a merchandiser at the time of the accident. Plaintiff's duties included but are not limited to lifting merchandise and building displays.

25. Plaintiff was incapacitated from employment from December 10, 2013 through December 16, 2013 and then again from on or about February 24, 2014 to the present and continuing.

26. State the total amounts claimed as special damages and the dates incurred and to whom owed or owing for:

   A. Hospital expenses;
   B. Physicians' services;
   C. Nurses expenses;
   D. Dental expenses;
   E. Medicine and medical expenses;
   F. Ambulance expenses;
   G. X rays;
   H. Loss of earnings;
   I. Litigation expenses in defending any criminal and/or administrative charges;
   J. Any other expenses which it is claimed resulted from this occurrence.

Itemized billing for specific special damages with respect to his treatment are not presently in plaintiff's possession, however, full authorization for defendants' counsel to secure this information regarding Hospital expenses; Physicians' services; Nurses expenses; Dental expenses; Medicine and medical expenses; Ambulance expenses; X rays; Loss of earnings; Any other expenses which it is claim resulted from this occurrence has been provided under separate cover.

27. Plaintiff objects to the demand for a Social Security number as privileged, as an interrogatory, as not designed to amplify the pleadings, and also to the disclosure of such information in a filing likely to be publicly filed, due to the danger of identity theft. It is also impermissible pursuant to New York State General Business Law § 899-aa, 5 U.S.C. § (b)(6) and Federal Privacy Act of 1974 (Public Law-93-579) § 7, and General Business Law § 399-dd (6). Notwithstanding such objection, plaintiff's social security number is on the authorizations previously provided with plaintiff's Response to Defendant's Combined Demand for Discovery and Inspection.

28. Plaintiff has not been involved in any other lawsuits within the past five years involving the plaintiff wherein plaintiff alleged to have sustained a personal injury.

29. Plaintiff is not currently in possession of such documentation, however, plaintiff through his attorneys, has requested such information from defendants through the discovery process in this proceeding. As such plaintiff reserves his right to amend and/or supplement this response up to and including the time of trial.

30. Plaintiff makes no claim that his injuries necessitated any special educational or vocational training or schooling at this time. However, plaintiff remains unable to return to his regular employment as the result of injuries sustained in this incident and a claim for past and future lost wages is made herein. Plaintiff reserves his right, to amend and/or supplement this response up to an including the time of trial.

31. Plaintiff has never sought counseling, family group counseling, or individual counseling prior to this incident. However, plaintiff is making a claim for psychological injuries as contained in answer to question numbered "19" above.

Pursuant to applicable case law and the Civil Practice Law and Rules, at the present time, the plaintiff(s) is/are continuing medical treatment and do not have the necessary information to respond fully to some of the questions indicated in the demand for a Bill of Particulars; however, the plaintiff(s) will respond by means of a Supplemental Bill of Particulars, when said information is obtainable.

     **PLEASE TAKE NOTICE** that plaintiff(s) reserve(s) his/her/their right to amend

and/or supplement this response in advance of the trial date herein.

Dated: Bronx, New York
       January 16, 2015

                                            Yours, etc.,

                                            THE FELICETTI LAW FIRM P.C.

                                            BY: SCOTT A. FELICETTI, ESQ.
                                            Attorneys for Plaintiff
                                            ABEL SANTIAGO
                                            557 Grand Concourse, Suite 159
                                            Bronx, NY 10451
                                            (718) 301-8233

TO:    SIMMONS JANNACE DELUCA LLP
        Attorneys for Defendants
        Kmart Corporation i/s/h/a
        K Mart Corporation and Alex Forrester
        43 Corporate Drive
        Hauppauge, New York 11788-2048
        (631) 873-4888

# VERIFICATION

STATE OF NEW YORK  )
                   ) : ss.:
COUNTY OF BRONX    )

I, **ABEL SANTIAGO**, being duly sworn, deposes and says:

I am the plaintiff herein; I have read the foregoing **Bill of Particulars** and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

_____
ABEL SANTIAGO

Sworn to before me this 16th
day of January, 2015

_____
Notary Public

ROVIN A. PERSAUD
Notary Public, State of New York
No. 01PE6313041
Qualified in Queens County
Commission Expires October 14, 2018

**SUPREME COURT**
**STATE OF NEW YORK, COUNTY OF BRONX**          Index No. 20823     Year 2014E

ABEL SANTIAGO,

                              Plaintiff(s),

-against-

K MART CORPORATION and,
ALEX FORRESTER,

                              Defendant(s).

**SECOND VERIFIED BILL OF PARTICULARS**

**THE FELICETTI LAW FIRM P.C.**

*Attorney(s) for* Plaintiff(s)
ABEL SANTIAGO
*Office and Post Office Address, Telephone*
557 Grand Concourse, Suite 159
Bronx, NY 10451
(718) 301-8233

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                of which the within is a true copy
will be presented for settlement to the HON.                                 one of the judges of the
within named Court, at
on                              at              M.
Dated,
                                      Yours, etc.