**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                                      :

                                                           :          **Chapter 11**

**SEARS HOLDINGS CORPORATION, et al.,**          :

                                                           :          **Case No. 18-23538 (RDD)**

                                                           :

            Debtors.[1]                                    :          **(Jointly Administered)**

-------------------------------------------------------------x

## ORDER APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS

            Pursuant to and in accordance with the *Order Authorizing Debtors to Establish*

*Procedures for Rejection of Executory Contracts* (ECF No. 3044) (the "**Rejection Procedures**

**Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its

debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this

Court and served on the Rejection Notice Parties a notice dated July 12, 2019 (the "**Rejection**

**Notice**") of their intent to reject certain executory contracts identified on **Schedule 1** attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

hereto ("**Contracts**") in accordance with 11 U.S.C. § 365 and the terms of the Rejection

Procedures Order; and such notice having been adequate and appropriate under the circumstances,

and it appearing that no other or further notice need be provided; and no timely objections having

been filed to the Rejection Notice; and the Court having found and determined that the relief

requested is in the best interests of the Debtors, their estates, their creditors, and all parties in

interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Contracts set forth on **<u>Schedule 1</u>** attached hereto are hereby rejected

pursuant to 11 U.S.C. § 365, effective as of the Rejection Date.

2.      <u>If any affected non-Debtor party (each, a "**Counterparty**") to a Contract

asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty

shall submit a proof of claim on or prior to thirty (30) days after the entry of this Order.  If a

Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the

Counterparty shall forever be barred from asserting a claim arising from the rejection of their

Contract.</u>

3.      Nothing contained in this Order is intended to be or shall be construed as

(i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors'

or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any

claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against

any creditor or interest holder, or (iv) an approval, assumption, or adoption of any agreement,

contract, program, or policy between the Debtors and any third party under section 365 of the

Bankruptcy Code.

4.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

5.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: July 30, 2019
        White Plains, New York

/s/Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE