Hearing Date and Time:  August 12, 2019, 9:00 a.m. (Eastern Time)
Objection Deadline and Time:  August 5, 2019, 4:00 p.m. (Eastern Time)

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor
Brad J. Axelrod
Cassandra Postighone

*Proposed Counsel to the Official Committee of
Retirees with Life Insurance Benefits of the
Sears Holdings Corporation, et al.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

## NOTICE OF HEARING ON APPLICATION OF THE OFFICIAL COMMITTEE OF RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS HOLDINGS CORPORATION, ET AL. TO RETAIN AND EMPLOY WOLLMUTH MAHER & DEUTSCH LLP AS CO-COUNSEL, *NUNC PRO TUNC* TO JULY 9, 2019

**PLEASE TAKE NOTICE** that on **August 12, 2019, at 9 a.m. (New York City time)**,

or as soon thereafter as counsel may be heard, a hearing on the *Application of the Official*

*Committee of Retirees With Life Insurance Benefits of the Sears Holdings Corporation, et al. to*

*Retain and Employ Wollmuth Maher & Deutsch LLP as Co-Counsel, Nunc Pro Tunc to July 9,*

*2019* (the "Application") will be held before the Honorable Robert D. Drain, United States

Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York,

Courtroom 118, 300 Quarropas Street, White Plains, New York 10061-4140 (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that the Retirees shall also rely on the accompanying Declaration of James N. Lawlor, as well as all documents and pleadings on file in the Debtors' chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application must be in writing, conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court, set forth the legal and factual basis therefore and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a CD-ROM, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and be served in accordance with General Order M-399, to the extent applicable, and the *Amended Order Implementing Certain Notice And Case Management Procedures*, entered on November 1, 2018 (ECF 405), so as to be received no later than **August 5, 2019, at 4:00 p.m. (New York City time) (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that parties prosecuting the Application or any objection thereto are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

2

**PLEASE TAKE FURTHER NOTICE** that, in the event that no objection to the Motion has been properly filed and served by the Objection Deadline, the Retirees Committee may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Application, and the Bankruptcy Court may enter the order without further notice or opportunity to be heard.

New York, New York
July 30, 2019

Respectfully submitted,

By: */s/ James N. Lawlor*
        James N. Lawlor
        Brad J. Axelrod
        Cassandra Postighone

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
P: 212-382-3300
F: 973-741-2398
Telephone: (212) 382-3300
Facsimile:  (212) 382-0050

*Proposed Counsel to the Official Committee of Retirees with Life Insurance Benefits of the Sears Holdings Corporation, et al.*

Hearing Date and Time:  August 12, 2019, 9:00 a.m. (Eastern Time)
Objection Deadline and Time:  August 5, 2019, 4:00 p.m. (Eastern Time)

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor
Brad J. Axelrod
Cassandra Postighone

*Proposed Counsel to the Official Committee of
Retirees with Life Insurance Benefits of the
Sears Holdings Corporation, et al.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS HOLDINGS CORPORATION, ET AL. TO RETAIN AND EMPLOY WOLLMUTH MAHER & DEUTSCH LLP AS CO-COUNSEL, *NUNC PRO TUNC* TO JULY 9, 2019

## TO:   THE HONORABLE ROBERT D. DRAIN
## UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Retirees With Life Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-l and 2016-J of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy

Court for the Southern District of New York (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Retirees Committee to retain and employ Wollmuth Maher & Deutsch LLP ("WMD") as its co-counsel in connection with the Debtors" chapter 11 cases (the "Chapter 11 Cases"), effective *nunc pro tunc* to July 9, 2019.[1] In support of this Application, the Retirees Committee submits the declaration of James N Lawlor, a partner of WMD (the "Lawlor Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Retirees Committee respectfully represents as follows.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On October 15, 2018 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the chapter 11 cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their assets and business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Law Offices of Michael M. Mulder are also proposed co-counsel for the Retirees Committee.

2

5.      An official committee of Retirees with Life Insurance Benefits (the "Retirees Committee") was appointed on July 9, 2019 (ECF 4470).[2] The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Rules").

## **RELIEF REQUESTED**

6.      By this Application, the Retirees Committee seeks to retain and employ WMD as its co-counsel, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, *nunc pro tunc* to July 9, 2019.

## **RETENTION OF WMD**

7.      The Retirees Committee respectfully submits that it is necessary and appropriate for it to retain and employ WMD, as co-counsel, to, among other things:

    a.   advise the Retirees Committee with respect to its rights, duties and powers in the Chapter 11 Cases;

    b.   assist and advise the Retirees Committee in its consultations and negotiations with the Debtors and other parties in interest with respect to the disputed retiree benefits;

    c.    assist the Retirees Committee in its investigation of the acts and conduct of the Debtors, their insiders and management with respect to the retiree benefits;

    d.   assist and advise the Retirees Committee as to its communications with retirees regarding significant matters in the Chapter 11 Cases;

---

[2] The Retirees Committee currently comprises: (i) Richard Bruce, (ii) Ronald Olbrysh, (iii) Mary Rose Steininger, (iv) James T. Nally, and (v) Joseph E. Hartzell.

3

e.   represent the Retirees Committee at all hearings and other proceedings before this Court, as appropriate;

f.   review and analyze the Debtors' proposed plan of reorganization and related documents and advise the Retirees Committee as to their propriety and, to the extent deemed appropriate by the Retirees Committee, support, join or object thereto;

g.   advise and assist the Retirees Committee with respect to any legislative, regulatory or governmental activities;

h.   prepare, on behalf of the Retirees Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtors or the Chapter 11 Cases; and

i.   perform such other legal services as may be required or are otherwise deemed to be in the interests of the Retirees Committee in accordance with the Retirees Committee's powers and duties, as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

8.   The Retirees Committee believes WMD possesses extensive knowledge and expertise in the areas of law relevant to the Chapter 11 Cases, and that WMD is well qualified to represent the Retirees Committee in the Chapter 11 Cases.  In selecting co-counsel, the Retirees Committee sought attorneys with considerable experience in chapter 11 cases and other debt restructurings.  WMD has such experience, as WMD currently is representing or has represented a number of debtors, trustees, liquidating trustees, committees and substantial parties in interest in many significant chapter 11 cases.

9.    Because of the extensive legal services that the Retirees Committee requires in connection with the Chapter 11 Cases, and the fact that the full nature and extent of such services are not known at this time, the Retirees Committee believes that the employment of WMD to provide the services described above and such other services as may be necessary for the Retirees Committee to satisfy its obligations to the Debtors' retired employees is appropriate and in the best interests of the Debtors' estates and their creditors.

10.    The Retirees Committee requests that all fees and related costs and expenses incurred by the Retirees Committee on account of services rendered by WMD in the Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2).  Subject to this Court's approval, WMD will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331.  WMD's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. The current hourly rates charged, and the projected adjusted hourly rates that are charged as of January 2019, by WMD for professionals and paraprofessionals employed in its offices are provided below:

| **Billing Category** | **Range** |
|---|---|
| Partners | $ 725 - $ 825 |
| Counsel | $ 700 - $ 725 |
| Associates | $ 305 - $ 675 |
| Paraprofessionals | $ 195 |

11.     WMD has advised the Retirees Committee that it is WMD's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client. The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research. WMD will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Retirees Committee.

12.     The names, positions and 2019 hourly rates of the WMD attorneys currently expected to have primary responsibility for providing services to the Retirees Committee are as follows:

| **Attorney** | **Position/Department** | **Hourly Rate** |
|---|---|---|
| James Lawlor | Partner / Bankruptcy & Restructuring, Litigation & Dispute Resolution, and Corporate Group | $ 780 |
| Brad Axelrod | Partner / Bankruptcy, Restructuring and Insolvency, Corporate and Securities Group | $ 825 |
| Cassandra Postighone | Associate / Litigation & Dispute Resolution Group | $ 445 |

In addition to the lawyers named above, the Retirees Committee understands that it will be necessary, during the course of these cases, for other WMD professionals in other legal disciplines to provide services to the Retirees Committee.

13.     WMD has advised the Retirees Committee that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), and the Administrative

6

Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

14.    WMD has advised the Retirees Committee that it also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 USC § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and in the interim fee applications and final fee applications to be filed by WMD in the Chapter 11 Cases.[3] To that end, WMD has advised the Retirees Committee that it responds to the questions set forth in Section D of the Revised UST Guidelines as follows:

    a.    WMD did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

    b.    No rate for any of the professionals included in this engagement varies based on the geographic location of the Chapter 11 Cases;

    c.    WMD did not represent any member of the Retirees Committee in connection with the Chapter 11 Cases prior to its retention by the Retirees Committee, except that it was co-counsel for two retirees that successfully moved for the

---

[3] WMD's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with the Application and the interim and final fee applications to be filed by WMD in the Debtors' Chapter 11 Cases is based exclusively on the facts and circumstances of the Chapter 11 Cases. WMD reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is appropriate to do so.

formation of the committee and who have agreed to WMD's withdrawal as their

counsel so that it may represent the interests of the committee; and

    d.   The Retirees Committee has approved WMD's proposed hourly billing rates.

The WMD attorneys set forth above in paragraph 12 will be the primary

attorneys staffed on the Chapter 11 Cases, subject to modification based on the

facts and circumstances of the Chapter 11 Cases and the needs of the Retirees

Committee.

15.    Upon information and belief, WMD does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which WMD is to be engaged, except to the extent set forth in the Lawlor Declaration. WMD is, however, a mid-size firm with a numerous and varied client base and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

## EFFORTS TO AVOID DUPLICATION OF SERVICES

16.    The Retirees Committee and WMD are mindful of the need to avoid duplication of services, and WMD shall use its best efforts to avoid duplication of services provided by any of the Retirees Committee's other proposed or retained co-counsel in these Chapter 11 Cases. WMD will coordinate with co-counsel to ensure that there is no unnecessary duplication of effort by WMD. Proposed co-counsel at The Law Offices of Michael M. Mulder, however, are not bankruptcy attorneys but did represent the retirees in earlier class action litigation that resulted in the benefits being vested. Thus, co-counsel has unique knowledge that will assist the Retirees Committee.

8

## NUNC PRO TUNC RELIEF

17.     The Retirees Committee believes that the employment of WMD effective *nunc pro tunc* to July 9, 2019, the date the Retirees Committee selected WMD as its proposed co-counsel, is warranted under the circumstances of the Chapter 11 Cases. Upon its selection, the Retirees Committee requested WMD to commence work immediately on time-sensitive matters and devote substantial resources to these Chapter 11 Cases prior to the submission and approval of this Application. Thus, WMD has provided, and will continue to provide, valuable services to the Retirees Committee.

18.     Courts in this jurisdiction routinely approve *nunc pro tunc* employment similar to that requested herein. *See, e.g., In re Tops Holding II Corporation*, No. 18-22279 (RDD) (ECF No. 352) (Bankr. S.D.N.Y. Mar. 22, 2018); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (ECF No. 256) (Bankr. S.D.N.Y. Apr. 28, 2014); *In re Sbarra LLC*, No. 14-10557 (MG) (ECF No. 219) (Bankr. S.D.N.Y. Apr. 7, 2014). Accordingly, the Retirees Committee respectfully requests that the Court authorize employment of WMD *nunc pro tunc* to July 9, 2019.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

20.     Notice of this Application will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF 405). The Retirees Committee respectfully submits that no further notice is required.

## **CONCLUSION**

WHEREFORE, the Retirees Committee respectfully requests that the Court (a) enter an

order substantially in the form annexed hereto as **Exhibit A**, authorizing the Retirees Committee

to retain and employ WMD as its co-counsel *nunc pro tunc* to July 9, 2019, and (b) provide the

Retirees Committee such other and further relief as the Court may deem proper.


Dated:  July 30, 2019
         New York, New York

                              OFFICIAL COMMITTEE OF RETIREES
                              WITH LIFE INSURANCE BENEFITS OF
                              THE SEARS HOLDINGS CORPORATION,
                              *ET AL.*


                              By: /s/ *Ronald Olbrysh*
                                     Ronald Olbrysh
                                     CHAIRMAN

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS
HOLDINGS CORPORATION, ET AL. TO RETAIN AND EMPLOY
WOLLMUTH MAHER & DEUTSCH LLP AS COUNSEL, *NUNC PRO
TUNC* TO JULY 9, 2019**

Upon the application (the "Application")[1] of Official Committee of Retirees With Life

Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation and its affiliated

debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to

sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

rules 2014- l and 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of

New York (the "Local Rules"), authorizing the Retirees Committee to retain and employ

Wollmuth Maher & Deutsch LLP ("WMD") as its co-counsel in connection with the Debtors'

chapter 11 cases (the "Chapter 11 Cases"), and upon the declaration of James N. Lawlor, a

partner of WMD (the "Lawlor Declaration"); and it appearing that the attorneys of WMD who

will perform services on behalf of the Retirees Committee in the Chapter 11 Cases are duly

qualified to practice before this Court; and the Court finding, based on the representations made

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them
in the Motion.

1

in the Application and the Declarations, that WMD does not represent any interest adverse to the Retirees Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required by Bankruptcy Code section 328, that its employment is necessary and in the best interests of the Retirees Committee and the Debtors' estates; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and the Court having held a hearing to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.       The relief requested in the Application is granted as set forth herein.

2.       In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-l, the Retirees Committee is hereby authorized and empowered to retain and employ WMD as its counsel to represent it in these Chapter 11 Cases and related matters and proceedings on the terms set forth in the Application and the Lawlor Declaration, effective *nunc pro tunc* to July 9, 2019.

3.       WMD shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local

Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation an Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)) and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

4.      WMD shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Retirees Committee prior to any increases in the rates set forth in the Application. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.

5.      To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

6.      The Retirees Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York
        _____ ___, 2019


                            _____
                            THE HONORABLE ROBERT D. DRAIN
                            UNITED STATES BANKRUPTCY JUDGE

3

## **EXHIBIT B**

**Lawlor Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF JAMES N. LAWLOR IN SUPPORT OF THE
APPLICATION OF THE OFFICIAL COMMITTEE OF RETIREES
WITH LIFE INSURANCE BENEFITS OF THE SEARS HOLDINGS
CORPORATION, ET AL. TO RETAIN AND EMPLOY WOLLMUTH
MAHER & DEUTSCH LLP AS COUNSEL, *NUNC PRO TUNC* TO
JULY 9, 2019**

Under 28 U.S.C. § 1746, I, James N. Lawlor, declare as follows under the penalty of

perjury:

1. I am an attorney admitted to practice in the State of New York and before the

United States District Court for the Southern District of New York.

2. I am a partner of the firm of Wollmuth Maher & Deutsch LLP ("WMD"). WMD

maintains offices at, among other places, 500 Fifth Avenue, New York, New York 10110. There

are no disciplinary proceedings pending against me.

3. I am familiar with the matters set forth herein and make this declaration (the

"Declaration") in support of the application (the "Application")[1] of the Official Committee of

Retirees With Life Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation

and its affiliated debtors and debtors in possession (collectively, the "Debtors") authorizing and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to
them in the Application.

1

approving the Retirees Committee's retention and employment of WMD as counsel to the Retirees Committee.

4.      An official committee of Retirees with Life Insurance Benefits (the "Retirees Committee") was appointed on July 9, 2019 (ECF 4470). The Retirees Committee currently comprises: (i) Richard Bruce, (ii) Ronald Olbrysh, (iii) Mary Rose Steininger, (iv) James T. Nally, and (v) Joseph E. Hartzell.  The Retirees Committee selected WMD to serve as co-counsel to the Retirees Committee, subject to Court approval.

5.      I am not, nor is WMD, an insider of the Debtors.  Except as set forth below, neither WMD nor I hold directly any claim, debt or equity security of the Debtors.

6.      To the best of my knowledge and information, no partner or employee of WMD has been, within two years from the Petition Date, a director, officer or employee of the Debtors as specified in Bankruptcy Code section 101(14)(B).

7.      WMD does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, as specified in Bankruptcy Code section 101(14)(C), or for any other reason.

8.      WMD does not currently represent the Debtors or, to the best of my knowledge and information, any of their related parties, affiliates, partners, or subsidiaries.  Moreover, WMD will not undertake the representation of any party other than the Retirees Committee in connection with the Chapter 11 Cases.

9.      To the best of my knowledge and information, WMD neither holds nor represents any interest adverse to the Retirees Committee, the Debtors, their creditors or other parties in interest or their respective attorneys in connection with the Chapter 11 Cases. Based upon

information available to me, I believe that WMD is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

10.    In preparing this Declaration, through my colleagues, I submitted to WMD's computerized client and conflict database (the "Conflict Database") the names set forth on a list of parties in interest identified by the Debtors and additional parties identified by WMD, which included: (i) the Debtors and their affiliates; (ii) the 40 largest unsecured creditors; (iii) all interest parties having filed a notice of appearance and been included on the Debtors' master service list; and (iv) the members of the Retirees Committee.

11.    The Conflict Database maintained by WMD is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged and, in each instance, the identity of certain related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter.  It is the policy of WMD that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, WMD maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

### Representation of Parties in Interest

12.    The firm previously represented two individual members of the Retirees Committee, Richard Brush and Ronald Olbrysh, for the sole purpose of seeking to form the committee.  Those members have agreed to the firm's withdrawal of its representation of them and consent to the firm's representation of the committee.

13.     In connection with the services to be rendered to the Retirees Committee, WMD will not commence a cause of action against any current client with respect to the Chapter 11 Cases, unless WMD has received a waiver from the current client allowing WMD to commence such an action. In connection with the Chapter 11 Cases, to the extent any causes of action are commenced by or against any current client, and a waiver letter is not obtained permitting WMD to participate in such action, the Retirees Committee will retain conflicts counsel to represent the interests of the Debtors' unsecured creditors.

**Connections With Parties Representing 1% or More of Revenue**

14.     At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014, WMD reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of WMD and, as a result, made payments to WMD for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of WMD's total revenues for such calendar year. In connection with this Declaration, WMD has reviewed similar information for the years 2016, 2017, and 2018.

15.     WMD's has no record of revenues for services rendered on behalf of any of the parties identified in paragraph 10 above.

**Connections with the Debtors and Official Unsecured Creditors Committee**

16.     WMD has not represented the Debtors or any of the Debtors' affiliates or any members of the official Unsecured Creditors Committee.

17.     WMD in the past has represented parties potentially adverse to the Debtors and the Debtors' affiliates in matters wholly unrelated to the Debtors' Chapter 11 Cases.

## Other Connections and General Disclosures

18.     WMD may have represented in the past and/or currently may represent or in the future represent entities not known currently to WMD in matters wholly unrelated to the Chapter 11 Cases who may be parties in interest in these cases.  To the extent that WMD discovers any such information or needs to update the information disclosed herein, WMD will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014.

19.     In addition to the foregoing, after reasonable inquiry, I do not believe there is any connection between WMD and the U.S. Trustee or any person known by me to be employed as an attorney with the office of such U.S. Trustee.

20.     It is possible that a professionally managed retirement plan on behalf of WMD employees or members of a 401(k) type plan may hold equity interests in or other securities of the Debtors, but it is unknown to me at this time.

21.     None of WMD's representations of creditors or other parties in interest who are involved in these Chapter 11 Cases comprise a material component of WMD's practice, nor does WMD currently represent such parties on any issue relating to these Chapter 11 Cases. For the reasons stated herein, WMD represents no interests adverse to the Debtors' individual creditors or the Retirees Committee and, therefore, is capable of fulfilling its duties to the Retirees Committee.

## Compensation

22.     WMD is willing to be retained by the Retirees Committee as its counsel and will make appropriate applications to this Court pursuant to Bankruptcy Code sections 330 and 331 for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Case

5

Management Order, and any other applicable order of the Court.  WMD will bill at its standard

hourly rates, which, on a firm-wide basis, currently are for 2019 as follows:

| Billing Category | Range |
|---|---|
| Partners | $ 725 - $ 825 |
| Counsel | $ 700 - $ 725 |
| Associates | $ 305 - $ 675 |
| Paraprofessionals | $ 195 |

23.    The names, positions and 2019 hourly rates of the WMD attorneys currently

expected to have primary responsibility for providing services to the Retirees Committee are as

follows:

| Attorney | Position/Department | Hourly Rate |
|---|---|---|
| James Lawlor | Partner / Bankruptcy & Restructuring, Litigation & Dispute Resolution, and Corporate Group | $ 780 |
| Brad Axelrod | Partner / Bankruptcy, Restructuring and Insolvency, Corporate and Securities Group | $ 825 |
| Cassandra Postighone | Associate / Litigation & Dispute Resolution Group | $ 445 |

24.    The foregoing hourly rates are subject to periodic increase (typically in January of

each year) in the normal course of WMD's business. From time to time, other attorneys and

paralegals will assist in the representation of the Retirees Committee in connection with these

cases at WMD's standard hourly rates in effect for those personnel. The hourly rates set forth

above are WMD's standard hourly rates for work of this nature. These rates are set at a level

6

designated to compensate WMD fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. WMD operates in a complicated marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, reputation, the nature of the work involved and other factors. Because the submarkets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, WMD's rates for certain individual attorneys may vary as a function of the type of matter, the nature of certain long-term client relationships, and various other factors, including those enumerated above.

25.    It is WMD's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research. WMD will seek reimbursement for such expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation an Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, CJ.)), and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

26.    No agreement exists, nor will any be made, to share any compensation received by WMD for its services with any other person or firm other than members of WMD.

27.     For the reasons stated herein, WMD represents no interest adverse to the Debtors'

individual creditors or the Retirees Committee and, therefore, is capable of fulfilling its duties to

the Retirees Committee and the unsecured creditors that the Retirees Committee represents.

28.     The foregoing constitutes the statement of WMD pursuant to Bankruptcy Code

sections 328(a), 329, 504, and 1103(a), Bankruptcy Rules 2014(a) and 2016(b), and Local Rules

2014-1 and 2016-1.

### Statement Regarding U.S. Trustee Guidelines

29.     The Retirees Committee and WMD intend to make a reasonable effort to comply

with the U.S. Trustee's requests for information and additional disclosures as set forth in the

Revised UST Guidelines, both in connection with this Application and the interim and final fee

applications to be filed by WMD in the course of its engagement. In doing so, however, the

Retirees Committee and WMD reserve all rights as to the relevance and substantive legal effect

of the Revised UST Guidelines in respect of any application for employment or compensation in

these cases that falls within the ambit of the Revised UST Guidelines.

30.     The following is provided in response to the request for additional information set

forth in Section D.1 of the Revised UST Guidelines.

a.  WMD did not agree to any variations from, or alternatives to, its standard
    or customary billing arrangements for this engagement.

b.  No rate for any of the professionals included in this engagement varies
    based on the geographic location of the bankruptcy case.

c.  WMD did not represent any member of the Retirees Committee in the
    Debtors' Chapter 11 Cases prior to its retention by the Retirees
    Committee, except that it was co-counsel for two retirees that successfully

moved for the formation of the committee and who have agreed to WMD's withdrawal as their counsel so that it may represent the interests of the committee.

d.   WMD expects to develop a prospective budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which WMD reserves all rights.

e.   The Retirees Committee has approved WMD's proposed hourly billing rates.  The primary WMD attorneys staffed on the Debtors' Chapter 11 Cases, subject to modification depending upon further development, are set forth above in paragraph 23.

I declare under penalty of perjury that the foregoing is true and correct on this 30th day of July 2019.

*/s/ James N. Lawlor*

James N. Lawlor