**Presentment Date and Time: July 31, 2019 at 10:00 a.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------- x

### STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND LANDLORD MIDWOOD MANAGEMENT CORPORATION (I) EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR REJECTION OF LEASE OF NONRESIDENTIAL REAL PROPERTY  AND (II) SETTING BRIEFING SCHEDULE

This Stipulation and Order (the "Stipulation and Order") is made as of July 30, 2019, by and

between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as

Buyer (the "Buyer") and Midwood Management Corporation as agent for Expressway Plaza I,

LLC and Farmingville Associates Phase I, LLC (the "Landlord" and together with the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

### Recitals

A.    Landlord and Debtor Kmart Corporation are parties to that certain lease dated as of December 20, 1991 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises" ) at 2280 North Ocean Avenue, Farmingville, New York (Store # 4871).

B.    On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.    On November 29, 2018, the Landlord filed a *Notice of Hearing of Motion for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease* (ECF No. 932) (the "Landlord Stay Motion") seeking an order from the Bankruptcy Court finding the automatic stay under Bankruptcy Code section 362(a) inapplicable to the Lease.

D.    On January 18, 2019, the Debtors filed and served on the applicable counterparties the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 1731) (the "Initial Notice"), which notice included the Lease.

E.    On January 25, 2019, the Landlord filed the *Objection of Midwood Management Corp. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1957) (the "Initial Objection").

F.    On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and*

*Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV)*
*Granting Related Relief* (the "<u>Sale Order</u>") (ECF No. 2507) was entered by the Bankruptcy
Court, approving the sale of certain assets of the Debtors to Buyer.

G.    On February 19, 2019, the Bankruptcy Court entered the *Order Denying Motion*
*for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease (2280*
*North Ocean Avenue, Farmingville, New York)* (ECF No. 2649) (the "<u>Stay Motion Denial</u>
<u>Order</u>"), denying the Landlord Stay Motion.

H.    On March 5, 2019, Landlord, as Appellant, filed a notice of appeal of the Stay
Motion Denial Order (ECF No. 2747) and on March 19, 2019, Appellant Landlord filed the
*Designation of Record and Statement of Issues on Appeal* (ECF No. 2890).

I.    In accordance with the terms of the Sale Order, Buyer was permitted to designate
Additional Contracts and Designatable Leases (collectively, the "<u>Additional Assigned</u>
<u>Agreements</u>") for assumption and assignment for up to sixty (60) days after the Closing Date
(the "<u>Designation Rights Period</u>"), which occurred on February 11, 2019.  The Debtors and
Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the
Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain
Deadlines (the "<u>Extension Notice</u>") (ECF No. 3171), which extended the Designation Rights
Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019
for Additional Contracts.

J.    On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing*
*Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting*
*Related Relief* (the "<u>Assumption and Assignment Order</u>") (ECF No. 3008).

K.      On April 19, 2019, Buyer filed the *Statement/Notice of Assumption of Additional Designatable Leases*, designating the Lease as subject to assumption by the Buyer pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice").

L.      On April 26, 2019, the Bankruptcy Court entered the *Stipulation and Order Extending Deadline to File Counterdesignation of Appeal Record Items* (ECF No. 3375) extending the Appellee's deadline to file and serve their Counter Designation to and including June 28, 2019.

M.      On May 3, 2019, the Buyer filed the *Notice of Presentment of Stipulation and Order by and Among Sellers, Buyer, and Landlord Midwood Management Corporation (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (ECF No. 3617) (the "Initial 365(d)(4) Extension") and on May 13, 2019, the Court so ordered the Initial 365(d)(4) Extension (ECF No. 3824).

N.      On June 20, 2019, the Buyer filed the *Notice of Presentment of Stipulation and Order by and Among Sellers, Buyer, and Landlord Midwood Management Corporation (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* (ECF No. 4299) (the "Second 365(d)(4) Extension") and on June 28, 2019, the Court so ordered the Second 365(d)(4) Extension (ECF No. 3824) extending the Section 365(d)(4) deadline for assumption or rejection of the Lease through and including July 31, 2019.

O.      The Debtors, the Buyer and the Landlord have consensually agreed to a consensual further extension of the deadline for the Debtors to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code (the "Section 365(d)(4) Period").

P.      The parties have agreed to an extension of the Section 365(d)(4) Period, based on the terms and conditions set forth below.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      The Landlord hereby consents to a further extension of the Section 365(d)(4) Period to and including August 2, 2019; and

2.      This Stipulation and Order shall not be effective unless and until it is approved by the Bankruptcy Court.

3.      Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including August 2, 2019.  For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

4.      This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

5.      In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the end of the Section 365(d)(4) Period, as extended by this Stipulation and Order.  In the event of nonpayment or nonperformance of obligations arising from the date of this stipulation through the end of the Section 365(d)(4) Period, the Landlord's rights and remedies under Bankruptcy Code Section 365(d)(3) shall be limited to rights to assert payment and performance from the Buyer, and the Buyer, subject to any applicable defenses, shall be liable to Landlord, for all such costs and obligations as if it were the Debtors for purposes of Section 365(d)(3) and the tenant under the Lease solely for this purpose and this Court retains jurisdiction to enforce such obligations of the Buyer to Landlord; provided further,

however, that such limitation shall be without prejudice to the Landlord's right to (i) assert the unpaid or unperformed obligations as additional Cure Amounts that must be paid if the Lease is to be assumed and assigned and (ii) to assert claims for rejection damages (in addition to the claims asserted in the proof of claim filed by Landlord) against the Debtors' estates in the event of rejection of the Lease by the Debtors, and the Debtors reserve all of their respective rights and defenses in respect of any such claims.

6.      Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to such time with respect to the Lease as the Debtors have obtained an effective date of (a) rejection of the such Lease, (b) assumption of such Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order, or (c) an order determining that the Lease has been terminated.

7.      This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension beyond August 2, 2019 of the Section 365(d)(4) Period.

8.      This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

9.      This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

10.     Pending approval of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the

obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

11.    The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[Remainder of Page Left Intentionally Blank]

Dated:  July 30, 2019

**WEIL, GOTSHAL & MANGES LLP**

By:  /s/ Jacqueline Marcus_____

767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus, Esq.

*Counsel for the Debtors and Debtors-in-Possession*

Dated:  July 30, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By:  /s/ Luke A. Barefoot_____

One Liberty Plaza
New York, NY 10006
Telephone:  (212) 225-2000
Facsimile: (212) 225-3999
Luke A. Barefoot, Esq.

*Counsel for the Buyer*

**FARRELL FRITZ, P.C.**

By: /s/ Patrick Collins_____

400 RXR PLAZA
Uniondale, New York 11556
Telephone: (516) 227-0700
Facsimile: (516) 227-0777
Patrick Collins, Esq.

*Counsel for the Landlord*

**IT IS SO ORDERED.**

Dated: New York, New York
        July ___, 2019

_____
UNITED STATES BANKRUPTCY JUDGE