**JOHNSON POPE BOKOR RUPPEL
AND BURNS LLP**
Angelina E. Lim, Esq. (AL-8845)
Alberto "Al" F. Gomez, Jr., Esq.
401 E. Jackson Street, Ste. 3100
Tampa, FL  33602
Telephone: (813) 225.2500
Facsimile: (813) 223-7118
E-mail: AngelinaL@JPFirm.com
          AL@JPFirm.com

*Attorneys for Creditor, Demert Brands, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

  Debtors.[1]

-------------------------------------------------------------X

Chapter:  11

Case No.: 18-23538 (RDD)

(Jointly Administered)

**MOTION OF DEMERT BRANDS, INC. FOR AN ORDER PURSUANT TO 11 U.S.C. § 503, (i) GRANTING AN ADMINISTRATIVE EXPENSE; (ii) COMPELLING THE IMMEDIATE PAYMENT OF THE ADMINISTRATIVE EXPENSE CLAIM FOR GOODS PROVIDED BY DEMERT BRANDS, INC. TO THE DEBTOR POST-PETITION; AND (iii) FOR SUCH OTHER AND FURTHER RELIEF THE COURT <u>DEEMS APPROPRIATE</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection

Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Demert Brands, Inc. ("Demert"), by and through its undersigned counsel, hereby files this Motion for the payment of administrative expenses in the total sum of $43,876.80, pursuant to 11 U.S.C. § 503(b)(1)(A) ("Motion") and in support thereof states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising pursuant to 28 U.S.C § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested in the Motion is 11 U.S.C. § 503(b)(1)(A).

### Relevant Background

3. On October 15, 2018 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors- in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtors have continued to utilize the goods of Demert post-petition, but Demert has not been fully paid for the goods provided to the Debtors

6. Post-petition, Debtors ordered various goods from Demert pursuant to Invoices

#'s 77752, 77850, 77854 and 79575 (the "Invoices") copies of which are attached hereto as **Exhibit "A"**. The goods consist of hair care products.

### Relief Requested

7. Demert requests entry of an order, substantially in the form attached hereto as **Exhibit "B"**: (i) granting Demert an allowed administrative expense claim in the amount of $43,876.20 pursuant to Section 503(b)(1)(A) of the Bankruptcy Code for goods provided to the Debtor post-petition; and (ii) requiring the Debtor to immediately pay such allowed administrative expense claim.

### Argument

8. "An entity may timely file a request for payment of an administrative expense…" 11 U.S.C. § 503(a). Allowed administrative expenses include the "actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. § 503(b)(1)(A).

9. "Section 503(b)(1)(A) of the Bankruptcy Code grants administrative expense status to the 'actual, necessary costs and expenses of preserving the estate'. The priority furthers the goal of rehabilitation by encouraging third parties to supply goods and services on credit to the estate." *In re Patient Educ. Media*, 221 B.R. 97, at 100-01 (Bankr. S.D.N.Y. 1998).

10. To be entitled to administrative priority, "the claimant must demonstrate that (i) its claim arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (ii) the transaction or consideration directly benefited the debtor-in-possession." *In re Kuvykin*, No. 18-10760 (JLG), 2018 Bankr. LEXIS 2634, at *5-6 (Bankr. S.D.N.Y. Aug. 31, 2018).

11. The Debtors have continued to utilize Demert's goods to sell at its stores, and

such goods benefit the estate by allowing the Debtors to continue to operate. The continued replenishment of inventory is critical to the Debtors, and thus has directly benefited the Debtors. Accordingly, the monies owed to Demert are actual and necessary costs of preserving the Debtors' estate.

12. Accordingly, Demert is entitled to an order allowing and directing that all post-petition invoices be promptly paid to it as an administrative expense.

WHEREFORE, pursuant to 11 U.S.C. § 503(b)(1)(A) Demert respectfully requests that the Court enter an order (i) granting its Motion for the payment of all unpaid post-petition invoices in the amount of $43,876.80 as an administrative expense; (ii) requiring the Debtor to immediately pay such allowed administrative expense claim, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: Tampa, Florida
July 31, 2019

Respectfully submitted,

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Angelina E. Lim
Angelina E. Lim, Esq. (AL-8845)
Alberto ("Al") F. Gomez, Jr.
401 E. Jackson Street #3100
Tampa, FL  33602
Telephone:    813-225-2500
Facsimile:    813-223-7118
Email: AngelinaL@JPFirm.com
           Al@jpfirm.com
Attorneys for Demert Brands, Inc.