**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
:
In re                                                                  :         Chapter 11
:
SEARS HOLDINGS CORPORATION, *et*    :         Case No. 18-23538 (RDD)
*al.*,                                                                  :
:
          Debtors.                                          :         (Jointly Administered)
:
-------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF JIMMY BERRY IN SUPPORT
OF THE APPLICATION OF DEBTORS FOR AUTHORITY TO
RETAIN DELOITTE & TOUCHE LLP FOR INDEPENDENT AUDIT AND
ADVISORY SERVICES *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

      I, Jimmy Berry, under penalty of perjury, declare as follows:

      1.      I am a partner of the firm of Deloitte & Touche LLP ("**Deloitte & Touche**"), which has an office at 2200 Ross Avenue, Suite 1600, Dallas, Texas 75201. I am duly authorized to make and submit this supplemental declaration (the "**Declaration**") on behalf of Deloitte & Touche as independent auditor and advisor for Sears Holdings Corporation ("**SHC**") and certain of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") in further support of the *Application of Debtors for Authority to Retain Deloitte & Touche LLP for Independent Audit and Advisory Services* Nunc Pro Tunc *to the Commencement Date* (the "**Application**").

      2.      By the Application, the Debtors sought approval to have Deloitte & Touche retained as independent auditor and advisor in accordance with the terms and conditions set forth in the Engagement Agreements. In connection with the Application, I submitted a declaration, dated January 4, 2019 in support of the Application (the "**Original**

1

Declaration").[1]  By order of this Court, dated January 22, 2019, the Court approved the Application (Docket No. 1736).  By separate orders of this Court, dated January 22, 2019 (Docket Nos. 1735 and 1734), Deloitte Tax LLP ("**Deloitte Tax**") and Deloitte Transactions and Business Analytics LLP ("**DTBA**"), affiliates of Deloitte & Touche, were also approved to provide services for the Debtors.

3.  The statements set forth in this Declaration are based upon my personal knowledge, information and belief, and/or client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte & Touche or its affiliates.

4.  As set forth in paragraph 8 of the Original Declaration, I stated if Deloitte & Touche discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.  This Declaration is submitted to further supplement the Original Declaration.

5.  During the course of these chapter 11 cases, Deloitte & Touche has concluded the services to be performed under the Engagement Agreements, either because the services were completed or because the Debtors instructed Deloitte & Touche to stop performing them.   In addition, I understand that the certain services of DTBA and Deloitte Tax for the Debtors are anticipated to continue.

6.  By order of this Court, dated February 8, 2019 (Docket No. 2507), the Debtors sold substantially all their assets to Transform Holdco LLC (the "**Purchaser**").  The Purchaser has requested that Deloitte & Touche perform certain audit and accounting

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Declaration.

services for the Purchaser related to Sears Home Improvement and Sears Parts Direct (the "**Purchaser Services**"). Specifically, Deloitte & Touche has been requested to:

a) perform financial statement audits in accordance with auditing standards generally accepted in the United States of America ("generally accepted auditing standards") to express an opinion on whether financial statements of certain businesses and or subsidiaries acquired by the Purchaser as of and for the years ended January 30, 2016, January 28, 2017 and February 3, 2018, are presented fairly, in all material respects;

b) perform financial statement audits in accordance with generally accepted auditing standards to express an opinion on whether financial statements of certain businesses and or subsidiaries acquired by the Purchaser as of and for the year ended February 2, 2019, are presented fairly, in all material respects; and

c) provide advice in the preparation of the Purchaser's updated quality of earnings diligence report (updated for the fiscal year ended February 2, 2019 and subsequent periods) which the Purchaser expects to utilize in the sales effort for certain business of the Purchaser. The services associated with a quality of earnings diligence report would typically include items such as (i) analysis of the Purchaser's normalized earnings before interest, taxes, depreciation and amortization ("**EBITDA**") which has been prepared by management thereof and any associated management-proposed adjustments; (ii) analyze monthly operating data (with a focus on management-provided EBITDA); (iii) analyze costs allocated by management to the business from its parent and related allocation methodologies; and (iv) analyze the balance sheet accounts and trends for purposes of identifying matters for management's consideration. These

services will not result in a report which expresses an opinion or any other form of assurance with respect to any matters as a result of the performance of these services.

7. The engagement team that is anticipated to perform the Purchaser Services is expected to consist of many of the personnel that performed services for the Debtors, including myself and other Engagement Partners/Principals/Managing Directors.

8. The Purchaser Services have not yet begun, nor have the Purchaser and Deloitte & Touche signed an engagement letter with respect to the performance of such services; but, are anticipated to do so in the near future.

9. The Purchaser Services are either audits of financial statements to be performed in accordance with generally accepted auditing standards or services in connection with Purchaser's evaluation of a proposed divestiture of business unit(s) to be performed in accordance with the Statement on Standards for Consulting Services established by the American Institute of Certified Public Accountants. The results of the Purchaser Services will solely be (a) the issuance of opinions on whether certain business of the Purchaser's financial statements are presented fairly, in all material respects, in accordance with generally accepted accounting principles and (b) as relates to the Purchaser's quality of earnings diligence report, while Deloitte & Touche will provide observations, advice and insights arising from the performance of these services, the performance of these services will not result in the issuance of any communications to the Purchaser or any third parties expressing an opinion, conclusion or any form of assurance in relation to such services. As such, the Purchaser Services are not designed nor intended to be used for purposes of advocating for the Purchaser with respect to any disputed issues which have arisen or may arise as between the Debtors and the Purchaser. Additionally,

for Deloitte & Touche to act as an advocate would render it non-independent and the audit opinions unusable for their stated purpose. Moreover, it is our understanding the Purchaser has agreed that it will not use the results of the Purchaser Services in connection with any dispute between it and the Debtors. Accordingly, I do not believe the Purchaser Services are in connection with these chapter 11 cases or are otherwise adverse to the Debtors and their estates.

10. It is anticipated that the Purchaser may request that Deloitte & Touche and Deloitte Tax perform further services for it in the future. Deloitte & Touche will supplement this Declaration in the event of such requests.

11. Based upon the foregoing, I believe that Deloitte & Touche and the Engagement Partners/Principals/Managing Directors remain "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2019
Dallas, Texas

*/s/ Jimmy Berry*

Jimmy Berry
Partner
Deloitte & Touche LLP

5