# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In RE: | ) | Chapter 11 Case Number 18-23538 |
| | ) | |
| Sears Holdings Corporation | ) | JUDGE:  **ROBERT D. DRAIN** |
| | ) | **OBJECTION TO PROPOSED PLAN** |
| Debtor(s) | ) | **MOTION FOR MEDIATION** |
| | ) | **AND for CREDITOR CLAIM** |
| | ) | **to be TREATED AS A PRIORITY** |
| | | **AND/OR LIQUIDATED CLAIM** |

Under 11 U.S.C. § 502 (c), a claim may be estimated for purposes of allowance if it is unliquidated and liquidation would unduly delay the administration of the case. Ms. Franklin, by and through counsel, motions this court to consider her claim a priority "liquidated" claim by way of a mediation agreement with the Debtor that would provide the amount of the claim.

## BACKGROUND

Ms. Franklin, Creditor, was denied her request for relief from stay at the hearing held on the matter December 20, 2018.  Ms. Franklin's Proof of Claim was filed with Prime Clerk the same date of December 20, 2018.

As part and parcel of Mrs. Franklin's request for relief, [Doc. #338] she argued that, although her Civil Complaint was not filed until September 24, 2018 in the Lucas County Court of Common Pleas, Toledo, Ohio, the acting agent for the Debtor, Sedgwick Claims, has had Mrs. Franklin's demand package since February 9, 2018.  Furthermore, as part and parcel of Mrs. Franklin's Reply to Debtor's Objection [doc. #1244] Mrs. Franklin asked the Court to consider an alternative argument of deeming her claim as "liquidated."

**MEMORANDUM IN SUPPORT OF MOTION**

Mrs. Franklin, movant, asks the Court to consider whether I may be granted to allow for the Movant's demand amount provided for in her demand letter ($425.000.00) to Sedgwick Claims dated February 9, 2018, to be a liquidated claim, or for mediation to determine an agreed upon amount by the parties.  A bankruptcy court, in this regard, may deny stay relief in favor of mediation where the time and expense of litigating a substantial number of personal injury claims would seriously threaten the reorganization. See _Kubicik v. Apex Oil Co. (In re Apex Oil Co.)_, 884 F.2d 343, 349(8th Cir. 1989) (recognizing the authority but remanding for further development of the record.)

In _Nicholes v. Johnny Appleseed of Washington_ , 184 B.R. 82 (B.A.P. 9th Cir. 1995), the Court noted that  a "debt is liquidated if it is capable of 'ready determination and precision in computation of the amount due." _Id_. at 89.  The test for this "ready determination" is "whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation." _Id_. It further noted that "the term 'disputed' is broad and can encompass either liquidated or unliquidated debts." _Id_.  In other words, "it is the nature of the dispute and not the existence of the dispute, that makes a claim unliquidated." _Id_. at 90.  If it is necessary to have an expert determine the amount of loss, the Movant does not object to such a finding, and asks that this Reply be deemed a Complaint for an adversary proceeding to determine if an agreement as to the amount can be first, ascertained, and/or agreed to, so as to necessitate Movant's debt to be added to the Schedules, and/or paid  as a priority in the Plan.

Mrs. Franklin contends that her case can be differentiated from other personal injury claims for priority whereas her injury was "catastrophic" in the manner that it is, in addition to a hip injury, also a brain injury. Generally, catastrophic injuries are those injuries that permanently prevent an individual from performing work and enjoying life the way he or she would have before the accident. See Ohio Revised Code Section 2315.18, which is the jurisdiction for the underlying personal injury claim.

It is unclear from the proposed unliquidated plan whether other unliquidated plans can be identified in a similar manner as the proposed plan does not designate out specific claims, amounts, or any other distinguishing factors.  It is unclear from the plan itself, and from the Ballot for Confirmation, how each claim is treated in the plan, other than as unliquidated.  For that reason, Mrs. Franklin is objecting to the plan, as she alleges it is improper as to her being unliquidated, and that it shows no claim amount, as per her E-ballot vote case on July 31, 2019.  However, should this court allow mediation to determine priority for Mrs. Franklin's claim, a plan to include her as a proper "liquidated" creditor is accurate, and does not interfere with confirmation of the plan for other unsecured creditors not similarly situated.

Furthermore, Movant realleges and reasserts all arguments contained in her Reply to Debtor's Objection [Doc. #1244] under Movant's Timeline and Exhibits where she outlines all the information that would lead Movant to believe, that unless fraudulently delaying her filing, was sound evidence that Sedgwick Claims was in a position to forward to counsel for Movant an offer of resolution, as per the exhibit attached to [Doc. #1244].  As per the attachments in Mrs.

Franklin's/Movant's motion, it is clear from emails with Sedgwick Claims that they had received all documentation, including medical records and billing to allow them to negotiate an offer of settlement.  Taken from [Exhibit A of Doc. #1244] was the following information provided by Gary Abrath of Sedgwick Claims:

Mr. Abrath states, *[on July 27th] "I did get a response and they do have a couple of questions." "Yes, they do intend on making an offer.  I just emailed you some issues they had.  I want to make sure we get a decent offer to you."*

Taken from the context of other emails also provided to the Court as part of [Exhibit A in Doc. #1244] it is clear that the 'they' referred to are Mr. Abrath's supervisors at Sedgwick Claims, and that he had a submitted a possible offer of resolution that was pending acceptance so that it could be forwarded to me. Since no number was provided, the case was filed in the Common Pleas Court for resolution to proceed through a Court of Law in the proper jurisdiction.  That case was then stayed due to this pending action.  Mrs. Franklin avers that an alternate resolution be deemed proper for her specific claim.

## CONCLUSION

The Movant requests the Court to consider the alternate resolution of allowing the claim to be "liquidated" either via hearing or mediation.

Respectfully submitted,

*/s/ Jaime L. Agnew, Esq.*
Jaime L. Agnew (0081919)
**AGNEW Law Office, LLC**
Attorney for Movant, Admitted Pro Hac Vice
1144 S. Detroit #140215
Toledo, OH 43614
P: (419) 944-0880
F: (419) 382-1916
jaimeagnew21@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following parties by electronic

notice on the day of filing

*By Electronic Notice*:

**Attorney For Defendant (Lucas County Common Pleas):**
Keith A. Savidge, Esq. (0014242)
Terese M. Fennell, Esq. (0070871)
Seeley, Savidge, Ebert, & Gourash Co., L.P.A.
26600 Detroit Rd.
Cleveland, OH 44145-2397
(216) 566-8200; (216) 566-0213
Ksavidge@sseg-law.com
tfennell@sseg-law.com

**Attorney For Debtor (Southern District New York):**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, New York 10153
(212) 310-8000; (212) 310-8007
Ray C. Schrock P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*/s/ Jaime L. Agnew, Esq.*
Jaime L. Agnew (0081919)