**McKool Smith, P.C.**
One Bryant Park
47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
H. Jeffrey Schwartz

*Counsel for Winners Industry Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| **SEARS HOLDINGS CORPORATION, et al.** | ) Chapter 11 |
| | ) |
| Debtors[1] | ) Case No. 18-23538 (RDD) |
| | ) Jointly Administered |

### LIMITED OBJECTION OF WINNERS INDUSTRY CO., LTD. TO CONFIRMATION OF THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

Winners Industry Co., Ltd. ("Winners"), an administrative expense claimant and a creditor herein, files this Limited Objection (the "Limited Objection") to the *Second Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

*Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (Dkt. No. 4389) (as amended and supplemented, the "Plan"), and respectfully represents as follows:

## I. LIMITED OBJECTION

1. The Plan cannot be confirmed as it fails to satisfy section 1129(a)(9)'s requirement that holders of administrative claims "receive on account of such claim[s] cash equal to the allowed amount of such claim." *See* 11 U.S.C. § 1129(a)(9)(A).

2. The Debtors cannot show that they have sufficient cash to pay administrative expense claimants upon allowance for the reason that administrative insolvency both currently and in the reasonably foreseeable future is on any plausible assumptions incurable.

3. The Plan contemplates the scenario in which the Debtors cannot pay administrative claimants in cash in full upon allowance as required by section 1129(a)(9). In that event, the Plan provides that administrative claimants may be paid from the proceeds of Total Assets (a defined term which includes litigation claims related to the 2014 spin-off and ESL's intentional misconduct). *See* PLAN § 2.1(a). For that reason, the Debtors cannot show the Plan complies with section 1129(a)(9).

4. In addition, the above provision demonstrates the Plan's infeasibility in violation of section 1129(a)(11). *See e.g., Quarles v. U.S. Trustee*, 194 B.R. 94, 97 (W.D. Va. 1996) (stating that a debtor's premise "that outcomes in pending litigation favorable to him will cure his financial ills is pure speculation" and concluding that the debtor did not have a reasonable likelihood of effectuating a reorganization); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 156 (3d Cir. 2012) ("A plan will not be feasible if its success hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely.") (quoting *Sherman v. Harbin (In re Harbin)*, 486 F.3d 510, 519 (9th Cir. 2007)).

5. The Plan does not comply with section 1129(a)(9) or section 1129(a)(11) and thus cannot be confirmed. No equitable considerations of expediency or otherwise warrant suspension of clear statutory law.

## II.   RESERVATION OF RIGHTS

6. Winners reserve all rights including, without limitation, the right to file additional objections to the Plan and to take discovery with respect thereto.

## III.   CONCLUSION

For the reasons set forth above, Winners respectfully requests the Court: (i) deny confirmation of the Plan; and (ii) grant Winners any other relief, whether at law or in equity, to which Winners may be entitled.

Dated:  August 1, 2019

Respectfully submitted,

*/s/   H. Jeffrey Schwartz*
**McKool Smith, P.C.**
One Bryant Park
47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
H. Jeffrey Schwartz
hjschwartz@McKoolSmith.com
James H. Smith
jsmith@McKoolSmith.com

*Counsel for Winners Industry Co., Ltd.*

4850-9388-5342