**HEARING DATE: August 16, 2019, 10:00 a.m.**

THEODORE B. STOLMAN (BAR NO. 52099)
(Admitted Pro Hac Vice) / ted.stolman@ffslaw.com
CAROL CHOW (BAR NO. 169299)
(Admitted Pro Hac Vice) / carol.chow@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Creditor LBG Hilltop LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**LBG HILLTOP LLC'S OBJECTION TO MODIFIED SECOND AMENDED JOINT
CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATES;
<u>AND DECLARATION OF CAROL CHOW</u>**

LBG Hilltop LLC hereby submits its Objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings as follows:

1. LBG Hilltop LLC ("LBG Hilltop") is the owner and operator of that certain shopping center known as The Shops at Hilltop comprising approximately 1.2 million square feet of space located in Richmond, California ("Hilltop Shopping Center").

2. Sears Holdings Corporation ("Sears") operates a store at the Hilltop Shopping Center identified as Sears Going Concern Store No. 1788 (Item 108).

3. In response to the Debtors Notice of Global Bidding Procedures Order and Assumption Notice dated November 19, 2018, LBG Hilltop filed its Cure Claim Objection for Sears Store No. 1788, [Doc # 1975] which included as an attachment a document identified as

"Supplemental Agreement." The Supplemental Agreement amended and modified the Construction, Operation, and Reciprocal Easement Agreement recorded on April 2, 1974 ("REA") for the Hilltop Shopping Center. The Supplemental Agreement sets forth continuing obligations among the major tenants of the Shopping Center including Sears. In fact, the Cure Claim Objection filed by LBG Hilltop expressly references the performance requirement of continuing to operate a Sears store at the site as further set forth in the Supplemental Agreement.

4. At no time did anyone on behalf of Sears or Transform Holdco LLC, the successful buyer under the Global Sale Transaction ("Buyer") respond or object to the LBG Hilltop's Cure Claim Objection.

5. Despite a diligent review of the Sears Bankruptcy Schedules, the Supplemental Agreement does not appear to have been listed among the Sears Executory Contracts.

6. The Sears Plan of Reorganization expressly provides that all executory contracts (not previously dealt with) are to be deemed automatically rejected. *See* Section V, subsection (L), of the Plan.

7. Because the Supplemental Agreement is an executory contract that may not be deemed to have been dealt with earlier in the case by reason of its apparent failure to have been scheduled, LBG Hilltop files this Objection for the purpose of taking exception to the Plan to the extent the Plan intends to reject the Supplemental Agreement or deem the Assumption and Assignment of LBG Hilltop's rights and interests relating to Sears Store No. 1788 to be free and clear of the REA including the Supplemental Agreement.

8. Section 365(b)(3)(c) of the Code expressly provides that the assumption and assignment of a lease is subject to any master agreement relating to a shopping center as well as all use restrictions, thus making compliance with such shopping center agreements mandatory and prohibiting any action to reject or alter such agreements.

9. The REA and Supplemental Agreement are the type of shopping center master agreements protected under Section 365(b)(3)(c) of the Code from rejection or alteration.

10. The Global Sale Transaction included an assumption and assignment of the lease and conveyance of the fee interest for Store No. 1788 at Hilltop Shopping Center. In accordance

with the protections of Section 365(b)(3)(C) of the Code, these conveyances remained subject to the terms and conditions of all master agreements relating to the Hilltop Shopping Center including the REA and the Supplemental Agreement.

11. LBG Hilltop does not seek to set aside the Global Sale Transaction, but instead seeks only to amend the Plan and confirmation of Order to definitively state that the confirmed plan shall not interfere with any of LBG Hilltop's shopping center property rights as to the REA and Supplemental Agreement expressly protected and preserved under Section 365(b)(3)(c), and the free and clear provisions of the Global Sale Transaction remain subject to protections afforded by Section 365(b)(3)(c) of the Bankruptcy Code. *See, e.g., In re Zota Petroleums, LLC*, 482 B.R. 154, 163 (Bankr. E.D. Va. 2012) (concluding that where "the transaction was titled as a sale free and clear and an assumption and assignment, and all parties had notice therefore that the provisions of § 365 were thus implicated," the "dual nature of the transaction" controls, and § 365(h) governs over the free and clear provisions of 363(f)); *Dishi & Sons v. Bay Condos LLC, et al.*, 510 B.R. 696, 704 (Bankr. S.D.N.Y. 2014) (same).

12. To clarify any ambiguities, the Plan and confirmation of Order should be amended to specifically state that "nothing in the Plan is intended to modify or reject any of the terms and conditions of the REA and Supplemental Agreement [as defined herein], which remain in full force and effect and binding upon all occupants and tenants of Hilltop Shopping Center including the Buyer."

DATED: August 1, 2019.                    FREEMAN, FREEMAN & SMILEY, LLP


By:     */s/ Carol Chow*
     THEODORE B. STOLMAN
     (Admitted Pro Hac Vice)
     CAROL CHOW
     (Admitted Pro Hac Vice)
     Attorneys for Creditor LBG Hilltop LLC

## DECLARATION OF CAROL CHOW

I, Carol Chow, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts in the State of California. I am Of Counsel to Freeman, Freeman & Smiley, LLP, counsel of record for LBG Hilltop LLC ("LBG Hilltop") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. In response to the Debtors Notice of Global Bidding Procedures Order and Assumption Notice dated November 19, 2018, I caused to be filed on behalf of LBG Hilltop its Cure Claim Objection for Sears Store No. 1788, [Doc # 1975], which included as an attachment a document identified as "Supplemental Agreement." The Cure Claim Objection filed by LBG Hilltop preserved all rights under the Supplemental Agreement.

3. At no time did anyone on behalf of Sears or Transform Holdco LLC, the successful buyer under the Global Sale Transaction ("Buyer") respond or object to the LBG Hilltop's Cure Claim Objection.

4. My office has performed several diligent reviews of the Sears Bankruptcy Schedules, and the Supplemental Agreement does not appear to have been listed among the Sears Executory Contracts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 1, 2019, at Los Angeles, California.

_____
Carol Chow