Dustin P. Branch, Esquire *(admitted pro hac vice)*
**Ballard Spahr LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Direct: (424) 204-4354
E-mail: branchd@ballardspahr.com

Leslie C. Heilman, Esquire *(admitted pro hac vice)*
**Ballard Spahr LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Direct: (302) 252-4465
E-mail: heilmanl@ballardspahr.com

*Attorneys for Acadia Realty Limited Partnership, Brixmor Operating Partnership LP, Cedar – Valley Plaza, LLC, C.E. John Company, Inc., Centennial Real Estate Co., CenterCal Properties, LLC, Federal Realty Investment Trust, GEM Realty Capital, Inc., Gemini Alto Centerville Partners, LLC GS Pacific ER, LLC, Heidenberg Properties, LLC, PGIM Real Estate, Starwood Retail Partners LLC, The Macerich Company, and Weitzman*

**Obj. Deadline: August 2, 2019 at 4:00 p.m. ET**
**Hearing Date:  August 16, 2019 at 10:00 a.m. ET**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

**LIMITED OBJECTION OF ACADIA REALTY LIMITED PARTNERSHIP, BRIXMOR OPERATING PARTNERSHIP LP, CEDAR – VALLEY PLAZA, LLC, C.E. JOHN COMPANY, INC., CENTENNIAL REAL ESTATE CO., CENTERCAL PROPERTIES, LLC, FEDERAL REALTY INVESTMENT TRUST, GEM REALTY CAPITAL, INC., GEMINI ALTO CENTERVILLE PARTNERS, LLC GS PACIFIC ER, LLC, HEIDENBERG PROPERTIES, LLC, PGIM REAL ESTATE, STARWOOD RETAIL PARTNERS LLC, THE MACERICH COMPANY, AND WEITZMAN TO DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDING CORPORATION AND ITS AFFILIATED DEBTORS**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY COURT JUDGE:**

Acadia Realty Limited Partnership, Brixmor Operating Partnership LP, Cedar – Valley

Plaza, LLC, C.E. John Company, Inc., Centennial Real Estate Co., CenterCal Properties, LLC,

Federal Realty Investment Trust, GEM Realty Capital, Inc., Gemini Alto Centerville Partners, LLC GS Pacific ER, LLC, Heidenberg Properties, LLC, PGIM Real Estate, Starwood Retail Partners LLC, The Macerich Company, and Weitzman (collectively the "Landlords"), by their undersigned attorneys, hereby make this Objection (the "Objection") to Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors [Docket No. 4476] (the "Plan"),[1] and in support thereof aver:

I.  **BACKGROUND FACTS**

1. Sears Holding Corporation, and its affiliated co-debtors (collectively, the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on October 15, 2018. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

2. The Debtors lease retail space (the "Premises") from Landlords pursuant to unexpired leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") at the shopping centers (the "Centers") set forth on the attached Schedule A.

3. The vast majority of Premises referred to in Schedule A are premises located in shopping centers (the "Premises"), as that term is used in 11 U.S.C. § 365(b)(3). *See* In Re: Joshua Slocum, Ltd., 922 F.2d 1081 (3d Cir. 1990).

4. The Debtors filed the Plan, as amended, on July 9, 2019. The Landlords do not object to the Debtors confirming their Plan. Landlords do object, however, to the expansive and inappropriate waivers, injunctions and releases that are set in the Plan and the Plan ballot, which serve to (i) vitiate Landlords' ability to properly assert (or defend against) claims under the Leases, or assert appropriate defenses or bring claims against the Debtors, their successor, or any appropriate third parties that may be unknown at this time, and (ii) improperly terminate legitimate setoff and recoupment rights.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Plan and Disclosure Statement.

[2] All statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Unless otherwise specified in this Motion.

2

## II. ARGUMENT

### A. The injunction provisions are vague and overbroad and need revision to protect creditors.

5.  The Plan includes expansive injunction, exculpation and release provisions that potentially compromise Landlords' and other creditors' rights to assert legitimate claims under the Leases, as well as their ability to assert potential defenses to claims brought by the Debtors' estates after the confirmation of the Plan. *See* Plan at Article XV, Section 15.8 – 15.10 (pages 74 – 78). Not only are the releases against the Debtors and third parties are effective against all holders of claims who vote in favor of the Plan, the Plan provides that the releases are also effective against holders of claims that reject or abstain from voting on the Plan if they do not affirmatively opt out of the releases by returning a General Ballot for Accepting or Rejecting Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors (the "Ballot"). Absent an affirmative opt out, these claimants are deemed to release the Released Parties and all Related Parties, from any and all Claims and Causes of Action, which Causes of Action include, among other things, any Claim, action, right, remedy, defense or offset, and any right of setoff, counterclaim, or recoupment and any claim for breach of contract, as well as counterclaims, of any kind that such party may have against a released party. This is wholly inappropriate, especially where the Estates have reserved and preserved the right to bring Specified Causes of Action against the Released Parties whose defenses are being compromised by the release provisions under the Plan unless such parties opt-out.[3]

6.  The injunction provision of the Plan (Article XV, Section 15.8) is also overbroad in seeking to prohibit rights of setoff and recoupment, and potentially, defenses to actions brought by the Debtors or their professionals. *See* Plan at Article XV, Section 15.8 (pages 75). Landlords are entitled to exercise their right to assert setoffs or recoupment irrespective of plan confirmation either defensively, or in connection with the application of

---

[3] The Released Parties include the (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board.

3

security deposit balances or other credits under the Leases.  Landlords may have security deposits that they are holding with respect to the Leases, and they must be allowed to apply such security deposits to any outstanding pre-petition and rejection damages owing by the Debtors, at least up to the amount of the rejection damages cap of Section 502(b)(6).  *See* In re PPI Enterprises, Inc., 324 F.3d 197, 208 (3d Cir. 2003). Courts have held that Section 553 takes precedence over the discharge of Section 1141 and that plan confirmation does not steamroll a party's right to setoff.  *See* Carolco Television Inc. v. Nat'l Broadcasting Co. (In re De Laurentiis Entertainment Group Inc.), 963 F.2d 1269 (9th Cir. 1992), *cert. denied* 506 U.S. 918 (1992) (setoff rights survive plan confirmation); *see also* In re Luongo, 259 F.3d 323, 333 (5th Cir. 2001).  The same analysis applies to recoupment, which is similarly unaffected by a debtor's discharge.  *See* In re Madigan, 270 B.R. 749, 754 (9th Cir. BAP 2001); *see also*, Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 257 - 261 (3rd Cir. 2000) (recoupment defense survives free and clear sale of debtor's assets).  In contrast, the Plan seeks to simultaneously reserve all rights of the Debtors to assert setoff against claims of other parties. *See* Plan at Article XI, Section 11.16 (pages 66).  The Plan should not limit any ability of Landlords to assert setoff or recoupment rights, and the Plan should be modified accordingly.

7. As set forth above, the Ballots circulated in connection with the Plan provides that parties that either (i) accept the Plan, or (ii) do not affirmatively opt out of the releases set forth in the Plan, will be bound by the Releases contained in the Plan.  Many Landlords did not receive a ballot in connection with the solicitation process, despite having filed claims in these bankruptcy cases.  There may be a myriad of reasons for this, including that the Debtors sent the ballots to an incorrect address (such as a bank lockbox), or sent the ballot to a prior owner of the Center.  Regardless of the reason, binding parties to releases for failure to check an opt out box on a ballot that many parties may not have received is inappropriate.  As a result, Landlords object to the process, and in an abundance of caution, Landlords hereby opt out of the releases contained in Section 15.9 of the Plan as provided for in the Ballot.  As set forth above, Landlords do not object to the confirmation of the Plan, but based on the requirements of

4

the Plan and Ballot, Landlords have not voted in favor of the Plan because that would require that they agree to the overbroad and inappropriate releases.

### B. Landlord joins in the objections of other creditors.

8. To the extent not inconsistent with the objections raised herein, Landlords join in any opposition to Plan raised by other creditors or the Creditors' Committee.

### III. CONCLUSION

The Landlords request that any order confirming the Plan incorporate the objections set forth above, and that the Court grant such other and further relief that it deems just and proper under the circumstances.

Dated: August 1, 2019  
New York, New York

Respectfully submitted,

*/s/ Dustin P. Branch*  
Dustin P. Branch, Esquire  
**Ballard Spahr LLP**  
2029 Century Park East, Suite 800  
Los Angeles, CA 90067-2909  
Direct: (424) 204-4354  
Fax: (424) 204-4350  
E-mail: branchd@ballardspahr.com

- and -

Leslie C. Heilman, Esquire  
**Ballard Spahr LLP**  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Direct: (302) 252-4465  
Fax: (302) 300-4065  
E-mail: heilmanl@ballardspahr.com

*Attorneys for Acadia Realty Limited Partnership, Brixmor Operating Partnership LP, Cedar – Valley Plaza, LLC, C.E. John Company, Inc., Centennial Real Estate Co., CenterCal Properties, LLC, Federal Realty Investment Trust, GEM Realty Capital, Inc., Gemini Alto Centerville Partners, LLC GS Pacific ER, LLC, Heidenberg Properties, LLC, PGIM Real Estate, Starwood Retail Partners LLC, The Macerich Company, and Weitzman*

# SCHEDULE A

| | | |
|---|---|---|
| *Federal Realty Investment Trust* | | |
| Store No. 3486 | Assembly Row | Sommerville, MA |
| Store No. 1048 | Hastings Ranch Plaza | Pasadena, CA |
| *Acadia Realty Limited Partnership* | | |
| Store No. 9416 | Route 6 Mall | Honesdale, PA |
| *C.E. John Company, Inc.* | | |
| Store No. 2119 | Lancaster Mall | Salem (Lancaster), OR |
| *Cedar – Valley Plaza, LLC* | | |
| Store No. 3172 | Valley Plaza CS | Hagerstown, MD |
| *GEM Realty Capital, Inc.* | | |
| Store No. 2160 | Green Tree Mall | Clarksville, IN |
| *Gemini Alto Centerville Partners, LLC* | | |
| Store No. 2415 | Houston County Galleria | Centerville, GA |
| *CenterCal Properties, LLC* | | |
| Store No. 2029 | Valley Mall | Union Gap, WA |
| *Starwood Retail Partners LLC* | | |
| Store No. 1410 | Belden Village | Canton, OH |
| Store No. 1740 | Louis Joliet Mall | Louis Joliet, IL |
| Store No. 6518 | Northridge Mall | Salinas, CA |
| Store No. 1189 | Plaza West Covina | West Covina, CA |
| Store No. 1345 | Westland Mall | Hialeah, FL |
| *Brixmor Operating Partnership LP* | | |
| Store No. 4478 | Hamilton Plaza | Hamilton, NJ |
| Store No. 4938 | Rollins Crossing | Round Lake Beach, IL |
| Store No. 2485 | Coastal Way | Brooksville, FL |
| Store No. 3393 | Collegetown Shopping Center | Glassboro, FL |
| Store No. 3713 | Covington Gallery | Covington, GA |
| Store No. 3807 | Fox Run Shopping Center | Prince Frederick, MD |
| Store No. 7669 | Freedom Square | Naples, FL |
| Store No. 3773 | Greeneville Commons | Greeneville, TN |
| Store No. 7354 | London Marketplace | London, KY |
| Store No. 3996 | Mableton Walk | Mableton, GA |

| | | |
|---|---|---|
| Store No. 4767 | Miami Gardens | Miami, FL |
| Store No. 7432 | Salmon Run Plaza | Watertown, NY |
| Store No. 2071 | Western Village | Cincinnati, OH |
| *Weitzman* | | |
| Store No. Unknown | Golden Triangle Mall | Denton, TX |
| *GS Pacific ER, LLC* | | |
| Store No. 1488 | Eastridge Center | San Jose, CA |
| *The Macerich Company* | | |
| Store No. 1708 | Desert Sky Mall | Phoenix, AZ |
| Store No. 1398 | Inland Center | San Bernardino, CA |
| Store No. 2138 | La Cumbre Plaza | Santa Barbara, CA |
| Store No. 1148 | Pacific View | Ventura, CA |
| Store No. 1078 | Superstition Springs | Mesa, AZ |
| Store No. 2173 | Wilton Mall | Saratoga Springs, NY |
| *Centennial Real Estate Co.* | | |
| Store No. 1134 | Connecticut Post | Milford, CT |
| Store No. 1660 | Fox Valley | Aurora, IL |
| Store No. 1620 | Hawthorn Mall | Vernon Hills, IL |
| Store No. 1281 | Pueblo Mall | Pueblo, CO |
| Store No. Unknown | Vancouver Mall | Vancouver, WA |
| *Heidenberg Properties LLC* | | |
| Store No. 7470 | Hershey Square | Hummelstown, PA |
| Store No. 9415 | Lake Plaza Shopping Center | Mahopac, NY |
| Store No. 61903 | Shelby Town Center | Shelby Township, MI |
| *PGIM Real Estate* | | |
| Store No. 1209 | Los Altos Marketcenter | Long Beach, CA |