HEARING DATE: August 16, 2019
at 10:00 a.m. (EST)

Thomas A. Zimmerman, Jr. (admitted *pro hac vice*)
*tom@attorneyzim.com*
Sharon A. Harris (admitted *pro hac vice*)
*sharon@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In Re:** | ) | Chapter 11 Case Number 18-23537-rdd |
| | ) | (jointly administered with 18-23538-lead case) |
| **Sears, Roebuck & Co.,** | ) | |
| | ) | **Judge Robert D. Drain** |
| Debtor. | ) | |

**MARIO ALIANO'S OBJECTION TO THE**
**MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN**
**OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

NOW COMES MARIO ALIANO ("Objector" or "Aliano"), by and through counsel, and hereby submits his Objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors. In support thereof, Aliano states as follows:

**I.    RELEVANT BACKGROUND**

Objector is the plaintiff in a civil action filed against the debtor, Sears, Roebuck & Co. ("Sears"), in a case styled, *Mario Aliano v. Sears, Roebuck & Co.*, Case No. 09 CH 16132 (Cir. Ct. of Cook County, Illinois). Aliano obtained a judgment against Sears. On December 30, 2015, the Illinois Appellate Court upheld the circuit court's finding that Sears violated the Illinois Consumer Fraud Act{ TA \s "ICFA" } and upheld the entry of judgment in favor of Aliano. *Aliano v. Sears, Roebuck & Co.,* 2015 Il App (1st) 143367{ TA \s "Aliano, 2015 IL App (1st)" },

¶ 36. However, the Illinois Appellate Court reversed the circuit court's award of attorneys' fees and costs and remanded with instructions that the circuit court conduct a hearing to determine the reasonable fees and costs to which Plaintiff is entitled. *Id.* at ¶¶ 34, 36.

On August 25, 2017, after a 3-day evidentiary hearing on Plaintiff's Revised Fee Petition, the circuit court entered an order awarding attorneys' fees to Aliano in the amount of $267,470.00. Sears appealed that order and the matter is presently pending in the Illinois Appellate Court. Briefing on appeal has been completed. The Parties are simply awaiting a ruling from the Illinois Appellate Court.

On October 15, 2018, Sears filed its Suggestion of Bankruptcy. In its Suggestion of Bankruptcy, Sears stated that "pursuant to Section 362 of the Bankruptcy Code, the commencement or continuation of a judicial, administrative or other action or proceeding against the Debtor is stayed upon the filing of the Bankruptcy Petition."

On October 15, 2018, on its own motion, the Illinois Appellate Court entered an order staying that matter pending further order of Court due to Sears's petition pursuant to Chapter 11 of the United States Bankruptcy Code.

However, in the circuit court proceedings, Sears previously filed a Motion for Approval of Appeal Bond *Instanter*. See **Exhibit 1**, attached hereto. The proffered Appeal Bond, attached as Exhibit C to Sears's Motion, states that the judgment[1] is for $291,542.30, which is equal to the amount of the judgment ($267,470.00), plus a post-judgment interest rate of 9% per annum for one year ($24,072.30). Argonaut Insurance Company ("Argonaut") signed the Appeal Bond and

---

[1] "Where a judgment is recited in an appeal bond the parties are estopped from questioning the judgment either as to its existence or its validity." *People ex rel. Empress Farms, Inc. v. U. S. Trotting Ass'n*, 13 Ill.App.3d 327, 329, 300 N.E.2d 18, 20 (4th Dist. 1973).

has agreed to be bound "to pay [Plaintiff Mario Aliano] any part of the judgment which is not reversed, and interest, damages and costs" that Sears does not pay. *City of Elgin v. Arch Ins. Co.*, 2015 IL App (2d) 150013, ¶ 19 ("the surety is bound to perform if the principal obligor does not"), appeal denied, 60 N.E.3d 871 (Ill. 2016).

On October 23, 2017, the circuit court in the Illinois court proceedings granted Sears's Motion for Approval of Appeal Bond. *See* **Exhibit 2**, attached hereto.

On December 3, 2018, Aliano filed *Mario Aliano's Motion for Relief from Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [Dkt. # 987] ("Motion to Lift Stay"). Aliano argued that, given the approval of the Appeal Bond and Argonaut's obligation to pay any part of the judgment which is not reversed, plus interest, damages and costs, relief from the automatic stay should be granted so that the Illinois Court proceedings on appeal may continue. *Am-Haul Carting, Inc. v. Contractors Cas. & Sur. Co.*, 33 F. Supp. 2d 235, 242 (S.D.N.Y. 1998) ("Section 362(a) does not stay actions against guarantors or sureties.") (citations omitted); *In re Keene Corp.*, 162 B.R. 935, 943 (Bankr. S.D.N.Y. 1994) ("The obligations of a surety are sufficiently independent to provide the basis of an action by the judgment creditor to collect on the bond unfettered by the automatic stay provisions of the Bankruptcy Code.") (citations omitted); *see also In re Caesars Entm't Operating Co., Inc.*, 540 B.R. 637, 643 (Bankr. N.D. Ill. 2015) ("[S]ection 362(a) is clear, courts in this circuit—including the court of appeals—have repeatedly held that the automatic stay does not apply to non-debtors or their property. The stay protects the debtor, but it poses no bar to a creditor's actions against non-debtor third parties—including third parties who are 'guarantors, sureties, insurers, partners, and other persons liable' on the same debt.") (citations omitted).

On March 26, 2019, Aliano filed his Proof of Claim (Claim # 12060) against Sears.

3

On April 18, 2019, the Motion to Lift Stay was presented to this Court, but it was continued for a hearing date to be scheduled by the Court for August 2019. (Dkt. # 3680).

On August 1, 2019, Aliano cast his vote to reject the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors ("Chapter 11 Plan").

## II. OBJECTION

The Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors, Dkt. # 4390 ("Disclosure Statement") sets forth the details of the Chapter 11 Plan. It provides that the effect of confirmation of the plan would result in "all [] stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay." *See* Disclosure Statement at pp. 125-26, Section V. Summary of Plan, N(7).

Thus, if the Chapter 11 Plan is approved, Aliano's Illinois court proceedings on appeal will remain stayed, even though the automatic stay of Aliano's civil case should be lifted because Aliano has established "cause" for relief from the stay. An appeal bond (a.k.a. a "supersedeas bond") secures the civil litigation judgment, judgment on liability has been entered against Sears and upheld on appeal, Sears's appeal of the award of Aliano's attorneys' fees is fully briefed and ready for ruling by the Illinois Appellate Court, and any costs to be borne by Sears in further defense of the appeal are speculative, *de minimis*, and do not "greatly prejudice" Sears. *See* Dkt. # 987 ("Motion to Lift Stay"), and Dkt. # 3230, Reply in Support of Motion to Lift Stay.

4

Aliano has agreed not to seek any recovery in excess of the $291,542.30 Appeal Bond. Thus, there is no risk that Sears would have to pay any money in Aliano's Illinois court proceedings.

WHEREFORE, MARIO ALIANO respectfully requests that this Court reject the Chapter 11 Plan, grant Aliano's Motion to Lift Stay (Dkt. # 987), and grant any further relief the Court deems just under the circumstances.

MARIO ALIANO,

By:  /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (admitted *pro hac vice*)
*tom@attorneyzim.com*
Sharon A. Harris (admitted *pro hac vice*)
*sharon@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile

Counsel for Mario Aliano

## **CERTIFICATE OF SERVICE**

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Mario Aliano's Objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* to be served upon counsel of record in this case via the U.S. Bankruptcy Court CM/ECF System, on this 1st day of August, 2019.

/s/ Thomas A. Zimmerman, Jr.