Hearing Date and Time: August 16, 2019, 10:00 a.m. (Eastern Time)

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor
Brad J. Axelrod
Cassandra Postighone

- and -

THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: 312-263-0272
Michael M. Mulder*
Elena N. Liveris*
*Pro hac application pending*

*Proposed Counsel to the Official Committee of Retirees with Life Insurance Benefits of the Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE RETIREES COMMITTEE TO
CONFIRMATION OF THE MODIFIED SECOND AMENDED JOINT
CHAPTER 11 PLAN OF DEBTORS**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

OBJECTION..................................................................................................................................2

CONCLUSION...............................................................................................................................3

# TABLE OF AUTHORITIES

**Regulations**

11 U.S.C. Section 1114......................................................................................................... 1, 2, 3

Section 1114(a) of the Bankruptcy Code........................................................................................ 1

Section 1129(a)(13) of the Bankruptcy Code ............................................................................. 2, 3

Sections 1107 and 1108 of the Bankruptcy Code .......................................................................... 1

**Rules**

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure......................................................... 2

**TO: THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**

The Official Committee of Retirees With Life Insurance Benefits of The Sears Holdings Corporation, et al. (the "Retirees Committee") hereby submits this limited objection to confirmation of the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors, dated June 28, 2019 (ECF 4476), and in support thereof, respectfully states as follows:

**INTRODUCTION**

1. On October 15, 2018 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their assets and business as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. Retirees of Debtors, Richard Bruce and Ronald Olbrysh (the "Retirees") moved this Court for appointment of a retiree committee under 11 U.S.C. Section 1114, for the above captioned chapter 11 debtors (ECF 4054).

3. This Court granted Retirees' motion and ordered the United States Trustee to appoint an official committee of retired employees to act as the authorized representative of those persons who may be entitled to receive retiree benefits within the meaning of section 1114(a) of the Bankruptcy Code (ECF 4357).

4. An official committee of Retirees with Life Insurance Benefits (the "Retirees Committee") was appointed on July 9, 2019 (ECF 4470).[1] The Debtors' Chapter 11 Cases are

---

[1] The Retirees Committee currently comprises: (i) Richard Bruce, (ii) Ronald Olbrysh, (iii) Mary Rose Steininger, (iv) James T. Nally, and (v) Joseph E. Hartzell.

being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Rules").

5. Debtors filed a Motion for Modification of Retiree Benefits on July 29, 2019 (ECF 4635).

**OBJECTION**

6. The Retirees Committee is presently negotiating with the Debtors over their proposed rejection of vested retiree benefits. The Debtors have also filed a motion pursuant to Section 1114 of the Bankruptcy Code seeking, among other things, the authority to terminate the benefits, effectively as of March 15, 2019, the date when the Debtors' board of directors allegedly terminated the benefits (the "1114 Motion").

7. The 1114 Motion includes the general terms of the proposal made by the Debtors to resolve the 1114 Motion. The Retirees Committee has counter-offered with what it believes is a proposal that is consistent with the requirements of Section 1114.

8. The parties continue to discuss resolution, and, barring that, the 1114 Motion will likely be ruled upon at or prior to confirmation. In the event, however, that the matter remains unresolved, the Retirees Committee submits this limited objection.

9. The Debtors' current amended joint plan of reorganization (the "Plan") does not contemplate the continuation of any employee benefit post-confirmation even though the Retiree Benefits at issue are fully vested and non-terminable as a matter of non-bankruptcy law. Thus, the Plan does not "continue to provide for the payment of all retiree benefits . . . for the duration of the period the debtor has obligated itself to provide such benefits" in conformance with Section 1129(a)(13) of the Bankruptcy Code. Moreover, the Debtors have not yet received the

required relief under Section 1114, which, depending on the outcome of the 1114 Motion, may permit the Debtors to modify or terminate the benefits at issue.

10. As the outcome is not yet resolved and as the Debtors have never been authorized by this Court to terminate the Benefits, there remains a retiree benefit plan that must be accounted for by the Plan.

11. Unless and until the Plan is modified to continue the Retiree Benefits or is made contingent upon resolving the dispute over Retiree Benefits in a manner consistent with the outcome that may be ordered by the Court in the 1114 Motion, the Plan does not comply with Section 1129(a)(13) and may not be confirmed.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the Retirees Committee respectfully submits that absent a resolution under 11 U.S.C. § 1114 of the Bankruptcy Code, the Court may not confirm the Plan.

New York, New York
August 2, 2019

        Respectfully submitted,

        By: */s/ James N. Lawlor*
            James N. Lawlor
            Brad J. Axelrod
            Cassandra Postighone

        WOLLMUTH MAHER & DEUTSCH LLP
        500 Fifth Avenue
        New York, New York 10110
        P: 212-382-3300
        F: 973-741-2398
        Telephone: (212) 382-3300
        Facsimile:  (212) 382-0050

- and -

Michael M. Mulder*
Elena N. Liveris*
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone:  312-263-0272

*Proposed Counsel to the Official Committee of Retirees with Life Insurance Benefits of the Sears Holdings Corporation, et al.*
*\*Pro hac application pending*