Hearing Date: August 16, 2019
Hearing Time: 10:00 A.M. (ET)
Objection Deadline: August 2 @ 4:00 pm

Alan D. Halperin, Esq.
Donna H. Lieberman, Esq.
Julie Dyas Goldberg, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net
jgoldberg@halperinlaw.net

*Counsel to Relator Carl Ireland*,
*Administrator of the Estate of James Garbe*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------------x

**LIMITED OBJECTION OF RELATOR CARL IRELAND,**
**ADMINISTRATOR OF THE ESTATE OF JAMES GARBE, TO CONFIRMATION**
**OF THE DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN**

Carl Ireland, Administrator of the Estate of James Garbe (the "Relator"), by and through his counsel, files this limited objection (the "Objection") to confirmation of the Debtors' Modified Second Amended Joint Chapter 11 Plan (the "Plan") [Docket No. 4479]. In support of this Objection, Relator represents as follows:

## BACKGROUND

1. Relator, together with the United States of America, is party to the settlement of litigation against certain of the above-captioned debtors (together with their affiliated debtors,

{00297478.1 / 1274-001 }

the "Debtors") that was brought under the False Claims Act and analogous State statutes. As of the commencement of the Debtors' bankruptcy cases, more than $26 million remained due under that settlement, with a portion of the Debtors' payment obligation secured by a perfected first mortgage lien on real property known as Sears Distribution Center #8975 in San Juan, Puerto Rico (the "Puerto Rico Property"). Relator's proof of claim reflects that the secured portion of the claim is at least $18,190,144.82.[1] The mortgage note is in the face amount of $17.4 million and, by its terms, also secures payment of 1.5% interest per year and attorneys' fees.

2. Relator objected to the priming or dilution of the mortgage lien under the DIP Orders and, as a result of that objection, protections were added to both of the DIP Orders, stating in pertinent part that "[n]othing herein, including the Carve-Out, shall be deemed to prime or be otherwise made senior or *pari passu* to any valid, perfected and non-avoidable security interests or liens" of Relator or the United States in the Puerto Rico Property.

3. Relator similarly sought to protect his rights in connection with the proposed sale of the Debtors' assets, including the Puerto Rico Property, and filed an objection stating that he did not consent to the sale of his collateral absent payment in full of the mortgage obligations at the closing of the sale.

4. The Sale Order authorized the sale of the Debtors' assets, including the Puerto Rico Property, but recognized that Relator and his co-mortgagee, the United States, were entitled to protection of the value of their secured claim. The proposed sale order was therefore modified to address their rights as mortgagees, and to grant them a "lien against the sale proceeds of the Property in the same order of priority as existing on the date of entry of this Sale Order and a superpriority administrative expense claim against the Debtors as adequate protection pursuant to

---

[1] The amount set forth above includes attorneys' fees as of March 31, 2019. Attorneys' fees continue to accrue in connection with this litigation.

sections 361, 363(e), and 507(b) of the Bankruptcy Code arising from the sale of such Property to satisfy any diminution of the value of such replacement lien post-Closing."[2]

## **LIMITED OBJECTION**

5. Pursuant to section 1129(a)(11) of the Bankruptcy Code, a Chapter 11 plan may be confirmed only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan." This is commonly referred to as the feasibility requirement.

6. The Debtors' Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan (the "Disclosure Statement") [Docket No. 4478] confirms that Relator's secured claim as granted under the Sale Order[3] is a "Secured Claim" under the Plan and that the related superpriority claim granted under the Sale Order is an "Other 507(b) Priority Claim" under the Plan. Disclosure Statement, Section IV.N.1.

7. Section 11.4 of the Plan provides that the Debtors shall reserve on account of disputed claims "the filed amount of such Disputed Claim" unless otherwise ordered by the Court or agreed to by the parties. Relator's proof of claim reflects that the secured portion of the claim is at least $18,190,144.82. Accordingly, for the Plan to be feasible, the Debtors must reserve no less than $18,190,144.82 on account of Relator's secured claim.

8. The Plan provides that the reserve on account of disputed claims is required, but neither the Plan nor the Disclosure Statement affirmatively indicates that the Debtors can and shall reserve no less than $18,190,144.82 pending resolution of Relator's Secured Claim (and, to the extent of any diminution in the value of the replacement lien, the Other 507(b) Priority

---

[2] Immediately after the closing of the sale, Relator engaged an appraiser to provide an updated appraisal of the Puerto Rico Property. That appraisal report, which valued the property at approximately $22.1 million as of March 15, 2019, was provided to the Debtors' counsel in late April in an effort to consensually resolve Relator's claim.

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

Claim). In fact, the liquidation analyses filed with the Court as of the date of this Objection estimate both Other Secured Claims and 507(b) Priority Claims at zero [Docket. No. 4060].

9. Accordingly, Relator files this Objection to obtain from the Debtors the required disclosures and representations to ensure that Relator's rights are protected and that not less than $18,190,144.82 is reserved.

## RESERVATION OF RIGHTS

10. Relator reserves any and all rights to supplement or amend this Objection.

## CONCLUSION

WHEREFORE, Relator objects to confirmation of the Plan unless and until the Debtors have demonstrated that the Plan is feasible, including but not limited to the Debtors' illustration of their ability to fully reserve for Relator's claim in an amount no less than $18,190,144.82, as required by the terms of the Plan. Relator further requests any such other relief as this Court deems just and appropriate under the circumstances.

Dated: August 2, 2019
       New York, New York

Respectfully submitted,

HALPERIN BATTAGLIA BENZIJA, LLP

/s/ Alan D. Halperin
Alan D. Halperin, Esq.
Donn H. Lieberman, Esq.
Julie Dyas Goldberg, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net
jgoldberg@halperinlaw.net

*Counsel to Relator Carl Ireland,*
*Administrator of the Estate of James Garbe*