UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                           :

In re:                                     :    Chapter 11

                                           :

SEARS HOLDINGS CORPORATION, *et al.*,  :    Case No. 18-23538 (RDD)

                                           :

                Debtors.[1]                     :    (Jointly Administered)

                                           :
------------------------------------------------------------ x

### LIMITED OBJECTION OF PEOPLEREADY, INC. TO MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

      PeopleReady, Inc. ("PeopleReady"), by and through the undersigned attorneys, hereby files this limited objection (the "Confirmation Objection") to the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Dkt. # 4476] (the "Plan"). PeopleReady respectfully states as follows in support of this Confirmation Objection:

### Background

      1.      Beginning on October 15, 2018 (the "Petition Date"), and continuing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

2. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Dkt. # 816].

3. On January 18, 2019, the Debtors filed the Successful Bidder Notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc. to acquire all or substantially all of the Global Assets, was the highest or best offer for the Global Assets.

4. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Dkt. # 1731] (the "Initial Cure Notice"). On January 25, 2019, PeopleReady filed *Objection of PeopleReady, Inc. to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [in] Connection with Global Sale Transaction* [Dkt. # 1976] (the "Initial Cure Objection") with respect to the Initial Cure Notice. The Initial Cure Objection remains unresolved.

5. On January 31, 2019, the Debtors filed the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Dkt. # 2314] (the "Second Supplemental Cure Notice"). On February 8, 2019, PeopleReady filed the *Objection of PeopleReady, Inc. to Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Dkt. # 2503] (the "Second Supplemental Cure Objection") with respect to the Second Supplemental Cure Notice. The Second Supplemental Cure Objection remains unresolved.

6. On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing*

*the Assumption and Assignment of Certain Executory Contracts,* [sic] *and Leases in Connection Therewith and (IV) Granting Related Relief* [Dkt. # 2507] (the "Sale Order").

7.  The Sale Order provides that the Buyer must pay all Cure Costs in connection with the assumption of PeopleReady's executory contract. (*See* Sale Order paras. 29, 41, at 54-55, 64 & Ex. B, Asset Purchase Agreement secs. 2.3(g), at 40, 2.7(b)(iii), (d), at 46-47.) The Buyer and PeopleReady may resolve objections relating to assumption and assignment without further order of the Court. (*See id.* para. 40, at 62.) The Debtors remain liable under PeopleReady's executory contract until assignment becomes effective. (*See id.* para. 41, at 63.) The Buyer is not just responsible for Cure Costs, but certain Assumed Liabilities, including "all Liabilities arising on or after the Closing Date from or related to . . . the operation of the Business on or after the Closing Date (but not prior to the Closing Date)" even if the executory contract is not assigned. (Sale Order Ex. B, Asset Purchase Agreement sec. 2.3(c), at 40.) The Closing Date was February 11, 2019. In other words, in the event PeopleReady's contract is not assigned, the Debtors owe PeopleReady for all postpetition obligations as an administrative expense, and the Buyer also owes PeopleReady for the postpetition obligations arising on and after the Closing Date. In the event PeopleReady's contract is assigned, the Buyer owes PeopleReady for all postpetition obligations as Cure Costs.

8.  On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [Dkt. # 3008] (the "Assumption and Assignment Order").

9.  On April 16, 2019, ostensibly pursuant to the Sale Order and the Assumption and Assignment Order, the Debtors filed the *Notice of Assumption and Assignment of Additional Executory Contracts* [Dkt. # 3248] (the "Assignment Notice"). Exhibit A to the Assignment Notice identifies four items under the heading "Contract Title" associated with the Counterparty Name "LABOR READY MIDWEST INC." One of these Counterparty Names is preceded by "PEOPLEREADY -." *See* Assignment Notice, Exhibit A, Nos. 103-106. With

3

respect to item no. 103, the Debtors acknowledge the filing of the Initial Cure Notice and Second Supplemental Cure Notice (but do not identify them as applicable to item nos. 104-106, even though they are). Item nos. 4185 and 4186 in the Initial Cure Notice correspond to item nos. 104 and 105 in the Assignment Notice. And item nos. 205 and 206 in the Second Supplemental Cure Notice are the same as item nos. 106 and 103, respectively, in the Assignment Notice. The Assignment Notice does not include item no. 4187 from the Initial Cure Notice, in which no Contract Title was stated. On April 23, 2019, PeopleReady filed the *Objection of PeopleReady, Inc. to Notice of Assumption and Assignment of Additional Executory Contracts* [Dkt. # 3324] (the "Assignment Objection"). The Assignment Objection also remains unresolved.

10. As explained in the Initial Cure Objection, the Second Supplemental Cure Objection, and the Assignment Objection, PeopleReady is formerly known as LaborReady, so PeopleReady suspects that the items in the Assignment Notice are intended to relate to any contracts that PeopleReady has with the Debtors. PeopleReady also uses the name TrueBlue, Inc., but the Debtors did not use this name in Exhibit A to the Assignment Notice. Under the heading "Cure Amount" in Exhibit A to the Assignment Notice with respect to the four PeopleReady items, there continues to be no dollar figure, which suggests the Debtors are proposing $0.00 as the cure amount for any PeopleReady contracts.

11. PeopleReady provides temporary labor services to the Debtors pursuant to the terms of a Master Services Agreement dated May 1, 2015, by and between PeopleReady and Sears Holdings Management Corporation (as amended and presently in effect, the "MSA").

12. The Debtors and PeopleReady have also entered into a Vendor Agreement dated December 18, 2018 (as amended to date, the "Vendor Agreement"), which, among other things, resolved PeopleReady's prepetition claim. Nothing in this Confirmation Objection is intended to be inconsistent with the terms of the Vendor Agreement.

13. PeopleReady continues to provide services to the Debtors after the Petition Date pursuant to scope of work statements under the MSA entered into between the parties from

4

time to time and is continuing to incur administrative expense priority claims in connection therewith. PeopleReady has also been providing its services to the Buyer in connection with the transition of the Debtors' business. As a condition to assignment, the Buyer is obligated to pay all outstanding amounts, whether arising before or after February 11, 2019. The Buyer has indicated it is willing to pay these amounts, but has not yet done so. The amount owed for pre-February 11 postpetition services is $31,249.02; the amount owed for post-February 11 postpetition services is $16,919.10; and thus the total amount that must be paid by the Buyer to cure defaults as a condition to assignment of the MSA is $48,168.12, as long as the Buyer remains current for ongoing services. Pending assignment of the MSA, this amount also constitutes an administrative expense claim against the Debtors.

## Legal Argument

Confirmation of the Plan should be denied unless the MSA is assigned or PeopleReady's administrative expense claim is paid in full in cash. Pending assignment, there are three open issues with respect to PeopleReady's claims under the MSA, as to which the Plan provides for improper treatment. First, the Plan does not provide for payment of administrative expense claims in full in cash. Second, the Plan is unclear on whether the MSA is automatically rejected on the Effective Date, even though it is subject to the Assignment Notice. Third, the Plan provides for a third-party release that appear to cover the Buyer, even though the Buyer must pay for all post-February 11 services as well as pre-February 11 services as Cure Costs as a condition to assignment of the MSA.

First, the Plan does not provide for payment of administrative expenses in full in cash. PeopleReady holds an administrative expense claim of $31,514.52 prior to February 11, 2019, and $16,919.10 plus any other amounts accruing and unpaid thereafter. Section 1129(a)(9)(A) of the Bankruptcy Code requires:

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

> (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of the claim.

11 U.S.C. § 1129(a)(9)(A). The Debtors are still responsible for amounts owed under the MSA until it is assigned, and assignment has not yet become effective.

Rather than providing for payment in full in cash, payment of administrative expense claims is highly speculative and contingent on availability of funds. Section 2.1 of the Plan provides:

> Administrative Expense Claims shall be paid (x) first out of the Wind Down Account; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, subject to the payment in full of any Allowed ESL 507(b) Priority Claims and Other 507(b) Priority Claims in accordance with Sections 2.4 and 2.5 of the Plan, respectively, from the Net Proceeds of Total Assets . . . .

(Plan sec. 2.1(a), at 22.) PeopleReady does not agree to this proposed treatment. Accordingly, confirmation of the Plan should be denied unless full, timely payment in cash is assured in accordance with the Bankruptcy Code.

Second, the Plan should not be confirmed unless it is clear that the MSA is not automatically rejected on the Effective Date, because it is subject to the Assignment Notice. The Plan provides:

> On the Effective Date, except as otherwise provided in the Plan or the Plan Supplement, each Executory Contract or Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory contract . . . .

(Plan sec. 13.1, at 69.) The MSA is subject to the Assignment Notice, which should constitute a "motion to assume" as contemplated in the Plan. Ideally, the Buyer will have resolved PeopleReady's objection and paid the Cure Costs, and the MSA will have been assigned even before the hearing on confirmation of the Plan. But the Plan should not be confirmed if there is

any prospect that its effect will be to reject the MSA when the assignment is still in process.

Third, the Plan provides for a third-party release that appear to cover the Buyer, even though the Buyer must pay for all post-February 11 services as well as pre-February 11 services as Cure Costs as a condition to assignment of the MSA. This third-party release is inconsistent with the Sale Order, which obligates the Buyer to pay for Assumed Liabilities and Cure Costs. In addition to that, the Buyer has been benefiting from the use of services under the MSA after the Closing Date and is directly liable to PeopleReady as a matter of equity. The Court should deny confirmation if it would relieve the Buyer from those obligations.

PeopleReady reserves all rights consistent with the MSA, the Vendor Agreement, and applicable law, including without limitation to amend, supplement, and/or modify this Confirmation Objection, and to file additional appropriate pleadings in the future.

WHEREFORE, PeopleReady respectfully requests that the Court deny confirmation of the Plan and that the Court grant such other and further relief as is just and proper.

Dated: August 2, 2019

MILLER NASH GRAHAM & DUNN LLP

*/s/ John R. Knapp, Jr.*
John R. Knapp, Jr., P.C., WSB No. 29343
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, Washington 98121
E-Mail: john.knapp@millernash.com
Phone: (206) 624-8300
Fax: (206) 340-9599

Attorneys for PeopleReady, Inc.

4848-5973-9038.1

Certificate of Service

Dona D. Purdy affirms and states:

That on this day, I caused to be served a true and correct copy of:

1) Limited Objection of PeopleReady Inc. to Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors;

2) the Notice of Electronic Filing; and

3) (this) Certificate of Service by the method indicated below, and addressed to each of the following:

| Addressee | Method |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Court for<br>  The Southern District of New York<br>300 Quarropas Street, Room 248<br>White Plains, New York 10601 | ____ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>_X__ Overnight Mail<br>____ Email Transmission |
| Weil Gotshal & Manges LLP<br>Attn: Ray C. Schrock, PC<br>       Jacqueline Marcus<br>       Sunny Singh<br>767 Fifth Avenue<br>New York, NY 10153<br>Email: ray.schrock@weil.com<br>       jacqueline.marcus@weil.com<br>       sunny.singh@weil.com | ____ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>_X__ Email Transmission |
| Office of the Trustee, Region 2<br>Attn: Paul Schwartzberg<br>201 Varick Street, Suite #1006<br>New York, NY 10014<br>Email:<br>USTPRegion02.NYECF@USDOJ.GOV | ____ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>_X__ Email Transmission |

| | |
|---|---|
| Akin Gump Strauss Hauer & Feld LLP<br>Attn: Ira Dizengoff<br>     Philip Dublin<br>     Sara Brauner<br>One Bryant Park<br>New York, NY 10036<br>Email: ira.dizengoff@akingump.com<br>       pdubling@akingump.com<br>       sbrauner@akingump.com | \_\_\_\_\_ U.S. Mail, Postage Prepaid<br><br>\_\_\_\_\_ Hand Delivered<br><br>\_\_\_\_\_ Overnight Mail<br><br>\_\_X\_\_ Email Transmission |

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 2nd day of August, 2019, in Seattle, Washington.

                                             */s/ Dona D. Purdy*
                                             Dona D. Purdy
                                             Legal Assistant