## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Bankruptcy No.: 18-23538(RDD) |
| SEARS HOLDINGS CORPORATION, *et al.* | Chapter 11 |
| Debtors[1] | (Jointly Administered) |

**EDGEWELL PERSONAL CARE PR INC.'S LIMITED OBJECTION TO MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND RESERVATION OF RIGHTS**

TO THE HONORABLE ROBERT D. DRAIN;
UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW,** creditor Edgewell Personal Care Puerto Rico, Inc. ("Edgewell" or "Objector"), through the undersigned counsel, and hereby submits its objection to the Modified Second Amended Joint Chapter 11 Plan (the "Amended Plan") of Sears Holdings Corporation ("Sears" or the "Debtors") as follows:

1. On October 15, 2018 (the "Petition Date"), Sears and several of its affiliates filed voluntary petitions under the provisions of Chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, Edgewell supplied merchandise to Sears' affiliate K-Mart Corporation in Puerto Rico.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816); The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3. The contract between Edgewell and Debtors was listed as executory contract 2.719 in the bankruptcy schedules. *See* Docket #1629, at page 4,273. Furthermore, at the Petition Date, the Debtors owed Edgewell amounts for merchandise supplied. A claim was timely filed by the Objector in the amount of $67,993.22, including a portion of $12,802.22 entitled to administrative priority for merchandise supplied to K-mart within 20 days prior to the filing of the Petition Date. *See* Claim #12491.

4. Edgewell and the Debtors are complying with the ordinary course of the terms of the unexpired contract dated June 22, 2015. However, up to this date and in the Amended Plan, the Debtors are silent as to the de facto assumption of the contract; and the cure amount included in Proof of Claim Number 12491 is the cure amount to be paid to Edgewell under section 365 and 1129 of the Bankruptcy Code.

5. Given the fact that the Amended Plan is silent as to the treatment to Edgewell's administrative claim and cure amount claim, Edgewell hereby files this Limited Objection to the confirmation of the Amended Plan to assert its rights.

**OBJECTIONS TO THE AMENDED PLAN**

I. *The Amended Plan Fails to Comply with § 1129(a)(9)*

6. Section 1129(a)(9) of the Bankruptcy Code provides that the Amended Plan can only be confirmed if:

> "(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—
>
> > (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;" *See* 11 U.S.C. § 1129(a)(9)(A)

7. The Amended Plan cannot be confirmed as it fails to comply with the provisions of § 1129(a)(9) which require that the holder of a priority claim should "receive on account of such claim cash equal to the allowed amount of such claim." *Id*

8. Edgewell's claim included a portion entitled to administrative priority. *See* Claim #12491. However, the Amended Plan does not identify which claims will be paid and if the there are sufficient funds to pay such administrative expense claims.

9. For that reason, Debtors' Amended Plan fails to comply with § 1129(a)(9).

## II. *Cure Claim Objection*

10. After the petition date, Edgewell continued to supply merchandise upon Debtors' requests and to perform under the unexpired contract. Debtors have assumed Edgewell's executory contract *de facto*. Debtors have not served Edgewell with any notice regarding rejection or assumption of the executory contract as described herein.

11. In order to assume Edgwell's executory contract, the Debtors must cure any defaults and provide evidence of assurance of future performance under the terms of the executory contract pursuant to § 365 of the Bankruptcy Code:

> "If the debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, **the debtor in possession is obligated to pay for the reasonable value of those services, which, depending on the circumstances of a particular contract, may be what is specified in the contract**." *See* 3 Collier on Bankruptcy P 365.04 (16th 2019) (our emphasis)

12. Edgwell's claim has been improperly classified as class 4 general unsecured claim when it should have been classified as a cure claim given Debtors' *de facto* assumption of the executory contract.

13. Based on the foregoing, the Edgewell files this Limited Objection to the Confirmation of the Amended Plan because the Plan fails to treat Edgewell's administrative claim

and Cure Amount Claim; and the Debtor should amend the Plan to inform the de facto assumption of the unexpired executory contract.

14. Upon Debtors' failure to include such treatment to Edgewell's claim, confirmation of the Amended Plan should be denied.

## RESERVATION OF RIGHTS

15. Edgewell reserves all rights under the terms of the unexpired contract and reserves its right to supplement or amend this objection prior to the August 16 confirmation hearing.

**WHEREFORE,** Edgewell respectfully requests from this Court to deny the confirmation of the Amended Plan and to grant any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS SAME DATE, I ELECTRONICALLY FILED THE FOREGOING WITH THE CLERK OF THE COURT USING THE CM/ECF SYSTEM WHICH WILL SEND NOTIFICATION OF SUCH FILING TO ALL REGISTERED CM/ECF PA RTICIPANTS.

*/s/ Javier Vilariño*
JAVIER VILARIÑO
USDC-PR NO. 223503

**VILARIÑO & ASSOCIATES LLC**
PO BOX 9022515
San Juan, PR 00902-2515
E-mail: jvilarino@vilarinolaw.com