Edward L. Schnitzer
**Montgomery McCracken Walker & Rhoads LLP**
437 Madison Avenue
New York, NY 10022
(212) 551-7781
ESchnitzer@mmwr.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SEARS HOLDINGS CORPORATION, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No.: 18-23538 (RDD) <br> Jointly Administered |

**OBJECTION OF VEHICLE SERVICE GROUP, LLC D/B/A ROTARY, A DOVER COMPANY, TO CONFIRMATION OF DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**

Vehicle Service Group, LLC d/b/a Rotary, a Dover Company ("VSG"), by and through its undersigned counsel, submits this objection (the "Objection") to the Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (the "Plan") and respectfully states as follows:

**BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Sears, Roebuck and Co., filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2.  In the twenty (20) days before October 15, 2018 (the "Petition Date"), VSG supplied goods to one or more of the above-captioned debtors (collectively, the "Debtors") pursuant to the MSA and was owed $33,030.65 on account such goods (the "§ 503(b)(9) Invoices"). *See* Carlson Declaration,[1] ¶5; Carlson Declaration, Exhibit A. As of this filing, this amount is still due and outstanding.

3.  VSG timely filed a proof of claim in the Sears, Roebuck & Co. case on March 11, 2019 that includes the § 503(b)(9) Invoices. *See* Claim No. 9587.

4.  After the Petition Date, VSG continued to perform work on behalf of one or more of the Debtors pursuant to the MSA, providing one or more of the Debtors goods and services. *See* Carlson Declaration, ¶7.

5.  In accordance with the terms of the MSA, VSG submitted invoices to one or more of the Debtors for such post-petition goods and services. *See* Carlson Declaration, ¶8.

6.  The Debtors have failed and refused to pay certain invoices for post-petition goods and services that are due and owing to VSG in the total amount of $168,915.17 (the "Post-Petition Invoices"). *See* Carlson Declaration, ¶9; Carlson Declaration, Exhibit B.

7.  The Debtors have not disputed that the amounts under the § 503(b)(9) Invoices and the Post-Petition Invoices are due and owing. *See* Carlson Declaration, ¶10.

8.  VSG filed its Motion of Vehicle Service Group, LLC, d/b/a Rotary, a Dover Company, for Allowance and Payment of Administrative Expense Claim under 11 U.S.C. §§ 503(b)(1) and 503(b)(9) (the "Motion"). The Motion is scheduled to be heard on August 22, 2019 at 10:00 a.m.

---

[1] The Declaration of Brian Carlson is being filed contemporaneously with the Motion of Vehicle Service Group, LLC, d/b/a Rotary, a Dover Company, for Allowance and Payment of Administrative Expense Claim under 11 U.S.C. §§ 503(b)(1) and 503(b)(9) (the "Motion").

**OBJECTION TO PLAN**

9. The Bankruptcy Code is clear that holders of administrative expense claims are to be paid in full on the effective date in order for a plan to be confirmed. Namely, section 1129(a)(9)(A) states, in relevant part, as follows:

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that –
>
> (A) With respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

*See In re Teligent, Inc.*, 282 B.R. 765, 768 (Bankr. S.D.N.Y. 2002) (unless an administrative expense creditor agrees to a different treatment, the debtors must "cash out the administrative creditors on the effective date"); *In re Molycorp, Inc.*, 562 B.R. 67, 78 (Bankr. D. Del. 2017) ("section 1129(a)(9)(A) of the Bankruptcy Code requires that, unless agreed otherwise, each holder of an administrative claim will receive cash equal to the allowed amount of such claim on the effective date of the plan; this is true regardless to the existence of unencumbered assets").

10. Notwithstanding this clear statement of the law, the Plan at Section 2.1(a) makes clear that the Debtors do not intend on making payment of administrative claims on the Effective Date; rather, the Debtors seek to delay the payment indefinitely until an uncertain period of time, without any provision in the Plan for a reserve equal to the administrative claims in the case. Further, section 2.1(a)'s references to payment of Administrative Expense Claims "(x) first out of the Wind Down Account; and (y) if the amount for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, subject to the payment in full of any Allowed ESL 507(b) Priority Claim and Other 507(b) Priority Claims…from the Net Proceeds of Total Assets" (emphasis added), creates the

3

perception that there is a likelihood and possibility that some administrative expense claims will not be paid in full, either at confirmation or thereafter. Indeed, the Plan itself speaks of a waterfall of administrative claim distributions happening after the confirmation of the Plan and Effective Date. Meanwhile, the asserted superiority of an administrative expense claim is not at all relevant for plan purposes since all holders of administrative expense claims must be paid in full under the Bankruptcy Code if a plan is to be confirmed.

11.     In addition, because the Plan is premised on recovery of litigation proceeds against various parties, the Plan does not satisfy the feasibility standards of section 1129(a)(11) of the Bankruptcy Code.

12.     Further, while VSG has not presently identified any other third parties that may become independently liable to VSG for the damages caused to it by the Debtors' failure to make payment on its claims, VSG objects to the broad releases of third parties in Article XV of the Plan and the mechanism under the Plan requiring specific "opt outs" for releases of direct claims that may be discovered against third party non-debtors. *See In re SunEdison, Inc.*, 576 B.R. 453, 460- 61 (Bankr. S.D.N.Y. 2017) (nonvoting creditors were not bound by the third party release in a chapter 11 plan as affirmative acceptance was required); *In re Washington Mut. Inc.*, 442 B.R. 314, 355 (Bankr. D. Del. 2011 ("inaction was not a sufficient manifestation of consent to support a release").

13.     VSG also objects to the release provisions to the extent that they are intended to impact any rights of setoff or recoupment that VSG may have.

**RESERVATION OF RIGHTS**

14.     VSG reserves the right to supplement or amend this Objection and make additional arguments at the hearing to consider the Motion. In addition, VSG joins in other

4

objections filed by holders of administrative expense claims, to the extent that such objections are not inconsistent with the arguments set forth herein.

## CONCLUSION

15. For the foregoing reasons, Vehicle Service Group, LLC d/b/a Rotary, a Dover Company, objects to the confirmation of a chapter 11 plan that fails to comply with the Bankruptcy Code and, more specifically, section 1129(a)(9)'s requirement that administrative expense claims are paid in full on the effective date of the Plan.

WHEREFORE, VSG respectfully requests that this Court sustain this Objection and granting such other and further relief as this Court deems equitable and proper.

Dated: August 2, 2019
      New York, New York

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

By: */s/ Edward L. Schnitzer*
      Edward L. Schnitzer
437 Madison Avenue
New York, NY 10022
Telephone: (212) 551-7781
Facsimile: (212) 599-5085
Email: eschnitzer@mmwr.com

*Counsel for Vehicle Service Group, LLC d/b/a Rotary, a Dover Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court which sent notification of such filing to all CM/ECF system participants.

*/s/   Edward L. Schnitzer*