Hearing Date: August 22, 2019 at 10:00 am (ET)
Objection Deadline: August 16, 2019 at 4:00 pm (ET)

Edward L. Schnitzer
**Montgomery McCracken Walker & Rhoads LLP**
437 Madison Avenue
New York, NY 10022
(212) 551-7781
ESchnitzer@mmwr.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No.: 18-23538 (RDD) Jointly Administered |
| Debtors. | |

**MOTION OF VEHICLE SERVICE GROUP, LLC D/B/A ROTARY, A DOVER COMPANY, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. §§ 503(B)(1) AND 503(B)(9)**

**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**

Vehicle Service Group, LLC d/b/a Rotary, a Dover Company ("VSG"), by and through its undersigned counsel, submits this motion (the "Motion") for allowance and payment of its administrative expense claim under 11 U.S.C. §§ 503(b)(1) and 503(b)(9) . In support of this Motion, VSG respectfully submits the declaration of Brian Carlson, attached as Exhibit A hereto (the "Carlson Declaration"), and represents as follows: and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      VSG provided certain equipment, accessories, parts and related support services to the Debtors' Sears Auto Centers in connection with a Master Equipment Purchase and Service

Agreement dated May 11, 2016 ("MSA") entered into by and between VSG through Rotary, a Dover Company, and Sears, Roebuck and Co. *See* Carlson Declaration, ¶4. In the twenty (20) days before the Debtors' commencement of this bankruptcy case, VSG provided Debtors goods in the amount of $33,030.65 pursuant to the MSA for which Debtors have failed to pay. *See* Carlson Declaration, ¶5. Additionally, after the Debtors' commencement of this bankruptcy case, VSG provided Debtors goods and services with a value of not less than $168,915.17 under the MSA for which Debtors have failed to pay. *See* Carlson Declaration, ¶6.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Sears, Roebuck and Co., filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

4. In the twenty (20) days before October 15, 2018 (the "Petition Date"), VSG supplied goods to one or more of the above-captioned debtors (collectively, the "Debtors") pursuant to the MSA and was owed $33,030.65 on account such goods (the "§ 503(b)(9) Invoices"). *See* Carlson Declaration, ¶5; Carlson Declaration, Exhibit A. As of this filing, this amount is still due and outstanding.

5. VSG timely filed a proof of claim in the Sears, Roebuck & Co. case on March 11, 2019 that includes the § 503(b)(9) Invoices. *See* Claim No. 9587.

6. After the Petition Date, VSG continued to perform work on behalf of one or more of the Debtors pursuant to the MSA, providing one or more of the Debtors goods and services. *See* Carlson Declaration, ¶7.

7. In accordance with the terms of the MSA, VSG submitted invoices to one or more of the Debtors for such post-petition goods and services. *See* Carlson Declaration, ¶8.

8. The Debtors have failed and refused to pay certain invoices for post-petition goods and services that are due and owing to VSG in the total amount of $168,915.17 (the "Post-Petition Invoices"). *See* Carlson Declaration, ¶9; Carlson Declaration, Exhibit B.

9. The Debtors have not disputed that the amounts under the § 503(b)(9) Invoices and the Post-Petition Invoices are due and owing. *See* Carlson Declaration, ¶10.

## RELIEF REQUESTED

10. VSG requests entry of an order substantially in the form attached hereto: (i) granting VSG an allowed administrative expense claim in the amount of $33,030.65 for goods provided to the Debtors in the twenty days prior to the Petition Date under section 503(b)(9) of the Bankruptcy Code; (ii) granting VSG an allowed administrative expense claim in the amount of $168,915.17 under section 503(b)(1) of the Bankruptcy Code for goods provided, and services rendered, to the Debtors post-petition; (iii) requiring the Debtors to immediately pay such allowed administrative expense claims within three (3) days of the entry of the order; and (iv) granting VSG such other and further relief as deemed just and necessary.

## BASIS FOR RELIEF

11. 11 U.S.C. § 503(b) states, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--

3

> (1)    (A) the actual, necessary costs and expenses of preserving the estate . .
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b).

12.    Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)).

13.    It is well established that "administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection." *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010); *BP Energy Co. v. Bethlehem Steel Corp.*, Civ. Act. No. 02-6419 (NRB), 2002 U.S. Dist. LEXIS 22052, *22 n.14 (S.D.N.Y Nov. 15, 2002) (a debtor is required to make post-petition payments under an executory contract pending assumption or rejection as an administrative expense to the extent it receives a benefit to its estate); *see also In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 54-55 (Bankr. S.D.N.Y. 2004); *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 93–94 (Bankr. S.D. Fla. 2000).

14.    Debtors are required to pay the "reasonable value of the services received," and "there is a presumption that the contract rate is reasonable." *Smurfit*, 425 B.R. at 741; *see also In re Washington-St. Tammany Elec. Coop., Inc.*, 111 B.R 555, 559 (Bankr. E.D. La. 1989).

15. With respect to timing of payment of an allowed administrative claim, courts have discretion to order the immediate payment of such a claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution, among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id.* Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall. *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

**ARGUMENT**

16. As described in the § 503(b)(9) Invoices and the Post-Petition Invoices, VSG provided the Debtors goods in the amount of $33,030.65 before the Petition Date and provided the Debtors goods and services in the amount of $168,915.17 after the Petition Date, and Debtors have failed and refused to pay the § 503(b)(9) Invoices and the Post-Petition Invoices (collectively, the "Invoices"), despite having not disputed the amounts due under the Invoices.

17. Debtors cannot legitimately dispute that the Debtors benefited from the goods provided and the services rendered by VSG pursuant to the MSA for the goods and services described in the Invoices. In fact, absent VSG's services, the Debtors' ability to repair or install

5

its lifts in its auto centers and use, or sell the rights to, the stores would have been impaired during a critical phase of their reorganization.

19. VSG's administrative expense claim under the Post-Petition Invoices arises from the Debtors' post-petition obligations under an executory contract before such contract was rejected. Moreover, VSG's claim under the Post-Petition Invoices derives from the actual and necessary costs and expenses incurred after the Petition Date in connection with operating the Debtors' business. Accordingly, VSG is entitled to an administrative priority expense claim pursuant to 11 U.S.C. § 503(b)(1) in the amount of $168,915.17 for the goods and services provided by VSG to Debtors post-petition.

19. VSG's administrative expense claim under the § 503(b)(9) Invoices arises from the goods provided to the Debtors by VSG in the twenty days before the Petition Date pursuant to the MSA. The value of such goods is measured by the parties' contract, the MSA, that provides the price for which the parties agreed to the goods' value, which was $33,030.65. Accordingly, VSG is entitled to an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) in the amount of $33,030.65 for the goods provided by VSG to Debtors in the twenty days before the Petition Date.

20. Upon information and belief, the Debtors are paying their legal professionals their ongoing fees in connection with the Court's monthly compensation order as well as other administrative claim holders in the ordinary course of business. The Debtors have stated on more than one occasion in these cases that these cases would not be run on the backs of vendors. *See e.g.*, Debtors' Reply to Objections to Junior Debtor-in-Possession Financing, ¶ 6 [Dkt. No. 1297]. It would be patently unfair, and without legal basis for the Debtors to pay some administrative expense claimants who supply goods and services to the Debtors in the ordinary course of

6

business and not pay other similarly situated creditors. *See, e.g.,* 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *Hall v. Perry (In re Cochise College Parlc, Inc.)*, 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the fact, have agreed to subordinate their claims.") (citation omitted).

## RESERVATION OF RIGHTS

21. VSG reserves the right to supplement or amend this Motion and make additional arguments at the hearing to consider the Motion. In addition, VSG reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Motion.

22. As indicated in this Motion, the Debtors have never disputed the Post-Petition Invoices or the § 503(b)(9) Invoices and there are no factual issues requiring an evidentiary hearing on the allowance and payment of VSG's administrative claims. To the extent that the Debtors manufacture a factual issue in advance of the hearing, VSG reserves the right to request that the Court hold an evidentiary hearing as soon as the Court's schedule allows, or alternatively seek documents and testimony from the Debtors to the extent that the Court deems that the issues relevant to the allowance of the administrative claims requires an evidentiary record.

## NO PRIOR REQUEST

23. No previous application for the relief sought herein has been made to this or any other Court.

## NOTICE

24. Notice of this Motion will be provided to (a) all parties requesting service via ECF notification and (b) all parties identified in the Master Service List as of 6/26/2019 available at https://restructuring.primeclerk.com/sears/Home-Index. VSG respectfully submits that, in

view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

25. For the foregoing reasons, Vehicle Service Group, LLC d/b/a Rotary, a Dover Company, respectfully requests that this Court enter an Order: (a) granting VSG an allowed administrative expense claim under section 503(b)(9) of the Bankruptcy Code in the amount of $33,030.65 for goods provided to the Debtors in the twenty days prior to the Petition Date; (b) granting VSG an allowed administrative expense claim in the amount of $168,915.17 under section 503(b)(1) of the Bankruptcy Code for goods provided and services rendered to the Debtors post-petition; (c) requiring the Debtors to immediately pay such allowed administrative expense claims and no later than the date the Court confirms the Debtors' plan; and (d) granting such other and further relief as this Court deems equitable and proper.

Dated: August 2, 2019
New York, New York

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

By: */s/ Edward L. Schnitzer*
Edward L. Schnitzer
437 Madison Avenue
New York, NY 10022
Telephone: (212) 551-7781
Facsimile: (212) 599-5085
Email: eschnitzer@mmwr.com

*Counsel for Vehicle Service Group, LLC d/b/a Rotary, a Dover Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court which sent notification of such filing to all CM/ECF system participants.

/s/   *Edward L. Schnitzer*