**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                          :        **Chapter 11**
                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,      :        **Case No. 18-23538 (RDD)**
                                               :
                                               :
           Debtors.[1]                         :        **(Jointly Administered)**
------------------------------------------------------------x

### ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASE WITH QKC MAUI OWNER, LLC AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 [Docket No. 429] (the "Sale Motion"),[2] filed

by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

Southern District of New York (the "Local Rules"), authorizing and approving the sale of the

Acquired Assets and the assumption and assignment of certain executory contracts and unexpired

leases of the Debtors in connection therewith; and the Court having entered this Court's prior

order, dated November 19, 2018 [Docket No. 816] including the schedule as revised by the *Global*

*Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018

[Docket No. 862] (together, the "Bidding Procedures Order"), approving competitive bidding

procedures for the Acquired Assets and granting certain related relief; and on January 18, 2019,

the Debtors having filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] (the

"Successful Bidder Notice"), which provided that the Debtors had determined that a bid submitted

by ESL Investments, Inc. and its affiliates, through Transform Holdco LLC (the "Buyer"), was the

prevailing bid at the auction for the sale of substantially all of the Debtors' assets; and, on January

18, 2019, the Debtors having filed the *Notice of Cure Costs and Potential Assumption and*

*Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale*

*Transaction* [Docket No. 1731] (the "Cure Notice"), which provided, among other things, a list of

contracts and leases that could be designated for assumption and assignment, including the

Debtors' proposed cure amounts for such contracts and leases; and on January 25, 2019, in

response to the Cure Notice and the proposed Global Asset Sale Transaction as described and

defined in the Successful Bidder Notice, QKC Maui Owner, LLC ("Landlord") having timely filed

and served the *Limited Objection of QKC Maui Owner, LLC to Debtors' (I) Notice of Cure Costs*

*and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in*

*Connection with Global Sale Transaction; and (II) Global Asset Sale Transaction* [Docket No.

1874] (the "Objection"), which objected to the proposed cure amounts regarding Landlord set forth

in the Debtors' Cure Notice and set forth the basis for the cure amounts to which Landlord asserts

it is entitled to be paid pursuant to 11 U.S.C. § 365 (the "Cure Amounts"), and further objected as to an asserted lack of adequate assurance of future performance and also on the basis that any assumption and assignment of Landlord's Lease should not impair or extinguish the REA to which the Lease is subject and which REA constitutes a restrictive reciprocal land covenant that is not executory and that runs with the land and that cannot be modified or rejected, extinguished or diminished, all as more fully described in the Objection; and Buyer having submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing on the Sale Motion, which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and, on February 8, 2019, the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") [Docket No. 2507]; and, pursuant to the Sale Order, effective as of the closing of the sale (the "Closing Date"), which occurred on February 11, 2019, the Debtors sold substantially all of their assets to the Buyer; and, on April 4, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [Docket No. 3043] (the "Assumption and Assignment Order"), which established terms and conditions for the assumption and assignment of certain contracts and leases designated for assignment, and expressly preserved all of the landlords' objections and rights (including Landlord's Objection) with respect to the proposed terms of the assignment of their leases unless and until any assignment became effective pursuant to its terms, pursuant to which the Debtors may assume and assign

certain executory contracts or unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be amended, restated, amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer having filed the *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] (the "Designated Lease Notice"), pursuant to which the Debtors seek to assume and assign to Transform Operating Stores LLC (the "Assignee") the Tenant's interest under that certain unexpired ground lease by and between Landlord, as Landlord, and Debtor Sears, Roebuck and Co., as Tenant, for store number 2148, located at Queen Ka'ahumanu Center, 275 West Ka'ahumanu Avenue, Kahului, Hawaii 96732 (the "Leased Premises"), pursuant to that certain Sublease, dated January 27, 1972, which was amended by First Agreement Supplementing Lease, dated February 16, 1973, First Amendment of Lease and Amendment of Reciprocal Easement Agreement, dated April 5, 1979, and Second Amendment to Sublease, dated December 16, 1980, which agreements were amended and restated as Third Amendment to and Restatement of Ground Lease, dated October 18, 1993 (as amended, the "Lease"), which Lease is subject to and modified by that certain Amended and Restated Reciprocal Easement Agreement, dated October 15, 1993, recorded at State of Hawaii Bureau of Conveyances Registrar of Conveyances, recorded on October 18, 1993, as Document Nos. 93-171353 through 93-171360, as amended by First Amendment to Amended and Restated Reciprocal Easement Agreement, dated October 23, 1999 (as amended, the "REA"), with the present Lease Term of the Lease expiring on October 17, 2023; and, on May 2, 2019, in response to the Designated Lease Notice, Landlord timely filed and

served *QKC Maui Owner, LLC's Omnibus (I) Objection to Notice of Assumption and Assignment of Additional Designatable Leases, (II) Supplemental Cure Objection, and (III) Restrictive Covenant Objection* [Docket No. 3482] (the "<u>Omnibus Objection</u>") objecting to the Designated Lease Notice and supplementing Landlord's prior Objection; and, on May 7, 2019, Buyer filed *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* [Docket No. 3654] (the "<u>Omnibus Reply</u>"); and, on May 7, 2019, in response to the Omnibus Reply, Landlord timely filed and served *QKC Maui Owner, LLC's Supplemental Objection in Response to Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* [Docket No. 3679] (the "<u>Supplemental Objection</u>" and together with the Objection and the Omnibus Objection, the "<u>Landlord Objections</u>"); and, on May 13, 2019, the Court having entered the *Stipulation and Order By and Among Sellers, Buyer and Landlord QKC Maui Owner, LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* [Docket No. 3819], on June 28, 2019, the Court having entered the *Stipulation and Order By and Among Sellers, Buyer and Landlord QKC Maui Owner, LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* [Docket No. 4400], and on July 19, 2019, the Court having entered the *Stipulation and Order By and Among Sellers, Buyer and Landlord QKC Maui Owner, LLC Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property* [Docket No. 4579]  (collectively, the "<u>Extension Stipulations</u>"), the deadline for the Debtors to assume or reject the Lease, pursuant to 11 U.S.C. § 365(d)(4), was extended to and including August 31, 2019; and the Court having been advised that the Landlord Objections were resolved on the terms of this proposed order (the "<u>Supplementary Assumption and Assignment Order</u>"); and due notice of the Sale Motion, the Asset Purchase Agreement, the

Sale Order, the Assumption and Assignment Order, the Designated Lease Notice, and this Supplementary Assumption and Assignment Order (and any hearing, or opportunity for hearing, hereon) having been provided; and, except as otherwise provided for herein, all objections with respect to the assumption and assignment of the Lease having been withdrawn, resolved, or adjourned as provided in this Supplementary Assumption and Assignment Order; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the hearing hereon, if any such specific hearing was required and conducted, and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:

A.    **Fed. R. Bankr. P. 7052**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of any hearing that may have been conducted specifically in connection with the entry of this Supplementary Assumption and Assignment Order.  This Supplementary Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon entry hereof.

B.    **Jurisdiction and Venue**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    **Sound Business Purpose.**  The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Lease consistent with the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order.  Buyer, shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.    **Vested Title.**  The Lease constitutes property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.    **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the assumption and assignment of the Lease has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and Assumption and Assignment Order, the Designated Lease Notice was properly served and the Landlord, and other parties in interest, were afforded timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Lease.

F.    **Cure Notices**.  As evidenced by the certificates of service filed with the Court, the Debtors have served the Cure Notice and Buyer has served the Designated Lease Notice, respectively, on Landlord, which provided notice of the Debtors' intent to assume and assign the Lease and notice of the related proposed Cure Amounts upon the non-Debtor counterparty to such Designated Lease.  The service of the Cure Notice and the Designated Lease Notice was timely,

good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Amounts for the assumption and assignment of the Lease. *See Affidavits of Service* (Docket Nos. 1969 and 3319). Landlord has had a reasonable opportunity to object, and has timely objected, to the Cure Amounts and otherwise as to the assumption and assignment of the Lease to the Assignee, as set forth in Landlord's Objections.

G. **Assignment or Transfer Agreement**. Any applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to the Lease was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion. Neither the Debtors, the Buyer nor the Assignee have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Assignee pursuant to the Assignment or Transfer Agreement and this Supplementary Assumption and Assignment Order, to be avoided under 363(n) of the Bankruptcy Code.

H. **Assumption and Assignment of Lease**. The assumption and assignment of the Lease is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates, and represents the valid and reasonable exercise of the Debtors' sound business judgment.

I. **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**. The assumption and assignment of the Lease must be approved and consummated promptly in order to preserve the value of the Acquired Assets particularly given the August 31, 2019 deadline pursuant to the Extension Stipulations. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Lease in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is

8

cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Supplementary Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.     **Motion is Granted**.  The Sale Motion and the relief requested therein to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order is granted and approved solely to the extent set forth herein.

2.     **Findings of Fact and Conclusions of Law**.  The Court's findings of fact and conclusions of law in the Sale Order and the Assumption and Assignment Order, and the record of the hearing with respect to the Sale Order and any hearing that may have been conducted specifically in connection with entry of this Supplementary Assumption and Assignment Order are incorporated herein by reference, solely as they may be applicable to the Lease and consistent with the relief otherwise granted herein.  The Lease constitutes an Acquired Asset.  Accordingly, all findings of fact and conclusions of law in the Sale Order and the Assumption and Assignment Order, with respect to the Acquired Assets, shall apply to the Lease with full force and effect, and the Buyer and Assignee are entitled to all of the protections set forth in the Sale Order and Revised Assumption and Assignment Order with respect to Acquired Assets.

3.     **Objections Resolved**.   All objections to the assumption and assignment or designation of the Lease have been resolved; *provided* that any timely filed cure objections that have not already been resolved shall be reserved in accordance with paragraph 11 of this Supplementary Assumption and Assignment Order.

4.     **Notice**. Notice of the proposed assumption and assignment of the Lease was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with

section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.    **Assumption and Assignment**.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Lease pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this Supplementary Assumption and Assignment Order or (ii) reasonably requested by the Buyer and/or the Assignee for the purpose of assigning, transferring, granting, conveying and conferring to the Assignee, or reducing to the Assignee's possession, if applicable, the Lease.

6.    **Transfer of the Lease**.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Lease to the Assignee in accordance with the terms of the Landlord Agreement (defined below).  The Lease shall be transferred to the Assignee, *cum onere,* in accordance with the terms of the Landlord Agreement, the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, and this Supplementary Assumption and Assignment Order and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Assignee, with all right, title and interest of the Debtors in the Lease; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code; provided, however, notwithstanding anything to the contrary contained the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, and/or this Supplementary Assumption and Assignment Order, the Lease is and shall be and remain subject, in all respects, to any and all interests, covenants, or rights applicable to the Lease to the extent the same limit or condition the

permitted use of the Leased Premises, such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses or permits (collectively, the "Restrictive Covenants"), including, without limitation, the REA, which Restrictive Covenants and REA shall continue in full force and effect, without limitation or modification.

7.    This Supplementary Assumption and Assignment Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated as to the Lease, and that the conveyances and transfers described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record any documents or instruments that reflect that the Assignee is the assignee of and vested with all of the Tenant's rights, title and interest in, to and under the Lease, free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").   All Recording Officers are authorized and specifically directed to strike recorded Claims against the Lease recorded prior to the date of this Supplementary Assumption and Assignment Order.   A certified copy of this Supplementary Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Lease recorded prior to the date of this Supplementary Assumption and Assignment Order.   All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement; *provided* however

that nothing in this paragraph 7 or paragraph 9 below shall authorize any Recording Officers to take any action with respect to Restrictive Covenants, including, without limitation, the REA.

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Assignee's title to or use and enjoyment of the Lease or the Leased Premises governed by the Lease and the Restrictive Covenants, including, without limitation, the REA, based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.      If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the Lease shall not have delivered to the Debtors as of the time of entry of this Supplementary Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors or the Lease or otherwise, then with regard to the Lease: (i) the Debtors are hereby authorized and directed to, and the Buyer and/or Assignee is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to the Lease; (ii) the Buyer and/or Assignee is hereby authorized to file, register or otherwise record a certified copy of this Supplementary Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the Lease; and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to the Lease; provided that, notwithstanding anything in this Supplementary Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Supplementary Assumption and

Assignment Order shall be self-executing, and neither the Sellers nor Buyer and/or Assignee shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Supplementary Assumption and Assignment Order.  This Supplementary Assumption and Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.  Notwithstanding the foregoing, and for the avoidance of doubt, under no circumstances shall any or all of the Restrictive Covenants, including, without limitation, the REA be limited, modified, waived, released or terminated in any respect by any provision of this Supplementary Assumption and Assignment Order and/or any other agreement, document or order concerning or relating to the assumption and assignment of the Lease.

10.     Subject to the terms of this Supplementary Assumption and Assignment Order, this Supplementary Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Lease acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to the Lease to Assignee.

11.     **Assumption and Assignment of Lease**.  The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Lease to the Assignee to the extent set forth in the Sale Order, the Assumption and Assignment Order and this Supplementary Assumption and Assignment Order, to execute and deliver to the Assignee such documents or other instruments as may be necessary to assign and transfer the Lease to the Assignee, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights,

title, and interests in the Lease to the Assignee.  With respect to the Lease, all Cure Amounts that

have not been waived by, or as to which an objection has been timely filed by, or that have not

been otherwise addressed in an alternate arrangement with, Landlord shall be: (i) with respect to

the undisputed amounts, be paid in cash by the Buyer, within five business days of entry of this

Supplementary Assumption and Assignment Order and (ii) with respect to any disputed amounts

asserted in timely filed objections, the Buyer shall establish a cash reserve within five business

days of entry of this Supplementary Assumption and Assignment Order and the Buyer shall pay

or release such amounts promptly upon resolution of any such disputed Cure Cost.  The Assignee

and Landlord shall work in good faith to reconcile any disputes with respect to Cure Amounts,

provided, however, that if either party believes, following good faith discussions, that an impasse

has been reached with respect to any Cure Amounts, such party shall give written notice the other,

and within ten business days after such notice, in the absence of an agreement, such party may

seek a hearing before the Bankruptcy Court in accordance with the Assumption and Assignment

Order.  All parties' rights and defenses with respect to Cure Amounts disputes that were timely

raised and filed are fully reserved pending any such hearing and determination by the Bankruptcy

Court.  Landlord's Objections were timely raised and filed.  Payment of Cure Amounts (a) with

respect to the undisputed cure amounts or (b) with respect to disputed cure amounts as

subsequently agreed by the parties or determined by the Court, shall: (i) be in full satisfaction and

cure of any and all defaults under the Lease, whether monetary or non-monetary; (ii) compensate

the Landlord for any actual pecuniary loss resulting from such defaults and (iii) shall be made

solely by the Buyer and/or the Assignee and the Debtors shall have no liability therefor.

       12.      With respect to the Lease, the Buyer and Assignee, in accordance with the

provisions of the Asset Purchase Agreement, have provided adequate assurance of future

performance under the Lease in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code

to the extent that any such assurance is required and not waived by the Landlord.  Upon entry of

this Supplementary Assumption and Assignment Order with respect to the Lease, the Assignee

shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Lease

and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any

further liability with respect to breach of the Lease occurring after such assumption and

assignment.  As between the Debtors and the Buyer and Assignee, the Buyer and Assignee shall

be solely responsible for any liability arising and owed pursuant to the terms of the Lease after the

Closing Date.    Assignee acknowledges and agrees that from and after the entry of this

Supplementary Assumption and Assignment Order, with respect to the Lease, in accordance with

this Supplementary Assumption and Assignment Order, it shall comply with the terms of the Lease

in its entirety, including any indemnification obligations expressly contained in the Lease

(including with respect to events that occurred prior to the entry of this Supplementary Assumption

and Assignment Order, for which cure costs were not known, liquidated or due and owing as such

date), as to which the Buyer continues to reserve its rights against the Debtors for indemnification

to the extent provided in the Asset Purchase Agreement and the Debtors reserve their respective

rights and defenses with respect to any claims therefor.  The assumption by the Debtors and

assignment to the Assignee of the Lease shall not be a default under the Lease.   Subject to the

payment of the undisputed Cure Amounts and resolution of any disputed cure amounts as provided

in paragraph 11, the Landlord is forever barred, estopped, permanently enjoined from asserting

against the Debtors or the buyer, their affiliates, successors or assigns or the property of any of

them, any default existing as of the date of entry of this Supplementary Assumption and

Assignment Order or that any additional cure amounts are owed as a condition to assumption and assignment.

13.     All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Amounts required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Assignee, with respect to the Lease.  Pursuant to the Sale Order, the Buyer has delivered to the Landlord (and delivered by email or facsimile to counsel for the Landlord) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the Lease that is proposed to be assumed and assigned to the Assignee.

14.     The Buyer and the Assignee have satisfied their adequate assurance of future performance requirements with respect to the Lease and in connection therewith have presented sufficient evidence regarding their business plan, the experience and expertise of their management, and demonstrated they are sufficiently capitalized to comply with the necessary obligations under the Lease.  With respect to the Lease, the Buyer shall, as further adequate assurance, within five days after entry of this Supplementary Assumption and Assignment Order (unless the parties otherwise agree), cause to be executed and delivered to Landlord the lease guaranty agreement in the form agreed by the parties.

15.     The assumption of any liabilities under the Lease shall constitute a legal, valid and effective delegation of all liabilities thereunder to the Assignee and, following payment of all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Supplementary Assumption and Assignment Order, shall divest the Debtors of all liability with respect to the

Lease for any breach of the Lease occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.     Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer or Assignee shall, within five business days after entry of this Supplementary Assumption and Assignment Order, pay to the Landlord all undisputed Cure Amounts and other such undisputed amounts required with respect to the Lease.  Upon assumption and assignment of the Lease, the Debtors and their estates shall be relieved of any liability for breach of the Lease after the Closing Date, pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer and Assignee shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under the Lease attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses as against the Buyer with respect to any claims therefor.  For the avoidance of doubt, the Buyer will perform under and in accordance with the terms of the Lease from and after entry of this Supplementary Assumption and Assignment Order.

17.     Solely in connection with the Lease and the proposed transfer to Assignee set forth upon the entry of this Supplementary Assumption and Assignment Order, any provision in the Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Lease shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with the Lease and the proposed

transfer to Assignee, no sections or provisions of the Lease, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of the Lease (including, but not limited to, the conditioning of such assignment on the consent of any non-Debtor party to the Lease); (ii) provide for the cancellation, or modification of the terms of the Lease based on the filing of the Debtors' bankruptcy cases, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the Landlord, except for Cure Amounts, upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to this Supplementary Assumption and Assignment Order and the assumption and assignment of the Lease to Assignee, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code.  Upon assumption and assignment of the Lease pursuant hereto, the Assignee shall enjoy all of the rights and benefits, under the Lease as of the date of the entry of this Supplementary Assumption and Assignment Order and shall assume all obligations thereunder as of the Closing Date, together with liability for any and all Cure Amounts.

18.    Solely in connection with the Lease and notwithstanding anything to the contrary in paragraph 12 or 16 hereof, upon the entry of this Supplementary Assumption and Assignment Order, except as otherwise expressly agreed by the Buyer and the Landlord, notwithstanding any provision in the Lease that purports to prohibit, restrict or condition such action, (x) the Assignee shall be authorized to: (i) use the Leased Premises, subject to section 365(b)(3) of the Bankruptcy

Code, as a retail store; (ii) operate the Leased Premises under the Buyer's trade name or any other trade name which the Buyer owns or is authorized to use (including any of the Debtors' trade names); (iii) subject to the provisions of the Lease, make such alterations and modifications to the Leased Premises (including signage, together with appropriate changes to existing tenant signage in the shopping center, including panels on all pylons, monuments, directional and other ground and off-premises signs where Sellers are currently represented) deemed necessary by the Assignee (subject to all applicable laws including all applicable municipal codes) as are necessary or desirable for the Assignee to conform the Leased Premises to the prototypical retail store of Assignee; (iv) exercise, utilize or take advantage of any renewal options, if any, and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under the Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in the Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name)  and (y) neither the Buyer nor the Assignee shall have any responsibility or liability to Debtors for any Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

19.    ***Ipso Facto* Clauses Ineffective**.  The Lease shall be transferred to, and remain in full force and effect for the benefit of the Assignee, *cum onere*, in accordance with its terms and conditions, including all obligations of the Assignee, as the assignee of the Lease, notwithstanding any provision in the Lease (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.   There shall be no, and the Landlord is forever barred and permanently enjoined from raising or asserting against the Debtors, any other defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Debtors as a

condition to the assumption and assignment of the Lease pursuant to this Supplementary Assumption and Assignment Order. Except for the Cure Amounts, there shall be no, and the Landlord is forever barred and permanently enjoined from raising or asserting against the Buyer or the Assignee, as applicable, any other defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Buyer or the Assignee, as applicable, as a condition to the assumption and assignment of the Lease pursuant to this Supplementary Assumption and Assignment Order.

20. Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Lease to the Assignee under the provisions of this Supplementary Assumption and Assignment Order and full payment of all Cure Amounts as required under section 365(b) of the Bankruptcy Code, the Landlord shall not be permitted to declare a default by any Debtor or the Assignee, or otherwise take action against the Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of the Debtors' obligations under the Lease prior to its assumption and assignment to Assignee. Any provision in the Lease that prohibits or conditions the assignment of the Lease or allows the Landlord to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon the assignment to Assignee pursuant hereto, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Supplementary Assumption and Assignment Order. The failure of the Debtors or the Assignee to enforce at any time one or more terms or conditions of the Lease shall not be a waiver of such terms or conditions, or of the Assignee's rights to enforce every term and condition of the Lease.

21.     The assignment of the Lease to Assignee, and any Assignment or Transfer Agreement is undertaken by Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal.  By virtue of the transaction contemplated by any Assignment or Transfer Agreement, Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

22.     **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Supplementary Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Lease in connection with the Court approved Sale Transaction.  Any party objecting to this Supplementary Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Supplementary Assumption and Assignment Order constitutes a final order upon which the Debtors, the Buyer, the Assignee and the Landlord are entitled to rely.

23.     **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms and conditions of this Supplementary Assumption and Assignment Order, the Landlord Agreement, the Assumption and Assignment Order, the Sale Order, the Asset Purchase

Agreement, or any documents executed in connection therewith, the provisions contained in the Landlord Agreement, this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, and any documents executed in connection therewith, shall govern, in that order. Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Landlord Agreement, the Asset Purchase Agreement, the Assumption and Assignment Order, the Sale Order or the terms of this Supplementary Assumption and Assignment Order; *provided, however*, that nothing in the applicable Landlord Agreement may alter the provisions of this Supplementary Assumption and Assignment Order relating to the Debtors' or the Sellers' obligations.

24.    **Lease Deposits and Security**.  The Assignee shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security as a condition to the assignment of the Lease, to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Lease has already been deposited by Debtors.

25.    **Automatic Stay**.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Supplementary Assumption and Assignment Order.

26.    **Retention of Jurisdiction**.  This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Supplementary

Assumption and Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Supplementary Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

27.    **Settlement Agreement**. Notwithstanding anything to the contrary contained in this Supplementary Assumption and Assignment Order, the Asset Purchase Agreement, Sale Order, Assumption and Assignment Order or any Designated Lease Notices, the Buyer, the Assignee and certain of their direct or indirect affiliates or subsidiaries (collectively, the "Buyer Parties") have entered into a separate written settlement agreement with the Landlord that by its terms governs the terms of assumption and assignment of the Lease in connection with the above-captioned proceedings (a "Landlord Agreement") and the relationship of the applicable Buyer Parties and the Landlord shall be governed and determined by the terms and conditions of the Landlord Agreement, which shall supersede and control over any inconsistent terms or provisions of this Supplementary Assumption and Assignment Order or any other prior order of the Court relating to the assumption and/or assignment of the Lease and/or of the Asset Purchase Agreement or of any agreement or document executed in connection therewith or in furtherance thereof; *provided, however*, that nothing in the applicable Landlord Agreement may alter the provisions of this Supplementary Assumption and Assignment Order relating to the Debtors' or the Sellers' obligations.

28.    **Insurance Obligations**.  To the extent required by the express terms of the Lease, within thirty days hereof, the Assignee shall provide the Landlord with any evidence or certificates of insurance that may be required.  Nothing in this Supplementary Assumption and Assignment

Order shall waive, withdraw, limit or impair any claims that the Landlord may have against the Debtors, the Buyer or the Assignee with respect to claims for indemnification for third parties' claims arising from or related to the use and occupancy of the Leased Premises prior to the Closing Date solely to the extent of available occurrence-based insurance coverage that named the Landlord as an additional insured; provided, for the avoidance of doubt, that the Landlord may pursue such claims only against the insurer(s) that named the Landlord as an additional insured and solely to the extent of such coverage.

Dated: August 5, 2019
     White Plains, New York

                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE