**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :     Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,                    :
                                                             :     Case No. 18-23538 (RDD)
                                                             :
            Debtors.[1]                                      :     (Jointly Administered)
------------------------------------------------------------ x

### STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER AND CAPRI URBAN BALDWIN, LLC EXTENDING TIME UNDER 11 U.S.C. § 365(d)(4) FOR ASSUMPTION OR REJECTION OF LEASE OF NONRESIDENTIAL REAL PROPERTY

This Stipulation and Order (the "Stipulation and Order") is made as of July 22, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Transform Holdco LLC, as Buyer (the "Buyer") and Capri Urban Baldwin, LLC (the "Landlord" and collectively with the Debtors and the Buyer, the "Parties"), through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Recitals**

A.     The Landlord and one of the Debtors are parties to a lease (as amended and/or modified, the "Lease") of nonresidential real property at 3755 Santa Rosalia Drive, Baldwin Hills, California (Store # 1018).

B.     On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.     On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice").  The Lease was among the leases identified in the Initial Notice.

D.     On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507) was entered by the Bankruptcy Court, approving the sale of certain assets of the Debtors to the Buyer.

E.     In accordance with the terms of the Sale Order, the Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and assignment for up to sixty (60) days after the Closing Date (the "Designation Rights Period"), which occurred on February 11, 2019.  The Debtors and the Buyer agreed to an extension of the Designation Rights Period and, on April 12, 2019, the Debtors filed the Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (the

"Extension Notice") (ECF No. 3171), which extended the Designation Rights Period to May 3, 2019 for certain Designatable Leases including the Lease and to May 13, 2019 for Additional Contracts.

F. On April 2, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

G. On April 19, 2019, the Buyer filed the Statement/Notice of Assumption of Additional Designatable Leases, designating the Lease for assumption and assignment to the Buyer or Buyer affiliate pursuant to the terms of the Assumption and Assignment Order (ECF No. 3298) (the "Assumption Notice"), subject to the Bankruptcy Court's approval and the right of counterparties to object as set forth in the Assumption Notice and the Assumption and Assignment Order.

J. The deadline for the Debtors to assume or reject leases of non-residential real property pursuant to section 365(d)(4) of the Bankruptcy Code, including the Lease was May 13, 2019 (the "Section 365(d)(4) Period").

K. On May 13, 2019, the Bankruptcy Court entered the *Stipulation and Order By and Among Sellers, Buyer, and Capri Urban Baldwin, LLC Extending Time Under Section 11 U.S.C. Section 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (ECF No. 3838) extending the 365(d)(4) Period to June 30, 2019.

L. On June 22, 2019, the Bankruptcy Court entered the *Stipulation and Order By and Among Sellers, Buyer, and Capri Urban Baldwin, LLC Extending Time Under Section 11 U.S.C. Section 365(d)(4) for Assumption or Rejection of Leases of Nonresidential Real Property* (ECF No. 4332) extending the 365(d)(4) Period to August 19, 2019.

3

M.      The Buyer desires additional time to determine whether to designate the Lease for assumption and assignment under section 365(d)(4) of the Bankruptcy Code.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      The Landlord hereby consent to a further extension of the Section 365(d)(4) Period, to and including September 30, 2019.

2.      This Stipulation shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order.

3.      Pursuant to section 365(d)(4) of the Bankruptcy Code, the Section 365(d)(4) Period is hereby extended to and including September 30, 2019.  For the avoidance of doubt, such date shall remain the applicable date by which assumption or rejection of the Lease shall be permitted regardless of the date of confirmation of any plan of reorganization of the Debtors.

4.       This Stipulation and Order hereby constitutes "prior written consent of the lessor" under section 365(d)(4)(B)(ii) of the Bankruptcy Code and no further consent of the Landlord shall be required.

5.      Each of the Buyer, Debtors, and Landlord has consented to have any objection by the Landlord heard on a mutually agreeable date available on the Bankruptcy Court's calendar; with the deadline for such objection by the Landlord to be filed with the Bankruptcy Court no later than 11:59 p.m. on September 6, 2019.

6.      In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, the Buyer agrees to bear all occupancy costs relating to the Lease during the period from May 13, 2019 through the Section 365(d)(4) Period, as extended by this Stipulation and Order.  In the event of nonpayment during the Section

365(d)(4) Period, the Landlord's rights and remedies under Bankruptcy Code section 365(d)(3) shall be limited to rights to assert payment from the Buyer, and the Buyer reserves all rights to contest any such claims.

7. Nothing herein shall be deemed to alter, amend or otherwise modify the terms of the Lease, and such terms shall continue in full force and effect up to such time with respect to the Lease as the Debtors have obtained an effective date of (a) rejection of such Lease or (b) assumption of such Lease pursuant to section 365 of the Bankruptcy Code and the Assumption and Assignment Order.

8. This Stipulation and Order is without prejudice to the Parties' agreement in writing to an additional extension of the Section 365(d)(4) Period beyond September 30, 2019, and an additional extension of Landlord's objection deadline beyond September 6, 2019.

9. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

10. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

11. Pending entry of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the

exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

12. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

Dated: July 22, 2019

| **WEIL, GOTSHAL & MANGES LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
|---|---|
| By: */s/ Jacqueline Marcus* | By: */s/ Luke A. Barefoot* |
| 767 Fifth Avenue<br>New York, New York 10153<br>Telephone (212) 310-8000<br>Facsimile: (212) 310-8007 | One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 |
| *Counsel for the Debtors and Debtors-in-Possession* | *Counsel for the Buyer* |
|  | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
|  | By: */s/ Alan M. Feld* |
|  | 333 South Hope Street, 43rd Floor<br>Telephone: (213) 617-4133<br>Facsimile: (213) 443-2791 |
|  | *Counsel for the Landlord* |

**IT IS SO ORDERED.**

Dated: White Plains, New York    /s/Robert D. Drain
    August 5, 2019    UNITED STATES BANKRUPTCY JUDGE