UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :
                                                             :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :    Case No. 18-23538 (RDD)
                                                             :
                          Debtors.[1]                        :    (Jointly Administered)
------------------------------------------------------------ x

### NOTICE OF ASSIGNMENT OF UNEXPIRED
### LEASES OF NONRESIDENTIAL REAL PROPERTY

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On April 3, 2019, the Bankruptcy Court entered the *Order Pursuant to Sections 365(a) and 365(f) of the Bankruptcy Code Authorizing the Debtors to Assume Unexpired Leases of Nonresidential Real Property* (the "**Order**") (ECF No. 3314),[2] approving assumption of the leases set forth on **Exhibit 1** annexed thereto (the "**Vernon Leases**") and procedures for assignment of the Vernon Leases, among other relief.

2. After entry of the Order, the Debtors continued marketing the Vernon Leases. On July 25, 2019, the Debtors entered into a lease sale agreement with Henry Shahery (the "**Buyer**") that provides for the Debtors' assignment of the Vernon Leases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Order, as applicable.

**Buyer's Adequate Assurance Information**

3.  The adequate assurance information for the Buyer will be provided to the Vernon Counterparties. The Buyer's adequate assurance information is intended to provide the Vernon Counterparties with adequate assurance of future performance and to support the Buyer's ability to comply with the requirements of adequate assurance of future performance, including the Buyer's financial wherewithal and willingness to perform under the Vernon Leases.

**Objections**

4.  Any Vernon Counterparty that wishes to object to the proposed assignment of the Vernon Leases, the subject of which objection is the Buyer's ability to provide adequate assurance of future performance with respect to any of Vernon Leases (an "**Adequate Assurance Objection**"), must (a) file a written objection in compliance with the Bankruptcy Rules and the Local Rules with the Court (an "**Objection**"), so that such objection is filed no later than August 14, 2019 at 4:00 p.m. (the "**Objection Deadline**"), and (b) serve the Objection (by email, facsimile or hand deliver) on the following parties on or before the Objection Deadline:

| *Counsel for the Debtors* | *Counsel for the Buyer* |
|---|---|
| Weil, Gotshal & Manges LLP | Law Offices of Saul Reiss |
| 767 Fifth Avenue | 2800 28th Street, Suite 328 |
| New York, New York 10153 | Santa Monica, CA 90405-6201 |
| Jacqueline.Marcus@weil.com | saulreiss@verizon.net |

5.  If a timely Adequate Assurance Objection cannot otherwise be resolved by the parties, such objection and all issues of adequate assurance of future performance shall be determined by the Court at a hearing on a date to be scheduled by the Debtors in their discretion.

6.  If no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Objection Deadline a proposed order approving the assignment of the Vernon Leases, substantially in the form attached hereto as **Exhibit A**, and the Bankruptcy Court may enter such order without a hearing.

**IF ANY VERNON COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE OF THE APPLICABLE VERNON LEASE. THE BUYER (OR ITS DESIGNATED ASSIGNEE, IF APPLICABLE) SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE**

**PERFORMANCE WITH RESPECT TO THE VERNON LEASES IN ACCORDANCE WITH BANKRUPTCY CODE SECTION 365(f)(2)(B), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE VERNON LEASES, OR ANY OTHER DOCUMENT.**

Dated: August 6, 2019

                                   */s/* Jacqueline Marcus
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone:  (212) 310-8000
                                   Facsimile:   (212) 310-8007
                                   Ray C. Schrock, P.C.
                                   Jacqueline Marcus
                                   Garrett A. Fail
                                   Sunny Singh

3

# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :   **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                    :
                                                             :   **Case No. 18-23538 (RDD)**
                                                             :
Debtors.[1]                                                  :   **(Jointly Administered)**
------------------------------------------------------------ x

### ORDER PURSUANT TO SECTIONS 363, 365(a), 365(f), AND 365(k) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSIGN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Pursuant to and in accordance with the *Order Pursuant to Sections 365(a) and 365(f) of the Bankruptcy Code Authorizing the Debtors to Assume Unexpired Leases of Nonresidential Real Property* (ECF No. 3314) (the "**Assumption Order**")[2] entered in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Vernon Counterparties a notice, dated August 6, 2019 (ECF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Assignment Notice.

No. [●]) (the "**Assignment Notice**") of their intent to assign certain unexpired leases for the locations identified on **Exhibit 1** hereto (the "**Vernon Leases**"); and the Court having jurisdiction to consider the Assignment Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Assignment Notice and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Assignment Notice having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having found and determined that the assignment of the Vernon Leases is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the *Motion of Debtors for Authority to Assume Unexpired Leases of Nonresidential Real Property* (ECF No. 3033) and the Assignment Notice establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Each of the leases in **Exhibit 1** is assigned to the Buyer pursuant to 11 U.S.C. § 365 as set forth herein, effective as of the entry of this Order.

2. In accordance with section 365(f) of the Bankruptcy Code, the Buyer has provided adequate assurance of future performance under the Vernon Leases to the extent that any such assurance is required and not waived by the non-debtor counterparties to the Vernon Leases.

3. Upon entry of this Order, the Buyer shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Vernon Leases and, pursuant to section

365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to any breach of the Vernon Leases occurring after assignment.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: August __, 2019
      White Plains, New York

                                                            THE HONORABLE ROBERT D. DRAIN
                                                            UNITED STATES BANKRUPTCY JUDGE

WEIL:\97139034\2\73217.0004

# Exhibit 1

**Vernon Leases**

| Unexpired Lease | Counterparty | Property Address | Description of Unexpired Lease |
|---|---|---|---|
| 1. Warehouse Lease | 5525 S. Soto St. Associates | 5525 S. Soto Street, Vernon, CA 90058 | Lease dated April 3, 1947 between Connecticut General Life Insurance Company, as predecessor in interest to 5525 S. Soto St. Associates, as landlord, and Sears, Roebuck and Co., as tenant, as same may have been modified, amended, and/or extended. |
| 2. Warehouse Sublease | Henry Shahery | 5525 S. Soto Street, Vernon, CA 90058 | Sublease dated December 21, 2017 between Sears, Roebuck and Co. as sublandlord, and Henry Shahery, as subtenant, as same may have been modified, amended, and/or extended. |
| 3. Parking Lot Lease | 51st Street Partnership | 2700 Fruitland Ave, Vernon, CA 90058 | Lease dated December 15, 1998 between 51st Street Partnership as landlord, and Sears Logistics Services, Inc., as predecessor in interest to Innovel Solutions, Inc., as tenant, as same may have been modified, amended, and/or extended. |
| 4. Parking Lot Sublease | Henry Shahery and Shason, Inc. | 2700 Fruitland Ave, Vernon, CA 90058 | Sublease dated December 21, 2017 between Innovel Solutions, Inc. as sublandlord, and Henry Shahery and Shason, Inc., as subtenants, as same may have been modified, amended, and/or extended. |