UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
In re                                                   :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*[1],               :    Case No. 18-23538 (RDD)
:
                    Debtors.                            :    (Jointly Administered)
:
------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING WSSR, LLC'S MOTION FOR IMMEDIATE PAYMENT OF POST-PETITION, PRE-REJECTION LEASE OBLIGATIONS AS ADMINISTRATIVE EXPENSES

Upon the motion (the "*Motion*")[2] of WSSR, LLC ("*Landlord*") for entry of an order compelling the immediate payment of post-petition, pre-rejection obligations owed by Debtor Sears, Roebuck and Co. (the "*Debtor-Tenant*") that remain outstanding under that certain Ground Lease dated as of January 8, 2001 by and between Warm Spring Promenade, L.L.C. and the Debtor-Tenant (as may have been amended from time to time, the "*Lease*") for the premises

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

located at 1245 West Warm Spring Road, Henderson, Nevada, and known as Sears Store No. 1709 ("*Store 1709*"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C.§§ 1408 and 1409; and the Court having found that Landlord provided appropriate notice of the Motion and that no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Within five (5) business days of entry of this Order, the Debtors shall pay $98,354.15 to Landlord for post-petition, pre-rejection obligations that remain outstanding under the Lease.

3. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August __, 2019
       White Plains, New York

                                      _____
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE