Edward M. Fox
Steven Paradise
Owen R. Wolfe
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
Phone: 212-218-5500
Fax: 212-218-5526
Email: emfox@seyfarth.com

*Attorneys for Wilmington Trust, National Association,
as indenture trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL OBJECTION OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE TO CONFIRMATION OF DEBTORS'
JOINT MODIFIED SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); SHC Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); SHC Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

58501367v.1

Wilmington Trust, National Association, as indenture trustee ("Wilmington Trust"), by and through its undersigned counsel, hereby files this *Supplemental Objection of Wilmington Trust, National Association, as Indenture Trustee to Confirmation of Debtors' Joint Modified Second Amended Plan of Liquidation* (the "Supplemental Objection")[2] in opposition to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* [Dkt. No. 4476], and in support thereof states as follows:

1.  On August 2, 2019, the Debtors filed a Notice of Filing of Plan Supplement in Connection with Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors (the "Plan Supplement Notice") [Dkt. No. 4703], having annexed thereto as Exhibit B the Amended and Restated Liquidating Trust Agreement of SRZ Liquidating Trust (the "Liquidating Trust Agreement").

2.  Wilmington Trust objects to the Liquidating Trust Agreement (particularly Sections 1.3 and 4.2(c) thereof) to the extent it carries into effect provisions of the Plan to which Wilmington Trust has asserted an objection in its Objection.

3.  As with section 11.6 of the Plan, the last sentence of Section 4.2(c) of the Liquidating Trust Agreement is violative of public policy to the extent it precludes payment of the fees and expenses of Indenture Trustees to the extent they have taken certain positions in these cases in the exercise of their fiduciary duty, and should not be approved.

4.  "Court[s] [are] obliged to consider the public policy implications of [a] settlement, whether or not the issue is raised at all, much less by a non-party." In re Telcar Grp., Inc., 363 B.R. 345, 353 (Bankr. E.D.N.Y. 2007) (finding that "the public policy concerns voiced

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection of Wilmington Trust, National Association, as Indenture Trustee to Confirmation of Debtors' Joint Modified Second Amended Chapter 11 Plan of Liquidation (the "Objection") [Dkt. No. 4724], which is incorporated herein by reference in its entirety.

58501367v.1

in this [d]ecision outweigh th[e] espoused goal [of favoring settlements of complex litigation] and, accordingly," denying the proposed settlement without prejudice). Accordingly, courts have considered, and in many instances, disallowed the proposed compromises and/or treatment of a particular party as a matter of public policy. *See e.g.,* In re Telcar Grp., Inc., 363 B.R. 345, 357 (Bankr. E.D.N.Y. 2007) (finding that "[t]o the extent a proposed settlement includes provisions, the enforcement of which would be illegal or against public policy, it matters not whether the settlement is in the best interests of the estate."); In re Rosenberg, 495 B.R. 196, 201 (Bankr. E.D.N.Y. 2010) ("It is well established that "[s]ettlements are void against public policy . . . if they directly contravene a state or federal statute or policy."); In re Applegate, 498 B.R. 383, 388 (Bankr. S.D. Ga. 2013) (noting that it is of concern to courts when a settlement is connected to the dismissal of an objection to discharge given that a "plaintiff may have been induced to dismiss by an advantage given or promised by the debtor, . . . [in light of the foregoing, it is] against public policy to sell discharges.); In re Shankman, No. 08-36327, 2010 WL 743297, at *4 (Bankr. S.D. Tex. Mar. 2, 2010) (wherein the proposed settlement included terms concerning the trustee's release of the objection to discharge in exchange for monetary payment, the court found that [t]he purported benefits to the estate are illusory and the proposed compromise is against public policy."); Cosby v. Am. Media, Inc., 197 F. Supp. 3d 735 (E.D. Pa. 2016) (finding "to extent that [the confidential settlement agreement] purports to prevent its signatories from voluntarily disclosing information about crimes to law enforcement authorities, [the agreement] is unenforceable as against public policy."); *compare* In re Hilsen, 404 B.R. 58, 76 (Bankr. E.D.N.Y. 2009) (where a party objected to the terms of the settlement agreement on the grounds that the "contingent payment component of the settlement is coercive, unfair, and against public policy because it is intended to coerce her into giving up rights that the

58501367v.1

[s]ettlement [a]greement could not explicitly take away," the court found that various factors weighed in favor of approval of the settlement agreement).

5. As the court noted in Telcar in rejecting the settlement, while there is "nothing in the record to suggest that [the pertinent party] would testify anything but honestly, . . . by having such a pecuniary incentive within the settlement, the testimony of any witness in this position is necessarily open to scrutiny and challenge." For the same reasons, the Court here should prohibit any proposed payment provision which incentivizes indenture trustees to ignore, or act contrary to, their fiduciary duties. Consequently, any provision for the payment of the fees and disbursements of Indenture Trustees should be limited solely to the issue of reasonableness, with appropriate provision for determination by the Court if the Debtors and/or the Liquidating Trust and the Indenture Trustees do not agree on the issue of reasonableness.

6. In addition, Wilmington Trust objects to the proposed treatment of Disputed Claims under Section 4.2(e)(ii) of the Liquidating Trust Agreement as well as under Section 11.4(b) of the Plan.

7. On August 2, 2019 at 1:25 p.m. EDT, just hours before objections to the Plan were due, the Debtors filed a Notice of Filing of Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors With Clarifying Modifications, (the "Modification Notice") [Dkt. No. 4705] which had annexed to it blacklined changed pages to the Plan.

8. Section 11.4(a) of the Plan had provided, prior to the addition of the "clarifying modifications", that in the event a Disputed Claim was ultimately allowed in an amount in excess of the amount reserved for such Disputed Claim in the Disputed Claim Reserve, the Claim would be paid first out of the amount reserved for such claim in the Disputed

3

58501367v.1

Claim Reserve, and any additional amount would be paid on the next Distribution Date out of available General Assets before other Claims received further Distributions.

9. The Debtors' Clarifying Modification, however, provides in revised Section 11.4(b) of the Plan that :

> Each holder of a Disputed Claim that ultimately becomes an Allowed Claim will have recourse only to the Liquidating Trust Interests, Cash and its proportionate share of the proceeds from the investment of Cash, if any, held in the Disputed Claims Reserve for satisfaction of the distributions to which holders of Allowed Claims are entitled under the Plan, and not to the Liquidating Trust or any assets previously distributed on account of any Allowed Claim.

Modification Notice at 19 of 27, Plan § 11.4(b) at 66. This substantive change to the Plan could adversely affect the rights of holders of Disputed Claims to have the allowance or disallowance of their Claims adjudicated, including on appeal, and to have their Claims, as Allowed by Final Order, paid in full. There is no legitimate basis for this change in the Plan, which is incorporated into Section 4.2(e)(ii) of the Liquidating Trust Agreement. This limitation on payment of subsequently Allowed Claims should not be permitted in either document as violative of 11 U.S.C. § 1129(a)(1), (2), (3) and (9).

4

58501367v.1

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Wilmington Trust respectfully requests that this Court (i) find that the Plan may not be confirmed, (ii) find that the Liquidating Trust Agreement may not be approved, and (iii) grant Wilmington Trust such other relief as the Court deems just, proper and equitable.

Dated: New York, New York
       August 7, 2019

                              SEYFARTH SHAW LLP

                              By:   */s/ Edward M. Fox*
                                      Edward M. Fox
                                      Steven Paradise
                                      Owen Wolfe

                              *Attorneys for Wilmington Trust, National*
                              *Association, as indenture trustee*
                              620 Eighth Avenue
                              New York, NY 10018
                              Direct Dial:  (212) 218-4646
                              Direct Fax:  (917) 344-1339
                              Email:  emfox@seyfarth.com

58501367v.1