Hearing Date: September 25, 2019 at 10:00 a.m. (ET)
Objection Deadline: September 18, 2019 at 4:00 p.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>                      Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF DIRECTOR DEFENDANTS FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO PERMIT PAYMENT OF DEFENSE COSTS UNDER THE DIRECTORS & OFFICERS POLICIES**

1. On April 17, 2019, debtors Sears Holdings Corporation, Sears Roebuck and Co., Sears Development Co., Kmart Corporation, and Kmart of Washington, LLC (collectively, "Plaintiffs") filed a complaint against, among other parties, certain current and former directors Edward Scott Lampert, Cesar L. Alvarez, Bruce Berkowitz, Alesia Haas, Kunal Kamlani, Steven Mnuchin, and Thomas J. Tisch (collectively, the "Director Defendants"), which commenced *Sears Holdings Corp.* v. *Lampert*, Adv. Pro. No. 19-08250 (RDD) (the "Adversary Proceeding").

2. The Director Defendants hereby move for entry of an order, in the form attached hereto as Exhibit A, modifying the automatic stay imposed by Section 362(a) of the Bankruptcy Code, to the extent applicable, to permit payment by the insurance carriers of the Director Defendants' defense costs incurred in connection with the Adversary Proceeding under the terms of directors and officers insurance policies held by the Debtors in these proceedings.

3. Sears maintained directors and officers insurance at all times relevant to the claims asserted in the Adversary Proceeding. For each of the potential policy coverage years: 2015-2016 and 2017-2019, the Debtors maintained $150,000,000 in coverage for the benefit of their officers

and directors. For each relevant policy year, the Debtors have a primary coverage policy with XL Specialty Insurance Company ("XL") and excess policies with a variety of other insurance companies (the "Excess Insurers" collectively, the "D&O Policies"). There is a disagreement, not relevant here, between XL and the Excess Insurers as to the applicable policy year. But regardless of which policy year or years are applicable, the Director Defendants should be permitted to immediately obtain reimbursement for their fees and expenses in accordance with the policies' terms.

4. Although the Director Defendants respectfully submit that their contractual right to payment of defense costs under the director and officer insurance policies is not subject to the automatic stay under Section 362(a), the Director Defendants and the Debtors have agreed that the Director Defendants will move this Court for an order eliminating any uncertainty with respect to the ability to obtain reimbursement from the insurance carriers of currently outstanding and future defense costs as covered by the D&O Policies. Counsel for the Director Defendants understand that the Debtors do not object to the relief requested in this motion.

## JURISDICTION

5. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Section 362 of Title 11 of the Bankruptcy Code, together with Bankruptcy Rule 4001 and Local Rule 4001-1.

# BACKGROUND

### A. The Sears Bankruptcy Proceedings

6. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and its affiliated entities commenced these proceedings by filing petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

7. On February 8, 2019, this Court entered its Order *(I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption an Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507], pursuant to which the Debtors sold substantially all of their assets to Transform Holdco LLC.

8. On July 9, 2019, Sears filed a Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors [Docket No. 4476], and a Disclosure Statement for the Modified Second Amended Joint Plan of Sears Holdings Corporation and Its Affiliated Debtors [Docket No. 4478]. A plan confirmation hearing is currently scheduled for August 16, 2019.

### B. The Directors and Officers Insurance Policies

9. Prior to the Petition Date, the Debtors obtained directors and officers primary insurance policies with XL and additional excess policies with the Excess Carriers that were maintained at all times relevant to the claims asserted in the Adversary Proceeding. The primary directors and officers policies with XL for coverage years 2015-2016 and 2017-2019 are attached hereto as Exhibits B and C, respectively.

10. The D&O Policies provide an aggregate of up to $150,000,000 in each coverage year for losses incurred by the Debtors' officers and directors, including the Director Defendants. Subject to the terms and conditions of the D&O Policies, covered losses include all "reasonable legal fees and expenses incurred in the defense or investigation of any Claim." (*See*, *e.g.*, Ex. B, Cornerstone A-Side Management Liability Insurance Coverage Form (Definition of Defense Expenses).) Moreover, Sears agreed in the D&O Policies to waive the automatic stay and "not to oppose or object to any efforts by . . . any Insured Person . . . to obtain relief from any such stay." (*Id.* at § (P).)

### C. The Adversary Proceeding

11. On April 17, 2019, Plaintiffs commenced the Adversary Proceeding against certain parties, including the Director Defendants. The Complaint asserts various avoidance and breach of fiduciary duty claims that are based on alleged conduct that occurred prior to the Petition Date.

12. The Director Defendants have incurred, and continue to incur, fees and expenses in connection with defending the Adversary Proceeding. The Director Defendants seek confirmation from the Court, out of an abundance of caution, that they are free to seek reimbursement from the insurance carriers of currently outstanding and future fees and expenses as covered by the D&O Policies.

### RELIEF REQUESTED

13. By this Motion, the Director Defendants seek entry of an order modifying the automatic stay provided in Section 362(a) of the Bankruptcy Code, to the extent applicable, to permit the Director Defendants to pursue reimbursement of all Defense Expenses as provided for in the D&O Policies.

**BASIS FOR THE RELIEF REQUESTED**

14. Section 362(a) of Bankruptcy Code enjoins, as of the Petition Date, all persons from, among other things, acting to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Directors and officers insurance policies obtained by a debtor that provide coverage (to the debtor, its officers and directors, or a combination thereof) at the time of a bankruptcy petition are generally considered the property of the debtor estate. *In re MF Global Holdings Ltd.*, 515 B.R. 193, 202 (Bankr. S.D.N.Y. 2014). However, "when a policy covers the directors and officers exclusively, 'courts have generally held that the *proceeds* [of the directors and officers policy] are not property of the estate.'" *Id.* (emphasis added); *In re EMS Fin. Servs., LLC*, 2013 WL 64755, at *5 (Bankr. E.D.N.Y. Jan. 4, 2013) (when an insurance policy "covers only third parties, such as the debtor's officers and directors, 'courts will generally rule that the proceeds are not property of the estate'") (quoting *In re World Health Alternatives, Inc.*, 369 B.R. 805, 810 (Bankr. D. Del. 2007)).

15. Here, the insureds under the D&O Policies are exclusively the directors and officers, including the Director Defendants. (*See* Exs. B & C (Definition of Insured Person).) Nor are any of the Debtors indemnifying the Director Defendants out-of-pocket in connection with the Adversary Proceeding. Accordingly, proceeds from the D&O Policies are not property of the Debtors' estate and "the estate cannot be ascribed to hold a property interest" in such proceeds. *In re Adelphia Commc'ns Corp.*, 298 B.R. 49, 54 (S.D.N.Y. 2003).

16. Indeed, even where, unlike here, a debtor has a right of direct coverage or the right to receive reimbursement for indemnification payments under a directors and officers liability insurance policy, courts have held that the proceeds of such a policy are not property of the bankruptcy estate where, as here, the debtor has made no payments for which it would be entitled

to coverage, such payments are not contemplated, and the debtor has not committed itself to payments using its coverage. *See id.; In re Allied Digital Techs. Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) (holding that "when the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate").

17. Even in the unlikely event the Court were to conclude that the proceeds of the D&O Policies could be considered property of the estate, stay relief should still be granted. "It is not uncommon for courts to grant stay relief to allow payment of defense costs or settlements costs to directors and officers." *Allied Digital*, 306 B.R. at 513. *See, e.g.*, *In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 197 (Bankr. S.D.N.Y. 2012) (granting relief from stay for payment of defense costs and noting that "bankruptcy courts should be wary of impairing the contractual rights of directors and officers" to insurance coverage); *In re Enron Corp.*, 2002 WL 1008240, at *1 (Bankr. S.D.N.Y. May 17, 2002) (granting stay relief for payment of defense costs to officers and directors); *In re Adelphia Commc'ns Corp.*, 285 B.R. 580, 598 (Bankr. S.D.N.Y. 2002) (same), *vacated on other grounds*, 298 B.R. 49 (S.D.N.Y. 2003).

18. Here, good cause exists to modify the stay to permit the Director Defendants to exercise their contractual right to payment of fees and expenses under the terms of the D&O Policies. Certain of the Debtors have commenced litigation against the Director Defendants, and the Director Defendants should be permitted to access insurance that was maintained for their benefit in order to defend themselves in the Adversary Proceeding. As numerous courts have recognized, directors and officers such as the Director Defendants "have a right to use the policies' proceeds to cover their defense and settlement costs in litigation." *In re Global Crossing Secs. &*

*ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (citing cases). Stay relief should therefore be granted.

## NOTICE

19. Notice of this motion has been provided to the following parties, or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Debtors; (c) counsel to the creditors' committee; and (d) all other parties as required under the Court's *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 405]. In light of the nature of the relief requested, the Director Defendants respectfully submit that no other or further notice need be provided.

## CONCLUSION

20. For the foregoing reasons, the Director Defendants respectfully request that the Court enter an order, in the form submitted herewith, modifying the automatic stay, to the extent applicable, to permit the Director Defendants to seek and receive payment of their fees and expenses incurred in connection with the Adversary Proceeding in accordance with the terms of the D&O Policies.

Respectfully submitted,

Dated: August 8, 2019
New York, New York

/s/ Brian D. Glueckstein
Robert A. Sacks
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Steven T. Mnuchin*

   /s/ Philip D. Anker
Philip D. Anker
Noah A. Levine
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Counsel for Edward Scott Lampert*


   /s/ Andrew J. Frackman
Andrew J. Frackman
Daniel S. Shamah
Brad Elias
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036
Tel: (212) 326-2000

*Counsel for Defendant Thomas Tisch*


   /s/ Josh Greenblatt
Josh Greenblatt
Mark Holscher (pro hac vice application forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800

*Counsel for Defendant Alesia Haas*

/s/ Michael Shuster
Michael Shuster
Vincent Levy
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, New York 10017
Tel: (646) 837-5151

*Counsel for Defendant Kunal Kamlani*


/s/ Mark J. Hyland
Mark J. Hyland
Robert J. Gayda
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Tel: (212) 574-1200
Fax: (212) 480-8421

*Counsel for Defendant Bruce Berkowitz*


/s/ Gregory P. Joseph
Gregory P. Joseph
Courtney A. Solomon
JOSEPH HAGE AARONSON LLC
485 Lexington Avenue
Tel: (212) 407-1200
Fax: (212) 407-1299

*Counsel for Defendant Cesar L. Alvarez*