Hearing Date and Time: August 16, 2019 at 10:00 am

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDING CORPORATION**, *et al.*[1], | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**JOINDER OF MIEN CO. LTD., HELEN ANDREWS,
STRONG PROGRESS GARMENT FACTORY COMPANY, LTD,
SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY,
A&A HK INDUSTRIAL, MINGLE FASHION TO LIMITED OBJECTION
AND RESERVATION OF RIGHTS OF ESL INVESTMENTS, INC.
AND TRANSFORM HOLDCO LLC TO DEBTORS' PLAN SUPPLEMENT**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion (the "Objecting Parties"), by and through their undersigned counsel, The Sarachek Law Firm, hereby join the *Limited Objection and Reservation of Rights of ESL Investments, Inc. and Transform Holdco LLC to Debtors' Plan Supplements* [ECF No. 4786] (the "Objection") filed by ESL Investments, Inc. ("ESL") and Transform Holdco LLC ("Transform") in response to the Debtors' *Notice of Filing of Plan Supplement in Connection with Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [ECF No. 4703] (the "Supplement"). In support of their Objection, the Objecting parties state as follows:

## STATEMENT

1.      As discussed in the Objection filed by ESL and Transform, the Supplement changes how disputed claims are paid in that the amount paid for a disputed claim that is allowed is limited to the amount set aside in a fund for such claims (the "Fund") *See the Objection,* p.3. Should there not be enough in the Fund, then holder of allowed, disputed claims are left holding the bag.

2.      The Objecting Parties hold significant administrative claims. It is unknown at this time whether any of those amounts are subject to dispute. Should one of the Objecting Parties have a claim disputed, and ultimately have the Court allow the claim, recovery should not be limited to a particular fund. This is especially true in a case such as this where the Debtors have provided no documentation to show what claims are going to be disputed. Moreover, as has already been discussed in the Objecting Parties' objection to the Plan [ECF No. 4726], there has been no showing as to how the Debtors plan to pay allowed administrative claims, let alone those that were initially disputed.

2

3.   For the foregoing reasons, the Objecting Parties join the ESL and Transform Objection and reserve all rights to which the Objecting Parties may be entitled.

Date:   New York, NY
        August 9, 2019

    Respectfully submitted,

    THE SARACHEK LAW FIRM

    /s/ Joseph E. Sarachek
    Joseph E. Sarachek
    101 Park Avenue – 27th Floor New York, NY. 10178
    Telephone: (646) 517-5420
    Facsimile: (646) 861-4950
    joe@sarucheklawfirm.com