WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11**
                                                               :
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :    **Case No. 18-23538 (RDD)**
                                                               :
         Debtors.[1]                                           :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**TO ALLOW CERTAIN CLAIMS FOR VOTING PURPOSES ONLY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among (i) Sears Holdings Management Corporation ("**SHMC**"), and each of its affiliates and subsidiaries that are debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"), and (ii) Community Unit School District 300 (the "**School District**"), by their respective undersigned counsel. The Debtors and the School District collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors each commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). No trustee or examiner has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

WHEREAS, On February 22, 2019, the Bankruptcy Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 2676) (the "**Bar Date Order**"), which, among other things, established April 10, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for certain persons and entities to file proofs of claim in the chapter 11 cases (the "**General Bar Date**"), and established September 3, 2019 at 5:00 p.m. (prevailing Eastern

2

Time) as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the chapter 11 cases (the "**Governmental Bar Date**");

WHEREAS, on June 28, 2019, the Bankruptcy Court entered the *Order (I) Approving Disclosure Statement, (II) Establishing Notice and Objection Procedures for Confirmation of the Plan, (III) Approving Solicitation Packages and Procedures for Distribution Thereof, (IV) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan, and (V) Granting Related Relief* (ECF No. 4392) (the "**Disclosure Statement Order**"), which, among other things, approved the Debtors' disclosure statement and treatment of unliquidated, contingent or disputed claims for notice, voting and distribution purposes. Pursuant to the Disclosure Statement Order, any timely filed claim that is contingent, unliquidated, or disputed will be temporarily allowed in the amount of $1.00 for the purposes of voting on the Debtors' *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors*, dated July 9, 2019 (ECF No. 4476) (as may be amended, modified or supplement, the "**Plan**");

WHEREAS, the Disclosure Statement Order established May 9, 2019 as the record date for purposes of determining which eligible holders of claims and interests are entitled to vote on the Plan (the "**Voting Record Date**");

WHEREAS, on May 31, 2019, the School District filed Claim No. 19611 in the amount of $43,080,878.38 against SHMC (the "**School District Claim**");

WHEREAS, the School District asserts that the secured amount of the School District Claim is $43,080,878.38;

WHEREAS, the School District Claim is based on prepetition litigation claims that have been commenced by the School District against Sears Holdings Corporation and

3

certain other parties in interest, and which are pending in the Circuit Court of Court of Cook County in the State of Illinois tiled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Litigation**");

WHEREAS, the Parties have reached an agreement to temporarily allow the School District Claim solely for the purpose of voting to accept or reject the Plan, and not for the purpose of the allowance of or distribution on account of the School District Claim, on the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the School District Claim shall be deemed allowed for voting purposes only in the amount of $1.00 and shall constitute a vote in SHMC Class 2 – Secured Claims to vote on the Plan in such amount. For the avoidance of doubt, the temporary allowance of the School District Claim is for Plan **voting purposes only** and the Parties hereto reserve all rights relating to the School District Claim for all purposes other than voting in connection with the Plan, including, without limitation, with respect to (a) the priority, amount and liability of such claims for purposes of distribution and (b) the temporary allowance of the School District Claim for voting purposes in connection with any other plan propounded in the Chapter 11 Cases.

3. The Debtors, the Claims Agent, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Stipulation.

4. Nothing in this Stipulation, nor any discussions or agreements related thereto, may be used as an admission or proof of liability or claim amount, including, without limitation, with respect to the School District Claim, and this Stipulation is not admissible for any reason in connection with the School District Claim, the Litigation, or any other claims or proceedings whether directly or indirectly associated with, or otherwise conditioned upon, the underlying subject matter of the Litigation.

5. Except as otherwise set forth herein, the rights of the Debtors (or any successor thereto) to object to the School District Claim on any grounds are hereby preserved.

6. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8. This Stipulation may be executed in multiple counterparts, each of which, when so executed, shall be deemed an original, but all of which together shall constitute one and the same instrument. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

9. This Stipulation shall become effective and binding as of entry of this Stipulation on the docket as "so ordered" by the Court. In the event that this Stipulation is not approved by the Court, it shall be null and void and have no force or effect and the Parties agree

that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

10. This Court shall retain jurisdiction with respect to the interpretation and implementation of this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the date first below written.

Dated: August 1, 2019

By: */s/* Sunny Singh
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: August 1, 2019

By: */s/* Allen G. Kadish
    Allen G. Kadish
    Lance A. Schildkraut
    ARCHER & GREINER, P.C.
    630 Third Avenue
    New York, New York 10017
    Telephone: (212) 682-4940

*Attorneys for the School District*

Dated: August 12, 2019
    White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE