**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SEARS HOLDINGS CORPORATION, et. al.,

Debtors.[1]

Chapter 11

Case No. 18-BK-23538

**XL SPECIALTY INSURANCE COMPANY'S RESPONSE TO THE
MOTION BY QBE INSURANCE COPORATION FOR RELIEF FROM
AUTOMATIC STAY FOR THE PURPOSES OF FILING DECLARATORY
LITIGATION IN THE UNITED STATES DISTRICT COURT AGAINST
FORMER DIRECTORS OF SEARS CANADA, INC.**

On May 16, 2019, QBE Insurance Corporation ("QBE") moved (Docket No. 3910),

pursuant to 11 U.S.C. §362(d) and Fed.R.Bankr.P. 4001, for a finding that the that the automatic

stay does not prohibit the filing of a Declaratory Judgment action in the United States District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Court for the Northern District of Illinois against certain former directors of Sears Canada, Inc., under Excess Liability Policy No. QPL0045025 (the "Excess Liability Policy") or, alternatively, granting relief from the automatic stay to allow the filing of a Declaratory Judgment action in the United States District Court for the Northern District of Illinois against certain former directors of Sears Canada, Inc. under the Excess liability Policy.

XL Insurance Company ("XL"), by and through its undersigned counsel, hereby makes this response to QBE's Motion and, as set forth below, requests that the Court find that the automatic stay does not prohibit XL from filing any cross- and/or counter-claims in the above-referenced Declaratory Judgment action, to the extent that XL may be a party to the same or, alternatively, granting XL relief to intervene, file cross- and/or counter claims relative to the Declaratory Judgment action.

1.      The rationale for granting QBE's Motion equally supports allowing XL to intervene if necessary and to, file any permissible cross- and/or counter-claims relative to the proceedings and the policies of insurance at-issue.

2.      By way of its aforementioned Motion, QBE seeks leave of this Court to pursue a Declaratory Judgment action to establish its rights and duties under a policy of insurance, No. QPL0045025, issued for the policy period of May 15, 2015 to May 15, 2016 (the "QBE Policy").

3.      That policy provides coverage for claims made against the directors and officers of Sears Holdings Corporation ("Sears") and its subsidiaries during the policy period over and above the primary policy, Cornerstone A-Side Management Liability Policy No. ELU139030-15, issued by XL (the "XL Policy").

4.      No coverage for Sears or its subsidiaries exists under either policy, only for certain insured persons in their capacity as directors and officers of the corporation.

2

5.      As such, any available policy proceeds are not Sears' property, nor are the proceeds part of the bankruptcy estate.

6.      Section IV. (P) of the XL Policy provides:

In the event that a liquidation or reorganization proceeding is commenced by or against the Company pursuant to the United States Bankruptcy Code, as amended, or any similar state or local law, the Insured Persons and the Company hereby (1) waive and release any automatic stay or injunction which may apply in such proceedings in connection with this Policy or its proceeds under such Bankruptcy Code or law; and (2) agree not to oppose or object to any efforts by the Insurer or any Insured Person or the Company to obtain relief from any such stay or injunction.

7.      As noted in its Motion, the QBE policy substantially follows the terms, conditions, and limitations of the XL Policy.

8.      That action may seek a declaration of the rights of XL's insureds pursuant to the terms of the XL Policy, as they apply to QBE, or otherwise concern XL's interests.  Additionally, the declaratory judgment action may contain allegations or assertions regarding the terms of the XL Policy or other interests relevant to XL.

9.      In order to protect its rights, XL requests leave of Court to intervene if necessary and to file any permissible cross- and/or counter-claims in the Declaratory Judgment action. Accordingly, XL anticipates that it may be a defendant or intervening party in the prospective Declaratory Judgment action.

10.     Allowing XL to intervene and/or assert any cross- and/or counter-claims in the Declaratory Judgment action will ensure the rights and duties of the parties are established concurrently and allow for more efficient discovery processes than if claims should be brought

piecemeal.  To the extent that XL may have claims, they will revolve around the same facts and policy provisions, and will be ripe for disposition at the same time.

11.    XL further notes certain former directors of Sears Canada, Inc. filed a response (Docket No. 4221) to QBE's motion agreeing the proceeds of the Excess Policy are not property of the Debtors' estates under section 541 of the Bankruptcy Code, and to the extent this Court determines otherwise, the former directors requested that any order entered by the Court lifting the stay provide that the stay is lifted with respect to any actions taken by either the insurer or insureds concerning the QBE policy.

12.    XL further adopts the position of the former directors and submits any order should also apply to the XL Policy and any claims, cross-and/or counter-claims by either the insurers or insureds that may be brought in the Declaratory Judgment action.[2]

For the foregoing reasons, XL respectfully requests that this Court grant the Motion filed by QBE pursuant to 11 U.S.C. §362(d) and enter an order regarding the same, which also permits XL to intervene if necessary and to file any permissible cross- and/or counter- claims in the Declaratory Judgment action.

SKARZYNSKI MARICK LLP

By:     s/ Alexis J. Rogoski
            Alexi J. Rogoski

One Battery Park Plaza, Fl. 32
New York, New York 10004
Telephone: (212) 820-7700
Facsimile:  (212) 820-7740
Email:  arogoski@skarzynski.com
*Attorneys for XL Insurance Company*

4833-7801-6416,

---

[2] A copy of QBE's proposed Order modified to afford the relief requested by the former directors and XL is attached as Exhibit A