**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et. al., | Case No. 18-BK-23538 (RDD) |
| | Jointly Administered |
| Debtors.[1] | |

**[PROPOSED] ORDER (1) FINDING THE AUTOMATIC STAY INAPPLICABLE TO THE EXCESS SIDE A D&O INSURANCE POLICY ISSUED BY QBE INSURANCE COMPANY OR (2) ALTERNATIVELY, LIFTING THE STAY UNDER 11 U.S.C. §362(d) TO ALLOW QBE INSURANCE CORPORATION TO PROCEED WITH THE FILING OF LITIGATION IN THE UNITED STATES DISTRICT COURT**

Upon the Motion By QBE Insurance Corporation For An Order (I) Finding the Automatic Stay Inapplicable, or (2) alternatively, Granting Relief from the Automatic Stay under 11 U.S.C. §362(d) to allow QBE Insurance Corporation to Proceed with the filing of a declaratory judgment

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

action in the United States District Court for the Northern District of Illinois, dated 5.16.19 (the "Motion"), and it appearing that due and proper notice of the Motion has been given, and that no other or further notice need be given; and upon due deliberation and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the proceeds under Side A Excess Liability Policy No. QPL0045025 (the "Excess Policy") do not constitute property under the estate under 11 U.S.C. § 541; and it is further

ORDERED that the automatic stay is inapplicable to QBE Insurance Corporation's right to proceed with the filing of a declaratory judgment action in the United States District Court for the Northern District of Illinois and to any claims, cross-and/or counter-claims by XL or the insureds that may be filed in the declaratory judgment action;·and it is further

ORDERED that the automatic stay, to the extent applicable, is lifted under 11 U.S.C. §362(d) to allow QBE Insurance Corporation's to proceed with the filing of a declaratory judgment action in the United States District Court for the Northern District of Illinois and to any claims, cross-and/or counter-claims by XL or the insureds that may be filed in the declaratory judgment action; and it is further

ORDERED that nothing in this Order shall constitute (I) a waiver, modification or limitation of QBE Insurance Corporation's reservation of all of its rights, remedies and defenses under the Side A Policy and otherwise, (2) a waiver, modification or limitation of any of the terms or conditions of any policy or (3) a finding that such sums are due and owing, or in what amount, under the Side A Policy; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:

By: _____

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY
JUDGE

4814-9412-6240,