PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

**SUMMARY SHEET TO THE SECOND INTERIM FEE**
**APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE**
**PERIOD FROM MARCH 1, 2019 THROUGH AND INCLUDING JUNE 30, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | November 16, 2018, *nunc pro tunc* to October 15, 2018 |
| Prior Applications: | *First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from October 15, 2018 through and Including February 28, 2019* [Docket No. 3207] |
| Period for which compensation and reimbursement is sought: | March 1, 2019 through June 30, 2019 (the "Fee Period") |

| Summary of Fees and Expenses Sought for the Fee Period | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Fee Period: | $4,973,799.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $1,160,821.70 |
| Total Fees and Expense Reimbursement Requested for the Fee Period: | $6,134,620.95 |

| Total Fees and Expenses Allowed Pursuant to Prior Applications | |
|---|---|
| Total Allowed Fees Paid to Date: | $14,377,232.25 |
| Total Allowed Expenses Paid to Date: | $288,917.88 |

| | |
|---|---|
| Total Allowed Fees and Expenses Paid to Date: | $14,666,150.13 |

| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements** | |
|---|---|
| Fees Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed (80% of fees): | $2,870,827.40[2] |
| Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed (100% of expenses): | $1,064,727.97[3] |
| Total Fees and Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $3,935,555.37[4] |
| Total Fees and Expenses Sought for this Fee Period Not Yet Paid: | $2,199,065.58[5] |

| **Summary of Rates and Other Related Information for this Fee Period** | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $933.92 |

---

[2] The objection period for the Ninth Monthly Fee Statement expired on August 14, 2019. As such, Paul Weiss anticipates receiving $1,108,212.00, which represents 80% of fees incurred during the period of June 1, 2019 through June 30, 2019 ("Ninth Monthly Fee Period"), before the Court enters an order on this Second Interim Fee Application. Upon receipt, fees sought for this Fee Period already paid pursuant to monthly fee statements but not yet allowed will equal $3,979,039.40. Paul, Weiss reserves all rights with respect to the foregoing.

[3] The objection period for the Ninth Monthly Fee Statement expired on August 14, 2019. As such, Paul Weiss anticipates receiving $96,093.73, which represents 100% of expenses incurred during the Ninth Monthly Fee Period, before the Court enters an order on this Second Interim Fee Application. Upon receipt, expenses sought for this Fee Period already paid pursuant to monthly fee statements but not yet allowed will equal $1,160,821.70. Paul, Weiss reserves all rights with respect to the foregoing.

[4] The objection period for the Ninth Monthly Fee Statement expired on August 14, 2019. As such Paul Weiss anticipates receiving $1,204,305.73, in the aggregate, which represents 80% of fees and 100% of expenses incurred during the Ninth Monthly Fee Period, before the Court enters an order on this Second Interim Fee Application. Upon receipt, the total fees and expenses sought for this Fee Period already paid pursuant to monthly fee statements but not yet allowed will be $5,139,861.10  Paul, Weiss reserves all rights with respect to the foregoing.

[5] This amount represents $994,759.85, representing holdback fees equal to 20% of fees incurred during the Fee Period (inclusive of anticipated holdback fees incurred during the Ninth Monthly Fee Period), plus $1,204,305.73, representing 80% of fees and 100% of expenses incurred during the Ninth Monthly Fee Period. As noted *supra* note 4, Paul, Weiss anticipates receiving $1,204,305.73, in the aggregate, before the Court enters an order on this Second Interim Fee Application. Upon receipt, the total fees and expenses sought for this Fee Period not yet paid will equal $994,759.85 (inclusive of anticipated holdback fees incurred during the Ninth Monthly Fee Period). Paul, Weiss reserves all rights with respect to the foregoing.

| | |
|---|---|
| Blended Rate in this Application for All Timekeepers: | $732.59 |
| Number of Timekeepers Included in this Application: | 53 |
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | 0 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees are within the budgeted range. |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Fee Period | 6 |
| Increase in Rates Since Date of Retention: | None |

This is an:  ____ monthly ___X__ interim ____final application

**Summary of Prior Monthly Fee Statements**

| Date Filed & ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested (20%) |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (80%) | Expenses (100%) | |
| 04/24/2019 ECF No. 3343 | 3/1/2019 – 3/31/2019 | $988,991.75 | $353,233.29 | $791,193.40 | $353,233.29 | $791,193.40 | $353,233.29 | $197,798.35 |
| 05/31/2019 ECF No. 4098 | 4/1/2019 – 4/30/2019 | $1,179,761.50 | $674,398.71 | $943,809.20 | $674,398.71 | $943,809.20 | $674,398.71 | $235,952.30 |
| 06/27/2019 ECF No. 4378 | 5/1/2019 – 5/31/2019 | $1,419,781.00 | $37,095.97 | $1,135,824.80 | $37,095.97 | $1,135,824.80 | $37,095.97 | $283,956.20 |
| 07/30/2019 ECF No. 4649 | 6/1/2019 – 6/30/2019 | $1,385,265.00 | $96,093.73 | $1,108,212.00 | $96,093.73 | $0.00 | $0.00 | $277,053.00 |
| **Total for Second Interim Fee Application** | **3/1/2019- 6/30/2019** | **$4,973,799.25** | **$1,160,821.70** | **$3,979,039.40** | **$1,160,821.70** | **$2,870,827.40** | **$1,064,727.97** | **$994,759.85** |

Summary of Objections to Monthly Fee Statements: <u>None</u>

Compensation Sought in this Application Not Yet Paid: $<u>2,199,065.58</u>[1]

---

[1] This amount represents $994,759.85, representing holdback fees equal to 20% of fees incurred during the Fee Period (inclusive of anticipated holdback fees incurred during the Ninth Monthly Fee Period), plus $1,204,305.73, representing 80% of fees and 100% of expenses incurred during the Ninth Monthly Fee Period. As noted *supra* note 4, Paul, Weiss anticipates receiving $1,204,305.73, in the aggregate, before the Court enters an order on this Second Interim Fee Application. Upon receipt, the total fees and expenses sought for this Fee Period not yet paid will equal $994,759.85 (inclusive of anticipated holdback fees incurred during the Ninth Monthly Fee Period). Paul, Weiss reserves all rights with respect to the foregoing.

**Compensation By Professional**
**March 1, 2019 through June 30, 2019**

| Name of Professional | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Kelley Cornish | Partner | Bankruptcy | 1984 | 1,560 | 160.0 | 247,884.00 |
| Paul Basta | Partner | Bankruptcy | 1993 | 1,560 | 159.2 | 248,352.00 |
| Lewis Clayton | Partner | Litigation | 1979 | 1,560 | 130.5 | 203,580.00 |
| Richard Rosen | Partner | Litigation | 1980 | 1,560 | 1.5 | 2,340.00 |
| Susanna Buergel | Partner | Litigation | 2002 | 1,485 | 93.9 | 139,441.50 |
| Robert Britton | Partner | Bankruptcy | 2008 | 1,165 | 165.0 | 190,419.25 |
| Jonathan Hurwitz | Counsel | Litigation | 1987 | 1,160 | 266.0 | 308,560.00 |
| Stephen Koo | Counsel | Corporate | 1988 | 1,160 | 3.5 | 4,060.00 |
| Karen King | Counsel | Litigation | 2001 | 1,160 | 47.5 | 55,100.00 |
| Shane Avidan | Associate | Litigation | 2013 | 1,005 | 286.2 | 287,631.00 |
| David Fish | Associate | Litigation | 2017 | 835 | 61.3 | 51,185.50 |
| Daniel Negless | Associate | Litigation | 2017 | 835 | 75.1 | 62,708.50 |
| Jonathan Silberstein-Loeb | Associate | Litigation | 2015 | 940 | 119.0 | 111,860.00 |
| Paul Gross | Associate | Litigation | 2018 | 735 | 127.5 | 93,712.50 |
| Emily Hoyle | Associate | Litigation | 2018 | 735 | 267.6 | 196,686.00 |
| David Giller | Associate | Litigation | 2015 | 940 | 487.6 | 455,524.00 |
| Rachel Corrigan | Associate | Litigation | 2019 | 640 | 353.8 | 226,432.00 |
| Akila Sarathy | Associate | Litigation | Not admitted | 640 | 74.9 | 47,936.00 |
| Caitlin Toto | Associate | Bankruptcy | 2019 | 640 | 282.2 | 179,040.00 |
| Spencer Young | Associate | Litigation | Not admitted | 640 | 211.8 | 135,552.00 |
| Margaret Sun | Associate | Litigation | Not admitted | 640 | 314.4 | 201,216.00 |
| Teresa Lii | Associate | Bankruptcy | 2014 | 920 | 244.7 | 224,066.00 |
| **Attorney Total:** | | | | | **3933.2** | **3,673,286.25** |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Madhuri Pavamani | 490 | 200.8 | 98,392.00 |
| Francine Murray | 490 | 362.5 | 177,625.00 |
| Claudia Novod | 480 | 35.0 | 16,800.00 |
| Binsy Cyriac | 480 | 364.2 | 174,816.00 |
| Heather Spitalnik | 480 | 7.3 | 3,504.00 |
| Adrian Burke | 480 | 51.3 | 24,624.00 |
| Brent Beck | 480 | 69.4 | 33,312.00 |
| Lisa Johnson | 480 | 313.5 | 150,480.00 |
| Vincent Todarello | 480 | 53.1 | 25,488.00 |
| Mark Shapiro | 480 | 163.6 | 78,528.00 |
| James Crutchfield | 480 | 33.6 | 16,128.00 |
| Scott Golodner | 480 | 180.2 | 86,496.00 |
| Akiva Reich | 480 | 144.3 | 69,264.00 |
| Michael Bernfeld | 480 | 45.5 | 21,840.00 |
| Sergio Herrera | 480 | 86.7 | 41,616.00 |
| Li Zhuang | 480 | 60.4 | 28,992.00 |
| Ye Qing | 480 | 40.2 | 19,296.00 |
| Arianny Mejia | 480 | 57.6 | 27,648.00 |
| Rosanna Rossi | 480 | 62.1 | 29,808.00 |
| Joseph Monzione | 365 | 89.8 | 32,777.00 |
| Brooke Filler | 365 | 65.1 | 23,761.50 |
| Zakiya Williams Wells | 315 | 11.4 | 3,591.00 |
| Jennifer Kellner | 315 | 17.1 | 5,386.50 |
| Rubin Danberg Biggs | 315 | 35.6 | 11,214.00 |
| Sarah Griffin | 315 | 111.9 | 35,248.50 |
| Olivia Irby | 315 | 29.5 | 9,292.50 |
| Eric Gansman | 315 | 18.6 | 5,859.00 |
| Elisabeth Stuveras | 345 | 14.5 | 5,002.50 |
| Alan Wilbur | 345 | 99.8 | 34,431.00 |
| David Dames | 295 | 17.0 | 5,015.00 |
| Mary Olsen | 295 | 14.5 | 4,277.50 |
| Total Staff Attorneys, Paralegals and Other Non-Legal Staff: | | 2856.1 | 1,300,513.00 |

2

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners and Counsel | 1,362.80 | 1,027.1 | 1,399,736.75 |
| Associates | 782.34 | 2,906.1 | 2,273,549.50 |
| Staff Attorneys/Paralegals/Non-Legal Staff | 455.35 | 2,856.1 | 1,300,513.00 |
| Blended Attorney Rate | **933.92** | | |
| Blended Rate All Timekeepers | **732.59** | | |
| **Total Fees Incurred** | | **6,789.3** | **4,973,799.25** |

**Compensation by Project Category**
**March 1, 2019 through June 30, 2019**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (701) | 289.3 | 108,644.00 |
| Conflict Matters: General (702) | 19.7 | 15,213.00 |
| Conflict Matters: Investigations & Discovery (703) | 2,732.1 | 1,416,332.50 |
| Fee/Employment Applications (Paul, Weiss) (705) | 179.2 | 112,011.50 |
| Fee/Employment Applications (Other) (706) | 35.3 | 26,073.50 |
| Fee/Employment Objections (707) | 2.8 | 2,191.00 |
| Plan and Disclosure Statement (709) | 577.9 | 650,869.50 |
| Litigation (710) | 2,871.4 | 2,559,460.50 |
| Travel Time (712) | 18.5 | 8,967.75 |
| Court Hearings (713) | 42.6 | 48,757.50 |
| Sale Transactions (714) | 15.9 | 20,752.50 |
| Corporate Governance (716) | 4.6 | 4,526.00 |
| **TOTAL** | **6,789.3** | **4,973,799.25** |

4

**Expense Summary**
**March 1, 2019 through June 30, 2019**

| Expenses Category | Total Expenses ($) |
|---|---:|
| Electronic Discovery | 327,974.68 |
| Professional Services | 712,684.33 |
| Court Costs & Lit Expenses | 30,540.45 |
| Client Organizational Expenses | 144.00 |
| Information Retrieval Services | 45,464.94 |
| Out-of-Town Travel | 6,560.42 |
| Miscellaneous | 5,588.26 |
| Word Processing | 6,663.75 |
| Overtime Expenses | 5,430.39 |
| Duplicating Expenses | 7,079.78 |
| Communications | 171.89 |
| Mail and Messengers | 1,209.93 |
| Local Transportation Expenses | 9,314.00 |
| Business Expenses | 1,994.88 |
| **TOTAL** | **1,160,821.70** |

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel for the Debtors, Acting at the
Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

**SECOND INTERIM FEE APPLICATION OF
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM MARCH 1, 2019 THROUGH**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**AND INCLUDING JUNE 30, 2019**

TO THE HONORABLE ROBERT DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), acting at the direction of the Restructuring Sub-Committee, hereby submits its second interim fee application (the "Fee Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the Southern District of New York (the "Local Rules"), for allowance of compensation for professional services provided in the amount of $4,973,799.25 and reimbursement of actual and necessary expenses in the amount of $1,160,821.70 that Paul, Weiss incurred for the period from March 1, 2019 through June 30, 2019 (the "Fee Period"). In support of this Fee Application, Paul, Weiss submits the declaration of Paul M. Basta, a partner of Paul, Weiss regarding Paul, Weiss's compliance with the Fee Guidelines (defined below) (the "Basta Declaration"), which is attached hereto as Exhibit A. In further support of this Fee Application, Paul, Weiss respectfully states as follows:

**Preliminary Statement**

1.      During the Fee Period, and since the commencement of these chapter 11 cases (the "Chapter 11 Cases"), Paul, Weiss professionals were retained to render professional services (i) acting at the direction of the restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee (the "Restructuring Committee") of the Company's board of directors (the "Board") with respect to certain matters controlled by the Restructuring Sub-Committee (the "RSC Conflict Matters"), including the Debtors' investigation into prepetition related party transactions, and (ii) acting at the direction of the Restructuring

2

Committee or the Restructuring Sub-Committee, as the case may be, in connection with all matters in which Weil, Gotshal, & Manges LLP ("Weil") could not represent the Debtors due to an actual or perceived conflict of interest (the "Other Conflict Matters" and, together with the RSC Conflict Matters, the "Conflict Matters"). This representation has enabled the Debtors to make significant progress in their restructuring efforts.  During the Second Interim Fee Period, with the advice and assistance of Paul, Weiss, the Restructuring Sub-Committee continued its investigation into the legal and factual bases of prepetition related party transactions, analyzing hundreds of thousands of documents and identifying substantial claims against ESL Investments, Inc. and others.  On April 17, 2019, Paul, Weiss filed a complaint in relation to those claims [Docket No. 3278] (the "Complaint") and, over the next several months, prosecuted the Complaint, including by drafting and serving document requests on all defendants, drafting and serving initial disclosures, hosting a Rule 26(f) conference on May 30, 2019, and drafting an amended complaint in consultation with other parties in the Chapter 11 Cases.  With the advice and assistance of Paul, Weiss, the Restructuring Sub-Committee also participated in negotiations regarding the terms of the Debtors' *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Docket No. 4476] (the "Plan") and related *Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Docket No. 4478] (the "Disclosure Statement"). Paul, Weiss drafted and filed the *Response of the Restructuring Subcommittee to the Objections of ESL Investments, Inc. and the Official Committee of Unsecured Creditors* [Docket No. 4039] in support of the Disclosure Statement, and appeared at the May 29, 2019 hearing to approve the Disclosure Statement on behalf of the Restructuring Sub-Committee.  Paul, Weiss respectfully submits that the compensation and expense reimbursement sought herein for the necessary and

3

beneficial professional services Paul, Weiss provided to the Debtors and the Restructuring Sub-Committee during the Fee Period is reasonable and appropriate, commensurate with the scale, nature, and complexity of these Chapter 11 Cases, and should be allowed.

2.      On November 16, 2018 this Court entered the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order").   The Interim Compensation Order provides that when seeking compensation for services rendered, professionals must submit monthly fee statements to certain notice parties.  Each person receiving a statement has fifteen (15) days after its receipt to review and object to such monthly fee statements.  If no objection is made, the Debtors are authorized to pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "Holdback") and 100% of the charges and disbursements requested. Paul, Weiss has submitted monthly fee statements for each of the months covered by the Fee Period. The aggregate Holdback amount for the Fee Period is $994,759.85 (the "Second Interim Period Holdback").   Paul, Weiss is currently seeking allowance and payment of the Second Interim Period Holdback.

3.      This Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

4

4.      The Debtors have been given the opportunity to review this Fee Application and have approved the compensation and reimbursement of expenses requested herein.

**Jurisdiction and Basis for Relief**

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**A.      The Chapter 11 Filings and General Case Background**

6.      On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "Creditors' Committee").  No trustee or examiner has been appointed in these Chapter 11 Cases.

7.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of the Local Rules for Southern District of New York*, sworn to on the Petition Date [Docket No. 3] (the "Riecker Declaration")[2].

8.      The Debtors have advised Paul, Weiss that, to date, all quarterly fees due to the United States Trustee for the Southern District of New York (the "U.S. Trustee") have been paid.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Riecker Declaration.

**B.** **The Debtors' Retention of Paul, Weiss**

9. On November 1, 2018 the Debtors filed an application to employ Paul, Weiss as their attorneys acting at the direction of the Restructuring Sub-Committee [Docket No. 417] (the "Retention Application"). On November 16, 2018, the Court entered an order approving the Retention Application [Docket No. 774] (the "Retention Order").

10. The Retention Order authorized the Debtors to compensate and reimburse Paul, Weiss, *nunc pro tunc* to the Petition Date, as their attorneys acting at the direction of the Restructuring Sub-Committee in these Chapter 11 Cases. The Retention Order further authorized Paul, Weiss to provide services as described in the Retention Application, including:

(a) investigating and advising the Restructuring Sub-Committee regarding whether a matter constitutes a RSC Conflict Matter;

(b) conducting investigations and analyses sufficient to advise the Restructuring Sub-Committee regarding RSC Conflict Matters;

(c) implementing the directions of the Restructuring Sub-Committee related to RSC Conflict Matters;

(d) implementing the directions of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, with respect to Other Conflict Matters; and

(e) rendering services for the Restructuring Sub-Committee and Restructuring Committee including, but not limited to, fact investigation, legal research, briefing, argument, discovery, negotiation, litigation, participation in meetings of the Board and applicable committees thereof, appearance and participation in hearings, and communications and meetings with parties in interest, in each case as it relates to RSC Conflict Matters or Other Conflict Matters.

**C.** **Disinterestedness of Paul, Weiss**

11. To the best of the Debtors' knowledge and as disclosed in the *Declaration of Paul M. Basta in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors*

6

Nunc Pro Tunc *to the Petition Date*, attached as <u>Exhibit B</u> to the Retention Application (the "<u>Initial Declaration</u>"), as well as the *First Supplemental Declaration of Paul M. Basta in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 516] (the "<u>First Supplemental Declaration</u>"), the *Second Supplemental Declaration of Paul M. Basta in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 1400] (the "<u>Second Supplemental Declaration</u>"), and the *Third Supplemental Declaration of Paul M. Basta in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 2738]    (together with the First Supplemental Declaration and the Second Supplemental Declaration, the "<u>Basta Declarations</u>")  (a) Paul, Weiss is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Paul, Weiss has no connection to the Debtors, their creditors, or other parties in interest, except as may have been disclosed in the Basta Declarations.

12.    Paul, Weiss may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases.  In the Basta Declarations, Paul, Weiss disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  In light of the extensive number of the Debtors' creditors and other parties in interest, Paul, Weiss is unable to conclusively identify all potential relationships.  To the extent that Paul, Weiss becomes aware of

7

any additional relationships that may be relevant to Paul, Weiss's representation of the Debtors, Paul, Weiss will promptly file a supplemental declaration.

13.    Paul, Weiss performed the services for which it is seeking compensation at the direction of the Restructuring Sub-Committee and on behalf of the Debtors and their estates, and not on behalf of any other committee, creditor, or other entity.

14.    As previously disclosed in the Initial Declaration, Paul, Weiss received an advanced payment retainer in connection with its engagement in the amount of $250,000, which it applied against its prepetition invoices. Paul, Weiss has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases.

15.    Pursuant to Bankruptcy Rule 2016(b), Paul, Weiss has not shared, nor has Paul, Weiss agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Paul, Weiss, or (b) any compensation another person or party has received or may receive.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

16.    Paul, Weiss seeks allowance of interim compensation for professional services performed during the Fee Period in the amount of $4,973,799.25 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $1,160,821.70. During the Fee Period, Paul, Weiss attorneys and paraprofessionals expended a total of 6,789.3 hours in connection with the necessary services performed.

17.    The hourly rates set forth in the Initial Declaration are Paul, Weiss's standard hourly rates. These rates are set at a level designed to fairly compensate Paul, Weiss for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are

revised on an annual basis.  The hourly rates and corresponding rate structure utilized by Paul,

Weiss in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate

structure used by Paul, Weiss for other bankruptcy matters, as well as non-bankruptcy matters.

The rates and rate structure reflect that such restructuring and other complex matters typically are

national in scope and typically involve great complexity, high stakes, and severe time pressures.

18.    Attached hereto as Exhibit B is a schedule of Paul, Weiss attorneys and

paraprofessionals who have performed services for the Debtors during the Fee Period, the

capacities in which each individual is employed by Paul, Weiss, the department in which the

individual practices, the hourly billing rate charged by Paul, Weiss for services performed by

such individuals, the year in which each attorney was first licensed to practice law, where

applicable, and the aggregate number of hours expended in this matter and fees billed in

connection therewith.

19.    Attached hereto as Exhibit C is a summary of Paul, Weiss's time records billed

using task codes described below.  To provide a meaningful summary of Paul, Weiss's services

provided on behalf of the Debtors and their estates, Paul, Weiss has established, in accordance

with its internal billing procedures, certain task code categories (each, a "Task Code Category")

in connection with these Chapter 11 Cases.  Paul, Weiss maintains computerized records of time

spent by all Paul, Weiss attorneys and paraprofessionals in connection with these Chapter 11

Cases.  Copies of these computerized records have been furnished to the Debtors, the Court, and

the U.S. Trustee in the format specified by the Fee Guidelines for each month of the case through

June 2019, each with a statement of the fees and disbursements accrued during the corresponding

month.

9

20.    Attached hereto as <u>Exhibit D</u> is a schedule specifying the categories of expenses for which Paul, Weiss is seeking reimbursement and the total amount for each such expense category.  Itemized computer records of all such expenses have been provided to the Debtors and filed in conjunction with each monthly fee statement.

21.    Attached hereto as <u>Exhibit E</u> is a summary and comparison of the aggregate blended hourly rates billed by Paul, Weiss New York timekeepers to non-bankruptcy matters during the proceeding rolling twelve-month period year ending June 30, 2019 and the blended hourly rates billed to the Debtors during the Fee Period.

22.    Attached hereto as <u>Exhibit F</u> is a budget and staffing plan prepared in connection with Paul, Weiss's representation of the Debtors in these Chapter 11 Cases.

23.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Paul, Weiss reserves the right to request additional compensation for such services and reimbursement of such expenses by future application to the Court.

<u>**Summary of Legal Services Rendered During the Fee Period**</u>

24.    As discussed above, during the Fee Period, Paul, Weiss provided extensive and significant professional services to the Debtors acting at the direction of the Restructuring Sub-Committee in connection with these Chapter 11 Cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these Chapter 11 Cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

25.    Below is a more detailed summary of the most significant professional services performed by Paul, Weiss in each Task Code Category, organized in accordance with Paul,

10

Weiss's internal system of matter numbers for these Chapter 11 Cases. The detailed descriptions demonstrate that Paul, Weiss was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these Chapter 11 Cases.

**A.    Case Administration [Matter 701]**
Total Fees: $108,644.00
Total Hours: 289.3

26.    This task code includes time spent by Paul, Weiss attorneys on various administrative tasks, including maintenance of case calendars, working group lists, task lists, and timelines created for use by Paul, Weiss attorneys and the Debtors, as well as the creation and distribution of documents to the Paul, Weiss team, the Debtors, the U.S. Trustee and the Court. This task code includes time spent by Paul, Weiss attorneys preparing for and participating in calls and meetings with the Paul, Weiss team and/or with the Debtors and their other professionals, including to discuss case status or other open items.

**B.    Conflict Matters: General [Matter 702]**
Total Fees: $15,213.00
Total Hours: 19.7

27.    This task code includes time spent by Paul, Weiss attorneys on tasks in connection with general conflict matters. This task code primarily encompasses time spent researching, drafting and editing internal memoranda analyzing general case issues, such as general procedural issues and general bankruptcy law issues.

**C.    Conflict Matters: Investigations & Discovery [Matter 703]**
Total Fees: $1,416,332.50
Total Hours: 2,732.1

27.    This task code includes time spent by Paul, Weiss attorneys on a multitude of tasks relating to all aspects of the investigation of prepetition related party transactions. In

particular, this task code includes (a) all aspects of document review, including coordinating document production with various parties and reviewing hundreds of thousands of documents for privilege and responsiveness, (b) analyzing the legal and factual bases of potential claims in connection with prepetition related party transactions, (c) preparing for and conducting an interview in connection with the investigation, and (d) attending in-person and telephonic conferences with various parties, such as the Restructuring Sub-Committee, the Restructuring Committee, the Debtors' other professionals, and the Creditors' Committee, on matters relating to the investigation.

**D.    Fee/Employment Applications (Paul, Weiss) [Matter 705]**
Total Fees: $112,011.50
Total Hours: 179.2

28.     This task code includes time spent preparing and filing the monthly fee statements, including confirming attorneys' and paralegals' recorded time in the appropriate Task Code Category, reviewing time detail to ensure compliance with the Fee Guidelines, reviewing time detail for privileged information, drafting the fee statements, preparing materials for the fee examiner appointed in these Chapter 11 Cases pursuant to the *Order Authorizing Appointment of Independent Fee Examiner pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307], creating tables, and summarizing time detail to adequately disclose compensation and expense reimbursements sought in each monthly fee statement.

**E.    Fee/Employment Applications (Other) [Matter 706]**
Total Fees: $26,073.50
Total Hours: 35.3

29.     This task code includes time spent preparing, reviewing, and filing the monthly fee statements of the Debtors' other professionals acting at the direction of the Restructuring

Sub-Committee, including Alvarez & Marsal North America, LLC ("A&M"), Evercore Group, LLC ("Evercore"), and Stout, Risius & Ross, LLC ("Stout"). In particular, this task code includes reviewing time detail to ensure compliance with the Fee Guidelines, creating tables, and summarizing time detail to adequately disclose compensation and expense reimbursements sought in each monthly fee statement.

**F.      Fee/Employment Objections [Matter 707]**
Total Fees: $2,191.00
Total Hours: 2.8

30.      This task code includes time spent by Paul, Weiss attorneys reviewing and analyzing objections filed to monthly fee statements, and in particular, the *Objection to Payment of the Second Monthly Fee Statement of Evercore Group, LLC for Compensation Earned and Expenses Incurred for February 16, 2018 Through March 15, 2019* filed by Wilmington Trust, National Association [Docket No. 3167].

**G.      Plan and Disclosure Statement [Matter 709]**
Total Fees: $650,869.50
Total Hours: 577.9

31.      This task code includes time spent by Paul, Weiss attorneys researching, drafting and revising the plan and related documents. In particular, this task code includes time spent by Paul, Weiss attorneys assisting the Debtors in reviewing and developing the Plan and the Disclosure Statement, and in particular, Plan matters relating to RSC Conflict Matters. For example, this task code includes time spent by Paul, Weiss professionals (a) participating in multiple conferences with the Debtors' other professionals and the Debtors' key stakeholders regarding the development of the Plan, (b) reviewing and analyzing materials concerning Plan-related issues, (c) reviewing and revising multiple drafts of the Plan and Disclosure Statement, and (d) reviewing objections received by the Debtors to the Disclosure Statement.

13

32.     Further, this task code includes the time spent researching, drafting, and revising the *Response of the Restructuring Subcommittee to the Objections of ESL Investments, Inc. and the Official Committee of Unsecured Creditors* [Docket No. 4039] in support of the Disclosure Statement.

**H.     Litigation [Matter 710]**
Total Fees: $2,559,460.50
Total Hours: 2,871.40

33.     This task code includes time spent by Paul, Weiss attorneys in connection with the litigation resulting from the investigation of prepetition related party transactions. In particular, this includes (a) researching, drafting, and editing the Complaint, (b) preparing and serving document requests on all defendants named in the Complaint, (c) preparing for and attending the Rule 26(f) Conference on May 30, 2019, (d) research in connection with hiring experts in the litigation, (e) drafting and serving initial disclosures, (f) preparing interrogatories for the defendants named in the Complaint, (g) preparing third-party subpoenas, (h) responding to the defendants' discovery requests, (i) research related to drafting an opposition to an anticipated motion to dismiss, and (j) attending in-person and telephonic conferences with various parties, such as the Restructuring Sub-Committee, the Restructuring Committee, the Debtors' other professionals, and the Creditors' Committee, to engage in extensive negotiations on matters relating to the Complaint, including with respect to discovery plans, briefing schedules, privilege issues and document requests.

**I.     Travel Time [Matter 712]**
Total Fees: $8,967.75
Total Hours: 18.5

14

34.    This task code includes non-working travel time spent by Paul, Weiss attorneys traveling to and from court hearings, interviews, depositions, and other case matters. The fees for this task code are billed at fifty percent.

**J.    Court Hearings [Matter 713]**
Total Fees: $48,757.50
Total Hours: 42.6

35.    This task code includes time spent by Paul, Weiss attorneys attending various court hearings, including the hearing to approve the Disclosure Statement held on May 29, 2019, and various other omnibus hearings in these Chapter 11 Cases.  All Paul, Weiss attorneys who attended the hearing provided support for, and/or argued at, the various court hearings.

**K.    Sale Transactions [Matter 714]**
Total Fees: $20,752.50
Total Hours:  15.9

36.    This task code includes time spent by Paul, Weiss attorneys on various tasks in relation to the sale of substantially all of the Debtors' assets. In particular, this includes (a) reviewing and analyzing documents in relation to issues regarding sale dispute issues between the Debtors and Transform Hold Co, and (b) attending in-person and telephonic conferences with various parties, such as the Restructuring Sub-Committee and the Creditors' Committee, and the Debtors' other professionals to discuss the same.

**L.    Corporate Governance [Matter 716]**
Total Fees: $4,526.00
Total Hours: 4.6

37.    This task code includes time spent by Paul, Weiss attorneys analyzing corporate governance issues, such as the scope of the Restructuring Sub-Committee's duties as they relate to the investigation of prepetition related party transactions. This task code also includes time spent reviewing and analyzing corporate governance documents.

15

38.     The forgoing professional services performed by Paul, Weiss were necessary to and appropriate for the administration of the Debtors' Chapter 11 Cases during the Fee Period and were in the best interests of the Debtors and their stakeholders.  Compensation of such services is commensurate with the complexity, importance, and the nature of the issues and tasks that were involved.  The professional services were performed skillfully and efficiently.

39.     Many of the services performed by partners and associates of Paul, Weiss were provided by Paul, Weiss's Litigation Group, and Bankruptcy & Corporate Reorganization Group.   Paul, Weiss has a prominent practice in these areas and enjoys a national and international reputation for its expertise in investigations, financial reorganizations and restructurings of troubled companies. The attorneys at Paul, Weiss have represented either the debtors or an official or unofficial creditors' committee or have acted as special counsel in many large chapter 11 cases.

40.     In addition, due to the facts and circumstances of these Chapter 11 Cases, attorneys from Paul, Weiss's corporate groups were also involved with Paul, Weiss's representation of the Debtors. These practice groups also enjoy a national and international reputation for their expertise.   Overall, Paul, Weiss brings to these Chapter 11 Cases a particularly high level of skill and knowledge, benefiting the Debtors and all stakeholders.

**Actual and Necessary Expenses Incurred by Paul, Weiss**

41.     As set forth in Exhibit D attached hereto, Paul, Weiss has incurred a total of $1,160,821.70 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse Paul, Weiss's direct operating costs, which are not incorporated into Paul, Weiss's hourly billing rates.  Paul, Weiss charges external copying and computer research at the provider's cost without markup.   Only clients who actually use services of this type are

16

separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

42.    The time constraints imposed by the circumstances of these Chapter 11 Cases required Paul, Weiss attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines relating to various tasks in connection with the RSC Conflict Matters and the orderly administration of the Debtors' estates. Consistent with firm policy, and as further disclosed in the Retention Application, Paul, Weiss attorneys and other Paul, Weiss employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  All overtime meals were capped at $20.00 per meal per the Fee Guidelines. Paul, Weiss's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

43.    In compliance with the Fee Guidelines, Paul, Weiss charged $0.10 per page for black-and-white photocopying. For color copies, Paul, Weiss charged $0.20 per page.  This does not exceed the maximum rate set by the Fee Guidelines.

44.    In addition, due to the location of the Debtors' businesses, creditors, and other parties in interest in relation to Paul, Weiss's offices, frequent multi-party telephone conferences involving numerous parties were required.  The disbursements for such services are not included in Paul, Weiss's overhead for the purpose of setting billing rates, and Paul, Weiss has made every effort to minimize its disbursements in these Chapter 11 Cases.  The actual expenses

17

incurred in providing professional services were necessary, reasonable, and justifiable under the circumstances to serve the needs of the Debtors in these Chapter 11 Cases.

45.    Among other things, Paul, Weiss ensures that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, Paul, Weiss regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, Paul, Weiss has voluntarily waived certain fees and reduced its fees and expenses following regular internal reviews of its bills.  In the Fee Period, Paul, Weiss voluntarily reduced its fees by $88,738.75 and voluntarily reduced its expenses by $3,250.72.  Consequently, Paul, Weiss does not seek payment of such fees or reimbursement of such expenses in this Fee Application.

**Paul, Weiss's Requested Compensation and Reimbursement Should Be Allowed**

46.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

18

       (d)       whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

       (e)       with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

       (f)       whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

47.     Paul, Weiss respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Paul, Weiss further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. Paul, Weiss further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

48.     During the Fee Period, Paul, Weiss's hourly billing rates for attorneys ranged from $1,165.00 to $1,560.00 for partners, $1,160.00 for counsel, $640.00 to $1,005.00 for associates, and $295.00 to $490.00 for staff attorneys and paraprofessionals. These hourly rates and corresponding rate structure utilized by Paul, Weiss in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Paul, Weiss for restructuring, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Paul, Weiss strives to be efficient in the staffing of all matters. These rates and the rate

19

structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these Chapter 11 Cases.

49.     Moreover, Paul, Weiss's hourly rates are set at a level designed to compensate Paul, Weiss fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

50.     In sum, Paul, Weiss respectfully submits that the professional services provided by Paul, Weiss on behalf of the Debtors and their estates during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by Paul, Weiss, the nature and extent of Paul, Weiss's services provided, the value of Paul, Weiss's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Paul, Weiss respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights

51.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in this Fee Application.  Paul, Weiss reserves the right to include such amounts in future fee applications.

### Notice

52.     Notice of this Motion shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767

20

Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, <u>Attention</u>: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com); (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, <u>Attention</u>: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, <u>Attention</u>: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

53.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, Paul, Weiss respectfully requests that the Court enter an order: (a) awarding Paul, Weiss compensation for professional and paraprofessional services provided during the Fee Period in the amount of $4,973,799.25, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $1,160,821.70; (b) authorizing and directing the Debtors to remit payment to Paul, Weiss for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: August 14, 2019    */s/ Paul M. Basta*_____
New York, New York        PAUL, WEISS, RIFKIND, WHARTON &
                          GARRISON LLP
                          1285 Avenue of the Americas
                          New York, New York 10019
                          Tel: 212-373-3000
                          Fax: 212-757-3990
                          Paul M. Basta
                          Kelley A. Cornish
                          Lewis R. Clayton

                          *Counsel for the Debtors, Acting at the*
                          *Direction of the Restructuring Sub-Committee*

**<u>Exhibit A</u>**

**Basta Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

### DECLARATION OF PAUL BASTA IN SUPPORT OF THE SECOND INTERIM FEE APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM MARCH 1, 2019 THROUGH AND INCLUDING JUNE 30, 2019

PAUL BASTA makes this declaration under 28 U.S.C. § 1746:

1.    I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), an international law firm with its principal offices at 1285 Avenue of the Americas, New York, New York 10019.  I am a lead attorney from Paul, Weiss working on the above-captioned chapter 11 cases (the "Chapter 11 Cases").  I am a member in good standing of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Bar of the State of New York and I have been admitted to practice in the United States

District Court for the Southern District of New York.

2.      I have read the foregoing fee application of Paul, Weiss for the Fee Period (the

"Fee Application").[2] To the best of my knowledge, information, and belief, the statements

contained in the Fee Application are true and correct.  In addition, I believe that the Fee

Application complies with Local Rule 2016-1 and the Fee Guidelines.

3.      In connection therewith, I hereby certify that:

    a)      I have read this application;

    b)      to the best of my knowledge, information, and belief, formed after
reasonable inquiry, the fees and disbursements sought in the Fee
Application are permissible under the relevant rules, court orders, and
Bankruptcy Code provisions;

    c)      the fees and disbursements sought in the Fee Application are billed at rates
customarily employed by Paul, Weiss and generally accepted by Paul,
Weiss's clients.  In addition, none of the professionals seeking
compensation varied their hourly rate based on the geographic location of
the Debtors' case;

    d)      in providing a reimbursable expense, Paul, Weiss does not make a profit
on that expense, whether the service is performed by Paul, Weiss in-house
or through a third party;

    e)      in accordance with Bankruptcy Rule 2016(a) and section 504 of the
Bankruptcy Code, no agreement or understanding exists between Paul,
Weiss and any other person for the sharing of compensation to be received
in connection with the above cases except as authorized pursuant to the
Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

    f)      all services for which compensation is sought were professional services
on behalf of the Debtors and not on behalf of any other person.

4.      Pursuant to Section B(2) of the Local Guidelines, and as required by the Interim

Compensation Order, I certify that Paul, Weiss has complied with the provisions requiring Paul,

---

[2]    Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Fee
Application.

2

Weiss to provide the Debtors and the U.S. Trustee with a statement of Paul, Weiss's fees and expenses accrued during the previous month within the timetables set forth in the Interim Compensation Order.

5.      Pursuant to Section B(3) of the Local Guidelines, I certify that Paul, Weiss has provided the U.S. Trustee and the Debtors with a statement of Paul, Weiss's fees and expenses incurred during the Fee Period.

6.      In accordance with the U.S. Trustee's Guidelines, Paul, Weiss responds to the questions identified therein as follows:

Question 1: Did Paul, Weiss agree to any variations from, or alternatives to, Paul, Weiss's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Fee Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Fee Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Paul, Weiss discuss the reasons for the variation with the client?

Answer: The fees sought for the Fee Period do not exceed those budgeted for such time.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer: The Application includes time for fees related to reviewing time records and preparing or reviewing invoices in connection with the preparation of monthly fee statements and invoices.  The total time expended for such matters during the Fee Period is approximately 43.9 hours included within Task Code 705 and totals approximately $30,839.00.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

<u>Answer</u>: As part of the ordinary review of time records to ensure compliance with the Fee Guidelines, certain information may be redacted or edited to protect privileged or confidential information.  Any time expended on reviewing and redacting time records for privileged or confidential information is included within Task Code 705 and includes time spent to (i) ensure that time entries comply with the Fee Guidelines and do not disclose privileged or confidential information, (ii) prepare monthly fee statements and begin to prepare the Fee Application, (iii) ensure the adequacy of disclosure regarding activities included in the Fee Application, and (iv) time spent on retention and on review of conflicts checks for parties in interest in these Chapter 11 Cases. As set forth above, the total time expended for such matters during the Fee Period is approximately 43.9 hours included within Task Code 705 and totals approximately $30,839.00. All of these services were necessary components of Paul, Weiss's fee and retention activities.

<u>Question 6</u>: Does the Application include any rate increases since Paul, Weiss's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>: The Fee Application does not include any rate increases since Paul, Weiss's retention in these Chapter 11 Cases.

*[Remainder of page intentionally left blank]*

4

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.


Dated: August 14, 2019                Respectfully submitted,
New York, New York


                                      */s/ Paul M. Basta*_____
                                      Paul  M. Basta

**Exhibit B**

**COMPENSATION BY PROFESSIONAL**
**MARCH 1, 2019 THROUGH JUNE 30, 2019**

| Name of Professional | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Kelley Cornish | Partner | Bankruptcy | 1984 | 1,560 | 160.0 | 247,884.00 |
| Paul Basta | Partner | Bankruptcy | 1993 | 1,560 | 159.2 | 248,352.00 |
| Lewis Clayton | Partner | Litigation | 1979 | 1,560 | 130.5 | 203,580.00 |
| Richard Rosen | Partner | Litigation | 1980 | 1,560 | 1.5 | 2,340.00 |
| Susanna Buergel | Partner | Litigation | 2002 | 1,485 | 93.9 | 139,441.50 |
| Robert Britton | Partner | Bankruptcy | 2008 | 1,165 | 165.0 | 190,419.25 |
| Jonathan Hurwitz | Counsel | Litigation | 1987 | 1,160 | 266.0 | 308,560.00 |
| Stephen Koo | Counsel | Corporate | 1988 | 1,160 | 3.5 | 4,060.00 |
| Karen King | Counsel | Litigation | 2001 | 1,160 | 47.5 | 55,100.00 |
| Shane Avidan | Associate | Litigation | 2013 | 1,005 | 286.2 | 287,631.00 |
| David Fish | Associate | Litigation | 2017 | 835 | 61.3 | 51,185.50 |
| Daniel Negless | Associate | Litigation | 2017 | 835 | 75.1 | 62,708.50 |
| Jonathan Silberstein-Loeb | Associate | Litigation | 2015 | 940 | 119.0 | 111,860.00 |
| Paul Gross | Associate | Litigation | 2018 | 735 | 127.5 | 93,712.50 |
| Emily Hoyle | Associate | Litigation | 2018 | 735 | 267.6 | 196,686.00 |
| David Giller | Associate | Litigation | 2015 | 940 | 487.6 | 455,524.00 |
| Rachel Corrigan | Associate | Litigation | 2019 | 640 | 353.8 | 226,432.00 |
| Akila Sarathy | Associate | Litigation | Not admitted | 640 | 74.9 | 47,936.00 |
| Caitlin Toto | Associate | Bankruptcy | 2019 | 640 | 282.2 | 179,040.00 |
| Spencer Young | Associate | Litigation | Not admitted | 640 | 211.8 | 135,552.00 |
| Margaret Sun | Associate | Litigation | Not admitted | 640 | 314.4 | 201,216.00 |
| Teresa Lii | Associate | Bankruptcy | 2014 | 920 | 244.7 | 224,066.00 |
| **Attorney Total:** | | | | | **3933.2** | **3,673,286.25** |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Madhuri Pavamani | 490 | 200.8 | 98,392.00 |
| Francine Murray | 490 | 362.5 | 177,625.00 |
| Claudia Novod | 480 | 35.0 | 16,800.00 |
| Binsy Cyriac | 480 | 364.2 | 174,816.00 |
| Heather Spitalnik | 480 | 7.3 | 3,504.00 |
| Adrian Burke | 480 | 51.3 | 24,624.00 |
| Brent Beck | 480 | 69.4 | 33,312.00 |
| Lisa Johnson | 480 | 313.5 | 150,480.00 |
| Vincent Todarello | 480 | 53.1 | 25,488.00 |
| Mark Shapiro | 480 | 163.6 | 78,528.00 |
| James Crutchfield | 480 | 33.6 | 16,128.00 |
| Scott Golodner | 480 | 180.2 | 86,496.00 |
| Akiva Reich | 480 | 144.3 | 69,264.00 |
| Michael Bernfeld | 480 | 45.5 | 21,840.00 |
| Sergio Herrera | 480 | 86.7 | 41,616.00 |
| Li Zhuang | 480 | 60.4 | 28,992.00 |
| Ye Qing | 480 | 40.2 | 19,296.00 |
| Arianny Mejia | 480 | 57.6 | 27,648.00 |
| Rosanna Rossi | 480 | 62.1 | 29,808.00 |
| Joseph Monzione | 365 | 89.8 | 32,777.00 |
| Brooke Filler | 365 | 65.1 | 23,761.50 |
| Zakiya Williams Wells | 315 | 11.4 | 3,591.00 |
| Jennifer Kellner | 315 | 17.1 | 5,386.50 |
| Rubin Danberg Biggs | 315 | 35.6 | 11,214.00 |
| Sarah Griffin | 315 | 111.9 | 35,248.50 |
| Olivia Irby | 315 | 29.5 | 9,292.50 |
| Eric Gansman | 315 | 18.6 | 5,859.00 |
| Elisabeth Stuveras | 345 | 14.5 | 5,002.50 |
| Alan Wilbur | 345 | 99.8 | 34,431.00 |
| David Dames | 295 | 17.0 | 5,015.00 |
| Mary Olsen | 295 | 14.5 | 4,277.50 |
| **Total Staff Attorneys, Paralegals and Other Non-Legal Staff:** | | **2856.1** | **1,300,513.00** |

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners and Counsel | 1,362.80 | 1,027.1 | 1,399,736.75 |
| Associates | 782.34 | 2,906.1 | 2,273,549.50 |
| Staff Attorneys/Paralegals/Non-Legal Staff | 455.35 | 2,856.1 | 1,300,513.00 |
| Blended Attorney Rate | **933.92** | | |
| Blended Rate All Timekeepers | **732.59** | | |
| **Total Fees Incurred** | | **6,789.3** | **4,973,799.25** |

3

**Exhibit C**

**COMPENSATION BY TASK CODE**
**MARCH 1, 2019 THROUGH JUNE 30, 2019**

**AGGREGATE TIME SUMMARY BY TASK CODE**
**FOR THE PERIOD MARCH 1, 2019 THROUGH JUNE 30, 2019**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (701) | 289.3 | 108,644.00 |
| Conflict Matters: General (702) | 19.7 | 15,213.00 |
| Conflict Matters: Investigations & Discovery (703) | 2,732.1 | 1,416,332.50 |
| Fee/Employment Applications (Paul, Weiss) (705) | 179.2 | 112,011.50 |
| Fee/Employment Applications (Other) (706) | 35.3 | 26,073.50 |
| Fee/Employment Objections (707) | 2.8 | 2,191.00 |
| Plan and Disclosure Statement (709) | 577.9 | 650,869.50 |
| Litigation (710) | 2,871.4 | 2,559,460.50 |
| Travel Time (712) | 18.5 | 8,967.75 |
| Court Hearings (713) | 42.6 | 48,757.50 |
| Sale Transactions (714) | 15.9 | 20,752.50 |
| Corporate Governance (716) | 4.6 | 4,526.00 |
| **TOTAL** | **6,789.3** | **4,973,799.25** |

**TIME SUMMARY BY TASK CODE**

| Task Code 701 Case Administration | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Jonathan Hurwtiz | Counsel | 0.3 | x | 1,160 | = | 348.00 |
| Teresa Lii | Associate | 1.2 | x | 920 | = | 1,104.00 |
| Margaret Sun | Associate | 1.6 | x | 640 | = | 1,024.00 |
| Caitlin Toto | Associate | 32.9 | x | 640 | = | 21,056.00 |
| Madhuri Pavamani | Staff Attorney | 2.3 | x | 490 | = | 1,127.00 |
| Rubin Danberg Biggs | Paralegal | 18.2 | x | 315 | = | 5,733.00 |
| Brooke Filler | Paralegal | 8.6 | x | 365 | = | 3,139.00 |
| Eric Gansman | Paralegal | 18.6 | x | 315 | = | 5,859.00 |
| Sarah Griffin | Paralegal | 79.0 | x | 315 | = | 24,885.00 |
| Olivia Irby | Paralegal | 29.5 | x | 315 | = | 9,292.50 |
| Jennifer Kellner | Paralegal | 6.3 | x | 315 | = | 1,984.50 |
| Joseph Monzione | Paralegal | 89.8 | x | 365 | = | 32,777.00 |
| Zakiya Williams Wells | Paralegal | 1.0 | x | 315 | = | 315.00 |
| **Totals:** | | **289.3** | | | | **108,644.00** |
| Task Code 702 Conflict Matters: General | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Paul M. Basta | Partner | 1.0 | x | 1,560 | = | 1,560.00 |
| Kelley Cornish | Partner | 0.8 | x | 1,560 | = | 1,248.00 |
| Shane Avidan | Associate | 0.7 | x | 1,005 | = | 703.50 |
| Paul Gross | Associate | 7.3 | x | 735 | = | 5,365.50 |
| Akila Sarathy | Associate | 8.6 | x | 640 | = | 5,504.00 |
| Caitlin Toto | Associate | 1.3 | x | 640 | = | 832.00 |
| **Totals:** | | **19.7** | | | | **15,213.00** |
| Task Code 703 Conflict Matters: Investigations & Discovery | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Paul M. Basta | Partner | 16.0 | x | 1,560 | = | 24,960.00 |
| Robert Britton | Partner | 2.9 | x | 1,165 | = | 3,378.50 |
| Susanna Buergel | Partner | 0.7 | x | 1,485 | = | 1,039.50 |
| Lewis Clayton | Partner | 1.3 | x | 1,560 | = | 2,028.00 |
| Kelley Cornish | Partner | 7.2 | x | 1,560 | = | 11,232.00 |
| Jonathan Hurwitz | Counsel | 19.3 | x | 1,160 | = | 22,388.00 |
| Karen King | Counsel | 6.3 | x | 1,160 | = | 7,308.00 |
| Shane Avidan | Associate | 1.1 | x | 1,005 | = | 1,105.50 |
| Rachel Corrigan | Associate | 73.8 | x | 640 | = | 47,232.00 |
| David Giller | Associate | 93.8 | x | 940 | = | 88,172.00 |
| Emily Hoyle | Associate | 5.0 | x | 735 | = | 3,675.00 |
| Teresa Lii | Associate | 0.5 | x | 920 | = | 460.00 |
| Akila Sarathy | Associate | 66.3 | x | 640 | = | 42,432.00 |
| Jonathan Silberstein-Loeb | Associate | 0.7 | x | 940 | = | 658.00 |
| Caitlin Toto | Associate | 22.2 | x | 640 | = | 14,208.00 |

2

| Brent Beck | Staff Attorney | 69.4 | x | 480 | = | 33,312.00 |
|---|---|---|---|---|---|---|
| Michael Bernfeld | Staff Attorney | 45.2 | x | 480 | = | 21,696.00 |
| Adrian Burke | Staff Attorney | 51.3 | x | 480 | = | 24,624.00 |
| James Crutchfield | Staff Attorney | 33.6 | x | 480 | = | 16,128.00 |
| Binsy Cyriac | Staff Attorney | 364.0 | x | 480 | = | 174,720.00 |
| Scott Golodner | Staff Attorney | 179.9 | x | 480 | = | 86,352.00 |
| Sergio Herrera | Staff Attorney | 86.7 | x | 480 | = | 41,616.00 |
| Lisa Johnson | Staff Attorney | 313.5 | x | 480 | = | 150,480.00 |
| Arianny Mejia | Staff Attorney | 57.6 | x | 480 | = | 27,648.00 |
| Francine N. Murray | Staff Attorney | 361.8 | x | 490 | = | 177,282.00 |
| Claudia Novod | Staff Attorney | 35.0 | x | 480 | = | 16,800.00 |
| Madhuri Pavamani | Staff Attorney | 158.9 | x | 490 | = | 77,861.00 |
| Ye Qing | Staff Attorney | 40.0 | x | 480 | = | 19,200.00 |
| Akiva Reich | Staff Attorney | 144.3 | x | 480 | = | 69,264.00 |
| Rosanna Rossi | Staff Attorney | 61.9 | x | 480 | = | 29,712.00 |
| Mark Shapiro | Staff Attorney | 159.8 | x | 480 | = | 76,704.00 |
| Heather Spitalnik | Staff Attorney | 7.2 | x | 480 | = | 3,456.00 |
| Vincent Todarello | Staff Attorney | 52.8 | x | 480 | = | 25,344.00 |
| Li Zhuang | Staff Attorney | 60.1 | x | 480 | = | 28,848.00 |
| Sarah Griffin | Paralegal | 17.7 | x | 315 | = | 5,575.50 |
| Elisabeth Stuveras | Paralegal | 14.5 | x | 345 | = | 5,002.50 |
| Alan D. Wilbur | Paralegal | 99.8 | x | 345 | = | 34,431.00 |
| **Totals:** | | **2732.1** | | | | **1,416,332.50** |
| **Task Code 705 Fee/Employment Applications (Paul, Weiss)** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 1.2 | x | 1,165 | = | 1,398.00 |
| Kelley Cornish | Partner | 3.1 | x | 1,560 | = | 4,836.00 |
| Paul Gross | Associate | 0.8 | x | 735 | = | 588.00 |
| Emily Hoyle | Associate | 0.5 | x | 735 | = | 367.50 |
| Teresa Lii | Associate | 36.0 | x | 920 | = | 33,120.00 |
| Margaret Sun | Associate | 0.6 | x | 640 | = | 384.00 |
| Caitlin Toto | Associate | 77.0 | x | 640 | = | 49,280.00 |
| Spencer Young | Associate | 0.5 | x | 640 | = | 320.00 |
| Michael Bernfeld | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Binsy Cyriac | Staff Attorney | 0.2 | x | 480 | = | 96.00 |
| Scott Golodner | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Francine Murray | Staff Attorney | 0.7 | x | 480 | = | 343.00 |
| Ye Qing | Staff Attorney | 0.2 | x | 480 | = | 96.00 |
| Rosanna Rossi | Staff Attorney | 0.2 | x | 480 | = | 96.00 |
| Mark Shapiro | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Heather Spitalnik | Staff Attorney | 0.1 | x | 480 | = | 48.00 |
| Vincent Todarello | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Li Zhuang | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Rubin Danberg Biggs | Paralegal | 0.5 | x | 315 | = | 157.50 |
| Brooke Filler | Paralegal | 49.8 | x | 365 | = | 18,177.00 |
| Sarah Griffin | Paralegal | 0.5 | x | 315 | = | 157.50 |
| Jennifer Kellner | Paralegal | 2.8 | x | 315 | = | 882.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Zakiya Williams Wells | Paralegal | 3.0 | x | 315 | = | | 945.00 |
| **Totals:** | | **179.2** | | | | | **112,011.50** |

| **Task Code 706 Fee/Employment Applications (Other)** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** | |
|---|---|---|---|---|---|---|---|
| Robert Britton | Partner | 2.5 | x | 1,165 | = | | 2,912.50 |
| Teresa Lii | Associate | 10.3 | x | 920 | = | | 9,476.00 |
| Caitlin Toto | Associate | 20.1 | x | 640 | = | | 12,864.00 |
| Brooke Filler | Paralegal | 1.3 | x | 365 | = | | 474.50 |
| Jennifer Kellner | Paralegal | 1.1 | x | 315 | = | | 346.50 |
| **Totals:** | | **35.3** | | | | | **26,073.50** |

| **Task Code 707 Fee/Employment Objections** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** | |
|---|---|---|---|---|---|---|---|
| Robert Britton | Partner | 0.6 | x | 1,165 | = | | 699.00 |
| Teresa Lii | Associate | 0.3 | x | 920 | = | | 276.00 |
| Caitlin Toto | Associate | 1.9 | x | 640 | = | | 1,216.00 |
| **Totals:** | | **2.8** | | | | | **2,191.00** |

| **Task Code 709 Plan and Disclosure Statement** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** | |
|---|---|---|---|---|---|---|---|
| Paul M. Basta | Partner | 98.8 | x | 1,560 | = | | 154,128.00 |
| Robert Britton | Partner | 100.1 | x | 1,165 | = | | 116,616.50 |
| Susanna Buergel | Partner | 2.7 | x | 1,485 | = | | 4,009.50 |
| Lewis Clayton | Partner | 4.8 | x | 1,560 | = | | 7,488.00 |
| Kelley Cornish | Partner | 92.9 | x | 1,560 | = | | 144,924.00 |
| Richard Rosen | Partner | 1.5 | x | 1,560 | = | | 2,340.00 |
| Jonathan Hurwitz | Counsel | 4.1 | x | 1,160 | = | | 4,756.00 |
| Shane Avidan | Associate | 3.3 | x | 1,005 | = | | 3,316.50 |
| David Giller | Associate | 8.9 | x | 940 | = | | 8,366.00 |
| Paul Gross | Associate | 9.1 | x | 735 | = | | 6,688.50 |
| Teresa Lii | Associate | 142.7 | x | 920 | = | | 131,284.00 |
| Jonathan Silberstein-Loeb | Associate | 2.7 | x | 940 | = | | 2,538.00 |
| Caitlin Toto | Associate | 91.1 | x | 640 | = | | 58,304.00 |
| Spencer Young | Associate | 3.3 | x | 640 | = | | 2,112.00 |
| Brooke Filler | Paralegal | 5.0 | x | 365 | = | | 1,825.00 |
| Jennifer Kellner | Paralegal | 6.9 | x | 315 | = | | 2,173.50 |
| **Totals:** | | **577.9** | | | | | **650,869.50** |

| **Task Code 710 Litigation** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** | |
|---|---|---|---|---|---|---|---|
| Paul M. Basta | Partner | 34.0 | x | 1,560 | = | | 53,040.00 |
| Robert Britton | Partner | 36.6 | x | 1,165 | = | | 42,639.00 |
| Susanna M. Buergel | Partner | 90.5 | x | 1,485 | = | | 134,392.50 |
| Lewis R. Clayton | Partner | 124.4 | x | 1,560 | = | | 194,064.00 |
| Kelley A. Cornish | Partner | 43.0 | x | 1,560 | = | | 67,080.00 |

4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jonathan Hurwitz | Counsel | 242.3 | x | 1,160 | = | 281,068.00 |
| Karen King | Counsel | 41.2 | x | 1,160 | = | 47,792.00 |
| Stephen Koo | Counsel | 2.5 | x | 1,160 | = | 2,900.00 |
| Shane Avidan | Associate | 281.1 | x | 1,005 | = | 282,505.50 |
| Rachel Corrigan | Associate | 280.0 | x | 640 | = | 179,200.00 |
| David Fish | Associate | 61.3 | x | 835 | = | 51,185.50 |
| David Giller | Associate | 378.9 | x | 940 | = | 356,166.00 |
| Paul Gross | Associate | 110.3 | x | 735 | = | 81,070.50 |
| Emily Hoyle | Associate | 262.1 | x | 735 | = | 192,643.50 |
| Teresa Lii | Associate | 32.8 | x | 920 | = | 30,176.00 |
| Daniel Negless | Associate | 75.1 | x | 835 | = | 62,708.50 |
| Jonathan Silberstein-Loeb | Associate | 115.6 | x | 940 | = | 108,664.00 |
| Margaret Sun | Associate | 312.2 | x | 640 | = | 199,808.00 |
| Caitlin Toto | Associate | 25.9 | x | 640 | = | 16,576.00 |
| Spencer Young | Associate | 208.0 | x | 640 | = | 133,120.00 |
| Madhuri Pavamani | Staff Attorney | 39.6 | x | 490 | = | 19,404.00 |
| Mark Shapiro | Staff Attorney | 3.5 | x | 480 | = | 1,680.00 |
| Rubin Danberg Biggs | Paralegal | 16.9 | x | 315 | = | 5,323.50 |
| Sarah Griffin | Paralegal | 14.7 | x | 315 | = | 4,630.50 |
| Zakiya Williams Wells | Paralegal | 7.4 | x | 315 | = | 2,331.00 |
| David Dames | Paralegal | 17.0 | x | 295 | = | 5,015.00 |
| Mary Olsen | Paralegal | 14.5 | x | 295 | = | 4,277.50 |
| **Totals:** | | **2871.4** | | | | **2,559,460.50** |
| **Task Code 712 Travel Time** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 3.1 | x | 1,165 | = | 1,805.75 |
| Kelley A. Cornish | Partner | 2.2 | x | 1,560 | = | 1,716.00 |
| David Giller | Associate | 6.0 | x | 940 | = | 2,820.00 |
| Teresa Lii | Associate | 2.3 | x | 920 | = | 1,058.00 |
| Caitlin Toto | Associate | 4.9 | x | 640 | = | 1,568.00 |
| **Totals:** | | **18.5** | | | | **8,967.75** |
| **Task Code 713 Court Hearings** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul M. Basta | Partner | 6.5 | x | 1,560 | = | 10,140.00 |
| Robert Britton | Partner | 9.5 | x | 1,165 | = | 11,067.50 |
| Kelley A. Cornish | Partner | 7.3 | x | 1,560 | = | 11,388.00 |
| Teresa Lii | Associate | 14.0 | x | 920 | = | 12,880.00 |
| Caitlin Toto | Associate | 4.9 | x | 640 | = | 3,136.00 |
| Brooke Filler | Paralegal | 0.4 | x | 365 | = | 146.00 |
| **Totals:** | | **42.6** | | | | **48,757.50** |
| **Task Code 714 Sale Transactions** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul M. Basta | Partner | 2.9 | x | 1,560 | = | 4,524.00 |
| Robert Britton | Partner | 7.3 | x | 1,165 | = | 8,504.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Kelley A. Cornish | Partner | 3.5 | x | 1,560 | = | 5,460.00 |
| Stephen Koo | Counsel | 1.0 | | 1,160 | | 1,160.00 |
| Teresa Lii | Associate | 1.2 | x | 920 | = | 1,104.00 |
| **Totals:** | | **15.9** | | | | **20,752.50** |
| **Task Code 716 Corporate Governance** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 1.2 | x | 1,165 | = | 1,398.00 |
| Teresa Lii | Associate | 3.4 | x | 920 | = | 3,128.00 |
| **Totals:** | | **4.6** | | | | **4,526.00** |

6

**<u>Exhibit D</u>**

**<u>EXPENSE SUMMARY</u>**

**AGGREGATE ITEMIZED DISBURSEMENTS**
**FOR THE PERIOD MARCH 1, 2019 THROUGH JUNE 30, 2019**

| Expenses Category | Total Expenses ($) |
|---|---:|
| Electronic Discovery | 327,974.68 |
| Professional Services | 712,684.33 |
| Court Costs & Lit Expenses | 30,540.45 |
| Client Organizational Expenses | 144.00 |
| Information Retrieval Services | 45,464.94 |
| Out-of-Town Travel | 6,560.42 |
| Miscellaneous | 5,588.26 |
| Word Processing | 6,663.75 |
| Overtime Expenses | 5,430.39 |
| Duplicating Expenses | 7,079.78 |
| Communications | 171.89 |
| Mail and Messengers | 1,209.93 |
| Local Transportation Expenses | 9,314.00 |
| Business Expenses | 1,994.88 |
| **TOTAL** | **1,160,821.70** |

**Exhibit E**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | **Billed by Attorneys in New York, excluding bankruptcy** | **Billed in this fee application** |
| Partner | $1,400.78 | $1,453.34 |
| Counsel | $1,084.83 | $1,160.00 |
| Associates | $821.56 | $782.34 |
| Staff Attorneys, Paralegals and other Non-Legal Staff | $463.59 | $455.35 |
| **All timekeepers aggregated** | **$848.77** | **$732.59** |

**Exhibit F**

**BUDGET AND STAFFING PLAN MARCH 1, 2019-JUNE 30, 2019**
**Budget**

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| March 2019 | $825,440 to $1,013,040 | 1,100.00-1,350.00 | Researching and preparing the Complaint/Reviewing and negotiating Plan and Disclosure Statement |
|  |  |  |  |
| April 2019 | $1,125,600 to $1,313,200 | 1,500.00-1,750.00 | Preparing and filing the Complaint/Reviewing and negotiating Plan and Disclosure Statement |
|  |  |  |  |
| May 2019 | $1,313,200 to $1,500,800 | 1,750.00-2,000.00 | Prosecuting Complaint/Reviewing and negotiating Plan and Disclosure Statement/Preparing for Disclosure Statement hearing |
|  |  |  |  |
| June 2019 | $1,313,200 to $1,500,800 | 1,750.00-2,000.00 | Prosecuting Complaint/Reviewing and negotiating Plan and Disclosure Statement |
|  |  |  |  |
| **Total:** | **$4,577,440 to $5,327,840** | **6,100.00-7,100.00** |  |

3

**Staffing Plan**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Partner | 5-7 | $1,477.86 |
| Counsel | 3-5 | $1,146.00 |
| Sr. Associate (7 or more years since first admission) | 1-3 | $1,017.50 |
| Associate (4-6 years since first admission) | 3-5 | $951.25 |
| Jr. Associate (1-3 years since first admission) | 5-9 | $762.27 |
| Staff Attorneys | 15-25 | $480.83 |
| Paralegals & Other Professionals | 12-15 | $326.92 |

4