Stout Risius Ross, LLC
One South Wacker Drive, 38th Floor
Chicago, Illinois 60606
Telephone (312) 857-9000
Facsimile:  (312) 857-9001

*Real Estate Consultants and Advisors for Debtors
and Debtors in Possession, Acting at the Direction
of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**SUMMARY COVER SHEET TO THE SECOND INTERIM FEE
APPLICATION OF STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT
AND ADVISOR FOR THE DEBTORS, FOR THE PERIOD FROM MARCH 1, 2019
THROUGH AND INCLUDING JUNE 30, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816) The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Prior Applications: | *First Interim Fee Application of Stout Risius Ross, LLC Real Estate Consultant and Advisor for the Debtors, for the Period from November 21, 2018 through and Including February 28, 2019* [Dkt. No. 3206] |
| Period for which compensation and reimbursement is sought: | March 1, 2019 through June 30, 2019 (the "Fee Period") |

| Summary of Fees and Expenses Sought for the Fee Period | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Fee Period: | $19,404.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $0.00 |
| Total Fees and Expense Reimbursement Requested for the Fee Period: | $19,404.50 |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
|---|---|
| Total Allowed Fees Paid to Date: | $173,291.00 |
| Total Allowed Expenses Paid to Date: | $6,960.60 |
| Total Allowed Fees and Expenses Paid to Date: | $180,251.60 |

| *Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements* | |
|---|---|
| Fees Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $15,523.60 |
| Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $0.00 |
| Total Fees and Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $15,523.60 |
| Total Fees and Expenses Sought for this Fee Period Not Yet Paid: | $3,880.90 |

This is an:  ____ monthly ___X__interim ____final application

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed (Docket No.) | Period Covered | Total Compensation & Expenses Incurred For Period Covered | | Total Amount Previously Requested with Monthly Fee Statements | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@80%) | Expenses (@100%) | Fees | Expenses | Fees |
| April 12, 2019 (Dkt. No. 3181) | March 1, 2019 – March 31, 2019 | $2,121.00 | $0.00 | $1,696.80 | $0.00 | $1,696.80 | $0.00 | $424.20 |
| May 10, 2019 (Dkt. No. 3801) | April 1, 2019 – April 30, 2019 | $2,766.00 | $0.00 | $2,212.80 | $0.00 | $2,212.80 | $0.00 | $553.20 |
| June 12, 2019 (Dkt. No. 4213) | May 1, 2019 – May 31, 2019 | $8,873.50 | $0.00 | $7,098.80 | $0.00 | $7,098.80 | $0.00 | $1,774.70 |
| July 17, 2019 (Dkt. No. 4552) | June 1, 2019 – June 30, 2019 | $5,644.00 | $0.00 | $4,515.20 | $0.00 | $4,515.20 | $0.00 | $1,128.80 |
| **Total** | | **$19,404.50** | **$0.00** | **$15,523.60** | **$0.00** | **$15,523.60** | **$0.00** | **$3,880.90** |

| SUMMARY OF TOTAL FEES BY PROFESSIONAL FOR STOUT RISIUS ROSS, LLC March 1, 2019 through June 30, 2019 | | | | |
|---|---|---|---|---|
| **PROFESSIONAL** | **POSITION** | **BILLING RATE** | **TOTAL HOURS** | **TOTAL FEES ($)** |
| Kevin A. Kernen | Managing Director | 505.00 | 23.40 | 11,817.00 |
| Charles Carr | Associate | 230.00 | 32.50 | 7,475.00 |
| Karla Gross | Associate | 225.00 | 0.50 | 112.50 |
| **Total** | | | **56.4** | **$19,404.50** |

**Blended Rate:**                              $     320.00

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                              :          **Chapter 11**

                                                    :

**SEARS HOLDINGS CORPORATION,** *et al.,*           :          **Case No. 18-23538 (RDD)**

                                                    :

Debtors.[2]                                         :          **(Jointly Administered)**

                                                    :

------------------------------------------------------------------x

## SECOND INTERIM FEE APPLICATION OF STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS, FOR THE PERIOD FROM MARCH 1, 2019 THROUGH AND INCLUDING JUNE 30, 2019

Stout Risius Ross, LLC ("Stout"), for its second application, pursuant to section 330(a)

and 331 of title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for interim

allowance of compensation for professional services performed by Stout as real estate advisors

for Sears Holdings Corporation, and certain of its affiliates, as debtors and debtors in possession

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(the "Debtors"), for the period commencing March 1, 2019 through and including June 30, 2019

(the "Fee Period") respectfully represents:

## Preliminary Statement

Stout submits this application as an interim fee application in accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order"),[3] the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

On November 16, 2018, this Court entered the Interim Compensation Order. The Interim Compensation Order provides that when seeking compensation for services rendered, professionals must submit monthly fee statements to certain notice parties (the "Monthly Fee Statements"). Each person receiving a statement has fifteen (15) days after its receipt to review and object to such Monthly Fee Statements. If no objection is made, the Debtors are authorized to pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "Holdback") and 100% of the charges and disbursements requested. Stout has submitted Monthly Fee Statements for each of the months covered by the Fee Period. The aggregate Holdback amount for the Fee Period is $3,880.90 (the "Second Interim Period

---

[3] Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

<u>Holdback</u>"). Stout is currently seeking allowance of all of its fees incurred during the Fee Period and payment of the Second Interim Period Holdback.

In support of this Fee Application, Stout submits the declaration of Kevin A. Kernen, Managing Director at Stout (the "<u>Kernen Declaration</u>"), which is attached hereto as **Exhibit A** and incorporated herein by reference.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Bankruptcy Rules.

## Background

3.      On October 15, 2018 (the "<u>Petition Date</u>"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "<u>Chapter 11 Cases</u>"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4.      No trustee or examiner has been appointed in the Chapter 11 Cases. An official committee of unsecured creditors (the "<u>Committee</u>") was appointed on October 24, 2018. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

5.      On December 6, 2018, the Debtors' filed the *Application for an Order Authorizing the Retention and Employment of Stout Risius Ross, LLC as Real Estate Consultant and Advisor for the Debtors* Nunc Pro Tunc *to November 21, 2018* (the "<u>Retention Application</u>") [Docket No. 1073].  On December 26, 2018, the Bankruptcy Court entered the *Order Authorizing the Retention and Employment of Stout Risius Ross, LLC as Real Estate Consultant and Advisor for the Debtors* Nunc Pro Tunc *to November 21, 2018* (the "<u>Retention Order</u>") [Docket No. 1420], attached hereto as **Exhibit B.**

6.      The Monthly Fee Statements for each of the months covered by the Fee Period are attached hereto as **Exhibit C**.

<u>**Summary of Professional Compensation Requested**</u>

7.      Stout seeks allowance of interim compensation for professional services performed during the Fee Period in the amount of $19,404.50. During the Fee Period, Stout professionals expended a total of 56.4 hours in connection with the necessary services performed.

8.      More specifically, per the terms of the Retention Application, Stout's compensation for the real estate consulting and advisory services will be paid by the Company for the services of the Stout professionals at their customary hourly billing rates.  The Retention Application is part of the Retention Order which is attached as the previously referenced **Exhibit B)**

9.      There is no agreement or understanding between Stout and any other person, other than members of Stout, for the sharing of compensation to be received for services rendered in these cases.  During the Fee Period, Stout received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in

4

connection with the matters covered by this application (other than the Debtors in accordance with the Interim Compensation Order). During the Fee Period, Stout has been paid $15,523.60 in fees pursuant to Monthly Fee Statements.

### Summary of Real Estate Consulting Services During the Fee Period

10.     The Debtors selected Stout to provide real estate consulting and advisory services acting solely at the direction of restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee ("the Restructuring Committee") of the Company's board of directors (the "Board of Directors").  As described more fully in the Retention Application, Stout is a leading independent financial advisory firm specializing in real estate investment banking, real estate valuation advisory, and real estate dispute consulting. Stout regularly provides such services in connection with bankruptcy and reorganization matters. Stout's professionals are currently providing or have provided real estate valuation advisory services to organizations such as financial institutions, pension funds, Fortune 500 corporations, accounting firms, developers, and law firms.

11.     The Debtors selected Stout, in part, because Stout can provide the Debtors with the necessary services as detailed in the Retention Application.  Stout has developed the experience, resources, and credentials necessary for addressing a wide range of real estate valuation issues associated with numerous property types.  Stout is well qualified to provide the Debtors' required services in light of its extensive knowledge and expertise with respect to real estate appraisal, valuation and litigation. Stout specializes in real estate valuation services including purchase price allocation, REIT reporting requirements, portfolio appraisals, net asset value analysis, sale-leaseback transaction analysis and purchase/sale advisement, and has performed real estate valuation and consulting services in bankruptcy proceedings.

12.     During the Fee Period, Stout, acting at the direction of the Restructuring Sub-Committee, has provided real estate consulting and advisory services to the Debtors, as described in more detail in the Monthly Fee Statements.  More specifically, Stout has provided the Debtors with (a) the evaluation of any real estate valuation issues raised in connection with the Restructuring Sub-Committee conflicts matters investigation (the "<u>Investigation</u>"), including in connection with the Seritage Transaction; (b) reviewing and critiquing the Cushman & Wakefield property level appraisals relating to the Seritage Transaction; (c) assisting in the review of documents and other materials in connection with the Investigation; (d) assisting in the preparation of reports and other documents that may be necessary in connection with the Investigation; and (e) assisting in undertaking any additional tasks or duties that the Restructuring Sub-Committee directed or that counsel determined were necessary and appropriate.

## **The Requested Compensation Should be Allowed**

13.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

(a)     the time spent on such services;

(b)      the rates charged for such services;

(c)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id* § 330(a)(3).

14.      In the instant case, Stout submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this application were necessary for and beneficial to the preservation and maximization of value of all stakeholders. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

15.      Compensation for the foregoing services as requested is commensurate with the complexity, importance, and the nature and extent of Stout's services provided. Further, the professional services were performed skillfully and efficiently.

16.      In sum, the services rendered by Stout were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner given the complexity, importance, and the nature and extent of Stout's services provided. Accordingly, approval of the compensation for professional services sought herein is warranted.

**<u>Notice</u>**

7

17.    Notice of this Motion shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); (v) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

## **No Prior Request**

18.    No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Stout respectfully requests that the Court enter an order: (a) awarding Stout compensation for professional and paraprofessional services provided during the Fee Period in the amount of $19,404.50; (b) authorizing and directing the Debtors to remit payment to Stout for such fees to the extent not already paid; and (c) granting such other relief as is appropriate under the circumstances.

Dated:  August 14, 2019

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

Real Estate Consultants and
Advisors to the Debtors and
Debtors in Possession

## **Exhibit A**

**Kernen Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:                                    :        **Chapter 11**
                                          :
**SEARS HOLDINGS CORPORATION,** *et al.,*  :        **Case No. 18-23538 (RDD)**
                                          :
         **Debtors.** [1]                 :        **(Jointly Administered)**
                                          :
------------------------------------------------------------------x

**CERTIFICATION OF KEVIN KERNEN IN SUPPORT OF SECOND APPLICATION
OF STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT AND ADVISOR
FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED FROM
<u>MARCH 1, 2019 THROUGH AND INCLUDING JUNE 30, 2019</u>**

I, Kevin Kernen, hereby certify that:

1.       I am a Managing Director with the applicant firm, Stout Risius Ross, LLC with

responsibility for the chapter 11 cases of Sears Holdings Corporation and certain of its affiliates,

as debtors and debtors in possession (the "<u>Debtors</u>"), and compliance with the *Order Authorizing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket

No. 796] (the "<u>Interim Compensation Order</u>"), the *Amended Guidelines for Fees and*

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

1.      Pursuant to section B(1) of the Local Guidelines, I certify that:

    a.  I have read the Application;

    b.  to the best of my knowledge, information, and belief formed after reasonable inquiry, the fee and disbursements sought fall within the Local Guidelines;

    c.  the fee and disbursements sought are billed at rates in accordance with those customarily charged by Stout and generally accepted by Stout clients; and

    d.  in providing a reimbursable service, Stout does not make a profit on that service, whether the service is performed by Stout in-house or through a third party.

2.      Pursuant to section B(2) of the Local Guidelines, I certify that Stout has previously provided monthly statements of Stout's fees and disbursements by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the application).

3.      Pursuant to section B(3) of the Local Guidelines, I certify that Stout has provided the U.S. Trustee and the Debtors with a statement of Stout's fees and expenses incurred during the Fee Period.

*[Remainder of page intentionally left blank]*

Dated: August 14, 2019

New York, New York

By: _____

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

## Exhibit B

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
In re:                                          :    **Chapter 11**
                                                :
**SEARS HOLDINGS CORPORATION,** *et al.*,       :    **Case No. 18-23538 (RDD)**
                                                :
        **Debtors.** [1]                        :    **(Jointly Administered)**
                                                :
--------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STOUT RISIUS ROSS, LLC AS REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 21, 2018

Upon the retention application (the "Retention Application") of Sears Holdings

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules of the Southern District of New York (the "Local Rules") for entry of an order

authorizing the Debtors to retain and employ Stout Risius Ross, LLC ( "Stout"), as their real

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

estate consultant and advisor, in accordance with the terms and conditions set forth in that certain

engagement letter dated as of November 21, 2018 attached to the Retention Application as

**Exhibit C** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc*

*pro tunc* to November 21, 2018, all as more fully set forth in the Retention Application; and

upon the Declaration of Kevin Kernen in support of the Retention Application (the "Kernen

Declaration"); and the Court having jurisdiction to consider the Retention Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157(a0-(b) and 1334(b) and the *Amended*

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the relief sought in the Retention Application having been provided,

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and there being no objections to the requested relief;

and no hearing being required under the circumstances; and, based on the representations made

in the Retention Application and in the Kernen Declaration, it appearing that Stout is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as

required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither

represents nor holds an interest adverse to the Debtors or their estates; and the Court having

found and determined that the terms and conditions of Stout's employment, including but not

limited to the fees set forth in the Engagement Letter and summarized in the Retention

Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court

having determined that the legal and factual bases set forth in the Retention Application establish

just cause for the relief granted herein; and the Court having determined that the relief requested

in the Retention Application is in the best interests of the Debtors, their estates, creditors, and all

parties in interest; and upon all of the proceedings had before the Court and after due deliberation

and sufficient cause appearing therefor,

1.       The Retention Application is granted to the extent set forth herein.

2.       The Debtors are authorized pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to

employ and retain Stout as real estate consultant and advisor, acting at the direction of the

Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the

terms and conditions set forth in the Engagement Letter, including the Indemnification

Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to

November 21, 2018, and to pay fees and reimburse expenses to Stout on the terms and times set

forth in the Engagement Letter as modified hereby.

3.       The terms of the Engagement Letter are reasonable terms and conditions

of employment and are approved, as hereinafter modified.

4.       Notwithstanding anything to the contrary in the Engagement Letter, the

Application, or the Kernen Declaration, to the extent that the Debtors request Stout to perform

any services other than those detailed in the Engagement Letter, the Debtors shall seek further

application for an order of approval by the Court for a supplement to the retention and any

related modifications to the Engagement Letter and such application shall set forth, in addition to

the additional services to be performed, the additional fees sought to be paid.

5.       Stout shall be compensated and reimbursed for out-of-pocket expenses

pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement

Letter, and all fees and out-of-pocket expense reimbursements to be paid to Stout shall be subject

3

to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy

Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code,

except as set forth herein. Stout shall be compensated in accordance with this Court's *Order
Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of
Professionals* [Docket No. 796].

6.      Stout shall file interim and final fee applications for the allowance of

compensation for services rendered and reimbursement of expenses incurred (including the

reasonable fees, disbursements and other charges of Stout's counsel (which counsel shall not be

required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in

accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the

applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this

Court.

7.      Notwithstanding anything to the contrary contained herein, the U.S.

Trustee shall have the right to object to Stout's interim and final applications for compensation

and reimbursement of out-of-pocket expenses based on the reasonableness standard in section

330 of the Bankruptcy Code.

8.      Stout shall include in its fee applications, among other things, time records

setting forth, in summary format, a description of the services rendered by each professional, and

the amount of time spent on each date by each such individual in rendering services on behalf of

the Debtors.

9.      The Debtors shall be bound by the indemnification, contribution,

reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify

4

and hold harmless Stout, pursuant to the Engagement Letter, subject, during the pendency of

these Chapter 11 cases, to the following:

> (a)    All requests by Stout for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall Stout be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall Stout be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, Stout's own bad-faith, self-dealing, gross negligence, or willful misconduct.

> (b)    In the event Stout seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Stout's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.    To the extent that there may be any inconsistency between the terms of the

Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11.    The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order.

12.    Notice of the Retention Application as provided therein shall be deemed

good and sufficient notice of such Retention Application and the requirements of the Local Rules

are satisfied by such notice.

13.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

14.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

15.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:    White Plains, New York
          December 26, 2018

                                        /s/ Robert D. Drain_____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Monthly Fee Statements**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                          :          **Chapter 11**
                                                :
**SEARS HOLDINGS CORPORATION,** *et al.*,       :          **Case No. 18-23538 (RDD)**
                                                :
        **Debtors.** [1]                        :          **(Jointly Administered)**
                                                :
-------------------------------------------------------------x

### FOURTH MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC
### FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR
### MARCH 1, 2019 THROUGH MARCH 31, 2019

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | March 1, 2019 through March 31, 2019 |
| Monthly Fees Incurred: | $2,121.00 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| 20% Holdback: | $424.20 |
| Total Compensation Less 20% Holdback: | $1,696.80 |
| Monthly Expenses Incurred: | $0 |
| Total Fees and Expenses Due: | $1,696.80 |

This is a:  __X__ monthly ____interim ____final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this fourth monthly fee statement (the "Fourth Monthly Fee Statement"), seeking compensation for services rendered as real estate consultant and advisor to the Debtors, for the period from March 1, 2019 through March 31, 2019 (the "Fourth Monthly Fee Period").  By this Fourth Monthly Fee Statement, Stout seeks payment in the amount of $1,696.80, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Fourth Monthly Fee Period.

### Services Rendered

Attached are the following schedules in support of this Fourth Monthly Fee Statement:

- Exhibit A – Time Detail by Date by Professional

- Exhibit B – Summary of Time Detail by Professional

### Notice and Objection Procedures

Notice of this Fourth Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and

---

[2]  Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

2

Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (v) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this Fourth Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **April 27, 2019** (the "Objection Deadline"), setting forth the nature of the objection and the amount of fees at issue (an "Objection").

If no objections to this Fourth Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees identified herein.

If an objection to this Fourth Monthly Fee Statement is received on or before the Objection Deadline, the Debtors shall withhold payment of that portion of this Fourth Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and

3

disbursements in the percentages set forth above.  To the extent such an objection is not resolved,

it shall be preserved and scheduled for consideration at the next interim fee application hearing to

be heard by the Court.

*[Remainder of page intentionally left blank]*

4

Dated: April 12, 2019

_____

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

April 12, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064


Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC
("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated
debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the
restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro
Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the
engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement
Letter"), Stout submits this statement detailing professional fees and expenses in connection
with the work completed on behalf of the Debtor for the period from March 1, 2019 through
March 31, 2019 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $2,121.00. Stout is
eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the
fifteen (15) day objection period. Accordingly, the total amount payable herein pending no
objections is $1,696.80.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

Please do not hesitate to contact me with any questions or concerns.


Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

18-23538-shl    Doc 3181    Filed 04/12/19    Entered 04/12/19 16:42:34    Main Document
Pg 37 of 67



April 12, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:           4039415
Invoice #:          125088

|  | Amount |
|---|---|
| For Professional Services Rendered | $2,121.00 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $2,121.00 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $1,696.80 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:    **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:    **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



**Exhibit A**

Invoice Date: 04/12/2019          Invoice #: 125088          Matter #: 4039415

# Professional Charges

In Reference To:   Sears Holdings Corporation Bankruptcy - Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 03/26/19 | Kevin A. Kernen | Research | 0.90 | 505.00 | 454.50 |
| 03/27/19 | Kevin A. Kernen | Retention documents | 1.00 | 505.00 | 505.00 |
| 03/29/19 | Kevin A. Kernen | Retention document preparation | 2.30 | 505.00 | 1,161.50 |
| Total | | | 4.20 | | $2,121.00 |

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

18-23538-rdd    Doc 3131    Filed 04/12/19    Entered 04/12/19 16:42:34    Main Document
Pg 9 of 10



**Exhibit B**

| Professional Charges Summary | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Title** | **Hours** | **Rate** | **Amount** |
| Kevin A. Kernen | Managing Dir. | 4.20 | 505.00 | 2,121.00 |
| | | | | |
| Total Professional Charges | | | | $2,121.00 |

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

18-23538-shl    Doc 3181    Filed 04/12/19    Entered 04/12/19 16:44:31    Main Document
Pg 36 of 67



April 12, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:     Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:            4039415
Invoice #:           125088

|  | Amount |
|---|---|
| For Professional Services Rendered | $2,121.00 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $2,121.00 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $1,696.80 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:     **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:     **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                    :        Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, *et al.*,     :        Case No. 18-23538 (RDD)
                                          :
        Debtors. [1]                      :        (Jointly Administered)
                                          :
---------------------------------------------------------------x

### FIFTH MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR APRIL 1, 2019 THROUGH APRIL 30, 2019

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | April 1, 2019 through April 30, 2019 |
| Monthly Fees Incurred: | $2,766.00 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| 20% Holdback: | $553.20 |
| Total Compensation Less 20% Holdback: | $2,212.80 |
| Monthly Expenses Incurred: | $0 |
| Total Fees and Expenses Due: | $2,212.80 |

This is a: __X__ monthly _____ interim _____ final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this fifth monthly fee statement (the "Fifth Monthly Fee Statement"), seeking compensation for services rendered as real estate consultant and advisor to the Debtors, for the period from April 1, 2019 through April 30, 2019 (the "Fifth Monthly Fee Period"). By this Fifth Monthly Fee Statement, Stout seeks payment in the amount of $2,212.80, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Fifth Monthly Fee Period.

### Services Rendered

Attached are the following schedules in support of this Fifth Monthly Fee Statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

### Notice and Objection Procedures

Notice of this Fifth Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and

---

[2] Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com); (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this Fifth Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **May 25, 2019** (the "Objection Deadline"), setting forth the nature of the objection and the amount of fees at issue (an "Objection").

If no objections to this Fifth Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees identified herein.

18-23538-rdd    Doc 3801    Filed 06/16/19    Entered 06/16/19 16:24:31    Main Document
Pg 40 of 67

If an objection to this Fifth Monthly Fee Statement is received on or before the Objection Deadline, the Debtors shall withhold payment of that portion of this Fifth Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above. To the extent such an objection is not resolved, it shall be preserved and scheduled for consideration at the next interim fee application hearing to be heard by the Court.

*[Remainder of page intentionally left blank]*

4

Dated: May 10, 2019

_____

Kevin Kernen
Managing Director
Stout Risius Ross, LLC



May 10, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC ("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement Letter"), Stout submits this statement detailing professional fees and expenses in connection with the work completed on behalf of the Debtor for the period from April 1, 2019 through April 30, 2019 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $2,766.00. Stout is eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the fifteen (15) day objection period. Accordingly, the total amount payable herein pending no objections is $2,212.80.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



May 10, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:      Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:             4039415
Invoice #:            125769

|  | Amount |
|---|---|
| For Professional Services Rendered | $2,766.00 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $2,766.00 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $2,212.80 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:      **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:      **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

18-23538-shl    Doc 3801    Filed 05/10/19    Entered 05/10/19 16:24:31    Main Document
Pg 9 of 10



**Exhibit A**

Invoice Date: 05/10/2019          Invoice #: 125769          Matter #: 4039415

# Professional Charges

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 04/10/19 | Kevin A. Kernen | Document research | 1.10 | 505.00 | 555.50 |
| 04/11/19 | Kevin A. Kernen | Retention documents | 1.00 | 505.00 | 505.00 |
| 04/12/19 | Kevin A. Kernen | Retention documents | 0.80 | 505.00 | 404.00 |
| 04/15/19 | Kevin A. Kernen | Market Research | 0.30 | 505.00 | 151.50 |
| 04/15/19 | Charles Carr | Research | 2.00 | 230.00 | 460.00 |
| 04/16/19 | Charles Carr | Review complaint | 3.00 | 230.00 | 690.00 |
| Total | | | 8.20 | | $2,766.00 |

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



**Exhibit B**

| Professional Charges Summary | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Title** | **Hours** | **Rate** | **Amount** |
| Kevin A. Kernen | Managing Dir. | 3.20 | 505.00 | 1,616.00 |
| Charles Carr | Associate | 5.00 | 230.00 | 1,150.00 |
| | | | | |
| Total Professional Charges | | | | $2,766.00 |

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

18-23538-shl   Doc 3801   Filed 05/10/19   Entered 05/10/19 16:24:01   Main Document
Pg 10 of 10



May 10, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

| In Reference To: | Sears Holdings Corporation Bankruptcy - Seritage Properties |
| Matter #: | 4039415 |
| Invoice #: | 125769 |

| | Amount |
| --- | --- |
| For Professional Services Rendered | $2,766.00 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $2,766.00 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $2,212.80 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:       **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:       **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors. [1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

### SIXTH MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR MAY 1, 2019 THROUGH MAY 31, 2019

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | May 1, 2019 through May 31, 2019 |
| Monthly Fees Incurred: | $8,873.50 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| 20% Holdback: | $1,774.70 |
| Total Compensation Less 20% Holdback: | $7,098.80 |
| Monthly Expenses Incurred: | $0 |
| Total Fees and Expenses Due: | $7,098.80 |

This is a: __X__ monthly ____interim ____final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this sixth monthly fee statement (the "Sixth Monthly Fee Statement"), seeking compensation for services rendered as real estate consultant and advisor to the Debtors, for the period from May 1, 2019 through May 31, 2019 (the "Sixth Monthly Fee Period"). By this Sixth Monthly Fee Statement, Stout seeks payment in the amount of $7,098.80, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Sixth Monthly Fee Period.

### Services Rendered

Attached are the following schedules in support of this Sixth Monthly Fee Statement:

- Exhibit A – Time Detail by Date by Professional

- Exhibit B – Summary of Time Detail by Professional

### Notice and Objection Procedures

Notice of this Sixth Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and

---

[2]    Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, <u>Attention</u>: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com); (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, <u>Attention</u>: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, <u>Attention</u>: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "<u>Notice Parties</u>").

Objections to this Sixth Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **June 27, 2019** (the "<u>Objection Deadline</u>"), setting forth the nature of the objection and the amount of fees at issue (an "<u>Objection</u>").

If no objections to this Sixth Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees identified herein.

3

If an objection to this Sixth Monthly Fee Statement is received on or before the

Objection Deadline, the Debtors shall withhold payment of that portion of this Sixth Monthly Fee

Statement to which the objection is directed and promptly pay the remainder of the fees and

disbursements in the percentages set forth above.  To the extent such an objection is not resolved,

it shall be preserved and scheduled for consideration at the next interim fee application hearing to

be heard by the Court.

*[Remainder of page intentionally left blank]*

Dated: June 12, 2019

Kevin Kernen
Managing Director
Stout Risius Ross, LLC



June 12, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC ("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement Letter"), Stout submits this statement detailing professional fees and expenses in connection with the work completed on behalf of the Debtor for the period from May 1, 2019 through May 31, 2019 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $8,873.50. Stout is eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the fifteen (15) day objection period. Accordingly, the total amount payable herein pending no objections is $7,098.80.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

Please do not hesitate to contact me with any questions or concerns.


Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

18-23538-shl    Doc 4213    Filed 06/12/19    Entered 06/12/19 16:18:33    Main Document
Pg 53 of 71



June 12, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:     Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:            4039415
Invoice #:           126710

|  | Amount |
|---|---|
| For Professional Services Rendered | $8,873.50 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $8,873.50 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $7,098.80 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:     **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:     **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



**Exhibit A**

| Invoice Date: 06/12/2019 | Invoice #: 126710 | Matter #: 4039415 |
|---|---|---|

## Professional Charges

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05/03/19 | Kevin A. Kernen | Document review - review of complaint related documents | 0.30 | 505.00 | 151.50 |
| 05/05/19 | Kevin A. Kernen | Document review - review of complaint related documents | 4.10 | 505.00 | 2,070.50 |
| 05/06/19 | Kevin A. Kernen | Document review - review of complaint related documents | 2.40 | 505.00 | 1,212.00 |
| 05/07/19 | Kevin A. Kernen | Document review - review of complaint related documents | 0.50 | 505.00 | 252.50 |
| 05/07/19 | Charles Carr | Research - review of complaint related documents | 2.50 | 230.00 | 575.00 |
| 05/11/19 | Kevin A. Kernen | Research, document review - review of complaint related documents | 0.30 | 505.00 | 151.50 |
| 05/12/19 | Kevin A. Kernen | Research, document review - review of complaint related documents | 1.10 | 505.00 | 555.50 |
| 05/12/19 | Charles Carr | Research, document review - review of complaint related documents | 2.00 | 230.00 | 460.00 |
| 05/13/19 | Kevin A. Kernen | Research, document review - review of complaint related documents | 0.50 | 505.00 | 252.50 |
| 05/13/19 | Charles Carr | Research, document review - review of complaint related documents | 9.00 | 230.00 | 2,070.00 |
| 05/13/19 | Karla N. Gross | Research, document review - review of complaint related documents | 0.50 | 225.00 | 112.50 |
| 05/16/19 | Kevin A. Kernen | Research, document review - Seritage / Sears public documents | 1.10 | 505.00 | 555.50 |

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 05/17/19 | Kevin A. Kernen | Document review/research - Seritage / Sears public documents | 0.90 | 505.00 | 454.50 |
| Total | | | 25.20 | | $8,873.50 |



**Exhibit B**

<table>
<tr><td colspan="5" align="center">**Professional Charges Summary**</td></tr>
</table>

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Kevin A. Kernen | Managing Dir. | 11.20 | 505.00 | 5,656.00 |
| Charles Carr | Associate | 13.50 | 230.00 | 3,105.00 |
| Karla N. Gross | Associate | 0.50 | 225.00 | 112.50 |
| | | | | |
| Total Professional Charges | | | | $8,873.50 |

18-23538-shl    Doc 4213    Filed 06/12/19    Entered 06/12/19 16:13:33    Main Document
Pg 1 of 11



June 12, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

| In Reference To: | Sears Holdings Corporation Bankruptcy - Seritage Properties |
| Matter #: | 4039415 |
| Invoice #: | 126710 |

| | Amount |
| --- | --- |
| For Professional Services Rendered | $8,873.50 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $8,873.50 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $7,098.80 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:   **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:   **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                          :           **Chapter 11**
                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*,       :           **Case No. 18-23538 (RDD)**
                                                :
        Debtors.[1]                             :           **(Jointly Administered)**
                                                :
-------------------------------------------------------------x

### SEVENTH MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR <u>JUNE 1, 2019 THROUGH JUNE 30, 2019</u>

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | June 1, 2019 through June 30, 2019 |
| Monthly Fees Incurred: | $5,644.00 |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| | |
|---|---|
| 20% Holdback: | $1,128.80 |
| Total Compensation Less 20% Holdback: | $4,515.20 |
| Monthly Expenses Incurred: | $0 |
| Total Fees and Expenses Due: | $4,515.20 |

This is a:   __X__ monthly  ____interim  ____final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this seventh monthly fee statement (the "Seventh Monthly Fee Statement"), seeking compensation for services rendered as real estate consultant and advisor to the Debtors, for the period from June 1, 2019 through June 30, 2019 (the "Seventh Monthly Fee Period").  By this Seventh Monthly Fee Statement, Stout seeks payment in the amount of $4,515.20, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Seventh Monthly Fee Period.

### Services Rendered

Attached are the following schedules in support of this Seventh Monthly Fee Statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

### Notice and Objection Procedures

Notice of this Seventh Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and

---

[2]  Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

2

Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com); (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this Seventh Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **August 1, 2019** (the "Objection Deadline"), setting forth the nature of the objection and the amount of fees at issue (an "Objection").

If no objections to this Seventh Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees identified herein.

If an objection to this Seventh Monthly Fee Statement is received on or before the

Objection Deadline, the Debtors shall withhold payment of that portion of this Seventh Monthly

Fee Statement to which the objection is directed and promptly pay the remainder of the fees and

disbursements in the percentages set forth above.  To the extent such an objection is not resolved,

it shall be preserved and scheduled for consideration at the next interim fee application hearing to

be heard by the Court.

*[Remainder of page intentionally left blank]*

4

Dated: July 17, 2019

Kevin Kernen
Managing Director
Stout Risius Ross, LLC



July 16, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC ("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement Letter"), Stout submits this statement detailing professional fees and expenses in connection with the work completed on behalf of the Debtor for the period from June 1, 2019 through June 30, 2019 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $5,644.00. Stout is eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the fifteen (15) day objection period. Accordingly, the total amount payable herein pending no objections is $4,515.20.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

18-23538-shl    Doc 4552    Filed 07/17/19    Entered 07/17/19 16:03:54    Main Document
Pg 64 of 70



July 16, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

| In Reference To: | Sears Holdings Corporation Bankruptcy - Seritage Properties |
| Matter #: | 4039415 |
| Invoice #: | 127445 |

|  | Amount |
| --- | --- |
| For Professional Services Rendered | $5,644.00 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $5,644.00 |
| Balance Due (80% Fees + 100% Expenses) | $4,515.20 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:        **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:        **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



**Exhibit A**

| Invoice Date: 07/16/2019 | Invoice #: 127445 | Matter #: 4039415 |
|---|---|---|

## Professional Charges

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 06/04/19 | Kevin A. Kernen | Document review | 0.50 | 505.00 | 252.50 |
| 06/04/19 | Charles Carr | Client call and research | 1.00 | 230.00 | 230.00 |
| 06/07/19 | Kevin A. Kernen | Document review, data request preparation | 0.60 | 505.00 | 303.00 |
| 06/10/19 | Kevin A. Kernen | Document preparation - information request | 0.60 | 505.00 | 303.00 |
| 06/10/19 | Charles Carr | Review and edit document requests | 3.00 | 230.00 | 690.00 |
| 06/12/19 | Charles Carr | Review revised complaint | 2.00 | 230.00 | 460.00 |
| 06/13/19 | Kevin A. Kernen | Research / Review of documents - Complaint preparation | 2.00 | 505.00 | 1,010.00 |
| 06/13/19 | Charles Carr | Complete analysis relevant to statistics in complaint | 4.00 | 230.00 | 920.00 |
| 06/14/19 | Kevin A. Kernen | Document Review / Research - Property Records | 1.10 | 505.00 | 555.50 |
| 06/14/19 | Charles Carr | Analyze ownership entities | 2.00 | 230.00 | 460.00 |
| 06/20/19 | Charles Carr | Hearing phone Call | 2.00 | 230.00 | 460.00 |
| Total | | | 18.80 | | $5,644.00 |

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



**Exhibit B**

| Professional Charges Summary | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Title** | **Hours** | **Rate** | **Amount** |
| Kevin A. Kernen | Managing Dir. | 4.80 | 505.00 | 2,424.00 |
| Charles Carr | Associate | 14.00 | 230.00 | 3,220.00 |
| Total Professional Charges | | | | $5,644.00 |

18-23538-shl    Doc 4852    Filed 07/17/19    Entered 07/17/19 16:03:34    Main Document
Pg 10 of 10



July 16, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:            4039415
Invoice #:           127445

|  | Amount |
| --- | --- |
| For Professional Services Rendered | $5,644.00 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $5,644.00 |
| Balance Due (80% Fees + 100% Expenses) | $4,515.20 |

Please include the matter number and invoice number with your payment. If you have any questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:      **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:      **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting