**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re                                              :

                                                   :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*   :

                                                   :          **Case No. 18-23538 (RDD)**

                                                   :

           **Debtors.[1]**                         :          **(Jointly Administered)**

------------------------------------------------------------ x

## ORDER APPROVING THE REJECTION
## OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
## AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Rejection Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice, dated July 12, 2019 (ECF No. 4535) (the "**Rejection**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

**Notice**") of their intent to reject certain unexpired leases for the locations identified on **Exhibit 1**

hereto ("**Leases**") and to abandon any property remaining at the leased premises on the Rejection

Date (defined below) of the applicable Leases that the Debtors determine is too difficult to

remove or expensive to store, such that the economic benefits of removing or storing such

remaining property would by outweighed by the attendant costs in accordance with the terms of

the Rejection Procedures Order, and such notice having been adequate and appropriate under the

circumstances; and it appearing that no other or further notice need be provided; and no timely

objections having been filed to the Rejection Notice; and the Court having found and determined

that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all

parties in interest and a proper exercise of business judgment; and the affected non-Debtor

counterparty (each a "**Counterparty**") to the Leases and Transform Holdco LLC ("**Transform**")

having consented to the entry of this Order and the effective Rejection Date as set forth in

Exhibit 1; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      Each of the Leases is rejected pursuant to 11 U.S.C. § 365 and the

Rejection Procedures Order as set forth herein, effective as of the applicable date set forth on

Exhibit 1 (the "**Rejection Date**"); provided, however, that Transform shall surrender the

premises to each Counterparty, as required by the terms of the Rejection Procedures Order and

this Order, on or before the dates set forth on Exhibit 1.

2.      Pursuant to 11 U.S.C. § 365(d)(4) and the *Order Extending Time to

Assume or Reject Unexpired Leases and Subleases of Nonresidential Real Property* (ECF No.

776), the nonresidential real property lease for store # 1300 located at 2 Oakbrook Center, Oak

Brook, IL 60523 was deemed rejected as of May 13, 2019.

2

3.    Pursuant to the *Order Approving the Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* (ECF No. 3884), the nonresidential real property leases for the following locations were rejected as of April 30, 2019: (i) Store No. 1287, located at Coronado Center, Albuquerque, NM; (ii) Store No. 1318, located at Valley Plaza, Bakersfield, CA; (iii) Store No. 1844, located at The Mall in Columbia, Columbia, MD; and (iv) Store No. 1112, located at Ridgedale Center, Minnetonka, MN.

4.    Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned pursuant to 11 U.S.C. § 554 upon the Rejection Date and as contemplated by the Rejection Procedures Order and herein without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

5.    With respect to any assets abandoned at one of the Debtors' leased properties, the applicable Counterparty or other designee shall be free, after the Rejection Date, notwithstanding the automatic stay, to dispose of such property without liability to any party (including any third parties) and without further notice or order of the Court; and the applicable Counterparty's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

6.    If any Counterparty to a Lease asserts a claim against the Debtors arising from the rejection of the Lease, the Counterparty shall submit a proof of claim no later than thirty (30) days after the entry of this Order; provided, that each Counterparty may amend its proof of claim, but solely to the extent such amendment directly pertains to the applicable Lease, following the Rejection Date.  If a Counterparty does not timely file a proof of claim in

3

accordance with the terms of this Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection of their Lease, absent further order of this Court to the contrary.

7.    In addition to any other obligations it may have under the Asset Purchase Agreement, dated as of January 17, 2019, as amended, Transform agrees to be responsible for all obligations under the Leases accruing from and after February 11, 2019 through the Rejection Date.  In the event of nonpayment of such obligations, the Landlord's rights and remedies under Bankruptcy Code section 365(d)(3) shall be limited to rights to assert payment from Transform, and Transform reserves all rights to contest any such claims.

8.    Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) a waiver of the Debtors' or any appropriate party in interest's right to object to the amendment of any proof of claim filed in accordance herewith, or (v) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

9.    Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

10.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

4

WEIL:\97150240\2\73217.0004

11.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated:  August 14, 2019
        White Plains, New York

                                        /s/Robert D. Drain_____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

WEIL:\97150240\2\73217.0004

**Exhibit 1**

**Schedule of Rejected Leases**

WEIL:\97150240\2\73217.0004

## Schedule of Rejected Leases

1. Master Lease between GS Portfolio Holdings LLC, as Landlord, and Sears, Roebuck, and Co., as Tenant, dated as of June 18, 2015, including the below locations subject to this Master Lease:

| Location | Rejection Date |
|---|---|
| Pembroke Pines, FL (Store No. 1775) | September 30, 2019 |
| Staten Island, NY (Store No. 1624) | September 30, 2019 |

2. Master Lease between GS Portfolio Holdings (2017) LLC, as Landlord, and Sears Operations LLC, as Tenant, dated as of July 12, 2017, including the below locations subject to this Master Lease:

| Location | Rejection Date |
|---|---|
| Willowbrook, Wayne, NJ (Store No. 1434) | September 30, 2019 |
| Northridge, CA (Store No. 1508) | January 31, 2020 |