Edward M. Fox
Steven Paradise
Owen R. Wolfe
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 218-4646
Facsimile:  (917) 344-1339
Email:  emfox@seyfarth.com

*Attorneys for Wilmington Trust, National Association,
as indenture trustee and collateral agent*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF APPEAL

Wilmington Trust, National Association, as indenture trustee and collateral agent, ("Appellant"), a creditor and party-in-interest in the above-captioned bankruptcy case, appeals pursuant to 28 U.S.C. § 158(a) and Fed R. Bankr. P. 8001(a), 8002(a), and 8003 to the United States District Court for the Southern District of New York from the *Order Determining the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365) (collectively, the "Debtors").  The location of the Debtors corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Amount of Second-Lien Holders' Section 507(B) Administrative Claims Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure* entered August 5, 2019 [Dkt. No. 4740] (the "Order"). A copy of the Order is attached hereto as **Exhibit A**.

The names of all parties to the Order and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1. **Party: Appellant: Wilmington Trust, National Association, as Indenture Trustee Collateral Agent:**

    Attorneys:  Edward M. Fox
    Steven Paradise
    Owen R. Wolfe
    SEYFARTH SHAW LLP
    620 Eighth Avenue
    New York, New York 10018
    Telephone: (212) 218-5500

58565770v.1

**2. Party:** <u>**Appellee: Debtors**</u>**:**

<u>Attorneys</u>: Ray C. Schrock
David J. Lender
Paul R. Genender
Jared R. Friedmann
Sunny Singh
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

58565770v.1

**3. Party to the Order: <u>ESL Investments, Inc.</u>:**

<u>Attorneys</u>: Thomas J. Moloney
Sean A. O'Neal
Andrew Weaver
Katherine R. Lynch
Chelsey Rosenbloom
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

**4. Party to the Order: <u>Cyrus Capital Partners, L.P.</u>:**

<u>Attorneys</u>: Eric R. Riemer
Thomas R. Kreller
Robert J. Liubicic
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000

Brian Kinney
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000

4

5. **Party to the Order: <u>The Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.</u>:**

<u>Attorneys</u>:  Ira S. Dizengoff
Philip C. Dublin
Joseph L. Sorkin
Lacy M. Lawrence
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

Dated: New York, New York
August 14, 2019

SEYFARTH SHAW LLP

By: _/s/ *Edward M. Fox*_
Edward M. Fox
Steven Paradise
Owen R. Wolfe
620 Eighth Avenue
32nd Floor
New York, NY 10018
Direct Dial: (212) 218-4646
Direct Fax: (917) 344-1339
Email: emfox@seyfarth.com

*Attorneys for Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent*

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re                                                            :
                                                                 :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,    :
                                                                 :    Case No. 18-23538 (RDD)
                                                                 :
            Debtors.[1]                                          :    (Jointly Administered)
---------------------------------------------------------------- x

### ORDER DETERMINING THE AMOUNT OF SECOND-LIEN HOLDERS' SECTION 507(B) ADMINISTRATIVE CLAIMS PURSUANT TO RULE 3012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the *Motion to Estimate Certain 507(b) Claims for Reserve Purposes* dated May 26, 2019 (ECF No. 4034), and as supported by *Debtors' (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if Any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c)* (ECF No. 4381), the *Debtors' Supplemental Brief on Expert Discovery*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*and in Further Support of (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if Any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c)* (ECF No. 4565), and supporting declarations of Brian Griffith and Brandon Aebersold (ECF Nos. 4035, 4382, 4383, and 4567) (collectively, the "**Rule 3012 Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); and upon the *Debtors' Motion to Strike Second-Lien Holders' Experts in Connection with July 23, 2019 Hearing on Rule 507(b) Determination* (ECF No. 4568); and upon the *Common Memorandum of Law on Behalf of the Second Lien Parties: (A) In Support of Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c)* (ECF No. 4272), *the Common Reply Memorandum of Law on Behalf of the Second Lien Parties: (A) In Further Support of Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c)* (ECF No. 4439), *Common Supplemental Brief of the Second Lien Parties Addressing Discovery: (A) In Connection With Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b)*

---

[2] *See Stipulation and Order Concerning the Resolution of Certain Section 507(b) Claims* (ECF No. 4316) whereby the Debtors' motion is deemed to be a motion pursuant to Bankruptcy Rule 3012.

Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rule 3012 Motion.

2

*Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c)* (ECF No. 4570), supporting expert reports and declarations from Marti Murray, David Schulte, and William Henrich (ECF Nos. 4314, 4372, 4569, 4571, 4573), and the individual memoranda and reply memoranda of the Second-Lien Holders (ECF Nos. 4273, 4276, 4278, 4313, 4440, 4441, 4445, 4586, 4587) (collectively, the "**Second-Lien Holders' Request for 507(b) Administrative Claims**"); and upon the Second-Lien Parties' Motion *in Limine* and supporting declaration (ECF Nos. 4564 and 4566); and upon the *Creditors' Committee's (I) Qualified Joinder to the Debtors' Objection to the Second Lien Parties' Requests to Determine Claims Under Section 506(a) and Section 507(b) and Reply in Support of the Debtors' Rule 3012 Motion and (II) Supplemental Objection to the Second Lien Parties' Request to Determine Claims Under Section 506(a) and Section 507(b)* (ECF No. 4538); and the Court having jurisdiction to consider the Rule 3012 Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Rule 3012 Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b) that the Court can decide by a final order under the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Rule 3012 Motion and in the Second-Lien Holders' Request for 507(b) Administrative Claims and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held an evidentiary hearing to consider the relief requested in the Rule 3012 Motion and the Second-Lien Holders' Request for 507(b) Administrative Claims on

3

July 23, 2019 and July 31, 2019 (together, the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and, after due deliberation, the Court having determined for the reasons stated by the Court in its bench ruling at the Hearing,[3] which is incorporated herein, that the legal and factual bases established at the Hearing warrant the relief granted herein; now, therefore, it is hereby **ORDERED THAT:**

1.  Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure, the amount of the Second-Lien Holders' claims pursuant to section 507(b) of the Bankruptcy Code is determined to be $0.00, a calculated below:

| *($ in millions)* | |
|---|---|
| **Collateral** | |
| Net Eligible Inventory as of Petition Date | 2,391.5 |
| Inventory Value Recovery Rate | 87.40% |
| **Inventory Value** | 2,090.17 |
| Credit Card Receivables | 46.6 |
| Cash | - |
| Scripts | - |
| Pharmacy Receivables | 10.5 |
| **Total Collateral** | 2,147.27[4] |
| | |
| **First Lien / Senior Debt** | |
| Revolving Credit Facility | 836.0 |
| First Lien Letters of Credit | 123.8 |
| First Lien Term Loan B | 570.8 |
| FILO Term Loan | 125.0 |
| Stand-Alone L/C Facility | 271.1[5] |
| Post-petition First Lien Interest | 34.0 |
| Total First Lien Debt | 1,960.7 |

---

[3] Upon reviewing the proposed orders submitted by the parties, the Court realized that it had erred in assuming a starting 87.8% value as against eligible inventory instead of an 88.7% value, in each case before a 1.3% reduction for corporate overhead attributable to such collateral; this Order reflects the correct assumption.

[4] For the reasons set forth on the record of the Hearing, the Second-Lien Holders have not met their burden to include ineligible inventory or inventory-in-transit as Collateral on the Petition Date.

[5] For the reasons set forth on the record of the Hearing, the Second-Lien Holders have not met their burden to show a lower value for either Letter of Credit Facility senior debt.

|  |  |
|---|---:|
| 2L Debt Remaining Value | 186.57 |
| Credit Bid | (433.5) |
| Credit Bid Adjusted 2L Debt Collateral Value | (246.93) |
| Less: Value of 2L Adequate Protection | (0.3) |
| Total | (246.63) |

2. Because there was no diminution in the value of the Second-Lien Holders' Collateral from the Petition Date through the Effective Date, neither the Prepetition Second Lien Collateral Agent (on behalf of any Second-Lien Holder or itself) nor any Second-Lien Holder shall have any liens on or recourse to the Winddown Account.

3. The Court's rulings on the record at the Hearing are incorporated herein by reference, except as specified in footnote 3 hereof.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: August 5, 2019
       White Plains, New York

                                              /s/Robert D. Drain
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE