Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999

-and-

BALLARD SPAHR LLP
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# SUMMARY COVER SHEET FOR FIRST JOINT APPLICATION OF PAUL E. HARNER, AS FEE EXAMINER AND BALLARD SPAHR LLP, AS COUNSEL TO THE FEE EXAMINER FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED <u>FROM APRIL 22, 2019 THROUGH JUNE 30, 2019</u>

| *General Information* | |
|---|---|
| Name of Applicants: | Paul E. Harner, Fee Examiner<br>Ballard Spahr LLP, Counsel to Fee Examiner |
| Authorized to Provide Professional Services to: | The Fee Examiner |
| Petition Date: | October 15, 2018 |
| Date of Retention: | Order entered April 22, 2019<br>[Dkt. No. 3307]<br><br>Order entered May 22, 2019<br>[Dkt. No. 3985], *nunc pro tunc* to April 22, 2019 |
| Prior Applications: | None |
| Period for Which Compensation and Reimbursement are Sought: | April 22, 2019 to June 30, 2019 |

| *Summary of Fees and Expenses Requested for Compensation Period* | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $159,601.50<br>Ballard Spahr LLP: $113,834.00<br>**Total: $273,435.50** |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $835.29<br>Ballard Spahr LLP: $711.00<br>**Total: $1,546.29** |
| Total Compensation and Expense Reimbursement Requested: | Paul E. Harner, Fee Examiner: $160,436.79<br>Ballard Spahr LLP: $114,545.00<br>**Total: $274,981.79** |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
|---|---|
| Total Allowed Fees Paid to Date: | $0.00 |
| Total Allowed Expenses Paid to Date: | $0.00 |
| Total Allowed Fees and Expenses Paid to Date: | $0.00 |

*Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements*

| | |
|---|---:|
| Fees Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Total Fees and Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Total Fees and Expenses Sought for this Compensation Period Not Yet Paid: | $274,981.79 |
| ***Summary of Rates and Other Related Information for this Compensation Period*** | |
| Blended Rate in This Application for All Ballard Spahr Attorneys: | $592.70 |
| Blended Rate in This Application for All Ballard Spahr Timekeepers: | $498.40 |
| Number of Ballard Spahr Timekeepers Included in this Application: | 13 |
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 5 |
| Increase in Rates Since Date of Retention: | None |

**This is an** _____ **Monthly**   _X_ **Interim**   _____ **Final   Fee Application**

3

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed and ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@80%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 7/11/19 ECF No. 4520 | April 22, 2019 to May 31, 2019[1] | $167,226.00 | $1,167.25 | $133,780.80 | $1,167.25 | $0.00 | $0.00 | N/A |
| 8/2/19 ECF No. 4715 | June 1, 2019 to June 30, 2019 | $106,209.50 | $379.04 | $84,947.60 | $379.04 | $0.00 | $0.00 | N/A |

**Summary of Any Objections to Monthly Fee Statements**: None.

---

[1] This statement included fees and expenses incurred by or on behalf of the Fee Examiner during a brief period preceding his appointment. Such time and/or expenses were primarily related to the retention of the Fee Examiner and, therefore, benefit the estate.

4

## COMPENSATION OF FEE EXAMINER
## APRIL 22, 2019 THROUGH JUNE 30, 2019

| Timekeeper | Position | Year Admitted to Practice | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Paul E. Harner | Partner | 1988 | $1,305.00 | 122.3 | $159,601.50 |
| **Total** | | | | **122.3** | **$159,601.50** |

## COMPENSATION PROFESSIONALS AND PARAPROFESSIONALS
## APRIL 2019 THROUGH JUNE 30, 2019

| Name of Attorney | Position | Year Admitted to Practice | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Vincent J. Marriott, III | Partner | 1982 | $985.00 | 18.0 | $17,730.00 |
| Tobey M. Daluz | Partner | 1990 | $895.00 | 20.1 | $17,989.50 |
| Matthew G. Summers | Partner | 2000 | $725.00 | 2.9 | $2,102.50 |
| Laurel D. Roglen | Associate | 2012 | $490.00 | 64.3 | $31,507.00 |
| Chantelle D. McClamb | Associate | 2011 | $445.00 | 35.3 | $15,708.50 |
| Michael G. Greenfield | Associate | 2014 | $445.00 | 2.5 | $1,112.50 |
| Maya Salah | Associate | 2008 | $415.00 | 1.1 | $456.50 |
| Chad P. Jimenez | Associate | 2013 | $365.00 | 2.4 | $876.00 |
| Brian N. Kearney | Associate | 2019 | $335.00 | 2.3 | $770.50 |
| **Total Attorney** | | | | **148.9** | **$88,253.00** |

| Name of Paraprofessional | Title | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kyle Neitzel | Paralegal | $350.00 | 35.4 | $12,390.00 |
| Caroline P. Pollard | Paralegal | $310.00 | 32.1 | $9,951.00 |
| Christopher Lano | Paralegal | $270.00 | 11.5 | $3,105.00 |
| Marisa Maddox | Paralegal | $270.00 | 0.5 | $135.00 |
| **Total Paraprofessional** | | | 79.5 | **$25,581.00** |

5

**COMPENSATION BY TASK CODE FOR SERVICES RENDERED BY THE
FEE EXAMINER FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2019**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Applications (B160) | 11.7 | $15,268.50 |
| Fee/Employment Objections (B170) | 110.6 | $144,333.00 |
| **Total** | **122.3** | **$159,601.50** |

**COMPENSATION BY TASK CODE FOR SERVICES
RENDERED BY PROFESSIONALS AND PARAPROFESSIONALS
FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2019**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Applications (B160) | 52.9 | $28,239.50 |
| Fee/Employment Objections (B170) | 172.8 | $24,871.50 |
| Non-Working Travel (B195) | 2.7 | $1,323.00 |
| **Total** | **228.4** | **$113,834.00** |

**EXPENSE SUMMARY FOR THE FEE EXAMINER
FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2019**

| Disbursements | Amount |
|---|---|
| Court Conference Appearance | $0.25 |
| Air/Rail Expense | $620.00 |
| Outgoing Fax | $0.25 |
| Business Meals | $174.79 |
| Travel Expenses | $40.00 |
| **Total** | **$835.29** |

**EXPENSE SUMMARY FOR PROFESSIONALS AND PARAPROFESSIONALS
FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2019**

| Disbursements | Amount |
|---|---|
| Delivery Service – Federal Express | $316.92 |
| L. Roglen Business Meal for Hearing on Retention Application | $33.00 |
| L. Roglen – Train to/from NY for Hearing on Retention Application | $347.43 |
| Filing Fees | $13.65 |
| **Total** | **$711.00** |

Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999

-and-

BALLARD SPAHR LLP
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**FIRST JOINT APPLICATION OF PAUL E. HARNER, AS FEE EXAMINER AND BALLARD SPAHR LLP, AS COUNSEL TO THE FEE EXAMINER FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM APRIL 22, 2019 THROUGH JUNE 30, 2019**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Paul E. Harner, as Fee Examiner (the "Fee Examiner"), and Ballard Spahr LLP ("Ballard Spahr"), counsel to the Fee Examiner, hereby submit this first joint interim fee application (the "Fee Application") pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective November 1, 2013 (the "U.S. Trustee Guidelines"), the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order," and together with the Local Rules, the Local Guidelines, and the U.S. Trustee Guidelines, the "Guidelines") for interim allowance of compensation in the aggregate amount of $273,435.50 for professional services performed and the reimbursement of actual and necessary expenses in the aggregate amount of $1,546.29 incurred for the period from April 22, 2019[2] through June 30, 2019 (the

---

[2] The Fee Examiner and Ballard Spahr incurred fees and expenses by or on behalf of the Fee Examiner during a brief period preceding the Fee Examiner's appointment. Such time and/or expenses were primarily related to the retention of the Fee Examiner and, therefore, benefit the estate.

2

"Compensation Period"). In support of this Fee Application, the Fee Examiner and Ballard Spahr submit the certification of Paul E. Harner, as Fee Examiner, which is attached hereto as Exhibit A. In further support of this Fee Application, the Fee Examiner and Ballard Spahr respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 15, 2018 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner (other than a fee examiner) has been made in these chapter 11 cases.

3. On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

4. On November 16, 2018, the Court entered the Interim Compensation Order [Docket No. 796].

5. Given the size and complexity of the cases as well as the number of professionals retained by the Debtors and the Creditors' Committee, on January 3, 2019, the U.S. Trustee filed the *Motion of United States Trustee for Order Authorizing Appointment of Independent Fee Examiner* [Docket No. 1470] (the "Fee Examiner Motion") requesting that the Court appoint an

3

independent fee examiner to provide substantive analysis of the applications for allowance of compensation and reimbursement of expenses filed by professionals subject to the Interim Compensation Order (collectively, the "Retained Professionals").

6. On April 22, 2019, the Court entered the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"), granting the Fee Examiner Motion and directing the appointment of the Fee Examiner. On May 22, 2019, the Court authorized the Fee Examiner to retain Ballard Spahr as his counsel *nunc pro tunc* to April 22, 2019 [Docket No. 3985] (the "Ballard Spahr Retention Order"). The Fee Examiner Order charged the Fee Examiner with the responsibility of reviewing and assessing all applications filed by Retained Professionals for compliance with the Guidelines.

7. From the Petition Date through February 28, 2019, the Court authorized the Debtors and the Creditors' Committee to retain a total of 16 different Retained Professionals. These Retained Professionals filed applications seeking fees in the aggregate amount of $130,076,561.59 and reimbursement of expenses in the aggregate amount of $3,809,041.33 for the period from the Petition Date through February 28, 2019.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

8. During the Compensation Period, the Fee Examiner and Ballard Spahr attorneys and paraprofessionals expended a total of 350.7 hours for which compensation is sought. The Fee Examiner and Ballard Spahr seek allowance of compensation for the professional services rendered during the Compensation Period in the amount of $273,435.50 and reimbursement of expenses incurred in connection with the provision of such services in the amount of $1,546.29.

The Fee Examiner and Ballard Spahr reserve the right to request additional compensation for the Compensation Period to the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period.

9. There is no agreement or understanding between the Fee Examiner and Ballard Spahr and any other person, other than the members of Ballard Spahr, for the sharing of compensation to be received for services rendered in these cases. During the Compensation Period, the Fee Examiner and Ballard Spahr received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered during the Compensation Period and addressed by this Application (other than those in accordance with the Interim Compensation Order).

10. The fees charged by the Fee Examiner and Ballard Spahr in these cases are billed in accordance with Ballard Spahr's existing billing rates and procedures in effect during the Compensation Period. The rates Ballard Spahr charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Ballard Spahr charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

11. Ballard Spahr maintains computerized records of all time spent by all Ballard Spahr's attorneys and paraprofessionals in connection with its representation of the Fee Examiner. The Fee Examiner and Ballard Spahr have provided itemized time records for professionals and paraprofessionals performing services during the Compensation Period to the Notice Parties identified in the Interim Compensation Order by attaching computerized records of time spent to

5

the monthly fee statement filed by the Fee Examiner and Ballard Spahr. All entries itemized in the Fee Examiner's and Ballard Spahr's time records comply with the requirements set forth in the Guidelines. Further, all entries itemized in the Fee Examiner's and Ballard Spahr's expense records comply with the requirements set forth in the Guidelines.

12. Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, attached hereto as <u>Exhibit A</u> is a certification by the Fee Examiner regarding compliance with the Guidelines. Attached hereto as <u>Exhibit B</u> are copies of the Fee Examiner's and Ballard Spahr's detailed time records and out-of-pocket expenses, which have been previously filed as exhibits to the Fee Examiner's and Ballard Spahr's monthly fee statements.

### SUMMARY OF SERVICES PERFORMED BY THE FEE EXAMINER AND BALLARD SPAHR DURING THE COMPENSATION PERIOD

13. The following is a summary of the services rendered by the Fee Examiner and Ballard Spahr, broken down by project category.

    A. <u>Fee/Employment Applications</u> (Task Code B160)
       Fees: $43,508.00; Hours 64.6

The Fee Examiner and Ballard Spahr drafted Ballard Spahr's retention application, related affidavits, notices, and other documents in connection with obtaining authorization for Ballard Spahr's retention. The Fee Examiner and Ballard Spahr also drafted monthly fee applications.

    B. <u>Fee/Employment Objections</u> (Task Code B170)
       Fees: $228,604.50; Hours 283.4

14. The Fee Examiner and Ballard Spahr reviewed the retention applications, retention orders, and other documents relating to the employment and scope of services for each of the Retained Professionals. The Fee Examiner and Ballard Spahr prepared the fee and expense data submitted by the Retained Professionals for review. The Fee Examiner and Ballard Spahr compiled

a list of potential issues, objections and inconsistencies with the Guidelines and created procedures for the review of the fees and expenses submitted by the Retained Professionals.

## ACTUAL AND NECESSARY DISBURSEMENTS

15.     The Fee Examiner and Ballard Spahr disbursed $1,546.29 in expenses incurred in connection with providing professional services during the Compensation Period.  These charges are intended to reimburse the Fee Examiner and Ballard Spahr for direct operating costs which are not built into their hourly rates.  These expenses are reasonable and necessary and were essential to the provision of services by the Fee Examiner and Ballard Spahr.

16.     Ballard Spahr charges for external services at the provider's cost without markup. With respect to duplication charges, Ballard Spahr charges $0.10 per page in compliance with the U.S. Trustee Guidelines.  The Fee Examiner and Ballard Spahr have made every effort to minimize the disbursements in these chapter 11 cases.

17.     The actual expenses incurred in providing professional services were necessary, reasonable and justifiable under the circumstances to provide the services pursuant to the Fee Examiner Order and the Ballard Spahr Retention Order.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

18.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

7

> In determining the amount of reasonable compensation to be awarded to …[a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addresses;
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

§ 330(a)(3).

19.   The Fee Examiner and Ballard Spahr respectfully submit that the services for which they seek compensation and the expenditures for which they seek reimbursement in this Fee Application were necessary and appropriate for the orderly administration of the estates.  In light of the nature, extent, and value of such services, the Fee Examiner and Ballard Spahr submit that the compensation request herein is reasonable under the applicable standards.

20.   The Fee Examiner and Ballard Spahr respectfully request that the Court approve the compensation for professional services and reimbursement of expenses sought in this Fee Application.

## **NOTICE**

21. Pursuant to the Interim Compensation Order, notice of this Fee Application has been served upon: Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn: Rob Riecker, Luke Valentino, Esq.); Counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Paul Schwartzberg, Esq., and Richard Morrissey, Esq.); Counsel for the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.); Counsel for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.).

## NO PRIOR REQUEST

22. No prior request for the relief requested herein has been made by the Fee Examiner or Ballard Spahr to this or any other Court.

## CONCLUSION

WHEREFORE, the Fee Examiner and Ballard Spahr respectfully request that the Court enter an order: (i) approving the interim allowance of $273,435.50 for compensation for professional services rendered by the Fee Examiner and Ballard Spahr during the Compensation Period; (ii) approving the reimbursement of out of pocket expenses incurred by the Fee Examiner and Ballard Spahr in connection with rendering such services during the Compensation Period in the amount of $1,546.29; (iii) directing payment by the Debtors of the amounts allowed; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: August 14, 2019

*/s/ Chantelle D. McClamb*
Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999

-and-

Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
*admitted *pro hac vice*

*Counsel for the Fee Examiner*

10