18-23538-shl    Doc 4854    Filed 08/15/19    Entered 08/15/19 16:11:26    Main Document
                                    Pg 1 of 7

**Hearing Date and Time: August 22, 2019 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                          :   Chapter 11
                                                               :
**SEARS HOLDINGS CORPORATION,** *et al.***,**  :   Case No. 18-23538 (RDD)
                                                               :
                Debtors.[1]                      :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## DEBTORS' OMNIBUS OBJECTION TO VENDORS' MOTIONS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this omnibus objection to the following motions (the **"Motions"**):

(i) *Motion of GroupBy USA, Inc., for Allowance and Payment of Administrative Expense Claim and for Related Relief* (ECF No. 3404);

(ii) *Motion of Aspen Marketing Services, Inc. to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. § 503(b) for Services Provided to the Debtor Post-Petition* (ECF No. 4001);

(iii) *Johnson Controls, Inc.'s Motion to Allow Administrative Expense and Rejection Damages Claims Related to Sensormatic Software Maintenance Contract* (ECF No. 4026);

(iv) *Motion of Maxcolor, LLC for Allowance and Payment of Administrative Expense Claims* (ECF No. 4176);

(v) *Motion of M&S Landscaping Inc. for an Order Pursuant to 11 U.S.C. § 503 (i) Granting an Administrative Claim; (ii) Compelling the Immediate Payment of the Administrative Claim for Services Rendered by M&S Landscaping Inc. and Incurred by the Debtor Post-Petition; and (iii) For Such Other and Further Relief the Court Deems Appropriate* (ECF No. 4306);

(vi) *Johnson Controls, Inc.'s Motion to Allow Administrative Expense and Rejection Damages Claims Related to HVAC Contract* (ECF No. 4589);

(vii) *Motion of Verint Americas Inc. for Allowance and Payment of Administrative Expense Claim and for Related Relief* (ECF No. 4613);

(viii) *Motion of Alpine Creations Ltd. to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. §§ 503(b)(1) and 503(b)(9)* (ECF No. 4631) (the "**Alpine Motion**");

(ix) *Mingle Fashion's Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 503(b) and 105(a) to Allow and Compel Payment of Administrative Expense Claims* (ECF No. 4689);

(x) *Motion of Weihai Lianqiao International Coop. Group Co., Ltd to Allow and Compel Payment of Administrative Expense Claims Under 11 U.S.C. §§ 503(b)(1) and 503(b)(9)* (ECF No. 4706) (the "**Weihai Motion**"); and

(xi)  *Motion of Vehicle Service Group, LLC d/b/a Rotary, a Dover Company, for Allowance and Payment of Administrative Expense Claim Under 11 U.S.C. §§ 503(b)(1) and 503(b)(9)* (ECF No. 4728).

**Objection**

1. The eleven Motions assert, and seek allowance and payment of, administrative expense claims (i) totaling $1,950,825.30 under section 503(b)(1) of the Bankruptcy Code (the "**503(b)(1) Claims**") and (ii) totaling $1,609,734.93 under section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**" and, together with the 503(b)(1) Claims, the "**Administrative Claims**").

2. The movants are not entitled to a determination that their claims are allowed or to force the Debtors to reconcile or object to their claims ahead of all others. In addition, under the circumstances of these cases, prior to confirmation of a chapter 11 plan, the movants are not entitled to immediate payment of any allowed claims. The Court has recognized both of these principles before. *See Hr'g Tr.* Dec. 20, 2018 at 45-46 ("I think it is important . . . on an orderly way to deal with [503(b)(9) Claims] so that no one is unduly rewarded for coming first or unduly prejudiced for not coming first."); *see also Hr'g Tr.* May 21, 2019 at 127:5–7 ("[I]n the exercise of my discretion I believe that it would be improper to direct the payment of any particular administrative expense at this point."). Accordingly, the Court should deny the Motions, without prejudice.

3. The Debtors adjourned the date of the hearing to consider Confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Reorganization of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 4704) (as may be amended and modified from time to time, the "**Plan**") to September 18, 2019 (the "**Confirmation Hearing**"). As the Debtors had stated at the June 20, 2019 Omnibus Hearing, the Debtors had previously adjourned confirmation to provide all parties in interest with additional time to negotiate fundamental issues,

including, but not limited to, the Debtors' dispute with Transform Holdco LLC regarding that certain Assert Purchase Agreement, dated as of January 17, 2019, adequate protection issues under section 507(b), and the treatment of administrative claims. *See Hr'g Tr.* June 20, 2019 at 20-24. The Debtors continue to work with parties in interest regarding these issues.

4. The Debtors have begun, but have not completed, the reconciliation of all of the prepetition claims filed asserting entitlement to administrative priority pursuant to sections 503(b)(1), 503(b)(9), and 507.[2] They have filed objections to disallow 159 proofs of claim, totaling $889,225,176.30, and to reclassify as general unsecured claims 342 proofs of claim, totaling $36,156,018.89. *See Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* (ECF No. 4775); *Debtors' Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* (ECF No. 4776). They have further identified an additional 5,500 claims that will be disallowed pursuant to the terms of the confirmed Plan. *See, e.g.,* Plan § 9.2(a)(vi) (providing for disallowance of claims for the same liability asserted against multiple Debtors). The Debtors' advisors are working with the Official Committee of Unsecured Creditors' advisors to evaluate the remaining approximately 5,500 priority claims asserted to date,[3] to evaluate proposals received by various parties for settlements of asserted priority claims, and to develop a proposal that would further support confirmation of the Plan.

5. As with all other prepetition claims, claims entitled to priority will be deemed allowed unless objected to. *See* 11 U.S.C. § 502(a). It is the Debtors' duty to determine

---

[2] The Confirmation Order will establish a bar date for postpetition administrative claims.

[3] Each asserted claim requires a fact-intensive analysis, as well as access to, and validation of, historical information from the Debtors' books and records and the documentation provided by the claimants. *See, e.g.,* Alpine Motion (attaching over 350 pages of documentation); Weihai Motion (attaching over 600 pages of documentation).

the most efficient way to resolve claims for the benefit of all parties-in-interest.[4] The alternative process—a run on the Court—as adopted by the movants, simply is not practicable.

6. As the Court has recognized, it is well established that administrative claims need not to be paid upon request. *See In re Baptist Medical Center, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985), *aff'd*, 781 F.2d 973 (2d Cir. 1986); Collier on Bankruptcy ¶ 503.03 (16th ed. 2019) ("The Bankruptcy Code does not set forth the appropriate time for paying allowed administrative expenses."). Instead, the "determination of the timing of payment of administrative expenses is a matter within the discretion of the bankruptcy court." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (2002); *see also Baptist Medical Center*, 52 B.R. at 421. Courts in this Circuit look to a variety of factors in determining whether to order immediate payment, including: (i) bankruptcy's goal of orderly and equal distribution among creditors; (ii) the need to prevent a race to the courthouse; (iii) the particular needs of the administrative claimant; and (iv) the length and expense of the chapter 11 cases. *See HQ Global Holdings, Inc.*, 282 B.R. at 173; *see also Baptist Medical Center*, 52 B.R. at 421 (providing that it was properly within the court's discretion to delay payment of an administrative expense).

7. The Court should exercise its discretion to deny the movants' requests for immediate payment. Here, several of the very movants, as well as other purportedly similarly situated vendors, have questioned the Debtors' administrative solvency and the Debtors' ability to

---

[4] The Court has already approved procedures to enhance the efficiency of the claims resolution process. *See Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (permitting omnibus objections to claims; staying discovery by creditors until either the conclusion of a sufficiency hearing or the Debtors have served the applicable claimant a notice of merits hearing; permitting the debtors, in their sole discretion, to schedule hearings relating to contested claims objections). In addition, in recognition of the significant tasks ahead and limited resources of the Debtors' estates, the Plan provides the Liquidating Trustee at the direction of the Liquidating Trust Board (as such terms are defined in the Plan) the authority to reconcile claims at least 180 days or longer if so ordered by the Court after the effective date. *See* Plan § 12.1.

pay administrative claims in full.[5] Where there is doubt regarding the debtor's ability to pay all administrative claims in full, courts usually disallow distributions prior to confirmation of the debtor's plan. *See HQ Global Holdings, Inc.*, 282 B.R. at 173 (providing that, "distributions prior to confirmation of a plan are usually disallowed when the estate may not be able to pay all administrative expenses in full"); *see also Baptist Medical Center*, 52 B.R. at 421 (affirming Bankruptcy Court's decision denying immediate payment of certain administrative claims); *In re Korea Chosun Daily Times*, 337 B.R. 773, 784-85 (Bankr. E.D.N.Y. 2005); *In re Standard Furniture*, 3 B.R. 527 (Bankr. S.D. Cal. 1980).

### Reservation of Rights

8.  Movants continue to bear the burden to establish their right to an administrative expense claim.[6] With respect to 503(b)(1) Claims, movants must satisfy an established two-part test. First, "the expense must arise out of a transaction between the creditor and the bankrupt's trustee or debtor-in-possession." *In re Adelphia Bus. Solutions, Inc.*, 296 B.R. 656, 661-62 (Bankr. S.D.N.Y. 2003) (internal citations and quotation marks omitted). Second, the consideration supporting the claimant's right to payment must be "both supplied to and beneficial

---

[5] *See Objection of Alpine Creations Ltd. to Confirmation of Debtors' Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4700) ("if there is currently insufficient cash in the Debtors' estates, the Debtors need to seek out other sources to cover such administrative claim if they wish to confirm a plan"); *Limited Objection of Winners Industry Co., Ltd to Confirmation of the Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4678) (arguing that "[t]he Debtors cannot show that they have sufficient cash to pay administrative expense claimants"); *Objection of Tannor Capital Advisors LLC to Confirmation of the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4673) (same); *Objection of Mien Co. Ltd., et al to Confirmation of the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4726) ("There is simply no basis for the Objecting Creditors to 'trust' that Administrative Expense Claims will be paid in full . . . .").

[6] *See, e.g., Adelphia Bus. Solutions, Inc.*, 296 B.R. at 662 (Bankr. S.D.N.Y. 2003) ("[T]he party seeking administrative expense status bears the burden of establishing its entitlement to that status."); *In re Globe Metallurgical, Inc.*, 312 B.R. at 40 (same); *WorldCom*, 308 B.R. at 166 (same); *Old Carco*, 424 B.R. at 657 (same).

6

to the debtor in possession in the operation of the business." *Id.*; *see also Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986).

9. The Debtors reserve all of their rights, including but not limited to the right to supplement this Objection as necessary, to object to the allowance of any claims asserted in the Motion, and to take discovery of movants in connection therewith.[7]

### Conclusion

For all of the foregoing reasons, the Debtors request that the Court deny the Motions, without prejudice.

Dated:   August 15, 2019
        New York, New York

                                        */s/ Garrett Fail*
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007
                                        Ray C. Schrock, P.C.
                                        Jacqueline Marcus
                                        Garrett A. Fail
                                        Sunny Singh

                                        *Attorneys for Debtors*
                                        *and Debtors in Possession*

---

[7] The Court cannot allow the 503(b)(1)(A) Claims based on inducement and actual and necessary benefit without permitting the Debtors to conduct discovery, without an evidentiary hearing, and without supplemental briefing with respect to a variety of complex factual and legal issues. *See Adelphia Bus. Solutions, Inc.*, 296 B.R. at 666 (adjourning request for administrative claim to allow for an evidentiary hearing on the inducement factor); *see also In re Patient Educ. Media, Inc.*, 221 B.R. 97 (Bankr. S.D.N.Y. 1998) (holding that claimant was entitled to payment of an administrative claim only after holding an evidentiary hearing); *In re Bookbinders' Rest., Inc.*, No. BKY 06-12302ELF, 2006 WL 3858020, at *7 (Bankr. E.D. Pa. Dec. 28, 2006) (declining to direct immediate payment of administrative claim and, instead, scheduling an evidentiary hearing "to permit the parties to make an evidentiary record to guide the exercise of [the court's] discretion."). Movants have not satisfied their heavy burdens through the Motions alone. While Movants have not requested an evidentiary hearing pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 139), the Debtors' reserve all their rights to object to any request.