**DLA Piper LLP (US)**  
Richard A. Chesley  
R. Craig Martin  
Rachel Ehrlich Albanese  
Alana M. Friedberg  
1251 Avenue of the Americas, 27th Floor  
New York, NY 10020-1104  
Phone: (212) 335-4500  
Fax: (212) 335-4501  
*Attorneys for Transform Holdco LLC*

**Hearing Date and Time:**  
**August 22, 2019 at 10:00 A.M.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                        :   Case No. 18-23538 (RDD)
                                                                :
                                    Debtors.                    :   (Jointly Administered)
---------------------------------------------------------------- x

### TRANSFORM HOLDCO LLC'S SUPPLEMENTAL REPLY AND CROSS-MOTION TO: (A) STRIKE MOAC MALL HOLDINGS LLC'S FOURTH SUPPLEMENTAL (I) OBJECTIONS AND REPLY TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES, AND (II) OBJECTION TO DEBTOR'S STATED CURE AMOUNT; AND (B) PERMIT LATE FILED RESPONSES TO REQUESTS FOR ADMISSION[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); u Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein have the meaning given to them in *Transform Holdco LLC's Reply to MOAC Mall Holdings LLC's (I) Objection to Supplemental Notice of Cure Costs and Potential Assumption*

Transform Holdco LLC ("**Buyer**"), for itself and on behalf of its affiliate Transform Leaseco LLC ("**Transform Leaseco**"), as buyer of substantially all of the Debtors' assets under the Sale Order (ECF No. 2507)[3], submits this *Supplemental Reply and Cross-Motion to: (A) Strike MOAC Mall Holdings LLC's Fourth Supplemental (I) Objections and Reply to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases, and (II) Objection to Debtor's Stated Cure Amount;* ("**Fourth Objection**") *and (B) Permit Late Filed Responses to Requests for Admission* ("**Supplemental Reply**"). Through this Supplemental Reply, Buyer respectfully requests that the Court strike the Fourth Objection and permit Buyer to amend its inadvertent delay in providing responses to requests for admission.

## PRELIMINARY STATEMENT

The hearing on the Debtors' assumption and assignment of the Lease between Sears and MOAC was set for July 11, 2019, by stipulation (ECF No. 4354; "**Stipulation**"). The Stipulation not only set the hearing on the assumption and assignment of the Lease *and all the three Objections that MOAC had filed*, but also dealt with a number of Lease-related issues; namely, it extended the time for assumption or assignment under 11 U.S.C. § 365(d)(4), and reflected the parties' agreement that the Lease is in a "shopping center" under 11 U.S.C. § 365(b)(3). Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, parties have until two business days prior to the date of the hearing to file any replies, which meant that July 9

---

*and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction; (II) Second Supplemental and Amended: (A) Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases, and (B) Objection to Debtor's Stated Cure Amount; and (III) Third Supplemental and Amended Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 4454; "**Reply**").

[3] The order, which was entered on February 8, 2019, is titled: *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief.*

2

was the reply date with respect to the Objections. (ECF 405 ¶ 30.) In fact, Buyer timely filed its Reply to MOAC's three Objections.[4] At almost the exact same moment, MOAC filed the Fourth Objection, largely reiterating all of its prior arguments (in some instances relying on Buyer's prior counsel's e-mails that fully support Buyer's position), and contending that Buyer had failed to respond to any of MOAC's discovery requests, and that as a result, MOAC's requests for admission ("**Requests for Admission**") are "deemed admitted" pursuant to Federal Rule of Civil Procedure 36(a)(3). (*See* Fourth Obj. ¶ 15.) At the outset, the Fourth Objection was filed out of time under the *Amended Order Implementing Certain Notice and Case Management Procedures*, which provides that objections must be filed at least seven days before the hearing. (ECF 405 ¶ 29.)

As a general matter, the Fourth Objection is a regurgitation of many of the points raised in MOAC's previous filings, and crystalizes the issues before the Court: namely, do the terms of the Lease apply such that Buyer has complied with requirements under section 365 to take an assignment of the Lease or should the Court disregard the terms of the Lease agreed to by MOAC and prohibit assignment. As noted in the Reply, the intent behind the adequate assurance provisions for shopping center leases was to ensure enforcement of a lease pursuant to its terms, and where a landlord waives specific requirements that might otherwise be covered by the shopping center provisions, the lease governs. (*See* Reply at ¶ 31 (citing *In re Ames Dep't Store, Inc.*, 127 B.R. 744, 752-53 (Bankr. S.D.N.Y. 1991)).) Thus, as a main point and in supplemental reply, Buyer observes that for the reasons stated in the Reply, the Fourth Objection raises no new

---

[4]     As a courtesy, Buyer's counsel not only provided a draft of the Reply to MOAC's counsel early on July 8, 2019, but also immediately forwarded the filed copy of the Reply to MOAC's counsel. However, MOAC showed no such courtesy. In fact, MOAC's counsel did not even tell Buyer's counsel that it had filed the Fourth Objection. Buyer's counsel was not aware of the Fourth Objection until it received the draft Agenda from the Debtors on the morning of July 9, 2019.

issues or information that are material to this Court's consideration of assumption and assignment of the Lease to Buyer and Transform Leaseco, other than a "gotcha" argument that, contrary to every position taken in the papers filed, Transform should be deemed to have admitted facts favorable to MOAC.

In support of this Motion, Buyer acknowledges it inadvertently did not timely respond to certain Requests for Admission.[5] Notably, however, counsel for Buyer was not aware that the discovery had been served, as MOAC never raised this issue through a notice, motion to compel, or by filing a motion under Federal Rule of Civil Procedure 36(a)(6) for a determination that the adequate protection package did not address the issues in the Requests for Admission. Because of MOAC's tactical decision to spring the admissions on the Court at the last minute, Buyer first realized the inadvertent discovery lapse when it reviewed the Fourth Objection. Notably, however, as of the filing of the Fourth Objection, Buyer provided significant information to MOAC that is responsive to the Requests for Admission and had already stipulated to one of the requests. Indeed, the Reply relies on a declaration and legal argument that are contrary to the "deemed" admissions. Moreover, to address MOAC's requests, Buyer has since responded to the Requests for Admission,[6] curing any inadvertence almost a full month before the rescheduled hearing. Thus, to the extent the Court views any of the admissions as material, Federal Rule of Civil Procedure 36(b) provides that the Court may permit Buyer to amend them and to allow Buyer additional time to respond to them (through the date of the ruling on this pleading) as doing so will not prejudice MOAC and will ensure that the merits of the matter are properly presented to the Court. Since

---

[5] In addition, Buyer changed counsel regarding the Lease, and thus the Requests for Admission were inadvertently not responded to.

[6] The Buyer's response to the Requests for Admission was provided on July 26, 2019, and a true and correct copy of that response is in the parties' joint exhibit binder.

4

Buyer already responded to the Requests for Admission, albeit untimely due to inadvertence, Buyer seeks to have the Court deem its July 26 response as Buyer's amended response.

## RELIEF REQUESTED

### A.    Motion to Strike

1. As set forth in its Reply, Buyer is entitled to take an assignment of the Lease because it has eliminated the economic risk to MOAC as landlord and because it intends to take that assignment subject to all the terms of the Lease. (*See* Reply ¶¶ 17-24.) In addition, as stated in the Reply (and as stated in the e-mail that MOAC attaches as Exhibit E to the Flynn Declaration in Support of the Fourth Objection[7]), Transform Leaseco intends to find new tenants to occupy *all* of the space subject to the Lease. (*See* Reply at 5; *see also* ECF No. 4451 at Ex. E.) The Lease is in a Mall that has almost every use imaginable in it and permits Sears to vacate, not use, or sublease any part of the leased premises. (*See* Reply ¶¶ 1, 2, 7.) As a consequence, there is no viable objection to assignment that can be stated in a sensible way. Indeed, as noted in the Reply, the Lease provides that so long as the assignee has over $50 million in assets or equity value, MOAC is obligated to consent to the Assignment. (*See* Reply ¶¶ 20, 24.) Obviously, recognizing that the Lease that it negotiated permits assignment in this Court, MOAC's Objections, including the Fourth Objection, is light on any reference to the Lease or other operating documents, placing wholesale reliance upon the shopping center provisions in section 365(b)(3) of the Bankruptcy Code and supposed admissions leading to victory. This type of approach elevates technicality over justice and should be rejected, and the Federal Rule of Civil Procedure 36(b) authorizes this Court to do just that.

---

[7]    The Flynn Declaration, which was filed on July 8, 2019, is titled *Declaration of Thomas J. Flynn Supporting MOAC Mall Holdings LLC's Fourth Supplemental Objections and Reply to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases*.

5

2. Recognizing full well the timing of the impending hearing and Buyer's Reply, MOAC lobbed in the Fourth Objection solely in an effort to preclude a fair and proper response from Buyer. And, while the Fourth Objection largely reiterates arguments advanced previously, with the limited time available, a proper response to these positions is impractical and fundamentally unfair to the Court and Buyer. All notions of equity counsel that the Fourth Objection is subsumed within prior briefing and that it should be struck. The Court should then also not consider the related Declaration submitted therewith.

### B. Motion to Permit Late Response as an Amended Response to Admissions

3. Transform Leaseco acknowledges it inadvertently failed to respond to the Requests for Admission in a timely manner in large part due to a transition in counsel. As noted, Buyer did provide information in the form of an adequate assurance package that addresses the alleged "deemed admissions" as does the Reply and the related Declaration submitted therewith. In addition, the deemed admissions on which MOAC relies are irrelevant because the express terms of the Lease govern the issues here and striking the Fourth Objection will not impinge on this docket and the deemed admissions will fall away. Thus, while Transform Leaseco does admit it will not operate in the leased premises because it is going to find replacement tenant(s), and as stated in the Reply, it intends to do so within a reasonable period so long as MOAC does not interfere with its subleasing efforts. Additionally, the operating data and its comparison to Sears in 1991 is irrelevant in light of the provisions in the Lease which require MOAC to consent to an assignment to a party with over $50 million in assets or equity value and the fact that Buyer has removed any economic risk to MOAC from the assumption and assignment. (*See* Reply ¶¶ 20, 24.) The deemed admissions then add no material relevant point to this matter and can be summarily rejected once the Fourth Objection is struck. If the Fourth Objection is not struck, then

the July 26 responses the Buyer submitted, while admittedly late, can constitute an amendment to the admissions.

4. Alternatively, if the Court finds the request for admissions germane to this dispute, Buyer contends that it has a reasonable excuse for the delay and that permitting Buyer to amend its inadvertent admissions will promote the presentation of the merits of the action because the admissions are contrary to the Lease and thus not relevant to this matter. Consequently, vacating the deemed admissions to the Requests for Admission and granting Buyer additional time to answer them, which it has now already done, will not prejudice MOAC.

5. The relevant Federal Rule of Civil Procedure expressly gives this Court the power to deem Buyer's July 26 response as an amendment:

> A matter admitted under [Rule 36] is conclusively established *unless the court, on motion, permits the admission to be withdrawn or amended.* Subject to Rule 16(e), *the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits*.

Fed.R.Civ.P. 36(b) (emphasis added). As noted in Wright & Miller, this Court has the power to permit amendments to admissions *even after the time fixed by the rule has expired* because an inadvertent admission should be avoided when doing so will aid in the presentation of the merits of the action and will not prejudice the party who made the request. *See, e.g.*, *Stacks v. Bluejay Hlds. LLC,* No. 4:10CV00718JLH, 2011 WL 1118663 (E. D. Ark. Mar. 28, 2011), at *1-2 (citing *Taylor–Shaw v. Bestway Rent to Own*, 5:09-CV-03329, 2010 WL 1416536, at *5 (E.D. Ark. Apr. 7, 2010) (quoting 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FED. PRACT. AND PRO. § 2257, at 343–45, n.8 (2010)) (emphasis supplied).)

6. Here, the "deemed admissions" simply do not square with the evidence or argument Buyer submitted in the Reply, a draft of which was shared with MOAC, as a professional courtesy,

7

*before* the Fourth Objection was filed and which should have enabled MOAC to determine that it would be misleading to the Court to rely on a technical "deemed admission" argument. Thus, to the extent necessary and to ensure proper presentation of the dispute regarding the Lease to the Court, Buyer requests that the Court vacate any deemed admissions and deem Buyer's July 26 response to the Requests for Admission as an amendment thereto.

## CONCLUSION

For the reasons set forth above, Buyer respectfully requests that this Court (i) strike MOAC's Fourth Objection; (ii) deem the July 26 response to the Requests for Admission as an amendment to the admissions, or alternatively, vacate the deemed admissions; and (iii) grant Buyer such other and further relief as is just and appropriate.

Dated: New York, New York.
August 16, 2019

Respectfully submitted,

**DLA Piper LLP (US)**
1251 Avenue of the Americas**,** 27th Floor
New York, NY 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501


By: */s/ R. Craig Martin*
    Richard A. Chesley
    R. Craig Martin
    Rachel Ehrlich Albanese
    Alana M. Friedberg

*Attorneys for Transform Holdco LLC*

EAST\168757565.4