David W. Dykhouse (dwdykhouse@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Tel: (212) 336-2000
Fax: 9212) 336-2222

Thomas J. Flynn (tflynn@larkinhoffman.com)
LARKIN HOFFMAN DALY & LINDGREN, LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota 55437-1060
Tel: (952) 835-3800
Fax: (952) 896-3333

*Attorneys for MOAC Mall Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

**MOTION OF MOAC MALL HOLDINGS LLC FOR LEAVE TO FILE UNDER SEAL ITS DECLARATION OF LOUIS W. FRILLMAN IN OPPOSITION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE MOAC LEASE**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

MOAC Mall Holdings LLC ("MOAC"), a landlord in the above-captioned case, by and through its undersigned counsel, respectfully submits this motion pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 as ECF No. 1084 (the "Protective Order") for leave to file under seal its forthcoming *Declaration of Louis W. Frillman in Opposition to the Proposed Assumption and Assignment of the MOAC Lease* (the "Frillman Declaration"). MOAC prays for entry of an order, substantially in the form attached hereto as **Exhibit A**. In further support of this motion, MOAC respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408, 1409.

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 107(b); Fed. R. Bankr. P. 9018; and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

## BACKGROUND

4. On October 15, 2018, Sears Holdings Corporation and its affiliated debtor entities (collectively, "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the date of filing, Debtors have been operating and managing their businesses as debtors-in-possession.

5. MOAC is the owner of property, a mall in Bloomington, Minnesota, more popularly known as Mall of America®. Debtor Sears ("Sears") is an anchor tenant in that building under lease Debtors identify as Store No. 1722.

6. On February 8, 2019, the Bankruptcy Court entered the Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief as ECF No. 2507 (the "Sale Order"), approving the sale of certain assets of Debtors to Transform Holdco LLC ("Holdco"). The Sale Order also provided a process for the possible subsequent assumption and assignment of other executory contracts and leases ("Designatable Leases"), but explicitly preserved "all timely objections to the assumption and assignment of a Contract or Lease that is not an Initial Assigned Agreement [assigned through the Sale Order]." *See* Sale Order at 25-26.

7. MOAC timely filed its objection on January 30, 2019 as ECF No. 2199.

8. On April 19, 2019, Debtors filed their Notice of Assumption and Assignment of Additional Designatable Leases as ECF No. 3298 ("Notice of Assignment"), which included MOAC's lease as a lease to be assigned to Transform Leaseco LLC ("Leaseco"), an affiliate of Holdco. The Notice of Assignment also defined a deadline of May 3, 2019 to object to the assumption and assignment of the noticed leases. *See* Notice of Assignment at 4.

9. On May 2, 2019, MOAC supplemented and amended its objections to the assumption and assignment of its lease, filed as ECF No. 3501.

10. Numerous other landlords also filed similar supplemental objections prior to the May 3, 2019 deadline. Debtors and Holdco each filed subsequent responses to landlord objections, including MOAC's prior objections, as ECF Nos. 3651 and 3654, respectively.

11. MOAC further amended and supplemented its objections, filed as ECF No. 3926.

12. The parties appeared for an omnibus hearing before the Honorable Robert D. Drain on June 20, 2019, which was then continued to August 22, 2019.

13. Following the June 20 omnibus hearing, MOAC filed its *Fourth Supplemental (I) Objections and Reply to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases, and (II) Objection to Debtor's Stated Cure Amount* as ECF No. 4450, to which Holdco filed a reply as ECF No. 4454.

14. Pursuant to the *Third Notice of Establishment of Omnibus Hearing Dates Pursuant to Amended Case management Order Implementing Certain Notice and Case Management Procedures* filed as ECF No. 4549, parties will appear for the continued omnibus hearing commencing at 10:00 a.m. Eastern Standard Time on Thursday, August 22, 2019 before the Honorable Robert D. Drain to be held at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

15. MOAC has not previously applied for leave to file under seal nor for similar relief.

## RELIEF REQUESTED

16. By this motion, MOAC seeks entry of the attached proposed order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rules 9018 and 9037, granting permission to file its Frillman Declaration under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court or as otherwise specified by the Chambers of the honorable Robert D. Drain, United States Bankruptcy Judge.

## BASIS FOR RELIEF

17. The Bankruptcy Code provides strong support for filing under seal.  Section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part:

4.

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may–
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b)(1).

18. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Section 107(b) of the Bankruptcy Code and provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

Fed. R. Bankr. P. 9018.

19. The Protective Order governs the terms by which "all information, documents and things exchanged in or subject to discovery that is produced on or after November 7, 2018" that are designated as confidential or highly confidential may be used and reproduced. *See* Protective Order at 2, 3, 5. In particular, the order states that if such designated material is to be filed with the Court, then it must be filed under seal. *Id*. at ¶13.

20. MOAC intends to use in its Frillman Declaration information designated by the producing party, Holdco, as confidential. Pursuant to the Protective Order, MOAC must file this information materials under seal. An unredacted version of this sealed document will be provided to the Court, Debtors, United States Trustee and Holdco. A redacted version of the same will be electronically filed for the public court record.

## **NOTICE**

Notice of this motion will be provided according to the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* filed as ECF No. 405.

5.

## **CONCLUSION**

MOAC respectfully requests that the Court authorize it to file its Frillman Declaration under seal and any further relief the Court deems just and equitable.

Dated:  August 18, 2019          Respectfully submitted,

　　　　　　　　　　　　　　　　 */e/ Thomas J. Flynn*
　　　　　　　　　　　　　　　　 Thomas J. Flynn (30570)
　　　　　　　　　　　　　　　　 Larkin Hoffman Daly & Lindgren, Ltd.
　　　　　　　　　　　　　　　　 8300 Norman Center Drive
　　　　　　　　　　　　　　　　 Suite 1000
　　　　　　　　　　　　　　　　 Minneapolis, Minnesota  55437-1060
　　　　　　　　　　　　　　　　 (952) 835-3800
　　　　　　　　　　　　　　　　 tflynn@larkinhoffman.com

　　　　　　　　　　　　　　　　 Admitted *pro hac vice* on December 26, 2018

Dated:  August 18, 2019          */e/ David W. Dykhouse*
　　　　　　　　　　　　　　　　 David W. Dykhouse
　　　　　　　　　　　　　　　　 Patterson Belknap Webb & Tyler LLP
　　　　　　　　　　　　　　　　 1133 Avenue of the Americas
　　　　　　　　　　　　　　　　 New York, New York  10036-6710
　　　　　　　　　　　　　　　　 (212) 336-2000
　　　　　　　　　　　　　　　　 dwdykhouse@pbwt.com

　　　　　　　　　　　　　　　　 *Attorneys for MOAC Mall Holdings LLC*

4847-1074-3200, v. 1

# **EXHIBIT A**

David W. Dykhouse (dwdykhouse@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Tel: (212) 336-2000
Fax: 9212) 336-2222

Thomas J. Flynn (tflynn@larkinhoffman.com)
LARKIN HOFFMAN DALY & LINDGREN, LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota 55437-1060
Tel: (952) 835-3800
Fax: (952) 896-3333

*Attorneys for MOAC Mall Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

**ORDER GRANTING MOTION OF MOAC MALL HOLDINGS LLC FOR LEAVE TO FILE UNDER SEAL ITS DECLARATION OF LOUIS W. FRILLMAN IN OPPOSITION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE MOAC LEASE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Upon (i) the motion of MOAC Mall Holdings LLC ("MOAC") for entry of an order authorizing it to file under seal its *Declaration of Louis W. Frillman in Opposition to the Proposed Assumption and Assignment of the MOAC Lease* (the "Frillman Declaration"); (ii) the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (iii) the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) the Court having found that venue of this proceeding and the motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the Court having found that MOAC provided appropriate notice of the motion and no other notice need be provided; (vi) the Court having determined that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; (vii) all the proceedings had before the Court; and (viii) due deliberation and sufficient cause,

IT IS HEREBY ORDERED:

1. MOAC's motion is granted as set forth herein;

2. MOAC is authorized to file its Frillman Declaration under seal (the "Sealed Document"), redacting only that information that is designated confidential and considered commercially sensitive pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to MOAC, the Sealed Document shall remain under seal and shall not be made available to anyone without the consent of MOAC, except that an unredacted copy of the Sealed Document shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to Debtors (on a confidential and "professional eyes only" basis), (d) Transform Holdco LLC, and (e) any other party as may be ordered by the Court or agreed to by MOAC and a counterparty to any such Sealed Document, in

each case, under appropriate confidentiality agreements satisfactory to MOAC. Each party to whom disclosure is made shall keep the Sealed Document confidential.

4. MOAC is authorized to take all actions necessary to effectuate the ruling set forth in this order.

5. This order is without prejudice to the rights of any party in interest or the United States Trustee to seek to unseal the Sealed Document or any part thereof.

6. Counsel for MOAC shall contact the Clerk's Office regarding the return or destruction of the Sealed Document within 10 days after the final disposition of the underlying dispute.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2019
    White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4820-4212-2913, v. 1