**DLA PIPER LLP (US)**
Richard A. Chesley
R. Craig Martin
Rachel Ehrlich Albanese
Alana M. Friedberg
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel to Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION TO SEAL EVIDENTIARY HEARING DECLARATION OF ROGER A. PUERTO IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY TO MOAC MALL HOLDINGS LLC'S (I) OBJECTION TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION; (II) SECOND SUPPLEMENTAL AND AMENDED: (A) OBJECTIONS TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES, AND (B) OBJECTION TO DEBTOR'S STATED CURE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

EAST\168776436.2

**AMOUNT; AND (III) THIRD SUPPLEMENTAL AND AMENDED OBJECTIONS TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Transform Holdco LLC ("**Buyer**"), for itself and on behalf of its affiliate Transform Leaseco LLC ("**Transform Leaseco**"), as buyer of substantially all of the Debtors' assets under the Sale Order (ECF No. 2507)[2], files this motion to seal ("**Seal Motion**") portions of the *Evidentiary Hearing Declaration of Roger A. Puerto* ("**Declaration**") *in Support of Transform Holdco LLC's Reply to MOAC Mall Holdings LLC's* ("**MOAC**") *(I) Objection to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction; (II) Second Supplemental and Amended: (A) Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases, and (B) Objection to Debtor's Stated Cure Amount; and (III) Third Supplemental and Amended Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases* ("**Reply**") and respectfully states as follows:

## BACKGROUND

1. On October 15, 2018 ("**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have been operating and managing their businesses as debtors in possession.

2. On November 1, 2018, the Debtors filed a motion (ECF No. 429) seeking, among other things, the entry of an order authorizing and approving procedures for the sale of the Debtors' assets and for the assumption and assignment of executory contracts and/or unexpired non-

---

[2] The Sale Order is titled *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*.

2

residential real property leases of the Debtors. On November 19, 2018, the Bankruptcy Court entered an order (ECF No. 816) approving the global bidding and sale procedures for the sale of the Debtors' assets.

3. On January 14, 2019, the Debtors commenced an auction for the sale of substantially all of their assets. On January 16, 2019, Buyer was declared the successful bidder at the auction, and on January 18, 2019, the Debtors filed a notice to this effect (ECF No. 1730).

4. On February 8, 2019, the Court entered the Sale Order.

5. The Debtors filed notices designating executory contracts and unexpired leases for assumption and assignment (ECF No. 1774, "**Initial Notice**"; ECF No. 3298, "**Supplemental Notice**").

6. MOAC filed an objection to the Initial Notice (ECF No. 2199; "**Initial Objection**") and to the Supplemental Notice (ECF No. 3501, "**Supplemental Objection**").

7. On May 7, 2019, Buyer filed the *Omnibus Reply in Support of Assumption and Assignment of Designated Leases* (ECF No. 3654) responding to numerous objections to the Notices, including those filed by MOAC.

8. On May 17, 2019 and July 8, 2019, MOAC filed the third and fourth objections to the Notices (ECF No. 3926, "**Amended Objection**"; ECF No. 4450, "**Fourth Objection**").

9. Also on July 8, 2019, Buyer filed its Reply to the Initial Objection, Supplemental Objection, and Amended Objection (ECF No. 4454).

10. On August 16, 2019, Buyer filed its Supplemental Reply and Cross-Motion to MOAC's Fourth Objection (ECF No. 4867).

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

12.     Venue is proper under 28 U.S.C. §§ 1408 and 1409.

13.     The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code ("**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

## RELIEF REQUESTED

14.     By this Seal Motion, Buyer seeks authorization to file portions of the Declaration under seal with the Clerk of this Court, which items may not be unsealed until and unless permitted by further order of the Court.  A redacted version of the Declaration will be filed on the docket.

## BASIS FOR RELIEF

15.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm resulting from the disclosure of confidential information.  Specifically, section 107(b) of the Bankruptcy Code provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

16.     Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public.  *Video Software Dealers Ass'n v. Orion*

*Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).  Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.*  Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *Id.* at 28.

17.     Bankruptcy Rule 9018 permits the court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018.

18.     When granting motions to seal, courts have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant.  *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (quoting *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006)); *see also In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (noting that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

19.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." *Video Software Dealers Ass'n*, 21 F.3d at 28.  Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27 (emphasis in original).  Courts have further held that

5

"the authority to issue the resulting [seal] order is broad—'any order which justice requires.'" *In re Global Crossing, Ltd.*, 295 B.R. at 724 (quoting Fed. R. Bankr. P. 9018).

20. Sufficient cause exists for this Court to grant the relief requested in this Seal Motion. The Declaration contains Buyer's confidential financial information as well as information about Buyer's real estate. Should such information be made publicly available, Buyer would be greatly prejudiced in its future negotiations with other parties similarly situated to MOAC.

21. Accordingly, Buyer respectfully submits that there is ample cause for the relief requested in this Seal Motion.

## NOTICE

22. Notice of this Seal Motion will be provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405). Buyer respectfully submits that no other or further notice is required.

WHEREFORE, Buyer respectfully requests that the Court authorize it to file the Declaration under seal, with a redacted version filed on the docket, and grant such further relief as is just and appropriate.

Dated: New York, New York  
       August 19, 2019

Respectfully submitted,

**DLA Piper LLP (US)**  
1251 Avenue of the Americas  
New York, NY 10020-1104  
Phone: (212) 335-4500  
Fax: (212) 335-4501

By: /s/ Rachel Ehrlich Albanese  
    Richard A. Chesley  
    R. Craig Martin  
    Rachel Ehrlich Albanese  
    Alana M. Friedberg  
    *Attorneys for Transform Holdco LLC*