**Exhibit 1**

**Proposed Order**

7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**PROPOSED ORDER GRANTING MOTION TO SEAL EVIDENTIARY HEARING DECLARATION OF ROGER A. PUERTO IN SUPPORT OF TRANSFORM HOLDCO LLC'S REPLY TO MOAC MALL HOLDINGS LLC'S (I) OBJECTION TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION; (II) SECOND SUPPLEMENTAL AND AMENDED: (A) OBJECTIONS TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES, AND (B) OBJECTION TO DEBTOR'S STATED CURE AMOUNT; AND (III) THIRD SUPPLEMENTAL AND AMENDED OBJECTIONS TO DEBTOR'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Upon the motion ("**Seal Motion**")[2] of Transform Holdco LLC ("**Buyer**"), for itself and on behalf of its affiliate Transform Leaseco LLC, as buyer of substantially all of the Debtors' assets under the Sale Order (ECF No. 2507)[3], for entry of an order ("**Order**") authorizing Buyer to file

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.
[2] Capitalized terms used but not defined herein have the meaning provided to them in the Seal Motion.
[3] The Sale Order is titled *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances,*

the Declaration under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Seal Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Buyer provided appropriate notice of the Seal Motion and no other notice need be provided; and the Court having found that the legal and factual bases set forth in the Seal Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Seal Motion is granted as set forth herein.

2.  Buyer is authorized to file the unredacted version of the Declaration under seal ("**Sealed Document**") pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

3.  Except upon further order of the Court after notice to Buyer, the Sealed Document shall remain under seal, and shall not be made available to anyone without the consent of Buyer, except that unredacted copies of the Sealed Document shall be provided to: (1) the Court; (2) the Office of the United States Trustee for Region 2; (3) counsel and financial advisors to the Debtors (on a confidential and "professional eyes only" basis); (4) MOAC; and (5) any other party as may be ordered by the Court or agreed to by Buyer and a counterparty to any such Sealed Document,

---

*(III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief.*

2

in each case, under appropriate confidentiality agreements satisfactory to Buyer. Each party to whom disclosure is made shall keep the Sealed Document confidential.

4. Buyer is authorized to take all actions it deems necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Document or any part thereof.

6. Counsel for Buyer shall contact the Clerk's Office regarding the return or disposition of the Sealed Document within 10 days after the assumption and assignment or rejection of all relevant executory contracts and leases.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
White Plains, New York

> THE HONORABLE ROBERT D. DRAIN
> UNITED STATES BANKRUPTCY JUDGE

EAST\168776436.2