Hearing Date and Time:  August 22, 2019, 10:00 a.m.

KENNETH D. FRIEDMAN
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY  10037
Phone:  (212) 790-4500
Fax:  (212) 790-4545

CARL L. GRUMER (*Pro Hac Vice* Pending)
MANATT, PHELPS & PHILLIPS, LLP
11355 W. Olympic Boulevard
Los Angeles, CA  90064
Phone:  (310) 312-4000
Fax:  (310) 312-4224

Attorneys For Objector 51st Street Fruitland Ave., LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Sears Holding Corporation, et. al.,<br><br>Debtor. | CHAPTER 11<br><br>Case No. 18-23538-RDD |

**OBJECTION OF 51ST STREET FRUITLAND AVE., LLC TO PROPOSED SALE OF PARKING LOT LEASE FOR 2700 FRUITLAND AVE., VERNON, CA AND REQUEST FOR HEARING**

51st Street Fruitland Ave., LLC, as successor in interest to 51st St. Partnership ("Lessor"), by its attorneys, Manatt, Phelps & Phillips, LLP, hereby objects to the Notice of Assignment of Unexpired Leases of Nonresidential Real Property (the "Notice," ECF 4763) with respect to the Parking Lot Lease, on the following grounds:

**STATEMENT OF FACTS**

The Debtor is the Tenant and Sublessor of a certain parking lot ("Parking Lot") located at 2700 Fruitland Ave., Vernon, CA 90058.  The Parking Lot Lease Agreement ("Lease" was

entered into between the Lessor's predecessor and the Debtor's predecessor in 1998.  The Debtor has previously assumed both the Parking Lot Lease ("Lease") and the Sublease.  See Order Pursuant to Sections 365(a) and 365(f) of the Bankruptcy Code Authorizing the Debtors to Assume Unexpired Leases of Nonresidential Real Property ("Assumption Order") (ECF No. 3314).  The Assumption Order authorized the Debtor to assume the Lease and Sublease, and to market those leases for sale.  In the event that the Debtor found a buyer, the Debtor was to give notice ("Notice") to the Lessor of the proposed sale, with an opportunity on the part of the Lessor to object to adequate assurance of future performance by the proposed assignee.

On or about August 6, 2019, the Debtor filed the Notice.  (ECF 4763)  That Notice indicated that the Debtors had entered into a Lease Sale Agreement ("LSA") with a Henry Shahery (the "Buyer"), that provided for the assignment to the Buyer of both the Lease and the Sublease, along with a lease and sublease on an adjacent warehouse.  See Declaration of Robert Duran ("Duran Declaration"), Exhibit A.  The Notice provides no showing of any adequate assurance of future performance on the part of the Buyer.  Accordingly, Lessor requested further information from the Debtor, but little has been forthcoming.  For that and other reasons, Lessor hereby objects to the assignment and requests a hearing thereon.  Upon that hearing, the Court should deny approval.

1.

**THE DEBTOR HAS FAILED TO CARRY ITS BURDEN OF SHOWING ADEQUATE ASSURANCE OF FUTURE PERFORMANCE.**

In seeking approval of the court to assign an unexpired lease of real property, a debtor is required to provide adequate assurance of future performance by the proposed assignee ("Adequate Assurance").  Bankruptcy Code §365 (f)(2)(B).  The Debtor has failed to satisfy that requirement.

The Notice itself provides no Adequate Assurance at all.  No information is given for the proposed assignee, financial or otherwise.  The Notice does state that the Adequate Assurance information for the Buyer "will be provided to the Vernon Counterparties,." and the time for the respective landlords (including Lessor) to object runs from the receipt of that information.  As shown in the Duran Declaration, Lessor's counsel therefore contacted the Debtor and requested the Adequate Assurance information.  However, all that the Lessor received from the Debtor at that time was a one page letter from the Buyer's bank, stating the availability of certain funds to the Buyer and generally vouching for the Buyer.  Attached as Exhibit B to the Duran Declaration is a true and correct copy of that letter.  The Debtor considered that letter to be sufficient Adequate Assurance and stated that Lessor's objection period had started to run.

That letter is undoubtedly inadequate.  It provides no financial information regarding the Buyer.  There is no balance sheet, profit and loss statement, cash flow statement, or anything else.  The size of the Buyer's operation and its cash needs was not disclosed.  Most of the available cash results from a line of credit from the bank, which, of course, adds an equal amount of debt to the Buyer's financial condition.  It is thus impossible for the Lessor to evaluate the financial capability of the Buyer.

On August 13, 2019, in a telephone call with counsel for the Debtors and others, counsel for the Lessor requested this additional financial information.  Duran Declaration, ¶3.  Debtor's counsel responded that they would consult with counsel for the Buyer.  On August 14, 2019, that request was confirmed in an email, a true and correct copy of which is attached as Exhibit C to the Duran Declaration. Little additional information has been received by the Lessor.  Lessor did receive an insurance certificate (but not for the Buyer—See Duran Declaration, Exhibit D) and some general answers to its questions (Duran Declaration, Exhibit E), but still no financial

-3-

information.

Not only is the financial information received to date inadequate, it may also be irrelevant. That information relates to the financial condition of Henry Shahery. Mr. Shahery is identified in the Notice as the Buyer. However, as discussed below, he may not be.

Although the Notice lists the Buyer simply as Henry Shahery, the LSA between the Debtors and the Buyer actually lists the Buyer as "Henry Shahery *or his assignee*." (Emphasis added.) In addition, paragraph 22 of the LSA provides that Mr. Shahery's interest in the contract may be assigned to a limited liability company in which Mr. Shahery has majority ownership and is the manager (without the necessity for the Debtor's consent), or to any other entity wholly owned by Mr. Shahery. Or, with the Debtor's consent, Mr. Shahery may assign his interest in the contract to anyone. Thus, although Lessor has received very limited financial information regarding Mr. Shahery, that may be of no consequence whatsoever. Mr. Shahery can assign his interest to a newly created shell entity, about which Lessor has no information at all.

While the Buyer's counsel has represented to Lessor that Mr. Shahery does not presently have an intent to assign his interest to an entity, that could always change. Interestingly, the Insurance Certificate produced to Lessor's counsel by the Debtor lists the insured as "Shason, Inc., " not Mr. Shahery. See Duran Declaration, Exhibit D.

Adequate Assurance is important here, in light of the potentially significant obligations of the tenant under the Lease, a copy of which is attached as Exhibit F to the Duran Declaration.. While the monthly rent payments are modest, the tenant is responsible for a substantial portion of the property taxes (¶6(b)). In addition, the tenant has indemnity obligations to the Lessor for personal injury and property damage (¶9(b)), and for hazardous substance liability (¶11(b)). The latter can, of course, be quite substantial, and is a significant consideration here, since the Buyer

is also acquiring the adjacent warehouse, whose future use is unknown. The Lease does not require environmental liability insurance, and Buyer has not provided any evidence of such insurance on the part of the Buyer (or any of the Buyer's insurance, for that matter).

Thus, the importance of Buyer's financial capacity extends well beyond the payment of the modest rent amounts. To address this concern, Buyer has offered to deposit $8400 with Lessor to secure payment of its obligations. While this may help to alleviate adequate assurance concerns regarding the monthly rent to some degree, it does nothing with regard to these other potential liabilities.

In light of the Debtor's almost total failure to provide any adequate assurance information, the Debtor's request to assign the Lease should be denied.

**2.**

**THE DEBTOR HAS FAILED TO PROVIDE INSURANCE INFORMATION FOR THE BUYER.**

Lessor has also requested insurance information on the part of the Buyer. Duran Declaration, ¶ 4, Exhibit C. That information has not been forthcoming. While the Debtor did provide an Insurance Certificate (Exhibit D), as noted above, it is not for the Buyer, Mr. Shahery, but rather for an entity by the name of Shason, Inc. (to which, we are told, the Buyer will not be assigning the lease rights). This, too, is important Adequate Assurance information, and it is conspicuously absent. On that ground, as well, the request to assign should be denied.

**3.**

**THE DEBTOR HAS NOT CURED THE EXISTING DEFAULTS UNDER THE LEASE**

As noted above, the Debtor has received authorization to assume the Lease. However, the Assumption Order specifically required the Debtors to pay the "Undisputed Cure Amount" of $24,188 as specified in the Assumption Order within three business days. Assumption Order,

¶3. The Debtor has still not paid the Cure Amount, nor has the Debtor committed to paying its pre-closing share of the property taxes, as required under ¶ 6(b) of the Lease. Rather, Debtor asserts that Mr. Shahery will pay all property taxes accrued but unpaid prior to the closing. Payment of that sum has been requested by Lessor. Duran Declaration, ¶ 7, and Exhibit C. Again, payment has not been forthcoming, either from the Debtor or from Mr. Shahery. Unless and until Debtor has properly assumed the Lease and cured all defaults, and has provided proper Adequate Assurance, the Debtor cannot assign the Lease. Bankruptcy Code § 365(f) (2)(A). Lessor does not waive any rights with regard to any sums that may be owing under the Lease.

## CONCLUSION

For the foregoing reasons, the Court should deny authorization to assign the Lease.

Dated: New York, New York.
August 19, 2019

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP


By: _____/s/ Kenneth D. Friedman_____
Carl Grumer (*pro hac vice application pending*)
cgrumer@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
(310) 312-4000

Kenneth D. Friedman
kfriedman@manatt.com
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY  10036
(212) 790-4500
Attorneys for Objector 52st Street Fruitland Ave., LLC