Hearing Date And Time: August 22, 2019, 10:00 A.M.

KENNETH D. FRIEDMAN (NY Bar Number 263-7320)
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10037
Phone: (212) 790-4500
Fax: (212) 790-4545

CARL L. GRUMER (CA Bar Number 66049) (*Pro Hac Vice* Pending)
MANATT, PHELPS & PHILLIPS, LLP
11355 W. Olympic Boulevard
Los Angeles, CA 90064
Phone: (310) 312-4000
Fax: (310) 312-4224

Attorneys For Objector 51st Street Fruitland Ave., LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Sears Holding Corporation, et. al.,<br><br>Debtor. | CHAPTER 11<br><br>Case No. 18-23538-RDD |

## DECLARATION OF ROBERT DURAN IN SUPPORT OF OBJECTION OF 51ST STREET FRUITLAND AVE., LLC TO PROPOSED SALE OF PARKING LOT LEASE

I, Robert Duran, declare:

1. I am an attorney at law, duly authorized and licensed to practice before all of the courts of the state of California, and I am a partner in the law firm of Manatt, Phelps & Phillips, LLP, attorneys for Objector 51st Street Fruitland Ave., LLC. Objector is the lessor under the Parking Lot Lease that Debtor proposes to sell and assign.

2. I have been representing the Lessor in connection with the Debtor's attempts to assign the Parking Lot Lease for the property located at 2700 Fruitland Ave., Vernon, California. During the course of those discussions, counsel for the Debtor sent to me the Lease Sale

325038199.1

Agreement between the Debtor, Sears, Roebuck & Company, and the proposed assignee, Henry Shahery (or assignee). Attached hereto as Exhibit A is a true and correct copy of that Lease Sale Agreement, as sent to me by the counsel for the Debtor.

3. On or about August 12, 2019 I had a telephone call with Alexander Lewitt, counsel for the Debtor. I asked Mr. Lewitt to provide me with adequate assurance of future performance by the proposed assignee of the Lease. That day, Mr. Lewitt sent me a one-page letter from Comerica Bank dated August 1, 2019, a true and correct copy of which is attached hereto as Exhibit B. Mr. Lewitt's transmittal e-mail stated that the letter constituted the adequate assurance information and that our time to file an objection to the sale had therefore started running. That e-mail is part of Exhibit C hereto.

4. I did not believe that such information was adequate, and on or about August 13, 2019 I had a conference call with Alexander Lewitt and Jacqueline Marcus, counsel for the Debtor. In that telephone call, I requested additional financial information on the proposed assignee, specifically a financial statement for the proposed assignee, including a balance sheet, profit and loss statement, and cash flow statement. Ms. Marcus responded that she would consult with counsel for the proposed assignee about providing such information. On August 14, 2019 I confirmed my request in an email, a true and correct copy of which is attached hereto as Exhibit C. I have never received the requested financial information. I also asked Mr. Lewitt to provide me with a certificate of insurance evidencing the proposed assignee's compliance with the insurance provisions of the Lease. Attached hereto as Exhibit D is a true and correct copy of the Certificate of Insurance which Mr. Lewitt sent me. By its terms, the insured under that Certificate is Shason, Inc., not Henry Shahery, the proposed assignee. As stated below, Mr. Shahery has represented through counsel that he will not assign the Lease to Shason, Inc.

Therefore, this certificate of insurance does not satisfy the insurance requirements of the Lease. In Exhibit C, I asked for a Certificate of Insurance for Mr. Shahery. I have never received one.

5. On August 15, 2019 I received email correspondence from counsel for the Debtor and separately, counsel for the proposed assignee, each responding to my requests for information contained in Exhibit C. Attached hereto as Exhibit E is a true and correct copy of those emails. That is the last information that I have received, and I have never received the requested financial statements.

6. Attached hereto as Exhibit F is a true and correct copy of the Parking Lot Lease Agreement, which the Debtor is seeking to assign to Mr. Shahery.

7. In Exhibit C, and previous to that, I requested that the Debtor remit payment of the "Undisputed Cure Amount" under the Lease of $24,188.00, as specified in this Court's Order Pursuant to Sections 365(a) and 365(f) of the Bankruptcy Code Authorizing the Debtors to Assume Unexpired Leases of Nonresidential Real Property (ECF no. 3314). Payment of that sum has not been forthcoming, and the Debtor's counsel has indicated to me that such payment may not be .made at all, as they are reviewing how they determined the undisputed amount in the first place.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 16, 2019

_____
Robert Duran, Declarant