AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, et al., | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

# JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF DEBTORS FOR MODIFICATION OF RETIREE BENEFITS AND REPLY IN SUPPORT THEREOF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to the *Motion of Debtors for Modification of Retiree Benefits* [ECF No. 4635] (the "Motion") and the *Debtors' Reply in Support of Motion of Debtors for Modification of Retiree Benefits* [ECF No. 4885] (the "Reply")[2] and, in support thereof, respectfully states as follows.

1. By the Motion and the Reply, the Debtors request authority to modify certain retiree benefits pursuant to Bankruptcy Code section 1114. Specifically, the Debtors seek to, among other things: (i) grant administrative expense claims, subject to an individual cap of $10,000 and an aggregate cap of $300,000, to the estates of Retirees who passed away between the termination of the Retiree Plan on March 15, 2019 and the date of entry of an order granting the Motion; (ii) grant general unsecured claims to the remaining Retirees and certain "grandfathered disableds" in an amount equal to the lesser of (a) the death benefit to which he or she was entitled under the Retiree Plan and (b) $6,250; and (iii) otherwise work with the Retirees to establish appropriate claims procedures and reimbursement of appropriate expenses (the "Modification Proposal"). Despite the compromise offered by the Debtors pursuant to the foregoing proposal, the Retiree Committee seeks, among other things: (x) the establishment of an administrative expense fund in the amount of unpaid premiums; and (y) the reimbursement of Retirees who purchased replacement life insurance since termination of the Securian Policy, the cost of which has not been quantified. While the Creditors' Committee is sympathetic to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or Reply, as applicable.

2

Retirees' concerns that they be treated fairly and equitably, it shares the Debtors' view that, in light of the circumstances of the Chapter 11 Cases, the Debtors indisputably are not in a position to satisfy the Retiree Committee's requests. Accordingly, the Creditors' Committee joins in the Debtors' request to modify retiree benefits in accordance with the Modification Proposal.

2. Since prior to the appointment of the Retiree Committee, the Creditors' Committee has worked with the Debtors to analyze the scope and extent of the Debtors' obligations to the Retirees. Based on that analysis, the Creditors' Committee believes that resolution of the Retirees' claims consistent with the terms of the Modification Proposal strikes the appropriate balance between affording the Retirees the protection to which they are entitled under Bankruptcy Code section 1114 and facilitating the Debtors' ability to confirm a plan of liquidation.

3. Indeed, in view of the Debtors' strained financial condition and the significant unresolved contingencies (including the ongoing disputes with Transform) that may affect the trajectory of the Chapter 11 Cases, the Modification Proposal treats Retirees and other parties in interest "fairly and equitably." Moreover, modification of retiree benefits in the manner contemplated by the Modification Proposal is "necessary" to the confirmation of the Debtors' proposed plan of liquidation. 11 U.S.C. § 1114(g); *see also In re Ionosphere Clubs, Inc.*, 134 B.R. 515, 525 (stating that, in a liquidating case, in order to be consistent with the fair and equitable treatment of retirees and other creditors, the statutory language "necessary to permit the reorganization" in Bankruptcy Code section 1114 must be interpreted to mean "necessary to accommodate confirmation of a Chapter 11 plan."). In fact, the increased administrative expense claims the Retiree Committee seeks in its Counterproposal may imperil the Debtors' ability to confirm any plan, thereby depriving the Retirees of any of the protections of Bankruptcy Code

section 1114.  *Id*. at 524 ("Conversion [to a chapter 7 liquidation] would eliminate the [Bankruptcy Code] section 1114 issue, as that section does not apply in Chapter 7 . . . In liquidation, the retirees would be in a position worse than they are in now.") (internal citations omitted).

4. To the extent the Debtors are not in position to confirm a plan—or the liquidating trust to be established under the Debtors' proposed Plan is left with inadequate funding—the interests of all creditors, including the Retirees, will be severely prejudiced.  The Creditors' Committee therefore believes that the relief requested in the Motion (and proposed to the Retiree Committee in the Modification Proposal) represents the best path toward maximizing the remaining value of the Debtors' estates for all of the Debtors' stakeholders.  Accordingly, the Creditors' Committee supports the Debtors' request to modify retiree benefits in accordance with the terms of the Modification Proposal.

5. The Creditors' Committee expressly reserves all rights, including the right to amend or supplement this Joinder, submit additional briefing, participate in any discovery and be heard at any hearing related to the Motion.  Nothing contained herein shall constitute a waiver of any of the rights or remedies of the Creditors' Committee, each of which is expressly reserved.

[*Remainder of page left blank intentionally.*]

WHEREFORE, the Creditors' Committee respectfully requests that this Court grant the relief requested in the Motion, modify the retiree benefits in a manner consistent with the Modification Proposal and grant the Creditors' Committee such other relief as the Court deems just, proper and equitable.

New York, New York
Dated:  August 19, 2019

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/  *Philip C. Dublin*
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: idizengoff@akingump.com
           pdublin@akingump.com
           sbrauner@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*