**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) |

**ORDER GRANTING MOTION OF MOAC MALL HOLDINGS LLC FOR LEAVE TO FILE UNDER SEAL ITS DECLARATION OF LOUIS W. FRILLMAN IN OPPOSITION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE MOAC LEASE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Upon the unopposed motion, dated August 18, 2019 (the "Motion") of MOAC Mall Holdings LLC ("MOAC") for entry of an order authorizing it to file under seal its *Declaration of Louis W. Frillman in Opposition to the Proposed Assumption and Assignment of the MOAC Lease* (the "Frillman Declaration") and to file a redacted version of the Frillman Declaration on the public docket of this case; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) as a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of the motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and no additional notice of the Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in that the redacted portions of the Frillman Declaration contain commercial information properly protected from public disclosure under 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. P. 9018; now, therefore, good and sufficient cause appearing, it is hereby

ORDERED:

1. The Motion is granted as set forth herein;

2. MOAC is authorized to file the Frillman Declaration under seal (the "Sealed Document") and to file the Frillman Declaration on the public docket of this case redacting only such information that is designated confidential and considered commercially sensitive pursuant to 11 U.S.C. § 107(b)(1), Fed. R. Bankr. P. 9018, and Local Bankruptcy Rule 9018-1 as previously provided to the Court.

3. In furtherance of the preceding paragraph, MOAC shall provide to the Clerk of the Court, Attn: Mimi Correa, in either a physical or digital envelope prominently labeled "TO BE FILED UNDER SEAL": (a) a copy of this Order and (b) the Sealed Document.

4. Except upon further order of the Court after notice to MOAC, the Sealed Document shall remain under seal and shall not be made available to anyone without the consent of MOAC, except that an unredacted copy of the Sealed Document shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to Debtors (on a confidential and "professional eyes only" basis), (d) Transform Holdco LLC, and (e) any other party as may be ordered by the Court or agreed to by MOAC and a counterparty to any such Sealed Document, in each case, under appropriate confidentiality agreements satisfactory to MOAC. Each party to whom disclosure is made shall keep the Sealed Document confidential.

5. MOAC is authorized to take all actions necessary to effectuate the ruling set forth in this order.

6. This order is without prejudice to the rights of any party in interest, including the United States Trustee, to seek to unseal the Sealed Document or any part thereof.

7. Counsel for MOAC shall contact the Clerk's Office regarding the return or destruction of the Sealed Document within 10 days after the final disposition of the underlying dispute.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: August 19, 2019  
      White Plains, New York

      /s/Robert D. Drain  
THE HONORABLE ROBERT D. DRAIN  
UNITED STATES BANKRUPTCY JUDGE