**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF RONALD OLBRYSH IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS HOLDINGS CORPORATION, ET AL. TO RETAIN AND EMPLOY WOLLMUTH MAHER & DEUTSCH LLP AS COUNSEL, *NUNC PRO TUNC* TO JULY 9, 2019**

Under 28 U.S.C. § 1746, I, Ronald Olbrysh, declare as follows under the penalty of perjury:

1. I am a retiree of Sears Roebuck. I am making this declaration in my capacity as chairman of the Official Committee of Retirees With Life Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"). Accordingly, I am in all respects competent to make this declaration (the "Olbrysh Declaration") in support of the *Application of the Official Committee of Retirees With Life Insurance Benefits of the Sears Holdings Corporation, et al. to Retain and Employ Wollmuth Maher & Deutsch LLP as Co-Counsel, Nunc Pro Tunc to July 9, 2019* (the "Application") (ECF 4652).[1]

2. I submit this Declaration in support of the Application, pursuant to Section D.2. of the Revised UST Guidelines. Except as otherwise noted, all facts in this Declaration are based

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by Wollmuth Maher & Deutsch LLP ("WMD").

3. I am informed by WMD that the Revised UST Guidelines request that any application for employment of an attorney under Bankruptcy Code sections 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

   i. The identity and position of the person making the verification.

   ii. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

   iii. The number of firms the client interviewed.

   iv. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

   v. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

**Selection of Counsel**

4.     Following its formation, the Retirees Committee considered two (2) law firms to represent the Retirees Committee as co-counsel in the Chapter 11 Cases and has determined to retain both of them.  Both the firms were uniquely situated to immediately begin work as they already had intimate knowledge of the matters for which it would represent the committee. Members of the Retirees Committee engaged in a discussion over the merits of each of the firms interviewed and found WMD to be uniquely qualified to represent the Retirees Committee as co-counsel.  WMD has a long history of representing trustees, debtors, liquidating trustees, official committees and other constituencies in chapter 11 cases and related matters and proceedings and had pursued the motion that actually led to the committee's appointment.  Therefore, based on WMD's broad-based, deep and directly applicable skill set and the experience of certain individual members of the Retirees Committee with WMD, the Retirees Committee has decided to retain WMD.

**Rate Structure**

5.     WMD has informed the Retirees Committee that its rates for bankruptcy representations are comparable to the rates WMD charges for non-bankruptcy representations. The Retirees Committee has approved WMD's proposed hourly rates, as set forth in the Application. WMD has informed the Retirees Committee that its hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. The Retirees Committee has consented to such ordinary course rate increases, including WMD's 2019 hourly rates, which are reflected in the Application.

**Cost Supervision**

6.      The Retirees Committee recognizes its responsibility to monitor the billing practices of its counsel to ensure that the fees and expenses paid by the estate remain consistent with the expectations of the Retirees Committee and the exigencies of these Chapter 11 Cases. WMD advises that it expects to develop, and the Retirees Committee intends to review, a prospective budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which the Retirees Committee is advised, WMD reserves all rights. In addition, the Retirees Committee will review the monthly fee applications that WMD regularly submits. WMD's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of the Chapter 11 Cases by the Retirees Committee, U.S. Trustee, the Debtors, other parties in interest and the Court.

I declare under penalty of perjury that the foregoing is true and correct on this eighth day of August 2019.

Ronald Olbrysh