HEARING DATE: August 22, 2019
HEARING TIME: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**WEIHAI LIANQIAO INTERNATIONAL COOP. GROUP CO., LTD'S REPLY TO DEBTORS' OMNIBUS OBJECTION TO VENDORS' MOTIONS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

Weihai Lianqiao International Coop. Group Co., Ltd. ("WLI") hereby files its reply to *Debtors' Omnibus Objection To Vendors' Motions For Allowance And Payment Of Administrative Expense Claims* [Dkt. 4854] (the "Objection") pursuant to which the Debtors objected to, *inter alia*, the *Motion of Weihai Lianqiao International Coop. Group Co., Ltd to Allow and Compel Payment of Administrative Expense Claims Under 11 U.S.C. §§ 503(b)(1)*

---

[1] The debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

*and 503(b)(9)* (Dkt. 4706) (the "Motion"),[2] as follows:

1.  The Court should grant the Motion because there is no substantive opposition to it and no basis to deny it.

2.  In the Objection, the Debtors assert that WLI is not entitled to a determination that its claim is allowed or to force the Debtors to reconcile or object to their claims ahead of all others.  Objection, ¶ 2.  Contrary to that argument, Section 503 specifically allows for the relief requested in the Motion, at least in terms of the allowance of WLI's administrative claims.  As stated in Section 503, "[a]n entity may timely file a request for payment of an administrative expense," and, "[a]fter notice and a hearing, there **shall** be allowed administrative expenses … including … (1)(A) the actual, necessary costs and expenses of preserving the estate" and "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business"  11 U.S.C. §§ 503(a), (b)(1) and (b)(9) (emphasis added).

3.  In their Objection, the Debtors also argue that the Court should deny the Motion, without prejudice, because the Debtors are trying to resolve issues regarding administrative claims that impact on the Debtors' efforts to confirm their pending Plan.  Objection, ¶ 3.  WLI appreciates that the Debtors cases are large and complex.  However, administrative claims need to be dealt with.  In fact, WLI reached out to the Debtors' counsel on multiple occasions, as early as February 2019, to seek to reconcile and allow WLI's administrative claims, but the Debtors' counsel never responded.  *See* **Exhibit "1"** hereto (an email string with emails (without exhibits) from WLI's counsel to the Debtor's counsel dated February 4, 2019, February 13, 2019, February 25, 2019, and August 14, 2019 seeking to reconcile and allow WLI's administrative claims, none of which were responded to).  The foregoing suggests that the Debtors do not have a genuine interest in reconciling administrative claims that have to be treated under the Plan and paid on the effective date thereof.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4.      In addition to the foregoing, the fact that the amount of administrative claims impacts the Debtors' efforts to confirm their pending Plan favors the Court ruling upon the Motion so that there are fewer administrative claims to address in the cases.  Similarly, the fact that the amount and treatment of administrative claims are currently at issue in regard to confirmation of the Debtors' Plan (with certain of such issues raised by WLI in its objection to Plan confirmation [Dkt. 4708]) is another reason for a determination to be made on the Motion.

5.      As to the substance of the Motion, in connection with its Motion, WLI provided documentation and a declaration supporting its § 503(b)(1) Claims totaling $470,530.74 and § 503(b)(9) Claims totaling $914,538.36.  The Objection does not object to the purported claims, the basis therefor, the evidence in support thereof, or the amount thereof.

6.      In regard to WLI's § 503(b)(1) Claims, the Debtors do not dispute (a) that the Postpetition Deliveries Motion and the Postpetition Deliveries Order provide that the postpetition deliveries underlying the WLI's § 503(b)(1) Claims were "granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code" or (b) that WLI was otherwise induced by the Debtors to maintain and continue shipments with the promise of continued payments for goods shipped and delivered after the Petition Date. *See* Motion, ¶¶ 4-11 (including the foregoing quoted language from the Postpetition Deliveries Order).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, based on the foregoing, (1) the Motion to the extent it seeks the allowance of WLI's § 503(b)(1) Claims and § 503(b)(9) Claims, even if immediate payment is not ordered, or, alternatively (2) if the Court is not going to make a substantive ruling on the Motion, deny the Motion without prejudice.

Dated: Los Angeles, California
      August 19, 2019

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:   */s/ Todd M. Arnold*
     Todd M. Arnold
     Cal. Bar No. 221868
     (*pro hac vice* approved) [Dkt. 4790]
     10250 Constellation Blvd., Suite 1700
     Los Angeles, CA 90067
     T: 310-229-1234
     E: tma@LNBYB.com
     *Attorneys for Weihai Lianqiao International Coop. Group Co., Ltd.*

## DECLARATION OF TODD M. ARNOLD, ESQ.

I, TODD M. ARNOLD, Esq., hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P, counsel to Weihai Lianqiao International Coop. Group Co., Ltd. ("WLI"). I am an attorney licensed to practice law in the State of California and before this Court on a *pro hac vice* basis.

3. I make this declaration in support of the Reply to which this Declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Reply.

4. Attached hereto as **Exhibit "1"** is an email string with emails (without exhibits) from me to the Debtor's counsel dated February 4, 2019, February 13, 2019, February 25, 2019, and August 14, 2019 seeking to reconcile and allow WLI's administrative claims.

5. I did not receive any material response (if any) to the foregoing emails.

I declare and verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 19ʰ day of August 2019, at Los Angeles, California.

                                             */s/ Todd M. Arnold*
                                             TODD M. ARNOLD