WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :       **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :       **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :       **(Jointly Administered)**
                                                            :
                                                            :
------------------------------------------------------------x

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO NOTICE OF ASSIGNMENT OF
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),[2] hereby file this response to the *Objection to Proposed Assignment of Lease of Nonresidential Real Property (Docket No. 4763)* (ECF No. 4829) (the "**Warehouse Landlord Objection**") and the *Objection of 51st Street Fruitland Ave., LLC to Proposed Sale of Parking Lot Lease for 2700 Fruitland Ave., Vernon, CA and Request for Hearing* (ECF No. 4883) (the "**Parking Lot Landlord Objection**," and together with the Warehouse Landlord Objection, the "**Objections**"). Both of the Objections relate to the Debtors' *Notice of Assignment of Unexpired Leases of Nonresidential Real Property* (ECF No. 4763) (the "**Notice of Assignment**") that was provided with respect to leases for premises located in Vernon, California that were previously assumed by the Debtors pursuant to the *Order Pursuant to Sections 365(a) and 365(f) of the Bankruptcy Code Authorizing the Debtors to Assume Unexpired Leases of Nonresidential Real Property* (ECF No. 3314) (the "**Assumption Order**"). The proposed assignee of the two leases is Mr. Henry Shahery (the "**Buyer**"), who is the current subtenant under the Subleases. Mr. Shahery has entered into a lease sale agreement (the "**Lease Sale Agreement**") pursuant to which he will pay the Debtors $5.2 million for their interest in the two leases described in the Notice of Assignment (the "**Vernon Leases**").

### The Bankruptcy Code's Adequate Assurance Requirements are Satisfied

1.      Over the course of the past several weeks, the Buyer has provided the landlords under the Vernon Leases (the "**Vernon Counterparties**") with adequate assurance of

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Debtors for Authority to Assume Unexpired Leases of Nonresidential Real Property* (ECF No. 3033) (the "**Vernon Assumption Motion**").

future performance as required under section 365(f)(2) of chapter 11 of title of the United States Code (the "**Bankruptcy Code**").

2. The meaning of "adequate assurance of future performance" is determined on a case-by-case basis, taking into account all relevant facts and circumstances. *See Androse Assocs. Of Allaire, LLC v. The Great Atl. & Pac. Tea Co., Inc. (The Great Atl. & Pac. Tea Co., Inc.)*, 472 B.R. 666, 676 (Bankr. S.D.N.Y. 2012); *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009). It should be given "practical pragmatic construction." *EBG Midtown South Corp. v. McLaren/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.)*, 139 B.R. 585, 592 (S.D.N.Y. 1992). "[N]o single solution will satisfy every case, [and] the required assurance will fall considerably short of an absolute guarantee of performance." *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988); *see also In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

3. Considering all relevant facts and circumstances, the Buyer has provided adequate assurance of future performance under the Vernon Leases. As set forth in the *Declaration of William Gallagher in Support of Assignment of Unexpired Leases of Nonresidential Real Property* filed contemporaneously herewith, the Debtors, at the request of the Buyer, have provided the Vernon Counterparties with various documents proving the Buyer's ability to perform under the applicable Vernon Lease. Moreover, since entering into the Subleases in August 2018, the Buyer has complied with all his obligations thereunder in a timely fashion. Perhaps most important, the Buyer has offered to provide (a) the Warehouse Landlord with an irrevocable letter of credit in the amount of $700,000.00, which covers base rent and real estate taxes due under the Warehouse Lease for a one year period, and (b) the Parking Lot Landlord with a deposit in the amount of $8,400.00, which covers rent under the Parking Lot Lease for a one year period. Such

financial commitments by the Buyer provide the Vernon Counterparties with adequate assurance of future performance.

4. The rent required to be paid under the Vernon Leases is substantially less than the rent payable under the respective Subleases. In fact, it was this differential in lease rates that led the Debtors to assume the Vernon Leases, even though they did not have a proposed assignee at the time. *See* Vernon Assumption Motion, ¶¶ 9, 14.

5. Several courts have noted that, when a lease has a below market rent, "adequate assurance" may be provided by the lessee's ability to sublet the premises if it cannot perform its obligations. *See, e.g.*, *In re M. Fine Lumber Co.*, 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) ("[C]ourts have expressly found the market value of a lease to be a factor providing adequate assurance of future performance."); *In re Serv. Merch. Co.*, 297 B.R. 675, 683 (Bankr. M.D. Tenn. 2002) (considering value of below market lease in the context of adequate assurance); *In re Rickel Home Ctrs., Inc.*, 240 B.R. 826, 835 (D. Del. 1998) (same); *In re Sapolin Paints, Inc.*, 5 B.R. 412, 420 (Bankr. E.D.N.Y. 1980) (same).

6. Such cases suggest that the Court should apply a pragmatic approach when determining whether adequate assurance has been provided. In the instant case, even if the Buyer were unable to perform his obligations under the Vernon Leases, the applicable landlord would undoubtedly be able to re-let the premises at a rate that is substantially higher than the rate provided in the Vernon Leases. In these circumstances, there is little if any potential harm to the landlords and, therefore, the degree of assurance of future performance required need not be as great.

### The Bankruptcy Code's Cure Requirements Are Satisfied

7. Pursuant to section 365(b) of the Bankruptcy Code, for a debtor to assume an executory contract or unexpired lease, the debtor must cure any defaults under the contract or

provide adequate assurance that it will promptly cure such defaults. 11 U.S.C. § 365(b)(1)(A). In the Assumption Order, the cure amount for the Parking Lot Lease was reflected as $24,188.00.

8. Upon review of the Debtors' books and records, the Debtors realized that the cure amounts as set forth in the Assumption Order were incorrect. Given a monthly rent of $750, a cure amount of that magnitude would have meant that the Debtors had not paid rent for nearly three years. That, obviously, was not the case. At the time of entry of the Assumption Order, the cure amounts should have been $23,438.00 for the Warehouse Lease and $750.00 for the Parking Lot Lease. Since entry of the Assumption Order, the Debtors have paid all outstanding amounts due and remain current on their rent obligations under the Vernon Leases.[3]

9. Consequently, the Debtors have met the Bankruptcy Code's cure requirements.

**Other Objections Raised in the Parking Lot Landlord Objection Should Be Overruled**[4]

10. In its Objection, the Parking Lot Landlord raises concerns about a proposed assignment of the Lease Sale Agreement. Parking Lot Landlord Objection, at 4. The Buyer has confirmed that it does not intend to assign the Lease Sale Agreement, so this should not be an issue.

11. The Parking Lot Landlord also objects to the deposit that the Buyer has offered to secure its obligations under the Parking Lot Lease, claiming that the tenant has other "potentially significant" obligations under the Parking Lot Lease. Parking Lot Landlord Objection, at 4. But it appears that the tax liabilities attributable to the parking lot are

---

[3] To the extent necessary, the Debtors will submit an order to the Court that corrects the cure amounts set forth in the Assumption Order.

[4] The Warehouse Landlord Objection only states, in conclusory fashion, that the Debtors have failed to provide adequate assurance of future performance, which is an inadequate basis upon which to deny the relief requested by the Debtors. The Debtors reserve their rights to respond to any specific arguments that the Warehouse Landlord may make.

approximately $400.00 per year and it is hard to fathom what kind of material indemnity obligations for personal injury or property damage can arise from this property, which is only a parking lot.

12. Finally, the Parking Lot Landlord takes issue with the certificate of insurance provided by the Buyer because the insured is named as Shason, Inc. Parking Lot Landlord Objection, at 5. Shason, Inc. is a business that is wholly owned by the Buyer and is the entity that procured the insurance. By procuring the insurance that names the Parking Lot Landlord as an additional insured, the Buyer has satisfied its obligations under the Parking Lot Sublease.

## Conclusion

13. The Buyer has provided adequate assurance of future performance to the Vernon Counterparties, commensurate with the Buyer's obligations to the Vernon Counterparties under the respective Vernon Leases. The Court should, therefore, overrule the Objections and authorize the Debtors to assign the Vernon Leases.

WHEREFORE the Debtors respectfully request that the Court approve assignment of the Vernon Leases to the Buyer.

Dated: August 20, 2019
New York, New York

    /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*