**DLA Piper LLP (US)**
Richard A. Chesley
R. Craig Martin
Rachel Ehrlich Albanese
Alana M. Friedberg
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501
*Attorneys for Transform Holdco LLC*

**Hearing Date and Time:**
**August 22, 2019 at 10:00 A.M.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                          :   **Chapter 11**
                                                                :
**SEARS HOLDINGS CORPORATION,** *et al.*,                       :   **Case No. 18-23538 (RDD)**
                                                                :
                                     Debtors.                   :   **(Jointly Administered)**
---------------------------------------------------------------- x

**TRANSFORM HOLDCO LLC'S AMENDED SUPPLEMENTAL REPLY AND CROSS-MOTION TO STRIKE MOAC MALL HOLDING LLC'S PRE-EVIDENTIARY HEARING BRIEF REGARDING THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE MOAC LEASE[1]**

Transform Holdco LLC ("**Buyer**"), for itself and on behalf of its affiliate Transform Leaseco LLC ("**Transform Leaseco**"), as buyer of substantially all of the above-captioned Debtors' assets under the Sale Order (ECF No. 2507),[2] submits this *Amended Supplemental Reply and Cross-Motion* ("**Amended Supplement and Cross-Motion**") *to Strike MOAC Mall Holdings*

---

[1] Capitalized terms used but not defined herein have the meaning given to them in *Transform Holdco LLC's Reply to MOAC Mall Holdings LLC's (I) Objection to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction; (II) Second Supplemental and Amended: (A) Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases, and (B) Objection to Debtor's Stated Cure Amount; and (III) Third Supplemental and Amended Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 4454) (the "**Reply**").

[2] The order, which was entered on February 8, 2019, is titled: *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief.*

*LLC's Pre-Evidentiary Hearing Brief Regarding the Proposed Assumption and Assignment of the MOAC Lease* ("**Hearing Brief**").[3] Buyer hereby incorporates by reference *Transform Holdco LLC's Supplemental Reply and Cross-Motion to (A) Strike MOAC Mall Holdings LLC's Fourth Supplemental (I) Objections and Reply to Debtors' Notice of Assumption and Assignment of Additional Designatable Leases, and (II) Objection to Debtors' Stated Cure Amount; and (B) Permit Late Filed Responses to Requests for Admission* [ECF No. 4867] as if fully set forth herein, and through this Amended Supplement and Cross-Motion, Buyer respectfully requests that the Court strike the Hearing Brief.

### PRELIMINARY STATEMENT

Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"), parties have until 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the hearing date to file an objection to any pleading. (ECF 405 ¶ 29.) The Case Management Order also provides that "Replies . . . shall be filed with the Court . . . on or before 12:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.") (ECF 405 ¶ 30).

MOAC, despite several meet and confer conferences and emails between Buyer and MOAC in the week prior to the hearing, never mentioned that it intended to file a sur-reply to Buyer's Reply, which it did on August 19, 2019, just three (3) days before the hearing and in complete disregard of the Case Management Order (and only one day before Buyer's reply

---

[3] MOAC also filed three additional declarations that are cited throughout the Hearing Brief. Buyer is not seeking to strike those declarations, as they, unlike the Hearing Brief, were contemplated as part of MOAC's pre-hearing submissions.

2

deadline). Further, in an effort to skirt the Court's prohibition on sur-replies, MOAC called the Hearing Brief a "Pre-Evidentiary Hearing Brief." (*See* ECF 405 ¶ 31.)

These procedural infirmities aside, the Hearing Brief is simply a regurgitation of many of the points raised in MOAC's previous filings and does not change the question before the Court: namely, do the terms of the Lease apply such that Buyer has complied with requirements under section 365 to take an assignment of the Lease or should the Court disregard the terms of the Lease agreed to by MOAC and prohibit assignment. Thus, Buyer observes that the Hearing Brief raises no new issues or information that are material to this Court's consideration of assumption and assignment of the Lease to Buyer and Transform Leaseco.

## RELIEF REQUESTED

### MOAC's "Pre-Hearing Evidentiary Brief" Should Be Struck

1. MOAC's blatant disregard for this Court's Case Management Order and related restrictions is not limited to the Fourth Objection. Indeed, on August 19, 2019, just three days before the hearing and several days *after* the parties' efforts to meet and confer, MOAC surprised Buyer and Transform Holdco with a 36-page sur-reply to the Reply, styled as a "Pre-Evidentiary Hearing Brief."

2. The Case Management Order does not permit pre-evidentiary hearing briefs or sur-replies and specifies that "[s]ur-replies shall be not permitted or considered unless authorized by the Court." (ECF 405 ¶ 31.) Notwithstanding the foregoing, in a demonstrated lack of professional courtesy and in further disregard of the Case Management Order, MOAC improperly filed the Hearing Brief to reiterate arguments it advanced previously—several times. Accordingly, Buyer respectfully submits that the Court should refuse to endorse MOAC's abusive litigation tactics and should disregard the Hearing Brief in its entirety.

## **CONCLUSION**

For the reasons set forth above, Buyer respectfully requests that this Court strike MOAC's Hearing Brief and grant Buyer such other and further relief as is just and appropriate.

Dated: New York, New York.
August 20, 2019

Respectfully submitted,

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501


By: */s/ Rachel Ehrlich Albanese*
Richard A. Chesley
R. Craig Martin
Rachel Ehrlich Albanese
Alana M. Friedberg

*Attorneys for Transform Holdco LLC*