Presentment Date and Time: August 27, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: August 26, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): October 23, 2019, at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                  :    Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*,  :    Case No. 18-23538 (RDD)
:
Debtors.[1]                                :    (Jointly Administered)
:
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Granting Limited Relief from the Automatic Stay* (the "**Proposed Stipulation**") with QBE Insurance Corporation to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **August 27, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **August 26, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider the Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on October 23, 2019 at 10:00 a.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: August 20, 2019
      New York, New York

                                       */s/ Jacqueline Marcus*
                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York  10153
                                       Telephone:  (212) 310-8000
                                       Facsimile:  (212) 310-8007
                                       Ray C. Schrock, P.C.
                                       Jacqueline Marcus
                                       Garrett A. Fail
                                       Sunny Singh

                                       *Attorneys for Debtors*
                                       *and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
**SEARS HOLDINGS CORPORATION, *et al*.,**                   :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among the Debtors (as defined herein) and QBE Insurance Corporation ("**QBE**") (the "**Movant**"). The Debtors and QBE collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Certain former directors of Sears Canada, Inc. (the "**D&Os**") have made claims under QBE's Excess Liability Policy No. QPL0045025 issued to Sears Holdings Corporation for the 2015-2016 policy term (the "**Excess Policy**") in connection with matters arising out of the insolvency of Sears Canada, Inc. and its affiliates, pursuant to the Companies' Creditors Arrangement Act (the "**CCAA Proceedings**").[2]

C. On May 16, 2019, QBE filed the *Motion by QBE Insurance Corporation for Relief from Automatic Stay for the Purposes of Filing Declaratory Litigation in the United States District Court Against Former Directors of Sears Canada, Inc.* [ECF No. 3910] (the "**Motion**"),[3] seeking relief from the Automatic Stay for the purpose of allowing QBE to file a declaratory judgment action for the purposes of determining the availability of insurance coverage for the D&Os under the Excess Policy in the CCAA Proceedings.

D. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

---

[2] *In the Matter of the Companies Creditors Arrangement Act, et al.,* No. CV-17-11846-00CL (Can. Ont. Sup. Ct. J.) (CL).

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to allow the Movant to file a declaratory judgment action for the purpose of determining the availability of insurance coverage for the D&Os under the Excess Policy in the CCAA Proceedings, and to allow any claims, cross-and/or counter-claims by another insurer or the insureds under the Excess Policy to be filed; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. QBE may name Sears Holdings Corporation as an interested party in its declaratory judgment action, but QBE, and any other party to the declaratory judgment action, will not seek relief, in any form, from Sears Holdings Corporation.

4. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the CCAA Proceedings or any other pending prepetition action to which the Debtors are a party that may be filed by QBE, the D&Os, or any other party in the Debtors' chapter 11 cases.

5. Nothing in this Stipulation or in the proceedings that take place as a result of the relief provided herein shall, or shall be deemed to, affect the Debtors' rights with respect to (a) coverage under any applicable insurance policies, or (b) any claims or defenses that have been or

may be asserted in the CCAA Proceedings or any other litigation or contested matter, all of which rights are expressly reserved.

6. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the CCAA Proceedings or any other matter.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

12. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

13.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  August 20, 2019

By:     */s/ Jacqueline Marcus*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated:  August 20, 2019

By:     */s/ David A. Wolford*
Christopher T. Conrad
David A. Wilford
WILFORD CONRAD LLP
18 East Dundee Road
Building 6, Suite 150
Barrington, Illinois 60010
Tel:  (224) 848-4721

-and-

Michael F. Panayotou
MELITO & ADOLFSON P.C.
233 Broadway
New York, NY 10279
Tel.:  (212) 238-8900
Fax:  (212) 238-8999

*Attorneys for QBE Insurance
Corporation*

So Ordered:

Dated: _____, 2019
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5