Elise S. Frejka, CIPP/US
FREJKA PLLC
420 Lexington Avenue – Suite 310
New York, New York 10170
Telephone: (212) 641-0800
Facsimile: (212) 641-0820
efrejka@frejka.com

*Consumer Privacy Ombudsman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                             :

In re:                                 :        Chapter 11
                                             :

SEARS HOLDINGS CORPORATION, *et al.*,[1]     :        Case No.: 18-23538 (RDD)
                                             :

            Debtors.                     :        (Jointly Administered)
                                             :
----------------------------------------------------------------- X

## NOTICE OF HEARING ON FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN, FOR THE PERIOD DECEMBER 3, 2018 THROUGH JULY 31, 2019

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *First Interim*

*Application for Compensation and reimbursement of Expenses of Elise S. Frejka, Consumer*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Privacy Ombudsman, for the Period December 3, 2018 Through July 31, 2019* (the

"Application") will be held the before the Honorable Robert D. Drain, United States Bankruptcy

Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom

118, 300 Quarropas Street, White Plains, New York 10601-4140, on **October 9, 2019 at 10:00**

**a.m. (Eastern Time)** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the

"Objections") to the Application shall be in writing, shall confirm to the Federal Rules of

Bankruptcy Procedures and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Bankruptcy Court and served in accordance with the *Amended Order*

*Implementing Certain Notice and Case Management Procedures* [Docket No. 405], so as to be

filed and received no later than **September 10, 2019 at 4:00 p.m. (Eastern Time)** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and

served with respect to the Motion, the Consumer Privacy Ombudsman may submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Application, which order may be entered without further notice or an opportunity to be heard.

Dated: New York, New York
      August 20, 2019

                         RESPECTFULLY SUBMITTED,

                         /s/ Elise S. Frejka
                         Elise S. Frejka, CIPP/US
                         Frejka PLLC
                         420 Lexington Avenue – Suite 310
                         New York, New York 10170
                         Telephone: (212) 641-0800
                         Facsimile (212) 641-0820

                         *Consumer Privacy Ombudsman*

**Hearing Date and Time:  October 9, 2019 at 10:00 A.M.**
**Objection Deadline: September 10, 2019, 2019 at 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                    :

In re:                                 :         Chapter 11

                                     :

SEARS HOLDINGS CORPORATION, *et al.*,[1]     :         Case No.: 18-23538 (RDD)

                                     :

           Debtors.                   :         (Jointly Administered)

                                     :

---------------------------------------------------------------------- X

## SUMMARY SHEET FOR FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN, FOR THE PERIOD DECEMBER 3, 2018 THROUGH JULY 31, 2019

| *General Information* | |
| --- | --- |
| Name of Applicant: | Elise S. Frejka |
| Authorized to Provide Professional Services to: | Consumer Privacy Ombudsman |
| Petition Date: | October 15, 2018 |
| Date of Appointment: | December 3, 2018 |
| Prior Applications: | None |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| Period for Which Compensation is Sought: | December 3, 2018 – July 31, 2019 |
|---|---|
| *Summary of Fees and Expenses for Compensation Period* | |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $108,386.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $663.26 |
| Total Compensation and Expense Reimbursement Requested: | $109,049.51 |
| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
| Total Allowed Fees Paid to Date: | $0.00 |
| Total Allowed Expenses Paid to Date: | $0.00 |
| Total Allowed Fees and Expenses Paid to Date: | $0.00 |
| *Total Fees and Expenses Paid to Applicant Pursuant to Monthly Fee Statements* | |
| Fees Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order but Not Yet Allowed | N/A[2] |
| Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order but Not Yet Allowed | N/A |
| Total Fees and Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order but Not Yet Allowed | N/A |
| Total Fees and Expenses Sought for this Compensation Period Not Yet Paid: | $109,049.51 |
| *Summary of Rates and Other Related Information for this Compensation Period* | |
| Blended Rate in this Application for all Frejka PLLC Attorneys: | $525.00 |
| Blended Rate in this Application for all Frejka PLLC Timekeepers | $525.00 |
| Number of Frejka PLLC Timekeepers Included in this Application | 1 |
| Number of Attorneys in this Application not Included in Staffing Plan Discussed with Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |

---

[2]  The Consumer Ombudsman is not a Retained Professional as such term is defined in the Interim Compensation Order [Dkt. No. 796] and the Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327 [Dkt. No. 3307].

| | |
|---|---|
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 0 |
| Increases in Rates Since Date of Appointment: | None |

This is a(n):   ___ monthly        __**xx**__ interim          ___ final application.

The total time expended for fee application preparation is 0.00 hours and the corresponding compensation requested is approximately $0.00.

Elise S. Frejka, CIPP/US
FREJKA PLLC
420 Lexington Avenue – Suite 310
New York, New York 10170
Telephone: (212) 641-0800
Facsimile: (212) 641-0820
efrejka@frejka.com

*Consumer Privacy Ombudsman*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                          :

In re:                                   :         Chapter 11
                                                           :

SEARS HOLDINGS CORPORATION, *et al*.,[1]   :        Case No.: 18-23538 (RDD)
                                                           :

         Debtors.                        :        (Jointly Administered)
                                                           :
------------------------------------------------------------------- X

**FIRST INTERIM APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF ELISE S. FREJKA, CONSUMER PRIVACY
OMBUDSMAN, FOR THE PERIOD DECEMBER 3, 2018 THROUGH JULY 31, 2019**

        Elise S. Frejka, the Consumer Privacy Ombudsman ("Ombudsman") in the above-

captioned case, submits this first interim application  (the  "Application"), pursuant to sections

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and Rules 2016-1 and 2016-2

of the Local Rules of the United States Bankruptcy Court for the Southern District of New York

(the "Local Rules"), for an interim allowance of compensation for professional services rendered

and reimbursement of actual and necessary expenses incurred during the period commencing

December 3, 2018 through July 31, 2019 (the "Fee Period").  In support of the Application, the

Ombudsman respectfully represents as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases

in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

2.      Beginning on October 15, 2018 (the "Commencement Date") and continuing

thereafter, each of the Debtors commenced with this Bankruptcy Court a voluntary case under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are

authorized to continue to operate their business and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On October 24, 2018, the United States Trustee for Region 2 (the "UST")

appointed an official committee of unsecured creditors (the "Creditors' Committee").  No trustee

or examiner has been appointed in these chapter 11 cases.

4.      The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

2

5.      On November 3, 2018, the Debtors filed the Motion of Debtors for Entry of an

Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B)

Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve

Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale,

Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii)

Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking

Horse Agreement and (iii) Granting Related Relief (the "SHIP Sale Motion") [Dkt. No. 450].

6.      The SHIP Sale Motion contemplated that the Debtors would sell, among other

things, customer data, including personally identifiable information of consumers.

7.      The Bankruptcy Court entered that certain Order (i)(A) Approving Bidding

Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid

Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home

Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale

Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of

Sears Home Improvement Business in Accordance with the Stalking Horse Agreement and (iii)

Granting Related Relief (the "SHIP Bidding Procedures Order") [Dkt. No. 775].

8.      On November 1, 2018, the Debtors filed their Motion for Approval of Global

Bidding Procedures (the "Global Sale Motion") [Dkt. No. 429].

9.      On November 19, 2018, the Bankruptcy Court entered that certain Order

Approving Bidding Procedures and Granting Related Relief (the "Global Bidding Procedures

Order") in connection with the Global Asset Sale [Dkt. No. 816].

10.     On November 21, 2018, the Debtors filed the Notice of Filing of Global Bidding

Procedures Process Letter soliciting bids for the Global Assets, on a going concern or liquidation

3

basis and individual target businesses, including Sears Home Services and the business units PartsDirect, Sears Auto Centers, Innovel and Wally Home (the "Global Assets") [Dkt. No. 862].

11.     On December 3, 2018, the UST filed the Notice of Appointment of Consumer Privacy Ombudsman [Dkt. No. 1009] pursuant to the Stipulation and Agreed Order with Respect to Appointment of Consumer Privacy Ombudsman [Dkt. No. 999].

12.     In accordance with section 332 of the Bankruptcy Code, the Ombudsman filed the Report of the Consumer Privacy Ombudsman with respect to the SHIP Sale Motion on December 17, 2018 wherein she made specific recommendations regarding the scope of personally identifiable information to be sold as part of the sale.

13.     The Court approved the sale of the Sears Home Improvement Business on December 26, 2018.  See Dkt. No. 1417.  However, the sale of the Sears Home Improvement Business did not close, and the assets were thereafter sold as part of the Global Asset Sale (described below).

14.     On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets.  The bid submitted by Transform Holdco LLC ("Transform") was selected by the Debtors, as directed by the Debtors' Restructuring Committee, as the highest and best offer for the Global Assets.

15.     On January 17, 2019, the Debtors and Transform entered into the Asset Purchase Agreement pursuant to which Transform would acquire all or substantially all of the Global Assets, including the Sears Home Improvement Business [Dkt. No. 1730].

16.     Among the assets to be sold to Transform pursuant to the Asset Purchase Agreement was Customer Data.  Customer Data was defined in the Asset Purchase Agreement as meaning:

all data (including personal data and personally identifiable information) owned or controlled (meaning any data [the Debtors] have the ability to transfer in compliance with applicable Law) by or on behalf of [the Debtors] related to [the Debtors'] customers, consumers or end users, including (i) customer, consumer and end user files and lists and contact information, (ii) purchasing, transaction and installation histories (namely, the product purchased, date of purchase, location of purchase, date of installation and whether a warranty was purchased), (iii) customer, consumer and end-user complaints and returns, (iv) customer, consumer or end user opt-outs, unsubscribe or opt-ins requests in relation to the use or processing of their information, (v) all analytics relating to any of the foregoing and other customer-based analyses or reports and, (vi) all loyalty program data and participation information (including all information and data with respect to Shop Your Way).

Asset Purchase Agreement at Section 1.1.

17.    The Ombudsman filed the Report of the Consumer Privacy Ombudsman, as corrected, with respect to the Global Asset Sale on February 4, 2019 wherein she made specific recommendations regarding the scope of personally identifiable information to be sold as part of the sale [Dkt. 2392].

18.    The hearing to consider the Global Asset Sale commenced on February 4, 2019.

19.    On February 8, 2019, the Court entered the Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief [Dkt. No. 83].

20.    Subsequent to the closing of the sale of substantially all of the assets of the Debtors to Transform, the Ombudsman, the Debtors and Transform have been working diligently to effectuate the transfer of personally identifiable information in a manner that meets consumer expectations and takes into account the practicalities of transferring significant customer records. This has involved the ongoing involvement of the Ombudsman

## **Relief Requested**

21.     The Ombudsman submits this Application pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

22.     By this Application, the Ombudsman seeks an interim allowance and payment of compensation in the amount of $108,386.25 for actual and necessary professional services rendered and reimbursement of actual and necessary expenses in the amount of $663.26.

23.     The total number of hours expended by the Ombudsman during the Fee Period in performing her responsibilities as the Consumer Privacy Ombudsman was 207.50 hours.  The value of these services has been computed at the rates the Ombudsman customarily charges for similar services provided for other clients.

24.     A detailed chronological itemization of the services rendered by the Ombudsman, calculated by tenths of an hour, is attached hereto as Exhibit A.  All compensation requested herein relates to services rendered in connection with the discharge of the Ombudsman's duties.

25.     Annexed hereto as Exhibit B is a schedule setting forth all professionals who have performed services during the Fee Period, the capacities in which such individual is employed, the year in which the individual was first licensed to practice law, the hourly billing rate of such individual, and the aggregate number of hours expended and fees billed.

26.     Annexed hereto as Exhibit C are schedules, organized by task code, of the fees and expenses requested.

27.     During the Fee Period, the Ombudsman provided, among other things, the following services:

- Reviewed the Debtors' privacy policies in effect on the Petition Date and at prior periods of time, and the Debtors' privacy practices and collection procedures concerning personally identifiable information and protected health information about consumers, database

maintenance, and the sharing and use of such information with third parties;

- Reviewed the SHIP Sale Motion, the SHIP Asset Purchase Agreement, and the proposed Order approving the SHIP Sale;

- Reviewed the Global Asset Sale Motion, the Global Asset Sale Bidding Procedures, the Global Asset Purchase Agreement, and the proposed Order approving the Global Asset Sale

- Conducted telephone interviews, discussions, and emails with (1) counsel to the Debtors, Weil Gotshal & Manges LLP (Randi Singer, Lauren Springer and Meggin Bednarczyk); (2) internal representatives of the Debtors including Jeremy Holbrook (Deputy General Counsel), Gregory Russell (Chief Information Officer), Justin Kurt (Divisional Vice President – Mobile Marketing and Targeted Interactions), Michelle Johnson (Senior Director – I&TG, Financial Services and Point of Sale), Carol Ricchio (Vice President – Retail Solutions), Eui Chung (Vice President – Social Commerce), Vatsala Dubey (Director – Information Security and Compliance), Espen Zachrisen (Vice President – Online and Telluride), Ajay Sharma (Senior Director, Technology – Home Services), Ramesh Nallabelli (Senior Director, Technology – Home Services), and Jonathan Ramesbottom (Senior Manager, I&TG); (3) special health law counsel to the Debtors, Quarles & Brady LLP (Edward D. Rickert); and (4) counsel to Transform, Cleary Gottlieb Steen & Hamilton LLP (Daniel Ilan, Michelle Elsner and Jane Rosen);

- Researched and reviewed case law, commentaries, and court orders from bankruptcy cases involving the sale of personally identifiable information and protected health information;

- Analysed public filings by the Debtors to understand the Debtors' business units and practices;

- Reviewed applicable United States federal and state privacy laws, regulations, enforcement actions, guidance and industry best practices; and

- Drafted the Report of the Consumer Privacy Ombudsman with respect to the Global Asset Sale

- Drafted the Report of the Consumer Privacy Ombudsman with respect to the SHIP Asset Sale;

- Attended hearings regarding the SHIP Sale and the Global Asset Sale;

- Negotiated the post-closing scope of information contained in the vault to be transferred to Transform; and

- Worked with the Debtors and Transform post-closing to further define and refine the appropriate scope of personally identifiable information to be transferred to Transform.

### **Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules**

28.    In accordance with Local Rule 2016-1, the undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of her information, knowledge and belief that this Application complies with Local Rule 2016-1.

29.    To the best of the Ombudsman's knowledge, this Application complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the Office of the United States Trustee, and the Local Rules.

30.    As detailed above, in accordance with the Local Rules, a summary schedule of hours and fees for the Ombudsman is attached hereto as Exhibit C to this Application.

31.    The Ombudsman submits that the services rendered, and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code.  The Ombudsman's services provided an important benefit to the Debtors' estate.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.  The Ombudsman submits that the professional services were performed in an expeditious and efficient manner.  The Ombudsman addressed the primary issues implicated by both contemplated sales that included personally identifiable information and protected health information expeditiously, effectively and in a consensual manner that facilitated the ultimate sale to Transform.

32.    There is no agreement or understanding between the Ombudsman and any other person for the sharing of compensation received for services rendered in or in connection with these cases.

33.    This Application is a first and final request for compensation and reimbursement of expenses.

WHEREFORE, the Ombudsman respectfully requests entry of an order, substantially in the form attached hereto as Exhibit D, authorizing (a) allowance, on an interim basis, of compensation in the amount of $108,386.25 for professional services rendered during the Fee Period; (b) allowance, on an interim basis, of the actual and necessary costs and expenses incurred in the amount of $663.26; and (c) such other and further relief that the Court deems just, proper and necessary.

Dated: New York, New York
        August 20, 2019

                                                    RESPECTFULLY SUBMITTED,

                                                    /s/ Elise S. Frejka
                                                    Elise S. Frejka, CIPP/US
                                                    Frejka PLLC
                                                    420 Lexington Avenue – Suite 310
                                                    New York, New York 10170
                                                    Telephone: (212) 641-0800
                                                    Facsimile (212) 641-0820

                                                    *Consumer Privacy Ombudsman*

## **VERIFICATION**

I, ELISE S. FREJKA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and based on the information and records available to me:

1.      I am the Consumer Privacy Ombudsman.

2.      I personally performed the work set forth in the Application.

3.      I have reviewed the foregoing Application and the facts stated therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Bankruptcy Rule 2016-1, and submit that the Application substantially complies with such rule.

Dated: New York, New York
       August 20, 2019


                                        /s/ Elise S. Frejka
                                        Elise S. Frejka

**<u>Exhibit A</u>**

*(Time Records)*



Bankruptcy, Corporate & Litigation Boutique

# INVOICE

Invoice # 14
Date: 08/16/2019
Due Upon Receipt

## Frejka PLLC

420 Lexington Avenue - Suite 310
New York, NY 10170
United States

Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179

## Sears Holdings Corporation

## Sears Holdings Corporation-Consumer Privacy Ombudsman

### Services

| Attorney | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Elise Frejka | 12/03/2018 | CPO Report: Review first day declaration regarding background (.8); preliminary analysis of historical privacy policies (1.4); call with R. Singer (Weil) regarding SHIP sale, privacy policies, data collection (.5). | 2.70 | $525.00 | $1,417.50 |
| Elise Frejka | 12/04/2018 | CPO Report: Call with R. Singer (Weil) regarding scope of customer data. | 0.30 | $525.00 | $157.50 |
| Elise Frejka | 12/05/2018 | CPO Report: Conference call with L. Clark (SHIP), L. Valentine (Debtors), and R. Singer (Weil) regarding scope of data collection, use, structure of business for background information for report (.6); follow up call with R. Singer regarding same (.2). | 0.80 | $525.00 | $420.00 |
| Elise Frejka | 12/10/2018 | CPO Report: Review letter to FTC regarding consent decree (.1); review and analysis of SHIP historical information received from Debtors (.5). | 0.60 | $525.00 | $315.00 |
| Elise Frejka | 12/13/2018 | CPO Report: Outline CPO recommendations based upon discussions (1.2); begin drafting report (2.1). | 3.30 | $525.00 | $1,732.50 |
| Elise Frejka | 12/14/2018 | CPO Report: Research regarding historical SHIP business from public filings (4.1); draft CPO Report regarding SHIP (5.6). | 9.70 | $525.00 | $5,092.50 |
| Elise Frejka | 12/15/2018 | CPO Report: Draft/finalize CPO Report (6.3); email to R. Singer (Weil) regarding same (.1). | 6.40 | $525.00 | $3,360.00 |

| Elise Frejka | 12/17/2018 | CPO Report: Revise CPO Report (.8); call with D. Kroneberg (Sidley), counsel for Service.com regarding recommendations (.3); call with R. Singer (Weil) regarding same, de-identifying certain customer records (.3); call with D. Kroneberg regarding consent decree and scope of data transfer (.3); call with J. Hine (FTC) regarding scope of consent decree (.3); conference call with C. Fonzone and D. Kronenberg (Sidley) counsel for Service.com regarding recommendations (.3); revise report (2.3); letter to Judge Drain regarding same (.2). | 4.80 | $525.00 | $2,520.00 |
|---|---|---|---|---|---|
| Elise Frejka | 12/18/2018 | Non-Working Travel: Travel from NYC to SDNY - White Plains for SHIP Sale Hearing (.8); travel from SDNY - White Plains to Office from SHIP Sale Hearing (1.3). | 2.10 | $262.50 | $551.25 |
| Elise Frejka | 12/18/2018 | CPO Report: Review revised proposed order authorizing sale (.4); review debtors' reply to omnibus objections to SHIP sale (.4); attend hearing before Judge Drain regarding sale of SHIP Business (2.00). | 2.80 | $525.00 | $1,470.00 |
| Elise Frejka | 12/19/2018 | CPO Report: Review terms of use, privacy policy regarding Shop Your Way loyalty program (2.1); analysis of evolution of policies using wayback website (2.7). | 4.80 | $525.00 | $2,520.00 |
| Elise Frejka | 01/08/2019 | CPO Report: Attend status conference before Judge Drain (telephonic) regarding sale. | 3.30 | $525.00 | $1,732.50 |
| Elise Frejka | 01/08/2019 | CPO Report: Call with R. Singer regarding sale, scope, timing, PII (.3); begin research regarding business units, data collection points and policies governing collection (3.9). | 4.20 | $525.00 | $2,205.00 |
| Elise Frejka | 01/10/2019 | CPO Report: Draft application to retain Frejka PLLC. | 0.50 | $525.00 | $262.50 |
| Elise Frejka | 01/10/2019 | CPO Report: Extensive call with R. Singer and L. Springer (Weil) regarding scope of PII and ESL Bid (1.5); call with P. Schwartzberg (UST) regarding retention of firm, scope of appointment (.3); call with D. Ilan, J. Fields, M. Elsner (counsel for ESL) regarding preliminary thoughts on recommendations, strategy for going forward (.9); follow up call with R. Singer regarding all of the above (.4). | 3.10 | $525.00 | $1,627.50 |
| Elise Frejka | 01/11/2019 | CPO Report: Conference call with R. Singer, L. Springer (Weil), D. Ilan, M. Bednarczyk, M. Elsner (CGS&H) regarding scope of data transfer, strategy (1.0); call with R. Singer regarding data issues (.3); draft preliminary recommendations for sale (3.1). | 4.40 | $525.00 | $2,310.00 |
| Elise Frejka | 01/13/2019 | CPO Report: Extensive conference call regarding PII collected with R. Singer and M. Bednarczyk (Weil), G. Russell (CIO, Sears), E. Zachrisen (VP, Sears), V. Dubey (Director, Sears), E. Chung (VP Social Commerce), C. Ricchio (VP Retail Solutions), M. | 3.20 | $525.00 | $1,680.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Johnson (Senior Director, Sears), J. Kurt (Divisional VP, Sears), J. Holbrook (DGC, Sears) and A. Llorens (1.8); follow up call with A. Llorens regarding open issues from call (.3); email exchange with R. Singer regarding open issues (.1); draft deliverables from Sears determined during call (.5). | | | |
| Elise Frejka | 01/14/2019 | CPO Report: Call with R. Singer regarding scheduled call with Sears Auto and Home Services divisions and data collection/retention issues (.6); conference call with R. Singer, L. Springer and M. Bednarczyk (Weil), A. Llorens, and Sears internal personal including J. Holbrook, V. Dubey, I. Alexis, J. Ramesbottom, C. Ricchio, G. Russell, A. Sharma, R. Nallabelli, and M. Johnson regarding data collection and retention practices of Sears Automotive, SHO and Home Services divisions (1.3); follow up call with R. Singer regarding open issues from call (.3); draft list of deliverables needed as a result of call (.8); update outline of report (.8); review and analyze Sears Holdings petition (.5) and first day declaration (.4); review and analyze SEC filings by Sears Holdings including 2018, 2017, 2016 10ks (1.2); Consideration and draft of draft narrative description of Sears Holdings business segments and affiliate relationships including K-Mart, Sears Domestic, SHO, Sears Automotive, Shop Your Way, Innovel, Lands End, and others (4.6). | 9.30 | $525.00 | $4,882.50 |
| Elise Frejka | 01/15/2019 | CPO Report: Continued diligence in order to draft recommendations including call with R. Singer (Weil) regarding scope of data to be transferred (.9), call with M. Elsner (Cleary) regarding same (.8); further call with R. Singer regarding scope (.2); review pre-2008 privacy policies (1.2); outline recommendations for report (3.8); email exchange with R. Singer regarding status of status conference, bidding process (.2); review draft Exhibit F to Asset Purchase Agreement and provide comments (.5); email exchange with R. Singer regarding same (.2); review series of emails from R. Singer containing responses to questions raised during calls with Debtors (.4); draft narrative of Sears Holdings business segments and affiliate relationships including K-Mart, Sears Domestic, SHO, Sears Automotive, Shop Your Way, Innovel, Lands End, and others (1.3). | 9.50 | $525.00 | $4,987.50 |
| Elise Frejka | 01/16/2019 | CPO Report: Continue drafting narrative summary of Sears Holdings business segments and affiliates including creation of chronology for CPO Report (1.6); continued review of Sears Holdings SEC filings regarding same (1.2). | 2.80 | $525.00 | $1,470.00 |
| Elise Frejka | 01/17/2019 | CPO Report: Continued review of Sears Holdings SEC filings for inserts to CPO Report (.6) and | 1.10 | $525.00 | $577.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | bankruptcy filings for identification of privacy concerns regarding same (.5). | | | |
| Elise Frejka | 01/18/2019 | CPO Report: Continued review of Sears Holdings SEC filings (.7) and bankruptcy schedules, motion for sale and other filings for identification of privacy concerns (1.7) all in connection with CPO Report; continued drafting and editing narrative summary of Sears Holdings business segments and affiliates for CPO Report (1.6). | 4.00 | $525.00 | $2,100.00 |
| Elise Frejka | 01/19/2019 | CPO Report: Review proposed APA for privacy concerns, including scope of assets to be sold, consideration of data sources and affiliates affiliates data collection. (2.7) draft business segment narratives for CPO Report (.7). | 3.40 | $525.00 | $1,785.00 |
| Elise Frejka | 01/20/2019 | CPO Report: Further review of Sear bankruptcy filings and schedules, SOFAs for background information for CPO Report (2.4); further review of APA regarding same (1.4). | 3.80 | $525.00 | $1,995.00 |
| Elise Frejka | 01/21/2019 | CPO Report: Revise insert to CPO Report regarding narrative and recommendations for pharmacy segment (.3); review of information related thereto (2.3); draft narrative regarding business segments and data collection history (1.3); continued review of bankruptcy filings, schedules and SOFAs for privacy concerns (2.1). | 6.00 | $525.00 | $3,150.00 |
| Elise Frejka | 01/22/2019 | CPO Report: Continued review of Sears Holdings bankruptcy filings for identification of privacy concerns (.7); continued revisions to narrative summary of Sears Holdings business segments and affiliates (.6). | 1.30 | $525.00 | $682.50 |
| Elise Frejka | 01/23/2019 | CPO Report: Review and consideration of Holdings filings regarding Global Assets Sales APA, including review of APA and Sears Holdings SEC filings regarding business segments and history. (3.7). | 3.70 | $525.00 | $1,942.50 |
| Elise Frejka | 01/24/2019 | CPO Report: Draft CPO Report (5.4); emails with R. Singer (Weil) regarding open issues regarding Vault and Pharmacy aspects of sale (.2); revise preliminary statement (.6); further research regarding VPAA for purposes of consent (2.2). | 8.40 | $525.00 | $4,410.00 |
| Elise Frejka | 01/25/2019 | CPO Report: Exchange emails with R. Singer (Weil) regarding Pharmacy sale issues (.2); revise preliminary statement for CPO Report (.4); review materials received from R. Singer with respect to pharmacy sale and licenses (.2); draft CPO Report (3.1); conference call with R. Singer (Weil), J. Holbrook (Sears) and E. Rickert (Special Counsel/ Quarles) regarding specifics of pharmacy practice, HIPAA compliance and transfer of licenses, PHI (1.0) with continuation of call with R. Singer and J. | 5.80 | $525.00 | $3,045.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Holbrook regarding vault issues (.4); revise pharmacy section of report as a result of sale (.4); email to D. Ilan and M. Elsner (Cleary) with draft recommendations for pharmacy (.1). | | | |
| Elise Frejka | 01/26/2019 | CPO Report: Draft, edit and revise descriptions and narrative regarding history of Sears Holdings business segments - including Sears Domestic, Kmart, ShopYourWay, Automotive, Innovel and others, and privacy issues and policies (6.2); review of Sears Holdings SEC filings and bankruptcy filings (1.7). | 7.90 | $525.00 | $4,147.50 |
| Elise Frejka | 01/27/2019 | CPO Report: Draft CPO Report incorporating background facts provided by Debtors and other research (6.4). | 6.40 | $525.00 | $3,360.00 |
| Elise Frejka | 01/28/2019 | CPO Report: Review comments from Buyer regarding pharmacy sale to CPO Report (.4); incorporate comments into CPO Report (.5); email to J. Rosen (Cleary) regarding same (.2); call with R. Singer regarding CPO Report (.3); continued drafting of sections of CPO Report (6.7); review of SEC filings regarding formation of Shop Your Way loyalty program. (1.7); review of APA for information on scope of PII issues (1.1); further revise CPO Report (4.5). | 15.40 | $525.00 | $8,085.00 |
| Elise Frejka | 01/29/2019 | CPO Report: Draft inserts for CPO Report regarding business segments (5.1); email exchange with R. Singer regarding report and timing (.2); revise CPO Report (9.4). | 14.70 | $525.00 | $7,717.50 |
| Elise Frejka | 01/30/2019 | CPO Report: Call with R. Singer (Weil) regarding draft report (.4); call with M. Elsner (Cleary) regarding timing, vault issues (.4); revise CPO Report (4.8); review email from R. Singer and J. Holbrook (Sears) regarding Shop Your Way program (.2); review email from J. Holbrook regarding service contracts (.1); incorporate factual comments into report (1.2); conference call with J. Holbrook, R. Singer, M. Bednarcyk (Weil), E. Zachrisen (Sears) and E. Chung (Sears) regarding Shop Your Way and evolution of same (.8); revise report with respect to Shop Your Way after conference call (.5); email to R. Singer, M. Elsner regarding revised report (.2). | 8.50 | $525.00 | $4,462.50 |
| Elise Frejka | 01/31/2019 | CPO Report: Call with J. Hine (FTC) regarding transfer of customer data to new buyer (.5); review FTC case law regarding transfer of Vault, concerns and considerations (1.7); review PCI standards for vaults and research regarding same (2.1); review R. Singer (Weil) email regarding same and data points collected (.2); revise report (1.1). | 5.60 | $525.00 | $2,940.00 |
| Elise Frejka | 02/01/2019 | CPO Report: Calls (2x) with R. Singer (Weil) regarding final factual issues for CPO Report (.3); | 4.30 | $525.00 | $2,257.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | conference call with J. Rosen (Cleary) and R. Singer regarding CPO Report and recommendations (1.4); emails with R. Singer and J. Rosen regarding open issues (multiple) (.5); finalize report for filing (2.1). | | | |
| Elise Frejka | 02/04/2019 | CPO Report: Attend sale hearing before Judge Drain (Day 1) (3.8); review and comment on proposed sale order (1.8); conference call with R. Singer (Weil), J. Rosen (Cleary) regarding vault issues, counterparts to APA and designation in report (.6); revise and correct report to capture designee (.3). | 6.50 | $525.00 | $3,412.50 |
| Elise Frejka | 02/06/2019 | CPO Report: Attend Sale Hearing (5.1); emails with J. Rosen (Cleary) and R. Singer (Weil) regarding vault and proposal regarding same (.8); call with J. Rosen regarding same (.5). | 6.40 | $525.00 | $3,360.00 |
| Elise Frejka | 02/07/2019 | CPO Report: Attend Sale Hearing, including preparation for same during transit (5.4); discussion with J. Rosen and D. Elan (Cleary) regarding vault and transfer of data (.5). | 5.90 | $525.00 | $3,097.50 |
| Elise Frejka | 03/04/2019 | CPO Report: Conference call with J. Rosen (Cleary/ ESL) and R. Singer (Weil) regarding vault and operational issues. | 0.40 | $525.00 | $210.00 |
| Elise Frejka | 03/13/2019 | CPO Report: Call with R. Singer and J. Rosen regarding open data issue in connection with sale. | 0.50 | $525.00 | $262.50 |
| Elise Frejka | 04/08/2019 | CPO Report: Prepare for call with J. Rosen and R. Singer (.2); conference call with J. Rosen and R. Singer regarding status of implementation of recommendations and SHIP issues (.4). | 0.60 | $525.00 | $315.00 |
| Elise Frejka | 04/08/2019 | CPO Report: Call with R. Singer and J. Rosen regarding open data issue in connection with sale. | 0.50 | $525.00 | $262.50 |
| Elise Frejka | 04/11/2019 | CPO Report: Review email from J. Rosen (Transform) regarding tilt issues, SHIP sale (.1); review proposed stipulation (.6); review CPO Report in connection with same (.5); comments to stipulation (.8). | 2.00 | $525.00 | $1,050.00 |
| Elise Frejka | 05/01/2019 | CPO Report: Exchange of emails with J. Rosen, A. Theobald (Tranform) regarding structure of stipulation. | 0.20 | $525.00 | $105.00 |
| Elise Frejka | 05/13/2019 | CPO Report: Review and comment on draft letter agreement with respect to vault and PII retention. | 0.70 | $525.00 | $367.50 |
| Elise Frejka | 06/06/2019 | CPO Report: Further review of letter agreement with respect to vault (.6); review status of stipulation (.3). | 0.90 | $525.00 | $472.50 |
| Elise Frejka | 06/10/2019 | CPO Report: Call with J. Rosen regarding vault issues (.2); revise letter confirming scope of data to be retained by Transform (.5). | 0.70 | $525.00 | $367.50 |

| Elise Frejka | 06/28/2019 | CPO Report: Review draft stipulation and proposed order regarding SHIP sale received from Weil and comment on same. | 0.50 | $525.00 | $262.50 |
| Elise Frejka | 07/01/2019 | CPO Report: Review draft from WGM regarding stipulation amending CPO Report (.6); comments regarding same (.2). | 0.80 | $525.00 | $420.00 |
| Elise Frejka | 07/03/2019 | CPO Report: Review comments from J. Rosen (CGSH) regarding time line for consumer notice as amended and respond to same. | 0.30 | $525.00 | $157.50 |
| Elise Frejka | 07/16/2019 | CPO Report: Review proposed revisions to stipulation modifying ombudsman report (.4); email to J. Rosen regarding same (.1). | 0.50 | $525.00 | $262.50 |
| Elise Frejka | 07/19/2019 | CPO Report: Review revised stipulation amending CPO Report and comment (.4); email exchange with J. Rosen (CGSH) and N. Hwangpo (WGM) regarding same (.2), | 0.60 | $525.00 | $315.00 |
| Elise Frejka | 07/24/2019 | CPO Report: Review stipulation to address litigation holds (.5); email exchange with A. Theobald regarding same (.1). | 0.60 | $525.00 | $315.00 |

| | | | Quantity Subtotal | | 207.5 |
| | | | Services Subtotal | | $108,386.25 |

## Expenses

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Expense | 12/18/2018 | Local Transportation Uber from NYC to Courthouse for SHIP Sale Hearing ($72.26); taxi to office from SHIP Sale Hearing ($11.76) | 1.00 | $84.02 | $84.02 |
| Expense | 01/08/2019 | Appearance Fee: CourtCall Appearance - January 8, 2019 Status Conference. | 1.00 | $79.00 | $79.00 |
| Expense | 02/04/2019 | Local Transportation Uber from NYC to White Plains for Sale Hearing | 1.00 | $94.37 | $94.37 |
| Expense | 02/04/2019 | Local Travel Uber from Home to White Plains for Sale Hearing (94.37); return travel by train ($14.00) | 1.00 | $108.37 | $108.37 |
| Expense | 02/06/2019 | Local Transportation Uber from Home to White Plains for Sale Hearing | 1.00 | $97.99 | $97.99 |
| Expense | 02/06/2019 | Local Transportation Uber from White Plains to Home after Sale Hearing | 1.00 | $79.04 | $79.04 |
| Expense | 02/07/2019 | Local Transportation Metro North from White Plains to NYC ($18.00); cab from Grand Central to Home after Sale Hearing ($13.80). | 1.00 | $31.80 | $31.80 |

| Expense | 02/07/2019 | Local Transportation Uber from home to White Plains for Sale Hearing. | 1.00 | $88.67 | $88.67 |
|---|---|---|---|---|---|
| | | | | **Expenses Subtotal** | **$663.26** |

| Time Keeper | Position | Quantity | Rate | Total |
|---|---|---|---|---|
| Elise Frejka | Partner | 205.4 | $525.00 | $107,835.00 |
| Elise Frejka | Partner | 2.1 | $262.50 | $551.25 |
| | | **Quantity Total** | | **207.5** |
| | | **Subtotal** | | **$109,049.51** |
| | | **Total** | | **$109,049.51** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 14 | 08/16/2019 | $109,049.51 | $0.00 | $109,049.51 |
| | | | **Outstanding Balance** | **$109,049.51** |
| | | | **Total Amount Outstanding** | **$109,049.51** |

**Exhibit B**

**Summary of Fees by Timekeeper**

| Timekeeper | Title | Year Admitted | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Elise S. Frejka | Partner | 1991 | $525.00 | 205.40 | $108,386.25 |
| | | | $267.50 | 2.10 | |
| **Total** | | | | **207.50** | **$108,386.25** |

**Exhibit C**

**Summary of Fees by Project Category**

| Project Category | Hours | Amount |
|---|---|---|
| CPO Report | 205.40 | $107,835.00 |
| Non-working Travel | 2.10 | 551.25 |
| **Total** | **207.50** | **$108,386.25** |

**Summary of Expenses by Project Category**

| Project Category | Amount |
|---|---|
| Local Transportation | $584.26 |
| Telephonic Court Fee | $79.00 |
| **Total** | **$663.26** |

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                            :

In re:                              :         Chapter 11
                            :

SEARS HOLDINGS CORPORATION, *et al.*,[1]   :         Case No.: 18-23538 (RDD)
                            :

        Debtors.                 :         (Jointly Administered)
                            :

---------------------------------------------------------------------- X

**ORDER GRANTING FIRST INTERIM APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN, FOR
THE PERIOD DECEMBER 3, 2018 THROUGH JULY 31, 2019**

Upon consideration of the First Interim Application for Compensation and for

Reimbursement of Expenses for the Period from December 3, 2018 through July 31, 2019 (the

"Application") filed by Elise S. Frejka a member of Frejka PLLC and the Consumer Privacy

Ombudsman in the above-captioned case; and the Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and the deadline for

filing objections to the relief requested therein having been provided; and a hearing having been

held to consider the relief requested in the Application (the "Hearing"); and upon the record of

the Hearing and all of the proceedings had before the Court; and the Court having found and

determined that all of the applicable requirement of sections 327. 328, 330, and 331 of title 11 of

the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rules 2016-1

and 2016-2 of the Local Bankruptcy Rules for the Southern District of New York, the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases, effective February 5, 2013 (as adopted by General Order M-447) have been

satisfied; and it appearing that the services rendered and expenses incurred by Frejka PLLC for

which compensation and reimbursement is sought were actual, reasonable and necessary; and

after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent set forth in Schedule A hereto;

and it is further

ORDERED that the Debtors are authorized and directed upon entry of this order to remit

payment to Frejka PLLC in the amounts set forth on Schedule A; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: _____, 2019

_____
Robert D. Drain
United States Bankruptcy Judge

# EXHIBIT 1

Case No.: 18-23538 (RDD)

**CURRENT FEE PERIOD**

**Schedule A**

Case Name: In re Sears Holdings Corporation. *et al.*

December 3, 2018 – July 31, 2019

| (1) Applicant | (2) Date/ Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for Prior Fee Period(s) (if any) (i.e., Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Frejka PLLC | 8/19/2019 ECF No.: | $108,386.25 | $108,386.25 | $108,386.25 | $0.00 | $108,386.25 | $663.26 | $663.26 |

Revised September 2011

DATE ON WHICH ORDER WAS SIGNED:

_____

INITIALS: _____USBJ