**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>DEBTORS | CHAPTER 11<br><br>**CASE NO: 18-23538 (RDD)**<br><br>JOINTLY ADMINISTERED |

## MOTION TO DEEM LATE FILED PROOF OF CLAIM TIMELY

**COMES NOW** Claimant O'Rosia Figueroa by and through undersigned counsel and for her Motion to Deem Late Filed Proof of Claim Timely Filed.

### BACKGROUND

On October 15, 2018, Sears Holdings Corporation and its affiliates (hereinafter "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. By order of the Court entered on April 4, 2014, the Debtors' bankruptcy cases are being jointly administered under the above caption and docket. See Dkt. No. 1. The Court set the Claims Bar Date as April 10, 2019, (hereinafter the "Claims Bar Date") as the last day to file Proofs of Claim. At this time, the Disclosure Statement and Chapter 11 Plan are still awaiting confirmation hearing set for August 16, 2019.

### NATURE OF CLAIMS

The Debtors, include K-Mart stores which are operated in the United States Virgin Islands. Claimant Figueroa is a resident of St. Croix, United States Virgin Islands. On June 30, 2017, while walking in the Kmart Sunny Isles household cleaner aisle, she slipped and fell in liquid. As a result of the Debtor's negligence Claimant Figueroa suffered physical

LEE J. ROHN AND
ASSOCIATES, LLC
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

<u>**In re SEARS HOLING CORPORATION, ET AL, CASE NO 18-23538RDD,**</u>
<u>**Motion to Deem Late Filed Proof of Claim Timely**</u>
Page 2

injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life, all of which are expected to continue into the foreseeable future. Claimant Figueroa filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix on August 22, 2017. On October 24, 2017, Debtor filed a Notice of Bankruptcy and Motion to Stay Proceedings.

Claimant Figueroa never received the Proof of Claim packet Modified Form 410. Claimant Figueroa never received the Notice of Deadline for Filing Proofs of Claim. The only thing Claimant Figueroa received beyond the Notice of Bankruptcy and Motion to Stay Proceedings was the Notice of Meeting of Creditors.

Counsel for Claimant Figueroa only discovered that no proof of claim had been filed for Claimant Figueroa while submitting voting ballots on other claimants she represents against the Debtors in this matter and realized that Claimant Figueroa's ballot was missing.

## BASIS FOR RELIEF REQUESTED

Federal Rule of Bankruptcy Procedure 9006(b) permits the Claims Bar Date to be extended where the failure to timely act "was the result of excusable neglect." Claimant Figueroa's proof of claim was submitted on August 1, 2019, as soon as it was discovered that it had not been done previously. The United States Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, stated the standard for what constitutes "excusable neglect" on an untimely filed Chapter 11 Proof of Claim. 507 U.S. 380, 388 (1993). The Court held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances

<u>In re SEARS HOLING CORPORATION, ET AL, CASE NO 18-23538RDD,</u>
<u>Motion to Deem Late Filed Proof of Claim Timely</u>
Page 3

beyond the party's control." *Id*.

A four part test was adopted by The Court for determining whether excusable neglect exists which includes (a) "the danger of prejudice to the debtor;" (b) "the length of the delay and its potential impact on the judicial proceedings;" (c) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (d) "whether the movant acted in good faith." *Id*. at 395. 22. Most importantly, the Court stressed, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."

In this case, there is no prejudice to the Debtor by allowing the additional filing of a proof of claim which is in the General Unsecured Claim group. The length of delay in this matter has no impact on judicial proceedings as the Plan has not yet been confirmed and the hearing on confirmation of the Plan has not yet been held. The entire reason for the delay is that Claimant Figueroa unlike all of undersigned counsel's other claimants, never received a Modified Form 410 nor notice of the deadline to file Proof of Claims. Upon discovery of the fact that Claimant Figueroa's Proof of Claim had not been filed, one was filled out, submitted, and this Motion drafted. Finally, Claimant Figueroa could not have acted in bad faith when she never received the appropriate paperwork to submit and preserve her claim.

WHEREFORE, Claimant Figueroa seeks the entry of an Order granting the instant Motion, deeming her Proof of Claim as timely filed, and granting such other and further relief as the Court deems just and equitable.

<u>**In re SEARS HOLING CORPORATION, ET AL, CASE NO 18-23538RDD,**
**Motion to Deem Late Filed Proof of Claim Timely**</u>
Page 4

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff(s)

DATED: August 2, 2019              BY:  *s/ Lee J. Rohn*
                                                     Lee J. Rohn, Esq.
                                                     VI Bar No. 52
                                                     1101 King Street
                                                     Christiansted, St. Croix
                                                     U.S. Virgin Islands 00820
                                                     Telephone: (340) 778-8855
                                                     lee@rohnlaw.com

## **CERTIFICATE OF SERVICE**

     **THIS IS TO CERTIFY** that on August 2, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

                                               BY:  *s/ Lee J. Rohn*  (jk)