| | |
|---|---|
| FOX ROTHSCHILD LLP<br>Kathleen M. Aiello<br>101 Park Avenue, 17th Floor<br>New York, New York 10178<br>(212) 878-7900 | Hearing Date: **August 22, 2019**<br>Hearing Time: **10:00 a.m.** |

Michael R. Herz
49 Market Street
Morristown, New Jersey 07960
(973) 548-3330

*Attorneys for Aspen Marketing Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                    :
                                                                              :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,[1]     :
                                                                              :    Case No. 18-23538 (RDD)
                                                Debtors.         :
                                                                              :    (Jointly Administered)
-------------------------------------------------------------x

## JOINDER OF ASPEN MARKETING SERVICES, INC. TO RESPONSES TO DEBTORS' OMNIBUS OBJECTION TO VENDORS' MOTIONS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Aspen Marketing, Inc. ("Aspen Marketing"), by and through its undersigned counsel, submits this joinder (the "Joinder") to the responses to the *Debtors' Omnibus Objection to Vendors' Motion for Allowance and Payment of Administrative Expense Claims* (the "Objection") [ECF No. 4854] filed by Alpine Creations Ltd. ("Alpine") [ECF No. 4893] and Weihai Lianqiao International Coop. Group Co., Ltd. ("WLI") [ECF No. 4900] on August 19, 2019, along with the Joinder of Vehicle Service Group, LLC d/b/a Rotary, a Dover Company ("VSG") [ECF No. 4904] filed on August 20, 2019 (collectively, the "Responses"). The Debtors' Objection includes *Aspen Marketing Services, Inc.'s Motion to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. § 503(b) for Services Provided to the Debtor Post-Petition* (the "Aspen Admin Motion"), which Aspen Marketing filed in the Debtors' case on May 23, 2019. [*See* ECF No. 4001]. In support of this Joinder, Aspen Marketing respectfully states as follows:

## PRELIMINARY STATEMENT

1. Following the Debtors' bankruptcy filing on October 15, 2018 (the "Petition Date"), Aspen Marketing provided certain marketing services to the Debtor relating to Sears Auto Center with a value totaling not less than $193,936.58 (the "Aspen Admin Claim").

2. Aspen Marketing issued two invoices to the Debtor in connection with these services. The first invoice, invoice no. EPU0000103838, dated January 24, 2019, was for services rendered by Aspen Marketing in December 2018 and totaled $101,120.47 (the "December Invoice"). The second invoice, invoice no. EPU0000105605, dated February 22, 2019, was for services rendered by Aspen Marketing in January 2019 and totaled $92,816.11 (the "January Invoice" and together with the December Invoice, the "Invoices"). Both the December Invoice and the January Invoice have net 30-day payment terms and payment was due on February 23, 2019 and March 24, 2019, respectively. As set forth in the Invoices, the services provided by

2

Aspen Marketing to the Debtors fall squarely within the post-petition period. Aspen Marketing's Invoices remain unpaid today.

3. On May 23, 2019, Aspen Marketing filed the Aspen Admin Motion seeking allowance and immediate payment for its unpaid post-petition services. The hearing on the Aspen Admin Motion was originally scheduled for June 20, 2019 (the "Hearing"). A true and correct copy of the Aspen Admin Motion is annexed hereto as Exhibit A.

4. On or around June 4, 2019, the Debtors responded informally to the Aspen Admin Motion by requesting an adjournment of the Hearing to a date after the time when the issue regarding the allocation of post-petition expense between the Debtors and the buyer had been resolved. Aspen Marketing agreed to adjourn the Hearing, but the adjourned hearing date had not yet been set at the time of the last discussions with the Debtors in June.

5. After Aspen Marketing consented to the Debtors' request for an adjournment, the Debtors did not contact Aspen Marketing regarding the Aspen Admin Motion, or any other matter, until August 15, 2019 when the Debtors filed the instant Objection.

6. The Objection lists the Aspen Admin Motion, but is silent regarding the Debtors' specific objections to the Aspen Admin Claim. To date, Aspen Marketing is unaware of any specific objection or challenge to the Invoices or the post-petition services Aspen Marketing provided to the Debtors, yet the Objection asks this Court to deny the Aspen Admin Motion. The Debtors' Objection is baseless, and therefore, should be overruled.

## JOINDER

7. Aspen Marketing joins in the Responses filed in reply to the Debtors' Objection to the extent they apply to the Aspen Admin Motion. For the reasons stated more specifically in each

of those respective Responses, Aspen Marketing requests that the Court overrule the Debtors' Objection and grant the relief requested in the Aspen Admin Motion.

## RESERVATION OF RIGHTS

8. Aspen Marketing reserves the right to amend or supplement this Joinder, whether in writing or by arguments made at the hearing to consider the Aspen Admin Motion and the Debtors' Objection. In addition, Aspen Marketing reserves any rights of setoff and/or recoupment, or to assert any other claims that it may have in connection with the claims asserted in the Aspen Admin Motion or related to the post-petition services Aspen Marketing rendered to the Debtors.

## CONCLUSION

9. For the foregoing reasons, Aspen Marketing respectfully requests that this Court enter an Order: (i) granting Aspen Marketing an allowed administrative expense claim under Section 503(b)(1) of the Bankruptcy Code in the amount of $193,936.58 for services provided to the Debtors following the Petition Date; (ii) requiring the Debtors immediate payment of the Aspen Admin Claim to Aspen Marketing and no later than the date on which the Court confirms the Debtors' plan; (iii) overruling the Debtors' Objection and denying any relief sought by the Debtors therein; and (iv) granting such other and further relief as this Court deems equitable and proper.

Dated:  New York, New York
        August 20, 2019

Respectfully submitted,
FOX ROTHSCHILD LLP
*Attorneys for Aspen Marketing, Inc.*

By: */s/ Kathleen M. Aiello*
    Kathleen M. Aiello
    101 Park Avenue, 17th Floor
    New York, New York 10178
    (212) 878-7900

    Michael R. Herz
    49 Market Street
    Morristown, New Jersey 07960