# Exhibit A

FOX ROTHSCHILD LLP  
Kathleen M. Aiello  
101 Park Avenue, 17th Floor  
New York, New York 10178  
(212) 878-7900  

**Hearing Date: June 20, 2019**  
**Hearing Time: 10:00 a.m.**  

**Objection Deadline: June 13, 2019**

*Attorneys for Aspen Marketing Services, Inc.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re                                                          :  
                                                               :  Chapter 11  
SEARS HOLDINGS CORPORATION, *et al.*,[1]    :  
                                                               :  Case No. 18-23538 (RDD)  
                        Debtors.                           :  
                                                               :  (Jointly Administered)  
------------------------------------------------------------x  

## NOTICE OF HEARING ON MOTION OF ASPEN MARKETING SERVICES, INC. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b) FOR SERVICES PROVIDED TO THE DEBTOR POST-PETITION

TO THE DEBTOR, COUNSEL TO THE DEBTOR, ALL PARTIES ON THE MASTER SERVICE LIST DEFINED BY THE PROCEDURES ORDER AND THE OFFICE OF THE UNITED STATES TRUSTEE:

**PLEASE TAKE NOTICE** that upon the motion (the "Motion"), dated May 22, 2019, of Aspen Marketing Services, Inc. ("Aspen Marketing"), by and through its undersigned counsel,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Active\95222575.v2-5/22/19

Fox Rothschild LLP, for the entry of an order allowing and compelling payment of administrative expense claim pursuant to 11 U.S.C. §503(b) for services provided to the Debtor post-petition; a hearing will be held at the next omnibus hearing on June 20, 2019 at 10:00 a.m. (EST) (the "Hearing"), or as soon thereafter as counsel may be heard, before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his courtroom at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, to consider the relief sought in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov); and (b) by all other parties in interest, on a CD-ROM, in a text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served on (i) Fox Rothschild LLP, Attorneys for Aspen Marketing, Inc., 101 Park Avenue, 17th Floor, New York, New York 10178, Attn: Kathleen Aiello, Esq. and Fox Rothschild LLP, 321 North Clark Street, Suite 1600, Chicago, Illinois 60654, Attn: Brian L. Shaw, Esq.; and (ii) the "Standard Parties", as that term is defined in that certain Order Implementing Certain Notice and Case Management Procedures dated October 17, 2018 [ECF No. 139] (the "Procedures Order"), and served in the manner as provided in the Procedures Order, so as to be received no later than 4:00 p.m., (Prevailing Eastern Time) on the date that is seven (7) calendar days prior to the Hearing Date (the "Objection Deadline"). The ECF docket number to which the filing relates must be included in the upper right hand corner of the caption of all Objections.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion in accordance with the Procedures Order, Aspen Marketing may, on or after the Objection Deadline, submit to the Bankruptcy Court an appropriate order substantially in the form attached to the Motion, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be obtained from the online docket at http://www.nysb.uscourts.gov/, or by contacting the undersigned.

Dated:  New York, New York         Respectfully submitted,
        May 22, 2019               FOX ROTHSCHILD LLP

                                   By:  */s/ Kathleen M. Aiello*
                                        Kathleen M. Aiello
                                        101 Park Avenue, 17th Floor
                                        New York, New York 10178
                                        (212) 878-7900
                                        *Attorneys for Aspen Marketing, Inc.*

2

Active\95222575.v2-5/22/19

FOX ROTHSCHILD LLP
Kathleen M. Aiello
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900

*Attorneys for Aspen Marketing Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              :
                                                   :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,[1]           :
                                                   :   Case No. 18-23538 (RDD)
                        Debtors.                   :
                                                   :   (Jointly Administered)
------------------------------------------------------------x

## MOTION OF ASPEN MARKETING SERVICES, INC. TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b) FOR SERVICES PROVIDED TO THE DEBTOR POST-PETITION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Aspen Marketing, Inc. ("Aspen Marketing"), by and through its undersigned counsel, submits this motion (the "Motion") to Allow and Compel Payment of Administrative Expense

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Active\95222575.v2-5/22/19

Claim Under 11 U.S.C. § 503(b) for Services Provided to the Debtor Post-Petition. In support of the Motion, Aspen Marketing respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. The statutory predicate for the relief requested herein is Section 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtor" and, with the other debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors"), commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. In December 2018 and January 2019, Aspen Marketing provided certain marketing services to the Debtor relating to Sears Auto Center. Aspen Marketing issued two invoices to the Debtor in connection with these services. The first invoice, invoice no. EPU0000103838, dated January 24, 2019, was for services rendered by Aspen Marketing in December 2018 and totaled $101,120.47 (the "December Invoice"). The second invoice, invoice no. EPU0000105605, dated February 22, 2019, was for services rendered by Aspen Marketing in January 2019 and totaled $92,816.11 (the "January Invoice" and together with the December Invoice, the "Invoices"). Both the December Invoice and the January Invoice have net 30 day payment terms and payment was

due on February 23, 2019 and March 24, 2019, respectively. The Invoices are attached hereto as **Exhibit A**.

5.  The Invoices total $193,936.58 and remain unpaid.

## RELIEF REQUESTED

6.  Aspen Marketing requests entry of an order, substantially in the form attached hereto as **Exhibit B**: (i) granting Aspen Marketing an allowed administrative expense claim in the amount of $193,936.58 under section 503(b)(1)(A) of the Bankruptcy Code for services rendered to the Debtor post-petition, and (ii) requiring the Debtor to immediately pay such allowed administrative expense claim.

## BASIS FOR RELIEF

7.  The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1)(A)."

8.  Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's*, 789 F.2d 98, 101 (2d Cir. 1986)).

9.  Here, Aspen Marketing is asserting $193,936.58 for services rendered to the Debtor after the Petition Date. Moreover, the Debtor has already benefited from the marketing services

3

Active\95222575.v2-5/22/19

rendered by Aspen Marketing. Accordingly, Aspen Marketing is entitled to administrative expense priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

10. In addition, Aspen Marketing is also entitled to immediate payment of its $193,936.58 administrative expense claim.

11. With respect to timing of payment of an allowed administrative claim, courts have discretion as to whether to provide for immediate payment of such a claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id.* Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

12. As set forth above, at the Debtor's request, Aspen Marketing rendered marketing services on behalf of the Debtor after the Petition Date. The Debtor has not disputed the Invoices. Presumably, the Debtors have been paying other administrative creditors in the ordinary course of business. It would be patently unfair, and without legal basis, for the Debtors to pay some administrative expense claimants who supply goods and services to the Debtors post-petition in

4

the ordinary course of business and not pay others. See, e.g., 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the fact, have agreed to subordinate their claims.") (citation omitted). Accordingly, Aspen Marketing requests immediate payment of its allowed administrative expense claim.

### NOTICE

13.   Notice of this Motion will be served on the Debtors and the "Master Service List" as those terms are defined in the Procedures Order, and in the manner provided therein. Aspen Marketing submits that no other or further notice need be provided.

14.   No previous motion or application for the relief sought herein has been made to this or any other Court.

### CONCLUSION

15.   For the foregoing reasons, Aspen Marketing respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit B, (i) granting Aspen Marketing an allowed administrative expense claim in the amount of $193,936.58 on account of services rendered to the Debtor Sears Holdings Corporation after the Petition Date, and (ii) requiring the Debtor to immediately pay such allowed administrative expense claim; and (b) grant such other and further relief to Aspen Marketing as the Court deems just and proper.

Dated:  New York, New York        FOX ROTHSCHILD LLP
        May 22, 2019

                                    By:  */s/ Kathleen M. Aiello*
                                          Kathleen M. Aiello
                                          101 Park Avenue, 17th Floor
                                          New York, New York 10178
                                          (212) 878-7900

                                          *Attorneys for Aspen Marketing, Inc.*

Active\95222575.v2-5/22/19

# EXHIBIT A



| | |
|---|---|
| **Invoice No:** | EPU0000103838 |
| **Invoice Date:** | 01/24/2019 |
| **Page:** | 1 of 1 |

**Aspen Marketing Services, Inc.**
1240 North Avenue
West Chicago, IL 60185

**Bill To:**
Sears Holdings Corporation
3333 Beverly Road
VENDOR NO. 667998
Hoffman Estates IL 60179
United States

**Attn:** Yvonne Kolton

**Cust ID:** 000000000020104

**Remit To:**

Payment via wire:
    Payment via ACH/Wire:
    Bank Name:    Fifth Third Bank
    City, State:    Cincinnati, Ohio
    Account Number:    7028030869
    ABA Number:    042000314
    Account Name:    Aspen Marketing Services, LLC
Please reference Invoice Number EPU0000103838 on payment.

Please forward remittance advice for the wire to
CreditDepartment@Epsilon.com

For Check Payments via US mail:
    Name on account:    Aspen Marketing Services, LLC
    Lock Box Number:    P.O. Box 84009
    City, State, Zip:    Chicago, IL 60689-4009

Please reference Invoice Number EPU0000103838 on remittance advice or reverse of check.

Sears Auto Center CRM Dec-18
Project # 100078986

| Program | Product ID | Description | Quantity | Price | UOM | Total Amount |
|---|---|---|---:|---:|---|---:|
| | EP_GSACCTMGMT | Account Management - Retainer Fee | 1 | 52,500.00000 | | 52,500.00 |
| | EP_GSACCTMGMT | Account Management Email | 1 | 8,814.00000 | | 8,814.00 |
| | EP_GSACCTMGMT | E-Mail Event Campaign Set Up | 1 | 18,000.00000 | | 18,000.00 |
| | EP_GSACCTMGMT | List Cleanse | 1 | 9,079.30000 | | 9,079.30 |
| | EP_GSDREAMLICFEE | Harmony License | 1 | 2,500.00000 | | 2,500.00 |
| | EP_GSEMAILEVENT | Email Sent | 3,409,056 | 0.00300 | | 10,227.17 |
| | | **Sub-Total:** | | **Tax:** | | **Balance Due:** |
| | | 101,120.47 | | 0.00 | USD | 101,120.47 |

Balance is due no later than 02/23/2019
**Payment Terms Net 30**

For Remittance and Billing inquiries, please email or call:
Phone: (866) 778-0222 Fax: (630) 293-7674
Email: CreditDepartment@Epsilon.com



*A DIVISION OF epsilon*

| | |
|---|---|
| **Invoice No:** | EPU0000105605 |
| **Invoice Date:** | 02/22/2019 |
| **Page:** | 1 of 1 |

**Aspen Marketing Services, Inc.**
1240 North Avenue
West Chicago, IL 60185

**Bill To:**
Sears Holdings Corporation
3333 Beverly Road
VENDOR NO. 667998
Hoffman Estates IL 60179
United States

**Attn:** Yvonne Kolton

**Cust ID:** 000000000020104

**Remit To:**

Payment via wire:
   Payment via ACH/Wire:
   Bank Name:    Fifth Third Bank
   City, State:     Cincinnati, Ohio
   Account Number:  7028030869
   ABA Number:   042000314
   Account Name:  Aspen Marketing Services, LLC
Please reference Invoice Number EPU0000105605 on payment.

Please forward remittance advice for the wire to
CreditDepartment@Epsilon.com

For **Check** Payments via **US** mail:
   Name on account:  Aspen Marketing Services, LLC
   Lock Box Number:  P.O. Box 84009
   City, State, Zip:    Chicago, IL 60689-4009

Please reference Invoice Number EPU0000105605 on remittance advice or reverse of check.

Sears Auto Center CRM Jan-19
Project # 100095147

| Program | Product ID | Description | Quantity | Price | UOM | Total Amount |
|---|---|---|---:|---:|---|---:|
| | EP_GSACCTMGMT | Account Management - Retainer Fee | 1 | 52,500.00000 | | 52,500.00 |
| | EP_GSACCTMGMT | Account Management Email | 1 | 8,814.00000 | | 8,814.00 |
| | EP_GSACCTMGMT | E-Mail Event Campaign Set Up | 1 | 18,000.00000 | | 18,000.00 |
| | EP_GSACCTMGMT | List Cleanse | 1 | 24.55000 | | 24.55 |
| | EP_GSDREAMLICFEE | Harmony License | 1 | 2,500.00000 | | 2,500.00 |
| | EP_GSEMAILEVENT | Email Sent | 3,659,188 | 0.00300 | | 10,977.56 |
| | | | **Sub-Total:** | **Tax:** | | **Balance Due:** |
| | | | 92,816.11 | 0.00 | USD | 92,816.11 |

Balance is due no later than 03/24/2019
Payment Terms Net 30

For Remittance and Billing inquiries, please email or call:
Phone: (866) 778-0222 Fax: (630) 293-7674
Email: CreditDepartment@Epsilon.com

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                            :
                                                                 : Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,[1]                         :
                                                                 : Case No. 18-23538 (RDD)
                                        Debtors.                 :
                                                                 : (Jointly Administered)
-----------------------------------------------------------------x

## ORDER ALLOWING AND COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF ASPEN MARKETING SERVICES, INC. UNDER 11 U.S.C. § 503(b) FOR SERVICES PROVIDED TO THE DEBTOR POST-PETITION

This matter is before the Court on the Motion (the "Motion") of Aspen Marketing, Inc. ("Aspen Marketing") To Allow And Compel Payment Of Administrative Expense Claim Under 11 U.S.C. § 503(b) For Services Performed On Behalf Of The Debtor Post-Petition. The Court finds that sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

1. The relief requested in the Motion is **GRANTED.**

2. Aspen Marketing is granted an allowed administrative expense claim against the Debtors pursuant to Bankruptcy Code §§ 503(b)(1)(A) in the amount of $193,936.58.

3. The Debtors are directed to pay Aspen Marketing $193,936.58 in cash within three (3) days of the date of this Order.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
June __, 2019

_____  
United States Bankruptcy Judge