**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDING CORPORATION,** *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF MIEN CO. LTD., HELEN ANDREWS, STRONG PROGRESS GARMENT FACTORY COMPANY, LTD, SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK INDUSTRIAL, MINGLE FASHION TO FEE APPLICATIONS FILED BY PROFESSINALS**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion (the "Objecting Parties"), by and through their undersigned counsel, The Sarachek Law Firm, hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

file this limited objection (the "Objection") to the various fee applications and fee statements filed by the parties listed on Exhibit A attached hereto (the "Professionals"). In support of the Objection, the Objecting Parties state as follows:

**STATEMENT**

1. Various professionals have been retained by Sears Holding Co., *et al*. (the "Debtors") and the Unsecured Creditors Committee (the "Committee") in furtherance of the orderly resolution of the above bankruptcy. As required, the Professionals have been filing interim fee applications and interim fee statements with the Court in order to receive payment for services rendered to the Debtors and the Committee.

2. Between August 13 and August 20, 2019, fourteen applications for interim professional compensation have been filed (the "Recent Interim Fee Applications").[2] While the Objecting Parties may not object to a final determination as to the validity of the amounts owed, they do object to the Fee Applications insofar as the Professionals seek immediate payment of their own administrative claims.

3. Since the beginning of this case, it appears the Professionals have billed $161,383,731.19 in fees and $6,395,295.66 of expenses. Of that amount, $130,076,561.59 plus expenses of $3,809,041.33 have already been approved on an interim basis by the Court to be paid per its Order of June 28, 2019 [Dkt. 4409]. See *Footnote 2*. The Recent Interim Fee Applications are for $31,307,169.60 in professional fees and $2,586,254.33 of expenses. Additionally, the Court's orders dated November 30, 2018 [the Dkt. No. 952] and December 28, 2018 [Dkt. No. 1436] are unclear as to the amount of the cap on the carve-out for these professional fees. Unlike other cases where carve-outs are from a secured creditor's collateral,

---

[2] Please see the spreadsheet attached as Exhibit A that lists the various fee applications, amounts requested and allowed, and the docket number of each application.

2

the funds in this carve-out are directly impacting the recovery of all claimants, including all similarly situated 503(b) administrative claimants, as well general unsecured creditors. The Objecting Parties request that no further professional fees should be paid at this time, especially since there has been no showing that the estate is administratively solvent. In fact, to the contrary, what we do know at this point is it appears that the estate may in fact be administratively insolvent.

4.  Section 726(b) of title 11 of the United States Code (the "Code") requires pro rata distribution of assets among creditors that are in the same statutory class. It provides as follows:

> Payment of claims of a kind specified in paragraph … (2) … of section 507(a) of this title … shall be made pro rata among claims of the kind specified in each particular paragraph. 11 U.S.C. § 726(b).

5.  Section 507(a)(2) of the Code, which is referenced in section 726(b), specifically refers to allowed administrative expenses under 503(b) of the Code. Section 503(b)(2) categorizes compensation and reimbursement awarded under section 330 of the Code as administrative expenses under Section 503.

6.  Based on the clear language of the Code, all administrative expense claims under section 503(b) of the Code are of the same priority and shall be paid pro rata.

7.  If the Debtors fail to establish administrative solvency, and this case is ultimately converted to one under Chapter 7, then professionals' fees approved on a final basis subsequent to the conversion may have priority over the Chapter 11 503(b) claims. As a result, regardless of the language of the Carve-out, until the Debtors establish administrative solvency and reconcile administrative claims, there should be no additional payments made by the estate to estate professionals.

### **CONCLUSION**

8. For the above reasons, the Objecting Creditors request that the Court deny the Fee Applications to the extent that the Professionals request payment of their fees at this time.

Date: New York, NY
August 20, 2019

                                           Respectfully submitted,

                                           THE SARACHEK LAW FIRM

                                           /s/ Joseph E. Sarachek
                                           Joseph E. Sarachek
                                           101 Park Avenue – 27th Floor New York, NY.
                                           10178 Telephone: (646) 517-5420
                                           Facsimile: (646) 861-4950
                                           joe@sarecheklawfirm.com

# EXHIBIT A

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| McAndrews, Held and Malloy's (IP-Related Services Provider for the Debtors) | April 8, 2019 ECF No. 3087 | 10/15/18 - 02/28/19 | $628,967.84 | $628,967.84 | $628,967.84 | $18,288.92 | $18,288.92 | $18,288.92 |
| Wachtell, Lipton, Rosen & Katz (Special Counsel for the Debtors) ("**WLRK**") | April 12, 2019 ECF No. 3185 | 10/15/18 - 03/18/19[3] | $873,185.00 | $873,185.00 | $873,185.00 | $12,832.82 | $12,832.82 | $12,832.82 |
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC) | April 15, 2019 ECF No. 3190 | 10/24/18 - 02/28/19 | $20,309,841.00 | $20,309,841.00 | $20,309,841.00 | $1,325,684.75 | $1,325,684.75 | $1,325,684.75 |
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC) | August 14, 2019 ECF No. 4846 | 03/01/19 - 06/30/19 | $5,741,021.50 | | | $817,560.08 | | |
| Young Conaway Stargatt & Taylor, LLP (Conflicts Counsel for the Debtors) | April 15, 2019 ECF No. 3191 | 10/15/18 - 02/28/19 | $239,471.00 | $239,471.00 | $239,471.00 | $1,385.59 | $1,385.59 | $1,385.59 |
| Young Conaway Stargatt & Taylor, LLP (Conflicts Counsel for the Debtors) | April 16, 2019 ECF No. 4862 | 03/01/189 - 06/30/19 | $99,614.50 | | | $1,497.52 | | |
| Houlihan Lokey Capital, Inc. (Investment Banker for the UCC) | April 15, 2019 ECF No. 3194 | 10/29/18 - 02/28/19 | $8,750,000.00 | $8,750,000.00 | $8,750,000.00 | $110,347.94 | $110,347.94 | $110,347.94 |
| Houlihan Lokey Capital, Inc. (Investment Banker for the UCC) | August 14, 2019 ECF No. 4842 | 03/01/19 - 06/30/19 | $625,000.00 | | | $1,169.82 | | |
| FTI Consulting Inc. (Financial Advisor for the UCC) | April 15, 2019 ECF No. 3195 | 10/25/18 - 02/28/19 | $7,460,918.25 | $7,460,918.25 | $7,460,918.25 | $38,344.76 | $38,344.76 | $38,344.76 |

18-23538-rdd    Doc 4923    Filed 08/20/19    Entered 08/20/19 19:05:00    Main Document
Pg 7 of 9

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| FTI Consulting Inc. (Financial Advisor for the UCC) | August 14, 2019 ECF No. 4841 | 03/01/19 - 06/30/19 | $1,273,385.00 | | | $7,971.71 | | |
| Prime Clerk LLC (Administrative Agent for the Debtors) | April 15, 2019 ECF No. 3196 | 10/15/18 - 02/28/19 | $981.75 | $981.75 | $981.75 | $0.00 | $0.00 | $0.00 |
| Prime Clerk LLC (Administrative Agent for the Debtors) | August 14, 2019 ECF No. 4840 | 03/01/19 - 06/30/19 | $30579.85 | | | $0.00 | | |
| Evercore Group L.L.C. (Investment Banker for the Debtors) | April 15, 2019 ECF No. 3204 | 10/15/18 - 03/14/19 | $1,000,000.00 | $1,000,000.00 | $1,000,000.00 | $17,095.30 | $17,095.30 | $17,095.30 |
| Evercore Group L.L.C. (Investment Banker for the Debtors) | August 14, 2019 ECF No. 4837 | 03/15/19 - 07/14/19 | 400,000.00 | | | $0.00 | | |
| Alvarez & Marsal North America, LLC (Financial Advisors for the Debtors) | April 15, 2019 ECF No. 3205 | 10/15/18 - 02/28/19 | $3,959,349.50 | $3,959,349.50 | $3,959,349.50 | $25,674.97 | $25,674.97 | $25,674.97 |
| Alvarez & Marsal North America, LLC (Financial Advisors for the Debtors) | August 13, 2019 ECF No. 4828 | 02/01/19 - 06/30/19 | $103,407.50 | | | $146.74 | | |
| Stout Risius Ross, LLC (Real Estate Consultant and Advisor for the Debtors) | April 15, 2019 ECF No. 3206 | 11/21/18 - 02/28/19 | $173,291.00 | $173,291.00 | $173,291.00 | $6,960.60 | $6,960.60 | $6,960.60 |
| Stout Risius Ross, LLC (Real Estate Consultant and Advisor for the Debtors) | August 14, 2019 ECF No. 4835 | 03/01/19 - 06/30/19 | $19,404.50 | | | $0.00 | | |

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison LLP (Conflicts Counsel for the Debtors and Counsel for the Restructuring Subcommittee) | April 15, 2019 ECF No. 3207 | 10/15/18 - 02/28/19 | $14,377,232.25 | $14,377,232.25 | $14,377,232.25 | $288,917.88 | $288,917.88 | $288,917.88 |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP (Conflicts Counsel for the Debtors and Counsel for the Restructuring Subcommittee) | August 14, 2019 ECF No. 4834 | 03/01/19 - 06/30/19 | $4,973,799.25 | | | $1,160,821.70 | | |
| Deloitte Transactions and Business Analytics LLP (Bankruptcy Advisor for the Debtors) | April 15, 2019 ECF No. 3213 | 11/01/18 - 02/28/19 | $5,509,852.75 | $5,509,852.75 | $5,509,852.75 | $261,846.10 | $261,846.10 | $261,846.10 |
| Deloitte Transactions and Business Analytics LLP (Bankruptcy Advisor for the Debtors) | August 13, 2019 ECF No. 4827 | 03/01/19 - 06/30/19 | $2,177,270.75 | | | $100,390.95 | | |
| Lazard Freres & Co. LLC (Investment Banker for the Debtors) | April 15, 2019 ECF No. 3217 | 10/15/18 - 02/28/19 | $20,500,000.00 | $20,500,000.00 | $20,500,000.00 | $11,395.28 | $11,395.28 | $11,395.28 |
| Deloitte Tax LLP (Tax Services Provider for the Debtors) | April 15, 2019 ECF No. 3220 | 10/15/18 - 02/28/19 | $3,263,507.00 | $3,263,507.00 | $3,263,507.00 | $70,248.94 | $70,248.94 | $70,248.94 |
| Deloitte Tax LLP (Tax Services Provider for the Debtors) | August 14, 2019 ECF No. 4848 | 03/01/19 - 06/30/19 | $1,385,726.00 | | | $16,890.59 | | |

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Deloitte & Touche LLP (Independent Auditor and Advisor for the Debtors) | April 15, 2019 ECF No. 3223 | 10/15/18 - 02/28/19 | $2,324,770.50 | $2,324,770.50 | $2,324,770.50 | $47,154.66 | $47,154.66 | $47,154.66 |
| Deloitte & Touche LLP (Independent Auditor and Advisor for the Debtors) | August 13, 2019 ECF No. 4826 | 03/01/19 - 06/30/19 | $91,365.50 | | | $0.00 | | |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | April 15, 2019 ECF No. 3224 | 10/15/18 - 02/28/19 | $40,705,193.75 | $40,705,193.75 | $40,705,193.75 | $1,572,862.82 | $1,572,862.82 | $1,572,862.82 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | August 15, 2019 ECF No. 4860 | 3/01/19 - 06/30/19 | $14,004,773.50 | | | $477,595.67 | | |
| Paul E. Harner (as Fee Examiner) and Ballard Spahr LLP (as Counsel to Fee Examiner) | August 14, 2019 ECF No. 4844 | 04/22/19 - 06/30/19 | $273,435.50 | | | $1,546.29 | | |
| Elise S. Frejka (as Consumer Privacy Ombudsman) | August 20, 2019 ECF No. 4910 | | $108,386.25 | | | $663.26 | | |
| TOTAL | | | **$161,383,731.19** | | | **$6,395,295.66** | | |

[1] Subject to amounts previously paid by the Debtors.
[2] *Id.*
[3] On March 18, 2019, the Court granted WLRK leave to withdraw as counsel to the Debtors pursuant to the *Order Authorizing Wachtell, Lipton, Rosen & Katz to Withdraw as Special Counsel to the Debtors Pursuant to Local Rule 2090-1* [ECF No. 2860]. In the interest of judicial economy, and as noted in its Application [ECF No. 3185], WLRK submitted its Application as a combined interim and final fee application in order to cover the entirety of WLRK's services on behalf of the Debtors through March 18, 2019. To the extent that WLRK seeks approval of its application as a final—rather than an interim—application, such request shall be considered at a subsequent hearing.