## MORTGAGE NOTE

**VALUE: $17,400,000**                    **DUE:  December 22, 2019**

   **FOR VALUE RECEIVED**, the undersigned promises to pay to the order of **THE UNITED STATES OF AMERICA** and **CARL IRELAND**, as guardian for James Garbe and his estate, as joint and several creditors (*acreedores solidarios*) the principal sum of **SEVENTEEN MILLION FOUR HUNDRED THOUSAND DOLLARS ($17,400,000.00)**, with interest on the unpaid balance at a rate equal to one point five percent (1.5%) per annum.  Interest due under this Mortgage Note shall be computed on the basis of a three hundred sixty (360) day year for the actual number of days elapsed from the date of this Mortgage Note until full payment hereof (including the first day but excluding the last day).  Payments of interest and principal hereunder shall be made at the office or domicile of the holder of this Mortgage Note or the person entitled to enforce the instrument within the Commonwealth of Puerto Rico, or at such other place as the holder of this Mortgage Note or the person entitled to enforce the instrument may from time to time designate in writing.

   Anything herein to the contrary notwithstanding, if the rate of interest required to be paid hereunder exceeds the maximum rate lawfully chargeable, the rate of interest to be paid shall be automatically reduced to the maximum rate lawfully chargeable so that no amounts shall be charged which are in excess thereof, and, in the event it should be determined that any excess over such highest lawful rate has been charged or received, the holder hereof or the person entitled to enforce the instrument shall promptly refund such excess to the undersigned.

   In the event the holder of this Mortgage Note or the person entitled to enforce the instrument resorts to any court (including any bankruptcy court) or initiates mortgage foreclosure proceedings, regardless of its nature, to collect in full or in part the principal amount hereof and/or any interest accrued thereon, the undersigned shall pay to said holder or person entitled to enforce the instrument a sum of up to five percent (5%) of the principal balance hereof for the actual aggregate cost of the disbursements, expenses and reasonable attorneys' fees which may be incurred by the holder hereof or the person entitled to enforce the instrument, which amount shall immediately become liquid, due and payable upon the filing of the petition or complaint.

   The undersigned, and all others who may become liable for all or any part of this obligation, whether as maker, principal, surety, guarantor or endorser, shall be jointly and severally ("solidariamente") liable and jointly and severally ("solidariamente") waive demand, presentment, protest, notice of dishonor and non-payment and any and all lack of diligence or delays in collection or enforcement hereof, and expressly agree and consent (i) to any extension of time, modification of the terms of payment, release of any party liable for this obligation, release, substitution or exchange of any property, real or personal, tangible or intangible, guaranteeing payment of the mortgage securing this Mortgage Note, and (ii) that any other indulgence or forbearance may be made without notice to said party, and without in any way affecting the liability of any party obligated hereunder.

   Payments of both principal and interest are to be made in lawful money of the United States of America.

This Mortgage Note is secured by a mortgage constituted pursuant to Deed Number Two (2) of Constitution of Mortgage executed on the date hereof before Notary Public Miguel Agustín Blanco Fuertes(the "Deed of Mortgage"), and the holder of this Mortgage Note or the person entitled to enforce the instrument is entitled to the rights, benefits and security of all of the provisions and conditions set forth in the Deed of Mortgage and in any pledge agreement or other instrument executed by the undersigned assigning, pledging, or otherwise encumbering this Mortgage Note as security for the obligations described therein, and may enforce the agreements of the undersigned contained in the Deed of Mortgage and in each of said agreements or instruments, and may exercise the remedies provided thereby or otherwise in respect thereof without being required first to foreclosure on the pledge or other lien or encumbrances so constituted upon this Mortgage Note, all in accordance with the terms of the Deed of Mortgage and said agreements or instruments. No reference herein to the Deed of Mortgage and said agreements or instruments and no provision of this Mortgage Note or of said agreements or instruments shall alter or impair the obligations of the undersigned hereunder, which are continuing, absolute and unconditional, nor shall such reference affect the negotiability hereof under the Commercial Transactions Act of Puerto Rico, or any other applicable law.

The occurrence of any one or more of the following events shall constitute an "Event of Default" hereunder:

(a) if default shall be made in the due and punctual payment of any principal of and/or interest on this Mortgage Note when and as the same shall become due and payable; or

(b) if default shall be made by the undersigned in the due performance of and/or compliance with any of the terms of the Deed of Mortgage; or



(c) if a default or an event of default shall exist under this Mortgage Note, or under any document or agreement pursuant to which this Mortgage Note is pledged, assigned, or otherwise encumbered; or

(d) if any material representation or warranty of the undersigned made herein or in any document or agreement pursuant to which this Mortgage Note is pledged, assigned, or otherwise encumbered shall be false in any material respect on the date when made.

(e) If the Mortgagor defaults or breaches any of the terms of the Settlement Agreement entered into between Mortgagor and Mortgagee on December twenty-two (22), two thousand seventeen (2017).

Upon the occurrence of any Event of Default (in addition to any other remedies for which the holder of this Mortgage Note or the person entitled to enforce the instrument may be entitled under this Mortgage Note, the Deed of Mortgage, or any document or agreement pursuant to which this Mortgage Note is pledged, assigned, or otherwise encumbered), then, upon expiration of any applicable notice, grace and/or cure period, the entire principal amount of this Mortgage Note at the time outstanding shall, at the option of the holder of this Mortgage Note or the person entitled to enforce the instrument, become immediately due and payable without notice or demand. Failure to exercise this option shall

not constitute a waiver of the right to exercise such option in the event of any subsequent default. The undersigned will pay all costs and expenses incurred by or on behalf of the holder of this Mortgage Note or the person entitled to enforce the instrument (including, without limitation, reasonable attorneys' fees and expenses) in enforcing this Mortgage Note or the Deed of Mortgage, or occasioned by any default or Event of Default hereunder.

The undersigned hereby waives presentment for payment, demand, protest, notice of dishonor hereof, and further hereby waives all benefit of valuation, appraisement, and execution laws. The holder hereof or the person entitled to enforce the instrument may extend the time of payment of this Mortgage Note, postpone the enforcement hereof, grant any other indulgence and add or release any party primarily or secondarily liable hereon, without affecting or diminishing the right or recourse of the holder hereof or the person entitled to enforce the instrument against the makers, endorsers and all parties to this Mortgage Note, which right is hereby expressly reserved.

In San Juan, Puerto Rico, this twelfth (12th) day of January, two thousand eighteen (2018).

**SEARS ROEBUCK DE PUERTO RICO, INC.**

By: _____ .
Name: Dilia María Peña Fontanes
Title: Controller

Affidavit Number: -2888-

Acknowledged and subscribed before me by Dilia María Peña Fontanes, of legal age, married, executive, and resident of San Juan, Puerto Rico, as Controller of **SEARS ROEBUCK DE PUERTO RICO, INC.**, personally known to me. In San Juan, Puerto Rico, this twelfth (12th) day of January, two thousand eighteen (2018).



NOTARY PUBLIC

