UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | | |
|---|---|---|---|---|
| ☒ Sears Holdings Corporation (18-23538) | ☐ Kmart Corporation (18-23549) | ☐ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☐ MyGofer LLC (18-23573) | ☐ Kmart.com LLC (18-23585) |
| ☐ Sears, Roebuck and Co. (18-23537) | ☐ MaxServ, Inc. (18-23550) | ☐ SYW Relay LLC (18-23562) | ☐ Sears Brands Business Unit Corporation (18-23574) | ☐ Sears Brands Management Corporation (18-23586) |
| ☐ Kmart Holding Corporation (18-23539) | ☐ Private Brands, Ltd. (18-23551) | ☐ Wally Labs LLC (18-23563) | ☐ Sears Holdings Publishing Company, LLC (18-23575) | ☐ SHC Licensed Business LLC (18-23616) |
| ☐ Kmart Operations LLC (18-23540) | ☐ Sears Development Co. (18-23552) | ☐ Big Beaver of Florida Development, LLC (18-23564) | ☐ Kmart of Michigan, Inc. (18-23576) | ☐ SHC Promotions LLC (18-23630) |
| ☐ Sears Operations LLC (18-23541) | ☐ Sears Holdings Management Corporation (18-23553) | ☐ California Builder Appliances, Inc. (18-23565) | ☐ SHC Desert Springs, LLC (18-23577) | ☐ SRe Holding Corporation (19-22301) |
| ☐ ServiceLive, Inc. (18-23542) | ☐ Sears Home & Business Franchises, Inc. (18-23554) | ☐ Florida Builder Appliances, Inc. (18-23566) | ☐ SOE, Inc. (18-23578) | |
| ☐ A&E Factory Service, LLC (18-23543) | ☐ Sears Home Improvement Products, Inc. (18-23555) | ☐ KBL Holding Inc. (18-23567) | ☐ StarWest, LLC (18-23579) | |
| ☐ A&E Home Delivery, LLC (18-23544) | ☐ Sears Insurance Services, L.L.C. (18-23556) | ☐ KLC, Inc. (18-23568) | ☐ STI Merchandising, Inc. (18-23580) | |
| ☐ A&E Lawn & Garden, LLC (18-23545) | ☐ Sears Procurement Services, Inc. (18-23557) | ☐ Sears Protection Company (Florida), L.L.C. (18-23569) | ☐ Troy Coolidge No. 13, LLC (18-23581) | |
| ☐ A&E Signature Service, LLC (18-23546) | ☐ Sears Protection Company (18-23558) | ☐ Kmart of Washington LLC (18-23570) | ☐ BlueLight.com, Inc. (18-23582) | |
| ☐ FBA Holdings Inc. (18-23547) | ☐ Sears Protection Company (PR) Inc. (18-23559) | ☐ Kmart Stores of Illinois LLC (18-23571) | ☐ Sears Brands, L.L.C. (18-23583) | |
| ☐ Innovel Solutions, Inc. (18-23548) | ☐ Sears Roebuck Acceptance Corp. (18-23560) | ☐ Kmart Stores of Texas LLC (18-23572) | ☐ Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim

04/16

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Relator Carl Ireland, Administrator of Estate of James Garbe
_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Halperin Battaglia Benzija, LLP
40 Wall Street, 37th Floor
New York, NY 10005
Attn: Alan D. Halperin, Esq.

-and-

Korein Tillery (see address in next section)

Contact phone 212-765-9100
Contact email ahalperin@halperinlaw.net

**Where should payments to the creditor be sent?** (if different)

Korein Tillery, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Attn: Robert King, Esq.

Contact phone 314-241-4844
Contact email rking@koreintillery.com

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.   Claim number on court claims registry (if known) _____    Filed on ___/___/___  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Claim Number: 15292**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ 26,200,000.00 . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

settlement of FCA litigation - see attachment

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** see attachment _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**  $_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:  *Carl Ireland*
Carl Ireland (Apr 9, 2019)

Email:  lgu@halperinlaw.net

_____
Signature

**Print the name of the person who is completing and signing this claim:**

**Name of the person who is completing and signing this claim:**

| Name | Carl | | Ireland |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Relator and administrator of estate of James Garbe |
|---|---|

| Company | |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 932 Dixie Highway |
|---|---|
| | Number        Street |

| | Rossford | OH | 43460 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | 419-666-7130 | Email | cireland@spitlerhuffmanlaw.com |
|---|---|---|---|

---

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

[x] **I have supporting documentation.**
   **(attach below)**

[ ] I do **not** have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | | |
|---|---|---|---|---|
| ☑ Sears Holdings Corporation (18-23538) | ☑ Kmart Corporation (18-23549) | ☑ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☑ MyGofer LLC (18-23573) | ☑ Kmart.com LLC (18-23585) |
| ☑ Sears, Roebuck and Co. (18-23537) | ☑ MaxServ, Inc. (18-23550) | ☑ SYW Relay LLC (18-23562) | ☑ Sears Brands Business Unit Corporation (18-23574) | ☑ Sears Brands Management Corporation (18-23586) |
| ☑ Kmart Holding Corporation (18-23539) | ☑ Private Brands, Ltd. (18-23551) | ☑ Wally Labs LLC (18-23563) | ☑ Sears Holdings Publishing Company, LLC (18-23575) | ☑ SHC Licensed Business LLC (18-23616) |
| ☑ Kmart Operations LLC (18-23540) | ☑ Sears Development Co (18-23552) | ☑ Big Beaver of Florida Development, LLC (18-23564) | ☑ Kmart of Michigan, Inc. (18-23576) | ☑ SHC Promotions LLC (18-23630) |
| ☑ Sears Operations LLC (18-23541) | ☑ Sears Holdings Management Corporation (18-23553) | ☑ California Builder Appliances, Inc. (18-23565) | ☑ SHC Desert Springs, LLC (18-23577) | ☑ SRe Holding Corporation (19-22301) |
| ☑ ServiceLive, Inc. (18-23542) | ☑ Sears Home & Business Franchises, Inc. (18-23554) | ☑ Florida Builder Appliances, Inc. (18-23566) | ☑ SOE, Inc. (18-23578) | |
| ☑ A&E Factory Service, LLC (18-23543) | ☑ Sears Home Improvement Products, Inc. (18-23555) | ☑ KBL Holding Inc. (18-23567) | ☑ StarWest, LLC (18-23579) | |
| ☑ A&E Home Delivery, LLC (18-23544) | ☑ Sears Insurance Services, L.L.C. (18-23556) | ☑ KLC, Inc. (18-23568) | ☑ STI Merchandising, Inc. (18-23580) | |
| ☑ A&E Lawn & Garden, LLC (18-23545) | ☑ Sears Procurement Services, Inc. (18-23557) | ☑ Sears Protection Company (Florida), L.L.C. (18-23569) | ☑ Troy Coolidge No. 13, LLC (18-23581) | |
| ☑ A&E Signature Service, LLC (18-23546) | ☑ Sears Protection Company (18-23558) | ☑ Kmart of Washington LLC (18-23570) | ☑ BlueLight.com, Inc. (18-23582) | |
| ☑ FBA Holdings Inc. (18-23547) | ☑ Sears Protection Company (PR) Inc. (18-23559) | ☑ Kmart Stores of Illinois LLC (18-23571) | ☑ Sears Brands, L.L.C. (18-23583) | |
| ☑ Innovel Solutions, Inc. (18-23548) | ☑ Sears Roebuck Acceptance Corp. (18-23560) | ☑ Kmart Stores of Texas LLC (18-23572) | ☑ Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Relator Carl Ireland, Administrator of Estate of James Garbe<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Halperin Battaglia Benzija<br>40 Wall Street, 37th floor<br>New York, NY 10005<br>Attn: Alan Halperin, Esq.<br>and Korein Tillery<br><br>Contact phone  212-765-9100<br>Contact email  ahalperin@halperinlaw.net | Where should payments to the creditor be sent? (if different)<br><br>Korein Tillery, LLC<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>Attn: Robert King, Esq.<br><br>Contact phone  314-241-4844<br>Contact email  rking@koreintillery.com |
| 4. | Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known)_____      Filed on ___/___/____  MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes  Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |
| 7.   How much is the claim? | $ _____ 26,200,000.00 _____   Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>settlement of FCA litigation--see attachment |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection:     see attachment _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                              $_____<br><br>Amount of the claim that is secured:     $_____<br><br>Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
| | ☐ Yes. *Check one:* | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☑ No | |
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

## Part 3:   Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date 04/05/2019 (mm/dd/yyyy) |
| | _Guardian & Relator_ |
| | Signature |
| | Print the name of the person who is completing and signing this claim: |
| | Name of the person who is completing and signing this claim: |

| | | | |
|---|---|---|---|
| Name | Carl Ireland | | |
| | First name | Middle name | Last name |
| Title | Relator, and administrator of estate of James Garbe | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 932   Dixie   Highway | | |
| | Number        Street | | |
| | Rossford | OH | 43460 |
| | City | State | ZIP Code |
| Contact phone | 419-666-7130 | Email | cireland@syltheismfinishhw.com |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

                   Debtors.

-------------------------------------------------------------x

Chapter 11
Case No. 18-23538 (RDD)

(Jointly Administered)

## ADDENDUM TO PROOF OF CLAIM OF RELATOR CARL IRELAND, AS ADMINISTRATOR OF THE ESTATE OF JAMES GARBE

### A.     The Total Amount of the Claim

Unpaid amounts under the Settlement Agreement[1]          **$26,200,000.00**

### i.     Secured Amount/Superpriority Administrative Claim

The amount of the claim that is secured by first liens against the sale proceeds of the Puerto Rico Property (defined below) and a superpriority administrative expense claim against all of the debtors as adequate protection pursuant to section 363(e) of the Bankruptcy Code, arising from the sale of the Puerto Rico Property:

| | |
|---|---|
| Face amount of mortgage | $17,400,000.00 |
| Interest on mortgage of 1.5% per annum | $622,000.00 |
| Attorneys' fees and expenses as of 3/31/19[2] | $168,144.82 |
| **Total** | **$18,190,144.82** |

### ii.     Unsecured Claim

Balance of claim after deducting secured/superpriority portion:     **$8,009,855.18**

---

[1] The allocation of the installment payments between the plaintiff parties is governed by the terms of the Settlement Agreement.

[2] Attorneys' fees and expenses continue to accrue, so the amount due will be updated as necessary. Also, any expenses for the period prior to March 31, 2019 that have not yet been billed may be added.

## B. Supporting Documents

This summary of claims, together with the documents identified below, are attached to the proof of claim of Relator Carl Ireland, as Administrator of the Estate of James Garbe ("Relator"), and are incorporated therein by reference and made a part of such claim:

1. Settlement Agreement, effective December 22, 2017
2. Mortgage Note Pledge and Security Agreement, dated as of January 12, 2018
3. Mortgage Note, dated as of January 12, 2018
4. Deed of Constitution of Mortgage, dated as of January 12, 2018
5. Order of the U.S. District Court, Southern District of Illinois, Case No. 12-cv-881, approving the settlement agreement, entered on January 19, 2018 [D.N. 497]
6. Amendment to the Settlement Agreement, dated as of August 23, 2018 [D.N. 516-1]
7. Docket Entry of August 24, 2018, approving the joint motion to amend the settlement terms [D.N. 517]

The appraisal report discussed in Section C hereof is not attached because the report that was provided to Relator was marked "confidential/subject to FRE 408".

The abbreviation "D.N." as used above is a reference to the docket number in the case known as *United States ex rel. Garbe v. Kmart Corp.*, Case No. 12-cv-881, U.S. District Court, Southern District of Illinois (that Court being the "District Court").

## C. The Underlying Action and Settlement

In July 2008, a Kmart pharmacist named James Garbe filed an action under the False Claims Act ("FCA") and analogous State statutes in the Central District of California, alleging that, since 2004, Kmart Corporation and its affiliates have been knowingly submitting false reimbursement claims for prescription drugs to government programs like Medicare Part D, Medicaid, and Tricare. The case was subsequently transferred to the Southern District of Illinois and assigned case number 12-cv-881. In addition to Mr. Garbe, the United States and numerous States were named as plaintiffs. On August 21, 2018, the District Court granted Relator's motion to substitute the Administrator of the Estate of James Garbe as the Relator [D.N. 515]. The calculation of damages in this FCA case was in the range of $375 million in actual damages (before trebling) and $110 billion in statutory penalties.

After a significant amount of litigation, including motions for partial summary judgment by the defendant and an unsuccessful appeal by the defendant to the Seventh Circuit of the District Court's denial of said motions, a settlement was reached between Relator, the United States, and numerous States, on the one hand, and Kmart Corporation and Sears Holding Corporation, on the other. Pursuant to the terms of the Settlement Agreement, Kmart and Sears were obligated to pay $59 million in three installments. Payments were to be made as follows: $20 million within 14 days of the effective date of the Settlement Agreement (the effective date being December 22, 2017); $20 million on the one year anniversary of the effective date; and $19 million on the second anniversary of the effective date.

Kmart and Sears agreed to secure the second and third payments by executing mortgages that would create first priority liens in favor of Relator and the United States on two pieces of

commercial real estate. The Settlement Agreement identified the two properties and established a procedure for determining the amounts of the mortgages. Specifically, appraisals of the "as dark" values of the properties would be obtained from one of three named commercial real estate appraisers (or another appraiser, if agreed to by Relator and the United States), and those appraised values would be the face amounts of the mortgages. The Settlement Agreement was approved by the District Court on January 19, 2018.

Consistent with the Settlement Agreement, Kmart and Sears obtained an appraisal report from one of the three pre-approved appraisers for a property owned by Sears Roebuck de Puerto Rico, Inc., and known as Sears Distribution Center #8975, Cupey Bajo, San Juan, Puerto Rico (the "Puerto Rico Property"). That appraisal set the "as dark" value of the Puerto Rico Property at $17.4 million and the operating value of the property at $22.1 million, as of January 2017. That "as dark" value is the face amount of the mortgage, as provided in the mortgage note and related documents. The mortgage note also authorizes interest at the rate of 1.5% per annum and the payment of attorneys' fees and expenses in connection with the enforcement of Relator's rights (including in a bankruptcy proceeding), and secures those obligations.

In addition to the mortgage note, the parties, directly or through their subsidiaries, as appropriate, entered into a mortgage note pledge and security agreement and a deed of constitution of mortgage, the latter being the document required to perfect a mortgage lien in Puerto Rico. As noted above, copies of all of these documents are attached.

The Settlement Agreement was amended by the parties in August 2018, when Kmart and Sears notified Relator and the United States that they wished to sell the second mortgaged property, a Sears distribution center in Florida. The amendment was approved by the District Court and, pursuant to the terms of the amendment, Kmart and Sears were required to make a payment of $12.8 million upon the closing of the sale transaction, and pay the balance of the second installment payment – $7.2 million – by December 2018. The amendment also required that Kmart and Sears escrow an additional $1.6 million by December 2018 so that, after the balance of the second installment payment was made, the escrowed amount and the remaining mortgage upon the Puerto Rico Property would together fully secure the third (and final) installment payment of $19 million.

Kmart and Sears are currently in default of the Settlement Agreement. They never made the payment of $7.2 million that was due in December 2018 and, to Relator's knowledge, have not escrowed the additional $1.6 million or made any provision for the final installment payment of $19 million.

### D. Events During the Bankruptcy Case

As of the October 15, 2018 bankruptcy filings by Kmart and Sears (together with their affiliated debtors, the "Debtors"), Relator and the United States (the "Mortgagees") held a first priority perfected mortgage lien on the Puerto Rico Property and the proceeds thereof. For that reason, Relator filed a *Limited Objection to the Debtors' Motion for Authority to (a) Obtain Post-Petition Financing, (b) Use Cash Collateral, (c) Grant Certain Protections to Prepetition Secured Parties, and (d) Schedule Second Interim Hearing and Final Hearing* [Bankruptcy Court D.N. 550].

Relator and the Debtors were able to agree upon language for the final orders approving DIP financing, and those orders state as follows:

> Notwithstanding anything to the contrary contained herein (including, but not limited to, paragraphs iv, 13, and 14 hereof), nothing herein, including the Carve-Out, shall be deemed to prime or be otherwise made senior or pari passu to any valid, perfected and non-avoidable security interests or liens held by (i) SHLD Lendco, LLC or Cyrus Capital Partners, L.P. under the IP/Ground Lease Term Loan or (ii) Relator Carl Ireland, Administrator of the Estate of James Garbe, and the other parties to the Garbe settlement agreement sharing in that security interest with Garbe (such security interests and liens the "Specified Security Interests"). All parties' rights to object to the priority, validity, amount, and extent of the Specified Security Interests and the claims secured thereby (and all objections and defenses of the holders of the Specified Security Interests) are hereby fully preserved. All rights and remedies of the Debtors in respect of the Specified Security Interests, including, but not limited to, the right to seek to surcharge and to seek to impose the remedy of marshaling (and, in each case, all objections and defenses of the holders of the Specified Security Interests) are hereby fully preserved. All rights of the holders of the Specified Security Interests to seek relief from the automatic stay of section 362 of the Bankruptcy Code, to seek adequate protection of the Specified Security Interests, and/or other permissible secured creditor rights, including the right to object to any relief sought pursuant to the Debtors' reserved rights, are hereby fully reserved.

Bankruptcy Court D.N. 955, ¶ 65 and D.N. 1436, ¶ 64. The first priority security interest of the Mortgagees in the Puerto Rico Property was thereby preserved and not subordinated in any manner to the DIP lenders' claims.

Relator also filed a *Limited Objection and Reservation of Rights to the Debtors' Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief* [Bankruptcy Court D.N. 1931], asserting the security interest preserved in the DIP Orders and making it clear that Relator did not consent to the sale of his collateral. As a result, the Court granted the Mortgagees replacement liens and a superpriority claim as adequate protection. The Sale Order provides as follows:

> **Mortgage Adequate Protection.** Notwithstanding anything to the contrary contained herein or in the Asset Purchase Agreement or related documents, upon the closing of the Sale Transaction, Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States (the "Mortgagees") as holders of liens on the real property known as Location #8975, Cupey Bajo, San Juan, Puerto Rico (the "Property") shall be entitled to a lien against the sale proceeds of the Property in the same order of priority as existing on the date of entry of this Sale Order and a superpriority administrative expense claim against the Debtors as adequate protection pursuant to sections 361, 363(e), and 507(b) of the Bankruptcy Code arising from the sale of such Property to satisfy any diminution of the value of such replacement lien post-Closing. All parties' rights to object to the priority, validity, amount, and extent of such asserted liens and superpriority claim or the obligations relating thereto are preserved. The Debtors' and Mortgagees' rights as to the amount of the allocation of proceeds from the Sale Transaction to the Property and any

valuation of the Property are preserved and any disputes shall be determined by the Bankruptcy Court, upon motion by any of the Debtors or the Mortgagees.

Sale Order, Bankruptcy Court D.N. 2507, ¶ 71.

Relator (together with the United States) therefore has claims against the Debtors that were parties to the Settlement Agreement, first liens on the proceeds of the sale of the Puerto Rico Property, and superpriority administrative claims against all of the Debtors. In order to avoid unnecessary work for both Relator and the Debtors, the parties entered into a stipulation authorizing Relator to file a single, consolidated claim against all of the Debtors. That stipulation was approved by the Bankruptcy Court [Bankruptcy Court D.N. 3081].

### E.  Reservation of Rights

This proof of claim should not be construed to be:

a.    a consent to the jurisdiction of the Bankruptcy Court with respect to any proceeding commenced or claims asserted in the case against or otherwise involving Relator;

b.    a concession, admission, or acknowledgment that Relator is subject to personal jurisdiction in this or any other court;

c.    a waiver of any right of Relator to move for withdrawal of the reference with respect to the subject matter of any of his claims, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or involving Relator;

d.    an election of remedy;

e.    a concession, admission, or acknowledgment of liability by Relator to any other party;

f.    a waiver of the rights or entitlement of Relator to have any of his claims accorded any other status; or

g.    a waiver or release of any and all rights of Relator against any person, entity, or property.

Relator expressly reserves his right to a jury trial, if any, that exists with respect to his claims and any ancillary issues. In addition, Relator reserves his right to amend this proof of claim, for any reason.

Relator hereby requests that all notices and other pleadings relating to this proof of claim be directed as follows:

**Halperin Battaglia Benzija, LLP**
40 Wall Street, 37th Floor
New York, NY 10005
Attn:  Alan D. Halperin, Esq.
Donna H. Lieberman, Esq.
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net

and

**Korein Tillery, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Attn: Robert L. King, Esq.
Peter O. Rocque, Esq.
rking@koreintillery.com
procque@koreintillery.com