Christopher M. Hemrick
WALSH PIZZI O'REILLY FALANGA LLP
140 Broadway, 46th Floor
New York, NY 10005
Tel.: (973) 757-1100
chemrick@walsh.law
*Counsel to GroupBy USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**SEARS HOLDINGS CORPORATION, et al.,**<br><br>Debtors.[1] | <u>Hearing Date:</u> August 22, 2019 at 10 a.m.<br><br>Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

**REPLY OF GROUPBY USA, INC., IN SUPPORT OF ITS MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF**

GroupBy USA, Inc. ("<u>GroupBy</u>"), hereby files this *Reply of GroupBy USA, Inc., in Support of its Motion for Allowance and Payment of Administrative Expense Claim and for Related Relief* (the "<u>Reply</u>"). In support of its Reply, GroupBy states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1.      The Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Expense Claims (ECF No. 4854) fails to respond to, much less oppose, the substantive grounds supporting GroupBy's right to payment as an administrative expense set forth in its Motion.

2.      The Debtors do not dispute the factual basis supporting GroupBy's request for administrative expense status. The Debtors do not contest (a) that GroupBy provided SaaS[2] and related services to the Debtors from and after the Petition Date without interruption through March 31, 2019; or (b) that GroupBy's services benefited the estate by, among other things, providing the Debtors with the full functionality of their e-commerce platform post-petition through March 31, 2019.

3.      The Debtors have likewise failed to address the cases GroupBy cited in its Motion holding that creditors are entitled to administrative expense payment for post-petition services provided for the benefit of the estate during the period prior to assumption or rejection of the contract. *See, e.g.*, *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) (citing *Bethlehem Steel Corp. v. BP Energy Co. (In re Bethlehem Steel Corp.)*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003)).

4.      Nor have the Debtors disputed or rebutted the presumption that the contract rate is the reasonable value of the services GroupBy provided to the estate post-petition. *Bethlehem Steel Corp.*, 291 B.R. at 264 ("There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate.") (citations omitted). "The presumption in favor of the contract price is viable unless the debtor introduces **convincing evidence** to the contrary." *Id.* (emphasis added).

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in GroupBy's Motion.

5. Here, the Debtors have introduced no evidence rebutting the presumption that the Debtors' agreed upon contract price with GroupBy constitutes the reasonable value for GroupBy's services, let alone "convincing evidence."

6. Instead, the Debtors baldly assert that an evidentiary hearing is required before GroupBy's Motion can be adjudicated without identifying any facts in dispute, and ask that GroupBy's Motion be further delayed for a determination at some point after a hypothetical confirmation of a chapter 11 plan.

7. GroupBy filed this Motion on April 29, 2019 in advance of the May 21, 2019 hearing date. The Debtors have now had almost four (4) months to review and respond to GroupBy's Motion. Despite this time, the Debtors have refuted neither the facts nor the law supporting GroupBy's request for an administrative expense.

8. The facts and law supporting GroupBy's requested relief are set forth in its Motion and are unopposed. Because there are no disputed facts based on the record before the Court, no evidentiary hearing is required.[3]

9. GroupBy has satisfied its burden and respectfully requests that its Motion be granted and that the Court enter an Order awarding GroupBy administrative expense priority and payment pursuant to 11 U.S.C. § 503(b)(1) in the amount of $420,000.00 on account of the services GroupBy rendered for the benefit of the estate from January 1, 2019 through and including March 31, 2019.

---

[3] GroupBy also hereby joins in, and incorporates by reference, the arguments set forth in Alpine Creations Ltd.'s Reply (I) in Response to Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Expense Claims and (ii) in Further Support of Motion of Alpine Creations Ltd to Allow and Compel Payment of Administrative Expense Claims under 11 U.S.C. §§ 503(b)(1) and 503(b)(9) (ECF No. 4893).

## **RESERVATION OF RIGHTS**

10. GroupBy reserves all of its rights and remedies with respect to the Motion and its request for administrative expense status including, without limitation, the right to seek discovery and/or an evidentiary hearing and to submit supplemental briefing in the event the Court determines unresolved factual or legal issues exist material to the outcome of GroupBy's Motion.

Dated: August 21, 2019

WALSH PIZZI O'REILLY FALANGA LLP

By: *s/ Christopher M. Hemrick*
140 Broadway, 46th Floor
New York, NY 10005
Tel.: (973) 757-1100
chemrick@walsh.law
*Counsel to GroupBy USA, Inc.*