DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Garrett Kingman, Esq. (gk@dhclegal.com)
*Attorneys for Pearl Global Industries Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                           Chapter 11

SEARS HOLDING CORPORATION, *et al.*,           Case No. 18-23538 (RDD)

                                        Debtors.                    (Jointly Administered)
-----------------------------------------------------------X

## JOINDER BY PEARL GLOBAL INDUSTRIES LTD. TO LIMITED OBJECTION OF MIEN CO. LTD *ET AL* TO FEE APPLICATIONS FILED BY PROFESSIONALS [DOC 4923]

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Pearl Global Industries, Ltd. ("Pearl Global"), by its attorneys, Davidoff Hutcher & Citron LLP, submits this joinder to the limited objection dated August 20, 2019 of Mien Co. Ltd. *et al* to fee applications filed by professionals (the "Mien Objection") [Doc 4923], and represents and says as follows:

1.     Peal Global joins in and supports the Mien Objection.

2.     Pearl Global was the Debtors' largest vendor in India and its third largest supplier of women's apparel in the world. Pearl Group has administrative expense claims under 11 U.S.C. § 503(b)(1)(A) and § 503(b)(9), totaling in excess of $1.5 million.

3.     As set forth in the Mien Objection, the professionals in this case have billed more than $167 million in fees and expenses and received interim payments of more than $133 million.

663391v.1

4.  As set forth in the Mien Objection, the professionals recently filed 14 more fee applications, requesting fees totaling more than $30 million plus more than $2.5 million in expenses. In other words, this case is close to $200 million in professional fees and expenses.

5.  Because the Debtors' cases appear to be administratively insolvent, no further professional fees should be paid at this time.[1]

6.  As the Mien Objection notes, payments to professionals are not coming from a secured creditor carve-out; rather, every dollar paid to the professionals is one less dollar available for other administrative creditors.

7.  Vendors who supplied goods post-petition, as well as section 503(b)(9) claimants, are no less deserving of payment than the professionals. Yet, the Debtors are no longer paying administrative claims even if there is no objection to such claims.

8.  Accordingly, no further payments of professional fees should be made at this time. All administrative creditors should received equal treatment.

Dated: New York, New York
       August 21, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
    David H. Wander
    605 Third Avenue
    New York, New York 10158
    (212) 557-7200
    dhw@dhclegal.com
    *Attorneys for Pearl Global Industries Ltd.*

---

[1] Notably, distressed claim buyers are now offering only 40% for administrative claims that involve no disputed issues of fact or law.