Hearing Date: October 23, 2019 at 10:00 a.m. EST
Objection Deadline: October 16, 2019 at 4:00 p.m. EST

LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile: (212) 974-3205
Michael Luskin
Stephan E. Hornung

*Attorneys for Kathleen Kime*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF KATHLEEN KIME TO DEEM PROOFS OF CLAIM
AS TIMELY FILED AND FOR RELIEF FROM THE AUTOMATIC STAY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Shores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES DISTRICT COURT JUDGE:

Kathleen Kime, by and through her undersigned counsel, hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached as **Exhibit A**, deeming her proofs of claim as timely filed and granting relief from the automatic stay, and respectfully states as follows:

### Preliminary Statement

1. On June 14, 2016, Ms. Kime was severely injured in a car accident caused by an A&E Factory Service, LLC ("A&E Factory Services") employee. Since the accident, Ms. Kime has been in consistent contact with Sedgwick Claims Management Services, Inc. ("Sedgwick") – the third-party claims administrator responsible for claims asserted against A&E Factory Services and Sears Holdings Corporation under their liability insurance policies with ACE American Insurance Company ("ACE"). As a result of the injuries she sustained, Ms. Kime also commenced a lawsuit in the Superior Court of California in June 2018.

2. However, despite being an actual and known creditor, neither the Debtors nor Sedgwick made an attempt to notify Ms. Kime or her personal injury counsel of the Debtors' bankruptcy filing or of the Bar Date (as defined herein). Ms. Kime first learned of the Bar Date on August 13, 2019, after her personal injury counsel received a letter from the Debtors informing him that the defendants in her lawsuit had filed for bankruptcy and that the Bar Date had passed on April 10, 2019. Ms. Kime's personal injury counsel immediately filed proofs of claim against A&E Factory Services and Sears Holdings Corporation and retained bankruptcy counsel to file this Motion.

3. Ms. Kime never received notice of the Bar Date, she has acted promptly and in good faith, and there will be absolutely no prejudice to the Debtors or their estates. Accordingly,

the Court should deem Ms. Kime's proofs of claim as timely filed, and grant her relief from the automatic stay to liquidate her claims against the Debtors and to seek recovery from their insurance policy.

**Background**[2]

### A. The Accident

4. Ms. Kime was severely injured in a motor vehicle collision on June 14, 2016 when a vehicle operated by Gregory Williams rear-ended her vehicle. Ms. Kime and Mr. Williams exchanged information at the scene of the accident. Mr. Williams was driving an A&E Factory Services vehicle registered to the same and told Ms. Kime that he was on a service call at the time of the incident. Mr. Williams called his employer to inform it of the accident in Ms. Kime's presence and admitted that the accident was his fault. (Kime Decl. ¶ 3.)

5. On or about June 15, 2016, Janet Cozzone at Sedgwick, the claims adjuster representing Sears Holdings Corporation and A&E Factory Services for this claim, called Ms. Kime. Ms. Cozzone advised Ms. Kime that Sedgwick was representing the insurance carrier for defendant Gregory Williams' employer, A&E Factory Services. Ms. Kime provided information concerning the facts of the incident and her symptoms and injuries at the time. (*Id.* ¶ 4.)

6. Shortly thereafter, Sedgwick arranged for a vehicle property damage inspection of Ms. Kime's vehicle at a local auto body shop, which ultimately resulted in a settlement of her property damage claim and a release of A&E Factory Services, Sears Roebuck and Co., and Mr. Williams. The release expressly excepted any claims for personal injuries. (*Id.* ¶¶ 5, 10.)

---

[2] The facts are more fully set forth in the accompanying declarations of Kathleen Kime ("Kime Decl.") and William A. Deitchman, Esq. ("Deitchman Decl."). They are summarized here for the Court's convenience.

7. On July 1, 2016, Ms. Kime retained William A. Deitchman, Esq. to represent her in connection with her claims resulting from the accident. (Deitchman Decl. ¶ 3.)

8. On July 6, 2016, Mr. Deitchman sent a letter to Ms. Cozzone at Sedgwick advising Ms. Cozzone that he represented Ms. Kime in her personal injury claim against Sears Holdings Corporation and requesting that Sedgwick provide him with information and documents concerning the claim. (*Id.* ¶ 5.)

9. On July 18, 2016, Mr. Deitchman received a letter from Sedgwick dated July 13, 2016, advising Mr. Deitchman of its receipt of the letter of representation. The letter also advised Mr. Deitchman that Sedgwick administers the liability claims for A&E Factory Services and stated that the claim was covered under a policy of insurance issued by ACE and insuring A&E Factory Services. (*Id.* ¶ 6.)

10. On August 2, 2016 and March 14, 2017, Mr. Deitchman spoke with Ms. Cozzone and they discussed Ms. Kime's claim. (*Id.* ¶¶ 7, 9.)

11. On April 26, 2018, Mr. Deitchman sent a letter to Sedgwick demanding that certain evidentiary items contained in the vehicle driven by Mr. Williams be preserved. (*Id.* ¶ 11.)

12. On June 11, 2018, Mr. Deitchman filed a personal injury action (the "Personal Injury Action") titled *Kathleen Kime v. Sears Holdings Management Corporation, A&E Factory Services, LLC, Gregory Williams, et al.*, El Dorado County Superior Court, Case No. PC 20180290, in order to preserve the statute of limitations. (*Id.* ¶ 14.) Mr. Deitchman did not serve the complaint at that time, as Ms. Kime's treatment had not yet been completed. (*Id.* ¶ 12.)

13. On October 29, 2018, Ms. Kime underwent surgery to her shoulder as a result of injuries sustained in the accident. (Deitchman Decl. ¶ 15; Kime Decl. ¶ 15.)

-4-

14. On June 18, 2019, Ms. Kime underwent surgery to her neck as result of injuries sustained in the accident. (Deitchman Decl. ¶ 16; Kime Decl. ¶ 15.)

### B. The Bar Date Order

15. On February 22, 2019, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. §503(b)(9), and (IV) Prohibiting Vendors from Pursuing Claims Outside the Procedures* (the "Bar Date Order"). [Dkt. No. 2676.] Pursuant to the Bar Date Order, each person or entity asserting a prepetition claim claims against the Debtors was required to file a proof of claim by April 10, 2019 (the "Bar Date").

16. The Bar Date Order required the Debtors to serve notice of the Bar Date on, among others, "all parties actually known to the Debtors as having potential claims against any of the Debtors" and "all parties to pending litigation against the Debtors." (Bar Date Order ¶ 15(a).)

17. Despite being a known creditor with a pending and preserved claim against the Debtors being administrated by Sedgwick and a party to pending litigation with two of the Debtors, neither the Debtors nor Sedgwick served notice of the bankruptcy filing or the Bar Date on either Ms. Kime or her personal injury counsel.[3] (Deitchman Decl. ¶¶ 19, 22; Kime Decl. ¶ 12; *see* Dkt. Nos. 2752, 2848, 2851, 2923, 2930, 2941, 2964, 3004, 3029, 3041, 3049, 3058, 3074, 3082, 3094, and 3119 (affidavits of service of bar date notice).)

---

[3] Apparently, Sedgwick did provide notice to other personal injury claimants of the bankruptcy and of the requirement to file a proof of claim. [*See* Dkt. No. 2710, *Motion for Relief from the Automatic Stay of Antonio D. Roberts*, Ex. A (attaching letter from Sedgwick Claims Management Services Inc., advising of the pendency of the Debtors' bankruptcy and of the requirement to file a proof of claim).]

18.  On or about August 1, 2019, Mr. Deitchman, unaware that the defendants in the Personal Injury Action had filed for bankruptcy, caused the summons and complaint in the Personal Injury Action to be served on the defendants in the action. (Deitchman Decl. ¶ 17.)

19.  By letter dated August 7, 2019, the Debtors informed Mr. Deitchman of the Bar Date, and demanded that Ms. Kime dismiss the Personal Injury Accident by August 21, 2019. (*Id.* ¶ 18, Ex. 6.)

20.  Mr. Deitchman, upon receiving the letter, immediately consulted with bankruptcy counsel, and filed proofs of claim in the Debtors' bankruptcy cases. (*Id.* ¶¶ 20–21.)

## Jurisdiction

21.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

22.  By this Motion, Ms. Kime seeks entry of an order substantially in form attached as **Exhibit A** deeming Ms. Kime's claims against A&E Factory Services and Sears Holdings Corporation as timely filed, and granting Ms. Kime relief from the automatic stay to the extent necessary in order to allow Ms. Kime to liquidate her claim and seek recovery from the Debtors' insurance company.

23.  The legal and statutory bases for relief requested herein are Rules 3003(c) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C § 362(d)(1).

**Argument**

I.  **THE COURT SHOULD DEEM MS. KIME'S PROOFS OF CLAIM AS TIMELY**

   A.  **Ms. Kime Was a Known Creditor Entitled to Actual Notice of the Bar Date**

   24.  "When a creditor is not scheduled as required by Bankruptcy Code § 521, '[t]he burden of establishing that a creditor has received adequate notice rests with the debtor.'" *In re Avaya Inc.*, No. 17-10089 (SMB), 2018 Bankr. LEXIS 2754, at *9 (Bankr. S.D.N.Y. Sep. 11, 2018) (quoting *In re Massa*, 187 F.3d 292, 296 (2d Cir. 1999)). The nature of the notice depends on whether the creditor is known or unknown. *Id.* A known creditor is a creditor whose identity is known or "reasonably ascertainable" by the debtor. *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988). By contrast, an unknown creditor is a creditor whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950). Known creditors are entitled to actual notice of the bar date, while for unknown creditors, notice by publication is generally sufficient. *See DePippo v. Kmart Corp.*, 335 B.R. 290, 295–96 (S.D.N.Y. 2005) ("While actual notice is required if the creditor is a 'known' creditor, constructive notice is sufficient where a creditor is 'unknown.'") (citation omitted); *In re BGI, Inc.*, 476 B.R. 812, 820 (Bankr. S.D.N.Y. 2012) ("For unknown creditors, constructive notice, such as notice by publication, will suffice."). "In a chapter 11 case, notice of or general awareness that a bankruptcy case is pending does not give a creditor the information needed to ascertain the bar date, and a creditor who was not served with notice of the bar date but nonetheless learns that a case is pending is not under a duty to discover the bar date." *In re Avaya Inc.*, 2018 Bankr. LEXIS 2754, at *9 (citations omitted).

25. Here, as discussed more fully in the supporting declarations, Ms. Kime's identity was unquestionably known or, at a minimum, reasonably ascertainable. A&E Factory Services knew about the accident, and there is a two-year long history of communications between Sedgwick, its claims manager, on the one hand, and Ms. Kime and her personal injury counsel, on the other, related to the accident and to Ms. Kime's claim, including an August 2016 property damage settlement that expressly excepted Ms. Kime's personal injury claims. To wit:

- At the time of the accident, the driver of the vehicle called his employer (A&E Factory Services) and informed A&E Factory Services that he was at fault for the accident with Ms. Kime. (Kime Decl. ¶ 3, Ex. 1.)

- Ms. Kime and the driver of the vehicle completed an incident report that the driver produced from his vehicle, and that the driver apparently submitted to A&E Factory Services. (*Id.*)

- Following the accident, Ms. Kime received a call from Sedgwick, informing her that Sedgwick was representing A&E Factory Services and its insurance company with respect to the accident. (*Id.* ¶ 4, Ex. 2.)

- On July 6, 2016, Mr. Deitchman informed Sedgwick that he had been retained to represent Ms. Kime with respect to the accident. (Deitchman Decl. ¶ 5, Ex. 1.)

- On July 18, 2016, Mr. Deitchman received a letter from Sedgwick dated July 13, 2016, confirming that it administers the liability claims for A&E Factory Services and that there were no known coverage issues or defenses, and requesting additional information related to the accident. (*Id.* ¶ 6, Ex. 2.)

- On or about August 18, 2016, the insurance company settled Ms. Kime's property damage claim against certain Debtors. The settlement and the release secured by the Sedgwick for the benefit of A&E Factory Services, the other Debtors, and the driver of the truck, expressly carved out personal injury claims. (Kime Decl. ¶ 10, Ex. 6.)

- On August 2, 2016 and March 14, 2017, Mr. Deitchman spoke with Ms. Cozzone and they discussed Ms. Kime's claim. (Deitchman Decl. ¶¶ 7, 9.)

- On April 26, 2018, Mr. Deitchman sent a letter to Sedgwick demanding that certain evidence related to the accident be preserved. (*Id.* ¶ 11, Ex. 4.)

- On June 11, 2018, Ms. Kime commenced an action against Sears Holdings Management Corporation and A&E Factory Services. (*Id.* ¶ 14, Ex. 5.)

26. Based upon the foregoing facts, it is clear that Ms. Kime was a known creditor who was entitled to actual notice of the Bar Date. However, Ms. Kime was not provided with notice of the bankruptcy or of notice of the Bar Date [*See* Dkt. Nos. 2752, 2848, 2851, 2923, 2930, 2941, 2964, 3004, 3029, 3041, 3049, 3058, 3074, 3082, 3094, and 3119 (affidavits of service of bar date notice)], and she did not learn of the Bar Date until she was provided with a copy of the Debtors' August 7, 2019, letter. (Kime Decl. ¶¶ 12–13.)[4] Failure to allow Ms. Kime to file a late proof of claim would constitute a denial of due process. *See, e.g.*, *In re Majorca Isles Master Ass'n*, Case No. 12-19056-AJC, 2014 Bankr. LEXIS 1197, at *11 (Bankr. S.D. Fla. Mar. 27, 2014) (holding that a "known creditor must receive actual notice of the Claims Bar Date and the failure to allow such creditor to file a late claim as timely constitutes a denial of due process"); *In re Kelton Motors, Inc.*, 135 B.R. 758, 762 (D. Vt. 1991) (explaining that a court "must allow late claims where a creditor has not received notice of the bar date — regardless of his actual knowledge of the bankruptcy proceedings").

**B.    Any Neglect Was Excusable**

27. "Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1992) (quoting Fed. R. Bankr. P. 9006(b)(1)). In considering whether any neglect was excusable, courts consider the following four factors: (1) the reason for the delay and whether the delay in filing was within the reasonable control of the movant; (2) the length of the delay and the delay's

---

[4] The failure to provide notice of the Bar Date to Ms. Kime is all the more glaring in light of the fact that Sedgwick apparently provided notice to other personal injury claimants of the Debtors' bankruptcy filing and that if the claimant "has a pending claim with [Sedgwick], [he or she] will need to file a proof of claim prior to the deadline established by the bankruptcy court." [Dkt. No. 2710-1.]

-9-

potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. *Id.* Here, each of these factors supports a finding that Ms. Kime's failure to file a timely proof of claim was excusable.

28.     <u>First</u>, as explained above, despite being a known creditor, the Debtors inexplicably failed to provide notice to Ms. Kime or her counsel of the Bar Date. As established by their declarations, neither Ms. Kime nor her counsel was, in fact, aware of the Bar Date. Had the Debtors provided notice to Ms. Kime or her counsel, they would have filed timely proofs of claim.

29.     <u>Second</u>, the length of the delay is minimal. The Bar Date was April 10, 2019, and Ms. Kime filed her proofs of claim on August 7, 2019, less than four months later, on the same day her counsel learned of the Bar Date.

30.     <u>Third</u>, there is no danger of prejudice to the Debtors. Ms. Kime seeks to pursue recovery from the Debtors' third-party insurance provider, ACE. Upon information and belief, there is $5 million in insurance coverage (*see* Deitchman Decl. Ex. 2), which is more than sufficient to cover Ms. Kime's damages, which are estimated to be between $500,000 and $1,000,000. While the Debtors have filed a plan of liquidation (the "<u>Plan</u>"), it has not been confirmed yet, and the Plan provides for the assumption of all pre-petition insurance contracts, and relief from the automatic stay and plan injunctions to allow personal injury claimants to seek compensation from the Debtors' insurance company. (Plan § 13.4.) Consistent with the Court's *Order Approving Procedures for Modification of the Automatic Stay under Certain Circumstances* (the "<u>Lift Stay Procedures Order</u>") [Dkt. No. 2720], Ms. Kime is willing to waive her right to recovery from the Debtors' estate and to pursue recovery only out of the insurance proceeds. By contrast, the prejudice to Ms. Kime would be substantial. Ms. Kime has suffered

severe injuries and has incurred substantial medical bills as result of the accident and her injuries. Denying Ms. Kime's Motion would not harm the Debtors' estates, but could result in significant harm to Ms. Kime and a windfall for the Debtors' insurance company.

31.     <u>Fourth</u>, there can be no dispute that Ms. Kime has acted in good faith.  She commenced an action in June 2018, and has been in consistent contact with Sedgwick since the accident occurred in 2016.  Ms. Kime waited to serve the lawsuit while she completed two surgeries related to injuries that she suffered as a result of the accident.  Ms. Kime was unaware of the Bar Date in this case, and upon learning of the Bar Date, she acted expeditiously to file proofs of claim and this Motion.

32.     Accordingly, the Court should deem Ms. Kime's proofs of claim as timely filed.

**C.      The Court Should Grant Ms. Kime Relief from the Stay**

33.     Additionally, and out of an abundance of caution because of the impending confirmation hearing, Ms. Kime also seeks relief from the automatic stay to allow her to liquidate her claim against certain Debtors and to collect from the Debtors' insurance company, ACE.  *See, e.g.*, *Royal Ins. Co. of Am. v. McCrory Corp.*, 94 Civ. 5734 (SS), 1996 U.S. Dist. LEXIS 5552, at *7 (S.D.N.Y. Apr. 23, 1996) (where a party "sues the debtor only to establish liability against a third party, and where the bankruptcy court is persuaded that allowing the action to go forward will not burden the estate or prejudice other creditors, the plaintiff's failure to file a proof of claim should not, and does not, preclude it from recovering against the debtor's insurer.").

34.     Ms. Kime intends to comply with the Lift Stay Procedures Order.  To that end, on August 15, 2019, Ms. Kime submitted the required information form to the Debtors.  Subject to confirmation of the availability of insurance proceeds, Ms. Kime is amenable to entering into a stipulation consistent with the Lift Stay Procedures Order, agreeing that she will only seek

recovery out of the insurance proceeds. However, because the confirmation hearing is currently scheduled for September 18, 2019, and the 45-day review period under the Lift Stay Procedures Order will not run until after the confirmation hearing, Ms. Kime has filed this Motion now in an abundance of caution. Should the Debtors decline to enter into a stipulation in accordance with the Lift Stay Procedures Order, Ms. Kime will supplement this Motion and seek a hearing on the branch of her Motion seeking relief from the automatic stay (or if the Plan has been confirmed, relief from the Plan injunction).

### Notice

35. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2019. [Dkt. No. 405.] Ms. Kime respectfully states that no further notice is required.

### No Prior Request

36. No previous request for the relief sought herein has been made by Ms. Kime to this or any other Court.

### Conclusion

**WHEREFORE**, Ms. Kime requests that the Court enter an order substantially in the form attached as **Exhibit A** (i) deeming Ms. Kime's proofs of claim as timely filed, (ii) granting Ms. Kime relief from the automatic stay, and (iii) granting such further relief as the Court deems just and proper.

Dated: New York, New York
August 21, 2019

Respectfully submitted,

*/s/ Michael Luskin*
**LUSKIN, STERN & EISLER LLP**
Michael Luskin
Stephan E. Hornung
Eleven Times Square
New York, New York 10036
Telephone: (212) 597-8200
Facsimile: (212) 974-3205
luskin@lsellp.com
hornung@lsellp.com

*Attorneys for Kathleen Kime*

**Exhibit A**

[Proposed Order]

Hearing Date: October 23, 2019 at 10:00 a.m. EST
Objection Deadline: October 16, 2019 at 4:00 p.m. EST

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF KATHLEEN KIME
TO DEEM PROOFS OF CLAIM AS TIMELY FILED
AND GRANTING RELIEF FROM THE AUTOMATIC STAY**

Upon the motion, dated August 21, 2019 [Dkt. No. __] (the "Motion"), of Kathleen Kime ("Movant"), for entry of an order deeming the proofs of claim Nos. 20007 and 20008 as timely filed and granting relief from the automatic stay; and it appearing that the Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Shores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1409, and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that Proof of Claim No. 20007 filed against Sears Holdings Corporation and Proof of Claim No. 20008 filed against A&E Factory Service, LLC are deemed timely filed notwithstanding the Bar Date Order (as defined in the Motion); and it is further

**ORDERED**, that the automatic stay under 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) to the extent necessary to permit Movant to pursue her personal injury action (including any appeal(s) thereto) (the "Action") captioned *Kime v. Sears Holdings Management Corporation et al.*, Case No. PC 20180290 (Super. Ct. Cal. El Dorado County) solely to resolve and liquidate the Movant's claims and to obtain recovery from any available and/or applicable insurance proceeds/policies issued by any non-debtor party, including, but not limited to, under policy number ISA H08859012, issued by ACE American Insurance Company (as renewed, amended, modified, endorsed, or supplemented from time to time); and it is further

**ORDERED**, that the automatic stay under 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) to the extent necessary to permit any insurer from which coverage is sought pursuant to Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of the Court; and it is further

**ORDERED**, that the 14-day stay of this Order under Fed. R. Bankr. P. 4001(a)(3) is waived, for, cause, and this Order is immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to any party's claims or defenses in the Action.

Dated: _____ __, 2019
White Plains, New York

                                                            _____
                                                            Honorable Robert D. Drain
                                                            U.S. Bankruptcy Judge