Hearing Date/Time: October 23, 2019 at 10 a.m.
Objection Deadline: October 16, 2019 at 4:00 p.m.

**HALPERIN BATTAGLIA BENZIJA, LLP**
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: dlieberman@halperinlaw.net
    And
**SHUMAKER, LOOP & KENDRICK, LLP**
David J. Coyle, Esq.
1000 Jackson Street
Toledo, OH 43604
Telephone: (419) 241-9000
Email: dcoyle@shumaker.com

*Co-counsel to Kellermeyer Bergensons Services, LLC and Innovative Facility Services*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
In re                                                       :
                                                            :      **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :      **Case No. 18-23538 (RDD)**
    Debtors[1].                          :
                                                            :      **(Jointly Administered)**
----------------------------------------------------------- x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); Max Serv, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (19870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC ,Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None): SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**AMENDED MOTION OF KELLERMEYER BERGENSONS SERVICES, LLC AND INNOVATIVE FACILITY SERVICES FOR ENTRY OF AN ORDER (I) COMPELLING THE DEBTORS TO IMMEDIATELY PAY POST-PETITION AMOUNTS DUE AND (II) GRANTING RELATED RELIEF**

Kellermeyer Bergensons Services, LLC ("Kellermeyer") and Innovative Facility Services ("IFS" and together with Kellermeyer, "KBS"), by and through their undersigned counsel, file this amended motion (the "Amended Motion") for entry of an order, pursuant to §§105(a)) and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code"), (i) compelling the above-captioned debtors (the "Debtors") to immediately pay post-petition amounts past due under the Housekeeping Services Master Service Agreement and Housekeeping Services Agreement (Sears Automotive) with Kellermeyer, and their Housekeeping Services Master Service Agreement with IFS (together, the "Agreements"), and (ii) granting related relief. In support of the Amended Motion, KBS respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      On March 19, 2019, KBS filed the *Motion Of Kellermeyer Bergensons Services, LLC and Innovative Facility Services for Entry of an Order (I) Compelling the Debtors to Immediately Assume or Reject the Kellermeyer and Innovative Contracts and Pay Post-Petition Amounts Due under the Contracts, and (II) Granting Related Relief* (the "Motion") [Docket No 2837]. That Motion, together with the Shaw Declaration that was attached to it as an Exhibit A, is part of the record before this Court and is incorporated herein by reference.[2]

2.      The Motion sought the immediate: (i) assumption or rejection of the Agreements between KBS and certain of the Debtors; and (ii) payment of invoices for services provided by KBS during the period January 1, 2019 through January 31, 2019. KBS requested that a hearing

---

[2] The charts that accompanied the Shaw Declaration included all post-petition Kellermeyer and IFS invoices that were unpaid as of the filing of the Motion. However, the Motion sought payment of only those invoices that were then past due.

be scheduled on shortened notice because of the significant amount that was past due and concerns about the Debtors' ability to pay their ongoing obligations under the Agreements, but the hearing was scheduled for April 18, 2019.

3. The Debtors continued to benefit from KBS's performance of its obligations under the Agreements after the filing of the Motion. Eventually, however, by notice dated April 10, 2019 and filed in the evening of April 10th, the Debtors indicated their intent to reject the Agreements. The Agreements have now been rejected, making that portion of the relief sought in the Motion moot. Unfortunately, however, KBS's January invoices have still not been paid, and the Debtors have failed to pay most of the invoices for the amounts due under the Agreements for the period February 1, 2019 through April 11, 2019.[3] The total amount billed, due and unpaid for the post-petition period through April 11, 2019 is $1,218,621.43, of which $1,169,267.60 is due to Kellermeyer and $49,353.83 is due to IFS.

### SUPPLEMENTAL STATEMENT OF FACTS

4. As set forth in Motion, pursuant to the Agreements, KBS provided housekeeping services, staff, equipment and supplies at two hundred eighty-six (286) of the Debtors' stores, as well as seven (7) of the Debtors' auto centers. Depending upon the particular services rendered, invoices were submitted by KBS either once or twice per month, and payment was due within twenty days of invoice, for an early payment discount, or otherwise within thirty days of invoice. KBS provided services, personnel, equipment and supplies to the Debtors through and including April 11, 2019, one day after the Debtors filed a notice stating their intent to reject the

---

[3] The notice was not filed until the evening of April 10th, and cleaning services were scheduled to be provided and were in fact provided that night and during the following day. (Janitorial services provided under the Agreements were largely provided during overnight hours, when the stores were closed.) The billed amount therefore includes charges for April 11th.

Agreements effective April 10, 2019 [D.N. 3121]. An order authorizing the rejection was entered on May 1, 2019 [D.N. 3465].

5. KBS has billed the Debtors in the ordinary course during these Chapter 11 cases for services provided from the Debtors' bankruptcy filings through the rejection date, and for one day thereafter, when KBS continued to provide necessary services. Charts showing the unpaid invoices for each of Kellermeyer and IFS for January are attached to the Motion, while charts detailing the amounts owed for the entire post-petition period, thorough April 11, 2019, are attached to the Supplemental Declaration of Nathaniel Shaw, which is attached to this Amended Motion as Exhibit A (the "Supplemental Shaw Declaration"). Post-petition credits due to the Debtors and applied under the Agreements are also shown. (The invoices do not include any late charges, interest or attorneys' fees.) The post-petition amount due to Kellermeyer is $1,169,267.60, and the amount due to IFS is $49,353.83, for a total post-petition amount owed to KBS of $1,218,621.43.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested herein are §§105(a) and 503(b)(1)(A) of the Bankruptcy Code.

## RELIEF REQUESTED

9. By this Amended Motion, KBS seeks entry of an order requiring the Debtors to promptly pay the past due post-petition amounts due under the Agreements, and granting related relief. Kellermeyer is owed $1,169,267.60 for services, personnel, equipment and supplies

provided to the Debtors under the terms of the Agreements, and the services provided ó cleaning and maintaining the stores and automotive centers -- were necessary and useful to both the Debtors and the purchaser of their assets. In addition, IFS is owed $49,353.83 for similar services provided at additional stores, for a total post-petition amount billed, unpaid and past due of $1,218,621.43. Notably, in the face of KBSøs Motion for immediate assumption or rejection, the Debtors continued to use KBSøs services, choosing not to reject until facing the end of the buyerøs designation rights period, which expired on April 12, 2019. (The rejection notice which included the KBS Agreements was filed during the evening of April 10, 2019.)

10.    The administrative payments due for the month of January are now more than five months overdue, while the invoices for February, March and early April are more than three months overdue. KBS has involuntarily funded the Debtors (and perhaps the buyer) for a significant portion of these cases, and the Debtors have now filed a proposed plan which seems to offer little more than additional delay. Moreover, it is unclear whether the Debtors intend to pay KBSøs administrative claims and have reserved sufficient funds to do so, or if they believe that the KBS claims are the responsibility of the buyer.

11.    A non-debtor party to an executory contract is entitled to an administrative expense claim equal to the value of any post-petition benefit conferred on the estate prior to assumption or rejection of that contract. *In re Waste Systems Intern., Inc.*, 280 B.R. 824, 826 (Bankr.D.Del. 2002), *see also*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); *In re BCE West, LP*, 264 B.R. 578, 584 (9th Cir, BAP 2001). These estates received actual and significant benefit from KBSøs satisfaction of its obligations under the Agreements, and almost all of the amount sought is for the period prior to the date of rejection.[4] It is now time for the

---

[4] As noted above and in the Supplemental Shaw Declaration, because the notice of rejection was filed in the evening, the amount sought by Kellermeyer includes billing for the night of April 10th into the following day.

Debtors to fulfill their contractual and statutory obligations. For that reason, KBS respectfully requests the entry of an order compelling the Debtors to pay KBS's administrative claim of $1,218,621.43.

## NOTICE OF THIS AMENDED MOTION

12. Notice of this Amended Motion will be provided in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures (D.N. 139). KBS respectfully submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, KBS respectfully requests that the Court enter an Order, substantially in the form annexed hereto, compelling the Debtors to immediately pay KBS's administrative claim, and granting KBS such other and further relief as this Court deems just and proper.

Dated: August 22, 2019
New York, New York

**HALPERIN BATTAGLIA BENZIJA, LLP**

By: */s/Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY   10005
Telephone:  (212) 765-9100
Email: dlieberman@halperinlaw.net

and

**SHUMAKER, LOOP & KENDRICK, LLP**
David J. Coyle, Esq.
1000 Jackson Street
Toledo, OH 43604
Telephone: (419) 241-9000
Email: dcoyle@shumaker.com

*Co-counsel to Kellermeyer Bergensons Services, LLC and Innovative Facility Services*