**Hearing Date: October 23, 2019 at 10:00 am**
**Objection Deadline: August 27, 2019 at 4:00 p.m.**

ANDERSON KILL P.C.
Mark D. Silverschotz
42nd Floor
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
msilverschotz@andersonkill.com
*Attorneys for Schumacher Electric Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **Case No. 18-23538 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**RESPONSE OF SCHUMACHER ELECTRIC CORPORATION IN OPPOSITION TO DEBTORS' FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS) [DOCKET 4775]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Schumacher Electric Corporation, ("**Schumacher**"), by and through its counsel, Anderson Kill P.C., as its Response ("**Response**") in Opposition to the Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)("**Objection**")[Docket 4775], respectfully states as follows:

## PRELIMINARY STATEMENT

1.       Put most simply, the Debtors' Objection is erroneously founded upon the false premise that Schumacher's combined claim for payment of both unsecured debt and administrative expenses (Claim Number 4097)("**Claim**") should be disallowed because "[t]the Claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC." Objection, Exhibit A thereto, Ref. #106, at pdf page 12 of 52.

2.       The Debtors are wrong.   Although *twice* Schumacher received from the Debtors notice that their contracts were to be cured and assigned, Schumacher subsequently received notice that their contracts actually were to be rejected.  Consequently, the basic foundation for the Objection is incorrect.   Additionally, Debtors have not offered any required substantive basis for the Objection.

3.       Finally, Debtors have failed to follow their own claims resolution procedures as respects Schumacher's claim under Bankruptcy Code Section 503(b)(9).  The Objection, accordingly, is premature.

4.       Because Claim 4097 remains uncontested on its merits, and insofar as no substantive basis for any objection thereto has been articulated, as to Schumacher's Claim the premature Objection must be overruled.

docs-100193311.1

## FACTUAL BACKGROUND

5.    Schumacher timely filed its Proof of Claim No. 4097 in the total amount

of $351,473.17 of which $73,699.51 is unsecured, and $277,773.66 is entitled to administrative

priority pursuant to 11 U.S.C. § 503(b)(9).  A copy of relevant pages of the Claim, conformed as

to filing, is annexed hereto as Exhibit A (exhibits thereto excluded).

6.    On or about January 18, 2019, Debtors filed their "Notice of Cure Costs

and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in

Connection with Global Sale Transaction (the "**First Cure Notice**")[Docket 1731].  Therein,

Debtors advised Schumacher that the "Cure Amount" for their License Agreement was

$283,474.  First Cure Notice at pdf page 263.   Copies of the relevant pages of the First Cure

Notice are annexed hereto as Exhibit B.  Schumacher did not object to cure proposed in the First

Cure Notice.

7.    Subsequent to receipt of the First Cure Notice, on or about January 23,

2019, Debtors filed their "Supplemental Notice of Cure Costs and Potential Assumption and

Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale

Transaction" (the "**Supplemental Cure Notice**")[Docket 1774].  Therein, Debtors proposed to

assume and assign "Amendment #1 to the Supply Agreement for Portable Power Products"

("**Supply Agreement**") following an identical cure payment of  $283,474, and left blank a

proposed cure payment for the cure of Amend #1 to License Agreement for Diehard Portable

Power Products".  Supplemental Cure Notice at pdf page 30.  Copies of the relevant pages of the

Supplemental Cure Notice are annexed hereto as Exhibit C.  Schumacher did not object to cure

proposed in the Supplemental Cure Notice.

docs-100193311.1

8.     Notwithstanding the two separate cure notices and the apparent closing of

the sale to Transform Holdco LLC, no such cure, assumption, or assignment has taken place and

Debtors' debts to Schumacher remain unpaid.

9.     Consistent with this reality is the Notice of Rejection of Executory

Contracts ("**Rejection Notice**")[Docket 3311], filed by the Debtors on or about April 22, 2019.

Therein the Debtors purport to reject the Supply Agreement they previously proposed to assume

and assign.  Rejection Notice, Schedule 1 at page 8, pdf page 15.  Relevant pages of the

Rejection Notice are annexed hereto as Exhibit D.

10.     Consequently, notwithstanding the Debtors' contention in the Objection

that Schumacher's Claim has been "satisfied and/or released, as associated contract was assumed

and assigned to Transform Holdco LLC", the record herein makes clear that Debtors are

mistaken.  The Objection is without foundation and must be overruled.

## LEGAL ARGUMENT

11.     The record herein makes clear that the substantial volume of

administrative claims imperils the ability of the Debtors to confirm a plan of reorganization.  One

reasonably may speculate that the Objection has been advanced in order to put into issue the

administrative claims listed therein, but that the Objection did not receive the necessary level of

pre-filing analysis one ordinarily assumes will be provided by its proponents.

12.     Bankruptcy Code Section 502(a) makes explicit that "[a] claim or interest,

proof of which is filed under section 501 of this title, is deemed allowed, unless a party in

interest, including a creditor of a general partner in a partnership that is a debtor in a case under

chapter 7 of this title, objects".  11 U.S.C. §502(a).

4

13.    The Debtors' Objection, however, on the record herein, simply is wrong. No assumption of the contracts underlying the Claim has been undertaken, the Supply Agreement has been noticed for rejection, and Schumacher remains unpaid.

14.    A viable claims objection must be based on some minimal quantum of fact and law.  As the leading bankruptcy treatise states, "[u]nless an objector introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 *Collier on Bankruptcy*, 16th Edition (2019), ¶502.02[3][e], *citing*. Brown v. IRS (*In re* Brown), 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re* Hemingway Transp., 993 F.2d 915, 28 C.B.C.2d 1545 (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); *In re* Fullmer, 962 F.2d 1463, 27 C.B.C.2d 92 (10th Cir. 1992) (prepetition claims are presumed to be *prima facie* valid and the presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal).

15.    Here, such evidence is wanting.    Consequently, the Objection must be overruled.

## SCHUMACHER'S CLAIM SHOULD BE RESOLVED THROUGH THE PROCEDURES PREVIOUSLY ORDERED BY THE BANKRUPTCY COURT ON DEBTORS' MOTION

16.    Schumacher recognizes that the Debtors are saddled with a potentially insolvent estate and need to resolve administrative claims in a reasonably efficient manner.  A blanket and baseless omnibus objection is not the proper path to that result.

17.    Fortunately, Debtors – and this Court's order – already have provided a reasonable procedure for resolving Schumacher's Claim.   The Order (I) Establishing Deadline to File Proofs of Claim and Procedure Relating Thereto, (II) Approving the Form and Manner of

docs-100193311.1

Notice hereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11

U.S.C. § 503(b)(9), And (I) Prohibiting Vendors from Pursing Such Claims Outside the

Procedures ("**Claims Procedures Order**") filed February 22, 2019 [Docket 2676], establishes

how Schumacher and the Debtors can resolve any dispute regarding Schumacher's claim.

Relevant pages of the Claims Procedure Order are annexed hereto as Exhibit E.

18.    The Claims Procedures Order provides:

The following 503(b)(9) Claim Procedures, which are hereby approved
and authorized in their entirety, shall apply to all 503(b)(9) Claims:

(a) The Debtors are authorized to negotiate with any Vendor who has filed a
Claim by the Bar Date asserting a 503(b)(9) Claim and to seek an
agreement liquidating such Vendor's 503(b)(9) Claim;

(b) If the Debtors and the Vendor cannot reach agreement regarding such
Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a
hearing by the Court no later than 60 days after being requested to do so
by a Vendor;

(c) To the extent a 503(b)(9) Claim is agreed upon between the Debtors and a
Vendor, subject to the consent of the Creditors' Committee, which consent
shall not unreasonably be withheld, such 503(b)(9) Claim will be allowed
and only satisfied pursuant to and as provided in any chapter 11 plan that
is confirmed by the Court, or as otherwise ordered by the Court after
notice and an opportunity for a hearing; provided that the Debtors reserve
the right to exercise any lawful right of setoff against any 503(b)(9) Claim;

(d) On a monthly basis, beginning on April 1, 2019, the Debtors will provide
the Creditors' Committee, the Standard Parties (as defined in the Amended
Order Implementing Certain Notice and Case Management Procedures)
and the United States Trustee with a separate report of all settlements of
503(b)(9) Claims entered into in the preceding calendar month.

Claims Procedures Order at paragraph 19, pages 12-13.

19.    To date Schumacher and the Debtor have not negotiated the terms under

which the Claim might be resolved.  Notably, the Claims Procedures Order also states that the

procedures cited in the preceding paragraph "are the sole and exclusive method for the

resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors . . .". <u>Id.</u>, at paragraph 20, page 13.

20.     Consequently, because the Debtors have not followed the processes laid out in the Claims Procedures Order, in addition to being legally insufficient the Objection is premature.

## **CONCLUSION**

21.     The Objection must be overruled.   Schumacher's Claim was deemed valid upon its timely filing.   The Objection is factually inaccurate because Schumacher's contracts have not been cured, assumed and assigned to Transform Holdco LLC.   Further, Debtors have not provided any substantive objection to the Claim.   Lastly, having not pursued resolution of the Claim through the terms of the Claims Procedures Order, the Objection is premature.

docs-100193311.1

WHEREFORE, for all of the foregoing reasons Schumacher Electric Corporation prays that the Bankruptcy Court:

1) Overrule the Objection;

2) Direct the Debtors to negotiate the resolution of Schumacher's Claim in accordance with the terms of the Claims Procedures Order; and,

3) Grant to it such further and other relief as may be just in these premises.

Dated: New York, New York
      August 22, 2019

                                    Respectfully submitted,

                                    /s/ Mark D. Silverschotz
                                    Mark D. Silverschotz
                                    ANDERSON KILL P.C.
                                    Attorneys for Schumacher Electric Corporation
                                    1251 Avenue of the Americas
                                    New York, New York 10020
                                    Tel: 212-278-1000
                                    Fax: 212-278-1733
                                    msilverschotz@andersonkill.com

## CERTIFICATE OF SERVICE

I hereby caused a true and correct copy of the foregoing Joinder to be served upon the parties listed below via first class mail and ECF Notification on August 22, 2019.

                                    /s/ Mark D. Silverschotz
                                    Mark D. Silverschotz

docs-100193311.1

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Ray C. Schrock
        Jacqueline Marcus
        Garret A. Fail
        Sunny Singh

Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014
Attn:   Paul Schwartzberg

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn:   Ira Dizengoff
        Philip Dublin
        Sara Brauner

docs-100193311.1