# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                            :
                                                                 :   **Chapter 11**
SEARS HOLDINGS CORPORATION, *et al.*,                            :
                                                                 :   **Case No. 18-23538 (RDD)**
                                                                 :
              Debtors.[1]                                        :   **(Jointly Administered)**
---------------------------------------------------------------- x

**SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "**Global Bidding Procedures Order**") (ECF No. 816),[2] approving global bidding and sale procedures (the "**Global Bidding Procedures**"), substantially in the form attached to the Global Bidding Procedures Order as Exhibit 1, in connection with the sale or disposition of substantially all of the Debtors' assets (the "**Assets**"), among other relief.

2. On November 21, 2018, the Debtors filed the *Notice of Filing of Global Bidding Procedures Process Letter* (ECF No. 862) (the "**Global Process Letter**") soliciting bids on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Global Bidding Procedures Order, the Global Bidding Procedures, or the Asset Purchase Agreement (as defined herein), as applicable.

Assets, including the Debtors' retail stores or groups of stores (the "**Retail Stores**") on a going concern or liquidation basis and individual target businesses, including Sears Home Services, the business unit PartsDirect, Sears Auto Centers, and Innovel (the "**Target Businesses**") (the Retail Stores together with the Target Businesses, the "**Global Assets**").

3.  On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "**Auction**"). As announced on the record of the Auction, the Debtors, as directed by the Restructuring Committee, determined that the offer submitted by Transform Holdco, LLC (the "**Successful Bidder**" or "**Buyer**"), established by ESL Investments, Inc. to acquire substantially all of the Global Assets, was the highest or best offer for the Global Assets (the "**Successful Bid**"). The Debtors executed an asset purchase agreement with the Buyer for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement) dated January 17, 2019 (the "**Asset Purchase Agreement**," and the transaction effected thereby, the "**Global Asset Sale Transaction**"). A copy of the Asset Purchase Agreement and description of the material terms thereof are provided in the *Notice of Successful Bidder and Sale Hearing*, filed contemporaneously herewith.

4.  On January 18, 2019, the Debtors filed and served on the applicable Sale Notice Parties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "**Initial Notice**").

5.  **You are receiving this Supplemental Notice because you may be a Counterparty to a Contract or Lease of the Debtors that potentially could be assumed and assigned to the Successful Bidder in connection with the Global Asset Sale Transaction.**

## Cure Costs

6.  In accordance with the Assumption and Assignment Procedures and the Global Bidding Procedures Order, the Debtors may, in connection with the Global Asset Sale Transaction, seek to assume and assign to the Successful Bidder (or its designated assignee, if applicable) certain Contracts and Leases of the Debtors.

7.  Each of the Contracts that may be assumed and assigned in connection with the Global Asset Sale Transaction that were not included in the Initial Notice (the "**Additional Contracts**") and the Debtors' calculation of the Cure Costs with respect thereto are set forth on **Exhibit A-1**, or that were included in the Initial Notice but for which the Cure Amounts have been revised are set forth on **Exhibit A-2** hereto. Each of the Leases related to the Retail Stores included in the Successful Bid that may be assumed and assigned in connection with the Global Asset Sale Transaction that were not included in the Initial Notice (the "**Additional Leases**") and the Debtors' calculation of the Cure Costs with respect thereto are set forth on **Exhibit B-1**, or that were included in the Initial Notice but for which the Cure Amounts have been revised are set forth on **Exhibit B-2** hereto. The Debtors will file a supplemental Assumption and Assignment Notice for any additional Contracts and Leases that the Buyer may designate for assumption and assignment pursuant to the Asset Purchase Agreement.

8.  The inclusion of any Contract or Lease on Exhibits A-1, A-2, B-1, or B-2 does not constitute an admission that a particular Contract or Lease is an executory contract or unexpired

lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract or Lease ultimately will be assumed or assigned. Assumption or assignment of a Contract or Lease is subject to Court approval. All rights of the Debtors and other parties in interest with respect thereto are reserved.

9.  The Debtors' proposed Cure Amounts may not reflect negotiated settlements or payments made pursuant to first-day orders that would reduce the proposed Cure Amounts. The Debtors are in the process of reconciling these numbers and reserve the right to amend the proposed cure amounts at any time, before or after the Objection Deadline. If the Debtors determine that the proposed Cure Amounts set forth in Exhibit A or Exhibit B hereto include any amounts previously paid, the proposed Cure Amounts will be adjusted to eliminate such amounts and the Debtors will serve a further revised notice setting forth updated proposed Cure Amounts to the applicable Counterparties as soon as reasonably practicable following the determination that an adjustment is required. In the event that the proposed Cure Amounts in Exhibit A or Exhibit B are amended, the notice filed later in time shall govern and supersede the earlier notice with respect to such modified amounts.

### Buyer's Adequate Assurance Information

10. Adequate Assurance Information for the Buyer will be distributed to the applicable Counterparties. The Buyer's Adequate Assurance Information is intended to provide the Counterparties to the Contracts and Leases with adequate assurance of future performance and to support the Buyer's ability to comply with the requirements of adequate assurance of future performance, including the Buyer's financial wherewithal and willingness to perform under the Contracts and Leases.

### Assumption and Assignment Procedures

11. The Buyer may elect to assume from the Sellers and assign to the Buyer (i) all Leases (as defined in the Asset Purchase Agreement) and (ii) all other Contracts related to the Business to which a Seller is a party and all IP Licenses (excluding certain agreements), which are listed on Schedule 2.7(a) to the Asset Purchase Agreement (the "**Potential Transferred Agreements**"). The Debtors are required to provide the schedule of Potential Transferred Agreements to the Buyer by **January 25, 2019** (within five (5) Business Days of the date of the Asset Purchase Agreement).

12. Within five (5) Business Days of delivery of the Potential Transferred Agreements list from Seller to Buyer, Buyer shall deliver to the Seller a list of those Potential Transferred Agreements proposed to be assigned to Buyer or assumed by Seller and assigned to Buyer on the Closing Date (the "**Initial Assigned Agreements**"). The Initial Assigned Agreements shall be assigned to the Buyer or assumed by the Seller and assigned to the Buyer on the Closing Date. The Buyer can amend the list of Initial Assigned Agreements in accordance with the terms of the Asset Purchase Agreement until the second (2nd) Business Day prior to the Closing Date.

13. The Asset Purchase Agreement also provides for certain rights for the Buyer to acquire certain additional contracts that were not on the Initial Assigned Agreements list after the Closing Date (each, an "**Additional Contract**"). At any time prior to the date that is sixty (60)

3

days after the Closing Date, but in no event later than May 3, 2019, the Buyer may elect that certain contracts and agreements related to the Business (but that were not on the Initial Assigned Agreements list) are assumed by the Sellers and assigned to the Buyer or an applicable Assignee.

14. The Asset Purchase Agreement also includes the purchase of the exclusive right to irrevocably select, identify and designate certain Leases for assumption and assignment (the "**Designation Rights**") after the Closing Date. The Designation Rights terminate upon the expiration of the period commencing on the Closing Date and ending on the earliest of (i) five (5) Business Days after delivery of the applicable Buyer Rejection Notice, (ii) the date on which an applicable agreement is assumed and assigned to an Assignee, (iii) the date which is sixty (60) days after the Closing Date and (iv) May 3, 2019.

15. **At the time of filing of this notice, the Buyer has not designated any Contracts or Leases for assumption or assignment to the Buyer. You will receive an additional notice informing you if your Contract or Lease is designated for assumption or assignment to the Buyer.**

## SHIP Agreements

16. Pursuant to the Asset Purchase Agreement, if the transactions under the SHIP Purchase Agreement are not consummated, the Buyer will purchase certain assets related to the SHIP business as described in the Asset Purchase Agreement.

17. The Debtors' calculation of Cure Costs with respect to Contracts and Leases under the SHIP Purchase Agreement (the "**SHIP Agreements**") were filed on November 27, 2018 and December 5, 2018 (ECF Nos. 901, 1054). The last deadline to object to the Cure Costs for the SHIP Agreements lapsed on December 17, 2018. Counterparties to the SHIP Agreements will receive the Buyer's Adequate Assurance Information and can object to the adequacy of such information pursuant to the deadline described in the Initial Notice.

## Objections

### A. Cure Objections

18. Any objection to the proposed assumption, assignment, or potential designation of a Contract or Lease identified on Exhibit A or Exhibit B, the subject of which objection is the Debtors' proposed Cure Costs (a "**Cure Objection**") must be (i) filed in accordance with the Global Bidding Procedures Order; (ii) filed with the Bankruptcy Court; and (iii) served on the Objection Recipients (as identified in the Global Bidding Procedures) by **January 31, 2019 at 4:00 p.m. (Eastern Time)** (the "**Cure Objection Deadline**"); *provided, however*, the Cure Objection Deadline shall not extend nor reopen any passed cure objection deadlines with respect to the SHIP Agreements. Any counterparty to the Contracts and Leases identified on the Initial Notice whose Cure Amounts has not been modified by this Supplemental Notice must file any Cure Objection by the original deadline as set forth in the Initial Notice.

19. If a Cure Objection cannot otherwise by resolved by the parties, the Debtors may adjourn their request to assume the Contract or Lease pending resolution of the Cure Objection (an "**Adjourned Cure Objection**") subject to the Global Bidding Procedures Order or a sale order approving the Global Asset Sale Transaction; provided further that, to the extent the Adjourned

Cure Objection is resolved or determined unfavorably to the Debtors, the Debtors may withdraw the proposed assumption of the applicable Contract or Lease after such determination by filing a notice of withdrawal, which, in the case of a Lease, shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code. An Adjourned Cure Objection may be resolved after the closing date of the Global Asset Sale Transaction in the Debtors' discretion.

**IF A COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY CURE OBJECTION, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE AMOUNT TO CURE ANY DEFAULT UNDER THE APPLICABLE CONTRACT OR LEASE. THE CURE COSTS SET FORTH ON EXHIBIT A AND EXHIBIT B HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE UNDER BANKRUPTCY CODE SECTION 365(B), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR LEASE, OR ANY OTHER DOCUMENT, AND THE APPLICABLE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH CONTRACT OR LEASE AGAINST THE DEBTORS, ANY SUCCESSFUL BIDDER, OR THE PROPERTY OF ANY OF THEM.**

### B. Adequate Assurance Objections

20. Any counterparty to the Additional Contracts and Additional Leases who wishes to object to the proposed assumption, assignment, or potential designation of its Additional Contract or Additional Lease, the subject of which objection is the Buyer's (a) ability to provide adequate assurance of future performance or (b) the proposed form of adequate assurance of future performance with respect to such Contract or Lease (an "**Adequate Assurance Objection**"), must be (i) filed in accordance with the Global Bidding Procedures Order; (ii) filed with the Bankruptcy Court; and (iii) served on the Objection Recipients (as identified in the Global Bidding Procedures) by **January 31, 2019 at 4:00 p.m. (Eastern Time)** (the "**Adequate Assurance Objection Deadline**"). Counterparties to Contracts and Leases identified in the Initial Notice must file and serve an Adequate Assurance Objection by the original deadline set in the Initial Notice.

21. If a timely Adequate Assurance Objection cannot otherwise be resolved by the parties prior to the Sale Hearing, such objection and all issues of adequate assurance of future performance shall be determined by the Court at the Sale Hearing or at a later hearing on a date to be scheduled by the Debtors in their discretion.

**IF A COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE OF THE APPLICABLE CONTRACT OR LEASE. THE SUCCESSFUL BIDDER (OR ITS DESIGNATED ASSIGNEE, IF APPLICABLE) SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE**

**PERFORMANCE WITH RESPECT TO THE APPLICABLE CONTRACT OR LEASE IN ACCORDANCE WITH BANKRUPTCY CODE SECTION 365(F)(2)(B), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR LEASE, OR ANY OTHER DOCUMENT.**

### Additional Information

22.     Copies of the Global Bidding Procedures Order, the Global Bidding Procedures, and the Initial Notice may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC, located at https://restructuring.primeclerk.com/Sears.

Dated: January 23, 2019

/s/ Jessica Liou
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*

## Exhibit A-1

**Cure Costs Schedule – Additional Executory Contracts**

Sears Holdings Corporation
Executory Contracts
Additional

| No | Debtor Counterparty(s) | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 457 | A&E FACTORY SERVICE, LLC | RENT A CENTER, INC. | FIRST AMENDMENT TO SERVICE AGREEMENT | 10/13/2016 | Not Applicable | | $ |
| 458 | SEARS, ROEBUCK AND CO. | RETAIL MANAGEMENT PARTNERS, INC | THE MASTER ADDENDUM ("ADDENDUM") IS ENTERED INTO ON 1/9/2015 (THE "EFFECTIVE DATE"), BETWEEN SEARS ROEBUCK AND CO., A NEW YORK CORPORATION ("SEARS") AND RETAIL MANAGEMENT PARTNERS, INC., A TEXAS CORPORATION ("LICENSEE") | | 06/11/2019 | | $ |
| 459 | SEARS HOLDINGS MANAGEMENT CORPORATION | REVIEWTRACKERS | AUTOMOTIVE-REVIEWTRACKERS-MSA | | 07/22/2019 | CW2310251 | $ |
| 460 | INNOVEL SOLUTIONS, INC. | ROO INC. | WAREHOUSE SERVICES AGREEMENT | | Not Applicable | | $ |
| 461 | SEARS, ROEBUCK AND CO. | ROSS REAL ESTATE LTD. | RETAIL TENANT REPRESENTATION AGREEMENT | | 01/24/2019 | | $ |
| 462 | SEARS HOLDINGS MANAGEMENT CORPORATION | RYAN, LLC | RYAN, LLC | | Not Applicable | | $ |
| 463 | KMART CORPORATION | S.C. BRIAN KIM | MASTER LEASE | | 11/30/2018 | K4483-1-A | $ |
| 464 | | SADDLE CREEK LOGISTICS SERVICES | FAC - SADDLE CREEK - MNDA 2017 | | 12/17/2020 | CW2334127 | $ |
| 465 | FLORIDA BUILDER APPLIANCES, INC. | SAGOMA CONSTRUCTION SERVICES | MIAMI WORLD CENTER PARAMOUNT | Only signed by one party and no date | 12/31/2018 | Agreement #2017-009-001 /Project (09-5590) | $ |
| 466 | SEARS HOLDINGS MANAGEMENT CORPORATION | SALESFORCE.COM, INC. | INVOICE NUMBER 12515781 | | Not Applicable | | $ |
| 467 | SEARS HOLDINGS MANAGEMENT CORPORATION | SAMSUNG CHEMICAL (USA), INC. | SUPPLY PROGRAM AGREEMENT FOR COUNTERTOP PRODUCTS | | 04/30/2019 | | $ |
| 468 | A&E FACTORY SERVICE, LLC | SAMSUNG ELECTRONICS AMERICA, INC. | EIGHTH AMENDMENT TO SERVICE AGREEMENT | 03/15/2016 | 12/31/2018 | | $ |
| 469 | SEARS HOLDINGS MANAGEMENT CORPORATION | SAP | MASTER SOFTWARE AND LICENSE AGREEMENT | 10/28/2011 | RECURRING | | $ |
| 470 | KMART CORPORATION | SCHINDLER ELEVATOR CORPORATION-904524 | RS - SCHINDLER ELEVATOR - ACC - 2014 | | 12/31/2018 | CW2293275 | $ |
| 471 | KMART CORPORATION | SCHINDLER ELEVATOR CORPORATION-904524 | RETAIL SERVICES - SCHINDLER - ACC FOR REPAIR INVOICES - 2015 | | 05/31/2019 | CW2299850 | $ |
| 472 | KMART CORPORATION;SEARS, ROEBUCK AND CO.;SEARS, ROEBUCK DE PUERTO RICO, INC.;SEARS OPERATIONS LLC;KMART OPERATIONS LLC | SCHLAAK ENTERPRISES | INDIVIDUAL STORE LANDSCAPING SERVICES AGREEMENT | | 04/13/2019 | | $ |
| 473 | SEARS, ROEBUCK AND CO, KMART CORPORATION, SEARS BRANDS MANAGEMENT CORPORATION | SCHUMACHER ELECTRIC CORPORATION | AMENDMENT #1 TO THE SUPPLY AGREEMENT FOR PORTABLE POWER PRODUCTS | 12/1/2017 | 1/31/2021 | | $ 283,474 |
| 474 | SEARS BRANDS MANAGEMENT CORPORATION | SCHUMACHER ELECTRIC CORPORATION | AMENDMENT #1 TO LICENSE AGREEMENT FOR DIEHARD PORTABLE POWER PRODUCTS | 1/31/2018 | 1/31/2019 | | $ |
| 475 | SEARS, ROEBUCK AND CO. | SEARS AUTHORIZED HOMETOWN STORES, LLC. | STORE LICENSE AGREEMENT - SAHS | | 08/08/2029 | 396578 | $ |
| 476 | KMART CORPORATION | SEARS AUTHORIZED HOMETOWN STORES, LLC. | AMENDMENT NO. 3 TO THE AMENDED AND RESTATED MERCHANDISING AGREEMENT | | 02/01/2020 | 537251 | $ |
| 477 | KMART CORPORATION | SEARS AUTHORIZED HOMETOWN STORES, LLC. | AMENDMENT NO. 2 TO THE AMENDED AND RESTATED MERCHANDISING AGREEMENT | | 02/01/2020 | 534598 | $ |
| 478 | KMART CORPORATION | SEARS AUTHORIZED HOMETOWN STORES, LLC. | AMENDMENT TO AMENDED AND RESTATED MERCHANDISING AGREEMENT | | 02/01/2020 | 534596 | $ |
| 479 | KMART CORPORATION | SEARS AUTHORIZED HOMETOWN STORES, LLC. | AMENDMENT NO. 4 TO THE AMENDED AND RESTATED MERCHANDISING AGREEMENT | | 02/01/2020 | 509442 | $ |
| 480 | SEARS, ROEBUCK AND CO. | SEARS CANADA INC. | AMENDING AGREEMENT | | 10/15/2019 | | $ |
| 481 | SEARS, ROEBUCK AND CO. | SEARS CANADA INC. | INFORMATION TECHNOLOGY AGREEMENT | | Not Applicable | | $ |