# Exhibit E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re                                                         :
                                                              :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                     :
                                                              :    **Case No. 18-23538 (RDD)**
                                                              :
Debtors.[1]                                                   :    **(Jointly Administered)**
------------------------------------------------------------- x

**ORDER (I) ESTABLISHING DEADLINE TO FILE
PROOFS OF CLAIM AND PROCEDURES RELATING THERETO,
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,
(III) APPROVING PROCEDURES FOR THE RESOLUTION OF CLAIMS
ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9), AND (IV) PROHIBITING
VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES**

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Bankruptcy Rules for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Southern District of New York (the "**Local Rules**"), and the *United States Bankruptcy Court for the Southern District of New York Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim*, updated as of December 1, 2015 (the "**Guidelines**"), for an order (i) fixing deadlines and establishing procedures for filing proofs of claim (the "**Filing Procedures**"), (ii) approving the form and manner of service thereof, (iii) approving the procedures (the "**503(b)(9) Claim Procedures**") for the resolution of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**") that are timely filed, and (iv) prohibiting vendors or other parties (collectively, the "**Vendors**") from pursuing 503(b)(9) Claims outside of the Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the *Declaration of Robert Riecker Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* (ECF No. 3) filed and sworn to on the Commencement Date and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter 11 cases on October 15, 2018 (the "**Commencement Date**"), including claims asserted under section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim in writing or electronically in accordance with the procedures below so that it is received on or before April 10, 2019 (the "**General Bar Date**")

3. Notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed on or before September 3, 2019 (the date that is one hundred eighty (180) days after the date of the order for relief) (the "**Governmental Bar Date**").

4. Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date and (ii) thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Damages Bar Date**," and, together with the General Bar Date and the Governmental Bar Date, the "**Bar Dates**"). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

5. The (i) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit 1** (the "**Bar Date Notice**") and (ii) model proof of claim form (the "**Claim Form**"), substantially in the form annexed hereto as **Exhibit 2**, are approved.

6. The following Filing Procedures for the filing of proofs of claim (the "**Filing Procedures**") shall apply:

(a) Proofs of Claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**")[3];

(b) Proofs of Claim must be filed either (i) electronically through the website administered by Prime Clerk LLC ("**Prime Clerk**") for these cases at https://restructuring.primeclerk.com/sears (the "**Case Website**") by following instructions for filing proofs of claim electronically, (ii) by mailing the original proof of claim either by U.S. Postal Service mail to Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708, (iii) by delivering the original proof of claim by overnight delivery to Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or (iv) by delivering the original proof of claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at 300 Quarropas Street, Room 248, White Plains, NY 10601 or (y) Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232;

(c) Proofs of Claim will be deemed filed only when received by the Clerk of the Bankruptcy Court or by Prime Clerk on or before the applicable Bar Date;

(d) Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e) Proofs of Claim must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor except as provided in paragraph 7(i) below. If the holder lists multiple Debtors on the Proof

---

[3] The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Claim Form can be found at https://restructuring.primeclerk.com/sears, the website established by Prime Clerk for the Debtors' chapter 11 cases.

4

of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor. If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Sears Holdings Corporation;

(f) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted;

7. Proofs of Claim need not be filed on or prior to the Bar Dates as to the following types of claims:

(a) any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Filing Procedures;

(b) any person or entity whose claim is listed in the Schedules filed by the Debtors, provided that (x) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (y) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) any holder of a claim that heretofore has been allowed by order of this Court;

(d) any person or entity whose claim has been paid in full by any of the Debtors;

(e) any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f) any Debtor having a claim against another Debtor;

(g) any holder of a claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Filing Procedures;

(h) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

WEIL:\96926876\2\73217.0004

(i) any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Sears Holdings Corporation* (Case No. 18-23538) (RDD), on or before the applicable Bar Date, under the applicable Debt Instrument on account of all Debt Claims; provided that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims;

(j) any person or entity who is not required to file a Proof of Claim pursuant to either the *Final Order Authorizing The Debtors to (A) Obtain Post-Petition Financing (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (ECF No. 955), as may be amended or superseded from time to time (the "**Final DIP Order**"), or the *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (ECF No. 1436) (the "**Junior DIP Order**"), solely with respect to the claims set forth in the Final DIP Order and the Junior DIP Order;

(k) any holder of a claim arising out of any warranties, protection agreements, or other services contracts (collectively, "**Protection Agreements**") for the goods and services of the Debtors sold or performed prior to the Commencement Date; and

(l) any current or former employee of the Debtors whose employment or retiree status is subject to the terms of a collective bargaining agreement currently in effect (and, with respect to benefit claims, any spouse or beneficiary thereof) and is administered by labor unions representing such employees (the "CBA Parties"), solely with respect to any prepetition claim based on the payment of wages and compensation and employee medical benefits, insurance benefits, and other benefits authorized to be paid pursuant to the *Final Order (I) Authorizing But Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable*

6

*Employee Expenses, (B) Pay and Honor Employee medical and Other benefits, and (C) Continue Employee Benefits Programs, and (II) granting Related Relief* (ECF No. 798); provided, however, that (a) if the Debtors have provided written notice to such CBA Parties and their union of the Debtors' intention not to pay such claim, the CBA Parties shall have until the later of (i) the Claims Bar Date and (ii) 30 days from the date of written notice, to submit a proof of claim. Notwithstanding the foregoing, the CBA Parties must submit proof of claims prior to the General Bar Date relating to grievances to the extent the grounds for such grievances arose on or prior to the Petition Date, provided that the labor unions may submit a claim itemizing such grievances on behalf of their respective members.

8. Claims under section 503(b)(9) of the Bankruptcy Code must be filed on or before the applicable Bar Date pursuant to the Filing Procedures. Claimants shall not be required to submit certain of the foregoing materials to extent such information is duplicative of information included by such claimants in any notice of, or motion for allowance of a claim under section 503(b)(9) of the Bankruptcy Code that was filed prior to the entry of the this Order, and such notices and motions filed prior to the entry of the this Order shall be deemed timely filed under the procedures set forth herein, subject to the Debtors' rights to object to the alleged claims asserted therein[4]

9. If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline.

10. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall (i) be forever

---

[4] For the avoidance of doubt, Cupid Foundations Inc., shall not be required to refile any duplicative information on account its alleged 503(b)(9) Claim to the extent such information was already included in the *Motion to Allow Claims /Motion of Cupid Foundations, Inc. for Allowance of Section 503(b)(9) Administrative Claim filed by James J. Vincequerra on behalf of Cupid Foundations, Inc* (ECF No. 1385) and/or related *Reclamation of Claim / Notice of Reclamation of Cupid Foundations, Inc.* (ECF No. 434).

7

barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a proof of claim with respect thereto) and (ii) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these cases.

11. The administrative agent under each of the First Lien Credit Agreement, the Stand-Alone L/C Facility, and the Second Lien Credit Facility, respectively, may file a single Proof of Claim in the lead chapter 11 case, *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (the "**Lead Case**"), on behalf of all holders of claims based on the First Lien Credit Agreement, the Stand-Alone L/C Facility, and the Second Lien Credit Facility, respectively, which Proofs of Claim also automatically shall be deemed filed in the chapter 11 case of each and every Debtor that is a borrower or guarantor under the respective credit facility.

12. The indenture trustees under the indentures for each of the Second Lien Notes, the Holdings Unsecured Notes, the Holdings Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Unsecured PIK Notes, respectively, also may file a single Proof of Claim in the Lead Case on behalf of all holders of claims based on the Second Lien Notes, the Holdings Unsecured Notes, the Holdings Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Unsecured PIK Notes, respectively, which Proofs of Claim also automatically shall be deemed filed in the chapter 11 case of each and every Debtor that is a borrower or guarantor under the respective credit facility.

13. Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any proof of claim form or notice of the bar date, (a) ACE American Insurance

Company on its own behalf and on behalf of all of its affiliates and successors (collectively, the "**ACE Companies**") may file a single consolidated proof of claim (the "**ACE Proof of Claim**") in the chapter 11 case of Sears Holding Corporation, Case No. 18-23538 (the "**Lead Case**"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company on its own behalf and on behalf of all of its affiliates and successors (collectively, the "**Chubb Companies**") may file a single consolidated proof of claim (the "**Chubb Proof of Claim**" and collectively with the ACE Proof of Claim the "**Consolidated Claims**") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims will not be filed with the Consolidated Claims. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Sears Holding Corporation (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies and the Chubb Companies).

14. Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any proof of claim form or notice of the bar date, the Board of Trustees of the National Retirement Fund, the National Retirement Fund, the Legacy Plan of the National Retirement Fund (f/k/a the Pension Plan of the National Retirement Fund) and the Adjustable Plan of the National Retirement Fund (collectively, the "**NRF**") may file a single consolidated proof of claim (together with any amendments thereto, the "**NRF Proof of Claim**") on behalf of each of the plans it administers in the Lead Case, which shall be deemed to have been filed by the NRF on behalf of each of the plans it administers against each of the Debtors. Given the voluminous nature of the collective bargaining agreements, the Debtors agree that they need not be attached to the NRF Proof of Claim and that the NRF has satisfied the applicable Bankruptcy Rules, including, without limitation, Bankruptcy Rule 3001. This procedure is intended solely for the purpose of administrative convenience. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the NRF to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the NRF Proof of Claim is asserted, or (c) amend the amount or nature of the NRF Proof of Claim; provided, however, that the NRF Proof of Claim shall not be disallowed, reduced or expunged solely on the basis that the NRF Proof of Claim is filed (i) only in the Lead Case and only against Sears Holding Corporation (instead of in the bankruptcy cases of each or any of the other Debtors).

15. The following procedures for providing notice of the Bar Date (the "**Notice Procedures**") shall apply:

 (a) Within five (5) business days of entry of this Order and at least thirty-five (35) days prior to the General Bar Date, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

  (i) the U.S. Trustee;

  (ii) counsel for the Creditors' Committee;

  (iii) all creditors and other known holders of claims at the addresses stated in the Schedules or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

  (iv) all parties actually known to the Debtors as having potential claims against any of the Debtors;

  (v) all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated in the Schedules or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

  (vi) all parties to pending litigation against the Debtors (as of the date of entry of this Order);

  (vii) the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

  (viii) all persons or entities that have filed claims (as of the date of entry of this Order);

  (ix) all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of this Order);

  (x) all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of this Order); and

  (xi) such additional persons and entities deemed appropriate by the Debtors.

 (b) The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Case Website.

16. With regard to those holders of claims listed in the Schedules, the Debtors shall mail one or more Proof of Claim Forms (as appropriate), substantially similar to the Proof

of Claim Form annexed hereto as **Exhibit 2**, indicating on the form (to the extent possible) how the Debtors have listed such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim, and whether the claim has been scheduled as contingent, unliquidated, or disputed).

17. Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the national edition of *The New York Times*, subject to applicable publication deadlines, at least twenty-eight (28) days prior to the General Bar Date, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the Filing Procedures in these chapter 11 cases.

18. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

19. The following 503(b)(9) Claim Procedures, which are hereby approved and authorized in their entirety, shall apply to all 503(b)(9) Claims:

(a) The Debtors are authorized to negotiate with any Vendor who has filed a Claim by the Bar Date asserting a 503(b)(9) Claim and to seek an agreement liquidating such Vendor's 503(b)(9) Claim;

(b) If the Debtors and the Vendor cannot reach agreement regarding such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court no later than 60 days after being requested to do so by a Vendor;

(c) To the extent a 503(b)(9) Claim is agreed upon between the Debtors and a Vendor, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, such 503(b)(9) Claim will be allowed and only satisfied pursuant to and as provided in any chapter 11 plan that is confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; <u>provided</u> that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

(d) On a monthly basis, beginning on April 1, 2019, the Debtors will provide the Creditors' Committee, the Standard Parties (as defined in the Amended Order Implementing Certain Notice and Case Management Procedures) and the United States Trustee with a separate report of all settlements of 503(b)(9) Claims entered into in the preceding calendar month.

20. The foregoing 503(b)(9) Claim Procedures are the sole and exclusive method for the resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors and all Vendors are prohibited from using any other means for the resolution, allowance, or satisfaction of 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claim. Any pending 503(b)(9) motions will be adjourned to a date no later than sixty (60) days after the General Bar Date to provide the Debtors an opportunity to negotiate in good faith and to seek resolution of any such 503(b)(9) claims.

21. To the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in these chapter 11 cases, the 503(b)(9) Claim Procedures shall not apply and any such 503(b)(9) Claim shall be deemed withdrawn without the need for any application to, or further order of, the Court.

22. Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed under any orders governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders governing the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the use of cash collateral shall control; provided, however, that for the avoidance of doubt, nothing in this Order is intended to permit any payments to be made or authorized hereunder.

23. The Debtors and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

24. Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases.

25. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

26. Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from so doing.

27. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: February 22, 2019
      White Plains, New York

                                       /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

WEIL:\96926876\2\73217.0004