**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

**NOTICE OF APPEAL OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF SEARS HOLDINGS CORPORATION,** *ET AL.*

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby appeals to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 158(a)(1) and Rules 8001(a), 8002, and 8003 of the Federal Rules of Bankruptcy Procedure from the United States Bankruptcy Court for the Southern District of New York's *Order*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Determining the Amount to Surcharge Second-Lien Collateral Pursuant to Section 506(c) of the Bankruptcy Code* [ECF No. 4793] (the "Order").  A copy of the Order is attached as **Exhibit A**.

The names of the parties to the Order and the names, addresses, and telephone numbers of their respective attorneys are as follows.

| Party | Attorney |
|---|---|
| **Sears Holdings Corporation, *et al.* (Debtors)** | Ray C. Schrock, P.C.<br>David J. Lender<br>Paul R. Genender<br>Jared R. Friedmann<br>Sunny Singh<br>**Weil, Gotshal & Manges LLP**<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000 |
| **ESL Investments, Inc. and affiliates** | Thomas J. Moloney<br>Sean A. O'Neal<br>Andrew Weaver<br>Katherine R. Lynch<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000 |
| **Cyrus Capital Partners, L.P.** | Eric R. Reimer<br>Thomas R. Kreller<br>Robert J. Liubicic<br>**Milbank LLP**<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 386-4000<br><br>Brian Kinney<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000 |
| **Wilmington Trust, National Association** | Edward M. Fox<br>Steven Paradise<br>Owen Wolfe<br>**Seyfarth Shaw LLP**<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: (212) 218-4646 |

| | |
|---|---|
| New York, New York<br>Dated: August 22, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/ *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br>Sara Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>    pdublin@akingump.com<br>    aqureshi@akingump.com<br>    jsorkin@akingump.com<br>    sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,              :
                                                   :    Case No. 18-23538 (RDD)
                                                   :
          Debtors.[1]                              :    (Jointly Administered)
------------------------------------------------------------x

### ORDER DETERMINING THE AMOUNT TO SURCHARGE SECOND-LIEN COLLATERAL PURSUANT TO SECTION 506(C) OF THE BANKRUPTCY CODE

Upon the *Motion to Estimate Certain 507(b) Claims for Reserve Purposes* dated May 26, 2019 (ECF No. 4034), and as supported by *Debtors' (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if Any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c)* (ECF No. 4381), the *Debtors' Supplemental Brief on Expert Discovery*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*and in Further Support of (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if Any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c)* (ECF No. 4565), and supporting declarations of Brian Griffith and Brandon Aebersold (ECF Nos. 4035, 4382, 4383, and 4567) (collectively, the "**Rule 3012 Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); and upon the *Common Memorandum of Law on Behalf of the Second Lien Parties: (A) In Support of Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c)* (ECF No. 4272), *the Common Reply Memorandum of Law on Behalf of the Second Lien Parties: (A) In Further Support of Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c)* (ECF No. 4439) and *Common Supplemental Brief of the Second Lien Parties Addressing Discovery: (A) In Connection With Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c) (ECF No. 4570),*

---

[2] *See Stipulation and Order Concerning the Resolution of Certain Section 507(b) Claims* (ECF No. 4316) whereby the Debtors' motion is deemed to be a motion pursuant to Bankruptcy Rule 3012.

Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rule 3012 Motion.

2

and the individual reply briefs of the Second-Lien Holders (ECF Nos. 4440, 4441, 4587) (collectively, the "**Second-Lien Holders' Request for 507(b) Administrative Claims**"); and upon the *Creditors' Committee's (I) Qualified Joinder to the Debtors' Objection to the Second Lien Parties' Requests to Determine Claims Under Section 506(a) and Section 507(b) and Reply in Support of the Debtors' Rule 3012 Motion and (II) Supplemental Objection to the Second Lien Parties' Request to Determine Claims Under Section 506(a) and Section 507(b)* (ECF No. 4538); and the Court having jurisdiction to consider the Rule 3012 Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Rule 3012 Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b) that the Court may decide by a final order under the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Rule 3012 Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Rule 3012 Motion and the Second-Lien Holders' Request for 507(b) Administrative Claims on July 23, 2019 and July 31, 2019 (together, the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and, after due deliberation, the Court having determined for the reasons stated by the Court in its bench ruling at the Hearing, that the legal and factual bases established at the Hearing warrant the relief granted herein; now, therefore, it is hereby

**ORDERED THAT:**

1. That portion of the Rule 3012 Motion seeking the imposition of a surcharge of the Second-Lien Holders' collateral under 11 U.S.C. § 506(c) is denied.

2. All of the Court's rulings on the record at the Hearing are incorporated herein by reference.

3. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: August 8, 2019
White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE