GELBER & SANTILLO PLLC
347 West 36th Street, Suite 805
New York, NY 10018
Telephone: (212) 227-4743
R. Zachary Gelber, Esq.
Kristen Santillo, Esq.
*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

**In re**                                    :

                                             : **Chapter 11**

**SEARS HOLDINGS CORPORATION, *et al.*,**     :

                                             : **Case No. 18-23538 (RDD)**

                                             :

**Debtors.[1]**                              : **(Jointly Administered)**

-------------------------------------------------------- x

## CERTIFICATE OF NO OBJECTION REGARDING ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the undersigned hereby certifies as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1.      Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

2.      On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"), approving the Sale Transaction[2] and the Asset Purchase Agreement Dated as of January 17, 2019 By and Among Transform Holdco, LLC (the "APA").

3.      On August 16, 2019, Transform filed the *Notice of Presentment (I) Authorizing the Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (ECF No. 4870) (the "Notice"), and attaching the proposed order (the "Proposed Order").

4.      The Notice established a deadline of August 22, 2019 at 11:30 a.m. (prevailing Eastern Time) for parties to object to the Notice (the "Objection Deadline"). The Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Order") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed before the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Sale Order or, if not defined in the Sale Order, the APA.

5.    The Objection Deadline has passed and, to the best of my knowledge, no objection or request for a hearing with respect to the Notice has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to Transform in accordance with the Amended Case Management Order.

6.    The Proposed Order is annexed hereto as **Exhibit 1**.

7.    Accordingly, Transform respectfully requests that the Proposed Order be entered in accordance with the Amended Case Management Order. I declare that the foregoing is true and correct.

Dated: August 23, 2019
       New York, NY

                                        */s/   R. Zachary Gelber*

                                        GELBER & SANTILLO PLLC
                                        347 West 36th Street,
                                        Suite 805 New York, NY
                                        10018 Telephone: (212)
                                        227-4743
                                        Facsimile: (212) 227-7371
                                        R. Zachary Gelber, Esq.
                                        Kristen Santillo, Esq.
                                        *Attorneys for Transform Holdco LLC*

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                                :          **Chapter 11**

                                                     :

**SEARS HOLDINGS CORPORATION**, *et al.*,  :          **Case No. 18-23538 (RDD)**

                                                     :

                                                     :

            **Debtors.**[3]                              :          **(Jointly Administered)**

-------------------------------------------------------------x

## ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT
## OF CERTAIN LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (ECF No. 429) (the "Sale Motion"),[4] filed by

the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

---

[3]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[4]    Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 6004-1, 6005-

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

Southern District of New York (the "<u>Local Rules</u>"), authorizing and approving the sale of the

Acquired Assets and the assumption and assignment of certain executory contracts and unexpired

leases of the Debtors in connection therewith; and the Court having entered this Court's prior

order, dated November 19, 2018 (ECF No. 816) including the schedule as revised by the *Global*

*Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (ECF

No. 862) (together, the "<u>Bidding Procedures Order</u>"), approving competitive bidding procedures

for the Acquired Assets and granting certain related relief; and Transform Holdco LLC (the

"<u>Buyer</u>") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected

in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing

on the Sale Motion, which commenced on February 4, 2019, at which time all interested parties

were offered an opportunity to be heard with respect to the Sale Motion; and the Court having

entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II)*

*Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests*

*and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory*

*Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "<u>Sale</u>

<u>Order</u>") on February 8, 2019 (ECF No. 2507); and the Court having entered the *Order (I)*

*Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II)*

*Granting Related Relief* (the "<u>Assumption and Assignment Order</u>") on April 2, 2019 (ECF No.

3008), pursuant to which the Debtors may assume and assign certain executory contracts or

unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement,

dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each

Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be

amended, restated, amended and restated from time to time, including pursuant to that certain

Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the

Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer having filed those certain

notices of assumption and assignment of additional Designatable Leases (ECF Nos. 3211 and

3298) (together, the "Designated Lease Notices"), pursuant to which the Debtors seek to assume

and assign the leases listed on **Exhibit A** hereto (the "Designated Leases") in accordance with the

Assumption and Assignment Order; and Brookfield Property REIT ("Brookfield"), as the owner,

affiliate, or managing agent for the owners of the Designated Leases having filed objections to the

proposed cure amounts or assumption and assignment of the Designated Leases (ECF Nos. 2063,

3315, 3553, and 3558) (collectively, the "Landlord Objections"); and the Buyer having filed

*Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated*

*Leases* on May 6, 2019 (ECF No. 3654) (the "Buyer's Reply"); and the Court having entered

stipulations extending the time to assume or reject the Designated Leases pursuant to 11 U.S.C. §

365(d)(4) (ECF Nos. 3836, 3978, 4107, 4406, and 4609) (collectively, the "Extension

Stipulations"); and the Court having conducted an evidentiary hearing on the assumption and

assignment of certain unexpired leases not including the Designated Leases (the "Assumption and

Assignment Hearing"), which commenced on May 8, 2019, at which time all interested parties

were offered an opportunity to be heard with respect to the Assumption and Assignment Notices

that were not adjourned and were before the Court at that hearing and their objections and

responses thereto; and the Court having entered the *Order (I) Authorizing Assumption and*

*Assignment of Certain Leases and (II) Granting Related Relief* (ECF No. 3850) (the "<u>Revised Assumption and Assignment Order</u>"), pursuant to which the Debtors assumed and assigned certain unexpired leases to the Buyer not including the Designated Leases; and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, the Designated Lease Notices, the Revised Assumption and Assignment Order, the Assumption and Assignment Hearing and this proposed order (the "<u>Supplementary Assumption and Assignment Order</u>") having been provided; and, except as otherwise provided for herein, all objections with respect to the Designated Leases hereto having been withdrawn, resolved, adjourned or overruled as provided in this Supplementary Assumption and Assignment Order; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the Assumption and Assignment Hearing and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

<b>FOUND AND DETERMINED THAT:</b>

A.    <b><u>Fed. R. Bankr. P. 7052</u></b>.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Assumption and Assignment Hearing.  This Supplementary Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon entry hereof.

B.      **Jurisdiction and Venue**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Designated Leases consistent with the Sale Order, the Assumption and Assignment Order, and this Supplementary Assumption and Assignment Order.  Buyer shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.      **Vested Title**.  The Designated Leases constitute property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.      **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the Designated Leases has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to the Sale Order, and Assumption and Assignment Order, the Designated Lease Notices were properly served and the counterparties thereto were afforded timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Designated Leases.

F.    **Cure Notice**.  As evidenced by the certificate of service filed with the Court, the Debtors have served, prior to the Assumption and Assignment Hearing, the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Cure Notice"), dated January 18, 2019, on the counterparties to the Designated Leases, which provided notice of the Debtors' intent to assume and assign such Designated Leases and notice of the related proposed Cure Costs upon such non-Debtor counterparty to such Designated Leases.   The service of the Cure Notice was timely, good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Designated Leases. *See Affidavit of Service* (ECF No. 1969).  All non-Debtor parties to the Designated Leases have had a reasonable opportunity to object both to the Cure Costs listed on the Cure Notice and Designated Lease Notices and, to the assumption and assignment of the Designated Leases to the Buyer's Assignee in accordance with the Bidding Procedures Order and the Assumption and Assignment Order.

G.    **Assignment or Transfer Agreement**.  Any applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to the Designated Leases was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion.  Neither the Debtors, the Buyer nor the Buyer's Assignee have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant to the Assignment or Transfer Agreement and this Supplementary Assumption and Assignment Order, to be avoided under 363(n) of the Bankruptcy Code.

H.    **Assumption and Assignment of Designated Leases**.    The assumption and assignment of the Designated Leases is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates, and represents the valid and reasonable exercise of the Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.    The assumption and assignment of the Designated Leases must be approved and consummated promptly in order to preserve the value of the Acquired Assets particularly given the August 31, 2019 deadline pursuant to the Extension Stipulations.    The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Designated Leases in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Supplementary Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    **Motion is Granted**.    The Sale Motion and the relief requested therein with respect to the Designated Leases to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order and Revised Assumption and Assignment Order is granted and approved solely to the extent set forth herein.

2.    **Findings of Fact and Conclusions of Law**.    The Court's findings of fact and conclusions of law in the Sale Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order, and the record of the hearing with respect to the Sale Order and the Assumption and Assignment Hearing are incorporated herein by reference, solely with respect to the Designated Leases. The Designated Leases constitute Acquired Assets.

Accordingly, all findings of fact and conclusions of law in the Sale Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements, shall apply to the Designated Leases with full force and effect, and as the Buyer or Assignee of such Designated Leases, Buyer and any Assignee are entitled to all of the protections set forth in the Sale Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order with respect to Acquired Assets.

3.     **Objections Resolved**.   All objections to the assumption and assignment or designation of the Designated Leases have been resolved.

4.     **Notice**. Notice of the proposed assumption and assignment of the Designated Leases was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.     **Assumption and Assignment**.   Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Designated Leases pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Sale Order, and this Supplementary Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Designated Leases.

6.     **Transfer of the Designated Leases Free and Clear**.   Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the

Designated Leases in accordance with the terms of the Asset Purchase Agreement and the Sale

Order.  The Designated Leases shall be transferred to the Buyer or the Buyer's Assignee in

accordance with the terms of the Asset Purchase Agreement, the Sale Order, the Assumption and

Assignment Order, the Revised Assumption and Assignment Order, and this Supplementary

Assumption and Assignment Order and such transfer shall: (i) be valid, legal, binding and

effective; (ii) vest the Buyer or the Buyer's Assignee with all right, title and interest of the Debtors

in the Designated Leases; and (iii) be free and clear of all Claims against the Debtors (including

Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.    This Supplementary Assumption and Assignment Order: (i) shall be effective as a

determination that, all Claims against the Debtors have been unconditionally released, discharged

and terminated as to the Designated Leases, and that the conveyances and transfers described

herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons,

including all filing agents, filing officers, title agents, title companies, recorders of mortgages,

recorders of deeds, registrars of deeds, administrative agencies, governmental departments,

secretaries of state, federal, state, county and local officials and all other persons who may be

required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments that reflect that the Buyer or the Buyer's

Assignee is the assignee and owner of such Designated Leases free and clear of all Claims, or who

may be required to report or insure any title or state of title in or to any lease (all such entities being

referred to as "Recording Officers").  All Recording Officers are authorized and specifically

directed to strike recorded Claims against the Designated Leases recorded prior to the date of this

Supplementary Assumption and Assignment Order.  A certified copy of this Supplementary

Assumption and Assignment Order may be filed with the appropriate Recording Officers to

evidence cancellation of any recorded Claims against the Designated Leases recorded prior to the date of this Supplementary Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement; *provided* however that nothing in this paragraph 7 or paragraph 9 shall authorize any Recording Officers to take any action with respect to Restrictive Covenants (as defined in the Revised Assumption and Assignment Order).

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer or Buyer's Assignee's title to or use and enjoyment of the Designated Leases or the premises governed by such Designated Leases based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9.      If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the Designated Leases shall not have delivered to the Debtors as of the time of entry of this Supplementary Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors or such Designated Leases or otherwise, then with regard to such Designated Leases: (i) the Debtors are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to such Designated Leases; (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Supplementary Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against such Designated Leases; and

(iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to such Designated Leases; provided that, notwithstanding anything in this Supplementary Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Supplementary Assumption and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Supplementary Assumption and Assignment Order.  This Supplementary Assumption and Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.

10.     Subject to the terms of this Supplementary Assumption and Assignment Order, this Supplementary Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Designated Leases acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to such Designated Leases to the Buyer's Assignee.

11.     **Assumption and Assignment of Designated Leases**.  The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Designated Leases to the Buyer or the Buyer's Assignee free and clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment Order, the Revised Assumption and Assignment Order, and this Supplementary Assumption and Assignment Order, to execute and deliver to the Buyer or the Buyer's Assignee such documents or other instruments

as may be necessary to assign and transfer such Designated Leases to the Buyer or the Buyer's Assignee, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights, title, and interests in such Designated Leases to the Buyer or the Buyer's Assignee.  With respect to the Designated Leases, all Cure Costs that have not been waived by, or as to which an objection has been timely filed by, have been resolved by the Landlord Agreement (as defined below) between Buyer, Buyer's Assignee, and Brookfield, such that all agreed upon Cure Costs as set forth in the Landlord Agreement between Brookfield and Buyer shall be paid in cash by the Buyer, within five business days of entry of this Supplementary Assumption and Assignment Order.  As used herein, payment of Cure Costs shall refer to the agreed upon amount as set forth in the Landlord Agreement between Buyer and Brookfield.

12.    With respect to the Designated Leases, the Buyer, in accordance with the provisions of the Asset Purchase Agreement, has provided adequate assurance of future performance under the Designated Leases in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the non-Debtor counterparties to such Designated Leases.  Upon entry of this Supplementary Assumption and Assignment Order, the Buyer, or the Buyer's Assignee, if applicable, shall be fully and irrevocably vested with all rights, title and interest of the Debtors under such Designated Leases and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Designated Leases occurring after such assumption and assignment.  As between the Debtors and the Buyer, the Buyer shall be solely responsible for any liability arising and owed pursuant to the terms of the Designated Leases after the Closing.  Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from and after the entry of this Supplementary Assumption and Assignment Order, it shall comply with the terms of the Designated Leases in

their entirety, including any indemnification obligations expressly contained in such Designated

Leases (including with respect to events that occurred prior to the entry of this Supplementary

Assumption and Assignment Order, for which cure costs were not known, liquidated or due and

owing as such date), as to which the Buyer continues to reserve its rights against the Debtors for

indemnification to the extent provided in the Asset Purchase Agreement and the Debtors reserve

their respective rights and defenses with respect to any claims therefor.  The assumption by the

Debtors and assignment to the Buyer or Buyer's Assignee of the Designated Leases shall not be a

default under such Designated Leases.  Subject to the payment of the Cure Costs, the non-Debtor

party to the Designated Leases is forever barred, estopped, and permanently enjoined from

asserting against the Debtors or the Buyer, their affiliates, successors or assigns or the property of

any of them, any default existing as of the date of entry of this Supplementary Assumption and

Assignment Order or that any additional cure amounts are owed as a condition to assumption and

assignment.

13.    All of the requirements of sections 365(b) and 365(f), including without limitation,

the demonstration of adequate assurance of future performance and payment of Cure Costs

required under the Bankruptcy Code have been, or will be, satisfied for the assumption by the

Debtors, and the assignment by the Debtors to the Buyer or its designated Assignee, with respect

to the Designated Leases.  Pursuant to the Sale Order, if the proposed Assignee for the Designated

Leases is not the Buyer, the Buyer has delivered to the applicable counterparty to the Designated

Leases (and delivered by email or facsimile to counsel for the applicable Designated Leases

counterparty, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence

of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy

Code with respect to the applicable Designated Leases that are proposed to be assumed and assigned to such Assignee.

14.    The Buyer and Buyer's Assignee have satisfied their adequate assurance of future performance requirements with respect to the Designated Leases.  With respect to the Designated Leases, the Buyer shall, as further adequate assurance, as part of the Landlord Agreement (as defined herein) execute and deliver guaranty agreements substantially in the form annexed to the Revised Assumption and Assignment Order as Exhibit B thereto (the "Form of Guaranty").

15.    The assumption of any liabilities under the Designated Leases shall constitute a legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee and, following payment of the Cure Costs by the Buyer, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Supplementary Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Designated Leases for any breach of such Designated Leases occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.    Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, within five business days after entry of this Supplementary Assumption and Assignment Order, pay to the applicable counterparty to the Designated Leases all undisputed Cure Costs and other such undisputed amounts required with respect to such Designated Leases.  Upon assumption and assignment of the Designated Leases, the Debtors and their estates shall be relieved of any liability for breach of such Designated Leases after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under

the Designated Leases attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses with respect to any claims therefor. For the avoidance of doubt, the Buyer will perform under and in accordance with the terms of the Designated Leases from and after entry of this Supplementary Assumption and Assignment Order.

17.    Solely in connection with the Designated Leases and the proposed transfers set forth upon the entry of this Supplementary Assumption and Assignment Order, any provision in the Designated Leases that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Designated Leases shall remain in full force and effect notwithstanding assignment thereof. Solely in connection with the Designated Leases and the proposed transfer, no sections or provisions of the Designated Leases, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Designated Leases (including, but not limited to, the conditioning of such assignment on the consent of any non-Debtor party to such Designated Leases); (ii) provide for the cancellation, or modification of the terms of the Designated Leases based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-Debtor third party to such Designated Leases upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant,

shall have any force or effect with respect to the grant and honoring of the Designation Rights or the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Supplementary Assumption and Assignment Order, and the Asset Purchase Agreement and assignments of Designated Leases by the Debtors in accordance therewith and herewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. Upon assumption and assignment of the Designated Leases pursuant hereto, the Buyer or Buyer's Assignee shall enjoy all of the rights and benefits, and shall assume all obligations that accrue under the Designated Leases from and after the date of the entry of this Supplementary Assumption and Assignment Order and shall continue to be liable for all obligations under the Designated Leases as of the Closing Date.

18.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or in the Asset Purchase Agreement, each of the Designated Leases shall be transferred to, and remain in full force and effect for the benefit of, the Buyer or Buyer's Assignee in accordance with its terms, including all obligations of the Buyer or the Buyer's Assignee notwithstanding any provision in the  Designated Leases (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  There shall be no, and all non-Debtor parties to the Designated Leases are forever barred and permanently enjoined from raising or asserting against the Debtors, the Buyer, or if applicable, the Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Buyer, the Buyer's Assignee, or the Debtors as a result of the assumption or assignment of the Designated Leases pursuant to this Supplementary Assumption and Assignment Order.

19.     Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Designated Leases to the Buyer or Buyer's Assignee, if applicable, under the provisions of this Supplementary Assumption and Assignment Order and full payment by Buyer of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under the Designated Leases, and no counterparty to the Designated Leases shall be permitted to declare a default by any Debtor, the Buyer, or the Buyer's Assignee, or otherwise take action against the Buyer or the Buyer's Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of the Debtors' obligations under the Designated Leases. Any provision in the Designated Leases that prohibits or conditions the assignment of such Designated Leases or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Supplementary Assumption and Assignment Order. The failure of the Debtors, the Buyer or the Buyer's Assignee, to enforce at any time one or more terms or conditions of any Designated Leases shall not be a waiver of such terms or conditions, or of the Debtors', the Buyer's or, the Buyer's Assignee's, rights to enforce every term and condition of the Designated Leases.

20.     To the extent that the Designated Leases are designated to an Assignee, the transaction and the Assignment or Transfer Agreement is undertaken by the Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal. By virtue of the transaction contemplated by the Assignment or Transfer Agreement,

Buyer's Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

21.     **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Supplementary Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Designated Leases in connection with the Court approved Sale Transaction.  Any party objecting to this Supplementary Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Supplementary Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

22.     **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms of this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order, the Revised Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, or any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, this Supplementary Assumption and Assignment Order, the Assumption and Assignment Order, and the Revised Assumption and Assignment Order and any documents executed in connection therewith shall govern, in that order.  Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or

in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Revised Assumption and Assignment Order, the Sale Order, or the terms of this Supplementary Assumption and Assignment Order.

23.    **Lease Deposits and Security**.    The Buyer or Buyer's Assignee shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to the Designated Leases to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Leases has already been deposited by Debtors.

24.    **Automatic Stay**.    The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Supplementary Assumption and Assignment Order.

25.    **Retention of Jurisdiction**.    This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Supplementary Assumption and Assignment Order, the Sale Order, and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Supplementary Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

26.    **Settlement Agreements**.    Notwithstanding anything to the contrary in this Supplementary Assumption and Assignment Order, the Asset Purchase Agreement, the Sale

Order, the Assumption and Assignment Order, or any Designated Lease Notices, in the event that the Buyer (and/or its direct or indirect affiliates or subsidiaries) (the "Buyer Parties") entered into a settlement or other applicable agreement that by its terms governs the terms of assumption and assignment in connection with the above-captioned proceedings of the Designated Leases (a "Landlord Agreement") with Brookfield, the relationship of the applicable Buyer Parties and Brookfield shall be governed and determined by the terms and conditions of the applicable Landlord Agreement, which shall supersede and control any inconsistent terms or provisions of this Supplementary Assumption and Assignment Order or any other prior order of the Court relating to the assumption and/or assignment of the Designated Leases; *provided*, however, that nothing in the applicable Landlord Agreement may alter the provisions of this Supplementary Assumption and Assignment Order relating to the Debtors' or the Sellers' obligations.

27.   **Insurance Obligations**.   To the extent required by the express terms of any Designated Leases, within thirty days hereof, the Buyer shall provide the counterparty to such Designated Leases with any evidence or certificates of insurance that may be required.   Nothing in this Supplementary Assumption and Assignment Order shall waive, withdraw, limit or impair any claims that any counterparty to a  Designated Lease may have against the Debtors, the Buyer or the Buyers' Assignee with respect to claims for indemnification for third parties' claims arising from or related to the use and occupancy of the Designated Leases prior to the entry of this Supplementary Assumption and Assignment Order solely to the extent of available occurrence based insurance coverage that named the Designated Leases counterparty as an additional insured; *provided, however,* that any such claims may be asserted against the Debtors only for claims arising from use and occupancy of the Designated Leases prior to the Closing; and, *provided further*, for the avoidance of doubt, that the counterparties to the Designated Leases may pursue

such claims only against the insurer(s) that named the counterparties to the Designated Leases as an additional insured and solely to the extent of such coverage.

28.    **Assumption Effective Date**.  Unless otherwise agreed to in writing by each of the Debtors, the Buyer, the Buyer's Assignee, and the counterparty to the Designated Leases, the Assumption Effective Date of the Designated Leases shall be the date of entry of this Order.

Dated:  _____, 2019
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A:**

**Designated Leases**

| Store No. | Mall Name | Location | Status |
|---|---|---|---|
| 2597 | Animas Valley Mall (Sears) | Farmington, NM | Transform Operating Stores |
| 2628 | Bayshore Mall (Sears) | Eureka, CA | Transform Operating Stores |
| 1274 | Chesterfield Towne Center (Sears) | Richmond, VA (Chesterfield) | Transform Operating Stores |
| 2388 | Prince Kuhio Plaza | Hilo, HI | Transform Operating Stores |
| 1678 | Shoppes at Carlsbad (Sears) | Carlsbad, CA | Transform Operating Stores |
| 1248 | Southland Mall (Sears) | Hayward, CA | Transform Operating Stores |
| 1728 | Tucson Mall | Tucson, AZ | Transform Operating Stores |
| 2059 | West Valley Mall (Sears) | Tracy (San Francisco), CA | Transform Operating Stores |
| 1684 | Woodbridge Center | Woodbridge , NJ | Transform Operating Stores |
| 2092 | Fox River Mall | Appleton, WI | TF Appleton WI LLC |
| 1077 | Mall St. Vincent | Shreveport, LA | Transform KM and Transform SR LLC |
| 1585 | Governors Square | Tallahassee, Florida | Transform Leaseco |
| 1681 | Kapiolani Retail | Honolulu, HI | Transform Operating Stores |