Presentment Date and Time: August 30, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: August 29, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  October 23, 2019, at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
**In re**                                                  :   **Chapter 11**
: 
**SEARS HOLDINGS CORPORATION,** *et al.*,                  :   **Case No. 18-23538 (RDD)**
: 
Debtors.[1]                                                :   **(Jointly Administered)**
: 
-----------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Granting Limited Relief from the Automatic Stay* (the "**Proposed Stipulation**") with Otis Elevator Company and Ruben Medina and Heather Ximenes, individually and as next friends of M.M. to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **August 30, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **August 29, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider the Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on October 23, 2019 at 10:00 a.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: August 23, 2019
     New York, New York

                                           */s/ Garrett A. Fail*
                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York  10153
                                           Telephone:  (212) 310-8000
                                           Facsimile:   (212) 310-8007
                                           Ray C. Schrock, P.C.
                                           Jacqueline Marcus
                                           Garrett A. Fail
                                           Sunny Singh

                                           *Attorneys for Debtors*
                                           *and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                          :
                                               :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :    Case No. 18-23538 (RDD)
                                               :
             Debtors.¹                         :    (Jointly Administered)
-------------------------------------------------------x
```

### STIPULATION, AGREEMENT, AND ORDER
### <u>GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among Sears, Roebuck & Co ("**Sears**"), Otis Elevator Company ("**Otis**"), and Ruben Medina and Heather Ximenex, individually as next friends of M.M. (the "**Plaintiffs**"). Sears, Otis and the Plaintiffs are collectively referred to in this Stipulation as the "**Parties**," and each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, on August 3, 2018, the Plaintiffs commenced an action against Sears and Otis, which action was removed to the federal district court for the Western District of Texas, San Antonio Division (the "District Court") on September 10, 2018, captioned as Civil Action No. SA-18-CV-00934-XR (the "Prepetition Action"), and involves a personal injury claim related to an alleged escalator injury at a Sears store.

C. WHEREAS, on November 19, 2018, the District Court entered an order finding that the Prepetition Action should not be stayed as to Otis and the Plaintiffs, and on December 12, 2018, the District Court issued an order severing the Prepetition Action as to Sears into a separate case, captioned as Civil Action No. 5:18:-cv-01301-XR (the "Severed Action").

D. WHEREAS, on November 28, 2018, prior to severance of the Prepetition Action, the Debtors filed the Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain Non-Debtor Parties (ECF No. 924), seeking, among other things, to extend the automatic stay to Otis in the Prepetition Action (the "Motion"). The Bankruptcy Court entered an order approving the Motion and extending the automatic stay to Otis in the Prepetition Action on January 8, 2019 (ECF No. 1521).

E. WHEREAS, on December 21, 2018, Otis and the Plaintiffs entered into a settlement agreement in the Prepetition Action, from which Sears has been severed.

F. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

2

NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay shall be lifted with respect to the Prepetition Action, from which Sears has been severed; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Upon the Effective Date, Plaintiffs shall dismiss, with prejudice, the Severed Action.

4. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action, the Severed Action, or any other pending prepetition action to which the Debtors are a party that may be filed by Otis, the Plaintiffs, or any other party in the Debtors' chapter 11 cases.

5. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors, any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Prepetition Action, the Severed Action, or any other matter.

3

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

11. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written:

Dated: August 23, 2019

By: /s/ *[signature]*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: August 20th 2019

By: /s/ *[signature]*
Christopher T. Basile
Senior Counsel
Otis Elevator Company
13995 Pasteur Blvd.
Palm Beach Gardens, FL 33418

Dated: August 20th 2019

By: /s/ *[signature]*
Bradley Bingham
Debra Bradberry
BINGHAM MANN & HOUSE
4500 Yoakum Blvd.
Houston, Texas 77006

*Attorneys for Otis Elevator Company*

Dated: August ___, 2019

By: /s/ *[signature]*
Philip Perez
THE LAW OFFICE OF PHILIP A. PEREZ, P.L.L.C.
Historic One Ten Broadway
110 Broadway, Suite 490
San Antonio, Texas 78205

*Attorneys for Ruben Medina and Heather Ximenex, individually as next friends of M.M.*

So Ordered:

Dated: _____, 2019
         White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5