O'NEILL HEINRICH DAMKROGER
BERGMEYER & SHULTZ PC LLO and
KRAMER L. LYONS – 26065
P.O. Box 82028
Lincoln, Nebraska 68501-2028
(402) 434-3000
klyons@ohdbslaw.com
Attorneys for VM Innovations, Inc.

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, | Case No. 18-23538 (RDD) |
| *et al.*,[1] | |
| Debtors. | (Jointly Administered) |

# RESPONSE OF VM INNOVATIONS, INC. IN OPPOSITION TO DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) [DOCKET 4776]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATED BANKRUPTCY JUDGE:**

VM Innovations, Inc. ("Claimant"), by and through its counsel, O'Neill, Heinrich, Damkroger Bergmeyer & Shutlz, P.C., L.L.O., as its Response ("Response") in Opposition to Debtors' SECOND OMNIBUS OBJECT TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) ("Objection"), respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Claimant filed that Amended Proof of Claim on March 27, 2019 stating that $68,652.20 of its claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b0(9) (Claim #10914) (the "Claim"). The Debtors Objection states that the "Reason for the Proposed Reclassification" is the "The Claim does not relate to goods received 'by the Debtors.'"

2. The goods in question were sold on Sears.com online marketplace. The product data, inventory and price details related to the goods were uploaded to the Sears.com online marketplace by Claimant. Once the information had been uploaded, the Sears.com online marketplace team then advertised the goods to Debtors' customers and effectuated the sale of those goods. The Claimant was then directed by Debtors to ship the goods on behalf of the Debtors to the address of the customer supplied by the Debtors. The Debtors then collected the money including sales taxes from the sale to its customers, and did not pay Claimant for many of these orders. The basic foundation of Debtors' Objection

as it applies to Claimant is misplaced. Additionally, Debtors' have not offered any required substantive basis for their Objection.

3. Debtors have failed to follow their own claims resolution procedures as it pertains to Claimant's Claim under Bankruptcy Code Section 503(b)(9). The Objection, is accordingly, premature.

4. Because Claimant's Claim (Claim Number 10914) remains uncontested on its merits, and insofar as no substantive basis for any objection thereto has been articulated as to Claimant's Claim, the Objection must be overruled.

## LEGAL ARGUMENT

5. Section 503(b)(9) allows administrative expenses for "value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. §503(b)(9). Here, from the conclusory and bare statement contained in the Objection, it appears Debtors are attempting to argue that Debtors never directly received the goods and therefore the Claim should be reclassified.

6. Debtors reported the sale of the goods in their top line revenue numbers and deemed them sales of goods. This indicates that Debtors treated these transactions as their sales of goods and implicitly took possession of the goods. Further, Debtors collected and remitted sales tax as due on the sales of these goods. Sales tax was not remitted to the Claimant. Finally, Debtors controlled the online marketplace where the goods were sold and collected all pertinent information as well as the payment from the end customer. In order to make the process more efficient than shipping the goods to Debtors and then

Debtors storing and shipping the goods on the ultimate customer, Claimant simply stored the goods until Debtors' directed them when and where ship them. These facts indicate that Debtors took possession of the goods and therefore this Claim should qualify as a 503(b)(9) Priority Administrative Claim.

7. Due to the substantial volume of administrative claims, and a potentially insolvent estate, Claimant recognizes that Debtors need to resolve administrative claims in a reasonably efficient manner. However, Debtors blanket and baseless omnibus objection is not the proper path to that result.

8. Debtors, and this Court's order, already provide a reasonable procedure to resolving Claimant's Claim. The Order (I) Establishing Deadline to File Proofs of Claim and Procedure Relating Thereto, (II) Approving the Form and Manner of Notice hereof, (III) Approving Procedures for the Resolution for Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures ("<u>Claims Procedures Order</u>") field February 22, 2019 [Docket 2676], establishes how Claimant and Debtors can resolve any dispute regarding Claimant's Claim.

9. The Claims Procedures Order provides:

> The following 503(b)(9) Claim Procedures, which are hereby approved an authorized in their entirety, shall apply to all 503(b)(9) Claims:
>
> (a) The Debtors are authorized to negotiate with any Vendor who has filed a Claim by the Bar Date asserting a 503(b)(9) Claim and to seek an agreement liquidating such Vendors 503(b)(9) Claim;

(b) If the Debtors and the Vendor cannot reach agreement regarding such Vendors 503(b)(9) Claim, the Debtors will schedule the matter for hearing by the Court no later than 60 days after being requested to do so by a Vendor;

(c) To the extent a 503(b)(9) Claim is agreed upon between the Debtors and a Vendor, subject to the consent of the Creditors' Committee, which consent shall not be unreasonably withheld, such 503(b)(9) Claim will be allowed and only satisfied pursuant to and as provided in any chapter 11 plan that is confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim;

(d) On a monthly basis, beginning on April 1, 2019, the Debtors will provide the Creditors' Committee, the Standard Parties (as defined in the Amended Order Implementing Certain Notice and Case Management Procedures) and the United States Trustee with a separate report of all settlements of 503(b)(9) Claims entered into in the preceding calendar month.

Claims Procedures Order at paragraph 19, pages 12-13.

10.     To date, Claimant and Debtors have not negotiated the terms under which the Claim might be resolved. Notably, the Claims Procedures Order also states that the procedures cited in the preceding paragraph "are the sole and exclusive method for

resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors . . ." Id., at paragraph 20, page 13.

11.    Consequently, because the Debtors have not followed the process laid out in the Claims Procedures Order, in additional to being legally insufficient, the Objection is premature.

12.    Even if this Court finds that the Debtors did not take receive the goods as required under 503(b)(9), then the entire amount of Claimants' Claim should not be treated as the Debtors' debt. These funds should then be considered a trust, just like sales tax or employee withholding. As a result, the Court should immediately require this money to be turned over to the Claimant by the Debtors since the Debtors took these payments from their customers and never turned the payments over the Claimants. This documentation is attached to the Claim (Claim Number 10914).

## CONCLUSION

13.    The Objection must be overruled. Claimant's Claim was deemed valid upon its timely filing. Debtors did receive the subject goods as required under 503(b)(9). Additionally, Debtors did not provide any substantive objection to the Claim or pursue resolution of the Claim through the terms of the Claims Procedures Order. As such, the Objection is premature. Finally, even if this Court agrees that the Debtors did not receive the goods, then the entire amount of Claimants claim should be treated as a trust for the benefit of Claimant and the entire amount of the Claim should be turned over to the Claimants.

WHEREFORE, for all of the foregoing reasons, VM Innovations, Inc., prays that the Bankruptcy Court:

1) Overrule the Objection;

2) Direct the Debtors to negotiation the resolution of Claimant's claim in accordance with the terms of the Claims Procedures Order; and

3) Grant to it such further and other relief as may be just in these premises.

**Please Take Notice** that Pete Evans, Head of Finance, possesses the ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.  Mr. Evan's can be reached at VM Innovations, Inc., 2021 Transformation Dr., Ste. 2500, Lincoln, NE 68508, (866) 639-9320.

Dated: August 26, 2019

    Respectfully submitted,

/s/*Kramer L. Lyons*
O'NEILL HEINRICH DAMKROGER
BERGMEYER & SHULTZ PC LLO and
KRAMER L. LYONS – 26065
P.O. Box 82028
Lincoln, Nebraska 68501-2028
(402) 434-3000
klyons@ohdbslaw.com
Attorney for VM Innovations, Inc.

**CERTIFICATE OF SERVICE**

I hereby caused a true and correct copy of the foregoing RESPONSE OF VM INNOVATIONS, INC. IN OPPOSITION TO DEBTORS SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) [DOCKET 4776] to be served upon the parties listed below via overnight mail and ECF Notification on August 26, 2019.

/s/*Kramer L. Lyons*
Kramer L. Lyons

Weil, Gotschal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Ray C. Schrock
     Jacqueline Marcus
     Garret A. Fail
     Sunny Singh

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Ira Dizengoff
     Philip Dublin
     Sara Brauner

Chamber of the Honorable Robert D. Drain
United States Bankruptcy Court for the
 Southern District of New York
300 Quarropas Street
White Plains, New York 10601