**CHOI & PARK, LLC**
Attorneys for Creditor
Winiadaewoo Electronics America, Inc.
Hyun Suk Choi, Esq.
Chull S. Park, Esq.
11 Broadway, Suite 615
New York, New York 10004
Tel.:  212.695.0010
Fax:  212.695.0015

**Hearing Date and Time:**
**October 23, 2019 at 10:00a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**SEARS HOLDINGS CORPORATION, et al.,**

Debtors.[1]

**Chapter 11**

**Case No. 18-23538 (RDD)**

**(Jointly Administered)**

**BRIEF IN SUPPORT OF THE RESPONSE OF WINIADAEWOO ELECTRONICS
AMERICA, INC. TO DEBTORS' FIRST OMNIBUS OBJECTION TO PROOFS OF
CLAIM (SATISFIED CLAIMS)**

Winiadaewoo Electronics America, Inc., formerly known as Dongbu Daewoo Electronics,

Corp., ("**Winiadaewoo**") submits this brief in support of its Response to Debtors' First Omnibus

Objection to Proofs of Claim (Satisfied Claims) ("**Debtors' Objection**") (ECF No. 4775).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# TABLE OF CONTENTS

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................. 2

TABLE OF AUTHORITIES ...................................................................................... 3

PRELIMINARY STATEMENT ................................................................................. 4

FACTUAL BACKGROUND...................................................................................... 4

ARGUMENT ............................................................................................................... 9

   I.   THE DEBTORS' OBJECTION IS PREMATURE............................................ 9

   II.   WINIADAEWOO HAD NO AUTHORITY TO ALLOW THE 503(b)(9) CLAIMS TO BE SATISFIED OR RELEASED......................................................................... 10

   III.   THE DEBTORS' INTENDED ASSUMPTION AND ASSIGNMENT OF THE SUPPLY AGREEMENT ITSELF WILL NOT AUTOMATICALLY CURE THE 503(B)(9) CLAIMS............................................................................................... 15

CONCLUSION........................................................................................................... 17

RESERVATION OF RIGHTS ................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

In ReGen Capital I, Inc. v. UAL Corp. (UAL Corp.), 635 F.3d 312 (7th Cir. 2011) ....... 11, 12, 13

Miller v. Wells Fargo Bank Int'l Corp., 540 F.2d 548 (2d Cir.1976) .......................................... 10

Natwest USA Credit Corp. v. Alco Standard Corp., 858 F.Supp. 401 (S.D.N.Y.1994) .............. 10

ReGen Capital I, Inc. v. Halperin (U.S. Wireless Data), 547 F.3d 484 (2d Cir. 2008) .......... 11, 13

Shropshire, Woodiff & Co. v. Bush, 204 U.S. 186 (1907) ........................................................... 12

**Statutes**

11 U.S.C. § 365(a) ....................................................................................................................... 9

11 U.S.C. §101(5)(a) .................................................................................................................. 12

**Other Authorities**

Confirmation and Claims Trading, 90 Northwestern U.L.Rev. 1684 (1996) ........................ 12, 14

142039_8

## **PRELIMINARY STATEMENT**

1.      The Debtors' Objection is simply premature because there has been no resolution on the cure amount as to a certain agreement of Winiadaewoo, which is the subject of Winiadaewoo's limited objection to the Debtors' intended assumption and assignment of the subject agreement that is still pending before the Court.  Further, unlike the Debtors' assertion, certain claims relevant to Winiadaewoo's agreement have never been satisfied or released. Accordingly, the Court should not grant the Debtors' Objections at this time.

## **FACTUAL BACKGROUND**

### ***Supply Agreement between Winiadaewoo and the Debtors and the Debtors' Chapter 11 Case***

2.      Winiadaewoo is a manufacturer and supplier of certain home appliance products ("**Products**").  See Declaration of Jay (Junghan) Kim in Support of the Response of Winiadaewoo to Debtors' Objection ("**Kim Decl.**"), ¶ 3.

3.      The Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code ("**Chapter 11 Case**") on October 15, 2018 ("**Petition Date**") (ECF No. 1).

4.      Before the Debtors filed the Chapter 11 Case, Winiadaewoo had been supplying the Products to the Debtors from July of 2016 through the Petition Date under a certain supply agreement with the Debtors, dated July 18, 2016 ("**Supply Agreement**").  Kim Decl., ¶ 5.

5.      Upon the Debtors' request, Winiadaewoo continued to supply the Products to the Debtors after the Petition Date.  Id., ¶ 6.

6.      On November 2, 2018, Winiadaewoo filed proofs of claim against the Debtors, specifically, Sears Brands Management, Kmart Corporation, Sears, Roebuck and Co., and Sears Holdings Corporation, and indicated that among the total amount of $29,467,256.46 of its proofs of claim, the sum of $9,026,766.32 was related to Winiadaewoo's 503(b)(9) administrative

priority claims (Proof of Claim Nos. 2844, 3905, 4046, and 2672) (collectively, "**Initial Proofs of Claim**"). Id., ¶ 7.

7.    On January 17, 2019, the Debtors and Transform HoldCo, LLC ("**Transform**") entered into an Asset Purchase Agreement where the Debtors agreed to sell substantially all of their assets to Transform ("**APA**") (ECF No. 1730).

8.    On January 18, 2019, the Debtors filed a Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction ("**Cure Notice**") (ECF No. 1731).

9.    While the Debtors listed the Supply Agreement in the Cure Notice, the Debtors failed to state a cure amount regarding the Supply Agreement. Id. at 325 (Ex. A, Line 7620).

10.    On January 25, 2019, Winiadaewoo filed a Limited Objection to the Cure Notice and provided the cure amount of $24,115,615.17 (ECF No. 1809).

***Winiadaewoo's Assignment of the 503(b)(9) Claims to Hain***

11.    Because of the Debtors' failure to pay the substantial balance it owed to Winiadaewoo under the Supply Agreement, Winiadaewoo experienced significant cash flow problems when the Debtors filed the Chapter 11 Case. In order to secure necessary working capital for the continued supply of the Products to the Debtors, Winiadaewoo sold and assigned all of its rights in 11 U.S.C. § 503(b)(9) administrative priority claims ("**503(b)(9) Claims**") to Hain Capital Investors Master Fund, Ltd. ("**Hain**") on or around January 29, 2019 in exchange for Hain's payment of a certain amount to Winiadaewoo under a certain assignment agreement with Hain ("**Hain Assignment**") , which occurred even before the Court entered into an order on February 8, 2019 to approve a certain Asset Purchase Agreement between the Debtors and Transform HoldCo, LLC ( "**Transform**"). See Kim Decl., ¶ 11.

12.    Hain subsequently filed a Notice of Transfer of Claim Other Than for Security

regarding the Hain Assignment ("**Notice of Transfer**") on February 15, 2019 (ECF No. 2624).

13.    The Debtors or any other interested parties have not objected to the Hain Assignment to date.  See, generally, Docket.

14.    Upon Hain's request, Winiadaewoo agreed to amend the Initial Proofs of Claim to separate the 503(b)(9) Claims, which were fully assigned to Hain under the Hain Assignment, from Winiadaewoo's other claims.  See Kim Decl., ¶ 12.

15.    On February 5, 2019, Winiadaewoo filed proofs of claim regarding the 503(b)(9) Claims in the amount of $ 6,164,992.61 (Proof of Claim Nos. 8339, 8342, 8344, and 8348).

16.    On February 5, 2019, Winiadaewoo filed proofs of claim regarding its general unsecured prepetition claims ("**General Prepetition Claims**") in the amount of $13,924,585.59 (Proof of Claim Nos. 8337, 8343, 8347, and 8349).

17.    On February 8, 2019, the Court entered into an "Order Approving the Asset Purchase Agreement Among [the Debtors] and [Transform], (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief' ("**Sale Order**").

18.    On or around March 8, 2019, the Debtors and Winiadaewoo completed their joint efforts to reconcile the amount of the General Prepetition Claims and the 503(b)(9) Claims, and the Debtors confirmed with Winiadaewoo the following amounts:

    a.    General Prepetition Claims:  $13,757,497.36; and

    b.    503(b)(9) Claims:  $6,165,089.71.

See Kim Decl., ¶ 15.

19.    Upon the Debtors' confirmation above, Winiadaewoo amended its previous proof

of claim concerning the General Prepetition Claims to update the amount of the General Prepetition Claims (Proof of Claim Nos. 13655, 13753, 13957, and 14070). Id., ¶16.[3]

**Winiadaewoo's Negotiations with Transform**

20.    In April of 2019, Winiadaewoo began negotiations with Transform regarding (a) the Debtors' possible assumption and assignment of the Supply Agreement to Transform and (b) Winiadaewoo's supply of the Products to Transform in accordance with the Debtors' possible assignment of the Supply Agreement to Transform. Id., ¶ 18.

21.    Winiadaewoo's representative, without its attorneys' participation, negotiated directly with Transform's management team concerning certain conditions for the Debtors' possible assignment of the Supply Agreement to Transform. Id., ¶ 19.

22.    During Winiadaewoo's negotiations with Transform, Winiadaewoo agreed to waive its rights in the General Prepetition Claims; however, Winiadaewoo specifically informed Transform that because Winiadaewoo had already sold the 503(b)(9) Claims to Hain, Winiadaewoo's agreement to such a waiver was based only upon its rights in the General Prepetition Claims. Id., ¶ 20.

23.    Transform never raised any issues regarding Winiadaewoo's inability to waive its rights in the 503(b)(9) Claims, and as such, throughout the negotiations with Transform, Winiadaewoo always believed that Transform also understood that Winiadaewoo did not have any authority to waive any rights in the 503(b)(9) Claims since such rights had already belonged to Hain even before Winiadaewoo started negotiations with Transform. Id., ¶ 21.

**Debtors' Notice of Assumption and Assignment and Winiadaewoo's Cure Amount Objection**

---

[3] Winiadaewoo, however, did not amend its previous proof of claim regarding the 503(b)(9) Claims as the difference between the pre-reconciliation amount of $6,164,992.61 and the reconciled amount of $6,165,089.71 was negligible: the reconciled amount is only $97.10 higher than the pre-reconciliation amount. See Kim Decl., ¶ 17.

7

24.     On April 26, 2019, the Debtors filed a Notice of Assumption and Assignment of Additional Contracts ("**Notice of Assumption and Assignment**") that listed the Supply Agreement as one of the subject agreements of the Debtors' assumption and assignment (ECF 3397 at 9, 10 (Ref# 64 - 67).[4]

25.     The Notice of Assumption and Assignment states "Cure amount resolved" as to the Supply Agreement. Id.

26.     On May 6, 2019, Winiadaewoo filed a Limited Objection to the Notice of Assumption and Assignment ("**Cure Amount Objection**") to clarify that the cure amount concerning the 503(b)(9) Claims was "still outstanding" and "the cure amount for [the] 503(b)(9) [C]laim[s] is $6,164,992.61." (ECF No. 3645, ¶ 6). See Kim Decl., ¶ 24.

27.     Winiadaewoo filed its Cure Amount Objection as to the 503(b)(9) Claims in order to clarify that Winiadaewoo's agreement with Transform regarding Winiadaewoo's waiver of the General Prepetition Claims should not affect any rights concerning the 503(b)(9) Claims that were fully sold and assigned to Hain. See Kim Decl., ¶ 25.

28.     On May 20, 2019, Hain also filed its Cure Amount Objection as to the 503(b)(9) Claims. (ECF No. 3958).

29.     In its Cure Amount Objection, Hain states, "[neither Transform nor [Winiadaewoo] own the claims and neither has any right to amend, modify or waive the claims" (ECF No. 3958, ¶8).

**Debtors' Objection**

30.     On August 6, 2019, the Debtors filed the **Debtors' Objection** and listed 503(b)(9) Claims as well as the General Prepetition Claims as the subject of the Debtors' Objection (ECF

---

[4] The Debtors incorrectly named Winiadaewoo as "Daewoo Electronics Co. Ltd." in the Notice of Assumption and Assignment. Id.

142039_8

No. 4775).

31.     In the Debtors' Objection, Debtors state the 503(b)(9) Claims were "satisfied and/or released, as associated contract was assumed and assigned to" Transform.  Id. at 46 (Ref# 66 concerning Proofs of Claim No. 8339), 51 (Ref# 150 concerning Proofs of Claim No. 8342), 52 (Ref# 152 and 154, Proofs of Claim Nos. 8344 and 8348, respectively).

32.     Further, the Debtors acknowledge in the Debtors Objection that the name of the claimant regarding Proofs of Claim No. 8339 is "Hain Capital Investors Master Fund, Ltd as Transferee of Winiadaewoo Electronics America, Inc.[,]" but Debtors state, "[t]he Claim was "satisfied and/or released, as associated contract was assumed and assigned to" Transform. Id. at 46 (Ref# 66).

## ARGUMENT

### I.     THE DEBTORS' OBJECTION IS PREMATURE.

33.     The Debtors' Objection is premature because (a) this Court has yet to enter an order approving the Debtors' intended assumption and assignment of the Supply Agreement, and (b) the Cure Amount Objections of Winiadaewoo and Hain as to the 503(b)(9) Claims are still pending.  (ECF Nos. 3397, 3645, 3958)

34.     Section 365 of the Bankruptcy Code states, in pertinent part, "the trustee, subject to the court's approval, may assume … any executory contract …."  See 11 U.S.C. § 365(a). Thus, in order for the Debtors to assume and assign the Supply Agreement, the Debtors must obtain the Court's approval.

35.     In the Debtors' Objection, the Debtors asserted that the 503(b)(9) Claims were "satisfied and/or released" because the Supply Agreement was allegedly assumed and assigned to Transform (ECF No. 4775, at 46 (Ref# 66), 51 (Ref# 150), and 52 (Ref# 152 and 154)).  The

503(b)(9) Claims, however, have never been satisfied or released.  See Kim Decl. ¶¶ 18-21, 24, and 25.  Rather, Winiadaewoo and Hain filed their respective Cure Amount Objections to clarify an issue directly related to 503(b)(9) Claims, which has not been resolved (ECF Nos. 3645, 3958).  Those Cure Amount Objections are still pending before the Court.  Id.

36.    Without the resolution of the Cure Amount Objections of Winiadaewoo and Hain as to the 503(b)(9) Claims as well as the Court's appropriate order to approve the Debtor's intended assumption and assignment of the Supply Agreement, Winiadaewoo argues that it is premature for the Court to make any decision on the Debtors' Objection solely based upon the purported satisfaction and/or release of the 506(b)(9) Claims.  Accordingly, the Court should adjourn its decision on the Debtors' Objection until after the Cure Amount Objections as to the 503(b)(9) Claims are fully resolved.

## II.    WINIADAEWOO HAD NO AUTHORITY TO ALLOW THE 503(b)(9) CLAIMS TO BE SATISFIED OR RELEASED.

37.    Since Winiadaewoo sold and assigned all of its rights in the 503(b)(9) Claims to Hain, it does not have any authorities to allow the 503(b)(9) Claims to be satisfied or released.

38.    Under New York law, an assignment occurs only where the assignor retains no control over the funds, no authority to collect and no power to revoke. Natwest USA Credit Corp. v. Alco Standard Corp., 858 F.Supp. 401, 413 (S.D.N.Y.1994) (citing Miller v. Wells Fargo Bank Int'l Corp., 540 F.2d 548, 558 (2d Cir.1976)).  Here, under the terms of the Hain Assignment, Winiadaewoo did not retain any control of the 503(b)(9) Claims or authority to collect the 503(b)(9) Claims.  See Kim Decl. ¶¶ 11 – 12; see also, Ex. A to Kim Decl.  In particular, Winiadaewoo explicitly agreed to "absolutely and unconditionally sell, transfers, assigns, conveys and grants unto [Hain] … all right, title and interest in and to" the 503(b)(9)

Claims.  <u>Id.</u> at 1.

39.    In <u>ReGen Capital I, Inc. v. UAL Corp.</u> <u>(In re UAL Corp.)</u>, 635 F.3d 312 (7th Cir. 2011), the court analyzed a certain assignment contract between a bankruptcy creditor and a claim trader where the bankruptcy creditor assigned its claims against a bankruptcy debtor to the claim trader.  The assignment agreement in <u>In re UAL Corp.</u> was exactly the same assignment contract previously reviewed by the Second Circuit in <u>ReGen Capital I, Inc. v. Halperin</u> (<u>U.S. Wireless Data</u>), 547 F.3d 484 (2d Cir. 2008).  <u>In re UAL Corp.</u>, at 317.  The subject assignment agreement defined a "claim" as:

> any general pre-petition unsecured claim of [the creditor/assignor] against a debtor together with interest, if any, payable thereon from and after the Effective Date, and any action, claims, lawsuits or rights of any nature whatsoever, whether against a debtor or any other party, arising out of or in connection with the Claim, including Assignor's right to receive, from and after the Effective Date, any cash, securities, instruments, and/or other property as distributions on the Claim.

<u>Id.</u> at 316.

40.    After rejecting the lower courts' conclusion that "the language of the [] assignment agreement restricted [the trade creditor's] treatment to that of a general unsecured claim holder," the <u>In re UAL Corp.</u> court held, "the [assignment] agreement's definition of "claim" [was] "broad enough to include the right to collect a cure amount arising from [the creditor's] original contracts.  <u>Id.</u> at 317.  The court further emphasized that under the subject assignment agreement, the claim trader "received not only the general unsecured claim but also any actions, claims, lawsuits or rights 'arising out of or in connection with' that claim."  <u>Id.</u> Notably, the court pointed out that the definition of the term "Claim" in the subject assignment agreement "itself uses the word 'claim,' which the Bankruptcy Code defines broadly, ..., as a 'right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated,

fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.'" Id. (citing 11 U.S.C. §101(5)(a).

41.    The In re UAL Corp. court further stated that "[t]he claims stem from the same transaction giving rise to a single right to payment" and that while "the priority granted to the right to payment changes (dramatically) based on the debtor's court-approved treatment of the executory contract, but the right is the same" and then interpreted the subject assignment agreement "to give [the claim trader] the ability to seek a cure arising out of [the debtor's] default on [the creditor's] contract.  In re UAL Corp., at 317.

42.    By agreeing with the Second Circuit's interpretation on the same assignment agreement in In re U.S. Wireless Data, the In re UAL Corp. court concluded, "[the bankruptcy creditor's] assignment to [the claim trader] allowed [the claim trader] to seek the full pre-petition amount owed to [the bankruptcy creditor]."  Id. 317 – 318; see also, id. at 318 ((stating, "[t]he basic premise that drives investment in bankruptcy claims is that the purchaser of a claim … generally succeeds to all the rights of its seller.  Perhaps the most important of these rights from the purchaser's perspective is the right to demand payment in full on the claim" (quoting Confirmation and Claims Trading, 90 Northwestern U.L.Rev. 1684, 1699 (1996))); id. (stating that the priority associated with a claim is "attached to the debt and not to the person of the creditor; to the claim and not to the claimant" (quoting Shropshire, Woodiff & Co. v. Bush, 204 U.S. 186 (1907))).

43.    In the present case, the Hain Assignment states, in pertinent part:

> Winiadaewoo Electronics America, Inc., formerly known as Dongbu Daewoo Electronics America, Inc., … ("Assignor") for receipt of the sum of … (the "Purchase Price") hereby absolutely and unconditionally sell, transfers, assigns, conveys and grants unto Hain Capital Investors Master Fund, Ltd, … ("Assignee"), **all right, title and interest in and to certain  11 U.S.C. Section**

> **503(b)(9) administrative expense claims against the Debtor**, …, in the amount of 6,164,992.61  (the "Claim") against … ("the "Debtor") the debtor-in-possession in the chapter 11 reorganization case, case no.: 18-23538 (the "Case") …, **including, without limitation,** (a) **all of Assignor's right, title and interest** in and to the Claim against the Debtor; (b) **all other claims (including "claims" as defined in 11 U.S.C.  Section 101(5)), suits, causes of action** against the Debtor, its affiliates, any guarantor or other third party relating to or arising from the Claim against Debtor; (c) the Partial **Proof of Claim** (as defined in Section 3 below); (d) **all cure amounts** payable to Assignor pursuant to 11 U.S.C. Section 365 to the extent any underlying contract regarding the Claim is assumed by the Debtor; (e) **all guarantees, collateral or security of any kind** for or in respect of the foregoing; (f) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of, or in connection with, any of the foregoing; (g) **all voting and other rights and benefits** in respect of any of the foregoing …; and (h) **all  cash, securities, instruments and/or other proceeds, property, or distributions** issued in satisfaction of any of the foregoing (all of the foregoing described in clauses (a) through (h), the "Transferred Rights"). The Claim is based on accounts owed to Assignor by the Debtor for the provision of goods and/or services by Assignor.  This Assignment of Claim (this "Assignment") shall be for the purpose of collection and shall not be deemed to create any security interest.

See Ex. A to Kim Decl., at 1.  (Emphasis added).

44.     As shown in the definition of "Claim" in the above Hain Assignment, like the scope of the claim under the assignment agreement in In re U.S. Wireless Data and In re UAL Corp., the scope of the 503(b)(9) Claims under the Hain Assignment is "broad enough to include the right to collect a cure amount arising from" the Supply Agreement.  In re UAL Corp., at 317. Thus, the Hain Assignment gives Hain the right to seek a cure regarding the 503(b)(9) Claims arising out of the Debtors' default on the Supply Agreement.  See Ex. A to Kim Decl.; see also, In re U.S. Wireless Data, at 495 (quoting this Court's order (stating "[t]hough the [assigned claim] is a general unsecured claim in the literal sense, it plainly falls into the narrower, more specific category of a cure claim because it is a claim 'against the Debtor under an executory

142039_8

contract that arose prior to the commencement of the Chapter 11 case'"")).

45.     In the present case, as a purchaser of the 503(b)(9) Claims from Winiadaewoo, Hain clearly "succeed[ed] to all the rights of" Winiadaewoo as to the 503(b)(9) Claims.  <u>See Confirmation and Claims Trading</u>, at p. 6.  As a result, Winiadaewoo did not have any authority to agree to any satisfaction or release of the 503(b)(9) Claims.  For this reason, during the negotiations with Transform, Winiadaewoo's agreement to a waiver of its claims against the Debtors arising from the Supply Agreement could not and did not include the 503(b)(9) Claims.  For this reason, Winiadaewoo informed Transform that Winiadaewoo's agreement to a waiver of Winiadaewoo's claims against the Debtors was based only upon Winiadaewoo's rights in the General Prepetition Claims.  See Kim Decl. ¶ 20.

46.     Simply put, at the time of Winiadaewoo's negotiations with Transform, Winiadaewoo could not release the Debtors or any other related parties from their liabilities arising from the 503(b)(9) Claims.  <u>See</u> Kim Decl. ¶¶18 – 21.  Rather, Hain is the appropriate party that can exercise any rights concerning the 503(b)(9) Claims due to the undisputed assignment of the 503(b)(9) Claims from Winiadaewoo to Hain.  Notably, the Cure Amount Objection of Hain states, "[neither Transform nor [Winiadaewoo] own the claims and neither has any right to amend, modify or waive the claims" (ECF No. 3958, ¶8).  Therefore, the Debtors' intended assumption and assignment of the Supply Agreement to Transform, even if it were approved, would not automatically satisfy or release the 503(b)(9) Claims without Hain's consent.  Based upon the pending Cure Amount Objection of Hain, however, the Debtors do not seem to have obtained Hain's such consent to date.  Accordingly, the Court should not disallow or expunge the 503(b)(9) Claims unless Hain consents to a release or satisfaction of the 503(b)(9) Claims.

142039_8

## III. THE DEBTORS' INTENDED ASSUMPTION AND ASSIGNMENT OF THE SUPPLY AGREEMENT ITSELF WILL NOT AUTOMATICALLY CURE THE 503(B)(9) CLAIMS.

47.     The Debtors appear to believe that solely upon their intended assumption and assignment of the Supply Agreement, the 503(b)(9) Claims will be automatically cured.  The Court, however, separately established a mechanism to cure administrative priority claims under 11 U.S.C. §503(b)(9) that are also subject to contract assumption and assignment.  (ECF No. 2507).

48.     Paragraph 28 of the Sale Order[5] provides, in pertinent part, "the Debtors are hereby authorized … to assume and assign the Assigned Agreements[6] to [Transform] free and clear of all Claims to the extent set forth in the Sale Order, …."  Although the definition of the term "Claims" broadly encompasses various interests, rights and liabilities, it specifically excludes any "Assumed Liabilities."  Id., AT 16 (¶ R (Satisfaction of Section 363(f) Standard)). The term "Assumed Liabilities" means "Liabilities"[7] of the Debtors that Transform is required to assume under the APA and includes the Debtors' liabilities under section 503(b)(9) of the Bankruptcy Code ("Assumed 503(b)(9) Liabilities").  See APA, at 5, Section 2.3(k) (ECF No. 1730).

49.     Accordingly, the "free and clear of all Claims" requirement for contract assumption and assignment does not necessarily mean an immediate cure of 503(b)(9) claims of the subject contract since 503(b)(9) claims are specifically excluded from the scope of "Claims." Instead, in conjunction with the Sale Order addressing the Debtors' assumption and assignment

---

[5] The Sale Order used capitalized terms that are defined in the APA (ECF No. 2507, at 1 (footnote 2)).

[6] "Assigned Agreements" include all agreements indicated in the Debtors' Notice of Assumption and Assignment.  See APA, at 5 and 17, Section 2.7(b) (ECF No. 1730).

[7] The term "Liabilities" is defined as "any liability, indebtedness, debt, guaranty, claim, demand, loss, damage, deficiency, assessment, responsibility, Claim, Action, proceeding or obligation of whatever kind or nature … and including all costs, fees and expenses relating thereto."  Id. at 21.

142039_8

of contracts (see Sale Order, ¶ 28 (Assumption and Assignment of Assigned Agreement) (ECF

No. 2507)), the Court specifically mandated that the administrative priority claims under 11

U.S.C. §503(b)(9), which are also subject to contract assumption and assignment, be cured as

follows:

> In accordance with the terms of the [APA], with respect to liabilities from any Assumed 503(b)(9) Claims,[8] [Transform] shall not be obligated to make any payments in respect of such liabilities until the earlier of: (i) the date that is 120 days following the closing of the sale; and (ii) the date on which a chapter 11 plan is confirmed by the Court with respect to the Debtors; … for the avoidance of doubt, [Transform's] agreement to pay Assumed 503(b)(9) Claims … pursuant to the terms of the [APA] is a general unsecured contractual obligation of [Transform] owed solely to the [Debtors].

Id.

50.    Under the APA, Transform is required to pay up to $139 million to cure the

administrative priority claims under 11 U.S.C. § 503(b)(9) against the Debtors ("503(b)(9)

Fund").  See APA, Section 2.3(k)(iv). (ECF No. 1730).  Thus, in the present case, unless the

503(b)(9) Claims are fully cured by the 503(b)(9) Fund, there cannot be any satisfaction or

release of the 503(b)(9) Claims.  Considering Hain's Cure Amount Objection is still pending,

however, no payment regarding the 503(b)(9) Claims seems to have been made to Hain from the

$139 million fund.  Despite the Court's clear mandate, the Debtors inexplicably represent to the

Court that the 503(b)(9) Claims were "satisfied and/or released, as [the Supply Agreement] was

assumed and assigned to" Transform.  (ECF No. 4775, at 46 (Ref# 66 concerning Proofs of

Claim No. 8339), 51 (Ref# 150 concerning Proofs of Claim No. 8342), 52 (Ref# 152 and 154,

Proofs of Claim Nos. 8344 and 8348, respectively).

51.    Neither the Debtors nor Transform has complied with the Court's order

---

[8] The term "Assumed 503(b)(9) Claims" is defined as "all Liabilities against any of the Debtors arising under section 503(b)(9) of the Bankruptcy Code."  See APA, at 5.  (ECF No. 1730 )

concerning payment for the 503(b)(9) Claims.  Thus, the Court should not grant the Debtors'

request to disallow and expunge the 503(b)(9) Claims at this time.

## CONCLUSION

For the foregoing reasons, Winiadaewoo respectfully requests the Court to adjourn its

decision on the Debtors' Objection until after the Cure Amount Objections as to the 503(b)(9)

Claims are fully resolved and reject the Debtors' request for disallowing and expunging the

503(b)(9) Claims at this time.

## RESERVATION OF RIGHTS

Winiadaewoo reserves the right to amend, modify, and/or supplement its response to the

Debtors' Objection and continue to reserve its right to contest the alleged satisfaction and/or

release of the 503(b)(9) Claims.

Date: August 26, 2019

**CHOI & PARK, LLC**
Attorney for Creditor, Winiadaewoo Electronics America,
Inc., formerly known as Dongbu Daewoo Electronics Corp.


/s/ Hyun Suk Choi
Hyun Suk Choi, Esq.

142039_8

**CHOI & PARK, LLC**
Attorneys for Creditor
Winiadaewoo Electronics America, Inc.
Hyun Suk Choi, Esq.
Chull S. Park, Esq.
11 Broadway, Suite 615
New York, New York 10004
Tel.:  212.695.0010
Fax:  212.695.0015

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDINGS CORPORATION, et al.,**<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 18-23538 (RDD)**<br><br>**(Jointly Administered)** |

**CERTIFICATE OF SERVICE**

I, Hyun Suk Choi, Esq., hereby certify that on August 26, 2019:

The Response of Winiadaewoo Electronics America, Inc. to the Debtors' First Omnibus

Objection to Proofs of Claim (Satisfied Claims) was served on the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

141725_2

1.  The parties requesting ECF notifications via the Court's CM/ECF case notification system;

2.  All other parties requesting notice pursuant to Rule 2002 and in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures entered on November 1, 2018 (ECF No. 405) by electronic mail;

3.  The parties set forth below by overnight delivery:

    a.    Chambers of the Honorable Robert D. Drain
        United States Bankruptcy Court for the Southern District of New York
        300 Quarropas Street, Room 248
        White Plains, New York 10601

    b.    Debtors' Counsel
        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, New York 10153
        Attn: Ray C. Schrock, Esq.
        Jacqueline Marcus, Esq.
        Garret A. Fail, Esq.
        Sunny Singh, Esq.
        ray.schrock@weil.com; garrett.fail@weil.com;
        jacqueline.marcus@weil.com; sunny.singh@weil.com

    c.    Sears Holdings Corporation
        3333 Beverly Road
        Hoffman Estates, Illinois 60179
        Attn: Stephen Sitley Esq.
        Luke J. Valentino, Esq.

    d.    Attorneys for the Official Committee of Unsecured Creditors
        Akin Gump Strauss Hauer & Feld LLP
        One Bryant Park
        New York, New York 10036
        Attn: Philip C. Dublin, Esq.
        Ira Dizengoff, Esq.
        Sara Lynne Brauner, Esq.
        pdublin@akingump.com; idizengoff@akingump.com;
        sbrauner@akingump.com

    e.    Office of the United States Trustee for Region 2
        201 Varick Street, Suite 1006
        New York, New York 10014
        Attn: Paul Schwartzberg, Esq.

4.      The parties set forth below by electronic mail:

a.      Attorneys for Bank of America, N.A., administrative agent under the First
Lien Credit Facility and the DIP ABL Agent
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square New York, NY 10036
Attn: Paul D. Leake, Esq.
Shana A. Elberg, Esq.
George R. Howard, Esq.
paul.leake@skadden.com; shana.elberg@skadden.com;
george.howard@skadden.com

b.      Attorneys for Citibank, N.A., as administrative agent under the Stand-
Alone L/C Facility
Davis Polk & Wardell LLP
450 Lexington Avenue New York, NY 10017
Attn: Marshall S. Huebner, Esq.
Eli J. Vonnegut, Esq.
marshall.huebner@davispolk.com; eli.vonnegut@davispolk.com

c.      Attorneys for JPP, LLC, as agent under the Second Lien Credit Facility,
IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan
Facility
Cleary, Gottlieb
One Liberty Plaza New York, NY 10006
Attn: Sean A. O'Neal, Esq.
soneal@cgsh.com

d.      Attorneys for Computershare Trust Company, N.A., as trustee for the
Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the
Holdings Unsecured Notes
Kelley Drye & Warren LLP
101 Park Avenue New York, NY 10178
Attn: Eric R. Wilson, Esq.
Benjamin D. Feder, Esq.
T. Charlie Liu, Esq.
ewilson@kelleydrye.com; bfeder@kelleydrye.com; cliu@kelleydrye.com

e.      Attorneys for Wilmington Trust, National Association, as indenture trustee
for the Second Lien Notes Seyfarth Shaw, LLP
620 Eighth Avenue New York, NY 10018
Attn: Edward M. Fox, Esq.
emfox@seyfarth.com

f.      Attorneys for The Bank of New York Mellon Trust Company, as
successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured

141725_2

Notes, and the SRAC Medium Term Notes
Carter Ledyard & Milburn LLP
2 Wall Street New York, NY 10015
Attn: James Gadsden, Esq.
gadsden@clm.com

g.      Attorneys for the Pension Benefit Guaranty Corporation
Locke Lord LLP
111 South Wacker Drive Chicago, IL 60606
Attn: Brian A. Raynor, Esq.
braynor@lockelord.com

h.      Attorneys to Wells Fargo Bank, National Association
Choate, Hall & Stewart LLP
Two International Place Boston, MA 02110
ksimard@choate.com; jmarshall@choate.com

i.      Debtors' Investment Banker
Lazard Frères & Co., LLC
30 Rockefeller Plaza, New York, New York 10112
Attn: Brandon Aebersold
Levi Quaintance
project.blue.rx@lazard.com

j.      Buyer
Transform Holdco LLC
c/o ESL Partners, Inc.
1170 Kane Concourse, Suite 200 Bay Harbor Islands, FL 33154
Attn.: Kunal S. Kamlani
Harold Talisman
kunal@eslinvest.com; harold@eslinvest.com


Dated: August 26, 2019


CHOI & PARK, LLC
Attorneys for Creditor Winiadaewoo
Electronics America, Inc.


/s/ Hyun Suk Choi
Hyun Suk Choi, Esq.