CHOI & PARK, LLC
Attorneys for Creditor
Winiadaewoo Electronics America, Inc.
Hyun Suk Choi, Esq.
Chull S. Park, Esq.
11 Broadway, Suite 615
New York, New York 10004
Tel.: 212.695.0010
Fax: 212.695.0015

Hearing Date and Time:
October 23, 2019 at 10:00a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

## DECLARATION OF JAY (JUNGHAN) KIM IN SUPPORT OF THE RESPONSE OF WINIADAEWOO ELECTRONICS AMERICA, INC. TO DEBTORS' FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS)

I, Jay (Junghan) Kim, being duly sworn, depose and say:

1. I am the president of creditor Winiadaewoo Electronics America, Inc., formerly known as Dongbu Daewoo Electronics Corp. ("**Winiadaewoo**") and am authorized to submit

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

142038_10

this declaration on behalf of Winiadaewoo.

2. I submit this declaration based on my personal knowledge and in support of Winiadaewoo's Response to Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims) (ECF No. 4775), specifically, the Debtors' objection to Winiadaewoo's proofs of claim related to certain 11 U.S.C. § 503(b)(9) administrative priority claims, identified as Proof of Claim Nos. 8339, 8342, 8344, and 8348 ("**503(b)(9) Claims**").

3. Winiadaewoo is a manufacturer and supplier of certain home appliance products ("**Products**").

4. I understand that the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, "**Chapter 11 Case**") on October 15, 2018 ("**Petition Date**"),

5. Before the Debtors filed the Chapter 11 Case, Winiadaewoo had been supplying the Products to the Debtors from July of 2016 through the Petition Date under a certain supply agreement with the Debtors, dated July 18, 2016 ("**Supply Agreement**").

6. Upon the Debtors' request, Winiadaewoo continued to supply the Products to the Debtors after the Petition Date.

7. On November 2, 2018, Winiadaewoo filed proofs of claim against the Debtors, specifically, Sears Brands Management, Kmart Corporation, Sears, Roebuck and Co., and Sears Holdings Corporation, and indicated that among the total amount of $29,467,256.46 of its proofs of claim, the sum of $9,026,766.32 was related to Winiadaewoo's 503(b)(9) administrative priority claims (Proof of Claim Nos. 2844, 3905, 4046, and 2672) (collectively, "**Initial Proofs of Claim**").

8. I understand that on January 18, 2019, the Debtors filed a Notice of Cure Costs

and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction ("**Cure Notice**") (ECF No. 1731).

9. I understand that while the Debtors listed the Supply Agreement in the Cure Notice, the Debtors failed to state a cure amount regarding the Supply Agreement. Id. at 325 (Ex. A, Line 7620)

10. On January 25, 2019, Winiadaewoo filed a Limited Objection to the Cure Notice and provided the cure amount of $24,115,615.17 (ECF No. 1809).

11. Because of the Debtors' failure to pay the substantial balance it owed to Winiadaewoo under the Supply Agreement, Winiadaewoo experienced significant cash flow problems when the Debtors filed the Chapter 11 Case. In order to secure necessary working capital for continued supply of the Products to the Debtors, Winiadaewoo sold the 503(b)(9) Claims to Hain Capital Investors Master Fund, Ltd. ("**Hain**") on or around January 29, 2019 in exchange for Hain's payment of a certain amount to Winiadaewoo under a certain assignment agreement with Hain ("**Hain Assignment**"), which occurred even before the Court entered into an order on February 8, 2019 to approve a certain Asset Purchase Agreement between the Debtors and Transform HoldCo, LLC ("**Transform**"). I attach a redacted copy of the Hain Assignment as Exhibit A.

12. Upon Hain's request, Winiadaewoo agreed to amend the Initial Proofs of Claim to separate the 503(b)(9) Claims, which were fully assigned to Hain under the Hain Assignment, from Winiadaewoo's other claims.

13. On February 5, 2019, Winiadaewoo filed proofs of claim regarding the 503(b)(9) Claims in the amount of $ 6,164,992.61 (Proof of Claim Nos. 8339, 8342, 8344, and 8348).

14. On February 5, 2019, Winiadaewoo filed proofs of claim regarding its general

3

unsecured prepetition claims ("**General Prepetition Claims**") in the amount of $13,924,585.59 (Proof of Claim Nos. 8347, 8349, 8343, and 8337).

15. On or around March 8, 2019, the Debtors and Winiadaewoo completed their joint efforts to reconcile the amount of the General Prepetition Claims and the 503(b)(9) Claims, and the Debtors confirmed with Winiadaewoo the following amounts:

   a. General Prepetition Claims: $13,757,497.36; and

   b. 503(b)(9) Claims: $6,165,089.71.

16. Upon the Debtors' confirmation above, Winiadaewoo amended its previous proof of claim concerning the General Prepetition Claims to update the amount of the General Prepetition Claims (Proof of Claim Nos. 13655, 13753, 13957, and 14070).

17. Winiadaewoo, however, did not amend its previous proof of claim regarding the 503(b)(9) Claims as the difference between the pre-reconciliation amount of $6,164,992.61 and the reconciled amount of $ 6,165,089.71 was negligible: the reconciled amount is only $97.10 higher than the pre-reconciliation amount.

18. In April of 2019, Winiadaewoo began negotiations with Transform regarding (a) the Debtors' possible assignment of the Supply Agreement to Transform and (b) Winiadaewoo's supply of the Products to Transform in accordance with the Debtors' possible assignment of the Supply Agreement to Transform.

19. On behalf of Winiadaewoo and without Winiadaewoo's counsel's involvement, I negotiated directly with Transform's management team concerning certain conditions for the Debtors' possible assignment of the Supply Agreement to Transform.

20. During my negotiations with Transform, I agreed to Winiadaewoo's waiver of its rights in the General Prepetition Claims; however, I specifically informed Transform's

4

representative that because Winiadaewoo had already sold the 503(b)(9) Claims to Hain, Winiadaewoo's agreement to such a waiver was based only upon its rights in the General Prepetition Claims.

21. Transform never raised any issues regarding Winiadaewoo's inability to waive its rights in the 503(b)(9) Claims and as such, throughout the negotiations, I always believed that Transform also understood that Winiadaewoo did not have any authority to waive any rights in the 503(b)(9) Claims since such rights had already belonged to Hain even before Winiadaewoo started negotiations with Transform.

22. On April 26, 2019, the Debtors filed a Notice of Assumption and Assignment of Additional Contracts ("**Notice of Assumption and Assignment**") that listed the Supply Agreement as one of the subject agreements of the Debtors' assumption and assignment (ECF 3397 at 9, 10 (Ref# 64 - 67)).[2]

23. The Notice of Assumption and Assignment states "Cure amount resolved" as to the Supply Agreement. Id.

24. On May 6, 2019, Winiadaewoo filed a Limited Objection to the Notice of Assumption and Assignment ("**Cure Amount Objection**") to clarify that the cure amount concerning the 503(b)(9) Claims was "still outstanding" and "the cure amount for [the] 503(b)(9) [C]laim[s] is $6,164,992.61." (ECF No. 3645, ¶ 6).

25. Winiadaewoo filed its Cure Amount Objection as to the 503(b)(9) Claims in order to clarify that Winiadaewoo's agreement with Transform regarding Winiadaewoo's waiver of the General Prepetition Claims should not affect any rights concerning the 503(b)(9) Claims that were fully sold and assigned to Hain.

---

[2] The Debtors incorrectly named Winiadaewoo as "Daewoo Electronics Co. Ltd." in the Notice of Assumption and Assignment. Id.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: August 26, 2019

Winiadaewoo Electronics America, Inc.
formerly known as Daewoo Electronics Co., Ltd.

_____
Jay (Junghan) Kim, President

# EXHIBIT A

## ASSIGNMENT OF CLAIM

Winiadaewoo Electronics America, Inc., formerly known as Dongbu Daewoo Electronics America, Inc., a corporation existing under the laws of the State of Florida with offices at 65 Challenger Road, #360, Ridgefield Park, NJ 07660, and its successors and assigns ("**Assignor**"), for receipt of the sum of $ REDACTED (the "**Purchase Price**") hereby absolutely and unconditionally sell, transfers, assigns, conveys and grants unto Hain Capital Investors Master Fund, Ltd, with offices at 301 Route 17, Seventh Floor, Rutherford, NJ 07070 ("**Assignee**"), all right, title and interest in and to certain 11 U.S.C. Section 503(b)(9) administrative expense claims against the Debtor, which specifically described in Schedule 1 and its attachments, in the amount of **6,164,992.61** (the "**Claim**") against Sears Holdings Corporation and Sears Home Services (the "**Debtor**") the debtor-in-possession in the chapter 11 reorganization case, case no.: 18-23538 (the "**Case**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), including, without limitation, (a) all of Assignor's right, title and interest in and to the Claim against the Debtor; (b) all other claims (including "claims" as defined in 11 U.S.C. Section 101(5)), suits, causes of action against the Debtor, its affiliates, any guarantor or other third party relating to or arising from the Claim against Debtor; (c) the Partial Proof of Claim (as defined in Section 3 below); (d) all cure amounts payable to Assignor pursuant to 11 U.S.C. Section 365 to the extent any underlying contract regarding the Claim is assumed by the Debtor; (e) all guarantees, collateral or security of any kind for or in respect of the foregoing; (f) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of, or in connection with, any of the foregoing; (g) all voting and other rights and benefits in respect of any of the foregoing except for Assignor's voting and other rights and benefits as a member of the Unsecured Creditor's Committee in the Case; and (h) all cash, securities, instruments and/or other proceeds, property, or distributions issued in satisfaction of any of the foregoing (all of the foregoing described in clauses (a) through (h), the "**Transferred Rights**"). The Claim is based on accounts owed to Assignor by the Debtor for the provision of goods and/or services by Assignor. This Assignment of Claim (this "**Assignment**") shall be for the purpose of collection and shall not be deemed to create any security interest.

1. <u>Assignment</u>. In consideration of the mutual covenants and agreements in, and subject to the terms and conditions of, this Assignment:

(a) subject to the satisfaction or waiver of the conditions in Section 2(a), Assignor irrevocably sells, transfers, assigns, grants, and conveys the Claim and Transferred Rights to Assignee with effect on and after the date on which the Assignor receives the Purchase Price from Assignee (the "**Effective Date**"); and

(b) subject to the satisfaction or waiver of the conditions in Section 2(b), Assignee irrevocably acquires the Claim and Transferred Rights, with effect on and after the Effective Date.

2. <u>Conditions Precedent</u>.

(a) Assignor's obligation hereunder to sell, transfer, assign, grant, and convey the Claim and Transferred Rights to Assignee shall be subject to each of the following conditions: (i) Assignor shall have received this Assignment duly executed by Assignee; and (ii) Assignor shall have received the Purchase Price from Assignee within two (2) business days following the Execution Date, as defined below.

(b) Assignee's obligation hereunder to pay the Purchase Price to Assignor and to acquire the Claim and Transferred Rights shall be subject to each of the following conditions: (i) to the best knowledge of Assignor, Assignor's representations and warranties in this Assignment shall have been true and correct as of the Effective Date; (ii) Assignor shall have complied in all material respects with all covenants required by this Assignment to be complied with by it on or before the Effective Date; and (iii) Assignee shall have received this Assignment and the Evidence of Transfer attached hereto duly executed by Assignor.

3. <u>Proof of Claim</u>.    Assignor represents warrants and covenants that:

1

128997_4

proofs of claim in respect of the Claim in the amount of ${6,164,992.61} (the "***Partial Proof of Claim***") HAVE BEEN FILED in the Case (and a true, correct and complete copy of such Partial Proof of Claim with supporting documentation (including all Supporting Claim Documents) is attached to this Assignment as Schedule 1). Due to the recent reconciliation work between Assignor and the Debtor, Assignee understands that Assignor has modified the Partial Proof of Claim. Other than the foregoing, the Partial Proof of Claim will not be, without the written consent of Assignee, revoked, withdrawn, or amended. If the Partial Proof of Claim Amount differs from the Claim set forth above, Assignee shall nevertheless be deemed the owner of that the Partial Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Partial Proof of Claim on the records of the Bankruptcy Court. Assignee understands that there has been no bar date for filing a proof of claim in the Case as of the Execution Date.

4. Representations and Warranties. Assignor represents, warrants and covenants to Assignee (as of the Effective Date) that: (a) other than the filing of a Notice of Transfer with the Bankruptcy Court, no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Assignment; (b) this Assignment has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Assignment and the transactions contemplated by this Assignment are not in contravention of any law, order, regulation or agreement by which Assignor is bound; (c) this Assignment constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; (d) no payment or other distribution has been received (including, without limitation, by benefit of setoff) by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim or Transferred Rights; (e) Assignor owns, has, and is hereby selling to Assignee good and sole legal and beneficial title to the Claim and Transferred Rights free and clear of any and all liens, security interests, encumbrances or claims of any kind or nature whatsoever and no portion of the Claim or Transferred Rights has been sold, assigned or pledged to in whole or in part; (f) the Claim is a valid claim under 11 U.S.C. Section 503(b)(9) against the Debtor in the amount of the Claim, and is based on the Assignor's delivery of goods to the Debtor in the twenty-day period prior to Debtor's filing of the Case; (g) to the best of Assignor's knowledge, no objection to the Claim has been filed or threatened; (h) to the best of Assignor's knowledge, neither the Claim nor any distribution to be made with respect to the Claim or Transferred Rights is subject to any Impairment (as hereinafter defined) in whole or in part; (i) no offer to sell or solicitation of any offer to buy the Claim or Transferred Rights has been made by or at the direction of the Assignor in a manner that would violate or require registration under the Securities Act of 1933, as amended, or the Bankruptcy Code; (j) to the best knowledge of Assignor, no creditors or insurers of Assignor has an interest of any kind to the Claim or Transferred Rights and no such creditors or insurers has filed proofs of claim asserting such interest; (k) Assignor is not and has never been an "insider" of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code; (l) Assignor is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of 11 U.S.C. Section 101 (32); (m) Assignor does not hold any property of or owe any funds or property to the Debtor that may materially and adversely affect the Claim; (n) Assignor has not engaged, and will not engage, in any acts, conduct or omissions that might result in Assignee receiving proportionately less payments or distributions in respect of the Claim or Transferred Rights or less favorable treatment than any other creditors holding valid administrative priority claims; (o) Assignor has provided true, correct and complete copies of all contracts, agreements, instruments, invoices, purchase orders, proofs of delivery and other documents in connection with the Claim (collectively, the "***Supporting Claim Documents***"), and Assignor has not breached and will not breach its obligations under the Supporting Claim Documents; (p) Assignor has no liability or obligation related to or in connection with the Claim or Transferred Rights; (q) other than the Case and the proceedings thereunder, no proceedings are pending against Assignor or to the best of Assignor's knowledge, threatened against Assignor before any relevant governmental authority that, in the aggregate, will materially and adversely affect (i) the Claim or Transferred Rights or (ii) any action taken or to be taken by Assignor under this Assignment; (r) Assignor is not a party to, or bound by, and will not become a party to or become bound by, any document or agreement (other than orders entered in the Case by which all administrative priority creditors are bound)

2

128997_4

that could materially and adversely affect the Claim or Transferred Rights or Assignee's rights and remedies under this Assignment; (s) Assignor (i) is a sophisticated seller with respect to the sale of the Claim and Transferred Rights, (ii) has adequate information concerning the business and financial condition of Debtor and the status of the Case to make an informed decision regarding the sale of the Claim and Transferred Rights, (iii) has independently and without reliance upon Assignee, and based on such information as Assignor has deemed appropriate, made its own analysis and decision to enter into this Assignment, and (iv) is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim and Transferred Rights pursuant to any plan of reorganization which is confirmed for the Debtor, any liquidation or any other distribution in the Case; (t) Assignor acknowledges that Assignee has not given Assignor any investment advice, credit information, or opinion on whether the sale of the Claim is prudent; (u) Assignor acknowledges that (i) information which may be pertinent to Assignor's decision to transfer the Claim and Transferred Rights is available to Assignor and may be obtained from the Bankruptcy Court's files, the Debtor, and other public sources, and (ii) Assignee shall have no liability to Assignor, and Assignor waives and releases any claims that it might have against Assignee or any Assignee Indemnitee (as defined in Section 6) whether under applicable securities laws or otherwise, with respect to the disparity of information between Assignor and Assignee. **EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS ASSIGNMENT, ASSIGNOR DOES NOT MAKE ANY OTHER REPRESENTATION AND EXTEND OTHER WARRANTY OF ANY KIND, EITHER EXPRESS OR IMPLIED, WITH RESPECT TO THE SUBJECT MATTER OF THIS ASSIGNMENT.** As used herein, "*Impairment*" means the occurrence of one or more of the following events in respect of all or any portion of the Claim or a distribution thereon: any defense, claim, counterclaim, or right of setoff, reduction, impairment, classification or treatment as a non-Section 503(b)(9) general unsecured claim, avoidance, disallowance, disgorgement, recoupment, subordination, preference action (whether or not under 11 U.S.C. Section 547) or fraudulent conveyance claim.

Assignee represents, warrants and covenants to Assignor (as of the Execution Date) that: (a) this Assignment has been duly authorized, executed and delivered by Assignee and Assignee has the requisite power and authority to execute, deliver and perform this Assignment and the transactions contemplated by this Assignment are not in contravention of any law, order, regulation or agreement by which Assignee is bound; (b) this Assignment constitutes the valid, legal and binding agreement of Assignee, enforceable against Assignee in accordance with its terms; (c) Assignee is not and has never been an "insider" of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code; (d) Assignee is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of 11 U.S.C. Section 101 (32); (e) no proceedings are pending against Assignee or to the best of Assignee's knowledge, threatened against Assignee before any relevant governmental authority that, in the aggregate, will materially and adversely affect Assignee's performance of its obligation under this Assignment; (f) Assignee is not a party to, or bound by, and will not become a party to or become bound by, any document or agreement that could materially and adversely affect Assignee's performance of its obligations under this Assignment; (g) Assignee (I) is a sophisticated buyer with respect to the purchase of the Claim and Transferred Rights, (II) has adequate information concerning the business and financial condition of Debtor and the status of the Case to make an informed decision regarding the purchase of the Claim and Transferred Rights, (III) has independently and without reliance upon Assignor (except for Assignor's representations, warranties and covenants set forth in this Assignment, upon which Assignee expressly relies), and based on such information as Assignee has deemed appropriate, made its own analysis and decision to enter into this Assignment, and (IV) has consulted with its own legal, regulatory, tax, business, investment, financial and accounting advisors to the extent that it has deemed necessary, and has entered into this Assignment based on its own independent judgment and, if applicable, on the advice of such advisors; (h) Assignee acknowledges that Assignor has not given Assignee any investment advice, credit information, or opinion on whether the purchase of the Claim is prudent; (i) information which may be pertinent to Assignee's decision to purchase the Claim and Transferred Rights is available to Assignee and may be obtained from the Bankruptcy Court's files, the Debtor, and other public sources; and (j) Assignee understands that (I) in addition to the Claim, Assignor has general unsecured claims (as defined in 11 U.S.C. Section 101(5)) ("GUC") against the Debtor, (II) the GUC is not the subject of this Assignment and Assignor's rights to the

3

128997_4

GUC will not be affected by this Assignment and (III) Assignor will preserve all of its right, title and interest in and to GUC regardless of this Assignment.

5. <u>Disallowances</u>.    In the event that (A) all or any part of the Claim is or becomes subject to any Impairment (a "***Disallowance***"), on written demand of Assignee (the "***Demand***"), Assignor shall, at Assignor's option, either (a) immediately repay such portion of the consideration paid by Assignee hereunder as shall be calculated by multiplying the amount of the Claim so affected by such Disallowance, by the repurchase rate set forth on Schedule 2 (the "***Repayment Amount***"), or (b) at Assignor's own expense, investigate and/or defend any such Disallowance, including, but not limited to, communicating with opposing counsel and preparing, filing and arguing an appropriate response to any objection raised. If Assignor elects to conduct a defense of such Disallowance, Assignor shall, at the option of Assignor, on the earlier of (x) the date on which Assignor completes (whether by judgment, settlement or otherwise) or abandons the defense of such Disallowance or(y) the date which is ninety (90) days after the date of the Demand from Assignee (or such later date as shall be agreed to in writing by Assignor and Assignee), promptly pay to Assignee the Repayment Amount with respect to any portion of the Claim which remains subject to such Disallowance or otherwise has become subject to a Disallowance. Notwithstanding the foregoing, it is understood and agreed that Assignor's liability or indemnification obligations under this Assignment whether in contract, in tort, under any warranty, in negligence or otherwise shall not exceed the Repayment Amount, and under no circumstances shall either Assignee or Assignor be liable for special, indirect or consequential damages. No action, regardless of form, arising out of the transactions under this Assignment may be brought by Assignee more than one hundred and fifty (150) days after the date of the Demand from Assignee, provided however, that (i) the foregoing limitation shall not foreclose, terminate or otherwise affect any action pending at the time of the expiration of such one hundred and fifty day period, and (ii) Assignee's Demand hereunder shall constitute an action hereunder.

6. <u>Indemnity</u>.    Assignor hereby agrees to indemnify and hold Assignee and its agents, controlling persons, officers, members, managers, directors, and employees (collectively, the "**Assignee Indemnities**") harmless from and against any and all expenses, losses, claims, damages or liabilities which are incurred by Assignee Indemnities or any of them, including but not limited to reasonable attorneys' fees and expenses, caused by or in any way resulting from (i) Assignor's breach of any of the representations, warranties, covenants or agreements of Assignor set forth in this Assignment, (ii) any obligation of Assignor (or any assignee or successor to Assignor consented by Assignee) to, in whole or in part, disgorge, or reimburse any party or entity for payments received by Assignor from or on account of Debtor on or prior to the Effective Date in respect of the Claim, or (iii) any action taken by Assignor with respect to the Claim after the date hereof resulting in liability to Assignee. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED, OR ASSIGNS OR PLEDGES, ANY PORTION OF THIS CLAIM TO ANY PARTY OTHER THAN ASSIGNEE, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO THAT PORTION. Assignee hereby agrees to indemnify and hold Assignor and its agents, controlling persons, officers, members, managers, directors, and employees (collectively, the "***Assignor Indemnities***") harmless from and against any and all expenses, losses, claims, damages or liabilities which are incurred by Assignor Indemnities or any of them, including but not limited to reasonable attorneys' fees and expenses, caused by or in any way resulting from (i) Assignee's breach of any of the representations, warranties, covenants or agreements of Assignee set forth in this Assignment or (ii) any action taken by Assignee with respect to the Claim after the date hereof resulting in liability to Assignor (excluding for the avoidance of doubt, any action taken by Assignee in connection with a Demand or other assertion of its rights and remedies hereunder).

7. <u>Distributions</u>.    Assignor agrees that if Assignor receives any distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within two (2) business days in the case of cash and/or notices and within five (5) business days in the case of securities, which are in good deliverable form, with the endorsement of Assignor when necessary or appropriate. If any cure amount for the underlying contract(s) in connection with the Claim is

4

128997_4

due and payable to Assignor, Assignor shall direct such cure amount to be paid to Assignee. If Assignor fails to pay any amount due to Assignee hereunder within the time frame set forth in this Section 7, Assignor shall also pay to Assignee interest on such amount at a rate of ten percent (10%) per annum from the period beginning on the date Assignor receives such distribution or other amount and ending on the date Assignor pays such amount to Assignee.

8. <u>Transferability</u>.  The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time assign or transfer the Claim, together with all rights, title and interest of Assignee in and to this Assignment. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such assignment or transfer. Assignor shall not have the right to transfer any obligations under this Assignment without the consent of the Assignee, which shall not be unreasonably withheld.

9. <u>Authority; Acts</u>.  Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment. With written consent from Assignor, which shall not be unreasonably withheld, Assignee may make any corrections to Evidence of Transfer of Claim attached hereto Assignee deems necessary or appropriate to effect assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such power at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Case. Assignor agrees to take such further action as may be necessary to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee, and to take such other actions as may be necessary or advisable to protect the validity of the Claim. Assignor shall act or refrain from acting with respect to the Claim solely in accordance with the written direction of Assignee. Assignor shall not compromise or take any other action or omission with respect to the Claim that would directly or indirectly materially adversely affect the Claim, the Transferred Rights, or Assignee's rights hereunder. Without limiting the generality of the foregoing, upon receiving notice of any request, act, decision, or vote (collectively, an "***Act***") and provided the Act does not result in an unreasonable expense to Assignor, Assignor shall promptly notify Assignee thereof, and shall take such Act only in accordance with the written direction of Assignee, such written direction to be promptly provided by Assignee to Assignor upon receipt of such notice.  Notwithstanding the foregoing, nothing in this Section 9 prevents Assignor from serving on the Unsecured Creditors' Committee (the "***UCC***"), and Assignor shall not be bound to follow Assignee's direction hereunder solely to the extent that Assignor's role on the UCC prohibits it from following such direction. Assignor acknowledges and agrees that except as otherwise explicitly set forth in this Assignment, Assignee is not assuming any obligation or liability with respect to the Claim or Transferred Rights.

10. <u>Governing Law; Counterparts</u>.  This Assignment shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles. Any action arising under or relating to this Assignment may be brought in any State or Federal Court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor at the address set forth in this Assignment, and in any action hereunder Assignor waives the right to demand trial by jury. Each party hereto consents to service of process by certified mail at its address set forth in the lead-in paragraph hereto. This Assignment may be executed by any party hereto by facsimile or electronic transmission in any number of counterparts, each of which shall be deemed to be an original, but all such respective counterparts shall together constitute one and the same instrument, represents the complete understanding of the parties hereto with respect to the subject matter hereof and may be amended or modified only in writing signed by the parties hereto.



CONSENT AND WAIVER
Assignor and Assignee hereby acknowledge and consent to all of the terms set forth in this Assignment. Assignor hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rule of Bankruptcy Procedure, provided that Evidence of Transfer that will be filed by Assignee accurately and truly represent the Claim. Assignor consents to the substitution of Assignee for

Assignor for all purposes related to the Claim and Transferred Rights in the Bankruptcy Case. The Evidence of Transfer of Claim attached to this Assignment and incorporated herein by reference may be filed by Assignee with the Bankruptcy Court as evidence of the transfer.

* * *

6

128997_4

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment by its duly authorized representative dated as of the 29th day of January 2019 ("*Execution Date*").

| | |
|---|---|
| **WINIADAEWOO ELECTRONICS AMERICA, INC.** | **HAIN CAPITAL INVESTORS MASTER FUND, LTD** |
| By: _____ <br> Name: Min Je Kim <br> Title: President | By: _____ <br> Name: Robert Koltai <br> Title: Manager |

128997_4

## SCHEDULE 1

### Claim

| PO No. | Invoice No. | Product | Invoice date | Due date | AR total | REMARK |
|---|---|---|---|---|---|---|
| 8292264407 | 91088466 | compact | 9/25/2018 | 11/24/2018 | 4,612.80 | Sears holdings corp. |
| 182318 | 91088867 | FDBM | 9/25/2018 | 11/24/2018 | 57,188.00 | Sears holdings corp. |
| 182321 | 91088868 | FDBM | 9/25/2018 | 11/24/2018 | 57,188.00 | Sears holdings corp. |
| 182315 | 91089139 | FDBM | 9/26/2018 | 11/25/2018 | 85,782.00 | Sears holdings corp. |
| 182317 | 91089346 | FDBM | 9/27/2018 | 11/26/2018 | 114,376.00 | Sears holdings corp. |
| 182319 | 91089347 | FDBM | 9/27/2018 | 11/26/2018 | 116,076.00 | Sears holdings corp. |
| 183906 | 91089348 | compact | 9/27/2018 | 11/26/2018 | 179,730.00 | Sears holdings corp. |
| 182322 | 91089371 | FDBM | 9/27/2018 | 11/26/2018 | 57,188.00 | Sears holdings corp. |
| 556881 | 91091977 | Water Filter | 9/28/2018 | 11/27/2018 | 480.00 | Sears holdings corp. |
| 556882 | 91091978 | Water Filter | 9/28/2018 | 11/27/2018 | 1,440.00 | Sears holdings corp. |
| 556883 | 91091979 | Water Filter | 9/28/2018 | 11/27/2018 | 480.00 | Sears holdings corp. |
| 556884 | 91091980 | Water Filter | 9/28/2018 | 11/27/2018 | 960.00 | Sears holdings corp. |
| 182323 | 91092044 | FDBM | 9/27/2018 | 11/26/2018 | 57,438.00 | Sears holdings corp. |
| 182316 | 91092311 | FDBM | 9/28/2018 | 11/27/2018 | 200,158.00 | Sears holdings corp. |
| 181570 | 91092644 | TMF | 9/25/2018 | 11/24/2018 | 206,681.46 | Sears holdings corp. |
| 181572 | 91092646 | TMF | 9/25/2018 | 11/24/2018 | 77,506.38 | Sears holdings corp. |
| 182125 | 91092649 | TMF | 9/28/2018 | 11/27/2018 | 50,638.50 | Sears holdings corp. |
| 182121 | 91092650 | TMF | 9/28/2018 | 11/27/2018 | 75,932.29 | Sears holdings corp. |
| 182122 | 91092651 | TMF | 9/29/2018 | 11/28/2018 | 75,760.56 | Sears holdings corp. |
| 201821995223 | 91092723 | MWO | 9/26/2018 | 11/25/2018 | 39,375.21 | Sears holdings corp. |
| PO 0001239 | 91093290 | Service Parts | 10/3/2018 | 11/2/2018 | 2,632.00 | Sears home services |
| PO 0001238 | 91093449 | Service Parts | 10/3/2018 | 11/2/2018 | 10,827.50 | Sears home services |
| 182320 | 91093522 | FDBM | 10/1/2018 | 11/30/2018 | 114,426.00 | Sears holdings corp. |
| 183307 | 91093523 | FDBM | 10/1/2018 | 11/30/2018 | 629,318.00 | Sears holdings corp. |
| 184808 | 91093716 | compact | 10/3/2018 | 12/2/2018 | 179,730.00 | Sears holdings corp. |
| 557842 | 91094161 | Water Filter | 10/4/2018 | 12/3/2018 | 1,440.00 | Sears holdings corp. |
| 557843 | 91094162 | Water Filter | 10/4/2018 | 12/3/2018 | 960.00 | Sears holdings corp. |
| 557844 | 91094163 | Water Filter | 10/4/2018 | 12/3/2018 | 960.00 | Sears holdings corp. |
| 183312 | 91094226 | FDBM | 10/4/2018 | 12/3/2018 | 371,722.00 | Sears holdings corp. |
| 183308 | 91094378 | FDBM | 10/5/2018 | 12/4/2018 | 314,534.00 | Sears holdings corp. |



128997_4

1

| | | | | | | |
|---|---|---|---|---|---|---|
| 183310 | 91094534 | FDBM | 10/5/2018 | 12/4/2018 | 372,122.00 | Sears holdings corp. |
| PO 0001237 | 91095299 | Service Parts | 10/8/2018 | 11/7/2018 | 63,026.59 | Sears home services |
| 183314 | 91095340 | FDBM | 10/5/2018 | 12/4/2018 | 371,972.00 | Sears holdings corp. |
| 8273680655 | 91095873 | compact | 10/5/2018 | 12/4/2018 | 327.45 | Sears holdings corp. |
| 8287251516 | 91095878 | compact | 10/8/2018 | 12/7/2018 | 3,078.03 | Sears holdings corp. |
| 8289245204 | 91095879 | compact | 10/5/2018 | 12/4/2018 | 458.43 | Sears holdings corp. |
| 559334 | 91096383 | compact | 10/9/2018 | 12/8/2018 | 40,418.25 | Sears holdings corp. |
| 183309 | 91096862 | FDBM | 10/5/2018 | 12/4/2018 | 257,446.00 | Sears holdings corp. |
| A91096862 | | | | | (841.00) | Shortage |
| 182126 | 91097888 | TMF | 10/2/2018 | 12/1/2018 | 197,593.02 | Sears holdings corp. |
| 182124 | 91097889 | TMF | 10/1/2018 | 11/30/2018 | 153,024.46 | Sears holdings corp. |
| 182127 | 91097890 | TMF | 10/1/2018 | 11/30/2018 | 225,833.22 | Sears holdings corp. |
| 182123 | 91097891 | TMF | 10/2/2018 | 12/1/2018 | 246,086.04 | Sears holdings corp. |
| 182128 | 91097892 | TMF | 10/3/2018 | 12/2/2018 | 72,924.96 | Sears holdings corp. |
| 182130 | 91097893 | TMF | 10/9/2018 | 12/8/2018 | 341,296.64 | Sears holdings corp. |
| 182792 | 91099635 | TMF | 10/9/2018 | 12/8/2018 | 268,412.65 | Sears holdings corp. |
| 182793 | 91099636 | TMF | 10/9/2018 | 12/8/2018 | 71,379.99 | Sears holdings corp. |
| 182798 | 91099637 | TMF | 10/9/2018 | 12/8/2018 | 292,812.90 | Sears holdings corp. |
| 182799 | 91099638 | TMF | 10/9/2018 | 12/8/2018 | 221,295.48 | Sears holdings corp. |
| PA00236312 | | | | | (62,500.00) | Subsidy |
| PA00236828 | | | | | (18,373.00) | Subsidy |
| 809111 | V80809111 | | 2018/10/09 | 2018/10/14 | (37,172.20) | Ship Window |
| 15006 | V81015006 | | 2018/10/12 | 2018/10/14 | (1,170.00) | Detention |
| | | | | **TOTAL** | **6,164,992.61** | |

(M)

2

128997_4

## SCHEDULE 2

### Claim Purchase Rate

REDACTED %

1

## **EVIDENCE OF TRANSFER OF CLAIM**

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Winiadaewoo Electronics America, Inc. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Investors Master Fund, Ltd ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its 11 U.S.C. Section 503(b)(9) administrative expense claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) of **$6,164,992.61**, which specifically described in Exhibit A and its attachments ("Claim") against Sears Holdings Corporation and Sears Home Services (the "Debtor"), Chapter 11 Case No. 18-23538 United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim and its amendments filed by Assignor with the Bankruptcy Court in respect of the Claim.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 29 day of JANUARY, 2019.

| WINIADAEWOO ELECTRONICS AMERICA, INC. | HAIN CAPITAL INVESTORS MASTER FUND, LTD |
|---|---|
| By: _____ | By: _____ |
| Name: Minjo Km | Name: Robert Koltai |
| Title: President | Title: Manager |

## EXHIBIT A TO EVIDENCE OF TRANSFER

| PO No. | Invoice No. | Product | Invoice date | Due date | AR total | REMARK |
|---|---|---|---|---|---|---|
| 8292264407 | 91088466 | compact | 9/25/2018 | 11/24/2018 | 4,612.80 | Sears holdings corp. |
| 182318 | 91088867 | FDBM | 9/25/2018 | 11/24/2018 | 57,188.00 | Sears holdings corp. |
| 182321 | 91088868 | FDBM | 9/25/2018 | 11/24/2018 | 57,188.00 | Sears holdings corp. |
| 182315 | 91089139 | FDBM | 9/26/2018 | 11/25/2018 | 85,782.00 | Sears holdings corp. |
| 182317 | 91089346 | FDBM | 9/27/2018 | 11/26/2018 | 114,376.00 | Sears holdings corp. |
| 182319 | 91089347 | FDBM | 9/27/2018 | 11/26/2018 | 116,076.00 | Sears holdings corp. |
| 183906 | 91089348 | compact | 9/27/2018 | 11/26/2018 | 179,730.00 | Sears holdings corp. |
| 182322 | 91089371 | FDBM | 9/27/2018 | 11/26/2018 | 57,188.00 | Sears holdings corp. |
| 556881 | 91091977 | Water Filter | 9/28/2018 | 11/27/2018 | 480.00 | Sears holdings corp. |
| 556882 | 91091978 | Water Filter | 9/28/2018 | 11/27/2018 | 1,440.00 | Sears holdings corp. |
| 556883 | 91091979 | Water Filter | 9/28/2018 | 11/27/2018 | 480.00 | Sears holdings corp. |
| 556884 | 91091980 | Water Filter | 9/28/2018 | 11/27/2018 | 960.00 | Sears holdings corp. |
| 182323 | 91092044 | FDBM | 9/27/2018 | 11/26/2018 | 57,438.00 | Sears holdings corp. |
| 182316 | 91092311 | FDBM | 9/28/2018 | 11/27/2018 | 200,158.00 | Sears holdings corp. |
| 181570 | 91092644 | TMF | 9/25/2018 | 11/24/2018 | 206,681.46 | Sears holdings corp. |
| 181572 | 91092646 | TMF | 9/25/2018 | 11/24/2018 | 77,506.38 | Sears holdings corp. |
| 182125 | 91092649 | TMF | 9/28/2018 | 11/27/2018 | 50,638.50 | Sears holdings corp. |
| 182121 | 91092650 | TMF | 9/28/2018 | 11/27/2018 | 75,932.29 | Sears holdings corp. |
| 182122 | 91092651 | TMF | 9/29/2018 | 11/28/2018 | 75,760.56 | Sears holdings corp. |
| 201821995223 | 91092723 | MWO | 9/26/2018 | 11/25/2018 | 39,375.21 | Sears holdings corp. |
| PO 0001239 | 91093290 | Service Parts | 10/3/2018 | 11/2/2018 | 2,632.00 | Sears home services |
| PO 0001238 | 91093449 | Service Parts | 10/3/2018 | 11/2/2018 | 10,827.50 | Sears home services |
| 182320 | 91093522 | FDBM | 10/1/2018 | 11/30/2018 | 114,426.00 | Sears holdings corp. |
| 183307 | 91093523 | FDBM | 10/1/2018 | 11/30/2018 | 629,318.00 | Sears holdings corp. |
| 184808 | 91093716 | compact | 10/3/2018 | 12/2/2018 | 179,730.00 | Sears holdings corp. |
| 557842 | 91094161 | Water Filter | 10/4/2018 | 12/3/2018 | 1,440.00 | Sears holdings corp. |
| 557843 | 91094162 | Water Filter | 10/4/2018 | 12/3/2018 | 960.00 | Sears holdings corp. |
| 557844 | 91094163 | Water Filter | 10/4/2018 | 12/3/2018 | 960.00 | Sears holdings corp. |
| 183312 | 91094226 | FDBM | 10/4/2018 | 12/3/2018 | 371,722.00 | Sears holdings corp. |
| 183308 | 91094378 | FDBM | 10/5/2018 | 12/4/2018 | 314,534.00 | Sears holdings corp. |
| 183310 | 91094534 | FDBM | 10/5/2018 | 12/4/2018 | 372,122.00 | Sears holdings corp. |
| PO 0001237 | 91095299 | Service | 10/8/2018 | 11/7/2018 | 63,026.59 | Sears home services |

2

128997_4

| | | Parts | | | | |
|---|---|---|---|---|---|---|
| 183314 | 91095340 | FDBM | 10/5/2018 | 12/4/2018 | 371,972.00 | Sears holdings corp. |
| 8273680655 | 91095873 | compact | 10/5/2018 | 12/4/2018 | 327.45 | Sears holdings corp. |
| 8287251516 | 91095878 | compact | 10/8/2018 | 12/7/2018 | 3,078.03 | Sears holdings corp. |
| 8289245204 | 91095879 | compact | 10/5/2018 | 12/4/2018 | 458.43 | Sears holdings corp. |
| 559334 | 91096383 | compact | 10/9/2018 | 12/8/2018 | 40,418.25 | Sears holdings corp. |
| 183309 | 91096862 | FDBM | 10/5/2018 | 12/4/2018 | 257,446.00 | Sears holdings corp. |
| A91096862 | | | | | (841.00) | Shortage |
| 182126 | 91097888 | TMF | 10/2/2018 | 12/1/2018 | 197,593.02 | Sears holdings corp. |
| 182124 | 91097889 | TMF | 10/1/2018 | 11/30/2018 | 153,024.46 | Sears holdings corp. |
| 182127 | 91097890 | TMF | 10/1/2018 | 11/30/2018 | 225,833.22 | Sears holdings corp. |
| 182123 | 91097891 | TMF | 10/2/2018 | 12/1/2018 | 246,086.04 | Sears holdings corp. |
| 182128 | 91097892 | TMF | 10/3/2018 | 12/2/2018 | 72,924.96 | Sears holdings corp. |
| 182130 | 91097893 | TMF | 10/9/2018 | 12/8/2018 | 341,296.64 | Sears holdings corp. |
| 182792 | 91099635 | TMF | 10/9/2018 | 12/8/2018 | 268,412.65 | Sears holdings corp. |
| 182793 | 91099636 | TMF | 10/9/2018 | 12/8/2018 | 71,379.99 | Sears holdings corp. |
| 182798 | 91099637 | TMF | 10/9/2018 | 12/8/2018 | 292,812.90 | Sears holdings corp. |
| 182799 | 91099638 | TMF | 10/9/2018 | 12/8/2018 | 221,295.48 | Sears holdings corp. |
| PA00236312 | | | | | (62,500.00) | Subsidy |
| PA00236828 | | | | | (18,373.00) | Subsidy |
| 809111 | V80809111 | | 2018/10/09 | 2018/10/14 | (37,172.20) | Ship Window |
| 15006 | V81015006 | | 2018/10/12 | 2018/10/14 | (1,170.00) | Detention |
| | | | | **TOTAL** | **6,164,992.61** | |



3

128997_4