BEST BEST & KRIEGER LLP
18101 Von Karman Ave., Suite 1000
Irvine, CA 92612
Telephone:  (949) 263-2600
caroline.djang@bbklaw.com
Caroline R. Djang, SBN. 216313
*Attorneys for Niagara Bottling, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------X

### JOINDER BY NIAGARA BOTTLING, LLC
### TO LIMITED OBJECTION OF MIEN CO. LTD *ET AL* TO FEE
### APPLICATIONS FILED BY PROFESSIONALS [DOC 4923]

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Niagara Bottling, LLC ("Niagara"), by its attorneys, Best Best & Krieger LLP, submits this joinder to the limited objection dated August 20, 2019 of Mien Co. Ltd. *et al* to fee applications filed by professionals (the "Mien Objection") [Doc 4923], and represents and says as follows:

1.      Niagara joins in and supports the Mien Objection.

2.      Niagara supplied the Debtors with branded bottled water products.  Niagara has administrative expense claims under 11 U.S.C.  §  503(b)(1)(A) and  §  503(b)(9), totaling $257,552.41.

3.      As set forth in the Mien Objection, the professionals in this case have billed more than $167 million in fees and expenses and received interim payments of more than $133 million.

4.      As set forth in the Mien Objection, the professionals recently filed 14 more fee applications, requesting fees totaling more than $30 million plus more than $2.5 million in expenses.  In other words, close to $200 million in professional fees and expenses have been incurred in these cases.

5.      Because the Debtors' cases appear to be administratively insolvent, no further professional fees should be paid at this time.[1]

6.      As the Mien Objection notes, payments to professionals are <u>not</u> coming from a secured creditor carve-out; rather, every dollar paid to the professionals is one less dollar available for other administrative creditors.

7.      Vendors who supplied goods post-petition, as well as section 503(b)(9) claimants, are no less deserving of payment than the professionals.  Yet, the Debtors are no longer paying administrative claims even if there is no objection to such claims.

8.      Accordingly, no further payments of professional fees should be made at this time.  All administrative creditors should receive equal treatment.

Dated:  Irvine, California
        August 23, 2019

BEST BEST & KRIEGER LLP

By: /s/ Caroline R. Djang
        Caroline R. Djang
        18101 Von Karman Ave.
        Suite 1000
        Irvine, CA 92612
        Telephone:  (949) 263-2600
        caroline.djang@bbklaw.com
        *Attorneys for Niagara Bottling, LLC*

---

[1] Notably, distressed claim buyers are now offering only 40% for administrative claims that involve no disputed issues of fact or law.