UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :     Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :     Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :     (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among Innovel Solutions, Inc. and Sears, Roebuck and Co. (collectively, "**Sears**"), and Steven R. Wolf, as Administrator of the Estate of Breanna N. Africa, Deceased ("**Steven Wolf**"), and Carmine Molinaro, Jr. and Colette Molinaro, as Parents and Natural Guardians of McKenzie Molinaro, a Minor (the "**Molinaros**" and, together with Steven Wolf, the "**Movants**"). Sears and the Movants collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears and certain of its affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, between March 2018 and September 2018, Steven Wolf commenced an action against Sears in the Pennsylvania Court of Common Pleas, Washington County (the "**Pennsylvania State Court**"), captioned *Wolf v. Hunter Leasing, LLC* (Case No. 2017-1725) (the "**Wolf Prepetition Action**"). In addition, on or about June 8, 2018, the Molinaros commenced an action against Sears in the Pennsylvania State Court, captioned *Molinaro v. David Elsbury, Jr.* (Case No. 2018-130) (the "**Molinaro Prepetition Action**" and, together with the Wolf Prepetition Action, the "**Prepetition Actions**"). The Prepetition Actions involve fatal and personal injury claims asserted by the Movants, among other claims, as a result of an automobile accident that occurred on September 9, 2016.

C. WHEREAS, on March 26, 2019, the Movants filed the *Motion for Relief from Automatic Stay by Steven R. Wolf, Esq., as Administrator of the Estate of Breanna N. Africa, Deceased, and Carmine Molinaro, Jr. and Colette Molinaro, as Parents and Natural Guardians of McKenzie Molinaro, a Minor* [ECF No. 2961] (the "**Motion**"), seeking relief from the Automatic Stay for the limited purposes of continuing the Prepetition Actions to liquidate Movants' claims.

2

D.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay, pursuant to section 362 of the Bankruptcy Code, for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit the Movants to continue the Prepetition Actions (including any appeal(s) thereto) against Sears, solely to resolve and liquidate the Movants' claims and to obtain recovery from any available and/or applicable insurance proceeds/policies issued by any non-debtor party (*i.e.*, non-self-insurance proceeds/policies), including, but not limited to, under policy number ISA H09044188 issued by ACE American Insurance Company (as renewed, amended, modified, endorsed, or supplemented from time to time) and under policy number CSP 5315510 issued by Westfield Insurance Company, and solely to the extent that the insurance policies cover Sears' defense costs in the Prepetition Actions; <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. For the avoidance of doubt, as of the Effective Date, the Movants hereby agree to waive any right to recovery in the Prepetition Actions against Sears or any of the Debtors, other than from any available and applicable insurance proceeds/policies. Nothing herein limits, restricts, or modifies the Movants' claim to recovery against any non-Debtors.

4. As of the Effective Date, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Movants' claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of the Bankruptcy Court.

5. Upon the Effective Date, the Motion shall be deemed withdrawn, without prejudice.

6. Nothing set forth herein (i) alters, amends, or otherwise modifies, in any way, the terms and conditions of any insurance policies issued to Sears and/or the Debtors or of any related agreements; (ii) shall be construed as a waiver by Sears, the Debtors, and/or their insurers of any rights under any insurance policies issued to Sears and/or the Debtors or of any related agreements; (iii) creates, permits, impairs, or extinguishes a direct right of action by the Movants against Sears or any of the other Debtors' insurers; (iv) precludes, limits, or enhances, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly-applicable policy, or to otherwise assert any defenses to coverage; or (v) constitutes a determination or admission that coverage exists with respect to the Movants' claims.

7. Nothing herein alters or amends the terms and conditions of the *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Programs* [ECF No. 792].

8. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Actions or any other pending prepetition action to which Sears or any of the other Debtors are a party that have been or may be filed by any of the Movants in the Debtors' chapter 11 cases.

9. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

10. The limited relief set forth herein shall not be construed as an admission of liability by any of the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from, or in relation to, the Prepetition Actions or any other matter.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall

constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

16. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Signature Page Follows*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: August 16, 2019 | Dated: August 16, 2019 |
| By: */s/ Garrett A. Fail*<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for the Debtors*<br>*and Debtors in Possession* | By: */s/ Edward L. Schnitzer*<br>Edward L. Schnitzer<br>MONTGOMERY MCCRACKEN<br>  WALKER & RHOADS LLP<br>437 Madison Avenue<br>New York, NY 10022<br>Telephone: (212) 551-7781<br>Facsimile: (212) 599-5085<br><br>*Attorneys for the Movants* |

It is SO ORDERED.

Dated: August 26, 2019
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE