# EXHIBIT A

<u>Declaration of Angela F. Sanchez</u>

(Attached)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF ANGELA F. SANCHEZ IN SUPPORT OF APPLICATION OF NORTHERN INDIANA PUBLIC SERVICE COMPANY LLC FOR PAYMENT FROM THE ADEQUATE ASSURANCE ACCOUNT PURSUANT TO SECTION 7 OF THE ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE

I, Angela F. Sanchez, hereby declare under penalty of perjury:

1. I am Manager of Meter to Cash at NiSource, Inc. ("NiSource"). Northern Indiana Public Service Company LLC ("NIPSCO") is a wholly-owned subsidiary of NiSource. I have served in that position for 3 years and worked for NiSource generally for 11 years. Before becoming the Manager of Meter to Cash, I held the following positions with NiSource: Customer Service Representative, Collections Clerk, and Team Leader Revenue Recovery.

2. As the Manager of Meter to Cash, I am responsible for overseeing the mitigation of financial risk associated with active and final delinquent accounts, bankruptcies, distribution facility damages, energy theft, and unauthorized use of service for NIPSCO and other affiliated companies. It is part of my job responsibility with NIPSCO to review NIPSCO's customer accounts, address credit issues, and address issues concerning NIPSCO's customers that file for bankruptcy protection, including requests for adequate assurance of payment.

3. I submit this declaration to assist the Court in understanding the factual circumstances that support the relief requested in the *Application of Northern Indiana Public Service Company LLC for Payment from the Adequate Assurance Account Pursuant to Section 7 of the Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Service* (the "Application"), submitted contemporaneously herewith.[1]

4. Except as otherwise indicated herein, all facts set forth in this declaration are based upon my personal knowledge, information supplied to me by other members of NIPSCO's team, my knowledge of the relevant documents, or my opinion based on my experience, knowledge, and information concerning NIPSCO's business. If called upon to testify, I would testify competently to the facts set forth in this declaration. I am authorized to submit this declaration on behalf of NIPSCO.

5. Following the Petition Date, NIPSCO provided natural gas utility service to Sears at a number of locations, including 154 Hively, Ste 28, Elkhart, IN 46517-2160, identified by post-petition account number ending in 005-0 (the "Delinquent Account").

6. On April 2, 2019, Sears contacted NIPSCO to request that natural gas service for the Delinquent Account be shut off as of April 4, 2019. Sears had not contacted NIPSCO prior to April 2, 2019, to request that service be shut off.

7. On April 4, 2019, NIPSCO shut off service and sent Sears a final bill for the Delinquent Account.

---

[1] Capitalized terms used but not defined in this declaration have the meanings given in the Application.

-2-

8.  Because payment was not received, NIPSCO sent a reminder notice on May 8, 2019, and a collection warning notice on May 22, 2019.

9.  True and correct copies of the final bill, the reminder notice, and the collection warning notice are attached to the Application as **Exhibit B**, **Exhibit C**, and **Exhibit D**, respectively.

10. By notice dated July 31, 2019, NIPSCO (through counsel) notified Sears that it is in default for failure to pay NIPSCO amounts due for natural gas utility service provided in connection with the Delinquent Account in the aggregate amount of $23,238.15.

11. As of the date of the Application, NIPSCO has not received any portion of past due post-petition amount owed on the Delinquent Account.

12. Of the $37,654.63 deposited into the Adequate Assurance Account for NIPSCO, I understand that $20,070.48 is allocable to Sears's accounts with NIPSCO.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 27, 2019

_____
Angela F. Sanchez
Manager Meter to Cash, NIPSCO