WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor
Brad J. Axelrod
Cassandra Postighone
    -and-
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: 312-263-0272
Michael M. Mulder*
Elena N. Liveris*

*Proposed Counsel to the Official Committee of
Retirees with Life Insurance Benefits of the
Sears Holdings Corporation, et al.*
*Pro hac vice application pending*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |

**EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF
RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS
HOLDINGS CORPORATION, ET AL. SEEKING ENTRY OF AN ORDER,
PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY
SECURIAN FINANCIAL GROUP, INC.**

**TO:    THE HONORABLE ROBERT D. DRAIN
         UNITED STATES BANKRUPTCY JUDGE**

The Official Committee of Retirees With Life Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession

(collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this application (the "Application") for entry of an order directing the production of certain records, documents, and electronic files that are in possession, custody or control of Securian Financial Group, Inc. ("Securian") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). In support of this Application, the Retirees Committee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are Bankruptcy Rule 2004.

**BACKGROUND**

4. An official committee of Retirees with Life Insurance Benefits (the "Retirees Committee") was appointed on July 9, 2019 (ECF 4470).[1] The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Rules").

5. The Retirees Committee incorporates by reference the background sections of the motion under Bankruptcy Code Section 1114(d) by which certain retirees sought the committee's appointment (ECF 4054) (the "Retirees 1114 Motion"), the supporting declaration of Michael M.

---

[1] The Retirees Committee currently comprises: (i) Richard Bruce, (ii) Ronald Olbrysh, (iii) Mary Rose Steininger, (iv) James T. Nally, and (v) Joseph E. Hartzell.

Mulder (ECF 4055) (the "Mulder Decl."), the Retirees Committee's reply to the Debtor's objection to the Retirees 1114 Motion (ECF 4262) (the "Retirees 1114 Reply"), the Retirees Committee's objection to Debtors' motion for modification of retiree benefits (ECF 4768), and all accompanying declarations and exhibits attached to them.

6. On August 22, 2019, the Court granted the Debtors' and the Retirees Committee's request for an adjournment of the hearing on Debtors' motion for modification of retiree benefits (ECF 4635) in order to allow additional time for discovery and analysis, including to serve a subpoena upon Securian Financial Group, Inc., the parent company of Securian Life Insurance Company, which held the Group Term Life Insurance Policy of Debtors' retirees that was unilaterally terminated on March 15, 2019.

## RELIEF REQUESTED

7. By this Application, the Retirees Committee respectfully requests entry of an order pursuant to Bankruptcy Rule 2004, substantially in the form annexed hereto as **Exhibit A**, authorizing the Retirees Committee to serve document requests through a subpoena on Securian Financial Group, Inc.

## BASIS OF RELIEF

**Bankruptcy Rule 2004**

8. Bankruptcy Rule 2004(a) provides, in relevant part, that "[o]n motion of any party in interest, the court may order examination of any entity." Pursuant to Bankruptcy Rule 2004(b), a party in interest, such as creditors with claims relating to Debtors' failure to pay the life insurance benefits of approximately 29,000 of Debtors' retirees, may request discovery related to "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter

3

which may affect the administration of the debtor's estate or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

9. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)).

10. "The scope of a Rule 2004 examination is very broad and can be in the nature of a fishing expedition." *Id*. (citing *Chereton v. United States*, 286 F.2d 409, 41 (6th Cir. 1961), cert. denied, 366 U.S. 924 (1961); *In re Fearn*, 96 B.R. 135, 137 (Bankr. S.D. Ohio 1989); *In re Vantage*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)). *See also In re Madison Williams Co., LLC*, No. 11-15896, 2014 WL 56070 at *3 (Bankr. S.D.N.Y. Jan. 7, 2014). In fact, discovery provided for under Bankruptcy Rule 2004 is "broader discovery than is available under the Federal Rules of Civil Procedure." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Bernard Madoff*), 2014 WL 5486279, at *2 (citing *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004)).

11. There are limits on the scope of a Bankruptcy Rule 2004 examination, including, among others, that it "should only be used for the legitimate purpose of obtaining information relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's right to a discharge.'" *In re Coffee Cupboard, Inc.*, 128 B.R. at 514 (quoting Fed. R. Bankr. P. 2004(b)).

12. There is also a limit on the scope of Rule 2004 examinations with respect to not using such examinations "to obtain information for use in an unrelated case or proceeding pending before another tribunal." *In re Coffee Cupboard, Inc.*, 128 at 516. But, "[t]he mere fact that there

4

is pending litigation against a person sought to be examined under Rule 2004 and possible use of such testimony in collateral litigation is not a sufficient reason for denying the examination." *Id*. (citing *In re Table Talk, Inc*., 51 B.R. 143 (Bankr. D. Mass. 1985)).

**The Information Sought Relates to Debtors' Liabilities**

13.     By this Application, the Retirees Committee is seeking information from Securian relating to the approximately 29,000 retirees of Debtors that were covered by Securian's Group Term Life Insurance Policy of Sears Holding Corporation (the "Securian Policy"), effective January 1, 2016 (ECF 4768, Ex. G).

14.     Without the requested discovery, the Retirees Committee cannot determine (i) the identification of the retirees who were policyholders of the Securian Policy as well as the retirees' beneficiaries; (ii) the identity of retirees that may be policyholders that may not hold vested benefits as a result of either being the beneficiary of a policy that was less than $5,000 on the petition date or holding supplemental policies that also may not constitute vested benefits; (iii) which of the retirees' claims were paid by Securian between January 1, 2019 and April 15, 2019 (the "Breach Period"); and (iv) the mortality rate of retirees who passed away during the Breach Period.

15.     Once the above information is received and the mortality rate is determined, the Retirees Committee can use this rate to potentially assess the pool of retirees that are entitled to administrative claims and inform and estimate the frequency in which the retirees' beneficiaries will assert claims, with which it may be able to better understand the Debtors' expected exposure based on the number of expected claims, thereby facilitating further negotiations with Debtors.

## NOTICE

16. Notices of this Application will be provided in accordance with the procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures (ECF Doc. No. 405). The Retirees Committee respectfully submits that no further notice is required.

## NO PRIOR REQUEST

17. No prior request of the relief sought in this Application has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Retirees Committee respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit A** granting the relief requested herein and such other and further relief as the Court deems just, appropriate, and equitable under the circumstances.

Dated: August 27, 2019
New York, New York

                    Respectfully submitted,

                    By: */s/ James N. Lawlor*
                        James N. Lawlor
                        Brad Axelrod
                        Cassandra Postighone

                    WOLLMUTH MAHER & DEUTSCH LLP
                    500 Fifth Avenue
                    New York, New York 10110
                    P: 212-382-3300
                    F: 973-741-2398
                    Telephone: (212) 382-3300
                    Facsimile: (212) 382-0050

- and -

Michael M. Mulder*
Elena N. Liveris*
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: 312-263-0272

*Proposed Counsel to the Official Committee of Retirees with Life Insurance Benefits of the Sears Holdings Corporation, et al.*

*Pro hac vice application pending*

## Exhibit A

**Proposed Order**

18-23538-shl Doc 5001 Filed 08/27/19 Entered 08/27/19 16:52:27 Main Document Pg 8 of 10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AUTHORIZING THE OFFICIAL
COMMITTEE OF RETIREES WITH LIFE INSURANCE BENEFITS TO
ISSUE A SUBPOENA DIRECTING THE PRODUCTION OF DOCUMENTS
OF SECURIAN FINANCIAL GROUP, INC.**

Upon the application dated August 27, 2019 (the "Application") of the Official Committee of Retirees with Life Insurance Benefits (the "Retirees Committee" or "Movant") for an order under Fed. R. Bankr. P. 2004 directing Securian Financial Group, Inc. ("Securian") to produce documents about Debtors' retirees, including the approximately 29,000 retirees of Debtors that were covered by Securian's Group Term Life Insurance Policy of Sears Holding Corporation (the "Securian Policy"), effective January 1, 2016 (ECF 4768, Ex. G) (the "Rule 2004 Topics"); and the Court after due deliberation having concluded that the Movant has established sufficient cause for the relief granted in this order; and no additional notice being required except as specified in this order; now, therefore, it is hereby ORDERED that:

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics (each, a "Rule 2004 Subpoena").

1

2. Not later than 10 days after the service of the subpoena, the Application, and a copy of this Order, Securian Financial Group, Inc. shall deliver the documents (including electronically stored information) in its possession, custody, or control referenced in the Rule 2004 Subpoena to James N. Lawlor and Cassandra Postighone of Wollmuth, Maher & Deutsch LLP (the Movant's counsel).

3. The production and examination required under paragraph 2 are subject to any applicable privilege; provided that a document is withheld based on an asserted privilege, Securian shall provide with the document production a proper privilege log.

4. Before conducting an electronic search utilizing search terms, if necessary, Securian shall meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

5. All disputes concerning Rule 2004 Subpoenas, including objections to them, that are not resolved by agreement may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of letter briefs shall also be emailed to the Court's chambers.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
_____ \_\_, \_\_\_\_\_          _____
                                  THE HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

2