Shopchimney.com inc
1535 North lake Drive
Lakewood, NJ 08701
845-999-1088
Simon Pantierer, Owner (sp@shopchimney.com)
Claimant



---------------
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------

In re: Chapter 11
SEARS HOLDING CORPORATION, et al.,Case No. 18-23538 (RDD)
 Debtors. (Jointly Administered)

**CLAIMANTS OBJECTION TO CLAIM RECLASSIFICATION [DOC 4776]**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

**PLEASE TAKE NOTICE** that on August 26th, 2019, Shopchimney.com inc as claimant (the "Claimant"), hereby submits their objection to the reclassification of their Proof of Claim Number 11540  for Asserted U.S.C. § 503(b)(9) Priority Administrative Claim of $26345.11.

**RESPONSE:**

The Claim should not be reclassified for the following reasons:

1. The Debtors Objection states the "Reason for Proposed Reclassification" is that "The Claim does not relate to goods received 'by the Debtors'". The goods were sold by Sears.com via their online marketplace to their customers.
2. Those goods were delivered directly to the customers on the Debtors behalf to the shipping address provided by the Debtor.
3. The goods were general consumer items found in most brick and mortar stores including the Debtors stores.
4. The debtors collected the money from the customers for receipt of goods to the customers including sales tax. However, the Debtors have not remitted that money to the Claimant.
5. The Claimant can provide tracking numbers and proof of delivery of all orders delivered in the Claim.
2
6. The Debtors reported the sales of these goods in their top line revenue numbers and deemed them sales of goods. This indicates the Debtor deemed

these as their sales of goods and implicitly took possession of the goods for the purposes of this Claim.

7. The Debtors collected and remitted the sales tax as due on the sales of these goods. Sales tax was not remitted to the Claimant. This again indicates the Debtor took possession of the goods for the purposes of tax collection and remittance and therefore qualifies as a U.S.C. § 503(b)(9) Priority Administrative Claim.

8. Per Section 503(b)(9) of the Bankruptcy Code, the Claimant shall be allowed expenses including the value of goods received by the Debtors within 20 days before the date of commencement of a Title 11 bankruptcy case. The purpose of this is as an incentive to continue to do business with the Debtor. The Claimant continued to do business with the Debtor based on this.

9. If it is deemed the sales of goods on Sears.com online marketplace are not the Debtors, then the funds related to ALL the unpaid transactions between Sears.com and the Claimant should be deemed a Trust. Those funds should have been kept separate in a Trust just like sales tax or employee withholding. As a result, the court should immediately require these funds to be turned over to the Claimant for the full amount of their Claim not just the 503(b)(9) portion. The Debtor can not have this both ways, either the goods were received by the Debtor or the money from the sale of goods was in Trust. The total amount of all unpaid transactions owed to the Claimant is $101536.64

PLEASE TAKE FURTHER NOTICE that I will not be able to attend the Hearing scheduled for September 25th, 2019 at 10:00am. I will however be available via cell phone at 908-910-0316 on that day.

Dated: Lakewood, New Jersey
August 26, 2019

Simon Pantierer
Shopchimney.com inc
1535 North lake Drive
Lakewood, NJ 08701
908-910-0316

By: _____