UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AUTHORIZING THE OFFICIAL
COMMITTEE OF RETIREES WITH LIFE INSURANCE BENEFITS TO
ISSUE A SUBPOENA DIRECTING THE PRODUCTION OF DOCUMENTS
BY SECURIAN FINANCIAL GROUP, INC.**

Upon the application, dated August 27, 2019 (the "Application") of the Official Committee of Retirees with Life Insurance Benefits (the "Retirees Committee" or "Movant") for an order under Fed. R. Bankr. P. 2004 directing Securian Financial Group, Inc. ("Securian") to produce documents within its possession, custody or control about Debtors' retirees, specifically the approximately 29,000 retirees of Debtors that were covered by Securian's Group Term Life Insurance Policy of Sears Holding Corporation (the "Securian Policy"), effective January 1, 2016, as described in the Application (Dkt. No. 4768, Ex. G) (the "Rule 2004 Topics"); and the Court after due deliberation having concluded that the Movant has established sufficient cause for the relief granted in this order; and no additional notice being required except as specified in this order; now, therefore, it is hereby ORDERED that:

1.   The Application is granted as the Movant is authorized, pursuant to Fed. R. Bankr. P. 2004(c) and 9016, to issue a subpoena(s) for the production of documents relevant to the Rule 2004 Topics (each, a "Rule 2004 Subpoena").

2. Not later than 10 days after the service of the Rule 2004 Subpoena, the Application, and a copy of this Order, Securian Financial Group, Inc. shall deliver the documents (including electronically stored information) in its possession, custody, or control referenced in the Rule 2004 Subpoena to James N. Lawlor and Cassandra Postighone of Wollmuth, Maher & Deutsch LLP (the Movant's counsel) at the address listed on the Subpoena.

3. The production and examination required under paragraph 2 are subject to any applicable privilege; provided, that if a document is withheld based on an asserted privilege, Securian shall provide with the document production a proper privilege log.

4. Before conducting an electronic search utilizing search terms, if necessary, Securian shall meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

5. All disputes concerning Rule 2004 Subpoenas, including objections to them, that are not resolved by agreement may be raised only by letter brief filed, served and emailed to the Court's chambers not exceeding five pages, single spaced. The other party shall file, serve and email to the Court's chambers a responsive letter brief within three business days, which shall not exceed five pages, single spaced.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York
       August 28, 2019          /s/ Robert D. Drain
                                       THE HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE