**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------X
                                                            :
In re:                                                      :   Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,¹                        :
                                                            :   Case No. 18-23538-rdd
                    Debtors.                                :
                                                            :   (Jointly Administered)
                                                            :
------------------------------------------------------------X
```

**APPELLANT ESL INVESTMENTS, INC.'S**
**STATEMENT OF ISSUES TO BE PRESENTED AND**
**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Appellant ESL Investments, Inc. and certain of its affiliated entities (including JPP, LLC and JPP II, LLC (collectively, "ESL")), by and through its undersigned counsel, hereby respectfully submits, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, this statement of issues to be presented and designation of items to be included in the record on

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR-Rover De Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

appeal with respect to its appeal of this Court's *Order Determining the Amount of Second-Lien Holders' Section 507(B) Administrative Claims Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure* (ECF No. 4740) (the "Appealed Order")[2] before the United States District Court for the Southern District of New York (the "District Court") at Case No. 19-cv-7660 (VB).

## STATEMENT OF ISSUES ON APPEAL

When Appellees Sears Holdings Corporation and its affiliates ("Sears") filed for bankruptcy on October 15, 2018 (the "Petition Date"), ESL and the other Appellants (the "Second Lien Holders") held perfected second liens on the Appellees' inventory and receivables securing approximately $1.151 billion in debt, a substantial majority of which was owed by Sears to the Second Lien Holders. Under the Bankruptcy Code, 11 U.S.C. § 101, et seq., Sears could not continue to use that collateral without providing the Second Lien Holders "adequate protection" for their security interests. To that end, Sears and the Second Lien Holders entered into a stipulation, approved by the bankruptcy court, under which Sears was permitted to continue to sell and otherwise use the Second Lien Holders' collateral. In exchange, Sears provided the Second Lien Holders with "replacement liens" on other assets, including on any new inventory purchased or accounts' receivable generated by Sears during the bankruptcy. And, in the event those replacement liens proved to be inadequate to fully protect the value of the Second Lien Holders' collateral as of the Petition Date, the stipulated order granted the Second Lien Holders a super-priority claim, ahead of all other claims, for any such diminution in the value of the collateral, in accordance with Section 507(b) of the Bankruptcy Code. In the decision below, the bankruptcy court held that there had been no such diminution and that,

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Appealed Order.

2

accordingly, the Second Lien Holders were not entitled to any super-priority claim, even though Sears had months after it filed for bankruptcy sold whatever collateral remained for an amount that paid the Second Lien Holders only $433.5 million, leaving them owed approximately $718 million. The court reached that conclusion by (among other errors) valuing the collateral, in disregard of controlling Supreme Court precedent on the proper valuation methodology (replacement cost to the Debtor), under a potential, hypothetical liquidation as worth on the Petition Date some $200 million less than even Sears claimed it had been worth (and as worth at least $573 million less than the actual uncontested replacement value of the collateral) and by treating some $395 million in entirely contingent obligations of the senior, first-lien lenders, in the form of undrawn letters of credit, as if they had been fully drawn when, in fact, virtually none of those letters of credit were ever drawn in the bankruptcy case.

ESL intends to present the following issues on appeal:

1. Did the bankruptcy court err in applying its own "real world" hypothetical liquidation test to compute the value of Appellants' Collateral on the Petition Date, rather than following the Supreme Court's ruling in *Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 962 (1997), that replacement cost is the appropriate valuation methodology where, as here, the debtor did not surrender the collateral to the secured creditor but rather used and sold it to generate economic value for the debtor and its bankruptcy estate?

2. Did the bankruptcy court similarly err in deducting approximately $395 million from the Second Lien Holders' claims based on the assumption that, in a hypothetical liquidation, contingent unfunded first lien obligations pursuant to standby letters of credit would become funded when, in fact, no significant draws under these letters of credit occurred in the

3

case and they were assumed by the buyer without any funding as part of the going concern sale of Sears' business that actually occurred?

3. Did the bankruptcy court also err by failing to follow Second Circuit precedent in *Gen. Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.)*, 739 F.2d 73 (2d Cir. 1984); *Gen. Elec. Credit Corp. v. Peltz (In re Flagstaff Foodservice Corp.)*, 762 F.2d 10 (2d Cir. 1985) and by deducting surcharges for indirect overhead costs and administrative expenses of the bankruptcy as part of its valuation process despite ruling that the Debtors had failed to meet their burden to impose any such surcharges under Section 506(c) of the Bankruptcy Code?

4. Did the bankruptcy court otherwise err, including by not crediting the Second Lien Holders' secured claim with the benefit of cash, pharmacy script collateral, "ineligible" inventory and in-transit inventory and by deducting from the value of such claim hypothetical interest expenses?

5. Did the bankruptcy court err in ruling that the plain text of the asset purchase agreement under which Sears sold its business operations in bankruptcy limits ESL's recovery on account of its claims under section 507(b) of the Bankruptcy Code to $50 million?

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**[3]

ESL designates the following items for inclusion in the record on appeal. Each designated item shall also include any and all exhibits and documents annexed to and referenced within such items.

---

[3] The list of items designated for inclusion in the record on appeal is the same as the list of items that has been designated by Cyrus Capital Partners, L.P. for inclusion in the record on appeal of the Appealed Order before the District Court at Case No. 19-cv-7782 (VB) and the list of items that has been designated by Wilmington Trust, National Association for inclusion in the record on appeal of the Appealed Order before the District Court at Case No. 19-cv-7697 (VB). All documents designated herein without a docket number reference were electronically filed by Cyrus Capital Partners, L.P. on August 28, 2019 at ECF No. 5017.

## DOCUMENTS FILED IN BANKRUPTCY COURT

| Docket No. | Docket Entry Date | Description |
|---|---|---|
| 3198 | 4/15/2019 | Declaration of Brian J. Griffith in Support of Debtors' Objection to Motion of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent to Prohibit or Condition Debtors' Continued Use of Collateral, Including Cash Collateral, and Exhibits 1-2 thereto, annexed as Exhibit A to Debtors' Objection to Motion of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent to Prohibit of Condition Debtors' Continued Use of Collateral, Including Cash Collateral |
| 3205 | 4/15/2019 | First Application of Alvarez and Marsal North America, LLC as Financial Advisors for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 15, 2018 through February 28, 2019 |
| 4034 | 5/26/2019 | Debtors' Motion to Estimate Certain 507(b) Claims for Reserve Purposes |
| 4035 | 5/26/2019 | Declaration of Brian J. Griffith in Support of the Debtors' Motion to Estimate Certain 507(b) Claims for Reserve Purposes, with Exhibit A thereto |
| 4272 | 6/18/2019 | Common Memorandum of Law on Behalf of the Second Lien Parties: (A) In Support of Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c) |
| 4273 | 6/18/2019 | Supplemental Memorandum of Law on Behalf of ESL Investments, Inc. in Support of Its Requests to Determine the Amount of its Second Lien Secured Claims Under Section 506(a) and its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and In Opposition to the Debtors' Motion to Surcharge its Collateral Pursuant to Section 506(c) |
| 4275 | 6/18/2019 | Declaration of Katherine R. Lynch on Behalf of ESL Investments, Inc. In Support of The Second Lien Parties' Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) |

| Docket No. | Docket Entry Date | Description |
|---|---|---|
| | | Administrative Claims Pursuant to Bankruptcy Rule 3012; and In Opposition to Debtors' Motion to Surcharge Its Collateral Pursuant to Section 506(c), with Exhibits 1 to 25 |
| 4276 | 6/18/2019 | Demand for Payment of ESL Investments, Inc. |
| 4278 | 6/18/2019 | Request for Payment of Cyrus Capital Partners, LP |
| 4504 | 6/20/2019 | Memorandum of Law in Support of Request of Cyrus Capital Partners, L.P. to Determine the Amount of Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012 and in Opposition to Debtors' Request to Surcharge Collateral Pursuant to Section 506(c) (unredacted version of Dkt. No. 4313) |
| 4505 | 6/20/2019 | Expert Report of Marti P. Murray in Support of Memorandum of Law in Support of Request of Cyrus Capital Partners, L.P. to Determine the Amount of Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012 and in Opposition to Debtors' Request to Surcharge Collateral Pursuant to Section 506(c) (unredacted version of Dkt. No. 4314) |
| 4316 | 6/20/2019 | Stipulation and Order By and Among Sears Holdings Corporation and Wilmington Trust, National Association, Cyrus Capital Partners, L.P. and ESL Investments, Inc. and certain of its affiliated entities (including JPP, LLC and JPP II, LLC) Concerning the Resolution of Certain Section 507(b) Claims |
| 4372 | 6/27/2019 | Expert Report of David M. Schulte in Support of Supplemental Memorandum of Law on Behalf of ESL Investments, Inc. in Support of its Requests to Determine the Amount of its Second Lien Secured Claims Under Section 506(a) and its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and in Opposition to the Debtors' Motion to Surcharge its Collateral Pursuant to Section 506(c) |
| 4381 | 6/27/2019 | Debtors' (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c) |

6

| Docket No. | Docket Entry Date | Description |
|---|---|---|
| 4382 | 6/27/2019 | Supplemental Declaration of Brian J. Griffith in Support of the Debtors' (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if any, of 507(b) Claims and to Surcharge the Second-Lien Collateral Pursuant to Section 506(c), with Exhibits A-C thereto |
| 4383 | 6/27/2019 | Declaration of Brandon Aebersold, with Exhibits A-C thereto |
| 4439 | 7/3/2019 | Common Reply Memorandum of Law on Behalf of the Second Lien Parties: (a) in Further Support of Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (b) in Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c) |
| 4440 | 7/3/2019 | Supplemental Reply Memorandum of Law on Behalf of ESL Investments, Inc. in Further Support of Its Request to Determine the Amount of Its Second Lien Secured Claims Under Section 506(a) and its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and in Opposition to the Debtors' Motion to Surcharge its Collateral Pursuant to Section 506(c) |
| 4441 | 7/3/2019 | Memorandum of Law / Reply Brief of Cyrus Capital Partners, L.P. in Support of Request to Determine the Amount of Secured Claims under Section 506(a) and Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012 and in Opposition to Debtors' Request to Surcharge Collateral Pursuant to Section 506(c) |
| 4445 | 7/6/2019 | Supplemental Reply Memorandum of Law in Further Support of the Request of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent for Payment of an Administrative Expense Pursuant to 11 U.S.C. § 503(a) With Priority Over All Other Administrative Expenses Pursuant to 11 U.S.C. § 507(a) and For Allowing of A Secured Claim to the Extent of Remaining Collateral Pursuant to 11 U.S.C. § 506(a) (Corrected) |

| Docket No. | Docket Entry Date | Description |
|---|---|---|
| 4538 | 7/15/2019 | The Creditors' Committee's (I) Qualified Joinder to the Debtors' Objection to the Second Lien Parties' Requests to Determine Claims Under Section 506(a) and Section 507(b) and Reply in Support of Debtors' Rule 3012 Motion and (II) Supplemental Objection to the Second Lien Parties' Request to Determine the Claims Under Section 506(a) and Section 507(b) |
| 4563 | 7/18/2019 | Stipulated Facts, with Exhibits A-J thereto |
| 4564 | 7/18/2019 | Motion of Cyrus Capital Partners, L.P., ESL Investments, Inc. and Wilmington Trust, National Association in Limine to Exclude Certain Testimony and Strike Certain Portions of the Declarations by the Debtors' Fact Witness Brian Griffith |
| 4565 | 7/18/2019 | Debtors' Supplemental Brief on Expert Discovery and in Further Support of (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of the Debtors' Rule 3012 Motion to Determine the Amount, if any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c) |
| 4566 | 7/18/2019 | Declaration of Katherine R. Lynch in Support of the Motion of Cyrus Capital Partners, L.P., ESL Investments, Inc. and Wilmington Trust, National Association in Limine to Exclude Certain Testimony and Strike Certain Portions of the Declarations by the Debtors' Fact Witness Brian Griffith, with Exhibits A-E thereto |
| 4567 | 7/18/2019 | Second Supplemental Declaration of Brian J. Griffith in Support of the Debtors' (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule 3012 Motion to Determine the Amount, if any, of 507(b) Claims and to Surcharge the Second-Lien Collateral Pursuant to Section 506(c), with Exhibits A-I thereto |
| 4568 | 7/18/2019 | Debtors' Motion to Strike Second-Lien Holders' Experts in Connection with July 23, 2019, Hearing on Rule 507(b) Determination |
| 4569 | 7/18/2019 | Declaration of David M. Schulte in Support of ESL's Requests to Determine the Amount of Its Second Lien Secured Claims |

| Docket No. | Docket Entry Date | Description |
|---|---|---|
|  |  | Under Section 506(a) and Its Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012 and ESL's Joinder to the Motion of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent to Prohibit or Condition Debtors' Continued Use of Collateral, Including Case Collateral; and in Opposition to the Debtors' Motion to Surcharge ESL's Collateral Pursuant to Section 506(c), dated July 18, 2019, with Exhibits A-D thereto |
| 4570 | 7/18/2019 | Common Supplemental Brief of the Second Lien Parties Addressing Discovery: (A) In Connection with Their Requests to Determine the Amount of Their Second Lien Secured Claims Under Section 506(a) and Their Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012; and (B) In Opposition to Debtors' Motion to Surcharge Their Collateral Pursuant to Section 506(c) |
| 4571 | 7/18/2019 | Declaration of Marti P. Murray in Support of Cyrus Capital Partners, L.P.'s Request to Determine the Amount of Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims Pursuant to Bankruptcy Rule 3012 and In Opposition to Debtors' Request to Surcharge Collateral Pursuant to Section 506(c), with Exhibit A thereto |
| 4573 | 7/18/2019 | Declaration of William Henrich (I) in Support of the Request of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent For Payment of An Administrative Expense Pursuant to 11 U.S.C. § 503(a) With Priority Over All Other Administrative Expenses Pursuant to 11 U.S.C. § 507(b) and For Allowance of a Secured Claim to the Extent of Remaining Collateral Pursuant to 11 U.S.C. § 506(a) and (II) In Opposition to the Debtors' Motion Pursuant to 11 U.S.C. § 506(c), with Exhibits A-L thereto |
| 4586 | 7/19/2019 | Request of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent for Payment of an Administrative Expense Pursuant to 11 U.S.C. § 503(a) With Priority Over All Other Administrative Expenses Pursuant to 11 U.S.C. § 507(b) and For Allowance of a Secured Claim to the Extent of Remaining Collateral Pursuant to 11 U.S.C. § 506(a), with Exhibits A-J thereto (unredacted version of Dkt. No. 4279) |
| 4587 | 7/19/2019 | Supplemental Memorandum of Law of Wilmington Trust, National Association, as Indenture Trustee and Collateral |

| Docket No. | Docket Entry Date | Description |
|---|---|---|
| | | Agent, (I) In Support of Motion Pursuant to Bankruptcy Rule 3012 for Determination of Amount of Secured Claim Pursuant to 11 U.S.C. § 506(a) and Amount of Claim Entitled to Priority Pursuant to 11 U.S.C. § 507(b) and (II) In Opposition to the Debtors Motion Pursuant to 11 U.S.C. § 506(c) (unredacted version of Dkt. No. 4280) |
| 4598 | 7/22/2019 | Notice of Amended Agenda of Matters Scheduled for Hearing on July 23, 2019 at 10:00 a.m. |
| 4740 | 8/5/2019 | Order Determining the Amount of Second-Lien Holders' Section 507(B) Administrative Claims Pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure |
| 4832 | 8/14/2019 | Notice of Appeal (ESL) |
| 4839 | 8/14/2019 | Notice of Appeal (Wilmington Trust) |
| 4845 | 8/14/2019 | Notice of Appeal (Cyrus) |
| 4928 | 8/21/2019 | Transcript of Hearing held on July 23, 2019 |
| 5007 | 8/28/2019 | Transcript of Hearing held on July 31, 2019 |
| N/A | N/A | Copy of Bankruptcy Court Docket Report through August 14, 2019 |

**JOINT EXHIBITS ("JX") FROM THE JULY 23, 2019 AND JULY 31, 2019 HEARINGS**

| JX No. | Document |
|---|---|
| 1. | GOB Inventory Recovery Rates |
| 2. | External Analysis |
| 3. | Borrowing Base Certificate |
| 4. | Tiger – Inventory Appraisal |
| 5. | GOB Store Performance (Post-Ch. 11 Bankruptcy Filing) |
| 6. | Second Lien Security Agreement |

| JX No. | Document |
|---|---|
| 7. | First Lien Security Agreement |
| 8. | ESL presentation entitled "Project Transform – ESL Bid Presentation" |
| 9. | ESL presentation entitled "Project Transform – Sources and Uses" |
| 10. | Stock Ledger Detail Inquiry |
| 11. | ESL Bid Analysis – Project Blue |
| 12. | Project Blue – Actuals from Week ended January 26 through February 9 |
| 13. | Project Blue – Rolling Cash Flow Budget (Week 15) |
| 14. | Wind Down Recoveries |
| 15. | Project Blue – Rolling 13-Week Cash Flow Forecast (Week 6) |
| 16. | DRAFT – Minutes of a Meeting of the Restructuring Committee |
| 17. | Project Blue – Liquidation Bids Review |
| 18. | Correspondence from Transform to Lazard |
| 19. | Correspondence from Transform to Lazard |
| 20. | Tiger – Inventory Appraisal |
| 21. | Transform Transaction – Weekly Tracking |
| 22. | Correspondence from Sears to Transform |
| 23. | Expert Worksheet – Draft |
| 24. | Stipulation and Order Concerning the Resolution of Certain Section 507(b) Claims [Dkt. No. 4316, filed June 21, 2019] |
| 25. | ESL January 7 Letter – Exhibit C to Aebersold Decl. |
| 26. | ESL November 2 Letter – Exhibit B to Aebersold Decl. |
| 27. | ESL October 31 Letter – Exhibit A to Aebersold Decl. |
| 28. | Week 36 Borrowing Base Certificate – Exhibit A to Griffith Suppl. Decl. |
| 29. | Stipulation and Order Concerning Debtors' Continuing Use of Cash Collateral [Dkt. No. 4287 filed June 19, 2019] |

| JX No. | Document |
|---|---|
| 30. | Second Amended Joint Chapter 11 Plan [Dkt. No. 4476 filed July 9, 2019] |
| 31. | Response of the Restructuring Subcommittee [Dkt. No. 4039 filed May 28, 2019] |
| 32. | Disclosure Statement Motion [Dkt. No. 3277 filed April 17, 2019] |
| 33. | Debtors' Objection to Motion of Wilmington Trust, National Association, as Indenture Trustee and collateral Agent to Prohibit or Condition Debtors' Continued Use of Collateral, including Cash Collateral [Dkt. No. 3198 filed April 15, 2019] |
| 34. | Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief [Dkt. No. 2507 filed February 8, 2019] |
| 35. | ESL's Omnibus Response in Support of the Going Concern Sale Transaction [Dkt. No. 2352 filed February 1, 2019] |
| 36. | January 14 Proposed Final Ask – Exhibit D to Transier Decl. |
| 37. | Global Sale Process: Bid Qualification Overview – Exhibit C to Transier Decl. |
| 38. | Business plans – Composite B to Transier Decl. |
| 39. | Transier Resume – Exhibit A |
| 40. | Declaration of William L. Transier |
| 41. | Board Resolution – Exhibit A to Aebersold Decl. |
| 42. | Declaration of Brandon Aebersold [Aebersold Sale Decl.] |
| 43. | Debtors' Omnibus Reply in Support of the Going Concern Sale Transaction [Dkt. No. 2328 filed February 1, 2019] |
| 44. | Declaration of Alan J. Carr [Dkt. No. 2321 filed February 1, 2019] |
| 45. | Final DIP Order [Dkt. No. 955 filed November 30, 2018] |
| 46. | DIP Intercreditor Agreement [Dkt. No. 892 filed November 27, 2018] |
| 47. | Global Bidding Procedures Process Letter [Dkt. No. 862 filed November 21, 2018] |

| JX No. | Document |
|---|---|
| 48. | Bidding Procedures [Dkt. No. 816 filed November 19, 2018] |
| 49. | Critical Vendors Order [Dkt. No. 798 filed November 16, 2018] |
| 50. | Utilities Order [Dkt. No. 431 filed November 2, 2018] |
| 51. | Brandon Aebersold – First Day Declaration [Dkt. No. 9 filed October 15, 2018] |
| 52. | DIP Motion [Dkt. No. 7 filed October 15, 2018] |
| 53. | Hearing Transcript |
| 54. | Hearing Transcript |
| 55. | Auction Transcript |
| 56. | Hearing Transcript [Dkt. No. 2469 filed January 9, 2019, entered February 7, 2019] |
| 57. | First Interim Application of Houlihan Lokey Capital, Inc. [Dkt. No. 3194 filed April 15, 2019] |
| 58. | First Interim Application of FTI Consulting, Inc. [Dkt. No. 3195 filed April 15, 2019] |
| 59. | First Interim Fee Application of Evercore Group L.L.C. [Dkt. No. 3204 filed April 15, 2019] |
| 60. | First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP [Dkt. No. 3207 filed April 15, 2019] |
| 61. | First Interim Fee Application of Lazard Freres & Co, LLC [Dkt. No. 3217 filed April 15, 2019] |
| 62. | First Application of Weil, Gotshal & Manges LLP [Dkt. No. 3224 filed April 15, 2019] |
| 63. | Second Amended and Restated Intercreditor Agreement |
| 64. | Citi – Cash Collateral Agreement |
| 65. | Vendor List |
| 66. | Forecast List |
| 67. | Management Forecast |
| 68. | ESL Investments, Inc. and Edward S. Lampert Statement on Chapter 11 Reorganization Filing by Sears Holdings Corporation – press release |

| JX No. | Document |
|---|---|
| 69. | Correspondence from Sean O'Neal to Ray Schrock |
| 70. | Exhibit B – Summary of Agreed Terms -- to Project Transform Commitment Letter, dated January 17, 2019 |
| 71. | Exhibit A – Description of Transaction – to Project Transform Commitment Letter, dated January 17, 2019 |
| 72. | Hearing Transcript |
| 73. | General Ledger |
| 74. | Borrowing Base Certificate |
| 75. | Borrowing Base Certificate Page 1 Signed |
| 76. | Second Lien Parties' First Consolidated Request for Production of Documents Directed to the Debtors |
| 77. | Estimated Script Asset Value |
| 78. | Declaration of Mohsin Y. Meghji in Support of Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (b) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties and (D) Schedule Second Interim Hearing and Final Hearing [Dkt. No. 10 filed October 15, 2018] |
| 79. | Declaration of Mohsin Y. Meghji |
| 80. | Motion of Debtors for Authorization to (I) Continue, Maintain, and Renew their Insurance Policies and Workers' Compensation Programs; (II) Honor all Obligations with Respect thereto; and (III) Modify the Automatic stay with Respect to The Workers' Compensation Programs [Dkt. No. 17 filed October 15, 2018] |
| 81. | Sears Holdings Corporation, Annual Report (Form 10-K) |
| 82. | Wind Down Recoveries |
| 83. | ESL Bid vs. Liquidation Comparison |
| 84. | Project Transform - Creditor Recovery Side by Side Analysis |
| 85. | Cash Collateral – Weekly Budget Variance Report |
| 86. | Hearing Transcript [Dkt. No. 2700 filed February 5, 2019, entered February 27, 2019] |
| 87. | Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative |

| JX No. | Document |
|---|---|
|  | Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief [Dkt. No. 101 filed October 16, 2018] |
| 88. | Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief [Dkt. No. 1436 filed December 28, 2018] |
| 89. | Notice of Successful Bidder and Sale Hearing [Dkt. No. 1730 filed January 18, 2019] |
| 90. | Declaration of Kunal S. Kamlani in Support of ESL's Omnibus Response in Support of the Going Concern Sale Transaction [Dkt. No. 2356 filed February 1, 2019] |
| 91. | Amendment to the Asset Purchase Agreement [Dkt. No. 2456 filed February 7, 2019] |
| 92. | Hearing Transcript [Dkt. No. 2869, filed February 8, 2019, entered March 18, 2019] |
| 93. | Creditor Recovery Considerations |
| 94. | Project Blue – Rolling Cash Flow Budget (Week 16) |
| 95. | Kamlani Deposition Transcript |
| 96. | Aebersold Deposition Transcript |
| 97. | Sears Holdings Corp., PWP Requests 3-5 Spreadsheet |
| 98. | Excel Spreadsheet of LC Draws |
| 99. | Excel Spreadsheet of LC Summary |
| 100. | Project Blue — Liquidation Sale Process Update |
| 101. | Abacus Advisors, Indication of Interest Letter to Mohsin Y. Meghji and Colin M. Adams with attached Sears Holdings Corporation Total Company Summary of Total Estimated Net Recovery Values on Retail Stores GOB Inventory, Draft – Subject to Further Refinement |
| 102. | Abacus Advisors, Summary of Total Estimated Net Recovery Values on Retail Store GOB Inventory, Draft – Subject to Further Refinement |
| 103. | Tiger Inventory Appraisal, Prepared for Bank of America Merrill Lynch |

| JX No. | Document |
|---|---|
| 104. | Tiger Inventory Appraisal, Prepared for Bank of America Merrill Lynch |
| 105. | Illustrative Recovery Considerations |
| 106. | Minutes of the Meeting of the Restructuring Committee of the Board of Directors of Sears Holdings Corp. |
| 107. | Minutes of the Meeting of the Restructuring Committee |
| 108. | Advisory Bid Comparison |
| 109. | Declaration of Robert A. Riecker [Dkt. No. 3 filed October 15, 2018] |
| 110. | Declaration of Robert A. Riecker in Support of Debtors' Omnibus Reply [Dkt. No. 866 filed November 23, 2018] |
| 111. | Declaration of Sunny Singh in Support of the Going Concern Sale Transaction [Dkt. No. 2344 filed February 1, 2019] |
| 112. | Disclosure Statement for Second Amended Joint Chapter 11 Plan [Dkt. No. 4042 filed May 28, 2019] |
| 113. | Debtors' Monthly Operating Reports for April 7–May 4, 2019 [Dkt. No. 3231 filed June 14, 2019] |
| 114. | Sears Holdings Corporation, Annual Report (Form 10-Q) for the period ending Aug. 4, 2018 |
| 115. | Second Lien Credit Agreement |
| 116. | Second Amendment to Letter of Credit and Reimbursement Agreement (LC Facility Agreement) |
| 117. | Mohsin Meghji Deposition Transcript |
| 118. | Indenture dated as of October 12, 2010 |
| 119. | First Supplemental Indenture dated as of April 5, 2011 |
| 120. | Second Supplemental Indenture dated as of July 7, 2015 |
| 121. | Third Supplemental Indenture dated as of September 19, 2016 |
| 122. | Fourth Supplemental Indenture dated as of January 9, 2018 |
| 123. | Fifth Supplemental Indenture dated as of March 20, 2018 |
| 124. | Instrument of Resignation, Appointment, and Acceptance dated as of June 25, 2014 |

| JX No. | Document |
|---|---|
| 125. | Indenture dated as of March 20, 2018 ($6^{5/8}$% Senior Secured Convertible PIK Toggle Notes due 2019) |
| 126. | Amended and Restated Security Agreement dated as of March 20, 2018 |
| 127. | Chart of UCC-1 financing statements and UCC-3 continuation statements |
| 128. | Order Authorizing Debtors to (I) Maintain and Administer Prepetition Customer Programs, Promotions, and Practices, and (II) Pay and Honor Related Prepetition Obligations [Dkt. No. 135 filed October 17, 2018] |
| 129. | Proof of Claim of JPP, LLC, executed December 24, 2018 and filed with Prime Clerk LLC on January 4, 2019 |
| 130. | Debtors' Slides Presented at Sale Hearing on February 7, 2019: Consideration Provided by ESL in the Sale Transaction, pages 13-14 |
| 131. | Debtors' Slides Presented at Sale Hearing on February 7, 2019: The Benefits of the Sale Transaction Outweigh an Orderly Winddown, pages 15-16 |
| 132. | Proof of Claim of Wilmington Trust, as Indenture Trustee and Collateral Agent for the Second Lien Notes executed February 20, 2019 and electronically filed on the Bankruptcy Court's Claims Register on February 20, 2019 |
| 133. | Proof of Claim of Computershare Trust Company, N.A., as Indenture Trustee for the Second Lien PIK Notes executed April 1, 2019 and filed with Prime Clerk LLC on April 4, 2019 |
| 134. | Project Blue - Wind Down Budget January 10, 2019 |
| 135. | Project Blue Actuals from Weeks ended January 26 through February 9 May 13, 2019 |
| 136. | Sears Holdings Admin Solvency Tracker and Budget Update July 10, 2019 |
| 137. | Sears Holdings Corporation and Affiliates - Schedules of Assets and Liabilities [Document not attached, pursuant to Local Rule 8009-1(b).] |

**DEPOSITION TRANSCRIPTS**

| Document |
|---|
| Transcript of the Deposition of David M. Schulte, taken on June 29, 2019, with the Second Lien-Holders' designations and the Debtors' counter-designations |
| Transcript of the Deposition of William Henrich, taken on July 2, 2019, with the Second-Lien Holders' designations and the Debtors' counter-designations |

| |
|---|
| Transcript of the Deposition of Marti Murray, taken on July 3, 2019, with the Second-Lien Holders' designations and the Debtors' counter-designations |
| Transcript of the Deposition of Brian J. Griffith, taken on July 10, 2019, with the Debtors' designations and the Second-Lien Holders' counter-designations |
| Transcript of the Deposition of Brandon Aebersold, taken on July 10, 2019, with the Debtors' designations and the Second-Lien Holders' counter-designations |

Dated: New York, New York
August 28, 2019

                                       CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                       By: /s/ *Andrew Weaver*
                                              Thomas J. Moloney
                                              Sean A. O'Neal
                                              Andrew Weaver

                                              One Liberty Plaza
                                              New York, New York 10006
                                              Telephone: (212) 225-2000
                                              Facsimile: (212) 225-3999

                                              *Counsel for ESL*