**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| SEARS HOLDINGS CORPORATION, et al., | : | Case No. 18-23538 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

**SUPPLEMENTAL CERTIFICATION OF PHILIP C. DUBLIN IN SUPPORT
OF THE SECOND INTERIM FEE APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD OF MARCH 1, 2019 THROUGH AND INCLUDING JUNE 30, 2019**

I, Philip C. Dublin, hereby certify that:

1.   I am a partner with Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"),[2] with

responsibility for Akin Gump's representation of the Creditors' Committee in the Chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but otherwise not defined shall have the meaning ascribed to such terms in the *Second Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of March 1, 2019 Through and Including June 30, 2019* [ECF No. 4846] (the "Second Interim Fee Application").

Cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I am familiar with the matters set forth herein and make this supplemental certification (the "Supplemental Certification") in further support of the Second Interim Fee Application and in response to certain informal questions raised by the U.S. Trustee.

2. On August 14, 2019, Akin Gump filed the Second Interim Fee Application, which included, among other things, a disclosure schedule of customary and comparable compensation, patterned on the U.S. Trustee Guidelines, which schedule was attached as Exhibit B to the Second Interim Fee Application (the "Compensation Disclosure"). The Compensation Disclosure included in the Second Interim Fee Application is copied below for ease of reference.

| Blended Hourly Rates | | |
|---|---|---|
| **Category of Timekeeper** | **Billed by NY Office for Preceding Year** | **Billed in this Application** |
| Partner | $1,108.80 | $1,337.26 |
| Senior Counsel and Counsel | $921.60 | $1,032.37 |
| Associate | $651.46 | $636.25 |
| Legal Assistant | $239.63 | $264.55 |
| **All Timekeepers Aggregated** | **$778.97** | **$821.38** |

3. Specifically, the Compensation Disclosure provides a comparison of the blended hourly rates of all timekeepers in the Fee Application (the "Fee Application Timekeepers"), segregated by category of timekeeper, and the blended hourly rates of all timekeepers from Akin Gump's domestic offices in which timekeepers collectively billed more than ten percent of the hours set forth in the Fee Application, segregated by category of timekeeper but excluding timekeepers practicing primarily in the financial restructuring group (the "Non-FR

2

Timekeepers"). The disclosure with respect to blended hourly rates of the Non-FR Timekeepers was based on information for Akin Gump's New York office (the only domestic office of Akin Gump in which the Fee Application Timekeepers billed more than ten percent of the hours included in the Second Interim Fee Application) for the rolling 12-month period ending June 30, 2019.

4. A number of factors underlie the apparent disparity between the blended rates of the Fee Application Timekeepers and the Non-FR Timekeepers contained in the Compensation Disclosure. *First*, Akin Gump takes a highly individualized approach to setting rates, which practice precludes the comparison of individual attorneys based solely on title or years of practice. More specifically, as disclosed in the Akin Retention Application, Akin Gump sets the hourly rates for attorneys and paraprofessionals at the start of each calendar year based on individualized factors, including, among others, the rates charged by industry peers, applicable geographic area, the firm's expertise in the specific practice area and the performance, reputation, seniority and area of specialization of each attorney. *See* Akin Retention Application, Ex. B ¶ 31. In an effort to ensure that rates across all practice areas and for each attorney are in reasonable alignment with peer firms, practice groups and practitioners, Akin Gump obtains market data through several independent sources, including various banks and peer review companies. Akin Gump does not attempt to "benchmark" rates specifically by practice area, location or professional, but rather uses this independent data to better inform the process of setting rates.

5. *Second*, the Chapter 11 Cases required the substantial involvement of senior-level attorneys with specialized expertise in order to address issues efficiently and with the highest quality. The involvement of such senior-level attorneys resulted in a higher blended hourly rate

3

for both partners and counsel with respect to the Chapter 11 Cases as compared to Akin Gump's Non-FR Timekeepers.

6.    *Third*, the blended rates for the Non-FR Timekeepers, which rates are based on the rolling 12-month period ending June 30, 2019, include hourly rates for both the 2018 and 2019 calendar years.  In contrast, the blended rates for the Fee Application Timekeepers include hourly rates solely for the period of March 1, 2019 through June 30, 2019 (the "Application Period").  As disclosed in the Akin Retention Application, the firm's hourly rates are subject to periodic increases in the normal course and, accordingly, Akin Gump raised its hourly rates in January 2019.  *See* Retention Application ¶ 11.  To demonstrate the effect of this rate increase, set forth below is a modified chart of the Compensation Disclosure (the "Modified Disclosure").

| Blended Hourly Rates | | | |
|---|---|---|---|
| **Category of Timekeeper** | **Billed by NY Office for Preceding Year** | **Billed by NY Office (1/1/19 through 6/30/19)** | **Billed in this Application** |
| Partner | $1,108.80 | $1,154.77 | $1,337.26 |
| Senior Counsel and Counsel | $921.60 | $915.73 | $1,032.37 |
| Associate | $651.46 | $674.64 | $636.25 |
| Legal Assistant | $239.63 | $246.72 | $264.55 |
| **All Timekeepers Aggregated** | **$778.97** | **$864.54** | **$821.38** |

7.    The Modified Disclosure compares (i) the blended hourly rates for the Non-FR Timekeepers, which rates are based on the rolling 12-month period ending June 30, 2019 and includes hourly rates for both the 2018 and 2019 calendar years, (ii) the blended hourly rates for the Non-FR Timekeepers, which rates are based solely on the period from January 1, 2019

4

through and including June 30, 2019, and (iii) the blended hourly rates for the Fee Application Timekeepers during the Application Period. While the Modified Disclosure does not contain complete data for the 2019 calendar year, as it includes only data for the first six months of the year, it does provide an indication of the effect of including both 2018 and 2019 rates in the Fee Application. Specifically, the Modified Disclosure demonstrates that the apparent disparity between Non-FR Timekeeper and the Fee Application Timekeeper blended rates diminishes when only 2019 rate information is considered.

8. In sum, the disparity between the blended hourly rates of the Non-FR Timekeepers and the blended hourly rates of the Fee Application Timekeepers is a result of, among other things, the individualized manner in which Akin Gump sets attorney and paraprofessional rates, the significant commitment of senior-level attorneys required to provide the Creditors' Committee with the best possible representation and standard annual increases in hourly rates across all practice groups in the firm.

[*The remainder of this page has been left blank intentionally.*]

I declare under penalty of perjury that the foregoing is true and correct on this 28th day of August, 2019.

>*/s/ Philip C. Dublin*
>Name: Philip C. Dublin