# Exhibit 51

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re:                                                    :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,                     :
:    Case No. 18-23538 (RDD)
Debtors.                                   :
:    (Jointly Administered)
------------------------------------------------------------X

**SECOND LIEN PARTIES' FIRST CONSOLIDATED REQUEST**
**FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEBTORS**

Pursuant to the Stipulation and Order Concerning the Resolution of Certain Section 507(b) Claims, Wilmington Trust, National Association, as Prepetition Second Lien 2018 Trustee and as Prepetition Second Lien Collateral Agent ("Wilmington Trust"), Cyrus Capital Partners, L.P. ("Cyrus") and ESL Investments, Inc. and certain of its affiliated entities (including JPP, LLC and JPP II, LLC) (collectively, "ESL"; together with Wilmington Trust and Cyrus, "Second Lien Parties") hereby request that Debtors produce the documents described below (collectively, the "Discovery Requests") on or before June 7, 2019.

**INSTRUCTIONS**

1.     Each response to an individual request for production shall be separately identified so that it is clear what documents are being provided in response to each request.

2.     If respondent believes that any of these Discovery Requests may be satisfied by documents publicly filed with the Court, respondent shall respond to the request by referencing the document, including the specific page numbers, which would satisfy the request.

**JX 076-1**

## DOCUMENTS REQUESTED

1. Documents sufficient to show:

    a. The amount of cash pledged as first lien collateral on October 15, 2018 (the "Petition Date"), inclusive of cash in transit, regional bank cash, cash in stores, restricted cash and other cash outside of concentration account;

    b. The book value of pharmacy receivables pledged as first lien collateral on the Petition Date;

    c. Enumeration of pharmacy scripts as of the Petition Date;

    d. The book value of credit card receivables as of the Petition Date;

    e. The book value of inventory pledged as first and second lien collateral on the Petition Date;

    f. The book value of inventory at GOB stores (waves 1, 2, 3) as of the Petition Date and weekly store sales and expense detail for GOB stores between the Petition Date and Date of Commencement of GOB sales;

    g. All collateral, or proceeds of collateral, of second lien creditors as of the most recent date available (and, if available, a forecast of such collateral value as of the estimated effective date of the plan);

    h. The valuation and composition of "undetermined" inventory of the Florida Appliances, Inc., Sears Brands Management Corporation, Sears Home Improvement Products, Inc., and StarWest, LLC Debtors;

    i. The disposition of 20-day inventory between going concern and GOB stores;

    j. Post-petition inventory purchases and disposition of inventory purchased post-petition between going concern and GOB stores;

    k. Below-the-line expenses embedded in the cash flows (1/30/19 and 5/13/19 decks) in line items for "Occupancy," "Payroll, Taxes, and Benefits" and "Other SG&A Disbursements" separately for going concern stores and for GOB stores (consistent with sales receipts from GOB stores broken out separately from going concern stores during the relevant periods);

    l. The basis for the assumption in the January 10, 2019 Project Blue Winddown Budget – see pg. 7 – key assumptions Operations, same store sales, second bullet – that ongoing "stores are assumed to maintain a 29% gross margin throughout the projection period, excluding GOB's";

    m. The basis for, and source and type of, receivables included in, the Accounts Receivable amounts shown on the Schedules of Assets and Liabilities of the issuer and each of the guarantors of the Second Lien Obligations;

    n. Final sources/uses for the going concern sale.

2. Documents sufficient to show supporting calculations for the value of Pharmacy Scripts delivered pursuant to the APA.

3. Supporting documents for each line item shown in the box labeled "506(c) Surcharge Detail" shown in Exhibit A to the *Declaration of Brian J. Griffith in Support of the Debtors' Motion to Estimate Certain 507(b) Claims for Reserve Purposes* [Dkt. 4035].

4. Documents sufficient to show explanation and supporting details for the $74 million of "Post-Close Cash Collateral" shown in Exhibit A to the *Declaration of Brian J. Griffith in Support of the Debtors' Motion to Estimate Certain 507(b) Claims for Reserve Purposes* [Dkt. No. 4035].

**JX 076-3**

5. Historical DIP financial reporting (actuals) with all supporting details and schedules for every week for:

    a. The Petition Date through the sale date;

    b. The sale date through the estimated effective date of the plan.

6. Documents sufficient to show income statements or profitability measures (i.e., revenue less direct costs) between the Petition Date and the sale date for each of the following:

    a. Stores that were liquidated during the case (i.e. GOB stores);

    b. Stores that were purchased in going concern sale;

    c. All other income-generating operations of Sears Holdings'.

7. Documents sufficient to show all non-store level SG&A expenses from the Petition Date through the sale date grouped by department and by expense type.

8. Documents supporting the collateral value of $2.88 billion set forth in the *Declaration of Brian Griffith in support of Debtors' objection to Motion of Wilmington Trust National Association, as Indenture Trustee and Collateral Agent to Prohibit or Condition Debtors' Continued Use of Collateral, Including Cash Collateral*, dated April 15, 2019 [Dkt. No. 3198 at 15 of 63].

9. Documents supporting the $2.74 billion NOLV of inventory noted in the *Declaration of Robert A. Riecker*, dated November 23, 2018 [Dkt. No. 866 ¶ 8].

10. Documents supporting the Debtors' 507(b) calculation in Joint Exhibit 11 introduced at the hearings on February 6 and 7, 2019.

11. Documents evidencing all bids received by the Debtors at any time prior to February 11, 2019, for all or any portion of the assets of the Debtors, including any transcript or transcripts of any auction or auctions of all, or any portion of such assets.

12. All models, analyses, appraisals and other documents relating to the value of any or all of the assets of the Debtors including, without limitation: (1) any liquidation or other analyses used by the Debtors, including any committee or subcommittee of the Board of Directors of the Debtors, to determine whether or not to accept any offer to purchase all or any portion of the Debtors' assets; (2) any analyses or valuations of the Debtors conducted by Tiger Valuation Services, LLC and/or Abacus Advisors Group L.L.C.; (3) weekly inventory appraisals as required under the DIP loan agreement [Dkt. No. 955-1, Article VI (j) Reporting Requirements (v) at p. 102]; (4) third party appraisals as referenced in the DIP loan agreement [Dkt. 955-1, Article VI (k) Collateral Monitoring and Review at p. 105]; and (5) weekly flash reports reasonably contemporaneous to the Petition Date, February 11, 2019, and April 30, 2019.

13. The Letters of Credit issued pursuant to the Prepetition ABL Facilities as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Dkt. No. 955] and documents sufficient to show the amounts thereunder.

Dated: New York, New York
      June 4, 2019

SEYFARTH SHAW LLP

By: /s/ Edward M. Fox
    Edward M. Fox
    Steven Paradise

*Attorneys for Wilmington Trust,*
*National Association, as indenture*
*trustee and collateral agent*
620 Eighth Avenue
New York, NY 10018
Direct Dial: (212) 218-4646
Direct Fax: (917) 344-1339
Email: emfox@seyfarth.com

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | MILBANK LLP |
| By: */s/ Thomas J. Moloney* <br>　Thomas J. Moloney <br>　Sean A. O'Neal <br>　Andrew Weaver <br>　Katherine R. Lynch <br><br>　*Attorneys for ESL* <br>　One Liberty Plaza <br>　New York, NY 10006 <br>　Telephone: (212) 225-2000 <br>　Facsimile: (212) 225-3999 | By: */s/ Thomas R. Kreller* <br>　Eric R. Reimer (admitted pro hac vice) <br>　Thomas R. Kreller (admitted pro hac vice) <br>　Robert J. Liubicic <br><br>　*Attorneys for Cyrus Capital Partners, L.P.* <br>　2029 Century Park East, 33rd floor <br>　Los Angeles, CA 90067 <br><br>　Brian Kinney <br>　55 Hudson Yards <br>　New York, NY 10001 <br>　Telephone: (212) 530-5000 <br>　Facsimile: (212) 530-5219 |

TO:　Ray C. Schrock, P.C.
　　　David J. Lender
　　　Paul R. Genender
　　　Jared R. Friedmann
　　　Sunny Singh

　　　WEIL GOTSHAL & MANGES LLP
　　　*Attorneys for Debtors and Debtors in Possession*
　　　767 Fifth Avenue
　　　New York, NY 10153
　　　Telephone: (212) 310-8000
　　　Facsimile: (212) 310-8007