ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Allen G. Kadish
Lance A. Schildkraut
Email:  akadish@archerlaw.com
        lschildkraut@archerlaw.com

*Attorneys for Globant LLC*

Hearing Date and Time:  October 23, 2019 at 10:00 a.m.
Response Deadline:  October 16, 2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

### MOTION OF GLOBANT, LLC
### TO ALLOW AND COMPEL PAYMENT OF
### ADMINISTRATIVE EXPENSE CLAIM FOR
### POST-PETITION SERVICES PROVIDED TO THE DEBTORS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

GLOBANT LLC ("**Globant**"), by and through its attorneys, Archer & Greiner, P.C., hereby files this motion (the "**Motion**"), to allow and compel payment of its administrative expense claim (the "**Administrative Claim**") in the amount of $66,595.00, pursuant to Section 503(b)(1)(A) of Title 11 of the United States Code (the "**Bankruptcy Code**"), allowing its Administrative Claim and compelling Sears Holdings Corporation, et al., debtors-in-possession herein ("**Sears**" or the "**Debtors**"), to pay such expense on an administrative basis.  In support of the Motion, Globant respectfully represents as follows:

I.

**PRELIMINARY STATEMENT**

1.  Globant respectfully seeks an order compelling the Debtors to fully compensate Globant for services rendered to the Debtor during the pendency of its Chapter 11 case. While the Debtors have paid for some post-petition services, there remains an outstanding balance of $66,595.00 owed to Globant for post-petition services.

II.

**BACKGROUND**

2.  On or about October 15, 2018 (the "**Petition Date**"), each Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court.

3.  The debtors operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

III.

**JURISDICTION**

4.  This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This motion presents a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

5.  Venue of this case and this Motion are proper pursuant to 28 U.S.C. § 1408.

6.  The statutory predicate for the relief requested is Section 503(b)(1)(a) of the Bankruptcy Code.

## IV.

## THE GLOBANT MASTER SERVICES AGREEMENT

7.      Globant's interests and claims arise out of services rendered pursuant to a *Master Services Agreement* (the "**Agreement**"), dated May 17, 2012, between Globant and certain of the Debtors, and periodic *Scope of Work* addenda thereunder, under which Globant agreed to provide software products and services to the Debtors.

8.      Globant rendered services under the Agreement through the conclusion and termination of the Agreement, which recently expired on its own terms on March 31, 2019.

9.      On January 25, 2019, Globant filed two proofs of claim, one in the Sears Holdings Corporation case and another in the Sears Holdings Management Corporation case, each for $232,502.50 (Claim Nos. 8074 and 8079), arising from pre-petition amounts due for services rendered pursuant to the Agreement.

10.     On January 18, 2019, the Debtor filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "**Notice of Cure**") [Docket No. 1731], with a supplement filed on January 23, 2019 [Docket No. 1774]. In the Notice of Cure, the Debtor lists Globant as "Debtor Counterparty No. 3142" and provides a cure amount of $147,560.00 for services provided by Globant to the Debtor and its affiliates.

11.     On January 25, 2019, Globant filed an objection to the Notice [Docket No. 1858], asserting that the proposed cure amount submitted by the Debtor was inaccurate and that the pre-petition and post-petition amounts owed, as of December 31, 2018, totaled $448,591.25, as set forth below:

| Reference No. | Invoice Date | Amount |
|---|---|---|
| 00101519 | 7/31/18 | $73,690.00 |
| 00102391 | 8/31/18 | $84,942.50 |
| 00103179 | 9/30/18 | $73,870.00 |
| 00103589 | 10/30/18 | $48,980.00 |
| 00103590 | 10/30/18 | $35,495.00 |
| 00104969 | 11/30/18 | $82,613.75 |
| 00105846 | 12/30/18 | $49,000.00 |
| | Total | **$448,591.25** |

12. Sears paid Globant for the services provided post-petition through November 30, 2018. Globant continued to provide the Debtors with software products and services pursuant to the Agreement, until the Agreement's expiration on March 31, 2019. Globant is owed $66,595.00 for post-petition services, as shown in the chart below:[1]

| Invoice Number | Invoice Date | Invoice Issued To | Description | Amount |
|---|---|---|---|---|
| 105846 | 12/31/2018 | Sears Holdings Management Corp. | Dec. 18 SYWR Sweepstakes | $49,000.00 |
| 106510 | 1/31/2019 | Sears Holdings Management Corp. | Jan. 19 SYWR Sweepstakes | $10,395.00 |
| 107875 | 2/28/2019 | Sears Holdings Management Corp. | Feb. 19 SYWR Sweepstakes | $7,200.00 |
| | | | Total | **$66,595.00** |

---

[1] Invoices have been issued to the Debtors, and are available upon request.

4

13. On May 14, 2019, a letter was sent to Debtors' counsel on behalf of Globant regarding the outstanding balance. It was re-sent by email on May 26, 2019 with a third follow-up email on June 20, 2019. No reply was received.

## V.

## RELIEF REQUESTED

14. By this Motion, Globant seeks an order pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, allowing the Administrative Claim, compelling the Debtors to pay for post-petition administrative services rendered by Globant to the Debtors in the amount of $66,595.00, and granting such other relief as the Court deems just and proper.

## VI.

## BASIS FOR RELIEF REQUESTED

15. Section 503(b) provides, "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including- (1)(A) the actual, necessary costs and expenses of preserving the estate including- (i) wages, salaries, and commissions for services rendered after the commencement of the case. . . ." *See also In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007).

16. The services Globant rendered to the Debtors constitute an administrative expense. "An expense is administrative only if it arises out of a transaction between the creditor and the bankrupt trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *Id*. (quoting *Trustees of the Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986)); *see also In re Bayou Grp., LLC*, 431 B.R. 549, 558 (Bankr.

S.D.N.Y. 2010) (actual, necessary costs and expenses of preserving the estate).

17. The services for which Globant seeks to be paid were rendered post-petition to the Debtors pursuant to the Agreement, under which Globant agreed to provide Sears certain software software development and services at agreed rates.

18. Globant provided such services in accordance with the terms of the Agreement, after the Petition Date through March 31, 2019. The Debtors accepted post-petition services and made some post-petition payments.

19. As stated in the Agreement, the Debtors are responsible for compensating Globant for services rendered, including services provided post-petition at the rates and for the services rendered under the Agreement and the Scope of Work addenda thereunder.

20. Despite Globant's objection to the Notice of Cure, Globant has not received its cure payment. Accordingly and alternatively, the Debtors should pay Globant the amount of $66,595.00 immediately as an administrative claim.

## VII.

## NO PRIOR RELIEF

21. No prior request for the relief sought herein has been made to this or any other court.

## VIII.

## CONCLUSION

WHEREFORE, Globant respectfully requests that this Court (i) enter an order, substantially in the form annexed hereto as Exhibit A, allowing Globant an Administrative Claim in the amount of $66,595.00 under Section 503(b)(1)(A) of the Bankruptcy Code, (ii) compelling immediate payment of the Administrative Claim, and (iii) granting Globant such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       August 29, 2019

ARCHER & GREINER, P.C.

By: /s/ Allen G. Kadish  
    Allen G. Kadish  
    Lance A. Schildkraut  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
       lschildkraut@archerlaw.com

*Attorneys for Globant LLC*