John G. McCarthy
Smith, Gambrell & Russell, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9700

jmccarthy@sgrlaw.com

and

Robert G. Hanseman
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
40 N. Main Street
Dayton, Ohio 45423
(937) 222-2500
Robert Hanseman
rhanseman@ssdlaw.com

*Attorneys for Crown Equipment Corporation*

Hearing Date and Time: October 23, 2019, 10:00 am
Response Deadline: October 16, 2019, 5:00 pm

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X
                                         :
In re:                                   :
                                         :   Chapter 11
SEARS HOLDING CORPORATION, et al.,       :
                                         :   Case No. 18-23538 (RDD)
                                         :
                        Debtors.         :   (Jointly Administered)
                                         :
-----------------------------------------X

## MOTION OF CROWN EQUIPMENT CORPORATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. §§ 503(a), 503(b)(1), AND 507(a)(2)

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Crown Equipment Corporation ("**Crown**"), by and through counsel, hereby submits this motion for allowance and payment by Debtors of administrative expense claims pursuant to 11 U.S.C. §§ 503(a), 503(b)(1)(A), and 507(a) (this "**Motion**"). In support of this Motion, Crown states as follows:

3189900.8

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. Crown and Debtors are parties to a certain Master Services Agreement, dated on or about November 1, 2014 (the "**Agreement**"). The Agreement was amended three times: on or about October 31, 2017, on or about April 30, 2018, and on or about June 29, 2018 (collectively, the "**Amendments**"). True copies of the Agreement and the Amendments are attached hereto as **Exhibit A.**

4. Pursuant to the Agreement, Crown is to provide lift truck maintenance and repair services to Debtors.

5. On October 15, 2018 ("**Filing Date**"), the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

6. After the Filing Date, Crown continued to provide lift truck maintenance and repair services to Debtors at various locations as requested by Debtors.

7. On April 17, 2019, Debtors filed a Notice of Rejection of Executory Contracts [Docket No. 3268] (the "**Notice**"); pursuant to the Notice, the Agreement was rejected. On May 8, 2019, the Court entered an Order Approving the Rejection of Certain Executory Contracts [Docket No. 3755] (the "**Order**"); pursuant to the Order, the Court approved the rejection of the Agreement.

**ADMINISTRATIVE EXPENSE CLAIM**

8. An administrative expense claim is a claim, cause of action, right, or other liability, or the portion thereof, that is entitled to priority under 11 U.S.C. §§ 503(b) and 507(a)(2). An administrative expense includes "the actual, necessary costs and expenses of preserving the estate" incurred after the bankruptcy petition date. 11 U.S.C. § 503(b)(1)(A).

9. For a claim to be given administrative expense status, two elements must be satisfied: (1) the expense must arise out of a transaction between the creditor and the bankruptcy's trustee or debtor-in-possession, and (2) the creditor's consideration for the expense must be both supplied to and beneficial for the debtor in possession in the operation of the business. *In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 54-55 (Bankr. S.D.N.Y. 2004); *In re Adelphia Business Solutions, Inc.*, 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003).

10. Costs incurred to maintain, repair, or service the Debtor's equipment benefit the estate. *See In re J.A.V. AG., Inc.*, 154 B.R. 923, 930 (Bankr. W.D. Tex. 1993) (administrative expense claim allowed for the costs associated with repairing debtor's trucks).

11. The lift truck maintenance and repair services provided by Crown to Debtor after the Filing Date provided an actual benefit to the bankruptcy estate. Therefore, Crown is owed at least $276,782.78 (the "**Requested Fees**") arising from Debtors' post-petition obligations under the Agreement and pursuant to specific requests for such services by Debtor, as described on the summary of invoices attached as **Exhibit B** (the "**Summary**").

12. All of the invoices described on the Summary have been delivered to Debtor in the ordinary course of business.[1]

13. The invoices described on the Summary remain unpaid as of the date this Motion was filed.

14. $221,417.64 of Crown's claim arises from post-petition obligations under an executory contract before such contract was assumed or rejected, and thus Crown is entitled to an administrative expense claim for those obligations. *See* 11 U.S.C. § 503(b)(1)(A); s*ee also Ames Dept. Stores, Inc.*, 306 B.R. at 54-55.

---

[1] The invoices described on the Summary are voluminous. Crown will provide the invoices upon request to both the Court and Debtors.

15. An additional $55,365.14 of Crown's claim arose after rejection of the Agreement, but in response to specific service calls requsted of Crown for service and maintenance of lift trucks at Sears locations. Because such service calls provided an actual benefit to the estate, Crown is also entitled to an administrative expense claim for those obligations. *See* 11 U.S.C. § 503(b)(1)(A).

16. Moreover, because Crown's claim derives from the actual and necessary costs and expenses incurred after the Filing Date in connection with operating the Debtors' business, Crown is entitled to an administrative expense claim. *Id.*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Crown respectfully requests that this Court enter an order, substantially in the form of **Exhibit C** attached hereto, (i) allowing Crown's administrative expense claim for the Requested Fees in the amount of $276,782.78, (ii) compelling payment of the Requested Fees by Debtor, and (iii) for such other relief as is just and equitable.

Dated: New York, New York
August 29, 2019

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
John G. McCarthy
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9700
JMcCarthy@SGRlaw.com

and

Robert G. Hanseman (Ohio Bar #0071825)
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
40 N. Main Street
Dayton, Ohio 45423
(937) 222-2500
rhanseman@ssdlaw.com

*Attorneys for Crown Equipment Corporation*

3189900.8