**SECOND AMENDMENT TO THE MASTER SERVICES AGREEMENT**
*For Maintenance of Forklift/Material Handling Equipment*

**THIS SECOND AMENDMENT TO THE MASTER SERVICES AGREEMENT** (this "**Amendment**") is to be in effect as of April 30, 2018 ("**Effective Date**") by and between Sears Holdings Management Corporation for and on behalf of its subsidiaries and affiliates, including, but not limited to, Sears, Roebuck and Co., a New York corporation ("**Sears**"), Kmart Corporation, a Michigan corporation ("**Kmart**"), and Innovel Solutions, Inc., f/k/a Sears Logistics Services, Inc., a Delaware corporation ("**Innovel**" or "**SLS**") (individually and/or collectively, Sears, Kmart, Innovel and SLS are referred to herein as (the "**Company**") and Crown Equipment Corporation ("**Contractor**"), a Ohio corporation. Company and Contractor may herein be referred to individually as a "Party" or collectively as the "Parties."

WHEREAS, Company and Contractor previously entered into a Master Services Agreement for Maintenance of Forklift/Material Handling Equipment dated November 20, 2014 but effective November 1, 2014 (the "**Original Agreement**") whereby Consultant agreed to provide forklift and material handling equipment maintenance and other services that was amended by the First Amendment effective October 31, 2017 ("**First Amendment**") (the Original Agreement and the First Amendment are collectively, the "**Agreement**"); and

WHEREAS, Company and Contractor mutually desire to amend the Agreement to extend the Term of the Agreement and update other terms and conditions contained therein;

NOW THEREFORE, in consideration of the foregoing and the mutual promises contained herein, the parties hereto agree as follows:

The Agreement is hereby amended as follows:

1. **Paragraph 6.1 ("Term")**. Paragraph 6.1 is deleted in its entirety and replaced with the following:

   "The term of this Agreement shall commence on November 1, 2014, and shall continue until July 31, 2019, unless sooner terminated hereunder (the "**Term**")."

2. **Paragraph 2.2 ("Invoicing")**. Paragraph 2.2 of the Agreement shall be deleted in its entirety and replaced with the following paragraph which shall be effective as of the date of execution by Contractor of the Payment Accommodation Dated June 29, 2018:

   **"**Contractor shall submit its invoices, including its FleetSTATS invoicing, to Company bi-weekly. Company will pay Contractor's invoices on the 25th day following receipt of invoice plus a five (5) day float, provided that all non-proprietary, reasonably requested supporting documentation in connection therewith has been given to Company. Invoices shall be sent preferably as a consolidated Microsoft Excel spreadsheet ready for upload to Company representative, to be provided. Contractor will provide "EDI" transmittal upon request. Each invoice shall cover all Services performed by Contractor during the previous two calendar weeks. Contractor shall promptly comply with Company requests to provide an aging report with each periodic invoice, and/or to provide by January 15 a final invoice for all Services rendered through the calendar year. Company is not required to pay any disputed charge until after the resolution of the dispute. All fees and expenses are payable in U.S. Dollars. Contractor agrees to establish, implement and maintain "Electronic Funds Transfer" (EFT) in accordance with Company's policies and requirements as communicated to Contractor, as the only means to receive payments from Company

DocuSign Envelope ID: 46AAD2F1-2A6C-429D-9E5B-03FBDFFAB9F9

during the term of this Agreement. Company, in its sole discretion, may retain either (i) ten percent (10%) of the total price for the Services specified in any invoice or other estimate or proposal for Services provided by Contractor; or (ii) the amount of the final invoice, until the Services contemplated by the invoices or under any proposal, estimate or other Company authorization to proceed with the delivery of Services, are deemed by Company to be complete, including any final documentation or reports.

3. **Paragraph 6.2 ("Without Cause Termination").**  Paragraph 6.2 is deleted in its entirety and replaced with the following:

   "Both parties shall have the right to terminate this Agreement, without cause, cost or penalty, upon not less than sixty (60) days' prior written notice to the other party."

4. **Paragraph 6.5 ("Termination for Cause").**  Paragraph 6.5 of the Agreement is deleted in its entirety and replaced with the following:

   "Either party may terminate this Agreement upon any material breach of this Agreement by the other party. Any party seeking to exercise their rights under this Section, will provide written notice of the claimed breach to the party alleged to be in violation hereof. If the party claimed to be in default or breach has not cured the claimed breach within fifteen (15) days after receipt of the notice alleging the breach or violation hereof, then the non-breaching party may exercise its right to terminate by providing written notice of the termination and termination date to the other party."

5. **Paragraph 6.8.2 ("Transition Assistance").**   Paragraph 6.8.2 is deleted in its entirety and replaced with the following:

   "In the event that, upon the effective date of the expiration of the Agreement or the termination of the Agreement for any reason other than nonpayment by Company, Company requires Services to continue at certain of the Locations, Contractor shall continue to perform the Services on a month to month basis as required at those Locations identified by Company, for up to a total period not to exceed sixty (60) days after such expiration date or effective date of termination ("Transition Services Period"), and the rates as set forth in the then current Exhibit B shall continue to apply for Services rendered at such Locations. All terms and conditions shall continue to apply to Contractor's and Company's rights and duties hereunder during any such time."

6. All capitalized terms appearing in this Amendment shall have the meaning which they have in the Agreement unless otherwise defined herein.

7. Except to the extent specifically provided to the contrary in this Amendment, all terms and conditions of the Agreement shall remain in full force and effect, without modification or limitation.

[Signature page follows]

DocuSign Envelope ID: 46AAD2F1-2A6C-429D-9...

IN WITNESS WHEREOF, the parties hereto have executed this Amendment on the date first above written.

**Sears, Roebuck and Co.**
**Kmart Corporation**
**Innovel Solutions, Inc.**
**By: Sears Holdings Management Corporation, their Agent**

By: _____
       Anthony Dattilo
       BAA9A23C29A64D7...

Name: ____Anthony Dattilo____

Title: ____Disional VP____

Date: ____7/17/2018____


**Crown Equipment Corporation**

By: _____
       Tom Keller
       F70693F1DAAA4C4...

Name: ____Tom Keller____

Title: ____Vice President-Global Accounts____

Date: ____7/12/2018____