FOX ROTHSCHILD LLP  
Kathleen M. Aiello  
101 Park Avenue, 17th Floor  
New York, New York 10178  
(212) 878-7900  

Michael R. Herz  
49 Market Street  
Morristown, New Jersey 07960  
(973) 548-3330  

*Attorneys for Aspen Marketing Services, Inc.*

Hearing Date: September 18, 2019  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  
In re                                                                        :  
                                                                             :   Chapter 11  
SEARS HOLDINGS CORPORATION, *et al.*,[1]    :  
                                                                             :   Case No. 18-23538 (RDD)  
                                        Debtors.                   :  
                                                                             :   (Jointly Administered)  
-----------------------------------------------------------------x  

## JOINDER OF ASPEN MARKETING SERVICES, INC. TO OBJECTION OF ALPINE CREATIONS LTD. TO CONFIRMATION OF DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDING CORPORATION AND ITS AFFILIATED DEBTORS

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Aspen Marketing, Inc. ("Aspen Marketing"), by and through its undersigned counsel, submits this joinder (the "Joinder") to the *Objection of Alpine Creations Ltd. to Confirmation of the Debtors' Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors* (the "Alpine Objection") filed by Alpine Creations Ltd. ("Alpine") on August 2, 2019 [ECF No. 4700]. The Alpine Objection contests the confirmation of the *Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors* (the "Second Amended Plan") [ECF No. 4389] filed on June 28, 2019, as modified on July 9, 2019 [ECF No. 4476] and August 2, 2019 [ECF No. 4704], along with the *Plan Supplement in Connection with the Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors* [ECF No 4632] filed on July 26, 2019. In support of this Joinder, Aspen Marketing respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Both before and after the Debtors' bankruptcy filing on October 15, 2018 (the "Petition Date"), Aspen Marketing provided certain marketing services to the Debtor relating to Sears Auto Center. *Following the Petition Date*, Aspen Marketing provided services to the Debtor a value totaling not less than $193,936.58 (the "Aspen Admin Claim")[2].

2. On May 23, 2019, Aspen Marketing filed *Aspen Marketing Services, Inc.'s Motion to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. § 503(b)(1) for Services Provided to the Debtor Post-Petition* (the "Aspen Admin Motion") in the Debtors' case.

---

[2] Aspen Marketing issued two invoices to the Debtor in connection with these services. The first invoice, Invoice no. EPU0000103838, dated January 24, 2019, was for services rendered by Aspen Marketing in December 2018 and totaled $101,120.47 (the "December Invoice"). The second invoice, Invoice no. EPU0000105605, dated February 22, 2019, was for services rendered by Aspen Marketing in January 2019 and totaled $92,816.11 (the "January Invoice" and together with the December Invoice, the "Invoices"). Both Invoices have net 30-day payment terms and payment was due on February 23, 2019 and March 24, 2019, respectively. The Invoices for services provided by Aspen Marketing to the Debtors fall squarely within the post-petition period.

2

[*See* ECF No. 4001]. The hearing on the Aspen Admin Motion was originally scheduled for June 20, 2019 (the "Hearing").

3. On or around June 4, 2019, the Debtors responded informally to the Aspen Admin Motion by requesting an adjournment of the Hearing to a date after the time when the issue regarding the allocation of post-petition expense between the Debtors and the buyer had been resolved. Aspen Marketing agreed to adjourn the Hearing, but the adjourned hearing date had not yet been set at the time of the last discussions with the Debtors in June.

4. After Aspen Marketing consented to the Debtors' request for an adjournment, the Debtors did not contact Aspen Marketing regarding the Aspen Admin Motion, or any other matter, until August 15, 2019 when the Debtors filed the *Debtors' Omnibus Objection to Vendors' Motion for Allowance and Payment of Administrative Expense Claims* (the "Admin Claim Objection") [ECF No. 4854]. The Objection listed the Aspen Admin Motion and sought to deny the Aspen Admin Claim, but was silent regarding the Debtors' specific objections to the Aspen Admin Claim.

5. On August 20, 2019, Aspen Marketing filed the *Joinder of Aspen Marketing Services, Inc. to Responses to Debtors' Omnibus Object to Vendors' Motions for Allowance and Payment of Administrative Expense Claims* (the "Joinder") [ECF No. 4918]. Aspen Marketing, by and through its undersigned counsel, appeared at the hearing held on August 22, 2019.

6. Aspen Marketing is unaware of any specific objection or challenge to the Invoices or the post-petition services Aspen Marketing provided to the Debtors; moreover, the Debtor benefited from Aspen Marketing's post-petition services. Further weakening the Debtors' asserted basis for objection or delay to the Aspen Admin Claim is the fact that the Aspen Admin Claim is comprised of only two invoices for services performed during a limited timeframe, which should not be onerous for the Debtors to review and allow.

7.     To date, the Court has not entered an order allowing the Aspen Admin Claim nor has the Debtor paid the Aspen Admin Claim. The Debtors are less than one month from the Plan Confirmation hearing and the Debtors are far from being in a position to pay Allowed Administrative Claims in full on the Plan Effective Date, as required by the Bankruptcy Code for confirmation. *See* U.S.C. § 1129(a)(9)(A). To the contrary, the Debtors' Plan is clear that the Debtors do not intend to pay Allowed Administrative Claims on the Plan Effective Date. *See* Plan at Section 2.1(a). In fact, at the August 22, 2019 hearing, the Debtors were unable to address how they expect to meet the requirements of Section 1129(a)(9)(A), which requires that the plan provide that holders of administrative claims under Section 503(b) "receive on account of such claim cash equal to the allowed amount of such claim". This reality so close to the Court's consideration of Plan Confirmation is troublesome to administrative creditors like Aspen Marketing. Such treatment not only violates the Bankruptcy Code, but it is also detrimental to Aspen Marketing and other similarly situated administrative creditors who continued to provide support to the Debtors when they were clearly financially distressed.

8.     Additionally, the inability of a debtor to pay administrative claims for post-petition services in such a high profile case, like Sears, will only produce a chilling effect on the willingness of vendors to continue to provide services to debtors in bankruptcy in future cases.

9.     Moreover, the inevitable chilling effect on future business with debtors triggered by any adverse decisions against the administrative creditors here is exacerbated by the staggering amount of interim professional fees that were already paid and which professionals continue to request. On August 20, 2019, Mien Co. Ltd., *et al*. filed a limited objection to the fee applications filed by professionals [*See* ECF No. 4923] (the "Mien Objection"), which was joined by Niagara Bottling LLC on August 26, 2019 [*See* ECF No. 4990] (the "Niagara Bottling Joinder"). The

4

Niagara Bottling Joinder states that the professionals in this case have incurred more than $167 million in fees and expenses and received $133 million in interim payment on account of those fees. Recently, the professionals filed another 14 fee applications requesting fees totaling more than $30 million and expenses totaling more than $2.5 million. The professionals' recent requests push the total administrative professional fees and expenses already incurred in this case to nearly $200 million, more than 66% of which the Debtors have already paid. *See* Niagara Bottling Joinder at ¶¶ 3-4. The professionals' requests add insult to injury for the other administrative creditors, like Aspen Marketing, who has not only not been paid, but whose claims the Debtor has asked this Court to deny. Here, the Debtors are expected to pay the professional fees from the same pool of funds as non-professional administrative creditors. Although the Debtors refuse to acknowledge it, the Debtors' cases appear to be administratively insolvent and the non-professional administrative creditors should not be denied their rightful claim while the professionals continue to reap the financial benefits from these cases.

10.    For the reasons stated herein and in the Alpine Objection, Aspen Marketing objects to, and asks this Court to deny, confirmation of the Debtors' Plan. Additionally, Aspen Marketing requests that the Court deny the professional fee requests to the extent payment of such fees and expenses further subordinates the claims of other administrative creditors such as Aspen Marketing.

## JOINDER

11.    For the reasons stated more specifically in the Alpine Objection, Aspen Marketing joins the Alpine Objection to the extent it applies to Aspen Marketing and addresses the Debtors' ability to satisfy administrative claims under Section 1129(a)(9). Aspen Marketing requests that

5

the Court deny confirmation of the Debtors' Plan and grant the relief requested in the Aspen Admin Motion.

12. Aspen Marketing also joins the Mien Objection and the Nigara Bottling Joinder to the extent it applies to Aspen Marketing.

## RESERVATION OF RIGHTS

13. Aspen Marketing reserves the right to amend or supplement this Joinder, whether in writing or by arguments made at the Plan Confirmation Hearing. In addition, Aspen Marketing reserves any rights of setoff and/or recoupment, or to assert any other claims that it may have in connection with the claims asserted in the Aspen Admin Motion or related to the post-petition services Aspen Marketing rendered to the Debtors.

## CONCLUSION

14. For the foregoing reasons, Aspen Marketing respectfully requests that this Court enter an Order: (i) denying confirmation of the Debtors' Plan; (ii) granting Aspen Marketing an allowed administrative expense claim under Section 503(b)(1) of the Bankruptcy Code in the amount of $193,936.58 for services provided to the Debtors following the Petition Date; (iii) requiring the Debtors immediate payment of the Aspen Admin Claim to Aspen Marketing and no later than the date on which the Court confirms the Debtors' plan; and (iv) granting such other and further relief as this Court deems equitable and proper.

Active\101495334.v4-8/30/19

| | |
|---|---|
| Dated:  New York, New York<br>August 30, 2019 | Respectfully submitted,<br>FOX ROTHSCHILD LLP<br>*Attorneys for Aspen Marketing, Inc.* |
| | By:  */s/ Kathleen M. Aiello*<br>Kathleen M. Aiello<br>101 Park Avenue, 17th Floor<br>New York, New York 10178<br>(212) 878-7900<br><br>Michael R. Herz<br>49 Market Street<br>Morristown, New Jersey 07960<br>(973) 548-3330 |

7