**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :
                                                             :    **Case No. 18-23538 (RDD)**
                                                             :
       Debtors.[1]                                           :    **(Jointly Administered)**
------------------------------------------------------------ x

**ORDER PURSUANT TO SECTIONS 363, 365(a), 365(f), AND 365(k) OF
THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO
<u>ASSIGN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Pursuant to and in accordance with the *Order Pursuant to Sections 365(a) and 365(f) of the Bankruptcy Code Authorizing the Debtors to Assume Unexpired Leases of Nonresidential Real Property* (ECF No. 3314) (the "**Assumption Order**")[2] entered in the above--captioned chapter 11 cases (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Vernon Counterparties a notice, dated August 6, 2019 (ECF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Assignment Notice.

No. 4763) (the "**Assignment Notice**") of their intent to assign certain unexpired leases for the locations identified on **Exhibit 1** hereto (the "**Vernon Leases**") to Henry Shahery (the "**Buyer**"); and 5525 S. Soto St. Associates (the "**Warehouse Landlord**") and 51st Fruitland, LLC (the "**Parking Lot Landlord**") each having filed an objection to the Assignment Notice, dated August 13, 2019 (ECF No. 4829) and August 19, 2019 (ECF No. 4883), respectively (together, the "**Objections**"); and the Debtors having filed a reply to the Objections, dated August 20, 2019 (ECF No. 4902); and the Court having jurisdiction to consider the Assignment Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Assignment Notice and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Assignment Notice having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held by the Court on August 22, 2019, at which the Buyer appeared personally and through his counsel and agreed to the terms and conditions of this Order, and all of the proceedings herein; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the hearing, the Court having found and determined that the relief granted hereby is in the best interests of the Debtors, their estates, and their creditors, and that the legal and factual bases set forth in the *Motion of Debtors for Authority to Assume Unexpired Leases of Nonresidential Real Property* (ECF No. 3033) and the Assignment Notice establish good and sufficient cause for the relief granted herein and the denial of the Objections on the terms hereof; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the Buyer's compliance with the terms and conditions of this Order, the Debtors are authorized to assign each of the leases in **Exhibit 1** to the Buyer pursuant to 11 U.S.C. § 365 as set forth herein, effective as of the closing under the Lease Sale Agreement.

2. Within ten (10) Business Days of entry of this Order, the Buyer shall deposit with the Parking Lot Landlord a deposit of $8,400, as security for the Buyer's performance of its obligations under the Parking Lot Lease.

3. Within fifteen (15) Business Days of entry of this Order, the Buyer shall provide to the Warehouse Landlord an unconditional and irrevocable letter of credit issued by Comerica Bank in the amount of $700,000 which letter of credit shall be renewable every 12 months. and which shall not expire until 75 days after the expiration date of the Warehouse Lease, as same may be extended, which shall be payable in New York, New York upon presentation in person or by courier of the original letter of credit and required declaration or affidavit to Comerica Bank, International Trade Services, 2321 Rosecrans Ave., 5th Floor, El Segundo, CA 90245, Attn: Standby Letter of Credit Dept. on or before the current or any automatically extended date and shall not be amended without the Warehouse Landlord's prior written consent except to extend its expiration date from year to year), which shall secure the Buyer's performance of its rental, tax, and insurance obligations under the Warehouse Lease. In the event that Buyer extends the term of the Warehouse Lease for the applicable 2022-2027 or 2027-2032 period(s), the amount of the letter of credit shall be increased from $700,000 to an amount equal to the base rent for the 2022 or 2027 five year period, as applicable, plus the real estate taxes applicable to the 2022 or the 2027 year (provided that in no event shall the letter of credit be reduced below $700,000). The letter of

credit may be drawn upon for any sum due for rent, taxes, or insurance which Buyer fails to pay when due under the terms of the Warehouse Lease pursuant to written declaration or affidavit by Warehouse Landlord that Buyer has failed to pay when due any rent, taxes, or insurance.  Buyer agrees to replenish all or any part of the letter of credit used or applied by Warehouse Landlord within ten (10) days after demand.  Warehouse Landlord shall also have the right to draw down any portion or the entire amount of the Letter of Credit and retain the proceeds for the Security Deposit if Warehouse Landlord receives notice that the date of expiry of the Letter of Credit will not be extended by the issuing bank and/or a replacement Letter of Credit in compliance with the terms hereof is not delivered by Buyer at least thirty (30) days prior to the expiration of such expiring Letter of Credit.  This paragraph of this Order shall constitute a modification of the Warehouse Lease.

4.    Within seven (7) Business Days after entry of this Order, or upon the effective date of the Assignment if same occurs earlier, (i) the Buyer shall either provide to the Parking Lot Landlord an amended version of the Certificate of Liability Insurance, dated August 13, 2019, issued by Nahai Insurance Services, Inc. (a copy of which is attached as part of Exhibit F to the Declaration of William Gallagher in Support of Assignment of Unexpired Leases of Nonresidential Real Property, NEF 4905), issued by the insurance carrier or its authorized agent, naming the Buyer as an additional named insured or provide a new Certificate of Liability Insurance to the Parking Lot Landlord, issued by the insurance carrier or its authorized agent, that names the Buyer and Shason Inc. as named insureds, and each of the Landlords as additional insureds, and (ii) the Buyer shall furnish certificates of insurance for property insurance and general liability insurance for the Warehouse Lease premises to Warehouse Landlord naming Buyer and Shason, Inc. as insureds and naming Warehouse Landlord as an additional insured in

such amounts and coverages as are currently in existence for the Debtors applicable to such property.

5. Notwithstanding the terms of the Lease Sale Agreement, the Lease Sale Agreement may not be assigned by the Buyer to another party or entity.

6. Notwithstanding anything in the Parking Lot Lease, the Buyer shall use the property subject to the Parking Lot Lease as a parking lot only and for no other purpose.

7. In accordance with section 365(f) of the Bankruptcy Code, the Buyer has provided adequate assurance of future performance under the Vernon Leases to the extent that any such assurance is required.

8. Upon entry of this Order and the closing of the Lease Sale Agreement, the Buyer shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Vernon Leases and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to any breach of the Vernon Leases occurring after the later of the effective date of this Order or the closing of the Lease Sale Agreement.

9. The Debtors are authorized to take all actions necessary or convenient to effectuate the relief granted in this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

11. Promptly upon receipt of an invoice therefor, Buyer shall pay to Parking Lot Landlord any property taxes then due and payable in respect of the Parking Lot, regardless of whether accrued before or after the date of closing of the Lease Sale Agreement. For the avoidance of doubt, the amount of property taxes payable in respect of the Parking Lot shall be determined in the same manner after the closing of the Lease Sale Agreement as before such closing.

Dated: September 3, 2019
      White Plains, New York

    /s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97160976\8\73217.0004

# Exhibit 1

**Vernon Leases**

| Unexpired Lease | Counterparty | Property Address | Description of Unexpired Lease |
|---|---|---|---|
| 1. Warehouse Lease | 5525 S. Soto St. Associates | 5525 S. Soto Street, Vernon, CA 90058 | Lease dated April 3, 1947 between Connecticut General Life Insurance Company, as predecessor in interest to 5525 S. Soto St. Associates, as landlord, and Sears, Roebuck and Co., as tenant, as same may have been modified, amended, and/or extended. |
| 2. Warehouse Sublease | Henry Shahery | 5525 S. Soto Street, Vernon, CA 90058 | Sublease dated December 21, 2017 between Sears, Roebuck and Co. as sublandlord, and Henry Shahery, as subtenant, as same may have been modified, amended, and/or extended. |
| 3. Parking Lot Lease | 51st Street Partnership | 2700 Fruitland Ave, Vernon, CA 90058 | Lease dated December 15, 1998 between 51st Street Partnership as landlord, and Sears Logistics Services, Inc., as predecessor in interest to Innovel Solutions, Inc., as tenant, as same may have been modified, amended, and/or extended. |
| 4. Parking Lot Sublease | Henry Shahery and Shason, Inc. | 2700 Fruitland Ave, Vernon, CA 90058 | Sublease dated December 21, 2017 between Innovel Solutions, Inc. as sublandlord, and Henry Shahery and Shason, Inc., as subtenants, as same may have been modified, amended, and/or extended. |