**Hearing Date and Time:** October 23, 2019 at 10:00 a.m. (Eastern Time)
**Objection Deadline Date and Time:** October 16, 2019 at 4:00 p.m. (Eastern Time)

FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Counsel for *Luan Investment SE*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**MOTION TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. §§ 503(b)(1)(A) and (b)(1)(B) FOR SERVICES PERFORMED POST-PETITION**

TO THE HONORABLE COURT:

COMES NOW Luan Investment SE ("Luan"), by and through its undersigned counsel, hereby moves the Court for an order under 11 U.S.C. §§ 503(b)(1)(A) and (b)(1)(B) allowing and compelling payment of an administrative expense claim, and in support thereof states as follows:

Factual and Procedural Background

1. On October 2, 1990, Luan and Kmart Corporation executed a *Lease Agreement* (the "*Lease Agreement*") through which Luan leased the commercial space for Kmart Store No. 4732 at the Aguadilla Mall in Aguadilla, Puerto Rico ("Store No. 4732" or the "Demised Premises"). See *Lease Agreement*, Proof of Claims Nos. 9143 and 9215, pp. 15-46.

2. Pursuant to the terms of the *Lease Agreement*, the Debtors are required to make certain payments to Luan for the use and occupancy of the Demised Premises. These payments include rent, common area maintenance and utility fees, and ad valorem real estate taxes. See *Lease Agreement*, Proof of Claims Nos. 9143 and 9215, ¶¶ 3-5, 15 and 17, pp. 15-46.

3. Pursuant to the terms of the *Lease Agreement*, the Debtors "shall pay and discharge all

ad valorem real estate taxes… levied against the taxable premises during the term of the Lease…" *Lease Agreement*, Proof of Claims Nos. 9143 and 9215, ¶ 5, p. 3. "[T]he date of levy of all ad valorem real estate taxes shall be deemed to be the date specified by each applicable taxing jurisdiction for which such taxes become a lien on the taxable premises." *Lease Agreement*, Proof of Claims Nos. 9143 and 9215, ¶ 5, p. 4.

4. On June 20, 2017, the Debtors elected to extend the *Lease Agreement* for an additional five years, commencing January 1, 2016 to and including December 31, 2022. See Proof of Claims Nos. 9143 and 9215, pp. 47-48.

5. On October 15, 2018, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. On or about October 15, 2018, the Debtors were billed certain charges for the pro-rata share of the exterior common area utility and maintenance cost for the post-petition period of October 15, 2018 to October 31, 2018. Specifically, Invoice No. 2018-15-10B in the amount of $10,024.43, which is attached hereto as **Exhibit I**.

7. On or about January 31, 2019, the Debtors were billed certain charges for the pro-rata share of the exterior common area utility and maintenance cost for the post-petition period of November 1, 2018 to January 1, 2019. Specifically, Invoice No. 2018-19-03 in the amount of $32,350.83, which is attached hereto as **Exhibit II**.

8. On March 5, 2019, Luan filed Proof of Claim Nos. 9143 and 9215 in the amount of $91,096.51 (pre-petition unsecured claim of $81,072.08 and post-petition administrative priority of $10,024.43). See Proof of Claim Nos. 9143 and 9215.

9. On or about April 30, 2019, the Debtors were billed certain charges for the pro-rata share of the public liability insurance premium for exterior common areas for the post-petition period of November 1, 2018 to January 1, 2019. Specifically, Invoice No. 2019-INS in the prorated amount of $526.06, which is attached hereto as **Exhibit III**.

-2-

10.     On May 13, 2019, the Court entered an *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* (the "Order Authorizing Assumption", Docket No. 3850) through which Store No. 4732 was assumed and assigned to Transform Operating Stores LLC. See *Order Authorizing Assumption*, Docket No. 3850, p. 81, item no. 517.

11.     On or about May 31, 2019, the Debtors were billed certain charges on account of the real estate property tax for the period of January 1, 2019 to June 30, 2019. Specifically, Invoice No. 2019-TAX-01 in the prorated amount of $35,310.27, which is attached hereto as **Exhibit IV**.

12.     As of today, Invoice No. 2018-15-10 in the amount of $10,024.43, Invoice No. 2018-19-03 in the amount of $32,350.83, Invoice No. 2019-INS in the prorated amount of $526.06, and Invoice No. 2019-01 in the prorated amount of $10,340.86 have not been paid. The amounts owed by the Debtors on account of services rendered after the commencement of the case are as follows:

| Invoice No. | Invoice Period | Invoice Concept | Amount |
|---|---|---|---|
| 2018-15-10 | Oct 15, 2018 - Oct 31, 2018 | Exterior CAM | $10,024.43 |
| 2018-19-03 | Nov 1, 2018 - Jan 1, 2019 | Exterior CAM | $32,350.83 |
| 2019-INS | Jan 1, 2019 - Dec 31, 2019 | Insurance Premium | $526.06 |
| 2019-TAX-01 | Jan 1, 2019 - June 30, 2019 | Real Estate Property Tax | $10,340.86 |
| | | | **$53,242.18** |

13.     Accordingly, Luan requests the entry of an order granting an administrative expense claim under Sections 503(b)(1)(A) and (b)(1)(B) of the Bankruptcy Code and directing the Debtors to pay such allowed administrative expense claim.

Applicable Law and Discussion

14.     "Under the Bankruptcy Code, the administrative expenses of the debtor-in-possession receive highest priority in corporate bankruptcy proceedings. 11 U.S.C. § 507(a)(1)." In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2nd Cir. 2017). See also Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2nd Cir. 1986) ("Congress granted priority to administrative expenses in order to facilitate the efforts of the… debtor in possession to rehabilitate the business for the benefit of all the estate's creditors.")

A.      *Standard of Relief Under Section 503(b)(1)(A) of the Bankruptcy Code*

15. Section 503(b)(1)(A) of the Bankruptcy Code defines administrative expenses as "the actual, necessary costs and expenses of preserving the estate" incurred by a creditor "for services rendered after the commencement of the case…" 11 U.S.C. § 503(b)(1)(A).

16. Under Section 503(b)(1)(A), "[a]n expense is administrative only if it arises out of a transaction between the creditor and the … debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." In re Bethlehem Steel Corp., 479 F.3d at 172, citing Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d at 101.

17. Further, "[i]n order for a creditor's claim to be entitled to administrative status, there must be actual use of the creditors property by the debtor-in-possession. Actual use confers a 'concrete benefit on the estate' thereby entitling a claimant to an administrative expense claim. Where only part of the leased property is used by a debtor-in-possession, an administrative claim priority is accorded only to the portion used." In re Enron Corp., 279 B.R. 695, 706 (Bankr. S.D.N.Y. 2002) (citations omitted).

18. "The burden of proving entitlement to priority payment as an administrative expense … rests with the party requesting it." In re Bethlehem Steel Corp., 479 F.3d at 172, citing In re Hemingway Transp., Inc., 954 F.2d 1, 5 (1st Cir. 1992). See also In re Drexel Burnham Lambert Group, Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).

19. As of the Petition Date, the Debtors have continued to occupy Store No. 4732 and their estate continues to benefit from such occupation. Accordingly, under to the terms of the *Lease Agreement*, the Debtors are required to make certain payments to Luan arising out of the use and occupancy of the Demised Premises. See *Lease Agreement,* Proof of Claims Nos. 9143 and 9215, ¶¶ 3-5, 15 and 17, pp. 15-46.

20. The Debtors have not paid their pro-rata share of the exterior common area utility and maintenance costs or their pro-rata share of the public liability insurance premium for exterior common areas that arose during the post-petition period, as detailed in Invoice No. 2018-15-10, Invoice No. 2018-19-03, and Invoice No. 2019-01.

21. The exterior maintenance and common area maintenance services provided by Luan provided a benefit to the Demised Premises and are actual, necessary costs and expenses of preserving the value of the Debtors' estate.

22. Pursuant to the *Lease Agreement* and Section 503(b)(1)(A) of the Bankruptcy Code, Luan seeks an administrative expense priority claim for the fees and expenses incurred on account of the services provided.

B.   *Standard of Relief Under Section 503(b)(1)(B) of the Bankruptcy Code*

23. Section 503(b)(1)(B) of the Bankruptcy Code also defines administrative expenses as "any tax" incurred by the estate, "whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both…". 11 U.S.C. § 503(b)(1)(B).

24. Under Section 503(b)(1)(B), post-petition real estate taxes are an administrative expense entitled to first priority treatment under Section 507(a)(1). See In re Mailman Steam Carpet Cleaning, Inc., 270 B.R. 82, 85 (1st Cir. B.A.P. 2001) (quoting In re Trowbridge, 74 B.R. 484 (Bankr. E.D. Pa. 1987). Also see In re Soltan, 234 B.R. 260, 269 (Bkrtcy. E.D.N.Y. 1999) ("a post-petition real estate tax on property used by the estate is an… administrative expense pursuant to 11 U.S.C. § 503(b).").

25. Real estate taxes are administrative expenses only if they are "incurred by the estate". State law will determine when a tax is incurred. See Collier on Bankruptcy ¶ 503.07[1] (16th ed. 2019).

26. Under Puerto Rico Law, pursuant to Article 3.41 of PR Act No. 80 of August 30, 1991, as amended, known as the PR Municipal Property Tax Act of 1991, "tax levied on the value of real property shall be payable in advance [semiannually] to the Collection Center or its authorized representative on the first of July and January of each year." 21 L.P.R.A. § 5091 (official translation).

27. Thus, Invoice No. 2019-01, which corresponds to tax levied against the Demised Premises for the period of January 1, 2019 to June 30, 2019, was incurred by the Debtors' estate post-petition.

28. The Debtors have not paid their pro-rata share of such property tax. Pursuant to the *Lease Agreement* and Section 503(b)(1)(B) of the Bankruptcy Code, Luan has an administrative expense priority

claim for property taxes incurred as detailed in Invoice No. 2019-01.

29. Accordingly, pursuant to the *Lease Agreement* and Section 503(b)(1)(A),(B) of the Bankruptcy Code, Luan is entitled to administrative expense priority and payment of its administrative expense claims in the amount of **$53,242.18.**

30. Luan seeks the entry of an order, in a form substantially similar to the proposed order attached hereto as **Exhibit V**, (i) granting Luan an administrative expense claim under Section 503(b)(1)(A),(B) of the Bankruptcy Code, and (ii) directing the Debtor to pay such allowed administrative expense claim within fourteen (14) days of entry of the order.

<u>Notice</u>

31. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Case Management Procedures Order* (Docket No. 405).

32. No previous request for the relief sought herein has been made by Luan to this or any other Court.

<u>Prayer for Relief</u>

WHEREFORE, Luan respectfully requests the Court to enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

[Signatures on next page]

Respectfully submitted.
Dated: September 4, 2019
Orlando, Florida

**Ferraiuoli** LLC

390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001

-and-

221 Ponce de León Avenue
5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

 /s/ Sonia E. Colón Colón
By: Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

 /s/ Gustavo A. Chico-Barris
Gustavo A. Chico-Barris
NY State Bar No. 929147
USDC-PR No. 224205
gchico@ferraiuoli.com

Attorneys for
*Luan Investment SE*