UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                               :

:        Chapter 11

**SEARS HOLDINGS CORPORATION,** *et al.*,   :

:        Case No. 18-23538 (RDD)

:

Debtors.[1]                  :        (Jointly Administered)

------------------------------------------------------------ x

**STIPULATION AND ORDER BETWEEN DEBTORS
AND MIDWOOD MANAGEMENT CORPORATION
<u>SETTING REJECTION DAMAGES PROOF OF CLAIM BAR DATE</u>**

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made as of August 28, 2019, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") and Midwood Management Corporation as agent for Expressway Plaza I, LLC and Farmingville Associates Phase I, LLC (the "<u>Landlord</u>" and together with the Debtors, the "<u>Parties</u>"), through their respective and duly authorized counsel of record. The Parties hereby stipulate and agree, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Recitals**

A.    Landlord and Debtor Kmart Corporation ("Kmart") are parties to that certain lease dated as of December 20, 1991 (as amended and/or modified, the "Lease") of nonresidential real property at 2280 North Ocean Avenue, Farmingville, New York (Store # 4871).

B.    On October 15, 2018, the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

C.    On April 10, 2019, Landlord filed a proof of claim against Kmart for amounts due on account of the Lease (Claim No. 16163) (the "Landlord Claim").

D.    From time to time, the parties stipulated to extend the deadline for the Debtors to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code, which stipulations were so-ordered by the Bankruptcy Court. Most recently, on August 1, 2019, the Bankruptcy Court entered the *Stipulation and Order By and Among Sellers, Buyer, and Landlord Midwood Management Corporation (I) Extending Time Under 11 U.S.C. 365(d)(4) for Assumption or Rejection of Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* [ECF No. 4692] pursuant to which the Parties and Transform Holdco LLC consensually agreed to a further extension of the deadline for the Debtors to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code to and including August 2, 2019 (the "Deadline").

E.    The Debtors did not assume the Lease prior to the expiration of the Deadline nor was the Deadline further extended. As a result, the Lease was deemed rejected by operation of law as of August 3, 2019 (the "Lease Rejection").

F.    Landlord now wishes to file an amended Landlord Claim to include damages arising from the Lease Rejection.

G.     Bankruptcy Rule 3002(c)(4) provides that "a claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct."

H.     The Bankruptcy Court has not yet directed when a claim arising from rejection of the Lease may be filed.

I.     The parties, have therefore, agreed on the terms stated herein and subject to the approval of the Bankruptcy Court, to fix the time within which the Landlord may file an amended Landlord Claim to include damages arising from rejection of the Lease.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.     This Stipulation and Order shall not be effective unless and until it is approved by the Bankruptcy Court.

2.     The Landlord may file an amended Landlord Claim to assert damages arising from the Lease Rejection by no later than September 6, 2019.

3.     Nothing contained in this Stipulation and Order affects or prejudices the Debtors' right to object to the amount of the Landlord Claim as originally filed or as it may be amended pursuant to the terms of this Stipulation and Order.

4.     This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.

5.     This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

6. Pending approval of this Stipulation and Order by the Bankruptcy Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this Stipulation and Order is not approved by the Bankruptcy Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

7. The Bankruptcy Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

8. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

[*Remainder of Page Left Intentionally Blank*]

Dated: August 28, 2019

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus, Esq.

*Counsel for the Debtors and Debtors-in-Possession*

Dated: August 28, 2019

**FARRELL FRITZ, P.C.**

By: /s/ Patrick Collins
400 RXR PLAZA
Uniondale, New York 11556
Telephone: (516) 227-0700
Facsimile: (516) 227-0777
Patrick Collins, Esq.

*Counsel for the Landlord*

**IT IS SO ORDERED.**

Dated: White Plains, New York
    September 5, 2019

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97166561\2\73217.0004