**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for ARS eCommerce, LLC*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION., *et al.,*<br><br>Debtors. | Chapter 11 Case<br><br>Case No. 18-23538 (RDD) |

**MOTION OF ARS eCOMMERCE, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(1)**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE:

ARS eCommerce, LLC ("ARS"), by and through its counsel, Weltman & Moskowitz, LLP, submits this motion ("Motion") for: (i) allowance and payment of its administrative expense claim pursuant to 11 U.S.C. § 503(b)(1); and (ii) related relief. In support of this Application, ARS respectfully represents:

**BACKGROUND**

1.   Pursuant to a certain Master Services Agreement, dated July 3, 2007, by and between ARS and Sears Holdings Management Corporation ("Sears Holdings"), and its affiliates (as amended, "Agreement"), ARS provided certain product management system hosting and maintenance services for Sears.[1] A copy of the Agreement is annexed hereto as Exhibit "A."

2.   The Agreement requires ARS to submit invoices on a monthly basis. Pursuant to section 3.2 of the Agreement, Sears Holdings agreed to pay ARS for properly submitted invoices for services within sixty (60) days of receipt.

---

[1] More specifically, ARS provides general account support, troubleshooting, bug fixes, security management, activity monitoring, on-call monitoring, continuous integration and release management.

3. Section 1.2 of the Agreement requires the parties to enter into a statement of work ("SOW"), which the parties have done on an annual basis.

4. On October 15, 2018 ("Petition Date"), Sears Holdings Corporation and several of its affiliates, including Sears, Roebuck and Co., filed voluntary petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Court").

5. After the Petition Date, ARS continued to perform work on behalf of one or more of the Debtors pursuant to the Agreement and the 2018 SOW, providing one or more of the Debtors with the services described above.

6. On April 17, 2019, Debtors filed a Notice of Rejection of Executory Contracts (ECF Doc. 3268), which included rejection of the parties' 2018 SOW.

7. On May 8, 2019, the Court entered an Order Approving Rejection of Certain Executory Contracts (ECF Doc. No. 3755), which included rejection of the 2018 SOW.

8. Subsequently, the parties entered into a 2019 SOW. A copy of the 2019 SOW is annexed hereto as Exhibit "B."[2]

9. Pursuant to the 2019 SOW and Agreement, ARS provided Debtors with the services as set forth in the 2019 SOW and submitted monthly invoices to Debtors for such post-petition services.

10. ARS provided Debtors with services with a value of not less than $32,250.00 under the 2019 SOW for which Debtors have failed to pay, including services for the months of May, July and August 2019. Copies of the unpaid post-petition invoices are annexed hereto as Exhibit "D."

---

[2] Although the parties are both operating under the terms set forth in the 2019 SOW, they have not yet executed the agreement. The parties expect to execute the 2019 SOW in the near term. *See* e-mail correspondence between the parties regarding execution of the 2019 SOW, annexed hereto as Exhibit "C."

2

11. Debtors have not disputed that the amounts under the post-petition invoices are due and owing.

## RELIEF REQUESTED

12. ARS requests entry of an order substantially in the form attached hereto: (i) granting ARS an allowed administrative expense claim in the amount of $32,250.00 under section 503(b)(1) of the Bankruptcy Code for services rendered to Debtors post-petition; (ii) requiring Debtors to immediately pay such allowed administrative expense claims within three (3) days of the entry of the order; and (iii) granting ARS such other and further relief as deemed just and necessary.

## BASIS FOR RELIEF REQUESTED

13. Section 503(b)(1) of the Bankruptcy Code states, in relevant part that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including -- (1) (A) the actual, necessary costs and expenses of preserving the estate …" 11 U.S.C. § 503(b).

14. Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (internal citation omitted).

15. In fact, debtors are required to pay the "reasonable value of the services received," and "there is a presumption that the contract rate is reasonable." *In re Smurfit Stone*

*Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010); *see also In re Washington-St. Tammany Elec. Coop., Inc.*, 111 B.R 555, 559 (Bankr. E.D. La. 1989).

16. With respect to timing of payment of an allowed administrative claim, courts have discretion to order the immediate payment of such a claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006).

17. Courts look to a variety of factors in determining whether to order immediate payment, including: (i) bankruptcy's goal of orderly and equal distribution, among creditors; (ii) the particular needs of the administrative claimant; and (iii) the length and expense of the case's administration. *Id.* Other courts have interpreted these factors as: (i) prejudice to the debtors; (ii) hardship to the claimant; and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall. *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

**ARGUMENT**

18. As described in the post-petition invoices, ARS provided Debtors services in the amount of $32,250.00 for the months of May 2019, and July through August 2019, Debtors have failed and refused to pay the Invoices, despite the 2019 SOW and having not disputed the amounts due therein.

4

19. Debtors cannot legitimately dispute that they did not benefit from the services rendered by ARS pursuant to the 2019 SOW and the Agreement for the services described in the invoices. In fact, absent ARS' services, Debtors' ability to maintain its websites would have been impaired.

20. ARS' administrative expense claim under the post-petition invoices arises from Debtors' post-petition obligations under an executory contract. Moreover, ARS' claim under the Post-Petition Invoices derives from the actual and necessary costs and expenses incurred after the Petition Date in connection with operating Debtors' business. Accordingly, ARS is entitled to an administrative priority expense claim pursuant to 11 U.S.C. § 503(b)(1) in the amount of $32,250.00 for unpaid services provided by ARS to Debtors post-petition.

21. Moreover, ARS continues to provide services to Debtor. As a result, it respectfully requests it be paid within three (3) days of the entry of the order granting the relief requested herein.

## RESERVATION OF RIGHTS

22. ARS reserves the right to supplement or amend this Motion and make additional arguments at the hearing to consider the Motion. In addition, ARS reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Motion.

23. No previous request for the relief requested herein has been sought in this or any other Court.

## CONCLUSION

**WHEREFORE,** ARS respectfully requests entry of the Proposed Order, granting the relief requested herein and for such other and further relief as is just and proper in the circumstances.

5

Dated:   New York, New York
         September 5, 2019

          **WELTMAN & MOSKOWITZ, LLP**
          *Attorneys for ARS eCommerce, LLC*

          By: */s/ Michael L. Moskowitz*
              **MICHAEL L. MOSKOWITZ**
          270 Madison Avenue, Suite 1400
          New York, New York 10016
          (212) 684-7800