**KURTZMAN | STEADY, LLC**
Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

**Hearing Date: October 23, 2019**
**Hearing Time: 10:00 a.m. (EST)**

*Attorneys for PREIT Services, LLC, as agent for
PR Jacksonville Limited Partnership*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
|  | : Chapter 11 |
|  | : |
| SEARS HOLDINGS CORPORATION, | : Case No. 18-23538 (RDD) |
| INC., et al.,[1] | : |
|  | : (Jointly Administered) |
| Debtors. | : |
|  | : |

## MOTION OF PREIT SERVICES, LLC, AS AGENT FOR PR JACKSONVILLE LIMITED PARTNERSHIP, FOR AN ORDER COMPELLING IMMEDIATE PAYMENT OF CURE OBLIGATIONS UNDER AN ASSUMED NONRESIDENTIAL REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. §365(b)(1)

TO:   THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PREIT Services, LLC ("PREIT"), as agent for PR Jacksonville Limited Partnership ("PR Jacksonville"), by and through its attorneys, Kurtzman | Steady, LLC, hereby files this motion (the "Motion") for an order compelling the immediate payment of the Debtors' cure obligations under an assumed nonresidential real property lease (the "Cure Claim") in the amount of $108,290.04 pursuant to Section 365(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code"), allowing the Cure Claim as an administrative claim, and compelling Transform Holdco, LLC ("Transform" or the "Buyer") to pay the Cure Claim. In support of the Motion, PR Jacksonville respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. PR Jacksonville respectfully seeks an order compelling Transform to pay the Cure Claim in accordance with, and as required by, this Court's order entered on May 13, 2013 [Doc. No. 3850] (the "Assumption Order") and Section 365(b)(1) of the Bankruptcy Code. As set forth in detail below, the Cure Claim is comprised, in large part, of the 2018 real estate tax reconciliation billing for which the tenant is obligated under the Lease (as defined below).

## II. BACKGROUND

2. On or about October 15, 2018 (the "Petition Date"), Sears Holding Corporation, Inc. and various affiliates (the "Debtors") including Sears, Roebuck and Co. ("Sears"), filed respective voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code with this Court.

3. The Debtors operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2

### III. JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

5. Venue of this case and this motion are proper pursuant to 28 U.S.C. § 1408.

6. The statutory predicate for the relief requested is Section 356(b)(2)(a) of the Bankruptcy Code.

7. PREIT is the agent for PR Jacksonville, which is the owner of the Jacksonville Mall located in Jacksonville, North Carolina.

8. Pursuant to a nonresidential real property lease (the "Lease") between PR Jacksonville, as lessor, and Sears, as lessee, Sears leased retail premises at the Jacksonville Mall.[2]

9. On May 13, 2019, this Court entered the Assumption Order, which authorized Sears to assume and assign the Lease to Transform.

10. As of the Petition Date, the claim of PR Jacksonville for pre-petition amounts due under the Lease was minimal. In this regard, PR Jacksonville filed claim no. 3789 on October 31, 2018 in the amount of $363.34 (the "Original Claim"). The Original Claim operated to place the Debtors on notice that the cure obligation arising under the Lease was greater than zero.

11. On March 31, 2019, PR Jacksonville issued its 2018 real estate tax reconciliation billing in the amount of $133,764.53 (the "Tax Reconciliation"). The Tax Reconciliation was calculated and billed in accordance with the ordinary course of business of both PR Jacksonville and Sears.

12. On May 22, 2019, Transform paid a portion of the Tax Reconciliation in the amount of $28,585.30, leaving a balance of $105,179.23. Upon information and belief, the May 22 partial

---

[2] The Lease is designated as Sears' store no. 2755.

3

payment reflected the Debtors' (or Transform's) calculation of the ratable post-petition portion of the Tax Reconciliation.

13. After applying the partial payment described in the preceding paragraph, PR Jacksonville amended the Original Claim by filing claim no. 19564 on May 23, 2019 in the amount of $108,290.04 (the "Amended Claim"). The Amended Claim, a copy of which is annexed hereto and made a part hereof as Exhibit "B", contained an itemized statement reflecting both the Tax Reconciliation billing and the credit for the Debtor's partial payment.

14. Following its receipt of the partial Tax Reconciliation payment and the filing of the Amended Claim, PR Jacksonville and Transform engaged in a process designed to reconcile the applicable cure amount under the Lease, which by then had been assumed and assigned to Transform pursuant to the Assumption Order.

15. The reconciliation process has been inefficient, to say the least. Annexed hereto and made a part hereof as Exhibit "C" are the electronic mail communications between Jeannie Campbell and Marian Purzycki of PREIT and Transform's designated representative, Tammi Banaszak, whose email signature reflects that she is employed as a Director of Real Estate by Transform SR Holding Management LLC.

16. As reflected in those communications, Ms. Campbell initially reached out to Ms. Banaszak on May 22, 2019, stating:

> Hi Tammi,
>
> $28,585.30 check #140106942 was a partial payment for 2018 real estate [taxes]. The lease has been assumed so balance is expected. Also, 2018 CAM has not been received.

17. Similarly, on May 28, 2019, Ms. Purzycki of PREIT contacted Ms. Banaszak, asking "Can you update me on the status of payment for Jacksonville's real estate tax?" Ms.

4

Banaszak responded the same day, asking whether the Jacksonville claim related to a Sears or Kmart store.

18.  On the following day, May 29, Ms. Banaszak answered PREIT's request for an updated status of the cure payment by stating, "2755 [i.e., the PR Jacksonville store number] – pre-petition taxes of $105,179.23 will be processed thru [sic] the cure process. 2018 CAM is received and will be processed asap. We are currently reviewing those items as quickly as possible."

19.  Not having received the cure payment by mid-June, Ms. Campbell contacted Ms. Banaszak on each of June 18, 2019, June 28, 2019 and July 2, 2019 asking for a status update regarding the timing of the payment.

20.  Although Ms. Banaszak had previously represented to PREIT that the cure payment was being processed, she did not reply to Ms. Campbell's inquiries until July 11, 2019, at which time she wrote: "Please provide a copy of the claim or objection filed regarding any 2018 charges."

21.  In response to that request, Ms. Campbell forwarded a copy of the Amended Claim on July 23, 2019.

22.  Finally, in what can only be described as a complete turnabout, and without any explanation why Transform's prior stated position that the cure payment was being processed had changed, Ms. Banaszak advised Ms. Purzycki and others that "[f}or the Jacksonville unit # 2755, the items listed as open for the months of 9.1.18 – 3.31.19 are barred per paragraph 12 of the May 13, 2019 assignment and assumption order [$108,108.37]".

23.  PREIT and PR Jacksonville dispute that the payment of the Cure Amount is "barred" by the Assumption Order, which requires, among other things, that Transform and lease counterparties undertake good faith efforts to reconcile disputed cure amounts.

5

24.  Specifically, the Assumption Order provides that "[t]he Buyer and Designated Lease counterparties shall work in good faith to reconcile any disputes with respect to Cure Amounts, provided, however, that if either party believes, following good faith discussions, that an impasse has been reached with respect to any Cure Amounts, such parties shall give written notice the other [sic], and within five days after such notice, in the absence of any agreement, such party may seek a hearing before the Bankruptcy Court in accordance with the Assumption and Assignment Order." Assumption Order, p. 15, ¶ 11.

25.  This motion has been filed to address Transform's lack of good faith in reconciling and satisfying the Cure Claim arising under the Lease, which appears to stem more from its unwillingness or financial inability to make the payment than a disagreement regarding the existence and amount of the claim.

### IV.  **RELIEF REQUESTED**

26.  Upon this Court's entry of the Assumption Order, Transform was obligated to satisfy the Cure Claim pursuant to section 365(b)(1) of the Bankruptcy Code, which provides in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee-
>
> (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C)  provides adequate assurance of future performance under such contract or lease.

27.  Here, although the Tax Reconciliation was not known and could not therefore have

6

been asserted as of the date of the Assumption Order, it is no less a claim for which cure is statutorily required than if it had been asserted before the date on which the Lease was assumed and assigned. Indeed, the situation presented here appears to be one expressly contemplated by the "good faith reconciliation" provision of the Assumption Order.

28. In this regard, section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Moreover, the cure obligation extends to monetary defaults arising both pre- and post-petition. In re Stoltz, 315 F.3d 80 (2d Cir. 2002); In re Liljeberg Enters., Inc. 304 F.3d 410 (5th Cir. 2002; In re Overland Park Fin. Corp., 238 F.3d 1246 (10th Cir. 2001); In re Building Block Child Care Ctrs., Inc., 50 B.R. 250 (9th Cir. BAP 1999).

29. The email communications between PREIT and Ms. Banaszak evidence Transform's actual knowledge of the Cure Claim. Those communications go even further by indicating that a payment was being "processed" before Transform's about face in adopting the spurious and contradictory position that the Cure Claim was prohibited by the Assumption Order.

30. For the foregoing reasons, the entry of an order allowing the Cure Claim as an administrative expense and directing Transform immediately to satisfy it is in all respects appropriate.

## V. NO PRIOR RELIEF

31. No prior request for the relief sought herein has been made to this or any other court.

## VI. CONCLUSION

WHEREFORE, PREIT Services, LLC, as agent for PR Jacksonville Limited Partnership, respectfully requests that this Court (i) enter an order, substantially in the form annexed hereto as Exhibit A, allowing the Cure Claim in the amount of $108,290.04, (ii) compelling Transform

7

immediately to satisfy the Cure Claim, and (iii) granting PR Jacksonville such other and further relief as this Court deems just and proper.

Dated: Philadelphia, Pennsylvania
       September 10, 2019

**KURTZMAN | STEADY, LLC**

By: _____
Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for PREIT Services, LLC, as agent for PR Jacksonville Limited Partnership