Hearing Date and Time: September 25, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline Date and Time: September 18, 2019 at 4:00 p.m. (Eastern Time)

Jeremy R. Johnson
POLSINELLI PC
600 Third Avenue
Suite 4200
New York, New York  10016
(646) 289-6507
Jeremy.johnson@polsinelli.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.* | **Case No. 18-23538 (RDD)** |
| | **(Jointly Administered)** |
| Debtors. | |

## NOTICE OF HEARING OF POLSINELLI'S FIRST AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES IN EXCESS OF TIER 3 ORDINARY COURSE PROFESSIONAL MONTHLY CAP FOR THE MONTH OF JANUARY 2019

**PLEASE TAKE NOTICE** that the hearing to consider approval of *Polsinelli's First and Final Fee Application for Compensation and Reimbursement of Fees and Expenses in Excess of Tier 3 Ordinary Course Professional Monthly Cap for the Month of January 2019* (the "**Application**") **has been scheduled on September 25, 2019 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). The Hearing will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Court for the Southern District of New York, Courtroom TBA, 300 Quarropas Street, White Plains, New York, 10601-4140.

70351104.1

**PLEASE TAKE FURTHER NOTICE** that any objection to the Application must be filed and served upon the undersigned not later than September 18, 2019 at 4:00 p.m. (Eastern Time). If no objection is timely filed and served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures [Dkt # 405], the relief requested may be granted without a hearing.

Dated New York, New York  
      September 10, 2019

POLSINELLI PC

By: */s/ Jeremy R. Johnson*  
    Jeremy R. Johnson  
    600 Third Ave., Ste 4200  
    New York, New York 10016  
    (646) 289-6507  
    Jeremy.johnson@polsinelli.com

70351104.1

Hearing Date and Time: September 25, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline Date and Time: September 18, 2019 at 4:00 p.m. (Eastern Time)

Jeremy R. Johnson
POLSINELLI PC
600 Third Avenue
Suite 4200
New York, New York  10016
(646) 289-6507
Jeremy.johnson@polsinelli.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| **SEARS HOLDINGS CORPORATION,** *et al.* | ) ) ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### POLSINELLI PC'S FIRST AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES IN EXCESS OF TIER 3 ORDINARY COURSE PROFESSIONAL MONTHLY CAP FOR THE MONTH OF JANUARY 2019

Name of Applicant:    Polsinelli PC

Date of Retention:    October 15, 2018

Period for Which Fees and
Expenses are Incurred:    January 1, 2019 through January 31, 2019

Amount of Compensation Sought
as Actual, Reasonable and Necessary:    $88,350.84

Total Fees and Expenses Due:    $88,350.84

This is a first and final application for the period January 1-31, 2019

68885237.2

**Summary of Monthly Applications for Application Period**

| Application Period | Requested Fees (100%) | Fees Paid | Requested Expenses | Expenses Paid | Carryover |
|---|---|---|---|---|---|
| Jan. 2019 | $88,350 | $0 | $0 | $0 | $0 |

**Preliminary Statement**

Polsinelli PC ("Polsinelli") hereby submits this Fee Application in accordance with the Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Commencement Date, entered November 16, 2018 [Dkt. #794] (the "OCP Order").

**Background**

1. Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed in these chapter 11 cases. A hearing on confirmation of the Debtors' Second Amended Joint Chapter 11 Plan is scheduled for September 18, 2019.

2. The OCP Order establishes certain procedures for the Debtors to retain and compensate those professionals employed by the Debtors in the ordinary course of business ("Ordinary Course Professionals"), effective as of the Commencement Date, without the submission of separate retention applications or the issuance of separate retention orders for each individual Ordinary Course Professional, and compensation and reimbursement of Ordinary Course Professionals without individual fee applications.

68885237.2

3. Under ORDERED paragraph 2(vi) of the OCP Order, the Debtors are authorized to retain an Ordinary Course Professional, and compensate the Ordinary Course Professional, without formal application to the Court, 100% of the fees and 100% of the expenses incurred upon submission to, and approval by, the Debtor of an appropriate invoice. This is subject, however, to a monthly cap for total compensation and reimbursements for Ordinary Course Professionals set forth on Exhibit 1 to the OCP Order, and further subject to an annual cap for the first twelve months.

4. As set forth in the Notice of Filing of Seventh Supplemental Ordinary Course Professional List [Dkt. #4154], Polsinelli is a Tier 3 Ordinary Course Professional listed on Exhibit 1 to the OCP Order, and is therefore subject to a monthly cap of $150,000 and an annual cap of $1,500,000. Polsinelli provides the Debtors legal advice on real estate matters.

5. As described in the Declaration of Mark A. Gershon in Support of Polsinelli PC's First and Final Fee Application for Compensation and Reimbursement of Fees and Expenses in Excess of Tier 3 Ordinary Course Professional Monthly Cap for the Month of January 2019 filed herewith (the "Gershon Decl."), Polsinelli has submitted its invoices to the Debtors for services provided and expenses advanced during the months of October (from the Commencement Date), November and December 2018, and January, February, March, April, May and June 2019. The invoices were submitted in the appropriate form and in the manner required by the Debtors, and provided in reasonable detail the nature of the services rendered and expenses actually incurred.

6. The Debtors have approved and paid Polsinelli's October, November and December 2018 invoices, and its January, February, March, April and May 2019 invoices, up to the monthly cap amount, and with a deduction for processing. Exhibit A to the Gershon Decl. reflects the amount of Polsinelli's monthly invoices through May 2019, application of the

monthly cap and the effect of any rollover from the previous month, and a monthly processing adjustment. The net result is that Polsinelli's fees for January 2019 exceeded the monthly cap of $150,000 by $88,350.84. Polsinelli requests approval of those fees in the amount of $88,350.84, and for authorization for the Debtors to pay those fees.

7. Polsinelli does not expect that its monthly fees and expenses will again exceed the Tier 3 monthly cap of $150,000; nor does Polsinelli expect that its fees and expenses for the first twelve months will exceed the Tier 3 annual cap of $1,500,000.

### Jurisdiction

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Statutory Basis

9. Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1 are the statutory predicates to the relief sought by this Application.

### Billing Practices

10. Polsinelli is seeking compensation for its services in accordance with its regular and customary business practices and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, OCP Order and Fee Guidelines. Polsinelli charges based on the actual hours expended to perform its services, at standard hourly rates established for each professional, which hourly rates are subject to annual adjustment. In addition to the hourly billing rates of each professional, Polsinelli customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier delivery,

4

68885237.2

overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items.

11.     Polsinelli maintains contemporaneous records of the time expended and the out-of-pocket expenses incurred in support of its billings for services.

12.     By this Application, Polsinelli seeks the allowance and payment of its compensation and expenses in the amount of $88,350.84, which is the amount by which its fees and expenses have exceeded the Tier 3 monthly cap during the month of January 2019. These fees and expenses have been reviewed and approved by the Debtors.

13.     A copy of the itemized time and expense records for Polsinelli's January 2019 invoice is attached to the Gershon Decl. as Exhibit B. The Debtors have paid up to the Tier 3 monthly cap for the January 2019 invoice, leaving $88,350.84 subject to the Court's approval and payment authorization.

14.     Attached to the Gershon Decl. as Exhibit C is a timekeeper summary for the month of January 2019 of Polsinelli's professionals by individual, setting forth the (i) name and title of each professional who provided services in connection with the chapter 11 cases; (ii) total hours spent by each professional; (iii) hourly billing rate of each such professional during the period covered by the January 2019 invoice; (iv) amount of fees earned by each Polsinelli professional, and (v) the year of bar admission for each attorney. The blended hourly billing rate of Polsinelli attorneys during the period covered by the invoice is $396.67. The blended hourly rate of paralegals during the period covered by the invoice is $165.

15.     Attached as Exhibit D to the Gershon Decl. is a summary of the out-of-pocket expenses incurred by Polsinelli during the month of January 2019 in connection with this representation, broken out by category.

5

16. All of Polsinelli's services were provided in connection with the disposition of the Debtors' real estate, and all of its services belong in the major category of real estate. Therefore, Polsinelli has not further classified its services into any other major category.

### The Requested Compensation Should be Allowed

17. Bankruptcy Code § 330 provides that a court may award a professional employed under § 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." Under § 330, the court "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – "

   a. time spent;

   b. rates charged;

   c. whether the services were necessary or beneficial at the time rendered to the completion of the case;

   d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issue addressed;

   e. the professional's level of skill and experience; and

   f. the reasonableness of the compensation compared to the customary compensation charged by comparably skilled practitioners outside bankruptcy.

18. Polsinelli has provided the Debtors with crucial and substantial legal services relating to the Debtors' ownership and leasehold interests in real properties, which have been among the most valuable assets of the Debtors' estates. Polsinelli is uniquely suited to provide real estate legal services because it provided these legal services to the Debtors for approximately nine years pre-petition. Before then, Shareholder Mark Gershon provided real

6

68885237.2

estate services to the Debtors for many years. Polsinelli was therefore already familiar with significant portions of the Debtors' real estate portfolio. These legal services were necessary and beneficial at the time rendered to the completion of the case. Polsinelli submits that it has been responsive to the Debtors' often expedited need for these services, which frequently involved complex and important issues. Polsinelli further submits that the time it has spent performing these services has been appropriate and reasonable, and that the rates that it has charged for these services have been commensurate with the level of skill and experience of the professionals performing the services. As demonstrated by the information contained in Exhibit C to the Gershon Decl., Polsinelli allocated legal tasks to a range of professionals, matching legal tasks with the professional(s) most appropriately suited to those tasks. Further, as stated in paragraph 9 of the Gershon Decl., the rates charged by Polsinelli for its real estate professionals are the standard hourly rates for those professionals, which are market rates. Polsinelli submits that such rates are reasonable. For these reasons, the Court should approve the Application.

## Certification

19.  A Certification of Jane Pearson is attached hereto.

## Notice and Objection Procedures

20.  Notice of this Application will be provided in accordance with the procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures [Dkt. #405].

21. No previous request for the relief sought has been made by Polsinelli.

Dated New York, New York
September 10, 2019

POLSINELLI PC

By: /s/ Jeremy R. Johnson
Jeremy R. Johnson
600 Third Ave., Ste 4200
New York, New York  10016
(646) 289-6507
Jeremy.johnson@polsinelli.com

68885237.2

Jeremy R. Johnson
POLSINELLI PC
600 Third Avenue
Suite 4200
New York, New York 10016
(646) 289-6507
Jeremy.johnson@polsinelli.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.* | ) ) ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## CERTIFICATION OF JANE PEARSON IN SUPPORT OF POLSINELLI'S FIRST AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF FEES AND EXPENSES IN EXCESS OF TIER 3 ORDINARY COURSE PROFESSIONAL MONTHLY CAP FOR THE MONTH OF JANUARY 2019

I, Jane Pearson, under penalty of perjury, certify as follows:

1. I am a shareholder in the law firm Polsinelli PC ("Polsinelli"). Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Certification is made in connection with Polsinelli's First and Final Fee Application for Compensation and Reimbursement of Fees and Expenses in Excess of Tier 3 Ordinary Course Professional Monthly Cap for the Month of January 2019 (the "Application").

3. Pursuant to section (b)(1) of the Local Guidelines, I certify that:

   a. I have read the Application;

1

    b.  To the best of my knowledge, information and belief formed after reasonably inquiry, the fees and disbursements sought fall within the Local Guidelines;

    c.  The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Polsinelli and generally accepted by Polsinelli's clients; and

    d.  In providing a reimbursable service, Polsinelli does not make a profit on the service, whether the service is performed by Polsinelli in-house or through a third party.

  4.  The Debtors were provided with the invoices covered by the Application on about March 15, 2019. The invoices were not provided earlier due primarily to Polsinelli's focus on the February 10, 2019 sale closing, and confusion regarding to whom the invoices were to be submitted. The invoices contained a statement of the fees and disbursements accrued during the month of January 2019. The invoices also contained a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, and a reasonably detailed breakdown of the disbursements incurred. Polsinelli has provided an explanation of its billing practices.

  5.  The Debtors and the chair of each official committee will be provided with a copy of the relevant fee application at least 14 days before the date set by the court or any applicable rules for filing fee applications.

  6.  Pursuant to section B(3) of the Local Guidelines, I certify that the Notice Parties will be served with a copy of this Application, as will all parties required to receive notice under the Amended Case Management Order.

69969162.1

In accordance with the UST Guidelines, Polsinelli responds to the questions identified therein as follows:

Question 1: Did Polsinelli agree to any variations from, or alternatives to, Polsinelli's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

Answer: No. For clients of Polsinelli that are billed on an hourly basis, no variations from, or alternatives to, the standard customary billing rates, fees, or terms were made.

Question 2: Are the fees sought in the Application higher by 10% or more as compared to the fees budgeted for the Compensation Period? If so, did Polsinelli Discuss the reasons for the variation with the client?

Answer: No.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer: No.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

3

69969162.1

Question 6: Does the Application include any rate increases since Polsinelli's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: No.

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 9th day of September, 2019 at Seattle, Washington.

JANE PEARSON
Shareholder
POLSINELLI PC

69969162.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.* | ) Case No. 18-23538 (RDD) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## ORDER GRANTING POLSINELLI PC'S FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES IN EXCESS OF TIER 3 ORDINARY COURSE PROFESSIONAL MONTHLY CAP FOR THE MONTH OF JANUARY 2019

Upon consideration of Polsinelli PC's First and Final Application for Allowance of Compensation and Reimbursement of Expenses in Excess of Tier 3 Ordinary Course Professional Monthly Cap for the Month of January 2019 (the "Application") for professional services rendered and expenses incurred during the period commencing January 1, 2019 through January 31, 2019; and a hearing having been held before this court to consider the Application on September 25, 2019; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2); and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby;

ORDERED that the Application is granted to the extent set forth in the attached Schedules.

Dated New York, New York
_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE
Southern District of New York

70147029.1

Updated 06/17/2013

Case No.:   18-23538 (RDD)
Case Name   Sears Holdings Corporation, *et al.*

# FINAL FEE APPLICATION TOTALS
[Insert Date Range]

Schedule B

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Polsinelli PC | $88,350.84 | 0 | 0 | 0 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

DATE ON WHICH ORDER WAS SIGNED: _____        INITIALS: _____USBJ

Revised September 2011