David W. Dykhouse (dwdykhouse@pbwt.com)
Daniel A. Lowenthal (dalowenthal@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Tel: (212) 336-2000
Fax: 9212) 336-2222

**Hearing Date and Time:**
**September 18, 2019 at 10:00 a.m.**

**Objection Deadline:**
**September 16, 2019 at 12:00 p.m.**

Thomas J. Flynn (tflynn@larkinhoffman.com)
LARKIN HOFFMAN DALY & LINDGREN, LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota 55437-1060
Tel: (952) 835-3800
Fax: (952) 896-3333

*Attorneys for MOAC Mall Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11<br>Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

## MOTION OF MOAC MALL HOLDINGS LLC TO SHORTEN TIME FOR MOAC'S MOTION (I) FOR A STAY PENDING APPEAL; AND (II) TO EXPEDITE TRANSMITTAL OF RECORD ON APPEAL TO DISTRICT COURT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

MOAC Mall Holding LLC ("MOAC"), pursuant to paragraph 24 of the Court's amended case management order (ECF No. 405), respectfully seeks (the "Motion") to shorten the time for filing deadlines and for expedited consideration of its motion (the "Stay Motion") for (I) a stay pending appeal of the Court's order, filed as ECF No. 5074 on September 5, 2019 (the "Assignment Order"),[2] granting assignment of a lease (the "Lease") between MOAC and the above-captioned debtors to Transform Leaseco LLC ("Leaseco" or the "Assignee"), an affiliate and subsidiary of Transform Holdco LLC ("Holdco," collectively with Leaseco "Transform" or the "Buyer"), and (II) to expedite the transmittal of the record on appeal. In the alternative, should the Court determine that the Expedited Relief Procedures, defined in paragraph 24 of the Court's amended case management order, are not appropriate under the circumstances, MOAC respectfully requests that the Assignment Order be stayed for purposes of mootness until the Court can fully consider MOAC's Stay Motion.

### JURISDICTION OVER THE MOTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 158(a)(1) and 1334. The statutory predicates for the requested relief are 28 U.S.C. § 158 and Federal Rules of Bankruptcy Procedure 8007, 8010, and 9006.

### DISCUSSION

1.    A bankruptcy court may shorten the notice time for filing and serving papers for cause shown. Bankr. R. 9006(c). The Court incorporated a process for requesting expedited relief into the above-captioned case in paragraph 24 of its amended case management order. [ECF No. 405.] In this case, there is cause for expedited relief because MOAC's due process rights could

---

[2] For reference and in addition to other related filings, MOAC's objections and pre-evidentiary hearing brief on this matter were filed as ECF Nos. 2199, 3501, 3926, 4450, and 4889, and Transform's reply briefs were filed as ECF Nos. 4454, 4867, and 4903.

2.

be mooted absent such relief, and because a prompt resolution of the stay issue is in the best interests of all parties involved.

2.  As explained more fully in MOAC's Stay Motion, an appeal of the Assignment Order by MOAC is potentially mooted by the absence of a stay. *See In re Rickel Home Centers, Inc.*, 209 F.3d 291 (3d Cir. 2000) (holding that a landlord's appeal of an order granting assignment of a lease was rendered moot in the absence of a stay of the order for assignment). The Assignment Order explicitly prevents a timely filed appeal from being rendered moot by waiver of the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d). [ECF No. 5074 ¶ 20.] However, there remains potential ambiguity about whether an appeal could be mooted during any gap in time between the 14-day period and a granting of the Stay Motion. *See* Fed. R. Civ. P. 62 cmt. (2018) (discussing the reason for extending the automatic stay under that rule to 30 days). MOAC requests expedited consideration of its Stay Motion during the 14-day period to avoid any confusion caused by such a gap in time.

3.  The Court also conveyed its position that "time is of the essence in assuming and assigning the Designated Lease" and that MOAC "must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law." [ECF No. 5074, ¶ 20.]

4.  Per the Court's amended scheduling order, counsel for MOAC telephoned and corresponded with counsel for Transform regarding MOAC's intention to request an expedited hearing on the Stay Motion. Counsel for Transform conveyed their position that the mootness issue is adequately addressed in the Assignment Order and that an expedited hearing for a further stay is not necessary. Counsel for Transform also confirmed that they "otherwise generally do not oppose the request for an emergency stay."

11297795v.1

## CONCLUSION

5.  Based on the foregoing and for the additional reasons stated in the Stay Motion, MOAC respectfully requests expedited consideration of the Stay Motion and that the Court issue an order substantially in the form of the attached proposed order.

6.  In the alternative, should the Court determine that expedited consideration is not appropriate under the circumstances, MOAC respectfully requests that the Court extend the 14-day mootness stay provided in paragraph 20 of the Assignment Order during the Court's consideration of the Stay Motion.

Dated: September 10, 2019
Minneapolis, Minnesota

Respectfully submitted,

/e/ Thomas J. Flynn
Thomas J. Flynn
Admitted *pro hac vice* on December 26, 2018
Alexander J. Beeby
Admitted *pro hac vice* on August 28, 2019
Larkin Hoffman Daly & Lindgren, Ltd.
8300 Norman Center Drive
Suite 1000
Minneapolis, Minnesota 55437-1060
(952) 835-3800
tflynn@larkinhoffman.com

Dated: September 10, 2019

/e/David W. Dykhouse
David W. Dykhouse
Daniel A. Lowenthal
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000
dwdykhouse@pbwt.com
dalowenthal@pbwt.com

*Attorneys for MOAC Mall Holdings LLC*