Presentment Date & Time: September 18, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: September 17, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date & Time (Only if Objection Filed):  To be Scheduled

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                    : Chapter 11
                                                         :
**SEARS HOLDINGS CORPORATION**, *et al.*,                : Case No. 18-23538 (RDD)
                                                         :
Debtors.[1]                                              : (Jointly Administered)
                                                         :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER
GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that on **September 18, 2019 at 10:00 a.m. (Eastern Time)**, the attached Stipulation and Order Granting Limited Relief from the Automatic Stay (the "**Stipulation**") will be presented to the Honorable Robert D. Drain, in the United States Bankruptcy Court for the Southern District of New York, located at 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **September 17, 2019** at **4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written Objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Stipulation before the Honorable Robert D. Drain in the Bankruptcy Court on a date to be announced.

WEIL:\97178629\1\73217.0004

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Stipulation is not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without further notice.

Dated: September 10, 2019
      New York, New York

/s/ *Garrett A. Fail*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :
                                                                  :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                         :
                                                                  :    **Case No. 18-23538 (RDD)**
                                                                  :
Debtors.[1]                                                       :    **(Jointly Administered)**
------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among the Debtors (as defined herein) and Jeffery Pfeiffer (the "**Movant**"). The Debtors and the Movant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On February 15, 2019, Movant filed the *Jeffrey Pfeiffer's Motion for Relief from Stay* [ECF No. 2633] (the "**Motion**"),[2] seeking relief from the Automatic Stay for the purpose of allowing Movant to file an action (the "**Action**") against Kmart Corporation ("**Kmart**") for the purpose of liquidating Movant's claim, which claim was filed as proof of claim No. 8839 in the chapter 11 case of Kmart Corporation (the "**Claim**"), and specifying that Movant will only seek to prosecute the Action and enforce any judgment against Kmart subject to there being available insurance proceeds to defend Kmart and satisfy any judgment.

C. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to allow the Movant to file the Action in Illinois against Kmart, strictly pursuant to and in accordance with the terms of paragraphs 3-6 herein; <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Upon Movant filing the Action against Kmart, the Debtors shall tender a request for defense of the Action to the Debtors' general liability insurer and the Debtors' umbrella policy insurer (collectively, the "**Insurers**") for the insurance policies applicable to the Action. Movant agrees to toll any response deadlines, including the time to answer any complaint, until 60 days after all of the Insurers inform Kmart of their decision accept coverage and defend or deny coverage. If coverage is denied, and Movant seeks to dispute an Insurer's refusal to defend Kmart, Movant agrees to further toll any response deadlines applicable to Kmart until 60 days after there is a resolution of such dispute. If the Insurers do not agree to defend the Action and either any dispute is resolved so that the Insurers do not have an obligation to defend an Action, or Movant not dispute the Insurer's determination, Movant shall promptly dismiss the Action as to the Debtors. The Debtors shall not be responsible for or required to prosecute or to participate in the prosecution of any dispute with the Insurers over a duty to defend.

4. Movant shall use all efforts to prevent entry of a default judgment against the Debtors for failure to respond to any pleadings in the Action. If, despite Movant's efforts to prevent entry of a default judgment, a default judgment is entered against the Debtors in the Action, Movant shall not enforce any such judgment against the Debtors, and shall defend, at its own cost, any third party efforts to enforce a judgment in the Action against the Debtors, if an Insurer does not defend at the Insurer's cost.

5. The Debtors shall have no responsibility or liability for an Insurer's denial of coverage or refusal to defend. If any event occurs or action is taken that would require the Debtors take any action with respect to the Action other than as contemplated hereunder, or to incur expenses or fees in connection with the Action, and no Insurer covers such expenses or fees, Movant shall dismiss the Action as to the Debtors, and shall take any and all other actions necessary to prevent any such obligation or liability on the part of the Debtors.

6. On the Effective Date, Movant shall dismiss the Motion and any related pleadings, and shall withdraw its Claim.

7. Nothing in this Stipulation or in the proceedings that take place as a result of the relief provided herein shall, or shall be deemed to, affect the Debtors' rights with respect to (a) coverage under any applicable insurance policies, or (b) any claims or defenses that have been or may be asserted in the Action or any other litigation or contested matter, all of which rights are expressly reserved.

8. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Action or any other matter.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall

4

constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: September 10, 2019                                    Dated: September 10, 2019

By:  */s/ Garrett A. Fail*                             By:  */s/ David J. Gallagher*
     Ray C. Schrock, P.C.                                      David J. Gallagher
     Jacqueline Marcus                                          MOTHERWAY & NAPLETON, LLP
     Garrett A. Fail                                                  140 S. Dearborn Street, Suite 1500
     Sunny Singh                                                    Chicago, IL 60603
     WEIL, GOTSHAL & MANGES LLP                    Tel.: (312) 726-2699
     767 Fifth Avenue                                             Fax: (312) 726-6851
     New York, NY 10153
     Tel.: (212) 310-8000                                          *Attorney for Jeffery Pfeiffer*
     Fax: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**So Ordered:**

Dated: _____, 2019
       White Plains, New York

                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE