18-23538-shl    Doc 5124-17    Filed 09/11/19    Entered 09/11/19 13:10:40    Exhibit
XVII- Letter from AIG to CCM dated 07/23/19    Pg 1 of 3

Exhibit XVII



CLAUSEN MILLER P.C.
CHICAGO, IL
FLORHAM PARK, NJ
IRVINE, CA
NEW YORK, NY

CMI CLAUSEN MILLER INTERNATIONAL

Clausen Miller LLP, LONDON
Clausen Miller P.C.
Grenier Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS
Wilhelm Partnerschaft von Rechtsanwälten mbB, DÜSSELDORF

CLAUSEN MILLER LLP
LONDON, ENGLAND

*Attorneys at Law*    28 Liberty Street, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

**Courtney E. Murphy, Esq.**
**Direct: 212-805-3908**
cmurphy@clausen.com

July 23, 2019

***VIA EMAIL***
Sonia E. Colon, Esq.
Frances C. Brunet Uriarte, Esq.
221 Ponce de León Avenue - Suite 500
San Juan, PR 00917

RE:   Insurance Policy No. PTNAM1701557 (06/01/2017 – 06/01/2018)
      Insurance Policy No. PTNAM1802875 (06/01/2017 – 06/01/2018)

Dear Attorney Colon and Attorney Uriarte:

As you know from our prior exchanges relative to the Sears Holding Corporation ("SHC") bankruptcy proceeding, this firm represents Lexington UK ("Lexington"), a division of AIG Europe Limited, in connection with the referenced matter. Please direct all future communications directly to my attention. Additionally, this communication has been approved by, and authorized for issuance on behalf of, Lexington.

Lexington is in receipt of your communication dated January 23, 2019, which appears to have been re-issued on May 23, 2019, and received by Lexington on or about May 30, 2019. The communication issued appears to serve as both notice *"for informational purposes only"* of Santa Rosa Mall, LLC's assertion that it is a Loss Payee under the referenced Policies of insurance and, a demand for information as to the status of the claim relative to Sears Store No. 1915.

As you know from our prior communications and your involvement with SHC's counsel – Weil Gotshal – Sears' Hurricane Irma and Maria claims were fully and finally resolved on January 17, 2019, well before the issuance or receipt of your January 23, 2019, communication. Nevertheless and pursuant to subpoenas served by your office, we understand that the information requested relative to Store 1915 was disclosed to your offices by Weil Gotshal after consultation with this firm, with such production having been made subject and pursuant to the standing Protective Order issued by the bankruptcy Court. As such, the information request portion of your communication has been fully satisfied.



Sonia E. Colon, Esq.
Frances C. Brunet Uriarte, Esq.
July 23, 2019
2 | Page

While your communication makes clear that the notice "*does not constitute a demand for payment*", we write to advise you that the subject Policies contain clear and unambiguous provisions relative to the manner in which payment should be made in the event of covered loss or damage to covered locations under the Policies.

Preliminarily, we have reviewed the Certificate of Property Insurance enclosed with your communication of January 23, 2019, which we note – with interest – was dated October 25, 2017, well after Hurricane Irma and Hurricane Maria occurred. Setting aside the post loss issuance of the Certificate for the sake of discussion, while the Policies permit Aon to issue Certificates of Insurance, that provision (§39) makes clear that any Certificates issued are nevertheless subject always to the terms, conditions and limits of endorsements in respect of such additional interests.

Specifically, the Policy states in pertinent part as follows:

### 19. Proof and Payment of Loss

A detailed Proof of Loss shall be filed with the Insurer as soon as practicable. Loss shall be adjusted with the Risk Management Department of the Insured or assigned representatives, and all adjusted claims, including partial claims, shall be paid to the Insured or its order within Thirty (30) days after reaching agreement on the value of the claim or any part thereof.

\* \* \*

### 53. Loss Payable

Loss, if any, shall be adjusted with and payable to Sears Holdings Corporation or as directed by it.

Upon the conclusion of Lexington's investigation into the Hurricane Irma and Hurricane Maria losses, SHC – pursuant to the above Policy terms and conditions – expressly directed Lexington to make payment to SHC and to no other order. Accordingly, Lexington made payment consistent with SHC's directives as well as the Policies' terms and conditions. To the extent you take exception to the manner or direction of payment, we respectfully recommend that you continue to assert your position and interests with SHC.

Separately, we understand that SHC takes issue with Santa Rosa Mall, LLC's claims relative to being an Additional Insured or Loss Payee under the Policies based upon certain language within the controlling Lease, which provides for the parties' respective obligations



Sonia E. Colon, Esq.
Frances C. Brunet Uriarte, Esq.
July 23, 2019
3 | Page

thereunder. Although we are not privy to SHC's specific contentions, that issues exist relative to Santa Rosa Mall, LLC's status as an Additional Insured or Loss Payee – a status purportedly created by a post loss Certificate of Insurance - further supports Lexington's payment to SHC directly.

As final payment has been made in connection with all covered loss and damage to covered locations as provided for by the subject Policies and the January 17, 2019, Release, no further payments will be made under the subject Policies. Having complied with the terms of the Policies and the Release with the Named Insured – SHC - it is Lexington's position that this matter is fully and finally resolved and no further discussions need be held to discuss any further or additional resolutions.

Should you have any questions in connection with the foregoing, please feel free to call me directly.

Very truly yours,

Courtney E. Murphy

CEM/lr