IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**[PROPOSED] ORDER GRANTING SANTA ROSA MALL'S SUPPLEMENTAL MOTION FOR AN ORDER FINDING THE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM IN SUPPORT THEREOF**

Upon the *Supplemental Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof* (the "*Supplemental Stay Relief Motion*", Docket No. ____), filed by Santa Rosa Mall, LLC ("Santa Rosa Mall"), on September 5, 2019, for entry of an order (this "Order") for entry of an order pursuant to 11 U.S.C. §§ 362(d)(1), Fed. R. Bankr. P. 4001(d) ("Rule 4001(d)"), Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York ("LBR 4001-1"), and the *Amended Case Management Order* (Docket No. 405), finding that the automatic stay is inapplicable and, in the alternative, granting limited relief from the automatic stay; and having considered the *Supplemental Stay Relief Motion* and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the *Supplemental Stay Relief Motion* having been provided, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the *Supplemental Stay Relief Motion* establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having held a hearing to consider the relief requested on October 23, 2019 at 10:00 A.M. (Eastern Time) (the "Hearing"); and after due deliberation, the Court having concluded that Santa Rosa Mall has established sufficient cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT**:

1. The *Supplemental Stay Relief Motion* (Docket No. ____) is GRANTED.

2. The automatic stay inapplicable and/or does not extend to third-party non-debtors, including Aon UK Limited, Aon Risk Services Central, Inc. d/b/a/ Aon Risk Insurance Services Central, Inc., Aon Benefield Puerto Rico, and/or Aon Property Risk Consulting, Inc. (collectively, "Aon"); and against Lex-London a Division of AIG Europe Limited, AIG Europe Limited, Lexington UK, *among others* (collectively, the "Underwriters").

3. In the alternative, Santa Rosa Mall is granted limited relief from the automatic stay to pursue independent non-bankruptcy causes of action against Aon and the Underwriters.

4. Santa Rosa Mall is authorized to take all actions necessary to effectuate the relief granted in this *Order*.

5. Except as set forth in the *Supplemental Stay Relief Motion*, nothing contained in this *Order* is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a creation of any rights in favor of, or enhancement of the status of any claim held by, any person; (c) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim on any grounds; (d) a promise to pay any claim; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. The stay on effectiveness of this Order imposed by Rule 4001(a)(3) is waived.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____ __, 2019
       White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE