**HEARING DATE: October 23, 2019 at 10:00 a.m.**
**OBJECTION DEADLINE: October 16, 2019 at 4:00 p.m.**

Mark Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue, Floor 11
New York, New York 10022
212.593.1100
mfrankel@bfklaw.com

*Attorneys for Aida Visakay*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDING CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF MOTION OF AIDA VISAKAY
## FOR RELIEF FROM AUTOMATIC STAY

PLEASE TAKE NOTICE OF THE FOLLOWING:

A hearing to consider the Motion (the "*Motion*") of Aida Visakay, as executor of the estate of William Visakay ("*Visakay*") for Relief from the Automatic Stay will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on March 21, 2019 at 10:00 a.m.

Objections, if any, to the Motion must be made no later than August 15, 2019 at 4:00 p.m. (the "*Objection Deadline*") and be in writing, with a hard copy delivered to the undersigned and to the Chambers of the Honorable Judge Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601 and The Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.); conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; be filed with the Bankruptcy Court; and

be served in accordance with the provisions of the Amended Order Implementing Certain Notice

and Case Management Procedures and General Order M-399 of this Court on the following parties:

1.    The Debtors, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates IL 60179 (Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.);

2.    Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors;

3.    Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.), attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent;

4.    Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY, 10017 (Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.), attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility;

5.    Cleary, Gottlieb, One Liberty Plaza, New York, NY, 10006 (Attn: Sean A. O'Neal, Esq.), attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility;

6.    Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq., and T. Charlie Liu, Esq.), attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes;

7.    Seyfarth Shaw LLP, 620 Eighth Avenue, New York, NY 10018 (Attn: Edward M. Fox, Esq.), attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes;

8.    Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10015 (Attn: James Gadsden, Esq.), attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes;

9.    Locke Lord LLP, 111 South Wacker Drive, Chicago, IL 60606 (Attn: Brian A. Raynor, Esq.), attorneys for the Pension Benefit Guaranty Corporation;

10.   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors (the "*Creditors' Committee*"); and

If no objection is timely filed and served in accordance with the Case Management

Procedures, then Visakay may, on or after the Objection Deadline, submit the proposed order to

the Court substantially in the form attached to the Motion, which may be entered without further

notice or opportunity to be heard.

Dated:  September 12, 2019               Respectfully submitted,
**Aida Visakay**

By: s/Mark Frankel

Mark Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue, Floor 11
New York, New York 10022
212.593.1100
mfrankel@bfklaw.com

HEARING DATE: **August 22, 2019 at 10:00 a.m.**
OBJECTION DEADLINE: **August 15, 2019 at 4:00 p.m.**

Mark Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue, Floor 11
New York, New York 10022
212.593.1100
mfrankel@bfklaw.com

*Attorneys for Aida Visakay*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDING CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## MOTION OF AIDA VISAKAY
## FOR RELIEF FROM AUTOMATIC STAY

Aida Visakay ("*Visakay*"), as executor of the estate of William Visakay, by and through

her attorneys, Backenroth Frankel & Krinsky, LLP, moves this Court for relief from the automatic

stay, pursuant to section 362(d)(1) of title 11 of the United States Code (the "*Bankruptcy Code*")

and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), so that

Visakay may dismiss her claims against Sears, Roebuck, and Co. (the "Debtor" or "Sears") in her

wrongful death/products liability case pending in the United States District Court for the District

of New Jersey, case no. 2:17-cv-11570 (the "New Jersey Action"), respectfully states as follows:

## I.        INTRODUCTION

1.        Aida Visakay, as executor of the estate of William Visakay, respectfully

requests this Court to lift the automatic stay on her case against Sears. The subject action, *Estate*

*of William Visakay v. Sears, et al*., Docket No. 2:17-cv-11570, was originally docketed in New

Jersey State Superior Court, Morris County, as MRS-L-1705-17, and later removed to the

District Court for the District of New Jersey.  It was automatically stayed by this Court's January 8, 2019, Order. **[See this Court's Order attached as Exhibit "A"]** The lawsuit is a wrongful death action as well as a products liability claim filed under the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et. seq.* The plaintiff's Amended Complaint alleges that William Visakay was killed when his Sears/Craftsman riding lawn mower tipped over and exploded, burning him to death. **[See the Plaintiff's Amended Complaint attached as Exhibit "B"]**

2.	The defendants in the case are Sears, KCD IP, Husqvarna, and Briggs and Stratton. Sears/KCD IP distributed the mower. *Id*. Husqvarna designed and manufactured the mower. *Id*. Briggs and Stratton designed and manufactured the engine for the mower. *Id*. The Amended Complaint alleges that these defendants negligently designed, manufactured, failed to warn, and placed into the stream of commerce a dangerous defective mower that caused the death of William Visakay. *Id*. Plaintiff seeks to recover damages pursuant to the New Jersey Wrongful Death Act, the New Jersey Survivor's Act, and the New Jersey Products Liability Act. *Id*.

## II.	JURISDICTION, VENUE & RELIEF REQUESTED

3.	This Court has jurisdiction over this matter pursuant to the 28 U.S.C. § 1334. The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409. The relief requested by this motion is authorized under §§ 105 and 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

## III.	STATEMENT OF THE CASE

4.	On October 15, 2018, the Debtor commenced voluntary cases under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. However, before the commencement of bankruptcy

proceedings, the Debtor distributed/sold a Craftsman brand riding lawn mower, designed and manufactured by Husqvarna, to William Visakay. *Id*. at 4 ¶ 13. On August 19, 2016, Mr. Visakay used the Craftsman riding lawn mower to mow his lawn at his property in Denville, New Jersey. *Id*. at 3 ¶ 11. While he was operating the mower, the mower tipped over and exploded in a fireball, causing Mr. Visakay to suffer burns to 70% of his body, endure a 2-month coma, and ultimately expire. *Id*. at 4 ¶ 12.

5.      The Estate of William Visakay includes Mr. Visakay' s wife, Aida Visakay, the Executor, as well as his son, Alex Visakay, and his daughter, Kristen Visakay. The Amended Complaint filed on behalf of the Estate alleges that the defendants, Sears/KCD IP, Husqvarna, and Briggs and Stratton, negligently designed and manufactured the riding lawn mower that resulted in the untimely and excruciating death of William Visakay. *Id*. at 5 ¶ 19. Upon information and belief, the Debtor, Sears, did nothing more than sell the Craftsman riding mower to William Visakay.

6.      Although the Fourth Count of the plaintiff's Amended Complaint alleges that Sears' employees negligently mispresented the riding mowers' suitability for the premises of Mr. Visakay' s home, the plaintiff has no evidence to support this claim. *Id*. at 8-9. At the time the automatic stay was extended to the action, plaintiff counsel and defense counsel for Sears had already contemplated the dismissal of that Count and were in the process of dismissing it. Likewise, at the same time the automatic stay was invoked, the parties to the action were in agreement to dismiss the Complaint against Sears without prejudice. **[See unsigned Stipulation of Dismissal attached as Exhibit "C"]** However, before this stipulation of dismissal could be executed the automatic stay was put in place.

7.      The reason the parties were in agreement to dismiss the entire case against Sears is rooted in New Jersey products liability law. Generally, liability for injuries caused by defective products extends from the manufacturer down the chain of distribution to distributors and retailers. *Promaulayko v. Johns Manville Sales Corp.,* 116 N.J. 505, 510–11 (N.J. 1989). A consumer injured by a defective product may bring a strict liability action against any business entity in the chain of distribution. *Id*. at 511. The underlying public policy is that those engaged in the producing and marketing enterprise should bear the cost of marketing defective products. *Nieves v. Bruno Sherman Corp.,* 86 N.J. 361, 371 (N.J. 1981). Absent an agreement to the contrary, however, distributors and retailers are entitled to indemnification from the manufacturer. *Promaulayko,* 116 N.J. at 511. The rationale is that the liability of distributors and retailers is merely vicarious, but the manufacturer's liability is primary. *Id*.

8.      Here, the facts and evidence show that Husqvarna designed and manufactured the riding mower that caused the death of William Visakay. Sears, the Debtor, merely sold the mower to Mr. Visakay and were simply part of the chain of distribution. Thus, under New Jersey products liability law, Sears is entitled to indemnification from Husqvarna. This is also evidenced by the same defense attorney, Christopher Carton, Esq. of Bowman & Brooke, representing *both* Sears and Husqvarna in the case. Husqvarna is the real entity that negligently designed and manufactured the defective riding mower that caused Mr. Visakay' s death. With Husqvarna as the primary defendant, the plaintiff's claims against Sears as a distributor are meaningless. Therefore, Sears is not a necessary party to the action and this Court should lift the automatic stay so the plaintiff's case can proceed against Husqvarna and Briggs & Stratton.

## IV.    ARGUMENT

**(a)**        **Standard of Review**

9.        Motions for relief from an automatic stay are governed by 11 U.S.C. §362(d). Under § 362(d), upon request of a party in interest, a Court may grant relief from a stay for "cause." However, the Bankruptcy Code does not define "cause." Thus, courts must determine what constitutes "cause" on a case-by-case basis subject the Court's discretion. *See Laguna Assoc. Ltd. v. Aetna Cas. & Sur. Co*., 30 F.3d 734, 737 (6th Cir. 1994); *see also In re Balco Equities Ltd*. 312 B.R. 734, 738 (Bankr. S.D.N.Y. 2004). The Courts generally determine "cause" through a balancing test, weighing hardship of the creditor against the potential prejudice to the debtor and debtor's creditors. *See In re R.J. Groover Constr. LLC*, 411 B.R. 460, 463-464 (Bankr. N.D. Ga. 2008).

10.        The balancing test consists of several factors. However, in weighing these factors, Courts should only consider those factors relevant to the particular case, and should not assign equal weight to each factor. *See In Re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). According *to In re New York Med. Grp. P.C*., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001), the factors are:

(1)        Whether relief would result in a partial or complete resolution of the issues;

(2)        The lack of any connection with or interference with the bankruptcy case;

(3)        Whether the other proceeding involves the debtor as a fiduciary;

(4)        Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)        Whether the debtor's insurer has assumed fill responsibility for defending it;

(6)    Whether the action primarily involves third parties;

(7)    Whether litigation in another forum would prejudice the interests of other creditors;

(8)    Whether the judgment claim arising from the other action is subject to equitable subordination;

(9)    Whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10)   The interests of judicial economy and expeditious and economical resolution of litigation.

(11)   Whether the parties are ready for trial in the other proceeding; and

(12)   The impact of the stay on the parties and the balance of harms.

11.    Also, whether the creditor has a strong probability of prevailing on the merits. *Fernstrom Storage and Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991). Congress has recognized that it is often more appropriate to allow proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result. This would leave the parties in their chosen forum and relieve the bankruptcy court from duties that may be handled elsewhere. *See In re Todd Shipyards Corp.* 92 B.R. 600, 603-604 (Bankr. D.N.J. 1988).

12.    The movant bears the burden of making the initial showing of cause. *In re Project Orange Associates, LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010). Thereafter, the Debtor bears the burden of proving that the Movant's interest is adequately protected such that relief is unnecessary. *Id.*

**i.    The relief would result in the complete resolution of the issue.**

13.        This Court should lift the automatic stay imposed by Sears' Chapter 11 bankruptcy because Sears is not a necessary party to the Estate's wrongful death and

- 6 -

product liability case in New Jersey Federal Court. Sears is only a part of the case because it sold

the riding mower to the decedent, William Visakay. Under New Jersey products liability law, a

distributor is entitled to indemnification from the designer/manufacturer of a product.

*Promaulayko v. Johns Manville Sales Corp.,* 116 N.J. 505, 511 (N.J. 1989).  Here, that entity is

Husqvarna because it designed and manufactured the riding mower that caused the death of the

William Visakay. Thus, because Sears is merely a distributor of the riding mower, its liability to

the plaintiff is virtually nothing. Because Husqvarna, the truly negligent entity, providing

indemnity to Sears, the plaintiff has no further interest in Sears as a defendant. Further, the

parties already contemplated and agreed to a dismissal of Sears without prejudice in the days

before the automatic stay was invoked by this Court.

14.    The issue would be resolved because relief from the stay allows the

Visakay to litigate her claim in the New Jersey District Court, where it is properly venued.

**ii.    The relief would not interfere with the bankruptcy case.**

15.    The Movant's claims deal with personal injury law and charges the

defendants, Husqvarna and Briggs & Stratton, with the death of a user of a riding lawn mower

designed by them. The Movant's claim has nothing to do with issues of bankruptcy. Thus, the

continuation of the Estate's case in New Jersey District Court will not delay or affect this Court's

ability to resolve outstanding issues in Sears' bankruptcy case. Further, based upon the

agreement of the parties in the action, a judgment or settlement in the Estate's case would likely

be limited to the available insurance funds of Husqvarna.

**iii.    The Estate's case is a wrongful death/products liability action where
Sears is not a necessary party, nor a fiduciary.**

16.        Again, the Estate's case is a wrongful death and products liability action against the primary defendants Husqvarna and Briggs & Stratton who designed and manufactured the riding lawn mower that killed Mr. Visakay. Sears is not a necessary party to that action, nor a fiduciary.

### iv.    The action primarily involves third parties.

17.        The Estate's case primarily involves wrongful death and products liability action against defendants, Husqvarna and Briggs & Stratton. The Estate is not seeking damages from Sears and wishes to dismiss them its case in New Jersey District Court.

### v.    Litigation in another forum would not be prejudicial to creditors because Sears is not a necessary party.

18.        The wrongful death and products liability action in New Jersey District Court is not prejudicial to the creditors of Sears in its Chapter 11 Bankruptcy proceedings. Plaintiff is not seeking monetary damages from Sears and wishes to dismiss them from the case. Further, based upon the agreement of the parties in the action, a judgment or settlement in the Estate's case will likely be limited to the available insurance funds of Husqvarna and Briggs & Stratton, third parties not associated with the Bankruptcy.

### vi.    The judgment claim arising from the Estate's products liability case will not be subject to equitable subordination because Sears is not a necessary party.

19.        Sears is not a necessary party to the plaintiff's wrongful death and products liability action in New Jersey District Court and the Estate is not seeking damages from Sears. A judgment against Sears will not be enforced by the plaintiff. There can be no judgment against Sears after Sears is dismissed from the plaintiff's case.

   **vii.**  **A relief from stay is in the interests of judicial economy and an
expeditious and economical resolution of litigation.**

   20.   Lifting the stay in this matter will promote the interests of judicial
economy and promote the ultimate resolution amongst all parties. This Court has previously
determined that allowing a creditor to prosecute a claim in a pending state court action that
involves issues of state law promotes the interests of judicial economy. *In re Project Orange
Associates, LLC*, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010). Here, the Movant's claims are based
in New Jersey state law. Most of the witnesses in the Movant's case are based in New Jersey. All
of the physical evidence in the Movant's case is based in New Jersey. Thus, this Court should
permit proceedings to continue in New Jersey, the home of the witnesses and evidence. The
Movant is not seeking damages from Sears. The Movant is only seeking damages against
Husqvarna and Briggs & Stratton.

   **viii.**  **The Movant will suffer severe prejudice if the automatic stay is not
lifted.**

   21.   Sears will suffer no hardship if the stay is lifted because the
Movant is not seeking damages from Sears. However, the prejudice to the Estate will be severe
because the Estate suffers while waiting to prosecute its claim against the third-parties,
Husqvarna and Briggs & Stratton. The aging of evidence, loss of witnesses, and crowded court
dockets are all factors to be considered that weigh heavily in favor of Movant's request that this
Court lift the stay in this matter. *See In re Bock Laundry Machine Co*., 37 B.R. 564.566 (Bankr.
N.D. Ohio 1984). Because the Movant's case is a serious wrongful death and products liability
case, it is important to the Estate to bring this matter to a resolution quickly so that the
appropriate evidence and witness testimony is preserved.

## NOTICE

22.     Notice of this Motion is being provided under the procedures in the

Amended Order Implementing Certain Notice and Case Management Procedures [Docket No.

405].  Visakay respectfully submits that no further notice is required.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this or

any other Court.

## CONCLUSION

WHEREFORE, Visakay respectfully requests that the Court enter an order in the proposed

form attached hereto granting Visakay relief from the automatic stay to dismiss Sears from the

New Jersey Action, and to permit her to prosecute the case against the remaining defendants, and

that the Court grant such other and further relief as this Court deems just.

Dated:  September 12, 2019                 Respectfully submitted,


By: s/Mark Frankel


Mark Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue, Floor 11
New York, New York 10022
212.593.1100
mfrankel@bfklaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDING CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER GRANTING MOTION
### FOR RELIEF FROM AUTOMATIC STAY

Upon the motion of Motion (the "*Motion*") of Aida Visakay, as executor of the estate of William Visakay ("Visakay" for relief from automatic stay, and the Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief requested therein being a core proceeding; and venue being proper before this Court; due and proper notice of the Motion having been provided, and no other or further notice need be provided; the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED THAT**:

1.      The Motion is granted.

2.      Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362 is terminated to permit Visakay to dismiss Sears, Roebuck, and Co. (the "Debtor" or "Sears") from the case of *Estate of William Visakay v. Sears, et al*., Docket No. 2:17-cv-11570 pending in the United States District Court for the District of New Jersey (the "New Jersey Action") and to permit Visakay to continue to prosecute the New Jersey Action against all other defendants.

Dated: September _____, 2019
        White Plains, New York

_____

UNITED STATES BANKRUPTCY JUDGE

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                                 :
                                                      :           **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*             :
                                                      :           **Case No. 18-23538 (RDD)**
                                                      :
          Debtors.[1]                                 :           **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER EXTENDING THE AUTOMATIC STAY
## TO CERTAIN NON-DEBTOR PARTIES

Upon the motion, dated November 28, 2018 (ECF No. 924) (the "**Motion**")[2] of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and

362(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order

extending the automatic stay imposed by section 362(a) of the Bankruptcy Code (the

"**Automatic Stay**") to certain non-debtor parties (the "**Non-Debtor Parties**") or declaring that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the Automatic Stay applies to them, as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§

157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion

having been provided in accordance with the *Amended Order Implementing Certain Notice and

Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), such notice having

been adequate and appropriate under the circumstances, and it appearing that no other or further

notice need be provided; and the Court having held a hearing to consider the relief requested in

the Motion on December 20, 2018 (the "**Hearing**"); and upon all of the pleadings filed in

connection with the Motion, the record of the Hearing and all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor for the reasons stated by

the Court at the Hearing, the Court having determined that the legal and factual bases set forth in

the Motion warrant the relief granted herein and that such relief is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extend set forth herein.

2.      The Automatic Stay is extended to the Non-Debtor Parties solely with

respect to the actions identified on **Exhibit 1** annexed hereto (the "**Non-Debtor Party List**").

3.      The Hearing on the Motion is hereby adjourned to January 18, 2019, at

10:00 a.m. (Eastern Time) and the Debtors' response deadline to January 11, 2019, at 4:00 p.m.

(Eastern Time), each only with respect to the objections filed by Robert A. Catalfamo and

Lavarita D. Meriwether (ECF No. 1197), Sante Marcoccia (ECF No. 1194), and Karen Smith (ECF Nos. 1298 and 1335).

4.     The proposed form of Stay Notice attached hereto as **Exhibit 2** is approved.

5.     If the Debtors wish to supplement the Non-Debtor Party List to add any omitted or subsequently identified Non-Debtor Party (the "**Supplemental Parties**"), the Debtors are authorized to file with this Court a notice (the "**Supplemental Notice**") identifying the omitted or supplemental Prepetition Actions (the "**Supplemental Actions**"), and serve the Supplemental Notice and a copy of the Order on the parties to the Supplemental Actions.  The parties to the Supplemental Actions will have fourteen (14) days to object to the extension of the Automatic Stay to their Supplemental Action.  If no such objection is received, the parties to the Supplemental Action shall be deemed subject to the Order approving this Motion.

6.     Nothing contained in this Order or in the Motion shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8.      The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: January 8, 2019
       White Plains, New York

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Non-Debtor Party List**

| Non-Debtor Parties | | Case Caption | Court | Case Number |
|---|---|---|---|---|
| John Doe Sears Employee; Jane Doe Sears Employee Spouse; and Spokane Mall, LLC | | Dahman, Ralph v. Kmart Corporation; Sears Holdings Management Corporation; John Doe Sears Employee; Jane Doe Sears Employee Spouse; and Spokane Mall, LLC | Superior Court, Spokane County, WA | 16201363-0 |
| Sierra Financial, Ltd; and Madison Plaza Associates | | Maldonado, Stephen v. Sierra Financial, Ltd, and Madison Plaza Associates v. K-Mart Corporation | Third Judicial Circuit Court of Madison County, IL | 2016 L 000305 |
| Seritage KMT Finance, LLC, individually and d/b/a Kmart Store #7676 | | Kappauf, Brenda L. v. Kmart Corporation, individually and dba Kmart Store #7676; Kmart Operations, LLC, individually and dba Kmart Store #7676; and Seritage KMT Finance, LLC, individually and dba Kmart Store #7676 | Supreme Court, Delaware County, NY | 2017-456 |
| Tempoe, LLC d/b/a WhyNotLeaseIt; and Frigidaire Sales Corporation; | | Byrd, Gary and Kay v. Whynot Leasing, L.L.C.; Frigidaire Sales Corporation; Kmart | Circuit Court Henry County, AL | 37-CV-2018-900006.00 |
| Elias Properties Babylon, LLC | | Alvaredo, Cecelia v. Elias Properties Babylon, LLC | State Court in Suffolk County, NY | 601586/2018 |
| Niagara Realty, LLC | | Burkhart, Nancy v. Kmart Stores; Kmart Corporation; Sears Holdings Corporation; and Niagara Realty, LLC | Supreme Court of Niagara County, NY | E159810/2016 |
| Alexander's Rego Shopping Center, Inc. | | Shimunova, Mafrat v. Sears, Roebuck & Co.; and Alexander's Rego Shopping Center, Inc. | State Court in Queens County, NY | 09553/2018 |
| Harford Mall Business Trust | | Austin, Tavesia v. Harford Mall Business Trust | Circuit Court of Hartford County, MD | 12-C-16-3185 |
| Korpenn LLC | | Myrie, Iris Grey v. Sears Holdings Management Corporation d/b/a K Mart; K Mart Corporation; and Korpenn LLC | Supreme Court of Bronx County, NY | 15377/2018 |
| Abacus Advisor Group, LLC | | Figliacconi, John v. Abacus Advisor Group, LLC, True Blue Inc. d/b/a People ready, A True Blue Company | Orange Court, New York County, NY | EF009205-2017 |
| VNO 839 New York Avenue LLC | | Salcedo, Eveyln; and Hector v. Kmart Corporation; and VNO 839 New York Avenue LLC | State Court in Suffolk County, NY | 16-06941 |
| Lavaughan Johnson; Lavaughan Johnson d/b/a Up and Go BBQ; SSI Nolensville, LLC | | Tarkington, Eddie v. Lavaughan Johnson; Lavaughan Johnson dba Up and Go BBQ; SSI Nolensville, LLC and K Mart Corporation | Circuit Court, Davidson County, TN | 16C1945 |
| Orange Park Mall, LLC | | Patterson, Sandra and Patterson, Freddie, her husband v. Orange Park Mall, LLC | 4th Judicial Circuit Court, Clay County, FL | 16-CA-326-Division F |
| The Pyramid Companies aka Pyramid Management Group, LLC | | DePretto, Geraldine v. Sears Roebuck and Co.; and The Pyramid Companies aka Pyramid Management Group, LLC | Hampden County, Superior Court, MA | 1779CV00714 |
| Starwood Retail Partners, d/b/a Louis Joliet Mall | | Sanchez, Monica v. Sears, Roebuck and Co., dba Sears; Sears Holdings Management Corp.; Starwood Retail Partners, d/b/a Louis Joliet Mall | 12th Judicial Court of Will County, IL | 17L000594 |
| Baybrook Mall, LLC | | Castillo, Sandra v. Baybrook Mall, LLC | 212th District Court of Galveston County, TX | 18-CV-0629 |
| Simon Property Group (Texas), L.P. | | Gonzalez, Lorraine, individually; and as mother and next friend of Caleb Gonzalez, minor child v. Sears, Roebuck and Co.; and Simon Property Group (Texas), L.P. | District Judicial District El Paso County, TX | 2016DCV1927 |
| JWH Joliet, LLC | | Parisi, Joanne v. JWH Joliet, LLC | 12th Judicial Court of Will County, IL | 2017L000934 |
| Altamonte Mall, LLC | | Applegarth, Chantal v. Sears Roebuck and Co.; Altamonte Mall, LLC | 18th Judicial Circuit Court, Seminole County, FL | 2018-CA-000118-11JW |
| UE Bruckner Plaza LLC; and VNO Bruckner Plaza LLC | | Montalvo, Harry v. Kmart Corporation; Kmart Corporation dba Kmart-Sears Store | State Court in Bronx County, NY | 24661/2018E |
| VNO Bruckner Plaza LLC/Vornado Realty Trust; and VNO Bruckner Plaza LLC/CT Corporation System | | Toro Muniz, Teresa v. 9420 Kmart; VNO Bruckner Plaza LLC/Vornado Realty Trust; and VNO Bruckner Plaza LLC/CT Corporation System | State Court in Bronx County, NY | 304391/2014 |
| Sears Outlet Stores, LLC; and Interprop Bedford, LLC | | Michel-Leveque, Marie v. Sears Holdings Corporation; Sears Holdings Management Corporation; Sears, Roebuck & Co.; Sears Operations, LLC; Sears Outlet Stores, LLC; and Interprop Bedford, LLC | State Court, New York County, NY | 508731/2017 |
| Little Caesar's Enterprises, Inc. | | Felton, Natasha v. Kmart Corporation; and Little Caesar's Enterprises, Inc. | State Court, Monroe County, IN | 53C01-1801-CT-000114 |
| Elias Properties Babylon, LLC; and Greg Geiger's Landscaping and Snow Removal | | Vargas, Sonia v. Kmart Corporation; Elias Properties Babylon, LLC; and Greg Geiger's Landscaping and Snow Removal | State Court in Suffolk County, NY | 611547/2017 |
| Sayville Menlo, LLC; Sayville Property Company, LLC | | Serrano, Claribel v. Sayville Menlo, LLC; Sayville Property Company, LLC and Kmart Corporation | State Court in Suffolk County, NY | 616807/2016 |
| CT Corporation System; and Vornado Realty Trust | | Perez, Ivelize v. Sears Holdings Management Corporation, d/b/a Kmart Holdings Corporation; CT Corporation System; and Vornado Realty Trust | State Court in Queens County, NY | 715126/2016 |
| Little Caesar Enterprises, Inc.; Enterprise Food Services, Inc.; and Erie Foods, Inc. | | Phillips, Carol and Richard v. Kmart Corporation; Sears Holdings Corporation; Little Caesar Enterprises, Inc.; Enterprise Food Services, Inc.; and Erie Foods, Inc. | Vigo Superior Court, Vigo County IN | 84D01-1711-CT-008309 |
| Oelwein ATM, LLC | | Bauer, Matt L. v. K Mart Corporation; Oelwein ATM, LLC; and Sears Roebuck & Co. | District Court, Fayette County, IA | LACV055116 |
| VNO Bruckner Plaza LLC; and UE Bruckner Plaza LLC | | Enriquez, Carmen v. K-Mart; Sears Holdings Corporation; Sears Holdings Management Corporation; VNO Bruckner Plaza LLC; and UE Bruckner Plaza LLC | State Court in Bronx County, NY | N/A |

| Non-Debtor Parties | | Court | Case Number |
|---|---|---|---|
| Craftsman; Stanley Black & Decker, Inc.; Rexon; Rexon Industrial Corp., Ltd.; Power Tool Specialists, I | Vega, Kristan v. Craftsman; Sears Holding Management Corporation; Sears, Roebuck and Co.; Sears Holdings Management Corporation; Stanley Black & Decker, Inc.; Rexon; Rexon Industrial Corp., Ltd.; Power Tool Specialists, I | Superior Court, Alameda County, CA | RG17881316 |
| West Orange Plaza and/or ABC Corporation; Levin Management Corporation; Metro Commercial Real Estate Inc.; Vanguard Realty, Inc. and GHI Maintence Company | Reheis, Margaret and Matthew v. West Orange Plaza and/or ABC Corporation; Levin Management Corporation; Metro Commercial Real Estate Inc.; Vanguard Realty, Inc. and GHI Maintence Company | Superior Court of New Jersey, Law Division: Essex County | ESX-L-2426-17 |
| Main 19, LLC | Boeselager, Patricia v. Main 19, LLC | Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida Civil Division | 2017-CA-001291 |
| Jason Herbert | Baker, Trista v. Sears Holdings Corporation; Sears, Roebuck and Co.; and Jason Herbert | Superior Court Chittenden Unit Civil Division, VT | 1074-11-17 Cncv |
| Kevin Mash; and Evelyn Rush | Celso, Mario v. Sears Roebuck and Co.; Kevin Mash; and Evelyn Rush | 9th Judicial Circuit Court, Orange County, FL | 2012-CA-13699-O |
| May Mayumi Goto | Crocoll, Kimberly v. Kmart Corporation, May Mayumi Goto | Nevada Superior Court, CA | CU18-083249 |
| Bobby Blaise and XYZ Insurance Company | Donker, Christine v. Sears Roebuck and Co., Bobby Blaise and XYZ Insurance Company | 24th JudicialDistrict Court Parish of Jefferson, LA | 780-501, Div. M |
| Ryan Kurtz | Filan, Jerry v. Sears Roebuck & Co. and Ryan Kurtz | 5th Judicial Court Marion County, FL | 15-CA-1533 |
| Jacob Aman (Auto Manager) | Fishburn, Claude v. Sears, Roebuck and Co.; and Jacob Aman | Small Claims Court, El Paso County, CO | 18S357 |
| Harold E. Leath; and Does 1-10 | Garcia, Maggie and Jayden Eveningstar v. Harold E. Leath; Sears, Roebuck and Co.; Kmart Corporation; and Does 1-10 | 2nd Judicial Court, Washoe County, NV | CV17-01419,Dept. No 15 |
| Nick Meister | Herman, Annette v. Nick Meister | 11th Judicial Court, McLean County, IL | 2018AR000111 |
| Russell Hammond | Hodges, Duane L. a/s/o East Penn Manufacturing Co. by and through it's agent, Sedgwick CMS v. Russell Hammond and Sears, Roebuck and Co. d/b/a Sears Auto Center and d/b/a Sears Store 6515 | Spartanburg County Court, SC | 2018CP4203264 |
| Lawrence Wesley Slocum and Jane Doe Slocum; John Does 1-10 and XYZ Corporations 1-10 | Johns, Brenda D. Parker v. Sears, Roebuck and Co., d/b/a Sears Holdings Corporation; Sears Roebuck Company; Roebuck and Co Sears, Sears Fitness Flagship Store #1338; Lawrence Wesley Slocum and Jane Doe Slocum; John Does 1-10 and XYZ Corporations 1-10 | Superior Court of Pima County, AZ | C20183228 |
| Lancy Ulrich | Jones, Norma v. K-Mart Corporation, #9105; and Lancy Ulrich | Circuit court of Pettis County, MO | 18PT-CC00119 |
| Eric Gossiaux | Keiser, Jolina; individually and as administratrix and natural tutrix of the estates of her minor children; Kyle Keiser and Bryce Keiser v. Sears Roebuck and Company; and Eric Gossiaux | 24th JudicialDistrict Court Parish of Jefferson, LA | 785-797 |
| Abbey Lambert, PharmD | Kieborz, Joyce v. K Mart Corporation; Abbey Lambert, PharmD | District Court, Buffalo County, NE | D09CI180000066 |
| Alan Marse | Lemaire, Faron v. Alan Marse | 5th Justice of the Peace Court, Jefferson County, LA | 15-160 |
| C-Huey Harrison | McCarter, Sandra A. v. K Mart Corporation; and C-Huey Harrison | 24th JudicialDistrict Court Parish of Jefferson, LA | 763-894, Division B |
| Roger Clausen, RPh | McGee, Deborah and Anthony v. Kmart Corporation dba Kmart Pharmacy; and Roger Clausen, RPh | 14th Judicial District Court, Parish of Calcasieu, LA | 2017-412 E |
| Charles Litzler | Miller, Mary v. Sears, Roebuck and Co. dba Sears at Lakeland Square Mall #1955; and Charles Litzler | 10th Judicial Circuit Court, Polk County, FL | 2016CA-002995-0000-00 |
| Jason Currie | Moran, Esther; individually and next of kin to Tony Moran; deceased and as administrator of the estate of Tony Moran v. Sears Holding Corporation; Sears, Roebuck & Co.; Sears Auto Center; and Jason Currie | Superior Court, Chittenden County, VG | 107-2-18 |
| Jason Riley a/k/a Vanderhoff and Jim Roberson a/k/a Robinson | Richert, Johnna v. Kmart Corporation and Jim Roberson a/k/a Robinson; K-Mart Corporation | 16th Judicial Circuit Court, Jackson County, MO | 1816-CV22710 |
| Alex Forrester | Santiago, Abel v. Kmart Corporation and Alex Forrester | Supreme Court, Bronx County, NY | 20823/2014E |
| Ari Fleet LT; Richard Wood; Does 1 to 100 | Shirley, Bryanna v. Sears Holdings Management Corporation; Sears, Roebuck and Co.; Sears Holding Corp.; Sears Holdings LLC; Sears Home Services; Sears Brands, L.L.C.; Ari Fleet LT; Richard Wood; Does 1 to 100 | Superior Court, Los Angeles County, CA | MC028145 |
| Christopher Solis | Trigo, Marylou v. Sears, Roebuck and Co. and Christopher Solis | 250th Judicial District Court, Travis County, TX | D-4-GN-17-000938 |
| City of Watchung NJ; Paul Sandler and Matthew Lenson | Uzoaru, Matthias E. v. Sears, Rte. 22 E. Watchung; and City of Watchung NJ | Sumerset County, Superior Court, NJ | SOM-L-1316-17 |
| Randy Denny | Vallecillo, Merlin Sequeira v. Sears, Roebuck and Co.; Sears Holdings Management Corporation; and Randy Denny | Connecticut Superior court | N/A |
| Joe Andrada and ARI Fleet, LT | Vuong, Anthony v. Joe Andrada and ARI Fleet, LT | 55th Judicial Court, Harris County, TX | 201852692 |
| SRC Facilities Statutory Trust No. 2003-1; SRC Facilities LLC; and Amy Kelso Sikorski | Yednak, Jenny and Ronald v. Sears Roebuck & Co.; SRC Facilities Statutory Trust No. 2003-1; SRC Facilities LLC; and Amy Kelso Sikorski | Circuit Court of Cook County, IL | 2018L007065 |

| Non-Debtor Parties | | Case Number |
|---|---|---|
| Alfred W. Nyman, Pelican Remodel LLC, Remodeling LA LLC, Magnolia Roofing & Exteriors, Inc., AAR Contracting LLC, Alpha Home Improvement LLC, Consolidated Restoration, LLC, PC Siding Corporation, GAR-LIN Construction, LLC, and Craftsmanship Siding & Roofing | Morris, Clifford D. Jr. & Eric Ball & Phillip A. Olmstead & Scott Searcy v. Sears Home Improvement Products, Inc., Pelican Remodel, LLC, Remodeling LA LLC, et al | 19th Judicial District Court for the Parish of East Baton Rouge | 668160 Div. 26 |
| Jennifer Walker | Salazar, Cris v. Kmart Corporation; and Jennifer Walker | 1st Judicial District Court of Sanfa Fe, NM | D-101-CV-2018-02955 |
| Ernest M. Hirt; Eduardo M. Gutierrez; Jesus L. Gutierrez; A&E Factory Service, LLC dba Sears; Does 1-100; Roe Corporations 101-200, inclusive | Groff, Kelly M. v. Ernest M. Hirt; Eduardo M. Gutierrez; Jesus L. Gutierrez; A&E Factory Service, LLC dba Sears; Does 1-100; Roe Corporations 101-200, inclusive | District Court, Clark County, NV | A-18-781229-C |
| Ricky Williams | Shelton, Laveta v. Ricky Williams; and Sears, Roebuck and Co. | 161st District Court, Ector County, Odessa, TX | B-18-10-1594-CV |
| Carlos Alberto Lopez | Potts, Stasie v. Sears, Roebuck and Co., and Carlos Alberto Lopez | 190th Judicial District Court, Harris County, TX | 2018-70506 |
| Robert Lipinski; and Lease Plan USA | DAngelo, Vincenzo v. Robert Lipinski; and Lease Plan USA | Connecticut Superior court | N/A |
| Harold Hignite | Bailey-Lombardelli, Michael v. Sears, Roebuck and Co. and Harold Hignite | Southern District of Ohio | 1:18-cv-487 |
| Ben Michel, Leroy Steiner, Kory Webber, and Lorenzo Bermudez | Meza, Sergio v. Kmart Corporation, Sears Holdings Corporation, Sears Holdings Management Corporation, Ben Michel, Leroy Steiner, Kory Webber, and Lorenzo Bermudez | Superior Court of the State of California for the County of Santa Barbara | 18CV02586 |
| Robert Rodriguez | Egbuna, Clara; Chiazor Ndiwe; Winnifred Ndiwe and Josephine Onyia v. Sears Holding Corporation and Robert Rodriguez | Harris County, Civil Court, TX | 1116138 |
| A&E Factory Service, L.L.C.;  Fatemah S. Alsuwaidan and John Doe Alsuwaidan; Edwin G. Miguel and Jane Doe Miguel; Jenni m. Wakida and John Doe Wakida | Hawkins, Shelley S. v. A&E Factory Service, L.L.C.; Sears Holdings Management Corporation; Fatemah S. Alsuwaidan and John Doe Alsuwaidan; Edwin G. Miguel and Jane Doe Miguel; Jenni m. Wakida and John Doe Wakida | Superior Court, Snohomish County, WA | Unknown |
| Stephen Sitley | Hand, Robert v. Stephen Sitley and Sears Protection Company | Small Claims Division, First City Court, New Orleans, LA | 18-02128 |
| Shirley Doe; Angela Doe | Devaux, Roslyn v. Sears; Shirley Doe; Angela Doe | Franklin County Municipal Court, Small Claims Division, Columbus, OH | 2017 CV1 042095 |
| Tri-county Installation LLC; Lawrence Niederman; Judith Niederman, Innovel Solutions Market Operations Manager | Headley, Peter v. Tri-county Installation LLC; Lawrence Niederman; Judith Niederman, Innovel Solutions Market Operations Manager; Sears Holdings Corporation | Civil Court, County of Queens, NY | CV-028321-18/QU |
| Anne Hand | Carey, Al v. Sears Holdings Management Corporation and Anne Hand | Superior Court of California, County of Placer | RSC0024711 |
| Michael Karrer | Ching, Henry v. Sears Holdings Management and Michael Karrer | Superior Court of California, County of Los Angeles | 18WCSC00361 |
| Tamara Dawkins | Sanchez, Ronnie R. v. Sears Home Improvement & Tamara Dawkins | Superior Court of New Jersey, Morris County, Law Division | MRS-DC-005720-18 |
| ABC Insurance Company, Inc.; and ABC Insurance Company, Inc. | Williams, Pamela D. v. Sears Holding Corporation; ABC Insurance Company, Inc.; and ABC Insurance Company, Inc. | Shreveport City Court, Parish of Caddo, State of LA | 2018R00475 |
| CherryVale Mall, LLC; CBL/CherryVale I, LLC; CBL & Associates Management, Inc.; National Elevator Inspection Services, Inc.; Kone Inc. | Jaimes, Leonor and Jose v. Sears, Roebuck and Co.; CherryVale Mall, LLC; CBL/CherryVale I, LLC; CBL & Associates Management, Inc.; National Elevator Inspection Services, Inc. | State of Illinois, In the Circuit Court of the 17th Judicial Circuit, Winnebago County, Rockford, IL | 2016-L-0000129 |
| Simon Property Group (Texas), L.P. | Gonzalez, Lorraine, individually; and as mother and next friend of Caleb Gonzalez, minor child v. Sears, Roebuck and Co.; and Simon Property Group (Texas), L.P. | District Judicial District El Paso County, TX | 2016DCV1927 |
| Otis Elevator Company | Medina, Ruben and Heather Ximenez; individually and as next friend of Melody Medina v. Sears, Roebuck & Co.; and Otis Elevator Company | District Court 408th Judicial District Bexar County, TX | 2018-CI-14453 |
| Pergament Investments, aka Pergament Properties; MPRP Metro Mall, LLC; and Middle Village Associates, LLC | Girolamo, Rose v. Sears Holding Corporation; KMart Holding Corporation aka KMart Corporation; Pergament Investments, aka Pergament Properties; MPRP Metro Mall, LLC; and Middle Village Associates, LLC | Supreme Court of the State of New York, County of Queens | 705616/2015 |
| Schindler Elevator Corporation; and Vertical Industrial Park Associates, a Limited Partnership | Santiago, Evelyn v. Schindler Elevator Corporation; K Mart Corporation and Vertical Industrial Park Associates, a Limited Partnership | Supreme Court of the State of New York, County of Kings | 502950/16 |
| Jamaica Colosseum Mall; and Travelers Insurance | Sharhan, Yvonne S. v. Sears aka Sears, Roebuck and Company; K-Mart aka Kmart Holdings Corporation; Jamaica Colosseum Mall; and Travelers Insurance | Supreme Court of the State of New York, County of Queens | 10586/16 |
| Schindler Elevator Corporation; John Doe Corporation One and John Doe Corporation Two | Hoskins, Damon A., a Minor by his Next Friend and Parent, Raymond G. Hoskins; Raymond G. Hoskins and Jennifer R. Hoskins v. Sears, Roebuck and Co.; Schindler Elevator Corporation; John Doe Corporation One and John Doe Corporation Two | Court of Common Pleas, Richland County, OH | 17CV187 |
| Schindler Elevator Corp.; and Does 1-20 | Jackson, Jaylah Bagby; and Maria Navarro v. Schindler Elevator Corp.; Sears Roebuck & Co.; and Does 1-20 | Superior Court of California, County of Santa Clara | 16CV296662 |
| Does 1 to 30 | Ruiz, Consuelo v. Sears Roebuck and Co. and Does 1 to 30 | Superior Court of California County of Los Angeles | BC692038 |

| Non-Debtor Parties | | Case Number |
|---|---|---|
| Northridge Fashion Ce Property Owner of premise located at 9301 Tampa Av; Does 1-50, inclusive | Taj, Makai and Erin D Heals v. Sears, Roebuck & Co.; Northridge Fashion Ce Property Owner of premise located at 9301 Tampa Av; Does 1-50, inclusive | Superior Court of California, County of Los Angeles | 14K05920 |
| Does 1-30, inclusive | Webber, Elizabeth v. Sears, Roebuck & Co.; and Does 1-30, inclusive | Superior Court of California, County of Solano | FCS07899 |
| Does 1 through 50, Inclusive | Youkhanna, Naska - v. Sears, Roebuck and Co.; and Does 1 through 50, Inclusive | Superior Court of California County of San Diego | 37-2018-00046600-CU-PO-CTL. |
| Vertical Industrial Park Associates; Schindler Elevator Corporation | Gharibian, Kevork v. Kmart Corporation; Sears Holdings Corporation; Vertical Industrial Park Associates; Schindler Elevator Corporation | Supreme Court of the State of New York, County of Queens | 18985/2013 |
| John Doe 1-10; ABC Corp. 1-10 | Gomez De Peralta, Salustina v. Sears Holdings Corporation; John Doe 1-10; ABC Corp. 1-10 | Superior Court of New Jersey Law Division: Middlesex County | MID-L-003000-18 |
| Jim Wilson and Associates, LLC dba Edgewater Mall, Schindler Elevator Corporation, Kone, Inc., and Otis Elevator Company | Burton, Dora v. Sears Roebuck and Co., Jim Wilson and Associates, LLC dba Edgewater Mall, Schindler Elevator Corporation, Kone, Inc., and Otis Elevator Company | Circuit Court of Harrison County, Mississippi Second Judicial District | A2402-18-28 |
| ABC Elevator Repair and Maintenance Company | Celestine, Shelia and Oliver v. Sears, Roebuck and Co.; and ABC Elevator Repair and Maintenance Company | 24th Judicial District Court for the Parish of Jefferson, State of Louisiana | 768-815, Division A |
| Schindler Elevator Corporation | Batiste, Patty B. v. Sears, Roebuck and Co.; and Schindler Elevator Corporation | 15th Judicial District Court Parish Of Lafayette State Of Louisiana | 218619, Division D |
| Sedgwick Claims Management Services, Inc. | Coke-Ng, Brian v. Kmart Pharmacy; Kmart Holding Corporation; Sears Holdings Corporation; Sedgwick Claims Management Services, Inc. | Supreme Court of the State of New York | 100386/18 |
| K-Mart Management Corporation, Sedgwick Claims Management | Franklin, Joyce v. Kmart a/k/a K-Mart Corporation, K-Mart Management Corporation, K-mart Holdings Corporation, Sears Corporation; Sears Holdings Corporation; Sedgwick Claims Management | Court Of Common Pleas Lucas County, OH | G-4801-CI-0201803819-000 |
| John Doe; ABC Corporation; Richard Roe; XYZ Corporation; Sedgwick Claims Management Services, Inc.; and LMN Insurance Company | Scott, Barbara v. Kmart Corporation; John Doe; ABC Corporation; Richard Roe; XYZ Corporation; Sedgwick Claims Management Services, Inc.; and LMN Insurance Company | Superior Court of New Jersey, Law Division: Essex County | ESX-L-006325-17 |
| Sears Garage Solutions aka Installs; Sedgwick Claims Management Service, Inc. | Heaven, Mausea v. Sears Garage Solutions aka Installs; Sedgwick Claims Management Service, Inc. | District Court of Maryland for Prince George's County | 050200142862018 |
| Craftsman; Emerson Electric Company; Emerson; Stanley Black & Decker; Ace Hardware of West Chester; Ace Hardware Corporation; and Ace Wholesale Holdings, LLC | Ruf, Terence Jr. v. Sears, Roebuck & Co.; Sears; Sears Brands, LLC; Sears Brands Management; Craftsman; Emerson Electric Company; Emerson; Stanley Black & Decker; Ace Hardware of West Chester; Ace Hardware Corporation; and Ace Wholesale Holdings, LLC | Court of Common Pleas, Philadelphia County, PA | 2018-04-000283 |
| W & H LLC, a California Limited Liability Company; Sears Outlet Stores, L.L.C., a Delaware Limited Liability Company; and Does 1-10 | Gabriela Cabrera v. W & H LLC, a California Limited Liability Company; Sears Outlet Stores, L.L.C., a Delaware Limited Liability Company; and Does 1-10 | U.S. District Court for the Central District of California | 2:18-cv-08233-DDP-AS |

| Non-Debtor Parties | | Case Number |
|---|---|---|
| A.F. German Co., Inc., f/k/a A.F. German Company, Inc., BCS America LLC, Briggs & Stratton Corporation, individually and as successor to Simplicity Manufacturing Inc. and Snapper, Inc., Carlisle Companies Incorporated, CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, Continental Automotive Systems Inc., f/k/a Continental Teves Inc., Cummins Inc., f/k/a Cummins Engine Company, Inc., Dana Companies, LLC, Electrolux Home Products, Inc., individually and as successor to American Yard Products, Electrolux USA, Inc., individually and as successor to American Yard Products, Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co., General Electric Company, individually and as successor to Geroge D. Roper Co., Genuine Parts Co., Honeywell International Inc., f/k/a AllideSignal Inc., as successor to the Bendix Corporation; Husqvarna Consumer Outdoor Products N.A., Inc., indivdually and successor to American Yard Products and George D. Roper Co., Husqvarna Professional Products, Inc., individually and as successor to Tecumseh Products Co., Kohler Co., McCord Corp., MTD Products Company, f/k/a Modern Tool and Die Company National Automotive Parts Association Inc., a/k/a NAPA Auto Parts, Platinum Equity, LLC, d/b/a Tecumseh Power, Individually and as successor to Tecumseh Products Co., Pneumo Abex LLC, individually and as successor to Abex Corporation, Schiller Grounds Care, Inc., individually and as successor to Steiner Co., W.J. Connell Co. | Paticia A. Main, individually and as Executrix of the Estate of Billy D. Main v. A.F. German Co., Inc., f/k/a A.F. German Company, Inc., BCS America LLC, Briggs & Stratton Corporation, individually and as successor to Simplicity Manufacturing Inc. and Snapper, Inc., Carlisle Companies Incorporated, CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, Continental Automotive Systems Inc., f/k/a Continental Teves Inc., Cummins Inc., f/k/a Cummins Engine Company, Inc., Dana Companies, LLC, Electrolux Home Products, Inc., individually and as successor to American Yard Products, Electrolux USA, Inc., individually and as successor to American Yard Products, Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co., General Electric Company, individually and as successor to Geroge D. Roper Co., Genuine Parts Co., Honeywell International Inc., f/k/a AllideSignal Inc., as successor to the Bendix Corporation; Husqvarna Consumer Outdoor Products N.A., Inc., individually and successor to American Yard Products and George D. Roper Co., Husqvarna Professional Products, Inc., individually and as successor to Tecumseh Products Co., Kohler Co., McCord Corp., MTD Products Company, f/k/a Modern Tool and Die Company National Automotive Parts Association Inc., a/k/a NAPA Auto Parts, Platinum Equity, LLC, d/b/a Tecumseh Power, Individually and as successor to Tecumseh Products Co., Pneumo Abex LLC, individually and as successor to Abex Corporation, Schiller Grounds Care, Inc., individually and as successor to Steiner Co., Sears Holdings Management Corp., d/b/a Craftsman, Sears, Roebuck & Co., d/b/a Craftsman, Stanley Black & Decker, Inc., individually and as successor to Marion-Craftsman Tool Co., Tecumseh Products Company LLC, f/k/a Tecumseh Products Co., The Toro Company, Venture Products, Inc., f/d/a Steiner AG Products, Inc., individually and as successor to Steiner Corp., W.J. Connell Co. | Commonwealth of Massachusetts Middlesex County Superior Court Department of the Trial Court | 17-3242 |
| Home Products International-North America, Inc.; and Does 1 through 25, Inclusive | Paul Benavidez v. Kmart Corporation; Home Products International-North America, Inc.; and Does 1 through 25, Inclusive | USDC, Central District of California | CV 17-6226-JFW (JEMx) |
| Onebeacon Services, LLC d/b/a Atlantic Speciality Insurance Company | Phillip Doran, and Linda Doran, husband and wife, and the marital community comprised thereof v. Sears Home Improvement Products, Inc., a Pennsylvania Corporation, Sears Holdings Management Corporation, a Delaware Corporation, and Onebeacon Services, LLC d/b/a Atlantic Speciality Insurance Company, a Delaware Limited Liability Company | In the Superior Court of the State of Washington In and For the County of Thurston | 17-2-06663-34 |
| Three Brothers Construction Co. d/b/a Sears Garage Door and James Edward Kutteroff | Ila Clemesha v. P.B. Home Services, Inc. d/b/a Sears Home Services, Sears, Roebuck and Co., Three Brothers Construction Co. d/b/a Sears Garage Door and James Edward Kutteroff, Individually and Jointly | In the County Court in and for Miami-Date County, FL | 16-5053 CC 26 |
| One World Technologies, Inc.; RYOBI Technologies, Inc.; and Techtronic Industries North America, Inc. | Magnani, Peter v. KCD IP, LLC; Sears Holdings Management Corporation; Sears, Roebuck and Co.; One World Technologies, Inc.; RYOBI Technologies, Inc.; and Techtronic Industries North America, Inc. | Supreme Court Nassau County, NY | 602360/2012 |
| Ubaldo Miranda; Shelly Miranda; KCD IP, LLC; Briggs & Stratton Corporation; Husqvarna Consumer Outdoor Products N.A., Inc. | Townsend, Samuel v. Ubaldo Miranda; Shelly Miranda; Sears, Roebuck and Co.; Sears Brands, L.L.C.; Sears Holdings Management Corporation; KCD IP, LLC; Briggs & Stratton Corporation; Husqvarna Consumer Outdoor Products N.A., Inc. | Superior Court, Porty County, IN | 64D01-1808-CT-007890 |
| Zion Evangelical Lutheran Church, Springfield, Missouri, Inc.; Kenmore Craftsman DieHard Intellectual Property, LLC aka and dba KCD IP, LLC | Buchanan, William and Eva v. Zion Evangelical Lutheran Church, Springfield, Missouri, Inc.; Sears Holdings Corporation; Sears, Roebuck and Co.; Kenmore Craftsman DieHard Intellectual Property, LLC aka and dba KCD IP, LLC | Circuit Court of Green County, MO | 1731-CC01255 |
| Sears Rockaway Townsquare; KCD IP, LLC dba Craftsman; Briggs & Stratton; Husqvarna; Stanley Black & Decker; XYZ Corporation 1-10; John Doe 1-10 | Visakay, Aida; as executor for the estate of William Visakay v. Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC dba Craftsman; Briggs & Stratton; Husqvarna; Stanley Black & Decker; XYZ Corporation 1-10; John Doe 1-10 | Superior Court, Morris County, NJ | MRS-L-1705-17 |
| Ari Fleet LT; Richard Wood; Does 1 to 100 | Shirley, Bryanna v. Sears Holdings Management Corporation; Sears, Roebuck and Co.; Sears Holding Corp.; Sears Holdings LLC; Sears Home Services; Sears Brands, L.L.C.; Ari Fleet LT; Richard Wood; Does 1 to 100 | Superior Court, Los Angeles County, CA | MC028145 |
| Home Security of America, Inc.; Margaret Cooper; Daniel Cooper; and Sears Home Services | Downs, Kimberly v. Sears Home Improvement products, Inc.; Home Security of America, Inc.; Margaret Cooper; Daniel Cooper; and Sears Home Services | Court of Common Pleas of Northumberland County, PA | CV-15-841 |

| Non-Debtor Parties | | Court | Case Number |
|---|---|---|---|
| Sears Home Services; Briggs & Stratton Corp.; ABC Corporations 1-10; and John Does 1-10 | Gayle, Michael v. Sears Home Services; Briggs & Stratton Corp.; ABC Corporations 1-10; LLC; Sears Holdings, Corp.; Briggs & Stratton Corp.; ABC Corporations 1-10; and John Does 1-10 | Superior Court, Essex County, NJ | ESX-L-6632-17 |
| FSA Network, Inc.; G-Boyz, LLC; Daniel Gonzalez, director of G-Boyz, LLC | Horan, Donald and Eleanor aso Universal Property & Casualty Insurance Company v. FSA Network, Inc.; G-Boyz, LLC; Daniel Gonzalez, as last known officer; director of G-Boyz, LLC; Sears, Roebuck and Co. dba Sears Home Services, Sears Appliance Repair, and/or all subsidiaries and affiliates | Circuit Court, St. Lucie County, FL | 562017CA001725AXXXHC |
| Icon Health and Fitness, Inc.; and Sears Home Services, L.L.C | Mauer, Marlene v. Icon Health and Fitness, Inc.; Sears, Roebuck and Co. aka Sears dba Sears Crossroads Center Store #1072; and Sears Home Services, L.L.C. | District Court, Bremer County, IA | LACV 005874 |
| Jerrard James Johnson; and Sears Home Services, L.L.C. | WLR Automotive Group, Inc. a/s/o Selective Insurance Company v. Jerrard James Johnson; and Sears Home Services, L.L.C. | District Court, Baltimore County, MD | CV 1477378 |
| Whirlpool Canada LP, Whirlpool Canada Inc., Whirlpool Corporation, Sears Canada Inc., Sears Canada Holdings Corp. | Gaudette, Sylvain v. Whirlpool Canada LP, Whirlpool Canada Inc., Whirlpool Corporation, Sears Canada Inc. Sears Canada Holdings Corp. and Sears, Roebuck & Co. | Supreme Court of Canada, Province of Quebec | 500-06-000794-160 |
| Electrolux Home Products, Inc.; KCD IP, LLC;  Chaplin Williams Rentals, Inc.; Hanna Saikali; Nadia Saikali; and John Saikali | Oquendo, Daniel v. Electrolux Home Products, Inc.; KCD IP, LLC; Sears Holdings Corporation; Sears, Roebuck and co.; Chaplin Williams Rentals, Inc.; Hanna Saikali; Nadia Saikali; and John Saikali | 4th Judicial Circuit Court, Dubal County, FL | 2018-CA-7638 |
| Sedgwick Claims Management Services, Inc. | Matthews, Shirley and Dwight Langhum v. Sedgwick Claims Management Services, Inc. and Sears Holdings Management Corporation d/b/a Sears Home Services | Wilson County State Court, TN | 2018-CV-3409 |

**Exhibit 2**

**Proposed Stay Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                :
                                                         :        **Case No. 18-23538 (RDD)**
                                                         :
        **Debtors.**[1]                                  :        **(Jointly Administered)**
------------------------------------------------------------x

## NOTICE OF ENTRY OF ORDER EXTENDING
## THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

       **PLEASE TAKE NOTICE** that on January [__], 2019, the Bankruptcy Court for

the Southern District of New York (the "**Bankruptcy Court**") entered an Order Pursuant to 11

U.S.C. §§ 105(a) and 362(a) extending the automatic stay imposed by section 362(a) of the

Bankruptcy Code in the above chapter 11 cases  (ECF No. [__]) (the "**Order**").  A copy of the

Order is annexed hereto as **Exhibit A**.

       **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, the

proceedings identified on **Exhibit B** hereto (the "**Prepetition Actions**") have been stayed as to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

both any applicable Debtors and the parties (the "**Non-Debtors Parties**") identified on Exhibit B, which stay may be modified by the Bankruptcy Court as set forth in the Order.

> **PLEASE TAKE FURTHER NOTICE** that, during the effectiveness of the automatic stay, both the Debtors and the Non-Debtor Parties are not required to submit any response, answer, or other pleading in connection with the Action, and the Action may not continue against either any applicable Debtor or any applicable Non-Debtor Party.

Dated: January [__], 2019
      New York, New York

                                _____

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*

Exhibit B

**EDWARD CAPOZZI, ESQ. 042602004**
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIDA VISAKAY, as Executor for the ESTATE OF WILLIAM VISAKAY,<br><br>Plaintiff,<br><br>vs.<br><br>SEARS ROEBUCK AND COMPANY; SEARS ROCKAWAY TOWNSQUARE; KCD IP, LLC, d/b/a/ CRAFTSMAN; BRIGGS & STRATTON; HUSQVARNA; XYZ CORPORATION 1-10 (fictitious designations); JOHN DOE 1-10 (fictitious designations);<br><br>Defendants. | Civ. No. 2:17-cv-11570-JLL-CLW<br><br><br>**AMENDED COMPLAINT & JURY DEMAND** |

The plaintiff, Aida Visakay, as Executor for the Estate of William Visakay, by way of Complaint against the defendants, states as follows:

### PARTIES

1.    At all times material hereto, plaintiff, Aida Visakay, the Executor for the Estate of William Visakay, was resident of the State of New Jersey residing at 4 Fox Chase Drive, Denville, Morris County, New Jersey, 07834.

2.    At all times material hereto, defendant, Sears Roebuck and Company, is an entity conducting business in the State of New Jersey with principal place of business at 333 Beverly Road, Hoffman Estates, Illinois, 60179.

3.    At all times material hereto, defendant, Sears Rockaway Townsquare, was an entity conducting business in the State of New Jersey with a principal place of business at 301 Mount Hope Avenue, Rockaway, Morris County, 07866.

4.    At all times material hereto, defendant, KCD IP, LLC, d/b/a Craftsman, is an entity conducting business in the State of New Jersey with a principal place of business at 333 Beverly Road, Hoffman Estates, Illinois, 60179.

5.    At all times material hereto, defendant, Briggs & Stratton, was an entity conducting business in the State of New Jersey with a principal place of business at 12301 W. Wirth Street, Wauwatosa, Wisconsin, 53222.

6.    At all times material hereto, defendant, Husqvarna, an entity conducting business in the State of New Jersey with principal place of business at 9335 Harris Corners Parkway, Suite 500, Charlotte, North Carolina, 28269.

7.    At all times material hereto, defendant, XYZ Corporations 1-10, were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey and/or authorized to do business in the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants and/or their servants, agents, or employees, owned, designed, manufactured, modified, upgraded, distributed, sold, repaired, serviced, and/or placed in the stream of commerce the Craftsman Lawn Tractor Model No. 917.287230 and/or its component parts and/or purchased and/or assumed the product line for the

- 2 -

subject lawnmower that was operated by the decedent, William Visakay, on or about August 19, 2016. The Plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as XYZ Corporations 1-10.

8.      At all times material hereto, defendants, John Does 1-10; were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants and/or their servants, agents, or employees, owned, designed, manufactured, modified, upgraded, distributed, sold, repaired, serviced, and/or placed in the stream of commerce the Craftsman Lawn Tractor Model No. 917.287230 and/or its component parts and/or purchased and/or assumed the product line for the subject lawnmower that was operated by the decedent, William Visakay, on or about August 19, 2016. The plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of said defendants represented herein as John Does 1-10.

9.      All defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

## FACTS COMMON TO ALL COUNTS

10.     The plaintiff herein incorporates paragraphs 1 through 9 as though the same were set forth herein at length.

11.     On or about August 19, 2016, the decedent, William Visakay, was operating a Craftsman Lawn Tractor Model No. 917.287230 at or around his property located at 4 Fox Chase Drive, Denville, Morris County, New Jersey, 07834 (hereinafter "the premises").

- 3 -

12.    At the same time and place, while Mr. Visakay was operating a Craftsman Lawn Tractor Model No. 917.287230, the tractor caught fire thereby causing Mr. Visakay to suffer excruciating burn injuries on approximately 70% of his body, endure an approximate two month coma, and ultimately expire.

13.    The subject lawnmower was designed, manufactured, distributed, supplied and/or sold by defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations).

14.    On November 29, 2016, Aida Visakay was qualified as the Executor of the Estate of William Visakay in Morris County Surrogate's Court with authority to prosecute this lawsuit.

## FIRST COUNT

15.    The plaintiff herein incorporates paragraphs 1 through 14 as though the same were set forth herein at length.

16.    The Craftsman Lawn Tractor Model No. 917.287230 and/or its component parts were manufactured, designed, tested, advertised, marketed, distributed, modified, upgraded, sold, serviced, repaired and/or was placed into the stream of commerce by the defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations); and were dangerously defective, unfit and unsafe for its intended and reasonably foreseeable uses in that the Craftsman Lawn Tractor Model No. 917.287230 spontaneously caught fire, thereby severely burning the victim, William Visakay, and ultimately resulting in his death.

- 4 -

17.     The defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations); individually and/or by their servants, agents or employees, expressly or impliedly warranted that the aforesaid Craftsman Lawn Tractor Model No. 917.287230, and its component parts, were of merchantable quality and for its intended use and the decedent, William Visakay, did rely upon said warranties.

18.     The defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations), individually and/or by their servants, agents or employees, were negligent in the design, manufacture, sale, distribution, installation, modification, upgrade, inspection, maintenance, service, and/or repair, of the Craftsman Lawn Tractor Model No. 917.287230 of the, and its component parts, and were careless and negligent in placing said machine and/or its component parts in the stream of commerce; created and/or maintained a nuisance and/or trap in connection with the aforesaid; failed to provide adequate and proper warnings and/or guards and/or safeguards or safety devices on the aforesaid machine and/or its component parts, and breached their aforesaid warranties, expressed or implied.

19.     The decedent, William Visakay's injuries and death are the result of manufacturing and/or warning and/or design defects.

20.     Specifically, the aforesaid defendants were negligent in the design and manufacture of the entire fuel system of the Craftsman Lawn Tractor Model No. 917.287230, including but not limited to the fuel tank, fuel hose, and fuel cap.

21.     The negligent and defective design and manufacture of the fuel system includes but is not limited to: (1) the negligent placement of the fuel tank in the front of the mower rather

- 5 -

than the rear, creating a reasonably foreseeable risk of fuel ignition when the fuel tank is impacted; (2) the negligent design and manufacture of the fuel hose such that it can become disconnected, release fuel, and ignite; and (3) the negligent design and manufacture of the fuel tank cap such that it can become loose and dislodge when the fuel tank is impacted, release fuel, and ignite.

22.     Further, the mounting bracket for the fuel tank, described as the dash "crossmember," "key no. 175" and "part no. 196304" and its successor part numbers is negligently designed, manufactured, dangerously defective, unfit, and unsafe for use such that the bracket side flanges will bend and puncture the fuel tank when impacted thereby releasing fuel and causing the lawnmower to ignite.

23.     Moreover, based upon the aforementioned negligent designs of the fuel system and mounting bracket for the fuel tank, the entire mower is negligently designed and manufactured such that it fails to protect the rider from serious injury or death in the event of a rollover accident. Upon rollover and impact to the mounting bracket and fuel system, the entire mower will be caused to ignite.

24.     Rollover events are a reasonably foreseeable event common with riding mowers that can cause serious injury or death to the operator.

25.     Likewise, the defendants negligently failed to adequately warn the operator of the riding mower that serious injury or death can occur in the event of a rollover accident on a sloped surface.

26.     A reasonably alternative design and manufacture of the mounting bracket for the fuel tank includes, but is not limited to, a bracket with a wider surface and bracing system designed to withstand impact to the bracket.

- 6 -

27. Likewise, a reasonably alternative design to the fuel system of the mower is to the place the fuel tank in the rear of the mower and the battery in the front as is the corrected design of the Craftsman mower in other models.

28. As a result of the foregoing, defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations), are strictly liable in tort for their wrongful conduct pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et. seq.*

29. As a direct and proximate result of the Craftsman Lawn Tractor Model No. 917.287230 and/or its component parts being defectively designed, manufactured, tested, distributed, marketed, supplied, inspected, modified, upgraded, sold, maintained, serviced, repaired and/or placed into the stream of commerce by the defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations), William Visakay was severely injured and ultimately died.

WHEREFORE, plaintiff, Aida Visakay, as Executor for the Estate of William Visakay, demands judgment against defendants, Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC, d/b/a Craftsman; Briggs & Stratton; Husqvarna; XYZ Corporation 1-10 (fictitious designations); and John Doe 1-10 (fictitious designations), individually, jointly and severally for:

    (a)    Compensatory damages, including pain, suffering, emotional distress, medical expenses, lost wages and other economic losses;

    (b)    Interest;

(c)     Attorneys' fees and costs; and

(d)     Such other and further relief as is just and equitable.

## SECOND COUNT

30.     The plaintiff herein incorporates paragraphs 1 through 29 as though the same were set forth herein at length.

31.     The plaintiff seeks recovery against all defendants for all damages permitted pursuant to the Wrongful Death Act.

WHEREFORE, the plaintiff demands judgment against the defendants for compensatory damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

## THIRD COUNT

32.     The plaintiff herein incorporates paragraphs 1 through 31 as though the same were set forth herein at length.

33.     The plaintiff seeks recovery against all defendants for all damages permitted pursuant to the New Jersey Survivor's Act, including but not limited to, all physical and emotional injuries suffered by William Visakay prior to his death.

WHEREFORE, the plaintiff demands judgment against the defendants for compensatory damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

## FOURTH COUNT

34.     The plaintiff herein incorporates paragraphs 1 through 33 as though the same were set forth herein at length.

- 8 -

35.    The decedent, William Visakay, purchased the subject Craftsman Lawn Tractor Model No. 917.287230 from defendant, Sears Rockaway Townsquare.

36.    At the time of the purchase of the subject Craftsman Lawn Tractor Model No. 917.287230, the defendant, Sears Rockaway Townsquare, and its agents, servants, and employees, negligently provided false information to the decedent, William Visakay, regarding suitability of this particular Craftsman Lawn Tractor for his premises.

37.    As a direct and proximate result of this negligent misrepresentation by the defendant, Sears Rockaway Townsquare, and its agents, servants, and employees, the subject Craftsman Lawn Tractor Model No. 917.287230, crashed on the Visakay premises and caught fire thereby causing Mr. Visakay to suffer severe injuries and ultimately death.

WHEREFORE, the plaintiff demands judgment against the defendant, Sears Rockaway Townsquare, for compensatory damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

BRACH EICHLER, L.L.C.

BY:    _____
        EDWARD P. CAPOZZI, ESQUIRE
        Attorney for Plaintiff

DATED: October 8, 2018

# **DEMAND FOR TRIAL BY JURY**

The plaintiff hereby demands a trial by jury as to all issues.

BRACH EICHLER, L.L.C.

BY: _____

EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

DATED: October 8, 2018

Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIDA VISAKAY, as Executor for the ESTATE OF WILLIAM VISAKAY, <br><br> Plaintiff, <br><br> vs. <br><br> SEARS ROEBUCK AND COMPANY; SEARS ROCKAWAY TOWNSQUARE; KCD IP, LLC, d/b/a CRAFTSMAN; BRIGGS & STRATTON; HUSQVARNA; STANLEY BLACK & DECKER; XYZ CORPORATION 1-10 (fictitious designations); JOHN DOE 1-10 (fictitious designations), <br><br> Defendants. | Civil Action No. 2:17-cv-11570-JLL-CLW <br><br> Hon. Jose L. Linares <br><br> Hon. Cathy L. Waldor <br><br><br> **STIPULATION OF DISMISSAL WITHOUT PREJUDICE** |

In accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Aida Visakay, as Executor for the Estate of William Visakay, and Defendants Sears, Roebuck and Co., KCD IP, LLC, d/b/a Craftsman, Husqvarna Consumer Outdoor Products N.A., Inc. and Briggs & Stratton Corporation hereby stipulate to the dismissal of Sears, Roebuck and Co., improperly pled as Sears Roebuck and Company, Sears Rockaway Townsquare and KCD IP, LLC, d/b/a Craftsman without prejudice.

WHEREFORE, upon the filing of this Stipulation, Sears, Roebuck and Co., improperly pled as Sears Roebuck and Company, Sears Rockaway Townsquare and KCD IP, LLC, d/b/a Craftsman are dismissed from this case without prejudice.

Respectfully submitted,

Dated:

_s/_____
Edward Capozzi, Esq.
Kristofer C. Petrie, Esq.
BRACH EICHLER LLC
101 Eisenhower Pkwy
Roseland, New Jersey 07068
Telephone: (973) 228-5700

ecapozzi@bracheichler.com
***Counsel for Plaintiff Aida Visakay, as
Executor for the Estate of William Visakay***

Dated:                                      s/_____
                                            Christopher R. Carton
                                            BOWMAN AND BROOKE, LLP
                                            317 George Street, Suite 320
                                            New Brunswick, New Jersey 08901
                                            Telephone: 201-577-5175
                                            chris.carton@bowmanandbrooke.com
                                            ***Counsel for Defendants Sears, Roebuck and
                                            Co., KCD IP, LLC, d/b/a Craftsman,
                                            Husqvarna Consumer Outdoor Products
                                            N.A., Inc.***

Dated:                                      s/_____
                                            Nancy McDonald, Esq.
                                            Nicholas P. Eliades, Esq.
                                            MCELROY, DEUTSCH, MULVANEY &
                                            CARPENTER, LLP
                                            1300 Mt. Kemble Ave., P.O. Box 2075
                                            Morristown, NJ 07962
                                            Tel: (973) 425-8703
                                            nmcdonald@mdmc-law.com
                                            neliades@mdmc-law.com

                                                        - and -

                                            Donald H. Carlson, Esq.
                                            Eric D. Carlson, Esq.
                                            CRIVELLO CARLSON, S.C.
                                            710 N. Plankinton Avenue, Suite 500
                                            Milwaukee, WI 53203
                                            Tel: (414) 290-7518
                                            dcarlson@crivellocarlson.com
                                            ecarlson@crivellocarlson.com
                                            ***Counsel for Briggs & Stratton Corporation***

2