# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
In re                                      :    Chapter 11
                                           :
SEARS HOLDINGS CORPORATION, et al.,        :    Case No. 18-23538 (RDD)
                                           :
            Debtors.¹                      :    (Jointly Administered)
---------------------------------------------------------x
```

## ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASE WITH MOAC MALL HOLDINGS LLC AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other things, entry of an order, pursuant to sections 105, 363, and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-1, and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and

assignment of certain executory contracts and unexpired leases of the Debtors in connection

therewith; and the Court having entered the prior order dated November 19, 2018 (Docket No.

816) including the schedule as revised by the *Global Bidding Procedures Process Letter* (together,

the "Bidding Procedures Order") filed on November 21, 2018 (Docket No. 862), which approved

competitive bidding procedures for the Acquired Assets and granted certain related relief; and

Transform Holdco LLC (the "Buyer") having submitted the highest or otherwise best bid for the

Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court

having conducted a hearing on the Sale Motion, which commenced on February 4, 2019, at which

time all interested parties were offered an opportunity to be heard with respect to the Sale Motion;

and the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among*

*Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of*

*Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of*

*Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related*

*Relief* (the "Sale Order") on February 8, 2019 (Docket No. 2507); and the Court having entered

the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases*

*and (II) Granting Related Relief* (the "Assumption and Assignment Order") on April 2, 2019

(Docket No. 3008), pursuant to which the Debtors may assume and assign certain executory

contracts or unexpired leases to the Buyer or Buyer's Assignee in accordance with the Asset

Purchase Agreement, dated as of January 17, 2019, by and among the Buyer and the Sellers party

thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the

"Sellers") (as may be amended, restated, amended and restated from time to time, including

pursuant to that certain Amendment No. 1 to the Asset Purchase Agreement, dated as of January

17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and the Buyer

having filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (the

"Designated Lease Notice") (Docket No. 3298), pursuant to which the Debtors seek to assume and

assign the lease for store number 1722 located at 2000 N E Court, Bloomington, Minnesota (the

"Designated Lease") in accordance with the Assumption and Assignment Order; and the

counterparty to the Designated Lease ("MOAC") having filed *MOAC Mall Holdings LLC's

Objection to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of

Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* on

January 30, 2019 (Docket No. 2199) and *MOAC Mall Holdings LLC's Second Supplemental and

Amended: (A) Objections to Debtor's Notice of Assumption and Assignment of Additional

Designatable Leases, and (B) Objection to Debtor's Stated Cure Amount* on May 2, 2019 (Docket

No. 3501); and the Buyer having filed *Transform Holdco LLC's Omnibus Reply in Support of

Assumption and Assignment of Designated Leases* on May 6, 2019 (Docket No. 3654); and the

counterparty to the Designated Lease having filed *MOAC Mall Holdings LLC's Third

Supplemental and Amended Objections to Debtor's Notice of Assumption and Assignment of

Additional Designatable Leases* on May 17, 2019 (Docket No. 3926) and *MOAC Mall Holdings

LLC's Fourth Supplemental (I) Objections and Reply to Debtor's Notice of Assumption and

Assignment of Additional Designatable Leases, and (II) Objection to Debtor's Stated Cure Amount*

on July 8, 2019 (Docket No. 4450); and the Buyer having filed *Transform Holdco LLC's Reply to

MOAC Mall Holdings LLC's (I) Objection to Supplemental Notice of Cure Costs and Potential

Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with

Global Sale Transaction; (II) Second Supplemental and Amended: (A) Objections to Debtor's

Notice of Assumption and Assignment of Additional Designatable Leases, and (B) Objection to*

*Debtor's Stated Cure Amount; and (III) Third Supplemental and Amended Objections to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases* on July 8, 2019 (Docket No. 4454) and *Transform Holdco LLC's Supplemental Reply and Cross-Motion to: (A) Strike MOAC Mall Holdings LLC's Fourth Supplemental (I) Objections and Reply to Debtor's Notice of Assumption and Assignment of Additional Designatable Leases, and (II) Objection to Debtor's Stated Cure Amount; and (B) Permit Late Filed Responses to Requests for Admission* ("Motion to Strike") on August 16, 2019 (Docket No. 4867); and the counterparty to the Designated Lease having filed *MOAC Mall Holdings LLC's Pre-Evidentiary Hearing Brief Regarding the Proposed Assumption and Assignment of the MOAC Lease* on August 19, 2019 (Docket No. 4889); and the Buyer having filed *Transform Holdco LLC's Amended Supplemental Reply and Cross-Motion to Strike MOAC Mall Holdings LLC's Pre-Evidentiary Hearing Brief Regarding the Proposed Assumption and Assignment of the MOAC Lease* ("Amended Motion to Strike") on August 20, 2019 (Docket No. 4903); and the counterparty to the Designated Lease having filed *MOAC Mall Holdings LLC's Reply Objecting to Transform Holdco LLC's Motion to (A) Strike MOAC's July 8 Supplemental Objection and (B) Permit Late Responses to Requests for Admissions* on August 20, 2019 (Docket No. 4915); and the Court having entered the *Stipulation and Order by and Among Sellers, Buyer, and Landlord MOAC Mall Holding LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property and (II) Setting Briefing Schedule* on May 13, 2019 (Docket No. 3823), *Stipulation and Order by and Among Sellers, Buyer, and MOAC Mall Holdings LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property* on June 25, 2019 (Docket No. 4354), and *Stipulation and Order by and Among Sellers, Buyer, and MOAC Mall Holdings LLC (I) Extending Time Under 11 U.S.C. § 365(d)(4) for Lease of Nonresidential Real Property* (the "Third Extension Stipulation") on August 1, 2019 (Docket

4

No. 4687); and the Court having conducted an evidentiary hearing on the assumption and assignment of the Designated Lease on August 23, 2019 (the "Assumption and Assignment Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Assumption and Assignment Notices and their objections, replies, and pleadings thereto; and due notice of the Sale Motion, Asset Purchase Agreement, Sale Order, Assumption and Assignment Order, Designated Lease Notice, and the Assumption and Assignment Hearing having been provided; and, except as otherwise provided for herein, all objections with respect to the Designated Lease hereto having been withdrawn, resolved, adjourned, or overruled for the reasons stated by the Court in its bench rulings on the record of the Assumption and Assignment Hearing; and upon the letter, and representations therein on behalf of MOAC, dated September 4, 2019 submitted to the Court by Thomas J. Flynn, Esq. and David W. Dykhouse, Esq, counsel to MOAC, commenting on the proposed form of this Order submitted by counsel for the Buyer and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors, and all parties in interest in these chapter 11 cases; and upon the record of the Assumption and Assignment Hearing and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    **Bankruptcy Rule 7052**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court

during or at the conclusion of the Assumption and Assignment Hearing. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.     **Jurisdiction and Venue**. This Court has jurisdiction over the Sale Motion, the Sale Transaction, and the property of the Debtors' estates, including the Acquired Assets, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.     **Sound Business Purpose**. The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Designated Lease consistent with the Sale Order, the Assumption and Assignment Order and this Order. The Buyer shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.     **Vested Title**. The Designated Lease constitutes property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.     **Notice and Opportunity to Object**. Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to, the Designated Lease has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order. Pursuant to the Sale Order, and Assumption and Assignment Order, the Designated Lease Notice was properly served and the counterparty thereto was afforded timely, good, appropriate and sufficient notice, and an

opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Designated Lease.

F.    **Cure Notice**.  The Debtors have served, prior to the Assumption and Assignment Hearing, the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* (the "Cure Notice") filed on January 23, 2019 (Docket No. 1774) on the counterparty to the Designated Lease, which provided notice of the Debtors' intent to assume and assign such Designated Lease and notice of the related proposed Cure Costs upon the counterparty to such Designated Lease. The service of the Cure Notice was timely, good, sufficient, and appropriate under the circumstances, and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Designated Lease. *See Affidavit of Service* (Docket No. 2162). All counterparties to the Designated Lease have had a reasonable opportunity to object both to the Cure Costs listed on the Cure Notice and the Designated Lease Notice and, to the assumption and assignment of the Designated Lease to the Buyer or an Assignee, if applicable, in accordance with the Bidding Procedures Order and the Assumption and Assignment Order.

G.    **Assignment or Transfer Agreement**.  Any applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to the Designated Lease was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion.  Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the assumption, assignment, or transfer to the Buyer, pursuant to the Assignment or Transfer Agreement and this Order, to be avoided under section 363(n) of the Bankruptcy Code.

7

H.    **Assumption and Assignment of Designated Lease**.    The assumption and assignment of the Designated Lease is integral to the Asset Purchase Agreement, is in the best interests of the Debtors and their estates, and represents the valid and reasonable exercise of the Debtors' sound business judgment.

I.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.    The assumption and assignment of the Designated Lease must be approved and consummated promptly in order to preserve the value of the Acquired Assets particularly given the August 31, 2019 deadline pursuant to the Third Extension Stipulation.  The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Designated Lease in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order. Accordingly, there is cause to waive the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Order; underline{provided}, however, that any appeal of this Order timely filed within 14 days after the entry of this Order shall not be rendered moot by such waiver.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    **Motion is Granted and Objections Overruled**.  The Sale Motion and the relief requested therein to the extent not previously granted by this Court pursuant to the Bidding Procedures Order and/or the Assumption and Assignment Order is GRANTED and APPROVED to the extent set forth herein and all Objections to the Sale Motion are hereby OVERRULED.

2.    **Motion to Strike and Amended Motion to Strike**.  The Motion to Strike is hereby GRANTED in part, and DENIED in part.  Specifically, the Motion to Strike is GRANTED with respect to the Buyer's request to retroactively extend the Buyer's time to respond to the

8

counterparty's Requests for Admission related to the Designated Lease pursuant to Fed. R. Bankr.

P. 7036. The remainder of the Amended Motion to Strike is hereby OVERRULED.

3.    **Findings of Fact and Conclusions of Law**. The Court's findings of fact and

conclusions of law in the Sale Order and Assumption and Assignment Order, and as stated in its

bench rulings the record of the hearing with respect to the Sale Order and the Assumption and

Assignment Hearing are incorporated herein by reference, solely with respect to the Designated

Lease. The Designated Lease constitutes an Acquired Asset. Accordingly, all findings of fact and

conclusions of law in the Sale Order and the Assumption and Assignment Order with respect to

the Acquired Assets, including any explicitly governing the Initial Assigned Agreements, shall

apply to the Designated Lease with full force and effect, and as the Buyer or Assignee of such

Designated Lease, Buyer and any Assignee are entitled to all of the protections set forth in the Sale

Order and Assumption and Assignment Order with respect to Acquired Assets.

4.    **Notice**. Notice of the proposed assumption and assignment of the Designated

Lease was adequate, appropriate, fair, and equitable under the circumstances, and complied in all

respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006,

and the Amended Case Management Order.

5.    **Assumption and Assignment**. Pursuant to sections 105, 363, and 365 of the

Bankruptcy Code, the Debtors, as well as their officers, employees, and agents, are authorized to

take any and all actions as may be: (i) reasonably necessary or desirable to implement the

assumption and assignment of the Designated Lease pursuant to and in accordance with the terms

and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this

Order; or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring,

granting, conveying, and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Designated Lease.

6.    **Transfer of the Designated Lease Free and Clear**. Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Designated Lease in accordance with the terms of the Asset Purchase Agreement and the Sale Order. The Designated Lease shall be transferred to the Buyer or the Buyer's Assignee, if applicable, in accordance with the terms of the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, and this Order and such transfer shall: (i) be valid, legal, binding, and effective; (ii) vest the Buyer or the Buyer's Assignee, if applicable, with all right, title, and interest of the Debtors in the Designated Lease; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.    This Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged, and terminated as to the Designated Lease, and that the conveyances and transfers described herein have been effected, and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that the Buyer or the Buyer's Assignee, as applicable, is the assignee and owner of such Designated Lease free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording

EAST\169036308.1

Officers"). All Recording Officers are authorized and specifically directed to strike recorded

Claims against the Designated Lease recorded prior to the date of this Order. A certified copy of

this Order may be filed with the appropriate Recording Officers to evidence cancellation of any

recorded Claims against the Designated Lease recorded prior to the date of this Order. All

Recording Officers are hereby directed to accept for filing any and all of the documents and

instruments necessary and appropriate to consummate the transactions contemplated by the Asset

Purchase Agreement; *provided* however that nothing in this paragraph 8 or paragraph 10 shall

authorize any Recording Officers to take any action with respect to Restrictive Covenants (as

defined in the Assumption and Assignment Order).

8.    No holder of any Claim against the Debtors or their estates shall interfere with the

Buyer or Buyer's Assignee's, if applicable, title to or use and enjoyment of the Designated Lease

or the premises governed by such Designated Lease based on or related to any such Claim or based

on any actions the Debtors have taken or may take in these chapter 11 cases.

9.    If any Person that has filed financing statements, mortgages, mechanic's liens, *lis*

*pendens*, or other documents or agreements evidencing Claims against the Debtors or the

Designated Lease shall not have delivered to the Debtors as of the time of entry of this Order, in

proper form for filing and executed by the appropriate parties, termination statements, instruments

of satisfaction, or, as appropriate, releases of all Claims the Person has with respect to the Debtors

or such Designated Lease or otherwise, then with regard to such Designated Lease: (i) the Debtors

are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such

statements, instruments, releases, and other documents on behalf of the person with respect to such

Designated Lease, (ii) the Buyer is hereby authorized to file, register or otherwise record a certified

copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive

evidence of the release of all Claims against such Designated Lease, and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to such Designated Lease; *provided* that, notwithstanding anything in this Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county, or local government agency, department, or office.

10.    Subject to the terms of this Order, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer by the Debtors of the Designated Lease acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title, and interest in all of the Debtors' right, title, and interest in and to such Designated Lease to the Buyer or Buyer's Assignee, if applicable.

11.    **Assumption and Assignment of Designated Lease**. The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Designated Lease to the Buyer or the Buyer's Assignee, if applicable, free and clear of all Claims to the extent set forth in the Sale Order, the Assumption and Assignment Order, and this Order, to execute and deliver to the Buyer or the Buyer's Assignee, if applicable, such documents or other instruments as may be necessary to assign and transfer such Designated Lease to the Buyer or the Buyer's Assignee, if applicable, as provided in the Asset Purchase Agreement,

12

and to transfer all of the Debtors' rights, title, and interests in such Designated Lease to the Buyer or the Buyer's Assignee, if applicable. With respect to the Designated Lease, Cure Costs in the amount of $120,833.72 shall be paid by the Buyer within five days after entry of this Order. Any additional timely asserted and properly established accruing Cure Costs, if any, shall be paid promptly after (a) they are agreed by the Buyer or (b) determined by the Court, and the Buyer's right to object to any such asserted Cure Costs is fully reserved and preserved. Payment of Cure Costs as provided herein shall (i) be in full satisfaction and cure of any and all defaults under these Designated Lease, whether monetary or non-monetary; (ii) compensate the counterparty to the Designated Lease for any actual pecuniary loss resulting from such defaults; and (iii) be made solely by the Buyer, and the Debtors shall have no liability therefor.

12.    With respect to the Designated Lease, the Buyer, in accordance with the provisions of the Asset Purchase Agreement and as set forth on the record at the Assumption and Assignment Hearing, has provided adequate assurance of future performance under the Designated Lease in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived by the counterparty to such Designated Lease. Within five days of the entry of this Order and as a condition for the assumption and assignment of the Designated Lease, the Buyer's Assignee will put into an escrow account the full amount of the Designated Lease charges for one year, $1.1 million. The escrow will remain available during the term of the Designated Lease in the event that the Buyer's Assignee fails to pay a scheduled payment owing under the Designated Lease. In the event that the Designated Lease is subsequently assigned, the escrow for the respective Designated Lease will be released on a pro rata basis according to amount of space assigned to a subsequent assignee. In addition, within five days after the entry of this Order and as condition for the assumption and assignment of the Designated Lease,

13

the Buyer shall execute and deliver guaranty agreements substantially in the form annexed to the Assumption and Assignment Order as Exhibit B thereto.   Upon entry of this Order with respect to the Designated Lease, the Buyer or Buyer's Assignee, if applicable, shall be fully and irrevocably vested with all rights, title, and interest of the Debtors under such Designated Lease and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Designated Lease occurring after such assumption and assignment.  As between the Debtors and the Buyer, the Buyer shall be solely responsible for any liability arising and owed pursuant to the terms of the Designated Lease after the Closing.  The Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from and after the entry of this Order, with respect to the Designated Lease, in accordance with this Order, it shall comply with the terms of the Designated Lease in its entirety, including any indemnification obligations expressly contained in such Designated Lease (including with respect to events that occurred prior to the entry of this Order, for which cure costs were not known, liquidated or due and owing as such date), as to which the Buyer continues to reserve its rights against the Debtors for indemnification to the extent provided in the Asset Purchase Agreement and the Debtors reserve their respective rights and defenses with respect to any claims therefor.  The assumption by the Debtors and assignment to the Buyer or Buyer's Assignee, if applicable, of the Designated Lease shall not be a default under such Designated Lease.   Subject to the payment of the undisputed Cure Costs and resolution of any disputed Cure Costs as provided in paragraph 11, the counterparty party to the Designated Lease is forever barred, estopped, and permanently enjoined from asserting against the Debtors, the Buyer, their affiliates, successors, or assigns of the property of any of them, any default existing as of the date of entry of this Order or that any additional cure amounts are owed as a condition to assumption and assignment.

14

13.    All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer or its designated Assignee with respect to the Designated Lease. Pursuant to the Sale Order, the Buyer has delivered to the Designated Lease counterparty (and delivered by e-mail or facsimile to counsel for the Designated Lease counterparty) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the Designated Lease that is proposed to be assumed and assigned to such Assignee. As further described on the record at the Assumption and Assignment Hearing, and based upon the requirements described in paragraph 12 of this Order, the Buyer and its designated Assignee have satisfied their adequate assurance of future performance requirements with respect to the Designated Lease and in connection therewith have presented sufficient evidence regarding their business plan, the experience and expertise of their management, and demonstrated they are sufficiently capitalized to comply with the necessary obligations under such Designated Lease.

14.    The assumption of any liabilities under the Designated Lease shall constitute a legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee and, following payment of all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Order, shall divest the Debtors of all liability with respect to such Designated Lease for any breach of such Designated Lease occurring after the Closing in accordance with Section 2.9 of the Asset Purchase Agreement.

15.    Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, within five business days after entry of this Order, pay to the applicable Designated Lease counterparty all undisputed Cure Costs and other such undisputed amounts required with respect to such Designated Lease. Upon assumption and assignment of the Designated Lease, the Debtors and their estates shall be relieved of any liability for breach of such Designated Lease after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under the Designated Lease attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year; provided that, the Buyer reserves all rights against the Debtors for indemnification for such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses with respect to any claims therefor. For the avoidance of doubt, the Buyer will perform under and in accordance with the terms of the Designated Lease from and after entry of this Order.

16.    Solely in connection with the Designated Lease and the proposed transfer pursuant to this Order, any provision in the Designated Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and the Designated Lease shall remain in full force and effect notwithstanding assignment thereof. Solely in connection with the Designated Lease and the proposed transfer, no sections or provisions of the Designated Lease, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Designated Lease (including, but not limited to, the conditioning of such assignment on the consent of any counterparty party to such Designated Lease); (ii) provide

16

for the cancellation, or modification of the terms of the Designated Lease based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor counterparty to such Designated Lease upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Order, and the Asset Purchase Agreement and assignments of Designated Leases by the Debtors in accordance therewith and herewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code except that the Rights of the Landlord under Article 6.3 of the Lease shall remain fully enforceable against Buyer and any assignee. Upon assumption and assignment of the Designated Lease pursuant hereto, the Buyer or Buyer's applicable Assignee shall enjoy all of the rights and benefits, under the Designated Lease as of the date of the entry of this Order and shall assume all obligations as of the Closing, together with liability for any Cure Costs.

17.    Solely in connection with the Designated Lease and notwithstanding anything to the contrary in paragraph 13 or 16 hereof, upon the entry of this Order, the Buyer will operate in compliance with the Designated Lease, including, but not limited to the "Uses" section of the Designated Lease, and the Amended and Restated Reciprocal Easement and Operating Agreement, Mall of America, Bloomington, Minnesota dated May 30, 1991 between Sears, Roebuck and Co.,

EAST\169036308.1

Mall of America Company, Nordstrom, Inc., and Macy's California, Inc. Notwithstanding the foregoing, the Buyer must initially sublet a portion of the premises for the Designated Lease within two years, on the condition that the counterparty to the Designated Lease does not improperly interfere with the Buyer's attempt to sublet the premises for the Designated Lease.

18.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or in the Asset Purchase Agreement, the Designated Lease shall be transferred to, and remain in full force and effect for the benefit of, the Buyer or, if applicable, the Assignee in accordance with its terms, including all obligations of the Buyer or, if applicable, the Assignee, as the assignee of the Designated Lease, notwithstanding any provision in such Designated Lease (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. There shall be no, and the counterparty to the Designated Lease is forever barred and permanently enjoined from raising or asserting against the Debtors, the Buyer, or, if applicable, the Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases, or any other fees charged to the Buyer, if applicable, the Assignee, or the Debtors, as a result of the assumption or assignment of the Designated Lease pursuant to this Order.

19.    Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Designated Lease to the Buyer or Buyer's Assignee, if applicable, under the provisions of this Order and full payment of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under the Designated Lease, and no counterparty to the Designated Lease shall be permitted to declare a default by any Debtor, the Buyer or, if applicable, the Assignee, or otherwise take action against the Buyer or, if applicable, the Assignee as a result of any Debtor's financial condition, bankruptcy, or failure to perform any

EAST\169036308.1

of the Debtors' obligations under the Designated Lease. Any provision in the Designated Lease that prohibits or conditions the assignment of such Designated Lease or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Order. The failure of the Debtors, the Buyer or, if applicable, the Assignee, to enforce at any time one or more terms or conditions of any Designated Lease shall not be a waiver of such terms or conditions, or of the Debtors', the Buyer's, or, if applicable, the Assignee's, rights to enforce every term and condition of the Designated Lease.

20.    **Waiver of Bankruptcy Rules 6004(h), 6006(d), and 7062**. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14 day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply. Time is of the essence in assuming and assigning the Designated Lease in connection with the Court approved Sale Transaction. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot; provided, however, that any appeal filed within 14 days after the entry of this Order shall not be rendered moot by the waiver contained in this paragraph. This Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

21.    **Conflicts; Precedence**. In the event that there is a direct conflict between the terms of this Order, the Assumption and Assignment Order, the Sale Order, or any documents executed in connection therewith, the provisions contained in this Order, the Assumption and Assignment

19

Order, the Sale Order, and any documents executed in connection therewith shall govern, in that order. Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Assumption and Assignment Order, the Sale Order or the terms of this Order.

22.    **Lease Deposits and Security**. The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to the Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors.

23.    **Automatic Stay**. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Order.

24.    **Retention of Jurisdiction**. This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Order, or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

25.    **Insurance Obligations**. To the extent required by the express terms of any Designated Lease, within thirty days hereof, the Buyer shall provide the counterparty to such Designated Lease with any evidence or certificates of insurance that may be required. Nothing in

this Order shall waive, withdraw, limit or impair any claims that the Designated Lease counterparty

may have against the Debtors, the Buyer or the Buyers' Assignee with respect to claims for

indemnification for third parties' claims arising from or related to the use and occupancy of the

Designated Lease prior to the Closing solely to the extent of available occurrence-based insurance

coverage that named the Designated Lease counterparty as an additional insured; provided, for the

avoidance of doubt, that the Designated Lease counterparty may pursue such claims only against

the insurer(s) that named the Designated Lease counterparty as an additional insured and solely to

the extent of such coverage.

Dated:    September 5, 2019
          White Plains, New York

                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

EAST\169036308.1