BRYAN CAVE LEIGHTON PAISNER LLP
Stephanie Wickouski
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 541-2020

Mark I. Duedall
1201 Peachtree St. NE
Atlanta, GA 30309
Phone: (404) 572-6600
*Attorneys for Shaw Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |

**SHAW INDUSTRIES, INC.'S OPPOSITION REGARDING DEBTORS' FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS) [DOCKET 4775]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

Shaw Industries, Inc. ("Shaw"), for its Opposition (the "Response") Regarding *Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* (the "Objection") [Docket 4775], respectfully states as follows:

## PRELIMINARY STATEMENT

1. In the Objection, Debtors allege that Shaw's claims should be disallowed and expunged because they were fully satisfied by the assumption and assignment of the Supply Agreement For Flooring Products between Sears Holdings Management Corporation and Shaw Industries, Inc., and other associated contracts (the "Contracts") to Transform Holdco, LLC ("Holdco"). Objection at p. 13.

2. Debtors' Objection, however, is unripe and currently unfounded because Shaw has not come to an agreement with Holdco regarding the assumption and assignment of the Contracts. Negotiations regarding the assumption of the Contracts have ceased and there are currently no prospects for the assumption and assignment of the Contracts.

3. Debtors have offered no additional basis, other than alleging that Shaw's claim is satisfied, for the Objection and disallowing Shaw's claims.

4. The Contracts have not been assumed and assigned and consequently, Debtors' Objection is currently unfounded by the facts and is premature. Therefore, the Objection should be overruled.

## FACTUAL BACKGROUND

5. Shaw timely filed its Proof of Claims No. 16845, 18658, 16660, and 16585 on April 9, 2019. Shaw timely filed its claim 6600 on October 26, 2018 for a total claim amount of $1,168,146.95, with $458,090.62 entitled to priority pursuant to Section 503(b)(9).

6. On or about January 23, 2019, Debtors filed a *Supplemental Notice of Cure Costs And Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction* (the "First Supplemental Cure Notice") [Dkt. 1774]. In the First Supplemental Cure Notice, Debtors listed the Contracts [Dkt. 1774 at p. 26]. No cure cost was included in the First Supplemental Cure Notice.

7. Since the filing of the First Supplemental Cure Notice, Shaw and Holdco have negotiated the terms of their relationship moving forward so that the Contracts may be assumed and assigned to Holdco.

8. To date, the Contracts are not assumed and assigned to Holdco. Shaw has received no payment for the amounts owed under its proofs of claim and remains unsatisfied as to the amounts owed.

9. Shaw opposes the Objection because the Contracts have not been assumed and assigned and negotiations with Holdco have ceased. Consequently, Debtors' Motion as to Shaw's claims should be denied.

## LEGAL ARGUMENT

10. "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. 502(a).

11. Given that a duly executed proof of claim satisfies a claimant's *prima facia* case, the burden is on the objecting party to present evidence establishing the basis of an objection. § 48:28 Burden of Proof, 3 Norton Bankr. L. & Prac. 3d § 48:28; *In re NVF Co.*, 394 B.R. 33, 36 (Bankr. D. Del. 2008).

12. A party objecting to a proof of claim must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Hampton Ventures*, LLC, 599 B.R. 474, 488 (Bankr. D. Conn. 2019) (*citing In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008)).

13. If an objecting party succeeds in presenting evidence sufficient to (if true) refute an allegation essential to a claim's legal sufficiency, than the burden reverts to the claimant to prove the validity of its claim. *Id.*

14. Here, the Objection to Shaw's claims fails because it is premised on a mistake of fact. The Contracts have not been assumed and assigned and Shaw has not received satisfaction of its claims. Negotiations with Holdco regarding the assumption and assignment of the Contracts have ceased and there are currently no prospects for the assumption and assignment of the Contracts.

15. Further, Debtors' Objection is premature because Debtors have not complied with the Court's *Order (I) Establishing Deadline to File Proofs of Claim and Procedure Relating Thereto, (II) Approving the Form and Manner of Notice hereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), And (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (the "Claims Procedures Order") filed February 22, 2019 [Dkt.2676].

16. Pursuant to the Claims Procedures Order, Debtors are authorized to negotiate with a vendor asserting a claim under 11 U.S.C. 503(b)(9). If Debtors and vendor cannot reach an agreement regarding the claim, then the Debtors must schedule the matter for a hearing no later than sixty days after a request by the vendor. Claims Procedures Order ¶18(a)-(b).

17. To date, Shaw and Debtors have not negotiated the terms under which its claims may be resolved. Debtors have not followed the process laid out in the Claims Procedure Order and therefore, their Objection is premature.

## **CONCLUSION**

18. Debtors' Objection should be dismissed because to date, Shaw and Holdco have not come to an agreement regarding the assumption of the Contracts. Negotiations between Shaw and Holdco regarding the assumption of the Contracts have ceased and there are currently no prospects for the assumption of the Contracts. Consequently, Shaw's claims are not satisfied and remain outstanding. Otherwise, Debtors have failed to provide any substantive objection to Shaw's claims and have failed to pursue resolution of Shaw's claims through the Claims Procedures Order. Debtors' Objection, therefore, must be denied.

WHEREFORE, Shaw requests that the Bankruptcy Court (1) overrule the Objection; (2) direct the Debtors to negotiate resolution of Shaw's claims in accordance with the Claims Procedures Order; and (3) grant it such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Stephanie Wickouski*

BRYAN CAVE LEIGHTON PAISNER LLP

Stephanie Wickouski          NY #3069390
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 541-2020
stephanie.wickouski@bclplaw.com

600865070.2

          Mark I. Duedall       GA # 231770
          1201 Peachtree St. NE
          Atlanta, GA 30309
          Phone: (404) 572-6600
          mark.duedall@bclplaw.com

*Attorney for Shaw Industries, Inc.*

600865070.2

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this day caused the foregoing document to be electronically filed using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link to this filing to all parties entitled to receive electronic notice in this case under the Court's CM/ECF system.

Dated: New York, New York        *Stephanie Wickouski*
September 16, 2019       Stephanie Wickouski, Esq.