Hearing Date and Time: October 23, 2019 at 10:00 am

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress*
*Garment Factory Company, Ltd., Samil Solutions, Shanghai*
*Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited*
*Mansheen Industries, Ltd., and AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDING CORPORATION,** *et al.*[1], | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF MIEN CO. LTD., HELEN ANDREWS,
STRONG PROGRESS GARMENT FACTORY COMPANY, LTD,
SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK
INDUSTRIAL, MINGLE FASHION, MANSHEEN INDUSTRIES, LTD., AND
AMW VIETNAM CO. LTD. TO INTERIM APPLICATIONS FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. (the "Objecting Parties"), by and through their undersigned counsel, The Sarachek Law Firm, hereby file this limited objection (the "Objection") to the Interim Applications for Allowance of Compensation and Reimbursement of Expenses filed by the parties listed on Exhibit A attached hereto (the "Professionals"). In support of the Objection, the Objecting Parties state as follows:

### STATEMENT

1. Various professionals have been retained by Sears Holding Co., *et al*. (the "Debtors") and the Unsecured Creditors Committee (the "Committee") in furtherance of the orderly resolution of the above bankruptcy. As required, the Professionals have been filing interim fee applications and interim fee statements with the Court in order to receive payment for services rendered to the Debtors and the Committee.

2. Between August 13 and August 20, 2019, fourteen applications for interim professional compensation[2] have been filed (the "Recent Interim Fee Applications").[3] While the Objecting Parties may not object to a final determination as to the validity of the amounts owed, they do object to the Fee Applications insofar as the Professionals seek immediate payment of their own administrative claims.

3. Since the beginning of this case, it appears the Professionals have billed $161,383,731.19 in fees and $6,395,295.66 of expenses. Of that amount, $130,076,561.59 plus expenses of $3,809,041.33 have already been approved on an interim basis by the Court to be

---

[2] Since those dates an additional fee application has been submitted by Polsinelli PC for payment in excess of the Tier 3 Ordinary Course Professional Monthly Cap. An objection to those fees will be submitted.

[3] Please see the spreadsheet attached as Exhibit A that lists the various fee applications, amounts requested and allowed, and the docket number of each application.

2

paid per its Order of June 28, 2019 [Dkt. 4409]. See *Footnote 3*. The Recent Interim Fee Applications are for $31,307,169.60 in professional fees and $2,586,254.33 of expenses. Additionally, the Court's orders dated November 30, 2018 [the Dkt. No. 952] and December 28, 2018 [Dkt. No. 1436] are unclear as to the amount of the cap on the carve-out for these professional fees. Unlike other cases where carve-outs are from a secured creditor's collateral, the funds in this carve-out are directly impacting the recovery of all claimants, including all similarly situated 503(b) administrative claimants, as well general unsecured creditors. The Objecting Parties request that no further professional fees should be paid at this time, especially since there has been no showing that the estate is administratively solvent. In fact, to the contrary, what we do know at this point is it appears that the estate may in fact be administratively insolvent.

4. Section 726(b) of title 11 of the United States Code (the "Code") requires pro rata distribution of assets among creditors that are in the same statutory class. It provides as follows:

> Payment of claims of a kind specified in paragraph … (2) … of section 507(a) of this title … shall be made pro rata among claims of the kind specified in each particular paragraph. 11 U.S.C. § 726(b).

5. Section 507(a)(2) of the Code, which is referenced in section 726(b), specifically refers to allowed administrative expenses under 503(b) of the Code. Section 503(b)(2) categorizes compensation and reimbursement awarded under section 330 of the Code as administrative expenses under Section 503.

6. Based on the clear language of the Code, all administrative expense claims under section 503(b) of the Code are of the same priority and shall be paid pro rata.

7. If the Debtors fail to establish administrative solvency, and this case is ultimately converted to one under Chapter 7, then professionals' fees approved on a final basis subsequent

3

to the conversion may have priority over the Chapter 11 503(b) claims. As a result, regardless of the language of the Carve-out, until the Debtors establish administrative solvency and reconcile administrative claims, there should be no additional payments made by the estate to estate professionals.

## **CONCLUSION**

8. For the above reasons, the Objecting Creditors request that the Court deny the Interim Applications for Allowance of Compensation and Reimbursement of Expenses to the extent payment is sought at this time.

Date: New York, NY
September 16, 2019

Respectfully submitted,

THE SARACHEK LAW FIRM

/s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue – 27th Floor New York, NY.
10178 Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@saracheklawfirm.com