**Hearing Date and Time: October 23, 2019 at 10:00 am**
**Objection Deadline: October 16, 2019 at 4:00 pm**

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**NOTICE AND MOTION OF MIEN CO. LTD., HELEN ANDREWS, STRONG PROGRESS GARMENT FACTORY COMPANY, LTD, SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK INDUSTRIAL, MINGLE FASHION, MANSHEEN INDUSTRIES, LTD. AND AMW VIETNAM CO. LTD. FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 1112(b) EITHER DISMISSING THE CASE OR CONVERTING THE CASE TO A CHAPTER 7 LIQUIDATION**

TO:   THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**PLEASE TAKE NOTICE** that a hearing on the attached motion (the "Motion") of Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. for entry of an order pursuant to sections 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") directing that these Chapter 11 cases be dismissed or converted to cases under Chapter 7 of the Bankruptcy Code will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court") on **October 23, 2019 at 10:00 a.m.** (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be in writing and shall be (i) filed with the clerk of the Bankruptcy Court on the Court's ECF system, (ii) served upon The Sarachek Law Firm, 101 Park Avenue, 27th Floor, New York, NY 10178, Attn: Joseph E. Sarachek, Esq. and (iii) delivered to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, so that same are received no later than **October 16, 2019 at 4:00 p.m**. (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. may, on or after the Objection Deadline, submit to the Bankruptcy Court an order which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Date:  New York, NY
September 17, 2019

Respectfully submitted,

THE SARACHEK LAW FIRM

/s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue, 27th Floor
New York, NY 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@saracheklawfirm.com

Hearing Date and Time: October 23, 2019 at 10:00 am
Objection Deadline: October 16, 2019 at 4:00 pm

THE SARACHEK LAW FIRM
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDING CORPORATION, *et al.*[1],**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 18-23538 (RDD)**<br><br>**(Jointly Administered)** |

**MOTION OF MIEN CO. LTD., HELEN ANDREWS, STRONG PROGRESS GARMENT FACTORY COMPANY, LTD, SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK INDUSTRIAL, MINGLE FASHION, MANSHEEN INDUSTRIES, LTD. AND AMW VIETNAM CO. LTD. FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1112(b) EITHER DISMISSING THE CASE OR CONVERTING THE CASE TO A CHAPTER 7 LIQUIDATION**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. (the "Moving Administrative Creditors"), by and through their undersigned counsel, The Sarachek Law Firm, hereby file this motion (the "Motion") for entry of an order pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") directing that these Chapter 11 cases be converted to cases under Chapter 7 of the Bankruptcy Code or dismissed. In support of the Motion, the Moving Administrative Creditors respectfully state as follows:

## PRELIMINARY STATEMENT

1. There is cause to convert these cases from cases under Chapter 11 to cases under Chapter 7 because the Debtors have sold substantially all of their assets, money that remains in the estate is being depleted, and there are no proceeds available to fund an approximately $180 million shortfall in administrative claims.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is sections 1112(b) of the Bankruptcy Code.

## ARGUMENT

5. Section 1112(b) of the Bankruptcy Code provides as follows:

> "…on request of a party in interest, and after notice and a hearing, the court <u>shall</u> convert a case under this chapter to a case under

2

chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, upon cause…" 11 U.S.C. § 1112(b)(1) (emphasis added).

6. Among the grounds that constitute cause are a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" 11 U.S.C. § 1112(b)(4)(A). Additionally, the examples of cause listed in 1112(b)(4) are not exclusive and courts are free to consider other factors. *In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (S.D.N.Y. 2010).

7. Both prongs of section 1112(b)(4)(A) of the Bankruptcy Code are met in these cases. First, there is a continuing loss or diminution of the estate. The most recent operating report for the period May 5, 2019 to June 1, 2019 shows the Debtors have total assets of approximately $308 million and Net Income of negative $19 million dollars.

8. Moreover, the Debtors' estate continues to incur substantial professional fees with no chance of additional money coming in other than through the sale of a few de minimis assets and success in the Transform and other potential litigations.

9. Second, there is no chance that the Debtors will be rehabilitated. These cases are in liquidation mode. The only issue is how the liquidation will proceed.

10. Courts also have held that there is cause under 1112(b) Bankruptcy Code to dismiss or convert a chapter 11 case based on the inability to effectuate a chapter 11 plan. *In re Babayoff,* 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011); *In re DCNC North Carolina I, LLC,* 407 B.R. 651, 665 (Bankr. E.D. Pa. 2009) ("Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides cause for dismissal or conversion of a chapter 11 case on request of an interested party.

Therefore, … the inability to effectuate a plan, by itself, provides cause for dismissal or conversion of a chapter 11 case").

11. The Debtors' Memorandum of Law In Support of Confirmation of Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation, dated September 13, 2019 (the "Confirmation Memorandum" or "CM") (Docket #5144) confirms that the estate is unable to pay administrative claims in full (see page 22). The Confidential Memorandum states that as of September 18, 2019, the estate will only have $50.1 million of cash on hand and between $140-$205 million of administrative claims that need to be paid in full.

12. To the extent that this Court requires further evidence of administrative insolvency, the Confirmation Memorandum on page 195 references as Exhibit B the Debtors Administrative Expense Claims Settlement Term Sheet which attempts to offer administrative claimants a 50% discount on their claims for cash at an undermined date in the future. This proposal has been soundly rejected by administrative creditors.

13. Furthermore, if the Debtors are confident that the estate is administratively solvent, then why are they offering only 50% to settle with administrative claimants? Clearly, the estate is not presently able to meet these obligations.

14. The Debtors claim that they will be able to meet the needs of administrative claimants through the pursuit of various litigations. A plan is not feasible, however, when success is based on the success of future litigation. ("A plan will not be feasible if its success hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely." *In re Am. Capital Equip., LLC*, 688 F.3d 145, 156 (3d Cir. 2012).

15. As a result of the administrative claims shortfall and the Debtors reliance on speculative litigation reults, the Debtors cannot satisfy the requirements of section 1129 of the Bankruptcy Code and will be unable to confirm a plan.

## **CONCLUSION**

For the above reasons, the Moving Administrative Creditors respectfully request that the Court enter an order either converting these cases to cases under Chapter 7 of the Bankruptcy Code or dismissing these Chapter 11 cases.

Date:   New York, NY
        September 17, 2019

Respectfully submitted,

THE SARACHEK LAW FIRM

 /s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY  10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@sarascheklawfirm.com

5