# **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS
HOLDINGS CORPORATION, ET AL. TO RETAIN AND EMPLOY
THE LAW OFFICES OF MICHAEL M. MULDER AS CO-COUNSEL,
*NUNC PRO TUNC* TO JULY 9, 2019**

Upon the application (the "Application")[1] of Official Committee of Retirees With Life Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules"), authorizing the Retirees Committee to retain and employ The Law Offices of Michael M. Mulder ("MMM") as its co-counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), and upon the declaration of Michael M. Mulder, principal in the law firm MMM (the "Mulder Declaration") and the supplemental declarations of Ronald Olbrysh and Michael M. Mulder (the "Supplemental Declarations", and together with the Mulder Declaration, the "Declarations"); and it appearing that the attorneys of MMM who will

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

1

perform services on behalf of the Retirees Committee in the Chapter 11 Cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Declarations, that MMM does not represent any interest adverse to the Retirees Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required by Bankruptcy Code section 328, that its employment is necessary and in the best interests of the Retirees Committee and the Debtors' estates; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.  The relief requested in the Application is granted as set forth herein.

2.  In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-l, the Retirees Committee is hereby authorized and empowered to retain and employ MMM as its co-counsel to represent it in these Chapter 11 Cases and related matters and proceedings on the terms set forth in the Application and the Declarations, effective *nunc pro tunc* to July 9, 2019.

3.  MMM shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local

Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation an Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)) and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

      4. MMM shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Retirees Committee prior to any increases in the rates set forth in the Application. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Retirees Committee has consented to the rate increase.

      5. To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

      6. The Retirees Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

      7. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

      8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
       _____ \_\_\_, 2019

      _____
      THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

3