THE SARACHEK LAW FIRM
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF MIEN CO. LTD., HELEN ANDREWS, STRONG PROGRESS GARMENT FACTORY COMPANY, LTD, SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK INDUSTRIAL, MINGLE FASHION, MANSHEEN INDUSTRIES, LTD. AND AMW VIETNAM CO. LTD. FOR AN ORDER SHORTENING NOTICE PERIOD FOR HEARING ON MOTION TO ASSIGN MATTER TO MEDIATION**

TO:   THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. (the "Moving Administrative Creditors"), by and through their undersigned counsel, The Sarachek Law Firm, hereby file this Motion to Shorten Notice (the "Motion to Shorten") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and Rule 9006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court of the Southern District of New York (the "Local Rules") for an order shortening the notice period with respect to the *Motion of Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. to Assign Matter to Mediation* (the "Mediation Motion") filed contemporaneously herewith. In support of the Motion to Shorten, the Moving Administrative Creditors respectfully state as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of these cases and this Motion to Shorten in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion to Shorten is made under Rule 9006 of the Federal Rules and Rule 9006-1 of the Local Rules.

## Relevant Background

3. The relevant factual background is set forth in the Mediation Motion which is incorporated herein by reference.

2

**Relief Requested**

4.     The Moving Administrative Creditors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, shortening the 14-day notice period under Local Rule 9006-1 with respect to the Mediation Motion; setting a hearing on the Mediation Motion; and setting the deadline to submit any objections or other responses to the Mediation Motion to one (1) calendar day before the hearing date.

**Basis for Relief Requested**

5.     Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time …, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

6.     The Moving Administrative Creditors request the Mediation Motion be heard at the September 27, 2019 hearing which is 9 days from today.  As set forth in greater detail in the Mediation Motion, the Moving Administrative Creditors seek to have a mediator appointed to resolve disputes related to confirmation of the Debtors chapter 11 plan (the "Plan").

7.     The Moving Administrative Creditors respectfully submit that cause exists to hear the Mediation Motion on shortened notice.  As more fully explained in the Mediation Motion, confirmation of the Plan cannot occur under the current conditions. It is pure speculation to calculate the amount of additional money coming into the estate as a result of various litigations. Without certainty, the Debtors will be unable to prove they can pay administrative creditors in full, and therefore, will be unable to confirm the Plan.  By hearing this matter on September 27th, prior to the confirmation hearing, this Court can put in place a procedure that hopefully will result in a confirmed chapter 11 plan.  One week provides enough time to consider and respond

to the Mediation Motion as counsel have already filed their briefs relating to the confirmation hearing.

8. The Moving Administrative Creditors respectfully request that the Debtors' response, as well as the response of other interested parties, be set for September 26, 2019 at 4:00 p.m.

### Notice

9. The Moving Administrative Creditors propose to serve this Motion to Shorten via electronic mail to (a) the Office of the United States Trustee (b) counsel to the Debtors (c) counsel to the Official Committee of Unsecured Creditors (d) counsel to Transform Holdco; electronically via CM/ECF on all parties registered to receive notices in this case; and via electronic mail upon all parties listed on the Master Service List located on the Sears case info page at Prime Clerk.

WHEREFORE, the Moving Administrative Creditors respectfully request that the Court enter an order substantially in the form attached hereto setting a hearing on the Mediation Motion for September 27, 2019 at 10:00 am, requiring any objections and other responses to the Mediation Motion to be filed by 4:00 pm on September 26, 2019, and granting such other or further relief as the Court may deem just.

Date: New York, NY
September 18, 2019

Respectfully submitted,

THE SARACHEK LAW FIRM
/s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY  10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@sarscheklawfirm.com

# EXHIBIT A

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDING CORPORATION,** *et al.*[1]**,**<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

## ORDER GRANTING MOTION TO SHORTEN TIME

Upon the motion ("Motion to Shorten") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York for an order shortening the notice period with respect to the *Motion of Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion, Mansheen Industries,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

*Ltd. and AMW Vietnam Co. Ltd. to Assign Matter to Mediation* (the "Mediation Motion"); and the Court having considered the Motion to Shorten; and the Court finding that the notice proposed by the Motion to Shorten is due, sufficient and adequate under the circumstances; and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion to Shorten is GRANTED to the extent set forth herein.

2. A hearing on the Mediation Motion will be held on September 27, 2019 at 10:00 a.m. (the "Hearing").

3. Any objection or response to the Mediation Motion shall be filed with the Court by September 26, 2019 at 4:00 pm.

4. Service shall be in the manner described in the Motion to Shorten.

5. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: September _____, 2019

                                                                                               _____
                                                                                               THE HONORABLE ROBERT D. DRAIN
                                                                                               UNITED STATES BANKRUPTCY JUDGE