**Hearing Date and Time: October 23, 2019 at 10:00 a.m.**
**Response Deadline (extended by agreement): September 20, 2019 at 4:00 p.m.**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Sean C. Southard
Lauren C. Kiss

-and-

FULTZ MADDOX DICKENS PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Tel: (502) 588-2000
Phillip A. Martin (admitted *pro hac vice*)
Laura M. Brymer (admitted *pro hac vice*)

*Attorneys for Haier US Appliance Solutions, Inc.*
*d/b/a GE Appliances*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                                    :
                                                         :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                    :
                                                         :   Case No. 18-23538 (RDD)
                                                         :
                       Debtors.                          :   (Jointly Administered)
---------------------------------------------------------x

**RESPONSE OF HAIER US APPLIANCE SOLUTIONS, INC.**
**D/B/A GE APPLIANCES TO DEBTORS' FIRST**
**OMNIBUS OBJECTION TO PROOFS OF CLAIM**

Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA"), by and through its

undersigned counsel, hereby files this Response (the "Response") to the *First Omnibus Objection*

*to Proofs of Claim* (ECF No. 4775) (the "Claims Objection") filed by the above-captioned Debtors (collectively, the "Debtors").[1] In support thereof, GEA respectfully states as follows:

## STATEMENT OF OBJECTION

1. The Claims Objection is utterly baseless. GEA objects to disallowance or expungement of its claims, each of which should be allowed in its full amount and paid in accordance with the applicable priority. Prior to filing this Response, GEA provided all of the information set forth below to the Debtors' counsel and requested that they withdraw the Claims Objection. Despite repeated follow-up inquiries from GEA, Debtors have not substantively responded.

2. The Debtors represent that they "carefully examined" GEA's claims as well as the Debtors' books and records and determined that the claims had been fully satisfied (Claims Objection ¶ 12). But this "careful" review apparently did not include a review of their own filings in this matter. If it had, they obviously would have known that none of GEA's claims have been satisfied or released and that the underlying agreements[2] were not assigned and assumed. In fact,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] As discussed below, portions of the claimed amounts do not relate to executory agreements at all.

2

the Debtors *expressly rejected* the underlying agreements pursuant to the Debtors' request and this Court's Orders. Ignoring their prior conduct before this Court, the Debtors now claim that the rejected agreements were assigned and assumed in an apparent effort to avoid GEA's valid claims. Such inconsistent behavior cannot be condoned.

3. Debtors have forced GEA to incur additional fees and costs to prepare this Response, which largely consists of references to pleadings filed by Debtors. Equally concerning, the Debtors have increased the administrative costs here (which have already diluted the recovery to creditors in an unprecedented amount in these cases) by filing the baseless Claims Objection. GEA reserves its rights to seek its attorneys' fees and costs for addressing this Claims Objection.

4. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction* (ECF No. 1731) (the "First Assumption Notice"), which listed a number of purported executory contracts and leases that the Debtors claimed were subject to possible assumption and assignment to Transform Holdco, LLC (the "Purchaser") in connection with the sale to the Purchaser.

5. On January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction* (ECF No. 1774) (the "Second Assumption Notice"), which listed a number of additional purported executory contracts and leases that the Debtors claim were subject to possible assumption and assignment to the Purchaser in connection with the sale to the Purchaser.

6. The First Assumption Notice and the Second Assumption Notice identified several contracts related to GEA:

    (a)    First Assumption Notice No. 3286, Page 144: Master Supply Agreement for Home Appliances with a proposed cure amount of $46,392 (the "Master Supply Agreement").

        (i)    First Assumption Notice No. 3058, Page 135: Amendment #8 to Master Supply Agreement for Home Appliances with a proposed cure amount of $32,397 ("Amendment 8").

        (ii)    First Assumption Notice No. 3287, Page 144: Amendment #9 to Master Supply Agreement for Home Appliances with a proposed cure amount of $0 ("Amendment 9"). The Master Supply Agreement, Amendment 8, and Amendment 9 are all part of the same agreement (collectively the "Amended Master Supply Agreement"), as Amendment 8 and Amendment 9 simply amended the terms of the Master Supply Agreement.

    (b)    First Assumption Notice No. 3285, Page 144: "Corporate Services – GE Factory Services – Sears Home Services – Master Agreement – 2018" with a proposed cure amount of $46,392 (the "Sears Service Agreement").

    (c)    First Assumption Notice Nos. 3072 and 3073, Page 135 and 136: [No Contract Title] with a proposed cure amount of $0 (collectively the "A&E Service Agreement").

    (d)    Second Assumption Notice No. 239, Page 18: "Sixth Amendment to Service Agreement" with a proposed cure amount of $0 (the "A&E Service Amendment") (together with the A&E Service Agreement, the "Amended A&E Service Agreement").[3]

7.    On January 25, 2019, GEA filed its Objection to the First Assumption Notice and the Second Assumption Notice and the assumption of certain contracts related to GEA (ECF No. 1860) (the "Objection").

8.    The Objection set forth a number of reasons that assumption and assignment of the agreements was improper,[4] including but not limited to:

    (a)    Inadequate disclosure of information to identify the agreements purportedly referenced.

---

[3] Although the counterparty for the Amended A&E Service Amendment is listed as General Electric Company, the Amended A&E Service Amendment was assigned to GEA long before the Petition Date.
[4] In lieu of restating the Objection in full, GEA incorporates it herein by reference.

    (b)    Incorrect counterparties. Although the counterparty for the Amended A&E Service Agreement is listed as General Electric Company, the Amended A&E Service Agreement was previously assigned to GEA.

    (c)    Failure to schedule the correct cure amounts.

    (d)    The Amended Master Supply Agreement expired pursuant to its terms on December 31, 2018, *i.e.* before the First Assumption Notice and Second Assumption Notice were filed, and was thus ineligible for assignment and assumption. Moreover, GEA exercised its rights to stop accepting orders and suspended shipments to Debtors on or about October 8, 2018 (prior to the Petition Date). *See Carrico Decl.* attached to the Objection ¶ 6.

    (e)    GEA exercised its right to cease providing services to Debtors under the Sears Service Agreement on or about October 8, 2018 (prior to the Petition Date) and thus there was nothing available to Debtors to assume and assign.

    (f)    Inadequate adequate protection of future performance. *See* 11 U.S.C. § 365(b)(1).

9. On May 8, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3761) (the "Third Assumption Notice") (together with the First Assumption Notice and the Second Assumption Notice, the "Assumption Notices"). The Third Assumption Notice listed a number of additional purported executory contracts and leases that the Debtors claimed were subject to possible assumption and assignment to the Purchaser in connection with the sale. The Third Assumption Notice contains an entry related to a relationship between Debtor A&E Factory Service, LLC and GEA:

    (a)    Third Assumption Notice Nos. 2 and 3, Page 6: [No Contract Title] with a proposed cure amount of $0.

10. On May 16, 2019, GEA filed its *Reservation of Rights of [GEA] in Response to Debtors' Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3902) (the "Reservation"),[5] which maintained the objections set forth in the Objection and reserved all

---

[5] In lieu of restating the Reservation in full, GEA incorporates it herein by reference.

rights in connection with the Amended A&E Service Agreement set forth in the Third Assumption Notice.

11. On July 17, 2019, after discussion between the parties, Debtors filed the *Notice of Corrected Exhibit to Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 4547) (the "Correction"), which clarified the name and parties to the Amended A&E Service Agreement that Debtors sought to assume and assign to purchaser. Because Debtors provide services to GEA under the Amended A&E Service Agreement, there were no amounts owed to GEA thereunder to cure.

12. On July 22, 2019, GEA filed a *Notice of Limited Withdrawal* (ECF No. 4594), which withdrew **only** that portion of the Objection and the Reservation related to the Amended A&E Service Agreement and the Amended A&E Service Agreement was assigned and assumed to the Purchaser. All other objections and reservations of GEA were expressly maintained and preserved. *See id*.

13. On April 17, 2019, the Debtors filed a *Notice of Rejection of Executory Contracts* (ECF No. 3268) (the "First Rejection Notice"), in which they expressly rejected the Sears Service Agreement on page 9 at Contract Ref. 14. The Court confirmed the rejection of the Sears Service Agreement by *Order Approving the Rejection of Certain Executory Contracts* dated May 2, 2019 and filed May 8, 2019 (ECF No. 3755) (the "First Rejection Order").

14. On May 16, 2019, the Debtors filed a *Notice of Rejection of Executory Contracts* (ECF No. 3915) (the "Second Rejection Notice," together with the First Rejection Notice, the "Rejection Notices"), in which they expressly rejected the Amended Master Supply Agreement on page 29 at Contract Ref. 360, 361, and 362. The Court confirmed the rejection of the Sears Service Agreement by *Order Approving the Rejection of Certain Executory Contracts* dated June 18, 2019

and filed June 19, 2019 (ECF No. 4289) (the "Second Rejection Order," together with the First Rejection Order, the "Rejection Orders").

15. As a result of the aforementioned proceedings, *only* the Amended A&E Service Agreement was assigned to and assumed by the Purchaser. All other agreements between GEA and Debtors were expressly rejected via the Rejection Notices and the Rejection Orders.

16. On April 10, 2019, GEA filed four proofs of claim (the "Claims")[6] for amounts due under agreements for goods and services and purchase orders for goods as follows:

    (a) Claim No. 17369 against Sears, Roebuck and Co. in the amount of $3,009,640 (the "Sears Claim"). As specifically referenced in the Sears Claim, it is based upon the Amended Master Supply Agreement (including amendments and terms and conditions) and the Sears Service Agreement. Certain amounts of the Sears Claim relate to non-executory and fulfilled purchase order arrangements. The Sears Claim is not based upon the Amended A&E Service Agreement in any way. None of the claimed amounts have been satisfied or assumed.

    (b) Claim No. 17779 against California Builder Appliances, Inc. in the amount of $128,450 (the "CA Monark Claim"). The CA Monark Claim is based upon non-executory and fulfilled purchase orders fulfilled by GEA and there is no executory contract underlying the CA Monark Claim. None of the notices of assignment and assumption filed by the Debtors reference these purchase orders. The CA Monark Claim is not based upon the Amended A&E Service Agreement. None of the claimed amounts have been satisfied or assumed.

    (c) Claim No. 18087 against StarWest, LLC in the amount of $106,199 (the "AZ Monark Claim"). The AZ Monark Claim is based upon non-executory and fulfilled purchase orders fulfilled by GEA and there is no executory contract underlying the AZ Monark Claim. None of the notices of assignment and assumption filed by the Debtors reference these purchase orders. It is not based upon the Amended A&E Service Agreement. None of the claimed amounts have been satisfied or assumed.

    (d) Claim No. 18433 against Florida Builder Appliances, Inc. in the amount of $38,668 (the "FL Monark Claim"). The FL Monark Claim is based upon non-executory and fulfilled purchase orders fulfilled by GEA and there is no executory contract underlying the FL Monark Claim. None of the notices of assignment and assumption filed by the Debtors reference these purchase orders. It is not based upon the Amended A&E Service Agreement. None of the claimed amounts have been satisfied or assumed.

---

[6] As noted in the Claims, the supporting documentation is voluminous. The agreements themselves run to hundreds of pages and may contain confidential information. The backup for the charges is even more voluminous, and GEA should not be put to the task of producing that information – nor should the Court be burdened with it – when the only issue presented by the Debtors is whether the underlying agreements were assigned and assumed by the Debtors and the Claims satisfied. As set forth herein, GEA has more than met its burden in this regard.

7

17. On August 6, 2019, Debtors filed the Claims Objection seeking disallowance and expungement of the Claims based on the Debtors' identical contentions that "The Claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC." *See* Claims Objection (DN 4775), page 9, Ref. Nos. 62-65.

18. Debtors' assertions are utterly false, and a brief review of their own filings would have shown this:

(a) The Debtors sought and obtained express rejection of the agreements underlying the Sears Claim.

(b) Moreover, Debtors never addressed the arguments previously raised by GEA in the Objection and the Reservation, which under the very procedures put in place by Debtors would have required subsequent notice to GEA and bringing the issues before the Court.

(c) The Amended Master Supply Agreement, which underlies the majority of the Sears Claim, had expired well before the Debtors attempted to assume and assign any agreements in these bankruptcy cases.

(d) The Claims have not been satisfied or paid in any way.

(e) The Claims have not been released.

19. A claim is presumed to be valid, and a timely filed proof of claim serves as *prima facie* evidence of the claim's validity. *See* BANKR. R. 3001(f).

20. There is no basis for disallowance, expungement or any other treatment of GEA's Claims other than allowance in full.

21. GEA reserves its rights in connection with the Claims, including but not limited to all reclamation claims, administrative claims (including those under 11 U.S.C. § 503(b)(9)) or in

connection with any prepetition or post-petition transactions, and all prepetition or post-petition claims of any type. GEA also reserves all rights in connection with any claims made by the Debtors.

22. This Response is timely filed pursuant to extensions granted by the Debtors.

23. Debtors' counsel may contact undersigned counsel to discuss the matters related to the Claims Objection and the Claims.

24. GEA reserves the right to seek leave to appear by telephone at the hearing pursuant to the procedures referenced in the Claims Objection.

**WHEREFORE,** GEA:

A. objects to disallowance, expungement, or other negative treatment of its Claims;

B. demands allowance of its Claims in the full amount and priority sought;

C. reserves all other rights; and

D. requests the Court award it such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 20, 2019

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
200 West 41st St., 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: ssouthard@klestadt.com

**FULTZ MADDOX DICKENS PLC**

By: */s/ Phillip A. Martin*
101 South Fifth St., 27th Floor
Louisville, KY 40202
Tel: (502) 588-2000
Email: pmartin@fmdlegal.com

*Counsel to Haier US Appliance Solutions,
Inc. d/b/a GE Appliances*