IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :   Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                            :
                                                               :   Case No. 18-23538 (RDD)
Debtors.                                                       :
                                                               :   (Jointly Administered)
---------------------------------------------------------------x

## CREDITORS RESPONSE TO DEBTORS' FIFTH OMNIBUS OBJECTION TO PROOF OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) OF CORY TAYLOR

Now comes Cory Taylor (the "Claimant"), Creditor in this bankruptcy, in response to the Debtors' Fifth Omnibus Objection to Proofs of Claims, states as follows:

1. On January 3, 2019, Claimant timely filed a Proof of Claim, claim #7093 (the "Claim") with the Debtor's claim agent asserting a priority unsecured claim in the amount of $500.00. Claimant filed the Proof of Claim *pro se*.

2. On August 29, 2019, the Debtors filed the Debtors' Fifth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims) (the "Objection") with the United Stated Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

3. The sole ground(s) cited in the Objection is that the Claim(s) does not satisfy the requirements for administrative expense priority under section U.S.C. § 503(b)(9) of the Bankruptcy Code. The Objection seeks to reclassify the proof of claim as general unsecured claims.

4. The Claimant asserts the Claim against the Debtor in the sum of $400.00 due pursuant to Invoice #71411010 and Invoice #71411004 (the "Invoices"). The Invoices represent the initial agreed upon wages due for work performed as identified in the Individual Security Guard Services Agreement dated September 18, 2008

attached hereto as Exhibit A. Attached hereto as Exhibit B, includes the Invoices as was filed with the original claim filed as supporting documentation.

5.  In the Proof of Claim, Claimant asserts a claim against the Debtor mistakenly as priority pursuant to U.S.C. § 503(b)(9). The claim is entitled to priority under U.S.C. § 507(a)(4) as the total amount claimed by the Claimant are wages earned by the Claimant for work performed within 180 days before the Debtor's bankruptcy filing. It was the misunderstanding of the Claimant at the time of completing the Proof of Claim, that the Claim qualified for administrative expense priority pursuant to U.S.C. § 503(b)(9).

6.  The Claimant filed an amended claim filed electronically through Prime Clerk on September 17, 2019 to correct and no longer assert 11 U.S.C. § 503(b)(9). The amended claim continued to assert priority pursuant to 11 U.S.C. § 507(a)(4).

7.  The Claimant agrees that the Claim does not satisfy the requirements for administrative expense priority under section U.S.C. § 503(b)(9) as the Claim is not for the value of any goods received by the debtor within 20 days before the date of commencement of this case. The Objection should be otherwise overruled and dismissed as the Claim is entitled to priority under 11 U.S.C. § 507(a)(4). Debtor is indebted to the Claimant in the amount of $500.00.

8.  The Claimant requests to participate telephonically, in the hearing to consider the Objection (the Hearing), to be held on October 23, 2019 at 10:00 a.m. (Prevailing Eastern Time).

WHEREFORE, Cory Taylor respectfully requests that the Court overrule the Objection, that the Claim not reclassify as general unsecured, and be deemed allowed as a priority unsecured claim pursuant to 11 U.S.C. § 507(a)(4) with such other and further relief as is proper and just.

Respectfully submitted,

CORY D. TAYLOR

102 W. Golden Lake Road
Circle Pines, MN 55014
612-978-5688
Cory.Taylor@minneapolismn.gov
Minneapolis Police Officer

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

- overnight delivery and properly addressed

On September 17, 2019.                                    Signed: <u>Cory Taylor</u>

    **Clerk's Office**

    United States Bankruptcy Court
    Southern District of New York
    300 Quarropas Street
    White Plains, New York  10601

    **United States Bankruptcy Judge:**

    Chambers of the Honorable Robert D. Drain
    United States Bankruptcy Court
    Southern District of New York
    300 Quarropas Street
    White Plains, New York  10601

    **Counsel to the Debtors:**

    Attn:  Ray C. Schrock, Esq.
           Jacqueline Marcus, Esq.
           Garrett A. Fail, Esq.
           Sunny Singh, Esq.
    Weil, Gotshal, & Manges LLP
    767 Fifth Avenue
    New York, New York 10153

    **Counsel to the Committee:**

    Attn:  Philip C. Dublin, Esq.
           Ira Dizengoff, Esq.
           Sara Lynne Brauner, Esq.
    Akin Gump Strauss Hauer & Feld LLP
    One Bryant Park
    New York, New York 10036

DISTRIBUTION:
Original: Loss Prevention DM
_____ Regional Office
Store File Copy
Contractor Copy

# Individual Security Guard Services Agreement

Agreement entered into this 18th day of __September__, 2008 by and between Kmart Corporation, Store No. __3405__, having its address at __10 W Lake St__, (hereinafter referred to as "Kmart"), and __Cory Taylor__, whose address is __102 W Golden Lake Rd Circle Pines 55014__ (hereinafter referred to as the "Contractor").

In consideration of the mutual covenants, terms and conditions herein contained, the parties agree as follows:

1. The services described herein shall be provided by the Contractor at the above premises of Kmart at the times and in the manner set forth herein. Reasonable care and his/her best efforts shall be utilized by the Contractor in the performance of this Agreement. The Contractor shall have sole control over performance of the services and the manner in which the services are performed.

2. Each party reserves the right to terminate this Agreement upon notice to the party in the event the other party breaches or fails to perform any of its obligations in any material respect, attempts to assign or otherwise transfer its rights, obligations or duties under this Agreement, or in the event the other party becomes insolvent or proceedings are instituted by or against such party under any provision of any federal or state bankruptcy or insolvency laws. In addition, either party may terminate this Agreement without cause upon seven (7) days notice to the other party. Upon termination, there shall be nothing due from Kmart to the Contractor beyond any fees due at the date of termination.

3. The Contractor shall be responsible for and does represent that he/she shall comply with all federal, state and local laws, rules and regulations applicable to this Agreement or the performance thereof.

4. To the fullest extent permitted by law, the Contractor shall reimburse, indemnify, defend and hold Kmart harmless from and against any damage, loss, expense or penalty, or any claim or action therefor, by or on behalf of any person, resulting from or arising out of the services provided by the Contractor or performance or failure of performance of this Agreement, whether the claim is that the damage, loss, expense or penalty resulted from or arose out of the negligence or other wrongful conduct of the Contractor, Kmart or both.

5. The Contractor is and at all times shall be an independent contractor in the performance of this Agreement and shall only be entitled to receive the fee set forth in item 11 below and shall not be entitled to receive any other form of compensation or benefits, including, but not limited to, wages, workers disability compensation benefits, unemployment compensation benefits, medical benefits and pension benefits.

6. No modification, alteration or amendment of this Agreement shall be binding on Kmart unless in writing and signed by a duly authorized representative of Kmart.

7. The Contractor may not assign or otherwise transfer his/her rights, obligations or duties under this Agreement.

8. This Agreement shall be the entire and exclusive agreement between Kmart and the Contractor with regard to the subject matter hereof. This Agreement shall supersede all prior understandings, agreements, contracts or arrangements between the parties with regard to the subject matter hereof.

9. All costs, charges and expenses incurred in connection with the Contractor's performance of this Agreement shall be borne by the Contractor.

10. Description of services to be supplied by the Contractor, along with the times and manner of Contractor's performance, are: _Monitor front Doors - front Service areas - Front Side Walk area - Assisting with Apprehensions_ _Hours 5:15 PM to 10:15 PM._

11. Kmart agrees to pay the Contractor the fee for the services described in item 10 above, after the same are rendered. Said fee shall be payable on a _____ (weekly/biweekly/monthly) basis at a rate of $ _____ per hour.

KMART CORPORATION

By: _[signature]_
Date: _9-16-2008_

CONTRACTOR

By: _[signature]_
Date: _09/18/2008_

Code 970-16-(8410)-12/95

Exhibit B

CORY TAYLOR

Duns # 564943



Exhibit B

Invoice # 71411010
Cost $ 250.00
Date 10/10/18

## Kmart Police Payroll Form

Name: Cory Taylor
Badge #: 7141
Social Sec. #: 564943 Duns #
Week Ending:

Thursday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Friday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Saturday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Sunday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Monday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Tuesday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Wednesday: 10/10

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | 1715 | 2215 | 5 |

TOTAL WEEKLY HOURS WORKED →

| Total |
|---|
| 5 |

Officer Signature _____ Date 10/10/2018   General Store Manager _____ Date _____

Keyel 10/15/18
Batch 253

Exhibit B

Invoice # 71411004
Cost $ 250.00
Date 10/4/18

Name: Cory Taylor
Badge #: 7141
Social Sec. #:
Week Ending:

**Kmart Police Payroll Form**

Dms # 564943

| | Store | Location | In | Out | Total |
|---|---|---|---|---|---|
| Thursday: / | | | | | |
| Friday: / | 3405 | 10 W. Lake St. MPLS | | | |
| Saturday: / | 3405 | 10 W. Lake St. MPLS | | | |
| Sunday: / | 3405 | 10 W. Lake St. MPLS | | | |
| Monday: 10/04 | 3405 | 10 W. Lake St. MPLS | | | |
| Tuesday: / | 3405 | 10 W. Lake St. MPLS | 1715 | 2215 | 5 |
| Wednesday: / | 3405 | 10 W. Lake St. MPLS | | | |
| | 3405 | 10 W. Lake St. MPLS | | | |

TOTAL WEEKLY HOURS WORKED →  Total: 5

Officer Signature _____ Date 10/04/2018
General Store Manager _____ Date _____

Keys 10/15/18
Batch 253