IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re  :
 : Chapter 11
SEARS HOLDINGS CORPORATION, et al., :
 : Case No. 18-23538 (RDD)
Debtors. :
 : (Jointly Administered)
---------------------------------------------------------------x

### CREDITORS RESPONSE TO DEBTORS' FIFTH OMNIBUS OBJECTION TO PROOF OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) OF JOEL PUCELY

Now comes Joel Pucely (the "Claimant"), Creditor in this bankruptcy, in response to the Debtors' Fifth Omnibus Objection to Proofs of Claims, states as follows:

1. On January 3, 2019, Claimant timely filed a Proof of Claim, claim #7102 (the "Claim") with the Debtor's claim agent asserting a priority unsecured claim in the amount of $400.00. Claimant filed the Proof of Claim *pro se.*

2. On August 29, 2019, the Debtors filed the Debtors' Fifth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims) (the "Objection") with the United Stated Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

3. The sole ground(s) cited in the Objection is that the Claim(s) does not satisfy the requirements for administrative expense priority under section U.S.C. § 503(b)(9) of the Bankruptcy Code. The Objection seeks to reclassify the proof of claim as general unsecured claims.

4. The Claimant asserts the Claim against the Debtor in the sum of $400.00 due pursuant to Invoice #583915 and Invoice #101018 (the "Invoices"). The Invoices represent the initial agreed upon wages due for work performed as identified in the Individual Security Guard Services Agreement dated March 31, 2008 attached hereto

as Exhibit A. Attached hereto as Exhibit B, includes the Invoices as was filed with the original claim filed for supporting documentation.

5. In the Proof of Claim, Claimant asserts a claim against the Debtor as priority pursuant to U.S.C. §§ 503(b)(9) and 507(a)(4). The claim is entitled to priority under U.S.C. § 507(a)(4) as the total amount claimed by the Claimant are wages earned by the Claimant for work performed within 180 days before the Debtor's bankruptcy filing. It was the misunderstanding of the Claimant at the time of completing the Proof of Claim, that the Claim qualified for administrative expense priority pursuant to U.S.C. § 503(b)(9).

6. The Claimant filed an amended claim filed electronically through Prime Clerk on September 17, 2019 to correct and no longer assert 11 U.S.C. § 503(b)(9). The amended claim continued to assert priority pursuant to 11 U.S.C. § 507(a)(4).

7. The Claimant agrees that the Claim does not satisfy the requirements for administrative expense priority under section U.S.C. § 503(b)(9) as the Claim is not for the value of any goods received by the debtor within 20 days before the date of commencement of this case. The Objection should be otherwise overruled and dismissed as the Claim is entitled to priority under 11 U.S.C. § 507(a)(4). Debtor is indebted to the Claimant in the amount of $400.00.

8. The Claimant requests to participate telephonically, in the hearing to consider the Objection (the Hearing), to be held on October 23, 2019 at 10:00 a.m. (Prevailing Eastern Time).

WHEREFORE, Joel Pucely respectfully requests that the Court overrule the Objection, that the Claim not reclassify as general unsecured, and be deemed allowed as a priority unsecured claim pursuant to 11 U.S.C. § 507(a)(4) with such other and further relief as is proper and just.

Respectfully submitted,

JOEL E. PUCELY

737 10 Street N.
Hudson, WI 54016
612-750-7113
Joel.Pucely@gmail.com
Minneapolis Police Officer

# CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

- overnight delivery and properly addressed

On September 17, 2019.                    Signed: <u>Joel Pucely</u>

**Clerk's Office**

United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

**United States Bankruptcy Judge:**

Chambers of the Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

**Counsel to the Debtors:**

Attn:   Ray C. Schrock, Esq.
        Jacqueline Marcus, Esq.
        Garrett A. Fail, Esq.
        Sunny Singh, Esq.
Weil, Gotshal, & Manges LLP
767 Fifth Avenue
New York, New York 10153

**Counsel to the Committee:**

Attn:   Philip C. Dublin, Esq.
        Ira Dizengoff, Esq.
        Sara Lynne Brauner, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036

4

DISTRIBUTION:
Original: Loss Prevention DM
_____ Regional Office
Store File Copy
Contractor Copy

# Individual Security Guard Services Agreement

Agreement entered into this 31ˢᵗ day of __MARCH__, 19 __2008__ by and between Kmart Corporation, Store No. __3405__, having its address at __10 W LAKE ST__, (hereinafter referred to as "Kmart"), and __Joel Pucely__, whose address is __1911 CENTRAL AV NE__ (hereinafter referred to as the "Contractor").

In consideration of the mutual covenants, terms and conditions herein contained, the parties agree as follows:

1. The services described herein shall be provided by the Contractor at the above premises of Kmart at the times and in the manner set forth herein. Reasonable care and his/her best efforts shall be utilized by the Contractor in the performance of this Agreement. The Contractor shall have sole control over performance of the services and the manner in which the services are performed.

2. Each party reserves the right to terminate this Agreement upon notice to the party in the event the other party breaches or fails to perform any of its obligations in any material respect, attempts to assign or otherwise transfer its rights, obligations or duties under this Agreement, or in the event the other party becomes insolvent or proceedings are instituted by or against such party under any provision of any federal or state bankruptcy or insolvency laws. In addition, either party may terminate this Agreement without cause upon seven (7) days notice to the other party. Upon termination, there shall be nothing due from Kmart to the Contractor beyond any fees due at the date of termination.

3. The Contractor shall be responsible for and does represent that he/she shall comply with all federal, state and local laws, rules and regulations applicable to this Agreement or the performance thereof.

4. To the fullest extent permitted by law, the Contractor shall reimburse, indemnify, defend and hold Kmart harmless from and against any damage, loss, expense or penalty, or any claim or action therefor, by or on behalf of any person, resulting from or arising out of the services provided by the Contractor or performance or failure of performance of this Agreement, whether the claim is that the damage, loss, expense or penalty resulted from or arose out of the negligence or other wrongful conduct of the Contractor, Kmart or both.

5. The Contractor is and at all times shall be an independent contractor in the performance of this Agreement and shall only be entitled to receive the fee set forth in item 11 below and shall not be entitled to receive any other form of compensation or benefits, including, but not limited to, wages, workers disability compensation benefits, unemployment compensation benefits, medical benefits and pension benefits.

modification, alteration or amendment of this Agreement shall be binding on Kmart unless in writing and signed by a duly authorized representative of Kmart.

7. The Contractor may not assign or otherwise transfer his/her rights, obligations or duties under this Agreement.

8. This Agreement shall be the entire and exclusive agreement between Kmart and the Contractor with regard to the subject matter hereof. This Agreement shall supersede all prior understandings, agreements, contracts or arrangements between the parties with regard to the subject matter hereof.

9. All costs, charges and expenses incurred in connection with the Contractor's performance of this Agreement shall be borne by the Contractor.

10. Description of services to be supplied by the Contractor, along with the times and manner of Contractor's performance, are: _Monitor Front Doors - Front Service areas - Front Side Walk area - Assisting with Apprehensions_ _Hours 5:15 PM to 10:15 PM._

11. Kmart agrees to pay the Contractor the fee for the services described in item 10 above, after the same are rendered. Said fee shall be payable on a _weekly_ (weekly/biweekly/monthly) basis at a rate of $ _40.00_ per hour.

KMART CORPORATION

By: _[signature]_
Date: _3-31-2008_

CONTRACTOR

By: _[signature]_
Date: _03/31/2008_

Code 970-16-(8410)-12/95

Exhibit B

Joel Pucely
Duns # 585377

Exhibit B

*Invoice # 583915*
*Cost  375.00*
*Date  9/15/18*

## Kmart Police Payroll Form

Name: Joe Pucay
Badge #: 5832
Social Sec. #:
Week Ending:

**Thursday:** /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

*+2.5 HRS SCHOOLS FEE*

**Friday:** /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

**Saturday:** 9/15

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

**Sunday:** /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | 1715 | 2215 | 5.0 |

**Monday:** /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

**Tuesday:** /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

**Wednesday:** /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

TOTAL WEEKLY HOURS WORKED →

| Total |
|---|
| 7.5 |

Officer Signature _____  Date 9/15/18  General Store Manager _____  Date _____

Keyed 9/20/18
Bates 234

Doc # 535377

*Exhibit B*

**Kmart**

Dun's # 535377

Invoice # 101018
Cost $100.00
Date 10/10/18

## Kmart Police Payroll Form

Name: Joel Pucely
Badge #:
Social Sec. #: ___-___-___
Week Ending:

SCHEDULE FEE 2 HRS ($100⁰⁰)

Thursday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Friday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Saturday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Sunday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Monday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Tuesday: /

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

Wednesday: 10/10

| Store | Location | In | Out | Total |
|---|---|---|---|---|
| 3405 | 10 W. Lake St. MPLS | | | |

TOTAL WEEKLY HOURS WORKED →

| Total |
|---|
| 2.0 |

Officer Signature: _____    Date: 10/10/18    General Store Manager: _____    Date: _____

Keyed 10/15/18

Batch 263