September 15, 2019

From: David W Tomczak
13219 Ladybank Lane,
Herndon, VA 20171
davet@tzworks.net
703-939-0411 (cell)

To: United States Bankruptcy Court Southern District of New York
300 Quarropas Street
White Plains, New York 10601
Attn: Honorable Robert D. Drain
In regard to SEARS HOLDINGS CORPORATION, et al, Debtors, Case No. 18-23538 (RDD)

Cc: Weil, Gotshal & Manges LLP
767 Fifth Ave
New York, New York 10153
Attn: Ray C. Schrock, Esq, Jacqueline Marcus, Esq, Garratt A. Fail, Esq, Sunny Singh, Esq (Attorneys for Debtors)

Cc: Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Attn: Philip C. Dublin, Esq, Ira Dizengoff, Esq, Sara Lynne Brauner, Esq (Attorneys for the Official Committee of Unsecured Creditors)

Subject: Response to the Objection to the United States Bankruptcy Court Southern District of New York, in regard to SEARS HOLDINGS CORPORATION, et al, Debtors, Case No. 18-23538 (RDD), as it applies to Claim No. 12865 amounting to a secured claim amount of $10,662.50

1. This letter is in response to the "Debtors' Eight Omnibus Objection to Proofs of Claim (Duplicate Claims)" (the "Objection") filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 9, 2019 (Case No. 18-23538 (RDD)) by Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the Subject chapter 11 cases (collectively, the "Debtors"). This letter addresses Claim No 12865 for the amount of $10,662.50 which consists of 10 bonds (CUSIP# 812350AE6 – Sears Holdings Corporation) when compared to Claim No 12872 for the amount of $10,662.50 which consists of 10 bonds (CUSIP# 812350AE6 – Sears Holdings Corporation).

2. The Claim No 12865 is for the amount of $10,662.50 (referenced in line #189 under Exhibit A under Duplicate Claims) should *not* be disallowed and expunged for the reasons set forth in the Objection. The Objection asserts that Claim No 12865 is a duplicative claim, which is false. As the facts will show, the Claimant used *two* separate brokerage accounts to separately purchase bonds from each brokerage account (the first 10 were identified in Claim No 12865 and the second 10 were identified in Claim No 12872).

3. In review of the brokerage records (Attachments 1 and 2 in this letter), the Claimant purchased 10 bonds (CUSIP# 812350AE6 – Sears Holdings Corporation), under Claim #12872 was

performed on 16 Oct 2017 via the Claimant's *Charles Schwab* personal brokerage account; these same 10 bonds are still being held as shown in the 31 Aug 2019 statement from *Charles Schwab*. (see Attachment 2). The Claimant, in addition to the above, purchased 10 new bonds (CUSIP# 812350AE6 – Sears Holdings Corporation) under Claim #12865 two days later on 18 Oct 2017 via the Claimant's *TD Ameritrade* personal brokerage account; these same 10 bonds are still being held as shown in the 31 Aug 2019 statement from *TD Ameritrade*. (see Attachment 1).

4. The similarities between Claim #12872 and #12872 are that 10 bonds were purchased for each claim and therefore the amounts due in each claim are the same. However, in point of fact, they are for two separate purchases in time from two separate brokerage accounts, which when combined, total 20 bonds (between the 2 Claims). These 20 bonds (10 from each brokerage account) are still in the possession of the Claimant as is shown in the respective August 31, 2019 brokerage statements (Attachments 1 and 2). As background, these were filled as two separate claims, since the funds from each of these Claims should be paid to their respective brokerage account's as was requested in the original Proof of Claims documentation submitted.

5. In conclusion, the supporting documentation confirms that Claim Number 12865 should be allowed per the original Proof of Claim for the amount of specified therein.

6. In regards to the hearing that is to take place on October 23, 2019 at 10 am eastern time, the Claimant formally requests to participate in the hearing telephonically. The reason for this request, is the Claimant is out of State and is engaged full time (as the only employee) in running a small business; attendance at the hearing in person would cause an undue burden both financially to the Claimant and impact negatively on the small business. The Claimant further requests instructions (phone number to dial in, etc.) so as to participate telephonically.

7. Any questions in regards to the statements in this letter or to the documentation provided in exhibit A should be directed to the Claimant, David W Tomczak via email at davet@tzworks.net. If email is not sufficient, please address any correspondence at the address: 13219 Ladybank Lane, Herndon, VA 20171.

Respectfully,

*[signature]* 15 Sep 2019

David Tomczak
13219 Ladybank Lane,
Herndon, VA 20171
davet@tzworks.net
703-939-0411 (cell)

Enclosures:
*Attachment 1 – Supporting Documentation for Claim # 12865*
*Attachment 2 – Supporting Documentation for Claim # 12872*

# Attachment 1

## Supporting Documentation for Claim# 12865

Extracted data from TD Ameritrade account # xxxx3457 brokerage statements



## Attachment 2

Supporting Documentation for Claim# 12872

Extracted data from Charles Schwab account # xxxx6221 brokerage statements

