**Presentment Date and Time: October 1, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: September 30, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): October 23, 2019 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, et al.,                          :    Case No. 18-23538 (RDD)
                                                             :
                     Debtors.¹                               :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
BETWEEN THE DEBTORS AND ARGONAUT INSURANCE
COMPANY ESTABLISHING PROCEDURES TO LIFT THE
<u>AUTOMATIC STAY TO CANCEL REPLACED SURETY BONDS</u>**

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation and Order Between the Debtors and Argonaut Insurance Company Establishing Procedures to Lift the Automatic Stay to Cancel Replaced Surety Bonds* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **October 1, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **<u>Exhibit 1</u>**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **September 30, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **October 23, 2019 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: September 23, 2019
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit 1</u>**

**Proposed Stipulation**

WEIL:\97161282\3\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND
ARGONAUT INSURANCE COMPANY ESTABLISHING PROCEDURES TO
LIFT THE AUTOMATIC STAY TO CANCEL REPLACED SURETY BONDS**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and between (i) the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), on the one hand, and (ii) Argonaut Insurance Company ("Argonaut" and, together with the Debtors, the "Parties"), on the other hand.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

### I. The Indemnity Agreement and the Bonds

A. Argonaut and certain of the Debtors are parties to that certain General Indemnity Agreement dated as of February 13, 2012 (as amended, the "Indemnity Agreement"), pursuant to which Argonaut issued surety bonds (collectively, the "Bonds")[3] to certain obligees with respect to certain obligations of the Debtors and/or their non-Debtor affiliates.

B. Additionally, certain of the Debtors have executed and delivered certain continuing agreement(s) of indemnity pursuant to which such Debtors are required to pay all premiums and indemnify Argonaut, and hold Argonaut harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense incurred by Argonaut in connection with, among other things, (1) the furnishing of any Bond or (2) the enforcement of any indemnity agreement.

### II. The Chapter 11 Cases and the Sale

C. Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[3] This Stipulation and Order shall not apply to Bond No. SUR0041546 issued to KMART Corp. in favor of the Centers for Medicare & Medicaid Services, as that Bond is the subject of a separate stipulation and order.

2

D.      On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed in these chapter 11 cases.

E.      On February 8, 2019, the Court entered an Order [Docket No. 2507] (the "Sale Order") approving the sale of substantially all of the Debtors' assets (the "Sale") to Transform Holdco LLC (the "Buyer").

F.      In connection with the Sale, certain of the Bonds were replaced by the Buyer or are in the process of being replaced by the Buyer, while other Bonds are no longer necessary to the Debtors' operations due to store closures that have occurred during these cases. As such, the Debtors no longer have a legitimate business need to maintain the Bonds.

G.      Accordingly, the Parties seek to establish procedures to facilitate cancellation and termination of the Bonds and related agreements in an efficient manner that does not give rise to a violation of the automatic stay provisions of section 362 of the Bankruptcy Code (the "Automatic Stay").

H.      Accordingly, based upon discussions between the Parties, they have agreed to enter into this Stipulation and Order, subject to Bankruptcy Court approval.

**NOW, THEREFORE**, based upon the foregoing, it is hereby stipulated and agreed by and between the Parties hereto as follows:

1.      This Stipulation and Order shall have no force or effect unless and until approved by the Court.

2.      Upon entry of an Order approving this Stipulation and Order, if the principal on a given Bond determines, in the sole and unfettered exercise of its business judgment, that cancellation and termination of such Bond is in the best interests of its estate, the principal on such Bond may send a letter to Argonaut requesting that the Bond be cancelled and terminated (the

3

"<u>Debtor Termination Request Letter</u>").  Upon Argonaut's receipt of the Debtor Termination Request Letter, the Automatic Stay shall be deemed modified without further Order of the Court solely to the extent necessary to permit Argonaut to take all steps necessary to effectuate the cancellation and termination of the Bond that is the subject of the Debtor Termination Request Letter under applicable nonbankruptcy law and the Parties' agreements.

        3.      Upon entry of an Order approving this Stipulation and Order, if the obligee(s)/named beneficiary(ies) on a given Bond notify Argonaut that such Bond may be cancelled and terminated, Argonaut may send a letter to the Debtors at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 attn: Jacqueline Marcus and M-III Partners, LP, 130 West 42nd Street, 17th Floor, New York, NY 10036 attn: Brian Griffith (the "<u>Argonaut Termination Request Letter</u>") apprising them of such communication with the obligee(s)/named beneficiary(ies) and requesting that the Debtors consent to the cancellation and termination of the subject Bond.  The Debtors shall promptly consider whether to consent to the cancellation and termination of any Bond that is the subject of an Argonaut Termination Request Letter.  If the Debtors provide such consent in writing, the Automatic Stay shall be deemed modified without further Order of the Court solely to the extent necessary to permit Argonaut to take all steps necessary to effectuate the cancellation and termination of the Bond that is the subject of the Argonaut Termination Request Letter under applicable nonbankruptcy law and the Parties' agreements.  For the avoidance of doubt, nothing in this Paragraph 3 shall prevent the Debtors from sending Argonaut a Debtor Termination Request Letter with respect to any Bond that is the subject of an Argonaut Termination Request Letter, in which case the Automatic Stay shall be deemed modified as of the date of the Debtor Termination Request Letter.

        4.      Argonaut reserves all of its rights under the Bonds, the Indemnity Agreement, and any related agreements, including (without limitation) the right to refuse to cancel

any Bond upon receipt of a Termination Request Letter and any rights it may have to the collateral securing such Bonds.

5. All other provisions of the Automatic Stay shall remain in full force and effect except as otherwise provided herein.

6. Nothing contained herein shall be deemed to terminate, modify, impact, or otherwise affect any agreement between the Parties, including any agreement regarding collateral security in connection with Argonaut's bond program.

7. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim filed by Argonaut relating to the Bonds or the Indemnity Agreement.

8. This Stipulation and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. Each of the undersigned who executes this Stipulation and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation and Order shall be effective and enforceable immediately upon the entry of an Order approving this Stipulation and Order, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

13. This Stipulation and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation and Order.

*[Remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, this Stipulation and Order has been executed and delivered as of the day and year first below written.

Dated: September 23, 2019

| | |
|---|---|
| SEARS HOLDINGS CORPORATION, ET. AL.<br>Chapter 11 Debtors and Debtors in Possession<br>By their Counsel<br>WEIL, GOTSHAL & MANGES LLP<br>By:<br><br>/s/ Jacqueline Marcus<br>_____<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | ARGONAUT INSURANCE COMPANY<br>By its Counsel<br>CADWALADER, WICKERSHAM & TAFT LLP<br><br>By:<br><br>/s/ Eric G. Waxman III<br>_____<br>Eric G. Waxman III<br>Anthony De Leo<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666<br>Eric.Waxman@cwt.com<br>Anthony.Deleo@cwt.com |

**SO ORDERED**:

Dated: _____, 2019
       White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE