**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com
*Counsel to Securian Life Insurance Company*
*and Minnesota Life Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| **SEARS HOLDINGS CORPORATION, *et al.*,[1]** | |
| | (Jointly Administered) |
| **Debtors.** | |

**NOTICE OF MOTION OF SECURIAN LIFE INSURANCE COMPANY AND MINNESOTA LIFE INSURANCE COMPANY TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the above-referenced motion dated September 23, 2019 of Motion of Securian Life Insurance Company and Minnesota Life Insurance Company (collectively, "Securian") to Allow and Compel Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) (the "Motion") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York 10601, on **October 23, 2019 at 10:00 a.m. (EST)** (the Hearing").

**PLEASE TAKE NOTICE** that any objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, and shall be served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures [Dkt. 405] (the "Amended Case Management Order"), so as to be filed and received **no later than October 16, 2019, at 4:00 p.m.** (EST) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not filed and served by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing pursuant to the Amended Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

/

/

/

/

/

/

| | |
|---|---|
| Dated: September 25, 2019 | **Mayerson & Hartheimer, PLLC**<br>*Counsel to Securian Life Insurance Company*<br>*and Minnesota Life Insurance Company*<br><br>By: */s/ David H. Hartheimer*<br>     Sandra E. Mayerson, Esq.<br>     David H. Hartheimer, Esq.<br>     845 Third Avenue, 11th Floor<br>     New York, NY 10022<br>     Tel: (646) 778-4380<br>     Fax: (501) 423-8672<br>     sandy@mhlaw-ny.com<br>     david@mhlaw-ny.com<br><br>*- and –*<br><br>**Fredrikson & Byron, P.A.**<br>*Counsel to Securian Life Insurance Company*<br>*and Minnesota Life Insurance Company*<br><br>James C. Brand (*pro hac vice*)<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402<br>Phone (612) 492-7000<br>Fax (612) 492-7077<br>jbrand@fredlaw.com |

67485113 v2

**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com
*Counsel to Securian Life Insurance Company*
*and Minnesota Life Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.*,[1] | Case No. 18-23538 (RDD) |
| **Debtors.** | (Jointly Administered) |

**MOTION OF SECURIAN LIFE INSURANCE COMPANY AND MINNESOTA LIFE INSURANCE COMPANY TO ALLOW AND COMPEL PAYMENT OF <u>ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Securian Life Insurance Company and Minnesota Life Insurance Company (together, "Securian"), by and through its undersigned counsel, submits this motion (the "Motion") to Allow and Compel Payment of Administrative Expense Claim under 11 U.S.C. § 503(b) for Services provided to the Debtors Post-Petition. In support of this Motion, Securian respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicates for the relief requested are Sections 105 and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, a debtor and debtor-in-possession in the above-captioned chapter 11 cases ("Sears Holdings" and, together with the other debtors and debtors-in-possession in the above-captioned chapter 11 cases, the "Debtors"), commenced with this Court a voluntary bankruptcy case under chapter 11 of the Bankruptcy Code. The Court has approved joint administration of the Debtors' chapter 11 cases. The Debtors continue in the management and operation of their businesses and properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. Pursuant to Group Term Life Insurance Policy numbers 70040 and 34472 (collectively, the "Securian Policy"), Securian provided group term life and AD&D insurance coverage to certain employees and retirees of the Debtors, including a closed group of grandfathered retired and disabled associates (the "Retiree Class").

2

5.    As of the Petition Date, the Securian Policy covered approximately 29,000 members of the Retiree Class. The Debtors were obligated to pay in excess of $1.2 million per month in premiums to retain coverage for the Retiree Class.

6.    From and after the Petition Date, Securian continued to provide coverage under the Securian Policy at the direction of the Debtors.

7.    On or about March 7, 2019, the Debtors informed Securian that the Debtors were terminating the Sears Retiree Group Life Insurance Plan (the "Retiree Plan") with an effective date of March 15, 2019. The Debtors directed Securian to cancel coverage for the Retiree Class as of March 15, 2019.

8.    Securian followed these instructions by amending the Securian Policy to remove the Retiree Class, with an effective date of March 15, 2019. Securian notified the Retiree Class of the termination of coverage and informed the participants of their right to convert their coverage to an individual life insurance policy, as outlined in the Securian Policy.

9.    The Debtors have failed to make the post-petition premium payments under the Securian Policy for the period of January 1, 2019 to March 15, 2019 in an amount totaling $3,093,503.40. After application of certain payment credits and adjustments, the outstanding amount due is $2,026,298.78. A summary of the outstanding amount due is set forth on <u>Exhibit A</u>.

## **RELIEF REQUESTED**

10.    Securian requests entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>: (i) granting Securian an allowed administrative expense claim (the "Administrative Claim") in the amount of $2,026,298.78 pursuant to section 503(b)(1)(A) of the Bankruptcy Code

3

for services rendered to the Debtors post-petition, and (ii) requiring the Debtors to immediately pay that allowed administrative expense claim.[2]

## BASIS FOR RELIEF

11. Section 503(b)(1) of the Bankruptcy Code provides that: "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs of preserving the estate." 11 U.S.C. § 503(b)(1). Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 100 (2d Cir. 1986)).

12. Additionally, the Debtors previously acknowledged that claims for post-petition goods and services are entitled to administrative priority under Section 503(b)(1)(A) as actual, necessary costs and expenses of preserving the estate:

> Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate postpetition.

(Motion of Debtors for Interim and Final Authority to Pay Prepetition Claims, Dkt. 14 at ¶ 32.)

13. Courts have recognized that the providing of insurance coverage to the bankruptcy estate post-petition protects and preserves the bankruptcy estate and entitles the insurer to an

---

[2] Securian reserves and does not waive the right to assert that other sections of the Bankruptcy Code support its request for an allowed administrative expense claim.

administrative expense claim until the point that the insurance policies are rejected or terminated. *See, e.g.*, *In re Payless Cashways, Inc.*, 305 B.R. 303, 308 (Bankr. W.D. Mo. 2004); *In re Gamma Fishing Co., Inc.*, 70 B.R. 949, 953 (Bankr. S.D. Cal. 1987) (finding that "the purchase of insurance is a recognized means of protecting and preserving the estate" that entitled the insurer to an administrative priority claim for the value of the post-petition benefits received).

14. Here, it is undisputed that Securian provided unpaid post-petition group life insurance coverage to the Debtors' retirees pursuant to a contract with the Debtors. In fact, the Debtors acknowledge a liability arising from this insurance coverage and estimate it to be $3.9 million.[3] (*See* Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan, Dkt. 4390, at 39–40.)

15. Securian's provision of the group life insurance coverage to the Debtors provided a significant and direct benefit to the Debtors' bankruptcy estates. At the Debtors' direct request, Securian continued to provide coverage under the Securian Policy post-petition in order to allow the Debtors to fulfill the Debtors' obligations to the roughly 29,000 members of the Retiree Class. Deeming this to be beneficial to the estate, the Debtors paid for the coverage through December 31, 2018. Thereafter, Securian continued to provide this coverage as requested by the Debtors, with the expectation that premiums would be paid, which continued to allow the Debtors to fulfill their duties under the Retiree Plan, from January 1, 2019 to March 15, 2019. Accordingly, Securian is entitled to an administrative expense claim pursuant to Section 503(b)(1)(A) for the cost of that coverage.

16. Securian is also entitled to immediate payment of its Administrative Claim.

---

[3] Securian expects that the parties will reconcile the amount due prior to any hearing on this matter.

5

17. It is well-settled that courts may order the immediate payment of an administrative claim. *See In re King*, 392 B.R. 62, 67 (Bankr. S.D.N.Y. 2008); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *In re Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985)). In determining the timing of payment of an administrative expense, courts consider such factors as bankruptcy's goal of an orderly and equal distribution amongst creditors, the needs of the claimant, and the length and expense of the case's administration. *In re HQ Global Holdings, Inc.*, 282 B.R. at 173.

18. Upon information and believe, the DIP ABL Facility and the Junior DIP Facility provide Debtors with the funds necessary to pay the administrative expenses it has incurred in the ordinary course of business. As such, the Debtors paid Securian the amounts due under the Securian Policy for coverage through December 2018. Since that time, the Debtors have presumably been paying other administrative creditors in the ordinary course of business. It would therefore be patently unfair, and without legal basis, for the Debtors to pay some administrative expense claimants in the ordinary course of business and not pay other such creditors. *See, e,g.*, 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); *In re Cochise Coll. Park, Inc.*, 703 F.2d 1339, 1356 n.22 (9th Cir. 1983) ("All administrative expense creditors must be treated with 'absolute equality,' unless, of course, some creditors, with full knowledge of the facts, have agreed to subordinate their claims.") (citing *Thomas Corp. v. Nicholas*, 221 F.2d 286, 289 (5th Cir.1955)).

19. Accordingly, in addition to allowing Securian's Administrative Claim, the Court should compel immediate payment of that Claim.

## NOTICE

20. Notice of this Motion will be served on the Debtors and the "Master Services List" as those terms are defined in the Amended Order Implementing Certain Notice and Case

6

Management Procedures [Dkt. 405], and in the manner provided therein.  Securian submits that no other or further notice need be provided.

21.    No previous motion or application for the relief sought herein has been made to this or any other court.

### CONCLUSION

22.    For the foregoing reasons, Securian respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit B, (i) granting Securian an allowed administrative expense clam in the amount of $2,026,298.78, and (ii) requiring the Debtors to immediately pay such allowed administrative expense claim in full; and (b) grant such other and further relief to Securian as the Court deems just and proper.

Dated: September 25, 2019

**Mayerson & Hartheimer, PLLC**
*Counsel to Securian Life Insurance Company and Minnesota Life Insurance Company*

By: */s/ David H. Hartheimer*
    Sandra E. Mayerson, Esq.
    David H. Hartheimer, Esq.
    845 Third Avenue, 11th Floor
    New York, NY 10022
    Tel: (646) 778-4380
    Fax: (501) 423-8672
    sandy@mhlaw-ny.com
    david@mhlaw-ny.com
- *and* –
**Fredrikson & Byron, P.A.**
*Counsel to Securian Life Insurance Company and Minnesota Life Insurance Company*
James C. Brand (*pro hac vice*)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
jbrand@fredlaw.com

67454085 v4

7

# EXHIBIT A

**70040 Sears Retirees**

| | Billed Amount | Cleared Amount | Adjustment | Total Due with Adj |
|---|---|---|---|---|
| Mar-19 | 627,221.68 | - | (32,951.88) | 594,269.80 |
| Feb-19 | 1,263,320.33 | - | (32,951.88) | 1,230,368.45 |
| Jan-19 | 1,271,903.32 | - | (32,951.88) | 1,238,951.44 |
| | | | **Total Due** | **3,063,589.69** |

**34472 Sears Retirees**

| | Billed Amount | Cleared Amount | Adjustment | Total Due with Adj |
|---|---|---|---|---|
| Mar-19 | 4,304.86 | - | (94.39) | 4,210.47 |
| Feb-19 | 8,654.52 | - | (94.39) | 8,560.13 |
| Jan-19 | 8,654.52 | - | (94.39) | 8,560.13 |
| Dec-18 | 8,677.37 | - | (94.39) | 8,582.98 |
| | | | **Total Due** | **29,913.71** |

**Credit**

| | | |
|---|---|---|
| SL Policy 70040 | (977,855.33) | Payment credit from claims |
| SL Policy 70040 | (88,300.95) | Overpayment on active group |
| ML Policy 34472 | (1,048.34) | Payment credit from claims |

| | |
|---|---|
| **SL Policy 70040** Total Due with Credits | 1,997,433.41 |
| **ML Policy 34472** Total Due with Credits | 28,865.37 |
| **Total Due** | **2,026,298.78** |

# EXHIBIT B

**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com
*Counsel to Securian Life Insurance Company*
*and Minnesota Life Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, *et al.*,**[1] | Case No. 18-23538 (RDD) |
| **Debtors.** | (Jointly Administered) |

### ORDER GRANTING THE MOTION OF SECURIAN LIFE INSURANCE COMPANY AND MINNESOTA LIFE INSURANCE COMPANY TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Upon the motion (the "<u>Motion</u>")[2] for an order allowing the administrative expense claim of Securian Life Insurance Company and Minnesota Life Insurance Company (together, "<u>Securian</u>"), and compelling immediate payment of all amounts allowed of that claim pursuant to 11 U.S.C. § 503(b)(1)(A); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and adequate notice of the Motion having been given under the circumstances, and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is Granted as set forth herein.

2. Securian is hereby granted an administrative expense claim pursuant to Section 503(b)(1)(A) of the Bankruptcy Code in an amount equal to $2,026,298.78 (the "<u>Securian Administrative Claim</u>").

3. The Debtors are directed to immediately pay the Securian Administrative Claim within three (3) days of the entry of this Order.

4. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October ___, 2019
White Plains, NY

_____
Honorable Robert D. Drain
United States Bankruptcy Judge

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2