**Hearing Date and Time:  November 20, 2019 at 10:00 a.m. (Eastern Time)**
**Response Deadline:  October 16, 2019 at 4:00 p.m. (Eastern Time)**

---

**THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY, IN FULL OR IN PART, FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, KYLE J. TUMSUDEN, ESQ., AT (212) 735-4600.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

--------------------------------------------------------- x

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF HEARING ON DEBTORS' NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

**PLEASE TAKE NOTICE** that, on September 25, 2019, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Ninth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reclassify in its entirety one or more proofs of claim listed on **Exhibit A** annexed to this Notice (the "**Proofs of Claim**" or "**Claims**"), on the ground(s) that such Claim(s) does not satisfy the requirements for administrative expense priority under section 503(b) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed to this Notice as **Exhibit B**, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the reclassification of a Proof of Claim without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the reclassification of its applicable Claim(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the reclassification of its applicable Claim(s), then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **October 16, 2019, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received. A Response will be deemed timely filed, served, and received only if the original Response is <u>actually</u> <u>received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal,

& Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **November 20, 2019, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT reclassify the Claims listed on **Exhibit A**, the Debtors retain the right to object on other grounds to the Claim(s) (or to any other Claim(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears. **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated: September 26, 2019
New York, New York

/s/ Garrett Fail
_____

Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

**Schedule of Claims to be Reclassified as General Unsecured Claims**

Debtors' Ninth Omnibus Objection to Claims

In re: Sears Holdings Corporation, *et al.*

Exhibit A - Reclassified Claims

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| | | | **Schedule of 503(b)(9) and Administrative Claims to be Reclassified*** | | | | |
| 1. | 2401 South Stemmons, LLC | 5650 | Sears Holdings Management Corporation | $13,833.32 | | $13,833.32 | The Claim does not relate to the receipt of "goods". |
| 2. | 310 Carolina St LLC | 5071 | California Builder Appliances, Inc. | $11,928.05 | | $11,928.05 | The Claim does not relate to the receipt of "goods". |
| 3. | ADRIAN CITY SUMMER | 14404 | Sears Holdings Corporation | $13,170.17 | | $13,170.17 | The Claim does not relate to the receipt of "goods". |
| 4. | CURA, LAURIE | 12705 | Sears Holdings Corporation | | Unliquidated | Entire Claim | The Claim relates to prepetition period. |
| 5. | Eric Jay Ltd | 16591 | Kmart Holding Corporation | $102,053.70 | | $102,053.70 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 6. | EXTERIORS BY DESIGN, INC. DBA CALIFORNIA COMMERCIAL ROOFING SYSTEMS | 9832 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim does not relate to the receipt of "goods". |
| 7. | Forklifts ETC | 15134 | Sears Holdings Corporation | $1,962.70 | | $1,962.70 | The Claim does not relate to the receipt of "goods". |
| 8. | FULLER, CONNIE | 11348 | Sears Holdings Corporation | $1,314.09 | | $1,314.09 | The Claim does not relate to the receipt of "goods". |
| 9. | IZUO BROTHERS LTD | 16376 | Sears Holdings Corporation | $1,727.35 | | $1,727.35 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 10. | J & M SALES CO INC (A GALLO & CO. LLC) | 12731 | Kmart Corporation | $128.07 | | $128.07 | The Claim does not relate to the receipt of "goods". |
| 11. | Kidiway Inc. | 3881 | Sears Holdings Corporation | $11,250.00 | | $11,250.00 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 12. | KRAUSE WATCH CO. | 1477 | Sears Holdings Corporation | $8,164.00 | | $8,164.00 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 13. | LBG Distribution, Inc. | 2805 | Sears Home & Business Franchises, Inc. | $7,229.14 | | $7,229.14 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 14. | Lux-Bed | 4889 | Sears Holdings Corporation | $549.71 | | $549.71 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Ninth Omnibus Objection to Claims

In re: Sears Holdings Corporation, *et al.*

Exhibit A - Reclassified Claims

Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
|  | **Schedule of 503(b)(9) and Administrative Claims to be Reclassified*** |
| **Ref #** | **Name of Claimant** | **Proof of Claim No. to be Reclassified** | **Asserted Debtor** | **Asserted 503(b)(9) Priority** | **Asserted Administrative Priority** | **Amount Reclassified as General Unsecured Claim** | **Reason for Proposed Reclassification** |
| 15. | MAYO, LOUISE H. | 18293 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim does not relate to the receipt of "goods". |
| 16. | Mays, Charnelle L | 10688 | Sears Holdings Corporation | $47,000.00 | | $47,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 17. | MCCOWAN, BETTY | 14933 | Sears Holdings Corporation | $4,000.00 | | $4,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 18. | McCullen, Alicia K. | 6694 | Sears Holdings Corporation | $57.80 | | $57.80 | The Claim does not relate to the receipt of "goods". |
| 19. | MCGRAW, THEDORE & MARJORIE | 10305 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 20. | McLane Company, Inc. | 17756 | Kmart Corporation | $727,566.65 | | $727,566.65 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 21. | Mead Johnson Nutrition (Puerto Rico) INC | 6556 | Sears Holdings Corporation | $7,888.21 | | $7,888.21 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 22. | Melissa, Coy | 10440 | Sears Holdings Corporation | $299.99 | | $299.99 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 23. | MELTON, KORY | 14527 | Sears Holdings Corporation | $800.00 | | $800.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 24. | MINTER, JONIE | 14078 | Sears Home Improvement Products, Inc. | $5,000.00 | | $5,000.00 | The Claim does not relate to the receipt of "goods". |
| 25. | Mitsuyuki, Stanley | 10052 | Sears Holdings Corporation | $36.65 | | $36.65 | The Claim does not relate to the receipt of "goods". |
| 26. | MONROE, BARBARA | 11535 | Sears Home Improvement Products, Inc. | $3,706.73 | | $3,706.73 | The Claim does not relate to the receipt of "goods". |
| 27. | MORGAN, ERICA | 11003 | Sears Holdings Corporation | $2,700.00 | | $2,700.00 | The Claim does not relate to the receipt of "goods". |
| 28. | NORCELL, INC | 4747 | Sears Holdings Publishing Company, LLC | $174,378.38 | | $174,378.38 | The Claim does not relate to the receipt of "goods". |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Ninth Omnibus Objection to Claims

In re: Sears Holdings Corporation, *et al.*

Exhibit A - Reclassified Claims

Case No. 18-23538 (RDD)

| | | | Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
| 29. | ODOM, QUANTINA | 11600 | Sears Home Improvement Products, Inc. | $10,518.42 | | $10,518.42 | The Claim does not relate to the receipt of "goods". |
| 30. | Otaguro, Kelvin | 11582 | Sears Holdings Corporation | $346.81 | | $346.81 | The Claim does not relate to the receipt of "goods". |
| 31. | Pacheco Suarez, Edlyn C | 12636 | Kmart Corporation | $10.41 | | $10.41 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 32. | Palacios, Yacleyda | 13082 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 33. | PAUL, CURTES | 11618 | Sears Holdings Corporation | $6,000.00 | | $6,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 34. | POKE, SABRINA J. | 13230 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 35. | Quality Parking Lot Services | 4759 | Sears Holdings Corporation | $1,429.32 | | $1,429.32 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 36. | Randolph, Debra | 12678 | Sears Holdings Corporation | $5,000.00 | | $5,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 37. | Reyes Jr, Rodrigo | 14208 | Sears Holdings Corporation | $2,101.53 | | $2,101.53 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 38. | RIFE, JENNIFER | 12550 | Kmart Corporation | $15.00 | | $15.00 | The Claim does not relate to the receipt of "goods". |
| 39. | Robert J. Clancey, Ltd. | 4473 | Sears Holdings Corporation | $769.78 | | $769.78 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 40. | ROBERT J. CLANCEY, LTD. | 11096 | Sears Holdings Corporation | $39,235.23 | | $39,235.23 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 41. | ROBERTS, CHRISTINA | 10880 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 42. | ROBINS, DESHONA O. | 17725 | Sears Holdings Corporation | $43,592.91 | | $43,592.91 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Ninth Omnibus Objection to Claims

Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| | | | Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | | |
| 43. | ROMERO, ADELA | 11529 | Sears Holdings Corporation | $15,000.00 | | $15,000.00 | The Claim does not relate to the receipt of "goods". |
| 44. | RYAN, JANE | 11738 | Sears Holdings Corporation | $29,602.77 | | $29,602.77 | The Claim does not relate to the receipt of "goods". |
| 45. | SAMI, MARIA | 14320 | Sears Holdings Corporation | $2,900.00 | | $2,900.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 46. | SELIG ENTERPRISES, INC. | 16277 | Kmart Corporation | $114,804.53 | | $114,804.53 | The Claim does not relate to the receipt of "goods". |
| 47. | Smith III, Terry Rexall | 10234 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 48. | Southwest Sign Group, Inc. | 16578 | Sears Holdings Management Corporation | $371,576.16 | | $371,576.16 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 49. | SWB LDG | 10942 | Sears Holdings Corporation | $10,000.00 | | $10,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 50. | Tellez, Gabriel | 12558 | Sears Home Improvement Products, Inc. | $2,990.00 | | $2,990.00 | The Claim does not relate to the receipt of "goods". |
| 51. | The State News, Inc. a non-profit company | 8697 | Sears Holdings Corporation | $16,000.00 | | $16,000.00 | The Claim does not relate to the receipt of "goods". |
| 52. | Toma, Jean | 8523 | Sears Holdings Corporation | $12.98 | | $12.98 | The Claim does not relate to the receipt of "goods". |
| 53. | TRAWICK, SARAH | 12938 | Kmart Holding Corporation | $1,300.00 | | $1,300.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 54. | Valassis Direct Mail, Inc | 7911 | Sears, Roebuck and Co. | $3,858.37 | | $3,858.37 | The Claim does not relate to the receipt of "goods". |
| 55. | VILLEGAS, VAN | 13567 | Sears Home Improvement Products, Inc. | $7,500.00 | | $7,500.00 | The Claim does not relate to the receipt of "goods". |
| 56. | WASHINGTON, MARY | 9904 | Sears Home Improvement Products, Inc. | $14,282.31 | | $14,282.31 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

4

**Exhibit B**

**Claims Hearing Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

   The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## Claims Hearing Procedures

1.  Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.  The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.  The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.  The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

    (i)   For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

    (ii)  For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as <u>**Exhibit 2**</u> (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.  Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.  The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.  The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.  **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## DEBTORS' NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

> **THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY, IN FULL OR IN PART, CERTAIN PORTIONS OF FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS.  CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**
>
> **IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DEBTORS' COUNSEL, KYLE J. TUMSUDEN, ESQ., AT (212) 735-4600.**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

### Background

1.       Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.       The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.       On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors'*

*Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.     On September 13, 2019, the Debtors filed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5139).

6.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

## Jurisdiction

7.     This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.     The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order, substantially in the form annexed to the Objection as **Exhibit B** (the "**Proposed Order**"), reclassifying the asserted administrative expense priority and amounts of the Claims, as listed on **Exhibit A** annexed to the Objection (the "**Reclassified Claims**"), as General Unsecured Claims (as defined in the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5139).

9.     The Debtors preserve their rights to later object to any Reclassified Claim as to which the Bankruptcy Court does not grant the relief requested herein on any other basis.  This Objection

---

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

does not constitute an admission or acknowledgement by the Debtors that any of the Reclassified Claims should be allowed.

### The Reclassified Claims Should Be Reclassified as General Unsecured Claims

10.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at \*9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at \*1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at \*3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at \*5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at \*15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

11.    In addition, a Claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

12.    Section 503(b) of the Bankruptcy Code provides, in pertinent part, that:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> > (1) (A) the actual, necessary costs and expenses of preserving the estate . . . ;
> >
> > (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(1), (9). Section 503(b)(1)(A) applies only to postpetition expenses that are actual and necessary for preserving the estate. *See* 11 U.S.C. § 503(b)(1)(A); *see also Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) (providing that "an expense is administrative if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession"); *In re Grubb & Ellis Co.*, 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012) (same). Section 503(b)(9) applies only to claims relating to "goods" received by a debtor and requires such goods to have been received by the debtor in the ordinary course of business within twenty days prior to the commencement of the bankruptcy filing. *See id.; see also In re Great Atl. & Pac. Tea Co., Inc.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Oct. 25, 2012) (ECF No. 4589), *aff'd In re Great Atl. & Pac. Tea Co., Inc.*, 538 B.R. 666, 674 (S.D.N.Y. 2015) (describing the applicable definition of goods, which generally does not include services or other non-tangible and non-moveable items); *In re GIC Gov't Sec.*, 64 B.R. 161 (Bankr. M.D. Fla. 1986) (same).

13.    As set forth more specifically on **Exhibit A**, the Claimants asserting the Reclassified Claims assert that such Claims are entitled to administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

14.    The Debtors have reviewed the Claims set forth on **Exhibit A** and determined, for the reasons set forth under the heading "*Reason for Proposed Reclassification*" on **Exhibit A** to this Objection, that each of the Reclassified Claims improperly asserts that such Claim is entitled to administrative expense priority.

15.     As each of the Reclassified Claims does not satisfy the requirements for administrative expense priority under section 503(b), the Debtors seek entry of the Proposed Order reclassifying the Reclassified Claims to General Unsecured Claims (to the extent reflected on **Exhibit A**).

### Reservation of Rights

16.     The Debtors hereby reserve the right to object in the future to any of the Proofs of Claim subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a Claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

### Notice

17.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as is just.

Dated: September 26, 2019
      New York, New York

/s/ Garrett Fail
   Ray C. Schrock, P.C.
   Jacqueline Marcus
   Garrett A. Fail
   Sunny Singh
   WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
   New York, New York  10153
   Telephone:  (212) 310-8000
   Facsimile:  (212) 310-8007

   *Attorneys for Debtors*
   *and Debtors in Possession*

## **Exhibit A**

**Schedule of Claims to be Reclassified as General Unsecured Claims**

Debtors' Ninth Omnibus Objection to Claims

**Exhibit A - Reclassified Claims**

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| 1. | 2401 South Stemmons, LLC | 5650 | Sears Holdings Management Corporation | $13,833.32 | | $13,833.32 | The Claim does not relate to the receipt of "goods". |
| 2. | 310 Carolina St LLC | 5071 | California Builder Appliances, Inc. | $11,928.05 | | $11,928.05 | The Claim does not relate to the receipt of "goods". |
| 3. | ADRIAN CITY SUMMER | 14404 | Sears Holdings Corporation | $13,170.17 | | $13,170.17 | The Claim does not relate to the receipt of "goods". |
| 4. | CURA, LAURIE | 12705 | Sears Holdings Corporation | | Unliquidated | Entire Claim | The Claim relates to prepetition period. |
| 5. | Eric Jay Ltd | 16591 | Kmart Holding Corporation | $102,053.70 | | $102,053.70 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 6. | EXTERIORS BY DESIGN, INC. DBA CALIFORNIA COMMERCIAL ROOFING SYSTEMS | 9832 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim does not relate to the receipt of "goods". |
| 7. | Forklifts ETC | 15134 | Sears Holdings Corporation | $1,962.70 | | $1,962.70 | The Claim does not relate to the receipt of "goods". |
| 8. | FULLER, CONNIE | 11348 | Sears Holdings Corporation | $1,314.09 | | $1,314.09 | The Claim does not relate to the receipt of "goods". |
| 9. | IZUO BROTHERS LTD | 16376 | Sears Holdings Corporation | $1,727.35 | | $1,727.35 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 10. | J & M SALES CO INC (A GALLO & CO. LLC) | 12731 | Kmart Corporation | $128.07 | | $128.07 | The Claim does not relate to the receipt of "goods". |
| 11. | Kidiway Inc. | 3881 | Sears Holdings Corporation | $11,250.00 | | $11,250.00 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 12. | KRAUSE WATCH CO. | 1477 | Sears Holdings Corporation | $8,164.00 | | $8,164.00 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 13. | LBG Distribution, Inc. | 2805 | Sears Home & Business Franchises, Inc. | $7,229.14 | | $7,229.14 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 14. | Lux-Bed | 4889 | Sears Holdings Corporation | $549.71 | | $549.71 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

1

Debtors' Ninth Omnibus Objection to Claims

Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | | | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
| 15. | MAYO, LOUISE H. | 18293 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim does not relate to the receipt of "goods". |
| 16. | Mays, Charnelle L | 10688 | Sears Holdings Corporation | $47,000.00 | | $47,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 17. | MCCOWAN, BETTY | 14933 | Sears Holdings Corporation | $4,000.00 | | $4,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 18. | McCullen, Alicia K. | 6694 | Sears Holdings Corporation | $57.80 | | $57.80 | The Claim does not relate to the receipt of "goods". |
| 19. | MCGRAW, THEDORE & MARJORIE | 10305 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 20. | McLane Company, Inc. | 17756 | Kmart Corporation | $727,566.65 | | $727,566.65 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 21. | Mead Johnson Nutrition (Puerto Rico) INC | 6556 | Sears Holdings Corporation | $7,888.21 | | $7,888.21 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 22. | Melissa, Coy | 10440 | Sears Holdings Corporation | $299.99 | | $299.99 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 23. | MELTON, KORY | 14527 | Sears Holdings Corporation | $800.00 | | $800.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 24. | MINTER, JONIE | 14078 | Sears Home Improvement Products, Inc. | $5,000.00 | | $5,000.00 | The Claim does not relate to the receipt of "goods". |
| 25. | Mitsuyuki, Stanley | 10052 | Sears Holdings Corporation | $36.65 | | $36.65 | The Claim does not relate to the receipt of "goods". |
| 26. | MONROE, BARBARA | 11535 | Sears Home Improvement Products, Inc. | $3,706.73 | | $3,706.73 | The Claim does not relate to the receipt of "goods". |
| 27. | MORGAN, ERICA | 11003 | Sears Holdings Corporation | $2,700.00 | | $2,700.00 | The Claim does not relate to the receipt of "goods". |
| 28. | NORCELL, INC | 4747 | Sears Holdings Publishing Company, LLC | $174,378.38 | | $174,378.38 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

2

Debtors' Ninth Omnibus Objection to Claims

In re: Sears Holdings Corporation, *et al.*

Exhibit A - Reclassified Claims

Case No. 18-23538 (RDD)

| | | | Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
| 29. | ODOM, QUANTINA | 11600 | Sears Home Improvement Products, Inc. | $10,518.42 | | $10,518.42 | The Claim does not relate to the receipt of "goods". |
| 30. | Otaguro, Kelvin | 11582 | Sears Holdings Corporation | $346.81 | | $346.81 | The Claim does not relate to the receipt of "goods". |
| 31. | Pacheco Suarez, Edlyn C | 12636 | Kmart Corporation | $10.41 | | $10.41 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 32. | Palacios, Yacleyda | 13082 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 33. | PAUL, CURTES | 11618 | Sears Holdings Corporation | $6,000.00 | | $6,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 34. | POKE, SABRINA J. | 13230 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 35. | Quality Parking Lot Services | 4759 | Sears Holdings Corporation | $1,429.32 | | $1,429.32 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 36. | Randolph, Debra | 12678 | Sears Holdings Corporation | $5,000.00 | | $5,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 37. | Reyes Jr, Rodrigo | 14208 | Sears Holdings Corporation | $2,101.53 | | $2,101.53 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 38. | RIFE, JENNIFER | 12550 | Kmart Corporation | $15.00 | | $15.00 | The Claim does not relate to the receipt of "goods". |
| 39. | Robert J. Clancey, Ltd. | 4473 | Sears Holdings Corporation | $769.78 | | $769.78 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 40. | ROBERT J. CLANCEY, LTD. | 11096 | Sears Holdings Corporation | $39,235.23 | | $39,235.23 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 41. | ROBERTS, CHRISTINA | 10880 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 42. | ROBINS, DESHONA O. | 17725 | Sears Holdings Corporation | $43,592.91 | | $43,592.91 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Ninth Omnibus Objection to Claims

Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | |
| 43. | ROMERO, ADELA | 11529 | Sears Holdings Corporation | $15,000.00 | | $15,000.00 | The Claim does not relate to the receipt of "goods". |
| 44. | RYAN, JANE | 11738 | Sears Holdings Corporation | $29,602.77 | | $29,602.77 | The Claim does not relate to the receipt of "goods". |
| 45. | SAMI, MARIA | 14320 | Sears Holdings Corporation | $2,900.00 | | $2,900.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 46. | SELIG ENTERPRISES, INC. | 16277 | Kmart Corporation | $114,804.53 | | $114,804.53 | The Claim does not relate to the receipt of "goods". |
| 47. | Smith III, Terry Rexall | 10234 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 48. | Southwest Sign Group, Inc. | 16578 | Sears Holdings Management Corporation | $371,576.16 | | $371,576.16 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 49. | SWB LDG | 10942 | Sears Holdings Corporation | $10,000.00 | | $10,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 50. | Tellez, Gabriel | 12558 | Sears Home Improvement Products, Inc. | $2,990.00 | | $2,990.00 | The Claim does not relate to the receipt of "goods". |
| 51. | The State News, Inc. a non-profit company | 8697 | Sears Holdings Corporation | $16,000.00 | | $16,000.00 | The Claim does not relate to the receipt of "goods". |
| 52. | Toma, Jean | 8523 | Sears Holdings Corporation | $12.98 | | $12.98 | The Claim does not relate to the receipt of "goods". |
| 53. | TRAWICK, SARAH | 12938 | Kmart Holding Corporation | $1,300.00 | | $1,300.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 54. | Valassis Direct Mail, Inc | 7911 | Sears, Roebuck and Co. | $3,858.37 | | $3,858.37 | The Claim does not relate to the receipt of "goods". |
| 55. | VILLEGAS, VAN | 13567 | Sears Home Improvement Products, Inc. | $7,500.00 | | $7,500.00 | The Claim does not relate to the receipt of "goods". |
| 56. | WASHINGTON, MARY | 9904 | Sears Home Improvement Products, Inc. | $14,282.31 | | $14,282.31 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

4

## Exhibit B

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' NINTH
### OMNIBUS OBJECTION TO PROOFS OF CLAIM
### (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Debtors' Ninth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)*, filed September 25, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Reclassified Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to them in the Objection.

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the

Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the relief requested in the Objection having been provided, and it appearing that no other

or further notice need be provided in accordance with the Amended Case Management Order; and such

notice having been adequate and appropriate under the circumstances, and it appearing that other or further

notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested

in the Objection on November 20, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon

all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined

that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and

after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each

Reclassified Claim listed on **Exhibit 1** annexed to this Order are reclassified as General Unsecured Claims

(to the extent reflected on **Exhibit 1**).

3.      Nothing herein shall constitute an admission or finding concerning the amount or

validity of any of the Reclassified Claims.

4.      The rights of the Debtors to assert further objections to the Reclassified Claims, in

whole or in part, and on any basis, are fully preserved.

5.      This Order has no res judicata, estoppel, or other effect on the validity, allowance,

or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect

to any claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

6.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.      The terms and conditions of this Order are effective immediately upon entry.


Dated:   _____, 2019
         White Plains, New York


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Reclassified Claims**

Debtors' Ninth Omnibus Objection to Claims

Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | | | Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
| 1. | 2401 South Stemmons, LLC | 5650 | Sears Holdings Management Corporation | $13,833.32 | | $13,833.32 | The Claim does not relate to the receipt of "goods". |
| 2. | 310 Carolina St LLC | 5071 | California Builder Appliances, Inc. | $11,928.05 | | $11,928.05 | The Claim does not relate to the receipt of "goods". |
| 3. | ADRIAN CITY SUMMER | 14404 | Sears Holdings Corporation | $13,170.17 | | $13,170.17 | The Claim does not relate to the receipt of "goods". |
| 4. | CURA, LAURIE | 12705 | Sears Holdings Corporation | | Unliquidated | Entire Claim | The Claim relates to prepetition period. |
| 5. | Eric Jay Ltd | 16591 | Kmart Holding Corporation | $102,053.70 | | $102,053.70 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 6. | EXTERIORS BY DESIGN, INC. DBA CALIFORNIA COMMERCIAL ROOFING SYSTEMS | 9832 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim does not relate to the receipt of "goods". |
| 7. | Forklifts ETC | 15134 | Sears Holdings Corporation | $1,962.70 | | $1,962.70 | The Claim does not relate to the receipt of "goods". |
| 8. | FULLER, CONNIE | 11348 | Sears Holdings Corporation | $1,314.09 | | $1,314.09 | The Claim does not relate to the receipt of "goods". |
| 9. | IZUO BROTHERS LTD | 16376 | Sears Holdings Corporation | $1,727.35 | | $1,727.35 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 10. | J & M SALES CO INC (A GALLO & CO. LLC) | 12731 | Kmart Corporation | $128.07 | | $128.07 | The Claim does not relate to the receipt of "goods". |
| 11. | Kidiway Inc. | 3881 | Sears Holdings Corporation | $11,250.00 | | $11,250.00 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 12. | KRAUSE WATCH CO. | 1477 | Sears Holdings Corporation | $8,164.00 | | $8,164.00 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 13. | LBG Distribution, Inc. | 2805 | Sears Home & Business Franchises, Inc. | $7,229.14 | | $7,229.14 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 14. | Lux-Bed | 4889 | Sears Holdings Corporation | $549.71 | | $549.71 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Ninth Omnibus Objection to Claims

Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
|  | **Schedule of 503(b)(9) and Administrative Claims to be Reclassified*** |||||||
| **Ref #** | **Name of Claimant** | **Proof of Claim No. to be Reclassified** | **Asserted Debtor** | **Asserted 503(b)(9) Priority** | **Asserted Administrative Priority** | **Amount Reclassified as General Unsecured Claim** | **Reason for Proposed Reclassification** |
| 15. | MAYO, LOUISE H. | 18293 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim does not relate to the receipt of "goods". |
| 16. | Mays, Charnelle L | 10688 | Sears Holdings Corporation | $47,000.00 | | $47,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 17. | MCCOWAN, BETTY | 14933 | Sears Holdings Corporation | $4,000.00 | | $4,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 18. | McCullen, Alicia K. | 6694 | Sears Holdings Corporation | $57.80 | | $57.80 | The Claim does not relate to the receipt of "goods". |
| 19. | MCGRAW, THEDORE & MARJORIE | 10305 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 20. | McLane Company, Inc. | 17756 | Kmart Corporation | $727,566.65 | | $727,566.65 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 21. | Mead Johnson Nutrition (Puerto Rico) INC | 6556 | Sears Holdings Corporation | $7,888.21 | | $7,888.21 | The Claim relates to goods received by the Debtors outside the applicable 20-day window. |
| 22. | Melissa, Coy | 10440 | Sears Holdings Corporation | $299.99 | | $299.99 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 23. | MELTON, KORY | 14527 | Sears Holdings Corporation | $800.00 | | $800.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 24. | MINTER, JONIE | 14078 | Sears Home Improvement Products, Inc. | $5,000.00 | | $5,000.00 | The Claim does not relate to the receipt of "goods". |
| 25. | Mitsuyuki, Stanley | 10052 | Sears Holdings Corporation | $36.65 | | $36.65 | The Claim does not relate to the receipt of "goods". |
| 26. | MONROE, BARBARA | 11535 | Sears Home Improvement Products, Inc. | $3,706.73 | | $3,706.73 | The Claim does not relate to the receipt of "goods". |
| 27. | MORGAN, ERICA | 11003 | Sears Holdings Corporation | $2,700.00 | | $2,700.00 | The Claim does not relate to the receipt of "goods". |
| 28. | NORCELL, INC | 4747 | Sears Holdings Publishing Company, LLC | $174,378.38 | | $174,378.38 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' Ninth Omnibus Objection to Claims**

**Exhibit 1 - Reclassified Claims**

*In re: Sears Holdings Corporation, et al.*

**Case No. 18-23538 (RDD)**

| | | | | | | |
|---|---|---|---|---|---|---|
|  | | | **Schedule of 503(b)(9) and Administrative Claims to be Reclassified*** | | | |
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| 29. | ODOM, QUANTINA | 11600 | Sears Home Improvement Products, Inc. | $10,518.42 | | $10,518.42 | The Claim does not relate to the receipt of "goods". |
| 30. | Otaguro, Kelvin | 11582 | Sears Holdings Corporation | $346.81 | | $346.81 | The Claim does not relate to the receipt of "goods". |
| 31. | Pacheco Suarez, Edlyn C | 12636 | Kmart Corporation | $10.41 | | $10.41 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 32. | Palacios, Yacleyda | 13082 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 33. | PAUL, CURTES | 11618 | Sears Holdings Corporation | $6,000.00 | | $6,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 34. | POKE, SABRINA J. | 13230 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 35. | Quality Parking Lot Services | 4759 | Sears Holdings Corporation | $1,429.32 | | $1,429.32 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 36. | Randolph, Debra | 12678 | Sears Holdings Corporation | $5,000.00 | | $5,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 37. | Reyes Jr, Rodrigo | 14208 | Sears Holdings Corporation | $2,101.53 | | $2,101.53 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 38. | RIFE, JENNIFER | 12550 | Kmart Corporation | $15.00 | | $15.00 | The Claim does not relate to the receipt of "goods". |
| 39. | Robert J. Clancey, Ltd. | 4473 | Sears Holdings Corporation | $769.78 | | $769.78 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 40. | ROBERT J. CLANCEY, LTD. | 11096 | Sears Holdings Corporation | $39,235.23 | | $39,235.23 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 41. | ROBERTS, CHRISTINA | 10880 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 42. | ROBINS, DESHONA O. | 17725 | Sears Holdings Corporation | $43,592.91 | | $43,592.91 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Ninth Omnibus Objection to Claims

Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | |
| 43. | ROMERO, ADELA | 11529 | Sears Holdings Corporation | $15,000.00 | | $15,000.00 | The Claim does not relate to the receipt of "goods". |
| 44. | RYAN, JANE | 11738 | Sears Holdings Corporation | $29,602.77 | | $29,602.77 | The Claim does not relate to the receipt of "goods". |
| 45. | SAMI, MARIA | 14320 | Sears Holdings Corporation | $2,900.00 | | $2,900.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 46. | SELIG ENTERPRISES, INC. | 16277 | Kmart Corporation | $114,804.53 | | $114,804.53 | The Claim does not relate to the receipt of "goods". |
| 47. | Smith III, Terry Rexall | 10234 | Sears Holdings Corporation | Unliquidated | | Entire Claim | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 48. | Southwest Sign Group, Inc. | 16578 | Sears Holdings Management Corporation | $371,576.16 | | $371,576.16 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 49. | SWB LDG | 10942 | Sears Holdings Corporation | $10,000.00 | | $10,000.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 50. | Tellez, Gabriel | 12558 | Sears Home Improvement Products, Inc. | $2,990.00 | | $2,990.00 | The Claim does not relate to the receipt of "goods". |
| 51. | The State News, Inc. a non-profit company | 8697 | Sears Holdings Corporation | $16,000.00 | | $16,000.00 | The Claim does not relate to the receipt of "goods". |
| 52. | Toma, Jean | 8523 | Sears Holdings Corporation | $12.98 | | $12.98 | The Claim does not relate to the receipt of "goods". |
| 53. | TRAWICK, SARAH | 12938 | Kmart Holding Corporation | $1,300.00 | | $1,300.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |
| 54. | Valassis Direct Mail, Inc | 7911 | Sears, Roebuck and Co. | $3,858.37 | | $3,858.37 | The Claim does not relate to the receipt of "goods". |
| 55. | VILLEGAS, VAN | 13567 | Sears Home Improvement Products, Inc. | $7,500.00 | | $7,500.00 | The Claim does not relate to the receipt of "goods". |
| 56. | WASHINGTON, MARY | 9904 | Sears Home Improvement Products, Inc. | $14,282.31 | | $14,282.31 | The Claim does not relate to the receipt of "goods". |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

4

| Schedule of 503(b)(9) and Administrative Claims to be Reclassified* | | | | | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Asserted Administrative Priority | Amount Reclassified as General Unsecured Claim | Reason for Proposed Reclassification |
| 57. | WESTON, DAVID | 11704 | Sears Holdings Corporation | $270.00 | | $270.00 | The Claim does not relate to the receipt of "goods". |
| 58. | WILLIAMS, LINDA | 16868 | Sears, Roebuck and Co. | $5,000.00 | | $5,000.00 | The Claim does not relate to the receipt of "goods". |
| 59. | WILLIAMS, RHONDA | 16940 | Sears Home Improvement Products, Inc. | $10,892.06 | | $10,892.06 | The Claim does not relate to the receipt of "goods". |
| 60. | WINFREY, TYRONE E | 13141 | Sears Home Improvement Products, Inc. | $8,959.75 | | $8,959.75 | The Claim does not relate to the receipt of "goods". |
| 61. | WINFREY, TYRONE E | 13750 | Sears Holdings Corporation | $2,892.39 | | $2,892.39 | The Claim does not relate to the receipt of "goods". |
| 62. | YOUNG, ELAINE | 18654 | Sears Holdings Corporation | $1,500.00 | | $1,500.00 | The Claim provides no basis and no support for the asserted 503(b)(9) priority. |