Hearing Date and Time:  November 20, 2019 at 10:00 a.m. (Eastern Time)
Response Deadline:  October 16, 2019 at 4:00 p.m. (Eastern Time)

---

**THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM SHOULD REVIEW THE OMNIBUS OBJECTION AND THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THEIR NAME(S) ARE IDENTIFIED THEREIN AND WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ALEX LEWITT, ESQ., AT (212) 310-8608.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

In re                                        :          **Chapter 11**
                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,    :          **Case No. 18-23538 (RDD)**
                                             :
            **Debtors.**[1]                  :          **(Jointly Administered)**

--------------------------------------------------------- x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON DEBTORS' TENTH OMNIBUS OBJECTION
## TO PROOFS OF CLAIM (TO RECLASSIFY CERTAIN CLAIMS)

**PLEASE TAKE NOTICE** that, on September 25, 2019, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reclassify certain the proofs of claim listed on **Exhibit A** annexed to this Notice (the "**Asserted Priority Claims**" or "**Claims**"), on the ground(s) that such Claim(s) does not satisfy the requirements for administrative expense priority under section 503(b)(9) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed to this Notice as **Exhibit B**, shall apply and govern the Objection.  The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods.  Therefore, please review the Claims Hearing Procedures carefully.  Failure to comply with the Claims Hearing Procedures may result in the reclassification of a Proof of Claim without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the reclassification of its applicable Claim(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the reclassification of its applicable Claim(s), then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **October 16, 2019, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received.  A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **November 20, 2019 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT reclassify the Claims listed on **Exhibit A**, the Debtors retain the right to object on other grounds to the Claim(s) (or to any other Claim(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears. **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated:  September 26, 2019
      New York, New York

/s/ Garrett Fail
_____
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

**Asserted Priority Claims to be Reclassified as General Unsecured Claims**

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | **Reclassified Claims [1]** | | | | | | |
| 1. | A&A (H.K.) Industrial Limited | 12277 | Asserted | $258,263.40 | | | | $392,749.97 | $651,013.37 |
| | | | Surviving | $15,961.80 | | | | $635,051.57 | $651,013.37 |
| 2. | A&A HK INDUSTRIAL LIMITED | 12330 | Asserted | $284,571.90 | | | | $198,341.90 | $482,913.80 |
| | | | Surviving | $29,718.40 | | | | $453,195.40 | $482,913.80 |
| 3. | ALLURE HOME CREATION CO., INC | 2518 | Asserted | $2,142.60 | | | | $30,343.42 | $32,486.02 |
| | | | Surviving | $1,169.16 | | | | $31,316.86 | $32,486.02 |
| 4. | Allure Home Creation Co., Inc | 3516 | Asserted | $29,067.58 | | | | $566,840.54 | $595,908.12 |
| | | | Surviving | $20,261.42 | | | | $575,646.70 | $595,908.12 |
| 5. | Arca Industrial (NJ), Inc. | 2957 | Asserted | $66,186.90 | $439,028.58 | | | $29,580.00 | $534,795.48 |
| | | | Surviving | $58,521.60 | $439,028.58 | | | $37,245.30 | $534,795.48 |
| 6. | Arca Industrial (NJ), Inc. | 5167 | Asserted | $190,557.75 | $465,046.95 | | | $76,150.35 | $731,755.05 |
| | | | Surviving | $96,385.38 | $465,046.95 | | | $170,322.72 | $731,755.05 |
| 7. | Asia Socks Inc | 8568 | Asserted | $173,945.46 | | | | | $173,945.46 |
| | | | Surviving | $0.00 | | | | $173,945.46 | $173,945.46 |
| 8. | Baby Coca for Wears and Textiles Co. | 1262 | Asserted | $157,059.12 | | | | | $157,059.12 |
| | | | Surviving | $0.00 | | | | $157,059.12 | $157,059.12 |
| 9. | Baby Coca for Wears and Textiles Co. | 1263 | Asserted | $24,986.64 | | | | | $24,986.64 |
| | | | Surviving | $0.00 | | | | $24,986.64 | $24,986.64 |
| 10. | Baby Coca for Wears and Textiles Co. | 1525 | Asserted | $74,968.26 | | | | | $74,968.26 |
| | | | Surviving | $0.00 | | | | $74,968.26 | $74,968.26 |
| 11. | Baby Coca for Wears and Textiles Co. | 1754 | Asserted | $137,756.24 | | | | | $137,756.24 |
| | | | Surviving | $0.00 | | | | $137,756.24 | $137,756.24 |
| 12. | Baby Coca for Wears and Textiles Co. | 1999 | Asserted | $116,651.44 | | | | | $116,651.44 |
| | | | Surviving | $0.00 | | | | $116,651.44 | $116,651.44 |
| 13. | Baby Coca for Wears and Textiles Co. | 2074 | Asserted | $55,594.28 | | | | | $55,594.28 |
| | | | Surviving | $0.00 | | | | $55,594.28 | $55,594.28 |
| 14. | Baby Coca for Wears and Textiles Co. | 2088 | Asserted | $266,050.25 | | | | | $266,050.25 |
| | | | Surviving | $0.00 | | | | $266,050.25 | $266,050.25 |
| 15. | Baby Coca for Wears and Textiles Co. | 2096 | Asserted | $93,984.82 | | | | | $93,984.82 |
| | | | Surviving | $0.00 | | | | $93,984.82 | $93,984.82 |
| 16. | Billion Best Industrial Limited | 8155 | Asserted | $153,488.65 | | | | $1,403,429.95 | $1,556,918.60 |
| | | | Surviving | $0.00 | | | | $1,556,918.60 | $1,556,918.60 |
| 17. | Billion Best Industrial Limited | 8156 | Asserted | $205,447.70 | | | | $1,053,362.20 | $1,258,809.90 |
| | | | Surviving | $29,743.18 | | | | $1,229,066.72 | $1,258,809.90 |
| 18. | BLANCOS PILESO SA DE CV | 6292 | Asserted | $79,221.44 | | | | | $79,221.44 |
| | | | Surviving | $0.00 | | | | $79,221.44 | $79,221.44 |
| 19. | Blancos Pileso SA DE CV | 6296 | Asserted | $20,941.80 | | | | | $20,941.80 |
| | | | Surviving | $0.00 | | | | $20,941.80 | $20,941.80 |
| 20. | BLANCOS PILESO SA DE CV | 6401 | Asserted | $11,730.19 | | | | | $11,730.19 |
| | | | Surviving | $0.00 | | | | $11,730.19 | $11,730.19 |
| 21. | E-Land Apparel Ltd | 1765 | Asserted | $162,269.10 | | | | | $162,269.10 |
| | | | Surviving | $71,103.50 | | | | $91,165.60 | $162,269.10 |
| 22. | E-Land Apparel Ltd | 2048 | Asserted | $69,690.70 | | | | | $69,690.70 |
| | | | Surviving | $34,209.50 | | | | $35,481.20 | $69,690.70 |
| 23. | ESJAY INTERNATIONAL PRIVATE LIMITED | 1411 | Asserted | $168,535.56 | | | | | $168,535.56 |
| | | | Surviving | $23,426.28 | | | | $145,109.28 | $168,535.56 |
| 24. | ESJAY INTERNATIONAL PRIVATE LIMITED | 2196 | Asserted | $71,171.85 | | | | | $71,171.85 |
| | | | Surviving | $20,554.98 | | | | $50,616.87 | $71,171.85 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | Reclassified Claims [1] | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 25. | FORTUNE CREATION COMPANY LIMITED | 6105 | Asserted | $171,175.20 | | | | | $171,175.20 |
| | | | Surviving | $0.00 | | | | $171,175.20 | $171,175.20 |
| 26. | FORTUNE CREATION COMPANY LIMITED | 6106 | Asserted | $100,389.60 | | | | | $100,389.60 |
| | | | Surviving | $0.00 | | | | $100,389.60 | $100,389.60 |
| 27. | FOUND DESIGN STUDIO LIMITED | 12890 | Asserted | $2,500.00 | | | | | $2,500.00 |
| | | | Surviving | $0.00 | | | | $2,500.00 | $2,500.00 |
| 28. | FUZHOU FUSHAN PNEUMATIC CO.,LTD. | 4541 | Asserted | $1,280,065.72 | | | | | $1,280,065.72 |
| | | | Surviving | $144,664.84 | | | | $1,135,400.88 | $1,280,065.72 |
| 29. | Gaia Group, Inc. | 4279 | Asserted | $12,600.00 | | | | $161,768.44 | $174,368.44 |
| | | | Surviving | $11,374.05 | | | | $162,994.39 | $174,368.44 |
| 30. | Giza Spinning and Weaving Co | 5772 | Asserted | $143,485.61 | | | | | $143,485.61 |
| | | | Surviving | $6,833.67 | | | | $136,651.94 | $143,485.61 |
| 31. | Hain Capital Investors Master Fund, Ltd as Transferee of BST International Fashion, Ltd | 7960 | Asserted | $1,781,633.92 | | | | | $1,781,633.92 |
| | | | Surviving | $0.00 | | | | $1,781,633.92 | $1,781,633.92 |
| 32. | Hain Capital Investors Master Fund, Ltd as Transferee of BST International Fashion, Ltd | 7967 | Asserted | $342,783.60 | | | | | $342,783.60 |
| | | | Surviving | $0.00 | | | | $342,783.60 | $342,783.60 |
| 33. | Hain Capital Investors Master Fund, Ltd as Transferee of Rio Sul S.A. de CV | 8878 | Asserted | $447,350.52 | | | | | $447,350.52 |
| | | | Surviving | $73,373.60 | | | | $373,976.92 | $447,350.52 |
| 34. | HANGZHOU IN-CHOICE IMPORT AND EXPORT CO., LTD | 4587 | Asserted | $283,341.12 | | | | | $283,341.12 |
| | | | Surviving | $0.00 | | | | $283,341.12 | $283,341.12 |
| 35. | HANGZHOU IN-CHOICE IMPORT AND EXPORT CO., LTD | 4588 | Asserted | $99,197.40 | | | | $259,956.96 | $359,154.36 |
| | | | Surviving | $0.00 | | | | $359,154.36 | $359,154.36 |
| 36. | Hangzhou In-Choice Import and Export Co., Ltd | 4609 | Asserted | $109,669.53 | | | | $216,378.64 | $326,048.17 |
| | | | Surviving | $0.00 | | | | $326,048.17 | $326,048.17 |
| 37. | Hangzhou In-Choice Import and Export Co., Ltd | 4616 | Asserted | $171,875.70 | | | | | $171,875.70 |
| | | | Surviving | $4,024.80 | | | | $167,850.90 | $171,875.70 |
| 38. | HK Sino-Thai Trading Company Ltd., | 1060 | Asserted | $318,718.62 | | | $89,700.00 | | $408,418.62 |
| | | | Surviving | $58,602.41 | | | $89,700.00 | $260,116.21 | $408,418.62 |
| 39. | Hong Kong City Toys Factory Limited | 1623 | Asserted | $361,005.45 | | | | | $361,005.45 |
| | | | Surviving | $0.00 | | | | $361,005.45 | $361,005.45 |
| 40. | House & Home Ltd | 492 | Asserted | $25,498.80 | | | | | $25,498.80 |
| | | | Surviving | $0.00 | | | | $25,498.80 | $25,498.80 |
| 41. | House & Home Ltd. | 790 | Asserted | $113,808.60 | | | | | $113,808.60 |
| | | | Surviving | $0.00 | | | | $113,808.60 | $113,808.60 |
| 42. | INFIILOOM INDIA PRIVATE LIMITED | 2924 | Asserted | $91,307.16 | | | | | $91,307.16 |
| | | | Surviving | $0.00 | | | | $91,307.16 | $91,307.16 |
| 43. | INFIILOOM INDIA PRIVATE LIMITED | 3181 | Asserted | $98,918.32 | | | | | $98,918.32 |
| | | | Surviving | $5,349.79 | | | | $93,568.53 | $98,918.32 |
| 44. | Jordache Enterprises, Inc. | 7845 | Asserted | $1,818,417.10 | | | | $2,365,623.20 | $4,184,040.30 |
| | | | Surviving | $1,138,752.56 | | | | $3,045,287.74 | $4,184,040.30 |
| 45. | MAYFAIR ACCESSORIES INTL LTD | 14249 | Asserted | $369,636.58 | | | | | $369,636.58 |
| | | | Surviving | $6,966.51 | | | | $362,670.07 | $369,636.58 |
| 46. | MAYFAIR ACCESSORIES INT'L LTD | 14127 | Asserted | $841,716.89 | | | | $1,453,395.97 | $2,295,112.86 |
| | | | Surviving | $5,529.60 | | | | $2,289,583.26 | $2,295,112.86 |
| 47. | MEENU CREATION LLP | 1546 | Asserted | $323,931.49 | | | | $217,973.28 | $541,904.77 |
| | | | Surviving | $277,048.49 | | | | $264,856.28 | $541,904.77 |
| 48. | MEENU CREATION LLP | 1852 | Asserted | $222,056.82 | | | | $65,489.81 | $287,546.63 |
| | | | Surviving | $146,201.82 | | | | $141,344.81 | $287,546.63 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| 49. | Mercuries Asia Ltd. | 247 | Asserted | $9,540.00 | | | | | $9,540.00 |
| | | | Surviving | $0.00 | | | | $9,540.00 | $9,540.00 |
| 50. | Mercuries Asia Ltd. | 279 | Asserted | $13,769.40 | | | | | $13,769.40 |
| | | | Surviving | $0.00 | | | | $13,769.40 | $13,769.40 |
| 51. | Mien Co., Ltd. | 17114 | Asserted | $1,568,020.48 | | | | $514,225.42 | $2,082,245.90 |
| | | | Surviving | $288,090.87 | | | | $1,794,155.03 | $2,082,245.90 |
| 52. | Mien Co., Ltd. | 18399 | Asserted | $1,397,577.88 | | | | $756,835.76 | $2,154,413.64 |
| | | | Surviving | $207,074.95 | | | | $1,947,338.69 | $2,154,413.64 |
| 53. | MKK Enterprises Corp (DUNS#86681326) | 810 | Asserted | $2,507,711.58 | | $182,172.90 | | $3,829,926.46 | $6,519,810.94 |
| | | | Surviving | $2,084,209.43 | | $182,172.90 | | $4,253,428.61 | $6,519,810.94 |
| 54. | MOVEIS K1 LTDA | 14222 | Asserted | $296,103.51 | | | $296,103.50 | | $592,207.01 |
| | | | Surviving | $0.00 | | | $296,103.50 | $296,103.51 | $592,207.01 |
| 55. | Nano Star Ventues Limited | 2274 | Asserted | $18,918.00 | | | | $235,963.59 | $254,881.59 |
| | | | Surviving | $9,427.47 | | | | $245,454.12 | $254,881.59 |
| 56. | One To One Garment Mfg., Ltd. | 1782 | Asserted | $1,123.20 | | | | $56,516.50 | $57,639.70 |
| | | | Surviving | $0.00 | | | | $57,639.70 | $57,639.70 |
| 57. | One To One Garment Mfg., Ltd. | 1960 | Asserted | $109,396.32 | | | | $136,892.94 | $246,289.26 |
| | | | Surviving | $0.00 | | | | $246,289.26 | $246,289.26 |
| 58. | Orient Craft Limited | 1135 | Asserted | $142,405.00 | | | | $50,985.00 | $193,390.00 |
| | | | Surviving | $0.00 | | | | $193,390.00 | $193,390.00 |
| 59. | ORIENT CRAFT LIMITED | 1142 | Asserted | $116,591.22 | | | | $79,398.00 | $195,989.22 |
| | | | Surviving | $0.00 | | | | $195,989.22 | $195,989.22 |
| 60. | P.K. Douglass Inc. | 8516 | Asserted | $30,778.80 | | | | | $30,778.80 |
| | | | Surviving | $14,076.00 | | | | $16,702.80 | $30,778.80 |
| 61. | PCL Co Limited | 10928 | Asserted | $829,191.84 | | | | $649,685.31 | $1,478,877.15 |
| | | | Surviving | $381,546.07 | | | | $1,097,331.08 | $1,478,877.15 |
| 62. | Pearl Global Industries Limited | 16366 | Asserted | $496,224.75 | | | | $457,099.53 | $953,324.28 |
| | | | Surviving | $351,286.07 | | | | $602,038.21 | $953,324.28 |
| 63. | Plumbing Technologies, LLC | 11179 | Asserted | $166,563.40 | | | | | $166,563.40 |
| | | | Surviving | $0.00 | | | | $166,563.40 | $166,563.40 |
| 64. | QUALITY HOUSE INT | 13284 | Asserted | $141,342.75 | | | | $642,984.39 | $784,327.14 |
| | | | Surviving | $62,324.18 | | | | $722,002.97 | $784,327.14 |
| 65. | R2P GROUP INC | 832 | Asserted | $421,463.96 | | | | | $421,463.96 |
| | | | Surviving | $121,913.28 | | | | $299,550.68 | $421,463.96 |
| 66. | Regency International Marketing Corp. | 349 | Asserted | $42,900.00 | | | | $412,695.32 | $455,595.32 |
| | | | Surviving | $22,800.00 | | | | $432,795.32 | $455,595.32 |
| 67. | Shanghai Fochier Intl Trade Co Ltd | 17158 | Asserted | $327,870.18 | | | | $130,036.25 | $457,906.43 |
| | | | Surviving | $69,925.68 | | | | $387,980.75 | $457,906.43 |
| 68. | SHENZHEN EVERBEST MACHINERY INDUSTRY CO., LTD | 14047 | Asserted | $391,387.44 | | | | $1,500,543.18 | $1,891,930.62 |
| | | | Surviving | $163,501.84 | | | | $1,728,428.78 | $1,891,930.62 |
| 69. | SHI YI FOOTWEAR MFG FACTORY | 3182 | Asserted | $36,277.32 | | | | $40,133.88 | $76,411.20 |
| | | | Surviving | $0.00 | | | | $76,411.20 | $76,411.20 |
| 70. | Shinn Fu Company of America, Inc. | 6269 | Asserted | $127,114.84 | | $0.00 | | | $127,114.84 |
| | | | Surviving | $119,836.06 | | $0.00 | | $7,278.78 | $127,114.84 |
| 71. | Sunny Days Entertainment, LLC | 1077 | Asserted | $55,918.73 | | | | $136,744.81 | $192,663.54 |
| | | | Surviving | $6,285.53 | | | | $186,378.01 | $192,663.54 |
| 72. | Sunny Jet Textiles Co, Ltd | 1388 | Asserted | $21,429.72 | | | | | $21,429.72 |
| | | | Surviving | $285.43 | | | | $21,144.29 | $21,429.72 |

Reclassified Claims [1]

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| 73. | Sunny Jet Textiles Co.,Ltd | 179 | Asserted | $10,082.88 | | | | | $10,082.88 |
| | | | Surviving | $0.00 | | | | $10,082.88 | $10,082.88 |
| 74. | Superb International Co., Ltd | 10281 | Asserted | $232,566.31 | | | | | $232,566.31 |
| | | | Surviving | $0.00 | | | | $232,566.31 | $232,566.31 |
| 75. | Superb International Co., Ltd | 10733 | Asserted | $271,234.49 | | | | | $271,234.49 |
| | | | Surviving | $59,881.30 | | | | $211,353.19 | $271,234.49 |
| 76. | Superb International Co., Ltd | 12087 | Asserted | $749,222.08 | | | | | $749,222.08 |
| | | | Surviving | $0.00 | | | | $749,222.08 | $749,222.08 |
| 77. | Superb International Co., Ltd | 12092 | Asserted | $115,915.02 | $97,584.02 | | | | $213,499.04 |
| | | | Surviving | $0.00 | $97,584.02 | | | $115,915.02 | $213,499.04 |
| 78. | Superb International Co., Ltd | 12944 | Asserted | $171,923.71 | $52,630.96 | | | | $224,554.67 |
| | | | Surviving | $0.00 | $52,630.96 | | | $171,923.71 | $224,554.67 |
| 79. | Superb International Co., Ltd | 13228 | Asserted | $84,269.16 | | | | | $84,269.16 |
| | | | Surviving | $0.00 | | | | $84,269.16 | $84,269.16 |
| 80. | Suzhou Chunju Electric Co Ltd. | 6823 | Asserted | $109,132.80 | | | | $268,992.90 | $378,125.70 |
| | | | Surviving | $0.00 | | | | $378,125.70 | $378,125.70 |
| 81. | Thanh Cong Textile Garment Investment Trading Joint Stock Company | 1890 | Asserted | $527,952.57 | | | | $1,079,712.97 | $1,607,665.54 |
| | | | Surviving | $234,309.42 | | | | $1,373,356.12 | $1,607,665.54 |
| 82. | Thanh Cong Textile Garment Investment Trading Joint Stock Company | 1946 | Asserted | $996,621.82 | | | | $1,757,101.79 | $2,753,723.61 |
| | | | Surviving | $255,702.93 | | | | $2,498,020.68 | $2,753,723.61 |
| 83. | The United States Playing Card Company | 14198 | Asserted | $54,764.40 | | | | $80,103.50 | $134,867.90 |
| | | | Surviving | $190.57 | | | | $134,677.33 | $134,867.90 |
| 84. | Vogue Tex (Pvt) Ltd | 325 | Asserted | $80,055.36 | | | | | $80,055.36 |
| | | | Surviving | $0.00 | | | | $80,055.36 | $80,055.36 |
| 85. | Vogue Tex (Pvt) Ltd. | 236 | Asserted | $53,584.48 | | | | | $53,584.48 |
| | | | Surviving | $0.00 | | | | $53,584.48 | $53,584.48 |
| 86. | Vogue Tex (Pvt) Ltd. | 394 | Asserted | $61,615.62 | | | | | $61,615.62 |
| | | | Surviving | $0.00 | | | | $61,615.62 | $61,615.62 |
| 87. | Vogue Tex (Pvt) Ltd. | 15553 | Asserted | $173,158.40 | | | | | $173,158.40 |
| | | | Surviving | $0.00 | | | | $173,158.40 | $173,158.40 |
| 88. | Weihai Lianqiao International Coop Group Co. Ltd. | 15587 | Asserted | $646,697.26 | | | | $1,965,191.34 | $2,611,888.60 |
| | | | Surviving | $51,154.36 | | | | $2,560,734.24 | $2,611,888.60 |
| 89. | Weihai Lianqiao International Coop Group Co. Ltd. | 15702 | Asserted | $267,841.10 | | | | $622,271.58 | $890,112.68 |
| | | | Surviving | $21,241.50 | | | | $868,871.18 | $890,112.68 |
| 90. | Whitebox Multi-Strategy Partners, LP as Transferee of SportsPower Limited | 13944 | Asserted | $246,180.00 | | | | | $246,180.00 |
| | | | Surviving | $0.00 | | | | $246,180.00 | $246,180.00 |
| 91. | Winners Industry Company Limited | 16253 | Asserted | $1,205,965.44 | | | | $1,253,150.92 | $2,459,116.36 |
| | | | Surviving | $88,038.72 | | | | $2,371,077.64 | $2,459,116.36 |
| 92. | Winners Industry Company Limited | 17627 | Asserted | $1,726,765.83 | | | | $1,173,318.89 | $2,900,084.72 |
| | | | Surviving | $318,172.60 | | | | $2,581,912.12 | $2,900,084.72 |
| 93. | Xiamen Golden Textile Imp & Exp Co, LTD | 485 | Asserted | $416,050.31 | | | | $439,433.02 | $855,483.33 |
| | | | Surviving | $266,805.87 | | | | $588,677.46 | $855,483.33 |
| 94. | Xiamen Golden Textile Imp&Exp Co., Ltd | 716 | Asserted | $767,310.44 | | | | $481,506.24 | $1,248,816.68 |
| | | | Surviving | $534,724.74 | | | | $714,091.94 | $1,248,816.68 |
| 95. | Yat Fung (Macao Commercial Offshore) Ltd. | 5314 | Asserted | $45,257.40 | | | | $79,625.19 | $124,882.59 |
| | | | Surviving | $44,606.25 | | | | $80,276.34 | $124,882.59 |
| 96. | Zenithen (Hong Kong) Limited | 4546 | Asserted | $23,020.80 | | | | | $23,020.80 |
| | | | Surviving | $0.00 | | | | $23,020.80 | $23,020.80 |

4

**Debtors' Tenth Omnibus Objection to Proofs of Claim**
**Exhibit A - Reclassified Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | **Reclassified Claims [1]** | | | | | | |
| 97. | Zhejiang Kata Technology Co., Ltd | 647 | Asserted | $1,403,587.38 | | | | | $1,403,587.38 |
| | | | Surviving | $545,086.90 | | | | $858,500.48 | $1,403,587.38 |
| 98. | ZURU LLC | 14681 | Asserted | $212,658.62 | | | | $197,672.34 | $410,330.96 |
| | | | Surviving | $182,941.64 | | | | $227,389.32 | $410,330.96 |

[1] As set forth in the Objection, the Debtors seek to reclassify all Claims listed herein on the basis that the Claims relate to goods received by the Debtors outside the 503(b)(9) Window (as defined in the Objection).
[2] Asserted Claim amounts include any asserted unliquidated amounts.

# Exhibit B

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------- x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

        The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

### Claims Hearing Procedures

1.     Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.     The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.     The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (a "**Claims Hearing**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(i)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with Paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(ii)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.      Discovery with respect to a Contested Claim will not be permitted until either:  (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.      **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

2

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------------x

## DEBTORS' TENTH OMNIBUS OBJECTION
## TO PROOFS OF CLAIM (TO RECLASSIFY CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# TABLE OF CONTENTS

Background ....................................................................................................................2

The Debtors' Supply Chain ........................................................................................3

Objection…………………………………………………………………………… 4

I.    Section 503(b)(9) of the Bankruptcy Code Must be Interpreted Narrowly and
      Consistent With the Intent of the Bankruptcy Code .............................................4

      A.    The Burden of Proof to Establish a Priority Claim Rests with the Creditor...........4

      B.    The Intent of Section 503(b)(9) is to Encourage Vendors to Provide Goods
            to Support Companies Within the 503(b)(9) Window.............................................5

II.   As a Matter of Law, FOB Goods Were Received by the Debtors for Purposes of
      Section 503(b)(9) at the FOB Port of Origin. ....................................................7

      A.    Federal Law Governs the Interpretation of "Received" in Section
            503(b)(9)  of the Bankruptcy Code........................................................7

      B.    Using Date of Receipt at Port of Origin for Goods Delivered FOB Port  of
            Origin is the Only Measurement Consistent with the Intent and Purpose  of
            the Bankruptcy Code Priority Scheme.................................................12

      C.    Contrary Case Law is Not Persuasive..................................................15

III.  Reservations of Rights .........................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A.C.E. Elevator Co., Inc.*,
347 B.R. 473 (Bankr. S.D.N.Y. 2006) ......................................................................7

*In re Arts Dairy, LLC*,
414 B.R. 219 (Bankr. N.D. Ohio 2009) ...................................................................5

*Asante Tech., Inc. v. PMC- Sierra, Inc.*,
164 F. Supp. 2d 1142 (N.D. Cal. 2001) ...................................................................9

*In re Bayou Grp., LLC*,
431 B.R. 549 (Bankr. S.D.N.Y. 2010) ....................................................................7

*BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*,
332 F.3d 333 (5th Cir. 2003) .................................................................................10

*In re Brown & Cole Stores, LLC*,
375 B.R. 873 (B.A.P. 9th Cir. 2007) .......................................................................6

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.*,
No. 06-3972, 2011 WL 4494602 (S.D.N.Y. Sept. 28, 2011) ................................10

*In re Circuit City Stores, Inc.*,
441 B.R. 496 (Bankr. E.D. Va. 2010) ...................................................................16

*In re Dana Corp.*,
367 B.R. 409 (Bankr. S.D.N.Y. 2007) ..................................................................16

*Del-Orden v. Bonobos, Inc.*,
No. 17-2722, 2017 WL 6547902 (Bankr. S.D.N.Y. Dec. 20, 2017) .......................9

*Electrocraft Arkansas, Inc. v. Super Elec. Motors, Ltd.*,
No. 09-cv-00318, 2009 WL 5171854 (D.N.M. Nov. 5, 2009) ................................9

*In re Eleva, Inc.*,
235 B.R. 486 (B.A.P. 10th Cir. 1999) ...................................................................14

*In re Enron Corp.*,
379 B.R. 425 (Bankr. S.D.N.Y. 2007) ..................................................................12

*In re Erving Indus, Inc.*,
432 B.R. .................................................................................................................8

*In re Escalera Res. Co.*,
    563 B.R. 336 (Bankr. D. Colo. 2017) ...........................................................5, 8, 17

*Frank G. v. Bd. Of Educ. of Hyde Park*,
    459 F.3d 356 (2d Cir. 2006)...........................................................................8

*Fujian Zhangzhou Foreign Trade Co., Ltd. v. World Imports, Ltd (In re World Imports II)*,
    549 B.R. 820 (E.D. Penn. 2016) .................................................................11, 12

*In re The Great Atlantic & Pacific Tea Co., Inc.*,
    No. 10-24549 (Bankr. S.D.N.Y. Oct. 25, 2012) ...............................................8

*Haining Wansheng Soa Co., Ltd v. World Imports Ltd. (In re World Imports III)*,
    862 F.3d 338 (3d Cir. 2017)...................................................................15, 16, 17, 18

*Hanwha Corp. v. Cedar Petrochemicals, Inc.*,
    760 F. Supp. 2d 426 (S.D.N.Y. 2011).............................................................10

*Howard Delivery Serv. v. Zurich Am. Ins. Co.*,
    547 U.S. 651 (2006)......................................................................................6

*In re Jamo*,
    283 F.3d 392 (1st Cir. 2002).........................................................................12

*Kelly v. Robinson*,
    479 U.S. 36 (1986).......................................................................................9

*In re Lazard*,
    207 B.R. 668 (Bankr. C.D. Cal. 1997)............................................................8

*Matter of Marin Motor Oil, Inc.*,
    740 F.2d 220 (3d Cir. 1984)..........................................................................16

*In re Mirant Corp.*,
    440 F.3d 238 (5th Cir. 2006) .........................................................................12

*In re Momenta, Inc.*,
    455 B.R. 353 .............................................................................................16

*In re O.W. Bunker Holdings N. Am. Inc.*,
    No. 14-51720, 2019 WL 4025315 (Bankr. D. Conn. Aug. 26, 2019) .....................20

*Official Committee of Unsecured Creditors of Operation Open City v. New York
    Dep't of State*,
    148 B.R. 184 (Bankr. S.D.N.Y. 1992).............................................................6

*In re Phar-Mor, Inc.*,
    301 B.R. 482 (Bankr N.D. Ohio 2003) ............................................................16

*In re Pilgrim's Pride Corp.*,
    421 B.R. 231 (Bankr. N.D. Tex. 2009) ...................................................................7

*Polsky v. Renew Energy*,
    No. 09-701 2010 WL 842317 (W.D. Wis. Mar. 5, 2010) .........................................5

*In re R.H. Macy & Co., Inc.*,
    283 B.R. 140 (S.D.N.Y. 2002) ................................................................................8

*Riverwood Int'l Corp. v. Olin Corp. (In re Manville Forest Prods. Corp.)*,
    225 B.R. 862 (Bankr. S.D.N.Y. 1998) .....................................................................8

*In re SemCrude, L.P.*,
    399 B.R. 388 (Bankr. D. Del. 2009) .......................................................................6

*Sorrells v. United States*,
    287 U.S. 435 (1932) ...............................................................................................9

*In re Texaco Inc.*,
    No. 10-8151, 2011 WL 4526538 (S.D.N.Y. 2011) ..................................................8

*Texful Textile Ltd. v. Cotton Exp. Textile, Inc.*,
    891 F. Supp. 1381 (C.D. Cal. 1995) ......................................................................10

*In re TI Acquisition, LLC*,
    410 B.R. 742 (Bankr. N.D. Ga. 2009) ....................................................................6

*Tian Long Fashion Co., Ltd. v. Fashion Avenue Sweater Knits, LLC*,
    No. 13-8258, 2016 WL 40097801 (S.D.N.Y. 2016) ...............................................10

*In re World Imports I*,
    511 B.R. 738 (Bankr. D. Penn. 2014) ........................................................9, 10, 11, 12

<div style="border: 1px solid black; padding: 10px;">

**THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY PORTIONS OF CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS. CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ALEX LEWITT, ESQ., AT (212) 310-8608**

</div>

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

### Relief Requested

1.     The Debtors file this Objection, pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order, substantially in the form annexed hereto as **Exhibit B** (the "**Proposed Order**"), reclassifying portions of certain proofs of claim asserting administrative expense priority as general unsecured claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**Asserted Priority Claims**"), as listed on **Exhibit A** annexed hereto. The Asserted Priority Claims do not satisfy the requirements for administrative expense priority under section 503(b)(9) of the Bankruptcy Code because, among other things, the Debtors "received" the goods underlying each such claim more than twenty (20) days before October 15, 2018 (the "**Petition Date**"), the date the Debtors commenced these chapter 11 cases.

2.     Pursuant to the Paragraph 7(iv) of the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing*

*Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"), this Objection will be set for a Sufficiency Hearing (as defined in the Claims Procedures Order), and no discovery shall be permitted prior to the conclusion of the Sufficiency Hearing.

### Background

3.    Beginning on the Petition Date and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

5.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.    On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

7.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the

WEIL:\97200190\2\73217.0004

*Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**First Day Declaration**") (ECF No. 3).[3]

## **The Debtors' Supply Chain**

8.    As set forth in the First Day Declaration, prior to the Petition Date, the Debtors sourced and imported to the United States a diverse range of products from around the globe, using a complex supply chain to supply their online businesses and 687 of their retail stores in forty nine (49) U.S. states, Guam, Puerto Rico, and the U.S. Virgin Islands operating under the Sears and Kmart brands.

9.    For substantially all of the Debtors' imported goods, vendors (the "**Import Vendors**") delivered their goods to a freight forwarder at a port of origin (typically in Asia). The freight forwarder was selected by the Debtors and paid by the Debtors. The freight forwarder prepared and processed customs documentation and performed other tasks to prepare or arrange for the goods to be transported. The freight forwarder then loaded the goods onto a ship for delivery to the United States. The freight and transportation costs of the ship were paid for by the Debtors.

10.    The risk of loss for the goods passed to the Debtors and title to the goods transferred from the Import Vendors to the Debtors at the port of origin because, pursuant to the Debtors' various agreements (the "**Supplier Contracts**"), the goods were shipped "free on board" ("**FOB**") from the port of origin—meaning the Debtors were responsible for the costs of shipment, insurance, unloading and other transportation costs. The Debtors' payment obligation was triggered under the Supplier Contracts at the port of origin. The Debtors were fully responsible

---

[3] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

for, and had title to, the goods and owed a payment obligation to the Import Vendor from the port

of origin.  The Import Vendor had no further obligation to the Debtors and its performance was

considered complete after its delivery at the port of origin.

11.    Upon arrival in the United States, goods were unloaded and deconsolidated

and shipped to distribution centers owned and operated by the Debtors or third parties.  Goods

were then shipped from the distribution centers to the Debtors' individual retail stores for sale to

the Debtors' customers.

## <u>Objection</u>

## I.    Section 503(b)(9) of the Bankruptcy Code Must be Interpreted Narrowly and Consistent With the Intent of the Bankruptcy Code

12.    Section 503(b)(9) provides for the allowance of an administrative expense

claim for:

> the value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

### A.    <u>The Burden of Proof to Establish a Priority Claim Rests with the Creditor</u>

13.    "The burden of proving entitlement to priority payment as an administrative

expense . . . rests with the party requesting it."  *In Bethlehem Steel Corp.*, 479 F.3d 167, 172

(2d Cir. 2007) (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5

(1st Cir. 1992)).

14.    Thus, each creditor with an Asserted Priority Claim has the burden of

establishing, among other things, that the applicable good were "received" by the Debtors within

4

twenty (20) days before the Petition Date (the "**503(b)(9) Window**").[2]  As set forth below, each

holder of an Asserted Priority Claim has failed to satisfy its burden in this regard.

      **B.**        **The Intent of Section 503(b)(9) Is to Encourage Vendors to Provide Goods
to Support Companies Within the 503(b)(9) Window**

         15.     Courts universally acknowledge that the fundamental purpose of

section 503(b)(9) is to encourage vendors to extend credit to debtors and to continue doing

business with the debtors during the ultra-critical twenty (20) day period leading up to a potential

chapter 11 filing.  *See, e.g.*, *In re Escalera Res. Co.*, 563 B.R. 336, 339 (Bankr. D. Colo. 2017)

("[C]reditors that supplied goods right before a bankruptcy jump to the front of the line

for distributions . . . that is what Congress decided."); *Polsky v. Renew Energy*, No. 09-701

2010 WL 842317, at *7 (W.D. Wis. Mar. 5, 2010) ("[T]he purpose of § 503(b)(9) is to encourage

creditors to continue to supply goods."); *In re Arts Dairy, LLC*, 414 B.R. 219, 220 (Bankr. N.D.

Ohio 2009) ("[Section 503(b)(9)] seeks to encourage trade creditors to continue to extend credit

to a debtor potentially heading for bankruptcy."); *In re TI Acquisition, LLC*, 410 B.R. 742, 746

(Bankr. N.D. Ga. 2009) (noting that the purpose of Section 503(b)(9) is to "accord[] protection to

sellers of goods on credit in the period immediately preceding the filing of a bankruptcy petition");

*see also In re Brown & Cole Stores, LLC*, 375 B.R. 873, 882 (B.A.P. 9th Cir. 2007) (providing

that the purpose of section 503(b)(9) is to "protect recent suppliers of goods to the Debtors") (J.

Jaroslovsky, concurring in part, dissenting in part).

         16.     In addition, courts universally acknowledge that a fundamental principle of

the Bankruptcy Code, more generally, is that similarly-situated creditors should receive equality

of treatment.  *See In re SemCrude, L.P.*, 399 B.R. 388, 399 (Bankr. D. Del. 2009) ("One of the

---

[2] The Debtors are still reviewing the large number of prepetition transactions to determine whether such transactions occurred in the ordinary course of the Debtors' businesses.  As set forth below, the Debtors reserve the right to further object to all claims on all other grounds.

primary goals—if not the primary goal—of the Code is to ensure that similarly-situated creditors are treated fairly and enjoy an equality of distribution from a debtor absent a compelling reason to depart from this principle."); *Official Comm. of Unsecured Creditors of Operation Open City v. New York Dep't of State*, 148 B.R. 184, 193 (Bankr. S.D.N.Y. 1992) (noting that one of the primary goals of the Bankruptcy Code is to ensure equal treatment of creditors) (citing *Lincoln Sav. Bank, FSB v. Suffolk Cty. Treasurer (In re Parr Meadows Racing Ass'n, Inc.)*, 880 F.2d 1540, 1545 (2d Cir. 1989)).

17.    Statutory priorities under the Bankruptcy Code are to be construed and awarded narrowly and consistent with the intent of the Bankruptcy Code.  Bankruptcy courts across the country, including this Court, regularly overlay, and rely on, this important principle of statutory construction in interpreting section 503 of the Bankruptcy Code and claimants' rights to an administrative expense claim.  *See, e.g.*, *Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 669 (2006) (noting the longstanding principle that administrative claims "must be tightly construed" to accomplish the Bankruptcy Code's objective of equal distribution to creditors); *In re Bayou Grp., LLC*, 431 B.R. 549, 558 (Bankr. S.D.N.Y. 2010) (emphasizing "the general rule that priorities must be narrowly construed in light of the presumption in bankruptcy cases that the debtor's limited resources will be equally distributed among all unsecured creditors"); *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 479 (Bankr. S.D.N.Y. 2006) ("Because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed.") (quoting *Tr. of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 100 (2d Cir. 1986)).

6

18.     Therefore, this Court should only grant section 503(b)(9) priority to those vendors who provided goods that were actually "received" by the Debtors within the 503(b)(9) Window.

**II.     As a Matter of Law, FOB Goods Were Received by the Debtors for Purposes of Section 503(b)(9) at the FOB Port of Origin.**

19.     Administrative expense claims are claims that—pursuant to federal law—Congress determined should be entitled to priority in federal bankruptcy cases. The priority is an unmistakable creature of federal law and a critical aspect to the Bankruptcy Code. *See* 11 U.S.C. §§ 507(a)(2), 503(b)(9).

20.     The Bankruptcy Code does not define the term "received" used in section 503(b)(9). Accordingly, it is incumbent on courts to discern Congress's intent in interpreting the term. *Haining Wansheng Soa Co., Ltd v. World Imports Ltd., (In re World Imports)*, 862 F.3d 338, 345 n.4 (3d Cir. 2017) (noting Congress' intent, not particular debtors' or creditors' intent, is relevant for purposes of interpreting section 503(b)(9) of the Bankruptcy Code).

21.     This Court is not bound by precedent or controlling authority. The Court should adopt arguments of the persuasive authority cited and other arguments made below.

**A.     Federal Law Governs the Interpretation of "Received" in Section 503(b)(9) of the Bankruptcy Code**

22.     "Federal law governs the interpretation of federal statutes." *In re Pilgrim's Pride Corp.*, 421 B.R. 231, 236 (Bankr. N.D. Tex. 2009). "Whether a claim qualifies for administrative expense treatment is decided under federal law, not [state] law." *In re Lazard*, 207 B.R. 668, 676 (Bankr. C.D. Cal. 1997). *Accord Modified Bench Ruling*, *In re The Great Atlantic & Pacific Tea Co., Inc.*, No. 10-24549, at 8-9 (Bankr. S.D.N.Y. Oct. 25, 2012), ECF No. 4017 (noting that a dispute over the interpretation of 503(b)(9) of the Bankruptcy Code is an issue of "priority, which is governed by federal law, the Bankruptcy Code" and holding that the definition

7

of goods "for purposes of Section 503(b)(9) is ultimately a matter of federal and not state interpretation"), *remanded on other grounds* 498 B.R. 19 (S.D.N.Y. 2013); *Escalera*, 563 B.R. at 347 (Bankr. D. Colo. 2017) ("Interpretation of the word 'goods' used in Section 503(b)(9) of the Bankruptcy Code, which after all is a federal statute, is a matter of federal law—not state law."); *In re Erving Indus, Inc.*, 432 B.R. 354, 366 n.23 (Bankr. D. Mass. 2010) ("The Court remains mindful, however, that § 503(b)(9) is federal law. As such, the definition of goods is also matter of federal, and not state, interpretation."); *In re R.H. Macy & Co., Inc.*, 283 B.R. 140, 145 (S.D.N.Y. 2002) ("The determination of when a claim arises is governed by the Bankruptcy Code."); *In re Texaco Inc.*, No. 10-8151, 2011 WL 4526538, at *3-4 (S.D.N.Y. 2011) (collecting cases holding that federal law determines entitlement to a claim under the Bankruptcy Code); *Riverwood Int'l Corp. v. Olin Corp. (In re Manville Forest Prods. Corp.)*, 225 B.R. 862, 866 (Bankr. S.D.N.Y. 1998) ("While the existence of a claim is governed by non-bankruptcy law, the determination of when a claim arises is governed by the Code.").

23.    "Where the terms of a statute are ambiguous, [courts] focus upon the broader context and primary purpose of the statute." *Frank G. v. Bd. Of Educ. of Hyde Park*, 459 F.3d 356, 370-71 (2d Cir. 2006) (internal quotation and citation omitted). The Supreme Court has accepted such principle and has advised that courts "must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law." *Kelly v. Robinson*, 479 U.S. 36, 43 (1986). "In all events, the Court's charter is to interpret the statute [] 'in a way that avoids absurd results.'" *Del-Orden v. Bonobos, Inc.*, No. 17-2722, 2017 WL 6547902 (Bankr. S.D.N.Y. Dec. 20, 2017) (quoting *Frank G.*, 459 F.3d at 368). "To construe statutes so as to avoid absurd or glaringly unjust results, foreign to the legislative purpose, is . . . a traditional and appropriate function of the courts." *Sorrells v. United States*, 287 U.S. 435, 450 (1932)).

Accordingly, this Court should look to federal law to guide its interpretation of the term "received" under section 503(b)(9) of the Bankruptcy Code.

24.    The Convention on Contracts for the International Sale of Goods (the "**CISG**") is a federal treaty ratified by the U.S. Senate in 1986, long before section of 503(b)(9) was enacted in 2005.  The purpose of the CISG, as set forth in its introductory text, is to promote widespread international trade through the adoption of uniform rules:

> [T]he adoption of uniform rules which govern contracts for the international sale of goods and take into account the different social, economic and legal systems would contribute to the removal of legal barriers in international trade and promote the development of international trade.

CISG, Preamble.    Courts across the country regularly acknowledge this purpose. *See, e.g.*, *Electrocraft Arkansas, Inc. v. Super Elec. Motors, Ltd.*, No. 09-cv-00318, 2009 WL 5171854, at *5 n.3 (D.N.M. Nov. 5 , 2009) ("[T]he aim of the CISG is to promote uniformity in dealing with sales disputes arising from international sales . . . ."); *Asante Tech., Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1151 (N.D. Cal. 2001) (noting the purpose of CISG is "developing uniform international contract law to promote international trade").  Federal treaties, including the CISG, displace and preempt inconsistent state law.  *See In re World Imports*, 511 B.R. 738, 742-43 (Bankr. D. Penn. 2014) ("***World Imports I***")

25.    When interpreting the term "received" in section 503(b)(9) of the Bankruptcy Code in an analogous case concerning claims of an import vendor that shipped goods to a debtor FOB port of origin, the United States Bankruptcy Court for the Eastern District of Pennsylvania  therefore looked to the CISG for guidance.  *See World Imports I*, 511 B.R. at 744-45.  As explained below, in *World Imports I*, the bankruptcy court determined that the goods at issue were "received" by the debtor at the port of origin.  This Court should do the same in the instant case.

9

26.     As the *World Imports I* court observed, while the CISG does not directly

define the word "receive," Article 7 of the CISG instructs courts and other parties to look to the

terms of usage widely accepted in international trade for terms not defined.[4]  "The parties are

considered, unless otherwise agreed, to have impliedly made applicable to their contract or its

formation a usage of which the parties knew or ought to have known and which in international

trade is widely known to, and regularly observed by, parties to contracts of the type involved in

the particular trade concerned."  CISG, art. 9.  Accordingly, incorporated into the CISG are the

International Commerce Commissions' definitions of commercial terms commonly used in

international trade ("**Incoterms**") such as FOB.[5]

27.     The Incoterm FOB, for the commercial term "free on board," means:

> that the seller delivers the goods on board the vessel nominated by the buyer at the
> named port of shipment or procures the goods already so delivered.  The risk of
> loss of or damage to the goods passes when the goods are on board the vessel, and
> the buyer bears all costs from that moment onwards.

*World Imports I*, 511 B.R. at 745.  (citing Incoterms 2010, 87).  With respect to delivery:

> The seller must deliver the goods either by placing them on board the vessel
> nominated by the buyer at the loading point, if any, indicated by the buyer at the
> named port of shipment or by procuring the goods so delivered. In either case, the

---

[4] *See* CISG, art. 7(2) ("Questions concerning matters governed by this Convention which are not expressly settled in it are to be settled in conformity with the general principles on which it is based or, in the absence of such principles, in conformity with the law applicable by virtue of the rules of private international law.").

[5] Incoterms "are a set of three-letter trade terms reflecting business to business practice in contracts for the sale of goods.  The Incoterm rules describe mainly the tasks, costs and risks involved in the delivery of goods from sellers to buyers."  Incoterms  2010, Introduction; *see also Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 428 n.1 (S.D.N.Y. 2011) ("Generally speaking, 'Incoterms' is a set of standard trade terms . . . meant to provide parties to international contracts for the sale of goods with clear definitions of respective rights and liabilities with regard to the shipment of the goods.").  "Incoterms are the most widely recognized non-statutory definitions of trade."  *Tian Long Fashion Co., Ltd. v. Fashion Avenue Sweater Knits, LLC*, No. 13-8258, 2016 WL 40097801, at *3 (S.D.N.Y. 2016); *see also Texful Textile Ltd. v. Cotton Exp. Textile, Inc.*, 891 F. Supp. 1381, 1388 n.6 (C.D. Cal. 1995). Incoterms have been universally incorporated into the CISG.  *See BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 337 (5th Cir. 2003) ("Even if the usage of Incoterms is not global, the fact that they are well known in international trade means that they are incorporated through article 9(2)."); *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.*, No. 06-3972, 2011 WL  4494602, at *4 (S.D.N.Y. Sept. 28, 2011) ("It is worth noting at the outset that the entire body of Incoterms—"F.O.B." included—is incorporated into the CISG through Article 9(2) thereof.").

> seller must deliver the goods on the agreed date or within the agreed period and in the manner customary at the port.

*Id.* Once the seller delivers the goods at the FOB point, the risk of loss passes to the buyer. *See World Imports I*, 511 B.R. at 745. The buyer is also responsible for contracting for the transportation of the goods as well as all costs after the goods are delivered to the FOB point, including customs, duties, and taxes. *See* Incoterms 2010, 89-91.

28.     The bankruptcy court in *World Imports I* determined that the term "receive" in the CISG is equivalent to the term "delivery" in the Incoterm FOB. *See World Imports I*, 511 B.R. at 745-46. The bankruptcy court further concluded that the delivery and the transfer of risk of loss to the goods to the debtors was akin to constructive receipt under section 503(b)(9) of the Bankruptcy Code. *Id.* at 745 ("Once delivered, the goods are perforce constructively received by the Debtor."). Accordingly, the bankruptcy court in *World Imports I* found that the debtor received the goods at the port of origin in China—*i.e.*, the location where the goods were delivered to the debtor. *Id.* at 746.

29.     The bankruptcy court's decision in *World Imports I* was affirmed by the United States District Court for the Eastern District of Pennsylvania, which held that constructive receipt occurs for purposes of section 503(b)(9) when the risk of loss passes to the buyer. *See Fujian Zhangzhou Foreign Trade Co., Ltd. v. World Imports, Ltd, (In re World Imports)*, 549 B.R. 820, 824 (E.D. Penn. 2016) ("***World Imports II***") ("In short, once the seller delivers the goods, the risk of loss or damage passes to the buyer and the goods are constructively received by the debtor.").

30.     This Court should adopt the same logic as the bankruptcy court and district court did in *World Imports I* and *World Imports II*, respectively, to sustain this Objection to reclassify the Asserted Priority Claims as general unsecured claims. It is proper to rely on other

11

sources of federal law (*i.e.* the CISG) to guide the interpretation of the federal right to an administrative claim under section 503 of the Bankruptcy Code. As set forth above, no authority is binding on this Court. As described further below, the subsequent appellate ruling in *World Imports* is not persuasive and does not prevent this Court from adopting the logic and reasoning of the courts *World Imports I* and *World Imports II*.

> **B.    Using Date of Receipt at Port of Origin for Goods Delivered FOB Port of Origin is the Only Measurement Consistent with the Intent and Purpose of the Bankruptcy Code Priority Scheme**

31.    Courts cannot look at the word "receipt" in a vacuum; they must interpret the term in light of the entirety of the Bankruptcy Code. *See, e.g.*, *In re Mirant Corp.*, 440 F.3d 238, 252 (5th Cir. 2006) ("The Bankruptcy Code, [] must be read and must function as a whole . . .."); *In re Jamo*, 283 F.3d 392, 399 (1st Cir. 2002) ("[T]he Bankruptcy Code must be read as a whole."); *In re Enron Corp.*, 379 B.R. 425, 432 (Bankr. S.D.N.Y. 2007) (same).

32.    Most obviously and significantly, defining receipt of goods delivered FOB port of origin to be at the port of origin, as the Debtors do, aligns with the policy underlying section 503(b)(9) to encourage vendors to continue to conduct business with the prepetition debtor. It rewards vendors with administrative priority based on when vendors actually made the decision to support the debtor's business (*i.e.*, to deliver goods at the port of origin)—rather than arbitrarily, based on shipping methods and distance and timing of the debtors' ultimate physical receipt of goods. An alternative approach of requiring physical delivery to a debtor in the United States would not serve the universally-accepted policy goal. Such an alternative approach would award administrative expense priority to vendors who made the decision to deliver FOB port of origin and transfer title and risk outside of the 503(b)(9) Window. Given that many of the Import Vendors transferred title as many as 60 days before the 503(b)(9) Window, this alternative approach would enlarge the 503(b)(9) by 300% for goods arriving by ship from Asian ports of origin. Additionally,

12

this alternative approach would prejudice certain true 503(b)(9) claimants who delivered goods at the port of origin within the 503(b)(9) Window.  Their goods that arrived in the United States postpetition, as this Court has already held, are prepetition general unsecured claims.  Accordingly, a definition based on physical receipt in the United States defeats the very purpose of section 503(b)(9) by both (i) awarding vendors who  decided to deliver goods outside the 503(b)(9) Window with a 503(b)(9) claim and (ii) failing to award true 503(b)(9) vendors who support a prepetition debtor in the days leading up to a chapter 11 filing.

33.    The Debtors' definition of receipt for goods delivered FOB port of origin *at the port of origin* is also consistent with the Bankruptcy Code principle of equality of treatment of similarly-situated creditors and the common law principle of construing statutes so as to avoid absurd or glaringly unjust results.  An alternative approach requiring physical delivery to a debtor in the United States would run afoul of both long-standing and universally-accepted principles. *See, e.g.*, *In re Eleva, Inc.*, 235 B.R. 486, 489 (B.A.P. 10th Cir. 1999) ("[U]se of delivery date would treat creditors arbitrarily based on the method of shipment used or distance the product must travel").

34.    Consider several hypothetical, but realistic, scenarios that illustrate these points:

WEIL:\97200190\2\73217.0004

| **Scenario One**: Vendor A and Vendor B deliver goods FOB port of origin 60 days prior to petition date. | |
|---|---|
| If "receipt" is at port of origin, there is one answer:<br>• Vendor A and Vendor B have general unsecured claims. | Consistent with both purpose of 503(b)(9) and equality of treatment of creditors.  No absurd result. |
| If "receipt" is physical receipt in the United States, there are multiple possibilities:<br>• Assume physical delivery in the United States occurs 30 days after shipment:<br>  ○ Both Vendor A and Vendor B expect to be general unsecured creditors and would be, if third-party shipper is on schedule.<br>  ○ But, if the debtor (in financial distress) pays a third-party shipper (not a vendor) less for slower means of shipping, or if a third-party shipper (not the vendor) is delayed (intentionally or otherwise), or if one shipment has farther to travel, either or both Vendor A and Vendor B may be entitled to a 503(b)(9) priority claim. | Inconsistent with both purpose of 503(b)(9) and equality of treatment of creditors and an absurd result. |
| **Scenario Two**: Vendor A delivers goods FOB port of origin 30 days prior to the petition date.  Vendor B delivers goods FOB port of origin 10 days prior to the petition date. | |
| If "receipt" is port of origin, there is one answer:<br>• Vendor A has a general unsecured claims and Vendor B has a 503(b)(9) claim. | Consistent with both purpose of 503(b)(9) and equality of treatment of creditors.  No absurd result. |
| If "receipt" is physical receipt in the United States, there is a strong possibility of an absurd result.<br>• Assume physical delivery occurs 15 days after shipment:<br>  ○ Vendor A is entitled to a 503(b)(9) claim, while Vendor B is entitled to a general unsecured claim because physical delivery occurred after the petition date.[6] | Inconsistent with both purpose of 503(b)(9) and equality of treatment of creditors and absurd result. |

---

[6] Vendor B would not be entitled to an administrative claim under section 503(b)(1) because Vendor B did not engage in a transaction with a postpetition debtor.  Earlier in these chapter 11 cases, this Court correctly sustained the Debtors' objection to several motions by the Import Vendors for allowance of claims under section 503(b)(1) of the Bankruptcy Code for goods shipped prepetition but physically received postpetition.  *See* Hr'g Tr., May 21, 2019 at 132.  In sustaining the Debtors' objections, the Court followed longstanding case law in correctly determining that a section 503(b)(1) claim arises not upon physical receipt of goods postpetition, but upon a true transaction with the postpetition debtor.

WEIL:\97200190\2\73217.0004

### C.    Contrary Case Law is Not Persuasive

35.    A number of creditors likely will point the Court to the decision of the United States Court of Appeals for the Third Circuit in the *World Imports* case. *See Haining Wansheng Soa Co., Ltd v. World Imports Ltd., (In re World Imports)*, 862 F.3d 338 (3d Cir. 2017) ("***World Imports III***"). As this Court is aware, the court in *World Imports III* ruled that constructive receipt only occurs when goods enter the physical possession of the debtors or an agent of the debtors and not upon transfer of title or risk of loss. *See id.* at 345-46. As noted above, though, *World Imports III* is not binding on this Court. For the reasons below, the Court should not follow the decision, as it is not persuasive.

36.    In *World Imports III*, the court dismissed by way of a summary footnote the bankruptcy court's and district court's thoughtful consideration and pursuit of guidance from federal law. *Id.* at 345 n.4 ("[W]e do not necessarily assume that Congress intended to adopt a definition from another source of federal law in the absence of any explicit connector between the Bankruptcy Code and a definition contained in another statute."). In interpreting the term "received" in section 503(b)(9) of the Bankruptcy Code, the court instead looked to state law and the Uniform Commercial Code (the "**UCC**"), rather than federal law and the CISG, a federal treaty. *See id.* at 364.

37.    <u>First</u>, in doing so, the court incorrectly concluded that Congress intended that federal law should give way to state law when determining entitlement to an administrative expense under the federal Bankruptcy Code. *See Escalera*, 563 B.R. at 350, n.6 (determining that the UCC did not apply directly to an interpretation of 503(b)(9) because "the [c]ourt is only required to construe federal law"). As set forth clearly above, courts in this District, including this Court, and others have held the opposite to be true. *See supra* ¶ 22.

WEIL:\97200190\2\73217.0004

38.     <u>Second</u>, the court incorrectly applied case law interpreting the term

"received" for purposes of section 546(c) of the Bankruptcy Code[7] to determine the meaning of

"received" for purposes of section 503(b)(9). *World Imports III*, 862 F.3d at 344.  The distinction

between the two Bankruptcy Code sections is important and was not reflected in the opinion in

*World Imports III*.  On one hand, section 546(c) of the Bankruptcy Code is a section that expressly

codifies a preexisting state law right of reclamation; there is no independent federal right to

reclamation under the Bankruptcy Code.  *See Matter of Marin Motor Oil, Inc.*, 740 F.2d 220, 227

(3d Cir. 1984) ("The purpose of the provision is to recognize, in part, the validity of section 2–702

of the Uniform Commercial Code.") (quoting H.R. Rep. No. 959, 95th Cong., 1st Sess. 372) ("The

solution of the drafters of the Bankruptcy Code was essentially to adopt 2–702(2) as part of the

federal bankruptcy law . . . ."); *In re Dana Corp.*, 367 B.R. 409, 416 (Bankr. S.D.N.Y. 2007)

(Section 546(c) "is not a section dedicated to granting an independent federal right of reclamation

nor does it create a coherent comprehensive federal scheme for reclamation").[8]  On the other hand,

as set forth above, administrative expense claims, including those pursuant to section 503(b)(9) of

the Bankruptcy Code, are *not* derived from state law; instead, they are creatures of federal

bankruptcy law that otherwise do not exist under state law.  *See supra* ¶ 22.  While, it may be

logical for a court to look to law interpreting the UCC for guidance in interpreting a term in section

546(c) of the Bankruptcy Code, because that section was derived directly from the UCC, there is

---

[7]  Section 546(c) of the Bankruptcy Code provides that, under certain circumstances, a seller may reclaim certain goods "received" by the Debtors while insolvent forty-five (45) days prior to the petition date. *See* 11 U.S.C. § 546(c).

[8]  *See also In re Momenta, Inc.*, 455 B.R. 353, 358 ("Section 546(c) does not create an independent federal right of reclamation"), *id.* at 360 ("Section 546(c) is derived from UCC § 2-702 . . . ."); *In re Circuit City Stores, Inc.*, 441 B.R. 496, 505 (Bankr. E.D. Va. 2010) (concluding that "there still exists no federal right to reclamation post-BAPCPA"); *In re Phar-Mor, Inc.*, 301 B.R. 482, 495-56 (Bankr N.D. Ohio 2003) ("The legislative history behind the enactment of § 546(c) reflects Congress' intention to 'recognize, in part, the validity of section 2-702 of the Uniform Commercial Code . . . .'"); *In re Dana Corp.*, 367 B.R. at 416 ("The Reclamation Claimants contend that the deletion of the reference to state law in the amended section 546(c) no longer incorporates the state law right of reclamation, and instead creates a brand new federal bankruptcy law right. I disagree.").

16

no similar logic to applying a limited usage definition from the UCC context to a term used in section 503(b)(9) of the Bankruptcy Code. Certainly there is no evidence of Congressional intent to suggest that state law interpretation of terms used in the UCC were intended to govern in section 503(b)(9), as there was for section 546(c). *See Escalera*, 563 B.R. at 347 (noting the lack of legislative history behind section 503(b)(9)). There is no "explicit connector" between the two. *See World Imports III*, 862 F.3d at 345 n4.

39.    Third, there is no evidence from the record that the *World Imports III* court considered at all the statutory interpretation and policy arguments discussed above (*see supra* § II.B) in rendering its decision. These arguments were not raised in briefs by the appellant or the appellee or in the opinion of the court. Absent that context, the court improperly decided the issue in a vacuum and, thus, the decision cannot be considered persuasive. *See supra* ¶ 32-34.

40.    Fourth, the *World Imports III* court failed to consider the context within which Congress drafted section 503(b)(9) of the Bankruptcy Code—*namely*, the fact that Congress did not legislate exclusively against the backdrop of domestic vendor sales and the UCC when it enacted section 503(b)(9) as part of the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005. As set forth above, the CISG was ratified nearly 20 years before section 503(b)(9) was enacted. According to the United States Census Bureau, the United States imported approximately $1.5 trillion in goods in 2005 alone.[9] Congress enacted section 503(b)(9) knowing that receipt at the FOB point (and not physical receipt) were critical commercial terms in use in the United States and around the globe.[10] Congress also enacted section 503(b)(9) with the

---

[9] *See Trade in Goods with World, Seasonally Adjusted*, United States Census Bureau, https://www.census.gov/foreign-trade/balance/c0004.html (last visited September 17, 2019)

[10] Notably, the Import Vendors were free to negotiate with the prepetition Debtors for FOB destination (as opposed to FOB port of origin) trade terms—this would mean that title and risk of loss passed at the port of destination in the United States and given the Import Vendors the very treatment they seek in their Asserted Priority Claims. However,

WEIL:\97200190\2\73217.0004

understanding that courts would interpret Bankruptcy Code priorities in accordance with the longstanding view that such priorities should be construed narrowly and with the goal of treating similarly-situated creditors equally.

## III.    Reservations of Rights

41.    If the Court agrees with the foregoing arguments and rules as a matter of law in the Debtors' favor, the Court need not determine, as a factual matter, whether any party or parties acted as agent or bailee of the Debtor prior to the Petition Date such that the Debtor constructively received the goods underlying the Asserted Priority Claims prior to the 503(b)(9) Window.

42.    Even assuming, *arguendo*, that the Court adopts the Third Circuit's interpretation of section 503(b)(9), the analysis will not be complete for purposes of rendering a decision as to the Asserted Priority Claims' entitlement to administrative priority.  As the Third Circuit acknowledged, a debtor can constructively receive goods without physical receipt, such as when an agent receives goods.  *See World Imports III*, 862 F.3d 338 at 346 ("[A]ctual possession by an agent on behalf of a buyer constitutes constructive receipt . . .").  In addition, the United States Bankruptcy Court for the District of Connecticut recently expanded the concept of constructive receipt to include receipt of goods by a bailee of the debtors for purposes of section 503(b)(9).  *See In re O.W. Bunker Holdings N. Am. Inc.*, No. 14-51720, 2019 WL 4025315, at *12 (Bankr. D. Conn. Aug. 26, 2019) ("[F]or the purposes of § 503(b)(9):  (i) 'received by the debtor' means actual or constructive possession of the goods, including physical possession of the goods by a bailee or agent of the debtor . . . .").

---

this would require the Import Vendors to assume the risk of loss during transit and pay the associated fees and costs. Of course, the Import Vendors also could have demanded alternate trade terms, such as cash-in-advance or shorter payment terms.

WEIL:\97200190\2\73217.0004

43.     The Debtors hereby reserve all rights in the event the Court does not rule in the Debtors' favor as a matter of law, to argue that the Debtors constructively received goods through an agent or bailee outside of the 503(b)(9) Window.

44.     Further, the Debtors reserve the right to object in the future to any of the claims subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection.  A separate notice and hearing will be scheduled for any such objection.

## Notice

45.     Notice of this Objection has been provided in accordance with the procedures set forth in the Claims Procedures Order and the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

46.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WEIL:\97200190\2\73217.0004

WHEREFORE the Debtors respectfully request entry of the Proposed Order

granting the relief requested herein and such other and further relief as is just.

Dated: September 26, 2019
      New York, New York

                      /s/ Garrett Fail
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone:  (212) 310-8000
                      Facsimile:   (212) 310-8007
                      Ray C. Schrock, P.C.
                      Jacqueline Marcus
                      Garrett A. Fail
                      Sunny Singh

                      *Attorneys for Debtors*
                      *and Debtors in Possession*

## **Exhibit A**

**Asserted Priority Claims to be Reclassified as General Unsecured Claims**

**Debtors' Tenth Omnibus Objection to Proofs of Claim**
**Exhibit A - Reclassified Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | Reclassified Claims [1] | | | | | | |
| 1. | A&A (H.K.) Industrial Limited | 12277 | Asserted | $258,263.40 | | | | $392,749.97 | $651,013.37 |
| | | | Surviving | $15,961.80 | | | | $635,051.57 | $651,013.37 |
| 2. | A&A HK INDUSTRIAL LIMITED | 12330 | Asserted | $284,571.90 | | | | $198,341.90 | $482,913.80 |
| | | | Surviving | $29,718.40 | | | | $453,195.40 | $482,913.80 |
| 3. | ALLURE HOME CREATION CO., INC | 2518 | Asserted | $2,142.60 | | | | $30,343.42 | $32,486.02 |
| | | | Surviving | $1,169.16 | | | | $31,316.86 | $32,486.02 |
| 4. | Allure Home Creation Co., Inc | 3516 | Asserted | $29,067.58 | | | | $566,840.54 | $595,908.12 |
| | | | Surviving | $20,261.42 | | | | $575,646.70 | $595,908.12 |
| 5. | Arca Industrial (NJ), Inc. | 2957 | Asserted | $66,186.90 | $439,028.58 | | | $29,580.00 | $534,795.48 |
| | | | Surviving | $58,521.60 | $439,028.58 | | | $37,245.30 | $534,795.48 |
| 6. | Arca Industrial (NJ), Inc. | 5167 | Asserted | $190,557.75 | $465,046.95 | | | $76,150.35 | $731,755.05 |
| | | | Surviving | $96,385.38 | $465,046.95 | | | $170,322.72 | $731,755.05 |
| 7. | Asia Socks Inc | 8568 | Asserted | $173,945.46 | | | | | $173,945.46 |
| | | | Surviving | $0.00 | | | | $173,945.46 | $173,945.46 |
| 8. | Baby Coca for Wears and Textiles Co. | 1262 | Asserted | $157,059.12 | | | | | $157,059.12 |
| | | | Surviving | $0.00 | | | | $157,059.12 | $157,059.12 |
| 9. | Baby Coca for Wears and Textiles Co. | 1263 | Asserted | $24,986.64 | | | | | $24,986.64 |
| | | | Surviving | $0.00 | | | | $24,986.64 | $24,986.64 |
| 10. | Baby Coca for Wears and Textiles Co. | 1525 | Asserted | $74,968.26 | | | | | $74,968.26 |
| | | | Surviving | $0.00 | | | | $74,968.26 | $74,968.26 |
| 11. | Baby Coca for Wears and Textiles Co. | 1754 | Asserted | $137,756.24 | | | | | $137,756.24 |
| | | | Surviving | $0.00 | | | | $137,756.24 | $137,756.24 |
| 12. | Baby Coca for Wears and Textiles Co. | 1999 | Asserted | $116,651.44 | | | | | $116,651.44 |
| | | | Surviving | $0.00 | | | | $116,651.44 | $116,651.44 |
| 13. | Baby Coca for Wears and Textiles Co. | 2074 | Asserted | $55,594.28 | | | | | $55,594.28 |
| | | | Surviving | $0.00 | | | | $55,594.28 | $55,594.28 |
| 14. | Baby Coca for Wears and Textiles Co. | 2088 | Asserted | $266,050.25 | | | | | $266,050.25 |
| | | | Surviving | $0.00 | | | | $266,050.25 | $266,050.25 |
| 15. | Baby Coca for Wears and Textiles Co. | 2096 | Asserted | $93,984.82 | | | | | $93,984.82 |
| | | | Surviving | $0.00 | | | | $93,984.82 | $93,984.82 |
| 16. | Billion Best Industrial Limited | 8155 | Asserted | $153,488.65 | | | | $1,403,429.95 | $1,556,918.60 |
| | | | Surviving | $0.00 | | | | $1,556,918.60 | $1,556,918.60 |
| 17. | Billion Best Industrial Limited | 8156 | Asserted | $205,447.70 | | | | $1,053,362.20 | $1,258,809.90 |
| | | | Surviving | $29,743.18 | | | | $1,229,066.72 | $1,258,809.90 |
| 18. | BLANCOS PILESO SA DE CV | 6292 | Asserted | $79,221.44 | | | | | $79,221.44 |
| | | | Surviving | $0.00 | | | | $79,221.44 | $79,221.44 |
| 19. | Blancos Pileso SA DE CV | 6296 | Asserted | $20,941.80 | | | | | $20,941.80 |
| | | | Surviving | $0.00 | | | | $20,941.80 | $20,941.80 |
| 20. | BLANCOS PILESO SA DE CV | 6401 | Asserted | $11,730.19 | | | | | $11,730.19 |
| | | | Surviving | $0.00 | | | | $11,730.19 | $11,730.19 |
| 21. | E-Land Apparel Ltd | 1765 | Asserted | $162,269.10 | | | | | $162,269.10 |
| | | | Surviving | $71,103.50 | | | | $91,165.60 | $162,269.10 |
| 22. | E-Land Apparel Ltd | 2048 | Asserted | $69,690.70 | | | | | $69,690.70 |
| | | | Surviving | $34,209.50 | | | | $35,481.20 | $69,690.70 |
| 23. | ESJAY INTERNATIONAL PRIVATE LIMITED | 1411 | Asserted | $168,535.56 | | | | | $168,535.56 |
| | | | Surviving | $23,426.28 | | | | $145,109.28 | $168,535.56 |
| 24. | ESJAY INTERNATIONAL PRIVATE LIMITED | 2196 | Asserted | $71,171.85 | | | | | $71,171.85 |
| | | | Surviving | $20,554.98 | | | | $50,616.87 | $71,171.85 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Reclassified Claims [1] | | | | | |
| 25. | FORTUNE CREATION COMPANY LIMITED | 6105 | Asserted | $171,175.20 | | | | | $171,175.20 |
| | | | Surviving | $0.00 | | | | $171,175.20 | $171,175.20 |
| 26. | FORTUNE CREATION COMPANY LIMITED | 6106 | Asserted | $100,389.60 | | | | | $100,389.60 |
| | | | Surviving | $0.00 | | | | $100,389.60 | $100,389.60 |
| 27. | FOUND DESIGN STUDIO LIMITED | 12890 | Asserted | $2,500.00 | | | | | $2,500.00 |
| | | | Surviving | $0.00 | | | | $2,500.00 | $2,500.00 |
| 28. | FUZHOU FUSHAN PNEUMATIC CO.,LTD. | 4541 | Asserted | $1,280,065.72 | | | | | $1,280,065.72 |
| | | | Surviving | $144,664.84 | | | | $1,135,400.88 | $1,280,065.72 |
| 29. | Gaia Group, Inc. | 4279 | Asserted | $12,600.00 | | | | $161,768.44 | $174,368.44 |
| | | | Surviving | $11,374.05 | | | | $162,994.39 | $174,368.44 |
| 30. | Giza Spinning and Weaving Co | 5772 | Asserted | $143,485.61 | | | | | $143,485.61 |
| | | | Surviving | $6,833.67 | | | | $136,651.94 | $143,485.61 |
| 31. | Hain Capital Investors Master Fund, Ltd as Transferee of BST International Fashion, Ltd | 7960 | Asserted | $1,781,633.92 | | | | | $1,781,633.92 |
| | | | Surviving | $0.00 | | | | $1,781,633.92 | $1,781,633.92 |
| 32. | Hain Capital Investors Master Fund, Ltd as Transferee of BST International Fashion, Ltd | 7967 | Asserted | $342,783.60 | | | | | $342,783.60 |
| | | | Surviving | $0.00 | | | | $342,783.60 | $342,783.60 |
| 33. | Hain Capital Investors Master Fund, Ltd as Transferee of Rio Sul S.A. de CV | 8878 | Asserted | $447,350.52 | | | | | $447,350.52 |
| | | | Surviving | $73,373.60 | | | | $373,976.92 | $447,350.52 |
| 34. | HANGZHOU IN-CHOICE IMPORT AND EXPORT CO., LTD | 4587 | Asserted | $283,341.12 | | | | | $283,341.12 |
| | | | Surviving | $0.00 | | | | $283,341.12 | $283,341.12 |
| 35. | HANGZHOU IN-CHOICE IMPORT AND EXPORT CO., LTD | 4588 | Asserted | $99,197.40 | | | | | $359,154.36 |
| | | | Surviving | $0.00 | | | | $359,154.36 | $359,154.36 |
| 36. | Hangzhou In-Choice Import and Export Co., Ltd | 4609 | Asserted | $109,669.53 | | | | $216,378.64 | $326,048.17 |
| | | | Surviving | $0.00 | | | | $326,048.17 | $326,048.17 |
| 37. | Hangzhou In-Choice Import and Export Co., Ltd | 4616 | Asserted | $171,875.70 | | | | | $171,875.70 |
| | | | Surviving | $4,024.80 | | | | $167,850.90 | $171,875.70 |
| 38. | HK Sino-Thai Trading Company Ltd., | 1060 | Asserted | $318,718.62 | | | $89,700.00 | | $408,418.62 |
| | | | Surviving | $58,602.41 | | | $89,700.00 | $260,116.21 | $408,418.62 |
| 39. | Hong Kong City Toys Factory Limited | 1623 | Asserted | $361,005.45 | | | | | $361,005.45 |
| | | | Surviving | $0.00 | | | | $361,005.45 | $361,005.45 |
| 40. | House & Home Ltd | 492 | Asserted | $25,498.80 | | | | | $25,498.80 |
| | | | Surviving | $0.00 | | | | $25,498.80 | $25,498.80 |
| 41. | House & Home Ltd. | 790 | Asserted | $113,808.60 | | | | | $113,808.60 |
| | | | Surviving | $0.00 | | | | $113,808.60 | $113,808.60 |
| 42. | INFIILOOM INDIA PRIVATE LIMITED | 2924 | Asserted | $91,307.16 | | | | | $91,307.16 |
| | | | Surviving | $0.00 | | | | $91,307.16 | $91,307.16 |
| 43. | INFIILOOM INDIA PRIVATE LIMITED | 3181 | Asserted | $98,918.32 | | | | | $98,918.32 |
| | | | Surviving | $5,349.79 | | | | $93,568.53 | $98,918.32 |
| 44. | Jordache Enterprises, Inc. | 7845 | Asserted | $1,818,417.10 | | | | $2,365,623.20 | $4,184,040.30 |
| | | | Surviving | $1,138,752.56 | | | | $3,045,287.74 | $4,184,040.30 |
| 45. | MAYFAIR ACCESSORIES INTL LTD | 14249 | Asserted | $369,636.58 | | | | | $369,636.58 |
| | | | Surviving | $6,966.51 | | | | $362,670.07 | $369,636.58 |
| 46. | MAYFAIR ACCESSORIES INT'L LTD | 14127 | Asserted | $841,716.89 | | | | $1,453,395.97 | $2,295,112.86 |
| | | | Surviving | $5,529.60 | | | | $2,289,583.26 | $2,295,112.86 |
| 47. | MEENU CREATION LLP | 1546 | Asserted | $323,931.49 | | | | $217,973.28 | $541,904.77 |
| | | | Surviving | $277,048.49 | | | | $264,856.28 | $541,904.77 |
| 48. | MEENU CREATION LLP | 1852 | Asserted | $222,056.82 | | | | $65,489.81 | $287,546.63 |
| | | | Surviving | $146,201.82 | | | | $141,344.81 | $287,546.63 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| 49. | Mercuries Asia Ltd. | 247 | Asserted | $9,540.00 | | | | | $9,540.00 |
| | | | Surviving | $0.00 | | | | $9,540.00 | $9,540.00 |
| 50. | Mercuries Asia Ltd. | 279 | Asserted | $13,769.40 | | | | | $13,769.40 |
| | | | Surviving | $0.00 | | | | $13,769.40 | $13,769.40 |
| 51. | Mien Co., Ltd. | 17114 | Asserted | $1,568,020.48 | | | | $514,225.42 | $2,082,245.90 |
| | | | Surviving | $288,090.87 | | | | $1,794,155.03 | $2,082,245.90 |
| 52. | Mien Co., Ltd. | 18399 | Asserted | $1,397,577.88 | | | | $756,835.76 | $2,154,413.64 |
| | | | Surviving | $207,074.95 | | | | $1,947,338.69 | $2,154,413.64 |
| 53. | MKK Enterprises Corp (DUNS#86681326) | 810 | Asserted | $2,507,711.58 | | $182,172.90 | | $3,829,926.46 | $6,519,810.94 |
| | | | Surviving | $2,084,209.43 | | $182,172.90 | | $4,253,428.61 | $6,519,810.94 |
| 54. | MOVEIS K1 LTDA | 14222 | Asserted | $296,103.51 | | | $296,103.50 | | $592,207.01 |
| | | | Surviving | $0.00 | | | $296,103.50 | $296,103.51 | $592,207.01 |
| 55. | Nano Star Ventues Limited | 2274 | Asserted | $18,918.00 | | | | $235,963.59 | $254,881.59 |
| | | | Surviving | $9,427.47 | | | | $245,454.12 | $254,881.59 |
| 56. | One To One Garment Mfg., Ltd. | 1782 | Asserted | $1,123.20 | | | | $56,516.50 | $57,639.70 |
| | | | Surviving | $0.00 | | | | $57,639.70 | $57,639.70 |
| 57. | One To One Garment Mfg., Ltd. | 1960 | Asserted | $109,396.32 | | | | $136,892.94 | $246,289.26 |
| | | | Surviving | $0.00 | | | | $246,289.26 | $246,289.26 |
| 58. | Orient Craft Limited | 1135 | Asserted | $142,405.00 | | | | $50,985.00 | $193,390.00 |
| | | | Surviving | $0.00 | | | | $193,390.00 | $193,390.00 |
| 59. | ORIENT CRAFT LIMITED | 1142 | Asserted | $116,591.22 | | | | $79,398.00 | $195,989.22 |
| | | | Surviving | $0.00 | | | | $195,989.22 | $195,989.22 |
| 60. | P.K. Douglass Inc. | 8516 | Asserted | $30,778.80 | | | | | $30,778.80 |
| | | | Surviving | $14,076.00 | | | | $16,702.80 | $30,778.80 |
| 61. | PCL Co Limited | 10928 | Asserted | $829,191.84 | | | | $649,685.31 | $1,478,877.15 |
| | | | Surviving | $381,546.07 | | | | $1,097,331.08 | $1,478,877.15 |
| 62. | Pearl Global Industries Limited | 16366 | Asserted | $496,224.75 | | | | $457,099.53 | $953,324.28 |
| | | | Surviving | $351,286.07 | | | | $602,038.21 | $953,324.28 |
| 63. | Plumbing Technologies, LLC | 11179 | Asserted | $166,563.40 | | | | | $166,563.40 |
| | | | Surviving | $0.00 | | | | $166,563.40 | $166,563.40 |
| 64. | QUALITY HOUSE INT | 13284 | Asserted | $141,342.75 | | | | $642,984.39 | $784,327.14 |
| | | | Surviving | $62,324.18 | | | | $722,002.97 | $784,327.14 |
| 65. | R2P GROUP INC | 832 | Asserted | $421,463.96 | | | | | $421,463.96 |
| | | | Surviving | $121,913.28 | | | | $299,550.68 | $421,463.96 |
| 66. | Regency International Marketing Corp. | 349 | Asserted | $42,900.00 | | | | $412,695.32 | $455,595.32 |
| | | | Surviving | $22,800.00 | | | | $432,795.32 | $455,595.32 |
| 67. | Shanghai Fochier Intl Trade Co Ltd | 17158 | Asserted | $327,870.18 | | | | $130,036.25 | $457,906.43 |
| | | | Surviving | $69,925.68 | | | | $387,980.75 | $457,906.43 |
| 68. | SHENZHEN EVERBEST MACHINERY INDUSTRY CO., LTD | 14047 | Asserted | $391,387.44 | | | | $1,500,543.18 | $1,891,930.62 |
| | | | Surviving | $163,501.84 | | | | $1,728,428.78 | $1,891,930.62 |
| 69. | SHI YI FOOTWEAR MFG FACTORY | 3182 | Asserted | $36,277.32 | | | | $40,133.88 | $76,411.20 |
| | | | Surviving | $0.00 | | | | $76,411.20 | $76,411.20 |
| 70. | Shinn Fu Company of America, Inc. | 6269 | Asserted | $127,114.84 | | $0.00 | | | $127,114.84 |
| | | | Surviving | $119,836.06 | | $0.00 | | $7,278.78 | $127,114.84 |
| 71. | Sunny Days Entertainment, LLC | 1077 | Asserted | $55,918.73 | | | | $136,744.81 | $192,663.54 |
| | | | Surviving | $6,285.53 | | | | $186,378.01 | $192,663.54 |
| 72. | Sunny Jet Textiles Co, Ltd | 1388 | Asserted | $21,429.72 | | | | | $21,429.72 |
| | | | Surviving | $285.43 | | | | $21,144.29 | $21,429.72 |

3

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Reclassified Claims [1] | | | | | |
| 73. | Sunny Jet Textiles Co.,Ltd | 179 | Asserted | $10,082.88 | | | | | $10,082.88 |
| | | | Surviving | $0.00 | | | | $10,082.88 | $10,082.88 |
| 74. | Superb International Co., Ltd | 10281 | Asserted | $232,566.31 | | | | | $232,566.31 |
| | | | Surviving | $0.00 | | | | $232,566.31 | $232,566.31 |
| 75. | Superb International Co., Ltd | 10733 | Asserted | $271,234.49 | | | | | $271,234.49 |
| | | | Surviving | $59,881.30 | | | | $211,353.19 | $271,234.49 |
| 76. | Superb International Co., Ltd | 12087 | Asserted | $749,222.08 | | | | | $749,222.08 |
| | | | Surviving | $0.00 | | | | $749,222.08 | $749,222.08 |
| 77. | Superb International Co., Ltd | 12092 | Asserted | $115,915.02 | $97,584.02 | | | | $213,499.04 |
| | | | Surviving | $0.00 | $97,584.02 | | | $115,915.02 | $213,499.04 |
| 78. | Superb International Co., Ltd | 12944 | Asserted | $171,923.71 | $52,630.96 | | | | $224,554.67 |
| | | | Surviving | $0.00 | $52,630.96 | | | $171,923.71 | $224,554.67 |
| 79. | Superb International Co., Ltd | 13228 | Asserted | $84,269.16 | | | | | $84,269.16 |
| | | | Surviving | $0.00 | | | | $84,269.16 | $84,269.16 |
| 80. | Suzhou Chunju Electric Co Ltd. | 6823 | Asserted | $109,132.80 | | | | $268,992.90 | $378,125.70 |
| | | | Surviving | $0.00 | | | | $378,125.70 | $378,125.70 |
| 81. | Thanh Cong Textile Garment Investment Trading Joint Stock Company | 1890 | Asserted | $527,952.57 | | | | $1,079,712.97 | $1,607,665.54 |
| | | | Surviving | $234,309.42 | | | | $1,373,356.12 | $1,607,665.54 |
| 82. | Thanh Cong Textile Garment Investment Trading Joint Stock Company | 1946 | Asserted | $996,621.82 | | | | $1,757,101.79 | $2,753,723.61 |
| | | | Surviving | $255,702.93 | | | | $2,498,020.68 | $2,753,723.61 |
| 83. | The United States Playing Card Company | 14198 | Asserted | $54,764.40 | | | | $80,103.50 | $134,867.90 |
| | | | Surviving | $190.57 | | | | $134,677.33 | $134,867.90 |
| 84. | Vogue Tex (Pvt) Ltd | 325 | Asserted | $80,055.36 | | | | | $80,055.36 |
| | | | Surviving | $0.00 | | | | $80,055.36 | $80,055.36 |
| 85. | Vogue Tex (Pvt) Ltd. | 236 | Asserted | $53,584.48 | | | | | $53,584.48 |
| | | | Surviving | $0.00 | | | | $53,584.48 | $53,584.48 |
| 86. | Vogue Tex (Pvt) Ltd. | 394 | Asserted | $61,615.62 | | | | | $61,615.62 |
| | | | Surviving | $0.00 | | | | $61,615.62 | $61,615.62 |
| 87. | Vogue Tex (Pvt) Ltd. | 15553 | Asserted | $173,158.40 | | | | | $173,158.40 |
| | | | Surviving | $0.00 | | | | $173,158.40 | $173,158.40 |
| 88. | Weihai Lianqiao International Coop Group Co. Ltd. | 15587 | Asserted | $646,697.26 | | | | $1,965,191.34 | $2,611,888.60 |
| | | | Surviving | $51,154.36 | | | | $2,560,734.24 | $2,611,888.60 |
| 89. | Weihai Lianqiao International Coop Group Co. Ltd. | 15702 | Asserted | $267,841.10 | | | | $622,271.58 | $890,112.68 |
| | | | Surviving | $21,241.50 | | | | $868,871.18 | $890,112.68 |
| 90. | Whitebox Multi-Strategy Partners, LP as Transferee of SportsPower Limited | 13944 | Asserted | $246,180.00 | | | | | $246,180.00 |
| | | | Surviving | $0.00 | | | | $246,180.00 | $246,180.00 |
| 91. | Winners Industry Company Limited | 16253 | Asserted | $1,205,965.44 | | | | $1,253,150.92 | $2,459,116.36 |
| | | | Surviving | $88,038.72 | | | | $2,371,077.64 | $2,459,116.36 |
| 92. | Winners Industry Company Limited | 17627 | Asserted | $1,726,765.83 | | | | $1,173,318.89 | $2,900,084.72 |
| | | | Surviving | $318,172.60 | | | | $2,581,912.12 | $2,900,084.72 |
| 93. | Xiamen Golden Textile Imp & Exp Co, LTD | 485 | Asserted | $416,050.31 | | | | $439,433.02 | $855,483.33 |
| | | | Surviving | $266,805.87 | | | | $588,677.46 | $855,483.33 |
| 94. | Xiamen Golden Textile Imp&Exp Co., Ltd | 716 | Asserted | $767,310.44 | | | | $481,506.24 | $1,248,816.68 |
| | | | Surviving | $534,724.74 | | | | $714,091.94 | $1,248,816.68 |
| 95. | Yat Fung (Macao Commercial Offshore) Ltd. | 5314 | Asserted | $45,257.40 | | | | $79,625.19 | $124,882.59 |
| | | | Surviving | $44,606.25 | | | | $80,276.34 | $124,882.59 |
| 96. | Zenithen (Hong Kong) Limited | 4546 | Asserted | $23,020.80 | | | | | $23,020.80 |
| | | | Surviving | $0.00 | | | | $23,020.80 | $23,020.80 |

**Debtors' Tenth Omnibus Objection to Proofs of Claim**
**Exhibit A - Reclassified Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | **Reclassified Claims** [1] | | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 97. | Zhejiang Kata Technology Co., Ltd | 647 | Asserted | $1,403,587.38 | | | | | $1,403,587.38 |
| | | | Surviving | $545,086.90 | | | | $858,500.48 | $1,403,587.38 |
| 98. | ZURU LLC | 14681 | Asserted | $212,658.62 | | | | $197,672.34 | $410,330.96 |
| | | | Surviving | $182,941.64 | | | | $227,389.32 | $410,330.96 |

[1] As set forth in the Objection, the Debtors seek to reclassify all Claims listed herein on the basis that the Claims relate to goods received by the Debtors outside the 503(b)(9) Window (as defined in the Objection).
[2] Asserted Claim amounts include any asserted unliquidated amounts.

**<u>Exhibit B</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                    :          Chapter 11
                                         :
SEARS HOLDINGS CORPORATION, *et al.*,    :          Case No. 18-23538 (RDD)
                                         :
         Debtors.[1]                     :          (Jointly Administered)
----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TENTH OMNIBUS
## OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY CERTAIN CLAIMS)

Upon the *Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify*

*Certain Claims)*, filed September 25, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and

its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the

"**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the

"**Bankruptcy Rules**"), for an order (i) reclassifying the Asserted Priority Claims, and (ii) granting

related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on November 20, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Objection is granted.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** to this Order is reclassified as a general unsecured claim to the extent reflected on **Exhibit 1**.

3.      Nothing herein shall otherwise constitute an admission or finding concerning the amount or validity of any of the claims.

2

4.      The rights of the Debtors to object to all claims, in whole or in part, and on any basis, are specifically preserved.

5.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.

Dated:   _____, 2019
          White Plains, New York

                                        _____
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

WEIL:\97200190\2\73217.0004

## <u>Exhibit 1</u>

**Reclassified Claims**

Debtors' Tenth Omnibus Objection to Proofs of Claim

In re: Sears Holdings Corporation, et al.

Exhibit 1 - Reclassified Claims

Case No. 18-23538 (RDD)

| | | | | Reclassified Claims [1] | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 1. | A&A (H.K.) Industrial Limited | 12277 | Asserted | $258,263.40 | | | | $392,749.97 | $651,013.37 |
| | | | Surviving | $15,961.80 | | | | $635,051.57 | $651,013.37 |
| 2. | A&A HK INDUSTRIAL LIMITED | 12330 | Asserted | $284,571.90 | | | | $198,341.90 | $482,913.80 |
| | | | Surviving | $29,718.40 | | | | $453,195.40 | $482,913.80 |
| 3. | ALLURE HOME CREATION CO., INC | 2518 | Asserted | $2,142.60 | | | | $30,343.42 | $32,486.02 |
| | | | Surviving | $1,169.16 | | | | $31,316.86 | $32,486.02 |
| 4. | Allure Home Creation Co., Inc | 3516 | Asserted | $29,067.58 | | | | $566,840.54 | $595,908.12 |
| | | | Surviving | $20,261.42 | | | | $575,646.70 | $595,908.12 |
| 5. | Arca Industrial (NJ), Inc. | 2957 | Asserted | $66,186.90 | $439,028.58 | | | $29,580.00 | $534,795.48 |
| | | | Surviving | $58,521.60 | $439,028.58 | | | $37,245.30 | $534,795.48 |
| 6. | Arca Industrial (NJ), Inc. | 5167 | Asserted | $190,557.75 | $465,046.95 | | | $76,150.35 | $731,755.05 |
| | | | Surviving | $96,385.38 | $465,046.95 | | | $170,322.72 | $731,755.05 |
| 7. | Asia Socks Inc | 8568 | Asserted | $173,945.46 | | | | | $173,945.46 |
| | | | Surviving | $0.00 | | | | $173,945.46 | $173,945.46 |
| 8. | Baby Coca for Wears and Textiles Co. | 1262 | Asserted | $157,059.12 | | | | | $157,059.12 |
| | | | Surviving | $0.00 | | | | $157,059.12 | $157,059.12 |
| 9. | Baby Coca for Wears and Textiles Co. | 1263 | Asserted | $24,986.64 | | | | | $24,986.64 |
| | | | Surviving | $0.00 | | | | $24,986.64 | $24,986.64 |
| 10. | Baby Coca for Wears and Textiles Co. | 1525 | Asserted | $74,968.26 | | | | | $74,968.26 |
| | | | Surviving | $0.00 | | | | $74,968.26 | $74,968.26 |
| 11. | Baby Coca for Wears and Textiles Co. | 1754 | Asserted | $137,756.24 | | | | | $137,756.24 |
| | | | Surviving | $0.00 | | | | $137,756.24 | $137,756.24 |
| 12. | Baby Coca for Wears and Textiles Co. | 1999 | Asserted | $116,651.44 | | | | | $116,651.44 |
| | | | Surviving | $0.00 | | | | $116,651.44 | $116,651.44 |
| 13. | Baby Coca for Wears and Textiles Co. | 2074 | Asserted | $55,594.28 | | | | | $55,594.28 |
| | | | Surviving | $0.00 | | | | $55,594.28 | $55,594.28 |
| 14. | Baby Coca for Wears and Textiles Co. | 2088 | Asserted | $266,050.25 | | | | | $266,050.25 |
| | | | Surviving | $0.00 | | | | $266,050.25 | $266,050.25 |
| 15. | Baby Coca for Wears and Textiles Co. | 2096 | Asserted | $93,984.82 | | | | | $93,984.82 |
| | | | Surviving | $0.00 | | | | $93,984.82 | $93,984.82 |
| 16. | Billion Best Industrial Limited | 8155 | Asserted | $153,488.65 | | | | $1,403,429.95 | $1,556,918.60 |
| | | | Surviving | $0.00 | | | | $1,556,918.60 | $1,556,918.60 |
| 17. | Billion Best Industrial Limited | 8156 | Asserted | $205,447.70 | | | | $1,053,362.20 | $1,258,809.90 |
| | | | Surviving | $29,743.18 | | | | $1,229,066.72 | $1,258,809.90 |
| 18. | BLANCOS PILESO SA DE CV | 6292 | Asserted | $79,221.44 | | | | | $79,221.44 |
| | | | Surviving | $0.00 | | | | $79,221.44 | $79,221.44 |
| 19. | Blancos Pileso SA DE CV | 6296 | Asserted | $20,941.80 | | | | | $20,941.80 |
| | | | Surviving | $0.00 | | | | $20,941.80 | $20,941.80 |
| 20. | BLANCOS PILESO SA DE CV | 6401 | Asserted | $11,730.19 | | | | | $11,730.19 |
| | | | Surviving | $0.00 | | | | $11,730.19 | $11,730.19 |
| 21. | E-Land Apparel Ltd | 1765 | Asserted | $162,269.10 | | | | | $162,269.10 |
| | | | Surviving | $71,103.50 | | | | $91,165.60 | $162,269.10 |
| 22. | E-Land Apparel Ltd | 2048 | Asserted | $69,690.70 | | | | | $69,690.70 |
| | | | Surviving | $34,209.50 | | | | $35,481.20 | $69,690.70 |
| 23. | ESJAY INTERNATIONAL PRIVATE LIMITED | 1411 | Asserted | $168,535.56 | | | | | $168,535.56 |
| | | | Surviving | $23,426.28 | | | | $145,109.28 | $168,535.56 |
| 24. | ESJAY INTERNATIONAL PRIVATE LIMITED | 2196 | Asserted | $71,171.85 | | | | | $71,171.85 |
| | | | Surviving | $20,554.98 | | | | $50,616.87 | $71,171.85 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Reclassified Claims [1] | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 25. | FORTUNE CREATION COMPANY LIMITED | 6105 | Asserted | $171,175.20 | | | | | $171,175.20 |
| | | | Surviving | $0.00 | | | | $171,175.20 | $171,175.20 |
| 26. | FORTUNE CREATION COMPANY LIMITED | 6106 | Asserted | $100,389.60 | | | | | $100,389.60 |
| | | | Surviving | $0.00 | | | | $100,389.60 | $100,389.60 |
| 27. | FOUND DESIGN STUDIO LIMITED | 12890 | Asserted | $2,500.00 | | | | | $2,500.00 |
| | | | Surviving | $0.00 | | | | $2,500.00 | $2,500.00 |
| 28. | FUZHOU FUSHAN PNEUMATIC CO.,LTD. | 4541 | Asserted | $1,280,065.72 | | | | | $1,280,065.72 |
| | | | Surviving | $144,664.84 | | | | $1,135,400.88 | $1,280,065.72 |
| 29. | Gaia Group, Inc. | 4279 | Asserted | $12,600.00 | | | | $161,768.44 | $174,368.44 |
| | | | Surviving | $11,374.05 | | | | $162,994.39 | $174,368.44 |
| 30. | Giza Spinning and Weaving Co | 5772 | Asserted | $143,485.61 | | | | | $143,485.61 |
| | | | Surviving | $6,833.67 | | | | $136,651.94 | $143,485.61 |
| 31. | Hain Capital Investors Master Fund, Ltd as Transferee of BST International Fashion, Ltd | 7960 | Asserted | $1,781,633.92 | | | | | $1,781,633.92 |
| | | | Surviving | $0.00 | | | | $1,781,633.92 | $1,781,633.92 |
| 32. | Hain Capital Investors Master Fund, Ltd as Transferee of BST International Fashion, Ltd | 7967 | Asserted | $342,783.60 | | | | | $342,783.60 |
| | | | Surviving | $0.00 | | | | $342,783.60 | $342,783.60 |
| 33. | Hain Capital Investors Master Fund, Ltd as Transferee of Rio Sul S.A. de CV | 8878 | Asserted | $447,350.52 | | | | | $447,350.52 |
| | | | Surviving | $73,373.60 | | | | $373,976.92 | $447,350.52 |
| 34. | HANGZHOU IN-CHOICE IMPORT AND EXPORT CO., LTD | 4587 | Asserted | $283,341.12 | | | | | $283,341.12 |
| | | | Surviving | $0.00 | | | | $283,341.12 | $283,341.12 |
| 35. | HANGZHOU IN-CHOICE IMPORT AND EXPORT CO., LTD | 4588 | Asserted | $99,197.40 | | | | $259,956.96 | $359,154.36 |
| | | | Surviving | $0.00 | | | | $359,154.36 | $359,154.36 |
| 36. | Hangzhou In-Choice Import and Export Co., Ltd | 4609 | Asserted | $109,669.53 | | | | $216,378.64 | $326,048.17 |
| | | | Surviving | $0.00 | | | | $326,048.17 | $326,048.17 |
| 37. | Hangzhou In-Choice Import and Export Co., Ltd | 4616 | Asserted | $171,875.70 | | | | | $171,875.70 |
| | | | Surviving | $4,024.80 | | | | $167,850.90 | $171,875.70 |
| 38. | HK Sino-Thai Trading Company Ltd., | 1060 | Asserted | $318,718.62 | | | $89,700.00 | | $408,418.62 |
| | | | Surviving | $58,602.41 | | | $89,700.00 | $260,116.21 | $408,418.62 |
| 39. | Hong Kong City Toys Factory Limited | 1623 | Asserted | $361,005.45 | | | | | $361,005.45 |
| | | | Surviving | $0.00 | | | | $361,005.45 | $361,005.45 |
| 40. | House & Home Ltd | 492 | Asserted | $25,498.80 | | | | | $25,498.80 |
| | | | Surviving | $0.00 | | | | $25,498.80 | $25,498.80 |
| 41. | House & Home Ltd. | 790 | Asserted | $113,808.60 | | | | | $113,808.60 |
| | | | Surviving | $0.00 | | | | $113,808.60 | $113,808.60 |
| 42. | INFIILOOM INDIA PRIVATE LIMITED | 2924 | Asserted | $91,307.16 | | | | | $91,307.16 |
| | | | Surviving | $0.00 | | | | $91,307.16 | $91,307.16 |
| 43. | INFIILOOM INDIA PRIVATE LIMITED | 3181 | Asserted | $98,918.32 | | | | | $98,918.32 |
| | | | Surviving | $5,349.79 | | | | $93,568.53 | $98,918.32 |
| 44. | Jordache Enterprises, Inc. | 7845 | Asserted | $1,818,417.10 | | | | $2,365,623.20 | $4,184,040.30 |
| | | | Surviving | $1,138,752.56 | | | | $3,045,287.74 | $4,184,040.30 |
| 45. | MAYFAIR ACCESSORIES INTL LTD | 14249 | Asserted | $369,636.58 | | | | | $369,636.58 |
| | | | Surviving | $6,966.51 | | | | $362,670.07 | $369,636.58 |
| 46. | MAYFAIR ACCESSORIES INT'L LTD | 14127 | Asserted | $841,716.89 | | | | $1,453,395.97 | $2,295,112.86 |
| | | | Surviving | $5,529.60 | | | | $2,289,583.26 | $2,295,112.86 |
| 47. | MEENU CREATION LLP | 1546 | Asserted | $323,931.49 | | | | $217,973.28 | $541,904.77 |
| | | | Surviving | $277,048.49 | | | | $264,856.28 | $541,904.77 |
| 48. | MEENU CREATION LLP | 1852 | Asserted | $222,056.82 | | | | $65,489.81 | $287,546.63 |
| | | | Surviving | $146,201.82 | | | | $141,344.81 | $287,546.63 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Reclassified Claims [1] | | | | | |
| 49. | Mercuries Asia Ltd. | 247 | Asserted | $9,540.00 | | | | | $9,540.00 |
| | | | Surviving | $0.00 | | | | $9,540.00 | $9,540.00 |
| 50. | Mercuries Asia Ltd. | 279 | Asserted | $13,769.40 | | | | | $13,769.40 |
| | | | Surviving | $0.00 | | | | $13,769.40 | $13,769.40 |
| 51. | Mien Co., Ltd. | 17114 | Asserted | $1,568,020.48 | | | | $514,225.42 | $2,082,245.90 |
| | | | Surviving | $288,090.87 | | | | $1,794,155.03 | $2,082,245.90 |
| 52. | Mien Co., Ltd. | 18399 | Asserted | $1,397,577.88 | | | | $756,835.76 | $2,154,413.64 |
| | | | Surviving | $207,074.95 | | | | $1,947,338.69 | $2,154,413.64 |
| 53. | MKK Enterprises Corp (DUNS#86681326) | 810 | Asserted | $2,507,711.58 | | $182,172.90 | | $3,829,926.46 | $6,519,810.94 |
| | | | Surviving | $2,084,209.43 | | $182,172.90 | | $4,253,428.61 | $6,519,810.94 |
| 54. | MOVEIS K1 LTDA | 14222 | Asserted | $296,103.51 | | | $296,103.50 | | $592,207.01 |
| | | | Surviving | $0.00 | | | $296,103.50 | $296,103.51 | $592,207.01 |
| 55. | Nano Star Ventures Limited | 2274 | Asserted | $18,918.00 | | | | $235,963.59 | $254,881.59 |
| | | | Surviving | $9,427.47 | | | | $245,454.12 | $254,881.59 |
| 56. | One To One Garment Mfg., Ltd. | 1782 | Asserted | $1,123.20 | | | | $56,516.50 | $57,639.70 |
| | | | Surviving | $0.00 | | | | $57,639.70 | $57,639.70 |
| 57. | One To One Garment Mfg., Ltd. | 1960 | Asserted | $109,396.32 | | | | $136,892.94 | $246,289.26 |
| | | | Surviving | $0.00 | | | | $246,289.26 | $246,289.26 |
| 58. | Orient Craft Limited | 1135 | Asserted | $142,405.00 | | | | $50,985.00 | $193,390.00 |
| | | | Surviving | $0.00 | | | | $193,390.00 | $193,390.00 |
| 59. | ORIENT CRAFT LIMITED | 1142 | Asserted | $116,591.22 | | | | $79,398.00 | $195,989.22 |
| | | | Surviving | $0.00 | | | | $195,989.22 | $195,989.22 |
| 60. | P.K. Douglass Inc. | 8516 | Asserted | $30,778.80 | | | | | $30,778.80 |
| | | | Surviving | $14,076.00 | | | | $16,702.80 | $30,778.80 |
| 61. | PCL Co Limited | 10928 | Asserted | $829,191.84 | | | | $649,685.31 | $1,478,877.15 |
| | | | Surviving | $381,546.07 | | | | $1,097,331.08 | $1,478,877.15 |
| 62. | Pearl Global Industries Limited | 16366 | Asserted | $496,224.75 | | | | $457,099.53 | $953,324.28 |
| | | | Surviving | $351,286.07 | | | | $602,038.21 | $953,324.28 |
| 63. | Plumbing Technologies, LLC | 11179 | Asserted | $166,563.40 | | | | | $166,563.40 |
| | | | Surviving | $0.00 | | | | $166,563.40 | $166,563.40 |
| 64. | QUALITY HOUSE INT | 13284 | Asserted | $141,342.75 | | | | $642,984.39 | $784,327.14 |
| | | | Surviving | $62,324.18 | | | | $722,002.97 | $784,327.14 |
| 65. | R2P GROUP INC | 832 | Asserted | $421,463.96 | | | | | $421,463.96 |
| | | | Surviving | $121,913.28 | | | | $299,550.68 | $421,463.96 |
| 66. | Regency International Marketing Corp. | 349 | Asserted | $42,900.00 | | | | $412,695.32 | $455,595.32 |
| | | | Surviving | $22,800.00 | | | | $432,795.32 | $455,595.32 |
| 67. | Shanghai Fochier Intl Trade Co Ltd | 17158 | Asserted | $327,870.18 | | | | $130,036.25 | $457,906.43 |
| | | | Surviving | $69,925.68 | | | | $387,980.75 | $457,906.43 |
| 68. | SHENZHEN EVERBEST MACHINERY INDUSTRY CO., LTD | 14047 | Asserted | $391,387.44 | | | | $1,500,543.18 | $1,891,930.62 |
| | | | Surviving | $163,501.84 | | | | $1,728,428.78 | $1,891,930.62 |
| 69. | SHI YI FOOTWEAR MFG FACTORY | 3182 | Asserted | $36,277.32 | | | | $40,133.88 | $76,411.20 |
| | | | Surviving | $0.00 | | | | $76,411.20 | $76,411.20 |
| 70. | Shinn Fu Company of America, Inc. | 6269 | Asserted | $127,114.84 | | $0.00 | | | $127,114.84 |
| | | | Surviving | $119,836.06 | | $0.00 | | $7,278.78 | $127,114.84 |
| 71. | Sunny Days Entertainment, LLC | 1077 | Asserted | $55,918.73 | | | | $136,744.81 | $192,663.54 |
| | | | Surviving | $6,285.53 | | | | $186,378.01 | $192,663.54 |
| 72. | Sunny Jet Textiles Co, Ltd | 1388 | Asserted | $21,429.72 | | | | | $21,429.72 |
| | | | Surviving | $285.43 | | | | $21,144.29 | $21,429.72 |

Debtors' Tenth Omnibus Objection to Proofs of Claim
Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Reclassified Claims** [1] | | | | | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 73. | Sunny Jet Textiles Co.,Ltd | 179 | Asserted | $10,082.88 | | | | | $10,082.88 |
| | | | Surviving | $0.00 | | | | $10,082.88 | $10,082.88 |
| 74. | Superb International Co., Ltd | 10281 | Asserted | $232,566.31 | | | | | $232,566.31 |
| | | | Surviving | $0.00 | | | | $232,566.31 | $232,566.31 |
| 75. | Superb International Co., Ltd | 10733 | Asserted | $271,234.49 | | | | | $271,234.49 |
| | | | Surviving | $59,881.30 | | | | $211,353.19 | $271,234.49 |
| 76. | Superb International Co., Ltd | 12087 | Asserted | $749,222.08 | | | | | $749,222.08 |
| | | | Surviving | $0.00 | | | | $749,222.08 | $749,222.08 |
| 77. | Superb International Co., Ltd | 12092 | Asserted | $115,915.02 | $97,584.02 | | | | $213,499.04 |
| | | | Surviving | $0.00 | $97,584.02 | | | $115,915.02 | $213,499.04 |
| 78. | Superb International Co., Ltd | 12944 | Asserted | $171,923.71 | $52,630.96 | | | | $224,554.67 |
| | | | Surviving | $0.00 | $52,630.96 | | | $171,923.71 | $224,554.67 |
| 79. | Superb International Co., Ltd | 13228 | Asserted | $84,269.16 | | | | | $84,269.16 |
| | | | Surviving | $0.00 | | | | $84,269.16 | $84,269.16 |
| 80. | Suzhou Chunju Electric Co Ltd. | 6823 | Asserted | $109,132.80 | | | | $268,992.90 | $378,125.70 |
| | | | Surviving | $0.00 | | | | $378,125.70 | $378,125.70 |
| 81. | Thanh Cong Textile Garment Investment Trading Joint Stock Company | 1890 | Asserted | $527,952.57 | | | | $1,079,712.97 | $1,607,665.54 |
| | | | Surviving | $234,309.42 | | | | $1,373,356.12 | $1,607,665.54 |
| 82. | Thanh Cong Textile Garment Investment Trading Joint Stock Company | 1946 | Asserted | $996,621.82 | | | | $1,757,101.79 | $2,753,723.61 |
| | | | Surviving | $255,702.93 | | | | $2,498,020.68 | $2,753,723.61 |
| 83. | The United States Playing Card Company | 14198 | Asserted | $54,764.40 | | | | $80,103.50 | $134,867.90 |
| | | | Surviving | $190.57 | | | | $134,677.33 | $134,867.90 |
| 84. | Vogue Tex (Pvt) Ltd | 325 | Asserted | $80,055.36 | | | | | $80,055.36 |
| | | | Surviving | $0.00 | | | | $80,055.36 | $80,055.36 |
| 85. | Vogue Tex (Pvt) Ltd. | 236 | Asserted | $53,584.48 | | | | | $53,584.48 |
| | | | Surviving | $0.00 | | | | $53,584.48 | $53,584.48 |
| 86. | Vogue Tex (Pvt) Ltd. | 394 | Asserted | $61,615.62 | | | | | $61,615.62 |
| | | | Surviving | $0.00 | | | | $61,615.62 | $61,615.62 |
| 87. | Vogue Tex (Pvt) Ltd. | 15553 | Asserted | $173,158.40 | | | | | $173,158.40 |
| | | | Surviving | $0.00 | | | | $173,158.40 | $173,158.40 |
| 88. | Weihai Lianqiao International Coop Group Co. Ltd. | 15587 | Asserted | $646,697.26 | | | | $1,965,191.34 | $2,611,888.60 |
| | | | Surviving | $51,154.36 | | | | $2,560,734.24 | $2,611,888.60 |
| 89. | Weihai Lianqiao International Coop Group Co. Ltd. | 15702 | Asserted | $267,841.10 | | | | $622,271.58 | $890,112.68 |
| | | | Surviving | $21,241.50 | | | | $868,871.18 | $890,112.68 |
| 90. | Whitebox Multi-Strategy Partners, LP as Transferee of SportsPower Limited | 13944 | Asserted | $246,180.00 | | | | | $246,180.00 |
| | | | Surviving | $0.00 | | | | $246,180.00 | $246,180.00 |
| 91. | Winners Industry Company Limited | 16253 | Asserted | $1,205,965.44 | | | | $1,253,150.92 | $2,459,116.36 |
| | | | Surviving | $88,038.72 | | | | $2,371,077.64 | $2,459,116.36 |
| 92. | Winners Industry Company Limited | 17627 | Asserted | $1,726,765.83 | | | | $1,173,318.89 | $2,900,084.72 |
| | | | Surviving | $318,172.60 | | | | $2,581,912.12 | $2,900,084.72 |
| 93. | Xiamen Golden Textile Imp & Exp Co, LTD | 485 | Asserted | $416,050.31 | | | | $439,433.02 | $855,483.33 |
| | | | Surviving | $266,805.87 | | | | $588,677.46 | $855,483.33 |
| 94. | Xiamen Golden Textile Imp&Exp Co., Ltd | 716 | Asserted | $767,310.44 | | | | $481,506.24 | $1,248,816.68 |
| | | | Surviving | $534,724.74 | | | | $714,091.94 | $1,248,816.68 |
| 95. | Yat Fung (Macao Commercial Offshore) Ltd. | 5314 | Asserted | $45,257.40 | | | | $79,625.19 | $124,882.59 |
| | | | Surviving | $44,606.25 | | | | $80,276.34 | $124,882.59 |
| 96. | Zenithen (Hong Kong) Limited | 4546 | Asserted | $23,020.80 | | | | | $23,020.80 |
| | | | Surviving | $0.00 | | | | $23,020.80 | $23,020.80 |

4

**Debtors' Tenth Omnibus Objection to Proofs of Claim**
**Exhibit 1 - Reclassified Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Reclassified Claims** [1] | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 97. | Zhejiang Kata Technology Co., Ltd | 647 | Asserted | $1,403,587.38 | | | | | $1,403,587.38 |
| | | | Surviving | $545,086.90 | | | | $858,500.48 | $1,403,587.38 |
| 98. | ZURU LLC | 14681 | Asserted | $212,658.62 | | | | $197,672.34 | $410,330.96 |
| | | | Surviving | $182,941.64 | | | | $227,389.32 | $410,330.96 |

[1] As set forth in the Objection, the Debtors seek to reclassify all Claims listed herein on the basis that the Claims relate to goods received by the Debtors outside the 503(b)(9) Window (as defined in the Objection).
[2] Asserted Claim amounts include any asserted unliquidated amounts.

5