**Hearing Date and Time:** October 23, 2019 at 10:00 am (Eastern Time)
**Response Deadline:** September 26, 2019 at 4:00 pm (Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Chelsey Rosenbloom
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SEARS HOLDINGS CORPORATION, et al., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 18-23538 (RDD) <br><br> (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR-Rover De Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF TRANSFORM HOLDCO LLC TO DEBTORS' SIXTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS)**

Transform Holdco LLC ("Transform"), the buyer under the APA,[2] by its undersigned counsel, hereby submits this limited response and reservation of rights (the "Limited Response") with respect to the *Debtors' Sixth Omnibus Objection to Proofs of Claim (Satisfied Claims)* (the "Omnibus Objection") [Docket No. 5075] dated as of September 5, 2019.[3]  In support of this Limited Response, Transform respectfully states as follows:

1. On February 8, 2019, the Court approved the sale of substantially all of the above-captioned Debtors' assets to Transform pursuant to the APA and entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") [Docket No. 2507].

2. The Sale Order and the APA established a process permitting Transform to designate executory contracts for assumption and assignment for up to sixty (60) days after the February 11, 2019 closing date.  The Designation Rights Period was subsequently extended to May 13, 2019 for certain executory contracts (as extended, the "Designation Rights Period").  *See*

---

[2]  The "APA" shall mean the Asset Purchase Agreement filed as Ex. B to the Sale Order, as may be amended, restated or amended and restated including pursuant to Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement*, [Docket No. 2599] and Amendment No. 2 to Asset Purchase Agreement filed as Ex. A to the *Notice of Filing Second Amendment to the Asset Purchase Agreement*, [Docket No. 3880].

[3]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Omnibus Objection.

*Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* [Docket No. 3171].[4]

3. On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "<u>Assumption and Assignment Order</u>") [Docket No. 3008], which established a process for the assumption and assignment of executory contracts by filing and serving notices designating the executory contracts for assumption and assignment (such notice, an "<u>Assumption Notice</u>"). Under the Assumption and Assignment Order, if a timely objection to an Assumption Notice is filed and not resolved consensually, then the assumption and assignment of the relevant executory contract would not become effective until after resolution of the objection by the Court. Assumption and Assignment Order, ¶ 27.

4. Throughout the Designation Rights Period, Transform designated over 3,000 executory contracts for assumption and assignment in accordance with the APA, the Sale Order and the Assumption and Assignment Order.

5. The Debtors' Omnibus Objection seeks to disallow and expunge certain claims (referred to as "<u>Satisfied Claims</u>"), which the Debtors assert have been satisfied in full, "[i]ncluding as a result of the Debtors having assumed and assigned the contract(s) that form the basis of a Satisfied Claim" to Transform Holdco LLC. *See* Omnibus Objection, ¶ 9.[5]

---

[4] On a limited basis, even after the expiration of the Designation Rights Period, the Debtors have consented to certain additional contract designations. *See e.g. Notice of Assumption and Assignment of Additional Executory Contracts* [Docket No. 4148], dated June 7, 2019.

[5] Transform also notes that while the Omnibus Objection indicates that the contracts associated with the Satisfied Claims were assumed and assigned to Transform Holdco LLC, certain executory contracts were assigned to affiliates of Transform Holdco LLC.

6. Through this Limited Response, Transform seeks to clarify three aspects of the Debtors' Omnibus Objection.[6]

7. <u>First</u>, the Omnibus Objection is premature as it pertains to certain executory contracts with DART Warehouse Corporation for which the assumption and assignment is pending, but not yet effective due to the filing of a timely objection to the applicable Assumption Notice. As noted above, the Assumption and Assignment Order provides that the assumption and assignment of an executory contract would not become effective until after the resolution of a timely filed objection by the Court, unless such objection was resolved consensually. Assumption and Assignment Order, ¶ 27. Accordingly, because objections were filed by DART Warehouse Corporation, any assumption and assignment of an agreement subject to those objections has not yet become effective. Moreover, Transform retains the right to withdraw any designation of an executory contract for assumption and assignment until such time as such designation becomes effective. Assumption and Assignment Order, ¶ 17. However, Transform believes that the objection filed by DART Warehouse Corporation has been resolved, and is working with DART Warehouse Corporation to seek to have their objection withdrawn.

8. <u>Second</u>, while the Omnibus Objection indicates that the Satisfied Claims were "satisfied and/or released" because an associated contract was assumed and assigned to Transform Holdco LLC, Transform seeks to clarify that even if a contract has been assumed and assigned to Transform, Transform is not necessarily obligated to satisfy the asserted claim in its full face

---

[6] On August 6, 2019, the Debtors filed their *First Omnibus Objection to Proofs of Claim (Satisfied Claims)* [Docket No. 4775] which similarly seeks to disallow and expunge claims on the basis that they have been satisfied through assumption and assignment to Transform and its Affiliates. On August 27, 2019, Transform filed the *Limited Response and Reservation of Rights of Transform Holdco LLC to Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* [Docket No. 4998], in part setting forth similar arguments to those laid out below in relation to other contract counterparties whose agreements were included in the *First Omnibus Objection to Proofs of Claim (Satisfied Claims)*.

amount as other arrangements may have been reached during negotiations with the contract counterparties.[7]

9.  Third, Transform highlights that based on its review of the Omnibus Objection, it appears that the Debtors are seeking to expunge all Claims filed by a counterparty for which at least one executory contract was designated for assumption and assignment, but it is not always discernable whether the Claims that the Omnibus Objection seeks to expunge arise from the same contracts that were assumed and assigned to Transform or instead are derived from other relationships. Accordingly, for over forty Claims listed as Satisfied Claims in the Omnibus Objection, Transform is unable to assess whether the Claims are tied to the specific agreements that were assumed and assigned. Transform has reached out to the Debtors to reconcile the records regarding these Claims. As Transform only has assumed liability with respect to specific contracts that were assumed and assigned, it reserves all rights on this point.

10. Transform reserves all rights to supplement this Limited Response.

Dated:   September 26, 2019
         New York, New York

                                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                      By:   /s/ *Luke A. Barefoot*
                                                Sean A. O'Neal
                                                Luke A. Barefoot
                                                Chelsey Rosenbloom
                                                One Liberty Plaza
                                                New York, NY 10006
                                                Telephone: (212) 225-2000
                                                Fax: (212) 225-3999

                                        *Attorneys for Transform Holdco LLC*

---

[7] While this does nothing to impact the Debtors' position, Transform notes this distinction for the avoidance of doubt.