**Hearing Date and Time: October 23, 2019 at 10:00 am**
**Objection Deadline: October 16, 2019 at 4:00 pm**

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress*
*Garment Factory Company, Ltd., Samil Solutions, Shanghai*
*Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited*
*Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDING CORPORATION, *et al.*[1],**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 18-23538 (RDD)**<br><br>**(Jointly Administered)** |

**NOTICE AND MOTION OF MIEN CO. LTD., HELEN ANDREWS,**
**STRONG PROGRESS GARMENT FACTORY COMPANY, LTD, SAMIL**
**SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK INDUSTRIAL,**
**MINGLE FASHION, MANSHEEN INDUSTRIES, LTD. AND AMW VIETNAM**
**CO. LTD. FOR ENTRY OF AN ORDER TO ASSIGN MATTER TO MEDIATION**

**TO:   THE HONORABLE ROBERT D. DRAIN**
        **UNITED STATES BANKRUPTCY JUDGE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PLEASE TAKE NOTICE that a hearing on the attached motion (the "Motion") of Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and General Order M-452 of the same Court for entry of an order substantially in the form attached to the Motion as Exhibit A directing that representatives of the Debtors, The Official Committee of Unsecured Creditors, Transform Holdco LLC, parties representing administrative creditors and other interested parties enter into mediation to resolve issues necessary to confirm the Debtors' proposed chapter 11 plan will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court") on **October 23, 2019 at 10:00 a.m.** (the "Hearing"), or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any objections to the Motion shall be in writing and shall be (i) filed with the clerk of the Bankruptcy Court on the Court's ECF system, (ii) served upon The Sarachek Law Firm, 101 Park Avenue, 27th Floor, New York, NY 10178, Attn: Joseph E. Sarachek, Esq. and (iii) delivered to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, so that same are received no later than **October 16, 2019 at 4:00 p.m.** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company,

Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion,

Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order attached

to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted upon default.

Date:  New York, NY
        September 26, 2019


                                        Respectfully submitted,

                                        THE SARACHEK LAW FIRM

                                        /s/ Joseph E. Sarachek
                                        Joseph E. Sarachek
                                        101 Park Avenue, 27th Floor
                                        New York, NY 10178
                                        Telephone: (646) 517-5420
                                        Facsimile: (646) 861-4950
                                        joe@saracheklawfirm.com

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress*
*Garment Factory Company, Ltd., Samil Solutions, Shanghai*
*Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited*
*Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDING CORPORATION,** *et al.*[1] | Case No. 18-23538 (RDD) |
| **Debtors.** | **(Jointly Administered)** |

**MOTION OF MIEN CO. LTD., HELEN ANDREWS,**
**STRONG PROGRESS GARMENT FACTORY COMPANY, LTD,**
**SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY,**
**A&A HK INDUSTRIAL, MINGLE FASHION, MANSHEEN INDUSTRIES, LTD.**
**AND AMW VIETNAM CO. LTD. TO ASSIGN MATTER TO MEDIATION**

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. (the "Moving Administrative Creditors"), by and through their undersigned counsel, The Sarachek Law Firm, hereby file this motion (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A directing that representatives of the Debtors, the Official Committee of Unsecured Creditors, the Office of the United States Trustee, Transform Holdco LLC ("Transform"), parties representing the administrative creditors, and other interested parties (the "Interested Parties") enter into mediation to resolve issues necessary to confirm the Debtors' proposed chapter 11 plan (the "Plan"). In support of the Motion, the Moving Administrative Creditors respectfully state as follows:

## PRELIMINARY STATEMENT

1.      These bankruptcy cases are teetering on the precipice of success or failure. The Debtors are attempting to confirm a chapter 11 plan that on its face is unconfirmable. In order to assure administrative creditors that they can be paid on some unknown effective date, the Debtors point to speculative recoveries from (i) ongoing litigation with Transform related to the agreement to purchase most of the Debtors assets (the "APA"), including litigation relating to directors and officers insurance and (ii) potential recoveries in ongoing and yet to be filed avoidance actions.

2.      The surest way to resolve these issues in a timely manner that will allow for the confirmation of the Plan is through mediation. A mediator can encourage the discussions necessary to assist the relevant parties in reaching a deal and provide independent counsel on the issues that currently separate them. Moreover, settling the issues around plan confirmation

through mediation rather than litigation will provide savings in both time and money to the estate.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and General Order M-452 (the "General Order") of the same court.

## DISCUSSION

6.      While the Moving Administrative Creditors believe that the various parties involved in trying to resolve the issues surrounding confirmation of the Plan are acting in good faith, they do not appear any closer to a resolution that will allow for confirmation. There are disputes about the money owed to/from Transfom to the Debtors under the APA that are crucial to the success of the Plan. The speculative outcome of the Transform/Debtor disputes make it impossible to determine if administrative creditors will be paid on the effective date of the Plan as required by section 1129(a) of the Bankruptcy Code. Moreover, because the effective date of the Plan is dependent on the outcomes of the various litigations, the date may be years in the future.

7.      The Debtors and Transform have been negotiating and litigating their various disputes since shortly after the order approving the APA was entered. In that time, they have

been unable to reach agreement and continue their time consuming and costly litigation strategies.

8.    Meanwhile, a group of administrative creditors have been negotiating with the Debtors in an effort to arrive at a solution to problems related to section 1129(a) of the Bankruptcy Code that will prevent confirmation of the Plan.  Under Section 1129(a)(9)(A) of the Bankruptcy Code

> "(a) [t]he court shall confirm a plan only if all of the following requirements are met … (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that (A) with respect to a claim of a kind specified in section 507(a)(2) … of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim…" 11 U.S.C. § 1129(a)(9)(A)..

Only with the approval from the administrative creditors related to issues of amount and timing of payments to such creditors can confirmation of the Plan be assured.

9.    Despite these efforts, there is no resolution in sight even though a confirmation hearing is scheduled to occur on October 3, 2019.

10.    The question is how do parties in interest get to a point where a plan can be confirmed? The surest way is a global, negotiated settlement between the Interested Parties. It is in the Court's power to help achieve such a settlement.

11.    Rule 9019-1 of the Local Rules governs the process for making a referral to mediation under the General Order.  Per Section 1.1 of the General Order, "[t]he Court may order assignment of a matter to mediation upon its own motion, or upon a motion by any part in interest or the U.S. Trustee."

12.    Under section 1.3 of the General Order, "any adversary proceeding, contested matter or other dispute may be referred by the Court to mediation."

13.     As this Court has previously ordered mediation with respect to confirmation in other cases, this is not an issue of first impression. *In re Excel Maritime Carriers, Ltd.*, 2013 Bankr. Lexis 3876 (Bankr. S.D.N.Y. 2013), See *In re Pacific Drilling S.A.,* 2018 Bankr. Lexis 3024 (Bankr. S.D.N.Y. 2018).

<u>**CONCLUSION**</u>

14.     For the above reasons, the Moving Administrative Creditors believe there is cause to assign the disputes related to confirmation of the Debtors' chapter 11 plan to mediation to aid the parties in their efforts to resolve these issues amicably and expeditiously.

Wherefore, the Moving Administrative Creditors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A appointing a mediator, and such other relief as is just and proper.

Date:   New York, NY
        September 26, 2019

Respectfully submitted,

THE SARACHEK LAW FIRM

 /s/ Joseph E. Sarachek__
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY  10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@saracheklawfirm.com

# EXHIBIT A

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress*
*Garment Factory Company, Ltd., Samil Solutions, Shanghai*
*Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited*
*Mansheen Industries, Ltd. And AMW Vietnam Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDING CORPORATION, *et al.*[1],** | Case No. 18-23538 (RDD) |
| Debtors. | **(Jointly Administered)** |

<u>**ORDER ASSIGNING MATTER TO MEDIATION**</u>

Upon the motion (the "Motion") of Mien Co. Ltd., Helen Andrews, Strong Progress

Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK

Industrial, Mingle Fashion, Mansheen Industries, Ltd. and AMW Vietnam Co. Ltd. pursuant to

Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District

of New York and General Order M-452 for an order assigning to Mediation certain disputes in

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

connection with confirmation of the Debtors' chapter 11 Plan; and the Court having considered

the Motion; and the Court finding that the relief sought in the Motion is in the best interests of

the Debtors and their estates and their creditors, Transform Holdco LLC, the administrative

creditors, and all other interested parties; and the Court having found that the notice of the

Motion was adequate; and after due deliberation; and good and sufficient cause appearing

therefore;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code, Local Rule 9019-1and the

General Order, the matter is hereby assigned to mediation in accordance with the General Order.

3.      The Debtors, The Official Committee of Unsecured Creditors, the Office of the

United States Trustee, Transform Holdco LLC, parties representing the administrative creditors,

and other interested parties as determined by the Court (the "Mediation Parties") are hereby

directed to participate in the mediation in accordance with the procedures set forth in General

Order.

4.      Without limiting the applicability of Local Rule 9019-1 or the General Order, all

(a) discussions among any of the Mediation Parties, including discussions with or in the presence

of the Mediator, (b) any mediation statements and any other documents or information provided

to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence,

draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be

strictly confidential and shall not be admissible for any purpose in any judicial or administrative

proceeding, and no person or party participating in the mediation, whether a direct participant or

member of a committee or group, including counsel for any Mediation Party or any other party,

2

shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the scope, interpretation or enforcement of this Order.

Dated: October _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE