**Hearing Date: Oct. 23, 2019, 10:00 a.m. EST**
                                              **Response Deadline: Oct. 16, 2019, 5p.m. EST**

MAZURKRAEMER BUSINESS LAW
Salene R.M. Kraemer, Esquire
NY ID No. 5228580
331 Jonquil Place,
Pittsburgh, PA 15228
Phone: (412) 427-7075
salene@mazurkraemer.com
Counsel to Vir Ventures, Inc. and
AMI Ventures, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 18-23538 (RDD) |
| SEARS HOLDING CORPORATION, et al. | : | |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Chapter 11 (Jt. Admin.) |
| | : | Document No. |
| | : | |
| | : | |

### JOINT MOTION OF VIR VENTURES, INC. AND AMI VENTURES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIMS PURSUANT TO 11 U.S.C. §§503(a), 503( b)(1) & 507(a)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

      VIR Ventures, Inc. ("VIR") and AMI Ventures, Inc. ("AMI") (taken together, "Claimants" or "Movants"), by and through counsel, MAZURKRAEMER Business Law, hereby file this motion ("Motion") pursuant to §§ 503(a), 503(b)(1) and 507(a) of Title 11 of the United States Code §§ 105, et seq. (the "Code" or the "Bankruptcy Code") to (i) compel the payment of sums outstanding post-petition in the amount of $95,362 (the "Straddle Payment") on those certain

1

agreements by and between the Debtors[1] and VIR and AMI; (ii) granting an administrative claim for all such unpaid post-petition obligations under the Agreements arising post-petition through and including February 19, 2019. In support of this Motion, the Movants respectfully state as follows:

## FACTUAL BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Chapter 11 Cases) in the United States Bankruptcy Court for the Southern District of New York (this Honorable "Court").

2. No trustee has been appointed.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3. During the pendency of these Chapter 11 Cases, on or about February 19, 2019, in a global asset sale transaction, the Debtors sold 425+ of its stores to Transform Holdco, LLC ("Transform") for the sale price of $5.2B (cash and credit bid, plus assumption of certain seller liabilities, including cure costs with respect to certain Assigned Agreements). Upon information and belief, Sears former Chairman and CEO Eddie Lampert was allowed to buy the company through his hedge fund, ESL Investments, to regain control of these stores.

4. Since substantially all of the Debtors' assets have been sold, the Debtors have now proposed a Chapter 11 Plan that is a liquidating Chapter 11 Plan.

5. VIR is a "creditor" in the above- captioned cases within the meaning of the Bankruptcy Code § 101(10) and also a party-in-interest for the purposes of Bankruptcy Code § 365. Attached to this Motion as EXHIBIT A (Verification) please find a Verification of Rupesh Sanghavi in Support of this Motion (the "Sanghavi Declaration").

6. AMI is a "creditor" in the above- captioned cases within the meaning of the Bankruptcy Code § 101(10) and also a party-in-interest for the purposes of Bankruptcy Code § 365. Attached to this Motion please find a Verification of Rupesh Sanghavi in Support of this Motion (the "Sanghavi Declaration").

7. AMI and VIR are affiliate companies under the same management and ownership. Rupesh Sanghavi is the President of each of Movants.

8. In addition to post-petition monies that are outstanding, AMI filed (5) claims (Claim No. 8514, 8540, 8644, 8513, 8556) and VIR filed one (1) claim (Claim No. 8539) (the "Claims") with all Claims totaling an aggregate $790,534.35 which accrued pre-petition, as fully set forth in that certain JOINT RESPONSE OF VIR VENTURES, INC. AND AMI VENTURES, INC. IN OPPOSITION TO DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF

CLAIMS (RECLASSIFICIATION AS GENERAL UNSECURED CLAIMS) (DOCKET No. 4776)([the "Joint Response", attached hereto as EXHIBIT B, CM/ECF# 5056, filed on September 3, 2019). The Movants asserted 503(b)(9) administrative priority for debts arising out of goods purchased on behalf of the Debtors' customers, which were delivered to the Debtors' customers 20 days prior to the Petition Date, but which were never paid for by the Debtors.

9.  By this Motion, the Movants seek the Allowance and payment of those certain Straddle Payments that are due and owing. The payment is referred to as a Straddle Payment since the good were purchased for customers by the Movants after the Petition Date but before Transform took over Debtors' operations.

10. The Debtors' representatives reassured the Movants these payments would be made.

**Business Transaction Background**

11. As set forth fully in that certain Joint Response, AMI and VIR have been long-standing third-party online sellers for Sears, providing goods that were sold to Sears' customers via www.sears.com online marketplace. AMI first began doing business with Sears on or about January 8, 2010 pursuant to that certain Sears Marketplace Agreement. Vir Ventures started to sell through Sears starting January 3, 2014.

12. Sears wanted to expand their product selection for their customers beyond what they carried online and in-store. They provided software and support to list the items to offer to Sears customers. Sears would charge claimants a monthly fee and commission on each sales going to Sears customers. Once Transform purchased the 425 Sears stores, the Claimants continued to sell goods to Sears.

4

13. Sears provided the Claimants with access to Sears and affiliate websites as a platform to post merchandise listings and facilitate the sale of Sellers' merchandise to users of the Sears websites. Through third-party marketplace e-sellers, Sears wanted to expand their product selection for their customers beyond what they carried online and in-store. They provided software and support to list the items to offer to Sears customers. Sears would charge Claimants the monthly fee and commission on each sale going to Sears customers.

14. AMI and VIR are likely one of Sears' top marketplace sellers that provide the largest selection and number of different products for Sears to sell. Together, they provide at least 1 million (1,000,000) unique SKU's representing products available to be purchased by Sears' customers. Additional details regarding the parties' relationship is set forth in the Movants' response to the Debtors' Second Omnibus Claims Objection ("Movants' Response, CM/ECF#5056, filed on September 3, 2019), incorporated herein in its entirety.

15. After the Petition Date, the Claimants continued to provide goods to the Debtors. At all times, the Claimants cooperated with Sears and/or Transform to ensure a seamless transition and business as usual.

16. AMI Ventures, Inc. was asked to execute new agreements with Transform and duly did so. See Transform riders attached to Movant's Response. The Claimants had no reason to suspect that they would never get paid for the goods they continued to purchase and deliver on behalf of Sears to its customers. Counsel for Transform takes the position that the Debtors' Marketplace Agreements with the Movants terminated on their own and did not require assumption and cure by Transform.

17. In addition to the amounts asserted as pre-petition 503(b)(9) claims in the Claims, a total of $95,362.30 of goods was sold post-petition to the Debtors' customers in accordance with

the Sears Agreements and remains unpaid.  By this Motion, the Movant seek the Allowance and payment of that certain Straddle Payment that is due and owing.

## JURISDICTION

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(A)(B)(O).  The statutory predicates for the relief sought herein are Bankruptcy Code §§ 503(a), 503 (b)(1) and 507(a).

## LEGAL BASIS FOR RELIEF REQUESTED

### Bankruptcy Code § 503(b)(1)

19. The Debtors are obligated to pay to the Claimants an administrative expense claim equal to $95,362.30 arising from all unpaid, post-petition obligations under the Agreements to Bankruptcy Code § 503(b)(1).

20. Bankruptcy Code Section 503 provides:

> An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause. (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--(1)(A) the actual, necessary costs and expenses of preserving the estate . . .
> 11 U.S.C. §503(a)(b)(1).

21. An administrative expense claim is a claim, cause of action, right, or other liability, or the portion thereof, that is entitled to priority under 11 U.S.C. §§ 503(b) and 507(a)(2).

22. An administrative expense includes "the actual, necessary costs and expenses of preserving the estate" incurred after the bankruptcy petition date. 11 U.S.C. § 503(b)(1)(A).

23. For a claim to be given administrative expense status, two elements must be satisfied: (1) the expense must arise out of a transaction between the creditor and the bankruptcy's

6

trustee or debtor in-possession, and (2) the creditor's consideration for the expense must be both supplied to and beneficial for the debtor in possession in the operation of the business. In re Ames Dept. Stores, Inc., 306 B.R. 43, 54-55 (Bankr. S.D.N.Y. 2004); In re Adelphia Business Solutions, Inc., 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003).

24.     The goods and services provided by the Claimants to the Debtors post-petition arose of that certain Marketplace Agreement between the Claimants and Sears Holdings Corporation.  These sales were beneficial to Sears in that Sears needed goods to sell online so as to remain competitive in the marketplace.  Sears recovered a commission on each and every item sold.

25.     Not only did Sears retain the commission but it also wrongfully retained the full purchase price customers paid for the goods to Sears and never turned over such funds to the Movant's in breach of the Marketplace Agreements.   The agreement expressed states that Sears is holding customer funds as only an agent for the Movants.

26.     Therefore, AMI and VIR are owed in the aggregate $95,362 (the "Requested Debt") arising from Debtors' post-petition obligations under the Agreement.   An accounting of such goods sold which remain unpaid is attached hereto as EXHIBIT C (Accounting of Claim).

| Date | EFT# | EFT Amount |
|---|---|---|
| 18-02-2019 | Ami Ventures | 82,491.30 |
| 19-02-2019 | Vir Ventures | 12,871.00 |

27.     This asserted claim arises from post-petition obligations under an executory contract before such contract was terminated, assumed or rejected, and thus the Movants are entitled to an administrative expense claim for those obligations. See 11 U.S.C. § 503(b)(1)(A); see also Ames Dept. Stores, Inc., *supra*, 306 B.R. at 54-55.

28. This claim derives from the actual and necessary costs and expenses incurred after the Petition Date in connection with operating the Debtors' business. The Movants rendered services and provided product that were actual and necessary costs and expenses of preserving the Debtors' estate. Accordingly, AMI and VIR are entitled an administrative expense claim in the amount of $95,362.30.

## NOTICE

29. Notice of this Motion will be served upon (i) the Debtors, (ii) the Debtors' counsel, (iii) the United States Trustee, (iv) all parties requesting service of notices pursuant to Fed. R. Bankr. P. 2002.

## NO PREVIOUS REQUEST

30. Except as set forth above, no previous application for the relief requested herein has been made to this or any other Court by the Movants.

WHEREFORE, for all of the foregoing reasons, the Claimants respectfully request the entry of an Order (i) ") (i) compelling the payment of sums outstanding post-petition on those certain agreements by and between the Debtors and VIR and AMI whenever this Court deems such payments shall be due and owing; (ii) granting an Allowed administrative claim for all such unpaid post-petition obligations under the Agreements arising post-petition through and including February 15, 2019 and affording them administrative priority in the amount of $95,362.30, or (iii) granting such other relief as this Honorable Court deems just and proper.

    Respectfully submitted,

    **MAZURKRAEMER BUSINESS LAW**

    By: */s/ Salene R.M. Kraemer*

    Salene R.M. Kraemer, Esquire
    NY ID No. 5228580
    331 Jonquil Place,
    Pittsburgh, PA 15228
    Phone: (412) 427-7075
    salene@mazurkraemer.com
    Counsel to Vir Ventures, Inc. and
    AMI Ventures, Inc.

Date: September 26, 2019