# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | : | Bankruptcy No. 18-23538 (RDD) |
| SEARS HOLDING CORPORATION, | : | |
| et al. | : | |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Chapter 11 (Jt. Admin.) |
| | : | Document No. |
| | : | Related Docket no: 4776 |
| | : | **Hearing Date:  October 23, 2019, 10:00 am EST** |
| | **:** | **Response Deadline: Sept. 3, 2019**[1] |
| | : | |

## JOINT RESPONSE OF VIR VENTURES, INC. AND AMI VENTURES, INC. IN OPPOSITION TO DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIMS (RECLASSIFICIATION AS GENERAL UNSECURED CLAIMS) (DOCKET No. 4776)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

VIR Ventures, Inc. ("VIR") and AMI Ventures, Inc.  ("AMI") (taken together, "Claimants" or "Sellers"), by and through counsel, MAZURKRAEMER Business Law, hereby file their Joint Response in Opposition to Debtors[2]' SECOND OMNIBUS OBJECTION TO PROOFS OF

---

[1] Response deadline extended pursuant to email agreement with Debtors' counsel.

[2] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management

CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) (the "Claims
Objection"), and respectfully state as follows:

<b><u>FACTUAL BACKGROUND</u></b>

### *The Claims and the Sale to Transform*

1.      On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary cases under
Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Chapter 11 Cases).

2.      During the pendency of these Chapter 11 Cases, on or about February 19, 2019, in
a global asset sale transaction, the Debtors sold 425+ of its stores to Transform Holdco, LLC for
the sale price of $5.2B (cash and credit bid, plus assumption of certain seller liabilities, including
cure costs with respect to certain Assigned Agreements). Since substantially all of the Debtors'
assets have been sold, the Debtors have now proposed a Chapter 11 Plan that is a liquidating
Chapter 11 Plan.

3.      The Debtors recently objected to five (5) claims (Claim No. 8514, 8540, 8644,
8513, 8556) filed by Claimant AMI and one (1) claim (Claim No. 8539) (the "Claims") filed by
Claimant VIR, all Claims totaling an aggregate $790,534.35) which were as follows:

---

Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters
is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| DEBTOR | CLAIMANT | CLAIM NO. | Admin Claim Asserted |
|---|---|---|---|
| Sears Holding Corporation | AMI | 8514 | $108,015.38 |
| Sears Holding Corporation | AMI | 8540 | $161,118.57 |
| Sears Holding Corporation | AMI | 8644 | $159,391.29 |
| Sears Holding Corporation | AMI | 8513 | $92,635.11 |
| Sears Holding Corporation | AMI | 8556 | $83,798.00 |
| | | | **$604,958.35** |
| | | | |
| Sears Holding Corporation | VIR | 8539 | $185,576.00 |
| | | | **$185,576.00** |
| | | | |
| | | **TOTAL:** | **$790,534.35** |

4.    AMI filed Proof of Claim No. 8514, in the amount of $108,015.38 asserting that the claim is entitled to administrative priority pursuant to 11 U.S.C. 503(b)(9) (Claim No. 8514), arising out of the Claimants' sale of goods on Sears.com and affiliate sites to Sears' customers. Sears directed Claimants to send goods directly to the customers for which Sears had collected payment.  These goods were delivered to the customers 20 days prior to the Petition Date, but Sears never remitted customer funds to the Claimants.  Claim No. 8514 is attached hereto as EXHIBIT A.

5.    AMI filed Proof of Claim No. 8644, in the amount of $159,391.29 asserting that the claim is entitled to administrative priority pursuant to 11 U.S.C. 503(b)(9) (Claim No. 8644), arising out of the Claimants' sale of goods on Sears.com and affiliate sites to Sears' customers. Claim No. 8644 is attached hereto as EXHIBIT A.

6.    AMI filed Proof of Claim No. 8513, in the amount of $92,635.11 asserting that the claim is entitled to administrative priority pursuant to 11 U.S.C. 503(b)(9) (Claim No. 8513),

arising out of the Claimants' sale of goods on Sears.com and affiliate sites to Sears' customers. Claim No. 8513 is attached hereto as EXHIBIT A.

7.    AMI filed Proof of Claim No. 8556, in the amount of $83,798.00 asserting that the claim is entitled to administrative priority pursuant to 11 U.S.C. 503(b)(9) (Claim No. 8556), arising out of the Claimants' sale of goods on Sears.com and affiliate sites to Sears' customers. Claim No. 8556 is attached hereto as EXHIBIT A.

8.    VIR filed Proof of Claim No. 8539, in the amount of $185,576.00 asserting that the claim is entitled to administrative priority pursuant to 11 U.S.C. 503(b)(9) (Claim No. 8539), arising out of the Claimants' sale of goods on Sears.com and affiliate sites to Sears' customers. Claim No. 8539 is attached hereto as EXHIBIT A.

9.    The Debtors' Objection states that the "Reason for Proposed Reclassification" is that the Claim does not relate to good received "by the Debtors".

10.    A detail of the transactions between Sears and the Claimants are attached hereto as EXHIBIT B.

11.    The Claimants defend this Claims Objection and state as follows:

### Parties' Background

12.    AMI and VIR have been long-standing third-party online sellers for Sears, providing goods that were sold to Sears' customers via www.sears.com online marketplace.  AMI first began doing business with Sears on or about January 8, 2010 pursuant to that certain Sears Marketplace Agreement.  Vir Ventures started to sell through Sears starting January 3, 2014.  Once Transform purchased the 425 Sears stores, the Claimants continued to sell goods to Sears.

13.    Sears wanted to expand their product selection for their customers beyond what they carried online and in-store. They provided software and support to list the items to offer to

Sears customers. Sears would charge claimants a monthly fee and commission on each sales going to Sears customers.

14.     The Claimants have an unsigned copy of the original Sears Marketplace Agreement that it would have signed.  They will not attach hereto given the confidentiality provisions contained therein.  ("Sears Agreements") as EXHIBIT C.

15.     Sears provided the Claimants with access to Sears and affiliate websites as a platform to post merchandise listings and facilitate the sale of Sellers' merchandise to users of the Sears websites.  Through third-party marketplace e-sellers, Sears wanted to expand their product selection for their customers beyond what they carried online and in-store.  They provided software and support to list the items to offer to Sears customers.  Sears would charge Claimants the monthly fee and commission on each sale going to Sears customers.

16.     AMI and VIR are likely one of Sears' top marketplace sellers that provide the largest selection and number of different products for Sears to sell. Together, they provide at least 1 million (1,000,000) unique SKU's representing products available to be purchased by Sears' customers.  AMI and VIR uploads such product data, inventory and price details to the Sears.com portal.

17.     Sears markets product to their customers. When a customer makes a purchase, Sears secures payment from customers and then sends detailed instructions to Claimants as to which item to ship to customers along with their address.  Claimants ship items using any common carrier like United Parcel Service or Federal Express or United State Postal Service.

18.     Sears controls the online marketing place and every aspect of selling including listing guidelines, price range of the listed items, sales promotions, shipping time, tracking # update window, collection of payment, etc.  The Claimants work with a dedicated Sears manager

to facilitate customer sales. Sears customer service department addresses customer service issues. No orders are processed unless Sears receives the payment from the customer.

19.     Sears remits payment to Claimants only after delivery of the items. A Tracking ID is generated for each shipment which is a proof of delivery.  Sears then releases the customer funds to the Sellers within 15 days after proof of  delivery to the customer, minus the applicable Sears commission. Sears generates a settlement report every week for the payment to be released for delivered orders.

20.     Prior to the Petition Date, once a customer ordered an item through the website, in addition to collecting the purchase price, Sears collected sales tax from the customers.  Sears had been collecting taxes and remitting to Claimants for applicable states where the Claimants uploaded the tax certificate for states like California, Texas, New York, Florida, and New Jersey. For Pennsylvania and Washington, Sears collected taxes but then remitting to Claimants for submission.  Sears has not taken any responsibility for remitting any taxes in 2018 on behalf of customers transactions.

21.     The Claimants sold the goods to Sears customers "in the ordinary course of business" between Sears and the Claimants.   The Claimants never changed any business terms with Sears prior to the Petition Date, including but not limited to the timing, manner and form of payment.  At all times, the Claimants cooperated with Sears and/or Transform to ensure a seamless transition and business as usual. The Claimants has no reason to suspect that they would never get paid for the goods they continued to purchase and deliver on behalf of Sears customers.

22.     In addition to the amounts asserted as pre-petition 503(b)(9) claims in the Claims, another approximately $150,000 of goods was sold to the Debtors' customers in accordance with the Sears Agreements and remains unpaid.  The Claimants shall file a motion for allowance of the

same as an administrative claim pursuant to Bankruptcy Code 503(b)(1).  This amount has been

referred to by Sears reps as a "Straddle payment".

23.     Sears account manager for the Claimants made several misleading representations

to the Claimants about the unpaid pre-petition Claims, the sale to Transform, and the unpaid

Straddle payment.   AMI Ventures, Inc. was asked to execute new agreements with Transform and

duly did so, unaware of a Claimants' right in bankruptcy to obtain cure payments if an executory

contract is assumed and assigned.  See Riders to Sears Agreement, executed by and between

Transform and Ergode Inc., AMI Ventures, Inc., Fast Media, Inc., and Zabvia, Inc. EXHIBIT D

(TranSform AGREEMENTS) [INTENTIONALLY OMITTED]

24.     Counsel for Transform takes the position that the Sear Marketplace Agreements

were **not** executory and the Debtors had no obligation to assign them.  Counsel indicated that the

original Sears Agreements have been terminated and new agreements were executed with

Transform, thus the Claimants have no right to a cure payment from the Debtors or Transform.

25.     Thus, given this Claims Objection it is now the Debtors and/or Transform's position

that the Claimants have neither an Allowed Administrative Claims or a right to cure payments as

an assumed contract.

### BASIS FOR OBJECTION TO CLAIMS OBJECTION

26.     The Claimants appear to have been misled by Sears representatives about this case

and their rights.  The Debtors collected monies from customers and never turned them over to the

Claimants, despite the customers having received the online purchases.  The Debtors attempt to

reclassify these Claims and characterize the Sears Agreements as non-executory with no right to

cure appears to be a part of a broader scheme to do end runs around the Bankruptcy Code and basic

contract principles of disclosure, fairness and good faith. This important issue affects not only the

Claimants, but hundreds of similarly situated online marketplace sellers whose claims the Debtors

contest.

**1) Claimants Satisfied Each of Elements of 503(b)(9) of the Bankruptcy Code Since the Debtors Had Constructive Possession of the Goods Through Agents.**

27.     Claimants satisfied each of elements of 503(b)(9) of the Bankruptcy Code since the

Debtors had constructive possession of the goods at issue during the required timeframe either

through the Claimants as agents for Sears, UPS, Federal Express, and the United States Post Office

as agents for Sears and/or the customers as agents for Sears.

28.     Section 503(b)(9) of the Bankruptcy Code allows administrative expenses for

"value of any goods <u>received by the debtor</u> within 20 days before the date of commencement of a

case under this title in which the goods have been sold to the debtor in the ordinary course of such

debtor's business." 11 U.S.C. §503(b)(9).

29.     The Debtors object to these Claims since the goods in question were not "received

by the debtor".  Goods were delivered by the Claimants to common carriers (i.e., Fed Ex, United

States Post Office, and UPS) who then delivered to Sears' customers in accordance with Sears

Shipping Policy.    When the Claimants delivered the goods to the common carriers, the sale

transaction was out of their hands and into Sears' as per the directions from Sears.

30.     The Bankruptcy Code does not define the word "received," and some courts have

adopted the definition of receipt in Article 2 of the UCC, in which receipt is defined as taking

physical possession.   <u>See</u> discussion 4 COLLIER ON BANKRUPTCY ¶ 503.16 (16th Ed).

31.     Importantly though, other Courts have shed light on the role of agents and

constructive possession in a 503(b)(9) analysis.   Constructive possession has been recognized to

constitute receipt of the goods. <u>See</u> <u>discussion</u> at 4 COLLIER ON BANKRUPTCY ¶ 503.16 (16th

Ed).[3]  The Third Circuit Court of Appeals has discussed these concepts.  In <u>In re World Imports,</u>
<u>Ltd.</u>, 862 F.3d 338, 344 (3d Cir. 2017), the Third Circuit held that  that once the seller delivered
goods to the common carrier, the "receipt of the goods by a common carrier is not deemed
constructive possession by a buyer, but rather is deemed to be possession by the common carrier."',
but importantly clarified that "received" in section 503(b)(9), like the <u>In re Marin Motor Oil, Inc.</u>,
740 F.2d 220, 224–25 (3d Cir. 1984)) definition of "receipt" in section 546(c), requires physical
possession by the buyer <u>or his agent</u>. Id. at 345-46.

32.     In <u>In re Momenta, Inc.</u>, 455 B.R. 353 (Bankr. D.N.H. 2011), aff'd, 2012 D. Crt. N.
H.  133 (D.N.H. 2012), the Court recognized "constructive possession" as satisfying 503(b)(9)
receipt requirements.  The District Court held that a vendor of the debtor was not entitled to
allowance of administrative expense claim pursuant to 11 USCS § 503(b)(9) for goods delivered
directly to debtor's customers because record failed to establish, or even suggest, any physical or
constructive possession of goods by debtor in reference to any of transactions as specified in N.H.
Rev. Stat. Ann. § 382-A:2-705(2)), but specifically stated that a seller may have administrative
expense claim in a drop shipment situation, so long as debtor at some point had constructive
possession of goods.  <u>Id</u>.  <u>See also</u> <u>Bimbo Bakeries USA, Inc. v. AW Liquidation, Inc. (In re ADI</u>
<u>Liquidation, Inc.)</u>, Civ. No. 17-903-CFC, 2019 U.S. Dist. LEXIS 7418 (D. Crt. D. Del. 2019,
January 16, 2019) (holding that Claimant BBU cannot satisfy the requirements for administrative
priority under § 503 (b)(9) as a matter of law because Debtor AWI did not receive—either
physically or constructively—the goods in question.").

33.     Constructive Possession as defined by Black's Law Dictionary, 2nd edition is as
follows:

_____

When a party does not have actual possession but is deemed as if they had actual possession. <u>It is the power to control</u> something as if it is in one's possession. A party given a claim ticket to an item being held has constructive possession of that item.

<u>Black's Law Dictionary (2ND ed.)</u> (emphasis added).

34.    Here, as set forth above, no doubt, Sears <u>controlled</u> the online marketing place.  It advertised the items and ultimately effectuated the sale to the customer.  Once the customer ordered the item through the website, Sears directed the Claimants regarding what to purchase and where to deliver items.  The Claimants shipped the goods directly to the customer via UPS as a common carrier per the shipping instructions received from Sears in accordance with its Shipping Policy[4]. When the Claimants, as directed by Sears, provided the goods to UPS as a common carrier for delivery to Sears' customers, Sears had "constructive possession" of the items on its own or via agents, i.e., UPS or the Claimants.

**2)  Sears Was an Agent of Claimants with the Obligation to Hold Sales Proceeds in a Constructive Trust to Pay Sale Taxes and Reimburse Claimants.**

35.    This is not a typical administrative claim case.  Claimants purchased the goods on behalf of Sears' customers and Sears, as an agent of the Claimants, was obligated to set aside monies to pay sales taxes and to reimburse the Claimants.   While Sears, in its contracts of adhesion, states that it never took title to the Goods, it does state that Sears is an "agent" of the Claimants for the purposes of holding the customer funds.

36.    The Sears Agreement expressly states:

*Title to and risk of loss of and/or damage to the Requested Merchandise will remain with Seller until delivery to the User. Sears will not have title to, or deemed the legal owner of, any Merchandise at any time under the terms of this Agreement. Seller may not include any marketing, promotional materials, or any other solicitations with the Requested Merchandise shipped to Users.*
<u>Sears Agreement, p. 3, Part II, Section C (I).</u>

---

[4] The Sears Agreement provides:  "Seller is responsible for all aspects of shipping, including providing adequate packaging, tagging, labeling and packing of the Merchandise in compliance with the Seller Specifications and Applicable Law."   Sears Agreement, p. 3, Section C.

> *"Seller hereby appoints Sears as an agent of Seller for the sole and express purpose of receiving payments from Users for Seller's Merchandise sold on the Websites. Seller acknowledges that, as between Seller and a User who purchases Merchandise from Seller, Sears' receipt of funds from the User is deemed the receipt of funds by Seller.* Sears Agreement, p. 3, Part I, Section B.

37.     Receipt for purposes of section 503(b)(9) does not depend upon transfer of title. 4 COLLIER ON BANKRUPTCY ¶ 503.16 (16th Ed)(*citing* In re Wezbra Dairy, LLC, 493 B.R. 768 (Bankr. N.D. Ind. 2013)).

38.     This Court cannot let Sears retain those customer funds when they duly belong to the Claimants (minus the applicable commission).  Sears must remit the taxes relating to these goods.  Personal liability for officers can arise when trust fund taxes like sales taxes are not paid.

**3)   The Claimants Preserve Their Right to File a Turnover Action Pursuant to 542 and 543 of the Bankruptcy Code.**

39.     The Claimants urge this court to embrace its equitable powers to render the right result. The Claimants file this Response while at the same time preserving their right to file a turnover action pursuant to 542 and 543 of the Bankruptcy Code.    If the Debtors never "constructively possessed" the goods in question on its own or through agents, then the monies collected by Sears arguably were never part of the bankruptcy estate and thus this Honorable Court should direct the Debtors to  turnover such funds to the Claimants ex parte or via a turnover action.

40.     The Claimants hereby request an evidentiary hearing regarding the issues set forth herein.   The Claimants need additional time to ferret out what exactly happened here between Sears, Transform and the Claimants.

18-23538-rdd    Doc 5056    Filed 09/03/19    Entered 09/03/19 23:55:03    Main Document
Pg 12 of 12

WHEREFORE, for all of the foregoing reasons, the Claimants respectfully request the entry of an Order (i) directing the Debtors to return immediately any and all customer funds held by Sears as agent for the Claimants; (ii) allowing the Claims and affording them administrative priority, or (iii) granting such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

**MAZURKRAEMER BUSINESS LAW**

By: */s/ Salene R.M. Kraemer*

Salene R.M. Kraemer, Esquire
NY ID No. 5228580
331 Jonquil Place,
Pittsburgh, PA 15228
Phone: (412) 427-7075
salene@mazurkraemer.com
Counsel to Vir Ventures, Inc. and
AMI Ventures, Inc.

Date: September 3, 2019

EXHIBIT A-1 A-2, A-3, A-4, A-5- Claims
EXHIBIT B- Detail of transactions between Sears and the Claimants from July 2018 to October, 2018.
EXHIBIT C- Sears Agreement  [INTENTIONALLY OMITTED due to confidentiality]
EXHIBIT D- Riders executed with Transform and Ergode Inc., AMI Ventures, Inc., Fast Media, Inc., and Zabvia, Inc. [INTENTIONALLY OMITTED due to confidentiality]

| EFT Data 01-Jul-18 to 31-Oct-2018 | | | |
|---|---|---|---|
| EFT # | Date | EFT Amount | Bank date | Payment Cycle |
| E81414 | 02/Jul/18 | 10,099.00 | 7/12/18 | 10 |
| E82577 | 03/Jul/18 | 5,901.23 | 7/13/18 | 10 |
| E83593 | 05/Jul/18 | 2,775.30 | 7/17/18 | 12 |
| E84266 | 06/Jul/18 | 2,530.72 | 7/17/18 | 11 |
| E84989 | 09/Jul/18 | 10,760.89 | 7/23/18 | 14 |
| E86068 | 10/Jul/18 | 7,941.29 | 7/24/18 | 14 |
| E86781 | 11/Jul/18 | 2,378.59 | 7/25/18 | 14 |
| E87627 | 12/Jul/18 | 2,524.58 | 7/26/18 | 14 |
| E88314 | 13/Jul/18 | 510.60 | 7/26/18 | 13 |
| E89014 | 16/Jul/18 | 6,565.10 | 7/30/18 | 14 |
| E89968 | 17/Jul/18 | 1,925.43 | 7/31/18 | 14 |
| E90498 | 18/Jul/18 | 5,180.82 | 8/1/18 | 14 |
| E91407 | 19/Jul/18 | 1,835.98 | 8/2/18 | 14 |
| E92127 | 20/Jul/18 | 1,009.89 | 8/2/18 | 13 |
| E92857 | 23/Jul/18 | 10,854.28 | 8/6/18 | 14 |
| E93969 | 24/Jul/18 | 5,027.52 | 8/7/18 | 14 |
| E94692 | 25/Jul/18 | 4,405.88 | 8/8/18 | 14 |
| E95521 | 26/Jul/18 | 2,323.40 | 8/9/18 | 14 |
| E96218 | 27/Jul/18 | 745.03 | 8/9/18 | 13 |
| E96936 | 30/Jul/18 | 8,661.87 | 8/15/18 | 16 |
| E98020 | 31/Jul/18 | 4,278.61 | 8/16/18 | 16 |
| E98719 | 01/Aug/18 | 2,174.88 | 8/17/18 | 16 |
| E99472 | 02/Aug/18 | 747.99 | 8/20/18 | 18 |
| E00159 | 03/Aug/18 | 1,660.27 | 8/20/18 | 17 |
| E00855 | 06/Aug/18 | 7,007.26 | 8/22/18 | 16 |
| E01894 | 07/Aug/18 | 5,112.95 | 8/23/18 | 16 |
| E02562 | 08/Aug/18 | 1,170.84 | 8/24/18 | 16 |
| E03322 | 09/Aug/18 | 1,693.31 | 8/27/18 | 18 |
| E04710 | 13/Aug/18 | 6,527.22 | 8/29/18 | 16 |
| E05764 | 14/Aug/18 | 4,878.39 | 8/30/18 | 16 |
| E06458 | 15/Aug/18 | 3,250.61 | 9/4/18 | 20 |
| E07303 | 16/Aug/18 | 1,557.54 | 9/4/18 | 19 |
| E07998 | 17/Aug/18 | 126.82 | 9/4/18 | 18 |
| E08716 | 20/Aug/18 | 7,513.91 | 9/5/18 | 16 |
| E09780 | 21/Aug/18 | 5,547.48 | 9/6/18 | 16 |
| E10506 | 22/Aug/18 | 3,665.92 | 9/7/18 | 16 |
| E11921 | 24/Aug/18 | 1,800.31 | 9/10/18 | 17 |
| E12741 | 27/Aug/18 | 8,361.53 | 9/12/18 | 16 |
| E13825 | 28/Aug/18 | 6,069.72 | 9/13/18 | 16 |
| E14576 | 29/Aug/18 | 5,070.96 | 9/14/18 | 16 |
| E15360 | 30/Aug/18 | 122.72 | 9/17/18 | 18 |
| E16022 | 31/Aug/18 | 3,509.63 | 9/17/18 | 17 |
| E16703 | 04/Sep/18 | 17,959.38 | 9/20/18 | 16 |
| E17858 | 05/Sep/18 | 3,716.22 | 9/21/18 | 16 |
| E18589 | 06/Sep/18 | 2,152.86 | 9/24/18 | 18 |
| E19191 | 07/Sep/18 | 3,258.33 | 9/24/18 | 17 |
| E19718 | 10/Sep/18 | 8,597.09 | 10/2/18 | 22 |

| E20722 | 11/Sep/18 | 7,184.02 | 10/3/18 | 22 |
|---|---|---|---|---|
| E21397 | 12/Sep/18 | 4,922.49 | | |
| E22143 | 13/Sep/18 | 1,585.30 | | |
| E22805 | 14/Sep/18 | 2,833.94 | | |
| E23410 | 17/Sep/18 | 7,366.28 | | |
| E24367 | 18/Sep/18 | 6,831.36 | | |
| E25060 | 19/Sep/18 | 9,617.95 | | |
| E25811 | 20/Sep/18 | 1,408.36 | | |
| E26415 | 21/Sep/18 | 920.72 | | |
| E27012 | 24/Sep/18 | 10,357.03 | | |
| E27971 | 25/Sep/18 | 2,603.63 | | |
| E28636 | 26/Sep/18 | 2,869.43 | | |
| E29329 | 27/Sep/18 | 1,013.32 | | |
| E29902 | 28/Sep/18 | 997.24 | | |
| E30472 | 01/Oct/18 | 4,688.15 | | |
| E31372 | 02/Oct/18 | 1,271.01 | | |
| E31967 | 03/Oct/18 | 1,324.91 | | |
| E32583 | 04/Oct/18 | 2,213.69 | | |
| E33614 | 08/Oct/18 | 5,656.16 | | |
| E34498 | 09/Oct/18 | 4,169.53 | | |
| E50016 | 24/Oct/18 | 40.77 | 10/26/18 | 2 |
| E50262 | 25/Oct/18 | 8,594.53 | 10/29/18 | 4 |
| E50800 | 26/Oct/18 | 385.32 | 10/29/18 | 3 |
| E51125 | 29/Oct/18 | 13,407.95 | 10/31/18 | 2 |
| E51887 | 30/Oct/18 | 9,151.40 | 11/1/18 | 2 |
| E52450 | 31/Oct/18 | 6,497.12 | 11/2/18 | 2 |
| Grand Total | | 329,401.76 | | |

| EFT Data 01-Jul-18 to 31-Oct-2018 | | | | |
|---|---|---|---|---|
| EFT # | Date | EFT Amount | Bank Date | Payment Cycle |
| E81064 | 02/Jul/18 | 6,591.84 | 12/Jul/18 | 10 |
| E82263 | 03/Jul/18 | 9,534.51 | 13/Jul/18 | 10 |
| E83356 | 05/Jul/18 | 1,884.90 | 17/Jul/18 | 12 |
| E84125 | 06/Jul/18 | 2,331.82 | 17/Jul/18 | 11 |
| E84640 | 09/Jul/18 | 7,542.84 | 23/Jul/18 | 14 |
| E85864 | 10/Jul/18 | 5,076.52 | 24/Jul/18 | 14 |
| E86547 | 11/Jul/18 | 5,475.86 | 25/Jul/18 | 14 |
| E87386 | 12/Jul/18 | 1,596.53 | 26/Jul/18 | 14 |
| E88676 | 16/Jul/18 | 6,649.61 | 30/Jul/18 | 14 |
| E89858 | 17/Jul/18 | 588.12 | 31/Jul/18 | 14 |
| E90225 | 18/Jul/18 | 2,809.04 | 01/Aug/18 | 14 |
| E91162 | 19/Jul/18 | 1,995.28 | 02/Aug/18 | 14 |
| E91981 | 20/Jul/18 | 810.23 | 02/Aug/18 | 13 |
| E92502 | 23/Jul/18 | 5,320.72 | 06/Aug/18 | 14 |
| E93763 | 24/Jul/18 | 1,738.10 | 07/Aug/18 | 14 |
| E94448 | 25/Jul/18 | 3,523.03 | 08/Aug/18 | 14 |
| E95287 | 26/Jul/18 | 4,083.63 | 09/Aug/18 | 14 |
| E96595 | 30/Jul/18 | 4,363.44 | 15/Aug/18 | 16 |
| E97803 | 31/Jul/18 | 4,803.05 | 16/Aug/18 | 16 |
| E98535 | 01/Aug/18 | 659.19 | 17/Aug/18 | 16 |
| E99236 | 02/Aug/18 | 2,375.10 | 20/Aug/18 | 18 |
| E00038 | 03/Aug/18 | 910.70 | 20/Aug/18 | 17 |
| E00520 | 06/Aug/18 | 5,643.05 | 22/Aug/18 | 16 |
| E01716 | 07/Aug/18 | 4,678.57 | 23/Aug/18 | 16 |
| E02354 | 08/Aug/18 | 2,933.59 | 24/Aug/18 | 16 |
| E03103 | 09/Aug/18 | 2,003.70 | 27/Aug/18 | 18 |
| E04366 | 13/Aug/18 | 8,708.11 | 29/Aug/18 | 16 |
| E05573 | 14/Aug/18 | 3,304.16 | 30/Aug/18 | 16 |
| E06220 | 15/Aug/18 | 4,187.56 | 04/Sep/18 | 20 |
| E07075 | 16/Aug/18 | 307.94 | 04/Sep/18 | 19 |
| E07864 | 17/Aug/18 | 1,407.45 | 04/Sep/18 | 18 |
| E08371 | 20/Aug/18 | 11,093.80 | 05/Sep/18 | 16 |
| E09585 | 21/Aug/18 | 5,880.55 | 06/Sep/18 | 16 |
| E10261 | 22/Aug/18 | 4,550.27 | 07/Sep/18 | 16 |
| E11748 | 24/Aug/18 | 1,863.94 | 10/Sep/18 | 17 |
| E12400 | 27/Aug/18 | 12,067.98 | 12/Sep/18 | 16 |
| E13624 | 28/Aug/18 | 5,627.43 | 13/Sep/18 | 16 |
| E14342 | 29/Aug/18 | 5,423.41 | 14/Sep/18 | 16 |
| E15124 | 30/Aug/18 | 269.97 | 17/Sep/18 | 18 |
| E15896 | 31/Aug/18 | 2,808.39 | 17/Sep/18 | 17 |
| E16349 | 04/Sep/18 | 15,410.40 | 20/Sep/18 | 16 |
| E17648 | 05/Sep/18 | 7,649.60 | 21/Sep/18 | 16 |
| E18372 | 06/Sep/18 | 2,159.45 | 24/Sep/18 | 18 |
| E19117 | 07/Sep/18 | 2,549.57 | 24/Sep/18 | 17 |
| E19398 | 10/Sep/18 | 7,608.65 | 02/Oct/18 | 22 |
| E20552 | 11/Sep/18 | 4,733.21 | 03/Oct/18 | 22 |
| E21175 | 12/Sep/18 | 4,168.21 | #N/A | |

| | | | | |
|---|---|---|---|---|
| E21934 | 13/Sep/18 | 2,236.48 | #N/A | |
| E22682 | 14/Sep/18 | 185.65 | #N/A | |
| E23116 | 17/Sep/18 | 5,118.28 | #N/A | |
| E24179 | 18/Sep/18 | 5,407.73 | #N/A | |
| E24838 | 19/Sep/18 | 2,755.59 | #N/A | |
| E25620 | 20/Sep/18 | 3,821.97 | #N/A | |
| E26316 | 21/Sep/18 | 2,339.29 | #N/A | |
| E26707 | 24/Sep/18 | 11,203.76 | #N/A | |
| E27778 | 25/Sep/18 | 7,561.81 | #N/A | |
| E28441 | 26/Sep/18 | 3,956.71 | #N/A | |
| E29137 | 27/Sep/18 | 953.44 | #N/A | |
| E29805 | 28/Sep/18 | 1,879.34 | #N/A | |
| E30170 | 01/Oct/18 | 5,486.42 | #N/A | |
| E31216 | 02/Oct/18 | 1,558.60 | #N/A | |
| E31789 | 03/Oct/18 | 3,282.25 | #N/A | |
| E32410 | 04/Oct/18 | 916.96 | #N/A | |
| E33009 | 05/Oct/18 | 134.89 | #N/A | |
| E33341 | 08/Oct/18 | 7,808.68 | #N/A | |
| E34315 | 09/Oct/18 | 3,551.61 | #N/A | |
| E50049 | 25/Oct/18 | 6,563.44 | 29/Oct/18 | 4 |
| E50781 | 26/Oct/18 | 431.71 | 29/Oct/18 | 3 |
| E50878 | 29/Oct/18 | 13,958.46 | 31/Oct/18 | 2 |
| E51717 | 30/Oct/18 | 6,531.38 | 01/Nov/18 | 2 |
| E52289 | 31/Oct/18 | 5,921.96 | 02/Nov/18 | 2 |
| Grand Total | | 311,269.43 | | |

| EFT Data 01-Jul-18 to 31-Oct-2018 | | | | |
|---|---|---|---|---|
| EFT # | Date | EFT Amount | Bank Date | Payment Cycle |
| E82196 | 02/Jul/18 | 9,903.30 | 12/07/2018 | 10 |
| E83309 | 03/Jul/18 | 8,367.88 | 13/07/2018 | 10 |
| E84087 | 05/Jul/18 | 1,363.55 | 17/07/2018 | 12 |
| E84583 | 06/Jul/18 | 1,081.63 | 17/07/2018 | 11 |
| E85817 | 09/Jul/18 | 4908.17 | 23/07/2018 | 14 |
| E86494 | 10/Jul/18 | 6,148.77 | 24/07/2018 | 14 |
| E87335 | 11/Jul/18 | 4,267.28 | 25/07/2018 | 14 |
| E88146 | 12/Jul/18 | 1,202.15 | 26/07/2018 | 14 |
| E88618 | 13/Jul/18 | 144.87 | 26/07/2018 | 13 |
| E89821 | 16/Jul/18 | 6,761.72 | 30/07/2018 | 14 |
| E90179 | 17/Jul/18 | 1,351.13 | 31/07/2018 | 14 |
| E91102 | 18/Jul/18 | 2,128.04 | 01/08/2018 | 14 |
| E91947 | 19/Jul/18 | 1,904.09 | 02/08/2018 | 14 |
| E92438 | 20/Jul/18 | 673.96 | 02/08/2018 | 13 |
| E93712 | 23/Jul/18 | 6,971.06 | 06/08/2018 | 14 |
| E94394 | 24/Jul/18 | 2,797.34 | 07/08/2018 | 14 |
| E95238 | 25/Jul/18 | 2,363.22 | 08/08/2018 | 14 |
| E96058 | 26/Jul/18 | 1,781.69 | 09/08/2018 | 14 |
| E96531 | 27/Jul/18 | 51.26 | 09/08/2018 | 13 |
| E97747 | 30/Jul/18 | 8,705.52 | 15/08/2018 | 16 |
| E98490 | 31/Jul/18 | 5,997.43 | 16/08/2018 | 16 |
| E99183 | 01/Aug/18 | 2,472.85 | 17/08/2018 | 16 |
| E00005 | 02/Aug/18 | 1,430.39 | 20/08/2018 | 18 |
| E00463 | 03/Aug/18 | 2,260.27 | 20/08/2018 | 17 |
| E01669 | 06/Aug/18 | 6,514.94 | 22/08/2018 | 16 |
| E02311 | 07/Aug/18 | 2,896.28 | 23/08/2018 | 16 |
| E03045 | 08/Aug/18 | 2,291.34 | 24/08/2018 | 16 |
| E03833 | 09/Aug/18 | 1,565.04 | 27/08/2018 | 18 |
| E04302 | 10/Aug/18 | 405.86 | 27/08/2018 | 17 |
| E05522 | 13/Aug/18 | 6,033.80 | 29/08/2018 | 16 |
| E06171 | 14/Aug/18 | 2,688.77 | 30/08/2018 | 16 |
| E07021 | 15/Aug/18 | 4,908.17 | 04/09/2018 | 20 |
| E07830 | 16/Aug/18 | 521.48 | 04/09/2018 | 19 |
| E08310 | 17/Aug/18 | 1,001.78 | 04/09/2018 | 18 |
| E09536 | 20/Aug/18 | 7,023.55 | 05/09/2018 | 16 |
| E10214 | 21/Aug/18 | 4,513.04 | 06/09/2018 | 16 |
| E11067 | 22/Aug/18 | 4,182.96 | 07/09/2018 | 16 |
| E12332 | 24/Aug/18 | 1,822.05 | 10/09/2018 | 17 |
| E13568 | 27/Aug/18 | 7,174.86 | 12/09/2018 | 16 |
| E14297 | 28/Aug/18 | 4,556.41 | 13/09/2018 | 16 |
| E15079 | 29/Aug/18 | 3,878.79 | 14/09/2018 | 16 |
| E15868 | 30/Aug/18 | 171.69 | 17/09/2018 | 18 |
| E16286 | 31/Aug/18 | 2,323.98 | 17/09/2018 | 17 |
| E17595 | 04/Sep/18 | 14,167.18 | 20/09/2018 | 16 |
| E18326 | 05/Sep/18 | 6,212.01 | 21/09/2018 | 16 |
| E19093 | 06/Sep/18 | 1,310.39 | 24/09/2018 | 18 |

| | | | | |
|---|---|---|---|---|
| E19342 | 07/Sep/18 | 1,428.37 | 24/09/2018 | 17 |
| E20494 | 10/Sep/18 | 9,427.21 | 02/10/2018 | 22 |
| E21129 | 11/Sep/18 | 3,342.49 | 03/10/2018 | 22 |
| E21890 | 12/Sep/18 | 4,266.44 | | |
| E22642 | 13/Sep/18 | 1,204.68 | | |
| E24125 | 17/Sep/18 | 5,946.66 | | |
| E24792 | 18/Sep/18 | 2,483.82 | | |
| E25574 | 19/Sep/18 | 6,398.23 | | |
| E26285 | 20/Sep/18 | 1,015.29 | | |
| E26650 | 21/Sep/18 | 673.12 | | |
| E27728 | 24/Sep/18 | 9,572.53 | | |
| E28399 | 25/Sep/18 | 5,898.91 | | |
| E29090 | 26/Sep/18 | 2,819.00 | | |
| E29775 | 27/Sep/18 | 2,424.60 | | |
| E31172 | 01/Oct/18 | 7,549.56 | | |
| E31744 | 02/Oct/18 | 2,106.80 | | |
| E32367 | 03/Oct/18 | 5,217.66 | | |
| E32982 | 04/Oct/18 | 594.23 | | |
| E33293 | 05/Oct/18 | 127.78 | | |
| E34265 | 08/Oct/18 | 6,688.85 | | |
| E34908 | 09/Oct/18 | 5,733.12 | | |
| E50004 | 18/Oct/18 | 259.84 | | |
| E50759 | 25/Oct/18 | 9,669.23 | 29/10/2018 | 4 |
| E50842 | 26/Oct/18 | 1,339.39 | 29/10/2018 | 3 |
| E51672 | 29/Oct/18 | 9,197.06 | 31/10/2018 | 2 |
| E52258 | 30/Oct/18 | 7,715.00 | 01/11/2018 | 2 |
| E52796 | 31/Oct/18 | 5,292.68 | 02/11/2018 | 2 |
| Total | | 289,594.49 | | |

| EFT Data 01-Jul-18 to 31-Oct-2018 | | | | |
|---|---|---|---|---|
| EFT # | Date | EFT Amount | Bank Date | Payment Cycle |
| E81381 | 02/Jul/18 | 7,490.18 | 12/Jul/18 | 10 |
| E82546 | 03/Jul/18 | 7,092.22 | 13/Jul/18 | 10 |
| E83572 | 05/Jul/18 | 1,805.24 | 17/Jul/18 | 12 |
| E84255 | 06/Jul/18 | 653.26 | 17/Jul/18 | 11 |
| E84956 | 09/Jul/18 | 5,982.74 | 23/Jul/18 | 14 |
| E86045 | 10/Jul/18 | 4,691.43 | 24/Jul/18 | 14 |
| E86755 | 11/Jul/18 | 2,181.73 | 25/Jul/18 | 14 |
| E87605 | 12/Jul/18 | 1,157.21 | 26/Jul/18 | 14 |
| E88986 | 16/Jul/18 | 6,659.53 | 30/Jul/18 | 14 |
| E89956 | 17/Jul/18 | 2,143.51 | 31/Jul/18 | 14 |
| E90473 | 18/Jul/18 | 2,291.09 | 01/Aug/18 | 14 |
| E91382 | 19/Jul/18 | 2,141.88 | 02/Aug/18 | 14 |
| E92115 | 20/Jul/18 | 1,216.55 | 02/Aug/18 | 13 |
| E92819 | 23/Jul/18 | 7,281.63 | 06/Aug/18 | 14 |
| E93952 | 24/Jul/18 | 4,732.47 | 07/Aug/18 | 14 |
| E94669 | 25/Jul/18 | 4,048.01 | 08/Aug/18 | 14 |
| E95499 | 26/Jul/18 | 1,830.93 | 09/Aug/18 | 14 |
| E96203 | 27/Jul/18 | 924.03 | 09/Aug/18 | 13 |
| E96909 | 30/Jul/18 | 3,488.49 | 15/Aug/18 | 16 |
| E97999 | 31/Jul/18 | 3,216.77 | 16/Aug/18 | 16 |
| E98698 | 01/Aug/18 | 1,451.26 | 17/Aug/18 | 16 |
| E99449 | 02/Aug/18 | 1,277.38 | 20/Aug/18 | 18 |
| E00148 | 03/Aug/18 | 657.69 | 20/Aug/18 | 17 |
| E00824 | 06/Aug/18 | 7,841.30 | 22/Aug/18 | 16 |
| E01874 | 07/Aug/18 | 3,481.62 | 23/Aug/18 | 16 |
| E02540 | 08/Aug/18 | 1,750.64 | 24/Aug/18 | 16 |
| E03301 | 09/Aug/18 | 1,289.04 | 27/Aug/18 | 18 |
| E03989 | 10/Aug/18 | 56.58 | 27/Aug/18 | 17 |
| E04680 | 13/Aug/18 | 5,683.04 | 29/Aug/18 | 16 |
| E05748 | 14/Aug/18 | 3,012.35 | 30/Aug/18 | 16 |
| E06435 | 15/Aug/18 | 3,071.42 | 04/Sep/18 | 20 |
| E07280 | 16/Aug/18 | 742.74 | 04/Sep/18 | 19 |
| E07988 | 17/Aug/18 | 1,428.25 | 04/Sep/18 | 18 |
| E08683 | 20/Aug/18 | 5,661.30 | 05/Sep/18 | 16 |
| E09763 | 21/Aug/18 | 4,763.56 | 06/Sep/18 | 16 |
| E10476 | 22/Aug/18 | 3,136.30 | 07/Sep/18 | 16 |
| E11905 | 24/Aug/18 | 609.53 | 10/Sep/18 | 17 |
| E12711 | 27/Aug/18 | 9,667.06 | 12/Sep/18 | 16 |
| E13807 | 28/Aug/18 | 6,137.89 | 13/Sep/18 | 16 |
| E14551 | 29/Aug/18 | 2,569.05 | 14/Sep/18 | 16 |
| E15336 | 30/Aug/18 | 154.56 | 17/Sep/18 | 18 |
| E16009 | 31/Aug/18 | 1,897.74 | 17/Sep/18 | 17 |
| E16669 | 04/Sep/18 | 10,088.25 | 20/Sep/18 | 16 |
| E17833 | 05/Sep/18 | 6,964.93 | 21/Sep/18 | 16 |

| | | | | |
|---|---|---|---|---|
| E18567 | 06/Sep/18 | 1,352.58 | 24/Sep/18 | 18 |
| E19183 | 07/Sep/18 | 2,486.24 | 24/Sep/18 | 17 |
| E19689 | 10/Sep/18 | 5,229.59 | 02/Oct/18 | 22 |
| E20699 | 11/Sep/18 | 1,931.29 | 03/Oct/18 | 22 |
| E21382 | 12/Sep/18 | 3,059.79 | | |
| E22125 | 13/Sep/18 | 1,001.52 | | |
| E23384 | 17/Sep/18 | 2,766.06 | | |
| E24350 | 18/Sep/18 | 2,364.95 | | |
| E25036 | 19/Sep/18 | 5,729.26 | | |
| E25792 | 20/Sep/18 | 828.12 | | |
| E26984 | 24/Sep/18 | 7,503.46 | | |
| E27954 | 25/Sep/18 | 4,259.76 | | |
| E28616 | 26/Sep/18 | 4,349.58 | | |
| E29316 | 27/Sep/18 | 737.83 | | |
| E29895 | 28/Sep/18 | 543.24 | | |
| E30444 | 01/Oct/18 | 7,788.16 | | |
| E31358 | 02/Oct/18 | 1,684.26 | | |
| E31949 | 03/Oct/18 | 2,162.66 | | |
| E32566 | 04/Oct/18 | 1,814.89 | | |
| E33584 | 08/Oct/18 | 4,805.56 | | |
| E34480 | 09/Oct/18 | 3,224.72 | | |
| E50005 | 19/Oct/18 | 13.03 | 26/Oct/18 | 7 |
| E50236 | 25/Oct/18 | 5,632.61 | 29/Oct/18 | 4 |
| E50797 | 26/Oct/18 | 115.93 | 29/Oct/18 | 3 |
| E51099 | 29/Oct/18 | 8,794.59 | 31/Oct/18 | 2 |
| E51871 | 30/Oct/18 | 4,355.33 | 01/Nov/18 | 2 |
| E52433 | 31/Oct/18 | 3,806.51 | 02/Nov/18 | 2 |
| Grand Total | | 242,763.90 | | |