**Presentment Date and Time:** October 4, 2019 at 10:00 a.m. (Eastern Time)
**Objection Deadline:** October 3, 2019 at 4:00 p.m. (Eastern Time)
**Hearing Date and Time (Only if Objections Filed):** October 23, 2019 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and*
*Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :
                                               :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,      :
                                               :    **Case No. 18-23538 (RDD)**
                                               :
Debtors.[1]                                    :    **(Jointly Administered)**
------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# STIPULATION, AGREEMENT, AND ORDER
# APPROVING CAPTIVE COMMUTATION PROPOSAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brand Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the attached stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **October 4, 2019 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement, and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain so as to be received by **October 3, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Stipulation, Agreement, and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Stipulation, Agreement, and Order on **October 23, 2019 at 10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

9297052
WEIL:\97201114\4\73217.0004

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: September 26, 2019
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and
Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :   **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :   **Case No. 18-23538 (RDD)**
                                                            :
          Debtors.[1]                                       :   **(Jointly Administered)**
------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**APPROVING CAPTIVE COMMUTATION PROPOSAL**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

9297052
WEIL:\97201114\4\73217.0004

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and between Sears Holdings Corporation ("**Sears**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, Sears Reinsurance Company, Limited ("**Sears Re**"), as a non-debtor affiliate of Sears, Transform Holdco LLC ("**Transform**"), and Liberty Mutual Insurance Company (including its affiliates and subsidiaries, "**Liberty**"). Sears, Sears Re, Transform, and Liberty are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A.   On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, Sears and its debtor affiliates (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.   Prior to the Commencement Date, Liberty provided workers' compensation and automobile insurance to the Debtors and Sears Re (together, the "**Insureds**") pursuant to certain policies issued between 2003 and 2004 (collectively, the "**Sears Re Policies**").[1] A schedule of the Sears Re Policies that are the subject of this Stipulation, Agreement, and Order is set forth on **Exhibit A** hereof.

C.   Among other things, the Sears Re Policies require that the Insureds pay premiums (and other amounts) in exchange for the coverage provided thereunder. As of the date hereof, the

---

[1] Notwithstanding that Sears Re is the named insured on the Sears Re Policies, Sears, Roebuck and Co. and Sears Re have entered into agreements whereby Sears, Roebuck and Co. has guaranteed Sears Re's payment obligations under the Sears Re Policies.

Insureds are current on their payment obligations. The Insureds' obligations are secured by a standby letter of credit in favor of Liberty (the "**Liberty L/C**") in the amount of $1,100,000. In connection with the transactions contemplated by that certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Transform, Sears, Sears Re and the other sellers party thereto, a subsidiary of Transform became the obligor under a letter of credit backstopping the Liberty L/C, as a result of which Transform bears the underlying economic responsibility for the payment obligations of the Insureds with respect to the Sears Re Policies.

D. In addition to their past and present obligations under the Sears Re Policies, the Parties recognize and understand that a portion of their respective obligations under the Sears Re Policies may become due in the future and that these future obligations and liabilities cannot be determined in an amount certain at this time.

E. The Insureds wish to fully and finally settle and commute their respective past, present and future monetary obligations and liabilities (whether known or unknown) under the Sears Re Policies. The Parties have agreed, subject to approval by the Bankruptcy Court, to a commutation proposal, which provides for, *inter alia*, payment of the Settlement Amount (as defined herein) in full and final satisfaction of any monetary obligations and liabilities that the Insureds may have under the Sears Re Policies as provided below (the "**Agreement**").

**NOW, THEREFORE,** in consideration of the mutual promises and releases contained in this Stipulation, Agreement, and Order for good and valuable consideration, the sufficiency and adequacy of which is hereby acknowledged, and upon the foregoing recitals, which are incorporated as though fully set forth herein, and intending to be legally bound, the Parties do hereby stipulated and agree as follows:

**AGREEMENT**

1. **Definitions.** The Parties agree that the terms defined in the above preamble and

2

recitals shall constitute definitions for purposes of this Agreement.

2. **Settlement Amount.** The Parties agree that Transform shall pay to Liberty $1,199,517 USD (the "**Settlement Amount**") in exchange for full and final settlement, release, and commutation of any and all of the Insureds' respective past, present and future monetary obligations and liabilities (whether known or unknown) under the Sears Re Policies; provided, however, that the Settlement Amount shall be reduced by (i) $13,000, representing cash held in escrow by Liberty on account of the Insureds' obligations under the Sears Re Policies and (ii) $10,000, representing the proposal fee paid by any of the Insureds or Transform to Liberty in connection with the Agreement. Payment of the Settlement Amount will be made to Liberty no later than five (5) business days after the occurrence of the Effective Date (as defined herein). Payment will be made to Liberty according to the following instructions:

> Account Name/Beneficiary: Liberty Mutual Insurance Company
> Bank of America
> 101 South Tryon Street
> Charlotte, NC 28255
> Domestic Wire ABA Routing #: 026009593
> Bank Account #: 385015882323
> International Wire & ACH Swift Code: BOFAUS3N
> Domestic ACH Transfers: 011900571

It is further acknowledged and agreed that each Party is responsible for its own attorneys' fees and costs, expert fees and costs, and any other fees or costs incurred in preparing and prosecuting this Stipulation, Agreement, and Order.

3. **Mutual Release and Commutation.** In exchange for payment of the Settlement Amount in accordance with the instructions in Paragraph 2 hereof and other consideration contained in this Stipulation, Agreement, and Order, Liberty, on behalf of itself, its predecessors, successors and assigns, former, present and future subsidiaries, affiliates, divisions, parent companies, holding companies, directors, officers, administrators, employees, agents,

3

representatives, stockholders, accountants, attorneys, trustees in bankruptcy, claim managers, and liquidators or rehabilitators, shall fully and unconditionally release and forever discharge the Insureds and Transform, their predecessors, successors and assigns, former, present, and future subsidiaries, affiliates, divisions, parent companies, holding companies, directors, officers, administrators, employees, agents, representatives, stockholders, accountants, attorneys, trustees in bankruptcy, claim managers, and liquidators or rehabilitators, with respect to any and all actions, rights, causes of action, claims, demands, amounts, damages, fees, costs, expenses, interest and/or other relief whatsoever, whether known or unknown arising from or related to the Sears Re Policies; provided, however, that the Insureds and Transform shall continue to perform any non-monetary obligations under the Sears Re Policies, including, without limitation, the duty to cooperate with Liberty and to report claims to Liberty in the ordinary course. In exchange for the release set forth above and other consideration contained in this Agreement, each Insured and Transform, on behalf of themselves, their predecessors, successors and assigns, former, present and future subsidiaries, affiliates, divisions, parent companies, holding companies, directors, officers, administrators, employees, agents, representatives, stockholders, accountants, attorneys, trustees in bankruptcy, claim managers, and liquidators or rehabilitators, shall fully and unconditionally release and forever discharge Liberty, its predecessors, successors and assigns, former, present and future subsidiaries, affiliates, divisions, parent companies, holding companies, directors, officers, administrators, employees, agents, representatives, stockholders, accountants, attorneys, trustees in bankruptcy, claim managers, and liquidators or rehabilitators, with respect to any and all actions, rights, causes of action, claims, demands, amounts, damages, fees, costs, expenses, interest and/or other relief whatsoever, whether known or unknown arising from or related to the Sears Re Policies, provided, however, that this Agreement does not affect or alter

Liberty's continuing obligation to provide insurance, defend Insureds, pay claims or perform other obligations set forth in the Sears Re Policies.

4. **Release of Liberty L/C**.  Within ten (10) business days after the occurrence of the Effective Date, and provided that Liberty has indefeasibly received the Settlement Payment, Liberty shall release or cause to be released the Liberty L/C and the Liberty L/C shall be cancelled.

5. **Cooperation Among the Parties.**  The Parties agree to cooperate with each other in the execution of the terms of this Agreement and to do all things and take all additional actions as may be reasonably necessary to effectuate the transactions contemplated in this Agreement.

6. **Representations and Warranties.**  Each of the Parties represents and warrants that it has the full power and authority to enter into and deliver this Agreement, that each Party has received reasonably equivalent value and fair considerations in exchange for the mutual covenants and consideration contained in this Agreement, that the person signing this Agreement on its behalf has authority to do so and that no further corporate or internal approval is necessary, that it has not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or right surrendered by virtue of this Agreement and that this Agreement is enforceable in accordance with its terms.  The Parties further acknowledge and represent that they are aware of the risks of releasing unknown claims, and that they specifically intend to release all claims, including claims each Party does not know or suspect to exist, as set forth in Paragraph 3 hereto.

7. **Representation by and Consultation with Counsel.**  Each of the Parties acknowledges that it has consulted with legal counsel before signing this Agreement.  Each of the Parties represents, understands, and agrees that it has thoroughly discussed this Agreement and its rights with its own legal counsel to the full extent it wished to do so before signing this Agreement and that this Agreement is the product of arm's length negotiations between the Parties.  Without

limiting the generality of the foregoing, each of the Parties acknowledges that it has been advised by its respective legal counsel of the provisions of California Civil Code Section 1542, which reads: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing release, which if known by him must have significantly affected his settlement with the debtor."

8. **Construction of Agreement.**  No one Party was the principal drafter of this Agreement.  The wording of this Agreement was jointly drafted, reviewed and accepted by legal counsel for each Party prior to its being executed by each of them, and no Party shall be entitled to have any wording of this Agreement construed against any other Party in the event of any dispute arising in connection with this Agreement.

9. **Inadmissibility.**  The Parties agree that neither this Agreement nor any of its terms or provisions or any negotiations in connection with this Agreement shall be relied on, introduced into or admissible as evidence in, any arbitration, suit, action or other proceeding for any purpose.

10. **No Admission of Liability.**  This Agreement represents a commercial resolution and does not constitute, and shall not be construed to be, an admission of liability, or a waiver of any rights or positions that any Party has or may have in the future on any other matters or treaties, including, without limitation, Liberty's rights, claims, defenses and remedies under the Sears Re Policies, applicable law and otherwise, including its right to defend claims that implicate the Sears Re Policies.  All actions taken and statements made by the Parties in connection with the negotiation of this resolution shall be without prejudice.

11. **No Third-Party Rights.**  This Agreement is not intended to and shall not confer any rights upon any third parties.  Nothing in this Paragraph shall be construed to limit the binding effect of this Agreement upon the Parties.

12. **Binding Effect.** Upon entry of a final, non-appealable order approving this Agreement and payment of the Settlement Amount, the Agreement shall be binding upon the Parties and their respective successors, assigns, predecessors, former, present and future subsidiaries, affiliates, divisions, parent companies, holding companies, directors, officers, administrators, employees, agents and representatives, and shall inure to the benefit of the Parties and others released herein and to their respective successors, assigns, predecessors, former, present and future subsidiaries, affiliates, divisions, parent companies, holding companies, directors, officers, administrators, employees, agents and representatives; provided, however, that if the Settlement Amount is not paid to Liberty or if a court of competent jurisdiction renders a final, non-appealable order declaring the entirety of this Agreement null and void, then the Agreement shall be deemed rescinded and each of the Parties shall be restored to the position they were in just prior to the execution of this Agreement.

13. **Amendment and Waiver.** No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by all Parties to this Agreement.

14. **Entire Agreement.** This Agreement constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all prior and contemporaneous oral and written agreements and understandings relating to its subject matter. Each of the Parties covenants that it has not entered into this Agreement as a result of any representation, warranty, agreement, promise or inducement other than has been specifically provided for in this Agreement.

15. **Counterparts.** This Agreement may be executed in multiple counterparts (including by e-mail or facsimile), each of which when so executed and delivered shall be considered an original, but such counterparts shall together constitute one and the same instrument

7

and agreement.

16.     **Effective Date.**  This Agreement shall take effect as of the date that an order approving the Agreement, entered by a court of competent jurisdiction, becomes final and non-appealable.

17.     **Authorization**. Each person executing this Stipulation, Agreement and Order on behalf of a Party hereby represents and warrants that he or she has the requisite power and authority to do so and to bind the Party for which he or she is so executing.

18.     **Notices.**  Notices and other communications required or permitted under this Agreement shall be effective only if they are in writing and sent by overnight delivery.  Such notices and other communications shall be addressed as follows:

9297052
WEIL:\97201114\4\73217.0004

| | |
|---|---|
| *If to the Debtors:* | *If to Transform:* |
| Weil, Gotshal & Manges LLP | Transform Holdco LLC |
| 767 Fifth Avenue | 3333 Beverly Road |
| New York, NY 10153 | Hoffman Estates, IL 60179 |
| Attn: Jacqueline Marcus, Esq. | Attn: Luke Valentino, Esq. |
| | |
| -with a copy to- | -with a copy to- |
| M-III Partners, L.P. | Cleary Gottlieb Steen & Hamilton LLP |
| 130 West 42nd Street, 17th Floor | One Liberty Plaza |
| New York, NY 10036 | New York, NY 10006 |
| Attn: Mohsin Meghji | Attn: Luke Barefoot, Esq. |
| | |
| *If to Sears Re*: | *If to Liberty*: |
| Paul Gatutha | Samantha M. Feldman |
| Marsh & McLennan Companies | Liberty Mutual Insurance |
| 7 Par-la-Ville Road | 157 Berkeley Street |
| Hamilton HM11 | Boston, MA 02116 |
| | |
| | -with a copy to- |
| | |
| | Douglas R. Gooding, Esq. |
| | Choate, Hall & Stewart LLP |
| | Two International Place |
| | Boston, MA 02110 |

[*Signature Pages Follow*]

Dated: September 26, 2019

| WEIL, GOTSHAL & MANGES LLP<br><br>By: /s/ Jacqueline Marcus<br>Jacqueline Marcus, Esq.<br>767 Fifth Avenue<br>New York, New York 10153<br><br>*Counsel for Sears Holdings Corporation* | CHOATE, HALL & STEWART LLP<br><br>By: /s/ Douglas R. Gooding<br>Douglas R. Gooding, Esq.<br>Two International Place<br>Boston, MA 02110<br><br>*Counsel for Liberty Mutual Insurance Company* |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br><br>By: /s/ Jacqueline Marcus<br>Jacqueline Marcus, Esq.<br>767 Fifth Avenue<br>New York, New York 10153<br><br>*Counsel for Sears Reinsurance Company, Limited* | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>By: /s/ Luke Barefoot<br>Luke Barefoot, Esq.<br>One Liberty Plaza<br>New York, NY 10006<br><br>*Counsel for Transform Holdco LLC* |

**SO ORDERED:**

Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

Reinsurance Contract # 0044601

Reinsurance Period effective 4/1/2003 including the following policy numbers:

EHB-641-004249-163

AS2-C41-004249-053

AS2-C41-004249-443

AS2-C41-004249-533

AS2-C41-004249-113

Reinsurance Period effective 4/1/2004 including the following policy numbers:

AS2-C41-004249-054

AS2-C41-004249-444

AS2-C41-004249-534

AS2-C41-004249-114