## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: SEARS, ROEBUCK & CO. and | : | Return Date: |
| SEARS HOLDINGS CORPORATION, | : | |
| *et al.* | : | Objections Due: |
| Debtor | : | |
| | : | Case No. 18-23538 (RDD) |
| | : | Chapter 11 |

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

PLEASE TAKE NOTICE that Geoff Hess and Stacie Hess, h/w, ("Movants"), through

undersigned counsel, will present the attached Motion to the Honorable Robert D. Drain,

Bankruptcy Judge for the United States for the Southern District of New York, at 300 Quarropas

Street, White Plains, New York 10601, on a date to be determined, for an Order granting relief

from the Automatic Stay pursuant to 11 U.S.C. § 362.

PLEASE TAKE FURTHER NOTICE that Objections, if any, to the relief requested in

Movants' Motion must be set forth in writing and filed with the Bankruptcy Court at least seven

calendar days before the applicable hearing or as otherwise ordered by the Court. Failure to file

Objections by the Objection Deadline may cause the Court to not consider the Objections.

PLEASE TAKE FURTHER NOTICE that a hearing shall be held before the Honorable

Robert D. Drain, that Movants and Objecting Parties are required to attend the hearing, and that

failure to attend in person or by counsel may result in relief being granted or denied upon default.

KEVIN M. BLAKE, ESQUIRE
SMITH MIRABELLA BLAKE
100 North 20th Street, Suite 303
Philadelphia, PA 19103
Phone: 215-422-4100
Email: kblake@smblawfirm.com
*Attorney for Movants*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: SEARS, ROEBUCK & CO. and | : | |
| SEARS HOLDINGS CORPORATION, | : | |
| *et al.* | : | Case No. 18-23538 (RDD) |
| Debtor | : | |
| | : | Chapter 11 |
| | : | |

---

### ORDER

AND NOW, this ____ day of _____, 2019, upon consideration of

the motion of Geoff Hess and Stacie Hess ("Movants") for relief from the Automatic Stay in the

Bankruptcy Case commenced by Sears, Roebuck & Co. and Sears Holdings Corporation *et al.*

("Sears"), it is hereby ORDERED that Movants' motion is GRANTED.  It is specifically

ORDERED that Movants' civil action pending in the United States District Court for the Eastern

District of Pennsylvania (Case No. 5:19-cv-03596) is not subject to the Automatic Stay in the

above-captioned bankruptcy proceeding.

BY THE COURT:

_____
                                    J.

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: SEARS, ROEBUCK & CO. and | : | |
| SEARS HOLDINGS CORPORATION, | : | |
| *et al.* | : | Case No. 18-23538 (RDD) |
|      Debtor | : | |
| | : | Chapter 11 |
| | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Geoff and Stacie Hess, h/w, through their undersigned counsel, file this motion for relief from the Automatic Stay in the above-captioned Bankruptcy Case.

### I.   INTRODUCTION

1.     Geoff and Stacie Hess ("Movants") reside in Mountville, Pennsylvania 17554.

2.     **On February 11, 2019**, Geoff Hess ("Mr. Hess") sustained amputation injuries at his home while using a table saw sold by Sears, Roebuck, and Co., which is the wholly owned subsidiary of Sears Holdings Corporation (collectively referred to as "Sears").

3.     Mr. Hess did not purchase the saw from Sears; he rather received the product in December 2016 as a gift.

4.     The Sears entities are debtors-in-possession in the Chapter 11 bankruptcy case filed in the United States Bankruptcy Court for the Southern District of New York (Case No. 18-23538), which Sears commenced by way of Petition on **October 15, 2018**. (See "Notice of Bankruptcy Filing and Imposition of Automatic Stay" attached hereto as Exhibit "A").

5.     On **July 9, 2019**, Movants filed a product liability Complaint against Sears in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging that Sears sold the defective table saw that injured Mr. Hess. (See Complaint filed in Philadelphia County attached hereto as Exhibit "B").

1

6.    After Movants filed their Complaint, Sears' counsel in the tort action advised that Movants' personal injury claim, which arose on February 11, 2019, would be unaffected by the bankruptcy case that Sears commenced several months earlier on October 15, 2018.

7.    On August 6, 2019, after advising that the bankruptcy case would not affect Movants' case, Sears removed Movants' action to the United States District Court for the Eastern District of Pennsylvania. (See Sears' Notice of Removal attached hereto as Exhibit "C").

8.    On August 13, 2019, Sears filed an "Answer with Affirmative Defenses" to Movants' Complaint, which mentions neither the bankruptcy case nor any automatic stay. (See Sears' Answer attached hereto as Exhibit "D").

9.    Around this time, Movants were informed that pursuant to an indemnity contract between Sears and the saw's manufacturer, Rexon Industrial Corp., LTD ("Rexon"), Sears will not incur any legal expenses or be required to pay any judgment in Movants' action.

10.    Sears has advised that Rexon has accepted the tender of Sears' defense in Movants' action pursuant to the indemnity contract.[1]

11.    Nevertheless, on August 28, 2019 – despite having no assets at stake in Movants' post-petition tort action – Sears filed a "Notice of Bankruptcy Filing and Imposition of Automatic Stay" in the Eastern District of Pennsylvania, asserting that Movants' tort action is stayed pending resolution of Sears' bankruptcy case. (See Exhibit "A"). Sears' Notice states:

---

[1] In Movants' separate civil action against Rexon in the Eastern District of Pennsylvania (ECF No 19-cv-1573), Movants have agreed to the terms of a Confidentiality Order/Agreement proposed by Rexon pursuant to Federal Rule of Civil Procedure 26(c). Although Rexon has yet to submit the proposed Order for the requisite Court approval upon a finding of "good cause," the proposed terms therein would conceivably prevent Movants from attaching the indemnity agreement as an exhibit to this motion. Movants therefore have not attached the contract as an exhibit. Movants will supplement the record by filing the indemnity contract under seal, once Sears' counsel obtains an applicable Confidentiality Order from either this Court or the District Court for the Eastern District of Pennsylvania.

2

PLEASE TAKE NOTICE that on October 15, 2018, (the **"Commencement Date"**), Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the **"Debtors"**) each commenced a voluntary case (the **"Chapter 11 Cases"**) under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*) (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**). The Chapter 11 Cases are being jointly administered under Case No. 18-23538 (RDD) (the "Bankruptcy Cases"). A copy of the applicable [Debtor's/Debtors'] chapter 11 petitions is attached hereto as **Exhibit A.**

PLEASE BE ADVISED that pursuant to section 362(a) of the Bankruptcy Code (the **"Automatic Stay"**), the filing of a bankruptcy petition 'operates as a stay, applicable to all entities,' of, among other things 'the commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). Accordingly, the above-captioned matter has been automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

## II.    **JURISDICTION**

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13.    Relief from an automatic stay "can be granted only by the bankruptcy court having jurisdiction over a debtor's case." In re Boates, 2005 Bankr. LEXIS 2821, *8 (Bankr. E.D. Pa. 2005).

## III.    **ARGUMENT**

### **Summary of Argument**

14.    Movants are entitled to relief from the automatic stay for two (at least) separate reasons: (A) the provisions of 11 U.S.C. § 362**(a)** have no application to Movants' **post-petition** tort action; and (B) Movants have "cause" for removing the stay under 11 U.S.C. § 362**(d)**.

3

15.     The automatic stay protects Sears only "from the commencement or continuation of actions that could have been commenced **before** the [bankruptcy] case was filed, the enforcement of judgments obtained **before** the [bankruptcy] petition was filed, or the collection of claims that arose **before** the [bankruptcy] case was commenced." Fritz Fire Prot. Co. v. Chang (In re Chang), 438 B.R. 77, 85 (Bankr. M.D. Pa. 2010) (citing 11 U.S.C. § 362(a)(1), (2), (5), and (6)) (bold print supplied).

16.     The commencement date of Sears' bankruptcy case was **October 15, 2018**.

17.     Mr. Hess did not sustain personal injuries from contacting Sears' product until **February 11, 2019**, nearly four (4) months **after** the commencement of Sears' bankruptcy case.

18.     Therefore, Movants could not have commenced their tort action against Sears, or recovered any judgment from Sears, before the commencement of Sears' bankruptcy case.  Nor did Movants' claim "arise" before the commencement of Sears' bankruptcy case, as Mr. Hess's injury-causing contact with Sears' product occurred **after** Sears' petitioned for bankruptcy.

19.     Accordingly, Movants' action is not subject to the automatic stay imposed under Section 362(a) of the Bankruptcy Code.

20.     Alternatively, "a party in interest may obtain relief from stay … by requesting the relief from the bankruptcy court and, after notice and a hearing, showing cause." In re Boates, 2005 Bankr. LEXIS 2821, *8 (citing 11 U.S.C. § 362(d)(1)).

21.     Movants have "cause" for relief under Section 362(d) because, *inter alia*, their tort action has no connection with Sears' bankruptcy case, will not interfere with the bankruptcy case, seeks no assets or property from Sears, and can be justly and expeditiously litigated in Pennsylvania without any prejudice to Sears or any other creditor.

**A.**    **The automatic stay provisions of 11 U.S.C. § 362(a) have no application to Movants' post-petition tort action.**

**i.**    **Law**

22.    11 U.S.C. § 362(a) provides that a petition for bankruptcy "operates as a stay, applicable to all entities, of –

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the cause under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against the property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title."

See 11 U.S.C. § 362(a).

23.    "Section 362(a) describes eight actions that are stayed by the filing of a bankruptcy petition." Fritz Fire Prot. Co. v. Chang (In re Chang), 438 B.R. 77, 79 (Bankr. M.D. Pa. 2010). "Six of these provisions address actions commenced before a petition is filed or

which could have been commenced prepetition. Id. (citing 11 U.S.C. § 362(a)(1), (2), (5), (6),

(7), and (8)). The two remaining provisions address actions against property of the estate.

"Section 362(a)(3) provides that the filing of a petition operates as a stay … of any act to obtain

possession of property of the estate or of property from the estate or to exercise control over

property of the estate." Id. (citing 11 U.S.C. § 362(a)(3)). "Section 362(a)(4) stays any act to

create, perfect, or enforce any lien against property of the estate." Id. at 80 (citing 11 U.S.C. §

362(a)(4)).

24.    "Implicit in these provisions is the principle that when post-petition claims are

asserted, the stay applies only to actions against property of the estate and does not bar

commencement of an action against the debtor or property of the debtor." Id.

25.    "A post-petition creditor has the right to initiate suit against a debtor and obtain a

judgment for a post-petition debt, but collection activities directed against property of the estate

are barred." Fritz Fire Prot. Co., 438 B.R. 77, 80.

26.    Accordingly, the issue here is whether Movants assert a post-petition claim or a

prepetition claim.

27.    "Under the Bankruptcy Code, a claim is defined as 'a right to payment whether or

not such right is reduced to judgment, liquidated, unliquidated, fixed or contingent, matured,

unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.'" In re Johns-Manville

Corp., 552 B.R. 221, 231 (Bankr. S.D.N.Y. 1998) (citing 11 U.S.C. § 101(5)). "It is well

established that Congress unquestionably expected this definition to have wide scope." Id.

(citation omitted here). "The Supreme Court has said that 'claim' has 'the broadest available

definition,' and has held that the 'plain meaning of a 'right to payment' is nothing more nor less

than an enforceable obligation.'" Id. (citations omitted here).

6

28.     However, "[d]espite the breadth of the term 'claim' under the Code, problems

arise when classifying future claims as 'claims' to be dealt with in a bankruptcy." Morgan Olson

L.L.C. v. Frederico (In re Grumman Olson Indus.), 467 B.R. 694, 704 (S.D.N.Y. 2012). "[E]ven

the broad definition of 'claim' cannot be extended to include … claimants whom the record

indicates were completely unknown and unidentified at the time [the debtor] filed its

[bankruptcy] petition and whose rights depended entirely on the fortuity of future occurrences."

Id. at 704-705 (citing Lemelle v. Universal MFG. Corp., 18 F.3d 1268, 1277 (5th Cir. 1994)).

29.     "The federal courts have developed several different tests to determine when a

prepetition bankruptcy claim arises." In re Johns-Manville Corp., 552 B.R. 221, 232. "The

variations of this test are generally classifiable under the 'accrual test,' the 'conduct test,' and the

'prepetition relationship test.'" Id. (citation omitted). "Most courts now rely on a version of the

conduct test or the prepetition relationship test." Id.

30.     "The 'conduct test' looks exclusively to when the acts giving rise to liability

occurred." In re Johns-Manville Corp., 552 B.R. 221, 235. "The conduct test has been criticized

by some courts as too broad." Id. "These courts, as well as the Second Circuit, require some sort

of prepetition relationship to have existed for a claim to have arisen." Id. at 236.

31.     "Although the Second Circuit has not defined what constitutes a sufficient

relationship in the tort context, other bankruptcy courts have considered the issue." Id. "At the

outset, to have a claim under the prepetition relationship test, there must be some prepetition

relationship, such as contact, exposure, impact, or privity, between the debtor's prepetition

conduct and the claimant." Id.

32.     Moreover, the term "claim" under the Bankruptcy Code is not defined "from the

… debtor's perspective as an 'obligation to pay,'" but is defined from the claimant's perspective

as "a right to payment." Morgan Olson L.L.C., 467 B.R. 694, 705 (citing In re Hoffinger

Industries, 307 B.R. 112, 117 (Bankr. E.D. Ark. 2004)).  "Viewed from the correct perspective,

the focus must be on **identifying that other party holding the 'right to payment'** and

protecting his or her due process rights." Id. (bold print supplied).

33.    For a "claim" to exist there must be an identifiable "claimant," "which Black's

Law Dictionary defines as one who asserts a right or demand, and which the Bankruptcy Code

generally refers to as a 'creditor,' meaning an entity that has a claim against the debtor that arose

at the time of or before the order for relief concerning the debtor." In re Hoffinger Indus., Inc.,

307 B.R. 112 (Bankr. E.D. Ark. 2004) (citing 11 U.S.C. § 101(10)).  "If the debtor does not fully

know who the claimants are, the claimants should at least know who they are. More importantly,

'they' should at least exist to qualify as 'claimants' holding 'claims.'" Id.

34.    Bankruptcy law additionally contains "notice requirements ... founded in

fundamental notions of procedural due process," which likewise necessitate an identifiable

claimant.  Morgan Olson L.L.C., 467 B.R. 694, 706 (citations omitted). "Because parties holding

future claims cannot possibly be identified and, thus, cannot be provided notice of the

bankruptcy, courts consistently hold that, for due process reasons, their claims cannot be

discharged by the bankruptcy courts' orders." Id.

**ii.    Application of the law to Movants' tort action**

35.    As noted, the automatic stay protects Sears only "from the commencement or

continuation of actions that could have been commenced before the case was filed, the

enforcement of judgments obtained before the petition was filed, or the collection of claims that

arose before the case was commenced."  Fritz Fire Prot. Co., 438 B.R. 77, 85.

8

36.     Sears petitioned for bankruptcy on October 15, 2018, and Mr. Hess was not injured from contacting Sears' product until February 11, 2019, several months after Sears commenced the bankruptcy case.

37.     Accordingly, Movants could not have commenced their action against Sears, or enforced a judgment against Sears, before Sears commenced the bankruptcy case.

38.     Nor did Movants' "claim" arise before Sears commenced the bankruptcy case.

39.     Whether Movants' "claim" is prepetition or post-petition depends on when their "right to payment" arose. In re Johns-Manville Corp., 552 B.R. 221, 231 (Bankr. S.D.N.Y. 1998) (citing 11 U.S.C. § 101(5)).

40.     Mr. Hess did not purchase the saw from Sears but rather received it as a gift, and he had no injury-causing contact with the product until several months after Sears filed the petition for bankruptcy.  Mr. Hess therefore had no prepetition "right to payment" from Sears for his personal injuries.

41.     Nor did Mr. Hess have any "contingent" prepetition claim that came into existence through the occurrence of a post-petition event. This is not a case where a movant's prepetition contact with a product caused latent or developing physical injuries that were only discovered post-petition. Rather, Mr. Hess's injuries occurred **simultaneously** with his **post-petition** contact with Sears' product.

42.     Every event that made Mr. Hess an identifiable "claimant" against Sears – *i.e.*, that triggered his "right to payment" for his personal injuries – occurred **after** Sears commenced the bankruptcy case.  See Morgan Olson, L.L.C., 467 B.R. 694, 704-705 (citing Lemelle, 18 F.3d 1268, 1277) ("[E]ven the broad definition of 'claim' cannot be extended to include claimants

9

whom the record indicates were completely unknown and unidentified at the time the debtor

filed its petition and whose rights depended entirely on the fortuity of future occurrences.").

43.   Furthermore, Movants' post-petition claim does not seek "to obtain possession of

property of the estate or of property from the estate or to exercise control over property of the

estate." Quoting 11 U.S.C. § 362(a)(3).

44.   In fact, due to Sears' indemnity contract with the product's manufacturer, Sears

will not incur any legal expenses or be required to pay any judgment in Movants' action.  In

other words, Sears has **no** assets at risk in Movants' action.

45.   Accordingly, because Movants assert a post-petition tort claim that does not

involve the property of the estate, the automatic stay is inapplicable to Movants' action.

**B.**   **In the alternative, Movants have "cause" for removing the stay under Section 362(d).**

46.   Relief from an automatic stay "may be granted after notice and a hearing … 'for

cause.'" In re Bogdanovich, 292 F.3d 104, 110 (2d Cir. 2002) (citing 11 U.S.C. § 362(d)(1)).

47.   "Although the term 'for cause' is not defined in the bankruptcy code," the Second

Circuit has "adopted 12 factors to consider when deciding whether or not to lift a stay in order

that litigation may continue to completion in another tribunal." In re Bogdanovich, 292 F.3d 104,

110 (citing Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In Sonnax Indus.), 907 F.2d

1280, 1285-86 (2d. Cir. 1990)). These factors, which Courts commonly call the "Sonnax

factors," include:

> (1) whether relief would result in a partial or complete resolution of the issues;

> (2) lack of any connection with or interference with the bankruptcy case;

> (3) whether the other proceeding involves the debtor as a fiduciary;

10

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for a defense;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) the impact of the stay on the parties and the balance of harms."

Id. at fn. 1.

48.    "Not all of [the above] factors will be relevant in every case." Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999).  Nor must a court consider each of the factors. "[O]nly those factors relevant to a particular case need be considered … and the Court need not assign them equal weight." Burger Boys, Inc. v. South St. Seaport Ltd. Partnership, 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994).

49.    Here, the relevant *Sonnax* factors heavily support relieving Movants from the automatic stay.

50.    Regarding factor one, Movants and Sears can entirely resolve Movants' tort action **only** in the District Courts for the Eastern District of Pennsylvania or the Southern District of New York – not in Bankruptcy Court. See 28 U.S.C. § 157(b)(5); In re Todd Shipyards Corp., 92 B.R. 600, 604 (Bankr. D. N.J. 1988) (Pursuant to 28 U.S.C. § 157(b)(5), a "personal injury

11

tort claim cannot take place in the bankruptcy court" and "must be tried in a forum other than [a

bankruptcy] court").

51.    Regarding factor two, Movants' tort claim will have no impact on, or relation to,

Sears' bankruptcy proceeding because the product's manufacturer, Rexon, is defending Sears in

Movants' lawsuit and indemnifying Sears from any judgment rendered in the action.  Movants'

action therefore does not involve Sears' assets and can be justly and expeditiously litigated

without any prejudice to Sears or any other creditor.  Moreover, to the extent Sears risks

incurring **any** expenses in participating in its own defense, bankruptcy courts do not "ascribe[]

much significance to the fact that the debtor will be required to participate in their defense,

especially when the debtor's insurer is obligated to provide counsel." In re Bock Laundry

Machine Co., 37 B.R. 564 567 (Bankr. N.D. Ohio 1984) (citations omitted here); In re Todd

Shipyards Corp., 92 B.R. 600, 603 ("litigation expenses do not constitute an injury sufficient to

justify the enjoining of litigation against a debtor") (citations omitted here); In re Burger Boys,

Inc., 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994) ("Courts have held … that the increased costs of

litigating in a particular forum are not so prejudicial as to require continuance of a stay.").

52.    Factors three and four are irrelevant to Movants' tort action, as Sears is not a

fiduciary in the action and no "specialized tribunal" is required to hear Movants' claim.

53.    Factor five readily favors relief.  Rexon is defending and indemnifying Sears in

Movants' action; thus Sears will not incur any legal expenses or pay any judgment.

54.    Factor six likewise favors relief.  Movants' claim centers on whether Rexon

designed/manufactured a defective product which Sears sold, and which ultimately injured Mr.

Hess.  Rexon sold the product to Sears and, at its own expense, is defending against Movants'

claim that Sears is liable as a retailer for reselling the defective product.  Rexon also will

12

indemnify any judgment against Sears arising out of injuries caused by a defect in the product.

Therefore, the core issue in Movants' action is whether **Rexon**, not Sears,

designed/manufactured a defective product that caused injury to Mr. Hess following its resale by

Sears.

55.     Factor seven as well favors relief, as litigating Movants' action in the Eastern

District of Pennsylvania would cause no prejudice to the interests of other creditors.  Because of

the indemnity agreement, Sears' monetary and other assets are not at stake in Movants' action.

56.     Factors eight and nine are irrelevant here, as a judgment against Sears, which

would be indemnified by Rexon, would not be subject to equitable subordination or result in a

judicial lien avoidable by Sears.

57.     Lastly, the fairness considerations in factors ten through twelve all favor

removing the stay.  "The automatic stay was never intended to preclude a determination of tort

liability and the attendant damages.  It was merely intended to prevent a prejudicial dissipation of

the debtor's assets." In re Todd Shipyards Corp., 92 B.R. 600, 603 (citations omitted here).

"[C]ourts have regarded the opportunity to litigate the issue of liability as a significant right

which cannot easily be set aside, even when pre-petition causes of action are involved." Id.

Unlike the Bankruptcy Court, the District Court can completely resolve Movants' tort

claim and thus promote the interests of judicial economy and the expeditious and economical

resolution of litigation. Furthermore, Sears' nominal participation in Movants' action will have

no impact on Sears' bankruptcy case, since Rexon is undertaking Sears' defense and will

indemnify any judgment against Sears.

While the stay will clearly harm the interests of Movants, removing/lifting the stay will

harm the interests of neither Sears nor its creditors.  Mr. Hess suffered life-altering injuries and

seeks a fair, expeditious and economical resolution of his claim.  Courts recognize that

"[p]ersonal injury litigation can consume a considerable length of time before a final award is

made," and that "[r]equiring the Movants to forego prosecution of their claims until such time as

the stay is no longer in effect will effectively deny them an opportunity to be heard." See e.g., In

re Bock Laundry Machine Co., 37 B.R. 564, 566-567.  The aging of evidence, the possible loss

of witnesses, and the vicissitudes of prolonged litigation all contribute to the Movants' hardships

while the stay remains in place, but removing the stay will cause no hardship whatsoever to

Sears, who is completely indemnified against Movants' claims. The balance of equities therefore

strongly favors granting Movants relief from the automatic stay.

## IV.    Conclusion

58.    For the foregoing reasons, Movants respectfully request that this Honorable Court

enter an ORDER, in the form attached, ruling that Movants' civil action in the United States

District Court for the Eastern District of Pennsylvania (Case No. 5:19-cv-03596) is not subject to

the Automatic Stay in the Bankruptcy Case of Sears, Roebuck & Co. and Sears Holdings

Corporation commenced in the United States Bankruptcy Court for the Southern District of New

York (Case No. 18-23538).

Respectfully submitted,

KEVIN M. BLAKE, ESQUIRE
SMITH MIRABELLA BLAKE
100 North 20th Street, Suite 303
Philadelphia, PA 19103
Phone: 215-422-4100
Email: kblake@smblawfirm.com
*Attorney for Movants*

14

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: SEARS, ROEBUCK & CO. and | : | Return Date: |
| SEARS HOLDINGS CORPORATION, | : | |
| *et al.* | : | Objections Due: |
| Debtor | : | |
| | : | Case No. 18-23538 (RDD) |
| | : | Chapter 11 |

---

### <u>CERTIFICATE OF SERVICE</u>

I, Kevin M. Blake, Esquire, hereby certify that I am this day serving the foregoing

document upon all counsel of record, *via electronic filing.*

**SMITH MIRABELLA BLAKE**

BY:   */s/ Kevin M. Blake*
    KEVIN M. BLAKE, ESQUIRE
    100 North 20th Street, Suite 302
    Philadelphia, PA 19103
    (215) 422-4100
    Email: kblake@smblawfirm.com
    *Attorney for Movants*

Dated: September 30, 2019

# EXHIBIT

# "A"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEOFF AND STACIE HESS, H/W, | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 19-3596 |
| | : | |
| v. | : | <u>JURY DEMAND</u> |
| | : | |
| SEARS HOLDINGS LLC D/B/A SEARS; SEARS, | : | |
| ROEBUCK & CO., D/B/A SEARS; AND SEARS | : | |
| HOLDINGS CORPORATION, D/B/A SEARS | : | |
| HOLDINGS, D/B/A SEARS, | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY</u>

PLEASE TAKE NOTICE that on October 15, 2018, (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") each commenced a voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*) (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered under Case No. 18-23538 (RDD) (the "**Bankruptcy Cases**"). A copy of the applicable [Debtor's/Debtors'] chapter 11 petitions is attached hereto as **Exhibit A**.

PLEASE BE ADVISED that pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"), the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement

of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."   11 U.S.C. § 362(a)(1), (3).    Accordingly, the above-captioned matter has been automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

PLEASE BE FURTHER ADVISED that any action taken against the Debtors without obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio* and may result in a finding of contempt for violation of the Automatic Stay.  The Debtors reserve and retain their statutory right to seek relief in the Bankruptcy Court from any action by Plaintiff(s) or any judgment, order, or ruling entered in violation of the Automatic Stay.

In the event the Court or any parties have questions regarding the Chapter 11 Cases, please contact counsel for the Debtors:

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310 8007
Ray C. Schrock P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

Dated: October 18, 2018

2

Respectfully submitted,

**LITCHFIELD CAVO LLP**

By:   /s/ Robert L. Sanzo
Robert L. Sanzo
PA Atty. Id. No. 70587
1515 Market Street, Suite 1220
Philadelphia, PA  19102
T: 215-999-5774

Attorneys for Defendants,
Sears, Roebuck and Co.
and Sears Holdings Corporation

Date:  August 28, 2019

3

## CERTIFICATE OF SERVICE

I, Robert L. Sanzo, Esquire, do hereby certify that I caused a true and correct copy of the Notice of Bankruptcy Filing and Imposition of Automatic Stay to be served via the Court's electronic filing system on the below listed counsel:

> Thomas A. Lynam, III, Esquire
> Leonard G. Villari, Esquire
> Villari, Lentz & Lynam, LLC
> 100 N. 20th Street, Suite 302
> Philadelphia, PA 19103
> *Counsel for Plaintiff*

> *Robert L. Sanzo*
> Attorneys for Defendants
> Sears Roebuck and Co. and
> Sears Holdings Corporation

Dated: August 28, 2019

## EXHIBIT A

## Chapter 11 Petition

**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (If known): _____ Chapter 11

☐ Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**                     Sears Holdings Corporation

2. **All other names debtor used in the last 8 years**     See Schedule 1

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**     20-1920798

4. **Debtor's address**

   Principal place of business

   3333         Beverly Road
   Number       Street

   Hoffman Estates   Illinois   60179
   City              State      ZIP Code

   Cook County
   County

   Mailing address, if different from principal place of business

   Number       Street

   P.O. Box

   City         State      ZIP Code

   Location of principal assets, if different from principal place of business

   Number       Street

   City         State      ZIP Code

5. **Debtor's website (URL)**        www.searsholdings.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Case ID: 180104847

Debtor    Sears Holdings Corporation                                    Case number (if known)
          Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above  Retail

B. *Check all that apply:*

☐ Tax-entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

SIC Code 5311 (NAICS Code 4521)

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| | District _____ | When _____ | Case number _____ |
| | | MM/ DD/ YYYY | |
| | District _____ | When _____ | Case number _____ |
| | | MM / DD/ YYYY | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| Debtor | See Schedule 2 | Relationship | See Schedule 2 |
| District | See Schedule 2 | When | See Schedule 2 |
| Case number, if known | _____ | | MM / DD/ YYYY |

Case ID: 180104847

Case 5:19-cv-03596-EGS   Document 6-1   Filed 08/28/19   Page 4 of 20

| Debtor | 18-23538   Doc 1   Filed 10/15/18   Entered 10/15/18 01:03:35   Main Document   Pg |
| | Sears Holdings Corporation                                        3 of 19 |
| | Name                                                    Case number (if known) |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?

| Number | Street |
| | |
| City | State | ZIP Code |

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,000-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,000-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Case ID: 180104847

| Debtor | 18-23538   Doc 1   Filed 10/15/18   Entered 10/15/18 01:03:35   Main Document   Pg | | |
|---|---|---|---|
| | Sears Holdings Corporation | | Case Number (if known) |
| | Name | 4 of 19 | |

---

| **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | ■ | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | ■ | I have been authorized to file this petition on behalf of the debtor. |
| | ■ | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on   October 15, 2018
             MM / DD / YYYY

✗   /s/ Mohsin Y. Meghji                              Mohsin Y. Meghji
    Signature of authorized representative of debtor    Printed name

    Chief Restructuring Officer
    Title

| 18. Signature of attorney | ✗ | /s/ Jacqueline Marcus                    Date   October 15, 2018 |
|---|---|---|

        Signature of attorney for debtor                        MM / DD / YYYY

        Jacqueline Marcus
        Printed Name

        Weil, Gotshal & Manges LLP
        Firm Name

        767 Fifth Avenue
        Number        Street

        New York                    New York            10153
        City                        State               ZIP Code

        (212) 310-8000              jacqueline.marcus@weil.com
        Contact phone               Email address

        1867746                     New York
        Bar Number                  State

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy                    Page 4

Case ID: 180104847

### Schedule 1

## All Other Names Used By the Debtor or Its Affiliates in the Last 8 Years

| | |
|---|---|
| A&E Factory Service | Kmart Pharmacies of Minnesota, Inc. |
| Accents for Less | Kmart Pharmacies, Inc. |
| American Siding & Deck, Inc. | Kmart Properties, Inc. |
| American Windows & Sash, Inc. | Kmart Stores of Indiana, Inc. |
| Appliance Liquidators | Kmart Stores of TNCP, Inc. |
| Austin Technology Center | KMI, Inc. |
| Bath and Kitchen Elegance | Koolvent Aluminum Products, Inc. |
| Bath and Kitchen Elegance of the Desert | Kresge - Kmart Limited |
| Big Beaver of Caguas Development Corporation | Little Caesars |
| Big Beaver of Caguas Development Corporation II | Max Acquisition Delaware Inc. |
| Big Kmart | McKids |
| Big Kmart (#3680) | McKids The Store |
| Central Wholesale Appliance Supply, Inc. | McPhail's Appliances |
| Chantell Marketing | MetaScale Technologies India Private Limited |
| Circle of Beauty Inc. | Monark |
| Delver | Monark Holdings Inc. |
| Delver.com | Monark of California |
| Designer Depot | Monark Premium Appliance Co. |
| Eblon Technologies India Private Limited | Monark Premium Appliance Co. of Arizona |
| Evoke Productions | Monark Premium Appliance Co. of California |
| FitStudio by Sears | MXSV, Inc. |
| Florida Builder Appliances, Inc. | NTB - National Tire and Battery |
| Garment Rack | NTB-National Tire & Battery |
| HDC Holding Company of Delaware, Inc. | PMB, Inc. |
| HO. Tampa Development Co. | Prairie Buck I, Inc. |
| HO. Tysons Office Investment Co. | Prairie Buck II, Inc. |
| ILJ, Inc. | Private Brands, Ltd. |
| JAP, Inc. | Relay LLC |
| KC Kelley Group | San Diego Appliance Sales |
| Kenmore Direct | Sears |
| Kids Stockroom | Sears #1284 |
| Kmart | Sears Acquisition Corp. |
| Kmart Acquisition Corp. | Sears Auto Center |
| Kmart Apparel Corp. | Sears Auto Center #6582 |
| Kmart Apparel Fashions Corp. | Sears Auto Centers |
| Kmart Apparel Leasing Corp. | Sears Carpet and Upholstery Care, Inc. |
| Kmart Apparel Service of Atlanta Corp. | Sears Essentials |
| Kmart Apparel Service of Des Plaines Corp. | Sears Grand |
| Kmart Apparel Service of Sunnyvale Corp. | Sears Grand #1673 |
| Kmart Corporation | Sears Holdings Management Corporation |
| Kmart Enterprises, Inc. | Sears Home Appliance Showrooms |
| Kmart Far East Limited | Sears Home Improvement Products (South), Inc. |
| Kmart Financing I | Sears Home Services |
| Kmart Global Sourcing Ltd. | Sears Home&Life |
| Kmart Holding Company | Sears Lessee Operations, LLC |
| Kmart Holdings, Inc. | Sears Logistics Services |
| Kmart Lessee Operations, LLC | Sears Logistics Services, Inc. |
| Kmart Management Corporation | Sears Merchandise Group |
| Kmart Michigan Property Services, L.L.C. | Sears Merchandise Group, Inc. |
| Kmart of Amsterdam, NY Distribution Center, Inc. | Sears New York Insurance Agency |
| Kmart of Pennsylvania LP | Sears Oklahoma Insurance Agency |

WEIL:\96070001\1\73217.0003

Schedule 1

## All Other Names Used By the Debtor or its Affiliates in the Last 8 Years

| | |
|---|---|
| Sears Protection Company Inc. | The Annexx Restaurant |
| Sears Protection Company, Inc. | The Great Indoors |
| Sears Technology Services LLC | Tire Property Holding, Inc. |
| Sears, Roebuck de Mexico, S.A. de C.V. | Tri-Valley Crossings |
| Sears, Wishbook, Inc. | Troy CMBS Property, L.L.C. |
| ServiceLive Direct | Westar Kitchen & Bath LLC |
| SHMC, Inc. | Westar Kitchen and Bath |
| Shop Your Way Local, LLC | Westar Kitchen and Bath, LLC |
| shopyourway.com | Western Bluelight.com LLC. |
| Sourcing and Technical Services, Inc. | WestStar Kitchen and Bath |
| SRC O.P. LLC | WestStar Kitchen and Bath LLC |
| SRC Real Estate (TX), LLC | Continental Carpet Cleaning, Inc. |
| Standards of Excellence | Sears Carpet and Upholstery Care, Inc. |
| Standards of Excellence Outlet Store | Print Procurement Company, LLC |
| Super K | Print Production Company, LLC |
| Super Kmart | Relay LLC |
| SUPER KMART CENTER | Shop Your Way Local, LLC |
| Super Kmart Center | Sears New York Insurance Agency |
| Texas Bluelight.com Inc. | Sears Oklahoma Insurance Agency |

Schedule 1                                                        Page 2

18-23538-shl    Doc 5264    Filed 09/30/19    Entered 09/30/19 15:27:28    Main Document
Pg 30 of 71

Case 5:19-cv-03596-EGS    Document 6-1    Filed 08/28/19    Page 8 of 20
18-23538    Doc 1    Filed 10/15/18    Entered 10/15/18 01:03:35    Main Document    Pg
7 of 19

## Schedule 2

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Sears Holdings Corporation.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Sears, Roebuck and Co. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Corporation | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Holding Corporation | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Operations LLC | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Operations LLC | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| ServiceLive, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Factory Service, LLC | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Home Delivery, LLC | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Lawn & Garden, LLC | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Signature Service, LLC | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| FBA Holdings Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Innovel Solutions, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Corporation | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| MaxServ, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Private Brands, Ltd. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Development Co. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Management Corporation | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home & Business Franchises, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home Improvement Products, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Insurance Services, L.L.C. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Procurement Services, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (PR) Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Roebuck Acceptance Corp. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears, Roebuck de Puerto Rico, Inc. | 18-_____( ) | October 15, 2018 | S.D.N.Y. | Pending |

WEIL:\96070001\1\73217.0003

Case ID: 180104847

Schedule 2

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| SYW Relay LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Wally Labs LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Big Beaver of Florida Development, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| California Builder Appliances, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Florida Builder Appliances, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| KBL Holding Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| KLC, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Michigan, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Washington LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Illinois LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Texas LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| MyGofer LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Business Unit Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Publishing Company, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (Florida), L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| SHC Desert Springs, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| SOE, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| StarWest, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| STI Merchandising, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Troy Coolidge No. 13, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| BlueLight.com, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands, L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Buying Services, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart.com LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Management Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |

WEIL:\96070001\1\73217.0003

Case ID: 180104847

**Fill in this information to identify the case:**

Debtor name: <u>Sears Holdings Corporation</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u>
<span style="font-size:small">(State)</span>

Case number (*if known*): _____

## Attachment to Voluntary Petition for
## Non-Individuals Filing for Bankruptcy under Chapter 11

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number <u>001-36693</u>.

The following financial data is the latest available information and refers to the debtor's condition on August 4, 2018.

| | |
|---|---|
| Total assets | <u>$6,937 billion</u> |
| Total debts (including debts listed in 2.c., below) | <u>$11,339 billion</u> |

Debt securities held by more than 500 holders:

| | | | | Approximate number of holder |
|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | $175 million in 6.625% 2L Notes (non-PIK) | Unknown |
| secured ☐ | unsecured ☒ | subordinated ☐ | $411 million in $8.00% Unsecured Notes (non-PIK) | Unknown |
| secured ☐ | unsecured ☒ | subordinated ☐ | $186 million in SRAC Unsecured Notes (non-PIK) | Unknown |

| | |
|---|---|
| Number of shares of preferred stock | <u>20 million shares authorized zero outstanding</u> |
| Number of shares common stock | <u>Approx. 108,750,000</u> |

Comments, if any:_____

*Brief description of debtor's business*:  Sears Holdings Corporation ("Holdings") is an integrated retailer with significant physical and intangible assets, as well as virtual capabilities enabled through technology. At August 4, 2018, Holdings operated a national network of retail stores with 866 full-line and specialty retail stores in the United States operating through Kmart and Sears. Further, Holdings operates a number of websites under the sears.com and kmart.com banners which offer millions of products and provide the capability for our members and customers to engage in cross-channel transactions such as free store pickup; buy in store/ship to home; and buy online, return in store.  Holdings is also the home of Shop Your Way®, a free membership program that connects its members to personalized products, programs and partners that help them save time and money every day. Through an extensive network of national and local partners, members can shop thousands of their favorite brands, dine out and access an array of exclusive partners like Uber® and fuboTV® to earn CASHBACK in points to redeem for savings on future purchases at Sears, Kmart, Lands' End and at ShopYourWay.com. The Sears MasterCard with Shop Your Way® features an industry-leading 5-3-2-1 rewards offer, where members can earn rewards points on all purchases everywhere they shop.  Holdings is a leading home appliance retailer, as well as a leader in tools, lawn and garden, fitness equipment, automotive repair and maintenance, and is a significant player in the rapidly emerging connected solutions market.  Holdings offers key proprietary brands including Kenmore® and DieHard®, as well as Craftsman® branded product offerings. Holdings' Kenmore and DieHard brands are also now available on Amazon.com. Holdings also maintains a broad apparel and home offering including such well-known labels as

Jaclyn Smith®, Joe Boxer®, Route 66®, Cannon®, Adam Levine® and Levi's® and also offers Lands' End® merchandise in some of our Full-line stores. Holdings is the nation's No. 1 provider of appliance and product repair services, with over five million service calls made annually.

List the names of any person who directly or indirectly owns controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

ESL Investments, Inc. and its affiliates; and Fairholme Capital Management and its affiliates

WEIL:\98070001\1\73217.0003

Case ID: 180104847

## PROPOSED RESOLUTIONS OF
## THE BOARD OF DIRECTORS OF
## SEARS HOLDINGS CORPORATION

WHEREAS, the board of directors (the "Board") of Sears Holdings Corporation (the "Company") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Board has reviewed, considered, and had the opportunity to ask questions about the Chapter 11 Case and Chapter 11 Filings (each as defined below) and the DIP ABL Term Sheet (as defined below).

**Chapter 11 Filing**

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code; and be it further

RESOLVED, that any officer of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file and perform, in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "Chapter 11 Case") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such

acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**Debtor-in-Possession Financing**

RESOLVED, that in connection with the Chapter 11 Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest to enter into and obtain loans and consummate the transactions under that certain senior secured superpriority priming debtor-in-possession asset-based credit facility in an aggregate principal amount of $1.875 billion (the "DIP ABL Loan"), representing an increase of $300 million from the existing facility, on terms set forth on the term sheet attached hereto as Exhibit A (the "DIP ABL Term Sheet"). The DIP ABL Loan, will be evidenced by such Term Sheet, and upon entry of the final order approving, among other things, the Company's entry into the DIP ABL Loan, a senior secured superpriority priming debtor-in-possession asset-based credit agreement, in each case to be entered into by and among, Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart", together with SRAC, the "DIP ABL Borrowers"), and Holdings and the other Loan Parties (as defined in the DIP ABL Term Sheet (other than the DIP ABL Borrowers) as guarantors (the "Guarantors"), the lenders from time to time party thereto (the "DIP ABL Lenders"), and Bank of America, N.A., as administrative agent for the DIP ABL Lenders (in such capacity and together with its successors, the "DIP ABL Agent") (together with the Exhibits and Schedules annexed thereto, the "DIP ABL Loan Credit Agreement" and together with the DIP Loan Documents (as defined in the Dip ABL Loan Term Sheet), the "DIP ABL Financing Documents"), in each case subject to approval of the United States Bankruptcy Court for the Southern District of New York which is necessary and appropriate to the conduct of the business of the Company; and be it further

RESOLVED, that the form, terms and provisions of (i) the DIP ABL Term Sheet, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially consistent with the DIP ABL Term Sheet, which has been presented to the Board and (ii) any and all of the other documents, agreements (including the DIP ABL Credit Agreement and the other DIP Loan Documents), including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP ABL Loan and the performance of obligations thereunder, including the borrowings, guarantees, granting of security and pledging of collateral contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP ABL Term Sheet and DIP ABL Credit Agreement, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP ABL Agent or required by the DIP ABL Term Sheet, including the DIP ABL Credit Agreement; and be it further

RESOLVED, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP ABL Financing Documents including the borrowing and reborrowing of loans, guaranteeing of

Case ID: 180104847

obligations of the Borrowers, granting of security thereunder and the pledging of collateral; and be it further

RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP ABL Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the respective lenders and agents under the DIP ABL Financing Documents, and to authorize, execute, verify, file and/or deliver to the DIP ABL Agent, on behalf of the Company, all agreements, documents and instruments required by the respective lenders and agents under the DIP ABL Financing Documents in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person, in connection with the DIP Financing, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of the Company as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP ABL Term Sheet, DIP ABL Credit Agreement or any of the other DIP ABL Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP ABL Term Sheet, the DIP ABL Credit Agreement and/or any of the DIP ABL Financing Documents, in each case consistent with the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

Retention of Advisors

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of M-III Advisory Partners, LP, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Lazard Freres & Company, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of DLA Piper LLP, located at 500 Eighth Street, NW, Washington, DC 20004, is hereby retained to provide the Company with additional real estate and advisory services in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Prime Clerk, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case.

**Dissolution of Committees**

WHEREAS, in light of the role and responsibilities of the Restructuring Committee in connection with the Chapter 11 Case, the functions of the Related Person Transactions Subcommittee of the Audit Committee of the Board (the "RPT Committee"), the Real Estate Transactions Subcommittee of the Audit Committee of the Board (the "RE Transactions Committee"), the Strategic Planning Committee of the Board (the "Strategic Planning Committee"), and the Special Committee of the Board (the "Special Committee") are no longer necessary.

NOW, THEREFORE, BE IT RESOLVED, that each of the RPT Committee, RE Transactions Committee, the Strategic Planning Committee and the Special Committee is hereby dissolved.

**Ratification**

RESOLVED, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**General Authorization**

RESOLVED, FURTHER, that the Authorized Persons, each of whom may act

without the joinder of any of the others, be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Corporation, to take or cause to be taken all such further actions, including without limitation, negotiating, signing, executing, acknowledging, certifying, attesting, delivering, accepting, recording and filing (with such changes as such Authorized Person shall approve, the execution and delivery thereof or the taking of such other action to be conclusive evidence of such approval) the Chapter 11 Case, the Chapter 11 Filings, the DIP ABL Credit Agreement and the retention of advisors and all such further documents, agreements, certificates and instruments and paying all fees, taxes and other expenses or payments, in each case as such Authorized Person, in such Authorized Person's sole discretion, may determine to be necessary, appropriate or desirable in order to fulfill the intent and accomplish the purposes of the foregoing resolution, such determination to be conclusively evidenced by the taking of any such further action; and

RESOLVED, FURTHER, that any actions taken by any Authorized Person, for or on behalf of the Corporation, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Corporation.

**Fill in this information to identify the case:**

Debtor name: Sears Holdings Corporation

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Pension Benefit Guaranty Corporation Attn.: Office of the Chief Counsel 1200 K Street, N.W., Suite 300 Washington District of Columbia 20005 | Attn.: Office of the Chief Counsel Phone: 202-326-4110 Facsimile: 202-326-4114 | Pension Benefits | | | | Unknown |
| 2 | SRAC Medium Term Notes c/o BNY Midwest Trust Company Attn.: President or General Counsel 101 Barclay St., Floor 8W, New York, New York 10286 | Attn.: President or General Counsel Phone: 312-294-5200 Facsimile: Email: | Unsecured Notes | | | | $2,311,800,000.00 |
| 3 | Holdings Unsecured Notes (8.00%) c/o Computershare Trust Company, N.A. Attn.: President or General Counsel 250 Royal Street Canton, Massachusetts 02021 | Attn.: President or General Counsel Phone: 781-575-2000 Facsimile: 781-575-4210 Email: | Unsecured Notes | | | | $411,000,000.00 |
| 4 | Holdings Unsecured PIK Notes (8.00%) c/o Computershare Trust Company, N.A. Attn.: President or General Counsel 250 Royal Street Canton, Massachusetts 02021 | Attn.: President or General Counsel Phone: 781-575-2000 Facsimile: 781-575-4210 Email: | Unsecured Notes | | | | $222,600,000.00 |
| 5 | SRAC Unsecured Notes c/o The Chase Manhattan Bank, N.A. Attn.: Corporate Trust Department 4 Chase MetroTech Center, 3rd Floor Brooklyn, New York 11245 | Attn.: Corporate Trust Department Phone: Facsimile: Email: | Unsecured Notes | | | | $185,600,000.00 |
| 6 | SRAC Unsecured PIK Notes c/o BNY Midwest Trust Company Attn.: President or General Counsel 101 Barclay Street, Floor 8W New York, New York 10286 | Attn.: President or General Counsel Phone: 312-294-5200 Facsimile: Email: | Unsecured Notes | | | | $107,900,000.00 |

Case ID: 180104847

| Debtor | Sears Holdings Corporation | | | | |
|---|---|---|---|---|---|
| | Name | | | Case number (if known) | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Whirlpool Corporation Attn.: President or General Counsel 2000 North M-63 Benton Harbor, Michigan 49022 | Attn.: President or General Counsel Phone: 269-923-5000 Facsimile: 269-923-3722 Email: | Trade Payable | | | | $23,409,729.00 |
| 8 | Frigidaire Company c/o Electrolux Attn.: President or General Counsel P.O. Box 2638 Carol Stream, Illinois 60132-2638 | Attn.: President or General Counsel Phone: 786-588-6400 Facsimile: Email: | Trade Payable | | | | $18,617,186.00 |
| 9 | Winia Daewoo Electronics America Attn.: President or General Counsel 65 Challenger Road, Suite 360 Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel Phone: 877-393-7823 Facsimile: Email: | Trade Payable | | | | $15,180,156.00 |
| 10 | Cardinal Health Attn.: President or General Counsel 7000 Cardinal Place Dublin, Ohio 43017 | Attn.: President or General Counsel Phone: 614-757-5000 Facsimile: Email: | Trade Payable | | | | $13,877,913.00 |
| 11 | Icon Health and Fitness Inc. Attn.: President or General Counsel 1500 South 1000 West Logan, Utah 84321 | Attn.: President or General Counsel Phone: 877-993-7999 Facsimile: 435-750-5238 Email: | Trade Payable | | | | $12,102,200.00 |
| 12 | HK Greatstar Int'l Co. Ltd. Attn.: President or General Counsel Rm 35, 4/F., Po Yip Building 23 Hing Yip Street, Kwun Tong, Kowloon, Hong Kong | Attn.: President or General Counsel Phone: 852 2110 4002 Facsimile: 852 3585 6687 Email: | Trade Payable | | | | $10,354,683.00 |
| 13 | Samsung Electronics America HA Attn.: President or General Counsel 85 Challenger Road, 7th Floor Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel Phone: 201-229-4000 Facsimile: 201-229-4029 Email: | Trade Payable | | | | $8,054,247.00 |
| 14 | Apex Tool International LLC Attn.: President or General Counsel 910 Ridgebrook Road, Suite 200 Sparks, Maryland 21152 | Attn.: President or General Counsel Phone: 410-773-7800 Facsimile: 800-234-0472 Email: | Trade Payable | | | | $6,605,582.00 |
| 15 | Black & Decker US Inc. c/o Stanley Black & Decker Attn.: President or General Counsel 1000 Stanley Drive New Britain, Connecticut 06053 | Attn.: President or General Counsel Phone: Facsimile: Email: | Trade Payable | | | | $5,893,734.00 |
| 16 | Eastern Prime Textile Limited Attn.: President or General Counsel Unit F10/F, King Win FTY Building No. 65-67 King Yip Street, Kwun Tong, Kowloon, Hong Kong | Attn.: President or General Counsel Phone: 852 21918293 Facsimile: 852 27989353 Email: | Trade Payable | | | | $5,761,992.00 |
| 17 | Winners Industry Company Limited Attn.: President or General Counsel Unit A, Wah Lung Building 49-53 Wang Lung Street, Tsuen wan, New Territories, Hong Kong | Attn.: President or General Counsel Phone: 86 769 83213199 Facsimile: 86 769 83213177 Email: | Trade Payable | | | | $5,359,201.00 |

Official Form 204              List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders              Page 2

| Debtor | Sears Holdings Corporation | | | | Case number (if known) | | | |
|---|---|---|---|---|---|---|---|---|
| | Name | | | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Tata Consultancy Services Ltd. Attn.: President or General Counsel 379 Thornal Street, 4th Floor Edison, New Jersey 08837 | Attn.: President or General Counsel Phone: 732-590-2600 Facsimile: Email: | Trade Payable | | | | $5,333,545.00 |
| 19 | Active Media Services Inc. Attn.: President or General Counsel 1 Blue Hill Plaza Pearl River, New York 10965 | Attn.: President or General Counsel Phone: 845-735-1700 Facsimile: 845-735-0717 Email: | Trade Payable | | | | $5,192,874.00 |
| 20 | Automotive Rentals Inc. Attn.: President or General Counsel 4001 Leadenhall Road Mount Laurel, New Jersey 08054-4611 | Attn.: President or General Counsel Phone: Facsimile: Email: | Trade Payable | | | | $4,830,313.00 |

WEIL:\06070001\1\73217.0003

Case ID: 180104847

18-23538-shl    Doc 5264    Filed 09/30/19    Entered 09/30/19 15:27:28    Main Document
Pg 42 of 71

Case 5:19-cv-03596-EGS    Document 6-1    Filed 08/28/19    Page 20 of 20
18-23538    Doc 1    Filed 10/15/18    Entered 10/15/18 01:03:35    Main Document    Pg
19 of 19

**Fill in this information to identify the case:**

Debtor name: Sears Holdings Corporation

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  October 15, 2018          X  /s/ Mohsin Y. Meghji
      MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                   Mohsin Y. Meghji
                                   Printed name

                                   Chief Restructuring Officer
                                   Position or relationship to debtor

WEIL:\96070001\1\73217.0003

Case ID: 180104847

# EXHIBIT

# "B"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **JULY 2019** |
| | E-Filing Number: 1907011015 |
| | **000911** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GEOFF HESS | SEARS HOLDINGS LLC, ALIAS: D/B/A SEARS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 288 COLLEGE AVENUE MOUNTVILLE PA 17554 | 490 MARKLE STREET PHILADELPHIA PA 19128 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STACIE HESS | SEARS, ROEBUCK & CO., ALIAS: D/B/A SEARS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 288 COLLEGE AVENUE MOUNTVILLE PA 17554 | 3333 BEVERLY ROAD HOFFMAN ESTATES IL 60179 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SEARS HOLDINGS CORPORATION, ALIAS: D/B/A SEARS HOLDINGS D/B/A SEARS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 3333 BEVERLY ROAD HOFFMAN ESTATES IL 60179 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal ☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** JUL **09** 2019 E. FEDER | IS CASE SUBJECT TO COORDINATION ORDER? YES        NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GEOFF HESS , STACIE HESS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS A. LYNAM | VILLARI LENTZ & LYNAM LLC 100 N 20TH ST SUITE 302 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)568-1990 | (215)568-9920 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 83817 | tlynam@vll-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| THOMAS LYNAM | Tuesday, July 09, 2019, 10:08 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**VILLARI, LENTZ & LYNAM, LLC**
By: Thomas A. Lynam, III, Esquire
    Leonard G. Villari, Esquire
Attorney I.D. Nos. 83817/68844
100 N. 20th Street, Ste. 302
Philadelphia, PA 19103
215-568-1990
215-568-9920 FAX
tlynam@vll-law.com - lgvillari@aol.com

This is a Major Jury Case
Assessment of Damages
Hearing Required

Attorneys for Plaintiffs

| | | |
|---|---|---|
| GEOFF AND STACIE HESS, H/W<br>288 College Avenue<br>Mountville, PA 17554 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | |
| | : | CIVIL ACTION |
| *Plaintiffs,* | : | |
| | : | JULY TERM, 2019 |
| v. | : | |
| | : | |
| SEARS HOLDINGS LLC D/B/A SEARS<br>490 Markle Street<br>Philadelphia, PA 19128 | : | NO.: |
| | : | |
| and | : | |
| | : | |
| SEARS, ROEBUCK & CO. D/B/A SEARS<br>3333 Beverly Road<br>Hoffman Estates, Illinois, 60179 | : | |
| | : | |
| and | : | |
| | : | |
| SEARS HOLDINGS CORPORATION D/B/A<br>SEARS HOLDINGS D/B/A SEARS<br>3333 Beverly Road<br>Hoffman Estates, Illinois, 60179 | : | |
| | : | |
| *Defendants.* | : | |

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend Against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado yentregar a la corte en forma escrita sus defensas o sus objections a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar lademanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require

Case ID: 190700911

money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER
AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT
AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET
FORTH BELOW TO FIND OUT WHERE YOU CAN GET
LEGAL HELP.

**LAWYER REFERENCE SERVICE**
**1101 Market Street - 11ᵗʰ Floor**
**Philadelphia, Pennsylvania 19107**
**215-238-6333**

que usted cumpla con Todas las provisiones de esta
demanda. Usted puede perder dinero o sus propiedades
u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.
SI NO TIENE ABOGADO O SINO TIENE ELDINERO SUFICIENTE
DE PAGAR TAL SER ICO, VAYA EN PERSONA O LLAME POR
A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA
ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.

**SERVICIO DE REFERENCIA LEGAL**
**1101 Market Street - 11ᵗʰ Floor**
**Filadelfia, Pennsylvania 19107**
**215-238-6333**

Case ID: 190700911

**VILLARI, LENTZ & LYNAM, LLC**
By: Thomas A. Lynam, III, Esquire
      Leonard G. Villari, Esquire
Attorney I.D. Nos. 83817/68844
100 N. 20th Street, Ste. 302
Philadelphia, PA 19103
215-568-1990
215-568-9920 FAX
tlynam@vll-law.com–lgvillari@aol.com

This is a Major Jury Case
**Assessment of Damages**
**Hearing Required**



Attorneys for Plaintiffs

| | | |
|---|---|---|
| GEOFF AND STACIE HESS, H/W | : | COURT OF COMMON PLEAS |
| 288 College Avenue | : | PHILADELPHIA COUNTY |
| Mountville, PA 17554 | : | |
| | : | CIVIL ACTION |
| *Plaintiffs,* | : | |
| | : | JULY TERM, 2019 |
| v. | : | |
| | : | NO.: |
| SEARS HOLDINGS LLC D/B/A SEARS | : | |
| 490 Markle Street | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| and | : | |
| | : | |
| SEARS, ROEBUCK & CO. D/B/A SEARS | : | |
| 3333 Beverly Road | : | |
| Hoffman Estates, Illinois, 60179 | : | |
| | : | |
| and | : | |
| | : | |
| SEARS HOLDINGS CORPORATION D/B/A | : | |
| SEARS HOLDINGS D/B/A SEARS | : | |
| 3333 Beverly Road | : | |
| Hoffman Estates, Illinois, 60179 | : | |
| | : | |
| *Defendants.* | : | |

## CIVIL ACTION COMPLAINT

Plaintiffs, Geoff and Stacie Hess, by and through their undersigned attorneys, Villari, Lentz

& Lynam, LLC, say by way of Complaint against Defendants, as follows:

1.     Plaintiffs, Geoff and Stacie Hess, are adult individuals, *sui juris*, residing at 288

College Avenue, Mountville, Pennsylvania, 17554.

3

2.     Defendant Sears Holdings LLC is a Pennsylvania limited liability company with a principal place of business at the address set forth above. At all times material hereto, this Defendant distributed and sold Craftsman power tools at Sears retail stores throughout Pennsylvania, including the Product that injured Plaintiff Mr. Hess, as set forth below. At all relevant times, this Defendant regularly and continuously conducted business in Pennsylvania and the County of Philadelphia.

3.     Defendant Sears Roebuck & Company is a foreign corporation with a principal place of business at the address set forth above. At all times material hereto, this Defendant distributed and sold Craftsman power tools at Sears retail stores throughout Pennsylvania, including the Product that injured Plaintiff Mr. Hess, as set forth below. At all relevant times, this Defendant regularly and continuously conducted business in Pennsylvania and the County of Philadelphia. It is a wholly owned subsidiary of its co-Defendant, Sears Holdings Corporation.

4.     Defendant Sears Holdings Corporation, a Delaware corporation with a principal place of business at the address set forth above, is the parent company of Sears, Roebuck & Company. Defendants operate a national network of retail stores and websites and offer Craftsman brand tools as part of their retail operation.

5.     At all times material hereto, Defendants conducted a regular course of business dealings in and throughout the Commonwealth of Pennsylvania, and, more specifically, in the County of Philadelphia, including operation of a Sears outlet store at 1357 Franklin Mills Circle, Philadelphia, Pennsylvania, in which tools were sold.

6.     At all times material hereto, Defendants acted by and through their duly authorized agents, ostensible agents, work persons, servants and employees, all of whom were working in furtherance of Defendants' business interests.

4

7.     At all times material hereto, Defendants, as principals, were vicariously liable for the acts and omissions of their agents, ostensible agents, servants, work persons, and employees.

8.     The defective and dangerous product that partially amputated the right hand of Plaintiff Geoff Hess was a Craftsman brand 10-inch portable table saw, model number 137.415030 bearing serial number RTV1100 [hereinafter the Product].

9.     The Product was distributed, sold, and placed into the stream of commerce in the Commonwealth of Pennsylvania by Defendants, who sold the Product at one of its Pennsylvania stores.

10.     The Product's saw sits on a stand made of metal bars that collapse into a hand truck design for storage and portability.

11.     The Product was manufactured in or around 2015-2016 by Rexon and sold to Defendants in Pennsylvania, who in turn sold it to a retail customer in Pennsylvania.

12.     The Product was recalled on or about March 7, 2017, unbeknownst to Plaintiff, who had received the Product as a gift in December 2016.

13.     According to the United States Consumer Product Safety Commission's website, the Product was recalled because its stand "can collapse unexpectedly, posing laceration and impact injury hazards to the operator."

14.     The Product was not modified in any way by Plaintiffs or others.

15.     The Product's condition on the day of the injury was substantially similar to its condition when it left Defendants' control.

## THE INCIDENT

16.     On February 11, 2019, Plaintiff Mr. Hess was using the Product for its intended and foreseeable use, to cut a 2' x 3' x 1/8" piece of plywood at his home in Mountville.

Case ID: 190700911

17.    Suddenly and without warning, the stand collapsed and the blade moved laterally across Plaintiff's right (dominant) hand as it dropped, severing his ring and pinky finger.

18.    At the time of the accident, Mr. Hess was thirty (30) years old and was the sole financial supporter of his family.

19.    This accident could not have occurred but for the defects inherent in the design of the Product, of which Defendants were fully aware.

### COUNT I – STRICT LIABILITY
### PLAINTIFFS v. DEFENDANTS

20.    Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

21.    Defendants are strictly liable in tort to Plaintiff pursuant to § 402(A) of the Restatement (Second) of Torts, as adopted by the Courts of this Commonwealth as a distributor/seller of the defective Product.

22.    The Product that injured Plaintiff was defective and dangerous.

23.    The Product that injured Plaintiff reached its users without substantial change from the condition it was in when it left the control of Defendants.

24.    The Product that injured Plaintiff left the control of Defendants while lacking elements necessary to make it safe for its intended use.

25.    As of the date of Plaintiff's injuries, there were numerous technically and economically feasible alternative designs available to make the Product safe for its intended use.

26.    As of the date of Plaintiff's injuries, the technically and economically feasible alternative designs available were effective.

27.    The Product that injured Plaintiff was defective in that it:

6

Case ID: 190700911

a.   Failed to contain a secure stand that would not unexpectedly and unintentionally collapse;

b.   Failed to contain a secure stand that would not collapse;

c.   Failed to contain an adequate locking mechanism to keep the stand upright and to prevent unintentional collapse;

d.   Contained unnecessarily large holes in the locking mechanism which created slack that resulted in a lack of "locking" that led to sudden and unintended collapse upon application of pressure;

e.   Lacked a proper warning to make users aware of the risk posed by the unsteady and insecure stand;

f.   Lacked proper instructions for the use of the stand's locking mechanism;

g.   Failed to contain all elements necessary to make the Product safe for its intended use;

h.   Failed to warn of the risk of hazards associated with the use of the Product;

i.   Failed to contain appropriate guards or devices to prevent or minimize injury to users and operators;

j.   Contained a defective locking mechanism;

k.   Violated applicable industry standards by failing to contain a secure and stable stand;

l.   Violated applicable industry standards by lacking the elements to stop sudden collapse of the table saw; and

m.   Such other negligence, defects, and/or wrong doing as shall be established through discovery and/or at trial.

28.   The danger presented by the Product is unknowable and unacceptable to the average or ordinary consumer.

29.   Pursuant to <u>Tincher v. Omega Flex, Inc.</u>, 104 A.3d 328 (Pa. 2014), Plaintiff avers that the Product is defective under the consumer expectations test in that the reasonable consumer would reasonably expect that the table saw would not collapse while the Product is in use.

Case ID: 190700911

30.     Pursuant to <u>Tincher v. Omega Flex, Inc.</u>, 104 A.3d 328 (Pa. 2014), Plaintiff avers that the Product is defective under the risk-utility test in that the product exposes users to unnecessary risks that can be mitigated or completely eliminated by financially insignificant and feasible, effective design alternatives.

31.     As a direct and proximate result of the above-described incident, Mr. Hess has suffered injuries which are serious and permanent in nature, including but not limited to: mutilation of his right hand and fingers; amputation of right ring and pinky fingers; osteoplasty; extensive soft tissue injury; risk of infection; severe physical pain; hypersensitivity; permanent nerve damage; permanent scarring and disfigurement; swelling; contusions; abrasions; decreased range of motion; weakness; loss of strength; numbness; tingling; tenderness; mental anguish and anxiety; humiliation; inability to fall asleep; interrupted sleep; aggravation and/or exacerbation of all known and unknown pre-existing medical conditions; loss of use of dominant hand; and a severe shock to the entire nervous system and other injuries, the full extent of which is not yet known.

32.     As a direct and proximate result of the above-described incident, Mr. Hess has been, and may in the future be, required to undergo significant medical care, surgery, evaluation, therapy, treatment, costly medications and invasive and painful medical procedures in an effort to cure his injuries.

33.     As a direct and proximate result of the above-described incident, Mr. Hess has suffered, and will in the future suffer, an inability to perform his usual and daily duties, labors, occupations and avocations.

34.     As a direct and proximate result of the above-described incident, Mr. Hess has been, and may in the future be, required to expend various and diverse sums of money in an effort to cure his injuries.

Case ID: 190700911

35.     As a direct and proximate result of the above-described incident, Mr. Hess has suffered, and will in the future suffer, a loss of leisure time and a loss of life's pleasures.

36.     As a direct and proximate result of the above-described incident, Mr. Hess has suffered, and will in the future suffer, a loss of earnings and future earning capacity.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with delay damages, interest, costs, and such other just and equitable relief as this Court deems proper.

### COUNT II – NEGLIGENCE
### PLAINTIFFS v. DEFENDANTS

37.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein at length.

38.     The incident at issue was caused by the negligent and careless conduct of Defendants, acting by and through its employees, agents, ostensible agents, servants and work persons, and consisted, *inter alia*, of distributing and selling a defectively designed Product that:

a.     Failed to contain a secure stand that would not unexpectedly and unintentionally collapse;

b.     Failed to contain a secure stand that would not collapse;

c.     Failed to contain an adequate locking mechanism to keep the stand upright and to prevent unintentional collapse;

d.     Contained unnecessarily large holes in the locking mechanism which created slack that resulted in a lack of "locking" that led to sudden and unintended collapse upon application of pressure;

e.     Lacked a proper warning to make users aware of the risk posed by the unsteady and insecure stand;

f.     Lacked proper instructions for the use of the stand's locking mechanism;

g.     Failed to contain all elements necessary to make the Product safe for its intended use;

9

Case ID: 190700911

h.   Failed to warn of the risk of hazards associated with the use of the Product;

i.   Failed to contain appropriate guards or devices to prevent or minimize injury to users and operators;

j.   Had a defective locking mechanism;

k.   Violated applicable industry standards by failing to contain a secure and stable stand;

l.   Violated applicable industry standards by lacking the elements to stop sudden collapse of the table saw; and

m.   Such other negligence or wrong doing as shall be established through discovery and/or at trial.

39.   As a direct and proximate result of the negligence and carelessness of Defendants, Mr. Hess has suffered injuries which are serious and permanent in nature, including but not limited to: mutilation of his right hand and fingers; amputation of the right ring and pinky fingers; osteoplasty; extensive soft tissue injury; risk of infection; severe physical pain; hypersensitivity; permanent nerve damage; permanent scarring and disfigurement; swelling; contusions; abrasions; decreased range of motion; weakness; loss of strength; numbness; tingling; tenderness; mental anguish and anxiety; humiliation; inability to fall asleep; interrupted sleep; loss of use of dominant hand; aggravation and/or exacerbation of all known and unknown pre-existing medical conditions; and a severe shock to the entire nervous system and other injuries, the full extent of which is not yet known.

40.   As a direct and proximate result of the above-described incident, Mr. Hess has been, and may in the future be, required to undergo significant medical care, surgery, evaluation, therapy, treatment, costly medications and invasive and painful medical procedures in an effort to cure his injuries.

Case ID: 190700911

41.     As a direct and proximate result of the above-described incident, Mr. Hess has

suffered, and will in the future suffer, an inability to perform his usual and daily duties, labors,

occupations and avocations.

42.     As a direct and proximate result of the above-described incident, Mr. Hess has been,

and may in the future be, required to expend various and diverse sums of money in an effort to

cure his injuries.

43.     As a direct and proximate result of the above-described incident, Mr. Hess has

suffered, and will in the future suffer, a loss of leisure time and a loss of life's pleasures.

44.     As a direct and proximate result of the above-described incident, Mr. Hess has

suffered, and will in the future suffer, a loss of earnings and future earning capacity.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount in excess

of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest,

costs, and such other just and equitable relief as this Court deems proper.

## COUNT III – LOSS OF CONSORTIUM
## PLAINTIFF STACIE HESS v. DEFENDANTS

45.     Plaintiff Mrs. Hess hereby incorporates by reference the preceding paragraphs as

though fully set forth herein at length.

46.     Plaintiff has lost the usual support, society, comfort, and economic support of her

husband as a direct result of the negligence and carelessness of Defendants, and has been and may

continue to be deprived of the consortium, assistance, companionship, and useful services of her

husband, has been required to provide special services and care for him, and has in the past, is

presently, and will in the future be caused to expend sums of money for medical treatment for him,

all of which may continue for an indefinite time into the future and all of which has been to her

financial detriment and loss.

11

Case ID: 190700911

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with delay damages, interest, costs, and such other just and equitable relief as this Court deems proper.

**VILLARI, LENTZ & LYNAM, LLC**

BY:  _/s/ Thomas A. Lynam, III_
        THOMAS A. LYNAM, III, ESQUIRE
        LEONARD G. VILLARI, ESQUIRE
        Attorneys for Plaintiffs

Dated:  July 8, 2019

12

Case ID: 190700911

# EXHIBIT

## "C"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEOFF AND STACIE HESS, H/W, | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. |
| | : | |
| v. | : | JURY DEMAND |
| | : | |
| SEARS HOLDINGS LLC D/B/A SEARS; SEARS, | : | |
| ROEBUCK & CO., D/B/A SEARS; AND SEARS | : | |
| HOLDINGS CORPORATION, D/B/A SEARS | : | |
| HOLDINGS, D/B/A SEARS, | : | |
| | : | |
| Defendants | : | |

### NOTICE OF REMOVAL

Defendants, Sears, Roebuck and Co. and Sears Holdings Corporation invoke the

diversity jurisdiction of this Court on the following grounds:

1.      On July 9, 2019 plaintiffs, Geoff and Stacie Hess filed a complaint in the

Court of Common Pleas of Philadelphia County, in which Sears, Roebuck and Co., Sears

Holdings Corporation are the named defendants. "Sears Holdings LLC d/b/a Sears" is not a jural

entity. A copy of the complaint with service letter are attached collectively as Exhibit A.

2.      The complaint could not have been served on either defendant prior to

July 9, 2019, the date the complaint was filed. Therefore, the period of time for removal has not

yet expired.

3.      This is an action of a civil nature. The complaint demands money damages

for personal injuries allegedly caused by a 10 inch portable table saw, sold by Sears, Roebuck

and Co.

4.    The amount in controversy is in excess of $75,000. The complaint alleges

that on February 11, 2019 plaintiff Geoff Hess was using the 10 inch portable table saw when the

stand collapsed and the blade severed two fingers from his right dominant hand. (Exhibit A,

¶17). The complaint further alleges that the incident in question caused the mutilation of

plaintiff's right hand and fingers, the need for bone grafting, permanent nerve damage, scarring

and other damages as listed in the complaint. (Exhibit A, ¶31). Moreover, the complaint seeks

damages in an amount of money in excess of the $50,000 Philadelphia County compulsory

arbitration limit.

5.    Based on the averments contained in the complaint, it cannot be shown to

a legal certainty that the jurisdictional amount cannot be recovered, thus diversity jurisdiction

exists. In *Frederico v. Home Depot*, 507 F.3d 188, 195 – 197 (3rd Cir. 2007), the complaint was

filed in state court and removed to federal court. The complaint did not state an exact sum

sought. *Id*. at 197. The Third Circuit explained that where the plaintiff limits her claim to avoid

federal jurisdiction, "the party wishing to establish subject jurisdiction has the burden to prove to

a legal certainty that the amount in controversy exceeds the statutory threshold." *Id*. at 195.

However, where the complaint does not specifically aver that the amount in controversy is less

than the jurisdictional minimum, "the *challenger* to subject matter jurisdiction had to prove to a

legal certainty, that the amount in controversy *could not exceed* the statutory threshold." *Id*. at

195 – 198. (Emphasis in original). *See also, Denicola v. Progressive Direct Insurance*

*Company*, 2009 WL 1684640 (M.D. Pa) (Denying motion for remand, stating that where the

complaint does not limit the amount in controversy below the jurisdictional threshold, the case

must be remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000).

6.    Plaintiffs Geoff and Stacie Hess are now and were at the commencement of this action, citizens of the Commonwealth of Pennsylvania.

7.    Defendant, Sears, Roebuck and Co., is now and was at the commencement of this action, incorporated under the laws of the state of New York and maintains its principal place of business in the State of Illinois.

8.    Defendant Sears Holdings Corporation is now and was at the commencement of this action, incorporated under the laws of the state of Delaware and maintains its principal place of business in the State of Illinois.

9.    "Sears Holdings LLC d/b/a Sears" is not a jural entity.

10.    This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to 28 U.S.C. §1441, et seq.

11.    This Notice is filed within the time for removal set forth in 28 U.S.C. §1446(b).

12.    Written Notice of Removal has been given to opposing counsel and all unrepresented parties as required by 28 U.S.C. §1446(b).

13.    A true and correct copy of this Notice will be promptly filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

14.    A true and correct copy of the docket, all process, pleadings, and orders served upon defendant in this action are attached.

WHEREFORE, defendants, Sears, Roebuck and Co. and Sears Holdings Corporation effect removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Litchfield Cavo LLP

By: _____

Robert L. Sanzo, Esquire
Attorneys for Defendants,
Sears, Roebuck and Co.
Sears Holdings Corporation

Dated: August 6, 2019

# CERTIFICATE OF SERVICE

I, Robert L. Sanzo, Esquire, do hereby certify that I have served a true and correct copy of the Notice of Removal, upon all counsel and unrepresented parties of record by United States Postal Service First Class Mail, postage prepaid, as follows:

Thomas A. Lynam, III, Esquire
Leonard G. Villari, Esquire
Villari, Lentz & Lynam, LLC
100 N. 20th Street, Suite 302
Philadelphia, PA  19103

_____
Robert L. Sanzo, Esquire
Attorneys for Defendants,
Sears, Roebuck and Co and
Sears Holdings Corporation

Dated: August 6, 2019

# EXHIBIT

# "D"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEOFF AND STACIE HESS, H/W,   :  CIVIL ACTION
             :
       Plaintiffs  :  NO. 19-3596
             :
     v.       :  <u>JURY DEMAND</u>
             :
SEARS HOLDINGS LLC D/B/A SEARS; SEARS, :
ROEBUCK & CO., D/B/A SEARS; AND SEARS :
HOLDINGS CORPORATION, D/B/A SEARS  :
HOLDINGS, D/B/A SEARS,      :
             :
      Defendants

**ANSWER WITH AFFIRMATIVE DEFENSES
OF DEFENDANTS, SEARS, ROEBUCK AND CO. AND SEARS HOLDINGS
<u>CORPORATION TO COMPLAINT OF PLAINTIFFS, GEOFF AND STACIE HESS</u>**

  1.  After reasonable investigation, Responding Parties Sears, Roebuck and Co. and

Sears Holdings Corporation are without knowledge or information sufficient to form a belief as

to the truth of the averments set forth in paragraph (1) of the complaint pertaining to the specific

residence address of plaintiffs. Therefore, those averments are denied.  It is admitted that

plaintiffs reside in the Commonwealth of Pennsylvania.

  2.  Denied. The named defendant in paragraph (2) of the complaint is not a jural

entity.

  3.  Admitted in part, denied in part. It is admitted that Responding Party Sears,

Roebuck and Co. was a New York corporation, maintained its principal place of business at 3333

Beverly Road, Hoffman Estates, Illinois, was a wholly owned subsidiary of Sears Holdings

Corporation and was in the business of selling certain Craftsman brand power tools at retail. The

remaining averments contained in paragraph (3) of the complaint are denied.

4.    Admitted in part, denied in part. It is admitted that Responding Party Sears Holdings Corporation is a New York corporation, maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois and is the parent company of Sears, Roebuck and Co. The remaining averments contained in paragraph (4) of the complaint are denied.

5.    Admitted in part, denied in part. It is admitted only that, as a general proposition, Responding Party Sears, Roebuck and Co. previously operated certain retail stores in, among other places, the Commonwealth of Pennsylvania. The remaining averments contained in paragraph (5) of the complaint are denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Denied.

10.    After reasonable investigation, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph (10) of the complaint, which averments are therefore denied.

11.    Denied. It is denied that Responding Party Sears Holdings Corporation purchased or sold the product referenced in paragraph (11) of the complaint. After reasonable investigation, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph (11) of the complaint, which are therefore denied.

12.    After reasonable investigation, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation are without knowledge or information sufficient to form a belief as

2

to the truth of the averments set forth in paragraph (12) of the complaint, which are therefore denied.

13.    Denied. It is admitted only that paragraph (13) of the complaint quotes in part from the United States Consumer Product Safety Commission's website.

14.    After reasonable investigation, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph (14) of the complaint, which are therefore denied.

15.    Denied.

16.    After reasonable investigation, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph (16) of the complaint, which are therefore denied.

17.    Denied.

18.    Denied.

19.    Denied.

### Count I – Strict Liability
### Plaintiffs v. Defendants

20.    Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation incorporate here by reference their replies to paragraphs (1) – (19) of the complaint as if set forth here at length.

21.    Denied.

22.    Denied.

23.    Denied.

3

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

WHEREFORE, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation request entry of judgment in their favor and against plaintiffs, plus costs of defense and other relief as the Court deems just.

### Count II – Negligence
### Plaintiffs v. Defendants

37.    Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation incorporate here by reference their replies to paragraphs (1) – (36) of the complaint as if set forth here at length.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

WHEREFORE, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation request entry of judgment in their favor and against plaintiffs, plus costs of defense and other relief as the Court deems just.

### Count III – Loss of Consortium
### Plaintiff Stacie Hess v. Defendants

45.    Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation incorporate here by reference their replies to paragraphs (1) – (44) of the complaint as if set forth here at length.

46.    Denied.

WHEREFORE, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation request entry of judgment in their favor and against plaintiffs, plus costs of defense and other relief as the Court deems just.

### FIRST DEFENSE

The alleged incident is denied but if it occurred, said incident might have been caused by the negligence of plaintiff.

### SECOND DEFENSE

If plaintiff sustained injuries and damages as alleged, then plaintiff's claims might be barred or reduced in accordance with The Pennsylvania Comparative Negligence Act.

### THIRD DEFENSE

Plaintiffs may have failed to mitigate damages.

5

## FOURTH DEFENSE

The actions of individuals or entities other than the Responding Parties may constitute an intervening, superseding cause of any damages as alleged by plaintiffs.

## FIFTH DEFENSE

Plaintiff's own actions might be the proximate cause of any injuries as alleged in the Complaint.

## SIXTH DEFENSE

No act or omission of the Responding Parties was a proximate cause, or cause in fact of any alleged loss, injuries or damages allegedly incurred by plaintiffs.

## SEVENTH DEFENSE

Plaintiff may have assumed the risk of his activities.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the doctrine of latches.

## NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitation.

## TENTH DEFENSE

If the incident occurred as alleged, said averment being denied, it might have been caused by plaintiff's misuse of the product in question.

### ELEVENTH DEFENSE

If the incident occurred as alleged, said averment being denied, it might have been caused by plaintiff's alteration of the product in question after delivery into plaintiff's possession

### TWELFTH DEFENSE

Plaintiffs' complaint fails to state a claim against the Responding Parties.

### THIRTEENTH DEFENSE

Plaintiffs' claims might be limited and/or barred by the doctrine of spoliation of evidence.

### FOURTEENTH DEFENSE

The alleged incident is denied but if it occurred, it was caused solely by the failure of plaintiff to avoid contact with an open and obvious item or condition.

WHEREFORE, Responding Parties Sears, Roebuck and Co. and Sears Holdings Corporation request entry of judgment in their favor and against plaintiffs, plus costs of defense and other relief as the Court deems just.

LITCHFIELD CAVO LLP

By:    _Robert L. Sanzo_____
       Robert L. Sanzo, Esquire
       Attorneys for Defendants,
       Sears, Roebuck and Co.
       and Sears Holdings Corporation

Date:  August 13, 2019

7

## CERTIFICATE OF SERVICE

I, Robert L. Sanzo, Esquire hereby certify and say that a true and correct copy of

the attached Answer with Affirmative Defenses of Defendants, Sears Roebuck and Co. and Sears

Holdings Corporation, was served upon counsel of record as noted below via the Court's

Electronic Filing System:

> Thomas A. Lynam, III, Esquire
> Leonard G. Villari, Esquire
> Villari, Lentz & Lynam, LLC
> 100 N. 20th Street, Suite 302
> Philadelphia, PA  19103

> *Robert L. Sanzo*
> Robert L. Sanzo, Esquire

Date:  August 13, 2019