Hearing Date and Time: October 3, 2019 at 10:00 am

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress Garment Factory Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murry, A&A HK Industrial, Mingle Fashion Limited Mansheen Industries, Ltd., AMW Vietnam Co. Ltd., Holdsun Group Ltd., Auxo International Ltd. and Beauty Gem, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDING CORPORATION,** *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>**(Jointly Administered)** |

**SUPPLEMENTAL OBJECTION OF MIEN CO. LTD., HELEN ANDREWS, STRONG PROGRESS GARMENT FACTORY COMPANY, LTD, SAMIL SOLUTIONS, SHANGHAI FOCHIER, PURCELL MURRAY, A&A HK INDUSTRIAL, MINGLE FASHION, MANSHEEN INDUSTRIES, LTD, AMW VIETNAM CO. LTD, AUXO INTERNATIONAL LTD., HOLDSUN GROUP LTD, BEAUTY GEM, INC. TO CONFIRMATION OF THE MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS AND TO TERMINATE EXCLUSIVITY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

Mien Co. Ltd., Helen Andrews, Strong Progress Garment Company, Ltd., Samil Solutions, Shanghai Fochier, Purcell Murray, A&A HK Industrial, Mingle Fashion, Mansheen Industries, Ltd, AMW Vietnam Co. Ltd**.,** Auxo International Ltd., Holdsun Group Ltd, Beauty Gem, Inc. (the "Objecting Parties"), by and through their undersigned counsel, The Sarachek Law Firm, hereby object (the "Objection") to the confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* [ECF No. 4476] (the "Plan"). In support of their Objection, the Objecting parties state as follows:

## Summary

Without a successful mediation, the Chapter 11 cases of these Debtors need to be ended in Chapter 7.  Accordingly, the Objecting Parties have filed a Motion to Convert These Cases to Chapter 7 (Docket #5161) and a Motion For Mediation (Docket #5241).  The time has come for the professionals for the Debtors and Creditors' Committee to stop wasting the precious, little, cash on hand which rightfully belongs to administrative creditors.  There is no "debtor" anymore as its assets have been sold.  The plan proposed by the professionals cannot be confirmed.  The Objecting Parties and other similarly situated administrative creditors do not want these professionals to bill even one more hour to this estate.  And yet, the Debtors and Creditors' professionals continue to spend millions of dollars on pleadings.  To the extent these professionals are not willing to "stand-down" and mediate or allow the Objecting Parties to propose their own plan, the Objecting Parties want a trustee appointed so that they can deal with an independent fiduciary.  This Supplemental Objection will address certain points in the 198-page document titled, *Debtors' Memorandum of Law In Support of Confirmation of*

*Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation*, dated September 13, 2019 (the "Confirmation Memorandum" or "CM") (Docket #5144).

### These Debtors' Plan Does Not Satisfy 11 U.S.C § 1129(a)(9)(A)

1. The Plan cannot be confirmed because the Debtors do not satisfy section 1129(a)(9)(A) of the Bankruptcy Code which states that "(a) [t]he court shall confirm a plan only if all of the following requirements are met … (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that (A) with respect to a claim of a kind specified in section 507(a)(2) … of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim…" 11 U.S.C. § 1129(a)(9)(A). Section 507(a)(2) refers to 503(b) administrative claims. *See* 11 U.S.C. § 507(a). *See Pan Am Corp. v. Delta Air Lines*, 175 B.R. 438, 483 (Bankr. S.D.N.Y. 1994) ("By itself, administrative insolvency would have prevented confirmation of the Joint Plan.").

2. The Objecting Parties are collectively holders of two types of administrative claims under different sections of the Bankruptcy Code: (i) 503(b)(1); and (ii) 503(b)(9). The Objecting Parties do not consent to waiting for an unknown period of time to be paid in full. They cannot afford to do so and are not required to do so by the Bankruptcy Code. The Objecting Parties have been severely impacted by the Debtors bankruptcy cases and are now being pushed closer to insolvency as a result of the proposed treatment under the Plan. The retained professionals are trying to force the Objecting Parties to treatment that they would never accept themselves. Neither Debtors' nor Creditors' counsel would agree to have their legal fees paid at some unknown point in the future, and neither will the Objecting Parties.

3.     The Confirmation Memorandum and accompanying documents state that there was $50.1 million in unrestricted cash available for distribution on September 21, 2019.  The Objecting Parties believe that the total administrative claims are approximately $180 million.  The Confirmation Memorandum states that administrative claims are between $150-205 million.  If $50.1 million were paid to $180 million in administrative creditors immediately that would provide a 27% distribution.  The Objecting Parties want and need these funds immediately upon confirmation.  In addition to the $50.1 million, the Objecting Parties believe that the estate is holding approximately $30 million in alleged "carve-out" funds for the benefit of professionals.  The Objecting Parties want an independent trustee to investigate the source and characterization of the funds.  This additional $30 million would provide administrative creditors with an additional 16% distribution.

4.     The CM also refers to $33.4 million in aggregate "projected" proceeds from the sale of the Calder Statute sculpture and Real Estate Proceeds, as well as 2017 EDS Funds.  Those "projected" proceeds are speculative and are not immediately available.   With respect to the Calder Statute, there is a lawsuit pending in Cook County, Illinois regarding the rights to sell this asset, accordingly it is far from certain whether the estate will realize anything from this asset.  *Sears, Roebuck & Co. v. 233 S. Wacker, LLC.,* 2016-CH-10308.

5.     Further, the Confirmation Memorandum relies on $97 million in speculative proceeds coming into the estate from Transform.  As is clear from the Court record to date, these proceeds are subject to a dispute between the Debtors and Transform, and there is no assurance that these funds will ever be paid over to administrative creditors.

6.     Lastly, the Confirmation Memorandum asserts that between Preference Actions, the ESL Litigation, and the D&O Litigation, the administrative creditors should be assured that sometime

4

in the future their claims will be satisfied in full. The Objecting Parties, similar to the retained professionals, are entitled to certainty under the Bankruptcy Code, not promises to be paid in the future.

### The purported "Settlement Agreement" with Administrative Creditors is Further Evidence of Bad Faith

7.  In addition to the projected assets that the Debtors professionals refer to in the Confirmation Memorandum, the Debtors' professionals allude to "settlement discussions" between the estates' professionals and the administrative creditors. The Debtors' professionals even go so far as to attach a Settlement Term Sheet pursuant to FRE 408 as Exhibit B as evidence of their good faith negotiations. First, the Term Sheet is unacceptable and a non-starter. It proposes to pay administrative creditors less than 100% at some unspecified date in the future. Debtors professionals would never accept that treatment for their administrative fees and neither will the Objecting Parties. Second, the there is a serious issue regarding whether the Plan has been proposed in good faith. For months, the professionals have been aware of the administrative insolvency of the estate and have deceived administrative creditors at significant cost. The professionals have taken away payments owing to administrative creditors. At such time as a trustee is appointed or exclusivity is terminated, the Objecting Parties believe they will have an opportunity to recoup administrative fees paid to the professionals as it was the Objecting Parties' funds that were taken to pay the professionals. Evidence of this fact can be found in the deposition transcript of Moshin Meghji, attached to the Declaration of Abena A. Mainoo in Support of Transform Holdco LLC's Reply Memorandum of Law in Further Support of the Adversary Complaint at page 339-341 (Docket #5084). Mr. Meghji acknowledged that an $11 million payment to the professional fee carve-out on February 8, 2019 could have been used to pay other claims of the debtors. See p. 341. The professionals favored themselves over other creditors and now, these same professionals want to be paid in full while leaving other administrative creditors holding the bag.

8.      It is unclear to the Objecting Parties why the Unsecured Creditors' Committee ("UCC") is supporting the Plan.  As is evident from the Confirmation Memorandum, the unsecured creditors in these cases voted against the Plan.  The UCC spent millions of dollars fighting the sale to ESL/Transform.  The Objecting Parties do not believe it is prudent to give professionals for the UCC $25 million to pursue litigation to recover preferences and against ESL.  To the extent the litigation will be pursued, it should be done on a contingency fee basis at the direction of administrative creditors.

9.      The Objecting Parties have filed a Motion to Convert this case to Chapter 7 or in the alternative to dismiss this case which is presently scheduled for October 23, 2019.  Unfortunately, there is absolutely no downside to administrative creditors, and the Objecting Parties have no basis to believe, that the existing professionals will get them paid on a timely basis.

## The Plan improperly seeks Broad Releases of Non-Debtor parties

10.     The Objecting Parties have two final points to reiterate.  There is no basis to release non-Debtor parties in these cases.  The Objecting Parties want to preserve for a trustee or contingency fee counsel actions against all third parties, including successors and assigns, managed accounts or funds, and all of their respective post-petition officers, post-petition directors, post-petition principals, post-petition employees, post-petition agents, post-petition trustees, post-petition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee.  The Objecting Parties believe that certain of these parties, as a result of their actions are liable for the damages caused to administrative creditors.  There should be no safe harbor for non-debtor parties who participated in an action that caused damages to creditors.

**The Debtors' Plan Violates 11 U.S.C. § 1141(d)(3)**

11. Lastly, the Court should deny the Debtor a discharge. Section 1141(d)(3) of the Bankruptcy Code provides that "[t]he confirmation of a plan does not discharge a debtor if – (A) the plan provides for the liquidation of all or substantially all of the property of the estate; (B) the debtor does not engage in business after consummation of the plan; and (C) the debtor would be denied discharge under section 727(a) of this title if the case were a case under chapter 7 of this title. The instant case is a liquidation. There should be no discharge. The Debtors will no longer be in business after consummation of the Plan, and since the Debtors are not an individual no discharge would be available were this a case under chapter 7 of the Bankruptcy Code.

**Conclusion**

12. For the above reasons, the Objecting Creditors request that the Court deny confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors.*

Date:   New York, NY
        September 30, 2019

                                                Respectfully submitted,

                                                THE SARACHEK LAW FIRM

                                                /s/ Joseph E. Sarachek
                                                Joseph E. Sarachek
                                                101 Park Avenue – 27th Floor
                                                New York, NY. 10178
                                                Telephone: (646) 517-5420
                                                Facsimile: (646) 861-4950
                                                joe@sarachecklawfirm.com