DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Garrett Kingman, Esq. (gk@dhclegal.com)
*Attorneys for Pearl Global Industries Ltd. and Eric Jay Ltd.*

**Hearing Date and Time:**
October 1, 2019 at 10:00 am (EST)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:

SEARS HOLDING CORPORATION, *et al.*,

        Debtor.

------------------------------------------------------------ X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

### DECLARATION BY DAVID H. WANDER, ESQ. IN RESPONSE TO DEBTORS MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN

DAVID H. WANDER, declares under 28 U.S.C. §1746:

1. I am an attorney admitted to practice before this Court. I represent various creditors in this case, including Pearl Global Industries, Ltd. ("Pearl Global"), a foreign vendor, and Eric Jay Ltd. ("Eric Jay"), a domestic vendor, and I submit this declaration in response to the Debtors' memorandum of law in support of confirmation of modified second amended joint chapter 11 plan of Sears Holdings Corporation and its affiliated Debtors [Doc 5144].

2. Annexed to the Debtors MOL as Exhibit B is a "Confidential" Term Sheet for a proposal by the Debtors and the Unsecured Creditors Committee for a settlement with holders of administrative expense claims (the "Confidential Term Sheet"). I received the Confidential Term Sheet at a meeting, on September 9, 2019, with counsel and other representatives of the

667117v.1

Debtors and the Unsecured Creditors Committee, to discuss a possible settlement with vendors holding administrative claims (the "Settlement Meeting").

3. I attended the Settlement Meeting as counsel for Pearl Global and Eric Jay and, in addition, as an advisor/coordinator for an ad hoc group of more than fifty (50) vendors, including many foreign vendors, with administrative claims under §§ 503(b)(1) and (b)(9). Prior to the Settlement Meeting, I signed a Confidentiality Agreement with the Debtor on behalf of Pearl Global and Eric Jay. After the Settlement Meeting more than half a dozen creditors in our ad hoc group also signed the NDA.

4. Also in attendance at the Settlement Meeting were attorneys from Foley & Lardner, who represent another ad hoc group that is smaller in number but larger in the total amount of claims. Together, we presented the Debtors and Committee with a channel for communications and negotiations with the administrative vendor community.

5. Because I was warned by Debtors' counsel that the Confidential Term Sheet was a highly confidential document that I could not share with anyone who did not sign the NDA, I was shocked when the Debtors filed the Confidential Term Sheet as an exhibit to the Debtors MOL. Then, after our ad hoc group gave the Debtors a counter-offer, on September 22nd, the Debtors broke off further negotiations with our group.

6. On September 25, 2019, I attended a conference call with chambers scheduled by the Debtors to update the Court on the status of negotiations, and it was agreed that everyone would "put down their swords" while negotiations continued. Accordingly, I advised everyone in our ad hoc group to hold off on filing supplemental objections to confirmation.

7. On September 26, 2019, the day after everyone was to "put down their swords," the Debtors filed their ninth and tenth omnibus objections to claims, objecting to the

667117v.1

administrative claims filed by my clients, Eric Jay (ninth omnibus objection to claims) and Pearl Global (tenth omnibus objection to claims), as well as administrative claims filed by many other creditors in our ad hoc group.

8. While the Debtors have continued their negotiations with the other ad hoc group, there have been no negotiations, since September 22nd, with our group to resolve issues relating to administrative claims by foreign vendors under § 503(b)(9) or § 503(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this October 1, 2019.

_____
David H. Wander

667117v.1