DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Garrett Kingman, Esq. (gk@dhclegal.com)
*Attorneys for Pearl Global Industries Ltd. and
Eric Jay Ltd.*

**Hearing Date and Time:**
October 3, 2019 at 10:00 am (EST)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

In re:                                                                              Chapter 11

SEARS HOLDING CORPORATION, *et al.*,                Case No. 18-23538 (RDD)

        Debtor.                                                          (Jointly Administered)

------------------------------------------------------------- X

## SUPPLEMENTAL DECLARATION BY DAVID H. WANDER, ESQ. IN RESPONSE TO SUPPLEMENTAL DECLARATION OF BRIAN J. GRIFFITH DATED OCTOBER 1, 2019 [DOC 5297]

DAVID H. WANDER, declares under 28 U.S.C. §1746:

1. I am an attorney admitted to practice before this Court. I represent various administrative creditors in this case, including Pearl Global Industries, Ltd. ("Pearl Global"), a foreign vendor, and Eric Jay Ltd. ("Eric Jay"), a domestic vendor, and I submitted a declaration dated October 1, 2019 in response to the Debtors' memorandum of law in support of confirmation of modified second amended joint chapter 11 plan of Sears Holdings Corporation and its affiliated Debtors [Doc 5144], regarding matters relating to the Debtors' negotiations with two ad hoc groups of administrative claimants.

2. I submit this supplemental declaration in response to the supplemental declaration by Brian J. Griffith dated October 1, 2019 and filed shortly before midnight, less than 48 hours

before the confirmation hearing (the "<u>Griffith Supplemental Declaration</u>")[Doc 5297]. The Griffith Supplemental Declaration is part of a flurry of documents papering an 11th hour settlement with a select group of administrative claimants, consisting of claims traders, to whom the Debtors have decided to give favored treatment in return for a settlement that disadvantages other administrative creditors, particularly foreign vendors with §§ 503(b)(1) and (9) claims. The Debtors seek Court approval of this settlement, pursuant to Bankruptcy Rule 9019, without any semblance of due process.

3. To be clear, the proposed settlement resolves none of the litigation issues, e.g. *World Imports,* inducement claims, etc. that a real settlement would resolve. This settlement will result in no savings of estate resources, notwithstanding Mr. Griffith's statement to the contrary.[1] Because the Debtors decided to carve out a settlement with a group of claims traders who purchased vendor administrative claims at a discount, all of the litigation issues with the foreign vendors and the vendors with inducement claims remain unresolved.

4. The opt-out requirement of the settlement structure is patently unfair, particularly to foreign vendors many of whom are not represented by counsel. If the Debtors believe the settlement is in the best interests of administrative creditors, let them convince the administrative creditors to opt-in.

5. A one-sided settlement with a select group of claims traders who represent but a fraction of the total administrative debt, and that disadvantages other administrative creditors, as

---

[1] Mr. Griffith states: "I believe that the Administrative Expense Claims Consent Program allows the Debtors to forego time-consuming litigation in connection with the Plan and the allowance of settled Administrative Expense Claims, which permits Estate resources to be better utilized and maximized. Further, I believe the Administrative Expense Claims Consent Program avoids fees which would otherwise be incurred on protracted litigation, and instead permits the Estate additional funds to be distributed to creditors.". Griffith Supp. Dec. ¶ 9. Without an overarching settlement, this alleged avoidance of "time-consuming litigation" is illusory.

part of some *quid pro quo* between the parties, is not something the Court should approve, especially in such an expedited manner.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this October 2, 2019.

                /s/ David H. Wander
                David H. Wander