Presentment Date and Time: October 10, 2019 at 12:00 p.m. (Eastern Time)
Objection Deadline: October 9, 2019 at 11:30 a.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To be scheduled

GELBER & SANTILLO PLLC
347 W. 36th Street, Suite 805
New York, NY 10018
Telephone: (212) 227-4743
Fax: (212) 227-7371
R. Zachary Gelber, Esq.
Kristen M. Santillo, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :  **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                    :
                                                             :  Case No. 18-23538 (RDD)
                                                             :
            Debtors.[1]                                      :  (Jointly Administered)
------------------------------------------------------------ x

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND MCDONALD'S CORPORATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "Buyer") will present the *Stipulation and Order By and Among Sellers, Buyer, and McDonald's Corporation* (the "Order") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **October 10, 2019 at 12:00 p.m. (Eastern Time)**. A copy of the Order is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **October 9, 2019 at 11:30 a.m. (Eastern Time)**, there will not be a hearing to consider the Order, and the Order may be signed and entered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Order, a hearing (the "Hearing") will be held to consider such

objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, at a time and date to be determined.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: October 3, 2019
New York, New York

    /s/ Kristen M. Santillo
GELBER & SANTILLO PLLC
347 W. 36th Street, Suite 805
New York, NY 10018
Telephone: (212) 227-4743
Fax: (212) 227-7371
R. Zachary Gelber, Esq.
Kristen M. Santillo, Esq.

*Attorneys for Transform Holdco LLC*

**Exhibit 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| | : | **Chapter 11** |
| In re | : | |
| | : | |
| **SEARS HOLDINGS CORPORATION.,** *et al.,* | : | Case No. 18-23538 (RDD) |
| | : | |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

## STIPULATION AND ORDER BY AND AMONG SELLERS, BUYER, AND MCDONALD'S CORPORATION

This stipulation and proposed order (the "**Stipulation**") is made as of October 3, 2019 by and among Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Sellers**" or the "**Debtors**"), Transform Holdco LLC (together with its affiliates, "**Buyer**" or **Transform**"), and McDonald's Corporation, Inc. ("**McDonald's**"), through their respective and duly authorized counsel of record. The Sellers, Buyer, and McDonald's are sometimes individually referred to herein as "**Party**" and collectively as the "**Parties**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. The Debtors and McDonald's are parties to that certain Ground Lease between K Mart Corporation and McDonald's dated March 14, 1984, and any and all amendments thereto

---

[1] The Debtors in these chapter 11 cases before the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rice, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(the "**Bismarck Lease**"), that certain Easement Agreement between Kmart Corporation and McDonald's dated November 30, 1985, and any and all amendments thereto (the "**Valencia Easement Agreemen**t"), and certain Easement Agreements between Sears, Roebuck and Co. and McDonald's dated May 13, 1981 and August 4, 1981, and any and all amendments thereto (the "**Lincoln Easement Agreements**"), as set forth on Exhibit A. The Valencia Easement Agreement and the Lincoln Easement Agreements will collectively be referred to as the "**Easement Agreements**" and, together with the Bismarck Lease, the "**Designated Lease and Easement Agreements**."

B.   On October 15, 2018 and continuing thereafter, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

C.   The Debtors and the Buyer entered into an Asset Purchase Agreement, dated as of January 17, 2019 (as amended, restated, or modified from time to time, the "Asset Purchase Agreement"), pursuant to which, among other things, the Debtors agreed to assume and assign certain executory contacts or unexpired leases to the Buyer.

D.   On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730], which provided that the Debtors had determined that a bid submitted by ESL Investments, Inc. and its affiliates, through Transform, was the prevailing bid at the auction for the sale of substantially all of the Debtors' assets.

E.   On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "**Cure Notice**"), which provided, among other things, a list of contracts and leases that could be designated for assumption and assignment, including the Debtors' proposed cure amounts for such contracts and leases.

F   On January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "**First Supplemental Cure Notice**"), which provided, among other things, a list of additional contracts and leases that could be designated for assumption and assignment in connection with the Transform Sale (as defined below), including the Debtors' proposed cure amounts for such contracts and leases.

G.   On January 25, 2019, McDonald's filed the *Limited Objection of McDonald's Corporation to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "**First McDonald's Limited Objection**") [Docket No. 1878] contending that the Debtors' cure notices were not sufficiently specific as to which contracts and leases were at issue (the "**McDonald's Specificity Objection**").

H.   On February 1, 2019, McDonald's filed the *Supplement to the First McDonald's Limited Objection* [Docket No. 2365], again raising the McDonald's Specificity Objection and

identifying a number of potential leases and contracts that could be designated for assignment and assumption.

I. On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "**Sale Order**"), which approved the sale of substantially all of the Debtors' assets to Transform (such transaction, the "**Transform Sale**") and continued and reserved all of Landlord's objections and rights with respect to the proposed terms of the sale and Sale Order for future resolution (including all of Landlord's objections).

J. Pursuant to the Sale Order, effective as of the closing of the sale, which occurred on February 11, 2019 (the "**Closing Date**"), the Debtors sold substantially all of their assets to the Buyer.

K. On March 5, 2019, the Debtors filed a *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "**Third Supplemental Cure Notice**") [Docket No. 2753].

L. On March 8, 2019, McDonald's filed the *Limited Objection and Reservation of Rights of McDonald's Corporation to Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "**Second McDonald's Limited Objection**") [Docket No. 2872] again raising the McDonald's Specificity Objection and identifying a number of potential leases and contracts that could be designated for assignment and assumption.

M. On April 4, 2019, the Bankruptcy Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [Docket No. 3043] (the "**Assumption and Assignment Order**"), which established terms and conditions for the assumption and assignment of certain contracts and leases designated for assignment.

N. On April 19, 2019, Transform filed a *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] (the "**Notice of Assumption and Assignment**"), which sought, among other things, to assume and assign to Buyer the Bismarck Lease and the Valencia Easement Agreement.

O. On May 3, 2019, McDonald's timely filed the *Limited Objection and Reservation of Rights of McDonald's Corporation to Notice of Assumption and Assignment of Additional Designatable Leases* (the "**Third McDonald's Limited Objection**") [Docket No. 3551], and incorporated by reference the First McDonald's Limited Objection, McDonald's Specificity Objection, and the Second McDonald's Limited Objection.

P.   On May 8, 2019, the Parties agreed to take the dispute off the Bankruptcy Court's calendar to attempt to resolve all outstanding issues between the Parties, including the First McDonald's Limited Objection, McDonald's Specificity Objection, and the Second McDonald's Limited Objection, and the Bankruptcy Court agreed to take the dispute off the calendar (the "**May 8th Agreement**").

Q.   On May 13, 2019, due to an administrative error and before the Parties finally resolved their dispute, the Bismarck Lease, the Valencia Easement Agreement, and the Lincoln Easement Agreements were included on a schedule of leases that were assigned and assumed pursuant to the *Order (I) Authorizing Assumption and Assignment of Certain Leases and (II) Granting Related Relief* [Docket. No. 3850] (the "**May 13 Assignment Order**").

R.   The Parties have conferred to resolve the McDonald's Specificity Objection, and have agreed that the Lincoln Easement Agreements should have initially been included on the Notice of Assumption and Assignment and on the schedule of leases to be assigned and assumed attached to the May 13 Assignment Order.

S.   On August 2, 2019, McDonald's timely filed a *Limited Objection and Reservation of Rights of McDonald's Corporation to the Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors* [Docket No. 4711] (the "**Plan Objection**").

T.   The Parties desire to mutually, amicably, and finally resolve McDonald's objections to Buyer's assumption and assignment of the Designated Lease and Easement Agreements, including resolving the First McDonald's Limited Objection, the McDonald's Specificity Objection, the Second McDonald's Limited Objection, the Third McDonald's Limited Objection, and the Plan Objection.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATD AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.   Upon Bankruptcy Court approval of this Stipulation, the May 13 Assignment Order shall apply to the Designated Lease and Easement Agreements with full force and effect as indicated on Exhibit A attached hereto, notwithstanding the May 8th Agreement.

2.   Upon Bankruptcy Court approval, pursuant to sections 365(a) and 365(f) of the Bankruptcy Code, and in accordance with the Asset Purchase Agreement, the Sale Order, the May 13 Assignment Order, and this Stipulation, the Designated Lease and Easement Agreements set forth on Exhibit A shall transfer to and be assumed by the applicable Buyer entity set forth in Exhibit A (as applicable, the "**Transform Assignee**"), effective as of May 13, 2019.

3.   Upon approval of the Bankruptcy Court, all of McDonald's objections, including but not limited to, the First McDonald's Limited Objection, and the Supplement thereto, the

Second McDonald's Limited Objection, the Third McDonald's Limited Objection, and the Plan Objection, shall be deemed withdrawn.

4. Bankruptcy Court approval of this Stipulation shall be effective as a determination that, all claims against the Debtors have been unconditionally released, discharged, and terminated as to the Designated Lease and Easement Agreements, and that the conveyances and transfers described in this Stipulation have been effected.

5. The Parties agree that upon the assumption and assignment of the Designated Lease and Easement Agreements, the Debtors and their estates shall be relieved of any liability for breach of such Designated Lease and Easement Agreements after the Closing Date pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code and the Buyer shall be responsible for any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under the Designated Lease and Easement Agreements attributable to (x) the portion of such calendar year occurring prior to such lease and/or easement assignment or (y) for any previous calendar year; provided that, with respect to the amounts set forth in clauses (x) and (y) of this sentence, the Buyer and Transform Assignees reserve all rights against the Debtors for indemnification of such expenses, to the extent provided in the Asset Purchase Agreement and Related Agreements and the Debtors reserve all their respective rights and defenses with respect to any claims therefor.

6. Except as otherwise provided by the May 13 Assignment Order and this Stipulation, the terms and conditions of the Designated Lease and Easement Agreements remain in full force and effect. To the extent set forth in the May 13 Assignment Order, the respective Transform Assignees and McDonald's agree to assume, abide by, and honor: (i) all monetary obligations (including, without limitation, the payment of all rent, maintenance charges and any and all other charges or assessments) payable under the Designated Lease and Easement Agreements; (ii) all the terms, conditions, covenants and obligations under the Designated Lease and Easement Agreements; and (iii) the terms, conditions, and restrictions set forth in any easements, reciprocal easement agreements, operating or redevelopment agreements, ground leases, covenants, licenses, permits or other similar encumbrances under the Designated Lease and Easement Agreements (collectively, the "**Covenants**"), from and after the Closing Date, as if the respective Transform Assignees and not the Debtors, had originally been parties to the Designated Lease and Easement Agreements. Nothing in this Stipulation shall abrogate existing obligations of the Transform Assignees or McDonald's to adhere to any existing covenants, conditions, and restrictions affecting real property that run with the land and under applicable non-bankruptcy law would not be subject to rejection under 11 U.S.C. 365(a) or discarded under 11 U.S.C. 363(f) as obligations which run with the land and bind successors in interest.

7. The Parties agree that the Buyer and Transform Assignees have satisfied all conditions for assumption and assignment of the Designated Lease and Easement Agreements, and there are no cure amounts due. For the avoidance of doubt, McDonald's is forever barred, estopped, and permanently enjoined from asserting against the Debtors, the Buyer or the Transform Assignees, their affiliates, successors or assigns or the property of any of them, any default existing as of the date this Stipulation is so-ordered, or that any additional cure amounts

are owed as a condition to assumption and assignment of the Designated Lease and Easement Agreements.

8. On and after the date this Stipulation is so-ordered by the Bankruptcy Court, the Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action, to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Stipulation and consummate and make effective the transactions contemplated hereby.

9. On and after this Stipulation is so-ordered by the Bankruptcy Court, the terms of this Stipulation are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto.

10. This Stipulation represents the entire agreement and understanding between the Parties regarding the subject hereof. Any representations, warranties, promises, or conditions, whether written or oral, not specifically and expressly incorporated into this Stipulation, shall not be binding on the Parties. This Stipulation supersedes any prior or contemporaneous written or oral communications between the Parties regarding the subject hereof  This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. Any exhibits attached to this Stipulation are hereby incorporated and made a part of this Stipulation.

12. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. If any term or condition of this Stipulation, or the application thereof, is invalid or unenforceable, then, to the fullest extent permitted by law (a) neither the remainder of this Stipulation nor the application of such term or condition to any other entity or circumstance shall be affected thereby, and (b) the invalidity or unenforceability of any provisions hereof shall not affect the validity or enforceability of other provisions of this Stipulation.

14. The Parties shall each be responsible for and bear their own attorneys' fees, expenses, and costs, including, without limitation, those incurred, if any, in relation to the Debtors' chapter 11 cases or the enforcement of any rights or remedies hereunder.

15. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

16. No ambiguity shall be construed against any Party based upon a claim that that Party drafted the ambiguous language.

17. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

18. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: October 3, 2019

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Jacqueline Marcus
Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for the Debtors and Debtors-in-Possession*

Dated: October 3, 2019

**GELBER & SANTILLO PLLC**

By: /s/ Kristen M. Santillo
Kristen M. Santillo
347 West 36th Street, Suite 805
New York, NY 10018
Telephone: (212) 227-4743
Facsimile: (212) 227-7371
*Attorneys for the Buyer*

Dated: October 3, 2019

**ELLIOTT GREENLEAF, P.C.**

By: /s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena, Esq.
1105 N. Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
*Attorneys for McDonald's Corporation*

**IT IS SO ORDERED**

Dated: New York, New York

October __, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# LEASES

| Description | Address | Store No. | Assignee Entity | Exhibits and Schedules to May 13 Assignment Order Deemed to Include Lease | Cure Amount |
|---|---|---|---|---|---|
| Ground Lease between K Mart Corporation and McDonald's dated March 14, 1984, and any and all amendments thereto (the "**Bismarck Lease**") | 2631 State Street, Bismarck, N.D. | 3018 | Transform Operating Stores LLC[2] | Exhibit A, Schedule 1 | $0 |

---

[2] *See* Doc. No. 3850-1,, at 46 of 85; *see also* Doc No. 3850-2, at. 5 of 9; Doc. No. 3850-4, at. 2-5 of 10.

## EASEMENT AGREEMENTS

| Description | Address | Store No. | Assignee Entity | Exhibits and Schedules to May 13 Assignment Order Deemed to Include Easements | Cure Amount |
|---|---|---|---|---|---|
| Easement Agreement between Kmart Corporation and McDonald's dated November 30, 1985, and any and all amendments thereto (the "**Valencia Easement Agreement**") | 23222 W. Valencia Blvd, Valencia, CA | 2191 | Transform Leaseco LLC[3] | Exhibit A, Schedule 1 | $0 |
| Easement Agreements between Sears, Roebuck and Co. and McDonald's dated May 13, 1981 and August 4, 1981, and any and all amendments thereto (the "**Lincoln Easement Agreements**") | 6500 O St., Lincoln, NE | 4272 | TF Lincoln NE LLC[4] | Exhibit A, Schedule 1 | $0 |

---

[3] *Id.* at 32 of 85.
[4] *Id.* at 27 of 85; *see also* Doc. No. 3850-2, at. 3 of 9.