**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, New York 10019-6102
(212) 440-4400
Christopher P. Schueller, Esq.
(christopher.schueller@bipc.com)
*Attorneys for Gokaldas Exports Ltd.*

**Hearing Date and Time:**
October 3, 2019 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Chapter 11

SEARS HOLDING CORPORATION, *et al.*,[1]         Case No. 18-23538 (RDD)

                      Debtors.                        (Jointly Administered)
---------------------------------------------------------X

### JOINDER BY GOKALDAS EXPORTS LTD. TO SUPPLEMENTAL OBJECTION OF MIEN CO. LTD., *ET AL*. TO CONFIRMATION OF THE MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS AND TO TERMINATE EXCLUSIVITY [DOC. NO. 5266]

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors ("Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Gokaldas Exports Ltd. ("Gokaldas"), by its attorneys, Buchanan Ingersoll & Rooney PC, submits this joinder to the *Supplemental Objection to Confirmation of Amended Plan of Mien Co. Ltd., et al.* (the "Mien Supplemental Objection") [Doc No. 5266], in opposition to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* [Doc. No. 4476] (as subsequently modified and supplemented, the "Plan") and to terminate the Debtors' exclusivity, and represents and says as follows:

1. Gokaldas is an administrative creditor of several of the Debtors. Gokaldas joins in and supports the Mien Supplemental Objection and opposes confirmation of the Plan for the reasons set forth in the Mien Supplemental Objection as well as those echoed by other joining administrative creditors (*See* Doc. Nos. 5305, 5302, 5289, 5287, 5286, 5285, 5283, 5277, 5274, 5273 and 5272).

2. In supplemental filings made as recently as the past 24 hours, the Debtors purport to have made progress in achieving a workable settlement construct that will resolve administrative claims [Doc. Nos. 5292, 5298, 5301] (the "Proposed Administrative Creditor Settlement Construct").

3. However, the Proposed Administrative Creditor Settlement Construct resolves only a very narrow set of procedures that are helpful to a very limited set of administrative creditors.

4. The foreign administrative creditors whose claims have more complicated legal issues such as (a) inducement claims for pre-petition orders that were delivered post-petition; and (b) the meaning of "received" for purposes of determining 503(b)(9) claims (this is a critical

issue for foreign administrative claimants due to transit time of goods), have no reason to believe that the Proposed Administrative Creditor Settlement Construct will achieve anything other than pressuring them to opt into an unfavorable set of procedures and circumstances which box in the claims resolution process and cap their potential recovery.

5. Creditors with complicated legal issues surrounding their administrative claims are pressured to opt into the unfavorable process for fear that the "preferred" set of administrative creditors – those who have already or will in short order receive allowed administrative claims and opt in – will eat up all available cash such that the Plan may never go effective at all.

6. The Proposed Administrative Creditor Settlement Construct provides that legitimate administrative creditors who opt out will be shut out for an unspecified amount of time while settling creditors receive recovery proceeds, and those opting out will bear all risk of the Plan actually going effective in order for their claims to actually be paid.

7. The Plan and the Proposed Administrative Creditor Settlement Construct fail to make a substantial showing that sufficient funds will remain in order to pay the allowed claims of administrative creditors who opt out of the Proposed Administrative Creditor Settlement Construct, after (a) payments to creditors opting into the Proposed Administrative Creditor Settlement Construct; and (b) expenses of litigating claims.

8. Moreover, if the estate runs out of cash and the Plan never goes effective, administrative creditors who have opted out of the Proposed Administrative Creditor Settlement Construct will be extraordinarily prejudiced in a resulting chapter 7 case, because the settlement payments made under the Proposed Administrative Creditor Settlement Construct are immune from disgorgement following case conversion.

9. Administrative creditors who wish to opt out of the Proposed Administrative Creditor Settlement Construct may very well be better off if these cases convert to chapter 7 right now.

10. The Bankruptcy Code in no way supports or condones this type of sub-classification of administrative creditors, which forces legitimate administrative creditors who either (a) want to be paid in full or (b) want to avoid opting into an unfavorable claims resolution process, to bear materially higher risk and potentially receive no payment at all.

11. The Court should <u>not</u> confirm the Plan.

Dated: October 2, 2019
New York, New York

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Christopher P. Schueller*
Christopher P. Schueller
640 5th Avenue, 9th Floor
New York, New York 10019-6102
(212) 440-4400
christopher.schueller@bipc.com
*Attorneys for Gokaldas Exports Ltd.*