| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: October 3, 2019<br>Hearing Time: 10:00 a.m. |

------------------------------------------------------- x
                                                                                              :

In re                                                                         :           Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,   :           Case No. 18-23578 (RDD)

                                                   Debtors.    :           Jointly Administered

------------------------------------------------------- x

**SUPPLEMENTAL OBJECTION OF THE UNITED STATES TRUSTEE
TO MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS
HOLDING CORPORATION AND ITS AFFILIATED DEBTORS**

**TO:   THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE**

       William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this supplemental objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors (the "Modified Plan"). ECF Doc No. 5293. In support thereof, the United States Trustee respectfully states:

       1.    After close of business on October 1, 2019, less than two days prior to the October 3, 2019 confirmation hearing, the Debtors filed the Modified Plan. The Modified Plan provides, among other things, that administrative creditors that do not opt-out of a procedure set forth in the Modified Plan and proposed confirmation order will receive only 75% of their administrative claims. Modified Plan at Article 2.1 (b). Such treatment may violate Bankruptcy Code Section 1129(a)(9), which requires administrative creditors to receive full payment on the effective date of a plan, except to the extent they agree otherwise. 11 U.S.C. § 1129(a)(9).

2. Because of the late filing of the Modified Plan, creditors have had virtually no time to respond the Modified Plan.

3. Bankruptcy Rule 2002 provides a 28 day notice period of the time for filing objections to confirmation of a proposed plan, and Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a plan must be filed and served "within a time fixed by the court." *Id.*; and Fed. R. Bankr. P. 3020(b)(1).

4. By significantly modifying the payment of administrative creditors on less than 48 hours of notice, the Debtors' actions prohibit parties that might potentially object to the Plan, from doing so. Moreover, filing the Modified Plan so close to the confirmation hearing does not provide sufficient time for parties in interest to consider the Plan and any potential objections they might raise, or to understand the process and import of the Debtors' proposals. Indeed, the basic principle of due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252, 265 (3d Cir. 2000).

5. While the Debtors may argue that certain key constituencies have had ample opportunities to assess the Modified Plan, others, who are just learning about it for the first time have not. Accordingly, the Court should adjourn the confirmation hearing to permit parties the opportunity to address fully the Debtors' new plan.

WHEREFORE, the United States Trustee respectfully submits that the Court sustain the Objection of the United States Trustee and grant such other relief as is just.

Dated: New York, New York
October 2, 2019

                                Respectfully Submitted,

                                WILLIAM K. HARRINGTON
                                UNITED STATES TRUSTEE

By:   /s/ *Paul Schwartzberg*
        Paul Schwartzberg
        Trial Attorney
        201 Varick Street, Room 1006
        New York, New York 10004
        (212) 510-0500