**CARLY S. EVERHARDT, ESQ.**
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Email: ceverhardt@foley.com

**MARK J. WOLFSON** (FBN 352756) (*pro hac* admission granted)
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 225-4119
Facsimile: (813) 221-4210
E-mail:  mwolfson@foley.com

*Counsel to Hain Capital Investors Master Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

## HAIN CAPITAL INVESTORS MASTER FUND LTD.'S RESPONSE TO THE FIRST OMBNIBUS OBJECTION TO PROOFS OF CLAIMS (D.E. # 4775)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204);  FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816);  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4838-8910-6600.1

Hain Capital Investors Master Fund Ltd. ("Hain"), by and through its undersigned counsel, hereby submit this response (the "Response") to the First Omnibus Objection to Proofs of Claim (the "Objection") (D.E. #4775).  In short, although the Court has not technically signed an order approving the Debtors' assumption and assignment of its executory Supply Agreement with Winiadaewoo Electronics America, Inc. ("Winiadaewoo") to the Section 363 buyer of substantially all the Debtors' assets, Transform Holdco LLC ("Transform"), the Court should nevertheless rule based upon indisputable facts that under Sections 105 and 365 of the Bankruptcy Code and equitable principals of law that Transform is liable for and must immediately pay to Hain the outstanding "cure costs" due under and inseparable from that contract, specifically $6.1 million.  In furtherance of this Response, Hain states:

## PRELIMINARY STATEMENT

1. Hain is the holder and owner since January 29, 2019 of a specifically identifiable claim arising from and payable under an executory contract between the Debtors and one of its key suppliers, Winiadaewoo.  That claim consists of specific "cure costs" which must be paid to Hain in full under Section 365 because the contract has effectively been assumed and assigned to Transport, who accepted that assignment by its prior and current actions in connection with the Supply Agreement and dealings with Winiadaewoo.  The fact that Hain's "cure costs" claim also is a priority administrative claim against the estates under Section 503(b)(9) does not change this required conclusion. Any limitation in the purchase agreement with Transform on its obligation to pay claims arising under Section 503(b)(9) also does not affect this result.

2. Hain asserts Transform's conduct relating to the Supply Agreement, including Transform's execution of and performance under an amendment thereto, (a) equitably estops or prevents Transform from denying that a binding assumption and assignment has occurred under Section

4838-8910-6600.1

365 or (b) constitutes a *de facto* acceptance of the assumption and assignment of the Supply Agreement. A contrary ruling improperly deprives Hain of its property rights expressly protected by Section 365 and state law and unfairly allows Transform, as the Section 363 buyer, to obtain the benefits of an assumed and assigned contract without accepting its burdens. To the extent Transform attempts to withdraw its acceptance of the assignment of the Supply Agreement, for the same reasons, this Court should prohibit that effort and the resulting inequitable outcome.

## BACKGROUND

3. The Debtors filed voluntary chapter 11 bankruptcy petitions on October 15, 2018 (the "Petition Date"). As part of the Debtors' plan to emerge from bankruptcy, the Debtors entered into an Asset Purchase Agreement on January 17, 2019 to sell substantially all of its assets to Transform. The Asset Purchase Agreement also contemplated that Transform would accept executory contracts that Transform designated, which assumption and assignment under Section 365 required Transform's payment of "cure costs" due under the subject contract.

4. On January 18, 2019, as contemplated in the Asset Purchase Agreement, the Debtors filed a Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction (the "Potential Assumptions") (D.E. #1731).

5. The Potential Assumptions listed the Supply Agreement for Refrigeration Products (the "Supply Agreement") between Winiadaewoo and the Debtors (D.E. #1731) but did not list any specific cure amounts. The Debtors and Winiadaewoo, a manufacturer and key supplier of consumer goods sold by the Debtors under the "Kenmore" brand and other labels, were conducting business at the time of the bankruptcy petition.

6. Winiadaewoo filed a limited objection (D.E. #1809) to the Potential Assumption on January 25, 2019, asserting the cure amount at $24,115,615.17, which was inclusive of Hain's 503(b)(9) Claims (defined below).

7. Winiadaewoo had earlier filed a number of claims against the Debtors in their bankruptcy proceedings arising out of the Supply Agreement, including four section 503(b)(9) claims, Claim Nos. 8339, 8342, 8344, and 8348 (the "503(b)(9) Claims").[2] The 503(b)(9) Claims total $6,164,992.61 and are based on goods supplied under the Supply Agreement and are a component of sums due and owing the Supply Agreement.

8. On January 29, 2019, Winiadaewoo assigned to Hain the 503(b)(9) Claims component of its contract claim due and owing under the Supply Agreement. The Notice of Transfer of the claim was filed with the Court on February 15, 2019 (D.E. #4996). As of that date, two, rather than one, counter-parties, had rights to payment from the Debtors arising under the Supply Agreement.

9. On February 8, 2019, the Court entered an Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief (the "Sale Order") (D.E. # 2507), with Transform and certain affiliates. Pursuant to the terms of the approved Asset Purchase Agreement, among other provisions, Transform agreed to be pay the "Cure Costs" of assumed contracts, in addition to the "Assumed 503(b)(9) Liabilities" as defined therein.

---

[2] Winiadaewoo timely filed their claims on November 2, 2018, which included contract amounts due that consisted of 503(b)(9) claims and also general breach of contract claims.

4838-8910-6600.1

10.     On April 4, 2019, while Transform and Winiadaewoo were negotiating (without Hain's knowledge, involvement, or consent) for Transform's agreement to accept the assumption and assignment of the Supply Agreement, Winiadaewoo's Chairman Jay Kim stated in an email to Transform's Chief Brand Officer Peter Boutros: "As I have mentioned previously, because we have already capitalized our administrative claims (503(b)(9) in the market, the following offer is based only on the general unsecured claims (prepetition)." Winiadaewoo understood, and Transform became aware, that another party had acquired the Section 503(b)(9) claim component arising under the Supply Agreement. Furthermore, the Notice of Transfer that Hain had acquired a portion of Winiadaewoo's claim was recorded on the bankruptcy docket and provided notice to all parties-in-interest, including Transform.

11.     On April 12, 2019, the Debtors filed a Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (D.E. # 3171), which extended the "Designation Rights Period" to May 3, 2019 for certain "Designatable Leases" and to May 13, 2019 for certain "Additional Contracts."

12.     On April 13, 2019, unknown to Hain, Transform and Winiadaewoo executed Amendment #3 to Supply Agreement for Refrigeration Products, dated April 13, 2019 ("Amendment #3"), a copy of which is attached hereto as **Exhibit 1** (which has been redacted as to certain financial information).[3] Amendment #3 contemplates a long term business relationship between Transform and Winiadaewoo. Amendment #3 does not (nor could it) release the 503(b)(9) Claims component due under the Supply Agreement owned by Hain at that time. Amendment #3 purports to state that Winiadaewoo waives any "cure costs" that Winiadaewoo had against the Debtors at the time;

---

[3] Hain has attached a redacted version of Amendment #3 that removes financial terms that are not relevant for the purpose of this response.

however, Amendment #3 does not address, much less waive, the "cure costs" obligation (e.g., the 503(b)(9) Claims) arising out of the Supply Agreement that that been transferred to Hain of record in this Case as of February 15, 2019. Transform was aware that another party owned a portion of the "cure costs."

13.     On April 26, 2019, at Transform's direction, the Debtors filed a Notice of Assumption and Assignment of Additional Executory Contracts (D.E. #3397), listing Winiadaewoo's Supply Agreement, Amendment #1 to the Supply Agreement, and Amendment #3 to the Supply Agreement as a contract that Transform was designating for assumption and assignment as authorized by the Sale Order (the "Additional Assumption Notice"). Without addressing the 503(b)(9) Claim owned by Hain, the Debtors listed in Exhibit 1 at Ref. #'s 64-67 under "Comments" that "Cure amount resolved."

14.     On May 6, 2019, Winiadaewoo filed a Limited Objection of Winiadaewoo Electronics America, Inc. To Debtors' Notice of Assumption and Assignment of Additional Executory Contracts (D.E. # 3645) ("Winiadaewoo Assignment Objection"). Winiadaewoo specifically did not object to assumption and assignment but noted that the priority 503(b)(9) Claim remained outstanding as a "cure amount."

15.     Shortly after being informed by Winiadaewoo of the Additional Assumption Notice, on May 20, 2019, Hain filed the Hain Capital Group LLC's Limited Objection to and Motion for Clarification Regarding Debtors' Notice and Assignment of Additional Executory Contracts (D.E. #3958).[4] Hain noted that the previously assigned portion owing under the Supply Agreement could not be waived by Winiadaewoo or Transform and that Hain had not waived any of its claim. Hain did not object to the assumption and assignment to Transform of the Supply Agreement; however,

---

[4] At this time, the law firm of Brown Rudnick LLP represented Hain.

Hain stated that the obligation for payment of sums due under that contract (which were assigned to it) remained outstanding.

16. Upon information and belief, since on or shortly after April 13, 2019, and continuing thereafter, Transform and Winiadaewoo have engaged in business with each other under the supply and pricing terms of Supply Agreement, amended by Amendment #3, whereby Winiadaewoo sells goods to Transform and Transform pays Winiadaewoo for those goods. Upon information and belief, that business has amounted to millions of dollars in sales since then and is continuing.

17. In the Objection, the Debtors state the 503(b)(9) Claims should be disallowed in its entirety and expunged because "[t]he Claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC." Of course, this position would be correct if Transform is held liable to pay the 503(b)(9) Claims held by Hain as "cure costs" as required by Section 365 and the Asset Purchase Agreement.

18. It is indisputable that Hain has not released or waived its right to recover "cure costs" due to it upon Transform's assumption of the Supply Agreement, again which happens to also constitute a priority administrative claim under Section 503(b)(9).

## ARGUMENT

19. The Debtors' Objection should be sustained <u>subject to and provided that</u> Transform is deemed by decree of the Court that the Supply Agreement has been assumed by the Debtors and assigned to and accepted by Transform under Section 365 and that Transform is ordered to immediately pay to Hain the outstanding sums equating with the 503(b)(9) Claims as "cure costs." Transform's obligation to pay "cure costs" under the Asset Purchase Agreement is separate and independent of its obligations for certain claims allowed under Section 503(b)(9) that are not part and parcel of "cure costs" under assumed executory contracts.

20.    Notwithstanding the fact that the Debtors' assumption and Transform's acceptance of the assignment was not technically blessed by this Court's formal order, this Court should under its authority pursuant to 11 U.S.C. Sections 105 and 365, and well as the application of "equitable estoppel" principles preclude Transform, after having obtained the benefits of its new relationship with Winiadaewoo, from avoiding paying the unwaived "cure amounts" due to Hain that arise out of the Supply Agreement—that is, the 503(b)(9) Claims. S*ee generally In re Texaco Inc.,* 254 B.R. 536, 560-63 (Bankr. S.D.N.Y. 2000) (holding where debtors continued operating under contracts, derived economic benefits of those contracts, and stated it was going to assume those contracts, the debtors were equitably estopped from arguing post-confirmation that the contracts were not assumed notwithstanding an order to that effect), *In re Global Western Dev. Corp.,* 759 F.2d 724, 727 (9th Cir. 1985) ("As courts of equity, bankruptcy courts will 'look through the form to the substance of any particular transaction and may contrive new remedies where those in law are inadequate'….'Substantial right and injustice, rather than technical form, control." (citations omitted)), *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC,* 443 B.R. 295, 315 (Bankr. S.D.NY. 2011) ("bankruptcy courts are empowered to utilize their equitable powers under section 105(a) where appropriate 'to facilitate the implementation of other Bankruptcy Code provisions." (citations omitted)). Transform executed Amendment #3, knowing that an outstanding component of the "cure costs" claim was held by another party, and then engaged in operations under and reaped the benefits of the Supply Agreement, as amended.

21.    Alternatively, by virtue of the above-described conduct, there has been a *de facto* assumption of the Supply Agreement but no corresponding payment of the clearly owing "cure costs" that arise out of that same assumed executory contract. Black's Law Dictionary (11th ed. 2019) defines *de facto* as "actual; existing in fact; having effect even though not formally or legally

recognized." This matter is the precise type of case that the legal doctrine was intended to address. In other words, a "form over substance" argument cannot not extinguish what has occurred in fact and the authorities will recognized that action. Here, the evidence will show that, although Transform did not wait for this Court's formal approval before commencing to engage in business with the Debtors' supplier under the guise of the Supply Agreement, it in fact has operated as if the contract was assumed and the assignment thereof accepted by Transform.

22. The cases and statutes and the rationale relied upon in this Response stand for the proposition that a bankruptcy court has the ability to fashion remedies to prevent parties in bankruptcy cases from taking improper and unfair advantage of other constituents. To rule otherwise also harms the Debtors' estates because they transferred an intact key supplier relationship to a Section 363 buyer without getting the benefit of the buyer agreeing to pay the "cure costs" that are otherwise an obligation of the buyer that takes a debtor's executory contract under Section 365. A ruling that that the Supply Agreement was not assumed and assigned to Transform leaves the estate with a priority administrative burden of more than $6 million.[5]

23. Thus, the Court should find the Supply Agreement was assumed and assigned under Section 365 and accepted by Transform no later than as of April 13, 2019, when Amendment #3 was executed, and order Transform to immediately pay to Hain the amount of the 503(b)(9) Claims as the "cure costs," plus interest at the federal judgment rate since the aforesaid date as the sums claimed due were liquidated as of that point in time.

24. The Court also should deny and preclude any effort by Transform to withdraw the Supply Agreement as a designated and accepted contract. Any argument that the Supply Agreement can

---

[5] In the event the Court determines the Supply Agreement has not been assumed and assigned under Section 365, Hain retains its rights to an administrative priority claim under Section 503(b)(9), including its rights arising under the agreement with the Debtors and Official Committee of Unsecured Creditors.

be withdrawn by Transform as an accepted assumed and assigned executory contract because the amount "cure amounts" owing has not been determined was lost when Transform chose to proceed to operate under and receive the business and economic benefits of the Debtors' relationship and Supply Agreement with Winiadaewoo.

## RESERVATION OF RIGHTS

25.     Hain reserves the right to amend, modify, and/or supplement its Response to the Debtors' Objection and any filings by Transform or Winiadaewoo.

## CONCLUSION

WHEREFORE, Hain respectfully requests the Court to sustain the Debtors' Objection subject to the conditions articulated above, specifically adjudicating that Supply Agreement has been assume and assigned to Transform and Transform is liable to pay Hain as "cure costs" $6.1 million plus interest.

Dated: October 2, 2019

*/s/ Carly S. Everhardt*
FOLEY & LARDNER LLP
Carly S. Everhardt
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Email: ceverhardt@foley.com

-and-

Mark J. Wolfson (*pro hac* admission granted)
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 225-4119
Facsimile: (813) 221-4210
E-mail:  mwolfson@foley.com

*Counsel to Hain Capital Investors Master Fund, Ltd.*

# **CERTIFICATE OF SERVICE**

I, Carly S. Everhardt, certify that I caused a copy of *Hain Capital Investors Master Fund Ltd.'s Response to the First Omnibus Objection to Proofs of Claims (Satisfied Claims)* (D.E. #4775) to be served upon the parties on October 2, 2019 (i) who receive electronic notifications by operation of the Court's electronic notification system; and (ii) to be served via U.S. mail on upon the parties listed below:

Chambers of the Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq., Attorneys for the Debtors
Weil, Gotshal, & Manges LLP
767 Fifth Avenue
New York, NY 10153

Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.
Attorneys for the Official Committee of Unsecured Creditors
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Sean A. O'Neal, and Esq. Luke A. Barefoot, Esq.
Attorneys for Transform Holdco
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

Hyun Suk Choi, Esq. and Chull S. Park
Attorney for Winiadaewoo Electronis America, Inc.
11 Broadway, Suite 615
New York, NY 10004


Dated:  New York, New York
        October 2, 2019

                                                  */s/ Carly S. Everhardt*
                                                  Carly S. Everhardt
                                                  **FOLEY & LARDNER LLP**
                                                  90 Park Avenue
                                                  New York, New York 10016-1314
                                                  Telephone: (212) 682-7474
                                                  Facsimile: (212) 687-2329
                                                  E-mail: ceverhardt@foley.com

4838-8910-6600.1