**Hearing Date and Time:** October 3, 2019 at 10:00 am (Prevailing Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney
Sean A. O'Neal
Luke A. Barefoot
Chelsey Rosenbloom
One Liberty Plaza
New York, New York  10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for ESL Investments Inc. and certain of its affiliates and Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

---

1       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR-Rover De Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RESPONSE OF ESL INVESTMENTS, INC. AND TRANSFORM HOLDCO LLC TO JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS AND ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM**

ESL Investments, Inc. and certain of its affiliated entities (including JPP, LLC and JPP II, LLC) (collectively, "ESL") in their capacities as creditors of Sears Holdings Corporation and certain of its affiliates (collectively, "Sears" and with respect to its Chapter 11 affiliates, the "Debtors"), and Transform Holdco LLC ("Transform"), the buyer under the Asset Purchase Agreement (as defined in the Plan), by their undersigned counsel, hereby submit this supplemental response (the "Response") pursuant to section 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with respect to the confirmation of the Debtors' proposed *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Docket No. 5293] (the "Revised Plan" or the "Plan") and entry of the proposed confirmation order approving the Debtors' Administrative Expense Claims Consent Program,[2] reflected in the *Notice of Filing of Revised Administrative Expense Claims Consent Program Term Sheet with the Ad Hoc Vendor Group and Creditors' Committee* [Docket No. 5301] (the "Administrative Expense Claims Consent Program Term Sheet"). In support of this Response, ESL and Transform respectfully state as follows:

## BACKGROUND AND ARGUMENT

1. ESL timely filed limited objections to the Plan, the Plan Supplement and the Disclosure Statement [Docket Nos. 4718, 4759, 4786, 5192] (collectively, the "Prior Responses") and reserved all rights to amend or supplement such Prior Responses.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Revised Plan.

2. At around 11:00 PM on October 1, 2019, less than 36 hours before the confirmation hearing rescheduled for October 3, 2019, the Debtors filed the Revised Plan, the Administrative Expense Claims Consent Program Term Sheet, and a supplemental memorandum of law supporting confirmation of the Plan [Docket No. 5296] (the "Supplemental Confirmation Brief," together with the Revised Plan and the Administrative Expense Claims Consent Program Term Sheet, the "Supplemental Confirmation Pleadings").

3. ESL and Transform are continuing to review the recently-filed Supplemental Confirmation Pleadings and submit this Response, supplementing their Prior Responses, in order to address issues raised by the Debtors' Supplemental Confirmation Pleadings, to seek clarifications with regards to the Administrative Expense Claims Consent Program Term Sheet, and to preserve their rights.

4. First, ESL seeks a clarification that any assets that may still be present in the Litigation Funding Account, the Cash Reserve Account and the Segregated Account (each as defined in the Administrative Expense Claims Consent Program Term Sheet) will be available to satisfy the ESL Secured and 507(b) Priority Claims if and when those claims are allowed on appeal. The Debtors' Revised Plan provides, in section 11.4(b), that if a Disputed Claim ultimately becomes an Allowed Claim, such Claim will first be paid from the Disputed Claims Reserve and if such payment is insufficient, the holder "shall receive such insufficiency on the next subsequent Distribution Date(s) from Liquidating Trust Assets." Plan at 64-65. While the Plan defines Liquidating Trust Assets broadly to include "all assets of the Debtors that are not distributed on or prior to the Effective Date," Plan at 11, it is ambiguous whether the Litigation Funding Account, the Cash Reserve Account and the Segregated Account will constitute Liquidating Trust Assets from which distributions to Disputed Claims that ultimately become Allowed can be made.

5. Indeed, certain provisions in the Supplemental Confirmation Pleadings suggest that the Debtors intend to insulate the Litigation Funding and Cash Reserve from serving as a source to satisfy the ESL Secured and 507(b) Priority Claims and the Other 507(b) Priority Claims (in addition to other Administrative Expense Claims), even if those secured and super-priority Claims are ultimately allowed. Specifically, when describing the assets available to satisfy the Settled Administrative Expense Claims, the Administrative Expense Claims Consent Program Term Sheet provides that "all Net Proceeds of Total Assets *other than the Litigation Funding and the Cash Reserve* . . . shall be made available for Distributions on account of all Settled Administrative Expense Claims. . . . ," Administrative Expense Claims Consent Program Term Sheet at 5 (emphasis added). The Debtors' description of the Litigation Funding and the Cash Reserve suggests that these amounts are segregated for a purpose other than paying Administrative Expense Claims. Administrative Expense Claims Consent Program Term Sheet at 3. Additionally, Section 1.3(b) of the Liquidating Trust Agreement provides that cash in an anticipated amount of approximately $25 million "shall be set aside out of the Liquidating Trust Assets" and that such amount "may be increased from time to time during the term of the Liquidating Trust from the proceeds of the Liquidating Trust Assets or from such other sources as may be determined in the sole discretion of the Liquidating Trust Board." In effect, this could be read to create an endless evergreen retainer of an unknown amount, providing the Liquidating Trust Board with an open-ended ability to move assets out of the reach of all creditors, including secured and super-priority administrative creditors.

6. ESL, of course, recognizes that it will have no right to payment, unless and until it prevails on its appeal. But should ESL prevail, its ability to collect on traceable collateral proceeds

or to assert its section 507(b) statutory priority claim cannot lawfully be compromised by these "self-help" measures.

7. <u>Second</u>, Transform seeks a clarification with respect to the language in the Administrative Expense Claims Consent Program Term Sheet which provides that 503(b)(9) Claims excludes "any amounts paid by Transform on account thereof (including amounts that otherwise would have been 503(b)(9) Claims but were paid as part of cure obligations in connection with assumed and assigned contracts)." Administrative Expense Claims Consent Program Term Sheet at 2. This language appears to be intended to state that amounts previously paid by Transform under the Asset Purchase Agreement will not be subject to a retro-active discount, a proposition Transform understands. But the language is not clear. Transform seeks a clarification of the language to avoid later confusion.

## RESERVATION OF RIGHTS

8. Because the Administrative Expense Claims Consent Program Term Sheet was filed so close to the confirmation hearing, ESL and Transform continue to review its terms and reserve all rights, including but not limited to, a) Transform and the Debtors' respective obligations under the Asset Purchase Agreement and b) all rights relating to the ESL 507(b) Priority Claims. ESL and Transform further reserve the right to supplement this Response.

## CONCLUSION

9. For the reasons stated above, ESL and Transform seek clarification that 1) the Litigation Funding, Cash Reserve and the Segregated Account are not immune from later-Allowed Claims held by ESL and Transform and 2) the language in the Administrative Expense Claims Consent Program Term Sheet is only intended to state that amounts previously paid by Transform under the Asset Purchase Agreement will not be subject to a retro-active discount.

Dated: October 2, 2019
      New York, New York

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   */s/ Sean A. O'Neal*
      Thomas J. Moloney
      Sean A. O'Neal
      Luke A. Barefoot
      Chelsey Rosenbloom
      One Liberty Plaza
      New York, NY 10006
      Telephone: (212) 225-2000
      Fax: (212) 225-3999

      *Attorneys for ESL Investments, Inc. and certain of its affiliates and Transform Holdco LLC*