THE TSANG LAW FIRM, PC
MICHAEL TSANG
40 WALL STREET, 26TH FLOOR
NEW YORK, NY 10005
TELEPHONE:  (212) 227-2246
EMAIL:  MTSANG@TSANGLAWFIRM.COM

*Counsel for Pepperidge Farm, Incorporated*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

------------------------------------------------------------------ x

**PEPPERIDGE FARM'S RESPONSE TO**
**DEBTORS' FIFTH OMNIBUS OBJECTION TO PROOF OF CLAIMS**

Pepperidge Farm, Incorporated ("Pepperidge Farm"), by and through its undersigned counsel, responds to *Debtors' Fifth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* ("5th Omnibus Objection") and states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CLAIMANT AND EXPLANATION OF CLAIMS**

1. On April 8, 2019, Pepperidge Farm filed Proof of Claim No. 14464 in the amount of $29,233.71 (the "Claim") for goods sold, delivered, and received in the ordinary course of business within twenty (20) days prior to the filing of Debtors' petition.

2. In the 5th Omnibus Objection, Debtors objected to the Claim and asserted that the amount should be reclassified as a general unsecured claim. [Doc 5031, Ex. A, p. 30 of 47, No. 100 ("The Claim relates to goods received by the Debtors outside the applicable 20-day window.")].[2]

**STATEMENT IN OPPOSITION OF OMNIBUS OBJECTION**

3. Pepperidge Farm timely filed the Claim and attached invoice and purchase order information. *See* Claim, No. 14464.

4. Once the Claim was filed, the burden shifts to Debtors to overcome the Claim's prima facie evidence of validity. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion. The burden then shifts to the claimant *if the objector produces evidence equal in force to the prima facie case* . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.") (Emphasis added); *In re Adelphia Communs. Corp.,* Case No. 02-41729, 2007 WL 601452, *5 (Bankr. S.D.N.Y. Feb. 20, 2007) ("Because a properly filed proof of claim is deemed allowed until objected to, such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case."); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (holding that the burden of proof rests with the objecting party until

---

2 Pepperidge Farm is filing this response on October 3, 2019, because Debtors gave Pepperdige Farm a two-week extension to file a response to give the parties more time to negotiate.

"the objector produces evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.") (citation omitted). Only when sufficient evidence is produced to negate the prima facie validity of a properly filed claim does the burden shift back to the creditor to establish by a preponderance of the evidence that the claim is valid. *In re Oneida Ltd.*, 400 B.R. at 389; *In re DJK Residential LLC*, 416 B.R. at 104.

5. Debtors have produced no evidence that the Claim is legally insufficient. Instead, Debtors summarily claimed that the Claim should be reclassified as a general unsecured claim. By making nothing more than a conclusory objection and offering no factual evidence or legal argument to refute the validity or amount of the Claim, the Debtors have not carried their burden in disputing the prima facie validity of the Claim. Accordingly, the Objection is insufficient to overcome the prima facie validity of the Claim and should be overruled, and the Claim should be allowed in full.

6. In addition, attached hereto as **Exhibit A** is a spreadsheet in further support of the Claim.

### NOTICE AND ADDITIONAL ADDRESSES

7. All notice, reply and/or communication relating to the Claim should be addressed to Pepperidge Farm's designated representative:

> Connie A. Lahn
> Barnes & Thornburg LLP
> 225 South Sixth Street, Suite 2800
> Minneapolis, MN 55402
> Email: connie.lahn@blaw.com
> Phone: (612) 367-8706

### RESERVATION OF RIGHTS

8. Pepperidge Farm hereby expressly reserves all of its rights, claims, counterclaims,

defenses and remedies, including but not limited to the rights of setoff and/or recoupment, under the Bankruptcy Code and applicable non-bankruptcy law. Pepperidge Farm also reserves the right to amend, modify or supplement this Response.

## **CONCLUSION**

WHEREFORE, Pepperidge Farm requests entry of an order denying Debtors' objections to the Claim and all other just and proper relief.

Dated: October 3, 2019

**PEPPERIDGE FARMS, INCORPORATED**

*/s/ Michael Tsang*
The Tsang Law Firm, PC
Michael Tsang
40 Wall Street, 26th Floor
New York, NY 10005
Telephone: (212) 227-2246
Email: mtsang@tsanglawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2019, an electronic copy of the foregoing was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in this bankruptcy proceeding.

                                      */s/ Michael Tsang*
                                      Michael Tsang, Esq.