**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :     **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :
                                                               :     **Case No. 18-23538 (RDD)**
                                                               :
Debtors.[1]                                                    :     **(Jointly Administered)**
---------------------------------------------------------------x

## ORDER AUTHORIZING MODIFICATION OF RETIREE BENEFITS

Upon the motion, dated July 29, 2019 (ECF No. 4635) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order under 11 U.S.C. § 1114 authorizing modification of retiree benefits, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

January 31, 2012 (Preska, C.J.); and upon consideration of the Motion and the Murphy Declaration; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon consideration of the objection filed by the Retiree Committee (ECF No. 4768) and joinder filed by the Secretary of the United States Department of Labor (the "**DOL**") (ECF No. 4762), and the Debtors' Reply in support of the Motion (ECF No. 4885) and all of the other pleadings and proceedings herein relevant to the Motion, including the post-Hearing correspondence from counsel for the DOL and counsel for the Debtors; and the Court having held a hearing to consider the relief requested in the Motion on October 3, 2019 (the "**Hearing**"); and the Debtors, the Retiree Committee, and the Official Committee of Unsecured Creditors having reached agreement on the terms of the Proposal; and upon the record of and representations made at the Hearing; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is fair and reasonable, in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and a proper exercise of the Debtors' business judgment; and god and sufficient cause appearing therefor,

            **IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted as set forth herein.

2.     The Debtors are authorized, pursuant to section 1114 of the Bankruptcy Code and the terms of this Order, to terminate the Retiree Plan effective March 15, 2019.

3. The Debtors are authorized to implement, and perform under, the terms of the revised Proposal attached hereto as **Exhibit 1**, and to take any and all actions that may be reasonably necessary or appropriate to effectuate the same, perform all obligations contemplated under the revised Proposal, and carry out this Order.

4. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (a) an admission as to the validity of any individual claim against the Debtors, (b) a waiver of the Debtors' or the Liquidating Trust's, once formed, rights to dispute any claim, or (c) an assumption under section 365 or any other section of the Bankruptcy Code of, or a postpetition re-affirmation of, the Retiree Plan, the Policies, or any other agreement.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 7, 2019
      White Plains, New York

                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

WEIL:\97154896\4\73217.0004

**Exhibit 1**

WEIL:\97154896\4\73217.0004