Perry R. Clark (California Bar No. 197101)
*Pro Hac Vice Application filed September 27, 2019 (Doc. 5252)*
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA  94303
Telephone: (650) 248-5817
Email: perry@perryclarklaw.com

*Counsel for WiniaDaewoo Electronics America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**<u>SUPPLEMENTAL AUTHORITY IN SUPPORT OF AMENDED BRIEF IN SUPPORT
OF THE RESPONSE OF WINIADAEWOO TO DEBTORS' FIRST OMNIBUS
OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS)</u>**

1.    Winiadaewoo Electronics America, Inc. ("**Winiadaewoo**") submits this brief containing supplemental authority in support of its Amended Brief in Support of the Response of

---

[1] The debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Winiadaewoo to Debtor's First Omnibus Objection to Proofs of Claim (Satisfied Claims) (Doc. 4996).

2. The Debtors are obligated to pay cure costs for the 503(b)(9) claims that Winiadaewoo assigned to Hain prior to the Sale Order (Doc. 2507).

3. On or around January 29, 2019, Winiadaewoo sold its 503(b)(9) claims to Hain. Kim Decl., ¶ 11 and Ex. A (Doc. 4989).

4. On February 5, 2019, Winidaewoo filed proofs of claim for the 503(b)(9) claims that were assigned to Hain for $6,164,992.61 (Proof of Claim Nos. 8339, 8342, 8344, and 8348).

5. On February 5, 2019, Winidaewoo filed proofs of claim for its general prepetition claims that were not assigned to Hain for $13,924,585.59 (Proof of Claim Nos. 8337, 8343, 8347, and 8349).

6. On February 8, 2019, the Court entered its *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* ("Sale Order"; Doc. 2507).

7. Paragraph 28 of the Sale Order stated that "the Debtors are hereby authorized . . . to assume and assign the Assigned Agreements to the Buyer." Doc. 2507 at ¶ 28.

8. Because Debtors were not authorized to assume and assign the agreement with Winiadaewoo until after February 8, 2019, Winiadaewoo could not have waived any cure costs due to Hain for the 503(b)(9) claims which had been assigned to Hain on January 29, 2019.

9. "A debtor in possession may not assume and assign an executory contract if he has defaulted on it unless he satisfies the bankruptcy court that he's cured the default, 11 U.S.C. § 365(b)(1)." *In re XMH Corp.*, 647 F.3d 690, 693, 2011 U.S. App. LEXIS 15372, *6, 99 U.S.P.Q.2D (BNA) 1393, 1395, 55 Bankr. Ct. Dec. 56 (7th Cir. 2011).

10. Here, by the time the Sale Order entered on February 8, 2019, Winiadaewoo no longer had any capacity to waive any cure for the 503(b)(9) claims that were assigned to Hain.

Those claims had been assigned to Hain on January 29, 2019. And as a result of that assignment, Hain was substituted for Winiadaewoo for all purposes related to the 503(b)(9) claims. "A claim transfer does not change the nature of the claim in bankruptcy; rather, it creates a substitution of parties." *Enron Corp. v. Ave. Special Situations Fund II, LP (In re Enron Corp.)*, 340 B.R. 180, 199, 2006 Bankr. LEXIS 541, *48, 46 Bankr. Ct. Dec. 71, 2006 WL 897842 (S.D.N.Y 2006) ("Bankruptcy Rule 3001(e)(2) regarding the 'transfer of claim' states that 'if a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.' 11 U.S.C. § 3001(e)(2). 'Substitute' means 'one who stands in another's place.' BLACK'S LAW DICTIONARY 1470 (8th ed. 2004). To 'substitute' means to 'to put or use in place of another.' AMERICAN HERITAGE COLLEGE DICTIONARY 1377 (4th ed. 2002)"). The Second Circuit confirms that an assignee succeeds to all the rights of the assignor. *See Citibank, N.A. v. Tele/Resources, Inc.*, 724 F.2d 266, 269 (2d Cir. 1983).

11. As a result of the assignment to Hain, Winiadaewoo could not have waived any cure costs arising from the 503(b)(9) claims because, by the time the Sale Order entered on February 8, 2019, Hain had already been substituted for Winiadaewoo as the owner of those claims. And, as a result, Debtors remain liable for the cure cost due for the 503(b)(9) claims assigned to Hain.

## RESERVATION OF RIGHTS

Winiadaewoo reserves the right to amend, modify, and/or supplement it response to Debtors' Objection and continues to reserve its right to contest the alleged satisfaction and/or release of the 503(b)(9) claims.

Dated:  October 9, 2019
        Palo Alto, California             Respectfully submitted,

                                          /s/ *Perry R. Clark*
                                          Perry R. Clark
                                          Email: perry@perryclarklaw.com
                                          Law Offices of Perry R. Clark

825 San Antonio Road
Palo Alto, CA 94303
Tel.: 650-248-5817

*Attorney for Creditor*
Winiadaewoo Electronics America, Inc.