**Response Deadline:** October 10, 2019 at 4:00 pm (Eastern Time)
**Hearing Date and Time:** To Be Announced

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
One Liberty Plaza
New York, New York  10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TRANSFORM HOLDCO LLC TO THE PROPOSED STIPULATION AND ORDER BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS, AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING 2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND**

Transform Holdco LLC ("Transform"), the buyer under the APA,[2] by its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection")[3] with respect to the *Proposed Stipulation and Order by and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (the "Proposed Stipulation and Order") [Docket No. 5322] dated as of October 3, 2019.[4] In support of this Limited Objection, Transform respectfully states as follows:

1. On February 8, 2019, the Court approved the sale of substantially all of the above-captioned Debtors' assets to Transform pursuant to the APA and entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") [Docket No. 2507].

---

[2] The "APA" shall mean the Asset Purchase Agreement filed as Ex. B to the Sale Order, as may be amended, restated or amended and restated including pursuant to Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [Docket No. 2599] and Amendment No. 2 to Asset Purchase Agreement filed as Ex. A to the *Notice of Filing Second Amendment to the Asset Purchase Agreement* [Docket No. 3880].

[3] In advance of filing this Limited Objection, Transform shared its objection and proposed revisions to the Proposed Stipulation and Order (as defined below) with counsel to the Debtors, the Village and the School District and will continue efforts to consensually resolve this Limited Objection without the need for Court involvement.

[4] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Proposed Stipulation and Order.

2.      The Sale Order and the APA established a process permitting Transform to designate executory contracts for assumption and assignment for up to sixty (60) days after the February 11, 2019 closing date (the "Closing").  The Designation Rights Period was subsequently extended to May 13, 2019 for certain executory contracts (as extended, the "Designation Rights Period").  *See Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* [Docket No. 3171].[5]

3.      On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") [Docket No. 3008], which established a process for the assumption and assignment of executory contracts by filing and serving notices designating certain executory contracts for assumption and assignment.

4.      On May 2, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Executory Contracts* (the "Assumption Notice") [Docket No. 3539] pursuant to which the EDA Agreement was designated for assumption and assignment to Transform.

5.      On May 10, 2019, the School District filed the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (the "Assumption and Assignment Objection") [Docket No. 3783].  Under the Assumption and Assignment Order, the assumption and assignment of the EDA Agreement to

---

[5]     On a limited basis, even after the expiration of the Designation Rights Period, the Debtors have consented to certain additional contract designations.  *See, e.g.*, *Notice of Assumption and Assignment of Additional Executory Contracts* [Docket No. 4148], dated June 7, 2019.

Transform has not become effective because the Assumption and Assignment Objection has not yet been resolved.[6] *See* Assumption and Assignment Order, ¶ 27.

6. Transform is a party to the Illinois Action and has an interest in the EDA Funds that are the subject of the Proposed Stipulation and Order.

7. Transform files this Limited Objection to clarify its rights as a potential assignee of the EDA Agreement.

8. <u>First</u>, under paragraph 1.vii of the Proposed Stipulation and Order, the School District agrees to "[r]elease all rights to recovery against the Debtors or their bankruptcy estates" while preserving the right to "seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee." To the extent Transform takes assignment of the EDA Agreement, Transform will receive the benefit of such release as the Debtors' assignee, including, for the avoidance of doubt, the School District's release of its rights to seek recovery for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds. It is axiomatic that an assignment "merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged" and that "the assignee simply moves into the shoes of the assignor." *Citibank, N.A. v. Tele/Resources, Inc.*, 724, F.2d 266, 269 (2d Cir. 1983).

9. <u>Second</u>, under paragraph 2 of the Proposed Stipulation and Order, the Debtors "agree to relinquish any right they may have . . . with respect to EDA Funds consisting of property taxes levied for tax year 2018 . . . and . . . any subsequent years' EDA Funds." To the extent Transform takes assignment of the EDA Agreement, the EDA Funds levied after the Closing will

---

[6] Pursuant to paragraph 17 of the Assumption and Assignment Order, Transform preserves its rights to withdraw the designation of the EDA Agreement for assumption and assignment at any time.

-4-

constitute "Acquired Assets" under the APA and become property of Transform. Accordingly, nothing in the Proposed Stipulation and Order is capable of waiving, extinguishing or otherwise releasing Transform's rights to such funds.

10. Transform has attached hereto as <u>Exhibit A</u> a revised version of the Proposed Stipulation and Order that would address these concerns on terms acceptable to it.

11. Transform reserves all rights to supplement this Limited Objection.

Dated:  October 10, 2019
        New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ *Luke A. Barefoot*
     Sean A. O'Neal
     Luke A. Barefoot
     One Liberty Plaza
     New York, NY 10006
     Telephone: (212) 225-2000
     Fax: (212) 225-3999

*Attorneys for Transform Holdco LLC*

**Exhibit A**

**Revised Stipulation and Order**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :
                                               :         Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :         Case No. 18-23538 (RDD)
                                               :
Debtors.¹                                      :         (Jointly Administered)
------------------------------------------------------------x
```

### STIPULATION AND ORDER
### BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS, TRANSFORM HOLDCO LLC, AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING 2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND

WHEREAS, on October 10, 2018, Community Unit School District 300 (the "**School District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears Holdings Corporation ("**SHC**," and together with certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**") in the Circuit Court of Cook County, State of Illinois (the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from SHC's alleged failure to comply with certain

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2

terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an economic development agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer ("**Sears**") (the "**EDA Agreement**") under to the EDA Act, pursuant to which the developer (as set forth in the EDA Act) receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

WHEREAS, at the time the School District filed the Illinois Action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds — if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement — were projected to be distributed fifty-five percent (55%) to Sears (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to section 362 of the Bankruptcy Code.

WHEREAS, on November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which the School District sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to the Illinois Action.

WHEREAS, on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280).

WHEREAS, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i) distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an agreement among the Village, the Debtors, and the School District (ECF No. 1548).

WHEREAS, following the distribution of the 45% Portion in accordance with the Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining 55% Portion, or approximately $9.7 million, which the Village continued to hold in the Special Tax Allocation Fund pursuant to the Stipulated Order.

WHEREAS, the School District objected to the Turnover Motion (ECF No. 2996) and, in the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow those issues to be litigated in the Circuit Court in connection with the Illinois Action.

WHEREAS, following a hearing on the Turnover Motion and the Abstention Motion on April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School District 300's Motion for Abstention* (ECF No. 3362) (the "**Abstention Order**") allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears $2,508,660.33 of the 2017 EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax Allocation Fund the balance of the 2017 EDA Funds in the amount of $7,153,317.

WHEREAS, following entry of the Abstention Order, the Village, the Debtors, and the School District filed in the Circuit Court their respective summary judgment cross-motions as to the issues raised in the Turnover Motion.

WHEREAS, Transform Holdco LLC, Transform SR Holding Management LLC, and TF Hoffman Estates IL LLC (collectively, "**Transform**" and together with the Village, the Debtors, and the School District, the "**Parties**") were named by the School District as defendants in the Illinois Action.

WHEREAS, the Debtors and the School District have reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as the same may be amended or modified, the "**Plan**").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Debtors, the Village (solely in respect of paragraphs 3, 5, 6, and 16 through 25 hereof), Transform, and the School District, and upon Bankruptcy Court approval it shall hereby be **ORDERED** that:

1. Subject to the terms and conditions of this Stipulation and Order, the School District agrees to:

    i. Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether asserted or not, known or unknown;

    ii. Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds;

    iii. Dismiss with prejudice all claims seeking a monetary recovery asserted against the Debtors (or the Debtors' assignee of the EDA Agreement, as applicable) in the Illinois Action and waive its right to recover from the Debtors, their bankruptcy estates, the Debtors' assignee of the EDA Agreement, as applicable, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, provided, however, that notwithstanding anything to the contrary in this paragraph 1.iii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy

5

estates, the Debtors' assignee of the EDA Agreement, as applicable, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, the Debtors' assignee of the EDA Agreement, as applicable, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors or the Debtors' assignee of the EDA Agreement, as applicable; and (c) seek declaratory relief to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign, the EDA Agreement, pursuant to section 365 of the Bankruptcy Code so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors or Debtors' assignee of the EDA Agreement;

iv. Withdraw with prejudice the *Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 4713) and *Supplemental Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 5005) (together with ECF No. 4713, the "**School District's Plan Objections**");

v. Withdraw with prejudice all of its voting ballots submitted as to the Plan, provided that the School District shall be deemed to have opted out of the third party releases set forth in Section 15.9(b) of the Plan;

vi. Withdraw with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor, except that such withdrawal shall not prejudice or be deemed to constitute a waiver of any claims or rights of the School District to: (a) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, the Debtors' assignee of the EDA Agreement, as applicable, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors or the Debtors' assignee of the EDA Agreement, as applicable; and (b) preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code so long as any such action is not inconsistent with this Stipulation and Order

and does not seek monetary relief including costs against the Debtors or Debtors' assignee of the EDA Agreement; and

    vii. Release all rights to recovery against Debtors, their bankruptcy estates, or the Debtors' assignee of the EDA Agreement, as applicable, including through a constructive trust, <u>provided, however</u>, that notwithstanding anything to the contrary in this paragraph 1.vii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, the Debtors' assignee of the EDA Agreement, as applicable, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors or the Debtors' assignee of the EDA Agreement, as applicable; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, the Debtors' assignee of the EDA Agreement, as applicable, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors or the Debtors' assignee of the EDA Agreement, as applicable; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors or Debtors' assignee of the EDA Agreement.

2.    In consideration of the mutual covenants and agreements contained herein and subject to the terms and conditions of this Stipulation and Order, Debtors agree to relinquish any right they may have, in whole or in part, whether asserted or not, known or unknown, with respect to EDA Funds consisting of property taxes levied for tax year 2018 that were extended and collected in calendar year 2019 in the Special Tax Allocation Fund (the "**2018 EDA Funds**").

3.    As a result of this Stipulation and Order, and there being no further claims or objections to the distribution of the balance of the 2017 EDA Funds residing in the Special Tax Allocation Fund, the Village is hereby ordered and directed to take all necessary steps to distribute such remaining 2017 EDA Funds in the manner described below:

    a. The Village is ordered and directed to disburse to Sears, as the developer, 2017 EDA Funds in the amount of $5,153,317.00 currently held in the Special Tax Allocation Fund; and

    b. Simultaneously with the disbursement to Sears, the Village is ordered and directed to disburse to the School District 2017 EDA Funds in the amount of $2,000,000.00 currently held in the Special Tax Allocation Fund that were otherwise to be disbursed to Sears as the developer pursuant to the EDA Act.

4.     The School District is hereby deemed to have withdrawn with prejudice its objection to the Turnover Motion (ECF No. 2996).

5.     The Parties hereby acknowledge that this Stipulation and Order fully settles those issues involving the disbursement and the recipients of the 2017 EDA Funds raised in the Turnover Motion (but not any EDA Funds related to other years), and that the payments to Sears and the School District referenced in paragraph 2 above shall fully and completely satisfy the Village's obligations to disburse the 2017 EDA Funds.

6.     Sears, the Village, Transform, and the School District shall request withdrawal of their respective motions and cross-motions for summary judgment with respect to the 2017 EDA Funds, which motions are currently pending before the Circuit Court in connection with the Illinois Action, as moot.

7.     In light of (i) the Debtors' and the School District's settlement as to distribution of the 2017 EDA Funds; (ii) the School District's release of all monetary claims asserted against the Debtors (or the Debtors' assignee of the EDA Agreement, as applicable) in the Illinois Action and waiver of its right to recover from the Debtors, their bankruptcy estates, the Debtors' assignee of the EDA Agreement, as applicable, and any Liquidating Trust and Liquidating Trustee claims with respect to EDA Funds consisting of property taxes levied prior to 2017; and (iii) the Debtors' relinquishment of any rights, claims, or interests they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds, Debtors stipulate that

8

they have no further interest in the Illinois Action. Accordingly, upon entry of this Stipulation and Order, the Illinois Action and any other issues or disputes arising from or related to the Debtors' compliance with the terms and conditions of the EDA Act and/or the EDA Agreement shall no longer be subject to the automatic stay under section 362 of the Bankruptcy Code, and shall not be subject to any discharge injunction imposed by the Bankruptcy Code, or any injunction imposed pursuant to any plan of liquidation or reorganization filed by the Debtors or other parties in interest, solely to permit the School District to take actions so long as they are consistent with this Stipulation and Order; provided that, for the avoidance of doubt, the School District shall not seek or enforce any judgment against the Debtors. Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee, may assume, or assume or assign, the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

8. The School District shall dismiss with prejudice all monetary claims to the extent provided in paragraph 1.iii. of this Stipulation and Order.

9. The School District is hereby deemed to have withdrawn with prejudice the School District's Plan Objections.

10. The School District is hereby deemed to have (i) withdrawn with prejudice all of its voting ballots submitted as to the Plan; and (ii) opted out of the third party releases set forth in Section 15.9(b) of the Plan.

11. The School District is hereby deemed to have withdrawn with prejudice all of the School District's Cure Objections, with the exception of its objections to assumption and

assignment of the EDA Agreement (asserted in the School District's Cure Objections, as well as in the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (ECF No. 3783)).

12. The School District is hereby deemed to have withdrawn with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor.

13. The School District is hereby deemed to have released with prejudice all rights to recovery against Debtors (or Debtors' assignee of the EDA Agreement) or their bankruptcy estates, including through a constructive trust.

14. The Debtors are hereby deemed to have relinquished any right, claim or interest they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds.

15. The School District and the Debtors, on behalf of themselves and their past, present, and future officers, directors, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other, as well as their past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of them from the beginning of the world to the date hereof, which arise out of, relate to, or are based upon Sears' entitlement to receive 2017 EDA Funds either in whole

or in part, including any claims arising under section 362 of the Bankruptcy Code. The language of this paragraph shall apply only as consistent with this Stipulation and Order.

16. Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability to the limited extent of any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from, out of or in any way related to the Village's compliance with this Stipulation and Order. Notwithstanding anything herein to the contrary, nothing in this Stipulation and Order is intended to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform, or any other party (other than the Debtors) may have related to the distribution and receipt of the EDA Funds and/or the compliance and/or non- compliance with the EDA Act or EDA Agreement in any year other than as expressly provided herein in respect of the 2017 EDA Funds.

17. For avoidance of doubt, nothing herein, including the distributions of the 2017 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or the School District's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions for summary judgment pending before the Circuit Court in connection with the Illinois Action, or (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement.

18. Nothing in this Stipulation and Order, including, without limitation, the School

District's withdrawal with prejudice of any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, is intended or shall be construed to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform Holdco LLC, Transform SR Holding Management, LLC, TF Hoffman Estates IL, LLC, or any other third party may have with respect to the Debtors' compliance with the EDA Act and/or EDA Agreement, disbursements of the 2018 EDA Funds or any subsequent years' EDA Funds, as well as any cure claims arising under, or the Debtors' ability to assume, or assume and assign, the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

19. In withdrawing with prejudice any complaint, claim, motion, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, in dismissing with prejudice all claims against SHC asserted in the Illinois Action, and in releasing all claims to EDA Funds consisting of property taxes levied prior to 2017 to the extent provided herein, the School District will not be deemed to have admitted that, nor will the Court be deemed to have made a finding with respect to: (i) the issue of whether the Village, SHC, or any other Debtor, to the extent relevant, have complied with the terms and conditions of the EDA Act and/or the EDA Agreement; (ii) the issue of whether the School District or other parties have valid cure claims under section 365 of the Bankruptcy Code; or (iii) whether the Debtors are entitled to assume, or assume and assign, the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

20. Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

21. This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which

together shall constitute one and the same instrument.

22. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

23. To the extent there is any inconsistency with the Plan, this Stipulation and Order shall supersede and govern.

24. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

25. Each Party reserves all of its rights and defenses (except to the extent such rights and defenses are waived, released or otherwise extinguished pursuant to this Stipulation and Order) with respect to the assumption and assignment of the EDA Agreement pursuant to the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3539).

(Signature page follows)

**CONSENTED AND AGREED TO:**

| VILLAGE OF HOFFMAN ESTATES | DEBTORS AND DEBTORS IN POSSESSION |
|---|---|
| By: */s/* <br> One of its Attorneys | By: */s/* <br> One of Their Attorneys |
| Michael Schein <br> Joshua Dunn <br> Vedder Price P.C. <br> 1633 Broadway, 31st Floor <br> New York, New York  10019 <br> (212) 407-7700 (telephone) <br> (212) 407-7799 (facsimile) | Ray C. Schrock, P.C. <br> Jared R. Friedmann <br> Sunny Singh <br> Jessie B. Mishkin <br> Weil, Gotshal & Manges LLP <br> 767 Fifth Avenue <br> New York, New York  10153 <br> (212) 310-8000 (telephone) <br> (212) 310-8007 (facsimile) |
| COMMUNITY UNIT SCHOOL DISTRICT 300 | TRANSFORM HOLDCO LLC |
| By: */s/* <br> One of its Attorneys | By: */s/* <br> One of its Attorneys |
| Kenneth Florey <br> Neal Smith <br> Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd. <br> 631 E. Boughton Road, Suite 200 <br> Bolingbrook, Illinois 60440 <br> (630) 929-3639 (telephone) <br> (630) 783-3231 (facsimile) | Luke A. Barefoot <br> Sean A. O'Neal <br> Cleary Gottlieb Steen & Hamilton LLP <br> One Liberty Plaza <br> New York, New York 10006 <br> (212) 225-2000 (telephone) <br> (212) 225-3999 (facsimile) |

**SO ORDERED THIS**
_____ DAY OF_____, 2019
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE