# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**ORDER MODIFYING THE AUTOMATIC STAY,
TO THE EXTENT APPLICABLE, TO PERMIT PAYMENT
OF DEFENSE COSTS UNDER THE DIRECTORS & OFFICERS POLICIES**

Upon the motion (the "Motion") of the Director Defendants[1] for entry of an Order modifying the automatic stay, to the extent applicable, to permit the Director Defendants to obtain payment under the D&O Policies of defense costs and expenses that the Director Defendants have incurred and will incur in the future in connection with the adversary proceeding captioned *Sears Holdings Corp.* v. *Lampert*, Adv. Pro. No. 19-08250 (RDD); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this adversary proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided under the circumstances; and after due deliberation thereon; and there being good and sufficient cause;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The automatic stay imposed by Section 362 of the Bankruptcy Code is hereby lifted, to the extent applicable, to permit the Director Defendants, and any other director who may later be named as a defendant, to seek payment of fees and expenses under the D&O Policies in connection with the Adversary Proceeding~~.~~, and to permit insurers under the D&O Policies to advance defense costs and any adverse costs awards claimed by the Director Defendants and any other director who may later be named as a defendant.

2. Nothing in this Order shall modify or alter the contractual rights and obligations established by the terms and conditions of the D&O Policies.

3. Nothing in this Order should be interpreted to suggest that proceeds payable under the D&O Policies are subject to the automatic stay in the underlying chapter 11 cases, which is an issue beyond the scope of this Order.

4. The Director Defendants, and any other director who may later be named as a defendant, will provide quarterly to counsel for the Debtors and, if in existence, the Creditors' Committee and the Liquidating Trust, an aggregate amount collectively received under the D&O Policies for each relevant policy year.

~~4.~~ 5. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____ 2019
      New York, New York

                                                              _____
                                                              Honorable Robert D. Drain
                                                              United States Bankruptcy Judge