RJB LAWYER, LLC
Robert J. Bruce
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 573-5498
(303) 571-1001 Facsimile
Attorneys for Synergetic Staffing, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 <br> : <br> : Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et al., | : <br> : |
| Debtors. 2 | : |

**MOTION OF SYNERGETIC STAFFING, LLC FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Synergetic Staffing, LLC also doing business as ARA, Inc., ("Synergetic Staffing")

hereby files this motion (the "Motion") for entry of an order, substantially in the form attached

hereto as Exhibit A (the "Proposed Order"): (i) allowing Synergetic Staffing's administrative

expense claim, pursuant to 11 U.S.C. § 503(b)(1) for services provided to or for the benefit of the

Debtors on or after the Petition Date (defined herein); (ii) directing payment of Synergetic Staffing's

administrative expense claim, in accordance with an Order of the Court, or an

---

2 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Order confirming that certain Plan, as amended and ultimately approved by the Court; and (iii) reserving all rights to proceed against third-parties, including Transform (as defined herein), to the extent necessary. In support of this Motion, Synergetic Staffing respectfully states as follows:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The statutory predicates for the relief requested herein is in sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

### II. INTRODUCTION

3.      On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, a debtor and debtor in possession in the above-captioned chapter 11 cases and its affiliated debtors and debtors in possession (collectively, the "Debtors"), commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.      Subsequent to the filing of Debtor's Petition, the Debtor-in-Possession used Synergetic continually to provide staffing for Sears locations in Colorado on the assurances Synergetic would be paid. See, Exhibit "B". Synergetic was paid for some of its Post-Petition services as agreed from late October, 2018, to mid-December, 2018.

5.      Notwithstanding payment of prior Post-Petition obligations by the Debtor-in-Possession, in mid-December 2018 and January 2019, Synergetic provided certain services to the Debtors. Synergetic issued several invoices (the "Post-Petition Invoices") to the Debtors in

connection with these services with a value aggregating $112,247.67 (the "503(b)(1) Claim"). The Post-Petition Invoices are past due and remain unpaid. The Post-Petition Invoices are attached hereto as Exhibit "C". Synergetic continues to provide staffing services for years and has been paid from February, 2019 to the date of current open invoices.

## RELIEF REQUESTED

6.   Synergetic requests entry of an order, substantially in the form attached hereto as Exhibit "A": (i) granting Synergetic an allowed administrative expense claim in the amount of $ 112,247.67 under section 503(b)(1)(A) of the Bankruptcy Code for services rendered to the Debtors Post-Petition, (ii) requiring the Debtors to immediately pay such allowed administrative expense claims.

## BASIS FOR RELIEF

7.   The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including — the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1)(A)."

8.   Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." See, In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir. 2017) (Citing Trustees of Amalgamated Ins. Fund v. McFarlin's, 789 F.2d 98, 101 (2d Cir. 1986)).

9.   Here, Synergetic is asserting a § 503(b)(1) Claim in the amount of $112,247.67 for services provided to the Debtors after the Petition Date. Moreover, the Debtors have already

benefited from the Services provided by Synergetic and there has been no dispute to the Post-Petition Invoices. The benefit was in the nature of providing employees to staff its stores in Colorado so that Debtor had an on-going concern depicted in its filing its Petition in this case. Accordingly, Synergetic is entitled to administrative expense priority pursuant to sections 503(b)(1)(A) of the Bankruptcy Code.

10. In addition to allowance of the foregoing administrative claims, Synergetic respectfully requests immediate payment of such administrative claim. With respect to timing of payment of an allowed administrative claim, courts have discretion to order the immediate payment of such a claim. See, In re HQ Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing Matter of Baptist Medical Center of New York, Inc., 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); In re Global Home Prods., LLC, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. Id. Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. See Global Home Prods., LLC, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." In re King, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008).

11. As set forth above, at the Debtors' request, Synergetic provided services to the Debtors after the Petition Date. The Debtors have not disputed the Post-Petition Invoices or the § 503(b)(9) Invoices. Upon information and belief, the Debtors are paying other vendors and their

legal professionals their ongoing fees in connection with the Court's monthly compensation order as well as other administrative claim holders in the ordinary course of business. The Debtors have stated on more than one occasion in these cases that these cases would not be run on the backs of vendors. See e.g., Debtors' Reply to Objections to Junior Debtor-in-Possession Financing, ¶ 6 [Dkt. No. 1297]. It would be patently unfair, and without legal basis for the Debtors to pay some administrative expense claimants who supply services and services to the Debtors in the ordinary course of business and not pay other similarly situated creditors. See, e.g., 11 U.S.C. §§ 507, 1122(a), 1123(a)(4); Hall v. Perry (In re Cochise College Parlc, Inc.), 703 F.2d 1339, 1356 n. 22 (9th Cir. 1983).

12. Accordingly, Synergetic requests that the Court direct the Debtors to make immediate payment of Synergetic's allowed administrative expense claims set forth herein.

## NOTICE

13. Notice of this Motion will be served on (i) counsel to the Debtors, (ii) Counsel to the Official Committee of Unsecured Creditors, (iii) the Office of the United States Trustee, Region 2, (iv) and all other parties entitled to receive notice under Bankruptcy Rule 2002 and under paragraph 5 of the Amended Order Implementing Certain Notice and Case Management Procedures [Dkt. No. 405]. Synergetic submits that no other or further notice need be provided.

14. No previous motion or application for the relief sought herein has been made to this or any other Court.

## RESERVATION OF RIGHTS

15. Synergetic reserves the right to supplement or amend this Motion and make additional arguments at the hearing to consider the Motion. In addition, Synergetic reserves the right to assert that all or part of the administrative claim are secured by its filed reclamation

claim against the Debtors' estates. Synergetic further reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Motion.

16. As indicated in this Motion, the Debtors have never disputed the Post-Petition Invoices and there are no factual issues requiring an evidentiary hearing on the allowance and payment of Synergetic's administrative claims. To the extent that the Debtors manufacture a factual issue in advance of the hearing, Synergetic reserves the right to request that the Court hold an evidentiary hearing on November 20, 2019, the date of the hearing on this Motion, or alternatively seek documents and testimony from the Debtors to the extent that the Court deems that the issues relevant to the allowance of the administrative claims requires an evidentiary record.

## CONCLUSION

17. For the foregoing reasons, Synergetic respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit "A", (i) granting Synergetic an allowed administrative expense claim in the amount of $112,247.67 on account of the § 503(b)(1) Claim, (ii) requiring the Debtors to immediately pay the Claim; and (b) grant such other and further relief to Synergetic as the Court deems just and proper.

DATED: Denver, Colorado
       October 14, 2019

Respectfully submitted,

RJB LAWYER, LLC
*Attorneys for Synergetic Staffing, LLC*

By: /s/ Robert J. Bruce
Robert J. Bruce, Esq.
1543 Champa Street, Suite 400
Denver, CO 80202
E-mail: bobbruce@rjblawyerllc.com
(303) 573-5498
(303) 573-5537 Facsimile