**Montgomery McCracken Walker & Rhoads LLP**
David M. Banker
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 867-9500
*Counsel for NorCell, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- X
                                            :
In re:                                      :    Chapter 11
                                            :
                                            :    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,       :
                                            :    Jointly Administered
        Debtors.[1]                         :
                                            :    Related to ECF No. 5236
------------------------------------------- X

### NORCELL, INC.'S RESPONSE TO DEBTORS' NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIMS

NorCell, Inc. ("**NorCell**"), by and through its undersigned counsel, responds to *Debtors'*

*Ninth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)*

(the "**9th Omnibus Objection**") and states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LL C (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## CLAIMANT AND EXPLANATION OF CLAIMS

1. On November 13, 2018, NorCell, Inc. filed Proof of Claim No. 4747 against Sears Holdings Publishing Company, LLC (Case No. 18-23575) in the amount of $268,507.05, for which it asserted $174,378.38 as an administrative priority claim under 11 U.S.C. § 503(b)(9) on account of goods (namely, paper products) sold, delivered, and received in the ordinary course of business within twenty (20) days prior to the filing of Debtors' bankruptcy petition (the "**Section 503(b)(9) Claim**").  The filed Section 503(b)(9) Claim contained a statement of account, invoices, shipping orders, purchase orders, bills of lading and related documents.

2. In the 9th Omnibus Objection, Debtors objected to the Section 503(b)(9) Claim and asserted that the amount should be reclassified as a general unsecured claim.  [Doc 5236, Ex. A, p. 21 of 33, Ref. No. 28 ("The Claim does not relate to the receipt of "goods").

## STATEMENT IN OPPOSITION OF OMNIBUS OBJECTION

3. NorCell timely filed the Section 503(b)(9) Claim and attached a statement of account, invoices, shipping orders, purchase orders, bills of lading and related documents. Notwithstanding the Debtors' conclusory allegation that "[t]he Claim does not relate to the receipt of "goods", the Section 503(b)(9) Claim did, in fact, relate entirely to "goods" (and not to services, for example).  Thus, NorCell is entitled to priority under 11 U.S.C. § 503(b)(9) for the entire amount of the Section 503(b)(9) Claim. *See* Proof of Claim No. 4747.

4. Once a claim is filed, the burden shifts to the debtor to overcome the claim's *prima facie* evidence of validity.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion.  The burden then shifts to the claimant *if the objector produces evidence equal in force to the prima facie case … which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.*") (emphasis

added); *In re Adelphia Communs. Corp.*, Case No. 02-41729, 2007 WL 601452, *5 (Bankr. S.D.N.Y. Feb. 20, 2007) ("Because a properly filed proof of claim is deemed allowed until objected to, such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case."); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (holding that the burden of proof rests with the objecting party until "the objector produces evidence equal in force to the prima facie case … which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.") (citation omitted).  Only when sufficient evidence is produced to negate the *prima facie* validity of a properly filed claim does the burden shift back to the creditor to establish, by a preponderance of the evidence, that the claim is valid.  *In re Oneida Ltd.*, 400 B.R. at 389; *In re DJK Residential LLC*, 416 B.R. at 104.

5.  Debtors have produced no evidence that the Section 503(b)(9) Claim is legally insufficient.  In fact, NorCell is perplexed as to how even the most cursory inquiry by the Debtors into their own records and the proofs attached to the Section 503(b)(9) Claim could result in anything other than the conclusion that the Section 503(b)(9) Claim did, in fact, relate to "goods."  Instead, the Debtors summarily, and without any apparent support or diligence, claim that the Section 503(b)(9) Claim should be reclassified as a general unsecured claim.  By making nothing more than a conclusory objection and offering no factual evidence or legal argument to refute the validity or amount of the Section 503(b)(9) Claim, the Debtors have not carried their burden in disputing the prima facie validity of the Section 503(b)(9) Claim.  *In re Oneida Ltd.*, 400 B.R. at 389; *In re DJK Residential LLC*, 416 B.R. at 104.  Accordingly, the Objection is insufficient to overcome the prima facie validity of the Section 503(b)(9) Claim and should be overruled, and the Section 503(b)(9) Claim should be allowed in full.

## NOTICE AND ADDITIONAL ADDRESSES

6. In the Notice of Hearing on the 9th Omnibus Objection, Debtors' counsel requested "(v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf." Dominick J. Merole, V/P Finance & Credit of NorCell, who signed Proof of Claim No. 4747, or some other responsible person at Norcell, has "ultimate authority." However, all notices, replies and/or communication relating to the Section 503(b)(9) Claim and the 9th Omnibus Objection should be addressed to NorCell's designated representative:

>Montgomery McCracken Walker & Rhoads
>David M. Banker
>437 Madison Avenue, 24th Floor
>New York, New York 10022
>(212) 867-9500
>Email: dbanker@mmwr.com

To the extent the Debtors assert any subsequent claim objection with respect to Proof of Claim No. 4747, it should be addressed to both the undersigned counsel, as well as to the notice parties set forth on Proof of Claim No. 4747.

## RESERVATION OF RIGHTS

7. NorCell hereby expressly reserves all of its rights, claims, counterclaims, defenses and remedies, including but not limited to the rights of setoff and/or recoupment, under the Bankruptcy Code and applicable non-bankruptcy law. NorCell also reserves the right to amend, modify or supplement this response, including to provide additional documentation in support of

the Section 503(b)(9) Claim, including to the extent NorCell discovers or receives such documentation after the date of this response.

## CONCLUSION

WHEREFORE, NorCell requests entry of an order (i) denying Debtors' 9th Omnibus Objection as to NorCell's Section 503(b)(9) Claim, (ii) allowing the Section 503(b)(9) Claim in the full amount, and (iii) all other relief that is just and proper.

Dated:  October 15, 2019
       New York, New York

*/s/ David M. Banker*
David M. Banker
**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**
437 Madison Avenue, 24th Floor
New York, NY  10022
Telephone:  (212) 867-9500
Email:  dbanker@mmwr.com

*Counsel for NorCell, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2019, an electronic copy of the foregoing was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in this bankruptcy proceeding; and pursuant to the Notice of Hearing on the 9th Omnibus Objection, paper copies were mailed via overnight courier so as to be actually received by October 16, 2019 by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

*/s/ David M. Banker*
David M. Banker, Esq.