Michael S. Legge  
**HUNTON ANDREWS KURTH LLP**  
200 Park Avenue  
New York, New York 10166  
(212) 309-1000  
mlegge@huntonak.com

Gregory G. Hesse (admitted *pro hac vice*)  
**HUNTON ANDREWS KURTH LLP**  
1445 Ross Avenue, Suite 3700  
Dallas, Texas 75202  
(214) 468-3335  
ghesse@huntonak.com

Hearing Date and Time: November 20, 2019 at 10:00 a.m.  
Response Deadline: October 16, 2019 at 4:00 p.m.

*Attorneys for McLane Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**RESPONSE OF MCLANE COMPANY, INC. TO**
**DEBTORS' NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**
**(RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

McLane Company, Inc. ("McLane") hereby submit this response (the "Response") to *Debtors' Ninth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* [Docket No. 5236], including all exhibits thereto (the "Objection"). In support of this Response, McLane respectfully submits as follows:

### Factual Background

1. McLane is a wholesale supply chain services company which distributes grocery and non-food items to convenience stores, discount retailers, wholesale clubs, drug stores, military bases, quick service restaurants and casual dining restaurants throughout the United States.

2. For many years, McLane has provided grocery and non-food items to certain of the Debtors. Specifically, McLane provides grocery and non-food items, particularly candy, to Kmart Corporation, and/or certain of its related debtor affiliates (collectively, "Kmart").

3. Since early 2015, as a condition to McLane providing such items to Kmart, McLane and Kmart agreed that Kmart would prepay for all such inventory purchased from McLane. To effectuate this prepayment, on or about April 15, 2015, Kmart delivered to McLane the sum of $2,500,000.00 to fund future purchases by Kmart from McLane (the "Prepayment Funds"). In addition, Kmart was required to replenish the Prepayment Funds daily for inventory purchased from McLane in the three days prior, resulting in a running balance of approximately $2,500,000.00 consistently maintained by McLane to secure Kmart's payment obligations.

4. Due to reduced purchasing requirements, on or about February 2, 2018, McLane returned $1,000,000.00 of the Prepayment Funds then held by McLane, reducing the Prepayment Funds balance from $2,500,000.00 to $1,500,000.00. However, Kmart continued to replenish the Prepayment Funds daily for inventory purchased from McLane in the three days prior.

5. At no time has McLane delivered inventory to Kmart in excess of the Prepayment Funds then on balance to secure Kmart's payment obligations.

6. Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of the Debtors commenced a voluntary case with the United States Bankruptcy Court for the Southern District of New York under chapter 11 of the Bankruptcy Code.

7. As of the Commencement Date, McLane still held the Prepayment Funds. After the Commencement Date, the parties entered into negotiations that resulted in, *inter alia*, McLane's return of $732,230.08 of the Prepayment Funds to Kmart. McLane, however, retained the remaining approximately $767,000.00 balance of the Prepayment Funds.

8. McLane has retained the balance of the Prepayment Funds to secure payment by Kmart of all outstanding invoices evidenced by the Claim (as defined below).

9. On April 10, 2019, McLane filed proof of claim number 17756 against Kmart in the amount of $727,566.65 for goods sold (the "Claim").[2] The Claim asserts that the full balance of the claim is secured by the remaining Prepayment Funds. The Claim also asserts that the full balance is entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code for the value of goods received by the Debtors within the 20 days before the Commencement Date.

10. On September 26, 2019, the Debtors filed the Objection, which seeks to reclassify the Claim as a general unsecured claim. *See Schedule of Claims to be Reclassified as General Unsecured Claims* attached as Exhibit A to the Objection.

11. The sole reason identified for the proposed reclassification of the Claim is that the Claim "provides no basis and no support for the asserted 503(b)(9) priority." The Objection does not appear to challenge or seek to reclassify the Claim's status as a fully secured claim.

---

[2] McLane also filed certain additional proofs of claim against other Debtors that appear to be affiliates of Debtor Kmart Corporation. Each claim is in the amount of $727,566.65 for goods sold, however, McLane does not seek to recover this amount from each Debtor against whom a proof of claim was filed. Rather, McLane filed an identical proof of claim against each Debtor affiliate of Kmart Corporation for the outstanding funds due to McLane.

3

12. In response to the Objection, McLane filed this response attaching as Exhibit "A" a summary of invoices for goods delivered by McLane to Kmart in the 20 days prior to the Petition Date reflecting that the goods delivered during that period were invoiced in the amount of $735,136.97.

**ARGUMENT**

13. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a).

14. Bankruptcy Rule 3001(f) provides that a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994), *aff'd*, 184 B.R. 890 (N.D.N.Y. 1995); *In re The Medicine Shoppe*, 210 B.R. 310, (Bankr. N.D. Ill. 1997) ("Rebuttable presumption of validity arises from properly filed claim."). On objection, "[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. BAP 2000) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167 (3d Cir. 1992). A properly filed proof of claim provides some evidence as to the claim's validity and amount, and is "strong enough to carryover a mere formal objection, without more." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000) (quoting *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)).

15. It is the Debtors' burden to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *In re Holm*, 931 F.2d at 623, and a proof of claim "cannot be defeated by mere formal objection and the sworn proof is to be treated as some evidence even when it is denied." *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) (quoting *In re Sabre Shipping Corp.,* 299 F. Supp. 97, 99 (S.D.N.Y. 1969)). If an objection refuting at least one of the claim's essential allegations is asserted, the

claimant will then have the burden to demonstrate the validity of the claim to prove by a preponderance of the evidence that the claim should be allowed. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) *aff'd*, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (objecting party must produce "evidence equal in force to the *prima facie* case…."). However,"[i]f the objector does not "introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the validity and the amount of the claim." *In re Minbatiwalla*, 424 B.R. at 111 (internal citations omitted).

16. The entirety of the Debtor's objection rests on the unsupported statement that the Claim "provides no basis and no support for the asserted 503(b)(9) priority."

**A. The Debtors Have Not Shifted the Burden of Proof.**

17. McLane has produced account summaries as well as the supporting invoices attached hereto and incorporated herein as *prima facie* evidence of the amount and validity of the Claim as well as its entitlement to administrative priority status. The Debtors now, as the objecting party to the Claim, bear the initial burden of persuasion, and have failed to sustain this burden.

18. The Debtors' single statement is wholly conclusory. The Debtors have made no request for any review of the underlying invoices despite counsel for McLane engaging with Debtors' counsel in an effort to resolve this dispute. Rather, the Debtors have summarily insisted that McLane cannot prove the inventory was actually delivered to Kmart within the 20 days preceding the Commencement Date. Consequently, the Debtors' single sentence objection clearly falls short of the requirement to offer equivalent evidence as was offered to establish the *prima facie* validity of the Claim. *See In re Minbatiwalla*, 424 B.R. at 111 (Bankr. S.D.N.Y. 2010) (noting that a "mere formal objection" is insufficient to support a claim objection.); *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010); *In re Holm*, 931 F.2d at 623.

19. Consequently, the Objection's conclusory statement that the Claim's entitlement to priority is disputed, without more, clearly does not constitute sufficient evidence "as to the validity of the claim or to the excessiveness of its amount," and, consequently, McLane "need offer no further proof of the merits of the validity and the amount of the claim."

**B. Even if the Debtors Have Shifted the Burden of Proof, McLane has Provided and/or Will Provide Evidence of its Entitlement to Administrative Priority**

20. Even if the Debtors' singular conclusory statement is sufficient to shift the burden of proof to McLane, as claimant, McLane has already provided, or will provide, the Debtors with evidence to support its entitlement to administrative priority for the Claim. McLane has supplied, or will supply, the Debtors related documentation evidencing Kmart's inventory purchases as well as the dates of delivery for such inventory, including the inventory that is the subject of the Claim. The supporting documentation clearly shows that such inventory was purchased by Kmart in the ordinary course of business and was delivered by McLane to Kmart within the 20 days preceding the Commencement Date. The Claim is entitled to administrative priority under section 503(b)(9).

## RESERVATION OF RIGHTS

21. McLane reserves the right to amend, modify, and/or supplements this Response.

WHEREFORE, for all of the foregoing reasons McLane respectfully requests that the Court overrule the Objection to the Claim and to allow such Claim as a an administrative expense claim pursuant to 503(b)(9) of the Bankruptcy Code in the full amount set forth in the Claim, and grant such other relief as the Court deems just and equitable.

Dated: October 15, 2019
   New York, New York

*/s/ Michael S. Legge*
Michael S. Legge
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000

mlegge@huntonak.com

and

Gregory G. Hesse (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 468-3335
ghesse@huntonak.com

*Attorneys for Attorneys for McLane Company, Inc.*

7