**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**ORDER MODIFYING THE AUTOMATIC STAY,**
**TO THE EXTENT APPLICABLE, TO PERMIT PAYMENT**
**OF DEFENSE COSTS UNDER THE DIRECTORS & OFFICERS POLICIES**

Upon the motion, dated August 8, 2019 (the "Motion") of the Director Defendants[1] for entry of an order modifying the automatic stay under 11 U.S.C. § 362(a), to the extent applicable, to permit the Director Defendants to obtain payment under the D&O Policies of defense costs and expenses that the Director Defendants have incurred and will incur in the future in connection with the adversary proceeding captioned *Sears Holdings Corp.* v. *Lampert*, Adv. Pro. No. 19-08250 (RDD); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the opportunity for a hearing thereon has been provided under the circumstances; and there being no objections to the relief granted herein; and no additional notice or hearing being required; and after due deliberation thereon and good and sufficient cause appearing,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby lifted, to the extent applicable, pursuant to 11 U.S.C. § 362(d)(1) to permit the Director Defendants, and any other director who may later be named as a defendant in the Adversary Proceeding, to seek payment of fees and expenses under the D&O Policies in connection with the Adversary Proceeding, and to permit insurers under the D&O Policies to advance defense costs and any adverse costs awards claimed by the Director Defendants and any such other director who may later be named as a defendant.

2. Nothing in this Order shall modify or alter the contractual rights and obligations established by the terms and conditions of the D&O Policies.

3. Nothing in this Order should be interpreted to suggest that proceeds payable under the D&O Policies are subject to the automatic stay in the underlying chapter 11 cases, which is an issue beyond the scope of this Order.

4. The Director Defendants, and any other director who is later named as a defendant in this Adversary Proceeding, will provide quarterly to counsel for the Debtors and, if in existence, the Creditors' Committee and the Liquidating Trust, a certificate of the aggregate amount collectively received by such person under the D&O Policies for each relevant policy year.

5. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: October 15, 2019
      White Plains, New York                    /s/Robert D. Drain
                                                          Honorable Robert D. Drain
                                                          United States Bankruptcy Judge