Vivek Suri, Esq.
Attorney for Infiiloom India Private Ltd.
20 Vesey Street
Suite 300
New York, NY 10007
T: 212.537.6936
E: lawyer@surilawoffice.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X      Case No. 18-23538 (RDD)
In re:

**RESPONSE TO**
SEARS HOLDINGS CORPORATION Et. Al.,     **DEBTORS' TENTH**
**OMNIBUS OBJECTION**
Debtors.     **TO PROOFS OF CLAIMS**
-------------------------------------------------------------X

**PLEASE TAKE NOTICE** that creditor Infiiloom India Private Limited (hereinafter "Infiillom") interpose the following response to the debtors' tenth omnibus objection to proofs of claims (to reclassify certain claims).

1. In the present case, Creditor Infiiloom had initially filed claim # 565 in the amount of $91,307.16 against Kmart Corporation and claim # 664 in the amount of $98,918.32 against Sears, Roebuck and Co.

2. The debtors filed bankruptcy in this case on or about October 15, 2018. Therefore, pursuant to 11 USC 503(b)(9), any goods received by the debtors twenty (20) days prior to October 15, 2018 are to be accorded priority as an administrative expense.

3. Section 503(b)(9) provides for the allowance of an administrative expense claim for the value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business. 11 U.S.C. § 503(b)(9).

4.      "The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it." In Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir. 2007) (quoting Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.), 954 F.2d 1, 5 (1st Cir. 1992)).

5.      Thus, Infiiloom with an Asserted Priority Claim has the burden of establishing, among other things, that the applicable good were "received" by the Debtors within twenty (20) days before the Petition Date (the "503(b)(9) Window"). As set forth below, Infiilloom has primarily satisfied its burden under the statute.

6.      Administrative expense claims are claims that—pursuant to federal law— Congress determined should be entitled to priority in federal bankruptcy cases. The priority is an unmistakable creature of federal law and a critical aspect to the Bankruptcy Code. *See* 11 U.S.C. §§ 507(a)(2), 503(b)(9).

7.      The Bankruptcy Code does not define the term "received" used in section 503(b)(9). Accordingly, it is incumbent on courts to discern Congress's intent in interpreting the term. Haining Wansheng Soa Co., Ltd v. World Imports Ltd., (In re World Imports), 862 F.3d 338, 345 n.4 (3d Cir. 2017) (noting Congress' intent, not particular debtors' or creditors' intent, is relevant for purposes of interpreting section 503(b)(9) of the Bankruptcy Code).

8.      The United States Court of Appeals for the Third Circuit held that World Imports case. See Haining Wansheng Soa Co., Ltd v. World Imports Ltd., (In re World Imports), 862 F.3d 338 (3d Cir. 2017) ("*World Imports III*"). As this Court is aware, the court in World Imports III ruled that constructive receipt occurs when goods enter the physical possession of the debtors or an agent of the debtors and not upon transfer of title or risk of loss. See id. at 345-46. The World Imports III is persuasive authority on this Court and should be followed by it.

9.  In World Imports III, the court correctly dismissed by way of a summary footnote the bankruptcy court's and district court's erroneous holding. Id. at 345 n.4 ("[W]e do not necessarily assume that Congress intended to adopt a definition from another source of federal law in the absence of any explicit connector between the Bankruptcy Code and a definition contained in another statute."). In interpreting the term "received" in section 503(b)(9) of the Bankruptcy Code, the court instead looked to state law and the Uniform Commercial Code (the "UCC"), rather than federal law and the CISG, a federal treaty. See id. at 364.

10. First, in doing so, the court correctly concluded that Congress intended that federal law should give way to state law when determining entitlement to an administrative expense under the federal Bankruptcy Code.

11. Second, the court correctly applied case law interpreting the term "received" for purposes of section 546(c) of the Bankruptcy Code to determine the meaning of "received" for purposes of section 503(b)(9). World Imports III, 862 F.3d at 344. The distinction between the two Bankruptcy Code sections is important and was reflected in the opinion.

12. It is perfectly logical for a court to look to law interpreting the UCC for guidance in interpreting a term in section 546(c) and 509(b)(9) of the Bankruptcy Code, because that section was derived directly from the UCC, there is similar logic to applying a limited usage definition from the UCC context to a term used in section 503(b)(9) of the Bankruptcy Code. Certainly, there is evidence of Congressional intent to suggest that state law interpretation of terms used in the UCC were intended to govern in section 503(b)(9), as there was for section 546(c).

13. Third, there is ample evidence from the record that the World Imports III court considered at all the statutory interpretation and policy arguments discussed above in rendering its decision.

14. Fourth, the World Imports III court considered the context within which Congress drafted section 503(b)(9) of the Bankruptcy Code—namely, the fact that Congress did not legislate exclusively against the backdrop of domestic vendor sales and the UCC when it enacted section 503(b)(9). Congress enacted section 503(b)(9) knowing that physical receipt were critical commercial terms in use in the United States and around the globe. Congress also enacted section 503(b)(9) with the understanding that courts would interpret Bankruptcy Code priorities in a proper way.

15. Under 11 USC 503(9)(b) the twenty (20) day-time period would be September 26, 2018 and any goods sold by Infiiloom to the debtors after September 26, 2018, should be accorded priority as an administrative expense and be paid in full.

16. Claim 2924 consists of 2 invoices to Kmart. Claim 3181 consists of 3 invoices to Sears. A copy of the 2 invoices to K-Mart and the 3 invoices to Sears is attached as EXHIBIT 1.

17. PO No. IN3YS = Invoice # 18100316 for a balance of $38,172.78. The invoice date is September 6, 2018, with a shipping date of September 11, 2018, which was received by Kmart on December 10, 2018.

18. PO No. IN3YR = Invoice # 18100317 for a balance of $53,134.38. The invoice date is September 6, 2018, with a shipping date of September 11, 2018, which was received by Kmart on December 10, 2018.

19. Both invoices were received by the debtor after the filing of bankruptcy.

20. A review of the above 2 claims filed by Infiiloom clearly shows that its claims should be accorded priority as an administrative expense.

21. PO No. SG9395 = Invoice # 18100228 for a balance of $10,261.10. The invoice date is July 31, 2018, with a shipping date of August 31, 2018, which was received by Sears on September 5, 2018.

22. PO No. SG9463 = Invoice # 18100320 for a balance of $32,154.72. The invoice date is September 6, 2018, with a shipping date of September 10, 2018, which was received by Sears on October 9, 2018.

23. PO No. SG9462 = Invoice # 18100321 for a balance of $56,502.00. The invoice date is September 6, 2018, with a shipping date of September 10, 2018, which was received by Sears on October 9, 2018.

24. PO No. SG39395 was received before the 20-day time period, so Infiilloom agrees that it should not be accorded priority as an administrative expense. But the other two PO No. SG9462 and SG9463 were received by sears a mere 6 days before the filing of bankruptcy and should be accorded priority as an administrative expense.

25. Therefore, from Claim # 3181, Infiiloom should be accorded administrative priority to $88,656.72 and paid in full.

26. This Court should be persuaded by the Court of Appeals for the Second Circuit and hold that the receipt of goods by the debtors within twenty (20) days prior to filing of bankruptcy should be accorded priority as an administrative expense and be paid in full

**WHEREFORE,** this Court should deny the debtors' tenth omnibus objection to proofs of claims (reclassify certain claims) regarding Infiiloom's claim # 2924 and claim # 3181.

Dated: New York, New York
October 16, 2019

/s/ Vivek Suri
Vivek Suri, Esq.
To:    All Counsel of Record              via ECF