## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x   Chapter 11
In re:

SEARS HOLDINGS CORPORATION, et al.

Debtors

Case No. 18-23538 (RDD)

(Jointly Administered)

---------------------------------------------------------x

## NOTICE OF ACKNOWLEDGMENT OF RESOLUTION OF OBJECTIONS TO CURE AND ADEQUATE ASSURANCE IN RESPONSE TO TRANSFORM HOLDCO, LLC'S NOTICE OF HEARING ON ASSUMPTION AND ASSIGNMENT

DART WAREHOUSE CORPORATION ("DART") files the following acknowledgment in response to the October 7, 2019 Notice of Hearing (Dkt. 5339) filed by TRANSFORM HOLDCO, LLC ("TRANSFORMCO") and in advance of the Court's October 23, 2019 hearing.

### INTRODUCTION: THERE IS NO NEED FOR TRANSFORMCO'S MOTION

As DART will explain below, there is no need for TRANSFORMCO's Motion and there is no reason for DART to file any "withdrawal" of its objections to assumption and assignment because those objections were <u>resolved</u> by the payment of the cure amounts required under 11 U.S.C. §365(b)(1).  The term "withdrawal" could be misconstrued to imply the objections were invalid and/or overruled by the Court, neither of which is the case.

### DART'S OBJECTIONS WERE "RESOLVED CONSENSUALLY"

DART filed the following objections to assumption and assignment of the various unexpired leases and executory contracts it had with Debtor Innovel Solutions, Inc., fka Sears Logistics Services:

1. *Objection to Cure and Adequate Assurance Information by DART Warehouse Corporation Re Naperville, IL., Statement of Work, List No. 1964, Contract No. CW2330726 [ECF No. 2165], filed on January 29, 2019;*

2.  *Objection to Cure and Adequate Assurance Information by DART Warehouse Corporation Re Naperville, IL., Master Services Agreement, List No. 1967, Contract No. CW2288705 [ECF No. 2165], filed on January 29, 2019;*

3.  *Supplemental Objection to Cure and Adequate Assurance Information by DART Warehouse Corporation Re Naperville, IL. Sub-Lease (List No. 8262, Lease Nos. 862200 and 862250) and Naperville Master Services Agreement and Statement of Work (List No. 1967, Contract No. CW2288705 and No. 1964, Contract No. CW2330726) (Supplementing January 29, 2019 Objections Dkt. 2165 and Dkt. 2167 and 2168) [ECF No. 3540], filed on May 2, 2019;*

4.  *Second Supplemental Objection to Cure and Adequate Assurance Information by DART Warehouse Corporation, Re Dkt. 3761, Assumption and Assignment of Additional Executory Contracts (Supplementing DART's January 29, 2019 and May 2, 2019 Objections Dkt. 2165, 2167 and Dkt. 3540) [ECF No. 3905] filed on May 16, 2019.*

All of these objections were resolved through the actions of the parties, notably by the payment to DART of monetary cures in June 2019 and July 2019. Because the cures were completed, the objections were and are "resolved consensually" as that term is used in the Court's April 2, 2019 *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (Dkt. 3008, ¶27). The result is each of the relevant unexpired leases and executory contracts have been assumed by the DEBTORS and assigned to TRANSFORMCO and DART acknowledges no further action by the Court or the parties is required or warranted to complete those assumptions and assignments and have them be effective.

///

///

///

### THE CURES ARE SETTLED, REGARDLESS OF THE ASSUMPTION EFFECTIVE DATE

DART makes the distinction between "withdrawal" of its objections and acknowledgment the objections were "resolved consensually" to be clear that the cures paid on the various contracts and leases in June 2019 and July 2019 remain valid and final and they are not affected by any Assumption Effective Date deemed to have occurred earlier (as is discussed in TRANSFORMCO's October 7, 2019 notice, Dkt. 5339, p.3).

### CONCLUSION: THE OBJECTIONS ARE "RESOLVED" AND NO FURTHER ACTION IS NECESSARY

DART acknowledges each of the objections listed above have been (and are) resolved consensually, they have gone off-calendar, the assumptions and assignments are completed and no further action remains to be taken by the Court or by the parties with respect to the objections or the assumptions and assignments.  DART further prays the October 23, 2019 hearing on TRANSFORMCO's notice be taken off-calendar.

Dated: October 17, 2019
      San Diego, CA

                                    LAW OFFICE OF WILLIAM P. FENNELL, APLC

                                    By: /s/William P. Fennell
                                    William P. Fennell, Esq.
                                    600 West Broadway, Suite 930
                                    San Diego, CA 92101
                                    Telephone: (619) 325-1560
                                    Facsimile: (619) 325-1558
                                    Email:  william.fennell@fennelllaw.com

                                    *Attorneys for DART Warehouse Corporation*