GREENBERG TRAURIG, LLP                    Hearing Date:  November 20, 2019
200 Park Avenue                           Objection Deadline:  November 13, 2019
New York, NY 10166
Telephone:    (212) 801-9200
Facsimile:    (212) 801-6400
Leo Muchnik, Esq.

*Counsel for Arise Virtual Solutions Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
SEARS HOLDING CORPORATION, et al.,      :    Case No. 18-23538 (RDD)
                                        :
            Debtors.                    :    (Jointly Administered)
-------------------------------------------------------x
```

## MOTION OF ARISE VIRTUAL SOLUTIONS INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)

TO: THE HONORABLE ROBERT D. DRAIN UNITED STATES BANKRUPTCY JUDGE:

Arise Virtual Solutions Inc. ("**AVS**"), by and through its counsel, Greenberg Traurig, LLP,

submits this Motion, for an order, substantially in the form annexed hereto: (i) allowing AVS'

administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) and directing immediate

payment of same, and (ii) such other and further relief as may be proper under the circumstances.

In support of this Motion, AVS respectfully states as follows:

### Jurisdiction, Venue, and Statutory Predicates

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The statutory predicate for the relief requested herein is section 503 of title 11 of the United States Code (the "**Bankruptcy Code**").

### Relevant Background

3.      AVS provided call-center services to the Debtors pursuant to that certain Master Outsourced Services Agreement, dated May 18, 2017 between Sears Holdings Management Corp. and AVS (as amended and together with the statements of work, the "**Agreement**").

4.      AVS issues invoices to the Debtors each month for services provided during the prior month.  The invoices provide for payments to be made within 60 days of the invoice dates.

5.      On October 15, 2018 (the "**Petition Date**"), Sears Holding Corporation, together with various affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      Since the Petition Date, and continuing through January 15, 2019, AVS provided services pursuant to the Agreement that directly benefitted the Debtors, and the Debtors continued to accept such services without paying AVS.

7.      Specifically, on January 16, 2019, AVS issued an invoice to the Debtors in the amount of $29,058.57 for services AVS provided to the Debtors for the period between December 4, 2018 through January 5, 2019.[1]

8.      On January 23, 2019, AVS issued an invoice to the Debtors in the amount of $4,835.19 for services AVS provided to the Debtors for the period between January 6, 2019 through January 15, 2019.[2]

---

[1]    A true and correct copy of the January 16 Invoice is attached hereto as <u>Exhibit A</u>.

[2]    A true and correct copy of the January 23 Invoice is attached hereto as <u>Exhibit B</u>.

9.      No issues have been raised as to the amount charged or otherwise due under the
Agreement.

10.     Thus, as of the date of this Motion, the Debtors owe **$33,893.76** to AVS for post-
petition services that AVS provided to the Debtors.

11.     Based upon the foregoing, AVS files this Motion to seek allowance of the post-
petition amounts due to it on account of the services it provided to the benefit of the Debtors'
estates.

**Relief Requested**

12.     AVS requests entry of an order substantially in the form attached hereto:
(i) granting AVS an allowed administrative expense claim in the amount of $33,893.76 under
section 503(b)(1) of the Bankruptcy Code for services rendered to Debtors post-petition;
(ii) requiring immediate payment of such allowed administrative expense claim; and (iii) granting
AVS such other and further relief as deemed just and necessary.

**Basis for Relief Requested**

13.     Section 503(b)(1) of the Bankruptcy Code states, in relevant part that "[a]fter notice
and a hearing, there shall be allowed administrative expenses, other than claims allowed under
section 502(f) of this title, including -- (1) (A) the actual, necessary costs and expenses of
preserving the estate …" *See* 11 U.S.C. § 503(b).

14.     Under section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is
administrative only if it arises out of a transaction between the creditor and the bankruptcy trustee
or debtor in possession, and only to the extent that the consideration supporting the claimant's
right to payment was both supplied to and beneficial to the debtor-in-possession in the operation

of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017) (internal citation omitted).

15.    The debtors are required to pay the "reasonable value of the services received," and "there is a presumption that the contract rate is reasonable." *In re Smurfit Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010).

16.    As described in the post-petition invoices, AVS provided Debtors services in the amount of $33,893.76 for the period between December 4, 2018 through and including January 15, 2019.

17.    The Debtors have failed and refused to pay the outstanding invoices, but have not disputed the amounts due to AVS.

18.    The Debtors cannot legitimately dispute that they did not benefit from the services AVS rendered during the bankruptcy cases for the services described in the invoices.  Absent AVS' services, the Debtors would have suffered a disruption in their call centers in the early stages of the bankruptcy cases—while the Debtors were marketing and selling their assets.

19.    AVS' administrative expense claim under the post-petition invoices arises from Debtors' post-petition obligations under an executory contract.  Moreover, AVS' post-petition derives from the actual and necessary costs and expenses incurred after the Petition Date in connection with operating Debtors' business.

20.    Accordingly, AVS is entitled to an administrative priority expense claim pursuant to 11 U.S.C. § 503(b)(1) in the amount of $33,893.76 for unpaid services AVS provided to the Debtors post-petition.

**Reservation of Rights**

21.     AVS reserves the right to supplement or amend this Motion and make additional arguments at the hearing to consider the Motion.

22.     In addition, AVS reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Motion.

**Notice**

23.     Notice of this Motion will be served on the Debtors and the "Master Service List" as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405], and in the manner provided therein.

24.     AVS respectfully submits that no other or further notice need be provided.

**No Prior Request**

25.     No previous request for the relief requested herein has been sought in this or any other Court.

Dated:  October 18, 2019                    GREENBERG TRAURIG, LLP

                                            */s/ Leo Muchnik*
                                            Leo Muchnik
                                            200 Park Avenue
                                            New York, NY 10166
                                            Telephone:    (212) 801-6826
                                            Facsimile:    (212) 801-6400
                                            Email:  MuchnikL@gtlaw.com

                                            *Counsel for Arise Virtual Solutions Inc.*