Nicholas A. Marten
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
(212) 484-3900

*Counsel for the Sky Billiards, Inc. d/b/a
Best Choice Products*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : : | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | : : | Case No. 18-23538 (RDD) |
| Debtors.[1] | : : | (Jointly Administered) |

-------------------------------------------------------------x

**RESPONSE OF SKY BILLIARDS, INC. D/B/A BEST CHOICE
PRODUCTS IN OPPOSITION TO DEBTORS' SECOND OMNIBUS OBJECTION TO
PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

AFDOCS/21176569.1

Sky Billiards, Inc. d/b/a Best Choice Products ("Best Choice"), by and through counsel, Arent Fox LLP, hereby files the following response (this "Response")[2] to the *Debtor's Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* [Docket No. 4776] (the "Objection"),[3] which seeks to reclassify $136,538.98 of Best Choice's claim (Claim No. 7592 (the "Claim") asserted to have administrative priority under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Portion") as a general unsecured claim. In support of this Response, Best Choice submits the declaration of Nicholas Bryan (the "Bryan Declaration") annexed hereto as **Exhibit A** and respectfully states as follows:

1. Best Choice opposes Debtors' request to reclassify the 503(b)(9) Portion of the Claim to a general unsecured claim on two grounds. First, the Debtors have not provided admissible evidence with the Court sufficient to rebut the prima facie evidence of the Claim and the documents attached thereto.

2. Second, Best Choice the Debtors are estopped from now seeking to reclassify the entire 503(b)(9) Portion of the Claim as a general unsecured claim because postpetition the Debtors specifically acknowledged that Best Choice was entitled to an administrative priority claim under section 503(b)(9) of the Bankruptcy Code and instructed Best Choice to assert such a claim. The Debtors specifically instructed Best Choice to assert a section 509(b)(9) administrative priority claim in a November 20, 2018 email (the "Email") from Shawn Zavsza, an Account Executive with the Debtors, to Nicholas Bryan and Tammy Lu, employees of Best Choice. wherein Mr. Zavsza sent Best Choice a blank copy of the proof of claim form approved by the Court for use in

---

[2] The Response is timely as counsel for the Debtors gave Best Choice various written extensions of time in which to respond to the Objection while the parties worked in good faith to come to a consensual resolution. The last written extension from counsel for the Debtor gave Best Choice until October 18, 2019 to file any response to the Objection.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings assigned such terms in the Objection.

these Bankruptcy Cases and directed Best Choice to assert a section 503(b)(9) administrative priority claim by checking box 13 on the included proof of claim form. A true and correct copy of the Email is attached as <u>Exhibit 1</u> to the Bryan Declaration. As such, Best Choice relied on the Debtors' statements and instructions regarding the nature of its Claim and how to assert it, and did not aggressively pursue other potential avenues of recovery such as critical vendor status or asserting a constructive trust over certain cash. Instead Best Choice relied on the Debtors' statements in the Email that Best Choice was entitled to an administrative priority claim under section 503(b)(9) of the Bankruptcy Code.

3. It is only now, nearly ten month later, that the Debtors take the contrary position in the Objection that the claim should be reclassified. The Debtors should, therefore, be estopped from seeking to reclassify the claim as requested in the Second Omnibus Objection.

4. Additionally, to the extent evidence is considered, the Email, sent from the Debtors' Account Executive in connection with filing claims in these Bankruptcy Cases, should be held to be an admission against the Debtor's interest and constitute additional evidence that the 503(b)(9) Portion of the Claim is entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

*[Remainder of the page intentionally left blank.]*

AFDOCS/21176569.1

**CONCLUSION**

WHEREFORE, Best Choice respectfully requests that the Court, with respect to the Claim, deny the Objection and enter an order overruling the Objection.

Dated:   October 18, 2019
           New York, New York

ARENT FOX LLP

By:   */s/ Nicholas A. Marten*
       Nicholas A. Marten
       1301 Avenue of the Americas, Floor 42
       New York, New York 10019
       Telephone: (212) 484-3900
       Facsimile: (212) 484-3990

*Counsel for the Sky Billiards, Inc. d/b/a Best Choice Products*