Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
     lschildkraut@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
     nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

Hearing Date: October 23, 2019 (Eastern Time)
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
|  | (Jointly Administered) |
| Debtors.[1] |  |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RESPONSE OF COMMUNITY UNIT SCHOOL DISTRICT 300 TO LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TRANSFORM HOLDCO LLC TO THE PROPOSED STIPULATION AND ORDER BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS, AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING 2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND**

Community Unit School District Unit 300, an Illinois school district existing and operating pursuant to the Illinois School Code, 150 Illinois Compiled Statutes ("ILCS") 5/1-1, *et seq.* (the "School District"), and a creditor in the cases of Sears Holdings Corporation (0798), Sears, Roebuck and Co. (0680), and Sears Holdings Management Corporation (2148), by and through its undersigned counsel, hereby submits the following as its response to the *Limited Objection and Reservation of Rights of Transform Holdco LLC to the Proposed Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* [Doc. No. 5352] (the "Limited Objection"):

    **I.**    **Background**

1. On October 3, 2019, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed their *Notice of Presentment of Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund and Related Matters* [Doc. No. 5322] (the "Stipulation").

2. With the Stipulation, the School District, the Village of Hoffman Estates (the "Village") and the Debtors have resolved issues involving certain Special Tax Allocation Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 (the "2017 EDA Funds"). These issues are pending in an action filed in the Circuit

2

Court of Cook County, State of Illinois (the "Circuit Court"), styled, *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "Illinois Action"). Through the Illinois Action, the School District sought relief against the Village and the Debtors, alleging a failure of the Debtors to maintain the statutorily required 4,250 jobs at the Debtor's corporate campus in the Village, as required by to the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.* (the "EDA Act") and that the Economic Development Agreement (the "EDA Agreement") entered into by and between the Village and the Debtors. Through the Illinois Action, the School District sought injunctive relief precluding the Village from making any further distributions from the Village's special tax allocation fund, including the 2017 EDA Funds.

3. These disputes were first brought to the Court's attention on November 12, 2018, when the School District filed its Motion to Lift Stay [Doc. No. 652] (the "Lift Stay Motion") to continue prosecuting the Illinois Action. As an alternative to modifying the automatic stay, the School District requested that the Court abstain from hearing the matters in dispute in the Illinois Action, pursuant to 28 U.S.C. §§ 1334(c)(1) and (2).

4. On February 28, 2019, the Debtors filed their Motion to Compel (the "Turnover Motion"). Filed pursuant to Section 542(a) of the Bankruptcy Code, the Debtors sought an order from this Court directing the Village to turn over the same taxes at issue in the Illinois Action, alleging that the Debtors had created and maintained the requisite 4,250 full-time equivalent jobs at its corporate headquarters in the Village. In the Turnover Motion, the Debtors alleged that (1) the relevant year in which its compliance needed to be measured was 2017, not 2018, as alleged by the School District, and (2) contrary to the position of the School District, the Debtors could

3

count the full-time equivalent jobs created and maintained by tenants and contractors of the Debtors and other retail and service businesses located within the economic development area.

5. Following the April 18, 2019 hearing on both the Turnover Motion and Lift Stay Motion, the Court issued its *Order Granting Community Unit School District 300's Motion for Abstention* [Doc. No. 3362] (the "Abstention Order") allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion.

6. With the entry of the Abstention Order, the Village, the Debtors and the School District resumed the Illinois Action, filing their respective summary judgment cross-motions as to the issues raised in the Turnover Motion. Additionally, Transform Holdco LLC, Transform SR Holding Management LLC, and TF Hoffman Estates IL LLC were named by the School District as additional party plaintiffs in the Illinois Action.

7. The Debtors and the School District have now reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village, and the School District's claims and objections to confirmation of the Debtors' plan, as detailed in the Stipulation.

**II.    Analysis**

8. Settlements, such as the Stipulation, are governed by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, which provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." With respect to Rule 9019, the Second Circuit has developed standards for courts to follow in evaluating whether a settlement is fair and equitable, setting forth the following factors for approval:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not

4

> object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Motorola v. Comm. of Unsecured Creditors (In re Iridium Operating, LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (citing to *In re Worldcom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

9. With its Limited Objection, Transform Holdco LLC ("Transform") fails to specifically direct objections to any of the Rule 9019(a) factors. Rather, it seeks to "clarify its rights as a potential assignee of the EDA Agreement." (¶7) Specifically, Transform states that "[t]o the extent Transform takes assignment of the EDA Agreement, Transform will receive the benefit of such release as the Debtors' assignee, including, for the avoidance of doubt, the School District's release of its rights to seek recovery for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds." (¶8)

10. However, rather than simply clarifying the Stipulation, Transform proposes edits which materially modify the Stipulation and create confusion and unacceptable ambiguity.

11. In *Jasam Realty Corp. v. Fidelity and Guar. Ins. Underwriters, Inc.*, 570 Fed. Appx. 12 (2d Cir. 2014), the Second Circuit stated that "[t]he scope and meaning of a release will be determined by the manifested intent of the parties – in Corbins words, 'by the process of interpretation, just as in the case of determining the meaning of an executory contract.'" Citing *Gordon v. Vincent Youmans, Inc.*, 358 F.2d 261, 263 (2d Cir. 1965) (quoting 5A CORBIN, Contracts §1238 at 560 (1964)). In other words, the scope of a release is governed by principles of contract law, such that "effect must be given to the intent of the parties as indicated by the language employed." *See In re Air Crash Disaster at Cove Neck, Long Island, N.Y.*, 885 F.Supp. 434, 442 (E.D.N.Y. 1995).

5

12. In the instant case, the releases detailed in the Stipulation are limited. For example, while the School District is releasing all rights to recovery against the Debtors and their bankruptcy estates, it is specifically not releasing the right to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against third parties, so long as any such action is not inconsistent with the Stipulation and does not seek monetary relief including costs against the Debtors; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign, the EDA Agreement, pursuant to section 365 of the Bankruptcy Code. (¶1.vii.)

13. Stated another way, and as relevant with respect to Transform, the School District is waiving a right to seek monetary damages against the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for monetary damages to the extent that the EDA Agreement is rejected under Section 365(a) and (g) of the Bankruptcy Code. But the School District is preserving its right to recover a cure claim to the extent the EDA Agreement is assumed, or assumed and assigned pursuant to Section 365(b) and (f) of the Bankruptcy Code. Such dissection of a claim is valid and enforceable and, in fact, a condition to the School District's approval of the settlement evidenced by the Stipulation.

6

14. While not actually articulated, Transform may be arguing that by waiving a monetary claim against the Debtors, the School District is precluded from recovering cure claims under Section 365, even if the settlement specifically provides otherwise. However, the case law does not support this proposition. In *In re Docktor Pet Center, Inc.,* 144 B.R. 14, 15-16 (Bankr. D. Mass. 1992) the debtor argued, with respect to an assumption motion, that no default existed that needed to be cured because the non-debtor counterparty had not filed a proof of claim prior to the claims bar date. The court held that "[t]he issue of whether [the non-debtor party] filed a proof of claim is irrelevant," finding that the debtor had failed to pay for goods received prepetition, and that this failure constituted a default under the contract, subject to Section 365. Thus, the inability to recover damages against a bankruptcy estate outside of Section 365, does not obviate cure rights arising from pre-petition defaults.

15. With respect to Tranform's second objection, the School District agrees that Transform may reserve any rights it has to argue that to the extent Transform takes assignment of the EDA Agreement, the EDA Funds levied after the Closing will constitute "Acquired Assets" under the APA and become property of Transform.

### III.    CONCLUSION

WHEREFORE, the School District respectfully requests this Court enter an order (i) denying Transform's Limited Objection; (ii) authorizing the Debtors to enter into and effectuate the Stipulation; and (iii) providing such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       October 18, 2019

ARCHER & GREINER, P.C.

By: /s/ Allen G. Kadish
    Allen G. Kadish
    Lance A. Schildkraut
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
       lschildkraut@archerlaw.com

and

Kenneth M. Florey
M. Neal Smith
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
       nsmith@robbins-schwartz.com

and

Matthew T. Gensburg
Gensburg Calandriello & Kanter, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

217473125v1