*Hearing Date: October 23, 2019*
*Hearing Time: 10:a.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE:  Hon. Robert D. Drain

--------------------------------------------------------x

In re                                                                    :

(Jointly Administered)
Chapter 11

SEARS HOLDINGS CORPORATION, et al.,      :
Debtors.:                                                          :

Case No. 18-23538 (RDD)

                                                                         :
                                                                         :

**Movant's Reply Brief/Affidavit**
in Response to Debtors's Objection To
Relief from Automatic Stay Doc#5388

--------------------------------------------------------x

STATE OF NEW YORK      )
                                         ) SS.:
COUNTY OF NEW YORK  )

## MOVANT'S REPLY BRIEF/AFFIDAVIT
## IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY

I BRIAN COKE NG,  being duly sworn, deposes and says under penalty of perjury:

That, in further support of my motion for Relief from the Automatic Stay, under 11

U.S.C§362(d)(1) and local rule 4001-1, derived from former Local Bankruptcy Rule 44(a) I

respectfully submits this Reply Brief in Response to Debtors Objection dated 10/16/2019.

### CONSPIRACY IN TAMPERING AND ALTERING THE TRANSCRIPT
### OF THE HEARING HELD BEFORE THIS COURT ON FEBRUARY 14, 2019

1.        Upon information belief, there is a conspiracy to directly mislead this honorable

Court, the Debtors and others unknown had conspired to tampered and altered the transcript of

the hearing before this Court on February 14, 2019, in an attempt to wrongfully suppress the

facts pertaining to my Post-Petition Claims of November 6, 2018. In fact, during the hearing held

before this Court on February 14, 2019, the debtors attorney(s) had advised this Court, that, on

quote: "*I have the attached copies, your honor, of the records that I received, and I don't think*

*there's-- I don't think anybody's denying him. I think they don't understand what he's asking*

*for.*" See such statements by Garrett Fail attached hereto as **Exhibit (2).**

## DECLARATION OF JESSIE B. MISHKIN DATED JULY 22, 2019

2.     On July 22, 2019, Jessie B. Mishkin filed a declaration and its accompanying exhibit A with this court, and to which he had claimed "is a true and correct copy of excerpts from the transcript of the hearing held before this Court on February 14, 2019. Additionally, Jessie B. Mishkin further claimed, that ***"Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct."***. A copy attached hereto as **Exhibit (1)**

3.     The transcript of the hearing held before this Court on February 14, 2019, has been tampered and altered to read differently, wrongfully exaggerated the facts in an effort and attempt to mislead this Court, it had failed to match the Certified Court Transcript, and specifically suppressed the facts pertaining to my Post-Petition Claims of November 6, 2018.

## POST-PETITION CLAIMS CONCERNING THE FAILURE TO COMPLY WITH THE JUDICIAL SUBPOENA DATED JUNE 29, 2018

4.     My post-petition claims concerning the debtor's failure to comply with the subpoena for all of my medical records was presented and addressed at the hearing held before this Court on February 14, 2019. See pages 65 through 69 of the Certified Court transcript of the hearing held before this Court on February 14, 2019, attached hereto as **Exhibit (2).**

5.     The debtors conduct on November 6, 2018, to which they had created and provided an altered and falsified portions of the medical records is not acceptable. We know as and for a fact, that the fictitious medical records that were provided to me on November 6, 2018, were <u>NEVER</u> available in August 2018, <u>NEVER</u> available in September 2018, and <u>NEVER</u> available in October 2018, and the totality of my medical records has still not received.

6.     In fact, the debtors here, had told and advised the Judge at the Supreme Court hearing held on September 20, 2018, that they had provided all the medical records requested in the Judicial subpoena. The debtors have an obligation to provide all medical records, but failed.

7.    The Order and Judicial Subpoena Duces Tecum dated on June 29, 2018, did in fact warned patently clearly, in separate part and among the other things, on quote: " **Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person(s) on whose behalf this Subpoena was issued for a penalty not to exceed fifty dollars, and all damages sustained by your failures to comply.**"

8.    My medical records needed to support all my claims, including claims to the workers compensation carrier for reimbursements for out of pocket for prescription medicines.

9.    The debtors did not assert any written or oral objections to my subpoena for my medical records. There are damages caused by the failure to act in compliance with the judicial subpoena. In light of the debtors failure to comply with the subpoena, I am respectfully requesting that they are estopped from challenging all damages including punitive damages.

10.    For example, in my workers compensation case, I have similar protections as those you will find under the Federal Employee Compensation Act ("FECA") at 20 CFR § 10.15, to which pertains to wrongfully impede a claim for reimbursement for out of pocket expenses for necessary prescription medicines.

### INSURANCE POLICY PERIOD AND COVERAGE TERRITORY

#### Insurance Policy No. HDO G71097614

11.    I was able to locate the Debtors insurance policy No.: HDO G71097614; Type of policy: General Liability; Date of Inception: 08/01/2018; date of Expiration: 01/01/2019; Insurer: ACE American Insurance Co. (ACE). This Policy is relevant in that, it covered periods to which my post-petition claims reflects a failure to comply with the judicial subpoena for all my medical records, the clear **explicit** display and showings of such failure occurred on **November 6, 2018**. I had raised and addressed such failure at the hearing held before this Court on February 14, 2019.

3

## CONFIRMATION OF THE INSURANCE POLICY PERIOD AND COVERAGE

12. By letter dated February 6, 2019, the debtors attorneys ("Garrett Fail") wrote to me and had confirmed the insurance policy No.: HDO G71097614; Type of policy: General Liability; Date of Inception: 08/01/2018; date of Expiration: 01/01/2019. But, Mr. Fail willfully and deliberately failed to address my post-petition claims to which reflects the debtors failure to comply with the subpoena for all my medical records. See copy attached **hereto** as **Exhibit (3).**

## CONCLUSION

For the foregoing reasons, I respectfully requests entry of an order granting the Motion, and providing the Movant relief from the automatic stay to submit a "Request For Assistance By Injured Worker" and its accompanying complaint to the State Of New York Workers' Compensation Board, and further order a copy of this motion and all its supporting papers and its accompanying exhibits to be a supporting part of the claims stated in my pending adversary proceeding (Adv. Pro. No. 19-08269), and for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully Submitted,

Dated New York, New York
October 22, 2019

All Prepare for, upon request of
BRIAN COKE NG, *Pro Se*
40 Ann Street
New York, NY 10038

**Mailing Address For All Mails:**
Church Street Station, P.O.
Box 2723, New York,
New York, 10008
Tel: (646) 820-9238

Sworn to before me on this _22_ day of October, 2019

Notary Public
FELIZ ZORAYA E
Notary Public State of New York
No. 01FE5078179
Qualified In Queens County
Commission Expires 05/19/2023

BRIAN COKE NG

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, et al.,                :        Case No. 18-23538 (RDD)
                                                   :
        Debtors.:                                  :        (Jointly Administered)
                                                   :
                                                   :        JUDGE:  Hon. Robert D. Drain
                                                   :
                                                   :
--------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Brian Coke Ng, hereby certify that on October 22, 2019, I caused true, complete and
accurate copies of the following documents:

1.      Movant's Reply Brief/Affidavit In Support Of Motion To Lift Automatic Stay,
and each and every parts of its exhibits to be served upon all the parties of interest on the master
service list, including the following parties by causing copies of the same to be filed on the
electronic filing system (CM/ECF) of the United States Bankruptcy Court for the Southern
District of New York, which in turn sent copies of each of the foregoing to the following parties
and/or their counsel:

        Counsel to Kmart Holding Corporation
        Sears Holdings Corporation (Debtors)
        Weil Gotshall & Manges, LLP

        Attorneys for Defendants PDX, Inc., and
        National Health Information Network, Inc.
        Kirby Aisner & Curley LLP

And also upon the following parties by causing copies of the same to be deposited in a sealed,
prepaid envelope in an official depository under the exclusive care and custody of the United
States Postal Service, to be delivered by overnight delivery addressed to each of the following:

Honorable  Robert  D. Drain
United  States  Bankruptcy  Court  for the  Southern
District  of New  York
300 Quarropas Street,  Room  248
White  Plains,  NY  10601
(Marked as "Chambers Copy")

    Counsel to Kmart Holding Corporation
    Sears Holdings Corporation (Debtors)
    Weil Gotshall & Manges, LLP
    767 5th Avenue
    New York, N.Y. 10153

    Kirby Aisner & Curley LLP
    700 Post Road, Suite 237
    Scarsdale, New York 10583
    Attorneys for Defendants PDX, Inc., and National Health Information Network, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York

Dated: October 22, 2019

                                                  Brian Coke Ng

# EXHIBIT   1

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                            :
In re                                       :   Chapter 11
                                            :
SEARS HOLDINGS CORPORATION, et al.,         :   Case No. 18-23538 (RDD)
                                            :
            Debtors.¹                       :   (Jointly Administered)
                                            :
-----------------------------------------   :
                                            :
BRIAN COKE NG,                              :
                          Plaintiff,        :
                                            :   Adversary Proceeding
            -against-                       :   Case No. 19-08269 (RDD)
                                            :
SEARS HOLDINGS CORPORATION; KMART           :
HOLDING CORPORATION, and PDX, INC.          :
("Non-Debtors"                              :
                          Defendants.       :
                                            :
-----------------------------------------------------------x
```

## DECLARATION OF JESSIE B. MISHKIN IN SUPPORT OF DEBTORS' MOTION TO DISMISS ADVERSARY COMPLAINT

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746, I, Jessie B. Mishkin, hereby declare and state as follows:

1.    I am Counsel at Weil, Gotshal & Manges LLP and counsel for Debtors in the above-captioned proceeding.

2.    I submit this Declaration in support of the Debtors' Motion to Dismiss Adversary Complaint (ECF No. 7).

3.    Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the transcript of the hearing held before this Court on February 14, 2019.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 22, 2019
New York, New York

/s/       *Jessie B. Mishkin*
Jessie B. Mishkin

WEIL \97126211\2\73217 0004

# Exhibit A

Page 1

```
 1    UNITED STATES BANKRUPTCY COURT

 2    SOUTHERN DISTRICT OF NEW YORK

 3    Case No. 18-23538-rdd

 4    - - - - - - - - - - - - - - - - - - - - - - - - - x

 5    In the Matter of:

 6

 7    SEARS HOLDINGS CORPORATION,

 8

 9             Debtor.

10    - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                        United States Bankruptcy Court

13                        300 Quarropas Street, Room 248

14                        White Plains, NY 10601

15

16                        February 14, 2019

17                        10:03 AM

18

19

20

21    B E F O R E :

22    HON ROBERT D. DRAIN

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO:  NAROTAM RAI
```

Page 67

1    to his records.

2              MR. NG:  The judge find this -- made an order and

3    had found that this is something that is subject for trial,

4    a trial.  Trial of fact.

5              THE COURT:  Well, but -- I guess --

6              MR. NG:  Here's the trial --

7              THE COURT:  I'm trying to -- I'm trying to

8    formulate what I want to say.  Whether you have a new claim

9    or not, for 2018, depends on when that claim arose, and if

10   you're saying that the Debtors have an obligation to give

11   you records in 2018, and they didn't do it, then that might

12   be a 2018 claim.  On the other hand, if you're saying the

13   Debtors have an obligation to give me records, and they gave

14   me the records, but the records are false --

15             MR. NG:  Utterly.

16             THE COURT:  -- and the alterations happened in the

17   past, not in 2018, then you don't have a 2018 claim.

18             MR. NG:  It happened in 2018.

19             THE COURT:  Well, I'm sorry, you're saying that

20   they were falsified in 2018 --

21             MR. NG:  Yes, in 2018.

22             THE COURT:  -- as opposed to in the past?

23             MR. NG:  Yes, within November 6, and November 6,

24   2018, (indiscernible).

25             THE COURT:  Well, we have a -- we have a --

1    there's an administrative claims bar date, okay, that's

2    going to be set.  This would be a post-petition claim,

3    because you're saying it's November, right?

4            MR. NG:  It's November and August, and --

5            THE COURT:  Well, if it's August, it's pre --

6    anyway, there's going to be a bar date.  I'd rather not do

7    this orderly.  I think you need to comply with the bar date,

8    file your claim, and then they'll have a better idea of what

9    it's about, and it'd probably be -- I don't know how we

10    liquidate it.  I can't tell you right now, sir, but it

11    doesn't sound like -- it's sounds like it may -- depending

12    on what the claim actually says in writing, I can figure out

13    how to deal with it.

14            MR. NG:  Well, I suffered emotional distress, so I

15    want --

16            THE COURT:  No, I don't mean the consequences of

17    the claim.  I'm saying, where the claim -- how the claim

18    arose, what the claim is based on, and I don't really know

19    enough about that, at this point, because I don't have

20    anything that really lays it out.  The -- a bar date order

21    what will say, you have to file proofs of claim by X date,

22    you know, I don't know what it'll be, end of March,

23    beginning of April, some date.  File your claim, lay out

24    what you think the claim is and when it arose and what it's

25    for, and then we can decide what to do with this.  I don't

18-23538-shl   Doc 5469   Filed 10/22/19   Entered 10/22/19 16:45:03   Main Document
19-08269-rdd   Doc 8   Filed 07/22/19   Entered 07/22/19 22:45:59   Main Document
Pg 7 of 7

Page 69

1    really -- I have your complaint for the State Court action.

2    I know what that's about, but I don't really have anything

3    that lays out this claim.

4            MR. NG:  Well, the claim that I'm referring to

5    right now, that --

6            THE COURT:  No, I -- I -- look, I do much better

7    with things in writing.

8            MR. NG:  Yes.

9            THE COURT:  You need to lay it out in writing,

10   because it -- I couldn't figure it out, okay?

11           MR. NG:  Okay, Your Honor.  So --

12           THE COURT:  So, I'm going to adjourn this until

13   after the bar date, the hearing on this motion, I'm going to

14   adjourn it until after the bar date.  The bar date will be

15   set very soon.  It'll probably be a hearing in April, okay?

16           MR. NG:  Okay, Your Honor.

17           THE COURT:  Okay.

18           MR. NG:  I'm suffering a lot of damages and

19   medical bills and everything, and that's why I'm trying to

20   seek -- get justice.

21           THE COURT:  And if it was a question of the

22   records being released, I would direct the Debtors to

23   release the records, but it sounds like they were released

24   to you.  The dispute is to whether they were altered at some

25   point.

# EXHIBIT  2

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 18-23538-rdd

4   - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   SEARS HOLDINGS CORPORATION,

8

9           Debtor.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                      United States Bankruptcy Court

13                      300 Quarropas Street, Room 248

14                      White Plains, NY 10601

15

16                      February 14, 2019

17                      10:03 AM

18

19

20

21   B E F O R E :

22   HON ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  NAROTAM RAI

Page 65

1      have to see doctor.

2              THE COURT:  Right, but is that for the same

3      exposure?  What is the claim against Kmart that dates from

4      the post-bankruptcy period?

5              MR. NG:  Okay, it all began in 2010 when I want

6      there and I got treatments.

7              THE COURT:  Right, no, I understand all that, but

8      what new thing has Kmart, you allege, done, after the start

9      of this bankruptcy case in October '13?

10             MR. NG:  Yeah, they have lied to the Supreme Court

11     that they have given me records, medical records, when they

12     did not.

13             THE COURT:  But is that -- is that -- you made a

14     request after the start of the bankruptcy case?

15             MR. NG:  No, Your Honor.

16             THE COURT:  Well --

17             MR. NG:  It was before the bankruptcy that the

18     judge -- the hearing was October -- September 2018, and the

19     judge went -- sent an Order for -- give me a moment, Your

20     Honor.  Okay, so the judge said -- the judge issued a

21     subpoena and they did not provide me with all the records

22     like, that I need.

23             THE COURT:  The request -- so, you requested

24     records of them --

25             MR. NG:  Yeah, the judge --

Page 66

1            THE COURT:  -- when -- I'm sorry, when did you

2    make that request?

3            MR. NG:  The judge signed the Order June 29, 2018.

4            THE COURT:  Right.

5            MR. NG:  They were served, and we all just

6    appeared before the judge --

7            THE COURT:  Right, but then the bankruptcy

8    happened, so they probably didn't -- then everything

9    stopped, is my guess.

10            MR. NG:  Everything stopped, but the judge still

11    appear -- during that time, after heads --

12            THE COURT:  So, it's a -- basically, to provide

13    records now?

14            MR. NG:  To provide records.

15            THE COURT:  Okay, so I can I interrupt you?  If

16    that's the case, can they provide him the records?

17            MR. NG:  They did not.

18            THE COURT:  No, I'm asking the Debtors' lawyer.  I

19    don't necessarily view this as a litigation.  I just think

20    he's entitled to his records, right?

21            MR. FAIL:  In the -- I have the attached copies,

22    Your Honor, of the records that he received, and I think

23    he's saying they were falsified.  I don't think there's -- I

24    don't think anybody's denying him.  I think they don't

25    understand what he's asking for.

Page 67

1           THE COURT:  You think -- you think they're

2    incorrect, or is it you think they're falsified?

3           MR. FAIL:  I thought he's attached all his pleas

4    to his records.

5           MR. NG:  The judge find this -- made an order and

6    had found that this is something that is subject for trial,

7    a trial.  Trial of fact.

8           THE COURT:  Well, but -- I guess --

9           MR. NG:  Here's the trial --

10          THE COURT:  I'm trying to -- I'm trying to

11   formulate what I want to say.  Whether you have a new claim

12   or not, for 2018, depends on when that claim arose, and if

13   you're saying that the Debtors have an obligation to give

14   you records in 2018, and they didn't do it, then that might

15   be a 2018 claim.  On the other hand, if you're saying the

16   Debtors have an obligation to give me records, and they gave

17   me the records, but the records are false --

18          MR. NG:  Utterly.

19          THE COURT:  -- and the alterations happened in the

20   past, not in 2018, then you don't have a 2018 claim.

21          MR. NG:  It happened in 2018.

22          THE COURT:  Well, I'm sorry, you're saying that

23   they were falsified in 2018 --

24          MR. NG:  Yes, in 2018.

25          THE COURT:  -- as opposed to in the past?

1          MR. NG:  Yes, within November 6, and November 6,

2    2018, (indiscernible).

3          THE COURT:  Well, we have a -- we have a --

4    there's an administrative claims bar date, okay, that's

5    going to be set.  This would be a post-petition claim,

6    because you're saying it's November, right?

7          MR. NG:  It's November and August, and --

8          THE COURT:  Well, if it's August, it's pre --

9    anyway, there's going to be a bar date.  I'd rather not do

10   this orderly.  I think you need to comply with the bar date,

11   file your claim, and then they'll have a better idea of what

12   it's about, and it'd probably be -- I don't know how we

13   liquidate it.  I can't tell you right now, sir, but it

14   doesn't sound like -- it's sounds like it may -- depending

15   on what the claim actually says in writing, I can figure out

16   how to deal with it.

17         MR. NG:  Well, I suffered emotional distress, so I

18   want --

19         THE COURT:  No, I don't mean the consequences of

20   the claim.  I'm saying, where the claim -- how the claim

21   arose, what the claim is based on, and I don't really know

22   enough about that, at this point, because I don't have

23   anything that really lays it out.  The -- a bar date order

24   what will say, you have to file proofs of claim by X date,

25   you know, I don't know what it'll be, end of March,

Page 69

```
 1    beginning of April, some date.  File your claim, lay out

 2    what you think the claim is and when it arose and what it's

 3    for, and then we can decide what to do with this.  I don't

 4    really -- I have your complaint for the State Court action.

 5    I know what that's about, but I don't really have anything

 6    that lays out this claim.

 7              MR. NG:  Well, the claim that I'm referring to

 8    right now, that --

 9              THE COURT:  No, I -- I -- look, I do much better

10    with things in writing.

11              MR. NG:  Yes.

12              THE COURT:  You need to lay it out in writing,

13    because it -- I couldn't figure it out, okay?

14              MR. NG:  Okay, Your Honor.  So --

15              THE COURT:  So, I'm going to adjourn this until

16    after the bar date, the hearing on this motion, I'm going to

17    adjourn it until after the bar date.  The bar date will be

18    set very soon.  It'll probably be a hearing in April, okay?

19              MR. NG:  Okay, Your Honor.

20              THE COURT:  Okay.

21              MR. NG:  I'm suffering a lot of damages and

22    medical bills and everything, and that's why I'm trying to

23    seek -- get justice.

24              THE COURT:  And if it was a question of the

25    records being released, I would direct the Debtors to
```

# EXHIBIT  3

## Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

PRIVILEGED
SUBJECT TO FRE 408 AND OTHER RULES OF SIMILAR IMPORT
BY E-MAIL AND FEDEX

Garrett Fail
+1 (212) 310-8451
Garrett.Fail@weil.com

February 6, 2019

Brian Coke Ng
40 Ann Street
New York, New York 10038
Briancng38@gmail.com

Re: *In re Sears Holdings Corporation, et. al.,* Case No. 18-23538 (RDD)

Dear Mr. Ng:

Reference is made to your motion for relief from the automatic stay in the above-referenced cases [ECF No. 1006].

At the hearing held on January 18, 2018, Judge Drain stated on the record that if insurance is not available for your claims, "the motion should be denied because clearly, this is just a claim that would otherwise be dealt with in the process of doing the pre-bankruptcy claims." *See* Transcript, page 51. The Court further stated that, "if the Debtors show you that [the] insurance [you allege covers your claim] doesn't really cover your claim... then you should withdraw the motion," because Judge Drain would not grant it otherwise. *See* Transcript, page 52.

As part of your most recent filing, ECF No. 1721, you assert that the Debtors have a number of insurance policies relevant to your claims. As described below, each policy is either exhausted, not applicable for the location where your alleged claim asserted arose, or has a deductible that would require the Debtors to pay any claim covered thereunder.

1. HDO G2433398 (General Liability; 8/1/2009-8/1/2010): the Debtors believe you may be referring to Policy #HDOG24933398. This is the Debtors' General Liability policy, which is exhausted.

2. HDO G71097651 (General Liability; 8/1/2018-1/1/2019): This is a location-specific policy that does not apply to the location at 770 Broadway, New York, New York

3. HDO G71097699 (General Liability; 8/1/2018-1/1/2019): This is a location-specific policy that does not apply to the location at 770 Broadway, New York, New York.

Brian Coke Ng
February 6, 2019
Page 2

Weil, Gotshal & Manges LLP

4.  HDO G71097730 (General Liability; 8/1/2018-1/1/2019): This is a location–specific policy that does not apply to the location at 770 Broadway, New York, New York.

5.  CGO G71097778 (General Liability; 8/1/2018-1/1/2019): This is a location–specific policy that does not apply to the location at 770 Broadway, New York, New York.

6.  HDO G71097614 (General Liability; 8/1/2018-1/1/2019): This is a $5 million policy with a $5 million deductible. As a result, the Debtors would be responsible for all costs and any damages, if this policy applied, up to $5,000,000. For that reason, the Debtors would not consent to lift the automatic stay with respect to proceeds under this policy, and don't believe the Bankruptcy Court would permit litigation to proceed based on this policy alone.

Given that the Debtors would be required to pay for any defense costs and damages if your actions were to proceed, we ask that you withdraw your motion, without prejudice to refile at a later date.

Please confirm by the close of business on Thursday, February 8, 2018, so that we can advise the Court.

Regards,

Garrett Fail