Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 18-23538-rdd

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    SEARS HOLDING COMPANY,

8

9            Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                    United States Bankruptcy Court

13                    300 Quarropas Street, Room 248

14                    White Plains, NY 10601

15

16                    May 8, 2019

17                    10:25 AM

18

19

20

21   B E F O R E :

22   HON ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO: NAROTAM RAI

Page 2

1    HEARING re Hearing on Objections to Assumption and

2    Assignment of Leases (related documents 2507 and 3 008)

3

4    HEARING re Objection of PREIT Services LLC, as agent for PR

5    North Dartmouth LLC  (document #1747)

6

7    HEARING re Objection by West Orange Plaia (Store No. 9413)

8    (related document(s)l810, 3298, 3509)

9

10   HEARING re Objection (related document(s)l813, 3298, 3387)

11

12   HEARING re Objection to Debtor's Notice to Cure Costs and

13   Potential Assumption and Assignment of Executory Contracts

14   and Unexpired Leases in Connection with Global Sale

15   Transaction (document #1817)

16

17   HEARING re Objection to Notice of Cure Amount

18   (document(s)2222) D Management LLC's Revised Objection to

19   Notice of Cure Amount (document 3442)

20

21   HEARING re Objection to Cure Amount document #1824)

22

23   HEARING re Objection Supplemental Objection of K-Bay Plaza,

24   LLC (document #3487)

25

Page 3

1   HEARING re Objection of John C. Adams and Kennylugenia Adams

2   (document #1830)

3

4   HEARING re Colonial Properties, LLC (document #1947)

5

6   HEARING re MCS Hemet Balley Center (document #1870)

7

8   HEARING re QKC Maui Owner LLC (document #1874)

9

10  HEARING re Objection to Designation Notice (document #3482)

11

12  HEARING re Objection Primark US Corp.'s (document #1923,

13  #3187, #3411))

14

15  HEARING re Landlord, Fringe Area (II), S.E. (documents #1927

16  and #3535)

17

18  HEARING re HomeGoods, Inc. (document #1946)

19

20  HEARING re The Kroger Co. (documents #1948, 3578)

21

22  HEARING re City of Minneapolis (document #1954)

23

24  HEARING re Landlord, Plaza del Caribe, S.E.(s.r.t.stores

25  1905 and 7842)

Page 4

1    HEARING re Landlord, Plaza de Cari be, S.E. (w.r.t. store

2    1945) (documents # 1970 and #3532)

3

4    HEARING re Cheddars Casual Cafte, Inc., rare Hospitality

5    International Inc., Rare Hospitality Management (the "Darden

6    Parties") document #1973

7

8    HEARING re LBG Hilltop, LLC

9

10   HEARING re CAPREF Burbank LLC (documents #1983 and #3382)

11

12   HEARING re Westfield LLC (documents #1991 and #3511)

13

14   HEARING re Concord Mall LP document # 1993

15

16   HEARING re CBL & Associates Management, Inc. (document

17   #1832)

18

19   HEARING re CBL & Associates Management document #1833

20

21   HEARING re Interprop Bedford, LLC (document #2107 and #3526)

22

23   HEARING Re Vornado Relaty L.P. (documents #2109 and #3529)

24

25   HEARING Re Federal Cobnstruction, Inc.  document #2126)

Page 5

1    HEARING Re Drayton Plains (MI) (document #2140)

2

3    HEARING Re Shidler/West Finance Partners V L.P. document

4    #2155)

5

6    HEARING Re DART Warehouse Corporation ( document #2168)

7

8    HEARING Re Taubman Landlords

9

10   HEARING Re SWZ, LLC (document #2192)

11

12   HEARING Re CenterPoint Properties Trust

13

14   HEARING Re MOAC Mall Holding LLC (document #2199 and #3501)

15

16   HEARING Re A.R.E. Investment (document #2205)

17

18   HEARING Re EL Centro Mall, Ltd. and GC Columbia, LLC

19   (document #2244)

20

21   HEARING Re Camegaran LLC ( document #2268)

22

23   HEARING Re Groveport Lynx, LLC (document #2285)

24

25   HEARING Re Lawrence Mart, LLC (document 2287)

 1    HEARING Re Bradshaw Westwood Trust (documents #2299 and
 2    #3579)

 3

 4    HEARING Re MCG Landlords (document #2375)

 5

 6    HEARING Re Centennial Real Estate Co. and the Macerich
 7    Company document #2551)

 8

 9    HEARING Re KTR Ohio LLC (document #2806)

10

11    HEARING Re Living Spaces Furniture, LLC

12

13    HEARING Re North K I-29 2004, LLC (documents #2810, #3512m
14    #3515)

15

16    HEARING Re Loyal Holdings DE LLC (document #3388)

17

18    HEARING Re Banker -Properties Limited Partnership (document
19    #3390)

20

21    HEARING Re Pennsee, LLC (document #LLC)

22

23    HEARING Re Manco Florida Associated, LLC (documents #2128
24    and #3405)

25

Page 7

1    HEARING Re Santa Rosa Mall, LLC (documents #2283 and #3408)

2

3    HEARING Re The Taubman Landlords (documents # 1879, #2179,

4    #3410)

5

6    HEARING Re Biltmore Commercial Properties I, LLC (documents

7    #2284 and #3413)

8

9    HEARING Re Auburndale Properties, Inc. (document #3504)

10

11   HEARING Re Crossroads Mall, LLC (document #3506)

12

13   HEARING Re Lakewood Shopping Center, LLC (documents #1845

14   and #3524)

15

16   HEARING Re Plaza las Americas, Inc. (document #3531)

17

18   HEARING Re A.R.E. Investment Co. (document #3537)

19

20   HEARING Re ENIA Investments San Diego, LLC (document #3545)

21

22   HEARING Re Univest-BTC S&R, LLC (document #3549)

23

24   HEARING Re Saker ShopRites,Inc. (document #3565)

25

 1    HEARING Re M. Holtzman Realty, LLC (document #3569)

 2

 3    HEARING Re Lawrence Mart, LLC (document #3574)

 4

 5    HEARING Re California Drive In Theaters, Inc. (document

 6    #3575)

 7

 8    HEARING Re Ravenswood Station, LLC (document #3584)

 9

10    HEARING Re Stockton Mariposa (documents #2026 and #3538)

11

12    HEARING Re MIDAMCO (document #3600)

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 9

```
 1   A P P E A R A N C E S :

 2

 3   BARCLAY DAMON LLP

 4        Attorneys for DGI LS, LLC, JPMG Manassas Mall Owner

 5        LLC, Poughkeepsie Galleria LLC & Shillington Plaza LLC

 6        Barclay Damon Tower

 7        125 East Jefferson Street

 8        Syracuse, NY 13202

 9

10   BY:  KEVIN M. NEWMAN

11

12   CLEARY GOTTLIEB STEEN & HAMILTON LLP

13        Attorneys for Transform Holdco LLC

14        One Liberty Plaza

15        New York, NY 10006

16

17   BY:  ANDREW WEAVER

18        LUKE A. BAREFOOT

19        MATTHEW J. LIVINGSTON

20        KATE MASSEY

21

22

23

24

25
```

```
 1   ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

 2        Attorneys for LBA Realty, Weingarten Realty Investors

 3        and Grazaidio Investment Company

 4        Three Embarcadero Center, 12th Floor

 5        San Francisco, CA 94111

 6

 7   BY:  IVAN GOLD

 8

 9   AKIN GUMP STRAUSS HAUER & FELD LLP

10        Attorneys for Official Committee of Unsecured Creditors

11        One Bryant Park

12        New York, NY 10036

13

14   BY:  JOSEPH L. SORKIN

15

16   WEIL, GOTSHAL & MANGES LLP

17        Attorneys for Sears Holdings Corporation and Affiliated

18        Debtors

19        767 Fifth Avenue

20        New York, NY 10153

21

22   BY:  JACQUELINE MARCUS

23        ANGELINE HWANG

24

25
```

```
 1   GELBER + SANTILLO

 2        Attorneys for Transform Holdco.

 3        347 West 36th Street, Suite 805

 4        New York, NY 10018

 5

 6   BY:  KRISTEN SANTILLO

 7

 8   KIRBY AISNER & CURLEY LLP

 9        Attorneys for Greenhorn Ventures LLC, Landlord Lease

10        #7006

11        700 Post Road, Suite 237

12        Scarsdale, NY 10583

13

14   BY:  DAWN KIRBY

15

16   CKR LAW

17        Attorneys for Bradshaw Westwood Trust & RREEF America

18        REIT II Portfolio L.P. & Crossroads Mall, LLC

19        1330 Avenue of the Americas, 14th Floor

20        New York, NY 10019

21

22   BY:  GILBERT R. SAYDAH, JR.

23        EDWARD L. SCHNITZER

24

25
```

```
 1   KELLEY DRYE & WARREN LLP

 2        Benderson Development Company LLC, Brookfield Property

 3        REIT Inc., Gray Enterprises, Graziadio Investment

 4        Company, Gregory Greenfield & Associates, Ltd., LBA

 5        Realty LLC, LF2 Rock Creek LP, Nassimi Realty LLC,

 6        Realty Income Corp., Regency Centers Corp., SITE

 7        Centers Corp., Spigel Properties, The Woodmont Company,

 8        Weingarten Realty Investors.

 9        101 Park Avenue

10        New York, NY 10178

11

12   BY:  ROBERT LEHANE

13

14   MINTZ & GOLD LLP

15        Attorneys for Ravenswood Station, LLC

16        600 Third Avenue

17        New York, NY 10016

18

19   BY:  ANDREW R. GOTTESMAN

20

21

22

23

24

25
```

```
 1    EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS

 2         Attorneys for K-Bay Plaza, LLC

 3         805 Third Avenue

 4         New York, NY 10022

 5

 6    BY:  LAURENCE MAY

 7

 8    FROST BROWN TODD LLC

 9         Attorneys for Washington Prime Group Inc. & The Kroger

10         Company

11         3300 Great American Tower

12         301 East Fourth Street

13         Cincinnati, OH 45202

14

15    BY:  A.J. WEBB

16

17    TROUTMAN SANDERS LLP

18         Attorneys for The Bruce Trusts & Biltmore Commercial

19         Properties I

20         875 Third Avenue

21         New York, NY 10022

22

23    BY:  BRETT GOODMAN

24

25
```

Page 14

1   BENESCH

2        Attorneys for MIDAMCO & MCG Rock Hill, LLC, VCP Rock

3        Hill Storage, LLC

4        222 Delaware Avenue, Suite 801

5        Wilmington, DE 19801

6

7   BY:  KEVIN M. CAPUZZI

8

9   REED SMITH LLP

10        Attorneys for A.R.E. Investments, Landlord

11        599 Lexington Avenue

12        New York, NY 10022

13

14   BY:  CHRISTOPHER A. LYNCH

15

16   HALPERIN BATTAGLIA BENZIJA, LLP

17        Attorneys for Taubman Landlords

18        40 Wall Street, 37th Floor

19        New York, NY 10005

20

21   BY:  DONNA H. LIEBERMAN

22

23

24

25

Page 15

```
 1   BALLARD SPAHR LLP
 2        Attorneys for Brixmor Operating Partnership, The
 3        Macerich Company Federal Realty Investment, Cedar
 4        Realty
 5        1735 Market Street, 51st Floor
 6        Philadelphia, PA 19103
 7
 8   BY:  DAVID L. POLLACK
 9
10   ALSO PRESENT TELEPHONICALLY:
11
12   JOHN FARNUM
13   ZACHARY D. LANIER
14   HYUN CHOI
15   RYAN REINERT
16   GERALD KENNEDY
17   KIMBERLY GIANIS
18   LAWRENCE LICHTMAN
19   MAEGHAN MCLOUGHLIN
20   TREVOR HOFFMANN
21   NAVA HAZAN
22   KIMBERLY KODIS
23   EVAN ZUCKER
24   MICHAEL BLUMENTHAL
25   BRYAN CIMALA
```

Page 16

1    JULIAN BULAON

2    MASSEY KATHERINE

3    DAVID BLAU

4    WILLIAM FENNELL

5    EDWARD FOX

6    RONALD GOLD

7    MICHAEL HERZ

8    WILLIAM HOLSTE

9    CURTIS MILLER

10   KURT RAMLO

11   SUNNY SINGH

12   MARGARET SUN

13   ANGELO THALASSINOS

14   RITA HULLETT

15   BERNICE LEE

16   JOHN BRINGARDNER

17

18

19

20

21

22

23

24

25

1                  P R O C E E D I N G S

2            THE COURT:  Okay, good morning.  In RE:  Sears

3    Holdings Corporation, et al.

4            MS. MARCUS:  Good morning, Your Honor.

5            THE COURT:  Good morning.

6            MS. MARCUS:  Jacqueline Marcus from Weil, Gotshal,

7    and Manges, LLP on behalf of Sears Holdings Corporation and

8    its affiliated Debtors.  With me in Court today is my

9    colleague, Angeline Hwang.  Your Honor, today's hearing has

10   been set to deal with various issues arising out of the

11   lease designation process and we very much appreciate on

12   behalf of the Debtors the Court's flexibility in scheduling

13   today's hearing.

14            Consistent with the bidding procedures order, the

15   asset purchase agreement, the sale order, and the Court's

16   prior assumption and assignment order, the Debtors filed

17   numerous notice of cure amounts and assumption and

18   assignment notices.  To remind the Court and other parties

19   in the courtroom, the cure notices set forth the Debtors'

20   calculation of proposed cure amounts and the assumption and

21   assignment notices that followed actually indicated in --

22   the circumstances in which Transform had designated certain

23   leases for assumption.

24            As indicated in the Debtors' response and

25   reservation of rights that was filed at ECF Number 3651,

Page 18

1    most of the issues to be addressed today are between

2    Transform as purported assignee or its designee and the

3    respective landlords.

4            The Debtors do want to note, however, as I'm sure

5    is obvious to the Court, that it is in the Debtors' best

6    interest for as many of the leases to be assumed and

7    assigned as possible because Transform has agreed under the

8    asset purchase agreement to pay the cure costs and because

9    assumption and assignment spares the estate from rejection

10   damage claims.  At this point, Your Honor, I'll turn the

11   podium over to Mr. Barefoot on behalf of Transform.

12           THE COURT:  Okay.

13           MR. BAREFOOT:  Good morning, Your Honor.

14           THE COURT:  Morning.

15           MR. BAREFOOT:  Luke Barefoot from Cleary,

16   Gottlieb, Steen, and Hamilton for Transform Holdco and its

17   affiliates.  I want to echo what Ms. Marcus said, Your

18   Honor, to open in terms of thanking you for your flexibility

19   in scheduling this hearing and having us able to get these

20   leases assumed and assigned.

21           In many ways, this hearing is effectively the

22   closing chapter of the sale hearing, and the assumption and

23   assignment of the integrated network of ground leases,

24   leases, and subleases that underly the distribution and

25   retail store network is integral to the transaction.  Your

1    Honor, do you have the revised agenda that we filed very

2    late last night or very early this morning?

3                THE COURT:  Well, yes.

4                MR. BAREFOOT:  Okay.

5                THE COURT:  I'm assuming that's what was in the

6    binder that was provided to chambers.

7                MR. BAREFOOT:  That's correct, Your Honor.  As an

8    initial matter, I thought it might be helpful to talk about

9    the various categories of objections that are up for hearing

10   this morning and also to inform the Court of certain

11   additional resolutions or adjournments that have further

12   reduced the number of items that are on the agenda.

13               THE COURT:  Okay, that's fine, and I'll note that

14   the agenda is divided into, as you said, several different

15   categories of types of objections.  I think that's an

16   efficient way to deal with these issues; although, I'll note

17   that in a number of cases, the same objecting lessor has an

18   objection in more than one category, but I think it's still

19   more efficient to deal with it by category.

20               MR. BAREFOOT:  Very good, Your Honor.  In terms of

21   the categories, the first one are objections to the adequate

22   assurance of future performance that Transform and the

23   designated Transform entities who will be the counterparties

24   on the leases have provided.

25                    There are a number of resolutions here that I can

1    report:  K-Bay Plaza, which is A; the Kroger Company which

2    is Number F; Loyal Holdings Delaware, LLC which is P;

3    Pennsee, LLC which is Q; and MIDAMCO which is S have all

4    either been resolved, adjourned, or withdrawn.

5               THE COURT:  Okay.

6               MR. BAREFOOT:  Under bucket two, which is the

7    objections concerning compliance with restrictive covenants,

8    I can report that, again, Items E and F for Loyal Holdings

9    and Pennsee have been adjourned and are off the calendar.

10   Univest-BTC S&R, LLC which is Agenda Item Number F is now

11   resolved and there was a notice of withdrawal of that

12   objection filed this morning.

13              THE COURT:  I think that's H, though.

14              MR. BAREFOOT:  I apologize.  You're correct, Your

15   Honor.  MIDAMCO, as we indicated, is resolved.  That's

16   Number L and Number M, Living Spaces Furniture, LLC has also

17   been resolved.

18              THE COURT:  Okay.

19              MR. BAREFOOT:  Moving down the docket, Your Honor,

20   to Number 4, counterparties asserting objections related in

21   the service of process, I can report that Item A, HomeGoods,

22   Inc., has been resolved.  And, again, F, Living Spaces

23   Furniture, LLC has similarly been resolved.

24              THE COURT:  Okay.

25              MR. BAREFOOT:  Under Agenda Item Number 6, which

1   concerns insurance requirements, again, K-Bay Plaza which is

2   Number A and Pennsee, LLC which is C have both been taken

3   off the agenda.

4            THE COURT:  Okay.

5            MR. BAREFOOT:  I also want to report on a handful

6   of changes to the universe of what the Debtors are assuming

7   and assigning to Transform as a result of some of these

8   recent resolutions.  In particular, there are four

9   additional store locations that were originally noticed to

10  be designated for assumption and assignment that is a result

11  of discussions with the counterparty.  Those designation

12  notices have been withdrawn and Transform has rejected the

13  leases relative to the estate.

14           THE COURT:  Okay.

15           MR. BAREFOOT:  Those four store locations are

16  Store 2001 in Piqua, Ohio; Store Number 7043 in Rock Hill,

17  South Carolina; Store Number 3886 in Asheville, North

18  Carolina; and Store Number 3483 in Ontario, California.  And

19  those notices of withdrawal of the designation notices have

20  all been filed on the docket.

21           THE COURT:  Okay.

22           MR. BAREFOOT:  Your Honor, with that clarification

23  on the scope of what's going forward, I'd like to take the

24  Court's direction on how you'd like to proceed with the

25  hearing.  We do have Rob Riecker who's the CFO of the -- of

Page 22

1    Transform here to testify as to adequate assurance.  We've

2    submitted a declaration from Mr. Riecker with our reply.  We

3    could either have a brief opening statement both from

4    Transform and from any remaining objecting landlords and

5    then proceed to testimony or we could proceed straight to

6    testimony, depending on Your Honor's preference.

7            THE COURT:  Well, unless there are any further

8    resolution, I think we should just proceed to Mr. Riecker's

9    testimony.

10           MR. BAREFOOT:  Very good, Your Honor.  My

11   colleague, Mr. Weaver will handle that.

12           THE COURT:  Okay.

13           MR. WEAVER:  Good morning, Your Honor.

14           THE COURT:  Good morning.

15           MR. WEAVER:  Andrew Weaver of Cleary, Gottlieb,

16   Steen, and Hamilton on behalf of Transformco.  We would like

17   to present our witness, Robert Riecker, CFO of Sears and CFO

18   of Transformco.

19           THE COURT:  Okay.  I have Mr. Riecker's

20   declaration.  Is anyone going to want to cross examine him

21   on that declaration?  No?

22           MR. WEAVER:  On that basis, Your Honor, we would

23   ask to move his declaration and exhibits into the record

24   under seal.

25           THE COURT:  Okay.  Does anyone object to the

1    admission of Mr. Riecker's declaration as his direct

2    testimony and the exhibits thereto?  Okay.  I have reviewed

3    the declaration and the exhibits and I will admit them as

4    his direct testimony with respect to his declaration which

5    is dated May 6th, two days ago, and the Exhibits

6    (indiscernible) A through F to that declaration.  I do -- Is

7    Mr. Riecker here?

8              MR. WEAVER:  Yes, he's (indiscernible).

9              THE COURT:  Okay.  Let me just ask you, sir,

10   sitting here today.  I appreciate that your declaration is

11   dated two days ago.  Is there anything in it that you wish

12   to change?

13             MR. RIECKER:  There is not, Your Honor.

14             THE COURT:  Okay.  All right, thank you.  All

15   right.

16             MR. WEAVER:  Thank you, Your Honor.  I'll return

17   the podium to Mr. Barefoot.

18             THE COURT:  Okay.  Let me just ask, because I'm

19   assuming you're going to oral argument at this point --

20             MR. BAREFOOT:  I think that would be the next

21   logical step.

22             THE COURT:  Before we get to that, let me ask any

23   of the objectants whose objections are still under

24   consideration for today, whether they have any evidence that

25   they would like to submit on the adequate assurance issue.

Page 24

1           MR. SAYDAH:  Good morning, Your Honor.  For the

2    record, Gilbert Saydah, CRK Law, here today on behalf of

3    Bradshaw Westwood Trust.  Your Honor, with respect to the --

4           THE COURT:  Morning.

5           MR. SAYDAH:  -- issue of adequate assurance of

6    future performance, we do not directly have any evidence to

7    present.  Yesterday, we submitted a declaration in support

8    of our supplemental objection.  This relates to the issue of

9    365(l)and our request for additional security pursuant to

10   that provision of the code.  Your Honor, we weren't aware

11   that this was going to be an evidentiary hearing to produce

12   a witness.  It was not teed up as an evidentiary hearing.

13          THE COURT:  Okay.

14          MR. SAYDAH:  This is the initial hearing on our

15   pleading, so pursuant to Local Rule 9014-2 and Your Honor's

16   amended procedures order in this case, this is not an

17   evidentiary hearing with respect to that.

18          THE COURT:  All right.  I'm not sure I have that

19   declaration.  I take your word for it it was filed on the

20   docket.  I'm just not sure a copy made its way to chambers.

21          MR. SAYDAH:  Yes, Your Honor.  I'd be happy to

22   hand up a copy.  I'm not --

23          THE COURT:  Could you do that?

24          MR. SAYDAH:  Certainly.

25          MR. BAREFOOT:  Sorry, just as a point of

1    clarification, are you proffering the declaration --

2            THE COURT:  No, he's not --

3            MR. SAYDAH:  No.

4            THE COURT:  -- because the --

5            MR. SAYDAH:  No, I'm not.

6            THE COURT:  -- the declarant's not here to

7    testify.  I just wanted to make sure I have looked at it.

8    And just to be fair, that really wasn't part of this section

9    of the hearing.  There's a separate section in the agenda --

10           MR. SAYDAH:  Correct, Your Honor.

11           THE COURT:  -- covering 365.

12           MR. SAYDAH:  I just wanted to make sure that I

13   wasn't' waiving anything --

14           THE COURT:  That's fine.

15           MR. SAYDAH:  -- just to -- if I may approach, Your

16   Honor?

17           THE COURT:  Sure.  Thank you.  Okay, thanks.

18           MR. SAYDAH:  Thank you, Your Honor.

19           THE COURT:  So, again, on the adequate assurance

20   issue, it appears there's no additional evidentiary

21   submission, so why don't we go to oral argument?

22           MR. BAREFOOT:  Your Honor, on the issue of

23   adequate assurance, given the Court's sealing motion and to

24   avoid sealing the courtroom, I would propose that in

25   remarks, parties avoid referring to the specific figures and

Page 26

1    details of any of the financial information that was filed

2    under seal.

3              THE COURT:  Well, we'll see where we go on that.

4    I mean, if -- it may be that I'll have to go off the record

5    -- go off the public record at some point, but --

6              MR. BAREFOOT:  Okay.  I'll start --

7              THE COURT:  I think people should be mindful

8    during oral argument of trying to avoid, unless they believe

9    it's absolutely necessary, getting into the details that

10   would -- that were redacted as part of the sealing order.

11             MR. BAREFOOT:  Very good, Your Honor.  I, in my

12   remarks right now, will limit it to publicly available

13   information and avoid any of that.  If any argument from the

14   landlord community requires a response, we'll ask to seal

15   the courtroom.

16             On adequate assurance, Your Honor, the Court

17   already determined on the evidence that was presented at the

18   sale hearing that Transform provided adequate assurance of

19   future performance based on its business plan and its

20   anticipated capitalization.

21             THE COURT:  Right.  Although, these objectors

22   reserve their rights on that point.

23             MR. BAREFOOT:  You're --

24             THE COURT:  There's no one who filed a late

25   objection that would've been bound by that order, in other

Page 27

1    words.

2            MR. BAREFOOT:  You're absolutely correct, Your

3    Honor, but I think the overarching point is that nothing has

4    changed in the circumstances of Transform in the three

5    months between the sale hearing and now that would require

6    revisiting the Court's conclusion.  And to the contrary,

7    Transform has provided additional evidence that of course it

8    couldn't have in February of its financial performance and

9    its return towards profitability.

10           First off, the Court was provided details on a new

11   real estate loan that Transform closed just two weeks ago.

12   That financing -- the amount of which I will not mention --

13   paid down in full both the bridge loan and the exit facility

14   and while I won't go into the details as reflected in Mr.

15   Riecker's declaration, that loan was provided almost

16   entirely by third-party funders and provides much more

17   favorable terms with lower capital expenditure amounts and

18   greater flexibility on covenants than what was in the bridge

19   loan and the exit facility.

20           That loan is and really should be interpreted as a

21   sign that third-party market participants have supported and

22   believe in Transform's abilities and in Transform's business

23   plan going forward.  Your Honor, I think the other -- we've

24   also included in Mr. Riecker's declaration evidence of new

25   insurance policies that Transform has bound and that will

Page 28

1    provide landlords with comfort on both personal injury

2    claims and property damage claims.

3           I think the other overarching point I'd like to

4    make on adequate assurance is that most of the objections

5    focus on their particular -- the particular Transform

6    subsidiary that is proposed to be the counterparty on the

7    agreement.  To address that question and eliminate any

8    concern, with our reply papers we filed a revised proposed

9    form of order which would require Transform Midco to give a

10   guarantee of all obligations under the lease to any landlord

11   that made an adequate assurance objection.

12          In the capital structure, Transform Midco sits two

13   levels below Transform Holdco.  Transform Midco acquired --

14   Transform Midco or its subsidiaries acquired all of the

15   assets that Transform purchased from the Debtors' estates.

16   We provided a detailed balance sheet for Transform Midco as

17   part of the adequate assurance package, and again, while I

18   won't refer to the specific numbers, that reflects very

19   significant real estate and equipment assets and a very

20   significant equity cushion.

21          The proposed form of order requires Transform

22   Midco within 15 business days to execute guarantees

23   substantially in the form attached to the proposed order and

24   deliver them to each of the landlords that made objections.

25   So I think with that package, Transform has more than

1     sufficiently provided evidence of adequate assurance of

2     future performance and bolstered, really, the evidentiary

3     package that the Court already had available when it made

4     the adequate assurance finding in February.

5                  THE COURT:  Okay.

6                  MR. BAREFOOT:  I'll turn the podium over to any of

7     the objectors.

8                  THE COURT:  Okay.  I'll hear people in the

9     courtroom first and then if there are people on the phone

10    who want to be heard after it, I'll hear them.

11                 MR. SAYDAH:  Your Honor, again for the record,

12    Gilbert Saydah of CKR Law on behalf of Bradshaw Westwood

13    Trust.  Your Honor, our adequate assurance objection sort of

14    goes hand in hand with our 365(l) argument, arguing that the

15    landlord has reviewed the adequate assurance information

16    provided by Transform Holdco and in connection with that is

17    demanding the additional security that we requested.

18                 I believe that they're two separate issues, Your

19    Honor.  Your Honor can make a finding of adequate assurance

20    of future performance and it doesn't affect our ability to

21    require security under 365(l).  Debtors sort of conflate

22    those in their reply, but to the extent Your Honor would

23    like to -- would prefer that I wait on this issue to Section

24    5 of the agenda, I'm happy to.  Just don't want to waive the

25    issue.

1          THE COURT:  Well, I guess the risk you run with

2     limiting it to 365(l) is the more narrow scope of that

3     section.  There's not a whole lot of caselaw interpreting

4     it, but the legislative history states, "this permits the

5     landlord to get his usual, reasonable security deposit from

6     an assignee tenant," and that's consistent with the plain

7     language of the statute which refers to a deposit or other

8     security for the performance of the Debtors' obligations

9     (indiscernible) substantially the same as would have been

10    required by the landlord upon the initial leasing to a

11    similar tenant.

12          MR. SAYDAH:  Correct, Your Honor.

13          THE COURT:  And the only other thing I'll say is

14    the statute is phrased as the lessor of the property may

15    require, rather than the Debtor shall provide.  That,

16    really, hasn't been interpreted very much in the caselaw.

17          MR. SAYDAH:  You're correct, Your Honor.

18          THE COURT:  So --

19          MR. SAYDAH:  Your Honor --

20          THE COURT:  But if you want to limit it to -- just

21    to that security deposit issue, that's fine, which has a

22    whole separate inquiry as to what, again, substantially the

23    same as would have been required by the landlord upon the

24    initial leasing to a similar tenant.

25          MR. SAYDAH:  Correct, Your Honor.  Your Honor,

Page 31

1    given the evidentiary record, I am not going to contest

2    their -- the evidence that they've provided.

3                THE COURT:  Okay.

4                MR. SAYDAH:  I'm not sure that the guarantee and

5    the credit enhancement that they're proposing alters the

6    dynamic that much, but I'm not going to be the lone man

7    fighting in the wilderness on adequate assurance.  I will

8    limit it with respect to 365(l).

9                THE COURT:  Okay.  And on -- why don't we do -- I

10   mean, Bradshaw Westwood is the only 365(l) party, so --

11               MR. SAYDAH:  Correct, Your Honor.

12               THE COURT:  Since counsel is up, why don't we deal

13   with that now.  The Debtors were correct that -- I'm sorry,

14   not the Debtors.

15               MR. BAREFOOT:  Transform.

16               THE COURT:  Transform Holdco was correct in

17   pointing out in its reply to the objection that the

18   objection itself had not alleged any facts that would meet

19   Section 365(l) because they didn't refer to any facts that

20   covered the language that I've already quoted.  Just looking

21   very quickly at Mr. (indiscernible) declaration, I think

22   there's an attempt to do that now, and it would seem to me

23   that that's a factual issue that needs to be developed.

24               For example, I don't know whether the tenant in

25   this store is, in essence, the same tenant or not and

Page 32

1    whether that tenant had a security deposit or whether this

2    would be a new deposit for, in essence, a new tenant as

3    opposed to the same business under a new name.  I think the

4    parties would be well advised to discuss that issue and I

5    can put it on later.  That raises the issue, though, that,

6    as I understand it, unless there's an extension of time the

7    assume or reject period may expire before our next hearing.

8              MR. SAYDAH:  That's correct, Your Honor.

9              THE COURT:  So I'm not sure where we go on that.

10             MR. SAYDAH:  Your Honor --

11             THE COURT:  I could say that filing an objection

12   that didn't raise this issue with any facts given that

13   deadline means you're out of luck.  On the other hand, if

14   you're prepared to grant the extension so that the facts

15   could actually be determined, I'd probably be -- I probably

16   wouldn't do that.

17             MR. SAYDAH:  Your Honor, that colloquy.  I will

18   state that if you look at our initial objection that we

19   filed, it states pursuant to 365, we demand secured in a

20   form specified --

21             THE COURT:  Well, I know.

22             MR. SAYDAH:  -- in the statute.  And then in our

23   supplement, we specify the dollar amount.  So it's not as if

24   there was no facts presented.

25             THE COURT:  Well, I mean, that's -- but neither of

Page 33

1    those facts actually -- or neither of those statements did

2    anything to suggest, to me, at least, that 365(l) was met

3    and I believe this is a provision where the landlord has the

4    burden of proof on the deposit.

5              MR. SAYDAH:  Your Honor, perhaps we should -- why

6    don't we push this off for -- we will stipulate to extend

7    the 364 deadline to the next omnibus hearing.

8              THE COURT:  Okay.

9              MR. SAYDAH:  And we can talk about this offline

10   and --

11             THE COURT:  All right.

12             MR. BAREFOOT:  Your Honor, could I suggest June

13   30th for the time to assume or reject?  The next omnibus

14   hearing is only May 21st, and --

15             THE COURT:  Okay.

16             MR. BAREFOOT:  I also don't want to hold a gun to

17   Your Honor's head.

18             THE COURT:  I think you're going to -- now that

19   the issue's actually been joined with facts, I think you can

20   probably figure this out well before then, but if you can't,

21   I think extending it to that date does make sense.

22             MR. SAYDAH:  June 30th?

23             THE COURT:  Yeah.

24             MR. SAYDAH:  We'll stipulate to that, Your Honor.

25             THE COURT:  Okay.

1          MR. BAREFOOT:  Your Honor, we'll prepare a

2     stipulation reflecting that and submit it.

3          THE COURT:  All right.  That'll give you time to

4     look into the declaration --

5          MR. SAYDAH:  So we'll remove us from the --

6          THE COURT:  Yeah.

7          MR. SAYDAH:  -- from this order.

8          MR. BAREFOOT:  Correct.

9          MR. SAYDAH:  Thank you, Your Honor.

10          THE COURT:  Okay.  Very well.

11          MR. BAREFOOT:  Your Honor, there being no other

12     object --

13          THE COURT:  Well, let me -- I'm not sure the

14     people on the phone knew that no one else was standing up in

15     the courtroom, so does anyone on the phone want to address

16     the adequate assurance issue?  There's someone behind you,

17     excuse me.

18          MR. LEMKIN:  Sorry, I didn't see (indiscernible).

19     Your Honor, Joseph Lemkin with Stark and Stark on behalf of

20     SWZ, LLC.  We were one of the objecting parties on adequate

21     assurance.  Primarily, it had to do with our proposed -- the

22     assignee was not the entity.  So we just wanted to confirm -

23     -

24          THE COURT:  Right.

25          MR. LEMKIN:  -- on behalf of SWZ that we also

1     would be the beneficiary of the Midco guarantee.

2              THE COURT:  Every adequate assurance objector --

3              MR. LEMKIN:  Yes.

4              THE COURT:  Correct?  Unless you separately

5     resolve that on some other basis.

6              MR. BAREFOOT:  That's exactly correct, Your Honor,

7     and there's a schedule to the revised proposed order that

8     identifies each of those parties.

9              THE COURT:  Okay.

10             MR. LEMKIN:  Thank you.

11             THE COURT:  Very well.  All right.  Hearing no one

12    else, and based on my review of Mr. Riecker's declaration

13    and the exhibits to it including the consolidated balance

14    sheet and corporate chart, I find that Transform has

15    established on this record adequate assurance of future

16    performance for purposes of Section 365 of the Bankruptcy

17    Code and to the extent not otherwise adjourned, will deny

18    the adequate assurance objections.

19             The caselaw is clear that, although the Bankruptcy

20    Code does not define adequate assurance, Courts are

21    counseled to give the phrase a pragmatic construction

22    focusing on the assignees' ability to fulfill the financial

23    obligations under the lease.  That construction is clearly

24    short of a guarantee of payment, but depending on the fact

25    of the situation, there should be a sufficient record to

Page 36

1    establish with reasonable assurance that, in fact, the

2    Debtor or in this case the Debtors' assignee will be able to

3    provide performance over the course of the remaining term of

4    the lease.

5         In making that determination, Courts look to a

6    non-exclusive list of factors including the Debtors' payment

7    history or the performance of the assignee.  Here, as is

8    pointed out in Transform's reply to the objections, the

9    Debtors' payment history is, to some extent, relevant

10   because in many ways Transform is operated by many of the

11   same people and running much the same business, although, as

12   Mr. Riecker states, with substantial proposed cost cutting

13   and other revenue improvements as the Debtor did and that

14   the stores at issue here are the Debtors' profitable stores.

15        In addition, Courts look to the presence of a

16   guarantee and/or security deposit, evidence of profitability

17   in the form of projections or other testimony, and whether

18   the lease is at or below prevailing market rate.  See, for

19   example, Androse Associates of Allaire, LLC versus A&P, 472

20   B.R. 666, 675, S.D.N.Y. 2012; In RE:  Martin Paint Stores,

21   199 B.R. 258, 263 Bankruptcy S.D.N.Y. 1996; as well as,

22   generally, 390 Park Avenue Associates, LLC v. Park Avenue

23   Garage, LLC, 403 Fed. Appendix 555 Second Circuit, December

24   14, 2010.

25        Here, the evidence shows not only that Transform

Page 37

1    has substantial available cash but that the amount of that

2    available cash has improved since the record established at

3    the sale hearing.

4         It also shows that the financing that Transform

5    currently has is improved on a covenant basis as well as a

6    cashflow basis since that hearing and it shows that on a

7    consolidated basis, Transform has substantial equity, albeit

8    on a balance sheet basis, and projections that, given the

9    nature of the stores underlying its business model as well

10   as its other assets, show a prompt return to substantial

11   positive EBITDA.

12        In addition, Transform has agreed to provide the

13   guarantee of the intermediate holding company which, based

14   on the other evidence before me, has the access to the

15   substantial equity on the consolidate balance sheet that I

16   referenced earlier.  Given all of those facts, I conclude

17   that there is adequate assurance of future performance and

18   that Transform has met its burden under Section 365 to show

19   that.

20        MR. BAREFOOT:  Thank you, Your Honor.  Moving to

21   the next section of the agenda, this issue deals with

22   objections asserted by counterparties to property leases as

23   to Transform's intent to comply with restrictive covenants.

24        By way of background, the assumption and

25   assignment procedures order consistent with the sale order

1    did provide Transform the option to specify if there were

2    any restrictive covenants that were contained in executory

3    contract that did not run with the land and was not

4    integrated with another executory contract could be rejected

5    and the other contracts could be assumed and assigned free

6    and clear of those restrictive covenants where the notice so

7    specified.

8            This remaining -- the revised proposed order

9    includes, in Paragraph 25, a specific list of -- in

10   Paragraph 25 and then in Schedule 3, the specific list of

11   landlords and counterparties whose leases are being assigned

12   without the accompanying restrictive covenants.

13           None of the counterparties who have objected and

14   who are on the section of the agenda under Item Number 2

15   appear on that list, so we believe that we have effectively

16   resolved all of these objections by narrowing the scope of

17   relief that we were seeking and making clear that it is only

18   those counterparties that did not object to the designation

19   notice on this basis whose leases will be assigned free and

20   clear of restrictive covenants.

21           THE COURT:  Okay.  Let me make sure I understand

22   one point.  I think you've been quite clear on this, but I

23   want to make sure on one point.  The sale order and the

24   procedures order had a mechanism, as you said, for

25   identifying restrictive covenants and the parties to them

1    and providing them notice.  I'm assuming that, therefore,

2    the order that you're submitting that has the language about

3    free and clear applies only to people that got that notice

4    and that you're still pursuing the free and clear point on.

5             MR. BAREFOOT:  That is correct, Your Honor.

6             THE COURT:  Okay.  So, first, you believe that the

7    parties who raised this issue -- they're listed on Item 2 in

8    the agenda -- are not parties to leases with such easements

9    or restrictive covenants?

10            MR. BAREFOOT:  There may well be easements or

11   restrictive covenants --

12            THE COURT:  But you're not looking to be free of

13   them?

14            MR. BAREFOOT:  Correct, Your Honor.

15            THE COURT:  Right.

16            MR. BAREFOOT:  We will -- whatever the restrictive

17   covenants or easements are for parties that are not on

18   Schedule 3, we will take them cum onore.

19            THE COURT:  Okay.  And then secondly -- so

20   therefore, the only parties who are actually having the

21   lease assigned to a Transco entity or designee free and

22   clear of a specific easement or other covenant running with

23   the land are those parties who, A, got notice; B, got notice

24   of that specific covenant or easement being sought to be

25   free and clear of; and who have not objected.

1          MR. BAREFOOT:  That is correct, Your Honor.

2          THE COURT:  Okay.  All right.  So to me, that

3    satisfies 363(f) insofar as the consent aspect of it and

4    given that there was clear notice and lack of objection

5    knowing that this issue was going to be brought before the

6    Court and I believe would resolve each of these objections

7    unless there's something that both of us are missing here.

8          MR. BAREFOOT:  No --

9          THE COURT:  Let me ask, now then, whether any of

10   the objectors wants to be heard on this particular issue,

11   the free and clear issue.

12         MR. LEMKIN:  I don't think we were -- Joe Lemkin

13   with Stark and Stark on behalf of SWZ.  I don't think we

14   were included in that list, but I just want to make -- but

15   we did raise an issue about this and I haven't seen the

16   order to see whether or not we have -- SWZ has or has not

17   been included.

18         THE COURT:  Well, the order will have to be clear

19   on this point.  I don't think this is a long list, right?

20         MR. BAREFOOT:  It is not.

21         THE COURT:  Okay.  So I think you'll be able to

22   make it clear --

23         MR. LEMKIN:  Okay.

24         THE COURT:  -- to the --

25         MR. LEMKIN:  Right.

Page 41

1          THE COURT:  -- respective landlords to the extent

2    that it isn't.  I have a question on this.  A couple of

3    these were adjourned.  I think you're adjourning the

4    objection for other issues, but on this one, I would think

5    that it's just going to fall away, right, or are you still

6    going to be fighting with those people over the free and

7    clear point?

8          MR. BAREFOOT:  I hope not, Your Honor --

9          THE COURT:  Okay.

10          MR. BAREFOOT:  But I will also note that the

11    majority of the adjournments are not because we intend to

12    continue fighting, but because we're having productive

13    discussions.

14          THE COURT:  Okay.  All right, that's fine.  That's

15    fine.  So --

16          MR. BAREFOOT:  I also will just note, Your Honor -

17    -

18          THE COURT:  I think as far as the objections that

19    are going forward today on this issue, then, each of them is

20    resolved by what you've stated on the record.

21          MR. BAREFOOT:  Very good, Your Honor.  I just do

22    want to note that the revised proposed form of order that we

23    filed early this morning/late last night to effectuate some

24    of the resolutions that I reflected, we do have to make some

25    amendments to Schedule 3.

Page 42

1          THE COURT:  That's fine.

2          MR. BAREFOOT:  So we will submit that

3      subsequently.

4          THE COURT:  Okay.  Very well.

5          MR. BAREFOOT:  Your Honor, next is Item 3 on the

6      agenda which are the subset of remaining landlords that have

7      objected on the grounds that Transform must take all leases

8      of real property cum onore with all outstanding obligations.

9      I believe that we have resolved this through two changes to

10     the revised form of order.  Does Your Honor have the revised

11     proposed form of order?

12         THE COURT:  I'm not sure I do.

13         MR. BAREFOOT:  Why don't I hand it up.

14         THE COURT:  Let me make sure just in case that you

15     should give it to me.

16         MR. BAREFOOT:  May I approach, Your Honor?

17         THE COURT:  Sure.  Thank you.

18         MR. BAREFOOT:  And, Your Honor, one of those is

19     the clean and one of them is a blackline as against a

20     version that we filed with our reply on Monday evening.

21         THE COURT:  Okay.

22         MR. BAREFOOT:  And if we could look specifically

23     at first Paragraph 12 of the revised proposed order.

24         THE COURT:  Right.

25         MR. BAREFOOT:  And specifically, the third full

Page 43

1    sentence of this order provides that, "As between the

2    Debtors and the buyer, the buyer shall be solely responsible

3    for any liability arising and owed pursuant to the terms of

4    the designated lease," it says, "listed on Exhibit A after

5    the closing, buyer or buyer's assignee, if applicable,

6    acknowledges and agrees that from an after the entry of this

7    revised assumption and assignment order or such earlier date

8    as applies with respect to designated leases for which no

9    timely objection was filed pursuant to the assumption and

10   assignment order with respect to a designated lease on

11   Exhibit A in accordance with this revised assumption and

12   assignment order, it shall comply with the terms of each of

13   such designated lease in its entirety including any

14   indemnification obligations expressly contained in such

15   designated lease including with respect to events that

16   occurred prior to the entry of this revised assumption and

17   assignment order for which cure costs were not known,

18   liquidated, or due and owing as of such date."

19           And then it goes on to discuss the reservation of

20   rights as between the estate and Transform.  Similarly, if I

21   could point the Court to Paragraph 16 of the revised

22   proposed order.

23           THE COURT:  Let me just make sure, Exhibit A

24   includes all of the leases.

25           MR. BAREFOOT:  It's all the leases that are being

Page 44

1    assumed and assigned pursuant to this order.

2            THE COURT:  There's no subset that -- this applies

3    to all of the leases that are being assumed.

4            MR. BAREFOOT:  That is correct, Your Honor.

5            THE COURT:  Okay.

6            MR. BAREFOOT:  And similarly, Paragraph 16, the

7    second sentence provides, "Upon assumption and assignment of

8    any designated lease, the Debtors and their estates shall be

9    relieved of any liability for breach of such designated

10   lease after the closing pursuant to the asset purchase

11   agreement in Section 365(k) of the Bankruptcy Code and the

12   buyer shall be responsible for any costs or expenses

13   including, without limitation, for royalties, rents,

14   utilities, taxes, insurance, fees, any common area or other

15   maintenance charges, promotional funds, and percentage rent

16   arising under any of the designated leases on Exhibit A

17   attributable to the portion of such calendar year occurring

18   prior to such lease assignment or for any previous calendar

19   year."

20           So I think with those two provisions, Your Honor,

21   the issues that many of these landlords were raising as to a

22   potential timing issue, that under many of these leases

23   there are taxes, common area charges, or other adjustments

24   or true-ups that may relate to a prepetition or a pre-

25   assignment time period, I think we've made clear that so

1    long as those charges are not now known and due and owing,

2    in which case, they would've had to have been timely

3    asserted as cure costs, that if and when the become due,

4    pursuant to the terms of the designated lease, Transform

5    will pay them to the extent required by such lease.

6              THE COURT:  Okay.  And your reply had made that

7    clear as far as indemnification was concerned.  This just

8    makes it clearer.

9              MR. BAREFOOT:  I agree, Your Honor.  I think the

10   incremental change between the reply and this revised

11   proposed order is that it indisputably pick up all the

12   taxes, common area charges, royalties, and other categories

13   of true-ups.

14             THE COURT:  Right.  Okay.  Does anyone have

15   anything to say on this issue?

16             MR. KENNEDY:  Your Honor, on the phone.  I don't

17   know if you want to go to the folks on the phone or still in

18   the courtroom, but --

19             THE COURT:  Well --

20             MR. KENNEDY:  -- I would like to speak to this if

21   I can.

22             THE COURT:  Okay.  Why don't we hear you now and

23   then someone has stood up, too, I'll hear him next, but why

24   don't you go ahead.

25             MR. KENNEDY:  Thank you, Your Honor.  Gerald

Page 46

1    Kennedy on behalf of MCS Hemet Valley Center, and this

2    really goes to, I think, both the third item and the second

3    item that you already discussed concerning the covenants,

4    but -- and we appreciate the additional language in the

5    proposed order as to the cum onore and the indemnification

6    and those, if you will, financial obligations, but back to

7    Item 2 in the covenants and we are not on Schedule 3, so we

8    agree that we're not affected by any free and clear, if you

9    will, provision.

10           However, just to be clear, and our view is that

11   use restrictions and other restrictions in the lease, those

12   are also taken cum onore and therefore that, it's just clear

13   for the record, and I believe I heard counsel indicate that

14   that was the case when we were discussing the Item 2 that

15   this buyer Transform or its Transform entity would, in fact,

16   be taking the contract as it is, the lease as it is, all

17   terms and conditions.

18           THE COURT:  Okay.  I think I understand that point

19   and I'll hear from Transform's counsel on that in a second.

20           MR. MAY:  Thank you, Your Honor.  Lawrence May.

21   We represent K-Bay Plaza, landlord of the property in the

22   Bronx.  Before -- right now, our client is a defendant in

23   two personal injury actions that were commenced with respect

24   to incidents which took place in the lease premises.  We had

25   made a demand upon the Debtor to accept the defense of these

Page 47

1   litigations pursuant to the terms of the lease.  The Debtor

2   has refused.

3           I appreciate the language that's being inserted in

4   the proposed order with respect to indemnification.  The

5   point I want to make is that there's no specific reference

6   to defense.  I assume that is part of the assumption that

7   the proposed assignee will not only indemnify but accept the

8   tender of the defense of these two litigations which the

9   Debtor has previously refused.

10           THE COURT:  Right?  Okay.  It's really a similar

11   point.  There are certain obligations under leases that go

12   beyond the list in Paragraph 16.

13           MR. MAY:  Thank you, Your Honor.

14           THE COURT:  Okay.

15           MR. BAREFOOT:  Your Honor, for the record, Luke

16   Barefoot for Transform.  Your Honor, I don't know the

17   specific terms of the leases of Mr. Kennedy's client or of

18   the K-Bay premises.  But whatever the terms of those leases

19   require, as --in terms of the scope of indemnity or the

20   scope of true-ups, whatever the terms of those leases

21   provide, Transform intends to perform under on a go-forward

22   basis.

23           THE COURT:  Well, I think -- let me break that

24   down a little bit.  I think that based on the assignment of

25   the lease, that's true as a matter of law.  The limitations

Page 48

1    in 365(f) really go to termination provisions or the

2    equivalent or any assignment provisions, but once the leases

3    is assigned, it's assigned cum onore; although, those

4    termination provisions can't be then used to terminate the

5    lease or weigh down the assignment of the lease.

6              I think what you're doing here in 16, and to some

7    extent in 12, is just to parse out vis-à-vis the Debtor

8    who's responsible for what as far as Transform and the

9    Debtor are concerned.  But I don't want there to be any

10   implication that ongoing performance obligations aren't

11   being assigned along with the benefits of the lease.  I

12   mean, I don't know if the answer here is to say, and the

13   buyer shall be responsible for, among all other performance

14   obligations, any costs and expenses.

15             MR. BAREFOOT:  I will point out, Your Honor, that

16   the list of things in Paragraph 16 is just an including

17   without limitation.  It's not exhaustive and whatever the

18   terms --

19             THE COURT:  Right.  But it's limited to costs and

20   expenses, and there are some -- I'm sure there are ongoing

21   performance obligations, too, such as accepting defense, or,

22   I don't know, whatever it is.  Maintaining garbage disposal,

23   for example.  So I don't want to carve out any right that

24   you have under 365(f).  I don't want this language to take

25   away from other provisions in this order and the prior

Page 49

1   orders that would invalidate provisions that are properly

2   invalidated under 365(f).

3         But on the other hand, on a going forward basis,

4   even those provisions should apply going forward in the

5   sense that they exist as far as the new tenant is concerned

6   when it goes to assign the lease, for example.  So I think

7   you need to make the -- probably say, and the buyer shall be

8   responsible for any performance obligations including,

9   without limitation, any costs or expenses in the 16.

10        MR. BAREFOOT:  Well, we can consider a tweak, Your

11  Honor, but the issue with what you just proposed is if we

12  say performance obligations, 16 picks up prior time periods.

13        THE COURT:  No, ongoing performance obligations.

14  Post-assignment.

15        MR. BAREFOOT:  But we will implement Your Honor's

16  comment.  I'm not sure that's --

17        THE COURT:  I think you're doing a lot in this

18  paragraph.  It may be that you want to have just a separate

19  paragraph.

20        MR. BAREFOOT:  Fair enough, Your Honor.

21        THE COURT:  This paragraph really parses through

22  as between the Debtors and Transform, who's responsible.  I

23  think it's clear that the Debtor is not responsible for the

24  -- to the landlords for the post-assignment obligations, but

25  Transform is responsible.

1          MR. BAREFOOT:  Understood, Your Honor.  I think we

2     can probably just add a simple additional sentence to 16

3     that says, following the date of assignment, Transform shall

4     be responsible for whatever the performance obligations are

5     as specified in the designated release.

6          THE COURT:  Right.  That's fine.

7          MR. BAREFOOT:  Okay.

8          THE COURT:  Okay.

9          MR. KENNEDY:  Your Honor, Gerald Kennedy again for

10    MCS Hemet.  I think that would suffice and just, again, to

11    be clear and for the record, the provisions that we're

12    speaking to in addition to the financial performance

13    obligations are the use restrictions in performance

14    consistent with the lease and I think --

15         THE COURT:  Right.

16         MR. KENNEDY:  -- what Your Honor is suggesting

17    what counsel has indicated will be added will take that in

18    consideration.  But again, just for the record, in our

19    objections, which are ECF Documents 1870, 3366, and 3420, we

20    were primarily or at least focusing in on -- again, this

21    really goes back to the covenant issue as well as far as use

22    restrictions, but this effectively will continue to be used

23    as, effectively, a Sears department store.

24         And that's what our lease provides, so just want

25    to make sure the record is clear that that's -- those are

1   the obligations that are cum onore and that'd be taken on by

2   the Transform entity.

3           THE COURT:  Well, that's why I raised --

4           MR. KENNEDY:  And any subsequent --

5           THE COURT:  That's why I raised the 365(f) issue.

6   I think it's two different things.  Congress did carve out

7   the landlord's ability to assert provision of a lease that

8   unduly restrict assignment and assumption.  So you -- let me

9   just pose a hypothetical.  You would not be able to say the

10  day after this lease is assigned to the Transform entity,

11  oh, we got you.  You're not a Sears store.  Or, oh, we got

12  you because you haven't paid the 50 percent fee to agree to

13  an assignment and so, therefore, we're terminating the

14  lease.

15          On the other hand, that 50 percent provision would

16  apply -- and I know you don't have that provision, but I'm

17  just saying, that 50 percent assignment fee would apply if

18  the Transform entity five years from now wanted to assign

19  the lease.

20          So I want to make it clear that this language

21  we're discussing does not abrogate 365(f)(1) or (3).  I

22  don't think in the case of your lease it does because even

23  if we got into a contested hearing on this, it's pretty

24  clear to me that that provision which you quoted in your

25  objection, it either violates -- either your reliance on it

1    to prevent the assignment would violate 365(f)(3) or,

2    alternatively, it's satisfied because it's, in essence, is a

3    Sears store.  But, you know, I'm not --

4              MR. KENNEDY:  Understood, Your Honor.

5              THE COURT:  I'm not undoing the Rickles case.

6              MR. KENNEDY:  Okay, and I just want to be clear

7    because I think the record is a little not so clear.  We are

8    not precluding or asserting any restriction on the

9    assignment --

10             THE COURT:  Right.

11             MR. KENNEDY:  So it's not a 365(f) issue.  It's a

12   365(b)(3) shopping center issue that there are restrictive

13   use requirements and provisions that this space is to be

14   used for a particular purpose and effectively to be selling

15   merchandise and services normally sold at a Sears store.

16   That's the restriction --

17             THE COURT:  The only point I'm making is you have

18   to look at time one and time two.  Time one is the

19   assignment and its immediate aftermath.  You can't rely on

20   those provisions to block the assignment.

21             MR. KENNEDY:  Correct.

22             THE COURT:  But on an ongoing basis, yes.  The

23   assignee needs to perform.  So --

24             MR. KENNEDY:  Understood, and I think that's --

25             THE COURT:  I think you just need to make that

1    clear.

2              MR. KENNEDY:  -- what I wanted to clear for the

3    record.  And --

4              THE COURT:  Maybe you add a new paragraph as well

5    or a new sentence to cover that point, as you suggested.

6              MR. BAREFOOT:  We will make that change in the

7    proposed order.

8              THE COURT:  Okay.

9              MR. KENNEDY:  Thank you, Your Honor.

10             THE COURT:  Okay.

11             MR. BAREFOOT:  Your Honor, the next section of the

12   agenda are counterparties that raised issues on service of

13   process or also sort of on identification of the specific

14   lease, and my colleague Ms. Massey is going to handle the

15   portion of the agenda.

16             THE COURT:  Okay.

17             MS. MASSEY:  Good morning, Your Honor.

18             THE COURT:  Morning.

19             MS. MASSEY:  Kate Massey, Cleary, Gottlieb, Steen,

20   and Hamilton for Transform Holdco, LLC.  Your Honor, as you

21   can see on the agenda, a handful of parties objected to

22   various of the Debtors' notices of potential assumption and

23   assignment and asserted cure amounts back in January.  These

24   objections were all raised in conjunction with other cure

25   objections as a part of the same objection in all of these

1    cases.

2            They raised notices and ancillary points as an FYI

3    sort of point.  With respect to the notice related

4    objections that they raised, the parties listed here on the

5    agenda -- CAPREF, Manco Florida, Shidler/West Finance, and

6    Camegaran -- the parties all asserted just that the name of

7    the counterparty was incorrectly represented on the original

8    notice of potential assumption and assignment or cure

9    notice.

10           I can represent to the Court that all of these

11   errors that were pointed out have been corrected in

12   Transform's subsequent notices of assumption and assignment.

13   I'm happy to discuss them one by one if Your Honor would

14   prefer.

15           THE COURT:  Well, let me make sure I understand.

16   You're right that these points were raised very much in

17   passing in each case at this point.

18           MS. MASSEY:  Yes.

19           THE COURT:  In each case, there was a response, so

20   the people who responded obviously got notice.

21           MS. MASSEY:  Yes.

22           THE COURT:  Is it -- in case of any of these four

23   landlords -- I didn't think this was the case.  I just want

24   to make sure.  Did any of them say, this isn't our property

25   at all, this really belongs to someone completely unrelated

1   to us?

2          MS. MASSEY:  No, Your Honor.  Only --

3          THE COURT:  It's just that there was a different

4   entity than CAPREF Burbank, LLC, but they -- closely related

5   and they just wanted to point it out.  That's really what

6   you're saying?

7          MS. MASSEY:  Exactly, Your Honor.

8          THE COURT:  Okay.  All right.  I think you're

9   being extra careful on this and I don't fault you for that,

10  but do any of these four landlords have anything to say on

11  this aspect of the objection?  It seems to me kind of a no-

12  brainer that it's now -- they were just pointing out that

13  you have to get the paperwork exactly right as far as due

14  process notice or Bankruptcy Rule notice.  They clearly had

15  notice of the issue.

16         MS. MASSEY:  That's right, Your Honor.

17         THE COURT:  Okay.  Does anyone want to say

18  anything more on this aspect of the agenda or the objections

19  to the assignment motion?  All right.  Well, I'll overrule

20  each of those objections, then, on this record.

21         MS. MASSEY:  Thank you, Your Honor.

22         THE COURT:  Okay.

23         MR. BAREFOOT:  Luke Barefoot from Cleary Gottlieb

24  for the record.  Moving along, Your Honor, since we've

25  already adjourned the Bradshaw Westwood Trust objection --

1          THE COURT:  Okay.

2          MR. BAREFOOT:  We then move to the small universe

3     of parties who objected concerning insurance requirements.

4     I think you could kind of see this as, really, part and

5     parcel of the adequate assurance issue.  As I indicated K-

6     Bay Plaza and Pennsee are either resolved or adjourned.  I

7     believe it is -- I believe that the insurance certificates

8     that were attached to Mr. Riecker's declaration satisfy the

9     insurance requirements under any of the remaining leases,

10    and on that basis, I would ask that these objections be

11    overruled.

12         THE COURT:  Okay.  I think the only two remaining

13    ones are ARE Investment Company and SWZ, LLC?

14         MR. LYNCH:  That's correct, Your Honor.

15         THE COURT:  Okay.

16         MR. LYNCH:  For the record, Christopher Lynch,

17    Reed Smith for ARE Investment.  Your Honor, counsel is

18    correct and I won't get into the numbers because I know

19    these were filed under seal, but putting aside the limits

20    which appear to be in order, in particular the certificate

21    of property insurance does not identify the properties

22    covered.  It simply says the insureds are Transform Holdco,

23    LLC and its subsidiaries which, presumably, will include

24    either the assignee or its designee of ARE's lease.

25              However, it is a missing piece that we'd like to

Page 57

1   have filled in, whether it be on the record or privately.

2   We'd like to make sure that this property -- as leased

3   property which actually these (indiscernible) papers, Your

4   Honor.  There's a lot of concerns about the condition the

5   Debtor left it in.  We're concerned about fire hazards, et

6   cetera.  Making sure we're insured is one of our paramount

7   concerns.

8           So we'd like some sort of assurance that this

9   property is, in fact, covered by this policy.

10          THE COURT:  Okay.  Well, does the reference to

11  subsidiaries include all subsidiaries?

12          MR. BAREFOOT:  Your Honor, there are no exclusions

13  and it is also our intent, as is customary now that these

14  policies have been bound, to provide certificates to

15  individual landlords where the lease requires identifying

16  them as additional insureds.

17          THE COURT:  Okay.

18          MR. BAREFOOT:  So I think that process would

19  eliminate any question.

20          THE COURT:  All right.  Why don't you just -- why

21  don't you put that in the order that you'll be providing the

22  certificates wherever the lease required it?

23          MR. BAREFOOT:  We will do that.

24          MR. LYNCH:  That would satisfy this objection,

25  Your Honor.

1              THE COURT:  Okay.

2              MR. LYNCH:  Thank you.

3              MR. LEMKIN:  Your Honor, Joe Lemkin, Stark and

4    Stark on behalf of SWZ.  It was this -- I don't want to

5    repeat what was just said before me.  It was the same issue.

6    The certificates provided were on behalf of (indiscernible)

7    the assignee, so --

8              THE COURT:  Well, and subsidiaries.

9              MR. LEMKIN:  And subsidiaries, yeah.

10             THE COURT:  So the record shows that's all

11   subsidiaries and the order's going to provide for --

12             MR. LEMKIN:  Thank you.

13             THE COURT:  -- the provision of the certificate

14   where the lease requires it.  Okay.  All right, so I think

15   on the record, then, those two objections are resolved.

16             MR. BAREFOOT:  Thank you, Your Honor, and we will

17   add that provision that you suggested to the order.

18             THE COURT:  Okay.

19             MR. BAREFOOT:  Before we move to Item Number 8 on

20   the agenda, we did have one resolution with a party that

21   requires us to read the resolution into the record.  If it's

22   okay with Your Honor, I'd like to turn that over to my

23   colleagues, Mr. Livingston.

24             THE COURT:  Okay.

25             MR. LIVINGSTON:  Good morning, Your Honor.

1    Matthew Livingston, Clearly, Gottlieb, Steen, and Hamilton

2    for Transform.  This is with respect to the objection of

3    landlord K I-29 2004, LLC.  This was mentioned at the end of

4    our omnibus reply.  We have reached a resolution with this

5    landlord -- Transform and the landlord.

6            With respect to the resolution of that objection,

7    the counsel to the landlord has requested that we read the

8    terms of the resolution quickly into the record and those

9    terms are consistent with a future resolution of this record

10   -- of this objection, which we hope will happen in the near

11   future.

12           So the terms of that resolution are subject to the

13   disputed cure procedures.  All valid cure amounts shall be

14   paid by the buyer with respect to the leases of the K I-29

15   2004, LLC landlord, regardless of whether such amounts

16   related to the period prior to March 14th, 2019, when the

17   tenant under lease was Troy Coolidge No. 18, LLC or after

18   March 14th, 2019 when the tenant was K-Mart Corporation.

19           And just as context, the objection was with

20   respect to the landlord did not believe that the Debtor was

21   a party to this lease.  We provided evidence that the lease

22   was transferred to K-Mart, so that issue has been resolved.

23           The language in the assignment dated March 14th,

24   2019 from Troy Coolidge No. 18 to K-Mart referencing

25   excluded liabilities is not intended to limit and does not

Page 60

1    intend to limit landlord's remedies against Troy Coolidge

2    No. 18 or K-Mart of future assignees including, but not

3    limited to, Transform Leaseco with respect to ground

4    tenant's obligation of the lease, whether or not such

5    obligations arose before or after March 14th, 2019.

6            The landlord will have a reasonable opportunity to

7    inspect the leased premises and improvements thereon and the

8    parties reserve their respective rights and defenses as to

9    whether the landlord is entitled to increase its claim for

10   cure costs based upon such inspection, notwithstanding the

11   Court deadline for asserting such claims has passed.

12           The parties reserve all rights with respect to the

13   valid cure amounts which will be reserved in accordance with

14   the disputed cure procedures set forth in the revised

15   assumption and assignment order and subject to the

16   foregoing, the K I-29 2004 LLC landlord's objections are

17   resolved and the leases will be assumed and assigned to the

18   buyer.

19           THE COURT:  Okay.

20           MR. LIVINGSTON:  I'm not sure if counsel to the

21   landlord is in the courtroom, but I believe that reflects

22   our understanding and agreement.

23           THE COURT:  Okay.  Does that counsel want to say

24   anything on this?  All right.  Well, I'm assuming it does,

25   too, then.

1          MR. LIVINGSTON:  Okay.  Thank you, Your Honor.

2          MR. BAREFOOT:  Luke Barefoot for the record, Your

3    Honor.  Moving to the last bucket of the agenda, in re-

4    reviewing these objections, I believe that there are really

5    only two that raise unique issues that the Court has not

6    already ruled on.  I think the remainder either raised

7    disputed cure objections or -- which, as we'll discuss are

8    adjourned -- or are really covered by the true-up and

9    indemnification points that we just discussed.

10          THE COURT:  That was -- in my looking at it, that

11    was the case, too, but just to be sure, what you're

12    referring to here, I think, is Plaza del Caribe, Drayton

13    Plains, Baker Properties Limited Partnership, RREEF America

14    REIT, and Plaza las Americas.

15          MR. BAREFOOT:  That's correct, Your Honor, as well

16    as Fringe Area, which is Number A.  I do think that there

17    are unique issues with respect to the City of Minneapolis

18    and with respect to McDonald's Corporation which will be

19    addressed by my colleague --

20          THE COURT:  I thought Fringe Area was just the one

21    that, they disputed whether you owned it or not -- whether

22    Debtor owned it or not.

23          MR. BAREFOOT:  I believe that's the City of

24    Minneapolis.

25          THE COURT:  I thought they both were.  Maybe I got

1    that wrong.

2              MR. BAREFOOT:  I believe that the other one that

3    disputed whether it was a Debtor property is the one for K

4    I-29 that Mr. Livingston --

5              THE COURT:  Okay.

6              MR. BAREFOOT:  -- just addressed.

7              THE COURT:  All right.  In any event, therefore,

8    does anyone representing Plaza del Caribe, Drayton Plains,

9    Baker Properties Limited Partnership, RREEF America REIT II

10   Portfolio, Plaza las Americas, Inc., and/or maybe Fringe

11   Area (II) S.E. have anything to say on this aspect of --

12   it's basically the catch-all aspect?

13             MR. SAYDAH:  Your Honor, Gilbert Saydah of CKR Law

14   on behalf of RREEF America.  Your Honor, that's identified

15   as --

16             THE COURT:  Okay.

17             MR. SAYDAH:  -- 8F.  Your Honor, I believe my co-

18   counsel, Mr. Keller, has already resolved the issue with

19   respect to this objection.

20             THE COURT:  Okay.  All right.

21             MR. SAYDAH:  I'm not sure, actually, why we're

22   listed on here, so --

23             THE COURT:  Okay.

24             MR. SAYDAH:  I think we're good.  Thank you.

25             THE COURT:  Okay.  Thank you.  All right, so why

Page 63

1    don't we then turn to Minneapolis and McDonald's.

2          MR. BAREFOOT:  Very good, Your Honor.  On the City

3    of Minneapolis, they raised an issue that according to their

4    records, the ground lease for the property that they had

5    previously leased to K-Mart Corporation was not in the name

6    of the Debtor but instead was in the name of a Debtor -- a

7    non-Debtor special purpose entity, Troy Coolidge 42, LLC.

8          We attached to the declaration of Kimberly Black

9    evidence that subsequent to the petition date but prior to

10   the entry of the sale order or of the assumption and

11   assignment order, the non-Debtor entity, Troy Coolidge,

12   assigned all of its right, title, and interest to the ground

13   lease to K-Mart Corporation, a Debtor, who in turn proposes

14   to assume and assign the lease to Transform.

15         I understand that the City of Minneapolis may not

16   have been made aware of that transfer.  Its records may not

17   have reflected that transfer as of the time it made its

18   objection, but we believe that based on the materials that

19   were attached to Ms. Black's declaration there's more than

20   ample evidence that this is now Debtor property, prior to

21   being assumed and assigned free and clear to Transform.

22         THE COURT:  Okay.  And I've read that declaration

23   and the exhibits that are attached to it.  Is counsel for

24   Minneapolis on the phone or here in courtroom?  Okay.  I

25   believe that they've been satisfied by that filing and to

1    the extent they have not been, I'm satisfied by it that, in

2    fact, one of the Debtors has the tented interest under that

3    lease and has the ability to assume and assign it to -- or

4    simply to assign it to Transform.

5            MR. BAREFOOT:  Thank you.

6            THE COURT:  So I'll overrule that objection.

7            MR. BAREFOOT:  Your Honor, the last sort of actual

8    unique issue here is with respect to McDonald's corporation

9    as to whom our firm is conflicted and Ms. Santillo will

10   address that.

11           THE COURT:  Okay.

12           MS. SANTILLO:  Good morning, Your Honor.  Kristen

13   Santillo from Gelber and Santillo on behalf of Transform

14   Holdco.  The parties have agreed that since the Debtor is

15   not the lessee in this situation that the deadline in

16   365(d)(4) doesn't apply and that we should agree -- that we

17   agreed to mark this off calendar for further discussions

18   with all the parties reserving all rights.

19           THE COURT:  Okay.  When you say "this," I mean,

20   there were a number of noticed to McDonald's on various

21   properties.  Are you referring to all of the properties or

22   just the most recent one?

23           MS. SANTILLO:  With regard to the leases and

24   easements that are at issue in the objection.

25           THE COURT:  Which includes all of them?

1          MS. SANTILLO:  Yes.

2          THE COURT:  Okay.  All right.  And none of those

3     were leased by the Debtor?

4          MS. SANTILLO:  No.

5          THE COURT:  Okay.  All right.  Then I agree with

6     your solution.

7          MS. SANTILLO:  Thank you.

8          THE COURT:  Okay.  I just want to clear up one

9     thing.  I had mentioned Fringe Area (II) as perhaps being

10    one based on Debtors not owning the tenancy interest.  That

11    was inaccurate.  It also is basically a cure objection and

12    like the other ones that we addressed in this group of

13    objections, it really isn't one that raises a miscellaneous

14    basis to object to the assignment of the lease.

15         So with the exception of the adjourned matters and

16    as resolved on the record in a few cases, I will overrule

17    the objections or deem them resolved based on the changes to

18    the proposed order.

19         As far as the order is concerned, I think the one

20    area that people will definitely want to see is the revised

21    language in Paragraph 16 and/or maybe a new Paragraph 17.

22    You have a week, I think.  It doesn't need to be signed this

23    afternoon, but so I think you don't need to formally settle

24    that order but you should circulate it to the landlord's

25    counsel who raised the cum onore objection as well as the

Page 66

1    other usual suspects before you send it to chambers and

2    don't hesitate to send it to chambers if you're still in

3    discussions with people and you're facing the D4 deadline,

4    but at least give them some time to make sure it's

5    consistent with today's ruling.

6            MR. BAREFOOT:  We will do that, Your Honor, and

7    hopefully submit it tomorrow or Friday so that it can be

8    entered before Monday.

9            THE COURT:  That's fine.  And one last point.  I'm

10   not encouraging parties to disagree over the proper language

11   in that section, but if they do, what I'll want is just a

12   redline of the proposed different language and I'll make the

13   decision on that.

14           MR. BAREFOOT:  Very good, Your Honor.  There's two

15   sort of ministerial issues that I wanted to address and I

16   believe Ms. Marcus had a question as well.

17           THE COURT:  Okay.

18           MR. BAREFOOT:  On cure amounts, I -- in the course

19   of convincing many members in the landlord community that

20   they did not attend -- need to attend this hearing, I agreed

21   to describe on the record the cure cost resolution

22   procedures that are baked into the revised proposed order.

23           THE COURT:  Okay, that's fine.

24           MR. BAREFOOT:  Under that revised proposed order

25   and the fairly typical procedures that it spells out, the

Page 67

1    Debtors will pay -- excuse me, Transform will pay all non-

2    disputed cure costs as reflected on the designation notices

3    or in the schedule to the order where the parties have

4    subsequently agreed on the curs cost amount within five

5    business days of entry of the order.

6             As to disputed cure costs, in other words, the

7    difference between Transform's asserted amount and the

8    timely asserted amount in any filed cure objections,

9    Transform will establish a reserve with that differential.

10   The parties are directed, then, to work in good faith to

11   reconcile any disputed amounts.

12            If, in the course of that process, any party

13   believes that an impasse has been reached, they can give a

14   notice of that impasse and if the impasse is not resolved

15   within five business days after that notice, that party can

16   then seek to establish a hearing date in accordance with the

17   prior assumption and assignment procedures order.

18            THE COURT:  Okay.

19            MR. BAREFOOT: And --

20            THE COURT:  I have one question.  When you say

21   reserve, what's the form of that?  Is it an escrow?  What is

22   the --

23            MR. BAREFOOT:  It will be held --

24            THE COURT:  -- concept?

25            MR. BAREFOOT:  -- by Transform in a segregated

1    account.

2            THE COURT:  Okay.  All right.

3            MR. BAREFOOT:  Pending resolution, either by

4    agreement in, I hope, all cases or a subsequent order of

5    this Court, all parties' rights and defenses as to cure

6    costs are fully reserved.  And I have been asked to also

7    make clear that pursuant to these procedures which the Court

8    will ultimately order, we are not seeking resolution of any

9    cure costs today except for those listed on the schedules of

10   the sale order which are undisputed.

11           THE COURT:  Right.  Okay.  That's certainly

12   consistent with the file documents, although you've cleared

13   up the mechanism for bringing the matter back to the Court.

14   Does anyone have anything to say on those procedures?  All

15   right.  They're eminently reasonable to me, and I think the

16   dollar amount we're talking about is about $8 million.  At

17   least, that's what was stated in the reply?

18           MR. BAREFOOT:  You said how much?

19           THE COURT:  Eight.

20           MR. BAREFOOT:  I believe it's gone up.

21           THE COURT:  Okay.  All right.  Very well.

22           MR. BAREFOOT:  The other point that I just wanted

23   to raise is a relatively ministerial matter.  There are a

24   number of stipulations that we filed and during the course

25   of this hearing have continued to file to extend the time to

1    assume or reject under Section 365.  In many cases, Your

2    Honor, those were not filed in compliance with the case

3    management order in terms of the time for presentment.  In

4    all cases, the landlord, the Debtors, and Transform consent

5    to the terms of those stipulations and are party to the

6    stipulation, but I believe that to avoid a deemed rejection

7    under 365(d)(4), we do need Your Honor's imprimatur.

8            THE COURT:  Okay.  Who is paying for the extension

9    period?

10            MR. BAREFOOT:  Transform.

11            THE COURT:  Okay.

12            MR. BAREFOOT:  Indisputably.

13            THE COURT:  All right.  Okay.  I -- you could

14    email each of those to chambers and I'll enter them.

15            MR. BAREFOOT:  We will do that, Your Honor.  I'll

16    cede the podium to Ms. Marcus.

17            THE COURT:  Oh, did you want to say something on

18    that point?

19            MR. LEHANE:  Yeah.

20            THE COURT:  Okay.

21            MR. LEHANE:  Good morning, Your Honor.  Robert

22    Lehane, Kelley, Drye, and Warren on behalf of a number of

23    landlords:  Brookfield Properties, (indiscernible)

24    Development, et al.  First and foremost, lot of hard work

25    went into all the resolutions.  Hats off to Luke Barefoot

1    and --

2            THE COURT:  Hats off to all the parties, including

3    the landlords' counsel.

4            MR. LEHANE:  With respect to, again -- thank you,

5    Your Honor.  With respect to the stipulations to extend the

6    time to assume or reject, we represent UR Holdings and there

7    was one stipulation.  UR Holdings is an assignee of a lease

8    and this was with respect to a stipulation by and between

9    the Debtors, the buyer, and an entity known as GCCFC 2007

10   GG9 South Boulevard Properties, LLC; WNY Opportunity Zone

11   Fund, LLC; and Comm 2006-C8 Shaw Avenue Clovis, LLC.

12           With respect to Amherst, New York, we represent

13   the assignee, a buyer that believes that that lease has

14   already been assumed and assigned.  There's nothing that's

15   property of the estate to extent the time for.  We filed an

16   objection.  Mister -- we've discussed with counsel for

17   Transform and understood that that stipulation is not being

18   presented.  If it is being presented, we'd like to have

19   conversations and address that and if it's not, then it's

20   not and there's no issue there.

21           THE COURT:  Okay.  So, let me just make sure.

22   Your client got in a separate assignment from one of the

23   Debtors or was it one of the -- Transform --

24           MR. LEHANE:  Transform --

25           THE COURT:  -- exercise its designation right?

Page 71

1          MR. LEHANE:  That's correct, Your Honor.

2    Transform exercised its designation rights.  This was

3    notices up as a private sale.  Our client paid $1.2 million

4    plus.

5          THE COURT:  Okay.

6          MR. LEHANE:  That's fully closed.  There was an

7    objection deadline.  That ran.  There was no objections as

8    of the sale order that is final and non-appealable.  As of

9    the running of that objection deadline the assignment was

10   deemed to happened as of the date of the prior assignment

11   order.

12         THE COURT:  So is that proposed extension

13   stipulation being withdrawn?

14         MR. BAREFOOT:  Your Honor, Luke Barefoot on behalf

15   of Transform.  I'm not sure that we agree with all of the

16   factual recitations that Mr. Lehane put on the record.  But

17   I will say that we are not -- the universe of the 30 or so

18   extensions that I referenced did not include and was not

19   intended to include, and I had agreed --

20         THE COURT:  Okay.

21         MR. BAREFOOT: -- with Mr. Lehane that I would make

22   that clear --

23         THE COURT:  All right.

24         MR. BAREFOOT:  -- but I forgot.

25         THE COURT:  And it hasn't been filed yet, so you

1     don't need to withdraw it.

2              MR. BAREFOOT:  It has been filed.

3              THE COURT:  Well, then --

4              MR. BAREFOOT:  But we will not submit it for -- to

5     be so ordered because it's subject to Mr. Lehane's

6     objection.

7              THE COURT:  All right.  Well, you should decide

8     whether you're going to withdraw (indiscernible) or not.  I

9     mean, otherwise, it's just going to sit there forever.

10              MR. BAREFOOT:  Your Honor, it's our intention to

11     resolve this before --

12              THE COURT:  Okay.

13              MR. BAREFOOT:  -- the 364(d)(4) deadline.

14              THE COURT:  Okay.  Very well.

15              MR. LEHANE:  Thank you, Your Honor.

16              MR. GOODMAN:  Good morning, Your Honor.  Brett

17     Goodman, Troutman Sanders on behalf of the Bruce Trusts.  In

18     the spirit of the ministerial portion of the hearing, we

19     filed this morning a stipulation relating to the Bruce

20     Trusts objection which included a briefing schedule and Your

21     Honor's chambers, I believe, provided buyer's counsel with a

22     hearing date of May 23rd.  We have been in touch, again,

23     this morning and wanted to make sure that there was enough

24     time on your calendar on the 23rd for that hearing.

25              THE COURT:  What is it a hearing on?  What's the

Page 73

1   nature of the objection?

2           MR. GOODMAN:  So it's an omnibus objection, but

3   the underlying issue is our position that the lease at issue

4   has expired so it's an issue of North Carolina real property

5   law that the parties intend to brief in advance of that

6   hearing on an accelerated schedule, given that we haven't

7   exchanged briefs yet, I think we -- both sides wanted to

8   reserve enough time to put on evidence should we need to, so

9   --

10          THE COURT:  Well, is it -- it sounds like it's a

11  straight legal issue.  Is there evidence as to the facts, as

12  to what might've caused the expiration?

13          MR. GOODMAN:  There could be, Your Honor.  I mean,

14  this lease goes back to 1964.  There's various leases,

15  subleases, sandwich leases in between and we haven't

16  received the Debtors' legal position yet other than the

17  designation notice for assumption and assignment, so I think

18  we just want to make sure that, to the extent there is a

19  need to put on evidence that there's enough time --

20          THE COURT:  Well --

21          MR. GOODMAN:  -- on Your Honor's calendar.

22          THE COURT:  It's hard for me to know because I

23  don't know yet what the evidence is or even if there's a

24  need for any evidence, so you all will have to discuss that

25  between yourselves.  It doesn't sound like it would be a

1   long evidentiary hearing, but I know I don't have a full

2   day, for example.

3            MR. GOODMAN:  No --

4            THE COURT:  I may not even have a half day.

5            MR. GOODMAN:  Well, I think that's what we were

6   looking for is to see if you had somewhere in the

7   neighborhood of three to four hours, so a half day.  I don't

8   know if you have it, Your Honor, so --

9            THE COURT:  I don't know either.

10           MR. GOODMAN:  We're just -- I think it was raised

11  by your chambers and buyer's counsel, so --

12           THE COURT:  Okay.

13           MR. GOODMAN:  I just want --

14           THE COURT:  Well, I mean, as both of you probably

15  know, I generally take -- I always, unless someone has a

16  real problem with it, take testimony by declaration and then

17  have cross examination live and have the parties meet and

18  confer and use their best efforts to agree on the

19  admissibility of as many exhibits as possible and provide

20  those documents to chambers with sufficient time before the

21  hearing so I can review them.

22           So in thinking about that, you'll be able to give

23  Ms. Li who does the scheduling a better idea of how long it

24  will take.

25           MR. GOODMAN:  Okay, Your Honor.  I appreciate --

Page 75

1          THE COURT:  Is there a time?  What's the extension

2     to?

3          MR. BAREFOOT:  So the extension of the buyer's

4     time to assume or reject is May 30th.  The hearing is for

5     May 23rd.

6          THE COURT:  Well, again, if it's -- it doesn't

7     sound like it's a half-day hearing, but you all should do

8     some prep work and think about that and if it looks like it

9     actually will be, then you should extend the extension so

10    that we can do it within the -- sometime in June.

11         MR. GOODMAN:  Okay.  All right.  Thank you, Your

12    Honor.

13         THE COURT:  Okay.

14         MS. MARCUS:  Your Honor, again in the nature of

15    housekeeping, I just wanted to alert you to a looming issue.

16    The Debtors filed a motion to assume a lease in Riverside,

17    California.  It's ECF Number 3376.  At the time, because of

18    scheduling difficulties, we filed it without a hearing date.

19    The landlord has filed an objection and we are in

20    discussions with the landlord and early this morning filed a

21    notice of presentment extending the 365(d)(4) period to May

22    31st.

23         We may supplement or amend the motion.  We may

24    make it a motion to assume and assign, a motion to

25    terminate.  We're not quite sure, but we wanted to give you

Page 76

1   the heads up and we would schedule it for the May 21st

2   hearing.

3           THE COURT:  Okay.  That's something you should,

4   again, discuss with Ms. Li.

5           MS. MARCUS:  Thank you, Your Honor.

6           THE COURT:  Okay.  Thanks.  All right.  Anything

7   else?

8           MR. BAREFOOT:  Your Honor, nothing further from

9   Transform and we will submit a proposed order along the

10  lines of what you directed.

11          THE COURT:  I'll look for it Thursday or Friday.

12          MR. BAREFOOT:  Thank you, Your Honor.

13          (Whereupon these proceedings were concluded at

14  11:54 AM)

15

16

17

18

19

20

21

22

23

24

25

1                          **I N D E X**

2

3                          RULINGS

4                                               Page        Line

5

6  Objections to Assumption and Assignment

7  of Leases Overruled                          65          16

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 78

1                   C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    

6    Sonya

7    Ledanski Hyde

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital@veritext.com, c=US
Date: 2019.05.10 15:13:13 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 10, 2019

[& - 3549]                                                                                    Page 1

**&**

**&**   4:16,19 9:5,12
  10:1,9,16 11:8,17
  11:18 12:1,4,14
  13:1,9,18 14:2

**0**

**008**   2:2

**1**

**1**   51:21
**1.2**   71:3
**10**   78:25
**10005**   14:19
**10006**   9:15
**10016**   12:17
**10018**   11:4
**10019**   11:20
**10022**   13:4,21
  14:12
**10036**   10:12
**101**   12:9
**10153**   10:20
**10178**   12:10
**10583**   11:12
**10601**   1:14
**10:25**   1:17
**11501**   78:23
**11:54**   76:14
**12**   42:23 48:7
**125**   9:7
**12th**   10:4
**13202**   9:8
**1330**   11:19
**14**   36:24
**14th**   11:19 59:16
  59:18,23 60:5
**15**   28:22
**16**   43:21 44:6
  47:12 48:6,16
  49:9,12 50:2
  65:21 77:7
**17**   65:21

**1735**   15:5
**1747**   2:5
**18**   59:17,24 60:2
**18-23538**   1:3
**1817**   2:15
**1824**   2:21
**1830**   3:2
**1832**   4:17
**1833**   4:19
**1845**   7:13
**1870**   3:6 50:19
**1879**   7:3
**1905**   3:25
**19103**   15:6
**1923**   3:12
**1927**   3:15
**1945**   4:2
**1946**   3:18
**1947**   3:4
**1948**   3:20
**1954**   3:22
**1964**   73:14
**1970**   4:2
**1973**   4:6
**19801**   14:5
**1983**   4:10
**199**   36:21
**1991**   4:12
**1993**   4:14
**1996**   36:21

**2**

**2**   38:14 39:7 46:7
  46:14
**2001**   21:16
**2004**   6:13 59:3,15
  60:16
**2006**   70:11
**2007**   70:9
**2010**   36:24
**2012**   36:20
**2019**   1:16 59:16
  59:18,24 60:5
  78:25

**2026**   8:10
**2107**   4:21
**2109**   4:23
**2126**   4:25
**2128**   6:23
**2140**   5:1
**2155**   5:4
**2168**   5:6
**2179**   7:3
**2192**   5:10
**2199**   5:14
**21st**   33:14 76:1
**222**   14:4
**2222**   2:18
**2244**   5:19
**2268**   5:21
**2283**   7:1
**2284**   7:7
**2285**   5:23
**2287**   5:25
**2299**   6:1
**237**   11:11
**2375**   6:4
**23rd**   72:22,24
  75:5
**248**   1:13
**25**   38:9,10
**2507**   2:2
**2551**   6:7
**258**   36:21
**263**   36:21
**2806**   6:9
**2810**   6:13
**29**   6:13 59:3,14
  60:16 62:4

**3**

**3**   2:2 38:10 39:18
  41:25 42:5 46:7
  51:21 52:1,12
**30**   71:17
**300**   1:13 78:22

**301**   13:12
**30th**   33:13,22
  75:4
**3187**   3:13
**31st**   75:22
**3298**   2:8,10
**330**   78:21
**3300**   13:11
**3366**   50:19
**3376**   75:17
**3382**   4:10
**3387**   2:10
**3388**   6:16
**3390**   6:19
**3405**   6:24
**3408**   7:1
**3410**   7:4
**3411**   3:13
**3413**   7:7
**3420**   50:19
**3442**   2:19
**347**   11:3
**3482**   3:10
**3483**   21:18
**3487**   2:24
**3501**   5:14
**3504**   7:9
**3506**   7:11
**3509**   2:8
**3511**   4:12
**3512m**   6:13
**3515**   6:14
**3524**   7:14
**3526**   4:21
**3529**   4:23
**3531**   7:16
**3532**   4:2
**3535**   3:16
**3537**   7:18
**3538**   8:10
**3545**   7:20
**3549**   7:22

**3565** 7:24
**3569** 8:1
**3574** 8:3
**3575** 8:6
**3578** 3:20
**3579** 6:2
**3584** 8:8
**3600** 8:12
**363** 40:3
**364** 33:7 72:13
**365** 24:9 25:11
  29:14,21 30:2
  31:8,10,19 32:19
  33:2 35:16 37:18
  44:11 48:1,24
  49:2 51:5,21 52:1
  52:11,12 64:16
  69:1,7 75:21
**3651** 17:25
**36th** 11:3
**37th** 14:18
**3886** 21:17
**390** 36:22

**4**

**4** 20:20 64:16 69:7
  72:13 75:21
**40** 14:18
**403** 36:23
**42** 63:7
**45202** 13:13
**472** 36:19

**5**

**5** 29:24
**50** 51:12,15,17
**51st** 15:5
**555** 36:23
**599** 14:11

**6**

**6** 20:25
**600** 12:16
**65** 77:7

**666** 36:20
**675** 36:20
**6th** 23:5

**7**

**700** 11:11
**7006** 11:10
**7043** 21:16
**767** 10:19
**7842** 3:25

**8**

**8** 1:16 58:19 68:16
**801** 14:4
**805** 11:3 13:3
**875** 13:20
**8f** 62:17

**9**

**9014-2** 24:15
**94111** 10:5
**9413** 2:7

**a**

**a&p** 36:19
**a.j.** 13:15
**a.r.e.** 5:16 7:18
  14:10
**abilities** 27:22
**ability** 29:20
  35:22 51:7 64:3
**able** 18:19 36:2
  40:21 51:9 74:22
**abrogate** 51:21
**absolutely** 26:9
  27:2
**accelerated** 73:6
**accept** 46:25 47:7
**accepting** 48:21
**access** 37:14
**accompanying**
  38:12
**account** 68:1
**accurate** 78:4
**acknowledges**
  43:6

**acquired** 28:13,14
**actions** 46:23
**actual** 64:7
**adams** 3:1,1
**add** 50:2 53:4
  58:17
**added** 50:17
**addition** 36:15
  37:12 50:12
**additional** 19:11
  21:9 24:9 25:20
  27:7 29:17 46:4
  50:2 57:16
**address** 28:7
  34:15 64:10 66:15
  70:19
**addressed** 18:1
  61:19 62:6 65:12
**adequate** 19:21
  22:1 23:25 24:5
  25:19,23 26:16,18
  28:4,11,17 29:1,4
  29:13,15,19 31:7
  34:16,20 35:2,15
  35:18,20 37:17
  56:5
**adjourned** 20:4,9
  35:17 41:3 55:25
  56:6 61:8 65:15
**adjourning** 41:3
**adjournments**
  19:11 41:11
**adjustments**
  44:23
**admissibility**
  74:19
**admission** 23:1
**admit** 23:3
**advance** 73:5
**advised** 32:4
**affect** 29:20
**affiliated** 10:17
  17:8

**affiliates** 18:17
**aftermath** 52:19
**afternoon** 65:23
**agenda** 19:1,12,14
  20:10,25 21:3
  25:9 29:24 37:21
  38:14 39:8 42:6
  53:12,15,21 54:5
  55:18 58:20 61:3
**agent** 2:4
**ago** 23:5,11 27:11
**agree** 45:9 46:8
  51:12 64:16 65:5
  71:15 74:18
**agreed** 18:7 37:12
  64:14,17 66:20
  67:4 71:19
**agreement** 17:15
  18:8 28:7 44:11
  60:22 68:4
**agrees** 43:6
**ahead** 45:24
**aisner** 11:8
**akin** 10:9
**al** 17:3 69:24
**albeit** 37:7
**alert** 75:15
**allaire** 36:19
**alleged** 31:18
**allen** 10:1
**alternatively** 52:2
**alters** 31:5
**amend** 75:23
**amended** 24:16
**amendments**
  41:25
**america** 11:17
  61:13 62:9,14
**american** 13:11
**americas** 7:16
  11:19 61:14 62:10
**amherst** 70:12

amount 2:17,19
2:21 27:12 32:23
37:1 67:4,7,8
68:16
amounts 17:17,20
27:17 53:23 59:13
59:15 60:13 66:18
67:11
ample 63:20
ancillary 54:2
andrew 9:17
12:19 22:15
androse 36:19
angeline 10:23
17:9
angelo 16:13
answer 48:12
anticipated 26:20
apologize 20:14
appealable 71:8
appear 38:15
56:20
appears 25:20
appendix 36:23
applicable 43:5
applies 39:3 43:8
44:2
apply 49:4 51:16
51:17 64:16
appreciate 17:11
23:10 46:4 47:3
74:25
approach 25:15
42:16
area 3:15 44:14
44:23 45:12 61:16
61:20 62:11 65:9
65:20
aren't 48:10
are's 56:24
arguing 29:14
argument 23:19
25:21 26:8,13

29:14
arising 17:10 43:3
44:16
arose 60:5
asheville 21:17
aside 56:19
asked 68:6
aspect 40:3 55:11
55:18 62:11,12
assert 51:7
asserted 37:22
45:3 53:23 54:6
67:7,8
asserting 20:20
52:8 60:11
asset 17:15 18:8
44:10
assets 28:15,19
37:10
assign 49:6 51:18
63:14 64:3,4
75:24
assigned 18:7,20
38:5,11,19 39:21
44:1 48:3,3,11
51:10 60:17 63:12
63:21 70:14
assignee 18:2 30:6
34:22 36:2,7 43:5
47:7 52:23 56:24
58:7 70:7,13
assignees 60:2
assignees' 35:22
assigning 21:7
assignment 2:2,13
17:16,18,21 18:9
18:23 21:10 37:25
43:7,10,12,17
44:7,18,25 47:24
48:2,5 49:14,24
50:3 51:8,13,17
52:1,9,19,20
53:23 54:8,12

55:19 59:23 60:15
63:11 65:14 67:17
70:22 71:9,10
73:17 77:6
associated 6:23
associates 4:16,19
12:4 36:19,22
assume 32:7
33:13 47:6 63:14
64:3 69:1 70:6
75:4,16,24
assumed 18:6,20
38:5 44:1,3 60:17
63:21 70:14
assuming 19:5
21:6 23:19 39:1
60:24
assumption 2:1
2:13 17:16,17,20
17:23 18:9,22
21:10 37:24 43:7
43:9,11,16 44:7
47:6 51:8 53:22
54:8,12 60:15
63:10 67:17 73:17
77:6
assurance 19:22
22:1 23:25 24:5
25:19,23 26:16,18
28:4,11,17 29:1,4
29:13,15,19 31:7
34:16,21 35:2,15
35:18,20 36:1
37:17 56:5 57:8
attached 28:23
56:8 63:8,19,23
attempt 31:22
attend 66:20,20
attorneys 9:4,13
10:2,10,17 11:2,9
11:17 12:15 13:2
13:9,18 14:2,10
14:17 15:2

attributable
44:17
auburndale 7:9
available 26:12
29:3 37:1,2
avenue 10:19
11:19 12:9,16
13:3,20 14:4,11
36:22,22 70:11
avoid 25:24,25
26:8,13 69:6
aware 24:10
63:16

b

b 1:21 39:23
52:12
b.r. 36:20,21
back 46:6 50:21
53:23 68:13 73:14
background
37:24
baked 66:22
baker 61:13 62:9
balance 28:16
35:13 37:8,15
ballard 15:1
balley 3:6
banker 6:18
bankruptcy 1:1
1:12,23 35:16,19
36:21 44:11 55:14
barclay 9:3,6
barefoot 9:18
18:11,13,15,15
19:4,7,20 20:6,14
20:19,25 21:5,15
21:22 22:10 23:17
23:20 24:25 25:22
26:6,11,23 27:2
29:6 31:15 33:12
33:16 34:1,8,11
35:6 37:20 39:5
39:10,14,16 40:1

40:8,20 41:8,10
41:16,21 42:2,5
42:13,16,18,22,25
43:25 44:4,6 45:9
47:15,16 48:15
49:10,15,20 50:1
50:7 53:6,11
55:23,23 56:2
57:12,18,23 58:16
58:19 61:2,2,15
61:23 62:2,6 63:2
64:5,7 66:6,14,18
66:24 67:19,23,25
68:3,18,20,22
69:10,12,15,25
71:14,14,21,24
72:2,4,10,13 75:3
76:8,12
**based**  26:19 35:12
37:13 47:24 60:10
63:18 65:10,17
**basically**  62:12
65:11
**basis**  22:22 35:5
37:5,6,7,8 38:19
47:22 49:3 52:22
56:10 65:14
**battaglia**  14:16
**bay**  2:23 13:2
20:1 21:1 46:21
47:18 56:6
**bedford**  4:21
**behalf**  17:7,12
18:11 22:16 24:2
29:12 34:19,25
40:13 46:1 58:4,6
62:14 64:13 69:22
71:14 72:17
**believe**  26:8 27:22
29:18 33:3 38:15
39:6 40:6 42:9
46:13 56:7,7
59:20 60:21 61:4

61:23 62:2,17
63:18,25 66:16
68:20 69:6 72:21
**believes**  67:13
70:13
**belongs**  54:25
**benderson**  12:2
**beneficiary**  35:1
**benefits**  48:11
**benesch**  14:1
**benzija**  14:16
**bernice**  16:15
**best**  18:5 74:18
**better**  74:23
**beyond**  47:12
**bidding**  17:14
**biltmore**  7:6
13:18
**binder**  19:6
**bit**  47:24
**black**  63:8
**blackline**  42:19
**black's**  63:19
**blau**  16:3
**block**  52:20
**blumenthal**  15:24
**bolstered**  29:2
**boulevard**  70:10
**bound**  26:25
27:25 57:14
**bradshaw**  6:1
11:17 24:3 29:12
31:10 55:25
**brainer**  55:12
**breach**  44:9
**break**  47:23
**brett**  13:23 72:16
**bridge**  27:13,18
**brief**  22:3 73:5
**briefing**  72:20
**briefs**  73:7
**bringardner**
16:16

**bringing**  68:13
**brixmor**  15:2
**bronx**  46:22
**brookfield**  12:2
69:23
**brought**  40:5
**brown**  13:8
**bruce**  13:18 72:17
72:19
**bryan**  15:25
**bryant**  10:11
**btc**  7:22 20:10
**bucket**  20:6 61:3
**bulaon**  16:1
**burbank**  4:10
55:4
**burden**  33:4
37:18
**business**  26:19
27:22 28:22 32:3
36:11 37:9 67:5
67:15
**buyer**  43:2,2,5
44:12 46:15 48:13
49:7 59:14 60:18
70:9,13
**buyer's**  43:5
72:21 74:11 75:3

|   c   |
|-------|

**c**  3:1 9:1 17:1 21:2
78:1,1
**c8**  70:11
**ca**  10:5
**cafte**  4:4
**calculation**  17:20
**calendar**  20:9
44:17,18 64:17
72:24 73:21
**california**  8:5
21:18 75:17
**camegaran**  5:21
54:6

**can't**  33:20 48:4
52:19
**capital**  27:17
28:12
**capitalization**
26:20
**capref**  4:10 54:5
55:4
**capuzzi**  14:7
**careful**  55:9
**cari**  4:1
**caribe**  3:24 61:12
62:8
**carolina**  21:17,18
73:4
**carve**  48:23 51:6
**case**  1:3 24:16
36:2 42:14 45:2
46:14 51:22 52:5
54:17,19,22,23
61:11 69:2
**caselaw**  30:3,16
35:19
**cases**  19:17 54:1
65:16 68:4 69:1,4
**cash**  37:1,2
**cashflow**  37:6
**casual**  4:4
**catch**  62:12
**categories**  19:9,15
19:21 45:12
**category**  19:18,19
**caused**  73:12
**cbl**  4:16,19
**cedar**  15:3
**cede**  69:16
**centennial**  6:6
**center**  3:6 7:13
10:4 46:1 52:12
**centerpoint**  5:12
**centers**  12:6,7
**centro**  5:18

**certain** 17:22 19:10 47:11
**certainly** 24:24 68:11
**certificate** 56:20 58:13
**certificates** 56:7 57:14,22 58:6
**certified** 78:3
**cetera** 57:6
**cfo** 21:25 22:17,17
**chambers** 19:6 24:20 66:1,2 69:14 72:21 74:11 74:20
**change** 23:12 45:10 53:6
**changed** 27:4
**changes** 21:6 42:9 65:17
**chapter** 18:22
**charges** 44:15,23 45:1,12
**chart** 35:14
**cheddars** 4:4
**choi** 15:14
**christopher** 14:14 56:16
**cimala** 15:25
**cincinnati** 13:13
**circuit** 36:23
**circulate** 65:24
**circumstances** 17:22 27:4
**city** 3:22 61:17,23 63:2,15
**ckr** 11:16 29:12 62:13
**claim** 60:9
**claims** 18:10 28:2 28:2 60:11
**clarification** 21:22 25:1

**clean** 42:19
**clear** 35:19 38:6 38:17,20,22 39:3 39:4,22,25 40:4 40:11,18,22 41:7 44:25 45:7 46:8 46:10,12 49:23 50:11,25 51:20,24 52:6,7 53:1,2 63:21 65:8 68:7 71:22
**cleared** 68:12
**clearer** 45:8
**clearly** 35:23 55:14 59:1
**cleary** 9:12 18:15 22:15 53:19 55:23
**client** 46:22 47:17 70:22 71:3
**closed** 27:11 71:6
**closely** 55:4
**closing** 18:22 43:5 44:10
**clovis** 70:11
**cobnstruction** 4:25
**code** 24:10 35:17 35:20 44:11
**colleague** 17:9 22:11 53:14 61:19
**colleagues** 58:23
**colloquy** 32:17
**colonial** 3:4
**columbia** 5:18
**comfort** 28:1
**comm** 70:11
**commenced** 46:23
**comment** 49:16
**commercial** 7:6 13:18
**committee** 10:10
**common** 44:14,23 45:12

**community** 26:14 66:19
**company** 1:7 6:7 10:3 12:2,4,7 13:10 15:3 20:1 37:13 56:13
**completely** 54:25
**compliance** 20:7 69:2
**comply** 37:23 43:12
**concept** 67:24
**concern** 28:8
**concerned** 45:7 48:9 49:5 57:5 65:19
**concerning** 20:7 46:3 56:3
**concerns** 21:1 57:4,7
**conclude** 37:16
**concluded** 76:13
**conclusion** 27:6
**concord** 4:14
**condition** 57:4
**conditions** 46:17
**confer** 74:18
**confirm** 34:22
**conflate** 29:21
**conflicted** 64:9
**congress** 51:6
**conjunction** 53:24
**connection** 2:14 29:16
**consent** 40:3 69:4
**consider** 49:10
**consideration** 23:24 50:18
**consistent** 17:14 30:6 37:25 50:14 59:9 66:5 68:12
**consolidate** 37:15

**consolidated** 35:13 37:7
**construction** 35:21,23
**contained** 38:2 43:14
**contest** 31:1
**contested** 51:23
**context** 59:19
**continue** 41:12 50:22
**continued** 68:25
**contract** 38:3,4 46:16
**contracts** 2:13 38:5
**contrary** 27:6
**conversations** 70:19
**convincing** 66:19
**coolidge** 59:17,24 60:1 63:7,11
**copy** 24:20,22
**corp** 12:6,6,7
**corp.'s** 3:12
**corporate** 35:14
**corporation** 5:6 10:17 17:3,7 59:18 61:18 63:5 63:13 64:8
**correct** 19:7 20:14 25:10 27:2 30:12 30:17,25 31:11,13 31:16 32:8 34:8 35:4,6 39:5,14 40:1 44:4 52:21 56:14,18 61:15 71:1
**corrected** 54:11
**cost** 36:12 66:21 67:4
**costs** 2:12 18:8 43:17 44:12 45:3

48:14,19 49:9
60:10 67:2,6 68:6
68:9
**couldn't**  27:8
**counsel**  31:12
46:13,19 50:17
56:17 59:7 60:20
60:23 62:18 63:23
65:25 70:3,16
72:21 74:11
**counseled**  35:21
**counterparties**
19:23 20:20 37:22
38:11,13,18 53:12
**counterparty**
21:11 28:6 54:7
**country**  78:21
**couple**  41:2
**course**  27:7 36:3
66:18 67:12 68:24
**court**  1:1,12 17:2
17:5,8,18 18:5,12
18:14 19:3,5,10
19:13 20:5,13,18
20:24 21:4,14,21
22:7,12,14,19,25
23:9,14,18,22
24:4,13,18,23
25:2,4,6,11,14,17
25:19 26:3,7,16
26:21,24 27:10
29:3,5,8 30:1,13
30:18,20 31:3,9
31:12,16 32:9,11
32:21,25 33:8,11
33:15,18,23,25
34:3,6,10,13,24
35:2,4,9,11 38:21
39:6,12,15,19
40:2,6,9,18,21,24
41:1,9,14,18 42:1
42:4,12,14,17,21
42:24 43:21,23

44:2,5 45:6,14,19
45:22 46:18 47:10
47:14,23 48:19
49:13,17,21 50:6
50:8,15 51:3,5
52:5,10,17,22,25
53:4,8,10,16,18
54:10,15,19,22
55:3,8,17,22 56:1
56:12,15 57:10,17
57:20 58:1,8,10
58:13,18,24 60:11
60:19,23 61:5,10
61:20,25 62:5,7
62:16,20,23,25
63:22 64:6,11,19
64:25 65:2,5,8
66:9,17,23 67:18
67:20,24 68:2,5,7
68:11,13,19,21
69:8,11,13,17,20
70:2,21,25 71:5
71:12,20,23,25
72:3,7,12,14,25
73:10,20,22 74:4
74:9,12,14 75:1,6
75:13 76:3,6,11
**courtroom**  17:19
25:24 26:15 29:9
34:15 45:18 60:21
63:24
**courts**  35:20 36:5
36:15
**court's**  17:12,15
21:24 25:23 27:6
**covenant**  37:5
39:22,24 50:21
**covenants**  20:7
27:18 37:23 38:2
38:6,12,20,25
39:9,11,17 46:3,7
**cover**  53:5

**covered**  31:20
56:22 57:9 61:8
**covering**  25:11
**credit**  31:5
**creditors**  10:10
**creek**  12:5
**crk**  24:2
**cross**  22:20 74:17
**crossroads**  7:11
11:18
**cum**  39:18 42:8
46:5,12 48:3 51:1
65:25
**cure**  2:12,17,19
2:21 17:17,19,20
18:8 43:17 45:3
53:23,24 54:8
59:13,13 60:10,13
60:14 61:7 65:11
66:18,21 67:2,6,8
68:5,9
**curley**  11:8
**currently**  37:5
**curs**  67:4
**curtis**  16:9
**cushion**  28:20
**customary**  57:13
**cutting**  36:12

## d

**d**  1:22 2:18 15:13
17:1 64:16 69:7
72:13 75:21 77:1
**d4**  66:3
**damage**  18:10
28:2
**damon**  9:3,6
**darden**  4:5
**dart**  5:6
**dartmouth**  2:5
**date**  33:21 43:7
43:18 50:3 63:9
67:16 71:10 72:22
75:18 78:25

**dated**  23:5,11
59:23
**david**  15:8 16:3
**dawn**  11:14
**day**  51:10 74:2,4,7
75:7
**days**  23:5,11
28:22 67:5,15
**de**  4:1 6:16 14:2
**deadline**  32:13
33:7 60:11 64:15
66:3 71:7,9 72:13
**deal**  17:10 19:16
19:19 31:12
**deals**  37:21
**debtor**  1:9 30:15
36:2,13 46:25
47:1,9 48:7,9
49:23 57:5 59:20
61:22 62:3 63:6,6
63:7,11,13,20
64:14 65:3
**debtor's**  2:12
**debtors**  10:18
17:8,12,16 18:4
21:6 29:21 31:13
31:14 43:2 44:8
49:22 64:2 65:10
67:1 69:4 70:9,23
75:16
**debtors'**  17:19,24
18:5 28:15 30:8
36:2,6,9,14 53:22
73:16
**december**  36:23
**decide**  72:7
**decision**  66:13
**declarant's**  25:6
**declaration**  22:2
22:20,21,23 23:1
23:3,4,6,10 24:7
24:19 25:1 27:15
27:24 31:21 34:4

35:12 56:8 63:8
63:19,22 74:16
**deem** 65:17
**deemed** 69:6
71:10
**defendant** 46:22
**defense** 46:25
47:6,8 48:21
**defenses** 60:8 68:5
**define** 35:20
**definitely** 65:20
**del** 3:24 61:12
62:8
**delaware** 14:4
20:2
**deliver** 28:24
**demand** 32:19
46:25
**demanding** 29:17
**deny** 35:17
**department** 50:23
**depending** 22:6
35:24
**deposit** 30:5,7,21
32:1,2 33:4 36:16
**describe** 66:21
**designated** 17:22
19:23 21:10 43:4
43:8,10,13,15
44:8,9,16 45:4
50:5
**designation** 3:10
17:11 21:11,19
38:18 67:2 70:25
71:2 73:17
**designee** 18:2
39:21 56:24
**detailed** 28:16
**details** 26:1,9
27:10,14
**determination**
36:5

**determined** 26:17
32:15
**developed** 31:23
**development** 12:2
69:24
**dgi** 9:4
**didn't** 31:19
32:12 34:18 54:23
**diego** 7:20
**difference** 67:7
**different** 19:14
51:6 55:3 66:12
**differential** 67:9
**difficulties** 75:18
**direct** 23:1,4
**directed** 67:10
76:10
**direction** 21:24
**directly** 24:6
**disagree** 66:10
**discuss** 32:4 43:19
54:13 61:7 73:24
76:4
**discussed** 46:3
61:9 70:16
**discussing** 46:14
51:21
**discussions** 21:11
41:13 64:17 66:3
75:20
**disposal** 48:22
**disputed** 59:13
60:14 61:7,21
62:3 67:2,6,11
**distribution** 18:24
**district** 1:2
**divided** 19:14
**docket** 20:19
21:20 24:20
**document** 2:5,8
2:10,15,18,19,21
2:24 3:2,4,6,8,10
3:12,18,22 4:6,14

4:16,19,21,25 5:1
5:3,6,10,14,16,19
5:21,23,25 6:4,7,9
6:16,18,21 7:9,11
7:16,18,20,22,24
8:1,3,5,8,12
**documents** 2:2
3:15,20 4:2,10,12
4:23 6:1,13,23 7:1
7:3,6,13 8:10
50:19 68:12 74:20
**doesn't** 29:20
64:16 65:22 73:25
75:6
**doing** 48:6 49:17
**dollar** 32:23 68:16
**donna** 14:21
**don't** 25:21 29:24
31:9,12,24 33:6
33:16 40:12,13,19
42:13 45:16,22,24
47:16 48:9,12,22
48:23,24 51:16,22
55:9 57:20,21
58:4 63:1 65:23
66:2 72:1 73:23
74:1,7,9
**drain** 1:22
**drayton** 5:1 61:12
62:8
**drive** 8:5
**drye** 12:1 69:22
**due** 43:18 45:1,3
55:13
**dynamic** 31:6

**e**

**e** 1:21,21 9:1,1
17:1,1 20:8 77:1
78:1
**earlier** 37:16 43:7
**early** 19:2 41:23
75:20

**easement** 39:22
39:24
**easements** 39:8,10
39:17 64:24
**east** 9:7 13:12
**ebitda** 37:11
**ecf** 17:25 50:19
75:17
**echo** 18:17
**ecro** 1:25
**edward** 11:23
16:5
**effectively** 18:21
38:15 50:22,23
52:14
**effectuate** 41:23
**efficient** 19:16,19
**efforts** 74:18
**eight** 68:19
**eiseman** 13:1
**either** 20:4 22:3
51:25,25 56:6,24
61:6 68:3 74:9
**el** 5:18
**eliminate** 28:7
57:19
**email** 69:14
**embarcadero**
10:4
**eminently** 68:15
**encouraging**
66:10
**enhancement**
31:5
**enia** 7:20
**enter** 69:14
**entered** 66:8
**enterprises** 12:3
**entirely** 27:16
**entirety** 43:13
**entities** 19:23
**entitled** 60:9

**entity**  34:22 39:21
  46:15 51:2,10,18
  55:4 63:7,11 70:9
**entry**  43:6,16
  63:10 67:5
**equipment**  28:19
**equity**  28:20 37:7
  37:15
**equivalent**  48:2
**errors**  54:11
**escrow**  67:21
**essence**  31:25
  32:2 52:2
**establish**  36:1
  67:9,16
**established**  35:15
  37:2
**estate**  6:6 18:9
  21:13 27:11 28:19
  43:20 70:15
**estates**  28:15 44:8
**et**  17:3 57:5 69:24
**evan**  15:23
**evening**  42:20
**event**  62:7
**events**  43:15
**evidence**  23:24
  24:6 26:17 27:7
  27:24 29:1 31:2
  36:16,25 37:14
  59:21 63:9,20
  73:8,11,19,23,24
**evidentiary**  24:11
  24:12,17 25:20
  29:2 31:1 74:1
**exactly**  35:6 55:7
  55:13
**examination**
  74:17
**examine**  22:20
**example**  31:24
  36:19 48:23 49:6
  74:2

**exception**  65:15
**exchanged**  73:7
**excluded**  59:25
**exclusions**  57:12
**exclusive**  36:6
**excuse**  34:17 67:1
**execute**  28:22
**executory**  2:13
  38:2,4
**exercise**  70:25
**exercised**  71:2
**exhaustive**  48:17
**exhibit**  43:4,11,23
  44:16
**exhibits**  22:23
  23:2,3,5 35:13
  63:23 74:19
**exist**  49:5
**exit**  27:13,19
**expenditure**
  27:17
**expenses**  44:12
  48:14,20 49:9
**expiration**  73:12
**expire**  32:7
**expired**  73:4
**expressly**  43:14
**extend**  33:6 68:25
  70:5 75:9
**extending**  33:21
  75:21
**extension**  32:6,14
  69:8 71:12 75:1,3
  75:9
**extensions**  71:18
**extent**  29:22
  35:17 36:9 41:1
  45:5 48:7 64:1
  70:15 73:18
**extra**  55:9

**f**

**f**  1:21 20:2,8,10
  20:22 23:6 40:3
  48:1,24 49:2 51:5
  51:21 52:1,11
  78:1
**facility**  27:13,19
**facing**  66:3
**fact**  35:24 36:1
  46:15 57:9 64:2
**factors**  36:6
**facts**  31:18,19
  32:12,14,24 33:1
  33:19 37:16 73:11
**factual**  31:23
  71:16
**fair**  25:8 49:20
**fairly**  66:25
**faith**  67:10
**fall**  41:5
**far**  41:18 45:7
  48:8 49:5 50:21
  55:13 65:19
**farnum**  15:12
**fault**  55:9
**favorable**  27:17
**february**  27:8
  29:4
**fed**  36:23
**federal**  4:25 15:3
**fee**  51:12,17
**fees**  44:14
**feld**  10:9
**fennell**  16:4
**fifth**  10:19
**fighting**  31:7 41:6
  41:12
**figure**  33:20
**figures**  25:25
**file**  68:12,25
**filed**  17:16,25
  19:1 20:12 21:20
  24:19 26:1,24

28:8 32:19 41:23
  42:20 43:9 56:19
  67:8 68:24 69:2
  70:15 71:25 72:2
  72:19 75:16,18,19
  75:20
**filing**  32:11 63:25
**filled**  57:1
**final**  71:8
**finance**  5:3 54:5
**financial**  26:1
  27:8 35:22 46:6
  50:12
**financing**  27:12
  37:4
**find**  35:14
**finding**  29:4,19
**fine**  19:13 25:14
  30:21 41:14,15
  42:1 50:6 66:9,23
**fire**  57:5
**firm**  64:9
**first**  19:21 27:10
  29:9 39:6 42:23
  69:24
**five**  51:18 67:4,15
**flexibility**  17:12
  18:18 27:18
**floor**  10:4 11:19
  14:18 15:5
**florida**  6:23 54:5
**focus**  28:5
**focusing**  35:22
  50:20
**folks**  45:17
**followed**  17:21
**following**  50:3
**foregoing**  60:16
  78:3
**foremost**  69:24
**forever**  72:9
**forgot**  71:24

Page 9

**form** 28:9,21,23
32:20 36:17 41:22
42:10,11 67:21
**formally** 65:23
**forth** 17:19 60:14
**forward** 21:23
27:23 41:19 47:21
49:3,4
**four** 21:8,15
54:22 55:10 74:7
**fourth** 13:12
**fox** 16:5
**francisco** 10:5
**free** 38:5,19 39:3
39:4,12,21,25
40:11 41:6 46:8
63:21
**friday** 66:7 76:11
**fringe** 3:15 61:16
61:20 62:10 65:9
**frost** 13:8
**fulfill** 35:22
**full** 27:13 42:25
74:1
**fully** 68:6 71:6
**fund** 70:11
**funders** 27:16
**funds** 44:15
**furniture** 6:11
20:16,23
**further** 19:11
22:7 64:17 76:8
**future** 19:22 24:6
26:19 29:2,20
35:15 37:17 59:9
59:11 60:2
**fyi** 54:2

**g**

**g** 17:1
**galleria** 9:5
**gamble** 10:1
**garage** 36:23

**garbage** 48:22
**gc** 5:18
**gccfc** 70:9
**gelber** 11:1 64:13
**generally** 36:22
74:15
**gerald** 15:16
45:25 50:9
**getting** 26:9
**gg9** 70:10
**gianis** 15:17
**gilbert** 11:22 24:2
29:12 62:13
**give** 28:9 34:3
35:21 42:15 66:4
67:13 74:22 75:25
**given** 25:23 31:1
32:12 37:8,16
40:4 73:6
**global** 2:14
**go** 25:21 26:3,4,5
27:14 32:9 45:17
45:24 47:11,21
48:1
**goes** 29:14 43:19
46:2 49:6 50:21
73:14
**going** 21:23 22:20
23:19 24:11 27:23
31:1,6 33:18 40:5
41:5,6,19 49:3,4
53:14 58:11 72:8
72:9
**gold** 10:7 12:14
16:6
**good** 17:2,4,5
18:13 19:20 22:10
22:13,14 24:1
26:11 41:21 53:17
58:25 62:24 63:2
64:12 66:14 67:10
69:21 72:16

**goodman** 13:23
72:16,17 73:2,13
73:21 74:3,5,10
74:13,25 75:11
**gotshal** 10:16 17:6
**gottesman** 12:19
**gottlieb** 9:12
18:16 22:15 53:19
55:23 59:1
**grant** 32:14
**gray** 12:3
**grazaidio** 10:3
**graziadio** 12:3
**great** 13:11
**greater** 27:18
**greenfield** 12:4
**greenhorn** 11:9
**gregory** 12:4
**ground** 18:23
60:3 63:4,12
**grounds** 42:7
**group** 13:9 65:12
**groveport** 5:23
**guarantee** 28:10
31:4 35:1,24
36:16 37:13
**guarantees** 28:22
**guess** 30:1
**gump** 10:9
**gun** 33:16

**h**

**h** 14:21 20:13
**half** 74:4,7 75:7
**halperin** 14:16
**hamilton** 9:12
18:16 22:16 53:20
59:1
**hand** 24:22 29:14
29:14 32:13 42:13
49:3 51:15
**handful** 21:5
53:21

**handle** 22:11
53:14
**happen** 59:10
**happened** 71:10
**happy** 24:21
29:24 54:13
**hard** 69:24 73:22
**hasn't** 30:16
71:25
**hats** 69:25 70:2
**hauer** 10:9
**haven't** 40:15
51:12 73:6,15
**hazan** 15:21
**hazards** 57:5
**head** 33:17
**heads** 76:1
**hear** 29:8,10
45:22,23 46:19
**heard** 29:10 40:10
46:13
**hearing** 2:1,1,4,7
2:10,12,17,21,23
3:1,4,6,8,10,12,15
3:18,20,22,24 4:1
4:4,8,10,12,14,16
4:19,21,23,25 5:1
5:3,6,8,10,12,14
5:16,18,21,23,25
6:1,4,6,9,11,13,16
6:18,21,23 7:1,3,6
7:9,11,13,16,18
7:20,22,24 8:1,3,5
8:8,10,12 17:9,13
18:19,21,22 19:9
21:25 24:11,12,14
24:17 25:9 26:18
27:5 32:7 33:7,14
35:11 37:3,6
51:23 66:20 67:16
68:25 72:18,22,24
72:25 73:6 74:1
74:21 75:4,7,18

76:2
**held** 67:23
**helpful** 19:8
**hemet** 3:6 46:1
50:10
**herz** 16:7
**hesitate** 66:2
**he's** 23:8 25:2
**hill** 14:2,3 21:16
**hilltop** 4:8
**history** 30:4 36:7
36:9
**hoffmann** 15:20
**hold** 33:16
**holdco** 9:13 11:2
18:16 28:13 29:16
31:16 53:20 56:22
64:14
**holding** 1:7 5:14
37:13
**holdings** 6:16
10:17 17:3,7 20:2
20:8 70:6,7
**holste** 16:8
**holtzman** 8:1
**homegoods** 3:18
20:21
**hon** 1:22
**honor** 17:4,9
18:10,13,18 19:1
19:7,20 20:15,19
21:22 22:10,13,22
23:13,16 24:1,3
24:10,21 25:10,16
25:18,22 26:11,16
27:3,23 29:11,13
29:19,19,22 30:12
30:17,19,25,25
31:11 32:8,10,17
33:5,12,24 34:1,9
34:11,19 35:6
37:20 39:5,14
40:1 41:8,16,21

42:5,10,16,18
44:4,20 45:9,16
45:25 46:20 47:13
47:15,16 48:15
49:11,20 50:1,9
50:16 52:4 53:9
53:11,17,20 54:13
55:2,7,16,21,24
56:14,17 57:4,12
57:25 58:3,16,22
58:25 61:1,3,15
62:13,14,17 63:2
64:7,12 66:6,14
69:2,15,21 70:5
71:1,14 72:10,15
72:16 73:13 74:8
74:25 75:12,14
76:5,8,12
**honor's** 22:6
24:15 33:17 49:15
69:7 72:21 73:21
**hope** 41:8 59:10
68:4
**hopefully** 66:7
**hospitality** 4:4,5
**hours** 74:7
**housekeeping**
75:15
**hullett** 16:14
**hwang** 10:23 17:9
**hyde** 8:25 78:3,8
**hypothetical** 51:9
**hyun** 15:14

**i**

**idea** 74:23
**identification**
53:13
**identified** 62:14
**identifies** 35:8
**identify** 56:21
**identifying** 38:25
57:15

**ii** 3:15 11:18 62:9
62:11 65:9
**immediate** 52:19
**impasse** 67:13,14
67:14
**implement** 49:15
**implication** 48:10
**imprimatur** 69:7
**improved** 37:2,5
**improvements**
36:13 60:7
**inaccurate** 65:11
**incidents** 46:24
**include** 56:23
57:11 71:18,19
**included** 27:24
40:14,17 72:20
**includes** 38:9
43:24 64:25
**including** 35:13
36:6 43:13,15
44:13 48:16 49:8
60:2 70:2
**income** 12:6
**incorrectly** 54:7
**increase** 60:9
**incremental** 45:10
**indemnification**
43:14 45:7 46:5
47:4 61:9
**indemnify** 47:7
**indemnity** 47:19
**indicate** 46:13
**indicated** 17:21
17:24 20:15 50:17
56:5
**indiscernible** 23:6
23:8 30:9 31:21
34:18 57:3 58:6
69:23 72:8
**indisputably**
45:11 69:12

**individual** 57:15
**inform** 19:10
**information** 26:1
26:13 29:15
**initial** 19:8 24:14
30:10,24 32:18
**injury** 28:1 46:23
**inquiry** 30:22
**inserted** 47:3
**insofar** 40:3
**inspect** 60:7
**inspection** 60:10
**insurance** 21:1
27:25 44:14 56:3
56:7,9,21
**insured** 57:6
**insureds** 56:22
57:16
**integral** 18:25
**integrated** 18:23
38:4
**intend** 41:11 60:1
73:5
**intended** 59:25
71:19
**intends** 47:21
**intent** 37:23 57:13
**intention** 72:10
**interest** 18:6
63:12 64:2 65:10
**intermediate**
37:13
**international** 4:5
**interpreted** 27:20
30:16
**interpreting** 30:3
**interprop** 4:21
**invalidate** 49:1
**invalidated** 49:2
**investment** 5:16
7:18 10:3 12:3
15:3 56:13,17

**investments** 7:20
14:10
**investors** 10:2
12:8
**isn't** 41:2 54:24
65:13
**issue** 23:25 24:5,8
25:20,22 29:23,25
30:21 31:23 32:4
32:5,12 34:16
36:14 37:21 39:7
40:5,10,11,15
41:19 44:22 45:15
49:11 50:21 51:5
52:11,12 55:15
56:5 58:5 59:22
62:18 63:3 64:8
64:24 70:20 73:3
73:3,4,11 75:15
**issues** 17:10 18:1
19:16 29:18 41:4
44:21 53:12 61:5
61:17 66:15
**issue's** 33:19
**item** 20:10,21,25
38:14 39:7 42:5
46:2,3,7,14 58:19
**items** 19:12 20:8
**it's** 19:18 26:9
32:23 41:5 43:25
46:12 47:10 48:3
48:17,19 49:23
51:6,23 52:2,2,11
52:11 55:3,12
58:21 62:12 66:4
68:20 70:19,19
72:5,9,10 73:2,4
73:10,22 75:6,7
75:17
**ivan** 10:7
**i'd** 21:23 24:21
28:3 32:15 58:22

**i'll** 18:10 19:13,16
23:16 26:4,6 29:6
29:8,10 30:13
45:23 46:19 55:19
64:6 66:11,12
69:14,15 76:11
**i'm** 18:4 19:5
23:18 24:18,20,22
25:5 29:24 31:4,6
31:13 32:9 34:13
39:1 42:12 48:20
49:16 51:16 52:3
52:5,17 54:13
60:20,24 62:21
64:1 66:9 71:15
**i've** 31:20 63:22

**j**

**j** 9:19
**jacqueline** 10:22
17:6
**january** 53:23
**jefferson** 9:7
**joe** 40:12 58:3
**john** 3:1 15:12
16:16
**joined** 33:19
**joseph** 10:14
34:19
**jpmg** 9:4
**jr** 11:22
**judge** 1:23
**julian** 16:1
**june** 33:12,22
75:10

**k**

**k** 2:23 6:13 13:2
20:1 21:1 44:11
46:21 47:18 56:5
59:3,14,18,22,24
60:2,16 62:3 63:5
63:13
**kakoyiannis** 13:1

**kate** 9:20 53:19
**katherine** 16:2
**keller** 62:18
**kelley** 12:1 69:22
**kennedy** 15:16
45:16,20,25 46:1
50:9,9,16 51:4
52:4,6,11,21,24
53:2,9
**kennedy's** 47:17
**kennylugenia** 3:1
**kevin** 9:10 14:7
**kimberly** 15:17
15:22 63:8
**kind** 55:11 56:4
**kirby** 11:8,14
**knew** 34:14
**know** 31:24 32:21
45:17 47:16 48:12
48:22 51:16 52:3
56:18 73:22,23
74:1,8,9,15
**knowing** 40:5
**known** 43:17 45:1
70:9
**kodis** 15:22
**kristen** 11:6 64:12
**kroger** 3:20 13:9
20:1
**ktr** 6:9
**kurt** 16:10

**l**

**l** 10:14 11:23 15:8
20:16 24:9 29:14
29:21 30:2 31:8
31:10,19 33:2
**l.p.** 4:23 5:3 11:18
**l810** 2:8
**l813** 2:10
**l874** 3:8
**lack** 40:4
**lakewood** 7:13

**land** 38:3 39:23
**landlord** 3:15,24
4:1 11:9 14:10
26:14 28:10 29:15
30:5,10,23 33:3
46:21 59:3,5,5,7
59:15,20 60:6,9
60:21 66:19 69:4
75:19,20
**landlords** 5:8 6:4
7:3 14:17 18:3
22:4 28:1,24
38:11 41:1 42:6
44:21 49:24 54:23
55:10 57:15 69:23
**landlords'** 70:3
**landlord's** 51:7
60:1,16 65:24
**language** 30:7
31:20 39:2 46:4
47:3 48:24 51:20
59:23 65:21 66:10
66:12
**lanier** 15:13
**las** 7:16 61:14
62:10
**late** 19:2 26:24
41:23
**laurence** 13:6
**law** 11:16 24:2
29:12 47:25 62:13
73:5
**lawrence** 5:25 8:3
15:18 46:20
**lba** 10:2 12:4
**lbg** 4:8
**lease** 11:9 17:11
28:10 35:23 36:4
36:18 39:21 43:4
43:10,13,15 44:8
44:10,18 45:4,5
46:11,16,24 47:1
47:25 48:5,5,11

[lease - materials]                                                                    Page 12

49:6 50:14,24
51:7,10,14,19,22
53:14 56:24 57:15
57:22 58:14 59:17
59:21,21 60:4
63:4,13,14 64:3
65:14 70:7,13
73:3,14 75:16
**leaseco** 60:3
**leased** 57:2 60:7
63:5 65:3
**leases** 2:2,14
17:23 18:6,20,23
18:24 19:24 21:13
37:22 38:11,19
39:8 42:7 43:8,24
43:25 44:3,16,22
47:11,17,18,20
48:2 56:9 59:14
60:17 64:23 73:14
73:15 77:7
**leasing** 30:10,24
**leck** 10:1
**ledanski** 8:25 78:3
78:8
**lee** 16:15
**left** 57:5
**legal** 73:11,16
78:20
**legislative** 30:4
**lehane** 12:12
69:19,21,22 70:4
70:24 71:1,6,16
71:21 72:15
**lehane's** 72:5
**lehrhaupt** 13:1
**lemkin** 34:18,19
34:25 35:3,10
40:12,12,23,25
58:3,3,9,12
**lessee** 64:15
**lessor** 19:17 30:14

**levels** 28:13
**levine** 13:1
**lexington** 14:11
**lf2** 12:5
**li** 74:23 76:4
**liabilities** 59:25
**liability** 43:3 44:9
**liberty** 9:14
**lichtman** 15:18
**lieberman** 14:21
**limit** 26:12 30:20
31:8 59:25 60:1
**limitation** 44:13
48:17 49:9
**limitations** 47:25
**limited** 6:18 48:19
60:3 61:13 62:9
**limiting** 30:2
**limits** 56:19
**line** 77:4
**lines** 76:10
**liquidated** 43:18
**list** 36:6 38:9,10
38:15 40:14,19
47:12 48:16
**listed** 39:7 43:4
54:4 62:22 68:9
**litigations** 47:1,8
**little** 47:24 52:7
**live** 74:17
**living** 6:11 20:16
20:22
**livingston** 9:19
58:23,25 59:1
60:20 61:1 62:4
**llc** 2:4,5,24 3:4,8
4:8,10,12,21 5:10
5:14,18,21,23,25
6:9,11,13,16,21
6:21,23 7:1,6,11
7:13,20,22 8:1,3,8
9:4,5,5,5,13 11:9
11:18 12:2,5,5,15

13:2,8 14:2,3 20:2
20:3,10,16,23
21:2 34:20 36:19
36:22,23 53:20
55:4 56:13,23
59:3,15,17 60:16
63:7 70:10,11,11
**llc's** 2:18
**llp** 9:3,12 10:1,9
10:16 11:8 12:1
12:14 13:17 14:9
14:16 15:1 17:7
**loan** 27:11,13,15
27:19,20
**local** 24:15
**locations** 21:9,15
**logical** 23:21
**lone** 31:6
**long** 40:19 45:1
74:1,23
**look** 32:18 34:4
36:5,15 42:22
52:18 76:11
**looked** 25:7
**looking** 31:20
39:12 61:10 74:6
**looks** 75:8
**looming** 75:15
**lot** 30:3 49:17
57:4 69:24
**lower** 27:17
**loyal** 6:16 20:2,8
**lp** 4:14 12:5
**ls** 9:4
**luck** 32:13
**luke** 9:18 18:15
47:15 55:23 61:2
69:25 71:14
**lynch** 14:14 56:14
56:16,16 57:24
58:2
**lynx** 5:23

**m**

**m** 8:1 9:10 14:7
20:16
**macerich** 6:6 15:3
**maeghan** 15:19
**maintaining**
48:22
**maintenance**
44:15
**majority** 41:11
**making** 36:5
38:17 52:17 57:6
**mall** 4:14 5:14,18
7:1,11 9:4 11:18
**mallory** 10:1
**man** 31:6
**management** 2:18
4:5,16,19 69:3
**manassas** 9:4
**manco** 6:23 54:5
**manges** 10:16
17:7
**march** 59:16,18
59:23 60:5
**marcus** 10:22
17:4,6,6 18:17
66:16 69:16 75:14
76:5
**margaret** 16:12
**mariposa** 8:10
**mark** 64:17
**market** 15:5
27:21 36:18
**mart** 5:25 8:3
59:18,22,24 60:2
63:5,13
**martin** 36:20
**massey** 9:20 16:2
53:14,17,19,19
54:18,21 55:2,7
55:16,21
**materials** 63:18

matkins 10:1
matter 1:5 19:8
47:25 68:13,23
matters 65:15
matthew 9:19
59:1
maui 3:8
mcdonald's 61:18
63:1 64:8,20
mcg 6:4 14:2
mcloughlin 15:19
mcs 3:6 46:1
50:10
mean 26:4 31:10
32:25 48:12 64:19
72:9 73:13 74:14
means 32:13
mechanism 38:24
68:13
meet 31:18 74:17
members 66:19
mention 27:12
mentioned 59:3
65:9
merchandise
52:15
met 33:2 37:18
mi 5:1
michael 15:24
16:7
midamco 8:12
14:2 20:3,15
midco 28:9,12,13
28:14,16,22 35:1
might've 73:12
miller 16:9
million 68:16 71:3
mindful 26:7
mineola 78:23
ministerial 66:15
68:23 72:18
minneapolis 3:22
61:17,24 63:1,3

63:15,24
mintz 12:14
miscellaneous
65:13
missing 40:7
56:25
mister 70:16
moac 5:14
model 37:9
monday 42:20
66:8
months 27:5
morning 17:2,4,5
18:13,14 19:2,10
20:12 22:13,14
24:1,4 41:23
53:17,18 58:25
64:12 69:21 72:16
72:19,23 75:20
motion 25:23
55:19 75:16,23,24
75:24
move 22:23 56:2
58:19
moving 20:19
37:20 55:24 61:3

**n**

n 9:1 17:1 77:1
78:1
name 32:3 54:6
63:5,6
narotam 1:25
narrow 30:2
narrowing 38:16
nassimi 12:5
natsis 10:1
nature 37:9 73:1
75:14
nava 15:21
near 59:10
necessary 26:9
need 49:7 52:25
65:22,23 66:20

69:7 72:1 73:8,19
73:24
needs 31:23 52:23
neighborhood
74:7
neither 32:25 33:1
network 18:23,25
new 1:2 9:15
10:12,20 11:4,20
12:10,17 13:4,21
14:12,19 27:10,24
32:2,2,3 49:5 53:4
53:5 65:21 70:12
newman 9:10
night 19:2 41:23
non 36:6 63:7,11
67:1 71:8
normally 52:15
north 2:5 6:13
21:17 73:4
note 18:4 19:13
19:16 41:10,16,22
notice 2:12,17,19
3:10 17:17 20:11
38:6,19 39:1,3,23
39:23 40:4 54:3,8
54:9,20 55:14,14
55:15 67:14,15
73:17 75:21
noticed 21:9
64:20
notices 17:18,19
17:21 21:12,19,19
53:22 54:2,12
67:2 71:3
notwithstanding
60:10
number 17:25
19:12,17,25 20:2
20:10,16,16,20,25
21:2,16,17,18
38:14 58:19 61:16
64:20 68:24 69:22

75:17
numbers 28:18
56:18
numerous 17:17
ny 1:14 9:8,15
10:12,20 11:4,12
11:20 12:10,17
13:4,21 14:12,19
78:23

**o**

o 1:21 17:1 78:1
object 22:25
34:12 38:18 65:14
objectants 23:23
objected 38:13
39:25 42:7 53:21
56:3
objecting 19:17
22:4 34:20
objection 2:4,7,10
2:12,17,18,21,23
2:23 3:1,10,12
19:18 20:12 24:8
26:25 28:11 29:13
31:17,18 32:11,18
40:4 41:4 43:9
51:25 53:25 55:11
55:25 57:24 59:2
59:6,10,19 62:19
63:18 64:6,24
65:11,25 70:16
71:7,9 72:6,20
73:1,2 75:19
objections 2:1
19:9,15,21 20:7
20:20 23:23 28:4
28:24 35:18 36:8
37:22 38:16 40:6
41:18 50:19 53:24
53:25 54:4 55:18
55:20 56:10 58:15
60:16 61:4,7
65:13,17 67:8

71:7 77:6
**objector** 35:2
**objectors** 26:21
29:7 40:10
**obligation** 60:4
**obligations** 28:10
30:8 35:23 42:8
43:14 46:6 47:11
48:10,14,21 49:8
49:12,13,24 50:4
50:13 51:1 60:5
**obvious** 18:5
**obviously** 54:20
**occurred** 43:16
**occurring** 44:17
**official** 10:10
**offline** 33:9
**oh** 13:13 51:11,11
69:17
**ohio** 6:9 21:16
**okay** 17:2 18:12
19:4,13 20:5,18
20:24 21:4,14,21
22:12,19,25 23:2
23:9,14,18 24:13
25:17 26:6 29:5,8
31:3,9 33:8,15,25
34:10 35:9 38:21
39:6,19 40:2,21
40:23 41:9,14
42:4,21 44:5 45:6
45:14,22 46:18
47:10,14 50:7,8
52:6 53:8,10,16
55:8,17,22 56:1
56:12,15 57:10,17
58:1,14,18,22,24
60:19,23 61:1
62:5,16,20,23,25
63:22,24 64:11,19
65:2,5,8 66:17,23
67:18 68:2,11,21
69:8,11,13,20

70:21 71:5,20
72:12,14 74:12,25
75:11,13 76:3,6
**old** 78:21
**omnibus** 33:7,13
59:4 73:2
**once** 48:2
**ones** 56:13 65:12
**ongoing** 48:10,20
49:13 52:22
**onore** 39:18 42:8
46:5,12 48:3 51:1
65:25
**ontario** 21:18
**open** 18:18
**opening** 22:3
**operated** 36:10
**operating** 15:2
**opportunity** 60:6
70:10
**opposed** 32:3
**option** 38:1
**oral** 23:19 25:21
26:8
**orange** 2:7
**order** 17:14,15,16
24:16 26:10,25
28:9,21,23 34:7
35:7 37:25,25
38:8,23,24 39:2
40:16,18 41:22
42:10,11,23 43:1
43:7,10,12,17,22
44:1 45:11 46:5
47:4 48:25 53:7
56:20 57:21 58:17
60:15 63:10,11
65:18,19,24 66:22
66:24 67:3,5,17
68:4,8,10 69:3
71:8,11 76:9
**ordered** 72:5

**orders** 49:1
**order's** 58:11
**original** 54:7
**originally** 21:9
**outstanding** 42:8
**overarching** 27:3
28:3
**overrule** 55:19
64:6 65:16
**overruled** 56:11
77:7
**owed** 43:3
**owing** 43:18 45:1
**owned** 61:21,22
**owner** 3:8 9:4
**owning** 65:10

**p**

**p** 9:1,1 17:1 20:2
**pa** 15:6
**package** 28:17,25
29:3
**page** 77:4
**paid** 27:13 51:12
59:14 71:3
**paint** 36:20
**papers** 28:8 57:3
**paperwork** 55:13
**paragraph** 38:9
38:10 42:23 43:21
44:6 47:12 48:16
49:18,19,21 53:4
65:21,21
**paramount** 57:6
**parcel** 56:5
**park** 10:11 12:9
36:22,22
**parse** 48:7
**parses** 49:21
**part** 25:8 26:10
28:17 47:6 53:25
56:4
**participants**
27:21

**particular** 21:8
28:5,5 40:10
52:14 56:20
**parties** 4:6 17:18
25:25 32:4 34:20
35:8 38:25 39:7,8
39:17,20,23 53:21
54:4,6 56:3 60:8
60:12 64:14,18
66:10 67:3,10
70:2 73:5 74:17
**parties'** 68:5
**partners** 5:3
**partnership** 6:18
15:2 61:13 62:9
**party** 27:16,21
31:10 58:20 59:21
67:12,15 69:5
**passed** 60:11
**passing** 54:17
**pay** 18:8 45:5
67:1,1
**paying** 69:8
**payment** 35:24
36:6,9
**pending** 68:3
**pennsee** 6:21 20:3
20:9 21:2 56:6
**people** 26:7 29:8,9
34:14 36:11 39:3
41:6 54:20 65:20
66:3
**percent** 51:12,15
51:17
**percentage** 44:15
**perform** 47:21
52:23
**performance**
19:22 24:6 26:19
27:8 29:2,20 30:8
35:16 36:3,7
37:17 48:10,13,21
49:8,12,13 50:4

[performance - providing]                                                            Page 15

50:12,13
**period** 32:7 44:25
  59:16 69:9 75:21
**periods** 49:12
**permits** 30:4
**personal** 28:1
  46:23
**petition** 63:9
**philadelphia** 15:6
**phone** 29:9 34:14
  34:15 45:16,17
  63:24
**phrase** 35:21
**phrased** 30:14
**pick** 45:11
**picks** 49:12
**piece** 56:25
**piqua** 21:16
**place** 46:24
**plaia** 2:7
**plain** 30:6
**plains** 1:14 5:1
  61:13 62:8
**plan** 26:19 27:23
**plaza** 2:23 3:24
  4:1 7:16 9:5,14
  13:2 20:1 21:1
  46:21 56:6 61:12
  61:14 62:8,10
**pleading** 24:15
**plus** 71:4
**podium** 18:11
  23:17 29:6 69:16
**point** 18:10 23:19
  24:25 26:5,22
  27:3 28:3 38:22
  38:23 39:4 40:19
  41:7 43:21 46:18
  47:5,11 48:15
  52:17 53:5 54:3
  54:17 55:5 66:9
  68:22 69:18

**pointed** 36:8
  54:11
**pointing** 31:17
  55:12
**points** 54:2,16
  61:9
**policies** 27:25
  57:14
**policy** 57:9
**pollack** 15:8
**portfolio** 11:18
  62:10
**portion** 44:17
  53:15 72:18
**pose** 51:9
**position** 73:3,16
**positive** 37:11
**possible** 18:7
  74:19
**post** 11:11 49:14
  49:24
**potential** 2:13
  44:22 53:22 54:8
**poughkeepsie** 9:5
**pr** 2:4
**pragmatic** 35:21
**pre** 44:24
**precluding** 52:8
**prefer** 29:23
  54:14
**preference** 22:6
**preit** 2:4
**premises** 46:24
  47:18 60:7
**prep** 75:8
**prepare** 34:1
**prepared** 32:14
**prepetition** 44:24
**presence** 36:15
**present** 15:10
  22:17 24:7
**presented** 26:17
  32:24 70:18,18

**presentment** 69:3
  75:21
**presumably** 56:23
**pretty** 51:23
**prevailing** 36:18
**prevent** 52:1
**previous** 44:18
**previously** 47:9
  63:5
**primarily** 34:21
  50:20
**primark** 3:12
**prime** 13:9
**prior** 17:16 43:16
  44:18 48:25 49:12
  59:16 63:9,20
  67:17 71:10
**private** 71:3
**privately** 57:1
**probably** 32:15
  32:15 33:20 49:7
  50:2 74:14
**problem** 74:16
**procedures** 17:14
  24:16 37:25 38:24
  59:13 60:14 66:22
  66:25 67:17 68:7
  68:14
**proceed** 21:24
  22:5,5,8
**proceedings**
  76:13 78:4
**process** 17:11
  20:21 53:13 55:14
  57:18 67:12
**produce** 24:11
**productive** 41:12
**proffering** 25:1
**profitability** 27:9
  36:16
**profitable** 36:14
**projections** 36:17
  37:8

**promotional**
  44:15
**prompt** 37:10
**proof** 33:4
**proper** 66:10
**properly** 49:1
**properties** 3:4
  5:12 6:18 7:6,9
  12:7 13:19 56:21
  61:13 62:9 64:21
  64:21 69:23 70:10
**property** 12:2
  28:2 30:14 37:22
  42:8 46:21 54:24
  56:21 57:2,3,9
  62:3 63:4,20
  70:15 73:4
**propose** 25:24
**proposed** 17:20
  28:6,8,21,23
  34:21 35:7 36:12
  38:8 41:22 42:11
  42:23 43:22 45:11
  46:5 47:4,7 49:11
  53:7 65:18 66:12
  66:22,24 71:12
  76:9
**proposes** 63:13
**proposing** 31:5
**provide** 28:1
  30:15 36:3 37:12
  38:1 47:21 57:14
  58:11 74:19
**provided** 19:6,24
  26:18 27:7,10,15
  28:16 29:1,16
  31:2 58:6 59:21
  72:21
**provides** 27:16
  43:1 44:7 50:24
**providing** 39:1
  57:21

**provision** 24:10
33:3 46:9 51:7,15
51:16,24 58:13,17
**provisions** 44:20
48:1,2,4,25 49:1,4
50:11 52:13,20
**public** 26:5
**publicly** 26:12
**purchase** 17:15
18:8 44:10
**purchased** 28:15
**purported** 18:2
**purpose** 52:14
63:7
**purposes** 35:16
**pursuant** 24:9,15
32:19 43:3,9 44:1
44:10 45:4 47:1
68:7
**pursuing** 39:4
**push** 33:6
**put** 32:5 57:21
71:16 73:8,19
**putting** 56:19

**q**

**qkc** 3:8
**quarropas** 1:13
**question** 28:7
41:2 57:19 66:16
67:20
**quickly** 31:21
59:8
**quite** 38:22 75:25
**quoted** 31:20
51:24

**r**

**r** 1:21 9:1 11:22
12:19 17:1 78:1
**rai** 1:25
**raise** 32:12 40:15
61:5 68:23
**raised** 39:7 51:3,5
53:12,24 54:2,4

54:16 61:6 63:3
65:25 74:10
**raises** 32:5 65:13
**raising** 44:21
**ramlo** 16:10
**ran** 71:7
**rare** 4:4,5
**rate** 36:18
**ravenswood** 8:8
12:15
**rdd** 1:3
**reached** 59:4
67:13
**read** 58:21 59:7
63:22
**real** 6:6 27:11
28:19 42:8 73:4
74:16
**really** 25:8 27:20
29:2 30:16 46:2
47:10 48:1 49:21
50:21 54:25 55:5
56:4 61:4,8 65:13
**realty** 8:1 10:2,2
12:5,5,6,8 15:3,4
**reasonable** 30:5
36:1 60:6 68:15
**received** 73:16
**recitations** 71:16
**reconcile** 67:11
**record** 22:23 24:2
26:4,5 29:11 31:1
35:15,25 37:2
41:20 46:13 47:15
50:11,18,25 52:7
53:3 55:20,24
56:16 57:1 58:10
58:15,21 59:8,9
61:2 65:16 66:21
71:16 78:4
**records** 63:4,16
**redacted** 26:10

**redline** 66:12
**reduced** 19:12
**reed** 14:9 56:17
**refer** 28:18 31:19
**reference** 47:5
57:10
**referenced** 37:16
71:18
**referencing** 59:24
**referring** 25:25
61:12 64:21
**refers** 30:7
**reflected** 27:14
41:24 63:17 67:2
**reflecting** 34:2
**reflects** 28:18
60:21
**refused** 47:2,9
**regard** 64:23
**regardless** 59:15
**regency** 12:6
**reinert** 15:15
**reit** 11:18 12:3
61:14 62:9
**reject** 32:7 33:13
69:1 70:6 75:4
**rejected** 21:12
38:4
**rejection** 18:9
69:6
**relate** 44:24
**related** 2:2,8,10
20:20 54:3 55:4
59:16
**relates** 24:8
**relating** 72:19
**relative** 21:13
**relatively** 68:23
**relaty** 4:23
**release** 50:5
**relevant** 36:9
**reliance** 51:25

**relief** 38:17
**relieved** 44:9
**rely** 52:19
**remainder** 61:6
**remaining** 22:4
36:3 38:8 42:6
56:9,12
**remarks** 25:25
26:12
**remedies** 60:1
**remind** 17:18
**remove** 34:5
**rent** 44:15
**rents** 44:13
**repeat** 58:5
**reply** 22:2 28:8
29:22 31:17 36:8
42:20 45:6,10
59:4 68:17
**report** 20:1,8,21
21:5
**represent** 46:21
54:10 70:6,12
**represented** 54:7
**representing** 62:8
**request** 24:9
**requested** 29:17
59:7
**require** 27:5 28:9
29:21 30:15 47:19
**required** 30:10,23
45:5 57:22
**requirements**
21:1 52:13 56:3,9
**requires** 26:14
28:21 57:15 58:14
58:21
**reservation** 17:25
43:19
**reserve** 26:22
60:8,12 67:9,21
73:8

[reserved - secondly]                                                                    Page 17

**reserved** 60:13
68:6
**reserving** 64:18
**resolution** 22:8
58:20,21 59:4,6,8
59:9,12 66:21
68:3,8
**resolutions** 19:11
19:25 21:8 41:24
69:25
**resolve** 35:5 40:6
72:11
**resolved** 20:4,11
20:15,17,22,23
38:16 41:20 42:9
56:6 58:15 59:22
60:17 62:18 65:16
65:17 67:14
**respect** 23:4 24:3
24:17 31:8 43:8
43:10,15 46:23
47:4 54:3 59:2,6
59:14,20 60:3,12
61:17,18 62:19
64:8 70:4,5,8,12
**respective** 18:3
41:1 60:8
**responded** 54:20
**response** 17:24
26:14 54:19
**responsible** 43:2
44:12 48:8,13
49:8,22,23,25
50:4
**restrict** 51:8
**restriction** 52:8
52:16
**restrictions** 46:11
46:11 50:13,22
**restrictive** 20:7
37:23 38:2,6,12
38:20,25 39:9,11
39:16 52:12

**result** 21:7,10
**retail** 18:25
**return** 23:16 27:9
37:10
**revenue** 36:13
**review** 35:12
74:21
**reviewed** 23:2
29:15
**reviewing** 61:4
**revised** 2:18 19:1
28:8 35:7 38:8
41:22 42:10,10,23
43:7,11,16,21
45:10 60:14 65:20
66:22,24
**revisiting** 27:6
**rickles** 52:5
**riecker** 21:25 22:2
22:17 23:7,13
36:12
**riecker's** 22:8,19
23:1 27:15,24
35:12 56:8
**right** 23:14,15
24:18 26:12,21
33:11 34:3,24
35:11 39:15 40:2
40:19,25 41:5,14
42:24 45:14 46:22
47:10 48:19,23
50:6,15 52:10
54:16 55:8,13,16
55:19 57:20 58:14
60:24 62:7,20,25
63:12 65:2,5 68:2
68:11,15,21 69:13
70:25 71:23 72:7
75:11 76:6
**rights** 17:25 26:22
43:20 60:8,12
64:18 68:5 71:2

**risk** 30:1
**rita** 16:14
**riverside** 75:16
**road** 11:11 78:21
**rob** 21:25
**robert** 1:22 12:12
22:17 69:21
**rock** 12:5 14:2,2
21:16
**ronald** 16:6
**room** 1:13
**rosa** 7:1
**royalties** 44:13
45:12
**rreef** 11:17 61:13
62:9,14
**rule** 24:15 55:14
**ruled** 61:6
**ruling** 66:5
**rulings** 77:3
**run** 30:1 38:3
**running** 36:11
39:22 71:9
**ryan** 15:15

## s

**s** 2:8,10,18 9:1
17:1 20:3
**s&r** 7:22 20:10
**s.d.n.y.** 36:20,21
**s.e.** 3:15,24 4:1
62:11
**s.r.t.stores** 3:24
**saker** 7:24
**sale** 2:14 17:15
18:22 26:18 27:5
37:3,25 38:23
63:10 68:10 71:3
71:8
**san** 7:20 10:5
**sanders** 13:17
72:17
**sandwich** 73:15

**santa** 7:1
**santillo** 11:1,6
64:9,12,13,13,23
65:1,4,7
**satisfied** 52:2
63:25 64:1
**satisfies** 40:3
**satisfy** 56:8 57:24
**saydah** 11:22 24:1
24:2,5,14,21,24
25:3,5,10,12,15
25:18 29:11,12
30:12,17,19,25
31:4,11 32:8,10
32:17,22 33:5,9
33:22,24 34:5,7,9
62:13,13,17,21,24
**saying** 51:17 55:6
**says** 43:4 50:3
56:22
**scarsdale** 11:12
**schedule** 35:7
38:10 39:18 41:25
46:7 67:3 72:20
73:6 76:1
**schedules** 68:9
**scheduling** 17:12
18:19 74:23 75:18
**schnitzer** 11:23
**scope** 21:23 30:2
38:16 47:19,20
**seal** 22:24 26:2,14
56:19
**sealing** 25:23,24
26:10
**sears** 1:7 10:17
17:2,7 22:17
50:23 51:11 52:3
52:15
**second** 36:23 44:7
46:2,19
**secondly** 39:19

[section - suggested]                                                                                    Page 18

section  25:8,9
  29:23 30:3 31:19
  35:16 37:18,21
  38:14 44:11 53:11
  66:11 69:1
secured  32:19
security  24:9
  29:17,21 30:5,8
  30:21 32:1 36:16
see  26:3 34:18
  36:18 40:16 53:21
  56:4 65:20 74:6
seek  67:16
seeking  38:17
  68:8
seen  40:15
segregated  67:25
selling  52:14
send  66:1,2
sense  33:21 49:5
sentence  43:1
  44:7 50:2 53:5
separate  25:9
  29:18 30:22 49:18
  70:22
separately  35:4
service  20:21
  53:12
services  2:4 52:15
set  17:10,19 60:14
settle  65:23
shaw  70:11
sheet  28:16 35:14
  37:8,15
shidler  5:3 54:5
shillington  9:5
shopping  7:13
  52:12
shoprites  7:24
short  35:24
show  37:10,18
shows  36:25 37:4
  37:6 58:10

sides  73:7
sign  27:21
signed  65:22
significant  28:19
  28:20
similar  30:11,24
  47:10
similarly  20:23
  43:20 44:6
simple  50:2
simply  56:22 64:4
singh  16:11
sir  23:9
sit  72:9
site  12:6
sits  28:12
sitting  23:10
situation  35:25
  64:15
small  56:2
smith  14:9 56:17
sold  52:15
solely  43:2
solution  65:6
solutions  78:20
sonya  8:25 78:3,8
sorkin  10:14
sorry  24:25 31:13
  34:18
sort  29:13,21
  53:13 54:3 57:8
  64:7 66:15
sought  39:24
sound  73:25 75:7
sounds  73:10
south  21:17 70:10
southern  1:2
space  52:13
spaces  6:11 20:16
  20:22
spahr  15:1
spares  18:9

speak  45:20
speaking  50:12
special  63:7
specific  25:25
  28:18 38:9,10
  39:22,24 47:5,17
  53:13
specifically  42:22
  42:25
specified  32:20
  38:7 50:5
specify  32:23 38:1
spells  66:25
spigel  12:7
spirit  72:18
standing  34:14
stark  34:19,19
  40:13,13 58:3,4
start  26:6
state  32:18
stated  41:20 68:17
statement  22:3
statements  33:1
states  1:1,12 30:4
  32:19 36:12
station  8:8 12:15
statute  30:7,14
  32:22
steen  9:12 18:16
  22:16 53:19 59:1
step  23:21
stipulate  33:6,24
stipulation  34:2
  69:6 70:7,8,17
  71:13 72:19
stipulations  68:24
  69:5 70:5
stockton  8:10
stood  45:23
storage  14:3
store  2:7 4:1
  18:25 21:9,15,16
  21:16,17,18 31:25

50:23 51:11 52:3
  52:15
stores  36:14,14,20
  37:9
straight  22:5
  73:11
strauss  10:9
street  1:13 9:7
  11:3 13:12 14:18
  15:5
structure  28:12
subject  59:12
  60:15 72:5
subleases  18:24
  73:15
submission  25:21
submit  23:25 34:2
  42:2 66:7 72:4
  76:9
submitted  22:2
  24:7
submitting  39:2
subsequent  51:4
  54:12 63:9 68:4
subsequently  42:3
  67:4
subset  42:6 44:2
subsidiaries  28:14
  56:23 57:11,11
  58:8,9,11
subsidiary  28:6
substantial  36:12
  37:1,7,10,15
substantially
  28:23 30:9,22
suffice  50:10
sufficient  35:25
  74:20
sufficiently  29:1
suggest  33:2,12
suggested  53:5
  58:17

suggesting 50:16
suite 11:3,11 14:4
  78:22
sun 16:12
sunny 16:11
supplement 32:23
  75:23
supplemental
  2:23 24:8
support 24:7
supported 27:21
sure 18:4 24:18
  24:20 25:7,12,17
  31:4 32:9 34:13
  38:21,23 42:12,14
  42:17 43:23 48:20
  49:16 50:25 54:15
  54:24 57:2,6
  60:20 61:11 62:21
  66:4 70:21 71:15
  72:23 73:18 75:25
suspects 66:1
swz 5:10 34:20,25
  40:13,16 56:13
  58:4
syracuse 9:8

t

t 78:1,1
take 21:23 24:19
  39:18 42:7 48:24
  50:17 74:15,16,24
taken 21:2 46:12
  51:1
talk 19:8 33:9
talking 68:16
taubman 5:8 7:3
  14:17
taxes 44:14,23
  45:12
teed 24:12
telephonically
  15:10

tenancy 65:10
tenant 30:6,11,24
  31:24,25 32:1,2
  49:5 59:17,18
tenant's 60:4
tender 47:8
tented 64:2
term 36:3
terminate 48:4
  75:25
terminating 51:13
termination 48:1
  48:4
terms 18:18 19:20
  27:17 43:3,12
  45:4 46:17 47:1
  47:17,18,19,20
  48:18 59:8,9,12
  69:3,5
testify 22:1 25:7
testimony 22:5,6
  22:9 23:2,4 36:17
  74:16
thalassinos 16:13
thank 23:14,16
  25:17,18 34:9
  35:10 37:20 42:17
  45:25 46:20 47:13
  53:9 55:21 58:2
  58:12,16 61:1
  62:24,25 64:5
  65:7 70:4 72:15
  75:11 76:5,12
thanking 18:18
thanks 25:17 76:6
that'd 51:1
that'll 34:3
that's 19:5,7,13
  19:15 20:13,15
  25:14 30:6,21
  31:23 32:8,25
  35:6 41:14,14
  42:1 47:3,25

49:16 50:6,24,25
51:3,5 52:16,24
55:5,16 56:14
58:10 61:15,23
62:14 66:9,23
68:11,17 70:14
71:1,6 74:5 76:3
theaters 8:5
thereon 60:7
thereto 23:2
there's 25:9,20
  26:24 30:3 31:22
  32:6 34:16 35:7
  40:7 44:2 47:5
  57:4 63:19 66:14
  70:14,20 73:14,19
  73:23
they're 29:18 31:5
  39:7 68:15
they've 31:2
  63:25
thing 30:13 65:9
things 48:16 51:6
think 19:15,18
  20:13 22:8 23:20
  26:7 27:3,23 28:3
  28:25 31:21 32:3
  33:18,19,21 38:22
  40:12,13,19,21
  41:3,4,18 44:20
  44:25 45:9 46:2
  46:18 47:23,24
  48:6 49:6,17,23
  50:1,10,14 51:6
  51:22 52:7,24,25
  54:23 55:8 56:4
  56:12 57:18 58:14
  61:6,12,16 62:24
  65:19,22,23 68:15
  73:7,17 74:5,10
  75:8
thinking 74:22

third 12:16 13:3
  13:20 27:16,21
  42:25 46:2
thought 19:8
  61:20,25
three 10:4 27:4
  74:7
thursday 76:11
time 32:6 33:13
  34:3 44:25 49:12
  52:18,18,18 63:17
  66:4 68:25 69:3
  70:6,15 72:24
  73:8,19 74:20
  75:1,4,17
timely 43:9 45:2
  67:8
timing 44:22
title 63:12
today 17:8 18:1
  23:10,24 24:2
  41:19 68:9
today's 17:9,13
  66:5
todd 13:8
tomorrow 66:7
touch 72:22
tower 9:6 13:11
transaction 2:15
  18:25
transco 39:21
transcribed 8:25
transcript 78:4
transfer 63:16,17
transferred 59:22
transform 9:13
  11:2 17:22 18:2,7
  18:11,16 19:22,23
  21:7,12 22:1,4
  26:18 27:4,7,11
  27:25 28:5,9,12
  28:13,13,14,15,16
  28:21,25 29:16

31:15,16 35:14
36:10,25 37:4,7
37:12,18 38:1
42:7 43:20 45:4
46:15,15 47:16,21
48:8 49:22,25
50:3 51:2,10,18
53:20 56:22 59:2
59:5 60:3 63:14
63:21 64:4,13
67:1,9,25 69:4,10
70:17,23,24 71:2
71:15 76:9
**transformco**
22:16,18
**transform's** 27:22
27:22 36:8 37:23
46:19 54:12 67:7
**trevor** 15:20
**troutman** 13:17
72:17
**troy** 59:17,24 60:1
63:7,11
**true** 44:24 45:13
47:20,25 61:8
78:4
**trust** 5:12 6:1
11:17 24:3 29:13
55:25
**trusts** 13:18 72:17
72:20
**trying** 26:8
**turn** 18:10 29:6
58:22 63:1,13
**tweak** 49:10
**two** 20:6 23:5,11
27:11 28:12 29:18
42:9 44:20 46:23
47:8 51:6 52:18
56:12 58:15 61:5
66:14
**types** 19:15

**typical** 66:25

**u**

**u.s.** 1:23
**ultimately** 68:8
**underly** 18:24
**underlying** 37:9
73:3
**understand** 32:6
38:21 46:18 54:15
63:15
**understanding**
60:22
**understood** 50:1
52:4,24 70:17
**undisputed** 68:10
**undoing** 52:5
**unduly** 51:8
**unexpired** 2:14
**unique** 61:5,17
64:8
**united** 1:1,12
**universe** 21:6
56:2 71:17
**univest** 7:22 20:10
**unrelated** 54:25
**unsecured** 10:10
**ups** 44:24 45:13
47:20
**ur** 70:6,7
**use** 46:11 50:13
50:21 52:13 74:18
**usual** 30:5 66:1
**utilities** 44:14

**v**

**v** 5:3 36:22
**valid** 59:13 60:13
**valley** 46:1
**various** 17:10
19:9 53:22 64:20
73:14
**vcp** 14:2
**ventures** 11:9

**veritext** 78:20
**version** 42:20
**versus** 36:19
**view** 46:10
**violate** 52:1
**violates** 51:25
**vis** 48:7,7
**vornado** 4:23

**w**

**w.r.t.** 4:1
**wait** 29:23
**waive** 29:24
**waiving** 25:13
**wall** 14:18
**want** 18:4,17 21:5
22:20 29:10,24
30:20 33:16 34:15
38:23 40:14 41:22
45:17 47:5 48:9
48:23,24 49:18
50:24 51:20 52:6
54:23 55:17 58:4
60:23 65:8,20
66:11 69:17 73:18
74:13
**wanted** 25:7,12
34:22 51:18 53:2
55:5 66:15 68:22
72:23 73:7 75:15
75:25
**wants** 40:10
**warehouse** 5:6
**warren** 12:1
69:22
**washington** 13:9
**wasn't** 25:8
**wasn't'** 25:13
**way** 19:16 24:20
37:24
**ways** 18:21 36:10
**weaver** 9:17 22:11
22:13,15,15,22
23:8,16

**webb** 13:15
**week** 65:22
**weeks** 27:11
**weigh** 48:5
**weil** 10:16 17:6
**weingarten** 10:2
12:8
**went** 69:25
**weren't** 24:10
**west** 2:7 5:3 11:3
54:5
**westfield** 4:12
**westwood** 6:1
11:17 24:3 29:12
31:10 55:25
**we'd** 56:25 57:2,8
70:18
**we'll** 26:3,14
33:24 34:1,5 61:7
**we're** 41:12 46:8
50:11 51:13,21
57:5,6 62:21,24
68:16 74:10 75:25
**we've** 22:1 27:23
44:25 55:24 70:16
**what's** 21:23
67:21 72:25 75:1
**white** 1:14
**who's** 21:25 48:8
49:22
**wilderness** 31:7
**william** 16:4,8
**wilmington** 14:5
**wish** 23:11
**withdraw** 72:1,8
**withdrawal** 20:11
21:19
**withdrawn** 20:4
21:12 71:13
**witness** 22:17
24:12
**wny** 70:10

**[won't - à]**                                                                 Page 21

| | |
|---|---|
| **won't**  27:14 28:18 | **à** |
| 56:18 | **à**  48:7 |
| **woodmont**  12:7 | |
| **word**  24:19 | |
| **words**  27:1 67:6 | |
| **work**  67:10 69:24 | |
| 75:8 | |
| **wouldn't**  32:16 | |
| **would've**  26:25 | |
| 45:2 | |
| **wrong**  62:1 | |
| **x** | |
| **x**  1:4,10 77:1 | |
| **y** | |
| **yeah**  33:23 34:6 | |
| 58:9 69:19 | |
| **year**  44:17,19 | |
| **years**  51:18 | |
| **yesterday**  24:7 | |
| **york**  1:2 9:15 | |
| 10:12,20 11:4,20 | |
| 12:10,17 13:4,21 | |
| 14:12,19 70:12 | |
| **you'd**  21:24 | |
| **you'll**  40:21 57:21 | |
| 74:22 | |
| **you're**  20:14 | |
| 23:19 26:23 27:2 | |
| 30:17 32:13,14 | |
| 33:18 39:2,4,12 | |
| 41:3 48:6 49:17 | |
| 51:11 54:16 55:6 | |
| 55:8 61:11 66:2,3 | |
| 72:8 | |
| **you've**  38:22 | |
| 41:20 68:12 | |
| **z** | |
| **zachary**  15:13 | |
| **zone**  70:10 | |
| **zucker**  15:23 | |