**MARK E. COHEN, ESQ.**
ATTORNEY FOR SECURED CREDITOR
BANK OF AMERICA, N.A.
108-18 QUEENS BOULEVARD
4TH FLOOR, SUITE 3
FOREST HILLS, NEW YORK  11375
TELEPHONE (718) 258-1500
EMAIL: MECESQ2@AOL.COM

MOTION DATE:  NOVEMBER 20, 2019
MOTION TIME:  10:00AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

Sears Holding Co. et al[1]

Debtor.

---------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)
(Jointly Administered)

JUDGE: Hon. Robert D. Drain

## NOTICE OF MOTION SEEKING AN ORDER
## PURSUANT TO 11 U.S.C. §362(d) AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that BANK OF AMERICA, N.A.(the "Secured Creditor"), by and through its counsel, Mark E. Cohen, Esq., will move (the "Motion") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District, 300 Quarropas Street, Courtroom 118, White Plains,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

New York 10601, seeking the entry of an Order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) granting the Secured Creditor relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code and permitting the Secured Creditor to exercise all of its rights and remedies with respect to the security interest in the real property commonly known as **630 Artic Avenue, Oak Grove, Kentucky 42262-8224,** and (ii) granting such other relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that a hearing to consider the Motion will be held on November 20, 2019 at 10:00am before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601

**PLEASE TAKE FURTHER NOTICE,** that under Local Bankruptcy Rule 9006-1, any answering Affidavits shall be served to ensure actual receipt no later than seven (7) days before the return date of this Motion.

**PLEASE TAKE FURTHER NOTICE,** that objection, if any, to the relief requested in this Motion must comply with the Federal Rule of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for Southern District of New York, must be made in writing describing the basis therefore and must be received in the Bankruptcy Judge's chambers and the undersigned not later than seven (7) days before the return date. Unless objections are received by that time, the order may be signed.

**PLEASE TAKE FURTHER NOTICE,** that a hearing shall be held before the

Honorable Judge Robert Drain. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: Forest Hills, New York
      October 23, 2019                  **MARK E. COHEN, ESQ.**
By : */s/ Mark E. Cohen, Esq.*
Attorney for Secured Creditor
Bank of America, N.A.
108-18 Queens Boulevard
4th Floor, Suite 3
Forest Hills, New York  11375
Telephone (718) 258-1500
Our File No. VAC.241-755

**MARK E. COHEN, ESQ.**
ATTORNEY FOR SECURED CREDITOR
BANK OF AMERICA, N.A.
108-18 QUEENS BOULEVARD
4TH FLOOR, SUITE 3
FOREST HILLS, NEW YORK 11375
TELEPHONE (718) 258-1500
EMAIL: MECESQ2@AOL.COM

MOTION DATE: NOVEMBER 20, 2019
MOTION TIME: 10:00AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

Sears Holding Co. et al[2]

Debtor.

---------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)
(Jointly Administered)

JUDGE: Hon. Robert D. Drain

## SECURED CREDITOR's MOTION SEEKING AN ORDER PURSUANT TO 11 U.S.C. §362(d) AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING RELIEF FROM THE AUTOMATIC STAY

Bank of America, N.A., its assignees and/or successors in interest (the "Movant") submits this motion (the "Motion") seeking the entry of an Order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) granting the Movant relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code and permitting the Movant to exercise all of its rights and remedies with respect to the security interest in the real property commonly known as **630 Artic Avenue, Oak Grove, Kentucky 42262-8224** (the "Property"); and (ii) granting other such relief as this Court deems just and proper, respectfully sets forth and alleges as follows:

## BACKGROUND

1. On October 15, 2018 (the "Filing Date"), Sears, Roebuck and Co. (the Debtor") filed a voluntary petition for relief in accordance with chapter 11 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code §362(d)

## BASIS FOR RELIEF REQUESTED

3. Movant is entitled to relief from stay under Bankruptcy Code §§362(d)(1) and (2).

4. Section (d)(1) provides, in relevant part, "the court shall grant relief from the stay…for cause, including the lack of adequate protection of an interest in property of such party in interest".

5. Bankruptcy Code 11 U.S.C. §362(d)(2) provides, in relevant part, "the court shall grant relief from the stay…with respect to a stay of an act against property

under subsection (a) of this section, if— (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization"

6. Either of the above statutes qualifies Movant for relief as the Property is not property of the estate per the Schedules and Debtor has no interest in it. It is only by virtue of a judgment in which Debtor was named that any stay is arguably in place.

7. The party seeking relief from the automatic stay has the initial burden of establishing "cause". *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the Movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id*.

## RELIEF REQUESTED

8. The Movant is the current payee of promissory note with Job R. Smith and Dedra R. Smith (collectively the "Obligors"), dated April 2, 2007 in the principal amount of $95,510.00 (the "Note"). Attached hereto as **Exhibit "A"** is a copy of said Note, secured by a mortgage of same date (the "Mortgage") upon the Property as set forth in the Mortgage, attached hereto as **Exhibit "B"** and made a part hereof.

9. The Movant was assigned the beneficial interest in the Mortgage by an Assignment of Mortgage recorded November 10, 2011. Attached hereto as **Exhibit "C"** is said Assignment of Mortgage.

10. Carrington Mortgage Services, LLC services the loan on the Property. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the Property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note

as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

11. On or about July 29, 2016, an In Rem Judgment and Order of Sale was entered in with the Commonwealth of Kentucky, Christian Circuit Court, Division Two (the "Judgment"), in favor of Movant and against the Obligors and Debtor. A copy of the Judgment is attached hereto as **Exhibit "D"**.

12. Movant wishes to proceed with foreclosure. Movant, however, has been stayed in this proceeding upon the Debtor's filed petition(s) for relief under Chapter 11 of the United States Bankruptcy Code.

13. The Debtor holds a judgment lien on the Property and is, therefore, a junior lien creditor.

14. As a result of the Debtor's bankruptcy, all proceedings involving the Debtors were stayed, including any foreclosure proceedings initiated by Movant against the borrowers.

15. Debtor's junior lien is not necessary to the reorganization and to the extent there would be any proceeds due to Debtor from the sale of the Property, Debtor shall still be entitled to receive any such proceeds.

16. To the extent there may be value in the Property, Debtor's option would be to provide adequate protection since the borrowers are no longer making payments; however, it is unlikely that the Debtor wishes to provide any such relief.

17. Movant is suffering significant prejudice as a result of the automatic stay under 11 U.S.C. 362(a), and there is no benefit or value to the estate.

18. As per the Affidavit of Heath Fagan, of Carrington Mortgage Services,

LLC, attached hereto as **Exhibit "E"**, and the Motion for Relief from Stay Worksheet, attached hereto as **Exhibit "F"**, the outstanding obligations under the Note and Mortgage owed by the Obligors (not the Debtor), as of August 31, 2019, are:

| | |
|---|---|
| Unpaid Principal Balance | $93,605.02 |
| Unpaid, Accrued Interest | $62,397.16 |
| Escrow Advances | $24,008.19 |
| Fees Currently Assessed | $33,736.84 |
| Less: Partial Payments | ($0.00) |
| Minimum Outstanding Obligations | $213,747.21 |

19.    The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Obligors:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 118 | 02/01/2009 | 11/01/2018 | $685.55 | $80,894.90 |
| 9 | 12/01/2018 | 08/01/2019 | $742.80 | $6,685.20 |
| Corporate Advance | | | | $27,527.31 |
| Expense Advance | | | | $6,209.53 |
| Less partial payments: | | | | ($0.00) |
| | | | | **Total: $121,316.94** |

20.    The Movant has elected to initiate foreclosure proceedings on the

Property with respect to the Mortgage; however, the Movant is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy since Debtor is named in the Judgment and may hold an interest in the Property.

21.     Based upon the foregoing, the Movant alleges that it is not adequately protected, that the Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay the Movant in the foreclosure on the Property. The Movant urges that this Court issue an Order herein permitting the Movant to proceed to a foreclosure sale of the Property, including necessary action to obtain possession of the Property.

## **CONCLUSION**

WHEREFORE, the Movant respectfully requests the entry of an Order: (i) granting relief from the automatic stay; and (iii) granting such further relief as this Court deems just and proper.

Dated: Forest Hills, New York
      October 23, 2019

**MARK E. COHEN, ESQ.**
By : */s/ Mark E. Cohen, Esq.*
Attorney for Secured Creditor
Bank of America, N.A.
108-18 Queens Boulevard
4th Floor, Suite 3
Forest Hills, New York  11375
Telephone (718) 258-1500
Our File No. VAC.241-755

## **CERTIFICATE OF SERVICE**

I, Mark E. Cohen, certify under penalty of perjury that I am not a party to this action, am over 18 years of age.

That on October 23, 2019 I served the **(i) NOTICE OF MOTION SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY and (ii) MOVANT'S MOTION SEEKING AN ORDER PURSUANT TO 11 U.S.C. §362(d) AND RULE 401 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING RELIEF FROM THE AUTOMATIC STAY** by the Court's electronic filing system and regular United States Mail to the addresses listed below, said addresses designated for that purpose as follows.

TO:  **Chapter 11 Debtor**: Sears, Roebuck and Co., 3333 Beverly Road, Hoffman Estates, IL 60179, Attention:  Stephen Sitley, Esq. and Luke J. Valentino, Esq.

**Attorney for Chapter 11 Debtor**: Weil Gotshal & Manges, LLC, 767 Fifth Avenue, New York, NY 10153, Attention:  Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq. and Sunny Singh, Esq.

**United States Trustee:**  Office of the United States Trustee, Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014, Attention:  Paul Schwartzberg, Esq.

**Also Served**:

Skadden Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention:  Paul D. Leake, Esq., Shana A. Elberg, Esq, and George R. Howard, Esq.

Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017, Attention:  Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.

Cleary, Gottlieb, One Liberty Plaza, New York, NY 10006, Attention;  Sean A. O'Neal, Esq.

Kelley Drye & Warrant LLP, 101 Park Avenue, New York, NY 10178, Attention; Eric R. Wilson, Esq., Benjamin D. Feder, Esq. and T. Charlie Liu, Esq.

Seyfarth Shaw LLP, 620 Eighth Avenue, New York, NY 10018, Attention: Edward M. Fox, Esq.

Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10015, Attention: James Gadsden, Esq.

Lock Lord LLP, 111 South Wacker Drive, Chicago, IL 60606, Attention: Brian A. Raynor, Esq.

Akin Gump Stauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attention: Philip C. Dublin, Esq, Ira Dizengoff, Esq. and Sara Lynne Brauner, Esq.

Job R. Smith and Dedra R. Barnes-Smith, 630 Artic Avenue, Oak Grove, KY 42262-8224

Dated: Forest Hills, New York
    October 23, 2019               **MARK E. COHEN, ESQ.**
By : */s/ Mark E. Cohen, Esq.*
Attorney for Secured Creditor
Bank of America, N.A.
108-18 Queens Boulevard
4th Floor, Suite 3
Forest Hills, New York  11375
Telephone (718) 258-1500
Our File No. VAC.241-755

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

Sears, Roebuck and Co., *et. al.,*

    Debtor.

Case No. 18-23538-rdd

CHAPTER 11

---

# SECURED CREDITOR'S MOTION SEEKING AN ORDER PURSUANT TO 11 U.S.C.(D) AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING RELIEF FROM THE AUTOMATIC STAY

---

*MARK E. COHEN, ESQ.*
*Attorney for Secured Creditor*
*Bank of America, N.A.*
*108-18 Queens Boulevard*
*4th Floor, Suite 3*
*Forest Hills, New York 11375*
*Telephone: (718) 258-1500*
*Facsimile: (718) 793-1627*

---