

ENTERED
ATTEST: GARY J. HADDOCK, CLERK
JUL 29 2016
CHRISTIAN COUNTY KENTUCKY
BY

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
DIVISION TWO
CASE NO. 15-CI-00955

Bank of America, N.A.  **PLAINTIFF**
vs.

Job R. Smith  **DEFENDANTS**

Dedra R. Smith, AKA Dedra R. Barnes-Smith

Sears Roebuck & Co.

## IN REM JUDGMENT AND ORDER OF SALE

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. The following Defendants were each duly served with summons according to law, and the service on each Defendant is hereby approved:

1. Job R. Smith
2. Dedra R. Smith, AKA Dedra R. Barnes-Smith
3. Sears Roebuck & Co.

B. The following Defendants are each in default by failure to Answer the Complaint and thereby confess that the allegations in the Complaint are true:

1. Dedra R. Smith, AKA Dedra R. Barnes-Smith
2. Sears Roebuck & Co.

15-035381_SDM

E42

Presiding Judge: HON. JOHN L. ATKINS (603168)
TD : 000001 of 000010
Tendered    15-CI-00955    07/11/2016    Gary Haddock, Christian Circuit Clerk

# EXHIBIT D

C. The following Defendant has entered an appearance in this case and has answered as to its interest and therefore is properly before the Court:

1. Job R. Smith

D. Defendant Job R. Smith has failed to make payments on the Promissory Note to the Plaintiff, this caused a condition of defeasance in the Mortgage to be broken, and Plaintiff is therefore entitled to have its Mortgage foreclosed.

## JUDGMENT

On motion of the Plaintiff, it is ordered and adjudged as follows:

1. Plaintiff, Bank of America, N.A., is hereby granted an In Rem summary judgment against Defendant Job R. Smith and In Rem default judgment against Defendant Dedra R. Smith, AKA Dedra R. Barnes-Smith (hereinafter referred to as the "Primary Defendants") as follows:

   a. The principal sum of $93,605.02.

   b. Interest on the principal sum at the rate of 6.25% per annum from January 1, 2009 (per diem interest in the amount of $16.03) until paid.

   c. The total incurred by the Plaintiff through December 31, 2015 is **$170,632.89** which is comprised of the following:

15-035381_SDM

Presiding Judge: HON. JOHN L. ATKINS (603168)

TD : 000002 of 000010

|  |  |  |
|---|---|---|
| Principal | $ | 93,605.02 |
| Interest from January 1, 2009 to December 31, 2015 @ 6.25% | $ | 40,945.84 |
| Pre-Acceleration Late Charges | $ | 0.00 |
| Escrow: |  |  |
| Escrow Deficiency - Real Estate Taxes | $ | 8,726.74 |
| Hazard Insurance | $ | 10,142.85 |
| Mortgage Insurance Premium / Private Mortgage Insurance | $ | 0.00 |
| Total Escrow | $ | 18,869.59 |
| Property Inspection Costs | $ | 9,379.83 |
| Title Fees | $ | 291.00 |
| Repairs Damagd Prpty | $ | 6,109.00 |
| Partial Pmt Adj. | $ | -379.33 |
| Partial Pmt Adj. | $ | -513.06 |
| Less Suspense Balance (if applicable) | $ | (0.00) |
| **SUBTOTAL PER PLAINTIFF'S AFFIDAVIT:** | $ | 168,307.89 |
| **SUBTOTAL PER ATTORNEY FEES AFFIDAVIT** | $ | 2,325.00 |
| **TOTAL** | $ | 170,632.89 |

d.  Plus any other amounts, including but not limited to late fees, costs, attorney's fees, and other advances made pursuant to the terms of the Note and Mortgage as Plaintiff is hereby permitted to demonstrate by Affidavit and Motion for Supplemental Judgment at any time prior to distribution of the proceeds from the sale.

2.  There is not a mobile home, doublewide and/or manufactured home included in the sale and/or located on the property.

3.  To secure the above judgment, Plaintiff is adjudged to have a lien on the real estate as further described on the attached Exhibit "A", which is incorporated herein by reference.

15-035381_SDM

Presiding Judge: HON. JOHN L. ATKINS (603168)
TD : 000003 of 000010

together with all improvements on the real estate, including the principal place of residence, and appurtenances related to it, and the rents, issues and profits thereon. Plaintiff's lien is adjudged to be prior and superior to the lien of each of the Defendants, except any lien for city, county, and state ad valorem taxes asserted in this action. Plaintiff's lien is adjudged to be prior and superior to the interests of Job R. Smith and Dedra R. Smith, AKA Dedra R. Barnes-Smith and/or the unknown spouses of the Primary Defendants in the aforesaid real property and the aforesaid real property shall be sold free and clear of any interest of the said Defendants.

4. Plaintiff's lien(s) adjudged above shall be enforced and the Master Commissioner shall sell the real estate.

5. The purchaser at the Master Commissioner's sale shall take the real estate free and clear of the claims of the parties to this action, but it shall be sold subject to the following:

   a. Current year real estate taxes not yet delinquent affecting the real estate for which the purchaser shall take no credit on the purchase price, and further any delinquent State, County and/or City real estate taxes sold pursuant to the provisions of KRS Chapter 134 to any private purchaser during the pendency of this action.

   b. Easements, restrictions and stipulations of record.

   c. Any matters which would be disclosed by an accurate survey or inspection of the property.

   d. Any current assessments for public improvements levied against the property.

6. The Plaintiff, the Master Commissioner and the Court shall not be deemed to have warranted title of the real estate to the purchaser.

15-035381_SDM

Presiding Judge: HON. JOHN L. ATKINS (603168)

TD : 000004 of 000010

7. The real estate is indivisible and cannot be divided without materially impairing its value and the value of Plaintiff's lien thereon. As a result, the real estate shall be sold as a whole for the purpose of satisfying the Judgment Liens herein adjudged against the real estate.

8. The Master Commissioner shall have the real estate appraised, under oath, by two disinterested, intelligent housekeepers of the county pursuant to KRS 426.200.

9. The Master Commissioner shall sell the real estate, by public sale at the door of the Christian County Justice Center, on a day and time to be fixed by the Master Commissioner.

10. Prior to the sale, the Master Commissioner shall advertise the time, terms and place of sale by written Notices describing the land to be sold, posted at the door of the Christian County Justice Center and three other places in the vicinity of the land; and also by publication in a newspaper of general circulation for (1) one week in compliance with KRS Chapter 424. The notice in the publication shall set out the description of the real estate, tax parcel, and give the time, terms and place of sale.

11. Further, pursuant to CR 53.02(1), the Master Commissioner shall serve written notice sent via ordinary mail of the date, time and place of the judicial sale upon every party who is not in default for failure to appear.

12. Upon receipt of a written request from the Plaintiff prior to the sale, the Master Commissioner shall withdraw the sale without an Order from this Court.

13. The sale shall be made to the highest and best bidder or bidders.

14. If the Local Rules and the Master Commissioner allow Plaintiff to submit a specified bid by facsimile, then Plaintiff shall be allowed to bid by facsimile prior to the sale.

15-035381_SDM

15. The Master Commissioner will take from the purchaser or purchasers cash payment in full, or a bond with good and sufficient surety or sureties, bearing interest at the rate of 12% per annum from the day of sale and payable to the Master Commissioner within (30) thirty days from the date of sale. If a bond is given, the Master Commissioner shall require the purchaser to make a cash deposit of the sum of (10%) Ten Percent of the bid amount to be applied to any expenses occasioned by any default of the purchaser. Said bond shall have the force and effect of a judgment and shall be and remain a lien on the property sold as additional security for the payment of the purchase price.

16. The Master Commissioner will file a report of sale with the Court.

17. Upon confirmation of the sale, the risk of loss shall pass to the purchaser.

18. In the event the Plaintiff becomes the purchaser of the real estate at the Master Commissioner's sale, and if the Plaintiff's bid is less than its lien adjudged herein, Plaintiff may comply with the terms of sale by taking credit upon this Judgment without making the cash deposit or executing the sale bond as provided for in this Judgment.

19. Upon default of the deposit or posting of bond by the purchaser, the Master Commissioner shall immediately resell the property upon the same terms and conditions set out herein.

20. The proceeds of the sale shall be applied in the following priority:

   a. The costs of this action including the Master Commissioner's fees.

   b. Unpaid delinquent State, County and/or City ad valorem real estate taxes owed to those government entities, and not sold pursuant to the provisions of KRS Chapter 134 to any private purchaser during the pendency of this action.

15-035381_SDM

c.  The full satisfaction of Plaintiff's lien as adjudicated herein, including reimbursement for its costs, expenses and attorney's fees as set forth herein.

d.  The satisfaction of any junior liens on the real estate in the same priority that they held on the real estate.

e.  Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court.

21. The purchaser of the real estate is entitled to possession of the real estate upon confirmation of the sale by the court.

22. To secure the purchaser possession of the real estate, a writ of possession will be issued and entered by the Court.

23. This is a final and appealable Judgment Order and there is no just reason for delay in its entry.

24. Jurisdiction is retained for such further orders and proceedings as may be necessary.

25. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of the entry of this Judgment and Order of Sale.

Date: 7/27/16

/s/ John L. Atkins
John L. Atkins
JUDGE, CHRISTIAN CIRCUIT COURT

This judgment was prepared by:

/s/ Melissa J. Whalen

Melissa J. Whalen (87195)
John R. Cummins (KBA #84631)
Nicholas M. Smith (KBA #94622)
Ryan F. Hemmerle (KBA #91207)
Manley Deas Kochalski LLC
P. O. Box 165028

Seen and Agreed:

/s/ Lee M. Harton
Lee M. Harton
Christian County Master Commissioner
1606 South Main Street
Hopkinsville, Kentucky 42241

15-035381_SDM

Presiding Judge: HON. JOHN L. ATKINS (603168)

TD : 000007 of 000010

Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjw@manleydeas.com
Attorney for Plaintiff

15-035381_SDM

## CERTIFICATE OF SERVICE

I do hereby certify that the above Order was entered and a filed copy of the Order mailed to the following persons this 29th day of July, 2016.

Christian Circuit Court Clerk

By: Karen Meacham
Deputy Clerk

Melissa J. Whalen, Manley Deas Kochalski LLC, P.O. Box 165028, Columbus OH 43216-5028

Lee M. Harton, Christian County Master Commissioner, 1606 South Main Street, Hopkinsville, Kentucky 42241

Job R. Smith, 630 Arctic Avenue, Oak Grove, KY 42262

Dedra R. Smith, AKA Dedra R. Barnes-Smith, 630 Arctic Avenue, Oak Grove, KY 42262

Sears Roebuck & Co., CT Corporation System, 306 West Main Street, Frankfort, KY 40601

With additional copies to:

John P. Kirkham, Military Attorney for Job R. Smith, P.O. Box 585, Hopkinsville, KY 42241

15-035381_SDM

Presiding Judge: HON. JOHN L. ATKINS (603168)
TD : 000009 of 000010

# EXHIBIT "A"

Parcel No.: 163-05 00 184.00

Legal Description:
Being Lot Number 630, on the Plan of Country View Estates, Unit No. One, as shown by plat of record in Plat Cabinet 4, File 368, Clerk's Office, Christian County, Kentucky to which plat reference is hereby made for a more complete legal description.

Subject to all restrictions, conditions and covenants and to all legal highways and easements.

Commonly known as:        630 Artic Avenue, Oak Grove, KY 42262

15-035381_SDM