IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, et al. | ) | Case No: 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Johnna Richert ("Movant"), a citizen of the State of Missouri, by and through her attorney, James D. Walker, pursuant to Section 362(d)(1) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), hereby submits her motion requesting an order granting relief from the automatic stay to permit Movant to continue the prosecution of the State Court Action (as defined below) against Sears Holdings Corporation and K-Mart Corporation to pursue liability insurance proceeds, and in support respectfully shows as follows:

### SUMMARY OF MOTION

1.  Movant was involved in an incident on November 29, 2013 in the K-Mart Store located at 4023 S. Noland Road, Independence, Jackson County Missouri. Movant filed suit against K-Mart Corporation in Jackson County, Missouri for personal injuries she sustained as a result of said incident. Also named as a defendant is a Missouri resident, Jason Riley. Such lawsuit bears case number 1816-CV22710 and was filed previous to this Chapter 11 bankruptcy on August 28, 2018. *See Exhibit A*. It is believed that K-Mart Corporation has liability insurance in effect on the date of the incident and said insurance policy would provide defense counsel for such case.

1

2.  Relief from the automatic stay is justified for the following reasons: (a) this Court lacks jurisdiction to adjudicate Movant's state court tort claims; (b) the continued prosecution of the State Court Action is necessary to resolve and liquidate Movant's claims; (c) there is ample insurance covering the claims of Movant against the Debtor Defendants in the state court lawsuit; and (d) allowing the state court lawsuit to proceed will cause no harm to the Debtor Defendants' bankruptcy proceeding or the bankruptcy estate.

ARGUMENT

3.  Section 362(d)(1) of the Bankruptcy Code provides in relevant part that upon a request of a party in interest, and after notice and a hearing, the Court shall grant relief from the automatic stay for "cause." 11 U.S.C. §362(d)(1). The statute does not instruct a court on how for "cause" should be determine and left the decision whether to modify the stay to the discretion of the bankruptcy court. *In re Marketxt Corp.*, 428 B.R. 579, 584 (S.D.N.Y. 2010). A bankruptcy court must decide what constitutes a showing of "cause" to lift the automatic stay on a case by case basis. *In re M.J. & K. co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993).

4.  The Court in *In Re Project Orange*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2019) was provided guidance on what issues would necessitate a bankruptcy court to lift an automatic stay upon a showing of "cause," holding that:

> The legislative history of 362 reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a non-bankruptcy forum," as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, whether no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."

*Id. (quoting, inter alia.* H.R. Rep. No. 95-595, 95th Cog., 1st Sess. At 341 (1977)).

5.      A movant requesting relief from an automatic stay bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the Debtor Defendants to show an absence of "cause." *In re Breitburn Energy Partners LP,* 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017). Based on an analysis of the *"Sonnax* factors," Movant files this motion to show the court there is clear "cause" for the relief Movant requests to lift the bankruptcy stay and allow Movant to pursue the State Court Action, to liquidate Movants damages, and to recover those liquidated damages through the Debtor Defendants' insurance policy that is available to cover the injuries forming the basis of the State Court Action.

### *SONNAX* FACTORS – IDENTIFYING CAUSE TO LIFT THE AUTOMATIC STAY

6.      In determining whether a movant has shown sufficient "cause" to lift the automatic stay, the Second Circuit has identified twelve factors to consider that have come to be known as the *"Sonnax* Factors." See *Sonnax Indus., Inc. v. Tri-Component prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990). The *Sonnax* Factors are*:*

(1)     Whether relief would result in a partial or complete resolution of the issues,

(2)     Lack of any connection with or interference with the bankruptcy case,

(3)     Whether the other proceeding involves the debtor as a fiduciary,

(4)     Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.

(5)     Whether the debtor's insurer has assumed full responsibility for defending it,

(6)     Whether the action primarily involves third parties,

(7)     Whether litigation in another forum would prejudice the interests of other creditors,

(8)   Whether the judgment claim arising from the other action is subject to equitable subordination.

(9)   Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor.

(10)  The interests of judicial economy and the expeditious and economical resolution of litigation.

(11)  Whether the parties are ready for trial in the other proceeding, and

(12)  Impact of the stay on the parties and the balance of harms.

7. Not all twelve *Sonnax Indus., Inc.,* 907 F.2d at 1286). "When applying these factors ad considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.,* 171 B.R. 180, 183 (Bankr. S.D.N.Y 1994). In *Sterling*, the court considered the pertinent *Sonnax* Factors, determining that "the majority of the *Sonnax* Factors that are applicable in this case support lifting the automatic stay so that the Movant an proceed [in the nonbankruptcy forum]. *Id*

### MOVANT'S SHOWING OF CAUSE TO LIFT THE AUTOMATIC STAY: APPLICATION OF RELIEVANT *SONNAX* FACTORS

8. Applying the Movant's request of this motion and considering the underlying State Court Action, and what is just to Movant, to Debtor Defendants, and to Estate, the applicable *Sonnax* factors weigh heavily for lifting the automatic stay. Movant's State Court Action claim for personal injury will not interfere with the Debtor Defendants' bankruptcy proceeding since Movant is only seeking affirmative relief from the automatic <u>stay to pursue recovery from an insurance policy that is known to be available to cover the claims forming the basis of the State Court Action</u>.

*Sonnax* **Factor 1:** *Whether Relief Would Result in a Partial or Complete
Resolution of the Issues*

9.  Granting relief to Movant to pursue recovery from available insurance in the State Court Action will result in complete resolution of the issues Movant brings before this Court. Movant does not ask the Court for relief to seek recovery from the estates or the Debtor Defendant, but narrowly asks the Court for relief limited to recovery from any insurance policies known to be available to satisfy all or part of a judgment in the State Court Action. The State Court Action will allow Movant to have a judgment entered, liquidating the currently unliquidated damages claimed. Should a judgment be entered in favor of Movant in excess of available insurance policies, a $5,000,000 primary policy known to exist, Movant will then have a liquidated damages claim that would be subject to the bankruptcy proceedings. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* **Factor 2:** *Lack of Any Connection with or Interference
With the Bankruptcy Case*

10. The State Court Action for personal injury, brought in 2017 stemming from a November 29, 2013 incident at a K-Mart store, has no connection to the bankruptcy case and will not interfere with the bankruptcy case. Granting relief to Movant will result in complete resolution of the issues before this Court. Although it will not affect the bankruptcy proceedings, relief from the stay to conclude the pending State Court Action will aid in resolving the issue of the Debtor Defendants' liability to Movants by defining the amount of the currently unliquidated claim. Accordingly, the first *Sonnax* Factor weights in favor of lifting the stay.

*Sonnax* **Factor 4:** *Whether a Specialized Tribunal with the Necessary Expertise
Has Been Established to Hear the Cause of Action*

11. The Missouri State Court where the State Court Action is currently pending has original jurisdiction over the non-diverse defendant, applying Missouri law. The Missouri State Court is

where Movant's claim must be liquidated. As set forth in *In re Project Orange Associates, LLC*, 432 B.R. 890, 112 (Bankr. S.D.N.Y 2019), "while the filing of a bankruptcy petition pursuant to Chapter 11 of the Code is intended to provide a debtor with protection from the onslaught of its creditors while it attempts to sort out its liabilities and formulate an acceptable plan providing for their payment, it is not intended to provide a debtor with an alternate forum to re-litigate issues which it could have or did litigate in another forum pre-petition."

12. The issues currently pending in the State Court Action primarily involve Missouri state law that should be decided by the Missouri State Court. The Bankruptcy Court does not have jurisdiction to hear and decide personal injury and death tort cases. *See* 8 U.S.C. § 157(b)(2)(B) and 157(b)(5). In order for Movant to not be unfairly and unjustly affected by the Debtor Defendants' unrelated bankruptcy filing, the automatic stay should be lifted to all the Missouri State Court action to proceed in a venue with jurisdiction where state law was controlling. *See, e.g., In re Project Orange Associates, LLC,* 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010); *In re James T. Metz*, 165 B.R. 769 (Bankr. E.D.N.Y. 1994). Moreover,

***Sonnax* Factor 5:** *Whether the Debtor Defendants' Insurer Has Assumed Full Responsibility for Defending It*

13. The Movant does not have knowledge of any liability insurance policy since bankruptcy was filed before discovery in the State Court case commenced. The Policy was effective on the date of Movant's injury and is available to satisfy the claim brought by Movant in the State Court Action.

14. Moreover, upon information and belief, Movant is reasonably certain that an insurance company has a responsibility under the policy to insure and defend the Debtor Defendants against the tort liability that forms the basis of the State Court Action (injury caused by negligent

6

employee operation of a company vehicle by an employee in court and scope).[1]  Although not relevant to analysis because the cost of defendant litigation will be bore by the insurer, the U.S. Bankruptcy Court for Easter District of New York has offered the opinion that "[t]he cost of defending litigation, by itself, has not been regarded as constituting great prejudice, precluding relief from the automatic stay." *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992).  As such, this factor weights in favor of granting the requested relief.

*Sonnax* **Factor 7:**  *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors*

15.    The State Court Actions provide a ready forum for the expeditious resolution of the Debtor Defendants' liability to Movants – a benefit that will accrue to all parties, other creditors included.  The other creditors in this bankruptcy proceeding would not suffer any prejudice if the Court were to grant this motion.

*Sonnax* **Factor 8:**  *Whether the Judgment Claim Arising from the Other Action is Subject to Equitable Subordination*

16.    Movants have not engaged in any conduct that would subject their claims to equitable subordination, and no such allegation has been made by either the Debtor Defendants or by any other creditors.  A Judgment in the State Court Action would simply liquidate the currently pending unliquidated, unsecured claim.

*Sonnax* **Factor 9**:  *Whether Movant's Success in the Other Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Defendants*

17.    Movants' success in the State Court Actions would not result in a judicial lien avoidable by the Debtor Defendants.  Accordingly, this *Sonnax* Factor weighs in favor of granting the relief requested.

---

[1] Substantial discovery has been conducted in the State Court Action and there is significant evidence supporting this assertion.

***Sonnax* Factor 10:** *Whether the Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

18.     Movant is prepared to actively prosecute this matter in state court. The bankruptcy filing was done before any discovery began. The bankruptcy stay halted all momentum heading towards resolution of this matter. Proceeding with the State Court Action is the only way to determine the amount in damages of Movant's claim, which are currently unliquidated.

19.     the 16th Judicial District Court, Jackson County, Missouri, is best suited to interpret Missouri state law and try this matter, reaching a determination of the damage sowed. Moreover, as discussed above in connection with the second *Sonnax* Factor, the State Court actions will aid in resolving the issue of the Debtor Defendants' liability to Movants. Accordingly, the tenth *Sonnax* Factor weighs in favor of lifting the stay.

***Sonnax* Factor 11:** *Whether the Parties are Ready for Trial in the Other Proceeding*

20.     Movant is prepared to actively prosecute this matter, originally filed on August 28, 2017 in Missouri State Court, Jackson County, Missouri.

***Sonnax* Factor 12:** *Impact of the Stay on the Parties and the Balance of Harms*

21.     Movant has suffered and will suffer the harm resulting from inability to pursue her claim in Missouri State Court. In the interest of justice, Movant be given the opportunity to pursue her State Court Action. Debtor Defendants in unlikely to suffer harm from the Court granting Movant's requested relief from the automatic stay to pursue her claim against Debtor Defendants' available insurance coverage. When balancing the interest between the Movant and the Defendant Debtors, it is apparent that the Movant's harm greatly outweighs the Defendant Debtors harm.

22.     If the Court denies this motion, Movant will have no other relief. Movant's claim will remain an unliquidated, unsecured claim that sits as pending litigation in the State Court Action,

caught up in the bankruptcy proceeding, frozen by the automatic stay and subsequent bankruptcy proceedings with no remedy.  As time goes by and the Debtor Defendants' bankruptcy proceeding rolls on.  Movant will be forced to idly sit and wait out her denial of justice, having been twice at the receiving end of harm due to Debtor Defendants' actions and inactions.  Prosecution of Movant's claims in the State Court Actions will not prejudice the Debtor Defendants.

## MOTION PRACTICE

23. Because the statutory provisions and authorities relied upon in support this Motion are set forth herein, Movants submit that this Motion satisfies the requirement of Rule 9013-1(a) of the Local Rules.

## NO PRIOR APPLICATION

24. No prior application for the relief sought herein has been made to this or any other court.

## PRAYER

WHEREFORE, Movant hereby respects that this Court enter an order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permit the Movant to proceed in the State of Missouri in the 16th Judicial District Court, Jackson County, Missouri against Debtor Defendants only to the extent of available liability insurance, and for such other and further relief to which Movant is justly entitled at law or in equity.

Respectfully submitted,

JAMES DEAN WALKER LAW, LLC
1656 Washington Street, Suite 130
Kansas City, MO  64108
Phone: 816-474-8128
Facsimile: 816-474-7411

By:    /s/ *James D. Walker, Jr.*
James D. Walker
Missouri State Bar No. 29778
jwalker@jamesdwalkerlaw.com

*ATTORNEY FOR CREDITOR/MOVANT
JOHNNA RICHERT*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing was served on all parties and/or attorney of record via CM/ECT on this 23rd day of October 2019. Debtors' counsel in the State Court Action is likewise copied in the manner indicated below.

Via email: rogers@bscr-law.com
Shawn M. Rogers
BAKER STERCHI COWDEN & RICE
2400 Pershing Road, Suite 500
Kansas City, MO  64108
816-471-2121 – Phone
816-472-0288 – Fax
Attorneys for Defendant K-Mart Corporation

   */s/James D. Walker*
James D. Walker