**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                  :
                                                       :     **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,              :
                                                       :     **Case No. 18-23538 (RDD)**
                                                       :
Debtors.[1]                                            :     **(Jointly Administered)**
------------------------------------------------------------x

**AMENDED STIPULATION AND ORDER
BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS,
AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING
2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND**

WHEREAS, on October 10, 2018, Community Unit School District 300 (the "**School District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears Holdings Corporation ("**SHC**," and together with certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**") (each a "**Party**" and collectively, the "**Parties**") in the Circuit Court of Cook County, State of Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

(the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from SHC's alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an economic development agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer ("**Sears**") (the "**EDA Agreement**") under to the EDA Act, pursuant to which the developer (as set forth in the EDA Act) receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

WHEREAS, at the time the School District filed the Illinois Action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds — if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement — were projected to be distributed fifty-five percent (55%) to Sears (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to section 362 of the Bankruptcy Code.

WHEREAS, on November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which the School District sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to the Illinois Action.

WHEREAS, on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280).

WHEREAS, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i) distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an agreement among the Parties (ECF No. 1548).

WHEREAS, following the distribution of the 45% Portion in accordance with the Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining 55% Portion, or approximately $9.7 million, which the Village continued to hold in the Special Tax Allocation Fund pursuant to the Stipulated Order.

WHEREAS, the School District objected to the Turnover Motion (ECF No. 2996) and, in the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow those issues to be litigated in the Circuit Court in connection with the Illinois Action.

WHEREAS, following a hearing on the Turnover Motion and the Abstention Motion on April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School*

3

*District 300's Motion for Abstention* (ECF No. 3362) (the "**Abstention Order**") allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears $2,508,660.33 of the 2017 EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax Allocation Fund the balance of the 2017 EDA Funds in the amount of $7,153,317.

WHEREAS, following entry of the Abstention Order, the Parties filed in the Circuit Court their respective summary judgment cross-motions as to the issues raised in the Turnover Motion.

WHEREAS, the Debtors and the School District have reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as the same may be amended or modified, the "**Plan**").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Debtors, the Village (solely in respect of paragraphs 3, 5, 6, and 16 through 24 hereof) and the School District, and upon Bankruptcy Court approval it shall hereby be **ORDERED** that:

1. Subject to the terms and conditions of this Stipulation and Order, the School District agrees to:

4

i. Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether asserted or not, known or unknown;

ii. Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds;

iii. Dismiss with prejudice all claims seeking a monetary recovery asserted against the Debtors in the Illinois Action and waive its right to recover from the Debtors, their bankruptcy estates, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, <u>provided however</u>, that notwithstanding anything to the contrary in this paragraph 1.iii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code;

iv. Withdraw with prejudice the *Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 4713) and *Supplemental Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 5005) (together with ECF No. 4713, the "**School District's Plan Objections**");

v. Withdraw with prejudice all of its voting ballots submitted as to the Plan, provided that the School District shall be deemed to have opted out of the third party releases set forth in Section 15.9(b) of the Plan;

vi. Withdraw with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor, <u>except</u> that such withdrawal shall not prejudice or be deemed to constitute a waiver of any claims or rights of the School District to: (a) seek declaratory relief against the Debtors with respect to

5

          their past compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (b) preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code; and

vii.    Release all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust, <u>provided however</u>, that notwithstanding anything to the contrary in this paragraph 1.vii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

2.    In consideration of the mutual covenants and agreements contained herein and subject to the terms and conditions of this Stipulation and Order, Debtors agree to relinquish any right they may have, in whole or in part, whether asserted or not, known or unknown, with respect to EDA Funds consisting of property taxes levied for tax year 2018 that were extended and collected in calendar year 2019 in the Special Tax Allocation Fund (the "**2018 EDA**

**Funds**") and otherwise, if applicable, relinquish any rights, claims or interests to any subsequent years' EDA Funds.

3. As a result of this Stipulation and Order, and there being no further claims or objections to the distribution of the balance of the 2017 EDA Funds residing in the Special Tax Allocation Fund, the Village is hereby ordered and directed to take all necessary steps to distribute such remaining 2017 EDA Funds in the manner described below:

   a. The Village is ordered and directed to disburse to Sears, as the developer, 2017 EDA Funds in the amount of $5,153,317.00 currently held in the Special Tax Allocation Fund; and

   b. Simultaneously with the disbursement to Sears, the Village is ordered and directed to disburse to the School District 2017 EDA Funds in the amount of $2,000,000.00 currently held in the Special Tax Allocation Fund that were otherwise to be disbursed to Sears as the developer pursuant to the EDA Act.

4. The School District is hereby deemed to have withdrawn with prejudice its objection to the Turnover Motion (ECF No. 2996).

5. The Parties hereby acknowledge that this Stipulation and Order fully settles those issues involving the disbursement and the recipients of the 2017 EDA Funds raised in the Turnover Motion (but not any EDA Funds related to other years), and that the payments to Sears and the School District referenced in paragraph 2 above shall fully and completely satisfy the Village's obligations to disburse the 2017 EDA Funds.

6. Sears, the Village, and the School District shall request withdrawal of their respective motions and cross-motions for summary judgment with respect to the 2017 EDA Funds, which motions are currently pending before the Circuit Court in connection with the Illinois Action, as moot.

7

7.    In light of (i) the Debtors' and the School District's settlement as to distribution of the 2017 EDA Funds; (ii) the School District's release of all monetary claims asserted against the Debtors in the Illinois Action and waiver of its right to recover from the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee claims with respect to EDA Funds consisting of property taxes levied prior to 2017; and (iii) the Debtors' relinquishment of any rights, claims, or interests they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds or any subsequent years' EDA Funds, Debtors stipulate that they have no further interest in the Illinois Action. Accordingly, upon entry of this Stipulation and Order, the Illinois Action and any other issues or disputes arising from or related to the Debtors' compliance with the terms and conditions of the EDA Act and/or the EDA Agreement shall no longer be subject to the automatic stay under section 362 of the Bankruptcy Code, and shall not be subject to any discharge injunction imposed by the Bankruptcy Code, or any injunction imposed pursuant to any plan of liquidation or reorganization filed by the Debtors or other parties in interest, solely to permit the School District to take actions so long as they are consistent with this Stipulation and Order; provided that, for the avoidance of doubt, the School District shall not seek or enforce any judgment against the Debtors. Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or

assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

8. The School District shall dismiss with prejudice all monetary claims to the extent provided in paragraph 1.iii. of this Stipulation and Order.

9. The School District is hereby deemed to have withdrawn with prejudice the School District's Plan Objections.

10. The School District is hereby deemed to have (i) withdrawn with prejudice all of its voting ballots submitted as to the Plan; and (ii) opted out of the third party releases set forth in Section 15.9(b) of the Plan.

11. The School District is hereby deemed to have withdrawn with prejudice all of the School District's Cure Objections, with the exception of its objections to assumption and assignment of the EDA Agreement (asserted in the School District's Cure Objections, as well as in the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (ECF No. 3783)).

12. The School District is hereby deemed to have withdrawn with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor.

13. The School District is hereby deemed to have released with prejudice all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust.

14. The Debtors are hereby deemed to have relinquished any right, claim or interest they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds and any subsequent years' EDA Funds.

9

15. The School District and the Debtors, on behalf of themselves and their past, present, and future officers, directors, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other, as well as their past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of them from the beginning of the world to the date hereof, which arise out of, relate to, or are based upon Sears' entitlement to receive 2017 EDA Funds either in whole or in part, including any claims arising under section 362 of the Bankruptcy Code. The language of this paragraph shall apply only as consistent with this Stipulation and Order.

16. Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability to the limited extent of any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from,

10

out of or in any way related to the Village's compliance with this Stipulation and Order. Notwithstanding anything herein to the contrary, nothing in this Stipulation and Order is intended to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village or any other party (other than the Debtors) may have related to the distribution and receipt of the EDA Funds and/or the compliance and/or non-compliance with the EDA Act or EDA Agreement in any year other than as expressly provided herein in respect of the 2017 EDA Funds.

17. For avoidance of doubt, nothing herein, including the distributions of the 2017 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or the School District's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions for summary judgment pending before the Circuit Court in connection with the Illinois Action, or (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement.

18. Notwithstanding anything to the contrary, nothing in this Stipulation and Order, including, without limitation, the School District's withdrawal with prejudice of any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, is intended or shall be construed to (i) waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform Holdco LLC, Transform SR Holding Management, LLC, TF Hoffman Estates IL,

LLC, or any other third party may have with respect to the Debtors' compliance with the EDA Act and/or EDA Agreement, disbursements of the 2018 EDA Funds or any subsequent years' EDA Funds, as well as any cure claims that might be asserted arising under, or the Debtors' ability to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, or (ii) constitute any finding or determination as to whether any defaults exist under the EDA Agreement with respect to property taxes levied in tax years prior to 2017. Further, nothing in this Stipulation and Order is intended to or shall be construed to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions of any third-parties, including the Debtors' assignee to the EDA Agreement, as to the impact of the releases negotiated by and among the parties herein. Further, nothing in this Stipulation and Order shall waive, extinguish, or otherwise release the rights, if any, of Debtors' assignee to the EDA Agreement, as applicable, to EDA Funds levied for tax year 2018 or for any subsequent years.

19. In withdrawing with prejudice any complaint, claim, motion, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, in dismissing with prejudice all claims against SHC asserted in the Illinois Action, and in releasing all claims to EDA Funds consisting of property taxes levied prior to 2017 to the extent provided herein, the School District will not be deemed to have admitted that, nor will the Court be deemed to have made a finding with respect to: (i) the issue of whether the Village, SHC, or any other Debtor, to the extent relevant, have complied with the terms and conditions of the EDA Act and/or the EDA Agreement; (ii) the issue of whether the School District or other parties have valid cure claims

12

under section 365 of the Bankruptcy Code; or (iii) whether the Debtors are entitled to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

20.  Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

21.  This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

22.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

23.  To the extent there is any inconsistency with the Plan, this Stipulation and Order shall supersede and govern.

24.  The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

(Signature page follows)

**CONSENTED AND AGREED TO:**

| VILLAGE OF HOFFMAN ESTATES | DEBTORS AND DEBTORS IN POSSESSION |
|---|---|
| By:_/s/_Michael Schein_____ | By:_/s/ _Sunny Singh_____ |
| One of its Attorneys | One of Their Attorneys |
| | |
| Michael Schein | Ray C. Schrock, P.C. |
| Joshua Dunn | Jared R. Friedmann |
| Vedder Price P.C. | Sunny Singh |
| 1633 Broadway, 31st Floor | Jessie B. Mishkin |
| New York, New York 10019 | Weil, Gotshal & Manges LLP |
| (212) 407-7700 (telephone) | 767 Fifth Avenue |
| (212) 407-7799 (facsimile) | New York, New York 10153 |
| | (212) 310-8000 (telephone) |
| | (212) 310-8007 (facsimile) |

COMMUNITY UNIT SCHOOL DISTRICT 300

By:_/s/ _Kenneth Florey_____
One of its Attorneys

Kenneth Florey
Neal Smith
Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
(630) 929-3639 (telephone)
(630) 783-3231 (facsimile)


**SO ORDERED THIS**
23rd day of October, 2019
White Plains, New York

                                          /s/ Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE