DAVIDOFF HUTCHER & CITRON LLP

Hearing: November 20, 2019 at 10:00 a.m.

605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Brian C. Kochisarli, Esq. (bck@dhclegal.com)

*Attorneys for Orient Craft Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                    Chapter 11

SEARS HOLDING CORPORATION, *et al.*,                 Case No. 18-23538 (RDD)

                    Debtor.                                        (Jointly Administered)
------------------------------------------------------------X


## RESPONSE OF ORIENT CRAFT LIMITED IN OPPOSITION TO DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Orient Craft Limited ("Orient Craft"), by its attorneys, submits this response in

opposition to the Debtors' Tenth Omnibus Objection TO Proofs of Claim (To Reclassify Claims)

[Doc 5237] (the "Objection").

### PRELIMINARY STATEMENT

1.    The Court should follow the well-reasoned opinion of the Third Circuit Court of

Appeal which held that "receipt as used in 11 U.S.C. § 503(b)(9) requires physical possession by

the buyer or his agent," *In re World Imports*, 862 F.3d 338, 346 (3d Cir. 2017), and deny the

Objection.

2.    The Court should not create an unnecessary conflict between the Bankruptcy

Courts in the Southern District of New York and those in the Third Circuit. While the Debtors'

669007v.2

position may reduce allowed administrative claims of this administratively insolvent estate by approximately $30 million, that 'ends justifies the means' reasoning should not prevail with respect to the important issue now before the Court.

## BACKGROUND

3.     On October 15, 2018, (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Kmart Corporation and Sears, Roebuck and Co. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  The Debtors have remained in possession of their property and management their business as debtors-in-possession.

4.     Orient Craft is located in India and it supplied apparel goods to the Debtors.  See accompnaying *Declaration of Rajnish Mittal*, Assistant General Manager Finance of Orient Craft (the "Mittal Declaration") at ¶2.  These goods were manufactured in India and shipped by common carrier, FOB, to the United States.  *Id.* at ¶3.  It took approximately 30-days for the goods to arrive in the United States.  *Id.* at ¶4.  After the goods were unloaded, they were sent to a Sears' distribution center.  *Id.* at ¶5.  Orient Craft could stop its goods in transit at any time, before the Petition Date, until they were unloaded.  *Id.* at ¶6.

5.     Orient Craft filed filed two proofs of claim for goods believed to have been received by the Debtors within 20-days of the Petition Date, Claim Nos. 1135 and 1142, for $142,405 and $116,591.22, respectfully, as administrative claims under §503(b)(9) of the Bankruptcy Code.   See accompanying Declaration of David H. Wander, Esq. ("Wander Declaration") at Exhibits C and D; *Mittal Declaration,* ¶9.  However, the Debtors have sole possession and control of documents that should show the exact dates Orient Crafts' goods were received by the Debtors in the Unites States. *Mittal Declaration,* ¶ 10.

2

6.      Orient Craft considers the date of receipt to be the date the goods were unloaded in the United States or, shortly thereafter, when the goods were delivered to a Sears distribution center or warehouse, and <u>not</u> the date the goods were delivered to a common carrier at the port of origin.[1]

7.      Apparently, the Debtors agreed with Orient Craft's position when this case was filed. Specifically, one of the first-day motions by the Debtors was the Motion of Debtors For Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business [Doc 14] (the "<u>Shipping Motion</u>"). *See Wander Dec.*, Ex. A.

8.      In the Shipping Motion, the Debtors sought to "(iii) grant[] administrative priority status to all undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business." *Shipping Motion,* ¶5. According to the Debtors, "[p]rior to the Commencement Date, and in the ordinary course of business, the Debtors ordered approximately $162 million in Merchandise from suppliers and vendors that will not be delivered until on or after the Commencement Date (the "Prepetition Orders"). Id. at ¶19. This $162 million in Merchandise is believed to include goods from foreign vendors delivered to a common carrier at the port of origin during the 20-day period before the commencement of this cases. *Wander Dec.,* ¶¶6-9. Before the Debtors were

---

[1] The Objection provides no information about the dates the Debtors contend they received Oriental Craft's goods. Because the Debtors have sole possession and control of documents that should show the exact dates Oriental Crafts' goods were delivered to the port of original, as well as the dates those goods were unloaded in the United States, limited discovery should be afforded to Oriental Crafts on these issues.

3

669007v.2

concerned about administrative insolvency, they took the opposite position with the Court than the position they are now taking regarding the date of receipt of goods from foreign vendors such as Orient Crafts.[2]

## ARGUMENT

9.    Under § 503(b)(9), "there shall be allowed Administrative expenses ... including ... *the value of any goods* **received** *by the debtor within 20 days* before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9) (emphasis added).  Because the Bankruptcy Code does not define the term "received," *see* 11 U.S.C. §101, courts have routinely looked to the Uniform Commercial Code (the "UCC") for interpreting "receipt," including matters involving reclamation rights. *See e.g., Montello Oil Corp. v. Marin Motor Oil , Inc. (In re Marin Motor Oil, Inc.)* 740 F.2d 220, 223-26 (3d Cir. 1984) (holding that "receipt" under 11 U.S.C. § 546(c) has the same meaning as "receipt" in the U.C.C.); *In re Momenta, Inc.*, 455 B.R. 353, 359 (Bankr. D.N.H. 2011) (holding "the term 'received' in §546(c) is the equivalent of 'received' in the U.C.C., and the term 'received' in § 503(b)(9) shall be interpreted identically.").

10.    Courts addressing the issue at bar have found that "receipt" requires possession and that "possession ... occurs when the seller can no longer stop delivery and is left only with the remedy of reclamation." *In re ADI Liquidation,Inc.*, 572 B.R. 543, 548 (Bankr. D. Del. 2017); *see In re World Imports, Ltd.*, 862 F.3d at 346 ("receipt as used in 11 U.S.C. § 503(b)(9) requires physical possession by the buyer or his agent."); *In re O.W. Bunker Holdings N. Am. Inc.*, No. 14-51720, 2019 at WL 4025315, at *3 (Bankr. D. Conn. Aug. 26, 2019); *Ningbo*

---

[2] Six months later, the Debtors tried to walk back the clear, unambiguous language in the Shipping Motion and resulting Court order.  *See Wander Dec.*, ¶ 10 and Ex. B.  Accordingly, Oriental Crafts submits that the Court should authorize limited discovery relating to the Shipping Motion.

4

*Chenglu Paper Prod. Mfg. Co. v. Momenta, Inc.*, No. 11-CV 479-SM, 2012 WL 3765171, at *6

(D.N.H. Aug. 29, 2012) ("[T]he phrase 'received by the debtor' as used in Section 503(b)(9)

means: possessed by the debtor….").

11.    Relying on the lower courts in *World Imports*, the Debtors now argue that the

term "received" should be interepeted under the definitions used by the United Nations

Convention on Contracts for the International Sale of Goods ("CISG") and, accordingly, the term

"received" should be the date an import vendor delivers goods to the port of origin. *Objection,*

¶¶ 24-30.

12.    Notably, India is not a participant and has not ratified, accepted or approved the

CISG.[3]   Consequently, India is not a "Contract State" as defined by the CISG.  Therefore, Orient

Craft cannot be bound by the terms of the CISG or the definitions derived therefrom. For this

reason alone, the Debtor's objection to Orient Crafts administrative claims should be denied.

13.    There is no issue that "the fundamental purpose of section 503(b)(9) is to

encourage vendors to extend credit to debtors and to continue doing business with the debtors

during the ultra-critical twenty (20) day period leading up to a potential chapter 11 filing."

*Objection,* ¶15 (citations omitted).   The Debtors' position, if accepted by this Court, would

undermine the purpose of statute.

14.    First, the Debtor's position would create a conflict between the bankruptcy courts

in the Third Circuit and those in the Southern District of New York, the two venues where most

cases involving foreign vendors are filed.   With the additional uncertainty as to how the

bankruptcy courts might rule on §503(b)(9) claims, foreign vendors may be more inclined to

simply stop shipping goods to financially distressed companies in the United States.

---

[3] https://treaties.un.org/Pages/ViewDetails.aspx?src=TREATY&mtdsg_no=X-10&chapter=10&clang=_en (last
visited Oct. 22, 2019)

15.    And the Debtors position would result in the same pre-petition order of merchandise/post-petition delivery conundrum the Debtors found themselves in when this case was filed, because there appears to be little issue it usually takes more than 20-days for foreign goods to be shipped from the port of origin to a port in the United States.

16.    The weakness of the Debtors' argument is highlighted by the fact that, under their position, the goods that should receive administrative expense status under §503(b)(9) will be received by debtors post-petition while, domestic goods ordered prepetition but delivered to debtors post-petition will be considered unsecured claims.

## **CONCLUSION**

17.    The desire for the Debtors' estates to be administratively solvent should not determine the analysis.  We respectfully submit that the Court should follow the well-reasoned decision of the Third Circuit in *World Imports*.

18.    If, on the present record, this Court is not inclined to deny the Objection outright, as it pertains to Oriental Crafts' administrative claims, then Oriental Crafts should be authorized to engage in discovery, so as to be able to present a complete record on which the Court can then rule.

Dated: New York, New York
        October 22, 2019

                                DAVIDOFF HUTCHER & CITRON LLP

                                By:    /s/ David H. Wander
                                        David H. Wander
                                605 Third Avenue
                                New York, New York 10158
                                (212) 557-7200
                                dhw@dhclegal.com
                                *Attorneys for Orient Crafts Limited*

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Brian Kochisarli, Esq. (gk@dhclegal.com)
*Attorneys for Orient Craft Ltd.*

**Hearing Date and Time:**
November 20, 2019 at 10:00 am

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Chapter 11

SEARS HOLDING CORPORATION, *et al.*,                      Case No. 18-23538 (RDD)

                      Debtor.                             (Jointly Administered)
-------------------------------------------------------------X


### DECLARATION BY DAVID H. WANDER, ESQ. IN SUPPORT OF ORIENT CRAFT LTD'S (I) OPPOSITION TO THE DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS AND THE OBJECTION TO CLAIM NOS. 1135 AND 1142 FILED BY ORIENT CRAFT LTD AS AN ADMINISTRATIVE CLAIM UNDER § 503(b)(9) OF THE BANKRUPTCY CODE, AND (II) REQUEST FOR DISCOVERY

DAVID H. WANDER, declares under 28 U.S.C. §1746:

1.          I am counsel for Orient Craft Ltd ("Orient Craft")and I submit this declaration in Orient Craft's (i) opposition to the Debtors' tenth omnibus objection to claims and the objection to claim nos. 1135 and 1142 filed by Orient Craft, as administrative claims, under § 503(b)(9) of the Bankruptcy Code, and (ii) request for discovery.

2.          The sole basis for the Debtors' objection to Orient Craft's administrative claims is their argument that Sears and Kmart received the goods, in India, from where they were shipped, more than 20-days before the commencement of this case on October 15, 2018.

3.          However, upon information and belief, the Debtors took the opposite position, when this case was filed and before the Debtors were concerned about administrative insolvency.

669368v.1

Specifically, the Debtors considered the delivery of goods in the United States, from foreign vendors to Sears and Kmart, to be the dates the Debtors "received" those goods.

4.      Annexed as **Exhibit A** is the Motion of Debtors For Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business [Doc 14] (the "<u>Shipping Motion</u>").

5.      In the Shipping Motion, the Debtors sought to "(iii) grant[] administrative priority status to all undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business." *Shipping Motion,* ¶*5.*

6.      According to the Debtors, "[p]rior to the Commencement Date, and in the ordinary course of business, the Debtors ordered approximately $162 million in Merchandise from suppliers and vendors that will not be delivered until on or after the Commencement Date (the "Prepetition Orders"). Id. at ¶19. Upon information and belief, this $162 million in Merchandise included goods from foreign vendors delivered to a common carrier at the port of origin during the 20-day period before the commencement of this cases.

7.      According to the Debtors, "because the Debtors' obligations under the Prepetition Orders arose prior to the Commencement Date, such obligations will be treated as general unsecured claims in these Chapter 11 Cases." *Id.* However, had the Debtors taken the position then, regarding the date of "receipt" of goods, that they are now taking then much, if not most, of the $162 million in Merchandise should have been entitled to a §503(b)(9) administrative claim.

2

8.      Assuming the shipment of goods by foreign vendors takes 30-days, and assuming that the same value of goods were delivered each day to a common carrier at the port of origin during the 30-day period before the Commencement Date, then $108 million out of the $162 million in Merchandise would have been entitled to a §503(b)(9) administrative claim.

9.      Notably, the Debtors contrasted the need for an administrative expense for the $162 million in Merchandise ordered pre-petition and delivered post-petition, with the §503(b) administrative expense priority given to Merchandise delivered "within 20 days prior to" the Commencement Date. *Id.* at 20.

10.     Six months later, when the Debtors were very concerned about administrative insolvency and a foreign vendor cited the Order entered by the Court on the Shipping Motion to support a motion for a § 503(b)(1) administrative claim for pre-petition goods delivered post-petition, the Debtor argued that the $162 million in Merchandise included none of the foreign vendor's goods:

> The purpose of the comfort language in paragraph eight of the Final Shipping Order was to give assurance to vendors operating under prepetition contracts *who had not completed performance as of the Petition Date* that they would be provide with an Administrative Claim for completing performance and delivering goods to the Debtors after the Petition Date. The Debtors wanted this comfort language placed into the Final Shipping Order to assure parties *who had not yet begun or not yet completed performance of their obligations*, that they would be compensated on a postpetition basis in the ordinary course of business. Paragraph eight was never intended to provide an Administrative Claim to Winners and other vendors *who had already completed performance* and satisfied their obligations to the Debtors.

*Debtors' Objection to Winners Industry Co., Ltd's Motion for Allowance and Payment of Administrative Claim [Doc 2839]* at ¶17 (emphasis added). See **Exhibit B**. Upon information

3

and belief, the sole reason the Debtors took this position is because they determined they could reduce the allowed administrative expenses by at least $30 million.

11.     Because I had doubts about the veracity of this statement, I issued a subpoena *duces tecum* to the Debtors, on behalf of another client with the same issue, requesting the production of documents showing the goods intended to be included in the $162 million of Merchandise in the Shipping Motion.    However, the Debtors refused to produce these documents.

12.     Accordingly, discovery is needed for the Court to have a proper record in which to rule on the Debtors' objection to Orient Craft's administrative claims.

13.     Annexed as **Exhibits C and D** are Claim Nos. 1135 and 1142, respectively, filed by Orient Craft.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of October, 2019.

/s/ David H. Wander
David Wander

4

669368v.1

# EXHIBIT - A

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | |
| | : | **Case No. 18-_____ (RDD)** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** |

-------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## MOTION OF DEBTORS FOR INTERIM
## AND FINAL AUTHORITY TO (I) PAY PREPETITION
## CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-
## MERCHANDISE LIEN CLAIMANTS AND (B) HOLDERS OF PACA/PASA CLAIMS,
## AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR
## PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION,
## AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent in support of this motion (the "**Motion**"):

### Background

1. On the date hereof (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for*

2

*Southern District of New York*, sworn to on the date hereof (the "**Riecker Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.

## Jurisdiction

4.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.    By this Motion, the Debtors request, pursuant to sections 105(a), 363, and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, approval of interim and final orders (i) authorizing, but not directing them, to pay (a) Shipping and Warehousing Charges, (b) Non-Merchandise Lien Claims, and (c) PACA/PASA Claims (each as defined herein), and (ii) granting administrative priority status to all undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business.

6.    A proposed form of order granting the relief requested in the Motion on an interim basis is annexed hereto as **Exhibit A** (the "**Proposed Interim Order**").

## The Debtors' Supply Chain and the Shippers

7.    The Debtors operate a national network of stores under the "Sears" and "Kmart" banners, which consists of approximately 687 full-line and specialty retail stores

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

WEIL:\96759237\1\73217.0003

located throughout the United States (the "**Stores**"). In addition, the Debtors operate a number of websites under the "sears.com" and "kmart.com" banners, which offer millions of products to be purchased by customers through cross-channel transactions. It is essential that the Debtors ensure their Stores are continuously replenished with a supply of goods and merchandise that have been advertised for sale and that their customers expect for purchase, including, but not limited to, consumer electronics, seasonal merchandise, outdoor living, toys, lawn and garden equipment, food and consumables, apparel, major appliances, tools, automotive products, fashion, footwear, jewelry, and various other products (the "**Merchandise**"). Without this core Merchandise, the Debtors' business would suffer greatly.

## A.    Shippers and Warehousemen

8.    The Debtors rely on various third-party services to transport and store Merchandise (collectively, the "**Shippers and Warehousemen**") to and from the Debtors' Stores and their various warehouses, distribution centers, and other storage locations (collectively, the "**Warehouses**"). The Debtors maintain the flow of Merchandise in several ways:

- *Delivery Carriers.* The Debtors rely on a myriad of heavy load delivery carriers to pick up Merchandise from the Debtors' various Warehouses and Stores and deliver these goods and products directly to their customers. These carriers are critical for the Debtors to fulfill their commitments to, and retain the goodwill of, their customers.

- *Domestic Truckload Carriers.* Domestic truckload carriers (sometimes referred to as OTRs) pick up and deliver Merchandise from vendors to the Warehouses and other distribution centers and/or from the Warehouses and distribution centers to their Stores. As these carriers are directly responsible for delivery of product and Merchandise they are critically necessary for the Debtors to generate sales.

- *Domestic Intermodals.* The Debtors rely on railroads and other intermodal freight transportation providers to transport Merchandise from vendors or port locations to the Debtors' Merchandise Warehouses.

4

- *Ocean Shippers*. The Debtors rely on various ocean shippers to carry Merchandise from overseas vendors and suppliers to various port locations where they are then transported by other means of shipment on to Stores and Warehouses.

9.    In the event that the Debtors fail to reimburse the Shippers and Warehousemen for charges incurred in connection with the transport and storage of the Merchandise, various state laws may permit the Shippers and Warehousemen to assert statutory liens against Merchandise in their possession that is the subject of any delinquent charges, securing such charges and potentially blocking the Debtors' access to the transported Merchandise.[3]    To date, shipments have been halted for over 200 vendors, which has had an estimated $100 million impact on the Debtors' available liquidity.    In addition, the Debtors have received multiple termination letters from carrier and demands for payments with threats to discontinue services if payment is not made.    Certain vendors have attempted to retrieve merchandise already delivered to the Warehouses, while other vendors have ceased performing services completely.

10.    Thus, to maintain access to Merchandise that is essential to the continued viability of the Debtors' retail operations and preserve the value of the Merchandise, the Debtors seek authority to honor outstanding invoices related to shipping services provided by the Shippers and Warehousemen to the Debtors prior to the Commencement Date (collectively, the **"Shipping and Warehousing Charges"**).    The Debtors estimate that, as of the Commencement Date, there are approximately $16.7 million of Shipping and Warehousing Charges outstanding,

---

[3] For example, Michigan's Uniform Commercial Code provides, in pertinent part, that a "carrier has a lien on the goods covered by a bill of lading for charges or subsequent to the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law." Mich. Comp. Laws § 440.7307.

WEIL:\96759237\1\73217.0003

approximately $15.8 million of which will come due and owing within the first thirty (30) days of the chapter 11 cases.

### Non-Merchandise Lien Claimants

11.    The Debtors regularly make improvements and repairs to their property (including their Stores and Warehouses) and the equipment that the Debtors use in the operation of their business, including electrical systems, plumbing, elevator and escalator systems, Merchandise sorting machines, computer equipment, refrigeration equipment, and various other types of equipment.    To do so, the Debtors contract with a number of third party service providers (collectively, the "**Non-Merchandise Lien Claimants**" and, together with the Shippers and Warehousemen, the "**Lien Claimants**" or "**Contractors**").

12.    Absent payment of their prepetition claims, the Non-Merchandise Lien Claimants could potentially assert liens under applicable state law, including mechanic's liens, artisan's liens, and materialman's liens against the Debtors' property for amounts the Debtors owe to these third parties (collectively, the "**Non-Merchandise Lien Claims**" and, together with the Shipping and Warehousing Charges, the "**Lien Claims**").[4]  If the Debtors are unable to pay the Non-Merchandise Lien Claims, the Debtors risk losing access to equipment and other property that is critical to the continued operation of their business.  For example, the Debtors spend an average of approximately $271,000 per month on costs relating to forklift repairs and rentals, all of which is subject to mechanics liens in the event of non-payment by the Debtors.  In total, the Debtors pay approximately $2.3 million in Non-Merchandise Lien Claims per month. Pursuant to section 362(b)(3) of the Bankruptcy Code, the act of perfecting such a lien, to the

---

[4] For example, Illinois' Uniform Commercial Code provides, in pertinent part, for a possessory lien "(1) which secures payment or performance of an obligation for services or materials furnished with respect to goods by a person in the ordinary course of the person's business; (2) which is created by statute or rule of law in favor of the person; and (3) whose effectiveness depends on the person's possession of the goods." Ill. Comm. Code 5/9-333.

WEIL:\96759237\1\73217.0003

extent consistent with section 546(b) of the Bankruptcy Code, is expressly excluded from the automatic stay.[5]

13.    Accordingly, the Debtors seek authority to pay and discharge, on a case-by-case basis, Non-Merchandise Lien Claims that the Debtors believe have created, or could give rise to, a lien against the Debtors' property or equipment, regardless of whether such Non-Merchandise Lien Claimants have already perfected their interests.  The relief request herein includes authority to remit such payments to the Contractors for their services as well as to Contractors on behalf of any of their subcontractors' work, and to pay the Contractor's administrative fees, if applicable.  The Debtors will include a summary of any Non-Merchandise Lien Claims paid pursuant to the relief requested herein in the Critical Vendor Matrix (as defined in the Critical Vendors Motion).

14.    The Debtors request authorization to pay any Non-Merchandise Lien Claims that come due and payable within thirty (30) days after the Commencement Date and throughout these chapter 11 cases in the ordinary course of business.

## PACA/PASA Claims

15.    Many of the Kmart Stores carry groceries. To maintain the goodwill of the Debtors' customer base, which benefits from access to fresh fruits, produce, meats, and poultry in such Stores, it is critical that the Debtors preserve the ability to source such Merchandise.

16.    The Debtors believe that a certain portion of the Merchandise sold in the Stores may qualify as "perishable agricultural commodit[ies]" under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a *et seq.* ("**PACA**").  PACA's definition of "perishable agricultural commodity" generally includes "fresh fruits and fresh vegetables of

---

[5] Under section 546(b), a debtor's lien avoidance powers "are subject to any generally applicable law that . . . permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection . . . ." 11 U.S.C. § 546(b)(1)(A).

WEIL:\96759237\1\73217.0003

every kind and character [whether or not frozen or packed in ice]." 7 U.S.C § 499a(b)(4). Under PACA, eligible produce suppliers and their agents (the "**PACA Claimants**") are the beneficiaries of a statutory trust (the "**PACA Trust**") in all of the buyer's perishable agricultural commodity inventory or other derivatives of perishable agricultural commodities, the products derived therefrom, and the proceeds related to any sale of the commodities or products (collectively, the "**PACA Trust Assets**"). *See* 7 U.S.C. § 499e(c)(2). PACA Trust Assets are preserved as a non-segregated floating trust and may be commingled with non-trust assets. PACA Trust Assets are not property of a debtor's estate. *In re Kornblum & Co.*, 81 F.3d 280, 284 (2d Cir. 1995).

17.    Similarly, certain of the Debtors' suppliers (the "**PASA Claimants**" and, together with the PACA Claimants, the "**PACA/PASA Claimants**") may be eligible to assert claims under the Packers and Stockyards Act of 1921 as amended, 7 U.S.C. § 181 *et seq.* ("**PASA**"), which prescribes the conditions of operations for businesses dealing in livestock and poultry. PASA creates a statutory trust (the "**PASA Trust**" and, together with the PACA Trust, the "**Statutory Trusts**") scheme which is virtually identical to PACA in respect of delivery of livestock, meat products and related products, products derived therefrom, and the proceeds related to the sale of such commodities or products (collectively, the "**PASA Trust Assets**" and, together with the PACA Trust Assets, the "**Trust Assets**"). *See In re W.L. Bradley Co.*, 75 B.R. 505, 509 (Bankr. E.D. Pa. 1987) ("The Legislative history expressly notes that the [PACA Trust] was modeled on the trust amendment to the Packers and Stockyards Act.").

18.    The PACA/PASA Claimants may be eligible to assert potential claims under the respective statutes for outstanding payments owed on account of applicable Merchandise (collectively, the "**PACA/PASA Claims**"). The Debtors estimate that

8

PACA/PASA Claimants hold approximately $1 million in unpaid claims as of the Commencement Date.[6] Because the PACA/PASA Claimants may impose a Statutory Trust on certain of the Merchandise and thereby obtain priority ahead of all other secured and unsecured creditors of the Debtors' estates, payment of valid PACA/PASA Claims will not prejudice or affect the amount available for distributions to the Debtors' other creditors. Accordingly, the Debtors seek authority to pay PACA/PASA Claims in the ordinary course of business, pursuant to the terms of any contracts under which such claims arose. The Debtors will include a summary of any PACA/PASA Claims paid pursuant to the relief requested herein in the Critical Vendor Matrix (as defined in the Critical Vendors Motion).

### Prepetition Orders

19.    Prior to the Commencement Date, and in the ordinary course of business, the Debtors ordered approximately $162 million in Merchandise from suppliers and vendors that will not be delivered until on or after the Commencement Date (the "**Prepetition Orders**"). These suppliers and vendors may be concerned that, because the Debtors' obligations under the Prepetition Orders arose prior to the Commencement Date, such obligations will be treated as general unsecured claims in these Chapter 11 Cases. Accordingly, certain vendors may refuse to provide goods to the Debtors (or may recall shipments thereof) purchased pursuant to the Prepetition Orders unless the Debtors issue substitute purchase orders postpetition or obtain an order of the Court providing that all undisputed obligations of the Debtors arising from the postpetition delivery of goods subject to Prepetition Orders are afforded administrative expense priority status under section 503(b) of the Bankruptcy Code.

---

[6] Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim against the Debtors is a PACA/PASA Claim; or (v) the assumption of any contract.

9

20.     To prevent any disruption to the Debtors' retail operations, and given that Merchandise delivered on, within 20 days prior to, and after the Commencement Date is afforded administrative expense priority under section 503(b) of the Bankruptcy Code, the Debtors seek an order confirming administrative expense priority under section 503(b) of the Bankruptcy Code to all undisputed Prepetition Orders and authorizing the Debtors to satisfy such obligations in the ordinary course of business.

## The Relief Requested Should Be Granted

### A.    Payment of Prepetition Lien Claims Is in the Best Interest of the Debtors' Estates and Warranted Under the Doctrine of Necessity

21.     The Court may grant the relief requested herein pursuant to section 363 of the Bankruptcy Code.  Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under section 363 of the Bankruptcy Code, a court may authorize a debtor to pay certain prepetition claims where a sound business purpose exists for doing so.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (finding that there must be a sound business justification to justify payment of prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 of the Bankruptcy Code to allow contractor to pay prepetition claims of suppliers).

22.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an

10

WEIL:\96759237\1\73217.0003

operating business' going-concern value,'" on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee."). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see Ionosphere Clubs*, 98 B.R. at 175 (applying section 105(a) to justify an order authorizing the payment of certain prepetition wages, salaries, medical benefits, and business expense claims to debtor's employees); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims).

23.    In a long line of well-established cases, courts consistently have permitted payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of the continuance of [crucial] business relations"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied* 325 U.S. 873 (1945); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

11

24.     This "doctrine of necessity" functions in a chapter 11 reorganization as a mechanism by which the Court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees . . . to pay claims . . . [for] goods or services indispensably necessary" to debtors' continued operation); *In re Structurlite Plastics Corp.*, 86 B.R. 922, 932 (Bankr. S.D. Ohio 1988) ("[A] *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code."). The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11 – "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

25.     This flexible approach is particularly critical where prepetition creditors— here, the Shippers, Warehousemen, and Non-Merchandise Lien Claimants—provide vital services to a debtor that would be unavailable if the debtor did not satisfy its prepetition obligations. Paying the Lien Claimants will benefit the Debtors' estates and their creditors by allowing the Debtors' business operations to continue without interruption. The Lien Claimants may be unwilling to release the Merchandise or other property in their possession, because releasing possession of those items may convert their claims against the Debtors from secured to unsecured. As set forth above, in the two weeks leading up to the Commencement Date, more than 200 vendors refused to ship Merchandise to the Debtors, which had a negative impact on the Debtors' liquidity of approximately $100 million. Therefore, unless the Court authorizes the Debtors to pay the Lien Claimants, it is unlikely the Debtors will continue to have access to the Merchandise in the possession of the Lien Claimants. If the Lien Claimants possess lien rights

WEIL:\96759237\1\73217.0003

or have the ability to exercise "self-help" remedies to secure payment of their claims, failure to satisfy the Lien Claimants' claims could have a material adverse effect on the Debtors' retail business operations to the detriment of the Debtors' creditors.

26.    Further, the Debtors propose to take steps to ensure that (i) any payments to Lien Claimants under the authority requested herein actually result in continued supply of vital Merchandise and result in the Debtors' continued use and possession of critical property and equipment, and that (ii) any such payments are minimized. The Debtors propose, in their sole discretion, to negotiate new credit terms with any Lien Claimant as a condition to payment of any such claim. Likewise, the Debtors, in their sole discretion, propose to condition payment of Lien Claims on the agreement of such Lien Claimants to continue supplying goods and services to the Debtors on the same credit terms given to them prior to the Commencement Date or upon new credit terms (to the extent agreed to by the Debtors and the applicable Lien Claimant, the "**Agreed Terms**"). Further, the Debtors propose to undertake appropriate efforts to cause the Lien Claimants to acknowledge in writing that payment of their respective claims is so conditioned.

27.    To the extent a Lien Claimant fails to comply with the Agreed Terms, the Debtors propose, in their sole discretion, to (i) cause any payment made to such Lien Claimant on account of its asserted lien claim to be deemed to have been in payment of then outstanding postpetition obligations owed to the Lien Claimant, and to (ii) require the Lien Claimant to immediately repay to the Debtors any payment made to it on account of its asserted lien claim to the extent the aggregate amount of such payment exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

13

28.    Accordingly, the Debtors submit that the proposed relief with respect to the Lien Claims is warranted in these chapter 11 cases.

**B.    The Payment of PACA/PASA Claims is in the Best Interests of the Debtors' Businesses and their Estates and Does Not Adversely Affect Any Parties in Interest**

29.    The prompt and full payment of PACA/PASA Claims should be authorized by the Court.    The disposition of Trust Assets is subject to the jurisdiction of the bankruptcy court. *See Monterey Mushrooms, Inc. v. Carolina Produce Distribs., Inc.*, 110 B.R. 207, 209 (W.D.N.C. 1990); *Allied Growers Co-Op, Inc. v. United Fruit and Produce Co.*, 86 B.R. 14, 16 (Bankr. D. Conn. 1988).    Assets governed by PACA or PASA, however, do not constitute property of the Debtors' estates. *See In re Kornblum & Co.*, 81 F.3d 280, 284 (2nd Cir. 1995); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993).    As a result, the distribution of assets to the PACA/PASA Claimants falls outside the priority scheme of the Bankruptcy Code, and the PACA/PASA Claimants holding PACA/PASA Claims are, thus, entitled to payment from the respective Statutory Trust ahead of the Debtors' other creditors. *See, e.g., In re Magic Rests., Inc.*, 205 F.3d 108, 110 (3d Cir. 2000); *Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1377-78 (3d Cir. 1994). Accordingly, the requested relief does not prejudice the Debtors' creditors.    In fact, payment made to PACA/PASA Claimants on account of PACA/PASA Claims is consistent with the intent of PACA and PASA and, moreover, will inure to the benefit of the Debtors and all parties in interest by (i) facilitating the continued purchase and receipt of fresh produce and other products and (ii) avoiding potential disruption to the Debtors' business operations.

30.    Notably, in certain circumstances, shareholders, officers, or directors of a corporate entity who are in a position to control trust assets but breach the fiduciary duty to preserve those assets may be held personally liable under PACA or PASA, as applicable. *See*

14

*Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997); *see also Goldman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000). Thus, to the extent that any valid obligations arising under PACA or PASA remain unsatisfied by the Debtors, the Debtors' officers and directors may be subject to lawsuits during the pendency of these chapter 11 cases. Any such lawsuit (and the ensuing potential liability) would distract the Debtors and their officers and directors from administering the Debtors' estates and, moreover, could lead to the assertion of substantial indemnification claims under the Debtors' governing documents, employment agreements, and applicable laws.

31.     Finally, payment of PACA/PASA Claims will inure to the benefit of the Debtors' estates by preserving goodwill between the Debtors and certain of the vendors of fresh produce and meat and poultry products. Without the relief requested herein, the Debtors could be subject to numerous claims, adversary proceedings, and motions, including motions by PACA/PASA Claimants for relief from the automatic stay and/or complaints for injunctive relief, which would result in the unnecessary expenditure of time, effort, and money by the Debtors.

C.     **The Obligations Owed Under the Prepetition Purchase Orders for Postpetition Goods and Services Are Administrative Expense Claims Under Section 503(b) of the Bankruptcy Code**

32.     Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate postpetition. 11 U.S.C. § 503(b)(1)(A); *see In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d. Cir. 1993) (holding that an obligation arising from the postpetition performance relating to a prepetition transaction is entitled to administrative expense priority) *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503 a claimant must

15

provide a postpetition benefit to the estate). Additionally, under section 363 of the Bankruptcy Code, the Debtors can continue to operate in the ordinary course of business including honoring postpetition obligations under Prepetition Orders without prior court approval.

33.    Accordingly, granting the relief sought herein with respect to the Prepetition Orders will not provide the Vendors with any greater priority than they would otherwise be entitled to, and will not prejudice any part in interest. Absent such relief, the Debtors may be required to expend substantial time and effort reissuing the Prepetition Orders to provide their vendors with assurance of administrative priority. This disruption to the continuous flow of goods and services to the Debtors would seriously impact the Debtors' ability to operate their business. Without the support of their vendors, the Debtors will incur significant costs and lose valuable business relationships to the detriment of all parties in interest. Therefore, the obligations owed under the Prepetition Orders relating to goods delivered postpetition should be explicitly granted administrative expense status.

## **Reservation of Rights**

34.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

16

## The Debtors Have Satisfied Bankruptcy Rule 6003(b)

35.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. Fed. R. Bankr. P. 6003(b). As described above, payment of the Lien Claims, Prepetition Orders, and PACA/PASA Claims is integral to the Debtors' operations and is necessary to maintain the Debtors' operations, as well as the confidence and goodwill of the Debtors' customer base. Failure to implement the relief with respect to the Lien Claimants, Prepetition Orders, and PACA/PASA Claimants during the first 21 days of these chapter 11 cases will jeopardize value for the Debtors' estates and creditors. Moreover, it is the Debtors' business judgment that continuation of their positive relationship with the Lien Claimants and PACA/PASA Claimants is imperative to their continued operations. Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm and, therefore, Bankruptcy Rule 6003(b) is satisfied.

## Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)

36.     To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above and in the Riecker Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and stay apply.

17

## Notice

37.    Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; and (xiii) the United States Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

18

38.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of interim and final orders granting the relief requested herein and such other and further relief as is just.

Dated: October 15, 2018
    New York, New York

/s/ Ray C. Schrock P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

WEIL:\96759237\1\73217.0003

**Exhibit A**

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :       Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :       Case No. 18-_____ (RDD)
                                                            :
                            Debtors.[1]                     :       (Jointly Administered)
                                                            :
------------------------------------------------------------x

## INTERIM ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-MERCHANDISE LIEN CLAIMANTS AND (B) HOLDERS OF PACA/PASA CLAIMS, AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION, AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**") of Sears Holdings Corporation and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105(a), 363, and 503 of title 11 of the United

States Code (the "**Bankruptcy Code**"), for entry of interim and final orders (i) authorizing but

not directing them to pay (a) Shipping and Warehousing Charges, (b) Non-Merchandise Lien

Claims, and (c) PACA/PASA Claims, and (ii) granting administrative priority status to all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis on October 15, 2018 (the "**Interim Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, and the record of the Interim Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and their estates after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth herein.

2

2.      The Debtors are authorized, but not directed, to pay the prepetition Lien
Claims; *provided that*, the Debtors are authorized, but not directed, to pay only amounts due and
payable as of the Commencement Date and amounts that are or become due and payable
between the Commencement Date and the date that a final order on the Motion is entered, unless
otherwise ordered by the Court.

3.      The Debtors, in their sole discretion, shall undertake appropriate efforts to
cause the Lien Claimants to acknowledge in writing that payment of their respective Lien Claims
is conditioned upon such Lien Claimant continuing to supply services to the Debtors on terms
that, at a minimum, such Lien Claimant provided to the Debtors on a historical basis prior to the
Commencement Date, or such other trade practices and programs that are at least as favorable to
the Debtors as those in effect during such time, and the Debtors reserve the right to negotiate
new trade terms with any Lien Claimant as a condition to payment of any such claim.

4.      The Debtors may condition, in their sole discretion, payment of Lien
Claims on the agreement of such Lien Claimants to continue supplying goods and services to the
Debtors on the same trade terms given to them prior to the Commencement Date or upon new
trade terms (to the extent agreed to by the Debtors and the applicable Lien Claimant,
the "**Agreed Terms**").

5.      To the extent a Lien Claimant fails to comply with the Agreed Terms, the
Debtors may, in their sole discretion, (i) cause (a) any payment made to such Lien Claimant on
account of its asserted lien claim to be deemed to have been in payment of then outstanding
postpetition obligations owed to the Lien Claimant and (b) the Lien Claimant shall be required to
immediately repay to the Debtors any payment made to it on account of its asserted lien claim to
the extent the aggregate amount of such payments exceeds the postpetition obligations then

3

outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

6.    Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

7.    The Debtors are hereby directed to pay PACA/PASA Claims in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

8.    All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

9.    Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

10.    Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities

4

WEIL:\96759237\1\73217.0003

(collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

11.    To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

12.    Nothing contained in the Motion or this Interim Order nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

13.    Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14.    The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15.    Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16.    Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

5

17.     This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that*, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

18.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

19.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

20.     The Final Hearing on the Motion shall be held on _____, 2018, at _____ **(Prevailing Eastern Time)**, and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); and (iii) counsel for the DIP ABL Agent, with a copy to the Court's chambers, in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on** _____, **2018**.

Dated: _____, 2018
              White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT - B

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :    **Case No. 18-23538 (RDD)**
                                                            :
          Debtors.[1]                                       :    **(Jointly Administered)**
                                                            :
                                                            :
                                                            :
------------------------------------------------------------x

**DEBTORS' OBJECTION TO WINNERS INDUSTRY CO., LTD'S**
**MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this objection (the "**Objection**") to the *Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims* [ECF No. 1386] (the "**Motion**").[2]

## The Motion Should be Denied

**A.      Winners' Requested Relief is Premature.**

1.      Winners Industry Co., Ltd. ("**Winners**")  claims it is entitled to an administrative expense claim under section 503(b)(1) of the Bankruptcy Code (an "**Administrative Claim**") and a priority claim under section 503(b)(9) of the Bankruptcy Code (a "**503(b)(9) Claim**").  Pursuant to paragraph twenty (20) of the *Order (I) Establishing Deadline To File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant To 11 U.S.C. § 503(B)(9), and (IV) Prohibiting Vendors From Pursuing Such Claims Outside the Procedures* [ECF No. 2676] (the "**Bar Date Order**"), all motions seeking a determination and/or payment with respect to 503(b)(9) Claims are adjourned to at least sixty days following the April 10, 2019 general bar date (the "**Bar Date**").  Given that the Motion seeks a determination with respect to a 503(b)(9) Claim, the Debtors requested that Winners adjourn their Motion to the May or June omnibus hearing in accordance with the Bar Date Order.  An adjournment will allow the parties to consider the Motion, potentially negotiate a resolution, or more fully address the relief requested.  Winners refused to adjourn the Motion, and insisted on proceeding with respect to its request for an Administrative Claim to create a contested matter and allow it to serve discovery against the Debtors.

---

[2] Terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

2.    The request for a determination of allowance of claims so soon following the commencement of these Chapter 11 Cases is entirely premature and ignores the fundamental principle of chapter 11—to give the Debtors' a breathing spell to stabilize and operate their business and formulate a chapter 11 plan. Winners wishes to jump ahead of other creditors, ignore the Court's prior commentary on reconciliation and allowance of administrative and priority claims, and compel an immediate determination and payment of their claim. As the Court is aware, upon the recent consummation of the Court-approved sale of the Debtors' businesses, the Debtors' liabilities to hundreds of thousands of customers for, among other things, protection agreements, home warranties, gift cards, and Shop Your Way-related liabilities were assumed by Transform Holdco LLC (the "**Buyer**") pursuant to that certain Asset Purchase Agreement, dated as of January 17, 2019 (the "**APA**"). Additional liabilities for general unsecured, priority, and administrative claims were assumed and are to be paid by the Buyer pursuant to the APA. Certain of Winners' claims may be assumed by the Buyer.

**B.    The Debtors Have Not Validated Winners' Claims.**

3.    Since, the closing of the Debtors' sale to the Buyer, the Debtors have been focused on transitioning the businesses and employees to the Buyer, identifying the unexpired leases and executory contracts that will be transferred to the Buyer, establishing an orderly means of resolving the claims through the Bar Date Order, and preparing a chapter 11 plan to wind down the Debtors' estates and close the Chapter 11 Cases.

4.    The Debtors have taken their cues from the Court at the December 20, 2018, hearing where the Court indicated its strong preference to have an orderly process for resolving 503(b)(9) Claims. *Hr'g Tr.* Dec. 20, 2018 at 45-46 ("I think it is important . . . on an orderly way to deal with [503(b)(9) Claims] so that no one is unduly rewarded for coming first or unduly prejudiced for not coming first."). The same principles of fairness and equality apply to alleged

3

unpaid Administrative Claims.  Parties who believe they have Administrative Claims are entitled to file Administrative Claims, and the Debtors will be entitled to object to any such claim in accordance with the procedures to be approved by the Court.  Claims that are filed and as to which no objection is asserted will be deemed allowed.  *See* 11 U.S.C. § 502(a).  Parties should not be encouraged to flood the Court with motions and attempt to set a timeframe for allowance of their particular claims.   The Debtors and their professionals are charged with reconciling and administering all claims of all parties in these mega cases.

5.    The Debtors have not had an opportunity to review the extensive material annexed to Winners' Motion.   Notably, the Motion attached over 350 pages of supporting documentation covering twenty-one (21) different shipments, over 150 invoices, and dozens of ship date and delivery dates.  As demonstrated by Winners' "summary spreadsheet" attached to the Motion, the information involves an extensive amount of detail that cannot be easily verified. Indeed, Winner's own position with respect to certain of its shipments still remains "undetermined."[3]  Accordingly, given the complexity associated with confirming over 350 pages of documents and over 150 invoices, the Debtors submit it would prejudicial to all the Debtors' stakeholders to consider the Winners Motion at this time.

---

[3] Moreover the data is not nearly as simple as Winners implies—Winners suggests that the delivery of their goods by a common carrier to a port in the United States is somehow indicative of when the Debtors physically received the goods in their distribution centers.  Even if this were relevant for purposes of an Administrative Claim, for each container or shipment listed by Winners there could be dozens of individual trucks delivering the goods to several of the Debtors' distribution centers—thereby multiplying the number of shipments to be reviewed.  Notably, these data points are only relevant if the Court accepts Winners' unsupported position that a claim is triggered under section 503(b)(1) not when a claim actually arose, but rather when a debtor receives goods.

4

**C.     Winners is Not Entitled to an Administrative Claim Under the Bankruptcy Code.**

6.    Winners' Motion (much like the motion of Milton Manufacturing LLC)[4] does not cite to a single case to support its theory of Administrative Claims.  Winners' position suggests that although Winners completed all of its obligations *prepetition*, transferred title to the goods it delivered *prepetition* and invoiced the Debtors' *prepetition*—Winners claim should be transformed into a *postpetition* Administrative Expense Claim because a common carrier delivered goods to the Debtors after the Petition Date.  The Bankruptcy Code and the case law does not support such a strained interpretation of section 503(b)(1).

7.    The question this Court must determine is when a claim arises for purposes of determining administrative priority under section 503(b)(1).  Consistent with longstanding bankruptcy law, the Debtors submit that Winners' claim arose when Winners completed its obligations under its purchase orders (the "**Purchase Orders**") and transferred title to the Debtors.  Without citing to a single case,[5] Winners submits that that its claim arose—not when it had the right to invoice the Debtors—and not when its obligations were complete under the Purchase Orders—and not even when it transferred title of the goods to the Debtors.  Winners instead asserts that its claim arose upon the Debtors' receipt of the goods from a common carrier long after Winners had any involvement with the goods.  The weight of the case law does not support Winners' view.

---

[4] Winners' position is substantially similar to the position of Milton Manufacturing, LLC as set forth in the *Motion of Milton Manufacturing, LLC to Allow and Compel Payment of Administrative Expense Claim under 11 U.S.C. § 503(b) for Craftsman Branded Goods Delivered to the Debtor Postpetition* [ECF No 1477] (the "**Milton Motion**").  The Debtors hereby incorporate all of the arguments raised herein in further support of their objection to the Milton Motion and vice versa.

[5] *See* Motion  ¶¶ 26-29.

5

8.     Section 503(b)(1) of the Bankruptcy Code provides that a party shall be entitled to an administrative expense claim for the "actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b)(1). The Court has established that "two elements must be satisfied. First, the expense must arise out of a transaction between the creditor and the bankrupt's trustee or debtor-in-possession. Second, the expense's consideration must be both supplied to and beneficial to the debtor in possession in the operation of the business." *See In re Adelphia Bus. Solutions, Inc.*, 296 B.R. 656, 661-62 (Bankr. S.D.N.Y. 2003) (internal citations and quotation marks omitted). Critically, to be entitled to an Administrative Claim, a creditor must transact with the debtor-in-possession "in the context of comparing and contrasting that to a transaction with a pre-petition debtor." *Id.* at 663. The purpose underlying this element "is to encourage vendors to deal with the post-petition estate." *Id.* Importantly, the burden is on the movant to establish their right to an Administrative Claim. *Id.* at 662.

9.     Winners has not satisfied its burden and demonstrated that there was a transaction with the debtor-in-possession. Here, Winners alleges it transported goods prepetition to a distribution center in Asia that were later loaded onto a common carrier—and, at that time, title was transferred to the Debtors, Winners' contractual obligations were completed, and the Debtors were invoiced.    Payment was due seventy four (74) days after the common carrier departed the port in Asia. Once Winners had dropped off its goods at port in Asia its contractual obligations were complete and no further performance was due from Winners.

10.     Winners' sole basis for its alleged entitlement to an Administrative Claim is that the goods were delivered to the Debtors by a third party after the Petition Date. Critically, the transaction giving rise to the claim (*i.e.* the transfer of title of goods to the Debtors in exchange for the right to payment) occurred prior to the Petition Date. Indeed, Winners' own Motion

6

acknowledges payment to Winners was due seventy-four (74) days from the common carrier's sailing date and not the date of receipt. The Court should not conflate the prepetition delivery of the goods to the Debtors' distribution facilities in Asia with the postpetition delivery of goods from a common carrier to the Debtors' distribution center. Winners takes the disingenuous position that it is entitled to an Administrative Claim based on the final delivery by a common carrier to the Debtors' distribution center in the United States, when it had already transferred title to the Debtors, issued an invoice, and completed all of its obligations to the Debtors upon delivery of the goods in Asia, which was before the Petition Date.

11.     As discussed by the Court in *In re Adelphia Business Solutions* and *In re Enron*, the purpose of an Administrative Claim is to "encourage third-parties to supply the debtor-in-possession with goods and services with the goal of achieving a reorganization to benefit all creditors" and "encourage the vendors to deal with the **post-petition estate**" *In re Enron Corp.*, 279 B.R. 79, 86 (Bankr. S.D.N.Y. 2002) (emphasis added); *see Adelphia Bus. Solutions*, 296 B.R. at 663. But the shipments giving rise to Winners' request for an Administrative Claim did not involve any dealings with the postpetition estate. The transfer of title occurred *prepetition*.[6] The delivery to the first common carrier (*i.e.* the ship from Asia to the United States) occurred *prepetition*. The invoices were dated *prepetition*, and the obligation of the Debtors to Winners arose *prepetition*. Whether the Debtors later received the goods from a common carrier after the Petition Date should be of no moment to the Court because Winners' had already completed its performance with the prepetition Debtors.

12.     Courts both in and out of this Circuit have soundly rejected the Winners' theory under similar circumstances. In *In re K Chemical Corporation*, the vendor delivered

---

[6] The Motion and the Purchase Orders indicate that the goods were shipped FOB China.

7

chemicals to a carrier hired by the debtor prepetition who later delivered the chemicals to the debtors' warehouse postpetition. *In re K Chemical Corp.*, 188 B.R. 89, 95 (Bankr. D. Conn. 1995) ("It is stipulated that the sale of the Chemicals was procured by the Debtor, and the Chemicals were in fact delivered to an agent of the Debtor, prior to the actual time of filing of the voluntary petition in this case. Therefore, there is no issue as to the material fact of whether the subject sale was a transaction with the Debtor–in–Possession. It was not."). The *K Chemical* court rejected the vendor's request for an administrative expense claim because the delivery to the common carrier was not a transaction with a debtor in possession. *Id.* at 95 n.5. (noting that title to the goods transferred upon delivery to the carrier). Additionally, the *K Chemical* court highlighted that the sale transaction was completed and the claim arose when the vendor delivered goods to the agreed place of delivery. *Id.*

13.    Similarly, in *In re Mayers Pollock Steel Corporation* the court determined that the key delivery with respect to an Administrative Claim is when the vendor delivers the goods to the common carrier. *In re Mayer Pollock Steel Corp.*, 157 B.R. 952, 963 (Bankr. E.D. Penn. 1993) ("Although [Vendor] argues that delivery was not complete until the scrap reached [the Debtor], we believe that this argument is factually inaccurate. [Vendor] completed *its* performance with respect to delivery as soon as it loaded [the common carrier's] cars . . . . Therefore, the sales of the scrap in issue in these five shipments occurred pre-petition.") (modifications supplied). In rejecting the vendors' claim, the court clarified that a vendor cannot have an Administrative Claim so long as performance was completed by the vendor when it delivered to the common carrier. *Id.* Indeed, the *Mayer Pollock* court specifically noted in denying the movant an Administrative Claim that its performance was completed as soon as it loaded the goods onto the common carrier. *Id.*

8

14.    Winners is no different than the vendors in *K Chemical* and *Mayer Pollock* who tried to piggyback off of subsequent deliveries by a common carrier to manufacture an Administrative Claim.[7] *See Mayer Pollock Steel Corp.*, 157 B.R. at 963 (holding no administrative claim existed when vendor "completed its performance" prepetition). Winners delivered goods to a common carrier, completed all of its performance prepetition, and invoiced the Debtors during the prepetition period. Winners had no involvement in the shipment of goods on the container ship from Asia to the United States and Winners had no involvement in the shipment of goods on the truck from the port in the United States to the Debtors' distribution center. Given that Winners never actually transacted with the debtor-in-possession, it should not be rewarded with an Administrative Claim. *See Adelphia Bus. Solutions*, 296 B.R. at 663 (purpose of an Administrative Claim "is to encourage third parties to supply goods and services on credit to the estate."). Winners does not claim it insured the goods or assumed the risk of loss for the goods after the drop-off in Asia, or transacted with the postpetition estate; instead, Winners' admits it simply left the goods at the port in China for the prepetition Debtors. The Motion contains no other allegations that Winners did anything more and Winners cannot satisfy its burden for entitlement to an Administrative Claim.

**D.    Winners is Not Entitled to an Administrative Claim under the Final Shipping Order.**

15.    Instead of case law, Winners relies on the *Final Order Authorizing Debtors to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders Of PACA/PASA Claims, and (II) Confirm Administrative Expense*

---

[7] *See also In re Nevins Ammunition Inc.*, 79 B.R. 11, 15 (Bankr. D. Idaho 1987) (finding no administrative claim when vendor delivered goods to a common carrier prepetition under a prepetition shipment contract); *In re John Clay & Co., Inc.*, 43 B.R. 797, 810-11 (Bankr. D. Utah 1984) (claim arises when seller completes performance and the right to payment is reduced to a dollar amount).

9

*Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course Of Business* [ECF No. 843] (the "**Final Shipping Order**"). Specifically, Winners argues that routine comfort language in paragraph eight of the Final Shipping Order approved many weeks (or even months) after Winners dropped off the Debtors' goods in Asia, supports its argument for an Administrative Claim.

16.     Paragraph eight of the Final Shipping Order provides that:

> All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

Final Shipping Order ¶ 8. Paragraph twelve thereof clarifies that:

> Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

Final Shipping Order ¶ 12.

17.     The purpose of the comfort language in paragraph eight of the Final Shipping Order was to give assurance to vendors operating under prepetition contracts who had not completed performance as of the Petition Date that they would be provided with an Administrative Claim for completing performance and delivering goods to the Debtors after the Petition Date. The Debtors wanted this comfort language placed into the Final Shipping Order to assure parties who had not yet begun or not yet completed performance of their obligations, that they would be compensated on a postpetition basis in the ordinary course of business. Paragraph eight was never intended to provide an Administrative Claim to Winners and other vendors who had already completed performance and satisfied their obligations to the Debtors. Furthermore,

10

nothing in the Final Shipping order *compels* the Debtors to pay any holder of an Administrative Claimant in the ordinary course of business, the Final Shipping Order merely *authorizes* the Debtors to do so.

18.      One party objected to the entry of the Final Shipping Order in an attempt to install more favorable language into the order. At the hearing to approve the entry of the Final Shipping Order, the Court was clear with all parties that it was not deciding any issue with respect to the status of claims. *See Hr'g Tr.* Nov. 15, 2018 at 120-21. Further, in response to a request from a vendor's counsel to clarify the definition of "delivered" in the Final Shipping Order, the Court expressly declined. *Id.* at 121-22. The Court was clear to all parties that it was not making a determination with respect to any claims; nevertheless, despite the Court's clear statements to the contrary, Winners still attempts to argue the Final Shipping Order elevates its general unsecured claim to an Administrative Claim. As the Court has already made clear, the Final Shipping Order was never meant to transform ordinary prepetition claims into Administrative Claims, and Winners cites no other case law to support its position.

19.      While the Debtors had expected to begin the reconciliation of certain Administrative Claims and 503(b)(9) Claims shortly, the Buyer's failure to comply with the terms of the APA have dramatically slowed this process. The Debtors believe that the majority of Winners' alleged Administrative Claims are properly classified as general unsecured claims; however, given that certain of Winners' claims could be assumed by Buyer, it would be a waste of the estate's limited resources and the Court's time to litigate over claims that may very well be assumed and paid by the Buyer.

20.      Winners asks the Court to determine its claims without full clarity as to how the relief would impact other recoveries to stakeholders. The Bar Date has not yet passed for the

11

Debtors and the universe of potential claims against the Debtors is unknown. If the Court were to adopt Winners' incorrect view of Administrative Claims and compel immediate payment of the same, it would inevitably create an unknown amount of additional Administrative Claims that has not been accounted for in the Debtors' liquidity forecast and deprive the Debtors of the benefit of their bargain with Buyer, which already has agreed to assume certain of these liabilities. All parties in interest will benefit from an orderly administration of the Debtors' estates rather than a free-for-all race to the Courthouse. The Debtors should not be forced to respond to demands for allowance of each and every claim at this juncture.

**E.    Winners Request for a 503(b)(9) Claim has Been Adjourned.**

21.    The Bar Date Order adjourned the Winners' request for a 503(b)(9) Claim until no later than sixty (60) days following the Bar Date. Accordingly, the Debtors reserve all of their rights with respect to Winners' request for a 503(b)(9) Claim.

**F.    Reservation of Rights.**

22.    The Debtors reserve all their rights, including but not limited to the right to supplement this Objection as necessary and to take discovery of Winners. While Winners has not requested an evidentiary hearing pursuant to the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 139], the Debtors' reserve all their rights to object to any request.

12

### Conclusion

For all of the foregoing reasons, the Debtors respectfully request that the Court deny

the Motion.

Dated: March 15, 2019
New York, New York

/s/ Garrett Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

13

# EXHIBIT - C

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| Sears Holdings Corporation (18-23538) | MaxServ, Inc. (18-23550) | Wally Labs LLC (18-23563) | Kmart of Michigan, Inc. (18-23576) |
| Sears, Roebuck and Co. (18-23537) | Private Brands, Ltd. (18-23551) | Big Beaver of Florida Development, LLC (18-23564) | SHC Desert Springs, LLC (18-23577) |
| Kmart Holding Corporation (18-23539) | Sears Development Co. (18-23552) | California Builder Appliances, Inc. (18-23565) | SOE, Inc. (18-23578) |
| Kmart Operations LLC (18-23540) | Sears Holdings Management Corporation (18-23553) | Florida Builder Appliances, Inc. (18-23566) | StarWest, LLC (18-23579) |
| Sears Operations LLC (18-23541) | Sears Home & Business Franchises, Inc. (18-23554) | KBL Holding Inc. (18-23567) | STI Merchandising, Inc. (18-23580) |
| ServiceLive, Inc. (18-23542) | Sears Home Improvement Products, Inc. (18-23555) | KLC, Inc. (18-23568) | Troy Coolidge No. 13, LLC (18-23581) |
| A&E Factory Service, LLC (18-23543) | Sears Insurance Services, L.L.C. (18-23556) | Sears Protection Company (Florida), L.L.C. (18-23569) | BlueLight.com, Inc. (18-23582) |
| A&E Home Delivery, LLC (18-23544) | Sears Procurement Services, Inc. (18-23557) | Kmart of Washington LLC (18-23570) | Sears Brands, L.L.C. (18-23583) |
| A&E Lawn & Garden, LLC (18-23545) | Sears Protection Company (18-23558) | Kmart Stores of Illinois LLC (18-23571) | Sears Buying Services, Inc. (18-23584) |
| A&E Signature Service, LLC (18-23546) | Sears Protection Company (PR) Inc. (18-23559) | Kmart Stores of Texas LLC (18-23572) | Kmart.com LLC (18-23585) |
| FBA Holdings Inc. (18-23547) | Sears Roebuck Acceptance Corp. (18-23560) | MyGofer LLC (18-23573) | Sears Brands Management Corporation (18-23586) |
| Innovel Solutions, Inc. (18-23548) | Sears, Roebuck de Puerto Rico, Inc. (18-23561) | Sears Brands Business Unit Corporation (18-23574) | |
| **X** Kmart Corporation (18-23549) | SYW Relay LLC (18-23562) | Sears Holdings Publishing Company, LLC (18-23575) | |

<u>Modified Official Form 410</u>

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

ORIENT CRAFT LIMITED

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Orient Craft Limited, A-19, Infocity Sector 33-34, Gurgaon, Haryana, 122003, India

Where should payments to the creditor be sent? (if different)

Contact phone 9953000007

Contact email dhruvkohli@orientcraft2.net

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)_____    Filed on ____ / ____ / _____
                                                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. How much is the claim?   $ 193390 .  Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Goods Sold

9. Is all or part of the claim secured?

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. Is this claim subject to a right of setoff?

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___ ) that applies.    $_____

*\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.*

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $ 142405

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:  *Rajnish Mittal*
Rajnish Mittal (Oct 22, 2018)

Email:  rmittal@orientcraft2.net

Signature

Print the name of the person who is completing and signing this claim:

Name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | RAJNISH | MITTAL |
| | First name        Middle name | Last name |
| Title | AGM FINANCE | |
| Company | ORIENT CRAFT LIMITED | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | A-19, INFOCITY SECTOR 33-34, GURGAON, HARYANA-122003, INDIA | |
| | Number        Street | |
| | City | State    ZIP Code |
| Contact phone | 9818690394 | Email    rmittal@orientcraft2.net |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
   (attach below)                ☐ I do **not** have supporting documentation.

📎 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT
ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS
ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING
DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show
only the last four digits of any social-security, individual's tax-identification, or financial-account number,
only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on
the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid
embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain
information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of
Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel.
Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this
Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the
disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk
of the Court discover that personal identifier data or information concerning a minor individual has been
included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to
redact all such information from the text of the filing and make an entry indicating the correction.

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

ANNEXURE

| SL. No. | STYLE NO | PO NO | INVOICE NO | FCR NO | INVOICE VALUE | DELIVERY DATE |
|---------|----------|-------|------------|--------|---------------|---------------|
| 1 | GH8SE35008BGK | IN3V6 | 0588OC2KMART18-19 | 7795630183 | $50,985.00 | 07-Sep |
| 2 | GH8SE00135ITK | IN3YG | 06500C2KMART18-19 | 7795843297 | $47,092.50 | 28-Sep |
| 3 | GH8WK00133IT | IN3YL | 0651OC2KMART18-19 | 7795843286 | $29,574.00 | 28-Sep |
| 4 | GH8SE00135ITK | IN3YG | 0664OC2KMART18-19 | 7795909220 | $15,093.00 | 08-Oct |
| 5 | GH8WK00133IT | IN3YL | 0665OC2KMART18-19 | 7795909429 | $3,472.00 | 08-Oct |
| 6 | GH8SE35008BGK | IN3V6 | 0679OC2KMART18-19 | 7795909044 | $47,173.50 | 08-Oct |
| | | | TOTAL CLAIM AS PER PART 2 POINT 7 (SL NO 1 to 6 ) | | $193,390.00 | |
| | | | | | | |
| | | | CLAIM AS PER PART2 POINT 13 (SL NO 2 TO 6) | | $142,405.00 | |

# COMMERCIAL INVOICE

**DATE** 19/07/2018

**INVOICE No.** 05880C2KMART18-19

**FROM :** ORIENT CRAFT LIMITED

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122015, INDIA.

FACTORY ADDRESS/   OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY   PLOT No.19,BLOCK - A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

**TO: KMART CORPORATION**

**3333 BAVERLY ROAD**

**HOFFMAN ESTATES, IL 60179**

**U.S.A.**

SHIPPED FROM : NHAVA SHEVA, MUMBAI      SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :    OCEAN

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| KMART | IN3V6 | FLORAL AOP DRESS | | | | |
| | | 100%POLYESTER WOVEN GIRL'S DRESS | 1030 | 6180 | 8.25 | $ 50,985.00 |
| ITEM : | 150-03203128-8 | WITH 100%POLYESTER LINING. | | | | |
| MADE IN: | INDIA | | | | | |
| CONTENTS : | | Hanger Packed | | | | |
| | | HANGER CODE:485B | | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD: 803.40 | | |

STYLE : GHBSE35008BGK

FABRICATION : 100%POLYESTER

STITCH COUNT :

SIZE RANGES : XS - XL

| | | | | |
|---|---|---|---|---|
| CONTRACT NO. | IN3V6 | REFERENCE NO. | | |
| DC CODE | PCD | DEPARTMENT NO. | 49 | |
| DIVISION NO. | Division 4 | VENDOR NO. | 3033 | |
| VENDOR ITEM CODE | GHBSE35008BGK | FACTORY NO. | 105408 | |
| BINDING RULING # | | COUNTRY OF ORIGIN | INDIA | |
| OR PRECLASS # | | CATEGORY | 636, NON QUOTA | |

PAYMENT TERMS : OPEN A/C 75 DAYS

DRAWN UNDER : OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 1030.00 | 6180.00 | ASSORTMENTS | $ 50,985.00 |

TOTAL US DOLLARS :   **FIFTY THOUSAND NINE HUNDRED EIGHTY FIVE ONLY.**

    TOTAL NO. OF CTNS :   01 TO 1030 (1030 PKGS)

    TOTAL NET WT. :    2,250    KGS.

    TOTAL GROSS WT. :   3,795    KGS.

    CARTON DIMENSION :   61X46X10 CMS/1030

    TOTAL VOLUME :    30.014   CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions** | UPS | OTI License No. 275F | **UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. | CARGO RECEIPT NO. |
|---|---|---|
| ORIENT CRAFT LIMITED | 965887932 | 7795630183 |

7 - D, MARUTI INDUSTRIAL COMPLEX,
SECTOR - 18, UDYOG VIHAR GURGAON,
HARYANA 122015, INDIA.

| EXPORT REFERENCES | DATE OF RECEIPT OF CARGO |
|---|---|
| | 31-JUL-2018 |

CUST PO NO:IN3V6/802
CUST INV NO:201820863801

| CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) |
|---|
| KMART CORPORATION |

3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to .$0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

Declared Value is:

| NOTIFY PARTY (COMPLETE NAME AND ADDRESS) |
|---|
| UPS SUPPLY CHAIN SOLUTIONS |

19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER | EXPORT LICENSE NO. |
|---|---|---|
| | NHAVA SHEVA, INDIA | |
| EXPORT CARRIER (VESSEL/VOY/FLAG) | PORT OF LADING | |
| MAERSK HARTFORD 1808 | NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE | PORT OF DELIVERY BY ON CARRIER | NO. OF ORIGINALS |
| NEWARK | CHAMBERSBURG, PA | 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: | 1 | 40' HIGH CUBE CONTAINER 1030 CARTON | 3791.000 KG | 30.014 M3 |
| DAYU8128445 | | SAID TO CONTAIN 1030 CARTON | 8357.720.LB | 1059.794 F3 |
| SEALCODE1: | | 100%POLYESTER WOVEN GIRL'S DRESS | | |
| MLIN1566770 | | WITH 100%POLYESTER LINING. | | |
| MARKS & NO: | | GT INV NO:201820863801 | | |
| CTN NOS | | INV NO: 0588OC2KMART18-19 | | |
| 01 TO 1030 | | PO NO: IN3V6 | | |
| | | REF # 802 | | |
| FREIGHT COLLECT | | DIV:4 | | |
| CFS/DOOR | | DEPT NO:049 | | |
| | | TOTAL QTY:1030 PCS | | |
| | | NET WT:2250 KGS | | |
| | | S/B NO:6495310 DT:27.07.2018 | | |
| | | HTS/RITC CODE NO:62044390 | | |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

In accordance with instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

Issued by  MUMBAI                    AS AGENT

Month  Aug      Day  17      Year  2018



7795630183



**Delivered On:**

Friday, 09/07/2018 at 8:15 P.M.

**Proof of Delivery** [↗]

Notify me with Updates

▼ Additional Information

| | |
|---|---|
| **Description of Goods:** | GARMENTS |
| **File Number:** | 613499982071000 |
| **Number of Pallets:** | 0.0 |
| **Number of Pieces:** | 1030.0 |
| **Origin Port:** | INBOM |
| **Est. Departure:** | 08/06/2018, 11:59 P.M. |
| **Destination Port:** | USMDT |
| **Shipment Weight:** | 3791.0 kgs |
| **Shipment Category:** | House Bill of Lading |
| **Manifest:** | 07/26/2018 12:00 A.M. |

2

# COMMERCIAL INVOICE

DATE  08/08/2018

INVOICE No.  0651OC2KMART18-19

FROM : ORIENT CRAFT LIMITED

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122015, INDIA.

FACTORY ADDRESS/  OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY    PLOT No.19,BLOCK - A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

TO: KMART CORPORATION

    3333 BAVERLY ROAD

    HOFFMAN ESTATES, IL 60179

    U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI    SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :  OCEAN

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| KMART | IN3YL | **NAVY MESH RED GLITTER HEART DRESS** | 477 | 954 | 6.20 | $  5,914.80 |
| ITEM : | 330-02792653-4 | 100%POLYESTER WOVEN BABY'S DRESS | | | | |
| MADE IN : | **INDIA** | WITH 100%POLYESTER LINING. | | | | |
| CONTENTS : | | 100%POLYESTER WOVEN GIRL'S DRESS | | 3816 | 6.20 | $  23,659.20 |
| | | WITH 100%POLYESTER LINING. | | | | |
| | | **HANGER PACKED** | | | | |
| | | HANGER CODE:496 | | | | |

HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD:  429.30

    STYLE : GH8WK00133IT

    FABRICATION : 100%POLYESTER

    STITCH COUNT :

    SIZE RANGES : 12MOS, 18MOS, 2T, 3T, 4T, 5T

| | | | | |
|---|---|---|---|---|
| CONTRACT NO. | IN3YL | REFERENCE NO. | | |
| DC CODE | PCD | DEPARTMENT NO. | 24 | |
| DIVISION NO. | Division 4 | VENDOR NO. | 3033 | |
| VENDOR ITEM CODE | 330-02792653-4 | FACTORY NO. | 105408 | |
| BINDING RULING # | | COUNTRY OF ORIGIN | INDIA | |
| OR PRECLASS # | | CATEGORY | 636, 239, NON QUOTA | |

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 477.00 | 4770.00 | ASSORTMENTS | $  29,574.00 |

TOTAL US DOLLARS :  **TWENTY NINE THOUSAND FIVE HUNDRED SEVENTY FOUR ONLY.**

    TOTAL. NO. OF CTNS :  01 TO 477 (477 PKGS)

    TOTAL NET WT.  :  881  KGS.

    TOTAL GROSS WT.  1,272  KGS.

    CARTON DIMENSION :  81X37X10 CMS/477

    TOTAL VOLUME  14.296  CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

UPS Supply Chain Solutions  OTI License No. 275F    UPS SUPPLY CHAIN SOLUTIONS, INC.
FORWARDER'S CARGO RECEIPT

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | |
|---|---|---|
| ORIENT CRAFT LIMITED | BOOKING NO. 966133029 | CARGO RECEIPT NO. 7795843286 |
| 7 - D, MARUTI INDUSTRIAL COMPLEX, SECTOR - 18, UDYOG VIHAR GURGAON, HARYANA 122015, INDIA. | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO 21-AUG-2018 |
| | CUST PO NO:IN3YL/802 CUST INV NO:201821282275 | |

CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
KMART CORPORATION
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**

Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

Declared Value is: _____

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOW/FLAG) MAERSK MEMPHIS 1808 | PORT OF LADING NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE NEWARK | PORT OF DELIVERY BY ON CARRIER CHAMBERSBURG, PA | NO OF ORIGINALS 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TRLU7591330 SEALCODE1: MLIN1523864 MARKS & NO: CTN NOS 01 TO 477 (477 PKGS) FREIGHT COLLECT CFS/DOOR | 1 | 40' HIGH CUBE CONTAINER 477 CARTON SAID TO CONTAIN 477 CARTON 100%POLYESTER WOVEN BABY'S DRESS 100%POLYESTER WOVEN GIRL'S DRESS WITH 100%POLYESTER LINING GT INV NO:201821282275 INV NO:06510C2KMART18-19 PO NO: IN3YL REF # 802 DIV:4 DEPT NO:024 TOTAL QTY:4770 NET WT:881 KGS S/B NO:6983645 DT:18.08.2018 HTS/RITC CODE NO:62093000 & 62044390 The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only | 1272.000 KG 2804.280 LB | 14.290 M3 504.580 F3 |

n accordance with instruction from Buyer, we have eceived the following documents from Shipper n:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

Issued by  MUMBAI          AS AGENT

Month  Aug    Day  31    Year  2018



# COMMERCIAL INVOICE

DATE  08/08/2018

INVOICE No.    0650OC2KMART18-19

FROM : ORIENT CRAFT LIMITED

7 - D, MARUTI INDUSTRIAL COMPLEX,

SECTOR - 18, UDYOG VIHAR GURGAON,

HARYANA 122015, INDIA.

FACTORY ADDRESS/    OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY    PLOT No.19,BLOCK - A,

SECTOR-33 & 34, INFO CITY,

GURGAON ,HARYANA.

TO : KMART CORPORATION

3333 BAVERLY ROAD

HOFFMAN ESTATES, IL 60179

U.S.A.

SHIPPED FROM :  NHAVA SHEVA, MUMBAI

MODE OF TRANSPORTATION :    OCEAN

SHIPPED TO : CHAMBERSBURG, PA

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| KMART | IN3YG | FLORAL PLEATED CHIFFON DRESS | 805 | 1610 | 5.85 | $    9,418.50 |
| ITEM : | 330-02564693-6 | 100%POLYESTER WOVEN BABY'S DRESS WITH 100%POLYESTER LINING. | | | | |
| MADE IN : | INDIA | | | | | |
| CONTENTS : | | 100%POLYESTER WOVEN GIRL'S DRESS WITH 100%POLYESTER LINING. | | 6440 | 5.85 | $   37,674.00 |
| | | **HANGER PACKED** | | | | |
| | | HANGER CODE:496 | | | | |
| | | | HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD: .724.50 | | | |
| | | STYLE : GH8SE00135ITK | | | | |
| | | FABRICATION : 100%POLYESTER | | | | |
| | | STITCH COUNT : | | | | |
| | | SIZE RANGES : 12MOS, 18MOS, 2T, 3T, 4T, 5T | | | | |

CONTRACT NO.    IN3YG                    REFERENCE NO.

DC CODE    PCD                    DEPARTMENT NO.    24

DIVISION NO.    Division 4                DIVISION NO.    3033

VENDOR ITEM CODE    330-02564693-6        FACTORY NO.    105408

BINDING RULING #                    COUNTRY OF ORIGIN    INDIA

OR PRECLASS #                    CATEGORY    636, 239, NON QUOTA

PAYMENT TERMS : OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|---|
| TOTAL INVOICE | | 805.00 | 8050.00 | ASSORTMENTS | $    47,092.50 |

TOTAL US DOLLARS :    **FORTY SEVEN THOUSAND NINETY TWO AND  CENTS FIFTY ONLY.**

TOTAL NO. OF CTNS  :   01 TO 805 (805 PKGS)

TOTAL NET WT.  :   909    KGS.

TOTAL GROSS WT.   :   1,496    KGS.

CARTON DIMENSION :   81X37X08 CM5/805

TOTAL VOLUME   :   19.301   CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ
OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

UPS Supply Chain Solutions

OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| | |
|---|---|
| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS)<br>ORIENT CRAFT LIMITED<br>7 - D, MARUTI INDUSTRIAL COMPLEX,<br>SECTOR - 18, UDYOG VIHAR GURGAON,<br>HARYANA 122015, INDIA. | BOOKING NO.<br>966133029 |
| | CARGO RECEIPT NO.<br>7795843297 |
| | EXPORT REFERENCES<br>.<br>CUST PO NO:IN3YG/802<br>CUST INV NO:201821281404 |
| | DATE OF RECEIPT OF CARGO<br>21-AUG-2018 |

CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
KMART CORPORATION
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.
Declared Value is: _____

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER<br>NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOW/FLAG)<br>MAERSK MEMPHIS 1808 | PORT OF LADING<br>NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE<br>NEWARK | PORT OF DELIVERY BY ON CARRIER<br>CHAMBERSBURG, PA | NO OF ORIGINALS<br>1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TRLU7591330<br>SEALCODE1:<br>MLIN1523864<br>MARKS & NO:<br>CTN NOS<br>01 TO 805 (805 PKGS)<br><br>FREIGHT COLLECT<br>CFS/DOOR | 1 | 40' HIGH CUBE CONTAINER 805 CARTON<br>SAID TO CONTAIN 805 CARTON<br>100%POLYESTER WOVEN BABY'S DRESS<br>WITH 100%POLYESTER LINING<br>GT IN NO:201821281404<br>INV NO:0650OC2KMART18-19<br>PO NO: IN3YG<br>REF # 802<br>DIV:4<br>DEPT NO:024<br>TOTAL QTY:8050<br>NET WT:909 KGS<br>S/B NO:6984027 DT:18.08.2018<br>HTS/RITC CODE NO:62093000 & 62044390 | 1496.000 KG<br>3298.110 LB | 19.300 M3<br>681.483 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

| n accordance with instruction from Buyer, we have received the following documents from Shipper in: | | | This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.<br>As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC. |
|---|---|---|---|
| Document List | Original | Copy | |
| COMMERCIAL INVOICE | | 1 | |
| PACKING LIST | | 1 | |

**For UPS SCS (INDIA) PVT. LTD.**

Issued by   MUMBAI                                          **AS AGENT**

Month   Aug          Day   31          Year   2018



Tracking: UPS - United States - Windows Internet Explorer provided by...

File    Edit    View    Favorites    Tools    Help

**Proof of Delivery**                                  ⊠ Close Window

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

Tracking Number:        7795843297
Service:                UPS Ocean Forwarding
Shipment Category:      House Bill of Lading
Delivered On:           09/20/2018, 8:15 P.M.
Delivered To:           CHAMBERSBURG, PA, US
Shipment Weight:        1496.0 kgs

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS. 10/20/2018  1:18 A.M.  ET

Number of Pallets:      0.0
Number of Pieces:       805.0
Origin Port:            INBOM
Est. Departure:         08/27/2018, 11:59 P.M.

# COMMERCIAL INVOICE

DATE  13/08/2018

INVOICE No.  0664OC2KMART18-19

**FROM : ORIENT CRAFT LIMITED**

7 - D, MARUTI INDUSTRIAL COMPLEX,

SECTOR - 18, UDYOG VIHAR GURGAON,

HARYANA 122015, INDIA.

FACTORY ADDRESS:  OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY  PLOT No.19,BLOCK - A,

SECTOR-33 & 34, INFO CITY,

GURGAON ,HARYANA.

**TO : KMART CORPORATION**

**3333 BAVERLY ROAD**

**HOFFMAN ESTATES, IL 60179**

**U.S.A.**

SHIPPED FROM : NHAVA SHEVA, MUMBAI        SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :    OCEAN

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| **KMART** | **IN3YG** | **FLORAL PLEATED CHIFFON DRESS** | 258 | 516 | 5.85 | $    3,018.60 |
| | | 100%POLYESTER WOVEN BABY'S DRESS | | | | |
| **ITEM :** | 330-02564693-6 | WITH 100%POLYESTER LINING. | | | | |
| **MADE IN:** | **INDIA** | | | | | |
| **CONTENTS :** | | 100%POLYESTER WOVEN GIRL'S DRESS | | 2064 | 5.85 | $   12,074.40 |
| | | WITH 100%POLYESTER LINING. | | | | |

**HANGER PACKED**

**HANGER CODE:496**

HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD:  232.20

STYLE : GHBSE00135ITK

FABRICATION :  100%POLYESTER

STITCH COUNT :

SIZE RANGES : 12MOIS, 18MOIS, 2T, 3T, 4T, 5T

| | | | | |
|---|---|---|---|---|
| CONTRACT NO. | IN3YG | | REFERENCE NO. : | |
| DC CODE | PCD | | DEPARTMENT NO. | 24 |
| DIVISION NO. | Division 4 | | VENDOR NO. | 3033 |
| VENDOR ITEM CODE | 330-02564693-6 | | FACTORY NO. | 105408 |
| BINDING RULING # | | | COUNTRY OF ORIGIN | INDIA |
| OR PRECLASS # | | | CATEGORY | 636, 239, NON QUOTA |

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| **TOTAL INVOICE** | 258.00 | 2580.00 | ASSORTMENTS | $   15,093.00 |

TOTAL US DOLLARS :     **FIFTEEN THOUSAND NINETY THREE ONLY.**

TOTAL NO. OF CTNS :  01 TO 258 (258 PKGS)

TOTAL NET WT.      :    291      KGS.

TOTAL GROSS WT.  :    479      KGS.

CARTON DIMENSION  :   81X36X08 CMS/258

TOTAL VOLUME        :    6.019    CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

**Authorised Signatory**

UPS Supply Chain Solutions

OTI License No. 275F

UPS SUPPLY CHAIN SOLUTIONS, INC.
FORWARDER'S CARGO RECEIPT

| | |
|---|---|
| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS)<br>ORIENT CRAFT LIMITED<br>7 - D, MARUTI INDUSTRIAL COMPLEX,<br>SECTOR - 18, UDYOG VIHAR GURGAON,<br>HARYANA 122015, INDIA. | BOOKING NO.<br>966205654     CARGO RECEIPT NO.<br>7795909220<br>EXPORT REFERENCES<br>AWB 7795909220     DATE OF RECEIPT OF CARGO<br>28-AUG-2018<br>CUST PO NO:IN3YG-803<br>CUST INV NO:201821377505 |

CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
KMART CORPORATION
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.
**Declared Value is:** _____

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER<br>NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOW/FLAG)<br>MAERSK KENSINGTON 1810 | PORT OF LADING<br>NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE<br>NEWARK | PORT OF DELIVERY BY ON CARRIER<br>CHAMBERSBURG, PA | NO OF ORIGINALS<br>1/ONE |

PARTICULARS FURNISHED BY SHIPPER

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO:<br>MRKU3140360<br>SEALCODE1:<br>MLIN1521512<br>MARKS & NO:<br>CTN NOS<br>01 TO 258 | 258 | 40' HIGH CUBE CONTAINER 258 CARTON<br>SAID TO CONTAIN 258 CARTON<br>FLORAL PLEATED CHIFFON DRESS<br>GT INV NO:201821377505<br>PO NO: IN3YG<br>REF # 803<br>DIV:4<br>DEPT NO:024 | 479.000 KG<br>1056.010 LB | 2.262 M3<br>79.875 F3 |
| FREIGHT COLLECT<br>CFS/DOOR | | S/B NO:7139113 DT:25.08.2018<br>HTS CODE:6204434040<br>INVOICE NO.0664OC2KMART1819<br>QTY.2580 PCS | | |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

In accordance with instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

**For UPS SCS (INDIA) PVT. LTD.**

Issued by   MUMBAI       **AS AGENT**

Month   Sep     Day   11     Year   2018



**UPS Proof of Delivery**

☒ Close Window

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| Tracking Number: | 7795909220 |
| Service: | UPS Ocean Forwarding |
| Shipment Category: | House Bill of Lading |
| Delivered On: | 10/08/2018, 7:13 A.M |
| Delivered To: | CHAMBERSBURG, PA, US |
| Shipment Weight: | 479.0 kgs |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS: 10/20/2018, 1:23 A.M. ET

⎙ Print This Page          ☒ Close Window

▼ Additional Information

| | |
|---|---|
| Description of Goods: | GARMENTS |
| File Number: | 613499982411100 |

Shipping Information

To:
CHAMBERSBURG, PA, US

Service

UPS Ocean Forwarding

Updated 10/20/2018 1:23 A.M Eastern Time

Delivered ✓

# COMMERCIAL INVOICE

DATE   13/08/2018

INVOICE No.   0665OC2KMART18-19

FROM : ORIENT CRAFT LIMITED

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122015, INDIA.

FACTORY ADDRESS/   OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY   PLOT No.19,BLOCK - A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

TO : KMART CORPORATION

    3333 BAVERLY ROAD

    HOFFMAN ESTATES, IL 60179

    U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI

MODE OF TRANSPORTATION :   OCEAN

SHIPPED TO : CHAMBERSBURG, PA

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| KMART | IN3YL | NAVY MESH RED GLITTER HEART DRESS | 56 | 112 | 6.20 | $ 694.40 |
| | | 100%POLYESTER WOVEN BABY'S DRESS | | | | |
| ITEM : | 330-02792653-4 | WITH 100%POLYESTER LINING. | | | | |
| MADE IN : | INDIA | | | | | |
| CONTENTS : | | 100%POLYESTER WOVEN GIRL'S DRESS | | 448 | 6.20 | $ 2,777.60 |
| | | WITH 100%POLYESTER LINING. | | | | |

HANGER PACKED

HANGER CODE:496

HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD:  50.40

STYLE : GH8WK00133IT

FABRICATION : 100%POLYESTER

STITCH COUNT :

SIZE RANGES : 12MOIS, 18MOIS, 2T, 3T, 4T, 5T

| | | | |
|---|---|---|---|
| CONTRACT NO. | IN3YL | REFERENCE NO. | |
| DC CODE | PCD | DEPARTMENT NO. | 24 |
| DIVISION NO. | Division 4 | VENDOR NO. | 3033 |
| VENDOR ITEM CODE | 330-02792653-4 | FACTORY NO. | 105408 |
| BINDING RULING # | | COUNTRY OF ORIGIN | INDIA |
| OR PRECLASS # | | CATEGORY | 636, 239, NON QUOTA |

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | | | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|---|---|
| TOTAL INVOICE | | | 56.00 | 560.00 | ASSORTMENTS | $ 3,472.00 |

TOTAL US DOLLARS :   **THREE THOUSAND FOUR HUNDRED SEVENTY TWO ONLY.**

    TOTAL NO. OF CTNS :  01 TO 56 (56 PKGS)

    TOTAL NET WT.   :  103    KGS.

    TOTAL GROSS WT.   :  149    KGS.

    CARTON DIMENSION :  81X36X09 CM5/56

    TOTAL VOLUME   :  1.470    CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

UPS Supply Chain Solutions

**UPS** OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. | CARGO RECEIPT NO. |
|---|---|---|
| ORIENT CRAFT LIMITED<br>7 - D, MARUTI INDUSTRIAL COMPLEX,<br>SECTOR - 18, UDYOG VIHAR GURGAON,<br>HARYANA 122015, INDIA. | 966205654 | 7795909429 |
| | EXPORT REFERENCES<br>AWB 7795909429<br>CUST PO NO:IN3YL-803<br>CUST INV NO:201821377754 | DATE OF RECEIPT OF CARGO<br>28-AUG-2018 |

| CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) |
|---|
| KMART CORPORATION<br>3333 BEVERLY ROAD<br>HOFFMAN ESTATES, IL 60179 USA |

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**

Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

| NOTIFY PARTY (COMPLETE NAME AND ADDRESS) |
|---|
| UPS SUPPLY CHAIN SOLUTIONS<br>19701 HAMILTON AVENUE, SUITE 250<br>TORRANCE, CA 90502<br>PH:(310)404-2792/FAX:(310)404-2962<br>ATTN: MARY ELLEN WRATSCHKO |

Declared Value is: _____

EXPORT LICENSE NO

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER<br>NHAVA SHEVA, INDIA |
|---|---|
| EXPORT CARRIER (VESSEL/VOW/FLAG)<br>MAERSK KENSINGTON 1810 | PORT OF LADING<br>NHAVA SHEVA, INDIA |
| PORT OF DISCHARGE<br>NEWARK | PORT OF DELIVERY BY ON CARRIER<br>CHAMBERSBURG, PA |

NO OF ORIGINALS
1/ONE

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO:<br>MSKU0145273<br>SEALCODE1:<br>MLIN1521452<br>MARKS & NO:<br>CTN NOS<br>01 TO 56<br><br>FREIGHT COLLECT<br>CFS/DOOR | 56 | 40' HIGH CUBE CONTAINER 56 CARTON<br>SAID TO CONTAIN 56 CARTON<br>FLORAL PLEATED CHIFFON DRESS<br>GT INV NO:201821377754<br>PO NO: IN3YL<br>REF # 803<br>DIV:4<br>DEPT NO:024<br>S/B NO:7138358 DT:25.08.2018<br>HTS CODE:6204434040<br>INVOICE NO.0665OC2KMART1819<br>QTY.560 PCS | 149.000 KG<br>328.490 LB | 1.529 M3<br>53.993 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

| n accordance with instruction from Buyer, we have<br>eceived the following documents from Shipper<br>n: | | |
|---|---|---|
| Document List | Original | Copy |
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.

As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

**AS AGENT**

Issued by    MUMBAI

Month    Sep       Day    11      Year    2018



UPS Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

Tracking Number:        7795909429
Service:                UPS Ocean Forwarding
Shipment Category:      House Bill of Lading
Delivered On:           10/08/2018, 7:13 A.M.
Delivered To:           CHAMBERSBURG, PA, US
Shipment Weight:        149.0 kgs

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS: 10/20/2018, 1:26 A.M. ET

Shipping Information

To:
CHAMBERSBURG, PA, US

Service

UPS Ocean Forwarding

Origin Port:            INBOM
Est. Departure:         10/04/2018, 11:59 P.M.
Destination Port:       USMDT
Shipment Weight:        149.0 kgs

# COMMERCIAL INVOICE

DATE  14/08/2018

INVOICE No.  0679OC2KMART18-19

FROM : ORIENT CRAFT LIMITED

7 - D, MARUTI INDUSTRIAL COMPLEX,

SECTOR - 18, UDYOG VIHAR GURGAON,

HARYANA 122018, INDIA.

FACTORY ADDRESS/  OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY  PLOT No.19,BLOCK - A,

SECTOR-33 & 34, INFO CITY,

GURGAON ,HARYANA.

TO: KMART CORPORATION

3333 BAVERLY ROAD

HOFFMAN ESTATES, IL 60179

U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI

MODE OF TRANSPORTATION :    OCEAN

SHIPPED TO : CHAMBERSBURG, PA

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| KMART | IN3V6 | FLORAL AOP DRESS | 953 | 5718 | 8.25 | $    47,173.50 |
| | | 100%POLYESTER WOVEN GIRL'S DRESS | | | | |
| ITEM : | 150-03203128-8 | WITH 100%POLYESTER LINING. | | | | |
| MADE IN: | INDIA | | | | | |
| CONTENTS : | | HANGER PACKED | | | | |
| | | HANGER CODE:485B | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD:  743.34 | | | |
| | STYLE : GH8SE35008BGK | | | | | |
| | FABRICATION : 100%POLYESTER | | | | | |
| | STITCH COUNT : | | | | | |
| | SIZE RANGES : XS - XL | | | | | |

| CONTRACT NO. | IN3V6 | REFERENCE NO. | |
|---|---|---|---|
| DC CODE | PCD | DEPARTMENT NO. | 49 |
| DIVISION NO. | Division 4 | VENDOR NO. | 3033 |
| VENDOR ITEM CODE | 150-03203128-8 | FACTORY NO. | 105408 |
| BINDING RULING # | | COUNTRY OF ORIGIN | INDIA |
| OR PRECLASS # | | CATEGORY | 636, NON QUOTA |

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 953.00 | 5718.00 | ASSORTMENTS | $    47,173.50 |

TOTAL US DOLLARS :  **FORTY SEVEN THOUSAND ONE HUNDRED SEVENTY THREE AND CENTS FIFTY ONLY.**

TOTAL NO. OF CTNS :  01 TO 953 (953 PKGS)

TOTAL NET WT.  :  2,082    KGS.

TOTAL GROSS WT.  :  3,511    KGS.

CARTON DIMENSION  :  61X46X10 CMS/953

TOTAL VOLUME  :  26.741    CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ
OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions**    OTI License No. 275F   UPS SUPPLY CHAIN SOLUTIONS, INC.
FORWARDER'S CARGO RECEIPT

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. | CARGO RECEIPT NO. |
|---|---|---|
| ORIENT CRAFT LIMITED | 966205654 | 7795909044 |
| 7 - D, MARUTI INDUSTRIAL COMPLEX, | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO |
| SECTOR - 18, UDYOG VIHAR GURGAON, | AWB 7795909044 | 28-AUG-2018 |
| HARYANA 122015, INDIA. | CUST PO NO:IN3V6-803 | |
| | CUST INV NO:201821401957 | |

CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
KMART CORPORATION
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**

Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

Declared Value is: _____

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER | EXPORT LICENSE NO |
|---|---|---|
| | NHAVA SHEVA, INDIA | |
| EXPORT CARRIER (VESSEL/VOW/FLAG) | PORT OF LADING | |
| MAERSK KENSINGTON 1810 | NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE | PORT OF DELIVERY BY ON CARRIER | NO OF ORIGINALS |
| NEWARK | CHAMBERSBURG, PA | 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MRKU3140360 SEALCODE1: MLIN1521512 MARKS & NO: CTN NOS 01 TO 953 FREIGHT COLLECT CFS/DOOR | 953 | 40' HIGH CUBE CONTAINER 953 CARTON SAID TO CONTAIN 953 CARTON FLORAL PLEATED CHIFFON DRESS GT INV NO:201821401957 PO NO: IN3V6 REF # 803 DIV:4 DEPT NO:049 S/B NO:7139715 DT:25.08.2018 HTS CODE:6204434040 INVOICE NO.0679OC2KMART1819 QTY.5718 PCS | 3511.000 KG 7740.430 LB | 27.770 M3 980.573 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

n accordance with instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

Issued by   MUMBAI        **AS AGENT**

Month   Sep    Day   11    Year   2018



**Proof of Delivery**

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| Tracking Number: | 7795900044 |
| Service: | UPS Ocean Forwarding |
| Shipment Category: | House Bill of Lading |
| Delivered On: | 10/08/2018, 7:13 A.M. |
| Delivered To: | CHAMBERSBURG, PA, US |
| Shipment Weight: | 3511.0 kgs |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS: 10/20/2018, 1:27 A.M  ET

Shipping Information

To.
CHAMBERSBURG, PA, US

Service

UPS Ocean Forwarding

| | |
|---|---|
| Origin Port: | INBOM |
| Est. Departure: | 10/04/2018, 11:59 P M |
| Destination Port: | USMDT |
| Shipment Weight: | 3511.0 kgs |

# Electronic Proof of Claim

Adobe Sign Document History                                    10/22/2018

| | |
|---|---|
| Created: | 10/22/2018 |
| By: | Sears Claims (searsclaims@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAMfiYFAWA-81z1llf9SmaDzep-2tiUK-X |

## "Electronic Proof of Claim" History

📄 Widget created by Sears Claims (searsclaims@primeclerk.com)
   10/22/2018 - 6:06:47 AM EDT

📎 Rajnish Mittal (rmittal@orientcraft2.net) uploaded the following supporting documents:
   📎 Attachment
   10/22/2018 - 6:20:33 AM EDT

📄 Widget filled in by Rajnish Mittal (rmittal@orientcraft2.net)
   10/22/2018 - 6:20:33 AM EDT- IP address: 180.151.195.130

🔖 (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64)
   AppleWebKit/537.36 (KHTML, like Gecko) Chrome/69.0.3497.100 Safari/537.36)
   10/22/2018 - 6:20:36 AM EDT- IP address: 180.151.195.130

⊘ Signed document emailed to Sears Claims (searsclaims@primeclerk.com) and Rajnish Mittal
   (rmittal@orientcraft2.net)
   10/22/2018 - 6:20:36 AM EDT

# EXHIBIT - D

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| Sears Holdings Corporation (18-23538) | MaxServ, Inc. (18-23563) | Wally Labs LLC (18-23565) | Kmart of Michigan, Inc. (18-23575) |
| ☒ Sears, Roebuck and Co. (18-23537) | Private Brands, Ltd. (18-23551) | Big Beaver of Florida Development, LLC (18-23564) | SHC Desert Springs, LLC (18-23577) |
| Kmart Holding Corporation (18-23539) | Sears Development Co. (18-23552) | California Builder Appliances, Inc. (18-23565) | SOE, Inc. (18-23578) |
| Kmart Operations LLC (18-23540) | Sears Holdings Management Corporation (18-23553) | Florida Builder Appliances, Inc. (18-23566) | StarWest, LLC (18-23579) |
| Sears Operations LLC (18-23541) | Sears Home & Business Franchises, Inc. (18-23554) | KBL Holding Inc. (18-23567) | STI Merchandising, Inc. (18-23580) |
| ServiceLive, Inc. (18-23542) | Sears Home Improvement Products, Inc. (18-23555) | KLC, Inc. (18-23568) | Troy Coolidge No. 13, LLC (18-23581) |
| A&E Factory Service, LLC (18-23543) | Sears Insurance Services, L.L.C. (18-23556) | Sears Protection Company (Florida), L.L.C. (18-23569) | BlueLight.com, Inc. (18-23582) |
| A&E Home Delivery, LLC (18-23544) | Sears Procurement Services, Inc. (18-23557) | Kmart of Washington LLC (18-23570) | Sears Brands, L.L.C. (18-23583) |
| A&E Lawn & Garden, LLC (18-23545) | Sears Protection Company (18-23558) | Kmart Stores of Illinois LLC (18-23571) | Sears Buying Services, Inc. (18-23584) |
| A&E Signature Service, LLC (18-23546) | Sears Protection Company (PR) Inc. (18-23559) | Kmart Stores of Texas LLC (18-23572) | Kmart.com LLC (18-23585) |
| FBA Holdings Inc. (18-23547) | Sears Roebuck Acceptance Corp. (18-23560) | MyGofer LLC (18-23573) | Sears Brands Management Corporation (18-23586) |
| Innovel Solutions, Inc. (18-23548) | Sears, Roebuck de Puerto Rico, Inc. (18-23561) | Sears Brands Business Unit Corporation (18-23574) | |
| Kmart Corporation (18-23549) | SYW Relay LLC (18-23562) | Sears Holdings Publishing Company, LLC (18-23575) | |

## Modified Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **ORIENT CRAFT LIMITED**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☒ No<br>☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>ORIENT CRAFT LIMITED, A-19,<br>INFOCITY SECTOR 33-34, GURGAON,<br>HARYANA-122003, INDIA<br><br>Contact phone  dhruvkohli@orientcraft2.net<br>Contact email  9953000007 | Where should payments to the creditor be sent? (if different)<br><br>Contact phone _____<br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known)_____  Filed on __ MM / __ DD / ____ YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $ 195989.22   . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

## Goods Sold

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Modified Form 410                    **Proof of Claim**                    page 2

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:*                       **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____<br><br>☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____<br><br>☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $_____<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**     $ 116591.22 |

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☑ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>       **Signature:** *Rajnish Mittal*<br>                   Rajnish Mittal (Oct 22, 2018)<br><br>       **Email:** rmittal@orientcraft2.net<br><br>       Signature<br>**Print the name of the person who is completing and signing this claim:**<br>**Name of the person who is completing and signing this claim:** |

| | | | |
|---|---|---|---|
| Name | Rajnish | | Mittal |
| | First name | Middle name | Last name |
| Title | AGM Finance | | |
| Company | Orient Craft Limited | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | A-19, Infocity, Sector 33-34, Gurgaon, Haryana-122003, India | | |
| | Number        Street | | |
| | City | State | ZIP Code |
| Contact phone | 9818690394 | Email | rmittal@orientcraft2.net |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
  (attach below)

☐ I do <u>not</u> have supporting documentation.

📎 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

ANNEXURE

| SL. No. | STYLE NO | PO NO | INVOICE NO | FCR NO | INVOICE VALUE | DELIVERY DATE |
|---------|----------|-------|------------|--------|---------------|---------------|
| 1 | GH8SE35008BGK | SM4558 | 0589OC2SEARS18-19 | 7795634286 | $53,559.00 | 07-Sep |
| 2 | GH8SE35008BG | SM4558 | 0590OC2SEARS18-19 | 7795634286 | $25,839.00 | 07-Sep |
| 3 | GH8SE00108JUS | SL4598 | 0652OC2SEARS18-19 | 7795843308 | $29,957.76 | 24-Sep |
| 4 | GH8SE35008BGK | SM4558 | 0681OC2SEARS18-19 | 7795908989 | $3,663.00 | 08-Oct |
| 5 | GH8SE35008BGK | SM4558 | 0682OC2SEARS18-19 | 7795908989 | $6,138.00 | 08-Oct |
| 6 | GH8TS00106iT | SY6858 | 0696OC2SEARS18-19 | 7795958665 | $29,685.60 | 12-Oct |
| 7 | GH8TS00106JU | SM4585 | 0697OC2SEARS18-19 | 7795958711 | $22,331.16 | 12-Oct |
| 8 | GH8SE00108iTS | SY6834 | 0680OC2SEARS18-19 | 7795958720 | $24,815.70 | 12-Oct |
| | | | | | | |
| TOTAL CLAIM AS PER PART 2 POINT 7 (SL NO 1 TO 8) | | | | | $195,989.22 | |
| | | | | | | |
| CLAIM AS PER PART2 POINT 13 (SL NO 3 TO 8) | | | | | $116,591.22 | |

# COMMERCIAL INVOICE

DATE   19/07/2018

INVOICE No.   05B9OC25EARS18-19

**FROM : ORIENT CRAFT LIMITED**

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122018, INDIA.

FACTORY ADDRESS   OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY   PLOT No.19,BLOCK - A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

**TO: SEARS, ROEBUCK & CO.**

    **3333 BAVERLY ROAD**

    **HOFFMAN ESTATES, IL 60179**

    **U.S.A.**

SHIPPED FROM : NHAVA SHEVA, MUMBAI        SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :    OCEAN

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| **SEARS** | **SM4558** | FLORAL AOP DRESS | 541 | 6492 | 8.25 | $     53,559.00 |
| | | 100%POLYESTER WOVEN GIRL'S DRESS | | | | |
| ITEM : | 340041577420 | WITH 100%POLYESTER LINING. | | | | |
| MADE IN: | **INDIA** | | | | | |
| CONTENTS : | | **HANGER PACKED** | | | | |
| | | **HANGER CODE:485B** | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD:  843.96 | | | |

STYLE : GH8SE35008BGK

FABRICATION : 100%POLYESTER

STITCH COUNT :

SIZE RANGES : 7 - 16

| | | | |
|---|---|---|---|
| CONTRACT NO. | SM4558 | REFERENCE NO. | |
| DC CODE | PCD | DEPARTMENT NO. | 34 |
| DIVISION NO. | Division 4 | VENDOR NO. | 3035 |
| VENDOR ITEM CODE | GH8SE35008BGK | FACTORY NO. | 105408 |
| BINDING RULING # | | COUNTRY OF ORIGIN | INDIA |
| OR PRECLASS # | | CATEGORY | 636, NON QUOTA |

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 541.00 | 6492.00 | ASSORTMENTS | $     53,559.00 |

TOTAL US DOLLARS :     **FIFTY THREE THOUSAND FIVE HUNDRED FIFTY NINE ONLY.**

TOTAL NO. OF CTNS :   01 TO 541 (541 PKGS)

TOTAL NET WT.    :  2,538      KGS.

TOTAL GROSS WT.  :  3,350      KGS.

CARTON DIMENSION  :  61X46X18 CMS/541

TOTAL VOLUME    :   27.918    CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions**

**UPS**

OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| | |
|---|---|
| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS)<br>ORIENT CRAFT LIMITED<br>7 - D, MARUTI INDUSTRIAL COMPLEX,<br>SECTOR - 18, UDYOG VIHAR GURGAON,<br>HARYANA 122015, INDIA. | BOOKING NO.<br>965887932 |
| | CARGO RECEIPT NO.<br>7795634286 |
| | EXPORT REFERENCES<br><br>CUST PO NO:SM4558-801<br>CUST INV NO:201820988652 |
| | DATE OF RECEIPT OF CARGO<br>31-JUL-2018 |

| | |
|---|---|
| CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)<br>SEARS, ROEBUCK AND CO.<br>3333 BEVERLY ROAD<br>HOFFMAN ESTATES, IL 60179 USA | **THIS IS NOT A DOCUMENT OF TITLE**<br>**UPS SUPPLY CHAIN SOLUTIONS, INC.**<br>Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.<br>**Declared Value is:** |
| NOTIFY PARTY (COMPLETE NAME AND ADDRESS)<br>UPS SUPPLY CHAIN SOLUTIONS<br>19701 HAMILTON AVENUE, SUITE 250<br>TORRANCE, CA 90502<br>PH:(310)404-2792/FAX:(310)404-2962<br>ATTN: MARY ELLEN WRATSCHKO | |
| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER<br>NHAVA SHEVA, INDIA |
| | EXPORT LICENSE NO |
| EXPORT CARRIER (VESSEL/VOY/FLAG)<br>MAERSK HARTFORD 1808 | PORT OF LADING<br>NHAVA SHEVA, INDIA |
| PORT OF DISCHARGE<br>NEWARK | PORT OF DELIVERY BY ON CARRIER<br>CHAMBERSBURG, PA |
| | NO OF ORIGINALS<br>1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO:<br>MRKU3063011<br>SEALCODE1:<br>MLIN1586781<br>MARKS & NO:<br>CTN NOS<br>01 TO 541 | 1 | 40' HIGH CUBE CONTAINER 541 CARTON<br>SAID TO CONTAIN 541 CARTON<br>100%POLYESTER WOVEN GIRL'S DRESS<br>WITH 100%POLYESTER LINING.<br>GT INV NO: 201820988652<br>INV NO:0589OC2KMART18-19<br>PO NO:SM4558<br>REF # 801<br>DIV 4<br>DEPT NO:034<br>TOTAL QTY:6492 PCS<br>NET WT:2538 KGS<br>S/B NO:6495313 DTD 27/7/2018<br>HTS/RITC CODE NO:62044390 | 3350.000 KG<br>7385.480 LB | 27.918 M3<br>985.785 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

n accordance with instruction from Buyer, we have received the following documents from Shipper n:

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.

As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

For UPS SCS (INDIA) PVT. LTD.

Issued by  MUMBAI                   AS AGENT

Month  Aug    Day  17    Year  2018



**7795634286**

**Delivered On:**
Friday, 09/07/2018 at 8:15 P.M.

**Proof of Delivery** [↗

Notify me with Updates

▼ Additional Information

| | |
|---|---|
| **Description of Goods:** | GARMENTS |
| **File Number:** | 613499982078100 |
| **Number of Pallets:** | 0.0 |
| **Number of Pieces:** | 802.0 |
| **Origin Port:** | INBOM |
| **Est. Departure:** | 08/06/2018, 11:59 P.M. |
| **Destination Port:** | USMDT |
| **Shipment Weight:** | 4980.0 kgs |
| **Shipment Category:** | House Bill of Lading |
| **Manifest:** | 07/26/2018 12:00 A.M. |

# COMMERCIAL INVOICE

DATE  19/07/2018

INVOICE No.  0590OC2SEARS18-19

FROM : ORIENT CRAFT LIMITED

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122015, INDIA.

FACTORY ADDRESS/     OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY     PLOT No.19,BLOCK – A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

TO:  SEARS, ROEBUCK & CO.

    3333 BAVERLY ROAD

    HOFFMAN ESTATES, IL 60179

    U.S.A.

SHIPPED FROM :  NHAVA SHEVA, MUMBAI      SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :      OCEAN

FOB : INDIA

| MARKS & NUMBERS | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|
| **SEARS**  **SM4558** | **FLORAL AOP DRESS** | 261 | 3132 | 8.25 | $    25,839.00 |
| ITEM :   340041577438 | 100%POLYESTER WOVEN GIRL'S DRESS | | | | |
| MADE IN :   **INDIA** | WITH 100%POLYESTER LINING. | | | | |
| CONTENTS : | | | | | |
| | **HANGER PACKED** | | | | |
| | **HANGER CODE:485B** | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD:  407.16 | | | |
| | STYLE : **GH8SE35008BG** | | | | |
| | FABRICATION :  100%POLYESTER | | | | |
| | STITCH COUNT : | | | | |
| | SIZE RANGES : 7 - 16 | | | | |

CONTRACT NO.      SM4558                  REFERENCE NO.

DC CODE          PCD                      DEPARTMENT NO.    34

DIVISION NO.      Division 4              VENDOR NO.        3035

VENDOR ITEM CODE  GH8SE35008BG            FACTORY NO.       105408

BINDING RULING #                          COUNTRY OF ORIGIN  INDIA

OR PRECLASS #                             CATEGORY          636, NON QUOTA

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 261.00 | 3132.00 | ASSORTMENTS | $   25,839.00 |

TOTAL US DOLLARS :   **TWENTY FIVE THOUSAND EIGHT HUNDRED THIRTY NINE ONLY.**

    TOTAL NO. OF CTNS :  01 TO 261  (261 PKGS)

    TOTAL NET WT.   :   1,238     KGS.

    TOTAL GROSS WT. :   1,630     KGS.

    CARTON DIMENSION :   61X46X18 CMS/261

    TOTAL VOLUME    :   13.489   CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions**

OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. | CARGO RECEIPT NO. |
|---|---|---|---|
| ORIENT CRAFT LIMITED | | 965887932 | 7795634286 |
| 7 - D, MARUTI INDUSTRIAL COMPLEX, | | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO |
| SECTOR - 18, UDYOG VIHAR GURGAON, | | | 31-JUL-2018 |
| HARYANA 122015, INDIA. | | CUST PO NO:SM4558-801 | |
| | | CUST INV NO:201820988652 | |

| CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) |
|---|
| SEARS, ROEBUCK AND CO. |
| 3333 BEVERLY ROAD |
| HOFFMAN ESTATES, IL 60179 USA |

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound or goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

| NOTIFY PARTY (COMPLETE NAME AND ADDRESS) | Declared Value is: |
|---|---|
| UPS SUPPLY CHAIN SOLUTIONS | |
| 19701 HAMILTON AVENUE, SUITE 250 | |
| TORRANCE, CA 90502 | |
| PH:(310)404-2792/FAX:(310)404-2962 | |
| ATTN: MARY ELLEN WRATSCHKO | |

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER | EXPORT LICENSE NO |
|---|---|---|
| | NHAVA SHEVA, INDIA | |

| EXPORT CARRIER (VESSEL/VOY/FLAG) | PORT OF LADING | |
|---|---|---|
| MAERSK HARTFORD 1808 | NHAVA SHEVA, INDIA | |

| PORT OF DISCHARGE | PORT OF DELIVERY BY ON CARRIER | NO OF ORIGINALS |
|---|---|---|
| NEWARK | CHAMBERSBURG, PA | 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| MARKS & NO: | 261 CARTON | 100%POLYESTER WOVEN GIRL'S DRESS | 1630.000 KG | 13.469 M3 |
| CTN NOS | 261 CARTON | WITH 100%POLYESTER LINING. | 3593.530 LB | 475.590 F3 |
| 01 TO 261 | | GT INV NO: 201820988652 | | |
| | | INV NO:05900C2KMART18-19 | | |
| FREIGHT COLLECT | | PO NO:SM4558 | | |
| CFS/DOOR | | REF # 801 | | |
| | | DIV:4 | | |
| | | DEPT NO:034 | | |
| | | TOTAL QTY:3132 PCS | | |
| | | NET WT:1238 KGS | | |
| | | S/B NO:6495311 DTD 27/7/2018 | | |
| | | HTS/RITC CODE  NO:62044390 | | |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

| In accordance with instruction from Buyer, we have received the following documents from Shipper on: | | | This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit. |
|---|---|---|---|
| Document List | Original | Copy | As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC. |
| COMMERCIAL INVOICE | 0 | 1 | |
| PACKING LIST | | 1 | |

For UPS SCS (INDIA) PVT. LTD.

Issued by   MUMBAI                              AS AGENT

Month   Aug     Day   17     Year   2018



**7795634286**

**Delivered On:**
Friday, 09/07/2018 at 8:15 P.M.

Proof of Delivery [↗]

**Notify me with Updates**

▼ Additional Information

| | |
|---|---|
| Description of Goods: | GARMENTS |
| File Number: | 613499982078100 |
| Number of Pallets: | 0.0 |
| Number of Pieces: | 802.0 |
| Origin Port: | INBOM |
| Est. Departure: | 08/06/2018, 11:59 P.M. |
| Destination Port: | USMDT |
| Shipment Weight: | 4980.0 kgs |
| Shipment Category: | House Bill of Lading |
| Manifest: | 07/26/2018 12:00 A.M. |

# COMMERCIAL INVOICE

DATE  08/08/2018

INVOICE No.  0652OC2SEARS18-19

FROM : ORIENT CRAFT LIMITED

      7 - D, MARUTI INDUSTRIAL COMPLEX,

      SECTOR - 18, UDYOG VIHAR GURGAON,

      HARYANA 122016, INDIA.

FACTORY ADDRESS/    OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY    PLOT No.19,BLOCK - A,

      SECTOR-33 & 34, INFO CITY,

      GURGAON ,HARYANA.

TO : SEARS, ROEBUCK & CO.

      3333 BAVERLY ROAD

      HOFFMAN ESTATES, IL 60179

      U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI    SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :    OCEAN

FOB : INDIA

| MARKS & NUMBERS | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|
| SEARS  SL4598 | GIRLS FLORAL PLEATED CHIFFON DRESS | | | | |
| | 100%POLYESTER WOVEN GIRL'S DRESS | 743 | 4458 | 6.72 | $    29,957.76 |
| ITEM :  290028814267 | WITH 100%POLYESTER LINING. | | | | |
| MADE IN :  INDIA | | | | | |
| CONTENTS : | HANGER PACKED | | | | |
| | HANGER CODE:49BB | HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD: 401.22 | | | |
| | | | | | |
| | STYLE : GH8SE00108JUS | | | | |
| | FABRICATION :  100%POLYESTER | | | | |
| | STITCH COUNT : | | | | |
| | SIZE RANGES : 4 - 6X | | | | |

CONTRACT NO.  SL4598      REFERENCE NO.

DC CODE  PCD      DEPARTMENT NO.  34

DIVISION NO.  Division 4      VENDOR NO.  3035

VENDOR ITEM CODE  GH8SE00108JUS      FACTORY NO.  105408

BINDING RULING #      COUNTRY OF ORIGIN  INDIA

OR PRECLASS #      CATEGORY  636, NON QUOTA

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 743.00 | 4458.00 | ASSORTMENTS | $    29,957.76 |

TOTAL US DOLLARS :  TWENTY NINE THOUSAND NINE HUNDRED FIFTY SEVEN AND CENTS SEVENTY SIX ONLY.

    TOTAL NO. OF CTNS  :  01 TO 743 (743 PKGS)

    TOTAL NET WT.   :  603    KGS.

    TOTAL GROSS WT.  :  1,123    KGS.

    CARTON DIMENSION  :  81X37X6 CMS/743

    TOTAL VOLUME   :  13.361  CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions**  OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | | BOOKING NO. 966133029 | CARGO RECEIPT NO. 7795843308 |
|---|---|---|---|
| ORIENT CRAFT LIMITED 7 – D, MARUTI INDUSTRIAL COMPLEX, SECTOR - 18, UDYOG VIHAR GURGAON, HARYANA 122015, INDIA. | | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO 21-AUG-2018 |
| | | CUST PO NO:SL4598-801 CUST INV NO:201821376415 | |

CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
SEARS, ROEBUCK AND CO.
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

THIS IS NOT A DOCUMENT OF TITLE
**UPS SUPPLY CHAIN SOLUTIONS, INC.**

Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

Declared Value is:

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOW/FLAG) MAERSK MEMPHIS 1808 | PORT OF LADING NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE NEWARK | PORT OF DELIVERY BY ON CARRIER CHAMBERSBURG, PA | NO OF ORIGINALS 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MRKU3923026 SEALCODE1: MLIN1523960 MARKS & NO: CTN NOS 01 TO 743 (743 PKGS) FREIGHT COLLECT CFS/DOOR | 1 | 40' HIGH CUBE CONTAINER 743 CARTON SAID TO CONTAIN 743 CARTON 100%POLYESTER WOVEN GIRL'S DRESS WITH 100%POLYESTER LINING GT INV NO:201821376415 INV NO:0652OC2KMART18-19 PO NO: SL4598 REF # 801 DIV:4 DEPT NO:034 TOTAL QTY:4458 PCS NET WT:603 KGS S/B NO:6983105 DT:18.08.2018 HTS/RITC CODE  NO:62044390 | 1123.000 KG 2475.790 LB | 13.360 M3 471.742 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

n accordance with instruction from Buyer, we have eceived the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| OMMERCIAL INVOICE | | 1 |
| ACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

AS AGENT

Issued by  MUMBAI

Month  Aug    Day  31    Year  2018



# COMMERCIAL INVOICE

DATE  14/08/2018

INVOICE No.   0681OC2SEARS18-19

FROM : ORIENT CRAFT LIMITED

7 - D, MARUTI INDUSTRIAL COMPLEX,

SECTOR - 18, UDYOG VIHAR GURGAON,

HARYANA 122015, INDIA,

FACTORY ADDRESS/     OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY     :    PLOT No.19,BLOCK - A,

SECTOR-33 & 34, INFO CITY,

GURGAON ,HARYANA.

TO:  SEARS, ROEBUCK & CO.

3333 BAVERLY ROAD

HOFFMAN ESTATES, IL 60179

U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI          SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :    OCEAN

FOB : INDIA

| MARKS & NUMBERS | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|
| SEARS          SM4558 | FLORAL AOP DRESS | 37 | 444 | 8.25 | $      3,663.00 |
| ITEM :      340041577420 | 100%POLYESTER WOVEN GIRL'S DRESS WITH 100%POLYESTER LINING. | | | | |
| MADE IN:     INDIA | | | | | |
| CONTENTS : | | | | | |
| | HANGER PACKED | | | | |
| | HANGER CODE:485B | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD: 57.72 | | | |

STYLE : GH8SE35008BG

FABRICATION :  100%POLYESTER

STITCH COUNT :

SIZE RANGES : 7 - 16

CONTRACT NO.       SM4558                       REFERENCE NO.

DC CODE                PCD                              DEPARTMENT NO.      34

DIVISION NO.          Division 4                    VENDOR NO.               3035

VENDOR ITEM CODE  340041577420          FACTORY NO.             105408

BINDING RULING #                                    COUNTRY OF ORIGIN     INDIA

OR PRECLASS #                                         CATEGORY                  636, NON QUOTA

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 37.00 | 444.00 | ASSORTMENTS | $      3,663.00 |

TOTAL US DOLLARS :    THREE THOUSAND SIX HUNDRED SIXTY THREE ONLY.

TOTAL NO. OF CTNS  :  01 TO 37  (37 PKGS)

TOTAL NET WT.     :  174     KGS.

TOTAL GROSS WT.   :  229     KGS.

CARTON DIMENSION  :  61X46X18 CMS/37

TOTAL VOLUME      :  1.869    CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions**

OTI License No. 275F

UPS SUPPLY CHAIN SOLUTIONS, INC.
FORWARDER'S CARGO RECEIPT

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. 966205654 | CARGO RECEIPT NO. 7795908989 |
|---|---|---|
| ORIENT CRAFT LIMITED | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO |
| 7 - D, MARUTI INDUSTRIAL COMPLEX, | AWB 7795908989 | 28-AUG-2018 |
| SECTOR - 18, UDYOG VIHAR GURGAON, | CUST PO NO:SM4558-803 | |
| HARYANA 122015, INDIA. | CUST INV NO:201821400937 | |

| CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) | |
|---|---|
| SEARS, ROEBUCK AND CO. | **THIS IS NOT A DOCUMENT OF TITLE** |
| 3333 BEVERLY ROAD | **UPS SUPPLY CHAIN SOLUTIONS, INC.** |
| HOFFMAN ESTATES, IL 60179 USA | Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this |

| NOTIFY PARTY (COMPLETE NAME AND ADDRESS) | receipt and the extra charge paid, liability is limited to $0.50 per pound of |
|---|---|
| UPS SUPPLY CHAIN SOLUTIONS | goods lost or damaged. If COGSA governs with the force of law, its |
| 19701 HAMILTON AVENUE, SUITE 250 | limitation, described in paragraph 3 on the reverse hereof, controls unless |
| TORRANCE, CA 90502 | a higher value is declared. |
| PH:(310)404-2792/FAX:(310)404-2962 | |
| ATTN: MARY ELLEN WRATSCHKO | Declared Value is: _____ |

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOW/FLAG) MAERSK KENSINGTON 1810 | PORT OF LADING NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE NEWARK | PORT OF DELIVERY BY ON CARRIER CHAMBERSBURG, PA | NO OF ORIGINALS 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MRKU3140360 SEALCODE1: MLIN1521512 MARKS & NO: CTN NOS 01 TO 37 | 37 | 40' HIGH CUBE CONTAINER 37 CARTON SAID TO CONTAIN 37 CARTON GARMENTS GT INV NO:201821400937 PO NO: SM4558 REF # 803 DIV:4 DEPT NO:034 S/B NO:7138404 DT:25.08.2018 HTS CODE:6204434020 INVOICE NO.0681OC2SEARS1819 QTY:444 PCS | 229.000 KG 504.860 LB | 1.909 M3 67.407 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

| n accordance with instruction from Buyer, we have eceived the following documents from Shipper on: | This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit. As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC. |
|---|---|

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

For UPS SCS (INDIA) PVT LTD.

Issued by MUMBAI                    AS AGENT

Month **Sep**    Day **11**    Year **2018**



# COMMERCIAL INVOICE

DATE  14/08/2018

INVOICE No.    06820C25EARS18-19

FROM : ORIENT CRAFT LIMITED

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122016, INDIA.

FACTORY ADDRESS/    OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY    PLOT No.19,BLOCK - A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

TO: SEARS, ROEBUCK & CO.

    3333 BAVERLY ROAD

    HOFFMAN ESTATES, IL 60179

    U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI

MODE OF TRANSPORTATION :    OCEAN

SHIPPED TO : CHAMBERSBURG, PA

FOB : INDIA

| MARKS & NUMBERS | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|
| SEARS        SM4558 | FLORAL AOP DRESS | | | | |
| | 100%POLYESTER WOVEN GIRL'S DRESS | 62 | 744 | 8.25 | $    6,138.00 |
| ITEM :        340041577438 | WITH 100%POLYESTER LINING. | | | | |
| MADE IN:      INDIA | | | | | |
| CONTENTS : | HANGER PACKED | | | | |
| | HANGER CODE:485B | | | | |
| | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD:  96.72 | | | | |
| | STYLE :  GH8SE35008BG | | | | |
| | FABRICATION :  100%POLYESTER | | | | |
| | STITCH COUNT : | | | | |
| | SIZE RANGES : 7 - 16 | | | | |

CONTRACT NO.      SM4558

DC CODE          PCD

DIVISION NO.      Division 4

VENDOR ITEM CODE  340041577438

BINDING RULING #

OR PRECLASS #

REFERENCE NO.

DEPARTMENT NO.    34

VENDOR NO.        3035

FACTORY NO.       105408

COUNTRY OF ORIGIN  INDIA

CATEGORY          636, NON QUOTA

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|---|
| TOTAL INVOICE | | 62.00 | 744.00 | ASSORTMENTS | $    6,138.00 |

TOTAL US DOLLARS :    SIX THOUSAND ONE HUNDRED THIRTY EIGHT ONLY.

    TOTAL NO. OF CTNS  :  01 TO 62  (62 PKGS)

    TOTAL NET WT.    :  294    KGS.

    TOTAL GROSS WT.   :  387    KGS.

    CARTON DIMENSION  :  61X46X18 CMS/62

    TOTAL VOLUME     :  3.131    CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

UPS Supply Chain Solutions · UPS · OTI License No. 275F

UPS SUPPLY CHAIN SOLUTIONS, INC.
FORWARDER'S CARGO RECEIPT

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. | CARGO RECEIPT NO. |
|---|---|---|
| ORIENT CRAFT LIMITED<br>7 - D, MARUTI INDUSTRIAL COMPLEX,<br>SECTOR - 18, UDYOG VIHAR GURGAON,<br>HARYANA 122015, INDIA. | 966205654 | 7795908989 |
| | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO |
| | AWB 7795908989<br>CUST PO NO:SM4558-803<br>CUST INV NO:201821400937 | 28-AUG-2018 |

**CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)**
SEARS, ROEBUCK AND CO.
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

**NOTIFY PARTY (COMPLETE NAME AND ADDRESS)**
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE, SUITE 250
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

Declared Value is: _____

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER<br>NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOY/FLAG)<br>MAERSK KENSINGTON 1810 | PORT OF LADING<br>NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE<br>NEWARK | PORT OF DELIVERY BY ON CARRIER<br>CHAMBERSBURG, PA | NO OF ORIGINALS<br>1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO:<br>MSKU0145273<br>SEALCODE1:<br>MLIN1521452<br>MARKS & NO:<br>CTN NOS<br>01 TO 62<br><br>FREIGHT COLLECT<br>CFS/DOOR | 62 | 40' HIGH CUBE CONTAINER 62 CARTON<br>SAID TO CONTAIN 62 CARTON<br>GARMENTS<br>GT INV NO:201821400937<br>PO NO: SM4558<br>REF # 803<br>DIV:4<br>DEPT NO:034<br>S/B NO:7138378 DT:25.08.2018<br>HTS CODE:6204434020<br>INVOICE NO.0682OC2SEARS1819<br>QTY.744 PCS | 387.000 KG<br>853.190 LB | 3.190 M3<br>112.639 F3 |

*CORRECTION APPROVED UPS* (stamp)

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

In accordance with instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | 0 | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.
As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

Issued by    MUMBAI          AS AGENT

| Month | Sep | Day | 11 | Year | 2018 |
|---|---|---|---|---|---|



# COMMERCIAL INVOICE

DATE   23/08/2018

INVOICE No.   0696OC2SEARS18-19

FROM : ORIENT CRAFT LIMITED

    7 - D, MARUTI INDUSTRIAL COMPLEX,

    SECTOR - 18, UDYOG VIHAR GURGAON,

    HARYANA 122015, INDIA.

FACTORY ADDRESS/   OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY   PLOT No.19,BLOCK - A,

    SECTOR-33 & 34, INFO CITY,

    GURGAON ,HARYANA.

TO:  SEARS, ROEBUCK & CO.

    3333 BAVERLY ROAD

    HOFFMAN ESTATES, IL 60179

    U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI

MODE OF TRANSPORTATION :    OCEAN

SHIPPED TO : CHAMBERSBURG, PA

FOB : INDIA

| MARKS & NUMBERS | | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|---|
| SEARS | SY685B | NAVY MESH RED GLITTER HEART DRESS | 798 | 2394 | 6.20 | $    14,842.80 |
| ITEM : | 810036347508 | 100%POLYESTER WOVEN BABY'S DRESS WITH 100%POLYESTER LINING. | | | | |
| MADE IN : | INDIA | | | | | |
| CONTENTS : | | 100%POLYESTER WOVEN GIRL'S DRESS WITH 100%POLYESTER LINING. | | 2394 | 6.20 | $    14,842.80 |

HANGER PACKED    HANGER CODE: HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD: 430.92

STYLE:   GH8TS00106IT

FABRICATION : 100%POLYESTER

STITCH COUNT :

SIZE RANGES :  12MOIS, 18MOIS, 24MOIS 2T, 3T, 4T

| | | | |
|---|---|---|---|
| CONTRACT NO. | SY6858 | REFERENCE NO. | |
| DC CODE | PCD | DEPARTMENT NO. | 23 |
| DIVISION NO. | Division 4 | VENDOR NO. | 3035 |
| VENDOR ITEM CODE | 810036347508 | FACTORY NO. | 105408 |
| BINDING RULING # | | COUNTRY OF ORIGIN | INDIA |
| OR PRECLASS # | | CATEGORY | 636, NON QUOTA |

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER :  OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 798.00 | 4788.00 | ASSORTMENTS | $    29,685.60 |

TOTAL US DOLLARS :   TWENTY NINE THOUSAND SIX HUNDRED EIGHTY FIVE AND CENTS SIXTY ONLY.

    TOTAL NO. OF CTNS :  01 TO 798  (798 PKGS)

    TOTAL NET WT.    :  824    KGS.

    TOTAL GROSS WT.   :  1,430    KGS.

    CARTON DIMENSION :  81X36X07 CMS/798

    TOTAL VOLUME   :  16.289   CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

**UPS Supply Chain Solutions**

OTI License No. 275F

**UPS SUPPLY CHAIN SOLUTIONS, INC.**
**FORWARDER'S CARGO RECEIPT**

| | |
|---|---|
| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. 966281484 / CARGO RECEIPT NO. 7795958665 |
| ORIENT CRAFT LIMITED | |
| 7 - D, MARUTI INDUSTRIAL COMPLEX, | EXPORT REFERENCES / DATE OF RECEIPT OF CARGO 04-SEP-2018 |
| SECTOR - 18, UDYOG VIHAR GURGAON, | |
| HARYANA 122015, INDIA. | CUST PO NO:SY6858-801 |
| | CUST INV NO:201821626531 |

BOOKING NO. 966281484
CARGO RECEIPT NO. 7795958665
EXPORT REFERENCES
DATE OF RECEIPT OF CARGO 04-SEP-2018

CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)
SEARS ROEBUCK & CO.
3333 BEVERLY ROAD
HOFFMAN ESTATES, IL 60179 USA

**THIS IS NOT A DOCUMENT OF TITLE**

**UPS SUPPLY CHAIN SOLUTIONS, INC.**

Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

Declared Value is: _____

NOTIFY PARTY (COMPLETE NAME AND ADDRESS)
UPS SUPPLY CHAIN SOLUTIONS
19701 HAMILTON AVENUE
TORRANCE, CA 90502
PH:(310)404-2792/FAX:(310)404-2962
ATTN: MARY ELLEN WRATSCHKO

EXPORT LICENSE NO

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER NHAVA SHEVA, INDIA |
|---|---|
| EXPORT CARRIER (VESSEL/VOY/FLAG) MAERSK KINLOSS 1808 | PORT OF LADING NHAVA SHEVA, INDIA |
| PORT OF DISCHARGE NEWARK | PORT OF DELIVERY BY ON CARRIER CHAMBERSBURG, PA |
| | NO OF ORIGINALS 1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MSKU0403742 SEALCODE1: MLIN1566135 MARKS & NO: CTN NOS 01 TO 798 FREIGHT COLLECT CFS/DOOR | 798 | 40' HIGH CUBE CONTAINER 798 CARTON SAID TO CONTAIN 798 CARTON 100% POLYSTER WOVEN BABY'S DRESS 100% POLYSTER WOVEN GIRL'S DRESS WITH 100% POLYESTER LINING GT INV NO:201821626531 PO NO: SY6858 REF # 801 DIV:4 DEPT NO:023 HTS CODE:6209303040 INVOICE NO.0696OC2SEARS1819 QTY.4788 PCS | 1430.000 KG 3152.610 LB | 16.288 M3 575.129 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

In accordance with instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.

As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

Issued by    MUMBAI                    AS AGENT

Month    Sep        Day    12        Year    2018



# COMMERCIAL INVOICE

DATE   23/08/2018

INVOICE No.    0697OC2SEARS18-19

FROM : ORIENT CRAFT LIMITED

7 - D, MARUTI INDUSTRIAL COMPLEX,

SECTOR - 18, UDYOG VIHAR GURGAON,

HARYANA 122018, INDIA.

FACTORY ADDRESS/    OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY    PLOT No.19,BLOCK - A,

SECTOR-33 & 34, INFO CITY,

GURGAON ,HARYANA.

TO : SEARS, ROEBUCK & CO.

3333 BAVERLY ROAD

HOFFMAN ESTATES, IL 60179

U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI          SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :    OCEAN

FOB : INDIA

| MARKS & NUMBERS | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|
| SEARS      SM4585 | NAVY MESH RED GLITTER HEART DRESS | 522 | 3132 | 7.13 | $      22,331.16 |
| ITEM :      290010654382 | 100%POLYESTER WOVEN GIRL'S DRESS | | | | |
| MADE IN :     INDIA | WITH 100%POLYESTER LINING. | | | | |
| CONTENTS : | | | | | |

HANGER PACKED        HANGER CODE : ARR8  HANGER PRICE PER PC. USD@= 0.09 - TOTAL HANGER VALUE USD: 281.88

STYLE:   GH8TS00106JU

FABRICATION : 100%POLYESTER

STITCH COUNT :

SIZE RANGES : S,M,L

CONTRACT NO.      SM4585          REFERENCE NO.

DC CODE          PCD          DEPARTMENT NO.    34

DIVISION NO.      Division 4        VENDOR NO.      3035

VENDOR ITEM CODE    290010654382      FACTORY NO.      105408

BINDING RULING #            COUNTRY OF ORIGIN    INDIA

OR PRECLASS #            CATEGORY      636, NON QUOTA

PAYMENT TERMS :  OPEN A/C 75 DAYS

DRAWN UNDER : OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 522.00 | 3132.00 | ASSORTMENTS | $    22,331.16 |

TOTAL US DOLLARS :   TWENTY TWO THOUSAND THREE HUNDRED THIRTY ONE AND CENTS SIXTEEN ONLY.

TOTAL NO. OF CTNS :  01 TO 522 (522 PKGS)

TOTAL NET WT.    :  695    KGS.

TOTAL GROSS WT.  :  1,092   KGS.

CARTON DIMENSION :  81X36X07 CMS/522

TOTAL VOLUME    :  10.655   CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company

For ORIENT CRAFT LIMITED

Authorised Signatory

UPS Supply Chain Solutions  OTI License No. 275F

UPS SUPPLY CHAIN SOLUTIONS, INC.
FORWARDER'S CARGO RECEIPT

| SHIPPER/EXPORTER (COMPLETE NAME AND ADDRESS) | BOOKING NO. | CARGO RECEIPT NO. |
|---|---|---|
| ORIENT CRAFT LIMITED<br>7 - D, MARUTI INDUSTRIAL COMPLEX,<br>SECTOR - 18, UDYOG VIHAR GURGAON,<br>HARYANA 122015, INDIA. | 966281484 | 779595871T |
| | EXPORT REFERENCES | DATE OF RECEIPT OF CARGO<br>04-SEP-2018 |
| | CUST PO NO:SM4585-801<br>CUST INV NO:201821627007 | |

| CONSIGNEE (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER) |
|---|
| SEARS ROEBUCK & CO.<br>3333 BEVERLY ROAD<br>HOFFMAN ESTATES, IL 60179 USA |

THIS IS NOT A DOCUMENT OF TITLE

**UPS SUPPLY CHAIN SOLUTIONS, INC.**

Received by UPS SUPPLY CHAIN SOLUTIONS, INC. in external apparent good order and condition from Shipper, the package(s) listed below are said to contain the goods hereinafter described. This receipt is not valid unless verified and signed by an authorized signatory of UPS SUPPLY CHAIN SOLUTIONS. Unless a higher value is declared on this receipt and the extra charge paid, liability is limited to $0.50 per pound of goods lost or damaged. If COGSA governs with the force of law, its limitation, described in paragraph 3 on the reverse hereof, controls unless a higher value is declared.

Declared Value is: _____

| NOTIFY PARTY (COMPLETE NAME AND ADDRESS) |
|---|
| UPS SUPPLY CHAIN SOLUTIONS<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502<br>PH:(310)404-2792/FAX:(310)404-2962<br>ATTN: MARY ELLEN WRATSCHKO |

| PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER<br>NHAVA SHEVA, INDIA | EXPORT LICENSE NO |
|---|---|---|
| EXPORT CARRIER (VESSEL/VOY/FLAG)<br>MAERSK KINLOSS 1808 | PORT OF LADING<br>NHAVA SHEVA, INDIA | |
| PORT OF DISCHARGE<br>NEWARK | PORT OF DELIVERY BY ON CARRIER<br>CHAMBERSBURG, PA | NO OF ORIGINALS<br>1/ONE |

**PARTICULARS FURNISHED BY SHIPPER**

| MRKS & NOS/CONTAINER NOS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO:<br>MSKU0403742<br>SEALCODE1:<br>MLIN1566135<br>MARKS & NO:<br>CTN NOS<br>01 TO 522<br><br>FREIGHT COLLECT<br>CFS/DOOR | 522 | 40' HIGH CUBE CONTAINER 522 CARTON<br>SAID TO CONTAIN 522 CARTON<br>100% POLYSTER WOVEN GIRL'S DRESS<br>GT INV NO:201821627007<br>PO NO: SM4585<br>REF # 801<br>DIV:4<br>DEPT NO:034<br>HTS CODE:6204434020<br>INVOICE NO.0697OC2SEARS1819<br>QTY.3132 PCS | 1092.000 KG<br>2407.450 LB | 10.655 M3<br>376.228 F3 |

The DESCRIPTION OF PACKAGES AND GOODS or piece count is for customs' purposes only

In accordance with instruction from Buyer, we have received the following documents from Shipper on:

| Document List | Original | Copy |
|---|---|---|
| COMMERCIAL INVOICE | | 1 |
| PACKING LIST | | 1 |

This shipment will be handled subject to the terms set forth here and on the reverse of the document which are incorporated here by reference. These terms limit or exclude UPS Supply Chain Solutions liability and include certain indemnities to UPS Supply Chain Solutions' benefit.

As Agent for UPS SUPPLY CHAIN SOLUTIONS, INC.

For UPS SCS (INDIA) PVT. LTD.

AS AGENT

Issued by   MUMBAI

Month   Sep   Day   12   Year   2018

ANNEXURE

| SL. No. | STYLE NO | PO NO | INVOICE NO | FCR NO | INVOICE VALUE | DELIVERY DATE |
|---------|----------|-------|------------|--------|---------------|---------------|
| 1 | GH8SE35008BGK | SM4558 | 0589OC2SEARS18-19 | 7795634286 | $53,559.00 | 07-Sep |
| 2 | GH8SE35008BG | SM4558 | 0590OC2SEARS18-19 | 7795634286 | $25,839.00 | 07-Sep |
| 3 | GH8SE00108JUS | SL4598 | 0652OC2SEARS18-19 | 7795843308 | $29,957.76 | 24-Sep |
| 4 | GH8SE35008BGK | SM4558 | 0681OC2SEARS18-19 | 7795908989 | $3,663.00 | 08-Oct |
| 5 | GH8SE35008BGK | SM4558 | 0682OC2SEARS18-19 | 7795908989 | $6,138.00 | 08-Oct |
| 6 | GH8TS00106IT | SY6858 | 0696OC2SEARS18-19 | 7795958665 | $29,685.60 | 12-Oct |
| 7 | GH8TS00106JU | SM4585 | 0697OC2SEARS18-19 | 7795958711T | $22,331.16 | 12-Oct |
| 8 | GH8SE00108ITS | SY6834 | 0680OC2SEARS18-19 | 7795958720 | $24,815.70 | 12-Oct |
| | TOTAL CLAIM AS PER PART 2 POINT 7 (SL NO 1 TO 8) | | | | $195,989.22 | |
| | CLAIM AS PER PART2 POINT 13 (SL NO 3 TO 8) | | | | $116,591.22 | |

# COMMERCIAL INVOICE

DATE   19/07/2018

INVOICE No.   0589OC2SEARS18-19

FROM : ORIENT CRAFT LIMITED

7 - D, MARUTI INDUSTRIAL COMPLEX,

SECTOR - 18, UDYOG VIHAR GURGAON,

HARYANA 122015, INDIA.

FACTORY ADDRESS/   OCL : UNIT-OC2 (A-19)

PLACE OF SUPPLY     PLOT No.19,BLOCK - A,

SECTOR-33 & 34, INFO CITY,

GURGAON ,HARYANA.

TO: SEARS, ROEBUCK & CO.

3333 BAVERLY ROAD

HOFFMAN ESTATES, IL 60179

U.S.A.

SHIPPED FROM : NHAVA SHEVA, MUMBAI        SHIPPED TO : CHAMBERSBURG, PA

MODE OF TRANSPORTATION :   OCEAN

FOB : INDIA

| MARKS & NUMBERS | DESCRIPTION OF GOODS | QUANTITY (CARTONS) | QUANTITY (PER UNIT PRICE) | UNIT PRICE | AMOUNT US$ |
|---|---|---|---|---|---|
| **SEARS**   **SM455B** | **FLORAL AOP DRESS** | 541 | 6492 | 8.25 | $      53,559.00 |
| **ITEM :**   340041577420 | 100%POLYESTER WOVEN GIRL'S DRESS WITH 100%POLYESTER LINING. | | | | |
| **MADE IN:**   **INDIA** | | | | | |
| **CONTENTS :** | | | | | |
| | **HANGER PACKED** | | | | |
| | **HANGER CODE:485B** | HANGER PRICE PER PC. USD@= 0.13 - TOTAL HANGER VALUE USD:  843.96 | | | |
| | **STYLE : GH8SE35008BGK** | | | | |
| | FABRICATION : 100%POLYESTER | | | | |
| | STITCH COUNT : | | | | |
| | SIZE RANGES : 7 - 16 | | | | |

CONTRACT NO.        SM455B

DC CODE              PCD

DIVISION NO.         Division 4

VENDOR ITEM CODE  GH8SE35008BGK

BINDING RULING #

OR PRECLASS #

REFERENCE NO.

DEPARTMENT NO.      34

VENDOR NO.             3035

FACTORY NO.            105408

COUNTRY OF ORIGIN   INDIA

CATEGORY               636, NON QUOTA

PAYMENT TERMS : OPEN A/C 75 DAYS

DRAWN UNDER : OPEN ACCOUNT

| | QUANTITY (CARTONS) | QUANTITY (INVOICE UNITS) | | AMOUNT (US$) |
|---|---|---|---|---|
| TOTAL INVOICE | 541.00 | 6492.00 | ASSORTMENTS | $      53,559.00 |

TOTAL US DOLLARS :     **FIFTY THREE THOUSAND FIVE HUNDRED FIFTY NINE ONLY.**

TOTAL NO. OF CTNS :   01 TO 541  (541 PKGS)

TOTAL NET WT.    :    2,538    KGS.

TOTAL GROSS WT.  :    3,350    KGS.

CARTON DIMENSION :    61X46X18 CMS/541

TOTAL VOLUME     :    27.918   CBM

WE HEREBY DECLARE THAT THIS SHIPMENT DOES NOT CONTAIN SOLID WOOD PACKING MATERIAL PRODUCED IN A QIZ

OWN QUOTA, NO QUOTA CHARGES ARE INCLUDED IN FOB PRICE OF GOODS.

Signature and stamp of company
For ORIENT CRAFT LIMITED

Authorised Signatory