Patricia B. Fugée
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH  43553
Phone/Fax: (419) 874-6859
Email: patricia.fugee@fisherbroyles.com
Counsel to Clover Technologies Group, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**CLOVER TECHNOLOGIES GROUP, LLC'S REQUEST FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIMS**

Clover Technologies Group, LLC ("Clover") respectfully submits this request for allowance and payment of its administrative expense claim (the "Request"), pursuant to 11 U.S.C. §§ 503(a), 503(b)(1)(A), and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## RELEVANT BACKGROUND

2.  On October 15, 2018 (the "Petition Date"), Kmart Corporation, a debtor and debtor in possession in the above-captioned chapter 11 cases, (the "Debtor" and, with the other debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under Rule 1015(b) of the Federal Rule of Bankruptcy Procedure.

3.  The Debtors have continued to operate and manage their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

4.  On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief* (the "Confirmation Order," Docket no. 5370), which provides, among other things, for adoption of the Administrative Expense Claims Consent Program (the "Program") effective as of that date.  Pursuant to the Program, creditors holding administrative claims must still file their administrative expense claims, thereby requiring the filing of this Request, despite the fact that Clover intends to opt-in to the Program with respect to the claim set forth in this Request.  The Confirmation Order further provides that all requests for administrative expense claims are adjourned until a date as determined by the Debtors or Liquidating Trust, as applicable, and so no hearing date is requested as part of this Request.

5. Clover is the global leading in providing business with intelligent environmental solutions focused on the recovery, remanufacturing and remarketing of technology assets. Clover has built a comprehensive and diverse solutions portfolio in the categories of imaging solutions, printer supplies and services and mobile device solutions. It is the global leading provider of remanufactured laser and inkjet cartridges and printer parts, and provides other quality imaging supplies.

6. Prior the Petition Date, Clover and the Debtor were parties to a *Scan-Based Trading and Consignment Agreement* dated April 3, 2012 (the "Consignment Agreement") pursuant to which Clover provided the Debtor with a variety of products for sale to consumers, primarily consisting of ink, color toner, mono toner, MICR, and postage products as well as all other products manufactured and/or distributed by Clover (the "Merchandise"), on a consignment basis.

7. Pursuant to the Consignment Agreement, Clover delivered the Merchandise to Kmart but retained title and ownership of the Merchandise until it is scanned by Kmart at the register, at which time it is purchased and then resold to the retail customer. The Consignment Agreement provides that the parties intend for it to be a "consignment" arrangement agreement under § 9-102(2) of the Uniform Commercial Code ("UCC") and that all Merchandise delivered thereunder is consigned merchandise within the meaning of the UCC.

8. In order to perfect its interest in the Merchandise, Clover filed its UCC-1 financing statement in Michigan (document number 2012099717-3, amendment document number 20170303000786-1). Clover also provided notice to the holders of existing security interests, including most recently, providing such notice in 2016 to such holders, including but not limited to, Bank of America, JPMorgan Chase Bank, and Wells Fargo Bank.

9. Pursuant to this *Court's Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidating Consulting Agreement* (the "Store Closing Order"), entered on November 19, 2018 (docket no. 823, at ¶ 36-41), the Debtor was required to put the proceeds from the sale of the Merchandise in a trust account and was required to pay for post-petition sales under the Consignment Agreement from the trust account.

10. The Debtor substantially all of its assets to Transform Holdco LLC ("Transform") pursuant to the Debtors' court-approved sale, which closed on or about February 11, 2019. Upon information and belief, that sale included a certain amount of the Merchandise then on hand in the stores sold to Transform, subject to Clover's security interest. However, the sums sought in this Request pertain solely to Merchandise sold (or lost or destroyed) by the Debtor prior to the sale to Transform.

11. The Debtor did make numerous post-petition payments to Clover in accordance with the Consignment Agreement and Store Closing Order. However, pursuant to the Consignment Agreement and related terms and conditions, Clover and the Debtor analyzed the Merchandise shipped, on hand and sold quarterly to determine any "shrink" in the Merchandise shipped, which "shrink" became due and payable to Clover.

12. Based upon the agreed amount of shrink, Clover invoiced the Debtor for a total of $135,367.50 on a post-petition basis, for which Clover has not been paid. True copies of these invoices are attached hereto as Exhibit A.

13. In addition to the "shrink," the Debtor also took several improper debits from the payments made to Clover, to which the Debtor is not entitled, in the net amount of $7,013.07. The detail as to the total invoices, credits and improper debits is attached hereto as Exhibit B.

14. The total amount owed to Clover for post-petition sales of Merchandise is

$142,380.57 (the "Administrative Expense Claim").  Clover has requested payment on the Administrative Expense Claim, but payment has not been made.  The Debtor is indebted to Clover in the amount of $142,380.57.

## REQUEST FOR ALLOWANCE AND PAYMENT

15.     Section 503(b)(1)(A) provides for the allowance, as an administrative expense, the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Here, Clover provided goods, i.e. the Merchandise, to the Debtor after the Petition Date, and in the ordinary course of business, and the Debtor benefitted from selling the Merchandise. Therefore, the amounts owed to Clover for the Merchandise are undisputed administrative expenses of the Debtor that are entitled to priority payment under section 503(b)(1)(A) of the Bankruptcy Code.

16.     Clover respectfully requests that its Administrative Expense Claim be allowed in the amount of $142,380.57, and that it be paid as an opt-in administrative claim in accordance with the Program.

## RESERVATION OF RIGHTS

17.     Clover reserves all rights to: (i) file additional or supplemental administrative expense claim requests; (ii) amend this request as Clover determines is appropriate; and (iii) pursue any and all other parties, including, without limitation, Transform, for any amounts due to Clover for any reason, including as a result of, *inter alia*, the sale of Merchandise to Transform. For avoidance of doubt, however, Clover does not seek duplicative recoveries but rather to be paid what is owed pursuant to the Consignment Agreement and the benefits it furnished to the Debtor's estate.

18.     Further, nothing herein is intended to nor should it be construed as a waiver of

any of Clover's rights or remedies, at law or equity, or pursuant to the Consignment Agreement, including, any and all of Clover's setoff and/or recoupment rights.

19. Notice of this Motion will be served on the Debtors, Transform and the "Master Service List" as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405], and in the manner provided therein. Clover respectfully submits that no other or further notice need be provided.

20. No previous application or request was made to this or any other Court regarding the relief requested in this Request.

**WHEREFORE**, Clover respectfully requests that the Court enter an order (i) granting Clover an allowed administrative expense claim in the amount of $142,380.57 pursuant to Section 503 of the Bankruptcy Code, (ii) directing the Debtor to make payment of such allowed administrative expense claim pursuant to the Program, (iii) reserving all of Clover's rights to file supplemental or additional administrative expense requests with the Court for additional amounts that may become due, beyond the $142,380.57 approved by the Court; (iv) reserve all of Clover's rights, at law or equity, pursuant to the Consignment Agreement, as well as Clover's rights to pursue any appropriate non-debtor parties for amounts due under the Consignment Agreement; and (v) providing for such other and further relief as it deems just and proper.

Respectfully submitted,

*/s/ Patricia B. Fugée*
Patricia B. Fugée
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43553
Telephone: (419) 874-6859
Email: patricia.fugee@fisherbroyles.com

- And –

>*/s/ Mark E. Wilson*
>Mark E. Wilson
>FISHERBROYLES, LLP
>203 North LaSalle Street
>Suite 2100
>Chicago, Illinois 60601
>Telephone: (312) 498-8078
>Email: mark.wilson@fisherbroyles.com

## **CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on October 25, 2019, she caused a true and correct copy of the foregoing *Request* to be served electronically and by email upon all those identified in the Master Service List as of 10/23/19 in accordance with this Court's *Amended Order Implementing Certain Notice and Case Management Procedures* (docket no. 405). I hereby further certify that pursuant to the Amended Case Management Order and the local rules, hard copies of the foregoing *Request* were delivered via overnight mail to (i) the Honorable Robert D. Drain, and (ii) the United States Trustee's Office.

>*/s/ Patricia B. Fugée*
>Patricia B. Fugée

## *Exhibit A*

Invoices

# SALES INVOICE



4200 Columbus St  
Ottawa, IL 61350  
Phone: 855-975-7422  
E-Mail: accountsreceivable@cloverimaging.com

| | |
|---|---|
| Invoice Number: | PS-IN28078598 |
| Order Number: | |
| Invoice Date: | 01/31/19 |
| Ship Via: | CTGROUTE CTG ROUTE |
| Customer PO: | Q4 2018 AGREED SHRIN |
| Customer No: | CUST-144529 |
| Terms: | Net 15 days |
| Page: | 1 |

**Bill To Customer:**  
Kmart Corp  
3333 Beverly Rd  
MUST SHIP COMPLETE  
Hoffman Est, IL  60192  
United States

**Ship To Customer:**  
Kmart Corp  
3333 Beverly Rd  
MUST SHIP COMPLETE  
Hoffman Est, IL  60192  
United States

| Item # | Customer Item # | Description | UOM | Qty Ordered | Qty Shipped | Qty B/O | Unit Price | Total Price |
|---|---|---|---|---|---|---|---|---|
| | | Q4 2018 post filing agreed shrink | EA | 1 | 1 | 0 | $42150.2600 | $42,150.26 |

WE VALUE YOUR BUSINESS.  
THANK YOU FOR YOUR ORDER!

Amount Subject to Sales Tax:  $0.00

**PLEASE REMIT PAYMENT TO:**  
Clover Technologies Group, LLC  
PO BOX 775576  
Chicago, IL  60677-5576

| | |
|---|---|
| **Subtotal:** | $42,150.26 |
| **Tax:** | $0.00 |
| **Total:** | $42,150.26 |
| **Applied Entry:** | $0.00 |
| **Remaining Amount:** | $42,150.26 |

# SALES INVOICE



4200 Columbus St  
Ottawa, IL 61350  
Phone: 855-975-7422  
E-Mail: accountsreceivable@cloverimaging.com

| | |
|---|---|
| Invoice Number: | PS-IN28477422 |
| Order Number: | |
| Invoice Date: | 04/30/19 |
| Ship Via: | CTGROUTE CTG ROUTE |
| Customer PO: | Q1 '19 AGREED SHRINK |
| Customer No: | CUST-144529 |
| Terms: | Net 15 days |
| Page: | 1 |

**Bill To Customer:**  
Kmart Corp  
3333 Beverly Rd  
MUST SHIP COMPLETE  
Hoffman Est, IL  60192  
United States

**Ship To Customer:**  
Kmart Corp  
3333 Beverly Rd  
MUST SHIP COMPLETE  
Hoffman Est, IL  60192  
United States

| Item # | Customer Item # | Description | UOM | Qty Ordered | Qty Shipped | Qty B/O | Unit Price | Total Price |
|---|---|---|---|---|---|---|---|---|
| | | Q1 2019 agreed shrink through 02. | EA | 1 | 1 | 0 | $24922.3200 | $24,922.32 |

WE VALUE YOUR BUSINESS.  
THANK YOU FOR YOUR ORDER!

Amount Subject to Sales Tax: $0.00

**PLEASE REMIT PAYMENT TO:**  
Clover Technologies Group, LLC  
PO BOX 775576  
Chicago, IL  60677-5576

| | |
|---|---|
| **Subtotal:** | $24,922.32 |
| **Tax:** | $0.00 |
| **Total:** | $24,922.32 |
| **Applied Entry:** | $0.00 |
| **Remaining Amount:** | $24,922.32 |

# SALES INVOICE



4200 Columbus St  
Ottawa, IL 61350  
Phone: 855-975-7422  
E-Mail: accountsreceivable@cloverimaging.com

Invoice Number: PS-IN28477426  
Order Number:  
Invoice Date: 04/30/19  
Ship Via: CTGROUTE CTG ROUTE  
Customer PO: Q1 '19 AGREED SHRINK  
Customer No: CUST-144529  
Terms: Net 15 days  
Page: 1

**Bill To Customer:**  
Kmart Corp  
3333 Beverly Rd  
MUST SHIP COMPLETE  
Hoffman Est, IL  60192  
United States

**Ship To Customer:**  
Kmart Corp  
3333 Beverly Rd  
MUST SHIP COMPLETE  
Hoffman Est, IL  60192  
United States

| Item # | Customer Item # | Description | UOM | Qty Ordered | Qty Shipped | Qty B/O | Unit Price | Total Price |
|---|---|---|---|---|---|---|---|---|
|  |  | Q1 2019 agreed shrink 02.10.19-0 | EA | 1 | 1 | 0 | $68294.9200 | $68,294.92 |

WE VALUE YOUR BUSINESS.  
THANK YOU FOR YOUR ORDER!

Amount Subject to Sales Tax: $0.00

**PLEASE REMIT PAYMENT TO:**  
Clover Technologies Group, LLC  
PO BOX 775576  
Chicago, IL  60677-5576

Subtotal: $68,294.92  
Tax: $0.00  
Total: $68,294.92  
Applied Entry: $0.00  
Remaining Amount: $68,294.92

***<u>Exhibit B</u>***

Accounting of Sums Due

| Posting Date | Document Type | External Document No. | Document No. | Customer No. | Description | Original Amount | Remaining Amount | Due Date |
|---|---|---|---|---|---|---|---|---|
| 11/14/2018 | Payment | 790003184 | OVERPAYMENT 10/29 | CUST-144529 | OVERPAYMENT 10/29 | (20.88) | (20.88) | 11/14/2018 |
| 11/14/2018 | Invoice | 790003184 | PMT 790003184 SHORT | CUST-144529 | PMT 790003184 SHORT | 71.72 | 71.72 | 11/29/2018 |
| 12/1/2018 | Credit Memo | 10.22.18 CMBNSHP CM | PS-CR551002 | CUST-144529 | Credit Memo S-CR105169 | (83.97) | (14.31) | 12/1/2018 |
| 12/12/2018 | Payment | 12/3/2018 | 12/3/2018 | CUST-144529 | 12/3/2018 | (3,820.28) | (3,820.28) | 12/12/2018 |
| 1/31/2019 | Invoice | Q4 2018 AGREED SHRIN | PS-IN28078598 | CUST-144529 | Invoice S-IN66229 | 42,150.26 | 42,150.26 | 2/15/2019 |
| 2/27/2019 | Invoice | 790028479 | 2/19-2/25 RETURNS | CUST-144529 | 2/19-2/25 RETURNS | 1,500.04 | 1,112.84 | 3/14/2019 |
| 3/6/2019 | Invoice | 790029693 | VPOT991496691 | CUST-144529 | not open | 7,780.53 | 7,780.53 | 3/21/2019 |
| 3/13/2019 | Invoice | 790031042 | VPOT991497212 | CUST-144529 | not open | 9.12 | 9.12 | 3/28/2019 |
| 3/13/2019 | Invoice | 790031042 | VPOT991497213 | CUST-144529 | not open | 1,898.32 | 1,898.32 | 3/28/2019 |
| 4/30/2019 | Invoice | Q1 '19 AGREED SHRINK | PS-IN28477422 | CUST-144529 | Invoice S-IN69437 | 24,922.32 | 24,922.32 | 5/15/2019 |
| 4/30/2019 | Invoice | Q1 '19 AGREED SHRINK | PS-IN28477426 | CUST-144529 | Invoice S-IN69438 | 68,294.92 | 68,294.92 | 5/15/2019 |
| 5/15/2019 | Payment | 790044712 | 3.7482E+11 | CUST-144529 | NOT OPEN | (50.00) | (50.00) | 5/15/2019 |
| 5/29/2019 | Invoice | 790047884 | 3.4152E+11 | CUST-144529 | CREDIT NOT OPEN | 46.01 | 46.01 | 6/13/2019 |
| | | | | | **Post Filing Old Co** | | **142,380.57** | |

## *Exhibit C*

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING CLOVER TECHNOLOGIES GROUP, LLC'S REQUEST FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIMS**

Upon the Request of Clover Technologies Group, LLC ("Clover") for allowance and payment of its administrative expense claim (the "Request"); and the Court having jurisdiction to decide the Request and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Request having been provided; and such notice having been adequate under the circumstances; and it appearing that no other or further notice need be provided; and the

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Clover is allowed an administrative expense claim in the above-captioned cases pursuant to 11 U.S.C. § 503(b)(1)(A) in the amount of $142,380.57 (the "Allowed Administrative Claim").

3. The allowance of the Allowed Administrative Claim is without prejudice to Clover's rights to file a subsequent or amended administrative expense request with respect to different transactions or claims than those covered by the Request.

4. Payment of the Allowed Administrative Claim shall be consistent with treatment of opt-in claims under the Administrative Expense Claims Consent Program approved by this Court's *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief* (Docket no. 5370).

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

DATED:          , 2019
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

2