DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)

*Attorneys for Orient Craft Ltd., Eric Jay Ltd and*
*Stolass Company*

**Hearing: November 20, 2019 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

SEARS HOLDING CORPORATION, *et al.*,

          Debtor.

-------------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

## OBJECTION OF ORIENT CRAFT LIMITED, ERIC JAY LTD, AND STOLAAS COMPANY TO DEBTORS' FOURTH PLAN SUPPLEMENT IN CONNECTION WITH MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Orient Craft Limited ("Orient Craft"), Eric Jay Ltd ("Eric Jay") and Stolaas Company ("Stolaas" and together with Orient Craft and Eric Jay, the "Claimants"), by their attorneys, submit this objection to the Debtors' Fourth Plan Supplement in Connection with Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors [Doc 5335] (the "Fourth Plan Supplement").

      1.    Claimants object to the contingent compensation proposed for the Liquidating Trust Board Members.

2.    Orient Craft filed a claim under §503(b)(9), but the Debtors contend this claim should be classified as an unsecured claim. Eric Jay filed a claim under §503(b)(9), but the Debtors contend this claim should be reclassified as an unsecured claim. Eric Jay also filed an unsecured claim. Stolaas filed a claum under §503(b)(9), but the Debtors contend this claim should be reclassified as an unsecured claim.

3.    The proposed contingent compensation is excessive and unwarranted.

4.    There should be full disclosure of the process for determining the criteria and amount of the contingent compensation, the identities of all of the people involved in this process and the role that they played.

5.    Claimants will request the production of all relevant documents and reserve their rights to depose the Liquidating Trust Board Members and others, after such documents have been produced. Claimants, by their counsel, will enter into an appropriate confidentiality agreement.

6.    The record before the Court on this issue is bare. At the confirmation hearing, there was no testimony or other evidence regarding the contingent compensation for the Liquidating Trust Board Members. In fact, the Debtors' witnesses who were questioned about the matter, including two of the Liquidating Trust Board Members, claimed to have no knowledge at all, at that time, about their proposed contingent compensation. Nor is there any relevant information in the Fourth Plan Supplement other than the amounts of the proposed contingent compensation.

2

7.    Accordingly, the Court should not approve the contingent compensation at this time.


Dated: New York, New York
       October 25, 2019

DAVIDOFF HUTCHER & CITRON LLP

By:   /s/ David H. Wander
        David H. Wander
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
*Attorneys for Orient Craft Limited, Eric Jay Ltd, and Stolass Company*

3