Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4   In the Matter of:

5

6   SEARS HOLDINGS CORPORATION,        Case No. 18-23538-rdd

7

8          Debtor.

9   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10

11

12                  U.S. Bankruptcy Court

13                  300 Quarropas Street

14                  White Plains, New York 10601

15

16                  October 23, 2019

17                  10:19 AM

18

19

20

21   B E F O R E :

22   HON ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  A. VARGAS

Page 2

1   Notice of Agenda of Matters Scheduled for Hearing on October

2   23, 2019 at 10:00 a.m.

3

4   Notice of Assumption and Assignment of Additional

5   Designatable Leases (ECF 3298)

6

7   Second Interim Fee Application of Deloitte & Touche LLP for

8   Compensation for Services Rendered and Reimbursement of

9   Expenses Incurred as Independent Auditor and Advisor from

10  March 1, 2018 through June 30, 2019, fee $91,365.50,

11  expenses: $0.00 (ECF 4826)

12

13  Joinder by Pearl Global Industries Ltd (ECF 4990)

14

15  Joinder Omnibus Objection of Cherokee Debt Acquisition, LLC,

16  Hain Capital Investors Master Fund Ltd., Whitebox Asymmetric

17  Partners LP, Whitebox Multi-Strategy Partners, L.P. (ECF

18  5012)

19

20  A.O. Smith Corporation's Joinder to Priority Claimant

21  Consortium Joinder, Omnibus Objection to Fee Applications

22  (ECF 5044)

23

24  Limited Objection of Mien Co. Ltd. (ECF 5159)

25

Page 3

1    Second Interim Fee Application of Deloitte Transactions and

2    Business Analytics LLP for Compensation for Services

3    Rendered and Reimbursement of Expenses Incurred as

4    Bankruptcy Advisor from March 1, 2019 through June 30, 2019

5    fee: $2,177,270.75, expenses:  $100,390.95 (ECF 4827)

6

7    Second Application of Alvarez and Marsal North America, LLC

8    as Financial Advisors for the Debtors, for Interim Allowance

9    of Compensation of Professional Services Rendered and

10   Reimbursement of Actual and Necessary Expenses Incurred from

11   March 1,2019 through June 30, 2019 (ECF 4828)

12

13   Second Interim Fee Application of Paul, Weiss, Rifkind,

14   Wharton & Garrison LLP, Attorneys for the Debtors and

15   Debtors In Possession, for the period from March 1, 2019

16   through and including June 30, 2019 (ECF 4834)

17

18   Second Interim Fee Application of Staut Risius Ross, LLC,

19   Real Estate Consultant and Advisor for the Debtors for the

20   period from March 1, 2019 through and including June 30,

21   2019 (ECF 4835)

22

23

24

25

Page 4

1    Second Interim Fee Application of Evercore Group, L.L.C. for

2    Allowance of an Administrative Claim for Compensation of

3    Services Rendered and Reimbursement of Expenses Incurred as

4    Investment Banker to the debtors for the period from March

5    15, 2019 through and including July 14, 2019 (ECF 4837)

6

7    Second Interim Fee Application of Prime Clerk LLC, as

8    Administrative Agent to the Debtors for Services Rendered

9    and Reimbursement of Expenses for the period from March 1,

10   2019 through and including June 30, 2019 (ECF 4840)

11

12   Second Interim Fee Application of FTI Consulting, Inc.,

13   Financial Advisor to the Official Committee of Unsecured

14   Creditors of Sears Holdings Corporation, et al. for Interim

15   Allowance of Compensation and Reimbursement of Expenses for

16   the period from March 1, 2019 through and including June 30,

17   2019 (ECF 4841)

18

19   Second Interim Fee Application of Houlihan Lokey Capital,

20   Inc. Investment Banker to the Official Committee of

21   Unsecured Creditors, for Interim Allowance of Compensation

22   and Reimbursement of Expenses for the period from March 1,

23   2019 through and including June 30, 2019 (ECF 4842)

24

25

1    First Joint Application of Paul E. Harner, as Fee Examiner

2    and Ballard Spahr LLP. as Counsel to the Fee Examiner for

3    Interim Allowance of Compensation for Professional Services

4    Rendered and Reimbursement of Expenses from April 22, 2019

5    through June 30, 2019 (ECF 4844)

6

7    Second Interim Fee Application of Akin Gump Strauss Hauer &

8    Feld LLP as Counsel to the Official Committee of Unsecured

9    Creditors for Allowance of Compensation and Reimbursement of

10   Expenses for the period from March 1, 2019 through and

11   including June 30, 2019 (ECF 4846)

12

13   Second Interim Fee Application of Deloitte Tax LLP for

14   Compensation and Reimbursement of Expenses for the period

15   from March 1, 2019 through and including June 30, 2019 (ECF

16   4848)

17

18   Second Application of Weil, Gotshal & Manges LLP, as

19   Attorneys for the Debtors, for Interim Allowance of

20   Compensation and Reimbursement of Expenses for the period

21   from March 1, 2019 through and including June 30, 2019 (ECF

22   4860)

23

24

25

Page 6

1    Second Interim Fee Application of Young, Conaway, Stargatt &

2    Taylor, LLP, as Conflicts Counsel for the Debtors for the

3    period from March 1, 2019 through and including June 30,

4    2019 (ECF 4862)

5

6    First Application for Interim Professional Compensation for

7    Elise S. Frejka, Ombudsman Consumer, period:  12/3/2018 to

8    7/31/2019, fee: $108,386.25, expenses: $663.26 (ECF 4910)

9

10   Motion of Brian Coke Ng for Relief from the Automatic Stay

11   (ECF 5230)

12

13   Debtors' Objection (ECF 5388)

14

15   Movant's Reply Brief/Affidavit in Support of Motion (ECF

16   5469)

17

18   Adversary proceeding:  19-08269-rdd Ng v Sears Holding

19   Corporation et al PDX, Inc.'s Motion to Dismiss Adversary

20   Complaint (ECF 5)

21

22   Debtors' Motion to Dismiss Adversary Complaint (ECF 7)

23

24   Declaration of Jessie B. Nishkin in Support of Debtors'

25   Motion to Dismiss Adversary Complaint (ECF 8)

Page 7

1   Oleg Bitman Notice of Debtors' Motion to Dismiss Adversary

2   Complaint and Declaration of Jessie B. Ishkin in Support of

3   Debtors' Motion to Dismiss Adversary Complaint (ECF)

4

5   Opposition of Brian Coke Ng to PDX, Inc.'s Motion (ECF 10)

6

7   Adversary Proceeding: 19-08269-rdd Ng v Sears Holding

8   Corporation et al Motion to Strike the Affidavit of Service

9   by Oleg Bitman (related document(s)9)

10

11  Adversary Proceeding: 19-08269-rdd Ng v Sears Holding

12  Corporation et al Motion to Strike the Declaration of Jessie

13  B. Mishkin (related document(s)8)

14

15  Adversary Proceeding: 19-08269-rdd Ng v Sears Holding

16  Corporation et al Plaintiff's Affidavit in Support of

17  Application and Request for Certificate of Default (ECF 15)

18

19  Motion of Brian Coke Ng for Default Judgment (ECF 16)

20

21  Plaintiff's Affidavit in Support of Entry of Default

22  Judgment and Damages (ECF 24)

23

24

25  Transcribed by:  Sherri L. Breach

```
 1    A P P E A R A N C E S :

 2    WEIL GOTSHAL & MANGES

 3         Attorneys for Debtors

 4

 5    BY:  GARRETT FAIL, ESQ.

 6         OLGA PESHKO, ESQ.

 7         JENNIFER CROZIER, ESQ.

 8

 9    CLEARY GOTTLIEB STEEN & HAMILTON

10         Attorneys for Transform Holdco & affiliates

11

12    BY   LUKE BAREFOOT, ESQ.

13

14    AKIN, GUMP, STRAUSS, HAUER & FELD, LLP

15         Attorneys for Official Committee of Unsecured Creditors

16

17    BY:  PHIL DUBLIN, ESQ.

18

19    KIRBY AISNER & CURLEY, LLP

20         Attorneys for PDX Inc. & National Health Information

21

22    BY:  JULIE CVEK CURLEY, ESQ.

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              THE COURT:   Okay.  Good morning.  In re: Sears
 3    Holdings Corp., et al.
 4              MR. FAIL:  Good morning, Your Honor.  For the
 5    record, Garrett Fail, Weil Gotshal and Manges for the
 6    debtors.  Thank you and your chambers for the time this
 7    morning.  And the agenda has been reduced from -- on the
 8    calendar that was previously scheduled.
 9              The first matter on the agenda is an uncontested
10    matter related to a notice of assumption and assignment of a
11    designatable lease.
12              For this matter I propose to turn over the podium
13    to Mr. Barefoot from Cleary to walk the Court through.
14              THE COURT:  Okay.
15              MR. FAIL:  Thank you, Your Honor.
16              MR. BAREFOOT:  Good morning, Your Honor.
17              THE COURT:  Good morning.
18              MR. BAREFOOT:  For the record, Luke Barefoot from
19    Cleary Gottlieb Steen & Hamilton, LLP for Transform Holdco
20    and its affiliates.
21              Your Honor, Agenda Item Number 1 addresses the
22    assumption and assignment of a lease with Starboard Platform
23    Brighton Jv LLC that governs a distribution center located
24    in Brighton, Colorado.  This has been on and off the agenda
25    for some time.  The main issue that it's --
```

Page 10

1              THE COURT:  This is the roof, right?

2              MR. BAREFOOT:  Correct.  Correct, Your Honor.

3              THE COURT:  The $10 million roof?

4              MR. BAREFOOT:  The main issue that has held us up

5    was the issue of non-monetary defaults related to some

6    structural repairs that the landlord alleged were required

7    to be completed to the roof as a condition to assumption and

8    assignment.

9              I am pleased to report that the parties have

10   negotiated a comprehensive amendment to the lease that

11   addresses a time frame and a construction agreement to

12   complete an agreed upon scope of repairs and that removes

13   any roadblock to assumption and assignment.

14             THE COURT:  Okay.

15             MR. BAREFOOT:  We have an agreed upon form of

16   order that reflects minor modifications to the form of order

17   we have typically been using for lease assignments mainly to

18   address the amendment to the lease and the obligations that

19   are related to that.

20             I'm happy to hand that up or simply submit it to

21   chambers --

22             THE COURT:  You can --

23             MR. BAREFOOT:  -- following the hearing.

24             THE COURT:  You can email it to chambers.  As long

25   as the parties have agreed on the parameters of dealing with

Page 11

1    the roof which is the issue that was before the Court, I am

2    satisfied.  So you can email that to chambers.

3           MR. BAREFOOT:  Very good, Your Honor.  And with

4    that just as a -- in the nature of a status update, with

5    this we are now literally down to two outstanding leases for

6    assumption and assignment.  There has been a stipulation

7    submitted where those have been set down for a hearing, a

8    non-omnibus hearing on November 21st.

9           THE COURT:  Okay.  Is that going to be an

10   evidentiary hearing?

11          MR. BAREFOOT:  Your Honor, the parties -- our

12   colleagues at DLA Piper actually are handling those two and

13   the parties are still in discussions I think with the hope

14   of avoiding an evidentiary hearing.  But if it goes forward

15   it would be an evidentiary hearing.

16          THE COURT:  Okay.  Well, can you just convey to

17   them and they should convey to the other side, too, that if

18   the parties do intend to produce evidence, they should --

19   let me back up.  If they agree on the documentary evidence,

20   there's no problem.  If they intend to have witnesses, they

21   should follow my normal practice of having witness

22   declarations provided to chambers a week in advance and an

23   agreed exhibit book with the witnesses there for cross.

24          MR. BAREFOOT:  Understood, Your Honor.  We hear

25   you loud and clear on that.

1          THE COURT:  Okay.  And --

2          MR. BAREFOOT:  Thank you.

3          THE COURT:  -- I think they understand that

4    because that's how they've handled the relatively small

5    number of prior evidentiary hearings on these issues.  But

6    if you would just communicate that to them I would

7    appreciate it.

8          MR. BAREFOOT:  Very good, Your Honor.  Thank you.

9          THE COURT:  Okay.

10          MR. FAIL:  Your Honor, the next item on the agenda

11   fall under the category of fee matters.  There are 15

12   interim fee applications that are on for hearing today going

13   forward on a uncontested basis.  We have circulated a

14   proposed form of order which takes care of 14 of the

15   applications, and the application for the privacy ombudsman

16   was submitted with a separate order which will -- which

17   would approve the fees for that application.

18          If Your Honor would permit, I can hand up a copy

19   now and we would obviously provide an electronic copy to

20   chambers, if it would be helpful I can --

21          THE COURT:  Okay.

22          MR. FAIL:  -- submit it.

23          THE COURT:  Why don't you do that?

24      (Pause)

25          THE COURT:  Thanks.

Page 13

1              MR. FAIL:  Your Honor, I'm happy to answer any

2    questions.  I don't want to prolong the hearing.  There were

3    -- there was one objection filed for the record by the mean

4    company and others.  That objection is not being pursued in

5    light of, among other things, the Court's ruling at the

6    confirmation hearing.  There were several joinders that were

7    filed that fall away when the objection falls away.

8              In addition, several of the joinder parties

9    themselves have communicated that they had no intention of

10   pursuing them.

11             THE COURT:  Okay.  All right.  Are there any

12   (indiscernible) objections to the fee applications?

13             Okay.  That was my understanding at this point.

14             In looking at the order, I guess I have a couple

15   of questions, or the proposed order.

16             One is I gather that the Palsinelli (ph)

17   application is not on?

18             MR. FAIL:  They withdrew without prejudice.  I

19   think we've rescheduled for the next hearing.  I think there

20   was a question as to whether or not it fell into the interim

21   compensation order.  We found out at Weil Gotshal after it

22   was withdrawn.  We are working with them to put it back on

23   to the next hearing and get that resolved, Your Honor.

24             THE COURT:  Okay.  All right.

25             And then --

1          MR. FAIL:  That was an ordinary course

2     professional that --

3          THE COURT:  Yes.  You were concerned they were

4     over the cap and therefore they had filed an application.

5          MR. FAIL:  There was no objection to that

6     application.

7          THE COURT:  But it's not on for today?

8          MR. FAIL:  It's not on for today.

9          THE COURT:  Okay.

10         The second question I have is does this order

11    reflect any reductions off of the applications that had been

12    filed?

13         MR. FAIL:  We verified these amounts with the

14    professionals.  I believe, if you are asking with respect to

15    the fee examiner, Your Honor, or no?

16         THE COURT:  No.  Just whether -- it's often the

17    case that before I have a hearing on a fee application there

18    are discussions among the parties, sometimes with the U.S.

19    Trustee and the applicants announce certain changes to the

20    applications.  I just want to --

21         MR. FAIL:  Each -- and so --

22         THE COURT:  -- confirm whether that --

23         MR. FAIL:  There is no reduction for Weil.  I can

24    speak for myself, Your Honor.  The numbers --

25         THE COURT:  Okay.

1          MR. FAIL:  -- have been vetted with each of the

2     professionals.  So to the extent that there are reductions I

3     will let anyone speak for themselves.

4          I would also add, though, that there's language in

5     here at the request of the fee examiner with consent of all

6     the parties that nothing precludes a further objection at

7     the final stage while we continue to work productively with

8     the fee examiner, you know, due to the volume.  But --

9          THE COURT:  Okay.

10          MR. FAIL:  -- I believe others might want to

11     speak.

12          MR. DUBLIN:  Good morning, Your Honor.  Phil

13     Dublin, Akin Gump on behalf of the committee.

14          Certain of the committee's professionals,

15     including Akin Gump, took voluntary reductions prior to

16     filing the applications.

17          THE COURT:  That's fine.

18          MR. DUBLIN:  And --

19          THE COURT:  I don't -- clearly I have the

20     application.  I just want to know if there's any development

21     since the applications.

22          MR. DUBLIN:  I would say the only development is

23     that all of the retained professionals have received initial

24     reports from the fee examiner and have begun discussions

25     with the fee examiner as we move forward in the fee process

Page 16

1    generally.

2            THE COURT:  Okay.  All right.

3            All right.  And then my last question is obviously

4    this is embodying the confirmation order already.  There are

5    I think a total of 12 million of fees that are dealt with

6    one way or another in the aggregate of professionals through

7    the confirmation order that are not in the carve out

8    account.

9            The 3 million that was agreed to with various

10   administrative expense parties, and then the 9 million that

11   I believed I needed to have pulled out so that I could be

12   assured of sufficient record for confirming the plan on

13   feasibility grounds.

14           This doesn't effect that at all, this proposed

15   order, correct?

16           MR. FAIL:  Your Honor, it's consistent with that.

17   So this order grants the applications, permits the payment

18   of the holdback with respect to these professionals.  The

19   resolution, Your Honor, referred to included the additional

20   $9 million that was released from the carve out to address,

21   you know, and avoid the need for any holdback.  And the

22   confirmation order provided for, you know, in the

23   contingency in the event that there's not enough later for

24   an allocation, a pro rata allocation.

25           So this order, we believe, is consistent with your

Page 17

1    prior ruling.

2              THE COURT:   Okay.   All right.   Well, it certainly

3    doesn't alter it.

4              MR. FAIL:   It certainly doesn't alter it.

5              THE COURT:   All right.   So I -- does anyone have

6    anything further to say on these applications?

7              I have the request by the U.S. Trustee to appear

8    by phone, which states that the U.S. Trustee does not object

9    to these interim applications.

10             But does anyone else wish to say anything?

11             Okay.   I am obviously mindful of the fact that

12   there is a fee examiner in this case as sought by the U.S.

13   Trustee, and that he has reserved his rights generally.   And

14   based on my review of the applications, the lack of

15   objection and that reservation of rights, I am going to

16   grant the applications in the amounts sought obviously on an

17   interim basis.

18             I do want to note, and this may be part of the

19   ongoing review, a couple of issues.

20             First, there is a fair amount charged by certain

21   professionals for preparation of fee applications.   And I'm

22   careful to say that I'm not concerned about review of

23   others' fee applications, which is a perfectly appropriate

24   process and can be time consuming.

25             But there's a fair amount of case law in this

1    district about what should be put in to preparing the fee

2    application and the numbers are pretty high for some

3    professionals on that score.

4              Secondly, there are certain applications that were

5    hard for me to determine what was really done because of

6    vagueness in listing the work done.  Largely that was by

7    parties who may not normally do bankruptcy work, including

8    the real estate consultants, Staut Risius, as well as some

9    work done by Evercore.

10             And I'm assuming that if there are questions about

11   those, the examiner will bring them up and hopefully the

12   parties will be able to satisfy him that the work that was

13   -- to describe the work that was done and that it was

14   reasonable under the circumstances with more detail.

15             And then lastly the committee has a substantial

16   expense item for a property appraiser.  I don't really know

17   much about that.  I mean, that appraiser was not separately

18   retained or was it separately retained?

19             MR. DUBLIN:  For the record, Phil Dublin.  It was

20   not separately retained.  We discussed the issue with the

21   Office of the United States Trustee beforehand --

22             THE COURT:  Right.

23             MR. DUBLIN:  -- in order to avoid the costs

24   associated with the application.

25             THE COURT:  Okay. So I just wanted to highlight

Page 19

1    the issue.  Again, it's -- again, we have a fee examiner

2    here.  We have an active U.S. Trustee.  It may not be an

3    issue.  I just wanted to make sure someone had focused on

4    it.

5            MR. DUBLIN:  Understood.

6            THE COURT:  Okay.  Okay.  Let me just make sure I

7    don't have any other points to raise.

8        (Pause)

9            THE COURT:  I want to be clear.  I'm not reducing

10   the fees based on these points.  I just think that I wanted

11   to -- I just wanted to highlight the issues so that in the

12   unlikely event that they're not being discussed they will

13   be.

14           So I'll grant the applications in the amounts

15   sought.

16           MR. FAIL:  Thank you, Your Honor, appreciate that

17   and for the guidance going forward.

18           THE COURT:  Okay.

19           MR. FAIL:  That takes us to the next items on the

20   agenda, which are listed as the contested matters by Brian

21   Coke Ng.  There's a motion for relief from the automatic

22   stay of an adversary proceeding.  The debtors have filed an

23   objection to the release from the stay and a motion to

24   dismiss.  My colleagues, Olga Peshko and Jennifer Crozier

25   are here today to answer any questions the Court may have.

Page 20

1          THE COURT:  Okay.

2          MR. FAIL:  I believe Mr. Ng requested to

3    participate by phone.  And unless Your Honor has questions I

4    can turn it over to you or to --

5          THE COURT:  Okay.

6          MR. FAIL:  -- Mr. Ng.

7          THE COURT:  But before we move to those matters,

8    anyone who is on the phone or here in person just on the fee

9    applications should feel free to leave or to hang up if

10   you're on the call.

11         UNIDENTIFIED SPEAKER:  Thank you.

12         THE COURT:  Okay.  So as far as the matters

13   involving Mr. Ng, and that's spelled N-G for the court

14   reporter's purposes, Mr. Ng, you are on the phone?

15         MR. NG:  Yes, Your Honor.  Good morning.

16         THE COURT:  Okay.  Good --

17         MR. NG:  Good morning, Your Honor.

18         THE COURT:  Good morning.  So we have a number of

19   matters on the calendar related to Mr. Ng.  There is a lift

20   stay motion to lift the stay to permit Mr. Ng to pursue

21   workers' compensation board litigation.  There is a --

22   actually two, there are two motions to dismiss the complaint

23   that Mr. Ng has brought against two of the debtors as well

24   as PDX Inc. and National Health Information Network, which

25   I'll refer to as National Health.

Page 21

1              And related to that adversary proceeding and the

2    motions to dismiss, Mr. Ng has brought a motion for a

3    default judgment, for entry of default and then for a

4    default judgment against the debtors who are defendants in

5    that adversary proceeding as well as motions to strike the

6    affidavit of service and an affidavit attaching the

7    transcript of a prior hearing.

8              Why don't we deal with the lift stay motion first

9    which is your motion, again, Mr. Ng, to lift the stay to

10   proceed with workers' compensation board litigation.

11             MR. NG:  Yes, Your Honor.

12             So you want me to begin first or --

13             THE COURT:  Yes.  Well, I have reviewed the

14   pleadings on this, including the filing that you filed on

15   the 22nd in support of your motion to lift the stay and in

16   response to the debtors' objection to it.

17             So you can assume that I've read those pleadings.

18   I did -- maybe I can start by asking you a couple of

19   questions, Mr. Ng.

20             MR. NG:  Yes, Your Honor.

21             THE COURT:  First, this workers' compensation

22   proceeding, workers' compensation board proceeding is --

23   there's no pending proceeding, correct?  You want to start

24   one?

25             MR. NG:  There is no -- well, I have a case there

Page 22

1   which is currently closed, but I have attempted to reopen

2   because of changes in my medical conditions.  And I think I

3   have a responsibility to do that.

4        But based upon the -- my reply papers that I have

5   submitted -- filed with the Court, I respectfully request

6   that the Court accept my argument as it is and make a

7   decision based on it because currently I am on several

8   medications and I don't know how well I could do today.  But

9   I respectfully ask the Court given the arguments, written

10  argument that I have submitted to accept my argument as in

11  my moving papers as they -- as well as in the reply papers.

12       THE COURT:  Okay.  Well, I will do that.  But I do

13  want to make sure I have a correct understanding of a couple

14  of facts from you.

15       First --

16       MR. NG:  Yes, Your Honor.

17       THE COURT:  -- there is a -- is there a pending

18  matter before the workers' compensation board involving you?

19       MR. NG:  Not yet because I am waiting for

20  permission from the Court to give me the opportunity to file

21  those papers.

22       THE COURT:  So can -- I'm sorry.  Can I interrupt

23  you?  So have you made a claim for reimbursement of your

24  medication expenses from 2010 from the workers' compensation

25  board or from a former employer?

Page 23

1          MR. NG:  Well, with respect to the reimbursement

2    claims that I'm seeking, and that is one of the reasons why

3    I am -- I had wished to file a subpoena to get the records

4    so that I can have the information because the records that

5    I was receiving before prior to the subpoena was

6    insufficient.  It didn't provide the details --

7          THE COURT:  No.  I understand.  I understand that.

8    I'm asking a more limited question which is --

9          MR. NG:  Okay.

10          THE COURT:  -- you are -- ultimately you want to

11    recover money that you believe you should be reimbursed or

12    paid from your employer or from the workers' compensation

13    board for certain medicine, right, from 2010?

14          MR. NG: Yes.  And that's what -- yes.  And those

15    -- there is no time limit as to when I should submit a claim

16    --

17          THE COURT:  Okay.  And so that amount --

18          MR. NG:  -- (indiscernible).

19          THE COURT:  -- so that hasn't been turned -- that

20    claim has not been turned down yet, but you believe you have

21    that claim and you want to be able to submit it correctly,

22    right?

23          MR. NG:  No.  I did submit -- I've been receiving

24    some documents in November 6th.  I did submit a claim to the

25    workers' compensation.  I didn't hear from them again.  But

Page 24

1    that is -- they have, I believe, 45 days from the date they

2    receive the claim to pay it.  And they did not pay it.  So

3    --

4              THE COURT:  And what was the amount of that claim?

5              MR. NG:  For medical expense that -- prescriptions

6    that I had filled at the pharmacy back in 2010.

7              THE COURT:  Right.  But --

8              MR. NG:  And so they -- I'm not seeking from the

9    debtors any money to pay for that.  What I'm seeking is my

10   records, treatment records that will address according to

11   the workers' compensation law --

12             THE COURT:  Okay.

13             MR. NG:  -- (indiscernible) --

14             THE COURT:  Can --

15             MR. NG:  -- schedule.

16             THE COURT:  Right.  But what was the amount of the

17   claim that you have asserted you should be paid?  Was it --

18   it's $93, right, and 73 cents?

19             MR. NG:  Yes.  Yes.  I (indiscernible) those money

20   (indiscernible) based on the fact I have not worked for so

21   long and I am -- I'm having a hardship.  And so I need those

22   reimbursement money.  Those are something that I make so

23   much effort to get the medical records and to submit the

24   information.

25             THE COURT:  All right.  Okay.  So, Mr. Ng, the

1    board and your former employer have not rejected that claim;

2    is that right?  That claim is still pending?

3                MR. NG:  Well, it's -- I don't know that.  I

4    haven't heard from anybody.

5                THE COURT:  You haven't heard from them?

6                MR. NG:  No.

7                THE COURT:  Okay.

8                MR. NG:  I haven't heard from them, but those

9    expenses -- what is in conflict is that -- and this conflict

10   only came back in November 6th when I received those

11   documents that it's not consistent with the purchase that I

12   had made for the prescription back in 2010.

13               THE COURT:  Okay.

14               MR. NG:  There is a conflict surrounding those

15   records.  And so not only that, they (indiscernible) I had

16   not complied with my subpoena.  That's the essence of my

17   actual complaint, why I brought them to court.

18               THE COURT:  All right.  But the amount at issue is

19   not $93.63?

20               MR. NG:  Somewhere about that, something like that

21   for reimbursement.

22               THE COURT:  Okay.  All right.  Okay.  So I have

23   read the pleadings and I'm happy to -- I think I've had

24   clarification on the factual issues that I wanted to have

25   clarification on.

Page 26

```
 1              I'm happy to hear from the debtors, too, although
 2      the pleadings laid out their issues quite clearly.
 3              MS. PESHKO:  Your Honor, we're happy to rest on
 4      our pleadings.
 5              THE COURT:  All right.  So I have a ruling on this
 6      issue, but I also have a suggestion.  And it would relate
 7      also to the complaint that was filed that is taking up a
 8      great deal of the parties' time and energy on both sides.
 9              First, as to the ruling, a workers' compensation
10      board action by its terms is a matter dealing with workers'
11      compensation claims; that is, claims by an employee
12      originally against his employer or her employer, but
13      ultimately through the workers' compensation front and the
14      workers' compensation board mechanism for dealing with those
15      claims, to the extent that they're not properly paid by the
16      employer.
17              As I understand it, Mr. Ng was never an employee
18      of these debtors.  Rather, his relationship with the debtors
19      is through one of the debtors' K-Mart Corp.'s filling a
20      prescription or more than one prescription for him.  And it
21      is the reimbursement in connection with that prescription
22      that is the subject of the workers' compensation claim.  But
23      that claim itself would not be against the debtors.  It
24      would be against his former employer and/or the workers'
25      compensation fund.
```

Page 27

1          So joining the debtors in that workers'

2    compensation matter would not lead to any result against the

3    debtors.  It wouldn't resolve any claims that Mr. Ng might

4    have against the debtors, and it would, therefore, not be a

5    efficient way to resolve the claims to the extent that they

6    relate to this bankruptcy case.  The debtor is at most a

7    third party to that action if, in fact, there ever is an

8    issue as to whether the information that Mr. Ng has provided

9    to the workers' compensation board is somehow deficient in

10   providing for a basis for the board to award his claim which

11   is for $93.63.

12          So, therefore, under the case law in the Second

13   Circuit that governs requests like this for relief from the

14   automatic stay to pursue non-bankruptcy litigation, namely

15   In re: Sonnax, 907 F.2d. 1280 (2nd Circuit 1990), I don't

16   believe that Mr. Ng has carried his burden to show cause

17   under Section 362(d)(1) of the Bankruptcy Code to lift the

18   stay to join the debtors in that pending or to be pending or

19   to be revised proceeding.  The burden is on Mr. Ng as laid

20   out in In re: Boudreaux, 126 F.3d. 43, 48 (2nd Circuit 1997)

21   to lay out the initial showing of cause.

22          As far as the Sonnax factors are concerned, the

23   debtors' representations that they don't have any insurance

24   that would cover this particular claim, I accept, not only

25   based on their representation that the policy limits have

Page 28

```
 1    been exceeded for the relevant policy years, but also that

 2    this type of policy wouldn't cover a workers' compensation

 3    claim.

 4            Moreover, I don't -- as I said before, the

 5    workers' compensation board wouldn't be able to adjudicate

 6    any claims against the debtors.  And, ultimately, the issue

 7    is the $93.63 which have not -- has not been rejected yet

 8    and may never be rejected by the board and/or the employer.

 9            So I will deny the motion to lift the stay.

10            My suggestion is that as a resolution of all of

11    these matters Mr. Ng assign his claim to the debtors and

12    they can pursue it on his behalf, or not, in return for the

13    debtors' paying him $96.63 (sic).  And then you don't have

14    to worry about this anymore, Mr. Ng.

15            Is that --

16            MR. NG:  Okay.

17            THE COURT:  -- is that an acceptable resolution?

18            MR. NG:  That (indiscernible).  For

19    (indiscernible) to the reimbursement?

20            THE COURT:  To everything.

21            MR. NG:  Okay.  Well, that may have helped in

22    resolving, but with the other part of the issue related to

23    my medical records which I need to have (indiscernible) did

24    not comply with, I would like the Court to make a decision.

25            THE COURT:  All right.
```

1          MR. NG:  -- as to non-compliance.

2          THE COURT:  We could turn to that.  We can turn to

3     that.  I'm just trying to be practical here, sir.  I think,

4     and based on my reading of your complaint, you want those

5     medical records, they are, you know, prescription records,

6     so that you could pursue the reimbursement claim.  If --

7          MR. NG:  Well --

8          THE COURT:  -- the reimbursement claim is paid,

9     then I don't see why you need them at that point because

10    that's the only purpose for them.  They relate to the

11    prescriptions from 2010 and the asserted need for them is to

12    get reimbursed for it.

13         MR. NG:  Right.  And with respect to the reasons

14    of that wasn't the only reason why I need my records.  I

15    need them (indiscernible), Your Honor.  And those are --

16    those -- the issues that came up because of the non-

17    compliance and because of the (indiscernible) misleading

18    information that was provided to the Supreme Court, that in

19    itself has caused me damages.  The subpoena was very clear

20    in terms of providing the documents.

21         In fact, those documents would be -- is needed and

22    I don't believe I should (indiscernible) I have a right and

23    am entitled to those records, not only for the purpose of

24    the records compensation, but for other personal matters.

25         THE COURT:  Well, what other purpose did you need

1    them for?

2              MR. NG:  Well, there is a matter that is very

3    personal in terms of submitting a review of the medical

4    information that was provided to the debtors during the

5    relationship with them.  And they are not able to provide me

6    with those information that was provided to them.  Those

7    were confidential records that I provided to them and it's

8    not -- they're missing.  They are not part of the ones that

9    I had received.

10              In fact, the documents that I had received on

11   November 6th, 2018 never -- in fact, I wasn't expecting them

12   because they went to the court in the Supreme Court and they

13   advised the Court that all records was submit -- was

14   provided to me.  So upon hearing that and giving --

15   misleading the Court that they had provided the records and

16   then later turn around and fax me those documents that you

17   see I have attached to my complaint, was disturbing.

18              THE COURT:  Okay.  No.  I understand --

19              MR. NG:  The fact that --

20              THE COURT:  -- I understand that allegation.  What

21   I don't understand is what purpose do you believe you need

22   those billing and prescription records for other than the

23   reimbursement request?  Why else do you need them?

24              MR. NG:  I need those records, Your Honor, because

25   I'm -- it's my right to have those records.  And not only

1    that, to prove that in another matter which it was against

2    me that I did not provide those -- I did not submit a claim

3    back in 2010.  It has turned against me in the fact that

4    it's showing that I was never submitting a claim in 2010.

5    And the records -- in fact, some of the records that I

6    received shows that the actual person who I gave the --

7              THE COURT:  No.  I don't want to -- I'm just -- I

8    don't -- so what other claim is it that you need the records

9    for?  What is the nature of that claim?

10             MR. NG:  Well, if you look on the subpoena, Your

11   Honor, if you look on the subpoena, the subpoena is very

12   specific in detail --

13             THE COURT:  No.  I understand. I have the

14   subpoena.  I just don't understand what you need them for.

15   What would be the use that you would put the records to?

16             MR. NG:  Well, Your Honor, those records is to

17   prove my case.  It's to prove another case.

18             THE COURT:  Okay.  I guess I'm not going to get an

19   answer on this one.

20             So why don't we move to the motion to dismiss

21   then?  But you can submit -- the debtors should submit an

22   order denying the lift stay motion.

23             MS. PESHKO:  Thank you, Your Honor.  We will.

24             THE COURT:  Okay.  All right.

25             As far as the motion to dismiss is concerned, I

Page 32

1   think I should deal first with the Rule 55 motion for

2   default judgment since obviously if there's a default

3   judgment we wouldn't move any further here.

4            So what is the debtors' response to that motion?

5            MS. CROZIER:  Thank you, Your Honor, and good

6   morning.  Jennifer Crozier, Weil Gotshal & Manges for the

7   debtors.

8            Your Honor, the debtors specifically requested

9   from this Court permission to file a response to Mr. Ng's

10  adversary complaint or rather an extended deadline for a

11  response to Mr. Ng's adversary complaint.  And this Court

12  granted the debtors permission to do so, and the debtors did

13  indeed file their motion to dismiss the adversary complaint

14  in a timely manner.

15           And I do have an email confirming that extended

16  deadline here.  I can hand it up to the Court if necessary.

17           THE COURT:  Okay.  If you could show it to me.

18       (Pause)

19           THE COURT:  Okay.  So Mr. Ng --

20           MR. NG:  Yes, Your Honor.

21           THE COURT:  -- the debtors' counsel has handed me

22  an email chain which isn't referenced in your motion for a

23  default judgment.  The first item in the chain is an email

24  from one of the debtors' lawyers, Ms. Peshko, to me.  It's

25  copied only -- it's sent only to me.

Page 33

1          MR. NG:  Yes, Your Honor.

2          THE COURT:  You're not copied on it.  It says:

3          "The debtors would like to respectfully request an

4    extension of the debtors' deadline to respond to the summons

5    and notice of pretrial conference in an adversary proceeding

6    filed by Brian Coke Ng to this coming Monday, July 22, 2019.

7    We have reached out to Mr. Ng to request an extension over

8    email and left a voice mail on the number he lists in his

9    filings on the record, although I want to note based on the

10   recording on the answering machine we are not sure that is

11   still his number.

12         "In our past communications with Mr. Ng we

13   sometimes receive no responses or Mr. Ng responded in the

14   form of an objection filed on the bankruptcy docket.  So we

15   are concerned we might not hear from him today.

16         "Given that the pretrial conference is being

17   adjourned to August 22, we believe Mr. Ng will not be

18   prejudiced by a short extension of the response deadline and

19   we respectfully request your permission to file the response

20   by Monday, July 22.  Respectfully submitted."

21         I respond back that day with an email to Ms.

22   Peshko that says, "Permission granted."  And then there's a

23   response saying, "Thank you."

24         So it appears to me that I did grant the debtors'

25   request for an extension of the time to answer or otherwise

Page 34

1   move to the 22nd which is when the motion to dismiss was

2   filed.  I appreciate that you later responded to the

3   debtors' request and gave them a shorter extension, and

4   you've attached that email to your motion.  It's actually

5   just a few minutes after Ms. Peshko's email to me, but it is

6   after that email to me.  And you extended voluntarily the

7   deadline to 5:00 on July 18th.

8           But it appears to me given my extension of the

9   time to respond that the answer was filed timely -- not the

10  answer, the motion to dismiss was filed timely.

11          I will also note that even if I had not granted

12  that extension and the debtors had to live with your July

13  18th 5 p.m. date, that in the exercise of my discretion I

14  was prepared to deny the motion given the factors that

15  courts consider when confronted with a motion for a default

16  judgment in the exercise of their discretion, that

17  discretion being considerable given the general desire of

18  the courts to deal with litigation on the merits as opposed

19  to on a default basis.

20          The factors that courts are to consider when

21  there's a motion for a default judgment and there has been a

22  default is the possibility of prejudice to the movant, the

23  merits of the movant's substantive claim.  Related to that

24  is the sufficiency of the complaint, the sum of money at

25  stake, the possibility of a dispute concerning material

1   facts, when the default was due to excusable neglect, and

2   the strong policy favoring decisions on the merits.

3              See generally Moore's Federal Practice, 3rd

4   Edition, Volume 10, paragraph or Section 53.31[2], and the

5   cases cited therein.

6              See also Pinaud, P-I-N-A-U-D v County of Suffolk,

7   52 F.3d. 1139, 1152 (2nd Circuit 1995).

8              Here I don't believe there is prejudice.  As noted

9   in the email, the matter had already been adjourned, the

10  pretrial conference, to August 22nd.  We're now addressing

11  the matter on a motion to dismiss on October 23rd.  There's

12  been ample time for the parties to address the motion to

13  dismiss, including in the reply that was submitted by Mr.

14  Ng.

15             And in addition to that based on my grant of an

16  extension --

17             MR. NG:  Well --

18             THE COURT:  -- there's clearly no excusable

19  neglect.  I mean, excuse me, there is -- there's no neglect.

20  And even if there had been neglect, it would have been

21  excusable.

22             MR. NG:  May I add something, Your Honor?

23             THE COURT:  Okay.

24             MR. NG:  All right.  Your Honor, they did not --

25  even if you had granted that July 22nd, they did not comply.

Page 36

1    They -- the evidence that I had provided shows that the

2    acknowledgement of service is defective based on the fact

3    that they -- their response was mailed on the 23rd at 4

4    p.m., after 4 p.m. in (indiscernible).

5              THE COURT:  Well, it was --

6              MR. NG:  And the affidavits of service --

7              THE COURT:  Can I interrupt you?

8              MR. NG:  The affidavits of service --

9              THE COURT:  It was filed on the 22nd, which was

10   the date that I extended the date to answer or otherwise

11   move.  So the filing date was the 22nd.  And it -- you

12   haven't really addressed whether it was sent to your email.

13   You say that ECF service you've rejected and that's correct.

14   But the case management order in this case permits separate

15   email service.  I don't think you've opted out of separate

16   email service generally for this case.

17              In any event, the motion to strike the affidavit

18   or certificate of service doesn't refer to your separate

19   email address and, of course, you have email address receipt

20   as evidence generally, not with regard to the motion to

21   dismiss, but in other matters including the email that's

22   attached to the motion for a default judgment.

23              MR. NG:  Yes, but --

24              THE COURT:  But in any event, it's not -- this is

25   not prejudicial.  The complaint, as we'll get to --

1          MR. NG:  Okay.

2          THE COURT:  -- has serious problems with it, and I

3     still don't understand the amount at issue in terms of

4     actual damages and whether they exceed $93.

5          So, again, if everyone would agree that the

6     damages on default were $93.63, I might actually award that

7     so we could get over with this and you can get on with your

8     life, sir.  But if you want to keep litigating this, that's

9     my ruling.  You should keep litigating it.  And I won't

10    grant the motion of a default.

11         MR. NG:  Okay.  Okay, Your Honor.  With respect to

12    the default, then if the Court has decided that the

13    affidavit of service was not -- was in favor of the

14    defendants (indiscernible), I will accept, Your Honor, if

15    you -- if the Court finds that the affidavits of service

16    (indiscernible).

17         THE COURT:  Well, I -- on that point, in your

18    motion to strike the certificate of service you have not

19    stated that you didn't get the email, not the ECF email, but

20    the email to your personal email address which is the

21    correct email address.  It's the same address listed in the

22    email --

23         MR. NG:  (Indiscernible).

24         THE COURT:  -- to the debtors' counsel granting --

25         MR. NG:  (Indiscernible).

1              THE COURT:  Let me finish, sir.  Granting the

2       extension to the 18th.  You haven't stated that you didn't

3       receive that.  And, secondly, I'm prepared to accept that

4       the motion to dismiss was actually sent out initially by the

5       overnight carrier a day after it was stated in the

6       certificate that it was provided to the overnight carrier.

7              So I'm happy to correct it in that way.  I don't

8       believe that that extra time was at all prejudicial.

9              MR. NG:  (Indiscernible) I did not have the

10      documents in time to actually respond --

11             THE COURT:  Right.

12             MR. NG:  -- and given that -- yeah.

13             THE COURT:  That's the ultimate point is that you

14      have had the documents for a substantial amount of time.

15      And I don't think there's been prejudice from -- if there

16      was a delay, a delay of about 12 hours.

17             MR. NG:  Okay.

18             THE COURT:  So I'll deny that motion.

19             And then we -- just to deal with the other

20      remaining motion before the motions to dismiss, there's a

21      motion to strike the declaration that attaches the

22      transcript of an earlier hearing before the Court, Jessie

23      Mishkin's certificate or declaration that attaches the

24      transcript.

25             I don't understand why the transcript lines are

1    different, but it's just attaching a matter that's of record

2    and filed on the docket of the court.

3             So I'll just use the transcript that's filed on

4    the docket of the court.

5             MR. NG:  Yeah.  Okay.

6             THE COURT:  Okay.

7             Okay.  So why don't we turn, then, to the two

8    motions to dismiss and I'll take the debtors' motion first.

9             MS. CROZIER:  Thank you, Your Honor.

10            First, Your Honor, the debtors would like to

11   convey that we are sympathetic to Mr. Ng's situation and his

12   distress, but nevertheless move to dismiss Mr. Ng's

13   adversary complaint for the two reasons set forth in our

14   papers.

15            First, it's procedurally improper.  The law is

16   clear that the proper procedural mechanism for bringing a

17   claim for money damages based on prepetition conduct is a

18   timely filed proof of claim.  And indeed on March 1st, 2019

19   Mr. Ng filed a proof of claim based upon the same facts and

20   legal theories asserted in his adversary complaint.

21            Second, even if the adversary complaint were not

22   procedurally improper, the complaint fails to state a claim

23   upon which relief can be granted.  And beyond that, Your

24   Honor, I'm ready to address any questions you may have.

25   Otherwise the debtors can be heard on their papers alone

1   today.

2            THE COURT:  Okay.  All right.

3            So, Mr. Ng, on the debtors' motion to dismiss --

4            MR. NG:  Yes.

5            THE COURT:  -- the complaint, I have your response

6   and I've carefully reviewed the complaint.

7            I guess I want to -- I know you're representing

8   yourself pro se, so I want to explain the standard for my

9   review of the complaint in light of the motion to dismiss so

10   that you will understand where my questions for you are

11   coming from.

12            MR. NG:  Yes, Your Honor.

13            THE COURT:  There are two different bankruptcy

14   rules, Federal Rules of Bankruptcy Procedure, that govern

15   the debtors' motion to dismiss this complaint.  The first is

16   Bankruptcy Rule 7012 which incorporates a Federal Rule of

17   Civil Procedure, Rule 12(b)(6).  And Rule 12(b)(6) provides

18   for the dismissal of a complaint for failure on the

19   complaint -- in the complaint itself to state a claim.

20            And in reviewing a claim to see whether the

21   complaint does fail to state a claim against the party who

22   made the motion, the Court assesses just the legal

23   feasibility of the complaint.  I don't weigh the evidence

24   that might be offered in support of the complaint, i.e.

25   whether it's good evidence or bad evidence.  I just weigh

Page 41

1    whether the complaint has alleged sufficient facts which I

2    need to accept as true, and draw all reasonable inferences

3    in favor of you in accepting the facts, and determine

4    whether, if based on the facts alleged in the complaint, the

5    elements of the cause of action have been pled, have been

6    set forth in the complaint.

7              There are a couple of nuances to that.  If a

8    complaint's allegations of fact are clearly contradicted by

9    documents incorporated into the complaint by reference, then

10   I don't need to accept those facts because the documents

11   speak for themselves.

12             And, secondly, I am not supposed to accept as a

13   true fact a -- what is called a legal conclusion that is

14   branded a factual allegation.

15             So simply stating the elements of a cause of

16   action without laying out the facts that support that cause

17   of action, the basic facts, isn't enough to let the

18   complaint survive.  You need to lay out enough facts which,

19   if accepted as true, state a plausible claim on its face.

20   That's Rule 12(b)(6).

21             Secondly, there's another rule, Rule 70 -- I'm

22   sorry -- 7009 which incorporates Federal Rule of Civil

23   Procedure 9(b), and Rule 9(b) creates a heightened pleading

24   standard whenever fraud or misrepresentation are pled.

25             So if a claim has an element in it of fraud or

Page 42

1   misrepresentation, the complaint must satisfy in addition to

2   Rule 12(b0(6), it must satisfy Rule 9(b).  And Rule 9(b)

3   says that in alleging fraud a party must state with

4   particularity the circumstances constituting fraud or

5   mistake.

6          Malice, intent, knowledge and other conditions of

7   a person's mind may be alleged generally.  However, intent

8   or knowledge must still be pled through the events giving

9   rise to an inference of intent with reasonable specificity.

10  So there are certain claims in your complaint that allege

11  fraud or misrepresentation.  And as to those claims, Rule 9

12  applies in addition to Rule 12(b)(6).

13         So with that background, when I review the

14  complaint, it seems to me, again, that you're alleging a

15  couple of different things.

16         First, you're alleging that when you originally

17  got information with regard to certain prescriptions, that

18  information as laid out in paragraph 31 of your complaint

19  and in the attachments of the complaint said certain things.

20         And, however, later when you asked for your

21  records from the debtors, you got somewhat different record

22  information which you describe also in the complaint in

23  paragraph 42 and 43, and also in the attachments.  Now those

24  requests were made several years later after the

25  prescription was filled and you got the initial information.

Page 43

1          I think the harm that you contend that that

2     information or that the subsequently provided information

3     showed or caused was that you believed you were not going to

4     be able to make reimbursement claims or a claim for the

5     prescription from 2010.

6          I'm not sure I see any other use for which that

7     information was to be put or as alleged in the complaint,

8     that is, or any other aspect of the information that you

9     relied upon.  So I'm reviewing this as a legal matter based

10    on that conclusion I derive from looking at the complaint

11    itself.

12         In addition, you allege, although only very

13    briefly, that -- and this is alleged at paragraphs 121 and

14    122:

15         "Defendants K-Mart Pharmacy have many and several

16    data breaches in the past.  The Defendants K-Mart Pharmacy

17    data breaches were the results of lax antivirus standards.

18    Defendants K-Mart Pharmacy negligent here in this case in

19    that they failed to adequately protect and safeguard the

20    plaintiff's electronic medical records."

21         And then paragraph 122 says that NHIN/PDX equally

22    and evenly negligent in connection therewith.

23         So there is that data breach allegation, although

24    there are no facts to support what is stated in that

25    paragraph.  It's what I would refer to going back to my

Page 44

```
 1   discussion to you of Rule 12(b)(6) as a conclusory

 2   allegation, basically just laying out the legal assertion of

 3   a claim without the facts to support it.

 4            So my focus really has been on the first set of

 5   facts, which are alleged at length, namely that -- and you

 6   say this in a couple of places, paragraph 96 and the

 7   paragraph 99.  In 96 it says:

 8            "The plaintiff is in need of genuine, reliable and

 9   accurate medical records from the Defendant pharmacy for

10   verification in support of all out of pocket medical

11   expenses and to receive his reimbursements from workers'

12   compensation insurance carrier."

13            And then paragraph 99 says:

14            "The plaintiff cannot in good faith submit a claim

15   to the workers' compensation insurance carrier and knows an

16   inconsistency, discrepancy and contradiction of the medical

17   records is located at the Defendant's pharmacy.  Indeed,

18   that would be aiding and abetting the fraud."

19            So are there any paragraphs of the complaint that

20   allege facts beyond what I've just referred to that would

21   show a claim for anything else?

22       (Pause)

23            THE COURT:  That's a question for you, Mr. Ng.

24            MR. NG:  That is?

25            THE COURT:  That's a question for you, Mr. Ng.
```

1          MR. NG:  Oh, you were asking me -- can you repeat,

2     Your Honor?  I didn't hear that one.

3          THE COURT:  My question is are there any other

4     facts in the complaint alleging a claim besides the ones

5     that I've just gone through?

6          MR. NG:  Not doing well, Your Honor.  Not doing

7     well.  I'm not doing well.

8          THE COURT:  I'm sorry.  I couldn't really hear

9     that.  You have to speak maybe a little closer to the phone

10    receiver.

11         MR. NG:  I'm not doing well currently, Your Honor.

12    I completely lost you.

13         THE COURT:  Okay.

14         MR. NG:  Yeah.  Medically I'm not doing well.

15         THE COURT:  Okay.  All right.  Well, do you have

16    anything further to say in opposition to the defendant -- to

17    the debtors' motion?

18         MR. NG:  Well, Your Honor, you recalled with me

19    that I had subpoenaed and came in the form that I had

20    described in my reply papers as well as in my adversary

21    complaint.  And I set the facts out as you had, if you can

22    recall on February 4th when you had advised that I should

23    put everything in writing because it would be perhaps better

24    understood.  And so I did just that.

25         THE COURT:  Okay.

1              MR. NG:  And I put it in writing.

2              THE COURT:  All right.  So I -- but as I

3      understand, the New York State judge denied your motion to

4      hold the debtors in contempt for their response to the

5      subpoena.  So it appears to me that that issue, i.e. whether

6      the subpoena response created a claim on your behalf has

7      already been decided.

8              MR. NG:  Well, because the Court was mislead, Your

9      Honor, that all records was provided to me when it was not.

10     That was in September 20th of 2018.  The debtors and the

11     attorneys advised the Court that all records was provided to

12     me, and the Court make a decision that you have seen that I

13     had provided to your Court what the decision had said about

14     the alteration and the (indiscernible) because that's what I

15     was making contention about.

16             And then on November 6th additional records shown

17     up in the manner that I had provided to your court.  And so

18     there is a stream of deception behavior by the declarants

19     leaving me to have the consequence of the (indiscernible)

20     over, just simply over the question of my medical records.

21             In fact, originally, I was advised to provide the

22     doctors' third party administrators with additional

23     information.  That was an additional reason why I want the

24     records because I was -- I got that written letter advising

25     me to provide more information that could change the

1    decision of the claim that I had made --

2            THE COURT:  But --

3            MR. NG:  -- for an injury.

4            THE COURT:  But I'm sorry, Mr. Ng.  A letter from

5    who?

6            MR. NG:  A letter from the debtors --

7            THE COURT:  All right.

8            MR. NG:  -- third party administrators.

9            THE COURT:  But this is -- I want to go back to

10    two points.  First --

11            MR. NG:  Yes, Your Honor.

12            THE COURT:  -- if you're alleging harm because of

13    the failure to comply with a subpoena, that really shouldn't

14    be alleged here.  It should be alleged in the litigation

15    where the subpoena was issued.  That judge can decide

16    because he is the one that's managing the discovery in that

17    litigation.  He should decide whether the subpoena has been

18    complied with or not.

19            But, again, I go back to my original question.

20    What --

21            MR. NG:  Yes, Your Honor.

22            THE COURT:  What did you need that information

23    for?  What was the purpose of getting the documents?

24            MR. NG:  There's more than one reason for the

25    records.  The additional -- one additional reason is the

1   third party administrators for the debtors wrote me a letter

2   --

3          THE COURT:  No.  No.  I -- we don't -- I'm cutting

4   through that.  All right.  You have asserted the claim

5   against the debtors.  The debtors tried to resolve it by

6   providing you the information that you wanted.  But I'm

7   going backwards.  Why do you need the information?  You want

8   to use it for what purpose?

9          MR. NG:  To submit to the third party

10  administrators --

11         THE COURT:  No.  No.  Not from the debtor.  From

12  someone else, not as a claim against the debtor.  Your

13  ultimate claim --

14         MR. NG:  But --

15         THE COURT:  -- is that the debtor is not providing

16  you information that you -- and therefore you can't use it

17  for some other purpose.  I think the only other purpose is

18  to submit your reimbursement claim for $93.63.  Is there any

19  other purpose that you would use the information for?  I

20  don't see it in the complaint, but you should tell me.  Is

21  there some purpose that you would use this information for

22  other than in this bankruptcy case?

23         MR. NG:  For medical review, Your Honor.

24         THE COURT:  But for what purpose?

25         MR. NG:  The purpose is to -- for medical review

1    because the information that was submitted to the debtors'

2    pharmacy, they are not producing it.

3              THE COURT:  Who --

4              MR. NG:  They are --

5              THE COURT:  So you would say some doctor would

6    need to review it?  Have you alleged in the complaint that a

7    doctor needs to see that information?

8              MR. NG:  Well, I did supply those information in

9    my papers, Your Honor, before the Bankruptcy Court.

10             MR. FAIL:  Your Honor, Garrett Fail, Weil Gotshal

11   for the record.  Can I request that we go off the record for

12   a moment?

13             THE COURT:  Okay.

14        *(OFF THE RECORD DISCUSSION)

15             MR. FAIL:  Okay.

16             We appreciate Your Honor's suggestions --

17             THE CLERK:  Wait.  Should I --

18             THE COURT:  No.  No.  Mr. Ng should be on.

19             MR. FAIL:  It's for Mr. Ng.

20             THE COURT:  Yeah.

21             MR. FAIL:  We -- the debtors appreciate the

22   Court's recommended approach to try to resolve this

23   efficiently.  We are mindful that there is another

24   outstanding motion to lift stay that was originally on file

25   that there's a proof of claim.

Page 50

1              And so after consultation with counsel for the

2     creditors' committee, Mr. Ng, in an effort to resolve all

3     outstanding issues with the debtors, if the debtors were to

4     make a payment and offer a payment of $93.63, would that

5     resolve all issues with -- between us and -- between the

6     debtors and you, and that the Court could so order a

7     settlement to that regard to end all involvement with these

8     cases?

9              MR. NG:  Well, Mr. Fail, with all respect, I

10    appreciate your offer.  And so I would respectfully ask also

11    to -- for the debtors or the Court to consider the stress

12    that all of this have lead me up to, and the damages.

13             THE COURT:  Well, this is your way to get over the

14    stress, sir.

15             MR. NG:  Yes, Your Honor.  But with all the

16    medical issues that I have right now, that would not -- that

17    would not help.

18             THE COURT:  Okay.  All right.  Well, let's go back

19    on the record, then.

20         *(ON THE RECORD)

21             THE COURT:  I still -- it really does -- what was

22    the purpose of the New York litigation?  Let me ask you

23    that.  What were you seeking in the New York litigation?

24             MR. NG:  The purpose of the New York litigation

25    was to obtain the documents, and I have two because the OGI

1      (sic) that I had submitted to the Supreme Court --

2              THE COURT:  Right.

3              MR. NG:  -- literally stated what my concerns

4      were, the medical records for the purpose of submitting

5      information to resolve the pending matter with the third

6      party administrators.  And the attorneys who was handling

7      the case, they immediately made suggestions to try to

8      resolve it by --

9              THE COURT:  And --

10             MR. NG:  -- from --

11             THE COURT:  And I'm sorry.  What were the pending

12     matters with the third party administrators?

13             MR. NG:  I'm completely off right now.  I don't

14     remember the exact details right now.  But --

15             THE COURT:  Okay.  All right.

16             MR. NG:  -- it was --

17             THE COURT:  So, Mr. Ng, do you have any more to

18     say on the -- in opposition to the motion to dismiss?

19             MR. NG:  Well, they -- what I wanted to say, Your

20     Honor, is that they -- I'm concerned that there was not a

21     compliance with the medical records and that caused me to

22     undergo the medical conditions that I am in today.  If it

23     wasn't for that non-compliance because a statement was made

24     in front of the Supreme Court and it started thereafter this

25     petition for -- from the debtors was filed.  So we never

Page 52

1   able to go forward with anything because all -- everything

2   had stayed.

3          And so I brought to your court for a resolution.

4   In fact, I believe given the -- where we were with that, we

5   were about -- before -- prior to the petition filed, we were

6   about to come to some reasonable resolution at the court

7   because the attorney for the debtors at that time engaged me

8   in a good faith, I believe, for resolving the matter.  I

9   made an offer and they were to get back to me.  Instead,

10  they later, just a few days later I'm getting words that

11  there is this stay.

12         So I believe, you know, I believe given these

13  circumstances that I had indicated before regarding the non-

14  compliance of the documents that we -- I had seeked (sic) an

15  order to provide to the third party administrators as well

16  as for getting my reimbursement.  All of those are factors,

17  Your Honor.  Those -- the (indiscernible) and the actions of

18  the debtors constitute my grievances.  There is no other

19  grievance in my life other than this that lead me into this

20  situation.  And so, in fact, I had submitted my -- a

21  certified copy of my medical records to your court to show

22  you my circumstances.  I had submitted sworn medical records

23  to your court.

24         And I'm asking this court to consider the medical

25  circumstances that came out of all of this over simple

Page 53

1   medical records and the misleading information that was --

2   sorry, Your Honor.  I just can't take this anymore.  I feel

3   I give up.  I feel I'm not living anymore because this is

4   not something I should end up living for.  Your Honor,

5   pardon me, but I don't feel I can move on with this.

6          THE COURT:  Okay.

7          MR. NG:  This is something that I would never live

8   for.  I don't believe in this type of dishonesty and

9   deceptions.  I really don't.

10          THE COURT:  All right.  So did the debtors have

11   anything to say in response?

12          MS. CROZIER:  No, Your Honor.  Just --

13          THE COURT:  Just a minute.  I think --

14          UNIDENTIFIED SPEAKER:  He's on the couch.

15          THE COURT:  I don't -- you know what?  I will give

16   the parties an oral ruling at a -- at the next omnibus

17   hearing.

18          So, Mr. Ng, I understand that you have health

19   issues currently and it would be --

20          MR. NG:  (Indiscernible).

21          THE COURT:  -- inappropriate for me to consider

22   this hearing at this point.  But I have the parties' papers

23   and I will give an oral ruling at the next omnibus hearing.

24          I would urge you to consider, though, sir, putting

25   this behind you.  I think it would be best for you as well

1     as everyone else.  Of course, it's your decision ultimately.

2              But I believe that this all stemmed over your

3     concern about being able to assert a proper reimbursement

4     claim from your employer or the workers' compensation board.

5     If you assign that claim to the debtors, I believe the

6     debtors will pay you the amount of the claim, which I

7     believe is under a hundred dollars.  And I believe

8     ultimately --

9              MR. NG:  Your Honor, but --

10             THE COURT:  -- that that is the best way to put

11    this behind you.  But I will give the parties a ruling at my

12    -- at the next omnibus hearing.

13             MS. CROZIER:  Thank you, Your Honor.

14             MR. NG:  Thank you, Your Honor.  But --

15             THE COURT:  Okay.

16             MR. FAIL:  Thank you, Your Honor.  That concludes

17    today's agenda.

18             THE COURT:  All right.  And that goes also for the

19    other motion to dismiss which I'm prepared to decide on the

20    papers.

21             MS. CURLEY:  Thank you, Judge.  Just for the

22    record, Julie Curley of Kirby Aisner & Curley for Defendants

23    PDX Inc. and National Health Information.  Thank you.

24             THE COURT:  Okay.

25             MR. FAIL:  Your Honor, I think there were -- there

1   was one other thing that I just -- I agreed to put on the

2   record.

3          We filed a notice of adjournment listing all of

4   the administrative claim requests that we saw filed on the

5   docket at the time.  There was one that had been adjourned

6   previously.  It was Everlast World Boxing Headquarters Corp.

7   They requested that we state on the record that their motion

8   has also been adjourned pursuant to the confirmation order,

9   so.

10          THE COURT:  Okay.  Very well.

11          MR. FAIL:  Thank you very much, Your Honor.

12          THE COURT:  Thank you.

13          All right.  So as far as my rulings today are

14   concerned, I would like the debtors to submit an order

15   denying the motion to dismiss and --

16          MS. CROZIER:  Denying the motion --

17          THE COURT:  I'm sorry.

18          MS. CROZIER:  -- to default --

19          THE COURT:  Denying the motion for default

20   judgment.

21          MS. CROZIER:  Default judgment.

22          THE COURT:  Excuse me.  And granting the motion to

23   strike the certificate of service insofar as the court will

24   treat the motion to dismiss served by regular email address

25   on the 22nd and by overnight courier on the 23rd of July.

Page 56

1           And as far as the motion to strike the declaration

2    with respect to the transcript, the Court would determine

3    that that motion is moot because the Court will rely on the

4    transcript that's actually on file on the docket of this

5    case.

6           MR. FAIL:  Thank you very much, Your Honor.  We

7    will do that.

8           THE COURT:  Okay.

9       (Whereupon, these proceedings concluded at 11:40 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                          I N D E X

 2

 3                          RULINGS

 4                                                    Page

 5   Notice of Assumption and Assignment of Additional

 6   Designatable Leases (ECF 3298)                    11

 7

 8   Second Interim Fee Application of Deloitte & Touche

 9   LLP for Compensation for Services Rendered and

10   Reimbursement of Expenses Incurred as Independent

11   Auditor and Advisor from March 1, 2018 through June

12   30, 2019, fee $91,365.50, expenses: $0.00

13   (ECF 4826)                                        19

14

15   Second Interim Fee Application of Deloitte

16   Transactions and Business Analytics LLP for

17   Compensation for Services Rendered and Reimbursement

18   of Expenses Incurred as Bankruptcy Advisor from

19   March 1, 2019 through June 30, 2019 fee:

20   $2,177,270.75, expenses:  $100,390.95 (ECF 4827)   19

21

22

23

24

25
```

```
 1                          I N D E X

 2

 3                          RULINGS

 4                                                    Page

 5    Second Application of Alvarez and Marsal North

 6    America, LLC as Financial Advisors for the Debtors,

 7    for Interim Allowance of Compensation of Professional

 8    Services Rendered and Reimbursement of Actual and

 9    Necessary Expenses Incurred from March 1,2019

10    through June 30, 2019 (ECF 4828)                   19

11

12    Second Interim Fee Application of Paul, Weiss, Rifkind,

13    Wharton & Garrison LLP, Attorneys for the Debtors and

14    Debtors In Possession, for the period from March 1,

15    2019 through and including June 30, 2019 (ECF 4834)   19

16

17    Second Interim Fee Application of Staut Risius Ross,

18    LLC, Real Estate Consultant and Advisor for the

19    Debtors for the period from March 1, 2019 through

20    and including June 30, 2019 (ECF 4835)              19

21

22

23

24

25
```

1                          I N D E X

2

3                          RULINGS

4                                                           Page

5    Second Interim Fee Application of Evercore Group,

6    L.L.C. for Allowance of an Administrative Claim for

7    Compensation of Services Rendered and Reimbursement of

8    Expenses Incurred as Investment Banker to the debtors

9    for the period from March 15, 2019 through and

10   including July 14, 2019 (ECF 4837)                     19

11

12   Second Interim Fee Application of Prime Clerk LLC,

13   as Administrative Agent to the Debtors for Services

14   Rendered and Reimbursement of Expenses for the

15   period from March 1, 2019 through and including

16   June 30, 2019 (ECF 4840)                               19

17

18   Second Interim Fee Application of FTI Consulting,

19   Inc., Financial Advisor to the Official Committee

20   of Unsecured Creditors of Sears Holdings Corporation,

21   et al. for Interim Allowance of Compensation and

22   Reimbursement of Expenses for the period from

23   March 1, 2019 through and including June 30, 2019

24   (ECF 4841)                                             19

25

1                              I N D E X

2

3                              RULINGS

4                                                              Page

5      Second Interim Fee Application of Houlihan Lokey

6      Capital, Inc. Investment Banker to the Official

7      Committee of Unsecured Creditors, for Interim

8      Allowance of Compensation and Reimbursement of

9      Expenses for the period from March 1, 2019 through

10     and including June 30, 2019 (ECF 4842)            19

11

12     First Joint Application of Paul E. Harner, as Fee

13     Examiner and Ballard Spahr LLP. as Counsel to the

14     Fee Examiner for Interim Allowance of Compensation

15     for Professional Services Rendered and Reimbursement

16     of Expenses from April 22, 2019 through June 30, 2019

17     (ECF 4844)                                        19

18

19     Second Interim Fee Application of Akin Gump Strauss

20     Hauer & Feld LLP as Counsel to the Official Committee

21     of Unsecured Creditors for Allowance of Compensation

22     and Reimbursement of Expenses for the period from

23     March 1, 2019 through and including June 30, 2019

24     (ECF 4846)                                        19

25

1                              I N D E X

2

3                              RULINGS

4                                                               Page

5      Second Interim Fee Application of Deloitte Tax LLP for

6      Compensation and Reimbursement of Expenses for the

7      period from March 1, 2019 through and including June

8      30, 2019 (ECF 4848)                                      19

9

10     Second Application of Weil, Gotshal & Manges LLP, as

11     Attorneys for the Debtors, for Interim Allowance of

12     Compensation and Reimbursement of Expenses for the

13     period from March 1, 2019 through and including

14     June 30, 2019 (ECF 4860)                                 19

15

16     Second Interim Fee Application of Young, Conaway,

17     Stargatt & Taylor, LLP, as Conflicts Counsel for the

18     Debtors for the period from March 1, 2019 through

19     and including June 30, 2019 (ECF 4862)                   19

20

21     First Application for Interim Professional Compensation

22     for Elise S. Frejka, Ombudsman Consumer, period:

23     12/3/2018 to 7/31/2019, fee: $108,386.25, expenses:

24     $663.26 (ECF 4910)                                       19

25

1                              I N D E X

2

3                              RULINGS

4                                                              Page

5    Motion of Brian Coke Ng for Relief from the Automatic

6    Stay (ECF 5230)                                           28

7

8    Motion of Brian Coke Ng for Default Judgment (ECF 16)    55

9

10   Adversary Proceeding: 19-08269-rdd Ng v Sears Holding

11   Corporation et al Motion to Strike the Declaration

12   of Jessie B. Mishkin (related document(s)8)              56

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 63

C E R T I F I C A T I O N

1

2

3        I, Sherri Lynn Breach, certify that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    **Sherri L.**

6    **Breach**

Digitally signed by Sherri L.
Breach
DN: cn=Sherri L. Breach, o, ou,
email=digital@veritext.com,
c=US
Date: 2019.10.24 16:11:12 -04'00'

7    _____

8    Sherri L. Breach

9    Certified Transcriber

10

11

12

13    Date:  October 24, 2019

14

15

16

17

18

19

20

21

22    Veritext Legal Solutions

23    330 Old Country Road

24    Suite 300

25    Mineola, NY 11501

[& - 93.63]                                                                                              Page 1

| & | | | |
|---|---|---|---|

**&**

**&** 2:7 3:14 5:7,18
6:1 8:2,9,10,14,19
8:20 9:19 32:6
54:22 57:8 58:13
60:20 61:10,17

**0**

**0.00** 2:11 57:12

**1**

**1** 2:10 3:4,15,20
4:9,16,22 5:10,15
5:21 6:3 9:21
27:17 57:11,19
58:14,19 59:15,23
60:9,23 61:7,13
61:18
**1,2019** 3:11 58:9
**10** 7:5 10:3 35:4
**100,390.95** 3:5
57:20
**10601** 1:14
**108,386.25** 6:8
61:23
**10:00** 2:2
**10:19** 1:17
**11** 57:6
**1139** 35:7
**11501** 63:25
**1152** 35:7
**11:40** 56:9
**12** 16:5 38:16
40:17,17 41:20
42:2,12 44:1
**12/3/2018** 6:7
61:23
**121** 43:13
**122** 43:14,21
**126** 27:20
**1280** 27:15
**14** 4:5 12:14 59:10
**15** 4:5 7:17 12:11
59:9

**16** 7:19 62:8
**18-23538** 1:6
**18th** 34:7,13 38:2
**19** 57:13,20 58:10
58:15,20 59:10,16
59:24 60:10,17,24
61:8,14,19,24
**19-08269** 6:18 7:7
7:11,15 62:10
**1990** 27:15
**1995** 35:7
**1997** 27:20
**1st** 39:18

**2**

**2** 35:4
**2,177,270.75** 3:5
57:20
**2010** 22:24 23:13
24:6 25:12 29:11
31:3,4 43:5
**2018** 2:10 30:11
46:10 57:11
**2019** 1:16 2:2,10
3:4,4,11,15,16,20
3:21 4:5,5,10,10
4:16,17,23,23 5:4
5:5,10,11,15,15
5:21,21 6:3,4 33:6
39:18 57:12,19,19
58:10,15,15,19,20
59:9,10,15,16,23
59:23 60:9,10,16
60:16,23,23 61:7
61:8,13,14,18,19
63:13
**20th** 46:10
**21st** 11:8
**22** 5:4 33:6,17,20
60:16
**22nd** 21:15 34:1
35:10,25 36:9,11
55:25

**23** 1:16 2:2
**23rd** 35:11 36:3
55:25
**24** 7:22 63:13
**28** 62:6
**2nd** 27:15,20 35:7

**3**

**3** 16:9
**30** 2:10 3:4,11,16
3:20 4:10,16,23
5:5,11,15,21 6:3
57:12,19 58:10,15
58:20 59:16,23
60:10,16,23 61:8
61:14,19
**300** 1:13 63:24
**31** 42:18
**3298** 2:5 57:6
**330** 63:23
**362** 27:17
**3rd** 35:3

**4**

**4** 36:3,4
**42** 42:23
**43** 27:20 42:23
**45** 24:1
**48** 27:20
**4826** 2:11 57:13
**4827** 3:5 57:20
**4828** 3:11 58:10
**4834** 3:16 58:15
**4835** 3:21 58:20
**4837** 4:5 59:10
**4840** 4:10 59:16
**4841** 4:17 59:24
**4842** 4:23 60:10
**4844** 5:5 60:17
**4846** 5:11 60:24
**4848** 5:16 61:8
**4860** 5:22 61:14
**4862** 6:4 61:19
**4910** 6:8 61:24

**4990** 2:13
**4th** 45:22

**5**

**5** 6:20 34:13
**5012** 2:18
**5044** 2:22
**5159** 2:24
**52** 35:7
**5230** 6:11 62:6
**53.31** 35:4
**5388** 6:13
**5469** 6:16
**55** 32:1 62:8
**56** 62:12
**5:00** 34:7

**6**

**6** 40:17,17 41:20
42:2,12 44:1
**663.26** 6:8 61:24
**6th** 23:24 25:10
30:11 46:16

**7**

**7** 6:22
**7/31/2019** 6:8
61:23
**70** 41:21
**7009** 41:22
**7012** 40:16
**73** 24:18

**8**

**8** 6:25 7:13 62:12

**9**

**9** 7:9 16:10,20
41:23,23 42:2,2
42:11
**907** 27:15
**91,365.50** 2:10
57:12
**93** 24:18 37:4
**93.63** 25:19 28:7
37:6 50:4

**93.63.**  27:11 48:18
**96**  44:6,7
**96.63**  28:13
**99**  44:7,13

**a**

**a.m.**  2:2 56:9
**a.o.**  2:20
**abetting**  44:18
**able**  18:12 23:21
  28:5 30:5 43:4
  52:1 54:3
**accept**  22:6,10
  27:24 37:14 38:3
  41:2,10,12
**acceptable**  28:17
**accepted**  41:19
**accepting**  41:3
**account**  16:8
**accurate**  44:9
  63:4
**acknowledgement**
  36:2
**acquisition**  2:15
**action**  26:10 27:7
  41:5,16,17
**actions**  52:17
**active**  19:2
**actual**  3:10 25:17
  31:6 37:4 58:8
**add**  15:4 35:22
**addition**  13:8
  35:15 42:1,12
  43:12
**additional**  2:4
  16:19 46:16,22,23
  47:25,25 57:5
**address**  10:18
  16:20 24:10 35:12
  36:19,19 37:20,21
  37:21 39:24 55:24
**addressed**  36:12
**addresses**  9:21
  10:11

**addressing**  35:10
**adequately**  43:19
**adjourned**  33:17
  35:9 55:5,8
**adjournment**  55:3
**adjudicate**  28:5
**administrative**
  4:2,8 16:10 55:4
  59:6,13
**administrators**
  46:22 47:8 48:1
  48:10 51:6,12
  52:15
**advance**  11:22
**adversary**  6:18,19
  6:22,25 7:1,3,7,11
  7:15 19:22 21:1,5
  32:10,11,13 33:5
  39:13,20,21 45:20
  62:10
**advised**  30:13
  45:22 46:11,21
**advising**  46:24
**advisor**  2:9 3:4,19
  4:13 57:11,18
  58:18 59:19
**advisors**  3:8 58:6
**affidavit**  6:15 7:8
  7:16,21 21:6,6
  36:17 37:13
**affidavits**  36:6,8
  37:15
**affiliates**  8:10
  9:20
**agenda**  2:1 9:7,9
  9:21,24 12:10
  19:20 54:17
**agent**  4:8 59:13
**aggregate**  16:6
**agree**  11:19 37:5
**agreed**  10:12,15
  10:25 11:23 16:9
  55:1

**agreement**  10:11
**aiding**  44:18
**aisner**  8:19 54:22
**akin**  5:7 8:14
  15:13,15 60:19
**al**  4:14 6:19 7:8,12
  7:16 9:3 59:21
  62:11
**allegation**  30:20
  41:14 43:23 44:2
**allegations**  41:8
**allege**  42:10 43:12
  44:20
**alleged**  10:6 41:1
  41:4 42:7 43:7,13
  44:5 47:14,14
  49:6
**alleging**  42:3,14
  42:16 45:4 47:12
**allocation**  16:24
  16:24
**allowance**  3:8 4:2
  4:15,21 5:3,9,19
  58:7 59:6,21 60:8
  60:14,21 61:11
**alter**  17:3,4
**alteration**  46:14
**alvarez**  3:7 58:5
**amendment**  10:10
  10:18
**america**  3:7 58:6
**amount**  17:20,25
  23:17 24:4,16
  25:18 37:3 38:14
  54:6
**amounts**  14:13
  17:16 19:14
**ample**  35:12
**analytics**  3:2
  57:16
**announce**  14:19
**answer**  13:1 19:25
  31:19 33:25 34:9

34:10 36:10
**answering**  33:10
**antivirus**  43:17
**anybody**  25:4
**anymore**  28:14
  53:2,3
**appear**  17:7
**appears**  33:24
  34:8 46:5
**applicants**  14:19
**application**  2:7
  3:1,7,13,18 4:1,7
  4:12,19 5:1,7,13
  5:18 6:1,6 7:17
  12:15,17 13:17
  14:4,6,17 15:20
  18:2,24 57:8,15
  58:5,12,17 59:5
  59:12,18 60:5,12
  60:19 61:5,10,16
  61:21
**applications**  2:21
  12:12,15 13:12
  14:11,20 15:16,21
  16:17 17:6,9,14
  17:16,21,23 18:4
  19:14 20:9
**applies**  42:12
**appraiser**  18:16
  18:17
**appreciate**  12:7
  19:16 34:2 49:16
  49:21 50:10
**approach**  49:22
**appropriate**
  17:23
**approve**  12:17
**april**  5:4 60:16
**argument**  22:6,10
  22:10
**arguments**  22:9
**asked**  42:20

asking 14:14
21:18 23:8 45:1
52:24
aspect 43:8
assert 54:3
asserted 24:17
29:11 39:20 48:4
assertion 44:2
assesses 40:22
assign 28:11 54:5
assignment 2:4
9:10,22 10:8,13
11:6 57:5
assignments
10:17
associated 18:24
assume 21:17
assuming 18:10
assumption 2:4
9:10,22 10:7,13
11:6 57:5
assured 16:12
asymmetric 2:16
attached 30:17
34:4 36:22
attaches 38:21,23
attaching 21:6
39:1
attachments
42:19,23
attempted 22:1
attorney 52:7
attorneys 3:14
5:19 8:3,10,15,20
46:11 51:6 58:13
61:11
auditor 2:9 57:11
august 33:17
35:10
automatic 6:10
19:21 27:14 62:5
avoid 16:21 18:23

avoiding 11:14
award 27:10 37:6

**b**

b 1:21 6:24 7:2,13
40:17,17 41:20,23
41:23 42:2,2,12
44:1 62:12
b0 42:2
back 11:19 13:22
24:6 25:10,12
31:3 33:21 43:25
47:9,19 50:18
52:9
background
42:13
backwards 48:7
bad 40:25
ballard 5:2 60:13
banker 4:4,20
59:8 60:6
bankruptcy 1:1
1:12,23 3:4 18:7
27:6,14,17 33:14
40:13,14,16 48:22
49:9 57:18
barefoot 8:12
9:13,16,18,18
10:2,4,15,23 11:3
11:11,24 12:2,8
based 17:14 19:10
22:4,7 24:20
27:25 29:4 33:9
35:15 36:2 39:17
39:19 41:4 43:9
basic 41:17
basically 44:2
basis 12:13 17:17
27:10 34:19
begun 15:24
behalf 15:13
28:12 46:6
behavior 46:18

believe 14:14
15:10 16:25 20:2
23:11,20 24:1
27:16 29:22 30:21
33:17 35:8 38:8
52:4,8,12,12 53:8
54:2,5,7,7
believed 16:11
43:3
best 53:25 54:10
better 45:23
beyond 39:23
44:20
billing 30:22
bitman 7:1,9
board 20:21 21:10
21:22 22:18,25
23:13 25:1 26:10
26:14 27:9,10
28:5,8 54:4
book 11:23
boudreaux 27:20
boxing 55:6
branded 41:14
breach 7:25 43:23
63:3,8
breaches 43:16,17
brian 6:10 7:5,19
19:20 33:6 62:5,8
brief 6:15
briefly 43:13
brighton 9:23,24
bring 18:11
bringing 39:16
brought 20:23
21:2 25:17 52:3
burden 27:16,19
business 3:2 57:16

**c**

c 8:1 9:1 63:1,1
calendar 9:8
20:19

call 20:10
called 41:13
cap 14:4
capital 2:16 4:19
60:6
care 12:14
careful 17:22
carefully 40:6
carried 27:16
carrier 38:5,6
44:12,15
carve 16:7,20
case 1:6 14:17
17:12,25 21:25
27:6,12 31:17,17
36:14,14,16 43:18
48:22 51:7 56:5
cases 35:5 50:8
category 12:11
cause 27:16,21
41:5,15,16
caused 29:19 43:3
51:21
center 9:23
cents 24:18
certain 14:19
15:14 17:20 18:4
23:13 42:10,17,19
certainly 17:2,4
certificate 7:17
36:18 37:18 38:6
38:23 55:23
certified 52:21
63:9
certify 63:3
chain 32:22,23
chambers 9:6
10:21,24 11:2,22
12:20
change 46:25
changes 14:19
22:2

[charged - copy]                                                                                  Page 4

charged  17:20
cherokee  2:15
circuit  27:13,15
  27:20 35:7
circulated  12:13
circumstances
  18:14 42:4 52:13
  52:22,25
cited  35:5
civil  40:17 41:22
claim  4:2 22:23
  23:15,20,21,24
  24:2,4,17 25:1,2
  26:22,23 27:10,24
  28:3,11 29:6,8
  31:2,4,8,9 34:23
  39:17,18,19,22
  40:19,20,21 41:19
  41:25 43:4 44:3
  44:14,21 45:4
  46:6 47:1 48:4,12
  48:13,18 49:25
  54:4,5,6 55:4 59:6
claimant  2:20
claims  23:2 26:11
  26:11,15 27:3,5
  28:6 42:10,11
  43:4
clarification
  25:24,25
clear  11:25 19:9
  29:19 39:16
clearly  15:19 26:2
  35:18 41:8
cleary  8:9 9:13,19
clerk  4:7 49:17
  59:12
closed  22:1
closer  45:9
code  27:17
coke  6:10 7:5,19
  19:21 33:6 62:5,8

colleagues  11:12
  19:24
colorado  9:24
come  52:6
coming  33:6
  40:11
committee  4:13
  4:20 5:8 8:15
  15:13 18:15 50:2
  59:19 60:7,20
committee's  15:14
communicate
  12:6
communicated
  13:9
communications
  33:12
company  13:4
compensation  2:8
  3:2,9 4:2,15,21
  5:3,9,14,20 6:6
  13:21 20:21 21:10
  21:21,22 22:18,24
  23:12,25 24:11
  26:9,11,13,14,22
  26:25 27:2,9 28:2
  28:5 29:24 44:12
  44:15 54:4 57:9
  57:17 58:7 59:7
  59:21 60:8,14,21
  61:6,12,21
complaint  6:20,22
  6:25 7:2,3 20:22
  25:17 26:7 29:4
  30:17 32:10,11,13
  34:24 36:25 39:13
  39:20,21,22 40:5
  40:6,9,15,18,19
  40:19,21,23,24
  41:1,4,6,9,18 42:1
  42:10,14,18,19,22
  43:7,10 44:19
  45:4,21 48:20

49:6
complaint's  41:8
complete  10:12
completed  10:7
completely  45:12
  51:13
compliance  29:1
  29:17 51:21,23
  52:14
complied  25:16
  47:18
comply  28:24
  35:25 47:13
comprehensive
  10:10
conaway  6:1
  61:16
concern  54:3
concerned  14:3
  17:22 27:22 31:25
  33:15 51:20 55:14
concerning  34:25
concerns  51:3
concluded  56:9
concludes  54:16
conclusion  41:13
  43:10
conclusory  44:1
condition  10:7
conditions  22:2
  42:6 51:22
conduct  39:17
conference  33:5
  33:16 35:10
confidential  30:7
confirm  14:22
confirmation  13:6
  16:4,7,22 55:8
confirming  16:12
  32:15
conflict  25:9,9,14
conflicts  6:2 61:17

confronted  34:15
connection  26:21
  43:22
consent  15:5
consequence
  46:19
consider  34:15,20
  50:11 52:24 53:21
  53:24
considerable
  34:17
consistent  16:16
  16:25 25:11
consortium  2:21
constitute  52:18
constituting  42:4
construction
  10:11
consultant  3:19
  58:18
consultants  18:8
consultation  50:1
consulting  4:12
  59:18
consumer  6:7
  61:22
consuming  17:24
contempt  46:4
contend  43:1
contention  46:15
contested  19:20
contingency
  16:23
continue  15:7
contradicted  41:8
contradiction
  44:16
convey  11:16,17
  39:11
copied  32:25 33:2
copy  12:18,19
  52:21

**corp** 9:3 55:6
**corp.'s** 26:19
**corporation** 1:6
4:14 6:19 7:8,12
7:16 59:20 62:11
**corporation's**
2:20
**correct** 10:2,2
16:15 21:23 22:13
36:13 37:21 38:7
**correctly** 23:21
**costs** 18:23
**couch** 53:14
**counsel** 5:2,8 6:2
32:21 37:24 50:1
60:13,20 61:17
**country** 63:23
**county** 35:6
**couple** 13:14
17:19 21:18 22:13
41:7 42:15 44:6
**courier** 55:25
**course** 14:1 36:19
54:1
**court** 1:1,12 9:2
9:13,14,17 10:1,3
10:14,22,24 11:1
11:9,16 12:1,3,9
12:21,23,25 13:11
13:24 14:3,7,9,16
14:22,25 15:9,17
15:19 16:2 17:2,5
18:22,25 19:6,9
19:18,25 20:1,5,7
20:12,13,16,18
21:13,21 22:5,6,9
22:12,17,20,22
23:7,10,17,19
24:4,7,12,14,16
24:25 25:5,7,13
25:17,18,22 26:5
28:17,20,24,25
29:2,8,18,25

30:12,12,13,15,18
30:20 31:7,13,18
31:24 32:9,11,16
32:17,19,21 33:2
35:18,23 36:5,7,9
36:24 37:2,12,15
37:17,24 38:1,11
38:13,18,22 39:2
39:4,6 40:2,5,13
40:22 44:23,25
45:3,8,13,15,25
46:2,8,11,12,13
46:17 47:2,4,7,9
47:12,22 48:3,11
48:15,24 49:3,5,9
49:13,18,20 50:6
50:11,13,18,21
51:1,2,9,11,15,17
51:24 52:3,6,21
52:23,24 53:6,10
53:13,15,21 54:10
54:15,18,24 55:10
55:12,17,19,22,23
56:2,3,8
**court's** 13:5 49:22
**courts** 34:15,18
34:20
**cover** 27:24 28:2
**created** 46:6
**creates** 41:23
**creditors** 4:14,21
5:9 8:15 50:2
59:20 60:7,21
**cross** 11:23
**crozier** 8:7 19:24
32:5,6 39:9 53:12
54:13 55:16,18,21
**curley** 8:19,22
54:21,22,22
**currently** 22:1,7
45:11 53:19
**cutting** 48:3

**cvek** 8:22

**d**

**d** 1:22 9:1 27:17
35:6 57:1 58:1
59:1 60:1 61:1
62:1
**damages** 7:22
29:19 37:4,6
39:17 50:12
**data** 43:16,17,23
**date** 24:1 34:13
36:10,10,11 63:13
**day** 33:21 38:5
**days** 24:1 52:10
**deadline** 32:10,16
33:4,18 34:7
**deal** 21:8 26:8
32:1 34:18 38:19
**dealing** 10:25
26:10,14
**dealt** 16:5
**debt** 2:15
**debtor** 1:8 27:6
48:11,12,15
**debtors** 3:8,14,15
3:19 4:4,8 5:19
6:2,13,22,24 7:1,3
8:3 9:6 19:22
20:23 21:4,16
24:9 26:1,18,18
26:19,23 27:1,3,4
27:18,23 28:6,11
28:13 30:4 31:21
32:4,7,8,12,12,21
32:24 33:3,4,24
34:3,12 37:24
39:8,10,25 40:3
40:15 42:21 45:17
46:4,10 47:6 48:1
48:5,5 49:1,21
50:3,3,6,11 51:25
52:7,18 53:10
54:5,6 55:14 58:6

58:13,14,19 59:8
59:13 61:11,18
**deception** 46:18
**deceptions** 53:9
**decide** 47:15,17
54:19
**decided** 37:12
46:7
**decision** 22:7
28:24 46:12,13
47:1 54:1
**decisions** 35:2
**declarants** 46:18
**declaration** 6:24
7:2,12 38:21,23
56:1 62:11
**declarations**
11:22
**default** 7:17,19,21
21:3,3,4 32:2,2,23
34:15,19,21,22
35:1 36:22 37:6
37:10,12 55:18,19
55:21 62:8
**defaults** 10:5
**defective** 36:2
**defendant** 44:9
45:16
**defendant's** 44:17
**defendants** 21:4
37:14 43:15,16,18
54:22
**deficient** 27:9
**delay** 38:16,16
**deloitte** 2:7 3:1
5:13 57:8,15 61:5
**denied** 46:3
**deny** 28:9 34:14
38:18
**denying** 31:22
55:15,16,19
**derive** 43:10

**describe** 18:13 42:22

**described** 45:20

**designatable** 2:5 9:11 57:6

**desire** 34:17

**detail** 18:14 31:12

**details** 23:6 51:14

**determine** 18:5 41:3 56:2

**development** 15:20,22

**different** 39:1 40:13 42:15,21

**discovery** 47:16

**discrepancy** 44:16

**discretion** 34:13 34:16,17

**discussed** 18:20 19:12

**discussion** 44:1 49:14

**discussions** 11:13 14:18 15:24

**dishonesty** 53:8

**dismiss** 6:19,22,25 7:1,3 19:24 20:22 21:2 31:20,25 32:13 34:1,10 35:11,13 36:21 38:4,20 39:8,12 40:3,9,15 51:18 54:19 55:15,24

**dismissal** 40:18

**dispute** 34:25

**distress** 39:12

**distribution** 9:23

**district** 1:2 18:1

**disturbing** 30:17

**dla** 11:12

**docket** 33:14 39:2 39:4 55:5 56:4

**doctor** 49:5,7

**doctors** 46:22

**document** 7:9,13 62:12

**documentary** 11:19

**documents** 23:24 25:11 29:20,21 30:10,16 38:10,14 41:9,10 47:23 50:25 52:14

**doing** 45:6,6,7,11 45:14

**dollars** 54:7

**drain** 1:22

**draw** 41:2

**dublin** 8:17 15:12 15:13,18,22 18:19 18:19,23 19:5

**due** 15:8 35:1

**e**

**e** 1:21,21 5:1 8:1,1 9:1,1 57:1 58:1 59:1 60:1,12 61:1 62:1 63:1

**earlier** 38:22

**ecf** 2:5,11,13,17 2:22,24 3:5,11,16 3:21 4:5,10,17,23 5:5,11,15,21 6:4,8 6:11,13,15,20,22 6:25 7:3,5,17,19 7:22 36:13 37:19 57:6,13,20 58:10 58:15,20 59:10,16 59:24 60:10,17,24 61:8,14,19,24 62:6,8

**ecro** 1:25

**edition** 35:4

**effect** 16:14

**efficient** 27:5

**efficiently** 49:23

**effort** 24:23 50:2

**electronic** 12:19 43:20

**element** 41:25

**elements** 41:5,15

**elise** 6:7 61:22

**email** 10:24 11:2 32:15,22,23 33:8 33:21 34:4,5,6 35:9 36:12,15,16 36:19,19,21 37:19 37:19,20,20,21,22 55:24

**embodying** 16:4

**employee** 26:11 26:17

**employer** 22:25 23:12 25:1 26:12 26:12,16,24 28:8 54:4

**energy** 26:8

**engaged** 52:7

**entitled** 29:23

**entry** 7:21 21:3

**equally** 43:21

**esq** 8:5,6,7,12,17 8:22

**essence** 25:16

**estate** 3:19 18:8 58:18

**et** 4:14 6:19 7:8,12 7:16 9:3 59:21 62:11

**evenly** 43:22

**event** 16:23 19:12 36:17,24

**events** 42:8

**evercore** 4:1 18:9 59:5

**everlast** 55:6

**evidence** 11:18,19 36:1,20 40:23,25

40:25

**evidentiary** 11:10 11:14,15 12:5

**exact** 51:14

**examiner** 5:1,2 14:15 15:5,8,24 15:25 17:12 18:11 19:1 60:13,14

**exceed** 37:4

**exceeded** 28:1

**excusable** 35:1,18 35:21

**excuse** 35:19 55:22

**exercise** 34:13,16

**exhibit** 11:23

**expecting** 30:11

**expense** 16:10 18:16 24:5

**expenses** 2:9,11 3:3,5,10 4:3,9,15 4:22 5:4,10,14,20 6:8 22:24 25:9 44:11 57:10,12,18 57:20 58:9 59:8 59:14,22 60:9,16 60:22 61:6,12,23

**explain** 40:8

**extended** 32:10,15 34:6 36:10

**extension** 33:4,7 33:18,25 34:3,8 34:12 35:16 38:2

**extent** 15:2 26:15 27:5

**extra** 38:8

**f**

**f** 1:21 63:1

**f.2d.** 27:15

**f.3d.** 27:20 35:7

**face** 41:19

**fact** 17:11 24:20 27:7 29:21 30:10

30:11,19 31:3,5
36:2 41:8,13
46:21 52:4,20
**factors** 27:22
34:14,20 52:16
**facts** 22:14 35:1
39:19 41:1,3,4,10
41:16,17,18 43:24
44:3,5,20 45:4,21
**factual** 25:24
41:14
**fail** 8:5 9:4,5,15
12:10,22 13:1,18
14:1,5,8,13,21,23
15:1,10 16:16
17:4 19:16,19
20:2,6 40:21
49:10,10,15,19,21
50:9 54:16,25
55:11 56:6
**failed** 43:19
**fails** 39:22
**failure** 40:18
47:13
**fair** 17:20,25
**faith** 44:14 52:8
**fall** 12:11 13:7
**falls** 13:7
**far** 20:12 27:22
31:25 55:13 56:1
**favor** 37:13 41:3
**favoring** 35:2
**fax** 30:16
**feasibility** 16:13
40:23
**february** 45:22
**federal** 35:3 40:14
40:16 41:22
**fee** 2:7,10,21 3:1,5
3:13,18 4:1,7,12
4:19 5:1,2,7,13
6:1,8 12:11,12
13:12 14:15,17

15:5,8,24,25,25
17:12,21,23 18:1
19:1 20:8 57:8,12
57:15,19 58:12,17
59:5,12,18 60:5
60:12,14,19 61:5
61:16,23
**feel** 20:9 53:2,3,5
**fees** 12:17 16:5
19:10
**feld** 5:8 8:14
60:20
**fell** 13:20
**file** 22:20 23:3
32:9,13 33:19
49:24 56:4
**filed** 13:3,7 14:4
14:12 19:22 21:14
22:5 26:7 33:6,14
34:2,9,10 36:9
39:2,3,18,19
51:25 52:5 55:3,4
**filing** 15:16 21:14
36:11
**filings** 33:9
**filled** 24:6 42:25
**filling** 26:19
**final** 15:7
**financial** 3:8 4:13
58:6 59:19
**finds** 37:15
**fine** 15:17
**finish** 38:1
**first** 5:1 6:6 9:9
17:20 21:8,12,21
22:15 26:9 32:1
32:23 39:8,10,15
40:15 42:16 44:4
47:10 60:12 61:21
**focus** 44:4
**focused** 19:3
**follow** 11:21

**following** 10:23
**foregoing** 63:3
**form** 10:15,16
12:14 33:14 45:19
**former** 22:25 25:1
26:24
**forth** 39:13 41:6
**forward** 11:14
12:13 15:25 19:17
52:1
**found** 13:21
**frame** 10:11
**fraud** 41:24,25
42:3,4,11 44:18
**free** 20:9
**frejka** 6:7 61:22
**front** 26:13 51:24
**fti** 4:12 59:18
**fund** 2:16 26:25
**further** 15:6 17:6
32:3 45:16

### g

**g** 9:1 20:13
**garrett** 8:5 9:5
49:10
**garrison** 3:14
58:13
**gather** 13:16
**general** 34:17
**generally** 16:1
17:13 35:3 36:16
36:20 42:7
**genuine** 44:8
**getting** 47:23
52:10,16
**give** 22:20 53:3,15
53:23 54:11
**given** 22:9 33:16
34:8,14,17 38:12
52:4,12
**giving** 30:14 42:8
**global** 2:13

**go** 47:9,19 49:11
50:18 52:1
**goes** 11:14 54:18
**going** 11:9 12:12
17:15 19:17 31:18
43:3,25 48:7
**good** 9:2,4,16,17
11:3 12:8 15:12
20:15,16,17,18
32:5 40:25 44:14
52:8
**gotshal** 5:18 8:2
9:5 13:21 32:6
49:10 61:10
**gottlieb** 8:9 9:19
**govern** 40:14
**governs** 9:23
27:13
**grant** 17:16 19:14
33:24 35:15 37:10
**granted** 32:12
33:22 34:11 35:25
39:23
**granting** 37:24
38:1 55:22
**grants** 16:17
**great** 26:8
**grievance** 52:19
**grievances** 52:18
**grounds** 16:13
**group** 4:1 59:5
**guess** 13:14 31:18
40:7
**guidance** 19:17
**gump** 5:7 8:14
15:13,15 60:19

### h

**hain** 2:16
**hamilton** 8:9 9:19
**hand** 10:20 12:18
32:16
**handed** 32:21

| | | | |
|---|---|---|---|
| **handled** 12:4 | **hon** 1:22 | **inconsistency** | **interim** 2:7 3:1,8 |
| **handling** 11:12 | **honor** 9:4,15,16 | 44:16 | 3:13,18 4:1,7,12 |
| 51:6 | 9:21 10:2 11:3,11 | **incorporated** 41:9 | 4:14,19,21 5:3,7 |
| **hang** 20:9 | 11:24 12:8,10,18 | **incorporates** | 5:13,19 6:1,6 |
| **happy** 10:20 13:1 | 13:1,23 14:15,24 | 40:16 41:22 | 12:12 13:20 17:9 |
| 25:23 26:1,3 38:7 | 15:12 16:16,19 | **incurred** 2:9 3:3 | 17:17 57:8,15 |
| **hard** 18:5 | 19:16 20:3,15,17 | 3:10 4:3 57:10,18 | 58:7,12,17 59:5 |
| **hardship** 24:21 | 21:11,20 22:16 | 58:9 59:8 | 59:12,18,21 60:5 |
| **harm** 43:1 47:12 | 26:3 29:15 30:24 | **independent** 2:9 | 60:7,14,19 61:5 |
| **harner** 5:1 60:12 | 31:11,16,23 32:5 | 57:10 | 61:11,16,21 |
| **hauer** 5:7 8:14 | 32:8,20 33:1 | **indicated** 52:13 | **interrupt** 22:22 |
| 60:20 | 35:22,24 37:11,14 | **indiscernible** | 36:7 |
| **headquarters** | 39:9,10,24 40:12 | 13:12 23:18 24:13 | **investment** 4:4,20 |
| 55:6 | 45:2,6,11,18 46:9 | 24:19,20 25:15 | 59:8 60:6 |
| **health** 8:20 20:24 | 47:11,21 48:23 | 28:18,19,23 29:15 | **investors** 2:16 |
| 20:25 53:18 54:23 | 49:9,10 50:15 | 29:17,22 36:4 | **involvement** 50:7 |
| **hear** 11:24 23:25 | 51:20 52:17 53:2 | 37:14,16,23,25 | **involving** 20:13 |
| 26:1 33:15 45:2,8 | 53:4,12 54:9,13 | 38:9 46:14,19 | 22:18 |
| **heard** 25:4,5,8 | 54:14,16,25 55:11 | 52:17 53:20 | **ishkin** 7:2 |
| 39:25 | 56:6 | **industries** 2:13 | **issue** 9:25 10:4,5 |
| **hearing** 2:1 10:23 | **honor's** 49:16 | **inference** 42:9 | 11:1 18:20 19:1,3 |
| 11:7,8,10,14,15 | **hope** 11:13 | **inferences** 41:2 | 25:18 26:6 27:8 |
| 12:12 13:2,6,19 | **hopefully** 18:11 | **information** 8:20 | 28:6,22 37:3 46:5 |
| 13:23 14:17 21:7 | **houlihan** 4:19 | 20:24 23:4 24:24 | **issued** 47:15 |
| 30:14 38:22 53:17 | 60:5 | 27:8 29:18 30:4,6 | **issues** 12:5 17:19 |
| 53:22,23 54:12 | **hours** 38:16 | 42:17,18,22,25 | 19:11 25:24 26:2 |
| **hearings** 12:5 | **hundred** 54:7 | 43:2,2,7,8 46:23 | 29:16 50:3,5,16 |
| **heightened** 41:23 | | 46:25 47:22 48:6 | 53:19 |
| **held** 10:4 | **i** | 48:7,16,19,21 | **item** 9:21 12:10 |
| **help** 50:17 | | 49:1,7,8 51:5 53:1 | 18:16 32:23 |
| **helped** 28:21 | **i.e.** 40:24 46:5 | 54:23 | **items** 19:19 |
| **helpful** 12:20 | **immediately** 51:7 | **initial** 15:23 27:21 | **i'm** 10:20 26:1 |
| **high** 18:2 | **improper** 39:15 | 42:25 | 47:4 54:19 |
| **highlight** 18:25 | 39:22 | **initially** 38:4 | **j** |
| 19:11 | **inappropriate** | **injury** 47:3 | |
| **hold** 46:4 | 53:21 | **insofar** 55:23 | **jennifer** 8:7 19:24 |
| **holdback** 16:18 | **inc.'s** 6:19 7:5 | **insufficient** 23:6 | 32:6 |
| 16:21 | **immediately** 51:7 | **insurance** 27:23 | **jessie** 6:24 7:2,12 |
| **holdco** 8:10 9:19 | **included** 16:19 | 44:12,15 | 38:22 62:12 |
| **holding** 6:18 7:7 | **including** 3:16,20 | **intend** 11:18,20 | **join** 27:18 |
| 7:11,15 62:10 | 4:5,10,16,23 5:11 | **intent** 42:6,7,9 | **joinder** 2:13,15 |
| **holdings** 1:6 4:14 | 5:15,21 6:3 15:15 | **intention** 13:9 | 2:20,21 13:8 |
| 9:3 59:20 | 18:7 21:14 35:13 | | **joinders** 13:6 |
| | 36:21 58:15,20 | | |
| | 59:10,15,23 60:10 | | |
| | 60:23 61:7,13,19 | | |

**joining** 27:1
**joint** 5:1 60:12
**judge** 1:23 46:3
47:15 54:21
**judgment** 7:19,22
21:3,4 32:2,3,23
34:16,21 36:22
55:20,21 62:8
**julie** 8:22 54:22
**july** 4:5 33:6,20
34:7,12 35:25
55:25 59:10
**june** 2:10 3:4,11
3:16,20 4:10,16
4:23 5:5,11,15,21
6:3 57:11,19
58:10,15,20 59:16
59:23 60:10,16,23
61:7,14,19
**jv** 9:23

**k**

**k** 26:19 43:15,16
43:18
**keep** 37:8,9
**kirby** 8:19 54:22
**know** 15:8,20
16:21,22 18:16
22:8 25:3 29:5
40:7 52:12 53:15
**knowledge** 42:6,8
**knows** 44:15

**l**

**l** 7:25 63:8
**l.l.c.** 4:1 59:6
**l.p.** 2:17
**lack** 17:14
**laid** 26:2 27:19
42:18
**landlord** 10:6
**language** 15:4
**largely** 18:6
**lastly** 18:15

**law** 17:25 24:11
27:12 39:15
**lawyers** 32:24
**lax** 43:17
**lay** 27:21 41:18
**laying** 41:16 44:2
**lead** 27:2 50:12
52:19
**lease** 9:11,22
10:10,17,18
**leases** 2:5 11:5
57:6
**leave** 20:9
**leaving** 46:19
**left** 33:8
**legal** 39:20 40:22
41:13 43:9 44:2
63:22
**length** 44:5
**letter** 46:24 47:4,6
48:1
**life** 37:8 52:19
**lift** 20:19,20 21:8
21:9,15 27:17
28:9 31:22 49:24
**light** 13:5 40:9
**limit** 23:15
**limited** 2:24 23:8
**limits** 27:25
**lines** 38:25
**listed** 19:20 37:21
**listing** 18:6 55:3
**lists** 33:8
**literally** 11:5 51:3
**litigating** 37:8,9
**litigation** 20:21
21:10 27:14 34:18
47:14,17 50:22,23
50:24
**little** 45:9
**live** 34:12 53:7
**living** 53:3,4

**llc** 2:15 3:7,18 4:7
9:23 58:6,18
59:12
**llp** 2:7 3:2,14 5:2
5:8,13,18 6:2 8:14
8:19 9:19 57:9,16
58:13 60:13,20
61:5,10,17
**located** 9:23 44:17
**lokey** 4:19 60:5
**long** 10:24 24:21
**look** 31:10,11
**looking** 13:14
43:10
**lost** 45:12
**loud** 11:25
**lp** 2:17
**luke** 8:12 9:18
**lynn** 63:3

**m**

**machine** 33:10
**mail** 33:8
**mailed** 36:3
**main** 9:25 10:4
**making** 46:15
**malice** 42:6
**management**
36:14
**managing** 47:16
**manges** 5:18 8:2
9:5 32:6 61:10
**manner** 32:14
46:17
**march** 2:10 3:4,11
3:15,20 4:4,9,16
4:22 5:10,15,21
6:3 39:18 57:11
57:19 58:9,14,19
59:9,15,23 60:9
60:23 61:7,13,18
**marsal** 3:7 58:5
**mart** 26:19 43:15
43:16,18

**master** 2:16
**material** 34:25
**matter** 1:4 9:9,10
9:12 22:18 26:10
27:2 30:2 31:1
35:9,11 39:1 43:9
51:5 52:8
**matters** 2:1 12:11
19:20 20:7,12,19
28:11 29:24 36:21
51:12
**mean** 13:3 18:17
35:19
**mechanism** 26:14
39:16
**medical** 22:2 24:5
24:23 28:23 29:5
30:3 43:20 44:9
44:10,16 46:20
48:23,25 50:16
51:4,21,22 52:21
52:22,24 53:1
**medically** 45:14
**medication** 22:24
**medications** 22:8
**medicine** 23:13
**merits** 34:18,23
35:2
**mien** 2:24
**million** 10:3 16:5
16:9,10,20
**mind** 42:7
**mindful** 17:11
49:23
**mineola** 63:25
**minor** 10:16
**minute** 53:13
**minutes** 34:5
**mishkin** 7:13
62:12
**mishkin's** 38:23
**mislead** 46:8

**misleading** 29:17 30:15 53:1

**misrepresentation** 41:24 42:1,11

**missing** 30:8

**mistake** 42:5

**modifications** 10:16

**moment** 49:12

**monday** 33:6,20

**monetary** 10:5

**money** 23:11 24:9 24:19,22 34:24 39:17

**moore's** 35:3

**moot** 56:3

**morning** 9:2,4,7 9:16,17 15:12 20:15,17,18 32:6

**motion** 6:10,15,19 6:22,25 7:1,3,5,8 7:12,19 19:21,23 20:20 21:2,8,9,15 28:9 31:20,22,25 32:1,4,13,22 34:1 34:4,10,14,15,21 35:11,12 36:17,20 36:22 37:10,18 38:4,18,20,21 39:8 40:3,9,15,22 45:17 46:3 49:24 51:18 54:19 55:7 55:15,16,19,22,24 56:1,3 62:5,8,11

**motions** 20:22 21:2,5 38:20 39:8

**movant** 34:22

**movant's** 6:15 34:23

**move** 15:25 20:7 31:20 32:3 34:1 36:11 39:12 53:5

**moving** 22:11

**multi** 2:17

**n**

**n** 8:1 9:1 20:13 35:6 57:1 58:1 59:1 60:1 61:1 62:1 63:1

**national** 8:20 20:24,25 54:23

**nature** 11:4 31:9

**necessary** 3:10 32:16 58:9

**need** 16:21 24:21 28:23 29:9,11,14 29:15,25 30:21,23 30:24 31:8,14 41:2,10,18 44:8 47:22 48:7 49:6

**needed** 16:11 29:21

**needs** 49:7

**neglect** 35:1,19,19 35:20

**negligent** 43:18 43:22

**negotiated** 10:10

**network** 20:24

**never** 26:17 28:8 30:11 31:4 51:25 53:7

**nevertheless** 39:12

**new** 1:2,14 46:3 50:22,23,24

**ng** 6:10,18 7:5,7 7:11,15,19 19:21 20:2,6,13,14,15 21:2,9,11,19,20 21:25 22:16,19 23:1,9,14,18,23 24:5,8,13,15,19 24:25 25:3,6,8,14

25:20 26:17 27:3 27:8,16,19 28:11 28:14,16,18,21 29:1,7,13 30:2,19 30:24 31:10,16 32:19,20 33:1,6,7 33:12,13,17 35:14 35:17,22,24 36:6 36:8,23 37:1,11 37:23,25 38:9,12 38:17 39:5,19 40:3,4,12 44:23 44:24,25 45:1,6 45:11,14,18 46:1 46:8 47:3,4,6,8,11 47:21,24 48:9,14 48:23,25 49:4,8 49:18,19 50:2,9 50:15,24 51:3,10 51:13,16,17,19 53:7,18,20 54:9 54:14 62:5,8,10

**ng's** 32:9,11 39:11 39:12

**nhin** 43:21

**nishkin** 6:24

**non** 10:5 11:8 27:14 29:1,16 51:23 52:13

**normal** 11:21

**normally** 18:7

**north** 3:7 58:5

**note** 17:18 33:9 34:11

**noted** 35:8

**notice** 2:1,4 7:1 9:10 33:5 55:3 57:5

**november** 11:8 23:24 25:10 30:11 46:16

**nuances** 41:7

**number** 9:21 12:5 20:18 33:8,11

**numbers** 14:24 18:2

**ny** 63:25

**o**

**o** 1:21 9:1 63:1

**object** 17:8

**objection** 2:15,21 2:24 6:13 13:3,4,7 14:5 15:6 17:15 19:23 21:16 33:14

**objections** 13:12

**obligations** 10:18

**obtain** 50:25

**obviously** 12:19 16:3 17:11,16 32:2

**october** 1:16 2:1 35:11 63:13

**offer** 50:4,10 52:9

**offered** 40:24

**office** 18:21

**official** 4:13,20 5:8 8:15 59:19 60:6,20

**ogi** 50:25

**oh** 45:1

**okay** 9:2,14 10:14 11:9,16 12:1,9,21 13:11,13,24 14:9 14:25 15:9 16:2 17:2,11 18:25 19:6,6,18 20:1,5 20:12,16 22:12 23:9,17 24:12,25 25:7,13,22,22 28:16,21 30:18 31:18,24 32:17,19 35:23 37:1,11,11 38:17 39:5,6,7 40:2 45:13,15,25 49:13,15 50:18

[okay - previously]

51:15 53:6 54:15
54:24 55:10 56:8
**old** 63:23
**oleg** 7:1,9
**olga** 8:6 19:24
**ombudsman** 6:7
12:15 61:22
**omnibus** 2:15,21
11:8 53:16,23
54:12
**ones** 30:8 45:4
**ongoing** 17:19
**opportunity**
22:20
**opposed** 34:18
**opposition** 7:5
45:16 51:18
**opted** 36:15
**oral** 53:16,23
**order** 10:16,16
12:14,16 13:14,15
13:21 14:10 16:4
16:7,15,17,22,25
18:23 31:22 36:14
50:6 52:15 55:8
55:14
**ordinary** 14:1
**original** 47:19
**originally** 26:12
42:16 46:21 49:24
**outstanding** 11:5
49:24 50:3
**overnight** 38:5,6
55:25

**p**

**p** 8:1,1 9:1 35:6
**p.m.** 34:13 36:4,4
**page** 57:4 58:4
59:4 60:4 61:4
62:4
**paid** 23:12 24:17
26:15 29:8

**palsinelli** 13:16
**papers** 22:4,11,11
22:21 39:14,25
45:20 49:9 53:22
54:20
**paragraph** 35:4
42:18,23 43:21,25
44:6,7,13
**paragraphs** 43:13
44:19
**parameters** 10:25
**pardon** 53:5
**part** 17:18 28:22
30:8
**participate** 20:3
**particular** 27:24
**particularity** 42:4
**parties** 10:9,25
11:11,13,18 13:8
14:18 15:6 16:10
18:7,12 26:8
35:12 53:16,22
54:11
**partners** 2:17,17
**party** 27:7 40:21
42:3 46:22 47:8
48:1,9 51:6,12
52:15
**paul** 3:13 5:1
58:12 60:12
**pause** 12:24 19:8
32:18 44:22
**pay** 24:2,2,9 54:6
**paying** 28:13
**payment** 16:17
50:4,4
**pdx** 6:19 7:5 8:20
20:24 43:21 54:23
**pearl** 2:13
**pending** 21:23
22:17 25:2 27:18
27:18 51:5,11

**perfectly** 17:23
**period** 3:15,20 4:4
4:9,16,22 5:10,14
5:20 6:3,7 58:14
58:19 59:9,15,22
60:9,22 61:7,13
61:18,22
**permission** 22:20
32:9,12 33:19,22
**permit** 12:18
20:20
**permits** 16:17
36:14
**person** 20:8 31:6
**person's** 42:7
**personal** 29:24
30:3 37:20
**peshko** 8:6 19:24
26:3 31:23 32:24
33:22
**peshko's** 34:5
**petition** 51:25
52:5
**ph** 13:16
**pharmacy** 24:6
43:15,16,18 44:9
44:17 49:2
**phil** 8:17 15:12
18:19
**phone** 17:8 20:3,8
20:14 45:9
**pinaud** 35:6
**piper** 11:12
**places** 44:6
**plains** 1:14
**plaintiff** 44:8,14
**plaintiff's** 7:16,21
43:20
**plan** 16:12
**platform** 9:22
**plausible** 41:19
**pleading** 41:23

**pleadings** 21:14
21:17 25:23 26:2
26:4
**pleased** 10:9
**pled** 41:5,24 42:8
**pocket** 44:10
**podium** 9:12
**point** 13:13 29:9
37:17 38:13 53:22
**points** 19:7,10
47:10
**policy** 27:25 28:1
28:2 35:2
**possession** 3:15
58:14
**possibility** 34:22
34:25
**practical** 29:3
**practice** 11:21
35:3
**precludes** 15:6
**prejudice** 13:18
34:22 35:8 38:15
**prejudiced** 33:18
**prejudicial** 36:25
38:8
**preparation**
17:21
**prepared** 34:14
38:3 54:19
**preparing** 18:1
**prepetition** 39:17
**prescription**
25:12 26:20,20,21
29:5 30:22 42:25
43:5
**prescriptions**
24:5 29:11 42:17
**pretrial** 33:5,16
35:10
**pretty** 18:2
**previously** 9:8
55:6

[prime - rejected]                                                                    Page 12

**prime** 4:7 59:12
**prior** 12:5 15:15
    17:1 21:7 23:5
    52:5
**priority** 2:20
**privacy** 12:15
**pro** 16:24 40:8
**problem** 11:20
**problems** 37:2
**procedural** 39:16
**procedurally**
    39:15,22
**procedure** 40:14
    40:17 41:23
**proceed** 21:10
**proceeding** 6:18
    7:7,11,15 19:22
    21:1,5,22,22,23
    27:19 33:5 62:10
**proceedings** 56:9
    63:4
**process** 15:25
    17:24
**produce** 11:18
**producing** 49:2
**productively** 15:7
**professional** 3:9
    5:3 6:6 14:2 58:7
    60:15 61:21
**professionals**
    14:14 15:2,14,23
    16:6,18 17:21
    18:3
**prolong** 13:2
**proof** 39:18,19
    49:25
**proper** 39:16 54:3
**properly** 26:15
**property** 18:16
**propose** 9:12
**proposed** 12:14
    13:15 16:14

**protect** 43:19
**prove** 31:1,17,17
**provide** 12:19
    23:6 30:5 31:2
    46:21,25 52:15
**provided** 11:22
    16:22 27:8 29:18
    30:4,6,7,14,15
    36:1 38:6 43:2
    46:9,11,13,17
**provides** 40:17
**providing** 27:10
    29:20 48:6,15
**pulled** 16:11
**purchase** 25:11
**purpose** 29:10,23
    29:25 30:21 47:23
    48:8,17,17,19,21
    48:24,25 50:22,24
    51:4
**purposes** 20:14
**pursuant** 55:8
**pursue** 20:20
    27:14 28:12 29:6
**pursued** 13:4
**pursuing** 13:10
**put** 13:22 18:1
    31:15 43:7 45:23
    46:1 54:10 55:1
**putting** 53:24

**q**

**quarropas** 1:13
**question** 13:20
    14:10 16:3 23:8
    44:23,25 45:3
    46:20 47:19
**questions** 13:2,15
    18:10 19:25 20:3
    21:19 39:24 40:10
**quite** 26:2

**r**

**r** 1:21 8:1 9:1 63:1
**raise** 19:7
**rata** 16:24
**rdd** 1:6 6:18 7:7
    7:11,15 62:10
**reached** 33:7
**read** 21:17 25:23
**reading** 29:4
**ready** 39:24
**real** 3:19 18:8
    58:18
**really** 18:5,16
    36:12 44:4 45:8
    47:13 50:21 53:9
**reason** 29:14
    46:23 47:24,25
**reasonable** 18:14
    41:2 42:9 52:6
**reasons** 23:2
    29:13 39:13
**recall** 45:22
**recalled** 45:18
**receipt** 36:19
**receive** 24:2 33:13
    38:3 44:11
**received** 15:23
    25:10 30:9,10
    31:6
**receiver** 45:10
**receiving** 23:5,23
**recommended**
    49:22
**record** 9:5,18
    13:3 16:12 18:19
    33:9 39:1 42:21
    49:11,11,14 50:19
    50:20 54:22 55:2
    55:7 63:4
**recording** 33:10
**records** 23:3,4
    24:10,10,23 25:15
    28:23 29:5,5,14

29:23,24 30:7,13
    30:15,22,24,25
    31:5,5,8,15,16
    42:21 43:20 44:9
    44:17 46:9,11,16
    46:20,24 47:25
    51:4,21 52:21,22
    53:1
**recover** 23:11
**reduced** 9:7
**reducing** 19:9
**reduction** 14:23
**reductions** 14:11
    15:2,15
**refer** 20:25 36:18
    43:25
**reference** 41:9
**referenced** 32:22
**referred** 16:19
    44:20
**reflect** 14:11
**reflects** 10:16
**regard** 36:20
    42:17 50:7
**regarding** 52:13
**regular** 55:24
**reimbursed** 23:11
    29:12
**reimbursement**
    2:8 3:3,10 4:3,9
    4:15,22 5:4,9,14
    5:20 22:23 23:1
    24:22 25:21 26:21
    28:19 29:6,8
    30:23 43:4 48:18
    52:16 54:3 57:10
    57:17 58:8 59:7
    59:14,22 60:8,15
    60:22 61:6,12
**reimbursements**
    44:11
**rejected** 25:1 28:7
    28:8 36:13

**relate** 26:6 27:6
29:10
**related** 7:9,13
9:10 10:5,19
20:19 21:1 28:22
34:23 62:12
**relationship**
26:18 30:5
**relatively** 12:4
**release** 19:23
**released** 16:20
**relevant** 28:1
**reliable** 44:8
**relied** 43:9
**relief** 6:10 19:21
27:13 39:23 62:5
**rely** 56:3
**remaining** 38:20
**remember** 51:14
**removes** 10:12
**rendered** 2:8 3:3
3:9 4:3,8 5:4 57:9
57:17 58:8 59:7
59:14 60:15
**reopen** 22:1
**repairs** 10:6,12
**repeat** 45:1
**reply** 6:15 22:4,11
35:13 45:20
**report** 10:9
**reporter's** 20:14
**reports** 15:24
**representation**
27:25
**representations**
27:23
**representing** 40:7
**request** 7:17 15:5
17:7 22:5 30:23
33:3,7,19,25 34:3
49:11
**requested** 20:2
32:8 55:7

**requests** 27:13
42:24 55:4
**required** 10:6
**rescheduled**
13:19
**reservation** 17:15
**reserved** 17:13
**resolution** 16:19
28:10,17 52:3,6
**resolve** 27:3,5
48:5 49:22 50:2,5
51:5,8
**resolved** 13:23
**resolving** 28:22
52:8
**respect** 14:14
16:18 23:1 29:13
37:11 50:9 56:2
**respectfully** 22:5
22:9 33:3,19,20
50:10
**respond** 33:4,21
34:9 38:10
**responded** 33:13
34:2
**response** 21:16
32:4,9,11 33:18
33:19,23 36:3
40:5 46:4,6 53:11
**responses** 33:13
**responsibility**
22:3
**rest** 26:3
**result** 27:2
**results** 43:17
**retained** 15:23
18:18,18,20
**return** 28:12
**review** 17:14,19
17:22 30:3 40:9
42:13 48:23,25
49:6

**reviewed** 21:13
40:6
**reviewing** 40:20
43:9
**revised** 27:19
**rifkind** 3:13 58:12
**right** 10:1 13:11
13:24 16:2,3 17:2
17:5 18:22 23:13
23:22 24:7,16,18
24:25 25:2,18,22
26:5 28:25 29:13
29:22 30:25 31:24
35:24 38:11 40:2
45:15 46:2 47:7
48:4 50:16,18
51:2,13,14,15
53:10 54:18 55:13
**rights** 17:13,15
**rise** 42:9
**risius** 3:18 18:8
58:17
**road** 63:23
**roadblock** 10:13
**robert** 1:22
**roof** 10:1,3,7 11:1
**ross** 3:18 58:17
**rule** 32:1 40:16,16
40:17,17 41:20,21
41:21,22,23 42:2
42:2,2,11,12 44:1
**rules** 40:14,14
**ruling** 13:5 17:1
26:5,9 37:9 53:16
53:23 54:11
**rulings** 55:13 57:3
58:3 59:3 60:3
61:3 62:3

**s**

**s** 6:7 7:9,13 8:1
9:1 61:22 62:12
**safeguard** 43:19

**satisfied** 11:2
**satisfy** 18:12 42:1
42:2
**saw** 55:4
**saying** 33:23
**says** 33:2,22 42:3
43:21 44:7,13
**schedule** 24:15
**scheduled** 2:1 9:8
**scope** 10:12
**score** 18:3
**se** 40:8
**sears** 1:6 4:14
6:18 7:7,11,15 9:2
59:20 62:10
**second** 2:7 3:1,7
3:13,18 4:1,7,12
4:19 5:7,13,18 6:1
14:10 27:12 39:21
57:8,15 58:5,12
58:17 59:5,12,18
60:5,19 61:5,10
61:16
**secondly** 18:4
38:3 41:12,21
**section** 27:17 35:4
**see** 29:9 30:17
35:3,6 40:20 43:6
48:20 49:7
**seeked** 52:14
**seeking** 23:2 24:8
24:9 50:23
**seen** 46:12
**sent** 32:25 36:12
38:4
**separate** 12:16
36:14,15,18
**separately** 18:17
18:18,20
**september** 46:10
**serious** 37:2
**served** 55:24

service  7:8 21:6
  36:2,6,8,13,15,16
  36:18 37:13,15,18
  55:23
services  2:8 3:2,9
  4:3,8 5:3 57:9,17
  58:8 59:7,13
  60:15
set  11:7 39:13
  41:6 44:4 45:21
settlement  50:7
sherri  7:25 63:3,8
short  33:18
shorter  34:3
show  27:16 32:17
  44:21 52:21
showed  43:3
showing  27:21
  31:4
shown  46:16
shows  31:6 36:1
sic  28:13 51:1
  52:14
side  11:17
sides  26:8
simple  52:25
simply  10:20
  41:15 46:20
sir  29:3 37:8 38:1
  50:14 53:24
situation  39:11
  52:20
small  12:4
smith  2:20
solutions  63:22
somewhat  42:21
sonnax  27:15,22
sorry  22:22 41:22
  45:8 47:4 51:11
  53:2 55:17
sought  17:12,16
  19:15

southern  1:2
spahr  5:2 60:13
speak  14:24 15:3
  15:11 41:11 45:9
speaker  20:11
  53:14
specific  31:12
specifically  32:8
specificity  42:9
spelled  20:13
stage  15:7
stake  34:25
standard  40:8
  41:24
standards  43:17
starboard  9:22
stargatt  6:1 61:17
start  21:18,23
started  51:24
state  39:22 40:19
  40:21 41:19 42:3
  46:3 55:7
stated  37:19 38:2
  38:5 43:24 51:3
statement  51:23
states  1:1 17:8
  18:21
stating  41:15
status  11:4
staut  3:18 18:8
  58:17
stay  6:10 19:22,23
  20:20,20 21:8,9
  21:15 27:14,18
  28:9 31:22 49:24
  52:11 62:6
stayed  52:2
steen  8:9 9:19
stemmed  54:2
stipulation  11:6
strategy  2:17
strauss  5:7 8:14
  60:19

stream  46:18
street  1:13
stress  50:11,14
strike  7:8,12 21:5
  36:17 37:18 38:21
  55:23 56:1 62:11
strong  35:2
structural  10:6
subject  26:22
submit  10:20
  12:22 23:15,21,23
  23:24 24:23 30:13
  31:2,21,21 44:14
  48:9,18 55:14
submitted  11:7
  12:16 22:5,10
  33:20 35:13 49:1
  51:1 52:20,22
submitting  30:3
  31:4 51:4
subpoena  23:3,5
  25:16 29:19 31:10
  31:11,11,14 46:5
  46:6 47:13,15,17
subpoenaed  45:19
subsequently  43:2
substantial  18:15
  38:14
substantive  34:23
sufficiency  34:24
sufficient  16:12
  41:1
suffolk  35:6
suggestion  26:6
  28:10
suggestions  49:16
  51:7
suite  63:24
sum  34:24
summons  33:4
supply  49:8
support  6:15,24
  7:2,16,21 21:15

40:24 41:16 43:24
  44:3,10
supposed  41:12
supreme  29:18
  30:12 51:1,24
sure  19:3,6 22:13
  33:10 43:6
surrounding
  25:14
survive  41:18
sworn  52:22
sympathetic
  39:11

                t

t  63:1,1
take  39:8 53:2
takes  12:14 19:19
tax  5:13 61:5
taylor  6:2 61:17
tell  48:20
terms  26:10 29:20
  30:3 37:3
thank  9:6,15 12:2
  12:8 19:16 20:11
  31:23 32:5 33:23
  39:9 54:13,14,16
  54:21,23 55:11,12
  56:6
thanks  12:25
theories  39:20
therewith  43:22
thing  55:1
things  13:5 42:15
  42:19
think  11:13 12:3
  13:19,19 16:5
  19:10 22:2 25:23
  29:3 32:1 36:15
  38:15 43:1 48:17
  53:13,25 54:25
third  27:7 46:22
  47:8 48:1,9 51:5
  51:12 52:15

| | **u** | **volume**  15:8 35:4 | **workers**  20:21 |
|---|---|---|---|

**time**  9:6,25 10:11
  17:24 23:15 26:8
  33:25 34:9 35:12
  38:8,10,14 52:7
  55:5
**timely**  32:14 34:9
  34:10 39:18
**today**  12:12 14:7
  14:8 19:25 22:8
  33:15 40:1 51:22
  55:13
**today's**  54:17
**total**  16:5
**touche**  2:7 57:8
**transactions**  3:1
  57:16
**transcribed**  7:25
**transcriber**  63:9
**transcript**  21:7
  38:22,24,25 39:3
  56:2,4 63:4
**transform**  8:10
  9:19
**treat**  55:24
**treatment**  24:10
**tried**  48:5
**true**  41:2,13,19
  63:4
**trustee**  14:19 17:7
  17:8,13 18:21
  19:2
**try**  49:22 51:7
**trying**  29:3
**turn**  9:12 20:4
  29:2,2 30:16 39:7
**turned**  23:19,20
  31:3
**two**  11:5,12 20:22
  20:22,23 39:7,13
  40:13 47:10 50:25
**type**  28:2 53:8
**typically**  10:17

**u**  35:6
**u.s.**  1:12,23 14:18
  17:7,8,12 19:2
**ultimate**  38:13
  48:13
**ultimately**  23:10
  26:13 28:6 54:1,8
**uncontested**  9:9
  12:13
**undergo**  51:22
**understand**  12:3
  23:7,7 26:17
  30:18,20,21 31:13
  31:14 37:3 38:25
  40:10 46:3 53:18
**understanding**
  13:13 22:13
**understood**  11:24
  19:5 45:24
**unidentified**
  20:11 53:14
**united**  1:1 18:21
**unsecured**  4:13
  4:21 5:8 8:15
  59:20 60:7,21
**update**  11:4
**urge**  53:24
**use**  31:15 39:3
  43:6 48:8,16,19
  48:21

| **v** |
|---|

**v**  6:18 7:7,11,15
  35:6 62:10
**vagueness**  18:6
**vargas**  1:25
**various**  16:9
**verification**  44:10
**verified**  14:13
**veritext**  63:22
**vetted**  15:1
**voice**  33:8

**volume**  15:8 35:4
**voluntarily**  34:6
**voluntary**  15:15

| **w** |
|---|

**wait**  49:17
**waiting**  22:19
**walk**  9:13
**want**  13:2 14:20
  15:10,20 17:18
  19:9 21:12,23
  22:13 23:10,21
  29:4 31:7 33:9
  37:8 40:7,8 46:23
  47:9 48:7
**wanted**  18:25
  19:3,10,11 25:24
  48:6 51:19
**way**  16:6 27:5
  38:7 50:13 54:10
**we've**  13:19
**week**  11:22
**weigh**  40:23,25
**weil**  5:18 8:2 9:5
  13:21 14:23 32:6
  49:10 61:10
**weiss**  3:13 58:12
**went**  30:12
**wharton**  3:14
  58:13
**white**  1:14
**whitebox**  2:16,17
**wish**  17:10
**wished**  23:3
**withdrawn**  13:22
**withdrew**  13:18
**witness**  11:21
**witnesses**  11:20
  11:23
**words**  52:10
**work**  15:7 18:6,7
  18:9,12,13
**worked**  24:20

**workers**  20:21
  21:10,21,22 22:18
  22:24 23:12,25
  24:11 26:9,10,13
  26:14,22,24 27:1
  27:9 28:2,5 44:11
  44:15 54:4
**working**  13:22
**world**  55:6
**worry**  28:14
**writing**  45:23
  46:1
**written**  22:9
  46:24
**wrote**  48:1

| **x** |
|---|

**x**  1:3,9 57:1 58:1
  59:1 60:1 61:1
  62:1

| **y** |
|---|

**yeah**  38:12 39:5
  45:14 49:20
**years**  28:1 42:24
**york**  1:2,14 46:3
  50:22,23,24
**young**  6:1 61:16