**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                       :

In re                                                 :          Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,    :          Case No. 18-23538 (RDD)

            Debtors.[1]                          :          (Jointly Administered)

------------------------------------------------------------x

**STIPULATION, AGREEEMENT, AND ORDER**
**BETWEEN THE DEBTORS AND SANTA ROSA MALL, LLC**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation and Order**") is entered into by and between (i) the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), on the one hand, and (ii) Santa Rosa Mall, LLC ("**Santa Rosa**" and, together with the Debtors, the "**Parties**"), on the other hand. The Parties hereby stipulated and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# RECITALS

I. **The Debtors' Chapter 11 Cases**

A. Beginning on October 15, 2018 and continuing thereafter, each of the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

C. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

D. The Debtors and Transform Holdco LLC ("**Transform**") entered into that certain asset purchase agreement, dated as of January 17, 2019 (as amended, the "**APA**") for the sale of substantially all of the Debtors' assets (the "**Sale Transaction**").

E. On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507). The Sale Transaction closed on February 11, 2019.

F. On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"), confirming the

*Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5293) (the "**Plan**").

**II.        The Santa Rosa Lease**

G.        On September 22, 1965, Santa Rosa and SR – Rover de Puerto Rico, LLC f/k/a Sears, Roebuck de Puerto Rico, Inc. ("**Rover Puerto Rico**") entered into that certain lease agreement (the "**Santa Rosa Lease**") for the premises located in the Santa Rosa Mall in Bayamon, Puerto Rico.

H.        Under the APA, Transform had sixty (60) days after the closing of the Sale Transaction to designate unexpired leases for assumption and assignment (the "**Designation Period**"). At the request of Transform and Santa Rosa, the Debtors agreed to an extension of the Designation Period for the Santa Rosa Lease to April 30, 2019 (the "**Extended Designation Deadline**").

I.        On April 30, 2019, the Debtors received formal notice from Transform that it would not be designating the Santa Rosa Lease for assumption and assignment, and the Debtors subsequently filed a notice of rejection of, among others, the Santa Rosa Lease (ECF No. 3449).

J.        On May 1, 2019, Santa Rosa filed the *Motion for Relief From the Automatic Stay and Memorandum in Support Thereof and/or to Declare that the Insurance Proceeds Are Not Part of the Bankruptcy Estates* (ECF No. 3475) (the "**Initial Lift Stay Motion**").

K.        On June 7, 2019, Santa Rosa filed a complaint seeking to commence an adversary proceeding against Rover Puerto Rico *et al.* (ECF No. 4153) (such complaint, the "**Adversary Complaint**" and the proceeding, the "**Adversary Proceeding**").

L.        On June 16, 2019, the Debtors filed an objection to the Initial Lift Stay Motion (ECF No. 4224) (the "**Initial Objection**").

M.  On June 20, 2019, the Court heard the Initial Lift Stay Motion and the Initial Objection, and based on the facts presented to the Court and taking into account the pending Adversary Proceeding that would address the main issues raised in the Initial Lift Stay Motion, the Court declined to rule on the Initial Lift Stay Motion until after a ruling in the Adversary Proceeding had been made or Santa Rosa was able to present additional facts to show "a direct relationship with Aon . . . where they owe a duty independent of the debtors' conduct." *In re Sears Holding Corporation*, Case No. 18-23538, Hr'g. Tr. at 86:8-11 (RDD) (Bankr. S.D.N.Y. June 20, 2019).

N.  On July 14, 2019, the Debtors timely filed the *Motion to Dismiss Adversary Complaint* (Case No. 19-08266, ECF No. 8) ("**Motion to Dismiss**").

O.  On August 12, 2019, in an effort to consensually resolve the issues raised in the Adversary Complaint and the Motion to Dismiss, the Parties agreed to stipulate to a withdrawal of the Adversary Complaint without prejudice. On August 15, 2019, the Parties filed the *Stipulation of Voluntary Dismissal Without Prejudice* (Case No. 19-08266, ECF No. 11).

P.  On September 11, 2019, Santa Rosa filed the *Supplemental Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief From the Automatic Stay and Memorandum in Support Thereof* (ECF No. 5124) (the "**Supplemental Lift Stay Motion**"). In the Supplemental Lift Stay Motion, Santa Rosa seeks relief from the automatic stay to pursue claims against (i) Aon,[2] and (ii) the Underwriters (as defined in the Supplemental Lift Stay Motion).

---

[2] "**Aon**" means collectively, Aon UK Limited, Aon Risk Services Central, Inc. d/b/a Aon Risk Insurance Services Central, Inc., Aon Benefield Puerto Rico, and/or Aon Property Risk Consulting, Inc.

Q. On October 7, 2019, the Court confirmed the Plan but ordered the Debtors to file with the Court a letter clarifying Section 15.8(b) of the Plan.

R. On October 11, 2019, the Debtors complied with the Court's direction and filed with the Court the letter annexed hereto as **Exhibit A** (ECF No. 5362).

S. On October 15, 2019, the Court entered the Confirmation Order. Section 15.9(b) of the Plan provides third-party releases for the benefit of certain Released Parties. Santa Rosa opted out of such third-party releases.

T. The Plan also provides the following injunction provision in Section 15.8(b):

> all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trust or the property of any of the Debtors or the Liquidating Trust, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trust or the property of any of the Debtors or the Liquidating Trust, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trust or the property of any of the Debtors or the Liquidating Trust, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trust or against property or interests in property of any of the Debtors or the Liquidating Trust; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

U. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the automatic stay, pursuant to section 362 of the Bankruptcy Code, for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation and Order shall have no force or effect unless and until approved by the Court (the "**Effective Date**").

2. Upon the Effective Date, the automatic stay under section 362 of the Bankruptcy Code (the "**Automatic Stay**") shall be modified solely to the extent necessary to permit Santa Rosa to pursue independent causes of action against Aon; provided, that, all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against any of the Debtors or the Underwriters that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Upon the Effective Date, the Initial Lift Stay Motion and the Supplemental Lift Stay Motion shall be deemed withdrawn, without prejudice. Santa Rosa agrees that it will provide at least seven (7) days prior notice to the Debtors prior to filing any further motion for relief from the Automatic Stay.

4. Nothing set forth in this Stipulation and Order (i) alters, amends, or otherwise modifies, in any way, the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) shall be construed as a waiver by the Debtors, and/or their insurers of any rights under any insurance policies issued to the Debtors or of any related agreements; (iii) creates, permits, or prohibits a direct right of action by Santa Rosa against the Debtors, Aon, or the Underwriters; (iv) precludes, limits, or enhances, in any way, the rights of

any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly-applicable policy, or to otherwise assert any defenses to coverage; or (v) constitutes a determination or admission that coverage exists with respect to Santa Rosa's claims. Likewise, nothing set forth in this Stipulation and Order waives any right or remedy Santa Rosa may have against AIG, the Underwriters, or any other third party.

5. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim filed by Santa Rosa.

6. The limited relief set forth herein shall not be construed as an admission of liability by any of the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from, or in relation to, the alleged causes of action against Aon or any other matter.

7. This Stipulation and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. Each of the undersigned who executes this Stipulation and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

9. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Court.

11. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation and Order shall be effective and enforceable immediately upon

the entry of an Order approving this Stipulation and Order, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

12.  This Stipulation and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

13.  The terms of the foregoing Stipulation and Order shall be null and void upon the conversion or dismissal of the above captioned case.

14.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation and Order.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, this Stipulation and Order has been executed and delivered as of the day and year first below written.

Dated: October 21, 2019

By:
/s/ Jacqueline Marcus
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors
and Debtors in Possession*

Dated: October 21, 2019

By:
/s/ Gustavo A. Chico-Barris
Sonia E. Colón
Gustavo A. Chico-Barris
FERRAIUOLI LLC
390 N. Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001

-
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

-and-

Carlos Ríos Gautier
Ríos Gautier & Cestero C.S.P.
27 González Giusti Street, Suite 300
Guaynabo, PR 00968-3076
Telephone:  (787) 753-7750
Facsimile:  (787) 759-6768

*Attorneys for Santa Rosa Mall, LLC*

**SO ORDERED**:

Dated: October 30, 2019
       White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## The Debtors' Letter Regarding Section 15.8(b) of the Plan

WEIL:\97248092\1\73217.0004

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY DOCKET FILING

**Sunny Singh**
+1 (212) 310-8547
sunny.singh@weil.com

October 11, 2019

Ferraiuoli LLC
390 N. Orange Ave., Suite 2300
Orlando, FL 32801
Attn:   Sonia E. Colon, Esq.
        Gustavo A. Chico-Barris, Esq.
scolon@ferraiuoli.com
gchico@ferraiuoli.com

*Re: Sears Holdings Corporation, et al., Case No. 18-23538 (RDD), and the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (the "Plan")*

Dear Ms. Colon and Mr. Chico-Barris:

Reference is made to the continued hearing on confirmation (the "**Confirmation Hearing**") of the Plan of Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**") that was held on October 7, 2019, held in the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  As requested by the Bankruptcy Court at the Confirmation Hearing, the Debtors hereby confirm that the injunction provision provided in Section 15.8 of the Plan does not seek to enjoin any actions against non-Debtor third-parties.

This letter is not intended to constitute the Debtors' consent to Santa Rosa Mall, LLC's request for relief from the automatic stay or in any way affect the *Supplemental Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof* (ECF No. 5124), filed on September 11, 2019 (the "**Supplemental Lift Stay Motion**").  The Debtors reserve all rights as to the Supplemental Lift Stay Motion, including their right to object.

Should you have any questions, please feel free to contact me.

Sincerely,

*/s/ Sunny Singh*

Sunny Singh, Esq.

WEIL:\97222911\3\73217.0004