Hearing Date/Time:  TBD[1]

**HALPERIN BATTAGLIA BENZIJA, LLP**
Walter Benzija, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: wbenzija@halperinlaw.net

and

**MEYERS, ROMAN, FRIEDBERG & LEWIS**
David M. Neumann, Esq.
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio  44122
Telephone: (216) 831-0042 x174
Email: dneumann@meyersroman.com

*Co-counsel to Virginia Center Common Mall Realty Holding, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | |
|---|---|
| In re | : |
| | :    **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : |
| | :    **Case No. 18-23538 (RDD)** |
| Debtors. | : |
| | :    **(Jointly Administered)** |

---------------------------------------------------------

**MOTION OF VIRGINIA CENTER COMMON REALTY
HOLDING, LLC FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF**

Virginia Center Common Mall Realty Holding, LLC as successor in interest to North Park Associates, L.P. ("Virginia Center Common"), by its undersigned counsel, hereby files this motion (the "Motion") for entry of an order: (i) allowing Virginia Center Common's

---

[1] In light of this Court's determination regarding the Administrative Expense Claims Consent Program and the attendant adjournment of all motions to compel payment of administrative expense claims, Virginia Center has not requested a hearing date for its motion.  In the event that the claim cannot be consensually resolved, Virginia Center will request a hearing date, after conferring with counsel to the Debtors about scheduling, and will file a notice stating the hearing date and response deadline.

{00301704.4 / 1328-001 }                1

18-23538-shl    Doc 5541    Filed 10/31/19    Entered 10/31/19 13:42:02    Main Document
Pg 2 of 7

administrative expense claim, pursuant to 11 U.S.C. § 503 for payment of monthly Common Area Maintenance payments since the Petition Date arising under an Easement Agreement (as defined below); (ii) directing payment of Virginia Center Common's administrative expense claim; and (iii) granting Virginia Common Center related relief with respect to the Sears property adjoining its mall. In support of this Motion, Virginia Center Common respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicates for the relief requested herein are sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

**(a) The Sears Property at the Virginia Center Commons Shopping Center**

3. On or about August 9, 1994, North Park Associates, L.P. ("Developer"), and Sears Roebuck and Co. ("Sears" or the "Debtor") entered into an Easement and Operating Agreement (the "Original Easement Agreement"). The Original Easement Agreement granted Sears and the Developer and their successors and assigns perpetual, reciprocal easements, in order to facilitate access to the shopping center and the Sears anchor tenant store, as well as access to utility lines, and parking lots, sidewalks and other common areas at the Virginia Center Commons shopping center in Richmond, Virginia. *See* Original Easement Agreement, section 6.

4. The Original Easement Agreement was subsequently supplemented by a Supplemental Agreement dated as of December 15, 1994, pursuant to which Sears agreed to pay

the Developer, and it successors and assigns, a Common Area Maintenance ("CAM") contribution fee for Sears' ongoing use and occupation of its owned anchor tenant wing adjoining the Virginia Center Commons shopping center (the "Supplemental Agreement" and together with the Original Easement Agreement, the "Easement Agreement")[2]. The monthly CAM charge in connection with the easements and the Easement Agreement is $7,737.22.

5. The Easement Agreement also provides as follows:

> Attorney's Fees. In the event of any litigation arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs from the non-prevailing party.

See Easement Agreement, section 15.27.

6. In December of 2016, Virginia Center Common purchased the Virginia Center Common property and thereby became a successor in interest to Developer's rights in the Easement Agreement.

7. From 1994 until the end of August, 2018, Sears routinely made the agreed upon monthly CAM payments in a timely fashion.

**(b) The Bankruptcy Filing**

8. No payment was made on September 1, 2018 or October 1, 2018, and on October 15, 2018 (the "Petition Date"), the Debtors commenced these Chapter 11 cases. As of the Petition Date, Sears was, as described above, the owner of the Sears store and anchor tenant wing adjoining the Virginia Center Commons shopping center, and party to the Easement Agreement. Upon information and belief, Sears closed its store at Virginia Center Commons shortly after the Petition Date, but continues to own the store and certain adjoining real estate.

---

[2] The Easement Agreement is voluminous, and has not been attached to this Motion. A copy of it is available to parties in interest upon request, and will be filed with the Court with the notice of hearing in respect of this Motion.

{00301704.4 / 1328-001 }                          3

9. Since shortly before the Petition Date to the present, despite continually receiving monthly invoices, Sears has failed to make any of the required easement-related CAM payments to Virginia Center Common. As of October 1, 2019, as detailed on the ledger attached to this Motion as **Exhibit A**, Sears' delinquent post-petition CAM payments total $92,846.64 and that amount will increase by $7,737.22 (i.e., total $100,583.86) if the payment due on November 1, 2019 is not paid. (Virginia Center Commons is also owed a total of $15,846.64 for the months of September and October 2018.)

10. Virginia Center Common, through its long-time counsel, has made diligent and repeated efforts during the course of these cases to obtain payment from the Debtor. These efforts have been complicated by the Debtors' apparent failure to include this Sears location in the schedules that were provided to the Transform entities, which purchased a material portion of the Debtors' assets. It therefore appears that this Sears property was not included in the sale, and continues to be owned by Sears.

11. To date, the outstanding amounts due to Virginia Center Common have not been fully addressed or resolved and the Debtors' plan, which was confirmed by Order dated October 15, 2019, provides no guidance regarding the treatment of the Easement Agreement.

12. While Virginia Center Common hoped to consensually resolve these issues and continues to maintain that hope, it has been unsuccessful in its efforts to date. It therefore files this request for administrative payment, including reasonable attorneys' fees.

13. Virginia Center Common notes that its right to payment relates to its easement rights and the easement is a property interest. Thus, Virginia Center Common respectfully submits that any amount that is not paid as an administrative claim should nonetheless be paid in full, whether from the sale of Sears' property interests at the Virginia Center Common shopping

mall or otherwise. Accordingly, Virginia Center Common reserves all rights against Sears and its property.

### RELIEF REQUESTED

14. Virginia Center Common respectfully requests entry of an order: (i) allowing its administrative expense claim for delinquent easement-related CAM fees in the amount of no less than $92,846.64 as of October 1, 2019, plus any additional amounts that accrue and are unpaid after that date, pursuant to section 503(b)(1)(A) of the Bankruptcy Code; (ii) reimbursing Virginia Center Common for its reasonable attorneys' fees resulting from Sears' refusal to pay such claim; (iii) paying such allowed administrative expense claims; and (iv) granting related relief.

### BASIS FOR RELIEF

15. The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b)(1)(A).

16. The test to determine whether an applicant is entitled to payment of an administrative expense is whether the efforts of the applicant resulted in actual benefit to the debtor's estate. *See In re CIS Corp.,* 142 B.R. 640, 642 (S.D.N.Y. 1992).

17. Here, Virginia Center Common has continued to provide Debtors with the benefits attributable to the maintenance of and access to its anchor tenant wing space, yet Debtors have failed to pay Virginia Center Common the agreed-upon easement-related CAM fees owed for the maintenance services and access provided to Sears.

18. Accordingly, Virginia Center Common is entitled to an administrative expense claim for CAM services provided to the Sears at the mall from November 1, 2018 to the present, which totaled $92,846.64 as of October 1, 2019 and continues to accrue. Virginia Center Common also seeks the payment of its reasonable, actual and necessary attorneys' fees, as authorized by the Easement Agreement.

19. Virginia Center Common has provided Sears with access to and maintenance of its property throughout these cases, and has not received any of the monthly payments that are due to it, and with each month that Virginia Center Common continues to provide easement-related access and CAM services to Sears, its administrative expense claim increases. Virginia Center Common therefore requests immediate payment of its administrative claim. *See In re King,* 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (Courts have discretion to order the immediate payment of such administrative claims and may use this discretion to ensure "orderly and equal distribution among creditors.")

## RESERVATION OF RIGHTS

20. Nothing herein should be construed as a waiver of any of Virginia Center Common's rights or remedies, at law or equity or pursuant to the Easement Agreement.

## NOTICE OF THIS MOTION

21. Notice of this Motion has been provided to counsel to the Debtors and all parties entitled to ECF notice. Upon the scheduling of a hearing to consider this Motion, the movant will provide such additional notice as may be required by the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures (D.N. 139). Virginia Center Common respectfully submits that no other or further notice is required.

.

**CONCLUSION**

For the foregoing reasons, Virginia Center Common respectfully requests that the Court enter an order: (i) granting Virginia Center Common an allowed administrative expense claim in the amount of at least $92,846.64 plus reasonable attorneys' fees and easement-related CAM amounts that accrue after October 1, 2019, pursuant to Section 503 of the Bankruptcy Code; (ii) directing the Debtors or such other party as the Court deems appropriate to make payment of such allowed administrative expense claim consistent with an Order of this Court; (iii) reserving all of Virginia Center Common's property rights, at law or equity and/or pursuant to the Easement Agreement; and (iv) providing for such other and further relief to Virginia Center Common as this Court deems just and proper.

Dated: October 31, 2019
New York, New York

**HALPERIN BATTAGLIA BENZIJA, LLP**

By: */s/ Walter Benzija*
Walter Benzija, Esq.
40 Wall Street, 37th floor
New York, NY  10005
Telephone: (212) 765-9100
Email: wbenzija@halperinlaw.net

and

**MEYERS, ROMAN, FRIEDBERG & LEWIS**
David M. Neumann, Esq.
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio  44122
Telephone: (216) 831-0042 x174
Email: dneumann@meyersroman.com

*Co-counsel to Virginia Center Common Mall Realty Holding, LLC*