Hearing Date/Time: TDB

Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010
Fax: (212) 868-0013
Email: paloe@kudmanlaw.com
       dsaponara@kudmanlaw.com
*Counsel for Epic Designers Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDING CORPORATION,** *et al.*, | **Case No. 18-23538 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**EPIC DESIGNERS LIMITED'S MOTION FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE**

Epic Designers Limited ("Epic"), by its attorneys, Kudman Trachten Aloe LLP, respectfully submits this motion for the allowance and payment of its administrative expense claim (the "Motion"), pursuant to 11 U.S.C. § 503(a), and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## RELEVANT PROCEDURAL HISTORY

2.      On October 15, 2018 (the "Petition Date"), Sears, Roebuck and Co. ("Sears" and, collectively with the other debtors, the "Debtors"), a debtor and debtor-in-possession in the above-captioned chapter 11 cases, commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3.      The Debtors have continued to operate and manage their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

4.      On December 6, 2018, Epic filed a proof of claim in the total amount of $541,698.72 (Claim No. 5961), representing a $120,111.84 general unsecured claim for unpaid invoices representing garments that Sears received and accepted from Epic prior to the Petition Date, and a $421,586.88 administrative expense claim for unpaid invoices representing garments that Sears received and accepted from Epic after the Petition Date.

5.      On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief* (the "Confirmation Order" [Docket No. 5370]), which provides, among other things, for adoption of the Administrative Expense Claims Consent Program (the "Program") effective as of that date. Pursuant to the Program, creditors holding administrative claims must still

file their administrative expense claims, thereby requiring the filing of this Motion, despite the fact that Epic intends to opt-in to the Program with respect to the claim set forth in this Motion.

6. The Confirmation Order further provides that all requests for administrative expense claims are adjourned until a date as determined by the Debtors or Liquidating Trust, as applicable, and so no hearing date is requested as part of this Motion.[2]

## RELEVANT FACTUAL BACKGROUND

7. Epic is a Hong Kong-based manufacturer of garments, clothing, and accessories. It designs and supplies a wide range of apparel and furnishings for men, boys, and kids to customers in Hong Kong and the United States.

8. Prior to the Petition Date, Sears regularly received and accepted garments shipped by Epic pursuant to the parties' business relationship. Until in or around September 2018, Sears (and/or other of the Debtors) paid the invoices issued by Epic for these garments in the ordinary course of its business.

9. After the Petition Date, Epic continued to do business with Sears in accordance with the parties' business relationship. Shipments of Epic's garments that were in transit on the Petition Date were actually received, accepted, and used in the operation of Sears's business after the Petition Date. To date, Sears has made no payments to Epic on the invoices listed below and attached to this Motion as Exhibit A, representing Epic's shipments of $421,586.88 worth of garments that Sears received, accepted, and used in the operation of its business after the Petition Date (the "Post-Petition Amount Due"):

---

[2] In the event that this claim is not resolved through the Administrative Expense Claims Consent Program, Epic will request a hearing date, after conferring with counsel to the Debtors about scheduling, and will file a notice stating the hearing date and response deadline.

3

| Invoice No. | Date Received | Amount |
|---|---|---|
| 201820766874 | 12/21/2018 | $ 44,383.20 |
| 201820766927 | 12/21/2018 | $ 154,680.24 |
| 201821367536 | 1/22/2019 | $ 56,702.64 |
| 201821367554 | 12/20/2018 | $ 165,820.80 |
| | Total: | $ 421,586.88 |

## RELIEF REQUESTED

10.     Section 503(b)(1)(A) provides for the allowance, as an administrative expense, the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Such expenses are entitled to allowance as an administrative expense if they "aris[e] out of a transaction between the creditor and the . . . debtor in possession" and "the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007).

11.     Sears received, accepted, and used shipments of garments from Epic after the Petition Date in the ordinary course of its business, and these garments benefited Sears in the operation of its business. Accordingly, the Post-Petition Amount Due for these garments is undisputedly an administrative expense that is entitled to priority payment under section 503(b)(1)(A) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

12.     Epic expressly reserves the right to amend, modify, or supplement this Motion in any way, including, without limitation, to assert additional claims related to (a) setoff, (b) recoupment, (c) indemnification, (d) subrogation, and (e) any of Epic's rights under any agreement or under statutory, regulatory, civil or common law, or any equitable relief. This Motion is not, nor shall it be deemed to be, (a) a waiver or release of Epic's rights against any person, entity, or property, (b) an election of remedies, or (c) a waiver or release of any claims that are currently

owing and not identified in this Motion, including, without limitation, the proof of claim filed by Epic for unpaid garments provided prior to the Petition Date (Claim No. 5961), and/or claims that may become due and owing to Epic by the Debtors subsequent to the filing of this Motion.

## NOTICE OF THIS MOTION

13. Notice of this Motion has been provided to counsel to the Debtors and all parties entitled to ECF notice. Upon the scheduling of a hearing to consider this Motion, Epic will provide such additional notice as may be required by the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (Docket No. 139). Epic respectfully submits that no other or further notice is required.

**WHEREFORE**, Epic respectfully requests that the Court enter an order: (i) granting Epic an allowed administrative expense claim in the amount of $421,586.88 pursuant to section 503(b)(1)(A) of the Bankruptcy Code, (ii) directing the Debtors to make payment of such allowed administrative expense claim pursuant to the Program, (iii) reserving all of Epic's rights to file supplemental or additional administrative expense requests with the Court for additional amounts that may become due, beyond the $421,586.88 approved by the Court, and (iv) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 4, 2019

By: _____
Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE LLP
Empire State Building
350 Fifth Avenue, 68th Floor
New York, New York 10118
Tel: (212) 868-1010
Fax: (212) 868-0013
Email: paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Attorneys for Epic Designers Limited*