**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Raniero D'Aversa, Jr.
Evan C. Hollander
Emmanuel Fua

*Counsel for TELUS International (U.S.) Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*, | ) | Case No. 18-23538-RDD |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**MOTION OF TELUS INTERNATIONAL (U.S.) CORPORATION FOR ALLOWANCE**
**OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(1)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holding Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Product, Inc.(8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

TELUS International (U.S.) Corporation ("TELUS"), by and through its undersigned counsel, hereby moves (the "Motion") this Court for entry of an order allowing its administrative expense claim pursuant to section 503(b) of title 11 of the United States Code (the "Bankruptcy Code").  In support of this Motion, TELUS respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### BACKGROUND

2.      TELUS, as supplier, and debtor Sears Holdings Management Corporation ("SEARS"), as customer, are parties to the Master Outsourced Services Agreement dated as of March 1, 2013 (as amended, restated, supplemented, or otherwise modified from time to time, the "MOSA"), and Statement of Work #1, dated as of March 1, 2013 (as amended, restated, supplemented, or otherwise modified from time to time, "SOW 1"), and Statement of Work #2, dated as of May 1, 2014 (as amended, restated, supplemented, or otherwise modified from time to time, "SOW 2"), and together with SOW 1 and the MOSA, the "Agreements").[2]  Pursuant to the

---

[2] Confidentiality provisions in the MOSA prevent TELUS from attaching the Agreements to this Motion; additionally, TELUS believes that SEARS is in possession of copies of the Agreements.  TELUS will promptly submit copies of the Agreements to the Court if SEARS demands it and waives such confidentiality provisions.

Agreements, TELUS performed call center and other important customer care services on behalf of SEARS.

3.      TELUS's support and generation of online sales has been an important element of SEARS's business.  TELUS has provided SEARS with over 200 customer service agents, serving 44% of the volume for SEARS "online sales & service" business and 100% of the volume for SEARS's "Mattress Care" business.  TELUS began supporting SEARS's "online sales & service" line of business in May of 2013, with sales revenue of $102MM in 2017.  Due to TELUS's exemplary performance in online sales and service, SEARS awarded TELUS its customer care business to grow the SEARS "Mattress Care" business in May of 2017.

4.      On October 15, 2018 (the "Petition Date"), SEARS and the other above-captioned debtors (collectively, the "Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      After the Petition Date, TELUS continued to provide services to SEARS at substantial cost to TELUS, and in accordance with the terms of the Agreements, TELUS submitted the attached post-petition invoices to one or more of the Debtors (the "Post-Petition Invoices", attached hereto as Ex. A) in the total aggregate amount of $998,100.58.

6.      On April 10, 2019, the Debtors rejected the Agreements when they filed a Notice of Rejection of Executory Contracts [Dkt. No. 3121].

7.      The Debtors have not paid the Post-Petition Invoices that are due and owing to TELUS in the total aggregate amount of $998,100.58.

**RELIEF REQUESTED**

8.     TELUS requests entry of an order substantially in the form attached hereto: (i) granting TELUS an allowed administrative expense claim in the amount of $998,100.58 under section 503(b)(1) of the Bankruptcy Code for services rendered to the Debtors post-petition; and (ii) granting TELUS such other and further relief as deemed just and necessary.

## BASIS FOR RELIEF

9.     11 U.S.C. § 503(b) states, in pertinent part: "(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—(1) (A) the actual, necessary costs and expenses of preserving the estate."

10.    Section 507(a)(2) of the Bankruptcy Code affords first priority to the "actual, necessary costs and expenses of preserving the estate." See *In re Patient Educ. Media, Inc.*, 221 B.R. 97, 100-01 (Bankr. S.D.N.Y. 1998) ("The priority furthers the goal of rehabilitation by encouraging third parties to supply goods and services on credit to the estate.").

11.    It cannot be disputed that TELUS's post-petition claim seeking payment for call center and customer care services rendered is an administrative expense under section 503(b)(1)(A) of the Bankruptcy Code.  An administrative claimant "must demonstrate that (1) his claim arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (2) the transaction or consideration directly benefitted the debtor-in-possession." *Patient Educ. Media*, 221 B.R. at 101; see also *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2017).  "Consideration exists generally where (1) the debtor-in-possession induces the creditor to perform postpetition, or (2) the creditor performs under an executory contract prior to rejection." *Patient Educ. Media*, 221 B.R. at 101.  Where, as here, "'the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to

reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services.'" *Id.* (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984)); see also *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) ("there is a presumption that the contract rate is reasonable.").

12.     TELUS's post-petition performance of call center and customer care services for the Debtors directly and unequivocally benefitted the Debtors; without these services, the Debtors would have had no one to answer the telephone and assist customers for 44% of the Debtors' "online sales & service" business and 100% of their "Mattress Care" business.  Accordingly, TELUS's claim is an administrative expense, which is afforded a first priority under the Bankruptcy Code. See 11 U.S.C. §§ 503(b)(1)(A), 507(a)(1).  In accordance with the Bankruptcy Code, SEARS must pay this claim.  See *Patient Educ. Media*, 221 B.R. at 104.

## NOTICE

13.     TELUS shall cause notice of this Motion to be served on the Debtors and the "Master Service List" as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Dkt. No. 405], and in the manner provided therein. TELUS submits that it need provide any other or further notice.

## NO PRIOR REQUEST

14.     TELUS has made no prior request to this or any other court for the relief sought herein.

## **RESERVATION OF RIGHTS**

15.     TELUS reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Motion, and reserves its rights to supplement or amend this Motion, to make additional arguments at the hearing to consider the Motion, and to assert claims for prepetition damages or additional administrative expenses.

## **CONCLUSION**

16.     For the foregoing reasons, TELUS respectfully requests that the Court enter an Order: (a) granting TELUS an allowed administrative expense claim in the amount of $998,100.58 under section 503(b)(1) of the Bankruptcy Code for services rendered to the Debtors post-petition; and (b) granting such other and further relief as this Court deems equitable and proper.

*[signature on the following page]*

4151-2789-0207.2

Dated:  New York, New York

November 5, 2019

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:     /s/ Raniero D'Aversa, Jr.

        51 West 52nd Street
        New York, New York 10019
        Telephone:  (212) 506-5000
        Facsimile:  (212) 506-5151
        Raniero D'Aversa, Jr.
        Evan C. Hollander
        Emmanuel Fua

        *Counsel for TELUS International (U.S.)*
        *Corporation*