Leslie C. Heilman (*admitted pro hac vice*)
**Ballard Spahr LLP**
919 N. Market Street, 11th Floor
Wilmington, DE  19803
Direct: (302) 252-4446; Fax: (302) 300-4065
E-mail:  heilmanl@ballardspahr.com

*Attorneys for Dolphin Fontana, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                         :    Chapter 11
                                                              :
SEARS HOLDINGS CORPORATION, *et al*,[1]    :    Case No. 18-23538 (RDD)
                                                              :
                                                              :
                                                              :    (Jointly Administered)
                    Debtors.                          :
------------------------------------------------------------x

## MOTION OF DOLPHIN FONTANA, L.P. FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

COMES NOW Dolphin Fontana, L.P. (hereinafter, "Landlord"), by and through its undersigned counsel, pursuant to sections 503(b) and 365(d)(3) of title 11 of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden,  LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Code (the "Bankruptcy Code"), and respectfully submits this motion (the "Motion") for an order allowing Landlord's request for payment of its administrative expense claim in the amount of $21,341.48  In support of the Motion, Landlord states as follows:

## JURISDICTION AND VENUE

1. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

3. Sears Holding Corporation, and its affiliated co-debtors (collectively, the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on October 15, 2018.  The Debtors operate or operated their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

4. Sears Roebuck and Co. ("Tenant"), one of the Debtors, leased retail space (the "Premises") from Landlord pursuant to that certain unexpired lease of nonresidential real property dated February 1, 2014 (the "Lease") at 14650 Miller Avenue, Fontana, CA (the "Center").

5. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. On or about December 7, 2019 (the "Rejection Date"), Debtors rejected the Lease.

7. To date, no express procedures have been established by the Court for seeking allowance and payment of administrative expenses.

8. Under the terms of the Lease, Tenant is required to make certain payments to Landlord arising out of its use and occupancy of the Premises.  These payments include such

---

[2]  All statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), unless otherwise specified in the Motion.

items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Lease, including year-end adjustments and reconciliations for charges that are paid on an estimated basis. The Debtors have not paid all obligations that have arisen or accrued during the post-petition period, and certain amounts remain due and owing for the period from the Petition Date through and including the Rejection Date.

9. Specifically, Tenant failed to pay rent, as required under the terms of the Lease, from the period beginning December 1, 2018 through the Rejection Date.

10. Tenant further failed to pay required utilities and common area maintenance charges for the period beginning December 1, 2018 through the Rejection Date.

11. As of the date of this Motion, Tenant is delinquent in its payments to Landlord in the amount of $21,341.48. The amounts due are more specifically identified in Schedule A, attached hereto. Landlord is entitled to an administrative expense claim for such obligations, plus indemnity obligations, amounts subject to setoff and/or recoupment and attorneys' fees.

**RELIEF REQUESTED**

12. The Landlord respectfully requests that the Court enter an order granting it an allowed administrative priority claim in the amounts set forth herein, and for payment obligations arising or accruing under the Lease between the Petition Date and Rejection Date pursuant to Bankruptcy Code Sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

**BASIS FOR THE RELIEF REQUESTED**

10. Section 365(d)(3) provides that a debtor is required to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is . . . rejected . . . ." 11 U.S.C. § 365(d)(3).

11. The majority of courts that have considered the operation of § 365(d)(3) have arrived at the same conclusion: costs and expenses incurred for post-petition, pre-rejection performance under an unexpired nonresidential real estate lease must be allowed as an administrative expense regardless of § 503(b)(1)(A) limitations. In re Liberty Outdoors, Inc., 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (lessor entitled to recover unpaid expenses pursuant

to section 365(d)(3) of the Bankruptcy Code regardless of whether such "expenses benefited or preserved the estate") (citing In re Gatti's, Inc., 164 Bankr. 929 (Bankr. W.D.Tex. 1994); In re Orvco, Inc., 95 Bankr. 724 (9th Cir. B.A.P. 1989)); In re Worths Stores Corp., 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991) (same); In re Matter of South Lincoln Med. Group, P.C., 2008 WL 506086, at *2 (Bankr. D. Neb. Feb. 21, 2008) (citing In re Brewer, 233 B.R. 825, 829 (Bankr. E.D. Ark. 1999).

12. Section 365(d)(3) of the Bankruptcy Code, protects non-residential real property landlords from having to endure such prejudice, providing:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). The plain language of Section 365(d)(3) and the relevant case law clearly requires the Debtors' immediate payment of all rents and related charges that arise post-petition as an administrative expense of these estates.

13. Section 503(b)(1) provides for an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate. *See* 11 U.S.C. § 503(b)(1). A landlord's administrative claim under Section 503(b)(1) is equal to the lease contract rate. *See* In re ZB Company, 302 B.R. 316, 319 (Bankr. D. Del. 2003) ("Absent evidence to the contrary, the contract rate is presumed to be the fair rental value."). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. *See* 11 U.S.C. §507(a)(2). The Debtors benefited from the post-petition use and occupancy of the Premises for the direct benefit of themselves and their lenders.

14. On the basis of the foregoing, Landlord respectfully requests that the Court enter an order allowing its administrative expense claim for the amounts set forth in the attached Schedule A.

**WHEREFORE**, Landlord respectfully requests that the Court enter an Order: (i) awarding administrative expense claims against the Debtors' estates under sections 365(d)(3) and 503(b) of the Bankruptcy Code in the amounts set forth herein; and (ii) provide such other relief the Court deems just and necessary.

Dated: November 7, 2019
Wilmington, Delaware

Respectfully submitted,

*/s/ Leslie C. Heilman*
Leslie C. Heilman, Esquire
Laurel D. Roglen, Esquire
**Ballard Spahr LLP**
919 N. Market Street, 11th Floor
Wilmington, DE  19801
Direct:  (302) 252-4446
Fax:  (302) 300-4065
E-mail:  heilmanl@ballardspahr.com
           roglenl@ballardspahr.com

*Attorneys for Dolphin Fontana, L.P.*

## SCHEDULE A

| Sears Aging as of 10/16 - 12/7/18 | |
|---|---|
| Charge | Amount |
| 11/2018 Common Area Maint | $ 1,213.69 |
| 11/2018 Insurance | $ 74.87 |
| 12/2018 Common Area Maint | $ 1,266.69 |
| Elec 10/16/18 - 11/13/18 | $ 4,008.93 |
| 12/2018 Insurance | $ 426.74 |
| 12/2018 Management Fee | $ 284.62 |
| 12/2018 Monthly Rent | $ 11,384.62 |
| 12/2018 Roof Reserve | $ 140.00 |
| 12/2018 Property Taxes | $ 0.31 |
| Elec 11/13/18 to 12/7/18 | $ 2,541.02 |
| TOTAL | $ 21,341.48 |