**PAUL J. LABOV**
**CARLY S. EVERHARDT**
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Email: plabov@foley.com
      ceverhardt@foley.com

**MARK J. WOLFSON** (FBN 352756) (*pro hac* pending)
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 225-4119
Facsimile: (813) 221-4210
E-mail: mwolfson@foley.com

*Counsel to Hain Capital Investors Master Fund, Ltd.*

Hearing Date: November 20, 2019 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>                 Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816); The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**HAIN CAPITAL INVESTORS MASTER FUND LTD.'S STATEMENT IN
CONNECTION WITH NOTICE OF WITHDRAWAL OF CERTAIN ADDITIONAL
CONTRACTS FROM THE NOTICE OF ASSUMPTION AND ASSIGNMENT OF
ADDITIONAL EXECUTORY CONTRACTS**

Hain Capital Investors Master Fund Ltd. ("Hain"), by and through its undersigned counsel, hereby submit this statement (the "Statement") to the Notice of Withdrawal of Certain Additional Contracts from the Notice of Assumption and Assignment of Additional Executory Contracts (the "Notice") (D.E. #5532).[2] In furtherance of this Statement, Hain states as follows:

**PRELIMINARY STATEMENT**

1.      Transform Holdco LLC and/ or its affiliates ("Transform"), has spent at least six (6) months reaping significant benefits of the Debtors' Supply Agreement (as defined below) with Winiadaewoo Electronics America, Inc.("Winiadaewoo" or "Daewoo"), and yet, has refused to make any cure payments as required by the Bankruptcy Code.  Indeed, aware of the cure costs prior to designating the Supply Agreement for assignment, Transform now takes the position that it has withdrawn its designation, yet upon information and belief, continues to act under the Supply Agreement.  Now that Transform has benefited significantly from operating under the Supply Agreement and has continued its relationship with Daewoo, Transform seeks to rely on the thinnest of legal arguments – lack of an order approving assumption and assignment - and elevate form over substance in an effort to circumvent its responsibilities under the Bankruptcy Code and the Asset Purchase Agreement to pay "cure costs".  This Court should not sanction such efforts.

2.      In short, while the Court has not officially entered an order approving the Debtors' assumption and assignment of the Supply Agreement, the Court should nevertheless refuse to recognize the Notice and rule that Transform is liable for the outstanding cure costs based upon

---

[2] Hain previously raised the same issues discussed in this Statement in its response to the Debtor's omnibus objection to Hain's Section 503(b)(9) Claim.

2

Transform's conduct, i.e., operating for over six (6) months as if the Supply Agreement was in place – long past either the Transition Services Agreement expired and even post-confirmation of the Debtors' plan of liquidation. This court has the ability to apply the doctrine of "equitable estoppel," whether under its inherent equity powers and/or Sections 105 and Section 365. The Court should reject Transform's attempts to withdraw its designation via the Notice or otherwise. A contrary ruling unfairly allows the 363 buyer to obtain and keep the benefits of an assumed and assigned contract without accepting its burdens.

3. Moreover, allowing Transform to continue with the Supply Agreement but excusing it from its cure cost obligation, leaves the Debtors holding the bag for over $6 million – despite receiving no benefit for assumption and assignment. In other words, this Court should not permit Transform to "un-ring the bell" six months after it has been acting as if it had officially accepted the supply contract and likely generating millions of dollars in business trading on the Debtors' contractual relationship.

4. Finally, if, as Transform suggests, the objection held open the Debtors' ability to assume and assign the Supply Agreement, then it also must be true that Transform is required to provide adequate assurance of future performance of the Supply Agreement – which includes immediate payment of the cure amount before it may continue to operate under the Supply Agreement.

## BACKGROUND

5. The Debtors filed voluntary chapter 11 bankruptcy petitions on October 15, 2018 (the "Petition Date"). As part of the Debtors' plan to emerge from bankruptcy, the Debtors entered into an Asset Purchase Agreement on January 17, 2019 to sell substantially all of its assets to Transform. The Asset Purchase Agreement also contemplated that Transform would accept

3

executory contracts that Transform designated, which assumption and assignment under Section 365 required Transform's payment of "cure costs" due under the subject contract.

6. On January 18, 2019, as contemplated in the Asset Purchase Agreement, the Debtor filed a Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction (the "Potential Assumptions") (D.E. #1731).

7. The Potential Assumptions listed the Supply Agreement for Refrigeration Products (the "Supply Agreement") between Winiadaewoo and the Debtors (Doc. #1731) but did not list any specific cure amounts. The Debtors and Winiadaewoo, a manufacturer and key supplier of consumer goods sold by the Debtors under the "Kenmore" brand and other labels, were conducting business at the time of the bankruptcy petition.

8. Winiadaewoo filed a limited objection (D.E. #1809) to the Potential Assumption on January 25, 2019, asserting the cure amount at $24,115,615.17, which appears to be inclusive of the 503(b)(9) Claims (defined below).

9. Winiadaewoo had earlier filed a number of claims against the Debtors in their bankruptcy proceedings arising out of the Supply Agreement, including four section 503(b)(9) claims, Claim Nos. 8339, 8342, 8344, and 8348 (the "503(b)(9) Claims").[3] The 503(b)(9) Claims total $6,164,992.61 and are based on goods supplied under the Supply Agreement.

10. On January 29, 2019, Winiadaewoo transferred to Hain the 503(b)(9) Claims component of its contract claim under the Supply Agreement. The Notice of Transfer of the claim

---

[3] Winiadaewoo timely filed their claims on November 2, 2018, which included contract amounts due that consisted of 503(b)(9) claims and also general breach of contract claims.

4

was filed with the Court on February 15, 2019 (D.E. #4996), and all counsel of record, including counsel for Transform, received notice of the filing by the ECF email notification process.

11. On February 8, 2019, the Court entered an Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief (the "Sale Order") (Doc. # 2507), with Transform and certain affiliates. Pursuant to the terms of the approved Asset Purchase Agreement, among other provisions, Transform agreed to be pay "Cure Costs" of assumed contracts, in addition to the "Assumed 503(b)(9) Liabilities" as defined therein.

12. On April 4, 2019, while Transform and Winiadaewoo were negotiating (without Hain's involvement) for Transform's agreement to accept the assumption and assignment of the Supply Agreement, Winiadaewoo's Chairman Jay Kim stated in an email to Transform's Chief Brand Officer Peter Boutros: "As I have mentioned previously, because we have already capitalized our administrative claims (503(b)(9)) in the market, the following offer is based only on the general unsecured claims (prepetition)." A copy of that email is attached hereto as **Exhibit 1.**

13. On April 12, 2019, the Debtors filed a Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines (Doc. # 3171), which extended the "Designation Rights Period" to May 3, 2019 for certain "Designatable Leases" and to May 13, 2019 for certain "Additional Contracts."

14. On April 13, 2019, unknown to Hain, Transform and Winiadaewoo executed Amendment #3 to Supply Agreement for Refrigeration Products, dated April 13, 2019

5

("Amendment #3"). Amendment #3 contemplated a long term business relationship between Transform and Winiadaewoo. Amendment #3 does not (nor could it) release the 503(b)(9) Claims owned by Hain at that time, although it expressly states that it waives any "cure costs" that Winiadaewoo had against the Debtors. A copy of Amendment #3 is attached hereto as **Exhibit 2**.

15. On April 26, 2019, at Transform's direction, the Debtors filed a Notice of Assumption and Assignment of Additional Executory Contracts (the "Notice of Assumed and Assigned Contracts") (Doc. #3397), listing the Supply Agreement and noting in paragraph 14 of the Notice of Assumed and Assigned Contracts that any amendments, such as Amendment #3,[4] to the contract were assumed and assigned as well. The Supply Agreement was listed on the Notice of Assumed and Assigned Contracts as a contract that Transform was designating for assumption and assignment as authorized by the Sale Order (the "Additional Assumption Notice"). Without addressing the 503(b)(9) Claim owned by Hain, the Debtors listed in Exhibit 1 at Ref. #'s 64-67 under "Comments" that "Cure amount resolved" for agreements with "Daewoo Electronics, Inc."[5] noted as the listed Counterparty.

16. On May 6, 2019, Winiadaewoo filed a Limited Objection of Winiadaewoo Electronics America, Inc. To Debtors' Notice of Assumption and Assignment of Additional Executory Contracts (Doc. # 3645) ("Winiadaewoo Assignment Objection"). Winiadaewoo specifically did not object to assumption and assignment but noted that the priority 503(b)(9) Claim remained outstanding as a "cure amount."

17. Shortly after being informed by Winiadaewoo of the Additional Assumption Notice, on May 20, 2019, Hain filed the Hain Capital Group LLC's Limited Objection to and

---

[4] Upon information and belief, the Supply Agreement has been amended 3 times.

[5] The correct entity is Winiadaewoo Electronics America, Inc.

6

Motion for Clarification Regarding Debtors' Notice and Assignment of Additional Executory Contracts (Doc. #3958). Hain noted that the previously transferred 503(b)(9) Claims owned by Hain could not be waived by Winiadaewoo or Transform and that Hain had not waived any of its claim. Hain did not object to the assumption and assignment of the Supply Agreement to Transform, but stated that the Debtors or Transform (perhaps both but, of course, only one recovery) remain liable to Hain for payment of the 503(b)(9) Claims.

18. Upon information and belief, since on or shortly after April 13, 2019, Transform and Winiadaewoo have engaged in extensive business with each other under the supply and pricing terms of Supply Agreement, amended by Amendment #3, whereby Winiadaewoo sells goods to Transform and Transform pays Winiadaewoo for those goods.

19. In their First Omnibus Objection to Claims, apparently based upon what Transform had communicated to the Debtors, the Debtors stated the 503(b)(9) Claims should be disallowed in its entirety and expunged because "[t]he Claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC. It is indisputable that Hain has not released or waived its 503(b)(9) Claims and that Transform has not paid the sums due for the 503(b)(9) Claims to Hain."

20. On October 30, 2019, Transform filed its Notice, attempting to withdraw the contracts related to the Supply Agreement.

21. However, notwithstanding the fact that Hain has not been paid the sums due for the 503(b)(9) Claim, as the outstanding "cure costs" under Section 365 and the Asset Purchase Agreement, upon information and belief, Winiadaewoo and Transform are continuing to operate under the contract that is the basis for the 503(b)(9) Claims.

## ARGUMENT

22.     In sum, the Court should disregard the Notice because Transform should not be allowed to reap the benefits of the Supply Agreement without paying the unsatisfied cure amounts.

23.     The Bankruptcy Code does not intend for a counter party to have the ability to change its mind about assumption months after it has been operating under the contract it stated it was assuming, without paying the required cure costs. In essence, this would allow the parties to do an end run around the 365 of the Bankruptcy Code by getting the benefits of both the relationship and the contract without also being responsible for the burdens. Based on its conduct, Transform should be equitably estopped from "withdrawing its acceptance of the assumption and assignment" when it has already received substantial benefits of the Debtors' contractual relationship – and will continue to receive such benefits moving forward.

24.     Notwithstanding the lack of formal court approval of the assumption and assignment of the Supply Agreement, this Court should, under its authority pursuant to 11 U.S.C. Sections 105, and 365, as well as principles of equitable estoppel, prevent Transform from withdrawing the designation and require Transform to pay the cure costs. *See In re Texaco Inc.,* 254 B.R. 536, 560-63 (Bankr. S.D.N.Y. 2000) (holding where debtor continued operating under contracts, derived economic benefits of those contracts, and stated it was going to assume those contracts, the debtor was equitably estopped from arguing post-confirmation that the contracts were not assumed notwithstanding an order to that effect); *In re Global Western Dev. Corp.,* 759 F.2d 724, 727 (9th Cir. 1985) ("As courts of equity, bankruptcy courts will 'look through the form to the substance of any particular transaction and may contrive new remedies where those in law are inadequate'….'Substantial right and injustice, rather than technical form, control." (citations omitted)); and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC,* 443 B.R. 295, 315

8

(Bankr. S.D.NY. 2011) ("bankruptcy courts are empowered to utilize their equitable powers under section 105(a) where appropriate 'to facilitate the implementation of other Bankruptcy Code provisions." (citations omitted)). The legal holdings and rationale of these cases preclude Transform, after having obtained the benefits of its new relationship with Winiadaewoo, from avoiding the payment of unwaived cure amounts.[6] Stated another way, there has been a *de facto*[7] assumption of the Supply Agreement but no corresponding payment of the cure costs. Hain asserts the cases cited in the Objection stand for the proposition that a bankruptcy court has the ability to fashion remedies to prevent parties in bankruptcy cases from taking unfair advantage of other constituents. To rule otherwise also harms the Debtors' estates because they have transferred an intact key supplier relationship to a 363 buyer without getting the benefit of the buyer agreeing to pay the cure costs.

25. Also, there can be no confusion that Transform knew of the exact cure amount prior to their request to designate the contract. See Exhibit 1.

26. Moreover, it should not be lost on this Court that Transform is simply a continuation of the Debtors and that, upon information and belief, the relevant credit professionals that were employed by the Debtors are now employed by Transform. Thus, again, Transform at all relevant times maintained and continues to maintain the Debtors books and records. Therefore, any

---

[6] To the extent that parties argue that there can be no assumption and assignment without an order effectuating it pursuant to *In re Burger Boys*, 94 F.3d 755 (2d Cir. 1996), Hain notes that *In re Burger Boys* is distinguishable and inapplicable to the situation at hand. In *Burger Boys*, the debtor argued it could assume a lease without filing a formal motion to do so based on the parties' dealings. The Second Circuit held the Bankruptcy Code requires the debtor to file a formal motion to assume the lease (which occurred here), but even then, it left open the possibility that that a party might be found to have waived the requirement for a formal motion for approval of the assumption of a lease. *Id.* at 764. Here, we have a purchaser who sought to assume a debtor's contract, but then months after having benefited from the contractual relationship, decided it did not want to "pay cure costs," the amount of which Transform was aware of from the record filings by Winiadaewoo and Hain.

[7] Black's Law Dictionary (11th ed. 2019) defines *de facto* as "actual; existing in fact; having effect even though not formally or legally recognized." Hain appreciates the reluctance of bankruptcy courts to employ a *de facto* analysis to decide bankruptcy issues, but this alternative remedy seems especially suited for what has occurred here.

reliance on the cure amount as a legal basis to find no assumption or assignment is at best, pretext, and at worse, further indication, along with the Debtors' current issues with Transform, that Transform was simply looking to gut the Debtors without honoring its bargains as set forth in the Asset Purchase Agreement.

27.     Alternatively, the Court could find that the prior designation was effective as an approved assumption and assignment based upon the prior orders because there was never any objection to the assumption and assignment of the Supply Agreement, the only issue left for resolution being the "cure amounts" which, were not only determinable, but actually known by all relevant parties including Daewoo, Transform and the Debtors prior to Transform's request to designate the Supply Agreement.

28.     Further, if the Court were to find that the Winiadaewoo Assignment Objection technically prevented an assumption and assignment, then it too must find that if Transform continues to benefit from and operate under the Supply Agreement it must have waived the requirement of an order approving the assignment and must provide adequate assurance of future performance. Moreover, it must immediately pay all cure costs.

## RESERVATION OF RIGHTS

29.     Hain reserves the right to amend, modify, and/or supplement this Statement.

30.     Hain also reserves its rights to bring claims in the appropriate non-bankruptcy forums against Transform and/or Winiadaewoo including, but not limited to, for damages for breach of contract, tortious interference and unjust enrichment.

**CONCLUSION**

WHEREFORE, Hain respectfully requests the Court reject Transform's attempt to "withdraw" the Winiadaewoo Supply Agreement as an "assumed and assigned" contract, whether based upon Sections 105 and 365, the doctrine of "equitable estoppel," or simply the inherent power of the Bankruptcy Court to prevent a misuse of the bankruptcy process, determine that Transform is liable for payment of the Hain Section 503(b)(9) Claims as outstanding "cure costs" that it agreed to pay under the Asset Purchase Agreement and order Transform to pay Hain's 503(b)(9) cure costs based on its continued dealings under the Supply Agreement.

Dated: November 8, 2019
       New York, New York

FOLEY & LARDNER LLP

*/s/ Paul J. Labov*
Paul J. Labov
Carly S. Everhardt
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Email: plabov@foley.com
       ceverhardt@foley.com

-and-

Mark J. Wolfson (*pro hac vice*)
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 225-4119
Facsimile: (813) 221-4210
E-mail: mwolfson@foley.com

*Counsel to Hain Capital Investors Master Fund, Ltd.*

## CERTIFICATE OF SERVICE

       I, Paul J. Labov, certify that I caused a copy of th*e Statement* to be served upon the parties on November 8, 2019 (i) who receive electronic notifications by operation of the Court's electronic notification system; and (ii) to be served via U.S. mail on upon the parties listed below:

Chambers of the Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.,
Attorneys for the Debtors
Weil, Gotshal, & Manges LLP
767 Fifth Avenue
New York, NY 10153

Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.
Attorneys for the Official Committee of Unsecured Creditors
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Sean A. O'Neal, and Esq. Luke A. Barefoot, Esq.
Attorneys for Transform Holdco
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

Hyun Suk Choi, Esq. and Chull S. Park
Attorney for Winiadaewoo Electronis America, Inc.
11 Broadway, Suite 615
New York, NY 10004

Dated:  New York, New York
        November 8, 2019

      */s/ Paul J. Labov*
      Paul J. Labov
      **FOLEY & LARDNER LLP**
      90 Park Avenue
      New York, New York 10016-1314
      Telephone: (212) 682-7474
      Facsimile: (212) 687-2329
      E-mail: plabov@foley.com