CALFEE, HALTER & GRISWOLD LLP
Wall Street Plaza
88 Pine Street, 14th Floor
New York, NY 10005-1802
Telephone: (888) 225-3331
H. Jeffrey Schwartz

-and-

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Gus Kallergis
Ronald McMillan

*Counsel for Winners Industry Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SEARS HOLDINGS CORPORATION, et al.,[1] | : Case No. 18-23538 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**APPELLANT WINNERS INDUSTRY CO., LTD'S**
**STATEMENT OF ISSUES TO BE PRESENTED AND**
**<u>DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Appellant Winners Industry Co., Ltd. ("Winners"), by and through its undersigned counsel, hereby respectfully submits, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules"), and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, (the "Local Rules"), this statement of issues to be presented and designation of items to be included in the record on appeal with respect to its appeal of this Court's *Order Denying Vendors' Motions for Allowance and Payment of Administrative Expense Claims* [Docket No. 5371] (the "Appealed Order"), before the United States District Court for the Southern District of New York (the "District Court") at Case No. 19-cv-10231-NSR.

## I.   Statement of Issues to be Presented on Appeal

On October 15, 2019 , this Court entered the Appealed Order denying the motions of Winners and certain other vendors requesting, among other things, that this Court find that goods delivered postpetition to the above captioned debtors and debtors in possession (the "Debtors") by Winners and the other vendors qualified for administrative expense priority treatment under section 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"). Dealing with a financially distressed bankruptcy estate and with administrative insolvency jeopardizing the Debtors' ability to confirm a plan, the Debtors advocated for, and the Court accepted, a reading of section 503(b)(1) of the Bankruptcy Code that is inconsistent with the governing canons of statutory construction, established case law and the law of the case.

Winners intends to present the following issues on this appeal:

1.   Did the Bankruptcy Court err by failing to follow the United States Supreme Court's and the Second Circuit Court of Appeals' governing principles of statutory construction that would require harmonizing and interpreting subsections (b)(1) and (b)(9) of section 503 of the Bankruptcy Code in a compatible and not contradictory manner so that both the vendor who deliver goods to a debtor in the 20 days prior to the petition date and the vendor

2

who delivers goods to a debtor in possession on or after the petition date are treated similarly and entitled to an administrative expense under section 503(b) of the Bankruptcy Code?

2. Did the Bankruptcy Court err by ignoring the United States Supreme Court's and the Second Circuit Court of Appeals' governing principles of statutory construction by expressly choosing to interpret section 503(b)(1)(A) in a manner that creates an absurd result where the vendor who delivers goods immediately prior to the petition date is entitled to administrative expense priority status but the vendor who delivers goods on or after the petition date to the debtor in possession is only entitled to a general unsecured claim?

3. Did the Bankruptcy Court err by failing to recognize that its *Final Order Authorizing Debtors to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business* [Docket No. 843] already granted Winners administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code for the undisputed obligations of the Debtors that arose from postpetition delivery or shipment of goods under prepetition orders, and the Debtors are precluded from contesting and relitigating that issue?

4. Did the Bankruptcy Court err by not recognizing that a vendor's postpetition decision to deliver goods to a debtor in possession and a debtor in possession's accepting delivery of such goods and the value associated therewith constitute the postpetition transaction with a debtor in possession contemplated by the case law interpreting section 503(b)(1)(A) of the Bankruptcy Code?

## II. Designation of Items to be Included in the Record on Appeal[2]

Winners designates the following items for inclusion in the record on appeal. Each designated item shall also include any and all exhibits and documents annexed to and referenced within such items.

| *Docket No.* | *Docket Entry Date* | *Description* |
|---|---|---|
| 14 | 10/15/18 | Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business |
| 843 | 11/20/18 | Final Order Authorizing Debtors to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business |
| 1386 | 12/21/18 | Motion of Winners Industry Co. Ltd. for Allowance and Payment of Administrative Expense Claims |
| 2839 | 03/15/19 | Debtors' Objection to Winners Industry Co., Ltd's Motion for Allowance and Payment of Administrative Claim |
| 3229 | 04/16/19 | Initial Reply to Debtors' Objection to Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims |
| 3258 | 04/17/19 | Joinder by Pearl Global Industries Ltd. to Motion by Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims |
| 3760 | 05/08/19 | Letter of Winners Industry Co., Ltd., Administrative Expense Claimant |
| 3883 | 05/15/19 | Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Expense Claims |

---

[2] All documents designated herein have a docket number reference. Accordingly, pursuant to Rule 8009-1(a) of the Local Rules, no documents must be attached or filed herewith. Except as otherwise specified herein, all references to "Docket No." shall refer to the docket numbers on the Bankruptcy Court docket at Case No. 18-23538-rdd.

4

| *Docket No.* | *Docket Entry Date* | *Description* |
|---|---|---|
| 3942 | 05/20/19 | Qualified Joinder of the Official Committee of Unsecured Creditors to Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Claims |
| 4392 | 06/28/19 | Order (I) Approving Disclosure Statement, (II) Establishing Notice and Objection Procedures for Confirmation of the Plan, (III) Approving Solicitation Packages and Procedures for Distribution Thereof, (IV) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan, and (V) Granting Related Relief |
| 4478 | 07/09/19 | Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors |
| 5370 | 10/15/19 | Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief |
| 5371 | 10/15/19 | Order Denying Vendors' Motion for Allowance and Payment of Administrative Expense Claims |
| 5522 | 10/28/19 | Notice of Appeal (Winners Industry Co., Ltd.) |
| N/A | N/A | Copy of Bankruptcy Court Docket Report through November 11, 2019 |

**HEARING TRANSCRIPTS**

| *Docket No.* | *Docket Entry Date* | *Description* |
|---|---|---|
| 5395 | 10/07/19 | Transcript of Hearing Held on October 3, 2019 |
| 5396 | 10/09/19 | Transcript of Hearing Held on October 7, 2019 |
| 5500 | 10/24/19 | Transcript of Hearing Held on May 21, 2019 |

5

Dated: November 11, 2019

Respectfully submitted,

/s/ H. Jeffrey Schwartz
CALFEE, HALTER & GRISWOLD LLP
Wall Street Plaza
88 Pine Street, 14th Floor
New York, NY 10005-1802
Telephone: (888) 225-3331
H. Jeffrey Schwartz
jschwartz@calfee.com

-and-

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
Gus Kallergis
Ronald McMillan
gkallergis@calfee.com
rmcmillan@calfee.com

*ATTORNEYS FOR WINNERS INDUSTRY CO., LTD*