Hearing Date/Time: TBA[1]

NORRIS McLAUGHLIN, P.A.
Melissa A. Pena, Esq.
875 Third Avenue, 8th Floor
New York, New York 10022
Attorneys for ManpowerGroup US Inc

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18- 23538 (RDD) |
| Debtors. | (Jointly Administered) Honorable Robert D. Drain |

**MANPOWERGROUP US INC.'S MOTION FOR ALLOWANCE OF POST-PETITION ADMINISTRATIVE EXPENSE CLAIM**

ManpowerGroup US Inc. ("Manpower") by its undersigned attorneys, hereby submits this Motion for Allowance of Post-Petition Administrative Expense Claim in the amount of not less than $117,579.66 (the "Motion"), as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On October 15, 2019 (the "Petition Date"), Sears Holdings Corporation and its related debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the

---

[1] In light of the Administrative Expense Claim Consent Program and the adjournment of all motions to compel payment of administrative expense claims, Movant has not requested a hearing date for its motion. In the event the claim cannot be consensually resolved, Movant will request a hearing date and file a notice of such date with response deadlines.

United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"). As of this date, no trustee has been appointed for the Debtors' businesses or properties.

## BACKGROUND

3. Manpower supplied temporary workers to multiple locations operated by the Debtors, in part pursuant to certain agreements between Manpower and Beeline.com, and separate agreements between Beeline.com and the Debtors. Manpower provided the temporary workers to the Debtors prior to the Petition Date, and also continued to supply workers after the Petition Date.

4. On October 15, 2019, the Court entered the Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief (the "Confirmation Order" [Docket No. 5370]), which provides, among other things, for adoption of the Administrative Expense Claims Consent Program (the "Program") effective as of that date. Pursuant to the Program, creditors holding administrative claims must still file their administrative expense claims, thereby requiring the filing of this Motion.

5. The Confirmation Order further provides that all requests for administrative expense claims are adjourned until a date as determined by the Debtors or Liquidating Trust, as applicable, and so no hearing date is requested as part of this Motion.

## RELIEF REQUESTED

6. Manpower requests entry of an order, substantially in the form annexed hereto as Exhibit A, allowing its administrative claim in the amount of not less than $117,579.66.

## BASIS FOR RELIEF REQUESTED

7. Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including—the actual, necessary costs and expenses of preserving the estate." In this case, there is no question that the Debtors' use of

Manpower's temporary workers allowed the Debtors to continue to operate their businesses, and therefore the costs and expenses for those workers provided by Manpower constitute actual and necessary costs and expenses of preserving the estate. Accordingly, Manpower is entitled to an administrative claim for all post-petition unpaid charges incurred.

8. Attached hereto as Exhibit B is a summary listing of open and unpaid invoices that comprise the amount requested herein. Manpower will provide such additional and further documents to support this Motion upon request.

9. Manpower reserves the right to assert any and all other claims of whatever kind or nature that it has, or it may have, against the Debtors. The filing of this Motion is not a waiver or release of any claims or rights of Manpower against any other person or entity, an election of remedies, or a waiver of any past, present, or future claims. Further, nothing contained herein is a waiver of any additional pre-petition or post-petition administrative expense claims that Manpower has or may have against the Debtors that are not identified herein.

## **NOTICE**

10. Notice of the Motion has been given to the Debtors and all parties receiving notice through the Court's ECF system. Upon scheduling a hearing to consider the Motion, the Movant will provide such additional notice as may be required by the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures. See Docket No. 139. Manpower respectfully submits that at this time, no further notice is required.

## CONCLUSION

WHEREFORE, Manpower requests the entry of the Order submitted contemporaneously herewith, and that the court grant such additional or further relief just and equitable under the circumstances.

Dated: New York, New York
November 12, 2019

/s/ Melissa A. Pena
_____
Melissa A. Pena
Norris McLaughlin, P.A.
875 Third Avenue, 8th Floor
New York, New York  10022
Attorneys for ManpowerGroup US Inc.