Hearing Date/Time: TBA[1]

NORRIS McLAUGHLIN, P.A.
Melissa A. Pena, Esq.
875 Third Avenue, 8th Floor
New York, New York  10022
Attorneys for Right Management Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:  : | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al.,  : | |
|  : | Case No. 18- 23538 (RDD) |
| Debtors.  : | (Jointly Administered) |
|  : | Honorable Robert D. Drain |

**RIGHT MANAGEMENT INC.'S MOTION FOR ALLOWANCE OF**
**POST-PETITION ADMINISTRATIVE EXPENSE CLAIM**

Right Management Inc. ("RMI") by its undersigned attorneys, hereby submits this Motion for Allowance of Post-Petition Administrative Expense Claim in the amount of not less than $44,720.00 (the "Motion"), as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On October 15, 2019 (the "Petition Date"), Sears Holdings Corporation and its related debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the

---

1 In light of the Administrative Expense Claim Consent Program and the adjournment of all motions to compel payment of administrative expense claims, Movant has not requested a hearing date for its motion.  In the event the claim cannot be consensually resolved, Movant will request a hearing date and file a notice of such date with response deadlines.

United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"). As of this date, no trustee has been appointed for the Debtors' businesses or properties.

## BACKGROUND

3. RMI supplied professional coaching, consulting, and advising services, including, without limitation, outplacement-related services, to the Debtors and Debtors' employees under one or more statements of work with the Debtors under a Master Services Agreement dated as of April 1, 2013 as amended from time to time. The Debtors contracted with RMI to make these services available to Debtors and its employees, in part, as an additional incentive and/or benefit for Debtors' employees as part of an overall package to recruit and retain employees to the Debtors' workforce, as well as to obtain proactive support and consulting for Debtors' managers. RMI provided these services to the Debtors prior to the Petition Date, and also continued to supply the services after the Petition Date.

4. On October 15, 2019, the Court entered the Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief (the "Confirmation Order" [Docket No. 5370]), which provides, among other things, for adoption of the Administrative Expense Claims Consent Program (the "Program") effective as of that date. Pursuant to the Program, creditors holding administrative claims must still file their administrative expense claims, thereby requiring the filing of this Motion.

5. The Confirmation Order further provides that all requests for administrative expense claims are adjourned until a date as determined by the Debtors or Liquidating Trust, as applicable, and so no hearing date is requested as part of this Motion.

## RELIEF REQUESTED

6. RMI requests entry of an order, substantially in the form annexed hereto as Exhibit A, allowing its administrative claim in the amount of not less than $44,720.00.

## BASIS FOR RELIEF REQUESTED

7. Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including—the actual, necessary costs and expenses of preserving the estate." In this case, the Debtors' ongoing, post-petition use of RMI's services allowed the Debtors to continue to operate their businesses in the post-petition period as it was pursuing its operations and sales strategies, aiding the Debtors in its efforts to retain and support its employees during this process. Therefore, the costs and expenses for the services provided by RMI constitute actual and necessary costs and expenses of preserving the estate. Accordingly, RMI is entitled to an administrative claim for all post-petition unpaid charges incurred.

8. The summary listing of open and unpaid invoices that comprise the amount requested herein is as follows:

| Customer | Name | Inv Date | Due Date | Sum Amount | Consolidated Invoice |
|---|---|---|---|---|---|
| US00571 | Sears Holdings Corporation | 12/21/2018 | 2/19/2019 | $ 34,658.00 | SEARSDEC18 |
| US00571 | Sears Holdings Corporation | 1/25/2019 | 3/26/2019 | $ 10,062.00 | SEARSJAN19 |

The invoices themselves are not attached as they identify the individual employees that RMI was working with under the terms of its agreements with the Debtors. RMI will provide such additional and further documents to support this Motion upon request.

9. RMI reserves the right to assert any and all other claims of whatever kind or nature that it has, or it may have, against the Debtors. The filing of this Motion is not a waiver or release of any

claims or rights of RMI against any other person or entity, an election of remedies, or a waiver of any past, present, or future claims. Further, nothing contained herein is a waiver of any additional pre-petition or post-petition administrative expense claims that RMI has or may have against the Debtors that are not identified herein.

## NOTICE

10. Notice of the Motion has been given to the Debtors, and all parties receiving notice through the Court's ECF system. Upon scheduling a hearing to consider the Motion, the Movant will provide such additional notice as may be required by the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures. See Docket No. 139. RMI respectfully submits that at this time, no further notice is required.

## CONCLUSION

WHEREFORE, RMI requests the entry of the Order submitted contemporaneously herewith, and that the court grant such additional or further relief just and equitable under the circumstances.

Dated: New York, New York
November 12, 2019

/s/ Melissa A. Pena

Melissa A. Pena
Norris McLaughlin, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Attorneys for Right Management Inc.