**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                :     Chapter 11
                                                      :
**SEARS HOLDINGS CORPORATION**, *et al.*,   :     Case No. 18-23538 (RDD)
                                                      :
                        Debtors.[1]                     :     (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' FOURTH OMNIBUS
### OBJECTION TO PROOFS OF CLAIM (AMENDED AND SUPERSEDED CLAIMS)

Upon the *Debtors' Fourth Omnibus Objection to Proofs of Claim (Amended and Superseded Claims)*, filed August 29, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and/or 503 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Amended and Superseded Claims (as defined below), and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order; and there being no objections to the relief granted herein; and in accordance with the Amended Case Management Order it appearing that no other or further notice or a hearing is required; and upon all of the proceedings had before the Court; and after due deliberation the Court having found and determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, which relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Objection is granted as set forth herein.

2. Pursuant to section 502 and/or 503 of the Bankruptcy Code and Bankruptcy Rule 3007, each of the claims listed on **Exhibit 1** annexed hereto, under the heading "*Claims to be Disallowed*" (the "**Amended and Superseded Claims**"), is hereby disallowed and expunged in its entirety and each such Amended and Superseded Claim shall be deleted from the Debtors' claims register.

3. The disallowance and expungement of the Amended and Superseded Claims does not constitute any admission or finding concerning any of the claims listed on **Exhibit 1** annexed hereto, under the heading "*Surviving Claims*" (the "**Surviving Claims**"), and the Surviving Claims are neither allowed nor disallowed by this Order.

2

4. To the extent that any of the Amended and Superseded Claims contain attachments that are not included in the Surviving Claims, the Debtors shall treat such attachments as if they are attached to the Amended and Superseded Claims, as applicable.

5. The rights of the Debtors to object to the Surviving Claims, in whole or in part, and on any basis, are specifically reserved.

6. Each of the Surviving Claims is deemed to have been filed on the date the original corresponding Amended and Superseded Claim was filed by the Claimant.

7. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

8. This Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

9. The terms and conditions of this Order are effective immediately upon entry.

Dated: November 12, 2019
      White Plains, New York

    /s/ Robert D. Drain
    HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE

WEIL:\97220150\3\73217.0004

# Exhibit 1

**Amended and Superseded Claims**