**COLE SCHOTZ P.C.**
Jill B. Bienstock, Esq.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
(212) 752-8000
(212) 752-8393 Facsimile
*Attorneys for Thermwell Products Co., Inc.*
*d/b/a Frost King*

**Hearing Date: TBD**
**Objection Deadline: TBD**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SEARS HOLDINGS CORPORATION, *et al.*, | : Case No. 18-23538 (RDD) |
| | : |
| Debtors.[1] | : (Jointly Administered) |
| | : |

## MOTION OF THERMWELL PRODUCTS CO., INC. D/B/A FROST KING FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Thermwell Products Co., Inc. d/b/a Frost King ("Thermwell") hereby files this motion

(the "Motion") for allowance of Frost King's administrative expense claim, pursuant to 11

U.S.C. § 503(b)(1)(A), for services provided to or for the benefit of the Debtors on or after the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Petition Date (defined herein). While Thermwell intends to timely submit a ballot in connection with the administrative claims consent program, Thermwell nonetheless files this Motion to preserve its claim. To the extent the Court determines to ultimately schedule this Motion for a hearing and consider it for entry of an Order, Thermwell requests that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"). In support of this Motion, Thermwell respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.    The statutory predicates for the relief requested herein is in sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

## II.    INTRODUCTION

3.    Pre-petition and post-petition, Thermwell provided various weatherization products to one or more of the Debtors (defined herein) including to Kmart Corporation, Sears, Roebuck and Co. and Kmart Holding Corp.

4.    Notwithstanding that Thermwell provided valuable products, which the Debtors subsequently sold (either to direct consumers or to the Debtors' purchaser, Transform Co.), Thermwell was not ultimately paid for such goods. Accordingly, the within request is filed to preserve Thermwell's administrative expense claim, while Thermwell simultaneously submits a ballot on the Debtors' Administrative Expense Claims Consent Program.

5.    Thermwell is aware that under the now confirmed Plan, all hearings for then pending administrative expense requests are adjourned until further notice. Accordingly, this

Motion is filed seeking allowance, though a hearing is not being requested at this time, unless and until the Court determines that a hearing can and should be scheduled on this Motion.

### III.   BACKGROUND

**A.    The Pre-Petition Services**

6.      Pre-petition, Thermwell shipped goods to one or more of the Debtors pursuant to purchase orders received.

7.      Pre-petition, Thermwell shipped to one or more of the Debtors winterization products in the amount of $14,862.16 for which Thermwell has still not been paid.

**B.    The Debtors' Bankruptcy Cases**

8.      On October 15, 2018 (the "Petition Date"), Sears Holding Corporation, together with various affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

9.      The Debtors cases are being jointly administered.  The Debtors continue in the management and operation of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10.      In January 2019, the Debtors filed their respective Schedules of Assets and Liabilities.  Thermwell was scheduled as having a general unsecured claim against each of Debtors Sears, Roebuck and Co. (in the amount of $2,185.68) and Kmart Holding Corp. (in the amount of $13,080.22).

11.      On April 1, 2019, Thermwell filed a general unsecured claim against Debtor Kmart Holding Corp., assigned Claim No. 12583, in the amount of $14,862.16, for pre-petition goods that it believed it shipped to Debtor Kmart Holding Corp., for which it was not paid.  This is in addition to the goods shipped in the amount of  $2,185.68.  The Schedule attached to as part

of <u>Exhibit B</u> reflects the pre-petition goods shipped (including the invoice numbers, purchase orders and invoiced amounts).[2]

12.     Post-petition, in January 2019, the Debtors ordered weatherization products from Thermwell and Thermwell shipped to the Debtors a total of $54,584.88 of such goods.  As reflected in the chart attached as part of Exhibit B, payment for the January 2019 shipments were due on March 3, 2019, but ultimately were never made.

13.     Pursuant to the now confirmed Modified Second Amended Joint Chapter 11 Plan of the Debtors [Docket Nos. 4476, 5370], all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors/the Liquidating Trust and the subject claimant, subject to the Court's availability, and such motions seeking allowance of administrative expense claims (already filed or subsequently filed) are to be treated as "proof of an Administrative Expense Claim."  *See* Confirmation Order [Docket No. 5370], ¶ 51.

### IV.     BASES FOR ALLOWING OF ADMINISTRATIVE EXPENSE CLAIM

14.     Section 503(b) of the Bankruptcy Code provides, in relevant part, that:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including— (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

15.     The test to determine whether an applicant is entitled to payment of an administrative expense is whether the efforts of the applicant resulted in actual benefit to a debtor's estate. *See*, *e.g.*, *In re CIS Corp.*, 142 B.R. 640, 642 (S.D.N.Y. 1992) (stating that

---

[2]  Copies of the invoices and bills of lading for the post-petition supplied goods are available upon request to the undersigned counsel.  Copies of the invoices are not included as they contain commercially sensitive information.

"[a]lthough [Section 503(b)(1)(A) does not fully define 'necessary expenses,' the phrase 'including' is not limiting" and citing 3 Collier on Bankruptcy ¶ 503.04[1] (15th ed. 1989) for the proposition that "administrative expenses can also include 'costs of operating a business, for storage of property, for rent, for taxes and other costs incidental to protection and conservation'").

16.    After the Petition Date, Thermwell supplied goods to the Debtors which were either sold by the Debtors directly to their customers or the goods were sold to the Debtors' purchaser, Transform Co., pursuant to a court-approved sale.  In either case, a direct benefit was realized by the Debtors and their estates as a result of the goods Thermwell supplied to the Debtors.  Thermwell is thus entitled to an administrative expense claim in the amount of $54,584.88, pursuant to Section 503(b) of the Bankruptcy Code.

17.    Pursuant to the Confirmation Order and the Plan, this Motion is to be treated as a proof of an administrative expense claim.  *See* Confirmation Order, ¶ 51.  Furthermore, considering the requirement that all hearings be adjourned until such time as a hearing is required, and scheduled at the convenience of the Liquidating Trust/Debtors, the claimant and the Court, Thermwell is not requesting a hearing be conducted on this Motion at this time.

## V.    RESERVATION OF RIGHTS

18.    Thermwell reserves the right to amend this Motion, or any of the claims asserted in the Debtors' cases, for any reason, including, without limitation, to the extent Thermwell learns: (i) of additional claims that it may have, (ii) that its claims are against a different debtor-entity, or (iii) that the nature of the claims is other than what Thermwell has already asserted.  Nothing herein is intended to be nor should it be construed as a waiver of any of Thermwell's rights or defenses.

## VI.    NOTICE AND NO PRIOR RELIEF REQUESTED

19.    Notice of this Motion will be served on the Debtors, Transform Co. and the "Master Service List" as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405], and in the manner provided therein. Thermwell respectfully submits that no other or further notice need be provided.

20.    No previous application or request was made to this or any other Court regarding the relief requested in this Motion.

## VII.    CONCLUSION

**WHEREFORE**, Thermwell respectfully requests that, to the extent the Court determines that a hearing may be scheduled and/or that the Court may enter an Order allowing the within Motion, that the Court enter an Order, substantially in the same form as that attached as Exhibit A, granting Thermwell an allowed administrative expense claim in the amount of $54,584.88, pursuant to Section 503 of the Bankruptcy Code and providing for such other and further relief as it deems just and proper.

DATED:  New York, New York
        November 13, 2019

Respectfully submitted,

COLE, SCHOTZ P.C.,
*Attorneys for Thermwell Products Co., Inc.*
*d/b/a Frost King*

By:    */s/ Jill B. Bienstock*
        Jill B. Bienstock, Esq.
        1325 Avenue of the Americas, 19th Floor
        New York, NY 10019
        E-mail: jbienstock@coleschotz.com
        (212) 752-8000
        (201) 525-6328 Facsimile

# EXHIBIT A

# Proposed Order

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| SEARS HOLDINGS CORPORATION, *et al.*, | : Case No. 18-23538 (RDD) |
|  | : |
|  | : (Jointly Administered) |
| Debtors.[3] | : |
|  | : |

## ORDER GRANTING MOTION OF THERMWELL PRODUCTS CO., INC. D/B/A FROST KING FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

Upon the Motion of Thermwell Products Co., Inc. d/b/a Frost King ("Thermwell") for

Allowance of Administrative Expense Claim and Reservation of Rights (the "Motion"); and the

Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such

notice having been adequate under the circumstances; and it appearing that no other or further

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

notice need be provided; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

      1.      The Motion is granted as set forth herein.

      2.      Thermwell shall have an allowed administrative expense claim in the above-

captioned cases pursuant to 11 U.S.C. § 503(b)(1)(A) in the amount of $54,584.88 (the

"Allowed Administrative Claim").

      3.      Payment of the Allowed Administrative Claim shall be consistent with an Order

of this Court on this Motion, the Confirmation Order, or such other Order of the Court.

      4.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

DATED: _____, 20__

White Plains, New York

                             _____
                             THE HONORABLE ROBERT D. DRAIN
                             UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

# Schedule of Post-Petition Invoices

## EXHIBIT B

**THERMWELL PRODUCTS CO., INC.**                    **SEARS HOLDINGS /KMART**

### PRE-PETITION SUPPLIED GOODS (INCLUDED IN PROOF OF CLAIM ALREADY FILED) - KMART

| Invoice Number | Reference Number | Customer PO Number | Invoice Date | Amount | Due Date |
|---|---|---|---|---|---|
| 1075942 | 6066490 | 08275291655 | 07/10/2018 | $651.04 | 09/08/2018 |
| 1077001 | 6089520 | 08287236364 | 07/17/2018 | $847.40 | 09/15/2018 |
| 1077905 | 6089530 | 08305215866 | 07/24/2018 | $518.47 | 09/22/2018 |
| 1078951 | 6103060 | 08275296280 | 07/31/2018 | $671.39 | 09/29/2018 |
| 1078952 | 6103070 | 08289232251 | 07/31/2018 | $591.85 | 09/29/2018 |
| 1080042 | 6112260 | 08292254551 | 08/07/2018 | $507.29 | 10/06/2018 |
| 1080055 | 6125060 | 08287240529 | 08/07/2018 | $621.58 | 10/06/2018 |
| 1081417 | 6125050 | 08275298710 | 08/14/2018 | $851.22 | 10/13/2018 |
| 1082394 | 6141070 | 08287242648 | 08/21/2018 | $14.72 | 10/20/2018 |
| 1083309 | 6141050 | 08287366982 | 08/28/2018 | $65.58 | 10/27/2018 |
| 1083310 | 6141080 | 08292257997 | 08/28/2018 | $47.73 | 10/27/2018 |
| 1083868 | 6141060 | 08275300876 | 09/04/2018 | $7.80 | 11/03/2018 |
| 1083869 | 6141090 | 08305221886 | 09/04/2018 | $33.23 | 11/03/2018 |
| 1083878 | 6154150 | 08275302575 | 09/04/2018 | $1,268.79 | 11/03/2018 |
| 1086120 | 6174470 | 08275305150 | 09/18/2018 | $2,204.76 | 11/17/2018 |
| 1086121 | 6174480 | 08287246818 | 09/18/2018 | $949.21 | 11/17/2018 |
| 1087078 | 6182440 | 08275306192 | 09/25/2018 | $805.98 | 11/24/2018 |
| 1087079 | 6182450 | 08289241638 | 09/25/2018 | $1,111.75 | 11/24/2018 |
| 1087132 | 6192980 | 08287249339 | 09/25/2018 | $720.56 | 11/24/2018 |
| 1088083 | 6192970 | 08275307791 | 10/02/2018 | $1,117.57 | 12/01/2018 |
| 1088084 | 6192990 | 08292264564 | 10/02/2018 | $1,254.24 | 12/01/2018 |
| **TOTAL KMART PRE-PETITION CLAIM:** | | | | **$14,862.16** | |

### PRE-PETITION SUPPLIED GOODS (INCLUDED IN DEBTORS' SCHEDULES) - SEARS

| Invoice Number | Reference Number | Customer PO Number | Invoice Date | Amount | Due Date |
|---|---|---|---|---|---|
| 1075939 | 6066050 | 546222 | 7/10/18 | $90.00 | 9/8/18 |
| 1075940 | 6066060 | 546223 | 7/10/18 | $235.56 | 9/8/18 |
| 1075941 | 6066080 | 546363 | 7/10/18 | $98.40 | 9/18/18 |
| 1081413 | 6124610 | 551239 | 8/14/18 | $131.40 | 10/13/18 |
| 1081414 | 6124620 | 551240 | 8/14/18 | $145.68 | 10/13/18 |
| 1081415 | 6124630 | 551345 | 8/14/18 | $10.08 | 10/13/18 |
| 1081416 | 6124640 | 551346 | 8/14/19 | $34.80 | 10/13/18 |
| 1084141 | 6154910 | 553983 | 9/5/18 | $633.36 | 11/4/18 |
| 1084142 | 6154920 | 554094 | 9/5/18 | $109.80 | 11/4/18 |
| 1084143 | 6154930 | 554095 | 9/5/18 | $436.08 | 11/4/18 |
| 1087076 | 6182080 | 557161 | 9/25/19 | $260.52 | 11/24/18 |
| **TOTAL SEARS PRE-PETITION CLAIM:** | | | | **$2,185.68** | |

### POST-PETITION SUPPLIED GOODS - ADMINISTRATIVE EXPENSE CLAIM

| Invoice Number | Reference Number | Customer PO Number | Invoice Date | Amount | Due Date |
|---|---|---|---|---|---|
| 1097841 | 6309460 | 8275319663 | 12/26/2018 | $760.84 | 2/24/2019 |
| 1097842 | 6309480 | 8287261319 | 12/26/2018 | $2,728.72 | 2/24/2019 |
| 1098300 | 6309450 | 8275319662 | 1/2/2019 | $15,096.54 | 3/3/2019 |
| 1098304 | 6312550 | 8287262061 | 1/2/2019 | $987.88 | 3/3/2019 |
| 1098305 | 6312560 | 8292276701 | 1/2/2019 | $556.10 | 3/3/2019 |
| 1098361 | 6315860 | 8273693274 | 1/2/2019 | $778.54 | 3/3/2019 |
| 1098362 | 6315870 | 8275320955 | 1/2/2019 | $1,294.80 | 3/3/2019 |
| 1098363 | 6315880 | 8287262828 | 1/2/2019 | $1,490.92 | 3/3/2019 |
| 1098364 | 6315890 | 8289256435 | 1/2/2019 | $532.95 | 3/3/2019 |
| 1098560 | 6308870 | 8273691707 | 1/3/2019 | $3,141.27 | 3/4/2019 |
| 1098562 | 6309490 | 8289254959 | 1/3/2019 | $1,943.08 | 3/4/2019 |
| 1098563 | 6309500 | 8292276098 | 1/3/2019 | $3,003.32 | 3/4/2019 |
| 1098564 | 6309510 | 8305239866 | 1/3/2019 | $7,073.56 | 3/4/2019 |
| 1098802 | 6312530 | 8275320265 | 1/7/2019 | $2,731.00 | 3/8/2019 |
| 1098804 | 6313600 | 8289244439 | 1/7/2019 | $12,465.36 | 3/8/2019 |
| **TOTAL KMART POST-PETITION CLAIM:** | | | | **$54,584.88** | |