| | |
|---|---|
| CALFEE, HALTER & GRISWOLD LLP<br>Wall Street Plaza<br>88 Pine Street, 14th Floor<br>New York, NY 10005-1802<br>Telephone: (888) 225-3331<br>H. Jeffrey Schwartz | **Hearing Date and Time:**<br>November 20, 2019 at 10:00 a.m. |

-and-

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Gus Kallergis
Ronald McMillan

*Counsel for Winners Industry Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
SEARS HOLDINGS CORPORATION, et al.,¹        :    Case No. 18-23538 (RDD)
                                            :
                Debtors.                    :    (Jointly Administered)
-------------------------------------------------------------x
```

### JOINDER BY WINNERS INDUSTRY CO., LTD TO OBJECTION OF ORIENT CRAFT LIMITED, ERIC JAY LTD, AND STOLAAS COMPANY TO DEBTORS' FOURTH PLAN SUPPLEMENT IN CONNECTION WITH SECOND AMENDED JOINT CHAPTER 11 PLAN OF <u>SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Winners Industry Co., Ltd. ("Winners"), an administrative and general unsecured creditor of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, hereby respectfully submits this joinder to the *Objection of Orient Craft Limited, Eric Jay Ltd., and Stolaas Company to Debtors' Fourth Plan Supplement in Connection with the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* [Docket No. 5517] (the "Objection"), and states as follows:

1. On October 15, 2019, the Court entered its *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 5370] (the "Confirmation Order")[2]. Paragraph 18 of the Confirmation Order identified the Litigation Designees that, as of the entry of the Confirmation Order, have oversight over the investigation, prosecution and/or settlement or other disposal of the Jointly Asserted Causes of Action. The three designees of the Creditors' Committee (Patrick J. Bartels, Eugen I. Davis and Raphael T. Wallander) and the two designees of the Debtors (Alan J. Carr and William L. Transier), who will become the initial members of the Liquidating Trust Board, upon the Effective Date. The Effective Date of the Plan has not yet occurred. The Fourth Plan Supplement attached Annex B to the Liquidating Trust Agreement – *i.e.*, a summary of the compensation to be received by each Litigation Designee and each member of the Liquidating Trust Board.

2. Winners joins in the Objection and agrees (a) that the proposed compensation is excessive and unwarranted and (b) that there has been insufficient disclosure

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Confirmation Order or the Objection, as applicable.

made in connection with (i) the process for determining the criteria and the amount of contingent compensation and (ii) the selection of the individuals selected to serve as the initial Liquidation Board Members and any connection they have with the Debtors, the Creditors' Committee and their respective estate professionals.

3.    No one disputes that the Debtors' estates are distressed and presently suffer from equitable administrative insolvency that may never be cured.  The Effective Date of the Plan has not occurred and may never occur if the Debtors are unable to pay holders of allowed administrative expense claims in full.  Because of the razor thin margins for administrative solvency and the limited potential recovery for unsecured creditors, this Court must scrutinize the payments contemplated by the Debtors under their Plan, including the fees to be paid to estate professionals and those fees to paid to parties retained and paid under the Plan.

4.    Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that estate professionals, in their retention applications, must disclose "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Bankruptcy Rule 2014(a).  Moreover, under Bankruptcy Rule 2014(a), "'all connections' that are not so remote to be *de minimis* must be disclosed." In re Leslie Fay Cos., 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994); see also In re Begun, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993) ("Rule 2014(a) leaves a professional person seeking retention with no discretion as to choose what connections are relevant or trivial. No matter how trivial a connection appears to the professional . . . it must be disclosed."). The duty to disclose these connections does not end upon retention, but it is a continuing duty. See In re Granite Partners, L.P., 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998) ("Continuing disclosure is necessary to preserve

the integrity of the bankruptcy system by ensuring that the trustee's professionals remain conflict free.").

5.  To date, neither counsel for the Debtor nor counsel for the Creditors' Committee has identified any connection with any of the Litigation Designees in their retention applications or supplemental disclosures. See Docket Nos. 344, 923 and 1465. Counsel and other professionals retained by the Debtors and the Creditors' Committee should confirm that they have no connections to the Litigation Designees, or if they have such connections, disclose those connections with sufficient detail to permit this Court, Winners and other creditors and parties in interest to evaluate the propriety of the selection of each Litigation Designee and ensure that none of the Litigation Designees is in active concert and participation with the estate professionals.

6.  Winners expressly reserves its right to object to the final fee application of any estate professional that fails to disclose its connections to any of the Litigation Designees and to seek the appropriate relief for such failure. See Matter of Futuronics Corp., 655 F.2d 463, 469 (2d Cir. 1981) ("Indeed, it has long been the practice in [the Second Circuit] to deny compensation to counsel who fail to comply with the disclosure provisions [of the Bankruptcy Code.]").

4844-0874-6924, v.1

      WHEREFORE Winners joins in the Objection and requests that this Court requires the professionals of the Debtors and the Creditors' Committee to comply with the disclosure requirements of Bankruptcy Rule 2014(a) and identify any connections they may have with the Litigation Designees.

Dated: November 13, 2019

Respectfully submitted,

/s/ H. Jeffrey Schwartz
CALFEE, HALTER & GRISWOLD LLP
Wall Street Plaza
88 Pine Street, 14th Floor
New York, NY 10005-1802
Telephone: (888) 225-3331
H. Jeffrey Schwartz
jschwartz@calfee.com

-and-

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
Gus Kallergis
Ronald McMillan
gkallergis@calfee.com
rmcmillan@calfee.com

*ATTORNEYS FOR WINNERS INDUSTRY CO., LTD*

5