**VORYS, SATER, SEYMOUR AND PEASE LLP**
Rajeev K. Adlakha, Esq.
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
Email: rkadlakha@vorys.com
*Counsel for Vorys, Sater, Seymour and Pease LLP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF MOTION OF VORYS, SATER, SEYMOUR AND PEASE LLP FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
UNDER 11 U.S.C. § 503(b)(1)**

**PLEASE TAKE NOTICE** that a hearing on the motion dated November 14, 2019 of Vorys, Sater, Seymour and Pease LLP ("Vorys") for allowance and payment of an administrative expense claim (the "Motion") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601 (the "Bankruptcy Court"), on December 13, 2019 at 10:00 am (ET) (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, shall be filed with the Bankruptcy Court, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [Doc. No. 405] (the "Case Management Order"), so as to be filed and received no later than December 6, 2019 at 4:00 pm (ET) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not filed and served by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing pursuant to the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

November 14, 2019    **VORYS, SATER, SEYMOUR AND PEASE LLP**

/s/ *Rajeev K. Adlakha*
Rajeev K. Adlakha, Esq. (N.Y. Reg. No. 4360194)
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
Email: rkadlakha@vorys.com

*Counsel for Vorys, Sater, Seymour and Pease LLP*

**VORYS, SATER, SEYMOUR AND PEASE LLP**
Rajeev K. Adlakha, Esq.
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
Email: rkadlakha@vorys.com
*Counsel for Vorys, Sater, Seymour and Pease LLP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**MOTION OF VORYS, SATER, SEYMOUR AND PEASE LLP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Vorys, Sater, Seymour and Pease LLP ("Vorys"), by and through counsel, and pursuant to Sections 503(b)(1) and 507(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), hereby files this Motion for Allowance and Payment of Administrative Expense Claim (the "Motion") for amounts due as of October 15, 2019 (the "Confirmation Date") owing as a result of Vorys' retention as an ordinary course professional to Sears Holding Corporation (together with the other debtors in the above-captioned chapter 11 cases, the "Debtors"). Specifically, through this Motion, Vorys seeks allowance and payment of $18,250.48 (the "Administrative Expense Claim") in unpaid fees and expenses resulting from Vorys' representation of the Debtors in real-property tax challenges between October 15, 2018, and the Confirmation Date.

## JURISDICTION

1.  The United States District Court for the Southern District of New York has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL AND PROCEDURAL BACKGROUND

2.  On October 15, 2018 (the "Petition Date"), the Debtors filed chapter 11 petitions with this Court. This Court has approved joint administration of the Debtors' chapter 11 cases, and the Debtors continue to manage and operate their businesses as debtors-in-possession.

3.  On November 16, 2018, the Court entered the Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Commencement Date [Doc. 794] (the "Ordinary-Course Retention Order"). In compliance with the Ordinary-Course Retention Order, Vorys filed its Affidavit and Disclosure Statement together with an Amended Retention Questionnaire on July 3, 2019.

4.  From and after the Petition Date, Vorys, acting as ordinary-course counsel to the Debtors, provided legal services relating to real-property tax challenges for various locations owned or leased by the Debtors from and after the Petition Date. Although Vorys has provided the Debtors with detailed invoices substantiating the Administrative Expense Claim for amounts incurred in connection with Vorys' representation of the Debtors, the Administrative Expense Claim remains unpaid as of the filing of this Motion.

5.  On October 15, 2019, the Court entered the Order (i) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (ii) Granting Related Relief [Doc. No. 5370].

**RELIEF REQUESTED**

6. Pursuant to Sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code, Vorys is entitled to the allowance and payment of its Administrative Expense Claim[1] in the amount of $18,250.48 for payment of fees and reimbursement of expenses owed to Vorys for its ordinary course representation of the Debtors between the Petition Date and the Confirmation Date.

7. Accordingly, Vorys seeks an order from this Court allowing Vorys' Administrative Expense Claim in full.

**ARGUMENT**

8. Section 503 of the Bankruptcy Code provides, in relevant part, that:

> "(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, and commissions for services rendered after the commencement of the case."

9. Together, Sections 507(a) and 503(b) "afford first priority to administrative expense 'to encourage the provision of goods and services to the estate, and to compensate those who expend new resources attempting to rehabilitate the estate." Bonapfel v. Nalley Motor Trucks (In re Carpet Ctr. Leasing Co.), 991 F.2d 682, 685 (11th Cir. 1993) (internal citation omitted); Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir. 1976) (noting purpose of similar provisions under the Bankruptcy Act was to "facilitat[e] the rehabilitation of insolvent businesses"). Preservation of the estate includes the protection of the assets of the estate as well as the post-petition operation of the business of the debtor-in-possession. See Woburn Assocs. v. Kahn (In re Hemingway Transport, Inc.), 954 F.2d 1, 5 (1st Cir. 1992).

---

[1] Attached as Exhibit 1 is a summary of the fees and expenses owed to Vorys. Detailed invoices have been provided to the Debtors and will be made available upon request.

10. Under the Bankruptcy Code, Vorys is entitled allowance and payment of its Administrative Expense Claim for the fees and expenses incurred in the ordinary course representation of the Debtors because they represent "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). During the period between the Petition Date and the Confirmation Date, Vorys' fees and services directly benefited the Debtors because the work performed by Vorys resulted in the reduction of tax liabilities owed by the Debtors and their estates. The Administrative Expense Claim thus constitutes actual and necessary costs of preserving the Debtors' estates. See 11 U.S.C. § 503(b)(1)(A).

11. Accordingly, Vorys is entitled to allowance and payment of its Administrative Expense Claim as an administrative expense under Sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code.

WHEREFORE, Vorys requests that this Court enter an order allowing Vorys' Administrative Expense Claim in the amount of $18,250.48, directing payment of such allowed claim in accordance with the Debtors' confirmed plan, and entering such other and further relief in favor of Vorys as the Court deems just and proper.

DATED: November 14, 2019              **VORYS, SATER, SEYMOUR AND PEASE LLP**

/s/ *Rajeev K. Adlakha*
Rajeev K. Adlakha, Esq. (N.Y. Reg. No. 4360194)
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
Email: rkadlakha@vorys.com

*Counsel for Vorys, Sater, Seymour and Pease LLP*