**PERKINS COIE LLP**
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
Jeffrey Vanacore
JVanacore@perkinscoie.com

*Attorneys for Wells Fargo Bank, N.A., as Trustee for CSMS 2008-C1*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                   :   Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :   Case No. 18-23538 (RDD)
:
Debtors.[1]                                                 :   (Jointly Administered)
------------------------------------------------------------x

**MOTION OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR CSMS 2008-C1,**
**FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

146318274.2

Wells Fargo Bank, N.A., as Trustee for CSMS 2008-C1 ("Landlord"), by its undersigned counsel, hereby moves (this "Motion"), pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), for the entry of an order allowing landlord an administrative expense claim in the amount of $24,037.28 and, in support hereof, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND AND FACTS

3. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its affiliated co-debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. Sears Roebuck and Co. ("Tenant"), one of the Debtors, leased retail space (the "Premises") from Landlord's predecessor pursuant to a certain Lease Agreement for nonresidential real property dated as of December 20, 1978, as amended on February 5, 1981 and January 25, 1982 (collectively, the "Lease"), at Killeen Mall, 2100 South W.S. Young Drive, Killeen, Texas.[2]

5. The Debtors rejected the Lease, effective as of March 27, 2019 (the "Rejection Date"). *See* Dkt. #2972.

6. Under the terms of the Lease, Tenant is required to make certain payments to Landlord arising out of its use and occupancy of the Premises, including, but not limited to, the payment of applicable real estate taxes. Tenant has not paid all obligations that have arisen or accrued under the Lease from the Petition Date through the Rejection Date. In particular, Tenant

---

[2] The Lease is voluminous, and a copy is available upon request.

146318274.2

has not paid pro-rated 2019 real estate taxes for the period January 1, 2019 through the Rejection Date in the amount of $24,037.28. Attached hereto as <u>Exhibit A</u> is a calculation of the pro-rated taxes owed by Tenant under the Lease.

## **RELIEF REQUESTED**

7. Landlord respectfully requests that the Court enter an order granting it an allowed administrative expense claim in the amount of $24,037.28 for unpaid 2019 real estate taxes owed by Tenant to Landlord under the Lease for the period January 1, 2019 through the Rejection Date pursuant to sections 365(d)(3) and 503(b) of the Bankruptcy Code.

## **BASIS FOR RELIEF REQUESTED**

8. Section 365(d)(3) of the Bankruptcy Code provides that a debtor is required to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is . . . rejected . . ." 11 U.S.C. § 365(d)(3). A debtor's obligation to timely perform all obligations under an unexpired lease of nonresidential real property includes the payment of real estate taxes owed under the lease and incurred by the debtor during the post-petition, pre-rejection period. *See e.g.*, *Newman v. McCrory Corp. (In re McCrory Corp.)*, 210 B.R. 934, 940 (S.D.N.Y. 1997); *In re Ames Dept. Stores, Inc.*, 150 B.R. 107, 108-09 (Bankr. S.D.N.Y. 1993). In addition, section 503(b)(1) of the Bankruptcy Code provides for an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1).

9. Based upon the foregoing, Landlord respectfully requests that the Court enter an order granting it an administrative expense claim in the amount of $24,037.28.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order granting Landlord (a) an administrative expense claim against Debtors' estates under sections 365(d)(3)

146318274.2

and 503(b) of the Bankruptcy Code in the amount of $24,037.28 and (b) such other and further relief the Court deems just and proper.

| | |
|---|---|
| Dated:  November 18, 2019<br>New York, New York | Respectfully submitted,<br><br>*/s/ Jeffrey Vanacore*<br>Jeffrey Vanacore<br>**PERKINS COIE LLP**<br>1155 Avenue of the Americas<br>22nd Floor<br>New York, NY  10036-2711<br>Telephone: (212) 262-6900<br>Facsimile: (212) 977-1649<br>E-Mail:  JVanacore@perkinscoie.com |

146318274.2