UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
SEARS HOLDINGS CORPORATION, et al.,                        :    Case No. 18-23538 (RDD)
                                                           :
                           Debtors.¹                       :    (Jointly Administered)
-----------------------------------------------------------x
```

## ORDER GRANTING MOTION
## OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR CSMS 2008-C1,
## FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon the Motion of Wells Fargo Bank, N.A., as Trustee for CSMS 2008-C1 ("Landlord") for allowance and payment of its administrative expense claim (the "Motion"); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

146318274.2

adequate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

(1) The Motion is granted as set forth herein.

(2) Landlord is allowed an administrative expense claim in the above-captioned cases pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) in the amount of $24,037.28 (the "Allowed Administrative Claim").

(3) The allowance of the Allowed Administrative Claim is without prejudice to Landlord's rights to file a subsequent or amended administrative expense request with respect to different transactions or claims than those covered by the Motion.

(4) Payment of the Allowed Administrative Claim shall be consistent with treatment of opt-in claims under the Administrative Expense Claims Consent Program approved by this Court's *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Affiliated Debtors and (II) Granting Related Relief*, (Docket no. 5370).

(5) This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____
White Plains, New York

                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE

146318274.2