UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
IN RE:

                                                     Case No: 18-23549
                                                     (RDD)

        SEARS HOLDINGS CORPORATION, *et al.,*

                        Debtors.

-------------------------------------------------------------------------X

### <u>NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Robert D.

Drain, United States Bankruptcy Judge, on December 3, 2019, at his Courtroom at the United

States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas

Street, White Plains, New York 10601, at **10:00 p.m. (Prevailing Eastern Time)** on that day or

as soon thereafter as counsel may be heard, upon the motion of Robert. J. Eisen, attorney for

Aracelie Rivera ("Rivera"), for an order pursuant to 11 U.S.C. § 362, Local Bankruptcy Rule

4001-1, and Fed. R. Bankr. P. 9014 requesting relief from the automatic stay of the Aracelie

Rivera action against KMART CORPORATION ("Kmart")  now pending in Supreme Court of

the State of New York, County of New York, captioned Aracelie Rivera v. KMART

CORPORATION and bearing Index Number 150580 ("the Supreme Court action").  In support

of this motion, Aracelie Rivera state by her attorney, that Kmart has insurance coverage in the

amount of $1,000,000.00 which is available to cover Ms. Rivera's claims in the State Court

action, and that a relief from the stay will not prejudicially impact the debtor or the bankruptcy

estate, as Ms. Rivera will limit any recovery against Kmart in the State Court action to the foregoing available insurance coverage.

## RELEVANT BACKGROUIND

The Supreme Court action is one for serious and permanent personal injuries sustained by Rivera who was involved in an accident on November 25, 2017 in the women's dressing room of Kmart located at 399 Tarrytown Road, White Plains, New York. A copy of the Summons and Complaint is attached hereto as Exhibit "A". A copy of the Verified Answer of Kmart is attached herewith as Exhibit "B". The Supreme Court action has been pending for a little less than one (1) year when Sears Holding Corp allegedly filed its voluntary Petition for Bankruptcy pursuant to 11 U.S.C. section 362.

At the time of the accident, Kmart was insured under policy of insurance issued by defendants with limits of $1,000,000.00 per occurrence ("these policy limits"). Ms. Rivera agrees to pursue only the foregoing available insurance coverage of Kmart and will not pursue or be entitled to recover from the debtor's estate or personal assets thereof to the extent that any judgment, assessment, and/or recovery against Kmart in the State Court action exceeds said available coverage. In the event a judgment, assessment and/or recovery is entered or obtained against Kmart in favor of Rivera in the State Court action, Rivera agrees and shall recover of Kmart only from and up to these policy limits of said policy's proceeds in satisfaction of any judgment, assessment and/or recovery against Kmart in the State Court action; nor shall Rivera attempt to enforce all or any part of said judgment, assessment and/or recovery against Kmart in the State Court action in excess of these policy limits of said policy's proceeds, or recover all or any part of said judgment, assessment and/or recovery in the State Court action from the personal assets of Kmart. By reason of the foregoing, Kmart's total exposure in the State Court action is

2

limited to the extent of these policy limits only of said policy's proceeds. For these reasons, and

the judicial economy that will be served by reducing Rivera's claim to a liquidated sum, the

Court should lift the automatic stay with regard to the State Court action, and allow Rivera to

pursue her claim against Kmart in the State Court action limited solely to obtaining a judgment

in an amount not in excess of these policy limits of the foregoing available insurance coverage

and/or proceeds of said policy.

## ARGUMENT

U.S.C. section 362(d)(1) provides that the "Court shall grant relief from the stay provided

under subsection (a) of this section, such as by terminating, annulling, modifying, or

conditioning such stay ... for cause." Further, "actions which are only remotely related to the

case under Title 11 or which involve rights of third parties often will be permitted to proceed in

another forum." 2 Collier on Bankruptcy section 362.07[3]. The test for whether a stay should

be lifted to permit state court actions to proceed involves consideration of the following factors:

(a) whether great prejudice to either the bankruptcy estate of the debtor will result from the

continuation of the state proceedings; (b) whether the hardship to the non-bankrupt party by

maintenance of the stay considerably outweighs the hardship to the debtor of permitting

proceedings to go forward; and (c) whether the non-debtor party has a likelihood of prevailing on

the merits. See e.g. *In Re Pro Football Weekly, Inc.* **60 B.R. 824, 826 (D. N.E. Ill. 1986);** *In*

*Re Salisbury, 123 B.R. 913, 915 (S.D. Ala. 1990); In Re Block Laundry Machine Co., 37 B.R.*

*564, 566 (Bankr. N.D. Ohio 1984).* Here each of theses factors favor Fullerton. In addition, "a

decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but

[rather, a decision to lift the stay is merely] a determination that [their] claim is sufficiently

3

plausible to allow its prosecution elsewhere." See ***Grella v. Salem Five Cent Savings Bank, 42 F. 3d 26, 34 (1994).***

In the first instance, continuation of the Rivera claim in the State Court action will not result in any prejudice or hardship to the debtor or the bankruptcy estate. It will not diminish the estate of the debtor because the debtor's $1,000,000.00 of available insurance covers both the defense of the claim and the covered damages.

On the other hand, Rivera has already suffered significant harm as a result of the debtor's alleged negligence, and will be further prejudiced by awaiting the resolution of the debtor's bankruptcy petition before proceeding for recovery against the foregoing insurance available to the debtor. Furthermore, the rights and responsibilities of the non-debtor Defendants in the Supreme Court case can be adjudicated therein, but would not be addressed in the Bankruptcy forum. Therefore, since the relief from the stay will have no effect on the bankruptcy estate, Rivera's request should be granted.

Moreover, resolving the personal injury action will have the added advantage of quantifying or liquidating the Rivera claim. To the extent that any verdict or judgment against Kmart in the State Court action exceeds Kmart's available Insurance coverage, Rivera agrees not to pursue Kmart's personal estate or assets. Therefore, there can be no prejudice to the debtor by lifting the stay. There is irreparable prejudice to Rivera on the other hand, if he is denied his right to pursue his claim of serious injury and derivative damages in the State Court action. Finally, Rivera has no equity in the subject insurance policy, and thus the policy is not needed for an effective reorganization.

Accordingly, it is respectfully requested that this Court lift the automatic stay and allow the State Court action to proceed. See ***In Re L.G. Salem Ltd. Partnership, 140 B.R. 932, 935***

*(Bankr. D.Mass. 1992); Worcester County National Bank v. Resnik, 9 B.R. 891, 892 (Bankr.*

*D. Mass. 1981).*

## CONCLUSION

Rivera respectfully requests an Order granting him relief from the automatic stay in

Order that they may proceed with his personal injury and derivative claim against Kmart in the

State Court action.

Dated: New York, NY
       November 13, 2019


                                        Respectfully Submitted,
                                        Subin Associates



                            By:

                                        Attorneys for Aracelie Rivera
                                        150 Broadway, 23rd Floor
                                        New York, NY 10038


To:    SOBEL PEVZNER, LLC
       30 Vesey Street -8th Floor
       New York, NY 10007

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, NY 10153

       Office of the United States Trustee
       U.S. Federal Office Building
       201 Varick Street - Room 1006
       New York, NY 10014