Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
ARACELIE RIVERA

                               Plaintiff/Petitioner,

       -against-                                            Index No. 150580/2018

K MART CORPORATION

                              Defendant/Respondent.
-----------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

INDEX # 150580/2018

FILED

Summons with **Notice**

FILE #: 30025

SUPREME COURT of the STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
ARACELIE RIVERA

                Plaintiff(s),

  -against-

K MART CORPORATION,

                Defendant(s).
--------------------------------------------------------------X

Index No.
Plaintiff(s) designates
NEW YORK
County as the place of trial
The basis of venue is
Defendant's residence
111 Eighth Avenue
New York, New York

County of NEW YORK

To the above named Defendant(s)
    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.
Dated: January 8, 2018
Defendant's Addresses:

BY: ROBERT J. EISEN, ESQ.
*This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)*
**SUBIN ASSOCIATES, LLP**
Attorney(s) for Plaintiff(s)
Office and Post Office Address
150 Broadway
New York, New York 10038
(212) 285-3800

Notice: The object of this action is to recover for personal injury
        due to defendant(s) negligence

The relief sought is Monetary Damages
    Upon your failure to appear, judgment will be taken against you by default with interest from 11/25/2017 and the costs of this action

### DEFENDANT(S) ADDRESS(ES)

K MART CORPORATION
C/O Corporation System
111 Eighth Avenue
New York, New York 10011

K MART CORPORATION
399 Tarrytown Road
White Plains, NY 10607

FILE #: 30025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
ARACELIE RIVERA

                                                                               VERIFIED COMPLAINT

                      Plaintiff(s),

     -against-

K MART CORPORATION,

                      Defendant(s).
-------------------------------------------------------------X

     Plaintiff, ARACELIE RIVERA, complaining of the defendants, by her attorney SUBIN ASSOCIATES LLP, upon information and belief, respectfully allege(s):

    1.    That at all the times herein mentioned, the defendant K MART CORPORATION, was and still is a corporation doing business in the State of New York.

    2.    That at all the times herein mentioned, the defendant K MART CORPORATION, was the owner of the premises located at 399 Tarrytown Road, White Plains, New York, which included dressing rooms.

    3.    That at all the times herein mentioned, the defendant K MART CORPORATION, its agents, servants and/or employees operated the aforementioned premises including the dressing rooms.

    4.    That at all the times herein mentioned, the defendant K MART CORPORATION, its agents, servants and/or employees maintained the aforementioned premises including the dressing rooms.

    5.    That at all the times herein mentioned, the defendant K MART CORPORATION, its agents, servants and/or employees managed the aforementioned premises including the dressing rooms.

6. That at all the times herein mentioned, the defendant K MART CORPORATION, its agents, servants and/or employees controlled the aforementioned premises including the dressing rooms.

7. That at all the times herein mentioned, the defendant, its agents, servants and/or employees, represented to the plaintiff and to the public by advertisements and/or statements on, through and/or in television, radio, newspapers, stationery, magazines, the internet, travel brochures, postcards, travel agents, phonebooks, and/or otherwise and/or through their sales and marketing staff that the defendant K MART CORPORATION operated a merchandise/shopping business at said premises.

8. That at all the times herein mentioned, the plaintiff's reliance on the defendants' aforementioned representations caused and/or induced the plaintiff to become a customer/patron of the defendant K MART CORPORATION.

9. That at all the times herein mentioned, the plaintiff relied upon the defendants' aforementioned representations to shop and to become a customer/patron at the defendant's store/business.

10. That at all the times herein mentioned, the defendants, their agents, servants and/or employees provided dressing rooms for the shopping convenience of the shopping public and for the plaintiff in particular.

11. That at all the times herein mentioned, it was the duty of the defendant, its agents, servants and/or employees to keep and maintain said premises in a reasonable state of repair and in a good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

12. That at all the times herein mentioned, the plaintiff was lawfully upon the aforesaid premises.

13. That on or about 11/25/2017, while plaintiff ARACELIE RIVERA was exiting a

dressing room on the aforementioned premises, said dressing room door fell, causing plaintiff to be injured by reason of the willful, wanton and gross negligence, carelessness and want of proper care of the defendant, its agents, servants and/or employees.

14. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly by reason of the negligence, willful, wanton and gross negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said premises, particularly the dressing rooms/dressing room doors to be, become and remain in a dangerous, defective and/or structurally defective, hazardous, unsafe, broken, cracked, uneven, improperly attached, chipped, loose condition; in allowing and permitting said dressing room doors to be and remain in such a state of disrepair and/or negligent repair for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in failing to install and in improperly installing said dressing room doors; in failing to secure and in improperly securing said dressing room doors, in permitting and allowing said dressing room doors to become loose and detached, in failing to repair and in improperly repairing; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to properly maintain said premises and in improperly maintaining said premises; and in generally being negligent and reckless in the premises; all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises.   Plaintiff further relies upon the doctrine of Res Ipsa Loquitor.

15. That this action falls within one or more of the exceptions set forth in CPLR 1602.

16. Both actual and constructive notice are claimed. Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

17. That by reason of the foregoing, plaintiff ARACELIE RIVERA was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

WHEREFORE, the plaintiff(s) demands judgment against the defendants on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, together with the costs and disbursements of each cause of action.

DATED: New York, New York
January 8, 2018

Yours, etc.

ROBERT J. EISEN, ESQ.
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
150 Broadway
New York, New York 10038

STATE OF NEW YORK)
COUNTY OF NEW YORK)

The undersigned, an attorney, admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with the attorney for the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by plaintiff is that plaintiff resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

DATE: NEW YORK, NEW YORK
      January                    , 2018

_____
ROBERT J. EISEN, ESQ.

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ARACELIE RIVERA

                              Plaintiff(s),

       -against-

K MART CORPORATION,

                            Defendant(s).

---

## SUMMONS AND COMPLAINT

---

**SUBIN ASSOCIATES, L.L.P.**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
150 Broadway, 23rd Floor
New York, NY 10038
Telephone (212) 285-3800
*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

---

To:
Attorney(s) for
Service of a copy of the within is hereby admitted
Dated:,

                         ........................................................
                         Attorney(s) for

---

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of an ORDER entered in the office **NOTICE OF** of the clerk of the within named court on         , 20____.
**ENTRY**

☐    That an Order of which the within is a true copy will be presented for **NOTICE OF** settle to the Hon.one of the judges of the within
**SETTLEMENT** named court,
         at
         on         , 20____, at 10:00 a.m.

Dated:

                                                               SUBIN ASSOCIATES, L.L.P.
                                                               Attorneys for plaintiff(s)
                                                                150 Broadway, 23rd Floor
   Attorney(s) for Defendant(s)                                          New York, NY 10038
                                                               (212) 285-3800

18-23538-shl Doc 6054-2 Filed 11/15/19 Entered 11/19/19 10:45:37 Exhibit B.
Notice of Commencement Pg 10 of 10