**Hearing Date/Time: TBD[1]**

**HANCOCK ESTABROOK, LLP**
R. John Clark, Esq.
1800 AXA Tower I, 100 Madison St.
Syracuse, NY 13202
Telephone: (315) 565-4513
Email: rjclark@hancocklaw.com

*Counsel to Environmental Products and Services, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

*In re*:                                          :
                                                  :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,         :
                                                  :    **Case No. 18-23538 (RDD)**
                                    **Debtors.**  :
                                                  :    (*Jointly Administered*)

---------------------------------------------------------------

### MOTION OF ENVIRONMENTAL PRODUCTS & SERVICES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF

Environmental Products and Services, Inc. ( "EPS"), by its undersigned counsel, hereby files this motion (the "Motion") for entry of an order: (i) allowing EPS administrative expense claim, pursuant to 11 U.S.C. § 503 for payment of environmental cleanup and services fees incurred at various Sears store locations since the Petition Date arising under a Master Services Agreement (defined below); and (ii) directing payment of EPS administrative expense claim. In support of this Motion, EPS respectfully states as follows:

---

[1] In light of this Court's determination regarding the Administrative Expense Claims Consent Program and the attendant adjournment of all motions to compel payment of administrative expense claims, Environmental Products & Services, Inc. has not requested a hearing date for this motion. In the event that the claim cannot be consensually resolved, Environmental Products & Services, Inc. will request a hearing date, after conferring with counsel to the Debtors about scheduling, and will file a notice stating the hearing date and response deadline.

{H3780122.1}

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicates for the relief requested herein are Sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On or about November 9, 2017, EPS and Sears Roebuck and Co. ("Sears" or the "Debtor") entered into a Master Services Agreement (the "MSA") which provided that EPS would provide various environmental services for Sears at its various store locations as specified in numerous scopes of work ("SOW's) and environmental work orders ("EWO's") to be delivered to EPS by Sears over the term of the MSA.

4. On October 15, 2018 Sears filed its voluntary petition for reorganization in this Court under Title 11 of the United States Code (the "Petition Date").

5. EPS dutifully performed its obligations under the MSA, and as of the Petition Date EPS was owed, what it then believed to be was the sum of $1,114,693.41 for pre-petition services provided to Sears under the MSA (the "Pre-Petition Amount"). EPS duly and timely filed a proof of claim in the Debtors case for the Pre-Petition Amount.[2]

6. At Sears request, EPS continued to perform under the MSA after the Petition Date pursuant to numerous SOW's and EWO's delivered by Sears to EPS pursuant to the MSA.

7. Upon information and belief, and on or about February 11, 2019 (the "Transform Assignment Date") the MSA was sold and assigned by Sears to Transform Holdco, LLC in

---

[2] The proof of claim filed by EPS (Claim No. 2432) identified the Pre-Petition Amount as $1,114,693.41. Subsequent review by EPS has identified the actual Pre-Petition amount to be $1,334,539.18. EPS will amend Claim No. 2432 to reflect this new amount.

{H3780122.1}                                              2

connection with this Courts Order Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief dated February 8, 2019 (the "Sale Order").

8. After the Petition Date and prior to the Transform Assignment Date, EPS continued to perform under the MSA at Sears request and provided services to Sears totaling the sum of $1,338,099.26 (the "Administrative Expense Claim"). The post-petition services provided to Sears prior to the Transform Assignment Date have conferred a substantial benefit to the estates in these cases. Despite numerous requests by EPS to Sears for payment, no portion of the Administrative Expense Claim has been paid. Annexed hereto at Exhibit A is a detailed listing of unpaid EPS invoices which comprise the Administrative Expense Claim amount.

9. While EPS hoped to consensually resolve this payment issue and continues to maintain that hope, it has been unsuccessful in its efforts to date. It therefore files this request for administrative payment.

## RELIEF REQUESTED

10. EPS respectfully requests entry of an order: (i) allowing its administrative expense claim for unpaid services under the Master Services Agreement in the amount of $1,338,099.26 pursuant to Section 503(b)(l)(A) of the Bankruptcy Code; (ii) directing payment of such allowed administrative expense claim; and (iii) granting related relief.

## BASIS FOR RELIEF

11. The Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under Section 502(f) of this title,

including the actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1)(A).

12. The test to determine whether an applicant is entitled to payment of an administrative expense is whether the efforts of the applicant resulted in actual benefit to the debtor's estate. *See In re* CIS Corp., 142 B.R. 640,642 (S.D.N.Y. 1992).

13. Here, EPS continued to provide Debtor with the benefits attributable to the valuable environmental services provided under the Master Services Agreement, yet the Debtor has failed to pay EPS the agreed-upon fees owed for services rendered to Sears.

14. Accordingly, EPS is entitled to an administrative expense claim for environmental services provided to Sears at its various locations from the Petition Date to the Transform Assignment Date which total $1,338,099.26.[3]

15. EPS therefore requests immediate payment of its administrative claim. *See In re King,* 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (Courts have discretion to order the immediate payment of such administrative claims and may use this discretion to ensure "orderly and equal distribution among creditors.")

## RESERVATION OF RIGHTS

16. Nothing herein should be construed as a waiver of any of EPS rights or remedies, at law or equity or pursuant to the Master Services Agreement.

## NOTICE OF THIS MOTION

17. Notice of this Motion has been provided to counsel to the Debtors and all parties entitled to ECF notice. Upon the scheduling of a hearing to consider this Motion, the movant will provide such additional notice as may be required by the procedures set forth in the Order

---

[3] This request for allowance and payment of its Administrative Expense Claim is made without prejudice to EPS claim to the Pre-Petition Amount.

{H3780122.1}                                    4

Implementing Certain Notice and Case Management Procedures (D.N. 139). EPS respectfully submits that no other or further notice is required.

## CONCLUSION

For the foregoing reasons, Environmental Products and Services, Inc. respectfully requests that the Court enter an order: (i) granting Environmental Products and Services, Inc. an allowed administrative expense claim in the amount of $1,338,099.26 pursuant to Section 503 of the Bankruptcy Code: (ii) directing the Debtor or such other party as the Court deems appropriate to make payment of such allowed administrative expense claim consistent with an Order of this Court; (iii) reserving all of Environmental Products and Services, Inc. rights, at law or equity and/or pursuant to the Master Services Agreement; and (iv) providing for such other and further relief to Environmental Products and Services, Inc. as this Court deems just and proper.

HANCOCK ESTABROOK, LLP

DATED: November 20, 2019         By:   /s/ R. John Clark
R. JOHN CLARK, ESQ. – Bar Roll No. 101359
*Counsel to Environmental Products and Services, Inc.*
1800 AXA Tower I, 100 Madison Street
Syracuse, New York  13202
E-Mail:      rjclark@hancocklaw.com
Telephone:   (315) 565-4513