**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TENTH OMNIBUS OBJECTION
### TO PROOFS OF CLAIM (TO RECLASSIFY CERTAIN CLAIMS)

Upon the *Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims)*, filed September 26, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the asserted section 503(b)(9) claims covered thereby and (ii) granting related relief , as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*,

dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order*

*Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims*

*Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper

notice of the relief requested in the Objection having been provided, in accordance with the Claims

Procedures Order; and there being no objections to the relief granted herein; and it appearing that

no other or further notice or a hearing with respect to such request for relief is required; and the

Court having found and determined that the legal and factual bases set forth in the Objection

establish good and sufficient cause for the relief granted herein and that such relief is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

### IT IS HEREBY ORDERED THAT:

1.     The Objection is granted to the extent set forth herein.

2.     Pursuant to sections 502 and 503(b)(9) of the Bankruptcy Code and

Bankruptcy Rule 3007, each of the claims listed on **Exhibit 1** hereto in the column as an "Asserted"

"503(b)(9) Administrative Priority Claim" is reclassified as a general unsecured claim to the extent

set forth on **Exhibit 1**, with any remaining administrative priority claim under section 503(b)(9)

being the amount listed on **Exhibit 1** in the "Surviving" 503(b)(9) Administrative Priority Claim"

column; no other portion of the claims listed in **Exhibit 1** are reclassified pursuant to this order.

3.     Nothing herein shall otherwise constitute an admission or finding

concerning the amount or validity of any of the claims.

4.     This Order has no res judicata, estoppel, or other effect on the validity,

allowance, or disallowance of, and all rights to object to or defend on any basis are expressly

WEIL:\97278192\2\73217.0004

reserved with respect to any claim referenced or identified in the Objection that is not listed on

**Exhibit 1**.

5.       The rights of the Debtors to object to all claims, in whole or in part, and on

any basis, are specifically preserved.

6.       The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the

Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give

effect to this Order.

7.       The terms and conditions of this Order are effective immediately upon

entry.

Dated:   November 21, 2019
         White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97278192\2\73217.0004

## Exhibit 1