**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Fuzhou Fushan Pneumatic Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SEARS HOLDING CORPORATION, *et al.*[1]**, | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**FUZHOU FUSHAN PNEUMATIC CO., LTD'S MOTION
TO RECONSIDER THE ORDER GRANTING DEBTORS'
TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

**TO:    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE**

Fuzhou Fushan Pneumatic Co., Ltd. (the "Fuzhou"), by and through its

undersigned counsel, The Sarachek Law Firm, hereby files this Motion to Reconsider the *Order*

*Granting Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims)*

(the "Order") [Dkt. No. 6076].  In support of its Motion, Fuzhou states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## PRELIMINARY STATEMENT

1.      Fuzhou is a vendor of Sears located in Shanghai, China.  Fuzhou asserts

that they did not receive notice of the *Debtor's Tenth Omnibus Objection To Claims* (the

"Objection").  As soon as Fuzhou received notice, they took steps to engage an attorney to

oppose the Debtor's reclassification of its claim.  However, Fuzhou's action occurred after the

response date.  By this Motion Fuzhou respectfully requests that the Court reconsider its order

and permit it to present evidence on the merits.  It is well established in this Circuit that Courts

prefer to make decisions on the merits and not on the basis of default judgements.  This applies

to the decision whether to reconsider a claim that has been disallowed by default. The standard to

determine whether or not to reconsider the entry of a default order is a three part test (i) whether

the default is willful; (ii) whether defendant has a meritorious defense; and (iii) the level of

prejudice that may occur to the non-defaulting party if relief is granted.  It will be shown that

Fuzhou's conduct did not meet the Second Circuit's threshold for "willful," that Fuzhou has a

meritorious defense to the Debtor's objection to Fuzhou's claim, and there is no prejudice to the

Debtors should the claim be considered on its merits.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue of this proceeding and this Motion is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is sections 105(a) and

502(j) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3008 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3008-1 of the Local Rules of

the United States Bankruptcy Court for the Southern District of New York.

## DISCUSSION

5.    Fuzhou is a manufacturer of tools located in China. Prior to the Debtors'

bankruptcy filing Fuzhou was owed over $1million for tools shipped to and sold by the Debtors.

On November 8, 2018, Fuzhou properly filed proof of claim number 4541 as an administrative

claim under 11 U.S.C. § 503(b)(9) in the amount of $1,280,065.72. On September 26, 2019, the

Debtors filed *Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain*

*Claims)* (the "Objection") [Dkt. No. 5237].  On November 8, 2019, the Debtors filed the

*Certificate of No Objection Pursuant to 28 U.S.C. § 1746 Regarding Debtors' Tenth Omnibus*

*Objection to Proofs of Claim (To Reclassify Certain Claims)* [Dkt. No. 5824].  The Order was

signed on November 21,2019 and entered on the Court's Docket on November 22, 2019.

6.    As stated in the Declaration of William Le Neveu (the " Le Neveu

Declaration" attached as Exhibit A), Fuzhou recently became aware that the Objection had been

filed.  Upon finding out that Fuzhou's claim was contained within the objection, they reached out

to counsel.  Having been retained by Fuzhou, on November 21, 2019 counsel immediately

reached out to His Honor's chambers to alert them of the situation (Declaration of Jonathan

Miller is attached as Exhibit B).  At the same time, Mr. Miller requested that Fuzhou search their

offices to confirm that they had not received the Objection and then file a response to the

Objection.  As stated in the Le Neveu Declaration, Fuzhou searched its offices and computer

server to determine if it had received the Objection, and the Objection was not found.  Unknown

to counsel at the time, the Order was signed on November 21, 2019.  Upon receiving notice that

the Order had been signed, and that 90% of Fuzhou's claim had been reclassified from an

administrative claim to a general unsecured claim, counsel began the preparation of this Motion.

      7.      Bankruptcy Rule 3008 provides that "[a] party in interest may move for

reconsideration of an order allowing or disallowing a claim against the estate." Such a motion is

governed by Section 502(j) of the Bankruptcy Code, which states "[a] claim that has been

allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or

disallowed according to the equities of the case."

      8.      Fuzhou's claim was reclassified because they failed to respond to the

Objection. The law in the Second Circuit is clear that determining claims on default rather than

the merits is frowned upon. *American Alliance Insurance Co. v. Eagle Insurance Co*, 92 F.3d 57,

61 (2nd Cir. 1996) ("*American Alliance*"); *In re Colonial Realty Co.*, 202 B.R. 185, 187 (Bankr.

D. Conn. 1996).

      9.      The concept of "cause" in this context is undefined in the Bankruptcy

Code and has been left to courts to define. The standard for evaluating cause in cases such as this

is governed by the *American Alliance* decision.  "The Southern District of New York has

embraced the American Alliance standard in evaluating excusable neglect in the context of

reconsidering claims under § 502(j)…" *In re Coxeter*, 2009 Bankr. LEXIS 4053, *10 (Bankr.

N.D.N.Y. 2009). See also *In re FairPoint Communications, Inc.,* 462 B.R. 75, 80 (Bankr.

S.D.N.Y. 2012) ("*FairPoint*").  The *American Alliance* Court found three criteria to consider

when determining whether to vacate a default judgment "(1) whether the default was willful; (2)

whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the

non-defaulting party if relief is granted. *American Alliance* at 59 quoting *Davis v. Musler*, 713

F.2d 907, 915 (2d Cir. 1983).

10.    Critically, "the Second Circuit Court indicated it 'will look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or litigant's error.'" *FairPoint* at 80, quoting *American Alliance* at 60. See also *In re Coxeter* at *12.   The facts of *FairPoint* are similar to those at hand. The Debtor had served the objection via mail, and the creditor, Claremont, claimed not to have received the objection. Claremont did not respond to the objection and as a result had the value of its claim vastly reduced. Moreover, after discovering the change to its claim, Claremont searched its offices without success in an attempt to find the objection to its claim.

11.    The *FairPoint* Court held that "even if notice was adequate and Claremont failed to rebut the presumption of receipt, there can be a finding of excusable neglect as the Court finds Claremont's actions were not willful.  Specifically, Claremont responded quickly after discovering the First Estimation Order, filing its Motion for Reconsideration just eleven days later." *FairPoint* at 81. *See also, In re Colonial Realty* (The Court granted a motion to reconsider where a creditor responded immediately to information that its claim had been disallowed, even though the claim had been disallowed two years earlier).  The Court added "[i]n addition, there is no evidence, nor any assertion that Claremont was attempting in any way to delay the claims process or that entry of the First Estimation Order without opposition 'was intended as part of some strategy or plan to advance its interests.'" *FairPoint* at 81 quoting *In re Enron, Inc*. 326 B.R. 46, 52 (Bankr. S.D.N.Y. 2005). The Court then concluded that "[a]t worst, therefore, Claremont's conduct may have been the product of some carelessness, even gross negligence, but it does not rise to the level of willfulness, as it was not deliberate or carried out in bad faith." *FairPoint* at 81.

12.     Similar to Claremont who was the creditor in *FairPoint*, Fuzhou reacted quickly upon realizing the Objection had been filed. They searched their records for the Objection prior to having knowledge the Order had been entered. Fuzhou's counsel immediately reached out to the Court, and, upon receiving notice the Order had been entered, immediately began preparation of this Motion. Additionally, Fuzhou did not act willfully to ignore the Objection.  Failure to respond may end up costing Fuzhou approximately $1 million. Certainly, that gives Fuzhou no advantage in any way.

13.     Finally, there is no doubt that the second and third criteria established in *American Alliance* are met as well.  The standard as to whether a defense is meritorious is not whether it will win, but whether the defense is valid. *American Alliance* at 61; *FairPoint* at 81-82.  Fuzhou's defense of its administrative claim is that the term "received" under section 503(b)(9) of the Bankruptcy Code should be interpreted under the *World Imports* standard and defined to mean when the Debtor receives physical possession of the goods. The fact that the Debtors submitted a lengthy legal argument on this very issue in the Objection leads to the conclusion that the validity of the argument is undisputed.

14.     As to whether there will be any prejudice to the Debtors, the answer is no. While Fuzhou's claim is significant for Fuzhou, it is less than 1% of the total pool of administrative claims projected by the Debtors.  If Fuzhou and others are successful in arguing the meaning of "received" under Bankruptcy Code section 503(b)(9) than it will most likely be lesser still.

15.     Moreover, the arguments regarding the meaning of "received" have been made by many vendors in response to the Objection, and the response that Fuzhou will file is virtually the same as all the others that have been filed (See Fuzhou's proposed Response

attached as Exhibit C). There is no new argument that has to be addressed by Debtors' counsel, and no new facts to be evaluated.  Their response to Fuzhou will undoubtedly be the same as their response to the papers Fuzhou's counsel has submitted on behalf of their other clients.

16.    It should also be noted that there is no prejudice since the Debtors have not yet filed their reply to the responses to the Objection and have in fact adjourned the hearing on this matter to December 13, 2019.   The addition of Fuzhou's claim to the reply is of no consequence.

## CONCLUSION

For the foregoing reasons, Fuzhou respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit D that (i) reclassifies Fuzhou's claim in the amount of $1,280,065.72 as an administrative expense claim subject to the Objection, (ii) allows Fuzhou to file their Response to the Objection, and (iii) grants such other and further relief to Fuzhou as the Court deems just and proper.

Dated: November 25, 2019
       New York, NY

Respectfully submitted,

THE SARACHEK LAW FIRM

 /s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY  10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@sarscheklawfirm.com

# EXHIBIT A

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Fuzhou Fushan Pneumatic Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SEARS HOLDING CORPORATION**, *et al.*[1], | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**DECLARATION OF WILLIAM LE NEVEU IN SUPPORT OF FUZHOU FUSHAN PNEUMATIC CO., LTD'S MOTION TO RECONSIDER THE ORDER GRANTING DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

I, William Le Neveu, declare as follows:

1.      I am a Vice President of Fuzhou Fushan Pneumatic Co., Ltd. ("Fuzhou").  I

submit this declaration in support of Fuzhou's *Motion to Reconsider the Order Granting*

*Debtor's Tenth Omnibus Objection to Proofs of Claim*.

2.      Fuzhou manufactures tools and ships them to Sears. At the time that Sears filed

for bankruptcy, Fuzhou was owed $1,280,065.72.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3.      Fuzhou believes that this entire claim amount should be an administrative expense claim under section 503(b)(9) of the Bankruptcy Code.  A properly filed proof of claim was submitted on November 8, 2018. This claim is number 4541.

4.      Fuzhou just became aware that an objection to Claim 4541 was filed. Fuzhou retained The Sarachek Law Firm ("Sarachek") to assist them in responding to the *Debtors' 10th Omnibus Objection to Proofs of Claim* (the "Objection") as it applies to Fuzhou's claim.

5.      At Sarachek's direction, I requested that Fuzhou conduct an internal search for the Objection, including a search of the Green-air server to see if the listed email address received the Objection. The result of this thorough search is that there is no record of Fuzhou receiving either a hard copy of the Objection or an email copy of the Objection.

6.      The value of this administrative priority claim is important to Fuzhou's business. Fuzhou would not ignore notice of an Objection seeking to reduce claim, let alone a reduction of 90%.

7.      Fuzhou respectfully asks the Court to reconsider the Order as it applies to Fuzhou's claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of November, 2019.

_____
                    William Le Neveu

# EXHIBIT B

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Fuzhou Fushan Pneumatic Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SEARS HOLDING CORPORATION**, *et al.*[1], | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**DECLARATION OF JONATHAN MILLER IN SUPPORT OF FUZHOU
FUSHAN PNEUMATIC CO., LTD'S MOTION TO RECONSIDER THE ORDER
GRANTING DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

I, Jonathan Miller, declare as follows:

       1.      I am an attorney at The Sarachek Law Firm. On November 21, 2019, Fuzhou

Fushan Pneumatic Co., Ltd. ("Fuzhou") engaged The Sarachek Law Firm to represent them in

the Sears bankruptcy proceedings.  I submit this declaration in support of Fuzhou's *Motion to

Reconsider the Order Granting Debtor's Tenth Omnibus Objection to Proofs of Claim*.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.      On the afternoon of November 21, I spoke with William Le Neveu (who is located in the Pacific Time Zone) of Fuzhou regarding his concerns that Fuzhou had been unaware that they were included in the *Debtors' Tenth Omnibus Objection to Proofs of Claim* (the "Objection") which sought to reclassify the vast majority of Fuzhou's properly filed 503(b)(9) administrative claim as a general unsecured claim.  Mr. Le Neveu only found out because Fuzhou was contacted by an attorney from another firm informing him of the objection.

3.      I instructed Mr. Le Neveu that he should speak to his associates in China to confirm that the Objection had not been received, and that I would try and contact the Court to alert them of the situation.

4.      On November 21, 2019 at 4:24 pm[2], I sent an email to Ms. Dorothy Li, the clerk for the Honorable Robert D. Drain, advising her that we had just been retained and requesting that if His Honor was prepared to sign the Order granting the Objection, that Fuzhou be excluded.  Debtors' counsel Garrett Fail was copied on the email.

5.      Ms. Li was kind enough to call and advise that my email had been received and she would alert the Judge and try and speak to someone from Debtors' counsel.  My email elicited no response from Mr. Fail or anyone from the Debtors' counsel.

6.      Just after 12:30 pm eastern time, we became aware that the *Order Granting Debtor's Tenth Omnibus Objection to Proofs of Claim* had been entered on November 21, 2019 and immediately began preparation of the Motion to Reconsider.

---

[2] I had called Ms. Li about 10 minutes earlier and left a voicemail.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 25th day of November, 2019.

_____/s/ Jonathan Miller_____
Jonathan Miller

EXHIBIT C

**Hearing Date and Time: December 13, 2019 at 10:00 am**

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Fuzhou Fushan Pneumatic Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDING CORPORATION, *et al.*[1],** | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**RESPONSE OF FUZHOU FUSHAN PNEUMATIC
CO., LTD. IN OPPOSITION TO THE DEBTORS'
TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

**TO**:    **THE HONORABLE ROBERT D. DRAIN**
        **UNITED STATES BANKRUPTCY JUDGE**

Fuzhou Fushan Pneumatic Co., Ltd. (the "Fuzhou"), by and through its

undersigned counsel, The Sarachek Law Firm, hereby responds (the "Response") in opposition

to the *Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[Dkt. No. 5237] (the "Objection").  In support of its Response, the Fuzhou states as follows:

## SUMMARY OF ARGUMENT

At the inception of these cases, October 15, 2018, the Debtors maintained that it was "critical" to have vendor support in order to run their operations, conduct a sale of their assets, and confirm a plan of reorganization.  Now that the assets have been sold and the professionals have been paid, the Debtors have changed their position.  They are seeking to wipe out vendors, particularly foreign vendors, by reinterpreting the definition of "receipt" of goods.  The critical issue for this Court to decide is whether receipt requires goods to be in the Debtors' hands.  From the outset of this case, the Fuzhou has relied on the precedent established by the Third Circuit in *Haining Wansheng Soa Co., Ltd v. World Imports Ltd., (In re World Imports)*, 862 F.3d 338 (3d Cir. 2017) ("*World Imports*") which requires goods to be in the Debtors' possession.  If there had been any doubt about the precedent set by World Imports, the Debtors' cases might have converted from Chapter 11 to Chapter 7 back in October 2018.  For this reason alone, this Court should overrule the Objection.

## DISCUSSION

Fuzhou's Claims

1.    Fuzhou, a manufacturer of tools in China, delivered and sold these goods to Sears.  On November 8, 2018, Fuzhou properly filed claim number 4541 against Sears Holding Co. in the amount of $1,280,065.72, all of which is a 503(b)(9) administrative priority claim.  The Proof of Claim is attached as Exhibit A.

2.    All of the items shipped by the aforementioned claimants with respect to Section 503(b)(9) were received by Sears between September 25, 2018 and October 15, 2018.

3.    The Debtors only objection to the claims is that under Section 503(b)(9) of

the Bankruptcy Code, the goods should be considered received as of the shipping date. As

discussed in detail below, this interpretation of Section 503(b)(9) of the Bankruptcy Code is

erroneous.  The Debtors have provided no evidence to show that their calculations are correct.

<u>World Imports</u>

4.      Section 503(b)(9) of the Bankruptcy Code states as follows:

> "(b) After notice and a hearing, there shall be allowed
> administrative expenses, … including (9) the value of
> any goods received by the debtors within 20 days
> before the date of commencement of a case under this
> title in which the goods have been sold in the ordinary
> course of such debtor's business."

5.      The Bankruptcy Code does not define the meaning of "received."  As a

result, courts are left to determine what "received" means in the context of section 503(b)(9) of

the Bankruptcy Code.  This exact question was decided by the Third Circuit Court of Appeals in

*World Imports*. The Third Circuit ruled that "received" requires physical possession of the

goods, not when the goods were delivered freight on board to a common carrier. *World Imports,*

862 F.3d at 346.

6.      The World Imports Court considered the ordinary meaning of "received."

The Court concluded "[t]he legal and dictionary definitions comport with the definition found in

the UCC. *World Imports,* 862 F.3d at 342.  Moreover, "we infer that Congress meant to adopt

this 'well-known' meaning of the term." *Id.* As this Court previously noted, courts commonly

look to the UCC to define terms that are undefined in the Bankruptcy Code. *See, In the Matter of

The Great Atlantic & Pacific Tea Company, Inc.,* Case No. 10-24549-rdd, Dkt. No. 4017, at 4-5

(Bankr. S.D.N.Y. Oct. 25, 2012)

7.      The World Imports Court stated that Section 503(b)(9) of the Bankruptcy

Code is explicitly linked to Section 546(c) of the Bankruptcy Code as the former is an exemption

from the latter's requirements. *Id.* at 543. "Because *§ 503(b)(9)* provides 'an alternative remedy to reclamation,' *In re Momenta, Inc.* 455 B.R. 353, 357 (Bankr. D.N.H. 2011), it should be read and interpreted consistent with *§ 546(c)." Id.*

     8.    The World Imports Court engaged in a thorough analysis of the definition of "receipt" as used in Section 546(c) of the Bankruptcy Code. The Court relied in part on *In re Marin Motor Oil, Inc.* 740 F.2d 220 (3d Cir. 1984). In *Marin Motor Oil*, the Third Circuit concluded "…that because 'Congress essentially borrowed [the reclamation provision] from the U.C.C.,' it 'also borrowed the standard definition of receipt' [*Marin Motor Oil*] at 225 n.9." *World Imports* 862 F.3d at 343. As a result, the *Marin Motor Oil* court concluded that the UCC definition of "receipt" applied, and, therefore, meant physical possession. *Id.  See also*, *In re R.F. Cunningham & Co., Inc.*, 2006 Bankr. Lexis 3650 (Bankr. E.D.N.Y. Dec. 21, 2006); *In re Flagstaff Foodservice Corp.*, 56 B.R. 910 (Bankr. S.D.N.Y. 1986)

     9.    As a result of the Third Circuit's analysis of the relationship between 503(b)(9) and 546(c), and the definition of "receipt" in 546(c) meaning taking possession, it held that the definition of "received" in 503(b)(9) means the same thing. *Id.* at 543-544; *See, In re Circuit City Stores, Inc.,* 432 B.R. 225, 229 (Bankr. E.D. Va. 2010) (" As 'receipt' in Article 2 of the UCC and § 546(c) is defined as taking 'physical possession,' the Court holds that 'received' for the purposes of § 503(b)(9) means having taken into physical possession"); *In re Momenta, Inc.*, 455 B.R. 353, 358 (Bankr. D.N.H. 2012) ("…the terms 'receipt' and 'received' are similar words, concern related issues, and should be treated as functional equivalents and interpreted identically.")

     10.    The World Imports Court next discussed why placing goods on a ship or with a third party carrier, also known as freight on board ("FOB") does not constitute

constructive receipt.   Under applicable case law, common carriers are not considered agents of a

buyer. *Id.* at 344.  Moreover, transfer of title and receipt have been held to be distinct. *Id. See, In*

*re R.F. Cunningham & Co.*, 2006 Bankr. LEXIS 3650, *6 (Bankr. E.D.N.Y. December 21, 2006)

("Delivery to a common carrier does not constitute 'receipt' by a buyer of goods.")

11.    Subsequent to the ruling of the Third Circuit, *World Imports* has been

cited favorably, including by the United States Bankruptcy Court for the District of Connecticut.

That court held that under 503(b)(9) received is "…either: (i) physical possession of the goods

by the debtor; or (ii) constructive possession, when a bailee or an agent of the debtor physically

possesses the goods." *In re O.W. Bunker Holding North America Inc.*, 2019 Bankr. LEXIS 2728

(Bankr D.Conn. Aug. 26, 2019) at *25.  Either way, physical possession either by the debtor or

its agent is required.

Debtors' Attempts to Distinguish World Imports Are Not Persuasive

12.    The Debtors attempt to dismiss the Third Circuit's reasoning in *World*

*Imports* by stating that the Circuit incorrectly looked for authority under state law as opposed to

federal law.  While federal law might be preferred for interpreting other federal laws such as the

Bankruptcy Code, this is not mandatory.  The main case cited by the Debtors to suggest the

Third Circuit incorrectly looked to the UCC, which is state law, to interpret the meaning of

"received" is *In re Escalera Res. Co.*, 563 B.R. 336 (Bankr. D. Colo. 2017) ("*Escalera*").   It is

somewhat ironic that the court in *Escalera* used the dictionary definition of goods found in the

UCC to reach a decision because there was no governing federal law.  While courts are not

required to consider state law in interpreting statutes, they certainly may, and as with the court in

*Escalera*, often do consider state law.

13.    The Debtors go to convoluted lengths in an effort to interpret Section

503(b)(9) of the Bankruptcy Code.   They attempt to use the United Nations Convention on

Contracts for the International Sale of Goods ("CISG") and the International Commerce

Commissions' ("Intercoms") neither of which defines "received."  In order to use the CISG and

Intercoms, terms that don't mean "received" have to be massaged to create the meaning desired

by the Debtors. Rather than employing this approach, the Third Circuit searched for the actual

definition of "received" using basic tenets of statutory interpretation. *See, Custom Polymers*

*PET, LLC v. Gamma Meccanica SPA*, No. 6:15-04882-MGL, 185 F. Supp. 3d 741, 755 (D.S.C.

2016) ("Even though the CISG governs [a] dispute, where the CISG is silent on a legal issue, a

court should apply the choice of law rules of the forum where it sits to fill the gap.")  As

discussed above, the *World Imports* court chose the commonly understood definition of

"received."

14.     The only legal authority cited by the Debtors to support their interpretation

of "receipt" are the lower court decisions in *World Imports* which were overturned.  The

Debtors' brief strangely references the bankruptcy court decision in *World Imports* as an

"analogous case concerning claims of an import vendor that shipped goods to a debtor FOB port

of origin" as if it was just another bankruptcy case looking at the issue rather than the very case

the Third Circuit overturned.

15.     Additionally, the Third Circuit specifically points out that courts have

consistently held that receipt does not occur when goods are loaded on to a common carrier. The

fact that risk of loss and title may have transferred is irrelevant. *Marin Motor Oil* at 225; *See

also*, *In re R.F. Cunningham & Co.* at *6.

16.     The second reason asserted by the Debtors to dismiss the Third Circuit's

reasoning in *World Imports* is that the court looked to the meaning of "received" in section

546(c) of the Bankruptcy Code when determining the meaning of "received" in section 503(b)(9) of the Bankruptcy Code.  As discussed above, the Third Circuit in *World Imports* extensively discussed the connection between these two code sections. Most importantly, both sections use the word "received."  The Debtors would have this Court believe that because the derivation of Section 546(c) of the Bankruptcy Code may have been the UCC, which is adopted by state law, while the right given in Section 503(b)(9) of Bankruptcy Code  is a federally created right, there should be a distinction between the two definitions of the same word.  However, this interpretation makes no sense.

17.    The simplest and most logical interpretation is to read the word "received" the same way in both sections. This makes even more sense when one considers that Section 503(b)(9) of the Bankruptcy Code is specifically mentioned in Section 546(c) of the Bankruptcy Code.  What makes no sense is that Congress would distinguish the definition of "received" among two sections of the same Bankruptcy Code any more than Congress would discriminate between the words potato and po-ta-toe.

18.    The third reason the Debtors provide for this Court to disregard the Third Circuit's *World Imports* ruling is that the court did not consider the policy considerations raised by the Debtors. As discussed below, this argument does not necessitate abandoning the plain meaning of "received."

19.    Finally, the Debtors assert that "Congress did not legislate exclusively against the backdrop of domestic vendor sales and the UCC when it enacted section 503(b)(9) of the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005."  There is no dispositive answer to this question. The fact that Congress did not legislative exclusively against a backdrop of domestic vendor sales provides no justification to treat the same word in related

code sections differently.  There is absolutely no basis to use the Debtors' interpretive meaning of "received" instead of the plain meaning.

Debtors Additional Arguments are Not Persuasive

20.    The Debtors sole legal argument in favor of using the overturned, lower court *World Imports* cases is that the CISG and Intercoms should be used to determine what "received" means. The rationale behind this is that international trade agreements are ratified by Congress and, therefore, federal law.

21.    The problem, as discussed above, is that neither the CISG nor the Intercoms define "received." Thus, the Debtors are forced to shoehorn a meaning of "received" rather than use its commonly understood meaning.  This allows the Debtors to argue that the date the goods were delivered to a common carrier should constitute receipt.[2] As discussed in detail above, however, courts consistently defined "deliver" and "receipt" as distinct and common carriers are not considered agents of the buyer.

22.    Left with no legal argument, the Debtors look to policy. The problem is that there will be always be winners and losers. The Debtors argument does not create conformity, but rather at this late stage in these cases, allows the Debtors professionals to decide who are the winners and losers.  The reality is that if the actual receipt date is not used in Section 503(b)(9) determinations, every time you have a company in the zone of insolvency, foreign vendors will be encouraged to pull back their goods until they are 100% assured of payment. This will result in persistent interruption of delivery of goods.  In the instant case, Fuzhou relied

---

[2] Under Article 71 of the CISG allows that a vendor may prevent handing over of goods if it becomes apparent while the goods are in transit that the other party may not be able to perform its obligations. The Debtors have themselves acknowledged this fact in the Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business [Dkt. No. 14 at Par. 19-20]

on the Debtors assertions at the outset of the cases that they would be paid in full for goods

received between September 25 and October 15, 2018.   Moreover, if Congress had intended that

the shipping date be used for purposes of Section 503(b)(9) of the Bankruptcy Code, then the

statute would have said "delivered to" or "shipped to" rather than "received by."  The fact is that

until the goods are firmly in a debtor's hands, they cannot sell them.  If the debtors have no

goods to sell, they are out of business.  For this reason, as well, there is no reason for the Court to

look to anything other than the plain meaning of the word "received" which for the purposes of

commerce implies that a company has a product to sell.

## CONCLUSION

For the foregoing reasons the Fuzhou requests that the Court rule that (i) the

Debtors have not properly objected to the Fuzhou's claim, (ii) that the term "received" as used in

section 503(b)(9) of the Bankruptcy Code should mean physical possession by the Debtor and

(iii) that Debtors objection to claim number 4541of Fuzhou Fushan Pneumatic Co., Ltd. is

denied and (iv) such other and further relief as this Court deems appropriate.

Dated:  November 25, 2019
        New York, NY

Respectfully submitted,

THE SARACHEK LAW FIRM

 /s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY  10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@saracheklawfirm.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| ☒ Sears Holdings Corporation (18-23538) | ☐ MaxServ, Inc. (18-23550) | ☐ Wally Labs LLC (18-23563) | ☐ Kmart of Michigan, Inc. (18-23576) |
| ☐ Sears, Roebuck and Co. (18-23537) | ☐ Private Brands, Ltd. (18-23551) | ☐ Big Beaver of Florida Development, LLC (18-23564) | ☐ SHC Desert Springs, LLC (18-23577) |
| ☐ Kmart Holding Corporation (18-23539) | ☐ Sears Development Co. (18-23552) | ☐ California Builder Appliances, Inc. (18-23565) | ☐ SOE, Inc. (18-23578) |
| ☐ Kmart Operations LLC (18-23540) | ☐ Sears Holdings Management Corporation (18-23553) | ☐ Florida Builder Appliances, Inc. (18-23566) | ☐ StarWest, LLC (18-23579) |
| ☐ Sears Operations LLC (18-23541) | ☐ Sears Home & Business Franchises, Inc. (18-23554) | ☐ KBL Holding Inc. (18-23567) | ☐ STI Merchandising, Inc. (18-23580) |
| ☐ ServiceLive, Inc. (18-23542) | ☐ Sears Home Improvement Products, Inc. (18-23555) | ☐ KLC, Inc. (18-23568) | ☐ Troy Coolidge No. 13, LLC (18-23581) |
| ☐ A&E Factory Service, LLC (18-23543) | ☐ Sears Insurance Services, L.L.C. (18-23556) | ☐ Sears Protection Company (Florida), L.L.C. (18-23569) | ☐ BlueLight.com, Inc. (18-23582) |
| ☐ A&E Home Delivery, LLC (18-23544) | ☐ Sears Procurement Services, Inc. (18-23557) | ☐ Kmart of Washington LLC (18-23570) | ☐ Sears Brands, L.L.C. (18-23583) |
| ☐ A&E Lawn & Garden, LLC (18-23545) | ☐ Sears Protection Company (18-23558) | ☐ Kmart Stores of Illinois LLC (18-23571) | ☐ Sears Buying Services, Inc. (18-23584) |
| ☐ A&E Signature Service, LLC (18-23546) | ☐ Sears Protection Company (PR) Inc. (18-23559) | ☐ Kmart Stores of Texas LLC (18-23572) | ☐ Kmart.com LLC (18-23585) |
| ☐ FBA Holdings Inc. (18-23547) | ☐ Sears Roebuck Acceptance Corp. (18-23560) | ☐ MyGofer LLC (18-23573) | ☐ Sears Brands Management Corporation (18-23586) |
| ☐ Innovel Solutions, Inc. (18-23548) | ☐ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☐ Sears Brands Business Unit Corporation (18-23574) | ☐ SHC Licensed Business LLC (18-23616) |
| ☐ Kmart Corporation (18-23549) | ☐ SYW Relay LLC (18-23562) | ☐ Sears Holdings Publishing Company, LLC (18-23575) | ☐ SHC Promotions LLC (18-23630) |

## Modified Official Form 410

# Proof of Claim
04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. Who is the current creditor? | FUZHOU FUSHAN PNEUMATIC CO.,LTD. |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ☒ No |
|---|---|
| | ☐ Yes. From whom? |

| 3. Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | SUNNY ZHANG | Account Name : GREEN-TWT CO., LTD. Account No.: 0200-441-502498 Swift Code: ESUNTWTP Beneficiary Bank : E.Sun Commercial Bank ,Ltd., Taipei, Taiwan |
| | Contact phone  +86-21-33529155*202 | Contact phone  +86-21-33529155*202 |
| | Contact email  NIKEYW@GREEN-AIR.COM | Contact email  NIKEYW@GREEN-AIR.COM |

| 4. Does this claim amend one already filed? | ☒ No ☐ Yes.   Claim number on court claims registry (if known)_____ | Filed on _____ MM / DD / YYYY |
|---|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No ☐ Yes. Who made the earlier filing? _____ |
|---|---|

**Claim Number: 4541**                           Proof of Claim                                      page 1

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| **7.  How much is the claim?** | $ 1,280,065.72 . **Does this amount include interest or other charges?**<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Products shipped to SEARS including PO#TJ7092;TJ7045;TJ7864;TJ7878;TJ7042;TJ7974,TJ7990; TJ7888;TJ7878;TJ8003;TJ7878;TJ7992;TJ7862;TJ7966;TJ7700; |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                                  $_____<br><br>**Amount of the claim that is secured:**        $_____<br><br>**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**        $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**        $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | | **Amount entitled to priority** |
|---|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | | $ 1,280,065.72 |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *SHENGHUA ZHANG*
SHENGHUA ZHANG (Nov 8, 2018)

**Email:** nikeyw@green-air.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | SHENGHUA | | ZHANG |
| | First name | Middle name | Last name |
| Title | PRODUCTS MANAGER | | |
| Company | FUZHOU FUSHAN PNEUMATIC CO.,LTD. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | NO 668 ZHONGDE ROAD XIAOKUNSHAN TOWN SONGJIANG DISTRICT | | |
| | Number      Street | | |
| | SHANGHAI | 201614 | |
| | City | State    ZIP Code | |
| Contact phone | +86-21-33529155*202 | Email   NIKEYW@GREEN-AIR.COM | |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **I have supporting documentation.**
   **(attach below)**

☐ **I do not have supporting documentation.**

📎 **Attachment**

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.
11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

---

**Do not file these instructions with your form**

# EXHIBIT D

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Fuzhou Fushan Pneumatic Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SEARS HOLDING CORPORATION, *et al.*[1],** | **Case No. 18-23538 (RDD)** |
| Debtors. | **(Jointly Administered)** |

### ORDER RECLASSIFYING CLAIM AND ALLOWING RESPONSE TO DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM

Upon the motion (the "Motion") of Fuzhou Fushan Pneumatic Co., Ltd pursuant to

Section 502(j) of Title 11 of the United States Code, Rule 3008 of the Federal Rules of

Bankruptcy Procedure and Rule 3008-1 of the Local Rules of the United States Bankruptcy

Court for the Southern District of New York for an order that (i) reclassifies Fuzhou's claim in

the amount of $1,280,065.72 as an administrative expense claim subject to the *Debtors' Tenth*

*Omnibus Objection to Proofs of Claim* (the "Objection"), (ii) allows Fuzhou to file their response

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

to the Objection; and the Court having found that Fuzhou has provided due and proper Notice of

the Motion; and after due deliberation; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

    1.      The Motion is GRANTED as set forth herein.

    2.      Pursuant to section 502(j) of the Title 11 of the United States Code, Rule 3008  of

the Federal Rules of Bankruptcy Procedure and Rule 3008-1 of the Local Rules of the United

States Bankruptcy Court for the Southern District of New York, the claim of Fuzhou Fushan

Pneumatic Co., Ltd. in the amount of $1,280,065.72 is reclassified as an administrative expense

claim subject to the *Debtors' Tenth Omnibus Objection to Proofs of Claim*.

    3.      Fuzhou may file its *Response to the Debtors' Tenth Omnibus Objection to Proofs*

*of Claim.*

    4.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the scope, interpretation or enforcement of this Order.

Dated: November _____, 2019


                                      _____
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE