| | |
|---|---|
| Deborah J. Michelson, Esq.<br>MILLER GOLER FAEGES LAPINE LLP<br>1301 East 9th Street, Suite 2700<br>Cleveland, Ohio 44114-1835<br>Phone: (216) 696-3366<br>*Attorney for Creditor Arca Industrial (NJ), Inc.* | Hearing Date: TBD<br>Hearing Time: TBD |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------X

## ARCA INDUSTRIAL (NJ), INC.'S MOTION FOR
## ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

1. Arca Industrial (NJ) Inc. ("Arca") hereby files this motion (the "Motion") for allowance of its administrative expense claim—pursuant to 11 U.S.C. § 507(b)(9), 11 U.S.C. § 507(a)(2), 11 U.S.C. § 503(b)(1)(A), Debtors' Motion filed at Docket No. 14, and this honorable Court's orders at Docket Nos. 115 and 843—for goods provided by Arca to, or for the benefit of, the Debtors. Arca timely submitted Proof of Claim Nos. 2957 and 5167, and timely submitted ballots opting-in to the Debtors' Administrative Expense Claims Consent Program (the "Consent Program"). This Motion is not a waiver of Arca's election to opt-in to the Consent Program and participate in the Initial Cash Pool, but is filed by Arca in the event that it is unable to reach an Expedited Reconciliation of its allowed administrative claim amount with Debtors, so as to continue preserving its claims in that event. To the extent that the Court determines to ultimately schedule this Motion for a hearing and consider it for entry of an Order, Arca requests that the Court enter an award that Arca shall have an allowed administrative expense claim in the

above-captioned case in the total aggregate amount of $1,160,820.18. In support of this Motion, Arca respectfully states as follows:

## I. JURISDICTION AND VENUE

2.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5.  The statutory predicates for the relief requested herein are in sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

## II. INTRODUCTION

6.  Pre-petition, Debtors issued purchase orders for, and Arca provided goods (various types and styles of shoes), to one or more of the Debtors, including to Sears, Roebuck and Co. and Kmart Corporation.

7.  Notwithstanding that Arca provided valuable products, which the Debtors subsequently sold (either to direct consumers or to the Debtors' purchaser, Transform Co.), Arca was not ultimately paid for such goods. Arca is acting in good faith to reach an Expedited Reconciliation of its allowed administrative claim with Debtors in connection with Arca opting in to the Consent Program, but in the event that Arca and Debtors are unable to reach such an agreement, Arca files this Motion to continue preserving its claims in this matter, including its administrative expense claims.

8.  Arca is aware that under the now confirmed Plan, all hearings for administrative expense requests are adjourned until further notice. Accordingly, this Motion is filed seeking

allowance, but a hearing is not being requested at this time, unless and until the Court determines that a hearing can and should be scheduled on this Motion.

### III. BACKGROUND

#### A. Pre-Petition

9. Pre-petition, Debtors issued purchase orders to Arca, and Arca shipped goods to those Debtors.

10. Such orders and goods are summarized on the spreadsheet attached hereto as Exhibit A, which was prepared at the recent request of, and is being simultaneously provided to, Debtors' Restructuring Advisor, M-III Partners, LP.

#### B. The Debtors' Bankruptcy Cases

11. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation, together with various affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

12. The Debtors cases are being jointly administered. The Debtors continue in the management and operation of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

13. On November 2, 2018 and November 19, 2019, Arca timely filed Proof of Claim Nos. 2957 and 5167, respectively, which are attached hereto as Exhibit B and Exhibit C.

14. Debtors subsequently challenged a portion of the amount that Arca claimed was entitled to administrative expense priority under 503(b)(9) of the Bankruptcy Code as part of Debtors' Tenth Omnibus Objection to Proofs of Claim (to Reclassify Certain Claims) filed at Docket No. 5237 (the "Tenth Omnibus Objection").

15. Arca timely filed a Response to the Tenth Omnibus Objection at Docket No. 5476 setting forth the reasons that there are no valid grounds for reducing Arca's administrative claim under 503(b)(9) of the Bankruptcy Code, which filing Arca incorporates herein by reference.

16. Pursuant to the now confirmed Modified Second Amended Joint Chapter 11 Plan of the Debtors (Docket Nos. 4476 and 5370), all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors/the Liquidating Trust and the subject claimant, subject to the Court's availability, and such motions seeking allowance of administrative expense claims (already filed or subsequently filed) are to be treated as "proof of an Administrative Expense Claim." *See* Confirmation Order ¶ 51, Docket No. 5370.

## IV. GROUNDS FOR ALLOWING OF ARCA'S ADMINISTRATIVE EXPENSE CLAIM

17. Section 503(b)(9) of the Bankruptcy Code provides, in relevant part, that:

> After notice and a hearing, there shall be allowed administrative expenses … including— *** the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

18. Section 503(b) of the Bankruptcy Code provides, in relevant part, that:

> After notice and a hearing, there shall be allowed administrative expenses … including— (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

19. Debtors moved as part of their October 15, 2018 Motion for Interim and Final Authority, in relevant part, as follows:

> **C. The Obligations Owed Under the Prepetition Purchase Orders for Postpetition Goods and Services Are Administrative Expense Claims Under Section 503(b) of the Bankruptcy Code[.]**

4

> 32. Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate postpetition. 11 U.S.C. § 503(b)(1)(A); see *In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d. Cir. 1993) (holding that an obligation arising from the postpetition performance relating to a prepetition transaction is entitled to administrative expense priority)[;] *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim under section 503 a claimant must provide a postpetition benefit to the estate). Additionally, under section 363 of the Bankruptcy Code, the Debtors can continue to operate in the ordinary course of business including honoring postpetition obligations under Prepetition Orders without prior court approval.
>
> 33. Accordingly, granting the relief sought herein with respect to the Prepetition Orders will not provide the Vendors with any greater priority than they would otherwise be entitled to, and will not prejudice any part[y] in interest. Absent such relief, the Debtors may be required to expend substantial time and effort reissuing the Prepetition Orders to provide their vendors with assurance of administrative priority. This disruption to the continuous flow of goods and services to the Debtors would seriously impact the Debtors' ability to operate their business. Without the support of their vendors, the Debtors will incur significant costs and lose valuable business relationships to the detriment of all parties in interest. Therefore, the obligations owed under the Prepetition Orders relating to goods delivered postpetition should be explicitly granted administrative expense status.

Docket No. 14 ¶¶ 32-33.

20.    At Debtors' request in the above-referenced Motion (Docket No. 14 ¶¶ 5, 19-20, 32-33), this Court entered Orders at Docket Nos. 115 and 843 that provide in pertinent part:

> All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code ….

(Docket No. 115 ¶ 8; Docket No. 843 ¶ 8.)

21.  The test to determine whether an applicant is entitled to payment of an administrative expense is whether the efforts of the applicant resulted in actual benefit to debtors' estate. *See*, *e.g.*, In re CIS Corp., 142 B.R. 640, 642 (S.D.N.Y. 1992) (stating that "[a]lthough [Section 503(b)(1)(A)] does not fully define 'necessary expenses,' the phrase 'including' is not limiting" and citing 3 Collier on Bankruptcy ¶ 503.04[1] (15th ed. 1989) for the proposition that "administrative expenses can also include 'costs of operating a business, for storage of property, for rent, for taxes and other costs incidental to protection and conservation'").

22.  Arca supplied goods to the Debtors as set forth in detail on Exhibit A and in Docket No. 5476, which include items received by the debtor within 20 days before the date of commencement of Debtors' bankruptcy and items that Arca supplied to Debtors in reliance on Debtors' Motion filed at Docket No. 14 (and surrounding communications), and the Court's issuance of its Order at Docket No. 115 ¶ 8, which was entered on a final, permanent basis in the Order at Docket No. 843 ¶ 8; and all of which goods were either subsequently sold by the Debtors directly to their customers or the goods were sold to the Debtors' purchaser, Transform Co., pursuant to a court-approved sale. In either case, a direct benefit was realized by the Debtors and their estates as a result of the goods Arca supplied to the Debtors. As a result, Arca is entitled to a total aggregate administrative expense claim in the amount of $1,160,820.18 for such goods pursuant to Section 507(b)(9), Section 507(a)(2), and Section 503(b)(1)(A) of the Bankruptcy Code and/or Debtors' Motion filed at Docket No. 14 together with this honorable Court's Orders at Docket Nos. 115 and 843, all as set forth in detail on the attached Exhibit A and in Docket No. 5476.

23. Given the procedures set forth in the Confirmation Order and the Plan, Arca is not requesting a hearing be conducted on this Motion at this time, but reserves its right to request such a hearing if it is unable to reach an Expedited Reconciliation of its allowed administrative claim amount with Debtors under the Consent Program.

## V.   RESERVATION OF RIGHTS

24. Arca reserves the right to amend this Motion, or any of the claims asserted in the Debtors' Bankruptcy cases, for any reason, including, without limitation, to the extent that Arca learns: (i) of additional claims that it may have, (ii) that its claims are against a different debtor-entity, or (iii) that the nature of the claims is other than what Arca has already asserted. Nothing herein is intended to be nor should it be construed as a waiver of any of Arca's rights or defenses.

25. No previous application or request was made to this, or any other, Court regarding the relief requested in this Motion.

## VI.   CONCLUSION

26. WHEREFORE, Arca respectfully requests that, to the extent the Court determines that a hearing may be scheduled and/or that the Court may enter an Order allowing the within Motion, that the Court enter an Order granting Arca an allowed administrative expense claim in the total aggregate amount of $1,160,820.18, pursuant to 11 U.S.C. § 507(b)(9), 11 U.S.C. § 507(a)(2), 11 U.S.C. § 503(b)(1)(A), Debtors' Motion filed at Docket No. 14, and/or this honorable Court's Orders at Docket Nos. 115 and 843, and providing for such other and further relief to Arca as the Court deems just and proper.

Dated: Cleveland, Ohio.
       November 26, 2019

                          MILLER GOLER FAEGES LAPINE LLP

                          By: */s/ Deborah J. Michelson*
                              Deborah J. Michelson, Esq.
                              1301 East 9th Street, Suite 2700
                              Cleveland, Ohio 44114-1835
                              Phone: (216) 696-3366
                              Michelson@MGFL-law.com

                              *Attorney for Creditor Arca Industrial (NJ), Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                          Chapter 11

SEARS HOLDING CORPORATION, *et al.*,            Case No. 18-23538 (RDD)

                        Debtors.                          (Jointly Administered)
---------------------------------------------------------X

I, Deborah J. Michelson, an attorney admitted to practice in the State of New York, hereby certify that, on November 26, 2019, I caused true and complete copies of ARCA INDUSTRIAL (NJ), INC.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM to be served upon each of the parties listed below via pre-paid properly addressed U.S. mail:

| | |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court, S.D.N.Y.<br>300 Quarropas Street, Room 248<br>White Plains, NY 10601 | Kelley Drye & Warren LLP<br>Attorneys for Computershare Trust Co., N.A.<br>101 Park Avenue<br>New York, NY 10178<br>Attn: Eric R. Wilson |
| Sears Holdings Corporation<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br>Attn: Stephen Sitley | Cleary Gottlieb Steen & Hamilton<br>Attorneys for JPP, LLC, JPP II, LLC, and ESL Investments, Inc.<br>One Liberty Plaza<br>New York, NY, 10006<br>Attn: Sean A. O'Neal |
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>    Attn: Ray C. Schrock<br>          Jacqueline Marcus<br>          Garret A. Fail<br>          Sunny Singh | Office of United States Trustee<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn: Paul Schwartzberg |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Attorneys for Bank of America, N.A.<br>4 Times Square<br>New York, NY 10036<br>Attn: Paul D. Leake | Seyfarth Shaw LLP<br>Attorneys for Wilmington Trust, N.A.<br>620 Eighth Avenue<br>New York, NY 10018<br>Attn: Edward M. Fox |

| | |
|---|---|
| Davis Polk & Wardell LLP<br>Attorneys for Citibank, N.A.<br>450 Lexington Avenue<br>New York, NY, 10017<br>Attn: Eli J. Vonnegut | Carter Ledyard & Milburn LLP<br>Attorneys for Bank of New York Mellon Trust Co.<br>2 Wall Street<br>New York, NY 10005<br>Attn: James Gadsden |
| Locke Lord LLP<br>Attorneys for the Pension Benefit Guaranty Corp.<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Attn: Aaron C. Smith | Akin Gump Strauss Hauer & Feld LLP<br>Attorneys for the Official Committee of Unsecured Creditors<br>One Bryant Park<br>New York, NY 10036<br>Attn: Ira S. Dizengoff |
| M-III Partners, LP<br>c/o Colin M. Adams<br>c/o Brian Griffith<br>130 West 42nd Street<br>17th Floor<br>New York, NY   10036 | |

Dated:  Cleveland, Ohio.
         November 26, 2019

                                        MILLER GOLER FAEGES LAPINE LLP

                                      By: */s/ Deborah J. Michelson*
                                             Deborah J. Michelson, Esq.
                                             1301 East 9th Street, Suite 2700
                                             Cleveland, Ohio 44114-1835
                                             Phone: (216) 696-3366
                                             Michelson@MGFL-law.com

                                             *Attorney for Creditor Arca Industrial (NJ), Inc.*