TOBIAS LAW FIRM, P.C.
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-5460
David G. Tobias, Esq. (dtobias@tobiaslawpc.com)

**Hearing Date and Time:**
December 13, 2019 at 10:00 am

Attorneys for Superb International Co., Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SEARS HOLDING CORPORATION, et al.,

           Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

### RESPONSE OF SUPERB INTERNATIONAL CO., LTD IN OPPOSITION TO DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Superb International Co., Ltd. ("Superb")), by its attorneys, submits this response in opposition to the Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Claims) [Doc. 5237] (the "Objection").

### PRELIMINARY STATEMENT

    1.    In determining the date goods are "received" by the Debtors for purposes of §503(b)(9) claims, the Court should follow the decision of the U.S. Third Circuit Court of Appeals in In re World Imports. 862 F.3d 338, 346 (3d Cir. 2017) which held that "receipt as used in 11 U.S.C. § 503(b)(9) requires physical possession by the buyer or his agent," and deny the

Objection. This Court's decision In re National Sugar Refining Co., 27 B.R. 565 (S.D.N.Y. 1983), which held that the passage of title does not affect a seller's right of stoppage in transit, is supportive of the World Imports decision. Because Superb could stop its goods in transit at any time before they were off-loaded after arriving in the United States, the goods could only have been "received" by the Debtors after that date and Debtors' contrary position is not supported by the law or the facts.

2. Superb joins in the responses of other foreign vendors to the Objection that have been filed by those foreign vendors asserting administrative expense claims against the Debtors under § 503(b)(9) to the extent such other responses are not inconsistent with Superb's claims or the facts or arguments set forth herein.

**BACKGROUND**

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Kmart Corporation and Sears, Roebuck and Co. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors have remained in possession of their property and have been managing their business as debtors-in-possession.

4. Superb is located in Shanghai, China and it supplied hats, gloves and other cold weather accesories to the Debtors. Served and filed herewith is the Declaration of Howard Yuan, Superb's Vice-President (the "Yuan Declaration"), ¶2. Superb's goods were manufactured in China and shipped by common carrier, FOB Shanghai, to the United States either to Long Beach/Los Angeles, California, or to New York, New York and then to distribution centers in Mira Loma, California or Chamersburg, Pennsylvania. Id. After the goods were unloaded in the United

States, they were trucked to a Sears or Kmart distribution center. Id. Until its goods were unloaded at the port, Superb could stop its goods in transit, and may have been able to do so until unloaded at the distribution centers in California or Pennsylvania. Superb believes that the same shipper, or a different common carrier trucker, delivered the goods to the distribution centers. Id. at ¶4.

5.  Superb filed Claim No. 1281 against Sears Roebuck and Co. ("Sears") as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $232,566.31, (b) Claim No. 10733 filed against Kmart Corporation ("Kmart") as an administrative claim in the amount of $271,234.49 of which $211,353.30 was objected to and $59,881.30 accepted; (c) Claim No. 12087 against Kmart as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $749,022.08; (d) Claim No. 12092 against Sears pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $115,915.02; Claim No. 102944 filed by Superb against Kmart as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $171, 923.71; and Claim No.13228 filed by Superb against Kmart as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $84,269.16 (a-e referred to together as, "Superb B (9) Claims." Yuan Decl., ¶1.

6.  These dates of actual receipt of Superb's goods will also impact the portion of Superb's Claim No. 12092 for $97,584.02, and the potion of Superb's Claim No. 12944 for $52,630.96, as well as Superb's Claim No. 10249 against Sears for $90,750.54 and Superb's Claim No. 10733 against Kmart for $271,234.49, which claims were denominated administrative priority claims under § 503(b)(1)(A) but may in fact be § 503(b)(9) claims (together, the "Superb B (1) Claims"). Limited discovery is needed to determine the exact dates of Sears' and Kmart's receipt of Superb's goods for the Court to decide whether any or all of the Superb B (9) Claims and/or the Superb B (1) are entitled to § 503(b)(9) treatment.

7.      Superb considers the date of receipt to be the date the goods were unloaded in the United States or, thereafter, when the goods were delivered to a Sears or Kmart distribution center, and not the date the goods were delivered to a common carrier in Shanghai, China. Yuan Dec., ¶4. The Objection does not contain the dates the Debtors contend they received Superb's goods. Declaration of David G. Tobias, Esq. filed and served with this response, ¶3. The Debtors should have possession and control of the documents which will show the exact dates Superb's goods were unloaded in the United States and received at the distribution centers by the Debtors. Because Superb does not have the actual delivery information which Debtors' do, limited discovery of this information from the Debtors should be permitted on these factual issues.

## ARGUMENT

8.      11 U.S.C. § 503(b)(9) provides that: "there shall be allowed administrative expenses … including … the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of the debtors business." [Emphasis added] 11 U.S.C. § 503(b)(9).

9.      Because the Bankruptcy Code does not define the term "received," courts have routinely looked to the Uniform Commercial Code (the "UCC") for interpreting "receipt." World Imports, supra, 862 F. 3d at 343-44, citing, In re Marin Motor Oil, Inc. 740 F.2d 220, 224-25 (3d Cir. 1984) (holding that "receipt" under 11 U.S.C. § 546(c) means the same as "received" in the U.C.C. and in § 503(b)(9). See also, In re Momenta, Inc., 455 B.R. 353, 359 (Bankr. D.N.H. 2011) where the Court found received in the UCC, § 546(c) and § 503(b)(9) have the same meaning.

10.     Although "received" is not defined in the Uniform Commercial Code ("UCC"), receipt" is defined and means "taking physical possession" of the relevant goods. UCC § 2-

4

103(1)(c). In addition, the common meaning of the word "received" also requires possession; as noted by the Third Circuit in World Imports, "[t]he Bankruptcy Code does not define the word 'received,' so 'we normally construe it in accord with its ordinary or natural meaning.'" World Imports, 862 F.3d at 342 (quoting Smith v. United States, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)).

11. The Third Circuit's decision in World Imports included an exhaustive analysis of received and receipt and concluded that "receipt as used in 11 U.S.C. § 503(b)(9) requires physical possession by the buyer or his agent". For the reasons articulated in World Imports, therefore, actual receipt should be the appropriate standard for determining whether Superb's claims are entitled to administrative expense treatment under Section 503(b)(9).

12. In re SRC Liquidation, 573 B.R. 537, 542 (Bankr. D. Del. 2017), the bankruptcy Court followed World Imports in disallowing an administrative expense claim, holding that "this Court finds physical possession by the buyer or its agent, as interpreted in U.C.C. § 2–705(2), not the passing of title, the appropriate indicator as to when the Debtor 'received' goods for purposes of section 503(b)(9)."

13. The goods forming the basis of Superb's B (9) and B (1) Claims were shipped to the Debtor "FOB Shanghai" via common carrier, cargo ships. As common carriers, these ships are not agents of the Debtors. Moreover, Superb understands the trucks taking its goods from the ports to the distribution centers were common carriers as well. Therefore, any argument that the Debtors had "constructive receipt" of Superb's goods when those goods were provided to common carriers in Shanghai, or even in the U.S., must fail. World Imports, 862 F.3d at 344.

14. As explained in World Imports, "while it is true that a buyer may be deemed to have received goods when his agent takes physical possession of them, common carriers are not

5

agents." Id. Therefore the Debtor's reliance on the lower court decisions in In re World Imports, Ltd., 511 B.R. 738, 741 (Bankr. E.D. Pa. 2014) and In re World Imports, Ltd., 549 B.R. 820, 822 (E.D. Pa. 2016) is misplaced since World Imports reversed those decisions and held that actual receipt was the appropriate standard under Section 503(b)(9), not constructive receipt. Thus, this Court should follow World Imports which interprets Section 503(b)(9) consistently with Section 546(c) of the Code, the relevant provisions of the UCC, and the common usage of the word "received."

## RESERVATION OF RIGHTS

15. Superb reserves its right to supplement or amend this Response and make any other objections to further relief sought by the Debtors, and any rights against the Debtors.

## CONCLUSION

16. World Imports is well reasoned, and persuasive. Therefore it is respectfully requested that this Court enter an order (i) denying the request in the Objection to reclassify Superb's B (9) Claims as general unsecured claim and (ii) on the record before the Court on this motion, if the Court is not disposed to grant the Objection as a matter of law, Superb should be permitted to engage in limited discovery to obtain the actual dates of receipt of its goods by the Debtors which information is solely within Debtors' custody and control so the Court on a full

factual record can adjudicate the Superb B (9) Claims and the Superb B (1) Claims, which Superb B (1) Claims may as a matter of fact be 503(b)(9) claims.

Dated: New York, New York
      November 26, 2019

                                            TOBIAS LAW FIRM, P.C.

                                            By:    s/ David G. Tobias
                                                      David G. Tobias

                                            Attorneys for Plaintiff
                                            Superb International Co. Ltd.
                                            600 Third Avenue
                                            New York, New York 10016
                                            (212) 661-5460