TOBIAS LAW FIRM, P.C.
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-5460
David G. Tobias, Esq.
(dtobias@tobiaslawpc.com)

**Hearing Date and Time:**
December 13, 2019 at 10:00 am
(EST)

Attorneys for Superb International Co., Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
In re:

SEARS HOLDING CORPORATION, *et al.*[1],

Debtor.

------------------------------------------------------------- X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

## SUPERB INTERNATIONAL CO., LTD'S MOTION TO RECONSIDER THE ORDER GRANTING DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM

**TO:    THE HONORABLE ROBERT D. DRAIN
         UNITED STATES BANKRUPTCY JUDGE**

Superb International Co., Ltd. ("Superb"), by and through its undersigned counsel, Tobias Law Firm, P.C. ("TLF"), hereby files this Motion to Reconsider the Order Granting Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims) (the "Order") [Dkt. No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

6076]. In support of its Motion, Superb states as follows:

### PRELIMINARY STATEMENT

1.  Superb is located in Shanghai, China and it supplied hats, gloves and other cold weather accessories to Sears Roebuck & Co. and Kmart Corporation. Howard Yuan, Superb's Vice-President, has been corresponding with David G. Tobias, Esq. of TLF on Superb's 503(b)(9) and 503(b)(1)(A) claims against the Debtors.

2.  Mr. Yuan knows basic conversational English but has had difficulty understanding Mr. Tobias' correspondence with him though Mr. Tobias has written him repeatedly about the Objection, as simply as he could. The Declaration of David G. Tobias, Esq. dated November 26, 2019, attached as Exhibit 1, ¶7, and the Declaration of Howard Yuan dated November 26, 2019 attached as Exhibit 2, ¶ 6.Until Saturday, November 16, 2019, Mr. Yuan did not understand the importance to Superb of contesting the Debtor's Tenth Omnibus Objection To Claims [DKT No. 5237] (the "Objection"), which Objection reclassified $1,393,125.87 of Superb's 503(b)(9) claims as general unsecured claims. On Tuesday, November 19, 2019 New York time, the second business day after realizing the import of the Objection, Mr. Yuan instructed Mr. Tobias that Superb wanted to contest the Objection. Yuan Decl., ¶ 6.

3.  Indicative of the difficulty Mr. Tobias has been having communicating with Mr. Yuan and the delay this difficulty has caused, on November 21, 2019, Mr. Tobias sent Mr. Yuan a draft of his declaration and a draft of Superb's Response In Opposition to the Objection. Tobias Decl., ¶ 7. Mr. Yuan did not understand what or where Mr. Tobias wanted him to sign the Declaration until he wrote Mr. Tobias on November 25, 2019 and Mr. Tobias responded that day, and only received the signed declaration on November 26, 2019.

4.  By this Motion, Superb respectfully requests that the Court reconsider the Order

as it pertains to Superb and permit Superb to present evidence on the merits. It is well established in the Second Circuit that Courts prefer to make decisions on the merits and not by default. This prefence for decision on the merits applies to the decision whether to reconsider a claim that has been reclassified by default. The standard set by the Second Circuit to determine whether or not to reconsider the entry of the Order is (i) whether the default was willful; (ii) whether Superb has a meritorious position, and (iii) the amount of prejudice to the Debtors if relief is granted. Superb's actions do not meet the Second Circuit's threshold for "willfulness;" Superb has a meritorious position on the Objection; and there is no prejudice to the Debtors. Thus, the Response to the Objection should be considered on its merits.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6.     Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory basis for the relief requested herein is sections 105(a) and 502(j) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3008-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## DISCUSSION

8.     On September 26, 2019, the Debtors filed Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims) (the "Objection") [Dkt. No. 5237]. On November 8, 2019, the Debtors filed the Certificate of No Objection Pursuant to 28 U.S.C. § 1746 Regarding Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims) [Dkt. No.

5824]. The Order was signed on November 21, 2019 and entered on the Court's Docket on November 22, 2019.

9. Bankruptcy Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Such a motion is governed by Section 502(j) of the Bankruptcy Code, which states "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

10. In the Objection, Debtors seek to reclassify Superb's Claim No. 12811 ($232,566.31), Claim No. 107333 ($211,353.30 reclassified), Claim No. 12087 ($749,022.08), Claim No. 12092 ($115,915.02), Claim No. 102944 ($171,923.71), and Claim No. 13228 ($84,269.16) (together, the "503(b)(9) Claims" ).

11. Superb's claims were reclassified because Superb failed to respond to the Objection. The law in the Second Circuit is clear that determining claims on default rather than the merits is disfavored. American Alliance Insurance Co. v. Eagle Insurance Co., 92 F.3d 57, 61 (2nd Cir. 1996); In re Colonial Realty Co., 202 B.R. 185, 187 (Bankr. D. Conn. 1996).

12. "Cause" in this context is not defined in the Bankruptcy Code and has been left to the Court's discretion. The standard for evaluating cause in this context is governed by American Alliance. See also, In re Coxeter, 2009 Bankr. LEXIS 4053, *10 (Bankr. N.D.N.Y. 2009) and In re FairPoint Communications, Inc., 462 B.R. 75, 80 (Bankr. S.D.N.Y. 2012). The Second Circuit in American Alliance found three criteria to consider in determining whether to vacate a default: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." American Alliance, 92 F. 3d at 92.

4

13.     In applying the American Alliance analysis to Superb, this Court should 'look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or litigant's error.'" FairPoint supra, 462 B.R. at 80. At bar, due to a language barrier, Superb did not appreciate the ramifications of the Objection, but once it did on November 16, 2019, only two (2) business day after, on November 19, 2019, it instructed its counsel to take action. Yuan Decl., ¶ 6. Due to the language barrier Counsel has confronted, Counsel was only able to file a Response to the Objection on November 26, 2019, but the Order had already been entered requiring this motion. Tobias Decl., ¶ 7.

14.     In FairPoint, the Court held that "even if notice was adequate and Claremont failed to rebut the presumption of receipt, there can be a finding of excusable neglect as the Court finds Claremont's actions were not willful. Specifically, Claremont responded quickly after discovering the First Estimation Order, filing its Motion for Reconsideration just eleven days later." FairPoint, supra, 462 B.R. at 81. See also, In re Colonial Realty where the Court granted a motion to reconsider where a creditor responded immediately to information that its claim had been disallowed, even though the claim had been disallowed two years earlier.

15.     The Court in FairPoint added, "[i]n addition, there is no evidence, nor any assertion that Claremont was attempting in any way to delay the claims process or that entry of the First Estimation Order without opposition 'was intended as part of some strategy or plan to advance its interests.'" FairPoint, supra, 462 B.R. at 81. The FairPoint Court then concluded that "[a]t worst, therefore, Claremont's conduct may have been the product of some carelessness, even gross negligence, but it does not rise to the level of willfulness, as it was not deliberate or carried out in bad faith." Id.

16.     Similar to Claremont who was the creditor in the FairPoint case, Superb reacted in

5

two (2) business days upon realizing the Objection had been filed and its import. Counsel began to immediately prepare a response to the Objection and was delayed in filing Superb's response to the Objection because of the language problems counsel has been experiencing. Superb did not act willfully to ignore the Objection. Failure to timely respond to the Objection may cost Superb $1,393,125.87. Clearly, Superb had nothing to gain in delaying its Response to the Objection.

17. Likewise, the second and third criteria provided in the American Alliance case are met as well. The standard as to whether a legal position is meritorious is not success but whether it has legally cognizable basis. American Alliance, F3d at 61; FairPoint, at 81- 82. As reflected in Superb's Response to the Objection attached as Exhibit 3, the term "received" under section 503(b)(9) of the Bankruptcy Code should be actual receipt versus constructive receipt by common carrier in Shanghai. There is an important legal issue for the Court to decide on the meaning of "Received" in the 503(b)(9) context.

14. Moreover, the arguments regarding the meaning of "received" have been made by numerous vendors in response to the Objection, and Superb's response mirrors that of numerous other vendors, especially foreign vendors, which have been filed. Superb does not raise any new argument which have to be addressed by Debtors' counsel, or facts at this point. The Court is to decide a pure legal issue from which limited discovery will follow if Superb is successful.

15. It should also be noted that there is no prejudice since the Debtors have yet to file their reply to the responses to the Objection and have adjourned the hearing on the Objection to December 13, 2019. Superb is inclusion in Debtors' Reply should be of scant effect to the Debtor.

## CONCLUSION

For the foregoing reasons, Superb respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit 4 that (i) Superb's Claims are reclassified as

administrative expense claims subject to the Objection, (ii) that it will entertain Superb's Response to the Objection, and (iii) grant such other and further relief to Superb as the Court deems just and proper.

Dated: November 27, 2019
      New York, NY

                    Respectfully submitted,

                    TOBIAS LAW FIRM, P.C.

                    By:    s/ David G. Tobias
                           David G. Tobias

Attorneys for Plaintiff
Superb International Co. Ltd.
600 Third Avenue
New York, New York 10016
(212) 661-5460