| | |
|---|---|
| TOBIAS LAW FIRM, P.C.<br>600 Third Avenue, 15th Floor<br>New York, New York 10016<br>(212) 661-5460<br>David G. Tobias, Esq.<br>(dtobias@tobiaslawpc.com) | **Hearing Date and Time:**<br>December 13, 2019 at 10:00 am<br>(EST) |

Attorneys for Superb International Co., Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X

In re:                                                                             Chapter 11

SEARS HOLDING CORPORATION, et al.,         Case No. 18-23538 (RDD)

        Debtor.                                                         (Jointly Administered)


--------------------------------------------------------------- X

**DECLARATION OF DAVID G. TOBIAS IN SUPPORT OF SUPERB INTERNATIONAL CO., LTD'S (I) RESPONSE TO THE DEBTORS' CERTIFICATE OF NO OBJECTIONS, (II) OPPOSITION TO THE DEBTORS' TENTH OMNIBUS CLAIM OBJECTION AND THE OBJECTION TO CLAIM NOS. 10281, 10733 (to the extent of $211,353.19), 12087, 10292, 12944 and 13228, FILED BY SUPERB INTERNATIONAL CO., LTD. AS ADMINISTRATIVE CLAIMS UNDER §503(b)(9) OF THE BANKRUPTCY CODE, AND <u>(III) REQUEST FOR LIMITED DISCOVERY</u>**

      DAVID G. TOBIAS, ESQ., declares under 28 U.S.C. §1746:

      1.      I submit this declaration in support of Superb's (i) response to the Debtors' Certificate of No Objections, (ii) opposition to the Debtors' tenth omnibus objection to proof of claims (to reclassify claims [Doc 537] (the "Objection"), the Debtors' objection to claim no. 1281 filed by Superb against Sears Roebuck and Co. ("Sears") as an administrative Claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $232,566.31, (b) Claim No. 10733 filed by Superb against Kmart Corporation ("Kmart") as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $271,234.49, of which claim $211,353.30 was objected to and $59,881.30 accepted; (c) Claim No. 12087 filed by Superb against Kmart as an

671832v.2

administrative claim in the amount of $749,022.08; (d) objection to Claim No. 12092 filed by Superb against Sears pursuant to § 503(b)(9) of the Bankruptcy Code as an administrative claim in the amount of $115,915.02; Claim No. 102944 filed by Superb against Kmart as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $171,923.71; (f) Claim No. 13228 filed by Superb against Kmart as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $84,269.16 (a-f referred to together as, "Superb B (9) Claims"); and (iii) request for limited discovery.

2. Superb is located in Shanghai, China and it supplied hats, gloves and other cold weather accessories to Sears and Kmart. Declaration of Howard Yuan filed and served herewith (the "Yuan Decl."), ¶2. These goods were manufactured in China and shipped by common carrier, FOB Shanghai, to the United States to either Long Beach/Los Angeles, California or New York, New York, and then, from what Superb knows, by common carrier truck to a Sears or Kmart distribution center in either Mira Loma, California or Chamersburg, Pennsylvania, and from those distribution centers to the stores. Id.

3. The sole basis for the Debtors' objection to Superb's B (9) Claims is their argument that the Debtors did not receive the goods within 20-days of the commencement of this case on October 15, 2018.

4. From Superb's experience with shipping goods to Sears and Kmart in the United States and Superb's cargo receipts, based on the ship dates and in-store dates provided by Debtors, it is Superb's good faith belief that the goods for which Superb seeks priority in the Superb B (9) Claims were received by Sears/Kmart from on or after September 25, 2018 to on or before October 15, 2018, within 20 days of the bankruptcy filing. Yuan Decl., ¶3.

5. It is Superb's understanding that Superb could have stopped its goods in transit at

671832v.2

any time until they were unloaded in the United States, and potentially until their delivery to a distribution center, and potentially beyond (if delivered by common carriers). Yuan Decl., ¶4.

6. Superb believes that Sears and Kmart have possession and control of documents which will show the dates Superb's goods were unloaded and received by Sears and Kmart in the United States and at the distribution centers and by whom delivered. These dates of actual receipt will also impact the portion of Superb's Claim No. 12092 for $97,584.02, and the potion of Superb's Claim No. 12944 for $52,630.96, as well as Superb's Claim No. 10249 against Sears for $90,750.54 and Superb's Claim No. 10733 against Kmart for $271,234.49, which claims were denominated administrative priority claims under § 503(b)(1)(A) (together, the "Superb B (1) Claims") but may in fact be § 503(b)(9) claims. Limited discovery is needed to determine the exact dates of Sears' and Kmart's receipt of Superb's goods for the Court to decide whether any or all of the Superb B (9) Claims and/or the Superb B (1) Claims are entitled to § 503(b)(9) treatment.

7. Howard Yuan, Superb's Vice-President has been corresponding with me on Superb's B (9) Claims and Superb's B (1) Claims. Mr. Yuan knows basic conversational English but has had difficulty understanding my correspondence with him though I have written him repeatedly about the Objection, as simply as I can. Mr. Yuan did not understand the importance to Superb of contesting the Objection which reclassified $1,480,980.31 of Superb's 503(b)(9) claims as general unsecured claims, until Saturday, November 16, 2019, and on Tuesday, November 19, 2019 New York time, Mr. Yuan instructed me that Superb wanted to contest the Objection and decided to raise the issue about the Superb B (1) Claims and seek limited discovery of the receipt information from Sears and Kmart. Indicative of the difficulty I have been having communicating with Mr. Yuan and the delay this difficulty has caused, on November 21, 2019, I

671832v.2

sent Mr. Yuan the Yuan Declaration and Superb's Response In Opposition to the Objection. Mr. Yuan did not understand what or where I wanted him to sign the Declaration until he wrote me and I responded on November 25, 2019 and only received the signed declaration on November 26, 2019.

Dated: November 26, 2019.
New York, New York

_____s/ David G. Tobias_____
David G. Tobias

671832v.2