TOBIAS LAW FIRM, P.C.
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-5460
David G. Tobias, Esq.
(dtobias@tobiaslawpc.com)

**Hearing Date and Time:**
December 13, 2019 at 10:00 am
(EST)

Attorneys for Superb International Co., Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re:

SEARS HOLDING CORPORATION, et al.[1],

Debtor.

------------------------------------------------------------------ X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

## ORDER RECLASSIFYING CLAIM AND ALLOWING RESPONSE TO DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM

Upon the motion (the "Motion") of Superb International Co., Ltd. ("Superb") pursuant to Section 502(j) of Title 11 of the United States Code, Rule 3008 of the Federal Rules of Bankruptcy Procedure and Rule 3008-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York for an order that (i) reclassifies Superb's Claim No. 12811 ($232,566.31), Claim No. 107333 ($211,353.30 reclassified), Claim No. 12087 ($749,022.08), Claim No. 12092 ($115,915.02), Claim No. 102944 ($171,923.71), and Claim No. 13228

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

($84,269.16) (together, the "503(b)(9) Claims"), as administrative expense claims, subject to the Debtors' Tenth Omnibus Objection to Proofs of Claim (the "Objection"), (ii) allows Superb to file its Response to the Objection; and the Court having found that Superb has provided due and proper Notice of the Motion; and after due deliberation; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 502(j) of the Title 11 of the United States Code, Rule 3008 of the Federal Rules of Bankruptcy Procedure and Rule 3008-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, The 503(b)(9) Claims of Superb International Co., Ltd. in the amount of $1,393,125.87 and reclassified as administrative expense claims subject to the Debtors' Tenth Omnibus Objection to Proofs of Claim.

3. Superb may file its Response to the Debtors' Tenth Omnibus Objection to Proofs of Claim.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the scope, interpretation or enforcement of this Order.

Dated: December ___, 2019

                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE