TOBIAS LAW FIRM, P.C.  
600 Third Avenue, 15th Floor  
New York, New York 10016  
(212) 661-5460  
David G. Tobias, Esq.  
(dtobias@tobiaslawpc.com)  

**Hearing Date and Time:**  
December 13, 2019 at 10:00 am (EST)

Attorneys for Superb International Co., Ltd.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------- X  

In re:                                                                                    Chapter 11  

SEARS HOLDING CORPORATION, *et al.*,                          Case No. 18-23538 (RDD)  

      Debtor.                                                                        (Jointly Administered)  

-------------------------------------------------------------- X  

**DECLARATION OF HOWARD YUAN IN SUPPORT OF SUPERB INTERNATIONAL CO., LTD'S (I) RESPONSE TO THE DEBTORS' CERTIFICATE OF NO OBJECTIONS, (II) OPPOSITION TO THE DEBTORS' TENTH OMNIBUS CLAIM OBJECTION AND THE OBJECTION TO CLAIM NOS. 10281, 10733 (to the extent of $211,353.19), 12087, 10292, 12944 and 13228, FILED BY SUPERB INTERNATIONAL CO., LTD. AS ADMINISTRATIVE CLAIMS UNDER §503(b)(9) OF THE BANKRUPTCY CODE, AND <u>(III) REQUEST FOR LIMITED DISCOVERY</u>**

      HOWARD YUAN, declares under 28 U.S.C. §1746:

      1.    I am the Vice-President of Superb International Co., Ltd. ("Superb"). I submit this declaration in support of Superb International Co., Ltd.'s (i) response to the Debtors 'Certificate of No Objections, (ii) opposition to (a) the Debtors' objection to claim no. 1281 filed by Superb against Sears Roebuck and Co. ("Sears") as an administrative claim pursuant to § 503(b)(9) of the Bankruptcy Code in the amount of $232,566.31, (b) claim no. 10733 filed by Superb against Kmart Corporation ("Kmart") as an administrative claim in the amount of $271,234.49 of which $211,353.30 was objected to and $59,881.30 accepted; (c)

Claim No. 12087 filed by Superb against Kmart as an administrative claim in the amount of $749,022.08; (d) objection to Claim No. 12092 filed by Superb against Sears pursuant to § 503(b)(9) of the Bankruptcy Code as an administrative claim in the amount of $115,915.02; Claim No. 102944 filed by Superb against Kmart pursuant to § 503(b)(9) of the Bankruptcy Code as an administrative claim in the amount of $171, 923.71; (f) Claim No. 13228 filed by Superb against Kmart pursuant to § 503(b)(9) of the Bankruptcy Code as an administrative claim in the amount of $84,269.16 (a-e referred to together as, "Superb B (9) Claims"); and (iii) request for limited discovery.

2.      Superb is located in Shanghai, China and it supplied hats, gloves and other cold weather accessories to Sears and Kmart. These goods were manufactured in China and shipped by common carrier, FOB Shanghai, to the United States to either Long Beach/Los Angeles, California or New York, New York, and then, from what I know, by common carrier truck to a Sears or Kmart distribution center in either Mira Loma, California or Chamersburg, Pennsylvania, and from those distribution centers to the stores.

3.      From my experience with shipping goods to Sears and Kmart in the United States and Superb's cargo receipts, based on the ship dates and in-store dates provided by Debtors, it is my good faith belief that the goods for which Superb seeks priority in the Superb B (9) Claims were received by Sears/Kmart from on or after September 25, 2018 to on or before October 15, 2018, within 20 days of the bankruptcy filing.

4.      It is my understanding that Superb could have stopped its goods in transit at any time until they were unloaded in the United States, and potentially until their delivery to a distribution center.

5.      I understand that Sears and Kmart have possession and control of documents

which will show the dates Superb's goods were unloaded and received by Sears and Kmart in the United States and at the distribution centers. These dates of <u>actual receipt</u> will also impact the portion of Superb's Claim No. 12092 for $97,584.02, and the potion of Superb's Claim No. 12944 for $52,630.96, as well as Superb's Claim No. 10249 against Sears for $90,750.54 and Superb's Claim No. 10733 against Kmart for $271,234.49, which claims were denominated administrative priority claims under § 503(b)(1)(A) but may in fact be § 503(b)(9) claims (together, the "Superb B (1) Claims"). Limited discovery is needed to determine the exact dates of Sears' and Kmart's <u>receipt</u> of Superb's goods for the Court to decide whether any or all of the Superb B (9) Claims and/or the Superb B (1) Claims are entitled to § 503(b)(9) treatment.

      6. I have been corresponding with our New York lawyer, David G. Tobias of Tobias Law Firm, P.C., on Superb's Claims. I know basic conversational English but did not understand the importance to Superb of contesting Debtor's Tenth Omnibus Objection to Claims (the "Omnibus Objection"), until Saturday, November 16, 2019, and on Tuesday, November 19, 2019 New York time, I instructed Mr. Tobias that Superb wants to contest the Omnibus Objection and raised the issue about the Superb B (1) Claims and seek limited receipt information from Sears and Kmart. Indicative of the delay caused by the language barrier, Mr. Tobias sent me this declaration and the Response on November 21, 2019 and I did not understand what he wanted me to do with this Declaration until I wrote him on November 25, 2019 after which I signed and returned it to him.

      7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed November 26, 2019.

Shanghai, China

_/s/ Howard Yuan_