UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re**<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER (I) AUTHORIZING DESIGNATION, AND
ASSUMPTION AND ASSIGNMENT OF LEASE; AND
(II) GRANTING RELATED RELIEF**

This stipulation and order (the "Stipulation and Order") is made as of November 25, 2019, by and among (a) Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), (b) Transform Holdco LLC (the "Buyer"), (c) Buyer's designee, Target Corporation ("Target" or "Buyer's Assignee"), and (d) WRI/Raleigh, L.P. (the "Landlord" and, together with the Debtors, the Buyer and Target, the "Parties"), through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**Recitals**

A.  Landlord and Kmart Corporation, a Michigan corporation ("Tenant") are parties to that certain lease dated as of July 31, 1987 (as amended and/or modified, the "Designated Lease") of nonresidential real property at 8701 Six Forks Road, Raleigh, North Carolina (Store # 3667) (the "Demised Premises").

B.  On October 15, 2018, and continuing thereafter, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

C.  The Debtors filed the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[1] seeking, among other things, the entry of an order, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-1, and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith. The Court entered the order approving the Sale Motion on November 19, 2018 (Docket No. 816), including the schedule, as revised by the *Global Bidding Procedures Process Letter* (Docket No. 862) (together, the "Bidding Procedures Order") filed on November 21, 2018, which approved competitive bidding procedures for the Acquired Assets and granted certain related relief. The Buyer submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below), and the Court conducted a hearing on the Sale

---

[1]  Capitalized terms used but not defined herein have the meaning given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meaning given to them in the Sale Order (as defined below).

Motion, which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion.

D.  On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (Docket No. 2507) (the "Sale Order"), which approved the sale of substantially all of the Debtors' assets to the Buyer.

E.  On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (Docket No. 3008) (the "Assumption and Assignment Order") pursuant to which the Debtors were authorized to assume and assign certain executory contracts and unexpired leases to the Buyer or its assignee(s) in accordance with the Asset Purchase Agreement, dated as of January 17, 2019, by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the "Sellers") (as may be amended, restated, amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement").

F.  On April 14, 2019, the Buyer filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298) (the "Designated Lease Notice"), designating the Designated Lease for assumption and assignment to the Buyer or its affiliate pursuant to the terms of the Assumption and Assignment Order, subject to the Court's approval and the

3

counterparties' right to object as set forth in the Designated Lease Notice and the Assumption and Assignment Order.

G. The Landlord filed several objections related to assumption and assignment of certain leases, including the Designated Lease (collectively, the "Landlord Objections").[2]

H. On May 6, 2019, the Debtors filed *Debtors' Response and Reservation of Rights With Respect to Objections to Cure Amounts and/or Assumption and Assignment of Designatable Leases* (Docket No. 3651).

I. On May 7, 2019, the Buyer filed *Transform Holdco LLC's Omnibus Reply in Support of Assumption and Assignment of Designated Leases* (Docket No. No. 3654).

---

[2] *See* (i) *Objection of Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., LBA Realty LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., Sun Valley, Ltd., TLM Realty Corp., and Weingarten Realty Investors to Debtors' Motion for Approval of Global Bidding Procedures* (Docket No. 617), dated Nov. 9, 2018; (ii) *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, Graziadio Investment Company, the Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., and Weingarten Realty Investors to Debtors' Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 2063), dated Jan. 28, 2019; (iii) *Alan Robbins, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, the Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LBA Realty, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., Sun Valley, Ltd., TLM Realty Corp. and Weingarten Realty Investors' Objection to Global Asset Sale Transaction, Sale Order, and Asset Purchase Agreement* (Docket No. 2069), dated Jan. 28, 2019; (iv) *Supplemental Objection of Weingarten Realty Investors to Global Asset Sale Transaction, Proposed Sale Order, and Asset Purchase Agreement* (Docket No. 2093), dated Jan. 28, 2019; (v) *Declaration of Lee Brody Supporting Supplemental Objection of Weingarten Realty Investors to Global Asset Sale Transaction, Proposed Sale Order, and Asset Purchase Agreement* (Docket No. 2218), dated Jan. 31, 2019; (vi) *Cure Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties REIT, Inc., Gray Enterprises, LP, Graziadio Investment Company, Gregory Greenfield & Associates, Ltd., LBA Realty LLC, LF2 Rock Creek LP, Nassimi Realty LLC, Regency Centers L.P., Site Centers Corp., Spigel Properties, the Woodmont Company, and Weingarten Realty Investors Relating to Global Sale Transaction* (Docket No. 3553), dated May 3, 2019; and (vii) *Objection of Alan Robbins, Benderson Development Company LLC, Brookfield Properties REIT, Inc., Gray Enterprises, LP, Graziadio Investment Company, Gregory Greenfield & Associates, Ltd., LF2 Rock Creek LP, LBA Realty, LLC, Nassimi Realty LLC, Realty Income Corp., Regency Centers Corp., Site Centers Corp., Spigel Properties, the Woodmont Company, and Weingarten Realty Investors to Notices of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3558), dated May 3, 2019.

4

J. On May 13, 2019, the Buyer filed the first of numerous stipulated orders extending the Debtors' time under section 365(d)(4) of the Bankruptcy Code for the assumption or rejection of the Designated Lease (Docket No. 3815).

K. The Landlord, the Buyer, and the Debtors agreed to additional stipulated orders under section 365(d)(4) of the Bankruptcy Code, which orders were entered on May 13, 2019 (Docket No. 3815), June 22, 2019 (Docket No. 4336), August 1, 2019 (Docket No. 4688), September 5, 2019 (Docket No. 5072), and October 30, 2019 (Docket No. 5533). The current deadline for the Debtors to assume or reject the Designated Lease under section 365(d)(4) of the Bankruptcy Code is November 30, 2019.

L. On August 19, 2019, the Buyer filed *Transform Holdco LLC's Reply to Graziadio Investment Company and Weingarten Realty Investors' Objections to (I) Cure Objection Relating to the Debtors' Notices of Assumption and Assignment of Additional Designatable Leases in Connection With Global Sale Transaction and (II) Notices of Assumption and Assignment of Additional Designatable Leases* (Docket No. 4882).

M. On August 22, 2019, the Court held a status conference on the proposed assumption and assignment of the Designated Lease to Transform Operating Stores LLC, as Buyer's initial designee, pursuant to the Designated Lease Notice and the Landlord's Objections thereto.

N. Since that time, the Buyer, Landlord, and Target have been negotiating in good faith, at arm's length and without collusion, a potential alternative transaction with respect to the Designated Lease. The Landlord, Buyer, and Target, as Buyer's designee, have agreed to enter into an agreement (the "Agreement") conditioned upon the Debtors' assumption and assignment of the Designated Lease pursuant to the Assumption and Assignment Order.

5

O.   Target, headquartered in Minneapolis, Minnesota, is one of the nation's largest retailers, with over 1,800 stores located throughout the United States. Landlord has no objection to the proposed assignment of the Designated Lease to Target, subject to the terms and conditions of this Stipulation and Order.

Q.   The Designated Lease constitutes property of the Debtors' estates. The Buyer's ability to designate, and to cause the Debtors to assume and assign, the Designated Lease is (i) integral to the Asset Purchase Agreement; (ii) approved by the Assumption and Assignment Order; (iii) in the best interests of the Debtors and their estates; and (iv) represents the valid and reasonable exercise of the Debtors' sound business judgment. The assumption and assignment of the Designated Lease must be approved by the Court and consummated promptly, particularly in light of the current November 30, 2019 deadline to assume or reject the Designated Lease, in order to preserve the value of the Designated Lease. The Debtors and the Buyer have demonstrated a good, sufficient, and sound business purpose and justification for the immediate approval of the assumption and assignment of the Designated Lease as contemplated by the Asset Purchase Agreement and the Assumption and Assignment Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON THIS COURT'S APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.   The Designated Lease is an unexpired nonresidential real property lease, and is property of the Debtors' estates. Pursuant to the Assumption and Assignment Order and the Designated Lease Notice, this Court previously authorized the Debtors under section 365(a) of the Bankruptcy Code to assume and assign the Designated Lease to the Buyer or its designee, subject to the Landlord's objection rights.

2. The Designated Lease constitutes an Acquired Asset under the Asset Purchase Agreement and the Sale Order. Accordingly, all findings of fact and conclusions of law in the Sale Order and the Assumption and Assignment Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements, shall apply to the Designated Lease with full force and effect, and as the Buyer or Assignee of such Designated Lease, Buyer and Buyer's Assignee, are entitled to all of the protections set forth in the Sale Order and Assumption and Assignment Order with respect to Acquired Assets, including, without limitation, sections 363(f), (m) and (n) of the Bankruptcy Code.

3. The designation of the Designated Lease by the Buyer in accordance with the Agreement, the Debtors' assumption of the Designated Lease and assignment to Target, and the assumption by Target of the Tenant's obligations under the Designated Lease are hereby authorized and approved under section 365(a) of the Bankruptcy Code, effective as of the entry of this Stipulation and Order (the "**Effective Date**"). Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees, and agents, are authorized to take any and all actions as may be: (i) reasonably necessary or desirable to implement the assumption and assignment of the Designated Lease pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement and the Sale Order, as each pertains to the Designated Lease, and this Stipulation and Order; or (ii) reasonably requested by the Buyer or Target for the purpose of assigning, transferring, granting, conveying and conferring the Designated Lease and possession thereof to the Buyer's Assignee. The transfer of the Designated Lease to the Buyer's Assignee in accordance with the terms of the Asset Purchase Agreement, the Sale Order, the Assumption and Assignment Order, and this Stipulation and Order shall (i) be valid, legal, binding, and effective; (ii) vest the Buyer's Assignee with all right, title, and interest

of the Debtors in the Designated Lease; and (iii) be free and clear of all Claims (as defined in the Sale Order) against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code, which Claims have been unconditionally released, discharged and terminated as to the Designated Lease, except as otherwise provided in paragraphs 13 and 23 below.  The Designated Lease is hereby assigned to Buyer's Assignee, notwithstanding the continued use and occupancy of the Leased Premises by the Buyer under the terms of the Agreement.

4.     Target, as the Buyer's Assignee, shall benefit from the good faith purchaser protections afforded to the Buyer under section 363(m) of the Bankruptcy Code in the Sale Order with respect to the Lease.

5.     Cure costs under the Designated Lease (the "Cure Amounts") shall be deemed satisfied through the payment pursuant to the Agreement, and except as otherwise provided in paragraphs 13 and 23 below, the Landlord shall be forever barred from asserting any additional Cure Amounts or other claims with respect to the Designated Lease that arose, accrued or came due, on or before the Effective Date.

6.     Upon payment of the Cure Amounts or other amounts due under the Agreement, neither the Debtors nor the Buyer, nor any affiliate or subsidiary thereof, shall have any claim against the Landlord for refund of any portion of such amounts, including on account of any year-end or periodic reconciliations or any prepayment or refunds with regard to any items of additional rent under the Designated Lease (the "Potential Refund Amounts") that might have occurred had the Designated Lease not been assumed and assigned or terminated, as applicable; however, for the avoidance of doubt, the Debtors retain the right as against Transform to any Potential Refund

Amounts attributable to the period prior to the Closing Date pursuant to Section 9.11 of the Asset Purchase Agreement.

7. This Stipulation and Order is and shall be binding upon, and govern the acts of, all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that Target is the assignee and owner of such Designated Lease free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded Claims against the Designated Lease recorded prior to the Effective Date. A certified copy of this Stipulation and Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Designated Lease recorded prior to the Effective Date. All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transfer, conveyance and assignment of the Designated Lease and the Demised Premises to Buyer's Assignee; *provided,* however, that nothing in this paragraph 7 or paragraph 9 below shall authorize any Recording Officers to take any action with respect to Restrictive Covenants (as defined in the Assumption and Assignment Order).

8. No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's Assignee's title to or use and enjoyment of the Designated Lease or the premises governed

by such Designated Lease based on or related to any such Claim or based on any actions the Debtors have taken or may take in these chapter 11 cases.

9. If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Claims against the Debtors or the Designated Lease shall not have delivered to the Debtors as of the time of the Effective Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims the Person has with respect such Designated Lease, then (i) the Debtors are hereby authorized and directed to, and the Buyer or Buyer's Assignee is hereby authorized to, execute and file such statements, instruments, releases, and other documents on behalf of the person with respect to such Designated Lease; (ii) the Buyer or Buyer's Assignee is hereby authorized to file, register, or otherwise record a certified copy of the Stipulation and Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against such Designated Lease; and (iii) the Buyer or Buyer's Assignee may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to such Designated Lease; *provided* that, notwithstanding anything to the contrary in this Stipulation and Order, in the Sale Order, or the Asset Purchase Agreement, as each pertains to the Designated Lease, the provisions of this Stipulation and Order shall be self-executing, and neither the Sellers, nor Buyer, nor Buyer's Assignee shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Stipulation and Order. This Stipulation and Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county, or local government agency, department, or office.

10. Subject to the terms of this Stipulation and Order, this Stipulation and Order shall be considered, and constitute for any and all purposes, a full and complete general assignment, a conveyance and transfer by the Debtors of the Designated Lease or a bill of sale or assignment transferring good and marketable, indefeasible title, and interest in all of the Debtors' right, title and interest in and to such Designated Lease to the Buyer or the Buyer's Assignee.

11. Any and all personal property of the Debtors remaining at the Demised Premises as of the date of the Effective Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code on the Effective Date and as contemplated herein without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances. With respect to any assets abandoned at the Demised Premises, subject to the terms of the Agreement, the Landlord and/or the Buyer's Assignee shall be free, notwithstanding the automatic stay under section 362(a) of the Bankruptcy Code, to dispose of such property without liability to any party (including any third parties) and without further notice or order of this Court; and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims, including the Debtors' rights to contend that the Buyer is liable for such claims.

12. With respect to the Designated Lease, Buyer's Assignee has provided adequate assurance of future performance in accordance with sections 365(b) and 365(f) of the Bankruptcy Code to the Landlord's satisfaction.

13. Upon the Effective Date and payment of the Cure Amounts, the Buyer's Assignee shall be fully and irrevocably vested with all rights, title, and interest of the Debtors under the Designated Lease and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Designated Lease occurring after

11

such assumption and assignment; except with respect to any indemnity claims as set forth in paragraph 23 below.  As among the Debtors, the Buyer and the Buyer's Assignee, the Buyer shall be solely responsible for any liability arising and owed pursuant to the terms of the Designated Lease after the Closing Date and prior to the Surrender Date (as defined and set forth in the Agreement).  The Buyer and the Buyer's Assignee acknowledge and agree that from and after the Effective Date, the Buyer or the Buyer's Assignee, as applicable, shall comply with the terms of the Designated Lease in its entirety, including any indemnification obligations expressly contained in such Designated Lease (including with respect to events that occurred prior to the Effective Date, for which cure costs were not known, liquidated or due and owing as such date, subject to the terms of the Agreement).  The assumption by the Debtors and assignment to the Buyer's Assignee of the Designated Lease shall not be a default under such Designated Lease.  Subject to payment of the Cure Amounts and, with respect to the Buyer and Target, subject to the terms of the Agreement, the Landlord is forever barred, estopped, and permanently enjoined from asserting against the Debtors, the Buyer, their affiliates, successors, Buyer's Assignee or the property of any of them, any default existing as of the Effective Date or that any additional Cure Amounts are owed as a condition to assumption and assignment.

14.     The assumption of any liabilities under the Designated Lease shall constitute a legal, valid and effective delegation of all liabilities thereunder to Buyer's Assignee and, following payment of all amounts required to be paid pursuant to this Stipulation and Order, and except as expressly set forth in this Stipulation and Order, shall divest the Debtors of all liability with respect to such Designated Lease as set forth in paragraph 15 of the Assumption and Assignment Order.

15.     Notwithstanding anything to the contrary herein, upon the Effective Date, except as otherwise expressly agreed by the Buyer's Assignee and the Landlord, notwithstanding any

12

provision in any Designated Lease that purports to prohibit, restrict, or condition such action: (i) Buyer's Assignee shall be authorized to use the applicable Lease Premises as a Target™ retail store, including for the sale of merchandise such as electronics, pharmacy products (by CVS™), and food items for on-site or off-site consumption (including restaurant operations such as a Starbucks™ café); (ii) Buyer's Assignee shall be authorized to operate such Demised Premises under the trade name of Buyer's Assignee or any other trade name which the Buyer's Assignee owns or is authorized to use; (iii) Buyer's Assignee shall be authorized, subject to the provisions of the Designated Lease, or other agreements between the Landlord, the Buyer and Buyer's Assignee, to make such alterations and modifications to the Demised Premises (including signage, together with appropriate changes to existing tenant signage, including panels on all pylons, monuments, directional, and other ground and off-premises signs where Buyer is currently represented) deemed necessary by the Buyer's Assignee to take occupancy, remodel, restock, refixture, change signage and/or until completion of the work described in this clause (iii) or such later date as may be reasonably required for the restoration of such Demised Premises following any applicable Casualty/Condemnation Event; (iv) Buyer's Assignee shall be authorized to exercise, utilize, or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under the Designated Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Designated Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name), and (v) to the extent otherwise provided in the Asset Purchase Agreement, as between the Debtors and the Buyer only, neither the Buyer nor the Buyer's Assignee shall have any responsibility or liability for any Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

16. Subject to the terms of this Stipulation and Order, the Designated Lease shall be transferred to, and remain in full force and effect for the benefit of, the Buyer or the Buyer's Assignee in accordance with its terms, including all obligations of the Buyer or the Buyer's Assignee, as the assignee of the Designated Lease, notwithstanding any provision in such Designated Lease (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. Upon assumption and assignment of the Designated Lease pursuant hereto and subject to the terms of the Agreement, the Buyer's Assignee shall enjoy all of the rights and benefits under the Designated Lease as of the Effective Date. There shall be no, and the Landlord is forever barred and permanently enjoined from raising or asserting against the Debtors, the Buyer, or the Buyer's Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases, or any other fees charged to the Buyer, the Buyer's Assignee, or the Debtors, as a result of the assumption or assignment of the Designated Lease pursuant to this Stipulation and Order. The failure of the Debtors, the Buyer, or Buyer's Assignee, to enforce at any time one or more terms or conditions of any Designated Lease shall not be a waiver of such terms or conditions, or of the rights of the Debtors, the Buyer, or Buyer's Assignee, to enforce every term and condition of the Designated Lease.

17. Buyer's Assignee shall not be deemed to be (i) a legal successor, or otherwise be deemed a successor to the Debtors; or (ii) a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

18. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062, or any applicable provisions of the Local Rules, this Stipulation and Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon its entry. Further, the

fourteen (14)-day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply. Time is of the essence in assuming and assigning the Designated Lease. Any party objecting to this Stipulation and Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot. This Stipulation and Order constitutes a final order upon which the Debtors, the Landlord, the Buyer and the Buyer's Assignee are entitled to rely.

19. In the event that there is a direct conflict between the terms of this Stipulation and Order, the Assumption and Assignment Order, the Sale Order or the Asset Purchase Agreement as each pertains to the Designated Lease, or any documents executed in connection therewith, the provisions contained in this Stipulation and Order shall govern. Nothing contained in any chapter 11 plan confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with, or derogate from the provisions of the Asset Purchase Agreement or the Sale Order as each pertains to the Designated Lease, the Assumption and Assignment Order, or the terms of this Stipulation and Order.

20. Buyer's Assignee shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to the Designated Lease to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Designated Lease has already been deposited by Debtors.

21. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Stipulation and Order.

22. The relationship of the Landlord, the Buyer, and the Buyer's Assignee with respect to the Designated Lease shall be governed and determined by the terms and conditions of the Agreement, which shall supersede and control any inconsistent terms or provisions of this Stipulation and Order or any other prior Order relating to the assumption and/or assignment of the Designated Lease; *provided, however*, that nothing in the Agreement may alter the provisions of this Stipulated Order relating to the Debtors' obligations with respect to the Designated Lease.

23. Nothing in this Stipulation and Order shall waive, withdraw, limit or impair any claims that Landlord may have against the Debtors, the Buyer or the Buyers' Assignee with respect to claims for indemnification for third parties' claims arising from or related to the use and occupancy of the Designated Premises prior to the entry of this Stipulation and Order, solely to the extent of available occurrence-based insurance coverage that extends coverage to the Landlord; *provided*, for the avoidance of doubt, that the Landlord may pursue such claims only against the insurer(s) that extends such coverage to Landlord and solely to the extent of such coverage.

24. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties and their successors and assigns.

25. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

26. In the event that this Stipulation and Order is not approved by this Court or is not executed by all of the Parties: (i) nothing herein shall be used against any of the Parties hereto for any reason; and (ii) the obligations of the Parties under this Stipulation and Order shall be null and

void; and (iii) with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

27. To the extent necessary, the Landlord has consented to a further extension to December 9, 2019 of the Debtors' time to assume or reject the Designated Lease under section 365(d)(4) of the Bankruptcy Code on the same terms and conditions as set forth in that certain *Stipulation and Order By and Among Sellers, Buyer, and WRI/Raleigh, L.P. Extending Time Under 11 U.S.C. § 365(d)(4) for Assumption or Rejection of Certain Leases of Nonresidential Real Property* (Docket No. 5533).

28. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation and Order.

*[Remainder of page intentionally left blank]*

Dated: November 25, 2019

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **DLA PIPER LLP (US)** |
| By: _/s/ Jacqueline Marcus_ | By: _/s/ Rachel Ehrlich Albanese_ |
| Jacqueline Marcus<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | Richard A. Chesley<br>Rachel Ehrlich Albanese<br>R. Craig Martin<br>1251 Avenue of the America, 27th Floor<br>New York, NY 10020<br>Telephone: (212) 335-4500 |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel for the Buyer* |
| **ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP** | **FAEGRE BAKER DANIELS LLP** |
| By: _/s/ Ivan M. Gold_ | By: _/s/ Christopher Harayda_ |
| Ivan M. Gold<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111-4074<br>Telephone: (415) 837-1515 | Christopher Harayda<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>Telephone: (612) 766 8033 |
| *Counsel for the Landlord* | *Counsel for Target* |

**IT IS SO ORDERED.**

Dated: December 3, 2019
      White Plains, NY

                                      /s/Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE