**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for A&A (HK) Industrial, Esjay
International Private Limited, Mien Co. Ltd.,
Shanghai Fochier International Trade Co.,
Vogue Tex (Pvt) Ltd., Giza Spinning and
Weaving Co.,and Fuzhou Fuchan Pneumatic Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDING CORPORATION,** *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SUPPLEMENTAL RESPONSE OF MIEN CO. LTD., A&A (HK)
INDUSTRIAL LIMITED, ESJAY INTERNATIONAL PRIVATE LIMITED,
SHANGHAI FOCHIER INTERNATIONAL TRADE CO., VOGUE TEX (PVT) LTD.,
GIZA SPINNING AND WEAVING CO., AND FUZHOU FUCHAN PNEUMATIC CO.,
LTD. TO DEBTORS' TENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

      Mien Co. Ltd., A&A (HK) Industrial Limited, Esjay International Private

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Limited, Shanghai Fochier, Vogue Tex (Pvt) Ltd., Giza Spinning and Weaving Co., and Fuzhou Fuchan Pneumatic Co., Ltd. (the "Responding Parties"), by and through their undersigned counsel, The Sarachek Law Firm, hereby respond (the "Response") in opposition to the adjournment of the *Debtors' Tenth Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims)* [Dkt. No. 5237] (the "Objection"). In support of their Response, the Responding Parties state as follows:

1. The initial return date for the Objection was November 20, 2019 which was two days after Opt-In/Opt-Out ballots were due under the terms of the Administrative Claims Consent Program. Prior to November 18th, the Debtors extended the due date for the ballots to be submitted by a week.[2] Subsequently, the Debtors adjourned the November 20th hearing to December 13, 2019. The Debtors now seek to extend the return date until January 28, 2020.

2. In addition to the extension of the return date on the objection, the Debtors have not complied with the December 1st distribution date which was set forth in this Court's Confirmation Order [Dkt. 5370, p. 27, fn 6] with respect to an initial distribution to parties who have Opted-In to the Administrative Claims Consent Program. Numerous attempts to reach the Debtors' counsel have been unsuccessful and there is no available information in the docket.

3. The Responding Parties object to the multiple extensions of the return date. By continuing to extend the return date, the Debtors are prejudicing the rights of trade vendors. These trade vendors seek certainty with respect to their claims. Specifically, these vendors are seeking a ruling from this Court on the *World Imports* issue in order to move the

---

[2] No notice of the extension was provided by the Debtors. The Responding Parties only became aware that they might have an extension because one of our attorneys was looking through the ECF notices and saw that Affidavit of Service of Anna Jadonath Regarding Notice of Extended Opt-In/Opt-Out Deadline for Certain Holders of Administrative Expense Claims was filed by Prime Clerk [Dkt. 5950].

claims process forward. By providing creditors with a ruling, the Court will enable creditors to make a more informed decision with respect to their claims.

4. The Debtors are using the extensions to avoid filing a reply in this matter. The Objection is not a "housekeeping" matter but relates to a significant legal issue which impacts the Responding Parties' claims. While the Responding Parties and similarly situated creditors complied with the Debtors schedule, the Debtors have not replied to the responses despite the fact that they were filed before October 23, 2018. They have given themselves a unilateral extension of over one month without requesting an extension from this Court.

5. While the creditors acknowledge this Court's order dated March 28, 2019 setting the *Claims Hearing Procedures* [Dkt. 3014], and the Debtors' right to seek extensions, there is a point when extensions are arbitrary, punitive and prejudicial to the vendors whose claims are dependent on this Court's ruling regarding the Objection. Creditors in this case are entitled to timely responses to their requests for information and should be able to rely on orders of this Court.

For the aforementioned reasons, the Responding Parties request that the Court prevent further delay and issue a decision on the World Imports matter.

Date: December 7, 2019
New York, NY

Respectfully submitted,

THE SARACHEK LAW FIRM

/s/ Joseph E. Sarachek
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@saracheklawfirm.com