**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, *et al.*,         :    Case No. 18-23538 (RDD)
                                              :
              Debtors.[1]                     :    (Jointly Administered)
                                              :
------------------------------------------------------------x

### ORDER DIRECTING THE APPOINTMENT OF AN
### EXPERT PURSUANT TO FEDERAL RULE OF EVIDENCE 706

**WHEREAS**, on January 17, 2019, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and Transform Holdco LLC ("Transform," and together with the Debtors, the "Parties") entered into the Asset Purchase Agreement (the "APA"), which was approved by the Bankruptcy Court on February 8, 2019 [Docket No. 2507].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**WHEREAS**, on May 25, 2019, Debtors filed the *Supplemental Motion to Enforce the Asset Purchase Agreement* [Docket No. 4029] (the "Supplemental Motion");

**WHEREAS**, on May 26, 2019, Transform filed the *Adversary Complaint* [Docket No. 4033] (the "Adversary Complaint");

**WHEREAS**, the Supplemental Motion and the Adversary Complaint each address various disputes between the Parties related to the APA including, without limitation, disputes concerning the (i) Specified Receivables Shortfall Amount (as defined in the APA), (ii) Prepaid Inventory Shortfall Amount (as defined in the APA), and (iii) the reconciliation of amounts of cash held in the Debtors' legacy cash management system and that may be allocated, as applicable, to the Debtors or Transform (the "Cash Reconciliation Amounts");

**WHEREAS**, the Court ruled at the July 11 Hearing that if the Parties were unable to reach agreement as to the Specified Receivables Shortfall Amount, the Prepaid Inventory Shortfall Amount or the Cash Reconciliation Amounts, the Court would appoint an independent third-party to assist in the calculation of such amounts;

**WHEREAS**, the Parties have not come to an agreement as to the Specified Receivables Shortfall Amount, the Prepaid Inventory Shortfall Amount or the Cash Reconciliation Amounts; and

**WHEREAS**, the Court has reviewed the affidavit of Michael Wyse, dated December 4, 2019 and has concluded that Mr. Wyse is qualified to serve as the Expert (defined below) and is disinterested under section 101(4) of the Bankruptcy Code; and good and sufficient cause appearing for the reasons stated at the July 11 Hearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED that pursuant to Section 105(a) of the Bankruptcy Code and Rule 706 of the Federal Rules of Evidence:**

1.  This order hereby appoints Michael Wyse as a qualified, disinterested third party to assist in the matters described in Paragraphs 2 to 4, below (the "Expert") pursuant to Rule 706 of the Federal Rules of Evidence.

2.  The Expert will perform the duties of an expert pursuant to Rule 706 of the Federal Rules of Evidence as limited by or otherwise defined in this Order (the "Investigation"). The Expert is directed to address the following disputes in the order set forth:

    a.  First, the Expert is directed to calculate the net Cash Reconciliation Amounts, if any, owed by one Party to the Other Party.

    b.  Second, the Expert shall (i) determine the actual amount of Specified Receivables delivered by Debtors to Transform at the Closing, in accordance with the Court's rulings and (ii) calculate the Specified Receivables Shortfall Amount based on such determination.

    c.  To the extent that the Parties are unable to reach agreement with respect to the Prepaid Inventory Shortfall Amount by no later than thirty (30) days after the date of the appointment of the Expert, the Expert is directed to (i) determine the actual value of Prepaid Inventory delivered by Debtors to Transform at the Closing, in accordance with the Court's rulings, and (ii) calculate the Prepaid Inventory Shortfall Amount based on such information.

3.  The Expert may request from the Parties and review any and all information in the control of the Parties that is reasonably necessary to make such determination.

4.  The Expert may retain counsel and a financial advisor absent further order of the Court, subject to an approved budget to be approved by the Debtors and Transform to assist in the Investigation; provided that the aggregate fees paid to any counsel retained by the Expert in

WEIL:\97293326\2\73217.0004

connection with the Investigation shall not exceed $75,000, which amount may be modified with the consent of both the Debtors, in consultation with the Creditors' Committee, and Transform.

5. The Expert, and to the extent retained, its legal or financial advisor, shall be compensated and reimbursed for its expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are established in this case. Compensation and reimbursement of the Expert shall be determined pursuant to section 330 of title 11 of the United States Code. All costs related to the Investigation of the Expert shall be paid up front and divided equally between the Debtors and Transform. Notwithstanding anything to the contrary herein, the aggregate fees payable jointly by the Debtors and Transform to the Expert in connection with the Investigation shall not exceed $250,000, which amount may be modified with the consent of both the Debtors, in consultation with the Creditors' Committee, and Transform.

6. The Expert shall prepare and file with the Court a final report setting forth the Expert's conclusions (i) with respect to the Cash Reconciliation Amounts no later than forty-five (45) days after being appointed by the Court; (ii) with respect to the Specified Receivables and calculating the Specified Receivables Shortfall Amount no later than seventy-five (75) days after being appointed by the Court; and (iii) with respect to the actual value of Prepaid Inventory delivered by Debtors to Transform at the Closing and calculating the Prepaid Inventory Shortfall Amount, no later than thirty (30) days after commencing work on such matters; provided that all such times may be extended by order of the Court upon the request of either of the Parties or the Expert.

7. The Parties are hereby directed to cooperate fully with the Expert in conjunction with any requests by the Expert for documents and information within each of their possession that the Expert deems relevant to perform the Investigation. If the Expert seeks the disclosure of

documents or information as to which any of the Parties asserts a claim of privilege, or otherwise object to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Expert and the Parties are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Expert, the matter may be brought before the Court for resolution.

8. The Expert shall have the standing of a "party-in-interest" and shall be entitled to appear and be heard at any and all hearings in this case with respect to the matters that are within the scope of the Investigation, provided that the Expert may not be called to testify except by this Court; provided further that the Expert shall not have the standing or ability to prosecute any claim or cause of action absent further order of this Court.

9. Until the Expert has filed the final report, neither the Expert nor the Expert's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Expert's duties.

10. Within ten (10) business days after entry of the order approving the appointment of the Expert is entered on the docket in this case, the Expert shall propose a work plan and shall provide his or her estimated costs for the Investigation consistent with this Order which shall be subject to the approval of the Court on ten days' notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002.

11. This Order is without prejudice to the right of any party-in-interest to seek relief from the Court modifying the scope of the Investigation or the Expert's right to seek other relief as he or she may otherwise deem appropriate in furtherance of the discharge of his or her duties and the Investigation.

WEIL:\97293326\2\73217.0004

12.  The Expert shall perform the foregoing analysis consistent with the Court's prior rulings regarding the respective disputes.

13.  Promptly after the Expert's completion of his analyses hereunder, the parties to the foregoing disputes shall inform the Court whether any further hearing is required on any or all of such disputes, and if such hearing is warranted the Court will schedule a hearing.

14.  The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 9, 2019
       White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97293326\2\73217.0004