WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                   :

In re                               :         Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,   :         Case No. 18-23538 (RDD)
                                                   :
                    Debtors.[1]                    :         (Jointly Administered)
                                                   :
----------------------------------------------------------x

**AFFIDAVIT OF MICHAEL WYSE**
**IN SUPPORT OF APPOINTMENT OF AN**
<u>**EXPERT PURSUANT TO FEDERAL RULE OF EVIDENCE 706**</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Michael Wyse, being duly sworn, states the following under penalty of perjury:

1. I am a managing director of Wyse Advisors, LLC ("**Wyse Advisors**"), a New Jersey limited liability corporation, licensed to do business in the State of New York, which maintains an office at 85 Broad Street 29th Fl., New York, New York 10004. I submit this affidavit in support of the appointment of Wyse Advisors, pursuant to Rule 706(a) of the Federal Rules of Evidence, as the Court's valuation expert ("**Expert**") in the above-captioned chapter 11 cases, to assist the Court "in determining, *inter alia,* the Debtors' enterprise values for the purposes of confirmation of the Plan and the reasonableness of the parties' assumptions on the supply/ demand and future prices of natural gas with respect thereto." Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called to testify as a witness, would testify competently thereto.[2]

## QUALIFICATIONS

2. I have been practicing in the restructuring arena both out of court and in chapter 11 cases in districts throughout the United States since 2000. After graduating with a BBA / MBA from St. Bonaventure University in 1999, I worked primarily in the audit practice group at PricewaterhouseCoopers LLC ("**PWC**") for approximately two years. From 2001 to 2012, I was employed by Zolfo Cooper LLC ("**ZC**"), where my work focused primarily on debtor side representations. During my time as a Director of ZC, I played an integral role in the 2011 restructuring of Flying J, Inc (Case No. 08-13384). In 2012, I left ZC and took on the role of Vice President at Great American Group LLC, a provider of asset disposition solutions and valuation

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other managing directors at Wyse Advisors and are based on information they provided to me

2

and appraisal services to a wide range of clients.  While at Great American Group, I developed a comprehensive platform that successfully integrated complementary services (appraisals, financing, purchase and sale of assets and real estate transactions) to increase cross-selling opportunities.  In 2014, I joined Donlin Recano & Company as an Executive Director for approximately one year, where I helped develop their research platform and structure for prospecting.  Finally, in 2015 I started Wyse Advisors, a boutique financial advisory firm with a primary focus on stressed, distressed and special situations. In connection with my practice with Wyse Advisors, I have extensive experience in financially distressed and complex situations. Wyse Advisors has provided advisory, C-Suite and Independent Director services to numerous public and private situations, across all industries, ranging in size from $10MM to $20BB in revenues.

3.     Wyse Advisors has an outstanding professional reputation throughout the restructuring industry. Wyse Advisors has a wealth of experience in providing financial and consulting services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors, creditors, trustees, and examiners throughout the United States. Wyse Advisors recently has provided interim management and bankruptcy advice to such debtors as Original Soupman, Ensequence, One Aviation, Inverness Village, Senior Care Centers, amongst numerous other non-public companies, and regularly provides creditor recovery services for numerous post-confirmation trusts established to administer confirmed bankruptcy estates.

## INTERNAL CONFLICTS REVIEW

4.     Except as may be set forth below, upon information and belief, in-sofar as

3

I have been able to ascertain after due inquiry, (a) Wyse Advisors does not represent or hold an interest adverse to the Debtors or the Debtors' estates, creditors or any other known party in interest herein or their respective attorneys in the matters upon which it is to be employed, (b) Wyse Advisors is not related professionally to the Debtors, their creditors or any other known party in interest herein, the United States Trustee or anyone employed in the United States Trustee's office, and (c) Wyse Advisors does not have any connection with the Debtors' creditors, any United States District Judge or United States Bankruptcy Judge for the Southern District of New York, the United States Trustee or any person employed in the office of the United States Trustee for Region 2, or any other party in interest, or their respective attorneys and accountants.

5.      Wyse Advisors has conducted an extensive conflicts check, through a search of its client database and direct communications with employees of Wyse Advisors, regarding its connections, if any, with the Debtors and other parties in interest (collectively, the "**Potential Parties in Interest**"). A search of Wyse Advisors's client database is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary of affiliate. A list of the categories of Potential Parties in Interest that were the subject matter of Wyse Advisors's conflicts search is attached hereto as **Exhibit A**. This search was as complete as possible under the circumstances, but Wyse Advisors recognizes that additional parties in interest may surface during the course of the Cases. As parties become known or make appearances in the Cases, Wyse Advisors will supplement its disclosures as necessary or appropriate.

6.      Set forth on **Exhibit B** attached hereto and incorporated herein by reference are the connections with Potential Parties in Interest revealed by the investigations described above. The conflicts check and general inquiry revealed that none of the Potential

4

Parties in Interest or their subsidiaries or affiliates are currently or were previously clients of Wyse Advisors except potentially in matters wholly unrelated to these Cases. All relationships discovered through the conflicts search as of the date of this affidavit are set forth in **Exhibit B** hereto. Also, as noted in **Exhibit B**, I have personal relation- ships and/or relationships through Fordham Law School with Judge Lifland, Judge Gerber, Judge Morris and Judge Gonzales of this Court, and members of the United States Trustee's office.

7. To the best of my knowledge, neither Wyse Advisors nor any employee of Wyse Advisors is or was a creditor or equity security holder of the Debtors.

8. To the best of my knowledge as of the date of this verified statement, Wyse Advisors does not represent the entities listed on **Exhibit B** in any matters adverse to the interests of the Debtors or their estates. Wyse Advisors's representation of the clients identified in **Exhibit B**, if any, consists of representations in matters not related in any way to the Debtors or their cases. No single client of Wyse Advisors, if any, referenced in **Exhibit B** accounted for more than 5% of Wyse Advisors's gross revenues for the year ending December 31, 2018.

9. To the best of my knowledge, neither Wyse Advisors nor any employee at Wyse Advisors is or was an investment banker for any outstanding security of the Debtors.

10. To the best of my knowledge, neither Wyse Advisors nor any employee at Wyse Advisors is or was, within three years before the filing of the Debtors' cases on October 15, 2019 (the "**Commencement Date**"), an investment banker for any security of the Debtors, or an attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

11. To the best of my knowledge, neither Wyse Advisors nor any employee at

5

Wyse Advisors is or was, within two years before the Commencement Date, a director, officer or employee of the Debtors.

12. To the best of my knowledge, Wyse Advisors does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or an investment banker specified in the foregoing paragraphs, for any other reason.

13. Efforts have been made to identify all of Wyse Advisors's connections with Potential Parties in Interest at this time. However, Wyse Advisors will maintain an ongoing inquiry regarding the Potential Parties in Interest and, if appropriate, will file promptly with the Court any appropriate supplemental disclosure that becomes necessary.

## COMPENSATION

14. Wyse Advisors will charge its standard hourly rates for this type of representation. The current hourly rates for Wyse Advisors employees typically applicable in situations as this are within the following ranges:

(a) Managing Director/Principals/Senior Consultants: $500 - $700

(b) Associates/Consultants: 200-$475

Independent Contractors working for Wyse Advisors may also be involved performing industry research on this project.

15. Wyse Advisors intends to apply to the Court for allowance and payment of compensation and reimbursement of actual and necessary expenses as administrative expenses pursuant to section 503(b)(2) of the Bankruptcy Code, with the same priority as Debtors' counsel and other estate professionals. Wyse Advisors shall comply with the applicable provisions of the

6

Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of New York, guidelines established by the United States Trustee for the Southern District of New York, and orders of this Court for all services performed and expenses incurred as Expert herein.

16. Further, it is Wyse Advisors's policy to charge its clients, in all areas of practice, for reasonable and necessary disbursements and expenses incurred in connection with the client's case. These disbursements and expenses include, among other things, photocopying at cost by third party providers, travel, working meals, computerized research, messengers, couriers, postage, witness fees and other fees related to the investigation and production of the report. Wyse Advisors charges its clients for travel at coach rates and does not charge fees for time incurred to travel unless and to the extent, the time charged is time spent on actual work done in connection with the engagement. Wyse Advisors will charge for these expenses in a manner and at rates consistent with charges made to Wyse Advisors's other clients.

WEIL:\97261351\3\73217.0004

17. Wyse Advisors has not received any compensation from any party with respect to its employment in these cases. No promises have been received by Wyse Advisors or by any employee thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. Wyse Advisors has no agreement with any other entity to share with such entity any compensation received by Wyse Advisors in connection with these chapter 11 cases

Dated: December 9, 2019
      New York, New York

                                            */s/ Michael Wyse*
                                            Michael Wyse
                                            Managing Director, Wyse Advisors, LLC

## Exhibit A

**Potential Parties in Interest**

Debtors and Affiliates
Debtors' Trade Names and Aliases (last 8 years)
Banks
Current and Former Officers and Directors (last 2 years) and Known Affiliations
Customer Programs
Debtors' Greater-than-5% Equity Ownership
Employee Benefits
Governmental
Indentures
Insurers and Insurance Brokers
Landlords and Related Parties
Lienholders
Notice of Appearance Parties
Other Parties in Interest and Known Professionals
Parties to Litigation
Potential Bidders
Professionals Retained by the Debtors
Secured Lenders
Secured Notes
Significant Competitors
Supplemental Workforce Agencies
Top 40 Unsecured Creditors
Unions
United States Trustee, Judges, and Court Contacts for the Southern District of New York (and Key Staff Members)
Unsecured Creditors' Committee Members and Known Professionals
Unsecured Notes
Utilities
Vendors

**Exhibit B**

**Known Connections to Potential Interested Parties**

Category 1:  Have worked with previously but in no connection to the Debtors or these cases:
- Bank of Oklahoma
- M&T Bank
- Ally Bank
- AON
- JLT
- Chubb
- Lloyds
- XL
- Zurich
- SunTrust Bank

Category 2:  Have worked with previously and maintain relationships with numerous of the professionals, including ordinary course professionals, but in no connection with the Debtors or these cases.