KATTEN MUCHIN ROSENMAN LLP
Steven J. Reisman, Esq.
Theresa A. Foudy, Esq.
Karen B. Dine, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Counsel for Sears Holdings Corporation, and
its debtor affiliates, as debtors and debtors in possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**FIRST SUPPLEMENTAL DECLARATION OF STEVEN J. REISMAN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS SPECIAL AVOIDANCE ACTION COUNSEL FOR DEBTORS EFFECTIVE *NUNC PRO TUNC* TO APRIL 1, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to Section 1726 of Title 28 of the United States Code, I, Steven J. Reisman, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am a partner of the law firm of Katten Muchin Rosenman LLP, located at 575 Madison Avenue, New York, New York 10022 ("Katten"). I am the lead attorney from Katten engaged by the Debtors in the above-captioned Chapter 11 cases to pursue preference actions. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2. On June 6, 2019, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") filed the *Application of Debtors for Entry of Order Authorizing the Employment and Retention of Katten Muchin Rosenman LLP as Special Avoidance Action Counsel for Debtors, Effective Nunc Pro Tunc to April 1, 2019* [Docket No. 4138] (the "Application") pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York. On July 2, 2019, the Court issued the *Amended Order Authorizing the Employment and Retention of Katten Muchin Rosenman LLP as Special Avoidance Counsel for Debtors Nunc Pro Tunc to April 1, 2019* [Docket No. 4413].

3. This supplemental declaration (the "Supplemental Declaration") is being submitted to supplement my initial declaration in support of the Application, which was attached to the

2

Application as Exhibit B (the "Initial Declaration").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Katten's Disinterestedness

4.     In connection with its proposed retention by the Debtors in these Chapter 11 cases, Katten undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Katten obtained from the Debtors and/or their representatives the names of individuals and entities that may be potential preference targets (the "Targets") and other creditors and parties in interest in these chapter 11 cases (the "Potential Parties in Interest"). As further set forth in the Initial Declaration, Katten searched on its electronic database for its connections to the initial sets of Targets agreed upon by Katten, Acumen, ASK, and the Debtors. To the extent that any Target is a client or an affiliate of a client of Katten's, ASK has assumed responsibility for pursuing a preference action against such Target.

5.     Additionally, the Initial Declaration stated that Katten would review its files periodically during these Chapter 11 cases and use reasonable efforts to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Katten stated that it would use reasonable efforts to identify such further developments and promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

6.     Based on the conflicts searches conducted to date and described herein and in the Initial Declaration, to the best of my knowledge, neither I, Katten, nor any partner or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their

---

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Initial Declaration.

creditors, any other parties in interest, their respective attorneys and accountants, those Targets that Katten has pursued or may pursue preference actions against (the "Katten Targets"), the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed by the U.S. Trustee, or any Bankruptcy Judge currently serving on the Court, except as disclosed or otherwise described herein and in the Initial Declaration.

### Specific Disclosures

7.  Bryant Churbuck, an associate in Katten's Insolvency and Restructuring Group, previously served as a law clerk for the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York. Mr. Churbuck's employment at Katten commenced in October 2019. Mr. Churbuck did not perform any work in connection with the Debtors' Chapter 11 cases during his clerkship with Judge Lane. Mr. Churbuck's work for Judge Lane was entirely unrelated to the preference actions in the Debtors' Chapter 11 cases.

8.  Katten is representing separate clients (the "Clients") in connection with subpoenas issued by the Official Committee of Unsecured Creditors of the Debtors that seek information related to shares and rights received or transferred in connection with the Lands' End "spin-off" and Seritage Growth Properties. Inc. transaction described in paragraph 1.166 of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* [Docket No. 5293]. These matters are entirely unrelated to the preference actions in the Debtors' Chapter 11 cases.

9.  Those Katten partners, associates, and other personnel that have performed work in connection with Katten's representation of the Debtors ("Katten Sears Team") will not perform work in connection with Katten's representation of the Clients. Likewise, Katten partners, associates, and other personnel that have performed work in connection with Katten's

4

representation of the Clients ("Katten Client Teams", and collectively with the Katten Sears Team, the "Katten Screened Attorneys") will not perform work in connection with Katten's representation of the Debtors. The Katten Sears Team and the Katten Client Teams will be subject to Katten's formal ethical screen (described below), which provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the Screened Katten Attorneys and protecting confidential information.

10. Under Katten's screening procedures, the following occurs when a wall is established: (1) notice will go out to the Katten Sears Team and the Katten Client Teams informing that they cannot work on, access, bill time, or discuss with anyone the matters from which they are walled; (2) notice goes out to all Katten personnel informing that the Katten Sears Team and the Katten Client Teams are walled from the specific matters and that personnel must not assign any work to, share any records with or discuss any aspect, either verbally or via electronic means, with the Katten Sears Team or the Katten Client Teams; (3) restricted stickers will be used to flag physical files (i.e. wallets) belonging to each matter, further notifying all personnel of the wall in place; (4) the Katten Sears Team and the Katten Client Teams will be unable to access physical files in the records management system; (5) the Katten Sears Team and the Katten Client Teams will be unable to enter time on the matters from which they are walled; (6) the Katten Sears Team and the Katten Client Teams will be unable to access electronic documents in the document management libraries from which they are walled; (7) the Katten Sears Team and the Katten Client Teams will be unable to view details in the billing system on matters from which they are walled; and (8) the Katten Sears Team and Katten Client Teams will be unable to access litigation support data on the network file shares.

11.     Additionally, as set forth in the Initial Declaration, Katten's Distressed Debt and Trading Practice advises clients regarding investing in distressed debt. As described in the Initial Declaration, attorneys from Katten's Distressed Debt and Trading Practice have in the past represented and may in the future represent clients in matters related to claims against the Debtors. An attorney in Katten's Distressed Debt and Trading practice that had previously advised a client of Katten's with respect to certain trades relating to claims against the Debtors will now be performing work in connection with Katten's representation of the Debtors in the preference actions. This attorney will not perform any work in connection with any current or future representation by Katten's Distressed Debt and Trading practice relating to claims against the Debtors, and the attorney will be subject to Katten's formal ethical screen as it relates to such matters, which provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the screened attorneys and protecting confidential information.

### Affirmative Statement of Disinterestedness

12.     Based on the conflicts searches conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Katten is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates in connection with matters on which Katten has been engaged and (b) Katten has no connection to the Debtors, the Katten Targets, any class of creditors or equity security holders, or any other parties in interest, except as disclosed herein or in the Initial Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 9, 2019  Respectfully submitted,
      New York, New York

_____
STEVEN J. REISMAN
Partner, Katten Muchin Rosenman LLP