**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors. [1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**SUMMARY SHEET TO THE THIRD INTERIM FEE APPLICATION OF ALVAREZ &
MARSAL NORTH AMERICA, LLC FOR COMPENSATION EARNED AND
EXPENSES INCURRED FOR THE PERIOD FROM JULY 1, 2019 THROUGH AND
INCLUDING SEPTEMBER 30, 2019**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| *General Information* | |
|---|---|
| Name of Applicant: | Alvarez & Marsal North America, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | November 13, 2018 *nunc pro tunc* to October 15, 2018 |
| Prior Applications: | First Interim Fee Application Docket #3205<br>Second Interim Fee Application Docket #4828 |
| Period for which compensation and reimbursement is sought: | July 1, 2019 through September 30, 2019 (the "Fee Period") |

| *Summary of Fees and Expenses Sought for the Fee Period* | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Fee Period: | $6,877.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $12.70 |
| Total Fees and Expense Reimbursement Requested for the Fee Period: | $6,890.20 |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
|---|---|
| Total Allowed Fees Paid to Date: | $4,062.757.00 |
| Total Allowed Expenses Paid to Date: | $25,821.71 |
| Total Allowed Fees and Expenses Paid to Date: | $4,088,578.71 |

| *Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements* | |
|---|---|

| | |
|---|---|
| Fees Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed (80% of fees): | $5,502.00 |
| Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed (100% of expenses): | $12.70 |
| Total Fees and Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $5,514.70 |
| Total Fees and Expenses Sought for this Fee Period Not Yet Paid: | $1,375.50 |

### Summary of Rates and Other Related Information for this Fee Period

| | |
|---|---|
| Blended Rate in this Application for All Time Keepers | $563.73 |
| Number of Timekeepers Included in this Application: | 3 |
| Number of Timekeepers Billing Fewer than 15 Hours to the Case During the Fee Period | 3 |
| Increase in Rates Since Date of Retention: | In accordance with A&M's billing policy, billing rates for six individuals on this fee application were subject to change in calendar year 2019. |

This is an: ____ monthly __X__ interim ____final application.

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed (Docket No.) | Period Covered | Total Compensation & Expenses Incurred For Period Covered | | Total Amount Previously Requested with Monthly Fee Statements | | Total Amount Paid to Date | | Holdback Fees Requested (20%) |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees | Expenses | Fees |
| Oct. 1, 2019 (Docket No. 5275) | July 1-September 30, 2019 | $6,877.50 | $12.70 | $5,502.00 | $12.70 | $5,502.00 | $12.70 | $1,375.50 |
| **Total** | | **$6,877.50** | **$12.70** | **$5,502.00** | **$12.70** | **$5,502.00** | **$12.70** | **$1,375.50** |

## SUMMARY OF TOTAL FEES BY PROFESSIONAL FOR ALVAREZ & MARSAL NORTH AMERICA, LLC

### July 1, 2019 through September 30, 2019

| Professional Name | Position | Hours | Rate | Fees ($) |
|---|---|---|---|---|
| Dennis Stogsdill | Managing Director | 1.5 | 1,025 | $1,537.50 |
| Karen Engstrom | Managing Director | 1.5 | 800 | 1,200.00 |
| Jordan Kravette | Analyst | 9.2 | 450 | 4,140.00 |
| **Total** | | **12.2** | | **6,877.50** |

## SUMMARY OF TOTAL FEES BY TASK CATEGORY FOR ALVAREZ & MARSAL NORTH AMERICA, LLC

### July 1, 2019 through September 30, 2019

| Matter | Description | Total Hours | Total Fees ($) |
|---|---|---|---|
| Fee Applications | Prepare monthly and interim fee statements in accordance with the Fee Guidelines. | 9.9 | 4,972.50 |
| Investigation | Independent investigation on behalf of the Restructuring Sub-Committee regarding the financial condition of the Debtors at the time of various asset transfer/sales and financings. | 2.3 | 1,905.00 |
| **Total** | | **12.2** | **6,877.50** |

**SUMMARY OF EXPENSES BY TASK CATEGORY FOR ALVAREZ & MARSAL
NORTH AMERICA, LLC**

**July 1, 2019 through September 30, 2019**

| Expense Category | Amount ($) |
|---|---|
| Airfare | - |
| Hotel | - |
| Ground Transportation | 8.96 |
| Meals | **-** |
| Phone / Internet | 3.74 |
| Miscellaneous | - |
| **Total** | **$12.70** |

Annexed hereto are the following Exhibits in support A&M's Third Interim Fee Statement:

- Exhibit A – Certification of Dennis Stogsdill

- Exhibit B – Summary of Time Detail by Task

- Exhibit C – Summary of Time Detail by Professional

- Exhibit D – Summary of Time Detail by Task by Professional

- Exhibit E – Time Detail by Activity by Professional

- Exhibit F – Summary of Expense Detail by Category

- Exhibit G – Expense Detail by Category

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:                                                :          **Chapter 11**
                                                      :
**SEARS HOLDINGS CORPORATION**, *et al.*,             :          **Case No. 18-23538 (RDD)**
                                                      :
        **Debtors.** [2]                              :          **(Jointly Administered)**
                                                      :
-------------------------------------------------------------------x

## THIRD APPLICATION OF ALVAREZ AND MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JULY 1, 2019 THROUGH SEPTEMBER 30, 2019

TO THE HONORABLE ROBERT DRAIN
UNITED STATES BANKRUPTCY JUDGE

Alvarez & Marsal North America, LLC ("A&M" or the "Firm"), for its third application,

pursuant to section 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), Rule

2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

interim allowance of compensation for professional services performed by A&M as financial advisors for Sears Holdings Corporation, and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), for the period commencing July 1, 2019 through and including September 30, 2019 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

### Preliminary Statement

1.      A&M is proud to serve as financial advisors in these chapter 11 cases before the United States Bankruptcy Court of the Southern District of New York (the "Court"). During the Compensation Period, A&M provided invaluable advisory services to the restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee ("the Restructuring Committee") of the Company's board of directors (the "Board of Directors"). Further, A&M assisted the Restructuring Sub-Committee and the Debtors' counsel acting at the direction of the Restructuring Sub-Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), in its investigation of prepetition related party transactions and the evaluation of any viable causes of action with respect to such transactions.

2.      A&M's efforts to advise and assist the Debtors in all facets of these cases during the Compensation Period were necessary and of substantial benefit to the administration of the chapter 11 estates. The professional services performed and expenses incurred were actual and necessary to preserve and protect the value of the Debtors' estates for the benefit of all parties in interest. In light of the nature of these cases, A&M's charges for professional services performed and expenses incurred are reasonable under the applicable standards. A&M respectfully requests that the Court grant this application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

3.    On November 16, 2018, this Court entered the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order"). The Interim Compensation Order provides that when seeking compensation for services rendered, professionals must submit monthly fee statements to certain notice parties.  Each person receiving a statement has fifteen (15) days after its receipt to review and object to such monthly fee statements.  If no objection is made, the Debtors are authorized to pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "Holdback") and 100% of the charges and disbursements requested.  A&M has submitted monthly fee statements for each of the months covered by the Fee Period. The aggregate Holdback amount for the Fee Period is $1,375.50 (the "Third Interim Period Holdback").  A&M is currently seeking allowance and payment of the Third Interim Period Holdback.

4.    This application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

## Jurisdiction

5.    This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

6.       On October 15, 2018 (the "Petition Date"), and continuing thereafter, the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

7.       Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* [Docket No. 3] (the "Riecker Declaration")[3].

### The Debtors' Retention of A&M

8.       By order, dated November 13, 2018 (the "Retention Order") [Docket No. 694], the Court approved the Debtors' application to employ A&M (the "Retention Application") [Docket No. 423] as the Debtors' financial advisors *nunc pro tunc* to the Petition Date, to render services acting solely at the direction of the Restructuring Sub-Committee in these chapter 11 cases. The Retention Order authorizes the Debtors to compensate and reimburse A&M in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Guidelines. The Retention Order also authorizes the Debtors to compensate A&M at its customary hourly rates for services rendered and to reimburse A&M for its actual and necessary expenses incurred, subject to application to this court.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

9.       A&M seeks allowance of interim compensation for professional services

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Riecker Declaration.

performed during the Compensation Period in the amount of $6,877.50 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $12.70. During the Compensation Period, A&M professionals expended a total of 12.2 hours in connection with the necessary services performed.

10.     There is no agreement or understanding between A&M and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.  During the Compensation Period, A&M received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this application (other than the Debtors in accordance with the Interim Compensation Order). Since the Petition Date, A&M has been paid $4,068,259.00 in fees and $28,834.41 in expenses pursuant to monthly fee statements.

11.     The fees charged by A&M in this case are billed in accordance with A&M's existing billing rates and procedures rendered by its professionals in these chapter 11 cases generally are the same rates A&M charges for professional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national restructuring market.

12.     A&M regularly reviews its invoices to ensure that the Debtors are only billed for actual and necessary services

13.     Attached hereto as **Exhibit A** is a certification regarding compliance with the Fee Guidelines.

14.     Attached hereto as **Exhibit B** is a summary of services performed by A&M during the Compensation Period broken down by task category, the aggregate number of hours for reach

category and the compensation incurred for each category.

15.    Attached hereto as **Exhibit C** is a summary schedule of A&M professionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by A&M, the hourly rate charged by A&M for services performed by such individuals, and the aggregate number of hours expended in this matter and fees billed thereof. Also attached as **Exhibit D** is a summary schedule of time incurred by staff by task during the Compensation Period.

16.    Attached hereto as **Exhibit E** is A&M's detailed daily time records itemized by task category for the Compensation Period using project categories hereinafter described. A&M maintains computerized records of the time spent by A&M professionals in connection with the prosecution of these chapter 11 cases. Copies of these computerized records (subject to redaction) have been filed on the docket with A&M's monthly fee statements, furnished to the Debtors, the Court, counsel for the Creditors' Committee and the U.S. Trustee in the format specified by the Fee Guidelines

17.    Attached hereto as **Exhibit F** is a summary schedule of expenses incurred by A&M for the Compensation Period by expense category. Also attached hereto as **Exhibit G** is the itemized expense items which A&M is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with A&M's monthly fee statements, provided to the Debtors, the Court, counsel for the Creditors' Committee, and the U.S. Trustee.

18.    A&M reserves the right to request additional compensation for the Compensation Period to the extent that time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period.

## Summary of Services by A&M During the Compensation Period

19.     As described above, during the Compensation Period, A&M rendered a substantial amount of professional services to the Debtors in order to efficiently and economically assist with the administration of the Debtors' chapter 11 cases.

20.     The following is a summary of the significant professional services rendered by A&M during the Compensation Period, organized in accordance with A&M's internal system of project or task codes.

### A. Fee Applications

Fees: $4,972.50; Total Hours: 9.9

This category includes time spent preparing monthly and interim fee statements in accordance with the Fee Guidelines.

### B. Investigation

Fees: $1,905.00; Total Hours: 2.3

This category includes time spent on tasks related to the independent investigation of prepetition related party transactions on behalf of the Restructuring Sub-Committee.

21. The foregoing professional services performed by A&M were necessary and appropriate to further the administration of the Debtors' chapter 11 cases. The professional services performed by A&M were in the best interests of the Debtors and other parties of interest. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. The professional services were performed expeditiously and efficiently.

22.     The professional services performed by managing directors and analysts were rendered by the Restructuring and Disputes & Investigations departments of A&M.

23.     The professional services performed by A&M on behalf of the Debtors during the

Compensation Period required an aggregate expenditure of 12.2 hours by A&M professionals. Of the aggregate time expended, 3.0 hours were expended by managing directors and 9.2 hours were expended by analysts.

24.    During the Compensation Period, A&M billed the Debtors for time expended by professionals based on hourly rates ranging from $450.00 to $1,025.00 per hour. Allowance for compensation in the amount requested would result in a blended hourly rate of $563.73 (based on 12.2 recorded hours for professionals at A&M's agreed billing rates in effect at the time of the performance of services).

## Actual and Necessary Disbursement by A&M

25.    A&M has incurred a total of $12.70 in expenses in providing professional services on behalf of the Debtors during the Compensation Period. These expenses are reasonable and necessary and were essential to communicating with Debtors other advisors.

## The Requested Compensation Should be Allowed

26.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . .
> the court shall consider the nature, extent, and the value of such services,
> taking into account all relevant factors, including—

(a)    the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id* § 330(a)(3).

27.     In the instant case, A&M submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this application were necessary for and beneficial to the preservation and maximization of value of all stakeholders. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

28.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently.

29.     In sum, the services rendered by A&M were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Notice**

30.     Notice of this Motion shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com) (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

## Conclusion

31.     A&M respectfully requests that the Court (i) award interim allowance of A&M's compensation for professional services rendered during the Compensation Period in the amount of $6,890.20 consisting of $6,877.50 in fees incurred and $12.70 in actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to A&M's

right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this application, (ii) direct payment by the Debtors for the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order, and (iii) grant such other and relief as is just.

*[Remainder of page intentionally left blank]*

Dated: December 11, 2019
      New York, New York

_____

Dennis Stogsdill
Managing Director
Alvarez & Marsal North America, LLC

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:                                        :         **Chapter 11**
                                              :
**SEARS HOLDINGS CORPORATION,** *et al.*,     :         **Case No. 18-23538 (RDD)**
                                              :
          **Debtors.** [1]                    :         **(Jointly Administered)**
                                              :

---------------------------------------------------------------x

**CERTIFICATION OF DENNIS STOGSDILL IN SUPPORT OF THIRD APPLICATION
OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS
FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED FROM
JULY 1, 2019 THROUGH AND INCLUDING SEPTEMBER 30, 2019**

I, Dennis Stogsdill, hereby certify that:

      1.      I am a Managing Director with the applicant firm, Alvarez & Marsal North

America, ("A&M"), with responsibility for the chapter 11 cases of Sears Holdings Corporation

and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), and compliance

with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses*

*of Professionals* [Docket No. 796] (the "Interim Compensation Order"), the *Amended Guidelines*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*

*Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee*

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330* (the "UST Guidelines," and, together with the Local Guidelines, the "Fee

Guidelines").

1.      Pursuant to section B(1) of the Local Guidelines, I certify that:

   a.   I have read the Application;

   b.   to the best of my knowledge, information, and belief formed after reasonable inquiry, the fee and disbursements sought fall within the Local Guidelines;

   c.   the fee and disbursements sought are billed at rates in accordance with those customarily charged by A&M and generally accepted by A&M clients; and

   d.   in providing a reimbursable service, A&M does not make a profit on that service, whether the service is performed by A&M in-house or through a third party.

2.      Pursuant to section B(2) of the Local Guidelines, I certify that A&M has previously

provided monthly statements of A&M's fees and disbursements by filing and serving monthly

statements in accordance with the Interim Compensation Order (as defined in the application).

3.      Pursuant to section B(3) of the Local Guidelines, I certify that A&M has provided

the U.S. Trustee and the Debtors with a statement of A&M's fees and expenses incurred during

the Fee Period.

*[Remainder of page intentionally left blank]*

Dated: December 11, 2019
     New York, New York

_____

Dennis Stogsdill
Managing Director
Alvarez & Marsal North America, LLC

**Exhibit B**

**Summary of Time Detail by Task**
**July 1, 2019 through September 30, 2019**

| Matter | Description | Total Hours | Total Fees |
|---|---|---|---|
| Fee Applications | Prepare monthly fee statements, interim and final fee applications in accordance with court guidelines. | 9.9 | 4,972.50 |
| Investigation | Independent investigation on behalf of the Restructuring Subcommittee regarding the financial condition of the Debtors at the time of various asset transfer/sales and financings. | 2.3 | 1,905.00 |
| **Total** | | **12.2** | **$    6,877.50** |

# Exhibit C

**Summary of Time Detail by Professional**
**July 1, 2019 through September 30, 2019**

| Professional Name | Position | Hours | Rate | | Fees |
|---|---|---|---|---|---|
| ***Restructuring*** | | | | | |
| Dennis Stogsdill | Managing Director | 1.5 | $ | 1,025 $ | 1,537.50 |
| Jordan Kravette | Analyst | 9.2 | | 450 | 4,140.00 |
| | | | | | |
| ***Disputes & Investigations*** | | | | | |
| Karen Engstrom | Managing Director | 1.5 | $ | 800 $ | 1,200.00 |
| | **Total** | **12.2** | | **$** | **6,877.50** |

# Exhibit D

**Summary of Time Detail by Professional**
**July 1, 2019 through September 30, 2019**

| | |
|---|---|
| **Investigation** | Independent investigation on behalf of the Restructuring Subcommittee regarding the financial condition of the Debtors at the time of various asset transfer/sales and financings. |

| Professional Name | Position | Hours | Rate | | Fees |
|---|---|---|---|---|---|
| ***Restructuring*** | | | | | |
| Dennis Stogsdill | Managing Director | 0.6 | 1025 | $ | 615.00 |
| Jordan Kravette | Analyst | 0.2 | 450 | | 90.00 |
| ***Disputes & Investigations*** | | | | | |
| Karen Engstrom | Managing Director | 1.5 | 800 | $ | 1,200.00 |
| | **Total** | **2.3** | | **$** | **1,905.00** |

# Exhibit D

**Summary of Time Detail by Professional**
**July 1, 2019 through September 30, 2019**

**Fee Applications**                    Prepare monthly fee statements, interim and final fee applications in
accordance with court guidelines.

| Professional Name | Position | Hours | Rate | | Fees |
|---|---|---|---|---|---|
| ***Restructuring*** | | | | | |
| Dennis Stogsdill | Managing Director | 0.9 | 1025 | $ | 922.50 |
| Jordan Kravette | Analyst | 9.0 | 450 | | 4,050.00 |
| | **Total** | **9.9** | | **$** | **4,972.50** |

**Exhibit E**

**Summary of Time Detail by Activity by Professional**
**July 1, 2019 through September 30, 2019**

# Investigation

| Professional Name | Date | Hours | Description |
|---|---|---|---|
| Jordan Kravette | 7/6/2019 | 0.2 | Review draft disclosure statement for litigation matters |
| Dennis Stogsdill | 7/12/2019 | 0.2 | Discuss litigation update with Paul Weiss and A&M teams |
| Karen Engstrom | 9/6/2019 | 1.5 | Respond to requests from Paul Weiss regarding updates to draft complaint |
| Dennis Stogsdill | 9/7/2019 | 0.4 | Discuss litigation update with Paul Weiss and A&M teams |

**Exhibit E**

**Summary of Time Detail by Activity by Professional**
**July 1, 2019 through September 30, 2019**

## Fee Applications

| Professional Name | Date | Hours | Description |
|---|---|---|---|
| Jordan Kravette | 7/12/2019 | 0.5 | Prepare June fee application |
| Dennis Stogsdill | 7/23/2019 | 0.3 | Review fee applications and items provided by the Fee Examiner |
| Jordan Kravette | 7/23/2019 | 0.4 | Prepare files for Fee Examiner in-line with the requested formats |
| Jordan Kravette | 8/2/2019 | 0.5 | Prepare interim fee application |
| Jordan Kravette | 8/3/2019 | 1.0 | Prepare interim fee application |
| Dennis Stogsdill | 8/4/2019 | 0.4 | Review interim fee application |
| Jordan Kravette | 8/4/2019 | 2.5 | Prepare interim fee application |
| Jordan Kravette | 8/13/2019 | 0.8 | Prepare July fee application |
| Jordan Kravette | 8/13/2019 | 1.0 | Finalize interim fee application |
| Jordan Kravette | 8/17/2019 | 0.8 | Prepare file for fee examiner regarding second interim fee application |
| Jordan Kravette | 9/27/2019 | 1.5 | Prepare July through September fee application |
| Dennis Stogsdill | 9/30/2019 | 0.2 | Review July through September fee application |

**Exhibit F**

**Summary of Expenses**
**July 1, 2019 through September 30, 2019**

| Name | Amount |
|------|-------:|
| Airfare | $ - |
| Hotel | - |
| Ground Transportation | 8.96 |
| Meals | - |
| Phone / Internet | 3.74 |
| Miscellaneous | - |
| **Total** | **$ 12.70** |

**Exhibit G**

**Summary of Expense Detail by Professional**
**July 1, 2019 through September 30, 2019**

# Phone / Internet

| Name | Date | Item / Description | Amount |
|------|------|--------------------|--------|
| Dennis Stogsdill | 7/12/2019 | 06/13/2019 - 07/12/2019 Wireless Usage Charges | 3.74 |
| **Expense Category Total** | | | **$ 3.74** |

**Exhibit G**

**Summary of Expense Detail by Professional**
**July 1, 2019 through September 30, 2019**

# Ground Transportation

| Name | Date | Item / Description | Amount |
|------|------|--------------------|--------|
| Dennis Stogsdill | 6/20/2019 | Court Parking | 2.00 |
| Dennis Stogsdill | 6/20/2019 | Personal Car Mileage: Roundtrip from home to court | 6.96 |

| **Expense Category Total** | | | **$** | **8.96** |
|---|---|---|---|---|