**Presentment Date and Time: December 20, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: December 19, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): To Be Announced**

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Chelsey Rosenbloom, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
## BY AND AMONG DEBTORS, TRANSFORM, AND ALIANO

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "**Buyer**") will present the *Stipulation and Order By and Among Debtors, Transform and Aliano* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **December 20, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text- searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that, unless an Objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **December 19, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served with respect to the Stipulation, a hearing (the "**Hearing**") will be held to consider such

Objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United

States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

      **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required

to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: December 12, 2019
New York, New York

        */s/  Luke A. Barefoot*
        CLEARY GOTTLIEB STEEN & HAMILTON LLP
        One Liberty Plaza
        New York, NY 10006
        Telephone: (212) 225-2000
        Facsimile: (212) 225-3999
        Sean A. O'Neal, Esq.
        Luke A. Barefoot, Esq.
        Chelsey Rosenbloom, Esq.

        *Attorneys for Transform Holdco LLC*

## Exhibit A

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*, [1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION AND ORDER
## BY AND AMONG DEBTORS, TRANSFORM AND ALIANO

This Stipulation and Order (the "Stipulation and Order") is made as of December 12, 2019, by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), Transform SR LLC ("Transform SR") and Mario Aliano ("Aliano") (collectively, "the Parties"), by and through their respective undersigned counsel.

## Recitals

A.     On or about April 23, 2009, Aliano commenced an action against Sears, Roebuck and Co. in the Circuit Court of Cook County, Illinois, County Department, Chancery Division,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

captioned *Mario Aliano, individually and on behalf of all others similarly situated v. Sears, Roebuck and Co.* (Case No. 09 CH 16132) (the "Prepetition Action"). The Prepetition Action involved asserted claims of monetary damage by individuals who purchased a digital television converter box using a government-issued coupon and who were charged sales tax on the gross amount of the sale.

B.     On August 25, 2017, the court hearing the Prepetition Action entered an order (the "Prepetition Action Order") in favor of Aliano awarding attorney's fees in the amount of $267,470.00. Sears, Roebuck and Co. ("SRC") appealed the Prepetition Action Order and posted a bond pending appeal (the "Bond"). The appeal of the Prepetition Action has been fully briefed.

C.     On October 15, 2018 (the "Commencement Date"), Sears and certain of its affiliates, including SRC, (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D.     On December 3, 2018, Aliano filed *Mario Aliano's Motion for Relief From Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [ECF No. 987] ("Aliano's Lift Stay Motion"), on April 16, 2019, Aliano filed *Mario Aliano's Reply in Support of His Motion for Relief From Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [ECF No. 3230] (the "Aliano Reply"), and on August 1, 2019, Aliano filed *Mario Aliano's Objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* ("Chapter 11 Plan") [ECF No. 4690], seeking relief from the automatic stay to

allow Aliano to pursue his claims for attorney's fees in the Illinois Appellate Court against SRC. Aliano's Lift Stay Motion has been adjourned to December 13, 2019. [ECF No. 6057].

E.      On February 8, 2019, the Bankruptcy Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"), which approved the sale of substantially all assets of the Debtors to Transform Holdco LLC ("Transform") and its affiliates (the "Sale").

F.      In connection with the Sale, Transform and certain of its affiliates agreed to assume certain of the Debtors' obligations, including assuming certain obligations under a letter of credit facility which collateralized the Bond.

G.      On October 22, 2019, the Parties agreed to substitute Transform SR into the Prepetition Action in place of SRC, and entered into a Stipulation regarding same ("Stipulation to Substitute"). *See* Stipulation to Substitute, attached hereto as Exhibit 1.

H.      On November 1, 2019, SRC and Transform SR filed a Motion to Substitute Real Party in Interest in the Prepetition Action in the Illinois Appellate Court. *See* Motion to Substitute Real Party in Interest in the Prepetition Action, attached hereto as Exhibit 2.

I.      On November 11, 2019, the Illinois Appellate Court entered an order, which noted that the stay had not been lifted by the United States Bankruptcy Court for the Southern District of New York, and denied SRC's and Transform SR's Motion to Substitute Real Party in Interest in the Prepetition Action. *See* Illinois Appellate Court Order, attached hereto as Exhibit 3.

J.      Pursuant to the Stipulation to Substitute, the Parties agreed to reasonably cooperate to provide any consents or authorizations as may be required to effectuate the substitution.

K.      The Parties now jointly submit this Stipulation and Order agreeing to lift the automatic stay upon entry of this Stipulation and Order by the Court, as and to the extent necessary to allow the proceedings in the Prepetition Action to continue, including the substitution of Transform SR in place of SRC.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      On the Effective Date, the automatic stay shall be deemed lifted to effectuate the substitution of Transform SR in place of SRC in the Prepetition Action, and the Prepetition Action may continue against Transform SR and not SRC. If substitution of Transform SR is not approved in the Prepetition Action, and if the Illinois appellate court does not lift the stay in the Prepetition Action and allow the Prepetition Action to proceed against Transform SR, this Stipulation and the relief from the automatic stay granted herein shall be null and void.

2.      This Stipulation and Order shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order (the "Effective Date").

3.      This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties, their successors and assigns.

4.      This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

5.      Pending entry of this Stipulation and Order by the Court, the Parties shall not take actions inconsistent with the provisions of this Stipulation and Order.   In the event that this Stipulation and Order is not approved by the Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

6.      The Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

Dated:  December 12, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Luke A. Barefoot*_____
    Sean A. O'Neal
    Luke A. Barefoot
    One Liberty Plaza
    New York, NY 10006
    Telephone:  (212) 225-2000

    *Attorneys for Transform SR LLC*

**ZIMMERMAN LAW OFFICES, P.C.**

By:    */s/ Thomas A. Zimmerman, Jr.*_____
    Thomas A. Zimmerman, Jr.
    77 West Washington Street,
    Suite 1220
    Chicago, IL 60602
    Telephone:  (312) 440-0020

    *Attorney for Mario Aliano*

**WEIL, GOTSHAL & MANGES LLP**

By:    */s/ Garrett A. Fail*_____

    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    767 Fifth Avenue
    New York, NY 10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007

*Attorneys  for  Debtors  and  Debtors-in-Possession*

# Exhibit 1

## STIPULATION

This stipulation (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**"), Transform SR LLC ("**Transform**") and Mario Aliano ("**Aliano**"). Sears, Transform and Aliano collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. WHEREAS, on or about April 23, 2009, Aliano commenced an action against Sears, Roebuck and Co. in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, captioned *Mario Aliano, individually and on behalf of all others similarly situated v. Sears, Roebuck and Co.* (Case No. 09 CH 16132) (the "**Prepetition Action**"). The Prepetition Action involved asserted claims of monetary damage by individuals who purchased a digital television converter box using a government-issued coupon and who were charged sales tax on the gross amount of the sale.

B. WHEREAS, on August 25, 2017, the court hearing the Prepetition Action entered an order (the "**Prepetition Action Order**") in favor of Aliano awarding attorneys' fees in the amount of $267,470.00. Sears, Roebuck and Co. ("**SRC**") appealed the Prepetition Action Order and posted a bond pending appeal (the "**Bond**").

C. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears and certain of its affiliates, including SRC, (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D. WHEREAS, on December 3, 2018, Aliano filed *Mario Aliano's Motion for Relief From Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [ECF No. 987] (the "**Aliano Lift Stay Motion**"), on April 16, 2019, Aliano filed *Mario Aliano's Reply in Support of His Motion for Relief From Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [ECF No. 3230] (the "**Aliano Reply**") and on August 1, 2019, Aliano filed *Mario Aliano's Objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* ("**Chapter 11 Plan**") [ECF No. 4690] (the "**Aliano Plan Objection**" and together with the Aliano Lift Stay Motion and the Aliano Reply, the "**Aliano Pleadings**"), seeking relief from the automatic stay to allow Aliano to pursue his claims for attorney's fees in the Appellate Court against SRC.

E. WHEREAS, on February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"), which approved the sale of substantially all assets of the Debtors to Transform Holdco LLC and its affiliates (the "**Sale**").

F. WHEREAS, in connection with the Sale, Transform Holdco LLC and certain of its affiliates agreed to assume certain of the Debtors' obligations, including assuming certain obligations under a letter of credit facility which collateralized the Bond.

G. WHEREAS, the Parties have agreed to substitute Transform into the Prepetition Action in place of SRC subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED THAT:**

1.      Upon the execution of this Stipulation (the "**Effective Date**"), Transform and Aliano will work together reasonably and in good faith to have Transform substituted in as Defendant in the Prepetition Action in place of SRC, the only Debtor in the Prepetition Action, subject to all rights and defenses the Debtors and/or Transform have or may have had concerning such Prepetition Action.   Said substitution would permit Aliano to continue the Prepetition Action (including any appeal(s) thereto, and any remanded matter(s) and appeal(s) thereto) against Transform, to resolve and liquidate SRC's appeal of the judgment previously asserted against SRC.   The Debtors agree to reasonably cooperate with Transform and Aliano to provide any consents or authorizations as may be required to effectuate such substitution. The Debtors and Transform further agree that any Confirmation of the Chapter 11 Plan will not affect the rights of Aliano to present the Aliano Lift Stay Motion and will not affect the Bond. In the event Transform is not substituted in as Defendant in the Prepetition Action in place of SRC, all Parties reserve all rights and defenses to the Aliano Lift Stay Motion.

2.      As of the Effective Date, Aliano hereby agrees to waive any right to recovery in the Prepetition Action against SRC or any of the Debtors, provided that Transform is substituted in as Defendant in the Prepetition Action in place of SRC.   Nothing herein limits, restricts, or modifies Aliano's claim to recovery against any non-Debtors, including recovering from the Bond.

3.      On the Effective Date, the Aliano Pleadings shall be deemed withdrawn with prejudice, and Aliano's proofs of claims filed against the Debtors, including proof of claim No. 12060 filed in the chapter 11 case of SRC on March 26, 2019 shall be deemed withdrawn, provided that Transform is substituted in as Defendant in the Prepetition Action in place of SRC.

4.      Nothing contained herein shall be construed as a waiver by the Debtors, or Transform to the extent applicable, of their respective right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which SRC or any of the other Debtors are a party that have been or may be filed by Aliano in the Debtors' chapter 11 cases.

5.      The limited relief set forth herein shall not be construed as an admission of liability by any of the Debtors or any of their non-debtor affiliates, or Transform, or any of its affiliates, regarding any claim or cause of action arising from, or in relation to, the Prepetition Action or any other matter.

6.       Transform may assert any defense to the Prepetition Action that would otherwise have been available to the Debtors in the Prepetition Action, and Transform will assume any and all obligations to satisfy any monetary award to Aliano in the Prepetition Action as and to the extent required by a final order of a court of competent jurisdiction.

7.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8.      The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9.      This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

4

10.    This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties.

11.    This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

[*Signature Page Follows*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  October 22, 2019                          Dated:  October 22, 2019

**CLEARY GOTTLIEB STEEN &**          **ZIMMERMAN LAW OFFICES, P.C.**
**HAMILTON LLP**

By:    */s/ Luke A. Barefoot*              By:    */s/ Thomas A. Zimmerman, Jr.*
       Sean A. O'Neal                               Thomas A. Zimmerman, Jr.
       Luke A. Barefoot                             77 West Washington Street, Suite
       One Liberty Plaza                            1220
       New York, NY 10006                           Chicago, IL 60602
       Telephone:  (212) 225-2000                   Telephone:  (312) 440-0020

       *Attorneys for Transform SR LLC*             *Attorney for Mario Aliano*

Dated:  October 22, 2019

**WEIL, GOTSHAL & MANGES LLP**

By:    */s/ Garrett A. Fail*
       Ray C. Schrock, P.C.
       Jacqueline Marcus
       Garrett A. Fail
       Sunny Singh
       767 Fifth Avenue
       New York, NY 10153
       Telephone:  (212) 310-8000
       Facsimile:  (212) 310-8007

       *Attorneys for Debtors and Debtors-in-*
       *Possession*

# Exhibit 2

E-FILED
Transaction ID: 1-17-2325
File Date: 11/1/2019 11:18 AM
Thomas D. Palella
Clerk of the Appellate Court
APPELLATE COURT 1ST DISTRICT

**APPEAL NO. 1-17-2325**

### IN THE
# APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| **MARIO ALIANO**, | ) Appeal from the Circuit Court |
| | ) of Cook County, Illinois, |
| | ) Municipal Department |
| *Plaintiff-Appellee,* | ) |
| | ) Case No. 09 CH 16132 |
| v. | ) (Transferred to Municipal Department) |
| | ) |
| **SEARS, ROEBUCK & CO.,** | ) Hon. Thomas More Donnelly |
| | )    Judge Presiding |
| *Defendant-Appellant.* | ) |
| | ) Date of Notice of Appeal: |
| | )    September 22, 2017 |
| | ) |
| | ) Date of Judgment: August 25, 2017 |

## DEFENDANT-APPELLANT SEARS, ROEBUCK AND CO.'S
## UNOPPOSED MOTION TO SUBSTITUTE REAL PARTY IN INTEREST

Defendant-Appellant Sears, Roebuck and Co. ("Sears") and proposed substitute Defendant-Appellant Transform SR LLC ("Transform"), by their attorneys Greenberg Traurig, LLP, hereby moves, pursuant to Supreme Court Rule 361, Local Appellate Court Rule 4 and 735 ILCS § 5/2-1008, to substitute Transform SR LLC as the real party in interest for Sears, Roebuck and Co., and to revise the case caption to reflect the substitution. In support of this Motion, Sears respectfully states as follows:

1.    Briefing was completed in this matter on August 24, 2018.

2.    On October 15, 2018 Sears commenced voluntary cases under chapter 11 of title 11 of the United States Code and the appeal was stayed as of that date by this Court. By Order dated September 20, 2019, this Court continued the stay of this matter.

3.      On February 8, 2019, the Bankruptcy Court entered a Sale Order which approved the sale of substantially all the assets of the Debtor Sears to Transform Holdco LLC and its affiliates.

4.      On October 22, 2019, Plaintiff, Debtor Sears, and proposed substitute Defendant-Appellant Transform SR LLC entered a Stipulation in which the parties agreed to have Transform substituted in as Defendant-Appellant.

5.      Along with the substitution of Transform for Sears, the case caption should be revised accordingly. 735 ILCS  5/2-1008 (a) (allowing the title of the cause to be changed upon substitution of a party).  The new caption should be:

**APPEAL NO. 1-17-2325**

---

**IN THE**
**APPELLATE COURT OF ILLINOIS**
**FIRST JUDICIAL DISTRICT**

---

| | | |
|---|---|---|
| **MARIO ALIANO**, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois, |
| | ) | Municipal Department |
| *Plaintiff-Appellee,* | ) | |
| | ) | Case No. 09 CH 16132 |
| **v..** | ) | (Transferred to Municipal Department) |
| | ) | |
| **TRANSFORM SR LLC,** | ) | Hon. Thomas More Donnelly |
| | ) |    Judge Presiding |
| *Defendant-Appellant.* | ) | |
| | ) | Date of Notice of Appeal: |
| | ) |    September 22, 2017 |
| | ) | |
| | ) | Date of Judgment: August 25, 2017 |

---

6.      Following the entry of an order substituting Transform as the real party in interest, the parties agree that the stay which has been in place since October 15, 2018 may be lifted.

WHEREFORE, Defendant-Appellant Sears, Roebuck and Co. and proposed substitute Defendant-Appellant Transform SR LLC, respectfully request that this Court substitute Transform

SR LLC as the real party in interest in this case, that the case caption be revised as set forth in

Paragraph 6 above, to reflect the substitution, and that the Court lift the stay and allow this appeal

to proceed.

Dated:  November 1, 2019

Respectfully Submitted,

**SEARS, ROEBUCK AND CO.**

By:   */s/ Francis A. Citera*

One of Its Attorneys


Francis A. Citera  (citeraf@gtlaw.com)
GREENBERG TRAURIG, LLP (#36511)
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Phone: (312) 456-8400

*Attorneys for Defendant-Appellant*
*Sears, Roebuck and Co. and proposed substitute*
*Defendant-Appellant Transform SR LLC*

APPEAL NO. 1-17-2325

## IN THE
# APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

|  |  |
|---|---|
| **MARIO ALIANO**, | Appeal from the Circuit Court of Cook County, Illinois, Municipal Department |
| *Plaintiff-Appellee,* | |
| v. | Case No. 09 CH 16132 (Transferred to Municipal Department) |
| **SEARS, ROEBUCK & CO.,** | Hon. Thomas More Donnelly Judge Presiding |
| *Defendant-Appellant.* | |
|  | Date of Notice of Appeal: September 22, 2017 |
|  | Date of Judgment: August 25, 2017 |

## ORDER

This cause coming before the Court on Defendant-Appellant Sears and proposed substitute Defendant-Appellant Transform's Motion to Substitute Transform SR LLC as the real party in interest for Sears, Roebuck and Co., and to revise the case caption to reflect the substitution, due notice having been given and the Court being duly advised in the premises,

IT IS HEREBY ORDERED:

Defendant-Appellant Sears and proposed substitute Defendant-Appellant Transform's Motion to Substitute a Party is hereby granted / denied.

Defendant-Appellant Transform SR LLC is substituted for Defendant-Appellant Sears and the case caption is hereby revised to reflect the substitution.

The stay that has been in place since October 15, 2018 is hereby lifted.

ENTERED: _____
Justice

DATED: _____

Prepared by

Counsel for Defendant-Appellant
Sears, Roebuck and Co. and proposed substitute
Defendant-Appellant Transform SR LLC

Francis A. Citera  (citeraf@gtlaw.com)
GREENBERG TRAURIG, LLP (#36511)
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Phone: (312) 456-8400

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November 2019, I electronically filed the foregoing document with the Clerk of the Court using Odyssey eFileIL.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by Odyssey eFileIL.

Thomas A. Zimmerman, Jr. (tom@attorneyzim.com)
Sharon A. Harris (sharon@attorneyzim.com)
 Zimmerman Law Offices, P.C.
 77 West Washington Street
 Suite 1220
 Chicago, Illinois  60602

*/s/ Francis A. Citera*

**APPEAL NO. 1-17-2325**

**IN THE**
# APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| **MARIO ALIANO**, | ) Appeal from the Circuit Court |
| | ) of Cook County, Illinois, |
| | ) Municipal Department |
| *Plaintiff-Appellee,* | ) |
| | ) Case No. 09 CH 16132 |
| v. | ) (Transferred to Municipal Department) |
| | ) |
| **SEARS, ROEBUCK & CO.,** | ) Hon. Thomas More Donnelly |
| | ) Judge Presiding |
| *Defendant-Appellant.* | ) |
| | ) Date of Notice of Appeal: |
| | ) September 22, 2017 |
| | ) |
| | ) Date of Judgment: August 25, 2017 |

**NOTICE OF FILING OF
DEFENDANT-APPELLANT SEARS, ROEBUCK AND CO.'S UNOPPOSED
MOTION TO SUBSTITUTE REAL PARTY IN INTEREST**

TO:      Thomas A. Zimmerman, Jr.
          (tom@attorneyzim.com)
          Sharon A. Harris
          (sharon@attorneyzim.com)
          Zimmerman Law Offices, P.C.
          77 West Washington Street, Suite
          1220 Chicago, Illinois  60602

PLEASE TAKE NOTICE THAT on this 1st day of November, 2019, the undersigned caused to be filed with the Clerk of the Appellate Court, First Judicial District, the attached Defendant-Appellant, Sears, Roebuck and Co.'s **Unopposed Motion to Substitute Real Party in Interest,** and [Proposed] **Order,** together with this **Notice of Filing,** a copy of which is hereby served upon you.

Dated:  November 1, 2019                    Respectfully submitted,

                                           **SEARS, ROEBUCK AND CO.**

                                    By:    _/s/ Francis A. Citera_
                                           One of Its Attorneys



Francis A. Citera  (citeraf@gtlaw.com)
GREENBERG TRAURIG, LLP (#36511)
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Phone: (312) 456-8400


*Attorneys for Defendant-Appellant*
*Sears, Roebuck and Co. and proposed substitute*
*Defendant-Appellant Transform SR LLC*

# Exhibit 3

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT- FIFTH DIVISION

| | | |
|---|---|---|
| MARIO ALIANO, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 1-17-2325 |
| | ) | |
| SEARS, ROEBUCK & CO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

## ORDER

This cause having come on for hearing on the motion of the defendant-appellant Sears Roebuck & Co. (Sears) and Transform SR LLC (Transform), to substitute Transform as the party-appellant for Sears in the caption of this appeal, and to lift the stay of this appeal which has been in place since October 15, 2018; the court having considered the motion and Sears's response to this court's order of November 13, 2019:

FINDS AS FOLLOWS:

A. On October 15, 2018, Sears filed a voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York;

B. Pursuant to section 362 of the United States Bankruptcy Code, the continuation of any judicial proceeding against Sears was stayed upon the filing of its petition for Chapter 11 bankruptcy protection;

C. On October 15, 2018, this court entered an order staying the instant appeal; and

D. In its response to this court's order of November 13, 2019, Sears has represented that its Chapter 11 bankruptcy proceeding is still pending and that no order has been entered by the Bankruptcy Court lifting the stay on this appeal

:    IT IS HEREBY ORDERED THAT the motion of the defendant-appellant Sears and Transform to substitute Transform as the party-appellant for Sears in the caption of this appeal, and to lift the stay of this appeal is DENIED



NOV 21 2019

ENTER:

_____
Justice