Hearing Date: _____ (EST)
Objection Deadline: _____ at 4:00 P.M. (EST)

KIRBY AISNER & CURLEY LLP
Dawn Kirby
Julie Cvek Curley
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: (914) 401-9500
dkirby@kacllp.com
jcurley@kacllp.com

and

MICHAEL BEST & FRIEDRICH LLP
Jonathan L. Gold
1000 Maine Avenue, SW
Suite 400
Washington, DC 20024
Telephone: (202) 747.9594
Facsimile: (202) 347-1819
jlgold@michaelbest.com

*Counsel for Bonnier Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF BONNIER CORPORATION TO
NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO
<u>ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM</u>**

Bonnier Corporation ("**Bonnier**"), by and through their undersigned counsel, hereby submit this Limited Objection ("**Objection**") to the Notice (the "**Notice**") Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program ("**Consent Program**").

In support of the Objection, Bonnier respectfully represents as follows:

## BACKGROUND

1. On or about October 15, 2018 ("**Petition Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed voluntary bankruptcy petitions with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. The Debtors have continued to possess their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

3. On or about February 8, 2019, this Court entered an order approving the sale of substantially all of the Debtors' assets to Transform Holdco, LLC ("**Transform Co.**") pursuant to an asset purchase agreement (as amended, the "**APA**"). The transactions under the APA closed (the "**Closing**") on or about February 11, 2019.

4. Prior to the Petition Date, Sears, Roebuck and Co. (one of the Debtors) and Bonnier entered into a certain license agreement dated April 3, 2012 (and later amended on March 31, 2014 and October 12, 2017) (collectively, the "**Agreement**").

5. The Agreement terminated by its express terms on February 2, 2019. Specifically, the current term of the Agreement ran through February 2, 2019. The Debtors had an option to extend the current term for an additional 3-year period (from February 3, 2019 through January 29, 2022). To exercise such option, however, the Debtors were required to provide written notice to Bonnier on or before 120 days prior to the expiration of the current term. Such date occurred on October 5, 2018. The Debtors did not provide written notice to Bonnier seeking to extend the current term of the Agreement by the October 5, 2018 deadline. Accordingly, the Agreement

terminated and expired by its express terms at the end of the current term: February 2, 2019 (the "**Expiration Date**").  The Debtors have conceded that the Agreement has expired.  Subsequent to the Expiration Date, the Agreement contemplated a sell off period to provide time for the parties to orderly wind down the relationship.

6.    Bonnier and the Debtors continued to do business subsequent to the Petition Date and up through the Closing.  In that regard, Bonnier holds, and asserts, an administrative expense priority claim of approximately $862,269.00 pursuant to section 503(b) of the Bankruptcy Code for unpaid post-petition royalties owed by the Debtors, and other sums to which Bonnier may be entitled under applicable law and the Agreement (the "**Administrative Expense Claim**").

7.    On or about September 17, 2019, Bonnier filed an amended proof of claim for pre-petition services provided to the Debtors [Claim No. 20316] (the "**Amended POC**").  Included in that proof of claim was the request by Bonnier for payment of its Administrative Expense Claim plus any and all interest, charges, penalties, costs, fees (including attorneys' fees and costs).  A schedule identifying the Administrative Expense Claim is attached to the Amended POC, which is incorporated herein by reference.

8.    On or about November 11, 2019, Bonnier elected to "opt-in" to the Consent Program, and in that regard, Bonnier fully complied with the requirements of such program.  In fact, (i) on or about November 11, 2019, Bonnier, through counsel, timely filed its "opt-in" ballot with Prime Clerk (and thereafter received an electronic receipt for such filing); (ii) on or about November 18, 2019, Bonnier, through counsel, timely submitted detailed support for its Administrative Expense Claim (and thereafter received an electronic receipt for such filing); and (iii) on or about December 6, 2019, Bonnier, through counsel, timely submitted its payee information.

9. At no time prior to receiving the Notice did Bonnier (or its counsel) received any request for additional information from the Debtors' representatives, nor did Bonnier receive any notice from the Debtors' representatives of a dispute regarding the Administrative Expense Claim or any correspondence from the Debtors' representatives advising that the Administrative Expense Claim would not be included as an "Initial Distribution Participant" (as that term is defined in the Notice).

10. Despite Bonnier's compliance with the "opt in" procedure referenced in the Consent Program, Bonnier was not included as an "Initial Distribution Participant" as referenced in the Notice.

11. The Debtors' failure to advise Bonnier of a dispute regarding Administrative Expense Claim has deprived Bonnier of the benefit of its bargain as well as basic due process. As of the filing of this Objection, Bonnier is aware of no dispute regarding its Administrative Expense Claim. It appears that the Debtors have unilaterally, and without any notice to Bonnier, decided to exclude Bonnier from the Initial Distribution notwithstanding Bonnier's compliance with the "opt-in" requirements of the Consent Program.

12. Given its election to "opt-in" to the Consent Program, Bonnier objects to not being included as an Initial Distribution Participant, and hereby requests that it be added as an Initial Distribution Participant so that it may receive its share of the $21 million fund.

## RESERVATION OF RIGHTS

13. Bonnier hereby expressly reserves all of its rights, claims, counterclaims, defenses and remedies under the Bankruptcy Code, its Agreement with the Debtors and other applicable law. Bonnier additionally reserves the right to assert additional claims against the Debtors of any nature and to amend, modify and/or supplement this Objection.

WHEREFORE, Bonnier respectfully requests that the Court enter an Order: (a) compelling and directing the Debtors to add Bonnier as an Initial Distribution Participant; and (b) granting such other relief as is just and proper.

Dated: New York, New York
December 12, 2019

Respectfully submitted,

By:   */s/ Julie Cvek Curley*
KIRBY AISNER & CURLEY LLP
Dawn Kirby
Julie Cvek Curley
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: (914) 401-9500
dkirby@kacllp.com
jcurley@kacllp.com

and

MICHAEL BEST & FRIEDRICH LLP
Jonathan L. Gold
1000 Maine Avenue, SW
Suite 400
Washington, DC 20024
Telephone: (202) 747.9594
Facsimile: (202) 347-1819
jlgold@michaelbest.com

*Counsel for Bonnier Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2019, an electronic copy of the LIMITED OBJECTION OF BONNIER CORPORATION TO NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in the Sears Holdings Corporation, et al., bankruptcy proceeding.

/s/
Co-Counsel for Bonnier Corporation