UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, et al., | ) | Case No. 18-23538 (RDD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**OBJECTION OF FAIR HARBOR CAPITAL LLC TO
NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE
EXPENSE CLAIMS CONSENT PROGRAM AND NOTICE OF SERVICE OF SUCH
OBJECTION**

1. Fair Harbor Capital, LLC ("Fair Harbor") purchased six 503(b)(9) administrative claims throughout the above-captioned bankruptcy cases.

2. Fair Harbor received ballots for all six of its claims giving Fair Harbor the opportunity to opt-in to the Debtors' administrative Expense Claims Consent Program.

3. On Nov 14, Fair Harbor timely opted-in to the Administrative Expense Claims Program for all six claims.

4. On Nov, 19, Fair Harbor received correspondence from Miii Partners requesting An excel sheet regarding each of Fair Harbor's opt-in claims on an invoice by invoice basis. They requested that the information be provided ASAP.

5. On the same day, Fair Harbor provided the information requested on a **detailed** excel sheet.

6. Fair Harbor did not hear anything back from anyone related to the case questioning the validity of Fair Harbor's claims or asking for additional information.

7. Then, on Dec 11, Fair Harbor received an e-mail from Miii Partners again requesting ballot information and mailing addresses and indicating that checks for the opt-in claims would be sent to Fair Harbor.

8. Again, Fair Harbor never heard from anyone to indicate that there was an issue with any of its claims and expected that an initial distribution would be made for all six claims.

9. Then, this morning, on Dec 12, Fair Harbor received an e-mail that was sent on 10:45 pm on Dec 11, indicating that a there was an attachment of a Notice that an initial distribution of $21 million would be made the next day, Dec 13.

10. Upon reading the attachment, Fair Harbor was surprised to discover that four out of six of its 503b9 claims (totaling about $163,000) were omitted from the creditors on the distribution list that were to share on a pro rata basis the initial distribution set for today.

11. The four omitted opt-in claims of Fair Harbor are –

Fair Harbor Capital, LLC as assignee of Water, Inc. – Ballot – 182353801043352 for $75,436.15

Fair Harbor Capital, LLC as assignee of Water, Inc. – Ballot - 182353801042253 for $12,367.88

Fair Harbor Capital, LLC as assignee of Everest Group – Ballot – 182353801040200 for $16,189.19

Fair Harbor Capital, LLC as assignee of Chen Yen Enterprises – Ballot – 182353801042255 for $59,148.38

12. Again, until today, Fair Harbor did not receive any indication from anyone that there was an issue with any of its claims and was never asked to provide additional information to reconcile the its omitted opt-in claims. Conversely, given the correspondence from Miii Partners, Fair Harbor expected a distribution for all six of its claims.

13. All day today, Dec 12, Fair Harbor placed numerous calls and sent many e-mails to the Debtor's attorneys and Miii Partners to try to find out why the four claims were omitted from the distribution list and Fair Harbor was basically stonewalled. Finally, tonight, counsel for the Debtors informed Fair Harbor that the distribution could not and would not be changed or delayed and no hearing on this matter was scheduled but that at a hearing tomorrow, December 13, the distribution issue would be raised.

14. Fair Harbor believes that the process invoked for the initial distribution was unfair and denies it due process.

15. Given the aforesaid, Fair Harbor respectfully requests that its four omitted claims be added to the list of claims to receive the pro rata share of the $21 million initial distribution fund.

16. In the alternative,, Fair Harbor Capital requests that the Court order that the Initial Distribution be tolled until Fair Harbor's claims can be fairly reconciled.

17. We do not understand the need to rush the distribution.

18. Getting it right is more important than speed given the apparent uncertainty regarding future distributions in this case.

19. At a minimum, Fair Harbor requests that Miii Partners demonstrate the reconciliation process and allow Fair Harbor a fair opportunity to reconcile the omitted claims before the money is committed.

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, an electronic copy of the OBJECTION OF FAIR HARBOR CAPITAL LLC TO NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM AND NOTICE OF SERVICE OF SUCH OBJECTION was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in the Sears Holdings Corporation, et al., bankruptcy proceeding.

Dated: New York, New York
December 13, 2019            Respectfully submitted,

By:    _/s/ Victor Knox
Victor Knox
Fair Harbor Capital LLC
PO Box 23037
New York, NY 10023
Telephone:    (212) 967 4035
Vknox@fairharborcapital.com