**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
David M. Bass, Esq.
(212) 752-8000
(212) 752-8393 Facsimile
Attorneys Lifetime Brands, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, INC. et al.,<br><br>Debtors. | Case No. 18-23538 (RDD)<br><br>Chapter 11 |

**JOINDER OF LIFETIME BRANDS, INC. TO THE LIMITED OBJECTION OF STANLEY BLACK & DECKER, INC. TO THE DEBTORS' NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM**

Lifetime Brands, Inc. ("Lifetime Brands"), by its undersigned counsel, Cole Schotz P.C., hereby files this *Joinder to the Limited Objection of Stanley Black & Decker, Inc. to the Debtors' Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* [Docket No. 6198] (the "Objection"),[1] and in support thereof, respectfully states as follows:

1. Lifetime Brands is an administrative expense claimant of the Debtors, having provided the Debtors with goods from and after the Petition Date, for which it remains unpaid in the sum of $115,616.28.

---

[1] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Objection.

45068/0003-18580912v1

2. On November 18, 2019, timely cast EBallots as an "Opt-In" administrative expense claimant to participate in the Consent Program.[2]

3. Following the timely filing of its EBallots, Lifetime Brands received a request for certain information associated with its administrative expense claim.

4. As was the case with SBD, the Debtors did not provide Lifetime Brands with a deadline for providing the requested information or indicate in any way that Lifetime Brands was at risk of being excluded from receiving its pro rata share of the Initial Distribution as promised in the opt-in solicitation materials for the claimholders (like Lifetime Brands) who timely opted into the Consent Program. Lifetime Brands sent the Debtors all the requested information on December 10.[3]

5. To date, neither the Debtors nor the Creditors' Committee have stated that they disagree with the asserted amounts of Lifetime Brands' administrative expense claims.

6. Late in the evening on December 11, 2019, one day after Lifetime Brands provided all of the requested information, the Debtors filed the Notice. [Docket No. 6186]. The Notice stated that the Debtors would commence the Initial Distribution on December 13. (*Id.*) The Notice included a list of entities who would receive funds from the Initial Distribution. (*Id.*, Ex. A.) Lifetime Brands was not included in the list, and prior to filing the Notice, the Debtors did not notify Lifetime Brands specifically, or similarly situated creditors generally, that the Debtors were going to commence the Initial Distribution on December 13. Nor did the Debtors notify Lifetime Brands that they were going to close the universe of Initial Distribution

---

[2] Because Lifetime Brands received two ballots (and unsure how the Debtors' books and records reflected the administrative expense claims), Lifetime Brands cast two identical EBallots. Copies of those EBallots are attached hereto as Exhibit A.

[3] A copy of Lifetime Brands' email sending all of the information requested is attached hereto as Exhibit B.

participants prior to the expiration of the 30-day "Expedited Reconciliation" period upon which Lifetime Brands relied in agreeing to the Debtors' request to opt into the Consent Program. Instead, according to the Notice, the Debtors now consider Lifetime Brands as part of the Non Opt-Out group. (*Id.* at 2; Dkt. 5340 at 27.)[4]

## ARGUMENT/JOINDER IN THE OBJECTION

7. Much like SBD, Lifetime Brands opted in to the Consent Program to: (i) maximize Lifetime Brands' likelihood of recovery of a substantial amount of its administrative expense claims; and (ii) receive payment for a substantial amount of the administrative expense claims as quickly as possible, in light of the Debtors' apparent difficulties in avoiding "administrative insolvency." The Debtors' premature Notice not only attempts to rob Lifetime Brands (like SBD) of the benefits Lifetime Brands expected to receive from opting in, but also attempts to push Lifetime Brands (like SBD) into a group where there is no clear indication of how long Lifetime Brands will have to wait before receiving a distribution. Lifetime Brands joins in SBD's request that this Court not sit idle in the face of such mistreatment.

8. Accordingly, the arguments made in the Objection are directly applicable to Cole Schotz, as an administrative expense "opt-in" claimant, who was, without notice, and in contravention of the Program's terms, denied the status and treatment that was supposed to have been afforded such claimants. Therefore, Cole Schotz concurs with the arguments and the assertions that are set forth in the Objection and hereby joins in the Objection and incorporates those arguments and assertions herein by reference.

---

[4] Yesterday, after seeing the Notice, the undersigned telephoned counsel for the Debtors and the representative of M-III that sent the request for information. Neither call was answered and neither counsel nor the representative of M-III responded to the voicemails that were left for them.

9.      For the very same reasons set forth in the Objection and those set forth herein, Lifetime Brands requests that the Court rule that Lifetime Brands must be included in the Initial Distribution specified in the Notice. In the alternative, Lifetime Brands respectfully requests that the Court rule that: (i) the Debtors may not commence the Initial Distribution on December 13, (ii) a new date will be set for the Initial Distribution, and (iii) the Debtors are required to provide at least 10 days' notice to all opt-in claimants as to the deadline for reaching consensual agreement on the Allowed amounts of the claimants Opt-In Settled Admin Claims so as to enable all opt-in claimants a reasonable opportunity to participate in the Initial Distribution.

WHEREFORE, for the reasons set forth in the Objection and herein, Lifetime Brands respectfully requests that the Court order the relief requested above in favor of Lifetime Brands and order further relief as the Court may deem just and appropriate.

DATED: December 13, 2019                        Respectfully submitted,

                                                          **COLE SCHOTZ P.C.**

                                                          By:   */s/ David M. Bass*
                                                                 David M. Bass
                                                           *Attorneys for Lifetime Brands, Inc.*