GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8800
F: 212.355.3333
Michael H. Goldstein (admitted *pro hac vice*)
Barry Z. Bazian
mgoldstein@goodwinlaw.com
bbazian@goodwinlaw.com
*Counsel to Urban Edge Properties LP*
*and its subsidiaries*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | Case No. 18-23538 (RDD) |
| **Debtors.**[1] | (Jointly Administered) |

**OBJECTION OF URBAN EDGE PROPERTIES LP TO**
**NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE**
**EXPENSE CLAIMS CONSENT PROGRAM**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Urban Edge Properties LP ("Urban Edge"), on behalf of Urban Edge Caguas LP ("UE Las Catalinas") and UE 839 New York Avenue LLC ("UE Huntington") (collectively, the "UE Landlords"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Debtors' *Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* [Docket No. 6186] (the "Distribution Notice").[2]

1.      The UE Landlords are holders of administrative expense claims against the Debtors.  The UE Landlords timely and properly submitted ballots to affirmatively opt in to the Administrative Expense Claims Consent Program and, upon information and belief, the UE Landlords have submitted to the Debtors documentation supporting their claims but have not yet received any response from the Debtors.

2.      The Distribution Notice provides that the Debtors are distributing the entirety of the initial $21 million fund to the creditors holding Opt-In Settled Admin Claims identified on Exhibit A attached to the Distribution Notice. The UE Landlords are not on such list, despite their having elected for such treatment.

3.      Contrary to the UE Landlord's election, the Distribution Notice provides that pursuant to paragraph 52(a)(i) of the Confirmation Order, the Debtors are unilaterally deeming holders of Opt-In Settled Admin Claims who are not Initial Distribution Participants as holders of Non Opt-Out Settled Admin Claims.  Presumably, the Debtors are referring to the following provision in the Confirmation Order:

> **First**, each holder of an Allowed Administrative Expense Claim against the Debtors that ***affirmatively opts-in*** (the **"Opt-In Settled Admin Claims"**)  to the Administrative Expense Claims Consent Program shall receive: (i) its pro rata share of the Initial Distribution capped at 75% of the Allowed Administrative

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Distribution Notice.

2

Expense Claim (the percentage recovery, the **"Initial Recovery"**); provided, that, the Initial Distribution shall only be available to holders of Opt-In Settled Admin Claims who consensually agree with the Debtors and the Creditors' Committee to the Allowed amount of the Opt-In Settled Admin Claims; provided, further, that, holders who do not agree with the Debtors and the Creditors' Committee on the Allowed amount of the Opt-In Settled Admin Claim shall be deemed to hold a Non Opt-Out Settled Admin Claim; . . .

Confirmation Order ¶ 52(a)(i) (emphasis added).

4.      The UE Landlords object to their exclusion from the initial distribution that is being provided to all other Opt-In Settled Admin Claims.  As required by paragraph 52(a)(i) of the Confirmation Order, the UE Landlords affirmatively opted in to the Administrative Expense Claims Consent Program.  Thus, the UE Landlords are eligible to share in the initial distribution being made to other holders of Opt-In Settled Admin Claims.  However, upon information and belief, neither the Debtors nor the Creditors' Committee have stated that they disagree with the asserted amounts of the UE Landlord's administrative expense claims.  As a result, the UE Landlords have been denied the opportunity to "consensually agree" on the amount of their administrative expense claims, in violation of the Debtors' own procedures.

5.      Pursuant to the Distribution Notice, the Debtors intend to distribute the entirety of the initial $21 million fund to the creditors on the list attached to the Distribution Notice, without reserving for the claims of all other creditors, including the UE Landlords, who affirmatively opted in for such treatment but who are not on the list.  Nor have the Debtors clarified the amount or timing of any subsequent distributions to all other creditors who will not benefit from the initial distribution.  The UE Landlords opted in to the Administrative Expense Claims Consent Program (and consented to cap their claims at 75% of their allowed amounts) precisely because they did not wish to assume the additional risk and delay associated with being holders

of Non Opt-Out Settled Admin Claims, which the Debtors have now unilaterally forced upon the UE Landlords.

6.      Accordingly, the UE Landlords object to the Debtors' distribution of the initial $21 million fund without properly reserving for the UE Landlords' asserted claims, and request that they be included in such distribution, in addition to such other and further relief in favor of the UE Landlords as is just and appropriate.

## JOINDER

7.      The UE Landlords hereby join in the objections to the Distribution Notice filed by other holders of administrative expense claims to the extent not inconsistent herewith.

## RESERVATION OF RIGHTS

8.      Urban Edge expressly reserves the right to amend, supplement, and/or modify this Objection and to file in the future additional appropriate pleadings.


Dated:   New York, New York
            December 13, 2019

                        */s/Michael H. Goldstein*
                        GOODWIN PROCTER LLP
                        The New York Times Building
                        620 Eighth Avenue
                        New York, New York 10018
                        T: 212.813.8800
                        F: 212.355.3333
                        Michael H. Goldstein *(*admitted *pro hac vice)*
                        Barry Z. Bazian
                        mgoldstein@goodwinlaw.com
                        bbazian@goodwinlaw.com

                        *Counsel to Urban Edge Properties LP*
                        *and its subsidiaries*