GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8839
F: 212.419.0964
William P Weintraub
WWeintraub@goodwinlaw.com

*Counsel to Intralinks, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**OBJECTION OF INTRALINKS INC.'S TO NOTICE REGARDING**
**INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE**
**EXPENSE CLAIMS CONSENT PROGRAM**

Intralinks Inc. ("Intralinks"), by and through its undersigned counsel, files this objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

ACTIVE/101740355.2

(the "**Objection**")[2] to the *Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* [Docket No. 6186] (the "Notice"). As discussed further below, Intralinks requests that the Court find that the Debtors may not issue the Initial Distribution without making proper reserves for Intralinks' Administrative Expense Claim. In support of this Objection, Intralinks respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## RELEVANT BACKGROUND

2. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation ("Sears") a debtor and debtor-in-possession in the above-captioned chapter 11 cases, commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. The Debtors have continued to operate and manage their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

4. Intralinks is a global technology provider of inter-enterprise content management and collaboration solutions. Its products serve the enterprise collaboration and strategic transaction markets, enabling the exchange, control, and management of information between organizations.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Confirmation Order (defined below).

2

5. Intralinks and Sears were parties to (i) that certain agreement dated April 12, 2013 and an associated Work Order No. 5116843 dated February 4, 2017 (together, the "Project Wheels Agreements"); and (ii) that certain agreement dated May 21, 2018 (the "Project Links Agreement", and together with the Project Wheels Agreement, the "Intralinks Agreements"). Pursuant to the Intralinks Agreements, Intralinks provided certain virtual data room services to Sears (collectively, the "Services").

6. June 21, 2019, Sears filed a *Notice of Rejection of Certain Executory Contracts* [Docket No. 4323] seeking to reject the Intralinks Agreements effective as of June 21, 2019 (the "Rejection Date"). On July 18, 2019, the Court entered the *Order Approving the Rejection of Certain Executory Contracts* [Docket No. 4555] approving the rejection of the Intralinks Agreements.

7. On August 14, 2019, Intralinks filed a proof of claim against Sears, which has been designated as Claim No. 20047 (the "Intralinks Proof of Claim"), asserting (i) a general unsecured claim for pre-petition arrears owing under the Intralinks Agreements in the amount of $11,782.26 (the "General Unsecured Claim"); and (ii) an administrative expense priority claim for services provided under the Intralinks Agreements after the Petition Date pursuant to section 503(b) of the Bankruptcy Code in the amount of $49,418.70 (the "Administrative Expense Claim").

8. On November 18, 2019, Intralinks filed the Application for Allowance and Payment of Administrative Expense Claim [Docket No. 6045] (the "Application") reasserting its Administrative Expense Claim.

**ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM ELECTION**

9. On October 15, 2019, this Court entered the *Order (i) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (ii)*

3

*Granting Related Relief* [Docket No. 5370] (the "Confirmation Order").  The Confirmation Order approved, among other things, a proposed consent program for holders administrative expense claims (as defined in the Plan)  (the "Administrative Expense Claims Consent Program").

10. In relevant part, the Confirmation Order provided the following:

> each holder of an Allowed Administrative Expense Claim against the Debtors that *affirmatively opts-in* (the "**Opt-In Settled Admin Claims**") to the Administrative Expense Claims Consent Program shall receive: (i) its pro rata share of the Initial Distribution capped at 75% of the Allowed Administrative Expense Claim (the percentage recovery, the "**Initial Recovery**"); provided, that, the Initial Distribution shall only be available to holders of Opt-In Settled Admin Claims who consensually agree with the Debtors and the Creditors' Committee to the Allowed amount of the Opt-In Settled Admin Claims; provided, further, that, holders who do not agree with the Debtors and the Creditors' Committee on the Allowed amount of the Opt-In Settled Admin Claim shall be deemed to hold a Non Opt-Out Settled Admin Claim; and (ii) consensual reconciliation of the Allowed amount of Opt-In Settled Admin Claims (including on account of 503(b)(9) and 503(b)(1) issues regarding inducement, date of receipt, port of origin, etc., and any exposure on account of preference actions), to be completed within 30 days from the date of receipt of the Opt-In Ballot; provided, that, to the extent the Debtors, the Creditors' Committee, and the holder of the Opt-In Settled Admin Claim are unable to consensually resolve the Allowed amount, such resolution shall be subject to reconciliation on an agreed-upon schedule as reasonably agreed to by the Debtors, the Creditors' Committee, and the applicable holder of an Opt-In Settled Admin Claim; provided, further, that, for the avoidance of doubt, any waiver or settlement of any preference action shall be considered on a case-by-case basis.

Confirmation Order at ¶ 52(a)(i) (emphasis added).

11. Intralinks timely submitted its Opt-In Ballot consistent with the amount of the Administrative Expense Claim by electronically filing it with Prime Clerk, LLC.  Intralinks thereafter received an electronic receipt for such filing.

12. On November 21, 2019, M-III Partners ("M-III") contacted Intralinks via email requesting Intralinks provide certain supporting information to assist M-III in reconciliation of the

amount Intralinks claimed on its Opt-In Ballot. On November 26, 2019, Intralinks provided to M-III with all of the requested information along with copies of the Intralinks Proof of Claim, the Application and all exhibits attached thereto. ***To date, neither the Debtors nor the Creditors' Committee have stated that they disagree with the asserted amount of the Administrative Expense Claim. In fact, since November 21, 2019, neither the Debtors nor the Creditors Committee have contacted Intralinks regarding its Administrative Expense Claim***. As a result, Intralinks has been denied the opportunity to "consensually agree" with the Debtors on an allowed amount on account of its Administrative Expense Claim, which is a violation of the Debtors' own procedures as set forth in the Administrative Expense Claims Consent Program.

13. On December 11, 2019, the Debtors filed the Notice, which provided that the Debtors would commence the Initial Distribution on December 13, 2019. The Notice included a list of entities who would receive funds from the Initial Distribution. Intralinks was not listed on the Notice.

14. Intralinks properly and timely complied with the procedures set forth in the Administrative Expense Claims Consent Program and M-III's information request. ***On absolutely no occasion*** either the Debtors or the Creditors' Committee have contested the Administrative Expense Claim. As a result, Intralinks was denied the opportunity to be identified on the list of entities who would receive funds from the Initial Distribution.

**ARGUMENT**

15. Intralinks opted in to the Administrative Expense Claims Consent Program to maximize Intralinks' likelihood of recovery on its Administrative Expense Claim and receive partial payment on account of its Administrative Expense Claims as quickly as possible.

16. Despite Intralinks' compliance with the op-in procedure referenced above, the

5

ACTIVE/101740355.2

Debtors arbitrary, unilaterally and without any notice excluded Intralinks from the Initial Distribution by failing to include Intralinks in the process. The Debtors' failure to engage Intralinks has deprived Intralinks of the benefit of its bargain as well as basic due process. Indeed, if the Court allows the Initial Distribution specified in the Notice to go forward without a reserve for Intralinks, Intralinks will be involuntarily pushed into the Non Opt-Out group.

17. Intralinks elected to be in the opt-in class to retain the benefit of the Initial Distribution as was offered to all administrative expense claim creditors. The Debtors unilaterally denied Intralinks the benefit of its election. As a result, Intralinks has no certainty as to the timeline it may receive a distribution on account of its Administrative Expense Claim. Avoiding that uncertainty was the basis for Intralinks' opt-in, the benefit of which is now being denied. To remedy this, the Court should require that there be a reserve from the Initial Distribution for Intralinks' Administrative Expense Claim.

18. Accordingly, Intralinks respectfully requests that the Court require that the Debtors may not issue the Initial Distribution without making proper reserves for Intralinks' Administrative Expense Claim. In the alternative, Intralinks respectfully requests that the Court rule that: (i) the Debtors may not commence the Initial Distribution on December 13, 2019, (ii) a new date will be set for the Initial Distribution, and (iii) the Debtors are required to provide at least 10 days notice to all opt-in claimants as to the deadline for reaching consensual agreement on the Allowed amounts of the claimants Opt-In Settled Admin Claims so as to enable all opt-in claimants a reasonable opportunity to participate in the Initial Distribution.

## JOINDER

19. Intralinks hereby joins in the objections filed by the other creditors asserting administrative expense claims the extent not inconsistent herewith.

## RESERVATION OF RIGHTS

20.     Intralinks reserves all of its rights, claims, counterclaims, defenses and remedies under applicable law.

## NOTICE AND NO PRIOR RELIEF REQUESTED

21.     Notice of this Application will be served on the Debtors and the "Master Service List" as those terms are defined in the *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 405], and in the manner provided therein. Intralinks respectfully submits that no other or further notice need be provided.

**WHEREFORE**, Intralinks respectfully requests that the Court order the relief requested above and order further relief as the Court may deem just and appropriate.

Dated: New York, New York
December 13, 2019

        */s/ William P Weintraub*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8839
F: 212.419.0964
William P Weintraub
WWeintraub@goodwinlaw.com

*Counsel to Intralinks, Inc.*