Deborah J. Michelson, Esq.
MILLER GOLER FAEGES LAPINE LLP
1301 East 9th Street, Suite 2700
Cleveland, Ohio 44114-1835
Phone: (216) 696-3366
*Attorney for Creditor Arca Industrial (NJ), Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
In re:                                                              Chapter 11

SEARS HOLDING CORPORATION, *et al.*,        Case No. 18-23538 (RDD)

                                  Debtors.                     (Jointly Administered)
---------------------------------------------------------X

**ARCA INDUSTRIAL (NJ), INC.'S LIMITED OBJECTION REGARDING
DEBTORS' NOTICE OF INITIAL DISTRIBUTION
PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM**

1.	Arca Industrial (NJ) Inc. ("Arca") hereby files this limited objection (the "Objection") to Debtors' Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program (Docket No. 6186). In support of the objection, Arca states as follows:

2.	Arca timely submitted Proof of Claim Nos. 2957 and 5167 (which are incorporated herein by reference), and timely submitted ballots opting-in to the Debtors' Administrative Expense Claims Consent Program (the "Consent Program") and has fully complied with the requirements of that program.

3.	Arca also promptly responded, on November 26, 2019, to the e-mail of Debtors' Restructuring Advisor, M-III Partners, L.P., requesting a spreadsheet summarizing the information on, and support for, Arca's claim. Arca's response provided all of the requested information on a spreadsheet to Debtors' Restructuring Advisor as requested, and Arca requested

that Debtors confirm that they would allow the amount in an Expedited Reconciliation of the claim pursuant to the Consent Program.

4. Arca also made a filing with the Court on November 26, 2019 (Docket No. 6092) indicating that it desired for Debtors to negotiate with Arca in good faith so that an Expedited Reconciliation of Arca's claim could be reached and Arca could participate in the initial distribution pursuant to the Consent Program. (Id. ¶¶ 1, 7, and 23.)

5. However, Debtors and their advisors did not make any effort whatsoever to negotiate with Arca to reach an Expedited Reconciliation of Arca's administrative expense claim.

6. Arca has acted in the utmost good faith to reach an Expedited Reconciliation of its claim with Debtors, but Debtors have not reciprocated, have simply ignored Arca, and have acted in bad faith by refusing to engage in any claim negotiations with Arca as required by the Consent Program—indeed the Debtors have never even disclosed to Arca any amount that Debtors would be willing to pay in an Expedited Reconciliation of Arca's Administrative Expense claim under the Consent Program.

7. Despite Arca's full compliance with the opt-in procedure in the Consent Program, and despite no advance notice to Arca whatsoever, Debtors did not include Arca as an Initial Distribution participant in its Notice of Initial Distribution.

8. Debtors' failure to engage in good faith negotiations to reach an Expedited Reconciliation of Arca's administrative claim under the Consent Program, and Debtors' failure to advise Arca that it would not be included in the Initial Distribution prior to Debtors' Notice of Initial Distribution, has deprived Arca of the benefit of its bargain in opting in to the Consent

Program, has deprived Arca of the consideration for it agreeing to opt in to the Consent Program, and further has deprived Arca of its due process rights.

9. Debtors' unilateral decision to exclude Arca from the Initial Distribution without any good faith effort to reach an Expedited Reconciliation of Arca's administrative expense claim constitutes an egregious and material violation of the Consent Program by Debtors, and constitutes an improper preference by Debtors of payment to certain creditors over other like creditors in violation of Bankruptcy law.

10. As a result of Arca opting in to the Consent Program and Debtors' failure to make any offer whatsoever to resolve the claim on an Expedited Reconciliation basis, Arca objects to not being included as an Initial Distribution participant and hereby requests that this honorable Court issue an order adding Arca as an Initial Distribution participant in the amount specified on Arca's proofs of claims (Claim Nos. 2957 and 5167) and opt in ballots, capped at 80% in accordance with the terms of the Consent Program.

.

Respectfully submitted,

Dated: Cleveland, Ohio.
December 13, 2019

MILLER GOLER FAEGES LAPINE LLP

By: */s/ Deborah J. Michelson*
Deborah J. Michelson, Esq.
1301 East 9th Street, Suite 2700
Cleveland, Ohio 44114-1835
Phone: (216) 696-3366
Michelson@MGFL-law.com

*Attorney for Creditor Arca Industrial (NJ), Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                    Chapter 11

SEARS HOLDING CORPORATION, *et al.*,             Case No. 18-23538 (RDD)

                              Debtors.                              (Jointly Administered)
----------------------------------------------------------X

      I, Deborah J. Michelson, an attorney admitted to practice in the State of New York, hereby certify that, on December 13, 2019, I caused true and complete copies of ARCA INDUSTRIAL (NJ), INC.'S LIMITED OBJECTION REGARDING DEBTORS' NOTICE OF INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM to be served upon each of the parties listed below via pre-paid properly addressed U.S. mail:

| | |
|---|---|
| The Honorable Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court, S.D.N.Y.<br>300 Quarropas Street, Room 248<br>White Plains, NY 10601 | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attorneys for Bank of America, N.A.<br>4 Times Square<br>New York, NY 10036<br>Attn: Paul D. Leake |
| Sears Holdings Corporation<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br>Attn: Stephen Sitley | Kelley Drye & Warren LLP<br>Attorneys for Computershare Trust Co., N.A.<br>101 Park Avenue<br>New York, NY 10178<br>Attn: Eric R. Wilson |
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>    Attn: Ray C. Schrock<br>    Jacqueline Marcus<br>    Garret A. Fail<br>    Sunny Singh | Cleary Gottlieb Steen & Hamilton<br>Attorneys for JPP, LLC, JPP II, LLC,<br>and ESL Investments, Inc.<br>One Liberty Plaza<br>New York, NY, 10006<br>Attn: Sean A. O'Neal |

4

Office of United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Paul Schwartzberg

Seyfarth Shaw LLP
Attorneys for Wilmington Trust, N.A.
620 Eighth Avenue
New York, NY 10018
Attn: Edward M. Fox

Davis Polk & Wardell LLP
Attorneys for Citibank, N.A.
450 Lexington Avenue
New York, NY, 10017
Attn: Eli J. Vonnegut

M-III Partners, LP
c/o Colin M. Adams
c/o Brian Griffith
130 West 42nd Street
17th Floor
New York, NY   10036

Locke Lord LLP
Attorneys for the Pension Benefit Guaranty Corp.
111 South Wacker Drive
Chicago, IL 60606
Attn: Aaron C. Smith

Carter Ledyard & Milburn LLP
Attorneys for Bank of New York Mellon Trust Co.
2 Wall Street
New York, NY 10005
Attn: James Gadsden

Akin Gump Strauss Hauer & Feld LLP
Attorneys for the Official Committee of Unsecured Creditors
One Bryant Park
New York, NY 10036
Attn: Ira S. Dizengoff

Dated:  Cleveland, Ohio.
        November 26, 2019

MILLER GOLER FAEGES LAPINE LLP

By: */s/ Deborah J. Michelson*
    Deborah J. Michelson, Esq.
    1301 East 9th Street, Suite 2700
    Cleveland, Ohio 44114-1835
    Phone: (216) 696-3366
    Michelson@MGFL-law.com

    *Attorney for Creditor Arca Industrial (NJ), Inc.*