**WHITEFORD, TAYLOR & PRESTON LLC**
Stephen B. Gerald (admitted *pro hac vice*)
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Email: sgerald@wtplaw.com

*Counsel to Ainsworth Pet Nutrition LLC*

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | * | |
| **SEARS HOLDING CORPORATION,** *et al.,* | * | Case No.: 18-23538-RDD (Jointly administered) |
| | * | |
| Debtors.[1] | * | (Chapter 11) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OBJECTION OF AINSWORTH PET NUTRITION, LLC'S TO NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Ainsworth Pet Nutrition, LLC ("APN"), by and through its undersigned counsel, files this objection (the "Objection")[2] to the *Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* [Docket No. 6186] (the "Notice"). As discussed further below, APN requests that the Court find that the Debtors may not issue the Initial Distribution without making proper reserves for APN's Administrative Expense Claim. In support of this Objection, APN respectfully states as follows:

## RELEVANT BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2. The Debtors have continued to operate and manage their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3. APN sold pet food product to the Debtors prior to and during the Debtors' bankruptcy cases.

4. On or about January 22, 2019, APN filed a proof of claim against Kmart Corporation, one of the Debtors, which has been designated as Claim No. 8036 (the "APN Proof of Claim"), asserting (i) a general unsecured claim in the amount of $37,905.61 (the "General Unsecured Claim"); and (ii) an administrative expense priority claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $212,328.56 (the "Administrative Expense Claim"). ***While the Debtors have filed objections to numerous administrative expense claims in the case, they have not filed an objection to the APN Proof of Claim***.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Confirmation Order (defined below).

**ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM ELECTION**

5.     On October 15, 2019, this Court entered the *Order (i) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (ii) Granting Related Relief* [Docket No. 5370] (the "Confirmation Order"). The Confirmation Order approved, among other things, a proposed consent program for holders of administrative expense claims (as defined in the Plan) (the "Administrative Expense Claims Consent Program").

6.     In relevant part, the Confirmation Order provided the following:

> each holder of an Allowed Administrative Expense Claim against the Debtors that *affirmatively opts-in* (the "**Opt-In Settled Admin Claims**") to the Administrative Expense Claims Consent Program shall receive: (i) its pro rata share of the Initial Distribution capped at 75% of the Allowed Administrative Expense Claim (the percentage recovery, the "**Initial Recovery**"); provided, that, the Initial Distribution shall only be available to holders of Opt-In Settled Admin Claims who consensually agree with the Debtors and the Creditors' Committee to the Allowed amount of the Opt-In Settled Admin Claims; provided, further, that, holders who do not agree with the Debtors and the Creditors' Committee on the Allowed amount of the Opt-In Settled Admin Claim shall be deemed to hold a Non Opt-Out Settled Admin Claim; and (ii) consensual reconciliation of the Allowed amount of Opt-In Settled Admin Claims (including on account of 503(b)(9) and 503(b)(1) issues regarding inducement, date of receipt, port of origin, etc., and any exposure on account of preference actions), to be completed within 30 days from the date of receipt of the Opt-In Ballot; provided, that, to the extent the Debtors, the Creditors' Committee, and the holder of the Opt-In Settled Admin Claim are unable to consensually resolve the Allowed amount, such resolution shall be subject to reconciliation on an agreed-upon schedule as reasonably agreed to by the Debtors, the Creditors' Committee, and the applicable holder of an Opt-In Settled Admin Claim; provided, further, that, for the avoidance of doubt, any waiver or settlement of any preference action shall be considered on a case-by-case basis.

Confirmation Order at ¶ 52(a)(i) (emphasis added).

7. Prior to the expiration of the November 18, 2019 opt-in deadline, which was established in the Confirmation Order, APN received the Debtors' Notice of Extended Opt-In/Opt-Out Deadline for Certain Holders of Administrative Expense Claims, which extended APN's deadline to opt-in to November 25, 2019.

8. The Notice of Extended Opt-In/Opt-Out Deadline did not contain any statement or otherwise put parties on notice that the extension of the filing deadline would jeopardize any party's ability to participate in the Initial Distribution.

9. On November 22, 2019, APN timely submitted its Opt-In Ballot consistent with the amount of the Administrative Expense Claim by electronically filing it with Prime Clerk, LLC. APN thereafter received an electronic receipt for such filing.

10. On November 23, 2019, M-III Partners ("M-III") contacted APN via email requesting that APN provide certain supporting information to assist M-III in its reconciliation of the amount APN claimed in its Opt-In Ballot and Administrative Expense Claim. On November 26, 2019, APN provided to M-III all of the requested information.

11. No further communication was received from the Debtors regarding APN's Administrative Expense Claim or Opt-In Ballot. With the 30-day deadline approaching and having heard nothing further from the Debtors, APN proactively contacted the Debtors by email on December 10, 2019, regarding the status of APN's claim. No response to this email was received.

12. ***To date, neither the Debtors nor the Creditors' Committee have stated that they disagree with the asserted amount of the Administrative Expense Claim. In fact, at no point in time have the Debtors or the Creditors Committee contacted APN regarding its Administrative***

*Expense Claim after the initial request for information by M-III to which APN promptly responded.* As a result, APN has been denied the opportunity to "consensually agree" with the Debtors on an allowed amount on account of its Administrative Expense Claim, which is a violation of the Debtors' own procedures as set forth in the Administrative Expense Claims Consent Program.

13. On December 11, 2019, the Debtors filed the Notice, which provided that the Debtors would commence the Initial Distribution on December 13, 2019. The Notice included a list of entities who would receive funds from the Initial Distribution. APN was not listed on the Notice.

14. APN properly and timely complied with the procedures set forth in the Administrative Expense Claims Consent Program and M-III's information request. On no occasion have either the Debtors or the Creditors' Committee contested the Administrative Expense Claim. As a result, APN was denied the opportunity to be identified on the list of entities who would receive funds from the Initial Distribution.

## ARGUMENT

15. APN opted in to the Administrative Expense Claims Consent Program to maximize APN's likelihood of recovery on its Administrative Expense Claim and receive partial payment on account of its Administrative Expense Claims as quickly as possible.

16. Despite APN's compliance with the op-in procedure referenced above, the Debtors arbitrary, unilaterally and without any notice excluded APN from the Initial Distribution by failing to include APN in the process. The Debtors' failure to engage APN has deprived APN of the benefit of its bargain as well as basic due process. Indeed, if the Court allows the Initial Distribution specified in the Notice to go forward without a reserve for APN, APN will be

5

involuntarily pushed into the Non Opt-Out group despite complying fully with the Debtors' procedures.

17.     APN elected to be in the opt-in class to retain the benefit of the Initial Distribution offered to all administrative expense claim creditors, and to avoid uncertainty regarding the timing of payment on its Administrative Expense Claim. The Debtors unilaterally denied APN the benefit of its election. As a result, APN has no certainty as to the timeline it may receive a distribution.  To remedy this, the Court should require that there be a reserve from the Initial Distribution for APN's Administrative Expense Claim.

18.     Accordingly, APN respectfully requests that the Court prohibit the Debtors from issuing the Initial Distribution without making proper reserves for APN's Administrative Expense Claim. In the alternative, APN respectfully requests that the Court rule that: (i) the Debtors may not commence the Initial Distribution on December 13, 2019, (ii) a new date will be set for the Initial Distribution, and (iii) the Debtors are required to provide at least 10 days notice to all opt-in claimants as to the deadline for reaching consensual agreement on the Allowed amounts of the claimants Opt-In Settled Admin Claims so as to enable all opt-in claimants a reasonable opportunity to participate in the Initial Distribution.

## JOINDER

19.     APN hereby joins in the objections filed by the other creditors asserting administrative expense claims to the extent not inconsistent herewith.

## RESERVATION OF RIGHTS

20.     APN reserves all of its rights, claims, counterclaims, defenses and remedies under applicable law.

**WHEREFORE,** APN respectfully requests that the Court order the relief requested above and order further relief as the Court may deem just and appropriate.

Dated: Wilmington, Delaware
December 13, 2019

        Respectfully submitted,

        */s/ Stephen B. Gerald*
        Stephen B. Gerald (*admitted pro hac vice*)
        Whiteford, Taylor & Preston LLC
        The Renaissance Centre
        405 North King Street, Suite 500
        Wilmington, Delaware 19801-3700
        Telephone: (302) 357-3282
        Email:  sgerald@wtplaw.com

        *Attorneys for Ainsworth Pet Nutrition LLC*