# EXHIBIT B

18-23538-shl   Doc 6212-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 2 of 35

Case: 1:15-cv-02456 Document #: 31 Filed: 03/13/16 Page 1 of 27 PageID #:123

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NINA GREENE AND GERALD GREENE, | ) | No. 1:15-cv-02456 |
| | ) | |
| Plaintiffs, | ) | Judge Jorge L. Alonso |
| | ) | |
| v. | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| SEARS PROTECTION Company, SEARS, | ) | |
| ROEBUCK and Co. and SEARS | ) | |
| HOLDINGS Corporation, | ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) | |
| | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Nina Greene and Gerald Greene (collectively, the "Plaintiffs"), on behalf of themselves and all others similarly situated, allege, upon their own knowledge and otherwise upon information and belief formed after a reasonable inquiry by counsel:

### NATURE OF THE CASE

1.      This case involves a dishonest business practice perpetrated by companies operating under the established and trusted Sears name. This dishonest business practice involves illusory service protection agreements sold by the Sears companies.

2.      Plaintiffs entered into numerous service protection agreements with Sears Protection Company ("SPC"), a wholly-owned subsidiary of Sears, Roebuck and Co. ("SRC"), which is a wholly owned subsidiary of Sears Holdings Corp. ("SHC"), together "Sears."

3.      These service protection agreements were deceptive and illusory because Sears did not in fact provide the bargained for coverage of the products that the agreements purported to cover.  Instead, without making an initial determination about whether Sears would actually provide service for the products for which Sears was selling service protection agreements, Sears

18-23538-shl    Doc 6212-3    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 3 of 35
Case 1:15-cv-02546-JGK Document #: 47-1 Filed: 03/13/16 Page 2 of 12 PageID #:136

collected money from Plaintiffs and, on information and belief, from other consumers, for products that Sears ultimately refused to service because, upon receiving a claim for service, Sears determined were not actually covered.

4.      When Plaintiffs and the members of the Class made claims for service on products that the service agreements purported to cover, Sears would make a determination of whether the product on which the claim was made was one for which Sears would actually offer service.  If Sears then determined not to offer service, Sears would offer to refund some of the money it had collected from Plaintiffs and members of the Class for the service agreement.

5.      On information and belief, Sears does not make efforts to determine whether it actually covers a product the service agreements purport to cover until a consumer makes a claim under the service agreement.  Accordingly, unless a consumer makes a claim for service on a product that Sears does not actually service, Sears keeps the consumer's money even though Sears never would have serviced the purportedly-covered product.  Thus, unless Sears is "caught" when a consumer makes a service claim, Sears effectively appropriates profits to itself by selling consumers meaningless service agreements and keeping their money.

6.      Accordingly, through an unlawful course of conduct, Sears has, over the course of years, improperly and unilaterally, breached the express and implied terms of its standard form contract with Plaintiffs and the Class who are purchasers of the protection agreements.  Defendants have also taken moneys from Plaintiffs and the Class to which Defendants have had no right at law or in equity for alleged service protection which was never provided.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because: (a) at least one member of the class is a

18-23538-shl    Doc 62-2    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
Case 1:15-cv-02546-Document #: 1-1 Filed: 03/13/16 Page 3 of 32 PageID #:227
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 4 of 35

citizen of a state different from Defendant; (b) the amount in controversy exceeds $5,000,000 exclusive of costs and interest; and (c) none of the exceptions under subsection 1332(d)(5) apply to this action.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant regularly conducts business here, maintains its headquarters and offices here and is subject to personal jurisdiction in this District.

## PARTIES

**Plaintiffs**

9.    Plaintiffs, Nina Greene and Gerald Greene, residents of Pennsylvania, beginning in 1994, and continuing through 2014, paid for at least eleven different Sears Master Protection Agreements ("MPAs")[1], which are a separate plan from the manufacturer's warranty and covers products throughout their home, not only those which were purchased at SRC or which are sold by SRC.  The MPAs state:  "[T]his Agreement is inclusive of and runs concurrently with the manufacturer's warranty, it does not replace it. This Agreement provides benefits in addition to the manufacturer's warranty."   The MPAs can cover a single product or a group of different products.  When they cover a group of products, there is no breakdown or explanation of the charges per item.

**Defendants**

10.    SPC is an Illinois corporation, and a wholly owned subsidiary of SRC, and is the obligor under the Sears Protection Agreements.  The Sears Protection Agreements, according to

---

[1] The MPAs are attached hereto as Exhibit A.   Certificate Numbers:   033455042200050, 033455042200051,        033455042200052,        033455042200053,        033455042200065, 033455042200067,        033455042200070,        033455042200076,        033455042200086, 033455042200088,

18-23538-shl    Doc 6212-3    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
Case 1:15-cv-02546-JGS  Document # 51  Filed: 03/14/16  Page 4 of 12  PageID #:220
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 5 of 35

the information of the website and emails sent out by Sears provide "a welcome to peace of mind." They provide the benefits of: (1) expert repair service; (2) product replacement; (3) food loss replacement; (4) savings; (5) troubleshooting by phone, and, (6) satisfaction.  SPC emphasizes that "over 13 million Sears' customers already trust our protection – so you can too."

11.    SRC, a wholly owned subsidiary of SHC, is the subsidiary responsible for operating the repair services, the retail stores, the installation services, and the sears.com website.

12.    SHC is a Delaware corporation and the parent company of Kmart Holding Corp. and SRC.  SHC is headquartered in Hoffman Estates, Illinois. SHC employees in the Illinois offices were responsible for investigating, responding to and attempting to resolve claims or complaints related to MPAs, as well as marketing and selling MPAs.  SHC employees in Illinois communicated with Plaintiffs and their counsel regarding their MPAs.  MPAs are purchased by customers in three different fashions: (1) point of sale which is the brick and mortar store or on the internet; (2) some direct mail marketing, which could be an email or telemarketing call from Illinois or some outbound protection agreement call center supervised by the Illinois headquarters; or (3) the service technician.  MPAs are drafted, reviewed, and revised by SHC employees located in Illinois.  The pricing for MPAs is approved by SHC employees in Illinois.

13.    In its filings with the Securities and Exchange Commission ("SEC"), SHC describes SRC's Home Services operations as "Product Repair Services, the nation's largest product repair service provider, is a key element in our active relationship with more than 41 million households.  With approximately 7,500 service technicians making over 13 million service and installation calls annually, this business delivers a broad range of retail-related residential and commercial services across 50 states. . . .This business also offers protection agreements."

18-23538-shl    Doc 62-3    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 6 of 35
Case 1:15-cv-02546-JSR    Document #: 51    Filed: 03/11/16    Page 5 of 7    PageID #:229

## CLASS ALLEGATIONS

14.    Plaintiffs bring this action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of themselves and the following class of similarly situated persons (the "Class"):

> All individuals and entities who paid for MPAs for products which were not covered by or eligible for coverage from the protection agreement, and never received a refund.

15.    Defendants and their employees and any court personnel to whom this case is assigned are excluded from this proposed Class.

16.    The members of this Class number at least in the thousands and are geographically diverse, such that joinder of all of the individual class members is impracticable.  The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records.

17.    Plaintiffs' claims are typical of the claims of all the other members of the Class. The claims of Plaintiffs and the other members of the Class are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiffs and to all of the other Class members.

18.    The Class has a well-defined community of interest. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members.

19.    There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual Class members.

18-23538-shl    Doc 6212-3    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 7 of 35

Case 1:15-cv-02546-BQ Document #: 51 Filed: 03/13/16 Page 6 of 17 PageID #:290

20.    Common questions of law or fact affecting members of the Class include, but are not limited to:

a.    Whether Defendants' conduct constitutes a breach of contract;

b.    Whether Defendants' conduct constituted a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act;

c.    Whether Defendants' conduct constituted a violation of the Pennsylvania Unfair Trade Practices Act;

d.    Whether Defendants were unjustly enriched; and,

e.    Whether Plaintiffs and Class members are entitled to damages, costs, and/or attorneys' fees from Defendants.

21.    Absent a class action, most Class members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law or fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

22.    Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation in courts across the country. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other Class members.

## FACTUAL ALLEGATIONS

23.    Sears offers Protection Agreements to purportedly provide "peace of mind."

18-23538-shl    Doc 6212-3    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
Case 2:15-cv-02546-DS Document #: 31 Filed: 03/13/16 Page 7 of 27 PageID #: 291
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 8 of 35

24.     Customers can enter into an MPA by adding protection coverage when the product is originally purchased at a store, or online. To provide MPA coverage to other products in the house, post-point-of-purchase, a customer has to speak with a Sears technician or a Sears call center. A description of the merchandise is obtained, the type of product, the age of the product, and, the brand name, but the model number is not required. After the information is taken from the customer, a customer will typically give a credit card or will pay by check.

25.     After the customer is charged for the agreement and pays for the agreement, Sears sends an MPA Certificate within thirty days of the date of purchase, which is "proof of ownership" and lists the product or products purportedly covered and the terms and conditions of the agreement. On the top right corner, the agreement certificate states "Don't worry. This isn't a bill. It's confirmation of your coverage."  The MPA Certificate is standard form agreement sent to the customer.

26.     The back side of the agreement certificate lists 28 terms and conditions. Some paragraphs are applicable only to residents of specific states; however, there is no provision applicable specifically to residents of Pennsylvania.

27.     For example, among the terms and conditions, there is a paragraph stating that the agreement is cancellable within 60 days of the date received by either party for the total price. At any later point thereafter, the agreement is cancellable, but Sears will refund the total price allocable to the remainder of the term of the agreement prorated on a monthly basis.

28.     The agreement certificate also notes that "there are some limitations to coverage which are set forth in sections 2, 12, 13 and 15 below."

29.     In Section 13 of the MPA, Sears specifically lists what the agreement does not cover. *See* MPA § 13 (a-j). Section 13 *does not* list the following items: treadmills, ovens,

7

18-23538-shl   Doc 6212-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
Case 1:15-cv-02546-JPO Document # 51 Filed: 03/13/16 Page 8 of 27 PageID #: 292
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 9 of 35

cooktops, refrigerators, compactors, freezers, front load washers, dryers, dishwashers, and vacuum
cleaners, which were items purportedly covered by the MPAs plaintiffs' purchased. Because the
items (treadmills, ovens, cooktops, refrigerators, compactors, freezers, front load washers, dryers,
dishwashers, and vacuum cleaners) are not listed in Section 13, they are not explicitly excluded
from coverage under the terms of the actual agreement.

30.     Under section 2, which pertains to eligibility for coverage, the certificate notes that
Sears reserves the right to inspect the products listed to determine eligibility. However, there is no
further explanation about how or when Sears inspects or determines a product's eligibility under
the MPA.

31.     In effect, Sears requires and accepts payment for listed items purportedly covered
under the MPA without first making a determination of whether they are eligible for coverage.

32.     The agreement certificate is sent with a cover letter thanking the customer and re-
emphasizing that "We repair all major brand items large and small, even if they weren't purchased
at Sears – everything from dishwashers to DVDs."

33.     Since 1994, Plaintiffs have paid over $18,000 for Defendants' service agreements
as set forth in the below chart:

| Date of Printing of Cert | Certificate # | Products Covered | Contract Term | Cost |
|---|---|---|---|---|
| 11/17/1999 | 033455042200050 | • Vacuum Cleaner<br>• Compactor<br>  Ex. Bike/Skier/Stepper<br>• Freezer, over 9 cu. ft.<br>• Grill, outdoor, gas | 11/17/1999-11/21/2004 | $1,511.74 |
| 11/17/1999 | 033455042200051 | • Refrigerator, w/ice maker<br>• Treadmill, power | 11/17/1999-11/21/2004 | $857.19 |
| 06/28/2005 | 033455042200052 | • Washer, Front Load Prem | 06/28/2005-10/20/2008 | $256.51 |
| 06/28/2005 | 033455042200053 | • DryerG, Prem Plus | 06/28/2005-10/20/2008 | $222.59 |

18-23538-shl    Doc 62-2    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
Case 2:15-cv-02546-BO Document #: 61 Filed: 03/18/16 Page 10 of 27 PageID #:290
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 10 of 35

| 11/23/2004 | 033455042200065 | • Refrigerator, w/ice maker<br>• Compactor<br>• Treadmill, Power<br>• Freezer, Over 9 cu. ft.<br>• Dishwasher, Built-In<br>• Dishwasher, Built-In<br>• Washer, Front Load Prem | | 11/23/2004-11/21/2008 | $1,858.91 |
|---|---|---|---|---|---|
| 06/28/2005 | 033455042200067 | • Oven, Built-In<br>• DryerG, Prem Plus | | 06/28/2005-11/21/2008 | $248.60 |
| 06/28/2005 | 033455042200070 | • Cooktop | | 06/28/2005-11/21/2008 | $250.80 |
| 01/03/2006 | 033455042200076 | • Dishwasher, 1YR, 0800/UI300 | | 01/03/2006-11/21/2008 | $199.19 |
| 01/25/2008 | 033455042200086 | • Refrigerator, w/ice maker<br>• Compactor<br>• Treadmill, Power<br>• Cooktop<br>• Freezer, over 9 cu. ft. | • Oven, Built-In<br>• Dishwasher, Built-In<br>• Washer, Front Load Prem<br>• DryerG, Prem Plus<br>• Dishwasher, 1YR,0800/UI300 | 11/25/2008-11/21/2011 | $2,713.89 |
| 01/27/2009 | 033455042200088 | • Refrigerator, w/ice maker<br>• Compactor<br>• Treadmill, Power<br>• Cooktop<br>• Freezer, Over 9 cu. ft.<br>• Oven, Built-In | • Dishwasher, Built-In Washer, Front Load, Prem<br>• DryerG, Prem Plus<br>• Dishwasher,1YR, 0800/UI300<br>• Vacuum Clnr, Canister<br>• Vacuum Clnr, Canister | 01/27/2009-01/12/2014 | $4,764.09 |
| 05/11/2012 | 0334550422200088 | • Oven, Built-In TGI Only<br>• Cooktop TGI Only<br>• Refrigerator, w/ice maker<br>• Compactor<br>• Freezer, Full Size TGI Only | • Front Load Washer<br>• DryerG, Prem Plus Dishwasher, Built-In<br>• Dishwasher, 1yr, 0800/UI300<br>• Vacuum Clnr, Canister<br>• Vacuum Clnr, Canister | 05/11/2012-01/12/2014 | $4,218.85 |

34.    Over the time period for the maintenance service coverage provided by these agreements to Plaintiffs, Plaintiffs called for repairs on various products. Months and years after Plaintiffs paid for the MPAs, Plaintiffs learned that many of the products listed as covered by the

18-23538-shl   Doc 62-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
Case 2:18-cv-02546-Document #: 31 Filed: 05/11/16 Page 10 of 170 PageID #: 284
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 11 of 35

agreements—and for which they had paid for coverage—were not in fact covered. Thus, Sears collected money from Plaintiffs for products that were listed but never actually covered.

35.     One clear example of Sears' practice of selling MPAs for items that it does not actually cover is the treadmill for which plaintiffs contracted for service coverage beginning in 1999.  The treadmill was included in four different agreement certificates. Specifically, the treadmill was covered:

     a.  from 11/11/1999-11/21/2004 on MPA 033455042200051;

     b.  from 11/12/2004-11/21/2008 on MPA certificate number 033455042200065;

     c.  from 11/25/2008-11/21/2011 on MPA certificate number 03345504220086; and,

     d.  from 1/12/2009 – 1/12/2014 on MPA certificate number 033455042200088.

36.     It was not until March 2012, after Plaintiffs inquired for service under the MPA, that Sears informed Plaintiffs that the treadmill had never actually been covered. Sears allegedly refunded $500 for this non-coverage, but there was no explanation of how Sears arrived at this figure. Instead, the amount was simply credited to their account. A revised MPA 033455042200088 was sent to plaintiffs on May 11, 2012, which did not include the treadmill but included the other 11 items.

37.     Another illustrative example of a product that was listed on the MPAs but for which coverage was subsequently denied is the AMF trash compactor that plaintiffs purchased on January 1, 1995.  Specifically, the trash compactor was included in the following MPAs:

     a.  MPA certificate 033455042200041 listed and covered the compactor from 08/02/1998-08/10/1999;

     b.  MPA certificate 033455042200050 listed and covered the compactor from 11/11/1999-11/21/2004;

18-23538-shl  Doc 62-2-3  Filed 12/13/19  Entered 12/13/19 15:26:49  Exhibit B
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 12 of 35
Case 7:19-cv-02546  Document #: 31  Filed: 05/11/16  Page 12 of 17  PageID #:1286

    c.   MPA certificate 033455042200065 listed and covered the compactor from 11/12/2004-11/21/2008.

    d.   MPA certificate 033455042200086 listed and covered the compactor from 11/25/2008 to 11/21/2011; and,

    e.   MPA certificate 033455042200088 listed and covered the compactor from 1/27/2009 – 1/12/2014

38.    Plaintiffs wrote to Sears on April 19, 2012, stating that Mrs. Greene was recently informed that the compactor was never covered by the home service contracts. Nevertheless, Sears continued to charge her for the compactor. In fact, when Sears issued the revised/reissued MPA 033455042200088 on May 11, 2012, the trash compactor was still listed.

39.    Another example of a product for which plaintiffs paid for coverage through the MPAs was a Viking cooktop purchased by Plaintiffs in January 1996. This cooktop was included in the following MPAs:

    a.   MPA certificate 033455042200070, was specifically form the cooktop, and covered the time period 6/28/2005 – 11/21/2008;

    b.   MPA certificate 033455042200086, listed and covered the cooktop from 11/25/2008 – 11/21/2011; and,

    c.   MPA certificate 033455042200088; listed and covered the cooktop from 1/27/2009 to 1/12/2014.

40.    Plaintiffs in the letter to Sears on April 19, 2012, also indicated that they learned this product was not ever covered by the MPA. Nevertheless, the cooktop was included in the revised/reissued MPA 033455042200088 on May 11, 2012.

18-23538-shl   Doc 6212-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
Case 2:18-cv-02546 Document #: 31 Filed: 05/11/18 Page 12 of 17 PageID #:280
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 13 of 35

41.     Sears engaged in a course of conduct whereby it deceived consumers, misrepresenting to customers that their products were covered by the master service agreement after Plaintiffs and members of the Class identified the products that they wanted to include in the agreements and paid the charges Sears billed for such coverage.  Sears did not determine whether Sears actually could or would provide service maintenance coverage for those products until a repair or service request was made by the owner.  Sears continued to charge for products it could not and never intended to repair or service.  Sears did not communicate to its customers that it could not or would not provide service maintenance coverage.  Furthermore, even after Sears was caught by a consumer making a service request, Sears still did not return all the moneys wrongfully received for products that Sears does not actually cover.  Instead Sears kept the moneys Plaintiffs and the Class paid for the illusory master protection agreements, knowing this was a way to increase Sears' profits.

## CAUSES OF ACTION

## COUNT I-BREACH OF EXPRESS CONTRACT

42.     Plaintiffs and the Class re-allege and incorporate the foregoing paragraphs.

43.     Plaintiffs and the Class entered into MPAs with Defendants for which Plaintiffs and the Class paid moneys.

44.     Defendants breached the MPAs by failing to provide the benefits for which they contracted and received payment: the repair and/or replacement of products listed as covered by the MPAS.

45.     Defendants' conduct constitutes repeated breaches of contract.

46.     Plaintiffs and the Class have fulfilled all conditions precedent to bring this action.

12

18-23538-shl   Doc 6212-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 14 of 35
Case 1:18-cv-02546 Document #: 31 Filed: 05/11/18 Page 13 of 17 PageID #:287

47.      Defendants' breaches have injured Plaintiffs and the Class in amounts to be determined at trial.

<u>**COUNT II – UNJUST ENRICHMENT**</u>

48.      Plaintiffs and the Class re-allege and incorporate by reference the definitions of the terms "Plaintiffs," "Class" and "Defendants" set forth above.

49.      Plaintiffs and the Class were misled and deceived into paying the Defendants for repair and replacement coverage for products for which Defendants did not, in fact, provide such coverage.

50.      Defendants received Plaintiffs' and the Class' moneys for products and services that were supposedly covered but not actually included in the coverage and which were not expressly excluded from coverage either.   The payments received by Defendants constituted benefits conferred on the Defendants by Plaintiff and the Class.

51.      Defendants wrongfully kept the moneys of Plaintiffs and the Class, and appreciated said benefits.

52.      The wrongs complained of are ongoing.

53.      Plaintiffs and the Class were injured and harmed by Defendants' wrongful and deceitful taking of their moneys.

54.      Plaintiffs and the Class are entitled under the equitable doctrine of unjust enrichment to returns of the moneys paid to Defendants for coverage of products for which Defendants did not provide coverage.

<u>**COUNT III – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT**</u>

55.      Plaintiffs re-allege and incorporate by reference the allegations in the paragraphs above as if fully set forth herein, except paragraphs 48-54.

18-23538-shl   Doc 6212-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
Case 2:19-cv-02546 Document #: 31 Filed: 05/13/19 Page 14 of 17 PageID #:286
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 15 of 35

56.     In Illinois, the "Consumer Fraud and Deceptive Practices Act" 815 Ill. Comp. Stat. 505, et seq. ("the Act"), prohibits deceptive acts and practices in the conduct of any trade or commerce.

57.     Plaintiffs and the Class were injured by Defendants' deceptive misrepresentations, concealments and omissions and these misrepresentations, concealments and omissions were material and deceived Plaintiffs and the Class.

58.     Defendants do business in Illinois, have their headquarters and offices in Illinois, and engaged in deceptive acts and practices in connections with the sale of the MPAs in Illinois and elsewhere in the United States.

59.     SHC employees in the Illinois offices were responsible for investigating, responding to and attempting to resolve claims or complaints related to MPAs.

60.     MPAs are purchased by customers in three different fashions: (1) point of sale which is the brick and mortar store or on the internet; (2) some direct mail marketing, which could be an email or telemarketing call from Illinois or some outbound protection agreement call center; or (3) the service technician.

61.     Additionally, SHC runs the call centers where customers who have issues or questions about any of the products Sears sells of services that Sears offers call in to. The national operations manager is employed by SHC at the Illinois headquarters.

62.     The manager of the service contracts, the claims consultants, the claims investigators and the intake specialists dealing with claims, complaints, marketing tactics and strategies for the sales of protection agreements are located in the Illinois offices.

18-23538-shl    Doc 6212-3    Filed 12/13/19    Entered 12/13/19 15:26:49    Exhibit B
First Amended Class Action Complaint    Greene v. Sears Protection Comp    Pg 16 of 35
Case 2:18-cv-02546-DSC Document #: 31 Filed: 05/11/18 Page 15 of 174 PageID #: 280

63.    The investigation of Plaintiffs' claims concerning their MPA coverage occurred in the Illinois offices.  The communications to Plaintiffs about their MPA coverage came from the Illinois offices.

64.    The computer database, the Ciboodle systems management system, used to input customer claims is based in Illinois.

65.    The National Parts System database, NPS, which contains information on what appliances are purchased and what coverage is provided by and MPA is maintained in Illinois and accessible by those in the Illinois offices.

66.    Defendants' deceptive acts occurred in a course of conduct involving trade and commerce in Illinois and throughout the United States

67.    Defendants' deceptive acts proximately caused actual injury and damage to Plaintiffs and the Class.

68.    The conduct of Defendants constituted a consumer fraud under the Act.

### COUNT IV – VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. §201-1, et seq., 73 P.S. §201-2(4)(xxi)

69.    Plaintiffs re-allege and incorporate by reference the allegations in the paragraphs 1 – 41 above as if fully set forth herein.

70.    The contract entered into between Plaintiffs and the Class and Defendants is within the gamut of Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et seq.*

71.     Defendants knew they were deceiving Plaintiffs and the Class.  Defendants violated 73 P.S. §201-2(4)(xxi) through their fraudulent and/or deceptive conduct which created a likelihood of confusion and/or misrepresentation.

72.     As a direct and proximate result of Defendants' intentional and reckless conduct, its misrepresentations, acts, omissions and concealments, Plaintiffs and the Class sustained damages.

73.     The acts and/or omissions committed by Defendants, jointly and/or severally in violation of the UTPCPL, included, but are not limited to:

    a)      failing to comply with the terms of the written contract; and

    b)      knowingly misrepresenting the coverage of products by the MPA.

74.     For the reasons set forth above, Defendants have committed unfair and deceptive business practices prohibited by the UTPCPL, for which the Defendants are liable for actual damages, treble damages and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class request that the Court enter judgment in Plaintiffs' and the Class' favor and against Defendants:

A.      ruling that this action is properly maintainable as a class action, and appointing Plaintiffs as class representative, and the undersigned counsel as class counsel;

B.      awarding compensatory damages and all monetary relief authorized by law or referenced in this complaint;

C.      an order requiring disgorgement of all improperly received moneys into a constructive trust, or common fund, for the benefit of Plaintiffs and the Class;

D.      awarding prejudgment and post judgment interest;

18-23538-shl   Doc 6212-3   Filed 12/13/19   Entered 12/13/19 15:26:49   Exhibit B
First Amended Class Action Complaint   Greene v. Sears Protection Comp   Pg 18 of 35
Case 2:16-cv-02546 Document #: 31 Filed: 05/11/16 Page 17 of 17 PageID #:241

E.      awarding costs of this action, including reasonable attorney's fees and reimbursement of expenses, reasonably incurred, including experts' fees;

F.      awarding such other and further relief as this court may deem just, equitable, or proper; and

G.      for actual/ascertainable damages, including interest, attorney's fees, costs and expenses of suit and such additional amounts to be determined at the time of trial.

## JURY DEMAND

Pursuant to Fed. R. Civ. 38(b), Plaintiffs and the Class demand a jury trial.

Dated: March 11, 2016                          Plaintiffs

                                               By: /s/ *Marvin A. Miller*
                                               Marvin A. Miller
                                               Lori A. Fanning
                                               Kathleen E. Boychuck
                                               MILLER LAW LLC
                                               115 South LaSalle Street, Suite 2910
                                               Chicago, IL   60603
                                               Telephone:  (312) 332-3400

                                               Deborah R. Gross
                                               David M. DeVito
                                               KAUFMAN, COREN & RESS, P.C.
                                               2001 Market Street, Suite 3900
                                               Two Commerce Square
                                               Philadelphia, PA 19103
                                               Telephone: (215) 735-8700

                                               **Attorneys for Plaintiffs**

# EXHIBIT A

## Sears Maintenance Agreement

Don't worry. This isn't a bill.
It's confirmation of your Maintenance Agreement coverage.

**SEARS**
HomeCentral

The Service Side of Sears℠

0334550422 00050
N Greene
5 Saint Davids Rd
Wayne, PA 19087-4756

| CERTIFICATE NUMBER | CREDIT CARD NUMBER | EXPIRATION* |
|---|---|---|
| 033455042200050 | | 11/21/2004 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| VACUUM CLEANER, CENTRAL | | IN-HOME | 01/01/1992 |
| COMPACTOR | | IN-HOME | 01/01/1995 |
| EX.BIKE/SKIER/STEPPER | | IN-HOME | 01/01/1995 |
| FREEZER, OVER 9 CU. FT. | 501F | IN-HOME | 01/01/1996 |
| GRILL, OUTDOOR, GAS | 15985 | IN-HOME | 05/19/1998 |

*(guam 600. forplumber)*

*PAID 300. 11/13/03*
*PAID 600 - 12/15/03*

To schedule your annual Preventive Maintenance Check
or a repair, please call

# 1-800-4-MY-HOME℠
1-800-469-4663

Price: $1447.08
Tax Paid: $64.66
Total Paid: $1511.74

Unit #: 0009444
Printed: 11/17/99

See reverse side for terms and conditions.
*May reflect any warranty and current Maintenance Agreement coverage.

15140 (1/99) FL-BCT-S2000

Retain this Maintenance Agreement (hereafter referred to as MA) as proof of ownership.

1. COVERAGE AND TERM. Sears, Roebuck and Co. ("Sears") will furnish parts and service necessary to maintain the proper operating condition for the product(s) listed on the reverse side, including repairs necessary due to normal wear and tear. The expiration date and total price ("Total Price") of this MA are shown on the reverse side. Parts and service covered under any warranty will be provided under that warranty. Parts used to repair out of warranty product(s) may be either new or non-original manufacturer's parts at Sears option. You will receive this MA certificate within 30 days of the date of purchase. There are some limitations to coverage which are set forth in paragraphs 2, 4 and 11 below.

2. ELIGIBILITY FOR COVERAGE. You represent that the product(s) listed on the reverse side is in proper operating condition at the start of coverage and the information related to "Date Purchased" on the reverse side is correct. Any product which does not meet these requirements is not covered under this MA. Sears reserves the right to inspect the product(s) listed on the reverse side to determine eligibility for coverage. Coverage applies only to product(s) which are located at one address within a single dwelling unit.

3. PREVENTIVE MAINTENANCE. Sears will, at your request, perform an annual preventive maintenance check-up on any covered product(s).

4. LIMITATIONS OF COVERAGE. THIS MA DOES NOT COVER:
    a. any product located outside the United States and Puerto Rico except where Sears issues a Shop Service MA for which service is available by bringing the product into Sears Service Centers located in the United States and Puerto Rico. Service is available in Canada provided you have obtained a Hydro Commission CSA certificate for the product(s) at your expense.
    b. any product used for commercial purposes. A product is "used for commercial purposes" if it is used for any purpose other than single family house hold purposes. If a product is used for commercial purposes, Sears will cancel the Contract and refund the Total Price.
    c. after three years from the original date of purchase of any product, nonfunctional parts (such as trim) and cosmetic defects. This MA also does not cover any nonfunctional parts of product(s) purchased at Sears Outlet stores.
    d. installation other than the installation required to complete the repair of any covered product.
    e. repairs of any product which is damaged or malfunctioning due to causes beyond Sears control including, but not limited to, repairs necessitated by operator or owner negligence (such as the failure to maintain the product according to the owner's manual instructions), rust, abuse, theft, fire, flood, wind, lightning, freezing, power failure, power reduction or unusual atmospheric conditions.
    f. the following expendable items: vacuum cleaner bags, trash compactor bags, typewriter ribbons, copier toner, toner cartridge and drum cartridge for copiers, sewing machine needles, saw blades, belt sandpapor or any filters (except those for lawnmowers and tractors). For gasoline powered product only: replacement of fluids (gasoline, oil, etc.). These items, however, will be replaced at no extra charge if replacement is required to repair any covered product.
    g. the following products, parts and services: antenna systems, the main membrane on reverse osmosis systems, bent crankshafts and the pulling of deep well jets or submersible well pumps.
    h. changing or assembling attachments for tractors or riding mowers.

5. TIME AND PLACE OF SERVICE. Non-emergency service will be performed during Sears normal business hours. If your health or safety is endangered or if damage to or loss of your property is involved, emergency service is available in most markets. To arrange for service where your product is located, call 1-800-4-MY-HOME℠. In some cases, Sears will provide packaging and you must ship the covered product to us, at our expense, for repair. However, if the reverse side of this certificate indicates Shop Service, you must bring the covered product(s) to a Sears Service Center and pick it up.

6. FOOD LOSS REIMBURSEMENT FOR REFRIGERATORS AND FREEZERS. Sears will reimburse you up to $200 in any one year of coverage for any food spoilage that is the result of a mechanical failure of any covered product. The food loss must be verified by Sears. If the covered product is still under warranty, any reimbursement under this MA is in addition to any reimbursement under the warranty. In no case shall the total reimbursement under the warranty and this MA exceed the value of the food lost.

7. UNAVAILABILITY OF FUNCTIONAL PARTS OR TECHNICAL INFORMATION. If Sears determines it is unable to repair a covered product due to unavailability of functional parts or technical information, you are entitled, at your option, to a comparable product replacement or Sears will cancel this MA and refund the Total Price. In all cases, product comparability will be determined by Sears in its sole discretion.

8. CANCELLATION AND REFUNDS. You may cancel at any time for any reason by mailing written notice of cancellation to: Sears, 2080 Brentwood Street, High Point, NC 27263. Sears may cancel this MA if you fail to pay, make a material misrepresentation or substantially breach your duties under this MA. If you charged this MA to your charge account with Sears or any of its affiliates and do not make the required minimum monthly payment on such charge account or are otherwise in default under your credit card agreement, your right to receive services under this MA may be suspended. In such event, Sears may also cancel this MA by giving you written notice of such cancellation at the address shown on this MA. If this MA is canceled by you or Sears within sixty (60) days of the date purchased or prior to the expiration of the full warranty for the entire product, excluding warranties covering component parts of the product, Sears will refund the Total Price unless you charged this MA on your charge account with Sears or any of its affiliates, in which event Sears will credit such account for the Total Price of this MA. If this MA is
canceled thereafter, Sears will refund the Total Price allocable to the remainder of the term of this MA prorated on a monthly basis (the "Prorated Price") or, if you charged this MA on your charge account with Sears or any of its affiliates, Sears will credit such account for the Prorated Price.

9. TRANSFERABILITY. This MA is transferable to any subsequent owner of the covered products, subject to the terms and conditions of this MA, including paragraph 4.

10. RENEWAL. Neither you nor Sears is obligated to renew this MA beyond the expiration date. Prices may change upon renewal. By purchasing this Contract, you agree that Sears may call you to notify you of renewals and upgrade plans.

11. LIMITATION OF LIABILITY. EXCEPT AS STATED IN PARAGRAPH 6, NEITHER SEARS, NOR ITS AGENTS, CONTRACTORS OR LICENSEES ARE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, PROPERTY DAMAGE, LOST TIME, LOSS OF USE OF COVERED PRODUCT (S) OR ANY OTHER DAMAGES RESULTING FROM THE BREAKDOWN OR FAILURE OF COVERED PRODUCT (S) SERVICED UNDER THIS MA, DELAYS IN SERVICING OR THE INABILITY TO SERVICE ANY COVERED PRODUCT (S).

12. ARBITRATION. Any and all claims or disputes arising out of, in connection with, or in relation to the interpretation, performance, or breach of this MA shall be resolved, on an individual basis, by final and binding arbitration. However, this arbitration provision does not apply to any claim or dispute relating to the financing of or payment for this MA, any claim or dispute relating to any security interest in goods or services or any agreement, or disclosure relating to any financing, payment or security interest. All arbitrations shall be held at the office of the American Arbitration Association ("AAA") in closest proximity to your permanent residence. All arbitrators shall be administered by the AAA in accordance with its Commercial Arbitration Rules. The Federal Arbitration Act, 9 U.S.C. Sections 1, et. seq., shall govern all arbitrations under this MA.

13. UTAH CUSTOMERS. Coverage under this contract is not guaranteed by the Property and Casualty Guaranty Association. In the event of cancellation of this MA by Sears in accordance with the "Cancellation and Refunds" provisions above, Utah residents will receive ten (10) day prior written notice of cancellation.

14. GEORGIA CUSTOMERS. If Sears fails to pay any valid claim within 60 days, you may make a claim directly against Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185.

15. ALABAMA AND NEW YORK CUSTOMERS. Obligations of Sears under this service contract are backed by the full faith and credit of Sears.

Sears, Roebuck and Co., Obligor, Dept. 702PSM, 3333 Beverly Road, Hoffman Estates, IL 60179
MA SVC Rev. 1/99                                                                                                    Reorder #15140 Sears Forms Management

## Sears Maintenance Agreement

Don't worry. This isn't a bill.
It's confirmation of your Maintenance Agreement coverage.

**SEARS**
HomeCentral

The Service Side of Sears℠

0334550422 00051
N Greene
5 Saint Davids Rd
Wayne, PA 19087-4756

| CERTIFICATE NUMBER | CREDIT CARD NUMBER | EXPIRATION* |
|---|---|---|
| 033455042200051 | | 11/21/2004 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| REFRIGERATOR, W/ICE MAKER | 501R | IN-HOME | 01/01/1994 |
| TREADMILL, POWER | | IN-HOME | 01/01/1995 |

To schedule your annual Preventive Maintenance Check
or a repair, please call

# 1-800-4-MY-HOME℠
1-800-469-4663

Price: $801.11
Tax Paid: $56.08
Total Paid: $857.19

Unit #: 0009444
Printed: 11/17/99

See reverse side for terms and conditions.
*May reflect any warranty and current Maintenance Agreement coverage.

15140 (1/99)  FL-BCT-S2000

Retain this Maintenance Agreement (hereafter referred to as MA) as proof of ownership.

1. **COVERAGE AND TERM.** Sears, Roebuck and Co ("Sears") will furnish parts and service necessary to maintain the proper operating condition for the product(s) listed on the reverse side, including repairs necessary due to normal wear and tear. The expiration date and total price ("Total Price") of this MA are shown on the reverse side. Parts and service covered under any warranty will be provided under that warranty. Parts used to repair out of warranty product(s) may be either new or non-original manufacturer's parts at Sears option. You will receive this MA certificate within 30 days of the date of purchase. There are some limitations to coverage which are set forth in paragraphs 2, 4 and 11 below.

2. **ELIGIBILITY FOR COVERAGE.** You represent that the product(s) listed on the reverse side is in proper operating condition at the start of coverage and the information related to "Date Purchased" on the reverse side is correct. Any product which does not meet these requirements is not covered under this MA. Sears reserves the right to inspect the product(s) listed on the reverse side to determine eligibility for coverage. Coverage applies only to product(s) which are located in one address within a single dwelling unit.

3. **PREVENTIVE MAINTENANCE.** Sears will, at your request, perform an annual preventive maintenance check-up on any covered product(s).

4. **LIMITATIONS OF COVERAGE. THIS MA DOES NOT COVER:**
   a. any product located outside the United States and Puerto Rico except where Sears issues a Shop Service MA for which service is available by bringing the product into Sears Service Centers located in the United States and Puerto Rico. Service is available in Canada provided you have obtained a Hydro Commission CSA certificate for the product(s) at your expense.
   b. any product used for commercial purposes. A product is "used for commercial purposes" if it is used for any purpose other than single family house hold purposes. If a product is used for commercial purposes, Sears will cancel the Contract and refund the Total Price.
   c. after three years from the original date of purchase of any product, nonfunctional parts (such as trim) and cosmetic defects. This MA also does not cover any nonfunctional parts of product(s) purchased at Sears Outlet stores.
   d. installation other than the installation required to complete the repair of any covered product.
   e. repairs of any product which is damaged or malfunctioning due to causes beyond Sears control including, but not limited to, repairs necessitated by operator or owner negligence (such as the failure to maintain the product according to the owner's manual instructions), rust, abuse, theft, fire, flood, wind, lightning, freezing, power failure, power reduction or unusual atmospheric conditions.
   f. the following expendable items: vacuum cleaner bags, trash compactor bags, typewriter ribbons, copier toner, toner cartridge and drum cartridge for copiers, sewing machine needles, saw blades, belt sandpaper or any filters (except those for lawnmowers and tractors). For gasoline powered product only: replacement of fluids (gasoline, oil, etc.). These items, however, will be replaced at no extra charge if replacement is required to repair any covered product.
   g. the following products, parts and services: antenna systems, the main membrane on reverse osmosis systems, bent crankshafts and the pulling of deep well jets or submersible well pumps.
   h. changing or assembling attachments for tractors or riding mowers.

5. **TIME AND PLACE OF SERVICE.** Non-emergency service will be performed during Sears normal business hours. If your health or safety is endangered or if damage to or loss of your property is involved, emergency service is available in most markets. To arrange for service where your product is located, call 1-800-4-MY-HOME™. In some cases, Sears will provide packaging and you must ship the covered product to us, at our expense, for repair. However, if the reverse side of this certificate indicates Shop Service, you must bring the covered product(s) to a Sears Service Center and pick it up.

6. **FOOD LOSS REIMBURSEMENT FOR REFRIGERATORS AND FREEZERS.** Sears will reimburse you up to $200 in any one year for coverage for any food spoilage that is the result of a mechanical failure of any covered product. The food loss must be verified by Sears. If the covered product is still under warranty, any reimbursement under this MA is in addition to any reimbursement under the warranty. In no case shall the total reimbursement under the warranty and this MA exceed the value of the food lost.

7. **UNAVAILABILITY OF FUNCTIONAL PARTS OR TECHNICAL INFORMATION.** If Sears determines it is unable to repair a covered product due to unavailability of functional parts or technical information, you are entitled, at your option, to a comparable product replacement or Sears will cancel this MA and refund the Total Price. In all cases, product comparability will be determined by Sears in its sole discretion.

8. **CANCELLATION AND REFUNDS.** You may cancel at any time for any reason by mailing written notice of cancellation to: Sears, 2080 Brentwood Street, High Point, NC 27263. Sears may cancel this MA if you fail to pay, make a material misrepresentation or substantially breach your duties under this MA. If you charged this MA to your charge account with Sears or any of its affiliates and do not make the required minimum monthly payment on such charge account or are otherwise in default under your credit card agreement, your right to receive services under this MA may be suspended. In such event, Sears may also cancel this MA by giving you written notice of such cancellation at the address shown on this MA. If this MA is canceled by you or Sears within sixty (60) days of the date purchased or prior to the expiration of the full warranty for the entire product, excluding warranties covering component parts of the product, Sears will refund the Total Price unless you charged this MA on your charge account with Sears or any of its affiliates, in which event Sears will credit such account for the Total Price of this MA. If this MA is
canceled thereafter, Sears will refund the Total Price allocable to the remainder of the term of this MA prorated on a monthly basis (the "Prorated Price") or, if you charged this MA on your charge account with Sears or any of its affiliates, Sears will credit such account for the Prorated Price.

9. **TRANSFERABILITY.** This MA is transferable to any subsequent owner of the covered products, subject to the terms and conditions of this MA, including paragraph 4.

10. **RENEWAL.** Neither you nor Sears is obligated to renew this MA beyond the expiration date. Prices may change upon renewal. By purchasing this Contract, you agree that Sears may call you to notify you of renewals and upgrade plans.

11. **LIMITATION OF LIABILITY. EXCEPT AS STATED IN PARAGRAPH 6, NEITHER SEARS, NOR ITS AGENTS, CONTRACTORS OR LICENSEES ARE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, PROPERTY DAMAGE, LOST TIME, LOSS OF USE OF COVERED PRODUCT (S) OR ANY OTHER DAMAGES RESULTING FROM THE BREAKDOWN OR FAILURE OF COVERED PRODUCT (S) SERVICED UNDER THIS MA, DELAYS IN SERVICING OR THE INABILITY TO SERVICE ANY COVERED PRODUCT (S).**

12. **ARBITRATION.** Any and all claims or disputes arising out of, in connection with, or in relation to the interpretation, performance, or breach of this MA shall be resolved, on an individual basis, by final and binding arbitration. However, this arbitration provision does not apply to any claim or dispute relating to the financing of or payment for this MA, any claim or dispute relating to any security interest in goods or services or any agreement or disclosure relating to any financing, payment or security interest. All arbitrations shall be held at the office of the American Arbitration Association ("AAA") in closest proximity to your permanent residence. All arbitrators shall be administered by the AAA in accordance with its Commercial Arbitration Rules. The Federal Arbitration Act, 9 U.S.C. Sections 1, et. seq, shall govern all arbitrations under this MA.

13. **UTAH CUSTOMERS.** Coverage under this contract is not guaranteed by the Property and Casualty Guaranty Association. In the event of cancellation of this MA by Sears in accordance with the "Cancellation and Refunds" provisions above, Utah residents will receive ten (10) day prior written notice of cancellation.

14. **GEORGIA CUSTOMERS.** If Sears fails to pay any valid claim within 60 days, you may make a claim directly against Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185.

15. **ALABAMA AND NEW YORK CUSTOMERS.** Obligations of Sears under this service contract are backed by the full faith and credit of Sears.

Sears, Roebuck and Co, Obligor, Dept. 702PSM, 3333 Beverly Road, Hoffman Estates, IL 60179
MA SVC Rev 1/99

Reorder #15140 Sears Forms Management

18-23538-shl Doc 6212-3 Filed 12/13/19 Entered 12/13/19 15:26:49 Exhibit B
First Amended Class Action Complaint Greene v. Sears Protection Comp Pg 24 of 35
Case 2:18-cv-02546 Document 1-1 Filed 06/14/19 Page 6 of 17 PageID 24

# SEARS

Don't worry. This isn't a bill.
It's confirmation of your coverage.

***********AUTO** 3-DIGIT 190
0334550422 00052
Nina Greene
5 Saint Davids Rd.
Wayne, PA. 19087-4756

| **CERTIFICATE NUMBER** | **CREDIT CARD NUMBER** | **EXPIRATION*** |
|---|---|---|
| 033455042280052 | | 10/30/2008 |

| **PRODUCT** | **MODEL NUMBER** | **SERVICE LOCATION** | **PURCHASE DATE** |
|---|---|---|---|
| WASHER FRONT LOAD PREM | 1104493220B | IN-HOME | 10/14/2003 |

Price: $241.99
Tax Paid: $14.52
Total Paid: $256.51

See reverse side for terms and conditions.
* May reflect any warranty and current Service Agreement coverage.
** This item will continue to be covered by Sears until the original contracts' expiration date.

To schedule a repair, please call

# 1-800-4-MY-HOME
1-800-469-4663 or go online at www.sears.com.

Unit #: 0001684
Printed: 06/28/05
MPA MASS01
*** MPA

# SEARS

**Don't worry. This isn't a bill.**
**It's confirmation of your coverage.**

***********AUTO** 3-DIGIT 190
0334550422 00053
Nina Greene
5 Saint Davids Rd.
Wayne, PA 19087-4756

| CERTIFICATE NUMBER | CREDIT CARD NUMBER | EXPIRATION* |
|---|---|---|
| 03345504220053 | | 10/20/2008 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| DRYERG, PREM PLUS | 11094822200 | IN-HOME | 10/14/2003 |

---

Price: $209.99
Tax Paid: $12.60
Total Paid: $222.59

To schedule a repair, please call

**1-800-4-MY-HOME**
1-800-469-4663 or go online at www.sears.com.

Unit #: 0001884
Printed: 06/28/05
MPA MASS01
** MPA

See reverse side for terms and conditions.
* May reflect any warranty and current Service Agreement coverage.
** This item will continue to be covered by Sears until the original contracts' expiration date.

0505

# MASTER PROTECTION AGREEMENT

 and "your" refer to the purchaser of this MPA. Obligations under this Agreement are backed only by the full faith and credit of the Obligor. See paragraph 16 for state by state Obligor listing. SEE ALSO SPECIAL STATE EXCLUSIONS BELOW.

1. **COVERAGE AND TERM.** We will directly pay on your behalf for the cost of parts and services performed by a qualified repair provider that we shall designate (collectively referred to herein as "Sears Repair") necessary to maintain the proper operating condition (or the product(s) listed on the reverse side, including repairs necessary due to normal wear and tear. The commencement date, expiration date and total price ("Total Price") of this MPA are shown on the reverse side. Parts and service covered under any warranty or manufacturer's recall will be provided under that warranty or recall. Parts used to repair or replace your product(s) may be either new or rebuilt or non-original manufacturer's parts, at our option. Products, including those within the original manufacturer's warranty period, may be repaired or replaced with a comparable product, or we will issue a voucher for the replacement purchase price at our discretion. You will receive this MPA certificate within thirty (30) days of the date of purchase. **There are some limitations to coverage which are set forth in paragraphs 10, 11 and 12 below.**

2. **ELIGIBILITY FOR COVERAGE. You represent that the product(s) listed on the reverse side is in proper operating condition at the start of coverage and the information related to "Date Purchased" on the reverse side is correct.** Any product(s) which do not meet these requirements are not covered under this MPA. We reserve the right to inspect the product(s) listed on the reverse side to determine eligibility for coverage. Coverage applies only to product(s) which are located at one (1) address.

3. **PREVENTIVE MAINTENANCE.** At your request, we will directly pay Sears Repair to perform one (1) preventive maintenance check-up within any continuous twelve (12) month period that the product(s) are covered.

4. **TRANSFERABILITY.** This MPA is transferable to any subsequent owner of the covered product(s), subject to the terms and conditions of this MPA.

5. **FOOD LOSS REIMBURSEMENT FOR REFRIGERATORS AND FREEZERS.** We will reimburse you up to $250 within any continuous twelve (12) month period that the product(s) are covered, for any food spoilage that is the result of a mechanical failure of any covered product. The food loss must be verified by us. If the covered product is still under warranty, any reimbursement under this MPA is in addition to any reimbursement under the warranty. In no case shall the total reimbursement under the warranty and this MPA exceed the value of the food loss.

6. **REPLACEMENT AND NO LEMON GUARANTEE.** If we determine that a covered product is unrepairable due to unavailability of functional parts or technical information, you are entitled, at your option, to a comparable product replacement, or credit of comparable value determined by us, or we will cancel this MPA and refund the Total Price. We will, at your request, replace the product(s) covered by this MPA in the event of four (4) or more separate product failures, as determined by us, due to a defect in parts or workmanship within any continuous twelve (12) month period that the product(s) are covered. Product failures for these purposes must include repair or replacement of a functional, non-expendable part; and do not include preventive maintenance, product diagnosis, customer instruction, accessory, cosmetic, or non-functional repairs or replacement, or any repair covered under a manufacturer's product recall. To secure authorization, call 1-800-927-7836. Replacement products may be new or rebuilt to meet the manufacturer's specifications of the original product. Technological advances and product availability may result in a replacement product with a lower selling price than the original product. In all cases, product comparability will be determined by us at our sole discretion.

7. **RENTAL REIMBURSEMENT.** In the event that you will be without your covered product(s) due to a covered repair for a period of time that is longer than our original promised completion date, we will reimburse you for reasonable rental expenses of a comparable product for a period of time from one (1) day after the original promise date until the repair is completed. For in-home service, original promised completion date is the first date that a technician is scheduled to arrive to perform service. All reimbursements for rental expenses must be pre-authorized, and require copies of original receipts from an approved vendor along with completed claim forms. To secure authorization, call 1-800-927-7836.

8. **DISCOUNT ON NON-COVERED REPAIRS.** On the covered product(s), you are entitled to a 10% discount off the regular retail price on any service performed, and related installed parts, provided by Sears Repair that is not covered by this MPA.

9. **TIME AND PLACE OF SERVICE.** Service will be performed during the Sears Repair provider's normal business hours. If, due to the loss of the use of your product, your health or safety is endangered or if damage to or loss of your property is threatened, we will make our best effort to expedite service. To arrange for service where your product is located, call 1-800-4-MY-HOME® at any time. For service on computers and other home office equipment, call 1-800-877-8701. On some products, telephone support by a technician will be available and you will be required to check some operational functions and be given possible solutions before a technician is dispatched to your home. If the reverse side of this certificate indicates Shop Service, you must bring the covered product(s) to a Sears Repair location and pick it up following completed service. In some cases, you will be provided packaging and you must ship the covered product to our service provider, at our expense, for select types of merchandise, we may transfer covered product from your home to a specialized facility in order to complete the repair, at our expense if the product is covered by an in-home agreement.

10. **LIMITATIONS OF COVERAGE. THIS MPA DOES NOT COVER:**

   a. any product located outside the United States and Puerto Rico. Service is available in Canada provided you have obtained a Hydro Commission CSA certificate for the product(s) at your expense.

   b. any lawn and garden, gasoline powered or gas grill product.

   c. any floor care, fitness, sewing, non-operative laundry, computer equipment or power tool product used for any business or commercial purposes. A product is "used for business or commercial purposes" if it is used for any purpose other than single family household purposes. All products used for business or commercial purposes must have been purchased from a Sears Retail location. Central heating and cooling products must have been installed by a Sears authorized installer and no modifications to the original installation may have been made.

   d. repair of any product which is damaged or malfunctioning due to causes beyond our control including, but not limited to, repairs necessitated by operator or owner negligence (such as the failure to maintain the product according to the owner's manual instructions), improper installation, accidental damage, abuse, misuse, vandalism, theft, rust, corrosion, animal or insect infestation, power surge damage caused by lightning, and acts of nature.

   e. service required as a result of any alteration of the equipment or repairs made during the Agreement term which are not authorized by us, or are made by parties not specifically authorized by us.

   f. expendable items, including, but not limited to: any filters, bulbs or batteries (except camcorders), vacuum cleaner bags, ink jet printer heads, printer cartridges or drums, blades (gasoline, oil, etc.), sewing machine needles, saw blades, and other operating supplies and consumable items.

   g. the following products, parts, and services: installation (other than re-installation required to complete a covered repair, or replacement required under paragraph 6 of this MPA), antenna systems, pulling and re-installing of deep well jets or submersible well pumps.

   h. telephone, and/or gas, electrical or other lines, drains, or ductwork connecting to the equipment. Code upgrades are your responsibility.

   i. after three (3) years from the original date of purchase of any product, nonfunctional repairs, parts and cosmetic defects. This MPA also does not cover any nonfunctional repairs or parts or cosmetic defects of product(s) purchased as "Reconditioned" or "Used" or purchased at Sears Outlet stores.

   j. Coverage to your covered unit(s) if poor accessibility or unsafe working conditions.

The following additional limitations apply specifically to computer equipment:

   k. any software, including, but not limited to, application programs, databases, files, source codes, object codes or proprietary data, or any support, configuration, installation or reinstallation of any software or data. You are responsible for backing up copies of all your data and software on a regular basis.

   l. service required as a result of non-compatible software or due to improper software use or software virus.

   m. Hardware upgrade(s) not purchased at Sears or Sears PR. Hardware upgrades include: memory, hard disk drive, multimedia products, and printer font cartridges. Hardware upgrades purchased at Sears or Sears PR and installed into equipment are covered under this MPA. This MPA does not cover installation of hardware upgrades.

11. **SAFETY.** In the event that Sears Repair determines that it cannot service your covered unit(s) due to poor accessibility or unsafe working conditions or that it cannot restore your covered unit(s) to safe, working conditions due to causes beyond the scope of this Agreement, such as (but not limited to) code violations, improper storage, installation, use or movement of the equipment, including the failure to place the equipment in an area that complies with the manufacturer's published specs or environmental requirements, Sears Repair shall not be required to proceed with the covered repair(s) until you remedy the applicable hazard.

12. **LIMITATION OF LIABILITY.** EXCEPT AS STATED IN PARAGRAPHS 5, 6 AND 7, WE AND OUR AGENTS, CONTRACTORS OR LICENSEES ARE NOT LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, PROPERTY DAMAGE, LOST TIME, LOSS OF USE OF COVERED PRODUCT(S) OR ANY OTHER DAMAGES RESULTING FROM THE BREAKDOWN OR FAILURE OF COVERED PRODUCT(S) SERVICED UNDER THIS MPA, DELAYS IN SERVICING OR THE INABILITY TO SERVICE ANY COVERED PRODUCT(S).

13. **RENEWAL.** This party is obligated to renew this MPA beyond the expiration date. Prices may change upon renewal. By purchasing this Agreement, you agree that you may be called to notify you of renewals and upgrade plans.

14. **CANCELLATION AND REFUNDS.** You may cancel at any time for any reason by mailing written notice of cancellation to: Cancellation Services, 2000 Brentwood Street, High Point, NC 27263, ATTENTION: CUSTOMER SERVICE. We may cancel this MPA if you fail to pay, make a material misrepresentation, substantially breach your duties under this MPA, or if Sears Repair or its representatives determines that it cannot service your covered unit(s) due to poor accessibility or unsafe working conditions. If this MPA is canceled by you or us within sixty (60) days of the date received, or prior to the expiration of the full warranty for the entire product, excluding warranties covering component parts of the product, we will refund the full price. If this MPA is canceled thereafter, we will refund the Total Price allocable to the remainder of the term of this MPA prorated on a monthly basis. Any refund will be made in the same form as the original payment of the Total Price.

15. **ARBITRATION.** Any and all claims, disputes or controversies of any nature whatsoever (whether in contract, tort, or otherwise, including statutory, common law, fraud, other intentional tort, property and equitable claims) arising out of, relating to, or in connection with (1) this Agreement, (2) the relationships which result from this Agreement, or (3) the validity, scope, interpretation or enforceability of this arbitration provision or the entire Agreement ("Claim"), shall be resolved, on an individual basis without resort to any form of class action and not consolidated with the claims of any other parties, by final and binding arbitration before a single arbitrator. All arbitrators shall be administered by either the National Arbitration Forum ("NAF") or by JAMS in accordance with their respective Codes of Procedure in effect at the time the Claim is filed. The Code of Procedure, rules and forms of the selected forum may be obtained by visiting the forum's Web site: NAF Web site address is www.arb-forum.com and JAMS Web site address is www.jamsadr.com. Upon written request, we will advance to your claim of or part of the fees of either the NAF or JAMS and of the arbitrator. The arbitrator will decide whether you or we will ultimately be responsible for those fees. The arbitrator shall apply relevant, substantive law and applicable statutes of limitation and shall provide written, reasoned findings of fact and conclusions of law. This arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1, et. Seq. If any portion of this arbitration provision is deemed invalid or unenforceable, it shall not invalidate the remaining portions of this arbitration provision. For the purpose of this arbitration provision Obligor shall be deemed to include SPC, Sears, Sears PR, all of their subsidiaries, affiliates, successors and assigns, their respective principals, partners, officers and directors, and all of the dealers, licensees, agents, and employees of any of the foregoing entities. This arbitration provision shall inure to the benefit of and be binding on each of the aforementioned persons and entities. This provision shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of this Agreement. YOU AND WE UNDERSTAND AND AGREE THAT BECAUSE OF THIS ARBITRATION CLAUSE NEITHER YOU NOR US WILL HAVE THE RIGHT TO GO TO COURT EXCEPT AS PROVIDED ABOVE OR TO HAVE A JURY TRIAL, OR TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM. This arbitration provision does not prohibit: California resident from following the process to resolve complaints as outlined by the California Bureau of Electronic and Systems Repair (BEAR). To learn more about this process, you may contact BEAR or 1-800-952-5210, or you may write to Department of Consumer Affairs, Bureau of Electronic and Appliance Repair, 3485 Orange Grove Avenue, North Highlands, California 95660, or you may visit their website at www.bear.ca.gov.

16. **OBLIGOR.** The Obligor of this Agreement shall be determined by the ultimate location of the product(s) covered by this Agreement at the time of sale. For products located in CA, SPC shall be the Obligor for the following products: home electronics, appliances, lawn and garden, power tools and fitness equipment. For all other products in CA, Sears shall be the Obligor. In MW Sears shall be the Obligor. In Puerto Rico, Sears PR is the Obligor. In all other states, SPC shall be the Obligor.

17. **PUERTO RICO, CALIFORNIA, NEW MEXICO, WASHINGTON, WYOMING AND NEW YORK CUSTOMERS.** A 10% penalty per month shall be added to any refund that we fail to make within thirty (30) days of your cancellation of this Agreement with request for a refund.

18. **UTAH CUSTOMERS.** Coverage under this Agreement is not guaranteed by the Property and Casualty Guaranty Association. In the event of cancellation of this Agreement by Sears in accordance with the "Cancellation and Refunds" provisions above, Utah residents will receive thirty (30) day prior written notice of cancellation. There is no deductible applied for the performance of this contract. Any matter in dispute between you and Obligor shall be subject to arbitration as an alternative to court action pursuant to the rules of RAF or JAMS and the arbitration award and reduce attorney's fees if allowed by state law and may be entered as a judgment in any court of proper jurisdiction.

19. **KENTUCKY AND VIRGINIA CUSTOMERS.** If we fail to pay any valid claim within sixty (60) days, you may make a claim directly against Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185.

20. **INDIANA AND WEST VIRGINIA CUSTOMERS.** This Agreement is not an insurance policy and is not regulated by the Departments of Insurance for the states of Indiana and West Virginia.

21. **IOWA CUSTOMERS.** Obligor is subject to regulation by the insurance division of the Iowa Department of Commerce. Complaints that are not settled by us may be sent to the insurance division.

22. **TEXAS CUSTOMERS.** Any questions concerning the regulation of us under this Agreement or any unresolved complaints may be directed to the Texas Department of Licensing and Regulations—P.O. Box 12157 Austin, Texas 78711 or (512) 463-6599.

23. **SOUTH CAROLINA CUSTOMERS.** Any questions concerning the regulation of us under this Agreement or any unresolved complaints (within sixty (60) days of proof of loss) may be directed to the South Carolina Department of Insurance – P.O. Box 100105 Columbia, South Carolina 29202-3105 or (800) 768-3467. A 10% penalty per month shall be added to any refund that we fail to make within forty-five (45) days after the return of the Agreement to the provider.

24. **NORTH CAROLINA CUSTOMERS.** When cancellation a reasonable administrative fee not to exceed 10% of the pro rata refund may be charged. Obligor must notify the consumer before the purchase of this Agreement that its purchase is not necessary in order to purchase or obtain financing of the covered product.

25. **ALABAMA CUSTOMERS.** A 10% penalty per month shall be added to any refund that we fail to make within forty-five (45) days of your cancellation of this Agreement and request for a refund. This Agreement not charge a deductible for services rendered.

26. **WYOMING CUSTOMERS.** Any arbitration decision, consistent with Paragraph 15 of this Agreement, can be submitted to a court of competent jurisdiction for review in accordance with the Wyoming Arbitration Act.

27. **GEORGIA CUSTOMERS.** Notwithstanding the CANCELLATION AND REFUNDS section, we will only cancel this Agreement for fraud, material misrepresentation or nonpayment of amounts due under this Agreement. We will mail to you a written notice of back ten days prior to the date of cancellation for nonpayment, or at least thirty days prior to the date of cancellation for fraud or material misrepresentation. Obligor will not provide services under this Agreement if poor accessibility or unsafe working conditions exist, but these conditions are not grounds for cancellation. Nothing contained in the arbitration provision above or any provision elsewhere in this Agreement shall affect your right to make a claim directly against Safeco Insurance Company of America if we fail to pay any valid claim within sixty (60) days. The toll free number found on the claim settling web site is found, the Obligor shall not be administrable and sufficient insurance against Safeco as the claim. The claim should be sent to Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185 or (847) 490-2320 Attn: Ms. Ann Hester. Upon written request, we will advance to you 50% of the fees of either the NAF or JAMS and of the arbitrator. Any application under the Georgia Arbitration Code may be made to the court of the county in which this other party to this Agreement resides or has a place of business.

Sears Protection Company, Obligor, Dept. 762SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears, Roebuck and Co., Obligor, Dept. 762SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears Roebuck de Puerto Rico, Inc., Obligor, 383 F.D. Roosevelt Avenue, Hato Rey, Puerto Rico 00918
MPA SVC Rev. 12/1/04                                                                    FORM 4/g

18-23538-shl - Doc 6212-3 - Filed 12/13/19 - Entered 12/13/19 15:26:48 Exhibit B
First Amended Class Action Complaint — Greene v. Sears Protection Comp — Pg 27 of 35

A



**SEARS**

Don't worry. This isn't a bill.
It's confirmation of your Protection
Agreement coverage.

```
**************AUTO** 3-DIGIT 190
0334550422 00065
N. Greene
5 Saint Davids Rd. # N.
Wayne, PA 19087-4756
```

4 years    25 M — 2008

|  |  |  |
|---|---|---|
| **CERTIFICATE NUMBER**<br>033455042200065 | **CREDIT CARD NUMBER** | **EXPIRATION**<br>11/21/2008 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| **REFRIGERATOR, W/ICE MAKER | 501R | IN-HOME | 01/01/1994 |
| **COMPACTOR | | IN-HOME | 01/01/1995 |
| **TREADMILL, POWER | | IN-HOME | 01/01/1995 |
| **FREEZER, OVER 9 CU. FT. | 501F | IN-HOME | 01/01/1996 |
| DISHWASHER, BUILT-IN | | IN-HOME | 10/01/1998 |
| DISHWASHER, BUILT-IN | | IN-HOME | 10/01/2001 |
| WASHER FRONT LOAD PREM | 11044932200 | IN-HOME | 10/14/2003 |

Price: $1,786.29
Tax Paid: $72.62
Total Paid: $1,858.91

To schedule a repair, please call

**1 - 8 0 0 - 4 - M Y - H O M E**

1-800-469-4663 or go online at www.sears.com.

Unit #: 0009420
Printed: 11/23/04
MPA TIOTOi

See reverse side for terms and conditions.
* May reflect any warranty and current Service Agreement coverage.
** This item will continue to be covered by Sears until the original contracts' expiration date.

# SEARS

**Don't worry. This isn't a bill.
It's confirmation of your coverage.**

```
************AUTO** 3-DIGIT 190
0334550422 00067
Nina Greene
5 Saint Davids Rd.
Wayne, PA 19087-4756
```

| CERTIFICATE NUMBER | CREDIT CARD NUMBER | EXPIRATION* |
|---|---|---|
| 033455042200067 | | 11/21/2008 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| OVEN, BUILT-IN<br>DRTERG, PREP PLUS | 11094822200 | IN-HOME<br>IN-HOME | 05/20/1998<br>10/14/2003 |

Price: $248.08
Tax Paid: $0.52
Total Paid: $248.60

To schedule a repair, please call

**1-800-4-MY-HOME**

1-800-469-4663 or go online at www.sears.com.

Unit #: 0009903
Printed: 06/28/05
MPA TIOTOI
* * MPA

See reverse side for terms and conditions.
* May reflect any warranty and current Service Agreement coverage.
** This item will continue to be covered by Sears until the original contracts' expiration date.

0505

Case 3:19-cv-02406-JCS Document 1 Filed 12/13/19 Page 29 of 35
First Amended Class Action Complaint — Greene v. Sears Protection Comp. Pg 29 of 35
18-23538-shl Doc 6212-3 Filed 12/13/19 Entered 12/13/19 15:26:49 Exhibit B

**MASTER PROTECTION AGREEMENT**

and "your" refer to the purchaser of this MPA. Obligations under this Agreement are backed only by the full faith and credit of the Obligor. See paragraph 16 for state by state Obligor listing. **SEE ALSO SPECIAL STATE EXCLUSIONS BELOW.**

1. **COVERAGE AND TERM:** We will directly pay on your behalf for the cost of parts and services performed by a qualified repair provider that we shall designate (collectively referred to herein as "Sears Repair") necessary to maintain the proper operating condition for the product(s) listed on the reverse side, including repairs necessary due to normal wear and tear. The commencement date, expiration date and total price ("Total Price") of this MPA are shown on the reverse side. Parts and service covered under any warranty or manufacturer's recall will be provided under that warranty or recall. Parts used to repair or of warranty product(s) may be either new or rebuilt or non-original manufacturer's parts, at our option. Products including those within the original manufacturer's warranty period, may be repaired or replaced with a comparable product, or we will issue a voucher for the replacement purchase price at our discretion. You will receive this MPA certificate within thirty (30) days of the date of purchase. There are some limitations to coverage which are set forth in paragraphs 10, 11 and 12 below.

2. **ELIGIBILITY FOR COVERAGE. You represent that the product(s) listed on the reverse side is in proper operating condition at the start of coverage and the information related to "Date Purchased" on the reverse side is correct.** Any product(s) which do not meet these requirements are not covered under this MPA. We reserve the right to inspect the product(s) listed on the reverse side to determine eligibility for coverage. Coverage applies only to product(s) which are located at one (1) address.

3. **PREVENTIVE MAINTENANCE.** At your request, we will directly pay Sears Repair to perform one (1) preventive maintenance check-up within any continuous twelve (12) month period that the product(s) are covered

4. **TRANSFERABILITY.** This MPA is transferable to any subsequent owner of the covered product(s), subject to the terms and conditions of this MPA.

5. **FOOD LOSS REIMBURSEMENT FOR REFRIGERATORS AND FREEZERS.** We will reimburse you up to \$250 within any continuous twelve (12) month period that the product(s) are covered, for any food spoilage that is the result of a mechanical failure of any covered product. The food loss must be verified by us. If the covered product is all is under warranty, any reimbursement under this MPA is in addition to any reimbursement under the warranty. In no case shall total reimbursement under the warranty and the covered product the warranty and this MPA exceed the value of the food loss.

6. **REPLACEMENT AND NO LEMON GUARANTEE.** If we determine that a covered product is unrepairable due to unavailability of functional parts or technical information, you are entitled, at your option, to a comparable product replacement, or credit of comparable value determined by us, or we will cancel this MPA and refund the Total Price. We will, at your request, replace the product(s) covered by this MPA in the event of four (4) or more separate product failures, as documented by us, due to a defect in parts or workmanship within any continuous twelve (12) month period that the product(s) are covered. Product failures for these purposes must include repair or replacement of a functional, non-expendable part, and do not include preventive maintenance, product diagnostic, customer instruction, accessory, cosmetic, or non-functional repair or replacement, or any repair covered under a manufacturer's product recall. To secure authorization, call **1-800-927-7836**. Replacement product(s) may be new or rebuilt to meet the manufacturer's specifications at the original product. Technological advances and product availability may result in a replacement product with a lower selling price than the original product. In all cases, product comparability will be determined by us at our sole discretion.

7. **RENTAL REIMBURSEMENT** In the event that you will be without your covered product(s) due to a covered repair for a period of time that is longer than our original promised completion date, we will reimburse you for reasonable rental expenses of a comparable product for a period of time from one (1) day after the original promise date until the repair is completed. For in-home service, original promised completion date is the first date that a technician is scheduled to arrive to perform service. All reimbursements for rental expenses must be pre-authorized, and require copies of original receipts from an approved vendor along with completed claim forms. To secure authorization, call **1-800-927-7836.**

8. **DISCOUNT ON NON-COVERED REPAIRS.** On the covered product(s), you are entitled to a 10% discount off the regular retail price on any service performed, and related installed part, provided by Sears Repair that is not covered by this MPA.

9. **TIME AND PLACE OF SERVICE.** Service will be performed during the Sears Repair provider's normal business hours. If, due to the loss of the use of your product, your health or safety is endangered or if damage to or loss of your property is threatened, we will make our best effort to expedite service. To arrange for service where your product is located, call **1-800-4-MY-HOME** at any time. For service on computers and other home office equipment, call **1-800-827-8701.** On some products, telephone support by a technician will be available and you will be required to check some operational functions and be given possible solutions before a technician is dispatched to your home. If the reverse side of this certificate indicates Shop Service, you must bring the covered product(s) to a Sears Repair location and pick it up following completed service. In some cases, you will be provided packaging and you must ship the covered product to a service provider, at our expense, for exact repair types of merchandise, we may transfer covered product from your home to a specialized facility in order to complete the repair, at our expense if the product is covered by an in-home agreement.

10. **LIMITATIONS OF COVERAGE. THIS MPA DOES NOT COVER:**

   a. any product located outside the United States and Puerto Rico. Service is available in Canada provided you have obtained a Hydro Commission CSA certificate for the product(s) at your expense.
   
   b. any item and garden, plumbing covered or gas grill product.
   
   c. any floor care, fitness, sewing, commercial laundry, computer equipment or power tool product used for any business or commercial purposes. A product is "used for business or commercial purposes" if it is used for any purpose other than single family household purposes. All products used for business or commercial purposes must have been purchased from a Sears Retail location. Central heating and cooling products must have been installed by a Sears authorized installer and no modifications to the original installation may have been made.
   
   d. repair of any product which is damaged or malfunctioning due to causes beyond our control including, but not limited to, repairs necessitated by operator or owner negligence (such as the failure to maintain the product according to the owner's manual instructions), improper installation, accidental damage, abuse, misuse, vandalism, theft, rust, corrosion, animal or insect infestation, power surge damage caused by lightning, and acts of nature.
   
   e. service required as a result of any alteration of the equipment or repairs made during the Agreement term which are not authorized by us, or are made for purposes not specifically authorized by us.
   
   f. expendable items, including, but not limited to: any filters, bulbs or batteries (except camcorders), vacuum cleaner bags, ink jet print heads, printer cartridges or drums, fluids (gasoline, oil, etc.), sewing machine needles, saw blades, and other operating supplies and consumable items.
   
   g. the following products, parts, and services: installation other than re-installation required to reinstate a covered repair, or replacement required under paragraphs 6 of this MPA), antenna systems, pulling and re-installing of deep well jets or submersible well pumps.
   
   h. telephone, water, gas, electrical or other lines, drains, or ductwork connecting to the equipment. Code upgrades are your responsibility.
   
   i. after three (3) years from the original date of purchase of any product, nonfunctional repairs, parts and cosmetic defects. This MPA also does not cover any nonfunctional repairs or parts or cosmetic defects of product(s) purchased as "Reconditioned" or "Used" or purchased at Sears Outlet stores.
   
   j. coverage to your covered unit(s) if poor accessibility or unsafe working conditions.

   The following additional limitations apply specifically to computer equipment:
   
   k. any software, including, but not limited to, application programs, databases, files, source codes, object codes or proprietary data, or any support, configuration, installation or reinstallation of any software or data. You are responsible for backing up copies of all your data and software on a regular basis.
   
   l. service required as a result of non-compatible software or due to improper software use or software virus.
   
   m. Hardware upgrade(s) not purchased at Sears or Sears PR. Hardware upgrades include: memory, hard disk drive, multimedia products, and printer font cartridges. Hardware upgrades purchased at Sears or Sears PR and installed into equipment are covered under this MPA. This MPA does not cover installation of hardware upgrades.

11. **SAFETY.** In the event that Sears Repair determines that it cannot service your covered unit(s) due to poor accessibility or unsafe working conditions or due to hazards beyond the scope of this Agreement, such as (but not limited to) code violations, improper wiring, infestation, use or movement of the equipment, including the failure to place the equipment in an area that complies with the manufacturer's published specs or environmental requirements, Sears Repair shall not be required to proceed with the covered repair(s) until you remedy the applicable hazard.

12. **LIMITATION OF LIABILITY.** EXCEPT AS STATED IN PARAGRAPHS 5, 6 AND 7. WE AND OUR AGENTS, CONTRACTORS OR LICENSEES ARE NOT LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, PROPERTY DAMAGE, LOST TIME, LOSS OF USE OF COVERED PRODUCT(S) OR ANY OTHER DAMAGES RESULTING FROM THE BREAKDOWN OR FAILURE OF COVERED PRODUCT(S) SERVICED UNDER THIS MPA, DELAYS IN SERVICING OR THE INABILITY TO SERVICE ANY COVERED PRODUCT(S).

13. **RENEWAL.** No party is obligated to renew this MPA beyond the expiration date. Prices may change upon renewal. By purchasing this Agreement, you agree that you may be called to notify you of renewals and upgrade plans.

14. **CANCELLATION AND REFUNDS.** You may cancel at any time for any reason by mailing written notice of cancellation to: Cancellation Services, 2840 Brentwood Street, High Point, NC 27263, ATTENTION: CUSTOMER SERVICE. We may cancel this MPA if you fail to pay, make a material misrepresentation, substantially breach your duties under this MPA, or if Sears Repair or its representatives determines that it cannot service your covered unit(s) due to poor accessibility or unsafe working conditions. If this MPA is canceled by you or us within sixty (60) days of the date received, or prior to the expiration of the full warranty for the entire product, excluding warranties covering component parts of the product, we will refund the Total Price. If this MPA is canceled thereafter, we will refund the Total Price allocable to the remainder of the term of this MPA prorated on a monthly basis. Any refund will be made in the same form as the original payment of the Total Price.

15. **ARBITRATION.** Any and all claims, disputes or controversies of any nature whatsoever (whether in contract, tort, or otherwise, including statutory, common law, fraud, other intentional tort, property and equitable claims) arising out of, relating to, or in connection with (1) this Agreement, (2) the relationships which result from this Agreement, or (3) the validity, scope, interpretation or enforceability of this arbitration provision or the entire Agreement ("Claim"), shall be resolved, on an individual basis without resort to any form of class action and not consolidated with the claims of any other parties, by final and binding arbitration before a single arbitrator. All arbitrations shall be administered by either the National Arbitration Forum ("NAF") or by JAMS in accordance with their respective Code of Procedure in effect at the time the Claim is filed. The Code of Procedure, rules and forms of the selected forum may be obtained by visiting the forum's Web site. NAF Web site address is www.arb-forum.com and JAMS Web site address is www.jamsadr.com. Upon written request, we will advance to you either all or part of the fees of either the NAF or JAMS and of the arbitrator. The arbitrator will decide whether you or we will ultimately be responsible for these fees. The arbitrator shall apply relevant, substantive law and applicable statutes of limitation and shall provide written, reasoned findings of fact and conclusions of law. This arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1, et. Seq. If any portion of this arbitration provision is deemed invalid or unenforceable, it shall not invalidate the remaining portions of this arbitration provision. For the purpose of this arbitration provision Obligor shall be deemed to include Sears, PR, all of their subsidiaries, affiliates, successors and assigns, their respective principals, partners, officers and directors, and all of the dealers, licensees, agents, and employees of any of the foregoing entities. This arbitration provision shall insure to the benefit of and be binding on each of the aforementioned persons and entities. This provision shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of this Agreement. YOU AND WE UNDERSTAND AND AGREE THAT BECAUSE OF THIS ARBITRATION CLAUSE NEITHER YOU NOR US WILL HAVE THE RIGHT TO GO TO COURT EXCEPT AS PROVIDED ABOVE OR TO HAVE A JURY TRIAL OR TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM. This arbitration provision does not prohibit you from following the process to resolve complaints as outlined by the California Bureau of Electronic and Appliance Repair (BEAR). To learn more about this process, you may contact BEAR at 1-800-952-5210, or you may write to Department of Consumer Affairs, Bureau of Electronic and Appliance Repair, 3485 Orange Grove Avenue, North Highlands, California 95660, or you may visit their website at www.bear.ca.gov.

16. **OBLIGOR.** The Obligor of this Agreement shall be determined by the ultimate location of the product(s) covered by this Agreement at the time of sale. For products located in CA, SPC shall be the Obligor for the following products: home electronic, appliances, lawn and garden, power tools and fitness equipment. For all other products in CA, Sears shall be the Obligor. In MN Sears shall be the Obligor. In Puerto Rico, Sears PR is the Obligor. In all other states, SPC shall be the Obligor.

17. **PUERTO RICO, CALIFORNIA, NEW MEXICO, WASHINGTON, WYOMING AND NEW YORK CUSTOMERS.** A 10% penalty per month shall be added to any refund that we fail to make within thirty (30) days of your cancellation of this agreement and request for a refund.

18. **UTAH CUSTOMERS.** Coverage under this Agreement is not guaranteed by the Property and Casualty Guaranty Association. In the event of cancellation of this Agreement by Sears in accordance with the "Cancellation and Refunds" provisions above, Utah residents will receive thirty (30) day prior written notice of cancellation. There is no deductible applied for the performance of this contract. Any matter in dispute between you and Obligor shall be subject to arbitration as an alternative to court action pursuant to the rules of NAF or JAMS and the arbitration award shall not be binding if entered by state law and may be entered as a judgement in any court of proper jurisdiction.

19. **KENTUCKY AND VIRGINIA CUSTOMERS.** If we fail to pay any valid claim within sixty (60) days, you may make a claim directly against Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185.

20. **INDIANA AND WEST VIRGINIA CUSTOMERS.** This Agreement is not an insurance policy and is not regulated by the Departments of Insurance for the states of Indiana and West Virginia.

21. **IOWA CUSTOMERS.** Obligor is subject to regulation by the insurance division of the Iowa Department of Commerce. Complaints that are not settled by us may be sent to the insurance division.

22. **TEXAS CUSTOMERS.** Any questions concerning the regulation of us under this Agreement or any unresolved complaints may be directed to the Texas Department of Licensing and Regulation—P.O. Box 12157 Austin, Texas 78711 or (512) 463-6599.

23. **SOUTH CAROLINA CUSTOMERS.** Any questions concerning the regulation of us under this Agreement or any unresolved complaints (within sixty (60) days of proof of loss) may be directed to the South Carolina Department of Insurance—P.O. Box 100105 Columbia, South Carolina 29202-3105 or (800) 768-3467. A 10% penalty per month shall be added to any refund that we fail to make within forty-five (45) days after the return of the Agreement to the provider.

24. **NORTH CAROLINA CUSTOMERS.** Upon cancellation a reasonable administrative fee not to exceed 10% of the pro rata refund may be charged. Obligor may notify the consumer before the purchase of this Agreement that its purchase is not necessary in order to guarantee or obtain financing of the covered product.

25. **ALABAMA CUSTOMERS.** A 10% penalty per month shall be added to any refund that we fail to make within forty-five (45) days of your cancellation of this Agreement and request for a refund. This Agreement will not charge a deductible for services rendered.

26. **WYOMING CUSTOMERS.** Any arbitration decision, consistent with Paragraph 15 of this Agreement, can be submitted to a court of competent jurisdiction for review in accordance with the Wyoming Arbitration Act.

27. **GEORGIA CUSTOMERS.** Notwithstanding the CANCELLATION AND REFUNDS section, we will only cancel this Agreement for fraud, material misrepresentation or nonpayment of amounts due under this Agreement. We will mail to you a written notice at least ten days prior to the date of cancellation for nonpayment, or at least thirty days prior to the date of cancellation for fraud or material misrepresentation. Obligor will not provide service under this Agreement if poor accessibility or unsafe working conditions exist, but these conditions are not grounds for cancellation. Nothing contained in the arbitration provision above or any provision elsewhere in this Agreement shall affect your right to make a claim directly against Safeco Insurance Company of America if we fail to pay any valid claim within sixty (60) days. The fact that an arbitration proceeding has been held, and the record, evidence, and outcome thereof shall not be admissible in evidence or be any other consideration against Safeco in this claim. The claim should be sent to Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185 or (847) 490-2320 Attn: Ms. Ann Hester. Upon written request, we will advance to you 50% of the fees of either the NAF or JAMS and of the arbitrator. Any application under the Georgia Arbitration Code may be made to the court of the county in which the other party to this Agreement resides or has a place of business.

Sears Protection Company, Obligor, Dept. 702SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears, Roebuck and Co., Obligor, Dept. 702SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears Roebuck de Puerto Rico, Inc., Obligor, 383 F.D. Roosevelt Avenue, Hato Rey, Puerto Rico 00918
MPA SVC Rev. 12/1/04                                                               FORM 4/g

Case 2:15-cv-02546 Document 34-4 Filed 04/18/16 Page 12 of 29 PageID: 55

## SEARS

**Don't worry. This isn't a bill.**
**It's confirmation of your coverage.**

************AUTO** 3-DIGIT 190
0334550422 00070
Nina Greene
5 Saint Davids Rd.
Wayne, PA 19087-4756

|ınıllılıllıılıılılılııllıılılılıllıllıılılılılı|

| **CERTIFICATE NUMBER** | **CREDIT CARD NUMBER** | **EXPIRATION\*** |
|---|---|---|
| 03345504220070 | | 11/21/2008 |

| **PRODUCT** | **MODEL NUMBER** | **SERVICE LOCATION** | **PURCHASE DATE** |
|---|---|---|---|
| COOKTOP | | IN-HOME | 01/01/1996 |

Price: $236.60
Tax Paid: $14.20
Total Paid: $250.80

To schedule a repair, please call
**1 - 8 0 0 - 4 - M Y - H O M E**
1-800-469-4663 or go online at www.sears.com.

Unit #: 0009468
Printed: 06/26/05
MPA TIOTOI
\*\* MPA

See reverse side for terms and conditions.
\* May reflect any warranty and current Service Agreement coverage.
\*\* This item will continue to be covered by Sears until the original contracts' expiration date.

0505

**MASTER PROTECTION AGREEMENT**

Sears Protection Company, Oblagor, Dept. 782SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears, Roebuck and Co., Oblagor, Dept. 782SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears Roebuck de Puerto Rico, Inc., Oblagor, 383 F.D. Roosevelt Avenue, Hato Rey, Puerto Rico 00918
MPA SVC Rev. 12/1/04                                                        FORM 4/g

# SEARS

Don't worry. This isn't a bill.
It's confirmation of your coverage.

```
*************AUTO*** 3-DIGIT 190
0334550422 00076
Nina Greene
5 Saint Davids Rd.
Wayne, PA 19087-4756
```

| CERTIFICATE NUMBER | CREDIT CARD NUMBER | EXPIRATION* |
|---|---|---|
| 03345504220076 | ▮▮▮▮▮▮▮▮ | 11/21/2008 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| DISHWASHER, 1YR, O800/U1300 | 666KUD902SRWH | IN-HOME | 12/07/2005 |

Price: $199.19
Tax Paid: $0.00
Total Paid: $199.19

See reverse side for terms and conditions.
* May reflect any warranty and current Service Agreement coverage.

To schedule a repair, please call

**1-800-4-MY-HOME**
1-800-469-4663 or go online at www.sears.com.

Unit #: 0009420
Printed: 1/3/06
MPA REPLO1
** MPA

0505

**MASTER PROTECTION AGREEMENT**

Congratulations on your purchase, and thank you for choosing this Master Protection Agreement (referred to in this document as "MPA" or "Agreement"). The terms "we," "us," and "our" refer to Sears, Roebuck and Co. ("Sears"), in states where SPC is the Obligor, Sears in states where Sears is the Obligor, Sears Home Improvement Products and Services, Inc. ("SHIP"), a wholly owned subsidiary of Sears, Roebuck, and Co., in states where SHIP is the Obligor, and Sears Roebuck de Puerto Rico, Inc. ("Sears PR"), a wholly-owned subsidiary of Sears, in Puerto Rico. The terms "you" and "your" refer to the purchaser of this MPA. Obligations under this Agreement are backed only by the full faith and credit of the Obligor. See page back for state by state Obligor listing. **SEE ALSO SPECIAL STATE EXCLUSIONS BELOW.**

1. **COVERAGE AND TERM.** We will directly pay on your behalf for the cost of parts and services performed by a qualified repair provider that we shall designate (collectively referred to herein as "Sears Repair") necessary to maintain the proper operating condition for the product(s) listed on the reverse side, including repairs necessary due to normal wear and tear. The commencement date, expiration date and total price ("Total Price") of this MPA are shown on the reverse side. Parts and service covered under any warranty or manufacturer's recall will be provided under that warranty or recall. Parts equal to repair out of warranty product(s) may be either new or rebuilt or non-original manufacturer's parts, at our option. Products including those within the original manufacturer's warranty period, may be repaired or replaced with a comparable product, or we will issue a voucher for the replacement purchase price at our discretion. You will receive this MPA certificate within thirty (30) days of the date of purchase. **There are some limitations to coverage which are set forth in paragraphs 10, 11 and 12 below.**

2. **ELIGIBILITY FOR COVERAGE.** You represent that the product(s) listed on the reverse side is in proper operating condition at the start of coverage and the information related to "Date Purchased" on the reverse side is correct. Any product(s) which do not meet these requirements are not covered under this MPA. We reserve the right to inspect the product(s) listed on the reverse side to determine eligibility for coverage. Coverage applies only to product(s) which are located at one (1) address.

3. **PREVENTIVE MAINTENANCE.** At your request, we will directly pay Sears Repair to perform one (1) preventive maintenance check-up within any continuous twelve (12) month period that the product(s) are covered.

4. **TRANSFERABILITY.** This MPA is transferable by any subsequent owner of the covered product(s), subject to the terms and conditions of this MPA.

5. **FOOD LOSS REIMBURSEMENT FOR REFRIGERATORS AND FREEZERS.** We will reimburse you up to $250 within any continuous twelve (12) month period that the product(s) are covered, for any food spoilage that is the result of a mechanical failure of the covered product. The food loss must be verified by us. If the covered product is still under warranty, any reimbursement under this MPA is in addition to any reimbursement under the warranty. In no case shall the total reimbursement under the warranty and this MPA exceed the value of the food loss.

6. **REPLACEMENT AND NO LEMON GUARANTEE.** If we determine that a covered product is irreparable due to unavailability of functional parts or technical information, you are entitled, at your option, to a comparable product replacement, or credit of comparable value determined by us, or we will cancel this MPA and refund the Total Price. We will, at your request, replace the product(s) covered by this MPA in the event of four (4) or more separate product failures, as determined by us, due to a defect in parts or workmanship within any continuous twelve (12) month period that the product(s) are covered. Product failures for these purposes must include repair or replacement of a functional, non-expendable part, and do not include preventive maintenance, product diagnosis, customer instruction, accessory, cosmetic, or non-functional repair or replacement, or any repair covered under a manufacturer's product recall. To secure authorization, call 1-800-927-7836. Replacement products may be new or rebuilt to meet the manufacturer's specifications of the original product. Technological advances and product availability may result in a replacement product with a lower selling price than the original product. In all cases, product comparability will be determined by us at our sole discretion.

7. **RENTAL REIMBURSEMENT.** In the event that you will be without your covered product(s) due to a covered repair for a period of time that is longer than our original promised completion date, we will reimburse you for reasonable rental expenses of a comparable product for a period of time from one (1) day after the original promise date until the repair is completed. For in-home service, original promised completion date is the first date that a technician is scheduled to arrive to perform service. All reimbursements for rental expenses must be pre-authorized, and require copies of original receipts from an approved vendor along with completed claim forms. To secure authorization, call 1-800-927-7836.

8. **DISCOUNT ON NON-COVERED REPAIRS.** On the covered product(s), you are entitled to a 10% discount off the regular retail price on any service performed, and related installed parts, provided by Sears Repair that is not covered by this MPA.

9. **TIME AND PLACE OF SERVICE.** Service will be performed during the Sears Repair provider's normal business hours. If, due to the loss of the use of your product, your health or safety is endangered or if damage to or loss of your property is threatened, we will make commercially reasonable efforts to expedite service. To arrange for service where your product is located, call 1-800-4-MY-HOME® at any time. For service on computers and other home office equipment, call 1-800-877-8701. On some product(s), telephone support by a technician will be available and you will be required to check some operational functions and be given possible solutions before a technician is dispatched to your home. If the reverse side of this certificate indicates Shop Service, you must bring the covered product(s) to a Sears Repair location and pick it up following completed service. In some cases, you will be provided packaging and you must ship the covered product to our service provider, at your expense, for repair. For select types of merchandise, we may transfer covered product from your home to a specialized facility in order to complete the repair, at our expense if provided in the same or a comparable arrangement.

10. **LIMITATIONS OF COVERAGE. THIS MPA DOES NOT COVER:**
   a. any product located outside the United States and Puerto Rico. Service is available in Canada provided you have obtained a Hydro Commission (CSA certificate for the product(s) at your expense.
   b. any lawn and garden, gasoline powered or gas grill product.
   c. any fixtures, fittings, awning, coin operated laundry, computer equipment or power tool products used for any business or commercial purposes. A product is "used for business or commercial purposes" if it is used for any purpose other than single family household purposes. All products used for business or commercial purposes must have been purchased from a Sears Retail location. Central heating and cooling products must have been installed by a Sears authorized installer and no modifications to the original installation may have been made.
   d. repair of any product which is damaged or malfunctioning due to causes beyond our control including, but not limited to, repairs necessitated by operator or owner negligence (such as the failure to maintain the product according to the owner's manual instructions), improper installation, accidental damage, abuse, misuse, vandalism, theft, rust, corrosion, animal or insect infestation, power surge damage caused by lightning, and acts of nature.
   e. service required as a result of any alteration of the equipment or repairs made during the Agreement term which are not authorized by us, or are made by parties not specifically authorized by us.
   f. expendable items, including, but not limited to: any filters, bulbs or batteries (except computer batteries), vacuum cleaner bags, ink jet print heads, printer cartridges or drums, fluids (gasoline, oil, etc.), sewing machine needles, shoe blades, and other operating supplies and consumable items.
   g. the following products, parts, and services: installation (other than re-installation required to complete a covered repair, or replacement required under paragraph 6 of this MPA), antenna systems, pulling and re-installing of deep well jets or submersible well pumps.
   h. telephone, water, gas, electrical or other lines, drains, or ductwork connecting to the equipment. Code upgrades are your responsibility.
   i. other three (3) years from the original date of purchase of any product, nonfunctional repairs, parts and cosmetic defects. This MPA also does not cover any nonfunctional repairs or parts or cosmetic defects of product(s) purchased as "Reconditioned" or "Used" or purchased at Sears Outlet stores.
   j. Coverage to your covered unit(s) if poor accessibility or unsafe working conditions.

The following additional limitations apply specifically to computer equipment:
   k. any software, including, but not limited to, application programs, databases, files, source codes, object codes or proprietary data, or any support, configuration, installation or reinstallation of any software or data. You are responsible for backing up copies of all your data and software on a regular basis.
   l. service required as a result of non-compatible software or due to improper software use or software virus.
   m. Hardware upgrade(s) not purchased at Sears or Sears PR. Hardware upgrades include: memory, hard disk drive, multimedia products, and printer font cartridges. Hardware upgrades purchased at Sears or Sears PR and installed into equipment are covered under this MPA. This MPA does not cover installation of hardware upgrades.

11. **SAFETY.** In the event that Sears Repair determines that it cannot service your covered unit(s) due to poor accessibility or unsafe working conditions or that it cannot restore your service unit(s) to a safe, working condition due to reasons beyond the scope of this Agreement, such as (but not limited to) code violations, improper site, installation, use or movement of the equipment, including the failure to place the equipment in an area that complies with the manufacturer's published space or environmental requirements, Sears Repair shall not be required to proceed with the covered repair(s) until you remedy the applicable hazard.

12. **LIMITATION OF LIABILITY EXCEPT AS STATED IN PARAGRAPHS 5, 6 AND 7, WE AND OUR AGENTS, CONTRACTORS OR LICENSEES ARE NOT LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, BUT NOT LIMITED TO, PROPERTY DAMAGE, LOST TIME, LOSS OF USE OF COVERED PRODUCT(S) OR ANY OTHER DAMAGES RESULTING FROM THE BREAKDOWN OR FAILURE OF COVERED PRODUCT(S) SERVICED UNDER THIS MPA. DELAYS IN SERVICING OR THE INABILITY TO SERVICE ANY COVERED PRODUCT(S).**

13. **RENEWAL.** No party is obligated to renew this MPA beyond the expiration date. Prices may change upon renewal. By purchasing this Agreement, you agree that you may be called to notify you of renewals and upgrade plans.

14. **CANCELLATION AND REFUNDS.** You may cancel at any time for any reason by mailing written notice of cancellation to: Cancellation Services, 2080 Brentwood Street, High Point, NC 27263, ATTENTION: CUSTOMER SERVICE. We may cancel this MPA if you fail to pay, make a material misrepresentation, substantially breach your duties under this MPA, or if Sears Repair or its representatives determines that it cannot service your covered unit(s) due to poor accessibility or unsafe working conditions. If this MPA is canceled by you or us within sixty (60) days of the date received, or prior to the expiration of the full warranty for the entire product, excluding warranties covering component parts of the product, we will refund the Total Price. If this MPA is canceled thereafter, we will refund the Total Price allocable to the remaining portion of the term of this MPA pro-rated on a monthly basis. Any refund will be made in the same form as the original payment of the Total Price.

15. **ARBITRATION.** Any and all claims, disputes or controversies of any nature whatsoever (whether in contract, tort, or otherwise, including statutory, common law, fraud, other intentional tort, property and equitable claims) arising out of, relating to, or in connection with (1) this Agreement, (2) the relationships which result from this Agreement, or (3) the validity, scope, interpretation or enforceability of this arbitration provision or the entire Agreement ("Claim"), shall be resolved, on an individual basis without resort to any form of class action and not consolidated with the claims of any other parties, by final and binding arbitration before a single arbitrator. All arbitrations shall be administered by either the National Arbitration Forum ("NAF") or by JAMS in accordance with their respective Codes of Procedure in effect at the time the Claim is filed. The Code of Procedure, rules and forms of the selected forum may be obtained by visiting the Forum's Web site. NAF Web site address is www.arb-forum.com and JAMS Web site address is www.jamsadr.com. Upon written request, we will advance to you either all or part of the fees of either the NAF or JAMS and of the arbitrator. The arbitrator will decide whether you or we will ultimately be responsible for these fees. The arbitrator shall apply relevant, substantive law and applicable statutes of limitation and shall provide written, reasoned findings of fact and conclusions of law. This arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1, et. Seq. If any portion of this arbitration provision is deemed invalid or unenforceable, it shall not invalidate the remaining portions of this arbitration provision. For the purpose of this arbitration provision Obligor shall be deemed to include SPC, Sears, Sears PR, all of their subsidiaries, affiliates, successors and assigns, their respective principals, partners, officers and directors, and all of the dealers, licensees, agents, and employees of any of the foregoing entities. This arbitration provision shall inure to the benefit of and be binding on each of the aforementioned persons and entities. This provision shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of this Agreement. YOU AND WE UNDERSTAND AND AGREE THAT BECAUSE OF THIS ARBITRATION CLAUSE NEITHER YOU NOR US WILL HAVE THE RIGHT TO GO TO COURT EXCEPT AS PROVIDED ABOVE OR TO HAVE A JURY TRIAL, OR TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM. This arbitration provision does not prohibit a California resident from following the process to resolve complaints as outlined by the California Bureau of Electronic and Appliance Repair (BEAR). To learn more about this process, you may contact BEAR at 1-800-952-5210, or you may write to Department of Consumer Affairs, Bureau of Electronic and Appliance Repair, 3485 Orange Grove Avenue, North Highlands, California 95660, or you may visit their website at www.bear.ca.gov.

16. **OBLIGOR.** The Obligor of this Agreement shall be determined by the ultimate location of the product(s) covered by this Agreement at the time of sale. For products located in CA, SPC shall be the Obligor for the following products: home electronic, appliances, lawn and garden, power tools and fitness equipment. For HVAC equipment located in CA and purchased from Sears Home Improvement Products and Services, Inc., SHIP shall be the Obligor. For all other products in CA, Sears shall be the Obligor. In MN Sears shall be the Obligor. In Puerto Rico, Sears PR is the Obligor. In all other states, SPC shall be the Obligor.

17. **PUERTO RICO, CALIFORNIA, NEW MEXICO, WASHINGTON, WYOMING AND NEW YORK CUSTOMERS.** A 10% penalty per month shall be added to any refund that we fail to make within thirty (30) days of your cancellation of this Agreement and request for a refund.

18. **UTAH CUSTOMERS.** Coverage under this Agreement is not guaranteed by the Property and Casualty Guaranty Association. In the event of cancellation of this Agreement by Sears in accordance with the "Cancellation and Refunds" provisions above, Utah residents will receive thirty (30) day prior written notice of cancellation. There is no deductible applied for the performance of this contract. Any matter in dispute between you and Obligor shall be subject to arbitration as an alternative to court action pursuant to the rules of NAF or JAMS and the arbitration award may include attorney's fees if allowed by state law and may be entered as a judgment in any court of proper jurisdiction.

19. **KENTUCKY AND VIRGINIA CUSTOMERS.** If we fail to pay any valid claim within sixty (60) days, you may make a claim directly against Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185.

20. **INDIANA AND WEST VIRGINIA CUSTOMERS.** This Agreement is not an insurance policy and is not regulated by the Departments of Insurance for the states of Indiana and West Virginia.

21. **IOWA CUSTOMERS.** Obligor is subject to regulation by the insurance division of the Iowa Department of Commerce. Complaints that are not settled by us, may be sent to the insurance division.

22. **TEXAS CUSTOMERS.** Any questions concerning the regulation of us under this Agreement or any unresolved complaints may be directed to the Texas Department of Licensing and Regulation—P.O. Box 12157 Austin, Texas 78711 or (512) 463-6599.

23. **SOUTH CAROLINA CUSTOMERS.** Any questions concerning the regulation of us under this Agreement or any unresolved complaints (within sixty (60) days of proof of loss) may be directed to the South Carolina Department of Insurance — P.O. Box 100105 Columbia, South Carolina 29202-3105 or (803) 753-3643. A 10% penalty per month shall be added to any refund that we fail to make within forty-five (45) days after the return of the Agreement to the provider.

24. **NORTH CAROLINA CUSTOMERS.** Upon cancellation a reasonable administrative fee not to exceed 10% of the pro rate refund may be charged. Obligor must notify the consumer before the purchase of this Agreement that its purchase is not necessary in order to purchase or obtain financing of the covered product.

25. **ALABAMA CUSTOMERS.** A 10% penalty per month shall be added to any refund that we fail to make within forty-five (45) days of your cancellation of this Agreement and request for a refund. This Agreement will not charge a deductible for services rendered.

26. **WYOMING CUSTOMERS.** Any arbitration decision, consistent with Paragraph 15 of this Agreement, can be submitted to a court of competent jurisdiction for review in accordance with the Wyoming Arbitration Act.

27. **GEORGIA CUSTOMERS.** Notwithstanding the CANCELLATION AND REFUNDS section, we will only cancel this Agreement for fraud, material misrepresentation or nonpayment of amounts due under this Agreement. We will mail to you a written notice at least ten days prior to the date of cancellation for nonpayment, or at least thirty days prior to the date of cancellation for fraud or material misrepresentation. Obligor will not provide services under this Agreement if poor accessibility or unsafe working conditions exist, but these conditions are not grounds for cancellation. Nothing contained in the arbitration provision above or any provision elsewhere in this Agreement shall affect your right to make a claim directly against Safeco Insurance Company of America if we fail to pay any valid claim within sixty (60) days. You shall first file an arbitration proceeding with us, and the record, evidence, and outcome thereof shall not be admissible in evidence or for any other consideration against Safeco in the claim. The claim should be sent to Safeco Insurance Company of America, Safeco Plaza, Seattle, WA 98185 or (847) 402-2820 Attn: Ms. Ann Henke. Upon written request, we will advance to you 50% of the fees of either the NAF or JAMS and of the arbitrator. Any application under the Georgia Arbitration Code may be made to the court of the county in which the other party to this Agreement resides or has a place of business.

---

Sears Protection Company, Obligor, Dept. 702SPC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears, Roebuck and Co., Obligor, Dept. 702SRC, 3333 Beverly Road, Hoffman Estates, IL 60179
Sears Roebuck de Puerto Rico, Inc., Obligor, 383 F.D. Roosevelt Avenue, Hato Rey, Puerto Rico 00918
Sears Home Improvement Products and Services, Inc., Obligor, 1024 Florida Central Parkway, Longwood, FL 32750
National MPA XM E 7Mar2005                                                                FORM 4/g



****************AUTO**3-DIGIT 190
0334550422 00086
Nina Greene
5 Saint Davids Rd.
Wayne, PA 19087-4756

Don't worry. This isn't a bill.
It's confirmation of your coverage.

| CERTIFICATE NUMBER | CREDIT CARD NUMBER | CONTRACT EXPIRATION* |
|---|---|---|
| 03345504220086 | | 11/21/2011 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| REFRIGERATOR, TWICE MAKER | 561R | IN-HOME | 03/20/1994 |
| COMPACTOR | | IN-HOME | 07/01/1995 |
| TREADMILL, POWER | | IN-HOME | 07/01/1995 |
| COOKTOP | | IN-HOME | 07/01/1995 |
| FREEZER, OVER 9 CU. FT. | 561F | IN-HOME | 02/26/1996 |
| OVEN, BUILT-IN | CFI/OW | IN-HOME | 05/26/1998 |
| DISHWASHER, BUILT-IN | | IN-HOME | 10/01/1998 |
| WASHER FRONT LOAD PREM | 11044932700 | IN-HOME | 10/14/2003 |
| DRYERG, PREM PLUS | 11094835200 | IN-HOME | 10/14/2003 |
| DISHWASHER, 1YR, OR08/UH300 | 66603060 25RWH | IN-HOME | 2/07/2005 |

Price: $2,563.15
Tax Paid: $150.74
Total Paid: $2,713.89
See reverse side for terms and conditions.
* May reflect any warranty and current Service Agreement coverage.

To schedule a repair, please call
**1-800-4-MY-HOME**
1-800-469-4663 or go online at www.sears.com.

Unit #: 0009480
Printed: 11/25/08
MPA TIOTOI
* = MPA



0334550422 00D88
Nina Greene
5 Saint Davids Rd
WAYNE, PA 19087

Don't worry. This isn't a bill.
It's confirmation of your coverage.

| CONTRACT NUMBER | PAYMENT METHOD | CONTRACT EXPIRATION* |
|---|---|---|
| 033455042200088 | | 01/12/14 |

| PRODUCT | MODEL NUMBER | SERVICE LOCATION | PURCHASE DATE |
|---|---|---|---|
| OVEN BUILT-IN TGI ONLY | CT230W | IN-HOME | 05/20/98 |
| COOKTOP TGI ONLY | VERIFY | IN-HOME | 01/01/96 |
| REFRIGERATOR, W/ICE MAKER | 501R | IN-HOME | 02/20/94 |
| COMPACTOR | NA | IN-HOME | 01/02/95 |
| FREEZR,FULL SIZE TGI ONLY | 501F | IN-HOME | 02/20/96 |
| FRONT LOAD WASHER | 11044932200 | IN-HOME | 10/14/03 |
| DRYER,G, PREM PLUS | 11094832201 | IN-HOME | 10/14/03 |
| DISHWASHER, BUILT-IN | G885SC1 | IN-HOME | 10/01/98 |
| DISHWASHER,1YR,0800/U1300 | 666KUDS02SRWH | IN-HOME | 12/07/05 |
| VACUUM CLNR, CANNISTER | CV850 | SHOP | 04/26/07 |
| VACUUM CLNR, CANNISTER | CV850 | SHOP | 04/26/07 |



*handwritten:* Anf Crespo
ALEX CRESPO
Customer Solutions
Case #
6057589

Price: $3,984.80
Tax Paid: $234.05
Total Paid: $4,218.85
See reverse side for terms and conditions.
*May reflect any warranty and current Service Agreement coverage.

To schedule a repair, please call
**1-800-4-MY-HOME**
1-800-469-4663 or go online at www.sears.com.

Unit #: 009468
Printed: 05/11/12
MPA TIOT01