WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**SUMMARY SHEET FOR THIRD APPLICATION OF WEIL, GOTSHAL
& MANGES LLP, AS ATTORNEYS FOR DEBTORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JULY 1, 2019 THROUGH AND INCLUDING OCTOBER 31, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | **Weil, Gotshal & Manges LLP** |
| Authorized to Provide Services For: | Counsel to the Above-Captioned Debtors |
| Commencement Date: | October 15, 2018 |
| Retention Date: | October 15, 2018 |
| Prior Applications: | First Interim Application (ECF No. 3224) |
| | Second Interim Application (ECF No. 4860) |
| Time Period Covered by This Application: | July 1, 2019 through and including |
| | October 31, 2019  (the "**Compensation Period**") |
| **Summary of Fees and Expenses Requested for Compensation Period** | |
| Amount of Fees Sought for the Compensation Period: | $10,388,784.25 |
| Amount of Expense Reimbursement Sought for the Compensation Period: | $675,032.56 |
| Total Fees and Expenses Requested for the Compensation Period: | $11,063,816.81 |
| **Total Fees and Expenses Allowed Pursuant to Prior Interim Application** | |
| Total Allowed Fees Paid to Date: | $63,020,994.65 |
| Total Allowed Expenses Paid to Date: | $2,725,491.05 |
| Total Allowed Fees and Expenses Paid to Date: | $65,746,485.70 |
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements** | |
| Fees Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $8,311,027.40 |
| Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $675,032.56 |
| Total Fees and Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $8,986,059.96 |
| Total Fees and Expenses Sought for this Compensation Period Not Yet Paid: | $2,077,756.85 |
| **Summary of Rates and Other Related Information for this Compensation Period** | |
| Blended Rate in This Application for All Attorneys: | $923.57 |
| Blended Rate in This Application for All Timekeepers: | $819.14 |
| Number of Timekeepers Included in This Application: | 103 (including 77 attorneys) |
| Number of Attorneys in this Application Not Included in Staffing Plan: | N/A |
| Difference Between Fees Budgeted and Compensation Sought: | Fees were less than budgeted |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 23 (19 of which contributed more than 15 hours over the life of these cases) |
| Increase in Rates Since Date of Retention: | 1 |

This is a(n):    __X__ interim _____ final application.

## SUMMARY OF PRIOR INTERIM APPLICATIONS

| Date Filed and ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 12/07/2018 ECF No. 1101 | October 15, 2018 through October 31, 2018 | $4,985,205.00 | $158,776.83 | $4,985,205.00 | $158,776.83 |
| 1/18/2019 ECF No. 1729 | November 1, 2018 through November 30, 2018 | $10,048,818.00 | $161,395.00 | $10,048,818.00 | $161,395.00 |
| 3/04/2019 ECF No. 2729 | December 1, 2018 through December 31, 2018 | $7,651,483.25 | $515,271.58 | $7,651,483.25 | $515,271.58 |
| 4/08/2019 ECF No. 3084 | January 1, 2019 through January 31, 2019 | $11,292,523.75 | $463,594.50 | $11,292,523.75 | $463,594.50 |
| 4/15/2019 ECF No. 3197 | February 1, 2019 through February 28, 2019 | $6,727,163.75 | $273,824.91 | $6,727,163.75 | $273,824.91 |
| **Total for First Interim Fee Application (ECF No. 3224)** | | **$40,705,193.75** | **$1,572,862.82** | **$40,705,193.75** | **$1,572,862.82** |

| Date Filed and ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 12/07/2018 ECF No. 1101 | March 1, 2019 through March 31, 2019 | $3,174,690.75 | $94,538.67 | $3,174,690.75 | $94,538.67 |
| 1/18/2019 ECF No. 1729 | April 1, 2019 through April 30, 2019 | $4,057,082.75 | $111,233.80 | $4,057,082.75 | $111,233.80 |
| 3/04/2019 ECF No. 2729 | May 1, 2019 through May 31, 2019 | $4,034,002.00 | $106,385.92 | $4,034,002.00 | $106,385.92 |
| 4/08/2019 ECF No. 3084 | June 1, 2019 through June 30, 2019 | $2,738,998.00 | $165,437.28 | $2,738,998.00 | $165,437.28 |
| **Total for Second Interim Fee Application (ECF No. 4860)** | | **$14,004,773.50** | **$477,595.67** | **$14,004,773.50** | **$477,595.67** |

WEIL:\97280801\6\73217.0004

## SUMMARY OF THIRD INTERIM FEE APPLICATION

| Date Filed and ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 9/18/2019 ECF No. 5168 | July 1, 2019 through July 31, 2019 | $3,344,616.00 | $168,143.86 | $2,675,692.80 | $168,143.86 | $2,675,692.80 | $168,143.86 | $668,923.20 |
| 10/14/2019 ECF No. 5363 | August 1, 2019 through August 31, 2019 | $2,466,559.25 | $317,878.14 | $1,973,247.40 | $317,878.14 | $1,973,247.40 | $317,878.14 | $493,311.85 |
| 11/07/2019 ECF No. 5570 | September 1, 2019 through September 30, 2019 | $2,565,018.00 | $105,545.39 | $2,052,014.40 | $105,545.39 | $2,052,014.40 | $105,545.39 | $513,003.60 |
| 11/27/2019 ECF No. 6108 | October 1, 2019 through October 31, 2019 | $2,012,591.00 | $83,465.17 | $1,610,072.80 | $83,465.17 | $1,610,072.80 | $83,465.17 | $402,518.20 |
| **Total** | | **$10,388,784.25** | **$675,032.56** | **$8,311,027.40** | **$675,032.56** | **$8,311,027.40** | **$675,032.56** | **$2,077,756.85** |

Summary of Any Objections to Monthly Fee Statements:  None.

4

WEIL:\97280801\6\73217.0004

## COMPENSATION BY PROFESSIONAL
## JULY 1, 2019 THROUGH AND INCLUDING OCTOBER 31, 2019

The attorneys who rendered professional services in these chapter 11 cases during the Compensation Period are:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Danilow, Greg A. | Partner | CORP | 1975 | $1,600.00 | 17.50 | $28,000.00 |
| Odoner, Ellen J. | Partner | CORP | 1978 | $1,695.00 | 8.50 | $14,407.50 |
| Odoner, Ellen J. | Partner | CORP | 1978 | $1,600.00 | 46.40 | $74,240.00 |
| Bond, W. Michael | Partner | CORP | 1980 | $1,695.00 | 2.30 | $3,898.50 |
| Bond, W. Michael | Partner | CORP | 1980 | $1,600.00 | 22.50 | $36,000.00 |
| Epstein, Michael A. | Partner | CORP | 1980 | $1,575.00 | 0.40 | $630.00 |
| Epstein, Michael A. | Partner | CORP | 1980 | $1,500.00 | 11.10 | $16,650.00 |
| Hoenig, Mark | Partner | TAX | 1982 | $1,575.00 | 20.40 | $32,130.00 |
| Hoenig, Mark | Partner | TAX | 1982 | $1,525.00 | 46.00 | $70,150.00 |
| Dixon, Catherine T. | Partner | CORP | 1982 | $1,500.00 | 3.30 | $4,950.00 |
| Marcus, Jacqueline | Partner | BFR | 1983 | $1,450.00 | 71.20 | $103,240.00 |
| Marcus, Jacqueline | Partner | BFR | 1983 | $1,375.00 | 263.50 | $362,312.50 |
| Goldring, Stuart J. | Partner | TAX | 1984 | $1,695.00 | 7.60 | $12,882.00 |
| Goldring, Stuart J. | Partner | TAX | 1984 | $1,600.00 | 32.30 | $51,680.00 |
| Wessel, Paul J. | Partner | TAX | 1988 | $1,695.00 | 0.50 | $847.50 |
| Wessel, Paul J. | Partner | TAX | 1988 | $1,600.00 | 9.80 | $15,680.00 |
| Connolly, Annemargaret | Partner | CORP | 1988 (MA) | $1,350.00 | 2.00 | $2,700.00 |
| Pappas, Nicholas J. | Partner | LIT | 1989 | $1,275.00 | 0.30 | $382.50 |
| Pappas, Nicholas J. | Partner | LIT | 1989 | $1,225.00 | 12.40 | $15,190.00 |
| Azcuy, Beatriz | Partner | CORP | 1994 | $1,250.00 | 31.10 | $38,875.00 |
| Azcuy, Beatriz | Partner | CORP | 1994 | $1,200.00 | 36.20 | $43,440.00 |
| Genender, Paul R. | Partner | LIT | 1994 | $1,250.00 | 82.80 | $103,500.00 |
| Genender, Paul R. | Partner | LIT | 1994 | $1,175.00 | 440.90 | $518,057.50 |
| Wohl, David E. | Partner | CORP | 1996 | $1,225.00 | 1.30 | $1,592.50 |
| Schrock, Ray C. | Partner | BFR | 1998 | $1,650.00 | 39.20 | $64,680.00 |
| Schrock, Ray C. | Partner | BFR | 1998 | $1,550.00 | 225.20 | $349,060.00 |
| Heyliger, Adelaja K. | Partner | Corporate | 1998 (DC) | $1,100.00 | 2.10 | $2,310.00 |
| Singer, Randi W. | Partner | LIT | 1999 | $1,200.00 | 1.00 | $1,200.00 |
| Silbert, Gregory | Partner | LIT | 2000 | $1,225.00 | 16.50 | $20,212.50 |

[2] BFR – Business Finance & Restructuring; CORP – Corporate; LIT – Litigation.

WEIL:\97280801\6\73217.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Silbert, Gregory | Partner | LIT | 2000 | $1,150.00 | 5.90 | $6,785.00 |
| Fail, Garrett | Partner | BFR | 2004 | $1,400.00 | 98.80 | $132,300.00 |
| Fail, Garrett | Partner | BFR | 2004 | $1,300.00 | 221.90 | $287,625.00 |
| Friedmann, Jared R. | Partner | LIT | 2004 | $1,200.00 | 50.00 | $58,380.00 |
| Friedmann, Jared R. | Partner | LIT | 2004 | $1,125.00 | 287.60 | $316,406.25 |
| Singh, Sunny | Partner | BFR | 2007 | $1,300.00 | 57.90 | $74,945.00 |
| Singh, Sunny | Partner | BFR | 2007 | $1,200.00 | 130.80 | $156,960.00 |
| Nagar, Roshelle A. | Counsel | CORP | 1989 | $1,050.00 | 1.00 | $1,050.00 |
| Margolis, Steven M. | Counsel | TAX | 1990 | $1,125.00 | 30.00 | $33,750.00 |
| Margolis, Steven M. | Counsel | TAX | 1990 | $1,075.00 | 144.40 | $155,230.00 |
| Shulzhenko, Oleksandr | Counsel | CORP | 2000 | $1,050.00 | 10.10 | $10,605.00 |
| Goslin, Thomas D. | Counsel | CORP | 2003 | $1,100.00 | 5.40 | $5,940.00 |
| Goslin, Thomas D. | Counsel | CORP | 2003 | $1,050.00 | 15.90 | $16,695.00 |
| Munz, Naomi | Counsel | CORP | 2006 | $1,100.00 | 15.00 | $16,500.00 |
| Munz, Naomi | Counsel | CORP | 2006 | $1,050.00 | 77.00 | $80,850.00 |
| Goren, Matthew | Counsel | BFR | 2007 | $1,075.00 | 3.70 | $3,977.00 |
| Mishkin, Jessie B. | Counsel | LIT | 2007 | $1,100.00 | 28.60 | $31,460.00 |
| Mishkin, Jessie B. | Counsel | LIT | 2007 | $1,050.00 | 227.90 | $239,295.00 |
| Gershowitz, Gabriel | Counsel | CORP | 2010 | $1,050.00 | 5.90 | $6,195.00 |
| Friedman, Julie T. | Associate | BFR | 2004 | $625.00 | 21.70 | $13,562.50 |
| Friedman, Julie T. | Associate | BFR | 2004 | $600.00 | 73.40 | $44,040.00 |
| Seales, Jannelle Marie | Associate | CORP | 2009 | $1,050.00 | 30.80 | $32,340.00 |
| Seales, Jannelle Marie | Associate | CORP | 2009 | $995.00 | 155.20 | $154,424.00 |
| Choi, Erin Marie | Associate | LIT | 2011 (TX) | $1,050.00 | 72.00 | $59,482.50 |
| Choi, Erin Marie | Associate | LIT | 2011 (TX) | $980.00 | 418.80 | $386,365.00 |
| Goltser, Jonathan | Associate | CORP | 2011 | $980.00 | 1.00 | $980.00 |
| Goltser, Jonathan | Associate | CORP | 2011 | $875.00 | 3.10 | $2,712.50 |
| Remijan, Eric D. | Associate | TAX | 2012 | $1,050.00 | 17.30 | $18,165.00 |
| Remijan, Eric D. | Associate | TAX | 2012 | $995.00 | 64.80 | $64,476.00 |
| Guthrie, Hayden | Associate | CORP | 2013 | $1,050.00 | 18.20 | $19,110.00 |
| Guthrie, Hayden | Associate | CORP | 2013 | $950.00 | 136.20 | $129,390.00 |
| Leslie, Harold David | Associate | LIT | 2013 | $920.00 | 52.60 | $48,392.00 |
| Descovich, Kaitlin | Associate | CORP | 2014 | $1,050.00 | 12.30 | $12,915.00 |
| Descovich, Kaitlin | Associate | CORP | 2014 | $950.00 | 48.90 | $46,455.00 |

WEIL:\97280801\6\73217.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Hwangpo, Natasha | Associate | BFR | 2014 | $1,050.00 | 74.80 | $77,805.00 |
| Hwangpo, Natasha | Associate | BFR | 2014 | $950.00 | 707.60 | $670,415.00 |
| Carlson, Clifford W. | Associate | BFR | 2014 (TX) | $920.00 | 14.20 | $13,064.00 |
| Gage, Richard | Associate | LIT | 2015 | $1,050.00 | 29.80 | $30,555.00 |
| Gage, Richard | Associate | LIT | 2015 | $950.00 | 32.80 | $31,160.00 |
| Crozier, Jennifer Melien Brooks | Associate | LIT | 2015 | $1,010.00 | 60.80 | $61,408.00 |
| Crozier, Jennifer Melien Brooks | Associate | LIT | 2015 | $920.00 | 133.10 | $122,452.00 |
| Peshko, Olga F. | Associate | BFR | 2015 | $1,010.00 | 11.50 | $11,615.00 |
| Peshko, Olga F. | Associate | BFR | 2015 | $920.00 | 56.10 | $51,612.00 |
| Cohen, Dori Y. | Associate | LIT | 2015 | $920.00 | 78.80 | $72,496.00 |
| LePorin, Steven J. | Associate | CORP | 2015 | $920.00 | 2.00 | $1,840.00 |
| Kaneko, Erika Grace | Associate | CORP | 2015 | $980.00 | 22.50 | $22,050.00 |
| Kaneko, Erika Grace | Associate | CORP | 2015 | $875.00 | 57.70 | $50,487.50 |
| Yiu, Vincent Chanhong | Associate | BFR | 2016 | $875.00 | 58.40 | $51,100.00 |
| Rutherford, Jake Ryan | Associate | LIT | 2016 | $930.00 | 119.20 | $96,115.50 |
| Rutherford, Jake Ryan | Associate | LIT | 2016 | $790.00 | 632.10 | $456,738.50 |
| Van Groll, Paloma | Associate | BFR | 2017 | $980.00 | 114.70 | $110,495.00 |
| Van Groll, Paloma | Associate | BFR | 2017 | $875.00 | 509.90 | $446,162.50 |
| Cohen, Francesca | Associate | CORP | 2017 | $980.00 | 11.80 | $11,564.00 |
| Cohen, Francesca | Associate | CORP | 2017 | $875.00 | 309.90 | $271,162.50 |
| Podzius, Bryan R. | Associate | BFR | 2017 | $980.00 | 20.60 | $20,188.00 |
| Podzius, Bryan R. | Associate | BFR | 2017 | $875.00 | 108.30 | $94,762.50 |
| TumSuden, Kyle | Associate | BFR | 2017 | $930.00 | 71.20 | $66,216.00 |
| TumSuden, Kyle | Associate | BFR | 2017 | $790.00 | 365.50 | $288,745.00 |
| Stano, Audrey | Associate | LIT | 2017 | $790.00 | 25.70 | $20,303.00 |
| Skrzynski, Matthew | Associate | BFR | 2017 | $790.00 | 85.90 | $67,071.00 |
| Mishra, Akansha | Associate | LIT | 2017 | $790.00 | 17.30 | $13,667.00 |
| Hwang, Angeline Joong-Hui | Associate | BFR | 2018 | $845.00 | 138.10 | $115,427.00 |
| Hwang, Angeline Joong-Hui | Associate | BFR | 2018 | $690.00 | 292.70 | $200,893.50 |
| Namerow, Derek | Associate | CORP | 2018 | $845.00 | 129.80 | $109,681.00 |
| Namerow, Derek | Associate | CORP | 2018 | $690.00 | 323.40 | $223,146.00 |
| Bednarczyk, Meggin | Associate | CORP | 2018 | $690.00 | 10.60 | $7,314.00 |
| Bednarczyk, Meggin | Associate | CORP | 2018 | $845.00 | 0.70 | $591.00 |

WEIL:\97280801\6\73217.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Hulsey, Sam | Associate | CORP | 2018 | $690.00 | 2.00 | $1,380.00 |
| Lopatka, Thaddeus | Associate | LIT | 2018 | $690.00 | 16.80 | $11,592.00 |
| Neuhauser, David | Associate | CORP | 2018 | $690.00 | 1.80 | $1,242.00 |
| Lau, Jennifer | Associate | LIT | 2018 | $690.00 | 2.00 | $1,380.00 |
| Scofield, Ramsey | Associate | BFR | 2018 | $690.00 | 24.50 | $16,905.00 |
| Diktaban, Catherine Allyn | Associate | BFR | 2018 | $730.00 | 22.50 | $16,425.00 |
| Diktaban, Catherine Allyn | Associate | BFR | 2018 | $560.00 | 252.70 | $141,512.00 |
| Perry, Shelby Taylor | Associate | LIT | 2018 | $560.00 | 6.70 | $3,752.00 |
| Allison, Elisabeth M. | Associate | TAX | 2019 | $845.00 | 4.00 | $3,380.00 |
| Allison, Elisabeth M. | Associate | TAX | 2019 | $690.00 | 27.10 | $18,699.00 |
| Godio, Joseph C. | Associate | CORP | 2019 | $845.00 | 7.40 | $6,253.00 |
| Godio, Joseph C. | Associate | CORP | 2019 | $690.00 | 20.30 | $14,007.00 |
| Buschmann, Michael | Associate | BFR | 2019 | $730.00 | 17.30 | $12,629.00 |
| Barron, Shira | Associate | CORP | 2019 | $730.00 | 38.80 | $28,324.00 |
| Barron, Shira | Associate | CORP | 2019 | $560.00 | 62.60 | $35,056.00 |
| DiDonato, Philip | Associate | BFR | 2019 | $730.00 | 126.40 | $91,578.50 |
| DiDonato, Philip | Associate | BFR | 2019 | $560.00 | 390.00 | $218,400.00 |
| Labate, Angelo G. | Associate | LIT | 2019 | $730.00 | 3.70 | $2,701.00 |
| Labate, Angelo G. | Associate | LIT | 2019 | $560.00 | 15.30 | $8,568.00 |
| Lewitt, Alexander G. | Associate | BFR | 2019 | $730.00 | 67.20 | $49,056.00 |
| Lewitt, Alexander G. | Associate | BFR | 2019 | $560.00 | 538.00 | $301,000.00 |
| Evans, Steven | Associate | LIT | 2019 | $560.00 | 35.70 | $19,992.00 |
| Falls, Danielle | Associate | LIT | 2019 | $560.00 | 10.00 | $5,600.00 |
| Culver, Kathryn | Associate | LIT | 2019 | $560.00 | 3.30 | $1,848.00 |
| Richards, Daniel Spencer | Associate | LIT | 2019 | $560.00 | 17.50 | $9,800.00 |
| Thompson, Maryann | Associate | CORP | * | $560.00 | 7.00 | $3,920.00 |
| Zavagno, Michael | Associate | CORP | * | $560.00 | 38.80 | $21,728.00 |
| **Attorney Total** | | | | | **10,385.30** | **$9,591,577.75** |

WEIL:\97280801\6\73217.0004

The paraprofessionals and other non-legal staff who rendered professional services in these chapter 11 cases during the Compensation Period are:

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT[3] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $435.00 | 47.90 | $20,836.50 |
| Lee, Kathleen | BFR | $420.00 | 168.00 | $70,560.00 |
| Marquez, Francheska | CORP | $405.00 | 24.10 | $9,760.50 |
| Wong, Sandra | LIT | $405.00 | 4.50 | $1,822.50 |
| Stauble, Christopher A. | BFR | $420.00 | 100.90 | $42,378.00 |
| Stauble, Christopher A. | BFR | $405.00 | 213.90 | $86,629.50 |
| Ellsworth, John A. | CORP | $400.00 | 11.00 | $4,400.00 |
| Ellsworth, John A. | CORP | $385.00 | 199.00 | $76,037.50 |
| Hoilett, Leason | LIT | $400.00 | 36.40 | $14,560.00 |
| Hoilett, Leason | LIT | $385.00 | 130.90 | $50,396.50 |
| Inglis, Suzanne | LIT | $385.00 | 3.00 | $1,155.00 |
| Shrestha, Christine | CORP | $385.00 | 44.10 | $16,978.50 |
| Haiken, Lauren C. | LSS | $380.00 | 22.80 | $8,664.00 |
| Fabsik, Paul | BFR | $390.00 | 22.60 | $8,814.00 |
| Fabsik, Paul | BFR | $375.00 | 37.90 | $14,212.50 |
| Olson, Eric John | CORP | $375.00 | 4.00 | $1,500.00 |
| Ting, Lara | LSS | $360.00 | 14.40 | $5,184.00 |
| Cameau, Elayne J. | LIT | $390.00 | 25.10 | $9,789.00 |
| Cameau, Elayne J. | LIT | $355.00 | 50.80 | $18,034.00 |
| Chan, Herbert | LIT | $370.00 | 11.30 | $4,181.00 |
| Chan, Herbert | LIT | $355.00 | 85.60 | $30,388.00 |
| Morris, Sharron | LIT | $390.00 | 33.80 | $13,182.00 |
| Morris, Sharron | LIT | $355.00 | 372.10 | $132,095.50 |
| Olvera, Rene A. | BFR | $355.00 | 5.60 | $1,988.00 |
| Aaron-Yard, Merlyn | CORP | $330.00 | 4.50 | $1,485.00 |
| Hahn, Winfield | LIT | $285.00 | 4.60 | $1,311.00 |
| Hahn, Winfield | LIT | $255.00 | 46.70 | $11,908.50 |
| Altman-DeSole, Jacob | BFR | $250.00 | 32.00 | $8,000.00 |
| Altman-DeSole, Jacob | BFR | $240.00 | 52.00 | $12,480.00 |

[3] BFR – Business Finance & Restructuring; CORP – Corporate; LIT – Litigation.

WEIL:\97280801\6\73217.0004

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT[3] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Keschner, Jason | BFR | $250.00 | 18.50 | $4,625.00 |
| Keschner, Jason | BFR | $240.00 | 23.10 | $5,544.00 |
| Kleissler, Matthew | BFR | $250.00 | 11.50 | $2,875.00 |
| Kleissler, Matthew | BFR | $240.00 | 33.70 | $8,088.00 |
| Peene, Travis J. | BFR | $250.00 | 112.70 | $28,175.00 |
| Peene, Travis J. | BFR | $240.00 | 248.30 | $59,592.00 |
| Berkowitz, Emily | LIT | $240.00 | 6.50 | $1,560.00 |
| Harrison, Greer | LIT | $240.00 | 5.30 | $1,272.00 |
| Trafimow, Rachel | CORP | $240.00 | 3.70 | $888.00 |
| Zaslav, Benjamin | BFR | $240.00 | 24.40 | $5,856.00 |
| **Paraprofessional and other Non-Legal Staff Total** | | | **2,297.20** | **$797,206.00** |

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (29) | $1,261.74 | 2,872.10 | $3,623,846.75 |
| Associates (48) | $794.30 | 7,513.20 | $5,967,731.50 |
| Paraprofessionals and Other Non-Legal Staff (26) | $347.03 | 2,297.20 | $797,206.00 |
| **Blended Attorney Rate** | **$923.57** | | |
| **Blended Rate for All Timekeepers** | **$819.14** | | |
| **Total Fees Incurred:** | | **12,682.50** | **$10,388,784.25** |

10

## COMPENSATION BY PROJECT CATEGORY
## JULY 1, 2019 THROUGH AND INCLUDING OCTOBER 31, 2019

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|---|
| 001 | Administrative Expense Claims | 1,929.70 | $1,657,198.00 |
| 002 | Adversary Proceedings | 70.90 | $55,053.50 |
| 003 | Asset Disposition/363 Asset /De Minimis Asset/Liquidation Sales | 1,614.20 | $1,322,102.00 |
| 004 | Automatic Stay | 423.80 | $345,757.50 |
| 006 | Bar Date Motion/Claims Reconciliation Issues | 22.00 | $16,401.00 |
| 007 | Case Administration | 108.80 | $70,028.50 |
| 008 | Chapter 11 Plan/Plan Confirmation | 3,346.40 | $2,735,555.50 |
| 010 | Corporate Governance | 620.00 | $521,574.00 |
| 011 | Customer, Supplier and Vendor Issues | 57.00 | $49,305.00 |
| 013 | DIP Financing/Cash Collateral/Adequate Protection/Cash Management | 7.90 | $7,925.00 |
| 014 | Disclosure Statement/Solicitation/Voting | 70.80 | $47,002.00 |
| 015 | Employee Issues | 332.60 | $358,522.50 |
| 016 | Exclusivity | 19.10 | $15,926.00 |
| 017 | Executory Contracts/Lease Issues (excluding Real Property) | 49.40 | $38,507.00 |
| 018 | General Case Strategy | 172.30 | $181,269.50 |
| 019 | Hearings and Court Matters | 1,256.90 | $839,519.00 |
| 020 | Insurance and Workers Compensation Issues | 30.10 | $34,679.50 |
| 022 | Non-Working Travel | 269.70 | $123,355.25 |
| 023 | Real Property Leases/Section 365 Issues /Cure Amounts | 1,300.00 | $1,081,244.50 |
| 024 | Reclamation/503 (b)(9) Claims | 368.80 | $319,601.00 |
| 025 | Regulatory/Environmental Issues | 22.50 | $24,209.00 |
| 026 | Retention/Fee Application: Ordinary Course Professionals | 33.50 | $24,209.00 |
| 027 | Retention/Fee Application: Other Professionals | 91.30 | $63,270.00 |
| 028 | Retention/Billing/Fee Applications: Weil | 178.00 | $123,827.50 |
| 031 | Tax Issues | 150.70 | $176,311.50 |
| 033 | U.S. Trustee Issues/Meetings/Communications/Reports | 5.90 | $3,392.50 |
| 034 | Utility Issues/Adequate Assurance | 14.50 | $9,096.00 |
| 036 | Sears Re | 3.70 | $5,005.00 |
| 037 | KCD | 11.20 | $14,185.50 |
| 038 | Non-Debtor Affiliates (Other) | 5.20 | $7,217.50 |
| 040 | Reimbursement by Transform under APA | 81.70 | $104,021.50 |
| 041 | Assumption of Contracts – Transform | 13.90 | $13,464.50 |
| **Total:** | | **12,682.50** | **$10,388,784.25** |

WEIL:\97280801\6\73217.0004

**EXPENSE SUMMARY**
**JULY 1, 2019 THROUGH AND INCLUDING OCTOBER 31, 2019**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Computerized Research | $280,732.21 |
| Corporation Service | $6,559.58 |
| CourtCall | $1,451.00 |
| Court Reporting | $41,997.50 |
| Duplicating | $191,214.31 |
| Mail/Messenger | $4,407.11 |
| Travel | $93,770.50 |
| Local Transportation | $34,696.96 |
| Meals | $19,705.39 |
| Filing Fees | $498.00 |
| **Total:** | **$675,032.56** |

WEIL:\97280801\6\73217.0004

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
```

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

```
-----------------------------------------------------------------x
```

**THIRD APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FROM JULY 1, 2019 THROUGH AND INCLUDING OCTOBER 31, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\97280801\6\73217.0004

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("**Weil**"), for its application, pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for interim allowance of compensation for professional services performed by Weil as attorneys for the above-captioned debtors and debtors in possession (the "**Debtors**"), for the period commencing July 1, 2019 through and including October 31, 2019 (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

### Background

2.      Beginning on October 15, 2018 (the "**Commencement Date**"), and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2

WEIL:\97280801\6\73217.0004

3.        On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

4.        On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"). Pursuant to the Sale Order, the Debtors sold substantially all of their assets to Transform Holdco LLC ("**Transform**") in a transaction (the "**Sale Transaction**") that closed on February 11, 2019.

5.        On June 28, 2019, the Court entered an order (ECF No. 4392) approving the disclosure statement (the "**Disclosure Statement**") for solicitation of votes in connection with a chapter 11 plan of liquidation (the "**Plan**") proposed by the Debtors.

6.        On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"), confirming the Plan and approving of the Administrative Expense Claims Consent Program.

7.        Information regarding, among other things, the Debtors' prepetition business and capital structure, the circumstances leading to the commencement of these chapter 11 cases, and significant events in these chapter 11 cases is set forth in the Disclosure Statement.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement or Plan, as applicable.

WEIL:\97280801\6\73217.0004

### The Debtors' Retention of Weil

8.          Weil has served as the Debtors' counsel since the Commencement Date. The Court approved the Debtors' application to retain and employ Weil as their attorneys (ECF No. 344) by order, dated November 13, 2018 (ECF No. 691) (the "**Retention Order**"). The Retention Order authorizes the Debtors to compensate and reimburse Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Guidelines (defined below).  The Retention Order also authorizes the Debtors to compensate Weil for services rendered and to reimburse Weil for its reasonable and necessary expenses incurred at Weil's normal hourly rates and disbursement policies, subject to application to this Court.  The Retention Order authorizes Weil to, among other things:

- prepare on behalf of the Debtors all necessary motions, applications, orders, reports, and other papers, and take all necessary actions in connection with the administration of the Debtors' estates;

- take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, and the negotiation of disputes in which the Debtors are involved; and

- perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested[3]

9.          During the Compensation Period, Weil staffed attorneys from all of the firm's departments and numerous practice areas to assist in the efficient administration of the

---

[3] This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and, together with the Local Guidelines, the "**Fee Guidelines**").

WEIL:\97280801\6\73217.0004

Debtors and their estates.    During the Compensation Period, Weil attorneys and paraprofessionals expended a total of 12,682.50 hours in connection with the necessary services performed.  Weil seeks allowance of compensation for professional services performed in the amount of $10,388,784.25 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $675,032.56.  Weil reserves the right to request additional compensation for the Compensation Period to the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period.

10.    There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.  During the Compensation Period, Weil received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application (other than from the Debtors in accordance with the Interim Compensation Order).

11.    The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period.  The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

12.    Weil consistently monitors its charges and expenses before and after the submission of monthly fee statements for possible errors or charges that should be reduced.  Weil

5

will continue to diligently monitor its charges and expenses and, where appropriate, make applicable reductions.

13.     Annexed hereto as **Exhibit A** is a certification regarding compliance with the Fee Guidelines.

14.     The attached summary sheet contains a schedule of Weil professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

15.     The attached summary sheet also contains a summary of Weil's time records billed during the Compensation Period using project categories hereinafter described. Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases. Details were filed on the docket with Weil's monthly fee statements and furnished to the Debtors, the Court, counsel for the Creditors' Committee, and the U.S. Trustee in the format specified by the Fee Guidelines. A copy of the details are annexed hereto as **Exhibit E**.

16.     The attached summary sheet contains a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such category. Itemized schedules of all expenses have been filed on the docket with Weil's monthly fee statements, provided to the Debtors, the Court, counsel for the Creditors' Committee, and the U.S. Trustee.

6

17.    Annexed hereto as **Exhibit B** is a summary and comparison of the aggregate blended hourly rates billed by timekeepers in Weil's domestic offices to nonbankruptcy matters during the preceding 12-month period ending November 30, 2019 and the blended hourly rates billed to the Debtors during the Compensation Period.

18.    Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases. Further, Weil provided the Debtors with a budget in connection with the Debtors' postpetition financing and discussed staffing and fees with the Debtors throughout the Compensation Period. A summary of Weil's budget and a discussion of its staffing plan are attached as **Exhibit C** and **Exhibit D**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the prosecution of the Debtors' chapter 11 cases, preservation of the Debtors' assets, and other matters described herein.

19.    The Debtors have been given the opportunity to review this Application and have approved the compensation and reimbursement of expenses requested herein.

### Summary of Services Performed by
### Weil During the Compensation Period

20.    The following is a summary of some of the significant professional services rendered by Weil during the Compensation Period, organized in accordance with Weil's internal system of task codes. Certain services performed overlap between and appropriately could be allocated to more than one task code.

a.    <u>Administrative Expense Claims (Task Code 001)</u>
Fees:  $1,657,198.00; Total Hours:  1,929.70

- Addressed and obtained ruling from the Court on claims in excess of $700 million asserted by Cyrus, ESL, Wilmington Trust, and other Second Lien Holders (the "**Second Lien Holders**"), including:

  - Drafted and filed the *Debtors' (I) Opposition to Second-Lien Holders' Requests to Determine Amount of Second-Lien Secured Claims Under Section 506(a) and Section 507(b) Administrative Claims and (II) Reply in Support of Debtors' Rule*

WEIL:\97280801\6\73217.0004

*3012 Motion to Determine the Amount, if any, of 507(b) Claims and to Surcharge Second-Lien Collateral Pursuant to Section 506(c)* (ECF No. 4381), concerning the 507(b) actions;

- Conducted a two-day trial held on July 23 and July 31, 2019, and:

  - Prepared the Debtor's witness to present live testimony;

  - conducted three expert witness cross-examinations;

  - Defended the *Motion in Limine to Exclude Certain Testimony and Strike Certain Portions of the Declarations by the Debtors' Fact Witness Brian Griffith* (ECF No. 4564);

  - Presented argument on *The Debtors' Motion to Strike Second-Lien Holders' Experts in Connection with July 23, 2019, Hearing on Rule 507(b) Determination* (ECF No. 4568);

  - Prepared oral arguments, exhibit lists, and other filings and materials;

- Coordinated and corresponded with the Creditors' Committee and its advisors in connection with all of the foregoing;

- Filed an appeal of the Court's denial of 506(c) surcharges, designated the record, and subsequently obtained a stay of those proceedings at a status hearing;

- Filed a counter designation of record and issues on appeal (ECF NO. 5130) in response to appeals of the Court's order (Notice of Appeals 4832, 4839, 4845) filed by the Second Lien Holders;

- Filed a response, including attorney declarations, to the motion of the Second Lien Holders to certify the 507(b) appeals directly to the Second Circuit (Doc# 31, 32, S.D.N.Y. 7:19-cv-07660-VB);

- Researched, analyzed, and began drafting the response brief to the Second Lien Holders' appellants' brief (filed on November 1, 2019);

- Negotiated and Drafted the Administrative Expense Claims Consent Program by and among the Creditors' Committee and the Ad Hoc Vendor Group, and incorporated the final terms thereof into the Confirmation Order;

  - Drafted and filed a Notice of Administrative Expense Claims Consent Program outlining the key terms of the Administrative Expense Claims Consent Program;

  - Drafted Opt-In and Opt-Out Ballots for holders of Administrative Expense Claims to submit pursuant to the Administrative Expense Claims Consent Program, and assisted Prime Clerk with the service of same;

- Worked with members of M-III Partners LLC ("**M-III**") and corresponded with holders of Administrative Expense Claims to reconcile Opt-In Admin Claims pursuant to the Administrative Expense Claims Consent Program;

- Successfully prosecuted ten omnibus objections to hundreds of proofs of claim asserting entitlement to administrative expense priority and addressed responses received in connection with same;

- Analyzed and addressed numerous demands, requests, and inquiries from various other alleged administrative creditors and partied in interest regarding payment and/or allowance of claims.

b.    Asset Disposition (Task Code 003)
      Fees:  $1,322,102.00; Total Hours:  1,614.20

- In connection with the Debtors' efforts to recover $9.6 million in tax rebates held by the Village of Hoffman Estates from property taxes levied and collected for the 2017 tax year on the Hoffman Estates properties (the "**EDA Funds**"):

    - Drafted, reviewed and analyzed documents, including pleadings and supporting documents, related to EDA Funds dispute;

    - Conducted teleconferences, meetings, and correspondence (internally, to develop litigation strategies for and approaches to; externally, with opposing counsel and financial/restructuring advisors to effectuate those strategies and approaches) concerning EDA Funds dispute;

    - Negotiated and effectuated settlement of EDA Funds dispute (including preparation, review, revision, and finalization of documents relating to the same).

- In connection with the Debtors' disputes arising out of that certain Asset Purchase Agreement between the Debtors and Transform HoldCo. (as amended or modified from time to time, the "**APA**") (the "**APA Disputes**"):

    - Drafted and filed the *Debtors' Brief in Opposition to Transform Holdco LLC's Adversary Complaint and in Further Support of Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement* (ECF No. 4430);

    - Drafted and filed *Supplemental Memorandum of Law in Support of Debtors' Brief in Opposition to Transform Holdco LLC's Adversary Complaint and in Further Support of Debtors' Supplemental Motion to Enforce the Asset Purchase Agreement* (ECF No. 4973) and three declarations in support thereof (ECF Nos. 4975, 4976, 4977);

    - Drafted three declarations in support thereof (ECF Nos. 4432, 4433, 4434);

- Prepared for and argued at the hearing to consider APA Disputes on September 12, 2019;

- Conducted extensive research related to the foregoing;

- Provided corporate governance and securities law related advice and in connection therewith:

  - Prepared materials for and participated in numerous meetings of the Restructuring Committee, Board, and Audit Committee, and drafted minutes, resolutions, secretary certificates, and other corporate governance related documentation; and

  - Advised the Debtors with regards to SEC disclosure requirements and prepared numerous Form 8K's containing monthly operating reports and other information.

c.    <u>Automatic Stay (Task Code 004)</u>
     Fees: $345,757.50; Total Hours: 423.80

- Preserved the value of the Debtors' assets by advising the Debtors and engaging with the Debtors' vendors, customers, regulators, and other counterparties to enforce the automatic stay, including with regard to pending and threatened litigation, demands for payment, setoff and recoupment;

- Maintained an inquiry tracker, logging over 100 formal and informal requests for relief from stay;

- Analyzed more than 15 motions for relief from the automatic stay, coordinating with various members of the Debtors' former legal, finance, and business teams and the Debtors' advisors;

- Negotiated, drafted, filed, and/or obtained Court approval of:

  - Fourteen stipulations granting limited relief from the automatic stay;

  - Withdrawals and adjournments, and other matters with numerous parties; and

- Conducted legal research and factual diligence on various issues.

d.    <u>Case Administration (Task Code 007)</u>
     Fees: $70,028.50; Total Hours: 108.80

- Maintained telephone hotline for parties in interest and responded to customer, creditor and vendor inquiries regarding a wide variety of issues;

- Advised and continually updated the Debtors on bankruptcy and case-related issues;

WEIL:\97280801\6\73217.0004

- Prepared materials for and advised the Debtors to ensure compliance with Court orders and statutory requirements;

- Prepared and distributed docket updates, case calendars, organization structure charts, and case timelines for the Debtors, the Debtors' other professionals, and internal teams;

- Drafted and filed notices of hearing dates, adjournments, and various filings on behalf of the Debtors;

- Communicated and coordinated with counsel for the Creditors' Committee and other parties in interest in advance of filing motions and hearings; and

- Responded to numerous other inquiries related to the status of these cases, specific contract counterparty demands, and other matters related to ongoing operations and the administration of these cases.

e.    Chapter 11 Plan/Plan Confirmation (Task Code 008)
Fees:  $2,735,555.50; Total Hours:  3,346.40

- Obtained confirmation of the Plan over numerous objections after contested hearing;

- Negotiated, drafted and finalized the Plan and Confirmation Order;

- Drafted and filed *Debtors' Memorandum of Law in Support of Confirmation of Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5144) (the "**Confirmation Brief**") in response to thirty-six (36) formal objections to the Plan;

- Prepared for and attended a contested Confirmation Hearing on October 3, and October 7, 2019;

- Conducted significant research in response to objections interposed and drafted responsive pleadings in connection with the Plan;

- Negotiated and incorporated various settlements and compromises into the Plan and Confirmation Order, including the Global Settlement, the Creditors' Committee Settlement, the PBGC Settlement, and the Administrative Expense Claims Consent Program;

- Negotiated the terms of, drafted, and filed numerous documents in four Plan Supplement (ECF Nos. 4632, 4703, 5295, 5335); and

- Engaged in internal and external meetings, conferences, and teleconferences with the Debtors, their other professionals, key stakeholders, and their retained professionals regarding terms and structure of the chapter 11 plan and plan-related documents;

11

f.    Corporate Governance (Task Code 010)
      Fees: $521,574.00; Total Hours: 620.00

- Advised the Board and the Restructuring Committee, and prepared materials for and participated in numerous meetings and additional calls, including regarding the Sale Process, pending litigation, and chapter 11 case status and strategy;

- Drafted minutes, resolutions, secretary certificates, and corporate governance guidelines; advised the Debtors regarding various governance issues and documents of the Board and committees; and

- Conducted research and advised the Debtors with respect to various public filings, and disclosure requirements and issues.

g.    Employee Issues (Task Code 015)
      Fees: $358,522.50; Total Hours: 332.60

- Advised the Debtors in connection with termination of retiree benefits;

- Drafted, filed, and obtained Court approval of the *Motion of Debtors for Modification of Retiree Benefits* (ECF No. 4635) (the "**Retiree Benefit Motion**"), and a declarations in support thereof;

- Drafted and filed *Debtors' Reply in Support of Motion of Debtors for Modification of Retiree Benefits* (ECF No. 4885);

  - Conducted research and advised the Debtors in response to numerous other employee-related issues, including those related to PBGC regulations, Department of Labor requirements, and health and welfare plan administration.

- Developed and negotiated various proposals for modification of retiree benefits, which ultimately resulted in a consensual resolution.

h.    General Case Strategy (Task Code 018)
      Fees: $181,269.50; Total Hours: 172.30

- Prepared for and participated in meetings and on teleconferences:

  - With the Debtors, the Debtors' other professionals, the Debtors' Board of Directors, the Restructuring Committee thereof, and Weil teams;

  - Regarding case strategy and coordination, Court filings and hearings, customer and vendor-related matters, compliance with and implementation of Court orders, significant claims, pending and potential litigation, the marketing and sale process, chapter 11 plan and emergence strategies, and other general bankruptcy matters;

WEIL:\97280801\6\73217.0004

- Engaged with creditors, lenders, U.S. Trustee, Creditors' Committee, and creditors regarding various aspects of the bankruptcy cases;

- Prepared for court hearings and analyzed and addressed court filings; and

- Responded to a large volume of emails, calls and correspondence related to the Debtors' bankruptcy cases and related matters.

i.   Hearing and Court Matters (Task Code 019)
     Fees: $839,519.00; Total Hours: 1,256.90

- Prepared for and represented the Debtors during hearings on six dates before Court, and additional conferences with the Court, including:

  - The Hearing to consider the *Debtors Motion to Estimate Certain 507(B) Claims for Reserve Purposes* (ECF No. 4034) and related matters on July 23, 2019 and July 31, 2019;

  - The Hearing to consider confirmation of the Plan on October 3 and October 7, 2019;

  - Three (3) omnibus hearings held on July 11, August 2, and October 9, 2019.

- Prepared witness, declarations and evidence in support of the various relief requested;

- Prepared, filed on the docket of these cases, and arranged service of various motions, notices and documents, including agendas, proposed orders, and certificates of no objection to avoid the expense of hearings on uncontested matters;

- Negotiated terms of proposed orders and related documents with parties-in-interest; and

- Consulted with the Court's chambers and prepared materials for the Court.

j.   Real Property Leases/ Section 365 Issues/ Cure amounts (Task Code 023)
     Fees: $1,081,244.50; Total Hours: 1,300.00

- Executed all post-closing aspects of the sale to Transform, including:

  - Coordinating, drafting, reviewing and revising conveyance documentation for properties identified in the Second Amendment of the APA;

  - Preparing documentation for, and coordinating the release or bonding over of, mechanic's liens on all Owned Real Property that were required to be removed pursuant to the APA;

- Coordinating, revising and reviewing documentation for conveyances to Transform that were rejected by the filing offices, including tax exempt affidavits and related documents; and

- Reviewed and analyzed nonresidential real property leases not designated for assumption and assignment to determine whether assumption or rejection was in the best interests of the Estate, and coordinated with M-III regarding the same.

- Reviewed and analyzed documentation in connection with the real estate aspects of the litigation with Transform;

- Evaluated numerous requests from Transform for additional real estate transfers pursuant to the Asset Purchase Agreement;

- Reviewed and negotiated cure notices and orders providing for assumption and assignment of various real property leases to Transform;

- Reviewed, analyzed, and responded to real estate inquiries from numerous landlords, contract counterparties and potential purchasers; and

- Interfaced with M-III on all legal aspects of real estate processes, including frequent calls, correspondence and conference calls.

k.    Reclamation/503 (b)(9) Claims (Task Code 024)
      Fees:  $319,601.00; Total Hours:  368.80

- Reviewed and assisted with reconciliation of filed proofs of claim in connection with preparation and filing of ten omnibus objections to hundreds of claims;

- Reviewed approximately thirty (30) responses filed by various claimants in response to the Debtors' omnibus claim objections;

- Correspondence with M-III regarding reconciliation of asserted 503(b)(9) claims;

- Maintain and review database of asserted 503(b)(9) claims to track reconciliation process;

- Conduct research related to various 503(b)(9)-related issues and drafted substantive omnibus objection to numerous claims based on same.

l.    Tax Issues (Task Code 031)
      Fees:  $176,311.50; Total Hours:  150.70

- Provided tax advice in connection with, among other issues:

  - Litigation with Transform related to the Sale Transaction, and assisted with the analysis of tax-related issues with respect to enforcement of the Asset Purchase Agreement;

14

- The Disclosure Statement, Plan, and related Liquidating Trust Agreement;

- State trust fund tax issues;

- Requests for waivers of requirements from the Court's order restricting trading in securities of the Debtors; and

- Coordinated with the Debtors' other professionals, including Deloitte, regarding same and other on-going tax matters.

21.    The professional services performed by partners, counsel, and associates of Weil were rendered by the Business Finance & Restructuring, Corporate, Litigation, and Tax, Benefits, and Executive Compensation Departments predominantly in the New York office.  Weil has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 100 attorneys that specialize in this area of law.

22.    The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 12,682.50 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 2,872.10 recorded hours were expended by partners and counsel of Weil, approximately 7,513.20 recorded hours were expended by associates, and approximately 2,297.20 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

### Actual and Necessary Disbursements of Weil

23.    Weil disbursed $675,032.56 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to the overall administration of these chapter 11 cases.

24.    While Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the

evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from the office. Weil's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the Fee Guidelines and the Local Rules.

25.    With respect to black-and-white photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, Weil charges all of its clients $.10 per page; for color copies, Weil charges $.50 per page. Each of these categories of expenses does not exceed the maximum rate set by the Local Rules or Local Guidelines. These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into the Weil hourly billing rates. Only clients who actually use services of the types set forth in the summary sheet are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

26.    On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Weil's overhead for the purpose of setting billing rates. Weil has made every effort to minimize its disbursements in this case. The actual expenses

16

incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

## The Requested Compensation Should Be Allowed

27.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).   Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

WEIL:\97280801\6\73217.0004

28.   Weil submits that the professional services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary and appropriate for the orderly administration of the Debtors' chapter 11 estates. The professional services performed by Weil preserved and protected the value of the Debtors' assets for the benefit of all parties-in-interest.

29.   Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed expediently and efficiently.  Whenever possible, Weil sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

30.   The compensation requested herein is reasonable under the applicable standards.  Approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.  Weil respectfully requests that the Court grant the Application.

## Notice

31.   Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

32.   No previous request for the relief sought herein has been made by Weil to this or any other Court.

## Conclusion

33.   Weil respectfully requests that the Court (i) award interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the

18

amount of $11,063,816.81, consisting of $10,388,784.25 in fees incurred and $675,032.56 in

actual and necessary expenses incurred during the Compensation Period, and that such allowance

be without prejudice to Weil's right to seek additional compensation for services performed and

expenses incurred during the Compensation Period, which were not processed at the time of this

Application, (ii) direct payment by the Debtors of the difference between the amounts allowed

and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order,

and (iii) grant such other and further relief as is just.

Dated:  December 16, 2019
        New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

19

## **Exhibit A**

**Certification**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :    Case No. 18-23538 (RDD)
                                          :
              Debtors.¹                   :    (Jointly Administered)
                                          :
---------------------------------------------------------------x
```

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATION OF GARRETT A. FAIL IN SUPPORT OF
THIRD APPLICATION OF WEIL, GOTSHAL & MANGES LLP,
AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JULY 1, 2019 THROUGH AND INCLUDING OCTOBER 31, 2019**

I, Garrett A. Fail, hereby certify that:

1.      I am a partner with the applicant firm, Weil, Gotshal & Manges LLP ("**Weil**"), with responsibility for the chapter 11 cases of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), and compliance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and, together with the Local Guidelines, the "**Fee Guidelines**").

2.      This certification is made in connection with Weil's Application, dated December 16, 2019, for interim compensation and reimbursement of expenses for the period commencing July 1, 2019 through and including October 31, 2019 in accordance with the Fee Guidelines (the "**Application**").

3.      Pursuant to section B(1) of the Local Guidelines, I certify that:

a.      I have read the Application;

b.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

2

c.      The fees and disbursements sought are billed at rates in accordance with those customarily charged by Weil and generally accepted by Weil's clients; and

d.      In providing a reimbursable service, Weil does not make a profit on that service, whether the service is performed by Weil in-house or through a third party.

4.      Pursuant to section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Weil has complied with provisions requiring it to provide counsel for the Statutory Creditors' Committee (the "**Creditors' Committee**"), the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and the Debtors with a statement of Weil's fees and disbursements accrued during the previous month, although such statements were not always provided within the exact timetables set forth in the Interim Compensation Order.

5.      Pursuant to section B(3) of the Local Guidelines, I certify that the Debtors, counsel for the Creditors' Committee, and the U.S. Trustee are each being provided with a copy of the Application.

6.      Exhibit B to the Application compares the blended hourly rate billed by attorneys and paralegals in Weil's domestic offices for the preceding 12-month period ending November 30, 2019 with the blended hourly rate billed by attorneys and paralegals to the Debtors in connection with their chapter 11 cases from July 1, 2019 through and including October 31, 2019. Weil does not charge a premium for bankruptcy related services as compared to other services.

7.      In accordance with the UST Guidelines, Weil responds to the questions identified therein as follows:

WEIL:\97280801\6\73217.0004

<u>Question 1</u>:    Did Weil agree to any variations from, or alternatives to, Weil's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

<u>Answer</u>:        No.

<u>Question 2</u>:    Are the fees sought in the Application higher by 10% or more as compared to the fees budgeted for the Compensation Period?  If so, did Weil discuss the reasons for the variation with the client?

<u>Answer</u>:        No.

<u>Question 3</u>:    Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>:        No.

<u>Question 4</u>:    Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

<u>Answer</u>:        Any time expended for such matters during the Compensation Period is included within Task Code 028.

<u>Question 5</u>:    Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

<u>Answer</u>:        Any time expended for such matters during the Compensation Period is included within Task Code 028.

<u>Question 6</u>:    Does the Application include any rate increases since Weil's retention in this case?  If so, did the client review and approve those rate increases in advance?  Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>:        Yes.


Dated: December 16, 2019
      New York, New York                    */s/ Garrett A. Fail*
                                        Garrett A. Fail

WEIL:\97280801\6\73217.0004

**Exhibit B**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed by timekeepers in all domestic offices, excluding bankruptcy[1] | Billed in this fee application |
| Partner | $1,209.00 | $1,310.00 |
| Counsel | $969.00 | $1,065.00 |
| Senior Associate (7 years or more since first admission) | $914.00 | $923.00 |
| Mid-level Associate (4-6 years since first admission) | $827.00 | $913.00 |
| Junior Associate (0-3 years since first admission) | $609.00 | $674.00 |
| Paralegal | $313.00 | $347.00 |
| Other | $302.00 | $372.00 |
| **All timekeepers aggregated** | **$818.00** | **$819.00** |

---

[1] In accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013,* preceding year is a rolling 12 months year ending November 30, 2019; blended rates reflect work performed in preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

## Exhibit C

| Period | Budget for Fees | Actual Fees |
|---|---|---|
| Total | $14,000,000.00 | $10,388,784.25 |
| July | $4,700,000.00 | $3,344,616.00 |
| August | $3,350,000.00 | $2,466,559.25 |
| September | $3,500,000.00 | $2,565,018.00 |
| October | $2,450,000.00 | $2,012,591.00 |

| Task | Task Description | September Budget | September Invoice | October Budget | October Invoice |
|---|---|---|---|---|---|
| 1 | Administrative Expense Claims | $400,000.00 | $308,696.50 | $150,000.00 | $359,541.00 |
| 2 | Adversary Proceedings | $0.00 | $0.00 | $0.00 | $21,133.00 |
| 3 | Asset Disposition/363 Asset /De Minimis Asset/Liquidation Sales | $400,000.00 | $259,404.50 | $550,000.00 | $127,935.00 |
| 4 | Automatic Stay | $100,000.00 | $80,027.50 | $80,000.00 | $83,286.00 |
| 5 | Bankruptcy Litigation | $0.00 | $0.00 | $0.00 | $0.00 |
| 6 | Bar Date Motion/Claims Reconciliation Issues | $25,000.00 | $0.00 | $0.00 | $13,027.00 |
| 7 | Case Administration | $25,000.00 | $9,154.00 | $50,000.00 | $23,514.50 |
| 8 | Chapter 11 Plan/Plan Confirmation | $1,500,000.00 | $1,134,452.50 | $550,000.00 | $395,882.50 |
| 10 | Corporate Governance | $100,000.00 | $87,235.00 | $80,000.00 | $99,258.00 |
| 11 | Customer, Supplier and Vendor Issues | $50,000.00 | $0.00 | $20,000.00 | $13,288.00 |
| 13 | DIP Financing/Cash Collateral/AdequateProtection/Cash Management | $10,000.00 | $2,680.00 | $0.00 | $0.00 |
| 14 | Disclosure Statement/Solicitation/Voting | $25,000.00 | $13,604.50 | $0.00 | $0.00 |
| 15 | Employee Issues | $100,000.00 | $69,280.00 | $50,000.00 | $41,807.00 |
| 16 | Exclusivity | | | $0.00 | $1,372.00 |
| 17 | Executory Contracts/Lease Issues (excluding Real Property) | $25,000.00 | $6,115.00 | $20,000.00 | $0.00 |
| 18 | General Case Strategy | $50,000.00 | $27,974.00 | $75,000.00 | $48,239.50 |
| 19 | Hearings and Court Matters | $100,000.00 | $89,809.50 | $325,000.00 | $311,043.00 |
| 20 | Insurance and Workers Compensation Issues | $10,000.00 | $12,738.00 | $10,000.00 | $2,431.50 |
| 21 | Non-Bankruptcy Litigation | $0.00 | $0.00 | $0.00 | $0.00 |
| 22 | Non-Working Travel | $50,000.00 | $19,752.50 | $100,000.00 | $44,165.00 |
| 23 | Real Property Leases/Section 365 Issues /Cure Amounts | $250,000.00 | $207,155.00 | $150,000.00 | $266,687.00 |
| 24 | Reclamation/503 (b)(9) Claims | $150,000.00 | $165,396.50 | $50,000.00 | $15,904.00 |
| 25 | Regulatory/Environmental Issues | $10,000.00 | $3,497.50 | $10,000.00 | $5,940.00 |
| 26 | Retention/Fee Application: Ordinary Course Professionals | $10,000.00 | $8,153.50 | $5,000.00 | $2,694.00 |
| 27 | Retention/Fee Application: Other Professionals | $10,000.00 | $5,784.50 | $15,000.00 | $30,615.50 |
| 28 | Retention/Billing/Fee Applications: WGM | $30,000.00 | $23,312.00 | $40,000.00 | $22,687.50 |
| 31 | Tax Issues | $25,000.00 | $13,634.50 | $50,000.00 | $67,767.00 |
| 33 | U.S. Trustee issues/ meetings/ communications/monthly operating | $5,000.00 | $636.00 | $5,000.00 | $1,186.00 |
| 34 | Utility Issues/Adequate Assurance | $5,000.00 | $1,400.00 | $5,000.00 | $1,746.00 |
| 36 | Sears Re | $10,000.00 | $2,200.00 | $10,000.00 | $2,805.00 |
| 37 | KCD | $5,000.00 | $1,675.00 | $0.00 | $3,433.00 |
| 38 | Non-Debtor Affiliates (Other) | $10,000.00 | $5,912.50 | $0.00 | $1,305.00 |
| 39 | Debt Documents/Issues | $0.00 | $0.00 | $0.00 | $0.00 |
| 40 | Reimbursable by Transform under APA | $0.00 | $5,337.50 | $50,000.00 | $0.00 |
| 41 | Assumption of Contracts - Transform | $10,000.00 | $0.00 | $0.00 | $0.00 |
| Total | | $3,500,000.00 | $2,565,018.00 | $2,450,000.00 | $2,012,591.00 |

**<u>Exhibit D</u>**

Weil discussed attorney staffing with the Debtors throughout the cases.  Core teams of Business, Finance and Restructuring, Corporate, and Litigation attorneys were supplemented by specialists and additional resources as necessary to meet client needs under the changing circumstances of these cases.

## Exhibit E