1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 18-23538-rdd

4   Adv. Case No. 19-08269-rdd

5   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6   In the Matter of:

7

8   SEARS HOLDINGS CORPORATION,

9

10           Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   NG,

13                   Plaintiff,

14           v.

15   SEARS HOLDINGS CORPORATION, et al,

16                   Defendants.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19

20

21

22

23

24

25

1              United States Bankruptcy Court

2              300 Quarropas Street, Room 248

3              White Plains, NY 10601

4

5              November 20, 2019

6              10:14 AM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON. ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   SHEA

Page 3

1    HEARING re Notice of Agenda of Matters Scheduled for Hearing

2    on November 20, 2019 at 10:00 a.m.

3

4    Application for Final Professional Compensation in Excess of

5    Tier 3 Ordinary Course Professional Monthly Cap for

6    Polsinelli Poughkeepsie Courthouse - 355 Main Street.

7    Objections due by, Other Professional, period: 1/1/2019 to

8    1/31/2019, fee: #88,350.84, expenses: $0.00 (ECF 5106)

9

10   Declaration of Mark A. Gershon in Support (ECF 5107)

11

12   Motion of Wedy Antoine for Relief from Stay (ECF 4207)

13

14   Motion of Delia Torres for Relief from Stay (ECF 4550)

15

16   Adversary proceeding: 19-08269-rdd Ng v. Sears Holding

17   Corporation et al

18

19   Debtors' Motion to Dismiss Adversary Complaint (ECF 7)

20

21   Opposition of Brian Coke Ng to PDS, Inc.'s Motion to Dismiss

22   (ECF 10)

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1    A P P E A R A N C E S :

 2

 3    WEIL, GOTSHAL & MANGES LLP

 4         Attorneys for the Debtors

 5         767 Fifth Avenue

 6         New York, NY 10153

 7

 8    BY:  JENNIFER CROZIER

 9         PHILIP L. DIDONATO

10         GARRETT FAIL

11

12    AKIN GUMP STRAUSS HAUER & FELD LLP

13         Attorneys for Official Committee of Unsecured Creditors

14         One Bryant Park

15         New York, NY 10036

16

17    BY:  SARA L. BRAUNER

18

19    UNITED STATES DEPARTMENT OF JUSTICE

20         Attorneys for the U.S. Trustee

21         201 Varick Street, Suite 1006

22         New York, NY 10014

23

24    BY:  RICHARD MORRISSEY

25
```

1    ALSO PRESENT TELEPHONICALLY:

2

3    JOHNAHTAN C. BOLTON

4    JULIE C. CURLEY

5    KIMBERLY B. GIANIS

6    TAYLOR B. HARRISON

7    CATHERINE HEITZENRATER

8    HOO RI KIM

9    SHIRIN MAHKAMOVA

10   PATRICK MOHAN

11   BRYAN OBERG

12   JANE E. PEARSON

13   LEE J. ROHN

14   JOHS F. SAUL

15   CHRIS STAUBLE

16   DAVID H. WANDER

17   AISHA AL-MUSLIM

18   ALIX BROZMAN

19   MICHAEL G. LINN

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE COURT:  In re Sears Holdings, Corporation.

3              MR. CARSON:  Your Honor, I didn't get an

4    opportunity to tell you who I was.  I think you asked me,

5    though.

6              THE COURT:  Who are -- I'm sorry.  Who are you?

7              MR. CARSON:  My name is Seth Carson.  I represent

8    Antoine Wedy.  I guess he's a Creditor.  We have a Title 7

9    action.  We filed a motion --

10             THE COURT:  Right.  This is in the Sears case,

11   though, right?  Not the Swift case that I just called?

12             MR. CARSON:  No, no.  In the Sears case, right.

13             THE COURT:  All right.  Well, I'm doing that one

14   now.

15             MR. CARSON:  Okay.

16             THE COURT:  Very well.  Okay.

17             MR. CARSON:  Our motion has a Docket number from

18   you guys.  It's 4307.

19             THE COURT:  Okay.  So I have the agenda for

20   today's omnibus hearing.  Why don't we go by that agenda?

21             MR. FAIL:  Good morning, Your Honor.  For the

22   record, Garrett Fail, Weil, Gotshal & Manges.  There are a

23   number of items on the agenda today.  With the Court's

24   permission, I'll turn the podium over to my colleague Phil

25   DiDonato.  As a matter of housekeeping, Your Honor, Mr.

Page 7

1    DiDonato is admitted to New York State, but his paperwork is

2    still in process for admission to the Southern District.

3              THE COURT:  Okay.

4              MR. FAIL:  He's been representing the Debtor since

5    the inception of the case.  He appreciates the Court

6    permitting him to address today.

7              THE COURT:  Very well.

8              MR. FAIL:  Thank you, Your Honor.

9              THE COURT:  Okay.

10             (indiscernible)

11             THE COURT:  Okay.  Good morning.

12             COUNSEL:  Good morning, sir -- Your Honor.

13             MR. DIDONATO:  Good morning, Your Honor.  For the

14   record, Phil DiDonato, Weil, Gotshal & Manges for the

15   Debtors.  The first matter on the agenda today is an

16   uncontested matter.  It is the application of Polsinelli,

17   PC, for first and final application for compensation.  I

18   understand that the counsel is on the line to answer any

19   questions you may have.

20             THE COURT:  Okay.  And this application was filed

21   because Polsinelli exceeded its ordinary course of

22   professional cap for the month of January 2019.  Have there

23   been any developments on the application?  I didn't see any

24   objections to it.  Were there any changes made in light of

25   discussions with anyone?

1            MS. PEARSON:  Your Honor, this is Jane Pearson.

2     I'm a shareholder of Polsinelli.  I'm on the line.

3            THE COURT:  Yes.

4            MS. PEARSON:  We haven't been contacted by anyone

5     or received any objections.

6            THE COURT:  Okay.  All right.  I have reviewed the

7     application and based on that review and the lack of an

8     objection, I will grant the application.  Obviously, it's

9     for a significant amount of money.  It's over the ordinary

10    course of professional cap.  On the other hand, it's clear

11    to me that this was a very busy time for the firm because of

12    the transformed transaction which had a heavily -- a heavy

13    real estate-based element to it and that was the primary

14    focus of Polsinelli's retention.  So you could email the

15    standard order granting the first and final fee application

16    with schedules A and B which the administrative office or

17    the courts require.  If you don't have a model for that, you

18    can contact Weil, Gotshal for one.

19           MS. PEARSON:  Thank you, Your Honor.  May I be

20    excused?

21           THE COURT:  Yes.  That's fine.  Thanks.

22           MS. PEARSON:  Thank you.

23           THE COURT:  Okay.

24           UNIDENTIFIED SPEAKER:  Okay.  Thank you, Your

25    Honor.

1              MR. DIDONATO:  And next on the agenda are two

2     motions for the relief from the automatic stay.  The Debtors

3     filed an omnibus objection to both of these motions at

4     Docket Entry 6006.  We request that these motions be denied

5     for the reasons stated in our objection, namely that they're

6     both predicated on the availability of insurance for the

7     underlying claims and we demonstrated that there is no

8     insurance available here.  But happy to take these one at a

9     time, if that's all right with Your Honor.

10             THE COURT:  Okay.  Well, why don't we take the

11    motion of behalf of Mr. Antoine first -- (indiscernible)

12    Antoine -- and I understand that, again, that his counsel's

13    on the phone?  Mr. Carson?

14             MR. CARSON:  Yes.  This is Mr. Carson.

15             THE COURT:  Okay.  Good morning.

16             MR. CARSON:  Sorry.  I had it on mute.  Sorry.  I

17    don't want to bother you guys while I was talking.

18             THE COURT:  No, that's fine.  So this is a motion

19    for leave from the automatic stay to pursue the pending

20    district court action in Eastern District of Pennsylvania

21    against Sears.  And I appreciate that you may not be a

22    bankruptcy lawyer, but in this action, the standard by which

23    I review a lift stay motion is laid out by the Second

24    Circuit in In re Sonnax 906 F2d 1280 (2d Cir. 1990).  And

25    the multi-fact or test that the Second Circuit lays out

1    there has been addressed by the Debtors in their objection,

2    and given that, to the extent there is insurance there's a

3    substantial deductible that would need to be paid first, a

4    $5 million deductible.

5              MR. CARSON:  It's my understanding it's 5 million.

6              THE COURT:  It seems to me that the Sonnax factors

7    here argue for not lifting the stay.  I'll also note that it

8    is highly unlikely that there will be any meaningful

9    recovery from non-insurance assets in this case -- in the

10   bankruptcy case -- for a lengthy period, if ever.  Because

11   it depends on --

12             MR. CARSON:  What exactly --

13             THE COURT:  -- litigation that has been brought,

14   but not developed beyond the filing of the complaint which

15   was, however, based on substantial discovery, against

16   various former insiders of the Debtors.

17             MR. CARSON:  Your Honor, can you explain what that

18   means?  My client is with me, too.  I just -- would -- do

19   you know -- can you -- would you mind explaining what that

20   means for my client's case?

21             THE COURT:  Sure.  There are two sources of

22   recovery in a litigation often.  Source one is directly from

23   the defendant, in this case, Sears Roebuck & Company.  The

24   other source is from potential insurance that the defendant

25   would have that might cover the claim.  All litigation

Page 11

1  against Debtors, including the litigation that's pending in

2  the Eastern District of Pennsylvania is stayed by the

3  automatic stay when a company files for bankruptcy which is

4  what happened here.

5       The courts will generally lift the automatic stay

6  if there is insurance and no claim is being sought against

7  any asset of the Debtors other than insurance proceeds.

8  And, in fact, I entered an order in this bankruptcy case on

9  March 1, 2019, authorizing the Debtors to enter into

10 stipulations like that -- would say the stay is lifted to

11 pursue pre-bankruptcy litigation on the condition that any

12 recovery be limited to insurance proceeds.

13      The lift stay motion here doesn't offer to limit a

14 recovery in that way and the Debtors say that there is a

15 substantial deductible that you could recover on also.  So

16 unless the limitation is just to available insurance

17 proceeds, the Debtors' estate would be harmed just by the

18 cost of defending the litigation and the potential recovery.

19      The second root of recovering here is, as I said,

20 against the Debtors themselves in the bankruptcy case once

21 the claim is liquidated.  But I was pointing out is that the

22 cost both to Mr. Antoine and to the Debtors of pursuing the

23 litigation at this time is, at least for the foreseeable

24 future, far higher than any recovery that would be obtained

25 on a claim against Sears, because the only real asset that

Page 12

1    unsecured Creditors can collect on in this case is recovery

2    down the road, potentially on litigation claims.  So in

3    terms of spending money to recover against Sears or Sears

4    spending money to defend against it in a non-bankruptcy

5    forum, it just doesn't make economic sense.  You'd be

6    spending hundred-cent dollars to collect fractional dollars,

7    if that.

8            MR. CARSON:  And so I think what you're saying is,

9    the only option that my client has at this point is to wait

10   until the bankruptcy ends and then attempt to continue the

11   lawsuit at that time.

12           THE COURT:  Or to pursue a claim at that time in

13   the bankruptcy case itself.  Did your client file a proof of

14   claim in the bankruptcy case?

15           MR. CARSON:  We did.

16           THE COURT:  Okay.  So, I mean, that would be the

17   other option.  And Congress had the stay apply to pre-

18   petition litigation because of that very calculus and courts

19   will lift the stay -- and again, the controlling case in the

20   Second Circuit is the Sonnax case that I mentioned -- but

21   it's recognized that that's extraordinary relief and the

22   factors really need to weigh in favor of lifting it.  It

23   normally will be lifted if the recovery is only to be

24   against insurance and if you want to do that, it can be

25   lifted for that purpose, but you'd have to waive the

Page 13

1    recovery in the lawsuit and in the future against Sears.

2    And many parties in this case have done that.

3           Or if you want to preserve the case against Sears

4    -- it's probably advisable as a business matter, but as a

5    legal matter it's required -- to wait and see where the

6    recovery shakes out ultimately through the bankruptcy case

7    because the Second Circuit does not authorize lifting the

8    stay in this situation where Sears is paying hundred-cent

9    dollars to defend the claim and then at the end of the day

10   those hundred-cent dollars would materially affect adversely

11   the Debtors' estate because Creditors are actually only

12   getting fractional dollars.

13           MR. CARSON:  I understand.

14           THE COURT:  And this is not --

15           THE COURT:  I know you're busy --

16           THE COURT:  -- this is not special tribunal like a

17   Workers' Compensation Board or something like that that has

18   specific expertise with a specific procedural regime that --

19   these are federal claims.  Bankruptcy courts decide federal

20   claims like this frequently so the other reasons for lifting

21   the stay wouldn't apply.  And I don't get the sense from

22   this pleading either that this matter is like ripe for trial

23   and both parties have spent lots of time and effort in

24   discovery and they're all ready for trial so the only issue

25   is the trial cost.  So --

1          MR. CARSON:  No.  We didn't have a Rule 16

2     conference yet.

3          THE COURT:  All right.  So all of those facts

4     argue strongly against not lifting the automatic stay.

5          MR. CARSON:  I understand.

6          THE COURT:  So you should talk over with Mr.

7     Antoine whether he wants to waive his claim against Sears

8     except for any available insurance.  And the Debtors are

9     saying, with regard to this claim, there probably isn't a

10    lot, if any, available insurance.  There may be a little.

11         MR. CARSON:  Yeah.  I think that would be --

12    waiving the claim, yeah.

13         THE COURT:  So anyway --

14         MR. CARSON:  I guess like --

15         THE COURT:  -- what you --

16         MR. CARSON:  -- what you mean is -- by doing that,

17    it might be waiving the claim entirely.

18         THE COURT:  Well, that possible, yes.

19         MR. CARSON:   Okay.

20         THE COURT:  So anyway, that's something you can

21    consider and talk about with your client.  If you decide to

22    do it, you could follow through on the procedure that's laid

23    out in my March 1 order and reach out to the Debtors'

24    counsel about -- they have a form of stipulation that you

25    can sign.  I'm not telling you you should do it.  I think,

Page 15

1    you know, it really depends on what insurance, if any, is

2    left, and if there's really none left, then there's no

3    reason to waive a claim against Sears, obviously.

4            MR. CARSON:  Yeah.  And I know you guys are busy

5    so I appreciate you taking the time to explain that so

6    thoroughly to us.  It's much appreciated.

7            THE COURT:  Okay.  Very well.  So I'm going to

8    deny the motion.  It's just a lift stay motion.  I'm not

9    ruling on the underlying claim so the order's just denying

10   the motion for the reasons stated.  The stay will remain in

11   effect.

12           MR. CARSON:  Okay.  Thank you, Your Honor.  We'll

13   get off the line.

14           THE COURT:  Okay.  And just for the record, the

15   Court's -- the Court authority for my remarks is laid in a

16   couple fairly recent bankruptcy ST NY cases as well as in re

17   Mazzeo 167 F.3d 139 142 (2d Cir. 1999) and numerous other

18   cases that stated the burden is on the movement -- the

19   initial burden at least -- to show cause under the Sonnax

20   factors which is extraordinary relief given that the claim

21   is unsecured.  See also in re Residential Capital, LLC, 2012

22   Bankruptcy LEXIS 3624 which goes through the Sonnax factors

23   and puts heavy emphasis on the absence of available

24   insurance.  That's bankruptcy ST NY 2012 and see also in re

25   SquareTwo Financial Services, Corp. 2017 Bankruptcy LEXIS

1    2570 at Pages 12 and 17 through 18 -- Bankruptcy ST NY 2017.

2    Okay.

3              MR. DIDONATO:  Thank you, Your Honor.  Next on the

4    agenda is the motion for relief from stay filed by Delia

5    Torres (indiscernible).  It's Docket Entry 4550.

6              THE COURT:  Right.  And I believe that her counsel

7    is also on the phone?

8              COUNSEL:  (indiscernible) on behalf on Senor

9    Torres.

10             THE COURT:  Good morning.

11             COUNSEL:  Good morning.

12             THE COURT:  I -- I mean, I'm sure you were

13   listening on the --

14             COUNSEL:  Yeah.  I heard.  So I'm pretty sure what

15   will be the judgment (indiscernible).  I heard everything,

16   yes.

17             THE COURT:  Okay.  I mean, in this motion, you did

18   state that you'd be prepared to waive the claim against

19   Sears, but -- or in this case, Kmart.  But on the other

20   hand, Kmart's been very forthcoming in saying there really

21   isn't any insurance so I'm not sure you want to proceed with

22   the motion on that basis.  I could grant the motion, but it

23   really wouldn't do your client any good because there's no

24   insurance.

25             COUNSEL:  Okay.  And for what is (indiscernible) I

1    know for a fact what's the amount, the debt that will go the

2    bankruptcy court that's non-insured debt and (indiscernible)

3    profits.  I don't know if that will make any difference or

4    if it's just a waste of time and --

5              THE COURT:  Well, I mean, you have a claim in the

6    bankruptcy case, but, again, given that the Debtors would be

7    spending hundred-cent dollars in defending this claim in the

8    court of Puerto Rico, under the Sonnax factors that I've

9    just gone through, that would not be appropriate,

10   particularly given the amount, as I stated, and timing for

11   any projection of recovery on unsecured claims.  Let me just

12   confirm.  This has not been stated in the pleading, but I

13   have been assuming -- correct me if I'm wrong, that this is

14   not a matter that's trial-ready or even close to trial.

15             COUNSEL:  No, no.  It's not.

16             THE COURT:  Okay.  So -- and --

17             COUNSEL:  It's just beginning (indiscernible).

18             THE COURT:  Reading the complaint, I gather it's a

19   personal injury claim.

20             COUNSEL:  Yes.

21             THE COURT:  And my suggestion is that after the

22   Chapter 11 plan goes effective you -- and there may be an

23   objection at some point to your claim -- but I think this is

24   the type of claim that Debtors often settle, in light of the

25   recovery that might be available.  And, again, it's really

1    in no one's interest to spend a lot of time and money

2    litigating it because of the very small recovery that's

3    projected for unsecured Creditors.  So you do have avenues

4    to try to resolve the claim, but it really should be done

5    through the Debtors' bankruptcy counsel.

6           COUNSEL:  All right.  Okay.

7           THE COURT:  So I will deny this motion also after

8    having considered the Sonnax factors and I would cite the

9    same case law that I previously cited on that basis.

10          COUNSEL:  Okay.

11          THE COURT:  And on this one, I mean, you could

12   proceed with it and I would grant it actually, because, you

13   know, there's -- you said that you would limit your recovery

14   just to insurance, but there's no insurance so it doesn't

15   make sense to proceed with it.

16          COUNSEL:  Yeah.  And it means I can't settle at

17   this time.

18          THE COURT:  Right.

19          COUNSEL:  Then there's no reason for

20   (indiscernible) the case until the (indiscernible).

21          THE COURT:  Okay.  Very well.  So I'll ask the

22   Debtors to submit both orders.

23          MR. DIDONATO:  Okay.

24          THE COURT:  Okay.

25          COUNSEL:  Thank you, Your Honor.

1              THE COURT:  Thanks.  And I think in the second one

2      he could say that upon the representation by the Debtors

3      that there's no available insurance, the movement withdrew

4      that condition to her motion.

5              MR. DIDONATO:  Understood.

6              THE COURT:  Okay.  So I think the only other

7      matter is the continued hearing on Mr. Ng's -- that's N-G's

8      -- adversary proceeding and the motions to dismiss by the

9      Debtors and by the non-Debtor co-defendants.

10             MR. FAIL:  Thank you, Your Honor.  Garrett Fail,

11     Weil, Gotshal, for the Debtors just one more time.  One

12     note.  Your Honor, we've been proceeding granting -- you

13     know, stipulating for relief from the automatic stay for all

14     parties where there was insurance and the Debtors' view was,

15     rather than lift -- consent to lift the stay in matters

16     where we knew there was no insurance and require people that

17     even were willing to drop the claims, we thought that the

18     best process would be to keep the stay in place and resolve

19     those in the claims reconciliation as Your Honor said so

20     that we don't have default judgments.

21             We were -- there were sometimes multiple other

22     parties as defendants and rather than default and have

23     larger claims in the pool, we thought it would just make

24     sense to settle them later as Your Honor indicated.  And

25     that's why we've taken the position.  Just want to put that

1    --

2              THE COURT:  Right.  No, I think that's makes sense

3    and if someone questions whether there's insurance or not

4    you can -- they can bring it before me and I can decide.

5    But --

6              MR. FAIL:  Absolutely.  And we've done that.

7              THE COURT:  -- it is no reason to -- I wouldn't

8    say lure people into settling on the belief that there's

9    insurance when there isn't.  So I think that your approach

10   is the right one.

11             MR. FAIL:  Thank you, Your Honor.

12             THE COURT:  Okay.  So I had held a fairly lengthy

13   hearing on October 23, 2019, on a number of matters that

14   were on that day involving Mr. Ng.  He was -- he requested

15   and received permission to appear by phone.  I had ruled on

16   all of the matters except the Debtors' motion to dismiss and

17   the co-defendants' separate motion to dismiss.  That is the

18   motion by PDX, Inc/National Health Information Network,

19   Inc's motion to dismiss.  And, unfortunately, Mr. Ng who is

20   on medication, and has, I believe he would acknowledge,

21   mental health issues, really couldn't last to the end of the

22   hearing and I broke it off and said I would adjourn the

23   matter and then give a ruling at that time.

24             So I don't know if there's any more real argument

25   to be had.  We really didn't get to the National Health

Page 21

1    motion, but I believe that National Health's counsel who's

2    not here today -- right -- well, or on the phone -- was

3    content to have me rule just on the papers.  So I don't know

4    if you want to state your appearance, if you have anything

5    to say after introduction.

6            MS. CROZIER:  Yes.  Good morning, Your Honor.

7    Jennifer Crozier, Weil, Gotshal & Manges, for the Debtors.

8    As we indicated in the last hearing, we're prepared to be

9    heard on our papers, ready to address any questions you may

10   have this morning, Your Honor, but otherwise, prepared to

11   hear your ruling.

12           THE COURT:  Okay.

13           MS. CROZIER:  Thank you.

14           THE COURT:  I do have one question.  I had

15   suggested a way to, perhaps, resolve this, to bring some

16   closure to everyone on it, which was that the Debtors would

17   buy Mr. Ng's Workers' Compensation claim for the $93 and

18   change.  I don't know if he had second thoughts on that and

19   reached out to you a little about that?

20           MS. CROZIER:  As I understand it, Mr. Ng has not

21   reached out to us with respect to that compromise.

22           THE COURT:  All right.  And there was no

23   obligation on his part to do so, and I think I made that

24   clear to him.  All right.  So I'll give you my ruling and

25   then I'll give you the ruling on the National Health claim -

Page 22

1    - National Health motion to dismiss, excuse me.

2         I have before me a motion by the Debtors to

3    dismiss the complaint of Brian Koch Ng against them.  The

4    motion is under both bankruptcy Rule 7012 incorporating

5    federal rules of civil procedure 12(b)(6) for failure to

6    state a claim under both Rule 8 of the federal rules as well

7    as to the extent that the complaint is premised upon

8    allegations of fraud or misrepresentation, Rule 9(b) of the

9    federal rules.  I had outlined to Mr. Ng at the hearing the

10   standard for my review of such a motion which is generally

11   laid out in Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

12   551 U.S. 308 323 (2007), as well as Papasan v. Allain 478

13   U.S. 265 286 (1986) and Bell Atlantic Corp. v. Twombly 550

14   U.S. 544 555 (2007).

15        Separately, I had summarized for Mr. Ng's benefit

16   who was pro se, federal civil procedure 9(b) which requires

17   that in alleging fraud a party must state with particularity

18   the circumstances constituting fraud or mistake, although

19   malice, intent and knowledge and other conditions in a

20   person's mind may it be alleged generally.  I also pointed

21   out, however, that while intent or knowledge may be averred

22   generally, the plaintiff must still plead the events claimed

23   to give rise to an inference of intent or knowledge.  See

24   Devaney v. Chester 813 F.2d 566 568 (2d Cir. 1987).

25        Here, in reviewing the factual underpinnings of

Page 23

1   the claims alleged in the complaint and giving them all

2   reasonable inferences as I -- directed by the Tellabs case,

3   while not counting as a factual allegation your labels and

4   conclusions and formulaic recitations of the elements of a

5   cause of action is required by Papasan v. Allain, I have

6   concluded that the motion should be granted.

7           As far as the Debtors are concerned, your

8   complaint asserts five causes of action.  First, intentional

9   infliction of emotional distress under New York law, which

10  would govern all of the causes of action in the complaint;

11  second, fraud or misrepresentation; third, violation of

12  Section 349 of the New York General Business Law pertaining

13  to -- conduct pertaining to consumers, generally; and

14  actually, count five -- ignoring count 4 which is as against

15  only the National Health defendants -- negligence.

16          Under New York law, to state a claim for

17  intentional infliction of emotional distress, a plaintiff

18  must allege facts sufficient to establish, one, extreme and

19  outrageous conduct; two, the intent to cause with a

20  disregard of substantial likelihood of causing severe

21  emotional distress; three, causation; and four, severe

22  emotional distress.  Pekewicz, P-E-K-E-W-I-C-Z, v Dutchess

23  County Department of Community and Family Services 187 A.D

24  3d 99 2d Department (2016) and Brunache v MV Transportation,

25  Inc, 151 A.D. 3d 1011 2d Department (2017).  See also Chanko

Page 24

1    v. The American Broadcasting Companies, Inc., 27 N.Y. 3d 46

2    57-68 (2016).

3            Here, based on a close reading of the complaint

4    and as I questioned Mr. Ng about the complaint at the

5    October 23, 2019 hearing on the motion to dismiss, it

6    appears to me that Mr. Ng is basing all of the claims and

7    causes of action on the following sufficiently pled

8    accusations.  First, he pleads that when he obtained or

9    fulfilled prescriptions for various medications in 2010, in

10   two instances he received from the pharmacy medications that

11   contained warnings or directions that he lays out in

12   Paragraph 32 of his complaint.  He then states that over

13   eight years later, in August of 2018, in response to an

14   information request or subpoena directed by New York State

15   Supreme Court, he received a response that contained

16   different and additional warnings and cautions and

17   directions as laid out in Paragraphs 42 through 44 of the

18   complaint.

19           He alleges without saying how or when that this

20   information was fraudulently generated or created.  In

21   addition, he alleges in a number of paragraphs, including

22   Paragraphs 58 through 67 that the health information was

23   also, not only inaccurate, but also fraudulent in stating

24   that he was a participant in certain health care plans, as

25   opposed to simply having a right under Medicaid to coverage

Page 25

1    for the medicines that he received in 2010.

2              The complaint further asserts that the plaintiff

3    was damaged by the provision of this information in, I

4    believe, two ways.  First, it is alleged that because of the

5    information, Mr. Ng is unable or reluctant to submit a claim

6    for reimbursement from the Workers' Compensation Board.

7    Quote -- this is from Paragraph 99 -- the plaintiff cannot

8    in good faith submit a claim to the Workers' Compensation

9    insurance carrier and knows that inconsistency, discrepancy,

10   and contradiction in the medical records located at the

11   defendant's pharmacy, indeed that would be aiding abetting a

12   fraud.  Similarly, in Paragraph 96, he states, the plaintiff

13   is in need of genuine, reliable, and accurate medical

14   records from the defendant's pharmacy for verification and

15   support of all out-of-pocket medical expenses and to receive

16   his reimbursements from the Workers' Compensation insurance

17   carrier.

18             I believe it's noteworthy the complaint does not

19   allege that any such request has actually been reviewed and

20   turned down because of the information or the lack of

21   information that -- or lack of accurate information -- that

22   the complaint alleges was provided.  In addition, Mr. Ng can

23   -- it can be inferred, I believe, alleges in the complaint

24   that based on his receipt of the information in 2018

25   pertaining to warnings and cautions, he developed a serious

1    mental condition and reaction.  This is laid out in

2    Paragraphs 53 through 55 of the complaint.

3            The complaint does not allege, however, that the

4    plaintiff -- the plaintiff's physical and mental reaction

5    was caused because of his earlier misuse of the medication

6    that he received in 2018 for lack of proper warnings or

7    directions, but merely the effect that seeing different

8    warnings and directions had upon him.  Finally, the

9    complaint alleges -- I believe I can infer -- that the

10   defendant's incomplete provision of medical records after

11   being directed to do so by subpoena in the New York State

12   Court action, which apparently was only for the purpose of

13   compelling the direction of medical records, also caused the

14   foregoing serious physical and mental reaction.  It appears

15   clear from the record, however, that the New York State

16   Court denied a request to hold the Debtors in contempt or

17   the Debtor/defendants in contempt for failure to comply with

18   the subpoena.  And it appears clear to me also from reading

19   in the complaint that the 2018 production of medical records

20   was in the spirit of fully complying with the subpoena.

21           So returning then to the first count against the

22   Debtors, I conclude that the complaint does not set forth

23   sufficiently to survive a Rule 12(b)(6) motion -- extreme

24   and outrageous conduct with the intent to cause or the

25   disregard of the substantial likelihood of causing severe

1   emotional distress.  I also believe that the complaint, as

2   I've summarized it, does not set forth any causation that

3   could be proximately attributed to the provision of the

4   information in 2018.  Therefore, the only element that is

5   sufficiently pled in the complaint is the fourth element of

6   the cause of action, i.e., severe emotional distress.

7          It is clear to me from not only -- but from the

8   case law, rather, that I've cited -- that the New York

9   Courts require truly extreme and outrageous conduct.  For

10  example, allegations of hostility as set forth in the

11  Brunache case that I've cited, even accepted as true, were

12  not so extreme and outrageous to raise such a claim and as

13  laid out in the Chanko case, the New York Court of Appeals

14  found that a broadcasting network hospital and physician

15  that allowed non-consensual filming of a patient's treatment

16  and death in the emergency room was not so extreme and

17  outrageous to support an intentional infliction of an

18  emotional distress claim.  Here, intent to cause emotional

19  distress cannot be inferred from the facts as pled, nor is

20  the conduct as pled extreme and outrageous in any of the

21  types of fact patterns that are alleged in the compliant.

22          Secondly, count two, as I've stated, alleges

23  fraudulent doctoring of patient records and/or

24  misrepresentation.  The elements of fraud include, again, an

25  intent element as well as the who, what, and where of the

Page 28

1    fraud alleged and reasonable reliance by the plaintiff and

2    finally, again, damages caused as a result of reliance.

3    Here, again, the complaint fails to state a cause of action

4    for many of the same reasons that I've just alleged.

5            Reasonable reliance upon the representation, even

6    if it were, in fact, false, is simply not established by

7    this complaint.  A reasonable provision in response to the

8    discovery demand would not have assumed the type of extreme

9    reaction that would come from Mr. Ng, and one cannot that

10   that reaction is reasonable.  Nor do I believe that he

11   suffered damages as a result of his reliance on the

12   representation, given that the representation as quoted lays

13   out warnings that he does not tie to any particular reaction

14   other than seeing that it was different than the first one

15   that he received which also contained warnings and cautions.

16           Moreover, he has not pointed out how the

17   information was, in fact, false or how there was any intent

18   which I could even infer to mislead Mr. Ng in the 2018

19   information that was provided to him.  Therefore, the second

20   claim should be denied for those multiple reasons.

21           Count three of the complaint alleges a violation

22   of Section 349 of the New York General Business Law, also

23   known as New York's Deceptive Trade Practices Act.  Section

24   349 as relevant provides in Subsection A and H that to have

25   a claim under this section one needs to establish deceptive

1   acts or practices in the conduct of any business, trade, or

2   commerce or on the furnishing of any service in this state.

3   And in addition to (indiscernible) of action, grant the

4   attorney general any person who has been injured by reason

5   of any violation of this section may bring an action in his

6   own name to enjoin such lawful act or practice, an action to

7   recover his actual damages, or $50 whichever is greater, or

8   both such actions.  The court may also award reasonable

9   attorney's fees and increase the cap of damages on the

10  defendant willfully, knowingly violated the section.

11  However, to state a claim under this statute Mr. Ng must

12  allege that the Debtors' deceptive acts were directed at

13  consumers, that they are misleading in a material way, and

14  that he has been injured as a result -- Batista v.

15  (indiscernible) 223 of Sep 3d 182 191 ST NY (2016).

16         The claim fails, again, for multiple reasons.

17  First, this is very much a claim centered on the information

18  that I've already summarized being provided to Mr. Ng alone.

19  The focus is on him as opposed to consumers or the public in

20  general, and consequently, the relief sought is deficient in

21  that regard.  There's no allegation of generally deceptive

22  practices here supported by any factual allegation, with the

23  exception of a reference in a claim against the non-Debtor

24  defendants to security breaches which otherwise bear no

25  relation to any claim referred to in the complaint.

1          So the complaint's count three should be dismissed

2     solely on that basis, in re Stadt, S-T-A-D-T, v. Fox News

3     Network, LLC, 17 F Sept2d 312 324 ST NY (2010).   In

4     addition, as I've already concluded based on my review of

5     the complaint, the complaint fails for the failure to state

6     a claim on the other two grounds for relief, i.e., it does

7     appear to me that the acts complained of are, in fact,

8     misleading in a material way and, in addition, that Mr. Ng

9     has failed to plead sufficiently proximate cause showing

10    that he was injured as a result.   Again, the only possible

11    proximate cause here would be a denial of a reimbursement

12    based on the -- alleged insufficiency of the information

13    provided to him which has not occurred yet and may never

14    occur because Mr. Ng has not submitted the information.

15          And, secondly, Mr. Ng's contention that, separate

16    and apart from that injury which at this point is

17    hypothetical and not sufficiently predicted in the

18    complaint, that he reacted physically and mentally the way

19    he did to information that, on a reasonable basis, would not

20    cause such a reaction.   Lastly, the motion to dismiss seeks

21    to dismiss the one remaining count against the Debtors which

22    is negligence.   Under New York law a negligence claim is

23    sufficiently pled if it alleges that the defendant owed the

24    plaintiff a duty of care, the defendant breached that duty,

25    and the breach was the proximate cause of the injury --

Page 31

1    Hersch v. New York Department of Education 2013 NY LEXIS

2    MISC LEXIS 5079 New York Supreme (2013).  See also Lewina v.

3    Katherine Gibbs School of New York, Inc, 37 A.D. 3d 555 2nd

4    Department (2007).

5             I've already discussed the complaint's failure to

6    establish proximate cause and won't repeat that here except

7    to show that -- except to note that, again, it's not been

8    established for purposes of negligence.  The motion

9    therefore, will be granted in full so you can send out a

10   order granting the motion.

11            MS. CROZIER:  Thank you, Your Honor.

12            THE COURT:  In addition, I had before me

13   PDX/NIHN's motion to dismiss which was solely on the basis

14   of a lack of personal jurisdiction not on the merits.

15   PDX/NIHN which I'll refer to as National Health, or have

16   been referring as to National Health, moves to dismiss for

17   lack of a personal jurisdiction pursuant to, again,

18   Bankruptcy Rule 7012 incorporating this time Rule 12(b)(2),

19   the Federal Rules of Civil Procedure, contending that it was

20   not, as a Texas company, properly served for this New York

21   action.

22            Unfortunately for National Health, given the

23   nation-wide service permitted under Rule 7000(4)(f) of the

24   Bankruptcy Code, the only limitation of personal

25   jurisdiction over a defendant here is the constitutional due

Page 32

1    process requirement.  Given its specific role with respect

2    to the information that's complained of here, I conclude

3    that due process is satisfied under that requirement.  As

4    far as the nation-wide service of process point is

5    concerned, see in re NWL Holdings, Inc, 2011 Bankruptcy

6    LEXIS 580 at Page 6, Bankruptcy D Delaware (February 24,

7    2011), in re Deacon Company, Inc, 63 BR 422 430 8 Bankruptcy

8    ST NY 1999, and Paragraph 7004.07 Collier on Bankruptcy 16th

9    ed 2019.

10          As far as the constitutional due process minimum

11   context analysis is concerned, see SPV Osus, Limited v. USB

12   AG 882 3d 333 343 345 (2d Cir. 2017).  That does not

13   necessarily end the matter, however, because given my

14   dismissal of the claims against the Debtors and the apparent

15   lack of any claim over by National Health against the

16   Debtors there may be a lack of subject matter jurisdiction

17   here even on a related-to basis under 28 U.S.C. Section

18   1334(b).  However, I'm not prepared to rule on that basis

19   today because that issue, while it is always an issue that

20   pertains to the Court's proceeding with litigation, it has

21   not been sufficiently developed and I will note that the SPV

22   Osus case takes a very broad view of -- related to

23   jurisdiction that might, not withstanding my remarks,

24   conceivably apply here.

25          It would also appear to me that at this point this

Page 33

```
 1    is not, as a discretionary matter, a matter that should

 2    necessarily remain in bankruptcy court, as against National

 3    Health alone, so my ruling denying the motion to dismiss on

 4    -- in persona jurisdiction grounds is without prejudice to

 5    any other relief that National Health would seek by way of

 6    either a dispositive motion or a motion to abstain.

 7              I will ask you to let National Health's counsel

 8    know of my ruling and they can check the transcript if they

 9    want to confirm it.

10              MS. CROZIER:  We'll do that, Your Honor.

11              THE COURT:  Okay.  Thank you.

12              MS. CROZIER:  Your Honor, if I may be heard

13    briefly?

14              THE COURT:  Yes.

15              MS. CROZIER:  We have one additional housekeeping

16    matter that we wanted to address with Your Honor.  Mr. Ng

17    filed a motion to lift the automatic stay.  It would allow

18    him to litigate both a pre-petition action pending in the

19    Southern District of New York and pursue an unfiled action,

20    not a posed petition --

21              THE COURT:  I thought I denied that last time.  Is

22    this a new one?

23              MS. CROZIER:  You denied the motion with respect

24    to the pre-petition action, but adjourned to a date to be

25    scheduled by Mr. Ng with respect to the unfiled action and
```

1    that's at Docket Entry 2721.

2                THE COURT:  Okay.

3                MS. CROZIER:  Mr. Ng has not yet scheduled for a

4    stay motion for a hearing and, in fact, has refused to do so

5    when we've suggested it.

6                THE COURT:  Okay.

7                MS. CROZIER:  In the interim, Mr. Ng has filed a

8    proof of claim.  That's at Docket Entry 9234 in the amount

9    of $10 million and the unfiled action is predicated on the

10   very same allegations that Your Honor has just --

11               THE COURT:  Which I just I ruled on.

12               MS. CROZIER:  Yes.  And so, despite the fact that

13   the first stay motion is not set for a hearing today, we

14   respectfully request that the Court deny the first stay

15   motion today.

16               THE COURT:  Well, I don't really have that

17   litigation in front of me so I don't think I'm prepared to

18   do that.  However, once the order is entered on the matter I

19   just ruled on, you could make a motion to do that based on

20   (indiscernible) and that -- I'm glad you raised this point

21   because it reminds me that I forgot to say one thing with

22   respect to the Debtors' motion to dismiss.

23               The Debtors' motion to dismiss also sought to

24   dismiss the adversary proceeding on the basis that it was an

25   adversary proceeding instead of brought as a -- in response

Page 35

1    to a claim objection which had not yet been filed. That, at

2    times, may be a perfectly legitimate way to manage

3    litigation. Congress put the onus on debtors to object to

4    claims and that also gives them, generally speaking,

5    discretion on when to do that. And therefore, in most

6    instances, if a plaintiff or claimant tries to jump the gun

7    by starting an adversary proceeding, the Court will dismiss

8    it or carry the motion until it's properly heard in the

9    context of a case.

10           Here, I determined, given the amount of time and

11   expense generated by Mr. Ng and frankly the higher tenuous

12   nature of the claims he was asserting, it was better just to

13   deal with this matter once which I've just done.

14           MS. CROZIER: Understood.

15           THE COURT: And therefore, this is obviously a

16   ruling that for (indiscernible) purposes pertains to, as far

17   as I can tell, all of his claims as asserted in the

18   bankruptcy case and perhaps also as to what they've been --

19   what -- how they've been asserted in district court. But I

20   don't know. I don't have that matter before me so you can

21   make a motion in the future.

22           MS. CROZIER: Thank you, Your Honor.

23           THE COURT: I actually had one housekeeping thing,

24   too, which was completely unrelated to what we've been

25   talking about. I have been reviewing and generally granting

Page 36

1    omnibus claim objections, but the tenth one was confusing to

2    me and I wanted to just discuss it with you.  It's been

3    clear to me from the other nine what relief was being sought

4    and the relief that was proposed to be granted in the

5    proposed order which relies heavily on a schedule that was

6    also attached to the respective motions, but the tenth one

7    in the proposed order has language that says that the

8    Debtors sought to reclassify the administrative secured and

9    unsecured claims, as provided in the chart.

10            Now in the -- all the other motions, it was clear

11    to me that you were only reclassifying or disallowing

12    administrative expense claims under 503(b)(9), so I took

13    that language out and put in 503(b)(9).  But this one, the

14    chart was broader and included other types and claims --

15    secured claims, unsecured claims as well as 503(b)(9)

16    claims.  And I just wasn't clear what that was meant to be.

17    The objection itself just referred to 503(b)(9) claims, I

18    think, so I don't know why -- I was concerned that if I was

19    entering that order, somehow I was modifying in addition

20    claims that had secured as secured claims or general

21    unsecured claims.

22            MR. FAIL:  Thank you, Your Honor.  Garrett Fail,

23    Weil, Gatshal for the Debtors.  Appreciate the opportunity

24    to address your question and to bring to the Court's

25    attention two other updates with respect to this.  First in

Page 37

1    response to your questions, the goal and the Debtors'

2    attempt with this schedule was to not confuse the Creditors

3    and for the Creditors to see the full panoply and the full -

4    - everything that they've asserted.  So Creditors in one

5    proof of claim asserted 503(b)(9) administrative, secured,

6    priority of other natures and general unsecureds.  Not

7    everyone did everything, but our goal was, in listing two

8    rows, was to show what was altered.

9             THE COURT:  So --

10            MR. FAIL:  And what you'll see, Your Honor -- just

11   to finish, but not to cut you off --

12            THE COURT:  No.  Go ahead.

13            MR. FAIL:  -- is nothing was changed in the

14   administrative columns.  Nothing was changed in the general

15   unsecureds, except to increase the 503(b)(9)s.  Nothing was

16   changed in the secured.  The objections did not seek to

17   alter anything other than change 503(b)(9) to general

18   unsecured and so in the total claim column you'll see that

19   the total was mashed and what we wanted Creditors to see is,

20   we were not disallowing.  We were simply reclassing, and we

21   reserved rights in the objection and in the order with

22   respect to the (indiscernible).  We don't believe that the

23   other --

24            THE COURT:  Okay.

25            MR. FAIL:  -- the other priority is valid,

Page 38

1    probably.  We probably will challenge the secured piece,

2    too, except where it's legitimate.  The only thing addressed

3    was 503(b)(9) to the general unsecureds.

4            THE COURT:  So what I would like you to do is just

5    revise the order --

6            MR. FAIL:  Certainly.

7            THE COURT:  -- to say that it's just under

8    503(b)(9) and also to say, when there's a reference to the

9    schedule, say that the 503(b)(9) claims are reclassified as

10   set forth in the schedule which other than such

11   reclassification does not affect any other claims.  And then

12   -- of course you have your reservation of rights later so --

13           MR. FAIL:  We'll clarify that, Your Honor.

14           THE COURT:  Okay.  All right.

15           MR. FAIL:  And appreciate the opportunity.  There

16   are two other points I just want to bring to the Court's

17   attention if I may on that.

18           THE COURT:  Sure.

19           MR. FAIL:  The Debtors will also submit one

20   additional change.  There was reference number 83 for a

21   claim of the United States Playing Card Company.  We had

22   agreed to adjourn that.  Administratively, it didn't get

23   taken off of the certificates --

24           THE COURT:  Okay.

25           MR. FAIL:  -- so we'll remove that one.

1           THE COURT:  All right.  So just -- that's fine.

2    You can revise the schedule to reflect that.

3           MR. FAIL: Thank you.  And one more thing I just

4    wanted to bring to your attention on this.  So we filed this

5    omnibus objection on September 26th.  We set an objection

6    deadline of October 16th in accordance with the Court's

7    order.  We extended the deadline for one week to October

8    23rd for a number of parities that were looped in on a group

9    email.  The -- we filed a certificate of no objection on

10   November 8th, weeks after that deadline passed.  We allowed

11   -- and we removed things even where there's questions and we

12   can address those at a subsequent hearing, but everyone that

13   we had heard from that wanted to reserve rights, whether

14   they were late or not, we took off.

15           THE COURT:  Right.

16           MR. FAIL:  Mr. Wander filed a letter on the docket

17   subsequent to the certificate of no objection on the 12th,

18   several days later.  He filed a response for a new client on

19   the 15th, even later than that.  So he filed his letter 27

20   days after the original objection deadline, 20 days after

21   the extended one.  He filed his objection 30 days and 23

22   days later.  The crux is that his client didn't -- his new

23   client that he didn't represent -- didn't get a notice.  We

24   have an affidavit of service on file since the October 1st

25   docket, 5288.  His client is number 53.  It's on Page 53 of

Page 40

1    that certificate of no objection.  He was served by first-

2    class mail and email.  The mailbox rules in place in the

3    circuit -- we're prepared to address that at a subsequent

4    hearing.  We did not, therefore, remove it and we planned to

5    proceed -- I wanted to bring it to your attention --

6             THE COURT:  I think you should remove it --

7             MR. FAIL:  Okay.

8             THE COURT:  -- and just reserve all rights --

9             MR. FAIL:  That's fine, Your Honor.

10            THE COURT:  -- including that it should be on

11   because they missed a deadline.

12            MR. FAIL:  That's fine.  With that because this is

13   megacase and we need --

14            THE COURT:  I mean, he's going to make a -- it's

15   going to be heard by me anyway and I can hear it in the --

16            MR. FAIL:  That's why I brought it to your

17   attention.

18            THE COURT:  -- whatever context it should be in.

19   I mean, if they don't have anything to show lack of service,

20   then I'll hear it in that context.  If they do, I'll hear it

21   in that context.  If --

22            MR. FAIL:  We can address it later.  I wanted to

23   bring it to your attention.

24            THE COURT:  -- if you could show that you're

25   prejudiced by the delay, that'll affect what I would view as

Page 41

1   a motion to reconsider the entry of the order as to his

2   client.  You know, so I think it's better just to take it

3   off and say that this doesn't indicate that I've found his

4   objection to be timely.  Just that we'll deal with it in a -

5   -

6           MR. FAIL:  That's fine.  We intend to pursue to

7   mailbox rule and the service.  His declaration state of it

8   and I don't think he'll be able to overcome it.

9           THE COURT:  Right.  But then -- I mean, I expect -

10  -

11          MR. FAIL:  We'll address it later.

12          THE COURT:  -- in response to that, he'll say,

13  okay.  Then it should be considered under 502(j) and Rule

14  9023 and --

15          MR. FAIL:  We'll address it then.

16          THE COURT:  -- we'll deal with it then.

17          MR FAIL:  Thank you very much, Your Honor.

18          THE COURT:  Okay.  Thank you

19  (Whereupon these proceedings were concluded at 11:24 AM)

20

21

22

23

24

25

Page 42

1                              **I N D E X**

2

3                                  RULINGS

4                                                    Page        Line

5

6    Motion granted                                  23          5

7    Motion granted                                  31          8

8    Denial of Motion                                33          3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 43

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    Sonya

6    Ledanski Hyde

7

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital@veritext.com, c=US
Date: 2019.11.26 10:01:39 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  November 25, 2019

[& - 93]                                                                                           Page 1

**&**

**&**  4:3,12 6:22
7:14 10:23 21:7
22:11

**0**

**0.00**  3:8

**1**

**1**  11:9 14:23
**1/1/2019**  3:7
**1/31/2019**  3:8
**10**  3:22 34:9
**10014**  4:22
**10036**  4:15
**1006**  4:21
**1011**  23:25
**10153**  4:6
**10601**  2:3
**10:00**  3:2
**10:14**  2:6
**11**  17:22
**11501**  43:23
**11:24**  41:19
**12**  16:1 22:5 26:23
31:18
**1280**  9:24
**12th**  39:17
**1334**  32:18
**139**  15:17
**142**  15:17
**151**  23:25
**15th**  39:19
**16**  14:1
**167**  15:17
**16th**  32:8 39:6
**17**  16:1 30:3
**18**  16:1
**18-23538**  1:3
**182**  29:15
**187**  23:23
**19-08269**  1:4 3:16
**191**  29:15

**1986**  22:13
**1987**  22:24
**1990**  9:24
**1999**  15:17 32:8
**1st**  39:24

**2**

**2**  31:18
**20**  2:5 3:2 39:20
**2007**  22:12,14
31:4
**201**  4:21
**2010**  24:9 25:1
30:3
**2011**  32:5,7
**2012**  15:21,24
**2013**  31:1,2
**2016**  23:24 24:2
29:15
**2017**  15:25 16:1
23:25 32:12
**2018**  24:13 25:24
26:6,19 27:4
28:18
**2019**  2:5 3:2 7:22
11:9 20:13 24:5
32:9 43:25
**223**  29:15
**23**  20:13 24:5
39:21 42:6
**23rd**  39:8
**24**  32:6
**248**  2:2
**25**  43:25
**2570**  16:1
**265**  22:13
**26th**  39:5
**27**  24:1 39:19
**2721**  34:1
**28**  32:17
**286**  22:13
**2d**  9:24 15:17
22:24 23:24,25
32:12

**2nd**  31:3

**3**

**3**  3:5 42:8
**30**  39:21
**300**  2:2 43:22
**308**  22:12
**31**  42:7
**312**  30:3
**32**  24:12
**323**  22:12
**324**  30:3
**33**  42:8
**330**  43:21
**333**  32:12
**343**  32:12
**345**  32:12
**349**  23:12 28:22
28:24
**355**  3:6
**3624**  15:22
**37**  31:3
**3d**  23:24,25 24:1
29:15 31:3 32:12

**4**

**4**  23:14 31:23
**42**  24:17
**4207**  3:12
**422**  32:7
**430**  32:7
**4307**  6:18
**44**  24:17
**4550**  3:14 16:5
**46**  24:1
**478**  22:12

**5**

**5**  10:4,5 42:6
**50**  29:7
**502**  41:13
**503**  36:12,13,15
36:17 37:5,15,17
38:3,8,9

**5079**  31:2
**5106**  3:8
**5107**  3:10
**5288**  39:25
**53**  26:2 39:25,25
**544**  22:14
**55**  26:2
**550**  22:13
**551**  22:12
**555**  22:14 31:3
**566**  22:24
**568**  22:24
**57-68**  24:2
**58**  24:22
**580**  32:6

**6**

**6**  22:5 26:23 32:6
**6006**  9:4
**63**  32:7
**67**  24:22

**7**

**7**  3:19 6:8
**7000**  31:23
**7004.07**  32:8
**7012**  22:4 31:18
**767**  4:5

**8**

**8**  22:6 32:7 42:7
**813**  22:24
**83**  38:20
**88,350.84**  3:8
**882**  32:12
**8th**  39:10

**9**

**9**  22:8,16 36:12,13
36:15,17 37:5,15
37:17 38:3,8,9
**9023**  41:14
**906**  9:24
**9234**  34:8
**93**  21:17

**96**   25:12
**99**   23:24 25:7

**a**

**a.d**   23:23
**a.d.**   23:25 31:3
**a.m.**   3:2
**abetting**   25:11
**able**   41:8
**absence**   15:23
**absolutely**   20:6
**abstain**   33:6
**accepted**   27:11
**accurate**   25:13,21
  43:4
**accusations**   24:8
**acknowledge**
  20:20
**act**   28:23 29:6
**action**   6:9 9:20,22
  23:5,8,10 24:7
  26:12 27:6 28:3
  29:3,5,6 31:21
  33:18,19,24,25
  34:9
**actions**   29:8
**acts**   29:1,12 30:7
**actual**   29:7
**addition**   24:21
  25:22 29:3 30:4,8
  31:12 36:19
**additional**   24:16
  33:15 38:20
**address**   7:6 21:9
  33:16 36:24 39:12
  40:3,22 41:11,15
**addressed**   10:1
  38:2
**adjourn**   20:22
  38:22
**adjourned**   33:24
**administrative**
  8:16 36:8,12 37:5
  37:14

**administratively**
  38:22
**admission**   7:2
**admitted**   7:1
**adv**   1:4
**adversary**   3:16,19
  19:8 34:24,25
  35:7
**adversely**   13:10
**advisable**   13:4
**affect**   13:10 38:11
  40:25
**affidavit**   39:24
**ag**   32:12
**agenda**   3:1 6:19
  6:20,23 7:15 9:1
  16:4
**agreed**   38:22
**ahead**   37:12
**aiding**   25:11
**aisha**   5:17
**akin**   4:12
**al**   1:15 3:17 5:17
**alix**   5:18
**allain**   22:12 23:5
**allegation**   23:3
  29:21,22
**allegations**   22:8
  27:10 34:10
**allege**   23:18 25:19
  26:3 29:12
**alleged**   22:20 23:1
  25:4 27:21 28:1,4
  30:12
**alleges**   24:19,21
  25:22,23 26:9
  27:22 28:21 30:23
**alleging**   22:17
**allow**   33:17
**allowed**   27:15
  39:10
**alter**   37:17

**altered**   37:8
**american**   24:1
**amount**   8:9 17:1
  17:10 34:8 35:10
**analysis**   32:11
**answer**   7:18
**antoine**   3:12 6:8
  9:11,12 11:22
  14:7
**anyway**   14:13,20
  40:15
**apart**   30:16
**apparent**   32:14
**apparently**   26:12
**appeals**   27:13
**appear**   20:15 30:7
  32:25
**appearance**   21:4
**appears**   24:6
  26:14,18
**application**   3:4
  7:16,17,20,23 8:7
  8:8,15
**apply**   12:17 13:21
  32:24
**appreciate**   9:21
  15:5 36:23 38:15
**appreciated**   15:6
**appreciates**   7:5
**approach**   20:9
**appropriate**   17:9
**argue**   10:7 14:4
**argument**   20:24
**asked**   6:4
**asserted**   35:17,19
  37:4,5
**asserting**   35:12
**asserts**   23:8 25:2
**asset**   11:7,25
**assets**   10:9
**assumed**   28:8
**assuming**   17:13

**atlantic**   22:13
**attached**   36:6
**attempt**   12:10
  37:2
**attention**   36:25
  38:17 39:4 40:5
  40:17,23
**attorney**   29:4
**attorney's**   29:9
**attorneys**   4:4,13
  4:20
**attributed**   27:3
**august**   24:13
**authority**   15:15
**authorize**   13:7
**authorizing**   11:9
**automatic**   9:2,19
  11:3,5 14:4 19:13
  33:17
**availability**   9:6
**available**   9:8
  11:16 14:8,10
  15:23 17:25 19:3
**avenue**   4:5
**avenues**   18:3
**averred**   22:21
**award**   29:8

**b**

**b**   2:21 5:5,6 8:16
  22:5,8,16 26:23
  31:18 32:18 36:12
  36:13,15,17 37:5
  37:15,17 38:3,8,9
**bankruptcy**   1:1
  2:1,23 9:22 10:10
  11:3,8,11,20 12:4
  12:10,13,14 13:6
  13:19 15:16,22,24
  15:25 16:1 17:2,6
  18:5 22:4 31:18
  31:24 32:5,6,7,8
  33:2 35:18

**based** 8:7,13
10:15 24:3 25:24
30:4,12 34:19
**basing** 24:6
**basis** 16:22 18:9
30:2,19 31:13
32:17,18 34:24
**batista** 29:14
**bear** 29:24
**beginning** 17:17
**behalf** 9:11 16:8
**belief** 20:8
**believe** 16:6 20:20
21:1 25:4,18,23
26:9 27:1 28:10
37:22
**bell** 22:13
**benefit** 22:15
**best** 19:18
**better** 35:12 41:2
**beyond** 10:14
**board** 13:17 25:6
**bolton** 5:3
**bother** 9:17
**br** 32:7
**brauner** 4:17
**breach** 30:25
**breached** 30:24
**breaches** 29:24
**brian** 3:21 22:3
**briefly** 33:13
**bring** 20:4 21:15
29:5 36:24 38:16
39:4 40:5,23
**broad** 32:22
**broadcasting** 24:1
27:14
**broader** 36:14
**broke** 20:22
**brought** 10:13
34:25 40:16
**brozman** 5:18

**brunache** 23:24
27:11
**bryan** 5:11
**bryant** 4:14
**burden** 15:18,19
**business** 13:4
23:12 28:22 29:1
**busy** 8:11 13:15
15:4
**buy** 21:17

**c**

**c** 4:1 5:3,4 6:1
23:22 43:1,1
**calculus** 12:18
**called** 6:11
**cap** 3:5 7:22 8:10
29:9
**capital** 15:21
**card** 38:21
**care** 24:24 30:24
**carrier** 25:9,17
**carry** 35:8
**carson** 6:3,7,7,12
6:15,17 9:13,14
9:14,16 10:5,12
10:17 12:8,15
13:13 14:1,5,11
14:14,16,19 15:4
15:12
**case** 1:3,4 6:10,11
6:12 7:5 10:9,10
10:20,23 11:8,20
12:1,13,14,19,20
13:2,3,6 16:19
17:6 18:9,20 23:2
27:8,11,13 32:22
35:9,18
**cases** 15:16,18
**catherine** 5:7
**causation** 23:21
27:2
**cause** 15:19 23:5
23:19 26:24 27:6

27:18 28:3 30:9
30:11,20,25 31:6
**caused** 26:5,13
28:2
**causes** 23:8,10
24:7
**causing** 23:20
26:25
**cautions** 24:16
25:25 28:15
**cent** 12:6 13:8,10
17:7
**centered** 29:17
**certain** 24:24
**certainly** 38:6
**certificate** 39:9,17
40:1
**certificates** 38:23
**certified** 43:3
**challenge** 38:1
**change** 21:18
37:17 38:20
**changed** 37:13,14
37:16
**changes** 7:24
**chanko** 23:25
27:13
**chapter** 17:22
**chart** 36:9,14
**check** 33:8
**chester** 22:24
**chris** 5:15
**cir** 9:24 15:17
22:24 32:12
**circuit** 9:24,25
12:20 13:7 40:3
**circumstances**
22:18
**cite** 18:8
**cited** 18:9 27:8,11
**civil** 22:5,16 31:19
**claim** 10:25 11:6
11:21,25 12:12,14

13:9 14:7,9,12,17
15:3,9,20 16:18
17:5,7,19,23,24
18:4 21:17,25
22:6 23:16 25:5,8
27:12,18 28:20,25
29:11,16,17,23,25
30:6,22 32:15
34:8 35:1 36:1
37:5,18 38:21
**claimant** 35:6
**claimed** 22:22
**claims** 9:7 12:2
13:19,20 17:11
19:17,19,23 23:1
24:6 32:14 35:4
35:12,17 36:9,12
36:14,15,15,16,17
36:20,20,21 38:9
38:11
**clarify** 38:13
**class** 40:2
**clear** 8:10 21:24
26:15,18 27:7
36:3,10,16
**client** 10:18 12:9
12:13 14:21 16:23
39:18,22,23,25
41:2
**client's** 10:20
**close** 17:14 24:3
**closure** 21:16
**code** 31:24
**coke** 3:21
**colleague** 6:24
**collect** 12:1,6
**collier** 32:8
**column** 37:18
**columns** 37:14
**come** 28:9
**commerce** 29:2
**committee** 4:13

[community - debtors]                                                              Page 4

community  23:23
companies  24:1
company  10:23
  11:3 31:20 32:7
  38:21
compelling  26:13
compensation  3:4
  7:17 13:17 21:17
  25:6,8,16
complained  30:7
  32:2
complaint  3:19
  10:14 17:18 22:3
  22:7 23:1,8,10
  24:3,4,12,18 25:2
  25:18,22,23 26:2
  26:3,9,19,22 27:1
  27:5 28:3,7,21
  29:25 30:5,5,18
complaint's  30:1
  31:5
completely  35:24
compliant  27:21
comply  26:17
complying  26:20
compromise
  21:21
conceivably  32:24
concerned  23:7
  32:5,11 36:18
conclude  26:22
  32:2
concluded  23:6
  30:4 41:19
conclusions  23:4
condition  11:11
  19:4 26:1
conditions  22:19
conduct  23:13,19
  26:24 27:9,20
  29:1
conference  14:2

confirm  17:12
  33:9
confuse  37:2
confusing  36:1
congress  12:17
  35:3
consensual  27:15
consent  19:15
consequently
  29:20
consider  14:21
considered  18:8
  41:13
constituting  22:18
constitutional
  31:25 32:10
consumers  23:13
  29:13,19
contact  8:18
contacted  8:4
contained  24:11
  24:15 28:15
contempt  26:16
  26:17
contending  31:19
content  21:3
contention  30:15
context  32:11
  35:9 40:18,20,21
continue  12:10
continued  19:7
contradiction
  25:10
controlling  12:19
corp  15:25 22:13
corporation  1:8
  1:15 3:17 6:2
correct  17:13
cost  11:18,22
  13:25
counsel  7:12,18
  14:24 16:6,8,11
  16:14,25 17:15,17

17:20 18:5,6,10
  18:16,19,25 21:1
  33:7
counsel's  9:12
count  23:14,14
  26:21 27:22 28:21
  30:1,21
counting  23:3
country  43:21
county  23:23
couple  15:16
course  3:5 7:21
  8:10 38:12
court  1:1 2:1 6:2,6
  6:10,13,16,19 7:3
  7:5,7,9,11,20 8:3
  8:6,21,23 9:10,15
  9:18,20 10:6,13
  10:21 12:12,16
  13:14,15,16 14:3
  14:6,13,15,18,20
  15:7,14,15 16:6
  16:10,12,17 17:2
  17:5,8,16,18,21
  18:7,11,18,21,24
  19:1,6 20:2,7,12
  21:12,14,22 24:15
  26:12,16 27:13
  29:8 31:12 33:2
  33:11,14,21 34:2
  34:6,11,14,16
  35:7,15,19,23
  37:9,12,24 38:4,7
  38:14,18,24 39:1
  39:15 40:6,8,10
  40:14,18,24 41:9
  41:12,16,18
court's  6:23 15:15
  32:20 36:24 38:16
  39:6
courthouse  3:6
courts  8:17 11:5
  12:18 13:19 27:9

cover  10:25
coverage  24:25
created  24:20
creditor  6:8
creditors  4:13
  12:1 13:11 18:3
  37:2,3,4,19
crozier  4:8 21:6,7
  21:13,20 31:11
  33:10,12,15,23
  34:3,7,12 35:14
  35:22
crux  39:22
curley  5:4
cut  37:11

**d**

d  2:22 6:1 30:2
  32:6 42:1
damaged  25:3
damages  28:2,11
  29:7,9
date  33:24 43:25
david  5:16
day  13:9 20:14
days  39:18,20,20
  39:21,22
deacon  32:7
deadline  39:6,7
  39:10,20 40:11
deal  35:13 41:4,16
death  27:16
debt  17:1,2
debtor  1:10 7:4
  19:9 26:17 29:23
debtors  3:19 4:4
  7:15 9:2 10:1,16
  11:1,7,9,14,17,20
  11:22 13:11 14:8
  14:23 17:6,24
  18:5,22 19:2,9,11
  19:14 20:16 21:7
  21:16 22:2 23:7
  26:16,22 29:12

30:21 32:14,16
34:22,23 35:3
36:8,23 37:1
38:19
**deceptive** 28:23
28:25 29:12,21
**decide** 13:19
14:21 20:4
**declaration** 3:10
41:7
**deductible** 10:3,4
11:15
**default** 19:20,22
**defend** 12:4 13:9
**defendant** 10:23
10:24 29:10 30:23
30:24 31:25
**defendant's** 25:11
25:14 26:10
**defendants** 1:16
19:9,22 20:17
23:15 26:17 29:24
**defending** 11:18
17:7
**deficient** 29:20
**delaware** 32:6
**delay** 40:25
**delia** 3:14 16:4
**demand** 28:8
**demonstrated** 9:7
**denial** 30:11 42:8
**denied** 9:4 26:16
28:20 33:21,23
**deny** 15:8 18:7
34:14
**denying** 15:9 33:3
**department** 4:19
23:23,24,25 31:1
31:4
**depends** 10:11
15:1
**despite** 34:12

**determined** 35:10
**devaney** 22:24
**developed** 10:14
25:25 32:21
**developments**
7:23
**didonato** 4:9 6:25
7:1,13,14 9:1 16:3
18:23 19:5
**difference** 17:3
**different** 24:16
26:7 28:14
**directed** 23:2
24:14 26:11 29:12
**direction** 26:13
**directions** 24:11
24:17 26:7,8
**directly** 10:22
**disallowing** 36:11
37:20
**discovery** 10:15
13:24 28:8
**discrepancy** 25:9
**discretion** 35:5
**discretionary**
33:1
**discuss** 36:2
**discussed** 31:5
**discussions** 7:25
**dismiss** 3:19,21
19:8 20:16,17,19
22:1,3 24:5 30:20
30:21 31:13,16
33:3 34:22,23,24
35:7
**dismissal** 32:14
**dismissed** 30:1
**dispositive** 33:6
**disregard** 23:20
26:25
**distress** 23:9,17
23:21,22 27:1,6
27:18,19

**district** 1:2 7:2
9:20,20 11:2
33:19 35:19
**docket** 6:17 9:4
16:5 34:1,8 39:16
39:25
**doctoring** 27:23
**doing** 6:13 14:16
**dollars** 12:6,6
13:9,10,12 17:7
**drain** 2:22
**drop** 19:17
**due** 3:7 31:25
32:3,10
**dutchess** 23:22
**duty** 30:24,24

**e**

**e** 2:21,21 4:1,1
5:12 6:1,1 23:22
23:22 42:1 43:1
**earlier** 26:5
**eastern** 9:20 11:2
**ecf** 3:8,10,12,14
3:19,22
**economic** 12:5
**ecro** 2:25
**ed** 32:9
**education** 31:1
**effect** 15:11 26:7
**effective** 17:22
**effort** 13:23
**eight** 24:13
**either** 13:22 33:6
**element** 8:13 27:4
27:5,25
**elements** 23:4
27:24
**email** 8:14 39:9
40:2
**emergency** 27:16
**emotional** 23:9,17
23:21,22 27:1,6
27:18,18

**emphasis** 15:23
**ends** 12:10
**enjoin** 29:6
**enter** 11:9
**entered** 11:8
34:18
**entering** 36:19
**entirely** 14:17
**entry** 9:4 16:5
34:1,8 41:1
**establish** 23:18
28:25 31:6
**established** 28:6
31:8
**estate** 8:13 11:17
13:11
**et** 1:15 3:17
**events** 22:22
**exactly** 10:12
**example** 27:10
**exceeded** 7:21
**exception** 29:23
**excess** 3:4
**excuse** 22:1
**excused** 8:20
**expect** 41:9
**expense** 35:11
36:12
**expenses** 3:8
25:15
**expertise** 13:18
**explain** 10:17
15:5
**explaining** 10:19
**extended** 39:7,21
**extent** 10:2 22:7
**extraordinary**
12:21 15:20
**extreme** 23:18
26:23 27:9,12,16
27:20 28:8

**[f - hauer]**                                                                                     Page 6

**f**

**f** 2:21 5:14 30:3
   31:23 43:1
**f.2d** 22:24
**f.3d** 15:17
**f2d** 9:24
**fact** 9:25 11:8
   17:1 27:21 28:6
   28:17 30:7 34:4
   34:12
**factors** 10:6 12:22
   15:20,22 17:8
   18:8
**facts** 14:3 23:18
   27:19
**factual** 22:25 23:3
   29:22
**fail** 4:10 6:21,22
   7:4,8 19:10,10
   20:6,11 36:22,22
   37:10,13,25 38:6
   38:13,15,19,25
   39:3,16 40:7,9,12
   40:16,22 41:6,11
   41:15,17
**failed** 30:9
**fails** 28:3 29:16
   30:5
**failure** 22:5 26:17
   30:5 31:5
**fairly** 15:16 20:12
**faith** 25:8
**false** 28:6,17
**family** 23:23
**far** 11:24 23:7
   32:4,10 35:16
**favor** 12:22
**february** 32:6
**federal** 13:19,19
   22:5,6,9,16 31:19
**fee** 3:8 8:15
**fees** 29:9

**feld** 4:12
**fifth** 4:5
**file** 12:13 39:24
**filed** 6:9 7:20 9:3
   16:4 33:17 34:7
   35:1 39:4,9,16,18
   39:19,21
**files** 11:3
**filing** 10:14
**filming** 27:15
**final** 3:4 7:17 8:15
**finally** 26:8 28:2
**financial** 15:25
**fine** 8:21 9:18
   39:1 40:9,12 41:6
**finish** 37:11
**firm** 8:11
**first** 7:15,17 8:15
   9:11 10:3 23:8
   24:8 25:4 26:21
   28:14 29:17 34:13
   34:14 36:25 40:1
**five** 23:8,14
**focus** 8:14 29:19
**follow** 14:22
**following** 24:7
**foregoing** 26:14
   43:3
**foreseeable** 11:23
**forgot** 34:21
**form** 14:24
**former** 10:16
**formulaic** 23:4
**forth** 26:22 27:2
   27:10 38:10
**forthcoming**
   16:20
**forum** 12:5
**found** 27:14 41:3
**four** 23:21
**fourth** 27:5
**fox** 30:2

**fractional** 12:6
   13:12
**frankly** 35:11
**fraud** 22:8,17,18
   23:11 25:12 27:24
   28:1
**fraudulent** 24:23
   27:23
**fraudulently**
   24:20
**frequently** 13:20
**front** 34:17
**fulfilled** 24:9
**full** 31:9 37:3,3
**fully** 26:20
**furnishing** 29:2
**further** 25:2
**future** 11:24 13:1
   35:21

**g**

**g** 5:19 6:1
**g's** 19:7
**garrett** 4:10 6:22
   19:10 36:22
**gather** 17:18
**gatshal** 36:23
**general** 23:12
   28:22 29:4,20
   36:20 37:6,14,17
   38:3
**generally** 11:5
   22:10,20,22 23:13
   29:21 35:4,25
**generated** 24:20
   35:11
**genuine** 25:13
**gershon** 3:10
**getting** 13:12
**gianis** 5:5
**gibbs** 31:3
**give** 20:23 21:24
   21:25 22:23

**given** 10:2 15:20
   17:6,10 28:12
   31:22 32:1,13
   35:10
**gives** 35:4
**giving** 23:1
**glad** 34:20
**go** 6:20 17:1 37:12
**goal** 37:1,7
**goes** 15:22 17:22
**going** 15:7 40:14
   40:15
**good** 6:21 7:11,12
   7:13 9:15 16:10
   16:11,23 21:6
   25:8
**gotshal** 4:3 6:22
   7:14 8:18 19:11
   21:7
**govern** 23:10
**grant** 8:8 16:22
   18:12 29:3
**granted** 23:6 31:9
   36:4 42:6,7
**granting** 8:15
   19:12 31:10 35:25
**greater** 29:7
**grounds** 30:6 33:4
**group** 39:8
**guess** 6:8 14:14
**gump** 4:12
**gun** 35:6
**guys** 6:18 9:17
   15:4

**h**

**h** 5:16 28:24
**hand** 8:10 16:20
**happened** 11:4
**happy** 9:8
**harmed** 11:17
**harrison** 5:6
**hauer** 4:12

**he'll** 41:8,12
**health** 20:18,21
  20:25 21:25 22:1
  23:15 24:22,24
  31:15,16,22 32:15
  33:3,5
**health's** 21:1 33:7
**hear** 21:11 40:15
  40:20,20
**heard** 16:14,15
  21:9 33:12 35:8
  39:13 40:15
**hearing** 3:1,1 6:20
  19:7 20:13,22
  21:8 22:9 24:5
  34:4,13 39:12
  40:4
**heavily** 8:12 36:5
**heavy** 8:12 15:23
**heitzenrater** 5:7
**held** 20:12
**hersch** 31:1
**higher** 11:24
  35:11
**highly** 10:8
**hold** 26:16
**holding** 3:16
**holdings** 1:8,15
  6:2 32:5
**hon** 2:22
**honor** 6:3,21,25
  7:8,12,13 8:1,19
  8:25 9:9 10:17
  15:12 16:3 18:25
  19:10,12,19,24
  20:11 21:6,10
  31:11 33:10,12,16
  34:10 35:22 36:22
  37:10 38:13 40:9
  41:17
**hoo** 5:8
**hospital** 27:14

**hostility** 27:10
**housekeeping**
  6:25 33:15 35:23
**hundred** 12:6
  13:8,10 17:7
**hyde** 3:25 43:3,8
**hypothetical**
  30:17

**i**

**i.e.** 27:6 30:6
**ignoring** 23:14
**inaccurate** 24:23
**inc's** 20:19
**inc.'s** 3:21
**inception** 7:5
**include** 27:24
**included** 36:14
**including** 11:1
  24:21 40:10
**incomplete** 26:10
**inconsistency**
  25:9
**incorporating**
  22:4 31:18
**increase** 29:9
  37:15
**indicate** 41:3
**indicated** 19:24
  21:8
**indiscernible** 7:10
  9:11 16:5,8,15,25
  17:2,17 18:20,20
  29:3,15 34:20
  35:16 37:22
**infer** 26:9 28:18
**inference** 22:23
**inferences** 23:2
**inferred** 25:23
  27:19
**infliction** 23:9,17
  27:17
**information** 20:18
  24:14,20,22 25:3

25:5,20,21,21,24
  27:4 28:17,19
  29:17 30:12,14,19
  32:2
**initial** 15:19
**injured** 29:4,14
  30:10
**injury** 17:19
  30:16,25
**insiders** 10:16
**instances** 24:10
  35:6
**insufficiency**
  30:12
**insurance** 9:6,8
  10:2,9,24 11:6,7
  11:12,16 12:24
  14:8,10 15:1,24
  16:21,24 18:14,14
  19:3,14,16 20:3,9
  25:9,16
**insured** 17:2
**intend** 41:6
**intent** 22:19,21,23
  23:19 26:24 27:18
  27:25 28:17
**intentional** 23:8
  23:17 27:17
**interest** 18:1
**interim** 34:7
**introduction** 21:5
**involving** 20:14
**issue** 13:24 32:19
  32:19
**issues** 20:21 22:11
**items** 6:23

**j**

**j** 5:13 41:13
**jane** 5:12 8:1
**january** 7:22
**jennifer** 4:8 21:7
**johnahtan** 5:3

**johs** 5:14
**judge** 2:23
**judgment** 16:15
**judgments** 19:20
**julie** 5:4
**jump** 35:6
**jurisdiction** 31:14
  31:17,25 32:16,23
  33:4
**justice** 4:19

**k**

**k** 23:22
**katherine** 31:3
**keep** 19:18
**kim** 5:8
**kimberly** 5:5
**kmart** 16:19
**kmart's** 16:20
**knew** 19:16
**know** 10:19 13:15
  15:1,4 17:1,3
  18:13 19:13 20:24
  21:3,18 33:8
  35:20 36:18 41:2
**knowingly** 29:10
**knowledge** 22:19
  22:21,23
**known** 28:23
**knows** 25:9
**koch** 22:3

**l**

**l** 4:9,17
**labels** 23:3
**lack** 8:7 25:20,21
  26:6 31:14,17
  32:15,16 40:19
**laid** 9:23 14:22
  15:15 22:11 24:17
  26:1 27:13
**language** 36:7,13
**larger** 19:23
**lastly** 30:20

late 39:14
law 18:9 23:9,12
  23:16 27:8 28:22
  30:22
lawful 29:6
lawsuit 12:11 13:1
lawyer 9:22
lays 9:25 24:11
  28:12
leave 9:19
ledanski 3:25 43:3
  43:8
lee 5:13
left 15:2,2
legal 13:5 43:20
legitimate 35:2
  38:2
lengthy 10:10
  20:12
letter 39:16,19
lewina 31:2
lexis 15:22,25
  31:1,2 32:6
lift 9:23 11:5,13
  12:19 15:8 19:15
  19:15 33:17
lifted 11:10 12:23
  12:25
lifting 10:7 12:22
  13:7,20 14:4
light 7:24 17:24
likelihood 23:20
  26:25
limit 11:13 18:13
limitation 11:16
  31:24
limited 11:12
  32:11
line 7:18 8:2
  15:13 42:4
linn 5:19
liquidated 11:21

listening 16:13
listing 37:7
litigate 33:18
litigating 18:2
litigation 10:13,22
  10:25 11:1,11,18
  11:23 12:2,18
  32:20 34:17 35:3
little 14:10 21:19
llc 15:21 30:3
llp 4:3,12
located 25:10
looped 39:8
lot 14:10 18:1
lots 13:23
lure 20:8

**m**

mahkamova 5:9
mail 40:2
mailbox 40:2 41:7
main 3:6
makor 22:11
malice 22:19
manage 35:2
manges 4:3 6:22
  7:14 21:7
march 11:9 14:23
mark 3:10
mashed 37:19
material 29:13
  30:8
materially 13:10
matter 1:6 6:25
  7:15,16 13:4,5,22
  17:14 19:7 20:23
  32:13,16 33:1,1
  33:16 34:18 35:13
  35:20
matters 3:1 19:15
  20:13,16
mazzeo 15:17
mean 12:16 14:16
  16:12,17 17:5

18:11 40:14,19
  41:9
meaningful 10:8
means 10:18,20
  18:16
meant 36:16
medicaid 24:25
medical 25:10,13
  25:15 26:10,13,19
medication 20:20
  26:5
medications 24:9
  24:10
medicines 25:1
megacase 40:13
mental 20:21 26:1
  26:4,14
mentally 30:18
mentioned 12:20
merely 26:7
merits 31:14
michael 5:19
million 10:4,5
  34:9
mind 10:19 22:20
mineola 43:23
minimum 32:10
misc 31:2
mislead 28:18
misleading 29:13
  30:8
misrepresentation
  22:8 23:11 27:24
missed 40:11
mistake 22:18
misuse 26:5
model 8:17
modifying 36:19
mohan 5:10
money 8:9 12:3,4
  18:1
month 7:22

monthly 3:5
morning 6:21
  7:11,12,13 9:15
  16:10,11 21:6,10
morrissey 4:24
motion 3:12,14,19
  3:21 6:9,17 9:11
  9:18,23 11:13
  15:8,8,10 16:4,17
  16:22,22 18:7
  19:4 20:16,17,18
  20:19 21:1 22:1,2
  22:4,10 23:6 24:5
  26:23 30:20 31:8
  31:10,13 33:3,6,6
  33:17,23 34:4,13
  34:15,19,22,23
  35:8,21 41:1 42:6
  42:7,8
motions 9:2,3,4
  19:8 36:6,10
movement 15:18
  19:3
moves 31:16
multi 9:25
multiple 19:21
  28:20 29:16
muslim 5:17
mute 9:16
mv 23:24

**n**

n 4:1 6:1 19:7
  42:1 43:1
n.y. 24:1
name 6:7 29:6
nation 31:23 32:4
national 20:18,25
  21:1,25 22:1
  23:15 31:15,16,22
  32:15 33:2,5,7
nature 35:12
natures 37:6

**necessarily** 32:13 33:2
**need** 10:3 12:22 25:13 40:13
**needs** 28:25
**negligence** 23:15 30:22,22 31:8
**network** 20:18 27:14 30:3
**never** 30:13
**new** 1:2 4:6,15,22 7:1 23:9,12,16 24:14 26:11,15 27:8,13 28:22,23 30:22 31:1,2,3,20 33:19,22 39:18,22
**news** 30:2
**ng** 1:12 3:16,21 20:14,19 21:20 22:3,9 24:4,6 25:5 25:22 28:9,18 29:11,18 30:8,14 33:16,25 34:3,7 35:11
**ng's** 19:7 21:17 22:15 30:15
**nihn** 31:15
**nihn's** 31:13
**nine** 36:3
**non** 10:9 12:4 17:2 19:9 27:15 29:23
**normally** 12:23
**note** 10:7 19:12 31:7 32:21
**noteworthy** 25:18
**notice** 3:1 39:23
**november** 2:5 3:2 39:10 43:25
**number** 6:17,23 20:13 24:21 38:20 39:8,25

**numerous** 15:17
**nwl** 32:5
**ny** 2:3 4:6,15,22 15:16,24 16:1 29:15 30:3 31:1 32:8 43:23

**o**

**o** 2:21 6:1 43:1
**oberg** 5:11
**object** 35:3
**objection** 8:8 9:3 9:5 10:1 17:23 35:1 36:17 37:21 39:5,5,9,17,20,21 40:1 41:4
**objections** 3:7 7:24 8:5 36:1 37:16
**obligation** 21:23
**obtained** 11:24 24:8
**obviously** 8:8 15:3 35:15
**occur** 30:14
**occurred** 30:13
**october** 20:13 24:5 39:6,7,24
**offer** 11:13
**office** 8:16
**official** 4:13
**okay** 6:15,16,19 7:3,9,11,20 8:6,23 8:24 9:10,15 12:16 14:19 15:7 15:12,14 16:2,17 16:25 17:16 18:6 18:10,21,23,24 19:6 20:12 21:12 33:11 34:2,6 37:24 38:14,24 40:7 41:13,18
**old** 43:21

**omnibus** 6:20 9:3 36:1 39:5
**once** 11:20 34:18 35:13
**one's** 18:1
**onus** 35:3
**opportunity** 6:4 36:23 38:15
**opposed** 24:25 29:19
**opposition** 3:21
**option** 12:9,17
**order** 8:15 11:8 14:23 31:10 34:18 36:5,7,19 37:21 38:5 39:7 41:1
**order's** 15:9
**orders** 18:22
**ordinary** 3:5 7:21 8:9
**original** 39:20
**osus** 32:11,22
**outlined** 22:9
**outrageous** 23:19 26:24 27:9,12,17 27:20
**overcome** 41:8
**owed** 30:23

**p**

**p** 4:1,1 6:1 23:22
**page** 32:6 39:25 42:4
**pages** 16:1
**paid** 10:3
**panoply** 37:3
**papasan** 22:12 23:5
**papers** 21:3,9
**paperwork** 7:1
**paragraph** 24:12 25:7,12 32:8
**paragraphs** 24:17 24:21,22 26:2

**parities** 39:8
**park** 4:14
**part** 21:23
**participant** 24:24
**particular** 28:13
**particularity** 22:17
**particularly** 17:10
**parties** 13:2,23 19:14,22
**party** 22:17
**passed** 39:10
**patient** 27:23
**patient's** 27:15
**patrick** 5:10
**patterns** 27:21
**paying** 13:8
**pc** 7:17
**pds** 3:21
**pdx** 20:18 31:13 31:15
**pearson** 5:12 8:1 8:1,4,19,22
**pekewicz** 23:22
**pending** 9:19 11:1 33:18
**pennsylvania** 9:20 11:2
**people** 19:16 20:8
**perfectly** 35:2
**period** 3:7 10:10
**permission** 6:24 20:15
**permitted** 31:23
**permitting** 7:6
**person** 29:4
**person's** 22:20
**persona** 33:4
**personal** 17:19 31:14,17,24
**pertaining** 23:12 23:13 25:25

**pertains** 32:20
35:16
**petition** 12:18
33:18,20,24
**pharmacy** 24:10
25:11,14
**phil** 6:24 7:14
**philip** 4:9
**phone** 9:13 16:7
20:15 21:2
**physical** 26:4,14
**physically** 30:18
**physician** 27:14
**piece** 38:1
**place** 19:18 40:2
**plains** 2:3
**plaintiff** 1:13
22:22 23:17 25:2
25:7,12 26:4 28:1
30:24 35:6
**plaintiff's** 26:4
**plan** 17:22
**planned** 40:4
**plans** 24:24
**playing** 38:21
**plead** 22:22 30:9
**pleading** 13:22
17:12
**pleads** 24:8
**pled** 24:7 27:5,19
27:20 30:23
**pocket** 25:15
**podium** 6:24
**point** 12:9 17:23
30:16 32:4,25
34:20
**pointed** 22:20
28:16
**pointing** 11:21
**points** 38:16
**polsinelli** 3:6 7:16
7:21 8:2

**polsinelli's** 8:14
**pool** 19:23
**posed** 33:20
**position** 19:25
**possible** 14:18
30:10
**potential** 10:24
11:18
**potentially** 12:2
**poughkeepsie** 3:6
**practice** 29:6
**practices** 28:23
29:1,22
**pre** 11:11 12:17
33:18,24
**predicated** 9:6
34:9
**predicted** 30:17
**prejudice** 33:4
**prejudiced** 40:25
**premised** 22:7
**prepared** 16:18
21:8,10 32:18
34:17 40:3
**prescriptions**
24:9
**present** 5:1
**preserve** 13:3
**pretty** 16:14
**previously** 18:9
**primary** 8:13
**priority** 37:6,25
**pro** 22:16
**probably** 13:4
14:9 38:1,1
**procedural** 13:18
**procedure** 14:22
22:5,16 31:19
**proceed** 16:21
18:12,15 40:5
**proceeding** 3:16
19:8,12 32:20
34:24,25 35:7

**proceedings**
41:19 43:4
**proceeds** 11:7,12
11:17
**process** 7:2 19:18
32:1,3,4,10
**production** 26:19
**professional** 3:4,5
3:7 7:22 8:10
**profits** 17:3
**projected** 18:3
**projection** 17:11
**proof** 12:13 34:8
37:5
**proper** 26:6
**properly** 31:20
35:8
**proposed** 36:4,5,7
**provided** 25:22
28:19 29:18 30:13
36:9
**provides** 28:24
**provision** 25:3
26:10 27:3 28:7
**proximate** 30:9
30:11,25 31:6
**proximately** 27:3
**public** 29:19
**puerto** 17:8
**purpose** 12:25
26:12
**purposes** 31:8
35:16
**pursuant** 31:17
**pursue** 9:19 11:11
12:12 33:19 41:6
**pursuing** 11:22
**put** 19:25 35:3
36:13
**puts** 15:23

**q**

**quarropas** 2:2
**question** 21:14
36:24
**questioned** 24:4
**questions** 7:19
20:3 21:9 37:1
39:11
**quote** 25:7
**quoted** 28:12

**r**

**r** 2:21 4:1 6:1 43:1
**raise** 27:12
**raised** 34:20
**rdd** 1:3,4 3:16
**reach** 14:23
**reached** 21:19,21
**reacted** 30:18
**reaction** 26:1,4,14
28:9,10,13 30:20
**reading** 17:18
24:3 26:18
**ready** 13:24 17:14
21:9
**real** 8:13 11:25
20:24
**really** 12:22 15:1
15:2 16:20,23
17:25 18:4 20:21
20:25 34:16
**reason** 15:3 18:19
20:7 29:4
**reasonable** 23:2
28:1,5,7,10 29:8
30:19
**reasons** 9:5 13:20
15:10 28:4,20
29:16
**receipt** 25:24
**receive** 25:15
**received** 8:5 20:15
24:10,15 25:1
26:6 28:15

**recitations** 23:4
**reclassification** 38:11
**reclassified** 38:9
**reclassify** 36:8
**reclassifying** 36:11
**reclassing** 37:20
**recognized** 12:21
**reconciliation** 19:19
**reconsider** 41:1
**record** 6:22 7:14 15:14 26:15 43:4
**records** 25:10,14 26:10,13,19 27:23
**recover** 11:15 12:3 29:7
**recovering** 11:19
**recovery** 10:9,22 11:12,14,18,24 12:1,23 13:1,6 17:11,25 18:2,13
**refer** 31:15
**reference** 29:23 38:8,20
**referred** 29:25 36:17
**referring** 31:16
**reflect** 39:2
**refused** 34:4
**regard** 14:9 29:21
**regime** 13:18
**reimbursement** 25:6 30:11
**reimbursements** 25:16
**related** 32:17,22
**relation** 29:25
**relevant** 28:24
**reliable** 25:13
**reliance** 28:1,2,5 28:11

**relief** 3:12,14 9:2 12:21 15:20 16:4 19:13 29:20 30:6 33:5 36:3,4
**relies** 36:5
**reluctant** 25:5
**remain** 15:10 33:2
**remaining** 30:21
**remarks** 15:15 32:23
**reminds** 34:21
**remove** 38:25 40:4,6
**removed** 39:11
**repeat** 31:6
**represent** 6:7 39:23
**representation** 19:2 28:5,12,12
**representing** 7:4
**request** 9:4 24:14 25:19 26:16 34:14
**requested** 20:14
**require** 8:17 19:16 27:9
**required** 13:5 23:5
**requirement** 32:1 32:3
**requires** 22:16
**reservation** 38:12
**reserve** 39:13 40:8
**reserved** 37:21
**residential** 15:21
**resolve** 18:4 19:18 21:15
**respect** 21:21 32:1 33:23,25 34:22 36:25 37:22
**respectfully** 34:14
**respective** 36:6

**response** 24:13,15 28:7 34:25 37:1 39:18 41:12
**result** 28:2,11 29:14 30:10
**retention** 8:14
**returning** 26:21
**review** 8:7 9:23 22:10 30:4
**reviewed** 8:6 25:19
**reviewing** 22:25 35:25
**revise** 38:5 39:2
**ri** 5:8
**richard** 4:24
**rico** 17:8
**right** 6:10,11,12 6:13 8:6 9:9 14:3 16:6 18:6,18 20:2 20:10 21:2,22,24 24:25 38:14 39:1 39:15 41:9
**rights** 22:11 37:21 38:12 39:13 40:8
**ripe** 13:22
**rise** 22:23
**road** 12:2 43:21
**robert** 2:22
**roebuck** 10:23
**rohn** 5:13
**role** 32:1
**room** 2:2 27:16
**root** 11:19
**rows** 37:8
**rule** 14:1 21:3 22:4,6,8 26:23 31:18,18,23 32:18 41:7,13
**ruled** 20:15 34:11 34:19
**rules** 22:5,6,9 31:19 40:2

**ruling** 15:9 20:23 21:11,24,25 33:3 33:8 35:16
**rulings** 42:3

**s**

**s** 4:1 6:1 30:2 37:15
**sara** 4:17
**satisfied** 32:3
**saul** 5:14
**saying** 12:8 14:9 16:20 24:19
**says** 36:7
**schedule** 36:5 37:2 38:9,10 39:2
**scheduled** 3:1 33:25 34:3
**schedules** 8:16
**school** 31:3
**se** 22:16
**sears** 1:8,15 3:16 6:2,10,12 9:21 10:23 11:25 12:3 12:3 13:1,3,8 14:7 15:3 16:19
**second** 9:23,25 11:19 12:20 13:7 19:1 21:18 23:11 28:19
**secondly** 27:22 30:15
**section** 23:12 28:22,23,25 29:5 29:10 32:17
**secured** 36:8,15 36:20,20 37:5,16 38:1
**security** 29:24
**see** 7:23 13:5 15:21,24 22:23 23:25 31:2 32:5 32:11 37:3,10,18 37:19

seeing   26:7 28:14
seek   33:5 37:16
seeks   30:20
send   31:9
senor   16:8
sense   12:5 13:21
  18:15 19:24 20:2
sep   29:15
separate   20:17
  30:15
separately   22:15
sept2d   30:3
september   39:5
serious   25:25
  26:14
served   31:20 40:1
service   29:2 31:23
  32:4 39:24 40:19
  41:7
services   15:25
  23:23
set   26:22 27:2,10
  34:13 38:10 39:5
seth   6:7
settle   17:24 18:16
  19:24
settling   20:8
severe   23:20,21
  26:25 27:6
shakes   13:6
shareholder   8:2
shea   2:25
shirin   5:9
show   15:19 31:7
  37:8 40:19,24
showing   30:9
sign   14:25
significant   8:9
similarly   25:12
simply   24:25 28:6
  37:20
sir   7:12

situation   13:8
small   18:2
solely   30:2 31:13
solutions   43:20
sonnax   9:24 10:6
  12:20 15:19,22
  17:8 18:8
sonya   3:25 43:3,8
sorry   6:6 9:16,16
sought   11:6 29:20
  34:23 36:3,8
source   10:22,24
sources   10:21
southern   1:2 7:2
  33:19
speaker   8:24
speaking   35:4
special   13:16
specific   13:18,18
  32:1
spend   18:1
spending   12:3,4,6
  17:7
spent   13:23
spirit   26:20
spv   32:11,21
squaretwo   15:25
st   15:16,24 16:1
  29:15 30:3 32:8
stadt   30:2
standard   8:15
  9:22 22:10
starting   35:7
state   7:1 16:18
  21:4 22:6,17
  23:16 24:14 26:11
  26:15 28:3 29:2
  29:11 30:5 41:7
stated   9:5 15:10
  15:18 17:10,12
  27:22
states   1:1 2:1 4:19
  24:12 25:12 38:21

stating   24:23
statute   29:11
stauble   5:15
stay   3:12,14 9:2
  9:19,23 10:7 11:3
  11:5,10,13 12:17
  12:19 13:8,21
  14:4 15:8,10 16:4
  19:13,15,18 33:17
  34:4,13,14
stayed   11:2
stipulating   19:13
stipulation   14:24
stipulations   11:10
strauss   4:12
street   2:2 3:6 4:21
strongly   14:4
subject   32:16
submit   18:22 25:5
  25:8 38:19
submitted   30:14
subpoena   24:14
  26:11,18,20
subsection   28:24
subsequent   39:12
  39:17 40:3
substantial   10:3
  10:15 11:15 23:20
  26:25
suffered   28:11
sufficient   23:18
sufficiently   24:7
  26:23 27:5 30:9
  30:17,23 32:21
suggested   21:15
  34:5
suggestion   17:21
suite   4:21 43:22
summarized
  22:15 27:2 29:18
support   3:10
  25:15 27:17

supported   29:22
supreme   24:15
  31:2
sure   10:21 16:12
  16:14,21 38:18
survive   26:23
swift   6:11

**t**

t   30:2,2 43:1,1
take   9:8,10 41:2
taken   19:25 38:23
takes   32:22
talk   14:6,21
talking   9:17 35:25
taylor   5:6
telephonically   5:1
tell   6:4 35:17
tellabs   22:11 23:2
telling   14:25
tenth   36:1,6
tenuous   35:11
terms   12:3
test   9:25
texas   31:20
thank   7:8 8:19,22
  8:24 15:12 16:3
  18:25 19:10 20:11
  21:13 31:11 33:11
  35:22 36:22 39:3
  41:17,18
thanks   8:21 19:1
thing   34:21 35:23
  38:2 39:3
things   39:11
think   6:4 12:8
  14:11,25 17:23
  19:1,6 20:2,9
  21:23 34:17 36:18
  40:6 41:2,8
third   23:11
thoroughly   15:6
thought   19:17,23
  33:21

thoughts  21:18
three  23:21 28:21
  30:1
tie  28:13
tier  3:5
time  8:11 9:9
  11:23 12:11,12
  13:23 15:5 17:4
  18:1,17 19:11
  20:23 31:18 33:21
  35:10
timely  41:4
times  35:2
timing  17:10
title  6:8
today  6:23 7:6,15
  21:2 32:19 34:13
  34:15
today's  6:20
torres  3:14 16:5,9
total  37:18,19
trade  28:23 29:1
transaction  8:12
transcribed  3:25
transcript  33:8
  43:4
transformed  8:12
transportation
  23:24
treatment  27:15
trial  13:22,24,25
  17:14,14
tribunal  13:16
tries  35:6
true  27:11 43:4
truly  27:9
trustee  4:20
try  18:4
turn  6:24
turned  25:20
two  9:1 10:21
  23:19 24:10 25:4
  27:22 30:6 36:25

37:7 38:16
twombly  22:13
type  17:24 28:8
types  27:21 36:14

**u**

u.s.  2:23 4:20
  22:12,13,14
u.s.c.  32:17
ultimately  13:6
unable  25:5
uncontested  7:16
underlying  9:7
  15:9
underpinnings
  22:25
understand  7:18
  9:12 13:13 14:5
  21:20
understanding
  10:5
understood  19:5
  35:14
unfiled  33:19,25
  34:9
unfortunately
  20:19 31:22
unidentified  8:24
united  1:1 2:1
  4:19 38:21
unrelated  35:24
unsecured  4:13
  12:1 15:21 17:11
  18:3 36:9,15,21
  37:18
unsecureds  37:6
  37:15 38:3
updates  36:25
usb  32:11

**v**

v  1:14 3:16 22:11
  22:12,13,24 23:5
  23:22,24 24:1
  29:14 30:2 31:1,2

32:11
valid  37:25
varick  4:21
various  10:16
  24:9
verification  25:14
veritext  43:20
view  19:14 32:22
  40:25
violated  29:10
violation  23:11
  28:21 29:5

**w**

w  23:22
wait  12:9 13:5
waive  12:25 14:7
  15:3 16:18
waiving  14:12,17
wander  5:16
  39:16
want  9:17 12:24
  13:3 16:21 19:25
  21:4 33:9 38:16
wanted  33:16
  36:2 37:19 39:4
  39:13 40:5,22
wants  14:7
warnings  24:11
  24:16 25:25 26:6
  26:8 28:13,15
waste  17:4
way  11:14 21:15
  29:13 30:8,18
  33:5 35:2
ways  25:4
we've  19:12,25
  20:6 34:5 35:24
wedy  3:12 6:8
week  39:7
weeks  39:10
weigh  12:22
weil  4:3 6:22 7:14
  8:18 19:11 21:7

36:23
whichever  29:7
white  2:3
wide  31:23 32:4
willfully  29:10
willing  19:17
withdrew  19:3
withstanding
  32:23
workers  13:17
  21:17 25:6,8,16
wrong  17:13

**x**

x  1:5,11,17 42:1

**y**

yeah  14:11,12
  15:4 16:14 18:16
years  24:13
york  1:2 4:6,15,22
  7:1 23:9,12,16
  24:14 26:11,15
  27:8,13 28:22
  30:22 31:1,2,3,20
  33:19
york's  28:23

**z**

z  23:22