UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :   Case No. 18-23538 (RDD)
                                                            :
            Debtors.[1]                                     :   (Jointly Administered)
------------------------------------------------------------x

## STIPULATION, AGREEMENT, AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among the Sears, Roebuck, and Company ("**Sears**") and Geoff and Stacie Hess (the "**Movants**"). Sears and the Movants collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A.  On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B.  On September 30, 2019, Movants filed the *Motion for Relief from the Automatic Stay* (ECF No. 5264) (the "**Motion**"),[2] seeking entry of an order ruling that the Movants' civil action currently pending in the District Court for the Eastern District of Pennsylvania with the case caption, *Geoff and Stacie Hess v. Sears Holdings LLC, et al.* (Case No. 5:19-cv-03596) (the "**Action**") is not subject to the automatic stay.

C.  Pursuant to an indemnity contract (the "**Indemnity Contract**") between Sears and Rexon Industrial Corp., LTD ("**Rexon**"), Sears tendered a request for defense of the Action to Rexon.[3]  Rexon accepted the tender of Sears' defense in the Action.

D.  The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.  Upon the Effective Date, the Automatic Stay shall be modified strictly pursuant to and in accordance with the terms of paragraphs [3-6] herein; provided, that all other provisions of

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

[3] As noted in the Motion, Movants have agreed to the terms of a Confidentiality Order/Agreement proposed by Rexon pursuant to Federal Rule of Civil Procedure 26(c), which prevents Movants and the Debtors from attaching the Indemnity Contract as an exhibit to this Stipulation.

Pg 3 of 7

the Automatic Stay, including, without limitation, those provisions prohibiting the Movants from any act to collect, assess, or recover a claim (as defined in section 101 of the Bankruptcy Code) that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code) (a "**Prepetition Claim**"), shall remain in full force and effect.

3. The Automatic Stay shall be modified solely to the extent necessary to both (i) permit the Movants to continue to prosecute the Action and, to the extent granted, to obtain recovery from Rexon or the insurance proceeds of Rexon's insurer, to the extent such proceeds are determined to be available and (ii) permit the Movants to continue to prosecute the Action to the extent all costs and expenses associated with defending the Action and satisfying any judgments are covered by the Insurers. Movants shall not be entitled to recover from the Debtors directly while pursuing a recovery from Rexon, Rexon's insurer and/or Debtor's insurer. In the event that Rexon fails to indemnify Debtor and/or that the Debtor's insurer fails defend and indemnify Debtor, Movants reserve the right to file a Motion for Relief from the Automatic Stay seeking entry of an order ruling that the Movants' Action is not subject to the automatic stay.

4. On or as soon as reasonably practicable after the Effective Date, the Debtors shall tender a request for defense of the Action to the Debtors' general liability insurer and the Debtors' umbrella policy insurer (collectively, the "**Insurers**") for the insurance policies applicable to the Action.

5. Movants shall use all efforts to prevent entry of a default judgment against the Debtors for failure to respond to any pleadings in the Action. If, despite Movants' efforts to prevent entry of a default judgment, a default judgment is entered against Sears in the Action, Movants shall not enforce any such judgment against the Debtors.

WEIL:\97268613\6\73217.0004

6.    Sears shall have no responsibility or liability for either (i) an Insurer's denial of coverage or refusal to defend or (ii) Rexon's refusal to defend.

7.    On the Effective Date, Movants shall dismiss the Motion and any related pleadings.

8.    Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Movants against any of the Debtors' insurers, including the Insurers; (iii) precludes or limits, in any way, the rights of any insurer, including the Insurers, to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Movants' claims.

9.    Nothing in this Stipulation or in the proceedings that take place as a result of the relief provided herein shall, or shall be deemed to, affect the Debtors' rights with respect to (i) coverage under any applicable insurance policies, or (ii) any claims or defenses that have been or may be asserted in the Action or any other litigation or contested matter, all of which rights are expressly reserved.

10.    To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Movants' claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

11.    Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

12. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Action or any other matter.

13. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

14. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

15. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

16. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

17. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

18. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

19. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: December 6, 2019 | Dated: December 6, 2019 |
| By: /s/ Garrett A. Fail<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel.: (212) 310-8000<br>Fax: (212) 310-8007<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | By: /s/ Thomas A. Lynam, III<br>Thomas A. Lynam, III<br>VILLARI, LENTZ & LYNAM, LLC<br>100 North 20th Street, Suite 302<br>Philadelphia, PA 19103<br>Phone: (215) 568-1990<br><br>Kevin M. Blake<br>SMITH MIRABELLA BLAKE, LLC<br>100 North 20th Street, Suite 302<br>Philadelphia, PA 19103<br>Tel.: (215) 422-4100<br><br>*Attorneys for Movants* |

**So Ordered:**

Dated:  December 18, 2019
          White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE