**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                       :
                                            :   Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,   :
                                            :   Case No. 18-23538 (RDD)
                                            :
        Debtors.[1]                         :   (Jointly Administered)
------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among Sears, Roebuck, and Co. ("**Sears Roebuck**"), KCD IP, LLC ("**KCD**" and together with Sears Roebuck, the "**Sears Defendants**") and Aida Visakay, as executor of the estate of William Visakay (the "**Claimant**"). The Sears Defendants and the Claimant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.     WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B.     WHEREAS, on June 11, 2018, the Claimant commenced an action against the Sears Defendants, Husqvarna, and Briggs & Stratton that is pending in the District Court for the District of New Jersey, titled *Estate of William Visakay v. Sears, et al.*, Docket No. 2:17-cv-11570 (originally docketed in the New Jersey State Superior Court, Morris County as MRS-L-1705-17) (the "**Prepetition Action**"). The Prepetition Action alleges that William Visakay was killed in accident involving an allegedly defective lawn mower sold by the Sears Defendants.

C.     WHERAS, on January 8, 2019 the Bankruptcy Court entered the *Order Extending the Automatic Stay to Certain Non-Debtor Parties* (ECF No. 1521) (the "**Stay Extension Order**") extending the automatic stay to KCD IP with respect to the Prepetition Action.

D.     WHERAS, prior to entry of the Stay Extension Order, Claimant and the Sears Defendants reached an agreement in principal to dismiss the Prepetition Action against Sears Roebuck without prejudice.

E.     WHEREAS, on March 26, 2019, Claimant submitted a proof of claim in these chapter 11 cases asserting a $10,000,000.00 claim against Sears Roebuck (Claim No. 12102) (the "**Claim**").

F. **WHEREAS**, the Parties have agreed, subject to approval of the Bankruptcy Court to modify the automatic stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Parties agree that, to the extent that the Automatic Stay applies, the Automatic Stay is modified solely to the extent necessary to permit the Claimants to dismiss Sears Roebuck and KCD IP from the Prepetition Action; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears Roebuck, KCD IP, or any of the Debtors in these chapter 11 cases that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. The Claimants may take any steps necessary, including filing an agreed motion in the Prepetition Action, to dismiss the Sears Defendants from the Prepetition Action.

4. As of the Effective Date, the Claim shall be deemed withdrawn and Claimant shall not file any further proofs of claim relating to the Prepetition Action or asserting otherwise any claims against the Debtors relating to the Prepetition Action.

3

5. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors or any of the other Debtors are a party that may be filed by the Claimant in the chapter 11 cases of the Debtors.

6. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

12. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

13. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  December 6, 2019                                         Dated:  December 6, 2019

By:    */s/* Garrett A. Fail                                     By:  */s/* Mark Frankel
    Ray C. Schrock, P.C.                                  Mark Frankel
    Jacqueline Marcus                                     BACKENROTH   FRANKEL   &
    Garrett A. Fail                                       KRINKSY, LLP
    Sunny Singh                                           800 Third Avenue
    WEIL, GOTSHAL & MANGES LLP                            New York, New York 10022
    767 Fifth Avenue                                      Telephone:  (212) 593-1100
    New York, New York 10153                              Facsimile:  (212) 644-0544
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007                        *Attorneys for the Claimant*

*Attorneys for Debtors*
*and Debtors in Possession*

Dated:  December 6, 2019

By:  */s/* Christopher R. Carton

Christopher R. Carton
BOWMAN AND BROOKE LLP
317 George Street Suite 320
New Brunswick, New Jersey  08901
Telephone: (201) 577-5175

*Attorneys for KCD IP*

**SO ORDERED:**

Dated:  December 18, 2019
      White Plains, New York

                    /s/ Robert D. Drain
                    THE HONORABLE ROBERT D. DRAIN
                    UNITED STATES BANKRUPTCY JUDGE