UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                        :
                                                             :       Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :       Case No. 18-23538 (RDD)
                                                             :
                   Debtors.[1]                               :       (Jointly Administered)
---------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among A&E Factory Service, LLC ("**A&E Factory Service**"), Sears Holdings Management Corporation ("**SHMC**"), and Sears Holding Corporation ("**SHC**" and together with A&E Factory Service and SHMC, "**Sears**") and Kathleen Kime (the "**Claimant**"). Sears and the Claimant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears and certain of its affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. WHEREAS, on June 11, 2018, the Claimant commenced an action against Sears that is pending in the El Dorado County Superior Court, titled *Kathleen Kime v. Sears Holdings Management Corporation, A&E Factory Services, LLC, Gregory Williams, et al.*, Case No. PC 20180290 (the "**Prepetition Action**"). The Prepetition Action involves claims asserted by the Movant for alleged injuries as a result of an automobile accident that occurred on June 14, 2016.

C. WHERAS, on February 2, 2019 the Bankruptcy Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors From Pursuing such Claims Outside the Procedures* (ECF No. 2676) fixing the deadline for filing proofs of claim in these chapter 11 cases as April 10, 2019.

D. WHEREAS, on August 7, 2019, Claimant filed two proofs of claim in these chapter 11 cases: (i) Claim No. 20007 asserting a $500,000 claim against SHC and (ii) Claim No. 20008 asserting a $500,000 general unsecured claim against A&E Factory Service (collectively, the "**Claims**").

E. WHEREAS, by order dated October 15, 2019, the Bankruptcy Court confirmed the Debtors' Modified Joint Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors (the "**Plan**").

F. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to deem the Claims as timely filed, and to modify, to the extent necessary, the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") and any injunctions set forth in the Plan (the "**Plan Injunctions**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay and any Plan Injunctions shall be modified to the extent necessary to permit Claimant to continue the Prepetition Action against the Sears solely to recover from any available insurance proceeds under any insurance policies issued by ACE American Insurance Company, including policy number ISA H09060960 (as renewed, amended, modified, endorsed or supplemented from time to time); provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Movants from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any

of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Upon the Effective Date, the Claims shall be deemed timely filed against the respective Debtors.

4. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against Sears or any of the other Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims, or (v) except to the extent, expressly set forth herein, waives, releases, or discharges any claims the Claimant may have against non-Debtors, including, without limitation, Gregory Williams.

5. As of the Effective Date, the Claimant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, who may assert indemnification claims against the Debtors, other than Gregory Williams, Ace Insurance Company and CSAA Insurance Exchange.

6. As of the Effective Date, the Claimant shall be forever barred and estopped from filing any further proofs of claim relating to the Prepetition Action or asserting otherwise any claims against the Debtors relating to the Prepetition Action.

7. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other

pending prepetition action to which the Debtors or any of the other Debtors are a party that may be filed by the Claimant in the chapter 11 cases of the Debtors.

8. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

9. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

10. To the extent applicable, the Automatic Stay and any Plan Injunctions are hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

WEIL:\97223627\3\73217.0004

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

16. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: December 6, 2019 | Dated: December 6, 2019 |
| By: */s/* Garrett A. Fail<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | By: */s/* Stephen E. Hornung<br>Michael Luskin<br>Stephen E. Hornung<br>LUSKIN, STERN & EISLER LLP<br>Eleven Times Square<br>New York, New York 10036<br>Telephone: (212) 597-8200<br>Facsimile: (212) 975-3205 |
| *Attorneys for Debtors*<br>*and Debtors in Possession* | *Attorneys for the Claimant* |

**SO ORDERED**

Dated: December 18, 2019
      White Plains, New York

                          /s/ Robert D. Drain
                          THE HONORABLE ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE