**Presentment Date and Time: December 30, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: December 27, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed):  To Be Announced**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

-----------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# NOTICE OF PRESENTMENT OF
# STIPULATION AND ORDER BY AND AMONG DEBTORS,
# TRANSFORM AND HAIN CAPITAL INVESTORS MASTER FUND LTD.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation and Order By and Among Debtors, Transform and Hain Capital Investors Master Fund Ltd.* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **December 30, 2019 at 10:00 a.m.** (**Eastern Time**). A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **December 27, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States

2

Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  December 19, 2019
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND ORDER BY AND AMONG DEBTORS, TRANSFORM AND HAIN CAPITAL INVESTORS MASTER FUND LTD.

This Stipulation and Order (the "**Stipulation and Order**") is made as of December 18, 2019, by and among the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), Transform Holdco LLC (the "**Buyer**") and Hain Capital Investors Master Fund Ltd. ("**Hain**" and together with the Debtors and Buyer, the "**Parties**") through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

## Recitals

A.     On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.     On January 18, 2019, the Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (Dkt. No. 1731) (the "**Potential Assignment Notice**"). The Potential Assignment Notice listed the Supply Agreement for Refrigerated Products between Winiadaewoo Electronics America, Inc. ("**WEA**") and the Debtors, which included Amendment #1 to the Supply Agreement and Amendment #2 to the Supply Agreement, (the "**Supply Agreement**") as a contract that might be assumed and assigned in connection with the sale of certain assets by the Debtors. The Debtors listed the cure amount at $0.

C.     On January 25, 2019, WEA filed its initial objection (the "**Initial Objection**"), objecting to the (1) "Contract Executed Date", (2) "Contract Expiration Date" and (3) cure amount (Dkt. No. 1809).

D.     On January 29, 2019, WEA assigned to Hain certain administrative expense claims arising under 11 U.S.C. § 503(b)(9) against the Debtors in the amount of $6,164,992.61 (the "**503(b)(9) Claim**"), which were previously filed as Claim No. 8339.

E.     On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (Dkt. No. No. 2507) was entered by the Court (the "**Sale Order**"),

approving the sale of substantially all of the Debtors' assets to Buyer. The Sale Order approved the assumption and assignment of the Initial Assigned Agreements.[2]  Sale Order at ¶¶ 3, 31.

F.  On February 15, 2019, Hain filed a *Notice of Transfer of Claim Other Than for Security* in respect of the 503(b)(9) Claim (Dkt. No. 2624).

G.  On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "**Assumption Procedures Order**") (Dkt. No. 3008).

H.  On April 26, 2019, the Debtors filed the Assumption and Assignment Notice listing WEA's Supply Agreement as one of the contracts Transform had designated for assumption and assignment (Dkt. No. 3397). The Debtors listed the cure amount due under the Supply Agreement as "resolved."

I.  On May 6, 2019, WEA filed a supplemental *Limited Objection of Winaidaewoo Electronics America, Inc. to Debtors' Notice of Assumption and Assignment of Additional Executory Contracts* (the "**Supplemental Objection**") (Dkt. No. 3645). According to WEA, the cure amounts could not have been resolved because WEA had previously sold the 503(b)(9) Claim to Hain and thus, those claims remained outstanding.

J.  On May 20, 2019, Hain filed the *Limited Objection to and Motion for Clarification Regarding Debtors' Notice of Assumption and Assignment of Additional Executory Contracts* (the "**Hain Limited Objection**") (Dkt. No. 3958).

---

[2]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Sale Order.

4819-4382-6093.1
WEIL:\97291845\2\73217.0004

Pg 8 of 13

K.       On August 6, 2019, the Debtors filed the Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims) (Dkt. No. 4775) whereby the Debtors' objected to certain claims of WEA and Hain, including the 503(b)(9) Claim (the "**Claim Objection**").

L.       On August 26, 2019, WEC filed a response to the Claim Objection (Dkt. No. 4987), which was later amended on August 27, 2019 (Dkt. No. 4996) (the "**WEC Response**").

M.      On October 2, 2019, the Debtors filed the *Notice of Filing of Revised Administrative Expense Claims Consent Program Term Sheet with the Ad Hoc Vendor Group and Creditors' Committee* (the "**Administrative Expense Claims Consent Program**") (Dkt. No. 5301), which included certain terms for the allowance of certain administrative expense claims. Hain was a signatory to the Administrative Expense Claims Consent Program and the terms included a provision that if the Supply Agreement were not assumed and assigned to Transform, the 503(b)(9) Claim would be allowed against the Debtors in the amount of $6,001,408.53 (the "**Stipulated Claim**")[3] and paid in accordance with the terms of the Administrative Expense Claims Consent Program.

N.       On October 2, 2019, Hain filed a response to the Claim Objection and the WEC Response (Dkt No. 5313).

O.       On October 9, 2019, WEC filed a supplement to the WEC Response (Dkt. No. 5347).

P.       On October 25, and 28, 2019, Hain served certain subpoenas on both WEA and Transform, respectively, seeking deposition testimony and documents in connection with, among other things, the facts and circumstances surrounding Transform's designation and subsequent utilization of the Supply Agreement.

---

[3] *See Notice of Allowed Administrative Expense Claims* (Dkt No. 5298).

4819-4382-6093.1
WEIL:\97291845\2\73217.0004

Q.  On or about October 30, 2019, Transform filed a *Notice of Withdrawal of Certain Additional Contracts from the Notice of Assumption and Assignment of Additional Executory Contracts* (Dkt. No. 5532).

R.  The Debtors represent that the Official Committee of Unsecured Creditors have no objection to the Debtors' execution of this Stipulation and Order or the Court's approval of the same.

S.  In an effort to resolve disputes among the Parties and avoid the costs and uncertainty of litigation, the Parties have agreed to the following stipulated order as set forth herein.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.  Nothing in this Stipulation and Order constitutes an admission or acknowledgement by any of the Parties as to the validity of the claims, defenses or objections asserted by any of the Parties.

2.  Upon this Stipulation being so-ordered by the Court and becoming a final and non-appealable order pursuant to the Federal Rules of Bankruptcy Procedure, the Supply Agreement shall be finally and conclusively deemed "rejected" under Section 365 of the Bankruptcy Code, *nunc pro tunc* to February 8, 2019.

3.  Subject to Hain providing Transform with wire instructions, a completed W-9 form and an invoice, upon execution of this Stipulation and Order by the Parties, Transform shall wire $250,000.00 (the "**Settlement Payment**") into the Foley & Lardner LLP Trust Account for the benefit of Hain, pending the Effective Date (defined below). The Settlement Payment shall be held in escrow by Foley & Lardner LLP, in non-interest bearing account, and disbursed solely as

permitted herein. For the avoidance of doubt, if the Effective Date does not occur because the Court does not enter the Stipulation and Order and directs that it will not approve this Stipulation and Order, the Settlement Payment shall be returned to Transform within 3 Business Days of notice from the Court that the Stipulation and Order will not be entered.

4. On the Effective Date (i) (a) the Settlement Payment shall be disbursed to Hain without any further notice or action required, and (b) any and all claims, whether known or unknown, whether arising under state or federal common or statutory law, between Hain and Transform relating in any way to the Sears' Chapter 11 Case, including but not limited to the Supply Agreement, are forever waived, released and discharged; and (ii) (a) the Debtors and their estates shall and hereby release, waive and discharge Transform from any and all claims, whether known or unknown arising solely from or based solely upon any assertion that the Supply Agreement was assumed and assigned, or that liabilities under the Supply Agreement were required to be paid as Cure Costs pursuant to section 2.9 of the APA or the Sale Order; (b) the Debtors and their estates agree that the Settlement Payment to Hain will be counted toward partial satisfaction of 503(b)(9) liabilities owed to the Debtors by Transform under the APA pursuant to §2.3(k)(iv) of the APA, and (c) the Debtors and their estates and Transform otherwise mutually reserve all rights and defenses concerning any claims relating to the Supply Agreement or liabilities thereunder as they may relate to other claims between the Debtors and their estates and Transform asserted in certain adversary proceedings pending between the Debtors and their estates and Transform (collectively, the "**Transform-Debtors APA Litigation**")[4] that are not expressly

---

[4] The Transform-Debtors APA Litigation shall include any claims made between Transform and the Debtors and their estates in adversary proceedings currently proceeding under the above-captioned cases as Adversary Case No. 19-08250, Adversary Case No. 19-08262, Adversary Case No. 19-09276, Adversary Case No. 19-08288.

4819-4382-6093.1
WEIL:\97291845\2\73217.0004

resolved by this Stipulation and Order. The Parties acknowledge that they are familiar with the provisions of California Civil Code Section 1542 ("A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.") and specifically waive all rights and release such claims as referenced therein and in any similar statute or law.

5. On the Effective Date the Stipulated Claim shall be reduced by $250,000.00 to reflect a reduction in the amount of the Settlement Payment. The Stipulated Claim shall be allowed in the reduced amount of 5,751,408.53 and the Claim Objection shall be deemed withdrawn.

6. This settlement does not affect, restrict, implicate or impair the rights that each of Hain, the Debtors and their estates, or Transform may have against Winiadaewoo, including but not limited to potential chapter 5 causes of action by the Debtors against Winiadaewoo, and non-bankruptcy related claims by Hain arising out of the Claim Purchase Agreement, and claims by Transform against Winiadaewoo regarding their business or legal relationship.

7. Without impairing or waiving their rights reserved under this Stipulation and Order, the Debtors and their estates and Hain agree not to assert any claims against Transform and its subsidiaries or affiliates arising from or relating to any existing or future contractual or supply relationships between Transform and Winiadaewoo.

8. Notwithstanding Bankruptcy Rule 6004(h), this Stipulation and Order shall be deemed effective and in full force and effect on the earlier of (i) the date after entry of this Stipulation and Order by the Court on which the Stipulation and Order becomes final and non-appealable pursuant to the Federal Rules of Bankruptcy Procedure or (ii) such date after entry of

this Stipulation and Order by the Court that Transform consents to a deemed Effective Date in writing to the Parties (the "**Effective Date**").

9. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties, their successors and assigns, but not for the benefit of any other party.

10. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

11. Pending entry of this Stipulation and Order by the Court, the Parties shall not take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Court, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

12. The Court shall have exclusive jurisdiction to interpret and enforce this Stipulation and Order, as well as over any action or proceeding arising out of, or relating to, this Stipulation and Order.

*[Signature Page Follows]*

8

Dated: December 18, 2019

By: _____

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C., Esq.
Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Sunny Singh, Esq.

*Attorneys for the Debtors and Debtors-in-Possession*

Dated: December 18, 2019

By: _____

CLEARY GOTTLIEB STEEN & HAMILTON
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Chelsey Rosenbloom, Esq.

*Attorneys for Transform Holdco LLC*

Dated: December 18, 2019

By: _____

FOLEY & LARDNER, LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
Paul J. Labov, Esq.
Mark Wolfson, Esq.

*Attorneys for Hain Capital Investors Master Fund Ltd.*

SO ORDERED

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE