**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                      :
                                                               :    **Case No. 18-23538 (RDD)**
                                                               :
         Debtors.[1]                                           :    **(Jointly Administered)**
---------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN SEARS
HOLDINGS CORPORATION AND ALLSTATE LIFE INSURANCE
COMPANY REGARDING CERTAIN INSURANCE POLICIES**

Sears Holdings Corporation ("Sears" and collectively with its debtor affiliates, the "Debtors"), as debtor and debtor-in-possession, and Allstate Life Insurance Company ("ALIC") hereby enter into this stipulation, agreement, and agreed order (the "Stipulation, Agreement, and Order") and agree as follows:

**RECITALS**

A.      In 1982, ALIC issued a group life insurance policy, bearing Group Policy No. 64008413, to Sears in order to insure certain former employees of Sears as well as certain former

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

employees of Sears's former affiliates, Coldwell Banker and Allstate Insurance Company ("AIC") (such group life insurance policy, as may be or may have been amended, supplemented, modified, extended, or endorsed prior to or after the date hereof, the "Allstate Policy"). Today, there are approximately 14 remaining retirees covered by the Allstate Policy (*i.e.*, 9 former Sears employees, 2 former Coldwell Banker employees, and 3 former AIC employees, collectively "Allstate Insureds"); and all of these Allstate Insureds are quite advanced in age currently ranging in age from the late 80s to the early 90s.

B. On October 15, 2018, the Debtors filed their voluntary petitions under chapter 11 of title 11 of the U.S. Code, commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

C. In order to avoid Sears's express termination of the Allstate Policy as part of these Chapter 11 Cases, the automatic termination of the Allstate Policy on December 31, 2019 as a result of Sears failing to pay premiums, and/or any issues that might stem from such termination of the Allstate Policy, and in an effort to preserve the Allstate Policy for the benefit of the Allstate Insureds, Sears and ALIC's affiliate, Allstate Assurance Company ("AAC" and collectively with ALIC, "Allstate"), have agreed to assign Sears's ownership of the Allstate Policy to AAC, and AAC has agreed to amend the Allstate Policy to remove Sears's obligation to pay premiums or other amounts due, other than as required by law, while providing the Allstate Insureds with the ability to pay premiums on a going forward basis.

D. Specifically, pursuant to that certain Assignment and Transfer Agreement ("Assignment") dated as of March 14, 2019 ("Assignment Effective Date"), a copy of which Assignment is attached hereto as Exhibit "A" and incorporated herein by reference, on the Order Entry Date (as defined below) Sears will assign to AAC all ownership rights, title, and interest in

and to the Allstate Policy effective as of the Assignment Effective Date; the Assignment does not assign, transfer, or convey any premiums or other amounts due or owing by Sears, other than as may be required by law.

Furthermore, pursuant to the Assignment, AAC and Sears acknowledge the following:

i. There are no premiums or other amounts due and owing by Sears with respect to the Allstate Policy for the period after the Assignment Effective Date, other than as may be required by law;

ii. AAC is not assuming any obligations of Sears, whether monetary or non-monetary, related to the Allstate Policy arising prior to the date of entry of the order approving this Stipulation, Agreement, and Order ("Order Entry Date");

iii. With respect to the period beginning on the Order Entry Date, AAC shall not be obligated to pay any premiums or other amounts due and owing under the Allstate Policy; and

iv. The Assignment shall not result in any waiver of Allstate's claims or proofs of claim made in these Chapter 11 Cases, including claims in respect of premiums that may be due and owing under the Allstate Policy for the period prior to the Assignment Effective Date, nor does it affect Sears's right to dispute such claims.

E. In furtherance of the forgoing, pursuant to that certain Amendatory Endorsement #7 ("Amendment 7") dated as of March 14, 2019 ("Amendment 7 Effective Date") to the Allstate Policy entered into by AAC, a copy of which Amendment 7 is attached hereto as Exhibit "B" and incorporated herein by this reference, Sears is expressly excluded from the obligation to pay any premiums or other amounts due or owing by Sears under the Allstate

Policy, other than as may be required by law; and instead, the Allstate Insureds are now authorized and required to pay premiums going forward from and after November 1, 2019 ("Initial Premium Commencement Date") if the Allstate Insureds desire to retain coverage for their own benefit.

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Sears and Allstate (collectively, the "Parties"), through their undersigned counsel, that:

1. Upon the approval of this Stipulation, Agreement, and Order by the Court:

   a. The Assignment is approved effective as of the Assignment Effective Date;

   b. Effective as of the Assignment Effective Date, Sears will assign to AAC all ownership rights, title, and interest in and to the Allstate Policy;

   c. The Assignment does not assign, transfer, or convey any premiums or other amounts due or owing by Sears, other than as may be required by law;

   d. There are no premiums or other amounts due or owing by Sears with respect to the Allstate Policy for the period after the Assignment Effective Date, other than as may be required by law;

   e. AAC is not assuming any obligations of Sears, whether monetary or non-monetary, related to the Allstate Policy arising prior to the Order Entry Date;

   f. With respect to the period beginning on the Order Entry Date, AAC shall not be obligated to pay any premiums or other amounts due and owing under the Allstate Policy;

   g. The Assignment shall not result in any waiver of Allstate's claims or proofs of claim made in these Chapter 11 Cases, including claims in respect of premiums that

4

may be due and owing under the Allstate Policy for the period prior to the Assignment Effective Date, nor does it affect Sears's right to dispute such claims;

  h. Amendment 7 is approved effective as of the Amendment 7 Effective Date; and

  i. Pursuant to Amendment 7, from and after the Amendment 7 Effective Date, Sears is expressly excluded from the obligation to pay any premiums or other amounts due or owning by Sears under the Allstate Policy, other than as may be required by law; and instead, the Allstate Insureds are now authorized and required to pay premiums going forward from and after the Initial Premium Commencement Date if the Allstate Insureds desire to retain coverage for their own benefit.

 2. Except as expressly provided in this Stipulation, Agreement, and Order, no claims, counterclaims, rights, defenses, objections, challenges, or any other rights of the parties under or in connection with the Allstate Policy shall be affected hereby.

 3. The Stipulation, Agreement, and Order shall have no force or effect unless and until this Stipulation, Agreement, and Order is approved by the Court.

 4. This Stipulation, Agreement, and Order can be amended, superseded, terminated, or otherwise modified only by a signed writing executed by the Parties.

 5. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

42556989.11

6. This Stipulation, Agreement, and Order shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

7. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

| | |
|---|---|
| Dated:   November 20, 2019<br>          New York, NY | Dated:   November 20, 2019<br>          New York, NY |
| */s/ Edward P. Christian*<br>Edward P. Christian<br>Eversheds Sutherland (US) LLP<br>The Grace Building, 40th Floor<br>1114 Avenue of the Americas<br>New York, NY  10036-7703<br><br>Tel: (212) 389-5089<br><br>*Attorneys for Allstate* | */s/ Jacqueline Marcus*<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone:  (212) 310-8000<br>Facsimile:  (212) 310-8007<br><br>*Attorneys for Debtors and Debtors in Possession* |

**SO ORDERED**:

Dated:   December 19, 2019
         White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE