# **<u>Exhibit A</u>**

ASSIGNMENT AND TRANSFER AGREEMENT

This ASSIGNMENT AND TRANSFER AGREEMENT (the "Agreement") by and among Allstate Assurance Company (the "Transferee) and Sears, Roebuck and Co. (the "Transferor") is effective as of March 14, 2019 (the "Effective Date").

WHEREAS, the Transferor is the group contract-holder of Group Policy No. 64008413 issued by Allstate Life Insurance Company ("ALIC" and collectively with Transferee, "Allstate"), a copy of which is attached hereto as Appendix A (the "Policy");

WHEREAS, as of the Effective Date, the Transferor is a debtor and debtor-in-possession in the *In re Sears Holdings Corporation, et al.*, chapter 11 bankruptcy case bearing case No. 18-23538 (RDD), commenced on October 15, 2018 ("Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court");

WHEREAS, this Agreement requires Bankruptcy Court approval by entry of an order ("Bankruptcy Order") in the Bankruptcy Case;

WHEREAS, subject to the terms and conditions set forth herein, the Transferor desires to assign and transfer its ownership rights under the Policy to the Transferee, and the Transferee desires to accept such assignment and transfer;

NOW THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. **Assignment and Transfer of the Policy.**

    *(a) Assignment and Transfer.* Effective as of the Effective Date, the Transferor hereby irrevocably assigns, transfers and conveys to the Transferee, and the Transferee hereby accepts from the Transferor, all of the Transferor's ownership rights, title, and interest in and to the Policy; this Agreement does not result in the assignment, transfer, or conveyance of any premiums or other amounts due or owing by Transferor, other than as may be required by law. For the avoidance of doubt, Transferor and Transferee acknowledge that (i) there are no premiums or other amounts due and owing by Transferor with respect to the Policy for the period after the Effective Date, other than as required by law; (ii) Transferee is not assuming any obligations of the Transferor, whether monetary or non-monetary, related to the Policy arising prior to the date of entry of the Bankruptcy Order ("Bankruptcy Order Date"); (iii) with respect to the period beginning on the Bankruptcy Order Date, Transferee shall not be obligated to pay any premiums or other amounts due and owing under the Allstate Policy; and (iv) this Agreement shall not result in any waiver of Allstate's claims or proofs of claim made in the Bankruptcy

42486444.12

Case, including claims in respect of premiums that may have become due and owing under the Policy for the period prior to the Effective Date, nor does it affect Transferor's right to dispute such claims.

(b) **Continuing Effect of the Policy.** Notwithstanding the assignment and transfer effected hereunder, and except as specifically set forth herein, nothing contained herein shall be interpreted in any way to supersede, modify, replace, amend, change, rescind, waive or otherwise affect any provision of the Policy.

2. **Authority to Sign Agreement.** Each of the individuals who sign below hereby represents and warrants that he or she is authorized to sign this Agreement on behalf of the party for which he or she is signing and bind said party to the terms and conditions set forth in this Agreement.

3. **Beneficiaries.** The rights, duties and obligations under this Agreement shall be binding upon and inure to the benefit of any and all successors, assigns, liquidators, rehabilitators, receivers, or trustees of the parties hereto.

4. **Governing Law.** This Agreement shall in all respects be governed by, and construed and interpreted in accordance with, the laws of the State of New York without giving effect to any conflicts of law principles of such jurisdiction that might refer the governance, construction or interpretation of this Agreement to the laws of another jurisdiction.

5. **Headings; Context.** The headings of the sections contained in this Agreement are for convenience of reference only and do not form a part and in no way modify, interpret or construe the meaning of this Agreement.

6. **Counterparts.** This Agreement may be executed in multiple counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered to the others.

7. **Entire Agreement and Amendment.** This Agreement fully, completely and accurately reflects all of the terms and conditions to which the parties have agreed. It represents their entire understanding and agreement. Verbal or written communications that took place prior to the Bankruptcy Order Date are superseded by this Agreement and may not be offered, admitted or accepted as a basis for amending, changing or modifying the terms and conditions of this Agreement. No further amendment, change or modification to this Agreement shall be valid unless it is in writing and signed by all parties to the Agreement after the Bankruptcy Order Date.

8. **Severability.** The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof, and this Agreement shall be construed in all respects as if such invalid or unenforceable provision

42486444.12

2

were amended to the minimum extent necessary to render it valid and fully enforceable under applicable law.

[signature page follows]

IN WITNESS HEREOF, this Agreement is hereby executed by duly authorized officers of the parties hereto as of the date first written above.

ALLSTATE ASSURANCE COMPANY
(as Transferee)

BY: _/s/ illegible_
ITS: _President_


SEARS, ROEBUCK AND CO.
(as Transferor)

BY: _/s/ illegible_
ITS: _Chief Restructuring Officer_

4

42486444.12