**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

### TWELFTH SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH GLOBAL SALE TRANSACTION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "**Global Bidding Procedures Order**") (ECF No. 816),[2] approving global bidding and sale procedures (the "**Global Bidding Procedures**"), substantially in the form attached to the Global Bidding Procedures Order as Exhibit 1, in connection with the sale or disposition of substantially all of the Debtors' assets (the "**Assets**"), among other relief.

2.      On November 21, 2018, the Debtors filed the *Notice of Filing of Global Bidding Procedures Process Letter* (ECF No. 862) (the "**Global Process Letter**") soliciting bids on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Global Bidding Procedures Order, the Asset Purchase Agreement or the Sale Order (each as defined herein), as applicable.

Assets, including the Debtors' retail stores or groups of stores (the "**Retail Stores**") on a going concern or liquidation basis and individual target businesses, including Sears Home Services, the business unit PartsDirect, Sears Auto Centers, and Innovel (the "**Target Businesses**") (the Retail Stores together with the Target Businesses, the "**Global Assets**").

3.      On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "**Auction**"). As announced on the record of the Auction, the Debtors, as directed by the Restructuring Committee, determined that the offer submitted by Transform Holdco, LLC (the "**Buyer**"), established by ESL Investments, Inc. to acquire substantially all of the Global Assets, was the highest or best offer for the Global Assets (the "**Successful Bid**"). The Debtors executed an asset purchase agreement with the Buyer for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement), dated January 17, 2019 (the "**Asset Purchase Agreement,**" and the transaction effected thereby, the "**Global Asset Sale Transaction**")). A copy of the Asset Purchase Agreement and description of the material terms thereof are provided in the *Notice of Successful Bidder and Sale Hearing*, filed on January 18, 2019 (ECF No. 1730).

4.      On January 18, 2019, the Debtors filed and served on the applicable Sale Notice Parties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "**Initial Notice**"). On January 23, 2019, the Debtors filed and served on the applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "**Supplemental Notice**"). On January 31, 2019, the Debtors filed and served on the applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "**Second Supplemental Notice**"). On March 5, 2019, the Debtors filed and served on the applicable counterparties the *Third Supplemental Notice of Cure Costs and Potential Assumption & Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2753) (the "**Third Supplemental Notice**"). On March 29, 2019, the Debtors filed and served on the applicable counterparties the *Fourth Supplemental Notice of Cure Costs and Potential Assumption & Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2995) (the "**Fourth Supplemental Notice**"). On April 9, 2019, the Debtors filed and served on the applicable counterparties the *Fifth Supplemental Notice of Cure Costs and Potential Assumption & Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3097) (the "**Fifth Supplemental Notice**"). On April 11, 2019, the Debtors filed and served on the applicable counterparties the *Sixth Supplemental Notice of Cure Costs and Potential Assumption & Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3152) (the "**Sixth Supplemental Notice**"). On April 23, 2019, the Debtors filed and served on the applicable counterparties the *Seventh Supplemental Notice of Cure Costs and Potential Assumption & Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3330) (the "**Seventh Supplemental Notice**"). On April 30, 2019, the Debtors filed and served on the applicable counterparties the *Eighth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3453) (the "**Eighth Supplemental Notice**"). On May 21, 2019, the Debtors filed and served on the applicable counterparties the *Ninth Supplemental Notice of Cure Costs and*

*Potential Assumption & Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 3972) (the "**Ninth Supplemental Notice**"). On June 7, 2019, the Debtors filed and served on the applicable counterparties the *Tenth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 4147) (the "**Tenth Supplemental Notice**"). On December 4, 2019, the Debtors filed and served on the applicable counterparties the *Eleventh Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 6130) (the "**Eleventh Supplemental Notice**" and together with the Initial Notice, the Supplemental Notice, the Second Supplemental Notice, the Third Supplemental Notice, the Fourth Supplemental Notice, the Fifth Supplemental Notice, the Sixth Supplemental Notice, the Seventh Supplemental Notice, the Eighth Supplemental Notice, the Ninth Supplemental Notice, and the Tenth Supplemental Notice, the "**Cure Notices**").

5.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among* Sellers *and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"), approving the Global Asset Sale Transaction. On February 11, 2019, the Debtors closed the Global Asset Sale Transaction with the Buyer (the "**Closing Date**").

6.      In accordance with the Assumption and Assignment Procedures and the Global Bidding Procedures Order, the Debtors may, in connection with the Global Asset Sale Transaction, seek to assume and assign to the Buyer (or its designated assignee, if applicable) certain Contracts of the Debtors.

7.      You are receiving this Twelfth Supplemental Notice because you may be a Counterparty to a Contract of the Debtors that potentially could be assumed and assigned to the Buyer in connection with the Global Asset Sale Transaction.

## <u>Cure Costs</u>

8.      The Contract that may be assumed and assigned in connection with the Global Asset Sale Transaction that was not included in the prior Cure Notices (the "**Contracts**"), and the Debtors' calculation of the Cure Costs with respect thereto, is set forth on **<u>Exhibit A</u>** hereto.

9.      The inclusion of any Contract on <u>Exhibit A</u> does not constitute an admission that a particular Contract is an executory contract within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed or assigned. Assumption or assignment of a Contract is subject to Court approval. All rights of the Debtors and other parties in interest with respect thereto are reserved.

10.     The Debtors' proposed Cure Amounts may not reflect negotiated settlements or payments made pursuant to first-day orders that would reduce the proposed Cure Amounts. The Debtors are in the process of reconciling these numbers and reserve the right to amend the proposed cure amounts at any time, before or after the Objection Deadline. If the Debtors determine that the

WEIL:\97308413\4\73217.0004

proposed Cure Amounts set forth in <u>Exhibit A</u> hereto include any amounts previously paid, the proposed Cure Amounts will be adjusted to eliminate such amounts and the Debtors will serve a further revised notice setting forth updated proposed Cure Amounts to the applicable Counterparties as soon as reasonably practicable following the determination that an adjustment is required. In the event that the proposed Cure Amounts in <u>Exhibit A</u> are amended, the notice filed later in time shall govern and supersede the earlier notice with respect to such modified amounts.

## Buyer's Adequate Assurance Information

11. Adequate Assurance Information for the Buyer (or Buyer's assignee, if applicable) will be distributed to the Counterparty. The Adequate Assurance Information of the Buyer (or Buyer's assignee, if applicable) is intended to provide the Counterparty to the Contract with adequate assurance of future performance and to support the ability of the Buyer (or Buyer's assignee, if applicable) to comply with the requirements of adequate assurance of future performance, including the financial wherewithal and willingness to perform under the Contract of the Buyer (or Buyer's assignee, if applicable).

## Assumption and Assignment Procedures

12. On February 1, 2019, the Debtors filed the Notice of Filing Initial Assigned Agreements in Connection with Global Sale Transaction, as amended on February 3, 2019, February 7, 2019 (ECF Nos. 2349, 2377, 2452) (the "**Initial Assigned Agreements**"). In accordance with the Sale Order, the Initial Assigned Agreements were assumed and assigned to the Buyer as of the Closing Date. On March 19, 2019, the Debtors filed the Notice of Filing of Further Revised List of Initial Assigned Agreements in Connection with the Sale Transaction [ECF No. 2910].

13. The Asset Purchase Agreement also provides for certain rights for the Buyer to acquire certain additional contracts and leases that were not on the Initial Assigned Agreements list after the Closing Date (each, an "**Additional Contract**"). At any time prior to the date that is sixty (60) days after the Closing Date, but in no event later than May 3, 2019, the Buyer may elect that certain contracts and agreements related to the Business (but that were not on the Initial Assigned Agreements list) be assumed by the Sellers and assigned to the Buyer or an applicable Assignee of the Buyer. Although the date by which the Buyer was required to make its election has expired, the Debtors have agreed to assume and assign the Contract to the Buyer.

14. You will receive an additional notice informing you if your Contract is designated for assumption and assignment to the Buyer.

## Objections

### A. Cure Objections

15. Any objection to the proposed assumption, assignment, or potential designation of a Contract identified on <u>Exhibit A</u>, the subject of which objection are the Debtors' proposed Cure Costs (a "**Cure Objection**") must be (i) filed in accordance with the Global Bidding Procedures Order; (ii) filed with the Bankruptcy Court; and (iii) served on the Objection Recipients (as identified in the Global Bidding Procedures) by **January 2, 2020 at 4:00 p.m. (Eastern Time)** (the "**Cure Objection Deadline**").

WEIL:\97308413\4\73217.0004

16.     If a Cure Objection cannot otherwise by resolved by the parties, the Debtors may adjourn their request to assume the Contract pending resolution of the Cure Objection (an "**Adjourned Cure Objection**") subject to the Global Bidding Procedures Order; provided further that, to the extent the Adjourned Cure Objection is resolved or determined unfavorably to the Debtors, the Debtors may withdraw the proposed assumption of the applicable Contract after such determination by filing a notice of withdrawal.  An Adjourned Cure Objection may be resolved in the Debtors' discretion.

**IF THE COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY CURE OBJECTION, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE AMOUNT REQUIRED TO CURE ANY DEFAULT UNDER THE APPLICABLE CONTRACT. THE CURE COSTS SET FORTH ON EXHIBIT A HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE CONTRACT UNDER BANKRUPTCY CODE SECTION 365(b), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT, OR ANY OTHER DOCUMENT, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH CONTRACT AGAINST THE DEBTORS, THE BUYER, OR THE PROPERTY OF ANY OF THEM.**

### B. Adequate Assurance Objections

17.     If the counterparty to the Additional Contract wishes to object to the proposed assumption, assignment, or potential designation of such Additional Contract, the subject of which objection is the Buyer's (or the Buyer's assignee's) (a) ability to provide adequate assurance of future performance or (b) the proposed form of adequate assurance of future performance with respect to such Contract (an "**Adequate Assurance Objection**"), it must (i) file such objection with the Bankruptcy Court in accordance with the Global Bidding Procedures Order and (ii) serve such objection on the Objection Recipients (as identified in the Global Bidding Procedures) by **January 2, 2020 at 4:00 p.m. (Eastern Time)** (the "**Adequate Assurance Objection Deadline**").

18.     If a timely Adequate Assurance Objection cannot otherwise be resolved by the parties, such objection and all issues of adequate assurance of future performance shall be determined by the Court at a hearing on a date to be scheduled by the Debtors in their discretion.

**IF THE COUNTERPARTY FAILS TO FILE WITH THE BANKRUPTCY COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE OF THE APPLICABLE CONTRACT. THE BUYER (OR ITS DESIGNATED ASSIGNEE, IF APPLICABLE) SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE APPLICABLE CONTRACT IN ACCORDANCE WITH BANKRUPTCY CODE SECTION 365(f)(2)(B), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT, OR ANY OTHER DOCUMENT.**

WEIL:\97308413\4\73217.0004

**<u>Additional Information</u>**

Copies of the Global Bidding Procedures Order, the Cure Notices, the Sale Order, the Asset Purchase Agreement, the Initial Assigned Agreements and the Assumption and Assignment Order may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC, located at https://restructuring.primeclerk.com/Sears.

Dated: December 19, 2019
      New York, New York

                   /s/   *Jacqueline Marcus*
                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York 10153
                   Telephone:  (212) 310-8000
                   Facsimile: (212) 310 8007
                   Ray C. Schrock, P.C.
                   Jacqueline Marcus
                   Garrett A. Fail
                   Sunny Singh

                   *Attorneys for Debtors*
                   *and Debtors in Possession*

WEIL:\97308413\4\73217.0004

**Exhibit A**

**Cure Costs Schedule – Executory Contracts**

| No. | Insured Party | Insurance Carrier | Policy No. | Effective Date | Expiration Date | Cure Amount |
|-----|---------------|-------------------|-----------|----------------|-----------------|-------------|
| 1 | Sears Holdings Corporation | Liberty Mutual Insurance Company | EHB-641-004249-164 | 04/01/03 | N/A | $0.00 |