**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**STIPULATION AND ORDER**
**BY AND AMONG DEBTORS, TRANSFORM AND ALIANO**

This Stipulation and Order (the "Stipulation and Order") is made as of December 12, 2019, by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), Transform SR LLC ("Transform SR") and Mario Aliano ("Aliano") (collectively, "the Parties"), by and through their respective undersigned counsel.

**Recitals**

A.  On or about April 23, 2009, Aliano commenced an action against Sears, Roebuck and Co. in the Circuit Court of Cook County, Illinois, County Department, Chancery Division,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

captioned *Mario Aliano, individually and on behalf of all others similarly situated v. Sears, Roebuck and Co.* (Case No. 09 CH 16132) (the "Prepetition Action"). The Prepetition Action involved asserted claims of monetary damage by individuals who purchased a digital television converter box using a government-issued coupon and who were charged sales tax on the gross amount of the sale.

B.    On August 25, 2017, the court hearing the Prepetition Action entered an order (the "Prepetition Action Order") in favor of Aliano awarding attorney's fees in the amount of $267,470.00. Sears, Roebuck and Co. ("SRC") appealed the Prepetition Action Order and posted a bond pending appeal (the "Bond"). The appeal of the Prepetition Action has been fully briefed.

C.    On October 15, 2018 (the "Commencement Date"), Sears and certain of its affiliates, including SRC, (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D.    On December 3, 2018, Aliano filed *Mario Aliano's Motion for Relief From Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [ECF No. 987] ("Aliano's Lift Stay Motion"), on April 16, 2019, Aliano filed *Mario Aliano's Reply in Support of His Motion for Relief From Automatic Stay to Allow Civil Litigation on Appeal to Proceed* [ECF No. 3230] (the "Aliano Reply"), and on August 1, 2019, Aliano filed *Mario Aliano's Objection to the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* ("Chapter 11 Plan") [ECF No. 4690], seeking relief from the automatic stay to

allow Aliano to pursue his claims for attorney's fees in the Illinois Appellate Court against SRC. Aliano's Lift Stay Motion has been adjourned to December 13, 2019. [ECF No. 6057].

E.  On February 8, 2019, the Bankruptcy Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"), which approved the sale of substantially all assets of the Debtors to Transform Holdco LLC ("Transform") and its affiliates (the "Sale").

F.  In connection with the Sale, Transform and certain of its affiliates agreed to assume certain of the Debtors' obligations, including assuming certain obligations under a letter of credit facility which collateralized the Bond.

G.  On October 22, 2019, the Parties agreed to substitute Transform SR into the Prepetition Action in place of SRC, and entered into a Stipulation regarding same ("Stipulation to Substitute"). *See* Stipulation to Substitute, attached hereto as Exhibit 1.

H.  On November 1, 2019, SRC and Transform SR filed a Motion to Substitute Real Party in Interest in the Prepetition Action in the Illinois Appellate Court. *See* Motion to Substitute Real Party in Interest in the Prepetition Action, attached hereto as Exhibit 2.

I.  On November 11, 2019, the Illinois Appellate Court entered an order, which noted that the stay had not been lifted by the United States Bankruptcy Court for the Southern District of New York, and denied SRC's and Transform SR's Motion to Substitute Real Party in Interest in the Prepetition Action. *See* Illinois Appellate Court Order, attached hereto as Exhibit 3.

J. Pursuant to the Stipulation to Substitute, the Parties agreed to reasonably cooperate to provide any consents or authorizations as may be required to effectuate the substitution.

K. The Parties now jointly submit this Stipulation and Order agreeing to lift the automatic stay upon entry of this Stipulation and Order by the Court, as and to the extent necessary to allow the proceedings in the Prepetition Action to continue, including the substitution of Transform SR in place of SRC.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1. On the Effective Date, the automatic stay shall be deemed lifted to effectuate the substitution of Transform SR in place of SRC in the Prepetition Action, and the Prepetition Action may continue against Transform SR and not SRC. If substitution of Transform SR is not approved in the Prepetition Action, and if the Illinois appellate court does not lift the stay in the Prepetition Action and allow the Prepetition Action to proceed against Transform SR, this Stipulation and the relief from the automatic stay granted herein shall be null and void.

2. This Stipulation and Order shall be deemed effective and in full force and effect on the date of entry of this Stipulation and Order (the "Effective Date").

3. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties, their successors and assigns.

4. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

5. Pending entry of this Stipulation and Order by the Court, the Parties shall not take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

6. The Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

Dated: December 12, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Luke A. Barefoot*
    Sean A. O'Neal
    Luke A. Barefoot
    One Liberty Plaza
    New York, NY 10006
    Telephone: (212) 225-2000

*Attorneys for Transform SR LLC*

**ZIMMERMAN LAW OFFICES, P.C.**

By: */s/ Thomas A. Zimmerman, Jr.*
    Thomas A. Zimmerman, Jr.
    77 West Washington Street,
    Suite 1220
    Chicago, IL 60602
    Telephone: (312) 440-0020

*Attorney for Mario Aliano*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Garrett A. Fail*

    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors-in-Possession*

**SO ORDERED**

Dated: December 23, 2019
      White Plains, New York

                              **/s/ Robert D. Drain**
                              **HONORABLE ROBERT D. DRAIN**
                              **UNITED STATES BANKRUPTCY JUDGE**