Objection Deadline: January 2, 2020
Hearing Date and Time (Only if Objections Filed): To Be Announced

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com
Richard J. Corbi

*Counsel to Michael Wyse, the Expert*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
                                                            :
-----------------------------------------------------------x

## WORK PLAN OF MICHAEL WYSE, EXPERT

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Michael Wyse, the Court-appointed Expert (the "Expert") for Sears Holdings Corporation and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), by his counsel, hereby submits his work plan.

## INTRODUCTION

1. On December 9, 2019, the Court entered an *Order Directing the Appointment of an Expert Pursuant to Federal Rule of Evidence 706* [Docket No. 6166] (the Expert Order") in the Chapter 11 Cases. Pursuant to the Expert Order, the Court appointed Michael Wyse of Wyse Advisors LLC as the Expert in theses Chapter 11 Cases.

2. The Expert Order directs the Expert to certain address the disputes between the Debtors and Transform Holdco LLC ("Transform" or the "Buyer") in connection with the Asset Purchase Agreement (the "APA"), approved by the Bankruptcy Court on February 8, 2019 [Docket No. 2507]. Specifically, the Expert Order directs the Expert to conduct an investigation (the "Investigation") in connection with the Cash Reconciliation Amounts (as defined in the Expert Order) related to the APA.

## SCOPE OF THE INVESTIGATION

3. Pursuant to the Expert Order, the Court directed the Expert to perform the duties pursuant to Rule 706 of the Federal Rules of Evidence. The Expert Order directs the Expert to address the following disputes:[2]

> a. First, the Expert is directed to calculate the net Cash Reconciliation Amounts, if any, owed by one Party to the Other Party.
> b. Second, the Expert shall (i) determine the actual amount of Specified Receivables delivered by Debtors to Transform at the Closing, in accordance with the Court's rulings and (ii) calculate the Specified Receivables Shortfall Amount based on such determination.
> c. To the extent that the Parties are unable to reach agreement with respect to the Prepaid Inventory Shortfall Amount by no later than thirty (30) days after the date of the appointment of the Expert, the Expert is directed to (i) determine the actual

---

[2] The following recitation appears verbatim in the Expert Order. *See* Expert Order, ¶2a-c.

2

value of Prepaid Inventory delivered by Debtors to Transform at the Closing, in accordance with the Court's rulings, and (ii) calculate the Prepaid Inventory Shortfall Amount based on such information.

4.  The Expert Order directs the Expert to prepare and file with the Bankruptcy Court: setting forth the Expert's conclusion, a final report with respect to the following: (i) the Cash Reconciliation Amounts (as defined in the Expert Order) no later than 45 days after being appointed by the Court; (ii) the Specified Receivables (as defined in the APA) and calculating the Specified Receivables Shortfall Amount (as defined in the APA) no later than seventy-five (75) days after being appointed by the Court; and (iii) the actual value of Prepaid Inventory (as defined in the APA) delivered by Debtors to Transform at the Closing and calculating the Prepaid Inventory Shortfall Amount (as defined in the APA), no later than thirty (30) days after commencing work on such matters. *See* Expert Order, ¶6. Furthermore, the Expert Order allows the Expert to appear and be heard at any and all hearings in the Chapter 11 Cases with respect to the matters that are within the scope of his Investigation. *Id*. at ¶8.

## THE EXPERT'S ACTIVITIES TO DATE

5.  Since his appointment, the Expert conducted a series of meetings and/or telephonic calls with representatives of the Debtors and Transform. The principal purpose of the initial round of meetings was to learn more about the Chapter 11 Cases and to ascertain each party's preliminary views regarding the Investigation. The Expert invited the parties to share their views on the matters to be investigated in accordance with the Expert Order. Representatives of the Debtors and Transform provided access to electronic data rooms concerning the disputed APA issues outlined in the Expert Order to the Expert and his counsel. On December 13, 2019, the Expert conducted an initial telephonic meeting with the Debtors' financial advisors, M-III Advisory Partners, LP. On December 14, 2019, the Expert held an initial telephonic meeting with Transform's financial

3

advisors, E&Y Turnaround Management Services, LLC, a direct and wholly owned subsidiary of Ernst & Young, U.S. LLP and an affiliate of Ernst & Young LLP.

6. On December 19-20, 2019, the Expert and certain members of his team conducted a site visit at the location of the Debtors' corporate headquarters in Hoffman Estates, Illinois. There, the Expert and his team met with the financial advisors of the Debtors and Transform. The Expert and his team conducted an extensive analysis into the calculations and methodologies in connection with the Cash Reconciliation Amounts and performed an independent sampling on certain of those amounts, and continues to do such.

### THE EXPERT'S PROPOSED WORK PLAN

7. The Expert has developed this proposed work plan after considering the Expert Order, various pleadings filed regarding the scope of the Investigation, various non-public documents provided by the Debtor and Transform regarding the subject matter, his discussions with the parties and the site visit conducted on December 19-20, 2019.

#### A. Information Gathering and Verification

8. Requesting, gathering, reviewing and analyzing data and information relevant to the subject matter of the Investigation from various parties, including, but not limited to, (i) current and/former personnel of the Debtors, their affiliates, and their professionals and representatives; and (ii) current and/former personnel of Transform, their affiliates and representatives.

#### B. Interviews of Witnesses

9. At this juncture, the Expert anticipates that he will continue conducting interviews with numerous witnesses. The Expert will seek to conduct voluntary interviews of witnesses with respect to the Cash Reconciliation Amounts delineated in the Expert Order. The Expert expects that the parties subject to the Investigation will fully cooperate in accordance with the Expert

4

Order. *See* Expert Order, ¶7. The Expert reserves the right to seek Court intervention in the event parties do not cooperate with requests for interviews. However, at this time the Expert does not anticipate that such Court intervention will be necessary or required because the advisors to both the Debtors and Transform have provided the Expert and his team with immediate access to data rooms and made themselves readily available to answer all the questions of the Expert and his team.

### C. Maintain Open Lines of Communication

10. During the course of the Investigation, the Expert will maintain open lines of communication with the Debtors, Transform, and other interested parties, in accordance with the Expert Order. The Expert, through his counsel, shall provide periodic reports as the Court directs.

### D. Monitoring of the Bankruptcy Cases

11. The Expert's counsel will continue to monitor and review pertinent filings with the Bankruptcy Court regarding or involving any issues related to the Investigation. The Expert's counsel has filed a notice of appearance in the Chapter 11 Cases on December 18, 2019 [Docket No. 6243].

### E. Retention of Professionals

12. In accordance with the Expert Order, the Expert has determined that it is necessary and appropriate to employ and retain, certain professionals in order to fully discharge his fiduciary and statutory duties. *See* Expert Order, ¶4. The Expert has retained The Law Offices of Richard J. Corbi PLLC (the "Firm") to represent him in this matter. The Expert Order authorizes the Expert to retain counsel absent further order of the Court. *Id*. The Expert selected the Firm to represent him in this matter because Mr. Corbi has over twelve years of corporate restructuring experience. Mr. Corbi has represented numerous debtors, creditors, distressed investors, lenders and

fiduciaries, among others, in the bankruptcy and restructuring departments of Proskauer Rose LLP and Lowenstein Sandler LLP in New York. In addition, Mr. Corbi clerked in the District Court for the Southern District of New York for the Honorable Laura Taylor Swain as part of the Title III proceedings for the Commonwealth of Puerto Rico. Mr. Corbi also clerked for Bankruptcy Judges Alan S. Trust and Louis A. Scarcella in the Bankruptcy Court for the Eastern District of New York. Accordingly, the Expert believes that the retention of the Firm will assist him in discharging his duties in accordance with the Expert Order.

### F. Preparation of Expert Reports

13. The Expert Order clearly identifies the issues subject to the Investigation and the deadlines by which expert reports must be filed with the Court. The Expert and his counsel will promptly move for an order extending such deadlines in the event that the Expert or certain parties need additional time to complete the Investigation. *See* Expert Order, ¶6.

### G. Estimated Fees and Expenses

14. The Expert Order provides the budget for fees for the Expert and his counsel in connection with the Investigation. While the Expert will endeavor to complete the Investigation within the budget set forth in the Expert Order, the Expert and his counsel will promptly request of the Debtors and Transform, a modification of the budget, if necessary. *See* Expert Order, ¶¶4-5. In accordance with the terms of the Expert Order, the fees and expenses of the professionals retained by the Expert are subject to the filing of an application therefor and allowance by the Bankruptcy Court after notice and a hearing.

### H. Reservation of Rights

15. The Expert's work plan is based upon currently available information and presumes the full and complete cooperation of the Debtors and Transform in accordance with the Expert Order.

6

As the Investigation unfolds, the Expert's work plan may need to be amended to fulfill the Court's requirements to deliver comprehensive expert reports. The Expert reserves his right to modify the work plan accordingly, and will promptly notify the Court if modifications are necessary.

Dated:  December 23, 2019             Respectfully submitted,
New York, New York                    Michael Wyse, the Expert

                                      **THE LAW OFFICES OF RICHARD J. CORBI PLLC**

                                      */s/ Richard J. Corbi*
Richard J. Corbi, Esq.
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel to Michael Wyse, the Expert*