Perry R. Clark (California Bar No. 197101)
*Pro Hac Vice*
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road
Palo Alto, CA 94303
Telephone: (650) 248-5817
Email: perry@perryclarklaw.com

*Counsel for Winiadaewoo Electronics America, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### OBJECTION OF WINIADAEWOO TO
### STIPULATION AND ORDER BY AND AMONG DEBTORS,
### TRANSFORM AND HAIN CAPITAL INVESTORS MASTER FUND LTD.
### (DKT NO. 6259)

1.  Winiadaewoo Electronics America, Inc. (**Winiadaewoo**) objects to the *Stipulation and Order By and Among Debtors, Transform and Hain Capital Investors Master Fund Ltd.* (Dkt. No. 6259) (the **Proposed Stipulation**). Debtors, Hain, and Transform are voluntarily and

---

[1] The debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

unilaterally relinquishing their rights to the claims identified in the Proposed Stipulation. They cannot be permitted to simultaneously seek to retain the "rights that each of Hain, the Debtors and their estates, or Transform may have against Winiadaewoo" that they are voluntarily giving-up with the Proposed Stipulation. (Dkt. No. 6259 at 6). And Winiadaewoo respectfully requests that the Court not enter an order endorsing the stipulation as it relates to Winiadaewoo.

2. On January 18, 2019, Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (Dkt. 1731) (the **Notice of Cure Costs**). The Notice of Cure Costs listed the Supply Agreement with Daewoo Electronics Co. Ltd. The Notice of Cure Costs also listed the Cure Cost as $0.

3. On January 25, 2019, Winiadaewoo filed its objection to the Notice of Cure Costs, including its objection to the "Contract Executed Date," "Contract Expiration Date," and "Cure Amount." (Dkt. No. 1809). The actual cure amount due as of January 23, 2019 was $24,115,615.17.

4. On January 29, 2019, Hain executed the *Evidence of Transfer of Claim* transferring Winiadaewoo's 11 U.S.C. Section 503(b)(9) claim to Hain.

5. On February 5, 2019, Winidaewoo filed proofs of claim for $6,164,992.61 for the 503(b)(9) claims that were assigned to Hain (Proof of Claim Nos. 8339, 8342, 8344, and 8348).

6. On February 5, 2019, Winidaewoo filed proofs of claim for $13,924,585.59 for its general prepetition claims that were not assigned to Hain (Proof of Claim Nos. 8337, 8343, 8347, and 8349).

7. On February 8, 2019, the Court entered its *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (Dkt. No. 2507) (the **Sale Order**).

8. On April 26, 2019, Debtors filed their *Assumption and Assignment Notice* listing

agreements with Winiadaewoo. Under "Comments," Debtors listed "Cure amount resolved." (Dkt. No. 3397).

9.  On May 6, 2019, Winiadaewoo filed its Limited Objection of Winiadaewoo Electronica America, Inc. to Debtors' Notice of Assumption and Assignment of Additional Executory Contracts. (Dkt. No. 3645). Winiadaewoo did not object to the assumption and assignment except to the extent the cure amount was listed as "resolved" when, in fact, the cure amount was $6,164,992.61.

10. On May 20, 2019, Hain filed its *Limited Objection to and Motion for Clarification Regarding Debtors' Notice of Assumption and Assignment of Additional Executory Contracts* (Dkt. No. 3958). Hain represented that "neither Transform nor [Winiadaewoo] own the claims [the 503(b)(9) claims transferred to Hain] and neither has any right to amend, modify, or waive the claims."

11. On August 6, 2019, Debtors filed the *Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* (Dkt. No. 4775) (the **Claim Objection**).

12. On August 26, 2019, Winiadaewoo filed its *Brief in Support of the Response of Winiadaewoo Electronics America Inc. to Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* (Dkt. No. 4987) and on August 27, 2019, Winiadaewoo filed its *Amended Brief in Support of the Response of Winiadaewoo Electronics America Inc. to Debtors's First Omnibus Objection to Proof of Claim (Satisfied Claims)* (Dkt. No. 4996). Winiadaewoo argued that (1) Debtors' objection was premature because the cure amount dispute had not been resolved, (2) Winiadaewoo did not have authority to allow the 503(b)(9) claims to be satisfied or released, and (3) the Debtors' intended assumption and assignment of the Supply Agreement itself will not automatically cure the 503(b)(9) claims, and (4) Winiadaewoo's assignent of the 503(b)(9) claims to Hain through the Hain assignment occurred prior to the Sale Order and the 503(b)(9) claims should not be subject to Winiadaewoo's agreement with Transform to release the Debtors from the general prepetition claims under the Sale Order. Winiadaewoo's response to Debtors' claim objection remains pending.

13. On October 1, 2019, Debtors filed their *Notice of Allowed Administrative Expense Claims* (Dkt. No. 5298). Debtors stated that "[w]ith respect to the assumption and assignment of certain executory contracts of Winiadaewoo Electronic America. Inc. ('Winiadaewoo') to Transform Holdco LLC and certain of Winiadaewoo's related cure claims (the 'Winiadaewoo Claims') currently held by Hain (as defined below), the Debtors and the Creditors' Committee agree to support the Hain and its counsel in their efforts to enforce such assumption and assignment and payment of such cure claims. To the extent the Bankruptcy Court rules that the assumption and assignment of Winiadaewoo's contracts is not valid, the Debtors and the Creditors' Committee agree that the Winiadaewoo Claims are Allowed as 503(b)(9) Claims in the amount of $6,001,408.53, in addition to the amounts set forth in Exhibit A."

14. On October 2, 2019, Debtors filed their *Notice of Filing of Revised Administrative Expense Claims Consent Program Term Sheet with the Ad Hoc Vender Group and Creditors' Committee* (Dkt. No. 5301), which was signed by Hain.

15. On October 2, 2019, Hain filed its *Hain Capital Investors Master Fund Ltd.'s Response to the First Omnibus Objection to Proofs of Claims (D.E. # 4775)* (Dkt. No. 5313). Hain argued that "the Court should nevertheless rule based on indisputable facts that under Sections 105 and 365 of the Bankruptcy Code and equitable principles of law that Transform is liable for and must immediately pay to Hain the outstanding 'cure costs' due under and inseparable from that contract, specifically $6.1 million."

16. On October 30, 2019, Transform filed its *Notice of Withdrawal of Certain Additional Contracts from the Notice of Assumption and Assignment of Additional Executory Contracts* (Dkt. No. 5532).

17. On November 8, 2019, Hain filed its *Hain Capital Investors Master Fund Ltd.'s Statement in Connection with Notice of Withdrawal of Certain Additional Contracts from the Notice of Assumption and Assignment of Additional Executory Contracts* (Dkt. No. 5837). Hain argued that "the Court should nevertheless refuse to recognize the Notice and rule that Transform is liable for the outstanding cure costs based upon Transform's conduct, i.e., operating for over

six (6) months as if the Supply Agreement was in place—long past either the Transition Services Agreement expired and even post-confirmation of the Debtor's plan of liquidation."

18. On December 19, 2019, Debtors filed the Proposed Stipulation.

19. Winiadaewoo objects to the Proposed Stipulation to the extent the stipulating parties seek to retain, through a stipulation endorsed by the Court, "rights that each of Hain, the Debtors and their estates, or Transform may have against Winiadaewoo." (Dkt. No. 6259 at 6).

20. As for Hain, it represented at least as early as May 20, 2019, that Winiadaewoo did not have "any right to amend, modify, or waive the [503(b)(9)] claims [transferred to Hain]." (Dkt. No. 3958). To the extent Hain may claim that there is an impairment or reduction of the amount Hain receives for the 503(b)(9) claims, that is the result of Hain's voluntary, unilateral, and exclusive decision to enter into agreements or stipulations with Debtors and/or Transform. Hain should not be permitted to transfer its own liability for voluntarily reducing the amount it may receive for the 503(b)(9) claims to Winiadaewoo for actions over which Winiadaewoo has no control. "A claim transfer does not change the nature of the claim in bankruptcy; rather, it creates a substitution of parties." *Enron Corp. v. Ave. Special Situations Fund II, LP (In re Enron Corp.)*, 340 B.R. 180, 199, 2006 Bankr. LEXIS 541, *48, 46 Bankr. Ct. Dec. 71, 2006 WL 897842 (S.D.N.Y 2006) ("Bankruptcy Rule 3001(e)(2) regarding the 'transfer of claim' states that 'if a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.' 11 U.S.C. § 3001(e)(2). 'Substitute' means 'one who stands in another's place.' BLACK'S LAW DICTIONARY 1470 (8th ed. 2004). To 'substitute' means to 'to put or use in place of another.' AMERICAN HERITAGE COLLEGE DICTIONARY 1377 (4th ed. 2002)"). The Second Circuit confirms that an assignee succeeds to all the rights of the assignor. *See Citibank, N.A. v. Tele/Resources, Inc.*, 724 F.2d 266, 269 (2d Cir. 1983).

21. Likewise for the Debtors, to the extent they may claim that they have causes of action, including "potential chapter 5 causes of action by the Debtors against Winiadaewoo," arising out of the transactions underlying the 503(b)(9) claims or related thereto, Debtors have voluntarily relinquished those causes of action through the Proposed Stipulation.

22. And with respect to Transform, by virtue of the Proposed Stipulation, Transform is voluntarily surrendering any claims it may have against Winiadaewoo "regarding their business or legal relationship" that relate to the 503(b)(9) claims (or the transactions underlying those claims), including at least claims related to or arising from the sales of the products by Winiadaewoo or Transform that underlie the 503(b)(9) claims.

## RESERVATION OF RIGHTS

Winiadaewoo reserves the right to amend, modify, and/or supplement it response to the Proposed Stipulation and continues to reserve all rights and arguments related to the Proposed Stipulation.

Dated:  December 26, 2019
        Palo Alto, California                Respectfully submitted,

                                             /s/ *Perry R. Clark*
                                             Perry R. Clark
                                             Email: perry@perryclarklaw.com
                                             Law Offices of Perry R. Clark
                                             825 San Antonio Road
                                             Palo Alto, CA 94303
                                             Tel.: 650-248-5817

                                             *Attorney for Creditor*
                                             Winiadaewoo Electronics America, Inc.