**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Donna H. Lieberman, Esq.
Scott Ziluck, Esq.
Email: dlieberman@halperinlaw.net
sziluck@halperinlaw.net

*Counsel to Kellermeyer Bergensons Services, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re                                                                        :
                                                                                   :        **Chapter 11**
                                                                                   :
**SEARS HOLDINGS CORPORATION**, *et al.*,    :
                                                                                   :        **Case No. 18-23538 (RDD)**
Debtors[1].                                                          :
                                                                                   :        (**Jointly Administered**)
---------------------------------------------------------- x

**(I) OBJECTION OF KELLERMEYER BERGENSONS SERVICES, LLC TO THE DEBTORS' AMENDED NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM, AND (II) REQUEST FOR RESERVE FOR ADMINISTRATIVE CLAIM OF KELLERMEYER BERGENSONS SERVICES, LLC OR IN THE ALTERNATIVE, AN EMERGENCY <u>HEARING TO CONSIDER THIS OBJECTION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); Max Serv, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (19870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC ,Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None): SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

Kellermeyer Bergensons Services, LLC ("KBS") by and through its undersigned counsel, submits this (I) *Objection to the Debtors' Amended Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program (the "Amended Notice") and (II) Request for Reserve for Administrative Claim of Kellermeyer Bergensons Services, LLC, or in the Alternative, an Emergency Hearing To Consider This Objection* (the "Objection").[2] In support of the Objection, KBS respectfully represents as follows:

## PRELIMINARY STATEMENT

1. As discussed in greater detail below, KBS is the holder of an administrative expense claim in these cases, and timely "opted-in" to the proposed administrative claims settlement. The detail of KBS's administrative claim was provided to the Debtors in August of 2019 and again in November of 2019, and KBS has received no communications from the Debtors indicating any dispute with the claim. Nonetheless, KBS has now twice been omitted from the proposed distribution to holders of administrative claims that opted-in to the settlement, and therefore, for the second time, objects to the proposed distribution.

2. KBS respectfully requests that a hearing be held on an emergency basis to consider this Objection in advance of the proposed distribution of funds, or alternatively (given the timing of the Amended Notice and the proposed distribution) that funds be reserved for KBS's administrative claim from the $21 million settlement fund until this Court can hear the Objection and make a determination.

---

[2] KBS apologizes for having to file this Objection during a holiday week, but the Debtors' Amended Notice was filed at 4 p.m. on December 24, 2019, and states that distributions will be made tomorrow, December 27, 2019.

**DISCUSSION**

3.  As noted in previous filings with the Court, prior to the Debtors' bankruptcy filings and continuously until April of 2019, KBS provided janitorial and related services to numerous Sears and Kmart stores and Sears automotive centers, pursuant to the terms of two contracts between KBS and certain of the Debtors. KBS filed a motion to compel the payment of post-petition amounts due and unpaid, and amended and updated that motion after its contracts were rejected by the Debtors. [D.N. 2837, 4950].

4.  KBS's amended motion to compel (the "Amended Motion") was filed on August 22, 2019 [D.N.4950], and included a declaration from an officer of the company and a chart detailing the invoice numbers, dates and amounts of the unpaid, post-petition invoices, as well as some additional detail. As set forth in the Amended Motion and the exhibits to the same, the amount due to KBS for post-petition services provided under the contracts was (and continues to be) $1,169,267.60. A copy of the chart that was filed with the Amended Motion is attached hereto as **Exhibit A**.

5.  KBS received a notice and ballots with respect to the consent program for administrative claims approved by the Court, and timely "opted-in" to the proposed settlement, electing to agree to limit the amount of its distribution to 75% in order to participate in a prompt *pro rata* distribution from a settlement fund of $21 million.

6.  During the afternoon of November 19, 2019, KBS received an email from representatives of the Debtors, Sears Ballot Services, requesting the invoice information that had already been provided by KBS in its Amended Motion, as well as some additional information.

7.  KBS promptly responded to that email, and less than one week later, on November 25, 2019, responded with the invoice chart that it had previously filed with the

Amended Motion and virtually all of the additional requested information.[3] A copy of the email from Sears Ballot Services and the November 25, 2019 email response of KBS is attached to this Objection as **Exhibit B**. KBS never received any further communication from the Debtors or their representatives requesting additional information, or indicating in any way that the KBS administrative claim was disputed.

8. The Debtors filed their first notice concerning distributions under the administrative settlement program on Wednesday evening, December 11, 2019. That notice stated that on December 13, 2019, distributions would be made to the holders of administrative expense claims that had opted-in to the settlement **and** were listed on the exhibit to the notice. The notice made it clear that that there would be no distributions made to other claimants that had opted-in, and no funds would be reserved for such administrative claims, from the $21 million administrative settlement fund.

9. KBS was not included in the exhibit to the notice, thereby learning for the first time when it received the December 11th notice that the Debtors either disputed, or perhaps had not reviewed, the KBS administrative claim. KBS, through counsel, made repeated attempts to address this with the Debtors, but received no information about why its claim had been omitted. KBS therefore filed an objection to the December 11th notice. [D.N. 6207].

10. At a hearing before this Court on December 13th, there was significant discussion of the proposed distribution and the numerous objections to the same. The objections were from administrative claimants that, like KBS, had opted-in to the administrative settlement but were

---

[3] KBS needed additional time in which to address the Debtors' request for information regarding payments made to KBS during the 90 days prior to the Debtors' bankruptcy filings. KBS provided that information on December 10, 2019. KBS notes that such supplemental information was and is irrelevant to an evaluation of KBS's administrative claim, given the decision of the Second Circuit in *ASM Capital L.P. v. Ames Dept. Stores, Inc. (In re Ames Dept. Stores, Inc.)*, 582 F.3d 422 (2d Cir. 2009) regarding the inapplicability of section 502(d) of the Bankruptcy Code to administrative claims arising under section 503(b) of the Bankruptcy Code.

being excluded from the opt-in treatment by the unilateral decision of the Debtors. The Debtors, through counsel, represented to the Court and the objectors that the distribution would be delayed, and that the Debtors would review the claims of opt-in claimants that had promptly provided information about their administrative claims.  Further, in the event that the Debtors disputed any of those claims, the Debtors agreed to provide email notice of the dispute to the affected claimants on or before December 17, 2019.

11. KBS provided the detail of its administrative claim in the Amended Motion of August 22, 2019, and then provided that information to the Debtors **again** on November 25, 2019 (together with additional information requested by the Debtors), less than one week after the date of the Debtors' request.  KBS heard nothing from the Debtors after providing such information, and after the December 17, 2019 deadline had passed, with no communication from the Debtors, KBS emailed Sears Ballot Services to confirm that there was no dispute about the KBS claim.  A copy of that email is attached as **Exhibit C**.  KBS has never received any response to that email.

12. The Debtors have now filed the Amended Notice, and have once again omitted KBS from the exhibit of opt-in claimants that will participate in the distribution. The Debtors have had the detail of KBS's administrative claim since August 22nd and have raised no objection to that claim or communicated that there is any dispute with respect to the same. KBS therefore objects to the proposed distribution because it improperly omits KBS.

## **CONCLUSION**

KBS respectfully requests that a hearing be held on an emergency basis to consider this Objection in advance of the proposed distribution of funds, or alternatively (given the timing of the Amended Notice and the proposed distribution) that funds be reserved for

KBS's administrative claim from the $21 million settlement fund until this Court can hear the

Objection and make a determination.

Dated: December 26, 2019
       New York, New York

                            **HALPERIN BATTAGLIA BENZIJA, LLP**

                            By: */s/ Donna H. Lieberman*
                            Donna H. Lieberman, Esq.
                            Scott Ziluck, Esq.
                            40 Wall Street, 37th Floor
                            New York, NY 10005
                            Telephone: (212) 765-9100
                            Email: dlieberman@halperinlaw.net
                                      sziluck@halperinlaw.net

                            *Counsel to Kellermeyer Bergensons Services, LLC*