| | |
|---|---|
| LEVENE, NEALE, BENDER, YOO & BRILL<br>Eve H. Karasik<br>Cal. Bar No. 155356<br>(pro hac approved) [Docket No. 6246]<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067<br>T: 310-229-1234<br>E: ehk@LNBYB.com | **Hearing Date and Time:**<br>[No Hearing Scheduled] |

*Attorneys for Certified Capital LP*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                             Chapter 11

SEARS HOLDING CORPORATION, *et al.*,          Case No. 18-23538 (RDD)

                Debtors.                                    (Jointly Administered)
-------------------------------------------------------X


### CERTIFIED CAPITAL LP'S OBJECTION TO AMENDED NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM, REQUEST FOR RESERVE FOR CERTIFIED CAPITAL LP'S ADMINISTRATIVE EXPENSE CLAIM, AND JOINDER TO ALL OTHER OBJECTIONS TO THE AMENDED NOTICE REGARDING INITIAL DISTRIBUTION PURSUANT TO ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Certified Capital LP ("Certified") objects to the *Amended Notice Regarding Initial Distribution Pursuant To Administrative Expense Claims Consent Program* [Docket No. 6280] (the "Amended Notice Regarding Initial Distribution"), requests that a reserve be created for Certified's administrative expense claim, and joins in all similarly filed objections to the Amended Notice Regarding Initial Distribution.

Certified is a former landlord of Kmart Stores of Illinois, LLC pursuant to the Lease dated August 12, 1970, as amended (the "Lease"). The Lease was rejected as of April 30, 2019. Certified timely filed both an administrative claim (the "Certified Claim") and a general unsecured claim in the above-captioned cases.

Certified opted in to the Administrative Expense Claims Consent Program (the "Program") by timely delivering its Opt-In ballot to Prime Clerk. However, the Certified Claim was not listed in the *Notice Regarding Initial Distribution Pursuant to Administrative Expense Consent Program* (the "Notice Regarding Initial Distribution") [Docket No. 6186].

After the Notice Regarding Initial Distribution was filed and before the hearing on December 13, 2019 (the "Hearing"), counsel for Certified contacted Debtors' counsel to find out why Certified was not included in the Notice Regarding Initial Distribution. Debtors' counsel advised Certfied's counsel that, under the Program, the Debtors had a unilateral right to decide which claims to reconcile and to include as part of the initial distribution. Accordingly, Certified filed its *Certified Capital LP Objection To Notice Regarding Initial Distribution Pursuant To Administrative Expense Claims Consent Program And Joinder In Objection Of Urban Edge Properties LP To Notice Regarding Initial Distribution Pursuant To Administrative Expense Claims Consent Program [Doc. 6203]* [Docket No. 6223].

As a result of the Hearing, the Debtors agreed to spend additional time reconciling Opt-In ballot claims before the distribution slated for the end of 2019. On December 17, 2019, counsel for Certified sent the estate representatives an email with Certified's filed proof of claim that includes a spreadsheet exhibit with a breakdown and detail of the Certified Claim attached. In addition, the email specifically asked that the estate representatives notify Certified counsel

whether additional documentation was needed for the Certified Claim reconciliation. A true and correct copy of the December 17, 2019 email is attached hereto as Exhibit "A."

Having received no response to the December 17, 2019 email, and given the expedited timeframe for the Debtors to complete the reconciliation by year-end, on December 19, 2019, Certified's counsel sent a second email to the estate representatives asking for a response and again inquiring as to whether further documentation was needed. A true and correct copy of the December 19, 2019 email from Certified's counsel to the estate representatives is attached hereto as Exhibit "B."

On December 19, 2019, in response to Certified's counsel's email, Debtors' counsel responded "**We are looking into your client's claim, and someone from M-III will reach out if we need additional documentation.**" A true and correct copy of the email from Debtors' counsel on December 19, 2019 is attached hereto as Exhibit "C." Neither Certified nor Certified's counsel received any response from the estate representatives, including M-III Partners, L.P. ("M-III), regarding the reconciliation of the Certified Claim, including whether additional documentation was needed.

On December 24, 2019, the Debtors filed the Amended Notice Regarding Initial Distribution. Again, Certified was not listed on the Amended Notice Regarding Initial Distribution.

On December 24, 2019, Certified's counsel emailed the estate representatives (including Debtors' counsel who sent the December 19, 2019 email) and asked why Certified was not included in the Amended Notice Regarding Initial Distribution, pointing out that there had been no request for additional information by the estate representatives notwithstanding Certified counsel's multiple emails.

3

Debtors' counsel responded with two emails on December 26, 2019 advising that the Debtors' records showed that Certified "did not respond to any requests from M-III for further information," and therefore Certified did not qualify for the initial distribution. A second email dated December 26, 2019 from Debtors' counsel attached two (2) emails asserted to be sent to Certified requesting reconciliation information dated November 2, 2019. (Note that the two (2) attached emails were exactly the same so it appears only one (1) email may have been sent by M-III). Attached hereto as Exhibit "D" are the December 26, 2019 emails in a single email string from Debtors' counsel to Certified's counsel, including the duplicate attachments.

Certified's counsel inquired of the estate representatives numerous times since December 17, 2019 if additional information was needed to reconcile the Certified Claim. Certified received no request for additional information in response from the estate representatives even though Certified's counsel was advised that Certified would be advised if additional documentation was needed.

The November 2, 2019 email purportedly sent to Certified from M-III asked for only the following information:

*Include the following fields at a minimum (if applicable):*

1. *DUNS*
2. *DBA name(s)*
3. *Invoice Number*
4. *PO Number*
5. *Invoice Date*
6. *Invoice Amount*
7. *503(b)(9) "Y" or "N"*
8. *Administrative "Y" or "N" (Post-petition)*
9. *List of payments received from Sears and its affiliates **90 days prior to the bankruptcy filing** on October 15, 2018 (for the period of July 15, 2018 through October 14, 2018)*
10. *Other info that may be relevant to reconcile the ballot amount submitted*

4

Since Certified is a landlord creditor, these reconciliation requests are, for the most part, not relevant as they appear to be designed for reconciliation of creditor claims for creditors that provided the Debtors with goods or services rather than leased real property. In addition, as to item No. 10, Certified's counsel asked numerous times for the estate representatives to advise as to what additional information was needed beyond the spreadsheet attached to the Certified Proof of Claim, but received no response.

The Debtors could not confirm their chapter 11 reorganization plan without obtaining agreement from a significant amount of creditors with administrative expense claims to discount their claims and, therefore, obtained approval of the Administrative Expense Claims Consent Program from a requisite amount of administrative expense creditors. Such creditors, including Certified Capital, opted in to the Program believing that the Debtors would conduct a fair reconciliation process for their claims. In Certified's case, it appears that no real efforts to reconcile the Certified Claim were taken by the estate representatives. The asserted November 2, 2019 email, which contained almost wholly irrelevant reconciliation requests for the Certified claim, cannot be deemed to be a good faith reconciliation attempt.

Accordingly, Certified objects to the Amended Notice Regarding Initial Distribution, and requests that the estate representatives be required to reserve for the Certified Claim from the

initial distribution funds pending a fair reconciliation of the Certified Claim. Certified also joins in all other similarly filed objections to the Amended Notice Regarding Initial Distribution.

Dated: Los Angeles, California
      December 27, 2019

                                   LEVENE, NEALE, BENDER, YOO
                                       & BRILL

                                 By: */s/ Eve H. Karasik*
                                 Eve H. Karasik, Cal. Bar No. 155356
                                 (*pro hac vice* 6246)
                                 10250 Constellation Blvd., Suite 1700
                                 Los Angeles, CA 90067
                                 T: 310-229-1234
                                 E:ehk@LNBYB.com; tma@LNBYB.com

                                 *Attorneys for Certified Capital LP*