Jason I. Blanchard  HEARING DATE: TBD[1]
BAKER & HOSTETLER LLP  OBJECTION DEADLINE: TBD
45 Rockefeller Plaza
New York, NY
Telephone:   212.589.4200
Facsimile:    212.589.4201
Email:  jblanchard@bakerlaw.com

*Ordinary Course Professional for the Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[2] | (Jointly Administered) |

-----------------------------------------------------------------x

## BAKER & HOSTETLER LLP'S MOTION
## FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] Due to the Court's adjournment of all motions for allowance or payment of administrative expenses claims, Baker Hostetler has not requested a hearing date for this Motion. (D.E. 5370, ¶ 51). If Baker Hostetler's administrative expense claim cannot be resolved, Baker Hostetler will request a hearing date. Baker Hostetler will confer with the Debtors' counsel on scheduling and file a notice providing any hearing date and objection deadline.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Error! Unknown document property name.**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Baker & Hostetler LLP ("Baker") moves this Court for entry of an order, substantially in the form of the proposed order attached as **Exhibit A**, allowing its administrative expense claim under Section 503 of the Bankruptcy Code (the "Motion"). In support of this Motion, Baker states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

4. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and several affiliates ("Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

5. On October 31, 2018, the Debtors filed the *Motion for Authority to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Commencement Date* ("Ordinary Course Professionals Motion") (Docket Entry ("D.E.") 396) requesting authority under Bankruptcy Code §§ 105(a), 327, 328, and 330 to establish procedures to retain and compensate professionals the Debtors employ in the ordinary course of business ("Ordinary Course Professionals") (D.E. 396, ¶ 6).

6. The Ordinary Course Professionals "provide[] the Debtors with specialized legal services relating to corporate, litigation, financial, and regulatory matters that have a direct and significant impact on the Debtors' day-to-day operations." (D.E. 396, ¶ 9).

7. The Ordinary Course Professionals Motion outlined the procedure for the Ordinary Course Professionals to be retained. (D.E. 396, ¶ 10). Each Ordinary Course Professional would

file a specified affidavit to be formally retained, and parties would have seven days to object to the affidavit and retention (D.E. 396, ¶ 10(i)-(iii)).

8. After an Ordinary Course Professional is retained, the Debtors are authorized to compensate the Ordinary Course Professional under certain conditions outlined in the Ordinary Course Professionals Motion (D.E. 396, ¶ 10(vi)). For example, certain Ordinary Course Professionals were categorized as "Tier 1," which meant monthly compensation may not exceed $75,000 (D.E. 396, ¶ 10(vi)).

9. On November 16, 2018, the Court granted the Ordinary Course Professionals Motion (D.E. 794).

10. Baker is a Tier 1 Ordinary Course Professional. (D.E. 396, Exh. 1). Baker provides the Debtors privacy, marketing, and patent application legal advice.

11. On December 19, 2018, in accordance with the procedures outlined in the Ordinary Course Professionals Motion, Baker filed its affidavit and disclosure statement outlining the services performed by Baker for the Debtors (D.E. 1331). No party objected to Baker's retention.

12. On October 15, 2019, the Court entered an order confirming the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated* (the "Plan") (D.E. 5293),[3] approving, among other things, a proposed consent program for the holders of Administrative Expense Claims (the "Administrative Expense Claims Consent Program") between the Debtors, the Creditors' Committee, and the Ad Hoc Vendor Group[4] ("Confirmation Order") (D.E. 5370).

13. The Administrative Expense Claims Consent Program instructs all holders of Administrative Expense Claims to opt-in or opt-out of the Program.

14. Baker opted out of the Administrative Expense Claims Program.

---

[3] Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Confirmation Order and/or the Plan.
[4] The Ad Hoc Vendor Group means collectively, Whitebox Asymmetric Partners, LP, Whitebox Multi-Strategy Partners, LP, Hain Capital Investors Master Fund, Ltd., and Cherokee Debt Acquisition, LLC.

15. The Confirmation Order also provides motions for allowance and payment of administrative claims filed *after* the Confirmation Order "shall be treated as a proof of an Administrative Expense Claim." (D.E. 5370, ¶ 51).

## RELIEF REQUESTED

16. Baker asserts an Administrative Expense Claim for $58,240.89 based on the legal services it provided as a retained Ordinary Course Professional.[5]

17. Section 503(a) of the Bankruptcy Code allows claims with administrative expense priority and provides that "[a]n entity may timely file a request for payment of an administrative expense[.]" 11 U.S.C. § 503(a).

18. Section 503(b) of the Bankruptcy Code provides administrative expenses may be allowed for the actual, necessary costs and expenses of preserving the estate for services rendered after the commencement of the case.

19. Baker provided privacy, marketing, and patent application legal services after the commencement of the case that enabled the Debtors to operate their business post-petition.

20. The cost and expenses of Baker's services constitute actual and necessary costs of preserving the Debtors' estates.

21. Baker respectfully submits it is entitled to an administrative expense claim for $58,240.89.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

23. Notice of this Motion has been provided to counsel to the Debtors and all parties entitled to ECF notice. Upon the scheduling of a hearing to consider this Motion, the movant will

---

[5] Due to attorney-client privilege, Baker's invoices for these legal services are not included in this Motion but may be provided upon request.

provide such additional notice as may be required. Baker respectfully submits that no further notice is required.

## RESERVATION OF RIGHTS

24. Baker reserves the right to supplement or amend this Motion and make additional arguments at any hearing held on the Motion.

## CONCLUSION

WHEREFORE, Baker & Hostetler LLP respectfully requests the Court enter an order (i) allowing an administrative expense claim against the Debtors for $58,240.89; (ii) directing the Debtors pay the allowed administrative expense claim for $58,240.89; and (iii) granting such other and further relief as this Court finds just and proper.

Dated: December 30, 2019  BAKER & HOSTETLER LLP

/s/ *Jason I. Blanchard*

Jason I. Blanchard
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jblanchard@bakerlaw.com