| | |
|---|---|
| ARCHER & GREINER, P.C.<br>630 Third Avenue<br>New York, New York 10017<br>Tel: (212) 682-4940<br>Allen G. Kadish<br>Lance A. Schildkraut<br>Email:  akadish@archerlaw.com<br>           lschildkraut@archerlaw.com | **Hearing Date and Time: January 28, 2020 at 10:00 a.m.**<br>**Response Deadline: January 21, 2020** |

*Attorneys for RetailNext, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF MOTION OF RETAILNEXT, INC.
TO ALLOW AND COMPEL PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM FOR
POST-PETITION SERVICES PROVIDED TO THE DEBTORS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. RETAILNEXT, INC. ("**RetailNext**") filed the annexed motion (the "**Motion**") to allow and compel payment of its administrative expense claim (the "**Administrative Claim**") in the amount of $663,977.74, pursuant to Section 503(b)(1)(A) of Title 11 of the United States Code, and to compel Sears Holdings Corporation, et al., debtors-in-possession herein, to pay such expense on an administrative basis.

2. A hearing to consider the relief sought in the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **January 28, 2020 at 10:00 A.M.** (the "**Hearing Date**").

3. Responses to the Motion must be made in writing, with a hard copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; conform to the Federal Rules, the Bankruptcy Rules and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York; be filed with the Bankruptcy Court; and be served in accordance with the provisions of General Order M-399 of this Court upon Archer & Greiner, P.C., counsel for RetailNext, Inc., 630 Third Avenue, New York, New York 10017 (Attn: Allen G. Kadish), on or before **5:00 P.M. on January 21, 2020** (the "**Response Deadline**").

4. If a response is not timely filed and served by the Response Deadline, the Bankruptcy Court may grant the relief sought in the Motion and enter an Order accordingly on the Hearing Date. Responding parties are required to attend on the Hearing Date and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York  
January 7, 2020

ARCHER & GREINER, P.C.

By: /s/ Allen G. Kadish  
Allen G. Kadish  
Lance A. Schildkraut  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
lschildkraut@archerlaw.com

*Attorneys for RetailNext, Inc.*

2

ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Allen G. Kadish
Lance A. Schildkraut
Email:  akadish@archerlaw.com
        lschildkraut@archerlaw.com

*Attorneys for RetailNext, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**MOTION OF RETAILNEXT, INC.
TO ALLOW AND COMPEL PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM FOR
POST-PETITION SERVICES PROVIDED TO THE DEBTORS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      RETAILNEXT, INC. ("**RetailNext**"), by and through its attorneys, Archer & Greiner, P.C., hereby files this motion (the "**Motion**"), to allow and compel payment of its administrative expense claim (the "**Administrative Claim**") in the amount of $633,977.74, pursuant to Section 503(b)(1)(A) of Title 11 of the United States Code (the "**Bankruptcy Code**"), allowing its Administrative Claim and compelling Sears Holdings Corporation, et al., debtors-in-possession herein ("**Sears**" or the "**Debtors**"), to pay such claim on an administrative basis. In support of the Motion, RetailNext respectfully represents as follows:

## I.     PRELIMINARY STATEMENT

1. RetailNext respectfully seeks an order compelling the Debtors to fully compensate RetailNext for services rendered to the Debtors during the pendency of the Chapter 11 cases. The Debtors have not paid for any post-petition services and there is an outstanding balance of $633,977.74 owed to RetailNext for post-petition services rendered through March 6, 2019.

## II.     BACKGROUND

2. On or about October 15, 2018 (the "**Petition Date**"), each Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court.

3. The Debtors operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## III.     JURISDICTION

4. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This motion presents a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

5. Venue of this case and this Motion are proper pursuant to 28 U.S.C. § 1408.

6. The statutory predicate for the relief requested is Section 503(b)(1)(A) of the Bankruptcy Code.

## IV.     THE REATAILNEXT MASTER SERVICES AGREEMENT

7. RetailNext's interests and claims arise out of services rendered pursuant to a *Master 'Software As A Service' Services Agreement*, dated as of November 14, 2012, as amended (the "**Agreement**"), between RetailNext, Inc. and Sears Holdings Management Corporation ("**SHMC**"), Kmart Corporation ("**Kmart**"), and Sears, Roebuck and Co. ("**Sears,**" and together with SHMC, Kmart, and their affiliates, the "**Company**"), under which RetailNext agreed to

2

provide software services to the Company.

8. RetailNext rendered services under the Agreement, from and after the Petition Date, for approximately seven months, through rejection of the Agreement effective as of March 6, 2019, pursuant to an order of the Court entered on April 4, 2019 (Docket No. 3044).

9. On April 4, 2019, RetailNext filed a proof of claim in the Sears Holdings Corporation case for $453,329.51 (Claim No. 16793) for pre-petition amounts due for services rendered pre-petition pursuant to the Agreement and, on May 3, 2019, filed a proof of claim in the Sears Holdings Management Corporation case for $1,033,353.34 (Claim No. 19349) for rejection damages.

10. RetailNext is owed $633,977.74 entirely for post-petition services, from the Petition Date through March 6, 2019, as shown on the chart of post-petition invoices annexed hereto as Exhibit A.[1]

11. RetailNext received a *Notice of (I) Ballot to Opt-In to Administrative Expense Claims Consent Program and (II) Ballot to Opt-Out of Administrative Expense Claims Consent Program.* On November 15, 2019, RetailNext submitted a ballot electing to opt-out of the administrative expense claims consent program (E-Ballot ID# 182353801043415).

### V.    RELIEF REQUESTED

12. By this Motion, RetailNext seeks an order pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, allowing the Administrative Claim, compelling the Company to pay for post-petition administrative services rendered by RetailNext to the Debtors in the amount of $633,977.74, from the Petition Date through March 6, 2019, in accordance with orders of the Court

---

[1] Invoices have been issued to the Debtors, and are available upon request.

governing payment of administrative claims, and granting such other relief as the Court deems just and proper.

## VI.    BASIS FOR RELIEF REQUESTED

13.    Section 503(b) provides, "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including- (1)(A) the actual, necessary costs and expenses of preserving the estate including- (i) wages, salaries, and commissions for services rendered after the commencement of the case. . . ." *See also In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007).

14.    The services RetailNext rendered to the Debtors constitute an administrative expense claim. "An expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *In re Bethlehem Steel Corp.*, 479 F.3d at 172 (quoting *Trustees of the Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986)); *see also In re Bayou Grp., LLC*, 431 B.R. 549, 558 (Bankr. S.D.N.Y. 2010) (actual, necessary costs and expenses of preserving the estate).

15.    Where a "debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to assume or reject the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." *In re Patient Education Media, Inc.*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998) (claimant entitled to payment of post-petition storage fees at contract rate as an administrative expense which extended to surrender date on which debtor and claimant agreed) (*quoting NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531,

4

104 S.Ct. 1188, 1199, 79 L.Ed.2d 482 (1984)).  Thus, the claims of third-parties who supply goods or services to a debtor-in-possession pursuant to a contract that has not been rejected are afforded administrative priority to the extent that the consideration supporting the claim was supplied during the course of the case.

16. The services for which RetailNext seeks to be paid were rendered post-petition to the Debtors pursuant to the Agreement, under which RetailNext provided the Company with certain contractual software services at an agreed rate.

17. RetailNext provided such services in accordance with the terms of the Agreement, from the Petition Date through March 6, 2019.  The Debtors accepted post-petition services, and despite assurances, made no post-petition payments.

18. As stated in the Agreement, the Debtors are responsible for compensating RetailNext for services rendered at the rates and for the services rendered under the Agreement.

19. RetailNext rendered services under the Agreement through rejection of the Agreement effective as of March 6, 2019, pursuant to an order of the Court entered on April 4, 2019 (Docket No. 3044).  The Debtors should pay RetailNext the amount of $633,977.74 as an administrative claim in accordance with orders of the Court governing payment of administrative claims.

## VII. NO PRIOR RELIEF

20. No prior request for the relief sought herein has been made to this or any other court.

## VIII.  CONCLUSION

WHEREFORE, RetailNext respectfully requests that this Court (i) enter an order, substantially in the form annexed hereto as Exhibit B, allowing RetailNext an Administrative Claim against the Company, jointly and severally, in the amount of $633,977.74, from the Petition Date through March 6, 2019, under Section 503(b)(1)(A) of the Bankruptcy Code, (ii) compelling the Company, jointly and severally, to pay the Administrative Claim in accordance with orders of the Court governing payment of administrative claims, and (iii) granting RetailNext such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       January 7, 2020

ARCHER & GREINER, P.C.

By:   /s/ Allen G. Kadish  
      Allen G. Kadish  
      Lance A. Schildkraut  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
       lschildkraut@archerlaw.com

*Attorneys for RetailNext, Inc.*

## EXHIBIT A

**Chart**

**Sears Holdings Corporation**

| Transaction Date | Date Due | Terms | Invoice No. | Current | 30 Days | 60 Days | 90 Days | >90 Days | Total |
|---|---|---|---|---|---|---|---|---|---|
| 10/31/2018 | 12/30/2018 | Net 60 | INV1122326 | $0.00 | $0.00 | $0.00 | $0.00 | $21,505.00 | $21,505.00 |
| 10/31/2018 | 12/30/2018 | Net 60 | INV1122328 | $0.00 | $0.00 | $0.00 | $0.00 | $21,505.00 | $21,505.00 |
| 10/31/2018 | 12/30/2018 | Net 60 | INV1122330 | $0.00 | $0.00 | $0.00 | $0.00 | $15,483.84 | $15,483.84 |
| 11/30/2018 | 1/29/2019 | Net 60 | INV1125294 | $0.00 | $0.00 | $0.00 | $0.00 | $41,666.67 | $41,666.67 |
| 11/30/2018 | 1/29/2019 | Net 60 | INV1125295 | $0.00 | $0.00 | $0.00 | $0.00 | $41,666.67 | $41,666.67 |
| 11/30/2018 | 1/29/2019 | Net 60 | INV1125296 | $0.00 | $0.00 | $0.00 | $0.00 | $30,000.00 | $30,000.00 |
| 12/31/2018 | 3/1/2019 | Net 60 | INV1130642 | $0.00 | $0.00 | $0.00 | $41,666.67 | $0.00 | $41,666.67 |
| 12/31/2018 | 3/1/2019 | Net 60 | INV1130643 | $0.00 | $0.00 | $0.00 | $41,666.67 | $0.00 | $41,666.67 |
| 12/31/2018 | 3/1/2019 | Net 60 | INV1130659 | $0.00 | $0.00 | $0.00 | $30,000.00 | $0.00 | $30,000.00 |
| 1/31/2019 | 4/1/2019 | Net 60 | INV1132558 | $0.00 | $0.00 | $41,666.67 | $0.00 | $0.00 | $41,666.67 |
| 1/31/2019 | 4/1/2019 | Net 60 | INV1132559 | $0.00 | $0.00 | $41,666.67 | $0.00 | $0.00 | $41,666.67 |
| 1/31/2019 | 4/1/2019 | Net 60 | INV1132560 | $0.00 | $0.00 | $20,000.00 | $0.00 | $0.00 | $20,000.00 |
| 2/28/2019 | 4/29/2019 | Net 60 | INV1135112 | $0.00 | $41,666.67 | $0.00 | $0.00 | $0.00 | $41,666.67 |
| 2/28/2019 | 4/29/2019 | Net 60 | INV1135113 | $0.00 | $41,666.67 | $0.00 | $0.00 | $0.00 | $41,666.67 |
| 2/28/2019 | 4/29/2019 | Net 60 | INV1135134 | $0.00 | $20,000.00 | $0.00 | $0.00 | $0.00 | $20,000.00 |
| 3/31/2019 | 5/30/2019 | Net 60 | INV1137544 | $41,666.67 | $0.00 | $0.00 | $0.00 | $0.00 | $41,666.67 |
| 3/31/2019 | 5/30/2019 | Net 60 | INV1137545 | $41,666.67 | $0.00 | $0.00 | $0.00 | $0.00 | $41,666.67 |
| 3/31/2019 | 5/30/2019 | Net 60 | INV1137546 | $20,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $20,000.00 |
| 4/2/2019 | 6/1/2019 | Net 60 | INV1137804 | $9,408.60 | $0.00 | $0.00 | $0.00 | $0.00 | $9,408.60 |
| 4/1/2019 | 5/31/2019 | Net 60 | INV1137805 | $9,408.60 | $0.00 | $0.00 | $0.00 | $0.00 | $9,408.60 |
| 4/7/2019 | 6/6/2019 | Net 60 | INV1137806 | $20,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $20,000.00 |
| | | | | $142,150.54 | $103,333.34 | $103,333.34 | $113,333.34 | $171,827.18 | $633,977.74 |



## EXHIBIT B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (RDD) |
|  | (Jointly Administered) |
| Debtors. |  |

**ORDER ALLOWING ADMINISTRATIVE
EXPENSE CLAIM OF RETAILNEXT, INC. AND
COMPELLING DEBTORS' IMMEDIATE PAYMENT THEREOF**

Upon the motion (the "**Motion**")[1] of RETAILNEXT, INC. ("**RetailNext**"), pursuant to Section 503(b)(1)(A) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), for an order allowing an administrative expense claim in the amount of $633,977.74 for services rendered post-petition in accordance with a certain *Master 'Software As A Service' Services Agreement*, dated as of November 14, 2012, as amended (the "**Agreement**"), between RetailNext, Inc. and Sears Holdings Management Corporation ("**SHMC**"), Kmart Corporation ("**Kmart**"), and Sears, Roebuck and Co. ("**Sears**," and together with SHMC, Kmart, and their affiliates, the "**Company**"), through and including March 6, 2019, and compelling immediate payment of such claim; and good and sufficient cause appearing; and good and proper notice and service of the Motion having been provided; and following a hearing held before this Court; and upon the record thereof; and upon the record of this case and the pleadings previously filed herein; and any objection having been withdrawn or overruled; it is hereby

ORDERED, that the Motion is granted, and it is further

ORDERED, that pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, (i) the administrative expense claim of RetailNext is hereby allowed against the Company, jointly and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

severally, in the amount of $633,977.74, and (ii) the Company, jointly and severally, are hereby compelled to make payment to RetailNext on account of RetailNext's allowed administrative claim, which is fixed in the amount of $633,977.74, in accordance with orders of the Court governing payment of administrative claims; and it is further

ORDERED, that the relief provided herein is without prejudice to the proofs of claim for pre-petition amounts due filed on behalf of RetailNext in these Chapter 11 cases; and it is further

ORDERED, that this Court shall retain jurisdiction to resolve any issues with respect to the relief provided by this order.

Dated: White Plains, New York  
       January ___, 2020                                _____  
                                                        ROBERT D. DRAIN  
                                                        UNITED STATES BANKRUPTCY JUDGE