Presentment Date and Time: January 17, 2020 at 10:00 a.m. (Eastern Time)
Objection Date and Time: January 16, 2020 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :    Case No. 18-23538 (RDD)
                                                            :
                    Debtors.¹                               :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR AN
ORDER IN AID OF EXECUTION OF THE MODIFIED SECOND
AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION
AND ITS AFFILIATED DEBTORS AND THE ASSET PURCHASE AGREEMENT**

**PLEASE TAKE NOTICE** that on **January 17, 2020 at 10:00 a.m. (Eastern Time)**, the undersigned will present the motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and a proposed order granting the relief requested therein to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **January 16, 2020** at **4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written Objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Motion on **January 28, 2020** at **10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain in the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion as **Exhibit A**, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 8, 2020
      New York, New York

      /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**Presentment Date and Time: January 17, 2020 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: January 16, 2020 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                              :
In re                                         :   Chapter 11
                                              :
**SEARS HOLDINGS CORPORATION,** *et al.*,     :   Case No. 18-23538 (RDD)
                                              :
            Debtors.[1]                       :   (Jointly Administered)
                                              :
----------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DEBTORS' MOTION FOR AN ORDER IN
AID OF EXECUTION OF THE MODIFIED SECOND
AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION
AND ITS AFFILIATED DEBTORS AND THE ASSET PURCHASE AGREEMENT**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn to October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

2

5. On February 8, 2019, this Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all of their assets (the "**Sale Transaction**") to Transform Holdco, LLC ("**Transform**") pursuant to the Asset Purchase Agreement, dated as of January 17, 2019 (as amended, the "**APA**"). The Sale Transaction closed on February 11, 2019 (the "**Sale**").

6. On October 15, 2019, this Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (the "**Confirmation Order**") (ECF No. 5370), which confirmed the Debtors' *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as amended, supplemented, or modified in accordance with its terms, the "**Plan**").[2] The Plan has not yet become effective.

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Motion, the Debtors request an order pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code authorizing principals, employees or independent contractors

---

[2] Capitalized terms that are used but not defined herein shall have the meanings ascribed to them in the Plan.

of M-III Advisory Partners, LP ("**M-III**") and its affiliates (the "**M-III Personnel**") to take actions on behalf of all the Debtors and their non-Debtor subsidiaries necessary to implement the provisions of the Plan, the APA, and the Bankruptcy Code.

9. A copy of the proposed order (the "**Proposed Order**") is annexed hereto as **Exhibit A**.

### The Board Vacancies

10. Following the closing of the Sale Transaction, substantially all of the Debtors' employees, including the existing directors of the Debtors other than SHC, and substantially all of the Debtors' officers became employees of Transform. Transform's employees have resigned from their positions as officers and directors of non-Debtors KCD IP, LLC and Sears Reinsurance Company Ltd. In October 2019, Transform informed the Debtors that those employees who serve as directors of SHC's other subsidiaries intend to resign from their respective positions.

11. The Debtors still have several outstanding obligations under the APA and the Plan. For example, the Debtors will be dissolved on the Effective Date pursuant to the Plan, s*ee* Plan, § 9.6, which will require certificates of dissolution to be filed in each state where each Debtor is incorporated. All asset of the Debtors must be transferred to the Liquidating Trust upon the Effective Date of the Plan as well. *See* Plan, sect 10.3. Additionally, pursuant to the APA, the Debtors must change the name of all Debtors who utilize the Sears trademark. *See* APA, § 9.10. The APA also requires the Debtors to transfer certain foreign assets to Transform. *See* APA, § 2.13. As reflected in the Confirmation Order, the Debtors are still working to finalize the transfer of specified foreign assets, including interests in certain Mexican entities and equity interests in Indian subsidiaries. *See* Confirmation Order, ¶ 38. Accordingly, when Transform's employees

resign as directors of the Debtor entities, the Debtor entities will clearly require authorized signatories to effectuate these actions and comply with their obligations under the Plan and APA.

12. Given that the Debtors have no remaining employees, and that M-III is familiar with the Debtors businesses and operations, it would be most efficient for M-III Personnel to be able to take action on behalf of the Debtor and non-Debtor entities going forward.

### The Relief Requested Should be Granted

13. The Court has broad authority, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, over the property administered under the Plan and to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act . . . that is necessary for the consummation of the plan."); *Vill. Of Rosemont v. Jaffe*, 482 F.3d 926, 935 (7th Cir. 2007) ([Section 1142(b)] does not confer any substantive rights on a party apart from whatever the plan provides. . . . Instead, it 'empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan.'"); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.") (internal quotation marks and citations omitted).

14. Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under title 11. Section 105(a) of the Bankruptcy Code

5

provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and further that "no provision of this title shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules." 11 U.S.C. § 105(a). *See, e.g.*, *Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (holding that section 105(a) gives a bankruptcy court "statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code'"); *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) (recognizing a bankruptcy court's broad discretion pursuant to section 105(a) of the Bankruptcy Code to do what is necessary to meet the circumstances of a case); *see also Gilman v. Continental Airlines*, 254 B.R. 93, 97 (Bankr. D. Del. 1998) (holding that section 105(a) gives a bankruptcy court discretion to issue any order, process or judgment that is "necessary or appropriate to carry out the purposes of the Bankruptcy Code, which was intended to provide protection to debtors."), *rev'd on other grounds*, 203 F.3d 203 (3rd Cir. 2000).

15. The Debtors require the authority requested in this Motion to carry out the provisions of the Plan, the APA, and the Bankruptcy Code. If the Debtors were forced to find other parties to fill these board vacancies, it would result in the expenditure of the Debtors' resources as they search for and negotiate with individuals willing to serve on the boards of the Debtors and the remaining non-Debtors during the orderly liquidation process. Additional time and resources would also have to be expended to educate such persons on the circumstances of these chapter 11 cases. D&O policies would have to be purchased for these individuals, at the expense of the Debtors' estates.

16. While section 1142(b) does not confer any substantive rights on a party, it does allow a court to enforce the terms of a confirmed plan. Section 9.7(b) of the confirmed Plan

6

provides that before, on or after the Effective Date any actions that require shareholder, director, or member approval shall be deemed approved without any requirement of further action.[3] However, notwithstanding section 9.7(b) of the Plan, which is incorporated by reference in the Confirmation Order, *see* Confirmation Order, ¶ 4, an individual still needs to execute many of the required documents or notices. Moreover, section 9.7(b) of the Plan and the Confirmation Order do not provide authorization for non-Debtors to act. By seeking authorization for M-III Personnel to act on behalf of the Debtors and the non-Debtors, the Debtors are merely seeking to facilitate the performance of their outstanding obligations. Any actions of the M-III Personnel will continue to be overseen by the Restructuring Committee of SHC's board of directors.

17. The Debtors further request that the M-III Personnel be granted the same limitation of liability that they are granted under the terms of the engagement letter, dated October 10, 2018, between Debtors and M-III (the "**Engagement Letter**"). Under the terms of the Engagement Letter, M-III Personnel shall "have no liability to the [Debtors] for the acts or omissions of [M-III] related to the performance or non-performance of services at the direction of the Restructuring Committee and consistent with the requirements of the [Engagement Letter]." *See* (ECF No. 328, Exhibit B). In addition to these protections, after the Effective Date of the Plan, the M-III Personnel will be the beneficiaries of section 15.10 of the Plan, which releases and exculpates, amongst others, directors, officers, principals, employees, and financial advisors of the Debtors to the maximum extent permitted by law for actions arising out of the administration of

---

[3] Section 9.7(b) of the Plan provides, as follows: "(b) Before, on or after the Effective Date (as appropriate), all matters provided for pursuant to the Plan that would otherwise require approval of the shareholders, directors or members of the Debtors shall be deemed to have been so approved and shall be in effect before, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the shareholders, directors managers or partners of the Debtors, or the need for any approvals, authorizations, actions or consents." Plan, § 9.7(b).

7
WEIL:\97311272\9\73217.0004

these chapter 11 cases, including actions relating to the Asset Purchase Agreement, the Plan, and the wind down of the business of the Debtors.[4] *See* Plan, § 15.10.

18. Based on the foregoing, the Debtors submit that the requested relief is necessary and appropriate, is in the best interests of their estates, and should be granted in all respects.

## Notice

19. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**")[5]. The Debtors respectfully submit that no further notice is required.

20. No previous request for the relief sought herein has been made by the

---

[4] Section 15.10 of the Plan provides, in pertinent part, as follows: "To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligations, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan . . . the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. The exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability."

[5] NTD: To answer your question in the last round of comments ("Do we need this term defined in the Order"), we do use the defined term in the Order, but it is not necessary. I can remove and edit the order if you would like.

8

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

Dated: January 8, 2020
     New York, New York

     /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

# Proposed Order

WEIL:\97311272\9\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                               :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,               :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                         :        (Jointly Administered)
:
------------------------------------------------------------x

### ORDER IN AID OF EXECUTION OF THE MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS AND THE ASSET PURCHASE AGREEMENT

Upon the motion (ECF No. [___] (the "**Motion**")),[2] dated January 8, 2020, of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for approval, pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order in aid of execution of the Plan and the APA, all as more fully described in the Motion; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted to the extent set forth therein.

2. Notwithstanding anything to the contrary in applicable state law or the organizational documents of the relevant entities, M-III Personnel may take actions and pursue all rights on behalf of all Debtors, as well as their non-Debtor subsidiaries, necessary to implement the provisions of the Plan, the APA, and the Bankruptcy Code.

3. To the full extent provided under the Engagement Letter, as well as section 15.10 of the Plan, all M-III Personnel shall be exculpated from liability for any actions taken under this Order in furtherance of the Debtors' outstanding obligations under the Plan and the APA.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: _____, 2020
       White Plains, New York

                                          _____
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE