**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :
                                                         :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                :
                                                         :          **Case No. 18-23538 (RDD)**
                                                         :
                    Debtors.[1]                          :          **(Jointly Administered)**
------------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into

by and among Sears Holding Management Corporation and Sears, Roebuck and Co. (collectively,

"**Sears**") and Sante Marcoccia (the "**Plaintiff**").  Sears and the Plaintiff collectively are referred

to in this Stipulation as the "**Parties,**" and, each, as a "**Party**."  The Parties hereby stipulate and

agree as follows:

### RECITALS

A.  WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears and certain

of their affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court

for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are continuing to

operate their business and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

B.  WHEREAS, on October 27, 2017, the Plaintiff commenced an action against Sears

that is pending in the Eighteenth Judicial Circuit for Brevard County, Florida (the "**State Court**

**Action**") and that involves claims asserted by the Plaintiff for alleged injuries and damages as a

result of an automobile accident that allegedly occurred on or around October 10, 2016 (the

"**Alleged Injury**").

C.  Whereas, on November 28, 2018, Sears filed the *Motion of Debtors for Entry of an*

*Order Extending the Automatic Stay to Certain Non-Debtor Parties* [ECF No. 924] (the

"**Motion**"), [2]  seeking to extend the automatic stay to Eric R. Green, a non-debtor defendant in the

State Court Action.

D.  WHEREAS, on December 13, 2018, the Plaintiff filed *Sante Marcoccia's Response*

*in Opposition to Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain*

*Non-Debtor Parties* [ECF No. 1194] (the "**Response**"), objecting to the extension of the automatic

stay to Eric R. Green.

E.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court,

to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited

purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE**
**INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS**
**STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\96894926\9\73217.0004

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit the Plaintiff to continue the State Court Action against Sears and Eric R. Green solely to obtain recovery from any available insurance proceeds under policy number ISA H0904419A (as renewed, amended, modified, endorsed or supplemented from time to time, the "**Insurance Policy**") issued by ACE American Insurance Company ("**ACE**"); provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      Upon the Effective Date, each of (a) the Motion as to Plaintiff only and (b) the Response shall be deemed withdrawn.

4.      Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements including without limitation, the Insurance Policy; (ii) creates or permits a direct right of action by the Plaintiff against Sears's or any of the other Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy,  including without limitation, the Insurance Policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Plaintiff's claims.

5.      As of the Effective Date, the Plaintiff agrees to waive any right to recovery with respect to the Alleged Injury directly against Sears and the Debtors, including any prepetition claim, and shall exclusively be limited to obtaining any recovery with respect to the Alleged Injury from the proceeds of the Insurance Policy, as provided in Paragraph 2 and subject to Paragraph 4 herein.

6.      As of the Effective Date, the Plaintiff agrees to waive any right to recovery related to the Alleged Injury against named parties in the State Court Action, to the extent said party is able to prevail on a claim for indemnification against the Debtors at said party's own expense.  This paragraph does not apply to Plaintiff's  uninsured/underinsured motorist carrier, LM General Insurance Company ("**Plaintiff's Insurer**"), who provided a policy for uninsured/underinsured motorist coverage to Plaintiff under policy number AOS-258-138207-70 6 9. The automatic stay is not lifted, and any applicable bar dates established in these cases shall govern, with respect to any attempt to pursue subrogation, reimbursement and/or indemnification; *provided, however*, that nothing alters or affects any insurers' right to seek a contribution, subrogation or similar claim against any other insurer, including the Plaintiff's Insurer.

7.      To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Movants' claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

8.      Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

WEIL:\96894926\9\73217.0004

9.      All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY."**

10.      Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Alleged Injury or any other pending prepetition action to which Sears or any of the other Debtors are a party that may be filed by the Plaintiff in the chapter 11 cases of the Debtors.

11.      The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Alleged Injury or any other matter.

12.      The Debtors represent to Plaintiff that, because of the coverage provided by ACE prior to the Commencement Date, they believe that the Claim qualifies for coverage under the Insurance Policy and that to their knowledge, the Claim is not subject to any deductible, self-insured retention, or contribution from any party, including but not limited to the Debtors, and that coverage exists and applies under the Insurance Policy to compensate Plaintiff for his damages arising out of the Claim from dollar one.  This affirmation by Debtors applies to the extent that the insurance limits of the Insurance Policy have not been exhausted. Plaintiff is relying upon this affirmation by Debtors as a material term to this Stipulation.  Debtors make no statements on behalf of ACE, ACE is not bound by the representations made by the Debtors, and ACE reserves

WEIL:\96894926\9\73217.0004

all rights to dispute the alleged injuries and/or the existence or extent of coverage under the Insurance Policy.

13.    If it is later determined by a Court of competent jurisdiction that the Insurance Policy does not apply to the Claim, paragraphs 5 and 6 of this Stipulation shall be deemed void and of no effect.  The Parties further agree that should ACE or the Debtors allege or determine that the Insurance Policy does not apply to the Claim or that coverage under the Insurance Policy has been exhausted, the Automatic Stay as to the Chapter 11 Entities shall reinitiate immediately thereafter and the Parties reserve all rights, claims and defenses related to the Claim.

14.    This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

15.    The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

16.    This Stipulation may be executed  in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

17.    This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

18.    Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

19.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

20.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  January 6, 2020

By:    */s/ Garrett A. Fail*
       Ray C. Schrock, P.C.
       Jacqueline Marcus
       Garrett A. Fail
       Sunny Singh
       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, NY 10153
       Telephone:  (212) 310-8000
       Facsimile:  (212) 310-8007

       *Attorneys for Debtors*
       *and Debtors in Possession*

Dated:  December 11, 2019

By:    */s/ Sante Marcoccia*
       Sante Marcoccia

By:    */s/ Howard Magaliff*
       Howard Magaliff
       Rich Michaelson Magaliff, LLP
       335 Madison Ave, 9th Floor
       New York, NY 10017
       Telephone:  (646) 453-7854
       Facsimile:  (212) 913-9644

       *Attorney for Sante Marcoccia*

**SO ORDERED:**

Dated:  January 15, 2020
        White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96894926\9\73217.0004