UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION,<br>et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

### DECLARATION OF KUNAL S. KAMLANI IN SUPPORT OF TRANSFORM HOLDCO LLC'S OBJECTION TO THE CLASS REPRESENTATIVES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Kunal S. Kamlani, declare under penalty of perjury as follows:

1. I respectfully submit this declaration ("Declaration") in support of Transform Holdco LLC's Objection to the Class Representatives' Motion for Relief from the Automatic Stay.

2. I am the President of ESL Investments, Inc. ("ESL"), which controls certain investment funds that, together with Edward S. Lampert, ESL's Chief Executive Officer, own a majority of the equity of Transform Holdco LLC ("Transform"). Other investors include funds

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

affiliated with Cyrus Capital Partners LP. Transform purchased substantially all of the businesses and assets of Sears Holdings Corporation ("SHC") and its affiliated debtors and debtors in possession (collectively, the "Debtors") pursuant to section 363(b) of title 11 of the United States Code (the "Sale Transaction") and the Asset Purchase Agreement dated as of January 17, 2019 by and among Transform, Sears Holdings Corporation and its subsidiaries party thereto, as amended (the "APA"). See Exhibit A, attached hereto, which is a true and correct copy of the version of the APA approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 8, 2019. The Sale Transaction closed on February 11, 2019 (the "Closing Date").

3. Following the Debtors' filing of a Chapter 11 petition in the Bankruptcy Court on October 15, 2019, the Debtors and ESL engaged in extensive negotiations over the terms of the Sale Transaction, lasting from approximately late November 2018 through January 17, 2019, ending in what became the APA. During that time, I engaged extensively in the negotiations surrounding the APA and the Sale Transaction, working closely with the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary"). Together, we interfaced with representatives of M-III Partners, LP ("M-III"), Lazard Frères & Co. LLC ("Lazard"), Weil, Gotshal & Manges LLP ("Weil"), legal counsel for the Debtors, and the Debtors' Restructuring Committee (the "Restructuring Committee") and its advisors.

4. All statements in this Declaration are based upon my personal knowledge of discussions regarding the circumstances surrounding the negotiations and the Sale Transaction and my review of relevant documents. If called to testify, I would testify competently to each of the facts set forth in this Declaration.

2

5. On December 5, 2018, Transform submitted an indicative going-concern bid to purchase substantially all of the Debtors' assets, including stores, intellectual property, and inventory and credit card and pharmacy receivables in exchange for an aggregate consideration of approximately $4.6 billion. Exhibit B, attached hereto, is a true and correct copy of the December 5, 2018 Indicative Bid (the "Indicative Bid") (Exhibit A to Indicative Bid Letter omitted). The total consideration included the assumption of certain of the Debtors' liabilities "with respect to (i) protection agreements issued by Sears Homes Services, (ii) certain gift cards and (iii) accrued points under the Shop Your Way program, in each case on terms to be agreed with the Debtors." Id at 2. The assumed liabilities described in the preceding sentence were estimated to be approximately $1.1 billion. Id. The purpose of "assuming certain [of] Sears' liabilities relating to protection agreements" was to "honor the promise made to millions of customers." Id.

6. On December 28, 2018, Transform submitted a definitive going-concern bid (the "December 28 Bid") for Transform to purchase substantially all of Debtors' assets, including stores, intellectual property, and inventory and credit card and pharmacy receivables in exchange for an aggregate consideration of up to $4.4 billion. Exhibit C, attached hereto, is a true and correct copy of the December 28 bid letter (the "December 28 Bid Letter"). As in the Indicative Bid, the total consideration included the assumption of certain of the Debtors' liabilities "with respect to (i) protection agreements issued by Sears Homes Services, (ii) certain gift cards and (iii) accrued points under the Shop Your Way program, in each case on terms to be agreed with the Debtors." Id at 3. The estimated amount of the assumed liabilities described in the preceding sentence and the description thereof remained unchanged from the Indicative Bid to the December 28 Bid. The December 28 Bid attached an asset purchase agreement thereto (the

"December 28 APA"). Exhibit D, attached hereto, is a true and correct copy of Section 2.3 of the December 28 APA.

7.     Consistent with the December 28 Bid Letter and the Indicative Bid, Section 2.3(e) of the December 28 APA provided for Transform's assumption of, "all Liabilities *for* warranties and protection agreements or other services contracts (other than warranties relating to Intellectual Property) for the goods and services of Sellers sold or performed prior to the Closing as to which the holder of such warranty, protection or services contract has submitted a duly completed affirmance of such holder's rights in such warranty, protection or services contract on or prior to the date that is two-hundred and seventy (270) days following the Closing Date." December 28 APA § 2.3(e) (emphasis added). For reasons unrelated to Section 2.3(e) of the December 28 APA, the December 28 Bid was rejected by the Debtors as non-qualifying.

8.     On January 2, 2019, Debtors' Restructuring Committee and their advisors from Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), Evercore Group LLC and Alvarez & Marsal North America, LLC ("A&M") met to discuss the December 28 Bid with, *inter alia,* the Debtors' principals and their advisors from M-III, Lazard and Weil, and Transform's principals and their advisors from Cleary (the "January 2 Meeting"). I reviewed the materials prepared for the January 2 Meeting in advance of the January 2 Meeting, including a summary of the December 28 bid  (the "ESL Bid Presentation"). Exhibit E attached hereto, is a true and correct copy of slide 4 of the ESL Bid Presentation.

9.     Consistent with the Indicative Bid and the December 28 Bid, the ESL Bid Presentation provided for Transform's assumption of approximately $1.1 billion in liabilities.[2]

---

[2]     For the avoidance of doubt, the purchase price under the APA was not allocated. As such, this is illustrative parol evidence and nothing herein shall in any way constitute a statement or omission regarding any allocation of the purchase price provided by Transform pursuant to the APA.

4

Those liabilities were as follows: (i) $1.009 billion for the assumption of liabilities for home services protection agreements, (ii) $13 million for the assumption of the 2018 gift card vintage and (iii) $68 million for the assumption of Shop Your Way points. Exhibit E, ESL Bid Presentation at slide 4. There was no separate category that provided for a component attributable to litigation liabilities associated with protection agreements. ESL believed that agreeing to assume liability for on-going protection agreements was important to maintaining customer relationships and promoting confidence in the Sears brand.

10. The $1.009 billion number is based on an estimated calculation of liabilities as of that point for the protection agreements prepared by the Debtors.

11. The $1.009 billion number did not account in any way for pre-existing litigation associated with the assumption of the home services protection agreement liabilities and the customer-facing reasons for agreeing to assume liability for the protection agreements do not apply to litigation brought by representatives of an asserted class in respect of those protection agreements.

12. Following the January 2, 2019 meeting, Transform prepared its final bid. The outline and principal terms of Transform's final bid (the "Revised Proposal") were reflected in a January 9, 2019 bid letter from Transform to Lazard (the "January 9 Bid Letter"), attaching a revised asset purchase agreement thereto (the "January 9 APA"). Exhibit F, attached hereto, is a true and correct copy January 9 Bid Letter, and Exhibit G, also attached, is a true and correct copy of Section 2.3 of January 9 APA. The January 9 Bid Letter attached the December 28 Bid Letter, and made clear that the intention with respect to the assumption of certain of the Debtors' liabilities for approximately $1.1 billion with respect to (i) protection agreements issued by Sears Homes Services, (ii) certain gift cards and (iii) accrued points under the Shop Your Way

5

program, in each case on terms to be agreed with the Debtors, remained the same as it had been in the December 28 Bid.

13. The January 9 Bid Letter enclosed a draft of the January 9 APA, which Transform was prepared to sign and which documented the economic terms of the January 9 Bid Letter. It used the same language in Section 2.3(e) as the December 28 APA, with the following two exceptions: (i) without adding any new language to the section, a defined term "PA Liabilities" was added and (ii) a footnote to the sellers was included noting that Transform requests an opportunity to discuss an affirmance process with respect to assumed protection agreements with Sears Home Services management. Exhibit H, attached hereto, is a true and correct copy of the blackline of Section 2.3 of the December 28 APA marked against Section 2.3 of the January 9 APA.

14. The parties engaged in negotiations over the language of the APA between January 9, 2019 and January 17, 2019.

15. Among other things, the parties discussed Transform's assumption of the liabilities for the protection agreements, warranties and service agreements, including that the reason for assuming those liabilities was to maintain positive customer relationships and customer trust, in addition to increasing the overall economic value of the bid provided to the Debtors and their estates.

16. Ultimately, the Debtors negotiated to remove the portion of the Section 2.3(e) of the January 9 APA, which would have required protection holders to affirm their rights to protection. While I do not recall their exact reason for rejecting the affirmation concept, my supposition is that the Debtors wanted to avoid the logistical complexity and cost associated with responding to potential incoming claims and requests from customers.

6

17. The final version of Section 2.3(e) of the APA, therefore, removed that portion of the provision, but maintained Transform's intent to take on only the liabilities affirmatively owed to policy holders for the applicable agreements.

18. The final version of Section 2.3(e) accordingly provides that "subject to Section 2.8(e), all Liabilities for warranties and protection agreements or other services contracts (other than warranties relating to Intellectual Property) for the goods and services of Sellers sold or performed prior to the Closing, including any Liabilities owed by Sears Re to any Seller in respect of reinsurance of such warranties and protection agreements (the 'PA Liabilities')." Exhibit I, attached hereto, is a true and correct copy of the blackline of Section 2.3 of the January 9 APA marked against Section 2.3 of the APA.

19. Section 2.8(e) of the APA provides that the PA Liabilities (as that term is defined in the APA) were not assumed unless and until requisite consent was received from the applicable Bermuda regulatory authority regarding the transfer of the KCD Notes to Transform. The KCD Notes were subsequently transferred to Transform on June 17, 2019, and at that time the PA Liabilities were assumed by Transform in accordance with Section 2.3(e) of the APA.

20. At each stage of the negotiations, it was clear that the transfer of the purchased assets would be "free and clear" of claims, liens and encumbrances other than those expressly assumed by Transform, and that the sale would be pursuant to section 363 of the Bankruptcy Code. The ability to purchase substantially all of the Debtors' assets free and clear of outstanding liabilities other than those that Transform expressly agreed to take on was a critical inducement to the sale.

21. I am not aware of any discussion or intent to have Transform assume litigation existing as of the Closing Date related to the assumed liabilities.

22. To the contrary, my understanding is that any liabilities for litigation related to liabilities that were assumed by Transform constitute excluded liabilities under Section 2.4(c) of the APA, which defines Excluded Liabilities to include "all Liabilities arising from or related to any claim, Action, arbitration, audit, hearing, investigation, suit, litigation or other proceeding (whether civil, criminal, administrative, investigative, or informal and whether pending or threatened or having any other status) arising out of the Assumed Liabilities, the Acquired Assets or the operation of the Business prior to the Closing Date or relating to facts, actions, omissions, circumstances or conditions existing, occurring or accruing prior to the Closing Date against any Seller or its Affiliates".

23. Additionally, the approximately $1.009 billion in value attributed to the assumption of the protection agreement liabilities in no way included or accounted for claims asserted in litigation in respect of protection agreements.

* * *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge, information, and belief.

Executed on January 21, 2020 in Coral Gables, Florida.

Respectfully submitted,

Kunal S. Kamlani