UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> SEARS HOLDINGS CORPORATION, et al., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 18-23538 (RDD) <br><br> (Jointly Administered) |

### DECLARATION OF CHARLES W. ALLEN
### IN SUPPORT OF TRANSFORM HOLDCO LLC'S OBJECTION TO THE CLASS
### REPRESENTATIVES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Charles W. Allen, declare under penalty of perjury as follows:

1. I am an associate of the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for Transform Holdco LLC ("Transform"). I respectfully submit this declaration ("Declaration") in support of Transform Holdco LLC's Objection to the Class Representatives' Motion for Relief from the Automatic Stay.

2. After Sears Holdings Corporation ("SHC") and certain of its subsidiaries (collectively, the "Debtors") filed for bankruptcy, in October of 2018, ESL Investments, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

("ESL") asked Cleary Gottlieb to advise ESL in the potential purchase of substantially all of the Debtors' assets in a Section 363 sale (the "Transaction") by a newly formed affiliate of ESL, Transform.  Following Cleary's retention, the parties engaged in extensive negotiations over the terms of the Transaction.  This culminated in an agreement for the sale of substantially all of the Debtors' assets to Transform, pursuant to an Asset Purchase Agreement dated January 17, 2019 (as may be amended, restated or amended and restated, the "APA").  Following a hearing before the United States Bankruptcy Court for the Southern District of New York (the "Court") to approve the Transaction (the "Sale Hearing"), the Transaction closed on February 11, 2019 (the "Closing").

3.   Following Cleary's retention, I devoted substantial time and attention to the negotiation between the parties over the terms of the APA.  I interacted on a regular basis with the Debtors' advisors and Transform's principals and advisors.  Among other responsibilities, I made and reviewed edits to Transform's drafts of the APA that were sent to the Debtors and received and reviewed drafts of the APA sent to Transform from the Debtors.

4.   All statements in this Declaration are based upon my personal knowledge of discussions regarding the circumstances surrounding the negotiations of the APA and the Sale Transaction and my review of relevant documents.  If called to testify, I would testify competently to each of the facts set forth in this Declaration.[2]

5.   On December 28, 2018, Transform submitted to the Debtors a definitive going-concern bid (the "December 28 Bid") for Transform to purchase substantially all of Debtors' assets, including stores, intellectual property, and inventory and credit card and

---

[2]   For the avoidance of doubt, and as I served as counsel to Transform, this Declaration does not reflect or put at issue any privileged communications, as to which Transform reserves all of its rights and defenses.

2

pharmacy receivables in exchange for an aggregate consideration of up to $4.4 billion. However, the December 28 Bid was rejected by the Debtors as non-qualifying.

6. On January 2, 2019, Debtors' Restructuring Committee and their advisors from Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), Evercore Group LLC and Alvarez & Marsal North America, LLC ("A&M") met to discuss the December 28 Bid with *inter alia* the Debtors' principals and their advisors from M-III Partners, LP ("M-III"), Lazard Frères & Co. LLC ("Lazard") and Weil, Gotshal & Manges LLP ("Weil"), and Transform's principals and their advisors from Cleary (the "January 2 Meeting"). I reviewed the materials prepared by Transform and its advisors for the January 2 Meeting, including a summary of the December 28 bid (the "ESL Bid Presentation"). Exhibit A attached hereto, is a true and correct copy of slide 4 of the ESL Bid Presentation. I also attended the January 2 Meeting, which was held at Weil's New York offices.

7. The ESL Bid Presentation provided for Transform's assumption of approximately $1.1 billion in liabilities.[3] Those liabilities were as follows: (i) $1.009 billion for the assumption of liabilities for home services protection agreements, (ii) $13 million for the assumption of the 2018 gift card vintage and (iii) $68 million for the assumption of Shop Your Way points. Exhibit A, ESL Bid Presentation at slide 4. There was no separate category that provided for a component attributable to then-existing contingent litigation liabilities associated with protection agreements.

8. In discussing the value of Transform's December 28 bid at the January 2 Meeting or otherwise, including the value attributed to assuming the liabilities mentioned in the

---

[3] For the avoidance of doubt, the purchase price under the APA was not allocated. As such, this is illustrative parol evidence and nothing herein shall in any way constitute a statement or omission regarding any allocation of the purchase price provided by Transform pursuant to the APA.

3

immediately preceding paragraph, there was no discussion whatsoever of assuming pre-existing litigation liabilities associated with the protection agreements. Based on my understanding, it was not the intent of the parties that Transform would assume any such litigation liabilities.

*  *  *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on January 21, 2020 in New York, NY.

Respectfully submitted,

_____
Charles W. Allen