AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF DEBTORS' MOTION PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR ENTRY OF AN ORDER
APPROVING SETTLEMENT AGREEMENT WITH TRANSFORM HOLDCO LLC**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365) ); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this statement (the "Statement") in support of the *Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement with Transform Holdco LLC* [ECF No. 6327] (the "Motion")[2] and respectfully states as follows.

## STATEMENT

1. The Debtors and the Creditors' Committee continue to move toward consummation of the Plan through liquidation of the estates' remaining assets and prosecution of the Preserved Causes of Action.[3] The ongoing litigation with Transform arising from the APA, however, has hindered these efforts and burdened the estates with material costs and unfulfilled bargains. Almost a year after the sale of substantially all of the Debtors' assets to Transform, Transform has persisted in withholding the estates' cash and challenged its obligations to reimburse the Debtors for administrative expense claims assumed under the APA. Despite the Court's rulings following two lengthy hearings, the Debtors and Transform remain at an impasse with respect to a number of disputes and, most recently, resorted to a Court-appointed expert (the "Expert") to perform cash reconciliations related to Transform's obligation to assume certain liabilities.[4] Indeed, if not settled, litigation related to the APA likely would continue for months or years as the parties await the Expert's conclusions, engage in further motion practice and

---

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in the Motion or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, attached to the Confirmation Order as Exhibit A [ECF No. 5370] (the "Plan"), as applicable.

[3] On November 25, 2019, the Creditors' Committee filed an amended complaint in the adversary proceeding commenced against ESL and other parties, Adv. Case No. 19-08250 (RDD) [ECF No. 52] (the "First Amended Complaint"), adding an additional 23 counts to the initial complaint (for a total of 35 counts) and naming 26 additional defendants (for a total of 53 defendants).

[4] *See Order Directing the Appointment of an Expert Pursuant to Federal Rule of Evidence 706* [ECF No. 6166] ¶ 2.

exhaust their appellate rights. Moreover, the Creditors' Committee shares the Debtors' concerns regarding their ability to collect on any judgment against Transform. Under these circumstances, the Creditors' Committee supports the Debtors' decision to settle the remaining APA disputes with Transform as set forth in the Motion.

2. Following arm's-length negotiations and in close coordination with the Creditors' Committee, the Debtors agreed to the terms of a settlement with Transform to resolve all open disputes in respect of the APA (the "Settlement"). As described in the Motion, the Settlement provides for, among other things: (i) the payment by Transform of $18.3 million to the Debtors, which amount comprises (a) an approximately $13 million cash payment, including approximately $1 million in respect of the Deloitte Tax Fees and (b) Transform's agreement to release its interest in $5.3 million in utility deposits held by the Debtors, which this Court determined belong to Transform; (ii) the full and final resolution of all cash reconciliation issues subject to the Expert's determination such that Transform will have no further obligations relating to administrative expense claims and certain other assumed liabilities, other than cure costs; (iii) the exchange of narrow releases in respect of the APA;[5] (iv) the Debtors' entitlement to receive any tax refund, rebate or credit to the extent it relates to tax periods prior to the sale or assignment of any asset to Transform;[6] and (v) the complete preservation of the parties' other obligations under the APA, including for tax reimbursements and indemnification.[7]

3. Crucially, in the event Transform fails to pay for any reason whatsoever any of the approximately $13 million due and owing or release its interest in the $5.3 million in utility

---

[5] Importantly, such releases do not affect the appeal of the Confirmation Order by ESL and Transform, the 507(b) appeal or the Preserved Causes of Action, including those set forth in the First Amended Complaint.

[6] The Debtors anticipate that one such tax refund, to be issued in or around the first quarter of 2020, will total more than $4.5 million. *See Declaration of Brian J. Griffith in Support of the Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement* [ECF No. 6328] ¶ 18.

[7] *See* Motion ¶ 40.

deposits held by the Debtors or seeks to claw back any portion of such amounts, the Settlement provides that all of the parties' rights will be restored as if the Settlement Agreement had never been executed. Finally, pursuant to the terms of the Settlement, the Debtors and Transform will agree not to appeal this Court's prior rulings, and all payment obligations or interim settlements between the parties will be unaffected by the Settlement. As a result, the Debtors will retain the approximately $45 million they have received to date from Transform and the benefit of Transform's payment of almost $160 million in assumed liabilities pursuant to the terms of the APA without risk of further litigation or appeal.

4. For the reasons set forth herein and in the Motion, the Creditors' Committee submits that the Settlement satisfies the requirements for approval under Bankruptcy Rule 9019.[8] The Settlement will resolve the time-consuming, distracting disputes between the Debtors and Transform and provide an immediate cash benefit to the Debtors' estates. Significantly, the Debtors did not account for *any* cash recoveries from Transform in connection with their projections at confirmation.[9] As a result, the cash payment of approximately $13 million plus the additional $5.3 million of retained utility deposits will be an added benefit to the Debtors'

---

[8] Courts in this district apply several criteria to evaluate whether a proposed settlement is within the range of reasonable litigation possibilities and in the best interests of the estate and creditors, including, among others: "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors [. . .]; (4) whether other parties in interest support the settlement; [. . .] and ([5]) the extent to which the settlement is the product of arm's length bargaining." *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (internal quotations and citations omitted); *see also Protective Comm. Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (stating that approval of a settlement or compromise is appropriate when the compromise is fair, equitable and in the best interests of a debtor's estate) (quotation omitted).

[9] *See, e.g.*, Declaration of Brian J. Griffith in Support of Confirmation of Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors [ECF No. 5148] ¶ 73 ("[T]he Debtors have not factored in any additional cash recoveries from Transform as a result of the [APA disputes]."). While the Debtors also projected Transform was obligated to pay up to $97 million on account of claims under Bankruptcy Code section 503(b)(9), this calculation is now subject to the expert's determinations. Even if the Debtors were to obtain a favorable report from the expert, the reimbursement claim against Transform would be an unsecured obligation. *See* APA § 2.3(k)(x) (limiting Transform's agreement to pay administrative expense claims of the Debtors to only "a general unsecured contractual obligation").

3

estates and will assist the Debtors and the Creditors' Committee's efforts to satisfy administrative expense claims, fund the costs of litigation related to the Preserved Causes of Action and consummate the Plan. The Debtors' estates also will benefit from the anticipated future receipt of certain tax refunds and the certainty associated with their ability to retain the approximately $45 million received from Transform prior to the Settlement and Transform's payment of almost $160 million in assumed liabilities.

5. While the Creditors' Committee believes that the Debtors likely would prevail in many of the remaining disputes with Transform, it may prove a Pyrrhic victory. Indeed, if continued unabated, litigation with Transform would require the Debtors' estates to expend their limited resources to cover the costs associated with the APA disputes and the likely appeals associated therewith.

6. Moreover, even if the Debtors were to prevail and obtain a judgment against Transform, the Debtors would face challenges collecting on such judgment, particularly in light of Transform's uncertain financial position.[10] This challenge would be particularly acute with respect to cash that is not property of the Debtors' estates and thus subject to the claims of other creditors. That is, even if the Expert concludes that Transform's obligations to reimburse the Debtors for certain administrative expense claims were not offset by the various cash reconciliation amounts, there remains the risk that Transform simply would not make the reimbursement payments and the Debtors would be left with nothing more than an unsecured claim against Transform. In effect, and contrary to the terms of the APA, the burden of

---

[10] *See, e.g.*, Lauren Thomas, *Retailers announced record store closures in 2019. Here's a list*, CNBC, Dec. 21, 2019, *available at* https://www.cnbc.com/2019/12/21/sears-walgreens-among-retailers-that-closed-stores-in-2019.html (reporting the shuttering of 96 additional Sears and Kmart store locations, leaving Transform with 182 remaining stores from the 425 acquired in the sale).

4

satisfying the assumed liabilities would again fall to the Debtors.  The Settlement will mitigate these concerns.

7. In short, the Creditors' Committee believes that the benefits of settling the remaining disputes regarding the APA now significantly outweigh the costs and risks associated with the continued attempts to hold Transform to its bargain in this complex and inherently uncertain litigation.  The $18.3 million cash infusion and the protection of the Debtors' rights in the event Transform fails to make the cash payment will provide immediate, direct benefits to the Debtors' estates.

8. Accordingly, the Creditors' Committee supports the relief requested in the Motion and submits that the Settlement satisfies the provisions of Bankruptcy Rule 9019.

| | |
|---|---|
| New York, New York<br>Dated:  January 21, 2020 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Sara L. Brauner<br>Zachary D. Lanier<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>         pdublin@akingump.com<br>         sbrauner@akingump.com<br>         zlanier@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |