**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] ) | Case No. 18-23538 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**STIPULATION AND ORDER BY AND AMONG**
**DEBTORS, TRANSFORM AND CALABRIO, INC.**

This Stipulation and Order (the "**Stipulation and Order**") is made as of January 15, 2020, by and among the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), Transform Holdco LLC (the "**Buyer**") and Calabrio, Inc. ("**Calabrio**" and together with the Debtors and Buyer, the "**Parties**") through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**Recitals**

A. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B. On November 27, 2018, the Debtors filed and served on the applicable counterparties the *Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business* (ECF No. 901) (the "**SHIP Cure Notice**"), which listed certain agreements that could potentially be assumed and assigned, including the Master Services Agreement ("**MSA**") and Statement of Work ("**SOW**") by and between Debtor Sears Holdings Management Corporation ("**SHMC**") and Calabrio, at line item number 840 thereof.[2]

C. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) was entered by the Court (the "**Sale Order**"), approving the sale of substantially all of the Debtors' assets to Buyer.[3] The sale closed on February 11, 2019 (the "**Closing Date**").

D. On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the

---

[2] The MSA was separately noticed again for potential assumption and assignment on January 23, 2019 by the Debtors in their *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "**Supplemental Cure Notice**") at line item number 92 thereof. To the extent that the MSA is assumed and assigned to Buyer or its affiliates, any integrated agreements, supplements or addenda would have been assumed and assigned as well.

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Sale Order.

"**Assumption and Assignment Order**") (ECF No. 3008) which set forth the procedures for Buyer to designate additional agreements for assumption and assignment or rejection.

E.    Following Debtors' receipt of an email notice from counsel to Buyer, which mistakenly indicated that the MSA and SOW could be rejected, on April 17, 2019, the Debtors filed the *Notice of Rejection of Executory Contracts* (ECF No. 3268) (the "**Rejection Notice**") which listed the MSA at line item 255 and the SOW at line item 262.

F.    On May 8, 2019, the Court entered the *Order Approving the Rejection of Certain Executory Contracts* (ECF No. 3755) (the "**Rejection Order**"), which included the MSA at line item 254 and the SOW at line item 261 due to the mistake reflected in the Rejection Notice.

G.    Notwithstanding its notice to the Debtors and the Rejection Notice, Buyer intended to elect to have the Debtors assume and assign the MSA and the SOW to Buyer's affiliate, Transform SR Holding Management LLC.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.    Notwithstanding that the MSA and SOW were inadvertently listed in the Rejection Notice and Rejection Order, upon the Effective Date (as defined herein), the MSA and SOW are assumed and assigned to Buyer's affiliate, Transform SR Holding Management LLC pursuant to and in accordance with this Stipulation and Order and section 365 of the Bankruptcy Code *nunc pro tunc* to the Closing Date.

2.    Calabrio waives its rights to any amounts that may have been owed under the MSA and SOW through the Closing Date, and accordingly, Buyer shall pay to Calabrio a total of $ 0.00 (the "**Cure Amount**") on account of amounts owing under the MSA and SOW as of the Closing Date. Calabrio agrees that as of the Effective Date (as defined herein), the Debtors have no further

obligations to Calabrio under the MSA, the SOW, or otherwise. As of the date of entry of this Stipulation and Order by the Court (the "**Effective Date**"): (a) all conditions to the assumption and assignment of the MSA and SOW will have been satisfied, including the cure of all outstanding defaults of the Debtors under the MSA and SOW, (b) Calabrio will have no further claims on account of the MSA or SOW against the Debtors or their estates and (c) any claims Calabrio has asserted shall be deemed withdrawn with prejudice.

3. Calabrio agrees that Buyer is not a successor to any of the Debtors and shall have no liabilities in respect of the MSA and SOW for any events or circumstances existing prior to the Closing Date.

4. Upon the Effective Date, in accordance with Section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the MSA and SOW.

5. Upon the Effective Date, this Stipulation and Order shall be deemed effective and in full force and effect *nunc pro tunc* to the Closing Date.

6. Neither this Stipulation and Order nor any right or interest hereunder may be assigned in whole or in part by either Buyer or Calabrio without the prior written consent of the other party.

7. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties, their successors, and assigns, as applicable.

8. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

9. Pending entry of this Stipulation and Order by the Court, the Parties shall not take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

10. The Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[*Signature Page Follows*]

Dated:   January 15, 2020

By:   */s/ Jacqueline Marcus*
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Sunny Singh, Esq.

*Attorneys for the Debtors and Debtors-in-Possession*

Dated:   January 15, 2020

By:   */s/ Luke A. Barefoot*
CLEARY GOTTLIEB STEEN & HAMILTON
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Chelsey Rosenbloom, Esq.

*Attorneys for Transform Holdco LLC*

Dated:   January 15, 2020

By:   */s/ Jonathan Henes, P.C.*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4927
Facsimile: (212) 446-4900
Jonathan Henes, P.C.

*Attorney for Calabrio, Inc.*

**SO ORDERED**

Dated: January 23, 2020         /s/Robert D. Drain
   White Plains, New York       THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE