WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                      :
                                                           :   **Chapter 11**
**SEARS HOLDINGS CORPORATION, *et al.*,**                  :
                                                           :   **Case No. 18-23538 (RDD)**
                                                           :
Debtors.[1]                                                :   **(Jointly Administered)**
                                                           :
------------------------------------------------------------x

# DEBTORS' REPLY TO OBJECTION OF WINIADAEWOO TO STIPULATION AND ORDER BY AND AMONG DEBTORS, TRANSFORM AND HAIN CAPITAL INVESTORS MASTER FUND LTD.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby respond to the *Objection of Winiadaewoo to Stipulation and Order by and Among Debtors, Transform and Hain Capital Investors Master Fund, Ltd.* (EFC No. 6285) (the "**Objection**") to the *Stipulation and Order by and Among Debtors, Transform and Hain Capital Investors Master Fund Ltd.* (ECF No. 6259) (the "**Settlement**").

**<u>No party in interest has raised a substantive objection to the Settlement</u>**

1. No party in interest to the Settlement, including Winiadaewoo Electronics America, Inc. ("**WEA**"), has objected to the substance of the Settlement between the Debtors, Transform Holdco LLC, and Hain Capital Investors Master Fund Ltd. (the "**Settlement Parties**"). The Settlement avoids substantial further litigation costs and delay by settling a long-standing dispute between the Settlement Parties. Bankruptcy courts have broad authority under Bankruptcy Rule 9019 to approve settlement agreements where they "allow the estate to avoid the expenses and burdens associated with litigating contested claims." *In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 723, 758 (Bankr. S.D.N.Y. 1992); *see also In re Adelphia Commc'sn Corp.*, 368 B.R. 140, 225 (Bankr. S.D.N.Y. 2007) ("A bankruptcy court need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'"), *dismissing appeal*, 371 B.R. 660 (S.D.N.Y. 2007), *aff'd*, 54 F.3d 420 (2d Cir. 2008).

2. WEA also does not, and cannot, dispute that the Settlement satisfies the *Iridium* factors, or that the Settlement is fair and equitable. *See Motorola Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007)

(balancing the (1) "litigation's possibility of success and the settlement's future benefits," (2) "likelihood of complex and protracted litigation," (3) "interests of creditors," (4) "whether other parties in interest support the settlement," (5) experience of judge and counsel, the (6) "nature and breadth" of officer and director releases, and (7) whether there was arms-length bargaining). Continued litigation on this matter would create continued costs for the estate and further delay the resolution of certain claims against the estate. The Settlement resolves any uncertainty that may exist around the ongoing litigation and results resolution of this long-standing dispute that is favorable for the Debtors. Additionally, the Settlement is supported by all parties in interest to the Settlement and was the product of vigorous arm's length negotiations between sophisticated parties, each of which was represented by competent counsel.

3. The Objection of WEA objects solely to one paragraph in the Settlement—a reservation of rights, which clarifies that the Settlement does not "affect, restrict, implicate or impair" the rights that the Settlement Parties "may have against [WEA]." (ECF No. 6285 at ¶ 6). In raising this Objection, WEA misconstrues the language as a request for an endorsement by this Court that any potential claims do exist. (*See* ECF No. 6285 at ¶¶ 1, 19). WEA incorrectly interprets the reservation of rights.

4. The Settlement seeks only to clarify that nothing in the Settlement releases or compromises any pre-existing rights the Settlement Parties may have against WEA. Indeed as a non-party to the contract, the Settlement cannot serve to alter the rights of WEA, and serves neither as an acknowledgement of any potential claims against WEA nor a waiver of any rights the WEA may have to object to any future claims raised by the Settlement Parties. *See, e.g.*, *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 390 (S.D.N.Y. 2019) ("[I]t is axiomatic that '[a] contract cannot bind a non-party unless the contract was signed by the party's

3

agent, the contract was assigned to the party, or the signatory is in fact the 'alter ego' of the party.'"). Additionally, the Settlement does not, and cannot, serve as an endorsement by this Court of the validity of potential claims the Settlement Parties may have against WEA. The validity of any claims the Settlement Parties may have against WEA will be decided in the appropriate venue when and if the Settlement Parties choose to pursue such claims. *See, e.g.*, *In re Southern Med. Arts Cos., Inc.*, 343 B.R. 258, 263 (10th Cir. BAP 2006) (holding that a non-party to a settlement who objected to a 9019 settlement, which left "undisturbed other actions between and among" the settlement parties and the objector, lacked standing to object as the reservation of rights "merely preserves that litigation for determination in another forum as the . . . parties deem appropriate and to the extent they can convince another court of their action's validity.").

5. By its Objection, WEA in fact seeks either a preemptory ruling by this Court that the Settlement Parties have no potential claims against WEA[2] or a release by the Settlement Parties of WEA. WEA is not entitled to such a ruling, and the Settlement Parties have expressly refused to grant a consensual release. This Settlement does not resolve any disputes as they pertain to WEA, a non-party to the Settlement. Just like the Settlement cannot serve as an endorsement of any potential claims the Settlement Parties may have against WEA, it also cannot serve as a preemptory ruling against any potential claims. Once again, the reservation of rights merely maintains the status quo of potential claims the Settlement Parties may have against WEA and leaves determination of the validity of such claims to the appropriate venue. *See, e.g.*, *In re Southern Med. Arts Cos., Inc.*, 343 B.R. at 263.

---

[2] WEA spends the entirety of the substance of their objection arguing, in a summary manner, why the Settlement Parties have no claims against WEA. (ECF No. 6285, ¶¶ 20-22).

4

6.    As a non-party to the Settlement, WEA lacks standing to bring its Objection. "Standing is a threshold issue in every federal litigation," *Savage & Associates, P.C. v. Mandl (In re Teligent, Inc.)*, 417 B.R. 197, 209 (Bankr. S.D.N.Y. 2009), and the party for which standing is at issue has the burden of establish their standing. *In re Motors Liquidation Co.*, 580 B.R. 319, 340 (Bankr. S.D.N.Y. 2018). "Non-parties to a contract ordinarily do not have a 'concrete or particularized injury'" sufficient to establish standing. *In re Motors Liquidation Co.*, 580 B.R. at 342 (citing *In re Teligent, Inc.*, 417 B.R. at 210 (noting that a non-party could not challenge the settlement agreement because the 9019 settlement did not require the non-party to pay any money, and therefore the party lacked a direct stake in the outcome and lacked Article III standing)). "[A] person whose only interest is as a party defendant," potential or otherwise, "has no pecuniary interest in a court order authorizing the suit against that [party] and no standing to appeal that order." *In re Teligent, Inc.*, 417 B.R. at 210; *see also In re Southern Med. Arts Cos., Inc.*, 343 B.R. 258 (10th Cir. BAP 2006) (holding that a non-party to a settlement who objected to a 9019 settlement leaving "undisturbed other actions between and among" the settlement parties and the objector lacked standing to object as the reservation of rights "merely preserves that litigation for determination in another forum as the . . . parties deem appropriate and to the extent they can convince another court of their action's validity."). The rights of non-parties to a settlement should be considered in only very limited situations where "[t]he rights of non-settling parties are implicated by the terms of a settlement . . . ." *In re Miami Metals I, Inc.*, 603 B.R. 531, 535 (Bankr. S.D.N.Y. 2019).

7.    Here, WEA lacks standing to object to the Settlement as it is in no way affected by the plain terms of the Settlement. The Settlement does not create any new rights for the Settlement Parties against WEA, nor does it adversely affect any rights of WEA. The

5

Settlement merely clarifies that it does not affect any rights that the Settlement Parties may have against WEA. *See* Settlement, ¶ 6. This preservation of currently existing causes of action, to the extent any exists, does not create a concrete or particularized injury for WEA.

## Conclusion

8. As WEA's Objection is both premature and filed without the requisite standing, this Court should overrule the Objection and approve the Settlement.

Dated: January 23, 2020
      New York, New York

                                  */s/ Garrett A. Fail*
                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York  10153
                                  Telephone:  (212) 310-8000
                                  Facsimile:  (212) 310-8007
                                  Ray C. Schrock, P.C.
                                  Jacqueline Marcus
                                  Garrett A. Fail
                                  Sunny Singh

                                  *Attorneys for Debtors*
                                  *and Debtors in Possession*