Hearing Date and Time: Tuesday, January 28, 2020 at 10:00 a.m. (Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Chelsey Rosenbloom, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**TRANSFORM'S JOINDER TO DEBTORS' REPLY TO OBJECTION BY WINIADAEWOO TO STIPULATION AND ORDER BY AND AMONG DEBTORS, TRANSFORM AND HAIN CAPITAL INVESTORS MASTER FUND LTD.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1.  Transform HoldCo LLC ("Transform"), by and through its undersigned counsel, hereby submits this joinder in response to the objection filed by Winiadaewoo Electronics America, Inc. ("Winiadaewoo") (ECF No. 6285) to the *Stipulation and Order by and Among Debtors, Transform and Hain Capital Investors Master Fund Ltd.* (ECF No. 6259) (the "Settlement") filed with this Court on December 19, 2019 between Transform, Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors"), and Hain Capital Investors Master Fund Ltd ("Hain") (ECF No. 6259). Pursuant to Bankruptcy Code 9019, Debtors, Transform, and Hain Capital submitted to the Court for its approval the Settlement resolving certain claims related to the Supply Agreement for Refrigerated Products with Winiadaewoo. The Settlement seeks to avoid substantial litigation costs by settling the potential claims between and among Hain, the holder of these § 503(b)(9) administrative expense claims, the Debtors and Transform.

2.  Winiadaewoo has asserted an objection to the reservation of rights provision in the Settlement (ECF No. 6259 at ¶ 6). This provision states that it "does not affect, restrict, implicate or impair the rights that each of Hain, the Debtors and their estates, or Transform may have against Winiadaewoo." *Id.* Winiadaewoo misconstrues the relevant language as constituting a substantive endorsement of potential claims against it by asking the Court not to "endors[e] the stipulation" as it relates to Winiadaewoo (ECF No. 6285 at ¶ 1). This reservation of rights does no such thing— it merely clarifies that the Settlement does not release or compromise rights to potential claims that parties may have against Winiadaewoo. It is entirely consistent that the Settlement *only* seeks to compromise the rights between the parties to the Settlement: Hain, Debtors, and Transform. *See, e.g.*, *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 390 (S.D.N.Y. 2019) ("[I]t is axiomatic that '[a] contract cannot bind a non-party unless the contract was signed by the

party's agent, the contract was assigned to the party, or the signatory is in fact the 'alter ego' of the party.'").

3.  Winiadaewoo does not have veto rights over the Settlement simply because it would somehow prefer the Parties thereto to release potential claims against it without consideration. Instead, all the Court need determine in order to enter the Settlement is that it is reasonable. Bankruptcy Courts have broad authority under Bankruptcy Rule 9019 to approve settlement agreements in order to "allow the estate to avoid the expenses and burdens associated with litigating contested claims." *In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 723, 758 (Bankr. S.D.N.Y. 1992); *see also In re Adelphia Commc'sn Corp.*, 368 B.R. 140, 225 (Bankr. S.D.N.Y. 2007) ("A bankruptcy court need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'"), *dismissing appeal*, 371 B.R. 660 (S.D.N.Y. 2007), *aff'd*, 54 F.3d 420 (2d Cir. 2008). Courts also consider the so-called "*Iridium* factors" in determining whether a settlement is fair and equitable. *See Motorola Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (balancing the (1) "litigation's possibility of success and the settlement's future benefits," (2) "likelihood of complex and protracted litigation," (3) "interests of creditors," (4) "whether other parties in interest support the settlement," (5) experience of judge and counsel, the (6) "nature and breadth" of officer and director releases, and (7) whether there was arms-length bargaining). The exercise of a debtors' business judgment in recommending the settlement is likewise relevant to the Court's analysis. *See, e.g.*, *In re Republic Airways Holdings Inc.*, No. 16-10429 (SHL), 2016 WL 2616717, at *3 (Bankr. S.D.N.Y. May 4, 2016) (quoting *In re MF Glob. Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012)).

4.     Transform agrees that the Settlement is plainly reasonable.  Hain, the holder of the § 503(b)(9) Supply Agreement claim, argued that Transform implicitly assumed the underlying Supply Agreement pursuant to the Asset Purchase Agreement from the Debtors and was therefore liable for payment of associated Cure Costs in the amount of $6,164,992.61 under 11 U.S.C. § 365 (ECF No. 5837 at ¶ 8-9).  Transform asserted that there was never formal court approval of the assumption and assignment of the Supply Agreement, as the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption Procedures Order") made clear that an assumption and assignment would not be effective until objections were resolved, until which point Transform reserved the right to withdraw any proposed designations (ECF No. 3008 at ¶ 17).  Hain argued that the Court should nevertheless consider the contract *implicitly* assumed (ECF No. 5837 at ¶ 24).  However, Transform asserted that implied assumption is contrary to the text of § 365 and well-established Second Circuit case law.  § 365(a) states, "[t]he trustee, *subject to the court's approval*, may assume or reject any executory contract or unexpired lease of the debtor."  Likewise, the Second Circuit has unambiguously held "that the assumption of a lease must be done, as suggested by the Bankruptcy Rules, through a formal motion to the court."  *Burger Boys, Inc*, 94 F.3d 755, 763 (2nd Cir. 1996); *see also In re Lew Mark Cleaners Corp.*, 86 B.R. 331, 333 (Bankr. E.D.N.Y. 1988) ("An overwhelming majority of courts have held that pursuant to the existing Bankruptcy Code and Rules, the only method of declaring an intention to assume a lease is by timely filing a formal motion."); *In re Lehman Bros. Holdings Inc.*, 479 B.R. 268, 278 (S.D.N.Y. 2012), *aff'd*, 513 F. App'x 75 (2d Cir. 2013) ("Section 365 of the Bankruptcy Code does not permit the assumption of entire executory contracts by inference.").  As continued litigation of this matter would involve inherent uncertainty, increase costs and cause further delay, Transform believes that this

Settlement is within the range of reasonableness and should be approved by the Court pursuant to Bankruptcy Rule 9019.

5. The Settlement is likewise fair and equitable under the *Iridium* balancing test. 478 F.3d at 462. The Settlement satisfies all of the factors under *Iridium*. The first two factors relate to the possibility of the underlying claim's success and the potential of expensive, protracted litigation. *Id.* As noted above, litigation of this claim would likely be unsuccessful and would incur substantial additional legal fees. The third and fourth factors relate to the interests of creditors and other parties in interest. *Id.* The Debtors have represented that the Official Committee of Unsecured Creditors have no objection to the execution of the Settlement (ECF No. 6259 at 9). While Winiadaewoo objects, it does so (as discussed above) on the basis of language that does not modify or waive its rights. Factors (5), (6), and (7) are likewise satisfied. Counsel and the Judge are competent and experienced, the releases between the Debtors, Transform, and Hain are appropriately tailored, and counsel between Debtors, Transform, and Hain entered into the agreement after engaging in arms-length negotiation.

## **CONCLUSION**

6. WHEREFORE, Transform respectfully requests this Court to approve the Settlement and dismiss the objection by Winiadaewoo. Winiadaewoo is not a party to this Settlement and entry of an order approving this Settlement does not implicate any rights that Winiadaewoo may have under the Supply Agreement. The terms of the Settlement are well within the range of reasonableness, are fair and equitable, and should be approved pursuant to Bankruptcy Rule 9019.

Dated: January 23, 2020
      New York, New York

                                  Respectfully submitted,

                                  */s/ Luke A. Barefoot*
                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                  One Liberty Plaza
                                  New York, New York  10006
                                  T: 212-225-2000
                                  F: 212-225-3999
                                  Sean A. O'Neal, Esq.
                                  Luke A. Barefoot, Esq.
                                  Chelsey Rosenbloom, Esq.

                                  *Attorneys for Transform HoldCo LLC*