Hearing Date and Time: Tuesday, January 28, 2020 at 10:00 a.m. (Eastern Time)

FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Paul J. Labov, Esq.
Carly S. Everhardt, Esq.
Email: plabov@foley.com
       ceverhardt@foley.com

FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 225-4119
Facsimile: (813) 221-4210
Mark J. Wolfson, Esq.
E-mail: mwolfson@foley.com

*Counsel to Hain Capital Investors Master Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands

**HAIN CAPITAL INVESTORS MASTER FUND, LTD.'S JOINDER
TO DEBTORS' REPLY TO OBJECTION OF WINIADAEWOO TO
STIPULATION AND ORDER BY AND AMONG DEBTORS,
TRANSFORM AND HAIN**

Hain Capital Investors Master Fund, Ltd. ("Hain")[2], by and through its undersigned counsel, hereby joins the *Debtors' Reply to Objection of Winiadaewoo to Stipulation and Order By and Among Debtors, Transform and Hain Capital Investors Master Fund Ltd.* and states as follows:

1. On or about December 19, 2019, the Debtors filed their *Stipulation and Order by and Among Debtors, Transform and Hain Capital Investors Master Fund Ltd.* (ECF No. 6259) (the "Settlement").

2. On or about December 26, 2019, Winiadaewoo Electronics America, Inc. ("Winiadaewoo") filed its objection (the "Objection") to the Settlement [Dkt. No. 6285], claiming that the reservation of rights language contained in the Settlement somehow abridges or otherwise impedes their rights despite the fact that they are not a party thereto. For the reasons stated below, Winiadaewoo misconstrues the reservation of rights language which does nothing more than preserve rights, if any, as opposed to waiving rights that may exist. For this reason, the Objection should be overruled.

3. The Settlement is a compromise and resolution of certain disputes between Hain, Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors"), and Transform

---

Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Hain acquired by assignment the rights of Winiadaewoo to its claims against the Debtors under Section 503(b)(9) of the Bankruptcy Code.

Holdco LLC ("Transform"). In particular, the Settlement resolves the issue as to whether or not the Supply Agreement for Refrigerated Products (the "Supply Agreement") was indeed assumed and assigned or rejected[3]. The purpose of the Settlement was to avoid substantial litigation costs and the uncertainty surrounding the legal and factual issues raised in connection with Transform's use of the Supply Agreement/Amended Supply Agreement and whether Transform's notice rejecting the Supply Agreement was operative.

4. Hain, the holder of a § 503(b)(9) claim arising under the Supply Agreement, asserted that Transform, through its conduct, assumed the Supply Agreement pursuant to the terms of the Asset Purchase Agreement (the "APA") and therefore was equitably estopped from denying liability for payment of associated Cure Costs in the amount of $6,164,992.61 under 11 U.S.C. § 365 and the APA. (ECF No. 5837 at ¶ 8-9, ¶ 24). Transform, on the other hand, countered that it was well within its rights to instruct the Debtors that it would not seek assumption and assignment of the Supply Agreement.

5. For its part, and for obvious reasons, the Debtors have an economic interest in the resolution of the above dispute.

6. As set forth above, Winiadaewoo has asserted a purported objection to the reservation of rights provision in the Settlement (ECF No. 6259 at ¶ 6). In sum and substance, that provision states that it "does not affect, restrict, implicate or impair the rights that each of Hain, the Debtors and their estates, or Transform *may* have against Winiadaewoo." (emphasis added) *Id.* Winiadaewoo misconstrues the quoted language as constituting a substantive endorsement of potential claims against it by asking the Court not to "endors[e] the stipulation" as it relates to

---

[3] The Settlement has a complete recitation of the issues surrounding the Supply Agreement and the parties legal positions in connection with the assumption and assignment and/or rejection thereof.

Winiadaewoo (ECF No. 6285 at ¶ 1). Simply stated, the reservation or rights language does nothing of the sort.

7. The reservation of rights set forth in the Settlement simply clarifies that the Settlement does not release or compromise rights to potential claims that parties *may* have against Winiadaewoo. For example, Hain may have state law claims against Winiadaewoo arising out of its acquisition of the Section 503(b)(9) Claim. Transform likewise may have state law claims against Winiadaewoo arising or otherwise pertaining to the Supply Agreement, as amended. Debtors may have bankruptcy related claims against Winiadaewoo. Moreover, Winiadaewoo may have defenses to such claims. The Settlement does not adjudicate those matters.

8. The Settlement seeks only to compromise the rights between the parties to the Settlement: Hain, Debtors, and Transform. *See, e.g.*, *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 390 (S.D.N.Y. 2019) ("[I]t is axiomatic that '[a] contract cannot bind a non-party unless the contract was signed by the party's agent, the contract was assigned to the party, or the signatory is in fact the 'alter ego' of the party.'"). Winiadaewoo does not have veto rights over the Settlement because it would like the Parties thereto to release potential claims against it. Instead, this Court only needs to determine that the Settlement is reasonable under the circumstances. Bankruptcy Courts have broad authority under Bankruptcy Rule 9019 to approve settlement agreements in order to "allow the estate to avoid the expenses and burdens associated with litigating contested claims." *In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 723, 758 (Bankr. S.D.N.Y. 1992); *see also In re Adelphia Commc'sn Corp.*, 368 B.R. 140, 225 (Bankr. S.D.N.Y. 2007) ("A bankruptcy court need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'"), *dismissing appeal*, 371 B.R. 660

(S.D.N.Y. 2007), *aff'd*, 54 F.3d 420 (2d Cir. 2008).

9. Courts also consider the so-called "*Iridium* factors" in determining whether a settlement is fair and equitable. *See Motorola Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (balancing (1) "litigation's possibility of success and the settlement's future benefits," (2) "likelihood of complex and protracted litigation," (3) "interests of creditors," (4) "whether other parties in interest support the settlement," (5) experience of judge and counsel, the (6) "nature and breadth" of officer and director releases, and (7) whether there was arms-length bargaining). The exercise of a debtors' business judgment in recommending the settlement is likewise relevant to the Court's analysis. *See, e.g.*, *In re Republic Airways Holdings Inc.*, No. 16-10429 (SHL), 2016 WL 2616717, at *3 (Bankr. S.D.N.Y. May 4, 2016) (quoting *In re MF Glob. Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012)). The Settlement is plainly a reasonable exercise of the Debtors' business judgment. The moving papers and the Debtors' Response to the Winiadaewoo Objection easily satisfy the applicable "test."

10. The Settlement is fair and equitable under the *Iridium* balancing test. 478 F.3d at 462. The Settlement satisfies all of the factors under *Iridium*. The first two factors relate to the possibility of the underlying claim's success and the potential of expensive, protracted litigation. *Id.* The outcome of the litigation of the claim is uncertain and would result in the estate and other parties incurring substantial additional legal fees. The issues are factually intensive, particularly in view of the complex transactions and events that have occurred in and arising from this case. The third and fourth factors relate to the interests of creditors and other parties in interest. *Id.* The Debtors have represented that the Official Committee of Unsecured Creditors have no objection to the execution of the Settlement (ECF No. 6259 at 9). While Winiadaewoo attempts to object,

it does so on without any recognized legal basis. Factors (5), (6), and (7) are likewise satisfied. The releases between the Debtors, Transform, and Hain are appropriately tailored, and the compromise has been entered into after engaging in arms-length negotiations.

11. Winiadaewoo is not a party to this Settlement and entry of an order approving this Settlement does not adjudicate the rights that Winiadaewoo may have under the Supply Agreement or otherwise. Likewise, the terms of the Settlement are well within the range of reasonableness, are fair and equitable and should be approved pursuant to Bankruptcy Rule 9019.

## JOINDER

12. For the reasons stated therein, including the factual and legal basis provided for entering into the Settlement, Hain hereby joins the Debtors' reply filed at Dkt. No. 6394 and also Transform's reply filed at Dkt. No. 6395.

## CONCLUSION

WHEREFORE, Hain respectfully requests this Court approve the Settlement and overrule the objection by Winiadaewoo.

Dated: January 23, 2020
New York, New York

Respectfully submitted,

_/s/ Mark Wolfson_
By: Mark Wolfson

FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
Paul J. Labov, Esq.
Mark Wolfson, Esq.

*Attorneys for Hain Capital Investors Master Fund*