**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                                                  :        **Chapter 11**
:
**SEARS HOLDINGS CORPORATION,** *et al.*,        :        **Case No. 18-23538 (RDD)**
:
Debtors.[1]                                                             :        **(Jointly Administered)**
:
------------------------------------------------------------x

**ORDER IN AID OF EXECUTION OF THE MODIFIED SECOND AMENDED**
**JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION**
**AND ITS AFFILIATED DEBTORS AND THE ASSET PURCHASE AGREEMENT**

Upon the motion, by notice of presentment dated January 8, 2020 [ECF No. 6320] (the "**Motion**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry, pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), of an order in aid of execution of the Plan and the APA, all as more fully described in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing is required; and, after due deliberation, the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein in furtherance of the Debtors' ongoing performance and performance under the Plan; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted.

2. Notwithstanding anything to the contrary in applicable state law or the organizational documents of the relevant entities, M-III Personnel may take actions and pursue all rights on behalf of all Debtors, as well as their non-Debtor subsidiaries, necessary to implement the provisions of the Plan, the APA, and the Bankruptcy Code.

3. To the full extent provided under the Engagement Letter, as well as section 15.10 of the Plan, all M-III Personnel shall be exculpated from liability for any actions taken under this Order in furtherance of the Debtors' outstanding obligations under the Plan and the APA.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: January 27, 2020
      White Plains, New York

                                          /s/Robert D. Drain
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE