**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re                                                           :        **Chapter 11**
                                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*,                       :        **Case No. 18-23538 (RDD)**
                                                                :
                  **Debtors.**[1]                               :        **(Jointly Administered)**
                                                                :
----------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
## THE DEBTORS AND TRANSFORM HOLDCO LLC

Upon the motion, dated January 10, 2020 (ECF No. 6327) (the "Motion")[2] of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order pursuant to Rule

9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the

settlement and compromise (the "Settlement Agreement") entered into by the Debtors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Transform Holdco LLC ("Transform"); and the Court having jurisdiction to decide the Motion and

the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the relief sought in the Motion and the opportunity for a hearing thereon having been

provided in accordance with the Amended Case Management Order, such notice having been

adequate and appropriate under the circumstances, and it appearing that no other or further notice

need be provided; and there being no objections to the requested relief; and the Court having held

a hearing to consider the relief requested in the Motion on January 28, 2020 (the "Hearing"); and

upon the record of the Hearing and all of the related proceedings before the Court; and, after due

deliberation, the Court having determined that the legal and factual bases set forth in the Motion

establish good and sufficient cause for the relief granted herein in that the Settlement Agreement

is a fair and reasonable compromise of the issues resolved thereby in the light of the risks, costs

and delay of continued litigation, considerations of enforcement of any litigated resolution, and

the arms-length nature of the parties, and, therefore, such relief is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; now, therefore,

### IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is granted.

2.      Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement is

approved, and the Debtors are authorized to enter into and perform the Settlement Agreement.

3.      The Parties are authorized to take any action as may be necessary or

appropriate to implement, effectuate, and fully perform under the Settlement Agreement in

accordance with this Order, including without limitation to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order.

4.      Upon the occurrence of the Release Time (as defined in the Settlement Agreement), the Adequate Assurance Deposit shall be (i) deemed transferred to the Debtors without further action, (ii) available to be used in the ordinary course of the Debtors' business, and (iii) no longer required to be treated as segregated funds under the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Service* (ECF No. 431).

5.      Upon the occurrence of the Release Time, the Expert is relieved of his duties pursuant to the Order of this Court, signed on December 9, 2019 (ECF No. 6166).

6.      Any automatic 14-day stay of this Order that might apply under the Bankruptcy Rules is waived, for cause, and this Order is effective immediately upon its entry.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: January 28, 2020
        White Plains, New York

                                          /s/Robert D. Drain
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE