UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | In Chapter 11 |
| | : | |
| SEARS HOLDING CORPORATION, *et al.* | : | Case No.: 18-23538 (RDD) |
| | : | |
| Debtor. | : | Jointly Administered |

**ORDER REQUIRING ANSWER AND
NOTICE OF HEARING TO CONSIDER MOTION**

AND NOW, to wit, this ____ of _____, 2020, it is hereby ORDERED that all interested persons are required to serve upon Movant's attorneys, whose addresses are set forth below, and file with the clerk, an answer to the Motion of Robert Miller for Relief From Automatic Stay, which has been served upon them, within five (5) days after service of this Order, exclusive of the date of service. If no answer is filed, an order may be entered granting the relief demanded in the Motion.

A hearing will be held before the Honorable _____, United States Bankruptcy Judge, in Courtroom No. _____, at the United States Courthouse, _____ on _____, the ___ day of _____, 2020, at _____, or as soon thereafter as counsel can be heard, to consider this Motion.

The hearing scheduled herein may be adjourned from time to time without further notice to interested parties by announcement of such adjournment in Court on the date scheduled for the hearing.

_____

J

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | In Chapter 11 |
| | : | |
| SEARS HOLDING CORPORATION, *et al.* | : | Case No.: 18-23538 (RDD) |
| | : | |
| Debtor. | : | Jointly Administered |

**ORDER**

AND NOW, to wit, this _____ day of _____, 2020, upon consideration of the Motion of Robert Miller for Relief from Automatic Stay and the papers filed in support thereof and in opposition thereto, it is hereby ORDERED that said Motion is GRANTED in part. With respect to any recovery against Debtor Sears Holding Corporation, Movant will look strictly to, and any such recovery will be limited to, the proceeds of Debtor's insurance policies applicable to the claims asserted by Movant.

_____
J.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | In Chapter 11 |
| | : | |
| SEARS HOLDING CORPORATION, *et al.* | : | Case No.: 18-23538 (RDD) |
| | : | |
| Debtor. | : | Jointly Administered |

**MOTION OF ROBERT MILLER**
**FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Movant Robert Miller, (hereinafter referred to as "Movant"), by his undersigned attorney, hereby petitions this Honorable Court, pursuant to Section 362(d) of the Bankruptcy Code, 11 U.S.C. '362 (d), for relief from the automatic stay in favor of Debtor Sears Holdings Corporation (hereinafter referred to as "Debtor") so Movant may proceed under Pennsylvania State law to prosecute a claim against Debtor arising from a premises liability/negligence accident that occurred on June 2, 2018. The Debtor is fully insured for the incident. In support of said Motion, Movants state as follows:

1.	Movant filed a Civil Action Complaint on September 24, 2019 against a number of individuals/entities arising from a premises liability/negligence incident that occurred on June 2, 2018 when Petitioner-Miller sustained injuries as a result of a refrigerator being dropped onto Petitioner-Miller at a Sears Outlet Store.

2. Said civil action has been captioned and docketed as <u>Miller v. Sears Hometown & Outlet Stores, et al.</u>, September Term 2019, Number 003215, Court of Common Pleas of Philadelphia County. (A true and correct copy of Movant's Initial Complaint is attached as <u>Exhibit "A"</u>).

3. By way of the aforesaid Complaint, Movant sought to recover damages for personal injuries suffered by Movant under theories of premises liability and negligence.

4. Debtor Sears Holding Corporation has sufficient liability insurance coverage in the amount of $1,000,000.00 to provide full compensation to Movant for his damages and losses.

5. Litigation in the civil action is ripe for resolution.

6. On or about October 29, 2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York. Said bankruptcy proceeding was captioned and docketed as In Re: Sears Holding Corporation, *et al.*, Bankruptcy Number 18-23549 (RDD).

7. Pursuant to Section 362 (a) of the Bankruptcy Code, 11 U.S.C. '362 (a), the filing of the aforesaid voluntary petition by Debtor served to automatically stay Movant's action against Debtor.

8. By way of the instant petition, Movant now seeks relief from the automatic stay pursuant to Section 362 (d) of the Bankruptcy Code, 11 U.S.C. '362 (d).

9. In seeking such relief from the automatic stay, Movant agrees that, with respect to the recovery against Debtor, Movant will look strictly to and will be limited to the proceeds of Debtor's insurance policies that are applicable to the claims asserted by Movant.

10. Movant is aware that under the applicable Bankruptcy Order, all lawsuits

initiated after the date bankruptcy was declared, must obtain relief from stay from this Honorable Court to proceed against the Debtor defendant's insurance proceeds.

**Jurisdiction and Venue**

11. This Honorable Court has jurisdiction over this Matter under 28 U.S.C. sections 157 and 1334. This Motion is a core proceeding under 28 U.S.C. section 157(b).

12. Venue in this District is proper under 28 U.S.C. section 1408 and 1409.

**Grounds for Relief**

13. The predicates for the relief sought by this Motion are sections 362(d)(1) of the Bankruptcy Code and Rule 400 1(a) of the Federal Rules of Bankruptcy Procedure (Bankruptcy Rules).

14. Bankruptcy Code section 362(d)(1) provides that, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

15. The party opposing a Motion for Relief from the Automatic Stay bears the burden of proof on all issues other than the debtor's equity in property. *In re Domestic Fuel Corp.*, 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g).

16. If the moving party establishes a prima facie case of cause for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code section 363(g). *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

17. The Bankruptcy Code does not define "cause" for these purposes. Whether there is cause to lift the stay should be determined on a case-by-case basis. *In re Rexene*

*Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992); *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990). For purposes of modifying the automatic stay, "cause" is an inherently broad and flexible concept that permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations. *In re Texas State Optical, Inc.,* 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Accordingly, in deciding what constitutes "cause," courts consider the totality of the circumstances in each case. *Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir. 1997).

18. In applying the totality of the circumstances standard, courts weigh the hardship or prejudice the moving party would suffer were the stay not lifted. *In re Bock Laundry Mach. Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). "Courts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff." *Id.* at p. 566.

19. The legislative history of section 362(d)(1) suggests that cause may be established by a single factor such as "a desire to permit an action to proceed…in another tribunal" or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co., supra,* 141 B.R. 574, 576.

### *The Debtor and Estates Will Not Be Prejudiced if Relief is Granted*

20. Debtor's bankruptcy estate will not be prejudice if the automatic stay is limited to permit Movants to pursue their claim and recover compensation from Debtor's insurance carrier.

21. Debtor's policy of insurance is sufficient to satisfy the damages and losses asserted by Movant.

*Hardship to Movant Outweighs Hardship, if Any, to Debtor by Maintaining the Stay*

22.     Debtor has not sought bankruptcy protection because of Movant's claim.

23.     By contrast, Movant will be prohibited from pursuing his claim. And if Debtor Sears Holding Corporation's debt to Movant is ultimately discharged in bankruptcy, Movant will forever be precluded from recovering compensation for his damages and losses, even from Debtor's insurance carrier.

*Probability of Success on the Merits*

24.     On a Motion for Relief from Stay, the moving party need only show a very small probability of success. *In re Rexene Product, supra*, 141 B.R. 574, 578. It "merely requires a showing that [the moving party's] claim is not frivolous." *In re Levitz*, 267 B.R. 516, 523 (Bankr. D.Del. 2000).

25.     Sears Holding Corporation, the debtor in question, was in control of the premises that caused Movant-Miller's injury. If the stay is lifted, Movant is virtually certain to recover damages, which will be paid by Debtor's insurance carrier.

Movant would be prejudiced if he is obliged to discontinue the instant matter in order to obtain relief from the automatic stay, as she would be required to incur additional litigations costs for the re-filing of the personal injury matter and may be further prejudiced if the bankruptcy does not resolve prior to the expiration of the personal injury claim's Statute of Limitations.

WHEREFORE, Movant, Robert Miller respectfully pray that this Honorable Court grant the instant Petition for Relief from Automatic Stay and permit Movant's action against Debtor to proceed, under the condition that Movant will look strictly to and will be limited to the proceeds of Debtor's insurance policies that are applicable to the claims asserted by

Movant.

_____
ALEXANDER C. HYDER, ESQUIRE
LEONARD V. FODERA, ESQUIRE

Fodera & Long, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 569-1212
Attorney for Movant

Date: 1/29/2020

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE:                                              :    In Chapter 11
                                                    :
   SEARS HOLDING CORPORATION, *et al.* :    Case No.: 18-23538 (RDD)
                                                    :
                Debtor.         :    Jointly Administered

### CERTIFICATE OF SERVICE

    I do hereby certify that service of a true and correct copy of the within Motion for Relief from Automatic Stay was made on _____, 2020 to the following counsel by ~~first class mail.~~ *electronic filing*.

_____
ALEXANDER C. HYDER, ESQUIRE
LEONARD V. FODERA, ESQUIRE

Fodera & Long, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 569-1212

Date: 1/29/2020

Attorney for Movant