**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                              :
                                                   :          **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,          :
                                                   :          **Case No. 18-23538 (RDD)**
                                                   :
Debtors.[1]                                        :          **(Jointly Administered)**

---------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears, Roebuck & Co. ("**Sears**") and Angela Kelly and Janyce L. MacKenzie (the "**Movants**"). Sears and the Movants collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A.        On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

      B.      On May 29, 2019, Movants filed the *Motion of Angela Kelly and Janyce L. MacKenzie for Relief from the Automatic Stay to Permit Them to Continue to Prosecute a Personal Injury Action Against Sears, Roebuck & Co. in King County Superior Court in the State of Washington, and to Liquidate Their Claims in Such Action* (ECF No. 4064) (the "**Motion**"),[2] seeking entry of an order, pursuant to section 362(d) of the Bankruptcy Code, granting relief from the automatic stay (or to the extent a plan is confirmed, to modify any discharge or plan injunction), to permit them to continue to prosecute an action pending in King County Superior Court in the State of Washington (the "**Washington State Court**") titled, *Angela Kelly and Janyce L. MacKenzie v. Cooper Tire & Rubber Company, et al.* (Case No. 18-2-17249-7) (the "**Action**").

      C.      The Movants have also named Cooper Tire & Rubber Company, TBC Corporation, Meineke Car Care Centers, LLC, and MCC 4333, Inc. as defendants in the Action (collectively, the "**Non-Debtor Defendants**").

      D.      The Debtors have confirmed with the applicable Insurers (as defined below) and represented to the Movants that there is no third-party insurance or other coverage for liability for Movants' claims and related defense costs.

      E.      The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the automatic stay imposed pursuant to section 362 of the Bankruptcy Code, as well as any discharge or plan injunction (collectively, the "**Automatic Stay**"), for the limited purpose and subject to the terms and conditions set forth below.

      **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS**

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\97359907\1\73217.0004

**STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified strictly to the extent required to allow the Action to continue in the Washington State Court and to allow the Movants to continue to prosecute the Action, and, to the extent appropriate, to obtain a judgment in the Action against Sears and the Non-Debtor Defendants; provided, that the Movants hereby agree to waive any right to recovery solely against Sears and the Debtors with respect to any such judgment obtained, except to the extent of any applicable insurance; provided further, that all other provisions of the Automatic Stay shall remain in full force and effect.  Nothing herein shall affect or alter any of Movants' rights, remedies, claims or defenses as to the Non-Debtor Defendants.

3.      The Debtors shall tender a request for defense of the Action to the Debtors' general liability insurer and the Debtors' umbrella policy insurer (collectively, the "**Insurers**") to the extent any applicable insurance policies are discovered.  Sears shall have no responsibility or liability for an Insurer's denial of coverage or refusal to defend.

4.      Nothing in this Stipulation or in the proceedings that take place as a result of the relief provided herein shall, or shall be deemed to, affect the Debtors' rights with respect to (a) coverage under any applicable insurance policies, or (b) any claims or defenses that have been or may be asserted in the Action or any other litigation or contested matter, all of which rights are expressly reserved.

5.      All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims,

injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6.    The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Action or any other matter.

7.    Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by Movant against the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movants' claims.

8.    Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

9.    This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

WEIL:\97359907\1\73217.0004

10.     Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12.     This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

14.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

WEIL:\97359907\1\73217.0004

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  January 22, 2020

Dated:  January 22, 2020

By:    /s/  Garrett A. Fail
      Ray C. Schrock, P.C.
      Jacqueline Marcus
      Garrett A. Fail
      Sunny Singh
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, NY 10153
      Tel.:  (212) 310-8000
      Fax:  (212) 310-8007

By:    /s/  Kenneth M. Lewis
      Kenneth M. Lewis
      WHITEFORD, TAYLOR & PRESTON LLP
      220 White Plains Road, 2nd Floor
      Tarrytown, NY 10591
      Tel.: (914) 761-8400
      klewis@wtplaw.com

      Charles R. Ekberg
      Will J. Brunnquell
      LANE POWELL PC
      1420 Fifth Avenue, Suite 4200
      Seattle, WA 98101
      Tel.: (206) 223-7046
      EkbergC@LanePowell.com
      BrunnquellW@LanePowell.com

*Attorneys for Debtors*
*and Debtors in Possession*

*Attorneys for Movants*

**So Ordered:**

Dated:  January 30, 2020
      White Plains, New York

      /s/Robert D. Drain
      THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE