UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :       Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :       Case No. 18-23538 (RDD)
                                                             :
         Debtors.[1]                                         :       (Jointly Administered)
------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' SIXTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS)

Upon the *Debtors' Sixth Omnibus Objection to Proofs of Claim (Satisfied Claims)*, filed September 5, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Satisfied Claims, and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order, and it appearing that no other or further notice need be provided; and upon the resolution of certain additional responses received in reply to the Objection; and upon the record of the hearing held by the Court on January 28, 2020 all of the related proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that the Objection overcame any presumption of the validity of the claim covered hereby and the claimant has not carried its burden of proof; and it further appearing that the relief granted hereby is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the claim listed on **Exhibit 1** annexed hereto is hereby disallowed and expunged to the extent set forth on **Exhibit 1**.

3. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy the Satisfied Claim

listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

        4.       The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

        5.       This Court shall retain jurisdiction over the Debtors and the claimant whose claim is subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

        6.       The terms and conditions of this Order are effective immediately upon entry.

Dated:   January 30, 2020
            White Plains, New York

                                  /s/Robert D. Drain
                                  HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Satisfied Claim**

WEIL:\97357492\2\73217.0004

| Schedule of Satisfied Claim to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Disallowed and Expunged | Asserted Debtor | Asserted Amount | Extent of Allowed Claim |
| 32 | DART Warehouse Corporation | 18168 | Innovel Solutions, Inc. | $320,000.00 | Disallowed in its entirety and expunged |