**NORTON ROSE FULBRIGHT US LLP**
Andrew Rosenblatt, Esq.
James Copeland, Esq.
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 408-5100
Fax: (212) 541-5369

*Counsel for One World Technologies, Inc.*
*d/b/a Techtronic Industries Power Equipment*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF ONE WORLD TECHNOLOGIES, INC.**
**D/B/A TECHTRONIC INDUSTRIES POWER EQUIPMENT**
**FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLightcom, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTI") hereby files this motion (the "Motion") (i) to provide notice of TTI's Administrative Expense Claims (defined herein), and (ii) for allowance of such claims pursuant to 11 U.S.C. § 503(b)(1)(A) and 11 U.S.C. § 503(b)(9). To the extent the Court determines to schedule this Motion for a hearing, TTI requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting TTI its Administrative Expense Claims. In support of this Motion, TTI respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicates for the relief requested herein are sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

## II. BACKGROUND

**A.    The Prepetition Services**

3. On January 1, 2013, TTI entered into a Supply Agreement for Power Tool Products (the "Agreement") with Sears, Roebuck & Co., Kmart Corporation, and various other subsidiaries of Sears Holdings Corporation, including but not limited to Sears Brands Management Corporation (collectively, "Sears").

4. Pursuant to the Agreement, for approximately five years TTI shipped to Sears various goods, including Craftsman power tools, batteries, appliances, and cookware (collectively, the "Goods").

5.  TTI is owed $4,285,688.02 for Goods shipped prepetition between February 2016 and September 2018. Of this amount, no less than $267,540.00 was on account of Goods shipped within 20 days of the Petition Date (defined herein) and is therefore entitled to administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Administrative Expense Claim").

6.  TTI filed multiple proofs of claim on account of its prepetition claim, including the 503(b)(9) Administrative Expense Claim.[2]

B.  **The Debtors' Bankruptcy Cases**

7.  On October 15, 2018 (the "Petition Date"), Sears Holding Corporation, together with various affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

8.  On October 15, 2019, the Court entered an order [Docket No. 5370] (the "Confirmation Order") confirming the Modified Second Amended Joint Chapter 11 Plan of the Debtors [Docket No. 4476] (the "Plan"). The Confirmation Order approved, among other things, an administrative expense program [Docket No. 5334] (the "Administrative Expense Claims Consent Program"). Under the Administrative Expense Claims Consent Program, each holder of an administrative expense claim could elect one of three options for treatment of its claim: (i) opt-in to the Administrative Expense Claims Consent Program to have the claim treated as an "Opt-In Settled Admin Claim;" (ii) neither opt-in nor opt-out and have the claim treated as a "Non Opt-Out Settled Admin Claim;" or (iii) opt-out and have the claim treated as an "Opt-Out Administrative Expense Claim."

---

[2] Proof of claim nos. 12927, 12955, 13256, 19843, and 19844 were filed by TTI asserting both general unsecured claims and administrative priority claims (collectively, the "Proofs of Claim").

- 3 -

9. TTI has chosen to have its claim treated as a "Non Opt-Out Settled Admin Claim" under the Administrative Expense Claims Consent Program, which did not require that TTI submit a ballot.

**C.    Postpetition Delivery of Goods**

10. In November 2018, pursuant to the Agreement, TTI shipped Goods to the Debtors worth approximately $1.1 million. TTI received payment from the Debtors for these Goods in the ordinary course of business.

11. On December 31, 2018, the Agreement terminated pursuant to its terms.[3] Following the termination of the Agreement, Sears continued to request delivery of Goods from TTI. In January 2019, TTI shipped goods worth no less than $338,383.08 to the Debtors on an invoice-by-invoice basis.

12. TTI has not been paid for the January 2019 shipment, and is entitled to an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) for the value of these Goods (the "503(b)(1) Administrative Expense Claim," together with the 503(b)(9) Administrative Expense Claim, the "Administrative Expense Claims"). Attached hereto as **Exhibit B** is a schedule summarizing the shipments of Goods to Sears that give rise to the 503(b)(1) Administrative Expense Claim and copies of the applicable invoices for which amounts remain unpaid.

### III.    RELIEF REQUESTED

13. Under the Confirmation Order, all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors or the Liquidating

---

[3] Although the Agreement terminated, on May 16, 2019 the Debtors nevertheless filed a motion [Docket No. 3915] to reject the Agreement. An order [Docket No. 4289] granting the rejection motion was entered by the Court on June 19, 2019.

Trust, as applicable, and the subject claimant, and any requests seeking allowance of administrative expense claims (already filed or subsequently filed) are to be treated as "proof of an Administrative Expense Claim." *See* Confirmation Order, ¶ 51.  Accordingly, this Motion is filed to provide the Debtors with notice of TTI's Administrative Expense Claims and to preserve such claims so that they may be allowed as part of the Administrative Expense Claims Consent Program.

### IV.    BASES FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS

14.    Section 503(b) of the Bankruptcy Code provides, in relevant part, that:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

15.    The test to determine whether an applicant is entitled to payment of an administrative expense is whether the efforts of the applicant resulted in actual benefit to a debtor's estate. *See, e.g., In re CIS Corp.*, 142 B.R. 640, 642 (S.D.N.Y. 1992) (stating that "[a]lthough [Section 503(b)(1)(A)] does not fully define 'necessary expenses,' the phrase 'including' is not limiting").

16.    After the Petition Date, TTI supplied Goods to the Debtors (summarized in **Exhibit B**) which were either sold by the Debtors directly to their customers or to the Debtors' purchaser, Transform Co., pursuant to a Court-approved sale.  In either case, a direct benefit was realized by the Debtors and their estates as a result of the Goods TTI supplied. TTI is therefore entitled to an

administrative expense claim in the minimum amount of $338,383.08 pursuant to section 503(b)(1) of the Bankruptcy Code.[4]

17. Pursuant to the Confirmation Order and the Plan, this Motion is to be treated as proof of an administrative expense claim. *See* Confirmation Order, ¶ 51. Furthermore, considering the requirement that all hearings be adjourned until such time as a hearing is required, and scheduled at the convenience of the Debtors or Liquidating Trust, the claimant and the Court, TTI is not requesting that a hearing be conducted on the Motion at this time.

### V. RESERVATION OF RIGHTS

18. TTI reserves the right to amend this Motion, or any of the claims asserted in the Debtors' cases, for any reason, including, without limitation, to the extent TTI learns: (i) of additional claims that it may have; (ii) that its claims are against a different Debtor entity; or (iii) that the nature of the claims is other than what TTI has already asserted. Nothing herein should be construed as a waiver of any of TTI's rights or defenses, which TTI hereby reserves.

### VI. NOTICE AND NO PRIOR RELIEF REQUESTED

19. Notice of this Motion will be served on the Debtors, Transform Co. and the "Master Service List" (as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405]), and in the manner provide therein. TTI respectfully submits that no other or further notice need be provided.

20. Other than as set forth above, no previous application or request was made to this or any other court regarding the relief requested in this Motion.

---

[4] The basis for TTI's 503(b)(9) Administrative Expense Claim is set forth in the Proofs of Claim, which are incorporated herein by reference.

## VII.    CONCLUSION

WHEREFORE, TTI respectfully requests that the Court enter an Order, substantially in the same form as that attached as **Exhibit A**, granting TTI's Administrative Expense Claims in the aggregate amount of no less than $605,923.08 pursuant to sections 503(b)(1) and 503(b)(9) of the Bankruptcy Code and providing for such other and further relief as the Court deems just and proper.

DATED:  New York, New York
              January 30, 2020

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By:    */s/ Andrew Rosenblatt*
      Andrew Rosenblatt, Esq.
      James Copeland, Esq.
      1301 Avenue of the Americas
      New York, NY 10019
      Tel: (212) 408-5100
      Fax: (212) 541-5369
      andrew.rosenblatt@nortonrosefulbright.com

*Counsel for One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment*