KATTEN MUCHIN ROSENMAN LLP
Steven J. Reisman, Esq.
Theresa A. Foudy, Esq.
Karen B. Dine, Esq.
575 Madison Avenue
New York, NY  10022-2585
Telephone: (212) 940-8800
Fax: (212) 940-8776

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sears Holdings Corporation, *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br><br>(Jointly Administered) |
| Sears Home Improvement Products, Inc.,<br><br>                     Plaintiff,<br><br>v.<br><br>South Mountain Air Conditioning & Heating, Inc.,<br><br>                     Defendant. | Adv. No. **Refer to Summons** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§
547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Sears Home Improvement Products, Inc. (the "Plaintiff" or "Debtor"), one of the debtors

in the above-captioned chapter 11 case, by and through its undersigned counsel, files this

complaint (the "Complaint") to avoid and recover transfers against South Mountain Air

Conditioning & Heating, Inc. (the "Defendant") and to disallow any claims held by Defendant. In

support of this Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or

entity for whose benefit the transfers were made, all preferential transfers of property that occurred

during the ninety (90) day period prior to the commencement of the bankruptcy case of the Debtor

pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  Subject to proof, Plaintiff also seeks to avoid and recover from Defendant

or any other person or entity for whose benefit transfers were made pursuant to sections 548 and

550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the

Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has

been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to

object to any such claim for any reason, including, but not limited to, any reason set forth in

sections 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3.      This court has subject matter jurisdiction over this adversary proceeding, which

arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy

2

Court for the Southern District of New York (the "Court"), captioned *In re Sears Holdings Corporation, et al.,* Case No. 18-23538 (RDD), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

7. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors") each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9. On October 15, 2019, this Court entered an order confirming the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "Plan" and "Confirmation Order," respectively). [Plan, D.I. 5293; Confirmation Order, D.I. 5370].

10. Pursuant to Article III of the Plan and Section V of the *Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its*

*Affiliated Debtors* (the "Disclosure Statement") [D.I. 4478], General Unsecured Claims comprise

an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

11.     The Debtors were an integrated retailer with significant physical and intangible

assets, as well as virtual capabilities, which operated a national network of stores and websites.

As of the Petition Date, the Debtors operated 687 retail stores in forty-nine (49) states, Guam,

Puerto Rico, and the U.S. Virgin Islands under the Sears® and Kmart® brands and employed

approximately 68,000 individuals, of whom approximately 32,000 were full-time employees and

approximately 36,000 were part-time employees.

12.     Pursuant to Bankruptcy Code sections 502, 547, 548, 550, 1106, and 1107, Plaintiff

is authorized and has standing to pursue this avoidance action.

13.     Upon information and belief, Defendant was, at all relevant times, a vendor or

creditor that provided goods and/or services to or for Plaintiff. Upon further information and

belief, at all relevant times, Defendant's principal place of business is located at 3145 E Chandler

Blvd., Ste. 110, Unit 318, Phoenix, AZ 85048.

## FACTUAL BACKGROUND

14.     Prior to the Petition Date, Plaintiff, as an integrated retailer, maintained business

relationships with various business entities and individuals, through which Plaintiff regularly

purchased, sold, received, and/or delivered goods and services.

15.     The financial difficulties that led to the Debtors' decision to file the bankruptcy

cases are attributable to a combination of factors. Namely, declining revenues, unfavorable

market conditions in the retail industry, and the Debtors' significant and ongoing cash flow and

liquidity issues, all of which were exacerbated by a contraction in credit terms over the years and

the substantial selling, general, and administrative expenses associated with the Debtors' store operations.

16.     During the ninety (90) days before and including the Petition Date, that is between July 17, 2018 and October 15, 2018 (the "Preference Period"), Plaintiff continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

17.     Upon information and belief, during the course of their relationship, the Defendant and Plaintiff entered into agreements for the purchase of goods and/or services by Plaintiff from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to the Plaintiff. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," "Invoice Amount."

18.     Plaintiff is seeking to avoid all of the transfers of an interest of Plaintiff's property made by Plaintiff to Defendant within the Preference Period.

19.     Plaintiff made transfer(s) of an interest of Plaintiff's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Clear Date," and "Debtor Transferor(s)."

20.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

21.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

22.     During the Preference Period, Plaintiff made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

23.     Each Transfer was made from the Plaintiff, and constituted transfers of an interest in property of Plaintiff.

24.     Defendant was a creditor of Plaintiff at the time of each Transfer by virtue of supplying goods and/or services to Plaintiff for which Plaintiff was obligated to pay in accordance with the Agreements.  See Exhibit A.

25.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendant.  See Exhibit A.

6

26.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by Plaintiff to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Plaintiff. See Exhibit A.

27.     Each Transfer was made while the Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

28.     Each Transfer was made during the Preference Period, as set forth on Exhibit A.

29.     As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Plaintiff's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Plaintiff's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, the Plaintiff's liabilities exceed its assets such that Plaintiff's unsecured creditors will not receive payment of their claims in full from the Plaintiff's bankruptcy estate.

30.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

31.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

7

32.     To the extent one or more of the Transfers identified on <u>Exhibit A</u> was not made

on account of an antecedent debt, or was a prepayment for goods and/or services subsequently

received, Plaintiff pleads in the alternative that Plaintiff did not receive reasonably equivalent

value in exchange for such transfer(s) (the "<u>Potentially Fraudulent Transfers</u>"); and

        A.     Plaintiff was insolvent as of the date of the Transfer(s), or became insolvent

            as a result of the Transfer(s); or

        B.     Plaintiff was engaged, or about to engage, in business or a transaction for

            which any property remaining with Plaintiff or for whose benefit the

            Transfer(s) was made was an unreasonably small capital; or

        C.     Plaintiff intended to incur, or believed it would incur, debts beyond its

            ability to pay upon maturity.

33.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable

pursuant to 11 U.S.C. § 548(a)(1)(B).

<b><u>Third Claim for Relief</u></b>
<b>(Recovery of Avoided Transfers – 11 U.S.C. § 550)</b>

34.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the

extent they are not inconsistent with allegations contained in this Third Claim for Relief.

35.     Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or

any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "<u>Avoidable</u>

<u>Transfers</u>").

36.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate

or mediate transferee of such initial transferee or the person for whose benefit the Avoidable

Transfer(s) were made.

37.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the

Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### Fourth Claim for Relief
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

38.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

39.     Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of

the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

40.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over

such property, for which Defendant is liable under 11 U.S.C. § 550.

41.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee,

against the Debtor's chapter 11 estate or Plaintiff must be disallowed until such time as Defendant

pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus

interest thereon and costs.

42.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee,

against the Debtor's chapter 11 estate or Plaintiff previously allowed by Debtor or by Plaintiff,

must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount

equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant it the following relief against

Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of

Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and

directing Defendant to return to Plaintiff the amount of the Avoidable Transfers,

pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of

demand at the maximum legal rate and to the fullest extent allowed by applicable

law, together with the costs and expenses of this action including, without

limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against

Defendant disallowing any claims held or filed by Defendant against the Plaintiff

until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C.

§ 502(d) and (j); and

C. Such other and further relief as this Court may deem just and proper.


Dated: February 5, 2020

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Steven J. Reisman
        Steven J. Reisman, Esq.
        Theresa A. Foudy, Esq.
        Karen B. Dine, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Fax: (212) 940-8776

*Attorneys for Plaintiff*