FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Counsel for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

<u>**MOTION FOR RELIEF FROM AMENDED STIPULATED PROTECTIVE ORDER**</u>
(Related Docket No. 1084)

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("<u>Santa Rosa</u>"), by and through its undersigned counsel, and respectfully states and prays as follows:

<u>Factual and Procedural Background</u>

1.      On October 15, 2018, the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "<u>Petition Date</u>").

2.      On December 7, 2018, the Court entered an *Amended Stipulated Protective Order* (the "*Amended Protective Order*", Docket No. 1084), which provides for the protection of "Confidential Material" and "Highly Confidential Material" (collectively, "<u>Designated Material</u>"), as further defined therein.

3.      Paragraph 8 of the *Amended Protective Order* provides the following regarding the limitations on use and disclosure of Designated Material:

> **All Discovery Material shall be used by the Receiving Parties [Santa Rosa] solely for the purposes of a Dispute or the Chapter 11 Cases** (including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding) **and in any judicial**

**proceedings wherein a claim arises out of the same transaction(s) or occurrence(s) involved in any Dispute**[1]**, or relating to any Dispute or these Chapter 11 Cases** and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

Id., p. 6, ¶ 8 (emphasis and underline added).

4.    Paragraph 13 of the *Amended Protective Order* provides as follows:

Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose … Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.

Id., p. 9, ¶ 13.

5.    Paragraph 23 of the *Amended Protective Order* further provides as follows:

If any Receiving Party [Santa Rosa] objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party [the Debtors] in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. **[Santa Rosa] may seek relief from the Court if [it] and [the Debtors] cannot resolve their dispute.** Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. **Upon motion, the Court may order the removal of the "Confidential"** … **designation from any Discovery Material so designated that is subject to the provisions of this Order**. In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, **[the Debtors] shall bear the burden of proof**.

Id., pp. 12-13, ¶ 23 (emphasis and underline added).

6.    With respect to the timing of an objection or challenge to the designation of Designated Material, Paragraph 24 of the *Amended Protective Order* provides as follows: "[Santa Rosa] shall not be obliged to challenge the propriety of a 'Confidential' … designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation … during the discovery period shall not be a waiver of that Party's right to object to such designation at trial." Id., p. 13, ¶ 24.

7.    On February 1, 2019, Santa Rosa served *a Subpoena Duces Tecum* to the Debtors and to the care of Candance Arthur, Esq., an attorney at Weil, Gotshal & Manges LLP (Debtors' counsel of

---

[1] A "Dispute" is defined as "judicial or other proceedings, including but not limited to contested matters, adversary proceedings and other disputes … arising out of or relating to" the Debtors' voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Id., p. 2.

record), to produce and permit the inspection and copying of certain documents.

8.    On February 8, 2019, the undersigned counsel executed "Exhibit A" of the *Amended Protective Order* and hence became bound by the *Amended Protective Order.*

9.    On or about February 11, 2019, the Debtors produced certain documents designated as "Confidential Material" (the "Discovery Material"), including that certain *Confidential Settlement and Release Agreement* (the "*Settlement Agreement*").[2]

10.    On January 5, 2020, the undersigned counsel emailed Debtors' counsel for the removal of the "confidential" designation of the *Settlement Agreement* prior to seeking relief from the Court in accordance with Paragraph 23 of the *Amended Protective Order*.  See *January 5 Removal of Designation Request,* **Exhibit I**; *Settlement Agreement*, Docket No. 6317-10.

11.    On January 7, 2020, Santa Rosa filed a *Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof* (the "*Stay Relief Motion*", Docket No. 6317) for an order finding that the automatic stay does not apply and/or should not be extended to protect third-party non-debtors so that Santa Rosa may seek non-bankruptcy relief against the forgoing.

12.    On even date, January 7, 2020, Santa Rosa filed a *Motion for Leave to File Under Seal* (the "*Motion for Leave*", Docket No. 6316) for an order authorizing Santa Rosa to redact and file under seal its *Stay Relief Motion* pursuant to of the *Amended Protective Order.*

13.    On January 9, 2020, the undersigned counsel held a conference call with the Debtor's counsel wherein they discussed, *inter alia*, the *January 5 Removal of Designation Request*.  It was mutually agreed by the Parties that they would "confer in good faith to the removal of the 'confidential' designation of [the Settlement Agreement] so as to permit Santa Rosa to disclose its contents and/or file the same" in

---

[2] On June 12, 2019, the Debtors agreed to "waive confidentiality with respect to" certain discovery material attached to that certain adversary proceeding Complaint, including Certificate of Insurance Nos. 570075074205 and 570075074276, the Contract of Insurance, and a Detail of Repair Costs - Sears #1915.  See *Statement Certifying Compliance with Order Granting Santa Rosa Mall's Motion for Leave to File Under Seal and Notice of Filing Redacted Complaint*, Docket No. 4359-1, **Exhibit II, III,** and **VI** thereto.

connection with its claims or other related conversations.  See *January 9 Email from Santa Rosa to the Debtors,* **Exhibit II**.

14.     On February 5, 2020, after various unsuccessful follow-up requests, the undersigned counsel requested the Debtors' respond to the *January 5 Removal of Designation Request* by February 7, 2020 at 9:00 AM EST or the undersigned would "assume [the] request [was] denied and [] [would] need to seek relief from the Court".  *February 5 Email from Santa Rosa to the Debtors*, **Exhibit III**.

15.     The deadline has since elapsed and the dispute has not been otherwise resolved in spite of Santa Rosa's good faith efforts.  See *February 6 Email from the Debtors to Santa Rosa.*  Accordingly, Santa Rosa respectfully requests relief from the *Amended Protective Order* in connection with its S*tay Relief Motion*.

<u>Applicable Law and Discussion</u>

16.     "There is a strong presumption and public policy in favor of public access to court records." <u>In re Anthracite Capital, Inc.</u>, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013) (Morris, B.J.) (citing <u>In re Borders Grp., Inc.</u>, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011).  <u>See also</u> 11 U.S.C. § 107(a) ("a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge").

17.     "Section 107(b) of the Bankruptcy Code creates narrow statutory exceptions to the public access presumption, mandating that the court protect confidential information and defamatory or scandalous material upon request of a party in interest".  <u>In re Rivera</u>, 524 B.R. 438, 442 (Bankr. D.P.R. 2015), citing 11 U.S.C. § 107(b); <u>In re Anthracite Capital, Inc.</u>, 492 B.R. at 170; <u>In re Orion Pictures Corp.</u>, 21 F.3d 24, 27 (2nd Cir. 1994) ("if the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application").

18.     Section 107(b) of the Bankruptcy Code provides in its relevant part as follows:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b)(1), (2).

19.      In order to ensure that confidential information is protected, Fed. R. Bankr. P. 9018 establishes the procedures to invoke Section 107(b) as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

20.      However, while "[Fed. R. Bankr. P.] 9018 implements § 107; it does not expand a bankruptcy court's ability to limit access to papers filed beyond § 107 nor does [it] provide a separate basis for relief." In re Anthracite Capital, Inc., 492 B.R. 162, 181 (Bkrtcy. S.D.N.Y. 2013) (C.Morris, B.J.).

21.      Santa Rosa filed its *Stay Relief Motion* for an order finding that the automatic stay does not apply and/or should not be extended to protect third-party non-debtors to allow Santa Rosa to pursue claims against them.  In connection with the forgoing, Santa Rosa also filed a *Motion for Leave* to honor Paragraph 13 and 23 of the *Amended Protective Order* to which it is bound.  Both the *Stay Relief Motion* and the *Motion for Leave* are pending before this Court.

22.      The Discovery Material, including but not limited to the Settlement Agreement, is crucial to Santa Rosa's claims and must be disclosed and/or filed in connection with its claims against the aforementioned third-party non-debtors.  However, the Discovery Material may be filed only under seal and disclosed in accordance with Paragraphs 9 and 10 of the *Amended Protective Order,* to wit: the Debtors, Debtors' counsel, the US Trustee, and office personnel, *inter alia*.  See id., p. 9, ¶ 13.  On the same vein, Santa Rosa may only use the Discovery Material in a judicial proceeding wherein a claim arises out of the same transaction(s) or occurrence(s) involved in a contested matter, adversary proceeding

or other dispute arising out of or relating to Debtors' Chapter 11 Cases <u>and not for any other purpose</u>, <u>including any other litigation</u> or <u>judicial proceedings</u>.  <u>See</u> Docket No 1084, p. 6, ¶ 8.

23.       In light of the forgoing, Santa Rosa objected to the Settlement Agreement's "Confidential Material" designation in writing and conferred in good faith with the Debtors for its removal in accordance with Paragraph 23 of the *Amended Protective Order* "so as to permit Santa Rosa to disclose its contents and/or file the same" in connection with its claims or other related conversations.   However, this dispute could not be resolved.

24.       In accordance with the forgoing and in connection with its *Stay Relief Motion*, to the extent the Discovery Material is not confidential information, defamatory or scandalous material within the meaning of 11 U.S.C. § 107(b), Santa Rosa respectfully requests this Court release it from the *Amended Protective Order*'s limitations on use and disclosure and modify the "confidential" designation of the Discovery Material to permit Santa Rosa to use, disclose, and/or file the same in connection with its independent non-bankruptcy causes of action or related conversations at any stage of the litigation.

25.       This request is made in good faith and for good cause.

Prayer for Relief

WHEREFORE, the Santa Rosa respectfully request that the Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

[Signatures on next page]

Respectfully submitted.
Dated: February 10, 2020.

**Ferraiuoli** LLC

390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001

*/s/ Sonia E. Colón Colón*
Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
NY State Bar No. 929147
USDC-PR No. 224205
gchico@ferraiuoli.com

-and-

**Ríos Gautier & Cestero C.S.P.**
27 González Giusti Street, Suite 300
Guaynabo, PR 00968-3076
Telephone: (787) 753-7750
Facsimile: (787) 759-6768

*/s/Carlos Ríos Gautier*
Carlos Ríos Gautier
USDC-PR No. 112606
Admitted *Pro Hac Vice*
riosgautierlaw@yahoo.com

Attorneys for
*Santa Rosa Mall, LLC*