**Brower Law Group, APC**

Steven Brower (Pro Hac Vice Pending)
23601 Moulton Pkwy, Suite 220
Laguna Hills, California 92653
Phone: (714) 549-5150
Email: Steve@BrowerLawGroup.com

**Heimerl Law Firm**

Wolfgang Heimerl
30 Wall Street, 8th Floor
New York, New York  10005
Phone: (908) 470-0200
Email: wolfgang@heimerllawfirm.com

*Attorneys for Avoidance Defendant*
  *Select Systems Technology, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et. al., | (Jointly Administered) |
| Debtors. | |
| Kmart Holdings Corporation, | Adversary No. 20-08785 |
| Plaintiff | |
| v. | |
| Select Systems Technology, Inc. | |
| Defendant. | |

**OBJECTION BY DEFENDANT SELECT SYSTEMS TECHNOLOGY, INC.
TO SECOND MOTION (Docket 7204) FOR ORDERS ESTABLISHING
STREAMLINED PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS BROUGHT BY DEBTORS**

## PRELIMINARY STATEMENT

The Debtors have recently[1] elected to file over 740 Avoidance Actions (defined on page 2 of the Motion (Docket 7204)).  Three days later they filed this Motion which, under the guise of "Streamlined Procedures," seeks nothing less than to deprive adversary defendant Select Systems, and hundreds of other adversary defendants, of any reasonable ability to present meritorious defenses before this Court.

In summary, the Debtor has proposed that, as a condition precedent to seeking discovery and a legal determination of rights, adversary defendants are required to travel to New York to participate in a mandatory non-binding mediation, the defendants must pay a portion of the costs of the mediation, and if the hand-picked mediators believe that a defendant has failed to participate in good faith, the court will enter the default of such defendant (but there is no right, even if Debtors fail to participate in good faith, for the mediators to order the dismissal of the adversary proceeding or even to require that the Debtors pay the costs of the mediation).

And, unlike certain Bankruptcy proceedings, it is the understanding of Select Systems that this procedure isn't even being proposed for the benefit of the

---

[1]    The Adversary Action against Select Systems was filed on February 4, 2020.

Debtor's estate, but only for the payment of administrative expenses. While such payment is a legitimate part of Bankruptcy administration, such payment should not be obtained by depriving innocent parties of their due process rights through burdensome procedural hurdles which are meant to create an economic impediment to the assertion of valid defenses.

## FACTUAL BACKGROUND

Select Systems Technology, Inc. is based in California (Adversary Complaint, Docket 7031, par. 13). Select Systems provides security cameras, and the services to support those cameras, to many companies across the US. Invoices are issued in the ordinary course of business and are paid in the ordinary course of business.

The Adversary Complaint here seeks a preference payment of $16,118.98, based on payment of 10 different invoices (none of which, individually, exceeded $3,000) by K-Mart in the 90 days preceding the filing of this Chapter 11 proceeding. Each of these payments was made in the ordinary course of business in exchange for continuing new value. That information was provided to the administrative agent before the filing of the adversary proceeding, but the debtor nonetheless elected to proceed with the filing of this adversary proceeding.[2]

---

[2]    Select System is obviously not seeking a determination on the merits in this motion. However, for the purposes of this Opposition, Select Systems asks the Court to assume that at least some of the 740 adversary defendants (including

While many of the Avoidance Action defendants may elect not to incur the expense of opposing the actions, Select Systems, believing that it has meritorious defenses, has requested that its legal counsel take appropriate steps to defend the action.

So what would the practical effect be, on Select Systems, of the proposed "Streamline Procedures"? According to the "Proposed Order" on cases under $500,000 (Exhibit B to the Streamline Motion), BOTH (par. 30) a representative of Select Systems <u>and</u> its counsel must[3] travel to New York (par 27). It requires that counsel prepare and deliver a mediation statement 7 days in advance. It requires incurring travel costs of about $3,000 (airfare for 2 people, hotel for 2 people). It involves 2 days of time for each of the two people (the 9am flight from LA lands in NY at 6pm), which means that outside counsel will be charging about $9,000 for the mediation. Further, there will be a cost of $1,500 for one-half of the mediation fee (par. 35).

In other words, Select Systems is being asked to spend about $13,500 of attorney fees and travel expenses, plus <u>two</u> days of its representative's time, for

---

Select Systems) have meritorious defenses based on payment in the ordinary course.

[3]    Select Systems acknowledges that there is an "option" for the mediator to allow attendance by telephone. But that is discretionary with the hand-selected mediators and the Proposed Order does <u>not</u> say "any defendant with a principal place of business outside of SDNY can appear by telephone." It would not be appropriate for Debtors to reply to this Opposition by stating that "maybe" we will allow alternatives in certain unspecified circumstances.

mandatory, non-binding mediation of a case ultimately involving a dispute of approximately $16,000. As stated, at least for the purpose of this Opposition, this Court should accept the representation of Select Systems that it has a complete and valid defense to the claims of the Debtors and Select Systems should not be deprived of that defense by an alleged "streamline" motion.

WHEREFORE, Select Systems would request that this Court reject the portion of the proposed Order which purports to require "mandatory mediation."

Dated: February 18, 2020

HEIMERL LAW FIRM

By: Wolfgang Heimerl

30 Wall Street, 8th Floor
New York, New York  10005
Phone: (908) 470-0200
Email: wolfgang@heimerllawfirm.com

*Attorneys for Avoidance Defendant*
*Select Systems Technology, Inc.*