WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                             :    **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,    :    **Case No. 18-23538 (RDD)**
                                                            :
          **Debtors.**[1]                  :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**DECLARATION OF DALE MENENDEZ IN SUPPORT OF DEBTORS' OBJECTION TO MOTION FOR AN ORDER FINDING THE AUTOMATIC STAY INAPPLICABLE OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND <u>MEMORANDUM IN SUPPORT THEREOF</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR - Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc. (3626)); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

I, Dale Menendez, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am currently the Director of Property Claims ("**Property Claims Director**") in the Risk Management Department at Transform SR Holding Management, LLC ("**Transform**"), and formerly held the same position at Sears Holdings Corporation ("**Sears**" and, together with its debtor affiliates, the "**Debtors**", and together with its non-debtor affiliates, the "**Company**").

2. I submit this declaration (the "**Declaration**") in support of the *Debtors' Objection to Motion for An Order Finding the Automatic Stay Inapplicable Or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof*, filed on February 10, 2020 (ECF No. 7211) (the "**Objection**").[2] I have been authorized by the Debtors to submit this Declaration and, unless otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my experience, my review of relevant documents, or information provided to me by other employees of Transform and/or the Company. If called upon to testify, I could and would testify to the facts and opinions set forth herein.

## Background and Qualifications

3. I have approximately 35 years of experience managing and resolving insurance property claims. I joined Sears in 2005 as a Manager of Property Claims. Prior to the Commencement Date, in my role as a Property Claims Director at Sears, I was primarily responsible for managing insurance property claims, property recovery, and subrogation, and supervising a team of property claim managers and property analysts working on such claims. At the time of the Hurricanes Irma and Maria losses, I managed a group of four employees,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

whose primary responsibilities were documenting damages and pursuing insurance claims for property damage from responsible third parties, handling recovery and subrogation, and working and resolving insurance claims submitted to the Company's insurers. I am personally familiar with Sears' risk management and property claims resolution practice.

### The Debtors' Insurance Claims Settlement Practice

4. On the Commencement Date, the Debtors were operating 687 retail stores in forty-nine states, Guam, Puerto Rico, and the U.S. Virgin Islands, which averaged between 94,000 to 159,000 square feet. *See* Riecker Declaration, ¶ 25. With the vast number of stores of such size across numerous states and territories, the Debtors were constantly required to address property damage claims relating to stores caused by natural disasters across multiple states. A critical component of the Company's business was dealing with insurers regarding the Company's numerous stores and operations. On average, prior to the Commencement Date, the Company dealt with approximately 175 property damage claims a month, in amounts ranging from hundreds to millions of dollars. Catastrophic losses sustained due to hurricanes, tornadoes, and floods involving multiple locations resulting in claims to the Company's insurers averaged approximately one to two per year.

5. Prior the Commencement Date, the Debtors also regularly entered into release agreements, proofs of loss, and settlement agreements with their insurers. In fact, the Debtors entered into a settlement agreement that is similar to the Settlement Agreement with their insurers in 2014 regarding the numerous property damage claims related to Hurricanes Irene and Lee. The Settlement Agreement is substantially similar in form to such settlement agreement.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2020, in Hoffman Estates, Illinois.

/s/ Dale Menendez
Dale Menendez
Property Claims Director – Risk Management,
Transform SR Holding Management, LLC