**Hearing Date and Time: March 25, 2020 at 10:00 a.m. (Eastern Time)**
**Response Deadline: March 10, 2020 at 4:00 p.m. (Eastern Time)**

<div style="border:1px solid">

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND BALLOTS SUBMITTED.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS AND BALLOTS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) OR BALLOTS ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S) OR BALLOTS.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL NEECKAUN IRANI, ESQ. AT (650) 802 3019**

</div>

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON DEBTORS' TWELFTH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that, on February 18, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Twelfth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and expunge one or more proofs of claim (the "**Proofs of Claim**") and/or ballots (the "**Ballots**") listed on **Exhibit A** annexed hereto, on the ground(s) that the Debtors have no liability under such Proof of Claim or Ballot because such Proof of Claim or Ballot either: (1) states no basis for the asserted claim, (2) improperly asserts general unsecured claim amounts on the applicable Ballot, (3) asserts no administrative expense claim amount or a claim amount of $0.00 on the applicable Ballot, (4) references claims on the applicable Ballot that have already been reclassified as general unsecured claims pursuant to prior orders entered by the Court or (5) do not assert claims for amounts owed by the Debtors.

**ANY CLAIM THAT THE BANKRUPTCY COURT EXPUNGES AND DISALLOWS WILL BE TREATED AS IF IT HAD NOT BEEN FILED AND YOU WILL NOT BE ENTITLED TO ANY DISTRIBUTION ON ACCOUNT THEREOF**.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, shall apply and govern the Objection to the Claims. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to the respective Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the disallowance and expungement of its applicable Claim(s) or Ballot(s), as listed on **Exhibit A** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the disallowance and expungement of its applicable Claim(s) or Ballot(s), as listed on **Exhibit A** annexed hereto, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **March 10, 2020, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable

portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

        **PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim or Ballot; (iii) a concise statement setting forth the reasons why the Claim or Ballot should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim or Ballot on Claimant's behalf.

        **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

        **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the *Amended Case Management Order* and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

        **PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **March 25, 2020, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) or Ballots that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Claim(s) or Ballot(s), then the Hearing on the Objection with respect to such Claim(s) or Ballot(s) will be held at a later date. If the Debtors do not continue the Hearing with respect to such Claim(s) or Ballot(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection with respect to the Claims or Ballot(s) listed on **Exhibit A** hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit B** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Claims or Ballots listed on **Exhibit A** hereto, the Debtors retain the right to object on other grounds to the Claim(s) or Ballot(s) (or to any other Claim(s) or Ballot(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that any responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.

Dated:  February 18, 2020
        New York, New York

/s/ Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**No Liability Claims**

Debtors' First Omnibus Objection to Non-Opt-Out Claims

Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 1. | 10 MANAGEMENT INCORPORATED, INC | 4521 | 182353801039878 | $38,985.00 | $38,985.00 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 2. | 3M PUERTO RICO INC | N/A | 182353801017088 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 3. | 8 TO 20 PARTNERS LLC | N/A | 182353801013897 | $984,745.50 | $984,745.50 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 4. | AGILENCE, INC | N/A | 182353801039909 | $27,500.00 | $27,500.00 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 5. | ALEXANDER, FELICIA | 10570 | 182353801042747 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 6. | AMERICAN PRIDE MECHANICAL INC | N/A | 182353801039920 | $30,210.93 | $30,210.93 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 7. | AMERICAN TELECAST PRODUCTS LLC | N/A | 182353801013953 | $9,237.20 | $9,237.20 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 8. | Amscan Inc | N/A | 182353801017523 | $13,039.56 | $13,039.56 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 9. | ANILTA CORPORATION | N/A | 182353801017730 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 10. | AVANTI, LOUISA | 14313 | 182353801042893 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 11. | AVANTI, LOUISA | 18374 | 182353801042893 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 12. | BARNES, ROSEMARY | 18870 | 182353801042837 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 13. | BAUZELLE, VIRGINIA | 10809 | 182353801043272 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 14. | BEAUMONT PRODUCTS INC | N/A | 182353801016921 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 15. | Benitez Hermanos, Inc. | 1688 | 182353801043287 | $625,555.18 | $625,555.18 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 16. | Birchwood Snow & Landscaping Contractors | N/A | 182353801039976 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 17. | Blue Heron Restaurant Operations, Inc. | N/A | 182353801043501 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 18. | BME Inc | N/A | 182353801042972 | $69,534.96 | $69,534.96 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 19. | BOSH ENTERPRISES INC | 18766 | 182353801042934 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 20. | Braga, Stephen | 13432 | 182353801042957 | $110.00 | $110.00 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 21. | BRAXTON, LORI | 11616 | 182353801043296 | $173,500,000.00 | $173,500,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 22. | BROOKE GRAPHICS LLC | N/A | 182353801014106 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 23. | BROOKS, DONALD R | 19432 | 182353801043320 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 24. | CALCULATED INDUSTRIES INC | N/A | 182353801016534 | $1,462.73 | $1,462.73 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 25. | CALTAGIRONE, REGINA | 18898 | 182353801042383 | $5,000.00 | $5,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 26. | CAPE ELECTRICAL SUPPLY LLC | N/A | 182353801016560 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 27. | CHEUNG TAI PLASTIC FACTORY LTD | N/A | 182353801017553 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 28. | Daily News | N/A | 182353801042857 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |
| 29. | DAVID M FAGAN OD PA | N/A | 182353801016317 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 30. | DIALOGTECH INC | N/A | 182353801043037 | $3,130.33 | $3,130.33 | Post-petition AP balance is not the Debtors' liability due to contracts assumed by Transform Holdco LLC |
| 31. | DUARTE, RICARDO A | 18202 | 182353801040149 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 32. | E GLUCK CORPORATION | N/A | 182353801015834 | $330,964.51 | $330,964.51 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |

Debtors' First Omnibus Objection to Non-Opt-Out Claims

Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | | | | | Schedule of Administrative Expense Claims to be Disallowed and Expunged* | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 33. | EASTRIDGE OPTOMETRY INC | N/A | 182353801014329 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 34. | EZ Maintenance Services, LLC | N/A | 182353801042242 | $148,400.79 | $148,400.79 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 35. | FASHION M INC | N/A | 182353801015463 | $13,431.71 | $13,431.71 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 36. | FAUX, BRENDA | 14994 | 182353801040212 | $20,000.00 | $20,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 37. | FERGUSON, JASMINE K | 11203 | 182353801040214 | $278.00 | $278.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 38. | Foster, Paula & Kenneth | 12037 | 182353801042311 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 39. | GABYS BAGS LLC | 11576 | 182353801015613 | $9,269.67 | $9,269.67 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 40. | GABYS BAGS LLC | 15252 | 182353801015613 | $9,269.67 | $9,269.67 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 41. | GABYS BAGS LLC | 16631 | 182353801015613 | $9,269.67 | $9,269.67 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 42. | GAMBLE, FAITH | 18820 | 182353801040229 | $250,000.00 | $250,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 43. | Glover, Warren | 9005 | 182353801042434 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 44. | GOLD WING TRADING INC | 3462 | 182353801014470 | $3,881.69 | $3,881.69 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 45. | GOLD WING TRADING INC | 11134 | 182353801014470 | $3,881.69 | $3,881.69 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 46. | GROUP O MARKETING SOLUTIONS | N/A | 182353801040263 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 47. | HARRISON, LILLE | 18868 | 182353801042987 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 48. | HAYGOOD, PEGGY | 12764 | 182353801042995 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

3

Debtors' First Omnibus Objection to Non-Opt-Out Claims

Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | | | | | |
|---|---|---|---|---|---|
|  | Schedule of Administrative Expense Claims to be Disallowed and Expunged* |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 49. | Hongkong Mingyuan Trading Co Ltd | N/A | 182353801015304 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 50. | Infinite Peripherals, Inc. | 1900 | 182353801040328 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously expunged in First Omnibus Objection approved in the Court Order (ECF No. 6019) |
| 51. | Infinite Peripherals, Inc. | 1979 | 182353801040328 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously expunged in First Omnibus Objection approved in the Court Order (ECF No. 6019) |
| 52. | JEWELRYAFFAIRS | N/A | 182353801014902 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 53. | KIDDIELAND TOYS LIMITED | N/A | 182353801017591 | $41,777.20 | $41,777.20 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 54. | King, William | 12761 | 182353801042099 | $5,951.90 | $5,951.90 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 55. | KRISAR ENTERPRISES | N/A | 182353801014696 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 56. | Loftin, Linda | 11904 | 182353801041587 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 57. | LOZADA, EDWIN | 10855 | 182353801041603 | $13,041.01 | $13,041.01 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 58. | LUCKETT, LIMITEE | 12533 | 182353801040439 | $5,000.00 | $5,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 59. | MARIAM ABRAR | N/A | 182353801019079 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 60. | MARK H LTD | N/A | 182353801017057 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 61. | Martinez, Sarah | 10269 | 182353801041659 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 62. | MATARAZZI CONTRACTING LLC | N/A | 182353801041662 | $110,139.97 | $110,139.97 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 63. | McDonald's Corporation | N/A | 182353801043499 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 64. | McDonald's Restaurants of Florida, Inc. | N/A | 182353801043496 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

4

Debtors' First Omnibus Objection to Non-Opt-Out Claims

Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | **Schedule of Administrative Expense Claims to be Disallowed and Expunged\*** | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 65. | McDonald's Restaurants of Hawaii, Inc. | N/A | 182353801043497 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 66. | McDonald's USA, LLC | N/A | 182353801043498 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 67. | MCGRAW, THEDORE & MARJORIE | 10305 | 182353801040466 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Ninth Omnibus Objection approved in the Court Order (ECF No. 6043) |
| 68. | Mechanical Tech Group, Inc. | N/A | 182353801019179 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 69. | MELISSA MCDONALD | N/A | 182353801019210 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 70. | MIKES CLEAN SWEEP | N/A | 182353801040489 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |
| 71. | MODELOGIC MIDWEST LLC | N/A | 182353801041773 | $15,250.42 | $15,250.42 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 72. | Morris Costumes Inc. | N/A | 182353801019367 | $35,354.82 | $35,354.82 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 73. | Morrow Meadows Corporation | N/A | 182353801041789 | $42,580.57 | $42,580.57 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 74. | NATIONAL CHRISTMAS PRODUCTS INC | N/A | 182353801019433 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 75. | Net Health Shops LLC | N/A | 182353801019474 | $13,459.41 | $13,459.41 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 76. | NEW PIONEER INDUSTRIAL LIMITED | N/A | 182353801017451 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 77. | Norwood, Starla | 18698 | 182353801042034 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 78. | NOVA GENESIS INTL CO LTD | N/A | 182353801017010 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 79. | NVE INC | N/A | 182353801019554 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 80. | ONYX CORPORATION | N/A | 182353801043344 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | |
|---|---|---|---|---|---|
| **Schedule of Administrative Expense Claims to be Disallowed and Expunged*** | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 81. | PACE Claims Services LLC | N/A | 182353801019690 | $27,800.00 | $27,800.00 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 82. | PERINE LOWE INC | N/A | 182353801019780 | $18,437.25 | $18,437.25 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 83. | PJ CHONBURI PARAWOOD CO., LTD. | N/A | 182353801017052 | $112,289.49 | $112,289.49 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 84. | PlusOne Solutions, Inc. | N/A | 182353801041378 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |
| 85. | POKE, SABRINA J. | 13230 | 182353801041384 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Ninth Omnibus Objection approved in the Court Order (ECF No. 6043) |
| 86. | PREMIER HORTICULTURE INC | N/A | 182353801019878 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 87. | PRIME GLOBAL PRODUCTS INC | N/A | 182353801019896 | $9,040.57 | $9,040.57 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 88. | QUALITY BREWING INC | N/A | 182353801019980 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 89. | RASMUSSEN, CAROLYN | 19795 | 182353801041491 | $9,761.92 | $9,761.92 | The support provided for the claim indicates no liability of the Debtors |
| 90. | Resurs2 Corporation | 8533 | 182353801018603 | $10,958.00 | $10,958.00 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 91. | Rightline Gear, Inc. | N/A | 182353801041614 | $21,711.50 | $21,711.50 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 92. | RMS INTERNATIONAL USA INC | N/A | 182353801018685 | $175,880.58 | $175,880.58 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 93. | RUYI DESIGN & MANUFACTURE INC | N/A | 182353801020148 | $221,955.36 | $221,955.36 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 94. | SAKUTORI DESIGNS LLC | N/A | 182353801020181 | $21,388.50 | $21,388.50 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 95. | SAMUEL K AMEYAW | N/A | 182353801033155 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 96. | SELECT EXPRESS & LOGISTICS LLC | N/A | 182353801020284 | $1,920.20 | $1,920.20 | Post-petition AP balance is not the Debtors' liability due to contracts assumed by Transform Holdco LLC |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

6

Debtors' First Omnibus Objection to Non-Opt-Out Claims

Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | | | | | |
|---|---|---|---|---|---|
| 6: **Schedule of Administrative Expense Claims to be Disallowed and Expunged*** |

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 97. | SMOKY MOUNTAIN BOOTS INC | N/A | 182353801020464 | $20,436.00 | $20,436.00 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 98. | SOHO DESIGNS LLP | N/A | 182353801018817 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 99. | SOUTH PACIFIC FASHIONS LTD | N/A | 182353801013857 | $1,221,732.99 | $1,221,732.99 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 100. | STOREX INDUSTRIES CORPORATION | N/A | 182353801017395 | $8,796.26 | $8,796.26 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 101. | SUMMER RIO CORP | N/A | 182353801020495 | $16,601.56 | $16,601.56 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 102. | TEE ZED PRODUCTS LLC | N/A | 182353801020624 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 103. | THREE STARS FASHION | N/A | 182353801039835 | $154,883.07 | $154,883.07 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 104. | TRENDS INTERNATIONAL INC | N/A | 182353801020833 | $28,832.11 | $28,832.11 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 105. | VILLAS SERVICES | N/A | 182353801040861 | $13,052.05 | $13,052.05 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 106. | WASHINGTON, MARY | 9904 | 182353801040992 | $14,282.31 | $14,282.31 | The support provided for the claim indicates no liability of the Debtors |
| 107. | WEAVETEX OVERSEAS | N/A | 182353801043128 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 108. | WEST JUNCTION INC | N/A | 182353801021222 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 109. | WILLERT HOME PRODUCTS INC | N/A | 182353801021274 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 110. | WILLIAMS, KENYA | 19120 | 182353801041070 | $13,011.64 | $13,011.64 | The support provided for the claim indicates no liability of the Debtors |
| 111. | WILLIAMS, LINDA | 16868 | 182353801041071 | $1,280.00 | $1,280.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 112. | WILLIAMS, RHONDA | 16940 | 182353801041072 | $10,282.58 | $10,282.58 | The support provided for the claim indicates no liability of the Debtors |

**Debtors' First Omnibus Objection to Non-Opt-Out Claims**
**Exhibit 1 - Disallowed and Expunged Claims**

**In re: Sears Holdings Corporation, *et al.***
**Case No. 18-23538 (RDD)**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | **Schedule of Administrative Expense Claims to be Disallowed and Expunged*** | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 113. | Zircon Corporation | N/A | 182353801021421 | $36,789.25 | $36,789.25 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

## **Exhibit B**

## **Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
In re                                                          :          **Chapter 11**
:
**SEARS HOLDINGS CORPORATION**, *et al.*,        :          **Case No. 18-23538 (RDD)**
:
Debtors.[1]                                       :          **(Jointly Administered)**
:
:
------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

   The claims hearing procedures (the "**Claims Hearing Procedures**") described herein

have been ordered by the United States Bankruptcy Court for the Southern District of New York

(the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and

its affiliated debtors (collectively, the "**Debtors**").

### Claims Hearing Procedures

1.  Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.  The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.  The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.  The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

    (i)   For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

    (ii)  For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.  Discovery with respect to a Contested Claim will not be permitted until either:   (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.  The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.  The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

8.    **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **CHAPTER 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## DEBTORS' TWELFTH OMNIBUS OBJECTION TO
## PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND BALLOTS SUBMITTED.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS OR BALLOTS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL NEECKAUN IRANI, ESQ. AT (650) 802 3019**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

## Background

1.     Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.     On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of*

the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.    On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370).

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.    The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing and expunging the claims and ballots listed on **Exhibit A** annexed hereto, under the heading "*Disallowed and Expunged Claims*" (the "**No Liability Claims**").

9.    The Debtors have examined each No Liability Claim, all documentation provided with respect to each No Liability Claim, and the Debtors' respective books and records, and have determined in each case the No Liability Claims assert claims against the Debtors,

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

3

through a ballot or proof of claim form, as applicable, for which the Debtors have no liability. Each of the respective ballots or proofs of claims associated with the No Liability Claims should be disallowed and expunged on the basis that it falls into at least one of the following categories: (1) the ballot improperly asserts a claim amount associated with a proof of claim asserting a general unsecured claim in the same amount, (2) the ballot asserts an administrative expense claim amount of $0.00, (3) the ballot references proofs of claim that have been reclassified as general unsecured claims pursuant to prior orders entered by the Court, (4) the proof of claim does not assert claims for amounts owed by the Debtors, (5) the proof of claim states no basis for the asserted claim.

10.     The Debtors, therefore, request that the No Liability Claims be disallowed and expunged.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

<div align="center">

**The No Liability Claims Should Be Disallowed**

</div>

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See Residential Capital, LLC*, 2016 WL 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, 2012 WL 1886755, at *3 (S.D.N.Y. 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010).

12.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis

that, among other things, such claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

13.     As set forth above, the No Liability Claims assert recovery for amounts for which the Debtors are not liable, and such claims are routinely disallowed and expunged. *See, e.g., In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same).    Further, this Bankruptcy Court routinely disallows and expunges claims for which no supporting documentation has been submitted by the claimant. *See, e.g., In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Apr. 11, 2017) (ECF No. 1164) (disallowing and expunging claims without sufficient documentation); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Apr. 21, 2016) (ECF No. 478) (same).

14.     The Debtors have reviewed the No Liability Claims, all documents furnished by the claimants with respect to the No Liability Claims, and the Debtors' books and records, and have determined that each corresponding ballot or proof of claim, as applicable, asserts a claim for which the Debtors have no liability on at least one of the bases set forth in paragraph 9 above.

15.     To ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the Debtors' estates, the Debtors request that the Court disallow and expunge in their entirety the No Liability Claims.

## **Reservation of Rights**

16.     The Debtors hereby reserve the right to object, as applicable, in the future to any proofs of claim or ballot subject to this Objection on any ground, and to amend, modify, or

supplement this Objection to the extent an objection to a Claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

**Notice**

17.    Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: February 18, 2020
      New York, New York

                                    */s/* Garrett A. Fail
                                    Ray C. Schrock, P.C.
                                    Jacqueline Marcus
                                    Garrett A. Fail
                                    Sunny Singh
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007

                                    *Attorneys for Debtors*
                                    *and Debtors in Possession*

## Exhibit A

**No Liability Claims**

## Exhibit B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :        **CHAPTER 11**
                                                       :
**SEARS HOLDINGS CORPORATION**, *et al.*,              :        **Case No. 18-23538 (RDD)**
                                                       :
              **Debtors.**[1]                          :        **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWELFTH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

Upon the *Debtors' Twelfth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)*, filed February 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the No Liability Claims (as defined below), and (ii) granting related relief, all as more fully set forth in the Objection; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Objection on March 25, 2020 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim and ballot listed on **Exhibit 1** annexed hereto, under the heading "*Amount Disallowed and Expunged*" (the "**No Liability Claims**") is disallowed and expunged in its entirety from the Debtors' claims register.

3.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

4.    The terms and conditions of this Order are effective immediately upon

entry.


Dated: _____, 2020
          White Plains, New York


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**No Liability Claims**

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
|---|---|---|---|---|---|---|
| | | | **Schedule of Administrative Expense Claims to be Disallowed and Expunged*** | | | |
| 1. | 10 MANAGEMENT INCORPORATED, INC | 4521 | 182353801039878 | $38,985.00 | $38,985.00 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 2. | 3M PUERTO RICO INC | N/A | 182353801017088 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 3. | 8 TO 20 PARTNERS LLC | N/A | 182353801013897 | $984,745.50 | $984,745.50 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 4. | AGILENCE, INC | N/A | 182353801039909 | $27,500.00 | $27,500.00 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 5. | ALEXANDER, FELICIA | 10570 | 182353801042747 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 6. | AMERICAN PRIDE MECHANICAL INC | N/A | 182353801039920 | $30,210.93 | $30,210.93 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 7. | AMERICAN TELECAST PRODUCTS LLC | N/A | 182353801013953 | $9,237.20 | $9,237.20 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 8. | Amscan Inc | N/A | 182353801017523 | $13,039.56 | $13,039.56 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 9. | ANILTA CORPORATION | N/A | 182353801017730 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 10. | AVANTI, LOUISA | 14313 | 182353801042893 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 11. | AVANTI, LOUISA | 18374 | 182353801042893 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 12. | BARNES, ROSEMARY | 18870 | 182353801042837 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 13. | BAUZELLE, VIRGINIA | 10809 | 182353801043272 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 14. | BEAUMONT PRODUCTS INC | N/A | 182353801016921 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 15. | Benitez Hermanos, Inc. | 1688 | 182353801043287 | $625,555.18 | $625,555.18 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 16. | Birchwood Snow & Landscaping Contractors | N/A | 182353801039976 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

1

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | |
|---|---|---|---|---|---|
| **Schedule of Administrative Expense Claims to be Disallowed and Expunged*** | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 17. | Blue Heron Restaurant Operations, Inc. | N/A | 182353801043501 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 18. | BME Inc | N/A | 182353801042972 | $69,534.96 | $69,534.96 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 19. | BOSH ENTERPRISES INC | 18766 | 182353801042934 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 20. | Braga, Stephen | 13432 | 182353801042957 | $110.00 | $110.00 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 21. | BRAXTON, LORI | 11616 | 182353801043296 | $173,500,000.00 | $173,500,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 22. | BROOKE GRAPHICS LLC | N/A | 182353801014106 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 23. | BROOKS, DONALD R | 19432 | 182353801043320 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 24. | CALCULATED INDUSTRIES INC | N/A | 182353801016534 | $1,462.73 | $1,462.73 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 25. | CALTAGIRONE, REGINA | 18898 | 182353801042383 | $5,000.00 | $5,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 26. | CAPE ELECTRICAL SUPPLY LLC | N/A | 182353801016560 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 27. | CHEUNG TAI PLASTIC FACTORY LTD | N/A | 182353801017553 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 28. | Daily News | N/A | 182353801042857 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |
| 29. | DAVID M FAGAN OD PA | N/A | 182353801016317 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 30. | DIALOGTECH INC | N/A | 182353801043037 | $3,130.33 | $3,130.33 | Post-petition AP balance is not the Debtors' liability due to contracts assumed by Transform Holdco LLC |
| 31. | DUARTE, RICARDO A | 18202 | 182353801040149 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 32. | E GLUCK CORPORATION | N/A | 182353801015834 | $330,964.51 | $330,964.51 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | Schedule of Administrative Expense Claims to be Disallowed and Expunged* |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 33. | EASTRIDGE OPTOMETRY INC | N/A | 182353801014329 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 34. | EZ Maintenance Services, LLC | N/A | 182353801042242 | $148,400.79 | $148,400.79 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 35. | FASHION M INC | N/A | 182353801015463 | $13,431.71 | $13,431.71 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 36. | FAUX, BRENDA | 14994 | 182353801040212 | $20,000.00 | $20,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 37. | FERGUSON, JASMINE K | 11203 | 182353801040214 | $278.00 | $278.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 38. | Foster, Paula & Kenneth | 12037 | 182353801042311 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 39. | GABYS BAGS LLC | 11576 | 182353801015613 | $9,269.67 | $9,269.67 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 40. | GABYS BAGS LLC | 15252 | 182353801015613 | $9,269.67 | $9,269.67 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 41. | GABYS BAGS LLC | 16631 | 182353801015613 | $9,269.67 | $9,269.67 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 42. | GAMBLE, FAITH | 18820 | 182353801040229 | $250,000.00 | $250,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 43. | Glover, Warren | 9005 | 182353801042434 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 44. | GOLD WING TRADING INC | 3462 | 182353801014470 | $3,881.69 | $3,881.69 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 45. | GOLD WING TRADING INC | 11134 | 182353801014470 | $3,881.69 | $3,881.69 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 46. | GROUP O MARKETING SOLUTIONS | N/A | 182353801040263 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 47. | HARRISON, LILLE | 18868 | 182353801042987 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 48. | HAYGOOD, PEGGY | 12764 | 182353801042995 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.    3

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
| Schedule of Administrative Expense Claims to be Disallowed and Expunged* | | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 49. | Hongkong Mingyuan Trading Co Ltd | N/A | 182353801015304 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 50. | Infinite Peripherals, Inc. | 1900 | 182353801040328 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously expunged in First Omnibus Objection approved in the Court Order (ECF No. 6019) |
| 51. | Infinite Peripherals, Inc. | 1979 | 182353801040328 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously expunged in First Omnibus Objection approved in the Court Order (ECF No. 6019) |
| 52. | JEWELRYAFFAIRS | N/A | 182353801014902 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 53. | KIDDIELAND TOYS LIMITED | N/A | 182353801017591 | $41,777.20 | $41,777.20 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 54. | King, William | 12761 | 182353801042099 | $5,951.90 | $5,951.90 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 55. | KRISAR ENTERPRISES | N/A | 182353801014696 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 56. | Loftin, Linda | 11904 | 182353801041587 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 57. | LOZADA, EDWIN | 10855 | 182353801041603 | $13,041.01 | $13,041.01 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 58. | LUCKETT, LIMITEE | 12533 | 182353801040439 | $5,000.00 | $5,000.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 59. | MARIAM ABRAR | N/A | 182353801019079 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 60. | MARK H LTD | N/A | 182353801017057 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 61. | Martinez, Sarah | 10269 | 182353801041659 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 62. | MATARAZZI CONTRACTING LLC | N/A | 182353801041662 | $110,139.97 | $110,139.97 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 63. | McDonald's Corporation | N/A | 182353801043499 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 64. | McDonald's Restaurants of Florida, Inc. | N/A | 182353801043496 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | **Schedule of Administrative Expense Claims to be Disallowed and Expunged*** | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 65. | McDonald's Restaurants of Hawaii, Inc. | N/A | 182353801043497 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 66. | McDonald's USA, LLC | N/A | 182353801043498 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 67. | MCGRAW, THEDORE & MARJORIE | 10305 | 182353801040466 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Ninth Omnibus Objection approved in the Court Order (ECF No. 6043) |
| 68. | Mechanical Tech Group, Inc. | N/A | 182353801019179 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 69. | MELISSA MCDONALD | N/A | 182353801019210 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 70. | MIKES CLEAN SWEEP | N/A | 182353801040489 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |
| 71. | MODELOGIC MIDWEST LLC | N/A | 182353801041773 | $15,250.42 | $15,250.42 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 72. | Morris Costumes Inc. | N/A | 182353801019367 | $35,354.82 | $35,354.82 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 73. | Morrow Meadows Corporation | N/A | 182353801041789 | $42,580.57 | $42,580.57 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 74. | NATIONAL CHRISTMAS PRODUCTS INC | N/A | 182353801019433 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 75. | Net Health Shops LLC | N/A | 182353801019474 | $13,459.41 | $13,459.41 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 76. | NEW PIONEER INDUSTRIAL LIMITED | N/A | 182353801017451 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 77. | Norwood, Starla | 18698 | 182353801042034 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Fifth Omnibus Objection approved in the Court Order (ECF No. 5994) |
| 78. | NOVA GENESIS INTL CO LTD | N/A | 182353801017010 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 79. | NVE INC | N/A | 182353801019554 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 80. | ONYX CORPORATION | N/A | 182353801043344 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |

Debtors' First Omnibus Objection to Non-Opt-Out Claims

Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | Schedule of Administrative Expense Claims to be Disallowed and Expunged* | | | | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 81. | PACE Claims Services LLC | N/A | 182353801019690 | $27,800.00 | $27,800.00 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 82. | PERINE LOWE INC | N/A | 182353801019780 | $18,437.25 | $18,437.25 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 83. | PJ CHONBURI PARAWOOD CO., LTD. | N/A | 182353801017052 | $112,289.49 | $112,289.49 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 84. | PlusOne Solutions, Inc. | N/A | 182353801041378 | $0.00 | Entire Claim | The asserted amount of Administrative Expense Claim is $0 |
| 85. | POKE, SABRINA J. | 13230 | 182353801041384 | Unliquidated | Entire Claim | The Ballot is rejected because it was previously reclassified to general unsecured claim in Ninth Omnibus Objection approved in the Court Order (ECF No. 6043) |
| 86. | PREMIER HORTICULTURE INC | N/A | 182353801019878 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 87. | PRIME GLOBAL PRODUCTS INC | N/A | 182353801019896 | $9,040.57 | $9,040.57 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 88. | QUALITY BREWING INC | N/A | 182353801019980 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 89. | RASMUSSEN, CAROLYN | 19795 | 182353801041491 | $9,761.92 | $9,761.92 | The support provided for the claim indicates no liability of the Debtors |
| 90. | Resurs2 Corporation | 8533 | 182353801018603 | $10,958.00 | $10,958.00 | The Ballot is rejected because it was previously reclassified to general unsecured claim in Second Omnibus Objection approved in the Court Order (ECF No. 5997) |
| 91. | Rightline Gear, Inc. | N/A | 182353801041614 | $21,711.50 | $21,711.50 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 92. | RMS INTERNATIONAL USA INC | N/A | 182353801018685 | $175,880.58 | $175,880.58 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 93. | RUYI DESIGN & MANUFACTURE INC | N/A | 182353801020148 | $221,955.36 | $221,955.36 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 94. | SAKUTORI DESIGNS LLC | N/A | 182353801020181 | $21,388.50 | $21,388.50 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 95. | SAMUEL K AMEYAW | N/A | 182353801033155 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 96. | SELECT EXPRESS & LOGISTICS LLC | N/A | 182353801020284 | $1,920.20 | $1,920.20 | Post-petition AP balance is not the Debtors' liability due to contracts assumed by Transform Holdco LLC |

Debtors' First Omnibus Objection to Non-Opt-Out Claims
Exhibit 1 - Disallowed and Expunged Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | |
|---|---|---|---|---|---|
| Schedule of Administrative Expense Claims to be Disallowed and Expunged* | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 97. | SMOKY MOUNTAIN BOOTS INC | N/A | 182353801020464 | $20,436.00 | $20,436.00 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 98. | SOHO DESIGNS LLP | N/A | 182353801018817 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 99. | SOUTH PACIFIC FASHIONS LTD | N/A | 182353801013857 | $1,221,732.99 | $1,221,732.99 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 100. | STOREX INDUSTRIES CORPORATION | N/A | 182353801017395 | $8,796.26 | $8,796.26 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 101. | SUMMER RIO CORP | N/A | 182353801020495 | $16,601.56 | $16,601.56 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 102. | TEE ZED PRODUCTS LLC | N/A | 182353801020624 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 103. | THREE STARS FASHION | N/A | 182353801039835 | $154,883.07 | $154,883.07 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 104. | TRENDS INTERNATIONAL INC | N/A | 182353801020833 | $28,832.11 | $28,832.11 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 105. | VILLAS SERVICES | N/A | 182353801040861 | $13,052.05 | $13,052.05 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |
| 106. | WASHINGTON, MARY | 9904 | 182353801040992 | $14,282.31 | $14,282.31 | The support provided for the claim indicates no liability of the Debtors |
| 107. | WEAVETEX OVERSEAS | N/A | 182353801043128 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 108. | WEST JUNCTION INC | N/A | 182353801021222 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim for Admin Claims associated |
| 109. | WILLERT HOME PRODUCTS INC | N/A | 182353801021274 | Unliquidated | Entire Claim | The Claim relates to the Ballot with unspecified amount and without any Proof of Claim associated |
| 110. | WILLIAMS, KENYA | 19120 | 182353801041070 | $13,011.64 | $13,011.64 | The support provided for the claim indicates no liability of the Debtors |
| 111. | WILLIAMS, LINDA | 16868 | 182353801041071 | $1,280.00 | $1,280.00 | The Claim provides no basis and no support for the asserted Administrative Expense Claim amount. |
| 112. | WILLIAMS, RHONDA | 16940 | 182353801041072 | $10,282.58 | $10,282.58 | The support provided for the claim indicates no liability of the Debtors |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' First Omnibus Objection to Non-Opt-Out Claims**
**Exhibit 1 - Disallowed and Expunged Claims**

*In re: Sears Holdings Corporation, et al.*
**Case No. 18-23538 (RDD)**

| Schedule of Administrative Expense Claims to be Disallowed and Expunged* | | | | | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Disallowed and Expunged | Reason for Proposed Disallowance and Expungement |
| 113. | Zircon Corporation | N/A | 182353801021421 | $36,789.25 | $36,789.25 | The total Administrative Expense Claim amount asserted in the Ballot submitted is equal to the total amount of previously filed general unsecured claim(s) |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.