## Pleadings Chart (Exhibit A)

| Date Filed | Pleading | Purpose of Pleading | Status/Result |
|---|---|---|---|
| **I. Motion to Disclose Status of Insurance** | | | |
| **December 14, 2018** | *Motion to Compel the Debtor to (i) Disclose Status of Insurance Claim; (ii) Deposit Any Insurance Proceed Into Separate Account to be Used Exclusively to Repair the Insured Demised Premises; and (iii) Alternatively, Find the Automatic Stay Inapplicable to the Insurance Proceeds* (the "*Motion to Compel*", Docket. No. 1240). | Santa Rosa Mall, LLC ("Santa Rosa") requested the Debtors disclose the status of the insurance claim and an order to declare that any insurance proceeds obtained by the Debtor are not part of the bankruptcy estate to the extent they relate to Santa Rosa. | The Debtors filed an *Objection* (Docket No. 2512) to the *Motion to Compel* on February 8, 2019, wherein they alleged that Santa Rosa was not a loss payee under the *Contract of Insurance*. |
| **March 13, 2019** | *Reply to Debtor's Objection to Motion for Entry of Order Compelling Debtor to Disclose Status of Insurance Claim and Deposit any Insurance Proceeds Into Separate Account* (the "*Reply to Objection to Motion to Compel*", Docket No. 2828) | In support of the *Motion to Compel*, Rosa Mall requested the Court to declare that Santa Rosa Mall was a loss payee and/or a third party beneficiary under the *Contract of Insurance*. | At the hearing held on March 21, 2019, Judge Drain stated the following *inter alia*: "I think if you're actually seeking to impose an equitable lien or reform an agreement, you need to move by adversary proceeding because you're looking for a declaratory judgment." March 21, 2019, Hr'g. Tr. 81:20-24." "So, my inclination is to adjourn this so that the parties can develop the proper evidentiary record and for you to complete your discovery o[n] Aon, for example." March 21, 2019, Hr'g. Tr. 83:3-5. |
| **II. Motion for Relief from Stay** | | | |
| **May 1, 2019** | *Motion for Relief from Stay and Memorandum in Support Thereof and/or to Declare that the Insurance Proceeds Are Not Part of the Bankruptcy Estate* (the "*First Stay Relief Motion*", Docket No. 3475) | In its *First Stay Relief Motion*, Santa Rosa moved the Court to declare the insurance proceeds were not part of the Bankruptcy estate and must be exclusively applied to the restoration or rebuilding of Santa Rosa, and to grant limited relief from the automatic stay so it may seek non-bankruptcy relief against the insurance company, produces, agents, and/or underwriters involved with the insurance settlement.<br><br>A an adversary proceeding was filed on June 7, 2019, and we agreed to withdraw *Section A* of the *First Stay Relief Motion* regarding whether the insurance proceeds were or were not part of the Bankruptcy Estate. | At the hearing held on June 20, 2019, Court stated, *inter alia*: "I'm not going to deny it. You can keep it on the calendar and put it on for a hearing after a ruling in the adversary proceeding on the merits. I guess the one other basis for putting it back on the calendar is if you can show me that you have a direct relationship with Aon -- not with Aon -- with -- yeah, with Aon, the broker, where they owe you a duty independent of the debtors' conduct." June 20, 2019, Hr'g. Tr. 8:2-11. |

| | | The Debtors filed an *Objection* (Docket No. 4224), to the *First Stay Relief Motion* on June 13, 2019, wherein they alleged that "should [Santa Rosa] file suit against AIG … such proceeding could require the Debtors to bear the Insurers' litigation expenses" because of an alleged indemnity obligation. Docket No. 4224, ¶ 16. | |
|---|---|---|---|
| June 7, 2019 | *Adversary Complaint* against Sears Holdings Corporation, and Sears, Roebuck de Puerto Rico, Inc. (the "*Adversary Complaint*", Adv. Proc. No. 19-08266, Docket No. 1) | The *Adversary Complaint* sought, *inter alia*, the specific performance of the *Lease Agreement*, and a declaratory judgment affirming that Santa Rosa was included among the insured and had a right to payment to the extent of its interest under the *Contract of Insurance*.<br><br>The *Adversary Complaint* also sought a declaratory judgment that the insurance proceeds are not part of the bankruptcy estate and should be exclusively applied to the restoration or rebuilding of Santa Rosa; to reform the *Contract of Insurance*; and, in the alernative, a constructive trust be enforced and/or the an equitable lien be placed on the affrometioned insurance proceeds to the extent of Santa Rosa's interest. | On August 15, 2019, the Santa Rosa and the Debtors stipulated the dismissal of the *Adversary Complaint* without prejudice (Adv. Proc. No. 19-08266, Docket No. 11, ¶ 4). |
| September 11, 2019 | *Supplemental Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum of Law in Support Thereof* (the "*Second Stay Relief Motion*", Docket No. 5124) | The *Second Stay Relief Motion* sought relief to prosecute independent, non-core, non-bankruptcy causes of action against both the Underwriters and Aon on account of an insurance claim alleged as improperly paid. As such, Santa Rosa requested the Court find the automatic stay did not extend to the Underwriters or Aon. In the alternative, Santa Rosa requested the Court modify the automatic stay. | The Debtors' and Santa Rosa reached a *Stipulation* which provides, *inter alia*, the automatic stay shall be modified solely to pursue independent causes of action against Aon. Paragraphs 3 and 4 of the *Stipulation* specifically provide that nothing in the *Stipulation* shall prohibit Santa Rosa from filing an action against the Underwriters and/or filing a subsequent motion for relief from stay. The *Stipulation* was granted by the Court on October 21, 2019 (Docket No. 5435). |
| January 7, 2020 | *Motion for and an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic* | The *Third Stay Relief Motion* seeks relief to prosecute independent, non-core, non-bankruptcy causes of action against both the | The *Third Stay Relief Motion* will be discussed at the Omnibus Hearing scheduled for **February 24, 2020**. |

-2-

|  |  |  |  |
|---|---|---|---|
|  | *Stay and Memorandum in Support Thereof* (the "*Third Stay Relief Motion*", Docket No. 6317) | Underwriters and Aon *jointly* in a single forum on account of an insurance claim alleged as improperly paid. As such, Santa Rosa requested the Court find the automatic stay did not extend to the Underwriters and, in the alternative, to modify the automatic stay. |  |
| **February 10, 2020** | *Motion to Allow Relief from Amended Stipulated Protective Order* (the "*Relief from [] Protective Order*", Docket No. 7210) | Santa Rosa Mall requested it be released from the *Amended Stipulated Protective Order* (Docket No. 1084) so as to permit it to disclose the *Settlement Agreement,* its contents, and/or file the same in relation to its actions against the Underwriters and Aon. The *Relief from [] Protective Order* was filed after various unsuccessful follow-up requests to confer in good faith to the removal of its confidential designation. | The *Relief from [] Protective Order* will be heard at the **February 24, 2020** Omnibus Hearing. |
| **III. Global Asset Sale Transaction and Assumption and Assignment** ||||
| **January 26, 2019** | *Objection to Global Asset Sale Transaction* (the "*Objection*", Docket No. 2013) | Santa Rosa objected to the Global Asset Sale Transaction to the extent it sold, affected, or capped the insurance coverage for Store No. 1915. | During the hearing held on February 7, 2019, Judge Drain stated, *inter alia:* "I think you were worried that in the future, proceeds might be transferred, future proceeds that might come in. And I don't know whether those are proceeds that the Debtor can sell or not, but to the extent the Debtor can't sell them, then they can't." February 7, 2019, Hr'g. Tr. 186:16-20. "I don't think we need to put in the order because it's a given that you can't sell assets that you don't own, you know." February 7, 2019, Hr'g. Tr. 186:23-25. |
| **January 31, 2019** | *Limited Objection and Reservation of Rights To Debtors' Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and [Unexpired] Leases In Connection With Global Sale Transaction* (the "*Limited Objection to Sale*", Docket No. 2283). The *Limited Objection to Sale* was supplemented on February 5, 2019 (Docket No. 2425). | By the *Limited Objection to Sale*, Santa Rosa requested that the Debtors/Buyer cure the monetary and nonmonetary defaults under the *Lease Agreement* prior to assuming and assigning the it. | On April 30, 2019, the Debtors filed a *Notice of Rejection*, wherein the *Lease Agreement* for Store No. 1915 was rejected (Docket No. 3449, p. 11). As such, the *Emergency Motion* was subsequently withdrawn on May 1, 2019 (Docket No. 3468). |
| **April 29, 2019** | *Supplemental Cure Objection and Reservation of Rights to Debtor's Notice of* | The *Supplemental Objection* requested the Court deny the assumption and assignment of |  |

|  |  |  |  |
|---|---|---|---|
|  | *Assumption and Assignment of Additional Designatable Leases* (the "*Supplemental Objection*", Docket No. 3408) | the *Lease Agreement* of Store No. 1915 unless all defaults under its *Lease Agreement* were cured. |  |
| April 29, 2019 | *Emergency Motion to Compel Compliance with the Court's February 8, 2019 Sale Order* (the "*Emergency Motion*", Docket No. 3417) | By the *Emergency Motion*, Santa Rosa requested the Debtors' and Buyer's comply with the Sale Order (Docket No. 2507) and assign the insurance proceeds pertaining Store No. 1915 to Buyer upon the assumption of its *Lease Agreement*. The same was filed following various unsuccessful attempts by Santa Rosa regarding the cure of its *Lease Agreement*. |  |
| **V. Disclosure Statement and Plan** | | | |
| May 9, 2019 | *Objection to Disclosure Statement and Joinder in the US Trustee's Objection* (the "*Objection to Disclosure Statement*", Docket No. 3771). The *Objection to Disclosure Statement* was supplemented on May 22, 2019 (Docket No. 3996). | The *Objection to Disclosure Statement* was filed because it did not disclose and/or take into account Santa Rosa's position that the insurance proceeds are not part of the bankruptcy estate to the extent of Santa Rosa's interest. | During the hearing held on May 31, 2019, Judge Drain stated, *inter alia:* "I don't think any other party in interest has any interest in this issue as a disclosure matter for purposes of the plan. [] So I just don't think this is an appropriate addition to a disclosure statement. So I'm going to overrule the objection." May 29, 2019, Hr'g. Tr. 35:7-18. |
| August 2, 2019 | *Objection to Confirmation of Amended Plan* (the "*Objection to Amended Plan*", Docket No. 4714). The *Objection to Amended Plan* was supplemented on September 9, 2019 (Docket No. 5088). | The *Objection to Amended Plan* was filed on account of the third-party releases and the injunction proposed in the terms of the Debtors' *Plan*. The same was filed so preserve Santa Rosa's rights to the extent the proposed terms interfered with Santa Rosa's rights to pursue any action the Underwriters and Aon, on account of any statutory of contractual obligation between the Debtors and the aforementioned third-parties. In addition, the *Objection to Amended Plan* was filed to advise the Court that the *Plan* did not afford any information whatsoever as to the existence, status or whereabouts of the *Settlement Agreement*. | During the hearing held on October 7, 2019, Judge Drain stated, *inter alia:* "I didn't -- some of the points have been resolved, i.e. Santa Rosa is not a releasing party." October 7, 2019, Hr'g. Tr. 172:8-9. "Well, I don't read the injunction as protecting third parties" Id., at 173:10-11. "I think maybe the thing to do is simply to send a letter and I'll put it on the docket to Santa Rosa confirming that." Id., at 173:16-18.<br><br>In compliance with what was proffered in open court, on October 11, 2019, the Debtors filed a letter on the public docket confirming that "the injunction provision provided in Section 15.8 of the Plan does not seek to enjoin any actions against non-Debtor third-parties." (Docket No. 5362). |