### Case Law Chart (Exhibit B)

| SETTLEMENTS UNDER FED. R. BANKR. P. 9019 | | | |
|---|---|---|---|
| **CITED CASE** | **FACTUAL BACKGROUND** | **DISTINGUISHABLE?** | **SANTA ROSA'S RESPONSE** |
| *Liberty Towers Realty, LLC v. Richmond Liberty, LLC*, 569 B.R. 534, 538-39 (E.D.N.Y. 2017) | **Cited for:** Pre-plan settlement must be approved by the bankruptcy court under Bankruptcy Rule 9019.<br><br>**Holding:** The district court upheld bankruptcy court decision that granted purchaser's motion for approval under Bankruptcy Rule 9019 of a global settlement of state law foreclosure actions regarding debtors' single real estate asset, despite debtor's rescission of support for the executed settlement agreement. | Facts of case distinguishable; the *Liberty Towers* settlement was outside the ordinary course because it resolved status of property in debtors single asset real estate case. | Collecting cases within the Second Circuit requiring judicial approval of pre-plan settlements.<br><br>In *Liberty Towers,* the Bankruptcy Court entered an order approving a settlement negotiated by debtors, a senior mortgagee, and a third party despite the debtors and a junior mortgagee presenting objections *after the approval of the settlement agreement was sought*. The Court reasoned that a party to a settlement could not unilaterally repudiate it *after* its approval had been sought pursuant to Fed. R. Bank. P 9019 and until the court considers and rejects it. We agree the facts are distinguishable, however, we highlight that because the approval of the *Settlement Agreement* at issue was never sought, it is unenforceable, unlike the holding in *Liberty Towers*. |
| *In re Iridium Operating LLC*, 478 F.3d 452, 455 (2nd Cir. 2007) | **Cited for:** Pre-plan settlement must be approved by the bankruptcy court under Bankruptcy Rule 9019.<br><br>**Holding:** The Second Circuit reversed approval of settlement that potentially circumvented the absolute priority rule with instructions to remand to the bankruptcy court. | Facts of case distinguishable; the *Iridium* Court did not discuss requirements for court approval of any settlements nor mention ordinary course of business settlements. The Landlord cites *Iridium* for a proposition that is mentioned only in passing in the introductory paragraph of the opinion. | We agree the facts are distinguishable, however, the Debtors misread or misunderstand this case. In *Iridium*, the Second Circuit noted that "[Fed. R. Bank. P 9019] … has a clear purpose ... to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court", and held that "[b]efore pre-plan settlements can take effect … they must be approved by the bankruptcy court pursuant to Bankruptcy Rule 9019." Id. at 461–462, and 455, respectfully.<br><br>The logical construct of the controversies highlighted in *Iridium* is applicable to the controversy of the case at bar where the *Settlement Agreement* at issue is a plan settlement that is unknown to the creditors and was executed prior to being evaluated by the court. |
| *In re Lexington Jewelers Exch. Inc.*, 2013 WL 2338243, at *5, n. 12 (Bankr. D. Mass. 2013) | **Cited for:** Bankruptcy Rule 9019's purpose is to bind the estate to the terms of any bargain struck.<br><br>**Holding:** The bankruptcy court held that the reconciliation agreement could not release the non-debtor party | Facts of case distinguishable; non-debtor party sought enforcement of an agreement that purported to release liabilities memorialized in a court-approved sale order. Based on circumstances, such agreement was outside the ordinary course and | We agree the facts are distinguishable, however, the Debtors misread or misunderstand this case. In *Lexington*, the Court noted that the purpose and effect of seeking court approval of a compromise under Fed. R. Bank. P 9019 is to bind the bankruptcy estate to the terms of any bargain struck by a debtor-in-possession that affects the bankruptcy estate. As |

-1-

| | | | |
|---|---|---|---|
| | from rent liability contained in court-approved sale order because such reconciliation agreement was not approved by the court under Bankruptcy Rule 9019. | required court approval. | such, to the extent an agreement is "in the nature of a settlement or compromise under Fed. R. Bankr. P. 9019", it "would require notice to all parties in interest and Court approval before it would be binding on the Trustee [or debtor-in-possession]." Id. at *5.<br><br>Here, the *Settlement Agreement* is an agreement in the nature of a settlement or compromise under Fed. R. Bankr. P. 9019. In line with the Bankruptcy Court's holding in *Lexington*, it required both notice and court approval. |
| *In re Big Apple Volkswagen, LLC*, 571 B.R. 43, 55 (S.D.N.Y. 2017) | **Cited for:** Any compromise or settlement must be approved Bankruptcy Rule 9019 to be effective.<br><br>**Holding:** The district court found that alleged agreement with debtor's principal to release avoidance actions, which was oral, was unenforceable, as it was not approved by the bankruptcy court. | Facts of case distinguishable; the Debtors do not dispute that a settlement of a bankruptcy cause of action would require court approval. | In their *Objection*, the Debtors submit that "the alleged oral agreement at issue in *Big Apple* [is] precisely the type of agreement that requires approval under Bankruptcy Rule 9019" (*Objection*, ¶ 47). Notwithstanding, they argue that "[i]t does not follow from the District Court's decision axiomatically, however, that a similar rule should apply to an arm's length agreement with a third party that resolves a prepetition contractual dispute between a debtor and its insurer, as occurred here." Id.<br><br>We disagree with the Debtor's position. In *Big Apple*, the trustee filed a complaint to recover allege preferential transfers despite a verbal agreement to the contrary. In turn, the debtor's former owner and operator filed an adversary complaint against the trustee alleging, *inter alia*, breach of contract. The bankruptcy court determined that the former owner and operator did not state a claim because the agreement "was unenforceable, as would be any agreement not approved by the bankruptcy court under [Fed. R. Bank. P.] 9019(a)." Id. at 48.<br><br>On appeal, the District Court noted that the Second, Third, Ninth, and Eleventh Circuits have adopted the mandatory interpretation requiring trustees or debtors in possession to file settlement agreements with the court. Id., at 53 ("These circuits reason this interpretation advances the purpose of [Fed. R. Bankr. P. 9019] and the fair and equitable treatment of creditors."). While the District Court also |

| | | | |
|---|---|---|---|
| | | | acknowledged that a minority of courts have concluded that Fed. R. Bank. P. 9019(a) does not condition the enforceability of a settlement or compromise on court approval, it did not find their reasoning to be persuasive and affirmed the bankruptcy court's decision.<br><br>The *Settlement Agreement* is an agreement in the nature of a settlement or compromise under Fed. R. Bankr. P. 9019. In line with the Bankruptcy Court's holding in *Big Apple*, it required both notice and court approval. |
| *In re Leslie Fay Companies*, 168 B.R. 294, 305 (Bankr. S.D.N.Y. 1994) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** The bankruptcy court held that the collective bargaining agreement ("**CBA**") in question was unenforceable because it was not of a sort that would have been made in the ordinary course of business. | Facts of case distinguishable; the case involved potential conflict between section 363(b) and section 1113 of the Bankruptcy Code. The *Leslie Fay* Court recognized that certain settlement agreements may be in the ordinary course. The *Leslie Fay* court ultimately held that the terms of the CBA were extraordinary and substantially differed from previous CBAs the debtor had entered into to be considered ordinary course. | The Debtors misinterpret this case. In *Leslie Fay*, the Bankruptcy Court held that a post-petition amendment to a collective bargaining agreement was outside of the "ordinary course" and unenforceable under Fed. R. Bankr. P. 9019. The Court clarified that where a debtor's post-petition business practices and conduct "ventures beyond the domain of transactions that a hypothetical creditor would reasonably expect to be undertaken in the circumstances," it fails the vertical test and is unenforceable. Id., at 304. Specifically, where an agreement is different from any prior agreement previously entered, with regard to either its terms or magnitude (i.e., size, nature, or both), it is not within the day-to-day operations of a business and is therefore extraordinary.<br><br>Furthermore, the Bankruptcy Court in *Leslie Fay* noted that the agreement at issue "purported to settle significant disputes … without notice to anyone", and thus was "unenforceable" under Fed. R. Bankr. P. 9019 because "[c]ompromises may not be made in bankruptcy absent notice and a hearing and a court order." Id., at 305. While "[t]he [Bankruptcy] Code is not meant to straitjacket the debtor and prevent it from responding quickly to normal business demands; neither, however, is the Code meant to allow the debtor the same freedom it had when it got into financial trouble in the first place. For with bankruptcy come certain obligations to creditors, including affording creditors the right to be heard |

| | | | |
|---|---|---|---|
| | | | when the debtor proposes to do something beyond the ordinary." Id., at 304.<br><br>The *Settlement Agreement* clearly ventures beyond the domain of the Debtors' ordinary course of business and is an agreement in the nature of a settlement or compromise under Fed. R. Bankr. P. 9019. In line with the Bankruptcy Court's holding in *Leslie Fay*, it required both notice and court approval. |
| *In re Pugh*, 167 B.R. 251, 253-54 (Bankr. M.D. Fla. 1994) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** The bankruptcy court summarily denied the Trustee's motion for contempt against the debtors, as there was no court order to hold attorney in contempt of because trustee's attorney never sought approval of alleged settlement with debtors. | Facts of case distinguishable. Further, any mention of Bankruptcy Rule 9019 is *dicta* as the court found no valid settlement agreement to exist between trustee and debtors. | We disagree that any mention of Fed. R. Bankr. P. 9019 is *dicta*. In *Pugh,* the Chapter 7 trustee sought an order to show cause why the debtors should not be held in contempt for not turning over the proceeds of a settlement of a state court litigation. The Bankruptcy Court found that the agreement lacked sufficient legal force to operate as a binding and enforceable contract. Further, the Bankruptcy Court found that "assuming [in *arguendo* that it exists], it is clear that it could not have become a binding contract unless the Trustee complied with [Fed. R. Bankr. P.] 9019 which … requires a Court approval of any compromise by the estate submitted by a Motion filed by the Trustee and after a hearing on notice to creditors". Id., at 254. |
| *In re Rothwell*, 159 B.R. 374, 379 (Bankr. D. Mass. 1993) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** The state court attorney, who was never employed as special counsel to the chapter 7 estate, improperly settled a breach of contract action. Court sanctioned the state court attorney under Rule 9011 for unauthorized representation and for settling state court action that belonged to the estate. | Facts of case distinguishable. | We do not agree that the facts are wholly distinguishable. In *Rothwell,* the Bankruptcy Court found that the Chapter 7 trustee's special counsel improperly settled a state court cause of action that belonged to the bankruptcy estate "without the authority of this Court". Id. at 379. In making its determination, the Bankruptcy Court noted that "[a] settlement agreement is unenforceable without notice of the settlement to creditors or a court order approving it. In this case … there was no compliance with Rule 9019. Therefore, from the point of view of the bankruptcy estate the [agreement] is without effect." Id. (internal citations omitted). |
| *Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1983) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** Judicial estoppel against the Commissioner of Interim Revenue | Inapplicable. *Reynolds* deals with judicial estoppel against a government entity. | We agree that the underlying facts of concern judicial estoppel against a government entity. However, *Reynolds* is applicable insofar as it deals with the enforceability of post-petition settlement agreement involving a debtor. |

| | | | |
|---|---|---|---|
| | ("**CIR**") was warranted and CIR was estopped from pursuing taxes against husband when CIR argued opposite position in wife's bankruptcy case. | | In *Reynolds*, the Sixth Circuit noted that bankruptcy law mandates that any settlement involving a debtor must be approved by the bankruptcy court presiding over the debtor's estate. Specifically, the Sixth Circuit noted that in bankruptcy proceedings, as distinguished from ordinary civil cases, any compromise between the debtor and his creditors must be approved by the court because a settlement involving a debtor necessarily affects the rights of other creditors. |
| *In re Teknek, LLC*, 563 F.3d 639, 651 (7th Cir. 2009) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** Inapplicable. The Seventh Circuit held that the bankruptcy court lacked jurisdiction to approve a trustee's 9019 settlement of fraudulent transfer actions while an appeal of substantially similar actions was still pending. | Inapplicable; Bankruptcy Rule 9019 is only mentioned in passing, and the main issue of the case is jurisdiction. The Debtors agree that settlements of avoidance actions require court approval. | Is applicable insofar as it deals with the enforceability of post-petition settlement agreement. In *Teknek*, the Seventh Circuit recognized that the settlement agreement at issue was null and void partly "because the trustee is required to get the bankruptcy court's approval before settling claims" under Fed. R. Bankr. P. 9019. <u>Id</u>., at 651. Because the Trustee did not seek court approval, "the settlement itself [was] apparently of no effect." <u>Id</u>. |
| *American Prairie Construction Co. v. Hoich*, 594 F.3d 1015, 1024 (8th Cir. 2010) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** The oral settlement required court approval to be enforceable because it related to the ability to foreclose on the debtor's primary asset. | Facts of case distinguishable. Agreement at issue related to the potential foreclosure of the debtor's primary asset, which is not an ordinary course issue. | In *American Prairie*, a creditor filed a breach of contract action alleging the breach of a post-petition settlement agreement purportedly reached between it and the debtor. The Eighth Circuit concluded that no settlement agreement existed under state law and "[e]ven if [the parties] had reached an agreement … such agreement would be unenforceable" for "[i]t is a recognized principle of bankruptcy law that a bankruptcy court is required to approve any compromise or settlement proposed in the course of a Chapter 11 reorganization before such compromise or settlement can be deemed effective." <u>Id</u>., at 1024. |
| *In re Blehm Land & Cattle Co.*, 859 F.2d 137, 141 (10th Cir. 1988) | **Cited for:** All compromises and settlements require court approval under Bankruptcy Rule 9019.<br><br>**Holding:** The memorandum of agreement at issue, providing adequate protection to a creditor holding a first deed of trust on debtor's property, was valid. | Inapplicable; the issue in *Blehm* was adequate protection under sections 362, 363, and 364 of the Bankruptcy Code, not a settlement. | Is applicable insofar as it deals with the enforceability of a post-petition agreement involving a debtor. |