## Case Law Chart (Exhibit C)

| **EXTENSION OF AUTOMATIC STAY TO NON-DEBTOR PARTIES** | | | |
|---|---|---|---|
| **CITED CASE** | **FACTUAL BACKGROUND** | **DISTINGUISHABLE?** | **SANTA ROSA'S RESPONSE** |
| *Millard v. Developmental Disabilities Institute, Inc.*, 266 B.R. 42, 44 (Bankr. E.D.N.Y. 2001) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** The bankruptcy court determined that the underlying labor and wages case against the non-bankrupt co-defendants of the debtor was not so complex as to take away from the reorganization efforts and declined to extend the automatic stay. | Debtors do not disagree with proposition; facts of case distinguishable. | *Millard* provides a doctrinal interpretation of the factors that merit extension of the automatic stay to non-bankrupt defendants. |
| *Franco v. Ideal Mortgage Bankers, Ltd.*, 2017 WL 5195223, 2017 U.S. Dist. LEXIS 186194 (E.D.N.Y. 2017) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** The court declined to extend the automatic stay to the action because the non-debtor co-defendant officer "has not alleged that a judgment against him or the other Individual Defendants would have an immediate adverse economic impact on the debtor's estates." | Debtors do not disagree with proposition; facts of case distinguishable. | In *Franco*, the District Court held that the automatic stay applies only to the debtor and does not stay proceedings brought against non-bankrupt co-defendants for "[a] court should not extend the automatic stay where the non-debtor is independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty." Id. at *7 (citations and internal quotations omitted). To the extent the Underwriters are being shielded by the Debtors for their own misrepresentations, the automatic stay should not be extended and/or applied. |
| *Demel v. Group Benefits Plan for Employees of Northern Telecom, Inc.*, 2010 WL 167947, at *1 (S.D.N.Y. 2010) | **Cited for:** Automatic stay does not extend to non-debtor defendants.<br><br>**Holding:** The court declined to extend the automatic stay to the non-debtor officer defendants because defending the ERISA action would not take away from the reorganization of the debtor. The court was not presented with any evidence of independent liability outside of bankruptcy. | Debtors do not disagree with proposition; facts of case distinguishable. | We do not agree that the facts are wholly distinguishable. In *Demel*, Plaintiff brought an action against the Administrators of several benefit plans, *inter alia*. Defendants claimed debtor qualified as an Administrator to Plaintiff's action. Plaintiff, however, did not specifically name the debtor as a defendant. Notwithstanding, the case was stayed.<br><br>The District Court found that the lawsuit sought recovery and equitable relief not from the debtor, but from a non-bankrupt entity and, unless there was "a showing that the pending action [would] inevitably have an adverse impact on the debtor's estate," it should not be stayed. Id. at *2. In turn, Defendants argued that the action would essentially constitute a judgment against debtor because of a certain indemnity obligation. Ultimately, the District |

| | | | Court found that there was no evidence the debtor would be required to indemnify Defendants or that such independent liability could be legally established. The District Court found that there was no scenario under which Plaintiff, or any named Defendant, could collect money from the debtor without going to the Bankruptcy Court. "If Plaintiff prevails … the Plans will be liable. The issue of whether [the debtor] will be required to indemnify … is a separate matter not presently before this Court. Moreover, there has been no indication by the Bankruptcy Court that this action in any way interferes with the reorganization of [the debtor]". Id. at *2. As such, the District Court held that the automatic stay did not extend to non-debtor co-defendants save unusual circumstances where removing the stay would pose a serious threat to the debtor's *reorganization*. We respectfully submit that should the Court conclude that an indemnification obligation exists, the same is severable and/or is unenforceable on account of Debtors' failure to comply with Fed. R. Bankr. P. 9019. To the extent the Court concludes otherwise, it does not pose a serious threat to the Debtors' reorganization, |
|---|---|---|---|
| *In re McCormick*, 381 B.R. 594, 600 (S.D.N.Y. 2008) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants. **Holding:** The bankruptcy court would not extend the automatic stay to preclude action against LLC owned by debtor under the theory that the individual debtor's ownership interest in the LLC was property of the debtor's estate. The bankruptcy court further found that the debtor failed to provide evidence that the pending actions against the LLC will have an immediate adverse economic consequence on the debtor's estate. | Debtors do not disagree with proposition; facts of case distinguishable. | In *McCormick*, the Chapter 13 debtor sought extension of the bankruptcy stay to protect his wholly owned limited liability company. The Bankruptcy Court acknowledged that while "most, if not all, courts consider the extension of the automatic stay … to a non-debtor to be extraordinary relief," courts have extended the stay to a non-debtor "in circumstances where the debtor is a corporation and the non-debtor is an individual or related corporation deemed necessary for the reorganization of the debtor corporation." Id., at 601. Ultimately, the court concluded the debtor failed to show a pending action against the limited liability company would have "an immediate adverse economic consequence to the estate's interest" or affect his ability to reorganize. Id., at 602-603. We respectfully submit that should the Court conclude that an indemnification obligation exists, the same is severable and/or is unenforceable on account of Debtors' |

| | | | |
|---|---|---|---|
| | | | failure to comply with Fed. R. Bankr. P. 9019. To the extent the Court concludes otherwise, it does not pose a serious threat to the Debtors' reorganization, |
| *Wynn v. AC Rochester General Motors, Corp.*, 155 Fed. App'x 528, 528 (2nd Cir. 2005) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** Appeal dismissed against non-bankruptcy co-defendants even though action was stayed as to debtor. | Debtors do not disagree with proposition; facts of case distinguishable. | We agree the facts are distinguishable. However, in *Wynn*, the Second Circuit held that the protections of the automatic stay during the pendency of a bankruptcy case does not automatically extend to non-debtor co-defendants. |
| *Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.*, 235 F.3d 53, 58 (2nd Cir. 2000) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** Inapplicable. Second Circuit's discussion and ruling was focused on whether non-debtor co-defendants that were secondary common carriers were liable in tort for losses sustained by the plaintiff as a result of the co-defendant debtor's shipment of goods. | Debtors do not disagree with proposition; facts of case distinguishable. | While we agree that the facts are distinguishable, the Second Circuit recognized that the automatic stay applies only to debtors and does not stay proceedings brought against non-bankrupt co-defendants. |
| *Teachers Ins. & Annuity Ass'n. v. Butler*, 803 F.2d 61, 65 (2nd Cir.1986) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** The bankruptcy court held that section 105(a) of the Bankruptcy Code cannot be used to extend the automatic stay to non-debtors when the extension was being sought in bad faith by the non-debtor co-defendants to escape liability imposed by an adverse judgment. | Debtors do not disagree with proposition; facts of case distinguishable. | The logical construct of the controversies highlighted in *Teachers* is applicable to the controversy of the case at bar. In *Teachers*, the Second Circuit noted that the automatic stay is limited to debtors and does not encompass non-bankrupt co-defendants save unusual circumstances. Further, "[w]hile we decline to define under what circumstances, if any, a bankruptcy court may properly exercise § 105 jurisdiction to issue a stay with respect to non-bankrupt co-defendants, it is clear that any such jurisdiction cannot extend to efforts made in bad faith by non-bankrupt co-defendants in order to escape from the liability imposed by an adverse district court judgment. And here the circumstances plainly attest to the defendants' bad faith." Id. at 65-66.<br><br>Having found that the non-debtors requested extension of the automatic stay in bad faith, the Second Circuit denied the non-bankrupt co-defendants' motion to stay appeals pending bankruptcy and held that "bankruptcy courts cannot interfere in common law actions involving non-bankrupt co-defendants when those defendants are engaged in a bad faith effort to nullify the outcome of those actions." Id., at 66. |

| | | | |
|---|---|---|---|
| | | | The Debtors are estopped from trying to shield themselves behind an alleged indemnification obligation that was executed without court approval and in full knowledge of Santa Rosa's claim and interests. |
| *Gray v. Hirsch*, 230 B.R. 239, 241 (Bankr. S.D.N.Y. 1999) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** The court held that non-debtor, individual co-defendant's control over the debtor entities was insufficient, without more, to extend the automatic stay to prevent the civil litigation from proceeding against the non-debtor. | Debtors do not disagree with proposition; facts of case distinguishable. The *Gray* Court noted that the automatic stay could be extended when a judgment against the non-debtor would adversely affect the debtor's estate, for example, if a debtor must expend funds to indemnify the non-debtor parties. | We agree that the Court in *Gray* noted that the automatic stay may be extended to a non-debtor where a judgment against such non-debtor would adversely affect the debtor's estate. Citing *Robins, infra,* the Court further noted that such a circumstance may be appropriate were a non-debtor is entitled to absolute indemnity. Notwithstanding, the Court ultimately held that "[t]he broader rule [] is that a debtor's stay may extend [] only when necessary to protect the debtor's reorganization." Id., at 243. As such, "[i]n the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant." Id., at 244. In reaching its conclusion, the Court noted that even where it is conceivable that a successful prosecution could have some adverse effect on the bankruptcy estate, "[l]imited or theoretical risk must be insufficient". Id. at 243. |
| *In re Crazy Eddie Securities Litigation*, 104 B.R. 582, 584 (Bankr. E.D.N.Y. 1989) | **Cited for:** Automatic stay does not extend to non-debtor co-defendants.<br><br>**Holding:** The bankruptcy court found that the automatic stay should not be extended to non-debtor co-defendants because they were not bound by statute or contract to the debtor and, therefore, adverse judgment against the non-debtor defendants would not have adverse effect against the debtor. | Debtors do not disagree with proposition; facts of case distinguishable. | We agree the facts are distinguishable, however, the logical construct of the controversies highlighted in *Crazy Eddie* is applicable to the controversy of the case at bar. In *Crazy Eddie,* the Bankruptcy Court recognized that where the debtor and non-debtor are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, an automatic stay would clearly not extend to such non-debtor. |
| *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2nd Cir. 2003) | **Cited for:** Automatic stay may be extended to non-debtors in unusual circumstances where a claim against the non-debtor will have an immediate adverse economic impact on the debtor's estate.<br><br>**Holding:** The Second Circuit held that the automatic stay applies to the individual debtor's wholly | Debtors do not disagree with proposition; facts of case distinguishable. Further, the *Queenie* Court noted that extension of stay may be granted where debtor obligated to indemnify non-debtor defendant. | Collecting cases extending the automatic stay.<br><br>In *Queenie*, the Second Circuit recognized that courts may extend the automatic stay to non-debtors in limited circumstances when a claim against a non-debtor will have an immediate adverse economic consequence for the debtor's estate.<br><br>We agree that in *Queenie*, the Second Circuit noted that extension of stay may be granted where a debtor obligated |

| | | | |
|---|---|---|---|
| | owned subsidiary, but not to the other non-debtors. The court denied to extend the automatic stay when it is being used offensively. | | to indemnify non-debtor defendant. However, in doing so, the Second Circuit relied on *Robins, infra,* which is wholly distinguishable and inapplicable to his case. |
| *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990) | **Cited for:** Extension of the automatic stay is an exception, not the rule and not favored absent unusual circumstances.<br><br>**Holding:** The court refused to extend the stay where the non-debtor co-defendant was independently liable to the creditor. | Debtors do not disagree with proposition; facts of case distinguishable. | We agree the facts are distinguishable, however, the logical construct of the controversies highlighted in *CAE* is applicable to the controversy of the case at bar. In *CAE*, the District Court acknowledged that indemnification agreements may be the basis for the extension of a stay to non-debtors, however, the court held that where such non-debtor is "independently liable" to the creditor, an extension is not warranted. Further, the Court noted that the non-debtor was being sued based upon actions taken in his individual capacity and its continuation would not unduly burden the debtor's reorganization efforts.<br><br>Having concluded that the suit against the non-debtor was sufficiently independent of the debtor and the debtor's reorganization efforts, the District Court denied the request for extension of the stay. |
| *In re FPSDA I, LLC*, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. 2012) | **Cited for:** Debtor or non-debtor bears the burden of proof that circumstances warrant extending the automatic stay.<br><br>**Holding:** The bankruptcy court found that the debtors' indemnity obligations to the co-defendant officers alone were insufficient basis to extend automatic stay, given that such obligation was contingent. | Debtors do not disagree with proposition; facts of case distinguishable. The Debtors' indemnity obligation to the Underwriters is not contingent. | We agree the facts are distinguishable, however, the logical construct of the controversies highlighted in *FPSDA* is applicable. In *FPSDA*, the Bankruptcy Court noted that that extension of the automatic stay to non-debtors is an extraordinary remedy that should be afforded only when the circumstances support the common-sense principles of bankruptcy and the curative effects of the automatic stay. By way of example, the Bankruptcy Court acknowledged that an illustration of an "unusual circumstance" warranting extension of the stay may arises where there is an entitlement to indemnification between the debtor and a third-party non-debtor.<br><br>Notwithstanding, while the Bankruptcy Court acknowledged the lawsuit sought to be stayed was sufficiently likely to have a material effect upon debtor's reorganization efforts, it noted that "[i]t is not enough for the movant to show some limited risk or that there is a theoretical threat to the reorganization, because it is always the case that a lawsuit against principals of the Debtor could and have effect on the reorganization." Id. at *8. |

| | | | |
|---|---|---|---|
| | | | In the end, the Bankruptcy Court held that "because the justification for extending the stay must be consistent with the purpose of the stay itself, [which is] to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts", indemnification obligations alone are not enough. Id. at *11. |
| ***In re Uni-Marts**, LLC*, 399 B.R. 400, 416-17 (Bankr. D. Del. 2009) | **Cited for:** The presence of an indemnity obligation alone is insufficient to justify the extension of the automatic stay.<br><br>**Holding:** The court found no "unusual circumstances" existed to warrant extension of the automatic stay, given that the debtors had D&O insurance that would cover indemnity claims of directors and officers at no actual loss to the estates. The court further found that, given the modest size and potential recovery, the debtor entities would not realize a materially adverse loss. | Debtors do not disagree with proposition; facts of case distinguishable. The Debtors do not have additional insurance to cover the Underwriters' indemnity claim and such costs may be crippling to the estates. | We agree the facts are distinguishable, however, the logical construct of the controversies highlighted in *Uni-Marts* bare striking resemblance to the case at bar. In *Uni-Marts*, the Bankruptcy Court held that a debtor's indemnification obligation, by itself, was insufficient to extend the protections of the automatic stay to a non-debtor. |
| ***Holland v. High Power Energy***, 248 B.R. 53, 59 (Bankr. S.D.W. Va. 2000) | **Cited for:** The presence of an indemnity obligation alone is insufficient to justify the extension of the automatic stay.<br><br>**Holding:** The bankruptcy court denied extension of automatic stay to non-debtor co-defendant because the liability of the non-debtor co-defendant was independent of the liability of the debtor, and the non-debtor co-defendant was potentially the real party in interest, not the debtor. | Debtors do not disagree with proposition; facts of case distinguishable. The indemnity obligation makes the Debtors potentially the real party in interest in any litigation brought against the Underwriters. | In *Holland,* the Bankruptcy Court declined to find unusual circumstances warranting the extension of the automatic stay to a non-debtor defendant where such non-debtor defendant may be entitled to indemnification from the debtor. The logical construct of the controversies highlighted in *Holland* bear a striking resemblance to the case at bar.<br><br>In analyzing whether usual circumstances were present, the Bankruptcy Court recognized that usual circumstances may arise "when there is such identity between the debtor and the [non-debtor codefendant] that the debtor may be said to be the real party defendant and ... a judgment against the [non-debtor codefendant] will in effect be a judgment or finding against the debtor." Id., at 58 (citing *Robins, infra*). Notwithstanding, it found that while the Court in *Robins* found that a third party who is entitled to absolute indemnity by the debtor was an illustration of unusual circumstance, it did not find the reasoning in *Robins* to be persuasive. |

-6-

| | | | |
|---|---|---|---|
| | | | Instead, the Bankruptcy Court found that "[i]n recognizing the unusual circumstance exception … [*Robins*] noted that this exception does not apply to the situation where the third party defendant [is] independently liable as, for example, where the debtor and another are joint tortfeasors." Id. at 58. (internal citations and quotations omitted). "Stated differently, the unusual circumstance exception does not apply where the third party codefendant has obligations that are independent' and primary, not derivative of those of the debtor." Id. (internal citations and quotations omitted).<br><br>With respect to the issues present in *Holland*, the Bankruptcy Court found that "[n]otwithstanding the indemnification agreement between the parties," the liability of the non-debtor co-defendant was independent and primary. Id. As such, it could not be said that the non-debtor was to be the real party in interest in the sense contemplated by *Robins*, which sought to enjoin thousands of pending suits.<br><br>As in *Holland*, we submit that no unusual circumstances or unity of interest exist with respect to the Underwriters in this case. Santa Rosa has a separate, distinct and direct action claim against the Underwriters under Art. 20.030(1) of the PR Insurance Code, 26 L.P.R.A. § 2003(1). Santa Rosa seeks only to adjudicate its claims against the Underwriters. To the extent the Debtors argue that the Debtors are the real party in interest to any litigation brought against the Underwriters. We respectfully submit that the indemnity clause is severable and/or is unenforceable on account of Debtors' failure to comply with Fed. R. Bankr. P. 9019. |
| ***In re SDNY 19 Mad Park, LLC***, 2014 WL 4473873, at *2 (Bankr. S.D.N.Y. 2014) | **Cited for:** The presence of an indemnity obligation alone is insufficient to justify the extension of the automatic stay.<br><br>**Holding:** The court held the law was conflicting as to whether the non-debtor defendant's right to indemnification by the debtor would be enforced, and, therefore, defendant's right to | Debtors do not disagree with proposition; facts of case distinguishable. Under the terms of the Settlement Agreement, the Underwriter's claim for indemnification is not contingent. | The Debtors argue that because the Bankruptcy Court in *SDNY 19* noted that there was conflicting law on a defendant's right to indemnification, the defendant's right to indemnification was contingent. We agree the facts are distinguishable, however, the Debtors fail to grasp the practical applicability of the operating facts.<br><br>In *SDNY 19*, the Bankruptcy Court found that there had been an insufficient demonstration of hardship or an adverse consequence should litigation proceed against a third party |

| | | | |
|---|---|---|---|
| | indemnification was contingent. | | entitled to certain indemnification rights. *SDNY 19* provides an analogous representation of the medullar issue of the case at bar by reinforcing that (i) the extension of the automatic stay to non-debtors is extraordinary relief, and (ii) indemnification obligations to a non-debtor alone are not enough. *Id.* at *2 ("[an indemnification obligation] is alone not a sufficient basis to extend the automatic stay … because the justification for extending the stay must be consistent with the purpose of the stay itself, [which is] to suspend actions that pose a serious threat to a corporate debtor's reorganization efforts."). |
| *A. H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) | **Cited for:** Suit against a non-debtor third-party who is entitled to absolute indemnity has been noted as "unusual circumstances" in large complex reorganizations where the litigation sought to be stayed presented formidable discovery and other demands with potential large amount of claimants.<br><br>**Holding:** The Fourth Circuit affirmed the district court's order staying the plaintiffs' actions against the debtor and non-debtor co-defendants, finding that extension of the automatic stay was warranted where such claims against non-debtor co-defendants would pose an immediate and irreparable harm to the debtor's estate. Further, given the indemnification obligations of the debtor for some of the non-debtor co-defendants, a judgment against the non-debtor co- defendants would be a judgment against the debtor. | Debtors do not disagree with proposition. Decision supports denial of the Third Stay Relief Motion. | Although in *Robins,* the U.S. Court of Appeals for the Fourth Circuit found that in "unusual circumstances," the automatic stay could be extended to action against non-debtors, including debtors' insurance company, the circumstances that gave way to that holding are distinguishable.<br><br>In *Robins*, thousands of actions were initiated against the debtor and its insurance provider, forcing the debtor to file for bankruptcy. The plaintiffs in various non-bankruptcy actions sought to sever their actions against the debtor in order to proceed against the debtor's co-defendants, which included the debtor's insurer. In affirming the District Court's decision, the U.S. Court of Appeals for the Fourth Circuit affirmed the injunction staying the plaintiffs' suits against debtor's co-defendants because there was such identity between the debtor and the third-party co-defendants that the debtor may be said to be the "real party defendant" and a judgment against such third-party co-defendants would in effect be a judgment or finding against the debtor. The continuation of such litigation threatened the property of *A. H. Robins'* estate, and burdened and impeded the debtor's reorganization efforts.<br><br>In the instant case, Santa Rosa sustains that unlike the liability insurance policies referred to in *Robins*, it is the only party of interest and an action against the Underwriters. Allowing Santa Rosa to file an action against the Underwriters will not burden or impede the Debtors' reorganization efforts, considering that a liquidation *Plan* has been confirmed and provides for the relief requested by Santa Rosa. Plainly, the facts of this case bear no resemblance to the mass tort cases of *Robins* where thousands of personal injury cases were pending. |

| | | | |
|---|---|---|---|
| ***In re First Cent. Fin. Corp.***, 238 B.R. 9, 19 (Bankr. E.D.N.Y. 1999) | **Cited for:** Extension of the automatic stay is an exception, not the rule and not favored absent unusual circumstances.<br><br>**Holding:** The chapter 7 trustee filed a complaint for declaratory and injunctive relief to protect proceeds of a chapter 7 debtor corporation's director and officer insurance policy. In denying injunctive relief, the court determined that the debtors had sufficient insurance to cover any claims against officers and directors and, even if officers and directors had indemnity claim, they were not likely to be material. | Debtors do not disagree with proposition; facts of case distinguishable. | In *First Cent.*, the court noted that cases extending protections of automatic stay involve numerous lawsuits that would have otherwise resulted in a "massive depletion of estate assets and inhibited key personnel from the important business of getting the corporate debtor back on its feet". Id., at 19.<br><br>This is not the type of bankruptcy case that justifies extending the protections of the automatic stay to the Underwriters because Santa Rosa has a direct and distinct action against the Underwriters and is the only party of interest, as such, "numerous lawsuits" do not threaten to deplete estate assets. Moreover, the confirmed liquidation *Plan* provides for the relief requested by Santa Rosa. |