UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

Debtors.[1]

―――――――――――――――――――――――――――――

) Chapter 11
)
) Case No. 18-23538 (RDD)
)
) (Jointly Administered)
)

### STIPULATION AND PRE-TRIAL SCHEDULING ORDER
### BETWEEN TRANSFORM AND GREENE CLASS ACTION PLAINTIFFS

This Stipulation and Order (the "Stipulation") is made as of January 31, 2020, by and among Transform Holdco LLC and its affiliates Transform SR Protection LLC and Transform SR LLC (collectively, "Transform"), and Nina and Gerald Greene in their capacity as class representatives in the action captioned *Greene v. Sears Protection Company, et al.*, U.S.D.C. N.D. Ill., Case No. 1:15-cv-02546 (the "Class Action") (the "Class Representatives" and together with Transform, the "Parties"), on behalf of themselves and the classes they represent, by and through their respective undersigned counsel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

WHEREAS, on February 8, 2019, the Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), attaching the approved asset purchase agreement as Exhibit B thereto [Docket No. 2507-1] (as may be amended, restated or amended and restated from time to time, the "APA") approving the sale of substantially all of the assets of Sears Holding Corporation and its affiliated debtors (together, the "Debtors") to Transform as set forth in the APA and the Sale Order;

WHEREAS, on December 13, 2019, the Class Representatives filed the *Class Representatives' Motion for Relief from the Automatic Stay* [Docket No. 6212] (the "Motion"), seeking an order in order to proceed against Transform Holdco LLC in the prosecution of their claims in the Class Action;

WHEREAS, on January 21, 2020, Transform objected to the Class Representatives' Motion by filing *Transform Holdco LLC's Objection to the Class Representatives' Motion for Relief from Automatic Stay* [Docket No. 6366] (together with the exhibits and declarations filed in connection therewith the "Objection");

WHEREAS, a status conference regarding the Motion and Objection was held before the United States Bankruptcy Court for the Southern District of New York (the "Court") on January 28, 2020 (the "Status Conference"); and

WHEREAS, consistent with the record of the Status Conference the Parties have agreed to the scheduling of a hearing on the Motion and related briefing on the terms and conditions set forth herein;

2

**NOW THEREFORE**, based upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby Stipulated and Agreed, and upon Court approval it shall be ordered, as follows:

1. The Parties shall engage in limited document discovery, whereby Transform agrees to produce documents (if any) on the topic of discussions contemporaneous with the negotiation of the APA between the parties involved in such negotiations concerning or relating to the Class Action, subject to agreement by Transform that the search terms and parameters are reasonable (including with respect to hit counts).

2. In the event of a dispute over discovery, the Parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by joint letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

3. At a date and time to be mutually agreed following completion of the limited discovery described in paragraph 1 hereof, Transform agrees to produce each of Kunal S. Kamlani and Robert A. Riecker for a half-day deposition to be held in Hoffman Estates, Illinois.

4. Unless otherwise directed by the Court, the parties shall exchange proposed pre-marked exhibits by no later than April 2, 2020.

5. In advance of trial, and subsequent to exchanging pre-marked exhibits, the parties shall meet and confer, and use their best efforts to agree on a joint exhibit book, and identify any exhibits whose admissibility is not agreed.

6. On or before April 9, 2020, at 4:00 p.m. ET, the Parties shall submit to the Court (a) declarations under penalty of perjury as the direct testimony of witnesses under their control, who shall then be present at trial for cross-examination and redirect and (b) either the joint exhibit

book referred to in paragraph 5 hereof, or separate exhibit books if there are disputes as to the admissibility of evidence.

7. To the extent any disagreements as to the admissibility of any documents are not resolved during the meet and confer referred to in paragraph 5 hereof, motions *in limine* with respect to proposed evidence whose exclusion will materially affect the conduct of the trial must be filed by no later than 4:00 p.m. ET on April 10, 2020, with responses no later than 4:00 p.m. ET on April 14, 2020.

8. On or before April 9, 2020, at 4:00 p.m. ET, each Party may submit a reply brief, not to exceed ten (10) pages in length.

9. An evidentiary hearing on the Motion shall commence at 10:00 a.m. ET on Thursday, April 16, 2020, or such other time as shall be set by the Bankruptcy Court.

10. The above schedule may be modified only pursuant to an agreement of the Parties (which may be confirmed by email) or by the Bankruptcy Court for good cause shown.

11. This Stipulation may be executed in one or more counterparts, including facsimile or electronic counterparts, all of which together shall constitute one and the same instrument.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the date first above written.

| | |
|---|---|
| Dated: January 31, 2020 | Dated: January 31, 2020 |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | KAUFMAN COREN & RESS PC |
| By: /s/ Luke A. Barefoot<br>　　Luke A. Barefoot<br>　　Sean A. O'Neal<br>　　Chelsey Rosenbloom | By: /s/ Janice I. Daul<br>　　Benjamin M. Mather (admitted pro hac vice)<br>　　Deborah R. Gross (admitted pro hac vice)<br>　　Janice I. Daul (admitted pro hac vice) |
| *Attorneys for Transform Holdco LLC and affiliates*<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 | *Attorneys for Class Representatives*<br>2001 Market Street, Suite 3900<br>Two Commerce Square<br>Philadelphia, PA 19103<br>Telephone: (215) 735-8700<br>Facsimile: (215) 735-5170 |

**SO ORDERED**

| | |
|---|---|
| Dated: February 20, 2020<br>　　White Plains, New York | */s/Robert D. Drain*<br>THE HONORABLE ROBERT D. DRAIN<br>UNITED STATES BANKRUPTCY JUDGE |