Hearing Date and Time: February 24, 2020 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                   :
                                        :       Chapter 11
SEARS HOLDINGS CORPORATION, et al.,     :
                                        :       Case No. 18-23538 (RDD)
                                        :
      Debtors.¹                         :       (Jointly Administered)
                                        :
------------------------------------------------------------x
```

# DEBTORS' REPLY TO OBJECTION TO MOTION OF DEBTORS REQUESTING RELEASE OF ADEQUATE ASSURANCE DEPOSIT AMOUNTS <u>PURSUANT TO THE ADEQUATE ASSURANCE PROCEDURES</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby respond to the objection of CenturyLink Communications, LLC, Level 3 Communications, LLC, and their parents, subsidiaries, and affiliates (collectively, "**CenturyLink**") (EFC No. 7299) (the "**Objection**") to the *Motion of Debtors Requesting Release of Adequate Assurance Deposit Amounts Pursuant to the Adequate Assurance Procedures* (ECF No. 7209) (the "**Motion**").[2]

## No Affected Utility Providers Object to the Motion

1.  As described in the Motion, the Debtors rejected hundreds of unexpired real property leases associated with locations that were not transferred to Transform in the Sale Transaction (the "**Rejected Locations**") and terminated Utility Service accounts associated with the Rejected Locations (the "**Terminated Accounts**"). The Motion seeks to release only the portion of the Adequate Assurance Deposit (as defined below) attributable to 2,039 Terminated Accounts listed on Schedule 1 to the Motion (collectively, the "**Terminated Account Balances**"). None of the many parties whose accounts are affected objected to the Motion. CenturyLink's accounts are not among the Terminated Accounts on Schedule 1. CenturyLink is not affected by the relief sought in the Motion. Accordingly, CenturyLink's Objection should be denied and the Terminated Account Balances should be released to the Debtors for the benefit of all of the Debtors' creditors.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370), as applicable.

2.  In a single sentence, CenturyLink objects to the Motion and asks the Court to reallocate the Terminated Account Balances to satisfy CenturyLink's disputed Administrative Expense Claim.  There simply is no basis for such relief, as the Court's prior order makes clear.  Pursuant to the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Service* (ECF No. 431) (the "**Utilities Order**"), the Debtors held an individualized amount for each Utility Provider listed in the Utilities Order (collectively, the "**Adequate Assurance Deposit**") in a segregated bank account (the "**Adequate Assurance Account**").  Specifically, the Utilities Order provides, in relevant part, that "As adequate assurance, the Debtors shall deposit the Adequate Assurance Deposit, as set forth in Exhibit 1 to this Order . . . into the Adequate Assurance Account, *and such amount shall be allocated for, and payable only to, each Utility Provider in the amount set forth for such Utility Provider in Exhibit 1*."  Utilities Order, ¶ 3 (emphasis added).  Further, as set forth in the Motion, the Utilities Order provides that "[t]he portion of the Adequate Assurance Deposit attributable to each Utility Provider *shall be returned to the Debtors*," as is requested by the Motion, when adequate assurance is no longer required, rather than be earmarked for or be reallocated to any other particular creditor or group of creditors ahead of other creditors.  Accordingly, this Court should overrule the Objection and enter the Debtors' Proposed Order.

3

Dated: February 21, 2020
      New York, New York

                               /s/ Garrett A. Fail
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York  10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007
                              Ray C. Schrock, P.C.
                              Jacqueline Marcus
                              Garrett A. Fail
                              Sunny Singh

                              *Attorneys for Debtors*
                              *and Debtors in Possession*