UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
**SEARS HOLDINGS CORPORATION**, *et al.*,          :        Case No. 18-23538 (RDD)
                                                   :
Debtors.[1]                                        :        (Jointly Administered)
------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS'
### FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS)

Upon the *Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)*, filed August 6, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), seeking an order (i) disallowing and expunging the Satisfied Claims (as defined below), and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order, and it appearing that no other or further notice need be provided, in accordance with the Amended Case Management Order; and upon the resolution of certain additional responses received in reply to the Objection; and upon the record of all of the proceedings had before the Court;, including the hearing held by the Court on February 24, 2020; and the Court having found and determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that; the Objection overcome any presumption of the validity of the claims addressed hereby and the claimants have not carried their burden of proof with respect to such claims; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each of the claims listed on **Exhibit 1** annexed hereto is disallowed and expunged to the extent set forth on **Exhibit 1**.

3. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Satisfied

Claims listed on Exhibit 1 hereto, as to which all of Transform's rights and defenses are expressly reserved.

4.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.      This Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.

Dated:   February 25, 2020
         White Plains, New York

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

| **Schedule of Satisfied Claims to be Disallowed and Expunged** | | | |
|---|---|---|---|
| **Ref #** | **Name of Claimant** | **Proof of Claim No. to be Disallowed and Expunged** | **Asserted Debtor** | **Asserted Amount** |
| 71. | International Packaging Supplies LLC | 406 | Sears Holdings Corporation | $378,483.52 |
| 93. | Nalco Company LLC | 6931 | Kmart Corporation | $37,835.78 |
| 94. | Nalco Company LLC | 6936 | Sears Holdings Corporation | $220,531.52 |
| 95. | Nalco Company LLC | 8049 | Kmart Corporation | $36,409.62 |
| 96. | Nalco Company LLC | 8050 | Sears Holdings Corporation | $202,644.81 |
| 115 | Sherwin Williams Paint Company | 4471 | Sears Holdings Corporation | $8,062.95 |