WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------------------x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |
| -------------------------------------------------------------x | | |
| **VIR VENTURES, INC.** and | : | |
| **AMI VENTURES, INC.,** | : | |
| | : | **Adversary Proceeding** |
| Plaintiffs, | : | |
| | : | **Case No. 19-08700 (RDD)** |
| -against- | : | |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| -------------------------------------------------------------x | | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF DEBTORS' (I) MOTION TO DISMISS
## THE ADVERSARY COMPLAINT AND (II) REPLY TO PLAINTIFFS'
## OPPOSITION TO DEBTORS' SECOND OMNIBUS CLAIMS OBJECTION

**PLEASE TAKE NOTICE** that a hearing on the annexed motion of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases and as defendants in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), to dismiss the Adversary Proceeding and reply to the *Joint Response of VIR Ventures, Inc. and AMI Ventures, Inc. in Opposition to Debtors' Second Omnibus Claims Objection* (ECF No. 5056) (the "**Motion**"), as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on March 23, 2020 (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion must be in writing, conform to the Bankruptcy Rules and the Local Rules, be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than March 16, 2020 (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion as

**Exhibit A**, which order may be entered without further notice or opportunity to be heard.

               **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: March 2, 2020
      New York, New York

                        */s/  Garrett A. Fail*
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007
                        Ray C. Schrock, P.C.
                        Jacqueline Marcus
                        Garrett A. Fail
                        Jared R. Friedmann
                        Sunny Singh

                        *Attorneys for Debtors*
                        *and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                :

In re                               :            **Chapter 11**

SEARS HOLDINGS CORPORATION, *et al.*,  :            **Case No. 18-23538 (RDD)**

          Debtors.[1]               :            **(Jointly Administered)**
                                                  :

------------------------------------------------------------x
VIR VENTURES, INC. and                :
AMI VENTURES, INC.,                :

                   **Plaintiffs,**   :      **Adversary Proceeding**
                                                    :

           -against-             :      **Case No. 19-08700 (RDD)**
                                                  :

SEARS HOLDINGS CORPORATION, et al.,  :

                   **Defendants.**  :
                                                :
------------------------------------------------------------ x

### DEBTORS' (I) MOTION TO DISMISS THE ADVERSARY COMPLAINT AND (II) REPLY TO PLAINTIFFS' OPPOSITION TO DEBTORS' SECOND OMNIBUS CLAIMS OBJECTION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# TABLE OF CONTENTS

Page

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     RELEVANT BACKGROUND AND FACTS .............................................................2

        A.      Facts Alleged in Plaintiffs' Complaint ..........................................................2

        B.      Plaintiffs' Bankruptcy Filings .......................................................................5

        C.      The Debtors' Motion to Adjourn this Adversary Proceeding .........................6

III.    RELIEF REQUESTED .............................................................................................7

IV.     ARGUMENT AND AUTHORITIES .......................................................................7

        A.      Legal Standard ...............................................................................................7

        B.      Plaintiffs' Remaining Counts Should Be Dismissed for Failure to State a
                Claim. .............................................................................................................8

                1.      Plaintiffs' Claim for Breach of an Express Trust (Count II) Should be
                        Dismissed. ..........................................................................................9

                2.      Plaintiffs' Claim to Obtain the Imposition of a Constructive Trust
                        (Count IV) Should be Dismissed........................................................11

                3.      Plaintiffs' Claim for Conversion (Count V) Is Premised Upon the
                        Debtors' Alleged Breach of the Sears Agreements. ............................14

        C.      This Adversary Proceeding is an Improper Forum for the Remaining
                Counts. ..........................................................................................................16

V.      RESERVATION OF RIGHTS ................................................................................19

VI.     NOTICE ..................................................................................................................19

VII.    NO PREVIOUS REQUEST ....................................................................................19

VIII.   CONCLUSION .........................................................................................................1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advent Elects., Inc. v. Buckman*,
  918 F. Supp. 260 (N.D. Ill. 1996) .......................................................................12

*Anderson Elec. v. LedBetter Erection Corp.*,
  503 N.E.2d 246 (Ill. 1986) .................................................................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................7, 8, 13

*Bear Kaufman Realty, Inc. v. Spec Dev., Inc.*,
  645 N.E.2d 244 (Ill. App. 1994) ........................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................8

*Braman v. Woodfield Gardens Assocs., Realcorp Inv'rs I*,
  715 F. Supp. 226 (N.D. Ill. 1989) ......................................................................16

*In re Brand Affinity Techs., Inc.*,
  No. 15-ap-01395 SC, 2016 WL 8316889 (Feb. 24, 2016) ..................................17

*Carlson, Inc. v. Commercial Disc. Corp.*,
  382 F.2d 903 (10th Cir. 1967) ............................................................................11

*Chicago Cutter-Karcher, Inc. v. Maley (In re Lords, Inc.)*,
  356 F.2d 456 (7th Cir. 1965) ..............................................................................10

*Congregation of the Passion v. Touch Ross & Co.*,
  636 N.E.2d 503 (Ill. 1994) .................................................................................15

*Dade Cty. School Dist. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
  53 B.R. 346 (Bankr. S.D.N.Y. 1985) .................................................................16

*DBL Liquidating Trust v. Majutama (In re Drexel Burnham Lambert Grp., Inc.)*,
  148 B.R. 993 (S.D.N.Y. 1992).......................................................................16, 18

*In re Dreier LLP*,
  429 B.R. 112 (Bankr. S.D.N.Y. 2010)................................................................14

*Earl H. Galitz, P.A. v. Edghill (In re Edghill)*,
  113 B.R. 783 (Bankr. S.D. Fla. 1990) ...............................................................17

*In re Ephedra Prod. Liab. Litig.*,
    329 B.R. 1 (S.D.N.Y. 2005)........................................................................17, 18

*Essex Ins. Co. v. Lutz*,
    No. 06-cv-0114-DRH, 2007 WL 844914 (S.D. Ill. Mar. 20, 2007) ................................15, 16

*Evergreen Solar v. Barclays PLC (In re Lehman Bros. Holdings, Inc.)*,
    No. 00-1633 (JMP), 2011 WL 722582 (Bankr. S.D.N.Y. Feb. 22, 2011)............................17

*Eychaner v. Gross*,
    779 N.E.2d 1115 (Ill. 2002) ........................................................................9, 10, 12

*Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*,
    679 N.E.2d 1197 (Ill. 1997) ........................................................................15

*Flanagan v. Mangan (In re Flanagan)*,
    503 F.3d 171 (2d Cir. 2007)........................................................................14

*Harbinger Capital Partners LLC v. Ergen (In re LightSquared Inc.)*,
    504 B.R. 321 (Bankr. S.D.N.Y. 2013) ................................................................8, 13

*Iles v. LTV Aerospace & Defense Co. (In re Chateaugay Corp.)*,
    104 B.R. 626 (S.D.N.Y. 1989)........................................................................16

*Lee v. Ahne Law, P.C. (In re Basic Food Grp., LLC)*,
    No. 15-10892(JLG), 2016 WL 3677673 (Bankr. S.D.N.Y. July 1, 2016) ............................8

*LFD Operating, Inc. v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*,
    144 Fed. App'x 900 (2d Cir. 2005)....................................................................10

*LFD Operating, Inc. v. Ames Merchandising Corp. (In re Ames Dep. Stores, Inc.)*,
    274 B.R. 600 (Bankr. S.D.N.Y. 2002) ..............................................................10, 11

*Mendel v. Whitmer (In re Yeager Co.)*,
    315 F.2d 864 (6th Cir. 1963) ........................................................................11

*Midwest Decks, Inc. v. Butler & Baretz Acquisitions, Inc.*,
    649 N.E.2d 511 (Ill. App. Ct. 1995) ................................................................13

*Mills v. State Nat'l Bank*,
    329 N.E.2d 255 (Ill. App. 1975) ....................................................................10

*Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A.
    (In re Motors Liquidation Co.)*,
    563 B.R. 498 (Bankr. S.D.N.Y. 2016)..................................................................7

*Nisselson v. Bank of the West (In re Cocoa Servs., L.L.C.)*,
    No. 17-11936-JLG, 2018 WL 1801240 (Bankr. S.D.N.Y. Apr. 13, 2018) ............................10

*Perry v. Wyeth,*
    184 N.E.2d 861 (Ill. 1962) ...................................................................................11, 13

*In re Residential Capital, LLC,*
    2014 Bankr. LEXIS 3262 (Bankr. S.D.N.Y. July 31, 2014) ...................................17

*Suttles v. Vogel,*
    533 N.E.2d 901 (Ill. 1988) ..............................................................................11, 12,13

*Swanson v. Randall,*
    195 N.E.2d 656 (Ill. 1964) ...........................................................................................13

*In re Thebus,*
    483 N.E.2d 1258 (Ill. 1985) .........................................................................................16

*U.S. Nat'l Bank in Johnstown, Pa. v. Blauner's Affiliated Stores,*
    75 F.2d 826 (3d Cir. 1935) ...........................................................................................11

*Verbaere v. Cmty. Bank of Homewood-Flossmoor,*
    498 N.E.2d 843 (Ill. App. Ct. 1986) ..............................................................................9

**Rules**

Fed. R. Bankr. P. 3002 .......................................................................................................7, 17

Fed. R. Bankr. P. 7001 ..........................................................................................6, 7, 16, 18

Fed. R. Bankr. P. 7004 .........................................................................................................1, 7

Fed. R. Bankr. P. 7008 .........................................................................................................1, 7

Fed. R. Bankr. P. 7009 ......................................................................................................2, 7, 8

Fed. R. Bankr. P. 7012 ...................................................................................................1, 7, 19

Fed. R. Bankr. P. 7042 .........................................................................................................2, 7

Fed. R. Civ. P. 8 ........................................................................................................................7

Fed. R. Civ. P. 9 ..................................................................................................................18, 13

Fed. R. Civ. P. 12 ..................................................................................................................7 19

General Order M-399 ................................................................................................................2

**Treatises**

10 Collier on Bankruptcy P 7001.02 (16th 2019) .......................................................................19

Sears Holdings Corporation ("**SHC**") and certain of its affiliates, as debtors and

debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases and as

defendants in the above-captioned adversary proceeding (the "**Adversary Proceeding**"),[1] hereby

file this Motion to Dismiss the Adversary Complaint and Reply to the *Joint Response of VIR*

*Ventures, Inc. and AMI Ventures, Inc. in Opposition to Debtors' Second Omnibus Claims*

*Objection* (ECF No. 5056) ("**Motion**") pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal

Rules of Civil Procedure (the "**Federal Rules**") and Rules 7004, 7008, 7009, and 7012 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking dismissal of Counts

II, IV, and V of the Adversary Complaint filed on November 12, 2019 (ECF No. 1) (the

"**Complaint**") by plaintiffs VIR Ventures, Inc. and AMI Ventures, Inc. (the "**Plaintiffs**").

## I.    PRELIMINARY STATEMENT

1.    Since November 2019, Plaintiffs have been litigating their claims against

the Debtors in three separate contexts—a pending contested matter, the Administrative Expense

Claims Consent Program, and the Adversary Proceeding.  At the February 24, 2020 hearing (the

"**Hearing**") on the Debtors' *Motion to Adjourn Adversary to Proceeding, or in the Alternative, for*

*an Extension of Time to Answer or Otherwise Respond to Plaintiffs' Adversary Complaint* (ECF

No. 5) (the "**Motion to Adjourn**"), the Court dismissed three of Plaintiffs' claims (breach of

contract, unjust enrichment, and fraudulent/negligent misrepresentation), asserting that the claims

were not properly brought in the context of an adversary proceeding and, further, were duplicative

of Plaintiffs' efforts to recover on the claims in the pending contested matter and Administrative

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Adversary Complaint (as defined herein).

Expense Claims Consent Program.[2]  The Court then consolidated the remaining claims (breach of express trust and constructive trust)[3] with the pending contested matter pursuant to Federal Rule of Bankruptcy Procedure 7042.

2.    The Debtors now move the Court to dismiss the remaining claims in Plaintiffs' Complaint.  Plaintiffs should no longer be permitted to prosecute this meritless adversary proceeding—even in the context of the pending contested matter—at the expense of the Estate and its other creditors.  First, Plaintiffs have failed to state claims upon which relief can be granted.  Second, Plaintiffs' purported trust claims are, in fact, claims for money damages dressed up as equitable claims in an effort to short circuit the orderly claims process.

3.    In short, Plaintiffs' efforts to circumvent the orderly claims processes approved by this Court for the fair and equitable administration of the Debtors' Estate must come to an end.

## II.    RELEVANT BACKGROUND AND FACTS

### A.    Facts Alleged in Plaintiffs' Complaint[4]

4.    AMI and VIR were third-party e-marketplace sellers for the Debtors, providing goods to sell to the Debtors' customers via Sears's online marketplace, www.sears.com.

---

[2] The morning of the Hearing, Plaintiffs filed (in the chapter 11 cases) an *Expedited Joint Motion of E-Market Place Sellers VIR Ventures, Inc. and AMI Ventures, Inc. to Set-Aside a $885,896 Reserve from the Second Distribution under the Administrative Expense Claims Consent Program* (ECF No. 7331) (the "**Expedited Joint Motion**"), asking the Court to order the Debtors to "set-aside [sic] and reserve from the proposed 'Second Distribution' the sum of $885,896."  At the Hearing, the Court instructed the Debtors to disregard the Expedited Joint Motion and ordered Plaintiffs to withdraw it.  Declaration of Jennifer Brooks Crozier ("**Crozier Decl.**") Ex. A (*In re Sears Holdings Corp.* Feb. 24, 2020 Hr'g Tr. ("**Hr'g Tr.**")) at 17:6-18:19, filed concurrently herewith.  As of the time of this filing, Plaintiffs have yet to withdraw the Expedited Joint Motion.

[3] As discussed below, the Court dismissed Plaintiffs' conversion claim to the extent that it was premised upon Plaintiffs' breach of contract, unjust enrichment, or fraudulent/negligent misrepresentation claims.

[4] For purposes of this Motion, the Debtors accept all facts in the Complaint as true, but reserve the right to dispute the facts if the Motion is not granted.

Compl. ¶ 21.  In order to sell their products on Sears's online marketplace, AMI and VIR each entered into a Sears Marketplace Agreement (the "**Sears Agreements**") with the Debtors.[5]  *Id.* ¶ 24.  The Sears Agreements obligated the Debtors, in exchange for a monthly fee and a commission on each sale, to grant Plaintiffs access to Sears and its affiliates' websites as a platform to post merchandise listings.  *Id.* ¶¶ 26-27.  When a customer purchased a product offered for sale by Plaintiffs on Sears's website, the Debtors would collect payment from customers and send instructions to Plaintiffs concerning which items to send to customers and where the items should be shipped.  *See id.* ¶ 33.  Customers would pay the Debtors directly, and then the Debtors would send the payment minus commission (the "**Customer Funds**") to Plaintiffs within fifteen days of delivery, in accordance with the Sears Agreements.  *Id.* ¶¶ 33-37.

5.      Plaintiffs allege that they delivered purchased goods to common carriers who then delivered those goods directly to the Debtors' customers.  *Id.* ¶ 79.  The Debtors themselves never received purchased goods.  *See id.*  Plaintiffs further allege that, instead of "segregat[ing] the [C]ustomer [F]unds for ultimate remittance to [] Plaintiffs," "Sears commingled the funds with its estate . . ." and "wrongfully exerted control, dominion, and ownership" over the allegedly unremitted Customer Funds.  *See id.* ¶¶ 119, 132-134.  Plaintiffs allege that, having performed under the Sears Agreements, they are entitled to immediate possession of the Customer Funds and that the Debtors breached the Sears Agreements by not timely remitting the Customer Funds to them.  *Id.* ¶¶ 80, 134.

6.      According to Plaintiffs, the Sears Agreements (i) refer to Sears as an "agent" of Plaintiffs and (ii) provide that "title and risk of loss and/or damage to the Requested

---

[5] Plaintiffs purport to have attached the Sears Agreements to the Complaint; however, Plaintiffs neither (i) filed the Sears Agreements with the Complaint nor (ii) served copies of the Sears Agreements on the Debtors.  Accordingly, the Debtors address their arguments concerning the sufficiency of Plaintiffs' pleading to Plaintiffs' allegations concerning the terms of the Sears Agreements.

Merchandise will remain with [Plaintiffs] until delivery to the User." *Id.* ¶¶ 41, 43.  They allege, on these bases, that the Sears Agreements created a trust, and that the Debtors breached their duty of loyalty as trustee by breaching the Sears Agreements through failing to remit Customer Funds and taxes. *Id.* ¶¶ 93-94.  Plaintiffs do not allege that the Sears Agreements required Debtors to segregate the Customer Funds from their own.[6]

7.    Plaintiffs also allege that they corresponded with the Debtors' Manager of Product Management, Marketplace, regarding their unpaid claims on the Petition date and for months after.  *Id.* ¶ 53.  According to Plaintiffs, Carr made several false statements to them regarding the status of the Debtors' bankruptcy and the potential future payment of the Claims, including: (i) "We do not ***anticipate*** any impact to vendor payment" but, rather, "***intend*** to pay our vendors in the ordinary course for all goods and services after the filing date" and are "***committed to working with*** our vendors and other contracted services to help maintain inventory levels," *id.* ¶ 56 (emphasis added); (ii) "***I was just informed*** that payment for orders shipped from Sunday midnight forward will be paid as per the usual terms," *id.* ¶ 58 (emphasis added); (iii) "***My understanding is*** that [Lampert's] bid includes a 'lockbox' of funds for debt claims—so everything is working as it should as this moves forward" and "***my guess would be*** that we should hear a close of claims at which point the disbursement date should be made public," *id.* ¶ 64 (emphasis added); and (iv) "Any holds or delays on processing EFTS ***should be*** cleared by Wednesday—pending amounts ***should*** hit your account by then," *id.* ¶ 67.  Plaintiffs have failed to allege which of these statements are false or why they are false.

---

[6] Plaintiffs have not attached the Sears Agreements to their Complaint, but to the Debtors' knowledge, their standard Marketplace form agreements do not require the segregation of Customer Funds.

8.      Plaintiffs' pre- and post-petition claims comprise (i) customer funds allegedly owed to Plaintiffs by the Debtors pursuant to the Sears Agreements and (ii) tax payments that allegedly should have been remitted by the Debtors pursuant to the Sears Agreements. *Id.* ¶¶ 80-84.

**B.      Plaintiffs' Bankruptcy Filings**

9.      In February 2019, Plaintiff AMI filed five pre-petition claims (Claim Nos. 8514, 8540, 8644, 8513, 8556) and Plaintiff VIR filed one pre-petition claim (Claim No. 8539) against the Debtors' Estate (the "**Claims**") totaling $790,534.35 in the aggregate. *Id.* ¶ 15. Plaintiffs asserted 503(b)(9) administrative priority for the Claims for debts arising out of goods purchased on behalf of the Debtors' customers. *Id.* ¶ 16.

10.     On August 6, 2019, the Debtors filed the *Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* (ECF No. 4776) (the "**Second Omnibus Objection**"), seeking to reclassify the Claims as general unsecured claims because they do not relate to goods received by the Debtors.  On September 3, 2019, Plaintiffs responded to the Second Omnibus Objection, filing the *Joint Response of VIR Ventures, Inc. and AMI Ventures, Inc. in Opposition to Debtors' Second Omnibus Claims Objection* (ECF No. 5056), and Plaintiffs' Claims became the subject of a pending contested matter.

11.     Plaintiffs filed a *Joint Motion of VIR Ventures, Inc. and AMI Ventures, Inc. for Allowance and Payment of Administrative Claims Pursuant to 11 U.S.C. §§503(a), and 503(b)(1) & 507(a)* (the "**VIR-AMI Admin Motion**") on September 26, 2019 (ECF. 5242), seeking the allowance of a post-petition 503(b)(1) administrative claim in the amount of $95,362.30.

12.     Plaintiffs opted in to the Administrative Expense Claims Consent Program by submitting two opt-in ballots, each of which relates to both pre- and post-petition amounts that

the Debtors allegedly owe Plaintiffs. *See* Crozier Decl. Exs. B, C (Ballot ID Nos. 182353801039931 and 182353801040864).

13.     Through this Adversary Proceeding, Plaintiffs seek to recover $885,896.65 from the Debtors: $95,362.30 (the alleged amount of their post-petition claims) plus $790,534.35 (the alleged amount of their pre-petition claims) plus attorneys' fees, "or in the alternative, the imposition of a constructive trust regarding the same." Compl. ¶ 71.  Plaintiffs have already filed proofs of claim to recover their pre-petition claims of $790,534.35 and have filed the VIR-AMI Admin Motion to recover their post-petition claims of $95,362.30. *Id.* ¶¶ 15, 20.  In short, the funds Plaintiffs seek to impose a constructive trust upon are the ***same*** funds that they are seeking through the claims process.

### C.     The Debtors' Motion to Adjourn this Adversary Proceeding

14.     On January 16, 2020, the Debtors filed the Motion to Adjourn.  Five days later, Plaintiffs filed the *Joint Response of VIR Ventures, Inc. and AMI Ventures, Inc. in opposition to Debtors' Motion to Adjourn Adversary Proceeding, or in the Alternative, for an Extension of Time to Answer Otherwise Respond to Plaintiffs' Adversary Complaint* (ECF No. 6).

15.     At the Hearing on the Debtors' Motion to Adjourn, this Court dismissed Counts I, III, and VI of the Complaint as improperly brought in an adversary proceeding according to Rule 7001 of the Bankruptcy Rules because they seek to recover money damages based upon pre-petition conduct and because they are duplicative of Plaintiffs' efforts to recover on their pre- and post-petition claims in the context of the pending contested matter and Administrative Expense Claims Consent Program. *See* Hr'g Tr. at 22:1-10, 24:20-25:10, 39:21-40:15.  The Court did not dismiss Counts II and IV (asserting claims for breach of express trust and constructive trust, collectively the "**Trust Counts**"), and did not dismiss Count V (asserting a claim for conversion) to the extent Count V is premised upon the Trust Counts. *Id.* at 40:12-15.  Rather, the Court

consolidated the Trust Counts with the pending contested matter pursuant to Bankruptcy Rule 7042 and directed the Debtors to move to dismiss the Trust Counts on or by March 2, 2020. *Id.* at 25:17-21, 39:16-40:22.

## III.    RELIEF REQUESTED

16.    By this Motion, the Debtors respectfully request entry of an order, pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules and Rules 3002, 7001, 7004, 7008, 7009, and 7012 of the Bankruptcy Rules, dismissing Counts II, IV, and V of the Complaint (the "**Remaining Counts**") with prejudice.

## IV.    ARGUMENT AND AUTHORITIES

17.    The Court should dismiss the Remaining Counts with prejudice because (i) Plaintiffs fail to state claims upon which relief can be granted and, in any event, (ii) the Remaining Counts seek money damages based upon the Debtors' pre-petition conduct, and such claims should be resolved through the orderly claims process.

### A.    Legal Standard

18.    To satisfy Federal Rule 8(a) and survive a motion to dismiss under Federal Rule 12(b)(6), applicable here pursuant to Bankruptcy Rules 7008 and 7012, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (internal citation and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state plausible claims, as allegations "must create the possibility of a right to relief that is more than speculative." *Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016) (internal citation and quotation marks omitted). Plaintiffs must plead "more than a sheer possibility that a defendant has acted unlawfully" to survive a Rule 12(b)(6) motion to dismiss. *Nisselson v. Bank of the West (In*

*re Cocoa Servs., L.L.C.)*, No. 17-11936-JLG, 2018 WL 1801240, at *4 (Bankr. S.D.N.Y. Apr. 13,

2018) (citing *Iqbal*, 556 U.S. at 678); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)

(dismissing complaint where plaintiff did not "nudge [its] claims across the line from conceivable

to plausible").

19.     Additionally, Federal Rule 9(b), applicable here pursuant to Bankruptcy

Rule 7009, imposes a heightened pleading requirement where a complaint alleges fraud.  Fed. R.

Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake."); *Iqbal*, 556 U.S. at 686 ("It is true that Rule

9(b) requires particularity when pleading 'fraud or mistake', while allowing '[m]alice, intent,

knowledge, and other conditions of a person's mind [to] be alleged generally.'  But 'generally' is

a relative term.  In the context of Rule 9, it is to be compared to the particularity requirement

applicable to fraud or mistake.") (citing Fed. R. Civ. P.  9(b))(alteration in original).  A complaint

grounded in claims of fraud must "allege facts that give rise to a strong inference of fraudulent

intent" and "specify the statements that the plaintiff contends were fraudulent."  *Lee v. Ahne Law,

P.C. (In re Basic Food Grp., LLC)*, No. 15-10892(JLG), 2016 WL 3677673, at *7 (Bankr.

S.D.N.Y. July 1, 2016) (internal citation and quotation marks omitted). "Allegations that are

conclusory or unsupported by factual assertions are insufficient" to satisfy Rule 9(b).  *Harbinger

Capital Partners LLC v. Ergen (In re LightSquared Inc.)*, 504 B.R. 321, 335 (Bankr. S.D.N.Y.

2013) (internal citation and quotation marks omitted).

**B.     Plaintiffs' Remaining Counts Should Be Dismissed for Failure to State a
         Claim.**

20.     The Remaining Counts fail to state a claim upon which relief can be granted.

Among other reasons, (i) Plaintiffs' claim for breach of trust fails to adequately allege the creation

of a trust; (ii) their claim for imposition of a constructive trust fails to allege the requisite

wrongdoing to justify the remedy of a constructive trust; and (iii) their claim for conversion is based solely upon the Debtors' alleged breach of contract.

> **1.    Plaintiffs' Claim for Breach of an Express Trust (Count II) Should be Dismissed.**

21.    Plaintiffs have failed to state a claim for breach of express trust.  In Illinois, the creation of an express trust requires ***all*** of the following elements: "(1) intent of the parties to create a trust, which may be shown by a declaration of trust by the settlor or by circumstances which show the settlor intended to create a trust; (2) a definite subject matter or trust property; (3) ascertainable beneficiaries; (4) a trustee; (5) specifications of a trust purpose and how the trust is to be performed; and (6) delivery of the trust property to the trustee."  *Eychaner v. Gross*, 779 N.E.2d 1115, 1131 (Ill. 2002) (citations omitted). Where a plaintiff's complaint is "entirely devoid of any reference to any type of agreement or understanding (oral, written or otherwise) that the parties ever intended to create a relationship constituting a trust" and consists of nothing more than a "conclusory allegation" of the existence of a trust, a claim of breach of express trust must be denied.  *Verbaere v. Cmty. Bank of Homewood-Flossmoor*, 498 N.E.2d 843, 848-49 (Ill. App. Ct. 1986) (affirming trial court's dismissal of breach of express trust claim where the complaint "consists of nothing more than a conclusory allegation as to the existence of an express trust and contains absolutely no facts from which the parties' intent to create a trust could ever be inferred").

22.    Here, Plaintiffs fail to offer more than conclusory allegations concerning the existence of an express trust.  First, the Complaint fails to allege that the Debtors ever intended to create a trust.  Second, Plaintiffs attempt to label their agency relationship with the Debtors a "trust," but, again, allege no facts manifesting intent of ***either*** party to enter into a trust relationship. *Eychaner*, 779 N.E.2d at 1134-35 (finding plaintiffs failed to allege the creation of a trust where they only alleged facts supporting an agency relationship).  An agency relationship is not a trust;

an agent is merely "one who undertakes to manage the affairs of another." *Id.* (citing *Mills v. State Nat'l Bank*, 329 N.E.2d 255, 258 (Ill. App. 1975)). Where the language of an agreement refers only to an agency relationship and fails to transfer title or property to the alleged trustee, a court will not find the existence of an enforceable trust. *Id.* (finding no existence of a trust where agreement described an agency relationship and contained no words of delivery or any provision transferring an interest in property). Here, the excerpted language of the Sears Agreements states, "Seller hereby appoints Sears as **an agent** of Seller," and that "Sears will not have title to, or deemed [sic] the legal owner of, any Merchandise at any time under the terms of this Agreement." Compl. ¶ 92 (emphasis added). Because the Sears Agreements explicitly deny the Debtors any title or ownership, they cannot create an express trust. *Eychaner*, 799 N.E.2d at 1134-35 (declining to find a trust where there was no transfer of rights to alleged trustee, only a delegation of duties).

23. Moreover, Plaintiffs have not alleged the existence of an ascertainable res, a necessary element of an express trust. To determine whether property held by a debtor is property of the estate or being held in trust for benefit of another, courts look at the parties' business arrangement and how property is handled and held by the debtor. *LFD Operating, Inc. v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 144 Fed. App'x 900, 901-02 (2d Cir. 2005); *Chicago Cutter-Karcher, Inc. v. Maley (In re Lords, Inc.)*, 356 F.2d 456, 458 (7th Cir. 1965) ("the question is . . . whether the settlor manifested an intention to impose upon himself or upon a transferee of the property equitable duties to deal with the property for the benefit of another person"). Critically, if a debtor commingles its funds with that of an alleged trust res, courts will find there is no ascertainable res for purposes of trust formation. *See, e.g.*, *LFD Operating, Inc. v. Ames Merchandising Corp. (In re Ames Dep. Stores, Inc.)*, 274 B.R. 600, 623 (Bankr. S.D.N.Y. 2002) ("[I]f a recipient of funds is not prohibited from using the funds as his own and the recipient

is not prohibited form commingling the funds with his own monies, a debtor-creditor relationship, not a trust relationship, exists."); *see also Carlson, Inc. v. Commercial Disc. Corp.*, 382 F.2d 903, 905 (10th Cir. 1967) (finding no creation of a trust where the trust agreement allowed the commingling of funds); *Mendel v. Whitmer (In re Yeager Co.)*, 315 F.2d 864, 865-66 (6th Cir. 1963)(finding no express or implied trust where the alleged trust funds were commingled with non-trust funds); *cf. U.S. Nat'l Bank in Johnstown, Pa. v. Blauner's Affiliated Stores*, 75 F.2d 826, 826 (3d Cir. 1935) (finding existence of a trust where the agreements at issue provided for a separate account for the alleged trust funds to be collected).

24.    Here, Plaintiffs allege that the Debtors wrongfully commingled the alleged "trust funds" with their own. Compl. ¶ 119. Accordingly, Plaintiffs themselves have alleged there is no ascertainable res for purposes of trust formation. *See, e.g.*, *In re Ames*, 274 B.R. at 624. Further, Plaintiffs have failed to plead that the Sears Agreements prohibited the commingling of funds, a necessary element for a court to find an ascertainable res. *Id.* Because Plaintiffs have failed to sufficiently plead an ascertainable res, this Court should dismiss Plaintiffs' claim for breach of express trust. *See, e.g.*, *In re Lords, Inc.*, 356 F.2d, 457-58 (finding no express trust where parties agreed to commingle funds).

**2.    Plaintiffs' Claim to Obtain the Imposition of a Constructive Trust (Count IV) Should be Dismissed.**

25.    Plaintiffs cannot state a claim for the imposition of a constructive trust. Plaintiffs urge this court to impose a constructive trust regarding recovery of money allegedly owed by the debtors. Compl. at p. 22. A constructive trust is not created by an agreement between a settlor and trustee but is "raised by an operation of law." *Suttles v. Vogel*, 533 N.E.2d 901, 904 (Ill. 1988) (citing *Perry v. Wyeth*, 184 N.E.2d 861, 863 (Ill. 1962)). A court will not impose a constructive trust unless "the complaint makes specific allegations of wrongdoing such as fraud,

breach of fiduciary duty, duress, coercion or mistake." *Id.* at 905 (internal citations omitted). Moreover, "[t]he proceeds of the alleged wrongful conduct must exist as an identifiable fund traceable to that conduct, such that it can become the *res* of the proposed trust." *Eychaner*, 799 N.E.2d at 1143 (citation omitted). Imposition of a constructive trust is an extraordinary remedy, and will not be imposed unless the grounds for imposing a constructive trust are "so clear, convincing, strong and unequivocal as to lead to but one conclusion." *Suttles*, 533 N.E.2d at 905 (citations omitted).

26.     As discussed above, Plaintiffs have failed to identify a trust res that is traceable to any wrongful conduct in this case. In the absence of an ascertainable res, their claim for the imposition of a constructive trust must fail. *See Eychaner*, 779 N.E.2d at 1143 (finding a claim for a constructive trust fails where "there is no evidence of an identifiable fund traceable to any wrongful conduct in [the] case").

27.     Further, Plaintiffs have not made specific allegations of wrongdoing on the part of the Debtors that would support the imposition of a constructive trust. Plaintiffs simply allege, in a conclusory manner, that "[the] Brian Carr statements were wrong and misleading and tantamount to actual or constructive fraud, breach of fiduciary duty, duress, coercion or mistake," Compl. ¶ 118, without any facts to show *why* or how the statements constitute actionable misconduct. They allege "certain of the statements made by Carr to Plaintiffs were mistaken if not outright false," but do not identify *which* statements they believe to be mistaken or false. *Id.* ¶ 122. Moreover, to the extent the alleged fraudulent conduct of Carr constituted promises of future payment, there can be no allegation of fraud. *See Advent Elects., Inc. v. Buckman*, 918 F. Supp. 260, 264 (N.D. Ill. 1996) (noting that under Illinois law, representations promising future conduct cannot form the basis of a fraud claim).

28.     Plaintiff has provided only mere "labels and conclusions," which are not sufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. Further, Plaintiffs' allegations of fraud unsupported by factual assertions are insufficient under the heightened pleading standard of Fed. R. Civ. P. 9(b). *See In re LightSquared Inc.*, 504 B.R. at 335. In the absence of any facts that demonstrate wrongdoing, this Court should deny Plaintiffs' claim for the imposition of a constructive trust. *See Suttles*, 533 N.E.2d at 905 (denying the imposition of a constructive trust where plaintiff's claims alleged no "facts charging actual or constructive fraud, duress, coercion, or mistake").

29.     Plaintiffs' allegations relating to the Debtors' breach of contract also fail to establish wrongdoing sufficient to support the imposition of a constructive trust. A constructive trust does not arise from the mere failure to pay a debt, since such a breach or failure does not in itself constitute fraud. *See, e.g.*, *Swanson v. Randall*, 195 N.E.2d 656, 660 (Ill. 1964) ("breach of . . . a written contract does not give rise to a constructive trust"); *Perry v. Wyeth*, 184 N.E.2d at 864 (Ill. 1962) ("The mere breach of an agreement or the failure to pay a debt does not give rise to a constructive trust.") (citation omitted); *Midwest Decks, Inc. v. Butler & Baretz Acquisitions, Inc.*, 649 N.E.2d 511, 518 (Ill. App. Ct. 1995) ("[M]ere nonpayment of a money debt is insufficient wrongdoing to justify the imposition of a constructive trust."); *Bear Kaufman Realty, Inc. v. Spec Dev., Inc.*, 645 N.E.2d 244, 250 (Ill. App. 1994) ("Mere breach of contract does not give rise to a constructive trust.").

30.     Finally, even if this Court were to find a constructive trust necessary under common law, the imposition of a constructive trust would frustrate the distribution scheme of the Bankruptcy Code. The Second Circuit counsels against automatically recognizing constructive trusts in bankruptcy because "[t]he imposition of a constructive trust in bankruptcy grants a priority

to the beneficiary of the constructive trust, and is fundamentally at odds with the principle of equal distribution among creditors." *In re Dreier LLP*, 429 B.R. 112, 136 (Bankr. S.D.N.Y. 2010) (collecting cases); *see also Flanagan v. Mangan (In re Flanagan)*, 503 F.3d 171, 182 (2d Cir. 2007) (noting that imposing a constructive in bankruptcy "thwarts the principle of ratable distribution underlying Bankruptcy Code," and that bankruptcy courts have been reluctant to impose a constructive trust absent a compelling reason) (citations omitted).   The equities that support the imposition of a constructive trust at common law do not necessarily support the imposition of a constructive trust in bankruptcy.   *In re Dreier LLP*, 429 B.R. at 137.   Here, Plaintiffs have offered no reason (and certainly not a compelling one) as to why their claims should not be settled through the established bankruptcy process.   The funds they seek to impose a constructive trust upon are the *same* funds that they are seeking through the claims process. Plaintiffs seek to recover the alleged amount of their post-petition claims ($95,362.30) plus the alleged amount of their pre-petition claims ($790,534.35), "or in the alternative, the imposition of a constructive trust regarding the *same*."   Compl. at 22 (emphasis added).   Imposing a constructive in these circumstances would thwart the bankruptcy process.[7]   To ensure equitable distribution among creditors in this bankruptcy proceeding, this Court should not impose a constructive trust.

### 3.    Plaintiffs' Claim for Conversion (Count V) Is Premised Upon the Debtors' Alleged Breach of the Sears Agreements.

31.    The Court should dismiss Plaintiffs' conversion claim. First, Plaintiffs' claim for conversion arises out of the same conduct as their already dismissed breach of contract

---

[7] Moreover, Plaintiffs' proofs of claims, VIR-AMI Admin Motion, and administrative-expense claims ballots are, in the strictest sense, claims against *property of the Debtors' Estate*, and by filing the proofs and the motion and by submitting the ballots, Plaintiffs have acknowledged that the amounts they seek *belong to the Debtors' Estate*. Plaintiffs' trust claims, based upon allegations that the Debtors wrongfully asserted control over or withheld property that always belonged to Plaintiffs and never belonged to the Debtors, are fundamentally at odds with this acknowledgement.   Accordingly, Plaintiffs' trust claims cannot stand.

claim—the Debtors' alleged breach of the Sears Agreements.  The allegations in Plaintiffs' claim

for conversion alleged: (1) "Sears exerted wrongful control, dominion and ownership over

customers' funds that ***should have been remitted to Plaintiffs***," i.e., pursuant to the Sears

Agreements; (2) "[t]he Sears Agreements expressly states [sic] that the customer funds are the

right of the Plaintiffs;" and (3) "Plaintiffs performed under the Sears Agreements and they have

an immediate, absolute, unconditional, right to possession of the customer funds."  Compl. ¶¶ 132-

34 (emphasis added).   These allegations are based entirely upon Plaintiffs' breach of contract

claim, not their trust claims.  As this Court explained at the Hearing, "to the extent [the conversion

claim] depends on some other count besides two and four [their trust claims], it should be

dismissed."  Hr'g Tr. 24:23-25:1.  Accordingly, to the extent Plaintiff's Count V has not already

been dismissed, it should be dismissed because it is premised on Plaintiffs' breach of contract

claim.

    32.  Plaintiffs' claim for conversion is also barred by the economic loss doctrine.

The economic loss doctrine, as recognized in Illinois, prohibits plaintiffs from recovering purely

economic loss in tort actions, regardless of a plaintiff's inability to recover under an action in

contract.  *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 679 N.E.2d 1197, 1999 (Ill. 1997) (citing

*Anderson Elec. v. LedBetter Erection Corp.*, 503 N.E.2d 246, 249 (Ill. 1986)).   And while the

economic loss doctrine does allow recovery in tort in circumstances where there is a breach of

duty independent of the contract between the parties, s*ee Essex Ins. Co. v. Lutz*, No. 06-cv-0114-

DRH, 2007 WL 844914, at *5 (S.D. Ill. Mar. 20, 2007) (citing *Congregation of the Passion v.

Touch Ross & Co.*, 636 N.E.2d 503, 514 (Ill. 1994)), in order to plead a conversion claim based

on purely economic loss, a plaintiff must allege that the defendant owed a duty completely

independent a contractual agreement, *Essex*, 2007 WL 844914, at *6.

33.    Plaintiffs' conversion claim against the Debtors consists of purely economic loss—the funds purportedly withheld in breach of the Sears Agreements.  In their prayer for relief, Plaintiffs request the money owed to them under the Claims, or in the alternative, a constructive trust regarding the same.  Compl. at pp. 23-24.  Further, the Complaint also fails to plead any duty owed by the Debtors that is independent of the Sears Agreements.  Thus, the Court should dismiss Plaintiffs' conversion claim.  *See e.g.*, *Essex*, 2007 WL 844914, at *6 (finding that where plaintiffs failed to allege a duty independent of the contract between, the conversion claimed is barred by the economic loss doctrine); *Braman v. Woodfield Gardens Assocs., Realcorp Inv'rs I*, 715 F. Supp. 226, 229 (N.D. Ill. 1989) (dismissing conversion claim where the alleged injuries constituted purely economic loss); *see also In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985) ("[A]n action for the conversion of funds may not be maintained to satisfy a mere obligation to pay money.").

**C.    This Adversary Proceeding is an Improper Forum for the Remaining Counts.**

34.    This Court should dismiss the Remaining Counts with prejudice for the additional reason that they are not properly brought in this Adversary Proceeding.  To the extent Plaintiffs' causes of action constitute claims for damages arising from pre-petition conduct, they have already been asserted through the claims process and cannot be reasserted in this adversary proceeding.

35.    Bankruptcy Rule 7001 limits adversary proceedings to ten categories, and "[a] claim for damages arising from pre-petition conduct is not one of those categories."  *DBL Liquidating Trust v. Majutama (In re Drexel Burnham Lambert Grp., Inc.)*, 148 B.R. 993, 998 (S.D.N.Y. 1992); *see also Dade Cty. School Dist. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 53 B.R. 346, 352 (Bankr. S.D.N.Y. 1985) (*disagreed with on other grounds by Iles v. LTV Aerospace & Defense Co. (In re Chateaugay Corp.)*, 104 B.R. 626 (S.D.N.Y. 1989)) ("[Rule 7001]

does not include a category for the recovery of claims against the debtor."). Plaintiffs' pre-petition claims, therefore, must be filed as proofs of claim and be resolved through the claims reconciliation process. *See* Fed. R. Bankr. P. 3002 ("A secured creditor, unsecured creditor or equity security holder must file a proof of claim or interest for the claim or interest to be allowed"); *In re Residential Capital, LLC*, 2014 Bankr. LEXIS 3262, at *19 (Bankr. S.D.N.Y. July 31, 2014) ("Damages claims against a bankruptcy debtor must be asserted in a proof of claim.") (collecting cases); *In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 7 (S.D.N.Y. 2005) ("In bankruptcy, the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim and not through an adversary proceeding.") (internal citations and quotation marks omitted); 10 Collier on Bankruptcy P 7001.02 (16th 2019) ("[A]n adversary proceeding may not be used as a substitute for a proof of claim.").

36.     As this Court acknowledged at the Hearing, Plaintiffs' requests for money damages, including punitive damages, attorney fees, costs, and interest, have already been properly asserted through the bankruptcy claims process. Hr'g Tr. at 22:7-10. Such damages claims arising from alleged pre-petition breaches of contract and that have already been asserted through the proofs of claims process are duplicative and not properly asserted in the adversary context. *See e.g.*, *Evergreen Solar v. Barclays PLC (In re Lehman Bros. Holdings, Inc.)*, No. 00-1633 (JMP), 2011 WL 722582, at *8 (Bankr. S.D.N.Y. Feb. 22, 2011) (dismissing a claim due to an alleged breach of contract as not proper for an adversary proceeding); *Earl H. Galitz, P.A. v. Edghill (In re Edghill)*, 113 B.R. 783, 784 (Bankr. S.D. Fla. 1990) ("Because the creditor's cause of action is predicated on a pre-petition contract claim, this Court finds that the creditor is precluded from recovering damages via this adversary proceeding."); *see also In re Brand Affinity Techs., Inc.*, No. 15-ap-01395 SC, 2016 WL 8316889, at *2 (Feb. 24, 2016) (dismissing adversary complaint

that was duplicative of already-filed proofs of claims); *In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. at 998 (noting that a claim for damages for breach of agreement could not have been brought in an adversary proceeding and is "properly brought only through the claims process"). Accordingly, the Court dismissed Plaintiffs' claims for damages arising out of breaches of the Sears Agreements.  Hr'g Tr. 39:21-40:15.

37.    That the Remaining Counts purport to be claims for equitable relief does not salvage them.  Where an equitable claim can be reduced to a money judgment and is, therefore, effectively a damages claim, the equitable claim should be denied.  *See Johns-Manville*, 53 B.R. at 354 (finding, where plaintiff was seeking injunctive relief, the "claim is one which could be reduced to a money judgment and therefore the equitable relief sought in the form of an injunction must be denied").  Here, Plaintiffs' claims for equitable relief are, in fact, damages claims dressed up as equitable claims in an apparent effort to "short-circuit" the orderly claims process.  *See In re Ephedra*, 329 B.R. at 7.  In each of the Remaining Counts, the equitable relief of a trust is pleaded as an alternative to money damages and "regarding [the] same [money damages]."  Compl. at pp. 17, 22, 23-24.  Because Plaintiffs' request for equitable relief is, at bottom, a request for a monetary judgment relating to its improper breach of contract claims, the Remaining Counts should be dismissed.

38.    Plaintiffs have accordingly failed to comply with Bankruptcy Rule 7001, which is itself a basis for dismissing Plaintiffs' Remaining Counts.   The Court should dismiss the Remaining Counts to the extent they represent claims for damages arising from pre-petition conduct as Plaintiffs are not entitled to pursue the same claims asserted in their proofs of claim in this Adversary Proceeding.[8]

---

## V.      RESERVATION OF RIGHTS

39.      The Debtors reserve all of their rights, claims, defenses, and remedies, including, without limitation, their rights to amend, modify, or supplement this Motion and to introduce any evidence in any hearing with respect to this Motion.  Further, the Debtors reserve all claims, causes of action, damages, rights, remedies, and/or defenses, and the Debtors reserve all rights to assert such claims, causes of action, damages, rights, remedies, and/or defenses as part of, or in conjunction with, their answer to the Complaint should this Motion be denied in whole or in part. *See generally* Fed. R. Civ. P. 12(a); Bankruptcy Rule 7012(a).

## VI.     NOTICE

40.      Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405).  The Debtors respectfully submit that no further notice is required.

## VII.    NO PREVIOUS REQUEST

41.      No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of the Page Intentionally Left Blank*]

## VIII.   CONCLUSION

For all of the foregoing reasons, Defendants request that the Court grant their Motion,

dismiss the Remaining Counts with prejudice, and order such other and further relief as the Court

may deem proper.

Dated: March 2, 2020
        New York, New York

                             /s/  Garrett A. Fail
                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York  10153
                             Telephone:  (212) 310-8000
                             Facsimile:  (212) 310-8007
                             Ray C. Schrock, P.C.
                             Jacqueline Marcus
                             Garrett A. Fail
                             Jared R. Friedmann
                             Sunny Singh

                             *Attorneys for Debtors
                             and Debtors in Possession*

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------ x
|  |  |  |
|---|---|---|
| **VIR VENTURES, INC.** and | : |  |
| **AMI VENTURES, INC.,** | : |  |
|  | : | **Adversary Proceeding** |
| **Plaintiffs,** | : |  |
|  | : | **Case No. 19-08700 (RDD)** |
| -against- | : |  |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : |  |
|  | : |  |
| **Defendants.** | : |  |
|  | : |  |

------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION TO DISMISS
## ADVERSARY COMPLAINT PURSUANT TO FED. R. BANKR. P. 7012

Upon the motion dated March 2, 2020 of Sears Holdings Corporation and its debtor

affiliates, as debtors and debtors in possession (collectively, the "**Debtors**")[2] in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

captioned chapter 11 cases and as defendants in the above-captioned adversary proceeding, for an

order dismissing plaintiffs VIR Ventures, Inc. and AMI Ventures, Inc.'s (collectively, the

"**Plaintiffs**") Adversary Complaint (ECF No. 1) (the "**Motion**") as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided, and it appearing that no other or further notice need be provided; and the Court

having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections,

if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having

determined that legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted.

2.    Plaintiffs' Adversary Complaint is dismissed with prejudice.


Dated: _____ , 2020
        White Plains, New York


        _____
        THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE