**Hearing Date and Time:**
**March 25, 2020 at 10:00 a.m.**

Jawlakian Law Group APC
16130 Ventura Boulevard, Suite 500
Encino, CA 91436
Telephone: (213) 805-6500
Facsimile: (844) 633-2467
George K. Jawlakian, Esq.

*Attorney for Xiamen Luxinjia Imp & Exp Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re:                                  | : | **Chapter 11**              |
|                                         | : |                             |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | Case No. 18-23538 (RDD)     |
|                                         | : |                             |
| Debtors.[1]                             | : | (Jointly Administered)      |
------------------------------------------------------------------x

# RESPONSE OF XIAMEN LUXINJIA IMP & EXP CO. LTD. IN OPPOSITION TO THE DEBTORS' ELEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**TO:   THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:**

Xiamen Luxinjia Imp & Exp Co. Ltd. ("LXJ"), by and through the undersigned counsel, Jawlakian Law Group, APC, hereby responds (the "Response") in opposition to the Debtors' Eleventh Omnibus Objection to Proofs of Claim (To Reclassify Certain Claims) [Dkt. No. 7213] (the "Objection").

In support of its Response, LXJ states as follows:

## SUMMARY OF ARGUMENT

The Debtors through their Objection, seek to systematically invalidate fifty seven (57) separate administrative priority claims filed under Section 503(b)(9). Their Objection is grounded on the assertion that they are deemed to have physically "received" goods as applied under Section 503(b)(9), when a third party freight forwarder obtains goods from the original seller. The Objection requests that this Court conclude that the Debtor is considered to have physically "received" the goods when LXJ loaded the goods at the port in China, nearly seven thousand five hundred (7,500) miles from the Debtors' principal place of business. To persuade this Court of their possession, the Debtors' heavily rely on case law that has been overturned in favor of LXJ[1]. Furthermore, the Objection patently assumes that all of the 503(b)(9) claims filed by LXJ are outside of their own purported timespan, but lack any factual analysis to further their point.

From the outset of this case, LXJ is among numerous vendors that relied on the precedent established by the Third Circuit in *Haining Wansheng Soa Co., Ltd v. World Imports Ltd., (In re World Imports),* 862 F.3d 338 [3d Cir. 2017] *("World Imports")* which holds that goods are "received" when they are physically in the Debtors' possession.

---

[1]*See* [In re World Imports, Ltd., 862 F3d 338 [3d Cir 2017]](#)

For this reason and the succeeding arguments, this Court should overrule the Objection.

## ARGUMENT

**I. The Debtors' Objection Lacks A Factual Analysis**

1. LXJ is manufacturing company located in the Peoples Republic of China that manufactures and sells wholesale shoes and similar goods.

2. Prior to October 15, 2018 (the "Petition Date"), LXJ manufactured and shipped wholesale goods to the Debtor in the ordinary course of business.

3. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on the Petition Date.

4. The twenty (20) day period during which LXJ asserted their claims under Section 503(b)(9) spanned September 25, 2018, through October 15, 2018 ("503(b)(9) Period").

5. On December 6, 2018, LXJ timely filed two (2) proofs of claim (the "Subject Proofs of Claim") in the Debtor's consolidated Chapter 11 cases.

   a. Proof of Claim #5932 (Sears Roebuck & Co.). The LXJ proof of claim filed against Sears Roebuck & Co. is in the total amount of $464,809.52 and consists of: (1) an 503(b)(9) administrative priority claim totaling $148,809.52, and (2) an unsecured non-priority claiming totaling $315,800.94.

   b. Proof of Claim #5968 (Kmart Corporation). The LXJ proof of claim filed against Kmart Corporation is in the total amount of $704,677.44 and consists of: (1) an 503(b)(9) administrative priority claim totaling $547,187.12, and (2) an unsecured non-priority claiming totaling $57,490.32.

A true and correct copy of the Subject Proofs of Claim (including copies of the unpaid invoices asserted as section 503(b)(9) claims and freight forwarder receipts) is attached as **Exhibit "A"**.

6. According to the United Parcel Service ("UPS") receipts[2], the primary freight forwarder used by the Debtors, there were approximately 75 shipments delivered to UPS, transferred to the common carrier sometime thereafter, then finally arrived to Debtor within the 503(b)(9) Period[3]. A simplified spreadsheet detailing the invoices included in **Exhibit "A"**, which was sent to subsequently sent to Debtors within the proof of claim deadline is attached as **Exhibit "B".**

7. According to the Objection, the Debtors only substantive objection to the Subject Proofs of Claim is that under Section 503(b)(9) of the Bankruptcy Code, goods shipped "FOB" should be considered "received" as of the date the goods are physically obtained by the freight forwarder. As discussed in detail below, this interpretation of Section 503(b)(9) of the Bankruptcy Code is erroneous. Moreover, the Debtors have provided no evidence to show when the goods set forth in the Subject Proofs of Claim were "received" by the common carrier at the port of origin (or, for that matter, when they were physically "received" by the Debtors located in the United States).

## II. This Court Must Advance Established Principles of Statutory Interpretation

8. The Bankruptcy Code does not define the term "received." See 11 U.S.C. §101. "When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning." In re Circuit City Stores, Inc. ("Circuit City II"), 432 B.R. 225, 228 (Bankr. E.D. Va. 2010) (citing Smith v. United States, 508 U.S. 223, 228 (1993)). "'[W]here words are employed in a statute[,] which had at the time a well-known meaning at common law or in the law of this country, they are presumed to have been used in that sense.'" *Circuit City II*, 432 B.R. at 228 (citing Standard Oil Co. of N.J. v. United States, 221 U.S. 1, 59(1911)).

9. Congress explicitly elected to use the term "received" in Section 503(b)(9), but did not provide a definition for "received" in the Bankruptcy Code.

10. In World Imports, the Court determined that the legal and dictionary definitions comport with the definition found in the UCC. Section 2–103(1)(c) defines "receipt" of goods as "taking physical possession of them." And because Article 2 of the UCC governed sales of goods in 49 states when 11 U.S.C. § 503(b)(9) was adopted, *see Goody's Family Clothing*, 401 B.R. at 134, we infer that Congress meant to adopt this "well-known meaning" of the term, *Standard Oil*, 221 U.S. at 59, 31 S.Ct. 502. *See In re Circuit City Stores, Inc.* (*Circuit City II*), 432 B.R. 225, 230 (Bankr. E.D. Va. 2010) (finding near-unanimous adoption of the UCC may have informed Congress's intended definition of the term "received"). World Imports has "presented [no]thing to suggest that Congress meant to deviate from the common and well-known meaning of the word received in drafting §503(b)(9)" in 2005. *Id.* In fact, there is ample evidence from the statutory context that Congress relied on the UCC definition of the word. In re World Imports, Ltd., 862 F3d 338, 342 [3d Cir 2017]

11. The World Imports Court next discussed why placing goods on a ship or with a third-party carrier, also known as freight on board FOB, does not constitute constructive receipt. Under applicable case law, common carriers are not considered agents of a buyer. *Id* at 344. Moreover, transfer of title and receipt have been held to be distinct. *Id. See, In re R.F. Cunningham & Co.,* 2006 Bankr. LEXIS 3650, *6 [Bankr. E.D.N.Y. December 21, 2006] ("Delivery to a common carrier does not constitute 'receipt' by a buyer of goods.")

12. Following the ruling of the Third Circuit, *World Imports* has been cited favorably, including by the United States Bankruptcy Court for the District of Connecticut. That court held that under 503(b)(9) received is "...either: (i) physical possession of the goods by the debtor; or (ii) constructive possession, when a bailee or an agent of the debtor physically possesses the goods." *In re O.W. Bunker Holding North America Inc.,* 2019 Bankr. LEXIS 2728 [Bankr

D.Conn. Aug. 26, 2019] at *25. The Court reaffirms that physical possession by the Debtor is a requirement.

### III. The Objection Incorrectly Relies on The Convention on Contracts for The International Sale of Goods

13. Debtors rely on The Convention on Contracts for The International Sale of Goods ("CISG") and the International Commerce Commissions' ("Intercoms") neither of which defines "received." The Objection cites the World Imports' overturned analysis to fashion an argument that the transfer of the risk of loss shall be interpreted as synonymous with physical possession.

14. However, that argument is superseded with a simpler application of the UCC's definition for "received" goods which governed sales of goods in 49 states when 11 U.S.C. § 503(b)(9) was adopted. *See Goody's Family Clothing*, 401 B.R. at 134.

15. Debtors also heavily assert that bankruptcy courts should not rely on state law to frame their interpretation of the definition for "received." The primary case cited by Debtors to suggest the Third Circuit incorrectly applied the UCC, which is state law, to interpret the meaning of "received" is *In re Escalera Res. Co.,* 563 B.R. 336 [Bankr. D. Colo. 2017] *("Escalera").* However, the court in Escalera used the dictionary definition of goods found in the UCC to reach a decision because there was no governing federal law. While courts are not required to consider state law in interpreting statutes, they certainly may, and as with the court in Escalera, particularly when federal law is silent as to the dispute in controversy.

16. The Objection repeatedly requests that this Court ignore the World Import Appellate Court analysis, which has been favorably cited on multiple occasions, and instead solely rely on the lower court's public policy argument. Id.

17. The Debtors' public policy argument is not persuasive as does not create conformity, but rather allow Debtors, with the assistance of freight forwarders, to circumvent 503(b)(9) claims in their entirety.

## CONCLUSION

For the foregoing reasons the Responding Party requests that the Court rule that:

1. The Debtors have not properly objected to the Responding Parties' claims by failing to produce evidence as to when the goods were "received";

2. That the term "received" as used in section 503(b)(9) of the Bankruptcy Code should mean physical possession by the Debtors;

3. That Debtors' objection to reclassify LXJ's proof of Claim No. 5932 and Proof of Claim No. 5968 is denied; and

4. Such other and further relief as this Court deems appropriate.


Dated: March 3, 2020

Respectfully Submitted,

*/s/ George K. Jawlakian*
Jawlakian Law Group APC
16130 Ventura Blvd., Suite 500
Encino, CA 91436
Telephone: (213) 805-6500
Facsimile: (844) 633-2467

Attorney for Xiamen Luxinjia Imp & Exp Co. Ltd.