**Hearing Date and Time:**
**March 25, 2020 at 10:00 a.m.**

Jawlakian Law Group APC
16130 Ventura Boulevard, Suite 500
Encino, CA 91436
Telephone: (213) 805-6500
Facsimile: (844) 633-2467
George K. Jawlakian, Esq.

*Attorney for Xiamen Luxinjia Imp & Exp Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.1 | : | (Jointly Administered) |

------------------------------------------------------------------x

# DECLARATION OF BENNY WANG IN SUPPORT OF RESPONSE OF XIAMEN LUXINJIA IMP & EXP CO. LTD. IN OPPOSITION TO THE DEBTORS' ELEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM

---

1The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

BENNY WANG, declares under 28 U.S.C. §1746:

1. I am the Managing Director of Xiamen Luxinjia Imp & Exp Co. Ltd. ("LXJ").

2. I submit the declaration in support of LXJ's response in opposition to the Debtors' Eleventh Omnibus Objection to Proofs of Claim (the "Objection") and specifically the objection to LXJ Proof of Claim no. 5932 and Proof of Claim no. 5968 (together, the "Subject Proofs of Claim").

3. I make this declaration based upon my own personal knowledge and on a review of the Objection, the Subject Proofs of Claim and the books and records of LXJ pertaining to the accounts with the Debtors. If called upon as a witness, I could and would testify competently to the contents of this declaration.

4. LXJ is manufacturing company located in the Peoples Republic of China that manufactures and sells wholesale shoes and similar goods.

5. Prior to October 15, 2018 (the "Petition Date"), LXJ manufactured and shipped wholesale goods to the Debtor in the ordinary course of business.

6. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on the Petition Date.

7. The twenty (20) day period during which LXJ asserted their claims under Section 503(b)(9) spanned September 25, 2018, through October 15, 2018 ( the "503(b)(9) Period").

8. On December 6, 2018, LXJ timely filed two (2) proofs of claim (the "Subject Proofs of Claim") in the Debtor's consolidated Chapter 11 cases, as follows:

   a. <u>Proof of Claim #5932 (Sears Roebuck & Co.)</u>. The LXJ proof of claim filed against Sears Roebuck & Co. is in the total amount of $464,809.52 and consists of: (1) an 503(b)(9) administrative priority claim totaling $148,809.52, and (2) an unsecured non-priority claiming totaling $315,800.94.

    b.    <u>Proof of Claim #5968 (Kmart Corporation)</u>. The LXJ proof of claim filed against Kmart Corporation is in the total amount of $704,677.44 and consists of: (1) an 503(b)(9) administrative priority claim totaling $547,187.12, and (2) an unsecured non-priority claiming totaling $57,490.32.

9. After receipt of a purchase order from the Debtors, the goods (that are the subject of the claim objections) were manufactured in China, delivered to United Parcel Service ("UPS"), the freight forwarder who delivered the goods to a common carrier at the port of origin, who then shipped the goods to the United States, where the goods were thereafter transported by rail and/or by truck and physically delivered to the various Sears stores located in the United States.

10. As of the Petition Date, LXJ had multiple unpaid invoices resulting from goods ordered by the Debtors and thereafter delivered by LXJ.

11. LXJ timely filed multiple proofs of claim in the Debtor's consolidated Chapter 11 cases, only two of which are subject to the Objection.

12. According to the UPS receipts submitted by LXJ, the goods were delivered through UPS, transferred to a Unites States common carrier sometime thereafter, then received by one of Debtors' designated stores at least three to four weeks later and during the 20-day period prior to the Petition Date. Copies of the UPS receipts for and the Proof of Claim are submitted as **Exhibit A** to LXJ's Response to Debtors' Objection.

13. In Exhibit "A" to the Debtors' Objection, Debtors seeks to reclassify all of the invoices asserted by LXJ in the Subject Proof of Claim as qualifying for section 503(b)(9) administrative expense priority as an unsecured non-priority claim thereby reducing the 503(b)(9) administrative expense priority claim from $795,996.64 to $0.00.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 3rd day of March, 2020 at Los Angeles, California.

Respectfully Submitted,

*/s/ Benny Wang*
Benny Wang