WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                  :   Chapter 11
                                                       :
**SEARS HOLDINGS CORPORATION**, *et al.*,              :   Case No. 18-23538 (RDD)
                                                       :
Debtors.[1]                                            :   (Jointly Administered)
------------------------------------------------------------x

### CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' ELEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY OR DISALLOW CERTAIN CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On February 11, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Eleventh Omnibus Objection to Proofs of Claim (To Reclassify or Disallow Certain Claims)* (ECF No. 7213) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for March 3, 2020, at 4:00 p.m. (Prevailing Eastern Time. The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** (the "**Reclassified or Disallowed Claims**") to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4. Additionally, the Debtors have consensually resolved or continue to seek a consensual resolution of certain claims that were originally objected to in the Omnibus Objection.

5. Furthermore, the Debtors have agreed to withdraw the Omnibus Objection without prejudice with respect to the claim listed on **Exhibit B** annexed hereto.

2

6. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: March 3, 2020
      New York, New York

/s/ Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit A

## Proposed Order

WEIL:\97401609\2\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,                      :    Case No. 18-23538 (RDD)
                                                               :
Debtors.[1]                                                    :    (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ELEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY OR DISALLOW CERTAIN CLAIMS)

Upon the *Debtors' Eleventh Omnibus Objection to Proofs of Claim (To Reclassify or Disallow Certain Claims)*, filed February 11, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying or disallowing the asserted administrative expense, priority, or secured amounts of the Reclassified or Disallowed Claims, and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and it appearing that other or further notice need be provided; and upon the record of all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Each of the amounts asserted on Ballots identified on **Exhibit 1** hereto with an asterisk in the column entitled "Affected Claim Number" is hereby disallowed.

3. Pursuant to section 502 and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3007, each of the remaining claims listed on **Exhibit 1** hereto in the column as an "Asserted" "503(b)(9) Administrative Priority Claim" is reclassified as a general unsecured claim to the extent set forth on **Exhibit 1**, with any remaining administrative priority claim under section 503(b)(9) being the amount listed on **Exhibit 1** in the "Surviving" "503(b)(9)

Administrative Priority Claim" column; no other portion of the claims listed in **Exhibit 1** are reclassified pursuant to this order.

4. Nothing herein shall otherwise constitute an admission or finding concerning the amount or validity of any of the claims.

5. The rights of the Debtors to object to all of the Asserted Priority Claims, in whole or in part, and on any basis, are specifically preserved.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
       White Plains, New York

 

          HONORABLE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

WEIL:\97401609\2\73217.0004

Debtors' Eleventh Omnibus Objection to Proofs of Claim  
Exhibit 1

In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | | | | Reclassified Claims [1] | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Asserted & Surviving Claim Amounts [2] | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim |
| 1. | CALZADO LOBO, S.A. DE C.V. | 1287 | 182353801043174 | Asserted | $59,778.54 | | | | $0.00 | $59,778.54 |
| | | | | Surviving | $0.00 | | | | $59,778.54 | $59,778.54 |
| 2. | CARDSAN EXPORTADORA DE CALZADO | 3829 | 182353801043175 | Asserted | $166,261.86 | | | | $0.00 | $166,261.86 |
| | | | | Surviving | $10,070.10 | | | | $156,191.76 | $166,261.86 |
| 3. | Dileep Industries Pvt Ltd | 1663 | 182353801043081 | Asserted | $33,218.20 | | | | $0.00 | $33,218.20 |
| | | | | Surviving | $0.00 | | | | $33,218.20 | $33,218.20 |
| 4. | GRAND LUCK FUJIAN FOOTWEAR CO LTD | * | 182353801013815 | Asserted | $280,790.58 | | | | | $280,790.58 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 5. | HSM (FAR EAST) CO LIMITED | * | 182353801039850 | Asserted | $85,463.94 | | | | | $85,463.94 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 6. | HSM (FAR EAST) CO LIMITED | 1844 | 182353801039850 | Asserted | $67,420.80 | | | | $884,837.52 | $952,258.32 |
| | | | | Surviving | $67,420.80 | | | | $884,837.52 | $952,258.32 |
| 7. | JET COLLECTION CORP. | 462 | 182353801043018 | Asserted | $592,276.78 | | | | $0.00 | $592,276.78 |
| | | | | Surviving | $0.00 | | | | $592,276.78 | $592,276.78 |
| 8. | JET COLLECTION CORP. | 5310 | 182353801043018 | Asserted | $42,876.38 | | | | $0.00 | $42,876.38 |
| | | | | Surviving | $0.00 | | | | $42,876.38 | $42,876.38 |
| 9. | KIDDIELAND TOYS LIMITED | * | 182353801017591 | Asserted | $41,777.20 | | | | | $41,777.20 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 10. | KIDZTECH TOYS MANUFACTURING LIMITED | 4359 | 182353801017595 | Asserted | $136,806.00 | | | | $0.00 | $136,806.00 |
| | | | | Surviving | $0.00 | | | | $136,806.00 | $136,806.00 |
| 11. | KIDZTECH TOYS MANUFACTURING LIMITED | 9566 | 182353801017595 | Asserted | $125,099.00 | | | | $0.00 | $125,099.00 |
| | | | | Surviving | $0.00 | | | | $125,099.00 | $125,099.00 |
| 12. | MOHAMMADI GROUP LTD | * | 182353801013781 | Asserted | $49,531.00 | | | | | $49,531.00 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 13. | MOHAMMADI GROUP LTD | * | 182353801013780 | Asserted | $216,331.10 | | | | | $216,331.10 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 14. | NAVYSTAR COMPANY LIMITED | 9442 | 182353801017607 | Asserted | $27,714.90 | | | | $0.00 | $27,714.90 |
| | | | | Surviving | $9,804.90 | | | | $17,910.00 | $27,714.90 |
| 15. | NINGBO JUSHENG HATS INDUSTRY CO., LTD. | 2626 | 182353801043029 | Asserted | $151,017.00 | | | | $0.00 | $151,017.00 |
| | | | | Surviving | $0.00 | | | | $151,017.00 | $151,017.00 |
| 16. | NINGBO JUSHENG HATS INDUSTRY CO., LTD. | 2692 | 182353801043029 | Asserted | $237,235.20 | | | | $0.00 | $237,235.20 |
| | | | | Surviving | $0.00 | | | | $237,235.20 | $237,235.20 |
| 17. | PRIMACY INDUSTRIES LIMITED | 2737 | 182353801017022 | Asserted | $36,564.78 | | | | $0.00 | $36,564.78 |
| | | | | Surviving | $0.00 | | | | $36,564.78 | $36,564.78 |
| 18. | RMS INTERNATIONAL USA | * | 182353801018685 | Asserted | $175,880.58 | | | | | $175,880.58 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 19. | RUYI DESIGN & MANUFACTURE INC | * | 182353801020148 | Asserted | $114,095.52 | | | | | $114,095.52 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 20. | RUYI DESIGN & MANUFACTURE INC | * | 182353801020148 | Asserted | $107,859.84 | | | | | $107,859.84 |
| | | | | Surviving | $0.00 | | | | | $0.00 |
| 21. | SAMD LIMITED | 43 | 182353801043033 | Asserted | $159,708.24 | | | | $0.00 | $159,708.24 |
| | | | | Surviving | $0.00 | | | | $159,708.24 | $159,708.24 |
| 22. | SAMD LIMITED | 125 | 182353801043033 | Asserted | $214,835.34 | | | | $0.00 | $214,835.34 |
| | | | | Surviving | $0.00 | | | | $214,835.34 | $214,835.34 |
| 23. | STIG JIANGSU LIGHT & TEXTILE | 2473 | 182353801017472 | Asserted | $182,494.20 | | | | $247,421.14 | $429,915.34 |
| | | | | Surviving | $0.00 | | | | $429,915.34 | $429,915.34 |
| 24. | STIG JIANGSU LIGHT & TEXTILE | 6877 | 182353801017472 | Asserted | $316,169.02 | | | | $0.00 | $316,169.02 |
| | | | | Surviving | $0.00 | | | | $316,169.02 | $316,169.02 |
| 25. | STIG JIANGSU LIGHT & TEXTILE | 6907 | 182353801017472 | Asserted | $841,321.08 | | | | $0.00 | $841,321.08 |
| | | | | Surviving | $350,724.98 | | | | $490,596.10 | $841,321.08 |
| 26. | SUZHOU KAILAI TRADING CO., LTD | 770 | 182353801043103 | Asserted | $348,467.60 | | | | $0.00 | $348,467.60 |
| | | | | Surviving | $147,383.76 | | | | $201,083.84 | $348,467.60 |
| 27. | TATA INTERNATIONAL LIMITED | 18480 | 182353801043127 | Asserted | $26,488.00 | | | | $28,288.00 | $54,776.00 |
| | | | | Surviving | $0.00 | | | | $54,776.00 | $54,776.00 |

| # | Name | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 28. | TORIN INC | 15881 | 182353801041452 | Asserted | $335,450.34 | | | $438,500.37 | $773,950.71 |
| | | | | Surviving | $119,584.30 | | | $654,366.41 | $773,950.71 |
| 29. | TOY2U MANUFACTORY COMPANY LIMITED | 4077 | 182353801043069 | Asserted | $173,384.48 | | | $280,302.30 | $453,686.78 |
| | | | | Surviving | $140,264.48 | | | $313,422.30 | $453,686.78 |
| 30. | TREND HIVE PARTNERS (CHINA) LTD | 5977 | 182353801017483 | Asserted | $123,626.32 | | | $752,391.04 | $876,017.36 |
| | | | | Surviving | $77,966.88 | | | $798,050.48 | $876,017.36 |
| 31. | TREND HIVE PARTNERS (CHINA) LTD | 6018 | 182353801017483 | Asserted | $125,440.76 | | | $556,097.73 | $681,538.49 |
| | | | | Surviving | $26,980.80 | | | $654,557.69 | $681,538.49 |
| 32. | TULIP HOME MANUFACTURE CO.,LTD | 783 | 182353801043467 | Asserted | $527,995.48 | | $527,995.48 | $0.00 | $1,055,990.96 |
| | | | | Surviving | $166,913.46 | | $0.00 | $889,077.50 | $1,055,990.96 |
| 33. | WHITMOR INC | 9327 | 182353801041058 | Asserted | $58,449.30 | | | $437,409.17 | $495,858.47 |
| | | | | Surviving | $38,066.37 | | | $457,792.10 | $495,858.47 |
| 34. | VARIETY INTERNATIONAL ENTERPRISES | 15613 | 182353801040962 | Asserted | $18,372.19 | | | $35,193.15 | $53,565.34 |
| | | | | Surviving | $16,412.49 | | | $37,152.85 | $53,565.34 |
| 35. | YONGKANG SOLAMEX HOUSEWARE CO., LTD | 1720 | 182353801043146 | Asserted | $186,762.24 | | | $0.00 | $186,762.24 |
| | | | | Surviving | $0.00 | | | $186,762.24 | $186,762.24 |

\* Amount asserted to be disallowed subject to Bankruptcy Court Order [ECF No. 2676]

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] As set forth in the Objection, the Debtors seek to reclassify all Claims listed herein on the basis that the Claims relate to goods received by the Debtors outside the 503(b)(9) Window (as defined in the Objection).

# Exhibit B

## Withdrawn Objection Claims

| Ref # | Name of Claimant | Affected Ballot No. |
|---|---|---|
| 8 | Epic Designers Limited | 18235801043341 |