**Presentment Date and Time: March 11, 2020 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: March 10, 2020 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed):  To Be Announced**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                                   :    **Chapter 11**
:
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    **Case No. 18-23538 (RDD)**
:
Debtors.[1]                                                 :    **(Jointly Administered)**
:
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF STIPULATION AND AGREED
### ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation and Agreed Order Granting Limited Relief from the Automatic Stay* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **March 11, 2020 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **March 10, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for

the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  March 4, 2020
      New York, New York

                    /s/  Garrett A. Fail
                  WEIL, GOTSHAL & MANGES LLP
                  767 Fifth Avenue
                  New York, New York  10153
                  Telephone:  (212) 310-8000
                  Facsimile:  (212) 310-8007
                  Ray C. Schrock, P.C.
                  Jacqueline Marcus
                  Garrett A. Fail
                  Sunny Singh

                  *Attorneys for Debtors*
                  *and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

WEIL:\97404417\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                           :
                                                :   Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,       :
                                                :   Case No. 18-23538 (RDD)
                                                :
Debtors.¹                                       :   (Jointly Administered)
---------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears, Roebuck and Co. (the "**Debtor**") and Jaquasia Williams ("**Movant**"). The Debtor and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. WHEREAS, beginning on October 15, 2018 (the "**Commencement Date**"), the Debtor and certain of its affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.   WHEREAS, on October 28, 2017, Movant commenced an action styled as *Williams v. Sears Roebuck, et al.* (the "**State Court Action**") in the Superior Court of New Jersey (the "**New Jersey State Court**") against the Debtor. The State Court Action involves claims asserted by Movant arising out of a certain alleged injury that occurred in Elmwood Park, New Jersey on December 11, 2015 (the "**Alleged Injury**").

C.   WHEREAS, Movant seeks relief from the Automatic Stay for the limited purpose of prosecuting the State Court Action to liquidate Movant's claims so that Movant may recover her liquidated claims only from any applicable provider of insurance, and not from any Chapter 11 Entity.

D.   WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.   This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.   Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit Movant to proceed with the State Court Action against the Debtor solely to obtain recovery from any insurance proceeds available with respect to the Alleged Injury.

3. All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtor or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date other than as expressly set forth herein, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities, shall remain in full force and effect.

4. Subject to paragraph 3 above, on the Effective Date, the Movant hereby agrees to waive any right to recovery related to the Alleged Injury against the Chapter 11 Entities, as well as any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against the Chapter 11 Entities.

5. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Chapter 11 Entities or of any related agreements; (ii) creates or permits a direct right of action by the Plaintiff against Sears' or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Plaintiff's claims.

6. Movant agrees and acknowledges that (i) any recovery arising related to the Alleged Injury (whether by mediation, arbitration, trial, settlement, or otherwise) with respect to the Chapter 11 Entities, their estates, or their successors will be limited to funds made available from the Chapter 11 Entities' insurers and/or other non-debtor defendants, non-debtor sources, or indemnity agreement(s), if any, and not from the Chapter 11 Entities, their estates, or their successors and (ii) to the extent that applicable insurance proceeds and/or indemnity agreement(s),

3

if any, do not satisfy a judgment, settlement, or other disposition with respect to the State Court Action, for any reason, neither the Chapter 11 Entities, their estates, or their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a claim in the chapter 11 cases of the Chapter 11 Entities, and the Movant shall not seek to collect on any such unsatisfied portion from the Chapter 11 Entities, their estates, or their successors.

7. Movant further agrees that any other claims or proofs of claim that were or could have been filed by Movant in connection with the Alleged Injury against the Chapter 11 Entities, their estates, or their successors in their chapter 11 cases, if any, are, by the entry of this Stipulation, deemed disallowed. The Movant shall not be entitled to any recovery against the Chapter 11 Entities' or their successors' assets or their property (except to the extent that indemnity agreements and/or their proceeds constitute their property), and except to the extent of applicable insurance policies, hereby fully, finally, and forever release and discharge the Chapter 11 Entities, their estates, and their property, or their successors, of and from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs (including out-of-pocket expenses, court costs, expert witness fees, etc.), and any other liabilities of any nature whatsoever, whether sounding in contract, tort or otherwise, whether matured or unmatured, accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter, including for the avoidance of doubt, the claims that the Movant has asserted or could have asserted against the Chapter 11 Entities, their estates, their property or their successors.

8. As of the Effective Date, Movant agrees to waive any right to recovery related to the Alleged Injury against any party (whether or not currently named as a defendant in the State

4

Court Action) who may assert indemnification claims against the Chapter 11 Entities, other than any applicable insurance carrier.

9. To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Movants' claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of the Bankruptcy Court.

10. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

11. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY."**

12. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim relating to the Alleged Injury or any other pending prepetition action to which the Debtor or any of the other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

13. Nothing herein shall be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Alleged Injury, the State Court Action or any other matter.

14. This Stipulation, Agreement and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

15. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

16. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

17. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

18. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

19. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

20. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year written below.

| | |
|---|---|
| Dated: March 4, 2020 | Dated: March 4, 2020 |
| By: /s/ Garrett A. Fail<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | By: /s/ Marc A. Ross<br>Marc A. Ross, Esq.<br>175 Market Street, Suite 301<br>Paterson, New Jersey 07505<br>Telephone: (973) 523-8824<br>Facsimile: (973) 523-8827<br><br>*Attorney for Movant* |

Dated: _____, 2019
　　　　New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7