UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                   :      Chapter 11
                                                        :
**SEARS HOLDINGS CORPORATION**, *et al.*,               :      Case No. 18-23538 (RDD)
                                                        :
Debtors.[1]                                             :      (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ELEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY OR DISALLOW CERTAIN CLAIMS)

Upon the *Debtors' Eleventh Omnibus Objection to Proofs of Claim (To Reclassify or Disallow Certain Claims)*, dated February 11, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), seeking an order (i) reclassifying or disallowing the asserted administrative expense amounts of the Reclassified or Disallowed Claims, and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order; and upon the record of all of the proceedings had before the Court; and there being no objections to the relief granted herein; and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order or otherwise and that no hearing is required with respect to the Objection's request for the relief granted herein; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Objection establish sufficient cause for the relief granted herein, in that the claimants covered hereby have defaulted in responding to the Objection, which raised a sufficient basis for the relief granted herein for the reasons stated in the Objection for the Court to conclude that the defaulting claimants have not carried their burden of proof; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. The claims in each of the amounts asserted on Ballots identified on **Exhibit 1** hereto with an asterisk in the column entitled "Affected Claim Number" are hereby disallowed.

3. Pursuant to section 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3007, each of the remaining claims listed on **Exhibit 1** hereto in the column as an "Asserted" "503(b)(9) Administrative Priority Claim" is reclassified as a general unsecured claim to the extent set forth on **Exhibit 1**, with any remaining administrative priority claim under section 503(b)(9)

being the amount listed on **Exhibit 1** in the "Surviving" "503(b)(9) Administrative Priority Claim" column; no other portion of the claims listed in **Exhibit 1** are reclassified pursuant to this order.

4. Nothing herein shall otherwise constitute an admission or finding concerning the amount or validity of any of the claims.

5. The rights of the Debtors to object to all of the Asserted Priority Claims, in whole or in part, and on any basis, are specifically preserved. This Order does not constitute the law of the case with respect to any objection to a claim under 11 U.S.C. § 503(b)(9) that is contested by the claimant.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated:  March 4, 2020
        White Plains, New York

                                        */s/Robert D. Drain*
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**