**LAW OFFICES OF JAMES S. YAN**
James S. Yan, Esq.
980 S. Arroyo Parkway, Suite 250
Pasadena, CA  91105
Tel:  (626) 405-0872
Fax:  (626) 405-0970
Email:  jsyan@msn.com

*Counsel for WNR Industries Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION BY WNR INDUSTRIES LTD.**
**FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WNR Industries Ltd. ("WNR") hereby files this motion (the "Motion") (i) to provide notice of WNR's Administrative Expense Claim (defined herein), and (ii) for allowance of such claim pursuant to 11 U.S.C. § 503(b)(1)(A). To the extent the Court determines to schedule this Motion for a hearing, WNR requests that the Court enter an Order, substantially in the form attached hereto as Exhibit "A," granting WNR its Administrative Expense Claim. In support of this Motion, WNR respectfully states as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.    The statutory predicates for the relief requested herein are sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

### II.    BACKGROUND

**A.    The Prepetition Services**

3.    Since 2006, WNR has been a supplier of general merchandise ("Goods") to Sears, Roebuck & Co., Kmart Corporation, and various other subsidiaries of Sears Holdings Corporation, including but not limited to Transform KM LLC (collectively, "Sears").

4.    WNR is owed $152,037.12 for Goods shipped prepetition between August 2018 and September 2018.

5.    WNR has filed a proof of claim on account of its prepetition claim, identified as Claim # 4048.

**B.     The Debtors' Bankruptcy Cases**

6.     On October 15, 2018 (the "Petition Date"), Sears Holding Corporation, together with various affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.     On October 15, 2019, the Court entered an order [Docket No. 5370] (the "Confirmation Order") confirming the Modified Second Amended Joint Chapter 11 Plan of the Debtors [Docket No. 4476] (the "Plan"). The Confirmation Order approved, among other things, an administrative expense program [Docket No. 5334] (the "Administrative Expense Claims Consent Program"). Under the Administrative Expense Claims Consent Program, each holder of an administrative expense claim could elect one of three options for treatment of its claim: (i) opt-in to the Administrative Expense Claims Consent Program to have the claim treated as an "Opt-In Settled Admin Claim;" (ii) neither opt-in nor opt-out and have the claim treated as a "Non Opt-Out Settled Admin Claim;" or (iii) opt-out and have the claim treated as an "Opt-Out Administrative Expense Claim."

8.     However, the Debtor did not serve a copy of the Administrative Expense Claims Consent Program on WNR [Docket No. 5950].

**C.     Postpetition Delivery of Goods**

9.     In August 2019, pursuant to the Debtor's purchase orders, WNR shipped Goods, in the total amount of $64,971.96, to the Debtors in the ordinary course of business ("August 2019 Shipment").

10.    The Debtors have not paid for the August 2019 Shipment, and WNR is entitled to an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) for the value of these Goods (the "503(b)(1) Administrative Expense Claim)". Attached hereto as Exhibit "B" is a schedule summarizing the shipments of Goods to Sears that give rise to the 503(b)(1)

3

Administrative Expense Claim and copies of the applicable invoices for which amounts remain unpaid.

11. On October 7, 2019, the Debtors notified WNR that the August 2019 Shipment in the amount of $64,971.96 would be paid on November 4, 2019. To date, WNR has not received such payment. Attached hereto as Exhibit "C" is a copy of the Debtors' October 7 payment notice.

12. WNR would like to have its administrative expense claim treated as an "Opt-Out Administrative Expnse Claim" under the Administrative Expense Claims Consent Program.

### III.    RELIEF REQUESTED

13. Under the Confirmation Order, all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors or the Liquidating Trust, as applicable, and the subject claimant, and any requests seeking allowance of administrative expense claims (already filed or subsequently filed) are to be treated as "proof of an Administrative Expense Claim." See Confirmation Order, ¶ 51. Accordingly, this Motion is filed to provide the Debtors with notice of WNR's Administrative Expense Claim and to preserve such claims so that they may be allowed as part of the Administrative Expense Claims Consent Program.

### IV.    BASES FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS

14. Section 503(b) of the Bankruptcy Code provides, in relevant part, that:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under

section 502(f) of this title, including – (1)(A) the actual,

necessary costs and expenses of preserving the estate…

11 U.S.C. § 503(b)(1)(A).

15. The test to determine whether a creditor is entitled to payment of an administrative expense is whether the creditor has provided goods or services resulting in actual benefit to a debtor's estate. See, e.g., In re CIS Corp., 142 B.R. 640, 642 (S.D.N.Y. 1992) (although Section 503(b)(1)(A) does not fully define 'necessary expenses,' the phrase 'including' is not limiting).

16. After the Petition Date, WNR supplied Goods to the Debtors (See Exhibit "B") which were sold by the Debtors directly to their customers during this Chapter 11 bankruptcy proceeding under the supervision of the Court.  Hence, a direct benefit was realized by the Debtors and the bankruptcy estate as a result of the Goods WNR supplied. WNR is therefore entitled to an administrative expense claim in the amount of $64,971.96 pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

17. Pursuant to the Confirmation Order and the Plan, this Motion is to be treated as proof of an administrative expense claim. See Confirmation Order, ¶ 51. Furthermore, considering the requirement that all hearings be adjourned until such time as a hearing is required and scheduled at the convenience of the Court, the Debtors or Liquidating Trust, and the claimant, WNR is not requesting that a hearing be conducted on the Motion at this time.

## V. RESERVATION OF RIGHTS

18. WNR reserves the right to amend this Motion, or any of the claims asserted in the Debtors' cases, for any reason, including, without limitation, to the extent WNR learns: (i) of additional claims that it may have; (ii) that its claims are against a different Debtor entity; or (iii)

that the nature of the claims is other than what WNR has already asserted. Nothing herein should be construed as a waiver of any of WNR's rights or defenses, which WNR hereby reserves.

## VI.   NOTICE AND NO PRIOR RELIEF REQUESTED

19.    Notice of this Motion will be served on the Debtors, Transform KM LLC and the "Master Service List" (as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405]), and in the manner provide therein. WNR respectfully submits that no other or further notice need be provided.

20.    Other than as set forth above, no previous application or request was made to this or any other court regarding the relief requested in this Motion.

## VII.   CONCLUSION

WHEREFORE, WNR respectfully requests that the Court enter an Order, substantially in the same form as that attached as Exhibit "A," granting WNR's Administrative Expense Claim in the aggregate amount of no less than $64,971.96 pursuant to sections 503(b)(1) of the Bankruptcy Code and providing for such other and further relief as the Court deems just and proper.

Dated:  March 5, 2020            Respectfully submitted,
        Pasadena, California

                                 LAW OFFICES OF JAMES S. YAN


                                 /s/ James S. Yan
                                 By:  James S. Yan
                                 *Counsel for WNR Industries Ltd.*