**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

In re :                                              **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,        **Case No. 18-23538 (RDD)**

**Debtors.**                                         **(Jointly Administered)**
------------------------------------------------------------- x

### KOOLATRON CORPORATION'S RESPONSE IN OPPOSITION TO DEBTORS' THIRTEENTH OMINBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Koolatron Corporation[1] ("Koolatron") hereby responds in opposition to Debtors' Thirteenth Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)("Objection") as set forth below:

### STATEMENT OF FACTS

1.      Koolatron manufactures over 200 unique consumer products and is headquartered in Ontario, Canada.  Koolatron maintained a business relationship with various Debtor Kmart and Sears entities for over 20 years.  During this period, Koolatron and the Debtors entered into various written Agreements to have Koolatron supply Debtors with products.

2.      Under these Agreements, the Debtors and Koolatron engaged in the following sequence of events for non-consigned products: (a) Debtors would issue a purchase order to Koolatron to obtain products, (b) Koolatron would then prepare the products for shipment from its Batavia, New York facility, (c) Debtors, *not Koolatron*, would make all necessary arrangements to have the products picked up from Koolatron's Batavia, New York facility and shipped at Debtors' sole expense to Debtors' retail stores, distribution centers, and directly to its

---

[1] Koolatron Corporation is an Affiliate of Kyko Global, Inc.

1

customers; (d) Debtors accepted ownership and possession of Koolatron's products at the time

Debtors picked up the products from Koolatron and, consequently, Koolatron's ability to stop

delivery ended the moment Debtors picked up the products from Koolatron; and (e) Koolatron

invoiced Debtors the same day, or the following day, when Debtors picked up the products for

shipment.

3.      For consigned products: (a) Debtors would issue a purchase order for

consignment stock at the agreed upon wholesale price between Debtors and Koolatron; (b)

Debtors, *not Koolatron*, would make all necessary arrangements to have the products picked up

from Koolatron's Batavia, New York facility and shipped at Debtors' sole expense to Debtors'

retail stores and distribution centers; (c) Debtors accepted ownership and possession of the

consigned products at the time Debtors sold the products to Debtors' customers; and (d) Debtors

would remit payments to Koolatron after Debtors sold the products to Debtors' customers.  Any

loss of inventory while in the Debtors' control would be compensated to Koolatron by the

Debtors.

4.      Consistent with the parties' ordinary course of business discussed above,

Koolatron delivered, and Debtors received, Koolatron's products within 20 days of the October

15, 2018 petition date; however, Debtors failed to pay Koolatron for same or return any products

to Koolatron. Accordingly, Koolatron filed its Section 503(b)(9) Proofs of Claim which are

subject to Debtors' Objection.

5.      To try to avoid paying Koolatron's Section 503(b)(9) Proofs of Claim, Debtors

falsely assert: (i) that Koolatron was a "Market Place Vendor[]"[2] that marketed its products for

sale directly to customers via a website Debtors operated; (ii) that Koolatron was "responsible

for [its] own goods and sales efforts, setting [its] own prices, obtaining [its] own licenses and

---

[2] Debtors define this term in Doc. No. 7302, Pg. 24.

permits, and, importantly, all aspects of shipping [its] own merchandise to [its] customers"; and

(iii) that "[t]itle to and risk of loss to the Dropshipped Goods remained with [Koolatron] until it

was delivered directly to the customers. The Debtors did not have title to and would not be

deemed the legal owner of any goods sold by Marketplace Vendors on the Sears Marketplace."

[Doc. No. 7302, Pg. 24].[3]

6.      Koolatron was not a "Market Place Vendor" and did not engage in the sale and

distribution process discussed above to assert its right to payment under Section 503(b)(9). (See

Declaration of Arun Kulkarni, **Exhibit A**).

7.      Accordingly, for the reasons set forth below, Debtors' Objection should be denied.

**DEBTORS' OBJECTION IS PROCEDURALLY IMPROPER**

8.      This Court's Claims Hearing Procedure allows Contested Claims to occur in a

"Sufficiency Hearing" or in a "Merits Hearing," at Debtors' option. [Doc. No. 7302, Pgs. 17-19].

At a Sufficiency Hearing, "[t]he legal standard of review that will be applied by the Bankruptcy

Court ... will be equivalent to the standard applied by the Bankruptcy Court upon a motion to

dismiss for failure to state a claim upon which relief can be granted." A Merits Hearing is "an

evidentiary hearing on the merits of a Contested Claim."

9.      The Court's Claims Hearing Procedure further states that discovery will not be

permitted unless: "(i) the Bankruptcy Court has held a Sufficiency Hearing and determined that

the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to

Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of

Merits Hearing with respect to the Contested Claim." [Doc. No. 7302, Pg. 18].

---

[3] Debtors define "Dropshipped Goods" and "Sears Marketplace" in Doc. No. 7302, Pg. 24.

10.     Debtors have set their Objection to be heard in a Sufficiency Hearing  [Doc. No.

7302, Pg. 22] even though Debtors assert a version of facts, without any evidence,[4] [5] in support

of their Objection that directly contradicts Koolatron's facts and evidence in support of its

Section 503(b)(9) Proofs of Claim.

11.     In doing so, Debtors improperly seek to strike and reclassify Koolatron's Section

503(b)(9) Proofs of Claim utilizing Rule 12(b)(6)'s failure to state a claim standard of review.

See Goldman v. Belden, 754 F.2d 1059, 1067 (2nd Cir. 1985)("The court's function on a Rule

12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to

determine whether the complaint itself is legally sufficient"). Compare Gutierrez v. Joy, 502

F.Supp.2d 352, 357 (S.D.N.Y. 2007)("In connection with a Rule 56 motion, '[s]ummary

judgment is proper if, viewing all the facts of the record in a light most favorable to the non-

moving party, no genuine issue of material fact remains for adjudication' .... [t]he moving party

bears the burden of proving that no genuine issue of material fact exists or that by reason of the

---

[4] See Bell v. United Princeton Properties Inc., 884 F.2d 713, 720 (3rd Cir. 1989), "We note however, that, to the extent the challenger seeks to raise a factual issue ...he or she must introduce affidavits averring the facts upon which the challenge is based. Affidavits are required in such instances because statements made in briefs are not evidence of the facts asserted."

Moreover, without providing any evidence to support their alleged version of facts, Debtors nevertheless request Koolatron to produce, "all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection." [Doc. No. 7302, Pg. 2].  As set forth in Hawkins v. GM Components Holdings LLC, 405 F.Supp.3d 483, 485 (W.D.N.Y. 2019), "[i]f a party presents matters outside the pleadings on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Fed. R. Civ. P. 12(d)."  Accordingly, Debtors' request for documentation beyond that attached to the Proofs of Claim further demonstrates that its Objection is not appropriate for adjudication in a Sufficiency Hearing. In any event, Koolatron has attached Arun Kulkarni's Declaration to explain the documentation attached to Koolatron's Section 503(b)(9) Proofs of Claim, and Koolatron rests upon its legal right to present all supporting evidence within the context of a Rule 56 Motion and/or Merits Hearing.

[5] Debtors are barred from attempting to legally support/raise new arguments for the first time in a Reply Brief.  See Bayer AG v. Schein Parm., 129 F.Supp.2d 705, 716 (D.N.J. 2001)(striking  new arguments raised in a reply brief because the  opposing party "has no opportunity to respond to newly minted arguments contained in reply briefs"). Thus, to the extent Debtors attempt to provide purported evidence for the first time in their Reply Brief that allegedly supports their version of facts, the purported evidence and related argument should be stricken as a matter of law.

paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party." (Citations Omitted).

12.     Debtors improperly attempt to avoid discovery and to litigate their Objection in a Merits Hearing. Bankruptcy Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."   In order to properly challenge the prima facie validity of Koolatron's Section 503(b)(9) Proofs of Claim, Debtors are required to set forth evidence of their factual position (as opposed to attorney argument) in a Merits Hearing. As set forth in <u>In re Residential Capital LLC</u>, 501 B.R. 531, 538-539 (Bankr. S.D. N.Y. 2013):

> Although Bankruptcy Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof rests on different parties at different times.
>
> The burden of proof for claims brought in the bankruptcy court under [section] 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to **the objector to produce evidence** sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to *\*539* the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.  (Emphasis Added).

13.     For the reasons set forth above, Debtors' Objection should be denied because this Court cannot legally adjudicate Debtors' Objection in a Sufficiency Hearing.

**THE SECTION 503(b)(9) PROOFS OF CLAIM ARE VALID AS A MATTER OF LAW**

14.     To the extent this Court decides to review Debtors' Objection in a Sufficiency Hearing, Koolatron states as set forth below.

15.     Bankruptcy Rule 3007(e)(3) states: "An omnibus objection *shall* state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds." (Emphasis Added).  <u>See</u> <u>Also</u> Order Approving (I)

5

Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing

Procedures ("When the basis for the objection is ... the claim should be re-classified, the notice

*shall* state sufficient facts to support the Debtor's objection")(Emphasis Added)[Doc. No. 3014,

Pg. 3 n. 3].

16.    In In re Lehman Brothers Holdings Inc., 602 B.R. 564, 574 (Bankr. S.D.N.Y.

2019) the court adopted a Claims Hearing Procedure essentially identical to the one entered in

this proceeding[6] and stated the following regarding the standard of review in a Sufficiency

Hearing:

> A bankruptcy court may dismiss an adversary proceeding if a plaintiff's complaint fails to state a claim upon which relief may be granted. (*See* Fed. R. Bankr. P. 7012(b), applying Rule 12(b)(6).) In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *E.E.O.C. v. Staten Island Sav. Bank*, 207 F.3d 144, 148 (2d Cir. 2000). To survive a challenge to the adequacy of a complaint under Rule 12(b)(6), the factual allegations in a complaint must be supported by more than mere conclusory statements. *575 Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The allegations must be sufficient "to raise a right to relief above the speculative level" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted).
>
> A court may dismiss a complaint unless a plaintiff pleads "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Therefore, the appropriate inquiry "is not whether a plaintiff is likely to prevail, but whether [he] is entitled to offer evidence to support [his] claims." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)(citations omitted).
>
> Applying the standard for a motion to dismiss under Rule 12(b)(6) here, in the context of the Sufficiency Hearing, the Court construes the Objection as a motion to dismiss, SRM as the plaintiff, and the SRM Proof of Claim as the complaint. Accordingly, the Court may sustain LBHI's Objection if the Court finds that, **after accepting all factual allegations in the SRM Proof of Claim as true and drawing all reasonable inferences in SRM's favor**, the allegations in the SRM Proof of Claim fail to state a claim upon which relief may be granted. (Emphasis Added).

17.    Debtors' Objection is factually predicated, *solely,* on the assertion that Koolatron's

Section 503(b)(9) Proofs of Claim derive from Koolatron's role as a Market Place Vendor that

---

[6] Debtors' counsel in this matter was also counsel in Lehman Brothers.

marketed, sold and shipped its products for sale directly to customers via a website Debtors

operated, and that Debtors never received or accepted Koolatron's products. [Doc. No. 7302, Pg.

24].

18.     However, as set forth in Lehman Brothers, under Federal Rule 12(b)(6), this

Court is required to accept the factual assertions in *Koolatron's Proofs of Claim* as true and draw

all reasonable inferences in Koolatron's favor.

19.     Accordingly, this Court must reject Debtors' assertion of facts and accept

Koolatron's assertion of facts when evaluating Debtors' Objection.[7]

20.     "After notice and a hearing, there shall be allowed administrative expenses, other

than claims allowed under section 502(f) of this title, including -- the value of any goods

received by the debtor within 20 days before the date of commencement of a case under this title

in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

11 U.S.C. § 503(b)(9).

21.     A vendor is entitled to payment under Section 503(b)(9) if: "(1) the vendor sold

'goods' to the debtor; (2) the goods were received by the debtor within twenty days [before the

bankruptcy] filing; and (3) the goods were sold ... in the ordinary course of business."   In re

World Imports Ltd., 862 F.3d 338, 341 (3rd. Cir. 2017)(Citation Omitted).  As discussed below,

all of these elements are satisfied.

22.     Pursuant to the parties' Agreements, Debtors issued purchase orders to Koolatron

to have Koolatron supply Debtors with various products. Accordingly, Koolatron sold "goods" to

Debtors.  See In re Plastech Engineered Products Inc., 397 B.R. 828, 836 (Bankr. E.D. Mich.

2008)(holding that "goods" under Section 503(b)(9) means in pertinent part "all things (including

---

[7] And as previously discussed, Debtors are legally precluded from attempting to rebut Koolatron's assertion of facts, and provide argument with respect to same, for the first time in a Reply Brief.

specially manufactured goods) which are movable at the time of identification to the contract for sale.").

23.    For non-consigned products, within 20 days of the Petition date, Debtors, *not Koolatron*, made all necessary arrangements to have the products picked up from Koolatron and shipped at Debtors' sole expense to Debtors' retail stores, distribution centers, and directly to its customers. Debtors accepted ownership and possession of Koolatron's products at the time Debtors picked up the products from Koolatron and, consequently, Koolatron's ability to stop delivery ended the moment Debtors picked up the products from Koolatron. Accordingly, Debtors "received" the non-consigned products within 20 days of the Petition Date. See  World Imports  862 F.3d at 345 (holding that goods are "received" under Section 503(b)(9) when the debtor or its agent takes physical possession of goods and that "under the UCC and Chapter 11, receipt does not occur until after the seller's ability to stop delivery ends—namely, upon the buyer's physical possession"); In re O.W. Bunker Holding North America Inc., 607 B.R. 32, 38 (Bankr. D. Conn. 2019)(Under Section 503(b)(9) "receipt requires possession" and "[p]ossession may be actual or constructive, and occurs when the seller can no longer stop delivery and is left only with the remedy of reclamation.") Citing In re ADI Liquidation Inc., 572 B.R. 543, 548 (Bankr. D. Del. 2017).[8]

24.    For the consigned products, within 20 days of the Petition date, Debtors, *not Koolatron*, made all necessary arrangements to have the products picked up from Koolatron and shipped at Debtors' sole expense to Debtors' retail stores and distribution centers. Debtors

---

[8] In Debtors' Eleventh Omnibus Objection to Proofs of Claim (to Reclassify or Disallow Certain Claims) Debtors argue that, "As a Matter of Law, FOB Goods Were Received by the Debtors for Purposes of Section 503(b)(9) at the FOB Port of Origin." [Doc. No. 7213, Pg. 23].  Accordingly, Debtors are judicially estopped from subsequently arguing that Debtors did not receive the non-consigned products at the time when Debtors picked up the products and accepted ownership and the risk of loss.  See State of New Hampshire v. State of Maine, 532 U.S. 742, 749 (2001)("judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.")(Citation Omitted).

accepted ownership and possession of the consigned products at the time Debtors sold the products to Debtors' customers, and Debtors agreed to compensate Koolatron for any product loss while in Debtors' possession. Accordingly, Debtors "received" the consigned products within 20 days of the Petition date. See In re Circuit City Stores Inc., 432 B.R. 225 (Bankr. E.D. Va. 2010)(holding Debtor "received" consigned goods for purposes of Section 503(b)(9) when Debtor physically received the consigned goods and not at time of title transfer); In re Wezbra Dairy LLC, 493 B.R. 768, 771 (Bankr. N.D. Ind. 2013)(holding that under Section 503(b)(9) analysis "the key to determining when goods are received is possession—whether actual or constructive—not title.").

25.      Koolatron sold the non-consigned and consigned products to Debtors in accordance with the parties' longstanding historical practices that span over many years. Accordingly, the products were sold to Debtors "in the ordinary course of business."

26.      For the reasons set forth above, Koolatron's Section 503(b)(9) Proofs of Claim are valid as a matter of law.

## CONCLUSION

This Court should deny Debtors' Objection because it is procedurally improper and cannot be adjudicated in a Sufficiency Hearing.  Alternatively, this Court should deny Debtors' Objection because Koolatron's Section 503(b)(9) Proofs of Claim are valid as a matter of law.[9]

Respectfully submitted,

/s/ Jayson M. Macyda
(admitted pro hac vice for Koolatron Corporation)
Kyko Global, Inc. and Affiliates
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

---

[9] Koolatron reserves all rights to assert additional/different factual and legal arguments in support of its Section 503(b)(9) Proofs of Claim and nothing herein shall be deemed a waiver of same.