# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re :                                                            Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,                              Case No. 18-23538 (RDD)

Debtors.                                                           (Jointly Administered)

------------------------------------------------------------- x

## DECLARATION OF ARUN KULKARNI
## PURSUANT TO 28 U.S.C. § 1746

1. I, Arun Kulkarni, declare as follows.

2. I am the President of Koolatron Corporation ("Koolatron") and am authorized to make this Declaration.

3. Koolatron is headquartered in Ontario, Canada and maintains a facility in Batavia, New York. Koolatron manufactures over 200 unique consumer products.

4. I have personal knowledge of the Agreements Koolatron entered into with Debtors to have Koolatron supply its products to Debtors and the Section 503(b)(9) Proofs of Claim that Koolatron has filed in this bankruptcy proceeding.

5. Koolatron has maintained a business relationship with various Debtor Kmart and Sears entities for over 20 years. During this period, Koolatron and the Debtors entered into various written Agreements to have Koolatron supply Debtors with products.

6. These Agreements address non-consigned and consigned products.

7. For non-consigned products, the parties engaged in the following sequence of events: (a) Debtors would issue a purchase order to Koolatron to obtain products, (b) Koolatron would then prepare the products for shipment from its Batavia, New York facility, (c) Debtors, *not Koolatron*, would make all necessary arrangements to have the products picked up from

1

Koolatron's Batavia, New York facility and shipped at Debtors' sole expense to Debtors' retail stores, distribution centers, and directly to its customers; (d) Debtors accepted ownership and possession of Koolatron's products at the time Debtors picked up the products from Koolatron and, consequently, Koolatron's ability to stop delivery ended the moment Debtors picked up the products from Koolatron; and (e) Koolatron invoiced Debtors the same day, or the following day, when Debtors picked up the products for shipment.

8.  For consigned products, (a) Debtors would issue a purchase order for consignment stock at the agreed upon wholesale price between Debtors and Koolatron; (b) Debtors, *not Koolatron*, would make all necessary arrangements to have the products picked up from Koolatron's Batavia, New York facility and shipped at Debtors' sole expense to Debtors' retail stores and distribution centers; (c) Debtors accepted ownership and possession of the consigned products at the time Debtors sold the products to Debtors' customers; and (d) Debtors would remit payments to Koolatron after Debtors sold the products to Debtors' customers. Any loss of inventory while in the Debtors' control would be compensated to Koolatron by the Debtors.

9.  Pursuant to the parties' ordinary course of business discussed above, Koolatron delivered, and Debtors received, Koolatron's products within 20 days of the October 15, 2018 petition date; however, Debtors failed to pay Koolatron for same, or return any products to Koolatron. Accordingly, Koolatron filed its Section 503(b)(9) Proofs of Claim.

10. In their Objection to Koolatron's Proofs of Claim, Debtors falsely assert: (i) that Koolatron was a "Market Place Vendor[]"[1] that marketed its products for sale directly to customers via a website Debtors operated; (ii) that Koolatron was "responsible for [its] own

---

[1] Debtors define this term in Doc. No. 7302, Pg. 24.

2

goods and sales efforts, setting [its] own prices, obtaining [its] own licenses and permits, and, importantly, all aspects of shipping [its] own merchandise to [its] customers." [Doc. No. 7302, Pg. 24]; and (iii) that "[t]itle to and risk of loss to the Dropshipped Goods remained with [Koolatron] until it was delivered directly to the customers. The Debtors did not have title to and would not be deemed the legal owner of any goods sold by Marketplace Vendors on the Sears Marketplace." [Doc. No. 7302, Pg. 24].[2]

11.   Koolatron was not a "Market Place Vendor" and did not engage in the sale and distribution process discussed above to assert its right to payment under Section 503(b)(9).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Mar 6, 2020

*Arun Kulkarni* (signature)

Arun Kulkarni

---

[2] Debtors define "Dropshipped Goods" and "Sears Marketplace" in Doc. No. 7302, Pg. 24.