UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
In re                                                     :    Chapter 11
                                                          :
**SEARS HOLDINGS CORPORATION,** *et al.***,**              :    Case No. 18-23538 (RDD)
                                                          :
        Debtors.[1]                                       :    (Jointly Administered)
                                                          :
------------------------------------------------------------X

### STIPULATION AND AGREED ORDER
### BY AND AMONG DEBTORS, BUYER, AND CENTURYLINK
### RESOLVING CENTURYLINK'S OBJECTIONS TO PROPOSED CURE AMOUNT

This stipulation and agreed order (the "**Stipulation**") is entered into by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Transform Holdco LLC, as buyer (the "**Buyer**" or "**Transform**"), and CenturyLink Communications, LLC and Level 3 Communications, LLC (including their parents, subsidiaries, and affiliates, collectively, "**CenturyLink**," and together with the Debtors and the Buyer, the "**Parties**"), resolving the *Objection of CenturyLink*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Communications, LLC and Level 3 Communications, LLC to Proposed Cure Amount* (ECF No. 1963) (the "**Cure Objection**") and *Supplemental Objection of Level 3 Communications, LLC to Proposed Cure Amount* (ECF No. 4051) (the "**Supplemental Cure Objection**," and together with the Cure Objection, the "**Objections**") with respect to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "**Cure Notice**"), the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3950) (the "**Second Cure Notice**"), and the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3973) (the "**Third Cure Notice**").  The Parties hereby stipulate and agree as follows:

## RECITALS

I. **Procedural History**

  A. On October 15, 2018, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

  B. The Debtors operate their businesses and maintain their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

  C. The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

  D. Prior to the Petition Date, the Debtors and CenturyLink were parties to several agreements for the provision of telecommunications equipment and services to the Debtors (collectively, the "**Accounts**"). CenturyLink continued to provide telecommunication equipment and services to the Debtors post-petition.

E.  On November 11, 2018, the Court entered an *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816) in connection with the sale or disposition of substantially all of the Debtors' assets.

F.  The Debtors and Transform entered into that certain asset purchase agreement, dated as of January 17, 2019 (as amended) for the sale of substantially all of the Debtors' assets (the "**Sale Transaction**").

G.  On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (Docket No. 2507) (the "**Sale Order**").  The Sale Transaction closed on February 11, 2019.

H.  Since the Sale Transaction closed, the Buyer has continued to use certain of the Accounts provided by CenturyLink for the benefit of the Buyer's ongoing operations.

**II.  Cure and Assumption of CenturyLink Contracts**

I.  On January 18, 2019, the Debtors filed a Cure Notice which designated a cure amount for potentially assuming and assigning the Accounts. (*See* ECF No. 1731, rows numbered 1514-1515 and 3706-3707).

J.  CenturyLink filed a timely Cure Objection on January 25, 2019 (ECF No. 1963).

K.  On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (ECF No. 3008) (the "**Assumption and Assignment Order**").

3

L.      On May 20, 2019, the Debtors filed their Second Cure Notice which represented, regarding Accounts with Level 3 Communications, LLC, "Cure Amount Resolved." (*See* ECF No. 3950, row numbered 140).

M.      On May 21, 2019, the Debtors filed their Third Cure Notice which represented, regarding Accounts with Level 3 Communications, LLC, "Cure Amount Resolved." (*See* ECF No. 3973, rows numbered 3-5).

N.      On May 28, 2019, CenturyLink timely filed the Supplemental Cure Objection (ECF No. 4051), detailing that while CenturyLink does not object to the assumption and assignment of the Accounts, CenturyLink does oppose assumption and assignment to the extent proposed cure amounts fail to satisfy existing defaults under all of the Accounts in accordance with 11 U.S.C. § 365(b).

O.      To that end, since approximately February 2019, CenturyLink has been providing information on the Accounts to the Buyer in an effort to resolve the cure amounts.

**III.   Administrative Expense Claims and Consent Program**

P.      On October 7, 2019, the Debtors filed a *Notice of Filing of (I) Revised Notice of* Administrative *Expense Claims and Consent Program and Opt-In/Opt-Out Procedures, (II) Revised Ballot to Opt-In to Administrative Expense Claims Consent Program and (III) Revised Ballot to Opt-Out of Administrative Expense Claims Consent Program* (ECF No. 5334) (the "**Administrative Expense Claims Consent Program**"), proposing an arrangement that a Holder of Administrative Expense Claims (as defined therein) may participate in to ensure that a Holder of Administrative Expense Claims receives at least partial satisfaction of its administrative expense claim.

Q. On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370), and approved the Administrative Expense Claims Consent Program.

R. CenturyLink asserts that it is a Holder of Administrative Expense Claims under the Administrative Expense Claims Consent Program, and CenturyLink reserves its rights to seek compensation for CenturyLink's Administrative Expense Claims and all unpaid, post-petition amounts owed to CenturyLink on the Accounts other than the Assumed Accounts (defined below), through the Administrative Expense Claims Consent Program, through seeking adequate assurance previously reserved for CenturyLink, and through litigation or otherwise. The Debtors dispute liability for such claims and reserve their rights to object to requests for payment of such claims. As such, CenturyLink's *Joinder of CenturyLink Communications, LLC to the Limited Objection of Stanley Black & Decker, Inc. to the Debtors' Notice Regarding Initial Distribution Pursuant To Administrative Expense Claims Consent Program* (ECF No. 6198) ("**Joinder**"), detailing CenturyLink's position as an administrative claimant pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 365(d)(5) through CenturyLink providing Debtors with telecommunications equipment and services post-petition (ECF No. 6221), and *Amended Joinder/Objection of CenturyLink Communications, LLC to the Debtors' Amended Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* (ECF No. 6289), filed on December 13 and 26, 2019, respectively (collectively, the "**Joinder and Amended Joinder**"), remain of record.[2]

S. CenturyLink and the Buyer have engaged in good faith negotiations to determine the appropriate cure amount owed to CenturyLink on the Accounts, and the Parties desire to enter

---

[2] A position of the Debtors' is that the Initial Distribution has been made, and as such, the Joinder and Amended Joinder have been overruled and/or are no longer pending.

5

into this Stipulation to memorialize: (i) the assumption of a portion of the Accounts and (ii) the agreed-upon cure amount and the payment thereof.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:**

1. The foregoing recitals are incorporated herein by reference as if set forth at length herein.

2. This Stipulation shall have no force or effect unless and until it is approved by the Court (the "**Effective Date**").

3. In accordance with section 365 of the Bankruptcy Code, the Debtors, Buyer, and CenturyLink agree that CenturyLink is owed in connection with the following select account numbers of the Accounts (the "**Assumed Accounts**"): (a) the prepetition cure amount of $200,000 (the "**Agreed Prepetition Unpaid Cure Amount**") and (b) the postpetition cure amount of $1,367,797.10 (the "**Agreed Postpetition Unpaid Cure Amount**" and, together with the Agreed Prepetition Unpaid Cure Amount, the "**Agreed Unpaid Cure Amounts**"): (1) 1-6P4PSB; (2) 1-JCAL3Q; (3) 1-8K5JB8; (4) 1-A5DDLY; (5) 1-E3581Z; (6) 836627P; (7) 328245-TW; (8) 5-TCGLCHCL; (9) 1-8JQJ2P; (10) 1-CNSNWF; (11) 042744P; (12) 1008154972; and (13) 8047141; and (14) 810662P.

4. The Buyer agrees to remit the Agreed Unpaid Cure Amounts to CenturyLink on the following schedule: (a) the Buyer shall have paid to CenturyLink $250,000 as a good faith payment on or before February 18, 2020; (b) the Buyer shall pay to CenturyLink $480,000 on or before February 25, 2020; and (c) the Buyer shall pay to CenturyLink $480,000 every other week thereafter until the Agreed Unpaid Cure Amounts are paid in full. Upon payment of the Agreed

6

Unpaid Cure Amounts, (i) the Assumed Accounts shall be cured and deemed assumed by the Debtors and assigned to the Buyer; (ii) all requirements of section 365 of the Bankruptcy Code shall be deemed satisfied. Upon the Effective Date, the Objections, with regard to solely the Assumed Accounts and the Agreed Unpaid Cure Amounts associated with the Assumed Accounts, shall be deemed withdrawn. Any proof of claim form or ballot submitted under the Administrative Expense Claims Consent Program by CenturyLink, as may be amended from time to time, shall remain of record regarding any Accounts other than the Assumed Accounts, to the extent that CenturyLink remains uncompensated for the cure amounts associated with the same. The Buyer shall pay the Agreed Unpaid Cure Amounts by check, overnight, to:

CenturyLink<br>
220 North 5th Street<br>
Attn: BMG bankruptcy April Nelson<br>
Bismarck, ND 58501

5.    Upon the Effective Date and payment of the Agreed Unpaid Cure Amounts, the Buyer shall be fully and irrevocably vested with all rights, title, and interest of the Debtors under the Assumed Accounts and, pursuant to section 365(k) of the Bankruptcy Code. Upon the Effective Date, the Debtors shall be relieved from any further liability with respect to the Assumed Accounts. The Buyer and Debtor agree to cooperate in good faith with any commercially reasonable assignment and assumption process required by CenturyLink which shall ultimately have no effect upon the completed cure, assumption, and assignment effectuated by this Stipulation.

6.    During and after remittance of the Agreed Unpaid Cure Amounts, the Buyer agrees to continue to pay pursuant to regular invoicing and prior practices for ongoing services and equipment provided by CenturyLink on the Assumed Accounts in the ordinary course of business and in accordance with the terms of any underlying agreements and this Stipulation, and

CenturyLink agrees to continue providing such services and equipment in the ordinary course of business, subject to any such underlying agreements and this Stipulation.

7. Upon the Effective Date, (i) the Debtors, Buyer, and their respective successors and assigns, shall be deemed to have waived and released any and all claims that they may have against CenturyLink under sections 506, 542, 544, 547, 548, 550, and 553 of the Bankruptcy Code for all Assumed Accounts only, and (ii) CenturyLink shall be deemed to have waived and released any and all claims that it may have against the Debtors, the Buyer (other than for payment of the Agreed Unpaid Cure Amounts), and their respective successors and assigns, for only any monies owed on all Assumed Accounts, accrued up to the Effective Date only.

8. Should CenturyLink not be paid the entire Agreed Unpaid Cure Amounts by Transform in accordance with the terms of this Stipulation, CenturyLink shall have any remedies available to it at equity or law against the Buyer, subject to paragraph 17 hereof.

9. Each person who executes this Stipulation represents that he or she is counsel for his or her respective client and is executing this Stipulation on behalf of and with the authority of his or her respective client. The Parties have each cooperated in drafting this Stipulation. Therefore, in any action or proceeding concerning this Stipulation, the provisions hereof shall be construed as if jointly drafted by the Parties.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation. The delivery by facsimile transmission or other electronic transmission of any signature on this Stipulation shall be a valid signature as of the transmission thereof.

11. The Parties agree to bear their own costs and fees incurred in connection with this Stipulation.

12. Neither this Stipulation nor any of its terms may be modified, altered, amended or waived, except in writing signed by the Parties hereto.

13. This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties hereto and their respective successors and assigns and no third party rights shall be created hereunder.

14. The Parties are authorized to take all actions they deem necessary to effectuate the relief granted in this Stipulation.

15. Notwithstanding the provisions of Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure or any applicable provisions of this Court's Local Rules, this Stipulation shall be deemed effective and in full force and effect on the Effective Date. Time is of the essence in assuming and assigning the Assumed Accounts in connection with this Stipulation.

16. In the event that this Stipulation is not approved by the Court or is not executed by all the Parties: (i) nothing herein shall be used against any of the Parties hereto for any reason; and (ii) the obligations of the Parties under this Stipulation shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation.

17. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

[*Signature Page Follows*]

Dated: February 26, 2020

By:
/s/ *Garrett A. Fail*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Counsel for Debtors*
*And Debtors in Possession*

Dated: February 26, 2020

By:
*/s/ Rachel Ehrlich Albanese*
DLA PIPER LLP (US)
Richard A. Chesley
Rachel Ehrlich Albanese
R. Craig Martin
1251 Avenue of the America, 27th Floor
New York, NY 10020
Telephone: (212) 335-4500

*Counsel for the Buyer*

Dated: February 26, 2020

By:
/s/ *Lucas L. Schneider*
Brittany M. Michael (NY Bar No. 5678552)
STINSON LLP
1325 Avenue of the Americas, 27th Floor
New York, NY 10019
Tel. (212) 763-8491
brittany.michael@stinson.com

and

Edwin H. Caldie (MN Bar No. 0388930)
Kevin P. Kitchen (MN Bar No. 0399297)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel. (612) 335-1500
ed.caldie@stinson.com
kevin.kitchen@stinson.com

and

Lucas L. Schneider (CO Bar No. 48125)
Admitted *pro hac vice*
STINSON LLP
1050 17th Street
Suite 2400
Denver, CO 80265
Telephone:  (303) 376-8414
Facsimile:  (612) 335-1657
lucas.schneider@stinson.com

*Counsel for CenturyLink*

**SO ORDERED:**

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated:  White Plains, New York
          March 9, 2020

10