**Presentment Date and Time: March 18, 2020 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: March 17, 2020 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): To Be Announced**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

# NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BY AND AMONG DEBTORS, BUYER, TRANSFORM, AND ORACLE AMERICA, INC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that Transform Holdco LLC (the "**Buyer**") will present the *Stipulation and Order By and Among Debtors, Buyer, Transform and Oracle America, Inc.* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **March 18, 2020 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text- searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that, unless an Objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **March 17, 2020 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served with respect to the Stipulation, a hearing (the "**Hearing**") will be held to consider such

Objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: March 10, 2020
New York, New York

                         */s/  Luke A. Barefoot*
                         CLEARY GOTTLIEB STEEN & HAMILTON LLP
                         One Liberty Plaza
                         New York, NY 10006
                         Telephone: (212) 225-2000
                         Facsimile: (212) 225-3999
                         Sean A. O'Neal, Esq.
                         Luke A. Barefoot, Esq.

                         *Attorneys for Transform Holdco LLC*

# Exhibit A

**Stipulation**

18-23538-shl    Doc 7418    Filed 03/10/20    Entered 03/10/20 15:09:37    Main Document
Pg 4 of 18

**Exhibit A**

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**STIPULATION AND ORDER BY AND AMONG**
**DEBTORS, BUYER, TRANFORM AND ORACLE AMERICA, INC.**

This Stipulation and Order (the "**Stipulation and Order**") is made as of March 10, 2020, by and among the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), Transform Holdco LLC (the "**Buyer**"), Transform SR Holding Management LLC ("**Transform**") and Oracle America, Inc. ("**Oracle**" and together with Debtors, Buyer and Transform, the "**Parties**") through their respective and duly authorized counsel of record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**Recitals**

A. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B. On January 18, 2019, the Debtors filed a *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* (ECF No. 1731) ("**Cure Notice**"), which notice listed agreements that could potentially be assumed and assigned and included the Master Software and Services Agreement, by and among Oracle USA, Inc., Sears, Roebuck and Co. ("**SRC**") and Kmart Management Corp., dated December 23, 2005 (the "**MSSA**") at line item number 5370 thereof, and Amendment Two to Master Software and Services Agreement, by and between Sears Holdings Management Corporation (as successor in interest to SRC) and Oracle America, Inc. (as successor in interest to Oracle USA, Inc.), effective January 8, 2016 (the "**Amendment**") at line item number 5371.

C. As of the Petition Date, Oracle also provided the Debtors with licenses and services for cloud-based Responsys software (the "Responsys License") and cloud-based Maxymiser software (the "Maxymiser License").

D. On January 26, 2019, Oracle filed *Oracle's Limited Objection and Reservation of Rights Regarding (1) Debtors' Motion for Approval of Global Bidding Procedures; (2) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction; and (3) Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1992) (the "**Oracle Cure Objection**"),

objecting to the Cure Notice with respect to the potential assumption and assignment of the agreements with Oracle listed in the Cure Notice.

    E.    On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) was entered by the Court (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets to Buyer. The sale closed on February 11, 2019 (the "**Closing Date**").

    F.    In accordance with the terms of the Sale Order and the asset purchase agreement approved thereby, Buyer was permitted to designate Additional Contracts and Designatable Leases (collectively, the "**Additional Assigned Agreements**") for assumption and assignment for up to sixty (60) days after the Closing Date (the "**Designation Rights Period**"). On April 12, 2019, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* (ECF No. 3171), which provided notice that the Debtors and the Buyer agreed to extend the Designation Rights Period to May 3, 2019 for certain Designatable Leases and to May 13, 2019 for Additional Contracts.

    G.    In accordance with the terms of the Sale Order:

> To the extent that any IP License is designated for assumption and assignment…, such agreement, including the rights and obligations thereunder, will be deemed to have been assumed and assigned to the Buyer as of the Closing Date.…

> No provision of this Sale Order, the Sale Motion, or the Asset Purchase Agreement shall authorize the Debtors or the Buyer as applicable to use any software or other intellectual property (the "Proprietary Information") owned by or licensed from, or any software-related services provided by … Oracle America, Inc. … (collectively, "Oracle"), to the benefit of any other party under any Services Agreement or otherwise to the extent

3

> prohibited by the contracts governing such Proprietary Information or software-related services.…
>
> No provision of this Sale Order, the Sale Motion, or the Asset Purchase Agreement shall authorize the Debtors or the Buyer as applicable to transfer or sell any Proprietary Information to the Buyer licensed from … Oracle…, absent the consent of … Oracle …, to the extent such consent is required under the applicable agreement and such provision is enforceable under applicable law.

Sale Order ¶¶ 44, 68 69.

H.  On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "**Assumption and Assignment Order**") (ECF No. 3008).

I.  Paragraphs 26 and 27 of the Assumption and Assignment Order establish a noticing procedure for assumption and assignment of Additional Assigned Agreements.

J.  On May 16, 2019, Oracle filed its *Reservation of Rights Regarding Debtors' (I) Notice of Assumption and Assignment of Additional Executory Contracts and (II) Assumption and Assignment Notices* (ECF No. 3911) (the "**Oracle Reservation of Rights**") *inter alia* reserving rights to raise the claim that the Oracle Peoplesoft license, if rejected, would make Transform's and/or its affiliates' future use of such application unlicensed.

K.  On May 13, 2019, by providing notice of its desire to assume the MSSA to the Debtors, the Buyer designated the MSSA as an Additional Contract for assumption and assignment pursuant to the Assumption and Assignment Order and the APA.

L.  On May 13, 2019, the Buyer provided notice to the Debtors identifying the Amendment as a contract that could be rejected.

M.  On May 15, 2019, the Debtors filed the *Notice of Rejection of Executory Contracts* (ECF No. 3879) (the "**Rejection Notice**"), which notice included the Amendment at line item number 25 thereof.

N.     The Rejection Notice indicates that, if a timely objection is filed, a hearing will be scheduled to consider the objection and provided parties with fourteen (14) calendar days following the filing and service of the Rejection Notice to object (the "**Objection Deadline**").  The Objection Deadline passed on May 29, 2019.

O.     On May 20, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3950) (the "**Assumption Notice**") notifying applicable counterparties that certain Additional Contracts listed on Exhibit 1 to the Assumption Notice (the "**Additional Assigned Agreements Exhibit**") had been designated by the Buyer for assumption and assignment.  The Additional Assigned Agreements Exhibit included the MSSA at line item number 145.

P.     Paragraph 16 of the Assumption Notice provides that "All Additional Contracts listed the [Additional Assigned Agreements Exhibit] shall be deemed to include any and all applicable supplements, amendments, and/or addenda."

Q.     On May 28, 2019, Oracle filed *Oracle's Limited Objection and Reservation of Rights Regarding Debtors' (I) Notice of Assumption and Assignment of Additional Executory Contracts [CM-ECF D.E. 3950] and (II) Notices of Rejection of Executory Contracts [CM-ECF D.E. 3879 and 3915]* (ECF No. 4049) (the "**Oracle Assumption Objection**"), arguing, *inter alia*, that the Amendment must be assumed and assigned together with the MSSA.  Due to the filing of the Oracle Assumption Objection, the assumption and assignment of the MSSA has not yet become effective pursuant to the terms of the Assumption and Assignment Order. The Oracle Cure Objection, the Oracle Reservation of Rights and the Oracle Assumption Objection are referred to collectively herein as the "**Oracle Objections**."

R.  On June 3, 2019, the Court entered the *Order Approving the Rejection of Certain Executory Contracts* (ECF No. 4109) (the "**Rejection Order**") approving the rejection of executory contracts listed in the Rejection Notice, which list inadvertently included the Amendment, while noting that "no timely objections having been filed to the Rejection Notice."

S.  On June 12, 2019, the Court entered a modified version of the Rejection Order, the *Modified Order Approving the Rejection of Certain Executory Contracts* (ECF No. 4205), removing the Amendment from the list of executory contracts that were rejected, and making clear that the Amendment had not been rejected.

T.  On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370), confirming the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (the "**Plan**"). The Plan provides, *inter alia*, for all executory contracts not previously assumed by the Debtors to be rejected by default upon the occurrence of the effective date of the Plan. As of the date of this Stipulation and Order, the effective date of the Plan has not occurred.

U.  On November 15, 2019, Oracle filed *Oracle's Request for Allowance and Payment of a Chapter 11 Administrative Expense Claim* (ECF No. 6039) (the "**Oracle Administrative Expense Claim**"). The Oracle Administrative Claim totals $2,528,521.60, comprised of invoices which represent post-petition licenses and services provided by Oracle in connection with the Responsys Licenses ($1,311,913.66), the Maxymiser Licenses ($45,399.05) and on-premises Oracle Database ($1,171,208.89).

V.  The Parties, having worked in good faith and with no unreasonable delay in light of the circumstances, have resolved their disputes and agree that the MSSA, together with (i) all

6

applicable supplements, amendments and/or addenda, (ii) Oracle Database, (iii) Oracle Transportation Management/ Business Intelligence ("OTM"), (iv) G-Log, (v) Essbase, (vi) Golden Gate, (vii) Peoplesoft and (viii) all other licenses, applications and/or products governed by the MSSA and all support agreements related to any of the foregoing, shall be assumed and assigned to Transform in accordance with the Sale Order, the Assumption and Assignment Order and this Stipulation and Order.

**IT IS THEREFORE AGREED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1. This Stipulation and Order shall have no force or effect unless and until the later of (a) the Court's approval of this Stipulation and Order and (b) Transform's payment to Oracle of the Initial Installment (as defined below) (the "**Effective Date**").

2. As of the Effective Date, the MSSA along with (i) all applicable supplements, amendments, addenda, (ii) Oracle Database, (iii) OTM, (iv) G-Log, (v) Essbase, (vi) Golden Gate, (vii) Peoplesoft and (viii) all other licenses, applications and/or products governed by the MSSA and all support agreements related to any of the foregoing (collectively, the "**Assigned Licenses**") shall be deemed to be assumed and assigned to Transform *nunc pro* tunc to the Closing Date in accordance with this Stipulation and Order and section 365 of the Bankruptcy Code and pursuant to the Sale Order, the Assumption and Assignment Order and that certain Bill of Sale and Assumption Agreement, dated as of the Closing Date, by and among Sears Holdings Corporation and certain of its subsidiaries, on the one hand, and Transform and certain of its affiliates, on the other hand.

3. As of the Effective Date, the Maxymiser License and the Responsys License (together, the "Rejected Licenses") shall be rejected pursuant to 11 U.S.C. § 365. Oracle reserves

7

all its rights to file a rejection damages claim arising out of the rejection of the Rejected Licenses. If Oracle asserts a claim against the Debtors arising from the rejection of the Rejected Licenses, Oracle shall submit a proof of claim no later than thirty (30) days after the Effective Date.  If Oracle does not timely file a proof of claim in accordance with the terms of this Stipulation and Order, Oracle shall forever be barred from asserting a claim arising from the rejection of the Rejected Licenses, absent further order of the Court to the contrary. Nothing contained in this Stipulation and Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, or (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

4. Oracle represents and warrants that all applications and/or licenses provided by Oracle for use by Sears Holdings Corporation and/or any of its affiliates as of the Closing Date (i) constitute (a) the Assigned Licenses; (b) the Rejected Licenses; or (c) applications and/or licenses subject to that certain Oracle Cloud Services Agreement by and between Oracle and Transform, last dated May 13, 2019 ("Cloud Services Agreement") to which Transform and Oracle are parties. Oracle further represents and warrants that, to the extent not already transferred to Transform pursuant to the Cloud Services Agreement to which Transform and Oracle are parties, the Assigned Licenses and the applications and/or licenses subject to the Cloud Services Agreement shall be transferred to Transform upon the Effective Date.

5. Upon the Effective Date, the Oracle Objections and any other objections and/or issues with respect to the applications, licenses and/or products provided by Oracle and/or any of its affiliates to Transform and/or its affiliates prior to the Effective Date shall be deemed resolved and withdrawn.

6. Upon the Effective Date, the Oracle Administrative Claim shall be deemed reduced from $2,528,521.60 to $1,357,312.71 (the "**Reduced Oracle Administrative Claim**"). Oracle and the Debtors reserve all rights and defenses in connection with the Reduced Oracle Administrative Claim. For the avoidance of doubt, nothing in this Stipulation and Order shall be deemed an acknowledgement or allowance of the Reduced Oracle Administrative Claim, which shall be subject, in all respects, to the Plan, the Confirmation Order, and the Administrative Expense Claims Consent Program (as defined in the Confirmation Order). Apart from the claims specifically reserved by paragraph 3 and paragraph 6, upon the Effective Date, Oracle will have no further claims on account of the Assigned Licenses against the Debtors or their estates, and any such claims shall be deemed withdrawn with prejudice.

7. Subject to the entry of this Stipulation and Order by the Court, Transform agrees to pay to Oracle a total of $650,000 (the "**Settlement Amount**"), which amount shall be paid monthly in six (6) equal installments (the first payment, the "**Initial Installment**" and each of the five (5) subsequent monthly payments a "**Subsequent Installment**"). Transform agrees to provide the Initial Installment to Oracle within fourteen (14) calendar days of the Court's entry of this Stipulation and Order, and to provide each Subsequent Installment on or before the fifteenth (15th) day of the applicable month. Subject to paragraph 8 of this Stipulation and Order, payment of the Settlement Amount shall resolve all amounts owed in connection with the Assigned Licenses on and/or prior to the Effective Date, and Oracle hereby waives and shall be forever barred from asserting any right to payment of any other amount by Transform and/or any of its affiliates in respect of any period in time on and/or prior to the Effective Date.

8. Upon the Effective Date, should Transform elect to use support for any of OTM, Essbase, G-Log and/or Golden Gate, Oracle will honor the pricing terms provided by email from

9

Oracle's counsel dated February 11, 2020 at 8:24PM EST which references renewal numbers 4110002 (Essbase), 3542813 (OTM), 2285925 (G-Log), GG-3898573 (Golden Gate) and GG-3898518 (Golden Gate). In the event that Transform elects to receive go-forward support for any of Essbase, OTM, G-Log or Golden Gate, the annual support period will be February 1 through January 31 and Transform will pay the associated support for the terms from February 1, 2019 through January 31, 2020 and February 1, 2020 through January 31, 2021. Transform acknowledges and agrees that no gap in such support service periods is permitted.

9. Upon the Effective Date, in accordance with Section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability under the Assigned Licenses from and after the Closing Date.

10. As of the Effective Date, all conditions to the assumption and assignment of the Assigned Licenses shall have been satisfied, including the cure of any and all outstanding defaults of the Debtors under the Assigned Licenses.

11. As of the Effective Date, Transform agrees to use its commercially reasonable efforts to cooperate with Oracle to evidence the assignment of the Assigned Licenses including, but not limited to, by executing an Oracle Assignment Agreement and related documentation which identifies the Assigned Licenses.

12. Oracle agrees that neither Buyer nor Transform is a successor to any of the Debtors and shall have no liabilities in respect of the Assigned Licenses for any events or circumstances existing prior to the Effective Date.

13. This Stipulation and Order shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns; provided however, that nothing in this Stipulation and

Order is intended to, or shall, excuse Transform from complying with the provisions regarding assignment contained in the Assigned Licenses and the Cloud Services Agreement.

14. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

15. This Stipulation and Order contains the entire agreement between the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

16. This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

17. This Stipulation and Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Court.

18. Pending entry of this Stipulation and Order by the Court, neither party shall take actions inconsistent with the provisions of this Stipulation and Order. In the event that this Stipulation and Order is not approved by the Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

19.    In the event of any inconsistency between this Stipulation and Order and any other transaction document relating to the assignment of the Assigned Licenses, this Stipulation and Order shall govern.

20.    The Court shall have jurisdiction over any action or proceeding arising out of, relating to, or to interpret and enforce, this Stipulation and Order.

[*Remainder of page intentionally left blank; signature page to follow.*]

Dated: March 10, 2020

By: /s/ *Jacqueline Marcus*

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus, Esq.
    Garrett A. Fail, Esq.
    Sunny Singh, Esq.

    *Attorneys for the Debtors and Debtors in Possession*

Dated: March 10, 2020

By: /s/ *Amish R. Doshi*

    DOSHI LEGAL GROUP, P.C.
    1979 Marcus Avenue, Suite 210E
    Lake Success, NY 11042
    Telephone: (516) 622-2335
    E-Mail: amish@doshilegal.com
    Amish R. Doshi, Esq.

    BUCHALTER, A Professional Corporation
    55 Second Street, 17th Floor
    San Francisco, California 94105-2130
    Telephone: (415) 227-0900
    Shawn M. Christianson, Esq.
    Valerie Bantner Peo, Esq.

    ORACLE AMERICA, INC.
    500 Oracle Parkway
    Redwood City, California 94065
    Telephone: (650) 506-5200
    Deborah Miller, Esq.
    Benjamin Wheeler, Esq.

    *Attorneys for Oracle America, Inc.*

Dated: March 10, 2020

By: /s/ *Luke A. Barefoot*

    CLEARY GOTTLIEB STEEN & HAMILTON
    One Liberty Plaza
    New York, New York 10006
    Telephone: (212) 225-2000
    Facsimile: (212) 225-3999
    Sean A. O'Neal, Esq.
    Luke A. Barefoot, Esq.
    *Attorneys for Transform Holdco LLC and Transform SR Holding Management LLC*

13

**SO ORDERED**

Dated: _____, 2020          _____
        White Plains, New York                THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE