```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                         :           Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, et al.,           :           Case No. 18-23538 (RDD)
                                              :
        Debtors.[1]                           :           (Jointly Administered)
------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' TWELFTH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

Upon the *Debtors' Twelfth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)*, filed February 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and 503 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the No Liability Claims (as defined below), and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection and the opportunity for a hearing thereon having been provided in accordance with the Claims Procedures Order, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and there being no objections to the relief granted herein; and it appearing that other or further notice or a hearing is required with respect to such relief; and upon the record of all of the proceedings had before the Court; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that the Objections sets forth a sufficient basis to rebut the presumption of validity of each claim covered hereby and the claimants have not carried their burden of proof with respect to their respective claims; and it further appearing that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

    **IT IS HEREBY ORDERED THAT:**

    1.  The relief requested in the Objection is granted.

    2.  Pursuant to sections 502 and 503 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim and ballot listed on **Exhibit 1** annexed hereto, under the heading "*Amount Disallowed and Expunged*" (the "**No Liability Claims**"), is disallowed and expunged in its entirety from the Debtors' claims register for the reason(s) stated on such Exhibit with respect to such claim. Where the reason for such disallowance is the earlier filing or allowance of a general unsecured claim, such general unsecured claim is not disallowed hereby

3. Nothing herein shall constitute an admission or finding concerning the amount or validity of any of the claims or ballots not disallowed or expunged on **Exhibit 1**.

4. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. This Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated:  March 12, 2020
        White Plains, New York

                                        */s/Robert D. Drain*
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE