**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STIPULATION AND ORDER BY AND AMONG
## DEBTORS, TRANSFORM AND MANN HUMMEL

This Stipulation and Order (the "**Stipulation and Order**") is made as of March 6, 2020, by and among the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), Transform Holdco LLC (the "**Buyer**") and Mann + Hummel Purolator LLC ("**Mann Hummel**" and together with the Debtors and Buyer, the "**Parties**") through their respective and duly authorized counsel of record.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## Recitals

A.     Debtors and Mann Hummel are parties to that certain Supply Agreement dated May 1, 2017 (as has been or may be amended, the "**Supply Agreement**").

B.     On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

C.     On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) was entered by the Court (the "**Sale Order**"), approving the sale of substantially all of the Debtors' assets to Buyer (the "**Sale**").[2]  The Sale closed on February 11, 2019 (the "**Closing Date**").

D.     The Debtors filed notices of cure costs and potential assumption and assignment of executory contracts and unexpired leases in connection with the Sale, which listed executory contracts that were to be potentially assumed and assigned to the Buyer (the "**Cure Notices**").

E.     On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "**Assumption and Assignment Order**") (ECF No. 3008) which set forth the procedures for Buyer to designate additional agreements for assumption and assignment or rejection.

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Sale Order.

F.      In accordance with the procedures of the Assumption and Assignment Order, the Debtors filed notices of assumption and assignment of additional contracts (the "**Assumption Notices**") after the Buyer gave notice to Debtors indicating that such executory contracts should be assumed and assigned.

G.      On April 10, 2019, Buyer and Mann Hummel entered into an agreement under which Buyer acknowledged its intention to have the Debtors assume and assign the Supply Agreement to the Buyer, and under which Buyer has made a payment to Mann Hummel on account of amounts owing under the Supply Agreement as of the Closing Date (the "**Cure Amount**").

H.      Notwithstanding that the Supply Agreement was inadvertently not included in a Cure Notice or an Assumption Notice, Buyer intended to elect to have the Debtors assume and assign the Supply Agreement to Buyer's affiliate, Transform SR Holding Management LLC.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:**

1.      Notwithstanding that the Supply Agreement was inadvertently excluded from the Cure Notices and the Assumption Notices, upon the Effective Date (as defined herein), the Supply Agreement is assumed and assigned to Buyer's affiliate, Transform SR Holding Management LLC pursuant to and in accordance with this Stipulation and Order, the Assumption and Assignment Order and section 365 of the Bankruptcy Code *nunc pro tunc* to the Closing Date.

2.      As of the date of entry of this Stipulation and Order by the Court (the "**Effective Date**"), the Debtors shall have no further obligations to Mann Hummel under the Supply Agreement or otherwise.  In addition, as of the Effective Date: (a) all conditions to the assumption and assignment of the Supply Agreement will have been satisfied, including the cure of all outstanding defaults of the Debtors under the Supply Agreement, (b) neither Mann Hummel nor

Transform will have further claims on account of the Supply Agreement against the Debtors or their estates and (c) any claims Mann Hummel has asserted against the Debtors shall be deemed withdrawn with prejudice.

3.    Mann Hummel agrees that Buyer is not a successor to any of the Debtors and shall have no liabilities in respect of the Supply Agreement for any events or circumstances existing prior to the Closing Date.

4.    Upon the Effective Date, in accordance with Section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Supply Agreement.

5.    Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), upon the Effective Date, this Stipulation and Order shall be deemed effective and in full force and effect *nunc pro tunc* to the Closing Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

6.    Neither this Stipulation and Order nor any right or interest hereunder may be assigned in whole or in part by either Buyer or Mann Hummel without the prior written consent of the other party.

7.    This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties, their successors, and assigns, as applicable.

8.    This Stipulation and Order may be executed in one or more counterparts, which collectively shall form one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart and each of such counterparts (whether an original or a copy) shall for all purposes be deemed an original.

9.    Pending entry of this Stipulation and Order by the Court, the Parties shall not take actions inconsistent with the provisions of this Stipulation and Order.  In the event that this

Stipulation and Order is not approved by the Court or is not executed by the Parties, (a) nothing herein shall be used against any of the Parties hereto for any reason and (b) the obligations of the Parties under this Stipulation and Order shall be null and void and, with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation and Order.

10.    This Stipulation and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11.    The Court shall have jurisdiction over any action or proceeding arising out of, or relating to, this Stipulation and Order.

[*Signature Page Follows*]

Dated:  March 6, 2020

By:    _/s/ Jacqueline Marcus_
     WEIL GOTSHAL & MANGES
     LLP
     767 Fifth Avenue
     New York, New York 10153
     Telephone (212) 310-8000
     Facsimile: (212) 310-8007
     Ray C. Schrock, P.C.
     Jacqueline Marcus, Esq.
     Garrett A. Fail, Esq.
     Sunny Singh, Esq.

     *Attorneys for the Debtors and*
     *Debtors-in-Possession*

Dated:    March 6, 2020

By:    _/s/ Luke A. Barefoot_
     CLEARY GOTTLIEB STEEN &
     HAMILTON
     One Liberty Plaza
     New York, New York 10006
     Telephone: (212) 225-2000
     Facsimile:  (212) 225-3999
     Sean A. O'Neal, Esq.
     Luke A. Barefoot, Esq.

     *Attorneys for Transform Holdco*
     *LLC*

Dated:    March 6, 2020

By:    _/s/ John J. Kane_
     KANE RUSSELL COLEMAN
     LOGAN PC
     901 Main Street, Suite 5200
     Dallas, Texas 75202
     Telephone: (214) 777-4261
     John J. Kane, Esq.

     *Attorney for Mann + Hummel*
     *Purolator LLC*

**SO ORDERED**

Dated: March 18, 2020
     White Plains, New York

_/s/Robert D. Drain_
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE