Presentment Date and Time: March 30, 2020 at 10:00 a.m. (Eastern Time)
Objection Deadline: March 27, 2020 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                      : Chapter 11
                                                           : 
**SEARS HOLDINGS CORPORATION,** *et al.*,                  : Case No. 18-23538 (RDD)
                                                           : 
Debtors.[1]                                                : (Jointly Administered)
                                                           : 
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement and Order Granting Limited Relief From the Automatic Stay* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **March 30, 2020 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **March 27, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for

the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  March 20, 2020
       New York, New York

    /s/  Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among A&E Factory Service, LLC ("**A&E**") and Samantha Parchment (the "**Claimant**"). A&E and the Claimant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A.      WHEREAS, on October 15, 2018 (the "**Commencement Date**"), A&E and certain of its affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    B. WHEREAS, on September 14, 2018, the Claimant commenced an action against A&E, that is pending in the Circuit Court, Eleventh Judicial Circuit for Miami-Dade County, FL, Case No. 2018-031356-CA-01 (the "**Prepetition Action**"). The Prepetition Action involves claims asserted by the Claimant for alleged injuries as a result of an automobile accident that occurred on March 4, 2016.

    C. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

    **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

    1. The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

    2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Claimant to continue the Prepetition Action against A&E solely to recover from any available insurance proceeds under policy number ISA H0 8859012 issued by Chubb (as renewed, amended, modified, endorsed or supplemented from time to time), or any other applicable insurance policy, in effect and covering liability of A&E on the date of the subject motor vehicle collision; <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial

proceeding against the Debtors or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against Sears or any of the other Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

4. As of the Effective Date, the Claimant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, who may assert indemnification claims against the Debtors.

5. As of the Effective Date, any and all proofs of claim (including but not limited to proofs of claim nos. 15450 and 15463) filed by the Claimant shall be deemed withdrawn with prejudice and the Claimant shall be forever barred and estopped from filing any further proofs of claim relating to the Prepetition Action or asserting otherwise any claims against the Debtors relating to the Prepetition Action.

6. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers, including the Insurers; (iii) precludes or limits, in any way, the rights of any insurer, including the Insurers, to contest

and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

7. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

8. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

9. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors or any of the other Debtors are a party that may be filed by the Claimant in the chapter 11 cases of the Debtors.

10. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

**OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

11. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

12. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

13. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

14. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

15. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

16. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

17. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without

regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

18. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature page follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  March 20, 2020

By:  /s/  Garrett A. Fail
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated:  March 20, 2020

By:  /s/  Don D.G. James
    Don D.G. James
    LAW OFFICE OF DON JAMES, P.A.
    2655 Lejeune Road, Suite 516
    Coral Gables, Florida 33134
    Telephone: (305) 441-6666

*Attorney for the Claimant*

**SO ORDERED**

Dated:  _____, 2020
    White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE