**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :    Case No. 18-23538 (RDD)
                                          :
         Debtors.¹                        :    (Jointly Administered)
                                          :
-------------------------------------------------------------x
                                          :
VIR VENTURES, INC. and                    :
AMI VENTURES, INC.,                       :
                                          :
                        Plaintiffs,       :    Adversary Proceeding
                                          :
         -against-                        :    Case No. 19-08700 (RDD)
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :
                                          :
                        Defendants.       :
                                          :
-------------------------------------------------------- x
```

# REPLY IN FURTHER SUPPORT OF
# DEBTORS' MOTION TO DISMISS THE ADVERSARY COMPLAINT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT AND AUTHORITIES ................................................................................... 2

    A.    Plaintiffs Cannot Amend Their Complaint Through Their Opposition Brief. ........................................................................................................................ 2

    B.    The Remaining Counts Should be Dismissed for Failure to State a Claim. ............ 4

        1.    Plaintiffs' Opposition Does Not Salvage Plaintiffs' Claim for Breach of Express Trust (Count II) ................................................................. 5

            a.    Plaintiffs Have Failed to Allege Intent to Create an Express Trust. ................................................................................................... 5

            b.    Plaintiffs Have Failed to Allege the Existence of an Ascertainable Res ................................................................................ 7

        2.    Plaintiffs' Opposition Does Not Salvage Plaintiffs' Claim for the Imposition of a Constructive Trust (Count IV) ........................................... 7

        3.    Plaintiffs' Opposition Does Not Salvage Plaintiffs' Claim for Conversion (Count V) ............................................................................... 8

III. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 1, 4, 7

*Eychaner v. Gross*,
  779 N.E.2d 1115 (Ill. 2002) .................................................................................................. 5, 6

*Feliciano v. City of New York*,
  No. 14 Civ. 6751 (PAE), 2015 WL 4393163 (S.D.N.Y. July 15, 2015) ................................... 3

*Gonzalez v. Sarreck, M.D.*,
  No. 08 Civ. 3661, 2011 WL 505134 (S.D.N.Y. Oct. 24, 2011) .............................................. 4

*Harbinger Capital Partners LLC v. Ergen (In re LightSquared Inc.)*,
  504 B.R. 321 (Bankr. S.D.N.Y. 2013) ..................................................................................... 8

*Jordan v. Chase Manhattan Bank*,
  91 F. Supp. 3d 491 (S.D.N.Y. 2015) .................................................................................. 4, 10

*LFD Operating, Inc. v. Ames Merchandising Corp. (In re Ames Dep. Stores, Inc.)*,
  274 B.R. 600 (Bankr. S.D.N.Y. 2002) ..................................................................................... 7

*Suttles v. Vogel*,
  533 N.E.2d 901 (Ill. 1988) ....................................................................................................... 9

*Estate of Wilkening v. Nicholson*,
  441 N.E.2d 158 (Ill. App. 1982) .............................................................................................. 5

**Other Authorities**

Federal Rules of Bankruptcy Procedure 7004 ................................................................................ 1

Federal Rules of Bankruptcy Procedure 7008 ................................................................................ 1

Federal Rules of Bankruptcy Procedure 7009 ................................................................................ 1

Federal Rules of Bankruptcy Procedure 7012 ............................................................................ 1, 4

Federal Rules of Civil Procedure 8(a) ............................................................................................ 1

Federal Rule of Civil Procedure 9(b) ................................................................................... 1, 4, 5, 8

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 4, 5

Sears Holdings Corporation ("**SHC**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases and as defendants in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), hereby file this Reply in Further Support of the *Debtors' (I) Motion to Dismiss the Adversary Complaint and (II) Reply to Plaintiffs' Opposition to Debtors' Second Omnibus Claims Objection* (ECF No. 12) pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**") and Rules 7004, 7008, 7009, and 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking dismissal of Counts II, IV, and V of the Adversary Complaint filed on November 12, 2019 (ECF No. 1) (the "**Complaint**") by plaintiffs VIR Ventures, Inc. and AMI Ventures, Inc. (the "**Plaintiffs**").

I.   **INTRODUCTION**

1. Plaintiffs rely for their opposition to the *Debtors' Motion to Dismiss the Adversary Complaint* (the "**Motion to Dismiss**") upon (1) a pre-*Twombly* and *Iqbal* pleading standard that is inapplicable here; (2) heavy-handed rhetoric that accuses the Debtors of, among other things, attempting to "misdirect," "distract," "delay," and "deprive" Plaintiffs of "due process and [their] day in court" (when, in fact, the opposite is true); (3) a series of pleas that, if only this Court would deny the Debtors' Motion to Dismiss, facts supporting Plaintiffs' trust claims would be "revealed" or "ferreted out" in discovery (serving only to show that the claims are unsubstantiated and speculative); and (4) a glut of new allegations that are nowhere to be found in Plaintiffs' Complaint (and that would not salvage the Complaint even if the Court could consider them).

2. Under the Federal Rules, Plaintiffs must allege *more* than a sheer possibility that the Debtors acted wrongfully; they must allege facts sufficient to state claims for relief that are *plausible on their face*. As the Debtors argue in their Motion to Dismiss and below, Plaintiffs

have failed entirely to satisfy that standard. Accordingly, the Debtors respectfully request that the Court grant the Motion to Dismiss and dismiss Counts II (breach of express trust), IV (imposition of constructive trust), and V (conversion) of Plaintiff's Complaint (the "**Remaining Counts**") with prejudice.

## II.    ARGUMENT AND AUTHORITIES

### A.    Plaintiffs Cannot Amend Their Complaint Through Their Opposition Brief

3.      Perhaps recognizing the facial insufficiency of the Remaining Counts, Plaintiffs improperly engage in a wholesale (and ultimately futile) effort to rewrite and augment their Complaint in their *Response in Opposition to Debtors' Motion to Dismiss the Adversary Complaint* (ECF No. 7457) (the "**Opposition**").

4.      ***First***, Plaintiffs allege that "the consumer (settlor) purchased goods online from Sears' e-marketplace" and then "remitted payment to Sears (trustee) for the benefit of the Plaintiffs (beneficiary)" and further allege that, "[a]lthough the consumer (settlor) may not have been fully aware of the relationship it created" when it remitted payment to Sears, its "actions manifested the intent to create a trust." Opp. ¶ 27. These allegations—mere conclusory statements unsupported by any factual assertion—are nowhere to be found in Plaintiffs' Complaint[2] and, in any event, are completely implausible. *See infra* at Part II.B.1.

5.      ***Second***, Plaintiffs allege that the trust res, here, "***could . . . be*** the traceable property purchased with [consumer] funds" and further suggest that, "through discovery," Plaintiffs "will ***attempt to*** trace" property purchased with consumer funds in order to ascertain the existence of this purported trust res. *See* Opp. ¶¶ 28, 31 (emphasis added). These allegations are

---

[2] Indeed, Plaintiffs make no attempt to point the Court or the Debtors to any allegations in the Complaint that might support this new theory of the case. In fact, Plaintiffs' Opposition contains but ***four*** citations to Plaintiffs' Complaint—all to Brian Carr's alleged email communications to Plaintiffs. *See* Opp. ¶¶ 38(a)-(c).

2

likewise nowhere to be found in Plaintiffs' Complaint. Even if they were, however, Plaintiffs' use of the conditional tense and their assertion that they will, through discovery, "attempt to" trace trust property expose these new allegations as sheer conjecture; in other words, Plaintiffs admit that the Complaint has failed to plausibly allege the existence of an ascertainable res.

6. **Third,** Plaintiffs allege that "there was no agreement [between the parties to the Sears Marketplace Agreements] that the Debtors were allowed to commingle the trust property with non-trust property." *Id.* ¶ 31. Plaintiffs made no such allegation in their Complaint. Even if they had, however, such an allegation is irrelevant to the Court's inquiry here which, under Illinois law, should center on whether the Sears Marketplace Agreements expressly ***prohibited*** commingling (they did not). *See infra* at Part II.B.1.

7. **Finally,** Plaintiffs make a series of baseless, harassing allegations concerning Sears employee Brian Carr, including that Mr. Carr engaged in a "widespread pattern of wrongful conduct" and participated in a "scheme" with the Debtors and Transform to "misinform" e-marketplace sellers so that "goods would continue to be provided to Sears' customers." Opp. ¶¶ 38(c), 44. These frivolous assertions are belied by the text of Mr. Carr's emails as alleged in Plaintiffs' ***Complaint***, which demonstrate that Mr. Carr was simply making a good-faith effort during a time of uncertainty to update Plaintiffs concerning the status of the Debtors' bankruptcy and the consequences of that bankruptcy for Plaintiffs. *See* Compl. ¶¶ 55-67.

8. The Court should not consider these newly minted and meritless allegations in Plaintiffs' Opposition in adjudicating the Debtors' Motion to Dismiss. *See Feliciano v. City of New York*, No. 14 Civ. 6751 (PAE), 2015 WL 4393163, at *15 (S.D.N.Y. July 15, 2015) ("[I]t is axiomatic . . . that the *Complaint* must plead enough facts to state a claim that is plausible on its

face and that a party may not amend its pleadings in its briefing papers.") (internal quotations and citations omitted) (emphasis in original); *see also Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (quoting *Weir v. City of New York,* No. 05 Civ. 9268 (DFE), 2008 WL 3363129, at *9 (S.D.N.Y. Aug. 11, 2008)); *Gonzalez v. Sarreck*, No. 08 Civ. 3661, 2011 WL 5051341, at *19 (S.D.N.Y. Oct. 24, 2011) (dismissing new claims asserted in opposition papers to motion to dismiss). In determining whether to dismiss Plaintiffs' Complaint, this Court should consider only allegations made in the Complaint.

      **B.**      **The Remaining Counts Should be Dismissed for Failure to State a Claim**

      9.      The Remaining Counts should be dismissed under Federal Rule 12(b)(6), applicable here pursuant to Bankruptcy Rule 7012, for failure to state a claim upon which relief can be granted. Plaintiffs point in their Opposition to outdated and inapplicable pleading standards (predating *Twombly* and *Iqbal*) in a last-ditch effort to survive the Debtors' Motion to Dismiss. *See* Opp. ¶¶ 18-19. However, it is not the law today that "[a] motion to dismiss for failure to state a claim may be granted only in the clearest cases and, must be denied when additional facts are required before ultimate judgement may be arrived at." *Id.* ¶ 19 (citing *Swartz v. Eberly*, 212 F. Supp. 23 (E.D. Pa. 1962)). As the Debtors argue in their Motion to Dismiss, Plaintiffs' Complaint must allege "enough facts to state a claim for relief that is plausible on its face." Debtors' Mot. ¶ 18 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016)). Moreover, as Plaintiffs acknowledge, Federal Rule of Civil Procedure 9(b) requires that allegations of fraud or mistake be pleaded with

4

particularity. Opp. ¶ 20. Here, Plaintiffs fail to satisfy the pleading requirements of Rules 12(b)(6) and 9(b). Accordingly, the Court should dismiss the Remaining Counts.

      **1.**    **Plaintiffs' Opposition Does Not Salvage Plaintiffs' Claim for Breach of Express Trust (Count II)**

10.    Plaintiffs' Opposition fails to salvage Plaintiffs' doomed claim for breach of an express trust. Plaintiffs—notwithstanding the new and improper allegations asserted in their Opposition—have failed to allege (a) the intent to create an express trust or (b) the existence of an ascertainable trust res. Accordingly, under Illinois law, the Court must dismiss Plaintiffs' claim for breach of an express trust.

      **a.**    **Plaintiffs Have Failed to Allege Intent to Create an Express Trust**

11.    The Complaint fails to allege the creation of an express trust. "Illinois law clearly states that the intent to create an express trust must be evidenced by ***all*** parties to the transaction." *Estate of Wilkening v. Nicholson*, 441 N.E.2d 158, 164 (Ill. App. 1982) (citations omitted) (emphasis added). Further, "the primary focus in determining the existence of a trust must be the intent of the settlor to establish a trust ***at the time of the creation of the alleged trust***." *Eychaner v. Gross*, 779 N.E.2d 1115, 1132 (Ill. 2002) (citation omitted) (emphasis added). Here, Plaintiffs have failed to allege that they or the Debtors ever manifested the intent to form a trust. Because they have failed to allege that all parties to the transaction intended to form a trust, their claim for breach of express trust must fail. *See Estate of Wilkening*, 441 N.E.2d at 164 (finding no creation of express trust where all parties did not demonstrate the requisite intent to create a trust).

12.    Plaintiffs have failed to allege the creation of an express trust ***notwithstanding*** Plaintiffs' new and improper allegations that, in remitting payment to Sears for

5

goods they had purchased, ***consumers*** "manifested the intent to create a trust."[3]  Opp. ¶ 27. Plaintiffs allege that "***per the terms of the [Sears] Agreement***, an express trust existed between Sears and the Plaintiffs."  Compl. ¶ 88 (emphasis added).  However, nowhere in the Complaint do Plaintiffs allege that consumers were party to, or even aware of, the Sears Agreements pursuant to which the express trust was allegedly created.  Indeed, nowhere in the Complaint do Plaintiffs allege that consumers were even aware of Plaintiffs' existence.  If consumers, the alleged settlors, were not even party to the agreements that formed the alleged trust or were not even aware of the existence of the beneficiary of the alleged trust, it is wholly implausible that they could have manifested the intent to form the trust "at the time of the creation of the alleged trust" as required under Illinois law.  *See Eychaner*, 779 N.E.2d at 1132.

13.    Further, while it is certainly plausible that consumers intended to purchase and receive goods from the Debtors, Plaintiffs do not (and cannot) offer a cognizable explanation of how purchasing, for example, a sewing machine on www.sears.com manifests an intention to create an express trust on behalf of an e-marketplace seller.  *See id.* at 1132 ("No trust will arise unless there is an ***outward expression*** of the settlor's intention at the time of the trust's purported creation.") (emphasis added).  It is simply not plausible that a consumer who purchases a sewing machine on www.sears.com intends to create a trust.  The consumer intends to buy a sewing machine—nothing more.

---

[3] The Court should not consider Plaintiffs' new allegations in adjudicating the Debtors' Motion to Dismiss, but the Debtors nevertheless address them here out of an abundance of caution and subject to and without waiving their argument that a Complaint may not be amended by briefs in opposition to a motion to dismiss.

6

### b. Plaintiffs Have Failed to Allege the Existence of an Ascertainable Res

14. As discussed in the Debtors' Motion to Dismiss, Plaintiffs have not alleged the existence of an ascertainable trust res. Their new allegations in the Opposition—that "there was no agreement that the Debtors were allowed to commingle the trust property with non-trust property"— are irrelevant. *See* Opp. ¶ 31. What is relevant is that the Sears Agreements do not **prohibit** the commingling of funds. *See, e.g.*, *LFD Operating, Inc. v. Ames Merchandising Corp. (In re Ames Dep. Stores, Inc.)*, 274 B.R. 600, 623 (Bankr. S.D.N.Y. 2002) ("[I]f a recipient of funds is not prohibited from using the funds as his own and the recipient is not prohibited from commingling the funds with his own monies, a debtor-creditor relationship, not a trust relationship, exists."). In the absence of a prohibition on commingling of funds there is only a debtor-creditor relationship. *Id.* There can be no express trust. *Id.*

15. In sum, Plaintiffs have failed to allege "enough facts to state a claim for relief that is plausible on its face," and Count II must be dismissed. *Iqbal*, 556 U.S. at 697.

### 2. Plaintiffs' Opposition Does Not Salvage Plaintiffs' Claim for the Imposition of a Constructive Trust (Count IV)

16. As fully set forth in the Debtors' Motion to Dismiss, Plaintiffs have failed to adequately allege the wrongdoing that would justify the extraordinary remedy of imposition of a constructive trust. Debtors' Mot. ¶¶ 25-30. In their Opposition, Plaintiffs refer to statements made by Brian Carr as "perhaps fraudulent[,] depending upon what Brian Carr knew at the time he made them," and then assert that "what he knew" can only be "ferreted out in discovery." Opp. ¶ 38. In other words, Plaintiffs admit that they have not alleged that Mr. Carr's statements were fraudulent but nevertheless propose to embroil the Debtors in a costly fishing expedition in the hopes of "ferreting out" information that might support Plaintiffs' implausible claims—at the expense of the Debtors' limited resources and to the detriment of the Estate's other creditors. *See*

7

*id.* Moreover, the Plaintiffs have not alleged that Mr. Carr or the Debtors intended to defraud them as required to plead fraud. *See Harbinger Capital Partners LLC v. Ergen (In re LightSquared Inc.)*, 504 B.R. 321, 349 (Bankr. S.D.N.Y. 2013) ("[A plaintiff] must allege facts that are at least suggestive of intent to defraud."). Plaintiffs' baseless and speculative allegations of fraud are insufficient under the heightened standard of Fed. R. Civ. P. 9(b) and cannot support a claim for the imposition of a constructive trust. *See id.* at 335.

17. Plaintiffs further acknowledge that promises of future payment, such as those allegedly made by Mr. Carr, are not actionable as fraud in Illinois. Opp. ¶ 42 (citing *Advent Elects., Inc. v. Buckman*, 918 F. Supp. 260, 264 (N.D. Ill. 1996)). Thus, in an eleventh-hour attempt to resurrect their constructive-trust claim, Plaintiffs assert new allegations that Mr. Carr's communications were part of a "scheme or device to accomplish fraud" and therefore warrant this Court's application of the "scheme exception." *See* Opp. ¶ 42. As discussed above, Plaintiffs did not assert any allegations relating to a scheme to defraud in their Complaint; accordingly, the Court should not consider them. If the Court were to consider the new allegations, however, it should conclude that Plaintiffs have alleged no specific facts demonstrating the existence of a scheme to defraud. Plaintiffs' new allegations are both conclusory and frivolous, and cannot withstand the Debtors' Motion to Dismiss. Accordingly, Count IV of the Complaint, seeking the imposition of a constructive trust, must be dismissed.

### 3. Plaintiffs' Opposition Does Not Salvage Plaintiffs' Claim for Conversion (Count V)

18. Plaintiffs' Opposition conclusorily states that "[t]he Claim for conversion arises out of the same conduct as the claims for an express trust (Claim II) or constructive trust (Claim [IV])." Opp. ¶ 49. As detailed in the Debtors' Motion to Dismiss, Plaintiffs' claim for

conversion arises out of the very same conduct as does Plaintiffs' doomed contract claims, and the Court should dismiss it on those grounds alone. Debtors' Mot. ¶ 31.

19.     Plaintiffs allege that they should be able to recover for conversion because of "Sears' duty as a trustee with a fiduciary duty to protect the consumer funds *if a constructive trust is recognized here*, which would be independent of the express contract." Opp. ¶ 51 (emphasis added). This allegation—that the fiduciary duty owed to Plaintiffs is derived from a not-yet-imposed constructive trust—flies in the face of binding precedent (and logic). A fiduciary duty does not arise out of the future recognition of a constructive trust; rather, courts may impose a constructive trust if they believe a defendant has breached a *preexisting* fiduciary duty. *See, e.g.*, *Suttles v. Vogel*, 533 N.E.2d 901, 904 (Ill. 1988) (noting that a constructive trust is generally imposed "where there is a fiduciary duty and a subsequent breach of that duty."). Plaintiffs cannot base their conversion claim on a nonexistent fiduciary duty arising out of a not-yet-imposed constructive trust.

20.     As detailed in the Debtors' Motion to Dismiss, Plaintiffs have alleged no independent duty owed to them by the Debtors that arises outside the context of the Sears Agreements. Debtors' Mot. ¶¶ 32-33. Accordingly, Count V, their claim for conversion, must be dismissed as barred by the economic loss doctrine.

### III. CONCLUSION

21. For all of the foregoing reasons, this Court should dismiss Plaintiffs' Complaint with prejudice. Plaintiffs' allegations fail to state claims upon which relief can be granted. *Jordan*, 91 F. Supp. 3d at 500 (dismissing claims with prejudice where original claims and new claims pleaded in an opposition failed to state a claim). Granting leave to amend the Complaint would be futile.

Dated: March 20, 2020
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Jared Friedmann
Sunny Singh

*Attorneys for Debtors and Debtors in Possession*