WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

### NOTICE OF FILING OF STIPULATION AND AGREEMENT BY AND BETWEEN DEBTORS AND BROE REAL ESTATE GROUP RESOLVING BROE REAL ESTATE GROUP'S OBJECTION TO DE MINIMIS ASSET SALE OF DEBTORS' MEMBERSHIP INTEREST IN CLAYTON STREET ASSOCIATES, LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that on February 24, 2020, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Notice of De Minimis Asset Sale for Membership Interest in Clayton Street Associates, LLC* (ECF No. 7335).

**PLEASE TAKE FURTHER NOTICE** that on March 11, 2020, Broe Real Estate Group ("**Broe**") filed the *Objection of Broe Real Estate Group to the Debtors' Proposed De Minimis Asset Sale of Their Membership Interest in Clayton Street Associates, LLC* (ECF No. 7430).

**PLEASE TAKE FURTHER NOTICE** that the Debtors and Broe entered into the *Stipulation and Agreement By and Between Debtors and Broe Real Estate Group Resolving Broe Real Estate Group's Objection to De Minimis Asset Sale of Debtors' Membership Interest in Clayton Street Associates, LLC* (the "**Stipulation**"), a copy of which is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Stipulation at the hearing to be held on **March 25, 2020 at 10:00 a.m. (Eastern Time)**, before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140.

Dated: March 23, 2020
      New York, New York

    /s/ *Jacqueline Marcus*
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh

    *Attorneys for Debtors*
    *and Debtors in Possession*

# Exhibit A

## Stipulation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
        Debtors.[1]                                         :    (Jointly Administered)
                                                            :
------------------------------------------------------------X

**STIPULATION AND AGREEMENT BY AND
BETWEEN DEBTORS AND BROE REAL ESTATE GROUP RESOLVING
BROE REAL ESTATE GROUP'S OBJECTION TO DE MINIMIS ASSET SALE OF
DEBTORS' MEMBERSHIP INTEREST IN CLAYTON STREET ASSOCIATES, LLC**

This stipulation and agreement (the "**Stipulation**") is entered into as of March 23, 2020, by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and Broe Real Estate Group ("**Broe**", and together with the Debtors, the "**Parties**"), to resolve the *Objection of Broe Real Estate Group to the Debtors' Proposed De Minimis Asset Sale of Their*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Membership Interest in Clayton Street Associates, LLC* (ECF No. 4730) (the "**Objection**")[2] with respect to the *Notice of De Minimis Asset Sale for Membership Interest in Clayton Street Associates, LLC* (ECF No. 7335) (the "**Sale Notice**"). The Parties hereby stipulate and agree as follows:

## RECITALS

**I.  Procedural History**

A.  On October 15, 2018, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

B.  The Debtors operate their businesses and maintain their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

D.  On November 21, 2018, the Court entered an *Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* (ECF No. 856) (the "**De Minimis Asset Procedures Order**").

E.  On October 7, 2019, the Debtors filed a *Notice of Filing of (I) Revised Notice of Administrative Expense Claims and Consent Program and Opt-In/Opt-Out Procedures, (II) Revised Ballot to Opt-In to Administrative Expense Claims Consent Program and (III) Revised Ballot to Opt-Out of Administrative Expense Claims Consent Program* (ECF No. 5334) (the "**Administrative Expense Claims Consent Program**"), proposing a settlement program for Administrative Expense Claims.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Confirmation Order (each, defined below), as applicable.

2

F.      On October 15, 2019, the Court entered an order confirming the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5139) (the "**Plan**") and approving the Administrative Expense Claims Consent Program (ECF No. 5370) (the "**Confirmation Order**").

G.      Pursuant to the De Minimis Asset Procedures Order, on February 24, 2020, the Debtors filed the Sale Notice, with an objection deadline of March 4, 2020 at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**").

## II.    The Proposed Sale and Indication of Interest

H.      In the Sale Notice, the Debtors proposed to sell or transfer certain assets of the Debtors (the "**Assets**") to NP, Inc. (the "**Purchaser**") pursuant to a Member Interest Purchase Agreement (including all attachments thereto, the "**Initial Purchase Agreement**"). The Assets consist of five hundred (500) Voting Capital Units in Clayton Street Associates, LLC (the "**Company**"). The Debtors sought to sell the Assets to the Purchaser for $37,500.00 in cash, plus twenty percent (20%) of the net proceeds arising from a Company Change of Control (as defined in the Initial Purchase Agreement) (the "**Purchase Price**").

I.      On February 25, 2020, Broe contacted the Debtors' counsel to express an interest in purchasing the Assets and requested an extension of the Objection Deadline for purposes of submitting a higher and better bid for the Assets. On March 4, 2020, Debtors agreed to extend the Objection Deadline for Broe to March 11, 2020 at 4:00 p.m. (Eastern Time). During that time, Broe and the Debtors' financial advisor, M-III Partners, discussed the terms of Broe's competing offer. As part of those discussions, the Debtors agreed, subject to consent by the Creditors' Committee and Court approval, to provide Broe an allowed claim for its time and expense in an

3

amount not less than $50,000.00 (the "**Expenses**") if Broe was ultimately unsuccessful in acquiring the Assets. On March 11, 2020, Broe timely filed its Objection.

J.  In its Objection, Broe stated that it was willing and able to make a competitive offer for the Assets and provide the Debtors with significantly more value for the Assets than was contemplated in the Initial Purchase Agreement. Broe offered an increased purchase price of $1,125,000.00 for the Assets (the "**Bid**"). *See* Objection, ¶ 7. Included in the Bid was Broe's request for payment of the Expenses in the event that Broe was not ultimately selected as the successful purchaser of the Assets.

K.  Subsequently, the Debtors entered into negotiations with both the Purchaser and Broe. As a result of such negotiations, and consistent with the terms of the Company's operating agreement, the Purchaser offered to match Broe's offer (the "**Purchaser's Revised Bid**"). The Debtors promptly advised Broe that Purchaser exercised its right to match Broe's offer for the Assets and the Debtors accepted the Purchaser's Revised Bid and requested that Broe withdraw the Objection. Broe informed the Debtors that it would agree not to pursue its Objection, but requested payment of the Expenses as previously agreed to between the Parties.

L.  In light of the significant increase to the Purchase Price that was a direct result of Broe's time and expense in submitting its Bid, the Debtors believe that payment of the Expenses, subject to the terms of the Administrative Expense Claims Consent Program, is reasonable and have agreed to provide Broe with an Allowed Administrative Expense Claim, as set forth below. The Creditors' Committee was consulted prior to entry of this Stipulation and has no objection to the terms provided herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY**

**STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until it is approved by the Court (the "**Effective Date**").

2. Broe shall have an Allowed Non Opt-Out Settled Admin Claim pursuant to the Administrative Expense Claims Consent Program in the amount of $50,000.00 (the "**Allowed Claim**"), which shall be subject to the 80% recovery cap under the Administrative Expense Claims Consent Program.

3. The Debtors shall make distributions to Broe on account of the Allowed Claim in accordance with the Administrative Expense Claims Consent Program.

4. Upon the Effective Date, the Objection shall be deemed withdrawn and, in accordance with the De Minimis Asset Procedures Order, the Debtors shall be authorized to close the sale of the Assets with the Purchaser, based upon the Purchaser's Revised Bid.

5. Upon the Effective Date, the Parties for themselves and, as applicable, any and all officers, directors, parent company, subsidiaries, affiliates, heirs, successors and/or assigns does hereby release, remise, quitclaim and forever completely discharge each other (collectively, the "**Released Parties**") from any and all causes of action and any other debts, obligations, rights, suits, damages, actions, derivative claims, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, in law, at equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or after the Effective Date, arising from or related in any way to the Assets, the Sale Notice, and the Objection.

6. Each person who executes this Stipulation represents that he or she is counsel for his or her respective client and is executing this Stipulation on behalf of and with the authority of his or her respective client. The Parties have each cooperated in drafting this Stipulation. Therefore, in any action or proceeding concerning this Stipulation, the provisions hereof shall be construed as if jointly drafted by the Parties.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation. The delivery by facsimile transmission or other electronic transmission of any signature on this Stipulation shall be a valid signature as of the transmission thereof.

8. Neither this Stipulation nor any of its terms may be modified, altered, amended or waived, except in writing signed by the Parties hereto.

9. This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties hereto and their respective successors and assigns and no third party rights shall be created hereunder.

10. The Parties are authorized to take all actions they deem necessary to effectuate the relief granted in this Stipulation.

11. Notwithstanding the provisions of Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure or any applicable provisions of this Court's Local Rules, this Stipulation shall be deemed effective and in full force and effect on the Effective Date.

12. In the event that this Stipulation is not approved by the Court or is not executed by all the Parties: (i) nothing herein shall be used against any of the Parties hereto for any reason; and (ii) the obligations of the Parties under this Stipulation shall be null and void, and with the

exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Stipulation.

13.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the Parties, by their undersigned counsel, have executed this Stipulation and order as of the date set forth below.

Dated: March 23, 2020

By:
/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Counsel for Debtors*
*And Debtors in Possession*

Dated: March 23, 2020

By:
/s/ John D. Beck
HOGAN LOVELLS US LLP
John D. Beck, Esq.
Eric L. Einhorn, Esq.
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
john.beck@hoganlovells.com
eric.einhorn@hoganlovells.com

*Counsel for Broe Real Estate Group*

**SO ORDERED:**

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE