UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re: | : Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | : Case No. 18-23538 (RDD) |
| Debtors.[1] | : (Jointly Administered) |

**MOTION OF TOWNLEY, INC.
FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM**

Townley, Inc, ("Townley"), hereby files this motion (the "Motion") for allowance of an administrative expense claim, pursuant to 11 U.S.C. § 503(b)(1)(A), for goods provided to or for the benefit of the Debtors on or after the Petition Date (defined herein). To the extent the Court determines to ultimately schedule this Motion for a hearing and consider it for entry of an Order, Townley requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"). In support of this Motion, Townley respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicates for the relief requested herein are in sections 105 and 503(a) and (b) of Title 11 of the United States Code (the "Bankruptcy Code").

## II. INTRODUCTION

3. Post-petition, Townley provided various goods and products to one or more of the Debtors (defined herein), including to Kmart Corporation and Sears.

4. Although Townley provided valuable goods and products, which the Debtors subsequently sold (either directly to consumers, or to the Debtors' purchaser, Transformco), Townley was never paid for such goods. Accordingly, Townley files this motion for allowance of an administrative expense claim.

5. Under the confirmed Modified Second Amended Joint Chapter 11 Plan of the Debtors [Docket Nos. 4476, 5370] ("the Plan"), all hearings for a then-pending and subsequently filed administrative expense requests are adjourned until further notice. Accordingly, this Motion is filed seeking allowance, though a hearing is not being requested at this time, unless and until the Court determines that a hearing can and should be scheduled on this Motion.

## III. BACKGROUND

**A.    The Debtors' Bankruptcy Cases**

6. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation, together with various affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

7. The Debtors' cases are being jointly administered. The Debtors continue in the management and operation of their businesses as debtors-in-possession pursuant to sections

1107 and 1108 of the Bankruptcy Code.

### B.  The Post-Petition Goods

8.  Post-petition, the Debtors ordered products from Townley and Townley shipped to the Debtors a total of $312,353.16 of such goods. The Debtors have not paid Townley for these goods. Attached hereto as **Exhibit B** is a schedule of all post-petition invoices, including the invoice numbers, dates, and respective amounts.

9.  Pursuant to the Plan, all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors/the Liquidating Trust and the subject claimant, subject to the Court's availability, and such motions seeking allowance of administrative expense claims (already filed or subsequently filed) are to be treated as "proof of an Administrative Expense Claim." *See* Confirmation Order [Docket No. 5370], ¶ 51.

### IV.  BASES FOR ALLOWING OF AN ADMINISTRATIVE EXPENSE CLAIM

10.  Section 503(b) of the Bankruptcy Code provides, in relevant part, that:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . . .

11 U.S.C. § 503(b)(1)(A).

11.  The test to determine whether an applicant is entitled to payment of an administrative expense is whether the efforts of the applicant resulted in actual benefit to a debtor's estate. *See, e.g.*, In re CIS Corp., 142 B.R. 640, 642 (S.D.N.Y. 1992) (stating that "[although] Section 503(b)(1)(A) does not fully define 'necessary expenses,' the phrase 'including' is not limiting," and citing 3 Collier on Bankruptcy ¶ 503.04[1] (15th ed. 1989) for the proposition that "administrative expenses can also include 'costs of operating a business, for storage of property, for rent, for taxes and other costs incidental to protection and conservation'").

12. After the Petition Date, Townley supplied goods to the Debtors, which were either sold by the Debtors directly to their customers or to Debtors' purchaser, Transformco, pursuant to a Court-approved sale. In either case, a direct benefit was realized by the Debtors and their estates as a result of the goods Townley supplied to the Debtors. Townley is thus entitled to an administrative expense claim in the amount of $312,353.16, pursuant to Section 503(b) of the Bankruptcy Code.

13. Pursuant to the Confirmation Order and the Plan, this Motion is to be treated as a proof of an administrative expense claim. *See* Confirmation Order, ¶ 51. Furthermore, considering the requirement that all hearings be adjourned until such time as a hearing is required, and scheduled at the convenience of the Liquidating Trust/Debtors, the claimant, and the Court, Townley is not requesting a hearing be conducted on this Motion at this time.

## V. RESERVATION OF RIGHTS

14. Townley reserves the right to amend this Motion, or any of the claims asserted in the Debtors' cases, for any reason, including, without limitation, to the extent Townley learns: (i) of additional claims that it may have; (ii) that its claims are against a different debtor-entity; or (iii) that the nature of the claims is other than what Townley has already asserted. Nothing herein is intended to be, nor should it be, construed as a waiver of any of Townley's rights or defenses.

## VI. NOTICE AND NO PRIOR RELIEF REQUESTED

15. Notice of this Motion will be served on the Debtors, Transformco, and the "Master Service List" as those terms are defined in the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405], and in the manner provided therein. Townley respectfully submits that no other or further notice need be provided.

16. No previous application or request was made to this or any other Court

regarding the relief requested in this Motion.

## VII. CONCLUSION

WHEREFORE, Townley respectfully requests that, to the extent the Court determines that a hearing may be scheduled and/or that the Court may enter an Order allowing the within Motion, that the Court enter an Order, substantially in the same form as that attached as Exhibit A, granting Townley an allowed administrative expense claim in the amount of $312,353.16, pursuant to Section 503 of the Bankruptcy Code and providing for such other and further relief as it deems just and proper.

DATED: March 26, 2020  Respectfully submitted,

*/s/ Jason L. Libou*
Jason L. Libou, Esq.
**Wachtel Missry LLP**
885 Second Avenue, 47th Fl.
New York, New York 10017
212-909-9535
jlibou@wmllp.com

*Attorney for Claimant,*
*Townley, Inc.*