COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                                    PLYMOUTH SUPERIOR COURT
                                                                 CIVIL ACTION NO.

---

THE ESTATE OF BERNARDINO BILL PELLEGRINO,

GLORIA PELLEGRINO, DONNA PELLEGRINO,

AND DAVID PELLEGRINO

Plaintiff

vs.

HUSQVARNA GROUP, KOHLER ENGINES,

CRAFTSMAN, AND SEARS HOLDINGS CORPORATION

A/K/A SEARS ROEBUCK & COMPANY

Defendants



---

### VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

#### Introduction

#### Parties

1. Plaintiff the Estate of Bernardino Bill Pellegrino, personal representative Donna Pellegrino, in Plymouth County Family & Probate Court brought on behalf other statutory beneficiaries and the estate pursuant to Mass. Gen. Laws Part III, Title II, chapter 229 § 2, the Massachusetts Wrongful Death Statute.

2. Plaintiff Gloria Pellegrino is a resident of Plymouth County, Massachusetts, and is the wife of the deceased Bernardino Bill Pellegrino ("Decedent".) She brings this action on behalf of herself, other statutory beneficiaries and the estate pursuant to Mass. Gen. Laws Part III, Title II, chapter 229 § 2, the Massachusetts Wrongful Death Statute.

3. Plaintiff and personal representative of the Estate of Bernardino Bill Pellegrino, Donna Pellegrino, is a resident of Plymouth County, Massachusetts, and is the daughter of the deceased Bernardino Bill Pellegrino ("Decedent".) She brings this action on behalf of herself, other statutory beneficiaries and the estate pursuant to Mass. Gen. Laws Part III, Title II, chapter 229 § 2, the Massachusetts Wrongful Death Statute.

4. Plaintiff David Pellegrino is a resident of the State of Virginia and is the son of the deceased Bernardino Bill Pellegrino ("Decedent".) He brings this action on behalf of himself, other statutory beneficiaries and the estate pursuant to Mass. Gen. Laws Part III, Title II, chapter 229 § 2, the Massachusetts Wrongful Death Statute.

5. Defendant Husqvarna Group, is a business located at 9335 Harris Corners Pkwy #500, Charlotte, NC 28269.

6. Defendant Kohler Engines is a business located at 44 Highland Dr., Mail Stop 097, Kohler, Wisconsin 53044.

7. Defendant Sears Holdings Corporation a/k/a Sears, Roebuck & Company, is a business located at 3333 Beverly Road, Hoffman Estates, IL 60179.

8. Defendant Craftsman, is a business located at 701 East Joppa Road Magnolia, Towson, MD 21286.

9. There are Defendant persons and entities whose true identities are unknown to Plaintiff, who together with named Defendants contributed to causing the harms, losses and damages described in this Complaint. Plaintiffs will amend their Complaint when the true names of those Defendants become known.

## JURISDICTION

10. Jurisdiction and venue are proper as the events giving rise to Plaintiffs' Complaint occurred in Plymouth County, Massachusetts and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

## FACTUAL BACKGROUND

11. On April 24, 2017 Mr. Bernardino Pellegrino's lawnmower caught on fire and set him on fire.

12. Mr. Pellegrino's wrongful death which occurred on the side of the house under the deck at 4 Beaver Village Way, E. Bridgewater, MA 02333.

13. According to the Fire Department report, Mr. Pellegrino ran around to the front stairs, told his wife there was a fire, and to call the police.

14. Then Mr. Pellegrino ran to the side of his house where the lawnmower was burning under his raised deck, and attempted to put out the fire.

15. The fire department report stated "Investigation found the fire was started as a riding lawnmower fire. The fire ignited the victim's clothing. The lawnmower was underneath the deck, which ignited and caught the single family home on fire."

16. Mr. Pellegrino perished in flames in his backyard at 4 Beaver Village Way, E. Bridgewater, MA 02333.

## COUNT I – NEGLIGENCE

17. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

18. At all relevant times, all Defendants owed Decedent a duty of care to provide a safe riding lawnmower free of defect.

19. Defendants breached their duty of care owed to Decedent when Defendants designed a lawnmower defectively so that it was apt to catch on fire, as described in this Complaint, in which Decedent was injured and ultimately died. Said accident, injuries and resultant death were caused solely by the negligence, tortious conduct and wrongdoing of Defendants without any negligence or contribution on the part of the Decedent.

20. As the direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Decedent sustained serious injuries that resulted in death.

21. As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Plaintiffs Donna Pellegrino and David Pellegrino suffered the death of their father Bernardino Bill Pellegrino and experienced severe emotional distress due to the death of their beloved father.

22. As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Plaintiff Gloria Pellegrino suffered the death of her husband and experienced severe emotional distress due to the death of her husband.

23. As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing that resulted in Decedent's death, Plaintiffs Gloria Pellegrino, Donna Pellegrini, and David Pellegrino have been deprived of love, care, affection, companionship, support, financial support and other benefits and pleasures of their father.

24. As a direct and proximate result of Defendant's negligence, tortious conduct and wrongdoing, Plaintiffs Gloria Pellegrino, Donna Pellegrini, and David Pellegrino suffered the death of their family member and experienced severe emotional distress due to Decedent's death.

## COUNT II – WARRANTY OF MERCHANTABILITY

25. Plaintiffs incorporate by reference all prior allegations contained in this Complaint.
26. At all relevant times, Defendants owed a duty to comply with applicable statutes, regulations, and rules related to product design in the State of Massachusetts.
27. Defendants designed and/or built a riding lawnmower that was defective.
28. The riding lawnmower was defective because its gas line came loose leaking gas onto the lawnmower and surrounding area which caught fire when the deceased tried to start the ignition.
29. The Defendants breached the warranty of merchantability because the lawnmower had a design defect and/or was constructed defectively so that the lawnmower was not merchantable and should not have been made available to the public because it could catch fire and cause catastrophic death by fire.
30. As a direct and proximate result of Defendant's breach of the warranty of merchantabilty, Plaintiffs suffered the death of their family member and experienced severe emotional distress due to Decedent's death.

## COUNT III – IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

31. Plaintiffs incorporate by reference all prior allegations contained in this Complaint.

32. At all relevant times, Defendants owed a duty to comply with applicable statutes, regulations, and rules related to product design in the State of Massachusetts.

33. Defendants designed and/or built a riding lawnmower that was defective.

34. The riding lawnmower was defective because its gas line came loose leaking gas onto the lawnmower and surrounding area which caught fire when the deceased tried to start the ignition.

35. The Defendants breached the implied warranty of fitness for a particular purpose because the lawnmower had a design defect and/or was constructed defectively so that the lawnmower was not fit for it particular purpose, which was to start safely and cut grass, but it caught fire and caused catastrophic death by fire.

36. As a direct and proximate result of Defendant's breach of the implied warranty of fitness for a particular purpose, Plaintiffs suffered the death of their family member and experienced severe emotional distress due to Decedent's death.

## COUNT IV – WRONGFUL DEATH

33. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

34. Defendants' negligent product design and/or construction thereof caused the catastrophic death of Decedent.

35. As a consequence of Decedent's death, his wife and children suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced for the rest of their lives.

36. As a further consequence of Decedent's death caused by Defendants, Plaintiff incurred expenses for funeral and burial, medical care and services for the injury that resulted in death, lost wages, loss of earning capacity, and counseling for them and their other immediate family members.

37. As a further consequence of Decedent's death caused by Defendant, Plaintiffs have incurred the loss of consortium, love, affection, companionship, care, protection, and guidance since the death and in the future.

### Count V: Loss of Consortium – Gloria Pellegrino

38. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

39. As a direct result of Defendant's negligence that caused Bernardino Bill Pellegrino's death as described above, Mrs. Gloria Pellegrino has been deprived of her husband's society and companionship, and this deprivation will, with reasonable certainty continue in the future.

### Count VI: Loss of Consortium – Donna Pellegrino

40. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

41. As a direct result of Defendant's negligence that caused Bernardino Bill Pellegrino's death as described above, Mrs. Donna Pellegrino has been deprived of her father's society and companionship, and this deprivation will, with reasonable certainty continue in the future.

### Count VII: Loss of Consortium – David Pellegrino

42. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

43. As a direct result of Defendant's negligence that caused Bernardino Bill Pellegrino's death as described above, Mr. David Pellegrino has been deprived of his father's society and companionship, and this deprivation will, with reasonable certainty continue in the future.

### COUNT VIII - 93A VIOLATION

44. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

45. The Defendants' action described herein constitute a violation of Mass. G. L. ch. 93A, § 11.

46. The Defendants' committed unfair and deceptive business acts by putting a defective product on the market that caused the wrongful death of Mr. Pellegrino.

47. The Defendants' were at all times acting within trade and/or commerce as is contemplated by the statute.

48. As a result of the Defendants' actions the Plaintiffs suffered and continue to suffer harm due to the loss of their father.

49. As a result, the Plaintiff is entitled to treble damages as well as attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment against Defendant as follows:

1. For Plaintiffs' general and special damages;

2. For Plaintiffs' costs incurred in pursuing these claims;

3. For pre- and post-judgment interest to the extent provided by law;

4. For such further relief as the Court deems just and fair.

DATED this 29 day of February, 2020.

**Plaintiff Demands A Jury Trial On All Issues So Triable.**

By her attorney,

Simon B. Mann
BBO 665301
Mann Law Firm, P.C.
200 Highland Ave, Ste 300
Needham, MA 02494
(617) 690-7379

## VERIFICATION

I, Gloria Pellegrino, David Pellegrino, and Donna Pellegrino depose and state under oath that I have read the foregoing Verified Complaint, and that the information stated therein as factual in true, and those factual matters which are stated upon information and belief are believed to be true.

*Gloria Pellegrino* (signature)
Gloria Pellegrino

*David J. Pellegrino* (signature)
David Pellegrino

*Donna Pellegrino* (signature)
Donna Pellegrino

Dated: February 29, 2020