UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
: 
SEARS HOLDINGS CORPORATION, *et al.*, : Case No. 18-23538 (RDD)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------x

### ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon the motions, dated June 12, 2019 (ECF No. 4209) and October 23, 2019 (ECF No. 5484) (the "**Motions**")[2] of Julie Independence Tomchak (the "**Movant**") in the above-captioned chapter 11 cases of Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 362(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") requesting relief from the automatic stay in effect in this case under section 362(a) of the Bankruptcy Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.). (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

(the "**Automatic Stay**") to pursue prepetition claims, all as more fully set forth in the Motions; and upon the Debtors' objection dated March 18, 2020 (ECF No. 7475); and the Court having jurisdiction to decide the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), consideration of the Motions and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on the Motion on March 25, 2020 (the "**Hearing**"), at which the Movant appeared, *pro se*, and the Debtors appeared by counsel; and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, good and sufficient cause appearing for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted solely to the extent necessary to allow the Movant to pursue a direct cause of action, if any, against the Debtors' applicable insurer and/or its agent for wrongful denial of coverage.

2. All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Movant from any act to collect, assess, or recover a prepetition claim from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Any such violation of the Automatic Stay would constitute willful contempt subject to sanction.

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: March 27, 2020
      White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE