**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDING CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

------------------------------------------------------------------------x

**SECOND STIPULATION AND
ORDER REGARDING THE REPORT OF THE
CONSUMER PRIVACY OMBUDSMAN (GLOBAL ASSET SALE TRANSACTION)**

This *Stipulation and Order Regarding the Report of the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "**Stipulation**"), by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

1

chapter 11 cases (collectively, the "**Debtors**"), Elise S. Frejka as the Consumer Privacy Ombudsman,[2] and Buyer as of this 13th day of March, 2020.

WHEREAS, on February 4, 2019, the Ombudsman filed the *(Corrected) Report of the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "**CPO Report**"), to assist the Bankruptcy Court in in its consideration of the facts, circumstances, and conditions of the proposed sale (the "**Global Asset Sale**") of substantially all of the assets of the Debtors to Buyer pursuant to the Asset Purchase Agreement dated as of January 17, 2019 (as amended from time to time);

WHEREAS, the CPO Report provided *inter alia* that "The Ombudsman proposes, and [Buyer] has agreed, to work with the Ombudsman to implement [the procedures in the CPO Report] over the next six (6) months, subject to extension" (¶ 49);

WHEREAS, on February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [ECF No. 2507] (the "**Sale Order**");

WHEREAS, on February 11, 2019, the Global Asset Sale was successfully completed;

WHEREAS, on August 20, 2019 the Ombudsman, Debtors and Buyer (the "**Parties**") filed a proposed stipulation to amend the CPO Report, and such stipulation was so ordered by the Bankruptcy Court on August 20, 2019 (ECF No. 4909) (the CPO Report, as amended by such stipulation, the "**Amended CPO Report**"). The Amended CPO Report provided

---

[2] All capitalized terms used but not defined in this Motion shall have the meaning set forth in the Sale Order (as defined herein).

2

*inter alia* that "The Ombudsman proposes, and [Buyer] has agreed, to work with the Ombudsman to implement [the procedures in the CPO Report] over the next twelve (12) months, subject to extension" (¶ 49);

WHEREAS, Buyer has made significant progress in implementing the recommendations in the Amended CPO Report, including purging credit card data not permitted to be transferred as part of the Global Asset Sale, updating its privacy policies to include the Required Notice (as defined below), posting the Required Notice to online accounts of registered users of Sears.com and Kmart.com, sending the Required Notice to consumers via email in accordance with the recommendations agreed with the Ombudsman (and described further below), and de-identifying video, video game and DVD titles from Shop Your Way profiles and other transaction histories;

WHEREAS, the Parties have concluded that, given the complexity of the data that is the subject of the Ombudsman's recommendations, capacity constraints of Buyer's IT department, and unforeseen challenges related to sending a large volume of emails containing legal notices, additional time and certain modifications to the recommendations are needed to fully implement the Amended CPO Report; and

WHEREAS, the Parties have agreed to extend the time, as contemplated under paragraph 49 of the Amended CPO Report, for implementation of the procedures in the Amended CPO Report, and to modify the recommendations regarding notices to consumers;

**NOW THEREFORE**, based upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby Stipulated and Agreed, and upon Court approval it shall be ordered, as follows:

3

Notwithstanding anything to the contrary herein, the obligations in paragraphs 21, 24, 27 and 33 of the Amended CPO Report to provide notification to consumers that (i) the Global Asset Sale has occurred, (ii) Personally Identifiable Information (as defined in the Amended CPO Report) has been transferred to Buyer as part of the Global Asset Sale and (iii) Buyer will adhere to a privacy policy that is at least as protective of consumer privacy as the privacy policy of Debtors (clauses (i), (ii) and (iii) collectively, the "Required Notice"), may be satisfied by taking the following actions: (a) sending email notifications with the Required Notice to consumers who have opted into receiving emails and opened at least one email since March 1, 2017 from any of the businesses transferred to Buyer as part of the Global Asset Sale, (b) sending email notifications with the Required Notice to consumers who have, since March 1, 2019, transacted with any of the businesses transferred to Buyer as part of the Global Asset Sale, to the extent email addresses for such consumers are available, (c) including the Required Notice in a notification that will appear in the online accounts of consumers who have online accounts with any of the businesses transferred to Buyer as part of the Global Asset Sale, and (d) including the Required Notice in the privacy policy for all businesses transferred to Buyer as part of the Global Asset Sale. Furthermore, the time period during which Buyer will work with the Ombudsman to take the actions in clauses (a), (b), (c) and (d) shall be extended to March 31, 2020 and the time period during which Buyer will work with the Ombudsman to implement the remaining recommendations in the Amended CPO Report shall be extended to May 29, 2020. Therefore, paragraph 49 of the Amended CPO Report shall be amended as shown in **Exhibit 1** hereto, to read as follows:

49. The implementation of the recommendations contained in this Report will not be complete as of the date of the closing of the Global Asset Sale due to the volume of Personally Identifiable Information implicated and the multiple databases impacted. The Ombudsman proposes, and the Proposed Buyer has agreed, that notwithstanding anything to the contrary herein, the obligations in paragraphs 21, 24, 27 and 33 herein to provide notification to consumers that: (i) the Global Asset Sale has occurred, (ii) Personally Identifiable Information has been transferred to Proposed Buyer as part of the Global Asset Sale and (iii) Proposed Buyer will adhere to a privacy policy that is at least as protective of consumer privacy as the privacy policy of Debtors (clauses (i), (ii) and (iii) collectively, the "Required Notice"), may be satisfied by taking the following actions: (a) sending email notifications with the Required Notice to consumers who have opted into receiving emails and opened at least one email since March 1, 2017 from any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, (b) sending email notifications with the Required Notice to consumers who have, since March 1, 2019, transacted with any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, to the extent email addresses for such consumers are available, (c) including the Required Notice in a notification that will appear in the online accounts of consumers who have online accounts with any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, and (d) including the Required Notice in the privacy policy for all businesses transferred to Proposed Buyer as part of the Global Asset Sale. Proposed Buyer shall work with the Ombudsman to take the actions in clauses (a), (b), (c) and (d)

of this paragraph by March 31, 2020 and shall work with the Ombudsman to implement the remaining recommendations set forth in this Report by May 29, 2020, subject to extension, and file a certificate of completion with the Bankruptcy Court.

[*Remainder of Page Intentionally Left Blank.*]

                                                  WEIL, GOTSHAL & MANGES LLP

By: /s/ Elise S. Frejka  
     Elise S. Frejka CIPP/US  
     Frejka PLLC  
     *Consumer Privacy Ombudsman*  
     420 Lexington Avenue – Suite 310  
     New York, NY 10170  
     Direct Dial: (212) 641-0800  
     Direct Fax: (212) 641-0820  
     Email: Efrejka@frejka.com

By: /s/ Sunny Singh  
     Ray C. Schrock, P.C.  
     Jacqueline Marcus  
     Garrett A. Fail  
     Sunny Singh  
     *Attorneys for Debtors*  
     *and Debtors in Possession*  
     767 Fifth Avenue  
     New York, NY 10153  
     Telephone: (212) 310-8000  
     Facsimile: (212) 310-8007

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Sean A. O'Neal  
     Sean A. O'Neal, Esq.  
     Luke A. Barefoot, Esq.  
     *Attorneys for Transform Holdco LLC*  
     One Liberty Plaza  
     New York, NY 10006  
     Telephone: (212) 225-2000  
     Facsimile: (212) 225-3999

**SO ORDERED:**

*/s/ Robert D. Drain*  
THE HONORABLE ROBERT D. DRAIN  
UNITED STATED BANKRUPTCY JUDGE

Dated: March 27, 2020  
       White Plains, New York