# EXHIBIT I

A GIFT OF TONGUES, INC.
TRANSLATION SERVICES

## AFFIDAVIT OF TRANSLATOR

I, __Anthony Palomo__ , do hereby state that I am a competent __Spanish__ to __English__ and __English__ to __Spanish__ Certified Court Interpreter, so qualified upon written and oral examinations by the Administrative Office of the U.S. Courts, and likewise certified as a translator upon written examinations in the above language combinations by the American Translators Association, my name being of record both at the A.T.A. Headquarters in Alexandria, Virginia, at the aforesaid Administrative Office of the U.S. Courts in Washington, D.C.

I further state that the translation hereunto attached, to wit:

The Spanish-into-English translation consisting of **THREE (3) PAGES**, corresponding to **§ 1119 LIMITING ACTIONS ON POLICIES; JURISDICTION of TITLE 26. INSURANCE LAWS OF PUERTO RICO ANNOTATED, SUBTITLE 1. INSURANCE GENERALLY, CHAPTER 11. INSURANCE CONTRACT.**

----is true and correct to the best of my knowledge and ability, and that I do have such ability.


STATE OF FLORIDA )
                 )
COUNTY OF DADE   )

Sworn to and subscribed before me by __Anthony Palomo__ , known personally to me, this __26th__ day of __March__ , 2020.


VIVIAN NAVAILLES
MY COMMISSION # GG 343650
EXPIRES: June 11, 2023
Bonded Thru Notary Public Underwriters

**Anthony Palomo**
**U.S. Court Certified Interpreter**
**A.T.A. Certified Translator No. 3168**

9724 N.W. 5th Terrace • Miami, FL 33172 • (305) 854-6949 • www.agiftoftongues.com

26 L.P.R.A. § 1119

LAWS OF PUERTO RICO ANNOTATED, Currentness
  TITLE 26. INSURANCE
    SUBTITLE 1. INSURANCE GENERALLY
      CHAPTER 11. INSURANCE CONTRACT
        **§ 1119 Limiting actions on policies; Jurisdiction**

**26. Laws of Puerto Rico Annotated [L.P.R.A.] § 1119**

(1)   No policy delivered or issued for delivery in Puerto Rico and covering a subject of insurance resident, located or to be performed in Puerto Rico, shall contain any condition, stipulation, or agreement:

(a)   Depriving the insured of right of access to the courts for determination of their rights under the policy in event of dispute.

(b)   Depriving the courts of Puerto Rico of jurisdiction of action against the insurer.

(c)   Limiting right to bring an action against the insurer to a period of less than one year from date cause of action accrues in connection with all insurances other than property and marine and transportation insurances; in property and marine and transportation policies such right shall not be limited to a period of less than one year from the date of occurrence of the event resulting in the loss.

(d)   Requiring that the policy be governed by the laws of any other jurisdiction except as necessary to meet the requirements of motor vehicle financial responsibility laws or compulsory disability benefit laws of such other jurisdiction.

(2)   Any clause or stipulation in an insurance contract or policy that establishes conditions for the insured to bring legal action against the insurer to assert their rights in court to limit the period of time to do so for a period of less than one (1) year, will be null, without such nullity affecting the validity of the other provisions of the policy or contract.

(3)   As long as it does not constitute a waiver of the insured's right to bring legal action before the courts, an appraisal stipulation or valuation clause contained in property insurance policies in the commercial or personal line, which provides that either party may request in writing to submit to a competent and impartial arbitrator the resolution of disputes, regarding the valuation of damages or loss in a claim in which the insurer has accepted that it is covered, shall be valid.

For purposes of this Section, "arbitrator" shall mean an impartial and competent party selected, within the valuation process, to resolve disagreements exclusively related to the value of a loss or damages in one or more items of the claim in property insurance policies, in the commercial or personal line. The arbitrator shall be selected, by mutual agreement, between the appraiser of the insurer and the appraiser of the insured, or, if these not to agree, within a term of fifteen (15) calendar days from the date the valuation process is requested, it will be selected by the Office of the Insurance Commissioner. The arbitrator shall not have the authority to decide coverage controversies or any question of law. The arbitrator's decision in the valuation process shall be binding, when two (2) of the three (3) parties (insured appraiser, insurer appraiser and arbitrator) reach an agreement, without prejudice to the dissatisfied party being able to go to the Court of First Instance to challenge the decision.

The arbitrator's fees shall be paid by the insurer and the insured in equal proportions, and each party shall pay the fees of the appraiser that represents them in the valuation process. The arbitrator must establish his or her fees in writing, specifically each party shall pay the fees regarding the rate (per hour, day or session), before beginning the valuation process.

The Insurance Commissioner shall have the power to adopt the norms and rules that he or she deems necessary to regulate the valuation processes and the suitability and competence criteria of the people who act as arbitrators or appraisers in said process.

(4)    For purposes of direct action by a property owner to recover damages under an insurance policy, a notice of claim to the insurance company or its authorized representative or its authorized general agent constitutes an extrajudicial claim that tolls the statute of limitations applicable to the actions in accordance with Section 5303 of Title 31, even when the claim is a consequence of the impact of Hurricanes Irma and / or Maria of last September 2017.

(5)    For purposes of direct action by a property owner to recover damages under an insurance policy, acceptance of a notice of insurance claim by the insurance company or its authorized representative or its authorized general agent constitutes acknowledgment that tolls the statute of limitations applicable to the actions in accordance with Section 5303 of Title 31, even when the claim is a consequence of the impact of Hurricanes Irma and / or Maria of last September 2017.

(6)    The limitation of the period of time to file a claim or seek protection from the court or from an administrative process, imposed by an insurance policy, is subject to being interrupted by extrajudicial notification, in accordance with Section 5303 of Title 31. Any agreement to the contrary shall be void, even when the claim is a consequence of the impact of Hurricanes Irma and / or Maria from last September 2017.

(7)    The other claims shall be governed by the provisions of Article 27.164.

Insurance Code, Art. 11.190; November 27, 2018, No. 242, Sec. 3.

RECORD. **Amendments-2018.**
The 2018 law amended paragraph (2) in general terms and added paragraphs (3) to (7).

See Laws of Puerto Rico of:
November 27, 2018, No. 242

Saving Clause.
Section 5 of the Law of November 27, 2018, No. 242, provides: 'If any clause, paragraph, subparagraph, sentence, word, letter, article, provision, section, subsection, title, chapter, subchapter, paragraph, or part of this Law [that amended this section] was declared null and void or unconstitutional, said resolution, opinion or sentence to such effect issued shall not affect, harm, or invalidate the remainder of this Law. The effect of said resolution, opinion or sentence shall be limited to the clause, paragraph, subparagraph, sentence, word, letter, article, provision, section, subsection, title, chapter, subchapter, section, or part of this Law that would have been declared null and void or unconstitutional. If the application to a person or to a circumstance of any clause, paragraph, subparagraph, sentence, word, letter, article, provision, section, subsection, title, chapter, subchapter, paragraph, or part of this Law is invalidated or declared unconstitutional, the resolution, opinion or sentence to such effect issued shall not affect or invalidate the application of the remainder of this Law to those persons or circumstances in which it can be validly applied. It is the express and unequivocal will of this Legislative Assembly that the Courts enforce the provisions and the application of this Law to the maximum extent possible, even if any of its parts is superseded, declared null and void, invalidated, harmed or declared unconstitutional, or even if its application to any person or circumstance is superseded, declared

null and void, invalidated, harmed or declared unconstitutional. The Legislative Assembly would have approved this Law regardless of the determination of severability that the Court may make.