# EXHIBIT III

18-23538-shl    Doc 7531-3    Filed 03/27/20    Entered 03/27/20 16:13:03    Exhibit
Exhibit III    Pg 2 of 7

[CERTIFIED TRANSLATION]

**Gen. Accid. Ins. Co. P.R. v. Ramos, 1999 JTS 94 (1999)**
148 D.P.R. 523, 99 TSPR 91

1999 JTS 94, 148 D.P.R. 523, 1999
WL 401511 (P.R.), 99 TSPR 91

GENERAL ACCIDENT INSURANCE COMPANY
OF PUERTO RICO, LTD., plaintiff,
v.
ERWIN RAMOS DÍAZ, defendant
and third-party plaintiff and respondent, and
MYRNA QUIÑONES LÓPEZ ET ALS.,
third-party defendants and petitioners.

In the Supreme Court of Puerto Rico.
*Number:* CC-1998-162

**Synopsis**
PETITION FOR WRIT OF CERTIORARI to review a JUDGMENT by *Guillermo Arbona Lago, Antonio J. Negroni Cintrón* and *Andrés Salas Soler*, Judges of the Circuit Court of Appeals (Regional Circuit VII), which revoked a partial judgment entered by the Court of First Instance, dismissing a third-party complaint on the grounds that the third-party defendant and the plaintiff were not jointly and severally liable and the complaint was time-barred. *The writ of certiorari is issued and the judgment entered by the Circuit Court of Appeals is revoked. The case is remanded to the Court of First Instance for the proceedings to continue in accordance with the opinion.*

*Luis R. Lugo Emanuelli*, attorney for third-party defendant and petitioner; *Héctor H. Pérez Villanueva*, from the *Pérez Villanueva Law Offices*, attorney for plaintiff; *Evaristo Maldonado Rodríguez*, attorney for third-party plaintiff and respondent.

ASSOCIATE JUSTICE MR. FUSTER BERLINGERI issued the Court's opinion.

We must determine whether in a subrogation claim an insurance company and its insured are jointly and severally liable, which would allow a third-party complaint to be filed against the insured by the party who is sued by the insurance company.

**I**

General Accident Insurance Company of Puerto Rico (hereinafter the insurance company) issued a double-interest automobile insurance contract in favor of Myrna Quiñones López, covering her personal vehicle, which was a 1993 Nissan Pathfinder.[1] Pursuant to the terms of the insurance policy of reference, damages to the aforementioned vehicle were insured (collision coverage). Said policy did not include public liability insurance and, therefore, did not cover damages caused by Quiñones López to third parties while she drove her vehicle.

On July 27, 1995, as they drove their respective vehicles on Road No. 992 in Luquillo, Erwin Ramos Díaz and Myrna Quiñones López were involved in a traffic accident. Subsequently, Quiñones *527 López asked her insurance company to compensate her for the damages caused to her vehicle as a result of the accident of reference. In accordance with the insurance contract signed, the insurance company paid Quiñones López the sum of $2,873.81 for the damages of reference.

Pursuant to the payment made and the subrogation clause that was stipulated in the insurance contract executed with Quiñones López, on September 11, 1995, the insurance company informed Ramos Díaz in writing that, according to the investigation that the company had conducted, Ramos Díaz was the party responsible for the traffic accident in question. Thus, it asked him to reimburse the amount that the company had paid for the damages to the insured vehicle. In a letter dated September 26, 1995, Ramos Díaz replied to the communication of reference. He denied any liability whatsoever and took the opportunity to ask the insurance company to pay for the damages to his own automobile, which amounted to $3,108, and for the personal injuries that he and his family allegedly suffered in the accident in question. On September 29, 1995, the insurance company replied to Ramos Díaz's letter of reference and specifically informed him that the policy issued in favor of Quiñones López did not cover the type of claim that Ramos Díaz had submitted. The insurance company clarified to him that Quiñones López did not have a public liability policy with the company and, therefore, the insurance company could not consider his claim.

Given that it had not received a payment, on June 18, 1996, the insurance company, in subrogation of the rights of its insured, filed a complaint for collection of monies against Ramos Díaz. It alleged that the traffic accident that gave rise to the complaint was due to the fault and negligence of Ramos Díaz and that, by virtue of the payment made to Quiñones López and the contract signed with her, the insurance company was subrogated to all of the rights and actions of its insured in relation to the damages *528 caused to her vehicle. Consequently, the insurance company requested reimbursement of the $2,873.81 that it

**Gen. Accid. Ins. Co. P.R. v. Ramos, 1999 JTS 94 (1999)**
148 D.P.R. 523, 99 TSPR 91

had paid to the insured. It also requested compensation for the expenses incurred in the investigation, adjustment, costs and attorney's fees in an amount no less than $500.

On July 3, 1996, Ramos Díaz answered the complaint and denied any fault or negligence in the accident in question. He alleged that the accident was caused by the sole negligence of Quiñones López. On the same date, nearly ten (10) months after the insurance company had informed Ramos Díaz that the policy in dispute did not cover his claim, he filed a counterclaim against the insurance company to judicially seek compensation for the damages that Quiñones López had allegedly caused to his own vehicle. On its part, the insurance company answered the counterclaim, asserting the following defenses: that the action of reference was time-barred; that the action failed to assert facts that would justify granting a remedy; and that an indispensable party had not been joined in the action.

Nearly one year and a half after the date of the traffic accident in question, and within the subrogation claim, on December 9, 1996, Ramos Díaz filed a third-party complaint seeking from Quiñones López, her husband, John Doe, the Conjugal Partnership constituted by them, and insurance company "X," compensation for the damages caused to his vehicle as a result of the traffic accident that took place in July 1995. Timely, the third-party defendants filed a motion, asking the court to dismiss the complaint of reference, asserting that the action against them was time-barred as their defense. They maintained, in what is relevant hereto, that the original complaint was a subrogation claim and since the insurance company and the insured Quiñones López were not jointly and severally liable, the limitations period to file action against them had not been tolled and, consequently, when the third-party complaint **\*529** in question was filed, such period had already expired. They also maintained that the third-party action was not in order because they had not been joined in the lawsuit to be held liable to the third-party plaintiff and that the latter could therefore be liable to the original plaintiff, or to be held liable to such original plaintiff exclusively. On his part, Ramos Díaz opposed the motion to dismiss. He maintained that when the insurance company filed a subrogation claim against a third party, it tolled the limitations period that the third party had to file a claim against the insured.

After holding a hearing, in a partial judgment, the Court of First Instance dismissed the third-party complaint of reference on the grounds that it was time-barred. The Court stated, in what is relevant hereto, that:

[a]lthough [the defendant] entitled the claim "third-party complaint," the allegations contained in the complaint clearly establish that it is a classic torts (damages) action against the third-party defendants for the damages suffered by the [t]hird-party [p]laintiff [defendant] to his vehicle.

There is no dispute between the parties that a third-party complaint is not in order in this case, because the allegations of the [t]hird-party plaintiff, even interpreted as broadly as possible in his favor, do not establish that the third-party defendants are being sued for damages so that they are held or can be held liable to the defendant for the whole, or part of, the plaintiff's claim or so that they are, or can be, held liable exclusively to the plaintiff of the claim.

Since the parties [the insurance company and the insured] are not jointly and severally liable, it must inevitably be concluded that the defendant's cause of action for damages asserted in his Third-Party Complaint was filed after the period granted by law for this had passed; that is, in excess of the period of 1 year of the occurrence of the alleged culpable and/or negligent act of the [t]hird-party [d]efendant. **\*530**

Subsequently, the Court of First Instance, in an amended partial judgment *nunc pro tunc*, ordered the defendant to pay $300 in attorney's fees. Timely, Ramos Díaz sought reconsideration of the judgment of reference, which was denied.

Unsatisfied with the aforementioned decision of the court of first instance, Ramos Díaz filed an appeal with the Circuit Court of Appeals. In a Judgment of February 9, 1998, the appellate court revoked the judgment entered by the Court of First Instance. The Circuit Court of Appeals concluded that, in its judgment, there was "a type of joint and several liability" between the insurer and the insured, therefore "the filing of the subrogation claim had tolled the statute of limitations on any action related to that accident that any party in the action could file."

On March 13, 1998, Quiñones López turned to us. She maintained, in what is relevant hereto, that the appellate court had erred when it held that the third-party complaint filed by Ramos Díaz against the petitioner was in order; when it held that the complaint was not time barred; and that the insurance company and the insured were jointly and severally liable by subrogation. On May 22, 1998, we

[CERTIFIED TRANSLATION]

**Gen. Accid. Ins. Co. P.R. v. Ramos, 1999 JTS 94 (1999)**
148 D.P.R. 523, 99 TSPR 91

granted time to respondent Ramos Díaz for him to show cause, in the event that there was cause, as to why the writ requested should not be issued and judgment should not be entered to revoke the judgment entered by the Circuit Court of Appeals. On June 29, the plaintiff insurance company appeared before us through a motion in favor of the writ of certiorari being issued. Shortly thereafter, on July 2, 1998, the respondent appeared. With the benefit of the appearances of all the parties, we now proceed to decide on this matter, pursuant to what we urged in our order to show cause.

## II

The central issue in the dispute before us is the legal relationship that existed between the insurance company and its *531 insured. Both, the question of whether respondent Ramos Díaz procedurally could file a third-party complaint against Quiñones López in the instant case, and the question of whether such complaint was time barred because Quiñones López and the insurance company were not jointly and severally liable, depend on the aforementioned issue. Let us, then, define the precise nature of the legal relationship of reference.

[1–2] Pursuant to unquestionable principles and rules established in our legal system, the relationship between an insurance company and its insured is of a *contractual* nature and is firmly governed by what is stipulated in the insurance contract, which is the law between the parties. *Martínez Pérez v. U.C.B.*, 143 D.P.R. 554 (1997); *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139 (1996); *García Curbelo v. A.F.F.*, 127 D.P.R. 747, 760 (1991). As a result, we have held that an insurance company is not bound to pay compensation in excess of the obligation contracted in the insurance contract. *Clínica Dr. Perea v. Hernández Batalla*, 85 D.P.R. 767 (1962). That is why Art. 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 2003, provides as follows, in what is relevant hereto:

> The insurer's liability shall not exceed the sum laid down in the policy. Any action filed in accordance with this section shall be subject to the conditions of the policy or contract. See, also, 16 *Couch, Cyclopedia of Insurance Law 2d* Section 61:3 (1983).

It is not in dispute in the instant case that the insurance contract that was in effect at the time when the traffic accident involved in this case occurred only insured losses pertaining to Quiñones López's vehicle. The policy in question did not cover bodily injury or damages to the property of other parties caused by the insured. Thus, the insurance company's liability was precisely limited.

[3–4] Neither is it in dispute that the *532 insurance contract in question included a subrogation clause in favor of the insurance company. It is well known that subrogation is the legal concept by virtue of which an insurance company takes the place of its insured in exercising the actions or rights of the insured against the tortfeasor. The purpose of this mechanism of legal substitution is for the insurance company to be able to, pursuant to the insurance contract, recover from such third-party tortfeasors of an accident, the sum that the insurance company paid to the insured as compensation for the damages caused by the third parties. We stated this in *Aseg. Lloyd's London v. Cía. Des. Comercial,* 126 D.P.R. 251, 267 (1990), when we held that through an insurance policy

> the risk is transferred to the insurance company and the insurance company becomes liable to the insured for its financial damages, upon occurrence of the [fortuitous] event. Upon financially compensating the insured, the insurance company steps into the shoes of the insured in relation to all the actions and remedies that he is entitled to. What is called the right of subrogation occurs.

[5] Reaffirming this rule, in *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 D.P.R. 203, 211 (1994), we extensively stated that

> "[s]ubrogation is the insurer's right to step into the shoes of the insured to take action against third parties legally liable—to the insured to recover a loss or damage paid by the insurer." "An insurer has the right to recover—by subrogation—the damages that it has had to pay to an insured under its policy (the insured's). The subrogation of an indemnity insurer arises by operation of the law, when the insurer makes a payment to the insured. Thus, when an insurer (*surety*) pays an obligation, it is ordinarily subrogated to all the rights, remedies and equities of the insured (*obligee*)." Subrogation is the substitution of one person in the place of another, so that he who is substituted succeeds to the rights of the other, in relation to the debt, and all of its rights,

[CERTIFIED TRANSLATION]

Gen. Accid. Ins. Co. P.R. v. Ramos, 1999 JTS 94 (1999)
148 D.P.R. 523, 99 TSPR 91

remedies and securities. It does not give greater rights to the subrogated party than the rights that the insured **\*533** had. The subrogated party is put in the same position, because nobody can acquire—by subrogation—rights that the party whose rights the insurer is invoking did not have. *Couch*, supra, Section 61, pages 118-120.

[6] Thus our legal system authorizes an insurance company to be subrogated to the rights and remedies of the insured person. With this legal concept, the insurer stands in the shoes of the insured to claim the rights assigned to it. *CNA Casualty of P.R. v. Torres Díaz*, 141 D.P.R. 27 (1996); *Couch*, supra, Section 61:61. An insurance company's right of subrogation is a means to recover the payment disbursed for damages covered by an insurance contract. *Coop. Seguros Múltiples de P.R. v. Lugo*, supra; *Couch*, supra, Section 61:4.

As shown by the foregoing, when an insurer exercises its right of subrogation *it does not represent the insured*, but rather takes the insured's place, *only for purposes of recovering from third parties what it has paid under the terms of a policy*. The scope of this substitution is clearly defined and it is limited to claiming the rights and remedies that the insured had vis-à-vis the tortfeasor, in relation to the payment that the insurance company made to the insured. That is the scope of the substitution of reference. *There is no identity between the insurer and the insured, beyond these limits, as a result of the subrogation of reference.*

### III

As summarized in the foregoing paragraphs, in accordance with the law, it is clear that in the instant case, Ramos Díaz did not have grounds to file the third-party complaint against Quiñones López within the subrogation claim filed by the insurance company against Ramos Díaz. Procedurally, the third-party complaint was not available for the purposes intended by the respondent, who filed the complaint with the specific purpose of having Quiñones López compensate him **\*534** for the damages allegedly caused by the latter to his vehicle.

[7] Rule 12.1 of Civil Procedure, 32 L.P.R.A. App. III, regulates the filing of a third-party complaint. In what is relevant hereto, it provides that

> [a]t any time after the lawsuit has commenced, the defendant may, as third-party plaintiff, serve a summons and complaint on a person who is not a party to the action and (1) who is, or may be, liable to the defendant for all or part of the plaintiff's claim; or (2) who is or may be liable exclusively to the plaintiff.

[8] The purpose of this rule "is to establish a mechanism to facilitate the speedy and inexpensive resolution of multiple claims that may arise from the same facts." *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20, 28 (1986); *Colón v. Coop. de Seguros Múltiples de P.R.*, 111 D.P.R. 568, 571 (1981); 6 Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d*, § 1442, pages 289-291 (1990). However, although a third-party complaint should be permitted liberally, "'same cannot be used to combine in one same action any and all disputes, regardless of how different these may be, sharing a common connection.'" *Camaleglo v. Dorado Wings, Inc.*, supra, p. 30; *Colón v. Coop. de Seguros Múltiples de P.R.*, supra. See, also, *Wright, Miller and Kane*, supra, page 295. Rule 12.1 of Civil Procedure, *supra*, "does not create, extend or limit substantive rights." *Colón v. Coop. de Seguros Múltiples de P.R.*, supra, p. 571. "What it does is accelerate the resolution thereof." Id. By virtue of the rule of reference, "a third-party claim is only in order when the liability of [such third party] somehow depends on the outcome of the main action or when the third party is secondarily or directly liable to the plaintiff." *Camaleglo v. Dorado Wings, Inc.*, supra, page 30.

In the third-party complaint before our consideration, **\*535** the third-party plaintiff, Ramos Díaz, claimed that the accident in dispute caused him damages, and that the accident was caused by the exclusive fault and negligence of third-party defendant Quiñones López, and he consequently sued the third-party defendant seeking compensation for the damages caused to his vehicle. As we can see, by no means did the third-party plaintiff claim that the third-party defendant was liable to him in whole or in part for the claim of the plaintiff insurance company against him, as required under Rule 12.1 of Civil Procedure cited above. Nor did he claim that the third-party defendant was or could be exclusively liable to the plaintiff company. He failed to make any of the claims for which Rule 12.1 of reference authorizes third-party complaints. He failed to make such claims, because Ramos Díaz could not make any such claim in said action against Quiñones López. Since the main action was only a subrogation claim in

18-23538-shl    Doc 7531-3    Filed 03/27/20    Entered 03/27/20 16:13:03    Exhibit
Exhibit III    Pg 6 of 7

[CERTIFIED TRANSLATION]

Gen. Accid. Ins. Co. P.R. v. Ramos, 1999 JTS 94 (1999)
148 D.P.R. 523, 99 TSPR 91

which the *only* issue in question was whether or not Ramos Díaz had to reimburse the insurance company, Quiñones López could not be liable to Ramos Díaz for anything that the original plaintiff had sued him for, nor could said third-party defendant be exclusively liable to such plaintiff for anything. It simply did not matter what the outcome of the subrogation claim was, in no event would Quiñones López be liable to any party for the reimbursement in question is that action. Note that even if Ramos Díaz was able to demonstrate, in the subrogation claim against him, that he was not responsible at all for the traffic accident of reference, this would only lead to the denial on its merits of the insurance company's action filed solely to recover from Ramos Díaz what the company had paid to Quiñones López. The subrogation claim of reference could only lead to that outcome if the court held that Ramos Díaz had nothing to reimburse to the insurance company. By the very nature of the subrogation *536 action, well, Ramos Díaz would not have to pay anything and, therefore, the third-party defendant would not be liable for anything. Moreover, if Ramos Díaz was not able to successfully prove his allegation that he was not responsible for the accident, the third-party defendant would evidently not be liable for anything either.

In other words, in the instant case, *the claims asserted in the complaint and the third-party complaint did not have a common connection.* The two claims were legally different. The original complaint sought to obtain from Ramos Díaz reimbursement of the sum paid by the insurance company to Quiñones López as compensation for the losses suffered by her automobile. It was an action for the collection of monies. On the other hand, Ramos Díaz's fundamental claim in his third-party complaint under Rule 12.1 of Civil Procedure, *supra*, was an action for damages, for the damages allegedly caused by Quiñones López to Ramos Díaz's vehicle as a result of the traffic accident that took place in July 1995. Thus, it is evident that, far from being a third-party complaint, Ramos Díaz's claim against Quiñones López was actually a claim separate and distinct from the damages action. Therefore, Ramos Díaz's third-party complaint did not meet the clear and specific requirements of Rule 12.1 cited above. The Court of First Instance correctly denied the complaint, as it is not procedurally permissible, and the appellate court erred when it held that it was in order.

## IV

Ramos Díaz's action in question against Quiñones López was also not in order because it was time barred. Quiñones López and its insurance company were not jointly and severally liable, therefore, the company's subrogation claim against Ramos Díaz did not toll the one-year statute of limitations governing Ramos Díaz's civil action against Quiñones *537 López, pursuant to the provisions of Art. 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298.

[9] In order for an insurance company and its insured to be jointly and severally liable, this must be clearly laid down in the insurance contract. It must be expressly stipulated or at least clearly arise from the contents of the contract that the relationship between the parties is of such a nature, that is, that the parties are jointly and severally liable. Torrellas v. Sucn. Torrellas, 57 D.P.R. 501 (1940). We have so determined when interpreting Art. 1090 of the Civil Code, 31 L.P.R.A. sec. 3101, which provides that:

> *The concurrence of two* or more creditors or of two or *more debtors in one same obligation* does not imply that they each have the right to claim or that they each have to give in whole the things that are the object of the obligation. *This shall only be the case when the obligation expressly determines so, and it is constituted as a joint and several obligation.* (Emphasis added.)

[10] In light of this article, we have previously stated that joint and several liability is an exception in the field of contractual obligations, and that an obligation cannot be deemed to be joint and several unless this is clearly and evidently laid down in the contract. Arroyo v. Hospital La Concepción, 130 D.P.R. 596, 601602 (1992); Pauneto v. Núñez, 115 D.P.R. 591 (1984); Rosario v. Sandoval, 60 D.P.R. 411 (1942).

In the instant case, there was no express agreement of joint and several liability. Nor can it be construed that such joint and several liability was clearly established in the contract. If the contract established anything, it was precisely that the insurance company and the insured *were not jointly and severally liable* for damages to third parties. That is because the insurance contract in question was of a very limited nature. It only applied to the damages caused to the insured's own vehicle. It did not cover the damages caused by the insured to the property of others or any bodily harm caused by the insured. *538

18-23538-shl    Doc 7531-3    Filed 03/27/20    Entered 03/27/20 16:13:03    Exhibit
Exhibit III    Pg 7 of 7

[CERTIFIED TRANSLATION]

**Gen. Accid. Ins. Co. P.R. v. Ramos, 1999 JTS 94 (1999)**
148 D.P.R. 523, 99 TSPR 91

**[11]** Moreover, the joint and several liability in question cannot be inferred from the subrogation stipulated between the insurance company and the insured. As we stated hereinabove, the subrogation of reference is of precise and limited legal scopes. It does not create a legal identity between the insurer and the insured other than making the insurer succeed to all the rights, remedies and equities of the insured. *Coop. Seguros Múltiples de P.R. v. Lugo*, supra. The insurer takes the place of the insured only with respect to the assigned rights. By no means does it take the insured's place with respect to the obligations that are outside the scope of the subrogation, such as the ones claimed by Ramos Díaz in his untimely claim against Quiñones López. Since the insurance company had no liability whatsoever with respect to that claim, it could not be held that the company and the insured were jointly and severally liable with respect to it, according to a subrogation that did not include the claim of reference either. Thus, the appellate court erred when it held that there was such joint and several liability and, therefore, when it held, based on that, that the one-year statute of limitations had been tolled.

**[12]** In the instant case, there was clear inaction on the part of Ramos Díaz with respect to his claim against Quiñones López. Since the September 29, 1995, letter that the insurance company sent Ramos Díaz, he clearly knew that Quiñones López's insurance policy did not cover his claim. He waited until December 9, 1996, more than fourteen months later, to take legal action with regard to that claim. When he did so, his action—whether or not it had any merits—was already time-barred. As we have advised in the past, a claimant is barred from basing himself on the action of third parties to toll the limitations period. It is the claimant himself who must present a claim to the alleged debtor. *Agosto v. Mun. de Río Grande*, 143 D.P.R. 174 (1997). When Ramos Díaz did that here, the statute of **\*539** limitations laid down in Art. 1868 of the Civil Code, *supra*, had already expired.

**V**

Based on the forgoing grounds, *the writ of certiorari requested shall be issued and judgment shall be entered to revoke the judgment entered by the Circuit Court of Appeals and to remand the case to the Court of First Instance for the proceedings to continue in accordance with what is decided herein.*

Footnotes

[1]   The coverage of a double-interest policy is limited to the damages caused to the insured's vehicle and to guarantee the financial institution's credit, and excludes their liability vis-à-vis third parties.

**End of Document**                                   © 2020 Thomson Reuters. No claim to original U.S. Government Works.

---

CERTIFICATION OF TRANSLATION

I, Carol G. Terry, a US-Court-Certified-Interpreter, Certificate No. 03-001, and translator with an MA in Translation from the University of Puerto Rico, do hereby certify that, to the best of my knowledge and abilities, the foregoing SIX (6) PAGES are a true and correct translation of the original document in Spanish.

*Carol Terry*

Carol G. Terry