Presentment Date and Time: April 6, 2020 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 3, 2020 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
                    Debtors.[1]                             :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF SECOND STIPULATION AND AGREED ORDER BY AND AMONG DEBTORS, BUYER, AND CENTURYLINK <u>RESOLVING CENTURYLINK'S OBJECTIONS TO PROPOSED CURE AMOUNT</u>

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation and Agreed Order By and Among Debtors, Buyer, and CenturyLink Resolving CenturyLink's Objections to Proposed Cure Amount* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **April 6, 2020 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as <u>**Exhibit 1**</u>.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **April 3, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States

2

Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: March 27, 2020
      New York, New York

    /s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit 1

**Proposed Stipulation**

WEIL:\97395346\2\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
In re                                                          :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,   :    Case No. 18-23538 (RDD)
:
Debtors.[1]                                          :    (Jointly Administered)
:
------------------------------------------------------------X

### SECOND STIPULATION AND AGREED ORDER
### BY AND AMONG DEBTORS, BUYER, AND CENTURYLINK
### RESOLVING CENTURYLINK'S OBJECTIONS TO PROPOSED CURE AMOUNT

This second stipulation and agreed order (the "**Second Stipulation**") is entered into by and between Sears Holdings Corporation and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Transform Holdco LLC, as buyer (the "**Buyer**" or "**Transform**"), and CenturyLink Communications, LLC and Level 3 Communications, LLC (including their parents, subsidiaries, and affiliates, collectively, "**CenturyLink**," and together with the Debtors and the Buyer, the "**Parties**"), resolving the *Objection of CenturyLink Communications, LLC and Level 3 Communications, LLC to Proposed Cure Amount* (ECF No. 1963) (the "**Cure Objection**"), the *Supplemental Objection of Level 3 Communications, LLC to Proposed Cure Amount* (ECF No. 4051) (the "**Supplemental Cure**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Objection**," and together with the Cure Objection, the "**Objections**"), the *Joinder of CenturyLink Communications, LLC to the Limited Objection of Stanley Black & Decker, Inc. to the Debtors' Notice Regarding Initial Distribution Pursuant To Administrative Expense Claims Consent Program* (ECF No. 6198) (the "**Joinder**"), the *Amended Joinder/Objection of CenturyLink Communications, LLC to the Debtors' Amended Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* (ECF No. 6289), filed on December 13 and 26, 2019, respectively (collectively, the "**Joinder and Amended Joinder**"), and the *Combined Motion for Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b)(1)(a) and 365(d)(5); Application for Payment of Adequate Assurance Pursuant to Section 7 of the Utility Order* [Dkt. No. 461]; *Objection to Motion of Debtors Requesting Release of Adequate Assurance Deposit Amounts Pursuant to the Adequate Assurance Procedures* [Dkt. No. 7209] (ECF No. 7299) (the "**Combined Motion**"), all with respect to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "**Cure Notice**"), the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3950) (the "**Second Cure Notice**"), and the *Notice of Assumption and Assignment of Additional Executory Contracts* (ECF No. 3973) (the "**Third Cure Notice**"). The Parties hereby stipulate and agree as follows:

## RECITALS

I.  **Procedural History**

    A.    On October 15, 2018, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2

B.  The Debtors operate their businesses and maintain their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.  The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

D.  Prior to the Petition Date, the Debtors and CenturyLink were parties to several agreements for the provision of telecommunications equipment and services to the Debtors (collectively, the "**Accounts**"). CenturyLink continued to provide telecommunication equipment and services to the Debtors post-petition.

E.  On November 11, 2018, the Court entered an *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816) in connection with the sale or disposition of substantially all of the Debtors' assets.

F.  The Debtors and Transform entered into that certain asset purchase agreement, dated as of January 17, 2019 (as amended) for the sale of substantially all of the Debtors' assets (the "**Sale Transaction**").

G.  On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (Docket No. 2507) (the "**Sale Order**"). The Sale Transaction closed on February 11, 2019.

H.  Since the Sale Transaction closed, the Buyer has continued to use certain of the Accounts provided by CenturyLink for the benefit of the Buyer's ongoing operations.

                                       Pg 8 of 20

## II.    Cure and Assumption of CenturyLink Contracts

I.      On January 18, 2019, the Debtors filed a Cure Notice which designated a cure amount for potentially assuming and assigning the Accounts. (*See* ECF No. 1731, rows numbered 1514-1515 and 3706-3707).

J.      CenturyLink filed a timely Cure Objection on January 25, 2019 (ECF No. 1963).

K.      On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (ECF No. 3008) (the "**Assumption and Assignment Order**").

L.      On May 20, 2019, the Debtors filed their Second Cure Notice which represented, regarding Accounts with Level 3 Communications, LLC, "Cure Amount Resolved." (*See* ECF No. 3950, row numbered 140).

M.      On May 21, 2019, the Debtors filed their Third Cure Notice which represented, regarding Accounts with Level 3 Communications, LLC, "Cure Amount Resolved." (*See* ECF No. 3973, rows numbered 3-5).

N.      On May 28, 2019, CenturyLink timely filed the Supplemental Cure Objection (ECF No. 4051), detailing that while CenturyLink does not object to the assumption and assignment of the Accounts, CenturyLink does oppose assumption and assignment to the extent proposed cure amounts fail to satisfy existing defaults under all of the Accounts in accordance with 11 U.S.C. § 365(b).

O.      To that end, since approximately February 2019, CenturyLink has been providing information on the Accounts to the Buyer in an effort to resolve the cure amounts.

**III.     Administrative Expense Claims and Consent Program**

P.     On October 7, 2019, the Debtors filed a *Notice of Filing of (I) Revised Notice of Administrative Expense Claims and Consent Program and Opt-In/Opt-Out Procedures, (II) Revised Ballot to Opt-In to Administrative Expense Claims Consent Program and (III) Revised Ballot to Opt-Out of Administrative Expense Claims Consent Program* (ECF No. 5334) (the "**Administrative Expense Claims Consent Program**"), proposing an arrangement that a Holder of Administrative Expense Claims (as defined therein) may participate in to ensure that a Holder of Administrative Expense Claims receives at least partial satisfaction of its administrative expense claim.

Q.     On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370), and approved the Administrative Expense Claims Consent Program.

R.     Thereafter, on December 13, 2019 and December 26, 2019, CenturyLink filed its Joinder and Amended Joinder, asserting that it is a Holder of Administrative Expense Claims under the Administrative Expense Claims Consent Program (both as defined therein).

S.     On February 18, 2020, CenturyLink filed its Combined Motion, generally positing that CenturyLink is entitled to administrative claim status for post-petition amounts owed, that CenturyLink is entitled to access the $239,423.15 of adequate assurance reserved for CenturyLink in the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Service* (ECF No. 461) (the "**Utility Order**") to compensate CenturyLink for post-petition amounts owed, and that the Debtors were not entitled to reduce that adequate

5

assurance through the *Motion of Debtors Requesting Release of Adequate Assurance Deposit Amounts Pursuant to the Adequate Assurance Procedures* (ECF No. 7209).

T. Pursuant to the Utility Order, the Debtors deposited into a segregated, interest bearing bank account (the "**Adequate Assurance Account**") a sum equal to two weeks' worth of the average utility cost for each Utility Provider (less any amounts already on deposit or supported by a letter of credit with any such Utility Provider that exceed outstanding prepetition amounts owed to such Utility Provider), based on the Debtors' average usage for the twelve months preceding the Commencement Date.

U. The Adequate Assurance Account currently holds approximately $239,423.15 for the benefit of CenturyLink (the "**CenturyLink Adequate Assurance Deposit**").

V. On February 21, 2020, after negotiations with the Debtors, CenturyLink filed *CenturyLink Communications, LLC's Limited Withdrawal, Withdrawing the Objection to Motion of Debtors Requesting Release of Adequate Assurance Deposit Amounts Pursuant to the Adequate Assurance Procedures* [Dkt. No. 7209] (ECF No. 7324).

W. Thereafter, CenturyLink and the Buyer engaged in good faith negotiations to determine the appropriate cure amount owed to CenturyLink on a select portion of the Accounts, resulting in the *Stipulation and Agreed Order By and Among Debtors, Buyer, and CenturyLink Resolving CenturyLink's Objections to Proposed Cure Amount* (ECF No. 7337), which the Court entered as an order on March 9, 2020 at ECF No. 7410 (the "**Stipulation and Agreed Order**").

X. Thereafter, the Buyer determined that, in addition to the Assumed Accounts (as defined in the Stipulation and Agreed Order), it would cure and cause the Debtors to assume and assign to Buyer the additional Accounts (the "**Second Round Assumed Accounts**").

Y.  CenturyLink, the Debtors, and the Buyer have since further engaged in good faith negotiations to determine the appropriate cure amount owed to CenturyLink on the Second Round Assumed Accounts, and the Parties desire to enter into this Second Stipulation to memorialize: (i) the assumption of the Second Round Assumed Accounts (ii) the agreed-upon cure amount and the payment thereof, (iii) the satisfaction of all amounts due and owing by the Debtors under the Disconnected Accounts, and (iv) the resolution of the Combined Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:**

1.  The foregoing recitals are incorporated herein by reference as if set forth at length herein.

2.  This Second Stipulation shall have no force or effect unless and until it is approved by the Court (the "**Effective Date**").

3.  In accordance with section 365 of the Bankruptcy Code, the Debtors, Buyer, and CenturyLink agree that CenturyLink is owed in connection with Second Round Assumed Accounts detailed in the attached Exhibit A, incorporated herein by reference, a prepetition and postpetition cure amount of $578,313.89 (the "**Agreed Second Round Unpaid Cure Amount**").

4.  The Buyer agrees to remit the Agreed Second Round Unpaid Cure Amount to CenturyLink on the following schedule: (a) the Buyer shall have paid to CenturyLink $100,000 as a good faith payment on or before March 27, 2020; (b) the Buyer shall pay to CenturyLink $110,313.89 on or before April 10, 2020; (c) the Buyer shall pay to CenturyLink $110,000 on or before April 17, 2020; (d) the Buyer shall pay to CenturyLink $110,000 on or before April 24, 2020; (e) the Buyer shall pay to CenturyLink $100,000 on or before May 1, 2020; and (f) the Buyer

7

shall pay to CenturyLink $48,000 on or before May 15, 2020, all until the Agreed Second Round Unpaid Cure Amount is paid in full. Upon payment of the Agreed Second Round Unpaid Cure Amount, (i) the Second Round Assumed Accounts shall be cured and deemed assumed by the Debtors and assigned to the Buyer; and (ii) all requirements of section 365 of the Bankruptcy Code shall be deemed satisfied.

5.    In addition to the Agreed Second Round Unpaid Cure Amount, the Parties agree that unpaid amounts owed to CenturyLink in the amount of $21,857.52 (the "**Disconnected Accounts Amount**") have accrued postpetition in the aggregate under all of the Accounts that are unrelated to the Second Round Assumed Accounts and Assumed Accounts (collectively, the "**Disconnected Accounts**"). The Debtors agree to release from the CenturyLink Adequate Assurance Deposit the full Disconnected Accounts Amount to CenturyLink, on or before ten business days following the Effective Date. CenturyLink is permitted to and shall terminate any and all accounts associated with the Disconnected Accounts Amount, without further action; *provided, however*, neither (a) the Debtors (other than the Disconnected Accounts Amount) nor (b) the Buyer shall have any liability to CenturyLink or any other party in respect of the termination of such accounts.

6.    Upon the Effective Date, the Objections, the Joinder and Amended Joinder, and the Combined Motion shall be deemed withdrawn in their entirety. Any proof of claim form or ballot submitted under the Administrative Expense Claims Consent Program by CenturyLink shall be deemed withdrawn and void. The Buyer shall pay the Agreed Second Round Unpaid Cure Amount, and the Debtors shall pay the Disconnected Accounts Amount, both by check, overnight, to:

8

CenturyLink<br>
220 North 5th Street<br>
Attn: BMG bankruptcy April Nelson<br>
Bismarck, ND 58501

7.      Upon the Effective Date and payment of the Agreed Second Round Unpaid Cure Amount, the Buyer shall be fully and irrevocably vested with all rights, title, and interest of the Debtors under the Second Round Assumed Accounts and, pursuant to section 365(k) of the Bankruptcy Code.  Upon the Effective Date, the Debtors shall be relieved from any further liability with respect to the Second Round Assumed Accounts.  Upon the Effective Date and payment of the Disconnected Accounts Amount, the Debtors shall be relieved from any further liability related to the provisioning of telecommunications goods and services to CenturyLink.  The Buyer and Debtors agree to cooperate in good faith with any commercially reasonable assignment and assumption process required by CenturyLink which shall ultimately have no effect upon the completed cure, assumption, and assignment effectuated by this Second Stipulation.

8.      During and after remittance of the Agreed Second Round Unpaid Cure Amount, the Buyer agrees to continue to pay pursuant to regular invoicing and prior practices for ongoing services and equipment provided by CenturyLink on the Second Round Assumed Accounts in the ordinary course of business and in accordance with the terms of any underlying agreements and this Second Stipulation, and CenturyLink agrees to continue providing such services and equipment in the ordinary course of business, subject to any such underlying agreements and this Second Stipulation.

9.      Upon the Effective Date, (i) the Debtors, Buyer, and their respective successors and assigns, shall be deemed to have waived and released any and all claims that they may have against CenturyLink under sections 506, 542, 544, 547, 548, 550, and 553 of the Bankruptcy Code for all Second Round Assumed Accounts only, and (ii) CenturyLink shall be deemed to have

9

waived and released any and all claims that it may have against (a) the Buyer (other than for payment of the Agreed Second Round Unpaid Cure Amount), and their respective successors and assigns, for only any monies owed on all Second Round Assumed Accounts, accrued up to the Effective Date only, and (b) the Debtors (other than for payment of the Disconnected Accounts Amount).

10. Should CenturyLink not be paid the entire Agreed Second Round Unpaid Cure Amount and Disconnected Accounts Amount in accordance with the terms of this Second Stipulation, CenturyLink shall have any remedies available to it at equity or law against the Buyer and Debtors, respectively, subject to paragraph 19 hereof.

11. Each person who executes this Second Stipulation represents that he or she is counsel for his or her respective client and is executing this Second Stipulation on behalf of and with the authority of his or her respective client. The Parties have each cooperated in drafting this Second Stipulation. Therefore, in any action or proceeding concerning this Second Stipulation, the provisions hereof shall be construed as if jointly drafted by the Parties.

12. This Second Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Second Stipulation. The delivery by facsimile transmission or other electronic transmission of any signature on this Second Stipulation shall be a valid signature as of the transmission thereof.

13. The Parties agree to bear their own costs and fees incurred in connection with this Second Stipulation.

14. Neither this Second Stipulation nor any of its terms may be modified, altered, amended or waived, except in writing signed by the Parties hereto.

15. This Second Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties hereto and their respective successors and assigns and no third party rights shall be created hereunder.

16. The Parties are authorized to take all actions they deem necessary to effectuate the relief granted in this Second Stipulation.

17. Notwithstanding the provisions of Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure or any applicable provisions of this Court's Local Rules, this Second Stipulation shall be deemed effective and in full force and effect on the Effective Date.  Time is of the essence in assuming and assigning the Second Round Assumed Accounts in connection with this Second Stipulation.

18. In the event that this Second Stipulation is not approved by the Court or is not executed by all the Parties: (i) nothing herein shall be used against any of the Parties hereto for any reason; and (ii) the obligations of the Parties under this Second Stipulation shall be null and void, and with the exception of this paragraph, the Parties' respective rights and obligations under applicable law shall remain unaffected by this Second Stipulation.

19. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Second Stipulation.


[*Signature Page Follows*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: March 27, 2020 | Dated: March 27, 2020 |
| By: /s/ Garrett A. Fail<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray C. Schrock, P.C.<br>Sunny Singh<br><br>*Counsel for Debtors* | By: /s/ Lucas L. Schneider<br>Brittany M. Michael (NY Bar No. 5678552)<br>STINSON LLP<br>1325 Avenue of the Americas, 27th Floor<br>New York, NY 10019<br>Tel. (212) 763-8491<br>brittany.michael@stinson.com<br><br>and<br><br>Edwin H. Caldie (MN Bar No. 0388930)<br>Kevin P. Kitchen (MN Bar No. 0399297)<br>STINSON LLP<br>50 South Sixth Street, Suite 2600<br>Minneapolis, Minnesota 55402<br>Tel. (612) 335-1500<br>ed.caldie@stinson.com<br>kevin.kitchen@stinson.com<br><br>and<br><br>Lucas L. Schneider (CO Bar No. 48125)<br>Admitted *pro hac vice*<br>STINSON LLP<br>1050 17th Street<br>Suite 2400<br>Denver, CO 80265<br>Telephone: (303) 376-8414<br>Facsimile: (612) 335-1657<br>lucas.schneider@stinson.com<br><br>*Counsel for CenturyLink* |
| Dated: March 27, 2020<br><br>By: /s/ Rachel Ehrlich Albanese<br>DLA PIPER LLP (US)<br>Richard A. Chesley<br>Rachel Ehrlich Albanese<br>R. Craig Martin<br>1251 Avenue of the America, 27th Floor<br>New York, NY 10020<br>Telephone: (212) 335-4500<br><br>*Counsel for the Buyer* | |
| Dated: _____, 2020<br>       White Plains, New York | SO ORDERED:<br><br>_____<br>THE HONORABLE ROBERT D. DRAIN<br>UNITED STATES BANKRUPTCY JUDGE |

12

## Exhibit A

**Schedule of Accounts**

18-23538-shl    Doc 7532    Filed 03/27/20    Entered 03/27/20 18:41:46    Main Document
Pg 17 of 20

| Customer Number | Transformco Acct Number | DUNS | Transform Comments | Past Due |
|---|---|---|---|---|
| 402330-BRM | 402330BRM | 652560 | Past Due to be paid | $141,970.66 |
| 604696-BRM | 604696BRM | 652560 | Past Due to be paid | $67,643.38 |
| 5205121500576-CRISC | 5205121500576 | #N/A | Past Due to be paid | $30,947.06 |
| 206Z100175846 | 206Z100175846 | #N/A | Past Due to be paid | $31,043.46 |
| 4807534653646-CRISC | 4807534653646 | 611558 | Past Due to be paid | $23,074.51 |
| 311256334 | 311256334 | #N/A | Past Due to be paid | $19,827.32 |
| 311167255 | 311167255 | 814723 | Past Due to be paid | $19,633.49 |
| 0205318411-GC | 205318411 | Keep (Duns TBD) | Past Due to be paid | $16,669.10 |
| 3036540054444-CRISC | 3036540054444 | #N/A | Past Due to be paid | $12,950.62 |
| 5205701900235-CRISC | 5205701900235 | #N/A | Past Due to be paid | $11,860.71 |
| 312311397 | 312311397 | #N/A | Past Due to be paid | $12,115.60 |
| 313852541 | 313852541 | 814723 | Past Due to be paid | $9,887.41 |
| 2066588498778 | 2066588498778 | #N/A | Past Due to be paid | $7,136.21 |
| 3193956200813 | 3193956200813 | #N/A | Past Due to be paid | $6,748.91 |
| 3034261156772-CRISC | 3034261156772 | #N/A | Past Due to be paid | $6,257.29 |
| 503Z100130596 | 503Z100130596 | #N/A | Past Due to be paid | $5,211.39 |
| 836627P-BWA | 836627P | Keep (Duns TBD) | Past Due to be paid | $3,986.66 |
| 6123795600975 | 6123795600975 | #N/A | Past Due to be paid | $4,306.06 |
| J4804031336044-CRISC | 4804031336044 | 611558 | Past Due to be paid | $4,044.29 |
| 6023538393007-CRISC | 6023538393007 | #N/A | Past Due to be paid | $3,860.78 |
| 309508327 | 309508327 | Keep (Duns TBD) | Past Due to be paid | $3,237.90 |
| J4808939714645-CRISC | 4808939714645 | 611558 | Past Due to be paid | $3,561.31 |
| 313202082 | 313202082 | #N/A | Past Due to be paid | $3,532.95 |
| 61483174 | 61483174 | #N/A | Past Due to be paid | $3,353.55 |
| 206T328940777 | 206T328940777 | #N/A | Past Due to be paid | $3,371.55 |
| J4808939715992-CRISC | 4808939715992 | 611558 | Past Due to be paid | $3,190.34 |
| J5207450944558-CRISC | 5207450944558 | 611558 | Past Due to be paid | $2,881.60 |
| J5207450946570-CRISC | 5207450946570 | 611558 | Past Due to be paid | $2,881.60 |
| J5207450942546-CRISC | 5207450942546 | 611558 | Past Due to be paid | $2,881.60 |
| J5207450943552-CRISC | 5207450943552 | 611558 | Past Due to be paid | $2,881.60 |
| J5207450945564-CRISC | 5207450945564 | 611558 | Past Due to be paid | $2,881.60 |
| K3032521040771-CRISC | 3032521040771 | 611558 | Past Due to be paid | $2,832.78 |
| 042744P-BWA | 042744P | Keep (Duns TBD) | Past Due to be paid | $2,925.04 |
| 313100822 | 313100822 | 691252 | Past Due to be paid | $2,382.46 |
| 1008154972 | 1008154972 | Keep (Duns TBD) | Past Due to be paid | $2,879.01 |
| J5207454030648-CRISC | 5207454030648 | 611558 | Past Due to be paid | $2,122.73 |
| J4808923174370-CRISC | 4808923174370 | 611558 | Past Due to be paid | $1,963.21 |
| J4808923172380-CRISC | 4808923172380 | 611558 | Past Due to be paid | $1,961.38 |
| J5207455141134-CRISC | 5207455141134 | 611558 | Past Due to be paid | $1,956.02 |
| 309868123 | 309868123 | 691252 | Past Due to be paid | $1,903.11 |
| 310255049 | 310255049 | #N/A | Past Due to be paid | $1,935.03 |
| 206Z100078954 | 206Z100078954 | #N/A | Past Due to be paid | $1,475.53 |
| 313601618 | 313601618 | 691252 | Past Due to be paid | $1,532.99 |
| 4809614299435-CRISC | 4809614299435 | #N/A | Past Due to be paid | $1,238.72 |
| 6023952855779-CRISC | 6023952855779 | #N/A | Past Due to be paid | $1,057.29 |
| 4062654720107-CRISC | 4062654720107 | #N/A | Past Due to be paid | $1,214.47 |
| 9525400646377 | 9525400646377 | #N/A | Past Due to be paid | $952.66 |
| 9525446512882 | 9525446512882 | #N/A | Past Due to be paid | $772.91 |
| 3037292900816-CRISC | 3037292900816 | #N/A | Past Due to be paid | $795.41 |
| 9528541593264 | 9528541593264 | #N/A | Past Due to be paid | $762.67 |
| 4062526287695-CRISC | 4062526287695 | #N/A | Past Due to be paid | $740.11 |

| | | | | |
|---|---|---|---|---|
| 311705410 | 311705410 | #N/A | Past Due to be paid | $607.65 |
| 80985066 | 80985066 | #N/A | Past Due to be paid | $469.69 |
| 6024940588411-CRISC | 6024940588411 | #N/A | Past Due to be paid | $508.63 |
| 5094571545397 | 5094571545397 | #N/A | Past Due to be paid | $506.55 |
| 3076721817587-CRISC | 3076721817587 | #N/A | Past Due to be paid | $512.49 |
| 7635490539977 | 7635490539977 | #N/A | Past Due to be paid | $510.34 |
| 3202533559365 | 3202533559365 | #N/A | Past Due to be paid | $491.70 |
| 3036595268035-CRISC | 3036595268035 | #N/A | Past Due to be paid | $395.65 |
| 4062526095606-CRISC | 4062526095606 | #N/A | Past Due to be paid | $378.21 |
| 5633869335764 | 5633869335764 | Keep (Duns TBD) | Past Due to be paid | $374.06 |
| 9285226420335-CRISC | 9285226420335 | #N/A | Past Due to be paid | $323.77 |
| 7017752223085 | 7017752223085 | #N/A | Past Due to be paid | $266.94 |
| 4806322095790-CRISC | 4806322095790 | #N/A | Past Due to be paid | $262.33 |
| 5153314611135 | 5153314611135 | #N/A | Past Due to be paid | $238.54 |
| 3039044814077-CRISC | 3039044814077 | #N/A | Past Due to be paid | $261.32 |
| 309681443 | 309681443 | 814723 | Past Due to be paid | $181.40 |
| 8047141 | 8047141 | Keep (Duns TBD) | Past Due to be paid | $24.05 |
| 89178709 | 89178709 | Keep (Duns TBD) | Past Due to be paid | $0.00 |
| 313289493 | 313289493 | Keep (Duns TBD) | Past Due to be paid | $0.00 |
| 1-8MSW50-A | 1-8MSW50-A | Keep (Duns TBD) | Past Due to be paid | ($34.70) |
| 311580368 | 311580368 | Keep (Duns TBD) | Past Due to be paid | $0.00 |
| 308107013 | 308107013 | Keep (Duns TBD) | Past Due to be paid | $0.00 |
| 309573327 | 309573327 | Keep (Duns TBD) | Past Due to be paid | $0.00 |
| 20101000 | 20101000 | | Past Due Balance | $1,312.50 |
| 20123200 | 20123200 | | Past Due Balance | $672.00 |
| 27209100 | 27209100 | | Past Due Balance | $290.08 |
| 28442400 | 28442400 | | Past Due Balance | $416.37 |
| 60585677 | 60585677 | | Past Due to be paid | $7,362.48 |
| 62077532 | 62077532 | | Past Due Balance | $306.00 |
| 62077534 | 62077534 | | Past Due Balance | $122.40 |
| 62077546 | 62077546 | | Past Due Balance | $212.45 |
| 62081687 | 62081687 | | Past Due Balance | $144.00 |
| 62081690 | 62081690 | | Past Due Balance | $31.77 |
| 62081696 | 62081696 | | Past Due Balance | $336.00 |
| 62081749 | 62081749 | | Past Due Balance | $61.20 |
| 300245077 | 300245077 | | Past Due Balance | $0.00 |
| 300744551 | 300744551 | | Past Due Balance | $200.16 |
| 300971493 | 300971493 | | Past Due Balance | $33.00 |
| 304005963 | 304005963 | | Past Due Balance | $4.73 |
| 308423936 | 308423936 | | Past Due Balance | $6.39 |
| 313065890 | 313065890 | | Past Due Balance | $19.10 |
| 314139300 | 314139300 | | Past Due Balance | $12.74 |
| 314151944 | 314151944 | | Past Due Balance | $0.00 |
| 314180316 | 314180316 | | Past Due Balance | $23.83 |
| 320150765 | 320150765 | | Past Due Balance | $0.39 |
| 320358632 | 320358632 | | Past Due Balance | $230.70 |
| 413718853 | 413718853 | | Past Due Balance | $1,969.92 |
| 417750771 | 417750771 | | Past Due Balance | $0.00 |
| 420050226 | 420050226 | | Past Due Balance | $0.00 |
| 424602766 | 424602766 | | Past Due Balance | $0.00 |
| 443662837 | 443662837 | | Past Due Balance | $0.00 |
| 444969737 | 444969737 | | To be Researched | $136.36 |

| | | | | |
|---:|---:|---|---|---:|
| 455251357 | 455251357 | | Past Due Balance | $26.99 |
| 459844170 | 459844170 | | Past Due Balance | $205.72 |
| 468488859 | 468488859 | | Past Due Balance | $101.56 |
| K3034238507477-CRISC | 3034238507477 | | Past Due to be paid | $28,352.17 |
| 3192325881585 | 3192325881585 | | Disconnected Site | $1,178.84 |
| 4804977701227-CRISC | 4804977701227 | | Past Due to be paid | $9,825.90 |
| 5158325524160 | 5158325524160 | | Disconnected Site | $2,025.24 |
| 5204520682500-CRISC | 5204520682500 | | Disconnected Site | $1,976.74 |
| 6123319042863 | 6123319042863 | | Past Due to be paid | $379.76 |
| 6512910935093 | 6512910935093 | | Disconnected Site | $306.31 |
| 9283170591575-CRISC | 9283170591575 | | Disconnected Site | $2,906.52 |
| 9702472423183-CRISC | 9702472423183 | | Past Due to be paid | $814.84 |
| 319D163427811 | 319D163427811 | | Disconnected Site | $2,324.66 |
| 5163X158S3 | 5163X158S3 | | To be Researched | $471.41 |
| | | | | $578,313.89 |