**Presentment Date and Time: <u>April 23</u>, 2020 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: <u>April 20</u>, 2020 at 11:30 a.m. (prevailing Eastern Time)**
**Hearing Date and Time (only if Objections Filed): To Be Announced)**

**ASK LLP**
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Brigette G. McGrath, Esq. NY SBN 4962379
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: 651-289-3845
Fax: (651) 406-9676
Email: bmcgrath@askllp.com

*-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY 10036
Telephone: (212) 267-7342
Fax: (212) 918-3427
E-Mail: eneiger@askllp.com

*-and-*

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Theresa A. Foudy, Esq.
Karen B. Dine, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Fax: (212) 940-8776

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SEARS HOLDINGS CORPORATION, *et al.,* <br><br> Debtors.[1] | Chapter 11 <br> Case No. 18-23538 (RDD) <br><br> (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations

**MOTION TO MOVE DEFENDANTS GOVERNED BY PROCEDURES ORDER ENTERED ON DECEMBER 26, 2019 TO PROCEDURES ORDER GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY LESS THAN OR EQUAL TO $500,000 ENTERED ON MARCH 19, 2020**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Plaintiff**"), submit this *Motion to Move Defendants Governed by Procedures Ordered an December 26, 2019 to Procedures Order Governing Adversary Proceedings with Total in Controversy Less Than or Equal to $500,000 Entered on March 19, 2020* (the "**Motion**") seeking to move the adversary proceedings on schedule **Exhibit A** attached hereto (the "**Avoidance Actions**"), which are currently governed by the procedures order entered on December 26, 2019 at docket number 6282 (the "**December Procedures Order**"), to the procedures order entered on March 19, 2020 at docket number 7481 (the "**March Procedures Order**").[2]  In support of the Motion, the Debtors

---

LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] On or about November 7, 2019 and continuing through November 12, 2019, the Debtors filed the Avoidance Actions attached as Exhibit A. Since then, the Debtors have filed additional batches of avoidance actions in January and February, with various procedures orders governing each batch. Plaintiff is proposing that only the Avoidance Actions listed on Exhibit A attached hereto be moved to the March Procedures Order. All other adversary proceedings previously filed, and to be filed, will be unaffected by this Motion or any proposed orders.

2

respectfully state as follows:

## PRELIMINARY STATEMENT

1.  In December of 2019, the Court entered the December Procedures Order that governs that first batch of approximately 400 Avoidance Actions filed by the Debtors. The December Procedures Order, among other things, provides that mediation shall occur prior to formal written discovery, with mediations to occur between April and June 30, 2020. The December Procedures Order further provides that mediations shall take place in New York, New York, unless otherwise agreed to by the parties and mediator. Additionally, telephonic participation in mediation requires the consent of the mediator or agreement of the parties. None of the Avoidance Actions subject to the December Procedures Order seek to recover transfers in excess of $100,000.

2.  In March of 2020, the Court entered the March Procedures Order which governs certain avoidance actions with gross transfers less than $500,000.[3] The March Procedures Order also provides the mediation shall occur prior to discovery, and contains the same location and in-person attendance requirements as the December Procedures Order. However, the time period for mediation is later, with mediations occurring between July and September 30, 2020.

3.  As the Court and the defendants in the Avoidance Actions (each, a "**Defendant**" and, collectively, the "**Defendants**") are aware, COVID-19 has rapidly emerged as a global pandemic since the December Procedures Order was entered. Persons in the United States have been encouraged or ordered to avoid public areas, schools have been closed down through April or longer, and travel into the country is being restricted. In particular, areas in or near New York

---

[3] A second procedures order was entered in March governing avoidance actions with total gross amounts at issue greater than $500,000. That procedures order provides for formal discovery prior to mediation and is not the subject of this Motion.

City have reported numerous COVID-19 cases, and certain restrictions have been placed on daily living as a result. The Bankruptcy Court for the Southern District of New York, as well as the New York state court system, have also taken steps to modify the number of persons in court buildings.

4.    The Debtors recognize that it is not in the best interest of the court system, the Debtors, the Defendants, their professionals, or the general public to require parties to travel to New York City, at least through April and May of 2020. Accordingly, the Debtors request that the Court enter an order moving the remaining open Avoidance Actions that were subject to the December Procedures Order to the March Procedures Order. This will allow all Avoidance Actions to continue to proceed on an orderly scheduling timeline, while taking into consideration the need to restrict travel in the near future.[4]

5.    The Debtors are mindful of the impact of COVID-19 and are working to balance competing concerns recognizing the disruption caused by the pandemic but the continuing need for Debtors to move forward to collect monies owed to the estate for distribution to creditors and, to that end, are planning to file additional adversary proceedings at the end of March and in April. The Debtors will continue to review deadlines in current procedures orders in effect, as well as any proposed procedures orders, to ensure that the adversary proceedings proceed in an orderly fashion while not imposing deadlines that are unworkable given current events. Accordingly, the Debtors will continue to monitor deadlines that require in-person attendance would otherwise be unworkable given shelter in place orders and will take further actions to extend deadlines if they become necessary.

---

[4] The Debtors will reassess the timeline for mediations as the current events continue to unfold. Should travel still be unadvisable towards the end of the proposed mediation period, the Debtors will consider any prudent options at that point including a further extension of the mediation window and/or telephonic mediations.

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The statutory predicates for the relief requested herein are sections 105(a) and 105(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 7012, 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rules 7016-2 and 9019-1. The requested relief is also justified under and consistent with the Court's *General Order M-452 Amending, and Restating M-143, M211, and M390* (the "**General Order**") dated June 28, 2013 (Morris, C.J.), as modified herein.

## BACKGROUND

9. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief*, which provides, among other things, that certain causes of action, including claims and avoidance actions under Chapter 5 of the Bankruptcy Code, belonging to the Debtors and their estates as defined in the Debtors' Plan of Reorganization are preserved.

11.  Beginning in November of 2019, and continuing through the date of this Motion, the Debtors have commenced actions seeking to avoid and recover preferential transfers under Chapter 5 of the Bankruptcy Code.

12.  On December 26, 2019, the Court entered the December Procedures Order governing the Avoidance Actions. [Dkt. No. 6282].

13.  On March 19, 2020, the Courted entered the March Procedures Order [Dkt. No. 7481].

## ARGUMENT

14.  Section 105(a) of the Bankruptcy Code functions as a grant of broad authority to the bankruptcy court to move the Avoidance Actions to the March Procedures Order. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

15.  Moving the Avoidance Actions to the March Procedures Order is necessary to the expeditious and economic resolution of the bankruptcy cases. It is not practical to require the Defendants to abide by a procedures order that did not contemplate an unforeseen global event, nor to have hundreds of Defendants individually request in-person waivers for mediations. Such a move should not prejudice any Defendant, as it extends rather than contracts the time period for the parties to continue informal attempts to settle the Avoidance Actions as well.

## NOTICE

17.  The Debtors has served a copy of this Motion and notice on those parties who are required to receive notice under the Case Management Order (ECF No. 405). The Debtors

respectfully submit that no further notice is required.

18.    No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the Motion, enter the Proposed Order in the form attached hereto as **Exhibit B** and grant such other and further relief as the Court deems just and proper.

Dated: March 30, 2020                    **ASK LLP**

By:  /s/ *Brigette G. McGrath*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Brigette G. McGrath, Esq. NY SBN 4962379
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: 651-289-3845
Fax: (651) 406-9676
Email: bmcgrath@askllp.com

-*and*-

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427
E-Mail: eneiger@askllp.com

-*and*-

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Steven J. Reisman*
Steven J. Reisman, Esq.
Theresa A. Foudy, Esq.
Karen B. Dine, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Fax: (212) 940-8776

*Attorneys for Debtors
and Debtors in Possession*