---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL NEECKAUN IRANI, ESQ. AT (650) 802 3019.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY)

**PLEASE TAKE NOTICE** that, on March 31, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Fifteenth Omnibus Objection to Claims (No Liability)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and expunge one or more claims (the "**Claims**")[2] listed on **Exhibit A** annexed hereto, on the ground(s) that the Debtors have no liability because such Claim either (1) provides insufficient documentation to support the asserted Claim, or (2) asserts a Claim for which the Debtors are not liable.

**ANY CLAIM THAT THE BANKRUPTCY COURT EXPUNGES AND DISALLOWS WILL BE TREATED AS IF IT HAD NOT BEEN FILED AND YOU WILL NOT BE ENTITLED TO ANY DISTRIBUTION ON ACCOUNT THEREOF**.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, shall apply and govern the Objection to the Claims. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Claim without further notice to the respective Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the disallowance and expungement of its applicable Claim(s), as listed on **Exhibit A** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the disallowance and expungement of its applicable Claim(s), as listed on **Exhibit A** annexed hereto, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **May 5, 2020, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable

---

[2] For purposes of the Objection, any reference to Claims also include any ballots submitted in connection with the Administrative Expense Claims Consent Program (as defined in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370).

portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.

**CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the *Amended Case Management Order* and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **May 14, 2020, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Claim(s), then the Hearing on the Objection with respect to such Claim(s) will be held at a later date. If the Debtors do not continue the Hearing with respect to such Claim(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection with respect to the Claims listed on **Exhibit A** hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit B** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Claims listed on **Exhibit A** hereto, the Debtors retain the right to object on other grounds to the Claim(s) at a later date.  Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that any responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.

Dated:  March 31, 2020
New York, New York

/s/ Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

Debtors' Fifteenth Omnibus Objection
Exhibit A - No Liability Landlord Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

**Schedule of No Liability Landlord Claims**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount to be Expunged | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 1. | Boynton Beach Mall LLC | 15325 | 182353801013623 | $97,139.57 | $97,139.57 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 2. | BRE/Pearlridge LLC | 16325 | 182353801018164 | $419,385.31 | $419,385.31 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 3. | Cheddars Casual Café, Inc. | 17478 | 182353801018503 | $30,000.00 | $30,000.00 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 4. | Ebenhoeh US Real Estate Holdings, LP | 14050 & 13955 | 182353801018461 | $31,515.61 | $31,515.61 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 5. | Glimcher MJM, LLC | 15850 | 182353801018147 | $27,674.32 | $27,674.32 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 6. | GNP Partners | 6463 | 182353801018088 | $23,642.43 | $23,642.43 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 7. | Golden Arches Realty Operations, Inc. | N/A | 182353801043500 | $0.00 | $0.00 | This Claim is superseded by the claim filed by McDonald's Real Estate Company (Ballot ID 182353801040465) |
| 8. | Gray Enterprises, L.P. | 17092 | 182353801018486 | $145,173.15 | $145,173.15 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 9. | HC Lakeshore, LLC c/o B.V. Belk Properties | 20081 | 182353801017974 | $5,508.05 | $5,508.05 | The Claims refer to lease rejection damages and expenses following the Lease Rejection Dates, and thus are not an assertible Administrative Expense Claim |
| 10. | IQ9-200 SW C Ave, LLC | 20455 | 182353801018197 | $20,844.97 | $20,844.97 | The Claims refer to lease rejection damages and expenses following the Lease Rejection Dates, and thus are not an assertible Administrative Expense Claim |
| 11. | KM of Butte, Montana, LP | 8473 | 182353801018108 | $23,259.97 | $23,259.97 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 12. | LF2 ROCK CREEK LP | 18275 | 182353801013645 | $53,610.37 | $53,610.37 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 13. | MISSISSIPPI DHP, LLC | 18102 | 182353801013641 | $29,777.41 | $29,777.41 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |

**Debtors' Fifteenth Omnibus Objection**
**Exhibit A - No Liability Landlord Claims**

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

### Schedule of No Liability Landlord Claims

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount to be Expunged | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 14. | MS Portfolio, LLC | 18263 & 17502 & 18008 | 182353801013638 | $370,881.65 | $370,881.65 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 15. | Newpark Mall, LP | 17661 | 182353801017691 | $8,575.18 | $8,575.18 | The Claims refer to lease rejection damages and expenses following the Lease Rejection Dates, and thus are not an assertible Administrative Expense Claim |
| 16. | Orchard Plaza BC LLC | 16628 | 182353801017697 | $18,368.89 | $18,368.89 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 17. | Park City Center LLC | 16097 | 182353801018156 | $131,311.84 | $131,311.84 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 18. | Poughkeepsie Galleria LLC | 11896 | 182353801018433 | $51,797.25 | $51,797.25 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 19. | PR JACKSONVILLE LIMITED PARTNERSHIP | 19564 | 182353801018240 | $108,290.04 | $108,290.04 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 20. | Primestor Development, LLC | 16449 | 182353801018172 | $29,739.38 | $29,739.38 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 21. | Regency Centers L.P (Pike Creek) | 13680 | 182353801018452 | $69,953.90 | $69,953.90 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 22. | RPI Chesterfield LLC | 16744 | 182353801017778 | $20,151.30 | $20,151.30 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 23. | Scotts Valley Phase II | 19363 | 182353801013655 | $110,441.35 | $110,441.35 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 24. | Seminole Towne Center Limited Partnership | 15383 | 182353801017692 | $8,262.28 | $8,262.28 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 25. | Sherthal, LLC | 15365 | 182353801013626 | $24,375.65 | $24,375.65 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 26. | Shillington Plaza LLC | 12875 | 182353801018101 | $29,116.50 | $29,116.50 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' Fifteenth Omnibus Objection**
**Exhibit A - No Liability Landlord Claims**

*In re: Sears Holdings Corporation, et al.*
**Case No. 18-23538 (RDD)**

| | | | | | |
|---|---|---|---|---|---|
| **Schedule of No Liability Landlord Claims** | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount to be Expunged | Reason for Disallowance and Expungement |
| 27. | Southpark Mall LLC | 15120 | 182353801017676 | $7,693.52 | $7,693.52 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 28. | SWZ LLC f/k/a SWZ Partners, LLC | 17820 | 182353801018520 | $145,131.83 | $145,131.83 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 29. | Times Square Joint Venture, LLP | 15265 | 182353801013622 | $80,245.12 | $80,245.12 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 30. | U.S. Bank, National Association as Trustee, Successor-in-interest to Bank of America, N.A., as Trustee, Successor-by-merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Capital | 17012 & 19568 & 20454 | 182353801017807 | $128,634.51 | $128,634.51 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 31. | VCG Whitney Field LLC | 17620 | 182353801018512 | $21,145.04 | $21,145.04 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 32. | Westmount Plaza, LLC (fka Westmount Plaza Associates) | 17933 | 182353801013738 | $4,713.44 | $4,713.44 | This Claim is a duplicate to a Blank Ballot Claim, and thus is not an assertible Administrative Expense Claim |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

## **Exhibit B**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                            :
In re                                                       :          **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :          **Case No. 18-23538 (RDD)**
                                                            :
          Debtors.[1]                                       :          **(Jointly Administered)**
                                                            :
---------------------------------------------------------- x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

        The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## Claims Hearing Procedures

1.      Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.    The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(i)    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(ii)   For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either:  (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

---

[2] Any information submitted in connection with a Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

8.    **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

**Hearing Date and Time: May 14, 2020 at 10:00 a.m. (Eastern Time)**
**Response Deadline: May 5, 2020 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
```
| | | |
|---|---|---|
| In re | : | **CHAPTER 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.[1]** | : | **(Jointly Administered)** |
```
-----------------------------------------------------------------x
```

## DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS.
CLAIMANTS RECEIVING THIS
OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON
THE EXHIBIT ATTACHED TO THIS OBJECTION.

IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL
NEECKAUN IRANI, ESQ. AT (650) 802 3019.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

### Background

1.  Beginning on October 15, 2018 and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in these chapter 11 cases.

3.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.  On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of*

the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC ("**Transform**").

5.      On September 13, 2019, the Debtors filed the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (the "**Plan**").[2]  On October 15, 2019, the Court confirmed the Plan (ECF No. 5370) (the "**Confirmation Order**").

6.      Additional information regarding the Debtors' business, capital structure, and the Plan is set forth in the Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (ECF No. 4478).

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing and expunging the Claims[3] listed on **Exhibit A** annexed hereto (the "**No Liability Landlord Claims**").

9.      The Debtors have examined each No Liability Landlord Claim, all documentation provided with respect to each No Liability Landlord Claim, and the Debtors'

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.

[3] For purposes of this Objection, any reference to Claims also include any ballots submitted in connection with the Administrative Expense Claims Consent Program (as defined in the Confirmation Order).

respective books and records, and have determined in each case the No Liability Landlord Claims assert claims arising under unexpired nonresidential leases to which the Debtors were previously a party to for which the Debtors have no liability. Specifically, each No Liability Landlord Claim (1) provides insufficient documentation to support the asserted claim, (2) seeks payment of a debt for which the Debtors are not liable, or (3) relates to a lease that was assumed and assigned to Transform and is an untimely cure claim that is barred under the applicable assumption and assignment order.

10.    The Debtors, therefore, request that the No Liability Landlord Claims be disallowed and expunged. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

### The No Liability Landlord Claims Should Be Disallowed

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See Residential Capital, LLC*, 2016 WL 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, 2012 WL 1886755, at *3 (S.D.N.Y. 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010).

12.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

13.     As set forth above, the No Liability Landlord Claims assert recovery for amounts for which the Debtors are not liable, and such claims are routinely disallowed and expunged.  *See, e.g., In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same).  Further, this Bankruptcy Court routinely disallows and expunges claims for which no supporting documentation has been submitted by the claimant.  *See, e.g., In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Apr. 11, 2017) (ECF No. 1164) (disallowing and expunging claims without sufficient documentation); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Apr. 21, 2016) (ECF No. 478) (same).

14.     The Debtors have reviewed the No Liability Landlord Claims, all documents furnished by the Claimants with respect to the No Liability Landlord Claims, and the Debtors' books and records, and have determined that each No Liability Landlord Claim asserts a claim for which the Debtors have no liability on at least one of the bases set forth in paragraph 9 above.

15.     To ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the Debtors' estates, the Debtors request that the Court disallow and expunge in their entirety the No Liability Landlord Claims.

## **Reservation of Rights**

16.     The Debtors hereby reserve the right to object, as applicable, in the future to any claims subject to this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a Claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

**Notice**

17.    Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: March 31, 2020
         New York, New York

*/s/    Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**No Liability Landlord Claims**

Debtors' Fifteenth Omnibus Objection
Exhibit A - No Liability Landlord Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

**Schedule of No Liability Landlord Claims**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount to be Expunged | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 1. | Boynton Beach Mall LLC | 15325 | 182353801013623 | $97,139.57 | $97,139.57 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 2. | BRE/Pearlridge LLC | 16325 | 182353801018164 | $419,385.31 | $419,385.31 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 3. | Cheddars Casual Café, Inc. | 17478 | 182353801018503 | $30,000.00 | $30,000.00 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 4. | Ebenhoeh US Real Estate Holdings, LP | 14050 & 13955 | 182353801018461 | $31,515.61 | $31,515.61 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 5. | Glimcher MJM, LLC | 15850 | 182353801018147 | $27,674.32 | $27,674.32 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 6. | GNP Partners | 6463 | 182353801018088 | $23,642.43 | $23,642.43 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 7. | Golden Arches Realty Operations, Inc. | N/A | 182353801043500 | $0.00 | $0.00 | This Claim is superseded by the claim filed by McDonald's Real Estate Company (Ballot ID 182353801040465) |
| 8. | Gray Enterprises, L.P. | 17092 | 182353801018486 | $145,173.15 | $145,173.15 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 9. | HC Lakeshore, LLC c/o B.V. Belk Properties | 20081 | 182353801017974 | $5,508.05 | $5,508.05 | The Claims refer to lease rejection damages and expenses following the Lease Rejection Dates, and thus are not an assertible Administrative Expense Claim |
| 10. | IQ9-200 SW C Ave, LLC | 20455 | 182353801018197 | $20,844.97 | $20,844.97 | The Claims refer to lease rejection damages and expenses following the Lease Rejection Dates, and thus are not an assertible Administrative Expense Claim |
| 11. | KM of Butte, Montana, LP | 8473 | 182353801018108 | $23,259.97 | $23,259.97 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 12. | LF2 ROCK CREEK LP | 18275 | 182353801013645 | $53,610.37 | $53,610.37 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 13. | MISSISSIPPI DHP, LLC | 18102 | 182353801013641 | $29,777.41 | $29,777.41 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |

Debtors' Fifteenth Omnibus Objection
Exhibit A - No Liability Landlord Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

**Schedule of No Liability Landlord Claims**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount to be Expunged | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 14. | MS Portfolio, LLC | 18263 & 17502 & 18008 | 182353801013638 | $370,881.65 | $370,881.65 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 15. | Newpark Mall, LP | 17661 | 182353801017691 | $8,575.18 | $8,575.18 | The Claims refer to lease rejection damages and expenses following the Lease Rejection Dates, and thus are not an assertible Administrative Expense Claim |
| 16. | Orchard Plaza BC LLC | 16628 | 182353801017697 | $18,368.89 | $18,368.89 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 17. | Park City Center LLC | 16097 | 182353801018156 | $131,311.84 | $131,311.84 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 18. | Poughkeepsie Galleria LLC | 11896 | 182353801018433 | $51,797.25 | $51,797.25 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 19. | PR JACKSONVILLE LIMITED PARTNERSHIP | 19564 | 182353801018240 | $108,290.04 | $108,290.04 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 20. | Primestor Development, LLC | 16449 | 182353801018172 | $29,739.38 | $29,739.38 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 21. | Regency Centers L.P (Pike Creek) | 13680 | 182353801018452 | $69,953.90 | $69,953.90 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 22. | RPI Chesterfield LLC | 16744 | 182353801017778 | $20,151.30 | $20,151.30 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 23. | Scotts Valley Phase II | 19363 | 182353801013655 | $110,441.35 | $110,441.35 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 24. | Seminole Towne Center Limited Partnership | 15383 | 182353801017692 | $8,262.28 | $8,262.28 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 25. | Sherthal, LLC | 15365 | 182353801013626 | $24,375.65 | $24,375.65 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 26. | Shillington Plaza LLC | 12875 | 182353801018101 | $29,116.50 | $29,116.50 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' Fifteenth Omnibus Objection**
**Exhibit A - No Liability Landlord Claims**

*In re: Sears Holdings Corporation, et al.*
**Case No. 18-23538 (RDD)**

| | | | | | |
|---|---|---|---|---|---|
|  | | | **Schedule of No Liability Landlord Claims** | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount to be Expunged | Reason for Disallowance and Expungement |
| 27. | Southpark Mall LLC | 15120 | 182353801017676 | $7,693.52 | $7,693.52 | The Claim refers to expenses due following the Lease Rejection Date, and thus is not an assertible Administrative Expense Claim |
| 28. | SWZ LLC f/k/a SWZ Partners, LLC | 17820 | 182353801018520 | $145,131.83 | $145,131.83 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 29. | Times Square Joint Venture, LLP | 15265 | 182353801013622 | $80,245.12 | $80,245.12 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 30. | U.S. Bank, National Association as Trustee, Successor-in-interest to Bank of America, N.A., as Trustee, Successor-by-merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Capital | 17012 & 19568 & 20454 | 182353801017807 | $128,634.51 | $128,634.51 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 31. | VCG Whitney Field LLC | 17620 | 182353801018512 | $21,145.04 | $21,145.04 | The Ballot Amount relates to a lease assumed and assigned by Transform Holdco LLC and is an untimely cure claim barred under the assumption and assignment order entered 5/13/19 (ECF No. 3850). |
| 32. | Westmount Plaza, LLC (fka Westmount Plaza Associates) | 17933 | 182353801013738 | $4,713.44 | $4,713.44 | This Claim is a duplicate to a Blank Ballot Claim, and thus is not an assertible Administrative Expense Claim |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.    3

**<u>Exhibit B</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                         :        CHAPTER 11
                                              :
SEARS HOLDINGS CORPORATION, *et al.*,         :        Case No. 18-23538 (RDD)
                                              :
            Debtors.[1]                       :        (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LANDLORD CLAIMS)

Upon the *Debtors' Fifteenth Omnibus Objection to Claims (No Liability Landlord Claims)*, filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the No Liability Landlord Claims (as defined below), and (ii) granting related relief, all as more fully set forth in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Objection on May 14, 2020 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.     The Objection is granted.

2.     Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Claim listed on **Exhibit 1** annexed hereto (the "**No Liability Landlord Claims**") is disallowed and expunged in its entirety from the Debtors' claims register.

3.     Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the No Liability

Landlord Claims listed on **<u>Exhibit 1</u>** hereto, as to which all of Transform's rights and defenses are expressly reserved

4.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.      The terms and conditions of this Order are effective immediately upon entry.

Dated:    _____, 2020
          White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**No Liability Landlord Claims**