> **THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED CLAIMS. PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, BRODEN N. SANFORD, ESQ., AT (212) 310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON DEBTORS' SEVENTEENTH
## OMNIBUS OBJECTION TO CLAIMS (SATISFIED)

**PLEASE TAKE NOTICE** that, on March 31, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Seventeenth Omnibus Objection to Claims (Satisfied)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and expunge in full one or more claims (the "**Claims**")[2] listed on __Exhibit A__ annexed to this Notice, on the ground(s) that such Claim(s) have been paid or satisfied in full.  **Any Claim that the Bankruptcy Court disallows and expunges will be treated as if it had not been filed and the holder of such Claim will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed to this Notice as __Exhibit B__, shall apply and govern the Objection.  The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods.  Therefore, please review the Claims Hearing Procedures carefully.  Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Claim without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the disallowance and expungement of its applicable Claim(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the disallowance and expungement of its applicable Claim(s), then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **May 5, 2020, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's

---

[2] For purposes of the Objection, any reference to Claims also include any ballots submitted in connection with the Administrative Expense Claims Consent Program (as defined in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370).

WEIL:\97432141\4\73217.0004

designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.

   **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received.  A Response will be deemed timely filed, served, and received only if the original Response is <u>actually</u> <u>received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D.  Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

   **PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **May 14, 2020, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**").  If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response.

   **PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Claims listed on <u>**Exhibit A**</u>, the Debtors retain the right to object on other grounds to the Claim(s) at a later date.  Claimant will receive a separate notice of any such objection(s).

   **PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at <u>www.nysb.uscourts.gov</u>.

      **PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.  **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated:  March 31, 2020
       New York, New York

                                   */s/*  Garrett A. Fail
                                     Ray C. Schrock, P.C.
                                     Jacqueline Marcus
                                     Garrett A. Fail
                                     Sunny Singh
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York  10153
                                     Telephone:  (212) 310-8000
                                     Facsimile:  (212) 310-8007

                                     *Attorneys for Debtors*
                                     *and Debtors in Possession*

WEIL:\97432141\4\73217.0004

**Exhibit A**

Debtors' Seventeenth Omnibus Objection
Exhibit A - Satisfied Landlord Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

**Schedule of Satisfied Landlord Claims**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Paid | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 1. | Braintree Property Associates LP | 16676 | 182353801018475 | $198,114.71 | $198,114.71 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 2. | Brass Mill Center Mall, LLC | 16044 | 182353801013693 | $5,911.76 | $5,911.76 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 3. | Charles Mall Company Limited Partnership | 17692 | 182353801018516 | $52,627.03 | $52,627.03 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 4. | CHM Foothills 7, LLC | 16324 | 182353801017746 | $5,357.25 | $5,357.25 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 5. | Columbia Mall Partnership | 15793 | 182353801018145 | $24,050.12 | $24,050.12 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 6. | Dulles Town Center Mall, LLC | 15081 | 182353801017674 | $5,193.85 | $5,193.85 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 7. | El Centro Mall, LTD | 12226 | 182353801018436 | $25,102.59 | $25,102.59 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 8. | FITCHBURG MFB LLC | 17074 | 182353801017810 | $15,625.00 | $15,625.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 9. | GGP Meadows Mall L.L.C. | 16381 | 182353801017747 | $16,589.02 | $16,589.02 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 10. | GGP-Tucson Mall L.L.C. | 15893 | 182353801017718 | $5,000.00 | $5,000.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 11. | GRAND TETON MALL, LLC | 19746 | 182353801017967 | $11,343.31 | $11,343.31 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 12. | GS Portfolio Holding II, LLC | 16051 | 182353801018153 | $139,142.64 | $139,142.64 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 13. | Hart 155 Industrial LLC (1707 W. Normantown Road) | 17215 | 182353801018491 | $95,733.66 | $95,733.66 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 14. | Hart 155 Industrial LLC (1801 W. Normantown Road) | 16994 | 182353801018481 | $37,563.34 | $37,563.34 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 15. | Hoover Mall Limited, L.L.C. | 17668 | 182353801018154 | $25,959.15 | $25,959.15 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 16. | KDI Rivergate Mall LLC | 15419 | 182353801013631 | $36,105.22 | $36,105.22 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' Seventeenth Omnibus Objection**
**Exhibit A - Satisfied Landlord Claims**

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | **Schedule of Satisfied Landlord Claims** | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Paid | Reason for Disallowance and Expungement |
| 17. | KM-SC, LLC | 17958 | 182353801017849 | $15,282.06 | $15,282.06 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 18. | Lakeline Developers | 16337 | 182353801018166 | $63,741.60 | $63,741.60 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 19. | Lakewood Shopping Center LLC | 17312 | 182353801018493 | $57,779.30 | $57,779.30 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 20. | Levcom Wall Plaza Associates | 14283 | 182353801018450 | $47,598.84 | $47,598.84 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 21. | Loveland KM Corp (Loveland) | 16854 | 182353801018477 | $119,741.13 | $119,741.13 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 22. | Macerich Buenaventura Limited Partnership | 18110 | 1.82354E+14 | $10,444.54 | $10,444.54 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 23. | Macerich Stonewood, LLC | 17981 | 182353801013637 | $26,339.75 | $26,339.75 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 24. | Macerich Victor Valley LP | 17575 | 182353801018508 | $98,413.62 | $98,413.62 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 25. | Mall at Auburn, LLC | 15574 | 182353801018137 | $54,199.02 | $54,199.02 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 26. | Mall at Montgomery, LP | 16430 | 182353801018170 | $21,180.98 | $21,180.98 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 27. | Mall at Tuttle Crossing, LLC | 16981 | 182353801017802 | $8,141.40 | $8,141.40 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 28. | Manco Florida Associates, LLC | 13926 | 182353801018459 | $77,894.28 | $77,894.28 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 29. | Maplewood Mall, LLC | 12135 | 182353801013672 | $7,197.00 | $7,197.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 30. | Mayflower Apple Blossom, LP | 15797 | 182353801017715 | $11,770.51 | $11,770.51 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 31. | MS Portfolio, LLC ( Store # 1618 ; Modesto, CA) | 17434 | 182353801017820 | $15,782.71 | $15,782.71 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 32. | MS Portfolio, LLC (Store #1798; Glendale, AZ) | 18107 | 182353801013643 | $118,675.72 | $118,675.72 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

Debtors' Seventeenth Omnibus Objection
Exhibit A - Satisfied Landlord Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Paid | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| | | | Schedule of Satisfied Landlord Claims | | | |
| 33. | Newport Centre LLC | 16041 | 182353801018151 | $79,788.44 | $79,788.44 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 34. | SPHEAR INVESTMENTS, LLC | 10681 | 182353801018428 | $38,861.14 | $38,861.14 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 35. | Spring Hill Mall L.L.C. | 16361 | 182353801018168 | $45,528.00 | $45,528.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 36. | Town Center at Cobb, LLC | 16611 | 182353801018183 | $28,908.18 | $28,908.18 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 37. | Valley Stream Green Acres LLC | 17408 | 182353801018500 | $212,408.30 | $212,408.30 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 38. | Washington Prime Property Limited Partnership | 13890 | 182353801018457 | $48,649.61 | $48,649.61 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 39. | West Orange Plaza | 15925 | 182353801018149 | $760,530.48 | $760,530.48 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 40. | White Plains Galleria Limited Partnership | 16624 | 182353801018185 | $90,683.06 | $90,683.06 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 41. | Wilton Mall, LLC | 18088 | 182353801013639 | $24,773.29 | $24,773.29 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**<u>Exhibit B</u>**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------- x

## <u>COURT-ORDERED CLAIMS HEARING PROCEDURES</u>

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## <u>Claims Hearing Procedures</u>

1.     Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.     The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Any information submitted in connection with a Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.       The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.       The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(i)       For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(ii)      For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.       Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.       The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.       The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.       **Sanctions**. The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

### DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS
### <u>(SATISFIED)</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

---

**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS.  CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DEBTORS' COUNSEL, BRODEN N. SANFORD, ESQ., AT (212) 310-8737.**

---

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

**Background**

1.    Beginning on October 15, 2018 and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in these chapter 11 cases.

3.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.    On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting*

*Related Relief* (ECF No. 2507) (the "**Sale Order**"), approving that certain Asset Purchase Agreement (as amended, the "**APA**") pursuant to which the Debtors sold substantially all their assets (the "**Sale Transaction**") to Transform Holdco LLC ("**Transform**"). The Sale Transaction closed on February 11, 2019 (the "**Closing Date**").

5.      On September 13, 2019, the Debtors filed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Plan**"). [2] On October 15, 2019, the Bankruptcy Court confirmed the Plan (ECF No. 5370) (the "**Confirmation Order**").

6.      Additional information regarding the Debtors' business, capital structure, and the Plan is set forth in the *Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4478).

## Jurisdiction

7.      This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing and expunging the Claims[3] listed on **Exhibit A** annexed hereto (the "**Satisfied Landlord Claims**"), all of which arose under certain unexpired nonresidential leases that the Debtors were previously a party to.

9.      The Debtors have examined the Satisfied Landlord Claims and have determined that each Satisfied Landlord Claim has been satisfied in full during the Debtors' chapter 11 cases, either by the Debtors prior the Closing Date or by Transform after the Closing Date as required under the APA,

---

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.

[3]  For purposes of this Objection, any reference to Claims also include any ballots submitted in connection with the Administrative Expense Claims Consent Program (as defined in the Confirmation Order).

including as a result of the Debtors having assumed and assigned the unexpired nonresidential leases under which the Satisfied Landlord Claims arose.

10.    The Debtors, therefore, request that the Satisfied Landlord Claims are disallowed and expunged accordingly.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

### The Satisfied Landlord Claims Should Be Disallowed

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

12.    In addition, a Claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority

have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

13.    Further, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order . . . ." Fed. R. Bankr. P. 3007(d)(5).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    The Satisfied Landlord Claims consist of claims asserted by the lessors of certain unexpired nonresidential leases that the Debtors were previously a party to, certain of which leases have been assumed and assigned to Transform.  The Debtors have carefully examined each of the Satisfied Landlord Claims, as well as their books and records, and have determined that each Satisfied Landlord Claim (i) has been paid in full by the Debtors in the ordinary course of business during these chapter 11 cases prior to the Closing Date, (ii) has been paid in full by Transform after the Closing Date as required under the APA.

15.    As no amounts are owed on account of the Satisfied Landlord Claims, and to ensure that the claims register is accurate and does not inaccurately overstate the Debtors' liabilities, and to avoid the possibility of multiple recoveries by the same creditor, the Debtors seek entry of the Proposed Order

disallowing and expunging the Satisfied Landlord Claims (to the extent reflected on **Exhibit A**), from the claims register.

## **Reservation of Rights**

16.     The Debtors hereby reserve the right to object in the future to any of the Claims subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a Claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

## **Notice**

17.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order* Implementing *Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: March 31, 2020
      New York, New York

                */s/* Garrett A. Fail
                Ray C. Schrock, P.C.
                Jacqueline Marcus
                Garrett A. Fail
                Sunny Singh
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:  (212) 310-8007

                *Attorneys for Debtors*
                *and Debtors in Possession*

## Exhibit A

**Satisfied Landlord Claims**

**Debtors' Seventeenth Omnibus Objection**
**Exhibit A - Satisfied Landlord Claims**

*In re: Sears Holdings Corporation, et al.*
**Case No. 18-23538 (RDD)**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Schedule of Satisfied Landlord Claims** | | | | | | |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Paid | Reason for Disallowance and Expungement |
| 1. | Braintree Property Associates LP | 16676 | 182353801018475 | $198,114.71 | $198,114.71 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 2. | Brass Mill Center Mall, LLC | 16044 | 182353801013693 | $5,911.76 | $5,911.76 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 3. | Charles Mall Company Limited Partnership | 17692 | 182353801018516 | $52,627.03 | $52,627.03 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 4. | CHM Foothills 7, LLC | 16324 | 182353801017746 | $5,357.25 | $5,357.25 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 5. | Columbia Mall Partnership | 15793 | 182353801018145 | $24,050.12 | $24,050.12 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 6. | Dulles Town Center Mall, LLC | 15081 | 182353801017674 | $5,193.85 | $5,193.85 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 7. | El Centro Mall, LTD | 12226 | 182353801018436 | $25,102.59 | $25,102.59 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 8. | FITCHBURG MFB LLC | 17074 | 182353801017810 | $15,625.00 | $15,625.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 9. | GGP Meadows Mall L.L.C. | 16381 | 182353801017747 | $16,589.02 | $16,589.02 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 10. | GGP-Tucson Mall L.L.C. | 15893 | 182353801017718 | $5,000.00 | $5,000.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 11. | GRAND TETON MALL, LLC | 19746 | 182353801017967 | $11,343.31 | $11,343.31 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 12. | GS Portfolio Holding II, LLC | 16051 | 182353801018153 | $139,142.64 | $139,142.64 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 13. | Hart 155 Industrial LLC (1707 W. Normantown Road) | 17215 | 182353801018491 | $95,733.66 | $95,733.66 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 14. | Hart 155 Industrial LLC (1801 W. Normantown Road) | 16994 | 182353801018481 | $37,563.34 | $37,563.34 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 15. | Hoover Mall Limited, L.L.C. | 17668 | 182353801018154 | $25,959.15 | $25,959.15 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 16. | KDI Rivergate Mall LLC | 15419 | 182353801013631 | $36,105.22 | $36,105.22 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' Seventeenth Omnibus Objection**
**Exhibit A - Satisfied Landlord Claims**

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

### Schedule of Satisfied Landlord Claims

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Paid | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 17. | KM-SC, LLC | 17958 | 182353801017849 | $15,282.06 | $15,282.06 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 18. | Lakeline Developers | 16337 | 182353801018166 | $63,741.60 | $63,741.60 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 19. | Lakewood Shopping Center LLC | 17312 | 182353801018493 | $57,779.30 | $57,779.30 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 20. | Levcom Wall Plaza Associates | 14283 | 182353801018450 | $47,598.84 | $47,598.84 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 21. | Loveland KM Corp (Loveland) | 16854 | 182353801018477 | $119,741.13 | $119,741.13 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 22. | Macerich Buenaventura Limited Partnership | 18110 | 1.82354E+14 | $10,444.54 | $10,444.54 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 23. | Macerich Stonewood, LLC | 17981 | 182353801013637 | $26,339.75 | $26,339.75 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 24. | Macerich Victor Valley LP | 17575 | 182353801018508 | $98,413.62 | $98,413.62 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 25. | Mall at Auburn, LLC | 15574 | 182353801018137 | $54,199.02 | $54,199.02 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 26. | Mall at Montgomery, LP | 16430 | 182353801018170 | $21,180.98 | $21,180.98 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 27. | Mall at Tuttle Crossing, LLC | 16981 | 182353801017802 | $8,141.40 | $8,141.40 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 28. | Manco Florida Associates, LLC | 13926 | 182353801018459 | $77,894.28 | $77,894.28 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 29. | Maplewood Mall, LLC | 12135 | 182353801013672 | $7,197.00 | $7,197.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 30. | Mayflower Apple Blossom, LP | 15797 | 182353801017715 | $11,770.51 | $11,770.51 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 31. | MS Portfolio, LLC ( Store # 1618 ; Modesto, CA) | 17434 | 182353801017820 | $15,782.71 | $15,782.71 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 32. | MS Portfolio, LLC (Store #1798; Glendale, AZ) | 18107 | 182353801013643 | $118,675.72 | $118,675.72 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

2

Debtors' Seventeenth Omnibus Objection
Exhibit A - Satisfied Landlord Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount | Amount Paid | Reason for Disallowance and Expungement |
|---|---|---|---|---|---|---|
| 33. | Newport Centre LLC | 16041 | 182353801018151 | $79,788.44 | $79,788.44 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 34. | SPHEAR INVESTMENTS, LLC | 10681 | 182353801018428 | $38,861.14 | $38,861.14 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 35. | Spring Hill Mall L.L.C. | 16361 | 182353801018168 | $45,528.00 | $45,528.00 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 36. | Town Center at Cobb, LLC | 16611 | 182353801018183 | $28,908.18 | $28,908.18 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 37. | Valley Stream Green Acres LLC | 17408 | 182353801018500 | $212,408.30 | $212,408.30 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 38. | Washington Prime Property Limited Partnership | 13890 | 182353801018457 | $48,649.61 | $48,649.61 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 39. | West Orange Plaza | 15925 | 182353801018149 | $760,530.48 | $760,530.48 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 40. | White Plains Galleria Limited Partnership | 16624 | 182353801018185 | $90,683.06 | $90,683.06 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |
| 41. | Wilton Mall, LLC | 18088 | 182353801013639 | $24,773.29 | $24,773.29 | The Ballot Amount was paid by the Debtors or Transform Holdco LLC |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.    3

## Exhibit B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                           :           **Chapter 11**
                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*,       :           **Case No. 18-23538 (RDD)**
                                                :
          **Debtors.**[1]                       :           **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' SEVENTEENTH
## OMNIBUS OBJECTION TO CLAIMS (SATISFIED LANDLORD CLAIMS)

Upon the *Debtors' Seventeenth Omnibus Objection to Claims (Satisfied Landlord Claims)*,

filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007

of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing

and expunging the Satisfied Landlord Claims, and (ii) granting related relief, all as more fully set forth in

the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order*

*of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

relief requested in the Objection having been provided, and it appearing that no other or further notice

need be provided in accordance with the Amended Case Management Order; and such notice having been

adequate and appropriate under the circumstances, and it appearing that other or further notice need be

provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection

on May 14, 2020 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings

had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual

bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests

of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and

sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each

Satisfied Landlord Claim listed on **Exhibit 1** annexed to this Order is disallowed and expunged in its

entirety (to the extent reflected on **Exhibit 1**), and each such Satisfied Landlord Claim shall be deleted

from the claims register.

3.      Nothing in this Order or in the Objection (i) constitutes any finding or determination

concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC

or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or

(ii) imposes any obligation on Transform to satisfy any of the No Liability Claims listed on **Exhibit 1**

hereto, as to which all of Transform's rights and defenses are expressly reserved.

4.      This Order has no res judicata, estoppel, or other effect on the validity, allowance,

or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect

to, any Satisfied Landlord Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

5.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.

Dated:    _____, 2020
          White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Satisfied Landlord Claims**