UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                      :   Chapter 11
                                                           :
SEARS HOLDINGS CORPORATION, *et al.*,                      :   Case No. 18-23538 (RDD)
                                                           :   (Jointly Administered)
            Debtors.[1]                                    :
                                                           :   Re: Docket No. 1498
                                                           :
------------------------------------------------------------ x

## SECOND SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE STATEMENT OF JOANNE SEMEISTER, ON BEHALF OF MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

| | |
|---|---|
| STATE OF PENNSYLVANIA ) | |
| ) ss: | |
| COUNTY OF PHILADELPHIA ) | |

Joanne Semeister, being duly sworn, upon his oath, deposes and says as follows (the "**Second Supplemental Affidavit and Disclosure**"):

1. I am a partner of Montgomery McCracken Walker & Rhoads LLP, located at 1735 Market Street, Philadelphia, PA 19103 (the "**Firm**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.  Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), previously requested that the Firm provide legal services to the Debtors as an ordinary course professional.

3.  On December 28, 2018, I executed the *Affidavit and Disclosure Statement of Joanne Semeister, On Behalf of Montgomery McCracken Walker & Rhoads LLP* (the "**Original OCP Affidavit and Disclosure**"). On January 4, 2019, the Debtors filed their *Notice Of Filing Of Supplemental Ordinary Course Professionals List* (Docket No. 1498), attached to which at pages 77-82 was the Original OCP Affidavit and Disclosure.

4.  In the Original OCP Affidavit and Disclosure, I disclosed that:

   (a) the "Services" to be rendered to the Debtors include, but are not limited to, providing "real estate legal advice as local counsel for Pennsylvania" *Original OCP Affidavit and Disclosure* at ¶ 3,

   (b) "[t]he Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained. The Firm currently represents creditors New View Gifts & Accessories, Ltd.; Trustee of Hanjin Shipping and Verifone (also a vendor) in these chapter 11 cases in matters which are unrelated to the Services to be provided to the Debtors. The Firm may, in the future, represent creditors of the Debtors in matters unrelated to the aforementioned Services to be provided to the Debtors" *Original OCP Affidavit and Disclosure* at ¶ 4,

   (c) "[n]either I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained" *Original OCP Affidavit and Disclosure* at ¶ 6, and

   (d) "[t]he Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any

time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit" *Original OCP Affidavit and Disclosure* at ¶ 7.

5. On August 12, 2019, I filed a supplement (the "**Supplement**") to my Original OCP Affidavit and Disclosure in which I stated that several attorneys had joined the Firm and were representing certain additional entities that are parties in interest in the Debtors' bankruptcy cases, in matters which are unrelated to the Services to be provided to the Debtors. Those entities included: Casio America Inc.; Bradshaw Westwood Trust; RREEF America REIT II Portfolio L.P.; Sakar International Inc.; Giza Spinning & Weaving Co.; BST International Fashion Ltd.; The Moret Group; Hankook Tire America Corp.; A&A (H.K.) Industrial Limited; Estates of Brenna N. Africa and McKenzie Molinaro; Crossroads Mall, LLC.

6. Following the filing of the Supplemental Affidavit and Disclosure, my firm has been engaged to represent additional creditors, as well as several entities that allegedly received preferential transfers, including, but not limited to, Sakar International Inc., A Classic Time Watch Co. Inc., Nutty Naturals LLC, Garland Sales Inc. Moret SK LLC, Adesso-Madden Inc., The Asean Corporation, Dolce Vita Footwear, Jay Franco & Sons Inc., MJC International Group LLC, Norcell, Inc, Textiles from Europe, Inc., Exquisite Apparel Corp., Topline Corporation, Verifone, Inc., and S. Lichtenberg & Co. Inc. My firm's representation of these entities is completely unrelated to the Services I have provided and am providing to the Debtors and my firm will not engage in any representation in these cases that relates to the Services.[2]

7. Subject to the additional client disclosures set forth in this Second Supplemental Affidavit and Disclosure, the disclosures and statements made in the *Original OCP Affidavit and*

---

[2] Additionally, David Banker, a partner of my firm, has been identified as a mediator in procedures orders governing certain preference actions. That work is also completely unrelated to the Services I have provided and am providing to the Debtors.

-3-

*Disclosure* and *Supplemental Affidavit and Disclosure* remain true and correct, including that (a) neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm, (b) neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained, and (c) that at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will further supplement the information contained in the Original OCP Affidavit and Disclosure, as supplemented.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge information and belief, and that this Second Supplemental Affidavit and Disclosure was executed in Philadelphia, Pennsylvania on March 16, 2020.

_____
Joanne Semeister

SWORN TO AND SUBSCRIBED before me this 16th day of March 2020

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
LISE ANN HARRIS, Notary Public
Chester County
My Commission Expires August 27, 2023
Commission Number 1352239