**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Creditor, iStar Jewelry LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

In Re:

SEARS HOLDINGS CORPORATION, et. al.

Debtor.

Case No.: 18-23538 (RDD)
(Jointly Administered)

Chapter 11 Proceeding
Hon. Robert D. Drain, U.S.B.J.

Hearing Date: April 29, 2020 at 10:00 a.m.

### OBJECTION OF ISTAR JEWELRY LLC d/b/a STANLEY CREATIONS TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO BALLOTS

**PLEASE TAKE NOTICE** iStar Jewelry LLC ("iStar"), by an through the counsel, Brach Eichler L.L.C., hereby tenders its response to Sears Holding Corporation and its affiliates' (collectively, the "Debtors") Fourteenth Omnibus Objection to Ballots, and respectfully states as follows:

### RELEVANT FACTS AND PROCEDURAL HISTORY

1. iStar is the holder of three (3) 503(b)(9) administrative priority claims against the Debtors, in the aggregate amount of $134,165.91. These 503(b)(9) administrative priority claims are identified under Claim Nos.: 6597, 6744 and 6767, which were filed against the debtors, Sears, Roebuck and Co. ("Sears") and Kmart Corporation ("Kmart").[1]

---

[1] iStar previously held a fourth (4) 503(b)(9) claim against the Debtors, identified as Claim # 6729. The 503(b)(9) portion of this claim was transferred to Tanner Partners Credit Fund, LP and is not discussed herein.

BE:10943622.1/CHE228-276629

**A.     Claim # 6767**

2.     iStar's 503(b)(9) claim against the Sears debtor which form the basis of Claim No.: 6767, arises from consigned goods sold, pursuant to the terms of a Scanned Based Trading Agreement, dated August 27, 2018 (the "SBT Agreement"), by and between iStar and Sears/Kmart.

3.     As set forth on iStar's Claim # 6767, Sears failed to pay $75,047.42 for iStar's consigned goods sold by Sears. Of this amount, $25,021.74 in goods was sold within twenty (20) days of the Petition Date. **See Soranno Cert., Ex. "A"**.

4.     Under the terms of the SBT Agreement, iStar retained "title and ownership of such merchandise until the merchandise is scanned by [Sears] at the register, at which time [Sears] purchases the merchandise and instantaneously resells it to the retail customer." **See Soranno Cert., Ex. "B"**.

5.     The SBT Agreement further provides that Sears "only pays [iStar] for merchandise that is scanned by [Sears] at the register." **See Soranno Cert., Ex. "B"**.

**B.     Claim # 6744**

6.     iStar's 503(b)(9) claim against the Kmart debtor which form the basis of Claim No.: 6744, also arises from the SBT Agreement by and between iStar and Sears/Kmart.

7.     As set forth on iStar's Claim # 6744, Kmart failed to pay $$229,717.58 for iStar's consigned goods sold by Sears. Of this amount, $88,051.59 in goods was sold within twenty (20) days of the Petition Date. **See Soranno Cert., Ex. "C"**.

**C.     Claim # 6597**

8.     iStar's 503(b)(9) claim against the Kmart debtor which form the basis of Claim # 6597 do not arise from the SBT Agreement, but were goods directly sold to Kmart by iStar. **See Soranno Cert., Ex. "D"**.

- 2 -

Pg 3 of 6

9. As set forth on iStar's Claim # 6597, Sears failed to pay $54,922.18 to iStar's for goods directly sold to Kmart under purchase orders. Of this amount, $21,092.58 in goods sold to Sears were delivered within twenty (20) days of the Petition Date, and form the basis of the 503(b)(9) portion of Sears' claim # 6597. **See Soranno Cert., Ex. "D".**

**C.    iStar's Acceptance of Administrative Claim Procedures**

10. On November 20, 2019, iStar voted to Opt-In to Sears' Administrative Claims Consent Program and returned its ballot, which identified the $134,165.91 in administrative priority claims which it held pursuant to Section 503(b)(9) of the Bankruptcy Code, as set forth in its Proofs of Claim No.: 6597, 6744 and 6767. **See Soranno Cert., Ex. "E".**

11. Pursuant to the Administrative Claims Consent Program, as a result of its Opt-In, iStar should have been paid 75% of its Administrative Claim within thirty (30) days of its receipt of iStar's Opt-In ballot.

12. However, Sears failed to pay iStar the amount of its Administrative Claim as required. Moreover, Sears failed to provide iStar payment on its administrative claim, and merely advised iStar that:

> The Debtors were able to reconcile and allow the claims listed on the notice that was filed with the Court but were not able to reconcile all claims that have been asserted. Following the initial distribution, the Debtors will be working to resolve the remaining claims in the most efficient manner for the benefit of all creditors.
>
> **See Exhibit "F"**.

13. iStar did not have further contact from the Debtors on this matter until the filing of their Fourteenth Omnibus Objection to Ballots on March 14, 2020.

BE:10943622.1/CHE228-276629

## OBJECTION

**I.  ISTAR IS ENTITLED TO THE FULL AMOUNT OF ITS $134,165.91 ADMINISTRATIVE CLAIM PURUSANT TO SECTION 503(b)(9) OF THE BANKURPTCY CODE**

Section 503 of the Bankruptcy Code provides that:

**(a)** An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

**(b)** After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –

*********************************************************

**(9)** the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

iStar respectfully submits that Sears/Kmart have received $134,165.91 goods sold under purchase orders and/or the parties' SBT Agreement within twenty (20) days of the Petition Date, and are entitled to the full amount of their claim under Section 503(b)(9) of the Bankruptcy Code. The goods received by Sears/Kmart include $21,092.58 in goods sold to, delivered to and received by Kmart under asset purchase orders and $113,073.33 in goods which wee sold by Sears/Kmart within the twenty (20) day period before the Debtors' bankruptcy, which were received by Sears when title passed to them from iStar, pursuant to the terms of the SBT Agreement.

**II.  IN THE ALTERNATIVE, ISTAR SHOULD BE ALLOWED A 503b)(9) ADMINISTRATIVE EXPENSE CLAIM OF $87,481.53**

iStar understands that Court in other jurisdictions have ruled that the term "received," as set forth in Section 503(b)(9) of the bankruptcy code means the date that the "debtor took physical possession of goods," and not the "date that title to the goods passed" from the creditor to the Debtor. See e.g. In re Circuit City Stores, Inc., 432 B.R. 225 (Bankr. E.D. Va. 2010).

- 4 -

iStar respectfully submits that there is no guidance in the Southern District of New York either supporting or refuting the determination made by the Bankruptcy Court in Circuit City Stores. However, even if this Court adopts the interpretation made in Circuit City Stores, iStar respectfully submits that it would still be entitled to assert a Section 503(b)(9) administrative priority claim of $31,339.19, representing:

1. $21,092.58 in asset goods sold and delivered to and received by Kmart within twenty (20) days of the Petition Date; and

2. $10,246.61 in SBT goods shipped to and received by Sears/Kmart within twenty (20) days of the Petition Date.

**See Certification of Brian Roth ("Roth Cert.")**

There appears to be no dispute that iStar is entitled to assert an administrative priority claim on the asset goods delivered to and received by Kmart, as the Debtors have conceded that iStar is allowed to at least $23,884.45. However, the because the Debtors have conceded that iStar is entitled to more than the value of its asset goods sold, they have essentially conceded that they have received SBT items within the twenty (20) day period before their Bankruptcy, which were sold, but not paid for.

However, the Debtors' internal totals do not match those set forth in iStar's internal books and records. As set forth in Exhibit "F" to the attached Certification, the Debtors received $10,246.61 in SBT goods to their Illinois warehouse between September 24, 2018 and October 8, 2018.

As recognized by the Bankruptcy Court for the District of Connecticut in the matter of In re O.W. Bunker Holding North America, Inc., 607 B.R. 32, 38 (Bankr. D. Conn. 2019), "Possession may be actual or constructive, and occurs when the seller can no longer stop delivery and is left only with the remedy of reclamation." Consequently, once the goods were delivered to Sears' Illinois warehouse, they would be considered "received" by Sears, even under

BE:10943622.1/CHE228-276629

the restrictive interpretation of Section 503(b)(9) set forth in Circuit City Stores. Under the Bankruptcy Court's ruling in O.W. Bunker Holding North America, Inc., the Debtors would have "received" the SBT goods even if "a bailee of the debtor/buyer…had physical possession" of the goods, as opposed to the Debtors themselves, because iStar's only remedy was reclamation of these goods. Id at 43.

For this reason, even if this Court does adopt the holding by the Court in Circuit City Stores, the Court should nonetheless allow iStar to assert an Administrative Expense Claim in an amount not less than $31,339.19.

## CONCLUSION

Wherefore, iStar respectfully requests this Honorable Court to deny the Debtors' Fourteenth Omnibus Objection to Ballots, as it relates to iStar's ballot, or in the alternative, permit iStar an allowed administrative expense claim of $31,339.19.

Dated:    April 3, 2020
          Roseland, New Jersey

**BRACH EICHLER L.L.C.**
Attorneys for Creditor, iStar Jewelry LLC
101 Eisenhower Parkway
Roseland, New Jersey  07068-1067


By: /s/ Carl J. Soranno
    Carl J. Soranno, Esq.