UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors[1]. | Case No. 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

### MOTION FOR EXTENSION OF TIME TO STATE POSITION AS TO DEBTOR'S FOURTEENTH OMNIBUS OBJECTION TO BALLOTS

TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:

    COME NOW Puerto Rico Supplies Group, Inc. and its subsidiaries and/or affiliates, Glamour Corporation, Healthtex Distributors PR, Inc., PRS Export Group, LLC, PRS On Time Distributors, LLC. (collectively "PRSG"), creditor in the above-captioned bankruptcy case.

    1.    On March 13, 2020, Debtors filed a Fourteenth Omnibus Objection to Ballots seeking to reduce claims asserted by PRSG, among others (Dkt No. 7453).

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.  PRSG's claims in question are the following:

| Ref #: | Claimant | Claim Amount | Proposed Allowed Amount | Reason for Proposed Reduction |
|---|---|---|---|---|
| 63 | Glamour Corporation | $141,698.44 | $108,539.46 | The Debtors' books and records do not indicate liability for the Claim Amount, and Debtors believe claimant only holds a valid administrative expense claim for the Final Allowed Amount |
| 134 | PRS on Time Distributors, LLC | $9,091.37 | $0.00 | The Debtors' books and records do not indicate liability for the Claim Amount, and Debtors believe claimant only holds a valid administrative expense claim for the Final Allowed Amount |
| 135 | Puerto Rico Supplies Group | $196,578.73 | $101,625.26 | The Debtors' books and records do not indicate liability for the Claim Amount, and Debtors believe claimant only holds a valid administrative expense claim for the Final Allowed Amount |

3.  PRSG's claims were filed with all of the evidence in support of the referenced claims, which contradicts Debtors objection. Notwithstanding, in light of the objection, PRSG is in the process of reconciling its claims.

4.  Nevertheless, a national emergency was declared by the President of the United States on March 13, 2020, under the National Emergencies Act (50 U.S.C. § 1601 et seq.). Thereafter, on March 15, 2020, the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, issued the Executive Order No. OE-2020-023, wherein all residents of Puerto Rico were to remain in their homes, with several exceptions not applicable to lawyers or law firms, and suspending all private economic activity until March 30, 2020. This Executive Order was recently extended up and until May 8, 2020. The Executive Order has resulted in stern consequences for many, including the undersigned counsel. Under the strict provisions of the Executive Order No. OE-2020-023, the undersigned counsel has been strictly confined to home, unable to gain any access to the office and office files.

5. Furthermore, the undersigned counsel is mother to two (2) minor children, who for the past three (3) weeks have been in confinement, because of Executive Order No. OE-2020-023, but also because of strict preventive measures taken by their school in order to address the emergency situation caused by the COVID-19 pandemic. Significantly, the school has required, and the minor children need, homeschooling, task which has been forcefully undertaken by the undersigned, leaving little or no time for professional affairs.

6. In these dire times, parents are not only the family pillars, but also fully in charge of our children's' education, health and wellbeing. That is the case for the undersigned. As a result, the undersigned has been unable to comply with stringent deadlines imposed in this case.

7. In spite all efforts expended by PRSG and the undersigned counsel to comply with the pressing deadline to file a timely response, the lockdown and effects resulting therefrom, render the deadline burdensome, as parties and counsel are unable to meet and effectively exchange and review documentation.

8. Due to the dire situation, beyond the control of the parties, which substantially impacts the ability to complete the briefing in a timely manner, PRSG requests to be allowed an extension of time of fourteen (14) days to submit its position as to the objection.

9. The instant request is reasonable in light of the complexities and prolonged history of the case and the national emergency situation affecting everyday life, work and procedures.

10. Appellant seeks this extension of time, for good cause shown, to allow PRSG with a reasonable time to respond to Debtor's objections, allowing PRSG an opportunity to able to prepare a complete and cogent opposition to aid this Court in its analysis of the issues presented. This request is not sought for delay but so that justice may be done.

11.     Finally, and for the reasons stated above, PRSG seeks waiver of service of documents via regular mail, overnight delivery, or hand delivery, pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures dated November 1, 2018 (Docket No. 405), and allow service exclusively by electronic mail, in order to avoid travel outside of the government mandated confinement, per regulations, official guidance and precautions regarding the COVID-19 virus.

**WHEREFORE** it is respectfully requested that this Honorable Court grants this request for an extension of time of fourteen (14) days to file PRSG's position as to Debtor's objections to claims, while allowing service by electronic mail.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 6th day of April 2020.

**MRO Attorneys at Law, LLC**
*Attorneys for PRSG*
PO Box 367819
San Juan, P.R. 00936-7819
Tel: (787) 404-2204
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com

*s/ Myrna L. Ruiz-Olmo*
USDC-PR No. 223209