Salene R.M. Kraemer, Esquire
NY ID No. 5228580
skraemer@bernsteinlaw.com
BERNSTEIN-BURKLEY, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA  15219
(412) 456-8100 Telephone
(412) 456-8135 Facsimile
*Counsel for Exacme c/o Newacme, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: SEARS HOLDING CORPORATION, et al., Debtors1. | Chapter 11<br><br>Bankruptcy No. 18-23538 (RDD) |
| SEARS HOLDING CORPORATION *et al*, Movants,<br><br>v.<br><br>EXACME C/O NEWACME, LLC., Respondents. | Related Docket No. 7477<br><br>Hearing Date: April 29, 2020, at 10:00 a.m. (EST)<br><br>Objection Deadline: April 8, 2020 |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RESPONSE OF EXACME c/o NEWACME, LLC. TO DEBTORS' MOTION (I) TO ALLOW ADMINISTRATIVE CLAIMS AND (II) GRANTING OTHER RELATED RELIEF [CM/ECF #7477]

**TO THE HONORABLE UNITED STATED BANKRUPTCY JUDGE:**

Exacme c/o Newacme, LLC ("Claimant" or "Newacme"), by and through its undersigned counsel, hereby files this Response ("Response") in Opposition to DEBTORS' MOTION (I) TO ALLOW ADMINISTRATIVE CLAIMS AND (II) GRANTING OTHER RELATED RELIEF [CM/ECF #7477] (the "Motion') and respectfully states as follows:

### BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Chapter 11 Cases) in the United States Bankruptcy Court for the Southern District of New York (this Honorable "Court").

2. A party-in-interest in this case, Newacme filed an Amended Proof of Claim on March 28, 2019, asserting a claim in the amount of $99,841.19, of which $57,708.30 is asserted as general unsecured debtor and $42,132.89, as a Section 503(b)(9) Admin Priority Claim. A true and correct copy of the claim is attached hereto as EXHIBIT A (Claim #12227) (the "Claim").

3. On February 18, 2020, the Debtors file a Thirteenth Omnibus Objection to Claims ("13th Claims Objection"), including Claim #12227, seeking to reclassify the whole of such claim as a general unsecured claim and not as an administrative claim pursuant to either

Code 503(b)(9) or Code 503(b)(1).   The Debtors' 13th Claims Objection states that the "Reason for the Proposed Reclassification" is that "The Claim does not relate to goods received 'by the Debtors.  Newacme filed an objection to the Claims Objection, the entirety of which is attached hereto as EXHIBIT B and incorporated herein in its entirety. The Thirteenth Claims Objection is set for hearing on April 29, 2020.

4. On March 18, 2020, the Debtors filed the DEBTORS' MOTION (I) TO ALLOW ADMINISTRATIVE CLAIMS AND (II) GRANTING OTHER RELATED RELIEF [CM/ECF #7477] (the "Motion")  seeking to grant the Claimant a Code 503(b)(1) Allowed Administrative Claim for post-Petition open invoices only in the amount of $4,908.44 .

## BASIS FOR OBJECTION TO MOTION

5. The Debtors inaccurately calculated the allowed amount of an asserted 503(b)(1) claim for the Claimant.   See Explanation of 503(b)(1) Admin Claim attached hereto as EXHIBIT C.

6. Bankruptcy Code Section 507(a)(2) grants priority for the "actual, necessary costs and expenses of preserving the estate" allowed as administrative expenses under section 503(b)(1).   As a general matter, a movant may establish a prima facie case for section 503(b) allowance by showing that the claim (i) arose from a transaction with the debtor and (ii) benefitted the debtor's estate.  The "benefit" requirement has no independent basis in the Bankruptcy Code.

7. In the course of business between Sears and Newacme, and as was industry standard, Sears paid Newacme on invoices that were net-14 which was about 2 weeks after proof of delivery of goods to customers.

8.  Newacme takes the position that it is entitled to a 503(b)(1) claim on all such invoices on which a right to payment came due post-Petition Date.  These invoices total: $46,474, ($45,131.48 for goods delivered to customers plus $1,343.04 for sale taxes).

9.  For all the foregoing reasons, the Claimant respectfully request that the Motion be denied as to the claim of Newacme and that this Court grant Newacme an allowed claim in the amount of $46,474 for these invoices that came due post-petition.  Newacme reserves it right to argue and defend the 13th Omnibus Claims Objection as it relates to the 503(b)(9) administrative priority claim for certain invoices that came due pre-petition.

Respectfully submitted,

Dated: April 8, 2020

Salene R.M. Kraemer, Esquire
NY ID No. 5228580
skraemer@bernsteinlaw.com
BERNSTEIN-BURKLEY, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA  15219
(412) 456-8100 Telephone
(412) 456-8135 Facsimile
*Counsel for Exacme c/o Newacme, LLC*