Exacme c/o Newacme LLC
DBA EXACME at Sears.com and its marketplace
2808 Vail Ave,
Commerce, CA 90040
(805)444-6102
sales@exacme.com

Claimant

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, | Case No. 18-23538 (RDD) |
| *et al.*,[1] | |
| Debtors. | (Jointly Administered) |

**RESPONSE OF EXACME c/o NEWACME, LLC (Claimant, Claim # 12227) IN OPPOSITION TO DEBTORS'**

**THIRTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

**(RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) [DOCKET 7302]**

---

[1] 1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**TO THE HONORABL UNITED STATED BANKRUPTCY JUDGE:**

Exacme c/o Newacme, LLC ("Claimant"), as its Response ("Response") in Opposition to Debtors' THIRTEENTH OMNIBUS OBJECT TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS) ("Objection"), respectfully states as follows:

**Statement**

Claimant filed the Amended Proof of Claim on March 28, 2019 and stated that $99841.19 of its claim is entitled to administrative priority pursuant ( Claim #12227) (the "Claim"). The Debtors Objection states that the "Reason for the Proposed Reclassification" is that "The Claim does not relate to goods received 'by the Debtors.'"

**Response**

The claim should not be reclassified for the following reasons:

1.   The goods in question were sold on Sears.com and its related marketplace, such as k-mart, etc.  The product descriptions, listings, images, inventory and price details related to the goods were uploaded to the Sears.com online marketplace by Claimant at written or video guidance from the Debtors' support team. Once product

information uploaded to the Debtors' server, the Debtors' marketplace team advertise the products to Debtors' customers and complete the sale of those goods through the Debtors' sales channel. Debtor collected customers' payment and direct the Claimant to ship the goods on behalf of the Debtors to the customers with customers' addresses and information provided by the Debtors. After completion of transaction, in our case (Claim #12227), the Debtors did not remit the Claimant for orders completed and fulfilled. All these orders were fulfilled by the Claimant per Debtor's requirement in 1 or 2 business days to the customers; tracking numbers, order time, fulfil time, and order details are submitted in Claim documents. Therefore, the basic foundation of Debtors' Objection as it applies to Claimant is misplaced.

    2.    The following four actions of the Debtors, 1) reported the sale of the goods in their revenue numbers, 2) collected and remitted sales tax as due on the sales of these goods, 3) controlled the marketplace where the goods were sold; and 4) collected all pertinent information as well as the payment from the end customer, expressed the fact that Debtors treated these transactions as their sales of goods. The Claimant stored and shipped the goods to the ultimate customer on behalf of the Debtors for the efficiency of the selling process handled by the Debtors. These facts indicate that Debtors took possession of the goods and therefore the Claim should qualify as a Priority Administrative Claim. Debtors' attempt to argue that Debtors never directly received the goods and therefore the Claim should be reclassified is nonfoundational.

3.     The customer ordered goods from the Debtors' marketplace and made payment to the Debtors and thus to complete the order. The funds are in possession of the Debtor after customer placed an order. The Claimant fulfilled ordered per the Debtor's requirement after received order information from the Debtor. The funds related to all unpaid transactions between the Debtor and the Claimant should be treated as debt of the Debtors. If as objected by the Debtor, these funds should be not treated as Debtor's debt, then these funds should be treated as Trust or withholding for the Claimant. As a result, the Claimant requires the Debtor to turn over these funds to the Claimant since the Debtor is in possession of these funds, $99841.19, as indicated in amended claim # 12227.

## CONCLUSION

We, Exacme c/o Newacme, LLC, for all of the foregoing reasons, prays that the Bankruptcy Court:

1)     Overrule the Objection. The Debtor did receive the Claimant's goods as required and sent to the customer; and

2)     Direct the Debtors to negotiation the resolution of Claimant's claim in accordance with the terms of the Claims Procedures Order; or

3)     Order the Debtor turn over funds collected from customer but not remitted to the Claimant.

**Please Take Notice** that Zhenyu Cheng, managing member, possesses the ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf. Mr. Cheng can be reached at 2808 Vail Ave Commerce, CA 90040 or at phone (805)444-6102.

Dated: March 8 2020

I declare under penalty of perjury of the laws of the New York that the foregoing is true to the correct of my own knowledge.

Signature:

Date :

Respectfully submitted,

Zhenyu Cheng, Managing member
Exacme c/o Newacme LLC
DBA EXACME at sears.com marketplace
2808 Vail Ave
Commerce, CA 90040
(805)4446102
sales@exacme.com