**Hearing Date and Time: April 23, 2020 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: April 16, 2020 at 4:00 p.m. (Eastern Time)**

MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277
James P. Chou
Ted A. Berkowitz
Danielle J. Marlow

*Proposed Special Conflicts Counsel to the Official Committee*
*of Unsecured Creditors of Sears Holding Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY MORITT HOCK & HAMROFF LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2020**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") respectfully submits this application (the "Application"),[2] pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Creditors' Committee to retain and employ Moritt Hock & Hamroff LLP ("Moritt Hock") as its special conflicts counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), and in particular with matters pertaining to the Jointly Asserted Causes of Action, as described below, effective *nunc pro tunc* to January 2, 2020. In support of this Application, the Creditors' Committee respectfully submits the Declaration of James P. Chou, a partner at Moritt Hock (the "Chou Declaration"), and the Declaration of Ronald M. Tucker, not in his individual capacity but solely on behalf of Simon Property Group L.P., in its capacity as chair of the Creditors' Committee (the "Tucker Declaration" and, together with the Chou Declaration, the "Declarations"), attached hereto as Exhibit B and Exhibit C, respectively. In further support of this Application, the Creditors' Committee respectfully represents as follows.

---

[2] The *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 5370] (the "Confirmation Order") provides that the Litigation Designees are authorized "without further order of this Court . . . [to retain] additional professionals or consultants (including attorneys, appraisers, financial advisors, expert witnesses or other parties determined by the Initial Litigation Designees to have the qualifications necessary or desirable to asset in the investigation, prosecution and/or settlement of the Jointly Asserted Causes of Action."). Confirmation Order ¶ 22. Notwithstanding the foregoing authorization in the Confirmation Order, the Creditors' Committee files this Application because, in addition to its anticipated services to the Litigation Designees, Moritt Hock also has been assisting the Creditors' Committee with its ongoing investigation pursuant to Bankruptcy Rule 2004.

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

4. On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.[3]

5. The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6. On October 24, 2018, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102 [ECF No. 276].[4] On December 10, 2018, the Bankruptcy Court entered an order authorizing the Creditors' Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP

---

[3] The Debtors in these Chapter 11 Cases that filed after the Petition Date, along with the last four digits of each Debtor's federal tax identification number are, as follows: (i) SHC Licensed Business LLC (3718); and (ii) SHC Promotions LLC (9626).

[4] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; and (viii) Winiadaewoo Electronics America, Inc.

2

("Akin Gump") to serve as its counsel. On December 18, 2018, the Bankruptcy Court entered orders authorizing the Creditors' Committee to retain (i) FTI Consulting, Inc., to serve as its financial advisor, *nunc pro tunc* to October 25, 2018, and (ii) Houlihan Lokey Capital, Inc. ("Houlihan"), to provide investment banking services, *nunc pro tunc* to October 29, 2018.

## THE JOINTLY ASSERTED CAUSES OF ACTION

7.  Pursuant to the Order (i) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors (the "Plan") and (ii) Granting Related Relief [ECF 5370] (the "Order"), the Court granted the Creditors' Committee joint standing with the Debtors and authorized it to investigate, commence, prosecute, settle and otherwise dispose of certain claims and causes of action, collectively defined as "Jointly Asserted Causes of Action," jointly with the Debtors for the benefit of the Debtors' Estates and creditors in accordance with the terms of the Plan.

8.  Due to certain potential conflict issues, the Creditors' Committee selected Moritt Hock to serve as its special conflicts counsel, subject to Court approval, with respect to matters pertaining to the Jointly Asserted Causes of Action.

## RELIEF REQUESTED

9.  By this Application, the Creditors' Committee seeks to retain and employ Moritt Hock as its special conflicts counsel, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, effective *nuc pro tunc* to January 2, 2020.

10.  The Creditors' Committee respectfully submits that it is necessary and appropriate for it to retain and employ Moritt Hock as special conflicts counsel to, among other things:

   a.  Conduct investigations into certain transactions that may give rise to claims and causes of action that fall within the Jointly Asserted Causes of Action;

3

  b.  Ensure that all available claims and causes of action for the benefit of the estates and their unsecured creditors arising from and/or related to the Jointly Asserted Causes of Action are investigated and, if necessary, pursued;

  c.  Represent the Creditors' Committee at all hearings and other proceedings before this Court with respect to such investigations and pursue all available claims and causes of action for the benefit of the estates and unsecured creditors;

  d.  Prepare, on behalf of the Creditors' Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with certain transactions that give rise to any claims and causes of action arising therefrom or relating thereto falling within the Jointly Asserted Causes of Action; and

  e.  Perform such other legal services as may be required or are otherwise deemed to be in the interests of the Creditors' Committee in accordance with the Creditors' Committee's powers and duties, as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

  11.  In selecting counsel, the Creditors' Committee sought attorneys with considerable experience representing significant parties in interest in chapter 11 cases and, in particular, significant experience investigating, pursing and litigating claims and causes of action on behalf of unsecured creditors. The Creditors' Committee believes Moritt Hock possesses the requisite knowledge and expertise, and is well qualified, to conduct the investigations and pursue related claims and causes of action.

  12.  The Creditors' Committee believes that the employment of Moritt Hock to provide the services described above and such other services as may be necessary for the Creditors' Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors' estates and their creditors.

  13.  The Creditors' Committee requests that all fees and related costs and expenses incurred by the Creditors' Committee on account of services rendered by Moritt Hock in the Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy

Code sections 328, 330, 331, 503(b) and 507(a)(2).  Subject to this Court's approval, Moritt Hock will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331.  Moritt Hock's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  The current hourly rates charged by Moritt Hock for professionals and paraprofessionals employed in its offices are provided below:

| **Billing Category** | **Range** |
|---|---|
| Partners | $495-$715 |
| Counsel Lawyers | $365-$660 |
| Associate Lawyers | $295-$500 |
| Paralegals | $210-$310 |

14.    Moritt Hock has advised the Creditors' Committee that it is Moritt Hock's policy to charge its clients in all areas of practice for expertise incurred in connection with its representation of a client.  The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for working meals and computerized research.  Moritt Hock will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Creditors' Committee.

15.    The names, positions and 2020 hourly rates of the Moritt Hock attorneys currently expected to have primary responsibility for providing services to the Creditors' Committee are as follows:

| **Attorney** | **Position/Department** | **Hourly Rate** |
|---|---|---|
| James P. Chou | Partner/Litigation | $595 |

5

| Ted A. Berkowitz | Partner & General Counsel | $675 |
| --- | --- | --- |
| Danielle J. Marlow | Partner/Litigation | $550 |

In addition to the lawyers named above, the Creditors' Committee understands that it will be necessary, during the course of these cases, for other Moritt Hock professionals in other legal disciplines to provide services to the Creditors' Committee.

16. Moritt Hock has advised the Creditors' Committee that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation an Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and any future orders of the Court for all professional services performed and expenses incurred.

17. Moritt Hock has advised the Creditors' Committee that it also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both in connection with this Application and in the interim fee applications and final fee applications to be filed by Moritt Hock in the Chapter 11 Cases.[5] To that end, Moritt Hock has advised the Creditors' Committee that it responds to the questions set forth in Section D of the Revised UST Guidelines as follows:

---

[5] Moritt Hock's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with the Application and the interim and final fee applications to be filed by Moritt Hock in the Debtors' Chapter 11 Cases is based exclusively on the facts

6

(a) Moritt Hock did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

(b) No rate for any of the professionals included in this engagement varies based on the geographic location of the Chapter 11 Cases;

(c) Moritt Hock did not represent any member of the Creditors' Committee in connection with the Chapter 11 Cases prior to its retention by the Creditors' Committee;

(d) Moritt Hock expects to develop a budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which Moritt Hock reserves all rights; and

(e) The Creditors' Committee has approved Moritt Hock's proposed hourly billing rates. The Moritt Hock attorneys set forth above in paragraph 20 will be the primary attorneys staffed on the Chapter 11 Cases, subject to modification based on the facts and circumstances of the Chapter 11 Cases, the MTN Investigation and the needs of the Creditors' Committee.

18. Upon information and belief, Moritt Hock does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Moritt Hock is to be engaged, except to the extent set forth in the Chou Declaration. Moritt Hock may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

## *NUNC PRO TUNC* RELIEF

19. The Creditors' Committee believes that the employment of Moritt Hock effective *nunc pro tunc* to January 2, 2020, the date the Creditors' Committee selected Moritt Hock as its proposed counsel, is warranted under the circumstances of the Chapter 11 Cases. Upon its selection, the Creditors' Committee requested Moritt Hock to commence work immediately on time-sensitive matters and devote substantial resources to these Chapter 11 Cases prior to the submission and approval of this Application. Thus, Moritt

---

and circumstances of the Chapter 11 Cases. Moritt Hock reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is not appropriate to do so.

Hock has provided, and will continue to provide, valuable services to the Creditors' Committee.

20. Courts in this jurisdiction routinely approve *nunc pro tunc* employment similar to that requested herein. *See, e.g., In re Tops Holding II Corporation,* No. 18-22279 (RDD) (ECF No. 352) (Bankr. S.D.N.Y. Mar. 22, 2018); *In re WM Silicones, LLC,* No. 14-22503 (RDD) (ECF No. 256) (Bankr. S.D.N.Y. Apr. 28, 2014); *In re Sbarro LLC,* No. 14-10557 (MG) (ECF No. 219) (Bankr. S.D.N.Y. Apr. 7, 2014). Accordingly, the Creditors' Committee respectfully requests that the Court authorize employment of Moritt Hock effective *nunc pro tunc* to January 2, 2020.

## NO PRIOR REQUEST

21. No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

22. Notice of this Application will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405]. The Creditors' Committee respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests that the Court (a) enter an order, substantially in the form annexed hereto as Exhibit A, authorizing the Creditors' Committee to retain and employ Moritt Hock as its special conflicts counsel effective *nunc pro tunc* to January 2, 2020, and (b) provide the Creditors' Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: April 6th, 2020
New York, New York

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.***

By: /s/ Ronald M. Tucker

Name: Ronald M. Tucker, not in his individual capacity but solely on behalf of Simon Property Group L.P.

Chair of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al.*

9