MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277
James P. Chou
Ted A. Berkowitz
Danielle J. Marlow

*Proposed Special Conflicts Counsel to the Official Committee
of Unsecured Creditors of Sears Holding Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF RONALD M. TUCKER IN SUPPORT OF THE APPLICATION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS
HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY MORITT HOCK
& HAMROFF LLP AS SPECIAL CONFLICTS COUNSEL,
EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2020**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Under U.S.C. § 1746, I, Ronald M. Tucker, declare as follows under penalty of perjury:

1.  I am Vice President and Bankruptcy Counsel of Simon Property Group L.P. I am making this declaration on behalf of Simon Property Group L.P., in its capacity as chair of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"). Accordingly, I am in all respects competent to make this declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. to Retain and Moritt Hock & Hamroff LLP* ("Moritt Hock") *as Special Conflicts Counsel, Effective Nunc Pro Tunc to January 2, 2020* (the "Application").[2]

2.  I submit this Declaration in support of the Application, pursuant to Section D.2. of the Revised UST Guidelines. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by Moritt Hock.

3.  I am informed by Moritt Hock that the Revised UST Guidelines request that any application for employment of an attorney under Bankruptcy Code sections 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

    i. The identity and position of the person making the verification.

    ii. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    iii. The number of firms the client interviewed.

    iv. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

1

      other comparably skilled professionals, the circumstances warranting the retention of that firm.

    v. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### Selection of Counsel

4.    Moritt Hock came highly recommended by the Creditors' Committee's primary counsel, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), who has significant experience working with one or more of the Moritt Hock attorneys staffed on this engagement. After conducting its due diligence and deliberation, the Creditors' Committee found Moritt Hock to be qualified to serve as special conflicts counsel to the Creditors' Committee. Attorneys at Moritt Hock have a history of representing official creditors' committees and other significant parties-in-interest in chapter 11 cases and related bankruptcy litigation matters and proceedings, and Moritt Hock did not possess any conflicts which would otherwise preclude investigating and/or pursuing any jointly asserted cause of action. Therefore, based on Moritt Hock's experience, and Akin Gump's experience working with the attorneys at Moritt Hock, the Creditors' Committee has decided to retain Moritt Hock to serve as special conflicts counsel.

### Rate Structure

5.    Moritt Hock has informed the Creditors' Committee that its rates for bankruptcy representations are comparable to the rates Moritt Hock charges for non-bankruptcy representations. The Creditors' Committee has approved Moritt Hock's proposed hourly rates, as set forth in the Application. Moritt Hock has informed the Creditors' Committee that its hourly rates are subject to periodic adjustments (typically in

2

January of each year) to reflect economic and other conditions. The Creditors' Committee has consented to such ordinary course rate increases.

6. The Creditors' Committee recognizes its responsibility to monitor the billing practices of its counsel to ensure that the fees and expenses paid by the estate remain consistent with the expectations of the Creditors' Committee and the exigencies of these Chapter 11 Cases. Moritt Hock advises that it expects to develop, and the Creditors' Committee intends to review, a prospective budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which the Creditors' Committee is advised, Moritt Hock reserves all rights. In addition, the Creditors' Committee will review the monthly fee applications that Moritt Hock regularly submits. Moritt Hock's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of the Chapter 11 Cases by the Creditors' Committee, U.S. Trustee, the Debtors, other parties in interest and the Court.

[*Signature page follows*]

3

I declare under penalty of perjury that the foregoing is true and correct on this 6th day of April 2020.

Dated: April 6, 2020
      New York, New York

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION,** *ET AL.*

By: /s/ Ronald M. Tucker

Name: Ronald M. Tucker, not in his individual capacity but solely on behalf of Simon Property Group L.P.

Chair of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *el al.*

4