**Presentment Date and Time: April 22, 2020 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: April 21, 2020 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed):  April 23, 2020 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                       :
                                            :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,         :
                                            :    Case No. 18-23538 (RDD)
                                            :
                      Debtors.¹             :    (Jointly Administered)
------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brand Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER
(I) AUTHORIZING PAYMENT OF FEES OWED TO STATE STREET BANK & TRUST
COMPANY UNDER CUSTODIAN AND DOCUMENT CONTROL AGREEMENT;
(II) AUTHORIZING REJECTION OF CUSTODY AGREEMENT; (III) PAYMENT
OF BALANCE OF ESCROWED FUNDS TO CORPORATION SERVICE
COMPANY, AND (IV) ALLOWING CORPORATION SERVICE COMPANY
TO PARTICIPATE IN ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM**

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the attached stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **April 22, 2020 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement, and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain so as to be received by **April 21, 2020 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Stipulation, Agreement, and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Stipulation, Agreement, and Order on **April 23, 2020 at 10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: April 14, 2020
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and
Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :
                                                   :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,          :
                                                   :    **Case No. 18-23538 (RDD)**
                                                   :
                  Debtors.[1]                      :    **(Jointly Administered)**
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**STIPULATION, AGREEMENT, AND ORDER
(I) AUTHORIZING PAYMENT OF FEES OWED TO STATE STREET BANK & TRUST
COMPANY UNDER CUSTODIAN AND DOCUMENT CONTROL AGREEMENT;
(II) AUTHORIZING REJECTION OF CUSTODY AGREEMENT; (III) PAYMENT
OF BALANCE OF ESCROWED FUNDS TO CORPORATION SERVICE
COMPANY, AND (IV) ALLOWING CORPORATION SERVICE COMPANY
TO PARTICIPATE IN ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM**

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and between Sears Holdings Corporation ("**Sears**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, State Street Bank and Trust Company ("**State Street**"), Pension Benefit Guaranty Corporation ("**PBGC**"), and Corporation Service Company ("**CSC**"). Sears, State Street, PBGC, and CSC are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, Sears and its debtor affiliates (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. The Debtors entered into the Asset Purchase Agreement with Transform Holdco LLC ("**Transform**"), dated January 17, 2019 (as amended, restated, supplemented, or otherwise modified from time to time, the "**Asset Purchase Agreement**"). On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims,*

2

*Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507), which approved the Asset Purchase Agreement and the sale of substantially all of the Debtors' assets to Transform (the "**Sale Transaction**"). The Sale Transaction closed on February 11, 2019.

C.  Prior to the Commencement Date, Sears and certain of its Debtor and non-Debtor affiliates (collectively ,the "**Sears Parties**")[2] were parties to the Custodian and Document Control Agreement, dated March 18, 2016, with State Street and PBGC (as amended, the "**Custody Agreement**"). Pursuant to the Custody Agreement, State Street acted as the custodian for certain collateral documents relating to agreements between the Sears Parties and PBGC and was paid a $250,000 collateral expense deposit (the "**State Street Funds**").

D.  There are outstanding invoices owed by the Debtors to State Street for amounts accrued between October 15, 2018, and April 15, 2020, totaling $28,143.39 (respectively, the "**Outstanding Invoices**" and the "**Outstanding Invoices Amount**"). State Street acknowledges and agrees that except for the Outstanding Invoices Amount, it has no other claims under or in connection with the Custody Agreement against any other parties thereto or otherwise (any such other claims, collectively with State Street's claim for the Outstanding Invoices Amount, the "**Custodial Claims**").

E.  Pursuant to that certain service agreement dated March 18, 2016 (the "**KCD Services Agreement**") by and between KCD IP, LLC ("**KCD**"), an indirect, wholly-owned non-Debtor subsidiary of Sears, and CSC, KCD retained CSC to identify the individual to serve as an independent manager for KCD (the "**Independent Manager**"), as required by PBGC and

---

[2] Collectively, the Sears Parties are: Sears Holdings Corporation; Sears, Roebuck & Co.; SRC Depositor Corporation; SRC O.P. Corporation; KCD IP, LLC; Sears Brands, L.L.C.; SRC Real Estate (TX), LP; SRC Real Estate Holdings (TX), LLC; and SRC Facilities Statutory Trust No. 2003-A.

3

the Pension Plan Protection and Forbearance Agreement, dated March 18, 2016 (as amended, the "**PPPFA**"). Pursuant to the KCD Services Agreement, CSC was to be paid an annual fee for providing the Independent Manager and related services to KCD and is additionally entitled to the reimbursement of the expenses it incurred in the performance of such services.

F. As of the date hereof, $510,000 remains outstanding and payable to CSC under the KCD Services Agreement (the "**CSC Claim**").

G. KCD owned intellectual property with respect to the *Craftsman*®, *DieHard*®, and *Kenmore*® brands (the "**KCD IP**"). The KCD IP was collateral to the 6.90% KCD IP, LLC Asset-Backed Notes due 2019 (the "**KCD Notes**") and was subject to a springing lien in favor of the PBGC pursuant to the PPPFA. In March 2017, the PBGC consented, subject to certain agreements with the Sears Parties and Stanley Black and Decker, Inc. ("**SBD**") to the consummation of a sale of the *Craftsman*® brand to SBD, pursuant to which the intellectual property related to the *Craftsman*® brand was released from the collateral securing the KCD Notes.

H. Throughout the chapter 11 cases, KCD alleged that it had an Administrative Expense Claims against the Debtors, which could be in excess of $146 million, on account of accrued but unpaid post-petition KCD IP royalty payments for the Debtors' continued use of the remaining KCD IP (notably the *DieHard*® and *Kenmore*® brands) (the "**KCD Admin Claim**").

I. Waiver of the KCD Admin Claim is critical to the Debtors' ability to consummate the *Modified Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5293) (as amended, supplemented, or modified in accordance with its terms, the "**Plan**"). Indeed, such waiver is a condition precedent to the occurrence of the Plan's Effective Date. *See* Plan, § 14.1(e).

4

J.      During the pendency of these chapter 11 cases, KCD played an integral role in consummating the Sale Transaction by granting Transform an exclusive license (the "**Exclusive License**") to the remaining KCD IP, which was a critical component of the Sale Transaction.

K.      Also, in connection with the Sale Transaction, Sears Reinsurance Company Ltd., an indirectly, wholly-owned non-Debtor subsidiary of Sears, transferred the KCD Notes to Transform SR Brands, LLC ("**Transform SR**"), an affiliate of Transform. On November 4, 2019, Transform SR, as the sole noteholder of the KCD Notes, delivered to KCD the *Notice of Acceleration of Notes and Trustee's Foreclosure Sale of Collateral* (as amended, supplemented, or extended in accordance with its terms) seeking to foreclose on the remaining KCD IP ("**Strict Foreclosure**").

L.      KCD ultimately cooperated with the Strict Foreclosure following entry into a related settlement by and among Transform, Transform SR, and PBGC. Following the completion of the Strict Foreclosure, KCD was left with *de minimis* assets that are insufficient to pay CSC's outstanding Independent Manager fees owed under the KCD Services Agreement.

M.      PBGC has agreed that, after payment of the Outstanding Invoices Amount from the State Street Funds in satisfaction of the Outstanding Invoices, PBGC will have no further interest in the State Street Funds and so does not object to having the balance of the State Street Funds paid to CSC subject to the terms hereof.

N.      On October 1, 2019, the Debtors filed the Plan.

O.      On October 15, 2019, the Bankruptcy Court entered the *Order (I) Confirming Second Modified Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation**

5

**Order**"),³ confirming the Plan and approving, among other things, the compromise and settlement of Administrative Expense Claims (as defined in the Plan) and the treatment thereof (the "**Administrative Expense Claims Consent Program**").

P.  On December 24, 2019, the Debtors filed the *Amended Notice Regarding Initial Distribution Pursuant to Administrative Expense Claims Consent Program* (ECF No. 6280), and subsequently made an aggregate cash distribution of $21 million (the "**Initial Distribution**") to holders of timely allowed and reconciled Opt-In Admin Claims.

Q.  Pursuant to the Administrative Expense Claims Consent Program, subject to certain conditions being satisfied, each holder of an Allowed Administrative Expense Claim against the Debtors that does not opt-out (the "**Non Opt-Out Settled Admin Claims**") of the Administrative Expense Claims Consent Program shall receive its pro rata share of the Second Distribution capped at 80% of its Allowed Administrative Expense Claim.

R.  Throughout these chapter 11 cases, the Debtors required the services and continued, post-petition performance of the Independent Manager provided by CSC and ultimately benefitted from CSC's services with respect to, among other things, the Exclusive License and the Strict Foreclosure. In light of CSC's substantial services during the pendency of these chapter 11 cases, including those noted above, the Debtors seek, in full satisfaction of the CSC Claim under, and any and all other claims of CSC against any party or otherwise in connection with, the KCD Services Agreement to (i) transfer the State Street Balance (as defined below) to CSC and (ii) allow CSC to participate in the Administrative Consent Claims Consent Program.

---

³ Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order.

6

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

### AGREEMENT

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until it is approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, (A) State Street shall be entitled to payment of the Outstanding Invoices Amount by offset against the State Street Funds, such amount representing the amount of fees owed for the Outstanding Invoices under the Custody Agreement and (B) the Custody Agreement shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code (the "**Rejection**"), and the associated custody account closed. State Street acknowledges and agrees that it shall not be entitled to assert any claims against the Debtors or any other party (including, without limitation, PBGC) arising from the Rejection of, or otherwise in connection with, the Custody Agreement.

3. Within three (3) business days following the Effective Date, State Street shall pay the balance of the State Street Funds to CSC, which after such offset will be approximately $200,000 (the "**State Street Balance**"). Such payment shall constitute partial payment for the CSC Claim.

4. The remaining CSC Claim, net of the State Street Balance so paid, totaling approximately $305,000, shall be treated as a valid Non Opt-Out Settled Admin Claim pursuant to the Administrative Expense Claims Consent Program, and as such, shall be entitled to its pro rata share of the Second Distribution, as well as its pro rata share of any additional distributions paid to holders of Allowed Administrative Expense Claims in accordance with the Administrative Expense Claims Consent Program, as and when paid. Such treatment, together with payment of

7

the State Street Balance as provided hereinabove, shall be in full satisfaction of the CSC Claim under, and any and all other claims of CSC against any party (including, without limitation PBGC) or otherwise in connection with, the KCD Services Agreement.

5. Without in any way impacting the aforementioned treatment of the CSC Claim, upon the Effective Date, the Independent Manager shall be deemed to have waived the KCD Admin Claim to the extent any KCD Admin Claim exists after the Strict Foreclosure.

6. Upon the Effective Date, CSC and State Street shall each automatically be deemed to have absolutely, unconditionally, and irrevocably released and forever discharged PBGC from any past, present, or future action, demand, liability, indemnity, or claim of any kind or character whatsoever, whether known or unknown, based on, arising under, or any in any way relating to the Custody Agreement, the KCD Services Agreement, and/or the Strict Foreclosure.

7. Each of the undersigned who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and

enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

11. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: April 14, 2020 | Dated: April 14, 2020 |
| By: /s/ Jacqueline Marcus<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | By: /s/ Jonathan D. Goldstone<br>Jonathan D. Goldstone<br>State Street Bank and Trust Company<br>One Heritage Drive<br>Quincy, MA 02171<br>Telephone: (617) 664-5122<br><br>*State Street Bank and Trust Company* |
| Dated: April 14, 2020 | Dated: April 14, 2020 |
| By: /s/ Adam S. Ravin<br>Mitchell A. Seider<br>Adam S. Ravin<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br><br>*Attorneys for Corporation*<br>*Service Company* | By: /s/ Brian A. Raynor<br>Brian A. Raynor<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 443-0219<br>Facsimile: (312) 443-0336<br><br>*Attorneys for Pension Benefit Guaranty*<br>*Corporation* |

**SO ORDERED:**

Dated: _____, 2020
     White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE