WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                              :

                                :        **Chapter 11**

**SEARS HOLDINGS CORPORATION, *et al*.,**  :

                                :        **Case No. 18-23538 (RDD)**

                                :

             **Debtors.[1]**            :        **(Jointly Administered)**

                                :

---------------------------------------------------------------x

## DEBTORS' LIMITED RESPONSE TO
## LANDLORD'S MEMORANDUM OF LAW ON
## PUERTO RICO'S INSURANCE LAW IN COMPLIANCE WITH COURT ORDER

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**Sears**") and certain of its affiliates, as debtors and debtors

in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this

limited response to the *Memorandum of Law on Puerto Rico's Insurance Law in Compliance With*

*Court Order* (ECF No. 7531) (the "**Supplemental Brief**"), filed on behalf of Santa Rosa Mall,

LLC (the "**Landlord**") in response to the Court's directive at the February 24, 2020 omnibus

hearing (the "**Hearing**").   The Court noted at the Hearing that the Debtors are not required to

respond to this Supplemental Brief.   Given that the Supplemental Brief does not raise any new

arguments that have not already been addressed by the Debtors, the Debtors have decided to file

this limited response.

1.      All of the arguments raised by the Landlord in the Supplemental Brief are

premised on the same threshold assertion—that the Landlord is a loss payee or an additional

insured under the Insurance Policy.   But the Landlord's reasoning—already raised in the Third

Lift Stay Motion[2] and addressed at the Hearing—relies on a fundamentally flawed reading of the

Insurance Policy and the Santa Rosa Lease.   As the Debtors previously noted in the Insurance

Proceeds Objection (ECF No. 2512), the Insurance Policy is void of any reference to the Landlord

as a "loss payee."   Landlord admitted as much in prior proceedings before this Court.   *See In re*

*Sears Holdings Corp.*, Case No. 18-23538, Hr'g. Tr. 77: 4-8 (Bankr. S.D.N.Y. Mar. 21, 2019).

Because it is clear that the Landlord is not a loss payee, the Landlord seeks to fit itself into the

catch-all language of the Insurance Policy as "any other party for which the Insured has the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
*Debtors' Objection to Motion for an Order Finding the Automatic Stay Inapplicable or, In the Alternative, For Relief*
*From the Automatic Stay and Memorandum In Support Thereof* (ECF No. 7211) (the "**Objection**").

WEIL:\97444195\8\73217.0004

responsibility for providing insurance." More specifically, in the Third Lift Stay Motion and at

the Hearing, the Landlord argued that certain provisions of Section 6 of the Santa Rosa Lease

operate to make the Landlord a party for which the Debtors were obligated to provide insurance.

2.      In its efforts to bootstrap itself into a position in which it has a direct interest

under the Insurance Policy, the Landlord conflates the Insurance Policy, the Certificate of

Insurance, and the Santa Rosa Lease.[3] This Court, however, has already rejected the Landlord's

interpretation of these provisions. *See In re Sears Holdings Corp.*, Case No. 18-23538, Hr'g. Tr.

57:22-25, 58:1-24 (Bankr. S.D.N.Y. Feb. 24, 2020) (The Court: "That's 6.03, but that is a contract.

That's not – that's the contract between Sears, as tenant, and Santa Rosa, as landlord. It doesn't

have anything to do with the insurance policy being something that the landlord has an interest in.

It's a separate distinction."). In the Supplemental Brief the Landlord has not pointed to any other

provision in either the Insurance Policy or the Santa Rosa Lease to bolster its already discredited

argument. The Landlord, therefore, has failed to establish its status as an additional insured or loss

payee under the Insurance Policy.

3.      The Landlord seeks to bind the Underwriters to the Certificate of Insurance

issued by Aon, by alleging that there is an agency relationship between Aon and the

Underwriters. The Landlord selectively quotes from a disclosure provision at the beginning of the

Insurance Policy, which states that Aon "may" act as a Managing General Agent on behalf of the

Underwriters, *see* Insurance Policy, p. 2, as support for its specious argument. In fact, Aon acted

as the broker for Sears, and not as an agent of the Underwriters. The language relied upon by the

Landlord is insufficient to establish any agency relationship between Aon and the Underwriters; a

---

[3] *See, e.g.*, Supplemental Brief, Section V.E. p. 28 (arguing that the Underwriters are estopped from relying on Section 53 of the Insurance Policy because it allegedly "contradicts Section 6.01 of the Lease Agreement").

separate managing general agency agreement would have been necessary to delegate such authority to Aon.  No such agreement exists here.  The only authority that Aon has under the Insurance Policy is the authority granted under Section 39, which is the authority to issue certificates of insurance "subject always to the terms, conditions and limits of endorsements in respect of such additional interests."

4.      Without the Landlord being a loss payee or additional insured, the rest of the arguments in the Supplemental Brief are meritless.  The Landlord admits in the Supplemental Brief that the Certificate of Insurance cannot modify or change the terms of the Insurance Policy.  *See* Supplemental Brief, Section II. p. 7.  Consequently, the Landlord's argument that the Certificate of Insurance evidences the Landlord's interpretation of the Insurance Policy does not follow.  The Landlord's argument that it has a direct action suit against the Underwriters under Puerto Rico law similarly fails, because as reflected in the standards laid out in the Landlord's own pleadings, such actions would require status as an additional insured or loss payee.  The same is true for the Landlord's alternative third party beneficiary theory for bringing suit against the Underwriters.  Without any interest in the Insurance Policy, the Landlord's contention that the McCarran-Ferguson Act mandates that any suit against Underwriters be governed under Puerto Rico law is incorrect.  Finally, the Landlord's numerous arguments in Section V of the Supplemental Brief, for promissory estoppel or other equitable relief, are all based upon the same faulty premise.

5.      The Debtors will not belabor this issue any further, as the numerous pleadings and hearings before the Court already sufficiently address the Landlord's arguments.

WEIL:\97444195\8\73217.0004

As such, the Debtors respectfully request that this the Third Lift Stay Motion be denied with prejudice.

Dated: April 16, 2020
       New York, New York

                            /s/  Jacqueline Marcus
                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York  10153
                            Telephone:  (212) 310-8000
                            Facsimile:  (212) 310-8007
                            Ray C. Schrock, P.C.
                            Jacqueline Marcus
                            Garrett A. Fail
                            Sunny Singh

                            *Attorneys for Debtors*
                            *and Debtors in Possession*

WEIL:\97444195\8\73217.0004