IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>SEARS HOLDINGS CORPORATION, et al.<br><br>Debtors | NO. 18-23538 (RDD)<br><br>CHAPTER 11<br><br>(Jointly Administered) |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Chicago Title Insurance Company, successor in interest to Congress Abstract Corporation ("CTIC") by and through undersigned counsel, and files the following Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. section 362 (d):

1. On or about December 20, 1994, Sears Logistics Services, Inc. (which upon information and belief is an affiliate of one or more of the Debtors herein) ("SLS"), William D. Staffieri ("Staffieri"), and Congress Abstract Corporation, entered into a certain Escrow Agreement regarding the sale of premises known as and located at 3820 North Second Street, Philadelphia, PA (the "Premises") from SLS to Staffieri. A copy of the Escrow Agreement is attached hereto as Exhibit "A", and the provisions of same are hereby incorporated by reference as if fully set forth.

2. Congress Abstract Corporation is the named escrow agent under the Escrow Agreement, which provides for the holdback of certain funds for environmental remediation work concerning the Premises. CTIC is the successor in interest to Congress Abstract Corporation, for purposes of serving as escrow agent under the Agreement.

3. The amounts escrowed under the Escrow Agreement presently total $223,827.47 (the "Escrowed Funds"). (See, Exhibit "B").

4. Upon information and belief, there is an ongoing dispute between SLS and Staffieri over the allocation of the Escrowed Funds, and competing demands for same have been received by CTIC. On October 18, 2019, a letter was sent from CTIC to Sears Holding Management, to Debtor's counsel, Thomas Goslin, Esq. of Weill Gotshal and Manges LLP, and to Jeffrey Abbot, Esq., attorney for Staffieri, advising them than an interpleader action would be commenced if CTIC were not advised by October 31, 2019, on how to disburse the funds. (See, Exhibit "C" annexed hereto.)

5. Mr. Goslin advised by email that same day that "Jeff Abbott (cc'd) and I have been discussing how to distribute the funds in the escrow and we expect to reach a resolution on this by the end of the year, likely sooner. We would appreciate if no further action was taken by FNF until we are able to determine the allocation of funds." (See, Exhibit "D" annexed hereto.) Mr. Abbot had made a similar claim in an August, 2019 correspondence, also annexed as the third page of Exhibit "D."

6. Nonetheless, despite that reassurance, to date, SLS and Staffieri have not been able to come up with an agreeable arrangement for disbursement of the Escrowed Funds.

7. In order to resolve any dispute(s) as to the Escrowed Funds and permit fund disbursement, CTIC desires to file a Pennsylvania state court interpleader action regarding the Escrowed Funds. However, it is believed and therefore averred that the automatic stay of 11 U.S.C. section 362 (a) presently prohibits such interpleader action.

8. The filing and prosecution of such interpleader action would facilitate the orderly allocation and disbursement of the Escrowed Funds, which have now been held in escrow for nearly twenty-six (26) years.

9. As a result of all of the foregoing, it is believed and therefore averred that cause exists to permit relief from the automatic stay, solely to permit the filing and prosecution to final disposition of the aforementioned interpleader action. A proposed order follows this motion.

10. Finally, CTIC respectfully requests that any relief from the automatic stay granted pursuant to the instant Motion be effective immediately, and that the fourteen (14) day stay of Bankruptcy Rule 4001 (a)(3) be inapplicable.

WHEREFORE, CTIC respectfully requests this Honorable Court to enter an Order in the form attached hereto, granting the instant Motion.

Dated: New York, New York
April 14, 2020

FIDELITY NATIONAL LAW GROUP

By: /s/ Anastasia Filopoulos
    Anastasia Filopoulos, Esquire
1515 Market Street, Suite 1410
Philadelphia, PA 19102
Tel. (267) 608-1734
Fax: (215) 241-8794
stacy.filopoulos@fnf.com

By: /s/ David J. Wolkenstein
    David J. Wolkenstein, Esquire
350 Fifth Avenue, Suite 3000
New York, New York 10118
Tel. (646) 708-8085
Fax (646) 219-2136
David.Wolkenstein@fnf.com

*Counsel for Chicago Title Insurance Company, successor in interest to Congress Abstract Corporation*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | NO. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et al. | CHAPTER 11 |
| Debtors | (Jointly Administered) |

## **ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion for Relief from Automatic Stay of Chicago Title Insurance Company, successor in interest to Congress Abstract Corporation, in the instant case, and any response(s) thereto, IT IS HEREBY ORDERED that the automatic stay of 11 U.S.C. sec. 362 (a) is modified so as to permit the filing and prosecution to final disposition of a Pennsylvania state court interpleader action with regard to the Escrowed Funds (as such term is defined in the aforementioned Motion).

IT IS FURTHER HEREBY ORDERED that the provisions of this Order are effective immediately, and that the fourteen (14) day stay of Bankruptcy Rule 4001 (a)(3) is inapplicable.

BY THE COURT:

_____
B.J.