FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Counsel for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**BRIEF REPLY TO *DEBTORS' RESPONSE TO LANDLORD'S MEMORANDUM OF LAW
ON PUERTO RICO'S INSURANCE LAW IN COMPLIANCE WITH COURT ORDER***
(Related Docket Nos. 6317, 7211, 7311, 7531, 7823)

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("Santa Rosa"), by and through its undersigned counsel, hereby replies to the arguments raised by the *Debtor's Limited Response to Landlord's Memorandum of Law on Puerto Rico's Insurance Law in Compliance with Court Order* (the "*Response*", Docket No. 7823), and in support thereof respectfully states and prays as follows:

1. In its *Response*, the Debtors argue in a conclusory manner, and without citing a single case or source of authority, that Santa Rosa "has failed to establish its status as an additional insured or loss payee under the Insurance Policy" because "[it] has not pointed to any other provision in either the [Contract of Insurance] or the [Lease Agreement] to bolster" its position. *Response,* ¶ 2.

2. Contrary to the Debtors' position, the *Memorandum of Law on Puerto Rico's Insurance Law in Compliance with Court Order* (the "*Memorandum*", Docket No. 7531)[1] provides and interprets

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Memorandum* (Docket No. 7531), which we incorporate by reference as if fully transcribed herein.

ample statutory authority and case law, as requested by this Honorable Court during the hearing held on February 24, 2020. See February 24, 2020, Hr'g. Tr. 72:17-19. However, the Debtors fail to engage in a legal process that could conceivably support the tensions and contradictions of their inherently flawed arguments, without any serious discussion of the insurance issues in controversy, which is primarily what the *Memorandum* is all about.

3.  The Debtors correctly state that Santa Rosa's arguments are indeed based on the premise that it is a loss payee and/or an additional insured under the Contract of Insurance. Notwithstanding, the Debtors attempt to dismiss that Santa Rosa is in fact a loss payee and/or an additional insured by arguing that Santa Rosa has admitted that it is allegedly not a "loss payee" under the Contract of Insurance. See *Response,* ¶ 1. Santa Rosa rejects that by acknowledging that the name Santa Rosa is not specifically stated in the Contract of Insurance, it is not a loss payee and/or an additional insured under the Contract of Insurance.

4.  As outlined in the *Memorandum*, as ordered by this Honorable Court as noted above at ¶ 3, while the Contract of Insurance does not specifically name Santa Rosa, it expressly provides that the Underwriters obligated themselves to insure Santa Rosa and treat it as an "Insured". Specifically, we refer to the blanket "Named Insured" clause of the Contract of Insurance and what the Underwriters clearly intended when they included the language we have placed in italics:

> Sears Holding Corporation any subsidiary, affiliated, associated, or allied company, corporation, firm, organization, partnership, joint venture, joint lease or joint operating agreement as now or hereinafter constituted or acquired, as their interest may appear, *and any other party for which the Insured has the responsibility for providing insurance, as their respective interest may appear.*

*Contract of Insurance*, Docket No. 6317-2, at p. 4 (italics added).

5.  Santa Rosa has fully explained how its insurable interests appear under the Contract of Insurance and rejects Debtors' position that the language cited above could be described as a "catch-all language" for the following reasons: First, because we have been unable to find a definition for the phrase of "catch-all language" in any insurance treatise or case and, in any event, the interpretation of the above "Named Insured" clause should be the subject of testimony of experts in the insurance field in the case

-2-

Santa Rosa is seeking to file in the Puerto Rico courts.[2] Second, as discussed in the *Memorandum* at page 24, there is an unlimited and changing number of potential additional insureds with insurable interests in the property insured by the Contract of Insurance. It is respectfully submitted that, from a practical perspective and established practice in the business of insurance, it is usual and customary not to list hundreds of lessors, lessees, lenders, mortgagors, mortgagees, and other similar entities. Instead, it makes a lot of sense, to issue individual certificates of property insurance naming additional insureds, loss payees, mortgagees, and others for their respective rights and interests, rather than having to include multiple endorsements to the insurance policy. Lastly, an insurance policy should be construed according to the intent of the parties, to be derived from the words used, the subject matter to which they relate and the matters naturally or usually incident thereto.[3] The language used in the blanket "Named Insured" clause evidences' the Debtor's intent to include Santa Rosa among the "Insured".

6. The Debtors further argue that "[i]n its efforts to bootstrap itself into a position in which it has a direct interest under the Insurance Policy, the Landlord conflates the Insurance Policy, the Certificate of Insurance, and the … Lease." *Response,* ¶ 2. Further, the Debtors argue that this Court "has already rejected the Landlord's interpretation of these provisions. *See In re Sears Holdings Corp*., Case No. 18-23538, Hr'g. Tr. 57:22-25, 58:1-24 (Bankr. S.D.N.Y. Feb. 24, 2020) (The Court: 'That's 6.03, but that is a contract. That's not – that's the contract between Sears, as tenant, and Santa Rosa, as landlord. It doesn't have anything to do with the insurance policy being something that the landlord has an interest in. It's a separate distinction.')". Id. We respectfully disagree because in the afore cited text, this Honorable Court

---

[2] We cite from the Court of Appeals of Louisiana, Second Circuit (La. and Puerto Rico are subject to and apply the same Civil Code principles), *U. S. Fire Ins. Co. v. Beach*, 275 So. 2d 473, 475 (La. Ct. App. 1973), and *Louisiana Fire Ins. Co. v. Royal Indem. Co.*, 38 So. 2d 807, 809 (La. Ct. App. 1949), which refer to an *omnibus clause* and held that the term can be applied in an auto insurance policy context, as well as *other classes of insurance policies*, according to the intent of the parties to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto.

[3] Charles Fried, *Contract as Promise: A Theory of Contractual Obligation,* 60 (1981) (noting that in evaluating the "presumed intent" of a contract, the "terms to be imposed be fair, that they take the interests of both parties into account…").

discussed those provisions of Section 6.03 of the Lease Agreement which require that the Debtors deposit insurance proceeds in an account in the name of Santa Rosa.

7. However, the Debtors ignore Section 6.01 of the Lease Agreement, which mandates that the Debtors "maintain at Tenant's sole cost and expense, for the benefit of Landlord and Tenant, insurance with respect to the Demised Premises. *Lease Agreement*, Docket No. 6317- 1, p. 30, § 6.01. Also, the Lease Agreement is the source of the Debtors' obligation to provide insurance to Santa Rosa. The Debtors fail to acknowledge and conveniently dismiss and/or ignore the importance of Paragraph 51 of the Contract of Insurance, which dictates that:

> **Each of the Insureds insured by this policy** [(i.e., "Sears Holding Corporation [] and any other party for which the Insured has the responsibility for providing insurance, as their respective interest may appear",] **will have the same protection and obligations as if the policy has been issued individually to each of them [].**

*Contract of Insurance*, Docket No. 6317-2, at p. 4 and p. 31, ¶ 51 (boldface and underline added).

8. Further, the Debtors' again conveniently chose to dismiss and/or ignore that "the essentials of a valid contract of insurance may be unexpressed and rest in implication" (*Memorandum* at p. 23), and "when in doubt about the interpretation of a policy, it should be resolved taking into consideration the purpose of the policy: to provide protection to the insured" (id., at p. 26).

9. The Debtors allege that "Aon acted as the broker for Sears, and not as an agent of the Underwriters." *Response,* at p. 3. The distinction between an agent and a broker is often blurred, however, in the present case it is not. Aon was specifically designated by the Underwriters to perform several tasks as their agent. Such work included, **per the Contract of Insurance**, the issuance of Certificates of Property Insurance, serving as depository of the Underwriters of all the insurance documents, and acting as general agent, among other tasks. Further, and for the avoidance of doubt, Aon identifies itself in the Certificate of Insurance as "Producer", as an "Authorized Representative", and as an "Agency". See *Certificate of Insurance*, Docket No. 6317-5, pp. 2-5. Under Puerto Rico law, an agent who has been conferred the authority to act as an insurer's authorized representative has "the power through his own acts to bind the insurer". Art. 9.210 of the Puerto Rico Insurance Code, 26 L.P.R.A. § 951a (official translation). Further,

and despite the Debtors' position that a "separate managing general agency agreement would have been necessary to delegate such authority to Aon (*Response,* at ¶ 3): "An agency may be express or implied [,] … the latter being inferred from the acts of the agent." *Memorandum*, p. 15, n. 4 (citing Art. 1603 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4422).

10. Furthermore, it is for Aon, not the Debtors, to establish the capacity or extent of its role as an agent or general agent, and must do so in a Puerto Rico Court of Law and under the Puerto Rico Insurance Code and Civil Code. Likewise, it is for the Underwriters, not the Debtors, to establish or defend against Aon's ability to bind them under Puerto Rico law to the representations made when it issued the Certificate of Insurance under its express or apparent authority.

11. Next, the Debtor's argue that because the Certificate of Insurance cannot modify or change the terms of the Contract of Insurance, "[Santa Rosa'] interpretation of the Insurance Policy does not follow." *Response*, ¶ 4. The Debtors ignore that the Certificate of Insurance is meant to evidence the underlying agreement to Santa Rosa by confirming the existence of coverage, the number of the insurance policy and the names of the insurer (i.e., the Underwriters). The Certificate of Insurance is also meant to serve as a record in the depository of documents kept by Aon on behalf of the Underwriters and catalog of additional insureds and/or loss payees to the insurance policy. See *Memorandum*, at pp. 26-27. Needless to say, certificates are issued in the ordinary course of business and the Underwriters are barred from disavowing the representations made therein.

12. In any event, the legal issues discussed in the *Memorandum* and reiterated herein are to be decided only in a Puerto Rico Court of Law under the Puerto Rico Insurance and Civil Codes.

13. The rest of the unsupported arguments raised in Debtors' *Response* do not merit reply.

<u>Prayer for Relief</u>

WHEREFORE, Santa Rosa requests from this Honorable Court take notice of the foregoing, and grant the relief prayed by Santa Rosa.

| | |
|---|---|
| Respectfully submitted.<br>Dated: April 20, 2020 | **Ferraiuoli** LLC<br>390 N. Orange Avenue<br>Suite 2300<br>Orlando, Florida 32801<br>Telephone: (407) 982-7310<br>Facsimile: (787) 766-7001<br><br>/s/Sonia E. Colón Colón<br>Sonia E. Colón Colón<br>Admitted *Pro Hac Vice*<br>USDC-PR No. 213809<br>scolon@ferraiuoli.com<br><br>*/s/Gustavo A. Chico-Barris*<br>Gustavo A. Chico-Barris<br>NY State Bar No. 929147<br>USDC-PR No. 224205<br>gchico@ferraiuoli.com<br><br>and<br><br>Ríos Gautier & Cestero, C.S.P.<br>27 Calle González Giusti Ste 300<br>Guaynabo, P.R. 00968-3076<br>Telephone (787) 753-7750<br>Facsimile (787) 759-6768<br><br>*/s/ Carlos Ríos Gautier*<br>Carlos Ríos Gautier<br>USDC-PR No. 112606<br>*Pro Hac Vice*<br>riosgautierlaw@yahoo.com<br><br>Attorneys for<br>*Santa Rosa Mall, LLC* |