WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
**In re**                                 :      **Chapter 11**
                                          :
**SEARS HOLDINGS CORPORATION,** *et al.*, :      **Case No. 18-23538 (RDD)**
                                          :
             **Debtors.**[1]              :      **(Jointly Administered)**
                                          :
---------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT**
**AMONG SEARS HOLDINGS CORPORATION AND THE CANADIAN PLAINTIFFS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York, the undersigned hereby certifies as follows:

1.      On March 26, 2020, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order Approving Settlement Agreement Among Sears Holdings Corporation and the Canadian Plaintiffs* (ECF No. 7518) (the "**Motion**"). The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 7540.

2.      The Motion established a deadline of April 20, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**") for parties to object to the Motion. The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleading complies with the terms of the Amended Case Management Order.

3.      The Objection Deadline has passed and, to the best of my knowledge, no objection or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors in accordance with the Amended Case Management Order. To the best of my knowledge, no other responsive pleading has been filed with respect to the Motion.

4.      The proposed order granting the relief requested in the Motion (the "**Proposed Order**") is annexed hereto as **Exhibit A**.

WEIL:\97455365\1\73217.0004

5.      Accordingly, the Debtors respectfully request that the Proposed Order granting the relief requested in the Motion be entered in accordance with the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: April 21, 2020
      New York, New York

*/s/ Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\97455365\1\73217.0004

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                       :

In re                      :         Chapter 11
                       :

SEARS HOLDINGS CORPORATION, *et al.*,  :        Case No. 18-23538 (RDD)
                       :

        Debtors.[1]         :         (Jointly Administered)
                       :

------------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENT AMONG
## SEARS HOLDINGS CORPORATION AND THE CANADIAN PLAINTIFFS

Upon the motion, dated March 26, 2020 (ECF No. 7518) (the "Motion")[2] of Sears

Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant

to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

approving the release and settlement agreement (the "**Settlement Agreement**") entered into by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Plan, as applicable.

SHC and the Canadian Plaintiffs (collectively, the "**Parties**"), a copy of which is attached hereto as **Exhibit 1**; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order and the Settlement Procedures Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is granted.

2.      Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement is approved.

3.      Upon the occurrence of the Effective Date (as defined in the Settlement Agreement), the Canadian Plaintiffs' Proofs of Claim shall be deemed withdrawn and replaced with a single allowed Class 4 General Unsecured Claim against SHC in the amount of $154,249,576.00, held collectively by the Canadian Plaintiffs, and such Allowed Claim shall not be subject to any set off, counterclaim, reduction or diminution of any kind or nature.

2

4.      The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order, including, without limitation, to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
        White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

WEIL:\97455365\1\73217.0004

**EXHIBIT 1**

**Settlement Agreement**

WEIL:\97455365\1\73217.0004

## AMENDED RELEASE AND SETTLEMENT AGREEMENT

**THIS AMENDED RELEASE AND SETTLEMENT AGREEMENT** ("Agreement") is made as of November 7, 2019, and amended as of March 13, 2020, amongst Sears Canada Inc. ("Sears") by its Court-Appointed Litigation Trustee, J. Douglas Cunningham, Q.C. ("Litigation Trustee") in proceedings pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. c-36 (the "CCAA Proceedings"), FTI Consulting Canada Inc. in its capacity as court-appointed monitor ("Monitor") in the CCAA Proceedings, Morneau Shepell Ltd., in its capacity as administrator of the Sears Canada Inc. Registered Retirement Plan ("Pension Administrator") and 1291079 Ontario Limited ("129") in its capacity as representative of the class certified pursuant to the order of McEwen J. dated June 21, 2019 in Court File No. CV-19-617792-00CL (129, collectively with the Monitor, the Litigation Trustee and the Pension Administrator, the "Plaintiffs") and Sears Holdings Corporation ("SHC"), a corporation incorporated under the laws of Delaware and a debtor-in-possession in the bankruptcy proceedings captioned in *Re: Sears Holdings Corporation, et al*., No. 18-23538 (RDD) (the "SHC Chapter 11 Proceedings") (each individually, a "Party", and collectively, the "Parties").

**WHEREAS** an action was commenced in the Ontario Superior Court of Justice by 129 (in its capacity as putative representative plaintiff on behalf of itself and all members of the Class (as defined in the Fresh as Amended Statement of Claim, dated April 9, 2019 and the Certification Order dated June 21, 2019) against Sears, SHC and others bearing Court File No. CV-19-617792-00CL; and

**WHEREAS,** pursuant to an order of the Ontario Superior Court of Justice dated June 22, 2017 (the "Initial Order") Sears and its affiliates (together the "CCAA Applicants") obtained protection under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. c-36 as amended (the "CCAA"), and the Monitor was appointed; and

**WHEREAS,** pursuant to an order of the Ontario Superior Court of Justice (the "Court") dated December 3, 2018 (the "LT Order"), J. Douglas Cunningham, Q.C. was appointed as an officer of the Court to be the Litigation Trustee; and

**WHEREAS,** pursuant to the LT Order, the Litigation Trustee was empowered to prosecute certain claims including, inter alia, the power to settle or compromise any such proceeding, in whole or in part, in consultation with the Monitor and subject to further order of the Court; and

**WHEREAS** on October 15, 2018 (the "Petition Date"), SHC and certain of its subsidiaries (collectively, the "SHC Debtors") commenced the SHC Chapter 11 Proceedings under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "US Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "US Bankruptcy Court"); and

**WHEREAS,** the Plaintiffs commenced actions in the Ontario Superior Court of Justice in Court File Nos. CV-18-00611219-00CL, CV-18-00611214-00CL, CV-18-00611217-00CL, and CV-19-00617792-00CL against SHC and others arising from a dividend declared and paid by Sears in 2013 (the "Actions"); and

2

**WHEREAS** on May 23, 2019, the US Bankruptcy Court granted the Plaintiffs' motion to lift the automatic stay for the purpose of joining SHC as a defendant in the Actions and to liquidate certain claims against SHC in the Actions; and

**WHEREAS,** the Parties have engaged in arm's length, good faith negotiations to resolve the actions as against SHC; and

**WHEREAS,** on October 15, 2019, the US Bankruptcy Court confirmed the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors (the "Confirmed Plan") which calls for the establishment of a liquidating trust (the "Sears Liquidating Trust") upon the effective date of the Confirmed Plan; and

**WHEREAS,** upon approval by the US Bankruptcy Court, SHC will have the authority to perform under this Agreement,

**NOW THEREFORE** in consideration of the covenants set out below and the representations made in the Recitals above and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, and subject to the provisions set out herein respecting Court approval of this settlement and its material terms, the Parties agree as follows:

1.  *Allowed Claim*: Immediately following the entry of the US Approval Order (as defined herein) by the US Bankruptcy Court, the Plaintiffs, collectively, shall hold a single unsecured claim against SHC that shall be allowed as a Class 4 General Unsecured Claim in the SHC Chapter 11 Proceedings, pursuant to the Confirmed Plan, in the amount of USD$154,249,576.00 (which sum is equivalent to CAD$200 million at the prevailing Canadian dollar to U.S. dollar exchange rate as of the Petition Date) (the "Allowed Unsecured Claim") and such Allowed Unsecured Claim shall not be subject to any set off, counterclaim, reduction or diminution of any kind or nature.

2.  *Obligations re: Production and Assistance (Access to Information, Documents and Witnesses):* SHC agrees, in good faith, to continue to comply with its discovery obligations to the Plaintiffs in respect of the Actions, including, and limited to:

    (a)    providing to the Plaintiffs non-privileged documents in its possession, power or control, that are relevant to the matters in issue in the Actions that have not already been produced, upon request by the Plaintiffs and following the opportunity to meet-and-confer with the Plaintiffs regarding reasonable parameters of any such document search, review, and production; and

    (b)    making reasonable efforts, upon request of the Plaintiffs, to provide the names and addresses of former employees of SHC who might reasonably be expected to have knowledge of transactions or occurrences at issue in the Actions.

    (collectively, SHC's Obligations re: Production and Assistance).

3.  *Duration of SHC's Obligations*: SHC's Obligations re: Production and Assistance shall continue until the earlier of the following:

    (a)    The Plaintiffs notify SHC in writing that its participation is no longer necessary; or

3

(b)    all the litigation claims of the Plaintiffs against all the Non-Settling Defendants in the Actions have been settled, abandoned or litigated through to final resolution, including the final determination of any appeals or the expiration of all appeals or leave to appeal periods in relation thereto.

4.    *Full and Final Release of the SHC Debtors and the Sears Liquidating Trust by the Plaintiffs*: On the Effective Date (defined below), the Plaintiffs, on their own behalf and on behalf of any person who claims a right or interest through them (collectively, the "Plaintiff Releasors", which does not include any Non-Settling Defendants in the Actions) shall fully, finally and forever, release, remise, acquit and forever discharge, without qualification or limitation, the SHC Debtors, the Sears Liquidating Trust, and their Directors and Officers, current and former employees and agents, in each case solely in such capacities, and the successors and assigns of each, but excluding those parties who are Defendants in the Actions (collectively, the "Sears Released Parties"), of and from any and all rights, interests, obligations, debts, dues, sums of money, accounts, reckonings, damages, claims, actions, allegations, causes of action, counterclaims or demands whatsoever, whether direct or indirect, known or unknown, in law or in equity, of whatever kind or character, suspected, fixed or contingent (collectively, "Claims") that have been, that could be, or that could have been asserted by the Plaintiff Releasors from the beginning of time through the date hereof (including without limitation any claim for contribution, indemnification, reimbursement or any other forms of claims over that could be asserted on or after the date hereof by the Plaintiff Releasors based on events occurring prior to and through the date hereof) against any of the Sears Released Parties in respect of all Claims of injury allegedly caused to the Plaintiff Releasors by any of the Sears Released Parties including, without limitation, all Claims raised or which could have been raised in the Actions, and/or any and all other Claims that the Plaintiff Releasors ever had or may have against any of the Sears Released Parties including, but not limited to, any Claims not set out in the Actions (collectively, the "Settled Claims"), provided, however, that nothing contained herein shall waive: (i) the Plaintiffs' rights to enforce the Allowed Unsecured Claims; or (ii) the Plaintiffs' right to enforce this Agreement.

5.    *1291079 Ontario Limited Action*: The Plaintiffs shall immediately upon execution of this Agreement implement such steps as are necessary under the *Class Proceedings Act, 1992* S.O. 1992 c. 6 to obtain a final order in that proceeding approving this settlement agreement and barring and extinguishing all claims of the Representative Plaintiff 129 and all members of the Class against SHC such that the relief described above is effective ("the 129 Settlement Approval Order"). The Parties hereto agree that the steps shall include a motion for notice approval, the provision of notice to the Class and settlement approval of the *Ontario Superior Court of Justice*, all brought before the CCAA Supervising Judge who the Parties shall seek to have designated as the Class Proceedings Judge for the purposes of settlement approval as soon as practicable and in any event so that the Canadian Approval Order is binding on the Representative Plaintiff and the 129 Class (as defined in the 129 Statement of Claim and Certification Order dated June 21, 2019), or such judge as the CCAA Supervising Judge shall designate.

4

6.    *Unknown Claims*: Without limiting the generality of paragraphs 4 and 5 above, the Plaintiff Releasors declare that the intent of the full and final release set out therein is to conclude all issues arising as between the Plaintiff Releasors and SHC with respect to the Settled Claims and it is understood and agreed that the release provided by the Plaintiff Releasors is intended to cover, and does cover, not only all known injuries, losses and damages, but all injuries, losses and damages not now known or anticipated but which may later develop or be discovered, including all the effects and consequences thereof.

7.    *Effective Date*: The Effective Date means the date on which the following conditions have been satisfied:

(a)    The Canadian Approval Order (as defined below) and the 129 Settlement Approval Order (as defined below) have been entered by the Court and becomes final; and

(b)    The US Approval Order (as defined below) has been entered by the US Bankruptcy Court and becomes final.

8.    *Canadian Approval Order*: The Parties agree and acknowledge that the releases contained in this Agreement are conditional upon the issuance of the 129 Settlement Approval Order and an order by the Court substantially in the form attached hereto as Schedule "A" (the "Canadian Approval Order") and all appeals of such orders having been resolved and all remaining appeal periods for such orders having expired, and the following shall also be applicable thereto:

(a)    As soon as practicable after execution of this Agreement, the Plaintiffs shall apply to the Court for the Canadian Approval Order and shall proceed in good faith to obtain the Canadian Approval Order;

(b)    The motion for the Canadian Approval Order shall be brought on notice to all parties to the Actions, all parties on the Service List in the CCAA Proceedings and in accordance with the notice approval order in respect of the Action brought by 129;

(c)    The Canadian Approval Order shall be binding on, in respect of the Sears Canada Inc. Registered Retirement Plan administered by the Pension Administrator, all members and beneficiaries of the plan;

(d)    If the motion for the Canadian Approval Order has not been filed by February 28, 2020 (the "Canadian Motion Deadline") then SHC may, within fifteen (15) days after the expiry of the Canadian Motion Deadline, at its sole discretion either (i) terminate this Agreement; or (ii) select and notify the Plaintiffs of an amended Canadian Motion Deadline, which shall be not later than March 10, 2020 (the "Amended Motion Deadline"). If SHC elects to select an Amended Canadian Motion Deadline, that Amended Canadian Motion Deadline shall replace the Canadian Motion Deadline for all purposes of this Agreement;

(e)    If the Court declines to grant the Canadian Approval Order or has not granted the Canadian Approval Order on or before April 6, 2020, then SHC or any of the

Plaintiffs may, at their sole discretion, terminate this Agreement at any time thereafter;

(f)    If any applicable party elects to terminate this Agreement pursuant to subparagraphs (d) or (e), the Agreement shall become null and void and all Parties shall take any and all necessary steps to return SHC to its position in the Actions as of November 18, 2019. For greater certainty, the Plaintiffs and each of them agree that in the event that this Agreement is not approved by the Canadian Court or the U.S. Court and is terminated for any reason, the Plaintiffs shall produce for examination for discovery by SHC, their representative witnesses, shall agree to reasonable amendments to the case timetable, including any adjournment of the trial as may reasonably be necessary, and other case management orders as necessary to allow SHC to defend the claims with all rights of production and discovery as if this Agreement had not been entered into.

9.    *US Approval Order*: The Parties agree and acknowledge that the terms contained in this Agreement, including the allowance of the Allowed Unsecured Claim, are conditional upon the issuance of an order in the SHC Chapter 11 Proceedings approving this settlement (the "U.S. Approval Order") and all appeals of such order having been resolved and all remaining appeal periods for such order having expired, and the following shall also be applicable thereto:

(a)    As soon as practicable after execution of this Agreement and the entry of the Canadian Approval Order and the 129 Settlement Approval Order, SHC shall file a motion in the SHC Chapter 11 Proceedings for the entry of the US Approval Order and shall proceed in good faith to obtain the US Approval Order from the US Bankruptcy Court. Not less than five business days prior to the filing of SHC's motion for the entry of the US Approval Order, SHC shall provide draft copies of the materials to be filed by SHC in support of the US Approval Order. The materials filed by SHC in support of the US Approval Order, and the parties served with the motion for such US Approval Order, must be acceptable to the Plaintiffs, each acting reasonably.

(b)    If the motion for the US Approval Order has not been filed by April 14, 2020 (the "US Motion Deadline") then the Plaintiffs in collective agreement may, within fifteen (15) days after the expiry of the US Motion Deadline, at their sole discretion either (i) terminate this Agreement or (ii) select and notify SHC of an amended US Motion Deadline, which shall be not later than April 20, 2020 (the "Amended US Motion Deadline"). If the Plaintiffs elect to select an Amended US Motion Deadline, that Amended US Motion Deadline shall replace the US Motion Deadline for all purposes of this Agreement.

(c)    If the US Bankruptcy Court declines to grant the US Approval Order or has not granted the US Approval Order on or before May 12, 2020, then SHC or any of the Plaintiffs may, at their sole discretion, terminate this Agreement at any time thereafter; and

(d)    If any applicable party elects to terminate this Agreement pursuant to subparagraphs (b) or (c) the Agreement shall become null and void and all Parties

6

shall take any and all necessary steps to return SHC to its position in the Actions as of November 18, 2019. For greater certainty, the Plaintiffs and each of them agree that in the event that this Agreement is not approved by the Canadian Court or the U.S. Court and is terminated for any reason, the Plaintiffs shall produce for examination for discovery by SHC, their representative witnesses, shall agree to reasonable amendments to the case timetable, including any adjournment of the trial as may reasonably be necessary, and other case management orders as necessary to allow SHC to defend the claims with all rights of production and discovery as if this Agreement had not been entered into.

10.    *No Admission of Liability*: This Agreement does not in any manner constitute, on the part of SHC, an admission of liability, wrongdoing or any other matter and any and all liability and wrongdoing on the part of SHC is specifically denied.

11.    *Remedies Upon Breach of this Agreement:* The Parties agree that a breach by any Party of any of its, his or her obligations hereunder would cause irreparable harm to the non-breaching Party for which money damages would not be an adequate remedy. Accordingly, the Parties agree that the non-breaching Party shall be entitled to specific performance and injunctive and other equitable relief in the event the other Party breaches any of its obligations hereunder.

12.    *Representations*:

   (a)    Each of the Plaintiffs represents and warrants that:

      (i)    it has all necessary power and authority to enter into and perform under this Agreement subject only to entry of the Canadian Approval Order as to the Litigation Trustee and the Monitor;

      (ii)    entry into and performance under this Agreement following entry of the Canadian Approval Order will not violate any law, rule, order, regulation, contract or other legal obligation of such Plaintiff; and

      (iii)    The Creditors' Committee (as defined in the Order (Appointment of Litigation Trustee, Lifting of Stay, and Other Relief) granted in the CCAA Proceedings on December 3, 2018) does not object to the Litigation Trustee and the Monitor entering into this Agreement or performing any of their obligations hereunder.

   (b)    SHC represents and warrants that:

      (i)    it has all necessary power and authority to enter into and perform under this Agreement subject only to entry of the US Approval Order;

      (ii)    entry into and performance under this Agreement following entry of the US Approval Order will not violate any law, rule, order, regulation, contract or other legal obligation of SHC; and

7

      (iii)    The statutory committee of unsecured creditors appointed in the SHC Chapter 11 Proceedings does not object to the entry of SHC into this Agreement.

13.    *Governing Law*: This Agreement and any claim related directly or indirectly to this Agreement shall be governed by and construed in accordance with the laws of the Province of Ontario and the laws of Canada therein.

14.    *Counterparts and Delivery*: This Agreement may be signed in any number of counterparts, all of which together shall constitute one and the same instrument. This Agreement may be executed and delivered by fax transmission or by transmission in PDF or similar electronic document format.

15.    *Admissibility*: This Agreement may be filed and used in any action or proceeding as may be necessary to consummate, enforce or seek relief with respect to the Agreement.  In particular, the Parties, and any predecessors, successors in interest, assigns or heirs, executors or administrators may file and use this Agreement in any action to support a defence of res judicata, collateral estoppel, issue estoppel, release, good faith settlement, judgment bar, reduction or any other theory of claim preclusion, issue preclusion or similar defence or counterclaim.

16.    *Successors and Assigns*: Unless otherwise stated to the contrary elsewhere in this Agreement, this Agreement shall be binding upon, apply to and inure to the benefit of the Plaintiff Releasors, SHC and their respective heirs, executors, administrators, successors and assigns.

17.    *No Waiver*: Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Agreement to be performed by such other Party.

18.    *Further Assurances*: The Parties shall take such further and other steps and execute such further and other documents as may reasonably be required to give effect to the terms of this Agreement.

19.    *Notice*: Any notices required to be given under this Agreement shall be in writing and shall be made by fax transmission or email transmission to the fax numbers and e-mail addresses set out below.  Upon written notice to the other Party, a Party may change their contact information set out below:

SEARS HOLDINGS CORP.
c/o Lenczner Slaght Royce Smith Griffin LLP
130 Adelaide Street West
Suite 2600
Toronto, ON M5H 3P5

8

Attention:  Peter J. Osborne/ Matthew Lerner/ Chris Hunter/
Chris Trivisonno/ Jenn Power

Fax: 416 865 9010
Email: posborne@litigate.com/ mlerner@litigate.com/
chunter@litigate.com/ ctrivisonno@litigate.com/ jpower@litigate.com

SEARS CANADA INC.,
by its Court-appointed Litigation Trustee, J. Douglas Cunningham, Q.C.
c/o Lax O'Sullivan Lisus Gottlieb LLP
145 King Street west
Suite 2750
Toronto, ON M5H 1J8

Attention:  Matthew P. Gottlieb
Fax:  416 598 3730
Email: mgottlieb@lolg.ca


FTI CONSULTING CANADA INC.,
in its capacity as court-appointed Monitor in proceedings pursuant to the CCAA
c/o Norton Rose Fulbright Canada LLP
Royal Bank Plaza, South Tower
222 Bay Street, Suite 3000, P.O. Box 53
Toronto, ON M5K 1E7

Attention:  Orestes Pasparakis/Robert Frank/Evan Cobb
Fax: 416 216 3930
Email: orestes.pasparakis@nortonrosefulbright.com /
robert.frank@nortonrosefulbright.com /
evan.cobb@nortonrosefulbright.com


MORNEAU SHEPELL LTD.,
in its capacity as administrator of the Sears Canada Inc. Registered Retirement Plan
c/o Blake Cassels & Graydon LLP
199 Bay Street
Suite 4000
Toronto ON M5L 1A9

Attention:  Michael Barrack
Fax:  416 863 2653
Email: michael.barrack@blakes.com

9

1291079 ONTARIO LIMITED
c/o Sotos LLP                      and    Blaney McMurtry LLP
180 Dundas Street West                    2 Queen Street East
Suite 1200                                Suite 1500
Toronto, ON M5G 1Z8                       Toronto, ON M5C 3G5

Attention:  David Sterns               Attention:  Lou Brezinski
            Fax: 416 977 0717                      Fax: 416 594 5084
            Email: dsterns@sotosllp.com            Email: lbrzezinski@blaney.com

20.    *Amendments*: This Agreement supersedes and replaces any and all prior negotiations,
       understandings, promises, representations, inducements and discussions, whether written
       or oral. This Agreement may not be changed or modified except in writing signed by the
       Plaintiffs and SHC.

21.    *No Assignments*: The Plaintiffs have not assigned or otherwise transferred any of or part
       of the Settled Claims to any of its parents, subsidiaries, affiliated or related entities or
       any person or entity.

22.    *Authority to Enter into the Agreement*: The undersigned parties represent that they have
       the full authority necessary to execute this Agreement.


                          **SEARS HOLDINGS CORP.**


                          Per:    _____
                          Name:   Mohsin Y. Meghji
                          Title:  Chief Restructuring Officer

                          I have the authority to bind the Corporation.

                          SEARS CANADA INC., by J. Douglas Cunningham,
                          Q.C., in his capacity as court-appointed litigation
                          trustee and not in his personal capacity and without
                          personal liability


                          Per:    _____
                          Name:
                          Title:

                          I have the authority to bind the Corporation.

| | | |
|---|---|---|
| 1291079 ONTARIO LIMITED<br>c/o Sotos LLP<br>180 Dundas Street West<br>Suite 1200<br>Toronto, ON M5G 1Z8 | and | Blaney McMurtry LLP<br>2 Queen Street East<br>Suite 1500<br>Toronto, ON M5C 3G5 |

Attention:  David Sterns        Attention:  Lou Brezinski
Fax: 416 977 0717                Fax: 416 594 5084
Email: dsterns@sotosllp.com     Email: lbrzezinski@blaney.com

20. *Amendments*: This Agreement supersedes and replaces any and all prior negotiations, understandings, promises, representations, inducements and discussions, whether written or oral. This Agreement may not be changed or modified except in writing signed by the Plaintiffs and SHC.

21. *No Assignments*: The Plaintiffs have not assigned or otherwise transferred any of or part of the Settled Claims to any of its parents, subsidiaries, affiliated or related entities or any person or entity.

22. *Authority to Enter into the Agreement*: The undersigned parties represent that they have the full authority necessary to execute this Agreement.


**SEARS HOLDINGS CORP.**

Per: _____
Name:
Title:

I have the authority to bind the Corporation.

SEARS CANADA INC., by J. Douglas Cunningham, Q.C., in his capacity as court-appointed litigation trustee and not in his personal capacity and without personal liability

Per: _____
Name:       J. DOUGLAS CUNNINGHAM
Title:       LITIGATION TRUSTEE

I have the authority to bind the Corporation.

10

FTI CONSULTING CANADA INC., in its capacity as court-appointed monitor of Sears Canada Inc., and not in its personal or corporate capacity and without personal or corporate liability

Per: _____
Name:    Paul Bishop
Title:    Senior Managing Director

I have the authority to bind the Corporation.

MORNEAU SHEPELL LTD., IN ITS CAPACITY AS ADMINISTRATOR OF THE SEARS CANADA INC. REGISTERED RETIREMENT PLAN AND NOT IN ITS PERSONAL OR CORPORATE CAPACITY AND WITHOUT PERSONAL OR CORPORATE LIABILITY

Per: _____
Name:
Title:

I have the authority to bind the Corporation.

1291079 ONTARIO LIMITED

Per: _____
Name:
Title:

As Representative of the Plaintiff I have the authority to bind the Corporation and all members of the Class of Plaintiffs.

10

FTI CONSULTING CANADA INC., in its capacity
as court-appointed monitor of Sears Canada Inc., and
not in its personal or corporate capacity and without
personal or corporate liability

Per: _____
Name:
Title:

I have the authority to bind the Corporation.

MORNEAU SHEPELL LTD., IN ITS CAPACITY
AS ADMINISTRATOR OF THE SEARS CANADA
INC. REGISTERED RETIREMENT PLAN AND
NOT IN ITS PERSONAL OR CORPORATE
CAPACITY AND WITHOUT PERSONAL OR
CORPORATE LIABILITY

Per: _____
Name:  HAMISH DUNLOP
Title: MANAGING PRINCIPAL

I have the authority to bind the Corporation.

1291079 ONTARIO LIMITED

Per: _____
Name:
Title:

As Representative of the Plaintiff I have the authority to
bind the Corporation and all members of the Class of
Plaintiffs.

10

FTI CONSULTING CANADA INC., in its capacity as court-appointed monitor of Sears Canada Inc., and not in its personal or corporate capacity and without personal or corporate liability


Per: _____
Name:
Title:

I have the authority to bind the Corporation.

MORNEAU SHEPELL LTD., IN ITS CAPACITY AS ADMINISTRATOR OF THE SEARS CANADA INC. REGISTERED RETIREMENT PLAN AND NOT IN ITS PERSONAL OR CORPORATE CAPACITY AND WITHOUT PERSONAL OR CORPORATE LIABILITY


Per: _____
Name:
Title:

I have the authority to bind the Corporation.

1291079 ONTARIO LIMITED


Per: _____
Name:   PAUL MICHELL for DAVID STERNS
Title:    Counsel to 1291079 Ontario Limited

As Representative of the Plaintiff I have the authority to bind the Corporation and all members of the Class of Plaintiffs.

## SCHEDULE "A"

Court File No. CV-18-00611219-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE | ) | ●, THE ●th |
| JUSTICE McEWEN | ) | DAY OF ●, 2020 |

B E T W E E N:

FTI CONSULTING CANADA INC., in its capacity as Court-appointed monitor in proceedings pursuant to the Companies' Creditors Arrangement Act, RSC 1985, c. c-36

Plaintiff

-and-

ESL INVESTMENTS INC., ESL PARTNERS, LP, SPE I PARTNERS, LP, SPE MASTER I, LP, ESL INSTITUTIONAL PARTNERS, LP, EDWARD S. LAMPERT, SEARS HOLDINGS CORPORATION, WILLIAM R. HARKER and WILLIAM C. CROWLEY

Defendants

---

Court File No. CV-18-00611214-00CL

B E T W E E N:

SEARS CANADA INC., by its Court-appointed Litigation Trustee, J. Douglas Cunningham, Q.C.

Plaintiff

-and-

ESL INVESTMENTS INC., ESL PARTNERS LP, SPE I PARTNERS LP,  SPE MASTER I LP, ESL INSTITUTIONAL PARTNERS LP,  EDWARD LAMPERT, EPHRAIM J. BIRD DOUGLAS CAMPBELL, WILLIAM CROWLEY, WILLIAM HARKER, R. RAJA KHANNA, JAMES MCBURNEY, DEBORAH ROSATI, DONALD ROSS and SEARS HOLDINGS CORPORATION

Defendants

---

Court File No. CV-18-00611217-00CL

B E T W E E N:

MORNEAU SHEPELL LTD., in its capacity as administrator of the Sears Canada Inc. Registered Retirement Plan

Plaintiff

-and-

ESL INVESTMENTS INC., ESL PARTNERS LP, SPE I PARTNERS, LP, SPE MASTER I, LP, ESL INSTITUTIONAL PARTNERS, LP, EDWARD S. LAMPERT, WILLIAM HARKER, WILLIAM CROWLEY, DONALD CAMPBELL ROSS, EPHRAIM J. BIRD, DEBORAH ROSATI, R. RAJA KHANNA, JAMES MCBURNEY, DOUGLAS CAMPBELL and SEARS HOLDINGS CORPORATION

Defendants

2

Court File No. CV-19-00617792-00CL

BETWEEN:

### 1291079 ONTARIO LIMITED

Plaintiff

-and-

SEARS CANADA INC., SEARS HOLDINGS CORPORATION, ESL INVESTMENTS INC.,
WILLIAM C. CROWLEY, WILLIAM R. HARKER, DONALD CAMPBELL ROSS,
EPHRAIM J. BIRD, DEBORAH E. ROSATI, R. RAJA KHANNA, JAMES MCBURNEY and
DOUGLAS CAMPBELL

Defendants

---

Court File No.: CV-17-11846-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36,
AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS
CANADA INC., 9370-2751 QUÉBEC INC., 191020 CANADA INC., THE CUT INC., SEARS
CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., 9845488 CANADA INC.,
INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC.,
173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA
INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886
CANADA INC., AND 3339611 CANADA INC.

### ORDER
### (SHC Settlement Approval and Bar Order)

**THIS MOTION** made by Sears Canada Inc. (**Sears**) by its Court-Appointed Litigation

Trustee, J. Douglas Cunningham, Q.C. (the **Litigation Trustee**) in proceedings pursuant to the

*Companies' Creditors Arrangement Act*, R.S.C. 1985, c. c-36 (the **CCAA Proceedings**), FTI

Consulting Canada Inc. in its capacity as Court-appointed monitor (the **Monitor**), Morneau

Shepell Ltd., in its capacity as administrator of the Sears Canada Inc. Registered Retirement Plan

(the **Pension Administrator**) and 1291079 Ontario Limited (collectively with the Monitor, the

Litigation Trustee and the Pension Administrator, the **Plaintiffs**) for an order approving the

amended release and settlement agreement between the Plaintiffs and Sears Holdings Corporation

(**SHC**) and for an order releasing claims against SHC as more particularly defined below was heard

this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Motion Record of the Plaintiffs, the 35th Report of the Monitor dated

February 28, 2020, and the Supplementary Motion Record of 1291079 Ontario Limited, and on

hearing the submissions of counsel for the Plaintiffs and the Defendants, no one appearing for any other party although duly served and such other notice as required by the Order of Justice McEwen dated February 25, 2020 respecting the form of notice for the settlement approval hearing and plan for distribution of notice to the class (**Notice Order**) having been provided;

AND **WHEREAS** the Supervising CCAA Judge, Justice Hainey, has designated Justice McEwen to hear this Motion pursuant to the CCAA and the *Class Proceedings Act, 1992*, S.O. 1992, c. 6:

**Sufficiency of Service and Definitions**

1.      **THIS COURT ORDERS** that the time for service and manner of service of the Notice of Motion and Motion Record of the Plaintiffs, the 35th Report of the Monitor dated February 28, 2020, and the Supplementary Motion Record of 1291079 Ontario Limited on any Person are, respectively, hereby abridged and validated, and any further service thereof is hereby dispensed with so that this Motion was properly returnable March 16, 2020 in all proceedings set out in the styles of cause hereof.

2.      **THIS COURT ORDERS** that capitalized terms not otherwise defined in this Order shall have the meaning attributed to those terms in the release and settlement agreement between the Plaintiffs and SHC dated as of November 7, 2019, as amended as of March 13, 2020 (the **Amended SHC Settlement Agreement**).

3.      **THIS COURT FINDS** that all applicable parties have adhered to, and acted in accordance with, the Notice Order and that the procedures provided for in the Notice Order have provided good and sufficient notice of the hearing of this Motion, and that all persons shall be and are hereby barred from objecting to the Amended SHC Settlement Agreement.

**Approval of Amended SHC Settlement Agreement**

4.      **THIS COURT ORDERS** that the Amended SHC Settlement Agreement is hereby approved and the parties thereto are hereby bound by this order and by those terms of the Amended SHC Settlement Agreement that are conditional upon the granting of this Order and are authorized and directed to comply with their obligations thereunder, subject to the granting of the US

4

Approval Order in the case of those obligations that are conditional upon the granting of the US Approval Order.

5.    **THIS COURT ORDERS** that each of the Plaintiffs' actions, being CV-18-00611219-00CL,    CV-18-00611214-00CL,    CV-18-00611217-00CL,    and    CV-19-00617792-00CL (collectively, the **Actions**) are dismissed as against SHC pursuant to the terms of the Amended SHC Settlement Agreement, without costs.

**Release by Plaintiffs**

6.    **THIS COURT ORDERS** that in accordance with the terms and conditions of the Amended SHC Settlement Agreement, all Settled Claims of each of the Plaintiff Releasors are, as of the Effective Date, irrevocably and unconditionally fully, finally and forever released as against SHC.

7.    **THIS COURT ORDERS** that this Order, including the Amended SHC Settlement Agreement, is binding upon each class member in Court File No. CV-19-617792-00CL (the **129 Settlement Class**) including those Persons who are minors or mentally incapable and the requirements of Rules 7.04(1) and 7.08(4) of the *Rules of Civil Procedure* are dispensed with in respect of the action in Court File No. CV-19-617792-00CL.

8.    **THIS COURT ORDERS** that the Amended SHC Settlement Agreement is fair, reasonable and in the best interest of the 129 Settlement Class.

9.    **THIS COURT ORDERS** that the Amended SHC Settlement Agreement is hereby approved pursuant to s. 29 of the *Class Proceedings Act, 1992* and shall be implemented and enforced in accordance with its terms.

**Bar Orders**

10.    **THIS COURT ORDERS** that, without limiting the effect or validity of any provision of this order, all Plaintiff Releasors, including for greater certainty all members and beneficiaries under the Sears Canada Inc. Registered Retirement Plan, are permanently and forever barred, estopped, stayed and enjoined from commencing, conducting or continuing in any manner, directly or indirectly, any action, suits or demands, including without limitation, by way of contribution or

5

indemnity or other relief, in common law or in equity, or under the provisions of any statute or regulation, or other proceedings of any nature or kind whatsoever (including without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against SHC in relation to or otherwise in connection with the subject matter of the Settled Claims; excluding, for greater certainty, such Plaintiff Releasor's rights to enforce the terms of the Amended SHC Settlement Agreement.

11.    **THIS COURT ORDERS** that each and every Plaintiff Releasor is hereby permanently and forever barred, estopped, stayed and enjoined from: (i) enforcing, levying, attaching, collecting or otherwise recovering or enforcing by any manner or means, directly or indirectly, any judgment, award, decree, or order against SHC or its property in respect of any claims relating in any way to the Settled Claims; or (ii) taking any action to interfere with the implementation and consummation of the Amended SHC Settlement Agreement; in each case excluding, for greater certainty, such Plaintiff Releasor's rights to enforce the terms of the Amended SHC Settlement Agreement.

12.    **THIS COURT ORDERS** that no Defendant not party to the Amended SHC Settlement Agreement (the **Non-Settling Defendant(s)**) shall now or hereafter institute, continue, maintain or assert, either directly or indirectly, whether in Canada or elsewhere, on their own behalf or on behalf of any other person, any action, suit, cause of action, claim or demand against SHC (or any other person who may claim contribution or indemnity from SHC) in respect of the matters contained in any of the Actions. All claims for contribution or indemnity or other claims over (whether asserted or unasserted, tolled or not tolled, and relating to or arising from any of the Actions) which were or could have been brought in any of the Actions or in a separate proceeding by any Non-Settling Defendant against SHC are barred, extinguished, prohibited and enjoined by this Order.

13.    **THIS COURT ORDERS** that the Plaintiffs' recovery from the Non-Settling Defendant(s) and with which SHC is judicially determined to be jointly and severally liable to the Plaintiffs for damages, shall be reduced (in aggregate) by the amount of funds ultimately received by the Plaintiffs in respect of the Allowed Unsecured Claim from SHC pursuant to the Amended SHC Settlement Agreement, as determined by the Court. Further, the Plaintiffs shall henceforth be

6

permitted to claim and recover from the Non-Settling Defendants only that proportion of damages attributable to the liability of the Non-Settling Defendants, as determined by the Court.

**Recognition and Enforcement**

14.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body (collectively, **Bodies**) having jurisdiction in Canada or in the United States or in any other jurisdiction to give effect to this order and to assist the Plaintiffs, the Litigation Trustee (as an officer of this Court) and the Monitor (as an Officer of this Court) and their respective agents in carrying out the terms of this order.  All Bodies are hereby respectfully requested to make such orders and to provide such assistance to the Plaintiffs, the Litigation Trustee (as an officer of this Court) and the Monitor (as an officer of this Court) as may be necessary or desirable to give effect to this order or to assist the Plaintiffs, the Litigation Trustee (as an officer of this Court) and the Monitor (as an officer of this Court) and their respective agents in carrying out the terms of this order.

_____

McEwen, J.

FTI CONSULTING CANADA INC.
Plaintiff

MORNEAU SHEPELL LTD.
Plaintiff

-and-

SEARS CANADA INC., by its Court-appointed
Litigation Trustee, J. Douglas Cunningham, Q.C.
Plaintiff

-and-

1291079 ONTARIO LIMITED
Plaintiff

ESL INVESTMENTS INC. et al.
Defendants

ESL INVESTMENTS INC. et al.
Defendants

-and-

ESL INVESTMENTS INC. et al.
Defendants

-and-

ESL INVESTMENTS INC. et al.
Defendants

Court File No. CV-18-00611219-00CL

Court File No. CV-18-00611217-00CL

Court File No. CV-18-00611214-00CL

Court File No. CV-19-00617792-00CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

PROCEEDING COMMENCED AT TORONTO

ORDER
(SHC SETTLEMENT APPROVAL AND BAR ORDER)

**LAX O'SULLIVAN LISUS**
**GOTTLIEB LLP**
Suite 2750, 145 King Street West
Toronto ON M5H 1J8

**Matthew P. Gottlieb** LSO#:
32268B
mgottlieb@lolg.ca
Tel:    416 644 5353
**Andrew Winton** LSO#: 54473I
awinton@lolg.ca
Tel:    416 644 5342
**Philip Underwood** #73637W
punderwood@lolg.ca
Tel:    416 645 5078
Fax:    416 598 3730

Lawyers for Sears Canada Inc., by
its Court-appointed Litigation
Trustee, J. Douglas Cunningham,
Q.C.

**NORTON ROSE FULBRIGHT**
**CANADA LLP**
222 Bay Street, Suite 3000, P.O. Box 53
Toronto ON M5K 1E7

**Orestes Pasparakis** LSO#: 36851T
orestes.pasparakis@nortonrosefulbright.com
Tel:    416 216 4815
**Evan Cobb** LSO#: 55787N
evan.cobb@nortonrosefulbright.com
Tel:    416 216 1929
**Fahad Siddiqui** LSO#: 67001A
fahad.siddiqui@nortonrosefulbright.com
Tel:    416 216 2424
Fax:    416 216 3930

Lawyers for FTI Consulting Canada Inc., in
its capacity as Court-appointed monitor

**BLAKE, CASSELS &**
**GRAYDON LLP**
199 Bay Street, Suite 4000
Commerce Court West
Toronto ON M5L 1A9

**Michael Barrack** LSO #21941W
michael.barrack@blakes.com
Tel:    416 863 5280
**Kathryn Bush** LSO #23636O
kathryn.bush@blakes.com
Tel:    416 863 2633
**Kiran Patel** LSO #58398H
kiran.patel@blakes.com
Tel:    416 863 2205
Fax:    416 863 2653

Lawyers for Morneau Shepell Ltd.,
in its capacity as administrator of the
Sears Canada Inc. Registered
Retirement Plan

**SOTOS LLP**
180 Dundas St W Suite 1200,
Toronto, ON M5G 1Z8

**David Sterns** LSO #36274J
Tel: 416 977 0007
Fax: 416 977 0717

-and-

**BLANEY McMURTRY LLP**
Suite 1500 – 2 Queen Street East
Toronto ON M5C 3G5

**Lou Brzezinski** LSO #19794M
Tel: 416 539 1221
Fax 416 539 5437

Lawyers for 1291079 Ontario
Limited