MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277
James P. Chou
Ted A. Berkowitz
Danielle J. Marlow

*Proposed Special Conflicts Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.[1]** | : | (Jointly Administered) |
| | : | |

**CERTIFICATE OF NO OBJECTION REGARDING**
**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* FOR**
**AUTHORITY TO RETAIN AND EMPLOY MORITT HOCK & HAMROFF LLP**
**AS SPECIAL CONFLICTS COUNSEL, *NUNC PRO TUNC* TO JANUARY 2, 2020**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], entered on November 1, 2018 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      On October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to title 11 of the United States Code (the "Bankruptcy Code").

2.      On October 24, 2018, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") [ECF No. 276].[2]   On April 9, 2020, the Creditors' Committee filed the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., to Retain and Employ Moritt Hock & Hamroff LLP as Special Conflicts Counsel, Nunc Pro Tunc to January 2, 2020* [ECF No. 7798] (the "Application").

3.      The Creditors' Committee served the Application and proposed order (the "Proposed Order") on April 9, 2020 [ECF No. 7819].

4.      The deadline for parties to object or file responses to the Application was April 16, 2020, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").  Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no

---

[2] The Creditors' Committee currently comprises: (i) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; and (vii) Winiadaewoo Electronics America, Inc.

objections or the responsive pleadings have been filed prior to 48 hours after the passage of the objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.  Similarly, the Amended Case Management Order provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

5.      The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading or request for a hearing with respect to the Application has been (a) filed with the Court or (b) served on counsel to the Creditors' Committee.  Accordingly, the Creditors' Committee respectfully requests that the Proposed Order, annexed hereto as <u>Exhibit A</u>, be entered in accordance with Local Rule 9075-2 and the Amended Case Management Order.

I declare the foregoing is true and correct.

Dated:  New York, New York          MORITT HOCK & HAMROFF LLP
        April 20, 2020

                                    <u>/s/  Ted A. Berkowitz</u>
                                    James P. Chou
                                    Ted A. Berkowitz
                                    Danielle J. Marlow
                                    1407 Broadway, 39th Floor
                                    New York, New York 10018
                                    Telephone: (212) 239-2000
                                    Facsimile: (212) 239-7277

                                    *Proposed Special Conflicts Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

**<u>EXHIBIT A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.[1]** | : | (Jointly Administered) |
|  | : |  |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY MORITT HOCK & HAMROFF LLP, AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2020

Upon the application dated April 6, 2020 (the "Application")[2] of the Official Committee

of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its

affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order,

pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Southern District of New York (the "Local Rules"), authorizing the Creditors' Committee to retain and employ Moritt Hock & Hamroff LLP ("Moritt Hock") as its special conflicts counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), to perform the services described in the Application; and upon the declaration of James P. Chou, a partner of Moritt Hock, dated March 31, 2020 (the "Chou Declaration"), and the declaration of Ronald M. Tucker on behalf of Simon Property Group L.P., in his capacity as chair of the Creditors' Committee, dated April 6, 2020 (the "Tucker Declaration" and, together with the Chou Declaration, the "Declarations"); and it appearing that the attorneys at Moritt Hock who will perform services on behalf of the Creditors' Committee in the Chapter 11 Cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Declarations, that Moritt Hock does not represent any interest adverse to the Creditors' Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required by Bankruptcy Code section 328, and that its employment is necessary and in the best interests of the Creditors' Committee and the Debtors' estates; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due and sufficient notice of the Application there being no objections to the requested relief; and no additional notice or a hearing being required; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

2

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Creditors' Committee is authorized and empowered to retain and employ Moritt Hock as its special conflicts counsel to represent it in these Chapter 11 Cases and related matters and proceedings as set forth in the Application and the Declarations, effective *nunc pro tunc* to January 2, 2020.

3.      Moritt Hock shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4.      To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

5.      The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
          _____, 2020


                                                    _____
                                                    THE HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE

3