**BOYAMIAN LAW, INC.**
Michael H. Boyamian, *Admitted Pro Hac Vice*
*California State Bar No. 256107*
Armand R. Kizirian, *Admitted Pro Hac Vice*
*California State Bar No. 293992*
550 N. Brand Blvd., Suite 1500
Glendale, California 91203
Telephone: (818) 547-5300
Facsimile: (818) 547-5678
E-mail: michael@boyamianlaw.com,
      armand@boyamianlaw.com

*Attorneys for Creditors Massoud Afzal and*
*Oswaldo Cruz, Individuals*

(*Additional Counsel Listed on Following Page*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                           :

**In re:**                      :         Case No.: 18-23538 (RDD)
                           :

**SEARS HOLDING CORPORATION, *et al.*,**  :       Chapter 11
                           :

**Debtors[1]**                :        (*Jointly Administered*)
                           :
---------------------------------------------------------x

## REQUEST FOR CALCULATION AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**LAW OFFICES OF THOMAS W. FALVEY**
Thomas W. Falvey, *California Bar No. 65744*
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone:     (818) 547-5200
Facsimile:      (818) 500-9307
E-mail(s):       thomaswfalvey@gmail.com

**LAW OFFICE OF VIDA M. HOLGUIN**
Vida M. Holguin, *California Bar No. 63536*
2200 Pacific Coast Highway, Suite 302
Hermosa Beach, CA 90254
Telephone:     (310) 376-5207
Facsimile:      (310) 376-4318
E-mail:          vida@holguinlaw.com

*Attorneys for Creditors Massoud Afzal and
Oswaldo Cruz, Individuals*

1.      Oswaldo Cruz, in his capacity as representative of the California Labor and Workforce Development Agency ("LWDA") under the Private Attorneys General Act (Cal. Labor Code § 2698 *et seq.*) ("PAGA"), by the undersigned counsel submits a request for the calculation and payment of administrative expenses due under Section 503(b)(1) of the Bankruptcy Code by Sears Holding Corporation, Sears Holding Management Corporation, Sears Roebuck Acceptance Corp., and Sears, Roebuck and Co. in an amount of penalties accruing during the Request Period (as hereinafter defined) estimated to be not less $1,000,000 and to be particularly determined on the basis of the debtors' employment books and records (the "Request").

2.      The debtors had a pattern and practice of underpayment of wages in California stores as set forth more particularly in the complaint of *Massoud Afzal, Oswaldo Cruz et al. vs. Sears, Roebuck & Co., et al.* Calif. Superior Ct., Cty. of Los Angeles (BC631074 2016) (the "State Court Action"). The State Court Action was pending as of, and stayed by, the commencement of these Chapter 11 cases.  The Operative Complaint of the State Court Action is attached as Exhibit "A" hereto.

3.      PAGA imposes upon the debtors an initial penalty per incident of $100 per worker, and a penalty of $200 per worker for *each subsequent* pay period in which the violations recur.

4.      The "Request Period" commenced on the petition date of these cases and concluded on February 11, 2019, the effective date of the debtors' transfer of its remaining California stores to Transform Holdco LLC and/or its affiliates.

5.      Mr. Cruz was constituted PAGA representative by action of the LWDA and without subsequent requirement of class certification or approval under Fed. Rule Civ. Proc. 23, Bank. Rule 7023, or any analogous provision of state law.

6.      Mr. Cruz was appointed to and presently serves as a member of the Official Committee of Unsecured Creditors appointed in these Chapter 11 cases.

7.      Mr. Cruz and his co-lead-plaintiff Mr. Afzal each filed unsecured claims for pre-petition violations by the applicable bar date.  As of the date hereof, the undersigned has received no notice that any of these claims has been objected to by any party in interest.

8.      The amount sought by the Request constitute "actual, necessary costs and expenses of preserving the estates" insofar as it was *solely* due to the ongoing labor of the debtors' retail workers during the Request Period, including that of the workers who submit the Requests, that the debtors were able to (a) operate and generate cash during the Request Period, (b) offer their business for sale on a going concern basis during the Request Period, and (c) consummate the sale of their business on a going concern basis at the conclusion of the Request Period, and the debtors have the privilege to receive such labor only in strict compliance with applicable wage and hour laws.

9.      There is no basis to subordinate the Request to any other administrative expense claim against the debtors, and the Request should be paid at the same time and at the same rate as any other allowed administrative expense and have the option to participate in any program for the payment of administrative expenses which is or may become available.

10.     The Request is without waiver of any right to assert liability under PAGA of Transform Holdco LLC either by assumption of penalties accrued in or before the Request Period, or directly as a result of ongoing violations after the Request Period.

WHEREFORE, the undersigned moves the Court to (a) enter the order annexed as Exhibit "B" hereto, directing the debtors to (i) calculate penalties during the Request Period for the violations as set forth in the State Court Action, subject to the review and approval of movant, and (ii) remit to the movant the amount due on the basis of the foregoing calculation, as and for administrative expenses of the debtors and/or (b) grant such additional or other relief as the Court may deem proper.

Dated: April 21, 2020                       **BOYAMIAN LAW, INC.**
                                            **LAW OFFICES OF THOMAS W. FALVEY**
                                            **LAW OFFICE OF VIDA M. HOLGUIN**


Glendale, California                         /s/ Armand R. Kizirian
                                            Armand R. Kizirian

**EXHIBIT A**

**STATE COURT ACTION OPERATIVE COMPLAINT**

1  **LAW OFFICES OF THOMAS W. FALVEY**
   Thomas W. Falvey, SBN 65744
2  Michael H. Boyamian, SBN 256107
   Armand R. Kizirian, SBN 293992
3  550 North Brand Boulevard, Suite 1500
   Glendale, California 91203-1922
4  Telephone:      (818) 547-5200
   Facsimile:       (818) 500-9307
5  E-mail(s):       thomaswfalvey@gmail.com
                    mike.falveylaw@gmail.com
6                   armand.falveylaw@gmail.com

7  **LAW OFFICE OF VIDA M. HOLGUIN**
   Vida M. Holguin, SBN 63536
8  2230 E. Maple Avenue
   El Segundo, CA 90245
9  Telephone:      (310) 376-5207
   Facsimile:       (310) 376-4318
10 E-mail:          vida@holguinlaw.com

11 Attorneys for Plaintiffs MASSOUD AFZAL and OSWALDO CRUZ
   individually, on behalf of all others similarly situated, and the general public
12

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 0 7 2017

Sherri R. Carter, Executive Officer/Clerk
By: Marlon Gomez, Deputy

13              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14                **IN AND FOR THE COUNTY OF LOS ANGELES**

15 MASSOUD AFZAL, an individual,              CASE NO. BC631074
   OSWALDO CRUZ, an individual, on
16 behalf of themselves and all others        **FIRST AMENDED COMPLAINT FOR**:
   similarly situated, and the general public,
17                                            1. **CIVIL PENALTIES UNDER LABOR CODE**
                      Plaintiffs,                **PRIVATE ATTORNEYS GENERAL ACT OF**
18                                               **2004, LABOR CODE 2698, ET. SEQ**
         vs.
19                                            **DEMAND FOR JURY TRIAL**

20 SEARS, ROEBUCK AND CO., a New
   York corporation; SEARS HOLDINGS
21 MANAGEMENT CORPORATION, a
   Delaware corporation; and DOES 1
22 through 10, inclusive,

23

24                    Defendants.

25

26

27

28

                                            1
                            FIRST AMENDED COMPLAINT

1    Plaintiffs MASSOUD AFZAL, an individual, OSWALDO CRUZ, an individual (collectively

2    "Plaintiffs"), hereby file this First Amended Complaint against defendants SEARS, ROEBUCK

3    AND CO., a New York Corporation, SEARS HOLDINGS MANAGEMENT CORPORATION, a

4    Delaware corporation, and Does 1 to 10 (hereinafter collectively, "Defendants"). Plaintiffs are

5    informed and believe and on the basis of that information and belief allege as follows:

6    **INTRODUCTION**

7    1.    This lawsuit challenges Defendants' employment practices with respect to its

8    Consultative Sales Associates, or other employees of Defendants with similar job duties, employed

9    in the State of California. Defendants operate a retail company which sell a variety of consumer

10   goods, most notably appliances, throughout the state of California.   The "aggrieved" employees

11   Plaintiffs seek to represent on behalf of the state of California are California based Consultative

12   Sales Associates, or other employees of Defendants with similar job duties, which have been

13   subjected to at least one of the violations described herein.   Defendants fail to provide aggrieved

14   employees with written and signed commission agreements that set forth the method by which their

15   commissions are computed and paid.   The commissions paid to the aggrieved employees are not

16   short-term productivity bonuses, nor temporary productivity bonuses that increase their pay, nor part

17   of any bonus or profit sharing plans.  In addition, Defendants fail to provide legally compliant, work

18   free meal and rest breaks, fail to pay aggrieved employees minimum wages and overtime wages for

19   all work performed, fail to timely compensate aggrieved employees for all wages earned, and fail to

20   properly and accurately report commissions earned, wages earned, hours worked, and wage rates,

21   among other violations.

22   2.    At all times relevant hereto, Defendants did not provide Plaintiffs with written and

23   signed commission agreements that set forth the method by which their commissions are computed

24   and paid, in violation of Labor Code section 2751.

25   3.    At all times relevant hereto, and with certain defined exceptions, Defendants'

26   compensation scheme did not fully compensate Plaintiffs with at least minimum wages and/or

27   overtime wages for all hours worked.

28   ////

2

4.      At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to provide Plaintiffs with adequate off-duty meal periods and meal period compensation in violation of Labor Code sections 226.7, 512, and 516 and IWC Wage Order No. 7.

5.      At all times relevant hereto, and as a matter of policy and/or practice, Defendants knowingly and intentionally provided Plaintiffs with wage statements that, among others, do not accurately show all wages earned, all hours worked, or all applicable rates.

6.      At all times relevant hereto, and as a matter of policy and/or practice, Defendant failed to maintain accurate documentation of the actual hours worked each day by Plaintiff, all wages earned and meal breaks taken in violation of Labor Code sections 1174 and IWC Wage Order No. 7, section 7.

7.      At all times relevant hereto, and as a matter of policy and/or practice, Defendant failed to pay Plaintiffs all wages due, but not limited to, payment of wages for off-the-clock work, and missed meal and rest periods compensation.

8.      In this case, Plaintiffs seek penalties established by Labor Code section 2699, the Private Attorneys Generals Act of 2004 ("PAGA"), against Defendants for their unlawful employment practices.  Since this complaint amends the original complaint filed on August 19, 2016, the Relevant Time Period for purposes of this representative action is from August 19, 2015 to the present.

**PARTIES**

*Plaintiff Massoud Afzal*

9.      Plaintiff Massoud Afzal is an individual over the age of eighteen (18) and is now and/or at all relevant times mentioned in this Complaint was a resident and domiciliary of the State of California in the County of Los Angeles.  Throughout the Relevant Time Period, Mr. Afzal worked for Defendants at Defendants' store 1278, located at 22100 Hawthorne Blvd., Torrance, CA 90503 as a Consultative Sales Associate.  Mr. Afzal is bringing this lawsuit in a representative capacity as an aggrieved employee of Defendants on behalf of the state of California.  He is not asserting any individual claims.

////

3

FIRST AMENDED COMPLAINT

*Plaintiff Oswaldo Cruz*

10.     Plaintiff Oswaldo Cruz is an individual over the age of eighteen (18) and is now and/or at all relevant times mentioned in this Complaint was a resident and domiciliary of the State of California in the County of Los Angeles.   Throughout the Relevant Time Period, Mr. Cruz worked for Defendants at Defendants' store 1278, located at 22100 Hawthorne Blvd., Torrance, CA 90503 as a Consultative Sales Associate.   Mr. Cruz is bringing this lawsuit in a representative capacity as an aggrieved employee of Defendants on behalf of the state of California.   He is not asserting any individual claims.

*Defendant Sears, Roebuck and Co.*

11.     Plaintiffs are informed and believe and based thereon allege that Defendant Sears, Roebuck and Co. is now and/or all times mentioned in this Complaint a New York corporation licensed to do business and actually doing business in the State of California.

12.     Plaintiffs are informed and believe and based thereon allege that Defendant Sears, Roebuck and Co. is now and/or at all times mentioned in this Complaint the owner and operator of a business with numerous locations throughout the State of California, including in Los Angeles County, jointly with Defendant Sears Holdings Management Corporation.   Among other things, Defendant Sears, Roebuck and Co. operates retail store locations which sell a variety of consumer goods, most notably appliances, throughout the state of California.

13.     Plaintiffs are informed and believe and based thereon allege that Defendant Sears, Roebuck and Co. maintains and operates retail stores in Torrance, California and elsewhere in Los Angeles County, and that some aggrieved employees reside in Los Angeles County.

*Defendant Sears Holdings Management Corporation*

14.     Plaintiffs are informed and believe and based thereon allege that Defendant Sears Holdings Management Corporation is now and/or all times mentioned in this Complaint a Delaware corporation licensed to do business and actually doing business in the State of California.

15.     Plaintiffs are informed and believe and based thereon allege that Defendant Sears Holdings Management Corporation is now and/or at all times mentioned in this Complaint the owner and operator of a business with numerous locations throughout the State of California, including in

4

FIRST AMENDED COMPLAINT

1  Los Angeles County, jointly with Defendant Sears, Roebuck and Co.  Among other things,
2  Defendant Sears Holdings Management Corporation operates retail store locations which sell a
3  variety of consumer goods, most notably appliances, throughout the state of California.

4  16.  Plaintiffs are informed and believe and based thereon allege that Defendant Sears
5  Holdings Management Corporation maintains and operates retail stores in Torrance, California and
6  elsewhere in Los Angeles County, and that some aggrieved employees reside in Los Angeles
7  County.

8  ***Defendants Does 1 through 10, Inclusive***

9  17.  DOES 1 through 10 inclusive are now and/or at all times mentioned in this Complaint
10  were, licensed to do business and/or actually doing business in the State of California.  Plaintiffs do
11  not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through
12  10, inclusive and for that reason, DOES 1 through 10 are sued under such fictitious names pursuant
13  to California Code of Civil Procedure, section 474.  Plaintiffs will seek leave of court to amend this
14  Complaint to allege such names and capacities as soon as they are ascertained.  DOES 1 through 10
15  are believed to be business entities who were also co-employers of the Plaintiffs and similarly
16  situated aggrieved employees.

17  ***All Defendants***

18  18.  Plaintiffs are informed and believe and based thereon allege that at all times herein
19  mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint
20  venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within
21  the course and scope of said employment and/or agency; furthermore, that each and every Defendant
22  herein, while acting as a high corporate officer, director and/or managing agent, principal and/or
23  employer, expressly directed, consented to, approved, affirmed and ratified each and every action
24  taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the
25  matters referred to herein.

26  19.  Plaintiffs are informed and believe and based thereon allege that at all times herein
27  mentioned, Defendants, and each of them, proximately caused Plaintiffs, all others similarly situated
28  and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or

5

1    damages alleged in this Complaint.

2        20.     Plaintiffs are informed and believe and based thereon allege that Defendants, and
3    each of them, are now and/or at all times mentioned in this Complaint were members of and/or
4    engaged in a joint venture, partnership and common enterprise, and were acting within the course
5    and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such
6    were co-employers of the Plaintiff and the putative class herein.

7        21.     Plaintiffs are informed and believe and based thereon allege that Defendants, and
8    each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of,
9    aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and
10    every one of the other Defendants in proximately causing the injuries and/or damages alleged in this
11    Complaint.

12                    **JURISDICTION AND VENUE**

13        22.     This Court has jurisdiction over this matter, and under Code of Civil Procedure
14    section 395, venue is proper in that Plaintiffs' injuries were incurred, in part, within Los Angeles
15    County; the actions giving rise to Plaintiffs' Complaint and those of others arose in whole or in part
16    within Los Angeles County; and Defendants operate in Los Angeles County. Moreover, there are
17    aggrieved employees who reside in Los Angeles County and some of the harms occurred in Los
18    Angeles County. Plaintiffs do not seek more than seventy-five thousand dollars ($75,000) and waive
19    seeking more than seventy-five thousand dollars ($75,000), including attorneys' fees but excluding
20    costs and interest, as to his share or portion of penalties or any other recovery with respect to the
21    violations alleged herein against Defendants. This case also raises no federal questions.

22                    **FACTUAL ALLEGATIONS**

23    *Background*

24        23.     Plaintiffs are former employees for Defendants and worked out of Defendants' store
25    1278, located at 22100 Hawthorne Blvd., Torrance, CA 90503, as Consultative Sales Associates.
26    Throughout their employment with Defendants, Plaintiffs, like other Consultative Sales Associates
27    or other similarly situated employees, were compensated on a hybrid commission and hourly basis.
28    ////

24.    The primary work duties of Plaintiffs and those similarly situated include, among others, assisting and educating customers about the products sold by Defendants and ultimately making sales to said customers.

25.    Additional job duties include, but are not limited to, maintaining extensive knowledges of the products sold by Defendants, providing customers with different payment options, processing payments to complete sales, maintaining the appearance of the store, assisting with the assembly and disassembly of store promotions, handling customer complaints, and attending team meetings with management and other co-workers.

***Defendants' Failure to Provide Written and Signed Commission Agreements***

26.    California Labor Code section 2751(a) requires that "[w]henever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid."

27.    Moreover, Labor Code section 2751(b) provides, in part, that "[t]he employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee."

28.    Consultative Sales Associates, including Plaintiffs and other similarly situated employees, entered into required commission contracts with Defendants. At least since January 1, 2013, Defendants have failed to provide Consultative Sales Associates, including Plaintiffs and other similarly situated employees, with written and signed commission agreements for their services that set forth the method by which their commissions were computed and paid.

29.    Defendants failed to provide any copies of commission agreements, whether signed or unsigned, to Plaintiffs, Consultative Sales Associates, and other similarly situated employees.

30.    The commissions paid to Plaintiffs, Consultative Sales Associates, and other similarly situated employees, were not short-term productivity bonuses, nor were they temporary productivity bonuses that increased their pay, and nor were they part of any bonus or profit sharing plans.

31.    The commission rates applied to Consultative Sales Associates, including Plaintiffs and other similarly situated employees, were fixed but the rates varied day to day, and sometimes by

FIRST AMENDED COMPLAINT

1    the hour.  These commission rate variances increased as well as *decreased* their commission pay.

2        32.    Plaintiff Afzal repeatedly requested copies of the commission plan(s) that were

3    applicable to him, but Defendants informed him that they had none to provide.  On information and

4    belief, Defendants have not provided any of their Consultative Sales Associates in California, or

5    other similarly situated employees, with copies of the commission plan(s) applicable to them.

6        33.    Defendants failure to provide standard commission agreements to Plaintiffs,

7    Consultative Sales Associates, and other similarly situated employees, has caused uncertainty as to

8    the wages earned by these individuals.    By not providing written commission agreements,

9    Defendants can decrease the commission rate of said individuals on a whim, even in contravention

10   of the contract reached between Plaintiffs, Consultative Sales Associates, and other similarly situated

11   employees, on the one hand, and Defendants on the other.

12   ***Defendant's Failure to Provide Meal Breaks***

13       34.    Plaintiffs did not waive their meal periods with Defendants, by mutual consent or

14   otherwise.  Plaintiffs did not enter into any written agreement with Defendants agreeing to an on-the-

15   job paid meal period. Nevertheless, Defendants implemented a uniform policy and procedure in

16   which Consultative Sales Associates, including Plaintiffs and other similarly situated employees,

17   were not provided required duty-free meal periods.

18       35.    The nature of Plaintiffs', Consultative Sales Associates', and other similarly situated

19   employees' jobs prevented them from being relieved of all work duties for a thirty-minute meal

20   period before the commencement of their sixth hour of work.  Defendants evaluated Plaintiffs,

21   Consultative Sales Associates, and other similarly situated employees, based upon meeting sales

22   goals and maintain acceptable productivity scores.  On information and belief, Defendants' assigned

23   Plaintiffs and said employees a productivity score based upon the total amount of sales generated in

24   a week divided by the total number of hours worked in that same week.

25       36.    As a result of this method of evaluation by Defendants, Plaintiffs, Consultative Sales

26   Associates, and other similarly situated employees would miss or skip their mandated meal breaks or

27   falsify their time entries on Defendants' timekeeping system in order to not trigger a meal break

28   premium.  On numerous occasions, Plaintiffs informed Defendants' management that they were

8

FIRST AMENDED COMPLAINT

clocking out for his supposed meal break, but had to continue assisting customers and generating sales for the company.  Upon information and belief, other Consultative Sales Associates and other similarly situated employees have also informed Defendants' management of this practice.

37.    Upon information and belief, Plaintiffs, Consultative Sales Associates and other similarly situated employees are told to clock out before the completion of their sixth hour of work to avoid burdening Defendants with a statutory meal break obligation.

38.    Specifically, throughout the Relevant Time Period, Defendants regularly:

a.    Failed to provide Plaintiffs and other similarly situated employees with a meal period of not less than thirty (30) minutes during which they were relieved of all duty before working more than five (5) hours;

b.    Failed to pay Plaintiffs and other similarly situated employees one hour of pay at their regular rate of compensation for each workday that a meal period was not provided.

39.    In addition, Plaintiffs and other aggrieved Consultative Sales Associates continued to working after they had clocked out of their shifts.  Such off-the-clock work consisted of cleaning up the sales floor, sorting out the cash register and checkout area.  Defendants' managers were aware of such off-the-clock work occurring since they directed and/or instructed Consultative Sales Associates, including Plaintiffs, to continue working after they had clocked out of their shifts.

***Defendant's Failure to Provide Accurate, Itemized Wage Statements***

40.    At all times relevant hereto, Labor Code section 226 and IWC Wage Order, number 7, section 7 required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and meal breaks taken.

41.    Wage statements provided to Consultative Sales Associates, including Plaintiffs and other similarly situated employees, by Defendants did not accurately show all wages earned, including commissions, all hours worked, or all applicable rates, in violation of the Labor Code section 226, and IWC Wage Order number 7, section 7.

9

FIRST AMENDED COMPLAINT

42.    Moreover, Defendants did not maintain adequate records of all wages earned, including commissions, hours worked and meal breaks taken.

***Exhaustion of Administrative Remedies***

43.    Plaintiffs have complied with the procedures for bringing suit specified in California Labor Code Section 2699.3.  By letter dated March 17, 2016, Plaintiff Massoud Afzal, on behalf of himself and the other aggrieved employees, gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.   Plaintiff supplemented his letter to the LWDA on May 16, 2016, and supplemented his letter again on July 14, 2016.

44.    Because the LWDA did not provide notice within 33 days of the postmark of Plaintiff's initial notice on March 17, 2016, advising whether or not the agency intended to investigate his claims, Plaintiff alleges that he is entitled to commence his civil action pursuant to Labor Code Section 2699.  Labor Code Section 2699.3(a)(2)(A), effective October 2, 2015 to June 26, 2016.

45.    Similarly, by letter dated May 26, 2017, Plaintiff Oswaldo Cruz, on behalf of himself and the other aggrieved employees, gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. More than 65 days has elapsed since the transmittal of Plaintiff Cruz's letter to the LWDA with no response from the LWDA whether it intends to pursue the alleged violations against Defendants.

46.    Plaintiffs and the other aggrieved employees have therefore exhausted all administrative procedures required of them under Labor Code Sections 2698, 2699, and 2699.3, and as a result, are entitled as a matter of right in bringing forward this cause of action.

////

////

////

10

FIRST AMENDED COMPLAINT

**FIRST CAUSE OF ACTION**

**CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT**

**(On Behalf of Plaintiffs and the Aggrieved Employees Against Defendants)**

**Labor Code sections 201, 202, 203, 204, 210, 221, 226, 226.3, 226.7, 510, 511, 512, 558, 1174,**

**1198, 2698 *et seq.*, and 2751)**

47.     Plaintiffs incorporate by reference the allegations set forth above. Plaintiffs have complied with the procedures for bringing suit specified in California Labor Code Section 2699.3.

48.     This action arises out of the allegedly unlawful labor practices of Defendants in California. Through this private attorneys' general action, Plaintiffs represent themselve, and other aggrieved employees of Defendants that were in California, against whom Defendants have allegedly committed labor law violations alleged herein.   As a result of the allegedly unlawful conduct described herein, Plaintiffs now seek to recover civil penalties, including the value of unpaid wages, attorneys' fees and costs, pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code Sections 558 and 2698, *et seq.*

49.     Labor Code Section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the applicable Wage Order.

50.     Plaintiffs are informed and believe that throughout the Relevant Time Period, Defendants have applied centrally devised policies and practices to Plaintiffs and the other aggrieved employees with respect to wages, hours, and working conditions.

**Failure to Provide Written and Signed Commission Agreements**

51.     At all relevant times, Labor Code section 2751 provides that "[w]henever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid."

52.     In addition, Labor Code section 2751(b) provides, in part, that "[t]he employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee."

11

FIRST AMENDED COMPLAINT

53.    At all relevant times, Defendants maintained a policy and practice of requiring Plaintiff and the other aggrieved employees to enter into commission agreements with Defendants. At least since January 1, 2013, in violation of Labor Code section 2751, Defendants have failed to provide Plaintiffs and the other aggrieved employees with written and signed commission agreements for their services that set forth the method by which their commissions were computed and paid.

54.    Defendants failed to provide any copies of commission agreements, whether signed or unsigned, to Plaintiffs and the other aggrieved employees in violation of Labor Code section 2751.

55.    The commissions paid to Plaintiffs and the other aggrieved employees, were not short-term productivity bonuses, nor were they temporary productivity bonuses that increased their pay, and nor were they part of any bonus or profit sharing plans. As such, Defendants commission plans for Plaintiffs and the other aggrieved employees fell within the scope of Labor Code section 2751.

56.    Defendants' failure to provide Plaintiffs and the other aggrieved employees with copies of their commission plan(s), particularly when requested to do so, violates Labor Code section 2751.

57.    Defendants' failure to provide Plaintiffs and the other aggrieved employees with signed copies of their commission agreements constitutes a violation of Labor Code section 2751. As a result, Plaintiffs and other aggrieved employees are entitled to recover civil penalties pursuant to sections 2751 and 2699(a), (f), and (g).

**Failure to Provide Meal Breaks**

58.    Labor Code Section 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty (30) minutes for each work period of five (5) or more hours.

59.    Labor Code Section 226.7 and Section 11 of the Wage Order prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an additional hour of premium wages on each workday that the employee is not provided

12

1   with a required meal period.

2       60.    At relevant times during the applicable limitations period, Defendants failed to

3   provide Plaintiff with an uninterrupted meal period of at least thirty (30) minutes on each day that he

4   worked five (5) or more hours, as required by Labor Code Section 512 and the Wage Order, as a

5   result of sales and productivity goals that severely disincentivized and penalized Plaintiff for taking a

6   legally required meal breaks.  Plaintiff is informed, believes and thereon alleges that, at relevant

7   times during the applicable limitations period, Defendants maintained a policy or practice of not

8   providing the other aggrieved employees with uninterrupted meal periods of at least thirty

9   (30) minutes for each five (5) hour work period, as required by Labor Code Section 512 and the

10  Wage Order, as a result of sales and productivity goals that severely disincentivized and penalized

11  them for taking a legally required meal breaks

12      61.    Defendants' failure to provide Plaintiff and the other aggrieved employees with

13  legally complaint meal breaks constitutes a violation of Labor Code sections 226.7, 512, and Section

14  11 of the Wage Order.  As a result, Plaintiff and other aggrieved employees are entitled to recover

15  civil penalties pursuant to sections 226.7 and 2699(a), (f), and (g).

16            **Failure to Pay Minimum Wages and Overtime Compensation**

17      62.    IWC Wage Order, number 7 defines "hours worked" to mean "the time during

18  which an employee is subject to the control of an employer, and includes all the time the

19  employee is suffered or permitted to work, whether or not required to do so."

20      63.    Labor Code section 1182.12 and IWC Wage Order, number 7, section 4 provide

21  that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine

22  dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall

23  be not less than ten dollars ($10) per hour, and on and after January 1, 2017, the minimum wage

24  for all industries shall be not less than ten dollars and fifty cents ($10.50).

25      64.    Labor Code section 1194(a) provides in relevant part: "Notwithstanding any

26  agreement to work for a lesser wage, any employee receiving less than the legal minimum wage

27  [] is entitled to recover in a civil action the unpaid balance of the full amount of this minimum

28  wage [], including interest thereon, reasonable attorney's fees, and costs of suit."

13

FIRST AMENDED COMPLAINT

65.    Labor Code Section 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

66.    Labor Code Section 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Labor Code Section 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Labor Code Section 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

67.    Labor Code section 1194.2(a) provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

68.    Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

69.    Consultative Sales Associates are paid, in part, on an hourly-basis for their time spent assisting customers and selling retail products. Hours worked include, but are not limited to, all hours that an employee is permitted or suffered to work including, but not limited to, off-the-clock work that an employer either knew or should have known that an employee was performing.

70.    As a matter of policy and/or practice, Defendants routinely suffered or permitted their Consultative Sales Associates to work portions of the day during which they were subject to Defendants' control, but Defendants failed to compensate them.

////

FIRST AMENDED COMPLAINT

71.    Throughout the Relevant Time Period, Defendants routinely required their Consultative Sales Associates, including Plaintiffs to clock out while performing certain work tasks, including but not limited to, cleaning up the sales floor, sorting out the cash register and checkout area.

72.    Plaintiffs worked for Defendants as Consultative Sales Associates. Throughout the Relevant Time Period Plaintiffs were subject to Defendants' uniform policy and/or practice of failing to pay at least minimum wages and/or designated rates for all hours worked. As a result, Plaintiffs were routinely denied compensation for all hours worked, including but not limited to, cleaning up the sales floor, sorting out the cash register and checkout area.

**Failure to Provide and Maintain Compliant Wage Statements**

73.    Labor Code Section 1174 requires that every person employing labor in this state shall keep (1) a record showing the names and addresses of all employees employed and the ages of all minors; (2) at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments; (3) such records in accordance with rules established for this purpose by the commission, but in any case, on file for not less than three years. This statute also prevents an employer from prohibiting an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.  Defendants have willfully failed to keep the records required by Section 1174.

74.    Pursuant to Labor Code section 226(a), Plaintiffs and the other aggrieved employees were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

75.    Defendants failed to provide Plaintiffs with accurate itemized statements in accordance with Labor Code section 226(a) by providing Plaintiffs with wage statements with inaccurate entries for hours worked, corresponding rates of pay, and total wages earned as a result of

15

FIRST AMENDED COMPLAINT

1    the unlawful labor and payroll practices described herein.

2        76.    Plaintiffs are informed and believe and thereon allege that, at all relevant times during

3    the applicable limitations period, Defendants maintained a policy or practice of not providing

4    aggrieved employees with accurate itemized wage statements by providing them with wage

5    statements with inaccurate entries and information for hours worked, corresponding rates of pay or

6    commission rates, total wages and deductions from wages earned as a result of the unlawful labor

7    and payroll practices described herein.

8        77.    Plaintiffs are informed and believe and thereon allege that Defendants' failure to

9    provide them and the aggrieved employees with accurate written wage statements is knowing and

10    intentional.

11        78.    Plaintiffs are informed and believe and thereon allege that Defendants have the ability

12    to provide them and the aggrieved employees with accurate wage statements, but intentionally

13    provides wage statements that it knows are not accurate.

14        79.    As a result of being provided with inaccurate wage statements by Defendants,

15    Plaintiffs and the aggrieved employees have suffered an injury.  Their legal rights to receive accurate

16    wage statements were violated and they were misled about the amount of wages they had actually

17    earned and were owed.  In addition, the absence of accurate information on their wage statements

18    prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and

19    mathematical computations to determine the amounts of wages owed, has caused difficulty and

20    expense in attempting to reconstruct time and pay records, and/or has led to the submission of

21    inaccurate information about wages and amounts deducted from wages to state and federal

22    government agencies.

23        80.    California Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on

24    behalf of himself and other current or former employees, to bring a civil action to recover civil

25    penalties pursuant to the procedures specified in California Labor Code Section 2699.3.

26                        **Section 558 Penalties**

27        81.    The PAGA claims are also brought against Defendants pursuant to provisions of the

28    Labor Code including § 558 which permits liability of persons or employers who violate or cause to

16

be violated Labor Code and IWC regulations.  California Labor Code Section 2699.

82.   The PAGA states:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees...

83.   One provision of law enforceable through PAGA is Labor Code § 558, which states the following:

(a)  Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to any amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages...

## Penalties Authorized by PAGA

84.   Pursuant to California Labor Code sections 2699(a) and (f), Plaintiffs and the other aggrieved employees of Defendants are entitled to, and seek to, recover civil penalties for Defendant's violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 226, 226.3, 226.7, 510, 511, 512, 558, 1174, 1194-1197.1, 1198, and 2751, during the applicable limitations period in the following amounts:

a.   For violations of California Labor Code sections 201, 202, 226.7, and 2751, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code Section 2699(f)(2));

b.   For violations of California Labor Code Section 203, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation, in addition to up to 30 days of the aggrieved employees' daily wage; and two hundred dollars

17

($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code Sections 203 and 2699(f)(2));

c. For violations of California Labor Code section 204, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amount established by California Labor Code Section 210);

d. For violations of California Labor Code section 226, fifty dollars ($50.00) for each aggrieved employee per pay period for each initial violation and one hundred dollars ($100.00) for each aggrieved employee per pay period for each subsequent violation (penalty amount established by California Labor Code Section 226);

   i. In addition to the foregoing, for violations of California Labor Code Section 226, two hundred and fifty dollars ($250.00) for each aggrieved employee for an initial citation and one thousand dollars ($1,000) for each aggrieved employee for each subsequent citation (penalty amount establish by California Labor Code Section 226.3);

e. For violations of California Labor Code Section 221 one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee for each subsequent or willful violation (penalty amount established by California Labor Code §225.5);

f. For violations of California Labor Code Section 1174, five hundred dollars ($500.00) for each of Defendants' violations in addition to any other penalties or fines permitted by law (penalty amounts established by California Labor Code § 1174.5);

g. For violations of California Labor Code Section 1198 and Wage Order 7-2001, fifty dollars ($50.00) for each aggrieved employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages; for each subsequent violation, one hundred dollars ($100) for each

18

1        aggrieved employee for each pay period during which the employee was underpaid in

2        addition to the amount which is sufficient to recover unpaid wages (penalty amounts

3        established by Section 20 of Wage Order 7-2001);

4     h.  For violations of California Labor Code Section 226, two hundred fifty dollars

5        ($250.00) per employee for initial violation and one thousand dollars ($1,000.00)

6        per employee for each subsequent violation (penalty amounts established by

7        California Labor Code Section 226.3);

8     i.  For violations of California Labor Code section 512 and, Wage Order 7-2001 Section

9        11, fifty dollars ($50.00) for each aggrieved employee for each initial violation for

10       pay period for which the employee was underpaid in addition to an amount sufficient

11       to recover unpaid wages and one hundred dollars ($100.00) for each underpaid

12       employee for each pay period for which the employee was underpaid in addition to an

13       amount sufficient to recover unpaid wages (penalty amounts established by California

14       Labor Code Section 558).

15     j.  For violations of California Labor Code Sections 510, 511, and 558, fifty dollars

16       ($50.00) for initial violation, fifty dollars ($50.00) for each underpaid employee for

17       each pay period for which the employee was underpaid in addition to an amount

18       sufficient to recover unpaid wages; for each subsequent violation, one hundred dollars

19       ($100.00) for each underpaid employee for each pay period for which the employee

20       was underpaid in addition to an amount sufficient to recover underpaid wages.

21    85.   Pursuant to California Labor Code Section 2699(g), Plaintiffs, on behalf of

22 themselves and the other aggrieved employees, are entitled to an award of reasonable attorneys' fees

23 and costs.

24                 **PRAYER FOR RELIEF**

25     Wherefore, Plaintiffs pray for judgment against Defendants as follows:

26     a.  Civil penalties;

27     b.  Other penalties and fines permitted by law;

28     c.  Costs of suit;

FIRST AMENDED COMPLAINT

1        d.  Reasonable attorneys' fees; and

2        e.  Such other relief as the Court deems just and proper.

3

4    DATED: July 25, 2017            **LAW OFFICES OF THOMAS W. FALVEY**
                                   **LAW OFFICE OF VIDA M. HOLGUIN**

5

6

7               By: _____
                           Thomas W. Falvey, Esq.

8                              Michael H. Boyamian, Esq.
                          Armand R. Kizirian, Esq.

9                              Vida M. Holguin, Esq.
                          Attorneys for Plaintiffs MASSOUD AFZAL and

10                             OSWALDO CRUZ, individually, on behalf of all
                          others similarly situated, and the general public

11

12

13   **DEMAND FOR JURY TRIAL**

14        Plaintiffs MASSOUD AFZAL and OSWALDO CRUZ, individually and on behalf of all

15   similarly situated individuals, demand jury trial of this matter.

16

17   DATED: July 25, 2017            **LAW OFFICES OF THOMAS W. FALVEY**
                                   **LAW OFFICE OF VIDA M. HOLGUIN**

18

19              By: _____

20                             Thomas W. Falvey, Esq.
                          Michael H. Boyamian, Esq.

21                             Armand R. Kizirian, Esq.
                          Vida M. Holguin, Esq.

22                             Attorneys for Plaintiff MASSOUD AFZAL and
                          OSWALDO CRUZ, individually, on behalf of all

23                             others similarly situated, and the general public

24

25

26

27

28

20

FIRST AMENDED COMPLAINT

**EXHIBIT B**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------x
                                          :
```
**In re:**                                 :         Case No.: 18-23538 (RDD)
```
                                          :
```
**SEARS HOLDING CORPORATION,** *et al.,*   :         Chapter 11
```
                                          :
```
**Debtors**[1]                              :         (*Jointly Administered*)
```
                                          :
--------------------------------------------------------x
```

## ORDER GRANTING REQUEST FOR CALCULATION AND PAYMENT OF ADMINISTRATIVE EXPENSE BY OSWALDO CRUZ IN HIS CAPACITY AS PRIVATE ATTORNEY GENERAL

Upon the *Request for the Calculation and Payment of Administrative Expense* claim (D.I. [    ])

(the "Request") of Oswaldo Cruz in his capacity as duly-designated Private Attorney General ("Cruz"),

and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and such notice having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

adequate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Request is granted.

2.      Capitalized terms in this Order shall have the meaning given in the Request unless otherwise herein defined.

3.      The debtors shall promptly determine the number of persons employed, and the number of pay periods for each was employed, during the Request Period whose duties place them in the category of aggrieved employees as defined in the State Court Action.  This calculation shall become final upon receipt of Cruz's counsel's approval of the calculation, such approval not to be unreasonably withheld. Any disagreement between the Obliged Debtors and Cruz regarding the calculation shall be resolved by this Court upon motion of the debtors or Cruz, or in such other manner of resolution as the debtors and Cruz may agree.

4.      The sum of $200 multiplied by the sum of all pay periods of all persons so calculated shall be Cruz's "Allowed Administrative Expense Claim" (as defined by the debtors confirmed Chapter 11 Plan) for all purposes, including but not limited to distributions of money or other property upon Allowed Administrative Expense Claims.

5.      Notwithstanding any stay which may otherwise apply at such time, if and when any payment is first received upon Cruz's Allowed Administrative Expense Claim, Cruz shall thereupon apply to the California Superior Court for the County of Los Angeles with original jurisdiction of the State Court Action for the approval of a plan of distribution, including payment to the California Labor and Workforce Development Agency of its share of penalties, payment to aggrieved employees of their share of penalties (in proportion to their number of pay periods worked in the Request Period), payment

of service awards not to exceed $10,000 each to Cruz and to his co-representative plaintiff in the State Court Action Massoud Afzal, payment of Cruz's counsel legal fees and expenses (such expenses including fees of such counsel's financial adviser), appointment and payment of fees and expenses of a distribution agent; and counsel to Cruz shall see to the administration of such a plan of distribution as it is approved.  To facilitate such distribution, the debtors shall provide to the movant a spreadsheet containing the names, addresses, subject pay periods, and other available contact information, and (properly protected) Social Security Numbers or Taxpayer Identification Numbers of each such employee.

      6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____

White Plains, New York

                                                      _____
**ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**