UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                  :

In re                                :          Chapter 11
                                  :

SEARS HOLDINGS CORPORATION, *et al.*,  :         Case No. 18-23538 (RDD)
                                  :

           Debtors.[1]                :          (Jointly Administered)
                                  :
------------------------------------------------------------x

### ORDER APPROVING SETTLEMENT AGREEMENT AMONG
### SEARS HOLDINGS CORPORATION AND THE CANADIAN PLAINTIFFS

Upon the motion, dated March 26, 2020 (ECF No. 7518) (the "**Motion**")[2] of Sears Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the release and settlement agreement (the "**Settlement Agreement**") entered into by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Plan, as applicable.

SHC and the Canadian Plaintiffs (collectively, the "**Parties**"), a copy of which is attached hereto as **Exhibit 1**; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order and the Settlement Procedures Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the Motion; and no hearing thereon being required under the circumstances; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and cause for the relief granted herein, in that the proposed settlement is fair and reasonable, a proper exercise of business judgment and in the best interests of the Debtors, their estates, their creditors and other parties in interest in the light of the risks, costs and delay of continued litigation, the arms-length nature of the parties' negotiations, and the absence of any objection; now, therefore, **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Pursuant to Bankruptcy Rule 9019(a), the SHC's entry into and performance of the Settlement Agreement is authorized and approved.

3. Upon the occurrence of the Effective Date (as defined in the Settlement Agreement), the Canadian Plaintiffs' Proofs of Claim shall be deemed withdrawn and replaced with a single allowed Class 4 General Unsecured Claim against SHC in the amount of

$154,249,576.00, held collectively by the Canadian Plaintiffs, and such Allowed Claim shall not be subject to any set off, counterclaim, reduction or diminution of any kind or nature.

4. The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order, including, without limitation, to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 22, 2020
      White Plains, New York

                                            */s/Robert D. Drain*
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Settlement Agreement**