April 27, 2020

BY E-MAIL
Judge Robert D. Drain
U.S. Bankruptcy Court
for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *In re Sears Holdings Corp. et al.*, Case No. 18-23538

Dear Judge Drain,

We write on behalf of Transform Holdco LLC (together with its subsidiaries, "Transform") pursuant to Rule 9076-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York to request a telephonic status conference in connection with Transform's designation of the EDA Agreement for assumption and assignment (ECF No. 3539) and the pending objection of the Community Unit School District 300 (the "School District") to such assumption and assignment (ECF No. 3783, the "Objection").[1]  In short, Transform seeks a briefing and hearing schedule on a series of discrete threshold legal questions that are core bankruptcy issues and that have not been submitted for decision to the Circuit Court of Cook County, State of Illinois (the "Circuit Court").  The assumption and assignment of the EDA Agreement has been pending for more than a year and, as described herein, Transform believes that its proposed briefing will further the interests of judicial economy and represents a significant step toward resolving the dispute between Transform and the School District.

Background

Under the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (ECF No. 3008), the assumption and assignment of the EDA Agreement to Transform will not become effective until the Bankruptcy Court resolves the Objection.  Moreover, Transform retains the ability to withdraw the notice of assumption and assignment of the EDA Agreement at any time before complete resolution of the Objection.

On April 18, 2019, the Bankruptcy Court issued the Abstention Order pursuant to which the Bankruptcy Court abstained from resolving certain issues related to the interpretation of the EDA Act, and authorized the Debtors and the School District to resolve such matters before the Circuit Court.  In addition, on October 3, 2019, the Debtors filed the *Notice of Presentment of Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund and Related Matters* (ECF No. 5322, the "EDA Stipulation and Order").  The

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given to them in the *Amended Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (ECF No. 5492, the "Amended Stipulation and Order").

Hon. Robert D. Drain, p. 2

EDA Stipulation and Order proposed the following language in paragraph 7 (the "Stipulation Language"):

> Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

The EDA Stipulation and Order was filed before there was an operative complaint in the Illinois Action. Transform did not seek to alter the Stipulation Language in its limited objection and reservation of rights (see ECF No. 5352) and the Stipulation Language was included in the Amended Stipulation and Order entered by the Bankruptcy Court on October 23, 2019.

While the parties[2] and this Court hoped that the actions before the Circuit Court would "proceed . . . in an expedited manner" (Abstention Order ¶ 4), the Illinois Action remains in its very early phases and, based on the currently proposed pleadings, will not determine certain threshold bankruptcy issues raised by the Objection. The Circuit Court recently further delayed proceedings due to the COVID-19 pandemic, with a ruling on the School District's motion for leave to file a fourth amended complaint not expected until May 19, 2020 at the earliest.[3] In addition, from the plaintiffs' March 12 motion for leave to file the fourth amended complaint in the Illinois Action, it is now apparent that the School District is not making allegations against Transform that would raise certain core threshold issues necessary to a resolution of the Objection and to permit Transform to move forward with, or withdraw, its notice of assumption and assignment.

In early March, Transform proposed a bifurcated approach to the School District that would allow the parties to efficiently resolve certain central threshold issues (the "Threshold Issues") related to assumption and assignment that remain before the Bankruptcy Court while fully reserving all rights with respect to all other issues. Transform believes that resolution of these threshold legal issues would permit the parties to materially progress the ultimate determination of assumption and assignment of the EDA agreement. The Threshold Issues are as follows:

1. Whether the School District's release or waiver of certain liabilities against the Debtors under the Amended Stipulation and Order would constitute a release or waiver of the

---

[2] Notably, at the April 18, 2019 hearing, the School District represented to the Bankruptcy Court that, if the Bankruptcy Court abstained, the School District "could get a ruling [on the issues of law] very quickly" and that the Bankruptcy Court could "expect the ruling within 30 to 60 days [of April 19, 2019]" (Hr'g Tr. at 115:13-16). However, at the time that the Debtors and the School District submitted the EDA Stipulation and Order, there had been little progress towards any rulings.

[3] The School District's Response (as defined below) is mistaken to the extent it asserts that Transform contributed to the latest delay by "refus[ing] to agree" to the School District's proposed briefing schedule order. Transform had simply not yet replied to the School District's proposal as of the date of the Response. Since the Village of Hoffman Estates (the "Village") subsequently declined to agree to the School District's proposal, such proposal is now moot.

Hon. Robert D. Drain, p. 3

        same liabilities by the School District against Transform to the extent Transform becomes
the Debtors' assignee of the EDA Agreement.

2.    Assuming *arguendo* that any provisions of the EDA Agreement limit Transform's rights
to become the "Developer" under the EDA Agreement, whether such provisions are
unenforceable anti-assignment provisions under Section 365(f) of the Bankruptcy Code.

3.    To the extent the School District intends to assert this objection, whether the EDA
Agreement is a "financial accommodation" under Section 365(c)(2) of the Bankruptcy
Code.

        Transform memorialized this proposal (the "Proposal") in the letter sent to the School
District on March 14, 2020 and attached hereto as Exhibit A in efforts to reach a consensual
briefing stipulation.  After numerous inquiries, the School District responded in its letter dated
April 20, 2020 (attached hereto as Exhibit B (the "Response")), rejecting the Proposal and citing
as its sole explanation the position that the Stipulation Language requires resolution of the
Illinois Action before the Bankruptcy Court can address the Threshold Issues.

        Transform believes that the interests of judicial economy favor its proposed briefing and
hearing schedule.  Moreover, the Stipulation Language relied upon by the School District in no
way prevents the limited relief that Transform now seeks.

<u>Interests of Judicial Economy Favor Transform's Proposed Bifurcated Approach</u>

        The proposed bifurcated approach allows the School District and Transform to efficiently
resolve their pending dispute regarding assumption and assignment of the EDA Agreement.
Each of the Threshold Issues addresses a narrow question of law that remains squarely within the
Bankruptcy Court's exclusive jurisdiction—none of the Threshold Issues have been alleged in
the proposed fourth amended complaint or otherwise brought before the Circuit Court in the
Illinois Action.  Significantly, Transform believes resolution of the Threshold Issues may render
moot some or all of the remaining disputed issues.  If that proves to be the case, the bifurcated
approach enables the parties to avoid engaging in costly, time-consuming litigation and
discovery related to issues that are not relevant to the outcome, and similarly reduces the burden
on the Bankruptcy Court.  Moreover, the bifurcated approach does not prejudice either the
School District or Transform; the parties' rights would be fully reserved for any disputed issues
that are not obviated by the Bankruptcy Court's resolution of the Threshold Issues.  The
challenges created by the COVID-19 pandemic reinforce the argument for narrowing the issues
in dispute consistent with Transform's proposal.

<u>The Stipulation Language Does Not Reflect Changed Circumstances and Should Not
Prevent the Court from Granting Transform's Requested Relief</u>

        The sole reason articulated by the School District in opposition to Transform's proposal –
the Stipulation Language – does nothing to undermine the benefits for all parties that will result
from Transform's proposed bifurcated approach.  Even if Transform was willing to not object to
the Stipulation Language in October 2019, it is now clear that the Bankruptcy Court is the forum
best-positioned to efficiently resolve the dispute between the School District and Transform
based on (i) the lack of meaningful progress in the Illinois Action over the past six months and

Hon. Robert D. Drain, p. 4

(ii) the fact that the allegations in the current proposed complaint before the Circuit Court do not raise certain key bankruptcy issues that require threshold determinations for assumption and assignment.  In its Response, the School District asserts that the "fundamental issue" remaining before the Circuit Court is the statutory interpretation of which persons count toward the EDA Act's jobs requirement.  However, such interpretation is only meaningful for purposes of assumption and assignment of the EDA Agreement when paired with years of past employment data, which will require exactly the sort of fact-intensive inquiry that Transform's bifurcated approach seeks to avoid unless necessary.  In contrast, the Threshold Issues can be resolved purely as questions of law through briefing before the Bankruptcy Court and may render the job requirement issue as it may be relevant to cure costs moot for Transform.

Over the past year, almost no progress has been made to litigate issues related to the EDA Agreement in the Illinois Action.  Transform can no longer afford to wait indefinitely for a resolution.  The Stipulation Language should not stand in the way of an efficient bifurcated approach that enables Transform and the School District to finally make real progress toward resolving their disputes related to assumption and assignment, without any adverse impact on the issues pending before the Circuit Court.

<u>Conclusion</u>

For the reasons stated above, Transform hereby requests that the Bankruptcy Court grant Transform's request for a telephonic status conference to set a briefing and hearing schedule solely for the Threshold Issues.  The schedule Transform proposes provides for the School District to file supplemental briefing on the Threshold Issues by 4:00 p.m. (Prevailing Eastern Time) on May 4, 2020, Transform to file reply briefing by 12:00 p.m. (Prevailing Eastern Time) on May 12, 2020 and a hearing before the Bankruptcy Court at the May 14, 2020 Omnibus Hearing at 10:00 a.m. (Prevailing Eastern Time).

The Village, another counterparty to the EDA Agreement, has reviewed this letter and supports both Transform's request for a status conference and the proposed bifurcated approach. The parties with a direct interest in the status conference are the Debtors, the Village, the School District and Transform.

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:      /s/ *Luke A. Barefoot*
          Sean A. O'Neal
          Luke A. Barefoot
          One Liberty Plaza
          New York, NY 10006
          Telephone: (212) 225-2000

          *Attorneys for Transform Holdco LLC*

**<u>EXHIBIT A</u>**

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2829
lbarefoot@cgsh.com

*Privileged and Confidential*
*For Settlement Purposes Only*
*Subject to F.R.E. 408*

March 14, 2020

BY E-MAIL

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Attention: Kenneth M. Florey

Re:  Proposed Hearing on Designation of EDA Agreement in *In re Sears Holdings Corporation, et al.*, Case No. 18-23538 (RDD)

Dear Mr. Florey:

I am writing on behalf of Transform Holdco LLC ("Transform") to memorialize the proposal we discussed on March 13, 2020 regarding Transform's designation of the EDA Agreement for assumption and assignment, the objection to assumption and assignment of the EDA Agreement by the Community Unit School District 300 (the "School District"), *see* (ECF No. 3783) (the "Objection"), and the parallel action regarding the EDA Agreement in the Circuit Court of Cook County (the "Illinois Action"). Reference is also made to the *Amended Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (ECF No. 5492) (the "Amended Stipulation and Order").[1]

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given to them in the *Limited Objection and Reservation of Rights of Transform Holdco LLC to the Proposed Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (ECF No. 5352) or, if not defined therein, the meanings given to them in the Amended Stipulation and Order.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

Kenneth M. Florey, p. 2

      Under the Assumption and Assignment Order, the assumption and assignment of the EDA Agreement to Transform will not become effective until the Bankruptcy Court resolves the Objection.  Given the unexpected delays to and slow pace of the Illinois Action, each of our respective clients' interests are best served by moving forward in the Bankruptcy Court with respect to certain core threshold issues set forth below, with the parties reserving all rights with respect to any other issues.

      We propose entering into a stipulation with the School District to schedule supplemental briefing by the School District, reply briefing from Transform in response to such supplemental briefing and a hearing before the Bankruptcy Court at the April 29, 2020 Omnibus Hearing or on another mutually agreeable near-term date that the Bankruptcy Court would make available, in each case limited to the following three threshold issues:

1. Whether the School District's release or waiver of certain liabilities against the Debtors under the Amended Stipulation and Order would constitute a release or waiver of the same liabilities by the School District against Transform to the extent Transform becomes the Debtors' assignee of the EDA Agreement.

2. Assuming *arguendo* that any provisions of the EDA Agreement limit Transform's rights to become the "Developer" under the EDA Agreement, whether such provisions are unenforceable anti-assignment provisions under Section 365(f) of the Bankruptcy Code.

3. To the extent the School District intends to assert this objection, whether the EDA Agreement is a "financial accommodation" under Section 365(c)(2) of the Bankruptcy Code.

All other issues raised by the School District in the Objection, including but not limited to all other issues related to asserted cure costs, would be adjourned, with the parties fully reserving all rights with respect to any such issues.

      We further propose staying the proceedings in the Illinois Action until the Bankruptcy Court has ruled on the three threshold issues set forth above, the resolution of which may render moot the remaining disputes between the School District and Transform.  In the alternative, we would propose that the School District and Transform agree to a briefing schedule and hearing date in the Bankruptcy Court such that these three threshold issues would be resolved prior to any decision in the Illinois Action on a motion for judgment on the pleadings or a motion for summary judgment.

      Please confirm whether the School District agrees to proceed on the basis described above.  Transform makes this proposal for settlement purposes only, without prejudice to Transform's rights to seek any relief from the Bankruptcy Court.

Sincerely yours,

Luke A. Barefoot

**<u>EXHIBIT B</u>**

# Robbins Schwartz

55 West Monroe, Suite 800 | Chicago, IL 60603-5144

**KENNETH M. FLOREY**
kflorey@robbins-schwartz.com

April 20, 2020

***Privileged and Confidential***
***For Settlement Purposes Only***

<u>**VIA EMAIL**</u>

Mr. Luke Barefoot
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY  10006-1470
lbarefoot@cgsh.com

Re:    **Proposed Hearing on Designation of EDA Agreement in** *In re Sears*
       ***Holdings Corporation, et al.*, Case No. 18-23538 (RDD)**

Mr. Barefoot,

We received your March 14, 2020 letter regarding Transform Holdco LLC's ("Transform's") proposed stipulation with Community Unit School District 300 (the "District  300").  We appreciate your and Transform's patience in waiting for our response during these trying times for all of us.

In your letter, Transform proposed scheduling a supplemental briefing, reply, and hearing before the Bankruptcy Court for decisions on three issues related to the Debtors' assignment of the EDA Agreement to Transform ("Assignment"). For a variety of reasons, we cannot accept your proposal on behalf of District 300.

As you are aware, the action regarding the EDA Agreement in the Circuit Court of Cook County (the "Illinois Action") is ongoing.  The *Amended Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (the "Stipulation and Order") of which Transform seeks to use for its own advantage and interests was carefully negotiated and jointly prepared by Sears, the Village and District 300.   Furthermore, Transform's attorneys had significant input in drafting the Stipulation and Order language.  After the parties presented the proposed Stipulation and Order to the Bankruptcy Court and all interested parties including Transform had an opportunity to object to any of the terms, Transform did not object to the terms of the Stipulation and Order and thus has waived any objections.

The Stipulation and Order clearly declares the parties' agreement and intention and Judge Drain's determination that the Illinois Action will be resolved prior to the Bankruptcy Court's decision on issues related to the assignment of the EDA Agreement. In relevant part, the Stipulation and Order states as follows:

> Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action,

# Robbins Schwartz

the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

*Id.* At 8-9.

In conjunction with the reasoning expressed therein, the language of the Stipulation and Order is intended to resolve threshold issues in the proper forum, thereby avoiding unnecessary litigation, confusion of the issues, redundancies, and extraneous costs to all parties. This forum clause was a material quid pro quo for the other concessions made in the Stipulation and Order.

Your client's proposal seeks to utilize the language in the Stipulation and Order to argue against District 300's objection to Sears' and Transform's proposed assumption and assignment of the EDA Agreement. Transform simply cannot accept some of the terms of the Stipulation and Order while rejecting other terms with which it does not agree. The fundamental issue in this case going forward and for prior years (except 2017), which persons count towards the EDA Act's 4,250 employee count--Sears' employees, Sears' lessee's employees, Sear's vendors' employees, and every business in the EDA District's employees--will not be resolved with your proposal. If the Bankruptcy Court agrees with your positions in your proposals, this threshold issue will remain open and undecided.

Rather than returning to the Bankruptcy Court to seek a decision on key issues in this case, we would rather comply with Judge Drain's Stipulation and Order and have Transform's cooperation in litigating the Illinois Circuit Court proceedings on an expedited basis. Just recently, Transform refused to accept District 300's proposed Agreed Order which simply advanced an uncontested element of the case, allowing District 300 to file its 4th Amended Complaint and setting a response date for Transform. Yet, Transform refused to agree to this simple Order which would have advanced the case by several months, at least, given the current COVID-19 freeze status. Furthermore, District 300 requested simple information from Transform, the employee counts for calendar years 2018 and 2019 and whether Transform seeks to request the property tax subsidy for the 2018 EDA Funds, but Transform refused to provide this basic information.

Therefore, we believe it is inadvisable and District 300 declines to agree to Transform's proposal to decide those question prior to the resolution of the Illinois Action.

If you wish to further discuss this matter further, please do not hesitate to let us know.

Very truly yours,

**ROBBINS SCHWARTZ**

By: Kenneth M. Florey

Cc:    Kory Atkinson
       Matt Gensburg
       Allen Kadish