UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :         CHAPTER 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,    :        Case No. 18-23538 (RDD)
                                                               :
          Debtors.[1]                                   :         (Jointly Administered)
------------------------------------------------------------------x

## ORDER (I) ALLOWING ADMINISTRATIVE CLAIMS, AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Motion (I) to Allow Administrative Claims and (II) Granting Related Relief*, filed March 18, 2020 (the "**Motion**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) allowing the administrative expense claims (each a "**Claim**") for certain claimants (the "**Claimants**") as set forth hereto as **Exhibit 1**, and (ii) granting related relief consisting of the payment of De Minimis Claims in the full capped amount consistent with the respective Claimants' elections regarding the Administrative Expense Claims Consent

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Program, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided, including to each Claimant, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and there being no objection to the requested relief as granted herein; and no hearing being required under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 502 and 503(b) of the Bankruptcy Code, each Claim listed on **Exhibit 1** annexed hereto shall be allowed in full in the amount stated in such Exhibit as an administrative expense claim and treated in accordance with the Confirmation Order.

3. Each Claim shall be treated as a Non Opt-Out Settled Admin Claim pursuant to Confirmation Order and the recovery of such Claims shall be capped at 80% of the allowed amount of the Claim as provided in the preceding paragraph.

4. Each holder of a Claim listed on Exhibit 1 hereto shall be forever barred and estopped from asserting any administrative expense claims against any of the Debtors in excess of the amounts listed on Exhibit 1.

5. This Order shall have not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6. Notwithstanding anything in the Confirmation Order, upon consultation with the Creditors' Committee and the Ad Hoc Vendor Group, the Debtors are authorized, but not directed, to pay any De Minimis Claim in the full capped amount hereunder.

7. This Order is deemed to be a separate Order with respect to each Claimant's Claims covered hereby.

8. The terms and conditions of this Order are effective immediately upon entry.

Dated: April 30, 2020
White Plains, New York

*/s/ Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE