WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|                                                    :       |
In re                                               :    Chapter 11
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*,           :    Case No. 18-23538 (RDD)
                                                    :
Debtors.[1]                                         :    (Jointly Administered)
------------------------------------------------------------x

### SUPPLEMENTAL CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On August 6, 2019, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* (ECF No. 4776) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for August 27, 2019, at 4:00 p.m. (Prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. Prior to the Response Deadline, Debtors were contacted informally by two parties subject to the Omnibus Objection (the "**Additional Parties**") who requested an extension of the Response Deadline. The Debtors and the Additional Parties agreed to extend their individual deadlines to respond (collectively, the "**Amended Response Deadlines**").

4. The Amended Response Deadlines have now passed and, to the best of my knowledge, as of the date hereof, with respect to the claims identified on **Exhibit 1** (the "**Reclassified Claims**") to the proposed order granting the relief requested in the Omnibus Objection (the "**Supplemental Proposed Order**"), no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

2

5. Accordingly, the Debtors respectfully request that the Supplemental Proposed Order, attached hereto as **Exhibit A**, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: May 1, 2020
New York, New York

　　　　　　　　　　　　　　　　　　　　/s/ *Garrett A. Fail*
　　　　　　　　　　　　　　　　　　　　Ray C. Schrock, P.C.
　　　　　　　　　　　　　　　　　　　　Jacqueline Marcus
　　　　　　　　　　　　　　　　　　　　Garrett A. Fail
　　　　　　　　　　　　　　　　　　　　Sunny Singh
　　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York  10153
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　　　　　*Attorneys for Debtors*
　　　　　　　　　　　　　　　　　　　　*and Debtors in Possession*

WEIL:\97467086\5\73217.0004

## Exhibit A

**Proposed Supplemental Order**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :    Case No. 18-23538 (RDD)
                                                            :
        Debtors.¹                                           :    (Jointly Administered)
------------------------------------------------------------x
```

### SUPPLEMENTAL ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Debtors' Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)*, filed August 6, 2019 (the "**Objection**"),² of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 and 503(b)(9) under title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the asserted Reclassified Claims as general unsecured claims, and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

² Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection and the opportunity for a hearing thereon having been provided in accordance with the Claims Procedures Order; and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and there being no objection to the relief granted herein; and it appearing that no other or further notice or a hearing being required with respect to such relief; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that as to the Reclassified Claims covered hereby, for the reasons stated in the Objection, the claimants have not carried their burden to show that they have a claim under 11 U.S.C. § 503(b)(9); and it appearing that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Objection is granted to the extent set forth herein.

2. Pursuant to section 502 and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3007, each of the Reclassified Claims listed on **Exhibit 1** annexed hereto are reclassified as set forth on **Exhibit 1**.

3. Nothing herein shall otherwise constitute an admission or finding concerning the amount or validity of any of the claims.

2

4.  The rights of the Debtors to object to all of the Reclassified Claims, in whole or in part, and on any basis, are specifically preserved.

5.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6.  The Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

7.  The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97467086\5\73217.0004

# Exhibit 1

| Schedule of 503(b)(9) Claims to be Reclassified | | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Debtor | Asserted 503(b)(9) Priority | Amount Reclassified as General Unsecured Claim |
| 52. | BHFO, Inc. | 7810 | Sears Holdings Corporation | 48,891.82 | 48,891.82 |
| 110. | Cymax Stores USA LLC | 15631 | Sears Holdings Corporation | 146,865.40 | 146,865.40 |
| 305. | seaofdiamonds.com | 15554 | Sears Holdings Corporation | 9,825.93 | 9,825.93 |
| 327. | Tri-State Camera Exchange, Inc. | 7929 | Sears Holdings Corporation | 265,627.87 | 265,627.87 |