# Robbins Schwartz

55 West Monroe, Suite 800 | Chicago, IL 60603-5144

**KENNETH M. FLOREY**
kflorey@robbins-schwartz.com

May 1, 2020

Hon. Robert D. Drain                                    *Status Conference*
U.S. Bankruptcy Court                               *May 8, 2020 at 11:30 a.m.*
300 Quarropas Street
White Plains, New York 10601

**Re:**     *In re Sears Holdings Corp. et al.*, **Chapter 11 Case No. 18-23538 (RDD)**

Dear Judge Drain,

On behalf of Community Unit School District 300 ("**School District**") we write to oppose Transform Holdco LLC, et al.'s ("**Transform**") April 27, 2020 letter (Dkt. No. 7872) ("**Letter**"). In its Letter, Transform requests a briefing and hearing schedule in connection with its designation of the Economic Development Agreement ("**EDA Agreement**") for assumption and assignment (Dkt. No. 3539) and the School District's pending objections to the same (Dkt. No. 3783). Transform asks this Court to hear on an expedited basis three issues related to the Debtors' assignment of the EDA Agreement to Transform ("**Assignment**"), contrary to this Court's previous Order. The School District, however, submits that a decision on the Assignment is premature and explicitly contrary to the *Amended Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (Dkt. No. 5492) ("**Stipulation and Order,**" attached hereto as <u>Exhibit A</u>) which Transform had significant input in drafting and to which Transform ultimately did not object. Transform's narrow view of the issues additionally misstates the overall efficiency of litigating in the Bankruptcy Court rather than the Circuit Court of Cook County ("**Illinois Action**"). Moreover, Transform and the Village of Hoffman Estates ("**Village**"), have delayed the Illinois Action, to the detriment of all parties. Despite Transform's efforts to create more favorable circumstances for itself, the School District seeks to reduce costs and ensure compliance with the Stipulation and Order.

## <u>Background</u>

The School District's interests and claims arise out of the 1989 Illinois Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.* ("**EDA Act**") which was designed to specifically incentivize the Debtor to relocate its headquarters from downtown Chicago to the Village. Pursuant to the EDA Act, the Village and the Debtor entered into the EDA Agreement which provided financial assistance and subsidies for Debtor to develop its corporate headquarters. Under that agreement, millions of taxpayer dollars, many of which would have gone to the School District, were diverted to the Debtor. In exchange and as a condition for the Debtor to recapture its property taxes, Debtor agreed, among other things, to create or maintain at least 4,250 full-time qualifying jobs.

On October 10, 2018, the School District brought the Illinois Action against Debtor and the Village, in the Circuit Court of Cook County, Illinois ("**Circuit Court**"). The School District

1

Hon. Robert D. Drain

alleged that Debtor failed to maintain the statutorily required 4,250 jobs at its corporate headquarters, voiding its right to receive the financial assistance through the EDA Act and EDA Agreement. After the Chapter 11 Petitions were filed, the School District filed its Motion to Lift Stay to continue prosecuting the Illinois Action, or alternatively, for abstention under 28 U.S.C. §§ 1334(c)(1) and (2) (Dkt. No. 652). On February 28, 2019, Debtor filed its competing *Motion to Compel Turnover of Estate Property* by which it sought the immediate distribution of EDA Funds from the Village's "special tax allocation fund." (Dkt. No. 2715). This Court heard both matters on April 18, 2019, at which time this Court issued the *Order Granting Community Unit School District 300's Motion for Abstention* (Dkt. No. 3362) ("**Abstention Order**") abstaining from and allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion pursuant to 28 U.S.C. §1334(c)(2).

Thereafter, in an effort to resolve their interim disputes, the School District, Debtor and the Village entered into extensive negotiations (with Transform's input) which culminated in the Stipulation and Order entered by this Court on October 23, 2019. Critically, the Stipulation and Order resolved the *Limited Objection and Reservation of Rights of Transform Holdco LLC to the Proposed Stipulation and Order* (Dkt. No. 5352), which was the only filed objection. In the Stipulation and Order, the School District released certain claims against Debtor and agreed to withdraw objections to the Debtors' Plan of Reorganization. As part of the quid pro quo, the Stipulation and Order (at 8-9) also stated:

> Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, <u>until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement</u>. (emphasis added)

The School District negotiated this precise Stipulation and Order language with the clear intention of expediting the Illinois Action and seeking an answer to the critical threshold legislative intent question: did the Illinois General Assembly intend to provide tens of millions of dollars in tax incentives to Sears to maintain 4,250 of its own employees at its corporate headquarters (as the School District contends) or did the General Assembly intend for Sears to count any job, including vendors' and lessees' employees and all other employees in the EDA area, toward its 4,250 full-time jobs requirement (as Sears, Transform, and the Village contend)?

After this Court entered the Stipulation and Order, the School District promptly filed its Amended Complaint. The Village and Transform engaged in a strategy to delay the Illinois action with a series of procedural and substantive objections which the School District addressed with amended complaints rather than briefing the objections. Then, Debtor, the Village and Transform demanded the School District add all affected taxing district as defendants after which several taxing districts then requested to change to plaintiffs.

On January 29, 2020, the Circuit Court requested that the parties voluntarily agree to engage in discovery sooner than was typical at that stage of the litigation to expedite the case. The

Hon. Robert D. Drain

School District served discovery requests in February 2020, but the Village and Transform refused and continue to refuse to comply with the Circuit Court's request. On March 16, 2020 Transform and the Village again refused to agree to an uncontested Agreed Order allowing the School District to file its amended complaint (simply moving several taxing districts from defendants to plaintiffs) and allowing Transform and the Village time to answer or otherwise plead that would have moved the litigation forward by several months, given the COVID-19 situation. On April 3, 2020, the School District renewed its request for the uncontested Agreed Order but again Transform and the Village refused. On March 23, 2020, when Transform requested the School District agree to its proposed return to Bankruptcy Court, the School District requested basic information, to determine if there was an exigency for Transform's request, of how many employees did Transform have in 2018 to address the approximately $10 million of EDA Funds being held by the Village for 2018. Transform refused and refuses to provide this basic information.

**<u>Transform Seeks to Abrogate the Stipulation and Order</u>**

The Stipulation and Order clearly and unambiguously declares the parties' agreement and intent that the Illinois Action be resolved prior to dealing with the assumption and assignment issues related to the EDA Agreement. This was part of the *quid pro quo* negotiated in reaching the Stipulation and Order that the Illinois Action would be resolved specifically prior to addressing the §365 issues. Transform was extensively involved in drafting and negotiating the Stipulation. See *Stipulation Submittal Letter* attached hereto as <u>Exhibit B</u>. Transform withdrew its objection and never objected to the pertinent language, referenced above, thereby waiving any objection. Numerous courts have upheld the principle that fairly executed stipulations will not be set aside except in cases of manifest injustice. See, e.g., *In re Forde*, 507 B.R. 509, 520 (Bankr. S.D.N.Y. 2014)(citations omitted) and *In re Kriss*, 217 B.R. 147, 153 (Bankr. S.D.N.Y. 1998). Quite simply, the School District gave up valuable rights and millions of dollars in EDA Funds to ensure that the Illinois Action proceeded first. As part of the Court's directions and negotiation of the Stipulation and Order, Sears received $5,153,317.00 and the School District $2,000,000. These negotiated amounts and other terms were part of the overall settlement that simply cannot be undone, as Transform has not suffered any "manifest injustice."

Transform now effectively moves to amend or obtain relief from the Stipulation and Order, a request which should be governed by Bankruptcy Rule 9023, allowing a party to move to amend an order (adopting Fed. R. Civ. P.59(e)), or Bankruptcy Rule 9024, allowing a party to request relief from an order (adopting Fed. R. Civ. P. 60). However, there has been no change in controlling law, no new evidence that has become available, or a need to prevent manifest injustice or correct a clear error. *See In re Energy Future Holdings Corp*., 575 B.R. 616 (Bankr. D. Del. 2017). Under Rule 9024, Transform would bear an even heavier burden. Relief from an order "can be granted for a clerical mistake or for 'mistake, inadvertence, surprise, excusable neglect,' newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or 'is no longer equitable, or for any other reason that justifies relief' from the order. *In re Barquet Group Inc.*, 277 B.R. 454, 460 (Bankr. S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 60(a),(b)). Again, none of these elements are applicable in this matter.

**<u>Interests of Judicial Economy Favor Adherence to the Stipulation and Order</u>**

Transform argues that the Stipulation and Order should be abrogated in part because the

Hon. Robert D. Drain

Illinois Action is not progressing at the pace it deems appropriate. This stance is disingenuous, considering that Transform itself is one cause of the delay. Transform offers no analysis as to why it is suddenly more efficient to consider the pre-existing §365 issues notwithstanding the Stipulation and Order. However, the Illinois Action must resolve the preliminary fundamental issue regarding the intent of the EDA Act and which employees will qualify as employees under the EDA Act. Those questions will remain undecided until the Illinois Action progresses. The answers to the questions pending in the Illinois Action could render certain bankruptcy issues moot, and thus avoid litigation in this Court. The School District agreed to the Stipulation and Order with the understanding that all parties intended to avoid litigating and discovery in *both* courts. Transform's and the Village's repetitive delays in the Illinois Action cannot be used now to penalize the School District or improperly invalidate the Stipulation and Order.

The Stipulation and Order was negotiated in the interest of comprehensive efficiency for all parties in both courts. Ultimately, there should be relatively minimal discovery involved once the Illinois Court interprets the requirements of the EDA Act. Transform should readily be able to produce the currently withheld data used by Sears and itself to assert its claim that 4,250 eligible jobs were maintained for calendar years 2013, 2014, 2015, 2016, 2018, and 2019. Transform and the Village must proceed in good faith under the terms of the Stipulation and Order; efficiency is still best served by the existing agreement.

### Transform Did Not Act in Good Faith Using Settlement Communications

Both Transform's proposal to the School District and the School District's response, marked respectively as <u>Exhibit A</u> and <u>Exhibit B</u> to Transform's Letter, are marked "Privileged and Confidential" and "For Settlement Purposes Only." This correspondence submitted and relied upon by Transform in making its request for the expedited briefing and hearing schedule are subject to the prohibited uses outlined in F.R.E. 408 and are improperly presented to the Court.

### Conclusion

The School District respectfully requests that this Court deny Transform's request to abrogate the Stipulation and Order and proposal to set a briefing and hearing schedule for the Assignment. This proposal would render meaningless the consideration behind the Stipulation and Order and would also create burdensome and unnecessary redundancies that far outweigh any short-term timeline efficiencies. Instead, the School District is eager to cooperate with Transform and the Village to expedite the Illinois Action consistent with the Stipulation and Order, answering the employee count questions and move the litigation forward to conclusion in both Courts.

Respectfully submitted,

By: /s/ *Kenneth M. Florey*

Kenneth M. Florey
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
55 W. Monroe Street, Suite 800
Chicago, IL 60603-5144
Phone: (312)332-7760
*Attorney for Community Unit School District 300*

4

Hon. Robert D. Drain

Cc:    Matthew Gensburg
       Kory Atkinson
       Allen Kadish
       Luke Barefoot
       Michael Weinberg
       Jared Friedmann
       Michael Schein
       Thomas Geselbracht

Hon. Robert D. Drain

## Exhibit A:

## Amended Stipulation and Order By and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                    :

                                         :            **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*, :

                                         :            **Case No. 18-23538 (RDD)**

                                         :

        **Debtors.** [1]                 :            **(Jointly Administered)**

---------------------------------------------------------------x

## AMENDED STIPULATION AND ORDER
## BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS,
## AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING
## 2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND

WHEREAS, on October 10, 2018, Community Unit School District 300 (the "**School**

**District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears

Holdings Corporation ("**SHC**," and together with certain of its affiliates, as debtors and debtors

in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**") (each a

"**Party**" and collectively, the "**Parties**") in the Circuit Court of Cook County, State of Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

(the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from SHC's alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an economic development agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer ("**Sears**") (the "**EDA Agreement**") under to the EDA Act, pursuant to which the developer (as set forth in the EDA Act) receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

WHEREAS, at the time the School District filed the Illinois Action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds — if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement — were projected to be distributed fifty-five percent (55%) to Sears (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to section 362 of the Bankruptcy Code.

2

WHEREAS, on November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which the School District sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to the Illinois Action.

WHEREAS, on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280).

WHEREAS, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i) distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an agreement among the Parties (ECF No. 1548).

WHEREAS, following the distribution of the 45% Portion in accordance with the Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining 55% Portion, or approximately $9.7 million, which the Village continued to hold in the Special Tax Allocation Fund pursuant to the Stipulated Order.

WHEREAS, the School District objected to the Turnover Motion (ECF No. 2996) and, in the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow those issues to be litigated in the Circuit Court in connection with the Illinois Action.

WHEREAS, following a hearing on the Turnover Motion and the Abstention Motion on April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School*

3

*District 300's Motion for Abstention* (ECF No. 3362) (the "**Abstention Order**") allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears $2,508,660.33 of the 2017 EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax Allocation Fund the balance of the 2017 EDA Funds in the amount    of $7,153,317.

WHEREAS, following entry of the Abstention Order, the Parties filed in the Circuit Court their respective summary judgment cross-motions as to the issues raised in the Turnover Motion.

WHEREAS, the Debtors and the School District have reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the    *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its    Affiliated Debtors* (ECF No. 4476) (as the same may be amended or modified, the "**Plan**").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by    and among the Debtors, the Village (solely in respect of paragraphs 3, 5, 6, and 16 through 24 hereof) and the School District, and upon Bankruptcy Court approval it shall hereby be **ORDERED** that:

1.     Subject to the terms and conditions of this Stipulation and Order, the School District agrees to:

4

i.      Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether asserted or not, known or unknown;

ii.     Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds;

iii.    Dismiss with prejudice all claims seeking a monetary recovery asserted against the Debtors in the Illinois Action and waive its right to recover from the Debtors, their bankruptcy estates, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, _provided however_, that notwithstanding anything to the contrary in this paragraph 1.iii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code;

iv.    Withdraw with prejudice the _Objection of Community Unit School District 300 to Confirmation of the Plan_ (ECF No. 4713) and _Supplemental Objection of Community Unit School District 300 to Confirmation of the Plan_ (ECF No. 5005) (together with ECF No. 4713, the "**School District's Plan Objections**");

v.     Withdraw with prejudice all of its voting ballots submitted as to the Plan, provided that the School District shall be deemed to have opted out of the third party releases set forth in Section 15.9(b) of the Plan;

vi.    Withdraw with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor, _except_ that such withdrawal shall not prejudice or be deemed to constitute a waiver of any claims or rights of the School District to: (a) seek declaratory relief against the Debtors with respect to

5

their past compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (b) preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code; and

vii.     Release all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust, <u>provided however</u>, that notwithstanding anything to the contrary in this paragraph 1.vii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

**2.**     In consideration of the mutual covenants and agreements contained herein and subject to the terms and conditions of this Stipulation and Order, Debtors agree to relinquish any right they may have, in whole or in part, whether asserted or not, known or unknown, with respect to EDA Funds consisting of property taxes levied for tax year 2018 that were extended and collected in calendar year 2019 in the Special Tax Allocation Fund (the "**2018 EDA**

6

**Funds**") and otherwise, if applicable, relinquish any rights, claims or interests to any subsequent

years' EDA Funds.

      3.     As a result of this Stipulation and Order, and there being no further claims or

objections to the distribution of the balance of the 2017 EDA Funds residing in the Special Tax

Allocation Fund, the Village is hereby ordered and directed to take all necessary steps to

distribute such remaining 2017 EDA Funds in the manner described below:

> a.  The Village is ordered and directed to disburse to Sears, as the developer, 2017 EDA Funds in the amount of $5,153,317.00 currently held in the Special Tax Allocation Fund; and

> b.  Simultaneously with the disbursement to Sears, the Village is ordered and directed to disburse to the School District 2017 EDA Funds in the amount of $2,000,000.00 currently held in the Special Tax Allocation Fund that were otherwise to be disbursed to Sears as the developer pursuant to the EDA Act.

      4.     The School District is hereby deemed to have withdrawn with prejudice its

objection to the Turnover Motion (ECF No. 2996).

      5.     The Parties hereby acknowledge that this Stipulation and Order fully settles those

issues involving the disbursement and the recipients of the 2017 EDA Funds raised in the

Turnover Motion (but not any EDA Funds related to other years), and that the payments to Sears

and the School District referenced in paragraph 2 above shall fully and completely satisfy the

Village's obligations to disburse the 2017 EDA Funds.

      6.     Sears, the Village, and the School District shall request withdrawal of their

respective motions and cross-motions for summary judgment with respect to the 2017 EDA

Funds, which motions are currently pending before the Circuit Court in connection with the

Illinois Action, as moot.

7

7.      In light of (i) the Debtors' and the School District's settlement as to distribution of the 2017 EDA Funds; (ii) the School District's release of all monetary claims asserted against the Debtors in the Illinois Action and waiver of its right to recover from the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee claims with respect to EDA Funds consisting of property taxes levied prior to 2017; and (iii) the Debtors' relinquishment of any rights, claims, or interests they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds or any subsequent years' EDA Funds, Debtors stipulate that they have no further interest in the Illinois Action. Accordingly, upon entry of this Stipulation and Order, the Illinois Action and any other issues or disputes arising from or related to the Debtors' compliance with the terms and conditions of the EDA Act and/or the EDA Agreement shall no longer be subject to the automatic stay under section 362 of the Bankruptcy Code, and shall not be subject to any discharge  injunction imposed by the Bankruptcy Code, or any injunction imposed pursuant to any plan of liquidation or reorganization filed by the Debtors or other parties in interest, solely to permit the School District to take actions so long as they are consistent with this Stipulation and Order; provided that, for the avoidance of doubt, the School District shall not seek or enforce any judgment against the Debtors. Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or

8

assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

8.      The School District shall dismiss with prejudice all monetary claims to the extent provided in paragraph 1.iii. of this Stipulation and Order.

9.      The School District is hereby deemed to have withdrawn with prejudice the School District's Plan Objections.

10.     The School District is hereby deemed to have (i) withdrawn with prejudice all of its voting ballots submitted as to the Plan; and (ii) opted out of the third party releases set forth in Section 15.9(b) of the Plan.

11.     The School District is hereby deemed to have withdrawn with prejudice all of the School District's Cure Objections, with the exception of its objections to assumption and assignment of the EDA Agreement (asserted in the School District's Cure Objections, as well as in the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (ECF No. 3783)).

12.     The School District is hereby deemed to have withdrawn with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor.

13.     The School District is hereby deemed to have released with prejudice all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust.

14.     The Debtors are hereby deemed to have relinquished any right, claim or interest they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds and any subsequent years' EDA Funds.

WEIL:\97240374\2\73217.0004

15.     The School District and the Debtors, on behalf of themselves and their past, present, and future officers, directors, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other, as well as their past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of them from the beginning of the world to the date hereof, which arise out of, relate to, or are based upon Sears' entitlement to receive 2017 EDA Funds either in whole or in part, including any claims arising under section 362 of the Bankruptcy Code. The language of this paragraph shall apply only as consistent with this Stipulation and Order.

16.     Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability to the limited extent of any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from,

WEIL:\97240374\2\73217.0004

out of or in any way related to the Village's compliance with this Stipulation and Order. Notwithstanding anything herein to the contrary, nothing in this Stipulation and Order is intended to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village or any other party (other than the Debtors) may have related to the distribution and receipt of the EDA Funds and/or the compliance and/or non-compliance with the EDA Act or EDA Agreement in any year other than as expressly provided herein in respect of the 2017 EDA Funds.

17.    For avoidance of doubt, nothing herein, including the distributions of the 2017 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or the School District's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions for summary judgment pending before the Circuit Court in connection with the Illinois Action, or (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement.

18.    Notwithstanding anything to the contrary, nothing in this Stipulation and Order, including, without limitation, the School District's withdrawal with prejudice of any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, is intended or shall be construed to (i) waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform Holdco LLC, Transform SR Holding Management, LLC, TF Hoffman Estates IL,

11

LLC, or any other third party may have with respect to the Debtors' compliance with the EDA

Act and/or EDA Agreement, disbursements of the 2018 EDA Funds or any subsequent years'

EDA Funds, as well as any cure claims that might be asserted arising under, or the Debtors'

ability to assume, or assume and assign the EDA Agreement pursuant to section 365 of the

Bankruptcy Code, or (ii) constitute any finding or determination as to whether any defaults exist

under the EDA Agreement with respect to property taxes levied in tax years prior to 2017.

Further, nothing in this Stipulation and Order is intended to or shall be construed to waive or

release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages,

offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions of any

third-parties, including the Debtors' assignee to the EDA Agreement, as to the impact of the

releases negotiated by and among the parties herein. Further, nothing in this Stipulation and

Order shall waive, extinguish, or otherwise release the rights, if any, of Debtors' assignee to the

EDA Agreement, as applicable, to EDA Funds levied for tax year 2018 or for any subsequent

years.

19.     In withdrawing with prejudice any complaint, claim, motion, or other litigation

seeking to prevent Sears from receiving the 2017 EDA Funds, in dismissing with prejudice all

claims against SHC asserted in the Illinois Action, and in releasing all claims to EDA Funds

consisting of property taxes levied prior to 2017 to the extent provided herein, the School District

will not be deemed to have admitted that, nor will the Court be deemed to have made a finding

with respect to: (i) the issue of whether the Village, SHC, or any other Debtor, to the extent

relevant, have complied with the terms and conditions of the EDA Act and/or the EDA

Agreement; (ii) the issue of whether the School District or other parties have valid cure claims

12

under section 365 of the Bankruptcy Code; or (iii) whether the Debtors are entitled to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

20.     Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

21.     This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

22.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

23.     To the extent there is any inconsistency with the Plan, this Stipulation and Order shall supersede and govern.

24.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

(Signature page follows)

13

**CONSENTED AND AGREED TO:**

VILLAGE OF HOFFMAN ESTATES                    DEBTORS AND DEBTORS IN POSSESSION


By:_/s/_Michael Schein_____                 By:_/s/ _Sunny Singh_____
One of its Attorneys                          One of Their Attorneys

Michael Schein                                Ray C. Schrock, P.C.
Joshua Dunn                                   Jared R. Friedmann
Vedder Price P.C.                             Sunny Singh
1633 Broadway, 31st Floor                     Jessie B. Mishkin
New York, New York  10019                     Weil, Gotshal & Manges LLP
(212) 407-7700 (telephone)                    767 Fifth Avenue
(212) 407-7799 (facsimile)                    New York, New York  10153
                                              (212) 310-8000 (telephone)
                                              (212) 310-8007 (facsimile)



COMMUNITY UNIT SCHOOL DISTRICT 300

By:_/s/ _Kenneth Florey_____
One of its Attorneys

Kenneth Florey
Neal Smith
Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
(630) 929-3639 (telephone)
(630) 783-3231 (facsimile)



**SO ORDERED THIS**
23rd day of October, 2019
White Plains, New York


                                    /s/ Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

Hon. Robert D. Drain

## **Exhibit B:**

## **Stipulation Submittal Letter**

| From: | Mishkin, Jessie |
|---|---|
| To: | "rdd.Chambers@nysb.uscourts.gov"; dorothy_li@nysb.uscourts.gov |
| Cc: | Matthew Gensburg; Barefoot, Luke A.; Singh, Sunny; Allen G. Kadish (akadish@archerlaw.com); Geselbracht, Thomas F.; DiGrino, Mariah F.; Levander, Samuel; Kenneth Florey; Schein, Michael L.; Friedmann, Jared; Weinberg, Michael; Stauble, Christopher |
| Subject: | In re Sears Holdings Corp., Case No. 18-23538 (RDD) |
| Date: | Tuesday, October 22, 2019 8:48:53 PM |
| Attachments: | Sears - School District 300 2017 EDA Fund Stipulation Amended 10.22_WEIL....docx Redline - 97240374-v1 and 97240374-v2.pdf |

Chambers of Hon. Robert D. Drain,

Attn:  Dorothy Li, Courtroom  Deputy

Dear Ms. Li,

On behalf of the Debtors in the above-captioned Chapter 11 proceeding, we submit the attached Proposed *Amended Stipulation And  Order By And Among The Village Of Hoffman Estates, The Debtors, And The Community Unit School District 300 Concerning 2017 EDA Funds Held In The Special Tax Allocation Fund* (the "Proposed Amended Stipulation and Order") and redline against the Proposed Stipulation and Order submitted as ECF No. 5322.  This Proposed Amended Stipulation and Order resolves the Limited Objection and Reservation of Rights of Transform Holdco LLC to the Proposed Stipulation and Order submitted as ECF No. 5352, which was the only objection to the original Proposed Stipulation and Order.  Accordingly, the Debtors, on behalf of themselves, the School District, and the Village, and with the consent of Transform, respectfully request the Court so-order the attached Proposed Amended Stipulation and Order.  Counsel for the parties to the Proposed Amended Stipulation and Order and for Transform are copied on this  email.

Respectfully submitted,

Jessie B. Mishkin

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jessie.mishkin@weil.com
+1 212 310 8707 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.