UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                            :          Chapter 11
                                                 :
**SEARS HOLDINGS CORPORATION**, *et al.*,        :          Case No. 18-23538 (RDD)
                                                 :
            Debtors.[1]                          :          (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING, IN PART, DEBTORS' SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Debtors' Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)*, filed August 6, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the asserted Reclassified

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Claims as general unsecured claims, and (ii) granting related relief, as more fully set forth in the Objection; and upon the responses to the Objection filed by Georgia Watersports, LLC, dated August 12, 2019 (ECF No. 4814), VM Innovations, Inc., dated August 26, 2019 (ECF No. 4986), Shopchimney.com Inc., dated August 27, 2019 (ECF No. 5003), VIR Ventures, Inc. and AMI Ventures, Inc., dated September 3, 2019 (ECF No. 5056), Sky Billiards, Inc. d/b/a Best Choice Products, dated October 18, 2019 (ECF No. 5421), and Stolaas Company d/b/a/ Tic-Tok a/k/a CompGeek, dated October 29, 2019 (ECF No. 5524) (collectively, the "**Responses**"); and upon Debtors' reply in support of the Objection, dated April 17, 2020 (the "**Reply**"); and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order; and in accordance with the Amended Case Management Order it appearing that no other or further notice or a hearing is required; and upon the record of the hearing held by the Court on April 23, 2020 (the "**Hearing**"); and, after due deliberation and for the reasons stated by the Court at the Hearing, the Court having found and determined that the legal and factual bases set forth in the Objection, the Reply and at the Hearing establish good and sufficient cause for the relief granted herein, which is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

WEIL:\97460452\5\73217.0004

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3007, each of the Reclassified Claims listed on **Exhibit 1** annexed hereto is reclassified as set forth on **Exhibit 1**.

3. The Objection is adjourned to **June 17, 2020 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Adjourned Hearing**") solely with respect to the Reclassified Claim listed on **Exhibit 2** annexed hereto.

4. The Adjourned Hearing may be rescheduled further by the Debtors on notice to the affected claimant pursuant to paragraph 7(vii) of the Claims Procedures Order.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. This Order is deemed a separate Order with respect to each Reclassified Claim listed on Exhibit 1 hereto.

7. This Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

8. The terms and conditions of this Order are effective immediately upon entry.

Dated: May 4, 2020
       White Plains, New York

*/s/ Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE