Pierce McCoy, PLLC
Jonathan A. Grasso
New York Bar No. 5622824
85 Broad Street, Suite 17-063
New York, New York 10004
Telephone:  (212) 320-8393 ext. 4389
Facsimile: (757) 257-0387
jon@piercemccoy.com

and

Sabrina L. Streusand
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9901
Facsimile: (512) 236-9904
streusand@slollp.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**DELL MARKETING, L.P.'S RESPONSE TO**
**DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM OR**
**BALLOTS (REDUCED OR RECLASSIFIED CLAIMS/BALLOTS)**

**("EIGHTEENTH OMNIBUS CLAIMS OBJECTION")**

Dell Marketing, L.P. ("Dell") hereby submits this Response to Debtors' Eighteenth Omnibus Objection to Proofs of Claim or Ballots (Reduced or Reclassified Claims/Ballots) (the "Response") and, in support thereof, Dell respectfully shows as follows:

### I. BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in United States Bankruptcy Court for the Southern District of New York (the "Court"). Pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code, the Debtor continues to operate its business and manage its property as debtor in possession.

2.  On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). No trustee has been appointed in these chapter 11 cases.

3.  On December 18, 2018, Dell timely filed its proof of claim number 6502 in the Sears Holdings Corporation bankruptcy case in the amount of $108,736.34, with an administrative claim in the amount of $3,195.90 ("Dell's Holdings Claim").

4.  On December 20, 2018, Dell timely filed its proof of claim number 6681 in the Sears Roebuck and Co. bankruptcy case in the amount of $84,903.32, with an administrative claim in the amount of $16,165.14 ("Dell's Roebuck Claim," and together with the Dell's Holdings Claim, the "Dell Claims").

5.  On April 22, 2020, Debtors filed the Eighteenth Omnibus Claims Objection [Dkt. No. 7859], asserting without any specific evidence that Dell's administrative claims should be disallowed and reclassified as unsecured claims. The Eighteenth Omnibus Claims Objection provides no specific basis for this request except to generally state that Dell's Claims contain invoices that are for services not entitled to priority.

6.  On November 14, 2019, Dell cast its ballot to opt in to the Consent Program on account of its Section 503(b)(9) priority claim. No requests for additional information were received by Dell or its counsel prior to the Eighteenth Omnibus Claims Objection being filed and no attempt to reconcile the claim occurred during the thirty (30) day consensual reconciliation period. Dell did not get any distribution from the Initial Distribution that began on December 27, 2019, and Dell also faces potential exclusion from the Second Distribution to Administrative

Claimants as well. In order to protect Dell's interest and those of other administrative creditors, the pro rata amount of any additional distribution should be set aside while this Eighteenth Omnibus Claims Objection is pending and unresolved.

## II. RESPONSE TO OBJECTION

7. Dell's Roebuck Claim contains invoices totaling $16,165.14 for goods received by the Debtors within twenty (20) days of the Petition Date. As shown by the invoices from Dell's Holdings Claim, which is attached hereto as Exhibit "A", and the invoices from Dell's Roebuck Claim, which is attached hereto as Exhibit "B", all goods were delivered within twenty (20) days of the Petition Date and should be treated as priority claims under 11 U.S.C. § 503(b)(9).

8. Dell agrees that claim no. 20087 is a duplicate and should be disallowed. Additionally, Dell agrees that the administrative expense claim in the amount of $3,195.90 against Sears Holdings Corporation was filed in error and includes goods and/or services outside the twenty (20) day administrative period and should not be subject to a priority claim, but should instead be converted to an unsecured claim. Dell asserts the amount of $175.99 is for goods and should be included as an administrative expense claim for the Dell Holdings Claim. Therefore, the amount subject to administrative expense priority should total $16,341.13 ($175.99 for the Dell Holdings Claim and $16,165.14 for the Dell Roebuck Claim) and the amount of Dell's unsecured claim should be $177,298.53.

## III. ARGUMENTS AND AUTHORITIES

9. A creditor's filing of a proof of claim that comports with Rule 3001 constitutes *prima facie* evidence of the amount and validity of such creditor's claim. *See* Fed.R.Bankr.P. 3001(f); *In re: Planet Hollywood Int'l.,* 274 B.R. 391, 394 (Bankr. D. Del. 2001) (citing *In re*

*Allegheny Int'l., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). Dell's POCs were filed in accordance with the Bankruptcy Code and Rule 3001.

10. Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the *prima facie* validity of such claim. *See Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); *see also* 9 COLLIER ON BANKR. ¶ 3001.9[1] (15th ed. 2003). In meeting its burden of production, the debtor must produce evidence rebutting the filed proof of claim of "probative force equal to the contents of the claim." 9 COLLIER ON BANKR. ¶ 3001.9[1]; *see also In re Brown,* 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor "bear[s] the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves' . . . that the claims should not be allowed.").

11. In order to refute such *prime facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l., Inc.,* 954 F.2d 167, 173 (3d Cir. 1992). An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.,* 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

12. In the Eighteenth Omnibus Claims Objection, the Debtors provide no "probative evidence" supporting that Dell's Claims should be disallowed and re-characterized as unsecured. Rather, without adducing any evidence, Debtors simply state that the priority level of the claim should be adjusted. This is insufficient to meet Debtors' initial burden of refuting the *prima facie* validity of Dell's Claims.

13. Moreover, as shown by the evidence attached hereto, the goods made the basis of Dell's Claims were, in fact, delivered within twenty (20) days of the Petition Date and support Dell's administrative expenses claims in the amount of $16,341.13. For these reasons, the Eighteenth Omnibus Claims Objection should be partially denied, and Dell's administrative expense claims should be allowed in the amount of $16,341.13.

## IV.  CONCLUSION & PRAYER

For the foregoing reasons, Dell respectfully requests that this Court enter an Order (i) partially denying the Eighteenth Omnibus Claims Objection; (ii) granting Dell a priority administrative claim in the amount of $16,341.13 pursuant to 11 U.S.C. § 503(b)(9); (iii) granting Dell an unsecured claim in the amount of $177,298.53, and (iv) granting Dell such other and further relief as the Court deems just and proper.

Dated: May 6, 2020          Respectfully submitted:

By: /s/ *Jonathan A. Grasso*
Jonathan A. Grasso
New York Bar No. 5622824
Pierce McCoy, PLLC
85 Broad Street, Suite 17-063
New York, New York 10004
Telephone: (212) 320-8393
Facsimile: (757) 257-0387
jon@piercemccoy.com

and

Sabrina L. Streusand
Texas Bar No. 11701700
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. Mopac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9901
Facsimile: (512) 236-9904
streusand@slollp.com

**ATTORNEYS FOR DELL MARKETING, L.P.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Response has been served on this 6th day of May 2020, via ECF notification and first class mail on all of the following parties:

Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601

Weil, Gotshal & Manges LLP
Attn: Ray Schrock, Jacqueline Marcus,
Garrett Fail, and Sunny Singh
767 Fifth Avenue
New York, NY 10153

ATTORNEYS FOR THE DEBTOR

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip Dublin, Ira Dizengoff, and Sara Brauner
One Bryant Park
New York, NY 10036

ATTORNEYS FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

                                               /s/ *Jonathan A. Grasso*
                                               Jonathan A. Grasso