WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :   Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
------------------------------------------------------------ x

# CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFICATION)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On March 31, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Sixteenth Omnibus Objection to Proofs of Claim (Reclassification)* (ECF No. 7542) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for May 5, 2020, at 4:00 p.m. (Prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** (the "**Landlord Claims**") to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors. A redline of the proposed order marked against the version filed with the Omnibus Objection is annexed hereto as **Exhibit B**.

2

4.  Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: May 7, 2020
New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

## Proposed Order

WEIL:\97476440\4\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                      :    Chapter 11
                                                           :
SEARS HOLDINGS CORPORATION, *et al.*,                      :    Case No. 18-23538 (RDD)
                                                           :
        Debtors.[1]                                        :    (Jointly Administered)
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' SIXTEENTH
## OMNIBUS OBJECTION TO CLAIMS
## (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Debtors' Sixteenth Omnibus Objection to Claims (Reclassification as General Unsecured Claims)*, filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Landlord Claims to General Unsecured Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Landlord Claim listed on **Exhibit 1** annexed to this Order are reclassified as General Unsecured Claims (to the extent reflected on **Exhibit 1**).

3. Nothing herein shall constitute an admission or finding concerning the amount or validity of any of the Landlord Claims.

4. The rights of the Debtors to assert further objections to the Landlord Claims, in whole or in part, and on any basis, are fully preserved.

5. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly

reserved with respect to any Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
       White Plains, New York

                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Debtors' Sixteenth Omnibus Objection**  **In re: Sears Holdings Corporation,** *et al.*
**Exhibit 1 - Reclassified Landlord Claims**  **Case No. 18-23538 (RDD)**

| | Schedule of Reclassified Landlord Claims | | | | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Asserted Administrative Priority Claim | Amount Reclassified as General Unsecured Claim |
| 1. | Coastland Center, L.P. | 17111 | 182353801018488 | $1,148,250.00 | $1,148,250.00 |
| 2. | Cumberland Mall, LLC | 17345 | 182353801018495 | $1,778,437.00 | $1,778,437.00 |
| 3. | Steel 1111, LLC | 16652 | 182353801018473 | $2,628,600.00 | $2,628,600.00 |
| 4. | Via Port New York LLC | 16407 | 182353801018140 | $500,411.73 | $500,411.73 |

1

# Exhibit B

# Redline

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                            :       Chapter 11
                                                 :
SEARS HOLDINGS CORPORATION, *et al.*,            :       Case No. 18-23538 (RDD)
                                                 :
Debtors.[1]                                      :       (Jointly Administered)
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' SIXTEENTH
## OMNIBUS OBJECTION TO CLAIMS
## (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Debtors' Sixteenth Omnibus Objection to Claims (Reclassification as General Unsecured Claims)*, filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Landlord Claims to General Unsecured Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; ~~and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on May 14, 2020 (the "**Hearing**"); and upon the record of the Hearing,~~ and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Landlord Claim listed on **Exhibit 1** annexed to this Order are reclassified as General Unsecured Claims (to the extent reflected on **Exhibit 1**).

3. Nothing herein shall constitute an admission or finding concerning the amount or validity of any of the Landlord Claims.

4. The rights of the Debtors to assert further objections to the Landlord Claims, in whole or in part, and on any basis, are fully preserved.

5. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly

2

reserved with respect to any Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
White Plains, New York

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE