UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                                                    :        Chapter 11
                                                                                              :
**SEARS HOLDINGS CORPORATION**, *et al.*,        :        Case No. 18-23538 (RDD)
                                                                                              :
            Debtors.[1]                                                            :        (Jointly Administered)
----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Debtors' Sixteenth Omnibus Objection to Claims (Reclassification as General Unsecured Claims)*, filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502, 503(b) and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Landlord Claims to General Unsecured Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the Objection and the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances; and there being no opposition to the requested relief; and it appearing that no other or further notice or a hearing being required; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that the Objection overcame any presumption of the validity of the Landlord Claims as administrative expenses or priority claims, and the claimants have not carried their burden of proof; and that the relief sought in the Objection being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to sections 502, 503(b) and 507(a) of the Bankruptcy Code and Bankruptcy Rule 3007, each Landlord Claim listed on **Exhibit 1** annexed to this Order is reclassified as a General Unsecured Claim (to the extent reflected on **Exhibit 1**).

3. Nothing herein shall constitute an admission or finding concerning the amount or validity of any of the Landlord Claims.

4. The rights of the Debtors to assert further objections to the Landlord Claims, in whole or in part, and on any basis, are fully preserved.

5. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly

2

reserved with respect to any Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. This Order is deemed to be a separate Order with respect to each Landlord Claim reclassified hereby.

8. The terms and conditions of this Order are effective immediately upon entry.

Dated: May 11, 2020
       White Plains, New York

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE