Kayvan B. Sadeghi
Katherine R. Peluso
Schiff Hardin LLP
1185 Avenue of the Americas
Suite 3000
New York, New York 10036
Telephone: (212) 753-5000
Facsimile: (212) 753-5044
ksadeghi@schiffhardin.com
kpeluso@schiffhardin.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**DOREL INDUSTRIES, INC.'S RESPONSE TO**
**DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**
**OR BALLOTS (REDUCED OR RECLASSIFIED CLAIMS/BALLOT)**

**("EIGHTEENTH OMNIBUS CLAIMS OBJECTION")**

Dorel Industries, Inc. ("Dorel") hereby submits this Response to Debtors' Eighteenth Omnibus Objection to Proofs of Claim or Ballots (Reduced or Reclassified Claims/Ballots) (the "Response") and, in support thereof, Dorel respectfully shows as follows:

### I.   BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in United States Bankruptcy Court for the Southern District of New York (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its property as debtor in possession.

2. On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee). No trustee has been appointed in these chapter 11 cases.

3. On April 10, 2019, Dorel timely filed its proof of claim number 16214 in the Sears Holdings Corporation bankruptcy case in the amount of $473,390.84, with a 503(b)(9) administrative priority claim in the amount of $12,683.29 ("Dorel's Holdings Claim One"), which is attached hereto as Exhibit "A".

4. On April 10, 2019, Dorel timely filed its proof of claim number 16263 in the Kmart Holding Corporation bankruptcy case in the amount of $220,886.11, with a 503(b)(9) administrative priority claim in the amount of $4,263.98 ("Dorel's Kmart Claim"), which is attached hereto as Exhibit "B".

5. On April 10, 2019, Dorel timely filed its proof of claim number 16678 in the Sears Holdings Corporation bankruptcy case in the amount of $220,866.11, with a 503(b)(9) administrative priority claim in the amount of $4,263.98 ("Dorel's Holdings Claim Two," and together with Dorel's Holdings Claim One and Dorel's Kmart Claim, the "Dorel Claims").

6. On April 22, 2020, Debtors filed the Eighteenth Omnibus Claims Objection [Dkt. No. 7859], asserting without any specific evidence that Dorel's administrative claims should be disallowed and reclassified as unsecured claims. The Eighteenth Omnibus Claims Objection provides no specific basis for this request except to generally state that Dorel's Claims contain invoices that are for services not entitled to priority.

7. On November 25, 2019, Dorel cast its ballot to opt in to the Consent Program on account of its Section 503(b)(9) priority claims. Dorel received a request for additional information from Debtors' counsel on February 26, 2020. After a thorough review of its sales and shipment

records, Dorel complied with Debtors' request to provide documentation on May 7, 2020. Dorel did not get any distribution from the Initial Distribution that began on December 27, 2019. In order to protect Dorel's interest and those of other administrative creditors, the pro rata amount of any additional distribution should be set aside while this Eighteenth Omnibus Claims Objection is pending and unresolved.

## II. RESPONSE TO OBJECTION

8. Dorel's Holdings Claim One contains invoices totaling $12,683.29 for goods received by the Debtors within twenty (20) days of the Petition Date. Dorel's Kmart Claim contains invoices totaling $4,263.98 for goods received by the Debtors within twenty (20) days of the Petition Date. As shown by the invoices from Dorel's Holdings Claim One, which is attached hereto as Exhibit "C", and the invoices from Dorel's Kmart Claim, which is attached hereto as Exhibit "D", all goods were delivered within twenty (20) days of the Petition Date and should be treated as administrative priority claims under 11 U.S.C. § 503(b)(9).

9. Dorel agrees that claim no. 16678 is a duplicate. Therefore, the amount subject to administrative expense priority should total $16,947.27 ($12,683.29 for the Dorel Holdings Claim One and $4,263.98 for the Dorel Kmart Claim) and the amount of Dorel's unsecured claim should be $677,329.68.

## III. ARGUMENTS AND AUTHORITIES

10. A creditor's filing of a proof of claim that comports with Rule 3001 constitutes *prima facie* evidence of the amount and validity of such creditor's claim. *See* Fed.R.Bankr.P. 3001(f); *In re: Planet Hollywood Int'l.*, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (citing *In re Allegheny Int'l., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). Dorel's proof of claims were filed in accordance with Bankruptcy Code and Rule 3001.

11. Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the *prima facie* validity of such claim. *See Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); *see also* 9 COLLIER ON BANKR. ¶ 3001.9[1] (15th ed. 2003). In meeting its burden of production, the debtor must produce evidence rebutting the filed proof of claim of "probative force equal to the contents of the claim." 9 COLLIER ON BANKR. ¶ 3001.9[1]; *see also In re Brown,* 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f) the debtor "bear[s] the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves' . . . that the claims should not be allowed.").

12. In order to refute such *prime facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l., Inc.,* 954 F.2d 167, 173 (3d Cir. 1992). An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.,* 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

13. In the Eighteenth Omnibus Claims Objection, the Debtors provide no "probative evidence" supporting that Dorel's Claims should be disallowed and re-characterized as unsecured. Rather, without adducing any evidence, Debtors simply state that the priority level of the claim should be adjusted. This is insufficient to meet Debtors' initial burden of refuting the *prima facie* validity of Dorel's Claims.

14. Moreover, as shown by the evidence attached hereto, the goods made the basis of Dorel's Claims were, in fact, delivered within twenty (20) days of the Petition Date and support Dorel's administrative expenses claims in the amount of $16,947.27. For these reasons, the

Eighteenth Omnibus Claims Objection should be partially denied, and Dorel's administrative expense claims should be allowed in the amount of $16,947.27.

### IV.     CONCLUSION & PRAYER

For the foregoing reasons, Dorel respectfully requests that this Court enter an Order (i) partially denying the Eighteenth Omnibus Claims Objection; (ii) granting Dorel a priority administrative claim in the amount of $16,947.27 pursuant to 11 U.S.C. § 503(b)(9); (iii) granting Dorel an unsecured claim in the amount of $677,329.68, and (iv) granting Dorel such other and further relief as the Court deems just and proper.

Dated: May 11, 2020

Respectfully submitted:

By: */s/ Kayvan B. Sadeghi*
Kayvan B. Sadeghi
Katherine R. Peluso
Schiff Hardin LLP
1185 Avenue of the Americas
Suite 3000
New York, New York 10036
Telephone: (212) 753-5000
Facsimile: (212) 753-5044
ksadeghi@schiffhardin.com
kpeluso@schiffhardin.com

*Attorneys for Dorel Industries, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and complete copy of the foregoing Response has been served on this 11th day of May 2020 via ECF notification, and the copies will be sent via first class mail to all of the following parties:

Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601


Weil, Gotshal & Manges LLP
Attn: Ray Schrock, Jacqueline Marcus,
Garrett Fail, and Sunny Singh
767 Fifth Avenue
New York, NY 10153

ATTORNEYS FOR THE DEBTOR


Akin Gump Strauss Hauer & Feld LLP
Attn: Philip Dublin, Ira Dizengoff, and Sara Brauner
One Bryant Park
New York, NY 10036

ATTORNEYS FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS


                /s/ *Kayvan B. Sadeghi*
                    Kayvan B. Sadeghi

CH2\23340500.1