UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :
                                                    :     Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,           :
                                                    :     Case No. 18-23538 (RDD)
                                                    :
    Debtors.[1]                                     :     (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### <u>GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears, Roebuck and Co. and Innovel Solutions, Inc. (collectively, the "**Debtor Defendants**"), and Westfield Insurance Company ("**Westfield**" or the "**Movant**"). The Debtors and the Movant collectively are also sometimes referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\97391646\2\73217.0004

**RECITALS**

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, between May 2017 and February 2018, Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of the Estate of Faith Renne Dowler (the "**West Virginia Plaintiffs**") each commenced against numerous defendants, including the Debtor Defendants, an action that is pending in the Harrison County Circuit Court, State of West Virginia (the "**West Virginia State Court**") at Case Nos. 17-C-159, 17-C-213, 17-C-358, and 18-C-048 (collectively, the "**West Virginia State Court Actions**").

C. WHEREAS, between January 2018 and June 2018, Steven R. Wolf, as Administrator of the Estate of Breanna N. Africa and Carmine Molinaro, Jr. and Colette Molinaro, Parents and Natural Guardians of McKenzie Molinaro (the "**Pennsylvania Plaintiffs**") each commenced against numerous defendants, including the Debtors, an action that is pending in the Court of Common Pleas of Washington County, Pennsylvania (the "**Pennsylvania State Court**"), at case nos. 2017-1725 and 2018-130 (collectively, the "**Pennsylvania State Court Actions**").

D. WHEREAS, the West Virginia State Court Actions and the Pennsylvania State Court Actions (collectively, the "**State Court Actions**") involve claims asserted by the West Virginia Plaintiffs and Pennsylvania Plaintiffs for injuries and deaths resulting from an automobile

2

accident that occurred on September 9, 2016, on I-79 in Harrison County, West Virginia (the "**Accident**").

E.  WHEREAS, Liberty Transportation, Inc. ("**Liberty**") and Innovel Solutions, Inc. ("**Innovel**") are among the defendants in the State Court Actions.

F.  WHEREAS, Movant issued to Liberty commercial auto policy number CSP 5315510 for the policy period running from July 1, 2016 to July 1, 2017 with a limit of liability of $1,000,000 on a per accident basis (the "**Westfield Policy**").

G.  WHEREAS, Innovel and several other defendants in the State Court Actions have tendered requests for defense and indemnification to Liberty and Westfield pursuant to contract.

H.  WHEREAS, Westfield, subject to all available policy defenses, limits and reservations, is providing a defense to several of these parties, including Innovel under the Westfield Policy.

I.  WHEREAS, on or about June 18, 2018, Movant initiated an interpleader action (the "**Interpleader Action**") in the West Virginia State Court at docket no. 18-C-164-2 tendering its $1,000,000 policy limits into court pursuant to W.V. R. CIV. P. 22, subject to the provisions set forth in Westfield's Complaint in Interpleader.

J.  WHEREAS, the State Court Actions and Interpleader Action were automatically stayed pursuant to section 362(d) of the Bankruptcy Code (the "**Automatic Stay**") on the Commencement Date.

K.  WHEREAS, on December 5, 2018, the West Virginia Plaintiffs filed the *Motion of Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a Minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of The Estate of Faith Renne Dowler for an Order for Relief from the Automatic Stay Pursuant to Section 362(d)*

*of the Bankruptcy Code* (ECF No. 1049) (the "**West Virginia Plaintiffs' Motion**"), seeking relief from the Automatic Stay for the limited purposes of continuing the West Virginia State Court Actions to liquidate the West Virginia Plaintiffs' claims so the West Virginia Plaintiffs may (i) recover their liquidated claims from any applicable provider of insurance, and (ii) participate as a creditor with liquidated claims against the Debtors and their estates.

L.  WHEREAS, on January 11, 2019, Movant filed a Response to the West Virginia Plaintiffs' Motion requesting that, if the Court lifted the Automatic Stay in the West Virginia State Court Actions, the Court also lift the Automatic Stay in the Interpleader Action.

M.  WHEREAS, on February 15, 2019, the Court entered a *Stipulation, Agreement and Order Granting Limited Relief From the Automatic Stay* (ECF No. 2627) (the "**First Stipulated Order**") which deemed the West Virginia Plaintiffs' Motion withdrawn and ordered that the Automatic Stay be modified to the extent necessary to permit the West Virginia Plaintiffs to continue the West Virginia State Court Actions against Debtors solely to resolve and liquidate the West Virginia Plaintiffs' claims and obtain recovery from any available insurance policies not issued by a Debtor.

N.  WHEREAS, on March 26, 2019, the Pennsylvania Plaintiffs filed a *Motion for Relief from Stay by Steven R. Wolf, Esq., as Administrator of the Estate of Breanna N. Africa, Deceased, and Carmine Molinaro., Jr. and Colette Molinaro, as Parents and Natural Guardians of McKenzie Molinaro, a Minor* (ECF No. 2961) (the "**Pennsylvania Plaintiffs' Motion**") seeking relief from the Automatic Stay for the limited purposes of continuing the Pennsylvania State Court Actions to liquidate the Pennsylvania Plaintiffs' claims so the Pennsylvania Plaintiffs may (i) recover their liquidated claims from any applicable provider of insurance, and (ii) participate as a creditor with liquidated claims against the Debtors and their estates.

O.  WHEREAS, on August 27, 2019, the Court entered a *Stipulation, Agreement and Order Granting Limited Relief From the Automatic Stay* (ECF No. 4991) (the "**Second Stipulated Order**") which deemed the Pennsylvania Plaintiffs' Motion withdrawn and ordered that the Automatic Stay be modified to the extent necessary to permit the Pennsylvania Plaintiffs to continue the Pennsylvania State Court Actions against Debtors solely to resolve and liquidate the Pennsylvania Plaintiffs' claims and obtain recovery from any available insurance policies not issued by a Debtor, including the Westfield Policy.

P.  WHEREAS, neither the First Stipulated Order nor the Second Stipulated Order included any reference to the Interpleader Action.

Q.  WHEREAS, the Automatic Stay has not previously been modified with respect to the Interpleader Action.

R.  WHEREAS, further proceedings in the Interpleader Action are required before the Westfield Policy can respond to pay settlements or judgments entered in the State Court Actions.

S.  WHEREAS, further proceedings in the Interpleader Action are required before Movant Westfield can pay its policy limits pursuant to the Interpleader Complaint filed in the West Virginia State Court.

T.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.  Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit all proceedings in the Interpleader Action to resume and to permit a full resolution of the issues presented in the Complaint filed by Movant in the Interpleader Action; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Debtors that were or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.  Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates, impairs or extinguishes a direct right of action by the Movant against the Debtors' or any of the other Debtors' insurers; or (iii) precludes, limits, or enhances, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage.

4.  Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the State Court Actions or any other pending prepetition action to which the Debtors or any of the other Debtors are a party that may be filed by any of the West Virginia Plaintiffs or the Pennsylvania Plaintiffs in the chapter 11 cases of the Debtors.

5.  The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the State Court Actions or any other matter.

6

6. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

11. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

18-23538-shl    Doc 7940    Filed 05/13/20    Entered 05/13/20 11:30:08    Main Document
Pg 8 of 9

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated: May 4, 2020

By:   */s/ Garrett A. Fail*
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    Jessica Liou
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    *Attorneys for Debtors
    and Debtors in Possession*

Dated: May 4, 2020

By:   */s/ Frances A. Lettieri*
    Frances A. Lettieri
    FOWLER HIRTZEL MCNULTY & SPAULDING, LLP
    2000 Market Street
    Suite 550
    Philadelphia, PA 19103
    Telephone: (215) 789-4848
    Facsimile: (215) 253-4698

    *Attorneys for Movant*

SO ORDERED

Dated: May 13, 2020
      White Plains, New York

                    */s/Robert D. Drain*
                THE HONORABLE ROBERT D. DRAIN
                UNITED STATES BANKRUPTCY JUDGE