**Hearing Date and Time: June 17, 2020 at 10:00 am (Eastern Time)**

Erin West, *pro hac vice*
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
Email: ewest@gklaw.com

Attorneys for Johnson Controls, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, *et al.,*[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF JOHNSON CONTROLS, INC. TO DEBTORS'
EIGHTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM OR
BALLOTS (REDUCED OR RECLASSIFIED CLAIMS/BALLOTS)**

Johnson Controls, Inc. and its affiliates ("JCI") by its counsel, hereby responds to the

*Debtors' Eighteenth Omnibus Objection to Proofs of Claim or Ballots (Reduced or Reclassified*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Claims/Ballots)* [D.I. 7859] (the "Eighteenth Omnibus Objection"). In support of this Response, JCI states as follows:

1. JCI provided building control systems and services to certain of the above-referenced debtors (the "Debtors") at various locations, pursuant to certain contracts between JCI and the Debtors.

2. JCI timely filed twelve (12) proofs of claim against the Debtors[2] and two pending motions to allow administrative expense and rejection damages claims and the Debtors, including the following six (6) claims the Debtors ask the Court to reduce and reclassify in the Eighteenth Omnibus Objection (the "JCI Claims"):

| Claim # | Debtor | Unsecured Claim Amount | 503(b)(9) Claim Amount | Administrative Expense Claim Amount |
|---|---|---|---|---|
| 17370 | Sears Holdings Management Corporation | $793,803.53 | $34,820.48 | |
| 16236 | Sears, Roebuck de Puerto Rico, Inc. | $1,946,853.67 | $105,829.84 | |
| 16604 | Sears, Roebuck and Co. | $2,175,123.28 | $105,829.84 | |
| 16658 | Kmart Corporation | $2,175,123.28 | $105,829.84 | |
| 20440[3] | Sears Holdings Corporation and Sears Holdings Management Corporation | | | $171,207.00 |
| 20456[4] | Sears, Roebuck and Co., Kmart Corporation, Sears Roebuck de Puerto Rico, Inc., Sears Logistics Services, Inc., Sears Home Improvement Products, Inc., Sears Operations LLC, and Kmart Operations LLC | $1,679,616.02 | | $392,573.02 |
| | Total | $4,051,357.92[5] | $140,650.32 | $563,780.02 |

---

[2] JCI's timely filed proofs of claim against the Debtors are Claim Nos.: 6633, 17891, 16647, 17370, 16920, 17590, 16236, 166004, 16658, 17038, 17419, and 17637.

[3] The Eighteenth Omnibus Objection refers to *Johnson Controls, Inc.'s Motion to Allow Administrative Expense and Rejection Damages Claims Related to Sensormatic Software Maintenance Contract* [Dkt. No. 4026] (the "JCI Motion to Allow Sensormatic Claim") as "Claim No. 20440."

[4] The Eighteenth Omnibus Objection refers to *Johnson Controls, Inc.'s Motion to Allow Administrative Expense and Rejection Damages Claims Related to HVAC Contract* [Dkt. No. 4589] (the "JCI Motion to Allow HVAC Claim") as "Claim No. 20456."

[5] Multiple of the Debtors are jointly liable to JCI as set forth in more detail on the spreadsheet attached to each of the JCI Claims, and as noted on the JCI Claims, JCI does not seek duplicate payments for claims that may overlap among multiple Debtors.

2

3. In the Eighteenth Omnibus Objection, the Debtors ask the Court to reduce and reclassify the JCI Claims on the basis that "[t]he invoices provided by the Claimants are not supported by the Debtors' books and records." *See* Eighteenth Omnibus Objection at Ex. 1, p. 22, line 43.

4. The Debtors previously objected to the JCI Claims, which objections also remain pending:

   a. *Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* [D.I. 4775] (the "First Omnibus Objection"): objecting to JCI's twelve (12) proofs of claim on the basis that each "…Claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC."  *See* First Omnibus Objection at Ex. A, pp. 9-10, lines 72-83) and *Response of Johnson Controls, Inc. to Debtors' First Omnibus Objection to Claims* [D.I. 4983] (the "JCI Response to First Objection");

   b. *Debtors' Omnibus Objection to Vendors' Motions for Allowance and Payment of Administrative Expense Claims* [D.I. 4854] (the "Omnibus Administrative Claim Objection"):  objecting to the "immediate payment" of the JCI Motion to Allow Sensormatic Claim and JCI Motion to Allow HVAC Claim.  *See* Omnibus Administrative Claim Objection at ¶ 7.

5. JCI objects to the Eighteenth Omnibus Objection on the basis that it delivered goods to the Debtors in the amount of $140,650.32 in the 20 days before the Debtors' bankruptcy filing, as reflected on the attached **Exhibits A** and **B**, and further that JCI provided goods and services to the Debtors post-petition as reflected on the attached **Exhibits C** and **D**, and as further set forth in the JCI Response to First Objection, the JCI Motion to Allow Sensormatic Claim, and JCI Motion to Allow HVAC Claim.

## RESERVATION OF RIGHTS

6.     JCI reserves the right to assert other, supplemental, or additional claims or bases for response against the Debtors and its Eighteenth Omnibus Objection, First Omnibus Objection, and Omnibus Administrative Claim Objection, including, but not limited to, claims for rejection damages, post-petition administrative claims, or any other claims that may arise or that JCI may be entitled to assert under the Bankruptcy Code, whether or not such claims are associated with the contracts or JCI Claims described in this Response.

## REQUEST FOR RELIEF

7.     Accordingly, JCI requests that the Court deny the Debtors' Eighteenth Omnibus Objection as to the JCI Claims.

WHEREFORE, JCI requests that the Court enter an order:

A.     Denying the final relief requested in the Eighteenth Omnibus Objection as to the JCI Claims;

B.     Allowing the JCI Claims as filed; and

C.     Providing such other and further relief as the Court deems just and appropriate.

Dated: May 13, 2020.

GODFREY & KAHN, S.C.

By: */s/ Erin West*
    Erin West
    *admitted pro hac vice*
    Wisconsin Bar No. 1075729
    Attorneys for Johnson Controls, Inc.

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI  53703

4

Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: ewest@gklaw.com

5

# CERTIFICATE OF SERVICE

A true and correct copy of the above and forgoing document was served pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF NO. 405] on all parties receiving notice ECF electronic service and by First Class U.S. Mail on the 13th day of May 2020 on the following:

>Chambers of the Honorable Robert D. Drain
>United States Bankruptcy Court
>Southern District of New York
>300 Quarropas Street
>White Plains, NY 10601
>
>Stephen Sitley, Esq. and Luke J. Valentino, Esq., Debtors
>c/o Sears Holdings Corporation
>3333 Beverly Road
>Hoffman Estates, IL 60179
>
>Paul Schwartzberg, Esq.
>Office of the United States Trustee for Region 2
>201 Varick Street
>Suite 1006
>New York, NY 10014
>
>James Gadsden, Esq., Attorneys for The Bank of New York Mellon Trust Company
>Carter Ledyard & Milburn LLP
>2 Wall Street
>New York, NY 10015
>
>Brian Raynor, Esq., Attorneys for the Pension Benefit Guaranty Corporation
>Locke Lord LLP
>111 South Wacker Drive
>Chicago, IL 60606

22310787.2