WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :    Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
------------------------------------------------------------ x

## CERTIFICATE OF NO OBJECTION
## PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS'
## SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On March 31, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Seventeenth Omnibus Objection to Claims (Satisfied)* (ECF No. 7543) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for May 5, 2020, at 4:00 p.m. (Prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. Prior to the Response Deadline, Debtors were contacted informally by certain parties subject to the Omnibus Objection (the "**Additional Parties**") who requested an extension of the Response Deadline. The Debtors agreed to extend the Response Deadline for the Additional Parties to May 12, 2020, at 4:00 p.m (Prevailing Eastern Time) (the "**Extended Response Deadline**").

4. Both the Response Deadline and the Extended Response Deadline have now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** (the "**Satisfied Landlord Claims**") to the proposed order granting the relief requested in the Omnibus

2

Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors. A redline of the proposed order marked against the version filed with the Omnibus Objection is annexed hereto as **Exhibit B**.

5.    Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  May 13, 2020
         New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                   :       Chapter 11
                                                        :
SEARS HOLDINGS CORPORATION, *et al.*,                   :       Case No. 18-23538 (RDD)
                                                        :
Debtors.[1]                                             :       (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' SEVENTEENTH
### OMNIBUS OBJECTION TO CLAIMS (SATISFIED LANDLORD CLAIMS)

Upon the *Debtors' Seventeenth Omnibus Objection to Claims (Satisfied Landlord Claims)*, filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Satisfied Landlord Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

WEIL:\97482880\1\73217.0004

with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Satisfied Landlord Claim listed on **Exhibit 1** annexed to this Order is disallowed and expunged in its entirety (to the extent reflected on **Exhibit 1**), and each such Satisfied Landlord Claim shall be deleted from the claims register.

3. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the No Liability Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

2

4. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Satisfied Landlord Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
       White Plains, New York

                                            HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

WEIL:\97482880\1\73217.0004

**Debtors' Seventeenth Omnibus Objection**  
**Exhibit 1 - Satisfied Landlord Claims**

In re: Sears Holdings Corporation, *et al.*  
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount |
|---|---|---|---|---|
| | **Schedule of Satisfied Landlord Claims** | | | |
| 1. | Braintree Property Associates LP | 16676 | 182353801018475 | $198,114.71 |
| 2. | Brass Mill Center Mall, LLC | 16044 | 182353801013693 | $5,911.76 |
| 3. | Charles Mall Company Limited Partnership | 17692 | 182353801018516 | $52,627.03 |
| 4. | CHM Foothills 7, LLC | 16324 | 182353801017746 | $5,357.25 |
| 5. | Columbia Mall Partnership | 15793 | 182353801018145 | $24,050.12 |
| 6. | Dulles Town Center Mall, LLC | 15081 | 182353801017674 | $5,193.85 |
| 7. | El Centro Mall, LTD | 12226 | 182353801018436 | $25,102.59 |
| 8. | FITCHBURG MFB LLC | 17074 | 182353801017810 | $15,625.00 |
| 9. | GGP Meadows Mall L.L.C. | 16381 | 182353801017747 | $16,589.02 |
| 10. | GGP-Tucson Mall L.L.C. | 15893 | 182353801017718 | $5,000.00 |
| 11. | GRAND TETON MALL, LLC | 19746 | 182353801017967 | $11,343.31 |
| 12. | GS Portfolio Holding II, LLC | 16051 | 182353801018153 | $139,142.64 |
| 13. | Hart 155 Industrial LLC (1707 W. Normantown Road) | 17215 | 182353801018491 | $95,733.66 |
| 14. | Hart 155 Industrial LLC (1801 W. Normantown Road) | 16994 | 182353801018481 | $37,563.34 |
| 15. | Hoover Mall Limited, L.L.C. | 17668 | 182353801018154 | $25,959.15 |
| 16. | KDI Rivergate Mall LLC | 15419 | 182353801013631 | $36,105.22 |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

1

Debtors' Seventeenth Omnibus Objection  
Exhibit 1 - Satisfied Landlord Claims

In re: Sears Holdings Corporation, *et al.*  
Case No. 18-23538 (RDD)

| | | Schedule of Satisfied Landlord Claims | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount |
| 17. | KM-SC, LLC | 17958 | 182353801017849 | $15,282.06 |
| 18. | Lakeline Developers | 16337 | 182353801018166 | $63,741.60 |
| 19. | Lakewood Shopping Center LLC | 17312 | 182353801018493 | $57,779.30 |
| 20. | Levcom Wall Plaza Associates | 14283 | 182353801018450 | $47,598.84 |
| 21. | Loveland KM Corp (Loveland) | 16854 | 182353801018477 | $119,741.13 |
| 22. | Macerich Buenaventura Limited Partnership | 18110 | 1.82354E+14 | $10,444.54 |
| 23. | Macerich Stonewood, LLC | 17981 | 182353801013637 | $26,339.75 |
| 24. | Macerich Victor Valley LP | 17575 | 182353801018508 | $98,413.62 |
| 25. | Mall at Auburn, LLC | 15574 | 182353801018137 | $54,199.02 |
| 26. | Mall at Montgomery, LP | 16430 | 182353801018170 | $21,180.98 |
| 27. | Mall at Tuttle Crossing, LLC | 16981 | 182353801017802 | $8,141.40 |
| 28. | Manco Florida Associates, LLC | 13926 | 182353801018459 | $77,894.28 |
| 29. | Maplewood Mall, LLC | 12135 | 182353801013672 | $7,197.00 |
| 30. | Mayflower Apple Blossom, LP | 15797 | 182353801017715 | $11,770.51 |
| 31. | MS Portfolio, LLC ( Store # 1618 ; Modesto, CA) | 17434 | 182353801017820 | $15,782.71 |
| 32. | MS Portfolio, LLC (Store #1798; Glendale, AZ) | 18107 | 182353801013643 | $118,675.72 |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

2

Debtors' Seventeenth Omnibus Objection  
Exhibit 1 - Satisfied Landlord Claims

In re: Sears Holdings Corporation, *et al.*  
Case No. 18-23538 (RDD)

### Schedule of Satisfied Landlord Claims

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Ballot Amount |
|---|---|---|---|---|
| 33. | Newport Centre LLC | 16041 | 182353801018151 | $79,788.44 |
| 34. | Spring Hill Mall L.L.C. | 16361 | 182353801018168 | $45,528.00 |
| 35. | Town Center at Cobb, LLC | 16611 | 182353801018183 | $28,908.18 |
| 36. | Washington Prime Property Limited Partnership | 13890 | 182353801018457 | $48,649.61 |
| 37. | West Orange Plaza | 15925 | 182353801018149 | $760,530.48 |
| 38. | White Plains Galleria Limited Partnership | 16624 | 182353801018185 | $90,683.06 |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

3

**Exhibit B**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,                          :    Case No. 18-23538 (RDD)
                                                               :
Debtors.[1]                                                    :    (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' SEVENTEENTH
### OMNIBUS OBJECTION TO CLAIMS (SATISFIED LANDLORD CLAIMS)

Upon the *Debtors' Seventeenth Omnibus Objection to Claims (Satisfied Landlord Claims)*, filed March 31, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Satisfied Landlord Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; ~~and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on May 14, 2020 (the "**Hearing**"); and upon the record of the Hearing,~~ and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Satisfied Landlord Claim listed on **Exhibit 1** annexed to this Order is disallowed and expunged in its entirety (to the extent reflected on **Exhibit 1**), and each such Satisfied Landlord Claim shall be deleted from the claims register.

3. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the No Liability

Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

4. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Satisfied Landlord Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
        White Plains, New York

        HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE