UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
**SEARS HOLDINGS CORPORATION,** *et al.*,              :    Case No. 18-23538 (RDD)
                                                       :
Debtors.[1]                                            :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' SEVENTEENTH
### OMNIBUS OBJECTION TO CLAIMS (SATISFIED LANDLORD CLAIMS)

Upon the *Debtors' Seventeenth Omnibus Objection to Claims (Satisfied Landlord Claims)*, filed March 31, 2020 (the "**Objection**"),[2] and the notice of amendment to Schedule A thereto, dated April 2, 2020, of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and 503(b) under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Satisfied Landlord Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and the opportunity for hearing having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no further notice or a hearing is required; and there being no objections to the relief granted hereby; and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein; in that the Objection rebutted any presumption of the validity of the claims at issue and the respective claimants have not carried their burden of proof; and it further appearing that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, in that the claims at issue have been satisfied; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to sections 502 and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007, each Satisfied Landlord Claim listed on **Exhibit 1** annexed to this Order is disallowed and expunged in its entirety (to the extent reflected on **Exhibit 1**), and each such Satisfied Landlord Claim shall be deleted from the claims register.

3. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any,

associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the No Liability Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

4.  This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Satisfied Landlord Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

5.  This Order is deemed to be a separate order with respect to each claim covered hereby.

6.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.  The terms and conditions of this Order are effective immediately upon entry.

Dated:  May 14, 2020
        White Plains, New York

*/s/ Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**