**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al*. | Chapter 11 |
| Debtors[1] | (Jointly Administered) |

**RESPONSE TO DEBTORS' REQUEST FOR RECLASSIFICATION OF PREPA'S CLAIM IN DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS**

TO THE HONORABLE COURT:

NOW COMES the Puerto Rico Electric Power Authority ("PREPA"), through its undersigned counsel, and very respectfully states and prays:

1. On April 22, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively the "Debtors"), filed "Debtors' Eighteenth Omnibus Objection to Proofs of Claim or Ballots (Reduce or Reclassify Claims/Ballots)" (the "Objection"). See docket 7859.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. In the Objection, Debtors request that PREPA's claim for administrative expenses under 11 U.S.C. § 503(b)(9) in the amount of $530,672.70 be reclassified as a general unsecured claim. In the Objection, Debtors assert, as exclusive grounds for their request to reclassify PREPA's administrative expense claim, that allegedly the "supporting documentation indicates that the invoices are non-Administrative Expense Claims." See docket 7859, p. 2 and p. 7, item 59.

3. The Objection does not specify why it is that the "supporting documentation indicates that the invoices are non-Administrative Expense Claims." However, per the parties' communications, Debtors' request for reclassification is based on the fact that PREPA's administrative expense claim is for the value of the electric energy that PREPA supplied to Debtors during the 20 days prior to the date of Debtors' bankruptcy petitions and Debtors claim that electric energy is not a "good" under the definition of said term of the Uniform Commercial Code (the "UCC") and, thus, not a "good" for purposes of section 503(b)(9) of the U.S. Bankruptcy Code, 11 U.S.C. § 503(b)(9).

4. PREPA is cognizant that this Honorable Court ruled in Hudson Energy Services, LLC v. The Great Atlantic & Pacific Tea Company, Inc. (In re Great Atlantic & Pacific Tea Co., Inc.) that electric energy is not a "good" under the UCC's definition of such term and, thus, not a good for purposes of section 503(b)(9). PREPA is also aware that said ruling was affirmed by the U.S. District Court for the Southern District of New York in Hudson Energy Services, LLC v. The Great Atlantic & Pacific Tea Company, Inc. (In re Great Atlantic & Pacific Tea Co., Inc.), 538

---

[2] The Objection provided that any responses to the same had to be filed no later than May 13, 2020 at 4:00 p.m. (prevailing Eastern Time). See docket 7859, p. 2. Due to the stay-at-home order in effect in Puerto Rico since March 15, 2020 as a result of the COVID-19 pandemic, PREPA and Debtors agreed to an extension of time until May 27, 2020 for PREPA to file its response to the Objection, without prejudice to PREPA requesting additional time from the Honorable Court.

B.R. 666 (S.D. N.Y. 2015), as not being clearly erroneous. However, PREPA respectfully contends that the issue, at least under the particular facts of the electric energy supplied by PREPA, is worth revisiting by the Honorable Court.

5. First, the electric energy that PREPA supplied to Debtors was generated, transmitted and distributed in Puerto Rico, supplied to Debtors in Puerto Rico, metered in Puerto Rico, and consumed by Debtors in Puerto Rico. Using the UCC's definition of "goods," the U.S. Bankruptcy Court for the District of Puerto Rico has consistently afforded administrative expense priority under section 503(b)(9) to the electric energy supplied by PREPA to its customers in Puerto Rico. See e.g. In re Wometco de P.R., Inc., 2016 Bankr. LEXIS 119, *6 (Bankr. D. P.R. 2016);[3] In re PMC Marketing Corp., Case No. 09-02048 (BKT7), docket #1230 (Bankr. P.R. 2016); In re Inversiones Araxi Group Corp., Case No. 16-02428 (EAG11) (Bankr. D.P.R. 2016), docket #85; In re González San Pedro, Case No. 17-03501 (ESL13), docket 88 (Bankr. D. P.R. 2019).

6. Additionally, even if the UCC's definition of "goods" were not used to determine if electricity is a good for purposes of section 503(b)(9), but rather the Honorable Court were to look at Puerto Rico law, under Puerto Rico law, electricity is a "good." "Personal property [is] an object or tangible corporal substance, material, susceptible to being seized and also measured, transferred, and supplied, such as water, gas and **electricity**." Pueblo v. Uriel Álvarez, 12 P.R. Offic. Trans. 388, 396 (1982) (emphasis supplied).[4] Property interests are created by and "must

---

[3] It is worth pointing out that the opinion and order in In re Wometco de P.R., Inc., *supra*, considered the statement under penalty of perjury of the Manager of PREPA's Wholesale Department (an engineer) as to the identification and movability of the electric energy when it passes through a meter submitted as Exhibit A (Case No. 15-02264, docket 288-1) of PREPA's reply (Case No. 15-02264, docket 288) to Wometco de Puerto Rico, Inc.'s opposition (Case No. 15-02264, docket 150) to PREPA's motion for administrative expense priority under section 503(b)(9) (Case No. 15-02264, docket 125).

[4] The original Spanish version reads: "Otra vez la técnica de una visión completa definitoria que como elemento general presenta la característica de estimar un **bien mueble** como objeto o sustancia tangible corporal, material, susceptible de ser aprehendida y también de ser medida, transportada y suministrada como el agua, gas, electricidad."

be found on state law." Zambrana v. Municipality of Ponce, 878 F. Supp. 333, 335-336 (D. P.R. 1995); also see Dávila-Lopes v. Soler-Zapata, 111 F.3d 192, 195 (1st Cir. 1997). Thus, if under Puerto Rico law electric energy is a good, then electric energy or electricity generated, supplied, and consumed in Puerto Rico is a good and should qualify for administrative expense priority under section 503(b)(9).

7. PREPA has no minimum contacts with New York with regards to its relationship with Debtors. It would be highly inequitable to apply New York case law to determine that the electricity supplied by PREPA to Debtors in Puerto Rico is not a good and leave without administrative priority under section 503(b)(9) the value of said electric energy, when under Puerto Rico case law, both at the state and federal level, that very same electric energy is a good and when the value of that electricity is afforded administrative priority under section 503(b)(9) in Puerto Rico.

8. In the case of Enron Power Marketing, Inc. v. Nevada Power Company, the U.S. District Court for the Southern District of New York applied Utah law (as required by the parties' contract) to treat electricity as a good for purposes of a dispute under the UCC. See 2004 WL 2290486, *2 (S.D. N.Y. 2004). PREPA invites the Honorable Court to adopt a similar approach and apply Puerto Rico case law to determine that the corresponding electricity supplied by PREPA

---

Pueblo v. Uriel Álvarez, 112 D.P.R. 312, 317 (1982) (emphasis added). As can be seen, even though the official English translation uses the term "personal property," the original Spanish version uses the term "bien mueble," which should have been correctly translated as "moveable good." Thus electricity is a "good" (and a moveable one at that) under Puerto Rico law. Also, the correct translation should have been that personal property (i.e. a moveable good) is "an object or tangible, corporal, material substance" (objeto o sustancia tangible corporal, material) instead of "an object or tangible corporal substance, material"). When there is a discrepancy between the official English translation and the original Spanish version, the Honorable Court must look at the original Spanish version to ascertain the correct wording of the case or statute. See e.g. Noble v. Corporación Insular de Seguros, 738 F.2d 51, 55 (1st Cir. 1984); also see Dopp v. HTP Corp., 947 F.2d 506, 510 fn.4 (1st Cir. 1991).

to Debtors in Puerto Rico is a good under the UCC and a good for purposes of section 503(b)(9) entitled to administrative expense priority.[5]

9.     Like the U.S. Bankruptcy Court for the District of Puerto Rico, a majority of federal courts that have addressed the issue have ruled that electricity is a good for purposes of section 503(b)(9). See In re Wometco de Puerto Rico, Inc., *supra* (Bankr. D. P.R. 2016); In re Grede Foundries, Inc., 435 B.R. 593 (Bankr. W.D. Wis. 2010); In re Erving Industries, Inc., 432 B.R. 354 (Bankr. D. Mass. 2010); GFI Wisconsin, Inc. v. Reedsburg Util. Comm'n, 440 B.R. 791 (W.D. Wis. 2010); In re Southern Montana Elec. Generation and Transmission Co-op., Inc., 2013 WL 85162 (Bankr. D. Mon. 2013); In re Escalera Resources Co., 563 B.R. 336 (Bankr. D. Colo. 2017). Outside of the section 503(b)(9) context, a majority of courts, state and federal, including the U.S. Court of Appeals for the Federal Circuit,[6] have also treated electric energy (at least that which is delivered through a meter, as is the case with the electricity that PREPA supplied to Debtors) as a good under the UCC definition of "goods," with the only "real outlier" being New York courts. See In re Escalera Resources Co., 563 B.R. at 351-353.  PREPA invites the Honorable Court to join the majority of its brethren and rule that electricity is a good under the definition of "goods" of the UCC, and a good for purposes of section 503(b)(9) and entitled to administrative expense priority under said section.

---

[5] Debtors had multiple accounts with PREPA covering several premises. Depending on the type of premise and amount of electricity required by the customer, PREPA does or does not enter into written contracts with its clients. Per the parties' communications, PREPA and Debtors do not know if they entered into written contracts for all, some or none of Debtors' accounts with PREPA. Contracts entered between PREPA and its customers are generally kept by PREPA's Wholesale Department.  Due to the COVID-19 pandemic, Puerto Rico has been under a stay-at-home order since March 15, 2020 and the personnel of PREPA Wholesale Department have been subject to the quarantine order, so that PREPA has been unable to determine if there are written contracts for all, some, or none of Debtors' accounts with PREPA. If there are written contracts between PREPA and Debtors and if said contracts contain choice of law clauses, it would make the application of Enron Power Marketing, Inc. v. Nevada Power Company, *supra*, even more relevant.

[6] Pac. Gas & Elec. Co. v. U.S., 838 F.3d 1341, 1351 (Fed. Cir. 2016) (stating that it would not have jurisdiction over the dispute regarding the sale of electricity if electricity were a service and holding that it did have jurisdiction over the dispute because electricity is a good).

10. To a similar conclusion (i.e. that electricity is a good or a commodity, which is a synonym for a good, as opposed to a service) have come a majority of federal courts dealing with federal statutes that require the interpretation or definition of the terms "commodity" or "good," including the U.S Court of Appeals for the Sixth and Eighth Circuits. See In re Escalera Resources Co., 563 B.R. at 360-364 (discussing the corresponding statutes and case law under the Robinson-Patman Antidiscrimination Act, the Federal Labor Standards Act, and the Federal Power Act).

11. Based on the above, PREPA invites the Honorable Court to change course and join the majority of its sister courts and rule that electricity is a good (including under the UCC definition of that term) and, thus, qualifies for administrative expense priority under section 503(b)(9) of the Bankruptcy Code.

WHEREFORE PREPA respectfully requests that the Honorable Court deny the Objection as it pertains to Debtors' request to reclassify PREPA's administrative expense claim under section 503(b)(9).

RESPECTFULLY SUBMITTED.

**Certificate of Service**: I hereby certify that on May 27, 2020, I electronically filed a copy of this motion with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of the same to all interested CM/ECF participants.

In San Juan, Puerto Rico on May 27, 2020.

>  CORRETJER, L.L.C.
>  *Counsel for PREPA*
>  625 Ponce de León Ave.
>  San Juan, PR 00917-4819
>  Tel. 787-751-4618
>  Fax 787-759-6503
>
>  By: _____
>  Eduardo J. Corretjer Reyes
>  USDC-PR #224113

        ejcr@corretjerlaw.com

By: s/ Rafael H. Ramírez Polanco
Rafael H. Ramírez Polanco *(pro hac vice)*[7]
USDC-PR #301114
rhr@corretjerlaw.com

---

[7] This morning, March 27, 2020, the undersigned filed a "Motion for Admission to Practice, *Pro Hac Vice*" pursuant to Local Rule 2090-1. See docket 7984. The Court has yet to rule on the undersigned's motion. Unfortunately, due to the stay-at-home order in effect in Puerto Rico since March 15, 2020 as a result of the COVID-19 pandemic and subsequent extensions thereof, the undersigned was unable to file the *pro hac vice* application on an earlier date.