HERRERA LAW FIRM, P.A.
P.O. Box 442968
Miami, Florida 33144
(305) 445-1100
Jose-Trelles Herrera, Esq.

*Attorney for Leonora Gonzalez*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------------x
In re                                                                  :
SEARS HOLDINGS CORPORATION, INC., et. al.,                             :
                                                                       :    Case No.: 18-23538(rdd)
                                                                       :    Chapter 11
                                      Debtor                           :    (Jointly Administered)
-----------------------------------------------------------------------x
```

# MOTION FOR RELIEF FROM AUTOMATIC STAY

Pursuant to Section 362(d) of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure, LEONORA GONZALEZ ("GONZALEZ"), moves the Court for entry of an order terminating and providing relief from the automatic stay imposed under Section 362(a) of the Bankruptcy Code, to allow GONZALEZ to resume and pursue certain state court litigation that is pending, namely LEONORA GONZALEZ vs. K-MART, currently pending in the 16TH Judicial Circuit in and for Monroe County, Florida, Case Number 18-CA-910-P.

In support thereof, GONZALEZ states as follows:

## JURISDICTION

1. Pursuant to 28 U.S.C. §§157 and 1334, this Court has jurisdiction over this matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## BRIEF FACTUAL BACKGROUND

2. SEARS HOLDINGS CORPORATION, INC., et. al., is a Florida foreign corporation conducting business throughout the state of Florida.

Case No.: 18-23538(rdd)
Chapter 11
(Jointly Administered)

3. SEARS HOLDINGS CORPORATION, INC., et. al., filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about October 15, 2018.

4. Movant received written notice of the bankruptcy petition on or about February 14, 2019 from Stacey Leinheiser, Esq. Sr. Counsel for Sears Holdings Management Corp.

## PARTIES

5. GONZALEZ is a plaintiff in the Florida state court litigation styled *Leonora Gonzalez vs. K-Mart*, currently pending in the 16th Judicial Circuit in and for Monroe County, Florida, Case Number 18-CA-910-P ("Florida Litigation").

6. K-MART CORPORATION is the defendant in the Florida Litigation.

## FLORIDA LITIGATION

7. The Movant initiated the Florida Litigation alleging one count of negligence against KMART for personal injuries caused to Movant. A copy of the Complaint is attached to this Motion.

8. Prior to initiating the Florida Litigation, Movant was engaged in discussions with Sedgwick a third-party claims administrator for KMART. Movant has requested copies of KMART's insurance policy from counsel in this proceeding pursuant to Florida law, specifically §627.4137, Fla. Stat.

## LEGAL ARGUMENT

Section 362(d)(1) of the Bankruptcy Code provides in relevant part: "on request of a third party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause[.]}" 11 U.S.C. §362(d)(1). Courts have granted relief from the stay for cause under this provision when necessary to permit pending litigation to be

concluded in another forum. *See, e.g., In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (stating that "[w]here a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial"); *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) (affirming an order lifting the stay to permit a creditor to pursue a conversion and fraudulent conveyance action pending in the federal district court following a remand of the case by the appellate court for a retrial on the damages issue).

To obtain relief from the automatic stay, the movant must first establish a prima facie case that "cause" exists for the relief under Section 362(d)(1). *See In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *See* 11 U.S.C. §362(g)(2); *In re Sonnax Induz., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

In *Tucson Estates*, the Ninth Circuit held that the bankruptcy court had abused its discretion by not abstaining and entirely lifting the stay to enable litigation to proceed. 912 F.2d 1162. In doing so, the Court found the following factors to all support abstention: (1) resolution of claims in state court would favorably affect the efficient administration of the estate; (2) state law issues predominate over bankruptcy issues; (3) the existence of prior litigation of those issues which had already begun in state court; (4) the lack of federal jurisdiction basis other than bankruptcy jurisdiction for the state claims; (5) the case was a related rather than core proceeding; (6) the ease of permitting completion of the state court litigation while reserving the judgement's enforcement to the bankruptcy court; and (7) the right to a jury trial in state court. *Id.* at 1169.

Case No.: 18-23538(rdd)
Chapter 11
(Jointly Administered)

Finally, courts have further held that cause exists to lift the stay, and that "debtors-defendants will suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors."  *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991); *see also, In re Borbridge*, 81 B.R. 332 (E.D. Pa. 1988) (noting that "[t]he easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from non-estate property, such as an insurance or indemnity agreement"); *see also*, *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991) ("Debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for recovery against insurers, sureties, or gurantors"), citing, *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D. Va. 1986).

## FACTORS FOR LIFTING A STAY

Courts have identified twelve nonexclusive factors a bankruptcy court should weigh in determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum.  Those twelve factors are:

(1) whether relief would result in partial or complete issue resolution;

(2) lack of connection with or interference with bankruptcy case;

(3) whether other proceeding involves debtor as fiduciary;

(4) whether specialized tribunal with necessary expertise has been established to hear cause of action;

(5) whether debtor's insurer has assumed full defense responsibility;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice interests of other creditors;

(8) whether judgment claim arising from other action is subject to equitable subordination;

(9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor;

(10) interests of judicial economy and expeditious and economical resolution of litigation;

(11) whether parties are ready for trial in other proceeding;

(12) impact of stay on parties and balance of harms.

*In re Sonnax Indus., Inc.*, 907 F. 2d at 1285.

All twelve factors are not relevant or applicable in every case. *Id.* at 1286. Nor is a court required to give each factor equal weight when making its determination. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

### APPLICATION OF THE TWELVE FACTORS

Under the first factor, allowing the Movant to proceed in the Florida Litigation will likely result in a complete resolution of the issues regarding the Movant's claim and status as a creditor. The Movant's creditor status derives from her personal injury claims in the Florida Litigation; once that lawsuit is resolved the only issue will be collection from insurance proceeds. There is a very high probability that the Movant will collect from insurance proceeds only, and any further action against the Debtor or Debtor's estate would be unnecessary.

Under the second factor, it does not appear that the Florida Litigation would interfere with or prolong the Debtor's chapter 11 case. The Florida Litigation involves personal injury claims stemming from the Debtor's negligence.

Case No.: 18-23538(rdd)
Chapter 11
(Jointly Administered)

The fifth factor is particularly relevant because the Movant is seeking to recover insurance proceeds. It appears that the Debtor's insurance carrier has already assumed financial responsibility for defending the Florida Litigation. The Debtor's estate would incur little or no expense to proceed with the Florida Litigation. The seventh factor is also favorable to lifting the stay because doing so would not prejudice the interests of other creditors or interested parties. Allowing the Florida Litigation to move forward to its conclusion will likely resolve the Movant's claim to the Debtor's estate, either by settlement or by reducing said claims to judgment, possibly eliminating the need to enforce the claims in bankruptcy if the insurance carrier pays the claims. Continuing the automatic stay, however, will result in a duplication of effort and a waste of judicial resources as the Movant's claims would have to be adjudicated to a final resolution and liquidated in bankruptcy court.

Under the tenth factor, the Florida Litigation was commenced and immediately stayed upon notification of Debtor's chapter 11 filing. The parties (Debtor's third-party claims administrator and Movant) were engaged in pre-suit discussions prior to the filing of the Florida Litigation and chapter 11 filing. The Florida Litigation alleges simple negligence resulting in personal injury to Movant. Judicial economy and efficiency weigh in favor of allowing the action to proceed as Movant's claims are well within the policy limits of Debtor's insurance. Under the twelfth factor, the "balance of harms" weighs heavily in favor of lifting the stay for the Movant. Lifting the stay would do little to no harm to the Debtor as it appears that its insurance company would be defending the litigation and covering any monetary damages which may result. Continuing the stay would force the parties to litigate state court issues in a bankruptcy tribunal and would increase the expenses for all parties involved. The above-captioned

bankruptcy case involves hundreds of creditors; the Movant would be substantially prejudiced if she was forced to litigate her personal injury claims in bankruptcy court.

There are no known circumstances in this case where the insurance proceeds could ever become part of the Debtor's bankruptcy estate. Therefore, the estate would not be in any danger of suffering depletion if this Court grants Creditor's requested relief. Based on the factors noted above, the Movant has established more than enough cause for relief front the stay. Failure to lift the stay in this case would result in a terrible and undue burden on the Movant and would be an inefficient use of judicial resources.

## REQUEST FOR WAIVER OF STAY PERIOD

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides: "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). The Movant requests that any order granting the Movant relief from the automatic stay be effective immediately and that the 14-day stay period under Rule 4001(a)(3) be waived, so that the parties may continue their litigation in the state court immediately.

WHEREFORE, the Movant requests entry of an order granting this Motion, providing the Movant relief from the automatic stay to pursue the Florida Litigation, and to obtain such other and further relief as may be just and proper to allow the Movant to pursue her personal injury claims against the Debtor.

**HERRERA LAW FIRM, P.A.**
P.O. Box 442968
Miami, Florida 33144
Tel: (305) 445-1100 / Fax: (305) 221-8805

*Case No.: 18-23538(rdd)*
*Chapter 11*
*(Jointly Administered)*

**E-mail: JTHerrera@Herreralawfirm.com**
**VTarajano@Herreralawfirm.com**

**By** */s/ Jose-Trelles Herrera*
**JOSE-TRELLES HERRERA, ESQ.**
**Florida Bar No.: 113685**
*Attorney for Leonora Gonzalez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the CM/ECF system on this  29th  day of May, 2020.

*/s/ Jose-Trelles Herrera*
**JOSE-TRELLES HERRERA, ESQ.**