Presentment Date and Time: June 9, 2020 at 10:00 a.m. (Eastern Time)
Objection Deadline: June 8, 2020 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :

In re                                        :        Chapter 11
                                          :

**SEARS HOLDINGS CORPORATION,** *et al.*,    :        Case No. 18-23538 (RDD)
                                          :

        Debtors.[1]                           :        (Jointly Administered)
                                          :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF THIRD STIPULATION
### AND PROPOSED ORDER REGARDING THE REPORT OF THE
### CONSUMER PRIVACY OMBUDSMAN (GLOBAL ASSET SALE TRANSACTION)

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Third Stipulation and Proposed Order Regarding the Report of the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "**Proposed Third Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **June 9, 2020 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Third Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Third Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **June 8, 2020 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Third Stipulation, a hearing (the "**Hearing**") will be held to consider the Proposed Third Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be determined.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: June 1, 2020
      New York, New York

    /s/ Sunny Singh
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh

    *Attorneys for Debtors*
    *and Debtors in Possession*

# Exhibit A

**Proposed Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:                                                            Chapter 11

**SEARS HOLDING CORPORATION, et al.,**                            Case No. 18-23538 (RDD)

      Debtors.[1]                                                    **(Jointly Administered)**
------------------------------------------------------------------------x

**THIRD STIPULATION AND**
**PROPOSED ORDER REGARDING THE REPORT OF THE**
**CONSUMER PRIVACY OMBUDSMAN (GLOBAL ASSET SALE TRANSACTION)**

---

This *Stipulation and Proposed Order Regarding the Report of the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "Stipulation"), by and among Sears Holdings Corporation ("Sears") and its debtor affiliates, as debtors and debtors-in-possession in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

captioned chapter 11 cases (collectively, the "Debtors"), Elise S. Frejka as the Consumer Privacy Ombudsman,[2] and Buyer as of this 13 day of March, 2020.

WHEREAS, on February 4, 2019, the Ombudsman filed the *(Corrected) Report of the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "**CPO Report**"), to assist the Bankruptcy Court in in its consideration of the facts, circumstances, and conditions of the proposed sale (the "**Global Asset Sale**") of substantially all of the assets of the Debtors to Buyer pursuant to the Asset Purchase Agreement dated as of January 17, 2019 (as amended from time to time);

WHEREAS, the CPO Report provided *inter alia* that "The Ombudsman proposes, and [Buyer] has agreed, to work with the Ombudsman to implement [the procedures in the CPO Report] over the next six (6) months, subject to extension" (¶ 49);

WHEREAS, on February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [ECF No. 2507] (the "**Sale Order**");

WHEREAS, on February 11, 2019, the Global Asset Sale was successfully completed;

WHEREAS, on August 20, 2019 the Ombudsman, Debtors and Buyer (the "**Parties**") filed a proposed stipulation to amend the CPO Report, and such stipulation was so ordered by the Bankruptcy Court on August 20, 2019 (ECF No. 4909) and on March 13, 2020 the Parties filed a further proposed stipulation to amend the CPO Report, and such stipulation

---

[2] All capitalized terms used but not defined in this Motion shall have the meaning set forth in the Sale Order (as defined herein).

2

was so ordered by the Bankruptcy Court on March 27, 2020 (ECF No. 7528) (the CPO Report, as amended by such stipulations, the "**Amended CPO Report**"). The Amended CPO Report provided *inter alia* that "[Buyer] shall work with the Ombudsman to implement the remaining recommendations set forth in this Report by May 29, 2020, subject to extension" (¶ 49);

WHEREAS, Buyer has made significant progress in implementing the recommendations in the Amended CPO Report, including purging credit card data not permitted to be transferred as part of the Global Asset Sale, updating its privacy policies and providing notices to consumers, de-identifying video, video game and DVD titles from transaction histories, establishing a HIPAA compliant company that can lawfully process personal health information and establishing protocols for purging data not permitted to be transferred as part of the Global Asset Sale;

WHEREAS, Buyer continues to work diligently towards implementing the remaining recommendations in the Amended CPO Report, including identifying specific data subject to litigation holds and addressing other discrete categories of data in connection with the purging of data not permitted to be transferred as part of the Global Asset Sale;

WHEREAS, the COVID-19 pandemic has resulted in unforeseen challenges including government-mandated remote working conditions, which, combined with a historic downturn in retail business, has resulted in employee furloughs including in Buyer's Marketing, Legal and IT departments affecting Buyer's ability to fully implement the Amended CPO Report by May 29, 2020;

WHEREAS, the Parties have agreed to extend the time, as contemplated under paragraph 49 of the Amended CPO Report, for implementation of the procedures in the Amended CPO Report;

3

**NOW THEREFORE**, based upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby Stipulated and Agreed, and upon Court approval it shall be ordered, as follows:

The time period during which Buyer will work with the Ombudsman to implement the remaining recommendations in the Amended CPO Report shall be extended to July 31, 2020. Therefore, paragraph 49 of the Amended CPO Report shall be amended as shown in **Exhibit 1** hereto, to read as follows:

49. The implementation of the recommendations contained in this Report will not be complete as of the date of the closing of the Global Asset Sale due to the volume of Personally Identifiable Information implicated and the multiple databases impacted. The Ombudsman proposes, and the Proposed Buyer has agreed, that notwithstanding anything to the contrary herein, the obligations in paragraphs 21, 24, 27 and 33 herein to provide notification to consumers that: (i) the Global Asset Sale has occurred, (ii) Personally Identifiable Information has been transferred to Proposed Buyer as part of the Global Asset Sale and (iii) Proposed Buyer will adhere to a privacy policy that is at least as protective of consumer privacy as the privacy policy of Debtors (clauses (i), (ii) and (iii) collectively, the "Required Notice"), may be satisfied by taking the following actions: (a) sending email notifications with the Required Notice to consumers who have opted into receiving emails and opened at least one email since March 1, 2017 from any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, (b) sending email notifications with the Required Notice to consumers who have, since March 1, 2019, transacted with any of the businesses transferred to Proposed Buyer

as part of the Global Asset Sale, to the extent email addresses for such consumers are available, (c) including the Required Notice in a notification that will appear in the online accounts of consumers who have online accounts with any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, and (d) including the Required Notice in the privacy policy for all businesses transferred to Proposed Buyer as part of the Global Asset Sale. Proposed Buyer shall work with the Ombudsman to take the actions in clauses (a), (b), (c) and (d) of this paragraph by March 31, 2020 and shall work with the Ombudsman to implement the remaining recommendations set forth in this Report by July 31, 2020, subject to extension, and file a certificate of completion with the Bankruptcy Court.

*[Remainder of Page Intentionally Left Blank.]*

|  |  |
|---|---|
| By: /s/ Elise S. Frejka<br>Elise S. Frejka CIPP/US<br>Frejka PLLC<br>*Consumer Privacy Ombudsman*<br>420 Lexington Avenue, Suite 310<br>New York, NY 10170<br>Direct Dial: (212) 641-0800<br>Direct Fax: (212) 641-0820<br>Email: Efrejka@frejka.com | WEIL, GOTSHAL & MANGES LLP<br><br>By: /s/ Sunny Singh<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>*Attorneys for Debtors*<br>*and Debtors in Possession*<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>By: /s/ Luke A. Barefoot<br>Sean A. O'Neal, Esq.<br>Luke A. Barefoot, Esq.<br>*Attorneys for Transform Holdco LLC*<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 |

Dated: _____, 2020
White Plains, New York

**SO ORDERED:**

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATED BANKRUPTCY JUDGE

## **EXHIBIT 1**

## **IMPLEMENTATION**

49.  The implementation of the recommendations contained in this Report will not be complete as of the date of the closing of the Global Asset Sale due to the volume of Personally Identifiable Information implicated and the multiple databases impacted. The Ombudsman proposes, and the Proposed Buyer has agreed, that notwithstanding anything to the contrary herein, the obligations in paragraphs 21, 24, 27 and 33 herein to provide notification to consumers that: (i) the Global Asset Sale has occurred, (ii) Personally Identifiable Information has been transferred to Proposed Buyer as part of the Global Asset Sale and (iii) Proposed Buyer will adhere to a privacy policy that is at least as protective of consumer privacy as the privacy policy of Debtors (clauses (i), (ii) and (iii) collectively, the "Required Notice"), may be satisfied by taking the following actions: (a) sending email notifications with the Required Notice to consumers who have opted into receiving emails and opened at least one email since March 1, 2017 from any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, (b) sending email notifications with the Required Notice to consumers who have, since March 1, 2019, transacted with any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, to the extent email addresses for such consumers are available, (c) including the Required Notice in a notification that will appear in the online accounts of consumers who have online accounts with any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, and (d) including the Required Notice in the privacy policy for all businesses transferred to Proposed Buyer as part of the Global Asset Sale. Proposed Buyer shall work with the Ombudsman to take the actions in clauses (a), (b), (c) and (d) of this paragraph by March 31, 2020 and shall work with the Ombudsman to implement the remaining recommendations set forth in this Report by ~~May 29,~~

~~2020~~ July 31, 2020, subject to extension, and file a certificate of completion with the Bankruptcy Court.