**Hearing Date and Time:  July 15, 2020 at 10:00 a.m. (Eastern Time)**
**Response Deadline:  June 30, 2020 at 4:00 p.m. (Eastern Time)**

---

**THIS OMNIBUS OBJECTION SEEKS TO REDUCE OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, PHIL DIDONATO, ESQ., AT (212) 310-8636.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------- x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON DEBTORS' TWENTIETH
## OMNIBUS OBJECTION TO PROOFS OF CLAIM (REDUCED/RECLASSIFIED CLAIMS)

**PLEASE TAKE NOTICE** that, on June 9, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Twentieth Omnibus Objection to Proofs of Claim (Reduced/Reclassified Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reduce and reclassify in full or in part, one or more proofs of claim listed on **Exhibit A** annexed to this Notice (the "**Proofs of Claim**" or "**Claims**"), on the ground(s) that the Debtors have no liability under such Proof of Claim or Ballot because for such Proofs of Claim or Ballot: (i) supporting documentation indicates that the invoices are non-Administrative Expense Claims; (ii) the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off; (iii) the Debtors' books and records show a shortage or volume discrepancy for the invoices provided; (iv) the Debtors' books and records show that invoices for claims for 503(b)(9) priority pertain to services not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code; (v) the invoices provided by the Claimants are not supported by the Debtors' books and records; (vi) the basis for the Disputed Claim has been paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course; (vii) supporting documentation was not provided for all or a portion of the Disputed Claim; (viii) the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**"); and (ix) the claim pertains to employee related claim and is non-Administrative Expense Claim.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the disallowance and expungement of its applicable Claim(s) as listed on **Exhibit A** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the disallowance and expungement of its applicable Claim(s) as listed on **Exhibit A** annexed hereto, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **June 30, 2020, at 4:00 p.m.  (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-

in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim or Ballot; (iii) a concise statement setting forth the reasons why the Claim or Ballot should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim or Ballot on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **July 15, 2020 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Claim(s), then the Hearing on the Objection with respect to such Claim(s) will be held at a later date. If the Debtors do not continue the Hearing with respect to such Claim(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection with respect to the Claims listed on <u>Exhibit A</u> hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed as <u>Exhibit B</u> to the Objection, which order may be entered without further notice or opportunity to be heard.

    **PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Claims listed on **<u>Exhibit A</u>**, the Debtors retain the right to object on other grounds to the Claim(s) (or to any other Claim(s) Claimant may have filed) at a later date.  Claimant will receive a separate notice of any such objection(s).

    **PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

    **PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.  **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated:  June 9, 2020
   New York, New York

        */s/ Garrett A. Fail*
        Ray C. Schrock, P.C.
        Jacqueline Marcus
        Garrett A. Fail
        Sunny Singh
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York  10153
        Telephone:  (212) 310-8000
        Facsimile:  (212) 310-8007

        *Attorneys for Debtors*
        *and Debtors in Possession*

## Exhibit A

**Disputed Claims**

Debtors' Twentieth Omnibus Objection
Exhibit 1

18-23538-shl    Doc 8019    Filed 06/09/20    Entered 06/09/20 19:31:14    Main Document
Pg 6 of 24

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

**Reduced and Reclassified Claims [1]**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [2] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Associated Materials, LLC | 16603; 17582 | 182353801039955 | Asserted | $829,743.14 | | | | $795,973.18 | $1,625,716.32 | (ii)(v)(vii) |
| | | | | Surviving | $224,473.58 | | | | $423,625.58 | $648,099.16 | |
| 2. | Bedz King LLC | * | 182353801043280 | Asserted | $4,215.87 | | | | | $4,215.87 | (v) |
| | | | | Surviving | $0.00 | | | | $4,215.87 | $4,215.87 | |
| 3. | Brother International Corporation | 13892 | 182353801014110 | Asserted | $6,195.00 | | | | $141,975.00 | $148,170.00 | (vi) |
| | | | | Surviving | $0.00 | | | | $148,170.00 | $148,170.00 | |
| 4. | CAPARACHIN LAWRENCE, ROSA | 11752 | 182353801042401 | Asserted | $1,294.65 | | | | | $1,294.65 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 5. | Electrolux Home Products, Inc. | 16215; 16441; 16544; 16879; 17501 | 182353801042162 | Asserted | $172,169.44 | $1,424,703.43 | | | $17,427,041.16 | $19,023,914.03 | (ii)(v) |
| | | | | Surviving | $0.00 | $0.00 | | | $17,427,041.16 | $17,427,041.16 | |
| 6. | E T BROWNE DRUG CO INC | 9971 | 182353801015840 | Asserted | $20,228.34 | | | | $39,326.88 | $59,555.22 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 7. | FANTASIA ACCESSORIES LTD | 11138 | 182353801016492 | Asserted | $43,007.75 | | | | $177,675.63 | $220,683.38 | (ii)(iii) |
| | | | | Surviving | $28,974.91 | | | | $177,675.63 | $206,650.54 | |
| 8. | First Alert, Inc. | 14850; 15094; 15151; 15540; 15614; 15865 | 182353801042293 | Asserted | $114,836.16 | | | | $333,402.57 | $448,238.73 | (vii) |
| | | | | Surviving | $19,018.74 | | | | $123,402.19 | $142,420.93 | |
| 9. | GAINES, KANDI | * | 182353801040227 | Asserted | $20,000.00 | | | | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 10. | HASSAN, TONY M. | 14421 | 182353801042991 | Asserted | $2,100.00 | | | | | $2,100.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 11. | KING, ELAINE S | 11279 | 182353801017650 | Asserted | $1,800.00 | | | | | $1,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 12. | MCCOWAN, BETTY | * | 182353801043403 | Asserted | $5,000.00 | | | | | $5,000.00 | (v) |
| | | | | Surviving | $0.00 | | | | $5,000.00 | $5,000.00 | |
| 13. | MELTON, KORY | * | 182353801041721 | Asserted | $800.00 | | | | | $800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 14. | Moran, Amanda | 18869 | 182353801041784 | Asserted | $9,845.00 | | | $2,850.00 | | $12,695.00 | (v) |
| | | | | Surviving | $0.00 | | | $2,850.00 | $9,845.00 | $12,695.00 | |
| 15. | NYL Holdings LLC | 3051 | 182353801042004 | Asserted | $9,248.40 | | | | | $9,248.40 | (vii) |
| | | | | Surviving | $0.00 | | | | $9,248.40 | $9,248.40 | |
| 16. | PERRY, DEWANDA L. | 4151 | 182353801040584 | Asserted | $2,400.00 | | | $2,400.00 | | $4,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | $2,400.00 | | $2,400.00 | |
| 17. | ROBINSON, JERRY L | 19101 | 182353801041629 | Asserted | $10,000.00 | | | $10,000.00 | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | SCOTT, LOUIS L | * | 182353801042196 | Asserted | Unliquidated | | | | | Unliquidated | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 19. | STANDARD CONTAINER CO | * | 182353801018962 | Asserted | $28,117.30 | | | | | $28,117.30 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 20. | Tempur Sealy International, Inc | 13224 | 182353801040793 | Asserted | $2,398,655.12 | | | | | $2,398,655.12 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 21. | Toma, Jean | * | 182353801018962 | Asserted | $1,298.00 | | | $12.98 | | $1,310.98 | (v) |
| | | | | Surviving | $0.00 | | | $12.98 | $1,298.00 | $1,310.98 | |
| 22. | WARD, LAWRENCE O. | 18157 | 182353801040989 | Asserted | $34,820.00 | | | | | $34,820.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |

* Amount asserted to be disallowed subject to the Bar Date Order (as defined in the Objection)

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Corresponding reasons, as addressed in paragraph 9 of the Objection, are as follows
   (i) Supporting documentation indicates that the invoices are non-Administrative Expense Claims;
   (ii) The Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;
   (iii) The Debtors' books and records show a shortage or volume discrepancy for the invoices provided;
   (iv) The Debtors' books and records show that invoices for claims for 503(b)(9) priority pertain to services not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;
   (v) The invoices provided by the Claimants are not supported by the Debtors' books and records;
   (vi) Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course
   (vii) Supporting documentation was not provided for all or a portion of the Disputed Claim; and
   (viii) The Disputed Claim was filed after the applicable date set forth in the Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, entered on February 22, 2019 (ECF No. 2676) (the "Bar Date Order")
   (ix) The claim pertains to employee related claim and is non-Administrative Expense Claim

## **Exhibit B**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

In re                                           :          **Chapter 11**
                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*,       :          **Case No. 18-23538 (RDD)**
                                                :
          **Debtors.**[1]                       :          **(Jointly Administered)**

--------------------------------------------------------- x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

          The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## Claims Hearing Procedures

1.        Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.        The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.     The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.     The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(i)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(ii)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.     Discovery with respect to a Contested Claim will not be permitted until either:  (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.     The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.     **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## DEBTORS' TWENTIETH OMNIBUS OBJECTION
## TO PROOFS OF CLAIM (REDUCED/RECLASSIFIED CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

> **THIS OMNIBUS OBJECTION SEEKS TO REDUCE OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**
>
> **IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DEBTORS' COUNSEL, PHIL DIDONATO, ESQ., AT (212) 310-8636.**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

<u>**Background**</u>

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement* Among *Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors'*

*Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.      On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370).

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.      This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order reducing or reclassifying certain proofs of claim listed on **Exhibit A** annexed hereto (collectively the "**Disputed Claims**") in the amounts set forth on **Exhibit A**.

9.      The Debtors have examined each Disputed Claim, all documentation provided with respect to each Disputed Claim, and the Debtors' respective books and records, and have determined in each case the Disputed Claim assert administrative or priority claims against the Debtors for which the Debtors have no liability, in whole or in part. Each of the Disputed Claims should be reduced or

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

reclassified in accordance with Exhibit A on one or more of the following bases: (i) supporting documentation indicates that the invoices are non-Administrative Expense Claims; (ii) the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off; (iii) the Debtors' books and records show a shortage or volume discrepancy for the invoices provided; (iv) the Debtors' books and records show that invoices for claims for 503(b)(9) priority pertain to services not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code; (v) the invoices provided by the Claimants are not supported by the Debtors' books and records; (vi) the basis for the Disputed Claim has been paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course; (vii) supporting documentation was not provided for all or a portion of the Disputed Claim; (viii) the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**"); and (ix) the claim pertains to employee related claim and is non-Administrative Expense Claim.

10.     The Debtors, therefore, request that the Disputed Claims be reduced or reclassified to the extent set forth on Exhibit A. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

## The Disputed Claims Should Be Reduced or Reclassified

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09

4

Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

13.    In addition, a Claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

14.    As set forth above, certain of the Disputed Claims seek recovery for amounts for which the Debtors are not liable.  Additionally, certain other of the Disputed Claims improperly assert that such Disputed Claims are entitled to administrative expense priority under section 503(b) of the Bankruptcy Code.  Such claims are routinely reduced and/or reclassified when unsupported or as appropriate. *See, e.g. In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same).  Further, this Bankruptcy Court

routinely disallows and expunges claims for which no supporting documentation has been submitted by the claimant. *See, e.g., In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Apr. 11, 2017) (ECF No. 1164) (disallowing and expunging claims without sufficient documentation); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Apr. 21, 2016) (ECF No. 478) (same); *see* Bar Date Order at 6(d) ("Proofs of Claim must… include supporting documentation…").

15.     The Debtors have reviewed the Disputed Claims, all documents furnished by the claimants with respect to the Disputed Claims, and the Debtors' books and records, and have determined that each Disputed Claim, asserts a claim for which the Debtors have no corresponding liability.

16.     Therefore, the Debtors are not liable for the Disputed Claims. To ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the Debtors' estates, the Debtors request that the Court reduce or reclassify the Disputed Claims as set forth in Exhibit A.

### **Reservation of Rights**

17.     The Debtors hereby reserve the right to object in the future to any of the Proofs of Claim subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

### **Notice**

18.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as is just.


Dated: June 9, 2020
        New York, New York

                                   */s/ Garrett A. Fail*
                                   Ray C. Schrock, P.C.
                                   Jacqueline Marcus
                                   Garrett A. Fail
                                   Sunny Singh
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York  10153
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007

                                   *Attorneys for Debtors*
                                   *and Debtors in Possession*

**<u>Exhibit A</u>**

**Disputed Claims**

Debtors' Twentieth Omnibus Objection
Exhibit 1

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

**Reduced and Reclassified Claims [1]**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [2] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Associated Materials, LLC | 16603; 17582 | 182353801039955 | Asserted | $829,743.14 | | | | $795,973.18 | $1,625,716.32 | (ii)(v)(vii) |
| | | | | Surviving | $224,623.58 | | | | $423,625.58 | $648,099.16 | |
| 2. | Bedz King LLC | * | 182353801043280 | Asserted | $4,215.87 | | | | | $4,215.87 | (v) |
| | | | | Surviving | $0.00 | | | | $4,215.87 | $4,215.87 | |
| 3. | Brother International Corporation | 13892 | 182353801014110 | Asserted | $6,195.00 | | | | $141,975.00 | $148,170.00 | (vi) |
| | | | | Surviving | $0.00 | | | | $148,170.00 | $148,170.00 | |
| 4. | CAPARACHIN LAWRENCE, ROSA | 11752 | 182353801042401 | Asserted | $1,294.65 | | | | | $1,294.65 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 5. | Electrolux Home Products, Inc. | 16215; 16441; 16544; 16879; 17501 | 182353801042162 | Asserted | $172,169.44 | $1,424,703.43 | | | $17,427,041.16 | $19,023,914.03 | (ii)(v) |
| | | | | Surviving | $0.00 | $0.00 | | | $17,427,041.16 | $17,427,041.16 | |
| 6. | E T BROWNE DRUG CO INC | 9971 | 182353801015840 | Asserted | $20,228.34 | | | | $39,326.88 | $59,555.22 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 7. | FANTASIA ACCESSORIES LTD | 11138 | 182353801016492 | Asserted | $43,007.75 | | | | $177,675.63 | $220,683.38 | (ii)(iii) |
| | | | | Surviving | $28,974.91 | | | | $177,675.63 | $206,650.54 | |
| 8. | First Alert, Inc. | 14850; 15094; 15151; 15540; 15614; 15865 | 182353801042293 | Asserted | $114,836.16 | | | | $333,402.57 | $448,238.73 | (vii) |
| | | | | Surviving | $19,018.74 | | | | $123,402.19 | $142,420.93 | |
| 9. | GAINES, KANDI | * | 182353801040227 | Asserted | $20,000.00 | | | | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 10. | HASSAN, TONY M. | 14421 | 182353801042991 | Asserted | $2,100.00 | | | | | $2,100.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 11. | KING, ELAINE S | 11279 | 182353801017650 | Asserted | $1,800.00 | | | | | $1,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 12. | MCCOWAN, BETTY | * | 182353801043403 | Asserted | $5,000.00 | | | | | $5,000.00 | (v) |
| | | | | Surviving | $0.00 | | | | $5,000.00 | $5,000.00 | |
| 13. | MELTON, KORY | * | 182353801041721 | Asserted | $800.00 | | | | | $800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 14. | Moran, Amanda | 18869 | 182353801041784 | Asserted | $9,845.00 | | | $2,850.00 | | $12,695.00 | (v) |
| | | | | Surviving | $0.00 | | | $2,850.00 | $9,845.00 | $12,695.00 | |
| 15. | NYL Holdings LLC | 3051 | 182353801042040 | Asserted | $9,248.40 | | | | | $9,248.40 | (vii) |
| | | | | Surviving | $0.00 | | | | $9,248.40 | $9,248.40 | |
| 16. | PERRY, DEWANDA L. | 4151 | 182353801040584 | Asserted | $2,400.00 | | | $2,400.00 | | $4,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | $2,400.00 | | $2,400.00 | |
| 17. | ROBINSON, JERRY L | 19101 | 182353801041629 | Asserted | $10,000.00 | | | $10,000.00 | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | SCOTT, LOUIS L | * | 182353801042196 | Asserted | Unliquidated | | | | | Unliquidated | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 19. | STANDARD CONTAINER CO | * | 182353801018962 | Asserted | $28,117.30 | | | | | $28,117.30 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 20. | Tempur Sealy International, Inc | 13224 | 182353801040793 | Asserted | $2,398,655.12 | | | | | $2,398,655.12 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 21. | Toma, Jean | * | 182353801018962 | Asserted | $1,298.00 | | | $12.98 | | $1,310.98 | (v) |
| | | | | Surviving | $0.00 | | | $12.98 | $1,298.00 | $1,310.98 | |
| 22. | WARD, LAWRENCE O. | 18157 | 182353801040989 | Asserted | $34,820.00 | | | | | $34,820.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |

* Amount asserted to be disallowed subject to the Bar Date Order (as defined in the Objection)

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Corresponding reasons, as addressed in paragraph 9 of the Objection, are as follows

  (i) Supporting documentation indicates that the invoices are non-Administrative Expense Claims;

  (ii) The Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;

  (iii) The Debtors' books and records show a shortage or volume discrepancy for the invoices provided;

  (iv) The Debtors' books and records show that invoices for claims for 503(b)(9) priority pertain to services not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;

  (v) The invoices provided by the Claimants are not supported by the Debtors' books and records;

  (vi) Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course

  (vii) Supporting documentation was not provided for all or a portion of the Disputed Claim; and

  (viii) The Disputed Claim was filed after the applicable date set forth in the Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, entered on February 22, 2019 (ECF No. 2676) (the "Bar Date Order")

  (ix) The claim pertains to employee related claim and is non-Administrative Expense Claim

## **Exhibit B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                  :        **Chapter 11**
                                       :
**SEARS HOLDINGS CORPORATION,** *et al.,*  :        **Case No. 18-23538 (RDD)**
                                       :
        **Debtors.**[1]                :        **(Jointly Administered)**
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (REDUCED/RECLASSIFIED CLAIMS)

Upon the *Debtors' Twentieth Omnibus Objection to Proofs of Claim (Reduced/Reclassified Claims)*, filed June 9, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reducing and reclassifying the Disputed Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to them in the Objection.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief

requested in the Objection having been provided, and it appearing that no other or further notice need be

provided in accordance with the Amended Case Management Order; and such notice having been adequate

and appropriate under the circumstances, and it appearing that other or further notice need be provided;

and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on

[_____], 2020 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings

had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual

bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests

of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and

sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each

proof of claim or ballot listed on **Exhibit 1** (collectively the "**Disputed Claims**") is reduced or reclassified

in the amounts set forth on Exhibit 1, in the rows labeled "Surviving."

3.      Each Claim that lists $0.00 as the "Surviving" claim under the column "*Total

Claim*" shall be disallowed and expunged in its entirety.

4.      This Order shall not be deemed to waive, impair, release, or effect on any claims,

causes of action the Debtors may hold against the Claimants, including but not limited to, claims under

chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be

expressly preserved.

5.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of

this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this

Order.

6.      The terms and conditions of this Order are effective immediately upon entry.


Dated:    _____, 2020
          White Plains, New York


                              _____
                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Disputed Claims**

Debtors' Twentieth Omnibus Objection
Exhibit 1

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

**Reduced and Reclassified Claims [1]**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [2] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Associated Materials, LLC | 16603; 17582 | 182353801039955 | Asserted | $829,743.14 | | | | $795,973.18 | $1,625,716.32 | (ii)(v)(vii) |
| | | | | Surviving | $224,625.58 | | | | $423,625.58 | $648,099.16 | |
| 2. | Bedz King LLC | * | 182353801043280 | Asserted | $4,215.87 | | | | | $4,215.87 | (v) |
| | | | | Surviving | $0.00 | | | | $4,215.87 | $4,215.87 | |
| 3. | Brother International Corporation | 13892 | 182353801014110 | Asserted | $6,195.00 | | | | $141,975.00 | $148,170.00 | (vi) |
| | | | | Surviving | $0.00 | | | | $148,170.00 | $148,170.00 | |
| 4. | CAPARACHIN LAWRENCE, ROSA | 11752 | 182353801042401 | Asserted | $1,294.65 | | | | | $1,294.65 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 5. | Electrolux Home Products, Inc. | 16215; 16441; 16544; 16879; 17501 | 182353801042162 | Asserted | $172,169.44 | $1,424,703.43 | | | $17,427,041.16 | $19,023,914.03 | (ii)(v) |
| | | | | Surviving | $0.00 | $0.00 | | | $17,427,041.16 | $17,427,041.16 | |
| 6. | E T BROWNE DRUG CO INC | 9971 | 182353801015840 | Asserted | $20,228.34 | | | | $39,326.88 | $59,555.22 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 7. | FANTASIA ACCESSORIES LTD | 11138 | 182353801016492 | Asserted | $43,007.75 | | | | $177,675.63 | $220,683.38 | (ii)(iii) |
| | | | | Surviving | $28,974.91 | | | | $177,675.63 | $206,650.54 | |
| 8. | First Alert, Inc. | 14850; 15094; 15151; 15540; 15614; 15865 | 182353801042293 | Asserted | $114,836.16 | | | | $333,402.57 | $448,238.73 | (vii) |
| | | | | Surviving | $19,018.74 | | | | $123,402.19 | $142,420.93 | |
| 9. | GAINES, KANDI | * | 182353801040227 | Asserted | $20,000.00 | | | | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 10. | HASSAN, TONY M. | 14421 | 182353801042991 | Asserted | $2,100.00 | | | | | $2,100.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 11. | KING, ELAINE S | 11279 | 182353801017650 | Asserted | $1,800.00 | | | | | $1,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 12. | MCCOWAN, BETTY | * | 182353801043403 | Asserted | $5,000.00 | | | | | $5,000.00 | (v) |
| | | | | Surviving | $0.00 | | | | $5,000.00 | $5,000.00 | |
| 13. | MELTON, KORY | * | 182353801041721 | Asserted | $800.00 | | | | | $800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 14. | Moran, Amanda | 18869 | 182353801041784 | Asserted | $9,845.00 | | | $2,850.00 | | $12,695.00 | (v) |
| | | | | Surviving | $0.00 | | | $2,850.00 | $9,845.00 | $12,695.00 | |
| 15. | NYL Holdings LLC | 3051 | 182353801042040 | Asserted | $9,248.40 | | | | | $9,248.40 | (vii) |
| | | | | Surviving | $0.00 | | | | $9,248.40 | $9,248.40 | |
| 16. | PERRY, DEWANDA L. | 4151 | 182353801040584 | Asserted | $2,400.00 | | | $2,400.00 | | $4,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | $2,400.00 | | $2,400.00 | |
| 17. | ROBINSON, JERRY L | 19101 | 182353801041629 | Asserted | $10,000.00 | | | $10,000.00 | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | SCOTT, LOUIS L | * | 182353801042196 | Asserted | Unliquidated | | | | | Unliquidated | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 19. | STANDARD CONTAINER CO | * | 182353801018962 | Asserted | $28,117.30 | | | | | $28,117.30 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 20. | Tempur Sealy International, Inc | 13224 | 182353801040793 | Asserted | $2,398,655.12 | | | | | $2,398,655.12 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 21. | Toma, Jean | * | 182353801018962 | Asserted | $1,298.00 | | | $12.98 | | $1,310.98 | (v) |
| | | | | Surviving | $0.00 | | | $12.98 | $1,298.00 | $1,310.98 | |
| 22. | WARD, LAWRENCE O. | 18157 | 182353801040989 | Asserted | $34,820.00 | | | | | $34,820.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |

* Amount asserted to be disallowed subject to the Bar Date Order (as defined in the Objection)

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Corresponding reasons, as addressed in paragraph 9 of the Objection, are as follows
   (i) Supporting documentation indicates that the invoices are non-Administrative Expense Claims;
   (ii) The Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;
   (iii) The Debtors' books and records show a shortage or volume discrepancy for the invoices provided;
   (iv) The Debtors' books and records show that invoices for claims for 503(b)(9) priority pertain to services not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;
   (v) The invoices provided by the Claimants are not supported by the Debtors' books and records;
   (vi) Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course
   (vii) Supporting documentation was not provided for all or a portion of the Disputed Claim; and
   (viii) The Disputed Claim was filed after the applicable date set forth in the Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, entered on February 22, 2019 (ECF No. 2676) (the "Bar Date Order")
   (ix) The claim pertains to employee related claim and is non-Administrative Expense Claim