**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDING CORPORATION,** *et al.*, | **Case No. 18-23538 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

-----------------------------------------------------------------------x

## THIRD STIPULATION AND ORDER REGARDING THE REPORT OF THE CONSUMER PRIVACY OMBUDSMAN (GLOBAL ASSET SALE TRANSACTION)

This *Stipulation and Order Regarding the Report of the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "**Stipulation**"), by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

chapter 11 cases (collectively, the "**Debtors**"), Elise S. Frejka as the Consumer Privacy

Ombudsman,[2] and Buyer as of this 13th day of March, 2020.

WHEREAS, on February 4, 2019, the Ombudsman filed the *(Corrected) Report of*

*the Consumer Privacy Ombudsman (Global Asset Sale Transaction)* (the "**CPO Report**"), to assist

the Bankruptcy Court in in its consideration of the facts, circumstances, and conditions of the

proposed sale (the "**Global Asset Sale**") of substantially all of the assets of the Debtors to Buyer

pursuant to the Asset Purchase Agreement dated as of January 17, 2019 (as amended from time to

time);

WHEREAS, the CPO Report provided *inter alia* that "The Ombudsman proposes,

and [Buyer] has agreed, to work with the Ombudsman to implement [the procedures in the CPO

Report] over the next six (6) months, subject to extension" (¶ 49);

WHEREAS, on February 8, 2019, the Bankruptcy Court entered the *Order*

*(I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale*

*of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances,*

*(III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in*

*Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**");

WHEREAS, on February 11, 2019, the Global Asset Sale was successfully

completed;

WHEREAS, on August 20, 2019 the Ombudsman, Debtors and Buyer (the

"**Parties**") filed a proposed stipulation to amend the CPO Report, and such stipulation was so

ordered by the Bankruptcy Court on August 20, 2019 (ECF No. 4909) and on March 13, 2020

the Parties filed a further proposed stipulation to amend the CPO Report, and such stipulation

---

[2] All capitalized terms used but not defined in this Motion shall have the meaning set forth in the Sale Order (as defined herein).

was so ordered by the Bankruptcy Court on March 27, 2020 (ECF No. 7528)  (the CPO Report, as amended by such stipulations, the "**Amended CPO Report**").  The Amended CPO Report provided *inter alia* that "[Buyer] shall work with the Ombudsman to implement the remaining recommendations set forth in this Report by May 29, 2020, subject to extension" (¶ 49);

WHEREAS, Buyer has made significant progress in implementing the recommendations in the Amended CPO Report, including purging credit card data not permitted to be transferred as part of the Global Asset Sale, updating its privacy policies and providing notices to consumers, de-identifying video, video game and DVD titles from transaction histories, establishing a HIPAA compliant company that can lawfully process personal health information and establishing protocols for purging data not permitted to be transferred as part of the Global Asset Sale;

WHEREAS, Buyer continues to work diligently towards implementing the remaining recommendations in the Amended CPO Report, including identifying specific data subject to litigation holds and addressing other discrete categories of data in connection with the purging of data not permitted to be transferred as part of the Global Asset Sale;

WHEREAS, the COVID-19 pandemic has resulted in unforeseen challenges including government-mandated remote working conditions, which, combined with a historic downturn in retail business, has resulted in employee furloughs including in Buyer's Marketing, Legal and IT departments affecting Buyer's ability to fully implement the Amended CPO Report by May 29, 2020;

WHEREAS, the Parties have agreed to extend the time, as contemplated under paragraph 49 of the Amended CPO Report, for implementation of the procedures in the Amended CPO Report;

3

NOW THEREFORE, based upon the foregoing recitals, which are incorporated

as though fully set forth herein, it is hereby Stipulated and Agreed, and upon Court approval it

shall be ordered, as follows:

The time period during which Buyer will work with the Ombudsman to

implement the remaining recommendations in the Amended CPO Report shall be

extended to July 31, 2020.  Therefore, paragraph 49 of the Amended CPO Report shall be

amended as shown in **Exhibit 1** hereto, to read as follows:

49.    The implementation of the recommendations contained in this Report will not be

complete as of the date of the closing of the Global Asset Sale due to the volume

of Personally Identifiable Information implicated and the multiple databases

impacted. The Ombudsman proposes, and the Proposed Buyer has agreed, that

notwithstanding anything to the contrary herein, the obligations in paragraphs 21,

24, 27 and 33 herein to provide notification to consumers that: (i) the Global Asset

Sale has occurred, (ii) Personally Identifiable Information has been transferred to

Proposed Buyer as part of the Global Asset Sale and (iii) Proposed Buyer will

adhere to a privacy policy that is at least as protective of consumer privacy as the

privacy policy of Debtors (clauses (i), (ii) and (iii) collectively, the "Required

Notice"), may be satisfied by taking the following actions: (a) sending email

notifications with the Required Notice to consumers who have opted into receiving

emails and opened at least one email since March 1, 2017 from any of the

businesses transferred to Proposed Buyer as part of the Global Asset Sale, (b)

sending email notifications with the Required Notice to consumers who have, since

March 1, 2019, transacted with any of the businesses transferred to Proposed Buyer

4

as part of the Global Asset Sale, to the extent email addresses for such consumers are available, (c) including the Required Notice in a notification that will appear in the online accounts of consumers who have online accounts with any of the businesses transferred to Proposed Buyer as part of the Global Asset Sale, and (d) including the Required Notice in the privacy policy for all businesses transferred to Proposed Buyer as part of the Global Asset Sale. Proposed Buyer shall work with the Ombudsman to take the actions in clauses (a), (b), (c) and (d) of this paragraph by March 31, 2020 and shall work with the Ombudsman to implement the remaining recommendations set forth in this Report by July 31, 2020, subject to extension, and file a certificate of completion with the Bankruptcy Court.

*[Remainder of Page Intentionally Left Blank.]*

WEIL, GOTSHAL & MANGES LLP

By:  /s/  Elise S. Frejka _____
    Elise S. Frejka CIPP/US
    Frejka PLLC
    *Consumer Privacy Ombudsman*
    420 Lexington Avenue – Suite
    310
    New York, NY 10170
    Direct Dial:  (212) 641-0800
    Direct Fax:  (212) 641-0820
    Email:  Efrejka@frejka.com

By:  /s/  Sunny Singh _____
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    *Attorneys for  Debtors and Debtors in*
    *Possession*
    767 Fifth Avenue
    New York, NY  10153
    Telephone:  (212) 310-8000
    Facsimile: (212) 310-8007

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/  Luke A. Barefoot _____

    Sean A. O'Neal, Esq.
    Luke A. Barefoot, Esq.
    *Attorneys for Transform Holdco LLC*
    One Liberty Plaza
    New York, NY 10006
    Telephone: (212) 225-2000
    Facsimile: (212) 225-3999

**SO ORDERED:**

*/s/Robert D. Drain* _____
THE HONORABLE ROBERT D. DRAIN
UNITED STATED BANKRUPTCY JUDGE

Dated:  June 9, 2020
      White Plains, New York