WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                   :
                                                            :    **Case No. 18-23538 (RDD)**
                                                            :
            Debtors.[1]                                     :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### DEBTORS' LIMITED OBJECTION TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 108(c) *NUNC PRO TUNC* TO THE PETITION DATE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**Sears**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this limited objection to the *Motion for an Order Pursuant to 11 U.S.C. § 108(c) Nunc Pro Tunc to the Petition Date* (ECF No. 7910) (the "**Motion**"), filed on behalf of Santa Rosa Mall, LLC ("**Santa Rosa**").

### Preliminary Statement

1.  The Debtors submit this limited objection to note that the Motion asks for relief not provided for under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**")—a preemptory ruling from this Court relating to unidentified statute(s) of limitations regarding defenses that may or may not be asserted under a section of the Bankruptcy Code that does not provide for affirmative relief. The Debtors at this juncture take no position on whether sections 108(c) or 105(a) would apply to any as-of-now undisclosed statute(s) of limitations, nor do they need to. The Debtors will reserve such a position for when a live case or controversy exists.

### Background

2.  The Debtors will not recount here the prolific history of Santa Rosa in these chapter 11 cases. Such history has been recited many times, most recently in *Debtors' Objection to Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof* (ECF No. 7211) (the "**Third Lift Stay Objection**"). To limit the time and expense incurred in responding to this Motion, the Debtors hereby incorporate by reference the Third Lift Stay Objection.

2

3. On April 23, 2020 (the "**Hearing**") the Court held a hearing on the *Motion for an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof* (ECF No. 6317), the Third Lift Stay Objection, and the *Memorandum of Law on Puerto Rico's Insurance Law In Compliance with Court Order* (ECF No. 7531). At the conclusion of the Hearing, the Court denied Santa Rosa's motion. *See Order Denying Motion of Santa Rosa Mall, LLC for Relief from the Automatic Stay* (ECF No. 7881) (the "**Order Denying Relief from Stay**"); *In re Sears Holdings Corporation*, Case No. 18-23538 (RDD), Hr'g. Tr. at 134: 18-22 (Bankr. S.D.N.Y. Apr. 23, 2020) (the "**Apr. 23 Tr.**").[2]

4. At the Hearing, Santa Rosa requested a tolling of the statute of limitations, through either a stay pending appeal or a retroactive tolling of applicable statute(s) of limitations. Apr. 23 Tr. at 132: 12-16; 133: 4-11. The Court informed Santa Rosa that it should brief the issue should it want to seek relief. Apr. 23 Hr'g Tr. at 133: 12-16. The Motion ensued.

### The Motion Should Be Denied

5. As a preliminary matter, the Motion should be denied for failing to state, at a minimum, which statute(s) of limitations Santa Rosa is seeking to toll under section 108(c). Section 108(c) only applies to statutes of limitations that are running as of the petition date. *See Putnam Cty. Sav. Bank v. Bagen (In re Bagen)*, 185 B.R. 691, 697-98 (Bankr. S.D.N.Y. 1995) (citing *In re Tyler*, 166 B.R. 21, 26 (Bankr. W.D.N.Y. 1994)) ("section 108(c) only tolls statutes of limitation running at the time the bankruptcy petition was filed."). Santa Rosa fails to assert what statute(s) of limitations it seeks to toll, whether they were running as of the petition date, or

---

[2] Santa Rosa has since appealed the Order Denying Relief from Stay, *see Notice of Appeal* (ECF No. 7952), but has not moved for a stay pending appeal.

3

whether they will expire imminently. This Court should not grant the relief requested in the Motion without, at a minimum, a sufficient showing that there are relevant statute(s) of limitations set to expire and a harm that will be suffered if the Court does not enter an order at this time interpreting section 108(c).

6. The Motion is also procedurally improper and premature, as section 108(c) does not serve as a basis for affirmative relief, either on its own or in tandem with 105(a),[3] but rather provides for the automatic extension of nonbankruptcy statutes of limitations in certain circumstances. Santa Rosa has not cited any cases in which a Court has affirmatively provided an order confirming the applicability of section 108(c) to an as-of-yet unfiled case or controversy. Each relevant case cited by Santa Rosa involves the use of section 108(c) to rebut a statute of limitations or other time bar argument in front of the court in which a ripe case or controversy was pending. *See Shamus Holdings, LLC v. LBM Fin., LLC (In re Shamus Holdings, LLC)*, 642 F.3d 263, 266-67 (1st Cir. 2011) (discussing section 108(c)'s applicability in the context of an adversary proceeding launched by debtor to discharge a mortgage); *Spirtos v. Moreno (In re Spirtos)*, 221 F.3d 1079, 1080-81 (9th Cir. 2000) (applying section 108(c) in response to a debtor's objection alleging that a claim based on a medical malpractice judgment had lapsed during pendency of the bankruptcy); *LBM Fin., LLC v. 201 Forest St., LLC (In re 201 Forest St., LLC)*, 422 B.R. 888, 895 (B.A.P. 1st Cir. 2010) (applying section 108(c) in response to debtor's motion seeking a discharge of a mortgage after state obsolete mortgage statute period expired during pendency of bankruptcy); *Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 295 (5th Cir. 1995) (discussing section 108(c) in

---

[3] Section 105(a) cannot expand the Court's power to grant relief not otherwise provided for under the Bankruptcy Code. *See, e.g., New Eng. Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91-92 (2d Cir. 2003) ("This Court has long recognized that Section 105(a) limits the bankruptcy court's equitable powers, which must and can only be exercised within the confines of the Bankruptcy Code.") (internal quotation marks omitted).

response to district court plaintiff's argument that the statute of limitations had not run on his suit); *Morton v. Nat'l Bank of N.Y.C. (In re Morton)*, 866 F.2d 561, 566-67 (2d Cir. 1989) (holding that section 108(c) applied to the ten-year period governing judgment liens under New York law in response to debtor's motion to avoid judgment lien); *Valley Transit Mix of Ruidoso, Inc. v. Miller*, 928 F.2d 354, 355-56 (10th Cir. 1991) (holding that section 108(c) prevented party from foreclosing on mechanics lien when statute of limitations defense was raised in summary judgment motion); *Fisher Sand & Gravel Co. v. Western Sur. Co.*, Case No. CV 09–727, 2009 WL 4099768, at *2 n.2 (D.N.M. Oct. 20 2009) (discussing section 108(c) in context of motion to dismiss alleging that the suit was time-barred due to one-year statute of limitations in payment bond agreement). As these cases demonstrate, section 108(c) is not an affirmative relief provision, but rather a self-executing Bankruptcy Code provision that can be asserted by Santa Rosa when and if a statute of limitations defense is asserted against it.

7. A ruling that section 108(c) applies to extend a statute of limitations requires a live controversy before a court. Given that there is no pending proceeding against either Aon,[4] which Santa Rosa has not sued despite already being granted relief from the stay to do so, or the Underwriters,[5] as to which relief from the stay has not been granted, the relief requested by Santa Rosa is not ripe for adjudication. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998). The statute of limitations "is an affirmative defense which will be waived if not raised," and whether a statute of limitations applies depends on "the facts as

---

[4] "**Aon**" means collectively, Aon UK Limited, Aon Risk Services Central, Inc. d/b/a Aon Risk Insurance Services Central, Inc., Aon Benefield Puerto Rico, and/or Aon Property Risk Consulting, Inc.

[5] "**Underwriters**" means collectively, Lex-London, a Division of AIG Europe Limited, AIG Europe Limited, Lexington UK, and the other insurers that are parties to the *Confidential Settlement and Release Agreement* dated January 17, 2019.

alleged [and] the theory of plaintiff's case." *Md. Nat'l Bank v. Busy Beaver Bldg. Ctrs., Inc. (In re Busy Beaver Bldg. Ctrs., Inc.)*, 127 B.R. 343, 345 (Bankr. W.D. Pa. 1991). This Court does not have a statute of limitations defense before it, and until such a defense is raised in response to a particular cause of action and applied set of facts, a ruling that section 108(c) would apply is not ripe for decision. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 127 B.R. at 345 (declining to rule on a declaratory judgment action seeking a judgment that the applicable statute of limitations on a prospective, unfiled fraudulent conveyance action had run, and stating that such a ruling "would be advisory in nature and constitutionally prohibited"); *Davis v. Vanguard Home Care, LLC*, Case No. 16-CV-7277, 2016 WL 7049069, at *2 (N.D. Ill. Dec. 5, 2016) (denying motion to equitably toll the statute of limitations for potential class members in FLSA putative collection action prior to conditional certification of the class as "unripe and . . . an improper advisory opinion" due to the many contingencies that may render such a decision unnecessary).

8.   Even if the Court were to consider the relief requested in the Motion, Santa Rosa's request for *nunc pro tunc* relief suggests that the effect of section 108(c) is to toll the statute of limitations, which is contrary to Second Circuit precedent. In the Motion, Santa Rosa notes a split among circuits regarding whether section 108(c) serves as an independent basis for tolling a statute of limitations during the pendency of a bankruptcy or whether it merely extends a statute of limitations until thirty days after notice of termination of the automatic stay, to the extent a statute of limitations had not fully run as of the petition date. *See* Motion at ¶¶ 14-16. There is some disagreement among courts in other circuits. *See, e.g.*, *Rogers v. Corrosion Prods., Inc.*, 42 F.3d at 296-97 (discussing the "potential split" of authority on this issue). But several of the cases cited by Santa Rosa only extend relevant statutes of limitations until thirty days after termination of the automatic stay. *See In re Spirtos*, 221 F.3d at 1080-81 ("Under section 108(c), then, the

6

limitations period does not expire until 30 days after the end of the automatic stay."); *In re 201 Forest St., LLC*, 422 B.R. at 895 ("We hold that LCM's right to commence a civil action in enforcement of the mortgage remains viable until 30 days after the termination or expiration of the automatic stay, pursuant to § 108(c)."). Further, and more importantly, it has been settled law in the Second Circuit since at least 1993 that "[section 108(c)] only calls for applicable time deadlines to be extended for 30 days after notice of the termination of a bankruptcy stay" and not for the independent tolling of any statute of limitations. *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993). As such, there is no need to grant relief *nunc pro tunc*, because there is no tolling of any period.

9. In conclusion, Santa Rosa is asking for relief that is simply not provided for under sections 108(c) and 105(a), and is doing so without even a basic showing that it will suffer harm as a result of expiration of any relevant statute(s) of limitations. Section 108(c) does not provide for affirmative relief and it does not toll relevant statute(s) of limitations. The relief sought in the Motion, and the corresponding ruling on the applicability of section 108(c), should be reserved for the proper court at the proper time.

WHEREFORE the Debtors respectfully request that the Motion be denied.

Dated: June 10, 2020
   New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*