**Hearing Date and Time: June 17, 2020, at 10:00 a.m. (Eastern Time)**

FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Counsel for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**REPLY TO *DEBTORS' LIMITED OBJECTION TO MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. § 108(c) NUNC PRO TUNC TO THE PETITION DATE***
(Related Docket Nos. 7910, 8021)

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("Santa Rosa"), by and through its undersigned counsel, submits this reply to *Debtors' Limited Objection to the Motion for an Order Pursuant to 11 U.S.C. § 108(c) Nunc Pro Tunc to the Petition Date* (the "*Objection*", Docket No. 8021), and in support thereof respectfully states and prays as follows:

Background

1.      At the hearing held on April 23, 2020, the Court denied the *Motion for [] an Order Finding the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay and Memorandum in Support Thereof* (the "*Motion for Relief from Stay*", Docket No. 6317). Because the court found in favor of the application of the automatic stay preventing Santa Rosa from exerting causes of actions against non-debtor Underwriters[1] (not the Debtors), the undersigned counsel requested the Court toll any applicable

---

[1] "Underwriters" means collectively, Lex-London, a Division of AIG Europe Limited, AIG Europe Limited, Lexington UK, among others.

non-bankruptcy statute(s) of limitations to preserve Santa Rosa's rights on appeal. The Court requested Santa Rosa brief it on the applicability of Section 108(c). See April 23, 2020 Hr'g. Tr., 133:21-22.

2.  On May 5, 2020, Santa Rosa filed the *Motion for an Order Pursuant to 11 U.S.C. § 108(c) Nunc Pro Tunc to the Petition Date* (the "*Motion*", Docket No. 7910), and properly noticed the appropriate third-party Underwriters in compliance with this Court's directive on May 6, 2020. See *Certificate of Service*, Docket No, 7926.

3.  On June 11, 2020, the Debtors filed their *Objection* (Docket No. 8021) and requested the *Motion* be denied for failing to state which statute(s) of limitations Santa Rosa seeks to toll under Section 108(c) of the Bankruptcy Code.

### The Motion Should be Granted

4.  As a preliminary matter, the *Motion*—and the relief requested therein, which in no way harms or otherwise impacts the Debtors in any way, shape, or form—was filed to comply with this Court's request and preserve Santa Rosa's rights on appeal. Notably, the *Motion* has only been objected to by the Debtors. The Underwriters, despite being put on notice as to Santa Rosa's claims prior to the Petition Date, and throughout the pendency of Debtors' bankruptcy case, have neither contested nor objected to the relief requested by Santa Rosa.

5.  Santa Rosa has pursed its rights diligently but has been precluded from asserting its claims against the Underwriters by the automatic stay of Section 362(a) of the Bankruptcy Code. If this Court has determined that the "[Settlement Agreement], [] would be covered under [Section] 362(a)"[2], thereby further precluding Santa Rosa from asserting its claims against said Underwriters in regards thereto, it is only equitable that this Court acknowledge that Section 108(c) of the Bankruptcy Code is applicable to actions arising from or related to such proceeds and enter an order tolling the applicable statute(s) of limitation periods which may have been running as of the Petition Date.

---

[2] See April 23, 2020 Hr'g. Tr., 133-134:21-22.

6.      Section 108(c) provides, in pertinent part, that "if applicable nonbankruptcy law … fixes a period for commencing … a civil action … **against the debtor**, … **and such period has not expired before the [Petition Date]** … <u>such period does not expire</u> until the later of (1) the end of such period, including any suspension of such period occurring on or after the [Petition Date]; or (2) 30 days after notice of the termination or expiration of the stay under section 362 …" 11 U.S.C. § 108(c).

7.      Section 108(c) applies to all civil claims against a debtor that are stayed from commencing or continuing by Section 362(a) of the Bankruptcy Code. Actions against non-debtor third-parties, such as the Underwriters, that are stayed by Section 362(a) of the Bankruptcy Code are also subject to the tolling provisions of Section 108(c). See <u>Valley Transit Mix of Ruidoso, Inc. v. Miller</u>, 928 F.2d 354 (10th Cir. 1991).

8.      In their *Objection*, the Debtors request the *Motion* be "denied for failing to state, at a minimum, which statute(s) of limitations Santa Rosa is seeking to toll under section 108(c)." *Objection*, ¶ 5. The Debtors do not cite any authority in support of their concern. Notwithstanding, and while Section 108(c) plainly applies to all civil claims and Santa Rosa went to great lengths to disclose which claims it intends to file against the Underwriters in its *Memorandum of Law on Puerto Rico's Insurance Law in Compliance with Court Order* (the "*Memorandum*", Docket No. 7531), and at the April 23, 2020, hearing, it nevertheless hereby discloses those statute(s) of limitations it seeks this Court toll in accordance with Sections 108(c) and 105 of the Bankruptcy Code and applicable case law in an effort to appease the Debtors and provide this Court with greater clarity. The statute(s) of limitations sought to be tolled may include, but are not limited to, the following:

| **Statutory Cause of Action** | **Applicable Statute(s) of Limitations[3]** |
|---|---|
| Art. 20.030 of the PR Insurance Code, 26 L.P.R.A. § 2003 (direct action) | 1-year statutory period applies "from the time the aggrieved person had knowledge thereof." Art. 1868 of the PR Civil Code, 31 L.P.R.A. § 5298. |
| Art. 11.190 of the PR Insurance Code, 26 L.P.R.A. § 1119, as amended by Act No. 242-2018 (direct action) | 1-year statutory period applies "from the date of occurrence of the event resulting in the loss". Certified Translation of 26 L.P.R.A. § 1119(1)(c), Docket No. 7531-1. |

---

[3] The Contract of Insurance does not impose a period by which an action is to be filed, consequently, the 15-year statutory period of the PR Civil Code is applicable.

-3-

| | |
|---|---|
| Art. 1209 of the PR Civil Code, 31 L.P.R.A. § 3374 (direct action) | 1-year statutory period applies "from the time the aggrieved person had knowledge thereof." Art. 1868 of the PR Civil Code, 31 L.P.R.A. § 5298. |
| Art. 1802 of the PR Civil Code, 31 L.P.R.A. § 5141 (ordinary tort law) | 1-year statutory period applies "from the time the aggrieved person had knowledge thereof." Art. 1868 of the PR Civil Code, 31 L.P.R.A. § 5298. |
| Art. 1116 of the PR Civil Code, 31 L.P.R.A. § 3166 (improper payment doctrine) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1044 of the PR Civil Code, 31 L.P.R.A. § 2994 (obligations arising from contracts) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1053, 31 L.P.R.A. § 3017 (default; demand of creditor) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1054 of the PR Civil Code, 31 L.P.R.A. § 3018 (*ex contractu* action) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1059 of the PR Civil Code, 31 L.P.R.A. § 3023 (indemnity for losses and damages) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1060 of the PR Civil Code, 31 L.P.R.A. § 3024 (losses and damages for which debtor liable) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1061 of the PR Civil Code, 31 L.P.R.A. §3025 (interest as indemnity for nonpayment of money) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |
| Art. 1062 of the PR Civil Code, 31 L.P.R.A. § 3026 (legal interest on interest due; commercial transactions) | 15-year statutory period applies. See Art. 1864 of the PR Civil Code, 31 L.P.R.A. § 5294. |

9. Santa Rosa may suffer a distinct, direct and cognizable injury if this Court does not enter an order at this time to toll the running of the statutory limitation periods of the above and any other potential non-bankruptcy causes of action against the Underwriters.

10. Both the PR Civil and Insurance Codes contain ample provisions for the tolling of the statute(s) of limitation to any claim to be filed by Santa Rosa against the Underwriters. By way of example, under Art. 1873 of the PR Civil Code, the running of an action "is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor". 31 L.P.R.A. § 5303 (official translation). By the same token, Art. 11.190(4)-(5) of the PR Insurance Code, which incorporates the aforcited Art. 1873, cited above, tolls the running of the statute(s) of limitations for purposes of a direct action by a property owner to recover damages under an insurance policy through either "a notice of claim to the insurance company or its authorized representative or its authorized general agent

-4-

[which] constitutes an extrajudicial claim [and] tolls the statute of limitations" and/or "acceptance of a notice of insurance claim by the insurance company or its authorized representative or its authorized general agent [which] constitutes acknowledgment [and] tolls the statute of limitations". Certified Translation of 26 L.P.R.A. §§ 1119(4), (5), Docket No. 7531-1. The statute(s) of limitations "to file a claim or seek protection from the court or from an administrative process, imposed by an insurance policy," are also "subject to being interrupted by extrajudicial notification, in accordance with [Art. 1873 of the PR Civil Code, 31 L.P.R.A. § 5303]." Id. at § 1119(6). Each of the statute(s) of limitations periods herein disclosed, which have been running as of the Petition Date, have been repeatedly tolled in accordance with Art. 1873 of the PR Civil Code, 31 L.P.R.A. § 5303, and/or as mandated by Art. 11.190 of the PR Insurance Code, 26 L.P.R.A. § 1119.

11.   In addition to the forgoing, the doctrine of equitable tolling stops the running of a statute of limitations where a party has pursued its rights diligently "but some extraordinary circumstance prevents [such party] from meeting a deadline". See Morales-Melecio v. United States, 190 F.Supp.3d 249, 258 (D.P.R. 2016) ("equitable tolling … halts the running of the clock in cases where the clock has started. Importantly, equitable tolling may be invoked only when the extraordinary circumstances remain in effect at the time of a deadline, or close enough, that they prevent the plaintiff 'from meeting [that] deadline.'") (internal quotations and citations omitted); Young v. U.S., 1042, 535 U.S. 43, 52 (2002) (noting that equitable tolling "might be appropriate" in situations where the claimant has actively pursued judicial remedies and, while analyzing Section 108(c), that "[i]t would be quite reasonable for Congress to instruct nonbankruptcy courts [] to toll nonbankruptcy limitations periods [] while [] assuming that bankruptcy courts will use their inherent equitable powers to toll the federal limitations periods within the Code").

12.   Santa Rosa has pursued its rights diligently. The only reason it has not initiated legal action against the Underwriters is because of the Debtors' strong opposition and this Honorable Court's order declining to grant relief from the automatic stay against the Underwriters. To initiate an action against the Underwriters without an order from this or an appellate court denying the extension of and/or granting relief from the automatic stay may potentially expose Santa Rosa to a recovery action of actual and punitive

damages, including attorneys' fees and costs. See 11 U.S.C. § 362(k). These are the extraordinary circumstances which have compelled Santa Rosa to request this Court toll applicable statute(s) of limitation periods which may have been running as of the Petition Date and appeal the denial of the *Motion for Relief from Stay* (Docket No. 6317).

13. In its *Objection*, the Debtors further argue that "section 108(c) is not an affirmative relief provision, but rather a self-executing Bankruptcy Code provision that can be asserted by Santa Rosa when and if a statute of limitations defense is asserted against it" and that "[a] ruling that section 108(c) applies to extend a statute of limitations requires a live controversy before a court. Given that there is no pending proceeding against … the Underwriters, … the relief requested … is not ripe for adjudication." *Objection*, ¶¶ 6, 7. Even if Section 108(c) is self-executory, judicial interpretation regarding its applicability on actions stayed against a non-debtor third party by the automatic stay is unclear. Moreover, whether Section 108 is applicable hinges only on "whether the creditor was prohibited from taking action to enforce its rights" under Section 362(a). LBM Fin., LLC v. 201 Forest St., LLC (In re 201 Forest St., LLC), 422 B.R. 888, 895 (B.A.P. 1st Cir. 2010). That is precisely the issue before this Court.

14. Lastly, the Debtors argue that Santa Rosa's *nunc pro tunc* request "suggests that the effect of section 108(c) is to toll the statute of limitations, which is contrary to Second Circuit precedent… [and] only calls for applicable time deadlines to be extended for 30 days after notice of the termination of a bankruptcy stay". *Objection*, ¶ 8. By requesting relief *nunc pro tunc* to the Petition Date, Santa Rosa only seeks this Court recognize and toll all applicable statute(s) of limitations as mandated by Section 108(c), which calls for the tolling of a statutory limitation period until the later of the end of such period or 30 days after notice of the termination or expiration of the stay, no less and no more.

15. The *Motion* should be granted to preserve Santa Rosa's right to pursue non-bankruptcy causes of action against the Underwriters in harmony with Congress' purpose in enacting Section 108(c).

16. The relief requested herein is made in good faith and for good cause.

<u>Prayer for Relief</u>

WHEREFORE, Santa Rosa respectfully moves the Court to deny the Debtors' *Objection* and enter an order tolling any applicable nonbankruptcy statute of limitations *nunc pro tunc* to the petition date, and grant any other relief that is fair and equitable.

Respectfully submitted.
Dated: June 15, 2020

**Ferraiuoli** LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001

/s/Sonia E. Colón Colón
Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
NY State Bar No. 929147
USDC-PR No. 224205
gchico@ferraiuoli.com