**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER DENYING SANTA ROSA MALL, LLC'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 108(c) *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the *Motion for an Order Pursuant to 11 U.S.C. § 108(c) Nunc Pro Tunc to the Petition Date* filed on May 5, 2020 [Dkt. No. 7910] (the "Motion") of by Santa Rosa Mall, LLC ("Santa Rosa"), requesting entry of an order tolling applicable non-bankruptcy statute(s) of limitations *nunc pro tunc* to the petition date pursuant to 11 U.S.C. §§ 108(c) and 105; and upon the Debtors' objection to the *Motion*, dated June 10, 2020 [Dkt. No. 8021 (the "*Debtors' Objection*"); and upon Santa Rosa's reply to *Debtors' Objection* [Dkt. No. 8026] (the "*Reply*"); and the Court having jurisdiction to decide the *Motion* and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on June 17, 2020 (the "Hearing"); and after due deliberation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the Motion should be denied as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1. The *Motion, Debtors' Objection* and *Reply* were duly service on all necessary parties in interest.

2. The Court finds that the relief requested in the *Motion* is not ripe for adjudication for justiciability purposes, and, thus, the *Motion* is denied.

3. The denial of the *Motion* is without prejudice to Santa Rosa's right to seek a determination by this or another court with jurisdiction, and subject to section 362(a) of the Bankruptcy Code, regarding the applicability of the tolling provisions of sections 108(c) and 105 of the Bankruptcy Code to any non-bankruptcy causes of action that may be filed against the Underwriters and are stayed by section 362(a) of the Bankruptcy Code.

4. The denial of the *Motion* is without prejudice to Santa Rosa's right to assert in this or another court with jurisdiction, and subject to section 362(a) of the Bankruptcy Code, that the tolling provisions of sections 108(c) and 105 of the Bankruptcy Code are applicable to any non-bankruptcy causes of action that may be filed against the Underwriters and are stayed by section 362(a) of the Bankruptcy Code.

5. Subject to the other provisions of this Order, all rights of Santa Rosa regarding the applicability of the tolling provisions of Sections 108(c) and 105 of the Bankruptcy Code are preserved.

6. Santa Rosa has demonstrated diligence in filing the *Motion* to preserve its rights.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 29, 2020
      White Plains, New York      */s/Robert D. Drain*
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE