**Hearing: July 15, 2020 at 10:00 a.m.**
**Response Deadline: June 30, 2020 at 4:00 p.m.**

Christopher J. Major, Esq.
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Email: cjm@msf-law.com

*Attorneys for Royal Consumer Products, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

### ROYAL CONSUMER PRODUCTS, LLC'S OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIMS (DUPLICATE CLAIMS) (ECF 8017)

Royal Consumer Products, LLC ("RCP" or "Claimant"), by its undersigned counsel, respectfully submits this objection and reservation of rights (the "Response) to Debtors' Nineteenth Omnibus Objection to Proofs of Claim (Duplicate Claims) ECF 8017 (the" Objection), and in opposition, RCP states as follows:

### BACKGROUND

1.      On or about October 15, 2018 (the "Petition Date"), Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2.      The Debtors are debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On or about January 15, 2012, Kmart Corporation, Sears, Roebuck and Co. and all other subsidiaries of Sears Holdings Corporation and Kmart Corporation (collectively "Debtors") and RCP entered into the Scan-Based Trading and Consignment Agreement as modified and supplemented by the Scan-Based Trading and Consignment Agreement Rider dated as of May 8, 2012 (collectively the "Agreement").

4.      Importantly for Debtors' Objection and RCP's Response, the Agreement was between "Kmart Corporation (together with its subsidiaries 'Kmart'), Sears Roebuck and Co. (together with its subsidiaries 'Sears') and all other subsidiaries of Sears Holdings Corporation (jointly, 'Company'), 3333 Beverly Road, Hoffman Estates, IL 60179 and Royal Consumer Products LLC, 108 Main Street, Norwalk, CT 06851 signing this Agreement as Vendor below."

5.      Pursuant to the terms of the Agreement, RCP delivers poster board, foam board and project board products and similar merchandise to Debtors on consignment for resale to retail consumers.  Debtors offer RCP's merchandise for sale to Debtors' customers. Under the Agreement, Debtors are required to pay RCP net proceeds from the sale of RCP's merchandise thirty (30) days from the date the merchandise is scanned by Debtors at their cash registers.

6.      Under the Agreement, RCP was granted a perfected security interest in its inventory delivered to Debtors and the accounts receivable generated from any sale of RCP's consignment merchandise sold by Debtors.  RCP and Debtors further agreed that RCP could file financing statements, any amendments and other appropriate Uniform Commercial Code forms and/or other documents reflecting Vendor's consigning the merchandise and proceeds. On or about December 16, 2014, Claimant filed a UCC Financial Statement ("UCC-1").

7.      The form proof claim as adapted by Debtors for this case listed the Debtors by name and required claimants to check the box of the Debtor against which the claim was being asserted.  The form specifically instructed claimants: "Select only one Debtor per claim form."  Because the Agreement was between RCP and multiple Debtors, and because Debtors prohibited claimants like RCP from filing a single proof of claim against multiple Debtors, RCP filed two proofs of claims.

8.      On or about April 9, 2019, RCP filed proof of claim no. 15027, which asserts a secured claim against Kmart Corporation in the amount of $69,903.77 (the "Kmart Claim").  A true and correct copy of the Kmart Claim and its Exhibits, including the Agreement and UCC-1, is attached hereto as **Exhibit 1.**

9.      On or about April 9, 2019, RCP filed proof of claim no. 15063, which asserts a secured claim against Sears Holdings Corporation in the amount of $69,903.77 (the "Sears Claim").  A true and correct copy of the Sears Claim and its Exhibits, including the Agreement and UCC-1, is attached hereto as **Exhibit 2.**

10.     On June 9, 2020, Debtors filed their Objection.  Debtors seek to expunge the Kmart Claim, with the Sears Holdings Claim remaining unaffected.  Debtors provide no explanation as to how or why they selected the Kmart Claim as the duplicative proof of claim.

11.     Debtors have not filed any objection against the Sears Holdings Claim, and the Objection at issue – duplicate proofs of claim – is the only objection Debtors have asserted against the Kmart Claim.

## **OPPOSITION TO DEBTORS' OBJECTION**

12.     The Court should overrule Debtors' for the following reasons.

13.     Debtors' Objection contains no explanation as to why Debtors maintain that RCP's proofs of claim are duplicative.  In fact, they are not.

14.     RCP filed the Kmart Claim and the Sears Holdings Claim against different Debtors.  The Kmart Claim and the Sears Holdings Claim are therefore, by definition, not duplicative.

15.     RCP is entitled to maintain claims against both Kmart Corporation and Sears Holdings Corporation because both of those Debtors are parties to and obligors under the Agreement.

16.     In addition, Debtors should be required to state whether it will assert any objection to the Sears Holdings Claim and any further objection to the Kmart Claim before the Court adjudicates Debtors' Objection and this Response.

17.     Assuming, *arguendo*, that any of RCP's claims are to be expunged as duplicative, RCP should be entitled to select which claim is to be expunged, not Debtors.  However, RCP maintains that because both Kmart Corporation and Sears Holdings Corporation are liable to RCP, both the Kmart Claim and Sears Holdings Claim should stand.

## <u>RESERVATION OF RIGHTS</u>

18.     RCP reserves all of its rights and remedies under the Agreement, its security interest, and its rights pursuant to the UCC-1.

19.     RCP reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Limited Objection, to seek discovery, and to raise additional objections during or prior to or during the hearing.

20.     RCP further reserves its rights, without limitation, (a) to have final orders entered only after *de novo* review by a District Court Judge, (b) to trial by jury in any

proceeding so triable in these Cases or any case, controversy or proceeding related to these Cases, (c) to have the District court withdraw the reference in any matter subject to mandatory or discretionary withdrawal or (d) to any other rights, claims, actions, setoffs or recoupments to which RCP is or may be entitled, in law or in equity.

## CONCLUSION

WHEREFORE, RCP respectfully requests that the Court overrule Debtors' objection in its entirety insofar as it concerns RCP's Proofs of Claim, and RCP otherwise reserves all of its rights and remedies under the Agreement, at law, or in equity.

Dated: New York, New York
         June 29, 2020

Respectfully submitted,

ROYAL CONSUMER PRODUCTS, LLC

By: /s/ Christopher J. Major
        Christopher J. Major, Esq.

**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Email: cjm@msf-law.com

## Certification of Service

I hereby certify that on June 29, 2020 I caused a copy of the within Royal Consumer Products LLC's Objection and Reservation of Rights in Response to Debtors' Nineteenth Omnibus Objection (Duplicate Claims) to be served on all parties in-interest via the Court's CM/ECF System.  Parties may access this filing through the Court's CM/ECF System.

By: /s/ Christopher J. Major
        Christopher J. Major