**Hearing Date: July 15, 2020 at 10:00 a.m. (ET)**
**Objection Deadline: June 30, 2020 at 4:00 p.m. (ET)**

JENNER & BLOCK LLP
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 923-2989
vlazar@jenner.com

Marc B. Hankin
919 Third Avenue
New York, NY 10022
Tel: (212) 891-1647
mhankin@jenner.com

*Counsel for Electrolux Home Products, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.* | No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RESPONSE OF ELECTROLUX HOME PRODUCTS, INC. TO DEBTORS'
TWENTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM
(REDUCED/RECLASSIFIED CLAIMS)**

Electrolux Home Products, Inc. (together, with its affiliates, "**Electrolux**"), by and through its undersigned counsel, submits this response (the "**Response**") to the *Debtors' Twentieth Omnibus Objection to Proofs of Claim (Reduced/Reclassified Claims)* [Dkt. 8019] (the "**Objection**"). In support of this Response, Electrolux states:

## BACKGROUND

1. On October 15, 2018 (the "**Petition Date**"), the majority of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2] The Debtors remain in possession of their properties and continue to operate their businesses as debtors in possession. No trustee or examiner has been appointed in these cases.

2. Prior to the Petition Date, Debtors Sears, Roebuck and Co. and Kmart Corporation, on the one hand, and Electrolux Major Appliances North America, a division of Electrolux Home Products, Inc., on the other, entered into an Alliance Agreement For Home Appliances dated as of May 22, 2008 (as subsequently amended, the "**Alliance Agreement**"). The Alliance Agreement served as the master contract governing Electrolux's relationship with the Debtors as a supplier of various home appliances.

3. On February 8, 2019, the Court entered an order approving the sale of certain of the Debtors' assets under section 363 of the Bankruptcy Code to Transform Holdco LLC ("**Transform Holdco**"). *See* Dkt. 2507. In connection with this sale, the Debtors assumed and

---

[2] Debtors SHC Licensed Business LLC, SHC Promotions LLC, and SRe Holding Corporation filed their chapter 11 petitions on October 18, 2018, October 22, 2018, and January 7, 2019, respectively.

2

assigned certain of their executory contracts and unexpired leases. However, the Alliance Agreement was not among the executory contracts designated for assumption and assignment as part of the sale.

4.  On April 10, 2019, Electrolux filed the following proofs of claim in these chapter 11 cases (the "**Claims**") for merchandise, parts and related services provided to the Debtors under the Alliance Agreement:[3]

| Claim No. | Debtor Entity | Total Claim Amount | 503(b)(9) Amount | Postpetition Amount |
|---|---|---|---|---|
| 16207 | Kmart Corporation | $82,615.86 | $0.00 | $0.00 |
| 16215 | Sears, Roebuck de Puerto Rico, Inc. | $424,497.84 | $0.00 | $5,026.67 |
| 16441 | Florida Builder Appliances, Inc. | $114,419.00 | $0.00 | $2,863.00 |
| 16544 | California Builder Appliances, Inc. | $241,212.00 | $31,836.00 | $23,328.00 |
| 16879 | Sears, Roebuck & Co. | $18,243,229.86 | $140,333.44 | $1,387,903.76 |
| 17501 | StarWest, LLC | $5,582.00 | $0.00 | $5,582.00 |

5.  As Electrolux explained in the rider attached to each Claim, the invoices underlying each Claim are organized in three groups: (1) invoices relating to shipments of merchandise received by the applicable Debtor prior to September 25, 2018 (the "**Prepetition Invoices**"); (2) invoices relating to shipments of merchandise received by the applicable Debtor between September 26, 2018 and October 15, 2018 (the "**503(b)(9) Invoices**"); and (3) invoices relating to shipments of merchandise that Electrolux believes were received by the applicable Debtor on or after October 15, 2018 (the "**Postpetition Invoices**").

6.  In support of its Claims, Electrolux attached schedules listing the Prepetition Invoices and 503(b)(9) Invoices, as applicable. Electrolux indicated in the riders to the Claims that "copies of the invoices . . . and related documents, such as bills of lading, are not attached to

---

[3] Electrolux filed additional proofs of claim for merchandise, parts and related services provided to the Debtors under the Alliance Agreement, which claims were sold and assigned to third parties. Those claims have been allowed and are not the subject of the Objection, and therefore are not addressed herein.

3

this Claim because they are voluminous. Upon request, Electrolux will provide copies of those documents to the Debtors." *See, e.g.,* Rider to Claim No. 16879 at ¶ 3 n.3.

7. The Postpetition Invoices relate to merchandise shipped to the Debtors from overseas destinations. Because Electrolux does not have documentation establishing in all cases the precise date on which the Debtors received the merchandise underlying the Postpetition Invoices, Electrolux included the Postpetition Invoices in its calculation of the section 503(b)(9) claim amount listed on page 3 of each proof of claim form out of an abundance of caution, and explained that "[w]hile Electrolux intends to assert an administrative expense claim for such Merchandise, it includes this amount as part of its Claim solely for the purpose of preserving its rights under section 503(b)(9) of the Bankruptcy Code in the event such Merchandise was received prior to the Petition Date." *See, e.g.,* Rider to Claim No. 16879 at ¶ 4.

8. On June 19, 2019, the Court entered an order approving the Debtors' rejection of, *inter alia*, the Alliance Agreement. *See* Dkt. 4289.

9. On October 15, 2019, the Court entered an order approving the Debtors' second amended joint chapter 11 plan, under which any executory contracts "not previously rejected, assumed, or assumed and assigned [were] deemed automatically rejected" on the effective date. *See* Dkt. 5370.

10. On June 9, 2020, the Debtors filed the Objection, in which they seek disallowance of all of Electrolux's claims based on the 503(b)(9) Invoices and Postpetition Invoices (the Debtors do not contest the prepetition, non-priority portions of the Claims). As the basis for disallowance of the priority portion of Electrolux's Claims, the Debtors assert that (1) "[t]he Debtors' books and records show outstanding unclaimed credits against which the Debtors are entitled to set off[;]" and (2) "the invoices provided by the Claimants are not supported by the Debtors' books and records."

4

11.     These summary conclusions are not sufficient to reduce Electrolux's Claims. A proof of claim that comports with the requirements of Bankruptcy Rule 3001 constitutes *prima facie* evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f). "An objecting party must provide 'substantial evidence' to rebut the *prima facie* presumption of validity of a proof of claim." *In re Enron Creditors' Recovery Corp.*, 2007 WL 2480531, at *3 (Bankr. S.D.N.Y. Aug. 27, 2007); *accord In re Cross Island Plaza, Inc.*, 2015 WL 4610382, at *13 (Bankr. E.D.N.Y. July 30, 2015); *Matter of Michaelek*, 1991 WL 222063, at *3 (W.D.N.Y. Oct. 22, 1991).

12.     Electrolux satisfied Bankruptcy Rule 3001 by attaching a list of the voluminous applicable Prepetition Invoices and 503(b)(9) Invoices to the Claims. *See, e.g., In re Minbatiwalla*, 424 B.R. 104, 115 (Bankr. S.D.N.Y. 2010) ("[A] creditor could establish a *prima facie* case through the use of summaries so long as the creditor makes the underlying documents available for examination at a reasonable time and place." (internal quotations omitted)); *accord In re Irons*, 343 B.R. 32, 40 (Bankr. N.D.N.Y. 2006) ("Requiring transactional data for every transaction that the creditor has included within their claim could become so voluminous as to burden the parties involved. In such an instance, courts have allowed summaries of the writings that created the debt."); *see also* Fed. R. Evid. 1006 ("The contents of voluminous writings . . . may be presented in the form of a . . . summary. . . . The originals, or duplicates, shall be made available for examination . . . at a reasonable time and place.").

13.     The Debtors apparently concede the *prima facie* validity of Electrolux's Claims, as they did not include as a basis for disputing them that "[s]upporting documentation was not provided for all or a portion of the Disputed Claim" (an argument the Debtors made with respect to other claims challenged in the Objection). Nor have the Debtors asked Electrolux for copies of the Prepetition Invoices, 503(b)(9) Invoices, or Assignment Agreement—presumably because

5

they already have a copy of all of those materials. The *prima facie* validity of Electrolux's Claims is therefore not in dispute. *See Minbatiwalla*, 424 B.R. at 115; *Irons*, 343 B.R. at 40.

14. Aside from the generic assertion that the Claims are not supported by the Debtors' books and records, the Debtors' Objection provides no basis to doubt the validity of the 503(b)(9) Invoices—let alone the "substantial evidence" required by Bankruptcy Rule 3001(f). *See Enron*, 2007 WL 2480531 at *3 ("Debtors attempt to rebut this prima facie validity by stating that neither [of their] books and records reveal a debt due and owing to [the claimant]. The court finds this does not constitute 'substantial evidence' sufficient to rebut the prima facie validity of [the claim].").

15. The Objection also contains no description or evidentiary support for any purported credits owed by Electrolux against which the Debtors are entitled to set off. It is not clear whether the Debtors are referring to purported credits that arose in connection with prepetition or postpetition shipments. To the extent they relate to postpetition shipments, Transform Holdco has taken the position in negotiations with Electrolux that it is entitled to any such credits. Until it is conclusively determined whether any such credits were sold to Transform Holdco, Electrolux faces the prospect of duplicative liability. The Debtors therefore should not be permitted to use any credits based on postpetition shipments as a basis to reduce Electrolux's Claims unless they can definitively establish that any such credits were not sold to Transform Holdco.

16. Moreover, even as to prepetition shipments, the Debtors cannot take advantage of credits purportedly owed by Electrolux under the Alliance Agreement which they rejected, and under which the Debtors still owe Electrolux tens of millions of dollars *See* Dkt. 4289.

17. Bankruptcy courts routinely deny attempts by debtors to enforce rights under contracts they have rejected. *See, e.g., In re WorldCom, Inc.*, 2007 WL 2049723 (S.D.N.Y. July 13, 2007) ("Bankruptcy law does not allow a debtor to reject a contract but still maintain its

6

benefits." (internal quotations omitted)); *Sullivan v. Mathew*, 2015 WL 1509794, at *8 (N.D. Ill. March 30, 2015) ("[The debtor] rejected the contract and cannot now enforce it."); *Custom Coated Components, Inc. v. Benteler Automotive Corp.*, 2006 WL 1653166, at *6 (W.D. Mich. June 9, 2006) (same); *In re United Assocs. of Delaware, L.P.*, 140 B.R. 368, 372 (Bankr. D. Del.1992) ("Bankruptcy law does not allow a debtor to reject a contract but still maintain its benefits. The debtor must either reject the contract in full, or assume it in full.").

18.    Indeed, rejection of an executory contract constitutes a breach. *See* 11 U.S.C. § 365(g); *Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S.Ct. 1652, 1661 (2019). And under general contract law principles—including under Illinois law, which governs the Alliance Agreement[4]—"a party who materially breaches a contract cannot take advantage of the terms of the contract which benefit him, nor can he recover damages from the other party to the contract." *Goldstein v. Lustig*, 154 Ill. App. 3d 595, 599, 507 N.E.2d 164, 168 (1987); *accord Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, 361 F. Supp. 2d 283, 291 (S.D.N.Y.2005) ("A fundamental principle of contract law provides that the material breach of a contract by one party discharges the contractual obligations of the nonbreaching party"); *Gomez v. MLB Enterprises, Corp.*, 2018 WL 3019102, at *13 (S.D.N.Y. June 5, 2018) ("Defendants materially breached the arbitration agreements and cannot, now, selectively enforce them against Plaintiffs."); *Onex Food Servs., Inc. v. Grieser*, 1996 WL 103975, at *5 (S.D.N.Y. Mar. 11, 1996) ("It is clear that one who breaches a contract may not seek to enforce other provisions of that contract to his or her benefit.").

---

[4] Paragraph 21.C of the Alliance Agreement provides that the "substantive law of the State of Illinois, applicable to contracts entered into and wholly to be performed in Illinois by Illinois residents, without reference to any principles concerning conflict of law, will govern the validity of this Agreement, the construction of its terms and the interpretation of the rights, duties and remedies of the parties hereunder."

7

19. For all of these reasons, the Court should overrule with prejudice the Debtors' Objection as it relates to the 503(b)(9) Invoices.

20. With respect to the Postpetition Invoices, the Debtors continue to be the only parties with knowledge of and access to information concerning precisely when the Debtors received the underlying shipments. Electrolux will request this information through discovery and, to the extent any merchandise was delivered postpetition, Electrolux is entitled to be paid for the post-petition deliveries as an administrative expense. For any deliveries made pre-petition, the shipping delivery records will almost certainly show that Electrolux will be entitled to a claim under section 503(b)(9). Thus, in either case Electrolux is entitled to an administrative expense claim with respect to the Postpetition Invoices.

Dated: June 30, 2020

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Vincent E. Lazar
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 923-2989
vlazar@jenner.com

Marc B. Hankin
919 Third Avenue
New York, NY 10022
(212) 891-1647
mhankin@jenner.com

*Counsel for Electrolux Home Products, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify, pursuant to 28 U.S.C. §1746, that on June 30, 2020, I caused a true and correct copy of the foregoing Response to be sent to all parties receiving service via ECF and also by First Class U.S. mail on the parties listed below.

/s/ Vincent E. Lazar

Hon. Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Office of the United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Paul Schwartzberg, Esq.

Weil, Gotshal, & Manges LLP
767 Fifth Avenue,
New York, New York 10153
Attn: Ray C. Schrock, Esq.
Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Sunny Singh, Esq.
*Attorneys for the Debtors*

Akin Gump Strauss Hauer & Feld LLP,
One Bryant Park
New York, New York 10036
Attn: Philip C. Dublin, Esq.
Ira Dizengoff, Esq.
Sara Lynne Brauner, Esq.
*Attorneys for the Official Committee of Unsecured Creditors*