WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------- x

**CERTIFICATE OF NO OBJECTION
PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' NINETEENTH
OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE CLAIMS)**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management

procedures set forth in the *Amended Order Implementing Certain Notice and Case Management*

*Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management**

**Order**"), the undersigned hereby certifies as follows:

1.      On June 9, 2020, Sears Holdings Corporation and certain of its affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), filed the *Debtors' Nineteenth Omnibus Objection to Claims (Duplicate Claims)*

(ECF No. 8017) (the "**Omnibus Objection**").

2.      In accordance with the Amended Case Management Order, the Debtors

established a deadline for parties to file responses to the Omnibus Objection (the "**Response**

**Deadline**").  The Response Deadline was set for June 30, 2020, at 4:00 p.m. (Prevailing Eastern

Time).  The Amended Case Management Order provides that pleadings may be granted without a

hearing, provided that no objections or other responsive pleadings have been filed on, or prior to,

the relevant response deadline and the attorney for the entity who filed the pleading complies with

the relevant procedural and notice requirements.

3.      The Response Deadline has now passed and, to the best of my knowledge,

with respect to the claims identified on **Exhibit 1** to the proposed order granting the relief requested

in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as

**Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the

above-referenced cases in accordance with the procedures set forth in the Amended Case

Management Order or served on counsel to the Debtors.  A redline of the proposed order marked

against the version filed with the Omnibus Objection is annexed hereto as **Exhibit B**.

4.      Accordingly, the Debtors respectfully request that the Proposed Order be

entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.


Dated:  July 7, 2020
        New York, New York

*/s/  Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
SEARS HOLDINGS CORPORATION, et al.,      :        Case No. 18-23538 (RDD)
                                         :
          Debtors.¹                      :        (Jointly Administered)
-----------------------------------------------------------------x
```

## ORDER GRANTING DEBTORS' NINETEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE CLAIMS)

Upon the *Debtors' Nineteenth Omnibus Objection to Proofs of Claim (Duplicate Claims)*, filed June 9, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Duplicate Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** annexed hereto, under the heading "*Claims to be Disallowed*" (the "**Duplicate Claims**"), is disallowed and expunged in its entirety and each such Duplicate Claim shall be removed from the Debtors' claims register.

3.      The disallowance and expungement of the Duplicate Claims does not constitute any admission or finding concerning any of the claims listed on **Exhibit 1** annexed hereto, under the heading "*Surviving Claims*" (the "**Surviving Claims**"), and the Surviving Claims are neither allowed nor disallowed by this Order.

4.      The rights of the Debtors to object to the Surviving Claims, in whole or in part, and on any basis, are specifically preserved.

5.       This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Duplicate Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

6.       The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.       The terms and conditions of this Order are effective immediately upon entry.

Dated:    _____, 2020
             White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Debtors' Nineteenth Omnibus Objection**
**Exhibit 1 - Duplicate Secured Claims**

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Claims to be Disallowed | | Surviving Claims | |
|---|---|---|---|---|---|
| | | Affected Proof of Claim No. | Asserted Secured Claim Amount | Surviving Proof of Claim No. | Asserted Secured Claim Amount |
| 1. | ALPINE CREATIONS LTD | 15288 | $812,351.20 | 15992 | $1,361,346.87 |
| 2. | ALPINE CREATIONS LTD | 16006 | $548,995.67 | 15992 | $1,361,346.87 |
| 3. | BEAUTY GEM INC | 8784 | $86,366.23 | 8813 | $1,008,375.46 |
| 4. | BEAUTY GEM INC | 8825 | $922,009.23 | 8813 | $1,008,375.46 |
| 5. | COMBINE INTERNATIONAL | 14061 | $3,301,662.30 | 14307 | $3,301,662.50 |
| 6. | Creations Jewellery Mfg. Pvt. Ltd. | 806 | $19,875.00 | 1295 | $19,875.00 |
| 7. | D-LINK SYSTEMS INC | 16746 | $676,413.00 | 17260 | $676,413.00 |
| 8. | D-LINK SYSTEMS INC | 16780 | $676,413.00 | 17260 | $676,413.00 |
| 9. | D-LINK SYSTEMS INC | 17063 | $676,413.00 | 17260 | $676,413.00 |
| 10. | D-LINK SYSTEMS INC | 17096 | $676,413.00 | 17260 | $676,413.00 |
| 11. | Hansae Co. Ltd. | 5072 | $1,505,397.80 | 5073 | $1,505,397.80 |
| 12. | Olympus Peak Master Fund LP as Transferee of Allure Gems, LLC | 8089 | $155,089.75 | 8116 | $155,089.75 |
| 13. | Olympus Peak Master Fund LP as Transferee of Allure Gems, LLC | 8115 | $155,089.75 | 8116 | $155,089.75 |
| 14. | RICHLINE GROUP INC | 7148 | $374,519.96 | 7503 | $374,519.96 |
| 16. | Seiko Watch of America LLC | 13456 | $415,611.61 | 14069 | $415,611.61 |
| 17. | Shaghal, Ltd. | 6978 | $1,391,378.18 | 7035 | $1,341,414.43 |
| 18. | Shaghal, Ltd. | 7026 | $1,341,414.43 | 7035 | $1,341,414.43 |
| 19. | UNIQUE DESIGNS | 12778 | $412,971.77 | 12864 | $412,971.77 |

**Exhibit B**

**<u>Redline</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                       :          Chapter 11
                                            :
SEARS HOLDINGS CORPORATION, et al.,         :          Case No. 18-23538 (RDD)
                                            :
            Debtors.¹                       :          (Jointly Administered)
-------------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' NINETEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE CLAIMS)

Upon the *Debtors' Nineteenth Omnibus Objection to Proofs of Claim (Duplicate Claims)*, filed June 9, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Duplicate Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on May 14, 2020 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

8.     The Objection is granted to the extent set forth herein.

9.     Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** annexed hereto, under the heading "*Claims to be Disallowed*" (the "**Duplicate Claims**"), is disallowed and expunged in its entirety and each such Duplicate Claim shall be removed from the Debtors' claims register.

10.     The disallowance and expungement of the Duplicate Claims does not constitute any admission or finding concerning any of the claims listed on **Exhibit 1** annexed hereto, under the heading "*Surviving Claims*" (the "**Surviving Claims**"), and the Surviving Claims are neither allowed nor disallowed by this Order.

11.     The rights of the Debtors to object to the Surviving Claims, in whole or in part, and on any basis, are specifically preserved.

12.     This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Duplicate Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

13.     The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

14.     The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
          White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE