WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re                                               :    Chapter 11
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*,           :    Case No. 18-23538 (RDD)
                                                    :
                    Debtors.[1]                     :    (Jointly Administered)
------------------------------------------------------------- x

# CERTIFICATE OF NO OBJECTION
## PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' TWENTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (REDUCED/RECLASSIFIED CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On June 9, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Twentieth Omnibus Objection to Claims (Reduced/Reclassified Claims)* (ECF No. 8019) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for June 30, 2020, at 4:00 p.m. (Prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors. A redline of the proposed order marked against the version filed with the Omnibus Objection is annexed hereto as **Exhibit B**.

WEIL:\97536897\2\73217.0004

4. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: July 7, 2020
New York, New York

*/s/   Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,              :    Case No. 18-23538 (RDD)
                                                   :
Debtors.[1]                                        :    (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (REDUCED/RECLASSIFIED CLAIMS)

Upon the *Debtors' Twentieth Omnibus Objection to Proofs of Claim (Reduced/Reclassified Claims)*, filed June 9, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reducing and reclassifying the Disputed Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim or ballot listed on **Exhibit 1** (collectively the "**Disputed Claims**") is reduced or reclassified in the amounts set forth on Exhibit 1, in the rows labeled "Surviving."

3. Each Claim that lists $0.00 as the "Surviving" claim under the column "*Total Claim*" shall be disallowed and expunged in its entirety.

4. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
       White Plains, New York

                                       HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

WEIL:\97536897\2\73217.0004

Debtors' Twentieth Omnibus Objection  
Exhibit 1  
18-23538-shl    Doc 8217    Filed 07/07/20    Entered 07/07/20 10:52:21    Main Document  
Pg 9 of 13  
In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | | | | | Reduced and Reclassified Claims [1] | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim | Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [2] |
| 1. | Associated Materials, LLC | 16603; 17582 | 182353801039955 | Asserted | $829,743.14 | | | | $795,973.18 | $1,625,716.32 | (ii)(v)(vii) |
| | | | | Surviving | $224,473.58 | | | | $423,625.58 | $648,099.16 | |
| 2. | Bedz King LLC | * | 182353801043280 | Asserted | $4,215.87 | | | | | $4,215.87 | (v) |
| | | | | Surviving | $0.00 | | | | $4,215.87 | $4,215.87 | |
| 3. | Brother International Corporation | 13892 | 182353801014110 | Asserted | $6,195.00 | | | | $141,975.00 | $148,170.00 | (vi) |
| | | | | Surviving | $0.00 | | | | $148,170.00 | $148,170.00 | |
| 4. | CAPARACHIN LAWRENCE, ROSA | 11752 | 182353801042401 | Asserted | $1,294.65 | | | | | $1,294.65 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 6. | E T BROWNE DRUG CO INC | 9971 | 182353801015840 | Asserted | $20,228.34 | | | | $39,326.88 | $59,555.22 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 7. | FANTASIA ACCESSORIES LTD | 11138 | 182353801016492 | Asserted | $43,007.75 | | | | $177,675.63 | $220,683.38 | (ii)(iii) |
| | | | | Surviving | $28,974.91 | | | | $177,675.63 | $206,650.54 | |
| 8. | First Alert, Inc. | 14850; 15094; 15151; 15540; 15614; 15865 | 182353801042293 | Asserted | $114,836.16 | | | | $333,402.57 | $448,238.73 | (vii) |
| | | | | Surviving | $19,018.74 | | | | $123,402.19 | $142,420.93 | |
| 9. | GAINES, KANDI | * | 182353801040227 | Asserted | $20,000.00 | | | | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 10. | HASSAN, TONY M. | 14421 | 182353801042991 | Asserted | $2,100.00 | | | | | $2,100.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 11. | KING, ELAINE S | 11279 | 182353801017650 | Asserted | $1,800.00 | | | | | $1,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 12. | MCCOWAN, BETTY | * | 182353801043403 | Asserted | $5,000.00 | | | | | $5,000.00 | (v) |
| | | | | Surviving | $0.00 | | | | $5,000.00 | $5,000.00 | |
| 13. | MELTON, KORY | * | 182353801041721 | Asserted | $800.00 | | | | | $800.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 14. | Moran, Amanda | 18869 | 182353801041784 | Asserted | $9,845.00 | | | $2,850.00 | | $12,695.00 | (v) |
| | | | | Surviving | $0.00 | | | $2,850.00 | $9,845.00 | $12,695.00 | |
| 15. | NYL Holdings LLC | 3051 | 182353801042040 | Asserted | $9,248.40 | | | | | $9,248.40 | (vii) |
| | | | | Surviving | $0.00 | | | | $9,248.40 | $9,248.40 | |
| 16. | PERRY, DEWANDA L. | 4151 | 182353801040584 | Asserted | $2,400.00 | | | $2,400.00 | | $4,800.00 | (ix) |
| | | | | Surviving | $0.00 | | | $2,400.00 | | $2,400.00 | |
| 17. | ROBINSON, JERRY L | 19101 | 182353801041629 | Asserted | $10,000.00 | | | $10,000.00 | | $20,000.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | SCOTT, LOUIS L | * | 182353801042196 | Asserted | Unliquidated | | | | | Unliquidated | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 19. | STANDARD CONTAINER CO | * | 182353801018962 | Asserted | $28,117.30 | | | | | $28,117.30 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 21. | Toma, Jean | * | 182353801018962 | Asserted | $1,298.00 | | | $12.98 | | $1,310.98 | (v) |
| | | | | Surviving | $0.00 | | | $12.98 | $1,298.00 | $1,310.98 | |
| 22. | WARD, LAWRENCE O. | 18157 | 182353801040989 | Asserted | $34,820.00 | | | | | $34,820.00 | (ix) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |

\* Amount asserted to be disallowed subject to the Bar Date Order (as defined in the Objection)  
[1] Asserted Claim amounts include any asserted unliquidated amounts.  
[2] Corresponding reasons, as addressed in paragraph 9 of the Objection, are as follows  
  (i) Supporting documentation indicates that the invoices are non-Administrative Expense Claims;  
  (ii) The Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;  
  (iii) The Debtors' books and records show a shortage or volume discrepancy for the invoices provided;  
  (iv) The Debtors' books and records show that invoices for claims for 503(b)(9) priority pertain to services not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;  
  (v) The invoices provided by the Claimants are not supported by the Debtors' books and records;  
  (vi) Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course  
  (vii) Supporting documentation was not provided for all or a portion of the Disputed Claim; and  
  (viii) The Disputed Claim was filed after the applicable date set forth in the Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, entered on February 22, 2019 (ECF No. 2676) (the "Bar Date Order")  
  (ix) The claim pertains to employee related claim and is non-Administrative Expense Claim

**Exhibit B**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :       Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,              :       Case No. 18-23538 (RDD)
                                                   :
Debtors.[1]                                        :       (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (REDUCED/RECLASSIFIED CLAIMS)

Upon the *Debtors' Twentieth Omnibus Objection to Proofs of Claim (Reduced/Reclassified Claims)*, filed June 9, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reducing and reclassifying the Disputed Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; ~~and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on May 14, 2020 (the "**Hearing**"); and upon the record of the Hearing,~~ and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,**IT IS HEREBY ORDERED THAT**

7.      The Objection is granted to the extent set forth herein.

8.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim or ballot listed on **Exhibit 1** (collectively the "**Disputed Claims**") is reduced or reclassified in the amounts set forth on Exhibit 1, in the rows labeled "Surviving."

9.      Each Claim that lists $0.00 as the "Surviving" claim under the column "*Total Claim*" shall be disallowed and expunged in its entirety.

10.     This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

11. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

12. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
        White Plains, New York

                                         HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE

WEIL:\97536897\2\73217.0004