UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | |
|---|---|
| In re : | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | Case No. 18-23538 (RDD) |
| **Debtors.** | (Jointly Administered) |

------------------------------------------------------------ x

**KOOLATRON CORPORATION'S OBJECTION TO DEBTORS' NOTICE OF ADJOURNMENT OF HEARINGS ON (I) CERTAIN OF THE DEBTORS' PENDING OBJECTIONS TO PROOFS OF CLAIM AND (II) THE DEBTORS' MOTION TO ALLOW ADMINISTRATIVE CLAIMS (DOC. NO. 8279)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Koolatron Corporation[1] ("Koolatron") hereby Objects to Debtors' Notice of Adjournment of Hearings on (I) Certain of the Debtors' Pending Objections to Proofs of Claim and (II) The Debtors' Motion to Allow Administrative Claims (Doc. No. 8279):

1. On February 18, 2020, Debtors filed their Thirteenth Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)("Objection") which seeks, among other things, to reclassify Koolatron's Section 503(b)(9) Claim in the amount of $756,245.02 as a general unsecured claim. [Doc. No. 7302].

2. On March 9, 2020, Koolatron filed its Response in Opposition to the Objection. [Doc. No. 7408].

3. As set forth in Koolatron's Response, Debtors' Objection falsely states that Koolatron was a Marketplace Vendor that drop shipped goods directly to third-parties, and accordingly, Debtors improperly seek to reclassify Koolatron's Section 503(b)(9) Claim as a general unsecured claim.

---

[1] Koolatron Corporation is an Affiliate of Kyko Global, Inc.

1

4. As further set forth in Koolatron's Response, Debtors' Objection is procedurally improper because it seeks to adjudicate the parties' factual dispute within the context of a Sufficiency Hearing as opposed to a Merits Hearing (as those terms are defined in Doc. No. 7302).

5. As further set forth in Koolatron's Response, Koolatron is entitled to payment pursuant to 11 U.S.C. § 503(b)(9) and the interpretive case law.

6. Debtors' Objection was originally noticed to be heard on March 25, 2020. [Doc. No. 7302].

7. Debtors then unilaterally reset the hearing to March 23, 2020. [Doc. No. 7379].

8. Debtors then unilaterally reset the hearing back to March 25, 2020. [Doc. No. 7459].

9. Due to the advent of the coronavirus in March 2020 (and hoping at that time conditions would improve shortly thereafter), Koolatron's counsel requested that the hearing be adjourned to allow him to appear in court to argue in support of Koolatron's position. Debtors' counsel agreed and the matter was adjourned to April 29, 2020. [Doc. No. 7497].

10. Debtors then unilaterally reset the hearing regarding their Objection to April 23, 2020. [Doc. No. 7515].

11. Debtors then unilaterally reset the hearing regarding their Objection to May 14, 2020. [Doc. No. 7831].

12. Debtors then unilaterally reset the hearing regarding their Objection to June 17, 2020. [Doc. No. 7917].

13. Debtors then unilaterally reset the hearing regarding their Objection to July 15, 2020. [Doc. No. 8001].

14. Upon information and belief, Debtors then attempted to reset the hearing to a date in August 2020. However, this Court requested Debtors to reset the hearing to September 11, 2020 due to the Court's congested docket.

15. Debtors' Objection is currently noticed to be heard on September 11, 2020 at 10:00 a.m. [Doc. No. 8279]. In setting this date, Debtors state in pertinent part: "The Hearings may be rescheduled further by the Debtors on notice to the affected claimant(s) pursuant to the Claims Procedures Order."

16. Bankruptcy Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Further, "[a]n objecting party must provide 'substantial evidence' to rebut the prima facie presumption of validity of a proof of claim." In re Enron Creditors' Recovery Corp., 2007 WL 2480531, Case No. 01-16034, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007).

17. Through a multitude of unilateral adjournments of their Objection, Debtors have avoided addressing their burden of establishing "substantial evidence" to rebut the prima facie validity of Koolatron's Section 503(b)(9) Claim.

18. As such, Debtors have improperly blocked Koolatron from receiving payment of its Section 503(b)(9) Claim.

19. Koolatron has suffered prejudice due to Debtors' multitude of unilateral adjournments of their Objection because, without limitation, Koolatron will not currently receive its *pro rata* distribution under Debtors' Amended Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program [Doc. No. 8293] given Debtors' Objection remains pending and unresolved.[2]

---

[2] Debtors failed to reserve Koolatron's *pro rata* share in their original Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program which caused Koolatron to file an objection. [Doc.

20. Koolatron reasonably believes that it will continue to suffer prejudice because Debtors will continue to unilaterally adjourn their Objection - and thereby withhold payment - in an impermissible attempt to try to force Koolatron to compromise the amount it is entitled to receive on its Section 503(b)(9) Claim.

21. Debtors, as the objecting party, must either prosecute their Objection or withdraw it with prejudice and immediately pay the full amount of Koolatron's Section 503(b)(9) Claim.[3]

**WHEREFORE,** Koolatron requests this Court to issue a ruling upon Debtors' Objection to Koolatron's Section 503(b)(9) Claim on September 11, 2020 at 10:00 a.m. and otherwise preclude Debtors from further adjourning their Objection to Koolatron's Section 503(b)(9) Claim.

Respectfully submitted,

*/s/* Jayson M. Macyda
(admitted *pro hac vice* for Koolatron Corporation)
Kyko Global, Inc. and Affiliates
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

---

No. 8065]. Upon receiving Koolatron's objection, Debtors agreed to reserve Koolatron's *pro rata share* in Debtors' Amended Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program.

[3] To the extent Debtors improperly attempt to raise new/different factual and legal arguments in support of their Objection to Koolatron's Section 503(b)(9) Claim, Koolatron reserves all rights to respond to same by, without limitation, filing a sur-reply brief in support of Koolatron's Response in Opposition to Debtors' Objection. [Doc. No. 7408].