**Hearing Date and Time: September 11, 2020 at 10:00 a.m.**
**Objection Deadline:  September 4, 2020 at 4:00 p.m.**

Thomas R. Slome
Michael Kwiatkowski
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792
Email: tslome@cullenllp.com,
        mkwiatkowski@cullenllp.com

        and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com
        john@russelljohnsonlawfirm.com

*Co-Counsel for Public Service Electric and Gas Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| **In re:** | ) **Chapter 11** |
| | ) |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | ) **Case No. 18-23538 (RDD)** |
| | ) |
| **Debtors.** | ) **(Jointly Administered)** |
| | ) |

**APPLICATION OF PUBLIC SERVICE ELECTRIC AND GAS COMPANY**
**FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE**
**EXPENSES OR, IN THE ALTERNATIVE, FOR PAYMENT OF**
<u>**SUCH EXPENSES BY TRANSFORM HOLDCO, LLC**</u>

Public Service Electric and Gas Company ("PSE&G"), by counsel, for its application for

allowance and payment of administrative expenses or, in the alternative, for payment of such

1

expenses by Transform Holdco, LLC (the "Application"), states as follows:

## Introduction

Following the Debtors' February 11, 2019 sale of assets to Transform Holdco, LLC
("Transform"), Transform had a sixty (60)-day designation period, as further extended by the
Court, in which to designate specific contracts and leases it would assume or reject as part of the
sale.  Since the sale closing, counsel for PSE&G has been in continuous contact with Debtors'
counsel and Transform's counsel in an attempt to determine which of the Debtors' properties
receiving utility service from PSE&G were being transferred to Transform, which party had
assumed responsibility for payment of utility bills therefore pursuant to the transition services
arrangements entered into between the Debtors and Transform, and when utility accounts for
transferred properties would be transferred into Transform's name.  However, as late as October
2019 and thereafter, neither Debtors' counsel nor Transform's counsel could or would provide
that information.

 From April through September 2019, the Debtors incurred a total balance of $106,303.45
on account number xxxx1802 (the "Account") for the property located at Willowbrook Mall,
Wayne Township, NJ 07470-6994 (the "Property").  The Account at all times remained in the
name of "Sears Roebuck & Co." until it was finally closed on September 30, 2019.  However,
the Debtors have now represented that Purchaser is responsible for the outstanding balance, and
Purchaser insists that it has paid those amounts to its landlord and that the landlord is responsible
to pay PSE&G therefore.  The landlord's counsel, in turn, has expressed confusion as to whether
the landlord is responsible for the charges and has delayed in responding to PSE&G's requests
for payment.  Meanwhile, PSE&G has been chasing payment of these past-due amounts for over
a year on an account that at all times remained in the Debtor's name despite multiple updates to

2

Debtors' counsel regarding the amounts accruing thereon and multiple requests to determine who was responsible for the accounts under the Debtors' agreements with Transform and to get the Account transferred, if necessary, to the responsible party.

PSE&G should not now be required to chase multiple parties for payment of this balance because the Debtors and Transform could not agree who would be taking control of the Property and responsibility for the Account. Having left the account in the Debtors' name until it closed with full knowledge of the accumulating balance, the Debtors' should now be required to pay this past-due balance from the funds in the Adequate Assurance Account securing this Account and can pursue whatever remedies it may have against Transform or the landlord for repayment thereof. Alternatively, Transform should be required to pay the past-due Account balance to PSE&G and can thereafter pursue whatever rights it may have against the Debtors or its landlord.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334(b).

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue of this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Procedural Facts

4.      On October 15, 2018 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3

6.      On October 18, 2018, the Debtors' filed: (1) a *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Service* [Docket No. 196] (the "Utility Motion").

7.      On November 5, 2018, the Court entered an Order [Docket No. 461] approving the Utility Motion (the "Utility Order") that was dated November 1, 2018.

8.      Paragraph 3 of the Utility Order provides that the Debtors shall deposit a predetermined amount of cash into the Adequate Assurance Account, and such amount "shall be allocated for, and payable only to, each Utility Provider in the amount set forth for such Utility Provider in **Exhibit 1**…"  Exhibit 1 indicates that the Debtors deposited $155,743 into the Adequate Assurance Account for PSE&G.

9.      Paragraph 7 of the Utility Order further provides as follows:

> If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

10.     In accordance with the requirements of the Utility Order, PSE&G subsequently made a written request for additional adequate assurance of payment, to which the Debtors never responded.

11.     On December 21, 2018, PSE&G, among other utility providers, filed a *Motion of Certain Utility Companies To Determine Adequate Assurance of Payments Pursuant to Section 366(c) of the Bankruptcy Code* [Docket No. 1395] (the "Adequate Assurance Motion"), pursuant

4

to which PSE&G sought adequate assurance of payment in the form of a two-month cash deposit in the sum of $237,626.

### Debtors' Sale of Assets to Transform

12.     On February 8, 2019, the Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), pursuant to which the Court authorized the sale of certain of the Debtors' assets to Transform (the "Sale Order").

13.     The sale to Transform closed on February 11, 2019.

14.     Pursuant to the Sale Order, Transform was given a period of sixty (60) days after the sale closing, through April 12, 2019, in which to review and designate certain executory contracts and unexpired leases of the Debtors for assumption and assignment to Transform pursuant to the sale (the "Designation Period"). On April 12, 2019, the Debtors filed a *Notice of Amendment to Asset Purchase Agreement Extending Certain Deadlines* [Docket No. 3171], which extended the Designation Period through May 13, 2019.

15.     In connection with the Sale, the Debtors and Transform also entered into a Services Agreement, pursuant to which, effective as of the sale closing date, the Debtors and Transform were to provide certain services to one another for a transitional period following the sale closing date (the "Transition Services Agreement"). Pursuant to section 26 of the Sale Order, the Debtors were required to serve a copy of the Transition Services Agreement upon all parties that provide services to the Debtors subject thereto within two (2) business days of its

execution.  No final Transition Services Agreement was ever served upon PSE&G or filed with

the Court, and Debtors' counsel has never provided PSE&G with a copy of the executed

Transition Services Agreement despite repeated requests made therefor.

### Debtors' Failure To Timely Pay Post-Petition Invoices and PSE&G's Attempts to Ascertain Which Debtors' Utility Accounts, if Any, Would Be Transferred to Transform

16.    Beginning shortly after the sale closing date, counsel for PSE&G began

contacting Debtors' counsel in order to obtain a list of properties and utility accounts, by service

address, that Transform would be taking over from the Debtors.  Having not received any

response from Debtors' counsel, by email dated March 14, 2019, counsel for PSE&G first

requested the applicable list from Transform's counsel, but was unable to obtain the list.

17.    By email dated April 26, 2019, counsel for PSE&G sent Debtors' counsel written

notice of the Debtors' default on several PSE&G accounts and notified Debtors' counsel of

several recently issued bills that would soon come due, including a $14,360.96 bill issued on the

Account that would come due May 2, 2019.

18.     From the sale closing date through October 2019 and beyond, counsel for

PSE&G continued to regularly update counsel for both Debtors and Transform (and their agent,

Engie Insight) with lists of the Debtors' active accounts with PSE&G, past due balances thereon,

and copies of recently issued PSE&G invoices that were coming due.  In addition, PSE&G's

counsel continued trying to ascertain from counsel for both the Debtors and Transform which

accounts, if any, had been taken over by Transform so that the customer name and billing

address on those accounts could be updated appropriately.  Copies of emails reflecting these

communications are attached as Exhibit 1 hereto.  However, neither the Debtor nor Transform

could provide such a list.

19.    The last payment made on the Account was a payment of $14,360.96 made on

6

May 2, 2019.  By September 30, 2019, the Account, which at all times had remained in the name

of the Debtor, was finally closed after having accrued a balance of $106,303.45 (the "Past-Due

Balance") for service provided by PSE&G to the Property from April through September 30,

2019.  The Past-Due Balance remains unpaid.  Attached hereto as <u>Exhibit 2</u> are redacted copies

of the invoices comprising the Past-Due Balance.

20.     By emails dated October 7, October 14, and October 17, 2019, counsel for

PSE&G sent formal written default notices to Debtors' counsel concerning the $106,303.45 Past-

Due Balance on the Account, all but approximately $10,000 of which was past due at that time.

21.     Subsequently, Debtors' counsel represented that Transform was responsible for

payment of the Past-Due Balance on the Account pursuant to the agreements in place between

the Debtors and Transform.

22.     In January 2020, Transform's counsel represented that prior to June 2019, the

Debtors were paying the utility bill for the Property directly to PSE&G, but beginning in June

2019, Transform began paying the PSE&G charges billed on the Account to its landlord,

Brookfield (the "Landlord") and that the Landlord was, in turn, responsible for paying those

amounts to PSE&G.  Transform also provided copies to Landlord's counsel of the checks with

which Transform claims to have paid these amounts to Landlord.

23.     PSE&G provided Landlord's counsel with copies of the invoices comprising the

Past-Due Balance and demanded payment of that balance from the Landlord, but Landlord's

counsel has been generally unresponsive, delaying and seeking additional documents and

information from Transform, to which requests Transform has not responded.  Attached as

<u>Exhibit 3</u> hereto are copies of the email communications from December 2019 through March

2020 among counsel for PSE&G, the Debtors, Transform, and the Landlord.

7

24.    On February 10, 2020, the Debtors' filed a motion for an order authorizing the

Debtors' to release certain amounts held in the Adequate Assurance Account [Docket No. 7209]

(the "Release Motion").  By email to Debtors' counsel, PSE&G asserted an informal objection to

the Release Motion based on the non-payment of the Past-Due Balance on the Account.

25.    In order to resolve both PSE&G's informal objection to the Release Motion and

the Adequate Assurance Motion as to PSE&G as the parties continued to work through

determining who would pay the Past-Due Balance, the Debtors' agreed to continue holding

$106,303 in the Adequate Assurance Account on behalf of PSE&G for the Account.

26.    On March 3, 2020, the Court entered an Order [Docket No. 7380] (the "Release

Order") granting the Release Motion in part.  Paragraph 4 of the Release Order provides:

"Notwithstanding anything herein, the Debtors shall hold, subject to the provisions of the

Utilities Order at ECF No. 431, $106,303.00 on behalf of PSE&G on account of Account No.

[xxxx]1802."

27.    A notice of withdrawal of the Adequate Assurance Motion was subsequently filed

on behalf of PSE&G and the other moving utilities.

## DISCUSSION

28.    PSE&G is not aware of what agreements were in place between the Debtors,

Transform and/or the Landlord concerning payment of utility charges for the Property, and none

of those parties have been willing to share those agreements with PSE&G.  What is clear is that

neither the Debtors nor Transform was willing to represent who was responsible for the Property

or the Account throughout the entire period the Past-Due Charges were accruing despite repeated

inquiries made by PSE&G and repeated updates given to both parties regarding the amounts

accruing on the Account.  Only after the Account was finally closed, the Debtors asserted that

Transform is the responsible party, and Transform, in turn, asserted that the Landlord is the responsible party.

29.    As a result of the unwillingness and delay of the Debtors and Transform to agree upon who would be taking control of the Property and responsibility for the Account, PSE&G has been trying unsuccessfully to collect the Past-Due Balance on the Account from three different parties for over a year.

30.    The Account at all times remained in the Debtors' name, with the Debtors' knowledge of the accruing balance thereon, until it closed on September 30, 2019.  Further, the sum of $106,303 has been held in the Adequate Assurance Account on behalf of PSE&G for the express purpose of providing adequate assurance of payment for the Past-Due Balance.

30.    Further, to the extent the Debtors continued in possession of the Property after the sale closing or otherwise assumed responsibility for the Property and/or the Account pursuant to the agreements in place between the Debtors and Transform in furtherance of the Sale, the post-petition utility services provided by PSE&G to the Property constitute actual, necessary expenses of preserving the Debtors' estates and are entitled to an administrative expense priority pursuant to § 503(b) of the Bankruptcy Code.  See In re Best Products, Co., 203 B.R. 51, 53 (E.D. Va. 1996).

31.    Accordingly, the Court should allow an administrative expense claim against the Debtors' estates in favor of PSE&G in the amount of the Past-Due Balance and should require payment thereof from the Adequate Assurance Account.  Alternatively, the Court should require Transform to pay the Past-Due Balance.  The Debtors or Transform, as applicable, can then pursue whatever rights they have against the other and/or the Landlord as appropriate, but PSE&G should not be required to bear any additional costs or payment delays caused by the

indecisiveness and delay of Transform and the Debtors in exercising Designation Rights and timely transferring the Account.

WHEREFORE, for all of the foregoing reasons, PSE&G respectfully requests that this Court enter an order:

1.      Allowing an administrative expense claim against the Debtors' estates in the amount of $106,303.45 and requiring immediate payment thereof from the Adequate Assurance Account; or

2.      Alternatively, requiring Transform immediately to pay to PSE&G the $106,303.45 Past-Due Balance; and

3.      Providing such other and further relief as the Court deems just and appropriate.

Dated: Garden City, New York
       July 20, 2020                           CULLEN AND DYKMAN LLP

                                               By:      */s/ Michael Kwiatkowski*
                                                       Thomas R. Slome
                                                       Michael Kwiatkowski
                                               100 Quentin Roosevelt Boulevard
                                               Garden City, New York 11530
                                               Telephone: (516) 357-3700
                                               Facsimile: (516) 357-3792
                                               Email: tslome@cullenllp.com
                                                      mkwiatkowski@cullenllp.com

                                               and

                                               Russell R. Johnson III
                                               John M. Craig
                                               Law Firm of Russell R. Johnson III, PLC
                                               2258 Wheatlands Drive
                                               Manakin-Sabot, Virginia 23103
                                               Telephone (804) 749-8861
                                               Email: russell@russelljohnsonlawfirm.com
                                                      john@russelljohnsonlawfirm.com

                                               *Co-Counsel for Public Service Electric and
                                               Gas Company*