KIRBY AISNER & CURLEY LLP
*Co-Counsel for Springs Window Fashions, LLC.*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Dawn Kirby, Esq.

and

MICHAEL BEST & FRIEDRICH LLP
*Co-Counsel for Springs Window Fashions, LLC.*
1000 Maine Avenue SW, Suite 400
Washington, DC 20024
(202) 747-9594
Joseph D. Brydges, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*[1],** | **Lead Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

## SPRINGS WINDOW FASHIONS, LLC'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. 503(b)(1)(A)

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The debtors' mailing address is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Springs Window Fashions, LLC ("Springs"), by its attorneys Kirby Aisner & Curley LLP and Michael Best & Friedrich, LLP, files this Application for Allowance of Administrative Expense Pursuant to 11 U.S.C. §503(b)(1)(A) (the "Motion") for goods provided to or for the benefit of the Debtors after the Petition Date (defined herein).  Springs respectfully requests the entry of an order granting it an allowed administrative expense in the amount of $80,307.17, substantially in the form attached hereto as <u>Exhibit B</u> (the "Proposed Order"), for amounts owed under a series of post-petition invoices with the Debtors.

In support of its Motion, Springs states as follows:

## BACKGROUND

1.      On October 15, 2018 (the "Petition Date"), each of the debtors in the above-captioned cases (collectively, "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with this Court.

2.      The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      Pursuant to the Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors ("Plan"), all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors and/or the Liquidating Trustee and the subject claimant.  (Confirmation Order, Dkt. 5371, ¶ 51.) All motions seeking allowance of administrative claims, including Springs' Motion, are treated as "proof of an Administrative Expense Claim."  (*Id.*)

4.      Springs supplied the Debtors (through Kmart Corporation, a debtor and debtor-in-possession in the above-captioned Chapter 11 cases) with window treatments for sale to end use

customers both prior to and after the Petition Date.

5. Springs continued to ship product to the Debtors and invoice the Debtors on a post-petition basis in accordance with Springs' invoicing process.

6. The Debtors have failed to timely pay the amounts owed to Springs on a post-petition basis, as reflected by Springs Invoice Nos. MA1718842, 025928285, 025928286, 025928287, 025928288, 025928289, 025928290, 025928291, 025928292, 025928293, 025928294, 025928295, 025928296, 025928297, 025928298, 025928299, 025928300, 025928301, 025928302, 025928303, 025928304, 025928305, 025938867, 025948298 (the "Springs Invoices"), which required payment within 30 days.  All of the Springs Invoices are for product which Springs provided to the Debtors post-petition.  Copies of the Springs Invoices are attached hereto as <u>Exhibit A</u>.

7. The Debtors presently owe Springs at least $80,307.17 pursuant to the unpaid post-petition Springs Invoices.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. § 1409.

## ARGUMENT

9. Under § 503(b)(1)(A) "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses.

10. Allowing administrative claims pursuant to § 503(b)(1)(A) "furthers the goal of rehabilitation by encouraging third parties to supply goods and services on credit to the estate." *In re Patient Media*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998).  The party making an administrative

claim must establish that "(1) his claim arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (2) the transaction or consideration directly benefitted the debtor-in-possession." (*Id.*)

11.    Springs' request for administrative expense status as described in this Motion arises directly out of transactions with the Debtors for the supply of products as authorized under §§ 1107 and 1108 of the Code.  Springs' transactions with the Debtors were necessary to the Debtors' continued operation of their businesses as a going concern.

12.    The Springs Invoices between Springs and the Debtors and Springs' provision of product to the Debtors evidence an inducement by the Debtors, and their failure to timely pay the Springs Invoices on the terms set forth therein constitutes a breach of the agreement.

13.    Accordingly, the amount owed to Springs of $80,307.17 should be deemed an administrative expense under § 503(b)(1)(A) because the Debtors' receipt of the products provided by Springs conferred a direct post-petition benefit that was crucial to maximizing the value of these estates.

14.    Pursuant to the Confirmation Order and the Plan, this motion is to be treated as a proof of an administrative expense claim.  (Confirmation Order, Dkt. 5371, ¶ 51.)  The Court has adjourned all hearings on administrative expense claims, including Springs' Motion, until such time as a hearing is required and, as such, Springs is not requesting a hearing on this Motion at this time.

## RESERVATION OF RIGHTS

15.    Springs reserves all rights as to other post-petition amounts that are owed now or may be owed to Springs by the Debtors in the future and reserves its right to amend this Motion, or any claims asserted in the Debtors cases, for any reason.  Nothing herein is intended to be a

waiver of any of Springs' rights or defenses.

## CONCLUSION

WHEREFORE, Springs respectfully requests that the Court enter an order (substantially

in the form of the attached <u>Exhibit B</u>) granting Springs an allowed administrative expense claim

in the amount of $80,307.17 pursuant to 11 U.S.C. § 503(b)(1)(A), and granting any other such

relief as the Court deems just and proper.

Dated:  New York, New York
        July 23, 2020

                                        **Respectfully submitted,**

                                        By:     _/s/ Dawn Kirby_____
                                        KIRBY AISNER & CURLEY LLP
                                        Dawn Kirby
                                        Julie Cvek Curley
                                        700 Post Road, Suite 237
                                        Scarsdale, New York 10583
                                        Telephone: (914) 401-9500
                                        dkirby@kacllp.com
                                        jcurley@kacllp.com

                                        and

                                        MICHAEL BEST & FRIEDRICH LLP
                                        Jonathan L. Gold (PHV motion to be filed)
                                        1000 Maine Avenue, SW
                                        Suite 400
                                        Washington, DC 20024
                                        Telephone: (202) 747.9594
                                        Facsimile: (202) 347-1819
                                        jlgold@michaelbest.com

                                        *Counsel for Defendant Springs Window Fashions, LLC*

**<ins>EXHIBIT B</ins>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, et al.[2],** | **Lead Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

### ORDER GRANTING SPRINGS WINDOW FASHIONS, LLC'S  APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. 503(b)(1)(A)

Upon the motion (the "Motion") of Springs Window Fashions, LLC ("Springs"), pursuant to sections 105(a) and 503(b) of title 11 of the United States Code, for entry of an order granting Springs an allowed administrative expense claim in the amount of $80,307.17 on account of the goods ordered and delivered to or for the benefit of the debtors and debtors-in-possession in the above-captioned chapter 11 cases, through Kmart Corporation, after the commencement of the

---

[2] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The debtors' mailing address is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Debtors' bankruptcy case; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 (a) and (b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no further notice being required; and upon the Court's review of the Motion and all responses thereto; and upon the Court's determination that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      Springs Window Fashions, LLC is granted an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) in the amount of $80,307.17 (the "Allowed Administrative Claim").

3.      Payment of the Allowed Administrative Expense Claim shall be consistent with an Order of this Court on this Motion, the Confirmation Order, or such other Order of the Court.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2020
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

\28562246.v2