UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SEARS HOLDINGS CORPORATION,

*Debtor*.

------------------------------------------------------------X

Chapter 11
Case No. 18-23538 (RDD)

### DECLARATION OF DANIEL M. O'HARA IN SUPPORT OF MOTION FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)(1) OF THE UNITED STATES BANKRUPTCY CODE

Daniel M. O'Hara, hereby declares under penalty of perjury that the following facts, upon information and belief, are truthful:

1. I am local New York counsel for G.R., an individual ("G.R.") and a creditor in the above-captioned Chapter 11 case. As such, I am fully familiar with the facts set forth herein.

2. I submit this declaration in support of G.R.'s motion for an Order granting relief from the automatic stay (i) so as to permit G.R. to continue an action against the Debtor and or the Debtor's subsidiaries, Sears, Roebuck, and Company and KMart, in the Circuit Court of the State of Oregon, County of Multnomah, for certain tort claims arising out of a series of incidents in or around May through November 2017 as a result of which the movant sustained personal injuries and emotional distress; (ii) waiving the stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; (iii) holding that any recovery by G.R. against the Debtor for claims arising out of said incident(s) shall be limited to the policy limit(s) of the general liability insurance coverage maintained by or available to the Debtor and or its subsidiaries; (iv) holding that G.R. shall not seek additional recovery for claims arising out of said incident(s) from the Debtor and or its subsidiaries, its estate or successors, in excess of any applicable general

liability insurance policy limit(s); and (v) such other and further relief as this Court deems just and proper.

3. The Debtor, at all material times, was an American chain of department stores doing regular and sustained business within Multnomah County, Oregon

4. At all material times, KMart was a subsidiary of Sears, and therefore the actions of all employees and/or agents of either company are attributable to Sears under the doctrine of *Respondeat Superior*.

5. In or around May through November 2017, while G.R. was employed with KMart, certain KMart employees sexually harassed her. *See Exhibit A for a copy of the "1st Amended Complaint and Demand for Jury Trial"*.

6. Said incidents of sexual harassment and sexual abuse caused G.R. embarrassment, mental suffering, emotional distress, humiliation, anguish, fear, depression, anxiety, a heightened sense of vulnerability, PTSD, and a loss of enjoyment of life. *Id.*

7. G.R. alleges that the Debtor and its subsidiaries are liable for encouraging child sex abuse; negligently in failing to take reasonable steps to stop, prevent, or otherwise facilitate the cessation of its management employees' wrongful conduct; negligently inflicting emotional distress upon G.R. as a result of the same; intentionally inflicting emotional distress upon G.R. as a result of the same; and negligently hiring the employees guilty of the harassment and abuse set forth in G.R.'s "1st Amended Complaint". *Id.*

8. Upon information and belief, the Debtor maintained a general liability insurance policy at the time of the incident(s).

9. On October 15, 2018, the Debtor filed a Chapter 11 bankruptcy petition, causing all persons, including G.R, to be enjoined and stayed from commencing or continuing any suit against the Debtor pursuant to Section 362(a) of the Code.

10. Based upon the reasons set forth in the accompanying Memorandum of Law, it is respectfully submitted that the Court should grant G.R.'s motion in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 28, 2020

                                                       Respectfully,

                                                       */s/ Daniel M. O'Hara*
                        By: _____
                                                       Daniel M. O'Hara, Esq.