UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SEARS HOLDINGS CORPORATION,

                    *Debtor.*

Chapter 11
Case No. 18-23538 (RDD)

------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)(1) OF THE UNITED STATES BANKRUPTCY CODE

MCLOUGHLIN, O'HARA,
WAGNER & KENDALL, LLP

Daniel M. O'Hara, Esq.
250 Park Avenue, Floor 7
New York, New York 10117
Tel: (212) 920-6695
Fax: (917) 382-3934
Email: dohara@mowklaw.com

*Attorneys for G.R., an individual*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 6

## TABLE OF AUTHORITIES

<u>Federal Case Law</u>

<u>Case Name</u>                                                                                                                          <u>Page</u>

*Green v. Welsh*,
    956 F.2d 30 (2d Cir. 1992) ............................................................................................4, 5

*In re 234-6 West 22nd St. Corp.*,
    214 B.R. 751 (Bankr. S.D.N.Y. 1997) .............................................................................2

*In re Erickson*,
    330 B.R. 346 (Bankr. D. Conn. 2005) ..............................................................................5

*In re Laventhol & Horwath*,
    139 B.R. 109 (Bankr. S.D.N.Y. 1992) .............................................................................3

*In re Masse*,
    167 F.3d 139 (2d Cir. 1999) .............................................................................................3

*In re New York Medical Group, P.C.*,
    265 B.R. 408 (Bankr. S.D.N.Y. 2001) .............................................................................3

*In re Sonnax Indus.*,
    907 F.2d 1280 (2d Cir. 1990) ...........................................................................................3

*In re Taub*,
    438 B.R. 39 (Bankr. E.D.N.Y. 2010) ...............................................................................2

*In re Thomson McKinnon, Inc.*,
    130 B.R. 721 (Bankr. S.D.N.Y. 1991) .............................................................................3

*In re Touloumis*,
    170 B.R. 825 (Bankr. S.D.N.Y. 1994) .............................................................................2

*In re Unioil*,
    54 B.R. 192 (Bankr. D. Colo. 1985) .................................................................................6

*Terwilliger v. Terwilliger*,
    206 F.3d 240 (2d Cir. 2000) .............................................................................................4

<u>Federal Statutes</u>

| <u>Statute</u> | <u>Page</u> |
|---|---|
| 11 U.S.C. § 362(d)(1) | 2 |
| 28 U.S.C. § 157(a) | 1 |
| 28 U.S.C. § 157(b)(2)(O) | 2 |
| 28 U.S.C. § 1334(b) | 1 |
| Fed. R. Bankr. P. 4001(a)(3) | 6 |

**PRELIMINARY STATEMENT**

G.R. ("G.R.", or "Movant") respectfully submits this Memorandum of Law in support of her motion for relief from the automatic stay pursuant to Section 362(d)(1) of the United States Bankruptcy Code (the "Code"). Movant seeks to recover damages against the debtor, Sears Holdings Corporation (the "Debtor") and its subsidiaries, K Mart and Sears, Roebuck, and Company, for damages she suffered arising out of personal injuries she sustained during her tenure as an employee of K Mart in and around May through November of 2017 because of the Debtor's negligence. As a result of the Debtor's bankruptcy filings, the Movant has been stayed from continuing her negligence action in the Circuit Court of the State of Oregon, County of Multnomah. Accordingly, G.R. brings this motion for an Order: (1) modifying and vacating in part the automatic stay so as to permit G.R to seek recovery from any and all general liability insurance policies maintained by or available to the Debtor and or its subsidiaries, to the extent possible; (2) holding that any recovery by G.R. against the Debtor and or its subsidiaries for her claims arising out of the incidents shall be limited to the policy limit(s) of the insurance coverage maintained by or available to the Debtor; and (3) that G.R. shall not seek additional recovery for personal injury claims from the Debtor, its estate or successors, in excess of these policy limits. Because the Debtor's or its subsidiaries' insurer would assume any responsibility for defending against G.R.'s claims and any liability resulting therefrom, the requested relief will not interfere with the efficient administration of the Debtor's bankruptcy case, will not diminish or otherwise prejudice Debtor's bankruptcy estate, and will primarily involve third parties to the Debtor's bankruptcy case. For these reasons, discussed in detail below, this Court should grant G.R.'s motion in its entirety.

**BACKGROUND**

1.      This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a). The Debtor, an individual and former KMart employee, was employed with KMart in or around May 2017 through November 2017. During such time, certain KMart employees sexually harassed her. Upon information and belief, the Debtor and or its affiliate, Kmart, maintained a general liability insurance policy at the time of the incidents. On October 15, 2018, the Debtor filed a Chapter 11 bankruptcy petition, causing all persons, including G.R., to be enjoined and stayed from commencing or continuing any suit against the Debtor or its subsidiaries.

**ARGUMENT**

Section 362 of the Code provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection or an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Although the movant bears the initial burden to show that "cause" exists, once a prima facie case of "cause" is shown, debtors have the ultimate burden of disproving the existence of "cause" pursuant to Section 362(g) of the Bankruptcy Code. *See, e.g., In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

In deciding whether to lift an automatic stay to allow a creditor to continue litigation in another forum, a bankruptcy court must consider the circumstances of the case and ascertain what is just as to the claimants and debtors. *See In re Taub*, 438 B.R. 39, 45 (Bankr. E.D.N.Y. 2010); *see also In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). Lifting the automatic stay here would allow G.R. to proceed in commencing a personal injury action without directly obligating the Debtor to furnish any direct payments to G.R. since the Debtor's or its subsidiaries' insurer would assume full responsibility for defending against G.R.'s claims.

2

The United States Court of Appeals for the Second Circuit has enumerated twelve factors for Bankruptcy Courts to consider when deciding to lift an automatic stay in these circumstances. *See In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (citing *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)). The factors to be weighed are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

All twelve *Sonmax* factors will not be relevant in every case. *See In re Masse*, 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court in its discretion need not grant equal weight to each factor. *See In re Burger Boys, Inc.*, 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Additionally, the Court has wide discretion to grant relief and lift the stay. *See In re Laventhol & Horwath*, 139 B.R. 109 (Bankr. S.D.N.Y. 1992); *In re Thomson McKinnon, Inc.*, 130 B.R. 721 (Bankr. S.D.N.Y. 1991).

As pertinent herein, the relevant factors include: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (5) whether the debtor's insurer has assumed full responsibility for defending it; (10) the interests of judicial economy and the expeditions and economical resolution of the litigation; and (12) impact of the stay on the parties and the balance of harms. Each of these factors weigh in favor of granting G.R.'s motion.

3

Here, regarding the first factor, lifting the automatic stay would result in a complete resolution of G.R.'s claims by allowing her to continue a personal injury action in the Circuit Court of Oregon, County of Multnomah, where the incident occurred and G.R. resides. Thus, that court would be the proper venue to hear G.R.'s claims.

Regarding the second factor, lifting the automatic stay would resolve the action without harm to the Debtor's estate and would not interfere in its bankruptcy case since the Movant is only seeking recovery against the Debtor's or its subsidiaries' general liability insurance policies that were in effect on the date of the incidents. Further, were the Court to grant the instant motion in its entirety, G.R would be bound to seek recovery limited only to those policy limits and would not seek a recovery in excess thereof. Thus, the prosecution of G.R.'s claims will neither reduce nor jeopardize the assets of the Debtor to the detriment of the other creditors.

Regarding the fifth factor, the Debtor was issued a general liability insurance policy for the purpose of defending against personal injury claims. Where the creditor must prove the liability of the debtor for the limited purpose of recovering from a debtor's insurer, case law supports the proposition that relief from an automatic stay should be granted. *See e.g., Green v. Welsh*, 956 F.2d 30 (2d Cir. 1992); *Terwilliger v. Terwilliger*, 206 F.3d 240, 247-248 (2d Cir. 2000).

In *Green v. Welsch*, after a Chapter 7 debtor, who had scheduled a tort claimant as an unsecured creditor with unliquidated claim, received a discharge of all scheduled claims, the tort claimant moved in state court to continue a negligence action. The debtor moved in bankruptcy court for enforcement of the permanent discharge injunction which protects the debtor from any personal liability on debt after discharge, and the tort claimant cross-moved in bankruptcy court for modification of the injunction pursuant to Section 524 of the Code. The bankruptcy court

4

denied the tort claimant's cross motion and held that the discharge injunction barred the tort claimant from maintaining her negligence action. On appeal, the United States District Court for the Western District of New York vacated that order and held that the discharge did not operate to enjoin the tort claimant from resuming her negligence suit, insofar as that action remained confined to obtaining a judgment to be paid by debtors' liability insurer. The District Court decision was affirmed on appeal by the United States Court of Appeals for the Second Circuit, which found it highly unlikely that the debtor would incur any expenses in defending the suit because the discharge left it free to default, thus compelling the insurer to pay the costs of litigation. *Green v. Welsch*, supra, 956 F.2d at 36.

The same reasoning should persuade this Court to grant the present motion. Under the Debtor's or its subsidiaries' general liability policy, the insolvency or bankruptcy of the debtor-insured, or its estate, shall not release the Debtor's insurance carrier from the payment of damages for injuries G.R sustained during the term of and within coverage of said policy.[1]

Regarding the tenth factor, this Court lacks jurisdiction to adjudicate G.R.'s personal injury tort claims pursuant to 28 U.S.C. § 157(b)(2)(O). *See In re Erickson*, 330 B.R. 346 (Bankr. D. Conn. 2005). Thus, it is in the interests of the expeditious and economical resolution of litigation that such be determined in district court.

Lastly, regarding the twelfth factor, lifting the stay would not impact the Debtor because they would have no financial obligation since the Debtor's insurance carrier(s) will bear the cost to defend against G.R's claims. As to any costs not borne by the Debtor's insurance carrier, case law states that the cost of defending litigation, by itself, is not regarded as constituting "great

---

[1] In the event G.R. obtains judgment against the Debtor and such remains unsatisfied at the expiration of the time stated in the insurance laws of the State of Oregon, G.R will commence an action against the Debtor's insurance company or risk retention policy to recover the judgment amount.

prejudice," precluding relief from the automatic stay. *See In re Unioil*, 54 B.R. 192 (Bankr. D. Colo. 1985). However, continuing the stay will harm G.R. by causing further, unnecessary delay in resolving her claims and obtaining any recovery for her loss, which would be provided solely by the Debtor's insurance carrier.

Based upon the foregoing, it is respectfully submitted that G.R. should be relieved from the automatic stay in order to commence a personal injury action against the Debtor in the Circuit Court for the State of Oregon. Accordingly, G.R. has met her burden of establishing sufficient cause to grant relief from the automatic stay.

## CONCLUSION

WHEREFORE, G.R. respectfully requests that the Court enter the prefixed Order and grant her relief as follows: (i) lifting the automatic stay pursuant to Section 362(d)(1) of the Code as it pertains to G.R. in order for her to continue a personal injury action against the Debtor and its affiliates in the Circuit Court of the State of Oregon; (ii) waiving the stay pursuant to Fed. R. Bankr. P. 4001(a)(3); (iii) holding that any recovery by G.R. against the Debtor shall be limited to the policy limit(s) of the general liability insurance coverage maintained by or available to the Debtor; (iv) holding that G.R. shall not seek additional recovery for personal injury claims from the Debtor, its estate or successors, in excess of the Debtor's or its subsidiaries' general liability insurance policy limit(s); and (v) such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 28, 2020

                                  MCLOUGHLIN, O'HARA,
                                  WAGNER & KENDALL, LLP

*/s/ Daniel M. O'Hara*
By: _____
Daniel M. O'Hara
250 Park Avenue, Floor 7
New York, NY 10177
Tel: (212) 920-6695
Fax: (917) 382-3934
Email: dohara@mowklaw.com

*Attorneys for the Movant, G.R.*

7