IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| G.R., an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>K Mart Corporation, a foreign business corporation; Sears, Roebuck and Company, a foreign business corporation; Walmart Inc., a foreign business corporation; Alli Crouse, an individual; and Joseph Quijada, an individual;<br><br>    Defendants. | Case No. 19CV18788<br><br>**1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL – Civil Action for Encouraging Child Sex Abuse, Negligent Hiring, and Negligence**<br><br>**(Case Not Subject to Mandatory Arbitration)**<br><br>**Filing Fee Pursuant to ORS 21.160 (1)(d): $834.00**<br><br>*Prayer Amount Not Greater Than $4.3 million* |

Plaintiff G.R. (hereinafter "Plaintiff") alleges as follows:

1.

At all material times, K Mart Corporation (hereinafter "K Mart") was a foreign business corporation doing regular and sustained business within Multnomah County, Oregon.

2.

At all material times, Sears, Roebuck and Company (hereinafter "Sears") was a foreign business corporation doing regular and sustained business within Multnomah County, Oregon.

PAGE 1 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

3.

At all material times, K Mart was a subsidiary of Sears, therefore the actions of all employees and/or agents of either company are attributable to Sears under the doctrine of Respondeat Superior.

4.

At all material times, Walmart Inc. (hereinafter "Walmart") was a foreign business corporation doing regular and sustained business within Multnomah County, Oregon.  The actions of all employees and/or agents of Walmart are attributable to the company under the doctrine of Respondeat Superior.

5.

At all material times, Alli Crouse, (hereinafter "Crouse") was an employee of K Mart store #4455 located at 3955 SW Murray Blvd., Beaverton, Oregon, 97005 wherein she acted in the course and scope of her employment as an assistant manager.  Ally's actions are attributable to K Mart and Sears under the doctrine of Respondeat Superior.

6.

At all material times, Joseph Quijada, (hereinafter "Quijada") was an employee of K Mart store #4455 located at 3955 SW Murray Blvd., Beaverton, Oregon, 97005 wherein he acted in the course and scope of his employment as a manager.  Quijada's actions are attributable to K Mart and Sears through the doctrine of Respondeat Superior.

7.

At all material times, Plaintiff was a minor while she was employed by K Mart at store #4455 located at 3955 SW Murray Blvd., Beaverton, Oregon, 97005 wherein she acted in the course and scope of her employment under the supervision of Crouse and Quijada.

///

PAGE 2 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

8.

At all material times, K Mart hired Quijada in early 2016, shortly after his employment ended with Walmart where he was also in a management position.

9.

During the summer of 2017, Plaintiff was sixteen (16) years old and was working part-time as a K Mart employee with duties as a cashier, merchandise stocker, and in various other positions as directed by her managers. At some point in August 2017, Plaintiff requested a change to her work schedule for an appointment. She was directed to provide her request directly to Quijada, the store manager. Quijada explained to Plaintiff that he needed her to provide her request via text message to his cell phone, which she did. Thereafter, Quijada began contacting Plaintiff via text message about non-work related matters in an attempt to sexually groom her. Quijada also began grooming Plaintiff while at work and manipulated her duties so that he could be alone with her. As Quijada continued grooming Plaintiff sexually, both at work and outside of work, he offered to provide her alcohol on a number of occasions. As the grooming progressed, Quijada requested and otherwise attempted to elicit or obtain nude photos from Plaintiff and even purchased a hotel room and attempted to lure her into meeting him for sex.

10.

During Quijada's grooming of Plaintiff from August through November of 2017, he was having sexual relationships with other female employees, including Crouse. Crouse, also a manager, saw Quijada grooming Plaintiff at work, and saw him manipulate her duties to be alone with the minor in private places throughout the store. On a few occasions, Crouse walked in on these private encounters and, as a result, had actual or constructive knowledge of what Quijada was doing but never intervened to stop it, facilitate its cessation, or report it.

PAGE 3 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**CALLAHAN LAW OFFICE**
385 First Street, Suite 215 • Lake Oswego, OR 97034
Phone: (503) 432-8312 • Fax: (503) 210-7997
Email: joshua@callahanlawyer.com

11.

On many occasions, other employees and supervisors made comments to Plaintiff that Quijada was not trustworthy and that she should be careful to not upset Crouse with all the attention she was receiving from Quijada.

12.

Nearly all of the employees, supervisors, and managers had an understanding that Quijada was acting inappropriately with Plaintiff and other female employees with whom he was having sexual relationships of varying degrees and the behavior went unreported for many months until Quijada attempted to lure Plaintiff to a hotel for sex.

13.

On information or belief, Quijada acted in this same inappropriate manner while employed by Walmart which ultimately lead to the end of his employment.  Walmart, through its employees and/or agents, failed to provide information about Quijada's dangerous behavior during the reference process with K Mart and/or Sears when Quijada was being considered for employment.

14.

At all material times, K Mart, Sears, and Walmart knew or had reason to know that Quijada had a propensity to be sexually aggressive towards female employees, and to use his position, status, and employment to exploit female employees for his own sexual gratification.

FIRST CLAIM FOR RELIEF
AGAINST QUIJADA, K MART & SEARS
(Encouraging Child Sex Abuse)

15.

Plaintiff realleges and reincorporates paragraphs 1-14 above.

/ / /

PAGE 4 -   1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

16.

At all material times, Quijada knew or should have known that Plaintiff was a minor.

17.

From May through November 2017, Quijada caused serious injury and/or harm to Plaintiff by engaging in activities to arouse and gratify his own sexual desires and manipulate Plaintiff in order to sexually groom and control her in the following ways:

a) Touching and hugging Plaintiff;

b) Taking Plaintiff to private areas of the store to be alone and talk;

c) Making persistent sexual comments to Plaintiff about her body;

d) Persistently text messaging Plaintiff about non-work matters;

e) Making continuous offers to purchase alcohol for Plaintiff;

f) Requesting nude photos from Plaintiff;

g) Receiving nude photos of Plaintiff; and

h) Requesting Plaintiff meet him in a hotel room to have sex.

### SECOND CLAIM FOR RELIEF
### AGAINST DEFENDANTS K MART, SEARS & CROUSE
(Common Law Negligence)

18.

Plaintiff realleges and reincorporates paragraphs 1-14 above.

19.

At all material times, Crouse, K Mart and/or Sears knew or should have known when Plaintiff was hired that she was a minor.

20.

At all material times, K Mart and/or Sears knew or should have known that from May

PAGE 5 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

through November, 2017, Quijada caused serious injury and/or harm to Plaintiff as alleged in paragraph 17 above.

21.

The actions described in paragraph 17 created the reasonably foreseeable risk of injury to plaintiff and did, in fact, cause her harm as described in paragraph 36 below.

22.

Despite their actual or constructive knowledge of the conduct and facts as described in paragraphs 10 and 17 and the reasonably foreseeable risk of harm as described in paragraph 36, K Mart, Sears, and Crouse failed to take reasonable steps to stop, prevent, or otherwise facilitate the cessation of its management employees' conduct, including, but not limited to, the conduct of Quijada and Crouse.

### THIRD CLAIM FOR RELIEF
### AGAINST K MART, SEARS, AND CROUSE
(Negligence Infliction of Emotional Distress)

23.

Plaintiff realleges and reincorporates paragraphs 1-14 above.

24.

By virtue of their employer and employee relationship with plaintiff, defendants K Mart, Sears, Quijada, and Crouse had a special relationship with plaintiff that imposed more demanding obligations to refrain from inflicting mental or emotional affronts than apply between strangers.

25.

Defendants K Mart, Sears, Quijada, and Crouse violated their duty to plaintiff by failing to take reasonable steps to stop, prevent, or otherwise facilitate the cessation of its management employees' conduct, including, but not limited to, the conduct of Quijada and Crouse as described in paragraphs 10 and 17.

PAGE 6 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

26.

In engaging in conduct as described in paragraph 25, K Mart, Sears, and Crouse acted with negligent disregard for their responsibilities and duties to plaintiff. As a result of their negligence, plaintiff suffered and will continue to suffer the emotional distress as described in paragraph 36 below.

FOURTH CLAIM FOR RELIEF
AGAINST K MART, SEARS, QUIJADA, AND CROUSE
(Intentional Infliction of Emotional Distress)

27.

Plaintiff realleges and reincorporates paragraphs 1-14 above.

28.

Defendants K Mart, Sears, Quijada, and Crouse while engaging in the conduct described in paragraphs 1-14 and 17 above knowingly and intentionally caused severe emotional distress to plaintiff. Plaintiff did in fact suffer severe emotional distress as a result of this conduct as described in paragraph 36 below. Defendants' conduct exceeded the bounds of socially tolerable conduct.

FIFTH CLAIM FOR RELIEF
AGAINST DEFENDANTS K MART & SEARS
(Negligent Hiring)

29.

Plaintiff realleges and reincorporates paragraphs 1-14 above.

30.

At all material times, K Mart and/or Sears knew or should have known when Plaintiff was hired that she was a minor.

31.

At all material times, K Mart and/or Sears had a duty to evaluate Quijada's fitness to be a store manager prior to hiring him.

///

PAGE 7 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

32.

On information or belief, K Mart and/or Sears were negligent in hiring Quijada in one or more of the following ways:

    a)    In failing to perform a sufficient background search of Quijada;

    b)    In failing to inquire with Walmart why they no longer employed Quijada;

    c)    In failing to warn employees of the danger Quijada presented given his past behavior;

    d)    In placing Quijada in a supervisory position over female employees given his prior history; and

    e)    In failing to follow up with references prior to hiring Quijada.

### SIXTH CLAIM FOR RELIEF
### AGAINST DEFENDANT WALMART
(Negligence)

33.

Plaintiff realleges and reincorporates paragraphs 1-14 above.

34.

At all material times, Walmart had a duty to disclose Quijada's propensity to be sexually aggressive towards female employees, and to use his position, status, and employment to exploit female employees for his own sexual gratification.

35.

On information or belief, Walmart was negligent in one or more of the following ways:

    a)    In failing to disclose pertinent hiring information to K Mart and/or Sears;

    b)    In failing to notify K Mart and/or Sears of Quijada's dangerous propensity; and

    c)    In providing a an insufficient reference for Quijada to K Mart and/or Sears.

///

PAGE 8 -    1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

36.

As a direct and proximate result of the above described conduct, Plaintiff suffered and will continue to suffer from embarrassment, mental suffering, emotional distress, humiliation, anguish, fear, depression, anxiety, a heightened sense of vulnerability, PTSD, and a loss of enjoyment of life, all to her noneconomic damages in a reasonable amount to be determined by a jury at trial but not to exceed $4 million. Plaintiff reserves the right to amend this amount at the time of trial.

37.

Additionally, as a result of the above described conduct, Plaintiff has sustained, and will continue to sustain into the future, economic damages in the form of medical billings for her care and treatment in a reasonable amount to be determined by a jury at trial but not to exceed $300,000. Plaintiff reserves the right to amend this amount at the time of trial.

38.

Plaintiff places Defendants on notice of her intention to seek leave to amend this Complaint to include punitive damages in accordance with ORS 31.725 with the Court's permission.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants as follows:

(1) for Plaintiff's noneconomic damages in an amount to be proven at trial but not to exceed $4 million. Plaintiff reserves the right to amend this amount at the time of trial;

(2) for Plaintiff's economic damages in an amount to be proven at trial but not to exceed $300,000. Plaintiff reserves the right to amend this amount at the time of trial; and

(3) for costs, disbursements, and such other relief as the Court deems just and appropriate.

///

**CALLAHAN LAW OFFICE**
385 First Street, Suite 215 • Lake Oswego, OR 97034
Phone: (503) 432-8312 • Fax: (503) 210-7997
Email: joshua@callahanlawyer.com

DATED: May 30, 2019

By: */s/Joshua V. Callahan*
Joshua V. Callahan, OSB No. 110853
Joshua@callahanlawyer.com
of Attorneys for Plaintiff

A TRIAL BY JURY IS HEREBY DEMANDED.

By: */s/Joshua V. Callahan*
Joshua V. Callahan, OSB No. 110853
Joshua@callahanlawyer.com
of Attorneys for Plaintiff

PAGE 10 -   1st AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL