UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SEARS HOLDINGS CORPORATION,

                    *Debtor.*

------------------------------------------------------------X

Chapter 11
Case No. 18-23538 (RDD)

**[PROPOSED]**
**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

      Upon the Motion of G.R., dated July 28, 2020, by her undersigned counsel, McLoughlin, O'Hara, Wagner & Kendall, LLP, seeking an Order: (i) pursuant to Section 362(d)(1) of the United States Bankruptcy Code, granting relief from the automatic stay so as to permit G.R. to continue an action against the debtor and or its subsidiaries in KMart and Sears, Roebuck, and Company, (the "Debtor"), in the Circuit Court of the State of Oregon, for claims arising out of incidents in which she sustained personal injuries in and around May 2017 through November 2017; (ii) waiving the stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; (iii) holding that any recovery by G.R. against the Debtor or its subsidiaries for claims arising out of said incident shall be limited to the policy limit(s) of the general liability insurance coverage maintained by or available to the Debtor and or its subsidiaries; (iv) holding that G.R. shall not seek additional recovery for claims arising out of said incident from the Debtor, its subsidiaries, its estate or successors, in excess of any applicable general liability insurance policy limit(s); and (v) such other and further relief as this Court deems just and proper.

      The Motion having come before this Court to be heard on _____, 2020 at __:__am/pm, and in consideration of the foregoing, and upon the Certificate of Service filed with

the Court, the record made at the hearing and the decision reached at the conclusion thereof, and after due deliberation, the relief requested appearing reasonable, proper, and warranted in fact and by law under Section 362(d) of the United States Bankruptcy Code to permit G.R. to exercise all of her rights and remedies under applicable law, it is hereby:

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that the Automatic Stay imposed in this case by Section 362(a) of the Bankruptcy Code is modified pursuant to Section 362(d) of the Bankruptcy Code so as to allow G.R. to continue a personal injury action against the Debtor and or its subsidiaries in The Circuit Court of the State of Oregon, Multnomah County, for claims arising out of the incidents in which she sustained personal injuries in or around May through November 2017; and it is further

**ORDERED** that any recovery by G.R. against the Debtor for claims arising out of said incidents shall be limited to the policy limit(s) of the general liability insurance coverage maintained by or available to the Debtor and its subsidiaries; and it is further

**ORDERED** that G.R. shall not seek additional recovery for claims arising out of said incident from the Debtor, its subsidiaries, estate or successors, in excess of any applicable general liability insurance policy limit(s); and it is further

**ORDERED** that the stay invoked pursuant to Fed. R. Bankr. P. 4001(a)(3) is waived and this Order is effective upon the signing of this Order.

Dated: _____, 2020
       White Plains, New York

                                                 _____
                                                 Hon. Robert D. Drain
                                                 United States Bankruptcy Judge