UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.<br><br>                                Debtors. | Chapter 11<br><br>Case No: 18-23538 (RDD)<br><br>(Jointly Administered) |
| BONNIE MULLINS,<br><br>         v.         Plaintiff,<br><br>KMART CORPORATION, et al.<br><br>                                Defendants. | Adversary Proceeding:<br><br>Case No: CV-418370<br>Lake County Superior Court<br>State of California |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

      Bonnie Mullins (the "Movant"), respectfully represents as follows in support of this motion.

      1.      This Motion seeks relief from the automatic stay to provisions of §362 of the United States Bankruptcy Code (11 U.S.C.§362 - The "Automatic Stay"). The Movant seeks relief from the automatic stay to continue a personal injury action currently pending in the Superior Court of California, County of Lake, against K-Mart Corporations, as a subsidiary of the Debtor Sears Holdings Corporation, et al. (collectively, the "Debtor"). The Movant seeks recovery from any and all insurance policies to the extent possible, maintained by or available to the Debtor. Through this Motion, the Movant does not seek relief to obtain recoveries from the Debtor, their estate or their successors, but will instead limit her efforts to seek recovery from the available insurance coverage.

## BACKGROUND

2. On or about March 24, 2016, the Movant Bonnie Mullins was a business invitee of K-mart Corporation located at 2019 South Main Street in Lakeport, California ("K-Mart Store").

3. Movant Bonnie Mullins sustained injuries at the K-Mart Store when she slipped on dog urine inside the store and sustained personal injuries.

4. The K-Mart Store was a subsidiary of Debtor Sears Holdings Corporation, and is the party (or one of several parties) responsible for inspecting, supervising, controlling, and ensuring regular sweep schedules inside their store premises.

5. The Movant contends her injuries were caused by the negligent and careless failure of the Debtor, and other responsible parties to inspect, supervise, control and maintain the inside of their store.

6. On July 15, 2016, the Movant sent a letter of representation to Sedgwick Claims Management Services, Inc. ("Sedgwick" - Attachment 1).

7. The Movant and Sedgwick continued settlement discussion and a demand package was sent on January 3, 2018. There was no response from Sedgwick.

8. On March 31, 2018, the Movant filed a lawsuit against K-Mart Corporation, et al., in the Superior Court of California, County of Lake, Bonnie *Mullins v. Kmart Corporation, et al.*, Case Number: CV 418370 ("Lawsuit"- Attachment 2).

9. On October 15, 2018, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in this Court. Because of the bankruptcy filing, the Movant's case was automatically stayed from continuing to pursue the Lawsuit and the requisite discovery.

10. On September 11, 2019, the defense counsel for Sedgwick provided a letter dated July 22, 2016 from Chubb North American Claims ("CHUBB") stating their general liability insurance was exhausted in its aggregate for the policy period of 8/1/16-7/31/16 and no coverage exists under this policy. (Attachment #1).

11. The Movant wishes to continue the Lawsuit in effort to prove the Debtor's liability to recover from their liability insurance. The Movant is not seeking to recover anything directly from the Debtor or their bankruptcy estate. Instead, the Movant will rely on the proceeds from their insurance policy to satisfy any judgment against them, or to better understand how proceeds were exhausted.

**LEGAL AUTHORITY FOR RELIEF REQUESTED**

12. Upon the filing of a Bankruptcy petition, an automatic stay takes place giving the Debtor "a short trip is it from creditors" demands, during which a debtor will have the opportunity to develop and implement plans to right the financial affairs" In re: Bogdanovitch, 292 F.3d 104, 101 (2d.Cir. 2002). The Bankruptcy Code provides that relief from the automatic stay may be granted after notice of a hearing, "for cause". [See 11 U.S.C. §326(d)(1).]

13. The bankruptcy code does not define the meaning of the phrase "for cause". See Bogdanovich, 292 F.3d at 110. In determining whether there is cause to grant relief from the automatics stay, a Court in this circuit should examine the factors outlined in In Re Snmax Indus, Inc. 907 F.2d 1280, 1286 (2d Cir 1990).

14. The factors to consider are as follows: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with the interference with the bankruptcy case; 3) whether the other proceeding involves the Debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear of the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of the other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success in the other proceeding would result in tthe judicial lien available by the debtor; 10) the interest of judicial economic and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of harms. Id.

15. All twelve Sonmax factors will not be relevant in every case. See In re Masse, 167 F.3d 139, 143 (2d Cir 1999). Furthermore, the Court in its discretion, need not grant equal weight to each factor. See In re Burger Boys, Inc., 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); In re New York Medical Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Additionally, the Bankruptcy Court has wide discretion to grant relieve and lift the stay. See In re Laventol & Horwath, 139 B.R. 109 (Bankr. S.D.N.Y. 1992); and Matter of Thomson McKinnon, Inc., 130 B.R. 721 (Bankr. S.D.N.Y. 1991).

16. In the instant matter, factors one, two, five, ten, eleven, and twelve are relevant and weight in Movant's factor in the instant application.

17. Under the first factor, granting relief will result in a complete resolution of the issues before this Court. The Movant will not seek recover from the estates or the Debtor, but instead limit their recover to any insurance policies in place.

18. Under the second factor, the Movant claims will not interfere with the Debtor's Chapter 11 efforts since she is only seeking recovery against the insurance policies.

19. Under the second factor, the Movant's claims will not interfere with Debtor's Chapter 11 efforts since the Movant is only seeking recovery against the insurance policies.

20. As to the fifth factor, there is an insurance company that has named the Debtor as the insured. While the insurance company, CHUBB has claimed the insurance policy is exhausted, the Movant should still be able to conduct discovery as to why this was exhausted when they knew of this pending claim, prior to the filing of the Lawsuit and prior to filing of the Chapter 11 Bankruptcy Stay. Should the Movant conduct efficient discovery to ensure there is no coverage, then the Movant will not proceed further. Where the creditor must prove the liability of the debtor for the limited purpose of recovery from a debtor case law supports the proposition that relief from an automatic stay should be granted. See e.g., Green v. Welsh, 956 F. 2d (2d Cir. 1992); and Terwilliger v. Terwilliger, 206 F. 3d 240, 247-248 (2d Cir. 2000)

21. As to factors ten and eleven, the Movant is prepared and willing to actively prosecute this matter in State Court.

22. As to factor twelve, the Movant has suffered delay and should, in the interests of justice, be given the opportunity to continue her action in State Court. The Debtor will not suffer as the Movant seeks the Debtor's available insurance coverage. When balancing the interests between the Movant and the Debtor, it is readily apparent that the Movant harm greatly outweighs the Debtor's harm.

23. In the event a judgment against the Debtor is recovered by the Movant, her recovery will be to the insurance policies only. Therefore the prosecution of this claim will and no manner reduce or jeopardize the assets of the Debtor to the detriment of the other creditors.

24. Further, under §157(b)(2)(B) of Title 28 United States Code, the liquidation or estimation of an non-liquidated personal injury tort claim is a non-core matter. A Bankruptcy Court lacks jurisdiction to liquidate non-core matters such as personal injury claim. See In re United States Lines, Inc., 1998 U.S. Dist. LEXIS 10135 (S.D.N.Y. July 9, 1998) aff'd 216 F. 3d 228 (2d Cir.2000). Regarding non-core matters, a Bankruptcy Court may only submit proposed findings of fact and conclusions of law to the District Judge who then may enter a final judgment. See 28 U.S.C §157(c)(1).22. Here, Movant's injury claim involves issues of state law which may be m more efficiently decided by a state court. Hearing of the Movant's personal injury claims by the bankruptcy court will not be in the interest of the expeditious an economical resolution of litigation because it will unnecessarily expand resources of bankruptcy proceeding.

      Wherefore, the Movant respectfully requests the court grant the instant application for relief from Bankruptcy Stay so that the matter may proceed to trial in State Court through trial and judgment, and, for such other and further relief as is just and proper.

Dated:  <u>July 30, 2020</u>          By:  _____
        Santa Rosa, California                Banyan Parker, Esq. (SBN 303125)
                                                    HANSEN & MILLER LAW FIRM
                                                    415 Russell Avenue
                                                    Santa Rosa, CA  95403
                                                    Office:  (707) 575-1040
                                                    Mobile: (707) 477-0555
                                                    Facsimile: (707) 575-3826
                                                    Email: banyan@hansenmiller.com

# ATTACHMENT 1

CHUBB

Chubb North American Claims
Primary Casualty
P.O. Box 5113
Scranton, PA 18505

818-428-3744 tel
818-428-3588 fax
will.elkner@chubb.com

**Will Elkner**
*Senior Claims Specialist*

July 22, 2016

**VIA CERTIFIED MAIL & EMAIL**

Rob C. Fanning
Managing Litigation Counsel
Risk Management Department
Sears Holdings Management Corporation
3333 Beverly Road
Hoffman Estates, IL 60179

Re:   Policy #:           HDOG27334143
      Policy Period:      8/1/15 - 7/31/16
      Insurer:            ACE American Insurance Company ("ACE")

Dear Mr. Fanning:

Chubb North American Claims ("Chubb") is now responsible for handling claims previously handled by ACE American Insurance Company ("ACE"). ACE insured Sears Holding Corp. under policy # HDOG27334143, for the period of 8-1-15 to 7/31/16. The policy was written with a Combined General Aggregate Limit of $5 million. It has been determined that paid losses falling within this Aggregate are in excess of the $5 million limit.

ACE writes this letter to inform you that with the exhaustion of the Combined General Aggregate limit, no coverage exists under this policy. Any additional loss in this policy period falls outside the scope of coverage granted under this policy. ACE has no obligation to pay for any loss within this policy period in excess of the Combined Aggregate Limit. We hope the references below will more fully illustrate ACE's position.

The Declarations of the above cited policy states:

> In return for the payment of the premium indicated above, we agree with you to provide the following coverage(s) at the limits shown, subject to all the terms and conditions of this policy.

| Coverage Form: | Limits of Insurance |
|---|---|
| COMMERCIAL GENERAL LIABILITY | |
| General Aggregate Limit (other than Products/Completed/Operations) | $5,000,000 |
| Products/Completed/Operations Aggregate Limit | $5,000,000 |

1 | P a g e

With the payment of losses in excess of $5 million, there is no longer a duty for ACE to provide coverage under this policy.



Additionally, the policy contains the COMBINED POLICY AGGREGATE endorsement. The endorsement states:

**Section III – LIMITS OF INSURANCE**

2. The General Aggregate Limit is the most we will pay for the sum of:

    a. Medical expenses under Coverage C.
    b. Damages under Coverage A, and
    c. Damages under Coverage B

With the payment of losses in excess of the Combined General Aggregate Limit, the policy is exhausted and Coverage is no longer available to you under this policy.



████████████████████████████████████████
████████████████████████████████████████
██████████████████████████
████████████████████████████████████
████████████████████████████████
████████████████████████████████████████

If you have any questions or would like to discuss, please feel free to contact me at (818) 428-3744.

Sincerely,
ACE American Insurance Company



Will Elkner
Senior Claims Specialist

   cc:  AON:    Tim Routhieaux, Tim.Routhieaux@aon.com

                     Carol Murphy, Carol.Murphy@aon.com

        ACE:    Christine Kloss, Christine.Kloss@acegroup.com

# ATTACHMENT 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KMART CORPORATION, and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BONNIE MULLINS



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT COUNTY OF LAKE
MAR 21 2018
Krista D. LeVier
by Danielle Andre
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Lake County Superior Court
255 N. Forbes Street, 4th Floor, Lakeport, CA 95453

CASE NUMBER:
*(Número del Caso):* W 418370

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Monte L. Hansen, Esq. Hansen & Miller Law Firm, 415 Russell Ave., Santa Rosa, CA 95403 (707) 575-1040

DATE:
*(Fecha)* MAR 21 2018

Clerk, by Danielle Andre
*(Secretario)* Krista D. LeVier   Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Monte L. Hansen, Esq. (SBN 61413)<br>Banyan Parker, Esq. (SBN 303125)<br>Hansen & Miller Law Firm<br>415 Russell Avenue, Santa Rosa, CA 95403<br>TELEPHONE NO: (707) 575-1040    FAX NO. *(Optional)*: (707) 575-3826<br>E-MAIL ADDRESS *(Optional)*: injury@hansenmiller.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Bonnie Mullins | FILED<br>SUPERIOR COURT COUNTY OF LAKE<br>MAR 2 1 2018<br>Krista D. LeVier<br>BY Danielle Andre<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Lake<br>STREET ADDRESS: 255 N. Forbes Street, 4th Floor,<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Lakeport, CA 95453<br>BRANCH NAME: Civil | |
| PLAINTIFF: Bonnie Mullins | |
| DEFENDANT: Kmart Corporation, | |
| [✓] DOES 1 TO 20,    inclusive. | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED *(Number)*:<br>Type *(check all that apply)*:<br>[ ] MOTOR VEHICLE    [✓] OTHER *(specify)*: Premises Liability<br>[ ] Property Damage    [ ] Wrongful Death<br>[✓] Personal Injury    [ ] Other Damages *(specify)*: | |
| Jurisdiction *(check all that apply)*:<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded    [ ] does not exceed $10,000<br>              [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>CV 418370 |

1. Plaintiff *(name or names)*: Bonnie Mullins
   alleges causes of action against **defendant** *(name or names)*:
   Kmart Corporation and DOES 1-20, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

| SHORT TITLE: Mullins v. Kmart Corporation, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant *(name)*: Kmart Corporation
      (1) ☑ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   c. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   b. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers)*: 1-20, inclusive  were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers)*: 1-20, inclusive  are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001 [Rev. January 1, 2007]    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    Page 2 of 3

| SHORT TITLE: Mullins v. Kmart Corporation, et al. | CASE NUMBER: | PLD-PI-001(4) |

_One_ (number)    **CAUSE OF ACTION—Premises Liability**    Page __4__

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint
(Use a separate cause of action form for each cause of action.)

Prem.L-1. Plaintiff (name): Bonnie Mullins
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On (date): 3/24/2016                         plaintiff was injured on the following premises in the following
fashion (description of premises and circumstances of injury):
On or about March 24, 2016, Plaintiff was a customer at Kmart Corporation in Napa, California. While Plaintiff was shopping she slipped and fell on dog urine falling hard onto the floor suffering injuries.

Prem.L-2.  [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were (names):
Kmart Corporation et al.

[✓] Does _1_ to _20_

Prem.L-3.  [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were (names):

[ ] Does _____ to _____
Plaintiff, a recreational user, was  [ ] an invited guest  [ ] a paying guest.

Prem.L-4.  [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were (names):

[ ] Does _____ to _____

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [✓] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were (names):

[✓] Does _1_ to _20_

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b  [ ] as follows (names):

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Monte L. Hansen, Esq. (SBN: 61413)<br>Banyan Parker, Esq. (SBN: 303125)<br>Hansen & Miller Law Firm<br>415 Russell Avenue, Santa Rosa, CA 95403<br>TELEPHONE NO.: (707) 575-1040    FAX NO.: (707) 575-3826<br>ATTORNEY FOR *(Name):* Plaintiff, Bonnie Mullins | FILED<br>SUPERIOR COURT OF LAKE<br>MAR 21 2018<br>Krista D. LeVier<br>BY Danielle Andre |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Lake
STREET ADDRESS: 255 N. Forbes Street, 4th Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Lakeport, CA 95453
BRANCH NAME: Civil

CASE NAME:
Mullins v. Kmart Corporation et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited    ☐ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CV 418370<br>JUDGE:<br>DEPT: |
|---|---|---|

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19, 2018

Monte L. Hansen, Esq.
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2