Presentment Date and Hearing Time: August 7, 2020 at 12:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**WEIHAI LIANQIAO INTERNATIONAL COOP. GROUP CO., LTD'S OPPOSITION TO FIFTH MOTION FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE DEBTORS PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

Weihai Lianqiao International Coop. Group Co., Ltd. ("WLI") herby files its opposition to the Debtors' *Fifth Motion For Orders Establishing Streamlined Procedures Governing Adversary Proceedings Brought By The Debtors Pursuant To Sections 502, 547, 548 And 550 Of The Bankruptcy Code* (the "Motion").

---

[1] The debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. ("Sears") (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation ("Kmart") (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

I.

**OPPOSITION**

Pursuant to the Motion, the Debtors are seeking to impose rules, conditions, and dates and dealines governing a number of adversary proceedings (the "APs"), including one filed against WLI (the "WLI AP"). For example, the Motion seeks to (1) eliminate the requirement of a Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7026(f) meet and confer and/or subsequent scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 initial disclosures; (2) establish timelines for conducting fact and expert written discovery and depositions; (3) establish procedures and timetables requiring that the APs be referred to non-binding mediation; (4) establish who the mediators will be, how much will be charged for mediation, and how mediation charges will be, and (5) force defendants in the APs, including WLI and many other defendants that do not have office in the United States, to appear in person at mediations in New York, unless the Debtors and subject mediator agree otherwise. *See* Motion, ¶ 1, 15-25 and Exhibit C.

The foregoing might be ok if the defendants in the APs, including WLI, were included in negotiations regarding alterations to the Bankruptcy Rules governing the APs. However, here, the Debtors are trying to unilaterally alter the Bankruptcy Rules governing the APs to create unfair advantages and leverage for the Debtors in the APs. Far worse is the fact that the Debtors are trying to do this even before the summonses and complaints in the APs have been served on the defendants therein. Indeed, the summons and complaint underlying the WLI AP have not been served on WLI. As tacitly admitted by the Debtors, since WLI is a Chinese company, WLI will have to be served via the Hague Convention and this could take months or over a year. *See* Motion, ¶ 4. Proper service of the summons and complaint is a prerequisite to the Court obtaining jurisdiction over WLI in the WLI AP.[2]

---

[2] This Opposition, which is filed in the main case to the Motion, which was filed in the Main case and not in the WLI AP, does not constitute an appearance in the WLI AP, consent to service of the summons and complaint in the WLI AP other than as required under the Bankruptcy Rules and the Hague Convention, or acknowledgement of proper service of the summons and complaint in the WLI AP in conformance with the Bankruptcy Rules and the Hague Convention. I

Despite the foregoing, the procedures requested in regard to the WLI AP (and similar other APs where the amount in dispute is over $500,000) provide that "[t]he time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days *after the issuance of the summons*." *See* Motion, Exhibit C, at Exhibit 2, ¶ B.3. In other words, under the procedures requested by the Debtors, WLI could be required to file an answer or a response to the complaint against it in the WLI AP before the subject summons and complaint are properly served on it and, therefore, before the Court has jurisdiction over WLI in the WLI AP. If anything, the time when WLI (and other defendants) is required to file an answer or respond to the complaint against it should be tied to the time when proper service is effectuated, not to the date of the issuance of the summons. Under no circumstances should WLI be required to file an answer or respond to the complaint against it before WLI is properly served as required by the Federal Rules and the Hague Convention.

Similarly, despite having not properly served WLI with the summons and complaint in the WLI AP, the Debtors are seeking to set (1) a specific deadline of November 2, 2020 for WLI to make initial disclosures as required by Rule 7026, (2) a specific deadline of November 2, 2020 for WLI to serve discovery in the WLI AP, (3) a specific deadline of January 15, 2021 to complete non-expert discovery, (4) a specific date of January 29, 2020 when the WLI AP would be subject to mediation on the terms the Debtor sets and with specific deadlines to choose mediators and when mediation has to conclude. *See* Motion, Exhibit C, at Exhibit 2, ¶¶ E.6-8 and 14-20. The Debtors are also trying to alter other deadlines related to the WLI AP. *See* Motion, Exhibit C, at Exhibit 2, ¶¶ E.9-13.

All of the foregoing procedures, particularly ones that include specific dates and deadlines for WLI to take action in the WLI AP are objectionable, because, as noted, the underlying summons and complaint have not been properly served in WLI. Therefore, whether or not the dates and deadlines are workable cannot yet be ascertained. The parties would only know if the dates work if and when property service of the subject summons and complaint ae effectuated.

Until that time and the Court obtaining jurisdiction over WLI in the WLI AP, it is also unfair to allow the Debtors to unilaterally impose dates and deadlines on WLI in the WLI AP. To the contrary, the Debtors have not cited any law that allows them to seek relief specifically related to the WLI AP without first establishing the Court's jurisdiction over WLI in the WLI AP. *See In re Geauga Trenching Corp.*, 110 B.R. 638, 649 (Bankr. E.D.N.Y. 1990) (proper service in conformance with the Federal Rules is required before a court can exercise jurisdiction over the matter and the party upon which service is required); *In re Advance Watch Co., Ltd.*, 587 B.R. 598, 602–03 (Bankr. S.D.N.Y. 2018) (service of process on foreign defendants requires a plaintiff to comply with both U.S. and foreign law, meaning the Hague Convention for Chinese defendants).

## II.

## CONCLUSION

WHEREFORE, based on the foregoing, WLI respectfully requests that the Court enter an order (1) denying the Motion and (2) affording such further and other relief as the Court deems appropriate under the circumstances.

Dated: Los Angeles, California
August 3, 2020

                                                LEVENE, NEALE, BENDER, YOO
                                                   & BRILL

                                              By: */s/ Todd M. Arnold*
                                              Todd M. Arnold
                                              Cal. Bar No. 221868
                                              (*pro hac vice* approved) [Dkt. 4790]
                                              10250 Constellation Blvd.
                                              Suite 1700
                                              Los Angeles, CA 90067
                                              T: 310-229-1234
                                              E: tma@LNBYB.com
                                              *Attorneys for Weihai Lianqiao International Coop. Group Co., Ltd*.