**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF IRA S. DIZENGOFF IN**
**SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION,**
***ET AL.*, TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD**
**LLP AS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 24, 2018**

Pursuant to 28 U.S.C. § 1746 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Ira S. Dizengoff, hereby declare as follows:

1. I am an attorney admitted to practice in the State of New York and before the United States District Court for each of the Southern District of New York and the Eastern District of New York.

2. I am a partner at the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). Akin Gump maintains offices at, among other places, One Bryant Park, New York,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365) ); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

New York 10036. There are no disciplinary proceedings pending against me.

3. I am familiar with the matters set forth herein and make this supplemental declaration (the "Supplemental Declaration") in connection with the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc *to October 24, 2018* [ECF No. 923] (the "Application")[2] and my initial declaration attached as Exhibit B to the Application (the "Initial Declaration"). The Application was filed on November 28, 2018 and granted by the Court on December 10, 2018 [ECF No. 1107].

4. As set forth in the Application, Akin Gump committed to file a supplemental declaration pursuant to Bankruptcy Rule 2014 to the extent it discovered new information that was relevant to the Application and merited disclosure. *See* Initial Declaration ¶ 26. Accordingly, in connection with Akin Gump's representation of the Creditors' Committee,[3] I submit this Supplemental Declaration to provide the additional disclosures set forth herein.

**Specific Disclosures**

5. On August 7, 2020, Melanie Miller agreed to join Akin Gump as an associate in the Financial Restructuring Group in the New York office, effective as of fall 2020.[4] Currently, Ms. Miller is employed as a law clerk for the Honorable Robert D. Drain, United States

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application or the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief*, dated October 15, 2019 [ECF No. 5370] (the "Confirmation Order"), as applicable.

[3] The following entities currently comprise the members of the Creditors' Committee: (i) The Bank of New York Mellon Trust Company, N.A. as Indenture Trustee; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A.; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group, L.P.; and (vii) Winiadaewoo Electronics America, Inc. *See Amended Notice of Appointment of Official Committee of Unsecured Creditors*, dated March 31, 2020 [ECF No. 7539]. In addition, pursuant to the terms of the Confirmation Order and effective as of the date thereof, Akin Gump also serves as "primary litigation counsel to act on behalf of the Litigation Designees to investigate, commence, prosecute and otherwise litigate the Jointly Asserted Causes of Action." *See* Confirmation Order ¶ 22.

[4] The specific date upon which Ms. Miller will join the firm has not yet been determined.

Bankruptcy Judge for the Southern District of New York, who is presiding over these chapter 11 cases.

6. Upon her arrival at Akin Gump, Ms. Miller will not be involved in Akin Gump's representation of the Creditors' Committee. Akin Gump will also notify lawyers and staff that Ms. Miller may not be involved in Akin Gump's representation of the Creditors' Committee or otherwise participate in discussions regarding the same. Finally, in order to avoid the appearance of impropriety and any improper disclosure of confidences of the Creditors' Committee, Akin Gump will establish an ethical wall between the attorneys and staff representing the Creditors' Committee and Ms. Miller.

7. In light of the foregoing, I do not believe that Ms. Miller's connections to the Honorable Robert D. Drain or this Court preclude Akin Gump from meeting the disinterestedness standard under the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief on this 12th day of August 2020.

/s/ *Ira S. Dizengoff*
Name: Ira S. Dizengoff