MORITT HOCK & HAMROFF LLP
James P. Chou
Ted A. Berkowitz
Danielle J. Marlow
1407 Broadway - 39th Floor
New York, New York, 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277

*Special Conflicts Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x
In re:                                             :    Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,              :    Case No.  18-23538 (RDD)
                                                   :
                                                   :    (Jointly Administered)
                        Debtors.[1]                :
-------------------------------------------------- x


**FIRST INTERIM FEE APPLICATION OF MORITT HOCK & HAMROFF LLP AS**
**SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD OF JANUARY 2, 2020, THROUGH JUNE 30, 2020**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | Moritt Hock & Hamroff LLP ("Moritt Hock")[2] |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors and the Litigation Designees |
| Petition Date: | October 15, 2018 |
| Date of Retention: | April 30, 2020, *nunc pro tunc* to January 2, 2020 |
| Prior Applications: | N/A |
| **Summary of Fees and Expenses Sought in this Application** | |
| Period Covered by this Application: | January 2, 2020, through and including June 30, 2020 (the "Compensation Period")[3] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $215,677.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $7,954.53 |
| Total Compensation and Expenses Requested for the Compensation Period: | $223,632.03 |

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting related Relief, dated October 15, 2019 [ECF No. 5370] (the "Confirmation Order") or the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors, dated October 15, 2019 [ECF No. 5370-1] (the "Plan"), as applicable.

[3] While this fee application covers the period January 2, 2020, through June 30, 2020, going forward, Moritt Hock will file all subsequent interim fee applications at four month intervals pursuant to paragraph 3 of the Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

| Summary of Fees, Professionals, and Rates in this Application | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (80% of Fees): | $132,623.60[4] |
| Expenses Sought in this Application Already Paid Pursuant to the Compensation Order But Not Yet Allowed (100% of Expenses): | $6,723.53 |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $139,347.13 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $84,284.90 |
| Voluntary Fee Waiver and Expense Reduction in this Compensation Period: | $0.00 |
| Summary of Fees and Expenses Sought in this Application | |
| Blended Rate in this Application for All Attorneys: | $555.00 |
| Blended Rate in this Application for All Timekeepers: | $417.78 |
| Number of Timekeepers Included in this Application: | 9 (5 attorneys; 4 paraprofessionals) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 0 |

---

[4] Moritt Hock has received $54,306.80 (80% of $67,883.50) as compensation for services rendered for the period January 2, 2020, through March 31, 2020, as requested in the First Combined Monthly Fee Statement [ECF No. 7942], $55,006.40 (80% of $68,758.00) as compensation for services rendered for the period April 1, 2020, through April 30, 2020 [ECF No. 7999] as requested in the Second Monthly Fee Statement [ECF No. 7999], $14,273.20 (80% of the estate related portion of estate related fees totaling $17,841.50) as compensation for certain services rendered for the period May 1, 2020, through May 31, 2020, as requested in the Third Monthly Fee Statement [ECF No. 8056], and $9,037.20 (80% of the estate related portion of estate related fees totaling $11,296.50) as compensation for certain services rendered for the period June 1, 2020, through June 30, 2020, as requested in the Fourth Monthly Fee Statement [ECF No. 8310].

| Increase in Rates Since Date of Retention: | N/A |
|---|---|
| Interim or Final Application: | Interim |

## SUMMARY OF MONTHLY FEE STATEMENTS

| DATE FILED | ECF NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES PAID | EXPENSES PAID |
|---|---|---|---|---|---|---|
| 5/13/20 | 7942 | 1/2/20 – 3/31/20 | $54,306.80 (80% of $67,883.50) | $6,105.76 | $54,306.80 | $6,105.76 |
| 6/2/20 | 7999 | 4/1/20 – 4/30/20 | $55,006.40 (80% $68,758.00) | $617.77 | $55,006.40 | $617.77 |
| 6/26/20 | 8056 | 5/1/20- 5/31/20 | $41,907.60 (80% $52,384.50) | $906.00 | $14,273.20 | $0 |
| 7/16/20 | 8310 | 6/1/20- 6/6/30/20 | $21,321.20 (80% of $26,651.50) | $325.00 | $9,037.20 | $0 |

Summary of Any Objections to Monthly Fee Statements: None
Compensation and Expenses Sought in This Application Not Yet Paid: $84,284.90

## COMPENSATION BY PROFESSIONAL
## JANUARY 2, 2020, THROUGH AND INCLUDING JUNE 30, 2020

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate 2020 | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Ted A. Berkowitz | Partner | Restructuring/ Bankruptcy | 1984 | $675 | 17.30 | $11,677.50 |
| James P. Chou | Partner | Litigation | 1997 (NY) 1996 (NJ) | $595 | 74.30 | $44,208.50 |
| Theresa A. Driscoll | Partner | Restructuring/ Bankruptcy | 2000 | $560 | 36.80 | $20,608.00 |
| Danielle J. Marlow | Partner | Litigation | 1997 | $550 | 127.40 | $70,070.00 |

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate 2020 | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Alex D. Corey | Associate | Litigation | 2014 | $395 | 89.00 | $35,155.00 |
| Victoria Jankowski | Paralegal | Litigation | N/A | $245 | 23.60 | $ 5,782.00 |
| Sheila Marino-Thomas | Paralegal | Litigation | N/A | $245 | 110.20 | $26,999.00 |
| Daniel Almont | Paralegal | Litigation | N/A | $250 | 0.30 | $     75.00 |
| Camille Hay | Paralegal | Litigation | N/A | $245 | 4.50 | $ 1,102.50 |

## TOTAL FEES FOR THE COMPENSATION PERIOD

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $595 | 255.80 | $146,564.00 |
| Associates | $395 | 89.0 | $ 35,155.00 |
| Paralegals | $246.25 | 138.60 | $ 33,958.50 |
| **Blended Attorney Rate** | **$555** | | |
| **Blended Rate for All Timekeepers** | **$417.78** | | |
| **Total Fees Incurred** | | | **$215,677.50** |

**TOTAL BY TASK CODE**
**JANUARY 2, 2020, THROUGH AND INCLUDING JUNE 30, 2020**

| Task Code | Total Hours Billed | Total Amount |
|---|---|---|
| Case Administration - B110 | 17.60 | $  8,388.50 |
| Asset Analysis and Recovery – B120 | 216.30 | $ 91,159.50 |
| Fee/Employment Applications - B160 | 145.10 | $ 68,715.50 |
| Litigation/Adversary Proceeding – B191 | 104.40 | $ 47,414.00 |
| **Total** | **483.40** | **$215,677.50** |

**EXPENSE SUMMARY**
**JANUARY 2, 2020, THROUGH AND INCLUDING JUNE 30, 2020**

| Description | Amount billed |
|---|---|
| Postage | $     20.17 |
| Photocopies – Inside | $     96.40 |
| Research and Records Fees | $     60.00 |
| Process Servers | $7,565.00 |
| Meals | $     31.65 |
| Telephonic Court Appearances | $   140.00 |
| Local Transportation | $     41.31 |
| **Total** | **$7,954.53** |

MORITT HOCK & HAMROFF LLP
James P. Chou
Ted A. Berkowitz
Danielle J. Marlow
1407 Broadway - 39th Floor
New York, New York, 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277

*Special Conflicts Counsel to the Official Committee of*
 *Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x

In re:            :    Chapter 11
                             :

SEARS HOLDINGS CORPORATION, *et al.*,    :    Case No.  18-23538 (RDD)
                             :

         Debtors[1].            :     (Jointly Administered)

-------------------------------------------------- :

                             x

**FIRST INTERIM FEE APPLICATION OF MORITT HOCK & HAMROFF LLP**
**AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD OF JANUARY 2, 2020, THROUGH JUNE 30, 2020**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Moritt Hock & Hamroff LLP ("Moritt Hock"), special conflicts counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Sears Holding Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby respectfully submits its first application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting interim allowance of compensation for services rendered to the Creditors' Committee by Moritt Hock for the period of January 2, 2020 through and including June 30, 2020 (the "Compensation Period") and for reimbursement of expenses incurred in connection therewith.[2] In support of this Application, Moritt Hock respectfully submits the certification of James P. Chou, a partner at Moritt Hock (the "Chou Certification"), which is attached hereto as **Exhibit A** and incorporated by reference into this Application. In further support of this Application, Moritt Hock respectfully represents as follows.

## INTRODUCTION

1.      By this Application, Moritt Hock seeks (i) interim allowance of compensation for the professional services rendered by Moritt Hock during the Compensation Period in the amount of $215,677.50, representing 344.80 hours of professional services and 138.60 hours of paraprofessional, and (ii) reimbursement of actual and necessary expenses incurred by Moritt Hock during the Compensation Period in the amount of $7,944.53.

---

[2] While this fee application covers the period January 2, 2020, through June 30, 2020, Moritt Hock file all subsequent interim fee applications at four month intervals pursuant to paragraph 3 of the Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

*2.*      This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"), the Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 327, dated April 22, 2019 [ECF No. 3307] (the "Fee Examiner Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines") and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee  Guidelines").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## BACKGROUND

### A.      The Debtors' Chapter 11 Cases

6.      On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The

Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Chapter 11 Cases are jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Chapter 11 Cases.

8.    On October 24, 2018 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102(a). *Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 276]. The Creditors' Committee currently comprises eight members.[3] Simon Property Group, L.P. serves as chair of the Creditors' Committee (the "Chair").

9.    On January 3, 2019, the U.S. Trustee filed the Motion of United States Trustee for Order Authorizing Appointment of Independent Fee Examiner [ECF No. 1490]. On April 22, 2019, this Court entered the Fee Examiner Order [ECF No. 3307]. On the same day, Paul E. Harner was appointed as fee examiner in the Chapter 11 Cases (the "Fee Examiner"). The Fee Examiner has retained Ballard Spahr LLP as legal counsel.

**B.    The Jointly Asserted Causes of Action**

10.    Pursuant to the Confirmation Order, the Court granted the Creditors' Committee joint standing with the Debtors and authorized it to investigate, commence, prosecute, settle and otherwise dispose of certain claims and causes of action (collectively, "Jointly Asserted Causes of Action") jointly with the Debtors for the benefit of the Debtors' Estates and creditors in accordance with the terms of the Plan.

---

[3] The following entities currently comprise the Creditors' Committee: (i) The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A.; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation ("PBGC"); (vi) Simon Property Group, L.P.; and (vii) Winiadaewoo Electronics America, Inc. *See Amended Notice of Appointment of Official Committee of Unsecured Creditors*, dated March 31, 2020 [ECF No. 7539].

4

11.     Due to certain potential conflict issues, the Creditors' Committee selected Moritt Hock to serve as special conflicts counsel with respect to matters pertaining to the Jointly Asserted Causes of Action.

**C.     Retention of Moritt Hock as Special Litigation Counsel**

12.     On January 2, 2020, the Creditors' Committee selected Moritt Hock as its special conflicts counsel in connection with the Chapter 11 Cases (the "Chapter 11 Cases") in order to investigate the Jointly Asserted Causes of Action. On April 9, 2020, the Creditors' Committee filed its application to retain and employ Moritt Hock as its special conflicts counsel [ECF No. 7799] (the "Moritt Hock Retention Application"), which application was authorized by an order of this Court dated April 30, 2020 [ECF No. 7884] (the "Moritt Hock Retention Order").

13.     The Moritt Hock Retention Order authorizes the Creditors' Committee to retain and employ Moritt Hock in accordance with Moritt Hock's normal hourly rates and disbursement policies, *nunc pro tunc* to January 2, 2020, all as contemplated by the Moritt Hock Retention Application. Specifically, the Moritt Hock Retention Order authorizes Moritt Hock to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**D.     Monthly Fee Statements**

14.     On May 13, 2020, Moritt Hock filed and served the First Combined Monthly Fee Statement of Moritt Hock & Hamroff LLP for Professional Services Rendered and Disbursements Incurred as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of January 2, 2020 through March 31, 2020 [ECF No. 7942] (the

"First Combined Monthly Fee Statement"),[4] pursuant to which Moritt Hock sought payment of (i) $54,306.80 (80% of $67,883.50) as compensation for professional services rendered and (ii) $6,105.76 for reimbursement of expenses. Moritt Hock did not receive any objections to the First Combined Monthly Fee Statement and received payment in respect thereof on June 12, 2020.

15.    On June 2, 2020, Moritt Hock filed and served the Second Monthly Fee Statement of Moritt Hock & Hamroff LLP for Professional Services Rendered and Disbursements Incurred as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of April 1, 2020, through April 30, 2020 [ECF No. 7999] (the "Second Monthly Fee Statement"),[5] pursuant to which Moritt Hock sought payment of (i) $55,006.40 (80% of $68,758.00) as compensation for professional services rendered and (ii) $617.77 for reimbursement of expenses. Moritt Hock did not receive any objections to the Second Monthly Fee Statement and on July 20, 2020, and July 28, 2020, Moritt Hock received payment in respect of the Second Monthly Fee Statement.

16.    On June 26, 2020, Moritt Hock filed and served the Third Monthly Fee Statement of Moritt Hock & Hamroff LLP for Professional Services Rendered and Disbursements Incurred as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of May 1, 2020 through May 31, 2020 [ECF No. 8056] (the "Third Monthly Fee Statement"),[6] pursuant to which Moritt Hock sought payment of (i) $41,907.60

---

[4] A copy of the First Combined Monthly Fee Statement can be accessed at:
https://restructuring.primeclerk.com/sears/Home-DownloadPDF?id1=Mzg5NDQx&id2=0

[5] A copy of the Second Monthly Fee Statement can be accessed at:
https://restructuring.primeclerk.com/sears/Home-DownloadPDF?id1=NDA4NDMx&id2=0

[6] A copy of the Third Monthly Fee Statement can be accessed at:
https://restructuring.primeclerk.com/sears/Home-DownloadPDF?id1=NDQxMDM5&id2=0

(80% of $52,384.50) as compensation for professional services rendered and (ii) $906.00 for reimbursement of expenses. Moritt Hock did not receive any objections to the Third Monthly Fee Statement, and on July 28, 2020, received payment of the estate related fee portion of the fees requested in the Third Monthly Fee Statement and remains unpaid for the balance of the fees and expense requested therein.

17.    On July 17, 2020, Moritt Hock filed and served the Fourth  Monthly Fee Statement of Moritt Hock & Hamroff LLP, for Professional Services Rendered and Disbursements Incurred as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of June 1, 2020 through June 30, 2020 [ECF No. 8310] (the "Fourth Monthly Fee Statement"),[7] pursuant to which Moritt Hock sought payment of (i) $21,321.20 (80% of $26,651.50) as compensation for professional services rendered and (ii) $325.00 for reimbursement of expenses. Moritt Hock did not receive any objections to the Fourth Monthly Fee Statement, and on August 12, 2020, received payment of the estate related fee portion of the fees requested in the Fourth Monthly Fee Statement and remains unpaid for the balance of the fees and expense requested therein.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

18.    By this Application, Moritt Hock respectfully requests allowance of interim compensation for professional services rendered to the Creditors' Committee during the Compensation Period in the amount of $215,677.50 and expense reimbursements of $7,944.53. During the Compensation Period, Moritt Hock attorneys and paraprofessionals expended a total of 483.40 hours for which compensation is sought.

---

[7] A copy of the Fourth Monthly Fee Statement can be accessed at:
https://restructuring.primeclerk.com/sears/Home-DownloadPDF?id1=NDc5ODYx&id2=0

19.     The fees charged by Moritt Hock in the Chapter 11 Cases are billed in accordance with Moritt Hock's existing billing rates and procedures in effect during the Compensation Period. The rates Moritt Hock charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Moritt Hock charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

20.     Moritt Hock maintains computerized records of the time spent by all Moritt Hock professionals and paraprofessionals in connection with its representation of the Creditors' Committee in the Chapter 11 Cases. A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of fees by task code is attached hereto in **Exhibit D**. The itemized time records for Moritt Hock professionals and paraprofessionals performing services for the Creditors' Committee during the Compensation Period records have been filed and served in the Monthly Fee Statements in accordance with the Interim Compensation Order.

21.     Moritt Hock also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

## SUMMARY OF SERVICES PERFORMED BY
## MORITT HOCK DURING THE COMPENSATION PERIOD

22.     The services provided by Moritt Hock during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of

the Creditors' Committee and commensurate with the complexity and significance of the matter. The variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Creditors' Committee's needs and the interests of the Debtors' unsecured creditors required the expenditure of significant time by Moritt Hock professionals and paraprofessionals from numerous legal disciplines during the Compensation Period.

23.     The following is a summary of the professional services rendered by Moritt Hock during the Compensation Period. This summary is organized in accordance with the ABA Bankruptcy Code Set, commonly used in bankruptcy matters. In classifying services into task codes, Moritt Hock attempted to place the services performed in the category that most closely related to the services provided. The below does not include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

24.     Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed. Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Creditors' Committee, as well as to identify some of the matters and issues that Moritt Hock was required to address during the Compensation Period.

**B110 - CASE ADMINISTRATION**

| Total Hours | Fees |
|---|---|
| 17.60 | $8,388.50 |

25.     This category includes time spent by Moritt Hock professionals and paraprofessional performing various administrative services in order to represent the Creditors' Committee effectively and efficiently, including, among other things, (i) reviewing and

analyzing pleadings and other documents filed by the Debtors and third parties relating to the 2004 Investigation and the Jointly Asserted Causes of Action; (ii) apprising Moritt Hock attorneys and paraprofessionals of recent filings and upcoming deadlines; (iii) preparing internal task lists and case calendars; and (iv) communicating with Akin Gump, primary counsel to the Creditors' Committee.

26.     Moritt Hock professionals and paraprofessionals also monitored the dockets for the Chapter 11 Cases, the Adversary Proceeding and all appeals to remain apprised of all critical matters. For each significant filing, Moritt Hock professionals and paraprofessionals worked to ensure that the appropriate parties were notified of its contents, relevant response deadlines, hearing dates and any other critical matters related thereto.

27.     Moritt Hock believes it was able to address all case management issues in connection with matters within the scope of its engagement in an effective and efficient manner.

## B160 - FEE/EMPLOYMENT APPLICATIONS

| Total Hours | Fees |
|---|---|
| 145.10 | $68,715.50 |

28.     This category includes the time spent by Moritt Hock professionals and paraprofessionals preparing and drafting, *inter alia*: (a) the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. to Retain and Employ Moritt Hock & Hamroff LLP as Special Conflicts Counsel, Effective Nunc Pro Tunc to January 2, 2020* (the "Retention Application") to investigate, commence, prosecute, settle and otherwise dispose of the Jointly Asserted Causes of Action which Retention Application was filed on

April 9, 2020 [ECF No. 7798] and approved by the Court on April 30, 2020, *nunc pro tunc* to January 2, 2020 [ECF No. 7884]; and (b) the Monthly Fee Statements.

29.    Pursuant to the Interim Compensation Order, each of the Monthly Fee Statements contained a list of individuals who rendered services to the Creditors' Committee during the relevant compensation period, information as to each individual's title, billing rate and hours worked and a comprehensive breakdown of the fees incurred and disbursements expended. To minimize costs in connection with this time-intensive process, Moritt Hock relied on paraprofessionals to prepare the initial drafts of the Retention Application and Monthly Fee Statements, thereby limiting the time spent by attorneys on the review of fees, where reasonably practicable.

30.    Moritt Hock professionals and paraprofessionals have also communicated with, and responded to requests from, representatives from M-III Partners respecting, among other things, weekly accrual information.

## B120 – ASSET ANALYSIS AND RECOVERY

| Total Hours | Fees |
|---|---|
| 216.30 | $91,159.50 |

## B191 – LITIGATION/ADVERSARY PROCEEDINGS

| Total Hours | Fees |
|---|---|
| 104.40 | $47,414.00 |

31.    These two categories include time spent by Moritt Hock professionals and paraprofessionals in connection with their role as Special Conflicts Counsel to the Creditors'

Committee, pursuant to the Moritt Hock Retention Order. Through this role, Moritt is, among other things, conducting the investigation of the Jointly Asserted Causes of Action.

32.    Specifically, Moritt Hock professionals and paraprofessionals, among other things: (i) reviewed relevant pleadings and underlying facts relating to the contemplated Jointly Asserted Causes of Action; (ii) served subpoenas for the production of documents relating to the contemplated Jointly Asserted Causes of Action; (iii) engaged in numerous meet and confers with counsel for certain of the subpoenaed parties regarding the Creditors' Committee's subpoenas, including but not limited to international service issues, (iv) conducted related legal research; (v) resolved discovery disputes related to the scope of the Creditors' Committee's document requests; (vi) reviewed and analyzed materials produced in response to subpoenas, and (vii) prepared materials for presentation to main counsel and the Creditors' Committee.

## ACTUAL AND NECESSARY DISBURSEMENTS

33.    Moritt Hock seeks allowance of reimbursement of expenses in the amount of $7,954.53 for expenses incurred during the Compensation Period in the course of providing professional services to the Creditors' Committee. Moritt Hock's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, as it relates to computerized research, Moritt Hock believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Moritt Hock in-house or through a third party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, discovery, telephonic court appearances and travel.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

34.     Bankruptcy Code section 330 provides, in relevant part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See* 11 U.S.C. § 330(a)(1). In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)   whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.     The clear congressional intent and policy expressed in Bankruptcy Code section 330 is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bantu. S.D.N.Y. 1991) ("Congress' objective in requiring that the market,

not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 850 (3d. Cir.1994) (citations and internal quotations omitted) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

36.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass 'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002*); Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) have been adopted by most courts.[8] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis*); In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial*

---

[8] The factors articulated by the Fifth Circuit in First Colonial were first articulated by the Fifth Circuit in Johnson, with the First Colonial out adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

37.       Moritt Hock respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

a.    <u>Time and Labor Required.</u> Moritt Hock billed a total of 344.80 hours of professional services and 138.60 hours of paraprofessional and other non-legal services during the Compensation Period. As evidenced by this Application, Moritt Hock professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Compensation Period. This is especially true when considering the nature and complexity of the issues that arose in the Chapter 11 Cases during the Compensation Period. In particular, the Compensation Period involved many material issues that required analysis of data, researching of applicable case law, and follow-up with subpoenaed parties on their productions or lack thereof. Moritt Hock respectfully submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases and the significant legal issues raised.

b.    <u>Novelty and Difficulty of the Questions.</u> Moritt Hock tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex bankruptcy, litigation, finance and other issues. As further described herein, Moritt Hock's skilled teams assisted the Creditors' Committee in researching and analyzing legal issues pertaining to third party challenges to the service of subpoenas, including claims of immunity under the Foreign Sovereign Immunities Act and objections based on the Hague Convention.

c.    <u>Skill Requisite to Perform the Legal Services Properly.</u> Moritt Hock believes that its recognized expertise in the area of bankruptcy litigation and corporate restructuring, its ability to draw from highly experienced professionals in other areas of Moritt Hock's practice and its creative approach to the resolution of issues has benefited the Debtors and the Creditors' Committee. Due to the nature and complexity of the legal issues Moritt Hock was retained to investigate and/or prosecute in the Chapter 11 Cases, Moritt Hock was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy and litigation matters. Additionally, Moritt Hock's strong working relationship with the Creditors' Committee's other legal advisors enabled Moritt Hock to work with such advisors to track and analyze data produced by subpoenaed parties and address relevant legal issues during the course of its investigation.

15

d.    Preclusion of Other Employment by Applicant Due to Acceptance of the Case. Although Moritt Hock's representation of the Creditors' Committee did not preclude its acceptance of new clients, the demands for immediate and substantive action in connection with the investigation relating to the Jointly Asserted Causes of Action imposed significant burdens on Moritt Hock professionals and paraprofessionals working concurrently on other matters.

e.    Customary Fee. The rates Moritt Hock charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Moritt Hock charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters. Moritt Hock's fee structure also is equivalent to the fee structure used by Moritt Hock for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. Moritt Hock's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.    Whether the Fee Is Fixed or Contingent. Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Moritt Hock increased the risk Moritt Hock was assuming by representing the Creditors' Committee as special conflicts counsel in the Chapter 11 Cases.

g.    Time Limitations Imposed by the Client or Other Circumstances. As previously set forth herein, Moritt Hock was required to attend to certain issues arising in the investigation relating to the Jointly Asserted Causes of Action under compressed timelines. The tremendous efforts of Moritt Hock professionals and paraprofessionals in completing this work permitted the Creditors' Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.    Amount Involved and Results Obtained. Moritt Hock professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Compensation Period, and as described in the summary of services herein, Moritt Hock was instrumental in maximizing value for the benefit of unsecured creditors. In particular,

Moritt Hock's efforts in connection with, among other things, the investigation relating to the Jointly Asserted Causes of Action, effectively maximized the potential assets available for distribution to unsecured creditors. Moritt Hock respectfully submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of unsecured creditors as more fully described in the summary of services.

i.    <u>Experience, Reputation and Ability of Attorneys.</u> Attorneys in Moritt Hock's Litigation & Restructuring group are consistently recognized as leading attorneys in the field of bankruptcy and bankruptcy related litigation as well as creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code. During the Compensation Period, Moritt Hock solicited the skill and expertise of its attorneys, a number of which have practiced law for over 20 years in a number of jurisdictions and legal disciplines. Moritt Hock attorneys have actively represented creditors and creditors' committees, as well as other parties in interest, in chapter 11 cases. Moritt Hock's extensive experience enables it to perform the services described herein competently and expeditiously.

j.    <u>"Undesirability" of the Cases.</u> This factor is not applicable to the Chapter 11 Cases.

k.    <u>Nature and Length of Professional Relationship.</u> Moritt Hock has been rendering professional services to the Creditors' Committee since it was selected as special conflicts counsel to the Creditors' Committee on January 2, 2020.

38.    For the reasons set forth above, the services rendered by Moritt Hock were necessary and beneficial to the Creditors' Committee and consistently performed in a timely manner. The compensation sought in this Application is reasonable in light of the value of such services to the Creditors' Committee and all unsecured creditors, Moritt Hock's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled practitioners at Moritt Hock. Accordingly, Moritt Hock respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

39.     No agreement or understanding exists between Moritt Hock and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases. No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

## **ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

40.     The following is provided in response to the request for additional information set forth in ¶ C.5. of the U.S. Trustee Guidelines.

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:     No.

**Question**:     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

**Question**:     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question**:     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response:     Yes. During the Compensation Period, approximately 17.9 hours and $6,415.50 in fees were spent reviewing time records for compliance with the Fee Guidelines.

**Question**:     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     See above.

18

| | |
|---|---|
| **Question**: | If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? |
| Response: | Moritt Hock disclosed to the Creditors' Committee the hourly rates charged at the time of its retention. Moritt Hock increases its rates on December 1, 2020, consistent with its customary practice and as disclosed in the Moritt Hock Retention Application (as defined herein). |

## RESERVATION OF RIGHTS

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Moritt Hock reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## CONCLUSION

**WHEREFORE**, Moritt Hock respectfully requests: (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $215,677.50 and expense reimbursement in the amount of $7,954.53; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Moritt Hock's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such

other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
         August 14, 2020                    MORITT HOCK & HAMROFF LLP


                                    By:    s/ James P. Chou
                                           James P. Chou
                                           Ted A. Berkowitz
                                           Danielle J. Marlow
                                    1407 Broadway - 39th Floor
                                    New York, New York, 10018
                                    Telephone: (212) 239-2000
                                    Facsimile: (212) 239-7277

                                    *Special Conflicts Counsel to the Official
                                    Committee of Unsecured Creditors of
                                    Sears Holdings Corporation, et al.*

**EXHIBIT A**

**CERTIFICATION OF JAMES P. CHOU**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
SEARS HOLDINGS CORPORATION, et al.,                     :   Case No.  18-23538 (RDD)
                                                        :
                                                        :   (Jointly Administered)
                          Debtors.¹                     :
------------------------------------------------------- x
```

### CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE FIRST INTERIM FEE APPLICATION OF MORITT HOCK & HAMROFF LLP AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES <u>FOR THE PERIOD OF JANUARY 2, 2020 THROUGH JUNE 30, 2020</u>

I, James P. Chou, hereby certify that:

1.       I am a partner with the law firm of Moritt Hock & Hamroff LLP ("<u>Moritt Hock</u>") located at 1407 Broadway, New York, New York.  Moritt Hock is special conflicts counsel to the Creditors' Committee of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>").

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.      In accordance with the Fee Guidelines, this certification is made with respect to the Application, for interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

3.      In respect of section B.1 of the Local Guidelines, I certify that:

(a)     I have read the Application;

(b)     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

(c)     the fees and disbursements sought are billed at rates in accordance with those customarily charged by Moritt Hock and generally accepted by Moritt Hock's clients; and

(d)     in providing a reimbursable service, Moritt Hock does not make a profit on that service, whether the service is performed by Moritt Hock in-house or through a third party.

4.      In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Moritt Hock has complied with those provisions requiring it to provide the Debtors and the Creditors' Committee with a statement of Moritt Hock's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.[2]

5.      In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Creditors' Committee are each being provided with a copy of the Application.

Dated: New York, New York                          By:       s/ James P. Chou
       August 14, 2020                                        James P. Chou

---

[2] We have been sending Moritt Hock's weekly accrual information to M-III Partners, L.P., the Debtors' restructuring advisors, on a weekly basis or as soon thereafter as was reasonably practicable.

**<u>EXHIBIT B</u>**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

| Blended Hourly Rates | | |
|---|---|---|
| **Category of Timekeeper** | **Billed by Timekeepers for Preceding Year[1]** | **Billed in this Application** |
| Partner | $552.50 | $595 |
| Associate | $375 | $395 |
| Paralegals | $230 | $246.25 |
| **All Timekeepers Aggregated** | **$385.83** | **$412.08** |

---

[1]Consistent with the U.S. Trustee Guidelines, this **<u>Exhibit B</u>** discloses the blended hourly rate for the aggregate of all timekeepers of Moritt Hock who billed during the Compensation Period, excluding all data from timekeepers practicing primarily in the financial restructuring group.

## EXHIBIT C

### SUMMARY OF COMPENSATION BY TIMEKEEPER

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate 2020 | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Ted A. Berkowitz | Partner | Restructuring/ Bankruptcy | 1984 | $675 | 17.30 | $11,677.50 |
| James P. Chou | Partner | Litigation | 1997 (NY) 1996 (NJ) | $595 | 74.30 | $44,208.50 |
| Theresa A. Driscoll | Partner | Restructuring/ Bankruptcy | 2000 | $560 | 36.80 | $20,608.00 |
| Danielle J. Marlow | Partner | Litigation | 1997 | $550 | 127.40 | $70,070.00 |
| Alex D. Corey | Associate | Litigation | 2014 | $395 | 89.00 | $35,155.00 |
| Victoria Jankowski | Paralegal | Litigation | N/A | $245 | 23.60 | $ 5,782.00 |
| Sheila Marino-Thomas | Paralegal | Litigation | N/A | $245 | 110.20 | $26,999.00 |
| Daniel Almont | Paralegal | Litigation | N/A | $250 | .30 | $      75.00 |
| Camille Hay | Paralegal | Litigation | N/A | $245 | 4.50 | $ 1,102.50 |

**EXHIBIT D**

**SUMMARY OF COMPENSATION BY TASK CODE**

| Task Code | Task Code Category | Actual Hours | Actual Amount |
|---|---|---|---|
| B110 | Case Administration | 17.60 | $8,388.50 |
| B120 | Asset Analysis/ Recovery re | 216.30 | $91,159.50 |
| B160 | Fee/Employment Applications | 145.10 | $68,715.50 |
| B191 | Litigation/ Adversary Proceeding | 104.40 | $47,414.00 |
| **TOTAL** | | **483.40** | **$215,677.50** |

**EXHIBIT E**

**SUMMARY OF EXPENSES BY CATEGORY**

| Description | Amount billed |
| --- | --- |
| Postage | $ 20.17 |
| Photocopies – Inside | $ 96.40 |
| Research and Records Fees | $ 60.00 |
| Process Servers | $7,565.00 |
| Meals | $ 31.65 |
| Telephonic Court Appearances | $ 140.00 |
| Local Transportation | $ 41.31 |
| **Total** | **$7,954.53** |