Presentment Date and Time: **September 11**, 2020 at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: **September 4**, 2020 at 11:30 a.m. (prevailing Eastern Time)
Hearing Date and Time (only if Objections Filed): **To Be Announced**)

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Theresa A. Foudy, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Fax: (212) 940-8776

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors.[1] | Chapter 11<br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SIXTH MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE DEBTORS PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Plaintiff**"), submit this *Third Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought By the Debtors Pursuant To Sections 502, 547, 548 and 550 of the Bankruptcy Code* (the "**Motion**") seeking entry of an order establishing procedures (the "**Proposed Procedures**") to govern adversary proceedings brought by one or more of the Debtors to avoid transfers and/or disallow claims pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code identified on schedule **Exhibit A** attached hereto (the "**Avoidance Actions**"). [2] In support of the Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.   In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy case (the "**Bankruptcy Case**"),[3] Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 7026(f) meet and confer and/or subsequent scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 initial disclosures; (b) establishing timelines for conducting fact and expert written discovery

---

[2] On or about November 7, 2019 and continuing through November 12, 2019, the Debtors filed approximately 400 complaints against certain other adversary proceeding defendants. A procedures order governing those defendants was entered by the Court on December 26, 2019 [Dkt. No. 6282]. The Debtors filed approximately 730 additional adversary proceedings on or about January 29, 2020 and continuing through February 6. 2020. A separate procedures motion concerning those cases has been filed by the Debtors and is pending before the Court [Dkt. No. 6282]. Accordingly, Plaintiff is proposing that only the Avoidance Actions listed on Exhibit A attached hereto be subject to the Proposed Procedures and deadlines in this Motion. All other adversary proceedings previously filed will be unaffected by this Motion or any proposed orders.

[3] The Debtors anticipate that in addition to the Avoidance Actions listed on Exhibit A, the Debtors will be filing additional waves of avoidance actions that may consist of approximately 2,000 complaints in total. The Debtors intend to submit a procedures motion substantially similar to the current Motion for each wave, so that all potential avoidance actions are treated similarly, albeit on a timeline most appropriate to the dates their respective complaints are filed.

and depositions; and (c) establishing procedures and timetables requiring that the Avoidance Actions be referred to non-binding mediation.

2.  Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules. Like the applicable Bankruptcy Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

## JURISDICTION AND VENUE

3.  The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

4.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  The statutory predicates for the relief requested herein are sections 105(a), 105(d), 502, 547, 548 and 550 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 7012, 7016, 7026, and 9006 of the Bankruptcy Rules, and Local Bankruptcy Rules 7016-2 and 9019-1. The requested relief is also justified under and consistent with the Court's *General Order M-452 Amending, and Restating M-143, M211, and M390* (the "**General Order**") dated June 28, 2013 (Morris, C.J.), as modified herein.

## BACKGROUND

6.  Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

8. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

9. On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief*, which provides, among other things, that certain causes of action, including claims and avoidance actions under Chapter 5 of the Bankruptcy Code, belonging to the Debtors and their estates as defined in the Debtors' Plan of Reorganization are preserved.

**RELIEF REQUESTED**

10.     Plaintiff has filed approximately four (4) Avoidance Actions, as more fully set forth on **Exhibit A** hereto, to recover avoid and recover transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code from the persons who are defendants in the Avoidance Actions (each, a "**Defendant**" and, collectively, the "**Defendants**"), and to disallow certain claims (if any) pursuant to sections 502(d) and/or 502(j) of the Bankruptcy Code held by such Defendants. .

11.     By this Motion, the Plaintiff seeks an order, substantially in the form attached hereto as **Exhibit B** (the "**Proposed Order**") approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

**THE PROPOSED PROCEDURES**

12.     The following is a summary of the Proposed Procedures. The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. Interested parties should refer to the Proposed Order attached hereto as **Exhibit B** for a complete understanding of the Proposed Procedures:[4]

    A.     **Extension of Time to Respond to Complaints**

13.     The Proposed Procedures extend a Defendant's time to answer or otherwise respond to a complaint by up to sixty (60) calendar days after each Defendant's initial response time expires. This extension will help to maximize the number of Avoidance Actions that the

---

[4] To the extent that there are any inconsistencies between the summary and description of the Proposed Procedures set forth in this Procedures Motion and the Proposed Order, the Proposed Order shall control.

Plaintiff is able to settle expeditiously, and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

### B. Waiver of Scheduling Conferences; Stay of Discovery Until Conclusion of the Mediation Process

14. The Plaintiff also requests that the Court (a) waive the requirement of a scheduling conference pursuant to Federal Rule of Civil Procedure (the "**Federal Rules**") 26(f), made applicable pursuant to Bankruptcy Rule 7026; (b) waive the requirement of the initial pretrial conference scheduled pursuant to Local Rule 7016-2; and (c) stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process (as defined below). Waiving and/or staying these requirements will facilitate settlement, minimize costs, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

15. Federal Rule 16(b), as incorporated by Bankruptcy Rule 7016, provides that a scheduling order may only be issued upon the Court receiving the parties' Rule 26(f) report, or issue the same after consulting with the parties at a scheduling conference. Additionally, Local Bankruptcy Rule 7016-2 provides that the Court shall schedule an initial pretrial conference in all adversary proceedings. However, good cause exists to waive both the meet and confer and scheduling/initial pretrial conference requirements due to the filing of this Procedures Motion.

16. Following the conclusion of the Mediation Process, if mediation does not resolve the Avoidance Action, the Proposed Procedures provide a uniform timeline for service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact and expert discovery. In light of the number of Avoidance Actions, the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the

Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics and eases the administrative burden of the Court.

   C. **The Mediation Process**

   17. Mandatory Mediation.  The Proposed Procedures provide that, unless otherwise agreed by the Debtor plaintiff and a Defendant, any Avoidance Action that has not settled by November 30, 2020 will be referred to mediation (the "**Mediation Process**").  Mediation will be privileged and confidential, and proceedings, discussions and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing or responsibility.

   18. Mediators.  Mediators will be chosen by Defendants from the list of mediators attached hereto as **Exhibit C** (the "**Mediators**").  Unless extended, Defendants must select a mediator in writing between December 1, 2020 and December 15, 2020.  If a Defendant does not timely choose a Mediator, the Plaintiff will assign a Mediator.  Limiting the number of Mediators assigned to Avoidance Actions will, among other things, (a) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all of the approximately 65 Avoidance Actions here (as well as the other avoidance actions previously filed), and (b) minimize the time and expense of negotiating with Defendants over potentially numerous mediator options.

   19. Time/Place of Mediation.  Mediations shall take place in New York, New York, except as otherwise agreed to by the parties and the Mediator. Mediations shall be held at the law office of the Debtors' counsel, the Mediator's office, or at another location agreed upon by the Mediator; provided, that, notwithstanding any other provision hereof, at the direction of the Mediator, any or all of the Mediation may be conducted telephonically or via a video conferencing

service. Each Mediator will provide the Plaintiff with dates on which he or she is available. The Plaintiff's counsel will contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis, and Defendants will receive at least twenty-one (21) calendar days' written notice of the date, time and location of the mediation. Mediation shall be attended in person, by telephone or video conference (as determined in consultation among the Parties and the Mediator) by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for the Debtor (who must have settlement authority from the Debtors, or a Debtor representative shall appear as well).

20.     Position Papers/Presentations.  At least seven (7) calendar days before mediation, the Debtor plaintiff and the applicable Defendant will be required to exchange position statements and provide such statements to the Mediator, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will have full authority to determine the nature and order of the parties' presentations, and she/he may implement additional procedures as are reasonable and practical under the circumstances. If any party fails to make required submissions or attend mediation, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action.

21.     Fees.  The Parties shall equally share the Mediator's fees. The Proposed Procedures provide for a fixed fee payable to the Mediator depending on the size of the action.

22.     Conflicts of Interest.  Without the prior consent of both parties no Mediator will mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall as required by any applicable rules of professional

responsibility. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action

**ARGUMENT**

23. There is ample authority for the Court to approve the Proposed Procedures. Specifically, Federal Rule 16(a), as made applicable by Bankruptcy Rule 7016, authorizes courts to enter scheduling and other orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

FED. R. CIV. P. 16(a).

24. In addition, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

25. Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue

orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

26.     Plaintiff's request for a referral to non-binding mediation comports with the General Order governing the referral of adversary proceedings to mediation. Plaintiff proposes a panel of six (6)[5] mediators from which Defendants can choose a mediator, rather than the entire register.  A good faith reason exists for the creation of a specific mediator panel:  a set list of specific mediators will aid the Debtors and the Defendants alike, as a set group of mediators will become familiar with issues common to this Bankruptcy Case.  Additionally, the costs to the estate are lessened when multiple adversary actions are mediated in blocks of time by the same mediator.  Cost efficiencies can also be realized to Defendants in situations where defense counsel may represent multiple Defendants.

27.     As the proposed Procedures Order provide for non-binding mediation, it will not prejudice any party.  In fact, the Debtors submit that all parties and the Court will benefit from the mediation provisions in proposed Procedures Order by providing the opportunity to resolve these matters without expensive, time consuming and burdensome litigation and trial. Referring adversary proceedings to mediation has proven highly successful in other bankruptcy cases in which the Debtors' counsel has represented plaintiffs in the prosecution of preference and fraudulent transfer actions.  Procedures orders containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the proposed Procedures Order have been entered in other cases pending in this district.  *See, e.g., In re Advance Watch Co. Ltd.,* Chapter 11 Case No. 15-12690 (MG) (Bankr. S.D.N.Y. November 16, 2017, D.I. 415); *In re*

---

[5] Although Plaintiff is proposing six (6) mediators, this is because of the aforementioned plan to file up to approximately 2,000 avoidance actions total.  Accordingly, the size of the panel is proportionate to the entire portfolio of potential avoidance actions.

*Quebecor World (USA) Inc., et al.*, Chapter 11 Case No. 08-10152-JMP (Bank. S.D.N.Y, March 10, 2016, D.I. 3935). In *Quebecor World (USA) Inc.,* the mediators were able to resolve 94% of the 350 adversary proceedings remaining at the mediation phase in less than 12 months.

28.     The Proposed Procedures are also consistent with the Local Rules, and are similar to procedures adopted in other cases with large numbers of adversaries where uniform procedures were beneficial to the administration of those cases. *See, e.g., In re Advance Watch Co. (Ibid.); In re Quebecor World (USA), Inc. (Ibid.); In re Central Grocers, Inc.*, *et al.,* Case No. 17-13886 (Bankr. N.D. Ill., May 29, 2018), Docket No. 1533-1; *In re Draw Another Circle, LLC, et al.,* Case No. 16-11452 (Bankr. D. Del. 2018, Aug. 30, 2017), Docket No. 1501; *In re Kid Brands, Inc., et al.,* Case No. 14-22582 (Bankr. D.N.J., Sept. 9, 2016), Docket No. 958; *In re Trump Entertainment Resorts, Inc., et al.*, Case No. 14-12103 (KG) (Bankr. D. Del., Nov. 18, 2016, D.I. 2186, cases less than or equal to $75,000.00; D.I. 2187, cases greater than $75,000.00); *In re RS Legacy Corp., et al.*, Case No. 15-10197 (BLS) (Bankr. D. Del., Dec. 14, 2015, D.I. 3675, cases less than or equal to $75,000.00; D.I. 3676, cases greater than $75,000.00).

29.     The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant, (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions, (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources, and (d) maximize the recovery of funds for creditors of the Debtors' estates. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, the Debtors submit that such variations are warranted in light of the number of Avoidance Actions associated with these Cases, absent which it may be extremely difficult for this Court to administer these matters. Accordingly, the Debtors believe

that the Proposed Procedures are appropriate under the circumstances and in the best interest of the estates' creditors, as well as all other parties to the Avoidance Actions, and should be approved.

## NOTICE

20. The Debtors has served a copy of this Motion and notice on those parties who are required to receive notice under the Case Management Order (ECF No. 405). The Debtors respectfully submit that no further notice is required.

21. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the Motion, enter the Proposed Order in the form attached hereto as **Exhibit B** and grant such other and further relief as the Court deems just and proper.

Dated: August 14, 2020                    **KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Steven J. Reisman*
    Steven J. Reisman, Esq.
    Theresa A. Foudy, Esq.
    575 Madison Avenue
    New York, NY 10022-2585
    Telephone: (212) 940-8800
    Fax: (212) 940-8776

    *Attorneys for Debtors
    and Debtors in Possession*