Taft Stettinius & Hollister LLP
Lynn R. Larsen, Esq. *(pro hac vice* pending*)*
200 Public Square
Suite 3500
Cleveland, Ohio 44114
Telephone: (216) 706-3885
llarsen@taftlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*,[1] | **Lead Case No. 18-23538 (RDD) (Jointly Administered)** |
| **Debtors.** | |

**GANNETT SATELLITE INFORMATION NETWORK LLC d/b/a USA TODAY'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Gannett Satellite Information Network LLC d/b/a USA Today ("Gannett"), by undersigned counsel, files this *Application for Allowance of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(A)* (the "Application") for goods and services provided to or for the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The debtors' mailing address is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

benefit of the Debtors after the Petition Date (defined herein). Gannett respectfully requests the entry of an order (i) granting it an allowed administrative expense in the amount of $142,617 substantially in the form attached hereto as Exhibit A (the "Proposed Order"), for amounts owed pursuant to the terms of Gannett's Agreement (defined below) with the Debtors and post-petition performance, (ii) directing that such sums be paid in full within 15 days of entry of the requested order, and (iii) granting such other and further relief as may be deemed just and proper under the circumstances of these cases.

In support of its Motion, Gannett states as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), each of the debtors in the above-captioned cases (collectively, "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with this Court.

2. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

3. Pursuant to the *Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* ("Plan"), all pending and subsequently filed administrative expense requests are adjourned until a date to be determined by the Debtors and/or the Liquidating Trustee and the subject claimant. (Confirmation Order, Dkt. 5371, ¶ 51.) All motions seeking allowance of administrative claims, including Gannett's Motion, are treated as "proof of an Administrative Expense Claim." (*Id*.)

4. Gannett, through its division reviewed.com, and the Debtors (through Kenmore/KCD Brands) are parties to a Licensing Agreement (the "Agreement") pursuant to which

2

Gannett provided the Debtors with Licensed Materials (as defined in the Agreement) used by the Debtors to enhance their ability to market and sell goods and services to the general public both prior to and after the Petition Date.

5.      Pursuant to the terms of the Agreement, the Debtors were to pay Gannett $150,000 per year for use of the Licensed Materials. Despite their continued use of the Licensed Materials, the Debtors failed to remit payment to Gannett for such use subsequent to the Petition Date. In fact, the Debtors continued to use the Licensed Materials through at least September 30, 2019 to aid in their marketing efforts, but have failed to make any payments to Gannett for any portion of their post-petition use of the Licensed Materials.

6.      Based upon a yearly licensing fee of $150,000, the per diem charge for the use of the Licensed Materials was $411/per day. Consequently, the Debtors presently owe Gannett at least $142,617 for their use of the Licensed Materials after the Petition Date.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. § 1409.

## ARGUMENT

8.      Under § 503(b)(1)(A) "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses.

9.      Allowing administrative claims pursuant to § 503(b)(1)(A) "furthers the goal of rehabilitation by encouraging third parties to supply goods and services on credit to the estate." *In re Patient Media*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998). The party making an administrative claim must establish that "(1) his claim arose from a transaction with or on account of consideration

furnished to the debtor-in-possession, and (2) the transaction or consideration directly benefitted the debtor-in-possession." (*Id.*)

10. Gannett's request for administrative expense status as described in this Motion arises directly out of transactions with the Debtors for the supply of products and services as authorized under §§ 1107 and 1108 of the Code. Gannett's transactions with the Debtors were necessary to the Debtors' continued operation of their businesses as a going concern.

11. The Agreement between Gannett and the Debtors and the Debtors' continued use of the Licensing Materials evidence an inducement by the Debtors, and their failure to timely pay for the use of the Licensing Materials constitute a breach of the Agreement.

12. Accordingly, the amount owed to Gannett of $142,617 should be deemed an administrative expense under § 503(b)(1)(A) because the Debtors' receipt and continued use of the Licensed Materials provided by Gannett conferred a direct post-petition benefit that was crucial to maximizing the value of these estates. Specifically, the Licensed Materials provided by Gannett greatly enhanced the Debtors' ability to market and sell their goods and services to the general public

13. Pursuant to the Confirmation Order and the Plan, this Application is to be treated as a proof of an administrative expense claim. (Confirmation Order, Dkt. 5371, ¶ 51.) The Court has adjourned all hearings on administrative expense claims, including Gannett's Application, until such time as a hearing is required and, as such, Gannett is not requesting a hearing on this Application at this time.

14. Having conferred a direct and critical benefit upon the Debtors' estates following the Petition Date, Gannett is entitled to have its fees paid in full as an administrative expense. 11

U.S.C. § 503(b). Furthermore, this Court should compel payment by the Debtors within 15 days of entry of the requested order.

## RESERVATION OF RIGHTS

15.     Gannett reserves all rights as to other post-petition amounts that are owed now or may be owed to Gannett by the Debtors in the future and reserves its right to amend this Application, or any claims asserted in the Debtors cases, for any reason. Nothing herein is intended to be a waiver of any of Gannett's' rights or defenses.

## CONCLUSION

WHEREFORE, Gannett respectfully requests that the Court enter an order (substantially in the form of the attached Exhibit A) (i) granting Gannett an allowed administrative expense claim in the amount of $142,617 pursuant to 11 U.S.C. § 503(b)(1)(A), (ii) directing that the sum of $142,617 be paid within 15 days of the requested order, and (iii) granting any other such relief as the Court deems just and proper.

Dated: August 18, 2020

        Respectfully submitted,

        By: _/s/ Lynn R. Larsen_____
        Taft Stettinius & Hollister LLP
        Lynn R. Larsen (*pro hac vice* pending)
        200 Public Square
        Suite 3500
        Cleveland, Ohio 44114
        Telephone: (216) 706-3885
        llarsen@taftlaw.com

        *Counsel for Gannett Satellite Information Network LLC d/b/a USA Today*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.,*[2] **Debtors.** | **Lead Case No. 18-23538 (RDD)** **(Jointly Administered)** |

**ORDER GRANTING GANNETT SATELLITE INFORMATION**
**NETWORK LLC d/b/a USA TODAY'S APPLICATION**
**FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**
**PURSUANT TO 11 U.S.C. 503(b)(1)(A)**

Upon the application (the "Application") of Gannett Satellite Information Network LLC d/b/a USA Today ("Gannett"), pursuant to sections 105(a) and 503(b) of title 11 of the United States Code, for entry of an order granting Gannett an allowed administrative expense claim in the amount of $142,617 on account of the goods and services ordered and delivered to or for the benefit of the debtors and debtors-in-possession in the above-captioned chapter 11 cases, through Kenmore/KCD Brands, after the commencement of the Debtors' bankruptcy case and seeking

---

[2] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The debtors' mailing address is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

payment of such sums within 15 days of entry of such order; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 (a) and (b) and 1334(b); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided and no further notice being required; and upon the Court's review of the Application and all responses thereto; and upon the Court's determination that the legal and factual bases set forth in the Application establish just cause for the relief requested therein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved.

2. Gannet is granted an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) in the amount of $142,617 (the "Allowed Administrative Claim").

3. The Debtors shall remit payment of the Allowed Administrative Claim to Gannett within 15 days of entry of this Order.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2020
White Plains, New York

                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE