UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ----------------------------------------------------------- | x : | |
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.* | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Joint Administration) |
| | : | |
| ----------------------------------------------------------- | x | |

### ORDER AUTHORIZING (I) THE ASSUMPTION OF THE INSURANCE PROGRAMS, AND (II) THE ASSIGNMENT OF A CERTAIN PORTION OF THE INSURANCE PROGRAMS AND THE DEBTORS' INTEREST IN CERTAIN COLLATERAL RELATED THERETO TO TRANSFORM HOLDCO LLC

Upon the motion, by *Notice of Presentment of the Order Authorizing (I) The Assumption of the Insurance Programs, and (II) the Assignment of a Certain Portion of the Insurance Programs and the Debtors' Interest in Certain Collateral Related Thereto to Transform Holdco LLC*, dated and served August 10, 2020 (the "Motion"); and upon entry of the *Order (I) Approving*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (Docket No. 2507) (the "Sale Order"), pursuant to which the Buyer purchased substantially all of the Debtors' assets, free and clear of all liens, claims, and encumbrances; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with Amended Case Management Order; and there being no objections to the relief granted herein; and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order or otherwise and no hearing is required with respect to the request for the relief granted herein; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good sufficient cause for the relief granted herein, and it appearing that the assumption of the Insurance Programs and the assignment of the Assigned Insurance Contracts to the Buyer pursuant to the Assumption Agreement[2] is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to the Sale Order and this Order, the Assumption Agreement, which is attached hereto as **Exhibit 1**, is approved.

2. Pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are authorized and directed to enter into this Assumption Agreement and any other agreements or documents necessary to effectuate the Transaction; provided, however, that if the Transaction does not take

---

[2] Terms not defined herein shall have the meanings attributed to them in the Assumption Agreement.

2

effect by the Program Transaction Date, the Assumption Agreement and this Order shall each be null and void.

3.  The Debtors are authorized and directed to assume the Insurance Programs pursuant to Sections 105 and 365 of the Bankruptcy Code; provided, however, that the Debtors shall not be required to pay any amounts or cure any defaults in connection therewith, Transform having agreed to cure all existing defaults, if any, according to the terms of the Assumption Agreement.[3]

4.  Debtors are authorized and directed to assign to the Assuming Entity pursuant to Sections 105 and 365 of the Bankruptcy Code (a) the Assigned Insurance Contracts and (b) without in any way altering or affecting the Chubb Companies' right, claims, title, and interest to and in the Letter of Credit, the Debtors' right, claims, title, and interest to the Assigned LOC Proceed Amount and the Returned LOC Proceeds.

5.  The Assuming Entity shall assume and be liable for all the AIC Obligations regardless of when such AIC Obligations arise or become due and owing.

6.  Upon the Program Transaction Date, any rights, claims, title, and interest of the Debtors or their estates to and in the Assigned LOC Proceed Amount, the Remaining LOC Proceeds, and the Returned LOC Proceeds shall be forever waived and released.

7.  The Chubb Companies shall be reimbursed for any remaining Retained Obligations, regardless of when such Retained Obligations arise or become due and owing, by the Chubb Companies applying, on behalf of the Debtors, the Remaining LOC Proceeds to such

---

[3] All Parties understand, accept and agree that (i) as of July 8, 2020, the liquidated amount due is $368,006 (the "Liquidated Amount") and (ii) certain obligations under the Insurance Programs may not become liquidated or otherwise due and owing until after the Agreement Effective Date (as defined herein) and further, that the Assuming Entity shall be liable for all AIC Obligations (as defined herein) regardless of when they become due and owing and notwithstanding this provision of the Final Order. The Chubb Companies agree to accept $168,006 in full satisfaction of the Liquidated Amount, provided that such amount is paid by the Assuming Entity from the Returned LOC Proceeds, as described in the Assumption Agreement.

Retained Obligations as they become due and owing. In the event that the Remaining LOC Proceeds are insufficient to pay all Retained Obligations, the Chubb Companies shall be precluded from seeking any further payment from the Debtors; provided, however, that nothing in the Transaction or the Final Order shall obligate the Chubb Companies in any way to pay or satisfy any obligations or liabilities of the Debtors under the Retained Insurance Contracts other than the Retained Obligations.

8. Without altering or in any way affecting paragraph 6 hereof, any proofs of claim filed by the Chubb Companies with respect to the Insurance Programs are hereby expunged.

9. Except as expressly agreed by the Chubb Companies in writing, this Order, the Assumption Agreement, and the Insurance Program shall not be altered by (and shall survive) any chapter 11 plan or any other order of the Bankruptcy Court (including any order providing for dismissal or conversion of the Chapter 11 Cases), and each of the Debtors and each of the Transform Entities and each of their successors and assigns including, but not limited to, any trustee appointed pursuant to the Bankruptcy Code, shall not take any action against the Chubb Companies that is inconsistent with terms of the Insurance Programs and/or the Assumption Agreement.

10. The automatic stay provided under Section 362(a) of the Bankruptcy Code and any injunction in any Plan, if and to the extent applicable, shall be lifted, without further order of the Court, to permit (a) claimants with workers' compensation and direct action claims arising under the Insurance Programs to proceed with their claims and (b) the Chubb Companies to administer, handle, defend, settle, and/or pay (including all costs related thereto) (I) all workers' compensation and direct action claims arising under the Insurance Programs and (II) any claim for which an order

4

has been entered by the Court granting the claimant relief from the automatic stay or any injunction in any Plan to proceed with its claim.

11. Effective upon the assignment of the Assigned Insurance Contracts:

   (a) The Buyer is assigned and shall be liable for any and all now existing or hereafter arising Obligations under the Assigned Insurance Contracts;

   (b) the rights and interests of the Debtors in the Assigned LOC Proceed Amount shall be transferred and assigned to the Buyer;

   (c) all right, title, and interest of the Debtors in the Assigned Insurance Contracts and the Assigned LOC Proceed Amount shall terminate;

   (d) the LOC Balance shall continue to secure the Debtors' obligations and liabilities under the Retained Insurance Contracts; and

   (e) Transform and the Debtors shall cooperate with Chubb in providing information reasonably necessary for premium audits or claims handling under the Insurance Programs.

12. The assumption and assignment of the Insurance Programs shall not be effective unless and until:

   (a) The Chubb Companies, the Buyer, and the Debtors shall have executed the Assumption Agreement; and

   (b) The Buyer and the Debtors shall have satisfied the conditions to effectiveness set forth in the Assumption Agreement.

13. The Assumption Agreement Release set forth in section 6 of the Assumption Agreement is hereby approved.

14. Within two (2) business days after the Chubb Companies receives the Draw (as defined in the Assumption Agreement), each of the Chubb Companies and the Transform Entities shall make or cause to make a payment to the Original Insureds in the amount of $100,000, plus one half of the amount of the reasonable and documented attorneys' fees incurred by the Original Insureds in connection with the Transaction, not to exceed $50,000 in the aggregate, in cash or other immediately available funds pursuant to payment instructions provided by the Original Insureds; <u>provided, however</u>, (i) on behalf of the Assuming Entity, the Chubb Companies shall make, as described in section 3.3(iv) of the Assumption Agreement, the payment of the amount (i.e., $100,000 plus up to $25,000) that the Assuming Entity owes the Original Insureds pursuant to section 2.1(b)(viii) of the Assumption Agreement, (ii) the Original Insureds will provide to the Chubb Companies and the Assuming Entity the supporting documentation for the reasonable attorneys' fees incurred by counsel to the Original Insureds no later than three (3) business days after the filing of the Notice of Presentment, and (iii) the Debtors shall be entitled to submit additional documentation for professional fees incurred after the filing of the Notice of Presentment, subject to the cap set forth in section 2.1(b)(viii) of the Assumption Agreement.

15. The limits provided for by Bankruptcy Code sections 507(a)(4) or 507(a)(5) shall not apply to any obligations related to workers' compensation insurance issued by the Chubb Companies.

16. This Order shall be immediately effective and enforceable upon its entry and the fourteen-day stays set forth in Rules 6004(h) and 6006(d) of the Bankruptcy Rules and the notice period set forth in Bankruptcy Rule 6004(a) shall be, and hereby are, waived for cause shown.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

18. This Order shall bind the Chubb Companies, each of the Debtors, each of the Transform Entities, and the Liquidating Trust established by the Confirmed Plan, and each of their respective successors in interest and assigns including, without limitation, any trustee appointed pursuant to the Bankruptcy Code.

Dated: August 20, 2020
      White Plains, New York

                                      */s/ Robert D. Drain*
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE