WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                          :    Chapter 11
                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,      :    Case No. 18-23538 (RDD)
                                               :
              Debtors.[1]                      :    (Jointly Administered)
------------------------------------------------------------x

### SUPPLEMENTAL CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On February 18, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Thirteenth Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 7302) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for March 10, 2020, at 4:00 p.m. (Prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. Prior to the Response Deadline, Debtors were contacted informally by certain parties subject to the Omnibus Objection (the "**Additional Parties**") who requested an extension of the Response Deadline. The Debtors and the Additional Parties agreed to extend the deadline to respond until Friday, March 13, 2020 at 12:00 p.m. (EST) (the "**Extended Response Deadline**").

4. Prior to the Extended Response Deadline, Debtors informally received the *Response of Exacme c/o Newacme, LLC (Claimant, Claim # 12227) in Opposition to Debtors' Thirteenth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims) [Docket 7302]* (the "**Omnibus Objection Response**") from Newacme, LLC ("Newacme"), which it was pursuing *pro se*. Following both the Response Deadline and the Extended Response

2

Deadline, on April 8, 2020, by and through its counsel, Newacme filed on the docket the *Response of Exacme c/o Newacme, LLC to Debtors' Motion (I) to Allow Administrative Claims and (II) Granting Other Related Relief* (ECF No. 7792) (the "**Motion to Allow Response**"). Attached to the Motion to Allow Response was the Omnibus Objection Response. Subsequently, on June 5, 2020, following discussion between Debtors' counsel and Newacme's counsel, Newacme filed its *Notice of Withdrawal of Response of Exacme c/o Newacme, LLC to Debtors' Thirteenth Omnibus Claims Objection [CM/ECF #7302]* (ECF No. 8007) (the "**Notice of Withdrawal**").

5. Now, both the Response Deadline and the Extended Response Deadline have now passed and, to the best of my knowledge, given the Notice of Withdrawal, with respect to the claims identified on **Exhibit 1** to the proposed order granting the relief requested in the Omnibus Objection (the "**Supplemental Proposed Order**"), no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

[*Remainder of the Page Intentionally Left Blank*]

6. Accordingly, the Debtors respectfully request that the Supplemental Proposed Order, attached hereto as **Exhibit A**, be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: August 26, 2020
New York, New York

>  */s/  Garrett A. Fail*
> Ray C. Schrock, P.C.
> Jacqueline Marcus
> Garrett A. Fail
> Sunny Singh
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York  10153
> Telephone:  (212) 310-8000
> Facsimile:  (212) 310-8007
>
> *Attorneys for Debtors*
> *and Debtors in Possession*

# Exhibit A

## Supplemental Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :    Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

Upon the *Debtors' Thirteenth Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)*, filed February 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 and 503(b)(9) under title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying or disallowing, as the case may be, the Asserted Priority Claims and the Asserted Ballot Claims, and (ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection and the opportunity for a hearing thereon having been provided in accordance with the Claims Procedures Order; and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and there being no objections to the relief granted herein; and it appearing that no other or further notice or a hearing being required with respect to such relief; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that as to Asserted Priority Claims covered hereby, for the reasons stated in the Objection the claimants have not carried their burden to show that they have a claim under 11 U.S.C. § 503(b)(9); and it appearing that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** hereto in the column as an "Asserted" "503(b)(9) Administrative Priority Claim" is reclassified as a general unsecured claim to the extent set forth on **Exhibit 1**.

3. Nothing herein shall otherwise constitute an admission or finding concerning the amount or validity of any of the claims.

2

4. The rights of the Debtors to object to all of the Asserted Priority Claims and Asserted Ballot Claims, in whole or in part, and on any basis, are specifically preserved.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
White Plains, New York

                                                HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE

WEIL:\97533185\3\73217.0004

# Exhibit 1

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| **Reclassified Claims** | | | | | |
|---|---|---|---|---|---|
| **Ref #** | **Name of Claimant** | **Affected Claim No.** | **Affected Ballot No.** | **503(b)(9) Administrative Priority Claim** | **Amount Reclassified as General Unsecured Claim** |
| 32. | Exacme | 12227 | 182353801042224 | $132,000.00 | $132,000.00 |