

**DAVID M. ZENSKY**
+1 212.872.1075/fax: +1 212.872.1002
dzensky@akingump.com

September 4, 2020

VIA ELECTRONIC COURT FILING

Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District
of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *In re Sears Holdings Corp., et al.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y.)

Dear Judge Drain:

    We write as counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), acting on behalf of the estates of Sears Holdings Corporation ("Sears") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the pending adversary proceeding captioned *Sears Holdings Corp., et al. v. Lampert, et al.*, Case No. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "Adversary Proceeding").[1]  Over the last nine months, the Creditors' Committee, on behalf of the Debtors' estates, has been actively conducting discovery pursuant to Bankruptcy Rule 2004 to identify certain non-insider shareholders of Sears who held shares at the time of, and thus benefitted from, two of the transactions that are at issue in the pending Adversary Proceeding: (1) the Lands' End Spin-Off and (2) the Seritage Rights Offering.[2]  Plaintiffs in the Adversary Proceeding intend to file one or more new complaints against certain of these non-insider shareholders asserting claims for fraudulent transfer in connection with these two transactions of the Debtors' estates.  It is likely that Plaintiffs will only assert claims against defendants (or affiliated groups of defendants) that received transfers worth in excess of $250,000.

    In order to identify the proper defendant parties, the Creditors' Committee served Rule 2004 subpoenas on various parties which held significant amounts of Sears stock "in street name."

---

[1] Pursuant to the *Order Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 5370] (the "Confirmation Order"), the Creditors' Committee was granted joint standing with the Debtors and was authorized to investigate, commence, prosecute, settle and otherwise dispose of (i) the Specified Causes of Actions, (ii) other Preserved Causes of Action against the ESL Parties, and (iii) all Claims and Causes of Action asserted in the pending Adversary Proceeding (as each such term is defined in the Confirmation Order). *See* Confirmation Order ¶ 17.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *First Amended Complaint* [Adv. Pro. No. 19-08250, ECF No. 52] filed in the Adversary Proceeding.



Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
September 4, 2020
Page 2

The Creditors' Committee identified these parties through review of public filings and through a subpoena served on Depository Trust & Clearing Corporation (DTCC), a security depository. The subpoenas sought documentation sufficient to identify the underlying beneficial owners of the shares held in street name by the subpoena recipient. For the Court's reference, attached hereto as **Exhibit A** is a copy of a representative subpoena served by the Creditors' Committee in connection with this discovery.

After extensive meet and confer efforts spanning several months, certain parties have either ignored the subpoenas, refused to produce any documents, or withheld the information sought by the Creditors' Committee. Of the parties Akin Gump has served subpoenas on behalf of the Creditors' Committee, 41 have either completed productions or represented that they have no responsive data.[3] Attached hereto as **Exhibit B** is a list of parties who have not complied with Akin Gump's subpoenas on behalf of the Creditors' Committee, either in whole or in part, and against whom we seek relief pursuant to this letter.

There is no legal basis for any such party to withhold the information sought by the Creditors' Committee's subpoenas. Six parties have simply ignored the subpoena or failed to produce the requested information despite having ample time to do so. Two parties have claimed – incorrectly – that they can refuse to provide the information because the claims Plaintiffs seek to assert would, in their view, be barred on the merits pursuant to 11 U.S.C. § 546(e). That provides no basis to withhold the discovery, and would be for the defendants to raise once the cases are filed.[4]

Pursuant to 11 U.S.C. § 546(a), the statute of limitations to file the actions described above is October 15, 2020. Accordingly, the Creditors' Committee respectfully requests this Court's intervention to compel production from the noncompliant parties. Pursuant to Rule 7007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and

---

[3] Additional subpoenas were served by Morritt Hock & Hamroff LLP as conflicts counsel to the Creditors' Committee. Morritt will write the Court separately regarding parties that have either not responded or objected to subpoenas it has served.

[4] Moreover, the assertion is completely unjustified. First, none of the defendants in the existing Adversary Proceeding has even suggested that the Lands' End transfers are safe harbored. Second, as we noted during the recently conducted oral arguments, the defendants' submissions respecting the Seritage Rights do not establish that Sears may be deemed a financial institution, and all the discovery we have received to date on this issue identifies Computershare, Inc. as the entity that performed the Subscription Agency Agreement with Sears, not Computershare Trust Company N.A. (August 19, 2020 Hr'g Tr. at 182:14-184:12, 186:6-11, 186:23-187:4). Ultimately, the applicability of the defense is for the Court to decide, not the third-party subpoena recipients.



Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
September 4, 2020
Page 3

Your Honor's individual rules, the Creditors' Committee respectfully requests a telephonic conference with Chambers to resolve these discovery disputes as soon as possible.

To the extent any of these respondents assert they are outside the jurisdiction of this Court and decline to consensually appear before Your Honor to resolve this matter, the Creditors' Committee will file the necessary motion papers in the applicable court outside New York, and seek costs and fees incurred in connection with each respondents' unjustified refusal to provide the requested information.

We are contemporaneously sending a copy of this letter to counsel for each party (or if counsel is unknown, the party) listed in Exhibit B.

                                      Respectfully submitted,

                                       /s/ David M. Zensky

                                      David M. Zensky