

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 5989
AROVIRA@SIDLEY.COM

September 8, 2020

**VIA ELECTRONIC COURT FILING**

Hon. Robert D. Drain
U.S. Bankruptcy Court for the Southern District
of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    In re Sears Holdings Corp., et al., Case No. 18-23538 (RDD) (Bankr. S.D.N.Y.)

Dear Judge Drain:

We represent Jefferies LLC ("Jefferies") with respect to the subpoena served by the Official Committee of Unsecured Creditors (the "Committee") of Sears Holding Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"). Shortly before 1 a.m. on the Saturday of the Labor Day weekend, the Committee served Jefferies with a letter asking this Court for a teleconference to discuss Jefferies compliance with the Committee's subpoena. Until Jefferies received this letter, it was unaware that the Committee intended to seek this Court's intervention. Needless to say, the Committee's request is highly inappropriate and should be denied.

*First*, the Committee did not even try to comply with Local Rule 7007-1 and this Court's individual rules. Although it is true that Jefferies had conferred in good faith with the Committee's conflicts counsel about the subpoena, the Committee's counsel told Jefferies's that it was **not** going to pursue court intervention. During a conversation on May 11, 2020, Jefferies explained that: (i) the Company considers the information sought in the subpoena to be trade secrets and confidential commercial information protected by Federal Rule of Civil Procedure 45(d)(3)(A)-(B); and (ii) the disclosure of this information could subject Jefferies to adverse consequences because the Rule 2004 Order does not identify Jefferies by name. The parties then discussed possible solutions to alleviate these concerns. After discussing these possible solutions internally, the Committee's counsel emailed Jefferies that—rather than seek Court intervention—it was "going to just go with

# SIDLEY

Page 2

Jefferies production in redacted [form] as is at least for now." *See* **Exhibit A**. The Committee then stood silent for *five months*—and didn't even try to contact Jefferies before requesting a conference with the Court.

*Second*, there is no basis to compel Jefferies to comply with the subpoena because the Rule 2004 Order (ECF No. 802) does not give the Committee authority to serve a subpoena on Jefferies. *See* **Exhibit B**. When the Committee sought authorization to serve discovery under Rule 2004, it planned to serve subpoenas on "certain third parties" that were "involved in or ha[d] knowledge of" certain "potentially problematic transactions." ECF No. 484 at 13-14, 21. The motion was brought with nine specific entities in mind: (1) ESL; (2) Seritage; (3) Fairholme; (4) Centerview Partners LLC; (5) Wachtell, Lipton, Rosen, & Katz; (6) Duff & Phelps, LLC; (7) Deloitte Touche Tohmatsu Ltd.; (8) Cushman & Wakefield; and (9) Debevoise & Plimpton LLP. *Id*. Neither the motion nor the Court's Order mention Jefferies; and the Committee has never sought authorization to serve a subpoena on Jefferies. Jefferies thus reasonably concluded that the subpoena was not properly authorized. Rather than cure this obvious deficiency, the Committee insisted (and, apparently, continues to insist) that Jefferies produce the names, account numbers, and contact information of its customers. But the Committee does not, and cannot, dispute that the original application did not name Jefferies, the order granting the Committee's request to serve discovery did not name Jefferies, and that the information the Committee seeks is protected under Federal Rule 45(d)(3)(A)-(B). Therefore, the subpoena is invalid and the Court should deny the Committee's request to compel compliance. *See, e.g.*, *In re Wilcher*, 56 B.R. 428, 434 (Bank. N.D. Ill. 1985) (quashing subpoena and noting that "Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs"); *In re CIS Corp.*, 123 B.R. 488, 490 (Bank. S.D.N.Y. 1991) (quashing Rule 2004 subpoena that required production of proprietary information); *In re Glitnir banki hf.*, 2011 WL 3652764, at *9 (Bank. S.D.N.Y. Aug. 19, 2011) (granting motion to quash document requests that were "plainly designed to get financial information" about third-parties).

*Third*, the Committee seeks to compel the disclosure of certain protected material that—by its own admission—is irrelevant. The Committee has represented to the Court that it likely "will only assert claims against defendants (or affiliated groups of defendants) that received transfers [of Lands' End stock or Seritage Rights] worth in excess of $250,000." ECF No. 8416 at 1. As the Committee is well aware, the value of Lands' End stock that many of Jefferies' customers owned is far less than $250,000. There is no basis for the Committee to demand Jefferies disclose the names, account numbers,

**SIDLEY**

Page 3

and contact information of these customers, now that it has disclaimed any intention to pursue claims against them.

For these reasons, Jefferies respectfully requests that the Court deny the Committee's request for a conference with the Court.

Sincerely,

/s/Alex R. Rovira

Alex R. Rovira

ARR:

cc:   All counsel ECF