# Exhibit A

| | |
|---|---|
| From: | Danielle J. Marlow |
| To: | Friedman, Benjamin I. |
| Cc: | Labuda, Jr., Thomas |
| Subject: | RE: In re Sears Holding Corp., et al. Case No. 18-23538 |
| Date: | Monday, May 11, 2020 4:02:30 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

Ben:

Thank you for your time today.

I spoke internally regarding what we discussed today, and we are going to just go with Jefferies production in redacted as is at least for now, without waiver of our rights to take further action if necessary in the future.

Thanks,
Dani

**From:** Friedman, Benjamin I. [mailto:benjamin.friedman@sidley.com]
**Sent:** Monday, May 11, 2020 11:10 AM
**To:** Danielle J. Marlow
**Cc:** Labuda, Jr., Thomas
**Subject:** RE: In re Sears Holding Corp., et al. Case No. 18-23538

Thanks, Dani. For the times today, do you mean CT or ET?

**BENJAMIN I. FRIEDMAN**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7841(o)/+1 202 697 1409(m)
benjamin.friedman@sidley.com

**From:** Danielle J. Marlow <dmarlow@moritthock.com>
**Sent:** Monday, May 11, 2020 9:39 AM
**To:** Friedman, Benjamin I. <benjamin.friedman@sidley.com>
**Cc:** Labuda, Jr., Thomas <tlabuda@sidley.com>
**Subject:** RE: In re Sears Holding Corp., et al. Case No. 18-23538

Hi Ben – sure, how about today at 2:30 or 3:00, or tomorrow afternoon?

**From:** Friedman, Benjamin I. [mailto:benjamin.friedman@sidley.com]
**Sent:** Monday, May 11, 2020 10:28 AM
**To:** Danielle J. Marlow
**Cc:** Labuda, Jr., Thomas
**Subject:** RE: In re Sears Holding Corp., et al. Case No. 18-23538

Hi Dani,

Thanks for your email. Do you have some time to discuss this week? I'm available this afternoon after 2pm and any time tomorrow afternoon.

Best,

Ben

**BENJAMIN I. FRIEDMAN**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7841(o)/+1 202 697 1409(m)
benjamin.friedman@sidley.com

**From:** Danielle J. Marlow <dmarlow@moritthock.com>
**Sent:** Tuesday, May 05, 2020 10:33 AM
**To:** Friedman, Benjamin I. <benjamin.friedman@sidley.com>
**Cc:** Labuda, Jr., Thomas <tlabuda@sidley.com>
**Subject:** FW: In re Sears Holding Corp., et al. Case No. 18-23538

Ben:

In fact, both the 2004 Motion itself, and the order granting that motion, gave the UCC authority to serve subpoenas on any third party who

might have information relevant to the subjects of inquiry set forth in the Motion (defined as the Insider Transactions and other pre-petition transactions, the "2004 Topics") – not just the entities specifically named.

For example, page 13 of the 2004 Motion states "The Committee respectfully requests that the Court enter an order pursuant to Bankruptcy Rule 2004, substantially in the form of the Proposed Order attached to this Motion as Exhibit A, authorizing the Committee to (i) serve documents requests/subpoenas (the "Requests") on, and (ii) take depositions of representatives of, the Debtors, ESL, Seritage, Fairholme, **and other entities involved in or having knowledge of the Insider Transactions and other potentially problematic transactions, including,** *but not limited to,* **the entities listed below**…" Further, footnote 28 to the Motion specifically reserves the right to take discovery of third parties not specifically named in the Motion "As explained above, the Committee is in the early stages of its investigation and bases its requests on the information currently available to it. The Committee is not suggesting that the entities listed in subparagraphs a through f of this paragraph necessarily are targets of its investigation; rather, the Committee believes that they are likely to have relevant information. The Committee reserves all of its rights to serve additional requests in the course of its investigation and to propound discovery in connection with any other matter that may arise in these cases."

In granting the 2004 Motion, the Court did not limit the discovery to just the listed third parties, but also other third parties – such as Jefferies – which may have relevant information:

> Upon the motion, dated November 5, 2018 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Committee") of Sears Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Company") for an order pursuant to the Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 and section 105 of the Bankruptcy Code authorizing expedited discovery of the Debtors and other third parties related to the alleged Insider Transactions[2] and other prepetition transactions (the "Rule 2004 Topics"); and, after due deliberation, the Court having concluded that the Committee has established sufficient cause for the relief granted herein; and no additional notice or hearing being required except as specified herein; now, therefore, it is hereby ORDERED that:
>
> 1. The Committee is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination of the Debtors *and other third parties* regarding the Rule 2004 Topics.
> 2. The Committee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examinations (each, a "Rule 2004 Subpoena").
> 3. Pursuant to Rule 9006, the deadline for providing written responses and objections to each Rule 2004 Subpoena shall be seven (7) calendar days of service.
> 4. The Committee *and the recipient of each Rule 2004 Subpoena* shall work diligently to expedite and substantially complete production of responsive documents as soon as reasonably practicable.

Put simply, the 2004 Order grants the UCC the right to subpoena any third party that may have evidence relevant to the 2004 Topics. Indeed, as noted, no other bank has read the 2004 Motion as you have because its plain language does not support your argument.

Please let me know at your earliest convenience is you are agreeable to provide the account names and dates as requested.

Thanks,
Dani

---

**From:** Friedman, Benjamin I. [mailto:benjamin.friedman@sidley.com]
**Sent:** Tuesday, May 05, 2020 10:03 AM
**To:** Danielle J. Marlow
**Cc:** Labuda, Jr., Thomas
**Subject:** RE: In re Sears Holding Corp., et al. Case No. 18-23538

Dani,

As we discussed during our last call, the Amended Stipulated Protective Order does not address our concern that the Subpoena was not properly authorized under Federal Rule of Bankruptcy Procedure 2004. When the UCC asked the Court to authorize discovery, it identified the entities on which it intended to serve document requests. *See* ECF No. 484 at 13-14. Jefferies was not among those entities listed in the UCC's Rule 2004 motion. Nor has the UCC ever sought— much less obtained—authorization to serve a subpoena on Jefferies. During our conversation, you did not dispute any of this. Instead, you said that other banks that had received subpoenas from the UCC were cooperating. While that may be true, it simply does not address the fact that, at the very least, there is a serious question about whether the Subpoena was authorized. Given the substantial privacy concerns involved, Jefferies cannot produce its customers' personal identifying information without additional clarity from the court. Let me know if you'd like to discuss.

Best,

Ben

**BENJAMIN I. FRIEDMAN**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7841(o)/+1 202 697 1409(m)
benjamin.friedman@sidley.com

---

**From:** Danielle J. Marlow <dmarlow@moritthock.com>
**Sent:** Monday, May 04, 2020 4:39 PM
**To:** Friedman, Benjamin I. <benjamin.friedman@sidley.com>

**Cc:** Labuda, Jr., Thomas <tlabuda@sidley.com>
**Subject:** FW: In re Sears Holding Corp., et al. Case No. 18-23538

Thank you Ben.  Hope you are all keeping safe and healthy as well.

Appreciate the production, but we do need the account names and dates.  In light of the Amended Stipulated Protective order in place, and your designation of these materials as Confidential, can you please provide this information?

Thanks,
Dani


**To view our COVID-19 Resource Page, click here.**

**Danielle J. Marlow**
*Partner*
Tel: 516.873.2000 | Email: dmarlow@moritthock.com
Web: www.moritthock.com





400 Garden City Plaza    | 1407 Broadway
Garden City, NY 11530    | New York, NY 10018

---

**From:** Friedman, Benjamin I. [mailto:benjamin.friedman@sidley.com]
**Sent:** Monday, May 04, 2020 11:16 AM
**To:** Danielle J. Marlow
**Cc:** Labuda, Jr., Thomas
**Subject:** RE: In re Sears Holding Corp., et al. Case No. 18-23538

Dani,

Attached is the information we discussed on our last call. Jefferies has designated this material "CONFIDENTIAL" under the Amended Stipulated Protective entered on December 7, 2018 in *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y), and this information is being produced subject to, and without waiving, all of the objections raised in Jefferies April 16, 2020 Responses and Objections to the subpoena. Let me know if you'd like to discuss.

I hope you and your family are staying safe and healthy.

Best,

Ben

**BENJAMIN I. FRIEDMAN**
Associate

**SIDLEY AUSTIN LLP**
+1 312 853 7841(o)/+1 202 697 1409(m)
benjamin.friedman@sidley.com

---

**From:** Danielle J. Marlow <dmarlow@moritthock.com>
**Sent:** Monday, April 27, 2020 1:19 PM
**To:** Friedman, Benjamin I. <benjamin.friedman@sidley.com>
**Subject:** In re Sears Holding Corp., et al. Case No. 18-23538


Hi Ben – good speaking with you.

As discussed, attached please find the Amended Stipulated Protective Order in place in the case.

Thanks,
Dani

**To view our COVID-19 Resource Page, click here.**

**Danielle J. Marlow**
*Partner*
Tel: 516.873.2000 | Email: dmarlow@moritthock.com
Web: www.moritthock.com



 

**400 Garden City Plaza**  | 1407 Broadway
**Garden City, NY 11530** | New York, NY 10018

CONFIDENTIALITY NOTICE:
This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, use, distribution or copying of this email, its contents, and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you have received this email in error, please immediately notify the sender and delete the email and any attachments and destroy any tangible manifestation thereof. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*