# Exhibit B



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

+1 312 853 7841
BENJAMIN.FRIEDMAN@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

April 16, 2020

**By Email & Certified Mail**

Danielle Marlow
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, NY 11530
dmarlow@moritthock.com

   Re: <u>In Re Sears Holdings Corp., Case No. 18-23538 (RDD) (S.D.N.Y. Bank.)</u>

Dear Ms. Marlow:

  Enclosed you will find Non-Party Jefferies LLC's Responses and Objections to the subpoena issued by the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al.* Please feel free to contact me if you would like to discuss this matter further.

            Regards,

            Benjamin I. Friedman

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>Hon. Robert D. Drain, U.S.B.J. |

**NON-PARTY JEFFERIES LLC'S OBJECTIONS AND RESPONSES**
**TO THE SUBPOENA ISSUED BY THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL*.**

Pursuant to Federal Rule of Civil Procedure 45,[1] Jefferies LLC ("Jefferies"), a limited liability company that is a non-party to the bankruptcy proceeding captioned *In re Sears Holdings Corp.*, *et al.*, No. 18-23538 (RDD) (the "Action"), hereby sets forth its Objections and Responses to the Official Committee of Unsecured Creditors of Sears Holdings Corporation's, *et al.* (the "Creditors' Committee") Subpoena to Produce Documents, Information, or To Permit Inspection of Premises in a Bankruptcy Case dated March 13, 2020 (the "Subpoena"). These Objections and Responses are based upon information reasonably available and specifically known to Jefferies and its attorneys as of the date of service. Jefferies reserves the right to supplement, amend, modify, or correct its objections and/or responses after considering information obtained through further investigation.

---

[1] The Federal Rules of Bankruptcy Procedure provide that Federal Rule 45 governs the issuance of, and Jefferies' compliance with the Subpoena. *See* Fed. R. Bank. P. 2004(c) & 9016.

## **RESERVATION OF RIGHTS**

Jefferies responds to the requests for production made in the Subpoena (each a "Request" and, collectively, the "Requests") pursuant to, subject to, and without waiving the General Objections (as defined below), which are hereby incorporated into each of the individual responses and objections and therefore need not be specifically repeated in such objection or response. No specific response or objection to any individual Request is a waiver of any of the General Objections, nor does any specific objection to a particular Request in any way limit the application of the General Objections to that particular Request.

Jefferies also submits these objections and responses subject to, without waiving, and expressly preserving the right to object: (a) on the grounds of competency, relevance, materiality, privilege, or any other applicable ground, to the use of responses provided to the Subpoena or the subject matter thereof, in any subsequent proceeding in, or the hearing of, this or any other action; and (b) on any ground to other document requests or other discovery proceedings involving or relating to the subject matter of the Subpoena.

The inadvertent production of any privileged or otherwise exempted or protected documents or information shall not be deemed to be a waiver of any applicable privilege, immunity, or other protection from discovery with respect to such document or information, or the subject matter thereof. Jefferies hereby claims such privilege, exemption, and protection insofar as implicated in the Requests and excludes privileged and otherwise exempted or protected information from its responses to the Requests. Moreover, in the event of any claim of an inadvertent production, the receiving party must promptly return such information to Jefferies and may not use the information for any purpose.

Neither Jefferies' objection to any Request nor its agreement to produce any category of materials called for by a Request shall be interpreted to mean (nor does it mean) that any such category of material in fact exists, and any such production will only consist of information that exists, is non-privileged, is in the exclusive possession, custody and control of Jefferies, and can be found based on a reasonable, good-faith search.

## **GENERAL OBJECTIONS**

In addition to the specific objections separately set forth below addressing each Request, these responses are subject as a whole to the following general objections (collectively, the "General Objections"), each of which is incorporated into each specific objection and response, whether or not specifically referred to:

1.      Jefferies objects to the Subpoena in its entirety because the Creditors' Committee did not properly obtain an order authorizing it to serve the Subpoena on Jefferies under Federal Rule of Bankruptcy Procedure 2004. When the Creditors' Committee sought authorization to serve discovery under Federal Rule of Bankruptcy Procedure 2004, it asked the Court for authorization to serve subpoenas on "certain third parties" that were "involved in or ha[d] knowledge of" certain "potentially problematic transactions." ECF No. 484 at 14, 21. The specific entities who, according to the Creditors' Committee, had knowledge of these transactions consisted of ESL, Seritage, Fairholme, Centerview Partners LLC, Wachtell Lipton, Rosen, & Katz, Duff & Phelps, LLC, Deloitte Touche Tohmatsu Ltd., and Debevoise & Plimpton LLP. *Id*. The Creditors' Committee did not seek authority to serve subpoenas on any other entities—including Jefferies. Nor did the Creditors' Committee give Jefferies notice of the Rule 2004 motion, which would have provided Jefferies an opportunity to object to the motion. The Court's Rule 2004 Order (ECF No. 802) therefore does not authorize the Creditors' Committee to serve the Subpoena.

2. Jefferies objects to the Subpoena to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated or set forth by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, the Local Rules of Southern District of New York, the Court's individual rules, any Court order, any other applicable law, or any agreement between counsel. Jefferies will construe and respond to the Subpoena in accordance with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of Southern District of New York, the Local Rules of the Bankruptcy Court for the Southern District of New York, the Court's individual rules, any Court order, any other applicable law, or any agreement between counsel.

3. Jefferies objects to the Subpoena to the extent that it purports to impose on Jefferies a duty to search for, secure, and produce documents or things not within its possession, custody, or control. Specific objections or statements that Jefferies will only search for and produce documents that are within its possession, custody, or control are provided for emphasis and clarity only, and the absence of such a specific objection or statement shall not be interpreted as evidence that Jefferies will produce documents or things that are not within its possession, custody, or control.

4. Jefferies objects to the Subpoena to the extent that it purports to seek discovery of documents that are in the possession, custody, or control of Jefferies' affiliates or subsidiaries having corporate identities separate and distinct from Jefferies and that are not in Jefferies' possession, custody, or control. Jefferies also objects to the Subpoena to the extent it purports to seek discovery of documents that are in the possession, custody, or control of any third parties working for Jefferies, including its attorneys, accountants, or advisors.

5. Jefferies objects to the Subpoena, including the definitions and instructions and each specific Request therein, to the extent it purports to impose upon Jefferies an obligation to conduct anything beyond a reasonable and diligent search of documents and materials in Jefferies' possession, custody, and control where responsive documents and materials would reasonably be expected to be found. Jefferies also objects to the Subpoena to the extent that it purports to require Jefferies to search for and produce documents, including e-mails and other electronic documents, that are not "reasonably accessible" as that term is used in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure. To the extent that Jefferies searches for and produces documents or materials in response to any Request, Jefferies will do so by conducting a reasonable search for responsive and non-duplicative documents or materials within its possession, custody and control.

6. Jefferies objects to the Subpoena to the extent that it purports to require the production of information or documents that are already in the possession of parties to the bankruptcy proceeding, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, including Debtors in the bankruptcy proceeding, or already produced by or requested from other parties.

7. Jefferies objects to the Subpoena, including the definitions and instructions and each specific Request therein, to the extent it is overbroad and/or unduly burdensome, including to the extent the Requests seek documents or materials "concerning" the subject matter referenced therein. Jefferies also objects to the use of undefined terms in the Subpoena, including the definitions and instructions.

8. Jefferies objects to the Subpoena to the extent that it purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, and/or any other additional available privilege,

5

immunity, or protection. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of such a specific objection shall not be interpreted as evidence that Jefferies does not object to a request on the basis of an applicable privilege, immunity, or protection. Jefferies will not produce any documents or information that are privileged or otherwise protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or other applicable privilege or immunity. Jefferies' disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, common-interest privilege, or any other applicable privilege, protection, immunity, law or rule is inadvertent and may not be construed to constitute a waiver by Jefferies of any such privilege, protection, immunity, or rights under any applicable law or rule.

9. Jefferies objects to the Subpoena as overbroad and unduly burdensome to the extent it purports to require the disclosure of trade secrets or confidential, proprietary, or sensitive business information of Jefferies. To the extent the Subpoena requires the disclosure of protected material, including but not limited to trade secrets, confidential information, proprietary information, or sensitive business information, Jefferies will not produce such information unless otherwise ordered by a court. *See* Fed. R. Civ. P. 45(d)(3)(A)-(B).

10. Jefferies objects to the Subpoena to the extent that it purports to require the disclosure of the identity of Jefferies' customers or other personally identifiable financial information, the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) (". . . a financial institution may not, directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information . . . ."); Cal. Fin. Code § 4052.5 (". . . a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information . . . ."); Fla. Stat.

6

§ 655.059(b)(2) ("The books and records . . . of any financial institution shall be kept confidential . . . and shall not be released except upon express authorization of the account holder."). To the extent the Subpoena requires the disclosure of another person's identity or other personally identifiable financial information, including but not limited to information implicating privacy interests, Jefferies will not produce such information unless otherwise ordered by a court. *See* Fed. R. Civ. P. 45(d)(3)(A)-(B).

11.     Jefferies objects to the Subpoena, including the definitions and instructions and each specific Request therein, to the extent it calls for the production of documents or information protected from disclosure under: (a) the laws or regulations of the United States, any individual state or any foreign country, nation, or any other foreign governmental entity; or (b) any court order or confidentiality agreement. Any disclosure by Jefferies of documents or information protected from disclosure under any such laws or regulations or under any court order or confidentiality agreement is inadvertent and may not be construed to constitute a waiver by Jefferies.

12.     Jefferies objects to the definition of "Sears" as overly broad, unduly burdensome, and vague because it purports to encompass Sears Holdings Corporation and "its subsidiaries and affiliates, all Debtors, and any of their respective officers, directors, employees, representatives, agents, or professionals." Jefferies will construe "Sears" to mean the entity issuing securities under the CUSIP number 812350106.

13.     Jefferies objects to the definition of "Transfer" as overly broad, unduly burdensome, and vague to the extent it purports to encompass "any transaction in which the receiving institution acts as a conduit transferring any shares, rights, or anything of value to another

7

conduit or the ultimate Beneficial Owner." Jefferies will construe "Transfer" to mean a transaction that falls within 11 U.S.C. § 101(54).

14. Jefferies objects to the Subpoena to the extent it seeks production of documents by April 3, 2020. Because of the COVID-19 pandemic, Jefferies did not receive a copy of the Subpoena until well after the time for compliance. On April 9, 2020, conflicts counsel for the Creditors' Committee agreed that the Subpoena would be deemed served as of April 9. Should Jefferies agree or be required to produce any documents in response to the Subpoena, Jefferies will confer in good faith with the Creditors' Committee regarding the timing of any such production. Jefferies will produce any documents in response to the Subpoena in electronic format via secure file transfer or via an appropriately convenient electronic format such as a disc or flash drive, sent via U.S. Mail or federal express.

15. Jefferies reserves the right to supplement these objections and responses from time to time, as appropriate.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

Subject to and without waiver of the foregoing General Objections, each of which is expressly incorporated by reference in each of the specific responses set forth below, Jefferies makes the following specific objections and responses:

**REQUEST NO. 1:**

Documents sufficient to identify (a) all shares of Lands' End that You received at the time of the Lands' End Spin-off, and (b) the capacity in which You received such a Transfer.

**RESPONSE TO REQUEST NO. 1:**

Jefferies objects to this Request as overly broad, unduly burdensome, and vague to the extent it requires Jefferies to identify "the capacity in which [Jefferies] received" Lands' End shares. Jefferies further objects to this request as overly broad and vague to the extent it seeks

8

documents related to a "Transfer" other than Jefferies' receipt of Lands' End shares at the time of the Lands' End Spin-off. Moreover, Jefferies objects to this Request to the extent it seeks trade secrets or confidential, proprietary, or sensitive business information of Jefferies. Finally, Jefferies objects to this Request to the extent it seeks the identity of Jefferies' customers or other personally identifiable financial information, the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) (". . . a financial institution may not, directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information . . . ."); Cal. Fin. Code § 4052.5 (". . . a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information . . . ."); Fla. Stat. § 655.059(b)(2) ("The books and records . . . of any financial institution shall be kept confidential . . . and shall not be released except upon express authorization of the account holder.").

Subject to and without waiving the foregoing objections, Jefferies will confer with the Creditors' Committee's counsel in good faith regarding this Request.

**REQUEST NO. 2:**

To the extent You did not retain the shares of Lands' End identified pursuant to Request One, documents sufficient to Identify (a) each Person or Persons to whom You transferred such Lands' End shares; (b) the number of Lands' End shares transferred to each such Person; (c) the estimated value of the awarded Lands' End shares transferred to each such Person; and (d) the address of each such Person.

**RESPONSE TO REQUEST NO. 2:**

Jefferies objects to this Request as overly broad and unduly burdensome because it seeks documents sufficient to "identify" each "person" who received Lands' End shares from Jefferies, which could consist of numerous individuals or entities. Jefferies further objects to this Request to the extent it seeks trade secrets or confidential, proprietary, or sensitive business information of Jefferies. Moreover, Jefferies objects to this Request to the extent it seeks the identity of Jefferies'

9

customers or other personally identifiable financial information (including addresses), the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) ("... a financial institution may not, directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information ...."); Cal. Fin. Code § 4052.5 ("... a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information .... "); Fla. Stat. § 655.059(b)(2) ("The books and records ... of any financial institution shall be kept confidential ... and shall not be released except upon express authorization of the account holder.").

Subject to and without waiving the foregoing objections, Jefferies will confer with the Creditors' Committee's counsel in good faith regarding this Request.

**REQUEST NO. 3:**

Documents sufficient to determine whether each Person Identified pursuant to Request Two was acting as an Intermediary concerning the Transfer of the Lands' End shares awarded in connection with the Lands' End Spin-off. If the Persons Identified pursuant to Request Two above were not the ultimate Beneficial Owners, produce documents sufficient to Identify each such ultimate Beneficial Owner.

**RESPONSE TO REQUEST NO. 3:**

Jefferies objects to this Request as overly broad and unduly burdensome because it purports to require Jefferies to produce "documents sufficient" to: (a) determine whether transferees of Lands' End stock were "intermediaries"; and (b) "identify" the "Beneficial Owners" who received Lands' End shares from Jefferies, which could consist of numerous individuals or entities. Jefferies further objects to this Request to the extent it seeks trade secrets or confidential, proprietary, or sensitive business information of Jefferies. Moreover, Jefferies objects to this Request to the extent it seeks the identity of Jefferies' customers or other personally identifiable financial information, the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) ("... a financial institution may not,

10

directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information . . . ."); Cal. Fin. Code § 4052.5 (". . . a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information . . . . "); Fla. Stat. § 655.059(b)(2) ("The books and records . . . of any financial institution shall be kept confidential . . . and shall not be released except upon express authorization of the account holder."). Lastly, Jefferies objects to this requests to the extent it seeks documents that were not created by Jefferies or are not within its possession, custody, or control.

Subject to and without waiving the foregoing objections, Jefferies will confer with the Creditors' Committee's counsel in good faith regarding this Request.

**REQUEST NO. 4:**

Documents sufficient to identify (a) all Seritage Rights that You received at the time of the Seritage Rights Offering, and (b) the capacity in which You received such a Transfer.

**RESPONSE TO REQUEST NO. 4:**

Jefferies objects to this Request as overly broad, unduly burdensome, and vague to the extent it requires Jefferies to identify "the capacity in which [Jefferies] received" Seritage Rights. Jefferies further objects to this request as overly broad and vague to the extent it seeks documents related to a "Transfer" other than Jefferies' receipt of Seritage Rights at the time of the Seritage Rights Offering. Moreover, Jefferies objects to this Request to the extent it seeks trade secrets or confidential, proprietary, or sensitive business information of Jefferies. Finally, Jefferies objects to this Request to the extent it seeks the identity of Jefferies' customers or other personally identifiable financial information, the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) (". . . a financial institution may not, directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information . . . ."); Cal. Fin. Code § 4052.5 (". . . a financial

11

institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information . . . . ");  Fla. Stat. § 655.059(b)(2) ("The books and records . . . of any financial institution shall be kept confidential . . . and shall not be released except upon express authorization of the account holder.").

Subject to and without waiving the foregoing objections, Jefferies will confer with the Creditors' Committee's counsel in good faith regarding this Request.

**REQUEST NO. 5:**

To the extent You did not retain the Seritage Rights identified pursuant to Request Four, documents sufficient to Identify (a) each Person or Persons to whom you transferred such Seritage Rights; (b) the number of Seritage Rights transferred to each such Person; (c) the estimated value of the Seritage Rights transferred to each such Person; (d) whether each such Person sold the Seritage Rights and/or tendered the Seritage Rights to receive shares of Seritage; and (e) the address of each such Person.

**RESPONSE TO REQUEST NO. 5:**

Jefferies objects to this Request as overly broad and unduly burdensome because it seeks documents sufficient to "identify" each "person" who received Seritage Rights from Jefferies, which could consist of numerous individuals or entities. Jefferies further objects to this Request to the extent it seeks trade secrets or confidential, proprietary, or sensitive business information of Jefferies. Moreover, Jefferies objects to this Request to the extent it seeks the identity of Jefferies' customers or other personally identifiable financial information (including addresses), the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) (". . . a financial institution may not, directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information . . . ."); Cal. Fin. Code § 4052.5 (". . . a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information . . . . ");  Fla. Stat. § 655.059(b)(2)

("The books and records . . . of any financial institution shall be kept confidential . . . and shall not be released except upon express authorization of the account holder.").

Subject to and without waiving the foregoing objections, Jefferies will confer with the Creditors' Committee's counsel in good faith regarding this Request.

**REQUEST NO. 6:**

Documents sufficient to determine whether each Person Identified pursuant to Request Five was acting as an Intermediary concerning the Seritage Rights awarded in connection with the Seritage Rights Offering. If the Persons Identified pursuant to Request Five above were not the ultimate Beneficial Owners, produce documents sufficient to Identify each such ultimate Beneficial Owner.

**RESPONSE TO REQUEST NO. 6:**

Jefferies objects to this Request as overly broad and unduly burdensome because it purports to require Jefferies to produce "documents sufficient" to: determine whether transferees of Seritage Rights were "intermediaries"; and "identify" "Beneficial Owners" who received Seritage Rights from Jefferies, which could consist of numerous individuals or entities. Jefferies further objects to this Request to the extent it seeks trade secrets or confidential, proprietary, or sensitive business information of Jefferies. Moreover, Jefferies objects to this Request to the extent it seeks the identity of Jefferies' customers or other personally identifiable financial information, the disclosure of which is not permitted by reason of contract, state or federal privacy laws, or any other binding legal obligation. *See, e.g.*, 15 U.S.C. § 6802(a) (". . . a financial institution may not, directly or through an affiliate, disclose to a nonaffiliated third party any nonpublic personal information . . . ."); Cal. Fin. Code § 4052.5 (". . . a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information . . . . "); Fla. Stat. § 655.059(b)(2) ("The books and records . . . of any financial institution shall be kept confidential . . . and shall not be released except upon express authorization of the account holder."). Lastly, Jefferies objects to

13

this requests to the extent it seeks documents that were not created by Jefferies or are not within its possession, custody, or control.

Subject to and without waiving the foregoing objections, Jefferies will confer with the Creditors' Committee's counsel in good faith regarding this Request.

Dated: April 16, 2020
Chicago, Illinois

**SIDLEY AUSTIN LLP**

*/s/ Benjamin I. Friedman*
Benjamin I. Friedman
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for Jefferies LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2020, I caused a true and correct copy of the foregoing to be served by email and U.S. mail upon the following counsel of record at the addresses shown below:

>Danielle Marlow
>Moritt Hock & Hamroff LLP,
>400 Garden City Plaza
>Garden City, NY 11530
>T: (516) 873-2000
>dmarlow@moritthock.com

>>*/s/ Benjamin I. Friedman*
>>*Attorney for Non-Party Jefferies LLC*