UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

### ORDER DISMISSING
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon the *Motion for Relief from Stay for Proceeding with State Court Personal Injury Action,* dated December 10, 2018 (ECF No. 1112, 1114) (the "**Motion to Lift Stay**") of Anthony Scullari (the "**Movant**"), requesting relief pursuant to 11 U.S.C. § 362(d)(1) from the automatic stay under 11 U.S.C. § 362(a) with regard to certain litigation commenced in the Supreme Court of the State of New York, County of New York, Index No. 159054/15 (the "**Prepetition Litigation**"), all as more fully set forth in the Motion to Lift Stay; and upon the *Notice of Agreed Order Dismissing Motion for Relief From the Automatic Stay* dated August 19, 2020 (ECF No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

8394); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the parties having agreed to the form of this Order, which relief is unopposed after due notice, it is hereby

## ORDERED THAT:

1.      The Motion to Lift Stay is granted in part, to allow Movant to continue the Prepetition Litigation against the non-debtor defendants named in the Prepetition Litigation; provided, that Movant shall not pursue the payment of any claims or judgments relating to the Prepetition Litigation from the Debtors or their estates or the Liquidating Trust[2] and shall waive collection from the Debtors of any and all amounts owed to Movant resulting from the Prepetition Litigation, as well as any and all claims filed against the Debtors relating thereto.

2.      The Motion to Lift Stay is dismissed with prejudice with respect to Movant's request for relief from the Automatic Stay to pursue the Prepetition Litigation against the Debtors.

3.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:  September 14, 2020
        White Plains, New York

                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

---

[2] "Liquidating Trust" shall have the meaning attributed to this term in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370).