**Hearing Date and Time: Tuesday, October 6, 2020 10:00 AM (Eastern Time)**
**Objection Date and Time: Monday, September 28, 2020 4:00 PM (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, *et al.*,           :   Case No. 18-23538 (RDD)
                                                :
Debtors.[1]                                     :   (Jointly Administered)
                                                :
-----------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER TO COMPEL
BANKRUPTCY RULE 2004 PRODUCTION OF DOCUMENTS**

AKIN GUMP STRAUSS HAUER & FELD LLP
David M. Zensky
Joseph L. Sorkin
Dean L. Chapman Jr.
One Bryant Park
New York, New York 10036

Lacy M. Lawrence
2300 N. Field Street, Suite 1800
Dallas, TX 75201

*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion"), of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry of an order compelling Force Capital Management, LLC ("Force Capital") and Knightsbridge Asset Management, LLC ("Knightsbridge") to produce the documents requested in the Creditors' Committee's Public Shareholder Subpoenas no later than October 9, 2020, pursuant to section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45, and 28 U.S.C. §§ 157 and 1334, as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, (the "Bankruptcy Court") on **October 6, 2020 at 10:00 a.m. (Eastern Time)** (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.), the Hearing will be conducted telephonically. Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[2] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Motion shall be in writing, conform to the Bankruptcy Rules and the Local Rules, filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice,* electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-

---

[2] The Bankruptcy Court's procedures for telephonic appearances are available at:
http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

1

ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures,* entered on November 1, 2018 [ECF No. 405], so as to be filed and received no later than **September 28, 2020 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Creditors' Committee may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

[*Reminder of page left blank intentionally*]

<table>
<tr><td>Dated: New York, New York<br>September 14, 2020</td><td>AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By: <i>/s/ David M. Zensky</i><br>David M. Zensky<br>Joseph L. Sorkin<br>Dean L. Chapman Jr.<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>dzensky@akingump.com<br>jsorkin@akingump.com<br>dchapman@akingump.com<br><br>Lacy M. Lawrence<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Telephone: (214) 969-2800<br>Facsimile: (214) 969-4343<br>llawrence@akingump.com<br><br><i>Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.</i></td></tr>
</table>

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
SEARS HOLDINGS CORPORATION, *et al.*,               :    Case No. 18-23538 (RDD)
                                                    :
            Debtors.[1]                             :    (Jointly Administered)
                                                    :
---------------------------------------------------------------x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER TO COMPEL BANKRUPTCY RULE 2004 PRODUCTION OF DOCUMENTS**

AKIN GUMP STRAUSS HAUER & FELD LLP
David M. Zensky
Joseph L. Sorkin
Dean L. Chapman Jr.
One Bryant Park
New York, New York 10036

Lacy M. Lawrence
2300 N. Field Street, Suite 1800
Dallas, TX 75201

*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this Motion (the "Motion") to Compel Bankruptcy Rule 2004 Production of Documents from Force Capital Management, LLC ("Force Capital") and Knightsbridge Asset Management, LLC ("Knightsbridge" and together with Force Capital, the "Nonproducing Parties"). In support of this Motion, the Creditors' Committee respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1. Pursuant to Bankruptcy Rule 2004 ("Rule 2004"), the Creditors' Committee began issuing subpoenas ten months ago to identify non-insider shareholders who benefitted from the Lands' End and Seritage transactions. The purpose of these subpoenas, as detailed below, was to obtain information necessary to file a separate action asserting fraudulent transfer claims against the non-insider shareholders, in the event that the Litigation Designees (as defined in the Confirmation Order) decide it would be beneficial to the Debtors' estates to do so.

2. Pursuant to 11 U.S.C. § 546(a), the statute of limitations to file this separate action expires on October 15, 2020.

3. After extensive meet-and-confer efforts spanning several months, most of the 127 subpoenaed parties complied with the subpoenas and provided the Creditors' Committee with the requested information. Nevertheless, seven (7) of the subpoenaed parties—who are the subject of this Motion and a parallel motion to be filed by conflicts counsel to the Creditors' Committee— have chosen to flout this Court's Rule 2004 Order and not comply with the subpoenas. Specifically, this motion is made against Force Capital and Knightsbridge. Despite the Creditors'

---

[2] Capitalized terms used but not otherwise defined in this Preliminary Statement shall have the meanings ascribed to such terms in the sections below.

1

Committee's efforts to obtain basic discovery from Force Capital and Knightsbridge, it has become clear that these parties will not timely produce the requested information absent court intervention.

4.  With the statute of limitations to file actions just over one month away, it is imperative that the Creditors' Committee receive the information requested by the Rule 2004 subpoenas promptly to enable the Litigation Designees to perform their fiduciary duties to the Debtors' estates and assess whether to commence an action against the non-insider shareholders of Sears.  Accordingly, the Creditors' Committee respectfully requests that the Court enter an order compelling the Nonproducing Parties to produce the information requested by the Creditors' Committee no later than October 9, 2020.

## JURISDICTION AND VENUE

5.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Creditors' Committee confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested herein are section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45.

## BACKGROUND

7.  On November 16, 2018, the Court entered the *Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery of the Debtors and Third Parties* [ECF No. 802] (the "Rule 2004 Order").

2

8. Pursuant to the Rule 2004 Order, the Creditors' Committee was authorized to, among other things, "issue subpoenas for the production of documents relevant to the Rule 2004 Topics . . . ." Rule 2004 Order ¶ 2. "The Rule 2004 Topics" are wide-reaching and include both the Lands' End Spin-off and the Seritage Rights Offering.[3] *See Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery of the Debtors And Third Parties* [ECF No. 484], at 7-13. The Creditors' Committee and subpoena recipients were then required to "work diligently to expedite and substantially complete production of responsive documents as soon as reasonably practicable." Rule 2004 Order ¶ 4.

9. In accordance with the authority granted to it under the Rule 2004 Order, the Creditors' Committee has actively engaged in discovery to identify certain non-insider shareholders of Sears who held shares at the time of, and thus benefitted from, the Lands' End Spin-Off and the Seritage Rights Offering. As alleged in detail in the First Amended Complaint filed in the pending adversary proceeding captioned *Sears Holdings Corp., et al. v. Lampert, et al.*, Case No. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "Adversary Proceeding"), each of these transactions conveyed substantial value away from Sears to its shareholders at a time when Sears was balance sheet insolvent and/or cash flow insolvent and/or intended to incur debts beyond its ability to pay. *See, e.g.*, FAC ¶¶ 4, 10, 13-16. The purpose of the discovery was to identify the recipients of the fraudulent transfers, assess potential damages, and be prepared to file a fraudulent transfer lawsuit against certain of these non-insider shareholders in the event the Litigation Designees opt to do so.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *First Amended Complaint* [Adv. Pro. No. 19-08250, ECF No. 52] ("FAC") filed in the Adversary Proceeding.

10. To identify the appropriate non-insider shareholders, the Creditors' Committee served subpoenas on various institutions that held significant amounts of Sears stock "in street name." The subpoenas sought documentation sufficient to identify the underlying beneficial owners of the Sears shares held in street name by the subpoena recipient (the "Public Shareholder Subpoenas"). In order to narrow the pool of potential defendants, the Creditors' Committee limited its subpoenas to only those institutional holders of Sears stock "in street name" who, by virtue of the number of Sears shares held, would have received an aggregate benefit in excess of $250,000 in connection with either or both of the Lands' End Spin-off and the Seritage Rights Offering. The Creditors' Committee identified the parties for service of the Public Shareholder Subpoenas through a review of public filings and through a subpoena served on Depository Trust & Clearing Corporation (DTCC), a security depository.

11. The Public Shareholder Subpoenas served by the Creditors' Committee were all substantially identical and contained only six narrow document requests:

1. Documents sufficient to identify (a) all shares of Lands' End that You received at the time of the Lands' End Spin-off, and (b) the capacity in which You received such a Transfer.

2. To the extent You did not retain the shares of Lands' End identified pursuant to Request One, documents sufficient to Identify (a) each Person or Persons to whom You transferred such Lands' End shares; (b) the number of Lands' End shares transferred to each such Person; (c) the estimated value of the awarded Lands' End shares transferred to each such Person; and (d) the address of each such Person.

3. Documents sufficient to determine whether each Person Identified pursuant to Request Two was acting as an Intermediary concerning the Transfer of the Lands' End shares awarded in connection with the Lands' End Spin-off. If the Persons Identified pursuant to Request Two above were not the ultimate Beneficial Owners, produce documents sufficient to Identify each such ultimate Beneficial Owner.

4. Documents sufficient to identify (a) all Seritage Rights that You received at the time of the Seritage Rights Offering, and (b) the capacity in which You received such a Transfer.

4

5. To the extent You did not retain the Seritage Rights identified pursuant to Request Four, documents sufficient to Identify (a) each Person or Persons to whom you transferred such Seritage Rights; (b) the number of Seritage Rights transferred to each such Person; (c) the estimated value of the Seritage Rights transferred to each such Person; (d) whether each such Person sold the Seritage Rights and/or tendered the Seritage Rights to receive shares of Seritage; and (e) the address of each such Person.

6. Documents sufficient to determine whether each Person Identified pursuant to Request Five was acting as an Intermediary concerning the Seritage Rights awarded in connection with the Seritage Rights Offering. If the Persons Identified pursuant to Request Five above were not the ultimate Beneficial Owners, produce documents sufficient to Identify each such ultimate Beneficial Owner.

12. As of the date of this Motion, Akin Gump, as counsel to the Creditors' Committee, has served Public Shareholder Subpoenas on 70 parties.[4] Of the parties served, 64 have either substantially completed productions or represented that they have no responsive data. Several other parties have represented that productions are forthcoming. The two Nonproducing Parties (Force Capital and Knightsbridge) however, have wholly failed to comply with the Public Shareholder Subpoenas. While Knightsbridge has simply ignored the subpoenas served on it and failed to produce the information sought therein without explanation, Force Capital asserts objections that have no legal basis.[5]

13. The Creditors' Committee served Public Shareholder Subpoenas on both Force Capital and Knightsbridge on November 12, 2019 through the New York Secretary of State, and again on Force Capital on January 16, 2020 through its corporate agent in Delaware, after Force Capital represented that it had not received the first subpoena. *See* Declaration of David M. Zensky in Support of Motion of the Official Committee of Unsecured Creditors for an Order to Compel

---

[4] Additional subpoenas were served by Moritt Hock & Hamroff LLP as conflicts counsel to the Creditors' Committee. Moritt is separately moving to compel the productions of parties that have either not responded or objected to subpoenas it has served.

[5] Although Akin Gump's letter to the Court dated September 4, 2020 [ECF No. 8416] identified six noncompliant parties, one has since produced documents, one has agreed to produce documents, one has represented that it has no responsive documents, and one is outside this district.

Bankruptcy Rule 2004 Production of Documents ("Zensky Decl."), Ex. B.  Both parties have thus had more than ample time to produce information responsive to the Public Shareholder Subpoenas, and, in contravention of the Rule 2004 Order and applicable law, have failed to do so.

## ARGUMENT

### A. Legal Standard

14.     Under Bankruptcy Rule 2004, "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  It is commonly understood that the scope of inquiry permitted under Rule 2004 "is exceptionally broad."  *Martin v. Schaap Moving Sys., Inc.,* 1998 WL 405966, at *2 (2d. Cir. Apr. 20, 1998); *see also In re Almatis B.V.,* 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010) ("It is well established that the scope of a Rule 2004 examination is very broad and provides fewer procedural safeguards than [FRCP 26].").

15.     Rule 2004 further provides that, where necessary, "[t]he attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 . . . ."  Fed. R. Bankr. P. 2004(c).  Bankruptcy Rule 9016, in turn, makes Rule 45 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings.  *See* Fed. R. Bankr. P. 9016; *see also Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 279 (3d Cir. 2013) ("[A] a party that serves a subpoena for a Rule 2004 examination and document production may compel performance under Bankruptcy Rule 9016 and Civil Rule 45.").

### B. Force Capital Should Be Compelled to Produce Because Its Objections are Baseless

16.     Force Capital has asserted various meritless objections to the Public Shareholder Subpoena and refused to produce any responsive materials on the basis of those objections.

17.     Under Rule 45, where a subpoenaed party timely asserts an objection to producing documents, "[a]t any time, on notice to the commanded person, the serving party may move the

6

court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

18. Force Capital's objections fall into four categories: (i) the subpoenas are overly broad and unduly burdensome, (ii) the claims that Plaintiffs seek to assert based on the information produced in response to the Public Shareholder Subpoenas would, in their view, be barred on the merits pursuant to 11 U.S.C. § 546(e), (iii) the requested information is publicly available, and (iv) the information sought is confidential. *See* Zensky Decl., Ex. C. For the reasons described below, all of these objections are plainly without merit and provide no basis for Force Capital to withhold information.

19. *First,* far from being overly broad and unduly burdensome, the requests in the subpoena served on Force Capital seek only six narrow categories of documents sufficient to identify the names and holdings of certain individuals on whose behalf Force Capital held securities in street name. This information should be maintained in the ordinary course of business by Force Capital, and most of the recipients of the Public Shareholder Subpoenas have provided it without objection. Typically, these producing parties have simply printed a schedule listing the names of the entities who received Lands' End shares in connection with the Lands' End Spin-off and/or Seritage Rights in connection with the Seritage Rights Offering, including the number of shares and/or Rights received. Nevertheless, the Creditors' Committee will accept the data in whatever form Force Capital maintains it. All the Creditors' Committee needs to know is (i) the names and addresses of the beneficial owners of the stock and (ii) the number of Lands' End shares and/or Seritage Rights they received.

20. *Second,* Force Capital's assertion that the subpoena it received improperly seeks information to support claims that would be barred by 11 U.S.C. § 546(e) is neither correct nor a

7

basis to withhold documents. First, Force Capital has no standing to rely on section 546(e) to withhold discovery that could be relevant to claims not yet asserted. Rather, this affirmative defense would be for the non-insider shareholder defendants to raise, if appropriate, if and when such claims are asserted. Second, the statutory safe harbor is inapplicable to the prospective fraudulent transfer claims. With respect to the requests relating to the Lands' End Spin-off, none of the defendants in the in the pending Adversary Proceeding has even suggested that the Lands' End transfers are safe harbored by section 546(e)—and for good reason, as the transfer of these shares was simply a one-way dividend, not remotely constituting a settlement payment or transfer in connection with a securities contract. With respect to the requests relating to the transfer of the Seritage Rights, the application of section 546(e) has not yet been decided by this Court, and appeals courts continue to grapple with the proper application of the safe harbor defense. The Creditors' Committee believes that this defense is inapplicable to the claims relating to the transfer of the Seritage Rights for all the reasons stated in Plaintiffs' opposition to the motions to dismiss filed in the Adversary Proceeding and during oral argument on those motions.[6] Ultimately, it is for this Court to decide the issue, rather than Force Capital.

21. ***Third,*** Force Capital asserts that the information sought by the subpoena it received is publicly available. This is inaccurate. First, while SEC filings do disclose the securities that were expected to be awarded to Force Capital as part of the Lands' End Spin-off and the Seritage Transaction, such holdings were calculated using Force Capital's reported holdings of Sears stock as of December 31, 2013 and December 31, 2014, instead of the record date set for each

---

[6] The Creditors' Committee would be remiss not to point out that all the discovery Plaintiffs in the Adversary Proceeding have received to date on this issue identifies Computershare, Inc. as the entity that performed the Subscription Agency Agreement with Sears, not Computershare Trust Company N.A., and thus that Sears should not be deemed a "financial institution." *See* August 19, 2020 Hr'g Tr. at 182:14-184:12, 186:6-11, 186:23-187:4.

transaction. Second, this information is only sufficient to identity the "street" name but any fraudulent transfer action would need to be asserted against the underlying beneficial owners.

22.  *Fourth,* confidentiality concerns do not provide Force Capital a basis to withhold discovery because, because even if the requested information were confidential (which the Creditors' Committee does not concede), the Court has entered a protective order in this matter pursuant to which Force Capital can produce information on a confidential basis.

**C. Knightsbridge Should Be Compelled to Produce Because It Failed to Object**

23.  Knightsbridge has completely ignored the Public Shareholder Subpoena, and accordingly, the Court should grant the Motion.

24.  Rule 45 requires that any objection to a subpoena "be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections." *In re Corso*, 328 B.R. 375, 384 (Bankr. E.D.N.Y. 2005) (imposing sanctions on a lender that failed to object to a Rule 2004 subpoena "[d]espite the strict time limitations and mechanism to properly object to a subpoena set forth in Fed. R. Civ. P. 45."). Likewise, a party moving to quash a Rule 2004 subpoena must do so within 14 days of service. *In re Parikh*, 397 B.R. 518, 523 (Bankr. E.D.N.Y. 2008) (noting that "under Rule 45(c)(2)(B) of the Federal Rules of Civil Procedures, as made applicable by Bankruptcy Rule 9016, the party subject to the Rule 2004 subpoena must bring a motion to quash within 14 days of service.").

25.  Nonetheless, Knightsbridge has chosen to disregard the "strict time limitations and mechanism to properly object to a subpoena set forth in Fed. R. Civ. P. 45" (*In re Corso*, 328 B.R. at 384) by failing to timely object, move to quash, or otherwise substantively respond to the

9

subpoenas served on it. Knightsbridge has no plausible excuse for its noncompliance. After serving the subpoena, the Creditors' Committee followed up to ensure Knightsbridge was in receipt of the subpoena and answer any questions about the scope of the document discovery. Despite sending a courtesy copy of the subpoena via email, and attempts to follow up after that, the Creditors' Committee's efforts were met with complete silence from Knightsbridge. *See* Zensky Decl., Ex. D.

26.     Knightsbridge has thus waived any potential objections to producing the information sought by the subpoena served on it, and should be compelled to produce the requested information immediately. *See In re Corso*, 328 B.R. at 387 (directing the lender to comply with the Rule 2004 subpoena it received and finding the imposition of sanctions proper).

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Creditors' Committee respectfully requests that the Court enter an order compelling Force Capital and Knightsbridge to produce the documents requested in the Creditors' Committee's Public Shareholder Subpoenas no later than October 9, 2020.

[*Reminder of page left blank intentionally*]

Dated: New York, New York　　　　　AKIN GUMP STRAUSS HAUER & FELD LLP
September 14, 2020

By: */s/ David M. Zensky*
　　David M. Zensky
　　Joseph L. Sorkin
　　Dean L. Chapman Jr.
　　One Bryant Park
　　New York, NY 10036
　　Telephone: (212) 872-1000
　　Facsimile: (212) 872-1002
　　dzensky@akingump.com
　　jsorkin@akingump.com
　　dchapman@akingump.com

　　Lacy M. Lawrence
　　2300 N. Field Street, Suite 1800
　　Dallas, TX 75201
　　Telephone: (214) 969-2800
　　Facsimile: (214) 969-4343
　　llawrence@akingump.com

　　*Counsel to the Official Committee of*
　　*Unsecured Creditors of Sears Holdings*
　　*Corporation, et al.*