**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------------x

### DECLARATION OF DAVID M. ZENSKY IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER TO COMPEL BANKRUPTCY RULE 2004 PRODUCTION OF DOCUMENTS

I, David M. Zensky, Esq. declare:

1.      I am a partner with the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation and its affiliated debtors and debtors in possession. I am admitted to practice before this Court and I submit this declaration in support of the Motion of the Official Committee of Unsecured Creditors for an Order to Compel Bankruptcy Rule 2004 Production of Documents (the "Motion").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.      The purpose of this declaration is to provide the Court with copies of certain documents referenced in the Motion.

3.      Attached hereto as Exhibit A is a true and correct copy of a proposed Order Compelling Bankruptcy Rule 2004 Production of Documents.

4.      Attached hereto as Exhibit B are true and correct copies of the affidavits of service of subpoenas on Knightsbridge Asset Management, LLC and Force Capital Management, LLC.

5.      Attached hereto as Exhibit C is a true and correct copy of Force Capital Management, LLC's Responses and Objections to Subpoena from the Official Committee of Unsecured Creditors.

6.      Attached hereto as Exhibit D is a true and correct copy of email correspondence between Melodie Young of Akin Gump and Teresa Wagner of Knightsbridge Asset Management, LLC, dated January 16, 2020, May 28, 2020, and September 4, 2020.

7.      Attached hereto as Exhibit E are true and correct copies of email correspondence between Dean Chapman of Akin Gump and Clay Pierce of Faegre Drinker Biddle & Reath LLP, counsel to Force Capital Management, LLC, between March 18, 2020 and April 7, 2020, and a letter attached to that email correspondence from Dean Chapman to Clay Pierce, dated April 7, 2020.

Dated: September 14, 2020

Respectfully Submitted,

 _/s/ David M. Zensky_____
David M. Zensky

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                    :        Chapter 11
                                                          :
SEARS HOLDINGS CORPORATION, *et al.*,                     :        Case No. 18-23538 (RDD)
                                                          :
              Debtors.[1]                                 :        (Jointly Administered)
                                                          :
-----------------------------------------------------------------x

## ORDER COMPELLING BANKRUPTCY RULE 2004
## PRODUCTION OF DOCUMENTS

Upon the motion, dated September 14, 2020 (ECF No. [___]) (the "Motion")[2] of the Official

Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation

("Sears") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry

of an order compelling Force Capital Management, LLC ("Force Capital") and Knightsbridge

Asset Management, LLC ("Knightsbridge") to produce the documents requested in the Creditors'

Committee's Public Shareholder Subpoenas no later than October 9, 2020, pursuant to section 105

of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

2004 and 9016, and Federal Rule of Civil Procedure 45; and the Court having jurisdiction to decide

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334(b); and venue

being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice

of the relief sought in the Motion and the opportunity for a hearing thereon having been provided

in accordance with Local Rule 9006-1; such notice having been adequate and appropriate under

the circumstances, and it appearing that no other or further notice need be provided; and the Court

having held a hearing to consider the relief requested in the Motion on _____, 2020

(the "<u>Hearing</u>"); and upon the record of the Hearing, and upon all the proceedings had before the

Court; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein and that such relief is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016,

and Federal Rule of Civil Procedure 45, Force Capital and Knightsbridge are hereby ordered to

produce the documents requested in the Creditors' Committee's Public Shareholder Subpoenas no

later than October 9, 2020.

3.      The Creditors' Committee is authorized to take all actions necessary to effectuate

the relief granted in this Order.

Dated: _____, 2020
       White Plains, New York

_____
HONORABLE ROBERT R. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

In re Sears Holdings Corp., et al.,

                                                    **AFFIDAVIT OF SERVICE**

                          Debtor                    Case No. 18-23538 Chapter 11

State of New York )
                           ss:
County of Albany )

Meagan E. McGraw, being duly sworn, deposes and says:

Deponent is over the age of eighteen and is a resident of New York State and is not a party to this action.  That
on November 12, 2019 at approximately 1:52 PM deponent served the following specific papers pursuant to
Section 304 of the Limited Liability Company Law:  Subpoena to Produce Documents, Information, or Objects
or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) Exhibit A, that the party
served was **Knightsbridge Asset Management LLC**, a domestic limited liability company,  by personally
serving two copies of the aforesaid papers at the office of the New York State Secretary of State located at 99
Washington Avenue, 6th Floor, in the City of Albany, New York by delivering to and leaving the papers with
Nancy Dougherty, a white female with black hair, being approximately 56 years of age; height of 5'3", weight of
135 lbs., being an authorized person in the Corporation Division of the Department of State and empowered to
receive such service.  That at the time of making such service, deponent paid the fee prescribed by Law in the
amount of $40.00.

Meagan E. McGraw

Sworn to before me this _14TH_ day of JANUARY 2020

Vera B. Ray
Notary Public — State of New York
Qualified in Albany County
Registration No. 01RA6133233
Commission Expires: 09-12-2021

In re Sears Holdings Corp., et al.,

**AFFIDAVIT OF SERVICE**

Debtor

Case No. 18-23538 Chapter 11

State of New York )
                         ss:
County of Albany )

Meagan E. McGraw, being duly sworn, deposes and says:

Deponent is over the age of eighteen and is a resident of New York State and is not a party to this action. That
on November 12, 2019 at approximately 1:52 PM deponent served the following specific papers pursuant to
Section 306 of the Business Corporation Law: Subpoena to Produce Documents, Information, or Objects or to
Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) Exhibit A, that the party served
was **Force Capital Management, LLC,** a foreign limited liability company,  by personally serving two copies
of the aforesaid papers at the office of the New York State Secretary of State located at 99 Washington Avenue,
6th Floor, in the City of Albany, New York by delivering to and leaving the papers with Nancy Dougherty, a
white female with black hair, being approximately 56 years of age; height of 5'3", weight of 135 lbs., being an
authorized person in the Corporation Division of the Department of State and empowered to receive such
service. That at the time of making such service, deponent paid the fee prescribed by Law in the amount of
$40.00.

Meagan E. McGraw

Sworn to before me this _14TH_ day of _JANUARY_ , _2020_

Vera B. Ray
Notary Public — State of New York
Qualified in Albany County
Registration No. 01RA6133233
Commission Expires: 09-12-2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Sears Holdings Corp., et al., Debtor.                                CASE NO. : 18-23538
                                                                           CHAPTER 11

                                                       *Plaintiff*

vs

                                                       *Defendant*

## AFFIDAVIT OF SERVICE

State of Delaware }
County of New Castle }  ss.:

The undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in the state of Delaware,

That on **01/16/2020** at **4:15 PM** at **251 Little Falls Drive, Wilmington, DE 19808**

deponent served a(n) **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) with Exhibit A**

on **Force Capital Management LLC, c/o Corporation Service Company, Registered Agents**,

by delivering thereat a true copy to **Lynanne Gares** personally,

deponent knew said corporation so served to be the corporation defendant and knew said individual to be **authorized to accept service** thereof.

Description of Person Served:
Gender: Female
Skin:  White
Hair: Brown
Age: 36 - 50 Yrs.
Height: 5' 4" - 5' 8"
Weight:161-200 Lbs.
Other:

Sworn to before me this
21 day of January, 2020

_____
NOTARY PUBLIC

                                                       _____
                                                       Kevin S. Dunn

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

Serving By Irving. Inc. | 233 Broadway, Suite 2201 | New York, NY 10279
New York City Dept. of Consumer Affairs License No. 0761160

# Exhibit C

Clay J. Pierce
James H. Millar
**DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone:    (212) 248-3140
Facsimile:    (212) 248-3141
Email: clay.pierce@dbr.com
         james.millar@dbr.com

*Attorneys for Force Capital Management, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORP., *et al.*, | Case No. 18-23538-RDD |
| Debtors. | (Jointly Administered) |

**FORCE CAPITAL MANAGEMENT, LLC'S**
**RESPONSES AND OBJECTIONS TO SUBPOENA FROM**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Force Capital Management, LLC ("**Force Capital**"), by and through its undersigned

counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rules 7034 and 9014 of

the Federal Rules of Bankruptcy Procedure, hereby respond and object to the Subpoena to

Produce Documents, Information, or Objects, dated January 20, 2020 (the "**Subpoena**"), served

by the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al.* (the

"**Creditors' Committee**"). [1]

---

[1] The Debtors in the Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification
number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations
LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed
(continued…)

## GENERAL OBJECTIONS

The following objections are incorporated by reference into Force Capital's responses and objections to each of the Document Requests set forth in Exhibit A to the Subpoena (the "**Document Requests**" or "**Requests**"):[2]

1.    Force Capital objects to the Document Requests on the grounds that:  (i) the Requests seek materials not relevant to any party's claim or defense; (ii) the Requests are not proportional to the needs of the case; and (iii) the burden of expense of the proposed outweighs its likely benefit.  Counsel for the Creditors' Committee has confirmed that the sole purpose of the Document Requests is to identify parties against whom the Creditors' Committee may assert fraudulent transfer claims based on Sears' distribution of shares of Lands' End in connection with the Lands' End Spin-off, or Seritage Rights in connection with the Seritage Rights Offering. Any such claims against Force Capital or parties associated with Force Capital (all of whom are non-insiders) are barred by Section 546(e) of the Bankruptcy Code, based on the fact that the relevant distributions of securities were effected by a financial institution acting as agent for the

---

(..continued)

Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

[2] Capitalized terms not defined herein have the meanings set forth in the Subpoena.

transferring party. *See In re Tribune Company Fraudulent Conveyance Litigation*, 946 F.3d 66 (2d Cir. 2019)

2.     Force Capital objects to the Document Requests on the grounds that they are overly broad, oppressive, harassing, and unduly burdensome.

3.     Force Capital objects to the Document Requests to the extent that they purport to impose obligations greater than those required by the Federal Rules, Local Rules, Pretrial Orders, or agreement of counsel.

4.     Force Capital objects to the Document Requests to the extent that they seek documents protected by the attorney-client privilege, the work-product doctrine, the self-critical analysis privilege, the joint defense privilege, or any other applicable privilege, or otherwise seek documents prepared in anticipation of litigation or which constitute or disclose the mental impressions, conclusions, opinions or legal theories of any attorney or other representatives of Force Capital concerning this or any other litigation.

5.     Force Capital objects to the Document Requests to the extent that they require Force Capital to produce documents that are not in its possession, custody, or control.

6.     Force Capital objects to the Document Requests to the extent they seek information that is only available, more readily available, or equally available to the Creditors' Committee or other parties or non-parties to this action.

7.     Force Capital objects to the Document Requests to the extent they are cumulative, repetitive, duplicative, and/or seek information already in the possession of Creditiors Committee, its members, or their respective attorneys and/or agents.

8.      Force Capital objects to the Document Requests on the grounds that they call for the disclosure of confidential business, proprietary, or trade secret information, or personal information concerning persons who are not parties to this litigation.

9.      Force Capital objects to these Document Requests to the extent they purport to impose a duty on Force Capital to seek information or documents through something other than a reasonable search of files or locations where potentially responsive materials or information reasonably would be expected to be found.

10.     Force Capital objects to the Document Requests to the extent that they seek information and/or documents that are not reasonably limited in scope with respect to time or subject matter.

11.     Force Capital objects to the Document Requests, Instructions, and Definitions to the extent they are vague, confusing, and/or ambiguous.  Force Capital responds to these Document Requests based upon its own understanding of the terms used and reserves the right to clarify, amend, and/or supplement these responses as necessary.

12.     Force Capital objects to the Instructions to the extent they require Force Capital to produce a privilege log contemporaneous to production of documents.  Force Capital will provide a privilege log only to the extent required by the applicable rules and any governing orders or agreements in this action.

13.     Force Capital reserves the right to challenge the competency, relevancy, materiality and admissibility of, and to object on any ground to documents produced in response hereto in any subsequent proceeding or at trial of this or any other action.

14.     Force Capital incorporates these General Objections by reference in each specific response provided below. The restatement or rephrasing of any of the foregoing objections

within any of the following responses shall not limit the scope of the foregoing objections

anywhere in this response. Failure to repeat any General Objections in response to a specific

document Request shall not be deemed a waiver of that objection.   Moreover, when Force

Capital specifically repeats one of the General Objections in response to a specific Document

Request, such a specific objection shall not be deemed a waiver or limitation of any of the

General Objections.   Subject to and without waiving any of the foregoing General Objections,

Force Capital responds to Ares and Starwood's Document Requests as follows:

**RESPONSES AND OBJECTIONS**
**TO SPECIFIC DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**  Documents sufficient to identify (a) all shares of Lands'
End that You received at the time of the Lands' End Spin-off, and (b) the capacity in which You received
such a Transfer.

**RESPONSE TO DOCUMENT REQUEST NO. 1**:  Force Capital objects to Document

Request No. 1 on the grounds that it seeks discovery in support of claims barred by Section

546(e) of the Bankruptcy Code, and thus: (i) seeks materials not relevant to any legitimate claim

or defense in this action; (ii) is not proportional to the needs of the case; and (iii) would impose

burden and expense that grossly outweighs any benefit of such discovery.  In addition, Force

Capital objects on the ground that the requested information is publicly available, and thus is

equally available to the Creditor's Committee as it is to Force Capital.  Finally, Force Capital

objects to the extent that the Request seeks the identity of investors in funds managed by Force

Capital, on the grounds that such information is confidential and propriety, and if publicly

disclosed would potentially harm Force Capital's business.

Based on the foregoing Specific and General Objections, Force Capital will not produce

documents in response to this Request.

**DOCUMENT REQUEST NO. 2:**  To the extent You did not retain the shares of Lands' End
identified pursuant to Request One, documents sufficient to Identify (a) each Person or Persons to whom
You transferred such Lands' End shares; (b) the number of Lands' End shares transferred to each such
Person; (c) the estimated value of the awarded Lands' End shares transferred to each such Person; and (d)
the address of each such Person.

**RESPONSE TO DOCUMENT REQUEST NO. 2**:  Force Capital objects to Document

Request No. 1 on the grounds that it seeks discovery in support of claims barred by Section

546(e) of the Bankruptcy Code, and thus: (i) seeks materials not relevant to any legitimate claim

or defense in this action; (ii) is not proportional to the needs of the case; and (iii) would impose

burden and expense that grossly outweighs any benefit of such discovery.  In addition, Force

Capital objects on the ground that the requested information is publicly available, and thus is

equally available to the Creditor's Committee as it is to Force Capital.  Finally, Force Capital

objects to the extent that the Request seeks the identity of investors in funds managed by Force

Capital, on the grounds that such information is confidential and propriety, and if publicly

disclosed would potentially harm Force Capital's business.

Based on the foregoing Specific and General Objections, Force Capital will not produce

documents in response to this Request.

**DOCUMENT REQUEST NO. 3:**  Documents sufficient to determine whether each Person
Identified pursuant to Request Two was acting as an Intermediary concerning the Transfer of the Lands'
End shares awarded in connection with the Lands' End Spin-off. If the Persons Identified pursuant to
Request Two above were not the ultimate Beneficial Owners, produce documents sufficient to Identify
each such ultimate Beneficial Owner.

**RESPONSE TO DOCUMENT REQUEST NO. 3**:  Force Capital objects to Document

Request No. 1 on the grounds that it seeks discovery in support of claims barred by Section

546(e) of the Bankruptcy Code, and thus: (i) seeks materials not relevant to any legitimate claim

or defense in this action; (ii) is not proportional to the needs of the case; and (iii) would impose

burden and expense that grossly outweighs any benefit of such discovery.  In addition, Force

Capital objects on the ground that the requested information is publicly available, and thus is

equally available to the Creditor's Committee as it is to Force Capital.  Finally, Force Capital

objects to the extent that the Request seeks the identity of investors in funds managed by Force

Capital, on the grounds that such information is confidential and propriety, and if publicly

disclosed would potentially harm Force Capital's business.

Based on the foregoing Specific and General Objections, Force Capital will not produce

documents in response to this Request.

**DOCUMENT REQUEST NO. 4:**  Documents sufficient to identify (a) all Seritage Rights
that You received at the time of the Seritage Rights Offering, and (b) the capacity in which You received
such a Transfer.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**  Force Capital objects to Document

Request No. 1 on the grounds that it seeks discovery in support of claims barred by Section

546(e) of the Bankruptcy Code, and thus: (i) seeks materials not relevant to any legitimate claim

or defense in this action; (ii) is not proportional to the needs of the case; and (iii) would impose

burden and expense that grossly outweighs any benefit of such discovery.  In addition, Force

Capital objects on the ground that the requested information is publicly available, and thus is

equally available to the Creditor's Committee as it is to Force Capital.  Finally, Force Capital

objects to the extent that the Request seeks the identity of investors in funds managed by Force

Capital, on the grounds that such information is confidential and propriety, and if publicly

disclosed would potentially harm Force Capital's business.

Based on the foregoing Specific and General Objections, Force Capital will not produce

documents in response to this Request.

**DOCUMENT REQUEST NO. 5:**  To the extent You did not retain the Seritage Rights
identified pursuant to Request Four, documents sufficient to Identify (a) each Person or Persons to whom
you transferred sulci Seritage Rights; (b) the number of Seritage Rights transferred to each such Person;
(c) the estimated value of the Seritage Rights transferred to each such Person; (d) whether each such

Person sold the Seritage Rights and/or tendered the Seritage Rights to receive shares of Seritage; and (e)
the address of each such Person.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**  Force Capital objects to Document

Request No. 1 on the grounds that it seeks discovery in support of claims barred by Section

546(e) of the Bankruptcy Code, and thus: (i) seeks materials not relevant to any legitimate claim

or defense in this action; (ii) is not proportional to the needs of the case; and (iii) would impose

burden and expense that grossly outweighs any benefit of such discovery.  In addition, Force

Capital objects on the ground that the requested information is publicly available, and thus is

equally available to the Creditor's Committee as it is to Force Capital.  Finally, Force Capital

objects to the extent that the Request seeks the identity of investors in funds managed by Force

Capital, on the grounds that such information is confidential and propriety, and if publicly

disclosed would potentially harm Force Capital's business.

Based on the foregoing Specific and General Objections, Force Capital will not produce

documents in response to this Request.

**DOCUMENT REQUEST NO. 6:**  Documents sufficient to determine whether each
Person Identified pursuant to Request Five was acting as an Intermediary concerning the Seritage
Rights awarded in connection with the Seritage Rights Offering. If the Persons Identified
pursuant to Request Five above were not the ultimate Beneficial Owners, produce documents
sufficient to Identify each such ultimate Beneficial Owner.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**  Force Capital objects to Document

Request No. 1 on the grounds that it seeks discovery in support of claims barred by Section

546(e) of the Bankruptcy Code, and thus: (i) seeks materials not relevant to any legitimate claim

or defense in this action; (ii) is not proportional to the needs of the case; and (iii) would impose

burden and expense that grossly outweighs any benefit of such discovery.  In addition, Force

Capital objects on the ground that the requested information is publicly available, and thus is

equally available to the Creditor's Committee as it is to Force Capital.  Finally, Force Capital

objects to the extent that the Request seeks the identity of investors in funds managed by Force

Capital, on the grounds that such information is confidential and propriety, and if publicly

disclosed would potentially harm Force Capital's business.

Based on the foregoing Specific and General Objections, Force Capital will not produce

documents in response to this Request.


Dated:  March 18, 2020                         **FAEGRE DRINKER BIDDLE & REATH, LLP**
New York, New York

By: _/s/ Clay J. Pierce_____
      Clay J. Pierce
      James H. Millar

1177 Avenue of the Americas
41st Floor
New York, New York 10036
Tel: (212) 248-3140
Fax: (212) 248-3141

*Attorneys for Force Capital Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of July, 2019, a true and correct copy of

the foregoing was served via electronic mail on the following counsel:

Dean Chapman
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY  10036-6745

*/s/ Clay J. Pierce*
Clay J. Pierce

# Exhibit D

## Nolan, Sean

| | |
|---|---|
| **From:** | Young, Melodie |
| **Sent:** | Thursday, January 16, 2020 1:08 PM |
| **To:** | 'twagner@knightsb.com' |
| **Cc:** | Chapman, Dean |
| **Subject:** | In re Sears Holdings Corp., et al. (Case No. 18-23538) |
| **Attachments:** | 2019-11-12 SDNY Sears - Knightsbridge Asset Management LLC.pdf |

Dear Teresa,

Thank you for speaking with me today.

As discussed, please see the attached subpoena that was served via the NY Secretary of State and let us know if you have any questions.

Regards,
Melodie

**Melodie Young**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park  |  New York, NY 10036-6745  |  USA  |  Direct: +1 212.872.7402  |  Internal: 37402
myoung@akingump.com  |  akingump.com

## Nolan, Sean

---

| | |
|---|---|
| **From:** | Young, Melodie |
| **Sent:** | Thursday, May 28, 2020 11:54 AM |
| **To:** | 'twagner@knightsb.com' |
| **Subject:** | FW: In re Sears Holdings Corp., et al. (Case No. 18-23538) |
| **Attachments:** | 2019-11-12 SDNY Sears - Knightsbridge Asset Management LLC.pdf |

Dear Teresa,

I hope you are doing well.

I am following up again regarding the attached subpoena.

Please let me know when to expect a response or if you have any questions.

Regards,
Melodie

**Melodie Young**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
One Bryant Park │ New York, NY 10036-6745 │ USA │ Direct: +1 212.872.7402 │ Internal: 37402
myoung@akingump.com │ akingump.com

---

**From:** Young, Melodie
**Sent:** Thursday, January 16, 2020 1:08 PM
**To:** 'twagner@knightsb.com' <twagner@knightsb.com>
**Cc:** Chapman, Dean <dchapman@akingump.com>
**Subject:** In re Sears Holdings Corp., et al. (Case No. 18-23538)

Dear Teresa,

Thank you for speaking with me today.

As discussed, please see the attached subpoena that was served via the NY Secretary of State and let us know if you
have any questions.

Regards,
Melodie

**Melodie Young**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
One Bryant Park │ New York, NY 10036-6745 │ USA │ Direct: +1 212.872.7402 │ Internal: 37402
myoung@akingump.com │ akingump.com

## Nolan, Sean

| | |
|---|---|
| **From:** | Young, Melodie |
| **Sent:** | Friday, September 4, 2020 5:06 PM |
| **To:** | 'twagner@knightsb.com' |
| **Cc:** | Chapman, Dean; Sharad, Saurabh |
| **Subject:** | FW: In re Sears Holding Corp., et al., Case No. 18-23538 (Bankr. S.D.N.Y) |
| **Attachments:** | 2020.09.04 Letter to J. Drain re Public Shareholder Subpoena (FILED).pdf |

Dear Teresa,

See the below and attached in connection with the subpoena served on Knightsbridge Asset Management LLC.

Regards,
Melodie

**Melodie Young**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
One Bryant Park  |  New York, NY 10036-6745  |  USA  |  Direct: +1 212.872.7402  |  Internal: 37402
myoung@akingump.com  |  akingump.com

**From:** Sharad, Saurabh <ssharad@akingump.com>
**Sent:** Friday, September 4, 2020 4:45 PM
**To:** 'rdd.Chambers@nysb.uscourts.gov' <rdd.Chambers@nysb.uscourts.gov>
**Cc:** Zensky, David <dzensky@AkinGump.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Lawrence, Lacy
<llawrence@akingump.com>; Chapman, Dean <dchapman@akingump.com>; Young, Melodie
<myoung@AKINGUMP.com>
**Subject:** In re Sears Holding Corp., et al., Case No. 18-23538 (Bankr. S.D.N.Y)

To the Chambers of the Honorable Robert D. Drain:

We represent the Official Committee of Unsecured Creditors of Sears Holdings Corp., *et al.* in the above-referenced
proceeding.  Please find attached a letter filed on the docket today requesting a telephonic conference.

Respectfully submitted,

**Saurabh Sharad**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
One Bryant Park  |  New York, NY 10036-6745  |  USA  |  Direct: +1 212.872.7478  |  Internal: 37478
Fax: +1 212.872.1002  |  ssharad@akingump.com  |  akingump.com  |  Bio

# Exhibit E

**Nolan, Sean**

| | |
|---|---|
| **From:** | Chapman, Dean |
| **Sent:** | Friday, September 11, 2020 11:37 AM |
| **To:** | Chapman, Dean |
| **Subject:** | FW: In re Sears Holding Corp., et al., Case No. 18-23538-RDD |
| **Attachments:** | 2020.04.07 Letter to C. Pierce re Objections to Subpoena (Force Capital).pdf |

**Dean Chapman**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 212.872.8095 | Internal: 38095

---

**From:** Chapman, Dean
**Sent:** Tuesday, April 7, 2020 4:18 PM
**To:** Pierce, Clay J. <clay.pierce@faegredrinker.com>
**Cc:** Millar, James H. <james.millar@faegredrinker.com>; Young, Melodie <myoung@akingump.com>
**Subject:** RE: In re Sears Holding Corp., et al., Case No. 18-23538-RDD

Clay, I hope you are staying safe and healthy.  Please see the attached letter in reply to your responses and objections.

**Dean Chapman**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 212.872.8095 | Internal: 38095

---

**From:** Pierce, Clay J. <clay.pierce@faegredrinker.com>
**Sent:** Wednesday, March 18, 2020 11:30 AM
**To:** Chapman, Dean <dchapman@akingump.com>
**Cc:** Millar, James H. <james.millar@faegredrinker.com>; Young, Melodie <myoung@AKINGUMP.com>
**Subject:** RE: In re Sears Holding Corp., et al., Case No. 18-23538-RDD

Now with the attachment.

---

**From:** Chapman, Dean <dchapman@akingump.com>
**Sent:** Wednesday, March 18, 2020 11:29 AM
**To:** Pierce, Clay J. <clay.pierce@faegredrinker.com>
**Cc:** Millar, James H. <james.millar@faegredrinker.com>; Young, Melodie <myoung@AKINGUMP.com>
**Subject:** RE: In re Sears Holding Corp., et al., Case No. 18-23538-RDD

I'm not seeing anything attached.

**Dean Chapman**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 212.872.8095 | Internal: 38095

---

**From:** Pierce, Clay J. <clay.pierce@faegredrinker.com>
**Sent:** Wednesday, March 18, 2020 11:07 AM
**To:** Chapman, Dean <dchapman@akingump.com>

**Cc:** Millar, James H. <james.millar@faegredrinker.com>; Young, Melodie <myoung@AKINGUMP.com>
**Subject:** In re Sears Holding Corp., et al., Case No. 18-23538-RDD

**\*\*EXTERNAL Email\*\***

Dean,

Attached are the responses and objections of Force Capital Management, LLC to the January 20, 2020 subpoena served by your office on behalf of the Official Committee of Unsecured Creditors of Sears Holding Corporation and its debtor affiliates.

Regards,

**Clay J. Pierce**
Partner
clay.pierce@faegredrinker.com
direct:  +1 212 248 3186 | mobile: +1 646 509 4309 | fax: +1 212 248 3141

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York 10036, USA

Welcome to **Faegre Drinker Biddle & Reath LLP (Faegre Drinker)** – a new firm comprising the former Drinker Biddle & Reath and Faegre Baker Daniels. Our email addresses have changed with mine noted in the signature block. All phone and fax numbers remain the same. As a top 50 firm that draws on shared values and cultures, our new firm is **designed for clients**.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.



**DEAN LINDSAY CHAPMAN, JR.**
+1 212.872.8095/fax +1 212.872.1002
dchapman@akingump.com

April 7, 2020

**VIA EMAIL**

Clay J. Pierce
Faegre Drinker & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
clay.pierce@faegredrinker.com

   Re:  *In re Sears Holding Corp., et. al.*; Case No. 18-23538 (RDD)

Dear Clay:

   As you know, we represent the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears Holdings"). We write to respond to the objections you raised as grounds for refusing to produce documents responsive to the subpoena served on your client, Force Capital Management, LLC ("Force Capital"), pursuant to Bankruptcy Rule 2004 ("Rule 2004") on November 12, 2019 and January 20, 2020 (the "Subpoena"). As we understand your objections, you assert that (i) the Subpoena is overly broad and unduly burdensome; (ii) the requested information is publicly available; (iii) the Subpoena improperly seeks information to support a claim that would be inactionable if asserted, because you claim decisions in the *Tribune* fraudulent conveyance litigation foreclosed all fraudulent conveyance claims against public shareholders; and (iv) the information sought is confidential. For the reasons detailed herein, these objections are baseless.

   First, the Subpoena is far from overly broad and unduly burdensome, as it seeks only six narrow categories of documents sufficient to identify the names and holdings of certain individuals on whose behalf your client held securities in street name. More specifically, the Subpoena seeks identifying information for the beneficial owners of shares of Sears Holdings Corp. at the time of the Lands' End Spin-off and the Seritage Transaction (as those terms are identified therein), along with information about such individuals' holdings. This information should be maintained by your client in the ordinary course of business and easy to produce. Many other parties have already produced responsive materials, including in the form of a simple Excel table.



Clay J. Pierce
April 7, 2020
Page 2


Second, the information requested in the Subpoena does not appear to be publicly available. While SEC filings do disclose the securities that were *expected* to be awarded to Force Capital as part of the Lands' End Spin-off and the Seritage Transaction, such holdings were calculated using Force Capital's holdings of Sears Holdings reported as of December 31, 2013 and December 31, 2014, instead of the record date set for each transaction. To our knowledge, there has been no public disclosure of the Lands' End shares or Seritage subscription rights that were actually received by Force Capital in connection with these transactions.

Third, your assertion that the Subpoena improperly seeks information to support an inactionable claim is plainly incorrect. As a threshold matter, no claims have been asserted against the beneficial owners about whom the Subpoena seeks information, nor has any decision to assert such claims been made. If and when such claims are asserted, those beneficial owners alone will have standing to assert any defenses they believe exist. It is both premature and improper for your client to object to producing documents pursuant to a Rule 2004 subpoena based on a potential affirmative defense that may (or may not) be made on behalf of an actual defendant if and when claims are asserted.

Moreover, in the event that the Creditors' Committee does assert claims against the beneficial owners described in the Subpoena, the *Tribune* fraudulent conveyance litigation would not provide those individuals with the safe harbor you contend for a variety of reasons. Among other things, the relevant safe harbor provision, 11 U.S.C. § 546(e), is inapplicable here, because the statute applies only to transfers that are settlement payments or transfers made in connection with a securities contract. While the *Tribune* fraudulent conveyance litigation concerned a two-step leveraged buyout transaction that allegedly met that description, the transactions at issue here concern a spin-off transaction (the Lands' End Spin-off) and a rights offering (the Seritage Transaction) for which no consideration was paid. Neither are "settlement payments" or transfers "made in connection with a securities contract." Further, the Lands' End Spin-off and the Seritage Transaction were not made "by or to (or for the benefit of) . . . a financial institution" as required by the safe harbor provision. *See Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883, 896–97, 200 L. Ed. 2d 183 (2018).

Finally, your confidentiality objection is baseless because the Court has entered a protective order in this matter pursuant to which you can produce information on a confidential basis (subject, of course, to the Creditors' Committee's right to challenge such designations).



Clay J. Pierce
April 7, 2020
Page 3


     For the reasons described herein, we demand that you produce documents responsive to the Subpoena forthwith.  To the extent you continue to object to the Subpoena, we are prepared to seek Court intervention.  Please do not hesitate to contact me should you have any questions.

     Sincerely,

     /s/ Dean L. Chapman Jr.

     Dean Lindsay Chapman, Jr.