# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re: Sears Holdings Corp., et al.
Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.
Defendant

Case No. 18-23538

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: BMO Nesbitt Burns Inc. and/or BMO Nesbitt Burns Corp., Attn.: MICHAEL G ZEISS - Legal Dept. and/or General Counsel/Legal Affairs, 3 TIMES SQUARE NEW YORK, NY 10036

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Moritt Hock & Hamroff LLP, 1407 Broadway, 39th Floor, New York, NY 10018 | 7/10/2020  5:00pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/26/2020

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* the UCC, on behalf of Debtors, who issues or requests this subpoena, are:

Danielle Marlow, Esq., Moritt Hock & Hamroff LLP, 400 Garden City Plaza, Garden City, NY 11530; dmarlow@moritthock.com, 516-873-2000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:
on *(date)*                .

■ I served the subpoena by delivering a copy to the named person as follows:


                                    on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $           _____ .

 My fees are $           for travel and $           for services, for a total of $           .


	I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

This subpoena is a demand made by the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al*. (the "**Creditors' Committee**"), acting on behalf of the Debtors' estates, to You, the named entity on the accompanying subpoena. It is the Creditors' Committee's understanding that you either (1) received Lands' End shares in connection with the Lands' End Spin-off in April 2014, and/or (2) received subscription rights to purchase shares of Seritage Growth Properties, Inc. in connection with the Seritage Rights Offering in June 2015. Although such shares or subscription rights were issued to you, the Creditors' Committee understands that you may have been acting on behalf of certain underlying investors or clients who were the ultimate Beneficial Owners of these shares and/or subscription rights.

In summary, the terms of the subpoena below request that you produce basic information to allow the Creditors' Committee to identify those Beneficial Owners who (1) received Lands' End shares as part of the Lands' End Spin-off, along with information about the Beneficial Owners' Sears' holdings as the time of the Lands' End Spin-off, and/or (2) received Seritage Rights as part of the Seritage Rights Offering (and whether they sold those Rights or exercised them), along with information about the Beneficial Owners' Sears' holdings as the time of the Seritage Rights Offering.

To facilitate your search for information and production of documents, the Sears CUSIP number is 812350106, the Lands' End CUSIP number is 51509F105, the Seritage Rights CUSIP number is 81752R118, and the Seritage CUSIP number is 81752R100.

1

# **DEFINITIONS**

These requests incorporate by reference the definitions and rules of construction set forth in Local Civil Rule 26.3 of the Southern District of New York, as incorporated by Local Rule 7026-1 of the United States Bankruptcy Court for the Southern District of New York, Rule 34 of the Federal Rules of Bankruptcy Procedure, as well as any other applicable law or rules. The following additional definitions apply with respect to each of these requests, and each of the terms defined below, when used in any request, instruction, or definition, shall have the meaning given herein:

1. "**Beneficial Owner**" has the meaning as described in Rule 13d-3 of the Securities Exchange Act of 1934, as amended.

2. "**Concerning**," whether capitalized or not, means relating to, reflecting, referring to, pertaining to, containing, describing, regarding, illustrating, mentioning, evidencing, embodying, involving, analyzing, reporting on, commenting on, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

3. "**Document**" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 2004-1, and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A).

4. "**Identify**" (with respect to Persons) has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 2004-1.

5. "**Including**" means "including, but not limited to."

6. "**Intermediary**" shall mean any Person who effects a Transfer of any shares, rights, or anything else of value, without a beneficial interest in the Transfer.

7. "**Lands' End**" means Lands' End, Inc.

8.  "**Lands' End Spin-off**" shall mean the spin-off transaction separating Lands' End from Sears, occurring on or about April 2014.

9.  "**Person**" or "**Persons**" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 2004-1, and includes any natural or artificial person, business entity or other legal entity, including but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments or other units thereof.

10. "**Sears**" means Sears Holdings Corporation, its subsidiaries and affiliates, all Debtors, and any of their respective officers, directors, employees, representatives, agents, or professionals.

11. "**Seritage**" means Seritage Growth Properties, Inc.

12. "**Seritage Rights**" means the rights to subscribe for shares of Seritage distributed to Sears shareholders in connection with the Seritage Rights Offering.

13. "**Seritage Rights Offering**" shall mean the transaction permitting Sears shareholders to acquire shares of Seritage, occurring on or about June 2015.

14. "**Transfer**" shall mean any transaction that falls within the meaning of 11 U.S.C. § 101(54), as well as any transaction in which the receiving institution acts as a conduit transferring any shares, rights, or anything of value to another conduit or the ultimate Beneficial Owner.

15. "**You**"/"**Your**," whether capitalized or not, means the named entity on the accompanying subpoena.

3

## **INSTRUCTIONS**

1. You are requested to produce all responsive Documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your professionals and affiliates.

2. If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which you do not respond.

3. If there are no Documents responsive to any particular request, please state so in writing.

4. Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5. If any Document requested herein was formerly in your possession, custody, or control (or that of your professional) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such Document a written statement (i) describing in detail the nature of the Document and its contents, (ii) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (iii) specifying the date on which the Document was prepared or transmitted, and (iv) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6. All Documents shall be produced in TIFF format with OCR images. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. The Creditors' Committee reserves the right to request that Documents be produced in their native format.

7. A request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

8. Documents should be produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

9. If any Document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10. If only a part of a Document is protected by any privilege or immunity, the Document shall be produced with only the privileged matter redacted.

11. The following document requests are to be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

**DOCUMENTS REQUESTED**

1. Documents sufficient to identify (a) all shares of Lands' End that You received at the time of the Lands' End Spin-off, and (b) the capacity in which You received such a Transfer.

2. To the extent You did not retain the shares of Lands' End identified pursuant to Request One, documents sufficient to Identify (a) each Person or Persons to whom You transferred such Lands' End shares; (b) the number of Lands' End shares transferred to each such Person; (c) the estimated value of the awarded Lands' End shares transferred to each such Person; and (d) the address of each such Person.

3. Documents sufficient to determine whether each Person Identified pursuant to Request Two was acting as an Intermediary concerning the Transfer of the Lands' End shares awarded in connection with the Lands' End Spin-off. If the Persons Identified pursuant to Request Two above were not the ultimate Beneficial Owners, produce documents sufficient to Identify each such ultimate Beneficial Owner.

4. Documents sufficient to identify (a) all Seritage Rights that You received at the time of the Seritage Rights Offering, and (b) the capacity in which You received such a Transfer.

5. To the extent You did not retain the Seritage Rights identified pursuant to Request Four, documents sufficient to Identify (a) each Person or Persons to whom you transferred such Seritage Rights; (b) the number of Seritage Rights transferred to each such Person; (c) the estimated value of the Seritage Rights transferred to each such Person; (d) whether each such Person sold the Seritage Rights and/or tendered the Seritage Rights to receive shares of Seritage; and (e) the address of each such Person.

6. Documents sufficient to determine whether each Person Identified pursuant to Request Five was acting as an Intermediary concerning the Seritage Rights awarded in

6

connection with the Seritage Rights Offering. If the Persons Identified pursuant to Request Five above were not the ultimate Beneficial Owners, produce documents sufficient to Identify each such ultimate Beneficial Owner.