**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER ON MOTION FOR AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE DEBTORS PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE

Upon the *Sixth Motion for an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Debtors Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code,* dated August 14, 2020 (the "**Motion**"),[2] filed by Sears Holdings Corporation and its debtor affiliates, as post-confirmation debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Plaintiff**") by and through their undersigned counsel, for entry of a procedures order (the "**Procedures Order**") establishing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

streamlined procedures governing the adversary proceedings brought by the Debtors pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code identified in **Exhibit 1** annexed hereto (each an "**Avoidance Action**," collectively, the "**Avoidance Actions**"); and the Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, dated November 1, 2018 (D.I. No. 405), including, as represented by counsel for the Debtors, the parties to the Avoidance Actions; and it appearing that no other or further notice need be provided; and the only objection(s) to the Motion having been withdrawn, overruled, or otherwise resolved; and the Court  having determined that no further notice or a hearing on the Motion is required; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest in that it will facilitate the prompt, economical and fair determination and resolution of the Avoidance Actions; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion granted as provided herein.

2.    All parties to the Avoidance Actions shall be governed by the procedures attached hereto as **Exhibit 2** (the "**Avoidance Action Procedures**") and incorporated herein by reference, which Avoidance Action Procedures are hereby approved and shall govern the Avoidance Actions, effective as of the date of this Order.

3.   The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.   The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5.   This Order shall be effective immediately upon its entry.


Dated: September 16, 2020
      White Plains, New York

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**CASE LIST**

| Defendant Name | Adversary Number |
|---|---|
| Giza Spinning and Weaving Co. | 20-06491 |
| HK Sino-Thai Trading Company Ltd. | 20-06519 |
| Renfro India Pvt. Ltd., DBA Infiiloom India Private Limited | 20-06492 |
| Samil Solution Co. Ltd. | 20-06493 |

* 4 Adversary Proceedings

## Exhibit 2

## AVOIDANCE ACTION PROCEDURES

**A.      Effectiveness of the Procedures Order**

    1.      This Procedures Order approving the procedures Motion shall apply to all Defendants in the Avoidance Actions listed on **Exhibit 1** attached hereto.

    2.      The Procedures Order will not alter, affect or modify the rights of Defendants to seek a jury trial in or withdrawal of the reference of, Avoidance Actions or otherwise to move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an Avoidance Action under 28 U.S.C. § 157, and all such rights shall be preserved unless otherwise agreed to in a responsive pleading consistent with the Bankruptcy Rules and Local Bankruptcy Rules.

**B.      Extensions to Answer or File Other Responsive Pleading to the Complaint**

    3.      The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons.

**C.      Waiver of Requirement to Conduct Pretrial Conference**

    4.      Federal Rule of Civil Procedure 16, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016 (*i.e.*, pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at any initial pretrial conference, including any initial pretrial conference originally scheduled pursuant to Local Rule 7016-2.

**D.      Waiver of Requirement to Conduct Scheduling Conference**

    5.      Federal Rule of Civil Procedure 26(f), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.      Discovery, Mediation, and Dispositive Motion Schedule**

    6.      All discovery in each Avoidance Action is hereby stayed until the mediation process set forth below (the "**Mediation Process**") is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process.

7.      Any open Avoidance Actions that have not been resolved and/or settled by November 30, 2020 (the "**Remaining Avoidance Actions**"), shall be referred to mandatory mediation and the Mediation Process in paragraphs 8-13.

8.      Between December 1, 2020 and December 15, 2020, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "**Mediator**," collectively, the "**Mediators**") (the "**Mediator List**") attached hereto as **Exhibit 3**.  Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting: (i) if Plaintiff is represented by ASK LLP, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121, or (ii) if Plaintiff is represented by Katten Muchin Rosenman LLP ("**Katten**"), Carl Lawrence, in writing, via email at **carl.lawrence@katten.com** or via letter correspondence addressed to Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022.  If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

9.      Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether he/she has any conflicts with the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. If the selected Mediator abstains, Defendant will be given another 15 days to select an alternate Mediator as described in paragraph 8 above.

10.     Upon the selection of Mediators, Plaintiff, working with the Mediators, will commence scheduling mediations.  Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator.  Mediation will then be scheduled on a first-come, first-served basis.

11.     Plaintiff will give at least 21 days' written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "**Mediation Notice**"), which notice shall be served on the applicable Defendant.

12.     Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "**Mediator's Report**") pursuant to General Order M-452 in the Remaining Avoidance Action, which shall be limited to stating only a) compliance or non-compliance with the General Order and b) whether the Remaining Avoidance Action settled or did not settle.

13.     The Mediation Process with respect to all of the Remaining Avoidance Actions must be concluded by April 30, 2021.

14. Any open Avoidance Actions shall be required to provide the disclosures required under Rule 7026(a)(1) (the "**Initial Disclosures**") on or before May 31, 2021.

15. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served no later than June 30, 2021.

16. The parties to the Avoidance Actions shall have through and including September 15, 2021 to complete non-expert fact discovery, including depositions of fact witnesses.

17. Unless the parties agree to a broader scope of discovery, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters (i) that are properly discoverable under the Bankruptcy Rules and (ii) relate solely to the Avoidance Actions.

18. Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

19. Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Avoidance Actions.

20. Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

21. Should a discovery dispute arise, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery dispute, the complainant shall file with the Court and email to the Court's chambers, copying counsel for the opponent, a letter outlining said issues. Respondent must reply within two (2) business days by filing a letter on the docket with a copy emailed to the Court's chambers, copying counsel for the opponent. Such letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.  At any ensuing conference or hearing on a motion, the Court will ask the parties about their prior efforts to resolve the dispute.

22. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by Plaintiff on insolvency) and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such report, if any, shall be made to the Plaintiff on or before October 30, 2021.

23. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts,

and (b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party on or before November 30, 2021.

24. All expert discovery, including expert witness depositions, shall be concluded on or before January 31, 2022.

25. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

26. Either or both parties may seek leave under Local Bankruptcy Rule 7056 by email to the Court, with a copy to the counsel for the opposing party; provided, that all dispositive motions shall be filed and served at any time after the Mediation Process but before February 28, 2022. In the normal course, the Court will not permit the filing and pursuit of a summary judgment motion before the completion of discovery. Notwithstanding Local Bankruptcy Rule 7005-1, the party filing or opposing such dispositive motion shall be allowed to introduce such exhibits as needed to meet its burden of proof or rebut such burden.

## F.   Mediation Procedures and Requirements

27. Mediations shall take place in New York, New York, except as otherwise agreed to by the parties and the Mediator. Mediations shall be held at the law office of the Debtors' counsel, the Mediator's office, or at another location agreed upon by the Mediator; provided, that, notwithstanding any other provision hereof, at the direction of the Mediator, any or all of the Mediation may be conducted telephonically or via a video conferencing service. Each Mediator will provide the Plaintiff with dates on which he or she is available. The Plaintiff's counsel will contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis, and Defendants will receive at least twenty-one (21) calendar days' written notice of the date, time and location of the mediation. Local Bankruptcy Rule 9019-1 and the Court's General Order M-452 concerning mediation procedures shall govern the mediations, except as otherwise set forth herein. General Order M-452 is available on the Court's website at: http://www.nysb.uscourts.gov/.

28. All proceedings and writing incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason except to prove that a party failed to comply with the Mediation Process set forth in these Procedures.

29. The Mediators shall be required to file disclosures prior to the scheduling of mediation.

30. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a

view toward reaching a consensual resolution.  The mediation shall be attended in person by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for the Debtor (who must have settlement authority from the Debtors, or a Debtor representative shall appear as well), except that: (1) a Mediator, in his or her discretion, may allow a party representative to appear telephonically or, (2) the parties may consent to a party representative appearing telephonically.  **Any such request must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request.** Should a party representative appear by telephone, counsel appearing in person for that party shall have full settlement authority. To the extent a Mediator grants a party's request to appear telephonically, the requesting party is responsible for arranging for and paying any fees associated with teleconference services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

31.     The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

32.     The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal.  In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

33.     The parties must participate in the scheduling of mediation and mediate in good faith.  If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court.  Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

34.     Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the

mediation provisions. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

35.    The fees and costs of the Mediator (the "**Mediation Fee**") shall be paid equally by the parties on a fixed-fee schedule as set forth below. The parties shall pay one-fourth of the Mediation Fee as least seven (7) calendar days prior to the commencement of mediation (the "**Initial Mediation Fee**"). The remaining fee will be due and paid by the parties on the date of mediation, should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the Initial Mediation Fee is nonrefundable:

    i.      cases with a claim amount (as reflected in the complaint) of less than $100,000: $3,000.00 per case;

    ii.     cases with a claim amount (as reflected in the complaint) equal to or greater than $100,000 and less than $250,000: $4,000 per case; and

    iii.    cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $5,000 per case.

    iv.    cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000 and less than $5,000,000: $6,000.00 per case;

    v.     cases with a claim amount (as reflected in the complaint) equal to or greater than $5,000,000: $7,000 per case.

36.    Mediation that is continued for more than one calendar day will be continued on an hourly fee basis to be paid equally by the parties.

37.    Defendants that have additional Avoidance Actions commenced against their affiliates in the Debtors' bankruptcy cases may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

38.    Mediation statements shall be delivered to the Mediator 7 calendar days prior to the mediation. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share such confidential information solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

39.    Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party.  If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall

exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

40.     No Mediator shall be called as a witness by any party except as set forth in this paragraph.   No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms.   Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order.   Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report unless the Mediator is otherwise ordered by the Court.   However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation procedures as required in the foregoing paragraphs of this Procedures Order.

41.     All proceedings and writings incidental to the mediation shall be privileged and confidential and shall not be reported or placed in evidence.

## G.     Miscellaneous

42.     If, after dispositive motions have been filed in an Avoidance Action and a decision on the same does not resolve the matter, that Avoidance Action shall be scheduled for a trial date that is convenient to the Court's calendar. Parties should be ready to proceed to trial within three weeks after such decision is rendered.   Before seeking such trial date, the parties shall have met and conferred and agreed on their best estimate of the length of the trial, taking into account the procedures set forth below. When seeking such date, they shall inform the Court's Courtroom Deputy of such estimate.   Normally, the Court expects that Avoidance Action trials will not take longer than one day.   If the parties believe otherwise, they should arrange a pre-trial conference before scheduling the trial.

43.     On or before two weeks before the trial, the parties shall have (a) met and conferred and used their best efforts to agree on a joint agreed exhibit book and shall have identified any exhibits whose admissibility is not agreed and (b) exchanged proposed witness lists.

44.     On or before one week before the scheduled trial date, the parties shall (a) submit to chambers (in hard copy) declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have previously sought (by email to the Court's chambers, with a copy to counsel for the opposing party) the Court's permission to examine direct witnesses at trial and (b) submit the joint exhibit book referred to in paragraph 44.

45.     The Local Bankruptcy Rules shall apply, except that this Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or other applicable rules and orders of the Court.

46.     The deadlines and/or provisions contained in this Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation (a) if solely related to an extension of time for Defendant to file a response to the complaint, must be filed with the Court, and (b) in all other deadline extensions, must be filed with the Court, with a copy emailed to the Court's chambers and "So Ordered."

47.     FAILURE TO COMPLY WITH THESE PROCEDURES MAY RESULT IN DISMISSAL OR OTHER SANCTION.  If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.

## **Exhibit 3**

## **MEDIATOR LIST**

1. David Banker
   Montgomery McCracken Walker & Rhoads LLP

2. Christopher Battaglia
   Halperin Battaglia Benzija, LLP

3. Mark Felger
   Cozen O'Connor P.C.

4. Eric Haber
   Law Office of Eric Haber, PLLC

5. Jorian Rose
   BakerHostetler

6. Sean Southard
   Klestadt Winters Jureller Southard & Stevens, LLP