**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No.: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Bobbie Baker ("Plaintiff"), by and through her attorney, LAW OFFICES OF SCOTT B. WOLFMAN & ASSOCIATES, P.C., and moves this Court to grant relief from the automatic stay pursuant to 11 USC 362(d), in order to permit Plaintiff to continue her action against SEARS HOLDINGS CORPORATION, et al, in the Circuit Court of Cook County, and in support thereof, states as follows:

1. On October 15, 2018, the Debtors herein filed its petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

2. On March 15, 2018, a lawsuit was initiated in the Circuit Court of Cook County by Plaintiff against SEARS HOLDING CORPORATION, Court Number 18 L 002720.

3. The action in the Circuit Court of Cook County is brought for injuries Plaintiff suffered when she was injured on a treadmill purchased from Sears, the Debtor. Plaintiff generally alleges that the Debtor/Defendants, SEARS HOLDINGS CORPORATION, et al, were negligent in the maintenance of said treadmill.

4. This litigation has been stayed by the Debtor's Chapter 11 bankruptcy filing.

5. Plaintiff seeks only to enforce their claim against the Debtor to the extent that insurance proceeds are available for personal injury claims and does not seek a deficiency payment from the assets of the debtor's bankruptcy estate.

6. If Plaintiff is not permitted to proceed with her suit, she will suffer irreparable injury, loss, and damage.

7. No cause exists to delay the enforcement and implementation of relief and Bankruptcy Rule 4001(a)(3) should be waived.

8. Plaintiff has previously sent a "Personal Injury Inquiry" to Counsel for the Debtor on November 12, 2019 pursuant to the procedures outlined in the Motion and Order for Modification of the Automatic Stay Under Certain Circumstances, docket nos. 2,594 and 2,628, which provides a 45-day window for Debtor to respond to Plaintiff, after which Plaintiff may move for relief from the automatic stay if Debtor has not responded to the inquiry. See attached.  No response to same has been received by Plaintiff.

WHEREFORE, Movant, Bobbie Baker, respectfully requests that this Court grant her motion for relief from the automatic stay allowing them to proceed with their litigation to collect against the insurance policy or policies of the Debtor up to its policy limits and/or the Illinois Guaranty Fund; for a waiver of Federal Bankruptcy Rule 4001(a)(3); and for such other equitable relief as this Court deems just.

                      Respectfully submitted,

                      /s/Christopher Hoffman
           By:   CHRISTOPHER J. HOFFMAN
                  One of Bobbie Baker's Attorneys

LAW OFFICE OF SCOTT B. WOLFMAN & ASSOCIATES, P.C.
641 W. Lake Street, Suite 400
Chicago, IL 60661
Ph# 312/258-1800