**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

    Debtors.

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

### NON-PARTY JEFFERIES LLC'S OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER TO COMPEL BANKRUPTCY RULE 2004 PRODUCTION OF DOCUMENTS

Jefferies LLC ("Jefferies"), a non-party to the bankruptcy proceeding captioned *In re Sears Holdings Corp.*, *et al.*, No. 18-23538 (RDD), by and through undersigned counsel, hereby sets forth its Objections to the Motion of the Official Committee of Unsecured Creditors (the "Committee") for an Order to Compel Bankruptcy Rule 2004 Production of Documents (the "Motion").

### PRELIMINARY STATEMENT

1.    With its Motion, the Committee continues to disregard this Court's chambers' procedures, the Local Rules, and the Federal Rules of Bankruptcy and Civil Procedure. Although this Court requires parties to "confer among themselves to resolve" discovery disputes, the Committee last contacted Jefferies *four months ago*—on May 11, 2020. At that point, the Committee told Jefferies that there was no dispute because the Committee had decided to "go with Jefferies production in redacted form." ECF No. 8422-1 at 2. The Committee did not contact Jefferies again until shortly before 1 a.m. on the Saturday of the Labor Day weekend when the Committee served its pre-motion letter. And, although "discovery motions may not be filed until

the parties have . . . participated in a conference with the Court," (*see* Judge Drain's Chambers' Rules on Discovery Disputes) the Committee pushed ahead with its Motion without waiting for this Court to schedule a pre-motion conference. Once again, it did not confer with Jefferies in advance or try to resolve this dispute. For that reason alone, the Court should deny the Motion.

2.      Aside from the Committee's complete failure to comply with the Local Rules and this Court's procedures, the Motion should be denied for two reasons. *First*, the subpoena is invalid because the Rule 2004 Order (ECF No. 802) did not give the Committee authority to serve a subpoena *on Jefferies*. The Court, needless to say, cannot order compliance with a subpoena that was not authorized. *Second*, the Committee seeks to compel the disclosure of certain protected material that—by its own admission—is irrelevant. The Committee told this Court that it likely "will only assert claims against defendants (or affiliated groups of defendants) that received transfers [of Lands' End stock or Seritage Rights] worth in excess of $250,000." ECF No. 8416 at 1. But the Committee seeks to compel Jefferies to identify *all* customers that held Lands' End Stock or Seritage Rights, regardless of the value they received. The Court should therefore deny the Committee's Motion.

## **BACKGROUND**

3.      On November 6, 2018, the Committee moved for an order under Bankruptcy Rule 2004 authorizing expedited discovery of the debtors and certain third parties. ECF No. 484. The Committee represented to the Court that the purpose of the motion was to investigate "the possibility that ESL and other insiders may have exercised undue influence to siphon value away from the Company on favorable terms." ECF No. 484 at 2. The Committee also expressed concern that the "Insider Transactions" orchestrated by these insiders "may be part of an extended pattern of conduct that served to benefit certain (insider) equity holders at the expense of creditors and the

Debtors' estates" that justified expedited discovery. *Id.* The motion did not mention the possibility

that the Committee would take discovery from innocent third-parties that were not involved in the

decision to spin-off Lands' End or enter into the Seritage Transactions. *See id.*

4.      As relief, the Committee's motion asked for an order under Rule 2004 "authorizing

the Committee to "(i) serve document requests/subpoenas . . . on, and (ii) take depositions of

representatives of Debtors, ESL, Seritage, Fairholme, and other entities involved in or having

knowledge of the Insider Transactions and other potentially problematic transactions." ECF No.

484 at 13-14; *see also* ECF No. 484 at 1 (explaining that the Committee wanted to take discovery

from "Debtors' controlling shareholders ESL Investments, Inc. (together with its affiliates,

"ESL"), Edward Lampert ("Lampert"), the Company's Chairman and former CEO, who is also

the current Chairman and CEO of ESL, and *certain* additional parties") (emphasis added). The

motion then identified the "other entities" that the Committee planned to seek discovery from:

Centerview Partners LLC, Wachtel, Lipton, Rosen & Katz, Duff & Phelps LLC, Cushman &

Wakefield, Deloitte Touche Tohmatsu Ltd., and Debevoise & Plimpton LLP. ECF No. 484 at 13-

14.

5.      Jefferies was *not* one of the parties identified in the motion—and for good reason.

The motion simply had nothing to do with Jefferies. Jefferies was not "involved in" the contested

transactions and does not have "knowledge of the Insider Transactions." *Id.* And the Committee

disclaimed that Jefferies (or any other entity not named in the motion) was the target of discovery:

The motion represented that "counsel for the Committee has notified counsel for the entities

identified as subject to discovery in connection with th[e] Motion." *Id*. at 20. But the Committee

never contacted Jefferies. In short, Jefferies was not identified as a target in the Rule 2004

motion—and has *never* been the subject of a Rule 2004 motion in this Court.[1]

6.      On November 16, 2018, the Court entered an order granting the Committee's motion. ECF No. 802. The order authorized the Committee to take expedited discovery of the Debtors and the third parties identified in the motion. *Id*. at 1-2 & n.2. It did not authorize discovery of Jefferies. The order, in fact, does not identify Jefferies at all. *See id*.

7.      More than a year after the Court entered the Rule 2004 order, the Committee's conflicts counsel served a subpoena on Jefferies. On April 16, 2020, Jefferies timely served responses and objections to the subpoena. *See* Ex. A. Jefferies objected to the subpoena because, among other things, "the Creditors' Committee did not properly obtain an order authorizing it to serve the Subpoena on Jefferies under Federal Rule of Bankruptcy Procedure 2004." *See* Ex. A at 3. After several meet-and-confers regarding the subpoena, Jefferies agreed to produce a redacted list of customers that held Lands' End Shares or Seritage Rights on the relevant dates while reserving all of its rights. The Committee initially objected to the redactions, but eventually decided to "go with Jefferies production in redacted [form]." ECF No. 8422-1 at 1.

8.      That was *four months* ago. Then, around 1 a.m. on the Saturday of the Labor Day weekend—without any notice—the Committee served Jefferies with its letter seeking a conference with the Court. Rather than wait for the Court to schedule that conference, the Committee filed the Motion seeking to compel Jefferies to comply with the subpoena.

## **LEGAL STANDARD**

9.      A Rule 2004 subpoena is invalid unless authorized by a court order. *In re Rochester Drug Coop., Inc.*, 2020 WL 5525798, at *2 (Bankr. W.D.N.Y. 2020). "Although the scope of the

---

[1] Although the Committee reserved its right to "supplement th[e] Motion" with "additional parties," it never supplemented the motion to add Jefferies. ECF No. 484 at 20-21.

examination permitted under Bankruptcy Rule 2004 is broad, it is not without limits." *In Re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). Rule 2004 allows an examination "only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's bankruptcy proceeding." *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983). By contrast, Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Wilcher*, 56 B.R. at 433.

## **ARGUMENT**

### I.    **The Court Should Deny The Motion Because The Jefferies Subpoena Is Invalid.**

10.    It is black-letter law that a party seeking discovery under Rule 2004 *must* obtain a court order before serving a subpoena. *See* Fed. R. Bank. P. 2004(a) (authorizing discovery only with a court order). But the Committee never obtained such an order, so for that reason alone the Court should deny its Motion to compel. *See In re Rochester Drug Coop., Inc.*, No. 20-20230, 2020 WL 5525798, at *2 (Bank. W.D.N.Y. Sept. 11, 2020) (denying motion to compel "because no adversary proceeding or litigated contested matter was pending, and no order authorizing an examination. . . was granted by [the court] under Rule 2004").

11.    The Rule 2004 order that the Committee has identified as authorizing the subpoena on Jefferies simply had *nothing* to do with Jefferies. As discussed above, the Committee sought authority to serve discovery under Rule 2004 on third parties "involved in or having knowledge of the Insider Transactions and other potentially problematic transactions." ECF No. 484 at 13-14. The motion then specifically identified the third parties from whom the Committee intended to seek discovery: Centerview Partners LLC, Wachtel, Lipton, Rosen & Katz, Duff & Phelps, LLC, Cushman & Wakefield, Deloitte Touche Tohmatsu Ltd., and Debevoise & Plimpton LLP. ECF No. 484 at 14. Jefferies was not on the Committee's list. The Committee didn't notify Jefferies of

5

the motion. And the Court's order (ECF No. 802) does not identify Jefferies.

12.    Moreover, the reasons the Committee gave for seeking the order do not apply to Jefferies. The Committee has never alleged—nor could it allege—that Jefferies was "involved in" the Insider Transactions or other problematic transactions. Nor does Jefferies have any knowledge of these transactions. It does not know who orchestrated these transactions, the reason for entering into these transactions, or anything else about the transactions. The *only* connection between Jefferies and this case is that some of its customers owned Sears stock in 2014, which Jefferies held in "street name." *See* ECF No. 8438 at 9.

13.    The Committee simply never got a court order authorizing it to serve a Rule 2004 subpoena on Jefferies. For that reason, the subpoena is invalid and the Court should deny the Committee's Motion. *See In re Rochester Drug Coop., Inc.*, 2020 WL 5525798, at *2.

## II.    The Court Should Deny The Motion Because The Subpoena Is Overbroad And Imposes An Undue Burden On Jefferies.

14.    Under Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45, any party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Courts may not compel compliance with a subpoena that imposes an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). The Committee's subpoena does just that, so the Court should refuse to compel compliance with it.

15.    The subpoena seeks the identity of *every* Jefferies customer that received Lands' End stock or Seritage Rights on the date of those transactions, including the address of each such customer. ECF No. 8438 at 10. But the Committee now concedes that most of this information is irrelevant. The Committee told this Court that it likely "will only assert claims against defendants (or affiliated groups of defendants) that received transfers [of Lands' End stock or Seritage Rights] worth in excess of $250,000." ECF No. 8416 at 1.

16.     As the Committee well knows, the majority of the customers it seeks to identify held *less* than $250,000 of either Lands' End stock or Seritage Rights. Six months ago, Jefferies produced a redacted spreadsheet showing the number of customers that held Lands' End or Seritage Rights at the time of these transactions. That spreadsheet shows that the majority of Jefferies customers held less than $250,000 worth of either Lands' End stock or Seritage Rights. Because the Committee does not plan to pursue claims against *de minimis* recipients of Lands' End stock or Seritage Rights, there is no reason Jefferies should be compelled to produce the identities of *all* of the affected customers.

17.     The identities of these customers—by the Committee's own admission—are irrelevant. For that reason, the subpoena is overbroad and unduly burdensome. The Court should refuse to compel compliance with it.

### III.    The Court Should Deny The Motion Because The Committee Did Not Comply With The Court's Rules.

18.     Under Local Bankruptcy Rule 7007-1(b) and this Court's rules, "discovery motions may not be filed until the parties have (a) conferred among themselves to resolve the dispute and (b) participated in a conference with the Court." The Committee did not even try to confer with Jefferies before seeking a conference with the Court. And the Committee refused to wait for this Court to schedule a conference before filing it's Motion. Because the Committee did not even attempt to comply with Local Rule 7007-1(b), the Court should deny the Committee's Motion. *See, e.g.*, *In re Teligent, Inc.*, No. 01-12974, 2006 WL 1030417, at *6 (Bankr. S.D.N.Y. Apr. 13, 2006) (refusing to impose discovery sanctions because of non-compliance with Local Rule 7007-1(b)), aff'd, No. 06 Civ. 3721, 2009 WL 2152320 (S.D.N.Y. July 17, 2009); *In re Waterscape Resort LLC*, No. 11-11593, 2015 WL 289812, at *3 (Bankr. S.D.N.Y. Jan. 21, 2015) (noting prior motion to compel was denied for failure to comply with Local Rule 7007-1(b)).

7

## <u>CONCLUSION</u>

19.     For the foregoing reasons, non-party Jefferies respectfully requests that the Court

DENY the Committee's motion to compel.


Dated: September 28, 2020          **SIDLEY AUSTIN LLP**
        Chicago, Illinois

                                   */s/ Alex R. Rovira*
                                   Alex R. Rovira
                                   787 Seventh Avenue
                                   New York, NY 10019
                                   Telephone: (212) 839-5300
                                   Facsimile: (212) 839-5599

                                   *Counsel for Jefferies LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2020, I caused a true and correct copy of the

foregoing to be electronically filed using the CM/ECF system, which will send notice of this filing

to all counsel of record.

*/s/ Alex R. Rovira*

*Attorney for Non-Party Jefferies LLC*