**Hearing Date and Time: October 6, 2020 at 10:00 a.m. (Eastern Time)**

MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, New York 10018
Telephone: (212) 239-2000
Facsimile: (212) 239-7277
James P. Chou
Ted A. Berkowitz
Danielle J. Marlow

*Special Conflicts Counsel to the Official Committee*
*of Unsecured Creditors of Sears Holding Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY TO NON-PARTY JEFFERIES LLC'S OPPOSITION TO THE MOTION FOR AN ORDER TO COMPEL BANKRUPTCY RULE 2004 PRODUCTION OF DOCUMENTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

The Official Committee of Unsecured Creditors (the "Creditors' Committee" of "Committee") of Sears Holdings Corporation ("Sears") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned special conflicts counsel ("Special Conflicts Counsel"), hereby submits this Memorandum of Law in Reply to non-party Jefferies LLC's ("Jefferies") opposition to the Creditors' Committee's motion to Compel Bankruptcy Rule 2004 Production of Documents from Third-Parties (the "Motion"). In support of this Memorandum of Law in Reply, the Creditors' Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.    Jefferies objects to the Subpoena on three grounds: (i) the Subpoena was invalid because it was not authorized by the Rule 2004 Order (as defined below); (ii) requiring Jefferies to provide account holder names as requested in the Motion would impose upon it an undue burden; and (iii) Special Conflicts Counsel failed to follow the Court's rules in bringing this Motion.

2.    None of these arguments has merit. As demonstrated below (i) the Rule 2004 Order is broad and is specifically intended to, and does in fact, encompass Subpoenas issued to third parties such as Jefferies; (ii) requiring Jefferies to produce the account holder names would not impose any undue burden upon it. All Jefferies has to do is produce data previously produced in un-redacted form; and (iii) Special Conflicts Counsel has not run afoul of this Court's rules or the Local Rules, as following Special Conflict Counsel's letter request on September 4, 2020, this Court expressly authorized the Committee to bring this Motion, without the need for a pre-motion conference.

3.    In sum, Jefferies' objections are without substance and the Motion should be granted in its entirety.

2

## BACKGROUND[2]

4.      On November 5, 2018, the Creditors' Committee moved this Court for an "order pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2004, 9006, and 9016, and section 105 of the Bankruptcy Code, authorizing it to conduct examination of and seek discovery from Debtors, their advisors and controlling shareholders, ***and other third parties*** related to alleged Insider Transactions[3] . . . (the "Rule 2004 Topics")." *See* ECF No. 484 at 5 (emphasis added).

5.      On November 16, 2018, this Court granted the motion, issuing an order (the "Rule 2004 Order") stating that (i) "[t]he Committee is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination of the Debtors ***and other third parties*** regarding the Rule 2004 Topics" and (ii) "[t]he Committee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examinations (each a 'Rule 2004 Subpoena')."  ECF. No. 802 at 2 (emphasis added).

6.      Pursuant to the Rule 2004 Order, on or about March 19, 2020, the Committee served a Rule 2004 Subpoena upon Jefferies (the "Subpoena").

7.      On or about April 16, 2020, Jefferies served written responses and objections to the Subpoena.

8.      On April 27, 2020, Special Conflicts Counsel held a telephonic meet and confer with Jefferies' attorneys concerning their responses and objections and to address Jefferies' concerns about the confidential nature of the responsive material.  In response, Jefferies' counsel

---

[2] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in the sections below.

[3] As defined in the Committee's November 5, 2018 motion.  *See* ECF No. 484.

was provided with a copy of the Amended Protective Order in this Action.  *See* ECF No. 8422-1 at 4.

9.      On May 4, 2020, Jefferies produced certain responsive documents but redacted wholesale the account names and dates associated with the transactions pertaining to the Rule 2004 Topics, namely the Lands' End Spin-off and the Seritage Rights Offering.

10.     Despite several back and forth emails and good faith efforts by the Committee, Jefferies maintained its steadfast refusal to produce the account names and dates of the identified transactions.   Rather than wasting time and resources on more futile email correspondence, Special Conflicts Counsel agreed to "go with Jefferies' production in redacted [form] ***as is at least for now, without waiver of our rights to take further action if necessary in the future***." ECF. No. 8422-1 at 1. (emphasis added).[4]

11.     On or about September 4, 2020, Special Conflicts Counsel for the Committee filed a letter with this Court requesting a discovery conference to address third parties, including Jefferies, which failed to comply with the Rule 2004 Subpoenas, and seek the Court's intervention compelling production.  ECF No. 8417.

12.     Pursuant to Your Honor's rules, Special Conflicts Counsel for the Committee emailed Your Honor's chambers with a copy of the September 4, 2020 letter concerning certain third parties' noncompliance with the Rule 2004 Subpoenas.

13.     On September 8, 2020, Jefferies filed with this Court a letter requesting that the Court deny the Committee's request for a discovery conference and setting forth its objections to

---

[4] Notably, when Jefferies references Special Conflict Counsel's May 11, 2020 email in its opposition papers, it conveniently leaves out the bolded language reserving the Creditors' Committee's right to take further action and placing Jefferies on notice that the Committee could conceivably bring the instant Motion, given Jefferies' intransigence in refusing to un-redact account names and dates.  *See* Jefferies Opp. at ¶ 7.

the Committee's effort to compel compliance with the Subpoena and production of the requested information.  ECF. No. 8422.

14.     On that same date, September 8, 2020, Your Honor stated that the Committee could make the instant Motion to Compel without having a telephonic conference with the Court. (*See* September 8, 2020 email from Hon. Robert D. Drain attached hereto as Exhibit A).

15.     Accordingly, on September 14, 2020, the Committee brought this Motion against Jefferies and certain other noncomplying third parties served with a Rule 2004 Subpoena.

16.      Jefferies now opposes this Motion on three grounds: (i) the Subpoena is unauthorized and invalid; (ii) the Subpoena is overbroad and unduly burdensome; and (iii) the Creditors' Committee did not comply with this Court's rules and Local Rules.  As discussed below, these grounds have no merit and cannot defeat the instant Motion.

## LEGAL STANDARD

17.     The purpose of Bankruptcy Rule 2004 is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."  *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

18.     By extension, the scope of discovery allowed under Bankruptcy Rule 2004 is "very broad and great latitude of inquiry is ordinarily permitted." *In re Madison Williams & Co., LLC*, No. 11-15896, 2014 WL 56070, at *3 (Bankr. S.D.N.Y. Jan. 7, 2014); *see also*, *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[T]he scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition'"); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (same).

19.     Bankruptcy Rule 2004 permits discovery of any party, including third parties, "if they have knowledge of the debtor's affairs." *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

## ARGUMENT

### I.    Jefferies' Argument That The Subpoena Is Invalid Is Premised On A Misguided Reading Of The Rule 2004 Order And The Committee's Rule 2004 Motion

20.     Jefferies argues that the Subpoena is invalid because the Creditors' Committee did not obtain a "court order before serving the subpoena." Jefferies Opp. at ¶ 10. This position rests on the premise that the Court's Rule 2004 Order is somehow inapplicable because it failed to specifically identify Jefferies as a subpoena target. Jefferies Opp. at ¶ 11. As further support for its assertion that the Subpoena falls outside the scope of the Rule 2004 Order, Jefferies contends that the Committee's underlying Rule 2004 Motion also failed to specifically seek discovery from Jefferies. Jefferies Opp. at ¶¶ 11-12. These arguments, however, are specious, misguided, and simply wrong on all counts.

21.     First, the Rule 2004 Motion is clear that the scope of the contemplated discovery is far reaching and ***not*** limited to only the identified targets. The Rule 2004 Order explicitly granted the requested relief. Specifically, the Rule 2004 provides as follows:

> The Committee is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination of the Debtors ***and other third parties*** regarding the Rule 2004 Topics.

> The Committee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examinations (each, a "Rule 2004 Subpoena").

ECF No. 802 at ¶ 1. (emphasis added). Further, the Rule 2004 Order very broadly defines the "Rule 2004 Topics" to include Insider Transactions, which include the Lands' End distributions and the Seritage rights offering. Thus, contrary to what Jefferies asserts, the Rule 2004 Order

expressly grants the Creditors' Committee the right to serve subpoenas on third parties such as Jefferies.

22.    Second, Jefferies' contention that the Committee's Rule 2004 Motion did not contemplate discovery of Jefferies fares no better, as it similarly ignores the express language of the motion.  Specifically, the Rule 2004 Motion, which the Court granted in full, requested authorization "to (i) serve documents request/subpoenas (the "Request") on . . . the Debtors, ESL, Seritage, Fairholme, **and other entities involved in or having knowledge of the Insider Transaction**s and other potentially problematic transactions, including, **but not limited to**, the entities listed below."  ECF No. 484 at 13 (emphasis added).

23.    Jefferies attempts to exclude itself from the reach of this requested relief by contending that it was not "involved" and had no "knowledge" of the transaction at issue.  But this contention is a hollow play on semantics that improperly and over-narrowly construes these terms to mean that the discovery targets either had to have orchestrated or participated in the transactions, or possessed knowledge of those who did.  Jefferies Opp. ¶ 12.  As is the case in other similar clawback actions, the clear import of the requested relief was to capture as-of-yet identified third party transferees of the purported fraudulent conveyances.

24.    To be sure, in the Rule 2004 Motion, the Creditors' Committee was careful to explain that it was "in the early stages of its investigation and bases its requests on the information currently available to it.  The Committee is not suggesting that the entities listed in subparagraphs a through f of this paragraph[5] necessarily are targets of its investigation; rather,

---

[5] These entities that were listed in the Rule 2004 Motion are (a) Centerview Partners LLC; (b) Wachtell, Lipton, Rosen & Katz; (c) Duff & Phelps, LLC; (d) Cushman & Wakefield; (e) Deloitte Touche Tohmatsu Ltd.; and (f) Debevoise & Plimpton LLP.  ECF No. 484 at 14.  It is Jefferies' contention that since it does not appear in this explicitly non-exhaustive list, the Rule 2004 Motion and Rule 2004 Order do not apply to it.  (Jefferies Opp. ¶¶ 10-13), is both contrary to the broad sweeping language of the Rule 2004 Order, and nonsensical in light of the early stage of the case when the Rule 2004 Order was entered.  Not all third party targets were or could have been

the Committee believes that they are likely to have relevant information. *The Committee reserves all of its rights to serve additional requests in the course of its investigation and to propound discovery in connection with any other matter that may arise in these cases*." ECF No. 484 at 14 n. 28. (emphasis added).

25.    Here, Jefferies has admitted that "some of its customers owned Sears stock in 2014, which Jefferies held in 'street name.'" Jefferies Opp. ¶ 12. Thus, Jefferies is *precisely* the sort of "third party" that both the Rule 2004 Motion and Rule 2004 Order contemplated would be subject to third party discovery. *In re Recoton Corp.*, 307 B.R. at 755 ("Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation"); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("[T]he Court may authorize the examination of third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate").

26.    At bottom, there is no basis for Jefferies to argue that the Subpoena was "invalid" because Jefferies was not specifically mentioned in either the Rule 2004 Motion or the Rule 2004 Order, as both documents explicitly state that the scope of the Rule 2004 discovery extends to third parties, including third parties that were yet to be identified at the time the Rule 2004 Motion was brought.

## II.    Jefferies Will Not Suffer Undue Burden By Simply To Simply Removing The Redactions To Its Prior Responses

27.    Jefferies contends that the Subpoena is unduly burdensome and overbroad to the extent it seeks "the identity of *every* Jefferies customer that received Lands' End stock or Seritage Rights on the date of those transactions, including the address of each such customer." Jefferies Opp. at ¶ 15.

---

identified at the time, and it was clearly contemplated that additional third parties such as Jefferies would be identified in the future.

28.    As Jefferies admits, it produced "a redacted list of customers that held Lands' End Shares or Seritage Rights on the relevant dates." Jefferies Opp. at ¶ 7. Consequently, this Motion *only* seeks to compel Jefferies to produce that same list without the redactions, under the protection of Amended Protective Order entered by this Court.

29.    It is nonsensical (and perhaps frivolous) for Jefferies to argue that re-producing the same list *without* the redactions that Jefferies made prior to its initial production would impose an undue burden. If anything, producing the same list without the redactions is ***less*** burdensome.

30.    Notwithstanding and without waiver of the foregoing, the Creditors' Committee is willing to narrow its request to an un-redacted list of customer names and the relevant dates of the transactions for those customers that received 2,000 or more shares of Lands' End or 8,000 or more Seritage Rights. This should dispose of any argument relying upon burden or overbreadth.

## III.    The Creditors' Committee Fully Complied With This Court's Rules Prior To Filing This Motion

31.    Under Local Bankruptcy Rule 7007-1(b) and this Court's rules, "discovery motions may not be filed until the parties have (a) conferred among themselves to resolve the dispute and (b) participated in a conference with the Court." The Creditors' Committee has fully complied with both prongs of Rule 7007-1(b).

32.    First, as reflected in the correspondence between Special Conflicts Counsel and Jefferies' counsel, the parties met and conferred both over the telephone and in writing. The parties, however, hit an impasse over Jefferies' refusal to provide an un-redacted account holder list. ECF No. 8422-1. The final correspondence reflecting the parties' meet and confer efforts concluded with Special Conflicts Counsel's explicit reservation "of our rights to take further action if necessary in the future." *Id*. at 1.

33.      The Committee took further action by writing a letter to the Court requesting a discovery conference to seek leave to file a motion to compel.   ECF. No. 8422.  As Jefferies acknowledges, this letter was served upon Jefferies' counsel.  The Court granted leave to file the instant Motion without a conference on September 8, 2020.  *See* Exhibit A.

34.      After Jefferies was served with the Committees' September 4, 2020 letter requesting a teleconference, on September 8, 2020, Jefferies filed a letter with this Court addressing the requested relief.  ECF. No. 8422.  The Jefferies letter made clear that it continued to maintain its objection and further meet and confer efforts would be futile.

35.      In sum, by virtue of its email correspondence with Special Conflicts Counsel and its September 8, 2020 letter to this Court, Jefferies made it abundantly clear that it would not be producing the un-redacted list of customers and transaction dates, thus rendering any further meet and confers futile.  Further, Special Conflicts Counsel requested a conference to seek leave to move to compel, and Jefferies had ample opportunity to address that request, which it did.  Thus, Special Conflicts Counsel clearly complied with the Court's procedures.

36.      The cases cited by Jefferies in support of its argument that the Committee failed to follow the Court's rules and Local Rules are factually distinct from the present circumstances.  Jefferies Opp. at ¶ 18.  In *In re Teligent*, plaintiff "failed to provide evidence that the plaintiff had satisfied the 'meet and confer' requirements . . . and the plaintiff did not request a discovery conference as required by the Court's Local Rules."  No. 01-12974, 2006 WL 1030417, at *6 (Bankr. S.D.N.Y. Apr. 13, 2006) (citing Rule 7007-1(b)); *see also In re Waterscape Report LLC*, No. 11-11593, 2015 WL 289812, at *3 (Bankr. S.D.N.Y. Jan. 21, 2015) (movant filed motion to compel before any meet and confer or conference request with subpoenaed party).

37.     Here the documents establish that the Creditors' Committee both met and conferred with Jefferies *and* requested a conference with this Court.  ECF. Nos. 8422-1 and 8422.  This more than satisfies this Court's rules and Local Bankruptcy Rule 7007-1(b).  *In re Reifler*, No. 18-CV-4711 (KMK), 2019 WL 396525, at *4 (S.D.N.Y. Jan. 31, 2019) (finding moving party satisfied Rule 7007-1(b) where it "attached correspondence that indicated some of those attempts at conferring with [the subpoenaed party] prior to filing the motion . . . and referenced additional telephone conferences held in furtherance of those attempts" even though moving party did not request a court conference).

38.     Therefore, the Creditors' Committee clearly satisfied its obligations under the Local Bankruptcy Rule 7007-1(b) and this Court's rules.

## **CONCLUSION**

For the reasons set forth above, the Creditors' Committee respectfully requests that the Court enter an order compelling Jefferies to produce the documents requested in Subpoena without redactions to account holder names who received 2,000 or more shares of Lands' End or 8,000 or more Seritage Rights by no later than October 9, 2020.

Dated: New York, New York
        October 2, 2020                          MORITT HOCK & HAMROFF LLP


                                                By:    /s/ *James P. Chou*
                                                        James P. Chou
                                                        Ted A. Berkowitz
                                                        Danielle J. Marlow
                                                1407 Broadway - 39th Floor
                                                New York, New York, 10018
                                                Telephone: (212) 239-2000
                                                Facsimile: (212) 239-7277

                                                *Special Conflicts Counsel to the Official*
                                                *Committee of Unsecured Creditors of*
                                                *Sears Holdings Corporation, et al.*

2365108v1