**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

### ORDER COMPELLING BANKRUPTCY RULE 2004 PRODUCTION OF DOCUMENTS BY BMO NESBITT BURNS CORP.

Upon the motion, dated September 14, 2020 (ECF No. 8438) (the "Motion") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears") and its affiliated debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of an order compelling BMO Nesbitt Burns Corp. ("BMO Nesbitt") pursuant to section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45 to produce the documents requested in the Creditors' Committee's Public Shareholder Subpoena issued upon BMO Nesbitt no later than three (3) days from entry of this Order; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with Local Rule 9006-1, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no response to the Motion; and BMO Nesbit having neither timely objected to the subpoena at issue nor moved to quash; and the Court having held a hearing to consider the relief requested in the Motion on October 6, 2020 (the "Hearing"); and upon the record of the Hearing, and upon all the proceedings had before the Court; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45, BMO Nesbitt is hereby ordered to produce the documents requested in the Creditors' Committee's Public Shareholder Subpoena served upon it no later than **October 9, 2020**.

3. Such production shall be pursuant to the Amended Stipulated Protective Order entered in these proceedings (ECF Doc No. 1084).

4. Service of this Order shall be effected by sending it via overnight mail to BMO Nesbitt's registered address at 3 Times Square New York, New York 10036. The Creditors' Committee also is authorized to serve a copy of this Order on counsel for BMO Nesbitt by email to BMO Nesbit's General Counsel.

5. The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted in this Order.

Dated: October 7, 2020
White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE