**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Henry J. Jaffe (*pro hac vice* admission pending)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19899
Telephone:   (302) 777-6500
Email:         henry.jaffe@troutman.com

*Counsel for Oxo International, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDINGS CORPORATION *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>Re: Docket No. 8451 |

**OXO INTERNATIONAL, LTD'S RESPONSE TO THE DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS**
**(RECLASSIFIED/DISALLOWED CLAIMS)**

Oxo International, Ltd. ("Oxo"), by and through its undersigned counsel, respectfully files this response (the "Response") to the *Debtors' Twenty-First Omnibus*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Objection to Proofs of Claim or Ballots (Reclassified/Disallowed Claims)* [Docket No. 8451] (the "Claims Objection").[2] In support of this Response, Oxo respectfully states as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date") each of the Debtors commenced with the Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, Oxo and the Debtors were engaged in a business relationship whereby Oxo would, in the ordinary course of business, sell goods to certain of the Debtors.

3. On March 5, 2019, Oxo filed claim number 9824 against Debtor Sears Holdings Corporation ("Holdings") on account of amounts due and owing to Oxo for goods sold and asserted an administrative expense claim under section 503(b)(9) of the Bankruptcy Code (the "Superseded Kmart Claim"). Also on March 5, 2019, Oxo filed claim number 9824 against Debtor Kmart Corporation ("Kmart") on account of amounts due and owing to Oxo for goods sold and asserted an administrative expense claim under section 503(b)(9) of the Bankruptcy Code (the "Superseded Holdings Claim").

4. On April 1, 2019, Oxo filed three claims: (i) claim number 13706 against Holdings, which amended, superseded, and replaced the Superseded Holdings Claim (the "Holdings Claim"); (ii) claim number 13728 against Debtor Sears, Roebuck and Co. ("Sears Roebuck" and, such claim the "Sears Roebuck Claim"); and (iii) claim number 13835 against Kmart, which amended, superseded, and replaced the Superseded Kmart Claim (the "Kmart

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Claims Objection.

Claim" and, together with the Holdings Claim and the Sears Roebuck Claim, the "Oxo Claims").[3]

5.      The Oxo Claims are substantially identical (with the exception of the Debtor against whom they were filed) and all assert a total claim of $216,827.61 for amounts due and owing to Oxo for goods sold.  Of the total amount asserted in each of the Oxo Claims, $13,141.79 was on account of a general unsecured claim and $203,685.82 was asserted as an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code.  Attached to each of the Oxo Claims is a summary, along with supporting documentation in the form of pre-petition invoices and their respective proofs of delivery, showing receipt of the invoiced goods by the Debtors, and related business records.

6.      On September 18, 2020, the Debtors filed the Claims Objection.  Exhibit A to the Claims Objection is a list of non-real estate Claims that the Debtors seek the Court to either reclassify or disallow and expunge.  The Debtors list the Superseded Kmart Claim, the Superseded Holdings Claim, and each of the Oxo Claims on Exhibit A to the Claims Objection as a single line item.  *See* Claims Objection, Exhibit A, at Ref. # 20.  The Debtors list these claims together with:  (i) an aggregate asserted 503(b)(9) Administrative Priority Claim amount of $813,167.75 and a surviving 503(b)(9) Administrative Priority Claim amount of $0.00; and (ii) an aggregate asserted General Unsecured Claim amount of $39,425.37 and a surviving General Unsecured Claim amount of $13,141.79.  *See id*.

---

[3] Each of the Oxo Claims is incorporated herein by reference.  For reference, the invoices and delivery documentation that was attached to each of the Oxo Claims is attached hereto as **Exhibit A**.

**RESPONSE**

7. Oxo seeks the allowance of a total claim of $216,827.61, comprised of a $13,141.79 general unsecured claim (the "Oxo GUC") and a $203,685.82 administrative expense claim, pursuant to section 503(b)(9) of the Bankruptcy Code (the "Oxo Administrative Claim").

8. In each of the Oxo Claims, Oxo provides exacting detail in support of both the Oxo GUC and the Oxo Administrative Claim, through the inclusion of both the underlying invoices and their related delivery receipts, showing that the Debtors received the invoiced goods.[4] In particular, with respect to the Oxo Administrative Claim, the Oxo Claims' supporting documentation demonstrates that goods sold to the Debtors by Oxo, with an aggregate value of $203,685.82, were received by the Debtors within 20 days before the Petition Date and sold in the ordinary course of business—thus providing the necessary support for an administrative expense claim in that amount under section 503(b)(9) of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(9). In short, Oxo has proved the validity and amounts of the claims asserted in the Oxo Claims.

9. The Debtors' sole justification for objecting the Oxo Claims is that "the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off." *See* Claims Objection, Exhibit A, at Ref. # 20 and Footnote 4(ii). The Debtors, however, provide no evidence to support their objection—not even a reference to specifically where in the Debtors' myriad books and records support for such outstanding

---

[4] Certain portions of the supporting documentation attached to the Oxo Claims—comprised of scanned original documents—may be difficult to read. As such, attached as **Exhibit B** hereto are more legible copies of the following invoices and their corresponding delivery documentation: (a) Invoice No. 1003747478; (b) Invoice No. 1003747480; (c) Invoice No. 1003747481; (d) Invoice No. 1003747558; (e) Invoice No. 2000032434; (f) Invoice No. 2000032435; (g) Invoice No. 2000032485; (h) Invoice No. 2000032486; (i) Invoice No. 2000032489; (j) Invoice No. 2000032491; and (k) Invoice No. 2000032492. Oxo's books and records reflect that the delivery with respect to Invoice No. 1003747549 occurred on September 28, 2018, Oxo is attempting to obtain a delivery receipt with respect to the goods reflect in this invoice, and reserves the right to supplement this response should it obtain any further evidence in support of the 503(b)(9) claim arising from such delivery.

unclaimed credits could be found. To properly object to the Oxo Claims on this basis, the Debtors would have had to provide actual documentation showing valid credits in favor of the Debtors and, further, that such credits were not previously used against Oxo on prior invoices not included in the Oxo Claims. But rather than providing any evidence specific to the Oxo Claims that could in any way properly refute the amounts asserted therein, the Debtors give nothing more than a wholly vague and generic statement that was identically applied to 11 other creditors for entirely different proofs of claim. Without more, the Debtors' objection cannot stand and the Oxo GUC and the Oxo Administrative Claim should both be allowed in their entirety.

10. Further, upon inspection of its own records, Oxo cannot find any reference to unclaimed credits in favor of any of the Debtors and expressly denies that the Debtors are entitled to set off any portion of the Oxo Administrative Claim or the Oxo GUC. Without the Debtors providing a detailed and reasoned basis for their objection, Oxo cannot provide a more tailored reply to the Claims Objection, nor can it even identify the appropriate books or records it should provide in further support of its Response. As such, Oxo reserves the right to provide additional documentation or evidence in support of the Response or of the Oxo Claims.[5]

11. To be clear, the Debtors are only seeking a single satisfaction of their claims against the Debtors—Oxo filed the three identical Oxo Claims out of an abundance of caution so as to not potentially file against the incorrect Debtor. Based on its records, Oxo believes that all or substantially all of its claims are properly asserted against Kmart. This is

---

[5] Notwithstanding the language in the notice accompanying the Claims Objection that mandates that Oxo provide "all documentation or other evidence of the Proof of Claim . . . upon which Claimant will rely in opposing the Objection", Oxo should be afforded the opportunity to supplement the record as necessary given the vagueness of the Debtors' objection to the Oxo Claims. To the extent that the Debtors seek to introduce documents or other evidence in support of their objection (which, as presently stated, is vague, uninformative, and not supported by Oxo's books and records), Oxo should, likewise, be permitted to provide and adduce additional evidence in support of the Oxo Claims or this Response. Oxo further reserves the right to take discovery from the Debtors and further supplement the record with relevant documents or other evidence that may come from such discovery.

consistent with the Debtors' schedules, which list Oxo as having a $199,812.32 claim against Kmart on account of trade payables. *See* Docket No. 1629, Schedule E/F, at Part 3, Question 1, Row No. 229539. Additionally, based on its records, Oxo believes that $40,703.76 of the Oxo Administrative Claim is properly asserted against either or both Kmart and/or Sears Roebuck. As such, if the Debtors can confirm the extent to which the Oxo Administrative Claim is properly asserted against Kmart and/or Sears Roebuck, Oxo would be willing to withdraw the Holdings Claim, and would be willing to revise or amend the Sears Roebuck Claim and the Kmart Claim accordingly so that each claim is being asserted against the Debtor entity that is liable for such claim.[6]

## NOTICE INFORMATION

12.  Any reply to this Response must be sent to Oxo's counsel:

> Henry J. Jaffe
> Troutman Pepper Hamilton Sanders LLP
> Hercules Plaza, Suite 5100
> 1313 N. Market Street
> Wilmington, Delaware 19899
> Telephone:  (302) 777-6500
> Email:      henry.jaffe@troutman.com

---

[6] Because the Superseded Kmart Claim and the Superseded Holdings Claim have been amended, superseded, and replaced by the Kmart Claim and the Holdings Claim, respectively, Oxo has no response to the Debtors' objection to the Superseded Kmart Claim or the Superseded Holdings Claim. The Superseded Kmart Claim and the Superseded Holdings Claim no longer represent Oxo's current claims against Kmart or Holdings, are no longer relevant or of legal force and effect, and can be expunged as being superseded by the Kmart Claim and the Holdings Claim, respectively.

#110532034 v4

13. The ultimate authority to reconcile, settle, or otherwise resolve the Oxo Claims rests with:[7]

> Tessa Judge, Esquire
> General Counsel
> Oxo International, Ltd.
> 1 Helen of Troy Plaza
> El Paso, Texas 79912
> Telephone:   (915) 225-4853

## CONCLUSION

WHEREFORE, Oxo opposes the Claims Objection and seeks the allowance of the Oxo GUC and the Oxo Administrative Claim in their entirety.

Dated: October 8, 2020
Wilmington, Delaware

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Henry J. Jaffe*
Henry J. Jaffe (*pro hac vice* admission pending)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19899
Telephone:   (302) 777-6500
Email:   henry.jaffe@troutman.com

*Counsel for Oxo International, Ltd.*

---

[7] Oxo retains its right to be contacted through its counsel of record during the course of any negotiations concerning the Oxo Claims, the resolution of the Claims Objection, or in all other matters in these chapter 11 cases.

#110532034 v4