| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br><br>SEARS HOLDINGS CORPROATION, *et al.*,<br><br>                              Debtors.<br>-----------------------------------------------------------x | Hearing Date and Time:<br>October 15, 2020 at 10:00 a.m.<br><br>Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>Jointly Administered |

## OPPOSITION OF CRICKM LAFAYETTE TRUST TO DEBTORS' OBJECTION TO CLAIM

Crickm Lafayette Trust ("Crickm"), by its counsel, Goldberg Weprin Finkel Goldstein LLP, as and for its Opposition to the motion (the "Motion") of Sears Holdings Corporation et al. (the Debtors) objecting to proof of claim number 19605 (the "Claim"), respectfully states and alleges:

1. This Claim arises from a non-residential real property lease dated October 15, 1997, as thereafter amended (the "Lease") between Crickm as landlord ("Landlord") and Kmart Corporation as tenant ("KMart") relating to premises known as 3530 State Road, Lafayette, Indiana, where Kmart operated a Store.

2. The Claim is in three parts: (i) pre-petition rent and additional rent; (ii) rejection of the Lease; and (iii) an administrative claim for unpaid rent from April 1, 2019 to April 17, 2019, when the Lease was rejected by the Debtors.

3. Pursuant to a certain Tri-Party Supplemental Agreement dated December 21, 2017, a copy of which is annexed hereto as Tri-Party Supplemental Agreement dated December 21, 2017, a copy of which is annexed hereto as <u>Exhibit</u> "A", the Lease was assigned by K-Mart to At Home Stores, LLC.

4. The crux of the Debtors' Objection is that, by reason of the assignment of the Lease, Kmart has no liability under the Lease.

5.  However, paragraph "1" of the Tri-Party Supplemental Agreement specifically provides that:

> Notwithstanding the foregoing, until the expiration of the Basic Term (October 31, 2022) or such earlier date that Lessor, Assignor and Lessor's Mortgagee may agree upon in writing, Assignor shall remain liable for the full performance of all obligations of the "Lessee" under the Lease.

6.  In consideration of this provision, Crickm gave its consent to the assignment of the Lease. Accordingly, Kmart remains liable under the Lease, and the Claim is valid and enforceable.

7.  It is noteworthy that Kmart has acknowledged its continuing liability by rejecting the Lease. Had Kmart made a full assignment of the Lease with no residual liability, it would not have needed to reject the Lease.

8.  Since the Debtors do not contest the calculation of the Claim, only its validity, Crickm respectfully submits that the Claim should be allowed in full as filed.

WHEREFORE, Crickm respectfully requests the entry of an Order consistent with the foregoing, and granting such other relief as may be just and proper.

Dated: New York, NY
October 9, 2020

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for Crickm Lafayette Trust*
1501 Broadway, 22nd Floor
New York, NY 10036

By:   /s/ J. Ted Donovan, Esq.