Melissa S. Hayward
  Texas Bar No. 24044908, admitted *pro hac vice*
 MHayward@HaywardFirm.com
**HAYWARD & ASSOCIATES PLLC**
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
972-755-7100 (Tel.)
972-755-7110 (Fax)

*Counsel for Elm Creek Real Estate LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>**SEARS HOLDINGS CORPORATION,** *et al.***,**<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |
|---|---|

**ELM CREEK REAL ESTATE, LLC'S RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO PROOFS OF CLAIM [DKT. 8451] AND APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Elm Creek Real Estate, LLC ("Elm Creek" or the "Landlord") and files its *Response to Debtors' Omnibus Objection to Proofs of Claim [Dkt. 8451] and Application for Administrative Expense Claim* (the "Objection") pursuant to Sections 365(d)(3) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Application, Elm Creek respectfully represents the following:

### I.    BACKGROUND

1.    On April 18, 2018, Elm Creek, in a single transaction, purchased a parking lot ("Parking Lot") and real property from Sears Roebuck and Co. ("Sears") located at 1501 Kings Road, 3 Kings Road, and 1602 Kings Road in Garland, Texas (collectively, the "Properties"). Elm Creek then immediately leased both the Parking Lot and Properties to Sears. Elm Creek and Sears

entered into that certain Parking Lot License Agreement (the "License Agreement") for the Parking Lot and those certain Real Property Leases (the "Leases") for the Properties.[1]

2. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation ("SHC") and its numerous entities (together with SHC, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court, commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

3. On April 30, 2019, Elm Creek received notice of the Debtors' *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith [Dkt. 3449]* (the "Notice of Rejection").

4. On May 10, 2019, Elm Creek filed its *Objection to Debtors' Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith [Dkt. 3449]* (the "Objection").

5. Ultimately, the Debtors assumed and assigned the License Agreement and rejected the Leases.[2]

## II. ARGUMENT AND AUTHORITIES

**A. Debtors' Have Not Overcome Elm Creek's Prima Facie Claims for Expenses.**

7. Generally, pursuant to 11 U.S.C. § 502(a), a proof of claim is allowed unless an interested party objects.[3] A filed proof of claim is allowed and serves as *prima facie* evidence of the validity and amount of the claim.[4] "Such allowance compels the objecting party to go forward

---

[1] A true and correct copy of the Leases and the License Agreement are included in Elm Creek's Amended Proof of Claim, which is attached hereto as **Exhibit A**.

[2] Dkt. 3864.

[3] *See* 11 U.S.C. § 502(a).

[4] *In re Adelphia*, 2007 WL 601452 at *5 (S.D.N.Y. 2007).

and produce sufficient evidence to rebut the claimant's prima facie case."[5] Once the objector offers sufficient evidence to rebut the prima facie claim, the claimant must "meet the usual burden of proof to establish the validity of the claim."[6]

6. Here, Debtors painted eight categories of alleged deficiencies with a broad brush.[7] But the Debtors do not attempt to tie those categories to any particular claimant, leaving Elm Creek to wonder how, whether, or if any of the aforementioned categories apply to Elm Creek's proof of claim. Debtors compound this deficiency in the document attached as "Exhibit B" to its objection, wherein Debtors claim that $156,313.24 of Elm Creek's $198,795.58 administrative priority claim must be re-categorized as an unsecured general claim. But, Debtors again present no analysis or evidence to rebut Elm Creek's prima facie claims, only conclusory allegations and a vague spreadsheet that fails to show its work and the outside documents on which Debtors rely. For these reasons alone, Debtors' objections must be denied. But, even if the Debtors have presented sufficient evidence to rebut Elm Creek's prima facie priority claim for administrative expenses, Elm Creek has more than sufficient proof of the validity of its claim.

**B.     Elm Creek's Claim for Priority Administrative Expenses is Valid.**

7. Elm Creek is entitled to an allowed administrative expense claim against the Debtors' bankruptcy estate pursuant Section 365(d)(3) and Section 503(b)(1)(A) of the Bankruptcy Code for the Debtors' post-petition property tax obligations under the Leases.

8. Under Section 365(d)(3) of the Bankruptcy Code, a trustee or debtor in possession must timely perform all obligations, including the obligation to pay rent, including base rent,

---

[5] *Id.* (internal citations omitted).

[6] *Id.* (internal citations omitted).

[7] Dkt. 8451 at p. 16 of 31, par. 10.

common area maintenance charges, taxes, and insurance charges, arising after the entry of an order for relief under any unexpired lease of nonresidential real property until such lease is assumed or rejected. The operative determination on whether a tax is "incurred" by the estate is when that tax claim becomes due to be paid by the debtor.[8] "Under well-settled law, whether the real estate taxes for the pre-petition period are payable as an administrative expense under section 365(d)(3) rises or falls on when the debtor's obligation to pay those taxes [arose].' '[A]n obligation only arises when a party becomes legally obligated to perform it.'"[9]

9. Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, a creditor may obtain an allowed administrative claim after notice and hearing for the actual, necessary costs, and expenses of preserving the estate.[10] "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction.'"[11]

10. Here, the Debtors' obligation to pay property taxes is determined by the Leases. Under the Leases, the Debtors "shall...pay directly to the relevant authority *as and when due*, Taxes and, upon request by Landlord, shall provide Landlord with reasonable evidence that the same have been paid."[12] The property taxes were last payable to the taxing authorities without

---

[8] *See In re Garden Ridge Corp.*, 323 B,R, 136 (Bankr. D. Del. March 4, 2005); *In re R.H. Macy & Co., Inc.*, 170 B.R. 69 (Bankr. S.D.N.Y. July 7, 1994); *In re Northern New England Telephone Operations LLC*, 504 B.R. 372, 380 (Bankr. S.D.N.Y. Feb. 11, 2014).

[9] *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. Dec. 1, 2010) (quoting *In re Sportsman's Warehouse Inc.*, 436 B.R. 308, 316 (Bankr. D. Del. Aug. 3, 2009); *In re Goody Family Clothing Inc.*, 392 B.R. 604, 609 (Bankr. D. Del. Aug. 26, 2008)).

[10] 11 U.S.C. § 503(b)(1)(A).

[11] *In re Goody's Family Clothing, Inc.*, 443 B.R. at 19 (quoting *In re Garden Ridge Corp.*, 323 B.R. at 142 (quoting *In re Waste Systems Intern., Inc.*, 280 B.R. 824, 824 (Bankr.D.Del.2002))).

[12] Elm Creek Proof of Claim, Exhibit A-1, ¶4(l).

penalty on January 31, 2019,[13] more than three (3) months after the Petition Date. Therefore, the obligation to pay the property taxes was incurred by the Debtors' estate, and Elm Creek is thus entitled to an administrative claim for the entirety of the unpaid amount of the 2018 taxes.[14]

11.     Further, the Debtors' continued post-petition use of the Parking Lot and Properties is an actual and necessary expense of preserving its bankruptcy estate. The two prong test is satisfied under Section 503(b)(A)(1): (i) the Debtors and Elm Creek engaged in a post-petition transaction where the Debtors assumed the License Agreement, but rejected the Leases; and (ii) the Debtors received the benefit of the Parking Lot as a result of the transaction. Therefore, in the alternative, Elm Creek is also entitled to an administrative claim for the Debtors' unpaid property tax obligations under Section 503(b)(1)(A).

### III.     PRAYER

WHEREFORE, CONSIDERING THE FOREGOING, Elm Creek respectfully requests that the Court enter an order: (i) granting Elm Creek an allowed chapter 11 administrative claim in the amount of $198,795.58 for the Debtors' unpaid pre-petition property taxes owed under the Leases; and (ii) granting Elm Creek such other and further relief to which it may be entitled.

Dated October 9, 2020

        Respectfully submitted,

        /s/ *Melissa S. Hayward*
        Melissa S. Hayward
          Texas Bar No. 24044908, admitted *pro hac vice*
          MHayward@HaywardFirm.com
        **HAYWARD & ASSOCIATES PLLC**

---

[13] Elm Creek Proof of Claim, Exhibit A-2.

[14] Elm Creek received $57,625.49 from for the taxes assessed against the parking lot at 1602 Kings Road upon the Debtors' assumption and assignment of the Parking Lot Lease. $198,795.58 is still owed for the other Leases that were rejected by the Debtors.

10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
972-755-7100 (Tel.)
972-755-7110 (Fax)

*Counsel for Elm Creek Real Estate, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2020, a copy of the foregoing pleading was served upon Debtors' counsel via electronic mail as follows:

Paul M. Basta
Paul Weiss Rifkind Wharton & Garrison LLP
Email: pbasta@paulweiss.com

Kara E. Casteel
ASK LLP
Email: kcasteel@askllp.com

Scott K. Charles
Wachtell, Lipton, Rosen & Katz
Email: skcharles@wlrk.com

Garrett A. Fail
Weil, Gotshal & Manges LLP
Email: garrett.fail@weil.com

Jeff J. Friedman
Katten Muchin Rosenman LLP
Email: jeff.friedman@kattenlaw.com

Jessica Liou
Weil, Gotshal & Manges LLP
Email: jessica.liou@weil.com

Jacqueline Marcus
Weil Gotshal & Manges, LLP
Email: jacqueline.marcus@weil.com

Brigette McGrath
ASK LLP
Email: bmcgrath@askllp.com

Steven J. Reisman
Katten Muchin Rosenman LLP
Email: sreisman@katten.com

Ray C Schrock
Weil, Gotshal & Manges LLP
Email: ray.schrock@weil.com

Sunny Singh
Weil, Gotshal & Manges LLP
Email: sunny.singh@weil.com

Joseph L. Steinfeld, Jr.
ASK LLP
Email: jsteinfeld@askllp.com

Gary D. Underdahl
ASK LLP
Email: gunderdahl@askllp.com

Amy R. Wolf
Wachtell, Lipton, Rosen & Katz
Email: arwolf@wlrk.com

/s/ *Melissa S. Hayward*
Melissa S. Hayward