Paul Lopez
Emily M. Hahn
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd, Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Telecopier: (214) 544-4040

**ATTORNEYS FOR COLLIN COUNTY TAX ASSESSOR/COLLECTOR**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| SEARS HOLDINGS CORPORATION, *et al.*, | § | Case No. 18-23538 (RDD) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**THE COLLIN COUNTY TAX ASSESSOR/COLLECTOR'S
RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS
<u>OBJECTION TO PROOFS OF CLAIM</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES The Collin County Tax Assessor/Collector (hereinafter "Collin County") and files its Response (the "Response") to Debtors' Twenty-Second Omnibus Objection to Proofs of Claim (the "Objection") [Docket No. 8452] and respectfully shows the court as follows:

**<u>SUMMARY OF RESPONSE</u>**

Pursuant to Texas Property Tax Code §§ 32.01 and 32.05, Collin County has a perfected lien on all of Debtor's business personal property. Debtor asserts that at least five (5) proofs of claim have been paid in full and should be disallowed in their entirety. Collin County objects to this treatment as Collin County has not been paid in full on all accounts and has since amended its proofs of claims to reflect such amounts currently due and owing.

**<u>RELEVANT BACKGROUND</u>**

1. Collin County Tax Assessor/Collector is a political subdivision of the State of Texas and, as such, is authorized to levy and assess *ad valorem* taxes on the value of property located within its taxing

jurisdiction as of January 1 of each year.[1]

2. On February 27, 2020 and February 28, 2020, Collin County timely filed its secured proofs of claim nos. 8926, 8989, 8936, 8985, and 8988 (the "Original Proofs of Claim") for ad valorem property taxes assessed against the Debtors' property for tax year.

3. On September 18, 2020, Debtors' filed their Objection, which includes Collin County's proofs of claims.

## RESPONSE

4. Pursuant to the Texas Property Tax Code §§ 32.01 and 32.05, Collin County has a first priority secured lien against the business personal property of Debtor. "Texas imposes a property tax, which is secured by a "tax lien" that automatically attached to taxable property each year "in favor of each taxing unit having power to tax the property." *Billings v. Propel Fin. Servs., L.L.C.*, 821 F.3d 608, 610 (5th Cir. 2016). Specifically, § 32.01 of the Texas Property Tax Code provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year…
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> (d) The lien under this section is perfected on attachment and, except as provided by Section 32.03(b), perfection requires no further action by the taxing unit.

TEX. PROP. TAX CODE § 32.01.

5. Moreover, § 32.05 of the Texas Property Tax Code provides that such tax lien takes priority and prevails, regardless of whether the debt, lien, future interest, or other encumbrance existed before attachment of the tax lien. TEX. PROP. TAX CODE § 32.05(a)-(b). Therefore, pursuant to the Texas Property Tax Code and relevant case law, the tax lien arises on January 1 of each tax year and "floats" to after

---

[1] TEX. PROP. TAX CODE § 32.01.

acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W.2d 264, 271 (Tex. App. – Dallas 1994, no writ). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. *In re Universal Seismic*, 288 F.3d 205, 208 (5th Cir. 2002). The tax lien is also unavoidable. *In re: Winns Stores*, 177 B.R. 253, 258 (Bankr. W.D. Tex. 1995).

6.      On October 5, 2020, Collin County filed amended proofs of claim to reflect, among other things, the 2020 *ad valorem* property taxes that have now been assessed and are due and owing. Collin County objects to the disallowance of the Proofs of Claim to the extent it seeks to expunge any and all amounts currently due and owing on such underlying accounts that have not been paid in full. As previously established, these taxes are secured by first priority liens pursuant to Texas Property Code §§ 32.01 and 32.05.

**WHEREFORE, PREMISES CONSIDERED,** Collin County prays that this Court deny Debtors' Objection and grant it any and all relief to which it is justly entitled.

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD &HULLETT, P.C.**

*/s/ Paul Lopez*
Paul M. Lopez
Texas State Bar No. 24076516
Emily M. Hahn
Texas State Bar No. 24101846
1700 Redbud Blvd., Suite 300
McKinney, TX 75069
Telephone:  214-544-4000
Direct: 214-544-4088
plopez@abernathy-law.com
ehahn@abernathy-law.com

**ATTORNEYS FOR COLLIN COUNTY TAX ASSESSOR/COLLECTOR**