WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                  :    Chapter 11
                                       :
**SEARS HOLDINGS CORPORATION**, *et al.*,    :    Case No. 18-23538 (RDD)
                                       :
            Debtors.[1]                :    (Jointly Administered)
------------------------------------------------------------x

### CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On September 18, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Twenty-First Omnibus Objection to Proofs of Claim or Ballots (Reclassified/Disallowed Claims)* (ECF No. 8451) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for October 9, 2020, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** and **Exhibit 2** to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**") a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

5. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: October 12, 2020
New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, et al.,                          :    Case No. 18-23538 (RDD)
                                                             :
         Debtors.[1]                                         :    (Jointly Administered)
------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED CLAIMS)

Upon the *Debtors' Twenty-First Omnibus Objection to Proofs of Claim (Reclassified/Disallowed Claims)*, filed September 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying and disallowing and expunging the Disputed Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim or ballot listed on **Exhibit 1** and **Exhibit 2** (collectively the "**Disputed Claims**") is reclassified or disallowed and expunged in the amounts set forth in the rows labeled "Surviving."

3. Each Claim that lists $0.00 as the "Surviving" claim under the column "*Total Claim*" in **Exhibit 1** and **Exhibit 2** shall be disallowed and expunged in its entirety.

4. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed

Claims listed on **Exhibit 1** and **Exhibit 2** annexed hereto, as to which all of Transform's rights and defenses are expressly reserved.

5.    This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6.    The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.    The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
       White Plains, New York

                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

Debtors' Twenty first Omnibus Objection
Exhibit 1

18-23538-shl    Doc 8843    Filed 10/12/20    Entered 10/12/20 23:13:00    Main Document
Pg 9 of 18

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | **Reduced and Reclassified Claims** [1] | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2] [3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |
| 2. | AMERICAN RING CO INC | * | 182353801017299 | Asserted | $43,407.46 | | | | | $43,407.46 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 3. | ARS ECOMMERCE, LLC | 20501 | 182353801017332 | Asserted | $0.00 | $121,500.00 | | | | $121,500.00 | (iii) |
| | | | | Surviving | $0.00 | $0.00 | | | $121,500.00 | $121,500.00 | |
| 4. | BANKS, LISA TURNER | 7684; 8329 | 182353801042831 | Asserted | $2,688.78 | | | $3,771.01 | | $6,459.79 | (i) |
| | | | | Surviving | $0.00 | | | $3,771.01 | | $3,771.01 | |
| 5. | C COWLES & COMPANY | * | 182353801016522 | Asserted | $6,842.40 | | | | | $6,842.40 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 6. | CHIEFTEX S.A. DE C.V. | 1625, 1792 | 182353801043176 | Asserted | $108,467.24 | | | | | $108,467.24 | (iii) |
| | | | | Surviving | $0.00 | | | | $108,467.24 | $108,467.24 | |
| 7. | CREATIVE CIRCLE, LLC | 26275 | N/A | Asserted | $26,894.76 | | | $95,565.50 | $22,579.63 | $145,039.89 | (iii)(vi) |
| | | | | Surviving | $0.00 | | | $0.00 | $145,039.89 | $145,039.89 | |
| 8. | DANECRAFT, INC. | 4638; 4699 | 182353801042866 | Asserted | $169,232.80 | | | | $70,104.93 | $239,337.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $70,104.93 | $70,104.93 | |
| 9. | DIAMOND COSMETICS INC | * | 182353801016597 | Asserted | $35,998.70 | | | | | $35,998.70 | (ii)(iii) |
| | | | | Surviving | $0.00 | | | | $35,412.41 | $35,412.41 | |
| 10. | FORD, VALERIA | * | 182353801042309 | Asserted | $200.00 | | | | | $200.00 | (i) |
| | | | | Surviving | $0.00 | | | | $200.00 | $200.00 | |
| 11. | GERBER CHILDRENSWEAR INC | 15232; 16077 | 182353801015673 | Asserted | $28,610.00 | | | | $261,117.43 | $289,727.43 | (ii) |
| | | | | Surviving | $5,726.00 | | | | $261,117.43 | $266,843.43 | |
| 12. | IDM INC | 16345; 16721; 16795 | 182353801015372 | Asserted | $25,425.00 | | | | $142,242.00 | $167,667.00 | (iii) |
| | | | | Surviving | $5,443.20 | | | | $50,445.80 | $55,889.00 | |
| 13. | JOSE SANTIAGO INC | 5116 | 182353801040377 | Asserted | $53,343.98 | | | | $294,190.30 | $347,534.28 | (iii) |
| | | | | Surviving | $50,924.98 | | | | $296,609.30 | $347,534.28 | |
| 14. | KOPKE, BARRY D | * | 182353801040395 | Asserted | $1,500.00 | | | | | $1,500.00 | (i) |
| | | | | Surviving | $0.00 | | | | $1,500.00 | $1,500.00 | |
| 16. | MICHLEY ELECTRONICS INC. | 13873; 13885 | 182353801041743 | Asserted | $10,497.60 | | | | $48,782.40 | $59,280.00 | (ii) |
| | | | | Surviving | $0.00 | | | | $48,782.40 | $48,782.40 | |
| 17. | MILBERG FACTORS INC | 8855; 8856 | 182353801019279 | Asserted | $104,360.84 | | | | | $104,360.84 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | NORTHLAND MECHANICAL CONTRACTORS INC | * | 182353801042023 | Asserted | $18,037.29 | | | | | $18,037.29 | (iv) |
| | | | | Surviving | $9,923.29 | | | | | $9,923.29 | |
| 19. | OMEGA & DELTA CO, INC | * | 182353801040545 | Asserted | $9,974.55 | | | | | $9,974.55 | (iii) |
| | | | | Surviving | $0.00 | | | | $9,974.55 | $9,974.55 | |
| 21. | PEGGS CO | 5135; 5162 | 182353801019752 | Asserted | $10,947.60 | | | | $22,873.61 | $33,821.21 | (iii) |
| | | | | Surviving | $0.00 | | | | $33,821.21 | $33,821.21 | |
| 22. | PHELPS INDUSTRIES LLC | * | 182353801019798 | Asserted | $100,000.00 | | | | | $100,000.00 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 23. | RAZOR USA LLC | 19159; 19170 | 182353801020055 | Asserted | $37,453.95 | | | | $1,443,909.78 | $1,481,363.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $1,443,909.78 | $1,443,909.78 | |
| 24. | RIZWAN, RUKHSANA | 12593 | 182353801020139 | Asserted | $4,398.70 | | | | | $4,398.70 | (i) |
| | | | | Surviving | $0.00 | | | | $4,398.70 | $4,398.70 | |
| 25. | RIZWAN, WAJEEHA | 1952 | 182353801021135 | Asserted | $2,905.76 | | | | | $2,905.76 | (i) |
| | | | | Surviving | $0.00 | | | | $2,905.76 | $2,905.76 | |
| 26. | S.C. JOHNSON & SON, INC. | 16384 | 182353801040688 | Asserted | $16,907.58 | | | | $6,471.30 | $23,378.88 | (ii) |
| | | | | Surviving | $73.06 | | | | $6,471.30 | $6,544.36 | |
| 28. | SPECTRUM BRANDS INC | 12057 | 182353801018857 | Asserted | $15,972.00 | | | | $307,343.17 | $323,315.17 | (ii) |
| | | | | Surviving | $9,124.50 | | | | $307,343.17 | $316,467.67 | |

**Debtors' Twenty first Omnibus Objection**  
Exhibit 1

18-23538-shl    Doc 8843    Filed 10/12/20    Entered 10/12/20 23:13:00    Main Document
Pg 10 of 18

In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | | | | | Reduced and Reclassified Claims [1] | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2][3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |
| 29. | TRACFONE WIRELESS INC | 13461 | 182353801043374 | Asserted | $2,699.40 | $24,550.73 | | | $409,963.50 | $437,213.63 | (iv) |
| | | | | Surviving | $2,699.40 | $9,305.25 | | | $409,963.50 | $421,968.15 | |
| 30. | WORLD TECH TOYS INC | 5849; 14174 | 182353801021333 | Asserted | $45,708.00 | | | | $442,168.54 | $487,876.54 | (ii)(iii)(iv) |
| | | | | Surviving | $13,173.49 | | | | $442,415.04 | $455,588.53 | |

[3] Reflects the asserted administrative expense claim amount for Affected Ballot No. for claims without any proof of claim related to administartive expense claim and additional support for the ballot

[4] Corresponding reasons are as follows:
   (i)    supporting documentation indicates that the claims are non-Administrative Expense Claims;
   (ii)   the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;
   (iii)  the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;
   (iv)   the supporting documens provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim;
   (v)    the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course;
   (vi)   the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**");
   (vii)  associated contract or lease was assumed and assigned to Transform Holdco;
   (viii) the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim

**<u>Exhibit 2</u>**

Debtors' Twenty first Omnibus Objection  
Exhibit 2

18-23538-shl    Doc 8843    Filed 10/12/20    Entered 10/12/20 23:13:00    Main Document
Pg 12 of 18

In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | | | | | **Reduced and Reclassified Claims** [1] | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2][3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |
| 1. | 1011 RT 6 LLC | 9983 | 182353801039879 | Asserted | $6,738.98 | | | $6,738.98 | | $13,477.96 | (viii) |
| | | | | Surviving | $0.00 | | | $0.00 | $6,738.98 | $6,738.98 | |
| 2. | 156 TOM HILL, LLC | 15152 | 182353801013620 | Asserted | | $45,546.32 | | | | $45,546.32 | (viii) |
| | | | | Surviving | | $0.00 | | | $45,546.32 | $45,546.32 | |
| 3. | BRIXMOR COVINGTON GALLERY OWNER, LLC (BRIXMOR PROPERTY GROUP, INC.) T/A GOVINGTON GALLERY, CONVINGTON, GA | 17724 | 182353801013731 | Asserted | | $13,000.25 | | | | $13,000.25 | (viii) |
| | | | | Surviving | | $0.00 | | | $13,000.25 | $13,000.25 | |
| 4. | COMM 2006-C8 SHAW AVENUE CLOVIS, LLC | 14168 | 182353801018464 | Asserted | | $110,146.02 | | | | $110,146.02 | (vii) |
| | | | | Surviving | | $0.00 | | | | $0.00 | |
| 5. | CONTINENTAL 47 FUND LIMITED PARTNERSHIP, A WISCONSIN LIMITED PARTNERSHIP | 13919 | 182353801013548 | Asserted | | | | $8,538.30 | | $8,538.30 | (iv) |
| | | | | Surviving | | | | $0.00 | | $0.00 | |
| 7. | EAST MESA MALL, LLC | 18145 | 182353801017861 | Asserted | | $5,038.61 | | | $12,500.00 | $17,538.61 | (vii) |
| | | | | Surviving | | $0.00 | | | $12,500.00 | $12,500.00 | |
| 9. | FLORIDA KEYS AQUEDUCT AUTHORITY | 7880 | 182353801022333 | Asserted | $5,269.95 | | | | | $5,269.95 | (viii) |
| | | | | Surviving | $0.00 | $1,098.04 | | | $4,171.91 | $5,269.95 | |
| 10. | RARE HOSPITALITY INTERNATIONAL INC. | 17416 | 182353801018501 | Asserted | | $30,000.00 | | | | $30,000.00 | (i) |
| | | | | Surviving | | $0.00 | | | | $0.00 | |
| 11. | RICHARDSON SQUARE, LLC | 15590 | 182353801017700 | Asserted | | $5,906.03 | | | | $5,906.03 | (vii) |
| | | | | Surviving | | $0.00 | | | | $0.00 | |
| 12. | SAND SPRINGS, LLC | 14820 | 182353801013615 | Asserted | | $110,000.00 | | | $2,084,173.00 | $2,194,173.00 | (i) |
| | | | | Surviving | | $0.00 | | | $2,084,173.00 | $2,084,173.00 | |
| 13. | TM FAIRLANE CENTER, L.P. | 15169 | 182353801013621 | Asserted | | $33,031.01 | | | $12,500.00 | $45,531.01 | (vii) |
| | | | | Surviving | | $0.00 | | | $12,500.00 | $12,500.00 | |
| 14. | VALLEY STREAM GREEN ACRES LLC | 17408 | 182353801018500 | Asserted | | $212,408.30 | | | $710,180.51 | $922,588.81 | (vii) |
| | | | | Surviving | | $0.00 | | | $710,180.51 | $710,180.51 | |

\* Claimant does not have any surviving proof of claim pertaining to administrative expense claim

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Reflects the greater of the sum of asserted administrative expense claim amount for Affected Claim No. and Affected Ballot No

[3] Reflects the asserted administrative expense claim amount for Affected Ballot No. for claims without any proof of claim related to administartive expense claim and additional support for the ballot

[4] Corresponding reasons are as follows:
  (i) supporting documentation indicates that the claims are non-Administrative Expense Claims;
  (ii) the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;
  (iii) the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;
  (iv) the supporting documens provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim;
  (v) the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course;
  (vi) the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**");
  (vii) associated contract or lease was assumed and assigned to Transform Holdco;
  (viii) the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                             x
In re                                        : Chapter 11
                                             :
SEARS HOLDINGS CORPORATION, et al.,          : Case No. 18-23538 (RDD)
                                             :
       Debtors.¹                             : (Jointly Administered)
                                             x
------------------------------------------------------------x
```

**ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION**
**TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED CLAIMS)**

Upon the *Debtors' Twenty-First Omnibus Objection to Proofs of Claim (Reclassified/Disallowed Claims)*, filed September ~~14~~18, 2020 (the "**Objection**"),² of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is ~~3333 Beverly Road, Hoffman Estates, Illinois 60179~~130 West 42nd Street, 17th Floor, New York, NY 10036.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying and disallowing and expunging the Disputed Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on October 15, 2020 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.  The Objection is granted to the extent set forth herein.

2.  Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim or ballot listed on **Exhibit 1** and **Exhibit 2** (collectively the "**Disputed**

**Claims**") is reclassified or disallowed and expunged in the amounts set forth in the rows labeled "Surviving."

3. Each Claim that lists $0.00 as the "Surviving" claim under the column "*Total Claim*" in **Exhibit 1** and **Exhibit 2** shall be disallowed and expunged in its entirety.

4. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed Claims listed on **Exhibit 1** and **Exhibit 2** annexed hereto, as to which all of Transform's rights and defenses are expressly reserved.

5. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2020
       White Plains, New York

 

                                                            HONORABLE ROBERT D. DRAIN
                                                            UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 10/12/2020 7:38:20 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** Original 21st Order.docx ||
| **Modified filename:** Revised 21st Order.docx ||
| **Changes:** ||
| Add | 6 |
| Delete | 6 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 12 |