KATTEN MUCHIN ROSENMAN LLP
Steven J. Reisman, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8772
Fax: (212) 894-5512

Terence G. Banich, Esq. (*admitted pro hac vice*)
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Fax: (312) 902-1061

*Counsel for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sears Holdings Corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538-RDD<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Kmart Holding Corporation and StarWest, LLC,

Plaintiffs,

v.

Apogee Delivery & Installation Inc.,

Defendant.

Adv. No. **Refer to Summons**

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Kmart Holding Corporation and StarWest, LLC (together, the "Plaintiffs"), two of the debtors in the above-captioned chapter 11 case, by and through their undersigned counsel, file this complaint (the "Complaint") to avoid and recover transfers against Apogee Delivery & Installation Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiffs allege upon information and belief that:

## NATURE OF THE CASE

1.    Plaintiffs seek to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of the Debtors pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to proof, Plaintiffs also seek to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2.    In addition, Plaintiffs seek to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiffs do not waive but hereby reserve all of their rights to object to any such claim for any reason, including, but not limited to, any reason set forth in

2

sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), captioned *In re Sears Holdings Corporation, et al.,,* Case No. 18-23538 (RDD), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  Plaintiffs consent to entry of final orders and judgment by the Court.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

7.      On October 15, 2018 (the "Petition Date"), Kmart Holding Corporation, StarWest, LLC, and their debtor affiliates (collectively, the "Debtors") each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9.      On October 15, 2019, this Court entered an order confirming the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the

"Confirmation Order" and "Plan," respectively). [Plan, D.I. 5293; Confirmation Order, D.I. 5370].

10.     Pursuant to Article III of the Plan and Section V of the *Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "Disclosure Statement"),[2] General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

11.     The Debtors were an integrated retailer with significant physical and intangible assets, as well as virtual capabilities, which operated a national network of stores and websites. As of the Petition Date, the Debtors operated 687 retail stores in forty-nine (49) states, Guam, Puerto Rico, and the U.S. Virgin Islands under the Sears® and Kmart® brands and employed approximately 68,000 individuals, of whom approximately 32,000 were full-time employees and approximately 36,000 were part-time employees.

12.     Pursuant to Bankruptcy Code sections 547, 548, 550, 1106, and 1107, Plaintiffs are authorized and have standing to pursue this avoidance action.

13.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for Plaintiffs. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 2225 Cermak Way, Elk Grove, CA 95758.

---

[2] D.I. 4478.

4

## FACTUAL BACKGROUND

14.     Prior to the Petition Date, Plaintiffs, as an integrated retailer, maintained business relationships with various business entities and individuals, through which Plaintiffs regularly purchased, sold, received, and/or delivered goods and services.

15.     The financial difficulties that led to the Debtors' decision to file the bankruptcy cases are attributable to a combination of factors. Namely, declining revenues, unfavorable market conditions in the retail industry, and the Debtors' significant and ongoing cash flow and liquidity issues, all of which were exacerbated by a contraction in credit terms over the years and the substantial selling, general, and administrative expenses associated with the Debtors' store operations.

16.     During the ninety (90) days before and including the Petition Date, that is between July 17, 2018 and October 15, 2018 (the "Preference Period"), Plaintiffs continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

17.     Upon information and belief, during the course of their relationship, the Defendant and Plaintiffs entered into agreements for the purchase of goods and/or services by Plaintiffs from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to the Plaintiffs. Kmart Holding Corporation's payments to the Defendant pursuant to the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," "Invoice Amount" and "Clear Date". StarWest, LLC's payments to

the Defendant pursuant to the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit B. Such details include "Invoice Number," "Invoice Date," "Invoice Amount" and "Clear Date".

18.     Plaintiffs are seeking to avoid all of the transfers of an interest of Plaintiffs' property made by Plaintiffs to Defendant within the Preference Period.

19.     Kmart Holding Corporation made transfer(s) of an interest of Kmart Holding Corporation's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Kmart Holding Corporation Transfer" or "Kmart Holding Corporation Transfers"). The details of each Kmart Holding Corporation Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Clear Date," and "Debtor Transferor(s)."

20.     StarWest, LLC made transfer(s) of an interest of StarWest, LLC's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit B hereto (the "StarWest, LLC Transfer" or "StarWest, LLC Transfers," and together with the Kmart Holding Corporation Transfer or Kmart Holding Corporation Transfers, the "Transfers"). The details of each StarWest, LLC Transfer are set forth on Exhibit B attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Clear Date," and "Debtor Transferor(s)."

21.     On or about January 27, 2020, and possibly additional date(s), Plaintiffs, through counsel, sent one or more demand letters (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c), and requested that if Defendant had evidence to support

6

any affirmative defenses, it provide this evidence so Plaintiffs could review the same. Plaintiffs

also performed their own due diligence evaluation of the reasonably knowable affirmative

defenses available to Defendant.

22.     Based upon Plaintiffs' review of the information, if any, provided by Defendant

prior to filing this Complaint, and after performing their own due diligence evaluation of the

reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiffs have

determined that Plaintiffs may avoid some or all of the Transfers even after taking into account

Defendant's alleged affirmative defenses.

23.     During the course of this proceeding, Plaintiffs may learn (through discovery or

otherwise) of additional transfers made to Defendant during the Preference Period or that may be

avoidable under other provisions of the Bankruptcy Code. It is Plaintiffs' intention to avoid and

recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant

or any other transferee. Plaintiffs reserve their right to amend this original Complaint to include:

(i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of

and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of

action, if applicable (collectively, the "Amendments"), that may become known to Plaintiffs at

any time during this adversary proceeding, through formal discovery or otherwise, and for the

Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Kmart Holding Corporation Transfers – 11 U.S.C. § 547)**

24.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

25.     During the Preference Period, Kmart Holding Corporation made Kmart Holding Corporation Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

26.     Each Kmart Holding Corporation Transfer was made from Kmart Holding Corporation, and constituted transfers of an interest in property of Kmart Holding Corporation.

27.     Defendant was a creditor of Kmart Holding Corporation at the time of each Kmart Holding Corporation Transfer by virtue of supplying goods and/or services to Kmart Holding Corporation for which Kmart Holding Corporation was obligated to pay in accordance with the Agreements. See Exhibit A.

28.     Each Kmart Holding Corporation Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Kmart Holding Corporation Transfer either reduced or fully satisfied a debt or debts then owed by Kmart Holding Corporation to Defendant. See Exhibit A.

29.     Each Kmart Holding Corporation Transfer was made for, or on account of, an antecedent debt or debts owed by Kmart Holding Corporation to Defendant before such Kmart Holding Corporation Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Kmart Holding Corporation. See Exhibit A.

30.     Each Kmart Holding Corporation Transfer was made while Kmart Holding Corporation was insolvent. Kmart Holding Corporation is entitled to the presumption of insolvency for each Kmart Holding Corporation Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

8

31.     Each Kmart Holding Corporation Transfer was made during the Preference Period, as set forth on Exhibit A.

32.     As a result of each Kmart Holding Corporation Transfer, Defendant received more than Defendant would have received if: (i) Kmart Holding Corporation's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the Kmart Holding Corporation Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Kmart Holding Corporation's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, Kmart Holding Corporation's liabilities exceed its assets such that Kmart Holding Corporation's unsecured creditors will not receive payment of their claims in full from the Kmart Holding Corporation's bankruptcy estate.

33.     In accordance with the foregoing, each Kmart Holding Corporation Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

### Second Claim for Relief
### (Avoidance of Preference Period StarWest, LLC Transfers – 11 U.S.C. § 547)

34.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

35.     During the Preference Period, StarWest, LLC made StarWest, LLC Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit B hereto.

36.     Each StarWest, LLC Transfer was made from StarWest, LLC, and constituted transfers of an interest in property of StarWest, LLC.

37.     Defendant was a creditor of StarWest, LLC at the time of each StarWest, LLC Transfer by virtue of supplying goods and/or services to StarWest, LLC for which StarWest, LLC was obligated to pay in accordance with the Agreements.  See Exhibit B.

9

38.     Each StarWest, LLC Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each StarWest, LLC Transfer either reduced or fully satisfied a debt or debts then owed by StarWest, LLC to Defendant.  See Exhibit B.

39.     Each StarWest, LLC Transfer was made for, or on account of, an antecedent debt or debts owed by StarWest, LLC to Defendant before such StarWest, LLC Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by StarWest, LLC. See Exhibit B.

40.     Each StarWest, LLC Transfer was made while Kmart Holding Corporation was insolvent. StarWest, LLC is entitled to the presumption of insolvency for each Kmart Holding Corporation Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

41.     Each StarWest, LLC Transfer was made during the Preference Period, as set forth on Exhibit B.

42.     As a result of each StarWest, LLC Transfer, Defendant received more than Defendant would have received if: (i) StarWest, LLC's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the StarWest, LLC Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by StarWest, LLC's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, StarWest, LLC's liabilities exceed its assets such that StarWest, LLC's unsecured creditors will not receive payment of their claims in full from the StarWest, LLC's bankruptcy estate.

43.     In accordance with the foregoing, each StarWest, LLC Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Third Claim for Relief**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

44.     Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

45.     To the extent one or more of the Transfers identified on <u>Exhibits A </u>and/or <u>B</u> was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, Plaintiffs plead in the alternative that Plaintiffs did not receive reasonably equivalent value in exchange for such transfer(s) (the "<u>Potentially Fraudulent Transfers</u>"); and

> A.    Plaintiffs were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or
>
> B.    Plaintiffs were engaged, or about to engage, in business or a transaction for which any property remaining with Plaintiffs or for whose benefit the Transfer(s) was made was an unreasonably small capital; or
>
> C.    Plaintiffs intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

46.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**Fourth Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

47.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Fourth Claim for Relief.

48.     Plaintiffs are entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "<u>Avoidable Transfers</u>").

11

49.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate

or mediate transferee of such initial transferee or the person for whose benefit the Avoidable

Transfer(s) were made.

50.     Pursuant to 11 U.S.C.§ 550(a), Plaintiffs are entitled to recover from Defendant the

Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### Fifth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

51.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

52.     Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of

the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

53.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over

such property, for which Defendant is liable under 11 U.S.C. § 550.

54.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee,

against the Debtors' chapter 11 estate or Plaintiffs must be disallowed until such time as Defendant

pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfer(s), plus

interest thereon and costs.

55.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee,

against the Debtors' chapter 11 estate or Plaintiffs previously allowed by Debtors or by Plaintiffs,

must be reconsidered and disallowed until such time as Defendant pays to Plaintiffs an amount

equal to the aggregate amount of the Avoidable Transfer(s).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief against

Defendant:

A.  On Plaintiffs' First, Second, Third, and Fourth Claims for Relief, judgment in favor

of Plaintiffs and against Defendant, avoiding all of the Avoidable Transfers and

directing Defendant to return to Plaintiffs the amount of the Avoidable Transfers,

pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of

demand at the maximum legal rate and to the fullest extent allowed by applicable

law, together with the costs and expenses of this action including, without

limitation, attorneys' fees;

B.  On Plaintiffs' Fifth Claim for Relief, judgment in favor of Plaintiffs and against

Defendant disallowing any claims held or filed by Defendant against the Plaintiffs

until Defendant returns the Avoidable Transfers to Plaintiffs pursuant to 11 U.S.C.

§ 502(d) and (j); and

C.  Such other and further relief as this Court may deem just and proper.

Dated: October 9, 2020

        KATTEN MUCHIN ROSENMAN LLP

        */s/ Steven J. Reisman*
        Steven J. Reisman
        575 Madison Avenue
        New York, NY 10022-2585
        Telephone: (212) 940-8700
        Fax: (212) 894-5512
        Email: sreisman@katten.com

        Terence G. Banich, Esq. (*admitted pro hac vice*)
        525 West Monroe Street
        Chicago, IL 60661-3693
        Telephone: (312) 902-5200
        Fax: (312) 902-1061
        Email: Terence.banich@katten.com

        *Counsel for Plaintiffs*

14