**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                                  :         Chapter 11
                                                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.***,**    :         Case No. 18-23538 (RDD)
                                                                                            :
                          Debtors.[1]                                          :         (Jointly Administered)
---------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWENTY-SECOND**
**OMNIBUS OBJECTION TO PROOFS OF CLAIM (PROPERTY TAX CLAIMS)**

Upon the *Debtors' Twenty-Second Omnibus Objection to Proofs of Claim (Property Tax Claims)*, filed September 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and the Claims Procedures Order, seeking an order (i) disallowing and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

expunging the Property Tax Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and the opportunity for a hearing thereon having been provided, including in accordance with the Amended Case Management Order; and there being no objections to the relief granted herein; and it appearing that no other or further notice of the Objection or a hearing thereon is required; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that the Objection overcame any presumption of the validity of the claims addressed by this Order and the respective claimants have not sustained their burden of proof; and the relief sought in the Objection and granted herein being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

        **IT IS HEREBY ORDERED THAT**

1.      The Objection is granted.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Disallowed Property Tax Claim listed on **Exhibit 1** annexed to this Order is disallowed and expunged in its entirety, and each such Disallowed Property Tax Claim shall be deleted from the claims register.

3.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Disputed Property Tax Claims listed on **Exhibit 2** annexed to this Order is disallowed and

expunged in its entirety, and each such Disputed Property Tax Claim shall be deleted from the claims register.

4. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Duplicate/Amended Property Tax Claims listed on **Exhibit 3** annexed to this Order is disallowed and expunged in its entirety, and each such Duplicate/Amended Property Tax Claim shall be deleted from the claims register.

5. The disallowance and expungement of the Duplicate/Amended Property Tax Claims does not constitute any admission or finding concerning any of the Surviving Claims listed on **Exhibit 3**, and the Surviving Claims are neither allowed nor disallowed by this Order.

6. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Property Tax Claims listed on **Exhibits 1-3** hereto, as to which all of Transform's rights and defenses are expressly reserved.

7. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any Property Tax Claim referenced or identified in the Objection that is not listed on **Exhibits 1-3**.

8. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

9. This Order is deemed to be a separate order with respect to each claim disallowed hereby.

10. The terms and conditions of this Order are effective immediately upon entry.

Dated:   October 16, 2020
         White Plains, New York

                                         /s/ Robert D. Drain
                                         HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE