**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS'
### FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM (SATISFIED CLAIMS)

### (Shaw Industries, Inc. Claims)

Upon the *Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)*,

filed August 6, 2019 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy**

**Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"),

for an order (i) disallowing and expunging the Satisfied Claims (as defined below), and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

(ii) granting related relief, as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and it appearing that no other or further notice need be provided; and upon the *Shaw Industries, Inc.'s Opposition Regarding Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims) [Docket 4775]* (ECF No. 5156) (the "**Response**"); and upon the *Debtors' Reply in Support of Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims)* (ECF No. 8958) (the "**Reply**"); and the Court having held a hearing on the Objection, Response, and Reply, on October 15, 2020 (the "**Hearing**"); and upon the record of the Hearing all of the proceedings had before the Court; and, after due deliberation and for the reasons stated in its bench ruling at the Hearing, the Court having found and determined that the legal and factual bases set forth in the Objection and the Reply and at the Hearing establish good and sufficient cause for the relief granted herein and that the claimant has not carried its burden of proof with respect to such claims; now, therefore,

### IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each of the claims listed on **Exhibit 1** hereto is hereby disallowed and expunged to the extent set forth on **Exhibit 1**.

3.      Nothing in this Order shall constitute a finding or determination regarding any obligation, if any, of Transform Holdco LLC or any of its affiliates in relation to the assumption and assignment of any executory contract of Shaw Industries, Inc.

4.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.      This Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.

Dated:   October 28, 2020
         White Plains, New York

/s/ Robert D. Drain
_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97669719\2\73217.0004