IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*,<br><br>Debtors.[1] | : : : : : : : : : : : | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>**HEARING DATE: November 18, 2020 at 10 am** |

## MOTION OF ARMANDE MOCK, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROY MOCK TO DEEM PROOF OF CLAIM TIMELY FILED

Armande Mock, Individually and as Personal Representative of the Estate of Roy Mock, by and through her undersigned counsel, hereby submits this motion for entry of an order, substantially in the form attached as Exhibit A, deeming the proof of claim timely filed and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Shores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Factual Background**

    A. <u>The State Court Asbestos Lawsuit</u>

On September 18, 2017, Roy Mock was diagnosed with malignant pleural mesothelioma. See pathology report, attached as Exhibit 1 to the Declaration of Sharon J. Zinns (Exhibit B to this Motion). On November 13, 2017, Mr. Mock and his wife Armande Mock filed a *pre-petition* personal injury lawsuit in the State Court of Chatham County, Georgia. Complaint, attached to the Zinns Declaration as Exhibit 2. Mr. Mock died from mesothelioma on March 19, 2019. Death Certificate, attached as Exhibit 3 to the Zinns Declaration. The State Court Complaint was amended to reflect the wrongful death claims on September 16, 2019. Amended Complaint, attached as Exhibit 4 to the Zinns Declaration.

During the course of the lawsuit, several other law firms have or currently are co-counsel for the Mocks, including Levy Konigsberg, LLP, Beasley Allen Crow Methvin Portis & Miles, and Oliver Maner, LLP. Zinns Declaration, ¶ 8. Undersigned counsel previously worked at both Levy Konigsberg, LLP and Beasley Allen Crow Methvin Portis & Miles as counsel for the Mocks. Zinns Declaration, ¶ 9. However, Ms. Zinns was not counsel for the Mocks at the time of the Sears Bankruptcy. *See* Certificate of Service for Notice of Bankruptcy, attached as Exhibit 5 to the Zinns Declaration.

Despite being an actual and known creditor, no notice of the bar date was provided to undersigned counsel at her current firm or prior firms, to any other co-counsel, or to the Mock family. Zinns Declaration, ¶ 10; Declaration of Audrey Raphael, attached hereto as Exhibit C

Upon renewal of her work as counsel for the Mock family, undersigned counsel began investigating the bankruptcy of Sears, previously a defendant in the lawsuit. Within days of learning the bar date had passed, Ms. Zinns began reaching out to prior counsel for Sears, Vonetta

Benjamin at Womble Bond Dickinson (US) LLP, to Debtors Counsel as listed on the docket, Ray Schrock, and to the Creditor's Committee Counsel as listed on the docket, Ira Dizengoff. Zinns Declaration, ¶ 11. Despite Ms. Zinns leaving two voice messages, neither Mr. Schrock nor anyone from his office returned counsel's call. Zinns Declaration, ¶ 12. Ms. Zinns promptly spoke with counsel for the creditor's committee as well as obtaining a date for this motion from the Court. Zinns Declaration, ¶ 13.

    B.  <u>The Bar Date</u>

On February 22, 2019, the Court entered the Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. §503(b)(9), and (IV) Prohibiting Vendors from Pursuing Claims Outside the Procedures (the "Bar Date Order"). [Dkt. No. 2676.] Pursuant to the Bar Date Order, each person or entity asserting a prepetition claim claims against the Debtors was required to file a proof of claim by April 10, 2019 (the "Bar Date"). The Bar Date Order required the Debtors to serve notice of the Bar Date on, among others, "all parties actually known to the Debtors as having potential claims against any of the Debtors" and "all parties to pending litigation against the Debtors." (Bar Date Order ¶ 15(a).)

Despite being a known creditor with a pending lawsuit against the Debtor, neither undersigned counsel, any co-counsel, nor the Mocks have any record of being served with the Notice of Bar Date. Zinns Declaration, ¶ 10.

Debtor may allege service of notice of the bar date as Roy and Armande Mock are listed in the affidavit of service at Docket No. 2752. However, the listed address (133 Montgomery St. 501, Savannah, GA 31401) is not an address that has ever been occupied by the Mocks or any counsel on the case. Zinns Declaration, ¶ 14. In fact, this is the address for the Chatham County,

Georgia Courthouse. *Id*. The Mock name, nor the name of any personal injury counsel for the Mocks, appear on any other Affidavit of Service in this case. Zinns Declaration, ¶ 15; *See also* Dkt. Nos. 2752, 2848, 2851, 2923, 2930, 2941, 2964, 3004, 3029, 3041, 3049, 3058, 3074, 3082, 3094, and 3119 (affidavits of service of bar date notice).

C. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Argument and Citation to Authority

1. The Court Should Deem the Mock Proof of Claim as Timely Filed

Attached as Exhibit D, is the Proof of Claim form concurrently filed on behalf of Armande Mock relating to the wrongful death of Roy Mock. Mrs. Mock seeks entry of an order substantially in form attached as Exhibit A deeming the proof of claim relating to Mr. Mock's wrongful death as timely filed.

"When a creditor is not scheduled as required by Bankruptcy Code § 521, '[t]he burden of establishing that a creditor has received adequate notice rests with the debtor.'" In re Avaya Inc., No. 17-10089 (SMB), 2018 Bankr. LEXIS 2754, at *9 (Bankr. S.D.N.Y. Sep. 11, 2018) (quoting In re Massa, 187 F.3d 292, 296 (2d Cir. 1999)). The nature of the notice depends on whether the creditor is known or unknown. *Id*. A known creditor is a creditor whose identity is known or "reasonably ascertainable" by the debtor. Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 490 (1988). By contrast, an unknown creditor is a creditor whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course

of business come to knowledge [of the debtor]." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950). **Known creditors are entitled to actual notice of the bar date**, while for unknown creditors, notice by publication is generally sufficient. *See DePippo v. Kmart Corp.*, 335 B.R. 290, 295–96 (S.D.N.Y. 2005) ("While actual notice is required if the creditor is a 'known' creditor, constructive notice is sufficient where a creditor is 'unknown.'") (citation omitted); In re BGI, Inc., 476 B.R. 812, 820 (Bankr. S.D.N.Y. 2012) ("For unknown creditors, constructive notice, such as notice by publication, will suffice."). "In a chapter 11 case, notice of or general awareness that a bankruptcy case is pending does not give a creditor the information needed to ascertain the bar date, and a creditor who was not served with notice of the bar date but nonetheless learns that a case is pending is not under a duty to discover the bar date." In re Avaya Inc., 2018 Bankr. LEXIS 2754, at *9 (citations omitted).

In this case, as set forth above, the Mocks' identity was unquestionably known to the Debtor, thus entitling them to actual notice of the bar date. Debtor plainly failed to serve the Mocks or counsel notice of the bar date despite wrongly including them in an Affidavit of Service.

Failure to allow the Mocks to file a late proof of claim would constitute a denial of due process. *See, e.g.*, In re Majorca Isles Master Ass'n, Case No. 12-19056-AJC, 2014 Bankr. LEXIS 1197, at *11 (Bankr. S.D. Fla. Mar. 27, 2014) (holding that a "known creditor must receive actual notice of the Claims Bar Date and the failure to allow such creditor to file a late claim as timely constitutes a denial of due process"); In re Kelton Motors, Inc., 135 B.R. 758, 762 (D. Vt. 1991) (explaining that a court "must allow late claims where a creditor has not received notice of the bar date — regardless of his actual knowledge of the bankruptcy proceedings").

### 2. Any Neglect Was Excusable And the Court Should Not Penalize the Mocks

"Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1992) (quoting Fed. R. Bankr. P. 9006(b)(1)). In considering whether any neglect was excusable, courts consider the following four factors: (1) the reason for the delay and whether the delay in filing was within the reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. *Id*.

Here, each of these factors supports a finding that the Mock's failure to file a timely proof of claim was excusable. As explained above, despite being a known creditor, the Debtors failed to provide notice to the Mocks or their counsel of the Bar Date. Counsel in fact was unaware of the bar date. Had the Debtors provided notice to Mrs. Mock or her counsel, they would have filed a timely proof of claim. Second, while the length of delay may be more than one year, there is no prejudicial impact on judicial proceedings or danger of prejudice to the non-moving party as the Court continues to hear motions relating to other proofs of claim. *See* Docket No. 8840 (adjourning motions relating to proofs of claim to the November 18, 2020 hearing date). By contrast, the prejudice to the Mock family and estate would be significant as they have suffered substantial damages relating to the wrongful death of Roy Mock. Finally, the Mocks certainly acted in good faith, reaching out to Debtor's counsel immediately upon learning of the bar date. In contrast, Debtor's counsel has failed entirely to return counsel's calls. Accordingly, the Court should deem the Mock Proof of Claim as timely filed.

E.  Notice and Prior Request

Notice of this Motion will be provided in accordance with the procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2019, Docket No. 405. No previous request for the relief sought herein has been made on this topic to this or any other Court.

Conclusion

WHEREFORE, Armande Mock, Individually and As Personal Representative of the Estate of Rpy Mock, requests that the Court enter an order substantially in the form attached as Exhibit A deeming her proof of claim as timely filed and granting such further relief as the Court deems just and proper.

Respectfully submitted this 29th day of October, 2020 at Smyrna, Georgia.

*Sharon J. Zinns*
_____
Sharon J. Zinns
ZINNS LAW, LLC
2082 Westwood Rd SE
Smyrna, GA 30080
Telephone: (404) 882-9002
*Attorneys for Armande Mock, Individually and as Personal Representative of the Estate of Roy Mock*