**Presentment Date and Time: November 23, 2020 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: November 18, 2020 at 11:30 a.m. (prevailing Eastern Time)**
**Hearing Date and Time (only if Objections Filed): To Be Announced**

**ASK LLP**
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Brigette G. McGrath, Esq. NY SBN 4962379
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: 651-289-3845
Fax: (651) 406-9676
Email: bmcgrath@askllp.com

-and-

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY 10036
Telephone: (212) 267-7342
Fax: (212) 918-3427
E-Mail: eneiger@askllp.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Fax: (212) 940-8776

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden,

**SEVENTH MOTION FOR ORDERS ESTABLISHING STREAMLINED
PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY
THE DEBTORS PURSUANT TO SECTIONS 502, 547,
548 AND 550 OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Plaintiff**"), submit this *Seventh Motion for Orders Establishing Streamlined Procedures Governing Adversary Proceedings Brought By the Debtors Pursuant To Sections 502, 547, 548 and 550 of the Bankruptcy Code* (the "**Motion**") seeking entry of two procedures orders establishing procedures (the "**Proposed Procedures**") to govern adversary proceedings brought by one or more of the Debtors to avoid transfers and/or disallow claims pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code identified on **Exhibit A** attached hereto (the "**Avoidance Actions**").[2] In support of the Motion, the Debtors respectfully state as follows:

---

LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The Debtors previously filed six batches of complaints which are governed by procedures orders governing each respective batch. Accordingly, Plaintiff is proposing that only the Avoidance Actions listed on Exhibit A attached hereto be subject to the Proposed Procedures and deadlines in this Motion. All other adversary proceedings previously filed will be unaffected by this Motion or any proposed orders, unless otherwise ordered by the Court.

## **PRELIMINARY STATEMENT**

1. In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy case (the "**Bankruptcy Case**"), Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 7026(f) meet and confer and/or subsequent scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 initial disclosures; (b) establishing timelines for conducting fact and expert written discovery and depositions; and (c) establishing procedures and timetables requiring that the Avoidance Actions be referred to non-binding mediation.

2. Plaintiff proposes two separate procedures orders for the Avoidance Actions. Those with total transfers less than or equal to $500,000 will be referred to mediation first, with formal discovery to follow. For Avoidance Actions with total transfers greater than $500,000, Plaintiff proposes the parties engage in fact discovery, excluding fact depositions, prior to mediation. Plaintiff's proposed split based on the size of each Avoidance Action balances (a) the likely need for formal discovery and document production in advance of mediation for the largest Avoidance Actions, and (b) the recognition that in smaller Avoidance Actions, formal discovery prior to mediation can prove cost-prohibitive to all parties given the relatively smaller dollar amounts at stake.

3. Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules. Like the applicable Bankruptcy Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

4. The Avoidance Actions filed by Plaintiff in the current batch subject to the

Proposed Procedures contain a number of foreign defendants from multiple foreign countries (the "**Foreign Defendants**"). Plaintiff has included these Foreign Defendants in the Proposed Procedures so that summonses can be issued indicating the initial pretrial date is at a to be determined time consistent with the Proposed Procedures. Were summonses issued with a date certain, many of the summonses for Foreign Defendants could not be served prior to the summons being stale. Under the various foreign service rules, service of an expired document would not be proper. Accordingly, inclusion of the Foreign Defendants on this Motion is intended to effectuate proper service on the Foreign Defendants. The timeline for effectuating proper service is dependent on the country of each respective Foreign Defendant and may take several months (and in some jurisdictions, potentially over a year). To the extent the deadlines contained in the proposed orders need to be adjusted based on the actual service date of a Foreign Defendant, Plaintiff intends on working with each Foreign Defendant after successful service to determine if any deadlines in the proposed orders need to be extended and intends on freely extending as needed.

## JURISDICTION AND VENUE

5.  The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

6.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.  The statutory predicates for the relief requested herein are sections 105(a), 105(d), 502, 547, 548 and 550 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 7012, 7016, 7026, and 9006 of the Bankruptcy Rules, and Local Bankruptcy Rules 7016-2 and 9019-1.

4

The requested relief is also justified under and consistent with the Court's *General Order M-452 Amending, and Restating M-143, M211, and M390* (the "**General Order**") dated June 28, 2013 (Morris, C.J.), as modified herein.

## BACKGROUND

8. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

10. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

11. On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief*, which provides, among other things, that certain causes of action, including claims and avoidance actions under Chapter 5 of the Bankruptcy Code, belonging to the Debtors and their estates as defined in the Debtors' Plan of Reorganization are preserved.

## RELIEF REQUESTED

12. Plaintiff has filed approximately <u>330</u> Avoidance Actions, as more fully set forth on **Exhibit A** hereto, to recover avoid and recover transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code from the persons who are defendants in the Avoidance Actions (each, a

5

"**Defendant**" and, collectively, the "**Defendants**"), and to disallow certain claims (if any) pursuant to sections 502(d) and/or 502(j) of the Bankruptcy Code held by such Defendants.

13. By this Motion, the Plaintiff seeks orders, substantially in the forms attached hereto as **Exhibits B** and **C** (the "**Proposed Orders**") approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## THE PROPOSED PROCEDURES

14. The following is a summary of the Proposed Procedures. The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. Interested parties should refer to the Proposed Orders attached hereto as **Exhibits B** and **C** for a complete understanding of the Proposed Procedures:[3]

### A. Extension of Time to Respond to Complaints

15. The Proposed Procedures extend a Defendant's time to answer or otherwise respond to a complaint by up to sixty (60) calendar days after each Defendant's initial response time expires. This extension will help to maximize the number of Avoidance Actions that the Plaintiff is able to settle expeditiously, and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

---

[3] To the extent that there are any inconsistencies between the summary and description of the Proposed Procedures set forth in this Procedures Motion and the Proposed Order, the Proposed Order shall control.

    **B.**    **Waiver of Scheduling Conferences;**
           **Stay of Discovery Until Conclusion of the Mediation Process for**
           <u>**Avoidance Actions with Transfers Less Than or Equal to $500,000**</u>

16.    The Plaintiff also requests that the Court (a) waive the requirement of a scheduling conference pursuant to Federal Rule of Civil Procedure (the "**Federal Rules**") 26(f), made applicable pursuant to Bankruptcy Rule 7026; (b) waive the requirement of the initial pretrial conference scheduled pursuant to Local Rule 7016-2; and (c) for cases where that total transfers are less than or equal to $500,000, stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process (as defined below). Waiving and/or staying these requirements will facilitate settlement, minimize costs, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

17.    Federal Rule 16(b), as incorporated by Bankruptcy Rule 7016, provides that a scheduling order may only be issued upon the Court receiving the parties' Rule 26(f) report, or issue the same after consulting with the parties at a scheduling conference. Additionally, Local Bankruptcy Rule 7016-2 provides that the Court shall schedule an initial pretrial conference in all adversary proceedings. However, good cause exists to waive both the meet and confer and scheduling/initial pretrial conference requirements due to the filing of this Procedures Motion.

18.    For Avoidance Actions involving total transfers less than or equal to $500,000, if mediation does not resolve the Avoidance Action, the Proposed Procedures provide a uniform timeline for service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact and expert discovery. For cases involving total transfers greater than $500,000, the Proposed Procedures Provide for non-expert written fact discovery, excluding depositions of fact witnesses prior to mediation, with expert discovery and deposition deadlines after mediation for any Avoidance Actions that do not settle at mediation. In light of the number of Avoidance Actions,

the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics and eases the administrative burden of the Court.

### C. The Mediation Process

19. <u>Mandatory Mediation</u>. The Proposed Procedures provide that, unless otherwise agreed by the Debtor plaintiff and a Defendant, any Avoidance Action with total transfers less than or equal to $500,000 that has not settled by January 29, 2021 will be referred to mediation, while those Avoidance Actions larger than $500,000 will be referred on April 29, 2021 (the "**Mediation Process**"). Mediation will be privileged and confidential, and proceedings, discussions and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing or responsibility.

20. <u>Mediators</u>. Mediators will be chosen by Defendants from the list of mediators attached hereto as **Exhibit D** (the "**Mediators**"). Unless extended, Defendants subject to the Proposed Procedures for Avoidance Actions less than or equal to $500,000 must select a mediator in writing between January 29, 2021 and February 15, 2021. If a Defendant does not timely choose a Mediator, the Plaintiff will assign a Mediator. Limiting the number of Mediators assigned to Avoidance Actions will, among other things, (a) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all of the approximately 330 Avoidance Actions, and (b) minimize the time and expense of negotiating with Defendants over potentially numerous mediator options.

21.  <u>Time/Place of Mediation</u>.  Avoidance Actions will be mediated in the New York, New York metro area, and shall be held at the law office of the Debtors' counsel, the Mediator's office, or at another location agreed upon by the Mediator, unless the parties and the Mediator agree to another location, except that the mediator, in his or her discretion, may hold the session telephonically or via a video conferencing service such as Zoom, Microsoft Teams, or Blue Jeans. Each Mediator will provide the Plaintiff with dates on which he or she is available.  The Plaintiff's counsel will contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator.  Mediation will then be scheduled on a first-come, first-served basis, and Defendants will receive at least twenty-one (21) calendar days' written notice of the date, time and location of the mediation.

22.  <u>Position Papers/Presentations</u>.  At least seven (7) calendar days before mediation, the Debtor plaintiff and the applicable Defendant will be required to exchange position statements and provide such statements to the Mediator, except that any party that has confidential information may share the same solely with the Mediator.  The Mediator will have full authority to determine the nature and order of the parties' presentations, and she/he may implement additional procedures as are reasonable and practical under the circumstances.  If any party fails to make required submissions or attend mediation, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action.

23.  <u>Attendance at Mediation</u>.  The Proposed Procedures anticipate that parties will participate in mediation in good faith with a view towards settling the Avoidance Actions. Accordingly, mediation shall be attended in person by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for the Debtor (who must have settlement authority from the Debtors, or a Debtor representative

shall appear as well), unless the Mediator authorizes any party to appear telephonically or via videoconference. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically or via video rather than in person, a party may apply to the Court in advance of the mediation for a ruling on telephonic mediation by sending a letter to chambers outlining the issues, and the Court may then schedule a conference call to address the issues.

24.     <u>Fees</u>.  The Parties shall equally share the Mediator's fees.  The Proposed Procedures provide for a fixed fee payable to the Mediator depending on the size of the action.

25.     <u>Conflicts of Interest.</u>  Without the prior consent of both parties no Mediator will mediate an Avoidance Action in which his/her law firm represents a party.  If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall as required by any applicable rules of professional responsibility.  So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action

## **ARGUMENT**

26.     There is ample authority for the Court to approve the Proposed Procedures. Specifically, Federal Rule 16(a), as made applicable by Bankruptcy Rule 7016, authorizes courts to enter scheduling and other orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

FED. R. CIV. P. 16(a).

27. In addition, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case

28. Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

29. Plaintiff's request for a referral to non-binding mediation comports with the General Order governing the referral of adversary proceedings to mediation. Plaintiff proposes a panel of six (6)[4] mediators from which Defendants can choose a mediator, rather than the entire register. A good faith reason exists for the creation of a specific mediator panel: a set list of specific mediators will aid the Debtors and the Defendants alike, as a set group of mediators will become familiar with issues common to this Bankruptcy Case. Additionally, the costs to the estate are lessened when multiple adversary actions are mediated in blocks of time by the same mediator.

---

[4] Although Plaintiff is proposing six (6) mediators, this is because of the aforementioned plan to file up to approximately 2,000 avoidance actions total. Accordingly, the size of the panel is proportionate to the entire portfolio of potential avoidance actions.

11

Cost efficiencies can also be realized to Defendants in situations where defense counsel may represent multiple Defendants.

30.     As the proposed Procedures Order provide for non-binding mediation, it will not prejudice any party.  In fact, the Debtors submit that all parties and the Court will benefit from the mediation provisions in proposed Procedures Order by providing the opportunity to resolve these matters without expensive, time consuming and burdensome litigation and trial. Referring adversary proceedings to mediation has proven highly successful in other bankruptcy cases in which the Debtors' counsel has represented plaintiffs in the prosecution of preference and fraudulent transfer actions.  Procedures orders containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the proposed Procedures Order have been entered in other cases pending in this district.  *See, e.g., In re Advance Watch Co. Ltd.,* Chapter 11 Case No. 15-12690 (MG) (Bankr. S.D.N.Y. November 16, 2017, D.I. 415); *In re Quebecor World (USA) Inc., et al.*, Chapter 11 Case No. 08-10152-JMP (Bank. S.D.N.Y, March 10, 2016, D.I. 3935).  In *Quebecor World (USA) Inc.,* the mediators were able to resolve 94% of the 350 adversary proceedings remaining at the mediation phase in less than 12 months.

31.     The Proposed Procedures are also consistent with the Local Rules, and are similar to procedures adopted in other cases with large numbers of adversaries where uniform procedures were beneficial to the administration of those cases.  *See, e.g., In re Advance Watch Co. (Ibid.); In re Quebecor World (USA), Inc. (Ibid.); In re Central Grocers, Inc.*, *et al.,* Case No. 17-13886 (Bankr. N.D. Ill., May 29, 2018), Docket No. 1533-1; *In re Draw Another Circle, LLC, et al.,* Case No. 16-11452 (Bankr. D. Del. 2018, Aug. 30, 2017), Docket No. 1501; *In re Kid Brands, Inc., et al.,* Case No. 14-22582 (Bankr. D.N.J., Sept. 9, 2016), Docket No. 958; *In re Trump Entertainment Resorts, Inc., et al.*, Case No. 14-12103 (KG) (Bankr. D. Del., Nov. 18, 2016, D.I. 2186, cases less

than or equal to $75,000.00; D.I. 2187, cases greater than $75,000.00); *In re RS Legacy Corp., et al.*, Case No. 15-10197 (BLS) (Bankr. D. Del., Dec. 14, 2015, D.I. 3675, cases less than or equal to $75,000.00; D.I. 3676, cases greater than $75,000.00).

32. The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant, (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions, (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources, and (d) maximize the recovery of funds for creditors of the Debtors' estates. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, the Debtors submit that such variations are warranted in light of the number of Avoidance Actions associated with these Cases, absent which it may be extremely difficult for this Court to administer these matters. Accordingly, the Debtors believe that the Proposed Procedures are appropriate under the circumstances and in the best interest of the estates' creditors, as well as all other parties to the Avoidance Actions, and should be approved

## NOTICE

20. The Debtors have served a copy of this Motion and notice on those parties who are required to receive notice under the Case Management Order (ECF No. 405). The Debtors respectfully submit that no further notice is required.

21. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the Motion, enter the Proposed Orders in the forms attached hereto as **Exhibit B** and **C**, and grant such other and further relief as the Court deems just and proper.

13

Dated: November 2, 2020                    **ASK LLP**

By: /s/ *Brigette G. McGrath*
    Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
    Brigette G. McGrath, Esq. NY SBN 4962379
    2600 Eagan Woods Drive, Suite 400
    St. Paul, MN  55121
    Telephone: 651-289-3845
    Fax: (651) 406-9676
    Email: bmcgrath@askllp.com

    *-and-*

    Edward E. Neiger, Esq.
    151 West 46th Street, 4th Fl.
    New York, NY  10036
    Telephone: (212) 267-7342
    Fax: (212) 918-3427
    E-Mail: eneiger@askllp.com

    *-and-*


**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Steven J. Reisman*
    Steven J. Reisman, Esq.
    575 Madison Avenue
    New York, NY 10022-2585
    Telephone: (212) 940-8800
    Fax: (212) 940-8776

    *Attorneys for Debtors*
    *and Debtors in Possession*