Allen G. Kadish
ARCHER & GREINER, P.C.
1211 Avenue of the Americas, Suite 2750
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
      nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**EXHIBIT A TO MOTION OF COMMUNITY UNIT SCHOOL DISTRICT 300 TO
DEEM ECONOMIC DEVELOPMENT AGREEMENT REJECTED PURSUANT
TO THE DEBTORS' CONFIRMED CHAPTER 11 PLAN, OR, IN THE
<u>ALTERNATIVE, TO COMPEL THE DEBTORS TO REJECT THE AGREEMENT</u>**

Return Date: No return date scheduled
Hearing Date: 9/21/2020 9:15 AM - 9:15 AM
Courtroom Number: N/A
Location: District 1 Court
　　　Cook County, IL

FILED
9/8/2020 1:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12683

10367605

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300, an Illinois school district, BARRINGTON LIBRARY DISTRICT, an Illinois public library, ELGIN COMMUNITY COLLEGE, an Illinois community college district, BARRINGTON TOWNSHIP, an Illinois township, METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, an Illinois special purpose district, and SCHOOL DISTRICT U-46, an Illinois public school district, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| VILLAGE OF HOFFMAN ESTATES, an Illinois municipal corporation; and SEARS HOLDINGS CORPORATION, a Delaware corporation, SEARS, ROEBUCK & CO., a New York Corporation. KMART HOLDING CORPORATION, a Delaware corporation, SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware corporation, TRANSFORM HOLDCO LLC, a Delaware Limited Liability company, TRANSFORM SR HOLDING MANAGEMENT, LLC, a Delaware Limited liability Company, and TF HOFFMAN ESTATES IL, LLC, a Delaware limited liability company, HOFFMAN ESTATES PARK DISTRICT, an Illinois park district, NORTHWEST MOSQUITO ABATEMENT DISTRICT, an Illinois mosquito abatement district, COOK COUNTY FOREST PRESERVE, an Illinois forest preserve, COOK COUNTY, an Illinois county, and POPLAR CREEK LIBRARY DISTRICT, an Illinois public library district. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) 2018 CH 12683 |
| Defendants. | ) ) |

## DEFENDANT SEARS HOLDINGS CORPORATION'S
## MOTION TO DISMISS FOURTH AMENDED COMPLAINT

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

Defendant Sears Holdings Corporation ("**Sears**"), by its undersigned counsel and pursuant to Section 2-619(a)(9) of the Illinois Code of Civil Procedure, respectfully moves for an order dismissing with prejudice Plaintiff's Fourth Amended Complaint (the "**FAC**") against Sears. In support of this motion, Sears states as follows:

## INTRODUCTION

1.    Sears has no legal interest in this case. All monetary claims asserted against or by Sears for EDA Funds for any year have been released, dismissed with prejudice, or forever relinquished. Accordingly, no claim for declaratory relief lies against Sears and the FAC against Sears should be dismissed with prejudice.

## KEY BACKGROUND FACTS

2.    On October 31, 2019, this Court entered an order (the "**Order**") dismissing with prejudice Sears "in accordance with the stipulation entered on October 23, 2019 in the Southern District of New York, Bankruptcy Court, by the Honorable Judge Drain" (the "**Stipulation**"). Copies of the Order and Stipulation are attached hereto as Exhibits A and B, respectively.

3.    Pursuant to both the Stipulation and Order, plaintiff Community Unit School District 300 (the "**School District**") released all claims with respect to the 2017 EDA Funds, (Ex. A, ¶ 2; Ex. B, ¶ 1(i)), and withdrew with prejudice any complaint, claim, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, (Ex. A, ¶ 2(b); Ex. B ¶ 1(ii)). The School District also dismissed with prejudice all monetary claims against Sears concerning any earlier EDA Funds (*i.e.*, pre-2017 EDA Funds). (Ex. A, ¶ 2(c); Ex. B ¶ 1(iii).)

4.    For its part, Sears agreed to relinquish any right it may have with respect to post-2017 EDA Funds. (Ex. B, at ¶ 2.) Thus, pursuant to the Stipulation and Order, any actual and

2

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

potential monetary claims by the School District against Sears for EDA Funds collected in any year were fully and finally resolved, and the School District can seek no monetary relief against Sears concerning any EDA Fund.

5.     On July 8, 2020, the School District filed a Fourth Amended Complaint against Sears, the Village of Hoffman Estates ("**Village**"), and other defendants, seeking a declaration that Sears failed to maintain the requisite number of jobs required under the EDA Act in calendar years 2013 through 2017 and in 2019. (FAC, ¶¶ 89-93, 95.) On that basis, the School District seeks a declaration that defendant Transform Holdco, LLC and/or the Village must pay certain amounts to the School District. (*Id.* at p. 20.)

## ARGUMENT

6.     An action for declaratory judgment seeks a "declaration of the rights of the parties interested." 735 ILCS 5/2-701. "The essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests, though there need not be any act in violation of such interests." *Hampton v. Chi. Transit Auth.*, 2018 IL App (1st) 172074, ¶ 53 (*quoting Beahringer v. Page*, 204 Ill. 2d 363, 372 (2003)). Absent an opposing interest, no actual controversy with the defendant exists. *See Barrington Cmty. Unit Sch. Dist. No. 220 v. Special Educ. Dist.*, 245 Ill. App. 3d 242, 251 (2d Dist. 1993) (a claim is justiciable where there exists a challenge to the plaintiff's rights or interests).

7.     Here, Sears has no interest whatsoever in the School District's action. (Ex. A, ¶ 2; Ex. B ¶¶ 1-2.) The School District seeks an order deeming "forfeited" any EDA Funds corresponding to periods between 2013 and 2019 during which Sears was not in compliance with the EDA Act's jobs requirement. (FAC, p. 20.) But the School District does not seek forfeiture of

3

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

any funds by Sears, nor could it.

8.      As the School District acknowledges, for EDA Funds for the years 2013 through 2017, such relief is expressly precluded by the School District's release of all claims against Sears for the 2017 EDA Funds and all pre-2017 EDA Funds. (*See id.* at ¶ 78; *id.* at Ex. 11.) Thus, the School District demands that any "forfeited" EDA Funds from past years be declared "payable to the School District and to the Taxing Bodies." (*Id.* at p. 20.)

9.      And with respect to any EDA Funds for 2018 and beyond, the School District seeks "an injunction as to the Village of Hoffman Estates preventing any further distributions by the Village from the Village's special tax allocation fund until the status of the EDA District is declared by this court." (*Id.*) This, too, would have no impact on Sears, because Sears has relinquished any right it may have to 2018 EDA Funds and any subsequent years' EDA Funds as part of the Stipulation and Order. (Ex. B, ¶ 2.) Accordingly, Sears has no interest—financial or otherwise—in this action. Even if the School District were able to prove that Sears did not comply with the EDA Act's jobs requirement at some point between 2013 and 2019, there is no relief that the School District can obtain from Sears nor can Sears be liable to the School District for any amount of EDA Funds.

10.      In short, the action does not and cannot affect Sears because Sears has no interest in its outcome and there is no actual controversy between the School District and Sears.[1] Under these circumstances, there can be no claim for declaratory judgment against Sears. *See Batteast v. Argonaut Ins. Co.*, 118 Ill. App. 3d 4, 6 (1st Dist. 1983) ("In order to maintain a declaratory judgment action, there must be an actual controversy between parties capable of being affected by

---

[1]      The Fourth Amended Complaint fails to allege that an actual controversy exists between any of the parties, much less between the School District and Sears.

a determination of the controversy."); *Twp. High Sch. Dist. v. Northfield*, 184 Ill. App. 3d 367, 371 (1st Dist. 1989) ("The dispute must touch the legal relations of parties who stand in a position adverse to one another.")

11.    For the same reasons, under Illinois law, Sears also is not a necessary party to this action. 735 ILCS 5/2-406 provides that "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in," and "[i]f a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct such person to be made a party." Thus, "[a] necessary party is an individual or entity having a present, substantial interest in the matter being litigated, and in whose absence a complete resolution of the matter in controversy cannot be achieved without affecting that interest." *Village of Schaumburg v. Metropolitan Sanitary District of Greater Chicago*, 186 Ill. App. 3d 69, 71 (1st Dist. 1989) (affirming dismissal of defendants who had no substantial interest in litigation). As set forth above, Sears has no interest in the matter being litigated, much less a substantial interest that could be affected by the resolution of the action. Ultimately, the Village and potentially other defendants, whose interests will be affected by the outcome of this action, will oppose the relief the School District seeks. That is, however, not Sears' fight.

12.    To the extent the School District (or any other party) seeks to include Sears as a defendant because Sears may possess discoverable information relevant to the School District's claim, that does not make Sears a necessary party. In accordance with the applicable rules, Sears will respond to any non-party discovery served on it.

## **CONCLUSION**

13.    For the foregoing reasons, Sears respectfully requests that the Court enter an order dismissing with prejudice the Fourth Amended Complaint against Sears and for any other relief the Court deems just and equitable.

Date: September 8, 2020

Respectfully submitted,

SEARS HOLDINGS CORPORATION

By: /s/ *[signature]*

David S. Martin
Eric Choi
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone:  (312) 269-8000
Firm ID: 13739
dmartin@nge.com
echoi@nge.com

*Attorneys for Defendant Sears Holdings Corp.*

FILED DATE: 9/8/2020 1:32 PM   2018CH12683

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**EXHIBIT A**

```
------------------------------------------------------------x
In re                                :
                                     :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,  :
                                     :    Case No. 18-23538 (RDD)
                                     :
                    Debtors.[1]      :    (Jointly Administered)
                                     :
------------------------------------------------------------x
```

**AMENDED STIPULATION AND ORDER
BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS,
AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING
2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND**

WHEREAS, on October 10, 2018, Community Unit School District 300 (the "**School District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears Holdings Corporation ("**SHC**," and together with certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**") (each a "**Party**" and collectively, the "**Parties**") in the Circuit Court of Cook County, State of Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

(the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from SHC's alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an economic development agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer ("**Sears**") (the "**EDA Agreement**") under to the EDA Act, pursuant to which the developer (as set forth in the EDA Act) receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

WHEREAS, at the time the School District filed the Illinois Action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds — if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement — were projected to be distributed fifty-five percent (55%) to Sears (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to section 362 of the Bankruptcy Code.

2

WHEREAS, on November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which the School District sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to the Illinois Action.

WHEREAS, on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280).

WHEREAS, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i) distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an agreement among the Parties (ECF No. 1548).

WHEREAS, following the distribution of the 45% Portion in accordance with the Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining 55% Portion, or approximately $9.7 million, which the Village continued to hold in the Special Tax Allocation Fund pursuant to the Stipulated Order.

WHEREAS, the School District objected to the Turnover Motion (ECF No. 2996) and, in the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow those issues to be litigated in the Circuit Court in connection with the Illinois Action.

WHEREAS, following a hearing on the Turnover Motion and the Abstention Motion on April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School*

3

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

*District 300's Motion for Abstention* (ECF No. 3362) (the "**Abstention Order**") allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears $2,508,660.33 of the 2017 EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax Allocation Fund the balance of the 2017 EDA Funds in the amount of $7,153,317.

WHEREAS, following entry of the Abstention Order, the Parties filed in the Circuit Court their respective summary judgment cross-motions as to the issues raised in the Turnover Motion.

WHEREAS, the Debtors and the School District have reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as the same may be amended or modified, the "**Plan**").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Debtors, the Village (solely in respect of paragraphs 3, 5, 6, and 16 through 24 hereof) and the School District, and upon Bankruptcy Court approval it shall hereby be **ORDERED** that:

1.    Subject to the terms and conditions of this Stipulation and Order, the School District agrees to:

4

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

i.    Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether asserted or not, known or unknown;

ii.    Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds;

iii.    Dismiss with prejudice all claims seeking a monetary recovery asserted against the Debtors in the Illinois Action and waive its right to recover from the Debtors, their bankruptcy estates, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, provided however, that notwithstanding anything to the contrary in this paragraph 1.iii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code;

iv.    Withdraw with prejudice the *Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 4713) and *Supplemental Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 5005) (together with ECF No. 4713, the "**School District's Plan Objections**");

v.    Withdraw with prejudice all of its voting ballots submitted as to the Plan, provided that the School District shall be deemed to have opted out of the third party releases set forth in Section 15.9(b) of the Plan;

vi.    Withdraw with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor, except that such withdrawal shall not prejudice or be deemed to constitute a waiver of any claims or rights of the School District to: (a) seek declaratory relief against the Debtors with respect to

5

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

their past compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (b) preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code; and

vii.    Release all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust, provided however, that notwithstanding anything to the contrary in this paragraph 1.vii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

2.    In consideration of the mutual covenants and agreements contained herein and subject to the terms and conditions of this Stipulation and Order, Debtors agree to relinquish any right they may have, in whole or in part, whether asserted or not, known or unknown, with respect to EDA Funds consisting of property taxes levied for tax year 2018 that were extended and collected in calendar year 2019 in the Special Tax Allocation Fund (the "**2018 EDA**

6

FILED DATE: 9/8/2020 1:32 PM   2018CH12683

**Funds**") and otherwise, if applicable, relinquish any rights, claims or interests to any subsequent years' EDA Funds.

3.       As a result of this Stipulation and Order, and there being no further claims or objections to the distribution of the balance of the 2017 EDA Funds residing in the Special Tax Allocation Fund, the Village is hereby ordered and directed to take all necessary steps to distribute such remaining 2017 EDA Funds in the manner described below:

      a.  The Village is ordered and directed to disburse to Sears, as the developer, 2017 EDA Funds in the amount of $5,153,317.00 currently held in the Special Tax Allocation Fund; and

      b.  Simultaneously with the disbursement to Sears, the Village is ordered and directed to disburse to the School District 2017 EDA Funds in the amount of $2,000,000.00 currently held in the Special Tax Allocation Fund that were otherwise to be disbursed to Sears as the developer pursuant to the EDA Act.

4.       The School District is hereby deemed to have withdrawn with prejudice its objection to the Turnover Motion (ECF No. 2996).

5.       The Parties hereby acknowledge that this Stipulation and Order fully settles those issues involving the disbursement and the recipients of the 2017 EDA Funds raised in the Turnover Motion (but not any EDA Funds related to other years), and that the payments to Sears and the School District referenced in paragraph 2 above shall fully and completely satisfy the Village's obligations to disburse the 2017 EDA Funds.

6.       Sears, the Village, and the School District shall request withdrawal of their respective motions and cross-motions for summary judgment with respect to the 2017 EDA Funds, which motions are currently pending before the Circuit Court in connection with the Illinois Action, as moot.

7

7.      In light of (i) the Debtors' and the School District's settlement as to distribution of the 2017 EDA Funds; (ii) the School District's release of all monetary claims asserted against the Debtors in the Illinois Action and waiver of its right to recover from the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee claims with respect to EDA Funds consisting of property taxes levied prior to 2017; and (iii) the Debtors' relinquishment of any rights, claims, or interests they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds or any subsequent years' EDA Funds, Debtors stipulate that they have no further interest in the Illinois Action. Accordingly, upon entry of this Stipulation and Order, the Illinois Action and any other issues or disputes arising from or related to the Debtors' compliance with the terms and conditions of the EDA Act and/or the EDA Agreement shall no longer be subject to the automatic stay under section 362 of the Bankruptcy Code, and shall not be subject to any discharge injunction imposed by the Bankruptcy Code, or any injunction imposed pursuant to any plan of liquidation or reorganization filed by the Debtors or other parties in interest, solely to permit the School District to take actions so long as they are consistent with this Stipulation and Order; provided that, for the avoidance of doubt, the School District shall not seek or enforce any judgment against the Debtors. Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or

8

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

8.      The School District shall dismiss with prejudice all monetary claims to the extent provided in paragraph 1.iii. of this Stipulation and Order.

9.      The School District is hereby deemed to have withdrawn with prejudice the School District's Plan Objections.

10.      The School District is hereby deemed to have (i) withdrawn with prejudice all of its voting ballots submitted as to the Plan; and (ii) opted out of the third party releases set forth in Section 15.9(b) of the Plan.

11.      The School District is hereby deemed to have withdrawn with prejudice all of the School District's Cure Objections, with the exception of its objections to assumption and assignment of the EDA Agreement (asserted in the School District's Cure Objections, as well as in the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (ECF No. 3783)).

12.      The School District is hereby deemed to have withdrawn with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor.

13.      The School District is hereby deemed to have released with prejudice all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust.

14.      The Debtors are hereby deemed to have relinquished any right, claim or interest they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds and any subsequent years' EDA Funds.

9

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

15.    The School District and the Debtors, on behalf of themselves and their past, present, and future officers, directors, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other, as well as their past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of them from the beginning of the world to the date hereof, which arise out of, relate to, or are based upon Sears' entitlement to receive 2017 EDA Funds either in whole or in part, including any claims arising under section 362 of the Bankruptcy Code.  The language of this paragraph shall apply only as consistent with this Stipulation and Order.

16.    Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability to the limited extent of any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from,

10

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

out of or in any way related to the Village's compliance with this Stipulation and Order. Notwithstanding anything herein to the contrary, nothing in this Stipulation and Order is intended to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village or any other party (other than the Debtors) may have related to the distribution and receipt of the EDA Funds and/or the compliance and/or non-compliance with the EDA Act or EDA Agreement in any year other than as expressly provided herein in respect of the 2017 EDA Funds.

17.    For avoidance of doubt, nothing herein, including the distributions of the 2017 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or the School District's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions for summary judgment pending before the Circuit Court in connection with the Illinois Action, or (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement.

18.    Notwithstanding anything to the contrary, nothing in this Stipulation and Order, including, without limitation, the School District's withdrawal with prejudice of any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, is intended or shall be construed to (i) waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform Holdco LLC, Transform SR Holding Management, LLC, TF Hoffman Estates IL,

11

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

LLC, or any other third party may have with respect to the Debtors' compliance with the EDA

Act and/or EDA Agreement, disbursements of the 2018 EDA Funds or any subsequent years'

EDA Funds, as well as any cure claims that might be asserted arising under, or the Debtors'

ability to assume, or assume and assign the EDA Agreement pursuant to section 365 of the

Bankruptcy Code, or (ii) constitute any finding or determination as to whether any defaults exist

under the EDA Agreement with respect to property taxes levied in tax years prior to 2017.

Further, nothing in this Stipulation and Order is intended to or shall be construed to waive or

release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages,

offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions of any

third-parties, including the Debtors' assignee to the EDA Agreement, as to the impact of the

releases negotiated by and among the parties herein. Further, nothing in this Stipulation and

Order shall waive, extinguish, or otherwise release the rights, if any, of Debtors' assignee to the

EDA Agreement, as applicable, to EDA Funds levied for tax year 2018 or for any subsequent

years.

19.     In withdrawing with prejudice any complaint, claim, motion, or other litigation

seeking to prevent Sears from receiving the 2017 EDA Funds, in dismissing with prejudice all

claims against SHC asserted in the Illinois Action, and in releasing all claims to EDA Funds

consisting of property taxes levied prior to 2017 to the extent provided herein, the School District

will not be deemed to have admitted that, nor will the Court be deemed to have made a finding

with respect to: (i) the issue of whether the Village, SHC, or any other Debtor, to the extent

relevant, have complied with the terms and conditions of the EDA Act and/or the EDA

Agreement; (ii) the issue of whether the School District or other parties have valid cure claims

12

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

under section 365 of the Bankruptcy Code; or (iii) whether the Debtors are entitled to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

20.     Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

21.     This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

22.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

23.     To the extent there is any inconsistency with the Plan, this Stipulation and Order shall supersede and govern.

24.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.


(Signature page follows)


13

**CONSENTED AND AGREED TO:**

VILLAGE OF HOFFMAN ESTATES                                DEBTORS AND DEBTORS IN POSSESSION


By: _/s/ Michael Schein_____                              By: _/s/ _Sunny Singh_____
One of its Attorneys                                      One of Their Attorneys

Michael Schein                                            Ray C. Schrock, P.C.
Joshua Dunn                                               Jared R. Friedmann
Vedder Price P.C.                                         Sunny Singh
1633 Broadway, 31st Floor                                 Jessie B. Mishkin
New York, New York  10019                                 Weil, Gotshal & Manges LLP
(212) 407-7700 (telephone)                                767 Fifth Avenue
(212) 407-7799 (facsimile)                                New York, New York  10153
                                                          (212) 310-8000 (telephone)
                                                          (212) 310-8007 (facsimile)


COMMUNITY UNIT SCHOOL DISTRICT 300

By: _/s/ _Kenneth Florey_____
One of its Attorneys

Kenneth Florey
Neal Smith
Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
(630) 929-3639 (telephone)
(630) 783-3231 (facsimile)


**SO ORDERED THIS**
23rd day of October, 2019
White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

14

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

FILED DATE: 9/8/2020 1:32 PM   2018CH12683

EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300, an Illinois school district, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VILLAGE OF HOFFMAN ESTATES, an Illinois municipal corporation; and SEARS HOLDINGS CORPORATION, a Delaware corporation, TRANSFORM HOLDCO LLC, a Delaware Limited Liability Company, TRANSFORM SR HOLDING MANAGEMENT, LLC, a Delaware Limited Liability Company, and TF HOFFMAN ESTATES IL, LLC, a Delaware limited liability company. | )   2018 CH 12683 ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**AGREED ORDER[1]**

This matter, coming to be heard on status, the Court and all parties being fully apprised, IT IS

HEREBY ORDERED:

1. Sears Holdings Corporation is dismissed with prejudice in accordance with the stipulation

    order entered on October 23, 2019 (attached as Exhibit A) in the Southern District of New

    York, Bankruptcy Court, by the Honorable Judge Drain;

2. Plaintiff agrees to:

    a. Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether

        asserted or not, known or unknown;

    b. Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation

        seeking to prevent Sears from receiving the 2017 EDA Funds;

---

[1] Any capitalized terms not herein defied will have the definitions set forth in the Bankruptcy Court Stipulation and Order attached as Exhibit A.

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

c.  Dismiss with prejudice all claims seeking a monetary recovery asserted against
Sears Holdings Corporation and waive its right to recover from Sears Holdings
Corporation, their bankruptcy estates, or any Liquidating Trust or Liquidating
Trustee, monetary claims with respect to EDA Funds consisting of property taxes
levied prior to 2017, provided however, that notwithstanding anything to the
contrary in this paragraph, the Plaintiff shall be entitled to: (a) seek recovery from
parties other than Sears Holding Corporation, their bankruptcy estates, and any
Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017
and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such
third parties may have, as a result, contribution or other claims against Sears
Holding Corporation; (b) seek declaratory relief against Sears Holding Corporation
with respect to their past compliance with the terms and conditions of the EDA Act
and the EDA Agreement to the extent necessary in connection with pursuing claims
against parties other than Sears Holding Corporation, their bankruptcy estates, and
any Liquidating Trust and Liquidating Trustee so long as any such action is not
inconsistent with this Stipulation and Order and does not seek monetary relief
including costs against Sears Holding Corporation; and (c) to the extent necessary
to preserve and recover cure claims with respect to property taxes levied prior to
2017, and EDA Funds previously rebated to Sears Holding Corporation, other than
the 2017 EDA Funds, or to the extent necessary to object to any effort to assume,
or assume and assign the EDA Agreement, pursuant to section 365 of the
Bankruptcy Code; and

879099v1

d. Release all rights to recovery against Sears Holding Corporation or their bankruptcy estates, including through a constructive trust, provided however, that notwithstanding anything to the contrary in this paragraph, the Plaintiff shall be entitled to: (a) seek recovery from parties other than Sears Holding Corporation, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against Sears Holding Corporation; (b) maintain to the extent necessary claims against Sears Holding Corporation seeking declaratory relief with respect to Sears Holding Corporation's compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than Sears Holding Corporation, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with the Stipulation and Order attached as Exhibit A, and does not seek monetary relief including costs against Sears Holding Corporation; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to Sears Holding Corporation, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

3. Plaintiff withdraws its Motion for Summary Judgment which was filed on August 16, 2019;

4. Sears Holding Corporation withdraws its Motion for Summary Judgment which was filed on August 30, 2019.

879099v1

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

5. Village of Hoffman Estates withdraws its Motion for Summary Judgment which was filed on August 30, 2019;

6. Transform Holdco, LLC, Transform SR Holding Management, LLC, and TF Hoffman Estates IL, LLC withdraw their Motion for Summary Judgement which was filed on August 29, 2019;

7. ~~Defendants have until_____ to file any response to Plaintiff's Motion for Partial Summary Judgment;~~

8. ~~Plaintiff has until_____ to file its reply in support of its Motion for Partial Summary Judgment;~~

9. ~~Courtesy copies to be delivered to the Court by_____.~~

10. ~~Hearing on Plaintiff's Motion for Partial Summary Judgment to be held on_____ at_____ in Room 2508.~~

*7. Plaintiff shall have until November 12, 2019 to file its Second Amended Complaint.*

Order prepared by:
Robbins Schwartz Nicholas Lifton & Taylor
Kenneth M. Florey
Margaret L. MacNair
55 W. Monroe, Suite 800
Chicago, Illinois 60603
Cook County Attorney No. 91219

ENTERED:

Judge Celia G. Gamrath

Judge

OCT 3 1 2019

Circuit Court - 2031

Date

4816-6290-3723, v. 1

*8. Defendants shall answer or otherwise plead by December 17, 2019.*

*9. Status is set for January 22, 2020 at 10:00 am in Room 2508.*

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re                                                :

                                                     :        Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,                :

                                                     :        Case No. 18-23538 (RDD)

                                                     :

Debtors.[1]                                          :        (Jointly Administered)

---------------------------------------------------------x

### AMENDED STIPULATION AND ORDER
### BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS,
### AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING
### 2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND

WHEREAS, on October 10, 2018, Community Unit School District 300 (the "**School**

**District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears

Holdings Corporation ("**SHC**," and together with certain of its affiliates, as debtors and debtors

in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**") (each a

"**Party**" and collectively, the "**Parties**") in the Circuit Court of Cook County, State of Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**EXHIBIT A**

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

(the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from SHC's alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an economic development agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer ("**Sears**") (the "**EDA Agreement**") under to the EDA Act, pursuant to which the developer (as set forth in the EDA Act) receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

WHEREAS, at the time the School District filed the Illinois Action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds — if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement — were projected to be distributed fifty-five percent (55%) to Sears (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to section 362 of the Bankruptcy Code.

2

WHEREAS, on November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which the School District sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to the Illinois Action.

WHEREAS, on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280).

WHEREAS, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i) distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an agreement among the Parties (ECF No. 1548).

WHEREAS, following the distribution of the 45% Portion in accordance with the Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining 55% Portion, or approximately $9.7 million, which the Village continued to hold in the Special Tax Allocation Fund pursuant to the Stipulated Order.

WHEREAS, the School District objected to the Turnover Motion (ECF No. 2996) and, in the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow those issues to be litigated in the Circuit Court in connection with the Illinois Action.

WHEREAS, following a hearing on the Turnover Motion and the Abstention Motion on April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School*

3

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

*District 300's Motion for Abstention* (ECF No. 3362) (the "**Abstention Order**") allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears $2,508,660.33 of the 2017 EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax Allocation Fund the balance of the 2017 EDA Funds in the amount of $7,153,317.

WHEREAS, following entry of the Abstention Order, the Parties filed in the Circuit Court their respective summary judgment cross-motions as to the issues raised in the Turnover Motion.

WHEREAS, the Debtors and the School District have reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as the same may be amended or modified, the "**Plan**").

NOW, **THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Debtors, the Village (solely in respect of paragraphs 3, 5, 6, and 16 through 24 hereof) and the School District, and upon Bankruptcy Court approval it shall hereby be **ORDERED** that:

1.      Subject to the terms and conditions of this Stipulation and Order, the School District agrees to:

4

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM   2018CH12683

i.   Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether asserted or not, known or unknown;

ii.  Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds;

iii. Dismiss with prejudice all claims seeking a monetary recovery asserted against the Debtors in the Illinois Action and waive its right to recover from the Debtors, their bankruptcy estates, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, provided however, that notwithstanding anything to the contrary in this paragraph 1.iii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code;

iv.  Withdraw with prejudice the *Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 4713) and *Supplemental Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 5005) (together with ECF No. 4713, the **"School District's Plan Objections"**);

v.   Withdraw with prejudice all of its voting ballots submitted as to the Plan, provided that the School District shall be deemed to have opted out of the third party releases set forth in Section 15.9(b) of the Plan;

vi.  Withdraw with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor, except that such withdrawal shall not prejudice or be deemed to constitute a waiver of any claims or rights of the School District to: (a) seek declaratory relief against the Debtors with respect to

5

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

their past compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (b) preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code; and

vii.    Release all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust, provided however, that notwithstanding anything to the contrary in this paragraph 1.vii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

2.    In consideration of the mutual covenants and agreements contained herein and subject to the terms and conditions of this Stipulation and Order, Debtors agree to relinquish any right they may have, in whole or in part, whether asserted or not, known or unknown, with respect to EDA Funds consisting of property taxes levied for tax year 2018 that were extended and collected in calendar year 2019 in the Special Tax Allocation Fund (the "**2018 EDA**

6

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

**Funds**") and otherwise, if applicable, relinquish any rights, claims or interests to any subsequent years' EDA Funds.

3.    As a result of this Stipulation and Order, and there being no further claims or objections to the distribution of the balance of the 2017 EDA Funds residing in the Special Tax Allocation Fund, the Village is hereby ordered and directed to take all necessary steps to distribute such remaining 2017 EDA Funds in the manner described below:

> a.    The Village is ordered and directed to disburse to Sears, as the developer, 2017 EDA Funds in the amount of $5,153,317.00 currently held in the Special Tax Allocation Fund; and
>
> b.    Simultaneously with the disbursement to Sears, the Village is ordered and directed to disburse to the School District 2017 EDA Funds in the amount of $2,000,000.00 currently held in the Special Tax Allocation Fund that were otherwise to be disbursed to Sears as the developer pursuant to the EDA Act.

4.    The School District is hereby deemed to have withdrawn with prejudice its objection to the Turnover Motion (ECF No. 2996).

5.    The Parties hereby acknowledge that this Stipulation and Order fully settles those issues involving the disbursement and the recipients of the 2017 EDA Funds raised in the Turnover Motion (but not any EDA Funds related to other years), and that the payments to Sears and the School District referenced in paragraph 2 above shall fully and completely satisfy the Village's obligations to disburse the 2017 EDA Funds.

6.    Sears, the Village, and the School District shall request withdrawal of their respective motions and cross-motions for summary judgment with respect to the 2017 EDA Funds, which motions are currently pending before the Circuit Court in connection with the Illinois Action, as moot.

7

7.     In light of (i) the Debtors' and the School District's settlement as to distribution of
the 2017 EDA Funds; (ii) the School District's release of all monetary claims asserted against the
Debtors in the Illinois Action and waiver of its right to recover from the Debtors, their
bankruptcy estates, and any Liquidating Trust and Liquidating Trustee claims with respect to
EDA Funds consisting of property taxes levied prior to 2017; and (iii) the Debtors'
relinquishment of any rights, claims, or interests they may have, in whole or in part, whether
asserted or not, known or unknown, with respect to the 2018 EDA Funds or any subsequent
years' EDA Funds, Debtors stipulate that they have no further interest in the Illinois Action.
Accordingly, upon entry of this Stipulation and Order, the Illinois Action and any other issues or
disputes arising from or related to the Debtors' compliance with the terms and conditions of the
EDA Act and/or the EDA Agreement shall no longer be subject to the automatic stay under
section 362 of the Bankruptcy Code, and shall not be subject to any discharge injunction
imposed by the Bankruptcy Code, or any injunction imposed pursuant to any plan of liquidation
or reorganization filed by the Debtors or other parties in interest, solely to permit the School
District to take actions so long as they are consistent with this Stipulation and Order; provided
that, for the avoidance of doubt, the School District shall not seek or enforce any judgment
against the Debtors. Further, because any claims by the School District with respect to EDA
Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of
property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of
efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on
the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or

8

FILED DATE: 9/8/2020 1:32 PM     2018CH12683

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

8.    The School District shall dismiss with prejudice all monetary claims to the extent provided in paragraph 1.iii. of this Stipulation and Order.

9.    The School District is hereby deemed to have withdrawn with prejudice the School District's Plan Objections.

10.    The School District is hereby deemed to have (i) withdrawn with prejudice all of its voting ballots submitted as to the Plan; and (ii) opted out of the third party releases set forth in Section 15.9(b) of the Plan.

11.    The School District is hereby deemed to have withdrawn with prejudice all of the School District's Cure Objections, with the exception of its objections to assumption and assignment of the EDA Agreement (asserted in the School District's Cure Objections, as well as in the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (ECF No. 3783)).

12.    The School District is hereby deemed to have withdrawn with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor.

13.    The School District is hereby deemed to have released with prejudice all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust.

14.    The Debtors are hereby deemed to have relinquished any right, claim or interest they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds and any subsequent years' EDA Funds.

9

15.     The School District and the Debtors, on behalf of themselves and their past, present, and future officers, directors, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other, as well as their past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of them from the beginning of the world to the date hereof, which arise out of, relate to, or are based upon Sears' entitlement to receive 2017 EDA Funds either in whole or in part, including any claims arising under section 362 of the Bankruptcy Code.  The language of this paragraph shall apply only as consistent with this Stipulation and Order.

16.     Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability to the limited extent of any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from,

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM   2018CH12683

out of or in any way related to the Village's compliance with this Stipulation and Order. Notwithstanding anything herein to the contrary, nothing in this Stipulation and Order is intended to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village or any other party (other than the Debtors) may have related to the distribution and receipt of the EDA Funds and/or the compliance and/or non-compliance with the EDA Act or EDA Agreement in any year other than as expressly provided herein in respect of the 2017 EDA Funds.

17.   For avoidance of doubt, nothing herein, including the distributions of the 2017 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or the School District's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions for summary judgment pending before the Circuit Court in connection with the Illinois Action, or (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement.

18.   Notwithstanding anything to the contrary, nothing in this Stipulation and Order, including, without limitation, the School District's withdrawal with prejudice of any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, is intended or shall be construed to (i) waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform Holdco LLC, Transform SR Holding Management, LLC, TF Hoffman Estates IL,

11

WEIL:\97240374\2\73217.0004

LLC, or any other third party may have with respect to the Debtors' compliance with the EDA Act and/or EDA Agreement, disbursements of the 2018 EDA Funds or any subsequent years' EDA Funds, as well as any cure claims that might be asserted arising under, or the Debtors' ability to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, or (ii) constitute any finding or determination as to whether any defaults exist under the EDA Agreement with respect to property taxes levied in tax years prior to 2017. Further, nothing in this Stipulation and Order is intended to or shall be construed to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions of any third-parties, including the Debtors' assignee to the EDA Agreement, as to the impact of the releases negotiated by and among the parties herein. Further, nothing in this Stipulation and Order shall waive, extinguish, or otherwise release the rights, if any, of Debtors' assignee to the EDA Agreement, as applicable, to EDA Funds levied for tax year 2018 or for any subsequent years.

19.    In withdrawing with prejudice any complaint, claim, motion, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, in dismissing with prejudice all claims against SHC asserted in the Illinois Action, and in releasing all claims to EDA Funds consisting of property taxes levied prior to 2017 to the extent provided herein, the School District will not be deemed to have admitted that, nor will the Court be deemed to have made a finding with respect to: (i) the issue of whether the Village, SHC, or any other Debtor, to the extent relevant, have complied with the terms and conditions of the EDA Act and/or the EDA Agreement; (ii) the issue of whether the School District or other parties have valid cure claims

12

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

under section 365 of the Bankruptcy Code; or (iii) whether the Debtors are entitled to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

20.    Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

21.    This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

22.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

23.    To the extent there is any inconsistency with the Plan, this Stipulation and Order shall supersede and govern.

24.    The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

(Signature page follows)

WEIL:\97240374\2\73217.0004

FILED DATE: 9/8/2020 1:32 PM    2018CH12683

**CONSENTED AND AGREED TO:**

VILLAGE OF HOFFMAN ESTATES                         DEBTORS AND DEBTORS IN POSSESSION


By: _/s/_Michael Schein_____                        By: _/s/ _Sunny Singh_____
One of its Attorneys                                One of Their Attorneys

Michael Schein                                      Ray C. Schrock, P.C.
Joshua Dunn                                         Jared R. Friedmann
Vedder Price P.C.                                   Sunny Singh
1633 Broadway, 31st Floor                           Jessie B. Mishkin
New York, New York  10019                           Weil, Gotshal & Manges LLP
(212) 407-7700 (telephone)                          767 Fifth Avenue
(212) 407-7799 (facsimile)                          New York, New York  10153
                                                    (212) 310-8000 (telephone)
                                                    (212) 310-8007 (facsimile)



COMMUNITY UNIT SCHOOL DISTRICT 300

By: _/s/ _Kenneth Florey_____
One of its Attorneys

Kenneth Florey
Neal Smith
Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
(630) 929-3639 (telephone)
(630) 783-3231 (facsimile)



**SO ORDERED THIS**
23rd day of October, 2019
White Plains, New York


                                    /s/ Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE


14