Presentment Date and Time:  November 11, 2020 at 10:00 a.m. (Eastern Time)
Objection Deadline:  November 10, 2020 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                        :

In re                                     :        Chapter 11
                                         :
**SEARS HOLDINGS CORPORATION**, *et al.*,  :        Case No. 18-23538 (RDD)
                                         :
Debtors.[1]                              :        (Jointly Administered)
                                         :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF ORDER APPROVING SETTLEMENT**
**AGREEMENT AMONG DEBTORS AND WINNERS INDUSTRY COMPANY LIMITED**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Order Approving Settlement Agreement with Winners Industry Company Limited* (the "**Proposed Settlement Agreement Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **November 11, 2020 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Settlement Agreement Order is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Settlement Agreement Order is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **November 10, 2020 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Settlement Agreement Order, and the Proposed Settlement Agreement Order may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Proposed Settlement Agreement Order, a hearing (the "**Hearing**") will be held to consider the Proposed Settlement Agreement Order before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be determined.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: November 3, 2020
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit 1

**Order Approving Settlement Agreement**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :   Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :   Case No. 18-23538 (RDD)
                                                             :
                    Debtors.[1]  :   (Jointly Administered)
------------------------------------------------------------x

### ORDER APPROVING SETTLEMENT AGREEMENT AMONG SEARS HOLDINGS CORPORATION AND WINNERS INDUSTRY COMPANY LIMITED

Upon the *Notice of Presentment of Order Approving Settlement Agreement Among Debtors and Winners Industry Company Limited* dated November 3, 2020 (ECF No. [●]) (the "**Notice of Presentment**") and the *Settlement Agreement* among Sears Holdings Corporation and Winners Industry Company Limited attached (the "**Settlement Agreement,**" and attached hereto as **Exhibit 1**);[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Notice of Presentment and the requested relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not defined herein shall have the respective meaning ascribed to them in the Settlement Agreement.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Notice of Presentment and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order and the Presentment Procedures; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the Notice of Presentment; and no hearing thereon being required under the circumstances; and after due deliberation the Court having determined that the legal and factual bases set forth in the Notice of Presentment establish good cause for the relief granted herein, in that the proposed settlement is fair and reasonable, a proper exercise of business judgment and in the best interests of the Debtors, their estates, their creditors and other parties in interest in the light of the risks, costs and delay of continued litigation, the arms-length nature of the parties' negotiations, and the absence of any objection; now, therefore, **IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement attached as **Exhibit 1** is hereby approved and incorporated into this Order as if restated verbatim herein.

2. The Settlement Agreement shall be effective immediately upon entry of this Order.

3. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Settlement Agreement.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the Settlement Agreement, and the Settlement Agreement.

**SO ORDERED**

Dated: _____, 2020
       White Plains, New York

                                      _____
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

3

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Settlement Agreement") is made by and among: (1) Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession ("Plaintiff" or "Debtors"); and (2) Winners Industry Company Limited ("Defendant" or "Creditor"); of Sears Holding Corporation and its affiliated debtors and debtors in possession. Hereinafter, Plaintiff, Defendant and the Creditors Committee are referred to collectively as the "Parties";

**WHEREAS**, beginning on October 15, 2018, each of the Debtors filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), thereby commencing bankruptcy cases which are jointly administered under Case No. 18-23538 (RDD) (the "Cases");

**WHEREAS**, the Debtors are authorized to continue to operate their business and manage their properties as debtors in possession, and no trustee or examiner has been appointed in the Cases;

**WHEREAS**, on October 24, 2018, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors Committee") (ECF No. 276);

**WHEREAS**, on April 25, 2019, the Court entered an Order Authorizing and Approving Procedures for Settling De Minimis Affirmative Claims and Causes of Action of the Debtors (ECF No. 3363) (the "Settlement Order") which provides, among other things, that the Debtors may settle a claim or cause of action where the settlement amount is equal to or less than $5,000,000.00 without further Court approval provided that, under certain circumstances, the Debtors provide notice of such proposed settlement to: (i) the U.S. Trustee, (ii) counsel to the Creditors' Committee, and (iii) counsel to Wilmington Trust, National Association (the "Notice Parties");

**WHEREAS**, Debtors have received any required approval of the Notice Parties pursuant to the terms of the Settlement Order;

**WHEREAS**, as provided under sections 544–550, 1106, and 1107 of the Bankruptcy Code, Plaintiff is authorized and has standing to prosecute, settle, dismiss, abandon, or otherwise dispose of claims and avoidance actions under chapter 5 of the Bankruptcy Code;

**WHEREAS**, on October 15, 2019, the Court entered an *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (the "Confirmation Order") (ECF No. 5370), which authorized, among other things, the establishment of the Administrative Expense Claims Consent Program[1] (the "Program"), and which provides, among other things, that certain causes of action, including claims and avoidance actions under Chapter 5 of the Bankruptcy Code, belonging to the Debtors and their estates as defined in the Debtors' Plan of Reorganization are preserved;

---

[1] Capitalized terms used in this Settlement Agreement, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Confirmation Order. Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), shall have the meaning ascribed to them in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

6

**WHEREAS**, on December 21, 2018, Defendant filed the *Motion of Winners Industry Co., Ltd. For Allowance And Payment Of Administrative Expense Claims* (ECF No. 1386) (the "Motion for Allowance and Payment");

**WHEREAS**, on March 15, 2019, the Debtors filed the *Debtors' Objection to Winners Industry Co., LTD's Motion for Allowance and Payment of Administrative Claim* (ECF No. 2839);

**WHEREAS**, on April 16, 2019, Defendant filed their *Initial Reply to Debtors' Objection to Motion of Winners Industry Co., LTD. For Allowance And Payment Of Administrative Claims* (ECF No. 3229);

**WHEREAS**, on May 21, 2019 the Court heard arguments on the Motion for Allowance and Payment (the "Hearing"). Following the Hearing, on October 15, 2019, the Court entered an order denying the Motion for Allowance and Payment (the "Order Denying Motion for Allowance and Payment") (ECF No. 5371);

**WHEREAS**, on October 28, 2019, Defendant filed a *Notice of Appeal* (ECF No. 5522) with respect to the Order Denying Motion for Allowance and Payment, which appeal is currently pending before the United States District Court for the Southern District of New York under case number 19-cv-10231-NSR (the "Appeal");

**WHEREAS**, on September 26, 2019 the Debtors filed the *Debtors' Tenth Omnibus Objection Proofs of Claim (to Reclassify Certain Claims)* (the "Objection") (ECF No. 5237) seeking to reclassify as general unsecured claims Defendant's claims numbered 16253, asserted in the amount of $2,459,116.36, and 17627, asserted in the amount of $2,900,084.72 (together, the "Administrative Claim");

**WHEREAS**, on October 17, 2019, the Defendant filed a *Response of Winners Industry Company, Ltd. In Opposition To Debtors' Tenth Omnibus Objection To Proofs Of Claim (To Reclassify Claims)* (ECF No. 5400) (the "Response");

**WHEREAS**, Plaintiff asserts the Debtors made the transfer(s) to Defendant set forth in the Complaint (as defined below) totaling $78,488.68 (the "Transfers") that are avoidable and recoverable under the provisions of sections 547, 548 and 550 of the Bankruptcy Code;

**WHEREAS**, on October 13, 2020, Plaintiff filed a complaint to avoid and recover the Transfers pursuant to 11 U.S.C. §§ 547, 548 and 550 and to disallow claims pursuant to 11 U.S.C. § 502 (the "Complaint"), which is pending before the Court as adversary proceeding number 20-06895;

**WHEREAS**, Defendant asserts that it has a complete defense to the claims in the Complaint and has provided the Plaintiff with information to support such defenses;

**WHEREAS**, following good faith negotiations, Debtors and Creditor desire to resolve the Motion for Allowance and Payment, Appeal, Objection, the Response and Complaint, on the terms set forth herein, to avoid the cost and uncertainty of further litigation;

**NOW THEREFORE**, the Parties agree as follows:

1. <u>Settlement Effective Date.</u>  This Settlement Agreement shall become effective upon entry of an order approving the Settlement Agreement by the Court (the "<u>Settlement Effective Date</u>").

2. <u>Binding Authority of the Settlement Agreement.</u>  Subject to Court approval, the Parties agree that this Settlement Agreement shall be binding on the Parties immediately on the Settlement Effective Date.

3. <u>Allowed Administrative Claim.</u>  In exchange for the release in Section 5 hereof, and in a desire to settle any controversy regarding the Transfers, the Response, the Appeal, the Administrative Claim of the Defendant, the Parties agree to reduce and allow the Administrative Claim in the amount of $2,650,000.00 (the "<u>Allowed Opt-Out Settled Administrative Expense Claim</u>").  Defendant hereby waives any and all administrative and priority claims asserted under section 503 of the Bankruptcy Code, and agrees to accept this treatment in full and final satisfaction of any and all administrative, priority, and general unsecured claims the Defendant may have against the Debtors whether known or unknown, suspected and unsuspected, disclosed and undisclosed, asserted or unasserted, without limitations of any kind.  Defendant represents and warrants that it has not filed or asserted any other administrative or priority claim against the Debtors other than claim numbers 16253 and 17627.[2]  The Debtors shall direct the claims agent, Prime Clerk, to update the official claims register to reflect this Settlement Agreement.

4. <u>Treatment.</u>  For the avoidance of doubt, the Parties agree that the full amount of the Allowed Opt-Out Settled Administrative Expense Claim shall be, pursuant to section 503(b) of the Bankruptcy Code, an Allowed Administrative Expense Claim and shall be treated as an Allowed Non-Settled Administrative Expense Claim pursuant to the Confirmation Order and the Program. The Allowed Opt-Out Settled Administrative Expense Claim shall be treated in accordance with the procedures in the Program and the Confirmation Order.

5. <u>Mutual Releases.</u>  Both Parties acknowledge that this Settlement Agreement is intended to fully resolve Defendant's liability, if any, for the avoidance of the Transfers made by the Debtors to the Defendant, and all causes of action set forth in the Complaint.  On the Settlement Effective Date, Plaintiff and Defendant do forever release, acquit and forever discharge each other from any and all liability for the avoidance of the Transfers made by the Debtors to Defendant.  Following the Settlement Effective Date, Plaintiff shall take such steps as are necessary to dismiss or otherwise withdraw the Complaint with prejudice and to close the above-captioned case, and Defendant shall cooperate as may be necessary to effectuate the same.

6. <u>Withdrawal of Pleadings & Claims.</u>  Upon the Settlement Effective Date, the Allowed Opt-Out Settled Administrative Expense Claim in the amount of $2,650,000.00 shall supersede all proofs of claim, ballot filed pursuant to the Program, or pleadings filed by the Defendant asserting Administrative Claims (including any 503(b)(9) Claims), and any pleadings, shall be deemed resolved and withdrawn, including, but not limited to the Motion for Allowance and Payment, Appeal, Objection and Response.  Furthermore, the Defendant shall dismiss the Appeal with prejudice, with each party to bear its own costs and fees, within five (5) business days of the Settlement Effective Date, and Plaintiff shall cooperate as may be necessary to effectuate the same.

---

[2] The Defendant also filed proofs of claims number 7825 and 7827 which were previously expunged by the *Order Granting Debtors' Fourth Omnibus Objection to Proofs of Claim (Amended and Superseded Claims)* (ECF No. 5995) and further filed proofs of claims number 15654 and 15719 which were previously expunged by the *Order Granting Debtors' Eighth Omnibus Objection to Proofs of Claim (Duplicate Claims)* (ECF No. 6000).  Moreover, the Defendant filed proof of claim number 20475 which was related to the Appeal and is listed as "unliquidated" and shall be deemed withdrawn on the Settlement Effective Date.

Upon the Settlement Effective Date, the Objection and Response shall be deemed withdrawn. Additionally, the Plaintiff shall withdraw the Complaint with prejudice within five (5) business days of the Settlement Effective Date.

7.     No Admission of Liability.  Each of the Parties acknowledges this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder shall not be construed as an admission of liability by any Party.

8.     Entire Agreement.  This Settlement Agreement constitutes the complete understanding among the Parties and cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

9.     Voluntary Act.  Defendant hereby warrants that it is authorized and empowered to execute and perform this Settlement Agreement.  Plaintiff hereby warrants that it is authorized and empowered to execute and perform this Settlement Agreement.  The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understand its terms, and voluntarily accept the terms set forth herein.  Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

10.     Attorney Fees.  Each Party shall bear its own attorneys' fees and costs relating to the Transfers, settlement negotiations, and the negotiation and execution of this Settlement Agreement.

11.     No Assignment.  Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause of action, right of action, or any other right released pursuant to this Settlement Agreement.

12. <u>Execution in Counterparts.</u>  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of _11/3/2020_____, 2020.

| For Debtors: | For Creditor: |
|---|---|
| **SEARS HOLDINGS CORPORATION** | |
| By: *[signature]* | By:_____ |
| Name:  Mohsin Y. Meghji | Name: |
| Title:  Chief Restructuring Officer | Title: |
| *Sears Holdings Corporation, et al., Debtors and Debtors in Possession* | *Winners Industry Company Limited* |

12. <u>Execution in Counterparts.</u> It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of _____, 2020.

For Debtors:

**SEARS HOLDINGS CORPORATION**

By:_____
Name:
Title:

*Sears Holdings Corporation, et al.,*
*Debtors and Debtors in Possession*

For Creditor:

By: *Qiu Hua Zhay*
Name:
Title: 2020. Oct. 28th.

*Winners Industry Company Limited*

WEIL:\97670308\1\73217.0004

5