**Hearing Date and Time: November 18, 2020 at 10:00 a.m. (Eastern Time)**
**Objections Deadline: November 12, 2020 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :      Case No. 18-23538 (RDD)
                                          :
          Debtors.¹                       :      (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

### NOTICE OF HEARING ON
### MOTION OF DEBTORS REQUESTING AUTHORIZATION
### TO RELEASE CONSIGNMENT RESERVE DEPOSIT AMOUNTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Rules**"), for entry of an order authorizing the Debtors to release certain funds held in the Consignment Reserve Account on account of the postpetition sale of Consignment Merchandise, all as more fully set forth in the Motion, will be held telephonically before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **November 18, 2020 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, entered on October 17, 2018 (ECF No. 139), so as to be filed and received no later than **November 12, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 4, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　/s/ Jacqueline Marcus
　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　New York, New York  10153
　　　　　　　　　　　　　　　Telephone:  (212) 310-8000
　　　　　　　　　　　　　　　Facsimile:  (212) 310-8007
　　　　　　　　　　　　　　　Jacqueline Marcus
　　　　　　　　　　　　　　　Garrett A. Fail
　　　　　　　　　　　　　　　Sunny Singh

　　　　　　　　　　　　　　　*Attorneys for Debtors*
　　　　　　　　　　　　　　　*and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                              :
In re                                         :      Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, et al.,           :      Case No. 18-23538 (RDD)
                                              :
            Debtors.¹                         :      (Jointly Administered)
                                              :
---------------------------------------------------------------x
```

### MOTION OF DEBTORS REQUESTING AUTHORIZATION TO
### RELEASE CONSIGNMENT RESERVE DEPOSIT AMOUNTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (2239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.     Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.     On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"), pursuant to which the Debtors sold substantially all their assets (the "**Sale Transaction**") to Transform Holdco LLC ("**Transform**"). The Sale Transaction closed on February 11, 2019

2

(the "**Closing Date**").  Since the Closing Date, Transform has owned and operated the Debtors' stores.

5.  On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"), which confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as amended, supplemented, or modified in accordance with its terms, the "**Plan**").  As of the date of filing this Motion, the Effective Date (as defined in the Plan) has not yet occurred.

6.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.  By this Motion, the Debtors request, pursuant to section 105(a) of the Bankruptcy Code, entry of an order (i) authorizing the Debtors to release certain funds held in the Consignment Reserve Account (as defined below) on account of the postpetition sale of

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

Consignment Merchandise and (ii) approving the Consignment Reserve Account Procedures (as defined below).

9.      A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

A.      **The GOB Order**

10.     On the Commencement Date, the Debtors filed the *Motion of Debtors for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of The Liquidation Consulting Agreement* (ECF No. 23) (the "**GOB Motion**"), seeking, among other things, authority to (i) implement the Store Closing Procedures (as defined therein), to sell inventory, furniture, fixtures, and equipment, and other assets in the stores designated by the Debtors to be closed, free and clear of liens, claims, or encumbrances.  On November 26, 2018, the Bankruptcy Court entered the *Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* (ECF No. 876) (the "**GOB Order**"), approving the GOB Motion on a final basis.

11.     At the Commencement Date, the Debtors were authorized to sell goods and merchandise shipped to the Debtors pursuant to consignment agreements with consignment vendors, whether delivered to the Debtors prepetition or postpetition (the "**Consignment Merchandise**" and such vendors, the "**Consignment Vendors**").  To address the concerns expressed by certain Consignment Vendors, the Debtors included in the GOB Order a protocol for the handling of the proceeds of postpetition sales of Consignment Merchandise, and for Consignment Vendors' reclamation of Consignment Merchandise from the stores being closed pursuant to the GOB Order.  Specifically, the GOB Order directed the Debtors to fund an account (the "**Consignment Reserve Account**") with the reported amount of allocable proceeds generated

solely from the postpetition sale of Consignment Merchandise (the "**Vendor Proceeds**") and provided that the Vendor Proceeds therein be held in trust for the benefit of the Consignment Vendors. *See* GOB Order ¶ 36.

**B.     The Vendor Proceeds**

        12.     Following the Closing Date, the Debtors did not sell any Consignment Merchandise. As of the Closing Date, the Consignment Reserve Account held approximately $714,863 on behalf of twenty-one (21) Consignment Vendors. Nevertheless, Consignment Vendors have asserted claims totaling approximately $96.1 million, approximately $37 million of which have been asserted as secured claims. Through the claims reconciliation process and the settlement of claims pursuant to the Administrative Expense Claims Consent Program (as defined in the Confirmation Order), the Debtors have worked with the Consignment Vendors to reduce and reclassify these asserted secured claims as appropriate. At this time, the Debtors have agreed to settlements with four (4) Consignment Vendors, pursuant to which such Consignment Vendors would be paid the amounts held on their behalf in the Consignment Reserve Account in full settlement, satisfaction, release, and discharge of their secured claims. Accordingly, the Debtors seek authorization to release $531,180.80 from the Consignment Reserve Account to satisfy such claims. A schedule of the Consignment Vendors and the applicable Vendor Proceeds the Debtors seek to release is attached to the Proposed Order as **Exhibit 1**.

**C.     Procedures for Release of Additional Funds from Consignment Vendor Account**

        13.     The Debtors expect to reach settlements with additional Consignment Vendors in the future. To avoid the legal fees, delay, and burden on the Court related to future requests to release funds from the Consignment Reserve Account, the Debtors propose the following procedures (the "**Consignment Reserve Account Procedures**"):

a.  the Debtors shall, at least seven (7) business days prior to releasing funds from the Consignment Vendor Account, file with the Court and serve a written notice of such release  substantially in the form attached to the Proposed Order as **Exhibit 2** (the "**Consignment Vendor Notice**"), by e-mail, facsimile, or overnight delivery service on  the remaining Consignment Vendors;

b.  the parties receiving a Consignment Vendor Notice shall have seven (7) business days (the "**Notice Period**") after service of the Consignment Vendor Notice to file and serve any objections to a proposed release of funds from the Consignment Vendor Account;

c.  any objections to a proposed release of funds must (A) be in writing, (B) set forth the name of the objecting party, (C) provide the basis for the objection and the specific grounds therefor, (D) be filed electronically with the Court, and (E) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), attorneys for the Debtors, **so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Notice Period;**

d.  if no written objections are timely filed and served during the Notice Period, the Debtors are authorized to release the applicable funds from the Consignment Reserve Account; and

e.  if a written objection is properly filed and served, (A) the objection shall be deemed a request for a hearing on the proposed release of funds, and the objection shall be heard at the next scheduled omnibus hearing in these chapter 11 cases, *provided* that the Debtors reserve the right to adjourn such hearing to a later date in their sole discretion, and (B) the proposed release of funds may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Court specifically approving the proposed release of funds.

### The Relief Requested Should Be Granted

14.  All amounts held in the Consignment Reserve Account are held for the benefit of specified Consignment Vendors and each Consignment Vendor is entitled only to the amounts held in the Consignment Reserve Account up to the amount of postpetition sales of such Consignment Vendor's merchandise. The Debtors and the Consignment Vendors set forth on Exhibit 1 to the Proposed Order have negotiated in good faith regarding the amounts due to such

6

Consignment Vendors.  Given that the Consignment Vendors have waited more than 18 months to resolve their claims, and that they have acknowledged that such amounts represent the full amount of their secured claims, the Court should permit the Debtors to release the amounts from the Consignment Reserve Account as reflected on <u>Exhibit 1</u> to the Proposed Order. Accordingly, the Debtors respectfully request that the Court authorize the Debtors to release the specified amounts in the Consignment Reserve Account.

15.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an operating business' going-concern value,'" on behalf of the debtor's creditors and other parties in interest.  *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).

16.     The relief requested herein is an essential step towards the resolution of the dozens of secured claims asserted by Consignment Vendors in these chapter 11 cases.  This Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C.

7

§ 105(a).  The requested relief neither prejudices the Consignment Vendors nor any other party, as it merely seeks to release funds held in trust for each Consignment Vendor listed in <u>Exhibit 1</u> to the Proposed Order.  Further, the release of the Vendor Proceeds will benefit the estates by making distributions pursuant to agreed-upon settlements totaling approximately $531,180.80, resolving approximately $7.37 million of asserted secured claims.  These settlements were reached as part of global resolutions of both administrative expense claims and secured claims between the Debtors and the Consignment Vendors, furthering the Debtors' continuing efforts to effectuate the Administrative Expense Claims Consent Program, and ultimately emerge from bankruptcy. Further, the Consignment Reserve Account Procedures will streamline the Debtors' efforts to settle and satisfy the claims of Consignment Vendors in the future, while ensuring that Consignment Vendors will receive notice of any such settlements.  Based on the foregoing, the Debtors respectfully submit that the relief requested herein is necessary and appropriate, is in the best interest of the Debtors' estates, and should be granted in all respects.

### <u>Notice</u>

17.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

8

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: November 4, 2020
       New York, New York

/s/ *Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11**
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*,           :          **Case No. 18-23538 (RDD)**
                                                    :
            Debtors.[1]                             :          **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO
### RELEASE CONSIGNMENT RESERVE DEPOSIT AMOUNTS

Upon the motion, dated _____, 2020 (the "**Motion**")[2] of Sears Holdings

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United

States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to release certain

funds held in the Consignment Reserve Account on account of the postpetition sale of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations
LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC
Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E
Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions,
Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development
Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742);
Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement
Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears
Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.)
(3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida
Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133);
KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898);
Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands
Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company,
LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.
(9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None);
BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC
(9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the
Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Motion.

Consignment Merchandise, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§

157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the requested relief therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having

been provided in accordance with the Amended Case Management Order; and such notice having

been adequate and appropriate under the circumstances, and it appearing that no other or further

notice need be provided; and the Court having held a hearing to consider the relief requested in

the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings

had before the Court; and the Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and that the relief sought in the Motion

is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

2.      The Motion is granted.

3.      The Debtors are authorized to release from the Consignment Reserve

Account the amounts listed in the "Allowed Secured Claim Amount" column in **Exhibit 1** attached

hereto.

4.      The Debtors are authorized, but not directed, to release funds from the

Consignment Reserve Account without further order of the Court, subject to the procedures set

forth herein:

> a.   the Debtors shall, at least seven (7) business days prior to releasing
> funds from the Consignment Vendor Account, file with the Court

2

and serve a written notice of such release substantially in the form attached hereto as **Exhibit 2** (the "**Consignment Vendor Notice**"), by e-mail, facsimile, or overnight delivery service on the remaining Consignment Vendors;

b.  the parties receiving a Consignment Vendor Notice shall have seven (7) business days (the "**Notice Period**") after service of the Consignment Vendor Notice to file and serve any objections to a proposed release of funds from the Consignment Vendor Account;

c.  any objections to a proposed release of funds must (A) be in writing, (B) set forth the name of the objecting party, (C) provide the basis for the objection and the specific grounds therefor, (D) be filed electronically with the Court, and (E) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), attorneys for the Debtors, **so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Notice Period;**

d.  if no written objections are timely filed and served during the Notice Period, the Debtors are authorized to release the applicable funds from the Consignment Reserve Account; and

e.  if a written objection is properly filed and served, (A) the objection shall be deemed a request for a hearing on the proposed release of funds, and the objection shall be heard at the next scheduled omnibus hearing in these chapter 11 cases, *provided* that the Debtors reserve the right to adjourn such hearing to a later date in their sole discretion, and (B) the proposed release of funds may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Court specifically approving the proposed release of funds.

5.      The Consignment Vendor Notice substantially in the form annexed hereto as **Exhibit 2** is hereby authorized and approved.

6.      The Debtors are authorized to take all action reasonably necessary to effectuate the relief granted in this Order.

7.        The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
           White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Schedule of Funds to Be Released**

| Exhibit 1 | | | |
|---|---|---|---|
| Claimant | Proof of Claim Number | Initial Asserted Secured Claim Amount | Allowed Secured Claim Amount |
| Envisions LLC | 15166 | $26,671.29 | $5,667.38 |
| Combine International | 14250, 14307 | 5,953,413.97 | 259,969.77 |
| Richline Group Inc | 7408, 7503 | 864,831.29 | 203,796.47 |
| Clover Imaging Group, LLC | 12210 | 523,744.80 | 61,747.18 |
| **Total** | | **$7,368,661.35** | **$531,180.80** |

**<u>Exhibit 2</u>**

**Consignment Vendor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :
                                                         :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                 :
                                                         :          **Case No. 18-23538 (RDD)**
                                                         :
            Debtors.[1]                                  :          **(Jointly Administered)**
                                                         :
-------------------------------------------------------------x

## NOTICE OF RELEASE OF FUNDS FROM CONSIGNMENT VENDOR ACCOUNT

     **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to that certain *Order Authorizing Debtors to Release Consignment Reserve Deposit Amounts* entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2020 (ECF No. [●]) (the "**Consignment Reserve Account Order**"), propose to release funds from that certain account (the "**Consignment Reserve Account**") established pursuant to the *Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* (ECF No. 876) (the "**GOB Order**") to the consignment vendors as indicated in the schedule attached hereto as <u>**Exhibit 1**</u>.  This Notice is being provided in accordance with and sets forth the information required under the Consignment Reserve Account Order.

     <u>Procedures to Object to the Proposed Release of Funds</u>.  Any objection to the proposed release of funds (an "**Objection**") must:  (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; (iv) be filed electronically with the Bankruptcy Court; and (v) be served on Weil, Gotshal & Manges LLP,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as attorneys for the Debtors **on or before** _____, **at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

If no Objections are filed with the Bankruptcy Court and served by the Objection Deadline in accordance with the terms of the Consignment Vendor Account Order, then the Debtors may proceed to release the funds indicated in <u>Exhibit 1</u> in accordance with the terms of the Consignment Vendor Account Order.

**If an Objection is timely received and cannot be resolved consensually, then the release of funds will not be made absent further order of the Court or written withdrawal of such Objection.**

Dated: _____
      New York, New York

/s/_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

## **Exhibit 1**

**Schedule of Funds to Be Released**