**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED OR REDUCED CLAIMS)

Upon the *Debtors' Twenty-First Omnibus Objection to Proofs of Claim (Reclassified/Disallowed Claims)*, filed September 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502, 503(b) and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), seeking an order (i) reclassifying and/or disallowing and expunging the Disputed Claims, as the case may be, and (ii) granting related relief, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

[2]  Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334

and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and

consideration of the Objection and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the relief requested in the Objection and the opportunity for a

hearing thereon having been provided in accordance with the Amended Case Management Order,

and such notice having been adequate and sufficient under the circumstances; and there being no

objections to the relief granted herein; and it appearing that no other or further notice or a  hearing

is required with respect to the Objection's request for such relief; and, after due deliberation, the

Court having determined that the legal and factual bases set forth in the Objection establish good

and sufficient cause for the relief granted herein, in that the Objection overcame any presumption

of the validity of the Disputed Claims at issue to the extent set forth in the Objection and the

respective claimants have not carried their burden of proof; and such relief being in the best

interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to sections 502, 503(b) and 507(a) of the Bankruptcy Code and

Bankruptcy Rule 3007, each proof of claim or ballot listed on **<u>Exhibit 1</u>** and **<u>Exhibit 2</u>** hereto is

reclassified and/or disallowed and expunged as set forth in the rows labeled "Surviving," leaving

the remaining amount and priority of the Claim as listed in the "Total Claim" column; *provided*

that each Claim that is listed as $0.00 as the "Surviving" claim under the column "Total Claim" in

**<u>Exhibit 1</u>** and **<u>Exhibit 2</u>** shall be disallowed and expunged in its entirety.

3.      Nothing in this Order or in the Objection (i) constitutes any finding or

determination concerning the identification of the agreements that were assumed and assigned to

Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any,

associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed

Claims listed on **Exhibit 1** and **Exhibit 2** annexed hereto, as to which all of Transform's rights

and defenses are expressly reserved.

4.      This Order shall not be deemed to waive, impair, release, or effect on any

claims, causes of action or defenses that the Debtors may hold against the Claimants, including

but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of

action and remaining defenses against such Claimants shall be expressly preserved.

5.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the

Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give

effect to this Order.

6.      This Order is deemed to be a separate order with respect to each Disputed

Claim addressed hereby.

7.      The terms and conditions of this Order are effective immediately upon

entry.

Dated:   November 5, 2020
         White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE