HORWITZ & ZIM LAW GROUP, P.C.
Eric M. Zim, Esq.
260 Madison Avenue
New York, NY 10016
Telephone: (212)-644-1857
*Counsel for Defendant Eagle Home Products Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Sears Holdings Corporation, et al.,[1] | : | Case No. 18-23538-RDD |
| Debtors. | : | [Jointly Administered] |
| Kmart Holding Corporation, | : | |
| Plaintiffs, | : | |
| v. | : | |
| Eagle Home Products Inc., | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

---

[1] The Debtors in those chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); Service Live Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of Debtor's corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Eagle Home Products Inc. (the "Defendant"), a defendant in this adversary proceeding, by and through its undersigned counsel, and for its answer and affirmative defenses (the "Answer") to the complaint ("Complaint") filed by Kmart Holding Corporation, the debtors and debtors-in-possession in the above-captioned chapter 11 cases ("Plaintiff") respectfully states as follows:

## NATURE OF THE CASE

1. The allegations contained in Paragraph 1 of the Complaint state conclusions concerning the nature of the case, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint state conclusions concerning the nature of the case, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint are jurisdictional allegations and legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 of the Complaint are jurisdictional allegations and legal conclusions to which no response is required.

5. The allegations contained in Paragraph 5 of the Complaint are jurisdictional allegations and legal conclusions to which no response is required.

6. The allegations contained in Paragraph 6 of the Complaint are jurisdictional allegations and legal conclusions to which no response is required.

## PROCEDURAL BACKGROUND

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

## THE PARTIES

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint contain Plaintiff's characterization of the Bankruptcy Code, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

23. With respect to Paragraph 23 of the Complaint, Defendant repeats and realleges all preceding Paragraphs as if fully set forth herein.

24. The allegations contained in Paragraph 24 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. The allegations contained in Paragraph 28 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 29 of the Complaint. The remainder of the allegations contained in Paragraph 29 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

**Second Claim for Relief**

**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

33. With respect to Paragraph 33 of the Complaint, Defendant repeats and realleges all preceding Paragraphs as if fully set forth herein.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

### Third Claim for Relief

**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

36. With respect to Paragraph 36 of the Complaint, Defendant repeats and realleges all preceding Paragraphs as if fully set forth herein.

37. The allegations contained in Paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

### Fourth Claim for Relief

**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

40. With respect to Paragraph 40 of the Complaint, Defendant repeats and realleges all preceding Paragraphs as if fully set forth herein.

41. The allegations contained in Paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

1. Defendant does not admit the authenticity or validity of any Exhibit attached to the Complaint and reserves all rights to challenge any Exhibit attached to the Complaint on any ground.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The claims set forth in the Complaint are barred by 11 U.S.C. § 547(c)(1).

3. The transfer(s) were intended to be a contemporaneous exchange for new value, and it was in fact a substantially contemporaneous exchange under 11 U.S.C. § 547(c)(1).

### THIRD AFFIRMATIVE DEFENSE

4. The claims set forth in the Complaint are barred by 11 U.S.C. § 547(c)(2).

5. The transfer(s) was intended as payment of a debt incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and Defendant and such transfer(s) was in fact made in the ordinary course of business or financial affairs of the Plaintiff and Defendant under 11 U.S.C. § 547(c)(2).

6. Defendant reserves all rights to assert any and all additional affirmative defenses that may become known through discovery.

Dated: November 5, 2020
      New York, New York

                             Respectfully submitted,

                             HORWITZ & ZIM LAW GROUP, P.C.

                             _/*Eric M. Zim*
                             Eric M. Zim, Esq.
                             260 Madison Avenue, 16th Floor
                             New York, NY 10016
                             (212) 644-1857

To:    Katten Muchin Rosenman LLP
        Steven J. Reisman, Esq.
        575 Madison Avenue
        New York, NY 10022-2585
        (212) 940-8772

        Terence G. Banich, Esq.
        525 West Monroe Street
        Chicago, IL 60661-3693
        (312) 902-5200