Allen G. Kadish
ARCHER & GREINER, P.C.
1211 Avenue of the Americas, Suite 2750
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com

          and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
       nsmith@robbins-schwartz.com

          and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

**Hearing Date and Time: November 18, 2020 at 10:00 A.M.**
**Response Deadline: November 11, 2020 at 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.,* ) | Case No. 18-23538 (RDD) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

---

## SUPPLEMENT TO
## MOTION OF COMMUNITY UNIT SCHOOL DISTRICT 300
## TO DEEM ECONOMIC DEVELOPMENT AGREEMENT REJECTED
## PURSUANT TO THE DEBTORS' CONFIRMED CHAPTER 11 PLAN, OR, IN THE
## <u>ALTERNATIVE, TO COMPEL THE DEBTORS TO REJECT THE AGREEMENT</u>

TO THE HON. ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

COMMUNITY UNIT SCHOOL DISTRICT 300 (the "School District"), an Illinois school district existing and operating pursuant to the Illinois School Code, 105 Illinois Compiled Statutes 5/1-1, *et seq.*, by and through its attorneys, files this supplement to its *Motion of Community Unit School District 300 to Deem Economic Development Agreement Rejected Pursuant to the Debtors' Confirmed Chapter 11 Plan, or, in the Alternative, to Compel the Debtors to Reject the Agreement* [Docket No. 9061] (the "Motion") for the purpose of attaching, in further support of the Motion:

(i)     *Plaintiffs' Response to Defendant Sears Holdings Corporation's Motion to Dismiss Fourth Amended Complaint*, dated October 19, 2020, as **Exhibit B**,

(ii)    *Defendant Sears Holdings Corporation's Reply in Further Support of Its Motion to Dismiss Fourth Amended Complaint* (the "Debtors' Reply"), dated November 2, 2020, as **Exhibit C**, and

(iii)   The settlement agreement between the School District and Transform Holdco LLC ("Transform"), originally referenced in the Motion, by which Transform has agreed to withdraw its designation of the EDA Agreement for assumption and assignment, as **Exhibit D**.

The School District respectfully submits that Debtors' Reply, filed by Sears in support of its motion to dismiss the Illinois Action and received by the School District on the date it filed the Motion, expands on Sears's admissions in its motion to dismiss (attached to the Motion as **Exhibit A**) that it has no further economic interests in the EDA Agreement.  Therefore, upon Transform's withdrawal of its designation of the EDA Agreement for assumption and assignment, as Transform has now agreed to do, the Debtors should be deemed to have rejected the EDA Agreement as of the Confirmation Date, or should otherwise be so compelled to reject the EDA Agreement.

Dated: New York, New York
      November 6, 2020

ARCHER & GREINER, P.C.

By: ___s/ Allen G. Kadish_____
    Allen G. Kadish
1211 Avenue of the Americas, Suite 2750
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com

and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
       nsmith@robbins-schwartz.com

and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

219692825v2

**EXHIBIT B**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

FILED
10/19/2020 5:36 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12683

10830066

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

COMMUNITY UNIT SCHOOL DISTRICT 300, )
an Illinois school district, BARRINGTON )
LIBRARY DISTRICT, an Illinois public library, )
ELGIN COMMUNITY COLLEGE, an Illinois )
community college district, BARRINGTON )
TOWNSHIP, an Illinois township, )
METROPOLITAN WATER RECLAMATION )
DISTRICT OF GREATER CHICAGO, an Illinois )
special purpose district, and SCHOOL )
DISTRICT U-46, an Illinois public school district, )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )          2018 CH 12683
                                          )
VILLAGE OF HOFFMAN ESTATES,               )
an Illinois municipal corporation; and SEARS )
HOLDINGS CORPORATION,                     )
a Delaware corporation, SEARS, ROEBUCK    )
& CO., a New York Corporation. KMART      )
HOLDING CORPORATION, a Delaware           )
corporation, SEARS HOLDINGS              )
MANAGEMENT CORPORATION, a Delaware        )
corporation, TRANSFORM HOLDCO LLC,        )
a Delaware Limited Liability company,     )
TRANSFORM SR HOLDING                      )
MANAGEMENT, LLC, a Delaware Limited       )
liability Company, and TF HOFFMAN ESTATES )
IL, LLC, a Delaware limited liability company, )
HOFFMAN ESTATES PARK DISTRICT, an         )
Illinois park district, NORTHWEST MOSQUITO )
ABATEMENT DISTRICT, an Illinois mosquito  )
abatement district, COOK COUNTY FOREST    )
PRESERVE, an Illinois forest preserve, COOK )
COUNTY, an Illinois county, and POPLAR    )
CREEK LIBRARY DISTRICT, an Illinois public )
library district.                         )
                                          )
                    Defendants.           )


## PLAINTIFFS' RESPONSE TO DEFENDANT SEARS HOLDINGS CORPORATION'S
## MOTION TO DISMISS FOURTH AMENDED COMPLAINT

1

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

Plaintiffs, Community Unit School District 300 (the "**District**"), Barrington Library District, Elgin Community College District 509, Barrington Township, School District U-46, and Metropolitan Water Reclamation District of Greater Chicago (collectively, the "**Plaintiffs**") by and through their attorneys the Law Office of Kory Atkinson and Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., hereby submits its Response to Defendant Sears Holdings' Corporation's Motion to Dismiss Fourth Amended Complaint. In support thereof, the District states as follows:

## INTRODUCTION

1.      Defendant Sears Holdings Corporation maintains a material, critically significant legal interest in this case and cannot be dismissed. Throughout this case, the parties and this Court have strictly required inclusion of all parties maintaining a legal interest in the action. Here, Sears continues to maintain a legal interest in the EDA Agreement until it rejects the EDA Agreement and therefore remains a necessary party to this litigation.

## STATEMENT OF RELEVANT FACTS

2.      On October 10, 2018, the District filed this action against the Village of Hoffman Estates, Illinois, an Illinois municipal corporation (the "**Village**") and Sears  Holdings Corporation, a Delaware corporation, Sears, Roebuck and Co., a New York corporation; Kmart Holding Corporation, a Delaware corporation; and Sears Holdings Management Corporation, a Delaware corporation, (collectively, "**Sears**") seeking declaratory, injunctive and other relief arising from Sears' alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an Economic Development Agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer pursuant to the EDA Act (the "**EDA Agreement**"), pursuant to which Sears receives

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

3.       On October 15, 2018, Sears and certain other related entities (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); staying the Illinois Action pursuant to Section 362 of the Bankruptcy Code.

4.       Transform Holdco LLC, a Delaware limited liability company; Transform SR Holding Management, LLC, a Delaware limited liability company; TF Hoffman Estates IL, LLC, a Delaware limited liability company; Transform SR LLC, a Delaware limited liability company, and all subsidiaries, successors, and assigns (collectively, "**Transform**") has asserted an interest in the EDA Agreement and the funds associated with the EDA Act due to its affiliate relationship with Transform SR LLC, to whom certain assets of Sears, Roebuck and Co. were transferred by order of the Bankruptcy Court through the Asset Purchase Agreement ("**APA**"), pursuant to which the APA, among other matters, granted Transform the authority to designate for assignment and assumption, subject to further order of the Bankruptcy Court, the Debtors' interests in its executory contracts and unexpired leases.

5.       Pursuant to the APA and Section 365 of the Bankruptcy Code, Transform designated the EDA Agreement for assumption and assignment and Transform acquired its interest in the former Sears Headquarters Complex located within the EDA District. Pursuant to the terms of the APA, however, Transform was also granted the right withdraw its designation to assume the EDA Agreement, and the time in which it may withdraw its designation of such interests has not expired.

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

6.      On August 16, 2019, the District filed its First Amended Complaint in this action, adding the Transform entities as party defendants.

7.      On October 23, 2019, the Bankruptcy Court entered an amended stipulation and order in which Sears and the District reached an agreement, related to the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order (the "Stipulation" attached hereto as **Exhibit A**).  Pursuant to the Stipulation, Sears also agreed to relinquish any rights it might have to the 2018 EDA Funds and rights, claims or interest to any subsequent years' EDA Funds.

8.      On October 31, 2019, this Court entered an order (the "Order," attached hereto as **Exhibit B**) dismissing with prejudice Sears from some but not all counts in accordance with the Stipulation. Pursuant to the Stipulation and Order, Sears relinquished certain rights it may have to EDA Funds in tax years after 2017 ("post-2017 EDA Funds"). The District released certain claims against Sears with respect to the 2017 EDA Funds and years prior ("pre-2017 EDA Funds").

9.      On November 12, 2019, the District filed its Second Amended Complaint in this action which, among other things, named the remaining taxing districts projected to receive distributions of the 45% Portion of the EDA Funds, including Barrington Public Library, Hoffman Estates Park District, Elgin Community College District 509, Northwest Mosquito Abatement District, Metropolitan Water Reclamation District of Chicago, Barrington Township, Cook County Forest Preserve, County of Cook, School District U-46 and Poplar Creek Library District (collectively, the "**Remaining Taxing Districts**") and included Sears as a necessary party defendant.

10.      On January 24, 2020, the District moved for leave to file a Third Amended Complaint and on February 2, 2020, the Circuit Court entered an order re-aligning some but not all of the Remaining Taxing Districts from defendants to plaintiffs in this action.

11.      On March 12, 2020, in lieu of filing a Third Amended Complaint, the District and the re-aligned plaintiffs moved for leave to file a Fourth Amended Complaint and on July 8, 2020, with leave of court, the District and the re-aligned plaintiffs filed their Fourth Amended Complaint against Sears, the Village of Hoffman Estates, Transform, and other taxing districts and included Sears as a necessary party defendant.

12.      EDA Funds presently held in the Special Tax Allocation Fund, subject to this action, consist of:

      a.   a remaining portion of property taxes levied for the tax year 2018, collected in 2019 and scheduled to be paid in calendar year 2020, and

      b.   property taxes levied for the tax year 2019, collected in 2020 and scheduled to be paid in calendar year 2021.

13.      On September 8, 2020, Sears filed its Motion to Dismiss Fourth Amended Complaint in this action.

**ARGUMENT**

14.      A Motion to Dismiss filed under Section 2-619 admits the legal sufficiency of the complaint but alleges that an affirmative matter or defect bars the plaintiff's claim. *Lake Point Tower Condominium Association v. Waller,* 2017 IL App (1st) 162072, 82 N.E.3d 719, 415 Ill.Dec. 515 citing *Lavite v. Dunstan*, 2016 IL App (5th) 150401, ¶ 34, 405 Ill.Dec. 686, 58 N.E.3d 1270. A Motion for involuntary dismissal is appropriate to defeat a claim when the alleged affirmative matter completely negates a cause of action or refutes crucial conclusions of law or

FILED DATE: 10/19/2020 5:36 PM   2018CH12683

5

material, but unsupported, fact. *Moran v. Gust K. Newberg/Dugan & Meyers*, 268 Ill.App.3d 999, 645 N.E.2d 489, 206 Ill.Dec. 484 (1994). When ruling on a Section 2-619 motion to dismiss, the court must construe all pleadings and supporting documents in the light most favorable to the nonmoving party. *Dawson v. City of Geneseo*, 2018 IL App (3d) 170625, 127 N.E.3d 655, 431 Ill.Dec. 122.

15.     The fact that Sears agreed to relinquish rights to the EDA Funds as a result of the Stipulation in the Bankruptcy Court is insufficient cause for dismissal, most significantly due the fact that Sears still holds an interest in the EDA Agreement as a party to the executory contract which, as of this date, Sears has neither assumed or assigned, nor rejected.

**A.  Sears has not rejected its executory interest in the EDA Agreement**

16.     Although Transform has designated the EDA Agreement for assumption and assignment under the terms of the APA and Section 365 of the Bankruptcy Code, this act of assumption and assignment has not become effective for several reasons including the District's objection to such an act in the Bankruptcy Court proceedings. Pursuant to the APA and the Bankruptcy Code, Transform may still withdraw its designation, and the time which it may withdraw this designation has not yet expired. In the event Transform withdraws its designation of the EDA Agreement for assumption and assignment, Transform will no longer have an interest in the agreement, and instead, Sears will retain the authority to assume and assign or reject the EDA Agreement. Whether or not Sears has contracted away certain rights to funds under the EDA Agreement is irrelevant; Sears still maintains a controlling  executory interest in the EDA Agreement.

17.     Until Sears either assumes and assigns the EDA Agreement to Transform, or alternatively rejects the EDA Agreement, it retains an interest in the EDA Agreement. Transform's

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

right to withdraw its designation of the EDA Agreement for assumption and assignment is contemplated by the APA. By extension, Sears' ability to assume and assign the EDA Agreement in the event of such a withdrawal is also contemplated by the APA.  Paragraph 9.1 of Sears' Plan states, in relevant part:

> <u>On the Effective Date</u>, except as otherwise provided in the Plan or Plan Supplement, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract. (emphasis added)

The "Effective Date" has not yet occurred and the "motion to assume" is still pending. As a result, should Transform withdraw its designation of the EDA Agreement for assumption and assignment, or should that designation be denied by the Bankruptcy Court, until the passage of the Plan Effective Date, Sears in theory could have the opportunity to assume and re-assign the EDA Agreement to another party.

**B. <u>Sears is a necessary party to this action.</u>**

18.    In its Motion to Dismiss, Sears alleges that it "has no legal interest in this case [because] [a]ll monetary claims asserted against or by Sears for EDA Funds for any year have been released, dismissed with prejudice, or forever relinquished." This is simply untrue. Sears has conflated their relinquishment of claims to certain EDA funds with a lack of legal interest in the EDA Agreement.

19.    Under 735 ILCS 5/2-406(a), "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in," and "[i]f a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct such person to be made a party." Defendants have previously relied upon

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

this rule to require strict compliance and inclusion of every party with an interest in this case. Now, Sears relies upon *Village of Schaumburg v. Metropolitan Sanitary District of Greater Chicago* to allege that it does not meet the definition of a necessary party, but this application of the facts in *Village of Schaumburg* is inapposite here. In *Village of Schaumburg*, the sellers of a property to the Metropolitan Sanitary District were found to be unnecessary parties because the Village only speculated that if the Metropolitan Sanitary District lacked corporate authority to purchase the property, said property might be reconveyed to the sellers. 186 Ill.App.3d 69, 542 N.E.2d 119, 134 Ill.Dec. 119 (1989). In this case, there is not a mere "speculation" that Sears has an interest in the contract at issue; instead under the applicable Bankruptcy Code provisions, the APA and Sears' Plan, Sears maintains an interest in the EDA Agreement until that agreement is assumed and assigned to another eligible entity, or rejected.

20.     The Fourth Amended Complaint requests declaratory relief regarding Sears' failure to maintain the number of jobs required under the EDA Act, declaring that Sears is the only eligible Developer under the EDA Agreement, EDA Amendment, and EDA Act, declaring the specific amounts forfeited by Sears and specific amounts payable, and declaring that the Sears EDA District should be dissolved, among other relief. Sears is necessarily involved in each of these issues until it rejects the EDA Agreement, and declares its intent to and seeks the termination of the EDA Agreement by this Court.

21.     According to the Stipulation, the District is still entitled to seek certain recovery against any entity that accepts assignment of the EDA Agreement. Under the Stipulation, the District agreed to waive claims seeking monetary recovery asserted against Sears in the Illinois action, provided, however, that:

> notwithstanding anything to the contrary in this paragraph 1.iii., the
> School District shall be entitled to: . . . recover cure claims with

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

> respect to property taxes levied prior to 2017, and EDA Funds
> previously rebated to the Debtors, other than the 2017 EDA Funds,
> or to the extent necessary to object to any effort to assume, or
> assume and assign the EDA Agreement, pursuant to section 365 of
> the Bankruptcy Code.

Stipulation at Section 1.iii. Additionally, pursuant to the Stipulation, the District still is entitled to

certain declaratory relief against Sears:

> [N]otwithstanding anything to the contrary in this paragraph 1.iii.,
> the School District shall be entitled to: . . . (b) seek declaratory relief
> against the Debtors with respect to their past compliance with the
> terms and conditions of the EDA Act and the EDA Agreement to
> the extent necessary in connection with pursuing claims against
> parties other than the Debtors, their bankruptcy estates, and any
> Liquidating Trust and Liquidating Trustee so long as any such action
> is not inconsistent with this Stipulation and Order and does not seek
> monetary relief including costs against the Debtors.

Stipulation at Section 1.iii.

22.    There is no question that, although Sears itself has given up its own right to EDA

Funds, Sears still maintains control over the EDA Agreement through its right to assume and

assign, or otherwise reject it pursuant to the terms of the APA and the Bankruptcy Code, as

discussed above. That inherent interest in the EDA Agreement remains dependent on the outcome

of this litigation. Certainly, the fact that Sears has authority to assume and assign, or reject the

EDA Agreement is clearly enough to establish Sears as a necessary party to this litigation. Under

Section 2-406(a) of the Illinois Code of Civil Procedure, Sears "has an interest or title which the

judgment may affect" in this case, and therefore remains a necessary party to this action.

## CONCLUSION

23.    For the foregoing reasons, the District respectfully requests that this Court reject

Sears' Motion to Dismiss Fourth Amended Complaint and for any other relief the Court deems

just and equitable.

9

FILED DATE: 10/19/2020 5:36 PM    2018CH12683

Respectfully submitted,

COMMUNITY UNIT SCHOOL DISTRICT
300, BARRINGTON PUBLIC LIBRARY
DISTRICT, BARRINGTON TOWNSHIP,
METROPOLITAN WATER RECLAMATION
DISTRICT OF GREATER CHICAGO, AND
SCHOOL DISTRICT U-46

By: _____
        One of their Attorneys

Kory Atkinson
**Law Office of Kory Atkinson**
236 West Lake Street, Suite 100
Bloomingdale, IL 60108
630-980-9100 (ph)
kaa@koryatkinson.com
Cook County No. 44788

Kenneth M. Florey
M. Neal Smith
Katie Zumalt-Rogers
**Robbins, Schwartz, Nicholas, Lifton &
Taylor, Ltd.**
55 W. Monroe, Suite 800
Chicago, IL 600603
312-332-7760
kflorey@robbins-schwartz.com
nsmith@robbins-schwartz.com
kzumalt-rogers@robbins-schwartz.com
Cook County No. 91219

ELGIN COMMUNITY COLLEGE

By: _____
        One of Its Attorneys

Respicio F. Vazquez
Legal General Counsel for the College
1700 Spartan Drive
Elgin, IL 60123
rvazquez@elgin.edu

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 10/19/2020 5:40 PM   2018CH12683

FILED
10/19/2020 5:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12683

10830104

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re                                                  :

SEARS HOLDINGS CORPORATION, *et al.*,  :

                                                       :

Debtors. [1]                                           :

------------------------------------------------------------x

**Chapter 11**

**Case No. 18-23538 (RDD)**

**(Jointly Administered)**

**AMENDED STIPULATION AND ORDER**
**BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, THE DEBTORS,**
**AND THE COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING**
**2017 EDA FUNDS HELD IN THE SPECIAL TAX ALLOCATION FUND**

WHEREAS, on October 10, 2018, Community Unit School District 300 (the "**School**

**District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears

Holdings Corporation ("**SHC**," and together with certain of its affiliates, as debtors and debtors

in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**") (each a

"**Party**" and collectively, the "**Parties**") in the Circuit Court of Cook County, State of Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**EXHIBIT A**

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

(the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from SHC's alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an economic development agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer ("**Sears**") (the "**EDA Agreement**") under to the EDA Act, pursuant to which the developer (as set forth in the EDA Act) receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**").

WHEREAS, at the time the School District filed the Illinois Action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds — if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement — were projected to be distributed fifty-five percent (55%) to Sears (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to section 362 of the Bankruptcy Code.

2

WEIL:\97240374\2\73217.0004

FILED DATE: 10/19/2020 5:40 PM     2018CH12683

WHEREAS, on November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which the School District sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to the Illinois Action.

WHEREAS, on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280).

WHEREAS, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i) distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an agreement among the Parties (ECF No. 1548).

WHEREAS, following the distribution of the 45% Portion in accordance with the Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining 55% Portion, or approximately $9.7 million, which the Village continued to hold in the Special Tax Allocation Fund pursuant to the Stipulated Order.

WHEREAS, the School District objected to the Turnover Motion (ECF No. 2996) and, in the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow those issues to be litigated in the Circuit Court in connection with the Illinois Action.

WHEREAS, following a hearing on the Turnover Motion and the Abstention Motion on April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School*

3

FILED DATE: 10/19/2020 5:40 PM  2018CH12683

*District 300's Motion for Abstention* (ECF No. 3362) (the **"Abstention Order"**) allowing the Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears $2,508,660.33 of the 2017 EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax Allocation Fund the balance of the 2017 EDA Funds in the amount of $7,153,317.

WHEREAS, following entry of the Abstention Order, the Parties filed in the Circuit Court their respective summary judgment cross-motions as to the issues raised in the Turnover Motion.

WHEREAS, the Debtors and the School District have reached an agreement to resolve all of the outstanding litigation concerning the Turnover Motion, the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4476) (as the same may be amended or modified, the **"Plan"**).

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Debtors, the Village (solely in respect of paragraphs 3, 5, 6, and 16 through 24 hereof) and the School District, and upon Bankruptcy Court approval it shall hereby be **ORDERED** that:

1.  Subject to the terms and conditions of this Stipulation and Order, the School District agrees to:

4

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

i.    Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether asserted or not, known or unknown;

ii.   Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds;

iii.  Dismiss with prejudice all claims seeking a monetary recovery asserted against the Debtors in the Illinois Action and waive its right to recover from the Debtors, their bankruptcy estates, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, provided however, that notwithstanding anything to the contrary in this paragraph 1.iii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) seek declaratory relief against the Debtors with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code;

iv.   Withdraw with prejudice the *Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 4713) and *Supplemental Objection of Community Unit School District 300 to Confirmation of the Plan* (ECF No. 5005) (together with ECF No. 4713, the "**School District's Plan Objections**");

v.    Withdraw with prejudice all of its voting ballots submitted as to the Plan, provided that the School District shall be deemed to have opted out of the third party releases set forth in Section 15.9(b) of the Plan;

vi.   Withdraw with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor, except that such withdrawal shall not prejudice or be deemed to constitute a waiver of any claims or rights of the School District to: (a) seek declaratory relief against the Debtors with respect to

5

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

their past compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (b) preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than the 2017 EDA Funds, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code; and

vii.    Release all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust, <u>provided however,</u> that notwithstanding anything to the contrary in this paragraph 1.vii., the School District shall be entitled to: (a) seek recovery from parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against the Debtors; (b) maintain to the extent necessary claims against the Debtors seeking declaratory relief with respect to the Debtors' compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against the Debtors; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to the Debtors, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

2.    In consideration of the mutual covenants and agreements contained herein and subject to the terms and conditions of this Stipulation and Order, Debtors agree to relinquish any right they may have, in whole or in part, whether asserted or not, known or unknown, with respect to EDA Funds consisting of property taxes levied for tax year 2018 that were extended and collected in calendar year 2019 in the Special Tax Allocation Fund (the "**2018 EDA**

6

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

Funds") and otherwise, if applicable, relinquish any rights, claims or interests to any subsequent years' EDA Funds.

3. As a result of this Stipulation and Order, and there being no further claims or objections to the distribution of the balance of the 2017 EDA Funds residing in the Special Tax Allocation Fund, the Village is hereby ordered and directed to take all necessary steps to distribute such remaining 2017 EDA Funds in the manner described below:

  a. The Village is ordered and directed to disburse to Sears, as the developer, 2017 EDA Funds in the amount of $5,153,317.00 currently held in the Special Tax Allocation Fund; and

  b. Simultaneously with the disbursement to Sears, the Village is ordered and directed to disburse to the School District 2017 EDA Funds in the amount of $2,000,000.00 currently held in the Special Tax Allocation Fund that were otherwise to be disbursed to Sears as the developer pursuant to the EDA Act.

4. The School District is hereby deemed to have withdrawn with prejudice its objection to the Turnover Motion (ECF No. 2996).

5. The Parties hereby acknowledge that this Stipulation and Order fully settles those issues involving the disbursement and the recipients of the 2017 EDA Funds raised in the Turnover Motion (but not any EDA Funds related to other years), and that the payments to Sears and the School District referenced in paragraph 2 above shall fully and completely satisfy the Village's obligations to disburse the 2017 EDA Funds.

6. Sears, the Village, and the School District shall request withdrawal of their respective motions and cross-motions for summary judgment with respect to the 2017 EDA Funds, which motions are currently pending before the Circuit Court in connection with the Illinois Action, as moot.

7

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

7.      In light of (i) the Debtors' and the School District's settlement as to distribution of the 2017 EDA Funds; (ii) the School District's release of all monetary claims asserted against the Debtors in the Illinois Action and waiver of its right to recover from the Debtors, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee claims with respect to EDA Funds consisting of property taxes levied prior to 2017; and (iii) the Debtors' relinquishment of any rights, claims, or interests they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds or any subsequent years' EDA Funds, Debtors stipulate that they have no further interest in the Illinois Action. Accordingly, upon entry of this Stipulation and Order, the Illinois Action and any other issues or disputes arising from or related to the Debtors' compliance with the terms and conditions of the EDA Act and/or the EDA Agreement shall no longer be subject to the automatic stay under section 362 of the Bankruptcy Code, and shall not be subject to any discharge injunction imposed by the Bankruptcy Code, or any injunction imposed pursuant to any plan of liquidation or reorganization filed by the Debtors or other parties in interest, solely to permit the School District to take actions so long as they are consistent with this Stipulation and Order; provided that, for the avoidance of doubt, the School District shall not seek or enforce any judgment against the Debtors. Further, because any claims by the School District with respect to EDA Funds consisting of property taxes levied prior to 2017 as well as EDA Funds consisting of property taxes levied in 2018 now will proceed as part of the Illinois Action, in the interest of efficiency, until such claims are adjudicated in the Illinois Action, the Court shall defer ruling on the issue of whether the Debtors, or any Liquidating Trust or Liquidating Trustee may assume, or

8

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

assume or assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, and any disputes involving cure claims associated with the EDA Agreement.

8.    The School District shall dismiss with prejudice all monetary claims to the extent provided in paragraph 1.iii. of this Stipulation and Order.

9.    The School District is hereby deemed to have withdrawn with prejudice the School District's Plan Objections.

10.    The School District is hereby deemed to have (i) withdrawn with prejudice all of its voting ballots submitted as to the Plan; and (ii) opted out of the third party releases set forth in Section 15.9(b) of the Plan.

11.    The School District is hereby deemed to have withdrawn with prejudice all of the School District's Cure Objections, with the exception of its objections to assumption and assignment of the EDA Agreement (asserted in the School District's Cure Objections, as well as in the *Objection and Reservation of Rights of Community Unit School District 300 to Debtors' Notice of Assumption and Assignment of Executory Contracts* (ECF No. 3783)).

12.    The School District is hereby deemed to have withdrawn with prejudice all proofs of claim filed against Sears, SHC, or any other Debtor.

13.    The School District is hereby deemed to have released with prejudice all rights to recovery against Debtors or their bankruptcy estates, including through a constructive trust.

14.    The Debtors are hereby deemed to have relinquished any right, claim or interest they may have, in whole or in part, whether asserted or not, known or unknown, with respect to the 2018 EDA Funds and any subsequent years' EDA Funds.

9

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

15.    The School District and the Debtors, on behalf of themselves and their past, present, and future officers, directors, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other, as well as their past, present, and future companies, subsidiaries, and affiliates, and their respective present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, or hold, or at any time heretofore ever had, owned, or held against any of them from the beginning of the world to the date hereof, which arise out of, relate to, or are based upon Sears' entitlement to receive 2017 EDA Funds either in whole or in part, including any claims arising under section 362 of the Bankruptcy Code.  The language of this paragraph shall apply only as consistent with this Stipulation and Order.

16.    Notwithstanding anything herein to the contrary, the Village, and its officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability to the limited extent of any and all claims (as defined in Section 101(5) of the Bankruptcy Code), causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from,

10

WEIL:\97240374\2\73217.0004

out of or in any way related to the Village's compliance with this Stipulation and Order. Notwithstanding anything herein to the contrary, nothing in this Stipulation and Order is intended to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village or any other party (other than the Debtors) may have related to the distribution and receipt of the EDA Funds and/or the compliance and/or non-compliance with the EDA Act or EDA Agreement in any year other than as expressly provided herein in respect of the 2017 EDA Funds.

17.    For avoidance of doubt, nothing herein, including the distributions of the 2017 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or the School District's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions for summary judgment pending before the Circuit Court in connection with the Illinois Action, or (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement.

18.    Notwithstanding anything to the contrary, nothing in this Stipulation and Order, including, without limitation, the School District's withdrawal with prejudice of any complaint, claim, motion, pleading, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, is intended or shall be construed to (i) waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions that the School District, the Village, Transform Holdco LLC, Transform SR Holding Management, LLC, TF Hoffman Estates IL,

11

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

LLC, or any other third party may have with respect to the Debtors' compliance with the EDA Act and/or EDA Agreement, disbursements of the 2018 EDA Funds or any subsequent years' EDA Funds, as well as any cure claims that might be asserted arising under, or the Debtors' ability to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code, or (ii) constitute any finding or determination as to whether any defaults exist under the EDA Agreement with respect to property taxes levied in tax years prior to 2017. Further, nothing in this Stipulation and Order is intended to or shall be construed to waive or release any claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets, arguments, defenses, facts, objections, counterclaims or other rights and positions of any third-parties, including the Debtors' assignee to the EDA Agreement, as to the impact of the releases negotiated by and among the parties herein. Further, nothing in this Stipulation and Order shall waive, extinguish, or otherwise release the rights, if any, of Debtors' assignee to the EDA Agreement, as applicable, to EDA Funds levied for tax year 2018 or for any subsequent years.

19. In withdrawing with prejudice any complaint, claim, motion, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, in dismissing with prejudice all claims against SHC asserted in the Illinois Action, and in releasing all claims to EDA Funds consisting of property taxes levied prior to 2017 to the extent provided herein, the School District will not be deemed to have admitted that, nor will the Court be deemed to have made a finding with respect to: (i) the issue of whether the Village, SHC, or any other Debtor, to the extent relevant, have complied with the terms and conditions of the EDA Act and/or the EDA Agreement; (ii) the issue of whether the School District or other parties have valid cure claims

12

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

under section 365 of the Bankruptcy Code; or (iii) whether the Debtors are entitled to assume, or assume and assign the EDA Agreement pursuant to section 365 of the Bankruptcy Code.

20.    Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

21.    This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

22.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

23.    To the extent there is any inconsistency with the Plan, this Stipulation and Order shall supersede and govern.

24.    The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.


(Signature page follows)


13

FILED DATE: 10/19/2020 5:40 PM   2018CH12683

**CONSENTED AND AGREED TO:**

VILLAGE OF HOFFMAN ESTATES                    DEBTORS AND DEBTORS IN POSSESSION


By: _/s/ Michael Schein_____                 By: _/s/ Sunny Singh_____
One of its Attorneys                           One of Their Attorneys

Michael Schein                                 Ray C. Schrock, P.C.
Joshua Dunn                                    Jared R. Friedmann
Vedder Price P.C.                              Sunny Singh
1633 Broadway, 31st Floor                      Jessie B. Mishkin
New York, New York  10019                      Weil, Gotshal & Manges LLP
(212) 407-7700 (telephone)                     767 Fifth Avenue
(212) 407-7799 (facsimile)                     New York, New York  10153
                                               (212) 310-8000 (telephone)
                                               (212) 310-8007 (facsimile)



COMMUNITY UNIT SCHOOL DISTRICT 300

By: _/s/ _Kenneth Florey_____
One of its Attorneys

Kenneth Florey
Neal Smith
Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
(630) 929-3639 (telephone)
(630) 783-3231 (facsimile)



**SO ORDERED THIS**
23rd day of October, 2019
White Plains, New York

                               /s/ Robert D. Drain
                               THE HONORABLE ROBERT D. DRAIN
                               UNITED STATES BANKRUPTCY JUDGE


14

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300,<br>an Illinois school district,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF HOFFMAN ESTATES,<br>an Illinois municipal corporation; and SEARS<br>HOLDINGS CORPORATION,<br>a Delaware corporation, TRANSFORM<br>HOLDCO LLC, a Delaware Limited Liability<br>Company, TRANSFORM SR HOLDING<br>MANAGEMENT, LLC, a Delaware Limited<br>Liability Company, and TF HOFFMAN ESTATES<br>IL, LLC, a Delaware limited liability company.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    2018 CH 12683<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AGREED ORDER[1]

This matter, coming to be heard on status, the Court and all parties being fully apprised, IT IS

HEREBY ORDERED:

1. Sears Holdings Corporation is dismissed with prejudice in accordance with the stipulation

   order entered on October 23, 2019 (attached as Exhibit A) in the Southern District of New

   York, Bankruptcy Court, by the Honorable Judge Drain;

2. Plaintiff agrees to:

   a. Release all claims with respect to the 2017 EDA Funds, in whole or in part, whether

      asserted or not, known or unknown;

   b. Withdraw with prejudice any complaint, claim, motion, pleading, or other litigation

      seeking to prevent Sears from receiving the 2017 EDA Funds;

---

[1] Any capitalized terms not herein defied will have the definitions set forth in the Bankruptcy Court Stipulation and
Order attached as Exhibit A.

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

c. Dismiss with prejudice all claims seeking a monetary recovery asserted against Sears Holdings Corporation and waive its right to recover from Sears Holdings Corporation, their bankruptcy estates, or any Liquidating Trust or Liquidating Trustee, monetary claims with respect to EDA Funds consisting of property taxes levied prior to 2017, provided however, that notwithstanding anything to the contrary in this paragraph, the Plaintiff shall be entitled to: (a) seek recovery from parties other than Sears Holding Corporation, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee, for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against Sears Holding Corporation; (b) seek declaratory relief against Sears Holding Corporation with respect to their past compliance with the terms and conditions of the EDA Act and the EDA Agreement to the extent necessary in connection with pursuing claims against parties other than Sears Holding Corporation, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with this Stipulation and Order and does not seek monetary relief including costs against Sears Holding Corporation; and (c) to the extent necessary to preserve and recover cure claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to Sears Holding Corporation, other than the 2017 EDA Funds, or to the extent necessary to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code; and

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

FILED DATE: 10/19/2020 5:40 PM   2018CH12683

d. Release all rights to recovery against Sears Holding Corporation or their bankruptcy estates, including through a constructive trust, provided however, that notwithstanding anything to the contrary in this paragraph, the Plaintiff shall be entitled to: (a) seek recovery from parties other than Sears Holding Corporation, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee for property taxes levied prior to 2017 and EDA Funds other than the 2017 EDA Funds, notwithstanding whether such third parties may have, as a result, contribution or other claims against Sears Holding Corporation; (b) maintain to the extent necessary claims against Sears Holding Corporation seeking declaratory relief with respect to Sears Holding Corporation's compliance with the terms and conditions of the EDA Act and the EDA Agreement in connection with pursuing claims against parties other than Sears Holding Corporation, their bankruptcy estates, and any Liquidating Trust and Liquidating Trustee so long as any such action is not inconsistent with the Stipulation and Order attached as Exhibit A, and does not seek monetary relief including costs against Sears Holding Corporation; and (c) retain claims with respect to property taxes levied prior to 2017, and EDA Funds previously rebated to Sears Holding Corporation, other than those related to 2017 EDA Funds, to the extent necessary to preserve and recover cure claims, or to object to any effort to assume, or assume and assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

3. Plaintiff withdraws its Motion for Summary Judgment which was filed on August 16, 2019;

4. Sears Holding Corporation withdraws its Motion for Summary Judgment which was filed on August 30, 2019.

FILED DATE: 10/19/2020 5:40 PM    2018CH12683

5.  Village of Hoffman Estates withdraws its Motion for Summary Judgment which was filed on August 30, 2019;

6.  Transform Holdco, LLC, Transform SR Holding Management, LLC, and TF Hoffman Estates IL, LLC withdraw their Motion for Summary Judgement which was filed on August 29, 2019;

7.  ~~Defendants have until_____ to file any response to Plaintiff's Motion for Partial Summary Judgment;~~

8.  ~~Plaintiff has until_____ to file its reply in support of its Motion for Partial Summary Judgment;~~

9.  ~~Courtesy copies to be delivered to the Court by_____.~~

10. ~~Hearing on Plaintiff's Motion for Partial Summary Judgment to be held on_____ at _____ in Room 2508.~~

*7. Plaintiff shall have until November 12, 2019 to file its Second Amended Complaint.*

Order prepared by:
Robbins Schwartz Nicholas Lifton & Taylor
Kenneth M. Florey
Margaret L. MacNair
55 W. Monroe, Suite 800
Chicago, Illinois 60603
Cook County Attorney No. 91219

ENTERED:

Judge Celia G. Gamrath

Judge _____

OCT 31 2019

Circuit Court - 2031

Date _____

4816-6290-3723, v. 1

*8. Defendants shall answer or otherwise plead by December 17, 2019.*

*9. Status is set for January 22, 2020 at 10:00 am in Room 2508.*

**EXHIBIT C**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300, an Illinois school district, BARRINGTON LIBRARY DISTRICT, an Illinois public library, ELGIN COMMUNITY COLLEGE, an Illinois community college district, BARRINGTON TOWNSHIP, an Illinois township, METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, an Illinois special purpose district, and SCHOOL DISTRICT U-46, an Illinois public school district, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2018 CH 12683 |
| VILLAGE OF HOFFMAN ESTATES, an Illinois municipal corporation; and SEARS HOLDINGS CORPORATION, a Delaware corporation, SEARS, ROEBUCK & CO., a New York Corporation. KMART HOLDING CORPORATION, a Delaware corporation, SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware corporation, TRANSFORM HOLDCO LLC, a Delaware Limited Liability company, TRANSFORM SR HOLDING MANAGEMENT, LLC, a Delaware Limited liability Company, and TF HOFFMAN ESTATES IL, LLC, a Delaware limited liability company, HOFFMAN ESTATES PARK DISTRICT, an Illinois park district, NORTHWEST MOSQUITO ABATEMENT DISTRICT, an Illinois mosquito abatement district, COOK COUNTY FOREST PRESERVE, an Illinois forest preserve, COOK COUNTY, an Illinois county, and POPLAR CREEK LIBRARY DISTRICT, an Illinois public library district. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

1

## DEFENDANT SEARS HOLDINGS CORPORATION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOURTH AMENDED COMPLAINT

Defendant Sears Holdings Corporation ("**Sears**") hereby submits its reply in further support of its motion to dismiss with prejudice Plaintiffs' Fourth Amended Complaint (the "**FAC**") against Sears. All capitalized terms in this reply shall have the meaning ascribed to such terms in Sears' motion to dismiss and Plaintiffs' response.

Plaintiffs' response incorrectly asserts that Sears' status as a party to the EDA Agreement is dispositive as to whether Sears has a substantial interest in the resolution of this case and that this case cannot be resolved without Sears as a party. Plaintiffs also argue they are entitled to declaratory relief against Sears. But, Sears' mere status as a party to the EDA Agreement does not constitute a substantial interest in this case, and therefore Plaintiffs are not entitled to declaratory relief and this case can be, and should be, resolved without Sears as a party.

Plaintiffs, including Community Unit School District 300 (the "School District"), argue that Sears is a necessary party to this case pursuant to 735 ILCS 5/2-406 because Sears is a party to the EDA Agreement. (Response p. 7.) Plaintiffs do not dispute the legal standard. To be a necessary party, Sears must have a substantial interest that will be affected by the outcome of this case. *Village of Schaumburg v. Metropolitan Sanitary District of Greater Chicago*, 186 Ill. App. 3d 69, 71 (1st Dist. 1989). However, Plaintiffs argue that *Village of Schaumburg*, cited by Sears in support of its motion to dismiss, does not apply to this case. (Response p. 8.) Plaintiffs' interpretation of *Village of Schaumburg* is incorrect.

In *Village of Schaumburg,* the Village sought to enjoin a purchaser from closing on the sale of real property. In doing so, the Village included the seller as a necessary party. The court held that the seller was not a necessary party because, like the School District here, the Village merely

2

speculated, without citation to any law, that the resolution of that case might affect the seller's interests.  Plaintiffs' argument here is similarly devoid of any citation to law or analysis that would demonstrate that resolution of this case would impact a substantial interest of Sears.  Instead, Plaintiffs merely state that because Sears is a party to the EDA Agreement, it must be a necessary party in this case. (*See* Response p. 8.)  But Sears's status as a party to the EDA Agreement, standing alone, is insufficient to make it a necessary party.

Plaintiffs misinterpret the legal principle enunciated in *Village of Schaumburg* and its proper application.  The seller in *Village of Schaumburg* clearly had an interest in the outcome of that case—the case concerned disposition of the seller's property.  However, plaintiffs did not demonstrate how that interest would be *affected* by that outcome.  *Village of Schaumburg*, 186 Ill. App. 3d at 72.  As such, the key legal issue here is not whether Sears is a party to the EDA Agreement—it indisputably is—but whether Sears has a substantial interest in this case that would somehow be affected by the Court's decision, and which cannot be resolved without Sears being a party.  The terms of the Stipulation and Order are conclusive that Sears has no substantial interest that can be affected by the outcome of this case.  Moreover, considering the relevant facts and circumstances, Plaintiffs have failed to show that Sears being a party to the EDA Agreement creates a substantial interest that would be impacted by the outcome of this case.

All of the declaratory relief sought against Sears and the other defendants in Plaintiffs' Count I is in fact monetary in nature.  The Plaintiffs, and in particular the School District, seek to claw back property taxes previously allocated to Sears from the Special Tax Allocation Fund for 2017 and prior years, and prevent any property tax from being allocated from the Special Tax Allocation Fund for 2018 and subsequent years. The Order and Stipulation, attached to the motion to dismiss as Exhibits A and B, respectively, make clear that the School District released all claims

3

against Sears with respect to the 2017 EDA Funds, (MTD Ex. A, ¶ 2; Ex. B, ¶ 1(i)), and withdrew with prejudice any complaint, claim, or other litigation seeking to prevent Sears from receiving the 2017 EDA Funds, (MTD Ex. A, ¶ 2(b); Ex. B ¶ 1(ii)).  The School District also dismissed with prejudice all monetary claims against Sears concerning any earlier years EDA Funds (*i.e.*, pre-2017 EDA Funds). (MTD Ex. A, ¶ 2(c); Ex. B ¶ 1(iii).)  Finally, Sears agreed to relinquish any right it may have had with respect to post-2017 EDA Funds. (MTD Ex. B, at ¶ 2.) For these reasons and as further outlined in the motion to dismiss, Sears has no interest that can be affected by the outcome of this case.  Thus, any declaratory relief Plaintiffs seek, even if it relates to Sears, is of no interest to Sears and does not require Sears' to resolve.

Moreover, in order to seek declaratory relief against Sears pursuant to 735 ILCS 5/2-701 Plaintiffs must demonstrate that Sears has an interest in the outcome of this  case, so as to create an actual controversy between the parties.  *Hampton v. Chi. Transit Auth.*, 2018 IL App (1st) 172074, ¶ 53 (*quoting Beahringer v. Page*, 204 Ill. 2d 363, 372 (2003)).  Plaintiffs' response fails to identify any actual controversy that exists between the parties.  Instead, Plaintiffs argue that they are *entitled to declaratory relief* pursuant to Section 1.iii of the Stipulation. (Response p. 9.) Section 1.iii of the Stipulation merely grants the School District the right to seek declaratory relief; it does not entitle Plaintiffs to declaratory relief.  Moreover, this section does not waive the necessary legal prerequisites Plaintiffs must satisfy in order to seek declaratory relief against Sears. Considering that any interest Sears may have previously held with respect to this case either was released or relinquished by the Stipulation and Order, it is clear that Sears now has no interest in the outcome of this case.  There is no controversy between the parties and, therefore, the claims brought against Sears for declaratory relief should be dismissed.

4

For the foregoing reasons, Sears respectfully requests that the Court enter an order granting the motion to dismiss, dismissing with prejudice the Fourth Amended Complaint against Sears and for any other relief the Court deems just and equitable.

Date:  November 2, 2020                              Respectfully submitted,

                                                     SEARS HOLDINGS CORPORATION


                                                     By:/s/    *David S. Martin*_____


                                                     David S. Martin
                                                     Eric Choi
                                                     NEAL, GERBER & EISENBERG LLP
                                                     2 N. LaSalle Street, Suite 1700
                                                     Chicago, IL 60602
                                                     Telephone:  (312) 269-8000
                                                     Firm ID: 13739
                                                     dmartin@nge.com
                                                     echoi@nge.com


                                                     *Attorneys for Defendant Sears Holdings Corp.*

## CERTIFICATE OF SERVICE

I, Eric Y. Choi, an attorney, hereby certify that on November 2, 2020 I electronically filed the foregoing **Defendant Sears Holdings Corporation's Reply In Further Support Of Its Motion To Dismiss With Prejudice Plaintiffs' Fourth Amended Complaint** using the Odyssey eFileIL system and that all registered users will thus be served via the Odyssey eFileIL system. I further certify that the following participants in this matter are registered service contacts on the Odyssey eFileIL system, and thus will be served via the Odyssey eFileIL system:

Cory Atkinson (kaa@koryatkinson.com)
Kenneth M. Florey (kflorey@robbins-schwartz.com)
M. Neal Smith (nsmith@robbins-schwartz.com)
Margaret I. MacNair (mmacnair@robbins-schwartz.com
*Attorneys for Community Unit School District 300*

Joshua A. Dunn (jdunn@vedderprice.com)
Nusra Ismail (nismail@vedderprice.com)
Jeanah Park (jpark@vedderprice.com)
Michael Schein (mschein@vedderprice.com)
*Attorneys for Village of Hoffman Estates*

Thomas F. Geselbracht (Thomas.geselbracht@dlapiper.com
Mariah DeGrino (Mariah.digrino@dlapiper.com
Wanda Dacherski (Wanda.dachterski@dlapiper.com)
Elizabeth Butler (Elizabeth.butler@dlapiper.com)
*Attorneys for Transform Holdco LLC; Transform SR Holding Management, LLC; TF Hoffman Estates IL, LLC*

Susan T. Morakalis (Morakaliss@MWRD.org
Joreg R. Mihalopoulos (Mihalopouloj@MWRD.org)
Angad Nagra (nagraa@MWRD.org)
*Attorneys for Metropolitan Water Reclamation District of Greater Chicago*

Luz Toledo (Luz.toledo@cookcountyil.gov)
*Attorney for Cook County and Cook County Forest Preserve*

John Hayes (jhayes@ancelglink.com)
Adam Simon (asimon@ancelglink.com)
*Attorneys for Hoffman Estates Park District and Poplar Creek Library District*

Miguel Rodriguez (miguelrodriguez@u-46.org)
*Attorney for School District U-46*

Donald J. Veverka (djvlaw@outlook.com)
*Attorney for Northwest Mosquito Abatement District*

James P. Kelly (jpkelly@mkm-law.com; litigation@mkm-law.com)
*Attorney for Barrington Township*

Respicio F. Vazquez (rvazquez@elgin.edu)
*Attorney for Elgin Community College*

E. Kenneth Friker (ekfriker@ktjlaw.com)
Gregory T. Smith (gtsmith@ktjlaw.com)
Caitlyn R. Culbertson (crculbertson@ktjlaw.com)
*Attorneys for Barrington Public Library*


Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this certificate of service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.


/s/        *Eric Y. Choi*

31259550.5

**EXHIBIT D**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300, an Illinois school district, BARRINGTON PUBLIC LIBRARY DISTRICT, an Illinois public library, ELGIN COMMUNITY COLLEGE, an Illinois community college district, BARRINGTON TOWNSHIP, an Illinois township, METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, an Illinois special purpose district, and SCHOOL DISTRICT U-46, an Illinois public school district, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| VILLAGE OF HOFFMAN ESTATES, an Illinois municipal corporation; and SEARS HOLDINGS CORPORATION, a Delaware corporation, SEARS, ROEBUCK & CO., a New York Corporation. KMART HOLDING CORPORATION, a Delaware corporation, SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware corporation, TRANSFORM HOLDCO LLC, a Delaware Limited Liability company, TRANSFORM SR HOLDING MANAGEMENT, LLC, a Delaware Limited liability Company, and TF HOFFMAN ESTATES IL, LLC, a Delaware limited liability company, HOFFMAN ESTATES PARK DISTRICT, an Illinois park district, NORTHWEST MOSQUITO ABATEMENT DISTRICT, an Illinois mosquito abatement district, COOK COUNTY FOREST PRESERVE, an Illinois forest preserve, COOK COUNTY, an Illinois county, and POPLAR CREEK LIBRARY DISTRICT, an Illinois public library district. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2018 CH 12683 |
| Defendants. | ) ) ) | |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("**Settlement Agreement**") is made by and among the following parties:

a.      Community Unit School District 300, an Illinois school district ("**District 300**");

b.      Transform Holdco LLC, a Delaware limited liability company; Transform SR Holding Management, LLC, a Delaware limited liability company; TF Hoffman Estates IL, LLC, a Delaware limited liability company; Transform SR LLC, a Delaware limited liability company, and all subsidiaries, successors, and assigns (collectively, "**Transform**");

c.      Elgin Community College District 509, an Illinois community college district;

d.      Metropolitan Water Reclamation District of Greater Chicago, an Illinois water reclamation district;

e.      Barrington Township, an Illinois Township;

f.      School District U-46, and Illinois school district;

g.      Barrington Public Library District, an Illinois public library district;

as of the date fully executed by all parties, and is as follows:

 **WHEREAS**, on October 10, 2018, plaintiff District 300 filed this action (the "**Illinois Action**") against the Village of Hoffman Estates, Illinois, an Illinois municipal corporation (the "**Village**") and Sears  Holdings Corporation, a Delaware corporation, Sears, Roebuck and Co., a New York corporation; Kmart Holding Corporation, a Delaware corporation; and Sears Holdings Management Corporation, a Delaware corporation (collectively, "**Sears**"), seeking declaratory, injunctive and other relief arising from Sears' alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an Economic Development Agreement entered into by and between the Village and Sears, Roebuck and Co., as the developer pursuant to the EDA Act (the "**EDA**

- 2 -

**Agreement**"), pursuant to which Sears receives annual distributions from the Village's special tax allocation fund maintained under the EDA Act (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**"); and

**WHEREAS**, at the time District 300 filed this action, the Village was holding EDA Funds consisting of property taxes levied for tax year 2017 that were extended and collected in calendar year 2018 in the Special Tax Allocation Fund (the "**2017 EDA Funds**"), which 2017 EDA Funds – if Sears was compliant with the relevant terms and conditions of the EDA Act and EDA Agreement – were projected to be distributed fifty-five percent (55%) to the developer (the "**55% Portion**"), and forty-five percent (45%) to various taxing districts within the State of Illinois (the "**45% Portion**") pursuant to the EDA Act and EDA Agreement.

**WHEREAS**, on October 15, 2018, Sears and certain other debtors (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); staying the Illinois Action pursuant to section 362 of the Bankruptcy Code; and

**WHEREAS**, on November 12, 2018, District 300 filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652) (the "**Abstention Motion**"), pursuant to which District 300 sought the entry of an order granting relief from the automatic stay or the Bankruptcy Court abstaining from hearing matters relating to this action; and on December 17, 2018, the Debtors filed their Objection to the Abstention Motion (ECF No. 1280); and

**WHEREAS**, on January 11, 2019, the Bankruptcy Court entered a stipulation and order (the "**Stipulated Order**") that, among other things, authorized and directed the Village to (i)

- 3 -

distribute the 45% Portion of the 2017 EDA Funds and (ii) continue to hold in the Special Tax

Allocation Fund the remaining 55% Portion pending further order of the Bankruptcy Court or an

agreement among the Parties (ECF No. 1548); and

**WHEREAS**, following the distribution of the 45% Portion in accordance with the

Stipulated Order, on February 28, 2019, the Debtors filed their *Motion to Compel Turnover of*

*Estate Property* (ECF No. 2715) (the "**Turnover Motion**"), seeking turnover of the remaining

55% Portion, which the Village continued to hold in the Special Tax Allocation Fund pursuant to

the Stipulated Order; and District 300 objected to the Turnover Motion (ECF No. 2996) and, in

the alternative, requested the Bankruptcy Court to abstain from the issues raised therein and allow

those issues to be litigated in the Circuit Court in connection with this action; and

**WHEREAS**, following a hearing on the Turnover Motion and the Abstention Motion on

April 18, 2019, the Bankruptcy Court issued (i) the *Order Granting Community Unit School*

*District 300's Motion for Abstention* (ECF No. 3362) (the "**Abstention Order**") allowing the

Circuit Court to adjudicate the issues raised in the Turnover Motion; and (ii) the *Order Directing*

*Partial Turnover of EDA Funds to Debtors and Reserving the Balance Pending Court Order* (ECF

No. 3666) ordering and directing the Village (a) to disburse to Debtor Sears a portion of the 2017

EDA Funds held in the Special Tax Allocation Fund and (b) to continue to hold in the Special Tax

Allocation Fund the balance of the 2017 EDA Funds; and

**WHEREAS**, following entry of the Abstention Order, the Parties filed in the Circuit Court

their respective summary judgment cross-motions as to the issues raised in the Turnover Motion;

and

**WHEREAS**, Transform has asserted an interest in the EDA Agreement and the funds

associated with the EDA Act due to its affiliate relationship with Transform SR LLC, to whom

- 4 -

certain assets of Sears, Roebuck and Co. were assigned by order of the Bankruptcy Court through the Asset Purchase Agreement ("APA"), pursuant to which the APA, among other matters, granted Transform the authority to designate for assignment and assumption, subject to further order of the Bankruptcy Court in the event of an unresolved objection, the Debtors' interests in certain executory contracts and unexpired leases; and

**WHEREAS,** pursuant to the APA and Section 365 of the Bankruptcy Code, Transform designated the EDA Agreement for assumption and assignment; and

**WHEREAS,** District 300 filed objections to said assignment and assumption of the EDA Agreement which are pending resolution in the Bankruptcy Court, as a result of which the assumption and assignment has not become effective; and

**WHEREAS**, Transform acquired its interest in the former Sears Headquarters Complex ("Sears Headquarters") located within the EDA District via the APA from Sears by which, among many other rights and duties and the Bankruptcy Code, Transform may withdraw its designation to assume the EDA Agreement, and the time in which it may withdraw its designation of such interests has not expired; and

**WHEREAS,** on August 16, 2019, District 300 filed its First Amended Complaint in this action, adding the Transform entities as party defendants; and

**WHEREAS**, the Parties including Transform re-filed their responsive pleadings and respective summary judgment cross-motions as to the issues raised in the Turnover Motion; and

**WHEREAS**, on October 23, 2019, the Bankruptcy Court entered an amended stipulation and order in which Sears and District 300 reached an agreement, related to the balance of the 2017 EDA Funds held in the Special Tax Allocation Fund by the Village pursuant to the Stipulated Order, and the School District's remaining claims and objections to confirmation of the *Modified*

- 5 -

*Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*
(ECF No. 4476) (the "**Plan**"); and

**WHEREAS**, on November 12, 2019, District 300 filed its Second Amended Complaint in
this action which, among other things, named the remaining taxing districts projected to receive
distributions of the 45% Portion of the EDA Funds, including Barrington Public Library, Hoffman
Estates Park District, Elgin Community College District 509, Northwest Mosquito Abatement
District, Metropolitan Water Reclamation District of Chicago, Barrington Township, Cook County
Forest Preserve, County of Cook, School District U-46 and Poplar Creek Library District
(collectively, the "**Remaining Taxing Districts**"); Transform, the Village and Sears thereafter
filed motions to dismiss the Second Amended Complaint; and

**WHEREAS**, on January 24, 2020, District 300 moved for leave to file a Third Amended
Complaint; and

**WHEREAS**, on February 2, 2020, the Circuit Court entered an order re-aligning some but
not all of the Remaining Taxing Districts from defendants to plaintiffs in this action; and

**WHEREAS**, the plaintiffs and the non-private defendants are hereafter referred to as the
"**Taxing Districts**"; and

**WHEREAS**, on February 20, 2020, an Agreed Order was entered in this action distributing
the 45% Portion of the 2018 EDA Funds, but holding the 55% Portion of the 2018 EDA Funds
pending further order of this Court; and

**WHEREAS**, on March 12, 2020, in lieu of filing a Third Amended Complaint, District
300 and the re-aligned plaintiffs moved for leave to file a Fourth Amended Complaint; and

**WHEREAS**, on July 8, 2020, with leave of court, District 300 and the re-aligned plaintiffs
filed their Fourth Amended Complaint; to which certain defendants have answered and which

- 6 -

Sears and the Village have moved to dismiss; and

**WHEREAS**, EDA Funds presently held in the Special Tax Allocation Fund, subject to this action, consist of:

a.      a remaining portion of property taxes levied for the tax year 2018 and scheduled to be paid to the Taxing Districts in calendar year 2019 (the "**2018 EDA Funds**"), and

b.      property taxes levied for the tax year 2019 and scheduled to be paid to the Taxing Districts in calendar year 2020 (the "**2019 EDA Funds**"); and

**WHEREAS**, on September 8, 2020, Sears admitted in its Motion to Dismiss Fourth Amended Complaint in this action:

> 1.      Sears has no legal interest in this case.  All monetary claims asserted against or by Sears for EDA Funds for any year have been released, dismissed with prejudice, or forever relinquished.

.      .      .

> 9.      . . . Sears has relinquished any right it may have to 2018 EDA Funds and any subsequent years' EDA Funds as part of the Stipulation and Order [in the Bankruptcy Court].

and

**WHEREAS**, to avoid the uncertainties, costs and expenses of further litigation, the parties to this Settlement Agreement (the "**Parties**") have reached an agreement on the terms set forth herein, *inter alia* (a) to resolve Transform's position in this action; (b) to allow the distribution of the 55% Portion of the 2018 taxes collected in 2019; (c) to withdraw Transform's designation for assumption and assignment of, and disclaim any and all interests in, the EDA Agreement, provided that Sears agrees to thereafter reject the EDA Agreement, each before the Bankruptcy Court; (d) to terminate the EDA Agreement; and (e) to resolve certain remaining issues in this action;

**NOW THEREFORE**, in consideration of the foregoing and the mutual promises and

- 7 -

covenants contained herein, it is hereby stipulated and agreed to by and among the Parties, and

upon Bankruptcy Court approval it shall hereby be ordered that:

1.      The above recitals are incorporated and included in the terms of this Agreement.

### *Actions to Implement Agreement*

2.      Transform and the Plaintiffs agree that the following actions will be taken to

implement the terms of this Settlement Agreement:

(a)      Upon execution by Sears and District 300 of an Order and Stipulation in
the form attached to and included in this Agreement as Exhibit A (the "**EDA Stipulation**"),
stipulating to (i) Transform's irrevocable withdrawal of its designation of the EDA Agreement
as an executory contract to be assumed and assigned to Transform pursuant to the terms of the
APA; and (ii) Sears' irrevocable rejection of the EDA Agreement pursuant to Section 365 of the
Bankruptcy Code and the terms of the Plan, as the same has been modified and amended; then
within 1 business day after Sears executes the EDA Stipulation, Transform shall execute and
Transform and District 300 shall file the EDA Stipulation with and for approval by the
Bankruptcy Court;

(b)      In the event that Sears does not execute the EDA Stipulation by October
30, 2020, District 300 shall, no later than November 3, 2020, file a motion in the Bankruptcy
Court, in form and substance reasonably satisfactory to each of District 300 and Transform, to
compel Sears to immediately reject the EDA Agreement upon Transform's withdrawal of its
designation of the EDA Agreement as an executory contract to be assumed and assigned to
Transform pursuant to the terms of the APA, and Transform shall, concurrently with the filing
of said motion, file a notice in the Bankruptcy Court that it shall withdraw said designation
contingent on Sears' rejection;

(c)      Within 1 business day after either (i) the Bankruptcy Court approves the
EDA Stipulation, or (ii) the Bankruptcy Court grants District's 300's motion to compel and
orders the rejection by Sears of the EDA Agreement, Plaintiffs as applicable and Transform shall
request the Court in the Illinois Action to enter, and Plaintiffs as applicable and Transform shall
diligently pursue, an Order that is final and appealable per Rule 304(a) for the Village to release
the 55% Portion of the 2018 EDA Funds to the Taxing Districts.

3.      Subject to the occurrence of those events described in  paragraph 2 above, and

the Village's release of the 55% portion of the 2018 EDA Funds to the Taxing Districts, either

with Village's consent or pursuant to a final and non-appealable order per Rule 304(a), Plaintiffs

- 8 -

shall (a) within 5 business days pay Transform the sum of $900,000 (Nine Hundred Thousand Dollars), and (b) dismiss Transform from the Illinois Action with prejudice.

4.      Subject to the occurrence of those events described in paragraph 2 above, in the event of the Village's release of the 55% portion of the 2019 EDA Funds to the Taxing Districts, either with Village's consent or pursuant to a final and non-appealable order per Rule 304(a), before or upon termination of the EDA Agreement, plaintiffs shall within 5 business days pay Transform the additional sum of $300,000 (Three Hundred Thousand Dollars).

5.      Upon termination of the EDA Agreement, whether in accordance with its terms, through a final and non-appealable order per Rule 304(a) in the Illinois Action, or by agreement with the Village and Sears (if required by law),  Plaintiffs shall within 5 business days pay Transform the remaining sum of $1,700,000 (One Million Seven Hundred Thousand Dollars).

6.      Provided that Transform is paid the total sum of $2,900,000 (Two Million Nine Hundred Thousand Dollars) by Plaintiffs, Transform shall not seek any portion of the EDA Funds or any other funds related to the EDA District and EDA Agreement.

7.      The Parties have declared their intent that the EDA Agreement shall be deemed terminated.

8.      If either (i) the Bankruptcy Court does not approve the EDA Stipulation, or (ii) the Bankruptcy Court does not grant District's 300's motion to compel, ordering the rejection by Sears of the EDA Agreement, by November 16, 2020, Transform may terminate this Agreement by providing written notice to the School District provided that Transform may not terminate this Agreement after the Bankruptcy Court has either approved the EDA Stipulation or granted District 300's motion to compel and ordered Sears rejection of the EDA Agreement.

- 9 -

. In the event of such termination, this Agreement shall be null and void and of no further force or effect whatsoever, returning the parties to the status quo ante.

### *Mutual Releases*

9.      District 300, the Plaintiff Taxing Districts, and Transform, on behalf of themselves and their past, present and future officers, directors, shareholders, board members, employees, agents, advisors, accountants, attorneys, assignees, and representatives or other entities acting on their behalf or through which they claim a beneficial interest (the "**Releasing Parties**"), hereby mutually release and absolutely and forever discharge each other (subject solely to termination pursuant to Paragraph 8, the conditions set forth in Paragraph 3 above, and the Bankruptcy Court either (i) approving the EDA Stipulation, or (ii) granting District 300's motion to compel and order rejection by Sears of the EDA Agreement), as well as their past, present and future companies, subsidiaries and affiliates, and their present and former officers, directors, shareholders, employees, agents, advisors, accountants, attorneys, assignees, and representatives, of and from any and all claims, demands, damages, debts, liabilities, judgments, accounts, obligations, costs, expenses, actions and causes of action of every kind and nature whatsoever, whether now known or unknown, asserted or which could have been asserted, suspected or unsuspected, choate or inchoate, which the Releasing Parties now have, own, hold, or at any time heretofore ever had, owned or held against any of them from the beginning of the world to the date of this agreement, which arise out of, or relate to, or are based upon the EDA Act, the EDA Agreements, or the EDA Funds whether in whole or in part except for the rights conferred by and each Party's performance under this Agreement.  The language of this paragraph shall apply only as consistent with this Agreement and shall not apply to each Party's obligation to perform under this Agreement.

- 10 -

10.     For avoidance of doubt, nothing herein, including the distribution of the 2018 EDA Funds, is intended or shall be construed to be (a) an admission as to the merits of the Turnover Motion or District 300's objection to the Turnover Motion, (b) an admission as to the merits of the Parties' respective motions and cross-motions of summary judgment in this action, (c) a waiver of any Party's right to assert any facts or contentions relating to compliance and/or non-compliance with the EDA Act or the EDA Agreement, (d) any release or waiver of Plaintiffs' claims against the Village asserted in the Illinois Action, or (e) a release or waiver of District 300's cure claims or any objection to Sears entitlement to assign the EDA Agreement, pursuant to section 365 of the Bankruptcy Code.

11.     In withdrawing with prejudice any complaint, claim, motion or other litigation seeking to prevent Transform from receiving the any EDA Funds, in dismissing with prejudice all claims against Transform in this action, to the extent provided herein, District 300 and the Remaining Taxing Districts will not be deemed to have admitted, nor will the Court nor the Bankruptcy Court be deemed to have made a finding with respect to: (i) the issue of whether the Village, Sears or Transform, to the extent relevant, have complied with the terms and conditions of the EDA Act and/or the EDA Agreement; (ii) the issue of whether District 300 or other parties have valid cure claims under Section 365 of the Bankruptcy Code; or (iii) whether Sears is entitled to assign that EDA Agreement pursuant to Section 365 of the Bankruptcy Code. Furthermore, District 300 and the Remaining Taxing Districts will not be deemed to have waived any claims against the Village regarding compliance with the terms of the EDA Act and/or the EDA Agreement.

### *Representations*

- 11 -

12.     Transform represents that it maintains full authority to withdraw its designation of the EDA Agreement in its entirety. Transform represents that it currently holds title to the real property and tangible assets previously held by Debtors within the EDA District as of the date on which the transactions contemplated by the APA were consummated.

13.     Transform represents that it alone may withdraw its designation of its interests in the EDA Agreement. Transform represents that no successor, assignee, subsidiary, or other affiliated entity maintains any actual or potential interest in the EDA Agreement, other than any lenders to Transform that hold a collateral interest in Transform's potential rights under the EDA Agreement, which will be automatically released upon the effectiveness of Transform's withdrawal of its designation of the EDA Agreement as an executory contract to be assumed and assigned to Transform. Transform represents that it has not and will not assign, sell, or otherwise transfer its designation rights in the EDA Agreement or its real property interest in the Sears Headquarters, including building and improvements, prior to (a) withdrawing its designation of the EDA Agreement as an executory contract to be assumed and assigned to Transform, and (b) the Bankruptcy Court either (i) approving the EDA Stipulation, or (ii) granting District 300's motion to compel and ordering rejection by Sears of the EDA Agreement.

14.     Plaintiffs represent that they have not and will not assign, sell or otherwise transfer their interest in this Agreement.

### *General*

15.     Neither this Settlement Agreement, nor any terms contained herein, shall be offered or received as evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than in the instant Bankruptcy Action or

- 12 -

any appeal thereto, the related Illinois Action or any appeal thereto, or as may be necessary to obtain approval for and to enforce this Settlement Agreement, obtain the release of the EDA Funds referenced in Paragraph 2(c) of this Settlement Agreement, including to obtain a declaration that the EDA Agreement and EDA District is terminated.  Unless inconsistent with the terms of this Settlement Agreement, nothing herein is intended or shall be construed to waive any defenses, objections, counterclaims or other positions that any of the Parties may have in this action or before the Bankruptcy Court.

16.    Transform, the School District and Remaining Taxing Districts and their officers, directors, committee members, employees, agents, advisors, representatives, attorneys and other professionals are hereby exculpated and shall have no liability with respect to claims, causes of actions, demands, suits, liabilities, obligations, losses, damages, offsets and/or judgments of any kind or nature, whether known or unknown, contingent or non-contingent, statutory or non-statutory, solely arising from, out of, or in any way related to compliance with and approval of this Settlement Agreement.

17.    Each person or undersigned counsel represents that he/she is authorized to execute this Settlement Agreement on behalf of his or her respective client.

18.    This Settlement Agreement may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

- 13 -

**CONSENTED AND AGREED TO:**

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DIST. 300<br>BARRINGTON PUBLIC LIBRARY<br>DISTRICT<br>ELGIN COMMUNITY COLLEGE DISTRICT<br>509<br>SCHOOL DISTRICT U-46<br>BARRINGTON TOWNSHIP<br>METROPOLITAN WATER RECLAMATION<br>DISTRICT OF GREATER CHICAGO<br><br>By: _____ (Dist. 300, U-46)<br>Kory Atkinson<br>Law Office of Kory Atkinson<br>236 West Lake Street, Suite 100<br>Bloomingdale, IL 60108<br>630-980-9100<br>kaa@koryatkinson.com<br>Cook County No. 44788<br><br>Kenneth M. Florey<br>M. Neal Smith<br>Katie Zumalt-Rogers<br>Robbins, Schwartz, Nicholas,<br>Lifton & Taylor, Ltd.<br>631 E. Boughton Road, Suite 200<br>Bolingbrook, IL 60440<br>630-929-3639<br>kflorey@robbins-schwartz.com<br>nsmith@robbins-schwartz.com<br>mmacnair@robbins-schwartz.com<br>Cook County No. 91219 | TRANSFORM HOLDCO LLC,<br>TRANSFORM SR HOLDING MGMT, LLC,<br>TF HOFFMAN ESTATES IL, LLC,<br>TRANSFORM SR LLC<br><br>By: _____<br>Thomas F. Geselbracht<br>DLA Piper LLP (US)<br>444 West Lake Street<br>Suite 900<br>Chicago, Illinois 60606<br>Thomas.Geselbracht@us.dlapiper.com |

- 14 -

<u>**EXHIBIT A**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**In re**                                                        :
                                                                 :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,        :
                                                                 :        **Case No. 18-23538 (RDD)**
                                                                 :
                    **Debtors.**[1]                              :        **(Jointly Administered)**
-------------------------------------------------------------x

**STIPULATION AND ORDER**
**BY AND AMONG THE DEBTORS, TRANSFORM, AND COMMUNITY UNIT**
**SCHOOL DISTRICT 300 CONCERNING ECONOMIC DEVELOPMENT**
**AGREEMENT**

**WHEREAS**, Debtors, Transform Holdco LLC, Transform SR Holding Management,

LLC, TF Hoffman Estates IL, LLC, and Transform SR, LLC (collectively, "**Transform**");

Community Unit School District 300 ("**District 300**"); Elgin Community College District 509;

Metropolitan Water Reclamation District of Greater Chicago; Barrington Township; School

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

EAST\177211312.1

District U-46; and Barrington Public Library District have reached an agreement to resolve outstanding litigation as memorialized in the attached Settlement Agreement; and

**WHEREAS**, the parties to the Settlement Agreement hereby incorporate the Settlement Agreement and its recitals in their entirety;

**NOW THEREFORE**, in consideration of the foregoing and the mutual promises and covenants contained in the Settlement Agreement, it is hereby stipulated and agreed to by and among the parties, and upon Bankruptcy Court approval it shall hereby be ordered that:

Subject to the terms and conditions of the Settlement Agreement:

i. Transform hereby irrevocably withdraws its designation of the EDA Agreement as an executory contract to be assumed and assigned to Transform pursuant to the terms of the APA;

ii. Transform represents that it maintains full authority to withdraw its designation of the EDA Agreement in its entirety. Transform represents that it currently holds title to the real property and tangible assets previously held by Debtors within the EDA District as of the date on which the transactions contemplated by the APA were consummated.

iii. Transform represents that it alone may withdraw its designation of its interests in the EDA Agreement. Transform represents that no successor, assignee, subsidiary, or other affiliated entity maintains any actual or potential interest in the EDA Agreement, other than any lenders to Transform that hold a collateral interest in Transform's potential rights under the EDA Agreement, which will be automatically released upon the effectiveness of Transform's withdrawal of its designation of the EDA Agreement as an executory contract to be assumed and assigned to Transform. Transform represents that it has not and will not assign, sell, or otherwise transfer its designation rights in the EDA Agreement or its real property interest in the Sears Headquarters, including building and improvements, prior to (a) withdrawing its designation of the EDA Agreement as an executory contract to be assumed and assigned to Transform, and (b) the Bankruptcy Court either (i) approving the EDA Stipulation, or (ii) granting District 300's motion to compel and ordering rejection by Sears of the EDA Agreement.

- 16 -

iv.     Plaintiffs represent that they have not and will not assign, sell or otherwise transfer their interest in this Agreement; and

v.      Debtors' irrevocably rejects the EDA Agreement pursuant to Section 365(a) of the Bankruptcy Code and the terms of Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors, as the same has been modified and amended, with prejudice.

(Signature page follows)

- 17 -

**CONSENTED AND AGREED TO:**

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DIST. 300<br>BARRINGTON PUBLIC LIBRARY<br>DISTRICT<br>ELGIN COMMUNITY COLLEGE DISTRICT 509<br>SCHOOL DISTRICT U-46<br>BARRINGTON TOWNSHIP<br>METROPOLITAN WATER RECLAMATION<br>DISTRICT OF GREATER CHICAGO<br><br><br>By:_____<br>Kory Atkinson<br>Law Office of Kory Atkinson<br>236 West Lake Street, Suite 100<br>Bloomingdale, IL 60108<br>630-980-9100<br>kaa@koryatkinson.com<br>Cook County No. 44788<br><br>Kenneth M. Florey<br>M. Neal Smith<br>Katie Zumalt-Rogers<br>Robbins, Schwartz, Nicholas,<br>Lifton & Taylor, Ltd.<br>631 E. Boughton Road, Suite 200<br>Bolingbrook, IL 60440<br>630-929-3639<br>kflorey@robbins-schwartz.com<br>nsmith@robbins-schwartz.com<br>mmacnair@robbins-schwartz.com<br>Cook County No. 91219 | TRANSFORM HOLDCO LLC,<br>TRANSFORM SR HOLDING MGMT,<br>LLC,<br>TF  HOFFMAN  ESTATES  IL,  LLC,<br>TRANSFORM SR LLC<br><br><br>By:_____<br>Thomas F. Geselbracht<br>DLA Piper LLP (US)<br>444 West Lake Street<br>Suite 900<br>Chicago, Illinois 60606<br>Thomas.Geselbracht@us.dlapiper.com<br><br><br>SEARS HOLDINGS CORPORATION,<br>SEARS, ROEBUCK & CO., KMART<br>HOLDING CORPORATION, SEARS<br>HOLDINGS MANAGEMENT<br>CORPORATION,<br><br><br>By:_____ |

**SO ORDERED THIS**
\_\_\_\_ day of _____, 2020
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

EAST\177211312.1