**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                  :       Chapter 11
                                                       :
**SEARS HOLDINGS CORPORATION**, *et al.*,              :       Case No. 18-23538 (RDD)
                                                       :
          Debtors.[1]                                  :       (Jointly Administered)
------------------------------------------------------------x

**ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN SEARS**
**HOLDINGS CORPORATION AND WINNERS INDUSTRY COMPANY LIMITED**

Upon the motion, by *Notice of Presentment of Order Approving Settlement Agreement Among Debtors and Winners Industry Company Limited* dated November 3, 2020 (ECF No. 9064) (the "**Motion**"), seeking an order under Fed. R. Bankr. P. 9019 authorizing and approving a settlement agreement between Sears Holdings Corporation and Winners Industry Company Limited attached, a copy of which is attached hereto as **Exhibit 1**) (the "**Settlement Agreement**");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not defined herein shall have the respective meaning ascribed to them in the Settlement Agreement.

(Preska, C.J.); and consideration of the Motion and the requested relif being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order and the Presentment Procedures, and such notice having been adequate and appropriate under the circumstances; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing on the Motion is required; and upon all related pleadings and proceedings pertaining to the claims proposed to be resolved by the Settlement Agreement; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein, in that the proposed settlement is fair and reasonable, a proper exercise of business judgment and in the best interests of the Debtors, their estates, their creditors and other parties in interest in the light of the risks, costs and delay of continued litigation, the arms-length nature of the parties' negotiations, and the absence of any objection; now, therefore, **IT IS HEREBY ORDERED THAT**

1. The Settlement Agreement attached hereto as **Exhibit 1** is approved and incorporated into this Order as if restated verbatim herein.

2. The Settlement Agreement shall be effective immediately upon entry of this Order.

3. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Settlement Agreement.

3

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the Settlement Agreement, and the Settlement Agreement.

Dated: November 12, 2020
      White Plains, New York

    /s/ Robert D. Drain_____
    THE HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE