COZEN O'CONNOR
*Attorneys for Scents of Worth, Inc.*
Frederick E. Schmidt, Jr.
277 Park Avenue
New York, NY  10172
(212) 883-4900
(646) 588-1552 (fax)
eschmidt@cozen.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MICHAEL KATZ IN SUPPORT OF MOTION
TO COMPEL COMPLIANCE WITH ORDERS**

Michael Katz, hereby declares pursuant to 28 U.S.C. § 1746 as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LL/C (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1.      I am the President and Chief Executive Officer of Perfumania Holdings Inc., the corporate parent of Scents of Worth, Inc. f/k/a Model Imperial, Inc. ("**SOW**").  Unless otherwise specified herein, I am familiar with the facts and circumstances hereafter set forth.

2.      I make this declaration in support of the motion filed by SOW concurrently herewith seeking entry of an order directing the Debtors to account for all consigned goods delivered to them by SOW and on hand as of the Petition Date that were sold post-petition, and directing the Debtors to remit to SOW the full amount of the Consignment Proceeds (the "**Motion**").[2]

1.      SOW and Kmart Corporation ("**Kmart**") have had a longstanding business relationship.  As part of that relationship, on or about August 31, 2000, SOW and Kmart entered into a *Merchandise Supply Agreement* (as thereafter amended, the "**Prior Contract**") pursuant to which SOW would be the sole supplier to Kmart of certain designer brand name fragrances and perfume products.  A copy of the Prior Contract is annexed hereto as Exhibit "A".  Paragraph 1(b) of the Prior Contract provided that the products to be supplied by SOW were to be supplied on a consignment basis.  Paragraph 2 of the Prior Contract provided that SOW was to supply to begin supplying consigned goods to Kmart beginning on September 11, 2000.

2.      Scents of Worth timely filed a UCC-1 financing statement to perfect its interests in the consigned goods to be delivered pursuant to the Prior Contract.  A copy of the UCC-3 continuation statement (File # 2008133220-4) filed by SOW with the Michigan Secretary of State on August 25, 2008 is annexed hereto as Exhibit "B".

3.      On or about January 1, 2014 following a series of amendments to the Prior Contract, Kmart and SOW entered into a new *Distribution and Supply Agreement* (as thereafter amended,

---

[2]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

LEGAL\49250866\2

the "**Contract**") pursuant to which SOW would be the exclusive supplier and distributor of certain fragrances and perfume products, on a consignment basis (such goods that were in the Debtors' possession as of the Petition Date (hereafter defined) are hereafter referred to as the "**Consigned Goods**"). A copy of the Contract, together with any amendments thereto, is annexed hereto as Exhibit "C".

4. SOW properly perfected its consignment interests by filing a new UCC financing statement with the Michigan Department of State (Document Number 2013179478-4) on December 20, 2013. SOW further provided written notice of the consignment and of the UCC filing to Wells Fargo Bank, NA, which Kmart identified in the Contract as the only creditor having a security interest in any of its inventory at the time. Copies of the financing statement and the notification to Wells Fargo Bank, NA are annexed hereto Exhibit "D" and Exhibit "E" respectively.

5. I am advised that on October 15, 2018 (the "**Petition Date**"), nearly all of the Debtors, including Kmart, filed voluntary petitions under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). I am also advised that the remaining three Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code in the Court on October 18, 2018, October 22, 2018, and January 7, 2019.

6. According to Kmart's internal purchasing/accounting system (the "**Workbench System**"), approximately $2,384,237.00 in Consigned Goods was in the Debtors' possession on October 13, 2018 – two days prior to the Petition Date. The precise amount of Consigned Goods in the Debtors' possession on the Petition Date is not presently known to SOW, though it is

believed that the amount does not materially differ from the amount of Consigned Goods in the Debtors' possession on October 13, 2018.

7. According to the Workbench System, as of February 9, 2019, the total value of Consigned Goods with the Debtors was approximately $1,049,303.00. The Debtors, therefore, sold approximately $1,334,934.00 in Consigned Goods between October 13, 2018 and February 9, 2019. Substantially all of those sales appear to have been post-petition sales of Consigned Goods to the Debtors' customers.

8. I am advised that on February 8, 2019, the Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [ECF # 2507] pursuant to which the Debtors thereafter sold substantially all of their assets to Transform Holdco LLC ("**Transform Holdco**"). Upon information and belief, the sale of the Debtors' assets to Transform Holdco closed on February 11, 2019.

9. It appears that all Consigned Goods then remaining in the Debtors' possession (the "**Remaining Consigned Goods**") were included in the assets that were sold by the Debtors to Transform Holdco. According to the Workbench System, as of February 9, 2019 – two days prior to the closing on the sale of the Debtors' assets to Transform Holdco – the total amount of Consigned Goods then in the Debtor's possession was $1,049,303.00. Accordingly, the Debtors appear to have sold approximately $1,049,303.00 in Consigned Goods to Transform Holdco.

10. I am advised that pursuant to the terms of prior orders of this Court, the Debtors were required to segregate *all* proceeds arising from the sales of Consigned Goods, irrespective of

4

whether such goods were sold to customers in the ordinary course of Kmart's business or to Transform Holdco in a sale under section 363 of the Bankruptcy Code.

11. SOW has not received any payment on account of any postpetition sales of Consigned Goods by the Debtors. It is respectfully requested that the Motion be granted, that the Court direct the Debtors to account for all Consigned Goods in their possession as of the Petition Date, account for all such Consigned Goods sold post-petition, and remit to SOW the full amount of all proceeds due under Contract on account of such postpetition sales.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 12, 2020

/s/ *Michael Katz*

Michael Katz

LEGAL\49250866\2