WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :          Case No. 18-23538 (RDD)
                                          :
          Debtors.¹                       :          (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION REGARDING**
**MOTION OF DEBTORS REQUESTING AUTHORIZATION TO**
**RELEASE CONSIGNMENT RESERVE DEPOSIT AMOUNTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/m M-III Partners, L.P., 130 West 42nd St., 17th Floor, New York, NY 10036.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York, the undersigned hereby certifies as follows:

1.      On November 4, 2020, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Motion of Debtors Requesting Authorization to Release Consignment Reserve Deposit Amounts* (ECF No. 9066) (the "**Motion**").  The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 9073.

2.      The Motion established a deadline of November 12, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**") for parties to object to the Motion.  The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleading complies with the terms of the Amended Case Management Order.

3.      The Objection Deadline has passed and, to the best of my knowledge, no objection or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors in accordance with the Amended Case Management Order.  To the best of my knowledge, no other responsive pleading has been filed with respect to the Motion.  The Debtors note, however, that after the Objection Deadline passed, the *Motion to Compel Compliance with Orders* (ECF No. 9098) was filed with the Court.

4.     The proposed order granting the relief requested in the Motion (the "**Proposed Order**") is annexed hereto as **Exhibit A**.

5.     Accordingly, the Debtors respectfully request that the Proposed Order granting the relief requested in the Motion be entered in accordance with the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: November 13, 2020
         New York, New York

                                   */s/  Jacqueline Marcus*
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York  10153
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007
                                   Jacqueline Marcus
                                   Garrett A. Fail
                                   Sunny Singh

                                   *Attorneys for Debtors*
                                   *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                        :
In re                                   :          Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, *et al.*,   :          Case No. 18-23538 (RDD)
                                        :
            Debtors.[1]                 :          (Jointly Administered)
                                        :
---------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO
## RELEASE CONSIGNMENT RESERVE DEPOSIT AMOUNTS

Upon the motion, dated November 4, 2020 (the "**Motion**")[2] of Sears Holdings

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United

States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to release certain

funds held in the Consignment Reserve Account on account of the postpetition sale of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations
LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC
Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E
Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions,
Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development
Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742);
Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement
Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears
Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.)
(3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida
Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133);
KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898);
Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands
Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company,
LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.
(9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None);
BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC
(9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the
Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Motion.

Consignment Merchandise, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§

157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the requested relief therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having

been provided in accordance with the Amended Case Management Order; and such notice having

been adequate and appropriate under the circumstances, and it appearing that no other or further

notice need be provided; and the Court having determined that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and that the relief sought in the

Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest;

and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to release from the Consignment Reserve

Account the amounts listed in the "Allowed Secured Claim Amount" column in **Exhibit 1** attached

hereto.

3.      The Debtors are authorized, but not directed, to release funds from the

Consignment Reserve Account without further order of the Court, subject to the procedures set

forth herein:

> a.   the Debtors shall, at least seven (7) business days prior to releasing funds from the Consignment Vendor Account, file with the Court and serve a written notice of such release substantially in the form attached hereto as **Exhibit 2** (the "**Consignment Vendor Notice**"), by e-mail, facsimile, or overnight delivery service on the remaining Consignment Vendors;

2

b.  the parties receiving a Consignment Vendor Notice shall have seven (7) business days (the "**Notice Period**") after service of the Consignment Vendor Notice to file and serve any objections to a proposed release of funds from the Consignment Vendor Account;

c.  any objections to a proposed release of funds must (A) be in writing, (B) set forth the name of the objecting party, (C) provide the basis for the objection and the specific grounds therefor, (D) be filed electronically with the Court, and (E) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), attorneys for the Debtors **so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Notice Period;**

d.  if no written objections are timely filed and served during the Notice Period, the Debtors are authorized to release the applicable funds from the Consignment Reserve Account; and

e.  if a written objection is properly filed and served, (A) the objection shall be deemed a request for a hearing on the proposed release of funds, and the objection shall be heard at the next scheduled omnibus hearing in these chapter 11 cases, *provided* that the Debtors reserve the right to adjourn such hearing to a later date in their sole discretion, and (B) the proposed release of funds may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Court specifically approving the proposed release of funds.

4.    The Consignment Vendor Notice substantially in the form annexed hereto as **Exhibit 2** is hereby authorized and approved.

5.    The Debtors are authorized to take all action reasonably necessary to effectuate the relief granted in this Order.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
       White Plains, New York

                                          _____
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE

3

## __Exhibit 1__

**Schedule of Funds to Be Released**

| Exhibit 1 | | | |
|---|---|---|---|
| Claimant | Proof of Claim Number | Initial Asserted Secured Claim Amount | Allowed Secured Claim Amount |
| Envisions LLC | 15166 | $26,671.29 | $5,667.38 |
| Combine International | 14250, 14307 | 5,953,413.97 | 259,969.77 |
| Richline Group Inc | 7408, 7503 | 864,831.29 | 203,796.47 |
| Clover Imaging Group, LLC | 12210 | 523,744.80 | 61,747.18 |
| **Total** | | **$7,368,661.35** | **$531,180.80** |

**<u>Exhibit 2</u>**

**Consignment Vendor Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                   :
                                                        :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*               :
                                                        :        **Case No. 18-23538 (RDD)**
                                                        :
         Debtors.[1]                                    :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------x

## NOTICE OF RELEASE OF FUNDS FROM CONSIGNMENT VENDOR ACCOUNT

      **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to that certain *Order Authorizing Debtors to Release Consignment Reserve Deposit Amounts* entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2020 (ECF No. [●]) (the "**Consignment Reserve Account Order**"), propose to release funds from that certain account (the "**Consignment Reserve Account**") established pursuant to the *Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* (ECF No. 876) (the "**GOB Order**") to the consignment vendors as indicated in the schedule attached hereto as **Exhibit 1**.  This Notice is being provided in accordance with and sets forth the information required under the Consignment Reserve Account Order.

      <u>Procedures to Object to the Proposed Release of Funds</u>.  Any objection to the proposed release of funds (an "**Objection**") must:  (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; (iv) be filed electronically with the Bankruptcy Court; and (v) be served on Weil, Gotshal & Manges LLP,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, New York 10036.

767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as attorneys for the Debtors **on or before** _____, **at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

      If no Objections are filed with the Bankruptcy Court and served by the Objection Deadline in accordance with the terms of the Consignment Vendor Account Order, then the Debtors may proceed to release the funds indicated in <u>Exhibit 1</u> in accordance with the terms of the Consignment Vendor Account Order.

      **If an Objection is timely received and cannot be resolved consensually, then the release of funds will not be made absent further order of the Court or written withdrawal of such Objection.**

Dated: _____
      New York, New York

             /s/_____
             WEIL, GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York  10153
             Telephone:  (212) 310-8000
             Facsimile:  (212) 310-8007
             Jacqueline Marcus
             Garrett A. Fail
             Sunny Singh

             *Attorneys for Debtors*
             *and Debtors in Possession*

## **Exhibit 1**

**Schedule of Funds to Be Released**