**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, et al.,                          :    Case No. 18-23538 (RDD)
                                                             :
                                                             :    (Jointly Administered)
                        Debtors.¹                            :
------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER REGARDING DEBTORS' SEVENTH
MOTION FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE DEBTORS
PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and between Sears Holding Corporation and its affiliates (collectively, the "**Debtors**") and Hub Group, Inc., d/b/a Hub Group Logistics Services ("**Hub**"). The Debtors and Hub collectively are referred to in this Stipulation as the "**Parties**," and each as a "**Party**." The Parties stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC LicensedBusiness LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

-1-

## **RECITALS**

WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

WHEREAS, the Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

WHEREAS, on October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief*, which provides, among other things, that certain causes of action, including claims and avoidance actions under Chapter 5 of the Bankruptcy Code, belonging to the Debtors and their estates as defined in the Debtors' Plan of Reorganization are preserved.

WHEREAS, on or about January 15, 2020, Hub received a letter from the Debtors (the "**Preference Demand Letter**") where the Debtors asserted a claim against Hub based on alleged preferential payments made by the Debtors to Hub during the 90-day period prior to the Commencement Date.

WHEREAS, on February 11, 2020, counsel for Hub sent a letter to the Debtors' counsel in response to the Preference Demand Letter (the "**Response Letter**") advising the Debtors of Hub's position that the alleged preferential payments were not avoidable as a preference.

WHEREAS, on October 9, 2020, the Debtors commenced an adversary proceeding (the "**Adversary Proceeding**") against Hub in the United States Bankruptcy Court for the Southern District of New York seeking relief with respect to Hub substantially similar to the relief requested in the Preference Demand Letter.

WHEREAS, on November 2, 2020, the Debtors filed a motion (the "**Motion**") with the Bankruptcy Court for orders establishing procedures in adversary proceedings filed by the Debtors to avoid transfers and/or disallow claims, including in the Adversary Proceeding.

WHEREAS after Hub's receipt of the Motion, counsel for the Debtors and counsel for Hub have entered into discussions regarding the Preference Demand Letter and the Response Letter.

WHEREAS the Debtors have agreed to exempt Hub from the relief sought by the Motion and to extend the deadline for Hub to answer the complaint by 60 days in order to facilitate discussions between the Debtors and Hub in an effort to reach a consensual resolution of the Adversary Proceeding.

**TERMS**

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. Effective as of the date of this Stipulation (the "**Effective Date**"), the Motion is withdrawn solely with respect to Hub, and any relief granted by the Bankruptcy Court with respect to the Motion shall not be binding on Hub. Hub reserves all of its rights with respect to any future filings seeking the same or similar relief as set forth in the Motion.

2. Upon the Effective Date, the deadline for Hub to answer the complaint in the Adversary Proceeding shall be extended to a date not less than 90 days from the date of service of the original summons served on Hub in the Adversary Proceeding.

3. The agreed upon extension is without prejudice to the rights of Hub to seek further extensions of the deadline to file an answer to the complaint in the Adversary Proceeding, which the Debtors may grant without further order of the Bankruptcy Court.

4.  By entering into this Stipulation, the Debtors do not waive, and expressly reserve, the right hereafter to move the Bankruptcy Court to enter an order binding Hub to the terms of the order granting the Motion.

5.  Nothing contained herein shall constitute an admission by the Debtors of the validity or relative strength of any affirmative defenses that may be asserted by Hub, and the Debtors reserve all rights to seek the full relief requested in the Adversary Proceeding.

6.  This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7.  Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8.  This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9.  This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: November 18, 2020                                                          Dated: November 17, 2020

By:   */s/ Steven J. Reisman*                                    By:   */s/ Mark A. Cody*
      KATTEN MUCHIN ROSENMAN LLP                                        JONES DAY
      Steven J. Reisman                                                 Mark A. Cody
      575 Madison Avenue                                                77 West Wacker Drive
      New York, NY 10022-2585                                           Suite 3500
      Telephone: (212) 940-8700                                         Chicago, IL 60601-1692
      Fax: (212) 894-5512                                               Telephone: (312) 782-3939
      Email: sreisman@katten.com                                        Fax: (312) 782-8585
                                                                        Email: macody@jonesday.com
      Terence G. Banich (*admitted pro hac vice*)
      525 West Monroe Street                                            *Counsel to Hub Group, Inc.*
      Chicago, Illinois 60661-3693
      Telephone: (312) 902-5200
      Fax: (312) 902-1061
      Email: terence.banich@katten.com

      *Counsel to the Debtors*


SO ORDERED

Dated: _____, 2020
       White Plains, New York

                                                            _____
                                                            THE HONORABLE ROBERT D. DRAIN
                                                            UNITED STATES BANKRUPTCY JUDGE