UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :    Case No. 18-23538 (RDD)
                                                            :
        Debtors.[1]                                         :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO
### RELEASE CONSIGNMENT RESERVE DEPOSIT AMOUNTS

Upon the motion, dated November 4, 2020 (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to release certain funds held in the Consignment Reserve Account on account of the postpetition sale of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Consignment Merchandise, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Debtors are authorized to release from the Consignment Reserve Account the amounts listed in the "Allowed Secured Claim Amount" column in **Exhibit 1** attached hereto.

3. The Debtors are authorized, but not directed, to release funds from the Consignment Reserve Account without further order of the Court, subject to the procedures set forth herein:

    a. the Debtors shall, at least seven (7) business days prior to releasing funds from the Consignment Vendor Account, file with the Court and serve a written notice of such release substantially in the form attached hereto as **Exhibit 2** (the "**Consignment Vendor Notice**"), by e-mail, facsimile, or overnight delivery service on the remaining Consignment Vendors;

    b. the parties receiving a Consignment Vendor Notice shall have seven (7) business days (the "**Notice Period**") after service of the Consignment Vendor Notice to file and serve any objections to a proposed release of funds from the Consignment Vendor Account;

    c. any objections to a proposed release of funds must (A) be in writing, (B) set forth the name of the objecting party, (C) provide the basis for the objection and the specific grounds therefor, (D) be filed electronically with the Court, and (E) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), attorneys for the Debtors, **so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Notice Period;**

    d. if no written objections are timely filed and served during the Notice Period, the Debtors are authorized to release the applicable funds from the Consignment Reserve Account; and

    e. if a written objection is properly filed and served, (A) the objection shall be deemed a request for a hearing on the proposed release of funds, and the objection shall be heard at the next scheduled omnibus hearing in these chapter 11 cases, *provided* that the Debtors reserve the right to adjourn such hearing to a later date in their sole discretion, and (B) the proposed release of funds may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Court specifically approving the proposed release of funds.

4. The Consignment Vendor Notice substantially in the form annexed hereto as **Exhibit 2** is hereby authorized and approved.

5. The Debtors are authorized to take all action reasonably necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 18, 2020
   White Plains, New York

              */s/Robert D. Drain*
              THE HONORABLE ROBERT D. DRAIN
              UNITED STATES BANKRUPTCY JUDGE