**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re:                                          :
                                                :          **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,       :
                                                :          **Case No. 18-23538 (RDD)**
                                                :
            Debtors.[1]                         :          **(Jointly Administered)**
--------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Nuno Cardoso, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On November 18, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on Notice Parties Service List attached hereto as **Exhibit A**:

- Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program [Docket No. 8062]

On November 18, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the Affected Parties Service List attached hereto as **Exhibit B**:

- Amended Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program [Docket No. 8293]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

On November 18, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the Affected Notice Parties Service List attached hereto as **Exhibit C**:

- Final Notice regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program [Docket No. 8350]

On November 18, 2020, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on ManpowerGroup US Inc. (MMLID#7334094), Melissa A. Pena, Norris McLaughlin, P.A., 7 Times Square, 21st Floor, New York, NY, 10036 and on Danecraft, Inc. (MMLID#4140924), Salter McGowan Sylvia & Leonard, Inc., Matthew J. McGowan, 56 Exchange Terrace, Providence, RI, 02903:

- Debtors' Twenty-First Omnibus Objection to Proofs of Claim or Ballots (Reclassified/Disallowed Claims) – Exhibit 1 (a copy of which is attached as **Exhibit D**)

Dated:  November 19, 2020

*/s/ Nuno Cardoso*
Nuno Cardoso

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on November 19, 2020, by Nuno Cardoso, approved to me on the basis of satisfactory evidence to be the person who appeared before me.

*/s/ JAMES A. MAPPLETHORPE*
Notary Public, State of New York
No. 01MA6370846
Qualified in New York County
Commission Expires February 12, 2022

SRF 48251

**<u>Exhibit A</u>**

Exhibit A

Notice Parties Service List
Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|
| 5795045 | CALERES INC | 8300 MARYLAND AVENUE | | ST. LOUIS | MO | 63105 | |
| 5016118 | COCA-COLA SOUTHWEST BEVERAGES, LLC | ATTEN: CREDIT RISK MANAGEMENT | 14185 DALLAS PKWY | DALLAS | TX | 75254 | |
| 4863563 | KELLOGG SALES COMPANY | ONE KELLOGG SQUARE | | BATTLE CREEK | MI | 49017 | |
| 5797558 | MICROSTRATEGY INC | 1850 TOWERS CRESCENT PLAZA | | TYSONS CORNER | VA | 22182 | |
| 5769284 | SCHAWK INC | 1600 SHERWIN AVE | | DES PLAINES | IL | 60018 | |
| 4859534 | SMARTER TOOLS INC | 1903 W. PARKSIDE LANE | #106 | PHOENIX | AZ | 85027 | |
| 4858746 | YOGA DIRECT LLC | PO BOX 2218 | | RICHMOND | VA | 23218-2218 | |
| 5523027 | ZHEJIANG KATA TECHNOLOGY CO LTD | 6/F., #2 BUILDING, NO. 2630 NAN HUAN | ROAD, BINJIANG | HANGZHOU | ZHEJIANG | 310000 | CHINA |

**<u>Exhibit B</u>**

Exhibit B

Affected Parties Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|
| 5795027 | C R GIBSON CO | AMERICASMART, BUILDING 2, SUITE 1837 | 230 SPRING ST. | ATLANTA | GA | 30384 | |
| 7729576 | CHERYL WARD DESIGN | 1230 S 3RD ST | | WATERTOWN | WI | 53094-6503 | |
| 4862185 | MARC ANTHONY COSMETICS LTD | 100 NEW PARK PLACE | SUITE 810 | VAUGHAN | ON | L4K 0H9 | CANADA |
| 4885120 | NEUCO INC | 515 CROSSROADS PKWY | | BOLINGBROOK | IL | 60440 | |
| 5798356 | R2P GROUP INC | 1315 W MACARTHUR RD | # 300 | WICHITA | KS | 67217-2736 | |
| 4805947 | RANDA ACCESSORIES LEATHER GOODS JI | 5600 N RIVER ROAD | 5TH FLOOR | ROSEMONT | IL | 60018 | |
| 5754520 | RM ACQUISITION LLC | 8770 W BRYN MAWR AVE | STE 1400 | CHICAGO | IL | 60631-3584 | |
| 5799640 | VERBATIM AMERICAS LLC | 8210 UNIVERSITY EXECUTIVE PARK DRIVE | SUITE 300 | CHARLOTTE | NC | 28262 | |
| 5523027 | ZHEJIANG KATA TECHNOLOGY CO LTD | 6/F., #2 BUILDING, NO. 2630 NAN HUAN | ROAD, BINJIANG | HANGZHOU | ZHEJIANG | 310000 | CHINA |

## Exhibit C

Exhibit C

Affected Notice Parties  Service List

Served via first class mail

| MMLID | NAME | ADDRESS | ADDRESS 2 | ADDRESS 3 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|
| 4882057 | ATEB INC | DBA OMNICELL | 590 E MIDDLEFIELD ROAD | | MOUNTAIN VIEW | CA | 94303 | |
| 5794902 | BP LUBRICANTS USA INC | PO BOX 485 | | | LEWISTON | NY | 14092 | |
| 7729576 | CHERYL WARD DESIGN | 1230 S 3RD ST | | | WATERTOWN | WI | 53094-6503 | |
| 5795327 | COMMAND LINE SYSTEMS | 12315 PARC CREST DR | STE 160 | | STAFFORD | TX | 77477-2408 | |
| 7729592 | DEBBI PETERSON ARCHITECT | 44 GREENFIELD AVE | | | SAN ANSELMO | CA | 94960-2415 | |
| 5795581 | DIALOGTECH INC | 120 S RIVERSIDE PLZ | STE 1100 | | CHICAGO | IL | 60606-3910 | |
| 4867586 | FRESNO FIRE DEPARTMENT | 911 H. STREET | | | FRESNO | CA | 93721 | |
| 5796451 | HENKEL CONSUMER ADHESIVES | ONE HENKEL WAY | | | ROCK HILL | CT | 06067 | |
| 5645432 | ICEE USA | 265 MASON ROAD | | | LA VERGNE | TN | 37086 | |
| 4867857 | JMD LANDSCAPING LLC | JUSTIN DEFELICE, OWNER | 37 HILL ST | | NEW CANAAN | CT | 06840 | |
| 4863563 | KELLOGG SALES COMPANY | ONE KELLOGG SQUARE | | | BATTLE CREEK | MI | 49017 | |
| 7729642 | KRISTEN RAYBON | 5121 HIDDEN HARBOR RD | | | SARASOTA | FL | 34242 | |
| 4865308 | LUXE GROUP INC THE | 362 WEST BROADWAY | | | NEW YORK | NY | 10013 | |
| 4862185 | MARC ANTHONY COSMETICS LTD | 100 NEW PARK PLACE | SUITE 810 | | VAUGHAN | ON | L4K 0H9 | CANADA |
| 4868107 | MAX COLOR LLC | 1815 S MEYERS RD | STE 610 | | OAKBROOK TER | IL | 60181-5260 | |
| 5797720 | MULTIPET INTERNATIONAL INC | 55 MADISON CIRCLE DR | STE 1 | | E RUTHERFORD | NJ | 07073-2231 | |
| 5797757 | NATERRA INTERNATIONAL INC | 1250 FREEPORT PARKWAY | | | COPPELL | TX | 75019 | |
| 4860813 | NATICO ORIGINALS INC | 575 UNDERHILL BLVD | STE 325 | | SYOSSET | NY | 11791-3439 | |
| 4885120 | NEUCO INC | 515 CROSSROADS PKWY | | | BOLINGBROOK | IL | 60440 | |
| 5797930 | OLD WORLD INDUSTRIES LLC | 3100 N. SANDERS RD | | | NORTHBROOK | IL | 60062 | |
| 4882706 | OPSTECHNOLOGY INC | REALPAGE | 2201 LAKESIDE BLVD | | RICHARDSON | TX | 75082 | |
| 7729679 | PARLOR 430 | 1980 FESTIVAL PLAZA DRIVE | SUITE 400 | | LAS VEGAS | NV | 89135 | |
| 4861301 | PETERSON TECHNOLOGY PARTNERS | 1030 W HIGGINS RD | SUITE 230 | | PARK RIDGE | IL | 60068 | |
| 4858155 | PURACAP PHARMACEUTICAL LLC | 20 KINGSBRIDGE ROAD | | | PISCATAWAY | NJ | 08854 | |
| 5798462 | RESCUE WOODWORKS | JOHN BECK | 9050 RED BRANCH ROAD | SUITE G | COLUMBIA | MD | 21045 | |
| 5754520 | RM ACQUISITION LLC | 8770 W BRYN MAWR AVE | STE 1400 | | CHICAGO | IL | 60631-3584 | |
| 5769284 | SCHAWK INC | 1600 SHERWIN AVE | | | DES PLAINES | IL | 60018 | |
| 4882441 | SOS MAINTENANCE INC | 8000 COPPER AVE | # 8-316 | | GLENDALE | NY | 11385 | |
| 4858491 | SOUTHWEST TOWN MECHANICAL SERVICES | 22349 COMMERCE PKWY | | | FRANKFORT | IL | 60423-4731 | |
| 4806239 | SUNNYWOOD INC | 2750 BARNEY CT | | | MCHENRY | IL | 60051-4565 | |
| 4806762 | TRIANGLE HOME FASHIONS | 120 TICES LN | | | E BRUNSWICK | NJ | 08816-2052 | |
| 4861376 | VERSAIC INC | 32 W. 25TH AVE | | | SAN MATEO | CA | 94403 | |
| 4858746 | YOGA DIRECT LLC | PO BOX 2218 | | | RICHMOND | VA | 23218-2218 | |
| 5523027 | ZHEJIANG KATA TECHNOLOGY CO LTD | 6/F., #2 BUILDING, NO. 2630 NAN HUAN | ROAD, BINJIANG | | HANGZHOU | ZHEJIANG | 310000 | CHINA |

## Exhibit D

THIS OMNIBUS OBJECTION SEEKS TO REDUCE OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM OR SUBMITTED BALLOTS.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS OR BALLOTS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) OR BALLOT(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S) OR BALLOT(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, NEECKAUN IRANI, ESQ., AT (650) 802-3019.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
## TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED CLAIMS)

**PLEASE TAKE NOTICE** that, on September 14, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Twenty-First Omnibus Objection to Proofs of Claim (Reclassified/Disallowed Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reclassify or disallow and expunge one or more proofs of claim (the "**Proofs of Claim**") or ballots (the "**Ballots**") listed on **Exhibit A** and **Exhibit B** annexed hereto, on the ground(s) that the Debtors have no liability under such Proof of Claim or Ballots because for such Proofs of Claim or Ballots: (i) supporting documentation indicates that the claims are non-Administrative Expense Claims; (ii) the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off; (iii) the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code; (iv) the supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; (v) the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course; (vi) the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**"); (vii) associated contract or lease was assumed and assigned to Transform HoldCo; (viii) the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit C**, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the reclassification or disallowance and expungement of a Proof of Claim or Ballot without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the reclassification or disallowance and expungement of its applicable Proof(s) of Claim or Ballot(s) as listed on **Exhibit A** and **Exhibit B** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the reclassification or disallowance and expungement of its applicable Proof(s) of Claim or Ballot(s) as listed on **Exhibit A** and **Exhibit B** annexed hereto, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **October 9, 2020, at 4:00 p.m.  (prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys

2

practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

        **PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Proof of Claim or Ballot; (iii) a concise statement setting forth the reasons why the Proof of Claim or Ballot should not be reclassified or disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Proof of Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Proof of Claim or Ballots on Claimant's behalf.

        **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein.  A Response will be deemed timely filed, served, and received only if the original Response is <u>actually</u> <u>received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D.  Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

        **PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **October 15, 2020 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**").  If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Proof(s) of Claim or Ballot(s) that are the subject of such Response.  If the Debtors do continue the Hearing with respect to such Proof(s) of Claim or Ballot(s), then the Hearing on the Objection with respect to such Proof(s) of Claim or Ballot(s) will be held at a later date.  If the Debtors do not continue the Hearing with respect to such Proof(s) of Claim or Ballot(s), then a Hearing on the Objection will be conducted on the above date.

PLEASE TAKE FURTHER NOTICE that if Claimant does not timely file and serve a Response to the Objection with respect to the Claims listed on **Exhibit A** and **Exhibit B** hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit C** to the Objection, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that, if the Bankruptcy Court does NOT disallow and expunge the Proof(s) of Claim or Ballots listed on **Exhibit A** and **Exhibit B**, the Debtors retain the right to object on other grounds to the Proof(s) of Claim or Ballot(s) (or to any other Proof(s) of Claim or Ballot(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

PLEASE TAKE FURTHER NOTICE that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears. **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Proof(s) of Claim or Ballot(s).**

Dated: September 18, 2020
New York, New York

*/s/ Garrett A. Fail*
_____
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

4

## **Exhibit A**

**Disputed Claims - Non-Real Estate Claims**

Debtors' Twenty first Omnibus Objection
Exhibit A

18-23538-rdd   Doc 8455   Filed 09/18/20   Entered 09/18/20 20:54:01   Main Document
Pg 165 of 333

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

**Reduced and Reclassified Claims [1]**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2][3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | ADAMS, PATRICIA | 9124 | 182353801043204 | Asserted | $5,240.66 | | | $2,850.00 | | $8,090.66 | (i) |
| | | | | Surviving | $0.00 | | | $0.00 | | $0.00 | |
| 2. | AMERICAN RING CO INC | * | 182353801017299 | Asserted | $43,407.46 | | | | | $43,407.46 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 3. | ARS ECOMMERCE, LLC | 20501 | 182353801017332 | Asserted | $0.00 | $121,500.00 | | | | $121,500.00 | (iii) |
| | | | | Surviving | $0.00 | $0.00 | | | $121,500.00 | $121,500.00 | |
| 4. | BANKS, LISA TURNER | 7684; 8329 | 182353801042831 | Asserted | $2,688.78 | | | $3,771.01 | | $6,459.79 | (i) |
| | | | | Surviving | $0.00 | | | $3,771.01 | | $3,771.01 | |
| 5. | C COWLES & COMPANY | * | 182353801016522 | Asserted | $6,842.40 | | | | | $6,842.40 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 6. | CHIEFTEX S.A. DE C.V. | 1625, 1792 | 182353801043176 | Asserted | $108,467.24 | | | | | $108,467.24 | (iii) |
| | | | | Surviving | $0.00 | | | | $108,467.24 | $108,467.24 | |
| 7. | CREATIVE CIRCLE, LLC | 26275 | N/A | Asserted | $26,894.76 | | | $95,565.50 | $22,579.63 | $145,039.89 | (iii)(vi) |
| | | | | Surviving | $0.00 | | | $0.00 | $145,039.89 | $145,039.89 | |
| 8. | DANECRAFT, INC. | 4638; 4699 | 182353801042866 | Asserted | $169,232.80 | | | | $70,104.93 | $239,337.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $70,104.93 | $70,104.93 | |
| 9. | DIAMOND COSMETICS INC | * | 182353801016597 | Asserted | $35,998.70 | | | | | $35,998.70 | (ii)(iii) |
| | | | | Surviving | $0.00 | | | | $35,412.41 | $35,412.41 | |
| 10. | FORD, VALERIA | * | 182353801042309 | Asserted | $200.00 | | | | | $200.00 | (i) |
| | | | | Surviving | $0.00 | | | | $200.00 | $200.00 | |
| 11. | GERBER CHILDRENSWEAR INC | 15232; 16077 | 182353801015673 | Asserted | $28,610.00 | | | | $261,117.43 | $289,727.43 | (ii) |
| | | | | Surviving | $5,726.00 | | | | $261,117.43 | $266,843.43 | |
| 12. | IDM INC | 16345; 16721; 16795 | 182353801015372 | Asserted | $25,425.00 | | | | $142,242.00 | $167,667.00 | (iii) |
| | | | | Surviving | $5,443.20 | | | | $50,445.80 | $55,889.00 | |
| 13. | JOSE SANTIAGO INC | 5116 | 182353801040377 | Asserted | $53,343.98 | | | | $294,190.30 | $347,534.28 | (iii) |
| | | | | Surviving | $50,924.98 | | | | $296,609.30 | $347,534.28 | |
| 14. | KOPKE, BARRY D | * | 182353801040395 | Asserted | $1,500.00 | | | | | $1,500.00 | (i) |
| | | | | Surviving | $0.00 | | | | $1,500.00 | $1,500.00 | |
| 15. | MANPOWERGROUP US INC. | 20534 | 182353801043369 | Asserted | | $117,579.66 | | | | $117,579.66 | (iv) |
| | | | | Surviving | | $0.00 | | | | $0.00 | |
| 16. | MICHLEY ELECTRONICS INC. | 13873; 13885 | 182353801041743 | Asserted | $10,497.60 | | | | $48,782.40 | $59,280.00 | (ii) |
| | | | | Surviving | $0.00 | | | | $48,782.40 | $48,782.40 | |
| 17. | MILBERG FACTORS INC | 8855; 8856 | 182353801019279 | Asserted | $104,360.84 | | | | | $104,360.84 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | NORTHLAND MECHANICAL CONTRACTORS INC | * | 182353801042023 | Asserted | $18,037.29 | | | | | $18,037.29 | (iv) |
| | | | | Surviving | $9,923.29 | | | | | $9,923.29 | |
| 19. | OMEGA & DELTA CO, INC | * | 182353801040545 | Asserted | $9,974.55 | | | | | $9,974.55 | (iii) |
| | | | | Surviving | $0.00 | | | | $9,974.55 | $9,974.55 | |
| 20. | OXO INTERNATIONAL LTD | 9824; 10026; 13706; 13728; 13835 | 182353801019683 | Asserted | $813,167.75 | | | | $39,425.37 | $852,593.12 | (ii) |
| | | | | Surviving | $0.00 | | | | $13,141.79 | $13,141.79 | |
| 21. | PEGGS CO | 5135; 5162 | 182353801019752 | Asserted | $10,947.60 | | | | $22,873.61 | $33,821.21 | (iii) |
| | | | | Surviving | $0.00 | | | | $33,821.21 | $33,821.21 | |
| 22. | PHELPS INDUSTRIES LLC | * | 182353801019798 | Asserted | $100,000.00 | | | | | $100,000.00 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 23. | RAZOR USA LLC | 19159; 19170 | 182353801020055 | Asserted | $37,453.95 | | | | $1,443,909.78 | $1,481,363.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $1,443,909.78 | $1,443,909.78 | |
| 24. | RIZWAN, RUKHSANA | 12593 | 182353801020139 | Asserted | $4,398.70 | | | | | $4,398.70 | (i) |
| | | | | Surviving | $0.00 | | | | $4,398.70 | $4,398.70 | |
| 25. | RIZWAN, WAJEEHA | 1952 | 182353801021135 | Asserted | $2,905.76 | | | | | $2,905.76 | (i) |
| | | | | Surviving | $0.00 | | | | $2,905.76 | $2,905.76 | |
| 26. | S.C. JOHNSON & SON, INC. | 16384 | 182353801040688 | Asserted | $16,907.58 | | | | $6,471.30 | $23,378.88 | (ii) |
| | | | | Surviving | $73.06 | | | | $6,471.30 | $6,544.36 | |
| 27. | SHAGHAL, LTD. | 7035 | 182353801043366 | Asserted | $354,671.75 | $1,341,414.43 | | | | $1,696,086.18 | (ii)(iv) |
| | | | | Surviving | $4,092.40 | $1,341,414.43 | | | | $1,345,506.83 | |
| 28. | SPECTRUM BRANDS INC | 12057 | 182353801018857 | Asserted | $15,972.00 | | | | $307,343.17 | $323,315.17 | (ii) |
| | | | | Surviving | $9,124.50 | | | | $307,343.17 | $316,467.67 | |
| 29. | TRACFONE WIRELESS INC | 13461 | 182353801043374 | Asserted | $2,699.40 | $24,550.73 | | | $409,963.50 | $437,213.63 | (iv) |
| | | | | Surviving | $2,699.40 | $9,305.25 | | | $409,963.50 | $421,968.15 | |
| 30. | WORLD TECH TOYS INC | 5849; 14174 | 182353801021333 | Asserted | $45,708.00 | | | | $442,168.54 | $487,876.54 | (ii)(iii)(iv) |
| | | | | Surviving | $13,173.49 | | | | $442,415.04 | $455,588.53 | |

Debtors' Twenty first Omnibus Objection
Exhibit A

18-23538-rdd    Doc 8455    Filed 09/18/20    Entered 09/18/20 20:54:01    Main Document
Pg 16 of 33

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | Reduced and Reclassified Claims [1] | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2 3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |

\* Claimant does not have any surviving proof of claim pertaining to administrative expense claim

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Reflects the greater of the sum of asserted administrative expense claim amount for Affected Claim No. and Affected Ballot No

[3] Reflects the asserted administrative expense claim amount for Affected Ballot No. for claims without any proof of claim related to administartive expense claim and additional support for the ballot

[4] Corresponding reasons are as follows:

   (i)   supporting documentation indicates that the claims are non-Administrative Expense Claims;

   (ii)  the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;

   (iii)  the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;

   (iv)  the supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim;

   (v)  the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course;

   (vi)  the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**");

   (vii)  associated contract or lease was assumed and assigned to Transform Holdco;

   (viii)  the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
```
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al*., | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
```
--------------------------------------------------------------x
```

## DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
## TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY OR DISALLOW CERTAIN
FILED PROOFS OF CLAIM OR BALLOTS.  CLAIMANTS RECEIVING THIS
OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS OR
BALLOTS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE
DEBTORS' COUNSEL, NEECKAUN IRANI, ESQ., AT (650) 802-3019.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in

support of this omnibus objection (the "**Objection**"):

### Background

1.       Beginning on October 15, 2018 (the "**Commencement Date**") and continuing

thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern

District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the

United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their

business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

2.       On October 24, 2018, the United States Trustee for Region 2 appointed an official

committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been

appointed in these chapter 11 cases.

3.       The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**").

4.       On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the*

*Asset Purchase Agreement* Among *Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors'*

*Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC ("**Transform**").

5.    On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370).

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.    This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.    The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order reclassifying or disallowing and expunging the non-real estate Claims[3] listed on **Exhibit A**  and the real estate Claims listed on **Exhibit B** (collectively the "**Disputed Claims**"), as set forth on **Exhibit A** and **Exhibit B,** both annexed hereto.

9.    The Debtors have examined each Disputed Claim, all documentation provided with respect to each Disputed Claim, and the Debtors' respective books and records, and have determined in

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

[3] For purposes of this Objection, any reference to Claims also include any ballots submitted in connection with the Administrative Expense Claims Consent Program (as defined in the Confirmation Order).

each case the Disputed Claim asserts either administrative or priority claims against the Debtors for which the Debtors have no liability, in whole or in part. Each of the Disputed Claims should be reclassified or disallowed and expunged in accordance with **Exhibit A** and **Exhibit B** on one or more of the following bases: (i) supporting documentation indicates that the claims are non-Administrative Expense Claims; (ii) the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off; (iii) the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code; (iv) the supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; (v) the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course; (vi) the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**"); (vii) associated contract or lease was assumed and assigned to Transform; (viii) the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim.

10.     The Debtors, therefore, request that the Disputed Claims be reclassified or disallowed and expunged to the extent set forth on **Exhibit A** and **Exhibit B**. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

### The Disputed Claims Should Be Reduced or Reclassified

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R.

4

814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

13.     In addition, a Claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority. *See, e.g.*, *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

14.     As set forth above, certain of the Disputed Claims seek recovery for amounts for which the Debtors are not liable, either in whole or in part. Additionally, certain other of the Disputed Claims improperly assert that such Disputed Claims are entitled to administrative expense priority under section 503(b) of the Bankruptcy Code. Such claims are routinely reduced and/or reclassified when unsupported or as otherwise appropriate. *See, e.g.*, *In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims);

*In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same). Further, this Bankruptcy Court routinely disallows and expunges claims for which no supporting documentation has been submitted by the claimant. *See, e.g.*, *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Apr. 11, 2017) (ECF No. 1164) (disallowing and expunging claims without sufficient documentation); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Apr. 21, 2016) (ECF No. 478) (same); *see* Bar Date Order at 6(d) ("Proofs of Claim must . . . include supporting documentation . . .").

15.     The Debtors have reviewed the Disputed Claims, all documents furnished by the claimants with respect to the Disputed Claims, and the Debtors' books and records, and have determined that each Disputed Claim, asserts a claim for which the Debtors have no corresponding liability.

16.     Therefore, the Debtors are not liable for the Disputed Claims. To ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the Debtors' estates, the Debtors request that the Court reclassify or disallow and expunge the Disputed Claims as set forth on **Exhibit A** and **Exhibit B**.

### Reservation of Rights

17.     The Debtors hereby reserve the right to object in the future to any of the Disputed Claim subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

### Notice

18.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on

6

November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: September 18, 2020
         New York, New York

                                        */s/  Garrett A. Fail*
                                        Ray C. Schrock, P.C.
                                        Jacqueline Marcus
                                        Garrett A. Fail
                                        Sunny Singh
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007

                                        *Attorneys for Debtors*
                                        *and Debtors in Possession*

## **Exhibit A**

**Non-Real Estate Claims**

Debtors' Twenty first Omnibus Objection
Exhibit A

18-23538-rdd    Doc 8465    Filed 09/18/20    Entered 09/18/20 20:54:01    Main Document
Pg 25 of 33

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

**Reduced and Reclassified Claims [1]**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2][3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | ADAMS, PATRICIA | 9124 | 182353801043204 | Asserted | $5,240.66 | | | $2,850.00 | | $8,090.66 | (i) |
| | | | | Surviving | $0.00 | | | $0.00 | | $0.00 | |
| 2. | AMERICAN RING CO INC | * | 182353801017299 | Asserted | $43,407.46 | | | | | $43,407.46 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 3. | ARS ECOMMERCE, LLC | 20501 | 182353801017332 | Asserted | $0.00 | $121,500.00 | | | | $121,500.00 | (iii) |
| | | | | Surviving | $0.00 | $0.00 | | | $121,500.00 | $121,500.00 | |
| 4. | BANKS, LISA TURNER | 7684; 8329 | 182353801042831 | Asserted | $2,688.78 | | | $3,771.01 | | $6,459.79 | (i) |
| | | | | Surviving | $0.00 | | | $3,771.01 | | $3,771.01 | |
| 5. | C COWLES & COMPANY | * | 182353801016522 | Asserted | $6,842.40 | | | | | $6,842.40 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 6. | CHIEFTEX S.A. DE C.V. | 1625, 1792 | 182353801043176 | Asserted | $108,467.24 | | | | | $108,467.24 | (iii) |
| | | | | Surviving | $0.00 | | | | $108,467.24 | $108,467.24 | |
| 7. | CREATIVE CIRCLE, LLC | 26275 | N/A | Asserted | $26,894.76 | | $95,565.50 | | $22,579.63 | $145,039.89 | (iii)(vi) |
| | | | | Surviving | $0.00 | | $0.00 | | $145,039.89 | $145,039.89 | |
| 8. | DANECRAFT, INC. | 4638; 4699 | 182353801042866 | Asserted | $169,232.80 | | | | $70,104.93 | $239,337.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $70,104.93 | $70,104.93 | |
| 9. | DIAMOND COSMETICS INC | * | 182353801016597 | Asserted | $35,998.70 | | | | | $35,998.70 | (ii)(iii) |
| | | | | Surviving | $0.00 | | | | $35,412.41 | $35,412.41 | |
| 10. | FORD, VALERIA | * | 182353801042309 | Asserted | $200.00 | | | | | $200.00 | (i) |
| | | | | Surviving | $0.00 | | | | $200.00 | $200.00 | |
| 11. | GERBER CHILDRENSWEAR INC | 15232; 16077 | 182353801015673 | Asserted | $28,610.00 | | | | $261,117.43 | $289,727.43 | (ii) |
| | | | | Surviving | $5,726.00 | | | | $261,117.43 | $266,843.43 | |
| 12. | IDM INC | 16345; 16721; 16795 | 182353801015372 | Asserted | $25,425.00 | | | | $142,242.00 | $167,667.00 | (iii) |
| | | | | Surviving | $5,443.20 | | | | $50,445.80 | $55,889.00 | |
| 13. | JOSE SANTIAGO INC | 5116 | 182353801040377 | Asserted | $53,343.98 | | | | $294,190.30 | $347,534.28 | (iii) |
| | | | | Surviving | $50,924.98 | | | | $296,609.30 | $347,534.28 | |
| 14. | KOPKE, BARRY D | * | 182353801040395 | Asserted | $1,500.00 | | | | | $1,500.00 | (i) |
| | | | | Surviving | $0.00 | | | | $1,500.00 | $1,500.00 | |
| 15. | MANPOWERGROUP US INC. | 20534 | 182353801043369 | Asserted | | $117,579.66 | | | | $117,579.66 | (iv) |
| | | | | Surviving | | $0.00 | | | | $0.00 | |
| 16. | MICHLEY ELECTRONICS INC. | 13873; 13885 | 182353801041743 | Asserted | $10,497.60 | | | | $48,782.40 | $59,280.00 | (ii) |
| | | | | Surviving | $0.00 | | | | $48,782.40 | $48,782.40 | |
| 17. | MILBERG FACTORS INC | 8855; 8856 | 182353801019279 | Asserted | $104,360.84 | | | | | $104,360.84 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | NORTHLAND MECHANICAL CONTRACTORS INC | * | 182353801042023 | Asserted | $18,037.29 | | | | | $18,037.29 | (iv) |
| | | | | Surviving | $9,923.29 | | | | | $9,923.29 | |
| 19. | OMEGA & DELTA CO, INC | * | 182353801040545 | Asserted | $9,974.55 | | | | | $9,974.55 | (iii) |
| | | | | Surviving | $0.00 | | | | $9,974.55 | $9,974.55 | |
| 20. | OXO INTERNATIONAL LTD | 9824; 10026; 13706; 13728; 13835 | 182353801019683 | Asserted | $813,167.75 | | | | $39,425.37 | $852,593.12 | (ii) |
| | | | | Surviving | $13,141.79 | | | | | $13,141.79 | |
| 21. | PEGGS CO | 5135; 5162 | 182353801019752 | Asserted | $10,947.60 | | | | $22,873.61 | $33,821.21 | (iii) |
| | | | | Surviving | $0.00 | | | | $33,821.21 | $33,821.21 | |
| 22. | PHELPS INDUSTRIES LLC | * | 182353801019798 | Asserted | $100,000.00 | | | | | $100,000.00 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 23. | RAZOR USA LLC | 19159; 19170 | 182353801020055 | Asserted | $37,453.95 | | | | $1,443,909.78 | $1,481,363.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $1,443,909.78 | $1,443,909.78 | |
| 24. | RIZWAN, RUKHSANA | 12593 | 182353801020139 | Asserted | $4,398.70 | | | | | $4,398.70 | (i) |
| | | | | Surviving | $0.00 | | | | $4,398.70 | $4,398.70 | |
| 25. | RIZWAN, WAJEEHA | 1952 | 182353801021135 | Asserted | $2,905.76 | | | | | $2,905.76 | (i) |
| | | | | Surviving | $0.00 | | | | $2,905.76 | $2,905.76 | |
| 26. | S.C. JOHNSON & SON, INC. | 16384 | 182353801040688 | Asserted | $16,907.58 | | | | $6,471.30 | $23,378.88 | (ii) |
| | | | | Surviving | $73.06 | | | | $6,471.30 | $6,544.36 | |
| 27. | SHAGHAL, LTD. | 7035 | 182353801043366 | Asserted | $354,671.75 | $1,341,414.43 | | | | $1,696,086.18 | (ii)(iv) |
| | | | | Surviving | $4,092.40 | $1,341,414.43 | | | | $1,345,506.83 | |
| 28. | SPECTRUM BRANDS INC | 12057 | 182353801018857 | Asserted | $15,972.00 | | | | $307,343.17 | $323,315.17 | (ii) |
| | | | | Surviving | $9,124.50 | | | | $307,343.17 | $316,467.67 | |
| 29. | TRACFONE WIRELESS INC | 13461 | 182353801043374 | Asserted | $2,699.40 | $24,550.73 | | | $409,963.50 | $437,213.63 | (iv) |
| | | | | Surviving | $2,699.40 | $9,305.25 | | | $409,963.50 | $421,968.15 | |
| 30. | WORLD TECH TOYS INC | 5849; 14174 | 182353801021333 | Asserted | $45,708.00 | | | | $442,168.54 | $487,876.54 | (ii)(iii)(iv) |
| | | | | Surviving | $13,173.49 | | | | $442,415.04 | $455,588.53 | |

Debtors' Twenty first Omnibus Objection
Exhibit A

18-23538-rdd   Doc 9455   Filed 09/18/20   Entered 09/18/20 20:54:01   Main Document
Pg 26 of 33

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | Reduced and Reclassified Claims [1] | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2][3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |

\* Claimant does not have any surviving proof of claim pertaining to administrative expense claim

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Reflects the greater of the sum of asserted administrative expense claim amount for Affected Claim No. and Affected Ballot No

[3] Reflects the asserted administrative expense claim amount for Affected Ballot No. for claims without any proof of claim related to administrartive expense claim and additional support for the ballot

[4] Corresponding reasons are as follows:

   (i)    supporting documentation indicates that the claims are non-Administrative Expense Claims;

   (ii)   the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;

   (iii)  the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;

   (iv)  the supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim;

   (v)   the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course;

   (vi)  the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**");

   (vii)  associated contract or lease was assumed and assigned to Transform Holdco;

   (viii) the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim

**<u>Exhibit C</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                          :          Chapter 11
                                               :
SEARS HOLDINGS CORPORATION, *et al.*,          :          Case No. 18-23538 (RDD)
                                               :
          Debtors.[1]                          :          (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION
### TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFIED/DISALLOWED CLAIMS)

Upon the *Debtors' Twenty-First Omnibus Objection to Proofs of Claim (Reclassified/Disallowed Claims)*, filed September 14, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying and disallowing and expunging the Disputed Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having

been provided, and it appearing that no other or further notice need be provided in accordance with the

Amended Case Management Order; and such notice having been adequate and appropriate under the

circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court

having held a hearing to consider the relief requested in the Objection on October 15, 2020 (the

"**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the

Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth

in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors,

their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause

appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each

proof of claim or ballot listed on **Exhibit 1** and **Exhibit 2** (collectively the "**Disputed Claims**") is

reclassified or disallowed and expunged in the amounts set forth in the rows labeled "Surviving."

3.      Each Claim that lists $0.00 as the "Surviving" claim under the column "*Total

Claim*" in **Exhibit 1** and **Exhibit 2** shall be disallowed and expunged in its entirety.

4.      Nothing in this Order or in the Objection (i) constitutes any finding or determination

concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC

or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or

(ii) imposes any obligation on Transform to satisfy any of the Disputed Claims listed on **Exhibit 1** and

**Exhibit 2** annexed hereto, as to which all of Transform's rights and defenses are expressly reserved.

5.      This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.      The terms and conditions of this Order are effective immediately upon entry.


Dated:    _____, 2020
          White Plains, New York


                              _____
                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Non-Real Estate Claims**

Debtors' Twenty first Omnibus Objection
Exhibit 1

18-23538-rdd   Doc 8455   Filed 09/18/20   Entered 09/18/20 28:54:01   Main Document

Pg 32 of 33

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

**Reduced and Reclassified Claims [1]**

| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | 503(b)(9) Administrative Priority Claim [2][3] | Administrative Priority Claim [2] | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction or Reclassification [4] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | ADAMS, PATRICIA | 9124 | 182353801043204 | Asserted | $5,240.66 | | | $2,850.00 | | $8,090.66 | (i) |
| | | | | Surviving | $0.00 | | | $0.00 | | $0.00 | |
| 2. | AMERICAN RING CO INC | * | 182353801017299 | Asserted | $43,407.46 | | | | | $43,407.46 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 3. | ARS ECOMMERCE, LLC | 20501 | 182353801017332 | Asserted | $0.00 | $121,500.00 | | | | $121,500.00 | (iii) |
| | | | | Surviving | $0.00 | $0.00 | | | $121,500.00 | $121,500.00 | |
| 4. | BANKS, LISA TURNER | 7684; 8329 | 182353801042831 | Asserted | $2,688.78 | | | $3,771.01 | | $6,459.79 | (i) |
| | | | | Surviving | $0.00 | | | $3,771.01 | | $3,771.01 | |
| 5. | C COWLES & COMPANY | * | 182353801016522 | Asserted | $6,842.40 | | | | | $6,842.40 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 6. | CHIEFTEX S.A. DE C.V. | 1625, 1792 | 182353801043176 | Asserted | $108,467.24 | | | | | $108,467.24 | (iii) |
| | | | | Surviving | $0.00 | | | | $108,467.24 | $108,467.24 | |
| 7. | CREATIVE CIRCLE, LLC | 26275 | N/A | Asserted | $26,894.76 | | $95,565.50 | | $22,579.63 | $145,039.89 | (iii)(vi) |
| | | | | Surviving | $0.00 | | $0.00 | | $145,039.89 | $145,039.89 | |
| 8. | DANECRAFT, INC. | 4638; 4699 | 182353801042866 | Asserted | $169,232.80 | | | | $70,104.93 | $239,337.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $70,104.93 | $70,104.93 | |
| 9. | DIAMOND COSMETICS INC | * | 182353801016597 | Asserted | $35,998.70 | | | | | $35,998.70 | (ii)(iii) |
| | | | | Surviving | $0.00 | | | | $35,412.41 | $35,412.41 | |
| 10. | FORD, VALERIA | * | 182353801042309 | Asserted | $200.00 | | | | | $200.00 | (i) |
| | | | | Surviving | $0.00 | | | | $200.00 | $200.00 | |
| 11. | GERBER CHILDRENSWEAR INC | 15232; 16077 | 182353801015673 | Asserted | $28,610.00 | | | | $261,117.43 | $289,727.43 | (ii) |
| | | | | Surviving | $5,726.00 | | | | $261,117.43 | $266,843.43 | |
| 12. | IDM INC | 16345; 16721; 16795 | 182353801015372 | Asserted | $25,425.00 | | | | $142,242.00 | $167,667.00 | (iii) |
| | | | | Surviving | $5,443.20 | | | | $50,445.80 | $55,889.00 | |
| 13. | JOSE SANTIAGO INC | 5116 | 182353801040377 | Asserted | $53,343.98 | | | | $294,190.30 | $347,534.28 | (iii) |
| | | | | Surviving | $50,924.98 | | | | $296,609.30 | $347,534.28 | |
| 14. | KOPKE, BARRY D | * | 182353801040395 | Asserted | $1,500.00 | | | | | $1,500.00 | (i) |
| | | | | Surviving | $0.00 | | | | $1,500.00 | $1,500.00 | |
| 15. | MANPOWERGROUP US INC. | 20534 | 182353801043369 | Asserted | | $117,579.66 | | | | $117,579.66 | (iv) |
| | | | | Surviving | | $0.00 | | | | $0.00 | |
| 16. | MICHLEY ELECTRONICS INC. | 13873; 13885 | 182353801041743 | Asserted | $10,497.60 | | | | $48,782.40 | $59,280.00 | (ii) |
| | | | | Surviving | $0.00 | | | | $48,782.40 | $48,782.40 | |
| 17. | MILBERG FACTORS INC | 8855; 8856 | 182353801019279 | Asserted | $104,360.84 | | | | | $104,360.84 | (ii) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 18. | NORTHLAND MECHANICAL CONTRACTORS INC | * | 182353801042023 | Asserted | $18,037.29 | | | | | $18,037.29 | (iv) |
| | | | | Surviving | $9,923.29 | | | | | $9,923.29 | |
| 19. | OMEGA & DELTA CO, INC | * | 182353801040545 | Asserted | $9,974.55 | | | | | $9,974.55 | (iii) |
| | | | | Surviving | $0.00 | | | | $9,974.55 | $9,974.55 | |
| 20. | OXO INTERNATIONAL LTD | 9824; 10026; 13706; 13728; 13835 | 182353801019683 | Asserted | $813,167.75 | | | | $39,425.37 | $852,593.12 | (ii) |
| | | | | Surviving | $0.00 | | | | $13,141.79 | $13,141.79 | |
| 21. | PEGGS CO | 5135; 5162 | 182353801019752 | Asserted | $10,947.60 | | | | $22,873.61 | $33,821.21 | (iii) |
| | | | | Surviving | $0.00 | | | | $33,821.21 | $33,821.21 | |
| 22. | PHELPS INDUSTRIES LLC | * | 182353801019798 | Asserted | $100,000.00 | | | | | $100,000.00 | (iv) |
| | | | | Surviving | $0.00 | | | | | $0.00 | |
| 23. | RAZOR USA LLC | 19159; 19170 | 182353801020055 | Asserted | $37,453.95 | | | | $1,443,909.78 | $1,481,363.73 | (ii) |
| | | | | Surviving | $0.00 | | | | $1,443,909.78 | $1,443,909.78 | |
| 24. | RIZWAN, RUKHSANA | 12593 | 182353801020139 | Asserted | $4,398.70 | | | | | $4,398.70 | (i) |
| | | | | Surviving | $0.00 | | | | $4,398.70 | $4,398.70 | |
| 25. | RIZWAN, WAJEEHA | 1952 | 182353801021135 | Asserted | $2,905.76 | | | | | $2,905.76 | (i) |
| | | | | Surviving | $0.00 | | | | $2,905.76 | $2,905.76 | |
| 26. | S.C. JOHNSON & SON, INC. | 16384 | 182353801040688 | Asserted | $16,907.58 | | | | $6,471.30 | $23,378.88 | (ii) |
| | | | | Surviving | $73.06 | | | | $6,471.30 | $6,544.36 | |
| 27. | SHAGHAL, LTD. | 7035 | 182353801043366 | Asserted | $354,671.75 | $1,341,414.43 | | | | $1,696,086.18 | (ii)(iv) |
| | | | | Surviving | $4,092.40 | $1,341,414.43 | | | | $1,345,506.83 | |
| 28. | SPECTRUM BRANDS INC | 12057 | 182353801018857 | Asserted | $15,972.00 | | | | $307,343.17 | $323,315.17 | (ii) |
| | | | | Surviving | $9,124.50 | | | | $307,343.17 | $316,467.67 | |
| 29. | TRACFONE WIRELESS INC | 13461 | 182353801043374 | Asserted | $2,699.40 | $24,550.73 | | | $409,963.50 | $437,213.63 | (iv) |
| | | | | Surviving | $2,699.40 | $9,305.25 | | | $409,963.50 | $421,968.15 | |
| 30. | WORLD TECH TOYS INC | 5849; 14174 | 182353801021333 | Asserted | $45,708.00 | | | | $442,168.54 | $487,876.54 | (ii)(iii)(iv) |
| | | | | Surviving | $13,173.49 | | | | $442,415.04 | $455,588.53 | |

Debtors' Twenty first Omnibus Objection
Exhibit 1

18-23538-rdd   Doc 8465   Filed 09/18/20   Entered 09/18/20 28:54:01   Main Document
Pg 33 of 33

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | 503(b)(9) | Administrative | | | General | | Reasons for |
| Ref # | Name of Claimant | Affected Claim No. | Affected Ballot No. | Claim Amounts | Administrative Priority Claim [2][3] | Priority Claim [2] | Secured Claim | Priority Claim | Unsecured Claim | Total Claim | Reduction or Reclassification [4] |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Reduced and Reclassified Claims [1]

\* Claimant does not have any surviving proof of claim pertaining to administrative expense claim

[1] Asserted Claim amounts include any asserted unliquidated amounts.

[2] Reflects the greater of the sum of asserted administrative expense claim amount for Affected Claim No. and Affected Ballot No

[3] Reflects the asserted administrative expense claim amount for Affected Ballot No. for claims without any proof of claim related to administrartive expense claim and additional support for the ballot

[4] Corresponding reasons are as follows:

   (i)   supporting documentation indicates that the claims are non-Administrative Expense Claims;

   (ii)   the Debtors' books and records show outstanding unclaimed credits against which the Debtors' are entitled to set off;

   (iii)   the Debtors' books and records show that invoices for claims for 503(b)(9) priority are not entitled to priority pursuant to section 503(b)(9) of the United States Bankruptcy Code;

   (iv)   the supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim;

   (v)   the basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course;

   (vi)   the Disputed Claim was filed after the applicable date set forth in the *Order Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto*, entered on February 22, 2019 (ECF No. 2676) (the "**Bar Date Order**");

   (vii)   associated contract or lease was assumed and assigned to Transform Holdco;

   (viii)   the claim pertains to pre-petition amounts owed or expenses following Lease Rejection Dates, and therefore the claim is reclassified to general unsecured claim