DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)
*Attorneys for Pearl Global Industries Ltd.*

**Hearing Date and Time:**
December 10, 2020 at 10:00 a.m.
**Response Deadline:**
December 8, 2020 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

SEARS HOLDING CORPORATION, *et al.*,

       Debtors.
---------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

**APPLICATION OF PEARL GLOBAL INDUSTRIES LTD.
FOR ALLOWANCE AND PAYMENT OF REASONABLE
COMPENSATION, PURSUANT TO BANKRUPTCY CODE
§§ 503(b)(3)(D) AND 503(b)(4), FOR MAKING A
"SUBSTANTIAL CONTRIBUTION" IN THESE CASES**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

   Pearl Global Industries, Ltd. ("Pearl Global"), by its attorneys, Davidoff Hutcher & Citron LLP ("DHC"), submits this application, pursuant §§ 503(b)(3)(D) and 503(b)(4) of Bankruptcy Code, for an order awarding and directing payment of reasonable compensation, as an administrative expense, based upon a "substantial contribution" by Pearl Global in these cases, and represents and says:

**PRELIMINARY STATEMENT**

   1.  DHC, as counsel for Pearl Global, formed an ad hoc group of administrative creditors, including many foreign vendors with claims under §§ 503(b)(1) and (9).[1] Beginning in

---

[1] Two attorneys assisted DHC in the formation of the ad hoc group: Joseph Sarachak, Esq. and Jeffrey Schwartz, Esq.

1

early May of 2019, and continuing for five months through the confirmation hearing in October, DHC zealously represented the interests of all unpaid administrative creditors, while also representing Pearl Global. Through DHC's efforts, Pearl Global made a "substantial contribution" to this case and is, therefore, entitled to reasonable compensation for professional services rendered by DHC, pursuant to §§ 503(b)(3)(D) and 503(b)(4).

2. Pearl Global's substantial contribution includes a $1 million contribution, by the professionals, to the initial distribution fund for opt-in administrative creditors, increasing it from $20 million to $21 million. DHC obtained this $1 million contribution at the same time DHC negotiated a settlement for Pearl Global's administrative claims. Two additional, tangible benefits resulted at the confirmation hearing from DHC's efforts: (i) the cap on distributions to "non-opt out" administrative creditors was increased by 5%, from 75% to 80%; and (ii) the professionals agreed to a $9 million hold-back from their carve-out.

3. Accordingly, Pearl Global now seeks reasonable compensation for professional services rendered by DHC totaling $217,263, consisting of $215,260 in fees and $2,003 in expenses, for making a substantial contribution.

## JURISDICTION

4. The United States District Court for the Southern District of New York has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for the relief sought herein are sections §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.

## BACKGROUND

*Relevant Procedural History*

5. On October 15, 2018, the Debtors filed chapter 11 petitions and, thereafter, continued in possession of their property and managed their businesses as a debtor in possession.

6. The Debtors retained Weil Gotshal & Manges as their bankruptcy counsel.

7. An official committee of unsecured creditors was formed ("UCC") and it retained Akin Gump Strauss Hauer & Feld LLP as its bankruptcy counsel.

8. On or about February 11, 2019, the Debtors sold substantially all their assets to Transform Holdco LLC.

9. On April 17, 2019, the Debtors filed a proposed disclosure statement in connection with a chapter 11 plan.

10. On May 16, 2019, the Debtors filed an amended, joint plan with the UCC.

11. On October 1, 2019, the Debtors filed a Modified Second Amended Joint Chapter 11 Plan (the "Plan").

12. On October 3, 2019, the Court held a hearing to consider confirmation of the Plan. The hearing was continued, on October 7, 2019, and the Plan was confirmed.

13. In December, an initial distribution of $21 million was made to allowed administrative claimants who opted-in to the Plan's Administrative Expense Claims Consent Program.

*Relevant Facts*

14. The relevant facts are set forth in the accompanying declaration of David H. Wander, Esq. (the "Wander Declaration.") and those facts are incorporated herein.

## RELIEF REQUESTED

15. Pearl Global seeks an order, substantially in the form of **Exhibit A** (the "Proposed Order") granting Pearl Global an administrative claim for making a substantial contribution, pursuant to §§ 503(b)(3)(D), and awarding Peal Global reasonable fees of its attorneys in the amount of $215,260, and expenses in the amount of $2,003, for a total allowed administrative expense in the amount of $217,263, pursuant to 503(b)(4), and directing immediate payment.

### A. Legal Standard

16. Pursuant to § 503(b)(3)(D),[2] the expenses that a creditor incurs in a chapter 11 case in connection with "making a substantial contribution" may be allowed as an administrative expense and, pursuant to subsection (b)(4),[3] this includes "reasonable compensation" for the creditor's attorney along with reimbursement of the attorney's expenses.

17. While the term "substantial contribution" in § 503(b)(3)(D) is not defined in the Bankruptcy Code, the policy behind the statute is to promote "meaningful creditor participation in the reorganization process … [and provide] "compensation to extraordinary creditor actions which lead directly to tangible benefits to the creditors, debtor or estate." *In*

---

[2] Section 503(b)(3)(D) provides for the allowance as an administrative expense of

> the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by a … creditor ... *in making a substantial contribution in a case under chapter ... 11 of this title*.

(Emphasis added.)

[3] Section 503(b)(4) provides for the allowance as an administrative expense of

> reasonable compensation for professional services *rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph ... (D) ... of paragraph (3) of this subsection*, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney….

(Emphasis added.)

4

re Bayou Group, LLC, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) (*quoting In re Best Prods. Co., Inc.,* 173 B.R. 862, 866 (Bankr. S.D.N.Y.1994)).

18. In sum, the determination of whether a creditor made a "substantial contribution" involves a factual inquiry, with the movant bearing the burden by a preponderance of the evidence. *Id.* at 560; *In re United States Lines, Inc.,* 103 B.R. 427, 429 (Bankr.S.D.N.Y.1989).

19. In *Bayou*, this Court has noted that "[c]reditors face an especially difficult burden in passing the 'substantial contribution' test since they are presumed to act primarily for their own interests" and "[e]fforts undertaken by creditors solely to further their own self interest are not compensable under section 503(b)" and "services calculated primarily to benefit the client do no justify an award even if they also confer an indirect benefit on the estate." *In re Bayou Group, Inc.*, 173 B.R. at 561 (quoting *In re Dana Corp.,* 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008) (internal citations omitted)).

20. As this Court also noted in *Bayou*, "section 503(b)(3)(D) focuses on process as much as on contribution, on the movant's substantial contribution in *the case* — that is, the entire chapter 11 case — and, generally speaking, the proper administration of the case as a whole rarely contemplates individual creditors or even unofficial committees contributing to *the case*.[9] The Court explained:

> Normally, it is the job of professionals retained under sections 327 and 328 of the Bankruptcy Code, and ultimately of the Court, to ensure that chapter 11 cases proceed properly and efficiently. Third parties, who generally represent only their clients' interests and only indirectly contribute to the case's administration, therefore normally would not be compensated by the estate on an administrative priority basis. Instead, "compensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the *administration* of the estate."

5

*In re Bayou Group, Inc.*, 173 B.R. at 561 (citations omitted). Further, this Court observed that:

> [t]he majority of cases allowing creditors' substantial contribution claims under sections 503(b)(3)(D) and (b)(4) have, therefore, found that *the creditor played a leadership role that normally would be expected of an estate-compensated professional but was not so performed*; most have, consistent with pre-Bankruptcy Code practice, involved a creditor who actively facilitated the negotiation and successful confirmation of the chapter 11 plan or, in opposing a plan, brought about the confirmation of a more favorable plan.

*Id.* at 562 (emphasis added).

**Pearl Global Made a Substantial Contribution**

21.    The undisputed facts and the record before the Court clearly establish that Pearl Global made a substantial contribution in this case that deserves compensation in the form of reasonable attorney's fees and reimbursement of expenses.

22.    It cannot be disputed that Pearl Global, through its counsel, played a leadership role in organizing unpaid administrative creditors so that they had a voice at the negotiating table. *See Wander Declaration, ¶¶ 5-20*.

23.    The record shows that DHC zealously advocated for the interests of all administrative creditors and did not put the self-interest of Pearl Global ahead of them. *See Wander Declaration, ¶¶ 21-24*. Most significantly, when Pearl Global had the opportunity, after the adjourned confirmation hearing, to negotiate a settlement of its own administrative claims, DHC simultaneously, successfully negotiated for a significant, tangible benefit for all administrative creditors -- $1 million -- that particularly benefited those opt-in creditors who received the initial distribution.

24. Other significant benefits resulted from the efforts of Pearl Global's attorneys at the confirmation hearing, including an increase of 5% in the cap on non-opt out claims and, additionally, a $9 million hold back from the professional fee carve out account. *See Wander Declaration, ¶ 23.*

**B. The Requested Fees are Reasonable**

25. Section 503(b)(4) requires that fees and expenses awarded for a substantial contribution must be "reasonable" and "actual and necessary," respectively. This inquiry is much the same as the inquiry for any award of professional compensation under section 330 of the Bankruptcy Code, and once an applicant "has established a substantial contribution, the reasonableness of the professional's services in making that contribution should be measured by looking at what a reasonable professional would have done to achieve such a goal under the circumstances." *Id.* at 566, n.18.

26. As set forth in the Wander Declaration at ¶ 26, DHC's fees represent "reasonable compensation" based upon the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under title 11. Also, the expenses of $2,003 were actual, necessary expenses incurred by DHC in connection with the AHG.

27. Accordingly, Pearl Global submits that this application should be granted and the Debtors instructed to remit payment of Pearl Global's reasonable attorney's fees and expenses.

28. No prior application for this relief has been made.

**WHEREFORE,** Pearl Global requests that this application be granted, for which no previous request has been made, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
       December 1, 2020

                                DAVIDOFF HUTCHER & CITRON LLP

                                By: /s/ David H. Wander
                                     David H. Wander, Esq.
                                     Alexander R. Tiktin, Esq.
                                605 Third Avenue
                                New York, New York 10158
                                (212) 557-7200
                                dhw@dhclegal.com
                                art@dhclegal.com
                                *Attorneys for Pearl Global Industries Ltd.*

**Exhibit A**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
In re: :
: Chapter 11
SEARS HOLDING CORPORATION, *et al.*,[4] :
: Case No. 18-23538-RDD
Debtors. : (Jointly Administered)
---------------------------------------------------------------- x

### ORDER GRANTING APPLICATION OF PEARL GLOBAL INDUSTRIES LTD. FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES PURSUANT TO BANKRUPTCY CODE SECTIONS 503(b)(3)(D) AND 503(b)(4)

Upon consideration of the *Application of Pearl Global for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4)* (the "Application")[5] for payment of the Requested Fees incurred by Pearl Global Industries Ltd. ("Pearl Global") in making a substantial contribution in the Chapter 11 Cases, all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[5] Capitalized term used but not otherwise defined herein shall have the meanings given to such terms in the Application.

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided and no further notice being required; and upon the Court's review of the Application and all responses thereto; and upon the Court's determination that the legal and factual bases set forth in the Application establish just cause for the relief requested therein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is GRANTED.

2. Pearl Global shall have an allowed administrative expense claim under Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4) in the amount of the Requested Fees (the "Substantial Contribution Claim").

3. The Debtors shall pay the Substantial Contribution Claim within five business days of the entry of this order.

4. This Court shall retain exclusive jurisdiction to hear and decide all matters arising from or related to this order.

Dated: December __, 2020
White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE