**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**SUPPLEMENTAL MOTION OF TRANSFORM HOLDCO LLC
FOR LEAVE TO FILE UNDER SEAL DECLARATIONS IN SUPPORT OF
TRANSFORM HOLDCO LLC'S BRIEF IN OPPOSITION TO THE
DEBTORS' MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY**

In response to the Court's instructions, Transform Holdco LLC ("Transform"), by and through its undersigned counsel, respectfully submits this supplemental motion (the "Supplemental Motion") pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 (Docket No. 1084) (the "Amended Stipulated Protective Order"), requiring the filing under seal of certain redacted portions of the *Amended Declaration of Sean O'Neal in Support of Transform Holdco LLC's Brief in Opposition to the Debtors' Motion to Compel*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Turnover of Estate Property* ("Amended O'Neal Declaration") and the *Declaration of Dale Menendez in Support of Transform Holdco LLC's Brief in Opposition to the Debtors' Motion to Compel Turnover of Estate Property* ("Menendez Declaration") (together with the Amended O'Neal Declaration, the "Turnover Opposition Declarations"). Transform respectfully seeks entry of an order, substantially in the format attached hereto as **Exhibit 1** (the "Proposed Order"). In further support of this Supplemental Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4. On November 19, 2020, the Debtors filed the Motion of Debtors to Compel Turnover of Estate Property, Docket No. 9106 (the "Turnover Motion") in connection with the Second APA Settlement Agreement.[2] Transform filed with the Court the Menendez Declaration and the *Declaration of Sean O'Neal In Support Of Transform Holdco LLC's Brief In Opposition To The Debtors' Motion To Compel Turnover Of Estate Property* ("O'Neal Declaration") on

---

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Turnover Motion.

2

Thursday, December 3, 2020, Docket Nos. 9140, 9141, as well as a Motion to File the Turnover Opposition Declarations under Seal ("Motion to Seal"), Docket No. 9139.[3] The Court subsequently requested by electronic mail that Transform either (a) submit a revised proposed order granting the Motion to Seal as to the Menendez Declaration and denying it as to the O'Neal Declaration, or (b) file a supplement explaining the basis for redacting the O'Neal Declaration under section 107(b), and whether the Debtors agree with this position.

5. The Motion to Seal initially sought to redact certain correspondence between Transform and the Debtors in Exhibit A to the O'Neal Declaration on the basis that such correspondence included confidential settlement materials and other sensitive commercial information. By this Supplemental Motion, Transform has limited its request and no longer seeks to file any information under seal on the basis that it represents confidential settlement correspondence. Rather, Transform seeks narrower redactions in Exhibit A to the Amended O'Neal Declaration of certain commercially sensitive materials described in the course of those settlement discussions. The Debtors agreed with Transform's revised proposed redactions, and requested additional redactions to Exhibit A to the Amended O'Neal Declaration. Transform agreed with the Debtors' additional requested redactions.

## RELIEF REQUESTED

6. By this Supplemental Motion, Transform seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Turnover Opposition Declarations under seal with the Clerk of this Court as specified by the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and directing that such Sealed Documents remain confidential

---

[3] On December 3, the Debtors confirmed by electronic mail the Debtors' agreement to extend Transform's objection deadline for the Turnover Motion to 6:00 p.m. on December 3, 2020 (the "Extension").

and under seal, and that no such information shall be made available to anyone, other than as set forth in the Order approving this Supplemental Motion.

## BASIS FOR RELIEF

7. The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

8. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

9. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

10. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., No. 15-10226

4

(LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

11. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." In re Orion Pictures, 21 F.3d at 28. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. at 27. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). In re Glob. Crossing, Ltd., 295 B.R. at 724; see also Fed. R. Bankr. P. 9018.

12. Here, the Turnover Opposition Declarations contain confidential, non-public and sensitive business information, including confidential legal strategy and an analysis of the potential value of and recoveries from certain litigation claims. Disclosure of such information would be detrimental to Transform and the Debtors.

13. More specifically, in the course of their settlement discussions, Transform and the Debtors discussed (a) confidential commercial information regarding litigation claims against third parties and potential recoveries thereunder, and (b) confidential legal strategy related to vendor claims. In addition, the Turnover Opposition Declarations summarize and attach confidential correspondence between Transform and M-III, the Debtors' restructuring advisor, including information regarding litigation claims against third parties and potential recoveries thereunder.

This information falls squarely under the definition of confidential commercial information which is protected by section 107(b)(1) of the Bankruptcy Code.

14. The Proposed Order that Transform submits is narrowly tailored to restrict access only to commercially sensitive and confidential information and the redactions proposed are limited to portions of the documents that include confidential and sensitive information.

## NOTICE

15. Notice of this Supplemental Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (Docket No. 405). Transform respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Turnover Opposition Declarations under seal and any further relief deemed just, proper, and equitable.

Dated:  December 7, 2020
        New York, New York

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Samuel Levander
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for Transform Holdco LLC*

6

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PROPOSED ORDER GRANTING SUPPLEMENTAL MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL DECLARATIONS IN SUPPORT OF TRANSFORM HOLDCO LLC'S BRIEF IN OPPOSITION TO THE DEBTORS' MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY**

Upon the supplemental motion (the "Supplemental Motion")[2] of Transform Holdco LLC ("Transform") for entry of an order (this "Order") authorizing Transform to file the *Amended Declaration of Sean O'Neal in Support of Transform Holdco LLC's Brief in Opposition to the Debtors' Motion to Compel Turnover of Estate Property* ("Amended O'Neal Declaration") and the *Declaration of Dale Menendez in Support of Transform Holdco LLC's Brief in Opposition to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Supplemental Motion.

*the Debtors' Motion to Compel Turnover of Estate Property* ("Menendez Declaration") (together with the O'Neal Decl., the "Turnover Opposition Declarations") under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Supplemental Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Transform provided appropriate notice of the Supplemental Motion and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Supplemental Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Supplemental Motion is granted as set forth herein.

2.     Transform is authorized to file the Turnover Opposition Declarations under seal (the "Sealed Documents"), redacting only that information that is considered confidential and commercially sensitive pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3.     Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel to the Debtors (on a confidential and "professional eyes only" basis), (d) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Sealed Documents, in each case, under appropriate confidentiality

agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after the final disposition of the underlying dispute.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
       White Plains, New York

                                                 THE HONORABLE ROBERT D. DRAIN
                                                 UNITED STATES BANKRUPTCY JUDGE