**Hearing Date and Time: December 10, 2020 at 10:00 am (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### AMENDED DECLARATION OF SEAN O'NEAL IN SUPPORT OF TRANSFORM HOLDCO LLC'S BRIEF IN OPPOSITION TO THE DEBTORS' <u>MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY</u>

I, Sean O'Neal, declare under penalty of perjury as follows:

1.      I am an attorney duly admitted to practice before this Court, and I am a partner of

the law firm Cleary Gottlieb Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>"), counsel for Transform

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 W. 44nd St., 17th Fl., New York, NY 10036.

Holdco LLC ("Transform").  I respectfully submit this declaration in connection with Transform's Brief in Opposition to the Debtors' Motion to Compel Turnover of Estate Property.

2.       Attached hereto as Exhibit A is a true and correct copy of email correspondence with the subject line "RE: Sears – Settlement Proposal Spreadsheet" between counsel for the Debtors Weil, Gotshal & Manges LLP ("Weil") and Cleary Gottlieb, dated July 7, 2020.

3.       Attached hereto as Exhibit B is a true and correct copy of email correspondence with the subject line "RE: Sears – Litigation and Insurance Claims/Closed Claims" between Weil and Cleary Gottlieb, dated November 11, 2020.


Executed on December 7, 2020 in New York, New York.


Respectfully submitted,


/s/ Sean A. O'Neal
Sean A. O'Neal

# Exhibit A

| | |
|---|---|
| **From:** | Friedmann, Jared |
| **To:** | O"Neal, Sean A.; Crozier, Jennifer Brooks |
| **Cc:** | Barefoot, Luke A.; NYDU-BGiunta01; Marcus, Jacqueline |
| **Subject:** | RE: Sears - Settlement Proposal Spreadsheet |
| **Date:** | Tuesday, July 7, 2020 2:36:53 PM |

FRE 408 communication; for settlement purposes only

Sean,

Thanks for another quick turn-around and your continued efforts to get these issues resolved. Debtors' further counter-proposal is below.  Also a package deal. Our proposal, which hopefully will get this done, eliminates the need for either party to come out of pocket (technically, there is a delta of ~$10k that Transform would owe, but that can just be a credit on the first invoice under the new TSA arrangement).  No further preamble other than to note that we are making what we believe to be some significant concessions on issues to get to a deal.  If this is acceptable, we can take the first crack at drafting an agreement.

1. Altaquip and Rego Park:  Debtors to own and litigate claims.  Transform will provide legal assistance at rate of $400/hr.  Transform's post-closing costs to date are reimbursed from recoveries ($65k for Altaquip; $141k for Rego Park) as follows:
   a. For Altaquip, if attorneys' fees are recovered, Transform receives the first $65k of attorneys' fees; if attorneys' fees are not recovered, Transform receives $65k from the recovery after Debtors receive the first ███ (i.e., Transform receives dollars ████████ ████████.
   b. For Rego Park, Transform receives $141k from the recovery after Debtors receive the first ████ (i.e., Transform receives dollars ██████████████).

2. India/Mexico Capital Gains Taxes:  Transform would pay India tax (~$280k) and agrees to split costs on Mexico tax ($720k/2 = $360k).   India equity to be delivered to Transform upon execution of settlement agreement.

3. Mexico Dividend:  Transform to get right to dividend ($370k).

4. Seritage Receivables/Reimbursement:  Transform agrees to provide Seritage with necessary release to allow Debtors to receive $1.9m from Seritage for past receivables.  [Note: we are speaking with Seritage's counsel to confirm exactly what we need from Transform to collect the $1.9 million.]

5. Vernon Warehouse Rent:  Debtors agree to drop claim.

6. Estate Name-Change:  Transform pays $7100. Deadline extended to Effective Date of Plan.

7. TSA :  Debtors agree to pay Transform $1m for services rendered.  For services going forward, Debtors will pay based on rates set forth in the attached Excel. Transform to invoice Debtors

on a monthly basis.

8. Litigation Insurance Claims:  Agreed on allocation of undisputed claims per prior discussions. Debtors receive 7 disputed claims.

9. KCD – Lurking IP:  Debtors agree to not object to  transfer.

10. Sedgwick:  Debtors agree to pay $61k for payment made after settlement; no back-up necessary if no back-up for BPP Taxes.

11. Sears Israel:  Transform pays Debtors $600k.

12. Business Personal Property Taxes:  Transform pays $150k.

13. Vendor Claims:  Transform to pay Kellermeyer, Channel Advisors and ARS.  ████████████

14. Specified Receivables:  Agree to work out some kind of blanket release.  Transform to draft form letter which will include Frigidaire, L'Oreal and Sealy plus automatic release for other receivables.



**Jared R. Friedmann**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jared.friedmann@weil.com
+1 212 310 8828 Direct
+1 917 951 8730 Mobile
+1 212 310 8007 Fax

---

**From:** O'Neal, Sean A. <soneal@cgsh.com>
**Sent:** Friday, July 3, 2020 5:26 PM
**To:** Friedmann, Jared <Jared.Friedmann@weil.com>; Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Subject:** RE: Sears - Settlement Proposal Spreadsheet

See below.

1.  $400/hour is for in-house counsel.  We didn't discuss fact witnesses; was not aware that you would need them, and I have no idea if fact witnesses are still employed by Transform. There have been a ton of lay offs.  I think fact witnesses could be worked out in new TSA agreement but would have to talk to Transform.

2.  On the Seritage receivables/reimbursements, anything Transform does vis-à-vis Seritage is outside of our potential settlement agreement with the estates.  Whatever you do, you do, and whatever we do, we do.  We are not the go between.

Sean

---

**Sean A. O'Neal**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: bamiller@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2416 | M: +1 917 324 8364
soneal@cgsh.com | clearygottlieb.com

**From:** Friedmann, Jared <Jared.Friedmann@weil.com>
**Sent:** Friday, July 3, 2020 5:15 PM
**To:** O'Neal, Sean A. <soneal@cgsh.com>; Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Subject:** RE: Sears - Settlement Proposal Spreadsheet

**SUBJECT TO FRE 408**

Thank you, Sean.  We appreciate the movement and continued efforts to get this done.  A couple of questions to make sure we understand your proposal:

1.  What do you mean by: Transform will provide legal assistance at rate of $400/hr?  Does this include potential fact witness testimony?  Coordination with non-legal personnel? Is this assistance something that could we worked out in connection with the new TSA agreement?

2.  On the Seritage receivables/reimbursements – is Transform still planning to seek the other $1.8 million from Seritage that we have discussed?

We look forward to your responses and then will do our best to get back to you quickly.

Happy 4th!

Jared



**Jared R. Friedmann**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jared.friedmann@weil.com
+1 212 310 8828 Direct
+1 917 951 8730 Mobile
+1 212 310 8007 Fax

**From:** O'Neal, Sean A. <soneal@cgsh.com>
**Sent:** Friday, July 3, 2020 4:43 PM
**To:** Friedmann, Jared <Jared.Friedmann@weil.com>; Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>
**Subject:** RE: Sears - Settlement Proposal Spreadsheet

408 communication; for settlement purposes only

Thanks for the call yesterday.  We appreciate your quick turn-around.

Transform's Counter-Offer is described below.  It is a package deal.  We have moved substantially.  I would go into a preamble but I won't waste our time.  We disagree about stuff but we are trying to settle.

1.  Altaquip and Rego Park:  Debtors to own and litigate claims.  Transform will provide legal assistance at rate of $400/hr.  Transform's post-closing costs to date are reimbursed from recoveries ($65k for Altaquip; $141k for Rego Park).  Transform gets 25% of recoveries after payment of Transform and Estate's post-closing legal costs.

2.  India/Mexico Capital Gains Taxes:  Transform would pay India tax (~$280k) and agrees to split costs on Mexico tax ($720k/2 = $360k).  We believe this to be a significant concession and is tied to other points.   India equity to be delivered to Transform upon execution of settlement agreement.

3.  Mexico Dividend:  Transform to get right to dividend ($370k).

4.  Seritage Receivables/Reimbursement:  Transform agrees not to contest Debtors' right to seek  $1.9m from Seritage for past receivables.

5.    Vernon Warehouse Rent:  Debtors agree to drop claim.

6.    Estate Name-Change:  Transform pays $7100. Deadline extended to earlier of Effective Date of Plan and December 31, 2020.

7.    TSA :  Debtors agree to pay Transform $1m for services rendered.  Will negotiate payment for services going forward. Transform has no obligation to provide support or other services absent new agreement.

8.    Litigation Insurance Claims:  Agreed on allocation of undisputed claims per prior discussions. ███████████████████████████████████████████████████████████████
████████████████████████████████

9.    KCD – Lurking IP:  Debtors agree to not object to  transfer.

10. Sedgwick:  Debtors agree to pay $61k for payment made after settlement, subject to acceptable  backup if you need backup.

11. Sears Israel:  Transform pays Debtors $100k for salary of one Israeli employee.  We still don't believe this is right but we're trying to settle things.  No other costs.

12. Business Personal Property Taxes:  Transform splits difference with Debtors ($75k). Backup not necessary if you don't need back up item 10.  We are just trying to take this one off the table.

13. Vendor Claims:  Transform to pay Kellermeyer, Channel Advisors and ARS. ███████████████
█████████████████

14. Specified Receivables:  Agree to work out some kind of blanket release.  Transform to draft form letter which will include Frigidaire, L'Oreal and Sealy plus automatic release for other receivables.

Sean

**Sean A. O'Neal**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: bamiller@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2416 | M: +1 917 324 8364
soneal@cgsh.com | clearygottlieb.com

**From:** Friedmann, Jared <Jared.Friedmann@weil.com>
**Sent:** Wednesday, July 1, 2020 3:15 PM
**To:** O'Neal, Sean A. <soneal@cgsh.com>; Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>

**Subject:** RE: Sears - Settlement Proposal Spreadsheet

Sean,

Are you available tomorrow afternoon after 3:30pm to continue our discussion?  I've shortened the email recipient list, but feel free to add back anyone.

Thank you,
Jared



**Jared R. Friedmann**
Partner

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jared.friedmann@weil.com
+1 212 310 8828 Direct
+1 917 951 8730 Mobile
+1 212 310 8007 Fax

---

**From:** O'Neal, Sean A. <soneal@cgsh.com>
**Sent:** Monday, June 29, 2020 7:25 PM
**To:** Friedmann, Jared <Jared.Friedmann@weil.com>; Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Allen, Charles W. <callen@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>; Kim, Hoori <hokim@cgsh.com>; Elsner, Michelle <melsner@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; Munz, Naomi <Naomi.Munz@weil.com>; Guthrie, Hayden <Hayden.Guthrie@weil.com>; Hwang, Angeline <Angeline.Hwang@weil.com>
**Subject:** RE: Sears - Settlement Proposal Spreadsheet

How about 12 pm?

Will be just me and Brian from Cleary.

Sean

---

**Sean A. O'Neal**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: bamiller@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2416 | M: +1 917 324 8364
soneal@cgsh.com  |  clearygottlieb.com

---

**From:** Friedmann, Jared <Jared.Friedmann@weil.com>
**Sent:** Monday, June 29, 2020 5:48 PM
**To:** O'Neal, Sean A. <soneal@cgsh.com>; Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Allen, Charles W. <callen@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>; Kim, Hoori <hokim@cgsh.com>; Elsner, Michelle <melsner@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; Munz, Naomi <Naomi.Munz@weil.com>; Guthrie, Hayden <Hayden.Guthrie@weil.com>; Hwang, Angeline <Angeline.Hwang@weil.com>
**Subject:** RE: Sears - Settlement Proposal Spreadsheet

Sean,

Are you available tomorrow at some time between 10:30am-1pm?

Thanks,
Jared

---

**From:** O'Neal, Sean A. <soneal@cgsh.com>
**Sent:** Monday, June 29, 2020 4:30 PM
**To:** Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Cc:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Levander, Samuel <slevander@cgsh.com>; Allen, Charles W. <callen@cgsh.com>; Giunta, Brian <bgiunta@cgsh.com>; Kim, Hoori <hokim@cgsh.com>; Elsner, Michelle <melsner@cgsh.com>; Friedmann, Jared <Jared.Friedmann@weil.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; Munz, Naomi <Naomi.Munz@weil.com>; Guthrie, Hayden <Hayden.Guthrie@weil.com>; Hwang, Angeline <Angeline.Hwang@weil.com>
**Subject:** Re: Sears - Settlement Proposal Spreadsheet

I'd like to be in position to give you a counter offer. Can we chat tomorrow?

Sean

—

**Sean A. O'Neal**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: bamiller@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2416 | M: +1 917 324 8364
soneal@cgsh.com  |  clearygottlieb.com

On Jun 29, 2020, at 4:10 PM, Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
wrote:

SETTLEMENT COMMUNICATION
FRE 408 AND RULES OF SIMILAR IMPORT

Counsel:

Attached please find (1) the Debtors' settlement proposal spreadsheet[1] and (2) detail
concerning SHC-Israel employees' salaries, benefits, and other expenses.[2]  As we said
during Thursday's night's call, M-III is finalizing the breakdown of the business personal
property taxes ("**BPP taxes**") that are allocable to Transform under the APA; we will
send that breakdown once it is complete.  Below please find, in brief, the bases for the
Debtors' claim to reimbursement of SHC-Israel employee expenses and BPP taxes on
rejected leases.

1.   **Transform is obligated to reimburse the Debtors for expenses related to the
     SHC-Israel employees from the Closing Date to April 30, 2020.**  Section 9.7 of
     the APA required Transform to make offers of employment to all "Business
     Employees."  Anyone who accepted such an offer was a "Transferred
     Employee."  Pursuant to Section 2.3(j) of the APA, Transform assumed all post-
     Closing liability with respect to the Transferred Employees.  In addition to the
     Section 9.7 requirement concerning offers of employment, the parties entered
     into an Employee Lease Agreement dated February 11, 2019 (as amended,
     restated, modified, or supplemented from time to time, the "**ELA**") pursuant to
     which Transform assumed all costs associated with the Business Employees
     from Closing until transfer of the Employees (which was to occur by May 4,
     2019).  The SHC-Israel employees were Business Employees.  Transform should
     have offered them employment on or by May 4, 2019.  If they had accepted
     employment, all liability relating to their employment would have shifted to
     Transform (the Estate would have accessed any services from the employees
     via the TSA).  If they had rejected employment, their termination/severance
     would have been determined by the Estate and some of the associated costs
     would have been covered by Transform.  Transform never offered the SHC-
     Israel employees employment.  As a result, since the Closing Date, those
     employees have been acting on behalf of and for the benefit of Transform, but
     have been drawing upon SHC Israel's cash reserves (i.e., the Debtors' cash
     reserves) for their salaries, benefits, and expenses.  Accordingly, Transform
     should reimburse the Debtors for the SHC-Israel employees' salaries, benefits,
     and other expenses from the Closing Date to April 30, 2020.

2.   **Transform is obligated to reimburse the Debtors for BPP taxes related to**

**rejected leases for the applicable occupancy period.**  Under the APA, personal property taxes are "Property Taxes" (2.1(i)); "Property Taxes" are "Occupancy Expenses" (1.01); and "Occupancy Expenses" are included in the definition of "Buyer Occupancy Costs" as follows:

(i)   **with respect to** any **GOB Leased Stores**, all **Occupancy Expenses that are incurred**, accrued, or apportioned solely **for the period commencing on the first calendar day following the GOB Period** for such GOB Store **and ending at the expiration of the Designation Rights Period** for such GOB Store and

(ii)   **with respect to** any **Operating Leased Property**, all **Occupancy Expenses that are incurred**, accrued, or apportioned solely **for the period commencing on the Closing Date and ending at the expiration of the Designation Rights Period** for such Operating Leased Property.

(1.01).  Buyer Occupancy Costs are Assumed Liabilities pursuant to Section 2.3(d) of the APA.  Accordingly, Transform is obligated to pay BPP taxes for (i) **GOB Leased Stores** from the day following the GOB Period to the **applicable** lease rejection date and (ii) for **Operating Leased Property** from the Closing Date to the **applicable** lease rejection date.

Please let us know if you have any questions or would like to discuss the above.

Sincerely,

Jennifer

**[FN1:]** We have estimated the attorney-fee awards for the Altaquip and Vornado actions based upon the information you have provided us thus far.

**[FN2:]** The attached shows total salaries, benefits, and expenses for the period beginning February 2, 2019 and ending April 30, 2020 (444 days).  We have calculated the reimbursable amount (from Closing to April 30, 2020 – 435 days) using a simple proportion.

<image001.jpg>

**Jennifer Brooks Crozier**
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, New York 10153-0119
jennifer.crozier@weil.com
+1 212 310 8005 Office
+1 860 910 8900 Mobile
+1 212 310 8007 Facsimile

**\* Admitted to practice in Connecticut and Texas.**

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

<Sears - 6.25.2020 Debtors Settlement Proposal 2.0
Disputes_WEIL_97533977_5.XLSX>
<SHC Israel - Summary USD February 2019 to April 2020.pdf>

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient,

please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# Exhibit B

| | |
|---|---|
| **From:** | Crozier, Jennifer Brooks |
| **To:** | Levander, Samuel; O"Neal, Sean A. |
| **Cc:** | Friedmann, Jared; Marcus, Jacqueline |
| **Subject:** | RE: Sears - Litigation and Insurance Claims/Closed Claims |
| **Date:** | Wednesday, November 11, 2020 10:56:45 AM |

Sam:

Thank you for your response.  As I indicated on Friday, the below arguments are not even remotely colorable and underscore Transform's bad faith in refusing to turn over to the Debtors the proceeds of Litigation and Insurance Claims that unquestionably belong to the Debtors under the APA in violation of the APA, the Second APA Settlement Agreement, and the applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 362.  Beyond the arguments' obvious infirmities, Transform appears to be saying that, in negotiating the Second APA Settlement Agreement, it made a misrepresentation of material fact which it knew to be false (that the Closed Claims had "Actual Recover[ies]" when, in fact, Transform had "actually recovered" the proceeds of those Claims even though it knew the proceeds belonged the Debtors under the APA) with the intention of inducing the Debtors to enter into the Agreement (and no intention of turning the Closed Claims' proceeds over to the Debtors).  It's hard for us to believe that you would want us to go to Judge Drain on this one.

We also are puzzled as to how you can claim both that (i) Transform has no obligation to turn over the proceeds of Closed Claims it is holding when it acknowledged and agreed that "any and all rights, title, or interest in, to, or under" those Claims "belong to the Debtors under the APA" presumably because it received those proceeds (and held on to them) prior to the Court's approval of the Second APA Settlement Agreement; and (ii) you will only provide information concerning the disposition of those same Claims and the distribution of any and all proceeds associated with them if Debtors agree to reimburse Transform for any time spent by Transform personnel to provide that information (the same information that we could instead obtain through discovery in connection with a motion for turnover).

Before we bring this dispute to the Court's attention, we will give Transform until **2:00 p.m. ET on Thursday, November 12, 2020** to confirm that: (1) Transform personnel will continue to provide the Debtors and their advisors with any information in their possession, custody, or control concerning, among other things, the disposition of the Closed Claims and the distribution of any and all proceeds associated with the Closed Claims (we will reimburse Transform for such time in a manner consistent with what the Parties agreed to in the Second APA Settlement Agreement except for Debtor-owned Closed Claims that you assert Transform is not obligated to transfer the proceeds of); and (2) to the extent Transform recovered the proceeds of any or all these Debtor-owned Closed Claims, Transform will promptly turn those proceeds over to the Debtors.

Should we not receive such confirmation from you by 2:00 p.m. on Thursday, in addition to seeking relief from the Bankruptcy Court, we will treat Transform's refusal as a material breach of the Second APA Settlement Agreement that relieves/excuses the Debtors from further performance, including of the obligation to transfer the Indian Acquired Foreign Assets to Transform.  *See Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 417, 430 (S.D.N.Y. 2004) ("By keeping all of

the payments made on accounts sold to Towers [the counterclaim-defendant], Hunt Health [the counterclaim-plaintiff] deprived Towers of the benefit it reasonably expected, namely, the return of its advances plus factoring fees.  Hunt Health thereby materially breached the agreement.  . . . These material breaches relieved Towers of its obligations remaining under the contract").

Should you want to discuss the above, please don't hesitate to contact us.

Sincerely,

Jennifer



**Jennifer Brooks Crozier**
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, New York 10153-0119
jennifer.crozier@weil.com
+1 212 310 8005 Office
+1 860 910 8900 Mobile
+1 212 310 8007 Facsimile

**From:** Levander, Samuel <slevander@cgsh.com>
**Sent:** Tuesday, November 10, 2020 10:33 AM
**To:** Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>; O'Neal, Sean A. <soneal@cgsh.com>
**Cc:** Friedmann, Jared <Jared.Friedmann@weil.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Subject:** RE: Sears - Litigation and Insurance Claims/Closed Claims

Jennifer,

Thank you for the call Thursday and your follow-up email.

As we discussed, the contractual language of the Second APA Settlement Agreement is crystal clear: "*[N]either Party shall be required to make any cash payment to the other Party pursuant to this Agreement, except in connection with the Vornado Claims, the Altaquip Claims, and the Bayamon/Panama City Claims as may be required pursuant to Sections 2 and 10(c) above, or in connection with any post-Execution Date Buyer Transition Services, as may be required pursuant to Section 9(b) above.*"  Second APA Settlement Agreement § 17(b).

That is, Transform has no obligation to make any cash payment pursuant to the Agreement, including with regard to the Closed Claims.  To further clarify this point, this provision carves out four specific exceptions – (1) the Vornado Claims, (2) the Altaquip Claims, (3) the Bayamon/Panama City

Claims, and (4) any post-Execution Date Buyer Transition Services – and the Closed Claims are not among them.

Section 18(a) of the Second APA Settlement Agreement further provides for a comprehensive and broad mutual release of any potential claims under, arising out of, or in connection with the Closed Claims:

*Upon the Effective Date, Transform and each of the Debtors, on behalf of itself, its controlled affiliates, and each and all of its and its affiliates' respective past and present successors and assigns or any entity asserting a claim released hereunder either through or on behalf of any such parties (all such releasing persons and entities collectively, the "Releasing Parties"), does hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge the other Party and such other Party's respective past, present and future agents, heirs, executors, administrators, conservators, successors, assigns, noteholders, participants, co-participants, direct and indirect parents, principals, subsidiaries, affiliates, related companies, shareholders, interest holders, investors, members, partners (including, without limitation, general and limited partners), managers, directors, representatives, contractors, service providers, receivers, attorneys and beneficiaries, and the past, present, and future officers, directors, and employees (all such released persons and entities, collectively, the "Released Parties") from, against, and in respect of any and all past, present, and future claims, cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties, charges, indemnities, guaranties, promises, commitments, appeals, or causes of action of whatsoever nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, fixed or contingent, that any of the Parties have or may have against any of the other Parties since the beginning of time, under, arising out of or in connection with the Additional APA Disputes (all of the foregoing, the "Released Claims"), which Released Claims shall include for the avoidance of doubt any right to claim an award of attorneys' fees or other costs and expenses incurred in, or in connection with, any of the foregoing.*

"Additional APA Disputes" is defined in the final whereas clause of the Second APA Settlement Agreement to include the "Litigation and Insurance Claims Dispute," which encompasses all of the Closed Claims described in your email below and any other matters involving the Litigation and Insurance Claims that could have been asserted by a Party as of the date of the settlement agreement.

The upshot is that Transform has no obligation to make any cash payment related to the Closed Claims, and the Debtors have released any potential claims related to the Closed Claims.

As discussed on our call on Thursday, we will liaise with our client in an effort to provide you with requested information regarding the Closed Claims, provided that you confirm that Transform will be entitled to reimbursement under the February 11, 2019 Transition Services Agreement and § 9(b) of the Second APA Settlement Agreement for any time spent by Transform personnel responding to any such requests.

Transform reserves all rights.

Best regards,
Sam

———

**Samuel Levander**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mdigiaro@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2951
slevander@cgsh.com | clearygottlieb.com

---

**From:** Crozier, Jennifer Brooks <Jennifer.Crozier@weil.com>
**Sent:** Friday, November 6, 2020 6:11 PM
**To:** O'Neal, Sean A. <soneal@cgsh.com>; Levander, Samuel <slevander@cgsh.com>
**Cc:** Friedmann, Jared <Jared.Friedmann@weil.com>; Marcus, Jacqueline
<jacqueline.marcus@weil.com>
**Subject:** Sears - Litigation and Insurance Claims/Closed Claims

Sean:

Yesterday we discussed the Debtors' efforts to recover on the Litigation and Insurance Claims (as
defined in the Settlement Agreement by and between Transform and the Debtors dated September
17, 2020 (the "**Second APA Settlement Agreement**"))—specifically, those Litigation and Insurance
Claims that Transform indicated were "closed" in Luke Barefoot's letter to Jared Friedmann dated
May 20, 2020.  For clarity, the Debtor-owned "closed claims" include the following claims:

| Store | Recovery | Date of Loss |
|---|---|---|
| 1111 Colorado Springs | $28,301.03 | 8/3/2018 |
| 3527 Philadelphia | $13,500.00 | 11/16/2018 |
| 1884 King of Prussia | $34,364.08 | 10/1/2010 |
| 2195 Titusville | $384,391.00 | 9/1/2017 |
| 7622 Franklin | $3,250.51 | 2/14/2015 |
| 45575 Stockton | $50,000.00 | 7/24/2019 |
| 6735 Orange Park | $793.68 | 1/8/2016 |
| 6735 Orange Park | $2,568.84 | 11/4/2018 |
| 6347 Florida | $369.58 | 12/15/2015 |
| 7134 Cortland | $96,480.22 | 8/8/2013 |
| 2911 Bayamon | $717.29 | 2/8/2018 |
| 3424 Gainesville | $2,392.50 | 12/7/2018 |
| 4026 St. Joseph | $40,790.00 | 1/11/2018 |
| 1300 Oak Brook | $18,750.00 | 1/21/2019 |
| **TOTAL** | **$676,668.73** | |

(the "**Closed Claims**").  *See* Second APA Settlement Agreement at ¶ 10(a) ("The Parties acknowledge
and agree that any and all rights, title, or interest in, to, or under the Litigation and Insurance Claims

listed in Category 1 of <u>Schedule 1</u> attached hereto belong to the Debtors under the APA.  Transform releases, waives, and relinquishes to the Debtors any and all right, title, and interest in, to, or under each of the Litigation and Insurance Claims listed in Category 1."); *see also id.* at Schedule 1.

Please confirm (1) that Transform personnel will continue to provide the Debtors and their advisors with any information in their possession, custody, or control concerning, among other things, the disposition of the Closed Claims and the distribution of any and all proceeds associated with the Closed Claims and (2) that, to the extent **Transform** recovered the proceeds of any or all these Debtor-owned Closed Claims, Transform will promptly turn those proceeds over to the Debtors pursuant to the APA, the Second APA Settlement Agreement, and the provisions of the Bankruptcy Code.  As I suggested yesterday, there is no colorable argument Transform can make that will justify a failure or refusal to turn those proceeds over to the Debtors.

Should you want to discuss the above, please let us know.

The Debtors reserve all legal and equitable rights and remedies with respect to all of the Litigation and Insurance Claims.

Thank you,

Jennifer



**Jennifer Brooks Crozier**
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, New York 10153-0119
jennifer.crozier@weil.com
+1 212 310 8005 Office
+1 860 910 8900 Mobile
+1 212 310 8007 Facsimile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.