**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                   :

**In re**                               :          **Chapter 11**
                                   :

**SEARS HOLDINGS CORPORATION,** *et al.,*  :          **Case No. 18-23538 (RDD)**
                                   :

              **Debtors.**[1]           :          **(Jointly Administered)**
                                   :

---------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## DEEMING PROOF OF CLAIM TIMELY FILED

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and between

Sears, Roebuck and Co. ("**Sears**") and Claimant Armande Mock, Individually and as Personal

Representative of the Estate of Roy Mock ("**Claimant**"), collectively referred to in this Stipulation

as the "**Parties**," and each as a "**Party**."  The Parties stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

WHEREAS, on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates, including Sears (collectively, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

WHEREAS, on February 2, 2019 the Bankruptcy Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors From Pursuing such Claims Outside the Procedures* (ECF No. 2676) (the "**Bar Date Order**") fixing the deadline for filing proofs of claim in these chapter 11 cases as April 10, 2019.

WHEREAS, by order dated October 15, 2019, the Bankruptcy Court confirmed the *Modified Joint Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors*.

WHEREAS, on October 29, 2020, Claimant filed the *Motion of Armande Mock, Individually and as Personal Representative of the Estate of Roy Mock to Deem Proof of Claim Timely Filed* (ECF No. 9053) (the "**Motion**"), asserting the Proof of Claim (defined below) should be deemed timely.

WHEREAS, on October 29, 2020, Claimant filed proof of claim number 26358 asserting a general unsecured claim against Sears in the amount of $1,000,000 via PrimeClerk, a copy of which was attached to the Motion (the "**Proof of Claim**").

WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to deem the Proof of Claim as timely filed subject to the terms and conditions set forth below.

## TERMS

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, notwithstanding anything to the contrary in the Bar Date Order, the Proof of Claim shall be deemed timely filed against Sears.

3.      Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to the Proof of Claim on any grounds other than the timeliness of the filing of the Proof of Claim.

4.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

5.      Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

6.      This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

7.      This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

8.      This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

9.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day

and year first below written.


Dated:  November 13, 2020

By:    /s/ Jacqueline Marcus
      Ray C. Schrock, P.C.
      Jacqueline Marcus
      Garrett A. Fail
      Sunny Singh
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, NY 10153
      Telephone:  (212) 310-8000
      Facsimile:  (212) 310-8007

      *Attorneys for Debtors*
      *and Debtors in Possession*

Dated:  November 13, 2020

By:    /s/ Sharon J. Zinns
      Sharon J. Zinns
      ZINNS LAW, LLC
      2082 Westwood Rd SE
      Smyrna, GA 30080
      Telephone: (404) 882-9002
      *Attorneys for Claimant Armande Mock,*
      *Individually and as Personal*
      *Representative*
      *of the Estate of Roy Mock*

      *Attorney for the Claimant*


SO ORDERED this 7th day of December, 2020


      /s/ Robert D. Drain
      Honorable Robert D. Drain
      U.S. Bankruptcy Judge