# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: PART 37
-----------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE ASSOCIATION,   **DECISION AND ORDER**
    et al.,

                                       Index No. 4947/2007
                      Plaintiff,    **HON. SALVATORE J. MODICA**
    -- against --

MERCEDES GOOCH, et al.,                      Motion Sequence Number 6

                      Defendants.
-----------------------------------------------------------------X

**SALVATORE J. MODICA, J.:**

    The plaintiff's motion for a judgment of foreclosure and sale and other relief is granted in all respects.

    A lender, moving for summary judgment in residential mortgage foreclosure action, establishes its prima facie entitlement to judgment as matter of law through production of the mortgage, unpaid note, evidence of borrowers' default, and an affidavit of lender's foreclosure specialist who expressly confirms the accuracy of documents. *See, JP Morgan Chase Bank, Nat'l Ass'n v. Atedgi*, 162 A.D.3d 756 (2nd Dept. 2018); *Bank of New York Mellon v. Lopes*, 158 A.D.3d 662 (2nd Dept. 2018); *U.S. Bank Nat. Ass'n v. Cox*, 148 A.D.3d 962 (2nd Dept. 2017); *Citigroup v. Kopelowitz*, 147 A.D.3d 1014 (2nd Dept. 2017); *RBS Citizens, N.A. v. Galperin*, 135 A.D.3d 735 (2nd Dept. 2016); *accord, Pennymac Corp. v. Chavez*, 144 A.D.3d 1006 (2nd Dept. 2016) (a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default); *CitiMortgage, Inc. v. Guillermo*, 143 A.D.3d 852 (2nd Dept. 2016); *Security Lending, Ltd. v. New Realty Corp.*, 142 A.D.3d 986 (2nd Dept. 2016); *JPMorgan Chase Bank, Nat. Ass'n v. Weinberger*, 142 A.D.3d 643, 644 (2nd Dept. 2016); *Bank of N.Y. Trust Co. v. Chiejina*, 142 A.D.3d 570, 572 (2nd Dept. 2016) (a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default); *Flagstar Bank, FSB v. Mendoza*, 139 A.D.3d 898, 899 (2nd Dept. 2016); *Zarabi v. Movahedian*, 136 A.D.3d 895 (2nd Dept. 2016).

    The Court has signed the accompanying judgment.

FILED & RECORDED
OCT 29 2018
COUNTY CLERK
QUEENS COUNTY

FILED & RECORDED
OCT 27 10
COUNTY CLERK
QUEENS COUNTY

The foregoing constitutes the decision, order, and opinion of the Court.

Dated: Jamaica, New York
October 11, 2018

_____
Honorable Salvatore J. Modica
J.S.C.

FILED & RECORDED
OCT 29 2018
COUNTY CLERK
QUEENS COUNTY

H:\OCTOBER 2018 DECISIONS\Federal national Mortgage v. Gooch.judgment.wpd

2

Printed: 11/30/2018

At Part 37 of the Supreme Court of the
State of New York held in and for the
County of Queens, at the Courthouse
thereof, at Jamaica, New York, on
October 11, 2018.

**HON. SALVATORE J. MODICA**

Present: ~~Hon. Duane Hart, J.S.C.~~

---

| | |
|---|---|
| Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America,,<br><br>      Plaintiff,<br><br>-against-<br><br>Mercedes Gooch; 'Any unknown heirs, devisees, distributees or successors in interest of the late Mildred Rodgers, Individually and on behalf of the Estate of Mildred Rodgers, if they be living and or if they be dead, their spouses, heirs, devisees, distributees and successors in interest, all of whom and whose names and places of residence are unknown to Plaintiff'; State of New York; L I J Faculty Practice Plan; Sears Roebuck & Co.; Dorothy Rodgers,<br><br>      Defendants. | **JUDGMENT OF FORECLOSURE AND SALE**<br><br>Index No. 4947/07<br><br>Our File No.: 07-59631<br><br>FILED & RECORDED OCT 29 2018 COUNTY CLERK QUEENS COUNTY<br><br>**HON. SALVATORE J. MODICA**<br><br>**HON. SALVATORE J. MODICA**<br><br>Premises:<br>225-33 113th Drive<br>Queens Village, NY 11429<br><br>**Section 49 Block 11244 Lot 31** |

ON the Summons, Complaint and Notice of Pendency duly filed in this action on February 26, 2007, on the Supplemental Summons and Complaint filed on January 10, 2008, on the Second Supplemental Summons and Complaint filed on March 1, 2017, on the Additional Notice of Pendency filed on January 8, 2015 and August 14, 2017, and all proceedings thereon; and on reading and filing the Notice of Motion dated April 10, 2018 and Affirmation of Regularity of Alexander Phengsiaroun, Esq. dated April 10, 2018, with exhibits annexed thereto, showing that all Defendant(s) were duly served pursuant to the laws of the State of New York with a copy of the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance, if any, by the Defendant(s) herein

HON. SALVATORE J. MODICA

heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendant(s) were so served; and that none of the Defendant(s) have served an answer to said Complaint, nor has their time to do so been extended; and upon the Affirmation of Services rendered of Alexander Phengsiaroun dated April 10, 2018; and

ON the Order of Reference signed October 11, 2017 and entered on December 7, 2017, appointing Gary Darche, Esq. as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent on oath as to the allegations of the complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels;

AND on reading and filing of the oath and report of the aforesaid Referee sworn to and dated January 30, 2018, it appears that the sum of $115,756.57 was due the Plaintiff, as of April 7, 2017, plus a per diem interest for every day thereafter, on the date of said Report and that the mortgaged premises should be sold in one parcel.

ON reading the report of Steven Goldenberg, Esq., Guardian Ad Litem and Military Attorney, appointed pursuant to an Order of this Court, and the various other papers of said Guardian previously filed herein; and

NOW, on motion of Shapiro, DiCaro & Barak, LLC, the attorneys for the Plaintiff, it is

**ORDERED,** that the motion is granted without opposition and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Gary Darche, Esq. dated January 30, 2018, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment the referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, § 36.2(c) ("Disqualifications from appointment"), and § 36.2 (d) ("Limitations on appointments based upon compensation"); and it is further

**ORDERED, ADJUDGED, AND DECREED** that the mortgaged premises (Section 49 Block 11244 Lot 31) as further described in the complaint in this action and hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceeding Law be sold, in one parcel, at public auction in the Queens County Supreme Court, 88-11 Sutphin Blvd., Jamaica, New York 11435, in Courtroom #25, at 11:00 a.m. on a Friday, within ninety (90) days of the entry of this Judgment by and under the direction of Gary Darche, Esq., who is hereby appointed Referee for that purpose, in the absence of the designated Referee, the court will designate a substitute referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practice of this Court and RPAPL § 231 in _NY Daily News (Queens edition)_ and that the Plaintiff or any other party to this action may become the purchaser at such sale; that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale they shall be required to tender a deposit of 10% of the purchase price in certified funds and that all deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser, and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale and if such closing is required, and the Referee seeks and is awarded additional fees for said closing, those fees shall be paid by purchaser; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that said Referee on receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in  SIGNATURE BANK and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository;

FIRST: That ~~statutory~~ fees of the Referee in the sum of ~~$500.00~~ **$750.00** /s/

SECOND: The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale and filed with said Depository and Clerk of this Court. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed. /s/

THIRD: Said Referee shall also pay to the plaintiff or plaintiff's attorney, the sum $ **6553.40** of ~~$6,904.00~~ to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action or as taxed by the Clerk on the Costs of Plaintiff and inserted therein, with interest thereon from the date hereof; together with reasonable attorneys' fees in the sum of ~~$5,125.00~~ **$3,500** as /s/ provided for in paragraph 21 of the mortgage, and also the sum of $115,756.57 the said amount so reported due as aforesaid, together with contractual interest thereon from April 7, 2017, the date interest was calculated to in said report to the date of entry of the Judgment and legal interest thereafter, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, and upon presentation of

receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage.

**FOURTH:** If such Referee intends to apply for a further allowance for fees, the Referee may leave upon deposit such amount as will cover such additional allowance to await the further order of this Court thereon after application duly made. Upon due notice to those parties entitled thereof.

That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked **"FIRST"** and **"SECOND"** and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked **"THIRD"**; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents, water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff or the attorneys for the Plaintiff for the amounts paid as directed in item **"THIRD"** above, and file it with the report of sale; that <u>surplus monies be deposited, if any, with the Queens County Clerk within five days after the</u> same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make the report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser or any title company hired by the purchaser shall be responsible for any penalties or fees incurred as a result of late payment of the tax as required by City Administrative Code 19 RCNY 23-08(a), which requires payment within 30 days. The purchaser shall hold the Referee harmless from any such penalties assessed as a result of the late payment of these taxes; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the Defendant(s) in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of

the premises would disclose; any state of facts than an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in § 1354 of the Real Property Actions and Proceeding Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; and it is further; and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

ORDERED, ADJUDGED AND DECREED, that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds.

ORDERED, ADJUDGED AND DECREED, that for purposes of statutory compliance with RPAPL 1351(1), the date of the Judgment of Foreclosure and Sale shall be deemed to be the date of entry of the Judgment of Foreclosure and Sale.

Said premises commonly known as 225-33 113th Drive, Queens Village, NY 11429. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule A.

Date: _____

ENTER,

ENTERED
OCT 29 2018
4:23 PM
COUNTY CLERK
QUEENS COUNTY

Attorney certification pursuant
to 22NYCRR § 130-1.1-a
is affixed to inside cover.

FILED & RECORDED
OCT 29 2018
COUNTY CLERK
QUEENS COUNTY

10/11/18

HON. SALVATORE J. MODICA

07-59631                     Judgment of Foreclosure and Sale                     Page 7 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America,, <br><br>                        Plaintiff, <br><br>    -against- <br>Mildred Rodgers, et al, <br><br>                        Defendants. | **COSTS OF PLAINTIFF** <br><br> Index No.4947/07 |

## COSTS OF PLAINTIFF:

| | | |
|---|---|---|
| Costs before note of issue | WITHIN COSTS TAXED on NOTICE AT $ 6553.40 | $200.00 |
| CPLR Sec. 8201 subd.1 | | |
| Allowance by statute | OCT 29 2018 | 150.00 |
| CPLR Sec. 8302 (a) (b) | Audrey I. Pheff | |
| Additional allowance | COUNTY CLERK QUEENS COUNTY | 50.00 |
| CPLR Sec. 8302 (d) | | |
| Motion costs | | 0.00 |
| CPLR Sec 8302 | | |
| | Costs: | **$400.00** |

## DISBURSEMENTS:

| | |
|---|---|
| Fee for index number | $210.00 |
| CPLR Sec. 8018 (a) | |
| Referee's fee | 50.00 |
| CPLR Sec. 8301(a)1 | |
| Clerk's fee, filing notice of pend. or attach. | 105.00 |
| CPLR Sec. 8021 (a)(10) | |
| Paid for searches | 625.00 |
| CPLR Sec. 8301(a)1 | |
| Serving copy summons & complaint | ~~800.00~~ 400 |
| CPLR Sec. 8011(c)1 | |
| Request for Judicial Intervention | 95.00 |
| CPLR Sec. 8020(a) | |
| Fees for Submission of Order of Reference and Judgment | 90.00 |
| CPLR Sec. 8020(a) | |
| Fees for publication | 4,328.40 |
| CPLR sec. 8301(a)3 | |
| Fees for Guardian Ad Litem | 250.00 |
| Disbursements: | ~~6,754.00~~ 6153.40 |
| Total Costs and Disbursements: | ~~$7,154.00~~ 6553.40 |

Alexander Phengsiaroun, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, New York 14624
(585) 247-9000
Fax: (585) 247-7380