# Exhibit A

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 18-23538-rdd

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    SEARS HOLDINGS CORPORATION,

8

9         Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                    United States Bankruptcy Court

13                    One Bowling Green

14                    New York, NY  10004

15

16                    May 8, 2020

17                    11:30 AM

18

19

20

21   B E F O R E :

22   HON ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  UNKNOWN

1    HEARING re Telephonic Conference (ECF #3539 and #3783)

2

3    HEARING re Letter : Letter Dated May 1, 2020 on behalf of

4    Community Unit School District 300 in Response to Letter

5    from Luke Barefoot, dated April 27, 2020, Requesting

6    Telephonic Status Conference (related document(s)7872)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 3

```
 1   A P P E A R A N C E S :

 2

 3   CLEARY GOTTLIEB STEEN & HAMILTON LLP

 4        Attorneys for Transform Holdco

 5        One Liberty Plaza

 6        New York, NY 10006

 7

 8   BY:  LUKE BAREFOOT (TELEPHONICALLY)

 9

10   ROBBINS SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.

11        Attorneys for School District 300

12        631 E. Boughton Road, Suite 200

13        Bolingbrook, IL 60440

14

15   BY:  KENNETH M. FLOREY (TELEPHONICALLY)

16        KATIE ZUMALT-ROGERS (TELEPHONICALLY)

17

18   GENSBURG CALANDRIELLO & KANTER, P.C.

19        Attorneys for School District 300

20        200 West Adams Street, 2425

21        Chicago, IL 60606

22

23   BY:  MATTHEW T. GENSBURG (TELEPHONICALLY)

24

25
```

1    ARCHER & GREINER, P.C.

2          Attorneys for School District 300

3          630 Third Avenue

4          New York, NY 10017

5

6    BY:  ALLEN G. KADISH (TELEPHONICALLY)

7

8    VEDDER PRICE P.C.

9          Attorneys for the Village

10         1633 Broadway, 31st Floor

11         New York, NY 1019

12

13   BY:  MICHAEL SCHEIN (TELEPHONICALLY)

14

15   LAW OFFICE OF KORY ATKINSON

16         Attorneys for School District 300

17         236 W. Lake Street, Suite 100

18         Bloomingdale, IL 60108

19

20   BY:  KORY A. ATKINSON (TELEPHONICALLY)

21

22

23

24

25

1                    P R O C E E D I N G S

2              MR. BAREFOOT:  Good morning.  This is Luke

3      Barefoot from Cleary Gottlieb for Transform Holdco for the

4      11:30 status conference.

5              MR. FLOREY:  Good morning.  This is Ken Florey and

6      Katie Zumalt, on behalf of Robbins Schwartz, and we

7      represent School District 300.

8              CLERK:  Good morning, everyone.  My name is Ry.

9      I'm one of Judge Drain's clerks.  I understand we have a

10     conference here for 11:30.  The Judge just finished his a.m.

11     calendar, so he will be joining us right around 11:30 in

12     just a few short minutes.  So please bear with us.  In the

13     meantime, I just want to thank everyone for your cooperation

14     (indiscernible).

15              Please be mindful (indiscernible) if you haven't

16     participated via Court Solutions before, please be mindful

17     of your mute buttons.  Keep your (indiscernible) on mute

18     when not speaking to avoid any background noise.  And please

19     make sure to unmute yourself when you do speak.  And each

20     time you do speak, please make sure to state your name so

21     that that way, the Judge, all participants and

22     (indiscernible) the recorder for the transcriber can keep

23     track of who is speaking.  Thank you very much once again.

24     And the Judge shall be (indiscernible) shortly.

25              MR. BAREFOOT:  Thank you very much.

Page 6

1          THE COURT:  Hello.  This is Judge Drain, and we're

2     here in In Re Sears Holding Corp., et al, and more

3     specifically, on a conference prompted by a letter dated

4     April 27, 2020 from counsel to Transform Holdco LLC.  Mr.

5     Barefoot requested this conference.  I have also reviewed a

6     letter dated May 1, 2020 from counsel for Community Unit

7     School District 300, (indiscernible) the School District, by

8     Mr. Florey, in response to Mr. Barefoot's letter.

9          I don't know if there are any updates from those

10    two letters that I should be told about.  Otherwise, we can

11    just proceed with the conference.

12          MR. BAREFOOT:  Good morning, Your Honor.  This is

13    Luke Barefoot, from Clearly Gottlieb, for Transform Holdco

14    LLC and its affiliates.  I do not believe that there are any

15    updates, and the exchange of letters that you just

16    referenced accurately sets out the parties' existing

17    positions.

18          THE COURT:  Okay.

19          MR. FLOREY:  Good morning, Judge.  This is Ken

20    Florey, from Robbins Schwartz, on behalf of School District

21    300.  And I agree with Mr. Barefoot that there are no

22    updates to my letter either.

23          THE COURT:  Okay.  Very well.  So I've reviewed

24    the orders.  Obviously, there's a lot of history to this

25    underlying matter.  But most importantly, there is the

1    amended stipulation and order that I so ordered back on

2    October 23, 2019.  I had also separately entered an

3    extension order.

4         But I think the October 2019 stipulation is the

5    key document, and it very clearly states, as I think the

6    parties recognize, that I so ordered a stipulation that

7    stated that, "In the interest of efficiency, until such

8    claims are adjudicated in the Illinois action" -- which we

9    all know what that action is -- "the Court shall defer

10   ruling on the issue of whether the Debtors or any

11   liquidating trust or liquidating trustee may assume, or

12   assume or assign, the EDA agreement, pursuant to Section 365

13   of the Bankruptcy Code, and any disputes involving cure

14   claims associated with the EDA agreement."

15        Notwithstanding that language, Transform seeks in

16   its letter that I, "determine certain threshold bankruptcy

17   issues" raised by the objection to the assumption and

18   assignment of the EDA agreement to Transform.  It then lists

19   those three issues, the first being whether the School

20   District's release or waiver of certain liabilities against

21   the Debtors under the amended stipulation and order would

22   constitute a release or waiver of the same liabilities by

23   the School District against Transform, to the extent

24   Transform becomes the Debtors' assignee of the EDA

25   agreement.

1          Two, assuming arguendo that any provisions of the

2     EDA agreement limit Transform's rights to become the

3     developer under the EDA agreement, whether such provisions

4     are unenforceable and the assignment provisions under

5     Section 365(f) of the Bankruptcy Code.

6          And three, to the extent the School District

7     intends to assert this objection, whether the EDA agreement

8     is a financial accommodation under Section 365(c)(2) of the

9     Bankruptcy Code.

10          So, as I understand it, those are the issues that

11     Transform would like me, the bankruptcy Judge, to determine,

12     either before or on a parallel track with the Illinois

13     litigation.

14          Is there anything else that you would like me to

15     interpret, Mr. Barefoot, or just those three issues?

16          MR. BAREFOOT:  Thank you, Your Honor.  Luke

17     Barefoot, from Cleary Gottlieb.  Our request is limited to

18     those three issues.

19          THE COURT:  Okay.

20          MR. BAREFOOT:  I would be happy to explain the

21     reasons why, notwithstanding the language that the parties

22     negotiated in the stipulation and order, we believe that

23     circumstances have changed and that resolution of these

24     threshold issues on a parallel track -- just to clarify,

25     we're not requesting any sort of a stay or precedence over

Page 9

1   the Illinois action, but why, particularly given the ongoing

2   delays and the COVID situation that has impacted the

3   Illinois Court's ability to move forward, we believe that

4   parallel resolution of these issues could materially

5   progress the parties' resolution of these issues, and

6   substantially limit, if not moot, any of the issues that the

7   Illinois Court would have to determine.

8           THE COURT:  Well, clearly, if I determined that

9   365(f) did not override rights to assign the EDA agreement,

10  separate and apart from the cure issue, or whether I

11  determine that the EDA agreement is a financial

12  accommodation, that would preclude assignment.

13          I don't know whether either of those issues has

14  actually been asserted or is intended to be asserted,

15  though, as part of the objection.

16          MR. BAREFOOT:  Your Honor, both of those were

17  asserted in the objection.  And just to follow along with

18  Your Honor's logic on points two and three, which would be

19  determinative, issue number one, if Transform is correct in

20  its interpretation of the stipulation and order that this

21  Court retains jurisdiction over, that would take off of the

22  table all of the cure cost claims from 2017 and prior, and

23  avoid the need for nitty-gritty discovery and thorny issues

24  of state law on employment numbers going back half a decade.

25          THE COURT:  Okay.  Let's leave aside number one

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 11 of 34

Page 10

1    for the moment.  On two and three, are these points that the

2    School District intends to pursue?

3              MR. GENSBURG:  Good morning, Your Honor.  Matt

4    Gensburg, on behalf of the School District.  Both of those

5    points have been raised in the objections to assumption and

6    assignment, along with others.

7              THE COURT:  Okay.  So I guess that's a yes.

8              MR. GENSBURG:  That is a yes, Your Honor.

9              THE COURT:  I'm not asking you to waive them.  I

10   just wanted to know, because their couched in somewhat

11   uncertain -- you know, to the extent that, assuming arguendo

12   that -- so it wasn't clear to me whether this is still a

13   live issue.

14              It would appear to me that those two issues are

15   gatekeeping issues, and they're not really the issues that

16   the Illinois action was intended to deal with.  They're not

17   teed up in the Illinois action at all.  So to me, I suppose

18   those -- I mean, both sides --

19              MR. GENSBURG:  Judge --

20              THE COURT:  -- both sides could avoid extensive

21   time and expense if I ruled on those two issues in the

22   School District's favor, for example.

23              MR. GENSBURG:  Judge, again, Matt Gensburg.  I

24   understand the logic of the Court.  But let me explain to

25   the Court where the School District is coming from.

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 12 of 34

Page 11

1           One of the fundamental components that the School

2     District has been trying to deal with is trying to avoid the

3     cost and expense of duplicative litigation.  And the School

4     District --

5           THE COURT:  Well, this is not duplicative.  How is

6     this duplicative, these two issues?

7           MR. GENSBURG:  Well, for example, the issue of

8     whether the Sears or Transform Holdco, or whoever tries to

9     take over this agreement, complies with the terms of the

10    agreement, is going to drive largely whether they assume,

11    elect to assume, or reject the agreement.

12          If the State Court rules in our favor, as we

13    anticipate it will, that there's a certain minimum full-time

14    job equivalent requirement that exists, that Sears has not

15    met that, is not meeting it, there's a strong possibility

16    that Transform Holdco's not going want to even assume this

17    agreement, because the economic benefit of this agreement

18    simply doesn't exist anymore.  And in that situation,

19    there's no need to deal with the 365(c)(1) issue or the

20    365(c)(2) issue.

21          THE COURT:  Now, are those issues issues that

22    involved any facts, any discovery, or can they be dealt with

23    on review of the contract and applicable law?

24          MR. GENSBURG:  It's going to involve review of the

25    underlying statute, for example, with respect to 365(c)(1),

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 13 of 34

Page 12

1    the anti-assignment language.  It's going to deal with the

2    financial combination, understanding the nature and extent

3    of the contract and agreement between the parties with the

4    legislation the EDA agreement contemplated in terms of the

5    tax rebates, and the financial accommodations associated

6    therewith, what the intent of the legislature was in both

7    scenarios.

8           THE COURT:  So --

9           MR. BAREFOOT:  Your Honor, Luke Barefoot, from

10   Cleary Gottlieb.  From our perspective, neither of these

11   issues require any discovery.  I don't disagree with the

12   School District counsel's position that these would require

13   examination of the legislation and the impact of that under

14   365(f) and 365(c)(2), in terms of looking at the agreement.

15   But I don't think any of those require factual discovery

16   between the parties.

17          THE COURT:  Well, the only person, or the only

18   side, that is really materially advanced by my determination

19   of these two issues, I would think would be this School

20   District, right?  Because if Transform wins on both of these

21   issues, it still has the other issues to deal with.  And I

22   would think I could deal with these two issues rather

23   quickly.

24          But if the School District doesn't want to have

25   that answer right away, I'm not sure why -- you know, that's

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 14 of 34

Page 13

1    just another, you know, maybe a month after you get the

2    answer on the cure amount.

3            MR. BAREFOOT:  Your Honor, this is Luke Barefoot.

4    Just to respond to that point, if these issues are decided

5    in the School District's favor, it would eliminate the

6    possibility for Transform to reasonably have this agreement

7    and continue to pursue having this agreement assumed and

8    assigned.

9            So from Transform's perspective, and keeping in

10   mind that under the assumption and assignment procedures

11   order, Transform has the ability at any time to withdraw its

12   designation of assumption and assignment, up until a final

13   order is entered by this Court.  We're trying to avoid a lot

14   of potentially thorny and extensive litigation in Illinois,

15   if that litigation is all for naught because of special

16   bankruptcy issues that render that litigation irrelevant.

17           THE COURT:  Okay.

18           MR. GENSBURG:  Your Honor, Matt Gensburg.  But the

19   fundamental problem here is this, is that in the stipulation

20   and order, this is exactly what Paragraph 7 intends to

21   avoid.  The School District gave its counsel, Ken Florey,

22   Kory Atkinson and myself, Allen Kadish, directions when we

23   were negotiating the stipulation and order, that one of the

24   things they wanted was to prioritize the litigation, and

25   that the litigation would not take place in two forums

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 15 of 34

Page 14

1    simultaneously.  That the litigation would take place in

2    Illinois, and only thereafter, if it was still relevant,

3    that the issues of assumption and assignment would we come

4    back to the Bankruptcy Court.

5            And the language in the stipulation and order,

6    which was a product of substantial negotiation and give and

7    take is abundantly clear on this point.  You know, we gave

8    up our right and claim to 2017 EDA funds.  We gave up

9    certain claims against the bankruptcy estate.  We withdrew

10   with prejudice our objections to the plan confirmation,

11   withdrew with prejudice our ballots, and in return, Sears,

12   you know, forgave its interest in the 2018 EDA funds.  And

13   in return, it was agreed that the Court would defer ruling

14   on the assumption and assignment issues under 365.

15           THE COURT:  Okay.

16           MR. GENSBURG:  And --

17           THE COURT:  Well, I understand all of that.  And I

18   also understand that ultimately, this is a -- if this were

19   pressed, this would be a motion under Rule 60, which is hard

20   to win.  I get all of that.

21           Let me turn to the first point.  This just depends

22   on the wording of the stipulation, right?  Whether the

23   School District's release or waiver of certain liabilities

24   against the Debtors under the amended stipulation and order

25   would constitute a release or waiver of the same liabilities

1    by the School District against Transform?

2            MR. GENSBURG:  It does, Your Honor.

3            THE COURT:  All right.  So, to me -- look, I

4    appreciate I signed this, but there is no...  To me, this is

5    the parties' stipulation, which I so ordered.  It's really a

6    contract.  I don't see why if Transform wants to rely on

7    this language in this stipulation, it can't, in the Illinois

8    action, make a motion for judgment on the pleadings or for

9    partial summary judgment on this issue.

10           MR. BAREFOOT:  Your Honor, Luke Barefoot from

11   Cleary --

12           THE COURT:  Hold on.

13           MR. BAREFOOT:  If I could just respond to that

14   point, please?

15           THE COURT:  Okay.

16           MR. BAREFOOT:  I think the issue with that, with

17   our potentially moving and having the Illinois Court

18   interpret the stipulation and order is that this Court

19   retained jurisdiction over the implementation,

20   interpretation and enforcement of that order.  So it's not

21   clear to us that the Illinois Court is the correct forum for

22   that issue.  And obviously, the other two --

23           THE COURT:  Well, it's not exclusive jurisdiction.

24   I mean, I don't -- it's just an agreement.

25           MR. BAREFOOT:  Understood, Your Honor.  I think

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 17 of 34

Page 16

1    just carrying on with that, the other two issues are core

2    bankruptcy issues that I don't think it's anyone's

3    contemplation would ever be brought before the Illinois

4    Court, or could make --

5            THE COURT:  No, those two aren't.  No, I'm just

6    talking about number one.  The other two --

7            MR. BAREFOOT:  Understood.

8            THE COURT:  The other two, based on my reading of

9    the stipulation, which covered -- it referred to the

10   objection to the (indiscernible) assignment were to be

11   deferred, not that the School District would be dealing with

12   those in the Illinois action.

13           MR. BAREFOOT:  Your Honor --

14           THE COURT:  But this one, as far as the amount

15   owing, I don't understand why it isn't a defense that the

16   amount isn't owing, because it was raised in a stipulation

17   and order.  Now, I understand that the School District will

18   point to other provisions of the order, the stipulation and

19   order, that say it's not waived.  But I don't -- this one --

20   I'm not offended by the Illinois Court dealing with this.

21   And it doesn't need any discovery to deal with it.  It can

22   just interpret the language.

23           MR. SCHEIN:  Your Honor, if I may, this is Michael

24   Schein, Vedder Price, on behalf of the Village.  A couple of

25   things for Your Honor that we wanted to clarify.  As it

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 18 of 34

Page 17

1   relates to this stipulation and order, it was very clear,

2   these negotiations that went on were between the Debtors and

3   the School District.  And as the stipulation especially

4   shows, the Village was not bound by Paragraph 7 at the

5   District sites; that the only thing the Village was a part

6   of -- and it is important for the Village here, because the

7   EDA is (sound drops) the EDA subsumes the Village -- is that

8   we only became a part of this stipulation for purposes of

9   making the distributions, since we were holding the money

10  for which the Debtors and the School District were settling

11  and compromising claims, rights and otherwise.  So we don't

12  believe Paragraph 7 binds on us from the purpose of how the

13  EDA is handled.

14          Secondly, Your Honor, I think it's important for

15  the Court to understand what's actually going on in the

16  Illinois litigation, because as Your Honor remembers, when

17  you first entered that abstention order, that was when the

18  School District told the Court that they could be back and

19  be done at the State Court in 60 days.  We're clearly hardly

20  60 days, putting aside the impact of the pandemic.

21          And I think what is important for the Court to

22  understand is we are still very far behind on complaints.

23  There have been only two -- there have been four amended

24  complaints filed by the District, Your Honor, over time, all

25  of which were required by the State Court motions for leave

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 19 of 34

Page 18

1   to file.  And all of the amendments have not been caused by

2   any delay of any of the other parties but the School

3   District, who has been required, among other things, to add

4   necessary parties, and who have actually changed that

5   original complaint from a declaratory relief to actually

6   claims specifically against the Village for damages and

7   otherwise.

8           So the litigation in the State Court has very much

9   changed from where it started.  And we believe that these

10  issues raised by Transform's counsel can very cleanly be

11  handled here, especially in light of the fact, Your Honor,

12  as you may know, that the Circuit Court has further delayed

13  even a hearing on leave for the District to file its fourth

14  amended complaint.  And that hearing, which was currently

15  scheduled for May 26, has been delayed for another 30 days

16  for a date for which we are still waiting from the State

17  Court judge.

18          So those delays impact all the parties, including

19  the Village, as well as Transform and others.  And we

20  believe that Transform's efforts to move this in parallel

21  track is an efficient way for all the parties to handle

22  these discrete issues.

23          MR. FLOREY:  Judge, this is Ken Florey.

24          THE COURT:  It may be efficient, but I go back to

25  the language in the order.  I mean, it was the School

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 20 of 34

Page 19

1    District that filed an objection to assumption an

2    assignment, right?

3              MR. SCHEIN:  Correct.

4              THE COURT:  Okay.  So --

5              MR. SCHEIN:  But those issues sit before Your

6    Honor as part of a cure objection and can be handled before

7    Your Honor.  And again, the deal for the order of the

8    litigation was an agreement between the Debtors and the

9    School District.  It was not --

10             THE COURT:  I'm sorry --

11             MR. SCHEIN:  -- a binding agreement.

12             THE COURT:  I was just -- that's why I began this

13   call way I did.  I was told by the School District that this

14   objection to the assumption and assignment includes or

15   implicates issues under 365(f) and 365(c)(2).  Right?

16             MAN:  And (c)(1), Judge.

17             THE COURT:  Well, okay.  But I'm saying that the

18   objection isn't just a cure objection.  It covers the whole

19   thing.

20             MR. BAREFOOT:  Your Honor, this is Luke Barefoot.

21   If I could briefly address Your Honor's point concerning the

22   procedural posture, that this amounts to a revisiting of the

23   stipulation and order.  We understand and accept that

24   perspective.

25             But I think it's important to keep in mind that

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 21 of 34

Page 20

1    the stipulation really is in the nature of a consent decree.

2    It's the agreement of the parties, rather than some course

3    of law or ruling of the Court that creates all of the

4    obligations in the stipulation and order.  And under Rule

5    60(b)(5), there has been a fundamental change in

6    circumstances between now and October in terms of our

7    expectations on the length of time that it would take to

8    make progress on the issues that were teed up in the

9    Illinois action, as well as the nature of those issues.

10         There have been four amended complaints since that

11   time, which we wouldn't have anticipated, all of which have

12   delayed the progress of that litigation and changed the

13   nature of the relief that's been sought.  And there's also

14   obviously been the impact of the pandemic, which none of us

15   could have predicted, that has left further ambiguity about

16   when the State Court action will ever even progress again.

17         So I do understand and accept Your Honor's

18   observations and the School District's position.  But I

19   believe that under 60(b)(5), we have made out a case for an

20   amendment based on the fact that an enforcement of what the

21   parties had memorialized at that time would no longer be

22   equitable.

23         MR. FLOREY:  Judge, this is Ken Florey, on behalf

24   of School District 300.  Both counsels are being

25   disingenuous in describing their part in the delay in the

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 22 of 34

Page 21

1    Illinois case.  We have detailed in our letter, and I'm not

2    going to go into it anymore, but I'm not just going to sit

3    here quiet and listen to their claims that the slowdown in

4    the Illinois case has nothing to do with either of those two

5    parties' strategy in litigating the case, as well as you

6    pointed out they could simply file a motion for partial

7    summary judgment on the first issue that they brought before

8    this Court and get a determination by the State Court.

9              THE COURT:  I don't really have an answer yet on

10   that point, Mr. Barefoot.

11             MR. BAREFOOT:  I do have an answer, Your Honor.

12   First off, I don't want to belabor the Court with a he-

13   said/she-said on the play-by-play in the State Court

14   litigation.  But two relevant observations.

15             First, you know, Transform has met every deadline

16   imposed by the Court in Illinois.  Transform answered the

17   amended complaint.  It's only been since then that there

18   have been a second, a third, and a fourth amended complaint,

19   that the Court in Illinois has required a ruling on the

20   leave to amend in order to have those progressed.

21             I also wanted to note that the School District

22   suggests that the Circuit Court requested that the parties

23   agree on discovery.  What actually happened was that the

24   Circuit Court merely observed that the parties could engage

25   in discovery, and both Transform and the Village have not

18-23538-shl    Doc 9192-1    Filed 12/17/20    Entered 12/17/20 22:35:04    Exhibit A:
Transcript of May 8    2020 Hearing    Pg 23 of 34

Page 22

1    agreed to proceed with discovery until we have an operative

2    complaint before us.

3            I also just want to just reiterate that I think we

4    all would agree that this action may have progressed, and we

5    might have an operative complaint, and might have an

6    opportunity to raise a motion for judgment on the pleadings

7    or a motion to dismiss to tee up the first issue.  But we

8    didn't have that opportunity because we don't have an

9    operative complaint before us or a schedule for responding

10   to that complaint.

11           THE COURT:  Okay.  Well, I'm not going to undo the

12   order at this point.  If there is a further delay into July

13   of the filing of, as you phrased it, an operative complaint,

14   then you can renew your request.  But it seems to me that

15   the core cure issue can be addressed, as point one states,

16   it could be addressed at least, by either Court, and might

17   as well have it be consistent with the -- what was

18   contemplated by the stipulation and order, which is that

19   those underlying cure issues, which include waiver, be

20   decided by the Illinois Court.

21           As far as the other two points are concerned, I

22   can see a basis for efficiency here.  But on the other hand,

23   I don't think it's enough to overcome the sanctity of the

24   stipulation and order, which can be overcome under

25   appropriate circumstances, but I don't just see it here.

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 24 of 34

Page 23

1          And as far as the various amended complaints are

2     concerned, it strikes me that if this issue had been teed up

3     before me, those same issues might have arisen, involving

4     other parties than who were before me at the time, at which,

5     reading between the lines, is why there were that many

6     amended complaints.

7          So this is just a conference.  It's on the record

8     and you can get a transcript from the Clerk's office, or

9     make a request from the Clerk's office.  But it's not with

10    regard to a motion.  But I'm giving you a pretty clear

11    signal that if you made a motion for relief under Rule 60, I

12    wouldn't grant it under these facts.  Now, they may change.

13    It may be that there is still a major problem with the

14    complaint, or the Illinois Court just is sitting on it.  I'm

15    sure they're dealing with reopening issues, just as our

16    courts are.

17         And that's another issue for both of you.  I am

18    incredibly busy right now.  This will be my second 12-hour

19    day of court time.  And your likelihood of getting a hearing

20    on any of these three matters probably would be in August at

21    the earliest.

22         So I think you will get a prompt answer on points

23    two and three, if and when it's warranted.  But you're just

24    as likely to get a prompt answer on one from the Illinois

25    Court as from me.  And under the stipulation, it should be

Page 24

1   from the Illinois Court, unless something dramatically

2   changes.

3            So I'm going to ring off now.  I have to prepare

4   for my 2:00 hearing and read a disclosure statement that

5   just came in last night that's about 200 pages long.  So

6   I'll talk to you then.  Goodbye.

7            All:  Thank you, Judge.

8            (Whereupon these proceedings were concluded at

9   12:10 PM)

Page 25

```
 1              C E R T I F I C A T I O N

 2

 3       I, Sonya Ledanski Hyde, certified that the foregoing

 4    transcript is a true and accurate record of the proceedings.

 5

 6

 7

 8    Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 13, 2020
```

18-23538-shl    Doc 9192-1    Filed 12/17/20    Entered 12/17/20 22:35:04    Exhibit A:
Transcript of May 8    2020 Hearing    Pg 27 of 34

[& - ballots]                                                                                Page 1

## &

**&**   3:3,10,18 4:1

## 1

**1**   2:3 6:6 11:19,25
  19:16
**100**   4:17
**10004**   1:14
**10006**   3:6
**10017**   4:4
**1019**   4:11
**11501**   25:23
**11:30**   1:17 5:4,10
  5:11
**12**   23:18
**12:10**   24:9
**13**   25:25
**1633**   4:10
**18-23538**   1:3

## 2

**2**   8:8 11:20 12:14
  19:15
**200**   3:12,20 24:5
**2017**   9:22 14:8
**2018**   14:12
**2019**   7:2,4
**2020**   1:16 2:3,5
  6:4,6 25:25
**23**   7:2
**236**   4:17
**2425**   3:20
**26**   18:15
**27**   2:5 6:4
**2:00**   24:4

## 3

**30**   18:15
**300**   2:4 3:11,19
  4:2,16 5:7 6:7,21
  20:24 25:22
**31st**   4:10
**330**   25:21
**3539**   2:1

**365**   7:12 8:5,8 9:9
  11:19,20,25 12:14
  12:14 14:14 19:15
  19:15
**3783**   2:1

## 5

**5**   20:5,19

## 6

**60**   14:19 17:19,20
  20:5,19 23:11
**60108**   4:18
**60440**   3:13
**60606**   3:21
**630**   4:3
**631**   3:12

## 7

**7**   13:20 17:4,12
**7872**   2:6

## 8

**8**   1:16

## a

**a.m.**   5:10
**ability**   9:3 13:11
**abstention**   17:17
**abundantly**   14:7
**accept**   19:23
  20:17
**accommodation**
  8:8 9:12
**accommodations**
  12:5
**accurate**   25:4
**accurately**   6:16
**action**   7:8,9 9:1
  10:16,17 15:8
  16:12 20:9,16
  22:4
**adams**   3:20
**add**   18:3
**address**   19:21

**addressed**   22:15
  22:16
**adjudicated**   7:8
**advanced**   12:18
**affiliates**   6:14
**agree**   6:21 21:23
  22:4
**agreed**   14:13 22:1
**agreement**   7:12
  7:14,18,25 8:2,3,7
  9:9,11 11:9,10,11
  11:17,17 12:3,4
  12:14 13:6,7
  15:24 19:8,11
  20:2
**al**   6:2
**allen**   4:6 13:22
**ambiguity**   20:15
**amend**   21:20
**amended**   7:1,21
  14:24 17:23 18:14
  20:10 21:17,18
  23:1,6
**amendment**   20:20
**amendments**   18:1
**amount**   13:2
  16:14,16
**amounts**   19:22
**answer**   12:25 13:2
  21:9,11 23:22,24
**answered**   21:16
**anti**   12:1
**anticipate**   11:13
**anticipated**   20:11
**anymore**   11:18
  21:2
**anyone's**   16:2
**apart**   9:10
**appear**   10:14
**applicable**   11:23
**appreciate**   15:4
**appropriate**
  22:25

**april**   2:5 6:4
**archer**   4:1
**arguendo**   8:1
  10:11
**arisen**   23:3
**aside**   9:25 17:20
**asking**   10:9
**assert**   8:7
**asserted**   9:14,14
  9:17
**assign**   7:12 9:9
**assigned**   13:8
**assignee**   7:24
**assignment**   7:18
  8:4 9:12 10:6 12:1
  13:10,12 14:3,11
  16:10 19:2,14
**associated**   7:14
  12:5
**assume**   7:11,12
  11:10,11,16
**assumed**   13:7
**assuming**   8:1
  10:11
**assumption**   7:17
  10:5 13:10,12
  14:3,14 19:1,14
**atkinson**   4:15,20
  13:22
**attorneys**   3:4,11
  3:19 4:2,9,16
**august**   23:20
**avenue**   4:3
**avoid**   5:18 9:23
  10:20 11:2 13:13
  13:21

## b

**b**   1:21 20:5,19
**back**   7:1 9:24
  14:4 17:18 18:24
**background**   5:18
**ballots**   14:11

18-23538-shl    Doc 9192-1    Filed 12/17/20    Entered 12/17/20 22:35:04    Exhibit A:
Transcript of May 8    2020 Hearing    Pg 28 of 34

[bankruptcy - debtor]                                                                    Page 2

**bankruptcy** 1:1
1:12,23 7:13,16
8:5,9,11 13:16
14:4,9 16:2
**barefoot** 2:5 3:8
5:2,3,25 6:5,12,13
6:21 8:15,16,17
8:20 9:16 12:9,9
13:3,3 15:10,10
15:13,16,25 16:7
16:13 19:20,20
21:10,11
**barefoot's** 6:8
**based** 16:8 20:20
**basis** 22:22
**bear** 5:12
**began** 19:12
**behalf** 2:3 5:6
6:20 10:4 16:24
20:23
**belabor** 21:12
**believe** 6:14 8:22
9:3 17:12 18:9,20
20:19
**benefit** 11:17
**binding** 19:11
**binds** 17:12
**bloomingdale**
4:18
**bolingbrook** 3:13
**boughton** 3:12
**bound** 17:4
**bowling** 1:13
**briefly** 19:21
**broadway** 4:10
**brought** 16:3 21:7
**busy** 23:18
**buttons** 5:17

**c**

**c** 3:1 5:1 8:8 11:19
11:20,25 12:14
19:15,16 25:1,1

**calandriello** 3:18
**calendar** 5:11
**call** 19:13
**carrying** 16:1
**case** 1:3 20:19
21:1,4,5
**caused** 18:1
**certain** 7:16,20
11:13 14:9,23
**certified** 25:3
**change** 20:5 23:12
**changed** 8:23 18:4
18:9 20:12
**changes** 24:2
**chicago** 3:21
**circuit** 18:12
21:22,24
**circumstances**
8:23 20:6 22:25
**claim** 14:8
**claims** 7:8,14 9:22
14:9 17:11 18:6
21:3
**clarify** 8:24 16:25
**cleanly** 18:10
**clear** 10:12 14:7
15:21 17:1 23:10
**clearly** 6:13 7:5
9:8 17:19
**cleary** 3:3 5:3
8:17 12:10 15:11
**clerk** 5:8
**clerk's** 23:8,9
**clerks** 5:9
**code** 7:13 8:5,9
**combination** 12:2
**come** 14:3
**coming** 10:25
**community** 2:4
6:6
**complaint** 18:5,14
21:17,18 22:2,5,9
22:10,13 23:14

**complaints** 17:22
17:24 20:10 23:1
23:6
**complies** 11:9
**components** 11:1
**compromising**
17:11
**concerned** 22:21
23:2
**concerning** 19:21
**concluded** 24:8
**conference** 2:1,6
5:4,10 6:3,5,11
23:7
**confirmation**
14:10
**consent** 20:1
**consistent** 22:17
**constitute** 7:22
14:25
**contemplated**
12:4 22:18
**contemplation**
16:3
**continue** 13:7
**contract** 11:23
12:3 15:6
**cooperation** 5:13
**core** 16:1 22:15
**corp** 6:2
**corporation** 1:7
**correct** 9:19 15:21
19:3
**cost** 9:22 11:3
**couched** 10:10
**counsel** 6:4,6
13:21 18:10
**counsel's** 12:12
**counsels** 20:24
**country** 25:21
**couple** 16:24
**course** 20:2

**court** 1:1,12 5:16
6:1,18,23 7:9 8:19
9:7,8,21,25 10:7,9
10:20,24,25 11:5
11:12,21 12:8,17
13:13,17 14:4,13
14:15,17 15:3,12
15:15,17,18,21,23
16:4,5,8,14,20
17:15,18,19,21,25
18:8,12,17,24
19:4,10,12,17
20:3,16 21:8,8,9
21:12,13,16,19,22
21:24 22:11,16,20
23:14,19,25 24:1
**court's** 9:3
**courts** 23:16
**covered** 16:9
**covers** 19:18
**covid** 9:2
**creates** 20:3
**cure** 7:13 9:10,22
13:2 19:6,18
22:15,19
**currently** 18:14

**d**

**d** 1:22 5:1
**damages** 18:6
**date** 18:16 25:25
**dated** 2:3,5 6:3,6
**day** 23:19
**days** 17:19,20
18:15
**deadline** 21:15
**deal** 10:16 11:2,19
12:1,21,22 16:21
19:7
**dealing** 16:11,20
23:15
**dealt** 11:22
**debtor** 1:9

18-23538-shl    Doc 9192-1    Filed 12/17/20    Entered 12/17/20 22:35:04    Exhibit A:
Transcript of May 8    2020 Hearing    Pg 29 of 34

[debtors - good]                                                                    Page 3

**debtors** 7:10,21
7:24 14:24 17:2
17:10 19:8
**decade** 9:24
**decided** 13:4
22:20
**declaratory** 18:5
**decree** 20:1
**defense** 16:15
**defer** 7:9 14:13
**deferred** 16:11
**delay** 18:2 20:25
22:12
**delayed** 18:12,15
20:12
**delays** 9:2 18:18
**depends** 14:21
**describing** 20:25
**designation** 13:12
**detailed** 21:1
**determination**
12:18 21:8
**determinative**
9:19
**determine** 7:16
8:11 9:7,11
**determined** 9:8
**developer** 8:3
**directions** 13:22
**disagree** 12:11
**disclosure** 24:4
**discovery** 9:23
11:22 12:11,15
16:21 21:23,25
22:1
**discrete** 18:22
**disingenuous**
20:25
**dismiss** 22:7
**disputes** 7:13
**distributions** 17:9
**district** 1:2 2:4
3:11,19 4:2,16 5:7

6:7,7,20 7:23 8:6
10:2,4,25 11:2,4
12:12,20,24 13:21
15:1 16:11,17
17:3,5,10,18,24
18:3,13 19:1,9,13
20:24 21:21
**district's** 7:20
10:22 13:5 14:23
20:18
**document** 2:6 7:5
**drain** 1:22 6:1
**drain's** 5:9
**dramatically** 24:1
**drive** 11:10
**drops** 17:7
**duplicative** 11:3,5
11:6

**e**

**e** 1:21,21 3:1,1,12
5:1,1 25:1
**earliest** 23:21
**ecf** 2:1
**economic** 11:17
**ecro** 1:25
**eda** 7:12,14,18,24
8:2,3,7 9:9,11
12:4 14:8,12 17:7
17:7,13
**efficiency** 7:7
22:22
**efficient** 18:21,24
**efforts** 18:20
**either** 6:22 8:12
9:13 21:4 22:16
**elect** 11:11
**eliminate** 13:5
**employment** 9:24
**enforcement**
15:20 20:20
**engage** 21:24
**entered** 7:2 13:13
17:17

**equitable** 20:22
**equivalent** 11:14
**especially** 17:3
18:11
**estate** 14:9
**et** 6:2
**exactly** 13:20
**examination**
12:13
**example** 10:22
11:7,25
**exchange** 6:15
**exclusive** 15:23
**exist** 11:18
**existing** 6:16
**exists** 11:14
**expectations** 20:7
**expense** 10:21
11:3
**explain** 8:20
10:24
**extension** 7:3
**extensive** 10:20
13:14
**extent** 7:23 8:6
10:11 12:2

**f**

**f** 1:21 8:5 9:9
12:14 19:15 25:1
**fact** 18:11 20:20
**facts** 11:22 23:12
**factual** 12:15
**far** 16:14 17:22
22:21 23:1
**favor** 10:22 11:12
13:5
**file** 18:1,13 21:6
**filed** 17:24 19:1
**filing** 22:13
**final** 13:12
**financial** 8:8 9:11
12:2,5

**finished** 5:10
**first** 7:19 14:21
17:17 21:7,12,15
22:7
**floor** 4:10
**florey** 3:15 5:5,5
6:8,19,20 13:21
18:23,23 20:23,23
**follow** 9:17
**foregoing** 25:3
**forgave** 14:12
**forum** 15:21
**forums** 13:25
**forward** 9:3
**four** 17:23 20:10
**fourth** 18:13
21:18
**full** 11:13
**fundamental** 11:1
13:19 20:5
**funds** 14:8,12
**further** 18:12
20:15 22:12

**g**

**g** 4:6 5:1
**gatekeeping**
10:15
**gensburg** 3:18,23
10:3,4,8,19,23,23
11:7,24 13:18,18
14:16 15:2
**getting** 23:19
**give** 14:6
**given** 9:1
**giving** 23:10
**go** 18:24 21:2
**going** 9:24 11:10
11:16,24 12:1
17:15 21:2,2
22:11 24:3
**good** 5:2,5,8 6:12
6:19 10:3

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 30 of 34

[goodbye - live]                                                              Page 4

**goodbye** 24:6
**gottlieb** 3:3 5:3
  6:13 8:17 12:10
**grant** 23:12
**green** 1:13
**greiner** 4:1
**gritty** 9:23
**guess** 10:7

**h**

**half** 9:24
**hamilton** 3:3
**hand** 22:22
**handle** 18:21
**handled** 17:13
  18:11 19:6
**happened** 21:23
**happy** 8:20
**hard** 14:19
**hearing** 2:1,3
  18:13,14 23:19
  24:4
**hello** 6:1
**history** 6:24
**hold** 15:12
**holdco** 3:4 5:3 6:4
  6:13 11:8
**holdco's** 11:16
**holding** 6:2 17:9
**holdings** 1:7
**hon** 1:22
**honor** 6:12 8:16
  9:16 10:3,8 12:9
  13:3,18 15:2,10
  15:25 16:13,23,25
  17:14,16,24 18:11
  19:6,7,20 21:11
**honor's** 9:18
  19:21 20:17
**hour** 23:18
**hyde** 2:25 25:3,8

**i**

**il** 3:13,21 4:18
**illinois** 7:8 8:12
  9:1,3,7 10:16,17
  13:14 14:2 15:7
  15:17,21 16:3,12
  16:20 17:16 20:9
  21:1,4,16,19
  22:20 23:14,24
  24:1
**impact** 12:13
  17:20 18:18 20:14
**impacted** 9:2
**implementation**
  15:19
**implicates** 19:15
**important** 17:6,14
  17:21 19:25
**importantly** 6:25
**imposed** 21:16
**include** 22:19
**includes** 19:14
**including** 18:18
**incredibly** 23:18
**indiscernible** 5:14
  5:15,17,22,24 6:7
  16:10
**intended** 9:14
  10:16
**intends** 8:7 10:2
  13:20
**intent** 12:6
**interest** 7:7 14:12
**interpret** 8:15
  15:18 16:22
**interpretation**
  9:20 15:20
**involve** 11:24
**involved** 11:22
**involving** 7:13
  23:3
**irrelevant** 13:16

**issue** 7:10 9:10,19
  10:13 11:7,19,20
  15:9,16,22 21:7
  22:7,15 23:2,17
**issues** 7:17,19
  8:10,15,18,24 9:4
  9:5,6,13,23 10:14
  10:15,15,21 11:6
  11:21,21 12:11,19
  12:21,21,22 13:4
  13:16 14:3,14
  16:1,2 18:10,22
  19:5,15 20:8,9
  22:19 23:3,15

**j**

**job** 11:14
**joining** 5:11
**judge** 1:23 5:9,10
  5:21,24 6:1,19
  8:11 10:19,23
  18:17,23 19:16
  20:23 24:7
**judgment** 15:8,9
  21:7 22:6
**july** 22:12
**jurisdiction** 9:21
  15:19,23

**k**

**kadish** 4:6 13:22
**kanter** 3:18
**katie** 3:16 5:6
**keep** 5:17,22
  19:25
**keeping** 13:9
**ken** 5:5 6:19
  13:21 18:23 20:23
**kenneth** 3:15
**key** 7:5
**know** 6:9 7:9 9:13
  10:10,11 12:25
  13:1 14:7,12
  18:12 21:15

**kory** 4:15,20
  13:22

**l**

**lake** 4:17
**language** 7:15
  8:21 12:1 14:5
  15:7 16:22 18:25
**largely** 11:10
**law** 4:15 9:24
  11:23 20:3
**leave** 9:25 17:25
  18:13 21:20
**ledanski** 2:25 25:3
  25:8
**left** 20:15
**legal** 25:20
**legislation** 12:4,13
**legislature** 12:6
**length** 20:7
**letter** 2:3,3,4 6:3,6
  6:8,22 7:16 21:1
**letters** 6:10,15
**liabilities** 7:20,22
  14:23,25
**liberty** 3:5
**lifton** 3:10
**light** 18:11
**likelihood** 23:19
**limit** 8:2 9:6
**limited** 8:17
**lines** 23:5
**liquidating** 7:11
  7:11
**listen** 21:3
**lists** 7:18
**litigating** 21:5
**litigation** 8:13
  11:3 13:14,15,16
  13:24,25 14:1
  17:16 18:8 19:8
  20:12 21:14
**live** 10:13

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 31 of 34
[llc - potentially]                                                                 Page 5

llc   6:4,14
llp   3:3
logic   9:18 10:24
long   24:5
longer   20:21
look   15:3
looking   12:14
lot   6:24 13:13
luke   2:5 3:8 5:2
   6:13 8:16 12:9
   13:3 15:10 19:20

**m**

m   3:15
major   23:13
making   17:9
man   19:16
materially   9:4
   12:18
matt   10:3,23
   13:18
matter   1:5 6:25
matters   23:20
matthew   3:23
mean   10:18 15:24
   18:25
meeting   11:15
memorialized
   20:21
merely   21:24
met   11:15 21:15
michael   4:13
   16:23
mind   13:10 19:25
mindful   5:15,16
mineola   25:23
minimum   11:13
minutes   5:12
moment   10:1
money   17:9
month   13:1
moot   9:6
morning   5:2,5,8
   6:12,19 10:3

motion   14:19 15:8
   21:6 22:6,7 23:10
   23:11
motions   17:25
move   9:3 18:20
moving   15:17
mute   5:17,17

**n**

n   3:1 5:1 25:1
name   5:8,20
nature   12:2 20:1
   20:9,13
naught   13:15
necessary   18:4
need   9:23 11:19
   16:21
negotiated   8:22
negotiating   13:23
negotiation   14:6
negotiations   17:2
neither   12:10
new   1:2,14 3:6 4:4
   4:11
nicholas   3:10
night   24:5
nitty   9:23
noise   5:18
note   21:21
notwithstanding
   7:15 8:21
number   9:19,25
   16:6
numbers   9:24
ny   1:14 3:6 4:4,11
   25:23

**o**

o   1:21 5:1 25:1
objection   7:17 8:7
   9:15,17 16:10
   19:1,6,14,18,18
objections   10:5
   14:10

obligations   20:4
observations
   20:18 21:14
observed   21:24
obviously   6:24
   15:22 20:14
october   7:2,4 20:6
offended   16:20
office   4:15 23:8,9
okay   6:18,23 8:19
   9:25 10:7 13:17
   14:15 15:15 19:4
   19:17 22:11
old   25:21
once   5:23
ongoing   9:1
operative   22:1,5,9
   22:13
opportunity   22:6
   22:8
order   7:1,3,21
   8:22 9:20 13:11
   13:13,20,23 14:5
   14:24 15:18,20
   16:17,18,19 17:1
   17:17 18:25 19:7
   19:23 20:4 21:20
   22:12,18,24
ordered   7:1,6
   15:5
orders   6:24
original   18:5
overcome   22:23
   22:24
override   9:9
owing   16:15,16

**p**

p   3:1,1 5:1
p.c.   3:18 4:1,8
pages   24:5
pandemic   17:20
   20:14

paragraph   13:20
   17:4,12
parallel   8:12,24
   9:4 18:20
part   9:15 17:5,8
   19:6 20:25
partial   15:9 21:6
participants   5:21
participated   5:16
particularly   9:1
parties   6:16 7:6
   8:21 9:5 12:3,16
   15:5 18:2,4,18,21
   20:2,21 21:5,22
   21:24 23:4
person   12:17
perspective   12:10
   13:9 19:24
phrased   22:13
place   13:25 14:1
plan   14:10
play   21:13,13
plaza   3:5
pleadings   15:8
   22:6
please   5:12,15,16
   5:18,20 15:14
pm   24:9
point   13:4 14:7,21
   15:14 16:18 19:21
   21:10 22:12,15
pointed   21:6
points   9:18 10:1,5
   22:21 23:22
position   12:12
   20:18
positions   6:17
possibility   11:15
   13:6
posture   19:22
potentially   13:14
   15:17

18-23538-shl    Doc 9192-1    Filed 12/17/20    Entered 12/17/20 22:35:04    Exhibit A:
Transcript of May 8    2020 Hearing    Pg 32 of 34
[precedence - sort]                                                                Page 6

precedence 8:25
preclude 9:12
predicted 20:15
prejudice 14:10
  14:11
prepare 24:3
pressed 14:19
pretty 23:10
price 4:8 16:24
prior 9:22
prioritize 13:24
probably 23:20
problem 13:19
  23:13
procedural 19:22
procedures 13:10
proceed 6:11 22:1
proceedings 24:8
  25:4
product 14:6
progress 9:5 20:8
  20:12,16
progressed 21:20
  22:4
prompt 23:22,24
prompted 6:3
provisions 8:1,3,4
  16:18
purpose 17:12
purposes 17:8
pursuant 7:12
pursue 10:2 13:7
putting 17:20

**q**

quickly 12:23
quiet 21:3

**r**

r 1:21 3:1 5:1 25:1
raise 22:6
raised 7:17 10:5
  16:16 18:10
rdd 1:3

read 24:4
reading 16:8 23:5
really 10:15 12:18
  15:5 20:1 21:9
reasonably 13:6
reasons 8:21
rebates 12:5
recognize 7:6
record 23:7 25:4
recorder 5:22
referenced 6:16
referred 16:9
regard 23:10
reiterate 22:3
reject 11:11
related 2:6
relates 17:1
release 7:20,22
  14:23,25
relevant 14:2
  21:14
relief 18:5 20:13
  23:11
rely 15:6
remembers 17:16
render 13:16
renew 22:14
reopening 23:15
represent 5:7
request 8:17
  22:14 23:9
requested 6:5
  21:22
requesting 2:5
  8:25
require 12:11,12
  12:15
required 17:25
  18:3 21:19
requirement
  11:14
resolution 8:23
  9:4,5

respect 11:25
respond 13:4
  15:13
responding 22:9
response 2:4 6:8
retained 15:19
retains 9:21
return 14:11,13
review 11:23,24
reviewed 6:5,23
revisiting 19:22
right 5:11 12:20
  12:25 14:8,22
  15:3 19:2,15
  23:18
rights 8:2 9:9
  17:11
ring 24:3
road 3:12 25:21
robbins 3:10 5:6
  6:20
robert 1:22
rogers 3:16
rule 14:19 20:4
  23:11
ruled 10:21
rules 11:12
ruling 7:10 14:13
  20:3 21:19
ry 5:8

**s**

s 2:6 3:1 5:1
sanctity 22:23
saying 19:17
scenarios 12:7
schedule 22:9
scheduled 18:15
schein 4:13 16:23
  16:24 19:3,5,11
school 2:4 3:11,19
  4:2,16 5:7 6:7,7
  6:20 7:19,23 8:6
  10:2,4,22,25 11:1

11:3 12:12,19,24
13:5,21 14:23
15:1 16:11,17
17:3,10,18 18:2
18:25 19:9,13
20:18,24 21:21
schwartz 3:10 5:6
  6:20
sears 1:7 6:2 11:8
  11:14 14:11
second 21:18
  23:18
secondly 17:14
section 7:12 8:5,8
see 15:6 22:22,25
seeks 7:15
separate 9:10
separately 7:2
sets 6:16
settling 17:10
short 5:12
shortly 5:24
shows 17:4
side 12:18
sides 10:18,20
signal 23:11
signed 15:4
simply 11:18 21:6
simultaneously
  14:1
sit 19:5 21:2
sites 17:5
sitting 23:14
situation 9:2
  11:18
slowdown 21:3
solutions 5:16
  25:20
somewhat 10:10
sonya 2:25 25:3,8
sorry 19:10
sort 8:25

18-23538-shl   Doc 9192-1   Filed 12/17/20   Entered 12/17/20 22:35:04   Exhibit A:
Transcript of May 8   2020 Hearing   Pg 33 of 34

[sought - york]                                                                         Page 7

sought   20:13
sound   17:7
southern   1:2
speak   5:19,20
speaking   5:18,23
special   13:15
specifically   6:3
  18:6
started   18:9
state   5:20 9:24
  11:12 17:19,25
  18:8,16 20:16
  21:8,13
stated   7:7
statement   24:4
states   1:1,12 7:5
  22:15
status   2:6 5:4
statute   11:25
stay   8:25
steen   3:3
stipulation   7:1,4,6
  7:21 8:22 9:20
  13:19,23 14:5,22
  14:24 15:5,7,18
  16:9,16,18 17:1,3
  17:8 19:23 20:1,4
  22:18,24 23:25
strategy   21:5
street   3:20 4:17
strikes   23:2
strong   11:15
substantial   14:6
substantially   9:6
subsumes   17:7
suggests   21:22
suite   3:12 4:17
  25:22
summary   15:9
  21:7
suppose   10:17
sure   5:19,20
  12:25 23:15

**t**

t   3:23 25:1,1
table   9:22
take   9:21 11:9
  13:25 14:1,7 20:7
talk   24:6
talking   16:6
tax   12:5
taylor   3:10
tee   22:7
teed   10:17 20:8
  23:2
telephonic   2:1,6
telephonically   3:8
  3:15,16,23 4:6,13
  4:20
terms   11:9 12:4
  12:14 20:6
thank   5:13,23,25
  8:16 24:7
therewith   12:6
thing   17:5 19:19
things   13:24
  16:25 18:3
think   7:4,5 12:15
  12:19,22 15:16,25
  16:2 17:14,21
  19:25 22:3,23
  23:22
third   4:3 21:18
thorny   9:23 13:14
three   7:19 8:6,15
  8:18 9:18 10:1
  23:20,23
threshold   7:16
  8:24
time   5:20 10:21
  11:13 13:11 17:24
  20:7,11,21 23:4
  23:19
told   6:10 17:18
  19:13

track   5:23 8:12,24
  18:21
transcribed   2:25
transcriber   5:22
transcript   23:8
  25:4
transform   3:4 5:3
  6:4,13 7:15,18,23
  7:24 8:11 9:19
  11:8,16 12:20
  13:6,11 15:1,6
  18:19 21:15,16,25
transform's   8:2
  13:9 18:10,20
tries   11:8
true   25:4
trust   7:11
trustee   7:11
trying   11:2,2
  13:13
turn   14:21
two   6:10 8:1 9:18
  10:1,14,21 11:6
  12:19,22 13:25
  15:22 16:1,5,6,8
  17:23 21:4,14
  22:21 23:23

**u**

u.s.   1:23
ultimately   14:18
uncertain   10:11
underlying   6:25
  11:25 22:19
understand   5:9
  8:10 10:24 14:17
  14:18 16:15,17
  17:15,22 19:23
  20:17
understanding
  12:2
understood   15:25
  16:7

undo   22:11
unenforceable   8:4
unit   2:4 6:6
united   1:1,12
unknown   1:25
unmute   5:19
updates   6:9,15,22

**v**

various   23:1
vedder   4:8 16:24
veritext   25:20
village   4:9 16:24
  17:4,5,6,7 18:6,19
  21:25

**w**

w   4:17
waiting   18:16
waive   10:9
waived   16:19
waiver   7:20,22
  14:23,25 22:19
want   5:13 11:16
  12:24 21:12 22:3
wanted   10:10
  13:24 16:25 21:21
wants   15:6
warranted   23:23
way   5:21 18:21
  19:13
went   17:2
west   3:20
win   14:20
wins   12:20
withdraw   13:11
withdrew   14:9,11
wording   14:22

**x**

x   1:4,10

**y**

york   1:2,14 3:6
  4:4,11

| z | |
| --- | --- |
| **zumalt** | 3:16 5:6 |