UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                            :
                                                 :         Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.***,**    :
                                                 :         Case No. 18-23538 (RDD)
                                                 :
           Debtors.[1]                           :         (Jointly Administered)
------------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among Innovel Solutions, Inc., f/k/a Sears Logistics Services, Inc. ("**Innovel**") and certain of its affiliates (together with Innovel, the "**Debtors**"), Chicago Title Insurance Company ("**Chicago Title**"), and William D. Staffieri ("**Staffieri**"). The Debtors, Chicago Title, and Staffieri collectively are also sometimes referred to in this Stipulation as the "**Parties,**" and each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

**RECITALS**

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Innovel, Staffieri, and Congress Abstract Corporation, the predecessor in interest to Chicago Title, entered into a certain Escrow Agreement, dated December 20, 1994 (the "**Escrow Agreement**") relating to the environmental remediation limited to an 11,000 +/- square foot parcel known as Parcel 3 and located at 3820 North Second Street, Philadelphia, PA (the "**Premises**").

C. Chicago Title currently holds the sum of $223,827.47 under the terms of the Escrow Agreement (the "**Escrowed Funds**"). Pursuant to the terms of the Escrow Agreement, the Escrowed Funds were to be used to secure Innovel's agreement to remediate contamination at the Premises.

D. On April 17, 2020, Chicago Title filed the *Motion for Relief from the Automatic Stay Pursuant* (ECF No. 7825) (the "**Stay Relief Motion**"), seeking relief from the Automatic Stay to allow Chicago Title to file a state court interpleader action regarding the Escrowed Funds in order to resolve any disputes as to the Escrowed Funds and permit disbursement of the Escrowed Funds.

E. Subsequent to the filing of the Stay Relief Motion, Innovel and Staffieri have agreed that the amount necessary to complete any remediation at the Premises is estimated to not exceed $109,000.00. Accordingly, the Parties have agreed, subject to approval of the Bankruptcy

Court, to the release of the Escrowed Funds and the establishment of a new escrow account, in a reduced amount, in accordance with the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the date of such approval is hereinafter referred to as the "**Effective Date**").

2. On the Effective Date, the Escrow Agreement shall be terminated and Chicago Title shall be authorized and directed to release all of the Escrowed Funds as provided in paragraph 3 herein. This Stipulation shall be deemed to constitute an agreement to terminate the Escrow Agreement.

3. The Debtors and Staffieri shall execute and deliver a new escrow agreement, substantially in the form attached as **Exhibit A** hereto (the "**New Escrow Agreement**"). Chicago Title shall release the Escrow Funds as follows: $114,827.47 to Debtors, $5,617.00 to Staffieri, and $103,383.00 the Escrow Agent, to be held in the Escrow Account created pursuant to the New Escrow Agreement.[2]

4. Upon the occurrence of the Effective Date, the Automatic Stay shall be lifted to the extent required to enable the Parties to comply with the terms of this Stipulation.

5. All other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that were or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the

---

[2] For purposes of this paragraph, capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the New Escrow Agreement.

3

Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be immediately effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

11. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Signature page follows*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: December 7, 2020

By: */s/ Jacqueline Marcus*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: December 7, 2020

By: */s/ David J. Wolkenstein*
David J. Wolkenstein
Anastasia Filopoulos
FIDELITY NATIONAL LAW GROUP
711 Third Avenue, 8th Floor
New York, New York 10017
Telephone: (646) 708-8085
Facsimile: (646) 219-2136

*Attorneys for Chicago Title Insurance Company*

Dated: December 8, 2020

By: */s/ William D. Staffieri*
William D. Staffieri
4233 Richmond Street
Philadelphia, PA 19137
Telephone: 215-831-1732
Email: olimpiosts@aol.com

It is SO ORDERED

Dated: December 21, 2020
White Plains, New York

*/s/ Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE