**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x

## ORDER GRANTING FINAL APPLICATION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR AND ADVISOR OF THE DEBTORS FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED

Upon consideration of the application (the "**Application**") of Deloitte & Touche LLP

(the "**Applicant**"), pursuant to sections 328, and 330 of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), and Rule 2016-1 of the Local Rules of Bankruptcy Procedure of the Southern District of New

York (the "**Local Rules**"), for allowance of compensation for professional services rendered and expenses

incurred during the period identified on Schedule A hereto; and the Court having jurisdiction to consider

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Application and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

and due and proper notice of the Application and the deadline for filing objections to the relief requested

therein having been provided, such notice having been adequate and appropriate under the circumstances,

and it appearing that no other or further notice need be provided; and there being no objections to the

requested relief; and the Court having held a hearing to consider the relief requested in the Application

(the "**Hearing**"); and upon the record of the Hearing; and the Court having found and determined that all

of the applicable requirements of sections 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2016,

Local Rule 2016-1, and the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases, effective February 5, 2013 (as adopted by General

Order M-447), and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals* (ECF No. 769) have been satisfied with respect to the Application; and it

appearing that the services rendered and expenses incurred by the Applicant for which compensation and

reimbursement are allowed hereby were actual, reasonable and necessary; and after due deliberation and

consideration, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted on a final basis to the extent set forth on **<u>Schedule A</u>** hereto.

2.      As set forth on **Schedule B** hereto, the Applicant shall remit to the Debtors $135,000, as agreed upon by the Applicant and the Fee Examiner appointed in these cases.

3.      The Application shall be subject to paragraph 61 of the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 21, 2020
       White Plains, New York

                                        */s/Robert D. Drain*
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## **Schedule A**

**Final Fee Application**

*In re Sears Holding Corporation, et al.* **(18-23538 (RDD))**                                                   **Schedule A**

### Final Fee Application of Applicant[1]

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) TOTAL FEES REQUESTED | (5) TOTAL FEES AWARDED | (6) TOTAL EXPENSES REQUESTED | (7) TOTAL EXPENSES AWARDED |
|---|---|---|---|---|---|---|
| **Deloitte & Touche LLP** (Independent Auditor and Advisor) | October 15, 2020 Docket No. 9016 | October 15, 2018 to October 31, 2019 | $2,476,936.00 | $2,341,936.00 | $47,154.66 | $47,154.66 |

Date Order Signed: December 21, 2020
Initials: RDD  USBJ

---

[1] The amount in column 5 below reflects a voluntary reduction agreed to between Applicant and the fee examiner appointed in these cases.  The agreed reduction was not allocated between fees and expenses; but, for the sake of clarity the entire agreed reduction is reflected only in column 5.

**<u>Schedule B</u>**

**Payments Pursuant to Final Fee Application**

*In re Sears Holding Corporation, et al.* (**18-23538 (RDD**))                                                                                    **Schedule B**

## Payments Pursuant to Final Fee Application of Applicant[1]

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) TOTAL FEES AND EXPENSES AWARDED | (5) TOTAL FEES AND EXPENSES PAID TO DATE | (6) TOTAL AMOUNT TO BE PAID TO THE DEBTORS |
|---|---|---|---|---|---|
| **Deloitte & Touche LLP** (Independent Auditor and Advisor) | October 15, 2020 Docket No. 9016 | October 15, 2018 to October 31, 2019 | $2,389,090.66 | $2,524,090.66 | $135,000.00 |

Date Order Signed: December 21, 2020
Initials: RDD  USBJ

---

[1] The amount in column 6 below reflect a voluntary reduction agreed to between Applicant and the fee examiner appointed in these cases.