

**Allen G. Kadish**
akadish@archerlaw.com

Archer & Greiner, P.C.
1211 Avenue of the Americas, Suite 2750
New York, NY 10036
212-682-4940
www.archerlaw.com

December 22, 2020

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    Community Unit School District 300 v. Sears Holdings Corporation, *et al*.,
            Case No. 20-cv-10431 (JPC)
            <u>*Letter motion to suspend deadlines in appeal with agreed proposed order*</u>

Dear Judge Cronan:

    This firm is counsel to Community Unit School District 300, an Illinois school district existing and operating pursuant to the Illinois School Code, 105 Illinois Compiled Statutes 5/1-1, *et seq*., appellant (the "**School District**") in the referenced matter on appeal from the United States Bankruptcy Court for the Southern District of New York, in the chapter 11 case styled, *In re Sears Holdings Corporation, et al*., Chapter 11 Case No. 18-23538 (RDD) (Jointly Administered).

    By this letter motion, the School District moves, pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the entry of an order staying all deadlines in this bankruptcy appeal while the School District, appellant, and the Village of Hoffman Estates (the "**Village**") and Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "**Sears**" or the "**Debtors**"), appellees, attempt to resolve their disputes through settlement discussions and/or mediation. The Village and the Debtors have reviewed, and agreed to the relief requested in, this letter motion.  In support of this letter motion, the School District respectfully states as follows:

## Background

    On November 2, 2020, the School District filed in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") its *Motion of Community Unit School District 300 to Deem Economic Development Agreement Rejected Pursuant to the Debtors' Confirmed Chapter 11 Plan, or, in the Alternative, to Compel the Debtors to Reject the Agreement* [Doc. No. 9061] (the "**Motion**").  On November 11, 2020, the Village filed the *Objection to Motion of Community Unit School District 300 to Deem Economic Development Agreement Rejected Pursuant to the Debtors' Confirmed Chapter 11 Plan, or, in the Alternative, to Compel the Debtors to Reject the Agreement* [Doc. No. 9079], and Sears filed the *Debtors' Opposition to the Motion of Community Unit School District 300 to Deem the Economic Development Agreement Rejected or, in the Alternative, to Compel Debtors to Reject the Agreement* [Doc. No. 9082].  On November 15, 2020, District 300 filed its *Reply of Community Unit School District 300 to Objections to*

Honorable John P. Cronan
December 22, 2020
Page 2

*Motion to Deem Economic Development Agreement Rejected Pursuant to the Debtors' Confirmed Chapter 11 Plan, or, in the Alternative, to Compel the Debtors to Reject the Agreement* [Doc. No. 9095].

The Motion was heard by the Honorable Robert D. Drain on November 20, 2020. On November 23, 2020, the Bankruptcy Court issued its *Order Denying the Motion of Community Unit School District 300 to Deem Economic Development Agreement Rejected Pursuant to the Debtors' Confirmed Chapter 11 Plan, or, in the Alternative, To Compel the Debtors to Reject the Agreement* [Doc. No. 9116].

On December 4, 2020, pursuant to Bankruptcy Rule 8002, the School District timely filed its *Notice of Appeal of Order Denying the Motion of Community Unit School District 300 to Deem Economic Development Agreement Rejected Pursuant to the Debtors Confirmed Chapter 11 Plan, or, in the Alternative, to Compel the Debtors to Reject the Agreement* [Doc. No. 9147], and on December 17, 2020, the School District timely filed its *Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal* [Doc. No. 9192].

The School District, the Village and the Debtors, who are the parties to this appeal, have agreed to seek time to attempt amicably to resolve their disputes, including those raised in the Motion and by this appeal, through settlement discussions and/or mediation.

### Requested Relief

Bankruptcy Rule 8018 addresses the timing of serving and filing briefs and appendices. As relevant to this Motion, Bankruptcy Rule 8018(a) authorizes the District Court to alter the schedule relating to briefing in any manner it deems appropriate. 11 Norton Bankr. L. & Prac. 3d Fed. R. Bankr. P. 8018 ("By stipulation of the parties and with the approval of the court, or by order of the court, the briefing schedule may be enlarged").

As a general matter, "[s]ettlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate." *In re Residential Capital, LLC*, 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013) (citing *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641-642 (Bankr. S.D.N.Y. 2012); *see also Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC),* 478 F.3d 452, 455 (2d Cir. 2007) (settlements are important in bankruptcy because they "help clear a path for the efficient administration of the bankrupt estate"); 10 COLLIER ON BANKRUPTCY ¶ 9019.01 (16th ed. rev. 2013) at 9019–2 ("compromises are favored in bankruptcy").

The School District, the Village and the Debtors have conducted discussions and now believe they may be able to resolve their disputes associated with an Economic Development Agreement (the "**EDA Agreement**"), including those raised in the Motion and by this appeal, through active settlement discussions and/or mediation. Mediation is encouraged, as it serves an important public interest in our society's administration of justice. Mediation promotes, encourages and facilitates the consensual resolution of disputes which otherwise would be subject to a nonconsensual resolution by a court. *In re Bambi*, 492 B.R. 183, 188 (Bankr. S.D.N.Y. 2013)

Honorable John P. Cronan
December 22, 2020
Page 3

(referencing the Southern District of New York's Loss Mitigation Program and, stating that Congress and federal courts generally encourage mediation); *see also In re Halvorson*, 581 B.R. 610, 637 (Bankr. C.D. Cal. 2018); and 28 U.S.C. §§ 473(a)(3) and (6) (which encourage district courts to make available mediation and explore the parties' receptivity to, and the propriety of, settlement).

      The appellant has complied with all deadlines to date. In order to promote a negotiation and mediation effort and control the cost and expense associated with the pending appeal, the School District, the Village and the Debtors agreed, and therefore the School District requests, that this Court stay all deadlines in this appeal provided for under, *inter alia*, Bankruptcy Rule 8018 until such time as the parties' settlement discussions and/or mediation effort have concluded. The Court is requested to set a report date in approximately ninety days at which further action could be taken.

## Conclusion

      Based upon the foregoing including the agreement of the appellees as indicated at the foot of the proposed order submitted herewith, the School District respectfully requests that the Court (i) enter an order staying all deadlines in the instant appeal pursuant to, *inter alia*, Bankruptcy Rule 8018, to allow the School District, appellant, the Village and the Debtors, appellees, time to seek to negotiate or mediate their disputes involving the EDA Agreement and this appeal, and set a report date in approximately ninety days at which further action could be taken, and (ii) grant such other and further relief as the Court may deem proper.

Respectfully,

Allen G. Kadish

Encl: Proposed Order

cc with encl.:

    Michael L. Schein, Esq.
        Counsel for the Village of Hoffman Estates, appellee

    Ray C. Schrock, P.C.
    Jared R. Friedmann, Esq.
    Jacqueline Marcus, Esq.
    Garret A. Fail, Esq.
    Sunny Singh, Esq.
        Counsel for Sears Holdings Corporation, *et al.*, appellees

Honorable John P. Cronan
December 22, 2020
Page 4

    Kenneth Florey, Esq.
    Kory Atkinson, Esq.
    Matthew Gensburg, Esq.
        Co-Counsel for Community Unit School District 300

219966889v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
In re:                              )      Chapter 11
                                    )
SEARS HOLDINGS CORPORATION, *et al.*, )    Case No. 18-23538 (RDD)
                                    )      (Jointly Administered)
         Debtors.                   )
_____)
                                    )
COMMUNITY UNIT SCHOOL DISTRICT 300   )     District Court
                                    )      Case No. 20-cv-10431 (JPC)
         Appellant,                 )
                                    )
    v.                              )
                                    )
SEARS HOLDINGS CORPORATION, *et al.*, )
                                    )
         Appellees.                 )
_____)

## ORDER STAYING ALL DEADLINES
## IN THIS BANKRUPTCY APPEAL

Upon the letter motion (the "**Motion**") of Community Unit School District 300, appellant, for an order, pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 8018, (i) staying all deadlines associated with the pending appeal while the parties attempt to resolve their disputes through settlement discussions and/or mediation, and (ii) setting a deadline for a status report within ninety days; and it appearing that the relief sought in the Motion is the subject of consent of the Village of Hoffman Estates and Sears Holdings Corporation and certain of its affiliates, appellees herein; and upon a review of the record herein; and the relief sought in the Motion being well-founded and reasonable under the circumstances, it is hereby Ordered that:

1. The Motion is granted as set forth herein.

2. All deadlines in the captioned appeal are stayed until further Order of this Court.

3.      The parties shall report by joint letter filed with the Court on or before _____,

___, 2021 on the status of negotiations and/or mediation upon which this Court shall direct further

relief in this matter.

Dated: New York, New York
       December ___, 2020

_____
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT COURT


NO OBJECTION:

SEARS HOLDINGS CORPORATION, *et al*.
By:    Weil Gotshal & Manges LLP, Its counsel
       767 Fifth Avenue
       New York, New York 10153
       Tel: (212) 310-8000

By:    /s/ Jared R. Friedmann


VILLAGE OF HOFFMAN ESTATES
By:    Vedder Price, Its counsel
       1633 Broadway, 31st Floor
       New York, New York 10019
       Tel: (212) 407-7700

By:    /s/ Michael L. Schein


219959931v1