AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

# JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' OBJECTION TO SUBSTANTIAL CONTRIBUTION APPLICATION OF PEARL GLOBAL INDUSTRIES LTD.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby submits this joinder (the "Joinder") to the *Debtors' Objection to Substantial Contribution Application of Pearl Global Industries Ltd.* [ECF No. 9233] (the "Objection" and the underlying application, the "Application").[2]  In support of this Joinder, the Creditors' Committee respectfully states as follows.

## JOINDER

1. Pearl has failed to establish that it or its counsel engaged in "extraordinary" actions that "le[d] directly to tangible benefits" for the estates warranting the reimbursement of its attorney's fees and expenses on account of a substantial contribution under Bankruptcy Code section 503(b).[3]  *In re Best Prods. Co., Inc.*, 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994); *In re Granite Partners, LP*, 213 B.R. 440, 447 (Bankr. S.D.N.Y. 1997) (observing than an applicant under Bankruptcy Code section 503(b) "must show a 'causal connection' between the service and the contribution") (citations omitted).  As such, and for the reasons set forth in the Objection, the Application should be denied.

2. Throughout the pendency of the Chapter 11 Cases, Pearl has acted exclusively for its own benefit, and none of Pearl's claimed "contributions" can be attributed to its or its counsel's actions.  Indeed, the primary benefit that Pearl cites in its Application is a $1 million

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

[3] Importantly, Pearl has failed to provide evidence that it even paid the fees and expenses of its attorney and is seeking *reimbursement* thereof, which is a prerequisite for a substantial contribution award.  11 U.S.C. § 503(b)(3)(D) (requiring that the expenses for which a creditor seeks reimbursement from the estate as a substantial contribution be "*actual* [and] necessary") (emphasis added); *see In re Olsen*, 334 B.R. 104, 107 (S.D.N.Y. 2005) (holding that only a creditor (or an attorney on behalf of a creditor) may apply for an award under section 503 and that section 503(b)(4) covers only those payment obligations that have been "incurred by" the creditor).

increase, from $20 million to $21 million, in the amount of the initial distribution to "opt-in" administrative creditors. *See* Application ¶ 2. As set forth in the Objection, this minimal increase was nothing more than a timing tweak, as the $1 million otherwise would have been part of the second distribution to the same group of administrative creditors that took place eight months after the initial distribution. Whatever role Pearl or its counsel may have played in securing that change to the Plan, it did not create any new value for the estates or increase the ultimate recoveries of creditors. Pearl's other claimed contributions are similarly vacuous. The record is clear that the Court likely would have required the changes to the Plan for which Pearl claims victory regardless of Pearl's involvement.[4] Accordingly, the Creditors' Committee expressly joins in the Debtors' request that the Application be denied.

3. The Creditors' Committee expressly reserves all rights with respect to the Application and the Objection, including the right to supplement and join in any other filings, take discovery and to present further arguments at any hearing on the Application. To the extent the Court finds that Pearl's actions constitute a substantial contribution to the Debtors' estates, the Creditors' Committee reserves its right to review, take discovery on and challenge the reasonableness of Pearl's fees under Bankruptcy Code section 503(b)(4).

[*Remainder of page left blank intentionally.*]

---

[4] *See, e.g.*, Oct. 3, 2019 Hr'g Tr. 177:14-25-178:1-23 (Court questioning Debtors' counsel on why both the "opt-in" and "non-opt-out" groups under the administrative claim settlement were to receive recoveries capped at 75%); Oct. 7, 2019 Hr'g Tr. 12:23-25-13:17 (Debtors' counsel noting that, given "the concerns raised by the Court" with respect to the "non-opt-out" creditors, the Debtors modified the administrative claim settlement so that those creditors would receive up to 80% recoveries, instead of the prior 75% cap); *id.* 162:6-12 (Court requiring a $9 million holdback from the professional fee carve-out account as part of its confirmation ruling).

| | |
|---|---|
| New York, New York<br>Dated:  January 14, 2021 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br> /s/  *Philip C. Dublin*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Sara L. Brauner<br>Zachary D. Lanier<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>          pdublin@akingump.com<br>          sbrauner@akingump.com<br>          zlanier@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |