Erika L. Morabito (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
3000 K. Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 295-5300
E-mail: emorabito@foley.com

Carly S. Everhardt
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Email: ceverhardt@foley.com

*Counsel to Gary Polkowitz, Administrative Expense Claims Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>SEARS HOLDINGS CORPORATION, *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

### JOINDER TO DEBTORS' OBJECTION TO SUBSTANTIAL CONTRIBUTION APPLICATION OF PEARL GLOBAL INDUSTRIES LTD.

Gary Polkowitz, Administrative Expense Claims Representative (the "Admin Representative"), by and through his undersigned counsel, hereby submits this joinder (the "Joinder") to the *Debtors' Objection to Substantial Contribution Application of Pearl Global Industries Ltd.* (the "Objection") (D.E. #9233) to *Pearl Global Industries Ltd. for Allowance and Payment of Reasonable Compensation Pursuant to Bankruptcy Code §§ 503(b)(3)(D) and 503(b)(4)* (the "Application") (D.E. #9130). In furtherance of this Joinder, the Admin Representative states as follows:

### PRELIMINARY STATEMENT

1. The Application should be denied. As the Admin Representative, Mr. Polkowitz has a duty to, among other things, preserve the estate for administrative creditors, and to carefully review and evaluate any claims asserted on a case-by-case basis that could impact other administrative creditors. As noted in the Objection, Pearl Global Industries Ltd. ("Pearl") fails to satisfy the stringent standard required for the relief being sought, and fails to demonstrate that it made a substantial contribution to the Debtors' estates.

2. Pearl appears to be acting in a self-serving manner in the above captioned cases. First, for the reasons stated in the Objection, Pearl appears to have prolonged the Debtors' confirmation hearing in October 2019, arguably costing the estate significant fees that could have been paid to creditors, including administrative creditors. Now, Pearl is asking the Debtors' estates to pay for its fees and costs, and appears to be taking credit for providing a benefit to the estate, which by its own admission, was primarily a direct result of the work done by the Foley Group (as hereinafter defined) and the law firm of Foley & Lardner LLP. Simply stated, Pearl has not met its burden to

2

show that it provided a substantial contribution to the estate that would warrant the relief sought in the Application.

## BACKGROUND

3. The Debtors commenced voluntary cases under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on October 15, 2018, in the United States Bankruptcy Court for the Southern District of New York (the "Court").[2]

4. On October 15, 2019, the Court entered the *Order Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "Confirmation Order") (D.E. #5370). The Confirmation took place over two days and was quite contentious.

5. The Confirmation Order approved the Administrative Expense Claims Consent Program (the "Settlement Program"), which provides for, among other things, the appointment of the Admin Representative to complete the mandates set forth in paragraphs 52(a)(7) and 52(b) of the Confirmation Order. Among other duties, the Admin Representative assists with the review of claims and related litigation to maximize the value of the Debtors' estates.

6. The Settlement Program was the result of hard-fought negotiations between Whitebox Asymmetric Partners, LP, Whitebox Multi-Strategy Partners, LP, Hain Capital Investors Master Fund, Ltd., and Cherokee Debt Acquisition, LLC (collectively, the "Foley Group"), the Unsecured Creditor's Committee (the "UCC"), and the Debtors. Counsel for UCC, the Debtors, and the Foley Group began negotiating the Settlement Program in September 2019, a month prior to the confirmation hearing. While Davidoff Hutcher & Citron LLP ("DHC") did attend two meetings

---

[2] On October 16, 2018, the Court entered an order administratively consolidating the Debtors' bankruptcy cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (D.E. #118).

3

on behalf of a different ad hoc group of vendors, DHC did not participate beyond these two meetings and was not the primary driver in the negotiation of the Settlement Program. In fact, the record demonstrates that Pearl and/or its counsel was one of the leading *opponents* to both the confirmation of the Chapter 11 Plan and the Settlement Program. But, notwithstanding DHC's objections, the Plan was approved with minor tweaks, and the Settlement Program was implemented shortly thereafter.

7. On March 13, 2020, the Debtors filed the Notice of Selection of Administrative Expense Claims Representative (D.E. #7454) notifying interested parties that Gary Polkowitz was selected as the Admin Representative.

8. Through the hard work of the Admin Representative, UCC, and the Debtors, distributions to administrative creditors have started. An initial distribution was made on or about December 27, 2019 (D.E. #6280). Approximately $21 million was distributed. The second distribution occurred on or about August 5, 2020 (D.E. #8350) in an amount in excess of $15 million. However, administrative creditors, including those participating in the Settlement Program, have still not been paid in full, even considering the discount they agreed to accept when "opting in" to the Settlement Program.

9. On December 1, 2020, Pearl Global Industries filed its Application. Among other things, the Application requests $215,260 in fees and $2,003 in expenses for the work of its counsel, DHC. Pearl argues that DHC's efforts increased the contribution for opt-in administrative creditors into the Settlement Program from $20 to $21 million, and that DHC's efforts increased the cap on distributions to "non-opt out" administrative creditors from 75% to 80% as well as getting the professionals to hold-back certain amounts from their carve out.

4

## JOINDER

10. Pursuant to his duties as the Admin Representative, Mr. Polkowitz must maximize value to the estate and object to unsupported or unsubstantiated Claims. As noted in the Objection, Pearl cannot meet its burden here that it provided "substantial contribution" to the Debtors' estates. Pearl has failed to demonstrate anything more than its minimal participation in the Plan negotiations, and perhaps a few comments to the Settlement Program. This is especially true because the record shows that Pearl cost the estate significant time and expense in objecting to confirmation of the Chapter 11 Plan, including the Settlement Program which was designed to provide a benefit to all administrative creditors, and not just Pearl. Furthermore, even if Pearl did substantially contribute to the Debtors' estates, Pearl's requested fees must be limited to those reasonable fees for its limited role in any negotiation that benefited the estate.[3]

11. For the reasons set forth herein, and in the Objection, the Admin Representative joins the Objection and requests that the Court deny the Application.

## RESERVATION OF RIGHTS

12. The Admin Representative reserves his right to amend and/or supplement this Joinder.

---

[3] The Admin Representative further reserves his right to object and conduct discovery with respect thereto.

## **CONCLUSION**

WHEREFORE, the Admin Representative requests this Court deny the Application and grant any further relief that this Court deems just and appropriate.

Date:   January 14, 2021
        New York, New York

*/s/ Carly S. Everhardt*

Erika L. Morabito (*pro hac vice*)
**FOLEY & LARDNER LLP**
3000 K. Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 295-5300
E-mail:  emorabito@foley.com

Carly S. Everhardt
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212)338-3499
Facsimile: (212) 687-2329
Email: ceverhardt@foley.com

*Counsel to Gary Polkowitz,
Administrative Expense Claims
Representative*