UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                             :
                                                  :    Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,         :
                                                  :    Case No. 18-23538 (RDD)
                                                  :
         Debtors.[1]                              :    (Jointly Administered)
------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY (LAVETA SHELTON)

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into between Sears, Roebuck and Company ("**Sears**") and Laveta Shelton (the "**Claimant**"). Sears and the Claimant are referred to in this Stipulation, Agreement, and Order as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

A.  Beginning on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation, Sears, and their debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") commenced voluntary cases under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On October 25, 2018, the Claimant commenced an action against Sears, that is pending in the 161st District Court for Ector County, Texas Case No. B-18-10-1594-CV (the "**State Court Action**").  The Prepetition Action involves claims asserted by the Claimant for alleged injuries as a result of an automobile accident that occurred on January 27, 2017 (the "**Accident**").

C.  On January 7, 2021, the Claimant filed the *Motion for Relief from Automatic Stay* (ECF No. 9217) (the "**Motion**") seeking to continue the State Court Action and agreeing that recoveries would be limited to available insurance coverage.

D.  The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Claimant to continue the Prepetition Action against Sears solely to recover from any available insurance proceeds under policy number ISA H0 9044188 issued by Chubb Limited (the "**Insurer**") (as renewed, amended, modified, endorsed or supplemented from time to time), or any other applicable insurance policy, in effect and covering liability of Sears on the date of the Accident; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. As of the Effective Date, the Claimant shall be deemed to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, who may assert indemnification claims against the Debtors.

4. As of the Effective Date, the Motion shall be deemed automatically withdrawn.

5. As of the Effective Date, any and all proofs of claim (including but not limited to proof of claim nos. 15450 and 15463) filed by the Claimant shall be deemed withdrawn with prejudice and the Claimant shall be forever barred and estopped from filing any further proofs of

claim relating to the Prepetition Action or asserting otherwise any claims against the Debtors relating to the Prepetition Action.

6. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers, including the Insurer; (iii) precludes or limits, in any way, the rights of any insurer, including the Insurer, to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

7. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

8. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

9. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors or any of the other Debtors are a party that may be filed by the Claimant in the chapter 11 cases of the Debtors.

10. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

11. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

12. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

13. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

14. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

15. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

16. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

17. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

18. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature page follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: January 13, 2021 | Dated: January 13, 2021 |
| By: */s/ Jacqueline Marcus* <br> Ray C. Schrock, P.C. <br> Jacqueline Marcus <br> Garrett A. Fail <br> Sunny Singh <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br><br> *Attorneys for Debtors* <br> *and Debtors in Possession* | By: */s/ Greta Braker* <br> Greta Braker <br> CHILDS BISHOP & WHITE, P.C. <br> 230 W 3rd <br> Odessa, Texas 79761 <br> Telephone (432) 580-5421 <br> Facsimile: (432) 337-5465 <br> Email:greta@askbobwhite.com <br><br> *Attorney for the Claimant* |

**SO ORDERED**

Dated: January 25, 2021
       White Plains, New York

                                   */s/Robert D. Drain*
                                   THE HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE