**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11**
                                                             :
**SEARS HOLDINGS CORPORATION, *et al.*,**                    :        **Case No. 18-23538 (RDD)**
                                                             :
        Debtors.[1]                                          :        **(Jointly Administered)**
                                                             :        **(ECF Nos. 9130, 9131, 9132, 9233,**
                                                             :        **9234, 9235, 9243 & 9244)**
                                                             :
-------------------------------------------------------------x

## ORDER DENYING APPLICATION OF PEARL GLOBAL INDUSTRIES, LTD. GLOBAL FOR SUBSTANTIAL CONTRIBUTION AWARD

Upon the application, dated December 1, 2020 (ECF No. 9130)
(the "**Application**")[2] of Pearl Global Industries, Ltd. ("**Pearl**") and the declaration of David H.
Wander, Esq. in support of the Application (ECF No. 9131) in the above-captioned chapter 11
cases of Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

possession (collectively, the "**Debtors**"), requesting an order pursuant to sections 503(b)(3)(D) and 504(b)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") awarding and directing payment of reasonable compensation, as an administrative expense, based upon an alleged substantial contribution by Pearl, all as more fully set forth in the Application; and upon the Debtors' objection to the Application, dated January 14, 2021 (ECF No. 9233) (the "**Debtors' Objection**"); and upon the joinder to the Debtors' Objection of the official committee of unsecured creditors, dated January 14, 2021 (ECF No. 9234) (the "**UCC Response**"); and upon the joinder to the Debtors' Objection of Gary Polkowitz, administrative claims representative, dated January 14, 2021 (ECF No. 9235) (together with Debtors' Objection and UCC Response, the "**Responses**"); and upon Pearl's reply to the Responses, dated January 20, 2021 (ECF No. 9243) and the reply declaration of David H. Wander, Esq. (ECF No. 9244); and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on the Application on January 21, 2021; and after due deliberation and for the reasons stated by the Court in its bench ruling at the hearing, the Court having determined that the Application should be denied,

## IT IS HEREBY ORDERED THAT:

1. The Application is denied.

2.      This Court retains jurisdiction to hear and determine all maters arising from

the implementation of this Order.

Dated: January 25, 2021
        White Plains, New York

                                        */s/Robert D. Drain*
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE