Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999

- and -

Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

Counsel to the Fee Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**FEE EXAMINER'S FOURTH STATUS REPORT REGARDING
REVIEW OF INTERIM FEE AND EXPENSE APPLICATIONS**

Paul E. Harner, as fee examiner (the "Fee Examiner"), respectfully submits this fourth status report regarding his ongoing review of professional fee and expense applications in the above-captioned chapter 11 cases.

**Background**

1.      On October 15, 2018, Sears Holdings Corporation and certain of its affiliates (the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").   The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").   The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On April 22, 2019, the Court entered its *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order").   At the direction of the Court, the Office of the United States Trustee appointed the Fee Examiner to monitor the fees and expenses incurred by professionals retained in these chapter 11 cases and to provide periodic reports regarding the fee applications submitted for approval by such professionals, with or without a filed objection.

3.      Prior to the appointment of the Fee Examiner, the professionals retained pursuant to Court order in these chapter 11 cases (the "Retained Professionals") filed their first interim applications for compensation and reimbursement of expenses from October 15, 2018 through February 28, 2019.   Since the appointment of the Fee Examiner, the Debtors and the Official

Committee of Unsecured Creditors have retained additional professionals, who have also filed

interim fee applications that are subject to review by the Fee Examiner.  To date, certain Retained

Professionals have filed their first through sixth interim fee applications.  On June 28, 2019,

October 24, 2019, January 30, 2020, June 17, 2020, and October 15, 2020, the Court entered orders

approving certain first, second, third, fourth, and fifth interim fee applications of the Retained

Professionals, respectively, subject to the review and reservation of rights by the Fee Examiner

with respect to the approval of any Retained Professional's final fee application. *See* Docket Nos.

4409, 5507, 6811, 8036 & 9009.

**Status Report**

4.      The Fee Examiner has completed his review of the first interim fee and expense

applications of the Retained Professionals and has provided preliminary reports regarding those

fee and expense applications (the "First Preliminary Reports") to all of the lead professionals for

their review and response.    Additionally, the Fee Examiner has completed his review of

substantially all remaining interim fee and expense applications, and combined preliminary reports

regarding second through fifth interim applications have been provided to lead professionals.

Reports regarding the sixth interim fee applications of such professionals also are forthcoming (the

"Combined Preliminary Reports" and together with the First Preliminary Reports, the "Preliminary

Reports").    The Fee Examiner is awaiting initial responses from such professionals regarding

certain First Preliminary Reports, however, as well as substantially all Preliminary Reports

regarding their second through fifth fee and expense applications.

5.      Because the Fee Examiner Order contemplates treatment of the Preliminary

Reports as settlement communications under Federal Rule of Evidence 408, the Fee Examiner

considers the Preliminary Reports confidential and has submitted them for the purpose of

identifying concerns; requesting additional information; and facilitating discussions with the professionals regarding potentially appropriate fee and expense adjustments.

6.       The Fee Examiner has met with various of the lead professionals and, to varying degrees, engaged in discussions regarding the First Preliminary Reports.  The lead professionals have not yet responded to invitations for similar such discussions regarding subsequent Preliminary Reports.  The Fee Examiner is continuing to work towards a resolution of the issues raised in the Preliminary Reports with the Retained Professionals, and the Fee Examiner will file necessary and appropriate final reports with respect to any agreed-upon adjustments to pending fee and expense approval requests.

7.       Although the Fee Examiner remains optimistic that agreements can be reached with all Retained Professionals, he has as yet been unable to do so (other than with respect to certain professionals that have already submitted final fee and expense applications, as the Fee Examiner has previously reported to the Court) and, as noted, is awaiting responses to requests for additional information from several Retained Professionals.  Notwithstanding that he remains hopeful agreements will be reached, the Fee Examiner emphasizes that a number of broad issues implicating many of the Retained Professionals' applications remain unresolved to date.  The Fee Examiner believes that ongoing discussions regarding the Preliminary Reports will continue to inform the review process.

8.       Out of an abundance of caution, the Fee Examiner again will be requesting that the proposed sixth omnibus order granting Retained Professionals' interim fee applications, like the previous orders, include, and the Fee Examiner expects the Retained Professionals to agree that any similar order granting later interim fee applications likewise will include, a provision specifically reserving the Fee Examiner's right to object formally to the approval of any fees or

expenses, either as part of the final fee and expense application process or otherwise in advance of

the final approval of fee and expense applications.

Dated: February 1, 2021

*/s/ Paul E. Harner*
Paul E. Harner
1675 Broadway, 19th Floor
New York, New York 10019
Tel: (646) 346-8020

*Fee Examiner*

*/s/ Chantelle D. McClamb*
Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Tel: (215) 665-8500

-and-

BALLARD SPAHR LLP
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
919 N. Market Street, 11th Floor
Wilmington, Delaware  19801
Tel: (302) 252-4465
*admitted *pro hac vice*

*Counsel for the Fee Examiner*