Hearing Date: March 23, 2021 at 10:00 a.m. (ET)
Objection Deadline: March 16, 2021 at 4:00 p.m. (ET)

WHITE AND WILLIAMS LLP
James C. Vandermark, Esq
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Counsel to Erie Insurance Company,*
*as subrogee of Charles and Joyce Sparwasser*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **CASE NO. 18-23538-RDD** |
| **Debtors** | |

## MOTION BY ERIE INSURANCE COMPANY FOR RELIEF FROM AUTOMATIC STAY

- 1 -

26572314v.4

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ ii

The Parties ..............................................................................................................................1

Jurisdiction and Venue............................................................................................................1

Background .............................................................................................................................2

Basis for the Relief Requested................................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Cunningham v. Feinberg,
   107 A.3d 1194 (Md. 2015) ...........................................................................................6

In re Containership Co. (TCC) A/S,
   466 B.R. 219 (Bankr. S.D.N.Y. 2012) .........................................................................5

In re Curtis,
   40 B.R. 795 (Bankr. D. Utah 1984) ..............................................................................5

In re Drexel Lambert Group, Inc.,
   113 B.R. 830 (S.D.N.Y. 1990) ......................................................................................9

In re Sonnax Industries,
   907 F.2d 1280 (2d Cir. 1990) ................................................................................5, 7, 9

In re Thomson McKinnon, Inc.,
   130 B.R. 721 (Bankr. S.D.N.Y. 1991) .........................................................................6

Lewis v. Waletzky,
   31 A.3d 123 (Md. 2011) ...............................................................................................6

Mazzeo v. Lenhart (In re Mazzeo),
   167 F.3d 139 (2d Cir. 1999) .........................................................................................5

Pulte Home Corp. v. Parex, Inc.,
   923 A.2d 971 (Md. App. 2007) ....................................................................................7

Volkswagen of America v. Young,
   321 A.2d 737 (Md. 1974) .............................................................................................6

**STATUTES**

11 U.S.C.
   § 101, *et seq.* ............................................................................................................1, 5
   § 362(a) .........................................................................................................................9
   § 362(d) .....................................................................................................................1, 5
   § 362(d)(1) ....................................................................................................................9

28 U.S.C.
   § 157(b)(2)(G) ..............................................................................................................1
   § 1334 ...........................................................................................................................1
   § 1409(a) ...............................................................................................................1, 2, 3

Pursuant to Section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, Movant, Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser (Movant), by and through their attorneys White and Williams LLP, hereby moves for an order lifting the automatic stay in the captioned matter to permit the liquidation of Movant's property damage claims set forth in the matter of <u>Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser, v. Sears, Roebuck & Co., et al.</u>, Circuit Court for Baltimore County, Maryland, case no. C-03-CV-20-003262 (the "Damages Action"), and to proceed to collect any judgment against the defendants therein, including Debtor Sears, Roebuck and Company (hereinafter, "Debtor"). In support thereof, Movant avers as follows:

### **The Parties**

1. On October 15, 2018 (the "Petition Date"), Debtor filed its voluntary bankruptcy petition for relief under Chapter 11 of the Bankruptcy Code.

2. Upon information and belief, Debtor is a corporation organized and existing under the laws of the State of New York with a principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179.

3. Movant, Erie Insurance Company (Erie) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal office located at 100 Erie Insurance Place, Erie, PA 16530.

### **Jurisdiction and Venue**

4. This Court has jurisdiction over the instant Motion pursuant to 28 U.S.C. §§ 157 and 1334. The instant Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue for the Motion is proper in this district, pursuant to 28 U.S.C. § 1409(a).

**Background**

5. On September 2, 2020, Movant filed the Damages Action against Debtor and against co-defendant Transform Sears Home Services LLC. See Exhibit A attached, a true and correct copy of the Complaint in the Damages Action.

6. Co-defendant Transform SR LLC (Transform) answered on behalf of named defendant Transform Sears Home Services LLC, averring that Transform SR LLC had been improperly sued as Transform Sears Home Services LLC. See Exhibit B attached, a true and correct copy of Transform's Answer in the Damages Action.

7. Transform is not a debtor seeking protection in the instant matter.

8. The Damages Action arises from a fire which occurred on December 14, 2018, at the home of Charles and Joyce Sparwasser, 7872 Saint Fabian Lane, Dundalk, Maryland 21222. Id.

9. In the Damages Action, Movant alleges that prior to December 14, 2018, and prior to the Petition Date, Debtor and/or Transform sold the Sparwassers a clothes dryer and serviced the same, resulting in the fire which occurred after the Petition Date. Id.

10. Upon information and belief, Debtor and/or Transform serviced the dryer in early 2017 and in mid-2018. Id.

11. In the Damages Action, Movant alleges that the acts and/or omissions of Debtor and Transform occurred in conjunction with the Sparwassers' purchase of a maintenance contract from Debtor and/or Transform at the time they purchased their clothes dryer. Exhibit A, paragraphs 9 and 26.

12. Pursuant to the terms of a policy of homeowners insurance issued to the Sparwassers, Movant paid the Sparwassers $257,679.96 for the fire damage and is now

subrogated to their causes of action against Debtor and Transform to the extent of its payment. Id. See also Exhibit C, relevant excerpts of a certified copy of Movant's insurance policy.

13.     Against Debtor and Transform, Movant has asserted causes of action for negligence, breach of contract and breach of express and/or implied warranty. Exhibit A.

14.     Debtor has not responded to the complaint or to Movant's discovery requests in the Damages Action.

15.     Transform has not only filed an Answer to the Complaint, but on November 12, 2020, despite the automatic stay attaching to all litigation involving Debtor, served Movant with discovery requests. See a copy of Defendant Transform SR LLC's First Set of Interrogatories to Plaintiff, attached hereto as Exhibit D.

16.     In the instant matter, on February 8, 2019, this Court entered an order approving the Asset Purchase Agreement between Transform Holdco LLC and various debtors, including Debtor. ECF 2507.

17.     The Asset Purchase Agreement provides as follows:

> Section 2.3 Assumption of Liabilities. Upon the terms and subject to the conditions of this Agreement, on the Closing Date Buyer, or the applicable Assignee [*sic*], shall assume, effective as of the Closing, and shall timely perform and discharge in accordance with their respective terms, the following Liabilities (collectively, the "Assumed Liabilities")
>
> \*     \*     \*
>
> (e) subject to Section 2.8(e),[1] all Liabilities for warranties and protection agreements or other services contracts (other than warranties relating to Intellectual Property) for the goods and services of Sellers sold or performed prior to the Closing, including any Liabilities owed by Sears Re to any Seller in respect

---

[1] making assumption of said liabilities contingent upon the requisite consent of the Bermuda Monetary Authority or any other applicable Bermuda regulatory authority

>   of reinsurance of such warranties and protection agreements (the
>   "PA Liabilities")

ECF 2507-1 at ECF pages 60 - 61, section 2.3(e) (document pages 39 - 40).

18. The Asset Purchase Agreement does not mention Transform SR LLC.

19. However, upon information and belief, Transform SR LLC is a subsidiary, affiliate or member of Transform Holdco LLC, and is the Assignee of Transform Holdco LLC, bound by Transform Holdco LLC's promises under the Asset Purchase Agreement regarding the assumption of liabilities arising from Debtor's warranties and protection agreements.

20. In an e-mail dated February 12, 2021, Transform's counsel in the Damages Action confirmed that Transform has assumed the liability of Sears, Roebuck and Company for maintenance agreements issued prior to the closing of the Asset Purchase Agreement. See the e-mail from Michael Pivor, Esq., attached hereto as Exhibit E.

21. On or about October 16, 2020, Debtor's representative wrote to Movant's counsel to demand that the Damages Action be withdrawn because Movant had not complied with the Court's order directing that proofs of claim for any claims that arose prior to the Commencement Date be filed by April 10, 2019. See a copy of the letter attached hereto as Exhibit F.

22. Movant disputes that its claims against Debtor in the Damages Action are subject to the bankruptcy estate in the event of a judgment for Movant in the Damages Action. Consequently, Movant has not filed a proof of claim with this Court.

### Basis for the Relief Requested

23. Movant seeks relief from the automatic stay because its claims arose after the filing of Debtor's bankruptcy petition.

24. Movant also seeks relief from the automatic stay because under the terms of the Asset Purchase Agreement, Transform has assumed the liabilities arising from Debtor's

warranties and protection agreements issued prior to the closing of the Asset Purchase Agreement, including the protection agreement sold to the Sparwassers prior to the occurrence of the fire on December 14, 2018.

25. The Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause . . . .

11 U.S.C. § 362(d).

26. The Bankruptcy Code does not define the term "cause." In re Containership Co. (TCC) A/S, 466 B.R. 219, 225 (Bankr. S.D.N.Y. 2012).

27. [A] dozen factors [are] to be weighed in deciding whether litigation should be permitted to continue in another forum. These are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

In re Sonnax Industries, 907 F.2d 1280, 1286 (2d Cir. 1990), citing In re Curtis, 40 B.R. 795, 799 – 800 (Bankr. D. Utah 1984).

28. "Not all of these factors will be relevant in every case." Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1999).

29.  [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

In re Thomson McKinnon, Inc., 130 B.R. 721, 725 (Bankr. S.D.N.Y. 1991), citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), 1978 U.S. Code Cong & Admin. News 5787.

30.  Movant's claims in the Damages Action arose from a fire and breaches of contract and warranty occurring in Maryland. Exhibit A.

31.  To determine the substantive law applicable to tort claims, such as Movant's negligence claim in the Damages Action, Maryland follows the rule of *lex loci delicti*, applying the law of the place where the wrong occurred. "That rule directs a court to apply the [substantive tort] law of the place where the tort or wrong was committed." Lewis v. Waletzky, 31 A.3d 123, 125 (Md. 2011). (Citation and internal quotation marks omitted; brackets supplied by the court.)

32.  To determine the substantive law applicable to contract claims, such as Movant's claims for breach of contract in the Damages Action, Maryland follows the rule of *lex loci contractus*, applying the law of the place where the contract was formed. Id. See also Cunningham v. Feinberg, 107 A.3d 1194, 1204 – 06 (Md. 2015).

33.  In Maryland, the rule of *lex loci contractus* also applies to warranty claims, with the substantive law of the place of the sale applying. Volkswagen of America v. Young, 321 A.2d 737, 747 (Md. 1974).

34.  The claims for negligence, breach of contract and breach of warranty asserted in the Complaint in the Damages Action all implicate Maryland substantive law.

35. Having paid its debt to the Sparwassers under the terms of the policy of insurance it issued to them, Movant is subrogated to the Sparwassers' causes of action against Debtor and Transform to the extent of its payments. Pulte Home Corp. v. Parex, Inc., 923 A.2d 971, 1005 – 06 (Md. App. 2007), aff'd 942 A.2d 722 (Md. 2008).

36. To the extent that they apply, the Sonnax Industries factors favor the granting of Movant's application:

1) The granting of the motion would result in complete resolution of the issues, as Movant's claim would no longer be litigated in the bankruptcy court, would resume its path toward resolution in the Maryland state court and, pursuant to the Asset Purchase Agreement, would be settled, or defended, by Transform, which is not a debtor in the instant case.

2) Movant's claims lack any connection with, and will not interfere with, the bankruptcy case, because Transform has assumed the liabilities of Debtor, and Transform is not a debtor in the instant case.

3) The Damages Action does not involve Debtor as a fiduciary, making this factor irrelevant.

4) No specialized tribunal with the necessary expertise has been established to hear the claims raised in the Damages Action. The claims arise from Debtor's maintenance, *vel non*, of a clothes dryer and can be heard by a state court jury.

5) Movant does not know whether the Debtor's insurer has assumed full responsibility for defending Debtor, or even if Debtor is insured, as the automatic stay was imposed on the Damages Action before discovery could address the question of Debtor's insurance. However, under the Asset Purchase Agreement, Transform has

- 9 -

assumed liability with respect to the Sparwassers' maintenance agreement, rendering this factor moot.

6) The Damages Action does not *primarily* involve third parties. It is half-aimed at Debtor and half-aimed at a third party, Transform, but Transform has agreed to assume Debtor's liability arising from the Sparwassers' maintenance agreement.

7) Litigation of the Damages Action in Maryland state court would not prejudice the interests of other creditors, because of Transform's assumption of Debtor's liability arising from the Sparwassers' maintenance agreement. Transform is not a debtor in the instant matter.

8) A judgment claim arising from the Damages Action would not be subject to equitable subordination, because Transform has assumed Debtor's liability, and Transform is not a debtor in the instant matter.

9) Given Transform's assumption of Debtor's liability, Movant's success in the Damages Action would not result in a judicial lien avoidable by Debtor.

10) The interests of judicial economy and expeditious and economical resolution of litigation favor the granting of the instant Motion and returning the Damages Action to Maryland state court, as the parties are located in Maryland, any prospective settlement of the Damages Action does not implicate estate assets, and a Maryland court is best equipped to apply Maryland law.

11) Because the Damages Action has not progressed past discovery, the parties are not ready for trial, but Transform has already advanced the matter towards resolution by having answered the Complaint and serving Movant with discovery requests.

12) The stay imposed on the Damages Action has prejudiced Movant, given that the Damages Action has not progressed toward trial since the stay was imposed, and any remedy for Movant has been correspondingly postponed. Movant would additionally be prejudiced if it were required to litigate its claims in the instant Court, given the delays and costs inherent in a bankruptcy case of such magnitude and complexity.

37. In summary, the Sonnax Industries test favors the granting of the motion.

38. The existence of a more appropriate forum than the bankruptcy court is "cause" for relief under 11 U.S.C. § 362(d)(1). In re Drexel Lambert Group, Inc., 113 B.R. 830, 838 n. 8 (S.D.N.Y. 1990). The Maryland state court is the more appropriate forum for litigating Movant's claims, because (1) the parties are located in Maryland, (2) any prospective settlement of the Damages Action does not implicate estate assets, and (3) a Maryland court is best equipped to apply Maryland law

39. Because Movant's requested relief would meet all the relevant criteria of the In re Sonnax Industries test, because the requested relief would not affect Debtor's estate and because litigating the Damages Action in Maryland state court would further the interests of fairness and efficiency, cause for relief exists under Section 362(d)(1), and the stay should be lifted.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

WHEREFORE, Movant respectfully requests the issuance of an order substantially in the form attached hereto as Exhibit G and grant relief from the automatic stay imposed under Section 362(a) of the Bankruptcy Code, to permit Movant to resume prosecuting the Damages Action against Debtor and Transform in the Circuit Court for Baltimore County, Maryland.

Dated:   New York, New York
         February 12, 2021

WHITE AND WILLIAMS LLP

*/s/ James C. Vandermark*
James C. Vandermark
7 Times Sq., Suite 2900
New York, NY 10036
vandermarkj@whiteandwilliams.com

*Counsel to Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser*