# EXHIBIT A

# IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| **ERIE INSURANCE COMPANY as subrogee of Charles and Joyce Sparwasser**<br>100 Erie Insurance Place<br>Erie, PA 16530<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**SEARS, ROEBUCK & CO**.<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>　Serve On:<br><br>The Corporation Trust Incorporated<br>2405 York Road<br>Suite 201<br>Lutherville-Timonium, Maryland  21093-2264<br><br>and<br><br>**TRANSFORM SEARS HOME SERVICES, LLC**<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>　Serve On:<br><br>The Corporation Trust Incorporated<br>2405 York Road<br>Suite 201<br>Lutherville-Timonium, Maryland  21093-2264<br><br>　　　　　　　　　Defendants. | CASE No.  C-03-CV-20-003262 |

## COMPLAINT, DEMAND FOR JUDGMENT AND ELECTION FOR JURY TRIAL

Plaintiff, Erie Insurance Company as subrogee of Charles and Joyce Sparwasser, by and through the undersigned counsel, hereby files this Complaint against defendants Sears Roebuck & Co. and Sears Holding Corporation, and avers as follows:

24979840v.1

## PARTIES

1. Plaintiff, Erie Insurance Company, as subrogee of Charles Sparwasser (hereinafter "Plaintiff" or "Erie"), is a Pennsylvania insurance company with its principal place of business located at 100 Erie Insurance Place, Erie, PA 16530, and who at all times relevant hereto was authorized to transact business and issue policies of insurance in the State of Maryland.

2. Upon information and belief, Defendant, Sears, Roebuck & Co. (hereinafter "Sears Roebuck"), is a New York corporation with a principal place of business located at 3333 Beverly Road, Hoffman Estates, IL 60179 and, at all times relevant hereto, was engaged in the business of, *inter alia*, marketing, distributing, selling, servicing and maintaining appliances, including Fisher & Paykel brand dryers.

3. Upon information and belief, Defendant, Transform Sears Home Services, LLC (hereinafter "Transform Sears"), is a Delaware corporation with a principal place of business located at 3333 Beverly Road, Hoffman Estates, IL 60179 and, at all times relevant hereto, was engaged in the business of, *inter alia*, marketing, distributing, selling, servicing and maintaining appliances, including Fisher & Paykel brand dryers.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are appropriate in this Court because the incident from which this matter arose occurred within Baltimore County, Maryland, and both defendants transact business throughout the State of Maryland, including this County, on a regular basis.

## FACTUAL BACKGROUND

5. Prior to December 14, 2018, Erie issued Policy No. Q526705027 (the "Policy") to Charles and Joyce Sparwasser (hereinafter "Sparwassers" or "Plaintiff's Insured") providing

insurance coverage for their residence located at 7872 Saint Fabian Lane, Dundalk, MD 21222 (hereinafter "Subject Property").

6. At all times relevant hereto, the Sparwassers owned the Subject Property.

7. The Policy was in full force and effect at all times relevant hereto

8. Upon information and belief, prior to December 14, 2018, the Sparwassers purchased a Fisher & Paykel dryer, model number DGGX2 and serial number LEU308083 (hereinafter "Dryer") from a Sears Outlet store.

9. Upon information and belief, prior to December 14, 2018, the Sparwassers purchased a service and maintenance contract with Sears Roebuck and Transform Sears (hereinafter collectively referred to as "Sears") for the routine inspection, service, maintenance and/or repair of the Dryer.

10. Upon information and belief, in or around early 2017, Sears replaced the lint removal system inside the Dryer.

11. Upon information and belief, in early 2018, the Sparwassers noticed that the lint removal system was not working properly.

12. Upon information and belief, in mid-2018, a Sears service technician came to the Subject Property to perform maintenance on some appliances.

13. While the Sears technician was on site in mid-2018, the Sparwassers and/or his wife informed the technician that the lint removal system did not appear to be working. The Sears technician refused to repair the dryer while on site, claiming that he had no experience with make and model of the Dryer, and that another technician will be sent to the Subject Property to repair the Dryer.

14. After the technician left the Subject Property in mid-2018, no other Sears

-3-

technician came to the site to repair the Dryer.

15. On December 14, 2018, a fire occurred at the Subject Property.

16. Subsequent investigation of the fire revealed that the fire originated inside the Dryer.

17. Further investigation revealed that the fire was caused by the excessive build-up of heat as a result of an accumulation of lint due to the improperly installed lint remover.

18. Pursuant to the terms of the Policy, Erie paid $257,679.96 to compensate the Sparwassers for the damage to the Subject Property.

19. By virtue of the payments made to the Sparwassers in accordance with the terms and conditions of the Policy, Erie is now subrogated to the rights of the Sparwassers against the party or parties responsible for the fire and resulting damages.

## COUNT I
## NEGLIGENCE VS. DEFENDANTS

20. Erie hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

21. In providing appliance maintenance services, Sears owed the Sparwassers a duty imposed by common law, applicable industry customs, regulations, standards of practice, codes, and/or ordinances to exercise due and reasonable care to avoid creating an unreasonable risk of damage and/or to the Subject Property.

22. Sears knew, or should have known, that their failure to exercise due and reasonable care would result in an unreasonable risk of damage and/or harm to the Subject Property.

23. The above-referenced damage to the Sparwassers' property and expenses incurred relative thereto were proximately caused by and resulted from the negligence and/or careless acts

-4-

and/or omissions of Sears, acting by and through their employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to the control, direction, and for the benefit of Sears.  Said acts and/or omissions include, but are not limited to:

    a)    failing to fully and properly inspect, maintain and repair the Dryer;

    b)    failing to properly install a replacement lint remover for the Dryer in a manner free of defects;

    c)    failing to properly respond to the Sparwassers and/or his wife's complaints about issues with the lint removal system for the Dryer;

    d)    failing to inspect and/or maintain the Dryer with the degree of care and skill which would ordinarily be brought to such endeavors by competent appliance maintenance providers;

    e)    failing to act in a reasonable and prudent manner regarding the safety of persons and property;

    f)    failing to take adequate precautions to protect the Subject Property from damage; and

    g)    failing to exercise due care in other ways that may be disclosed in discovery.

24.    As a direct and proximate result of the above-referenced negligence and/or careless acts and/or omissions of Sears, the Sparwassers sustained substantial and/or permanent damage to his real and personal property, loss of market value, loss of use, and incidental and consequential damages, for which Erie made payment on behalf of its insured.

**WHEREFORE**, for the foregoing reasons, Plaintiff Erie Insurance Company as subrogee of Charles and Joyce Sparwasser demand judgment against Sears Roebuck, & Co. and Transform Sears Home Services, LLC on the first cause of action in an amount of $257,679.96, which exceeds the jurisdictional limit of all lower courts which would otherwise have

jurisdiction, together with costs, disbursements, interest and attorneys' fees as well as such other further and different relief which as to this Court seems just and proper.

## COUNT II
## BREACH OF CONTRACT VS. DEFENDANTS

25. Erie hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

26. The Sparwassers entered into an agreement with Sears and was obligated to perform the above-referenced maintenance services in a good and workmanlike manner, in compliance with applicable industry standards of practice, customs, regulations, codes, and/or ordinances, and/or without creating an unreasonable risk of harm to the Subject Property.

27. Sears knew or should have known that the Sparwassers were relying on the skills and expertise of Sears for the above-referenced maintenance services.

28. Sears, by his aforesaid conduct, described more fully in Count I, failed to fulfill and otherwise violated his contractual obligations to the Sparwassers.

29. As a direct and proximate result of Sears' breaches of contract, the Sparwassers sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and/or incidental and consequential damages, and Plaintiff made payments to indemnify the Sparwassers.

**WHEREFORE**, Plaintiff Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser, demands judgment against Defendants Sears Roebuck & Co. and Transform Sears Home Services, LLC on the second cause of action in the amount of $257,679.96, which exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction, together with costs, disbursements, interest, and attorneys' fees, as well as such other further and different relief which this Court deems just and proper.

24979840v.1

## COUNT III
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES V. DEFENDANTS

30. Erie hereby incorporates by way of reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

31. Sears expressly and/or impliedly warranted and represented that they were skilled and competent in performing the above-referenced maintenance services.

32. Sears expressly and/or impliedly warranted and represented that the above-referenced maintenance services would be performed in a good and workmanlike manner.

33. Sears expressly and/or impliedly warranted and represented that the above-referenced maintenance services would be performed with ordinary skill, due diligence, and /or good judgment.

34. Sears expressly and/or impliedly warranted and represented that the above-referenced maintenance services would be in conformity with applicable industry standards of practice, customs, regulations, codes, and/or ordinances.

35. The Sparwassers had a right to rely and in fact did rely on the express and/or implied representations of Sears.

36. Sears, by the aforesaid conduct, described more fully in Count I, failed to fulfill and otherwise breached its express and/or implied warranties to the Sparwassers.

37. As a direct and proximate result of Sears' breaches of warranty, the Sparwassers sustained substantial and/or permanent damage to their real and personal property, loss of market value, loss of use, and/or incidental and consequential damages, and Plaintiff made payments to indemnify its Insureds.

**WHEREFORE**, Plaintiff Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser, demands judgment against Defendants Sears Roebuck & Co. and Transform Sears

Home Services, LLC on the third cause of action in the amount of $257,679.96, which exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction, together with costs, disbursements, interest, and attorneys' fees, as well as such other further and different relief which this Court deems just and proper.

                        Respectfully submitted,

BY: _____/S/_____
Robert D. Anbinder, Esquire
Attorney at Law
CPF No.: 9212150014
P.O. Box 65354
Baltimore, Maryland 21209
410-916-7469 (telephone)
rdaattorney@gmail.com

*Attorney for Plaintiff*

**IN THE CIRCUIT COURT FOR BALTIMORE COUNTY**

| | |
|---|---|
| ERIE INSURANCE COMPANY as subrogee of<br>Charles Sparwasser<br>100 Erie Insurance Place<br>Erie, PA 16530<br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SEARS, ROEBUCK & CO.<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>　and<br><br>TRANSFORM SEARS HOME SERVICES, LLC<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>**Serve On:**<br><br>The Corporation Trust Inc., Resident Agent<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD  21093-2264<br><br>　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ELECTION FOR JURY TRIAL**

　　Plaintiff elects to have this matter tried to a jury.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　BY:_____/S/_____
　　　　　　　　　　　　　　　Robert D. Anbinder, Esquire
　　　　　　　　　　　　　　　Attorney at Law
　　　　　　　　　　　　　　　CPF No.: 9212150014
　　　　　　　　　　　　　　　P.O. Box 65354
　　　　　　　　　　　　　　　Baltimore, Maryland 21209
　　　　　　　　　　　　　　　410-916-7469 (telephone)
　　　　　　　　　　　　　　　rdaattorney@gmail.com

　　　　　　　　　　　　　　　*Attorney for Plaintiff*

-9-

24979840v.1