# EXHIBIT D

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| **ERIE INSURANCE COMPANY, as Subrogee of Charles and Joyce Sparwasser** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: 03-C-20-003262** |
| **SEARS, ROEBUCK & CO., et al.** | * | |
| **Defendant.** | * | |

### DEFENDANT TRANSFORM SR LLC'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

The following interrogatories are propounded upon you pursuant to the Maryland Rules of Civil Procedure. Each interrogatory is to be answered individually and fully in writing, under oath, and a copy thereof served upon counsel for Defendant within thirty (30) days of service hereof.

### INSTRUCTIONS AND DEFINITIONS

A.      These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.      Where the name or identity of a person is requested, or where you are asked to "identify" a person, state the person's full name, residence address, residence telephone number, business address, and business telephone number.

C.      Where the identity of a document or item is requested, or where you are asked to "identify" a document or item, please describe the nature of the document item, where it is currently located, identify the person in current possession of it, the date of its execution (if

appropriate), the date of its creation (if appropriate), and each person or entity who has signed, endorsed, executed, or received a copy of it.

D.    Unless otherwise indicated, all interrogatories refer to the facts alleged in the Complaint.

E.    The terms "Plaintiff", "you" or "your," as used herein, refers to Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser, and all of their representatives, and agents, including, but not limited to their attorneys.

F.    As used herein, "Defendant" shall refer to Transform SR LLC (improperly sued as Transform Sears Home Services, LLC).

G.    The terms "occurrence" and "incident," as used herein, refer to the alleged incidents and occurrences as set forth in Plaintiff's Complaint.

## INTERROGATORIES

1.    State the full name, title, and business address of the person(s) who supplied the information contained in Plaintiff's answered to interrogatories.

2.    Give a concise statement of the facts as to how you contend the occurrence took place.

3.    State with specificity all the facts upon which you base your contention that this Defendant breached any duty owed to Plaintiff or Plaintiff's insured.

4.    State with specificity all the facts upon which you base your contention that the damages alleged in this action were actually and proximately caused by the alleged negligence of this Defendant.

5.    State with specificity all the facts upon which you base your contention that breached a contract with you or your insured.

2

6.    State with specificity <u>all</u> the <u>facts</u> upon which you base your contention that breached a warranty, express or implied, owed with you or your insured.

7.    State with specificity the reason(s) why your insured continued to use the dryer at issue, despite allegedly becoming aware in early-2018 that an aspect of it was not working properly, as alleged in Paragraphs 11-17 of the Complaint.

8.    Identify all persons with knowledge of the facts requested in the previous Interrogatories.

9.    Set forth in narrative form and in chronological order each conversation that you or your insured have had with any current or former employee, agent, or representative (including insurers) of Defendant at any time, relating to the incident.  In answering this interrogatory, state the dates of the conversations where they are known to you, or your best recollection thereof, and give the names and addresses of any other persons who were present for all or any portion of these conversations.

10.    If you contend that any current or former employee, servant, agent, or representative of Defendant has made any admission(s) or declaration(s) against interest at any time, identify each person making such admission(s) or declaration(s), the date, the substance thereof, and all witnesses to the admission(s) or declaration(s).

11.    Identify all witnesses to all or part of the occurrence and their location at the time of the occurrence.

12.    Describe in detail each of the damages you claim as a result of the alleged acts or omissions of each defendant, including whether you claim that any such injuries are permanent.

3

13.    Itemize with particularity all items of monetary loss or damage you allege as a result of any act or omission by any defendant, and state the method for which you computed that amount. This includes, but is not limited to, all medical expenses, lost income, lost earning capacity, and lost services.

14.    Itemize with particularity any other loss or damage or relief sought to be recovered from this Defendant.

15.    If you expect to call any person(s) as an expert witness at the trial of this case, state the name and field of expertise of each such person, the facts and opinions to which each is expected to testify, and the basis for each such opinion.

16.    If any individual, other than those listed in your answer to the previous interrogatory, is expected to give opinion testimony at trial, state the name and field of expertise of each such person, the facts and opinions to which each is expected to testify, and the basis for each such opinion.

17.    If you contend that this defendant violated any statute or regulation, identify each such statute and regulation and state all the facts upon which you rely in support of your contention that each was violated.

18.    Have any persons made or given to you, or to any employee(s), agent(s), or representatives acting on your behalf, any statements concerning the occurrence, any fact or information relevant to the injuries or damages claimed to have resulted from the occurrence or to any issue in the case?

19.    Identify each person, other than those identified elsewhere in answers to these interrogatories, known to you, your attorney, or anyone acting in or on your behalf, who has knowledge of any facts pertaining to the allegations of the Complaint at issue and/or the

4

injuries or damages sustained, and indicate whether each such person was an eyewitness to any act, omission and/or injury which is the subject of the Complaint at issue.

20.    Identify each person who has investigated this matter.  Include in your answer any governmental entities or personnel.

21.    If, other than the claim in this case, your insured has ever made claims for damages or injuries (including, but not limited to, worker's compensation or disability claims), or have filed suit against anyone for any reason, state the nature of each such claim, the date of the incident giving rise to such claim or suit; the name of the person or entity against whom each claim was made, and any amounts received as a result of such claim.

KIERNAN TREBACH LLP

/s/ Michael L. Pivor

Michael L. Pivor, Esquire, CPF 0412150179
1233 20th Street, N.W., Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 Fax
mpivor@kiernantrebach.com
*Attorney for Defendant Transform SR LLC (improperly
sued as Transform Sears Home Services, LLC)*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of November, 2020, a copy of the foregoing Defendant Sears, Roebuck and Co.'s Interrogatories to Plaintiff was sent via first class mail, postage prepaid, to the parties listed below:

Robert Anbinder, Esq.
P.O. Box 65354
Baltimore, MD 21209
*Attorney for Plaintiff*


/s/ Michael L. Pivor
_____

Michael L. Pivor

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

**ERIE INSURANCE COMPANY, as**  *
**Subrogee of Charles and Joyce**
**Sparwasser**        *

  **Plaintiff,**       *

**v.**           *  **Case No.: 03-C-20-003262**

**SEARS, ROEBUCK & CO., et al.**  *

  **Defendant.**      *

### DEFENDANT TRANSFORM SR LLC'S
### REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW Transform SR LLC (improperly sued as Transform Sears Home Services, LLC) (hereinafter "Defendant"), by and though its counsel, Kiernan Trebach LLP, and hereby serves Plaintiff with the following Requests for Production of Documents in accordance with Rule 2-422 of the Maryland Rules.

### GENERAL INSTRUCTIONS

These Requests are propounded to you in accordance with the Maryland Rules. Each Request must be answered separately, fully, in writing, under oath, and a copy served upon counsel for this Defendant within thirty (30) days from the date of receipt of these Requests by you.

1. These Requests are continuing in character, requiring you to file supplemental answers if you obtain further or different information before trial.

2. Where the identity of a person is requested, please state the full name of that person, his or her address, telephone number and business address, if known.

3.      Unless otherwise indicated, these Requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

4.      Where knowledge or information in possession of a party is requested, such request includes knowledge of, or information obtained by, the party's agents, representatives and, unless privileged, his attorney.

5.      If you believe that any of the following discovery requests call for information or documents subject to a claim of privilege, answer or produce so much as is not objected to, state that part of each discovery request as to which you raise objection and set forth the basis for your claim of privilege with respect to such information withheld. For each document as to which you claim privilege, state the date and subject matter of the document, the names(s) of the person(s) who prepared the document and the name(s) of the person(s) for whom the document was intended.

## DEFINITIONS

a.      The terms "Plaintiff", "you" or "your," as used herein, refers to Erie Insurance Company, as subrogee of Charles and Joyce Sparwasser, and all of their representatives, and agents, including, but not limited to their attorneys.

b.      The term "Defendant" as used herein refers to Transform SR LLC (improperly sued as Transform Sears Home Services, LLC).

c.      The terms "occurrence" and "incident," as used herein, refer to the alleged incidents and occurrences as set forth in Plaintiff's Complaint.

d.      The term "Document" or "documents" means any written, typed, printed, recorded, coded, or graphic matter of any kind, however produced or reproduced, any electronically or magnetically recorded or stored matter of any kind or character, and any

other matter or thing of any kind or character that stores, memorializes, or records information, whether transcribed by hand or by some mechanical, photographic or other means, and whether or not the original is now in existence, including without limitation: advertisements; agreements. analyses; announcements; appointment books; articles; audiotapes; bills; books; books of account; brochures; bulletins; calendars; cancelled tickets; catalogues; cables; calendars or desk pads; cancelled checks; certificates; charts; compilations; computer diskettes; computer records; computer tapes; contracts; control sheets; correspondence; data processing cards, forms, and records; deposition transcripts; diaries; directions; drafts; drawings; electronic mail ("e-mail"); facsimiles; files; film; fliers; forms; graphs; handwritten notes; instructions; inter-office or intraoffice communications; journals; labels; ledgers; letters; mailgrams; medical records; medical reports; memoranda (including any type or form of notes, memoranda or sound recordings of personal thoughts, recollections or reminders, agreements, meetings or conferences); microfiche; microfilm; minutes; motion pictures; newsletters; newspapers; notes; notebooks; papers; records; records of meetings conferences, and telephone conversations; reports packaging; pamphlets; phono-records; photocopies; photographs; photostats; pictures; publications; receipts; reports; slides and still films; paper and computerized spreadsheets; statistical compilations; stenographic notes; studies; statements; sound and/or tape recordings; surveys; telecopies and tele-faxes; telegrams; telephonic messages; teletypes telexes; technical reports; transcripts; transmittal slips; working papers; writings; videotapes; and all electromagnetic storage media, including computer tapes, disks, and diskettes, and other data compilations from which information can be obtained, decoded, and/or translated, as necessary, though the use of playback or detection

3

devices into reasonably usable form and other papers or matters similar to any of the foregoing, however denominated.

If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), each nonidentical copy is a separate "document." The phrase "each and every document" shall mean each and every document that can be designated and/or located by the use of reasonable diligence, whether located on premises or Plaintiff and/or elsewhere.

e.      The terms "person" and "persons" as used herein refer to individuals, as well as partnerships, corporations, associations, societies, and all other organizations and business entities.

f.      The term "identify," as used herein with relation to persons, shall be construed to require provision of details sufficient to distinguish and locate the described persons or business entities, including but not limited to the person's or entity's name(s), address(es), telephone number(s), employer(s), employment address(es), employer's telephone number(s), and job titles.

g.      The term "identify," as used herein with relation to documents, shall be construed to require provision of details sufficient to distinguish and locate the described documents, including but not limited to the identification of their creator and of persons in possession of them, date of creation, to whom addressed (if applicable), and a brief description of contents.

4

## DOCUMENTS REQUESTED

1.      All records, reports, notes, correspondence, or other writings or non-oral evidence which reflect or refer to the damages allegedly sustained by Plaintiff or Plaintiff's insured and/or any treatment or examination for such injuries.

2.      All bills, statements, receipts or other writings reflecting or referring to payments made or amounts owed for as a result of the alleged damages.

3.      All records, documents, writings or other non-oral evidence upon which Plaintiff rely in support of their allegations against any defendant.

4.      All records, reports, notes, correspondence, or other writings or other non-oral evidence which support any claim for monetary damages against any defendant.

5.      All reports, notes, writings, photographs, videos, diagrams, depictions, and/or calculations prepared by or for any expert witness Plaintiff expects to call at trial in this case.

6.      All materials, notes, documents, photographs, videos, diagrams, depictions, pleadings, discovery responses, treatises, professional authorities and/or writings reviewed or relied upon by any expert Plaintiff expects to call at trial.

7.      All materials, notes, documents, photographs, videos, diagrams, depictions, pleadings, discovery responses, treatises, professional authorities and/or writings provided to any expert Plaintiff expects to call at trial.

8.      A curriculum vitae for each expert Plaintiff expect to call at trial.

9.      All transcripts of any deposition or trial expert testimony of each expert Plaintiff expect to call at trial.

10.     All documents referred to in Plaintiff's answers to this Defendant's Interrogatories.

11.    All records, pleadings, or other writings reflecting or relating to any claim or lawsuit filed or made by Plaintiff's insured for damages, including any worker's compensation or disability claims, and any payment received as a result of such claims.

12.    All records, notes, correspondence and/or other writings, photographs, videos, models and/or other non-oral evidence reflecting or relating to the scene of the incident.

13.    All documents or other non-oral evidence you received from any party or any agent of any party.

14.    All written or recorded statements of any person with knowledge of any facts relating to the issues in this case.

15.    All written or recorded statements of any defendant hereto or any agent of any defendant.

16.    All written or recorded communications to or from any defendant hereto or any agent of any defendant.

17.    Any and all work orders for work performed by this defendant at your insured's residence at any time.

18.    Any and all invoices for work performed by this defendant at your insured's residence at any time.

19.    Any and all contracts entered into between your insured and Defendant.

20.    Any and all contracts entered into between your insured and Defendant relating to the dryer at issue.

21.    Any instructions, manuals, warranties, or other written materials that came with the dryer at issue.

6

22.    All records, documents, notes, correspondence, memoranda, electronically stored information or other written or graphic material you received in response to any formal or informal document request from any other person, party, or entity, including but not limited to, responses to subpoenas or requests for production of documents.

23.    A copy of any documents relating to any payment, settlement, or compensation from any source, or any agreement concerning settlement of any claim, arising out of the matters alleged in this action.

24.    All records, reports, notes, photographs, videotapes, diagrams, correspondence, or other writings or other non-oral evidence reflecting or relating to any investigation of this incident by any governmental entity or agency.

25.    All records or other writings reflecting or relating to any investigation made by Plaintiff, Plaintiff's insured, or their agents, about the incident in question in this case.

26.    All records, reports, notes, photographs, videotapes, diagrams, correspondence, or other writings or other non-oral evidence reflecting or relating to the condition which you alleged caused or contributed to the occurrence.

27.    All records, notes, correspondence and/or other writings, photographs, videos, models and/or other non-oral evidence in support of your contention that this Defendant breached any duty owed to Plaintiff.

28.    All records, notes, correspondence and/or other writings, photographs, videos, models and/or other non-oral evidence in support of your contention that the damages alleged in this action were actually and proximately caused by the alleged negligence of this Defendant.

29.    All records, notes, correspondence and/or other writings, photographs, videos, models and/or other non-oral evidence in support of your contention that this Defendant breached a contract with you or your insured.

30.    All records, notes, correspondence and/or other writings, photographs, videos, models and/or other non-oral evidence in support of your contention that this Defendant breached a warranty, express or implied, with you or your insured.


KIERNAN TREBACH LLP


/s/ Michael L. Pivor

---

Michael L. Pivor, Esquire, CPF 0412150179
1233 20th Street, N.W., Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 Fax
mpivor@kiernantrebach.com
*Attorney for Defendant Transform SR LLC (improperly sued as Transform Sears Home Services, LLC)*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of November, 2020, a copy of the

foregoing Requests for Production of Documents to Plaintiff was sent via first class mail,

postage prepaid, to the parties listed below:

Robert Anbinder, Esq.
P.O. Box 65354
Baltimore, MD 21209
*Attorney for Plaintiff*


/s/ Michael L. Pivor

_____

Michael L. Pivor

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ERIE INSURANCE COMPANY, as *
Subrogee of Charles and Joyce
Sparwasser                                            *

      Plaintiff,                                   *

v.                                                    *        Case No.: 03-C-20-003262

SEARS, ROEBUCK & CO.   , et al.                       *

      Defendant.                                   *

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on this 12th day of November, 2020, I served a copy of

*Defendant* **Transform SR LLC** *(improperly sued as Transform Sears Home Services,*

*LLC) First Set of Interrogatories and Requests for Production of Documents to:*

**Robert Anbinder, Esq.**
**P.O. Box 65354**
**Baltimore, MD 21209**
*Attorney for Plaintiff*

I will retain the original of these documents in my possession without alteration, until the

case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted

has been decided.

**KIERNAN TREBACH LLP**

**/s/ Michael L. Pivor**

**Michael L. Pivor, Esquire, CPF 0412150179**
**1233 20th Street, N.W., Eighth Floor**
**Washington, D.C. 20036**
**(202) 712-7000**
**(202) 712-7100 Fax**
**mpivor@kiernantrebach.com**
*Attorney for Defendant Transform SR LLC*
*(improperly sued as Transform Sears Home Services,*
*LLC)*

1

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of November, 2020, a copy of the

foregoing Defendant Sears, Roebuck and Co.'s Certificate Regarding Discovery was sent

via electronic e-filing, email and first class mail, postage prepaid, to the parties listed

below:

**Robert Anbinder, Esq.**
**P.O. Box 65354**
**Baltimore, MD 21209**
*Attorney for Plaintiff*


/s/ Michael L. Pivor
_____

**Michael L. Pivor**

2