# EXHIBIT F

# SEARS HOLDINGS

10/16/20

**Via Email: rdaattorney@gmail.com**
Robert D. Anbinder, Esq.
Attorney at Law
P.O. Box 65354
Baltimore, MD 21209

**Re:  In re Sears Holdings Corporation, Inc.,** *et al.*,
        **Chapter 11 Case No. 18-23538 (RDD) (jointly administered)**

Dear Robert D. Anbinder, Esq.:

I write to inform you that on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates (collectively the "**Debtors**"), each filed a voluntary petition seeking bankruptcy protection under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  These bankruptcy cases have been assigned Case No. 18-23538 (RDD).

Your attention is directed to sections 541 and 362 of the Bankruptcy Code.  Pursuant to section 541, the filing of a petition under the Bankruptcy Code creates an estate, which is comprised of all of the debtor's property wherever located and by whomever held.  *See* 11 U.S.C. § 541.  Pursuant to section 362(a), an automatic stay went into effect on the Commencement Date, prohibiting a variety of actions to collect a prepetition debt against the Debtors or otherwise interfere with the Debtors' estates.  The automatic stay expressly prohibits:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a).

Your client commenced an action, *Erie Insurance Company a/s/o Charles and Joyce Sparwasser v. Sears, Roebuck and Co. and Transform Sears Home Services, LLC*, (the "**Action**") against Sears, Roebuck and Co. and Sears Holdings Corporation after the Commencement Date and in contravention of the automatic stay imposed by section 362 of the Bankruptcy Code.

10/16/20

     Absent relief from the automatic stay extant under section 362 of the Bankruptcy Code, judicial actions and proceedings commenced against the debtor are "void *ab initio*." *Maritime Elec. Co., Inv. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991). Accordingly, filing the Action is a violation of the automatic stay, and the Action is "void *ab initio*." The continued prosecution of the Action against the Debtors would further violate the automatic stay.

     Please be advised that, pursuant to established case law, parties may be held in contempt of court for violating the automatic stay and, furthermore, may be liable for costs and attorneys' fees for any such violations. *See Fidelity mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976).

     Please provide confirmation by email to legalint@searshc.com that you will dismiss the Action without prejudice **by 10/16/20.** Following dismissal, please provide another confirmation and a copy of the order to the same address. Absent such confirmation, we will be forced to seek appropriate relief in the Bankruptcy Court.

     Pursuant to the *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 2676) (the **"Bar Date Order"**), the deadline for all persons and entities (excluding governmental units, as defined in section 101(27) of the Bankruptcy Code) for filing proofs of claim for any claims that arose prior to the Commencement Date was April 10, 2019 (the **"Bar Date"**). Paragraph 10 of the Bar Date Order provides that "all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates."

     The Bar Date Order required that Charles and Joyce Sparwasser file a proof of claim on or before the Bar Date. The Debtors' records, however, reflect that Charles and Joyce Sparwasser did not timely file a proof of claim. Accordingly, Charles and Joyce Sparwasser are forever barred from collecting payment on account of their prepetition claim from the Debtors.

     Please note that additional information regarding the Debtors' chapter 11 cases can be found at https://restructuring.primeclerk.com/sears/Home-Index.

                                      Very truly yours,

                                      Stacey Leinheiser
                                      Authorized Signatory