Michael J. Riela
TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue, 13th Floor
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
Email: Riela@thsh.com

*Counsel to DeSoto County, Mississippi*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | Jointly Administered |
|  | Re: Docket No. 8452 |

**RESPONSE OF DESOTO COUNTY, MISSISSIPPI TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (PROPERTY TAX CLAIMS)**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

DeSoto County, Mississippi (the "County") hereby responds to the above-captioned debtors' (the "Debtors") twenty-second omnibus objection to proofs of claim (the "Objection") as it pertains to the County's proof of claim (number 19770) against Sears, Roebuck and Co. ("Sears Roebuck"), in the amount of $545,014.50 (the "Proof of Claim") for unpaid pre-petition personal property taxes for the 2015 tax year.  In support of this Objection, the County respectfully represents as follows:

## FACTS

1.      The County timely filed the Proof of Claim against Sears Roebuck on or about June 18, 2019,[2] pertaining to unpaid personal property taxes for the 2015 tax year arising out of the Debtor's business operations at 10425 Ridgewood Drive, Olive Branch, Mississippi (the "Property"), which is located within the County.  The County's $545,014.50 claim consists of: (a) unpaid taxes of $495,440.45 and (b) penalties and fees of $49,574.05.  A copy of the filed Proof of Claim is annexed hereto as Exhibit A.  Before the commencement of these Chapter 11 cases, the County obtained a judgment in a Mississippi state court against Sears Roebuck.  *See* DeSoto County Circuit Court Clerk's Judgment Roll Link that was included in the Proof of Claim.

2.      The stated basis for the Debtors' objection to the Proof of Claim is "*Claim is not adequately supported.*"[3]  The Debtors provided no information, argument or evidence in support of that assertion.

3.      In a September 30, 2020 email to undersigned counsel, William Gallagher of M-III Partners asserted on behalf of the Debtors that:

> "As you may be aware, the Debtors sold substantially all of their assets to Transform Holdco LLC ("Transform") pursuant to the Asset Purchase Agreement (as amended, the

---

[2]      This Court established September 3, 2019 as the last day for governmental units to file proofs of claim in these cases.

[3]      *See* Objection at Exhibit B.

"APA") approved by the Bankruptcy Court (ECF No. 2507), which closed on February 11, 2019. … As part of the APA, Transform assumed the lease for 10425 Ridgewood Drive; Olive Branch, MS on May 13, 2019. …

Pursuant to section 2.3(l) the APA, Transform [Holdco LLC] is responsible for all Assumed Property Tax Liabilities for any Acquired Property for Pre-Assignment Tax Periods, which would include any business personal property taxes owed at this property. As such, the Debtors maintain their position that the claim your client has asserted is not adequately supported by evidence showing a claim against their estates, and plan to move forward with the Objection as it relates to DeSoto County.  Kindly contact Transform regarding payment of $545,014.50 for the 2015 business personal property tax claim listed above."

A copy of that email is annexed hereto as <u>Exhibit B</u>.

4.      For the last few months, undersigned counsel has been in communications with counsel for Transform regarding the resolution of the County's tax claim.  Although those discussions are ongoing and the County hopes to reach a resolution with Transform in the very near future, the parties have not reached a resolution by today's deadline for the County to respond to the Objection.  Accordingly, the County files this response.

## <u>ADDITIONAL DOCUMENTATION SUPPORTING THE PROOF OF CLAIM</u>

5.      The County assesses personal property taxes on a yearly basis.  The County calculates personal property tax on a parcel of property based on personal property renditions that the taxpayer (here, Sears Roebuck) provides to the County.  Attached hereto as <u>Exhibit C</u> is a copy of the tax receipt millage recap and property rendition for tax year 2015 that Sears Roebuck had provided to the County, which supports the calculation of the personal property tax claim for that tax year.  Annexed hereto as <u>Exhibit D</u> is the County's final notice to Sears Roebuck regarding the personal property tax claim.  Undersigned counsel provided those documents to counsel for Transform and to counsel for the Debtors several weeks ago.

## DISCUSSION

6.       As the County understands it, the true basis for the Debtors' objection to the Proof of

Claim is that Transform (and not Sears Roebuck) is now liable for the unpaid 2015 personal property

taxes because of the sale transaction between Sears and Transform.  The County is currently working

with Transform's counsel to try to reach a resolution on this issue, and hopes to resolve this matter

consensually within the next few days.  However, to the extent the Debtors assert that the County

failed to provide adequate support for its claim, that objection should be overruled for the reasons

below.

7.       Bankruptcy Rule 3001(c)(1) provides:

*Claim Based on a Writing.* Except for a claim governed by paragraph (3) of this
subdivision, when a claim, or an interest in property of the debtor securing the claim, is
based on a writing, a copy of the writing shall be filed with the proof of claim. If the
writing has been lost or destroyed, a statement of the circumstances of the loss or
destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

8.       A proof of claim that is filed in compliance with the Bankruptcy Rules constitutes

*prima facie* evidence of the validity and amount of a claim, and the objector bears the initial burden

of persuasion.  Fed. R. Bankr. P. 3001(f); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y.

2009), citing *Abboud v. Abboud (In re Abboud)*, 232 B.R. 793, 796 (Bankr. N.D. Okla. 1999), *aff'd*,

237 B.R. 777 (10th Cir. B.A.P. 1999).  The purpose of the rule is to allow a creditor who attaches

documents to its proof of claim to then refrain from presenting any other evidence because the

documents establish sufficient evidence to sustain the claim.  *See, e.g.*, *In re Consolidated Pioneer*

*Mortg.*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995).

9.       The burden does not shift to the claimant unless the objector produces evidence equal

in force to the *prima facie* case which, if believed, would refute at least one of the allegations that is

essential to the claim's legal sufficiency.  *See Oneida*, 400 B.R. at 389, citing *In re Allegheny Intern.,*

*Inc.*, 954 F.2d 167, 173–174 (3d Cir. 1992); *see also Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). To overcome this *prima facie* evidence, the objecting party must come forth with evidence that, if believed, would refute at least one of the allegations essential to the claim. *See, e.g.*, *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010), quoting *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). Specifically, a proof of claim in a bankruptcy proceeding "cannot be defeated by mere formal objection and the sworn proof is to be treated as some evidence even when it is denied." *See Minbatiwalla*, 424 B.R. at 111, quoting *In re Sabre Shipping Corp.*, 299 F. Supp. 97, 99 (S.D.N.Y. 1969). If the objector does not introduce evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant needs to offer no further proof of the merits of the validity and the amount of the claim. *See id.* If the burden is shifted back to the claimant, the claimant must then prove by a preponderance of the evidence that under applicable law the claim should be allowed. *See, e.g.*, *In re Oneida*, 400 B.R. at 389.

10. Failure to comply with Bankruptcy Rule 3001(c) merely renders a claim not to be considered *prima facie* evidence of the validity and amount of the claim. *See, e.g.*, *Consolidated Pioneer Mortg.*, 178 B.R. at 226. However, a creditor's failure to attach the required documentation does not automatically render the claim invalid. *See Minbatiwalla*, 424 B.R. at 112, citing *In re Hight*, 393 B.R. 484, 493 (Bankr. S.D. Tex. 2008). A creditor's failure to comply with the requirements of Bankruptcy Rule 3001 is an amendable defect and not fatal to the proof of claim, though it shifts the burden to the creditor to sustain the burden of persuasion by a preponderance of evidence to establish the validity and amount of the claim. *See, e.g.*, *In re Feinberg*, 442 B.R. 215, 222 (Bankr. S.D.N.Y. 2010) (concluding that the creditor ultimately established by a preponderance of the evidence the validity and amount of the proof of claim by providing subsequent evidence). In other words, even if a creditor fails to establish the *prima facie* validity of its proof of claim, the

creditor can correct this error by providing enough documentation to comply with the requirements of Bankruptcy Rule 3001(c).  *See id.* at 221, citing *In re Lundberg,* 2008 WL 4829846 at *2 (Bankr. D. Conn. October 27, 2008).

11.     Regarding the issue of how much documentation must be attached to the proof of claim, some courts have observed that requiring data for every transaction that the creditor has included within its claim could become so voluminous as to burden the parties involved.  *See, e.g.*, *In re Irons*, 343 B.R. 32, 40 (Bankr. N.D.N.Y. 2006) (addressing proof of claim relating to credit card debt).  In such instances, courts have allowed summaries of the writings that created the debt.  *See id.*, citing *In re Heath*, 331 B.R. 424, 432 (9th Cir. B.A.P. 2005).  The Court in *In re Irons* stated that summarizations prepared for proofs of claim should:

(i)      include the amount of the debts;

(ii)     indicate the name and account number of the debtor;

(iii)    be in the form of a business record or some other equally reliable format; and

(iv)    if the claim includes charges such as interest, late fees and attorney's fees, the summary should include a statement giving the breakdown of those elements.

*In re Irons*, 343 B.R. at 40, citing *In re Cluff*, 313 B.R. 323, 335 (Bankr. D. Utah 2004).

12.     Under the standards of the cases cited above, the Proof of Claim contains all of the elements that courts have required for it to constitute *prima facie* evidence of its claim.  The Proof of Claim includes the amount of the asserted claim, indicates the name and account number of the debtor, and is in the form of a business record or some other equally reliable format.  Additionally, the Proof of Claim is in writing, makes a demand upon the Debtor's estate, expresses the intent to

hold the Debtor liable for the debt, was properly filed, and is based upon facts that would allow, as a matter of equity the document to be accepted as a proof of claim.

13.    Although the Proof of Claim itself satisfies all of the requirements to constitute *prima facie* evidence of the County's claim, <u>Exhibits C</u> and <u>D</u> hereto contains additional documentation to support the Proof of Claim.[4]

14.    If the Debtors seek to disallow the Proof of Claim on the basis that Transform is liable for the debt, then the Objection should be overruled because the sole basis stated for the Debtors' objection was "*Claim is not adequately supported.*"  As noted above, the burden of persuasion with respect to the Proof of Claim does not shift back to the County unless the Debtors can produce evidence equal in force to the County's *prima facie* case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  The Debtors have not done so here. If the Debtors wish to provide any argument or evidence in support of their assertion that Transform is liable for the County's claim, it should be required to do so in a properly pled objection.

---

[4]  The County is entitled to provide additional documentation in support of its Proof of Claim in a response to the Debtors' objection thereto.  *See, e.g.*, *In re Feinberg*, 442 B.R. at 222.

WHEREFORE, for the reasons set forth herein, the County respectfully requests that this

Court overrule the Objection, and requests that this Court grant it such other and further relief as the

Court deems just and proper.

Dated: New York, New York
      February 16, 2021

          **TANNENBAUM HELPERN SYRACUSE &**
          **HIRSCHTRITT LLP**

          */s/ Michael J. Riela*
          Michael J. Riela
          900 Third Avenue, 13th Floor
          New York, New York 10022
          Telephone: (212) 508-6700
          Facsimile: (212) 371-1084
          Email:  Riela@thsh.com

          *Counsel to DeSoto County, Mississippi*

**Exhibit A**

**Filed Proof of Claim**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | | |
|---|---|---|---|---|
| ☐ Sears Holdings Corporation (18-23538) | ☐ Kmart Corporation (18-23549) | ☐ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☐ MyGofer LLC (18-23573) | ☐ Kmart.com LLC (18-23585) |
| ☒ Sears, Roebuck and Co. (18-23537) | ☐ MaxServ, Inc. (18-23550) | ☐ SYW Relay LLC (18-23562) | ☐ Sears Brands Business Unit Corporation (18-23574) | ☐ Sears Brands Management Corporation (18-23586) |
| ☐ Kmart Holding Corporation (18-23539) | ☐ Private Brands, Ltd. (18-23551) | ☐ Wally Labs LLC (18-23563) | ☐ Sears Holdings Publishing Company, LLC (18-23575) | ☐ SHC Licensed Business LLC (18-23616) |
| ☐ Kmart Operations LLC (18-23540) | ☐ Sears Development Co. (18-23552) | ☐ Big Beaver of Florida Development, LLC (18-23564) | ☐ Kmart of Michigan, Inc. (18-23576) | ☐ SHC Promotions LLC (18-23630) |
| ☐ Sears Operations LLC (18-23541) | ☐ Sears Holdings Management Corporation (18-23553) | ☐ California Builder Appliances, Inc. (18-23565) | ☐ SHC Desert Springs, LLC (18-23577) | ☐ SRe Holding Corporation (19-22031) |
| ☐ ServiceLive, Inc. (18-23542) | ☐ Sears Home & Business Franchises, Inc. (18-23554) | ☐ Florida Builder Appliances, Inc. (18-23566) | ☐ SOE, Inc. (18-23578) | |
| ☐ A&E Factory Service, LLC (18-23543) | ☐ Sears Home Improvement Products, Inc. (18-23555) | ☐ KBL Holding Inc. (18-23567) | ☐ StarWest, LLC (18-23579) | |
| ☐ A&E Home Delivery, LLC (18-23544) | ☐ Sears Insurance Services, L.L.C. (18-23556) | ☐ KLC, Inc. (18-23568) | ☐ STI Merchandising, Inc. (18-23580) | |
| ☐ A&E Lawn & Garden, LLC (18-23545) | ☐ Sears Procurement Services, Inc. (18-23557) | ☐ Sears Protection Company (Florida), L.L.C. (18-23581) | ☐ Troy Coolidge No. 13, LLC (18-23581) | |
| ☐ A&E Signature Service, LLC (18-23546) | ☐ Sears Protection Company (18-23558) | ☐ Kmart of Washington LLC (18-23570) | ☐ BlueLight.com, Inc. (18-23582) | |
| ☐ FBA Holdings Inc. (18-23547) | ☐ Sears Protection Company (PR) Inc. (18-23559) | ☐ Kmart Stores of Illinois LLC (18-23571) | ☐ Sears Brands, L.L.C. (18-23583) | |
| ☐ Innovel Solutions, Inc. (18-23548) | ☐ Sears Roebuck Acceptance Corp. (18-23560) | ☐ Kmart Stores of Texas LLC (18-23572) | ☐ Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1. Who is the current creditor? | **DeSoto County, Mississippi** <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br><br><br><br><br> Contact phone (662) 429-5041 <br> Contact email rquimby@smithphillips.com | **Where should payments to the creditor be sent?** (if different) <br><br><br> Contact phone (662) 469-8107 <br> Contact email bmacmillan@desotocountyms.gov |
| 4. Does this claim amend one already filed? | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____ <br> MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

**Claim Number: 19770**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 545,014.50 . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Modified Form 410                          **Proof of Claim**                          page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 545,014.50 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $_____

---

### Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:    *Robert Quimby*
              Robert Quimby (Jun 18, 2019)

Email:    rquimby@smithphillips.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Robert Ernest Quimby |
| | First name            Middle name            Last name |
| Title | Attorney |
| Company | Smith Phillips |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 2545 Caffey Street |
| | Number        Street |
| | Hernando                      MS        38632 |
| | City                              State      ZIP Code |
| Contact phone | (662) 429-5041 |
| Email | rquimby@smithphillips.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **have supporting documentation.**
   **(attach below)**

☐ **do not have supporting documentation.**

🖫 Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

## Do not file these instructions with your form

5/3/2019



DeSoto County, Mississippi

*Circuit Court Clerk - Ms. Dale Kelly Thompson*

# **Judgment Roll** Link

## CIRCUIT & COUNTY COURT - DESOTO COUNTY,

Current Date 5/ 3/2019

### JUDGMENT ROLL

| | |
|---|---|
| **File Number** | 125555 |
| **Rendition Date** | 11/ 1/2016 |
| **Enrollment Date** | 11/ 1/2016 |
| **Enrollment Time** | 04:30 PM |
| **Bill To Code** | 0005 DESOTO COUNTY TAX COLLECT |
| **Case/Lien Number** | 1200-000 |
| **Judgment Roll Book/Page** | 2016/0390 |
| **Court** | DESOTO COUNTY TAX COLLECTOR |
| **Judgment** | 545014.50 |
| **Date Satisfied** | / /0000 |

### Names

| | |
|---|---|
| **Defendant** | SEARS ROEBUCK & CO #8776 |
| **Address** | TAX DEPT B2-110A |
| | HOFFMAN ESTATES IL 60179 |
| **Plaintiff** | DESOTO COUNTY TAX COLLECTOR |

### DOCUMENTS

| DESCRIPTION | NUMBER OF PAGES | PRICE |
|---|---|---|

*****NO IMAGES AVAILABLE*****

Need Help Viewing Documents?

Back          New Search

Home | Circuit & County Cases | Judgment Roll

# 2015 PERSONAL PROPERTY
# PARCEL# 001200-000

# Electronic Proof of Claim

Final Audit Report                                                                    2019-06-18

| | |
|---|---|
| Created: | 2019-06-18 |
| By: | Sears Claims (searsclaims@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAW09q3Qt3iu12lkrVvI0zCEfOQtM2BJOm |

## "Electronic Proof of Claim" History

Web Form created by Sears Claims (searsclaims@primeclerk.com)
2019-06-18 - 6:45:53 PM GMT

Robert Quimby (rquimby@smithphillips.com) uploaded the following supporting documents:
Attachment
2019-06-18 - 6:53:28 PM GMT

Web Form filled in by Robert Quimby (rquimby@smithphillips.com)
2019-06-18 - 6:53:28 PM GMT- IP address: 173.235.105.186

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64)
AppleWebKit/537.36 (KHTML, like Gecko) Chrome/64.0.3282.140 Safari/537.36 Edge/17.17134)
2019-06-18 - 6:53:30 PM GMT- IP address: 173.235.105.186

Signed document emailed to Robert Quimby (rquimby@smithphillips.com) and Sears Claims
(searsclaims@primeclerk.com)
2019-06-18 - 6:53:30 PM GMT

**Exhibit B**

**Email from M-III Partners on Behalf of the Debtors**

| From: | William Gallagher |
|---|---|
| To: | Riela, Michael J.; tony@smithphillips.com |
| Cc: | Buschmann, Michael; Angeline Hwang; Samuel Sugarman; William Murphy |
| Subject: | Sears // DeSoto County, MS // Claim # 19770 |
| Date: | Wednesday, September 30, 2020 10:11:36 AM |
| Attachments: | F76256C46C194EE9884E5CA8A3473828.png |
| | Sears Order Approving the Asset Purchase Agreement (ECF No. 2507).pdf |
| | Sears - 10425 Ridgewood Assumption Order (ECF No. 3850).pdf |

SUBJECT TO FRE 408 AND OTHER RULES OF SIMILAR IMPORT

Dear Sirs,

I am writing to follow up on your September 28 correspondence relating to the Twenty-Second Omnibus Objection to Proofs of Claim (ECF No. 8452) (the "**Objection**") filed in the Sears Holdings Corporation bankruptcy cases. We have reviewed the additional information provided by DeSoto County in connection with the Objection.

The amount your client asserted as a priority claim under 11 U.S.C. 507(a) on your client's Proof of Claim is $545.014.50 (Claim # 19770), which includes:

- $545,014.50 for 2015 business personal property taxes for parcel # 001200-000

As you may be aware, the Debtors sold substantially all of their assets to Transform Holdco LLC ("**Transform**") pursuant to the Asset Purchase Agreement (as amended, the "**APA**") approved by the Bankruptcy Court (ECF No. 2507), which closed on February 11, 2019. A copy of the order approving the APA, which includes the APA as an exhibit, is attached here for reference. As part of the APA, Transform assumed the lease for 10425 Ridgewood Drive; Olive Branch, MS on May 13, 2019. A copy of the assumption order is included here for reference as well.

Pursuant to section 2.3(l) the APA, Transform is responsible for all Assumed Property Tax Liabilities for any Acquired Property for Pre-Assignment Tax Periods, which would include any business personal property taxes owed at this property. As such, the Debtors maintain their position that the claim your client has asserted is not adequately supported by evidence showing a claim against their estates, and plan to move forward with the Objection as it relates to DeSoto County.

Kindly contact Transform regarding payment of $545,014.50 for the 2015 business personal property tax claim listed above. The contact information for Transform's counsel is below:

Luke Barefoot, Esq. (lbarefoot@cgsh.com)
Kimberly Black, Esq. (kblack@cgsh.com)

If you disagree with the Debtors' position and want to discuss this matter, please respond as soon as possible.

Best regards

Bill Gallagher

M-III Partners

203-451-0879

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.

**Exhibit C**

**Tax Receipt Millage Recap and Property Rendition for Tax Year 2015**

## DESOTO COUNTY

### PERSONAL PROPERTY TAX STATEMENT

### FOR THE TAX YEAR 2015

**TAXES PAYABLE NOW**
**\*\*\* DELINQUENT FEBRUARY 1, 2016**

SEARS ROEBUCK & CO #8776
TAX DEPT B2-110A
HOFFMAN ESTATES IL 60179

THE HOLDER OF THIS STATEMENT IS REQUESTED TO EXAMINE IT THOROUGHLY AND SHOULD THERE BE A MISTAKE, RETURN IT IMMEDIATELY TO THIS OFFICE FOR CORRECTION OR THIS OFFICE IS NOT RESPONSIBLE

Account/PIN Number

| Parcel Number: | Receipt Nbr: | Owner Name: |
|---|---|---|
| 001200000 | 3388-00 | SEARS ROEBUCK & CO #8776 |

| District: | True Value: | Assessed Value: | Millage Rate: | Tax Amount: |
|---|---|---|---|---|
| 1300 | 24073877 | 3611082 | .13720 | 495440.45 |
| DIST 1/OLIVE BRANCH | | | | |

| Tax Entities: | Mills : | Percent: | Tax: | | Tax Amount: |
|---|---|---|---|---|---|
| | | | | Special Taxes: | |
| COUNTY TAX: | .045130 | 32.90 | 162968.13 | | |
| CITY TAX: | .038500 | 28.06 | 139026.66 | Filing Fees: | 30.00 |
| COUNTY SCHOOLS TAX: | .053570 | 39.04 | 193445.66 | Penalty: | 49544.05 |
| TOTAL : | .137200 | 100.00 | 495440.45 | | |

Amount Due based on date of: 09/24/2020

| | |
|---|---|
| Tax Amount .....: | 495440.45 |
| Special Tax ....: | |
| | ========== |
| NET TAX AMOUNT .: | 495440.45 |
| Penalty & Fees..: | 49574.05 |
| | ========== |
| Total Due Amount: | 545014.50 |

Parcel Number: 001200000
Receipt Number: 2015 3388-00
Account Number: 0

MAKE CHECKS PAYABLE TO:

JOEY TREADWAY, Collector
365 LOSHER ST #110
HERNANDO MS  38632-2144

Please Return Statement with Payment

## INCLUDES 10% PENALTY
## 1% PER MONTH FROM
## 2/2016 TO 11/2016

©Data Systems Management, Inc. 2015

---

Code: 1300 Year: 2015 Desc: DIST 1/OLIVE BRANCH

|              | REAL & PERSONAL | | MOBILE HOME | | MOTOR VEHICLE | | PUBLIC ULTILITY | |
|              | Mil Rate | Adj Lvy | Mil Rate | Adj Lvy | Mil Rate | Adj Lvy | Mil Rate | Adj Lvy |
|--------------|----------|---------|----------|---------|----------|---------|----------|---------|
| 1 County     | .04513   | 07      | .04513   | 07      | .04513   | 07      | .04513   | 07      |
| 2 City       | .03850   | 35      | .03850   | 35      | .03850   | 35      | .03850   | 35      |
| 3 Sep Sch    |          |         |          |         |          |         |          |         |
| 4 Cnt Sch    | .05357   | 03      | .05357   | 03      | .05357   | 03      | .05357   | 03      |
| Total        | .13720   |         | .13720   |         | .13720   |         | .13720   |         |

City Milage for Printed City Receipts: .03850

---

|      |                              |         |       | --- APPLIES TO ---- | | | | | - FOR - | | | |
| LEVY | DESCRIPTION                  | MILLAGE | H/S % | R/P | P/P | M/H | M/V | P/U | 1 | 2 | 3 | 4 |
|------|------------------------------|---------|-------|-----|-----|-----|-----|-----|---|---|---|---|
| 03   | SCHOOL SUPPLEMENT (MAINTENANCE | .04035 | 50.00 | Y | Y | Y | Y | Y |   |   |   | Y |
| 04   | NWJC SUPPORT                 | .00199  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 06   | NWJC BUILDING FUND           | .00212  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 07   | GENERAL COUNTY      27-39-303 | .02265 | 50.00 | Y | Y | Y | Y | Y | Y |   |   |   |
| 08   | GENERAL COUNTY      27-39-329 | .00300 |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 10   | DIST ROAD MAINT (COUNTY)     | .00149  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 11   | COUNTY BRIDGE & CULVERT      | .00400  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 13   | 2005 REFUNDING BOND I&SING BON | .00060 |      | Y | Y | Y | Y | Y |   |   |   |   |
| 15   | SCHOOL BOARD I&S             | .00300  |       | Y | Y | Y | Y | Y |   |   |   | Y |
| 16   | SCHOOL BOARD OF EDUCATION I&S | .01022 |       | Y | Y | Y | Y | Y |   |   |   | Y |
| 18   | SOLID WASTE COLLECTION 19-5-21 | .00137 |      | Y | Y | Y | Y | Y | Y |   |   |   |
| 22   | 8.755 M REFUNDING BONDS I&S 20 | .00041 |      | Y | Y | Y | Y | Y | Y |   |   |   |
| 24   | 2009 PUBLIC IMPRV REFUNDING BO | .00101 |      | Y | Y | Y | Y | Y | Y |   |   |   |
| 25   | 2009 16M GENERAL OBLIGATION BO | .00076 |      | Y | Y | Y | Y | Y | Y |   |   |   |
| 31   | ROAD MAINT & CONST - OLIVE BRA | .00148 |      | Y | Y | Y | Y | Y | Y |   |   |   |
| 35   | OLIVE BRANCH CITY TAX        | .03850  |       | Y | Y | Y | Y | Y |   | Y |   |   |
| 50   | GENERAL COUNTY      27-39-329 | .00100 |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 63   | 2009 REFUNDING BONDS-MS DEV BK | .00035 |      | Y | Y | Y | Y | Y | Y |   |   |   |
| 64   | 2010 REFUNDING BONDS 19-9-9  | .00062  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 65   | 2010 5 MILLION BONDS 19-9-9  | .00031  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 66   | 2012 REFUNDING BONDS I & S   | .00110  |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 67   | 2013 $10.5M BONDS I&S(19-9-9) | .00051 |       | Y | Y | Y | Y | Y | Y |   |   |   |
| 69   | 2015 REFUNDING BONDS I&S     | .00036  |       | Y | Y | Y | Y | Y | Y |   |   |   |

# DESOTO COUNTY MISSISSIPPI BUSINESS PERSONAL PROPERTY - 2015

Account No.  1200.000

Page 1

| DBA | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SEARS ROEBUCK & CO #8776 | | | 3333 BEVERLY ROAD | | | | | | | | HOFFMAN ESTATES | | IL | 601790000 | | |

Physical Address: 10425 RIDGEWOOD DRIVE, OLIVE BRANCH, MS  38654

TAX DEPT B2-110A

Official Contact: PATRICIA ALEXOS

Business Phone: 847-286-2304

DESOTO COUNTY  Date Printed: 10/13/2015  Printed By: ACULVER

Parcel Location: 10425 RIDGEWOOD DRIVE

| Item # | S/P Code | Description | Manufacturer | Model | Old Parcel | Rendition Year | Bus. Type 0332 | Tax District 1300 | App By AMK | Original Cost | Mult | Meth | QTY | LAG | New/Old Business | Factored Cost | Year Purchased | Age | Business Opened/Closed | Table/Depr | Value | COL | Leased ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 001 | INVENTORY (FREEPORT) | | | | 2015 | | | | 24073877 | | | 1 | A | 24073877 | 24073877 | 2015 | | | | 24073877 | I | |
| 2 | | | | | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | | | | | | | | | | | | |

| | Page Totals | 24073877 | 24073877 | 24073877 | 24073877 |
|---|---|---|---|---|---|
| | Card Totals | 24073877 | 24073877 | 24073877 | 24073877 |

| Total Description | Furniture | Machinery | Leased | Inventories | Banks | Debts | Miscellaneous | Total Value |
|---|---|---|---|---|---|---|---|---|
| Appraised Page Totals | | | | 24073877 | | | | 24073877 |
| Appraised Totals | | | | 24073877 | | | | 24073877 |
| Assessed Totals | | | | 3611082 | | | | 3611082 |

© Data Systems Management, Inc. 2013

Maxinetarr (847) 286-9195

## PERSONAL PROPERTY RENDITION

**Return not later than April first.**

Use this form for reporting: 1. All taxable personal property.
2. All changes in personal property.

**Desoto** County, Mississippi

**RETURN TO:** DeSoto County Assessor
365 Losher St Ste 100
Hernando, MS  38632

1200-000
SEARS, ROEBUCK AND CO.  8776
3333 BEVERLY RD
TAX DEPT B2-110A
HOFFMAN ESTATES, IL  60179

If name or mailing address is incorrect, please correct below.

Name
Street
City ____ State ____ Zip

---

### Section 1  -  Miscellaneous

1. DBA and physical address of business:
OLIVE BRANCH/MEMPHIS-D #8776
10425 RIDGEWOOD DR OLIVE BRANCH, MS

2. Name of owner. (If partnership, only one name is necessary.):
SEARS, ROEBUCK AND CO.

3. Inventory reported on previous year's MS income tax return: _____

4. Supporting books and records located at:
3333 BEVERLY RD  TAX DEPT B2-110A
HOFFMAN ESTATES, IL  60179

5. Primary business activity: RETAIL

### Section 2   -  Inventory

Check One
☒ Inventory as of January 1, or
☐ Average of previous 12 months from January 1.

1. Inventory (actual cost)  $    21,152,212
2. Consigned/ Floor Plan  $ _____
3. Fuel Inventory  $ _____
4. Industrial Inventory Only:

  a. Raw materials  $ _____
  b. Work in progress  $ _____
  c. Finished Goods  $ _____

5. Total  $    21,152,212

See reports

---

### SECTION 3 – FURNITURE AND EQUIPMENT

If you have acquired or removed any furniture or equipment during the previous year, please list in the space provided below.

Additions: (If additional space is needed, please attach additional sheets, as necessary.)

| | Description of Item | Year Purchased | Purchased New/Used (✓) | Year of Manufacture | Cost Installed |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |

Deletions: (If additional space is needed, please attach additional sheets, as necessary.)

| | Description of Item | Year Purchased | Year Manufactured | Cost New | Name & addresses of Purchaser |
|---|---|---|---|---|---|
| 1. | | | | $ | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

Form 73-033 MSTC Rev. 01

Desoto, MS
**2015 Business Personal Property Tax Return - 1200-000**

Taxpayer: SEARS, ROEBUCK AND CO.
    FEIN: 36-1750680
Location ID: 08776
    Account #: 1200-000

OLIVE BRANCH/MEMPHIS-D #8776
10425 RIDGEWOOD DR
OLIVE BRANCH, MS

## Taxable - Summary

| Form: Inventory | | | | | (Reported with subtotals by depreciable life and grand totals at the end) |
|---|---|---|---|---|---|
| Class: Section 2 (1) - Inventory | | | Depreciation: Not Depreciated | | (Subtotal of all assets with this depreciable life) |
| **Year** | **Cost** | **% Good \*** | **Deprec Value** | **Asmt Ratio** | **Assessed Value** |
| 2014 & Prior | 21,152,212 | 100.00 | 21,152,212 | 15.000 | 3,172,832 |
| Class Subtotal: | 21,152,212 | | 21,152,212 | | 3,172,832 |

| Totals for Taxable | | |
|---|---|---|
| **Cost** | **Deprec Value** | **Assessed Value** |
| 21,152,212 | 21,152,212 | 3,172,832 |

* Percent Good is a composite of the percent good allowed and the trend factor if one is applicable
* Values may differ slightly from the return due to rounding issues
1.6

Printed 03/13/15   4:35:30 PM
Page: 1 of 3

Desoto, MS
**2015 Business Personal Property Tax Return - 1200-000**

Taxpayer: SEARS, ROEBUCK AND CO.
FEIN: 36-1750680
Location ID: 08776
Account #: 1200-000

OLIVE BRANCH/MEMPHIS-D #8776
10425 RIDGEWOOD DR
OLIVE BRANCH, MS

## Taxable - Detail

| Form: Inventory | | | | | (Reported with subtotals by depreciable life and grand totals at the end) | | |
|---|---|---|---|---|---|---|---|
| Class: Section 2 (I) - Inventory | | | Depreciation: Not Depreciated | | (Subtotal of all assets with this depreciable life) | | |
| Date Acq | Age | Asset ID | | Asset Description | Cost | Deprec Value | Assd Value |
| 12-31-2014 | 1 | INVENTORY8776 | | INVENTORY | 21,152,212 | 21,152,212 | 3,172,832 |
| Class Subtotal: | | | 1 Asset | | 21,152,212 | 21,152,212 | 3,172,832 |

| Totals for Taxable | | |
|---|---|---|
| Original Cost | Deprec Value | Assd Value |
| 21,152,212 | 21,152,212 | 3,172,832 |

* Percent Good is a composite of the percent good allowed and the trend factor if one is applicable
* Values may differ slightly from the return due to rounding issues
1.6

Printed 03/13/15  4:35:30 PM
Page: 2 of 3

# FREE PORT WAREHOUSE
## *REPORT OF INVENTORY*
### JANUARY 1, 2015

Name of Warehouse  Olive Branch-MDO

Location  10425 RIDGEWOOD DR Ste B  City  OLIVE BRANCH  County  Desoto

Mailing Address  3333 BEVERLY RD TAX DEPT B2-110A HOFFMAN ESTATES, IL  60179

1. Total value of personal property as of 1/1/2015 .          21,152,212

2. Estimated percentage of personal property to
   be shipped within Mississippi.          8.5000%

3. Amount of personal property to be assessed
   (Multiply Item 1 times Item 2).          1,797,938

This report is prepared and filed under the terms and provisions of Section 27-31-55, Mississippi Code of 1972, as amended.  It is certified that the above information is true and correct.  This report is submitted on the 4 day of March , 2015 .

$$1,797,938$$
$$- 22,275,939$$   back assessed
$$\$ 24,073,877$$

By  Maxime Harr

Title  Tax Analyst

requested movement from
she emailed to me →

This report shall be submitted to the **Tax Assessor** no later than **March 31** of each year.

DeSoto County Assessor
365 Losher St Ste 100

Hernando, MS  38632
6624291335

Form Sh-003          08776          03/13/2015  16:33:39    1.3.1

8776

Form 60-004

# FREE PORT WAREHOUSE
## *REPORT OF INVENTORY MOVEMENT*
### FOR PERIOD JANUARY 1, 2014 THROUGH DECEMBER 31, 2014

Name of Warehouse _Olive Branch -MDO_

Location _10475 Ridgewood Dr. Suite B_ City _Olive Branch_ County _Desoto_

Mailing Address _3333 Beverly Rd Tax Dept BC160A Hoffman Estates IL 60179_

1. Total shipments of all personal property.        _262,069,874_

2. Total shipments within Mississippi.        _22,123,938_

3. Percentage of shipments within Mississippi.        _.085_

4. Amount of property subject to tax, 1/1/ 2015        _24,228,704_
   (# 3 x previous year Report of Inventory # 1)

5. Prior estimate (Previous Report of Inventory)        _−1,952,765_

6. Personal property to be back assessed.        _22,275,939_ ← Back assessed
   (# 4 less # 5)

This report is prepared and filed under the terms and provisions of Section 27-31-55, Mississippi Code of 1972, as amended. It is certified that the above information is true and correct. This report is submitted on the _31_ day of _March_, 20_15_.

By _Maxine Haw_

Title _Tax Analyst_

N 797,938
# 22,275,939    back assessed
# 24,073,877

Total on other sheet.

This report shall be submitted to the **Tax Assessor** no later than **March 31** of each year.

**Exhibit D**

**Final Notice to Sears Roebuck**

## Notice 1 (upper left)

DESOTO COUNTY
JOEY TREADWAY
365 LOSHER ST #110
HERNANDO MS 38632
Receipt # 2015-3388-00
Parcel # 001200000
Taxing District - 1300

| | APPRAISED | ASSESSED |
|---|---|---|
| Furniture & Fix. | | 1,011 |
| Machinery & Equip. | | 3,904 |
| Leased Equipment | | |
| Inventories | | |
| Banks | | |
| Debts | | |
| Miscellaneous | | |
| Interest/Fees | | 54.17 |
| | 24,073,877 | 3,611,082 |
| | 19,635.24 | 3,611,082 |

*CITY TAX INCLUDED*
*MAIL THIS PORTION WITH PAYMENT*
Amount Good Through: 09/30/2016
Total Due: 535,075.69

PERSONAL PROPERTY - 2015
DESOTO COUNTY
Appraised Value: 24,073,877
Assessed Value: 3,611,082
Amount Good Through: 09/30/2016
TOTAL DUE: 535,075.69
it is the responsibility of the taxpayer to verify this information
Receipt # 2015-3388-00
Parcel # 001200000
Delinquent After 02/01/2016
*PAY BY 9/30/2016*
SEARS ROEBUCK & CO #8776
3333 BEVERLY ROAD
TAX DEPT B2-110A
HOFFMAN ESTATES IL 60179

## Notice 2 (upper right)

DESOTO COUNTY
JOEY TREADWAY
365 LOSHER ST #110
HERNANDO MS 38632
Receipt # 2015-3383-00
Parcel # 001200002
Taxing District - 1300

| | APPRAISED | ASSESSED |
|---|---|---|
| Furniture & Fix. | 32,903 | 4,935 |

*MAIL THIS PORTION WITH PAYMENT*
Amount Good Through: 09/30/2016
Total Due: 731.26

PERSONAL PROPERTY - 2015
DESOTO COUNTY
Appraised Value: 32,903
Assessed Value: 4,935
Amount Good Through: 09/30/2016
TOTAL DUE: 731.26
it is the responsibility of the taxpayer to verify this information
Receipt # 2015-3383-00
Parcel # 001200002
Delinquent After 02/01/2016
*PAY BY 9/30/2016*
SEARS LOGISTICS SERVICE #45132
3333 BEVERLY ROAD
TAX DEPT B2-110A
HOFFMAN ESTATES IL 60179

Pre-Sorted
First Class
Postage Paid
HERNANDO,MS
Permit 014

## Notice 3 (lower left)

DESOTO COUNTY
JOEY TREADWAY
365 LOSHER ST #110
HERNANDO MS 38632
Receipt # 2015-984-00
Parcel # 001966000
Taxing District - 1300

| | APPRAISED | ASSESSED |
|---|---|---|
| Furniture & Fix. | 74,821 | 11,223 |
| Machinery & Equip. | 188 | 11,035 |
| Interest/Fees | | 123.18 |

*CITY TAX INCLUDED*
*MAIL THIS PORTION WITH PAYMENT*
Amount Good Through: 09/30/2016
Total Due: 1,662.98

PERSONAL PROPERTY - 2015
DESOTO COUNTY
Appraised Value: 74,821
Assessed Value: 11,223
Amount Good Through: 09/30/2016
TOTAL DUE: 1,662.98
*PRIOR TAXES DUE*
it is the responsibility of the taxpayer to verify this information
Receipt # 2015-984-00
Parcel # 001966000
Delinquent After 02/01/2016
*PAY BY 9/30/2016*
SEARS ROEBUCK & CO #8776
3333 BEVERLY ROAD
TAX DEPT B2-110A
HOFFMAN ESTATES IL 60179
CONTRACTOR'S ACCESS EQUIPMENT
DBA: DIRECT SCAFFOLD
2222 S HALSTED STREET
CHICAGO IL 60608

## Notice 4 (lower right)

DESOTO COUNTY
JOEY TREADWAY
365 LOSHER ST #110
HERNANDO MS 38632
Receipt # 2015-3384-00
Parcel # 001200001
Taxing District - 1300

| | APPRAISED | ASSESSED |
|---|---|---|
| Furniture & Fix. | 1,819,034 | 272,855 |
| Machinery & Equip. | 193,259 | 29,256 |
| Miscellaneous | | 2,984.86 |

*CITY TAX INCLUDED*
*MAIL THIS PORTION WITH PAYMENT*
Amount Good Through: 09/30/2016
Total Due: 40,430.57

PERSONAL PROPERTY - 2015
DESOTO COUNTY
Appraised Value: 1,819,034
Assessed Value: 272,855
Amount Good Through: 09/30/2016
TOTAL DUE: 40,430.57
it is the responsibility of the taxpayer to verify this information
Receipt # 2015-3384-00
Parcel # 001200001
Delinquent After 02/01/2016
*PAY BY 9/30/2016*
SEARS LOGISTICS SERVICE #45431
3333 BEVERLY ROAD
TAX DEPT B2-110A
HOFFMAN ESTATES IL 60179

Pre-Sorted
First Class
Postage Paid
HERNANDO,MS
Permit 014