WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
**SEARS HOLDINGS CORPORATION, *et al*.,**                      :
                                                               :    Case No. 18-23538 (RDD)
                                                               :
Debtors.[1]                                                    :    (Jointly Administered)
---------------------------------------------------------------x

### NOTICE OF AMENDED AGENDA OF MATTERS SCHEDULED FOR TELEPHONIC HEARING ON FEBRUARY 23, 2021 AT 10:00 A.M.

Location of Hearing:   United States Bankruptcy Court for the Southern District of New York, before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

1

**PLEASE TAKE NOTICE that the United States Bankruptcy Court for the Southern District of New York (the "Court") has entered General Order M-543 to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 20, 2020, the Court provided that all conferences scheduled to be held in the courthouse comprising the White Plains Division of the Bankruptcy Court will be conducted telephonically. All attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or conference must refer to the guidelines for telephonic appearances and make arrangements with Court Solutions LLC ("Court Solutions"). Pro se parties may participate telephonically in hearings free of charge using Court Solutions. The instructions for registering with Court Solutions are attached hereto as <u>Exhibit A</u>.**

I.    <u>**FEE APPLICATIONS**</u>**:**

1.  Sixth Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from July 1, 2020 through and including October 31, 2020 **[ECF No. 9183]**

    <u>Response Deadline</u>:    February 1, 2021 at 4:00 p.m. (Eastern Time)

    <u>Responses Filed</u>:    None.

    <u>Related Document</u>:

    A.    Notice of Fee Hearing **[ECF No. 9221]**

    <u>Status</u>:  This matter is going forward on an uncontested basis.

2.  Sixth Interim Fee Application of Prime Clerk LLC, as Administrative Agent to the Debtors, for Services Rendered and Reimbursement of Expenses for the Period from July 1, 2020 through October 31, 2020 **[ECF No. 9185]**

    <u>Response Deadline</u>:    February 1, 2021 at 4:00 p.m. (Eastern Time)

    <u>Responses Filed</u>:    None.

    <u>Related Document</u>:

    A.    Notice of Fee Hearing **[ECF No. 9221]**

    <u>Status</u>:  This matter is going forward on an uncontested basis.

3.  Sixth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of July 1, 2020 through and including October 31, 2020 **[ECF No. 9180]**

    <u>Response Deadline</u>:    February 1, 2021 at 4:00 p.m. (Eastern Time)

      <u>Responses Filed</u>:    None.

      <u>Related Document</u>:

          A.    Notice of Fee Hearing **[ECF No. 9221]**

      <u>Status</u>:  This matter is going forward on an uncontested basis.

4.    Sixth Interim Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2020 through October 31, 2020 **[ECF No. 9181]**

      <u>Response Deadline</u>:    February 1, 2021 at 4:00 p.m. (Eastern Time)

      <u>Responses Filed</u>:    None.

      <u>Related Document</u>:

          A.    Notice of Fee Hearing **[ECF No. 9221]**

      <u>Status</u>:  This matter is going forward on an uncontested basis.

5.    Third Interim Fee Application of Herrick, Feinstein LLP as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of July 1, 2020 through and including October 31, 2020 **[ECF No. 9179]**

      <u>Response Deadline</u>:    February 1, 2021 at 4:00 p.m. (Eastern Time)

      <u>Responses Filed</u>:    None.

      <u>Related Document</u>:

          A.    Notice of Fee Hearing **[ECF No. 9221]**

      <u>Status</u>:  This matter is going forward on an uncontested basis.

6.    Second Interim Fee Application of Moritt Hock & Hamroff LLP as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of July 1, 2020 through October 31, 2020 **[ECF No. 9182]**

      <u>Response Deadline</u>:    February 1, 2021 at 4:00 p.m. (Eastern Time)

      <u>Responses Filed</u>:    None.

Related Document:

    A.    Notice of Fee Hearing **[ECF No. 9221]**

Status:  This matter is going forward on an uncontested basis.

7. Fifth Joint Application of Paul E. Harner, as Fee Examiner and Ballard Spahr LLP, as Counsel to the Fee Examiner for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from July 1, 2020 through October 31, 2020 **[ECF No. 9191]**

    Response Deadline:    February 1, 2021 at 4:00 p.m. (Eastern Time)

    Responses Filed:    None.

    Related Document:

        A.    Notice of Fee Hearing **[ECF No. 9221]**

    Status:  This matter is going forward on an uncontested basis.

## II. ADVERSARY PROCEEDING:

8. Sears Holdings Corporation, et al. v. Edward Scott Lampert, *et al*. [Adversary Proceeding No. 19-08250] ("First Action")

   Sears Holdings Corporation, et al. v. Andrew H Tisch, *et al*. [Adversary Proceeding No. 20-07007] ("Second Action")

   **Motion to Consolidate**

   Related Documents:

       A.    Motion to Consolidate Related Adversary Proceedings and Enter an Amended Scheduling Order **[First Action, ECF No. 232, Second Action, ECF No. 76]**

       B.    Objection of Bank of Bermuda **[Second Action, ECF No. 79]**

       C.    Limited Objection of the Sears Non-Insider Defendant Group **[Second Action, ECF No. 85]**

       D.    HBOS Final Salary Pension Scheme's Joinder in Limited Objection **[Second Action, ECF No. 86]**

       E.    Andrew H. Tisch, Daniel R. Tisch, Trustee of the Andrew H. Tisch 10/10/2014 Annuity Trust, Trustee of the DRT 1/14/14 Annuity Trust, Trustee of the DRT 12/5/13 Annuity Trust, JHT 12/5/13 Annuity Trust, Lockheed Martin Corporation Master Retirement

        Trust, Mason Capital Management LLC and S.A.C. Capital Associates, LLC (n/k/a Point72 Associates, LLC)'s Joinder in Limited Objection **[Second Action**, ECF No. 88]**

F.    MUFG Union Bank, N.A.'s Joinder in Limited Objection **[Second Action**, ECF No. 89]**

G.    Defendants HAP Trading LLC, and GF Trading LLC, RIEF RMP LLC, and RIEF Trading LLC's Joinder in Limited Objection **[Second Action**, ECF No. 90]**

H.    Horizon and Prescott Defendants' Joinder in Limited Objection **[Second Action**, ECF No. 91]**

I.    AQR Defendants' Joinder in Limited Objection **[Second Action**, ECF No. 93]**

J.    Plaintiffs' Reply Brief in Support of Their Motion to Consolidate Related Adversary Proceedings and Enter an Amended Scheduling Order **[Second Action, ECF No. 95]**

K.    Plaintiffs' Statement on Motion to Consolidate Related Adversary Proceedings and Enter an Amended Scheduling Order **[First Action, ECF No. 233]**

Status:  This matter is going forward.

### III.  ADJOURNED MATTERS:

9.    Debtors' First Omnibus Objection to Proofs of Claim (Satisfied Claims) **[ECF No. 4775]**

Response Deadline:    August 27, 2019 at 4:00 p.m. (Eastern Time)

Response Filed:

    A.    Shaw Industries, Inc.'s Opposition **[ECF No. 5156]**

Related Documents:

    B.    Order Granting Debtors' First Omnibus Objection **[ECF No. 6019]**

    C.    Supplemental Order Granting Debtors' First Omnibus Objection **[ECF No. 7341]**

    D.    Notice of Adjournment **[ECF No. 8001]**

Status:  This matter has been adjourned to March 23, 2021 at 10:00 a.m.

10. Debtors' Ninth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims) **[ECF No. 5236]**

   Response Deadline:   October 16, 2019 at 4:00 p.m. (Eastern Time)

   Responses Filed:

   A.   Eric Jay Ltd.'s Opposition **[ECF No. 5498]**

   B.   Eric Jay Ltd.'s Opposition **[ECF No. 5508]**

   Related Documents:

   C.   Order Granting Debtors' Ninth Omnibus Objection **[ECF No. 6043]**

   D.   Notice of Withdrawal & Adjournment **[ECF No. 6379]**

   E.   Notice of Adjournment **[ECF No. 8001]**

   Status:  This matter has been adjourned to March 23, 2021 at 10:00 a.m.

11. Debtors' Fourteenth Omnibus Objection to Ballots (No Liability Ballots) **[ECF No. 7453]**

   Response Deadline:   April 3, 2020 at 4:00 p.m. (Eastern Time)

   Responses Filed:

   A.   Objection by Carl Joseph Soranno **[ECF No. 7777]**

   B.   Opposition by Combine International Inc. **[ECF No. 7808]**

   Related Documents:

   C.   Motion for Extension of Time to State Position **[ECF No. 7788]**

   D.   Amended Certificate of No Objection **[ECF No. 7840]**

   E.   Notice of Adjournment **[ECF No. 8001]**

   Status:  This matter has been adjourned to March 23, 2021 at 10:00 a.m.

12. Debtors' Eighteenth Omnibus Objection to Proofs of Claim or Ballots (Reduced or Reclassified Claims/Ballots) **[ECF No. 7859]**

   Response Deadline:   May 19, 2020 at 4:00 p.m. (Eastern Time)

   Response Filed:

   A.   Response of Johnson Controls, Inc. **[ECF No. 7945]**

Related Documents:   None.

Status:  This matter has been adjourned to March 23, 2021 at 10:00 a.m.

13. Debtors' Nineteenth Omnibus Objection to Proofs of Claim (Duplicate Claims) **[ECF No. 8017]**

Response Deadline:   June 30, 2020 at 4:00 p.m. (Eastern Time)

Response Filed:

    A.    Objection by Royal Consumer Products, LLC **[ECF No. 8070]**

Related Documents:   None.

Status:  This matter has been adjourned to March 23, 2021 at 10:00 a.m.

14. Debtors' Twentieth Omnibus Objection to Proofs of Claim (Reduced/Reclassified Claims) **[ECF No. 8019]**

Response Deadline:   June 30, 2020 at 4:00 p.m. (Eastern Time)

Responses Filed:

    A.    Response of Electrolux Home Products, Inc. **[ECF No. 8190]**

    B.    Tempur Sealy International, Inc.'s Response **[ECF No. 8348]**

Related Documents:   None.

Status:  This matter has been adjourned to March 23, 2021 at 10:00 a.m.

15. Debtors' Twenty-First Omnibus Objection to Proofs of Claim or Ballots (Reclassified/Disallowed Claims) **[ECF No. 8451]**

Response Deadline:   October 9, 2020 at 4:00 p.m. (Eastern Time)

Responses Filed:

    A.    Patricia Adams Response **[ECF No. 8473]**

    B.    Oxo International, Ltd.'s Response **[ECF No. 8494]**

    C.    Shaghal Ltd.'s Response **[ECF No. 8495]**

    D.    Opposition of Crickm Lafayette Trust **[ECF No. 8496]**

    E.    Response of Elm Creek Real Estate LLC **[ECF No. 8510]**

   F. Response of Elm Creek Real Estate LLC **[ECF No. 8519]**

 Related Documents: None.

 Status: This matter has been adjourned to March 23, 2021 at 10:00 a.m.

16. Debtors' Twenty-Second Omnibus Objection to Proofs of Claim (Property Tax Claims) **[ECF No. 8452]**

 Response Deadline: October 9, 2020 at 4:00 p.m. (Eastern Time)

 Responses Filed:

   A. Response of Collin County Tax Assessor **[ECF No. 8566]**

   B. Response of Clermont County, Ohio Treasurer **[ECF No. 8567]**

 Related Documents: None.

 Status: This matter has been adjourned to March 23, 2021 at 10:00 a.m.

17. Motion of Scents of Worth, Inc. f/k/a Model Imperial, Inc. to Compel Compliance with Orders **[ECF No. 9089]**

 Response Deadline: January 25, 2021 at 4:00 p.m.

 Responses Filed: None.

 Related Documents: None.

 Status: This matter has been adjourned until March 23, 2021 at 10:00 a.m.

18. Motion of U.S. Bank National Association, *et al*. for Relief from the Automatic Stay **[ECF No. 9110]**

 Response Deadline: January 14, 2021 at 4:00 p.m.

 Responses Filed: None.

 Related Document:

   A. Proposed Stipulation, Agreement and Order **[ECF No. 9306]**

 Status: This matter has been adjourned to March 23, 2021 at 10:00 a.m. pending the approval of a proposed stipulation filed with the court (ECF No. 9306) resolving this matter.

19. Motion of Nationstar Mortgage LLC d/b/a Mr. Cooper for Relief from the Automatic Stay **[ECF No. 9160]**

   Response Deadline: January 14, 2021 at 4:00 p.m.

   Responses Filed: None.

   Related Document:

   A. Proposed Stipulation, Agreement and Order **[ECF No. 9307]**

   Status: This matter has been adjourned to March 23, 2021 at 10:00 a.m. pending the approval of a proposed stipulation filed with the court (ECF No. 9307) resolving this matter.

IV. **WITHDRAWN MATTER:**

20. Motion of Debtors to Compel Turnover of Estate Property **[ECF No. 9106]**

   Related Document:

   A. Notice of Withdrawal **[ECF No. 9261]**

   Status: This matter has been withdrawn.

Dated: February 22, 2021
      New York, New York

      /s/ Garrett A. Fail
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007
      Ray C. Schrock, P.C.
      Jacqueline Marcus
      Garrett A. Fail
      Sunny Singh

      *Attorneys for Debtors and*
      *Debtors in Possession*

## EXHIBIT A

**General Order M-543**

WEIL:\97809487\6\99980.0218

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                        :
                                                              :
CORONAVIRUS/COVID-19 PANDEMIC,                                :
COURT OPERATIONS UNDER THE EXIGENT                            :      General Order M-543
CIRCUMSTANCES CREATED BY COVID-19                             :
                                                              :
---------------------------------------------------------------X
```

In order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") hereby issues the following order:

IT IS HEREBY ORDERED, effective immediately and until further notice, that:

1. **Hearings and Conferences**. All hearings and conferences scheduled to be held in courthouses comprising the Manhattan Division, White Plains Division, and Poughkeepsie Division of the Bankruptcy Court will be conducted **telephonically** pending further Order of the Bankruptcy Judge assigned to the matter ("Bankruptcy Judge"). Any party wishing to appear in person at a hearing or conference shall file or submit an appropriate motion or request, which will be considered by the Bankruptcy Judge. Any party may request an adjournment of a hearing or conference by filing or submitting an appropriate motion or request setting forth the basis for the adjournment in conformity with the Bankruptcy Judge's procedures for requesting adjournments. All attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances and make arrangements with **Court Solutions LLC**. Pro se parties, Chapter 7 Trustees and Ch 13 Trustee may participate telephonically in hearings free of charge using Court Solutions. The instructions for registering with Court Solutions are attached hereto.

2. **Evidentiary Hearings and Trials**. Parties should contact the Bankruptcy Judge's courtroom deputy or law clerk assigned to the case to inquire about whether an upcoming evidentiary hearing or trial will proceed as scheduled and be prepared to discuss procedures and technology for conducting the evidentiary hearing remotely.

3. **Official Record**. In order to assist the Bankruptcy Court in creating and maintaining the official record of proceedings before it, and to facilitate the availability of official transcripts of the proceedings, Bankruptcy Court personnel are permitted to utilize tools made available through Court Solutions to record telephonic hearings, conferences and trials. Such recordings shall be the official record. Transcripts can be ordered and corrected in the same way as before the issuance of this Order.

4. **Clerk's Office and *Pro Se* Filings**.  Until further notice, the three Divisions of the Bankruptcy Court will remain open for all other business.  Clerk's Office personnel are available by telephone, mail will be received, and the intake desks will remain open to receive *pro se* filings.  *Pro se* filers can also continue to utilize the drop boxes located in the lobbies of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 or the Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 for delivery of documents after 5:00 pm.  Any documents submitted for filing in a drop box must be time-stamped, sealed in an envelope addressed to the Clerk of Court of the Bankruptcy Court, and must include the filer's contact information.

Dated: March 20, 2020
New York, New York

/s/ Cecelia G. Morris
Cecelia G. Morris
United States Bankruptcy Chief Judge

Instructions to register for CourtSolutions.

1. Create a CourtSolutions account online.
Logon to https://www.court-solutions.com/ to "Signup" for an account and to register a telephonic appointment for an upcoming hearing. Registration for a hearing must occur no later than 12:00 noon on the business day prior to the hearing date.

2. Register for a hearing with CourtSolutions.
After creating and signing into their CourtSolutions account at https://www.court-solutions.com/, a party must register for a hearing.
a. Enter the last name of the Judge to appear before and then select the appropriate name from the list.
b. Enter the time and date of the hearing.
c. Select participation status: Live or Listen Only.
d. Enter the case name, case number, and, if applicable, the name of client.
e. There is a box to click to agree to terms/conditions, and then press "Register".
f. CourtSolutions will send an email confirmation of the participation request.
g. The court staff will first confirm that a granted motion to appear telephonically is on the docket. If there exists a granted motion, the court staff will approve the reservation.
h. CourtSolutions will then send another email confirmation.
Note that the reservation received for a registered hearing may NOT be transferred to another person. If someone dials in with someone else's registration information, the caller information presented to the court will not match the correct person.

3. Charges.
For lawyers and participants, registration and reservations are free.
Once a party dials into a call, the cost is a flat fee of $70, per reservation, per judge, per day. If the hearing is adjourned for a break and the party rejoins the call later that day, there is no additional charge to rejoin the call. If the hearing is continued to another day, lawyers and participants will need to re-register and the flat fee will apply again when dialing in.
If a party does not timely join a call, no fee is charged. The Judge will have the party listed as having made a reservation, but the party is not charged. However, the hearing may proceed in their absence, and they may face sanctions from the Court.
Additionally, a party may notice that there is a charge on their card after making a reservation. When making a reservation, CourtSolutions places an authorization hold on the card. If the party does not join the call, the pending hold will be removed automatically several days later, and there will be no charge.
Any issues with billing shall be directed to the vendor. The Court is not responsible for the billing or collection of the fees incurred with CourtSolutions.

4. Order of Proceeding.
CourtSolutions does not place a call to counsel on the day of the hearing. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing. Logging into the CourtSolutions website for the hearing is not required but is helpful to unmute your line if the Court mutes it or to raise your hand to be recognized during the hearing.

Upon connecting to the call and at the time of the hearing, a party may hear the activity in the courtroom. Unless a joining party mutes their line, he/she joins the call as an active participant and can be heard. Failure to act appropriately on the line may result with the party being disconnected by Court. When the judge is ready to hear the case, appearances will be called. Each time a telephonic party speaks, he/she should identify them self for the record. The court's teleconferencing system allows more than one speaker to be heard, so the judge can interrupt a speaker to ask a question or redirect the discussion. When the judge informs the participants that the hearing is completed, the telephonic participant may disconnect, and the next case will be called.

5. Failure to appear.
If a party does not timely call and connect to the scheduled hearing, the hearing may proceed in their absence, and they may face sanctions from the Court for their failure to appear.

6. Other/Miscellaneous.
Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include denying the matter for failure to prosecute, continuing the hearing, proceeding in the absence of a party who fails to appear, or a monetary sanction.