WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re                                                      :     Chapter 11
                                                           :
**SEARS HOLDINGS CORPORATION**, *et al.*,                  :     Case No. 18-23538 (RDD)
                                                           :
Debtors.[1]                                                :     (Jointly Administered)
-----------------------------------------------------------x

# CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (REDUCE, RECLASSIFY, OR DISALLOW)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On February 9, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Twenty-Fifth Omnibus Objection to Proofs of Claim (Reduce, Reclassify, or Disallow)* (ECF No. 9286) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for March 2, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1,** to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

5. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: March 29, 2021
New York, New York

/s/ Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | | (ECF No. 9286) |

--------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-FIFTH OMNIBUS
### OBJECTION TO PROOFS OF CLAIM (REDUCE, RECLASSIFY, OR DISALLOW)

Upon the *Debtors' Twenty-Fifth Omnibus Objection to Proofs of Claim (Reduce, Reclassify, or Disallow)*, filed February 9, 2021 at ECF No. 9286 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order reducing, reclassifying, and/or disallowing the Disputed Claims, all as more fully set forth in the Objection; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Disputed Claim listed on **Exhibit 1** annexed hereto is disallowed, reduced or reclassified as set forth on **Exhibit 1**.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

        4.        The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

        5.        The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
       White Plains, New York

                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

Debtors' Twenty-Fifth Omnibus Objection to Claims  
Exhibit 1 - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*  
Case No. 18-23538 (RDD)

**Schedule of Secured Claims to be Reclassified***

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Secured Claim Amount | Amount Reclassified as General Unsecured Claim | Allowed Secured Claim Amount | Surviving GUC Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| 1. | Combine International | 14250, 14307 | $5,953,413.77 | $5,693,444.00 | $259,969.77 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets; Claimant agreed to receive amount pursuant to the Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement (ECF No. 823) (the "GOB Order") in exchange for withdrawing its Disputed Claim. |
| 2. | Hansae Co. Ltd. | 5073 | $1,505,397.80 | $1,505,397.80 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 3. | Richline Group Inc. | 7408, 7503 | $864,831.98 | $661,035.51 | $203,796.47 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets; Claimant agreed to receive amount pursuant to the GOB Order. |
| 4. | Gokaldas Exports Ltd. | 15399 | $600,551.32 | $600,551.32 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 5. | Unique Designs | 12774, 12864 | $527,474.87 | $527,474.87 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 6. | Clover Imaging Group, LLC | 12210 | $523,744.80 | $461,997.62 | $61,747.18 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets; Claimant agreed to receive amount pursuant to the GOB Order. |
| 7. | iStar Jewelry LLC | 6597, 6729, 6744, 6767 | $497,109.26 | $497,109.26 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 8. | Propel Trampolines LLC | 13602, 13667, 19505 | $466,234.50 | $466,234.50 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 9. | MKK Enterprise Corp | 810 | $182,172.90 | $182,172.90 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 10. | Lian Yi Dyeing & Weaving FTY Co. | 2994 | $174,450.60 | $174,450.60 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 11. | Advanced Merchandising Co. Limited | 10492 | $172,953.36 | $172,953.36 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 12. | Olympus Peak Master Fund LP as Transferee of Allure Gems, LLC | 8116 | $155,089.75 | $155,089.75 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 13. | Transfuel Inc. | 19563 | $22,317.30 | $22,317.30 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 14. | Creations Jewellry Mfg. Pvt. Ltd. | 1295 | $19,875.00 | $19,875.00 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 15. | Bec Co Inc. d/b/a Empacadora Hill Brothers | 9369 | $18,936.45 | $18,936.45 | $0.00 | N/A | The Claimants failed to comply with statutory requirements under the Perishable Agricultural Commodities Act ("PACA"). |
| 16. | Scott, Natasha C | 17033 | $15,853.64 | $15,853.64 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 17. | Shanghai Neoent Industrial Co. Ltd. | 1957 | $12,474.00 | $12,474.00 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 18. | Thurmond, Trisha | 9054 | $9,880.25 | $9,880.25 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |
| 19. | American Casting & Manufacturing Corp | 13950 | $8,870.00 | $8,870.00 | $0.00 | N/A | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. |

| Ref # | Name of Claimant | Proof of Claim No. to be Reclassified | Asserted Secured Claim Amount | Amount of Secured Claim Satisfied by Application of Setoff | Allowed Secured Claim Amount | Surviving GUC Claim and 503(b)(9) Claim | Reason for Proposed Reclassification |
|---|---|---|---|---|---|---|---|
| 20. | Royal Appliance Mfg. Co., Inc., d/b/a TTI Care North America | 15551 | $94,239.20 | $94,239.20 | $94,239.20 | GUC: $951,741.04<br>503(b)(9): $240,203.26 | The supporting documents provided by the Claimants are not supported by the Debtors' books and records, or no supporting documents were provided for all or a portion of the Disputed Claim; the Claimant does not have a security interest in the Debtors' assets. As a setoff claim the asserted secured claim is allowed and "Satisfied" with no distributions to be made, while the resulting GUC claims is adjusted for the credits being applied as setoff. |
|  |  | 15839 | $26,794.12 | $26,794.12 | $26,794.12 | GUC: $603,559.30<br>503(b)(9): $189,935.88 |  |

\* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

1

# Exhibit B

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                           :        Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, *et al*.,           :        Case No. 18-23538 (RDD)
                                                :
Debtors.[1]                                     :        (Jointly Administered)
                                                :        **(ECF No. 9285)**
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION~~TO~~ TO PROOFS OF CLAIM (REDUCE, RECLASSIFY, OR DISALLOW)

Upon the *Debtors' Twenty-Fifth Omnibus Objection to Proofs of Claim (Reduce, Reclassify, or Disallow)*, filed February 8, 2021 at ECF No. 9286 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases ~~(collectively, the "**Debtors**")~~, pursuant to section 502 under title 11 of the United States Code ~~(the "**Bankruptcy Code**")~~, and Rule 3007 of the Federal Rules of Bankruptcy Procedures ~~(the "**Bankruptcy Rules**")~~, for an order reducing, reclassifying, and/or disallowing the Disputed Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is ~~c/o M-III Partners, LP, 1700 Broadway, 19~~130 West 42nd Street, 17th Floor, New York, NY ~~10019~~10036.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

WEIL:\97899901\2\73217.0004

Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and ~~the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on _____ (the "**Hearing**"); and upon the record of the Hearing, and~~ upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Disputed Claim listed on **Exhibit 1** annexed hereto is disallowed, reduced ~~and/~~or reclassified as set forth on **Exhibit 1**.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

2

4. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
       White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

3