UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :   Case No. 18-23538 (RDD)
                                                            :
               Debtors.[1]                                  :   (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY (SHELLEY S. HAWKINS)

This stipulation, agreement and order (the "**Stipulation**") is entered into by and among Sears Holdings Management Corporation and A&E Factory Service, L.L.C. (the "**Debtor Defendants**"), on the one hand, and Shelley S. Hawkins ("**Claimant**"), on the other hand. The Debtor Defendants and Claimant are collectively referred to in this Stipulation as the "**Parties,**" and each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

## RECITALS

A. On September 18, 2018, a complaint (the "**Complaint**") was filed by Claimant in the Superior Court of the State of Washington for Snohomish County (the "**Snohomish Court**") against the Debtor Defendants and Fatemah S. Alsuwsaidan (and her marital community), Edwin G. Miguel (and his marital community), and Jenni M. Wakida (and her marital community) (the "**Non-Debtor Defendants**," and together with Debtor Defendants, the "**Defendants**"). Under the Complaint, in pertinent part, Claimant seeks damages arising from multiple motor vehicle collisions that occurred in Snohomish County, Washington (such lawsuit, which is proceeding under Case No. 18-2-08480-31, the "**Lawsuit**").

B. On October 15, 2018 (the "**Commencement Date**"), the Debtor Defendants and certain of their debtor affiliates (collectively, the "**Debtors**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

C. On January 9, 2019, the Bankruptcy Court entered that certain *Order Extending the Automatic Stay to Certain Non-Debtor Parties* [ECF No. 1528] (the "**Stay Extension Order**") which, in pertinent part, extended the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") to the Lawsuit.

D. On October 15, 2019, the Bankruptcy Court entered that certain *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 5370] (the "**Confirmation Order**").

E. The Lawsuit remains pending but stayed in the Snohomish Court pursuant

to and to the extent of the Automatic Stay and the Stay Extension Order.  Claimant, however, desires to resume the Lawsuit solely against the Non-Debtor Defendants.

      F.      In light of the foregoing, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay and the Stay Extension Order for the limited purpose of allowing the Lawsuit to proceed against the Non-Debtor Defendants and any insurer(s) thereof.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Parties agree that, to the extent that the Automatic Stay and the Stay Extension Order apply to the Lawsuit, each is modified to the extent necessary to permit Claimant to continue the Lawsuit solely against the Non-Debtor Defendants and any insurer(s) thereof and take any such necessary and appropriate actions relating thereto.  For the avoidance of doubt, Claimant shall be entitled to pursue any remedies, whether at law or in equity, against any of the Non-Debtor Defendants, and shall not be prohibited from, among other things, seeking to collect or enforce any judgment or settle any claims, controversies, or lawsuits against any of the Non-Debtor Defendants on any terms that are acceptable to Claimant; *provided*, that all other provisions of the Automatic Stay and the Stay Extension Order with respect to the Debtors and the Debtor Defendants shall remain in full force and effect until and unless terminated or modified by the Bankruptcy Court or operation of the Bankruptcy Code.

3. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Lawsuit or any other pending prepetition action to which any Debtor is a party that may be filed by Claimant or any other party in the Debtors' chapter 11 cases.

4. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Lawsuit or any other matter.

5. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

6. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

7. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* [ECF No. 792].

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

13. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: March 25, 2021 | Dated: March 25, 2021 |
| By: */s/ Jacqueline Marcus*<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtor Defendants* | By: */s/ Dan Youngblut*<br>Dan Youngblut<br>FOSTER GARVEY P.C.<br>1111 Third Avenue, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 447-2908<br>Email: dan.youngblut@foster.com<br><br>*Attorney for Claimant* |

**SO ORDERED**:

Dated: April 5, 2021
    White Plains, New York            */s/Robert D. Drain*
                                                        THE HONORABLE ROBERT D. DRAIN
                                                        UNITED STATES BANKRUPTCY JUDGE