UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**THIRD AMENDED STIPULATION AND PRE-TRIAL SCHEDULING ORDER BETWEEN TRANSFORM AND GREENE CLASS ACTION PLAINTIFFS**

This Third Amended Stipulation and Order (the "Third Amended Stipulation") is made as of April 12, 2021, by and among Transform Holdco LLC and its affiliates Transform SR Protection LLC and Transform SR LLC (collectively, "Transform"), and Nina and Gerald Greene in their capacity as class representatives in the action captioned *Greene v. Sears Protection Company, et al.*, U.S.D.C. N.D. Ill., Case No. 1:15-cv-02546 (the "Class Action") (the "Class Representatives" and together with Transform, the "Parties"), on behalf of themselves and the classes they represent, by and through their respective undersigned counsel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

WHEREAS, on February 8, 2019, the Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), attaching the approved asset purchase agreement as Exhibit B thereto [Docket No. 2507-1] (as may be amended, restated or amended and restated from time to time, the "APA") approving the sale of substantially all of the assets of Sears Holding Corporation and its affiliated debtors (together, the "Debtors") to Transform as set forth in the APA and the Sale Order;

WHEREAS, on December 13, 2019, the Class Representatives filed the *Class Representatives' Motion for Relief from the Automatic Stay* [Docket No. 6212] (the "Motion"), seeking an order in order to proceed against Transform Holdco LLC in the prosecution of their claims in the Class Action;

WHEREAS, on January 21, 2020, Transform objected to the Class Representatives' Motion by filing *Transform Holdco LLC's Objection to the Class Representatives' Motion for Relief from Automatic Stay* [Docket No. 6366] (together with the exhibits and declarations filed in connection therewith the "Objection");

WHEREAS, on February 20, 2020, the Court so-ordered that certain *Stipulation and Pre-Trial Scheduling Order Between Transform and Greene Class Action Plaintiffs* [Docket

No. 7313] (the "Initial Scheduling Stipulation") setting a schedule for discovery and briefing and a hearing on the Motion;

WHEREAS, the Parties engaged in limited document discovery consistent with the Initial Scheduling Stipulation, which was completed on February 27, 2020;

WHEREAS, in light of developments with respect to the COVID-19 pandemic, on March 12, 2020, the Parties agreed to adjourn the depositions contemplated under the Initial Scheduling Stipulation *sine die* and to meet and confer with respect to a revised schedule;

WHEREAS, on March 27, 2020, the Court so-ordered that certain *Amended Stipulation and Pre-Trial Scheduling Order Between Transform and Greene Class Action Plaintiffs* [Docket No. 7522] (the "Amended Scheduling Stipulation") adjourning all deadlines and dates set forth in the Initial Scheduling Stipulation *sine die*;

WHEREAS, on March 2, 2021, the Court so-ordered that certain *Second Amended Stipulation and Pre-Trial Scheduling Order Between Transform and Greene Class Action Plaintiffs* [Docket No. 9331] (the "Second Amended Scheduling Stipulation") setting a schedule for discovery and briefing and a hearing on the Motion; and

WHEREAS, the Parties have agreed to reschedule remaining discovery, briefing, and a hearing on the Motion on the terms and conditions set forth herein;

**NOW THEREFORE**, based upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby Stipulated and Agreed, and upon Court approval it shall be ordered, as follows:

1. At a date and time to be mutually agreed, Transform agrees to produce Kunal S. Kamlani for a half-day deposition to be conducted remotely. While Robert A. Riecker is no longer under Transform's control, at a date and time to be mutually agreed, Mr. Riecker has agreed to appear voluntarily for a half-day deposition to be conducted remotely to the extent required.

2. The Parties jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned matter:

    a. All such depositions shall use videoconference technology; the deponents shall be recorded by video and all statements on the record shall be recorded by audio and stenographic means.

    b. The Parties agree that the employees of any provider of court reporting, videoconference, and/or remote deposition services ("Vendor") may attend the deposition in order to video-record and transcribe the deposition and to troubleshoot any technological issues that may arise.

    c. The Parties agree that the record of these video-recorded depositions or designations thereof may be used at any hearing on the Motion to the same extent that an in-person deposition may be used at any hearing on the Motion, and the Parties agree not to object to the use of these video recordings or deposition transcripts on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony.

    d. The deponent, court reporter, counsel for the Parties, and counsel for the deponent, if different from counsel for Transform, will each participate in the videoconference deposition remotely and separately. The deponent, examining attorney, and defending attorney participating in such a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. Other counsel participating in such a deposition may mute their microphones when not speaking on the record, and they should each strive to ensure their environment is free from noise and distractions when not muted.

    e. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

    f. The remote deposition shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides or is located during the deposition. The Parties also shall not challenge the admissibility of any deposition testimony obtained pursuant to this Third Amended Stipulation on the basis that the oath was not properly administered.

g. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. Vendor will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript. The Parties agree that the video recording shall not be used to challenge the written transcript.

h. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

i. Class Representatives shall be responsible for procuring a written transcript and video record of the remote deposition.

j. Class Representatives shall provide Vendor with a copy of this Third Amended Stipulation at least 24 hours in advance of the deposition.

k. The Parties agree to work collaboratively and in good faith with Vendor to assess each deponent's technological abilities and to troubleshoot any issues at least 24 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

l. Each deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition.

m. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connections, will not result in waiver of objections by any party.

n. The Parties agree that any of the following method for administering exhibits will be employed during a remote deposition:

   i. Class Representatives will mail or send by courier physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. Class Representatives shall so inform the deponent's counsel, the other Party's counsel, and the court

5

        reporter prior to mailing the documents and shall provide tracking information for the package. Class Representatives shall take reasonable efforts to ensure that such documents are delivered by 12:00 p.m. EST the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Class Representatives. Every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

        ii.    The Parties agree not to share documents using any Zoom platform chat function provided by Vendor.

    o.    Consistent with the Stipulated Protective Order entered in the above-captioned action (ECF No. 1084), all deponents receiving documents before or during a deposition, pursuant to Paragraph 2(n)(i) or 2(n)(ii) above, shall delete, destroy, or return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

3.    Unless otherwise directed by the Court, the Parties shall appear for a final pretrial conference at the omnibus hearing scheduled for March 23, 2021 at 10:00 am ET pursuant to that certain *Seventh Notice of Establishment of Omnibus Hearing Dates Pursuant to Amended Case Management Order Implementing Certain Notice and Case Management Procedures* [Docket No. 9216].

4.    Unless otherwise directed by the Court, the Parties shall exchange proposed pre-marked hearing exhibits and any deposition designations by no later than April 23, 2021, and shall exchange any counter-designations by no later than April 30, 2021.

5.    In advance of the hearing on the Motion, and subsequent to exchanging pre-marked exhibits, the parties shall meet and confer, and use their best efforts to agree on a joint exhibit book, and identify any exhibits whose admissibility is not agreed.

6. On or before May 7, 2021, at 4:00 p.m. ET, the Parties shall submit to the Court (a) declarations under penalty of perjury as the direct testimony of witnesses under their control, who shall then be present at trial for cross-examination and redirect, and (b) either the joint exhibit book referred to in paragraph 4 hereof, or separate exhibit books if there are disputes as to the admissibility of evidence, which shall include any deposition designations and counter-designations, as applicable.

7. To the extent any disagreements as to the admissibility of any documents are not resolved during the meet and confer referred to in paragraph 5 hereof, motions *in limine* with respect to proposed evidence whose exclusion will materially affect the conduct of the trial must be filed by no later than 4:00 p.m. ET on May 7, 2021, with responses no later than 4:00 p.m. ET on May 12, 2021.

8. On or before May 7, 2021, at 4:00 p.m. ET, each Party may submit a reply brief, not to exceed ten (10) pages in length.

9. An evidentiary hearing on the Motion shall commence at 2:00 p.m. ET on Friday, May 14, 2021, or such other time as shall be set by the Bankruptcy Court.

10. The above schedule may be modified only pursuant to an agreement of the Parties (which may be confirmed by email) or by the Bankruptcy Court for good cause shown.

11. This Third Amended Stipulation may be executed in one or more counterparts, including facsimile or electronic counterparts, all of which together shall constitute one and the same instrument.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Third Amended Stipulation has been executed and delivered as of the date first above written.

| | |
|---|---|
| Dated: April 12, 2021 | Dated: April 12, 2021 |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | KAUFMAN COREN & RESS PC |
| By: /s/ *Luke A. Barefoot* <br>   Luke A. Barefoot <br>   Sean A. O'Neal | By: /s/ *Janice I. Daul* <br>   Benjamin M. Mather (admitted pro hac vice) <br>   Janice I. Daul (admitted pro hac vice) |
| *Attorneys for Transform Holdco LLC and affiliates* <br> One Liberty Plaza <br> New York, NY 10006 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 | *Attorneys for Class Representatives* <br> 2001 Market Street, Suite 3900 <br> Two Commerce Square <br> Philadelphia, PA 19103 <br> Telephone: (215) 735-8700 <br> Facsimile: (215) 735-5170 |

**SO ORDERED**

Dated: April 12, 2021      /s/ *Robert D. Drain*
   White Plains, New York      THE HONORABLE ROBERT D. DRAIN
                                                   UNITED STATES BANKRUPTCY JUDGE