**Hearing Date and Time: May 25, 2021 at 4:00 p.m. (Eastern Time)**
**Response Deadline: May 3, 2021 at 10:00 a.m. (Eastern Time)**

---

**THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY OR DISALLOW, IN FULL OR IN PART, FILED PROOFS OF CLAIM AND/OR BALLOTS SUBMITTED IN CONNECTION WITH THE ADMINISTRATIVE CLAIMS CONSENT PROGRAM AS GENERAL UNSECURED CLAIMS. PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MICHAEL T. BUSCHMANN, ESQ., AT (212) 310-8016.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
```
| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
```
-------------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

### NOTICE OF HEARING ON DEBTORS' TWENTY-SEVENTH OMNIBUS
### OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

**PLEASE TAKE NOTICE** that, on April 12, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reclassify in its entirety one or more proofs of claim listed on **Exhibit A** annexed to this Notice (the "**Asserted Priority Claims**" or "**Claims**") and/or disallow amounts asserted in ballots in connection with the Court-approved Administrative Expense Claims Consent Program, on the ground(s) that such Claim(s) does not satisfy the requirements for administrative expense priority under section 503(b) of the Bankruptcy Code and/or disallow such Claims as barred by this Court's Bar Date Order.[2]

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed to this Notice as **Exhibit B**, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the reclassification of a Proof of Claim without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the reclassification of its applicable Claim(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the reclassification of its applicable Claim(s), then Claimant MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **May 3, 2021, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be reclassified or disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim; and (vi) the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370)

name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received.  A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D.  Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **May 25, 2021, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**").  If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT reclassify the Claims listed on **Exhibit A**, the Debtors retain the right to object on other grounds to the Claim(s) (or to any other Claim(s) Claimant may have filed) at a later date.  Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears. **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated:  April 12, 2021
       New York, New York

                                       */s/ Garrett A. Fail*
                                       Ray C. Schrock, P.C.
                                       Jacqueline Marcus
                                       Garrett A. Fail
                                       Sunny Singh
                                       WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York  10153
                                     Telephone:  (212) 310-8000
                                     Facsimile:  (212) 310-8007

                                     *Attorneys for Debtors*
                                     *and Debtors in Possession*

## Exhibit A

**Schedule**

**Debtors' Twenty-Seventh Omnibus Objection to Claims**
**Exhibit 1 - Reclassified Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | | | |
|---|---|---|---|---|---|---|
|  | | | **Schedule of Claims to be Reclassified to General Unsecured Claim** | | | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Asserted Ballot Amount | Amount Reclassified to General Unsecured Claim | Reason for Proposed Disallowance |
| 1. | BARCHARTS PUBLISHING INC | 182353801016881 | N/A | $6,094.31 | $6,094.31 | The Claim does not relate to goods received "by the Debtors." |
| 2. | Big & Tall of OC | 182353801016989 | N/A | $15,821.49 | $15,821.49 | The Claim does not relate to goods received "by the Debtors." |
| 3. | EGEMS INC | 182353801015894 | 1736 | $2,283.20 | $2,283.20 | The Claim does not relate to goods received "by the Debtors." |
| 4. | FORMAL DRESS SHOPS INC | 182353801015512 | N/A | $7,422.21 | $7,422.21 | The Claim does not relate to goods received "by the Debtors." |
| 5. | K K MUSIC STORE | 182353801014980 | N/A | $4,213.07 | $4,213.07 | The Claim does not relate to goods received "by the Debtors" |
| 6. | OpticsPlanet, Inc. | 182353801040560 | 5252 | $15,591.88 | $15,591.88 | The Claim does not relate to goods received "by the Debtors" |
| 7. | REGAL HOME COLLECTIONS INC | 182353801018582 | 2172 | $31,773.58 | $31,773.58 | The Claim does not relate to goods received "by the Debtors." |

## Exhibit B

## Claims Hearing Procedures

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

Claims Hearing Procedures

1.    Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (None); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.    The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

1.    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

2.    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

---

[2]  Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

8.    **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.[1]** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

## DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO
## PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

> **THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY OR DISALLOW, IN FULL OR IN PART, CERTAIN PORTIONS OF FILED PROOFS OF CLAIM AND/OR BALLOTS SUBMITTED IN CONNECTION WITH THE ADMINISTRATIVE CLAIMS CONSENT PROGRAM AS GENERAL UNSECURED CLAIMS. CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**
>
> **IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DEBTORS' COUNSEL, MICHAEL T. BUSCHMANN, ESQ., AT (212) 310-8016.**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

### Relief Requested

1.    The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order, substantially in the form annexed to the Objection as **Exhibit B** (the "**Proposed Order**"), reclassifying portions of ballots submitted by Non-Settled Administrative Expense Claims[2] holders alleging administrative expense priority claims (the "**Asserted Ballot Claims**") and, to the extent applicable and necessary, their related proofs of claim asserting administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code (the "**Asserted Priority Claims**" and, together with the Asserted Ballot Claims, the "**Disputed Claims**"), as listed on **Exhibit A** annexed hereto, as General Unsecured Claims.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**") or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5139)) (the "**Plan**"), as applicable.

2

The Asserted Priority Claims do not satisfy the requirements for administrative expense priority under section 503(b)(9) of the Bankruptcy Code because, among other things, the claimants submitted proofs of claim relating to sale of goods on the Sears Marketplace (as defined below), which the Debtors never "received." The Debtors, have successfully objected to these Marketplace Vendors (as defined below) two prior times in the Debtors' second[3] and thirteenth[4] omnibus objections, and at this time seek the relief requested herein to maintain consistent treatment of Marketplace Vendors as they reconcile the final ballots (and related proofs of claim) submitted in connection with the Administrative Expense Claims Consent Program.

2.    The Debtors preserve their rights to later object to any Asserted Priority Claims or Asserted Ballot Claims as to which the Bankruptcy Court does not grant the relief requested herein on any other basis. This Objection does not constitute an admission or acknowledgement by the Debtors that any of the Asserted Priority Claims or Asserted Ballot Claims should be allowed.

3.    Pursuant to Paragraph 7(iv) of the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"), this Objection will be set for a Sufficiency Hearing (as defined in the Claims Procedures Order), and no discovery shall be permitted prior to the conclusion of the Sufficiency Hearing.

---

[3] *See Debtors' Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claim)* (ECF No. 4776).

[4] *See Debtors' Thirteenth Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 7302).

## Background

4.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

6.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

8.      On October 15, 2019, this Court entered the Confirmation Order, which confirmed the Plan.

9.      Additional information regarding the Debtors' business, capital structure, and the Plan is set forth in the *Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4478).

## Jurisdiction

10.      This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Sears Marketplace

11.      Prior to the Commencement Date, the Debtors operated a website ("**Sears Marketplace**") through which vendors who entered into an agreement with the Debtors (the "**Marketplace Vendors**") could market their goods for sale directly to customers (the "**Dropshipped Goods**").   The Debtors processed payments from customers on the Sears Marketplace and then remitted such payments, less any commissions and fees owed to the Debtors, to the Marketplace Vendor.  Marketplace Vendors were responsible for their own goods and sales efforts, setting their own prices, obtaining their own licenses and permits, and, importantly, all aspects of shipping their own merchandise to their customers.

12.      Title to and risk of loss to the Dropshipped Goods remained with the Marketplace Vendors until they were delivered directly to the customers.  The Debtors did not have title to and would not be deemed the legal owner of any goods sold by Marketplace Vendors on the Sears Marketplace.  Consistent with retaining the risk of loss, the Marketplace Vendors were responsible for any delivery errors in the course of delivering the Dropshipped Goods to the customers.

13.      Additional information regarding the Sears Marketplace and the relationship between Debtors and Marketplace Vendors can be found in *Debtors' Omnibus Reply in Support of Debtors' Second Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* (ECF No. 7829), which the Debtors incorporate herein by reference.

## Objection

### Section 503(b)(9) of the Bankruptcy Code Must be Interpreted Narrowly

14.      Each of the Marketplace Vendors asserts an entitlement to administrative expense claim under section 503(b)(9) of the Bankruptcy Code.  Section 503(b) of the Bankruptcy Code provides, in pertinent part, that:

> (b)    After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

15.      Statutory priorities under the Bankruptcy Code are to be construed and awarded narrowly and consistent with the intent of the Bankruptcy Code.  Bankruptcy courts across the country, including this Court, regularly overlay, and rely on, this important principle of statutory construction in interpreting section 503 of the Bankruptcy Code and claimants' rights to an administrative expense claim.  *See, e.g.*, *Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 669 (2006) (noting the longstanding principle that administrative claims "must be tightly construed" to accomplish the Bankruptcy Code's objective of equal distribution to creditors); *In re Bayou Grp., LLC*, 431 B.R. 549, 558 (Bankr. S.D.N.Y. 2010) (emphasizing "the general rule that priorities must be narrowly construed in light of the presumption in

bankruptcy cases that the debtor's limited resources will be equally distributed among all unsecured creditors"); *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 479 (Bankr. S.D.N.Y. 2006) ("Because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed.") (quoting *Tr. of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 100 (2d Cir. 1986)).

16.    A claimant asserting administrative expense priority bears the burden of establishing their entitlement to such priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

**Claims for the Dropshipped Goods are Not Entitled to Priority Under Section 503(b)(9)**

17.    Bankruptcy courts in many districts, including those in this Circuit, have universally determined that claims of "drop ship" vendors, like the Marketplace Vendors, are not entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code because the debtors never receive goods that are drop shipped directly to customers. *See In re OW Bunker Holding North America Inc.*, 607 B.R. 32, 43-44 (Bankr. D. Conn. 2019); *In re SRC Liquidation, LLC*, 573 B.R 537, 542 (Bankr. D. Del. 2017); *In re ADI Liquidation, Inc.*, 572 B.R. 543 (Bankr. D. Del. 2017); *In re Momenta, Inc.*, 455 B.R. 353 (Bankr. D. N.H. 2011).  Drop shipment refers to a method of delivery of goods in which a vendor delivers goods directly to a customer without any physical or constructive possession by a debtor or its bailees.  *See, e.g., In re Momenta, Inc.*, 455 B.R. at 364-65.

7

18.     Under any conceivable interpretation of the term "received," the Debtors have not physically or constructively received the drop shipped goods from the Marketplace Vendors because the Debtors never constructively or physically received the goods delivered by the Marketplace Vendors. *See ADI Liquidation*, 572 B.R. at 549; *In re World Imports*, 516 B.R. 296, 300 (Bankr. E.D. Penn. 2014); *In re Momenta, Inc.*, 455 B.R. at 364-65.

19.     The Sears Marketplace here is similar to the arrangement analyzed in *In re ADI Liquidation, Inc.* which the court found insufficient to establish a 503(b)(9) claim. *See* 572 B.R. at 550. In *In re ADI Liquidation, Inc.*, the customers, not the company, ordered directly from the vendors. *Id.* The court noted that this arrangement "more strongly supports denial of an administrative priority claim under section 503(b)(9)" than drop ship scenarios where the debtor placed orders with the vendors for delivery to customers. *Id.* The Sears Marketplace falls most in line with arrangement referenced in *In re ADI Liquidation, Inc.*, as customers placed orders directly with the Marketplace Vendors, which "more strongly supports" a denial of administrative priority status for the Marketplace Vendors here. *Id.*

20.     As this court has noted previously, the issue at the core of the Sears Marketplace is "whether [goods] were physically delivered to Sears or [and agent of Sears]." *In re Sears Holding Corporation*, Case No. 18-23538, Hr'g. Tr. at 76:1-3 (RDD) (Bankr. S.D.N.Y. April 23, 2020). As has been shown above, the Marketplace Vendors never physically delivered good to Sears, or any Agents of Sears, and as such all claims or ballots alleging administrative expense claims for the Marketplace Vendors should be reclassified to General Unsecured Claims.

## Notice

21.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management*

*Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

22.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: April 12, 2021
        New York, New York

                                        */s/ Garrett A. Fail*
                                        Ray C. Schrock, P.C.
                                        Jacqueline Marcus
                                        Garrett A. Fail
                                        Sunny Singh
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007

                                        *Attorneys for Debtors*
                                        *and Debtors in Possession*

**Exhibit A**

**Schedule**

**Debtors' Twenty-Seventh Omnibus Objection to Claims**
**Exhibit 1 - Reclassified Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | | | |
|---|---|---|---|---|---|---|
| | **Schedule of Claims to be Reclassified to General Unsecured Claim** | | | | | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Asserted Ballot Amount | Amount Reclassified to General Unsecured Claim | Reason for Proposed Disallowance |
| 1. | BARCHARTS PUBLISHING INC | 182353801016881 | N/A | $6,094.31 | $6,094.31 | The Claim does not relate to goods received "by the Debtors." |
| 2. | Big & Tall of OC | 182353801016989 | N/A | $15,821.49 | $15,821.49 | The Claim does not relate to goods received "by the Debtors." |
| 3. | EGEMS INC | 182353801015894 | 1736 | $2,283.20 | $2,283.20 | The Claim does not relate to goods received "by the Debtors." |
| 4. | FORMAL DRESS SHOPS INC | 182353801015512 | N/A | $7,422.21 | $7,422.21 | The Claim does not relate to goods received "by the Debtors." |
| 5. | K K MUSIC STORE | 182353801014980 | N/A | $4,213.07 | $4,213.07 | The Claim does not relate to goods received "by the Debtors" |
| 6. | OpticsPlanet, Inc. | 182353801040560 | 5252 | $15,591.88 | $15,591.88 | The Claim does not relate to goods received "by the Debtors" |
| 7. | REGAL HOME COLLECTIONS INC | 182353801018582 | 2172 | $31,773.58 | $31,773.58 | The Claim does not relate to goods received "by the Debtors." |

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

Upon the *Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassification or Disallow Claims)*, filed April 12, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Asserted Priority Claims,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and (ii) disallowing the Asserted Ballot Claims, all as more fully set forth in the Objection; and

the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein

in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of*

*Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the relief requested in the Objection having been provided, and it appearing that

no other or further notice need be provided in accordance with the Amended Case Management

Order; and such notice having been adequate and appropriate under the circumstances, and it

appearing that other or further notice need be provided; and the Bankruptcy Court having held a

hearing to consider the relief requested in the Objection on May 25, 2021 (the "**Hearing**"); and

upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court;

and the Bankruptcy Court having determined that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and

sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007,

each Asserted Priority Claim and/or Asserted Ballot Claim listed on **<u>Exhibit 1</u>** annexed to this

Order (collectively, the "**Disputed Claims**"") is reduced and/or reclassified, as the case may be,

to the amounts and/or priority set forth in **<u>Exhibit 1</u>** in the respective rows labeled "Amount

Reclassified to General Unsecured Claim."

3.      Each ballot that shows a claim being reclassified, in its entirety, to a General Unsecured Claim shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent Program, and no distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the ballot.

4.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

5.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.


Dated:    _____, 2021
             White Plains, New York


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Reclassified or Disallowed Claims**