Hearing Date and Time: May 25, 2021 at 10:00 a.m.
Responses Due: May 18, 2021 by 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| In re : | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------ x

**KOOLATRON CORPORATION'S MOTION TO COMPEL PAYMENT OF RESERVED FUNDS HELD PURSUANT TO THE ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM AND ANY ADDITIONAL AMOUNTS DUE AND OWING**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

**RELIEF REQUESTED**

Koolatron Corporation ("Koolatron")[1] has filed this Motion to obtain payment of $217,042.32 in reserved funds held pursuant to the Administrative Expense Claims Consent Program to partially satisfy Koolatron's Administrative Expense Claims and to obtain any additional amounts that may be due and owing pursuant to the Administrative Expense Claims Consent Program or the confirmed Plan.

**STATEMENT OF FACTS**

*Debtors' Objection to Koolatron's Administrative Expense Claims*

1.  Koolatron manufactures over 200 unique consumer products and is headquartered in Ontario, Canada. Koolatron maintained a business relationship with various Debtor Kmart and Sears entities for over 20 years. During this period, Koolatron and the Debtors entered into various written Agreements to have Koolatron supply Debtors with products.

---

[1] Koolatron Corporation is an affiliate of Kyko Global Inc.

1

2. Koolatron filed its proofs of claim against certain Debtors in the total amount of $1,023,874.88 of which $756,245.02 is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). [Claim Nos. 13934, 5372, 5381, 5398, 5401].

3. On November 16, 2019, Koolatron filed its ballots and affirmatively opted-in to the Administrative Expense Claims Consent Program. [E-Ballots last four numbers ending 4685, 4686, 9824, 0394].

4. The Debtors failed to seek a consensual resolution of the allowed amount of Koolatron's administrative expense claims within 30 days of Koolatron's opt-in date (or by December 16, 2019) as set forth in the Administrative Expense Claims Consent Program. [Doc. No. 5370, Pg. 27].

5. Instead, on February 18, 2020, Debtors filed their Thirteenth Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)("Objection") to try to avoid paying Koolatron's Administrative Expense Claims and convert them into general unsecured claims. [Doc. No. 7302].

6. The Objection sought a "Sufficiency Hearing" as described in the Claims Procedure Order. [Doc. No. 7302, Pg. 22]. Pursuant to the Claims Procedure Order, a "Sufficiency Hearing" is "a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012." [Doc. No. 3014, Pg. 6].

7. On March 9, 2020, Koolatron filed its Response In Opposition to Debtors' Objection. [Doc. No. 7408]. As set forth in Koolatron's Response, Debtors' Objection falsely asserts that Koolatron was a Marketplace Vendor that drop shipped goods directly to third-parties; this simply never occurred. Koolatron delivered non-consigned and consigned goods to

Debtors consistent with the parties' long-established business relationship as described in Koolatron's Response. [Doc. No. 7408, Pgs. 1-3].

8. Koolatron's Response further states that Debtors' Objection is also improper because the parties' factual dispute[2] could not be adjudicated in a Sufficiency Hearing; and that Debtors sought to try to avoid discovery and to try to avoid litigating their Objection in a "Merits Hearing."[3] [Doc. No. 7408, Pgs. 3-5].

*Debtors Avoid Conducting A Hearing Regarding Their Objection*

9. Debtors' Objection was originally noticed to be heard on March 25, 2020. [Doc. No. 7302].

10. Debtors then unilaterally reset the hearing to March 23, 2020. [Doc. No. 7379].

11. Debtors then unilaterally reset the hearing back to March 25, 2020. [Doc. No. 7459].

12. Due to the advent of the coronavirus in March 2020 (and hoping at that time conditions would improve shortly thereafter), Koolatron's counsel requested that the hearing be adjourned to allow him to appear in court to argue in support of Koolatron's position. Debtors' counsel agreed and the matter was adjourned to April 29, 2020. [Doc. No. 7497].

13. Debtors then unilaterally reset the hearing regarding their Objection to April 23, 2020. [Doc. No. 7515].

14. Debtors then unilaterally reset the hearing regarding their Objection to May 14, 2020. [Doc. No. 7831].

---

[2] Debtors' Objection failed to provide any supporting documentation or evidence in support of the allegations made against Koolatron, while Koolatron provided a Declaration in Support of its position.
[3] A "Merits Hearing" is "an evidentiary hearing on the merits of a Contested Claim." [Doc. No. 3014, Pg. 7].

15. Debtors then unilaterally reset the hearing regarding their Objection to June 17, 2020. [Doc. No. 7917].

16. Debtors then unilaterally reset the hearing regarding their Objection to July 15, 2020. [Doc. No. 8001].

17. Upon information and belief, Debtors then attempted to reset the hearing to a date in August 2020. However, this Court requested Debtors to reset the hearing to September 11, 2020 due to the Court's congested docket.

18. Debtors' Objection was then noticed to be heard on September 11, 2020 at 10:00 a.m. [Doc. No. 8279]. In setting this date, Debtors stated in pertinent part: "The Hearings may be rescheduled further by the Debtors on notice to the affected claimant(s) pursuant to the Claims Procedures Order."

19. On July 16, 2020, Koolatron filed an Objection to any further adjournments of the hearing of Debtors' Objection. [Doc. No. 8306]. As set forth therein, the Debtors, by routinely avoiding conducting a hearing regarding their Objection, wrongfully prevented Koolatron from receiving payment under the Administrative Expense Claims Consent Program as further discussed below.

***Debtors' Objection Precluded Koolatron From Receiving Payment Under The Administrative Expense Claims Consent Program***

20. The Administrative Expense Claims Consent Program states, in part, that claimants (like Koolatron) that affirmatively opt-in are eligible to receive payment under the Initial Distribution - which was to be disbursed on or about December 1, 2019 - if the claimant and Debtors consensually agreed to the amount of the claim. [Doc. No. 5370, Pg. 27]. As set forth above, the Debtors failed to seek a consensual resolution and instead filed their Objection. Accordingly, Koolatron was precluded from participating in the Initial Distribution.

21. The Administrative Expense Claims Consent Program also states, in part, that claimants are eligible to participate in the Second Distribution when certain conditions are met. [Doc. No. 5370, Pg. 28].[4]

22. On June 26, 2020, Debtors filed their Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program which announced Debtors' intent to make the Second Distribution to claimants ("Notice"). [Doc. No. 8062].

23. The Notice prominently states in bold: "no distributions will be made on Non Opt-Out Disputed Claims as part of the Second Distribution unless they are reconciled and allowed by the Debtors by July 13, 2020." [Doc. No. 8062, Pg. 3].

24. The Notice failed to provide for a *pro rata* distribution to Koolatron or to reserve funds to pay Koolatron pending the resolution of Debtors' Objection (which remained pending at that time). Accordingly, on June 29, 2020, Koolatron filed its Objection to the Notice. [Doc. No. 8065].

25. On July 14, 2020, Debtors filed their Amended Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program which announced Debtors intent to make the Second Distribution to claimants ("Amended Notice"). [Doc. No. 8293].

26. The Amended Notice indicated Debtors' intent to make the Second Distribution on or about August 5, 2020. Exhibit D lists Administrative Expense Claims, "(i) that have not been settled or allowed under the Administrative Expense Claims Consent Program or (ii) whose holders are recipients of potentially avoidable transfers (collectively, the '**Non Opt-Out**

---

[4] After the Initial Distribution and Second Distribution, the Administrative Expense Claims Consent Program discusses various other conditions that trigger additional disbursements to claimants.

**Disputed Claims**') and the amount of cash that will be reserved for such claims which represents a *pro rata* share of the Second Distribution." (emphasis included). [Doc. No. 8293, Pg. 3].

27.    As a result of Koolatron's Objection to the original Notice, Debtors agreed to list Koolatron in Exhibit D of the Amended Notice. Exhibit D lists Koolatron's Administrative Expense Claim Amount as $756,245.02 and *pro rata* Estimated Reserve Amount as $217,042.32. [Doc. No. 8293, Pg. 64].

28.    On August 3, 2020, Debtors filed their Final Notice Regarding Second Distribution Pursuant to Administrative Expense Claims Consent Program which announced Debtors intent to make the Second Distribution to claimants on or about August 5, 2020 ("Final Notice"). [Doc. No. 8350].

29.    The Final Notice states that Debtors filed the Amended Notice "to revise the schedules of Second Distribution Participants and provide a further window to a limited group of claim holders to reconcile and settle certain outstanding preference liabilities by July 31, 2020 and participate in the Second Distribution." [Doc. No. 8350, Pgs. 2-3]. The Final Notice also states, "[a]ll deadlines for reconciliation to participate in the Second Distribution have now passed." [Doc. No. 8350, Pg. 3].

30.    Like the Amended Notice, the Final Notice lists Koolatron's Administrative Expense Claim in Exhibit D in the amount of $756,245.02 and *pro rata* Estimated Reserve Amount as $217,042.32. [Doc. No. 8350, Pg. 60].

31.    Because Debtors' Objection remained pending as of August 5, 2020, Koolatron was precluded from receiving $217,042.32 from the Second Distribution.

*Debtors Subsequently Withdrew Their Objection After Koolatron Was Precluded From Receiving Payment Under The Administrative Expense Claims Consent Program*

32. Commencing on or about June 2, 2020, Debtors contacted Koolatron to ostensibly try to reconcile Koolatron's Administrative Expense Claims. The parties' communications are protected settlement discussions and, therefore, cannot be disclosed. In any event, the parties were unable to reconcile Koolatron's Administrative Expense Claims.

33. Debtors allowed their Objection to remain pending past August 5, 2020 - the disbursement date for the Second Distribution.

34. On September 8, 2020, Debtors then decided to withdraw their Objection. [Doc. No. 8426].

35. Debtors also filed a Preference Action against Koolatron. [Adv. P. No. 20-06073-rdd]. On October 22, 2020, the Preference Action was settled and the case was dismissed. [Adv. P. No. 20-06073-rdd, Doc. No. 7].

36. Given Debtors have withdrawn their Objection and the Preference Action has been settled, there is no basis for Debtors to continue to refuse to pay Koolatron's Administrative Expense Claims. Accordingly, Koolatron is entitled to immediately receive payment of $217,042.32 from the Estimated Reserve in partial satisfaction of its Administrative Expense Claims and to receive any other additional amounts due and owing under the Administrative Expense Claims Consent Program or the confirmed Plan.

**JURISDICTION**

37. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334, and the Order Confirming Plan. [Doc. No. 5370, Pg. 6]. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408, 1409.

## ARGUMENT

38. There was no basis for Debtors to have filed their Objection at the outset.[5] And even after Koolatron filed its Response in Opposition on March 9, 2020 - which unequivocally informed Debtors that their Objection was improper - Debtors failed to immediately withdraw it.

39. Instead, Debtors unilaterally adjourned the Objection hearing 7 times which eventually led to a hearing date on September 11, 2020. Although the reason for the adjournments is unknown, Debtors appear to have allowed their Objection to remain pending to try to exert pressure on Koolatron to compromise or "reconcile" its claims in order to timely receive payment under the Second Distribution.

40. On September 8, 2020 - 7 months after filing the Objection, 1 month after the Second Distribution date, and 3 days before the Objection hearing - Debtors then finally decided to withdraw their Objection.

41. Debtors' improper Objection, multiple unilateral hearing adjournments, and delayed withdrawal of their Objection wrongfully prevented Koolatron from receiving payment under the Second Distribution (or Initial Distribution).

42. Bankruptcy Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." "A claim or interest, proof of which is filed under section 501 of this title, **is deemed allowed**, **unless a party in interest ... objects**." 11 U.S.C. § 502(a)(emphasis added).

43. The Debtors have withdrawn their Objection. Accordingly, Koolatron's Administrative Expense Claims are deemed Allowed. *See In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993)("A proof of claim is the creditor's statement as to the amount and character of

---

[5] Kooltatron reserves the right to seek fees and costs for having to respond to the Objection and nothing herein shall be deemed a waiver of the same.

8

the claim ... 'In short, a proper claim timely filed stands, absent objection.'")(citation omitted); *In re King*, 305 B.R. 152, 165 (Bankr. S.D. N.Y. 2004)("Pursuant to 11 U.S.C. § 502(a), a properly filed proof of claim is deemed allowed unless a party in interest objects ... such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case")(citation omitted).

44.    Because Koolatron's Administrative Expense Claims are deemed Allowed, and Debtors and Koolatron having resolved the Preference Action, there is no basis for Debtors to continue to refuse to pay Koolatron's Administrative Expense Claims. Accordingly, Koolatron is entitled to immediately receive payment of $217,042.32 from the Estimated Reserve in partial satisfaction of its Administrative Expense Claims and to receive any other additional amounts due and owing under the Administrative Expense Claims Consent Program or the confirmed Plan.[6]

## CONCLUSION

For the reasons set forth above, this Court should enter the Order attached as **Exhibit A** that requires Debtors to pay Koolatron $217,042.32 from the Estimated Reserve in partial satisfaction of its Administrative Expense Claims and any other additional amounts due and owing under the Administrative Expense Claims Consent Program or the confirmed Plan.

Respectfully submitted,

*/s/* Jayson M. Macyda
(admitted *pro hac vice* for Koolatron Corporation)
Kyko Global, Inc. and Affiliates
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

---

[6] Koolatron reserves all rights to assert additional/different factual and legal arguments in support of its Section 503(b)(9) Proofs of Claim and nothing herein shall be deemed a waiver of same.