## **EXHIBIT E**

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

THOMAS J. MOLONEY
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
HOWARD S. ZELBO
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE

CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212-225-2416
soneal@cgsh.com

CONFIDENTIAL

February 1, 2021

VIA E-MAIL

Jennifer Brooks Crozier
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Re:  <u>In re Sears Holdings Corporation</u> (Bankr. S.D.N.Y.) (18-23538-rdd)

Dear Jennifer,

We write in response to your letter dated January 25, 2021 (the "**Letter**") regarding your demand from Transform Holdco LLC ("**Transform**") for the transfer of cash held as of the Closing Date[1] in bank accounts (the "**Subsidiary Bank Accounts**") owned by Sears Sourcing India Private Limited, Sears IT and Management Services India Private Limited, Sears Global Technologies India Private Limited (the "**Indian Subsidiaries**"), Sears Holdings Global Sourcing Limited, International Sourcing & Logistics Limited, Quality Assurance Laboratory Limited (the "**Hong Kong Subsidiaries**," and together with the Indian Subsidiaries, the "**Foreign Subsidiaries**"), SRC Facilities LLC, SRC O.P. LLC, and SRC Real Estate, (TX) LLC (the "**Sparrow Subsidiaries**," and together with the Foreign Subsidiaries, the "**Subsidiaries**").  This

---

[1]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in that certain Asset Purchase Agreement, dated as of January 17, 2019 (as may be amended, restated, or amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement dated February 11, 2019 (Docket No. 2456), and Amendment No. 2 to the Asset Purchase Agreement dated May 15, 2019 (Docket No. 3880), by the parties thereto) by and between Sears Holdings Corporation and certain of its subsidiaries and Transform Holdco LLC (the "**APA**").

demand for cash nearly two years after the closing of the APA sale is frivolous. The Debtors are not entitled to turnover under the APA.

*First*, the APA limits the definition of "Excluded Assets" to the "right, title or interest of Sellers" in those assets. APA § 2.2. The Subsidiaries are not parties to the APA and therefore are not "Sellers." APA, Preamble (defining "Sears Holdings Corporation, a Delaware corporation ('SHC' or the 'Seller' and together with of its Subsidiaries party hereto, the 'Sellers'").). Thus, cash in the Subsidiary Bank Accounts cannot be an "Excluded Asset" under the APA. Your argument fails on this basis alone.

*Second*, under Section 2.13(a) of the APA, Transform opted to acquire "all of the equity interests" in the Indian and Hong Kong subsidiaries, together with all of the assets (including the cash in the foreign Subsidiary Bank Accounts) and liabilities held by such entities. When acquiring the Indian and Hong Kong subsidiaries, Transform acquired "all right, title and interest of each of the Foreign Subsidiaries . . . **and** any other assets of the type that would have been Acquired Assets had they been owned by the Sellers as of the Closing Date." APA § 2.13(a). These "Acquired Foreign Assets" are defined under Section 2.1(dd) of the APA as "Acquired Assets" that Transform acquired "free and clear of any and Encumbrances of any kind." APA § 2.1. Similarly, the "Acquired Assets" under the APA include all equity interests of the Sparrow Subsidiaries. APA § 2.1(s). As enumerated Acquired Assets, the Subsidiary Bank Accounts are carved out of the definition of "Excluded Assets." APA § 2.1 (defining "Acquired Assets" as "all assets, properties and rights Related to the Business other than the Excluded Assets, **and** the following assets, properties and rights") (emphasis added).

*Third*, the Debtors' twisted argument would lead to the nonsensical and uncommercial conclusion that Transform acquired the non-Debtor subsidiaries shorn of all cash, claims, contracts, leases and other assets. In other words, under the Debtors' argument, Transform acquired shell companies with no assets—an interpretation that would render the Acquired Foreign Assets provisions meaningless. The Debtors' proffered (and incorrect) reading of the APA would radically restructure the deal in contradiction of the plain language of the contract, the Parties' intent, and two years of the Parties' performance.

*Fourth*, by waiting nearly two years to raise this matter for the first time, particularly after taking contrary positions, the Debtors are equitably estopped and barred by the doctrine of laches from asserting this demand for cash from the Subsidiary Bank Accounts. Under the APA, the Debtors had an obligation to "use reasonable best efforts to transfer such equity interests" in the foreign Subsidiaries to Transform. APA § 2.13(a). Notwithstanding this obligation, the Debtors have delayed the transfer of the Indian Subsidiaries for nearly two years. Recently, the Debtors renewed their commitment to do so after Transform agreed to pay the Indian Gains Tax and Indian Interest Amount as part of the Second APA Settlement Agreement. Second APA Settlement Agreement ¶ 3 (Docket No. 8445). It is truly outrageous that the Debtors would raise this issue now, only after Transform paid these taxes based on valuations provided by the Debtors that included the cash in the Indian Subsidiaries' bank accounts. Pursuant to the most recent settlement agreement, the Second APA Settlement Agreement, the Debtors agreed to transfer the Indian Subsidiaries 14 business days after receiving a $300,000 settlement payment. Transform made that payment on Friday, January 22, 2021, and the Debtors sent the Letter to

Transform the following Monday, January 25, 2021. Aside from obviously breaching the Second APA Settlement Agreement, the Debtors are acting in bad faith.

At no prior point over the last two years did the Debtors demand the cash in the Subsidiary Bank Accounts from Transform. These cash amounts were not included in the "administrative solvency" trackers filed with the Court in connection with the solicitation and confirmation of the Plan. *See, e.g.*, Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors, Exhibit C (Docket Nos. 4390, 4478). Nor were the cash amounts in the foreign Subsidiary Bank Accounts included in the sworn testimony of Brian Griffith filed with the Court in connection with the confirmation of the Plan. Decl. of Brian J. Griffith in Support of Confirmation of Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (Docket No. 5148). The Debtors' most recent status update for the Court (Docket No. 9249) filed on January 21, 2021—four days before sending the Letter—made no reference to this cash as being property of the estates, even though it purportedly listed all of the Debtors' estimated remaining asset recoveries. There is a plain and simple reason for this omission—the Subsidiary Bank Account are assets owned by the Foreign Subsidiaries, not the Debtors. Furthermore, the Debtors provided Transform with valuations of the Indian Subsidiaries that included this cash, and Transform paid the Indian Gains Tax based on assets that the Debtors now assert Transform does not own. Indeed, the Debtors asserted that the Share Purchase Agreements for the Indian Subsidiaries were in "final form" in November 2020 before claiming for the first time on January 27, 2021—two days after you sent the Letter—that these documents needed to be revised to accommodate their new position on cash in the Subsidiary Bank Accounts. Exhibit A attached hereto, Email from Joseph Godio to Charles Allen (Jan. 27, 2021). When the equity in the Hong Kong and Sparrow Subsidiaries was transferred to Transform in 2019, the Debtors did not seek to carve out the cash from those entities, and nothing in the transfer documentation did so. For nearly two years, Transform relied on the Debtors' representations to its detriment, and the Debtors are barred from raising this argument now based on their unreasonable delay in doing so.

For the reasons stated above, Transform has no obligation to transfer the cash held in the Subsidiary Bank Accounts. Under the most recent settlement agreement with Transform, the Debtors are obligated to transfer the equity in the Indian subsidiaries by February 11, 2021. *See* Letter Agreement by and between Sears Holdings Corporation and Transform Holdco LLC dated December 30, 2020. Transform reserves all of its rights and defenses, including the pursuit of attorneys' fees and other costs in connection with responding to the Debtors' baseless allegations.

Sincerely,

_____

Sean A. O'Neal

cc: Jared R. Friedmann
Jacqueline Marcus
Naomi Munz
Hayden Guthrie