WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
**SEARS HOLDINGS CORPORATION**, *et al.*,          :     Case No. 18-23538 (RDD)
                                                   :
                     Debtors.[1]                   :     (Jointly Administered)
------------------------------------------------------------x

## SUPPLEMENTAL CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS (PROPERTY TAX CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On September 18, 2020, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Twenty-Second Omnibus Objection to Proofs of Claim or Ballots (Property Tax Claims)* (ECF No. 8452) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for October 9, 2020, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. Prior to the Response Deadline, Debtors were contacted informally by Desoto County, Mississippi ("**Desoto County**") who requested an extension of the Response Deadline so that the claim could be resolved without the need for further court pleadings. After several adjournments, Desoto County filed the *Response of Desoto County, Mississippi to Debtors' Twenty-Second Omnibus Objection to Proofs of Claim (Property Tax Claims)* (ECF No. 9295) (the "**Response**").

4. On March 27, 2021, Desoto County filed a withdrawal of their Response, noting that the issues raised in the Response have been consensually resolved. *See Notice of*

2

*Withdrawal of Response of Desoto County, Mississippi to Debtors' Twenty-Second Omnibus Objection to Proofs of Claim (Property Tax Claims)* (ECF No. 9374).

5. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** attached to the supplemental proposed order granting the relief requested in the Omnibus Objection (the "**Supplemental Proposed Order**") a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings, that have not subsequently been withdrawn, have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

6. Accordingly, the Debtors respectfully request that the Supplemental Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: April 26, 2021
New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Supplemental Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                  :         Chapter 11
                                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,      :         Case No. 18-23538 (RDD)
                                                                            :
                                          Debtors.[1]            :         (Jointly Administered)
------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM (PROPERTY TAX CLAIMS)

Upon the *Debtors' Twenty-Second Omnibus Objection to Proofs of Claim (Property Tax Claims)*, filed September 18, 2020 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and the Claims Procedures Order for an order (i) disallowing and expunging the Property Tax Claims, and (ii) granting related relief, all as more fully set forth in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; ; and due and proper notice of the relief requested in the Objection and the opportunity for a hearing thereon having been provided, including in accordance with the Amended Case Management Order; and there being no objections to the relief granted herein that have not been withdrawn; and it appearing that no other or further notice of the Objection or a hearing thereon is required; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein, in that the Objection overcame any presumption of the validity of the claims addressed by this Order and the respective claimants have not sustained their burden of proof; and the relief sought in the Objection and granted herein being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Disputed Property Tax Claims listed on **Exhibit 1** annexed to this Order is disallowed and expunged in its entirety, and each such Disputed Property Tax Claim shall be deleted from the claims register.

3. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any,

2

associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed Property Tax Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

4. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any Property Tax Claim referenced or identified in the Objection that is not listed on **Exhibit 1**.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
       White Plains, New York

                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Disputed Property Tax Claim

**Debtors' Twenty Second Omnibus Objection to Claims**  
**Exhibit 1 to Supplemental CNO - Disputed Property Tax Claims**

**In re: Sears Holdings Corporation, et al.**  
**Case No. 18-23538 (RDD)**

| Ref # | Name of Claimant | Proof of Claim No. to be Disallowed and Expunged | Asserted Debtor | Asserted 503(b)(9) Administrative Priority Claim Amount | Asserted Administrative Priority Claim Amount | Asserted Secured Claim Amount | Asserted Priority Claim Amount | Asserted General Unsecured Claim Amount | Asserted Total Claim Amount | Debtors' Estimated Allowed Amount | Reason for Proposed Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Schedule of Satisfied Claims to be Disallowed and Expunged | | | | | | | |
| 3. | DESOTO COUNTY, MISSISSIPPI | 19770 | Sears, Roebuck and Co. | - | - | - | $545,014.50 | - | $545,014.50 | $0.00 | Claim is not adequately supported |